KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000
Fax. (212) 836-8689

*Counsel to Phillip Morris Capital Corporation
and its affiliates General Foods Credit Investors
No. 2 Corporation, General Foods Credit
Investors No. 3 Corporation, General Foods
Credit Corporation and HNB Investment Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| MOTORS LIQUIDATION COMPANY, f/k/a | : Case No. 09-50026(REG) |
| General Motors Corporation, | : |
| | : (Jointly Administered) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF WITHDRAWAL OF PROOFS OF CLAIM NOS. 50593, 50595, 50596, 50597, 50598, 50599 FILED BY GENERAL FOODS CREDIT INVESTORS NO. 2 CORPORATION, PROOFS OF CLAIM NOS. 50589 and 50590 FILED BY GENERAL FOODS CREDIT INVESTORS NO. 3 CORPORATION, PROOFS OF CLAIM NOS. 50591 and 50592 FILED BY HNB INVESTMENT CORP, AND PROOFS OF CLAIM NOS. 50603 and 50604 FILED BY GENERAL FOODS CREDIT CORPORATION

PLEASE TAKE NOTICE that on November 25, 2009, General Foods Credit Investors

No. 2 Corporation filed Proofs of Claim Numbers 50593, 50594, 50595, 50596, 50597, 50598,

50599 and 50600; General Foods Credit Investors No. 3 Corporation filed Proofs of Claim

Numbers 50589 and 50590; HNB Investment Corp. filed Proofs of Claim Numbers 50591 and

50592; and General Foods Credit Corporation filed Proofs of Claim Numbers 50603 and 50604

(the "Claimants"); in the bankruptcy case of *In re Motors Liquidation Company, f/k/a General

Motors Corporation*, Case No. 09-50026.

31952308.DOCX

PLEASE TAKE FURTHER NOTICE that Claimants hereby withdraw Proofs of Claim

Numbers 50589, 50590, 50591, 50592, 50593, 50595, 50596, 50597, 50598, 50599, 50603 and

50604, true copies of which are annexed hereto.

Dated: New York, New York
      April 9, 2010

                               KAYE SCHOLER LLP

                               By: */s/Richard G. Smolev*
                                   Richard G. Smolev
                                   425 Park Avenue
                                   New York, New York  10022
                                   (212) 836-8000

                               *Phillip Morris Capital Corporation and its*
                               *affiliates, General Foods Credit Investors*
                               *No. 2 Corporation, General Foods Credit*
                               *Investors No. 3 Corporation, General Foods*
                               *Credit Corporation and HNB Investment*
                               *Corp.*

CLAIM #50593

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  **Case No** 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )  09-13558 (REG)

**Your Claim is Scheduled As Follows**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

☐ Check this box to indicate that this claim amends a previously filed claim

*[circular stamp:]* THE GARDEN CITY GROUP, INC  NOV 2 5 2009

**Name and address where notices should be sent**

FILED - 50593
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS COMPANY
SDNY # 09-50026 (REG)

KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022
ATTN  RICHARD G  SMOLEV, ESQ

Court Claim Number _____
*(if known)*

Telephone number 212-836-8012
Email Address  rsmolev@kayescholer com

Filed on _____

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**Name and address where payment should be sent** (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1. Amount of Claim as of Date Case Filed, June 1, 2009**  $ 146,343,391.06

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim**  SEE ATTACHMENT
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor.** _____

**3a.** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4. Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe.

**Value of Property** $_____  **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any** $_____

**Basis for perfection.** _____

**Amount of Secured Claim** $_____  **Amount Unsecured.** $_____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**6  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (*See instruction 7 and definition of  redacted ' on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**FOR COURT USE ONLY**

**Date:** 11/24/09

**Signature**  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*[signature]*  ALEX RUSSO, VICE PRESIDENT

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(SLV 2001 A-1)

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Lease Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii) certain other agreements delivered in connection with the GM 2001A-1 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction") as set forth below.

### The Leveraged Lease Transaction

1.  The Owner Participant is asserting claims on behalf of the Owner Trustee and Indenture Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate amount of Owner Participant's claims exceeds $146,343,391.06, as set out below.

2.  Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an

31911218.DOC

Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3. Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4. Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.

### Liquidated Damages Claim

5. Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $146,343,391.06, plus Make-Whole Premium, if any. Make-Whole Premium cannot be determined at this time. In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement. The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee and the Indenture Trustee as security assignee of the Lease. Such claims constitute part of the collateral for the repayment of the Equipment Notes. The Owner Participant simultaneously is filing claims

pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

### Total Claim Amount

6. As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $146,343,391.06, which amount is the Stipulated Loss Value claim.

### Miscellaneous

7. The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

8. No judgment has been rendered on the claims set forth in this Proof of Claim.

9. To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

10. This Proof of Claim is asserted as a general unsecured claim.

11. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

12. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

13. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto.   Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

14. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.  This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.  Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.   Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.   In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

15. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

16. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50595

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor (Check Only One) | Case No |
|---|---|

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )  13-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

Name and address where notices should be sent
KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022
ATTN  RICHARD G  SMOLEV, ESQ

FILED - 50595
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number 212-836-8012
Email Address  rsmolev@kayescholer com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (if known)

Filed on _____

Name and address where payment should be sent (if different from above)
PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

THE GARDEN CITY GROUP, INC
NOV 25 2009

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009·  $13,654,874.84

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim   SEE ATTACHMENT
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor· _____
3a  Debtor may have scheduled account as: _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other Describe

Value of Property. $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection. _____

Amount of Secured Claim  $_____  Amount Unsecured. $_____

6  Credits· The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any  portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

Amount entitled to priority.

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

FOR COURT USE ONLY

Date 11/24/09

Signature· The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

ALEX RUSSO , VICE PRESIDENT

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(SLV 2001 A-3)

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Lease Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii) certain other agreements delivered in connection with the GM 2001A-3 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction") as set forth below.

### The Leveraged Lease Transaction

1. The Owner Participant is asserting claims on behalf of the Owner Trustee and Indenture Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate amount of Owner Participant's claims exceeds $13,654,874.84, as set out below.

2. Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an

31910243.DOC

Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3. Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4. Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.

### Liquidated Damages Claim

5. Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $13,654,874.84, plus Make-Whole Premium, if any. Make-Whole Premium cannot be determined at this time. In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement. The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee and the Indenture Trustee as security assignee of the Lease. Such claims constitute part of the collateral for the repayment of the Equipment Notes. The Owner Participant simultaneously is filing claims

pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

### Total Claim Amount

6.  As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $13,654,874.84, which amount is the Stipulated Loss Value claim.

### Miscellaneous

7.  The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

8.  No judgment has been rendered on the claims set forth in this Proof of Claim.

9.  To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

10. This Proof of Claim is asserted as a general unsecured claim.

11. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

12. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

13. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

14. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents. This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee. Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever. In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

31910243.DOC                                    4

15. The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

16. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

17. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50596

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**            Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )    01-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

Name and address where notices should be sent    **FILED - 50596**
KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022
ATTN  RICHARD G  SMOLEV, ESQ

Telephone number 212-836-8012
Email Address  rsmolev@kayescholer com

**FILED - 50596
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203 708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**Your Claim is Scheduled As Follows**

[Stamp: THE GARDEN CITY GROUP, INC  NOV 25 2009]

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1  **Amount of Claim as of Date Case Filed, June 1, 2009**    $ 5,655,803.56

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  **Basis for Claim:**  SEE ATTACHMENT
(See instruction #2 on reverse side )

3  **Last four digits of any number by which creditor identifies debtor** _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection _____

Amount of Secured Claim  $_____    Amount Unsecured  $_____

6  **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  **Amount of Claim Entitled to Priority under 11 U S C § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)( 2 )

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date: 11/24/09

Signature: The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

[Signature]  Alex Russo, Vice President

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE TAX INDEMNITY AGREEMENT AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

**(TIA 2001 A-3)**

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Tax Indemnity Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "TIA"), (ii) a Participation Agreement dated as of December 18, 2001 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii) certain other agreements delivered in connection with the GM 2001A-3 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction") as set forth below.

### The Leveraged Lease Transaction

1.      Owner Participant has claims against the Debtor for indemnification based on the Lessee's agreement (i) to indemnify Owner Participant for certain tax liabilities pursuant to the TIA, and (ii) to indemnify Owner Participant for certain other losses pursuant to general indemnity agreements set forth in the Lease and/or in the Participation Agreement. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease Agreement dated as of December 18, 2001 (as amended, restated and supplemented from time to time, the "Lease"). The aggregate amount of Owner Participant's claims exceeds $5,655,803.56, as set out below. The Owner Participant is also asserting claims on behalf of the Owner Trustee

31910242_V5.DOC

and Indenture Trustee for a damages claim payable pursuant to the Lease which are set forth in a separate Proof of Claim.

2.      Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement").  The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.      Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4.      Owner Participant invested approximately 20% percent of the total purchase price of the Equipment.  To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee.  The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.  Except as expressly provided herein, the claims asserted in this Proof of Claim belong solely to Owner Participant, are not part of the trust estate held by the Owner Trustee and have not been pledged to the Indenture Trustee.

5.      To induce Owner Participant to make its equity investment and to enter into the Leveraged Lease Transaction, the Lessee agreed, among other things, to indemnify Owner

31910242_V5.DOC                                    2

Participant directly for the imposition of certain tax liabilities or the loss of certain tax benefits to which it is entitled as the beneficial owner of the Equipment. This indemnification obligation is set forth in the TIA. Specifically, pursuant to Section 5 of the TIA, if Owner Participant suffers an imposition of tax or a loss of tax benefits as the result of an act or omission on the part of Lessee, the Lessee is required to indemnify Owner Participant for such Loss of Deductions or Income Inclusion by making a payment to Owner Participant in an amount sufficient to cover the Owner Participant's Loss with respect thereto.

6.      In addition, the Lessee agreed to indemnify Owner Participant for certain other losses, including the costs and expenses incurred by Owner Participant as a result of the Lessee's failure to perform its obligations under the Operative Documents. This general indemnity obligation is set forth in Section 23 of the Lease and Section 8 of the Participation Agreement.

### The Owner Participant Has or Will Have Tax Indemnity Claims

7.      The Debtor's bankruptcy filing is an Event of Default under the Lease giving the Indenture Trustee the right to foreclose the Owner Participant's right, title and interest in and to the Equipment. A foreclosure or other event could occur following rejection of the Lease by the Lessee in its bankruptcy case or during the bankruptcy or after emergence following the Debtor's assumption of the Lease, that gives rise to the imposition of a tax against the Owner Participant or to the loss of the Owner Participant's tax benefits, in each case giving rise to the Lessee's indemnity obligations under the TIA. Owner Participant's experience in other chapter 11 bankruptcies suggests that if the foreclosure has not taken place prior to a debtor's emergence from bankruptcy it will take place shortly thereafter. Therefore, while the tax indemnity claim is contingent as of the filing of this Proof of Claim, there is a high likelihood that an event giving rise to a claim under the TIA will occur in the near term.

8.    The tax indemnity claim set forth in the Proof of Claim is calculated as of the petition date and will be adjusted to reflect the actual date of the event that triggers the claim under the TIA.    Owner Participant's claims under the general indemnity provisions of the Participation Agreement are calculated as of the date hereof.  Owner Participant will supplement and/or amend the Proof of Claim as necessary to take into account any other intervening events.

**The Tax Indemnity Claim**

9.    In Section 5 of the TIA, the Lessee agreed to indemnify Owner Participant for certain tax liabilities and the loss of any tax benefits to which it was entitled as owner of the Equipment, including any such loss which occurs as a result of Lessee.  The Lessee's failure to honor its obligations under the Lease and other Operative Documents, and the resulting foreclosure against the Equipment, will cause Owner Participant to suffer a loss of tax benefits. Such Loss, in turn, triggers the Lessee's contractual obligation to indemnify Owner Participant.

10.    The measure of the Lessee's tax indemnity liability to Owner Participant is specifically set out in the TIA.   The TIA requires the Lessee to make a payment to Owner Participant in an amount that is sufficient to cover the Owner Participant's Loss to be with respect to the tax liabilities that become payable as the result of an act or omission on the part of Lessee. *See* TIA, § 5.  By tying the Lessee's indemnity obligation to Owner Participant's Loss, the parties agreed that Owner Participant would receive indemnification in an amount that, with respect to such tax liabilities, would be sufficient to maintain the "anticipated after-tax yield" and "aggregate after-tax cash flow" that Owner Participant was contractually entitled to receive on its investment in the Leveraged Lease Transaction.

11.    The methodology for computation of the Lessee's tax indemnity liability also is set forth in the TIA.  That methodology begins with the calculation of the Loss suffered by Owner Participant.  In this case, the loss is the tax liability that Owner Participant will incur as a

result of the failure of the Lessee to perform its obligations under the Operative Documents, and the resulting foreclosure against the Equipment. Upon such event, Owner Participant's tax liability is to be determined by multiplying Owner Participant's tax rate (calculated based on the assumptions specified in Section 2 of the TIA by the taxable income recognized by Owner Participant. The taxable income resulting from the foregoing foreclosure will equal the excess of (a) the sum of the amount of the non-recourse loans outstanding and all other amounts owing under the Trust Indenture over (b) any remaining tax basis in the Equipment.

12.     Furthermore, the TIA requires that the payment by the Lessee indemnify Owner Participant for such tax liability on an after-tax basis (utilizing the maximum marginal rate of taxation applicable to corporations at the time such indemnity payment is due, rather than the rate set forth in Section 2 of the TIA). *See* TIA, § 5.

### The Tax Indemnity Claim Belongs Solely to the Owner Participant

13.     The Tax Indemnity Claim belongs solely to Owner Participant. It has not been pledged to the Indenture Trustee or to the holders of the Equipment Notes to secure the obligations owed by the Owner Trustee under the Trust Indenture. Moreover, the TIA is a contract directly between the Lessee and Owner Participant. The Owner Trustee is not a party. Second, the TIA provides that all payments owed under the TIA shall be made directly by Lessee to Owner Participant. The TIA further states unequivocally that "no such payment shall constitute part of the corpus of the Trust Estate" and, under the Operative Documents, the Certificate holders have agreed that they are to be paid solely from income and proceeds of the Indenture Estate. *See* TIA, § 11. Third, under the Trust Indenture, the Owner Trustee pledges only certain of its own rights under the Indenture Documents, which do not include the TIA. Even if the Owner Trustee attempted to pledge the Tax Indemnity Claim, it could not do so because it is not party to the TIA and is, thus, without power to pledge rights under that

agreement.    Consequently,  neither  the  Indenture  Trustee  nor  any  other  party  can  assert,

compromise  or  otherwise  affect  Owner  Participant's  tax  indemnity  claim.    In  addition,  the

Operative Documents require that Stipulated Loss Value and Termination Value be reduced to

reflect,  among  other  things,  obligations  under  the  TIA.    The  Operative  Documents  provide  a

mechanism to cause the scheduled amount of Stipulated Loss Value to be reduced by the amount

of the Lessee's obligation to the Owner Participant under the TIA, and consequently, allows the

Lessee to protect its estate from excessive claims being asserted by the Indenture Trustee.

### General Indemnity Claim

14.    In Section 23 of the Lease and Section 8 of the Participation Agreement, the

Lessee agreed to indemnify Owner Participant for all expenses incurred by Owner Participant in

any  way  "relating  to  or  arising  out  of"  the  Operative  Documents.    As  a  consequence  of  the

Lessee's  defaults  under  the  Lease  and  other  Operative  Documents,  Owner  Participant  has

incurred and will continue to incur losses, including the fees and expenses of its attorneys and

other professional advisors relating to, among other things, the Lessee's filing of its chapter 11

case and breach of the Operative Documents.  As with the tax indemnity claim, the below claims

based on the general indemnity provisions of the Participation Agreement and the Lease belong

solely to Owner Participant and have not been pledged to the Indenture Trustee or to the holders

of the Equipment Notes.

15.    As a consequence of the Lessee's defaults under the Lease and other Operative

Documents, Owner Participant has incurred and will continue to incur losses, including the fees

and  expenses  of  its  attorneys  and  other  professional  advisors  (including  the  fees  and  expense

reimbursements  owed  to  each  of  Kaye  Scholer  LLP,  Harbour-Felax  Group,  and  Independent

Equipment  Company)  relating  to,  among  other  things,  the  Debtor's  filing  of  its  chapter  11  case

and  breach  of  the  Operative  Documents.    Also  as  a  consequence  of  such  defaults,  the  Owner

Participant has incurred out-of-pocket travel expenses for its personnel to inspect the Equipment and attend meetings called by the Debtor.

16.     Owner Participant's claim for payment and/or reimbursement of such fees and expenses in respect of the Leveraged Lease Transaction is in an amount not less than $131,814.37 consisting of the following amounts: (i) $86,315.05 owed to Kaye Scholer LLP; (ii) $17,949.04 owed to Harbour-Felax Group; (iii) $25,657.90 owed to Independent Equipment Company; and (iv) $1,892.38 in out-of-pocket travel expenses.   These amounts has been calculated through a date shortly before the filing of the Proof of Claim and, accordingly, Owner Participant reserves the right to supplement the Proof of Claim to set forth additional losses covered by the Lessee's general indemnity obligations, including without limitation the amounts of fees and expenses incurred after such date.

17.     Pursuant to the terms of the Trust Agreement or Indenture, the Owner Participant or Owner Trustee may have an obligation to reimburse the Owner Trustee, the Indenture Trustee, and the Loan Participants for legal fees and expenses and other expenses incurred by them respectively.   The Owner Participant demands reimbursement for any such amounts, which cannot be determined at this time.

18.     As a result of the commencement of Lessee's bankruptcy's case, the Owner Participant may suffer other losses, costs, and expenses, including without limitation losses to its anticipated economic return, that are indemnifiable by Lessee under the general indemnity and general tax indemnity or other provisions of the Participation Agreement, Lease or TIA.

**Total Claim Amount**

19.     As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $5,655,803.56, consisting of: (i) $5,523,989.19 (which amount is Owner Participant's tax indemnity claim); and

(ii) $131,814.37 (which amount is Owner Participant's claim for indemnification of fees and expenses pursuant to the Participation Agreement and/or the Lease).

**Miscellaneous**

20.     The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

21.     No judgment has been rendered on the claims set forth in this Proof of Claim.

22.     To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however*, Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

23.     This Proof of Claim is asserted as a general unsecured claim.

24.     The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

25.     This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any other administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

26.    The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto.    Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

27.    Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.    This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.    Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.    Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.    In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

28.     The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

29.     All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.: General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York 10022
> Attn:   Richard G. Smolev, Esq.

30.     Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50597

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Your Claim Is Scheduled As Follows.**

Name of Debtor  (Check Only One)                             Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                     09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)     09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )     09-13558 (REG)

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

Name and address where notices should be sent
KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022
ATTN  RICHARD G  SMOLEV, ESQ

**FILED - 50597**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number 212-836-8012
Email Address  rsmolev@kayescholer com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number._____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)
PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1. Amount of Claim as of Date Case Filed, June 1, 2009     $44,649,302.38

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim.  **SEE ATTACHMENT**
(See instruction #2 on reverse side )

3.  Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property. $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection. _____

Amount of Secured Claim  $_____     Amount Unsecured  $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5.  **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)**  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

Amount entitled to priority.

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11/24/09

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.  NOV 2 5 2009

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS
NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE
LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS
LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN
RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT
(THE "EQUIPMENT")**

(SLV 2001 A-5)

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this

attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors

Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or

the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant

under (i) a Lease Agreement dated as of December 18, 2001 (as amended, restated, and

supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of

December 18, 2001 (as amended, restated, and supplemented from time to time, the

"Participation Agreement") and (iii) certain other agreements delivered in connection with the

GM 2001A-5 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction")

as set forth below.

### The Leveraged Lease Transaction

1. The Owner Participant is asserting claims on behalf of the Owner Trustee and

Indenture Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but

not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate

amount of Owner Participant's claims exceeds $44,649,302.38, as set out below.

2. Owner Participant is the sole beneficial owner of the Equipment pursuant to that

certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified

therein and the Owner Participant (as amended, restated, and supplemented from time to time, the

"Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an

31911224.DOC

Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3. Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4. Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.

**Liquidated Damages Claim**

5. Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $44,649,302.38, plus Make-Whole Premium, if any. Make-Whole Premium cannot be determined at this time. In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement. The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee and the Indenture Trustee as security assignee of the Lease. Such claims constitute part of the collateral for the repayment of the Equipment Notes. The Owner Participant simultaneously is filing claims

pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

### Total Claim Amount

6. As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $44,649,302.38, which amount is the Stipulated Loss Value claim.

### Miscellaneous

7. The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

8. No judgment has been rendered on the claims set forth in this Proof of Claim.

9. To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

10. This Proof of Claim is asserted as a general unsecured claim.

11. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

12. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

13. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

14. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents. This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee. Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever. In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

15. The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

16. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

17. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50598

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)                                              **Case No**

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )     09-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 8) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Your Claim is Scheduled As Follows.

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

Name and address where notices should be sent    FILED - 50598
KAYE SCHOLER LLP              MOTORS LIQUIDATION COMPANY
425 PARK AVENUE              F/K/A GENERAL MOTORS CORP
NEW YORK, NEW YORK 10022      SDNY # 09-50026 (REG)
ATTN RICHARD G SMOLEV, ESQ

Telephone number 212-836-8012
Email Address rsmolev@kayescholer.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
*(If known)*

Filed on _____

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN DOUGLAS B LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you do not dispute that you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1 Amount of Claim as of Date Case Filed, June 1, 2009**    $14,000,762.56

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2. Basis for Claim    SEE ATTACHMENT**
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** _____

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4. Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property. $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection _____

Amount of Secured Claim  $_____     Amount Unsecured  $_____

**6 Credits·** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary *(See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date 11/24/09    **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

[signature]  ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
NOV 25 2009

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS
NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE TAX
INDEMNITY AGREEMENT AND PARTICIPATION AGREEMENT MADE BY
DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.)
AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING
EQUIPMENT (THE "EQUIPMENT")**

(TIA 2001 A-5)

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this

attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors

Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or

the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant

under (i) a Tax Indemnity Agreement dated as of December 18, 2001 (as amended, restated, and

supplemented from time to time, the "TIA"), (ii) a Participation Agreement dated as of

December 18, 2001 (as amended, restated, and supplemented from time to time, the

"Participation Agreement") and (iii) certain other agreements delivered in connection with the

GM 2001A-5 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction")

as set forth below.

**The Leveraged Lease Transaction**

1.    Owner Participant has claims against the Debtor for indemnification based on the

Lessee's agreement (i) to indemnify Owner Participant for certain tax liabilities pursuant to the

TIA, and (ii) to indemnify Owner Participant for certain other losses pursuant to general

indemnity agreements set forth in the Lease and/or in the Participation Agreement. Capitalized

terms used but not defined herein shall have the meanings ascribed to such terms in the Lease

Agreement dated as of December 18, 2001 (as amended, restated and supplemented from time to

time, the "Lease"). The aggregate amount of Owner Participant's claims exceeds

$14,000,762.56, as set out below. The Owner Participant is also asserting claims on behalf of

31911324_V1.DOC

the Owner Trustee and Indenture Trustee for a damages claim payable pursuant to the Lease which are set forth in a separate Proof of Claim.

2.    Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.    Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4.    Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease. Except as expressly provided herein, the claims asserted in this Proof of Claim belong solely to Owner Participant, are not part of the trust estate held by the Owner Trustee and have not been pledged to the Indenture Trustee.

5.    To induce Owner Participant to make its equity investment and to enter into the Leveraged Lease Transaction, the Lessee agreed, among other things, to indemnify Owner

2

Participant directly for the imposition of certain tax liabilities or the loss of certain tax benefits to which it is entitled as the beneficial owner of the Equipment. This indemnification obligation is set forth in the TIA. Specifically, pursuant to Section 5 of the TIA, if Owner Participant suffers an imposition of tax or a loss of tax benefits as the result of an act or omission on the part of Lessee, the Lessee is required to indemnify Owner Participant for such Loss of Deductions or Income Inclusion by making a payment to Owner Participant in an amount sufficient to cover the Owner Participant's Loss with respect thereto.

6.    In addition, the Lessee agreed to indemnify Owner Participant for certain other losses, including the costs and expenses incurred by Owner Participant as a result of the Lessee's failure to perform its obligations under the Operative Documents. This general indemnity obligation is set forth in Section 23 of the Lease and Section 8 of the Participation Agreement.

### The Owner Participant Has or Will Have Tax Indemnity Claims

7.    The Debtor's bankruptcy filing is an Event of Default under the Lease giving the Indenture Trustee the right to foreclose the Owner Participant's right, title and interest in and to the Equipment. A foreclosure or other event could occur following rejection of the Lease by the Lessee in its bankruptcy case or during the bankruptcy or after emergence following the Debtor's assumption of the Lease, that gives rise to the imposition of a tax against the Owner Participant or to the loss of the Owner Participant's tax benefits, in each case giving rise to the Lessee's indemnity obligations under the TIA. Owner Participant's experience in other chapter 11 bankruptcies suggests that if the foreclosure has not taken place prior to a debtor's emergence from bankruptcy it will take place shortly thereafter. Therefore, while the tax indemnity claim is contingent as of the filing of this Proof of Claim, there is a high likelihood that an event giving rise to a claim under the TIA will occur in the near term.

8.    The tax indemnity claim set forth in the Proof of Claim is calculated as of the petition date and will be adjusted to reflect the actual date of the event that triggers the claim under the TIA.  Owner Participant's claims under the general indemnity provisions of the Participation Agreement are calculated as of the date hereof.  Owner Participant will supplement and/or amend the Proof of Claim as necessary to take into account any other intervening events.

**The Tax Indemnity Claim**

9.    In Section 5 of the TIA, the Lessee agreed to indemnify Owner Participant for certain tax liabilities and the loss of any tax benefits to which it was entitled as owner of the Equipment, including any such loss which occurs as a result of Lessee.  The Lessee's failure to honor its obligations under the Lease and other Operative Documents, and the resulting foreclosure against the Equipment, will cause Owner Participant to suffer a loss of tax benefits.  Such Loss, in turn, triggers the Lessee's contractual obligation to indemnify Owner Participant.

10.    The measure of the Lessee's tax indemnity liability to Owner Participant is specifically set out in the TIA.  The TIA requires the Lessee to make a payment to Owner Participant in an amount that is sufficient to cover the Owner Participant's Loss to be with respect to the tax liabilities that become payable as the result of an act or omission on the part of Lessee.  *See* TIA, § 5.  By tying the Lessee's indemnity obligation to Owner Participant's Loss, the parties agreed that Owner Participant would receive indemnification in an amount that, with respect to such tax liabilities, would be sufficient to maintain the "anticipated after-tax yield" and "aggregate after-tax cash flow" that Owner Participant was contractually entitled to receive on its investment in the Leveraged Lease Transaction.

11.    The methodology for computation of the Lessee's tax indemnity liability also is set forth in the TIA.  That methodology begins with the calculation of the Loss suffered by Owner Participant.  In this case, the loss is the tax liability that Owner Participant will incur as a

result of the failure of the Lessee to perform its obligations under the Operative Documents, and the resulting foreclosure against the Equipment. Upon such event, Owner Participant's tax liability is to be determined by multiplying Owner Participant's tax rate (calculated based on the assumptions specified in Section 2 of the TIA by the taxable income recognized by Owner Participant. The taxable income resulting from the foregoing foreclosure will equal the excess of (a) the sum of the amount of the non-recourse loans outstanding and all other amounts owing under the Trust Indenture over (b) any remaining tax basis in the Equipment.

12.     Furthermore, the TIA requires that the payment by the Lessee indemnify Owner Participant for such tax liability on an after-tax basis (utilizing the maximum marginal rate of taxation applicable to corporations at the time such indemnity payment is due, rather than the rate set forth in Section 2 of the TIA). *See* TIA, § 5.

### The Tax Indemnity Claim Belongs Solely to the Owner Participant

13.     The Tax Indemnity Claim belongs solely to Owner Participant. It has not been pledged to the Indenture Trustee or to the holders of the Equipment Notes to secure the obligations owed by the Owner Trustee under the Trust Indenture. Moreover, the TIA is a contract directly between the Lessee and Owner Participant. The Owner Trustee is not a party. Second, the TIA provides that all payments owed under the TIA shall be made directly by Lessee to Owner Participant. The TIA further states unequivocally that "no such payment shall constitute part of the corpus of the Trust Estate" and, under the Operative Documents, the Certificate holders have agreed that they are to be paid solely from income and proceeds of the Indenture Estate. *See* TIA, § 11. Third, under the Trust Indenture, the Owner Trustee pledges only certain of its own rights under the Indenture Documents, which do not include the TIA. Even if the Owner Trustee attempted to pledge the Tax Indemnity Claim, it could not do so because it is not party to the TIA and is, thus, without power to pledge rights under that

agreement. Consequently, neither the Indenture Trustee nor any other party can assert, compromise or otherwise affect Owner Participant's tax indemnity claim. In addition, the Operative Documents require that Stipulated Loss Value and Termination Value be reduced to reflect, among other things, obligations under the TIA. The Operative Documents provide a mechanism to cause the scheduled amount of Stipulated Loss Value to be reduced by the amount of the Lessee's obligation to the Owner Participant under the TIA, and consequently, allows the Lessee to protect its estate from excessive claims being asserted by the Indenture Trustee.

### General Indemnity Claim

14.    In Section 23 of the Lease and Section 8 of the Participation Agreement, the Lessee agreed to indemnify Owner Participant for all expenses incurred by Owner Participant in any way "relating to or arising out of" the Operative Documents. As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors relating to, among other things, the Lessee's filing of its chapter 11 case and breach of the Operative Documents. As with the tax indemnity claim, the below claims based on the general indemnity provisions of the Participation Agreement and the Lease belong solely to Owner Participant and have not been pledged to the Indenture Trustee or to the holders of the Equipment Notes.

15.    As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors (including the fees and expense reimbursements owed to each of Kaye Scholer LLP, Harbour-Felax Group, and Independent Equipment Company) relating to, among other things, the Debtor's filing of its chapter 11 case and breach of the Operative Documents. Also as a consequence of such defaults, the Owner

Participant has incurred out-of-pocket travel expenses for its personnel to inspect the Equipment and attend meetings called by the Debtor.

16.     Owner Participant's claim for payment and/or reimbursement of such fees and expenses in respect of the Leveraged Lease Transaction is in an amount not less than $131,814.37 consisting of the following amounts: (i) $86,315.05 owed to Kaye Scholer LLP; (ii) $17,949.04 owed to Harbour-Felax Group; (iii) $25,657.90 owed to Independent Equipment Company; and (iv) $1,892.38 in out-of-pocket travel expenses.   These amounts has been calculated through a date shortly before the filing of the Proof of Claim and, accordingly, Owner Participant reserves the right to supplement the Proof of Claim to set forth additional losses covered by the Lessee's general indemnity obligations, including without limitation the amounts of fees and expenses incurred after such date.

17.     Pursuant to the terms of the Trust Agreement or Indenture, the Owner Participant or Owner Trustee may have an obligation to reimburse the Owner Trustee, the Indenture Trustee, and the Loan Participants for legal fees and expenses and other expenses incurred by them respectively.   The Owner Participant demands reimbursement for any such amounts, which cannot be determined at this time.

18.     As a result of the commencement of Lessee's bankruptcy's case, the Owner Participant may suffer other losses, costs, and expenses, including without limitation losses to its anticipated economic return, that are indemnifiable by Lessee under the general indemnity and general tax indemnity or other provisions of the Participation Agreement, Lease or TIA.

**Total Claim Amount**

19.     As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $14,000,762.56, consisting of: (i) $13,868,948.19 (which amount is Owner Participant's tax indemnity claim); and

(ii) $131,814.37 (which amount is Owner Participant's claim for indemnification of fees and expenses pursuant to the Participation Agreement and/or the Lease).

**Miscellaneous**

20.    The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

21.    No judgment has been rendered on the claims set forth in this Proof of Claim.

22.    To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

23.    This Proof of Claim is asserted as a general unsecured claim.

24.    The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

25.    This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any other administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

26.    The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto.    Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

27.    Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.    This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.    Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.    Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.    In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

28.    The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

29.    All notices and distributions in respect of this claim should be forwarded to:

>Phillip Morris Capital Corporation
>225 High Ridge Road, Suite 300 West
>Stamford, CT 06905
>Attn.: General Counsel
>
>With a copy to:
>
>Kaye Scholer LLP
>425 Park Avenue
>New York, New York  10022
>Attn:   Richard G. Smolev, Esq.

30.    Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50599

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )    09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 2 CORPORATION

Name and address where notices should be sent    **FILED - 50599**
KAYE SCHOLER LLP
425 PARK AVENUE    **MOTORS LIQUIDATION COMPANY**
NEW YORK, NEW YORK 10022    **F/K/A GENERAL MOTORS COR**
ATTN RICHARD G SMOLEV, ESQ    **SDNY # 09-50026 (REG)**

Telephone number 212-836-8012
Email Address rsmolev@kayescholer com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number_____
*(If known)*

Filed on _____

Name and address where payment should be sent (if different from above)
PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN DOUGLAS B LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1 Amount of Claim as of Date Case Filed, June 1, 2009, $ 6,882,143.28

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2. **Basis for Claim**   SEE ATTACHMENT
(See instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor. _____

   **3a. Debtor may have scheduled account as.** _____
(See instruction #3a on reverse side )

4 **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe.

Value of Property $_____ Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection _____

Amount of Secured Claim $_____ Amount Unsecured. $_____

6 **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 **Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 **Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(**2**).

Amount entitled to priority.

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date: 11/24/09

Signature The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.   NOV 25 2009

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT INVESTORS
NO. 2 CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE
LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS
LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN
RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT
(THE "EQUIPMENT")**

(SLV 2001 A-7)

General Foods Credit Investors No. 2 Corporation ("Owner Participant") submits this

attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors

Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or

the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant

under (i) a Lease Agreement dated as of December 18, 2001 (as amended, restated, and

supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of

December 18, 2001 (as amended, restated, and supplemented from time to time, the

"Participation Agreement") and (iii) certain other agreements delivered in connection with the

GM 2001A-7 leveraged lease transaction of the Equipment (the "Leveraged Lease Transaction")

as set forth below.

### The Leveraged Lease Transaction

1.   The Owner Participant is asserting claims on behalf of the Owner Trustee and

Indenture Trustee for a damages claim payable pursuant to the Lease.  Capitalized terms used but

not defined herein shall have the meanings ascribed to such terms in the Lease.  The aggregate

amount of Owner Participant's claims exceeds $6,882,143.28, as set out below.

2.   Owner Participant is the sole beneficial owner of the Equipment pursuant to that

certain Trust Agreement dated as of December 18, 2001 between the Owner Trustee identified

therein and the Owner Participant (as amended, restated, and supplemented from time to time, the

"Trust Agreement").  The Trust Agreement created a trust for the Equipment, established an

31911208.DOC

Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.  Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4.  Owner Participant invested approximately 20% percent of the total purchase price of the Equipment.    To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 18, 2001 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee.    The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.

### Liquidated Damages Claim

5.  Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $6,882,143.28, plus Make-Whole Premium, if any.    Make-Whole Premium cannot be determined at this time.    In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement.    The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee and the Indenture Trustee as security assignee of the Lease.    Such claims constitute part of the collateral for the repayment of the Equipment Notes.    The Owner Participant simultaneously is filing claims

2

pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

### Total Claim Amount

6.  As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $6,882,143.28, which amount is the Stipulated Loss Value claim.

### Miscellaneous

7.  The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

8.  No judgment has been rendered on the claims set forth in this Proof of Claim.

9.  To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

10. This Proof of Claim is asserted as a general unsecured claim.

11. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

12. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

13. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

14. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents. This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee. Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever. In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

15. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

16. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50589

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)                                    Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                     09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc )     09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 3 CORPORATION

☐ Check this box to indicate that this claim amends a previously filed claim

**Name and address where notices should be sent**

KAYE SCHOLER LLP                    **FILED - 50589**
425 PARK AVENUE            **MOTORS LIQUIDATION COMPANY**
NEW YORK, NEW YORK 10022  .F/K/A GENERAL MOTORS CORP
ATTN  RICHARD G  SMOLEV, ESQ      SDNY # 09-50026 (REG)

Court Claim Number _____
(*If known*)

Filed on _____

Telephone number 212-836-8012
Email Address  rsmolev@kayescholer com

THE GARDEN CITY GROUP, INC
NOV 25 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form. EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**Name and address where payment should be sent** (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1 Amount of Claim as of Date Case Filed,** June 1, 2009.        $17,241,425.69

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2 Basis for Claim** SEE ATTACHMENT
(See instruction #2 on reverse side)

**3 Last four digits of any number by which creditor identifies debtor** _____

**3a Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe.

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured. $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (*See instruction 7 and definition of "redacted' on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(_2_).

**Amount entitled to priority.**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**Date** 11/24/09    **Signature** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

ALEX RUSSO, VICE PRESIDENT

| FOR COURT USE ONLY |
|---|

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF HNB INVESTMENT CORP., AS OWNER PARTICIPANT, WITH RESPECT TO THE LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(SLV 2002 A-1)

HNB Investment Corp. ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Lease Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii) certain other agreements delivered in connection with the GM 2002A-1 lease transaction of the Equipment (the "Lease Transaction") as set forth below.

**The Lease Transaction**

1. The Owner Participant is asserting claims on behalf of the Owner Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate amount of Owner Participant's claims exceeds $17,241,425.69, as set out below.

2. Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 20, 2002 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

~5291430.DOC

3.  Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

**Liquidated Damages Claim**

4.  Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $17,241,425.69.  In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement.  The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee.  The Owner Participant simultaneously is filing claims pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

**Total Claim Amount**

5.  As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $17,241,425.69, which amount is the Stipulated Loss Value claim.

**Miscellaneous**

6.  The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

7.  No judgment has been rendered on the claims set forth in this Proof of Claim.

8. To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

9. This Proof of Claim is asserted as a general unsecured claim.

10. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

11. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

12. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

13. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without

3

limitation, for the purpose of asserting additional amounts with respect to the claims described

herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the

same or additional documents.   This Proof of Claim is filed without prejudice to the filing by

Owner Participant of additional proofs of claim with respect to any other liability or indebtedness

of the Lessee.  Owner Participant does not waive any of its rights to any claims asserted herein by

not ascribing a specific dollar amount thereto at this time.   Owner Participant specifically

preserves all of its procedural and substantive defenses and rights with respect to any claim that

may be asserted against the Owner Participant by the Lessee or any other party in interest in these

bankruptcy cases, or any other person or entity whatsoever.   In addition, Owner Participant

reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth

herein for any reason whatsoever.

14. The claims set forth herein are subject to modification pursuant to the terms of a letter

agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital

Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by

Lessee and assigned to General Motors LLC as contemplated therein.

15. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

16. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or

release of Owner Participant's rights against any other entity or person liable for all or party of

any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50590

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PROOF OF CLAIM**

Your Claim is Scheduled As Follows

**Name of Debtor (Check Only One)**

| | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (The person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT INVESTORS NO 3 CORPORATION

Name and address where notices should be sent

KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022
ATTN RICHARD G SMOLEV, ESQ

Telephone number 212-836-8012
Email Address rsmolev@kayescholer com

FILED - 50590
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN DOUGLAS B LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1** Amount of Claim as of Date Case Filed, June 1, 2009. $ 131,814.37

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim. SEE ATTACHMENT
(See instruction #2 on reverse side)

**3.** Last four digits of any number by which creditor identifies debtor _____

**3a** Debtor may have scheduled account as. _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe.

Value of Property $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6** Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2).

Amount entitled to priority.

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11/24/09

Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
NOV 25 2009

**ATTACHMENT TO PROOF OF CLAIM OF HNB INVESTMENT CORP., AS OWNER PARTICIPANT, WITH RESPECT TO THE PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(GI 2002 A-1)

HNB Investment Corp. ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Participation Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (ii) certain other agreements delivered in connection with the GM 2002A-1 lease transaction of the Equipment (the "Lease Transaction") as set forth below.

**The Lease Transaction**

1.      Owner Participant has claims against the Debtor for indemnification based on the Lessee's agreement to indemnify Owner Participant for certain losses pursuant to general indemnity agreements set forth in the Lease and/or in the Participation Agreement. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease Agreement dated as of December 20, 2002 (as amended, restated and supplemented from time to time, the "Lease"). The aggregate amount of Owner Participant's claims exceeds $131,814.37, as set out below. The Owner Participant is also asserting claims on behalf of the Owner Trustee for a damages claim payable pursuant to the Lease which is set forth in a separate Proof of Claim.

2.      Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 20, 2002 between the Owner Trustee identified

therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.    Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

### General Indemnity Claim

4.    In Section 23 of the Lease and Section 8 of the Participation Agreement, the Lessee agreed to indemnify Owner Participant for all expenses incurred by Owner Participant in any way "relating to or arising out of" the Operative Documents. As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors relating to, among other things, the Lessee's filing of its chapter 11 case and breach of the Operative Documents. The below claims based on the general indemnity provisions of the Participation Agreement and the Lease belong solely to Owner Participant.

5.    As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors (including the fees and expense reimbursements owed to each of Kaye Scholer LLP, Harbour-Felax Group, and Independent Equipment Company) relating to, among other things, the Debtor's filing of its chapter 11 case and breach of the Operative Documents. Also as a consequence of such defaults, the Owner Participant has incurred out-of-pocket travel expenses for its personnel to inspect the Equipment and attend meetings called by the Debtor.

6.      Owner Participant's claim for payment and/or reimbursement of such fees and expenses in respect of the Leveraged Lease Transaction is in an amount not less than $131,814.37 consisting of the following amounts: (i) $86,315.05 owed to Kaye Scholer LLP; (ii) $17,949.04 owed to Harbour-Felax Group; (iii) $25,657.90 owed to Independent Equipment Company; and (iv) $1,892.38 in out-of-pocket travel expenses.   These amounts have been calculated through a date shortly before the filing of the Proof of Claim and, accordingly, Owner Participant reserves the right to supplement the Proof of Claim to set forth additional losses covered by the Lessee's general indemnity obligations, including without limitation the amounts of fees and expenses incurred after such date.

7.      Pursuant to the terms of the Trust Agreement or Indenture, the Owner Participant or Owner Trustee may have an obligation to reimburse the Owner Trustee for legal fees and expenses and other expenses incurred by them respectively.   The Owner Participant demands reimbursement for any such amounts, which cannot be determined at this time.

8.      As a result of the commencement of Lessee's bankruptcy's case, the Owner Participant may suffer other losses, costs, and expenses, including without limitation losses to its anticipated economic return, that are indemnifiable by Lessee under the general indemnity and general tax indemnity or other provisions of the Participation Agreement, Lease or Tax Indemnity Agreement entered into contemporaneously therewith.

**Total Claim Amount**

9.      As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $131,814.37, which amount is Owner Participant's claim for indemnification of fees and expenses pursuant to the Participation Agreement and/or the Lease.

**Miscellaneous**

10.   The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

11.   No judgment has been rendered on the claims set forth in this Proof of Claim.

12.   To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided*, *however*, Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

13.   This Proof of Claim is asserted as a general unsecured claim.

14.   The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

15.   This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any other administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

16.   The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives

and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

17.     Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents. This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee. Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever. In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

18.     The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

19.     All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.: General Counsel

With a copy to:

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn:   Richard G. Smolev, Esq.

20.     Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver

or release of Owner Participant's rights against any other entity or person liable for all or party of

any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn

with respect to the subject matter of these claims, any objection or other proceedings commences

with respect thereto, or any other proceedings commenced in this case against or otherwise

involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner

Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or

(d) an election of remedy which waives or otherwise affects any other remedy of Owner

Participant.

CLAIM #50591

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor (Check Only One)                    Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )    09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  HNB INVESTMENT CORP

Name and address where notices should be sent    **FILED - 50591**

KAYE SCHOLER LLP                    **MOTORS LIQUIDATION COMPANY**
425 PARK AVENUE                     **F/K/A GENERAL MOTORS CORP**
NEW YORK, NEW YORK, 10022            **SDNY # 09-50026 (REG)**
ATTN  RICHARD G  SMOLEV, ESQ

Telephone number  212-836-8012
Email Address   rsmolev@kayescholer com

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number:_____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions  you need not file it again

1  Amount of Claim as of Date Case Filed, June 1, 2009.    $  131,814.37

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2.  Basis for Claim    SEE ATTACHMENT
(See instruction #2 on reverse side )

3.  Last four digits of any number by which creditor identifies debtor. _____

    3a  Debtor may have scheduled account as  _____
    (See instruction #3a on reverse side )

4.  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff.  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property  $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection  _____

Amount of Secured Claim  $_____    Amount Unsecured. $_____

6  Credits:  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents:  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of  redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5    Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any  portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

Date: 11/24/09

Signature: The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF HNB INVESTMENT CORP., AS OWNER PARTICIPANT, WITH RESPECT TO THE PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(GI 2002 A-2)

HNB Investment Corp. ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Participation Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (ii) certain other agreements delivered in connection with the GM 2002A-2 lease transaction of the Equipment (the "Lease Transaction") as set forth below.

**The Lease Transaction**

1. Owner Participant has claims against the Debtor for indemnification based on the Lessee's agreement to indemnify Owner Participant for certain losses pursuant to general indemnity agreements set forth in the Lease and/or in the Participation Agreement. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease Agreement dated as of December 20, 2002 (as amended, restated and supplemented from time to time, the "Lease"). The aggregate amount of Owner Participant's claims exceeds $131,814.37, as set out below. The Owner Participant is also asserting claims on behalf of the Owner Trustee for a damages claim payable pursuant to the Lease which is set forth in a separate Proof of Claim.

2. Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 20, 2002 between the Owner Trustee identified

~0473770.DOC

therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.    Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

### General Indemnity Claim

4.    In Section 23 of the Lease and Section 8 of the Participation Agreement, the Lessee agreed to indemnify Owner Participant for all expenses incurred by Owner Participant in any way "relating to or arising out of" the Operative Documents. As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors relating to, among other things, the Lessee's filing of its chapter 11 case and breach of the Operative Documents. The below claims based on the general indemnity provisions of the Participation Agreement and the Lease belong solely to Owner Participant.

5.    As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors (including the fees and expense reimbursements owed to each of Kaye Scholer LLP, Harbour-Felax Group, and Independent Equipment Company) relating to, among other things, the Debtor's filing of its chapter 11 case and breach of the Operative Documents. Also as a consequence of such defaults, the Owner Participant has incurred out-of-pocket travel expenses for its personnel to inspect the Equipment and attend meetings called by the Debtor.

6.    Owner Participant's claim for payment and/or reimbursement of such fees and expenses in respect of the Leveraged Lease Transaction is in an amount not less than $131,814.37 consisting of the following amounts: (i) $86,315.05 owed to Kaye Scholer LLP; (ii) $17,949.04 owed to Harbour-Felax Group; (iii) $25,657.90 owed to Independent Equipment Company; and (iv) $1,892.38 in out-of-pocket travel expenses. These amounts have been calculated through a date shortly before the filing of the Proof of Claim and, accordingly, Owner Participant reserves the right to supplement the Proof of Claim to set forth additional losses covered by the Lessee's general indemnity obligations, including without limitation the amounts of fees and expenses incurred after such date.

7.    Pursuant to the terms of the Trust Agreement or Indenture, the Owner Participant or Owner Trustee may have an obligation to reimburse the Owner Trustee for legal fees and expenses and other expenses incurred by them respectively. The Owner Participant demands reimbursement for any such amounts, which cannot be determined at this time.

8.    As a result of the commencement of Lessee's bankruptcy's case, the Owner Participant may suffer other losses, costs, and expenses, including without limitation losses to its anticipated economic return, that are indemnifiable by Lessee under the general indemnity and general tax indemnity or other provisions of the Participation Agreement, Lease or Tax Indemnity Agreement entered into contemporaneously therewith.

**Total Claim Amount**

9.    As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $131,814.37, which amount is Owner Participant's claim for indemnification of fees and expenses pursuant to the Participation Agreement and/or the Lease.

~0473770.DOC                                                3

**Miscellaneous**

10.    The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

11.    No judgment has been rendered on the claims set forth in this Proof of Claim.

12.    To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

13.    This Proof of Claim is asserted as a general unsecured claim.

14.    The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

15.    This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any other administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

16.    The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives

and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

17.    Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.  This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.  Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.  Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.  In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

18.    The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

19.    All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.: General Counsel

With a copy to:

Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Attn:   Richard G. Smolev, Esq.

20.    Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver

or release of Owner Participant's rights against any other entity or person liable for all or party of

any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn

with respect to the subject matter of these claims, any objection or other proceedings commences

with respect thereto, or any other proceedings commenced in this case against or otherwise

involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner

Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or

(d) an election of remedy which waives or otherwise affects any other remedy of Owner

Participant.

CLAIM #50592

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)      Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )    09-13558 (REG)

*Your Claim is Scheduled As Follows.*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)
HNB INVESTMENT CORP

**Name and address where notices should be sent**
KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK, 10022
ATTN  RICHARD G  SMOLEV, ESQ

FILED - 50592
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number  212-836-8012
Email Address  rsmolev@kayescholer com

**Name and address where payment should be sent** (if different from above)
PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ
Telephone number 203-708-8347

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
*(If known)*

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*(stamp)* THE GARDEN CITY GROUP INC  NOV 25 2009

If an amount is identified above  you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1. Amount of Claim as of Date Case Filed, June 1, 2009**  $21,626,199.21

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2 Basis for Claim** SEE ATTACHMENT
(See instruction #2 on reverse side )

**3. Last four digits of any number by which creditor identifies debtor.** _____

    **3a**  Debtor may have scheduled account as. _____
      (See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff.  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection. _____

Amount of Secured Claim $_____  Amount Unsecured $_____

**5.** Amount of Claim Entitled to Priority under 11 U S C § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☒ Other – Specify applicable paragraph of 11 U S C § 507(a)(2).

Amount entitled to priority.
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  *(See instruction 7 and definition of "redacted" on reverse side )*

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date: 11/24/09 | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any *(signature)* ALEX RUSSO, VICE PRESIDENT | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF HNB INVESTMENT CORP., AS OWNER PARTICIPANT, WITH RESPECT TO THE LEASE AND PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

(SLV 2002 A-2)

HNB Investment Corp. ("Owner Participant") submits this attachment to its proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Lease Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Lease"), (ii) a Participation Agreement dated as of December 20, 2002 (as amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii) certain other agreements delivered in connection with the GM 2002A-2 lease transaction of the Equipment (the "Lease Transaction") as set forth below.

**The Lease Transaction**

1.  The Owner Participant is asserting claims on behalf of the Owner Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate amount of Owner Participant's claims exceeds $21,626,199.21, as set out below.

2.  Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 20, 2002 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

~2753059.DOC

3. Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

**Liquidated Damages Claim**

4. Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $21,626,199.21. In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement. The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee. The Owner Participant simultaneously is filing claims pursuant to a separate proof of claim filed with respect to this transaction which claims are separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

**Total Claim Amount**

5. As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $21,626,199.21, which amount is the Stipulated Loss Value claim.

**Miscellaneous**

6. The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

7. No judgment has been rendered on the claims set forth in this Proof of Claim.

~2753059.DOC

2

8. To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however,* Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

9. This Proof of Claim is asserted as a general unsecured claim.

10. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

11. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

12. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

13. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without

limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.  This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.  Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.  Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.  In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

14. The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

15. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

16. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of

any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50603

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor  (Check Only One) | Case No | **Your Claim is Scheduled As Follows.** |
|---|---|---|

☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc)   09-13558 (REG)

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  GENERAL FOODS CREDIT CORPORATION

☐ Check this box to indicate that this claim amends a previously filed claim

Name and address where notices should be sent     FILED - 50603
KAYE SCHOLER LLP                     MOTORS LIQUIDATION COMPANY
425 PARK AVENUE                      F/K/A GENERAL MOTORS CORP
NEW YORK, NEW YORK, 10022            SDNY # 09-50026 (REG)
ATTN  RICHARD G  SMOLEV, ESQ

Court Claim Number _____
*(If known)*

Telephone number  212-836-8012
Email Address    rsmolev@kayescholer com

Filed on _____

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN  DOUGLAS B  LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

1  Amount of Claim as of Date Case Filed, June 1, 2009   $ 122,914,113.10

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim   SEE ATTACHMENT
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor. _____
   3a  Debtor may have scheduled account as° _____
      (See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

   Nature of property or right of setoff.  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
   Describe.

   Value of Property $_____  Annual Interest Rate____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

   Basis for perfection _____

   Amount of Secured Claim. $_____     Amount Unsecured  $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5.  Amount of Claim Entitled to Priority under 11 U S C § 507(a)
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☒ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(_)
   Amount entitled to priority

   $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date: 11/24/09 | Signature. The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*[signature]*   ALEX RUSSO, VICE PRESIDENT | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT
CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE LEASE AND
PARTICIPATION AGREEMENT MADE BY DEBTOR MOTORS LIQUIDATION
COMPANY (f/k/a GENERAL MOTORS CORP.) AS LESSEE IN RESPECT OF
CERTAIN AUTOMOBILE MANUFACTURING EQUIPMENT (THE "EQUIPMENT")**

**(SLV 2000 A-1)**

General Foods Credit Corporation ("Owner Participant") submits this attachment to its

proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company

f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with

respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Lease

Agreement dated as of December 15, 2000 (as amended, restated, and supplemented from time

to time, the "Lease"), (ii) a Participation Agreement dated as of December 15, 2000 (as

amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii)

certain other agreements delivered in connection with the GM 2000A-1 leveraged lease

transaction of the Equipment (the "Leveraged Lease Transaction") as set forth below.

### The Leveraged Lease Transaction

1. The Owner Participant is asserting claims on behalf of the Owner Trustee and

Indenture Trustee for a damages claim payable pursuant to the Lease. Capitalized terms used but

not defined herein shall have the meanings ascribed to such terms in the Lease. The aggregate

amount of Owner Participant's claims exceeds $122,914,113.10, as set out below.

2. Owner Participant is the sole beneficial owner of the Equipment pursuant to that

certain Trust Agreement dated as of December 15, 2000 between the Owner Trustee identified

therein and the Owner Participant (as amended, restated, and supplemented from time to time, the

"Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an

Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the

Owner Participant.

31911229.DOC

3. Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4. Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 15, 2000 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease.

### Liquidated Damages Claim

5. Pursuant to the terms of Sections 3(a) and 16(a)(ii) of the Lease, and the applicable provisions of the Participation Agreement, the Owner Participant hereby demands payment of Stipulated Loss Value determined as of the commencement of the Debtor's bankruptcy case, in an amount equal to $122,914,113.10, plus Make-Whole Premium, if any. Make-Whole Premium cannot be determined at this time. In the event that the remedy of Stipulated Loss Value is disallowed in whole or in part, the Owner Participant retains the right to demand payment of any other liquidated damage amounts provided for in Section 16 of the Lease, together with any other sums payable under such section or under the Participation Agreement. The Owner Participant makes the claims set forth in this paragraph on behalf of the Owner Trustee and the Indenture Trustee as security assignee of the Lease. Such claims constitute part of the collateral for the repayment of the Equipment Notes. The Owner Participant simultaneously is filing claims pursuant to a separate proof of claim filed with respect to this transaction which claims are

separate from the claims described herein and belong solely to the Owner Participant free of any liens, claims or encumbrances.

**Total Claim Amount**

6. As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $122,914,113.10, which amount is the Stipulated Loss Value claim.

**Miscellaneous**

7. The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

8. No judgment has been rendered on the claims set forth in this Proof of Claim.

9. To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided, however*, Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

10. This Proof of Claim is asserted as a general unsecured claim.

11. The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

12. This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any administrative expense allowable under Section 503(b) of the

Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

13. The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto. Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

14. Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents. This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee. Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever. In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

15. The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital

Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by

Lessee and assigned to General Motors LLC as contemplated therein.

16. All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.:  General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn.:  Richard G. Smolev, Esq.

17. Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or

release of Owner Participant's rights against any other entity or person liable for all or party of

any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with

respect to the subject matter of these claims, any objection or other proceedings commences with

respect thereto, or any other proceedings commenced in this case against or otherwise involving

Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant,

of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election

of remedy which waives or otherwise affects any other remedy of Owner Participant.

CLAIM #50604

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PROOF OF CLAIM**

Name of Debtor (Check Only One)

Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc) — 09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see item #5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property) GENERAL FOODS CREDIT CORPORATION

Name and address where notices should be sent

KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK, 10022
ATTN RICHARD G SMOLEV, ESQ

FILED - 50604
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
Court Claim Number:
(If known)

Telephone number 212-836-8012
Email Address rsmolev@kayescholer com

SDNY # 09-50026 (REG)

Filed on

☐ Check this box to indicate that this claim amends a previously filed claim

Name and address where payment should be sent (if different from above)

PHILLIP MORRIS CAPITAL CORPORATION
225 HIGH RIDGE ROAD, SUITE 300 WEST
STAMFORD, CT 06905
ATTN DOUGLAS B LEVENE, ESQ

Telephone number 203-708-8347

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

*(stamp)* THE GARDEN CITY GROUP, INC. NOV 25 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1 Amount of Claim as of Date Case Filed, June 1, 2009.  $49,214,795.90

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim SEE ATTACHMENT
(See instruction #2 on reverse side)

3 Last four digits of any number by which creditor identifies debtor.
3a Debtor may have scheduled account as
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff. ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe

Value of Property. $_____ Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any. $_____

Basis for perfection:_____

Amount of Secured Claim. $_____ Amount Unsecured $_____

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5. Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(2)

Amount entitled to priority

$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11/24/09

Signature: The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*(signature)* ALEX RUSSO, VICE PRESIDENT

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

**ATTACHMENT TO PROOF OF CLAIM OF GENERAL FOODS CREDIT
CORPORATION, AS OWNER PARTICIPANT, WITH RESPECT TO THE TAX
INDEMNITY AGREEMENT AND PARTICIPATION AGREEMENT MADE BY
DEBTOR MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORP.)
AS LESSEE IN RESPECT OF CERTAIN AUTOMOBILE MANUFACTURING
EQUIPMENT (THE "EQUIPMENT")**

(TIA 2000 A-1)

General Foods Credit Corporation ("Owner Participant") submits this attachment to its

proof of claim (the "Proof of Claim") against debtor-in-possession Motors Liquidation Company

f/k/a General Motors Corporation (Tax ID # 38-0572515) (the "Lessee" or the "Debtor") with

respect to the Lessee's obligations to or for the benefit of Owner Participant under (i) a Tax

Indemnity Agreement dated as of December 15, 2000 (as amended, restated, and supplemented

from time to time, the "TIA"), (ii) a Participation Agreement dated as of December 15, 2000 (as

amended, restated, and supplemented from time to time, the "Participation Agreement") and (iii)

certain other agreements delivered in connection with the GM 2000A-1 leveraged lease

transaction of the Equipment (the "Leveraged Lease Transaction") as set forth below.

**The Leveraged Lease Transaction**

1.      Owner Participant has claims against the Debtor for indemnification based on the

Lessee's agreement (i) to indemnify Owner Participant for certain tax liabilities pursuant to the

TIA, and (ii) to indemnify Owner Participant for certain other losses pursuant to general

indemnity agreements set forth in the Lease and/or in the Participation Agreement.  Capitalized

terms used but not defined herein shall have the meanings ascribed to such terms in the Lease

Agreement dated as of December 15, 2000 (as amended, restated and supplemented from time to

time, the "Lease").    The aggregate amount of Owner Participant's claims exceeds

$49,214,795.90, as set out below.  The Owner Participant is also asserting claims on behalf of

the Owner Trustee and Indenture Trustee for a damages claim payable pursuant to the Lease which are set forth in a separate Proof of Claim.

2.      Owner Participant is the sole beneficial owner of the Equipment pursuant to that certain Trust Agreement dated as of December 15, 2000 between the Owner Trustee identified therein and the Owner Participant (as amended, restated, and supplemented from time to time, the "Trust Agreement"). The Trust Agreement created a trust for the Equipment, established an Owner Trustee for such Equipment, and vested beneficial ownership of such Equipment in the Owner Participant.

3.      Concurrently with Owner Participant's acquisition of the Equipment, the Owner Trustee leased the Equipment to the Lessee pursuant to the Lease.

4.      Owner Participant invested approximately 20% percent of the total purchase price of the Equipment. To finance the balance of the purchase price for the Equipment, Owner Participant caused the Owner Trustee to issue "Equipment Notes" under that certain trust indenture and security agreement dated as of December 15, 2000 (collectively, as amended, restated, and supplemented from time to time, the "Trust Indenture"), between the Owner Trustee and the Indenture Trustee. The Equipment Notes issued pursuant to the Trust Indenture are secured by liens granted by the Owner Trustee to the Indenture Trustee on the Equipment and the Owner Trustee's pledge of certain of its rights under, among other things, the Lease. Except as expressly provided herein, the claims asserted in this Proof of Claim belong solely to Owner Participant, are not part of the trust estate held by the Owner Trustee and have not been pledged to the Indenture Trustee.

5.      To induce Owner Participant to make its equity investment and to enter into the Leveraged Lease Transaction, the Lessee agreed, among other things, to indemnify Owner

Participant directly for the imposition of certain tax liabilities or the loss of certain tax benefits to which it is entitled as the beneficial owner of the Equipment. This indemnification obligation is set forth in the TIA. Specifically, pursuant to Section 5 of the TIA, if Owner Participant suffers an imposition of tax or a loss of tax benefits as the result of an act or omission on the part of Lessee, the Lessee is required to indemnify Owner Participant for such Loss of Deductions or Income Inclusion by making a payment to Owner Participant in an amount sufficient to cover the Owner Participant's Loss with respect thereto.

6.      In addition, the Lessee agreed to indemnify Owner Participant for certain other losses, including the costs and expenses incurred by Owner Participant as a result of the Lessee's failure to perform its obligations under the Operative Documents. This general indemnity obligation is set forth in Section 23 of the Lease and Section 9 of the Participation Agreement.

### The Owner Participant Has or Will Have Tax Indemnity Claims

7.      The Debtor's bankruptcy filing is an Event of Default under the Lease giving the Indenture Trustee the right to foreclose the Owner Participant's right, title and interest in and to the Equipment. A foreclosure or other event could occur following rejection of the Lease by the Lessee in its bankruptcy case or during the bankruptcy or after emergence following the Debtor's assumption of the Lease, that gives rise to the imposition of a tax against the Owner Participant or to the loss of the Owner Participant's tax benefits, in each case giving rise to the Lessee's indemnity obligations under the TIA. Owner Participant's experience in other chapter 11 bankruptcies suggests that if the foreclosure has not taken place prior to a debtor's emergence from bankruptcy it will take place shortly thereafter. Therefore, while the tax indemnity claim is contingent as of the filing of this Proof of Claim, there is a high likelihood that an event giving rise to a claim under the TIA will occur in the near term.

31911326_V1.DOC                              3

8.     The tax indemnity claim set forth in the Proof of Claim is calculated as of the petition date and will be adjusted to reflect the actual date of the event that triggers the claim under the TIA.  Owner Participant's claims under the general indemnity provisions of the Participation Agreement are calculated as of the date hereof.  Owner Participant will supplement and/or amend the Proof of Claim as necessary to take into account any other intervening events.

**The Tax Indemnity Claim**

9.     In Section 5 of the TIA, the Lessee agreed to indemnify Owner Participant for certain tax liabilities and the loss of any tax benefits to which it was entitled as owner of the Equipment, including any such loss which occurs as a result of Lessee.  The Lessee's failure to honor its obligations under the Lease and other Operative Documents, and the resulting foreclosure against the Equipment, will cause Owner Participant to suffer a loss of tax benefits.  Such Loss, in turn, triggers the Lessee's contractual obligation to indemnify Owner Participant.

10.     The measure of the Lessee's tax indemnity liability to Owner Participant is specifically set out in the TIA.  The TIA requires the Lessee to make a payment to Owner Participant in an amount that is sufficient to cover the Owner Participant's Loss to be with respect to the tax liabilities that become payable as the result of an act or omission on the part of Lessee.  See TIA, § 5.  By tying the Lessee's indemnity obligation to Owner Participant's Loss, the parties agreed that Owner Participant would receive indemnification in an amount that, with respect to such tax liabilities, would be sufficient to maintain the "anticipated after-tax yield" and "aggregate after-tax cash flow" that Owner Participant was contractually entitled to receive on its investment in the Leveraged Lease Transaction.

11.     The methodology for computation of the Lessee's tax indemnity liability also is set forth in the TIA.  That methodology begins with the calculation of the Loss suffered by Owner Participant.  In this case, the loss is the tax liability that Owner Participant will incur as a

result of the failure of the Lessee to perform its obligations under the Operative Documents, and the resulting foreclosure against the Equipment. Upon such event, Owner Participant's tax liability is to be determined by multiplying Owner Participant's tax rate (calculated based on the assumptions specified in Section 2 of the TIA by the taxable income recognized by Owner Participant. The taxable income resulting from the foregoing foreclosure will equal the excess of (a) the sum of the amount of the non-recourse loans outstanding and all other amounts owing under the Trust Indenture over (b) any remaining tax basis in the Equipment.

12.    Furthermore, the TIA requires that the payment by the Lessee indemnify Owner Participant for such tax liability on an after-tax basis (utilizing the maximum marginal rate of taxation applicable to corporations at the time such indemnity payment is due, rather than the rate set forth in Section 2 of the TIA). *See* TIA, § 5.

### The Tax Indemnity Claim Belongs Solely to the Owner Participant

13.    The Tax Indemnity Claim belongs solely to Owner Participant. It has not been pledged to the Indenture Trustee or to the holders of the Equipment Notes to secure the obligations owed by the Owner Trustee under the Trust Indenture. Moreover, the TIA is a contract directly between the Lessee and Owner Participant. The Owner Trustee is not a party. Second, the TIA provides that all payments owed under the TIA shall be made directly by Lessee to Owner Participant. The TIA further states unequivocally that "no such payment shall constitute part of the corpus of the Trust Estate" and, under the Operative Documents, the Certificate holders have agreed that they are to be paid solely from income and proceeds of the Indenture Estate. *See* TIA, § 11. Third, under the Trust Indenture, the Owner Trustee pledges only certain of its own rights under the Indenture Documents, which do not include the TIA. Even if the Owner Trustee attempted to pledge the Tax Indemnity Claim, it could not do so because it is not party to the TIA and is, thus, without power to pledge rights under that

agreement. Consequently, neither the Indenture Trustee nor any other party can assert, compromise or otherwise affect Owner Participant's tax indemnity claim. In addition, the Operative Documents require that Stipulated Loss Value and Termination Value be reduced to reflect, among other things, obligations under the TIA. The Operative Documents provide a mechanism to cause the scheduled amount of Stipulated Loss Value to be reduced by the amount of the Lessee's obligation to the Owner Participant under the TIA, and consequently, allows the Lessee to protect its estate from excessive claims being asserted by the Indenture Trustee.

### General Indemnity Claim

14.    In Section 23 of the Lease and Section 9 of the Participation Agreement, the Lessee agreed to indemnify Owner Participant for all expenses incurred by Owner Participant in any way "relating to or arising out of" the Operative Documents. As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors relating to, among other things, the Lessee's filing of its chapter 11 case and breach of the Operative Documents. As with the tax indemnity claim, the below claims based on the general indemnity provisions of the Participation Agreement and the Lease belong solely to Owner Participant and have not been pledged to the Indenture Trustee or to the holders of the Equipment Notes.

15.    As a consequence of the Lessee's defaults under the Lease and other Operative Documents, Owner Participant has incurred and will continue to incur losses, including the fees and expenses of its attorneys and other professional advisors (including the fees and expense reimbursements owed to each of Kaye Scholer LLP, Harbour-Felax Group, and Independent Equipment Company) relating to, among other things, the Debtor's filing of its chapter 11 case and breach of the Operative Documents. Also as a consequence of such defaults, the Owner

Participant has incurred out-of-pocket travel expenses for its personnel to inspect the Equipment and attend meetings called by the Debtor.

16.    Owner Participant's claim for payment and/or reimbursement of such fees and expenses in respect of the Leveraged Lease Transaction is in an amount not less than $131,814.37 consisting of the following amounts: (i) $86,315.05 owed to Kaye Scholer LLP; (ii) $17,949.04 owed to Harbour-Felax Group; (iii) $25,657.90 owed to Independent Equipment Company; and (iv) $1,892.38 in out-of-pocket travel expenses.    These amounts has been calculated through a date shortly before the filing of the Proof of Claim and, accordingly, Owner Participant reserves the right to supplement the Proof of Claim to set forth additional losses covered by the Lessee's general indemnity obligations, including without limitation the amounts of fees and expenses incurred after such date.

17.    Pursuant to the terms of the Trust Agreement or Indenture, the Owner Participant or Owner Trustee may have an obligation to reimburse the Owner Trustee, the Indenture Trustee, and the Loan Participants for legal fees and expenses and other expenses incurred by them respectively.    The Owner Participant demands reimbursement for any such amounts, which cannot be determined at this time.

18.    As a result of the commencement of Lessee's bankruptcy's case, the Owner Participant may suffer other losses, costs, and expenses, including without limitation losses to its anticipated economic return, that are indemnifiable by Lessee under the general indemnity and general tax indemnity or other provisions of the Participation Agreement, Lease or TIA.

**Total Claim Amount**

19.    As a result of the foregoing, the aggregate amount of Owner Participant's claim set forth herein as of the date of filing of the Proof of Claim is $49,214,795.90, consisting of: (i) $49,082,981.53 (which amount is Owner Participant's tax indemnity claim); and

(ii) $131,814.37 (which amount is Owner Participant's claim for indemnification of fees and expenses pursuant to the Participation Agreement and/or the Lease).

**Miscellaneous**

20.    The amount of all payments on the claims set forth in this Proof of Claim, including all prepetition payments made by the Lessee, has been credited and deducted for the purposes of making this Proof of Claim.

21.    No judgment has been rendered on the claims set forth in this Proof of Claim.

22.    To the best of Owner Participant's knowledge, the claims set forth in this Proof of Claim are not subject to any valid setoff or counterclaim by the Debtor; *provided*, *however*, Owner Participant expressly reserves and does not waive any setoff or recoupment rights that it may possess.

23.    This Proof of Claim is asserted as a general unsecured claim.

24.    The filing of this Proof of Claim is not intended to and does not submit the Owner Participant to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for any purpose. Owner Participant is filing this Proof of Claim under compulsion of the November 30, 2009 Bar Date Order established by the Bankruptcy Court to protect itself from the forfeiture of its claims against the Debtor by reason of such Bar Date Order.

25.    This Proof of Claim is without prejudice to claims, if any, that Owner Participant has or may have for payment of any other administrative expense allowable under Section 503(b) of the Bankruptcy Code with respect to any transaction arising out of the Operative Documents, whether or not such amounts are included in this Proof of Claim, and Owner Participant expressly reserves its rights to file such claim or any similar claim at an appropriate time.

26.     The Operative Documents are voluminous, and the Debtor has copies of them. Consequently none of the Operative Documents for the Leveraged Lease Transaction has been attached hereto.   Copies of the Operative Documents will be provided to the Debtor or its representatives and to other appropriate parties in interest upon request to Kaye Scholer LLP at the address for notices set forth below.

27.     Owner Participant expressly reserves its right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, including, without limitation, for the purpose of asserting additional amounts with respect to the claims described herein; and/or (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents.   This Proof of Claim is filed without prejudice to the filing by Owner Participant of additional proofs of claim with respect to any other liability or indebtedness of the Lessee.   Owner Participant does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.   Owner Participant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against the Owner Participant by the Lessee or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.   In addition, Owner Participant reserves the right to withdraw this Proof of Claim with respect to any of the claims set forth herein for any reason whatsoever.

28.     The claims set forth herein are subject to modification pursuant to the terms of a letter agreement dated as of October 30, 2009 between General Motors LLC and Philip Morris Capital Corporation, parent company of the Owner Participant, in the event that the Lease is assumed by Lessee and assigned to General Motors LLC as contemplated therein.

29.     All notices and distributions in respect of this claim should be forwarded to:

> Phillip Morris Capital Corporation
> 225 High Ridge Road, Suite 300 West
> Stamford, CT 06905
> Attn.: General Counsel
>
> With a copy to:
>
> Kaye Scholer LLP
> 425 Park Avenue
> New York, New York  10022
> Attn:   Richard G. Smolev, Esq.

30.     Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of Owner Participant's rights against any other entity or person liable for all or party of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commences with respect thereto, or any other proceedings commenced in this case against or otherwise involving Owner Participant; (c) a waiver of any right to the subordination, in favor of Owner Participant, of indebtedness or liens held by creditors of the Lessee or its affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Owner Participant.