KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Amy Caton
Philip Bentley

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                               :

In re:                                   :      Chapter 11 Case No.:
                               :

MOTORS LIQUIDATION COMPANY, et al.      :      09-50026 (REG)
          f/k/a General Motors Corp., et al.      :

                      Debtors.      :      (Jointly Administered)
                               :

------------------------------------------------------------------ X

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on April 29, 2010, at 9:45 a.m. (prevailing Eastern Time) to consider the Application of The Official Committee of Unsecured Creditors of Motors Liquidation Company for Entry of an Order Authorizing the Employment and Retention of Bates White, LLC as The Committee's Consultant on the Valuation of Asbestos Liabilities *nunc pro tunc* to March 16, 2010 (the "**Application**").

PLEASE TAKE FURTHER NOTICE that that objections, if any, to the Application must

be made in writing, with a hard copy to Chambers; conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules for the United States Bankruptcy Court Southern District of New

York; and be filed with the Bankruptcy Court so as to be actually received by the applicant not

later than 4:00 p.m. (prevailing Eastern Time) on April 22, 2010.

Dated:   New York, New York
         April 12, 2010

                          KRAMER LEVIN NAFTALIS & FRANKEL LLP


                          By:   /s/ Amy Caton
                                Thomas Moers Mayer
                                Amy Caton
                                Philip Bentley
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Phone: (212) 715-3275
                                Fax: (212) 715-8000

                                Counsel for the Official Committee of
                                Unsecured Creditors of Motors Liquidation
                                Company., *et al.*

**Hearing Date and Time: April 29, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: April 22, 2010 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Amy Caton
Philip Bentley

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------- X | : | |
| In re: | : | Chapter 11 Case No.: |
| | : | |
| MOTORS LIQUIDATION COMPANY, et al. | : | 09-50026 (REG) |
|     f/k/a General Motors Corp., et al. | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------- X | | |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BATES WHITE, LLC AS THE COMMITTEE'S CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES *NUNC PRO TUNC* TO MARCH 16, 2010

The Official Committee of Unsecured Creditors (the "**Committee**") of Motors

Liquidation Company and its affiliated debtors and debtors in possession (collectively, the

"**Debtors**"), by and through its counsel, Kramer Levin Naftalis & Frankel LLP ("**Kramer**

**Levin**"), submits this application (the "**Application**"), pursuant to sections 105(a), 328, and

1103(c) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order (the

"**Order**"), attached hereto as **Exhibit A**, authorizing the Committee's employment and retention

of Bates White, LLC ("**Bates White**") as consultant on the valuation of asbestos liabilities (the

"**Asbestos Consultant**") for the Committee in connection with the Debtors' chapter 11 cases

KL2 2643725.1

*nunc pro tunc* to March 16, 2010.  In support of this Application, the Committee submits the Declaration of Charles E. Bates, Ph.D., Chairman of Bates White (the "**Bates Declaration**"), which is annexed hereto as **Exhibit B**.  In further support of the Application, the Committee respectfully represents as follows:

**JURISDICTION**

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory bases for the relief sought are 28 U.S.C. §§ 328 and 1103.

**BACKGROUND**

3.  On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  On June 3, 2009 (the "**Formation Date**"), the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases.

5.  On June 3, 2009, the Committee selected Kramer Levin as its counsel.

**RELIEF REQUESTED**

6.  The Committee has concluded it has need of a consultant on asbestos liabilities and has determined to employ Bates White.  Dr. Charles E. Bates will be the principal partner responsible for this project.

7.  By this Application, the Committee seeks entry of an order authorizing the

KL2 2643725.1

employment and retention of Bates White as its Asbestos Consultant. The Committee believes that the retention of Bates White to assist the Committee in investigating the Debtors' asbestos liabilities will further the Committee's ability to serve the interest of general unsecured creditors, as prescribed in Bankruptcy Code section 1103(c)(5).[1] Bates White has extensive experience providing expert guidance on asbestos liability estimation to creditors' committees in numerous bankruptcy proceedings and has an excellent reputation for the services it has rendered in other chapter 11 asbestos-related cases throughout the country.

## Basis for Relief Sought

8. To assist the Committee with its statutory rights and duties under section 1103(c) of the Bankruptcy Code, a Committee may retain experts and consultants. *See* 11 U.S.C. §§ 328(a) and 1103(a). Bates White's services are required to enable the Committee to investigate, analyze and estimate the likely amount of asbestos claims against the Debtors' estates. A fair and accurate valuation of these claims is necessary for the Committee to participate in the administration of these cases and the negotiation of a plan of liquidation and otherwise to perform its duties as the representative of general unsecured creditors.

## Scope of Service

9. Bates White is a consulting firm providing services focused on the analysis and estimation of mass tort claims. The Committee anticipates that Bates White will render consulting services to the Committee as needed, including, but not limited to:

(a) Estimation of the number and value of present and future asbestos personal injury claims;

(b) Assisting the Committee in negotiations with various parties and the review and analysis of any proposed disclosure statement, plan or similar documents relating to the liquidation of the Debtors' estates;

---

[1]    11 U.S.C. § 1103 provides, in pertinent part, that "…a committee appointed under section 1102 of this title may . . . perform such other services as are in the interest of those represented." 11 U.S.C. § 1103(c)(5).

KL2 2643725.1

(c) Review and analysis of the Debtors' asbestos claims database and of the Debtors' resolution of various asbestos claims;

(d) Review and analysis of the structure of any asbestos trust pursuant to a plan of liquidation;

(e) Assisting the Committee in preparing expert testimony or reports and in the evaluation of reports and testimony by other experts and consultants; and

(f) Such other advisory services as may be requested by the Committee.

The Committee has selected Bates White based upon its considerable experience with, and knowledge of, asbestos claims and valuation. As indicated in the Bates Declaration and in Dr. Bates' resume, attached thereto, Dr. Bates has extensive experience in providing expert testimony and guidance on asbestos claims in bankruptcy and litigation matters. Included among the matters in which Dr. Bates has provided or is currently providing asbestos-related expert testimony services are the Owens Corning, Fibreboard, National Gypsum, United States Gypsum, Armstrong, Federal Mogul, GAF, Turner & Newall, Abex, Kaiser, Congoleum, CSX, IMO, Warren, Foster Wheeler, ASARCO, Plibrico, Babcock & Wilcox, W.R. Grace, and MacArthur Company bankruptcies. In addition, Dr. Bates testified at the Senate Judiciary Committee's hearing on the economic viability of the Trust Fund proposed under S.852, the Fairness in Asbestos Injury Resolution (FAIR) Act of 2005.

### **Terms of Retention**

10. Bates White has indicated its willingness to serve as Asbestos Consultant for the Committee and to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of the retention agreement (and pricing schedule annexed thereto, together, the "**Retention Agreement**") by and between the Committee and Bates White (a copy of which is annexed hereto as **Exhibit C**), and the provisions of sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.

11. The Committee respectfully submits that the rates charged by Bates White are fair and reasonable and have been negotiated with the Committee.  Bates White's current hourly rates for its personnel are as follows:

- *Partner* (Charles E. Bates)          $850
- *Principal*                           $425-$525
- *Manager* (Rachel Grinberg)           $395
- *Senior Consultant*                   $325-$350
- *Consultant II*                       $275-$295
- *Consultant I*                        $255
- *Project Coordinator*                 $225
- *Project Assistant*                   $200
- *Research Assistant*                  $160

Bates White's current hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.

12. Bates White's hourly billing rates are not intended to cover out-of-pocket expenses and certain elements of other expenses that are typically billed separately. Accordingly, Bates White regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, *inter alia*, word processing, secretarial time, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer-aided research. Bates White has agreed that it will only seek reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and the guidelines established by the United States Trustee.

### Bates White's Disinterestedness

13. Based upon the Bates Declaration, sworn to on April 8, 2010, annexed hereto as Exhibit B and incorporated herein by reference, to the best of the Committee's knowledge, except as stated in the Bates Declaration: (i) Bates White is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code; (ii) Bates White does not have any connection with the Debtor or any other party-in-interest; and (iii) Bates White does not hold or represent any interest adverse to the Committee or the unsecured creditors, which the Committee represents, in the matters for which it is to be retained.

14. To the extent that Bates White discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Bates White will supplement the Bates Declaration.

## NO PRIOR REQUEST

15. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee requests the entry of an Order (a) granting the Application; and (b) granting such other or further relief as the Court deems appropriate.

Dated: New York, New York
April 12, 2010

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF MOTORS
LIQUIDATION COMPANY, et al.,**

By:      /s/ David A. Vanaskey Jr.
David A. Vanaskey Jr.
Vice President
Wilmington Trust Company, as Indenture Trustee
Chairman, Official Committee of Unsecured
Creditors for Motors Liquidation Company., et al.

KL2 2643725.1

# EXHIBIT A

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11 Case No.:
                                                                 :
MOTORS LIQUIDATION COMPANY, et al.                               :    09-50026 (REG)
      f/k/a General Motors Corp., et al.                :
                                                                 :
    Debtors.                                            :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X    **Related Docket No. _____**

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BATES WHITE, LLC AS THE COMMITTEE'S CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES *NUNC PRO TUNC* TO MARCH 16, 2010

Upon the Application of the Official Committee of Unsecured Creditors of Motors Liquidation Company for Entry of an Order Authorizing the Employment and Retention of Bates White, LLC as the Committee's Consultant on the Valuation of Asbestos Liabilities *Nunc Pro Tunc* to March 16, 2010 (the "**Application**"); and upon the Declaration of Dr. Charles Bates (the "**Bates Declaration**"), a member of Bates White, LLC ("**Bates White**") in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Bates Declaration, that Bates White neither represents nor holds any interest adverse to the Debtors and their estates with respect to the services described in the Application; that its employment is necessary and in the best interests of the Committee and the Debtors' estates; and sufficient cause appearing therefor, it is hereby

    1.  ORDERED that the Application is granted; and it is further

    2.  ORDERED that, in accordance with sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Committee is authorized to retain and employ Bates White as its consultant for the purpose of providing valuation of asbestos liabilities for the

Committee in connection with the Debtors' chapter 11 cases in accordance with the terms specified in the Application and the engagement letter attached thereto, *nunc pro tunc* to March 16, 2010; and it is further

3.    ORDERED that Bates White shall be compensated in such amounts as may be allowed by the Court upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures set forth in sections 328, 330 and 331 of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, and such other procedures has have been or may be established by order of this Court.

Dated: _____, 2010
         New York, New York


_____
         The Honorable Robert E. Gerber
         United States Bankruptcy Judge

KL2 2643725.1

# EXHIBIT B

## Bates Declaration

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Amy Caton
Philip Bentley

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11 Case No.:
                                                                 :
MOTORS LIQUIDATION COMPANY, et al.                               :    09-50026 (REG)
     f/k/a General Motors Corp., et al.                        :
                                                                 :
    Debtors.                                                    :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X

### DECLARATION OF DR. CHARLES E. BATES IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BATES WHITE, LLC AS THE COMMITTEE'S CONSULTANT ON THE VALUATION OF ASBESTOS LIABILITIES *NUNC PRO TUNC* TO MARCH 16, 2010

Pursuant to Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy

Procedures, CHARLES E. BATES, PHD, declares:

1. I am a member of the firm Bates White, LLC ("**Bates White**"), which maintains

an office at 1300 Eye Street, NW, Suite 600, Washington, D.C. 20005. A copy of my curriculum

vitae is attached as **Exhibit 1**.

2. This declaration (the "**Declaration**") is being submitted in support of the

Application of the Official Committee of Unsecured Creditors of Motors Liquidation Company

for Entry of an Order Authorizing the Employment and Retention of Bates White, LLC as the Committee's Consultant on the Valuation of Asbestos Liabilities *Nunc Pro Tunc* to March 16, 2010 (the "**Application**").

3.    Bates White is a consulting firm providing, *inter alia*, services focused on the analysis and estimation of mass tort claims.  Bates White is well-qualified to serve as the Official Committee of Unsecured Creditors' (the "**Committee**") consultant in that, among other things, its members have extensive experience providing expert guidance on asbestos liability estimation to creditors' committees in numerous bankruptcy proceedings.  In particular, Bates White's members have provided services to debtors, creditors, and insurers in numerous chapter 11 cases, including *inter alia* the Owens Corning Fibreboard, National Gypsum, United States Gypsum, Armstrong, Federal Mogul, GAF, Turner & Newall, Kaiser, Congoleum, ASARCO, Plibrico, Babcock & Wilcox, W.R. Grace, and MacArthur Company bankruptcies.

### Scope of Service

4.    The Committee anticipates that Bates White will render consulting services to the Committee as needed, including, but not limited to:

(a) Estimation of the number and value of present and future asbestos personal injury claims;

(b) Assisting the Committee in negotiations with various parties and the review and analysis of any proposed disclosure statement, plan or similar documents relating to the liquidation of the Debtors' estates;

(c) Review and analysis of the Debtors' asbestos claims database and of the Debtors' resolution of various asbestos claims;

(d) Review and analysis of the structure of any asbestos trust pursuant to a plan of liquidation;

(e) Assisting the Committee in preparing expert testimony or reports and in the evaluation of reports and testimony by other experts and consultants; and

(f) Such other advisory services as may be requested by the Committee.

2

## **Terms of Retention**

5.   Bates White has indicated its willingness to serve as Asbestos Consultant for the Committee and to receive compensation and reimbursement in accordance with its standard billing practices, the provisions of the retention agreement (and pricing schedule annexed thereto, together, the "**Retention Agreement**") by and between the Committee and Bates White, a copy of which is annexed as **Exhibit C** to the Application, and the provisions of sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.   Bates White's current hourly rates for its personnel are as follows:

- *Partner* (Charles E. Bates)        $850
- *Principal*                         $425-$525
- *Manager* (Rachel Grinberg)         $395
- *Senior Consultant*                 $325-$350
- *Consultant II*                     $275-$295
- *Consultant I*                      $255
- *Project Coordinator*               $225
- *Project Assistant*                 $200
- *Research Assistant*                $160

6.   In addition, also subject to allowance by this Court in accordance with all applicable law, Bates White shall submit for reimbursement all of its reasonable out-of-pocket expenses incurred in connection with Bates White's employment in this matter.

7.   No promises have been received by Bates White as to compensation in connection with these cases other than as outlined in this Declaration and the Application in accordance with the provisions of the Bankruptcy Code.   Bates White has no agreement with any other entity to share any compensation received.

8.   The terms of Bates White's employment and compensation as described in this Declaration and the Application are consistent with employment and compensation arrangements typically entered into by Bates White when providing such advisory services and are competitive

KL2 2643725.1

with those arrangements entered into by other advisory firms when rendering comparable services.

### Bates White's Disinterestedness

9.   To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, except as set forth below, neither Bates White nor I have any connections with and do not have or represent any interest materially adverse to the interests of the Committee, the Debtors, their creditors, or any other parties in interest.

10. Bates White previously has provided or is providing consulting and expert services relating to asbestos, antitrust, and finance that are substantively unrelated to the present proceeding to the following parties in interest:  AT&T (including various subsidiaries thereof), SAP, Morgan Stanley and Co., Pfizer Inc., Internal Revenue Service, Allianz Insurance Company, Borg Warner, Inc., ZF Meritor LLC, American Electric Power Company, CenterPoint Energy, Inc.,  Reliant Energy Solutions, LLC, Northern Illinois Gas Company d/b/a Nicor, Coca-Cola Company, Traveller's Insurance Company, Zurich Insurance Company, Skadden, Arps, Slate, Meagher & Flom, LLP, and Kirkland & Ellis.  In addition, Bates White was previously retained by Dickstein Shapiro Morin and Oshinsky to provide confidential consulting services on behalf of General Motors in the insurance coverage action against Royal Indemnity Corp. as to Royal Indemnity's ability to pay its asbestos obligations.  This work was completed in 2005. However, I do not believe that Bates White's work in these unrelated matters renders Bates White not "disinterested" within the meaning of the Bankruptcy Code.

11. Given the large number of unsecured creditors and other parties in interest in these chapter 11 cases, there may be other unsecured creditors and parties in interest that have been served by Bates White. While Bates White may have provided, or may in the future

4

provide, substantively unrelated expert or consulting services to parties in interest in these cases, none of those relationships or matters has or will have any connection with these chapter 11 cases.    Bates While will file supplementary affidavits regarding this retention if additional relevant information is obtained.

12. Bates White is not and never was a creditor, equity security holder, or an insider of any of the Debtors.

13. Bates White is not and was not, within two years before the petition date, a director, officer, or employee of any of the Debtors, nor did it provide services to any of the Debtors, except that Bates White has provided sporadic transfer pricing consulting services to General Motors Corporation within the past two years.

14. Accordingly, to the best of my knowledge, information and belief, Bates White is a "disinterested person" as such term is defined by section 101(14) of the Bankruptcy Code.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Washington, D.C.
    April 8, 2010

_Charles E Bates_
_____
            Charles E. Bates, PhD

# EXHIBIT 1

# Curriculum Vitae

KL2 2643725.1

∴ ∙ ∙ B A T E S ∙ W H I T E ∙ ∙ ∴

## Charles E. Bates, PhD
**Chairman**

### Summary of experience

Charles E. Bates has extensive experience in statistics, econometric modeling, and economic analysis. He specializes in the application of statistics and computer modeling to economic and financial issues. Dr. Bates has more than 20 years of experience and provides clients with a wide range of litigation and commercial consulting services, including expert testimony and guidance on economic and statistical issues.

Dr. Bates is a recognized expert in asbestos-related matters. He speaks in national and international forums on the asbestos litigation environment and estimation issues. Dr. Bates is frequently retained to serve as an expert on such matters in large litigations and has testified before the United States Senate Judiciary Committee and Federal Bankruptcy Court.

### Areas of expertise

- Asbestos liability estimation
- Economic Analysis
- Econometrics
- Statistical Analysis
- Microsimulation Modeling
- Data Decision Tools and Database Design/Applications

### Selected asbestos experience

- Testified in deposition on behalf of the ASARCO Unsecured Creditors Committee in the ASARCO bankruptcy proceedings regarding the valuation of past and future asbestos-related personal injury claims.
- Authored expert report and provided deposition testimony on behalf of the policyholder in the matter of *Imo Industries, Inc. v. Transamerica Corp.*

Charles E. Bates, PhD
Bates White, LLC
Page 2 of 6

- Currently retained as an expert by Fortune 500 companies to produce asbestos expenditure estimates for annual and quarterly financial statements. Estimations aid clients with Sarbanes-Oxley compliance.

- Currently retained as an expert in asbestos estimation and insurance valuation, for numerous asbestos litigation matters, on behalf of insurance companies, corporations, and financial creditors' committees of federal bankruptcy proceedings.

- Testified before the Senate Judiciary Committee on the economic viability of the Trust Fund proposed under S.852, the Fairness in Asbestos Injury Resolution (FAIR) Act of 2005. Testimony clarified Bates White's independent analysis on the estimate of potential entitlements created by the administrative no-fault trust fund that uses medical criteria for claims-filing eligibility.

- Testified in deposition on behalf of Liberty Mutual Insurance Company in the Plibrico bankruptcy proceedings regarding the valuation of past and future asbestos personal injury claims and exposure criteria in plan proponents proposed trust distribution procedures.

- Testified at deposition on behalf of the joint insurers defense committee to address the fraction of expenditures associated with the company's asbestos installation operations in *Owens Corning v. Birmingham Fire Insurance Company of Pennsylvania.*

- Testified in the Babcock & Wilcox bankruptcy confirmation hearing on behalf of the Insurers Joint Defense Group to address asbestos liability. Developed claims criteria evaluation framework to assess asbestos liability forecasts and trust distribution procedures.

- Testified at deposition on behalf of Sealed Air in the fraudulent conveyance matter regarding the 1998 acquisition of Cryovac from W.R. Grace. Directed estimation of foreseeable asbestos liability for fraudulent conveyance matter to advise the debtor in the recent bankruptcy of a defendant with over $200 million in annual asbestos payments. Developed asbestos liability forecasting model and software. Directed industry research and interviewed industry experts.

- Testified at deposition on behalf of Hartford Financial Services Group to address the asbestos liability of MacArthur Company and Western MacArthur Company. Estimated asbestos liability in the context of bankruptcy proceedings.

Charles E. Bates, PhD
Bates White, LLC
Page 3 of 6

- Testified at deposition on behalf of the Center for Claims Resolution in arbitration proceedings of *GAF v. Center for Claims Resolution*.

- Served as testifying expert on behalf of CSX Transportation on the suitability of asbestos claim settlements for arbitration proceedings of *CSX Transportation, Inc. v. Lloyd's, London*.

- Developed an econometric model of property damage lawsuits for estimating the future liability of a former asbestos manufacturer arising from the presence of its asbestos products in buildings.

**Selected litigation and consulting experience**

- Testified in United States Tax Court on behalf of the taxpayers on the statistical basis and accuracy of shrinkage accruals in *Kroger v. Commissioner*.

- Served as consulting expert and performed statistical and quantitative analyses to assess the merits of a class action alleging payment of fees to mortgage brokers for referral of federally related mortgage loans.

- Testified in United States Tax Court on behalf of the taxpayer analyzing the statistical prediction of bond ratings using company financial data in *Nestlé Holdings Inc. v. Commissioner*.

- Submitted written expert testimony on the statistical and financial analysis of option transactions and an analysis of alternative stock option hedges in *McMahon, Brafman, and Morgan v. Commissioner*.

- Testified in United States Tax Court on behalf of the taxpayers of IRS experts on the statistical basis and accuracy of shrinkage accruals in *Wal-Mart v. Commissioner*.

- Served as consulting expert and analyzed the racial composition for a large manufacturing corporation using EEO data and employed sophisticated statistical analysis and modeling to determine the validity and strength of an employment discrimination claim.

- Testified on behalf of VNC in the arbitration hearing of *VNC v. MedPartners*.

- Provided expert testimony in California Superior Court on the validity of economic comparability adjustments for pipeline easement rents in *Southern Pacific Transportation Corp. v. Santa Fe Pacific Corp.*

Charles E. Bates, PhD
Bates White, LLC
Page 4 of 6

- Served as statistical expert and developed detailed statistical analysis of customs trade data for use in criminal transfer-pricing litigation.

- Submitted written testimony in United States Tax Court on the beneficial life of company credit card in a tax matter for a large retailer drawing on the company's point-of-sale data, credit card data, and customer demographic information.

- Developed state-of-the-art models to account for default correlation for underwriting credit insurance; models became the standard tools for the country's largest credit insurance firm.

- Led a team of economists that provided litigation-consulting services in one of the largest U.S. price-fixing cases. Case involved the development of state-of-the-art economic models, damages' analyses, client presentations, pretrial discovery, industry research, preparation of evidence and testimony, depositions, and a critique of opposing expert analyses and reports.

- For a start-up global telecommunications enterprise, provided consulting services and developed a comprehensive computer model to evaluate the firm's financial plan. Model incorporated marketing, pricing, and communications traffic in a single modeling framework to facilitate sensitivity analysis by creditors and to evaluate the risk associated with the strategic business plan.

- Served as senior economic advisor on issues of analytical methodology for numerous pharmacoeconometric and health outcomes research projects. Provided expertise in the development of decision tools and the creative use of modeling applications for pharmacoeconomics and outcomes research.

**Professional experience**

Prior to founding Bates White, Dr. Bates served as a Vice President of A.T. Kearney. Previously, he was the Partner in Charge of the Economic Analysis group at KPMG. Dr. Bates began his career on the faculty of Johns Hopkins University's Department of Economics, where he taught courses in advanced statistical economic analysis and trade theory.

Charles E. Bates, PhD
Bates White, LLC
Page 5 of 6

## Education

- Harvard School of Public Health, Advanced Seminar in Pharmacoeconomics

- PhD, Economics, University of Rochester

- MA, Economics, University of Rochester

- BA, Economics and Mathematics (High Honors), University of California, San Diego

## Publications

- Bates, Charles E., Charles H. Mullin, and Marc C. Scarcella. "The Claiming Game." *Mealey's Litigation Report: Asbestos* 25, no. 1 (February 3, 2010).

- Bates, Charles E., Charles H. Mullin, and A. Rachel Marquardt. "The Naming Game." *Mealey's Litigation Report: Asbestos* 24, no. 15 (September 2, 2009).

- Bates, Charles E., and Charles H. Mullin. "Show Me The Money." *Mealey's Litigation Report: Asbestos* 22, no. 21 (December 3, 2007).

- Bates, Charles E., and Charles H. Mullin. "The Bankruptcy Wave Of 2000—Companies Sunk By An Ocean Of Recruited Asbestos Claims." *Mealey's Litigation Report: Asbestos* 21, no. 24 (January 24, 2007).

- Bates, Charles E., and Charles H. Mullin. "Having Your Tort and Eating It Too?" *Mealey's Asbestos Bankruptcy Report* 6, no. 4 (November 2006).

- Bates, Charles E., and Halbert White. "Determination of Estimator with Minimum Asymptotic Covariance Matrices." *Econometric Theory* 9 (1993).

- Bates, Charles E., and Halbert White. "Efficient Instrumental Variables Estimation of Systems of Implicit Heterogeneous Nonlinear Dynamic Models with Nonspherical Errors." In *International Symposia in Economic Theory and Econometrics,* vol. 3, edited by W.A. Barnett, E.R. Berndt and H. White. New York: Cambridge University Press, 1988.

- Bates, Charles E. "Instrumental Variables." In *The New Palgrave: A Dictionary of Economics,* edited by John Eatwell, Murray Milgate, and Peter Newman. London: Macmillan, 1987.

- Bates, Charles E., and Halbert White. "An Asymptotic Theory of Consistent Estimation for Parametric Models." *Econometric Theory* 1 (1985).

Charles E. Bates, PhD
Bates White, LLC
Page 6 of 6

## Selected speaking engagements

- "Current Litigation Trends that are Impacting Asbestos Plaintiffs, Defendants, & Insurers." Perrin Conferences Asbestos Litigation Mega Conference, September 14–16, 2009, San Francisco, CA.

- "Verdicts, Settlements and the Future of Values: Where Are We Heading? A Roundtable Discussion." HB Litigation Conferences' Emerging Trends in Asbestos Litigation, March 9–11, 2009, Los Angeles, CA.

- "Role of Bankruptcy Trusts in Civil Asbestos." Mealey's Emerging Trends in Asbestos Litigation Conference, March 3–5, 2008, Los Angeles, CA.

- "The Intersection between Traditional Litigation & the New Bankruptcy Trusts." Mealey's Asbestos Bankruptcy Conference June, June 7–8, 2007, Chicago, IL.

- ABA's Insurance Coverage Litigation Committee conference, March 1–4, 2007, Tucson, AZ.

- Mealey's Asbestos Conference: The New Face of Asbestos Litigation, February 8–9, 2007, Washington, DC.

- Mealey's Asbestos Bankruptcy Conference, December 4–5, 2006, Philadelphia, PA.

- "Seeking Solutions to European Asbestos Claiming: Will it be FAIR?" Keynote address, Mealey's International Asbestos Conference, November 1–2, 2006, London, United Kingdom.

- Mealey's Asbestos Bankruptcy Conference, June 9, 2006, Chicago, IL.

- Harris Martin Publishing Asbestos Litigation Conference, March 2, 2006, Washington DC.

- Mealey's Wall Street Forum: Asbestos Conference, February 8, 2006, New York, NY.

- Mealey's Asbestos Legislation Teleconference, February 7, 2006.

## Professional associations

- National Association of Business Economists

- American Economic Association

- Econometric Society

# EXHIBIT C

# Retention Agreement

March 24, 2010

Via Electronic Mail
Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
pbentley@kramerlevin.com

    Re:    **Motors Liquidation Company**
             **U.S. Bankruptcy Court for the Southern District of New York**
             <u>**Case No. 09-50026 (REG)**</u>

Dear Mr. Bentley:

This letter confirms the engagement, subject to the Court's approval, of Bates White, LLC
("**Bates White**"), effective March 16, 2010, by Kramer Levin Naftalis & Frankel LLP ("**Kramer
Levin**") on behalf of the Official Committee of Unsecured Creditors (the "**Committee**") of
Motors Liquidation Company (f/k/a General Motors Corporation) (the "**Debtors**") in the
above-referenced matter to provide asbestos valuation consulting services and, if necessary,
testimony with respect to the same.

<u>Fees & Expenses</u>

The Bates White project team will consist of myself as Partner, Rachel Grinberg as Manager and
other professional and administrative staff resources as appropriate.  Our fees are based upon
the time actually spent by each assigned staff member at their standard billing rates, on an hourly
basis.  My current billing rate is $850.00 per hour.  Rachel Grinberg's current billing rate is
$395.00 per hour. Our current rates by staff classification range from $160.00 per hour for
Research Assistants to $850.00 per hour for our most senior economists.  A pricing schedule of
Bates White's current hourly rates for its personnel is annexed hereto.  These rates may be
adjusted from time to time to account for economic and other conditions.  In addition, any out-
of-pocket expenses with respect to this engagement (e.g. for travel, research, telephone and
FedEx/ postage) will be billed separately.

Bates White understands that its fees and expenses will be paid by the Debtors, in accordance
with the Court-approved procedures for the payment of retained professionals' fees and
expenses in these chapter 11 cases, and subject to the Court's approval.  Bates White also
understands that in no event will Kramer Levin, the Committee or the Committee's members be
responsible for paying any portion of Bates White's fees and expenses.

In accordance with Brady C. Williamson's (the "**Fee Examiner**") First Status Report, each
month Bates White will provide the Fee Examiner with an estimated monthly budget for
services to be rendered.

Philip Bentley, Esq.
March 24, 2010
Page 2 of 4


## Confidentiality

Bates White agrees to treat all information, other than any publicly available information, received from Kramer Levin or the Debtors and all communications between Bates White and the Committee or Kramer Levin in connection with this engagement as confidential, except as required by process of law or as authorized by Kramer Levin. In addition, Bates White understands that work performed by Bates White as part of this engagement, including, without limitation, any reports Bates White may prepare, will constitute privileged work product.

Notwithstanding the foregoing, all methodologies, procedures, management tools, software, data files, concepts, ideas, inventions, know-how, reports, documents, materials and other intellectual capital that Bates White has developed, created or acquired prior to performing the above-described services ("**Intellectual Capital**") are and shall remain the sole and exclusive property of Bates White, and neither Kramer, Levin nor the Committee shall have or acquire any right, claim, title or interest in or to any Intellectual Capital. Bates White reserves the right to create products similar to the Intellectual Capital so long as the Committee's rights under this agreement in respect of their confidential information are maintained.

## Disclosure

If access to any of the materials in Bates White's possession relating to this engagement is sought by a third party, Bates White will promptly notify Kramer Levin of such action and will cooperate with Kramer Levin concerning its response thereto.

## Disinterestedness

I have reviewed the "Interested Parties" list and Committee member list provided to Bates White by Kramer Levin and confirm (i) that neither Bates White nor any of its principals or staff members has any known material financial interest or business connection with the Debtors; (ii) that Bates White is not aware of any conflicts in connection with this engagement; and (iii) that Bates White is not aware of any other prior material involvement with any of the persons identified in the lists referred to above that in any way relates to the Debtors and/or these chapter 11 cases.


The parties shall not be liable to one another for indirect, special, consequential or exemplary damages, nor shall Bates White be liable for direct damages in excess of fees paid in respect of the services.

I understand that Kramer Levin will promptly apply to the Bankruptcy Court for approval of Bates White's retention in the above-referenced matter.

Kramer Levin, the Committee or Bates White may terminate this agreement upon seven (7) days written notice. If this letter correctly states our arrangements, please sign below where indicated and return it our attention.

Philip Bentley, Esq.
March 24, 2010
Page 3 of 4

Sincerely,

Bates White, LLC

Charles E. Bates
Chairman

Agreed and accepted this _31st_ day of March, 2010

Kramer, Levin, Naftalis & Frankel, LLP on behalf of The Official Committee of Unsecured
Creditors of Motors Liquidation Company (f/k/a General Motors Corporation).

By: _____
Philip Bentley

Philip Bentley, Esq.
March 24, 2010
Page 4 of 4

### Staff hourly rate schedule

| Staff Classification | Hourly rate |
|---|---|
| Partner | $550.00 - $850.00 |
| Principal | $425.00 - $525.00 |
| Manager | $375.00 - $395.00 |
| Senior Consultant | $325.00 - $350.00 |
| Consultant II | $275.00 - $295.00 |
| Consultant I | $255.00 |
| Project Coordinator | $225.00 |
| Project Assistant | $200.00 |
| Research Assistant | $160.00 |