**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                        )
In re                                   )    Chapter 11
                                        )
MOTORS LIQUIDATION COMPANY, *et al.,*   )    Case No. 09-50026 (REG)
                                        )
     f/k/a General Motors Corp., *et al.* )
                                        )
                           Debtors.     )    (Jointly Administered)
------------------------------------------------------------X

### ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION AS HIS COUNSEL AS OF FEBRUARY 24, 2010

Upon the Application, dated March 16, 2010 (the "**Application**"),[1] of Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**"), as attorney for the Future Claimants' Representative, effective as February 24, 2010; and upon the Declaration of Sander L. Esserman, a shareholder of SBEP, attached to the Application as Exhibit A (the "**Esserman Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Esserman Declaration, that SBEP is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code and that SBEP represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Future Claimants' Representative is authorized to employ and retain SBEP as his counsel in this chapter 11 case in accordance with SBEP's normal hourly rates and disbursement policies, all as contemplated by the Application, effective as of February 24, 2010; and SBEP's withdrawal as counsel to the Ad Hoc Committee of Asbestos Claimants is approved; and it is further

ORDERED that SBEP shall be compensated in accordance with the standards and procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered by this Court on August 7, 2009, or such other orders as may be entered by the Court with respect to compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: New York, New York
       *April 15, 2010*

                                        *s/ Robert E. Gerber*
                                        ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE