PRESENTMENT DATE AND TIME: Apr.. 20, 2010 at 1:00 p.m. (Eastern Time)
OBJECTION DEADLINE: Apr. 19, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
         f/k/a General Motors Corp., *et al.*               :
                                                            :
                              **Debtors.**                  :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### RESPONSE OF DEBTORS TO FEE EXAMINER'S APPLICATION TO AUTHORIZE EXTENDED RETENTION OF THE STUART MAUE FIRM AS CONSULTANT TO THE FEE EXAMINER AS OF MARCH 8, 2010

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), as and for their

Response to the Application by the Fee Examiner to authorize the extended retention and

employment of Stuart Maue as consultant to the Fee Examiner, dated April 2, 2010 (the

"**Application**") [Docket No. 5431], respectfully represent:

1. The Application contains insufficient information to determine whether the relief requested is warranted. Rather than setting forth specific facts to support the retroactive extension of Stuart Maue's services, the Application simply provides conclusory statements that such relief is in the best interests of the Debtors' estates.

2. For example, the Application states that "Stuart Maue has demonstrated the value of its contribution to the work of the Fee Examiner and, ultimately, to the U.S. Trustee and this Court." (App. at 2.) But it does not provide any description of the actual services Stuart Maue has performed, the benefit of such services to these estates, or the amount of fees and expenses incurred to date with respect to the services Stuart Maue has been authorized to perform as well as the services for which retroactive approval is sought.

3. In the absence of this information, the Debtors submit that there is no way to properly assess and evaluate the relief requested in the Application, whether the fees and expenses associated therewith are justified, and whether the "extended employment of Stuart Maue is in the best interest of the Debtors' estates." (App. ¶ 13.)

4. Accordingly, the Debtors submit the relief should not be granted in the absence of a hearing where the Court and all parties in interest will have an appropriate opportunity to consider the relief sought.

WHEREFORE the Debtors respectfully request that the Application be held in abeyance until a hearing is held to consider whether the relief requested in the Application is in the best interests of the Debtors' estates and that the Debtors be granted such other and further relief as is just.

Dated: New York, New York
April 19, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession