UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY                                     :   09-50026 (REG)
(f/k/a General Motors Corporation)                             :
                                                               :
        Debtor.                                                :
                                                               :
                                                               :
---------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

Please take notice that a claim (the "Claim") has been filed in this case or deemed filed under 11 U.S.C. §1111(a). The Transferee hereby gives evidence and notice pursuant to Fed. R. Bankr. P. 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice and the evidence of transfer attached hereto as Exhibit A.

| Barclays Bank PLC | Arrowgrass Distressed Opportunities Fund Limited |
|---|---|
| **Name of Transferee** | **Name of Transferor** |
| $6,432,258.38 | 69340 |
| **Proof of Claim Amount** | **Proof of Claim No.** |

You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:  Barclays Bank PLC
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Fax: (212) 294-0365
Email: daniel.crowley@barclayscapital.com
       jessica.fainman@barclayscapital.com

# EXHIBIT A

[Evidence of Transfer of Claim]

Execution Version

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION AND GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY

TO:     MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION,
        THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,
        GREEN HUNT WEDLAKE INC. IN ITS CAPACITY AS TRUSTEE IN BANKRUPTCY OF GENERAL
        MOTORS NOVA SCOTIA FINANCE COMPANY (the "Canadian Trustee")

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, Arrowgrass Distressed Opportunities Fund Limited ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Barclays Bank PLC (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest to the extent of 100% of the notes specified in Schedule 1 attached hereto, (the "Purchased Claim"), together with Seller's right, title and interest in and to (i) Proof of Claim Number 69340 filed by or on behalf of Seller (the "US Proof of Claim") against Motors Liquidation Company f/k/a General Motors Corporation, debtor in proceedings for reorganization (the "US Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "US Court"), administered under Case No. 09-50026 (REG) (the "US Debtor"), and (ii) all claims that may be asserted by or on behalf of Seller in the bankruptcy proceedings of General Motors Nova Scotia Finance Company (the "Canadian Debtor") under the *Bankruptcy and Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the District of Nova Scotia, Canada (the "Canadian Proceedings") by the filing of a Proof of Claim (a "Canadian Proof of Claim") in the Canadian Proceedings, (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization, arrangement or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, causes of action, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the US Debtor, the Canadian Debtor or any other party, arising out of or in connection with the Purchased Claim and any guarantee, indemnity or reimbursement obligations related thereto, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the US Proof of Claim (i) was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on December 7th, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in the US Proceedings, and (ii) has not been disallowed in whole or in part, expunged or reduced, and Seller has not received a notice from the US Debtor that an objection to the US Proof of Claim was filed; (b) a Canadian Proof of Claim has not been filed in the Canadian Proceedings by or on behalf of Seller or any predecessor in interest in respect of the Transferred Claims; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, security interests, participations, or encumbrances created or incurred by Seller or against Seller and, to the best of Seller's knowledge, Seller is not aware of any action, pending or threatened in writing, under US law or Canadian law that may be commenced by the US Debtor, the US Debtor's estate, the Canadian Trustee or any other person or entity in or in relation to the US Proceedings or the Canadian Proceedings seeking to avoid, disallow or otherwise modify the Transferred Claims; provided, however, that Seller makes no representations or warranties with respect to any avoidance action under US law or Canadian law that may be commenced by the US Debtor, the US Debtor's estate, the Canadian Trustee or any other person or entity in or in relation to the US Proceedings or the Canadian Proceedings; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the US Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the US Debtor, the Canadian Debtor or their respective affiliates, that will (i) prohibit or in any way restrain the exercise by

the Purchaser of the right to file a Canadian Proof of Claim in the Canadian Proceedings in respect of the Transferred Claims, or (ii) result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has not assigned the Transferred Claims and the Purchased Security, in whole or in part, to any third party; (h) Seller has not purchased from, and is not affiliated with, the Moving Parties, as such term is defined in the Order Granting In Part And Denying In Part The Motion Of Certain Noteholders For An Order Modifying The Bar Date Order entered by the US Court on December 23, 2009, (i) Seller is one of the Other Noteholders, as such term is defined in the Order Granting In Part And Denying In Part The Motion Of Certain Noteholders For An Order Modifying The Bar Date Order entered by the US Court on December 23, 2009 and (j) the Transferred Claims are not subject to any transfer restrictions, agreements with the US Debtor, the Canadian Debtor, or any other party with respect to voting in connection with any plan of reorganization, arrangement or liquidation, or other similar arrangement.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the US Debtor, the US Court, the Canadian Debtor and the Canadian Trustee and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, the Canadian Act, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the US Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller agrees that it shall not file or cause to be filed a Canadian Proof of Claim in the Canadian Proceedings in respect of the Transferred Claims. Seller acknowledges and understands, and hereby stipulates, that an order of the US Court or the relevant Canadian court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, dividends, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of (i) any amendment to the US Proof of Claim, and (ii) a Canadian Proof of Claim in respect of the Transferred Claims.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction), save for those matters that relate to a Canadian Proof of Claim and the Canadian Proceedings which shall be interpreted and determined in accordance with the laws of Canada. Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of March 2010.

| ARROWGRASS DISTRESSED OPPORTUNITIES FUND LIMITED | BARCLAYS BANK PLC |
|---|---|
| By: *[signature]* <br> Name: SWATI PATEL <br> Title: GENERAL COUNSEL | By: _____ <br> Name: <br> Title: |
| c/o Arrowgrass Capital Partners LLP <br> Tower 42 <br> 25 Old Broad Street <br> London EC2N 1HQ | 745 Seventh Avenue <br> New York, NY 10020 |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of March 2010.

| ARROWGRASS DISTRESSED OPPORTUNITIES FUND LIMITED | BARCLAYS BANK PLC |
|---|---|
| By:_____ | By:_____ |
| Name: | Name: Daniel Crowley |
| Title: | Title: Managing Director |
| c/o Arrowgrass Capital Partners LLP<br>Tower 42<br>25 Old Broad Street<br>London EC2N 1HQ | 745 Seventh Avenue<br>New York, NY 10020 |

LONDON\16132262

Schedule 1

Transferred Claims

Purchased Claim

100% of each of (i) £1,744,000.00 8.375% guaranteed notes due 2015 and (ii) £1,836,000.00 8.875% guaranteed notes due 2023 (the outstanding amount of the US Proof of Claim and of the claims that may be asserted by or on behalf of Seller by filing a Canadian Proof of Claim in the Canadian Proceedings as of the date hereof).

Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 8.375% guaranteed notes due 2015 | XS0171922643 | General Motors Nova Scotia Finance Company | Motors Liquidation Company f/k/a General Motors Corporation | GBP 1,744,000.00 | 8.375% pa | 2015 | GBP 1,866,823.13 principal and interest (equating to USD 3,069,423.10) |
| 8.875% guaranteed notes due 2023 | XS0171908063 | General Motors Nova Scotia Finance Company | Motors Liquidation Company f/k/a General Motors Corporation | GBP 1,836,000.00 | 8.875% pa | 2023 | GBP 2,039,802.61 principal and interest (equating to USD 3,353,835.27) |

LONDON\1613262_3.DOC