U.S. Bankruptcy Court
Southern Dist. Of New York
One Bowling Green, Sixth Floor
New York, New York   10004-1408
Email: gerber.chambers@nysb.uscourts.gov

Re: Case # 06-12118 DWH
    Case No. 09-1197-DWH

Subj.  Motion to lift Automatic Stay in re: Motors liquidation Co.
       Chapter 11 Case No. 09-50026

Honorable Judge Gerber;
        I am removing my request for a hearing on the lifting of the automatic stay based on the information provided me by the attached letter from the attorneys who represent MLC. I therefore would believe that the information is correct since they are corresponding with me through the court. If the information turns out to be wrong, or misleading, I would ask the court to reserve my right to re-file against MLC, and the lifting of the stay.

Respectfully Submitted;

Rev. Guy A. Leonard, II

**WEIL, GOTSHAL & MANGES LLP**

1300 EYE STREET, NW

SUITE 900

WASHINGTON, DC 20005

(202) 682-7000

FAX: (202) 857-0939

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW

WRITER'S DIRECT LINE

202/682-7206

March 25, 2010

Rev. Guy A. Leonard, III
P.O. Box 146
Nesbit, MS 38651

    Re:    Motion to Lift the Automatic Stay
           In re: Motors Liquidation Company
           Chapter 11 Case No. 09-50026

Dear Rev. Leonard:

        We are bankruptcy counsel to Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") in the above-referenced chapter 11 case (the "Bankruptcy Case"). We write in response to the Motion for Relief from the Automatic Stay (the "Motion"), which you filed in the Bankruptcy Case on March 23, 2010. Your Motion indicates that you wish to proceed with an adversary proceeding (the "Adversary Proceeding") in your bankruptcy case pending before the United States Bankruptcy Court for the Northern District of Illinois, case number 06-12118 alleging warranty and lemon law claims.

        On July 10, 2009, MLC consummated the sale of substantially all of its assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement ("MPA"). Pursuant to the MPA, General Motors, LLC assumed certain liabilities, including liabilities arising under express written warranties that are specifically identified as warranties and delivered in connection with the sale of a new, certified used or pre-owned vehicles, and all obligations under lemon laws, as that term is defined in the MPA. Liability for your claim, therefore, may have been assumed by General Motors, LLC.

US_ACTIVE:\43344720\01\72240.0635

WEIL, GOTSHAL & MANGES LLP

Rev. Guy A. Leonard, III
March 25, 2010
Page 2

General Motors, LLC is not a debtor in the Bankruptcy Case and is not protected by the automatic stay. Accordingly, the automatic stay does not prohibit you from proceeding with your case as to General Motors, LLC if you substitute General Motors, LLC as the Defendant in place of MLC. Because the automatic stay does not prohibit you from proceeding as to General Motors, LLC, if you substitute General Motors, LLC for MLC your Motion for Relief from the Automatic Stay to proceed against MLC is not necessary at this time and MLC requests that you withdraw your Motion.

It is not clear from your motion whether you are seeking claims beyond express warranty and lemon law claims. To the extent you are seeking claims for which MLC may be responsible, we would note that the filing of your adversary proceeding is a violation of MLC's automatic stay for which all of MLC's rights are fully reserved. We would also note that because MLC is currently under chapter 11 protection, any prepetition claim against MLC would have to be dealt with in the bankruptcy claims process. The claims register in these chapter 11 cases does not reflect a proof of claim filed by you or on your behalf. On September 16, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim based on any prepetition claims against MLC (the "Bar Date Order"). Under the Bar Date Order, any party that fails to file a proof of claim on or before the bar date is prohibited from asserting such claims against MLC and MLC is discharged from any an all indebtedness or liability with respect to such claim.

Please let us know as soon as possible whether you agree to withdraw your Motion. Unless we hear otherwise, we intend to file an objection on the foregoing grounds. Should you have any questions regarding this matter, please do not hesitate to contact the undersigned.

Sincerely,

Brianna N. Benfield