**Hearing Date and Time: April 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: April 22, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY *et al.*,                         :   09-50026 (REG)
      f/k/a General Motors Corp. *et al.*,                   :   (Jointly Administered)
                                                             :
                           Debtors.                          :   Honorable Robert E. Gerber
                                                             :
------------------------------------------------------------ x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO THE
FIRST INTERIM FEE APPLICATION OF THE CLARO GROUP, LLC**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009, submits this *Report and Statement of Limited Objection* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *First Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through September 30, 2009* [Docket No. 4506] (the "**Fee Application**"). The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications

submitted for approval by the professionals, with or without a filed objection. With this *Report and Statement of Limited Objection*, the Fee Examiner identifies $41,336.47 in fees and expenses, from a total of $190,451.05, requested in the Fee Application, that are objectionable. The Fee Examiner respectfully represents:

### SUMMARY STATEMENT

A fee applicant bears the burden of proof on all of the elements of a fee application, including establishing that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred. A fee application must additionally comply with the format and content requirements set forth in applicable guidelines and bankruptcy rules.

In general, the Fee Application appears substantively sound. It requests a total of $190,451.05. Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with the Claro Group, LLC ("**Claro**") by letter dated March 2, 2010, and Claro provided a response. On April 15, 2010, the Fee Examiner sent Claro a draft of this *Report and Statement of Limited Objection*, offering a second opportunity for discussion. On April 21, 2010, Claro and counsel for the Fee Examiner had additional discussions about the issues raised. This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $40,458.42 in fees and $878.05 in expenses for a total suggested reduction of $41,336.47.

### BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.      On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

3.      On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

4.      On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

5.      On July 21, 2009, the Debtors' counsel filed its *Application of the Debtors for Entry of Order Pursuant to 11 U.S.C. §§327(a) and 328(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3281] (the "**Retention Application**").  There were no objections to the Retention Application, and The Claro Group, LLC ("**Claro**") was appointed by this Court's *Order Pursuant to 11 U.S.C. §§327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* dated August 3, 2009 [Docket No. 3632] (the "**Retention Order**").

3

6.  On November 19, 2009, the Fee Application was filed, seeking fees in the amount of $189,563.00 and expenses in the amount of $888.05, for total requested compensation in the amount of $190,451.05.

    A.  As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Claro has previously been paid $143,432.11 in fees and expenses, subject to Court review and approval, leaving a combined request of unpaid fees and expenses of $47,018.94, as of the date of the Fee Application. Fee Application, ¶ 8.

    B.  Subsequent to the date of the Fee Application, Claro has been paid an additional $8,845.22 in fees and expenses, subject to Court review and approval, leaving an outstanding request for $38,173.72.

7.  The Fee Examiner has filed the *Fee Examiner's Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010* [Docket No. 4910]. Without objection, the *Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner Nunc Pro Tunc as of January 22, 2010* was entered on February 17, 2010 authorizing Stuart Maue (the "**Auditor**") to work with the Fee Examiner and counsel in reviewing the first interim fee and expense requests of Jenner and Block, LLP; Brownfield Partners, LLC; Kramer Levin Naftalis and Frankel, LLP; LFR Inc.; and The Claro Group, LLC.

8.  On April 5, 2010, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the*

4

*Fee Examiner as of March 8, 2010* [Docket No. 5431]. On April 19, 2010 the Debtors filed the *Response of Debtors to Fee Examiner's Application to Authorize Extended Retention of the Stuart Maue Firm As Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5522]. The Application and Response will be scheduled for hearing on April 29, 2009, along with the pending first interim fee applications.

9. The Fee Examiner has evaluated the Retention Application, the Retention Order, the Fee Application, and the *Supplemental Declaration and Disclosure Statement of Douglas H. Deems in Support of the Debtors' Application Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing the Retention and Employment of Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3599].

10. By correspondence dated March 2, 2010, counsel to the Fee Examiner requested supplemental information from Claro as part of its review of specific matters involving the fees requested. The supplemental information requested included:

    A. An executed copy of the Engagement Letter and exhibits;

    B. The Debtors' written authorization for Claro to exceed the $185,000.00 fee cap; and,

    C. Copies of the Creditors' Committee's and U.S. Trustee's notice of increased fee estimate.

The applicant provided information in response to this inquiry on March 9, 2010.

11. On April 15, 2010, the Fee Examiner sent Claro a draft of this *Report and Statement of Limited Objection*.

5

12. On April 21, 2010, Claro and counsel for the Fee Examiner had additional discussions about the issues raised. All of the materials and comments provided by Claro were considered by the Fee Examiner.

**APPLICABLE STANDARDS**

13. The Fee Application has been evaluated for compliance with the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-104 (Bankr. S.D.N.Y. June 20, 1991), and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-151 (Bankr. S.D.N.Y. Apr. 19, 1995) (collectively, the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order and Quarterly Reporting Order—including the extent, if any, that variation has been expressly permitted by order.

**COMMENTS**

14. **Engagement Letter**. The "**Engagement Letter**," as defined in the Retention Agreement, is a General Motors Corporation Environmental Consultant Retention Agreement. The Engagement Letter, as amended, provides for a scope of work to be completed at an estimated cost of $185,000.00 in labor. The hourly rates of compensation are addressed in the Retention Application and the Affidavit in Support, but they are not in the Engagement Letter.

6

      A.    The Engagement Letter, attached to the Retention Application as **Exhibit B**, is unexecuted. The Confidentiality Agreement, also an exhibit to the Engagement Agreement, is not executed.

*At the request of the Fee Examiner, a fully executed Engagement Letter and exhibits have now been provided by Claro.*

      B.    The Retention Application states that Claro will spend approximately 550 hours completing the scope of work in the Engagement Letter. Retention Application, ¶ 4. This first Fee Application exceeds $185,000.00, and Claro's proposed budgets for the month of February and March, 2010 are $150,000 and $175,000.00, respectively.

In response to the Fee Examiner's request for additional information, Claro responded, "[F]rom time to time, MLC has asked Claro to perform services in addition to the original scope of services identified in the Retention Agreement for the benefit of the Estate. Claro has performed such additional services as were reasonably requested by MLC and has charged for such services in accordance with the Retention Agreement." **Exhibit A**. Correspondence from Douglas Deems dated March 9, 2010 (attachments omitted).

*Claro is performing services outside the scope of the Retention Order. As such, the Fee Examiner anticipates that Claro will seek an amendment to the Retention Order in connection with its fee applications, including an increased fee estimate. Claro maintains that an amendment is unnecessary because the scope of work defined in the Engagement Letter is intended to include work reasonably requested by the Debtors. At this point, no disallowance is recommended in connection with Claro's inaccurate estimate of costs in connection with this Fee Application.*

    15.    **Local Guideline Certification**. The Fee Application does not contain the certification required by the Local Guidelines—that "in providing a reimbursable service, [Claro] does not make a profit on that service, whether the service is provided by [Claro] in-house or through a third party." Instead, the certification has been modified with the language "other than

7

in connection with the independent contractors who have charged time on this matter." The modification of the certification cannot modify the Local Guidelines, and services provided by unidentified third parties cannot be reimbursed at a rate higher than the contract rate.

*Claro has explained its deviation from the language required by the Local Guidelines and the basis for the amended language. The Fee Examiner is satisfied that Claro is not making a profit from a reimbursable service as prohibited by the Local Guidelines.*

16. **Time Increment Analysis**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, several timekeepers billed all, or nearly all, of their time in half hour increments. These seven timekeepers collectively billed more than 95 percent of their time in half hour increments. The aggregate amount of block billed time for these seven timekeepers was $153,319.50.[1] This practice disregards the guideline requirement of billing in one-tenth of an hour increments and reflects "rounding" of time, rather than an accurate billing based on contemporaneous records.

*The significant percentage of half hour increments suggests that billing is not being contemporaneously maintained in one tenth of an hour increments.*

*Suggested disallowance for time increment analysis: $22,279.43 (15 percent).*

17. **Block Billing**. Block billing is prohibited by the UST Guidelines at (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id*. The Auditor identified some entries by Claro professionals for multiple tasks in excess of .5 hours in aggregate time that do not comply with this guideline. Total entries indicating block billing total $9,865.00.

*Suggested disallowance for block billing: $2,421.25 (25 percent).*

18. **Travel Time**. Non-working travel time will be compensated at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at

---

[1] $4,790.00 of this amount is included in Paragraph 19, Clerical and Administrative Charges, and will be excluded from calculations in this paragraph.

8

one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted).  The First and Second Advisories have requested that travel time be itemized separately.  Further, all fees incurred that are reduced or written off by a professional should be disclosed.  No travel time has been identified by Claro in the Fee Application.

*Claro has advised the Fee Examiner that Claro does not bill non-working travel time to its clients.*

19. **Clerical and Administrative Charges**.  Numerous billing entries describe clerical or administrative non-compensable services.  These entries total $6,212.00.

*Claro has not provided detailed support for these entries but has asserted generally that the entries are not clerical and that an effort was made to perform services at the lowest appropriate billing rate.*

*Suggested disallowance for non billable clerical and administrative tasks: $3,106.00 (50 percent).*

20. **Multiple Participants in Conferences**.  The Fee Examiner has identified a number of conferences and conference calls attended by more than one person.  On multiple occasions, parties billed differing time increments for what appears to be the same telephone conference.  In these instances, the Fee Examiner suggests allowance of fees at the lowest time allocated to the specific task.  In addition, in the absence of an explanation of the necessity for multiple attendees at conferences, those conferences identified by the Fee Examiner should be allowed for one person at the highest billing rate and a second person, on 50 percent of the occasions, at the mean billing rate charged to the task.

There obviously are occasions, perhaps often, when more than one person needs to participate – particularly at the outset of retention or a particular project, yet those occasions require more explanation.

9

*Suggested disallowances for multiple participants in conference: $3,643.50.*

21. **Vague Communications**. The Fee Examiner has identified specific billing entries that fail to comply with the UST Guidelines, aggregating $30,922.50. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v).

*Suggested disallowance for vague communications: $4,638.37 (15 percent).*

22. **Vague Tasks**. The Fee Examiner has identified specific billing entries aggregating $29,132.50 that contain an insufficient description of a task and are non-compensable.

*Claro has provided an explanation of project codes for portfolio and site-level analysis, which supplements the services described. This information, while helpful, did not remedy the insufficient descriptions.*

*Suggested disallowance for vague tasks: $4,369.87 (15 percent).*

23. **Team Conferencing**. Conference calls billed by Claro employees are described as "Conference Call with Team B and C," "Claro Status Call," "Team C Status Call," "Team Calls," "Oversight Group Call," and "Oversight Team Call." There is a lack of consistency among the employees concerning the identification of the call, the parties to the call, and the subject matter. This practice impedes review.

*Teams should identify calls with uniformity (i.e., all participants identify the call in the same manner).*

*Suggested disallowance for team conferencing: None.*

24. **Expenses**. The Fee Application, Exhibit C, contains a Summary of Expenses. These expenses are insufficiently described to be compensable.

10

    A. Travel expenses have been requested in a summary form and cannot be properly evaluated for compensation. The Fee Examiner requested an itemization of these expenses in accordance with the UST Guidelines by letter dated March 2, 2010.

  *Suggested disallowance for non-itemized travel expenses: $106.00.*

    B. Multiple expense requests are vaguely described as "Conferencing Invoice," "Photocopy Services," or "Express Messenger Service" without describing the cost or necessity of the services. These fees, without sufficient detail, are not reimbursable expenses under the UST Guidelines.

  *Suggested disallowance for vaguely described expenses: $772.05.*

  ***Total fees suggested for disallowance: $40,458.42.***

  ***Total Expenses Suggested for Disallowance: $878.05.***

  ***Total Fees and Expenses Suggested for Disallowance: $41,336.47.***

## CONCLUSION

  This report is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

  As the Fee Examiner's review and analysis continues, the Fee Examiner continues to develop a heightened sense of the complex landscape of this proceeding. The conclusions and

recommendations in this report are, therefore, subject to further refinement upon each professional's submission of its subsequent and final fee applications.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

Dated: Green Bay, Wisconsin
April 22, 2010.

GODFREY & KAHN, S.C.

By:   /s/ *Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

4886008_1

12

# EXHIBIT A

(Correspondence from Douglas Deems dated March 9, 2010 (attachments omitted))



**THE CLARO GROUP**
CLARITY • VALUE • INTEGRITY



March 9, 2010

Carla O. Andres
Godfrey & Kahn, S.C.
333 Main Street, Suite 600
Post Office Box 13067
Green Bay, WI 54307-3067

                **Re: In re Motors Liquidation Company, et al.**
                     **Case No. 09-50026**
                     **Chapter 11-Jointly Administered**

                     **U.S. Bankruptcy Court for the**
                     **Southern District of New York**

Dear Ms. Andres:

We have reviewed your letter of March 2, 2010, inquiring about the fees incurred by The Claro Group, LLC ("Claro") as authorized by the Bankruptcy Court in the above-captioned matter. As you know, Claro was retained by Motors Liquidation Company (fka General Motors Corporation) (collectively "MLC") by written retention agreement effective June 10, 2009 ("Retention Agreement"). Attached please find a copy of the executed Retention Agreement as requested.

In the Retention Agreement, Claro provided a proposed scope of services based upon what was then currently known along with an initial estimate of the professional fees based upon such initial scope of services as described in Exhibit A to the Retention Agreement. The Retention Agreement expressly states "[t]his amount is a good faith estimate and not to be deemed a 'not to exceed' amount."

The Order approving the retention of Claro dated August 3, 2009 ("Retention Order") authorized MLC to retain Claro on the terms and conditions set forth in the Retention Agreement. In addition and as indicated in your letter, the Retention Order required Claro to notify the Court, MLC, the U.S. Trustee, and any official committee with any change in the hourly rates being charged by Claro for the services rendered. Claro has not changed its hourly rates being charged on this matter and therefore, no notice is required at this time.

**The Claro Group, LLC**
777 South Figueroa Street
Suite 4050
Los Angeles, CA 90017
Tel: 213.784.0190
Fax: 213.452.6556


**THE CLARO GROUP**
CLARITY • VALUE • INTEGRITY

Carla O. Andres
March 9, 2010
Page 2

However, other than the notice relating to a change in Claro's hourly rates contained in the Retention Order, neither the Retention Agreement nor in the Retention Order contains any requirement that Claro notify the Creditors' Committee or the U.S. Trustee about an increase in the scope of services and a corresponding increase in the compensation paid to Claro. Indeed, as would be anticipated in a case as significant and complicated as the captioned matter, from time to time, MLC has asked Claro to perform services in addition to the original scope of services identified in the Retention Agreement for the benefit of the Estate. Claro has performed such additional services as were reasonably requested by MLC and has charged for such services in accordance with the Retention Agreement. Claro has performed and will continue to perform vital consulting services at the request of MLC and in a manner consistent with the Retention Agreement and as authorized by the Retention Order.

Please let this confirm that the Fee Application submitted by Claro is not intended to be a final fee application. Claro continues to provide services in this matter.

With respect to your comment regarding monthly budgets, Claro provided a monthly budget to the Fee Examiner for anticipated February services and we are currently preparing our March and April budgets. Enclosed please find another copy of the February budget.

We hope that this clarifies any confusion about the services being provided by Claro at the request of MLC and the terms of our retention. Should have any further questions, please do not hesitate to contact me.

Very truly yours,

Douglas H. Deems
General Counsel/Managing Director
The Claro Group, LLC

Encs.