Hearing Date and Time: **April 29, 2010 at 9:45 a.m.** (Prevailing Eastern Time)
Objection Date and Time: **April 22, 2010 at 4:00 p.m.** (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,                      :   Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,                :   (Jointly Administered)
                                                           :
                                            Debtors.  :   Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S PRELIMINARY REPORT ON THE
FIRST INTERIM FEE APPLICATION OF LFR INC.**

**TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE**

      The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009, submits this *Preliminary Report* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *First Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 through September 30, 2009* [Docket No. 4436] (the "**Fee Application**"). The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a

filed objection. With this *Preliminary Report*, the Fee Examiner summarizes his initial analysis of the Fee Application, but makes no concurrent recommendations in light of his discussions with LFR Inc. ("**LFR**"). Instead, LFR has agreed the Fee Application will be subject to further evaluation based on LFR's substantive response. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

A fee applicant bears the burden of proof on all of the elements of a fee application, including establishing that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred. A fee application must additionally comply with the format and content requirements set forth in applicable guidelines and bankruptcy rules.

In general, the Fee Application fails to consistently demonstrate a basis for the requested compensation. After initially reviewing the Fee Application, counsel for the Fee Examiner raised preliminary observations and concerns with LFR by letter dated February 22, 2010. On March 4, 2010, and in response to counsel's letter, LFR acknowledged that its fee request would be appropriately reduced by at least $15,872.36. On April 15, 2010, the Fee Examiner sent LFR a draft *Report and Statement of Limited Objection* (the "**Draft Objection**") containing a limited objection to certain of LFR's fees, offering a second opportunity for discussion.

On April 20, 2010, LFR and counsel for the Fee Examiner had productive discussions about the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled April 29, 2010 hearing on the Fee Application. As such, LFR and the Fee Examiner agreed to a *Stipulation and Order for Adjournment of April 29, 2010 Hearing on First Interim Fee Application of LFR Inc.* [Docket No. 5560] (the "**Stipulated Adjournment**").

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

3. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above-captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

4. On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

5. On July 21, 2009 Debtors' counsel filed its *Application of the Debtors for Entry of Order Pursuant to 11 U.S.C. §§327(a) and 328(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3279] (the "**Retention Application**"). There were no objections to the Retention Application, and LFR was appointed by this Court's *Order*

3

*Pursuant to 11 U.S.C. §§327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* dated August 3, 2009 [Docket No. 3630] (the "**Retention Order**").

6. On August 2, 2009, the Debtors filed the *Supplemental Declaration and Disclosure Statement of Frank Lorincz in Support of the Debtors' Application Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3605] (the "**Supplemental Lorincz Affidavit**").

7. On November 12, 2009, the Fee Application was filed, seeking fees in the amount of $633,772.80 and expenses in the amount of $43,447.98, for total requested compensation of $677,220.78. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), LFR previously has been paid $246,569.08 in fees and $10,306.24 in expenses, subject to Court review and approval, leaving a combined request of unpaid fees and expenses in the amount of $420,345.46, as of the date of the Fee Application. Fee Application, ¶ 3. Subsequent to the date of the Fee Application, LFR has been paid an additional $293,590.50 in fees and expenses, subject to Court review and approval, leaving an outstanding request for $126,754.96.

8. The Fee Examiner has filed the *Fee Examiner's Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010.* [Docket No. 4910.] Without objection, the *Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner Nunc Pro Tunc as of January 22, 2010* was

4

entered on February 17, 2010 authorizing Stuart Maue (the "**Auditor**") to work with the Fee Examiner and counsel in reviewing the first interim fee and expense request of Jenner & Block LLP; Brownfield Partners, LLC; Kramer Levin Naftalis and Frankel, LLP; LFR Inc.; and The Claro Group, LLC.

9.  On April 5, 2010, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5431]. On April 19, 2010 the Debtors filed the *Response of Debtors to Fee Examiner's Application to Authorize Extended Retention of the Stuart Maue Firm As Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5522]. The Application and Response will be scheduled for hearing on April 29, 2009, along with the pending first interim fee applications.

10. The Fee Examiner has evaluated the Fee Application, Retention Application, the Lorincz Affidavit, the Retention Order, and the Supplemental Lorincz Affidavit.

11. By correspondence dated February 22, 2010, counsel to the Fee Examiner requested supplemental information from LFR as part of his review of specific matters in the Fee Application. The supplemental information was necessary to support the Fee Application and permit a further review to ensure compliance with the **Advisories** (defined below). This information included:

    A.    An executed copy of the Engagement Letter and exhibits;

    B.    The Debtors' written authorization for LFR to exceed the $200,000.00 fee cap;

    C.    Copies of the Creditors' Committee's and U.S. Trustee's notice of an increased fee cap;

   D. An itemization of expenses;

   E. An explanation of the use of "supplemental time sheets"; and,

   F. An explanation of communication fees requested in the Fee Application.

The information provided by LFR in response to this inquiry was also considered by the Fee Examiner.

 12. On April 15, 2010, the Fee Examiner sent the Draft Objection to LFR containing a limited objection to LFR's fees, offering a second opportunity for discussion. On April 20, 2010, LFR and counsel for the Fee Examiner discussed the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled April 29, 2010 hearing on the Fee Application. As such, LFR and the Fee Examiner agreed to the Stipulated Adjournment.

## APPLICABLE STANDARDS

 13. The Fee Application has been evaluated for compliance with the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-104 (Bankr. S.D.N.Y. June 20, 1991), and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-151 (Bankr. S.D.N.Y. Apr. 19, 1995) (collectively, the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order and Quarterly Reporting Order—including the extent, if any, that variation has been expressly permitted by order.

6

**COMMENTS**

14. **Engagement Letter**. The "**Engagement Letter**," as defined in the Retention Agreement, is a General Motors Corporation Environmental Consultant Retention Agreement. As amended, the Engagement Letter provides for a specific scope of work to be completed at an estimated cost not to exceed $200,000.00 in labor. Hourly rates of compensation are addressed in the Retention Application and the Affidavit in Support, but they are not part of the Engagement Letter.

    A.    The Engagement Letter, attached to the Retention Application as Exhibit B, is unexecuted. The Confidentiality Agreement, also an exhibit to the Engagement Agreement, is not executed.

*At the request of the Fee Examiner, a fully executed Engagement Letter and exhibits have been provided by LFR.*

    B.    The Retention Order provides that LFR shall perform its scope of work for a total cost not to exceed $200,000.00, unless approved in advance and in writing by the Debtors. The Fee Application nowhere states that written authorization has been obtained, although the requested fees exceed $600,000.00, and monthly budgets for February and April 2010 are for $618,000.00 and $450,000.00, respectively. The Fee Application also does not address the Retention Order mandate that written notice must be provided to the Creditors' Committee and the U.S. Trustee if the total cost of work performed by LFR will exceed $200,000.00.

*As a result of the Fee Examiner's request for additional information, LFR has provided the e-mails in **Exhibit A**, Notice of Fee Increase. The Fee Examiner anticipates that LFR will be seeking an amendment to the Retention Order, nunc pro tunc, or otherwise informing the Court and interested parties of the increased scope of services or the escalated costs associated with the initial scope of services.*

7

15. **ARCADIS Employees**. In addition to billing records for LFR employees, LFR has submitted "Supplemental Time Sheets" for services performed by ARCADIS US, Inc. ("ARCADIS") employees. These services total $206,836.10. ARCADIS, the parent company of LFR, is not approved to provide services in this case—in the Retention Order or anywhere else. The Retention Application specifically provides that LFR has not agreed to share its compensation with any other person. Retention Application, ¶ 15. In fact, documents submitted in connection with the Retention Application distinguish between LFR and ARCADIS, stating that while ARCADIS is a creditor of the Debtors, LFR is not. *Affidavit and Disclosure Statement of Frank Lorincz in Support of the Debtors' Application Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing the Retention and Employment of LFR Inc. as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* ("**Lorincz Affidavit**"), ¶ 9, Retention Application, Exhibit A. The Supplemental Lorincz Affidavit made this point expressly:

> ARCADIS is and has been providing environmental and professional consulting services to the Debtors, both prepetition and postpetition, and has a prepetition claim against the Debtors totaling approximately $619,000. LFR, however, is a separate entity from ARCADIS. LFR and ARCADIS have separate management and are engaged by the Debtors under separate agreements. Furthermore, the Debtors have assumed and assigned the ARCADIS contracts to General Motors Company ("**NewGM**"), purchaser of substantially all of the Debtors' assets. Accordingly, ARCADIS' prepetition claim for $619,000 will be paid by NewGM to cure the assumed and assigned ARCADIS contracts.

Supplemental Lorincz Affidavit, ¶ 5.

*In response to the draft Preliminary Report, LFR has provided additional information explaining the corporate relationship between LFR and ARCADIS. LFR, an ARCADIS acquisition in 2008, remains a wholly-owned subsidiary of ARCADIS, but as of January, 2010, it has merged its operations into ARCADIS. LFR no longer has employees. The period covered by the Fee Application was a time of transition, and services were provided by both LFR and*

8

*ARCADIS employees. The arrangement with Debtors lacks clarity and remains a concern. However, LFR and the Fee Examiner continue to work toward an acceptable resolution.*

16. **Transient Timekeepers**. The Fee Application discloses one timekeeper that performed the isolated task of "document review" for 3.5 hours one day but did not appear to add value to the services provided by LFR.

*LFR has not yet provided a substantive response.*

17. *Time Increment Analysis*. The Retention Order and the applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, one timekeeper billed approximately 90 percent of all the time increments in half hour increments. The significant percentage of half hour increments suggests that billing is not being contemporaneously maintained in one-tenth of an hour increments.

*LFR has not yet provided a substantive response.*

18. **Fee Discrepancies**. The Auditor has identified mathematical errors in calculating individual tasks and reporting as a total hourly billing.

*The Fee Application has resulted in a net overbilling to the estate of $11,655.40, although LFR may have substantive comments on these time entries.*

19. **Double Billing**. The Auditor has identified $780.00 in timekeeper entries that suggest an erroneous duplication of billing entries.

*LFR has not yet provided a substantive response.*

20. **Block Billing**. Block billing is prohibited by the UST Guidelines. The Fee Application contains multiple entries with block billing totaling $5,772.80. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Auditor identified some entries by LFR professionals that do not comply with this guideline.

*LFR has not yet provided a substantive response.*

9

21. **Travel Time**. Non-working travel time will be compensated at only 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The Fee Examiner's Status Reports and Advisories have requested that travel time be itemized separately. In total, 33.4 hours of travel time have been identified by LFR in the Fee Application. Travel time in the amount of $3,340.00 has been billed at full hourly rates.

*LFR has not yet provided a substantive response.*

22. **Clerical and Administrative Charges**. Numerous billing entries describe clerical or administrative non-compensable services. These entries total $26,570.40.

*LFR has not yet provided a substantive response.*

23. **Multiple Participants in Conferences**. The Fee Examiner has identified conferences and conference calls attended by more than one person.[1] On multiple occasions, parties billed differing time increments for what appears to be the same telephone conference. In these instances, the Fee Examiner suggests allowance of fees at the lowest total time allocated to the specific task. In addition, in the absence of an explanation of the necessity for multiple attendees at conferences, those conferences identified should be allowed for one person at the highest billing rate and a second person on 50 percent of the occasions at the mean billing rate charged to the task.

---

[1] The Fee Examiner recognizes the extraordinary circumstances relating to the retention of LFR and other environmental professionals. Conferences and meetings in the initial phases of retention are not included in the conferences evaluated.

10

There obviously are occasions, perhaps often, when more than one person needs to participate – particularly at the outset of retention or a particular project, yet those occasions require more explanation than LFR has provided to meet its burden of proof.

*LFR has not yet provided a substantive response.*

24.    **Vague Tasks**.  The Fee Examiner has identified specific billing entries that contain an insufficient description of a task and are non-compensable.

*LFR has not yet provided a substantive response.*

25.    **Team Conferencing**.  Conference calls billed by LFR employees are identified as "conference call"; "team coordination call"; "kickoff call"; "group A, B, or C Calls"; and "Steering Committee Call."  There appears to be a consistent lack of consistency among timekeepers concerning the identification of the call or the subject matter.  This practice reduces the effectiveness of review.

*Teams should identify calls with uniformity (i.e., all participants identify the call in the same manner).*

26.    **Expenses**.  The Fee Application, Exhibit C, contains a Summary of Expenses. The detail of these expenses is insufficient for the expenses to be compensable.

    A.    Travel expenses have been requested in a summary form and could not be properly evaluated for compensation.  The expenses—categorized as airfare, mileage, lodging, tolls and parking, rental car, and meals—total $12,425.06.  The Fee Examiner has requested an itemization of these expenses in accordance with the First and Second Advisories by letter dated February 22, 2010.

*LFR has not yet provided a substantive response.*

    B.    Reimbursement of expenses has been requested for a subcontractor, TEA, Inc. ("TEA").  This sub-retention is outside the scope of the Retention Order, and no

11

determination has been made of the necessity for the services provided by TEA. Further, TEA does not appear to have disclosed conflicts or provided affidavits of disinterest. Finally, expenses for the sub-retention are not itemized as required by the UST Guidelines and have not been authorized by the Debtors or the Court.

*LFR has not yet provided a substantive response.*

   C. Multiple expense requests are identified as "communication fees," "materials and supplies," and "in-house rental" of equipment. These administrative fees and mark ups are not reimbursable expenses under the UST Guidelines.

*In response to the Fee Examiner's inquiry, LFR has acknowledged that its request for "communication fees," totaling $15,872.36, is inconsistent with the UST Guidelines and should be disallowed.*

*Suggested disallowance for administrative fees: $20,194.06.*

   D. Also expensed to the estate are photocopies, teleconferencing, postage/delivery, and permits for a total of $1,050.81. The expense requests do not substantiate the calculation of charges or evidence the necessity for the services and cannot be property evaluated.

*LFR has not yet provided a substantive response.*

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the Fee Examiner's preliminary observations, subject to the supplemental detail to be provided by LFR. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on this or any subsequent interim fee applications or final fee applications. All professionals subject to Fee Examiner review should be aware, as well, that while the Fee Examiner has made every effort to apply

standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

As the fee review and analysis continues, the Fee Examiner continues to develop a heightened sense of the complex landscape of this proceeding. The conclusions and recommendations in this report are, therefore, subject to further refinement upon receipt and review of the supporting detail from LFR.

WHEREFORE, the Fee Examiner respectfully submits this *Preliminary Report* on the Fee Application.

Dated: Green Bay, Wisconsin
April 22, 2010.

GODFREY & KAHN, S.C.

By:  /s/ *Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

4885889_1

13

# EXHIBIT A

(Notice of Fee Increase (redacted))

**From:** Redwine, James [███████████]
**Sent:** Monday, August 31, 2009 2:46 PM
**To:** Yates, Erin
**Cc:** Lorincz, Frank
**Subject:** RE: LFR Retention

Thanks, Erin. Frank, I think we are good to go. Thx.

James M. Redwine, Esq.
AlixPartners, LLP

Motors Liquidation Company
Att. Mail Code 482-C37-A99
300 Renaissance Dr.
Detroit, Michigan 48265
Attn: James M. Redwine,
VP, Environmental

Phone: ███████

███████████████
www.alixpartners.com

**From:** Yates, Erin [███████████]
**Sent:** Monday, August 31, 2009 5:45 PM
**To:** Redwine, James
**Subject:** RE: LFR Retention

Jim,
The order approving LFR's retention requires LFR to provide the U.S. Trustee and Creditors' Committee with notice if LFR's fees exceed the $200,000 estimate in the retention agreement. Frank's letter should satisfy this requirement. (Unlike the hard cap in Brownfield Partners' retention agreement, the figure in LFR's retention agreement is an estimate, so the U.S. Trustee did not push LFR to seek court approval of an increase in fees.) I will let you know if we hear anything, but Frank should be all set for the time being.
Regards,
Erin

Erin K. Yates*
Weil, Gotshal & Manges LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005

Tel: ███████
Fax: ███████
███████████

* Admitted to practice in Massachusetts only. Practicing under the supervision of members of the D.C. Bar.

**From:** Redwine, James [███████████]
**Sent:** Monday, August 31, 2009 5:17 PM
**To:** Yates, Erin
**Subject:** FW: LFR Retention

Erin, could you bring me up to speed on this one? Thx.

James M. Redwine, Esq.
AlixPartners, LLP

Motors Liquidation Company
Att. Mail Code 482-C37-A99
300 Renaissance Dr.
Detroit, Michigan 48265
Attn: James M. Redwine,
VP, Environmental

Phone: ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓

www.alixpartners.com

**From:** Lorincz, Frank [▓▓▓▓▓▓▓▓▓▓▓▓▓▓]
**Sent:** Monday, August 31, 2009 4:56 PM
**To:** Redwine, James
**Subject:** RE: LFR Retention

Jim, any follow up on this. Please advise.

Thanks
Frank Lorincz
▓▓▓▓▓▓

**From:** Redwine, James [▓▓▓▓▓▓▓▓▓▓▓▓▓▓]
**Sent:** Monday, August 24, 2009 10:50 AM
**To:** Lorincz, Frank
**Subject:** RE: LFR Retention

I will find out. Thx.

James M. Redwine, Esq.
AlixPartners, LLP

Motors Liquidation Company
Att. Mail Code 482-C37-A99
300 Renaissance Dr.
Detroit, Michigan 48265
Attn: James M. Redwine,
VP, Environmental

Phone: ▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓

www.alixpartners.com

**From:** Lorincz, Frank [▓▓▓▓▓▓▓▓▓▓▓▓▓▓]
**Sent:** Monday, August 24, 2009 1:49 PM
**To:** Redwine, James
**Subject:** LFR Retention

Jim, as you probably know, I have been working with Weil, et al on the court documents concerning LFR

retention. As part of the retention approval, LFR was required to submit written notification when the costs exceed the original $200,000 estimate outlined in the Retention Motion. I sent a letter to the Trustee and Creditors Committee last week (copy attached).

Can I assume that this is sufficient authorization or do I need something in writing from MLC? If so can you please send me an e mail acknowledgement!

Thanks
Frank Lorincz

NOTICE: This e-mail and any files transmitted with it are the property of ARCADIS U.S., Inc. and its affiliates. All rights, including without limitation copyright, are reserved. The proprietary information contained in this e-mail message, and any files transmitted with it, is intended for the use of the recipient(s) named above. If the reader of this e-mail is not the intended recipient, you are hereby notified that you have received this e-mail in error and that any review, distribution or copying of this e-mail or any files transmitted with it is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately and delete the original message and any files transmitted. The unauthorized use of this e-mail or any files transmitted with it is prohibited and disclaimed by ARCADIS U.S., Inc. and its affiliates. Nothing herein is intended to constitute the offering or performance of services where otherwise restricted by law.
Confidential: This electronic message and all contents contain information from the firm of AlixPartners, LLP and its affiliates which may be confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately at and destroy the original message and all copies.
Confidential: This electronic message and all contents contain information from the firm of AlixPartners, LLP and its affiliates which may be confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately at and destroy the original message and all copies.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (               ), and destroy the original message. Thank you

Confidential: This electronic message and all contents contain information from the firm of AlixPartners, LLP and its affiliates which may be confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately at and destroy the original message and all copies.