Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                          :
In re:                                                    :   Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,   :   Case No. 09-50026
     f/k/a General Motors Corp., *et al.*,          :   (Jointly Administered)
                                                          :
                              Debtors.                    :   Honorable Robert E. Gerber
                                                          :
---------------------------------------------------------- x

**FEE EXAMINER'S SUPPLEMENTAL STATEMENT IN SUPPORT OF
PENDING APPLICATION TO AUTHORIZE THE EXTENDED
RETENTION AND EMPLOYMENT OF THE STUART MAUE FIRM
AS CONSULTANT TO THE FEE EXAMINER AS OF MARCH 8, 2010**

**TO:   THE HONORABLE ROBERT E. GERBER**
**        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company) ("**GM**"), appointed on December 23, 2009, submits this Application pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") for authorization to continue to employ the firm of Stuart Maue as consultant to the Fee Examiner (this "**Application**") and respectfully represents as follows.

**SUMMARY**

This statement supplements, at the Court's suggestion, the information on file regarding the services that have been provided and, upon the Court's approval, will be provided by the Stuart Maue firm as an auditor to assist the Fee Examiner. The initial retention was limited to a designated group of case professionals with a fee cap of $85,000.00.

Stuart Maue has demonstrated the value of its contribution to the work of the Fee Examiner and, ultimately, to the U.S. Trustee and this Court. Accordingly, the Fee Examiner proposes to expand Stuart Maue's retention, effective as of March 8, 2010, to include all interim and final fee applications that the Fee Examiner determines warrant review by Stuart Maue. To date, the fee applications in this case total more than $90 million, supported by more than 7,000 pages of billing materials.

**PRELIMINARY STATEMENT**

1.  The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals.

    A.  On January 29, 2010, the Fee Examiner submitted an Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010 [Docket No. 4910] (the "**Limited Retention Application**"), and an order was entered without objection on February 17, 2010. It authorized the limited engagement [Docket No. 5005] (the "**Limited Retention Order**") for the purpose of assisting in the review of the fees and expenses requested in the first interim fee applications of the following case professionals: Jenner & Block, LLP; Brownfield Partners, LLC; Kramer Levin Naftalis & Frankel, LLP; LFR, Inc.; and, The Claro Group, LLC ("**Selected Case Professionals**").

2

B.    On April 5, 2010, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5431] (the "**Extended Retention Application**"). On April 19, 2010, the Debtors filed the *Response of Debtors to Fee Examiner's Application to Authorize Extended Retention of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5522] (the "**Debtors' Response**"). The Application and Response will be scheduled for hearing on April 29, 2010, along with the pending first interim fee applications.

C.    In support of this Supplemental Statement, the Fee Examiner relies on the Affidavit of James P. Quinn, President and Chief Operating Officer attached as Exhibit A to the Limited Retention Order; the Affidavit of James P. Quinn, President and Chief Operating Officer attached as Exhibit A to the Extended Retention Application; and, his own experience and the experience of his counsel in reviewing the first interim fee period applications and in working with Stuart Maue.

## BACKGROUND / JURISDICTION

2.    Commencing on June 1, 2009 and periodically thereafter (as applicable, the "**Commencement Date**"), General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

3

3. On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

4. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above-captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

5. On January 5, 2010, the Fee Examiner submitted an *Application for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), as counsel to the Fee Examiner on January 19, 2010 [Docket No. 4833].

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BASIS FOR RELIEF REQUESTED

7. The Fee Examiner has determined, based on Stuart Maue's work, that the assistance of Stuart Maue in the review of the fee applications of Selected Case Professionals has contributed significantly to the Fee Examiner's quantitative analysis of the fee applications and the preparation of reports based, in part, on that analysis. Indeed, Stuart Maue has made an indispensable contribution to the reports and objections now on file. Accordingly, the Fee Examiner seeks to extend the engagement of Stuart Maue—as one of the best qualified and most cost-effective professionals—to support the Fee Examiner in his review of all interim and final fee applications of case professionals.

**SERVICES THAT HAVE BEEN PROVIDED BY STUART MAUE**

8.  The Stuart Maue firm is a legal auditing and bill review firm retained, without objection and with Court approval, to assist the Fee Examiner in his analysis of the fee applications of the Selected Case Professionals and to assist the Fee Examiner in the preparation of complementary reports and objections.

A.  Prior to the retention of the Stuart Maue firm, the Fee Examiner, in conjunction with his counsel, conducted a preliminary review of all the fee applications submitted for the first interim fee period to identify the range of fee practices that raised concerns, given the governing law and applicable guidelines. Concluding that some (but not all) of these fee practices could be identified, but not easily quantified in large applications (e.g. vague entries), the Fee Examiner determined that an auditor dedicated to reviewing the data electronically could help identify fee practices requiring particular review. Furthermore, the electronic identification of questionable entries increases the transparency and the fairness of the fee-review process.

B.  The Fee Examiner selected the Stuart Maue firm after consulting with other fee examiners and reviewing the qualifications of other auditing firms.

C.  In mid-February, the Fee Examiner, with attorneys and paralegals from Godfrey & Kahn, drafted a set of parameters to guide the audits and identify specific practices that appeared questionable. On the basis of its extensive experience auditing fee applications in large bankruptcies, the Stuart Maue firm helped develop initial parameters for the review of the Selected Case Professionals' fee applications.

D.  On March 4, 2010, two Stuart Maue legal auditors met with the Fee Examiner and his counsel to review draft exhibits prepared after their initial audit of the Selected Case Professionals. For certain professionals, the draft exhibits filled two large binders.

    E. Stuart Maue's reports are based on electronic data, and the parameters used to prepare exhibits can be changed—in response, for example, to a professional providing additional information. The electronic format of the data, as well as the proprietary software used to identify and sort entries, also allows easy comparison among fee applications.

    F. The Fee Examiner conducted manual reviews of fee applications filed by the case professionals not covered by the Limited Retention Order. For professionals whose fee applications were smaller or contained fewer questionable practices, these manual reviews could be accomplished efficiently and completely by the Fee Examiner's counsel and staff alone. This was not the case, however, for all professionals.

    G. The fee applications for some professionals not covered by the Limited Retention Order were so large that manually identifying each entry that required legal analysis could not be accomplished efficiently, even by employing only paraprofessionals to simply flag entries for review by more experienced attorneys. The same task, identifying the entries needing review, can be accomplished more efficiently and at a substantially lower cost by Stuart Maue's personnel with that firm's specialized resources and proprietary software. By segregating the identification of questionable entries from the Fee Examiner's subsequent legal analysis of those same entries, the ultimate work product can be produced more quickly and at lower cost.

    H. In addition, using Stuart Maue's proprietary software, the firm can create electronic exhibits of entries needing further review; in contrast, such exhibits would have to be manually created without the auditor's assistance. This is not an insignificant difference. For large applications with numerous questionable entries, the exhibits can exceed 500 pages.

    I. Identifying and itemizing the questioned entries provide transparency. In the absence of such exhibits, the process is prone to uncertainty and disparate treatment. At least

6

one professional, for example, has agreed to adjourn the hearing on its first interim fee application, so that its application may be electronically audited.

### FEES AND EXPENSES PURSUANT TO THE LIMITED RETENTION ORDER

9.  The market value of the services the Stuart Maue firm provided under the Limited Retention Order exceed $120,000.  According to the terms of the Limited Retention Order, however, the Stuart Maue firm may not seek compensation in excess of $85,000 in fees and expenses for the audits of the Selected Case Professionals.  In addition, and like the Fee Examiner and his counsel, Stuart Maue's fee applications are subject to court review for reasonableness under § 330.

10. Stuart Maue performed work in good faith, beginning on March 8, 2010, to assist the Fee Examiner in analyzing first interim fee applications of professionals other than the Selected Case Professionals.  It did so at the specific request of the Fee Examiner, knowing that it could be compensated (if at all) only pursuant to a Court order.  Accordingly, it is appropriate that Stuart Maue be retained *nunc pro tunc* to March 8, 2010.

11. To date, from March 8, Stuart Maue has incurred more than $170,000 in fees and expenses auditing the first interim fee applications of Weil Gotshal & Manges LLP and FTI Consulting, Inc., and to begin auditing the second interim fee application of Weil Gotshal and Jenner & Block.  Nearly all of that sum has been devoted to the first and second interim applications of Weil Gotshal & Manges.  In any event, when Stuart Maue submits a fee application, any party in interest and any professional may choose to object to the request.

### PROCEDURE

12. The Extended Retention Application presents no novel issues of law, and the Fee Examiner requests that the requirement of the service and filing of a separate memorandum of

7

law under Local Bankruptcy Rule 9013-1(b) be deemed satisfied by this Supplemental Statement.

## CONCLUSION

WHEREFORE, the Fee Examiner respectfully requests the entry of an order, substantially in the form annexed as Exhibit B to the Expanded Retention Application, granting the relief requested therein and such other and further relief as the Court may deem just and proper.

Dated: Madison, Wisconsin
April 23, 2010.

GODFREY & KAHN, S.C.

By: _/s/ *Katherine Stadler*_
Katherine Stadler (KS 6831)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: kstadler@gklaw.com

*Attorneys for Fee Examiner*

4897219_1