**HEARING DATE AND TIME:** Apr. 29, 2010 at 1:00 p.m. (Eastern Time)
**OBJECTION DEADLINE:** Apr. 26, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.* :
                                                            :
        **Debtors.** :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### OBJECTION OF DEBTORS TO FEE EXAMINER'S MOTION
### FOR CLARIFICATION OF APPOINTMENT ORDER

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), as and for their Objection to the Motion by the Fee Examiner for Clarification of Appointment Order (the "**Motion**") [Docket No. 5483], respectfully represent:

        1.    The Motion seeks to significantly expand the scope of the Fee Examiner's functions beyond those intended and set forth in the Stipulation and Order (as defined below) approving his appointment. The Fee Examiner appears to want to be the

general overseer of the administration of the Debtors' estates. Such an expansion of the Fee Examiner's role is inconsistent with the Stipulation and Order and with the traditional duties of a fee examiner.

## Background

2. Given the size and complexity of these chapter 11 cases, the Office of the United States Trustee (the "**United States Trustee**") proposed to the Debtors and the statutory committee of unsecured creditors (the "**Committee**") that a qualified person be appointed to "review and prepare appropriate reports . . . on all applications for allowances of compensation and reimbursement of expenses" filed by professionals subject to the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Compensation Order**") [Docket No. 3711], to "assist the Court in determining and ruling on the applications, as well as to provide transparency in the administration of the chapter 11 cases." (Stipulation and Order with Respect to Appointment of a Fee Examiner ¶ G (the "**Stipulation and Order**") [Docket No. 4708].) The Debtors, their professionals, and the Committee did not object to the United States Trustee's proposal. The Stipulation and Order resulted and was approved by the Court on December 23, 2009.

3. The Stipulation and Order provides that the "Fee Examiner shall review and assess all fee applications filed by Retained Professionals in these chapter 11 cases [and] shall submit periodic reports to the Court, the United States Trustee, the Debtors, the Committee and each Retained Professional applying for compensation and reimbursement of expenses pursuant to the Compensation Order." (Stipulation and Order

¶ 3.) It further provides that "the Debtors, the Committee and all Retained Professionals shall . . . respond to any reasonable requests for information that the Fee Examiner may make in respect of any application for *compensation and reimbursement of expenses, budgets, and the overall status of the Debtors' bankruptcy cases*" and that the "Fee Examiner shall inform each Retained Professional of any issue relating to *such Professional's application for compensation or expenses* prior to filing a report *regarding such application.*"  (*Id.* ¶¶ 4, 8 (emphasis added).)

4. The Stipulation and Order is clear and unequivocal that the Fee Examiner's responsibilities are administrative in nature.  However, as demonstrated by the Motion and even more so by the Fee Examiner's recently filed Second Status Report and Advisory, dated April 8, 2010 (the "**Advisory**") and the Fee Examiner's 25 page Memorandum to "Interested Parties" attached thereto (the "**Advisory Memorandum**") [Docket No. 5463], the Fee Examiner apparently believes his role to be much more expansive.

5. The scope of the Fee Examiner's appointment does not include providing editorial, philosophical, political, or social commentary on the financial crisis of 2008, or, in his words, the "disappearance, reorganization or rescue of … iconic corporations including Lehman Brothers, Chrysler, AIG, Fannie Mae and Freddie Mac." (Advisory Memorandum at 2.)  The Fee Examiner was not appointed to expound on whether Congress should revisit the procedures and substantive standards for the engagement and compensation of retained professionals in chapter 11 cases.  The stated purpose of the Fee Examiner's Advisory evidences the broader role and mission the Fee Examiner has assumed and desires the Court to approve:

3

> Accordingly, this memorandum has an ancillary purpose: to try and help advance public understanding of the process and the role not only of the judges and the U.S. Trustees whose public service is indispensable but of the professional compensated by the estate and, here, the taxpayer.

(Advisory Memorandum at 2.) Notably, the Fee Examiner invites comments and suggestions and intends to supplement his Advisory.[1]

### **Modification of the Stipulation and Order Is Inappropriate**

6.  Modification of the Stipulation and Order to expand the Fee Examiner's responsibilities is neither warranted nor appropriate. The Stipulation and Order appointed the Fee Examiner for the limited purpose of reviewing and assessing retained professionals' applications for compensation and reimbursement of expenses consistent with title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Guidelines. The Bankruptcy Code does not provide for the appointment of fee examiners. The creation of fee examiners is the result of judicial action to release overburdened United States Trustees from the potential inability to adequately discharge their statutory function to review fee applications. The role of the Fee Examiner should not be expanded beyond that. The Debtors should not be required to finance the Fee Examiner's desire to educate the public

---

[1] Despite what the Advisory suggests, the United States Treasury and its representatives have been actively involved with the Debtors and their financial affairs since well-prior to the commencement of these chapter 11 cases and continuing thereafter. They have demonstrated quite effectively the ability to protect the interests of the United States and its taxpayers. Additionally, the professionals involved in these cases and the Court are fully versed in the applicable principles and considerations pertinent to the review of fee applications. The Advisory's extensive explication of the Fee Examiner's survey of those matters is neither an efficient nor economic use of the Debtors' assets.

4

as to the process and potential flaws in the Bankruptcy Code. It is not the prerogative of a fee examiner to object to proposed engagements of professionals by the Debtors or others.

7. Notwithstanding the clearly defined scope of his role, the Fee Examiner already has inserted himself into the professional retention process since his appointment. This has resulted in the unnecessary incurrence of costs and expenses of administration. The Fee Examiner's Advisory and Advisory Memorandum represent a further imposition of costs to the Debtors with no cognizable benefit or purpose.

8. Professionals retained or to be retained in these cases are well-aware of the fee application review process and all other requirements to which they are subject. It is improper for the Fee Examiner to inject himself into the process at the retention stage. Rather, as provided in the Stipulation and Order appointing him, the Fee Examiner's activity should be appropriately confined to the fee application review process as and when they are filed.

WHEREFORE the Debtors respectfully request that the Fee Examiner's duties be confined to those specified by the Stipulation and Order and not be expanded beyond those duties and that the Debtors be granted such other and further relief as is just.

Dated: New York, New York
April 26, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession