**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re** : Chapter 11
:
**MOTORS LIQUIDATION COMPANY,** *et al.,* : Case No. 09-50026 (REG)
  f/k/a General Motors Corp., *et al.* :
      Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

**RESPONSE OF AP SERVICES, LLC TO THE FEE EXAMINER'S STATEMENT**
**CONCERNING FEE APPLICATION OF AP SERVICES, LLC**

TO:   THE HONORABLE ROBERT E. GERBER,
      UNITED STATES BANKRUPTCY JUDGE:

AP Services, LLC ("**APS**"), crisis managers to Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (the "**Debtors**"), submits this response to the Fee Examiner's Statement Concerning Fee Application of APS [Docket No. 5567] (the "**Fee Examiner Statement**").

**SUMMARY STATEMENT**

In his Fee Examiner Statement, the Fee Examiner asserts that APS' Compensation Reports are subject to his review and announces his right to audit and object to the compensation of APS. It is the understanding of APS that the Fee Examiner's authority applies only to Retained Professionals in these cases. APS is not a Retained Professional[1] in the Debtors' chapter 11 cases. Rather, the Debtors employed APS as crisis managers and designated Albert A. Koch as Chief Executive Officer of the Debtors pursuant to 11 U.S.C. § 363 and the

---

[1] Capitalized terms that are not otherwise defined herein shall have the meanings set forth in that certain Stipulation and Order with Respect to Appointment of a Fee Examiner entered by this Court on December 23, 2009 [Docket No. 4708] (the "**Fee Examiner Order**.")

"Jay Alix Protocol[2]" negotiated with the United States Trustee and adopted by this Court. As such, APS' compensation is not subject to review by the Fee Examiner, whose appointment extends only to the review of fees and expenses of Retained Professionals subject to this Court's Compensation Order. A detailed review and approval by an independent body is an integral part of the APS retention regimen under 11 U.S.C. § 363 and the Protocol. Rather than the review and examination process that applies under 11 U.S.C. § 327 to Retained Professionals, APS' compensation is rigorously reviewed by an independent compensation committee of the Debtors' Board of Directors. Accordingly, because APS is not subject to the review process outlined in the Fee Examiner Order, APS disputes the Fee Examiner's reservation of rights in the Fee Examiner Statement. In support of its response, APS respectfully states:

**I.    FACTUAL BACKGROUND**

**APS RETENTION**

1.    On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary cases under Chapter 11 of the Bankruptcy Code.

2.    On July 2, 2009, this court entered an Amended Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date [Docket No. 2949] (the "**APS Retention Order**").

---

[2] The "Jay Alix Protocol" derives from a settlement between the United States Trustee and Jay Alix and Associates, approved on October 4, 2001 by the Bankruptcy Court for the District of Delaware. The Stipulations, each dated September 11, 2001, were entered in the cases, *In re Safety-Kleen Corp.*, Case No. 00-2303 (Bankr. D. Del.) and *In re Harnischfeger Industries Inc.*, Case No. 99-2171 (Bankr. D. Del.), respectively (the "**Protocol**"). The Protocol has been followed by the Office of the United States Trustee and the United States Bankruptcy Court for the Southern District of New York.

2

3. Pursuant to the APS Retention Order, this Court approved the terms of the Engagement Letter dated May 29, 2009 between APS and the Debtors, as subsequently amended by the First Amended Engagement Letter dated July 23, 2009 (the "**First Amendment**").[3]

4. The Engagement Letter, along with the First Amendment, provide for hourly compensation and reimbursement of expenses to APS (the "**Hourly Fees**"), along with a series of success, discretionary and incentive fees (the "**Incentive Fees**").

5. Since the Petition Date, Albert A. Koch of APS has served as the Debtors' Chief Restructuring Officer with later appointment to the position of Chief Executive Officer. In addition, various other APS personnel have been appointed by the Debtors to officer and director positions of the Debtors and its subsidiaries.

6. Other APS personnel have functioned as temporary staff of the Debtors performing a wide range of activities including assisting with the structuring, negotiation and completion of a sale of the Debtors' assets and operations pursuant to section 363 of the Bankruptcy Code; identifying the assets and liabilities to be sold and transferred; supporting the negotiation and implementation of various transitional contractual relationships and, subsequent to such sale, monetizing assets, settling claims and working towards filing a chapter 11 plan.

7. At all times, Mr. Koch and the APS personnel have acted under the supervision of an independent committee of the Board of Directors of the Debtors.

**APS COMPENSATION ARRANGEMENT**

8. The compensation arrangement under the APS Retention Order derives from the Protocol, which provides guidelines for the retention and compensation of crisis managers and

---

[3] On August 18, 2009, this Court entered an Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter with AP Services, LLC to approve the First Amendment [Docket No. 3831].

corporate officers retained under 11 U.S.C. § 363. In accordance with the Protocol, which is strictly followed by the United States Trustee, crisis managers are paid in the ordinary course of business subject to: (i) filing quarterly compensation reports; and (ii) seeking court approval for any success or other back-end fees at the conclusion of the case.

9. The APS Retention Order specifically provides that APS is not required to submit fee applications for Hourly Fees pursuant to sections 330 and 331 of the Bankruptcy Code, but rather authorizes the Debtors to pay APS in the ordinary course of business.

10. The APS Retention Order further provides that APS is required to submit quarterly compensation reports to this Court with respect to Hourly Fees, with copies to the United States Trustee and all official committees, who have the right to object to the compensation under a reasonableness standard, within 20 days of filing of the compensation report.

11. In accordance with the Protocol and its historical application by APS and the United States Trustee, and the APS Retention Order, the quarterly compensation reports provide for a 20 day negative notice period.

12. In the instant case, APS has filed three compensation reports to date: (i) Report of AP Services, LLC of Compensation Earned and Expenses Incurred for the Period from June 1, 2009 through August 31, 2009 [Docket No. 4280] (the "**First APS Compensation Report**"); (ii) Report of AP Services, LLC of Compensation Earned and Expenses Incurred for the Period from September 1, 2009 through November 30, 2009 [Docket No. 4828] (the "**Second APS Compensation Report**"); and (iii) Report by AP Services, LLC of Compensation Earned and Expenses Incurred for the Period from December 1, 2009 through February 28, 2010 [Docket No. 5505] (the "**Third APS Compensation Report**").

13. With respect to the First and Second APS Compensation Reports, the 20 day negative notice period has passed without objection. The time to object to the APS compensation outlined in the Third APS Compensation Report expires on May 4, 2010.

14. In accordance with the APS Retention Order and the Protocol, APS intends to seek this Court's approval of the Incentive Fees as each become due and payable.

15. Prior to payment of any Hourly Fees or Incentive Fees to APS, an independent fee review committee of the Debtors' board of directors rigorously reviews the proposed APS' compensation. This review, along with the compensation arrangement under the APS Retention Order and the Protocol, provides a process to ensure that the compensation paid to APS is fair and reasonable.

## FEE EXAMINER ORDER

16. Pursuant to the Fee Examiner Order, the fee examiner was appointed to review compensation of Retained Professionals only. Retained Professionals are defined as those professionals subject to the Compensation Order.

17. The Compensation Order provides a process to permit professionals retained under 11 U.S.C. § 327 to seek monthly and interim compensation from the Debtors.

18. APS is not a "professional" retained under 11 U.S.C. § 327, and as such, is not subject to the Compensation Order. Rather, APS' compensation is governed by the APS Retention Order and the Protocol, as adopted by the United States Trustee and this Court.

19. Nevertheless, in the Fee Examiner Statement, the Fee Examiner tentatively concludes that the fees requested by APS and reported in the APS Compensation Reports, are subject to the Fee Examiner's review at any time, including in connection with any final fee

application.[4]  Further, the Fee Examiner reserves the right to file a report with respect to any of the APS Compensation Reports "in connection with subsequent quarterly compensation reports or the final fee application."

20. The Fee Examiner's rationale for asserting that APS' Hourly Fees and Incentive Fees are subject to the Fee Examiner Order, is unclear.  The Fee Examiner recognizes that APS is providing the Debtors' management and staff.  Nevertheless, the Fee Examiner suggests that the nature of APS' services, the Incentive Fees, and the fact that detailed time records were not attached to the Compensation Reports, is sufficient reason to provide the Fee Examiner with an open window to object to APS' compensation.

21. The Fee Examiner's unsubstantiated conclusion is contrary to the Fee Examiner Order which provides for discrete administrative duties for the Fee Examiner.  Specifically, the Fee Examiner is required to file periodic reports for Retained Professionals only, prior to any hearing on a fee application.

22. As the Fee Examiner notes in the Fee Examiner Statement, APS maintains that its compensation, including Hourly Fees and Incentive Fees, is not subject to the Fee Examiner's Review.

23. First, APS is not a "professional" retained under 11 U.S.C. § 327, and as such, is not subject to the Compensation Order.

---

[4] The Fee Examiner has misconstrued the compensation arrangement set forth in the APS Retention Order and the Protocol.  While APS will file applications for payment of Incentive Fees, APS is not required to file a final fee application to approve its Hourly Fees. Rather, Hourly Fees are reported on a quarterly basis subject to a 20 day negative notice period.

6

24. Second, because APS is not subject to the Compensation Order, APS is not a "Retained Professional," as defined in the Fee Examiner Order, subject to the Fee Examiner's review.[5]

25. Rather, as crisis managers and interim officers for the Debtors, APS' compensation is already subject to a rigorous review process provided for by the APS Retention Order, the Protocol and the Debtors' Board of Directors.

## II.    CONCLUSION

WHEREFORE, APS continues to assert that its compensation is not subject to review by the Fee Examiner and reserves its right to dispute the Fee Examiner's asserted authority in the event that the Fee Examiner should file a report on or an objection to any of the APS Compensation Reports or requests for Incentive Fees.

Dated: April 27, 2010                                        Respectfully submitted,
                                                             AP SERVICES, LLC


                                                             By:  /s/ Albert A. Koch
                                                             Albert A. Koch
                                                             Authorized Representative
                                                             AP Services, LLC
                                                             2000 Town Center, Suite 2400
                                                             Southfield, MI 48075

---

[5] This interpretation of the Fee Examiner Order is consistent with the Response of the United States Trustee Regarding First Interim Applications for Compensation and Reimbursement of Expenses filed on April 22, 2010 [Docket No. 5568].  In that Response, APS is not included within the definition of Retained Professionals.