THE CLARO GROUP, LLC
777 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
(213) 784-0190 (Telephone)
(213) 452-6556 (Facsimile)

*Environmental Management Consultants to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 
In re                                                    :   Chapter 11 Case No.
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.*,    :   09-50026 (REG)
        f/k/a General Motors Corp., *et al.*             :
                                                         :
                        Debtors.                         :   (Jointly Administered)
                                                         :
------------------------------------------------------------x

## REPLY OF THE CLARO GROUP, LLC TO THE FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO THE FIRST INTERIM FEE APPLICATION OF THE CLARO GROUP, LLC

TO:   THE HONORABLE ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

The Claro Group, LLC ("Claro"), Environmental Management Consultants to the Debtors, respectfully submits its Reply to the Fee Examiner's Report and Statement of Limited Objection ("Report") to Claro's First Interim Fee Application.

### SUMMARY STATEMENT

Claro filed its First Fee Application in November 2009 seeking approval of $189,563 in professional fees and $888.05 in expenses. Claro professionals, along with other professionals retained by the Debtors, engaged in very substantial efforts to provide the environmental-related services for the benefit of the Debtors' Estate in a very compressed time period.

Although Claro firmly believes that its First Fee Application and included billings statements are sufficient under all applicable billing guidelines, in the interest of encouraging the Fee Examiner to withdraw his objections, on April 23, 2010, Claro provided additional, confidential support to the Fee Examiner Counsel addressing virtually all of the purported billing issues identified by the Fee Examiner. Claro is hopeful that the Fee Examiner will withdraw his objections based upon the additional materials submitted by Claro.

Claro has taken the Fee Examiner's comments into consideration and will work to ensure that its professionals bill in one-tenth increments, that their descriptions will be sufficiently descriptive, that any out of pocket expenses will contain the necessary detail required for reimbursement and that time entries will not, unless appropriate, related and/or necessary, be bundled. However, for the work already performed by Claro professionals and in light of the additional confidential materials provided by Claro to the Fee Examiner Counsel, Claro respectively requests that the Court approve the First Fee Application in its entirety.

## BACKGROUND

1. On or about November 19, 2009, Claro filed its First Interim Application of for Allowance of Compensation and Reimbursement of Expenses ("First Fee Application") for the Period June 1, 2009 through September 30, 2009 ("First Period"), seeking the sum of $189,563 in professional fees and $888.05 in expenses.

2. On or after March 2, 2010, Counsel for the Fee Examiner ("Fee Examiner Counsel") sent correspondence to Claro inquiring about the scope of Claro's engagement, requesting a signed copy of the Engagement Letter and asking whether the First Fee Application was intended to be a final fee application.

3. On March 9, 2010, less than one week after receiving the March 2, 2010 letter, Claro provided a detailed response to all of the questions posed by the Fee Examiner Counsel and provided copies of the materials requested by the Fee Examiner Counsel. Claro did not receive any further inquires or requests from the Fee Examiner or his counsel until April 15, 2010.

4. On April 15, 2010, Claro received correspondence from the Fee Examiner Counsel which included a copy of a draft report and objections ("draft report") that the Fee Examiner intended to file with the Court on April 22, 2010 – a mere seven (7) days later. Among other things, the April 15 letter stated:

"We have attempted to take into account all of your written and verbal responses to the questions we have raised in our letters and conversations."

5. Until Claro received the April 15, 2010 draft pleading, neither the Fee Examiner nor his counsel had raised any of the alleged billing issues contained in the draft pleading. Claro had had no discussions with the Fee Examiner or his counsel nor had any questions been raised on the purported sufficiency of Claro's billing entries.

6. On April 21, 2010, Claro discussed the draft report with the Fee Examiner Counsel. On April 22, 2010, the Fee Examiner filed his Report. Despite Claro's strong belief that its First Fee Application is fully supported, on April 23, 2010, Claro provided additional confidential support to the Fee Examiner Counsel which addressed virtually every one of the objections raised in the Report. Claro indicated that it was hopeful that the additional materials would encourage the Fee Examiner to withdraw any objections that he had to the First Fee Application. To date, Claro has received no indication whether the Fee Examiner intends to withdraw any of his objections.

## **COMMENTS**

7.    Claro professionals provided substantial personal sacrifice during the First Period and completed the first necessary wave of services requested by the Debtor with remarkable efficiency, representing substantial value to the Estate. Claro performed the services as indicated in the supporting billing statements, Claro incurred the very meager out of pocket expenses (in total less than $1,000), Claro's services provided tremendous value to the Debtors' Estate and now Claro deserves to be paid in full for such services.

8.    The Fee Examiner does not appear to contend that Claro professionals did not perform the work, nor does he contend that Claro's services did not provide substantial value to the Estate. The suggested reductions are not mathematically or statistically supported by the arguments or specific findings of the Fee Examiner and if anything, they appear to be nothing more than a request to penalize Claro for providing services to a bankrupt entity in a compressed time period.

9.    While Claro recognizes the need to have uniform billing guidelines applicable to professionals retained by debtor entities, those guidelines should not be used in a way that serves to penalize the professionals who provide exceptional value for the benefit of all creditors.

10.    Claro has taken the Fee Examiner's comments into consideration and will work to diligently ensure that its professionals bill in one-tenth increments, that their descriptions will be sufficiently descriptive, that any out of pocket expenses will contain the necessary detail required for reimbursement and that time entries will not, unless appropriate, related and/or necessary, be bundled. However, for the work already performed by Claro professionals and in light of the additional confidential materials provided by Claro the Fee Examiner Counsel, Claro respectively requests that the Court approve the First Fee Application in its entirety.

WHEREFORE, Claro respectfully request that this Court enter an order: (i) allowing Claro's request for compensation in the sum of $189,563 for actual, reasonable and necessary professional services rendered as environmental consultants to the Debtors during the Period; (ii) directing the Debtors to pay to Claro the full amount of such compensation to the extent not already paid; and (iii) directing the Debtors to reimburse Claro in the amount of $888.05 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed.

Dated: Los Angeles, California
       April 27, 2010

THE CLARO GROUP, LLC

_____
Douglas H. Deems, Managing Director
777 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017

*Environmental and Management
Consultants to the Debtors*