**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
Matthew J. Williams (MW-4081)
Keith R. Martorana (KM-2878)

ATTORNEYS FOR WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY., *et al.***<br>    **(f/k/a General Motors Corp., *et al.*)**<br><br>                              **Debtors.** | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**OMNIBUS RESPONSE OF WILMINGTON TRUST COMPANY AS INDENTURE
TRUSTEE TO FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED
OBJECTION TO THE FIRST INTERIM FEE APPLICATIONS OF
(A) KRAMER LEVIN NAFTALIS & FRANKEL LLP; (B) BUTZEL LONG,
A PROFESSIONAL CORPORATION; AND (C) FTI CONSULTING, INC.**

TO:    THE HONORABLE JUDGE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE

Wilmington Trust Company as Indenture Trustee ("**WTC**"), by and through its undersigned counsel hereby submits this omnibus response (the "**Response**") to (A) the Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Kramer Levin Naftalis & Frankel LLP [Docket No. 5555]; (B) the Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Butzel Long [Docket No. 5548]; and (C) the Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of FTI Consulting, Inc. [Docket No. 5557] (collectively, the "**Fee**

**Objections**").[1] After canvassing the other members of the Committee (as defined below), it is WTC's understanding that this Response expresses the sentiment of the majority of the Committee.[2] In support of its Response, WTC represents as follows:

## BACKGROUND

1. On June 1, 2009, General Motors Corporation and certain of its affiliates (collectively, the "**Debtors**") each commenced a voluntary case (collectively, the "**Cases**") with this Court under chapter 11 of title 11 of the United States Code.

2. On June 3, 2009, the Office of the United States Trustee appointed WTC, the indenture trustee for approximately $23 billion in unsecured bonds, and fourteen other members to the Official Committee of Unsecured Creditors (the "**Committee**"). WTC was thereafter selected chairperson of the Committee by the other Committee members.

3. The Committee subsequently retained Kramer Levin Naftalis & Frankel ("**KLNF**") as counsel to the Committee; Butzel Long, a Professional Corporation ("**Butzel Long**") as conflicts counsel to the Committee, and FTI Consulting, Inc. ("**FTI**", and together with Butzel Long and KLNF, the "**Committee Professionals**") as financial advisor to the Committee.

## RESPONSE

4. WTC understands the importance of efficiency in these Cases. If allowed administrative fees and expenses ultimately exceed the wind-down budget, the recoveries of

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed thereto in the Fee Objections.

[2] The current members of the Committee are: WTC; Law Debenture Trust Company of New York; The Industrial Division of Communications Workers of America, AFL-CIO; International Union UAW; United Steelworkers; Inteva Products, LLC; Serra Chevrolet of Birmingham, Inc.; Genoveva Bermudez; and Kevin Schoenl.

2

unsecured creditors - including but not limited to the $23 billion in bonds represented by WTC - could be impaired. As such, WTC supports keeping administrative expenses in check.

5. That being said, WTC also recognizes the importance of the work that the Committee Professionals performed during the first few months of these Cases, and indeed continue to perform. In *any* bankruptcy case, it is imperative that the advisors to the official creditors' committee perform detailed factual and legal analysis of the issues and challenges that confront the estate. In cases of this size, speed, importance and complexity, the necessity and utility of such tasks is rendered that much more important.

6. The Fee Objections not only fail to acknowledge the important role played by the Committee Professionals in these Cases, but come dangerously close to undermining the entire premise and purpose of the Committee, that is, to *independently* examine, test, and negotiate with the Debtors' professionals on behalf of the unsecured creditor constituency. Issues such as the terms and conditions of the 363 sale, the debtor-in-possession financing, the cash collateral order, the bank perfection issues, the environmental claims, relevant financial analyses, and the appeal of the sale order were and are all fundamental to creditor recoveries.

7. WTC believes that it is of the upmost importance that the Committee Professionals be fully compensated (subject to any adjustments as may be agreed to by the Committee Professionals) for their work in analyzing and negotiating the wide range of issues affecting unsecured creditor recoveries, thereby enabling the Committee to make informed decisions in accordance with its fiduciary duties. Absent the ability to fully compensate its professionals for the work they perform (which, in turn, enables the Committee to take informed positions on the myriad of issues affecting creditor recoveries), the Committee's role could be marginalized and reduced to rubber stamping the decisions made and actions taken by the

Debtors.  Such an approach is neither fair to the Committee Professionals nor beneficial to the estate or its creditors.

## CONCLUSION

WHEREFORE, WTC respectfully requests that the compensation and reimbursement requested by the Committee Professionals be allowed in full, subject to any adjustments as may be agreed to by the Committee Professionals, and that the Court grant such other and further relief as is just.

Dated: New York, New York
April 28, 2010

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ Matthew J. Williams
Matthew J. Williams (MW-4081)
Keith Martorana (KM-2878)
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone:  (212) 351-4000
Facsimile:   (212) 351-4035

ATTORNEYS FOR WILMINGTON TRUST COMPANY
AS INDENTURE TRUSTEE