United States Bankruptcy Court
Southern District of New York

Chapter 11 Case No.
09-50026 (REG)
(Jointly Administered)

In re
Motors Liquidation Company, et al.
f/k/a General Motors Corp, et al
Debtors.

Dear Honorable Robert E. Gerber,

I Shaeyl Yvette Carter reside At 1541
LaSalle Ave #1, Niagara Falls, New York 14301, my
Numbers are (716) 282-3624 And (937) 332-8072.

On April 27, 2010 around

from Attorney of (GM) General Motors Corporation,
Ervin Eckols and Pablo Falabella who was on the
other line. This conversation was set out to get me,
Shaeyl Y. Carter to agree to my claims, 2x of the
claims to duplicate without giving me more in-
formations. I continue to state that All I was given
was Dockets numbers, claim numbers but not the
reason of the two claims that they wanted
me to agree to. I continue to object and

And disagree to (GM) General Motors Corp plans. I Has stated several times during our conversation, after I Sheryl Y. later listen to the two of them team up against me. I continue to go through these tactics, misleading me, only in the best interest of the company GM, I Has requested that this matter, my claims, go forward in courts for the Judge to decide if my claims are duplicates to GM and their affiliated bodies continue to claim on my claims against their companies. I ask what claims are they, Ervin and Pablo talking about, since they say I have several claims against GM/Delphi in the courts Systems. They could not, and did not Answer that question. Pablo Stated I have a workers Compensation

Claim against Gm. I Sheryl of Exeter ask if
this claim in for Gm or Delphi As I continue to
Receive documents from (R) two different Courts
under several different Judges, Also I have
Responded to different Attorneys As well.
Pablo stated Across Cervino that I should
know what Claim that they Are talking about
since I file the Claims, he Also stated I
listen to the News and then file my Claims
As they stated several times they Are not my
lawyers. After this interrogation went on for
some time and I did not Agree to the two
Claims being duplicate Claims, they told me
that I would have to come into Court and
tell the Courts/Judge why I object to
my claims, and Reasons I explain that I

will give the same answer as I gave them.
I also stated that I can not come to court,
Gavin then ask don't you live in New York, I
said Niagara Falls New York about 10-12½ hours
away. Everybody have my address, numbers
as Pablo tried, asking my address
at 92 Woolley Lane #E-Niagra NY, Why I
continue to be played with, tactic continues
I don't know. I Shirley J. Carter ask the
two of them to look through my claims and
explain to me why they are duplicate. I
can not make that decision when they have
all the paperwork, documents, Records, etc.
There was other things said, I was upset
After this conversation, I tried the telephone
meeting, but this did not go right.

Finally Ervin said they can set up the telephonic phone call for me to listen in on the Hearing Thursday - April 29, 2010, I agree to this, As Pablo was to set this up stated Ervin. Than Ervin gave me there numbers Ervin (212) 310-8000    Pablo (212) 310-8050

And I am to call them if I do not get my Fed/Ex in time, Wednesday, as Ervin ask me if I will be there to sign for it. They employphi leave the Fed/Ex envelope on the porch most of the times, what is the difference now. Ervin Also stated if this phone call conference-Hearing do not go through, I am to call them for the out come. I took that statement as this will not

go through anyways. Sharon Levini told Babb she will call him back before our conversation ended.

Around 4:50 pm. Babb called me back after a couple of hours had try to act nice now when early I was mistreated badly. He stated after going through my 7x claims that they GM will not go forwarded for my claims to be heard Thursday Hearing, but will be heard at an later time, so I do not have to appear in court Thursday, but I will later on at some point in time for my claims. He also continue to state he's not my lawyer, and can not give me advice, But my question is why is he Babb  calling me about my

Claims against GM and their affiliated Debtors. He stated they will try to put All my claims together in this courtroom. I guess All these Attorney-lawyers of GM/Delphi, and Courts Are misused, misguided Also, while BABLO will make sure these My claims get handle in one courtroom. He then ask if I Am receiving anything from GM/Delphi I said NO, NO INSURANCE, NO MONEY, I am unemployed, And my Benefits RAN out, GM/Delphi stopped my Insurance last year November 2009, which I called several times to get in-formation And I was denied Benefits. BABLO said he'll call for me, And maybe he can get information, Answer that employees

can not get, but he stated they will give him information where the others can not get it. Again he stated he's not my lawyer/attorney but he is working to help those who can not help themself. My question is why the conversation with denial firm attorney and these calls from him. That mean any one who claim to help those who can not help themself can get information from the courts, firm/Delphi records, documents, all personal information.

I Sheryl Z, Exeter was again upset by this second call of the day, which is against me not to help me. I continue to object to firm/Delphi plus

No telling who else was listening in on these conversations I had with cerier and Pddo. Why would these Attorneys/Lawyer contact me without having all the facts, information, documents, claim numbers about my claims against Gm, and the debtors and Affiliated Debtors. Someone had to give them permission to call me, As they stated they don't want my claims to go to court. I Sheryl y. Carter want just that, I ask respectfully for the courts to decide if my claims Are duplicates. As cerier And Pddo and Gm and Affiliated Debtors continue to state. First it was said I do not have a claim, claims, then I did not

timely file my claims, then I have a claim, claims against GM debtors and affiliated debtors, and now their duplicates claims, and they want to put all my claims together as one claim.

Also enclosed are the dates I received the fed/ex envelopes. I did not get them 5x days before the Court date for the Adjournments. Over night yes, but why all the tactics, treatment I received during this upsetting conversations.

Thank you.

Sincerely
Daryl J Carter



Express



ORIGIN ID: ARGA (209) 876-5212
THE GARDEN CITY GROUP,
ATTN LIQUIDATION COMPANY
5151 BLAZER PKWY
DUBLIN, OH 43017
UNITED STATES US

TO
SHARYL Y CARTER
1541 LASALLE AVE
#1
NIAGRA FALLS NY 14301

REF-APS

SHIP DATE: 27APR10
ACTWGT: 0.2 LB
CAD: 0858516/CAFE2452

BILL THIRD PARTY

FedEx
Express

TRK# 4222 2484 1846
XX DKKA

WED – 28APR  A4
PRIORITY OVERNIGHT

14301
NY-US
BUF

Align top of FedEx Express® Shipping Label

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                Debtors.                :      (Jointly Administered)
                                        :
------------------------------------------------------x
```

## NOTICE OF MATTERS SCHEDULED
## FOR HEARING ON APRIL 29, 2010 at 9:45 a.m.

Location of Hearing:   United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, before the Honorable Robert E.
Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling
Green, New York, NY 10004-1408

I.    **CONTESTED MATTERS:**

    A.   First Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors,
for Interim Allowance of Compensation for Professional Services Rendered and
Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009
Through September 30, 2009 [**Docket No. 4803**]

        Responses Filed:

        1.   Fee Examiner's Report and Statement of Limited Objection to the First
Interim Fee Application of Weil, Gotshal & Manges LLP  [**Docket Nos.
5563 and 5564**]

        2.   Response of the United States Trustee Regarding First Interim Fee
Applications for Compensation and Reimbursement of Expenses [**Docket
No. 5568**]

        Replies Filed:

        3.   Response of Weil, Gotshal & Manges LLP to Fee Examiner's Report and
Statement of Limited Objection to the First Interim Fee Application of
Weil, Gotshal & Manges LLP [**Docket No. 5600**]

Additional Documents:

4.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

5.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**       This matter is going forward.

B.    First Interim Application of Kramer Levin Naftalis & Frankel LLP, as Counsel for The Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period from June 3, 2009 Through September 30, 2009 **[Docket No. 4459]** ("**Kramer Fee Application**") and Correction and Supplement to the Kramer Fee Application **[Docket No. 4715]**

Responses Filed:

1.    Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Kramer Levin Naftalis & Frankel, LLP **[Docket No. 5555]**

2.    Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:        None to date.

Additional Documents:

3.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**       This matter is going forward.

C.    Application of Butzel, Long, a Professional Corporation, as Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 10, 2009 Through September 30, 2009 **[Docket No. 4450]**

Responses Filed:

1.  Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Butzel Long  **[Docket No. 5548]**

2.  Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

<u>Replies Filed</u>:          None to date.

<u>Additional Documents</u>:

3.  Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.  Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**<u>Status</u>:**          This matter is going forward.

D.  First Interim Application of FTI Consulting, Inc. for Allowance of Compensation and Reimbursement of Expenses for Services Rendered in the Case for the Period June 3, 2009 Through September 30, 2009 **[Docket No. 4455]**

<u>Responses Filed</u>:

1.  Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of FTI Consulting, Inc. **[Docket No. 5557]**

2.  Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

<u>Replies Filed</u>:

3.  Response to the Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of FTI Consulting, Inc. **[Docket No. 5616]**

<u>Additional Documents</u>:

4.  Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

5.  Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**<u>Status</u>:**          This matter is going forward.

E.     First Application of Honigman Miller Schwartz and Cohn LLP as Special
       Counsel for the Debtors, for Interim Allowance of Compensation for Professional
       Services Rendered and Reimbursement of Actual and Necessary Expenses
       Incurred from June 1, 2009 Through September 30, 2009 **[Docket No. 4446]**

       Responses Filed:

       1.     Fee Examiner's Report and Statement of Limited Objection to the First
              Interim Fee Application of Honigman Miller Schwartz & Cohn LLP
              **[Docket No. 5544]**

       2.     Response of the United States Trustee Regarding First Interim Fee
              Applications for Compensation and Reimbursement of Expenses **[Docket
              No. 5568]**

       Replies Filed:              None to date.

       Additional Documents:

       3.     Supplement to First Application of Honigman Miller Schwartz and Cohn
              LLP as Special Counsel for the Debtors, for Interim Allowance of
              Compensation for Professional Services Rendered and Reimbursement of
              Actual and Necessary Expenses Incurred from June 1, 2009 Through
              September 30, 2009 **[Docket No. 4503]**

       4.     Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

       5.     Fee Examiner's Summary and Recommendations – First Interim Fee
              Applications **[Docket No. 5601]**

       **Status:**      This matter is going forward.

F.     First Interim Fee Application of Jenner & Block LLP for Allowance of
       Compensation for Services Rendered and Reimbursement of Expenses **[Docket
       No. 4451]**

       Responses Filed:

       1.     Fee Examiner's Report and Statement of Limited Objection to the First
              Interim Fee Application of Jenner & Block LLP **[Docket No. 5545]**

       2.     Response of the United States Trustee Regarding First Interim Fee
              Applications for Compensation and Reimbursement of Expenses **[Docket
              No. 5568]**

       Replies Filed:              None to date.

       Additional Documents:

    3.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

    4.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**    This matter is going forward.

G.    First and Final Application of Evercore Group L.L.C. for Compensation and Reimbursement of Expenses **[Docket No. 4453]**

Responses Filed:

    1.    Fee Examiner's Report and Statement of Limited Objection to the Fee Application of Evercore Group, L.L.C. and Motion to Adjourn Fee Application Hearing **[Docket No. 5549]**

    2.    Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:    None to date.

Additional Documents:

    3.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

    4.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**    This matter is going forward.

H.    First Interim Application of the Claro Group, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4506]**

Responses Filed:

    1.    Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of The Claro Group, LLC **[Docket No. 5558]**

    2.    Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:    None to date.

Additional Documents:

3.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**    This matter is going forward.

I.    Fee Examiner's Motion for Clarification of Appointment Order **[Docket No. 5483]**

Responses Filed:

1.    Objection of Debtors to Fee Examiner's Motion for Clarification of Appointment Order **[Docket No. 5596]**

Replies Filed:    None to date.

Additional Documents:

2.    Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

**Status:**    This matter is going forward.

J.    Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010 **[Docket No. 5431]**

Responses Filed:

1.    Response of Debtors to Fee Examiner's Application to Authorize Extended Retention of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010 **[Docket No. 5522]**

Replies Filed:

2.    Fee Examiner's Supplemental Statement in Support of Pending Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010 **[Docket No. 5593]**

Additional Documents:

3.    Endorsed Order signed on 4/21/2010 re: Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010  **[Docket No. 5537]**

**Status:**    This matter is going forward.

K.    Status conference regarding the Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of Their Engagement with Brownfield Partners, LLC **[Docket No. 5313]**

Responses Filed:              None to date.

Replies Filed:                None to date.

Additional Documents:

1.    Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of their Engagement with Brownfield Partners, LLC **[Docket No. 5207]**

L.    Request for Leave to File Claim **[Docket No. 5178]** and Request for Relief from Automatic Stay **[Docket No. 5179]**, filed by Lisa Gross.

Responses Filed:

1.    Debtors' Consolidated Opposition to (i) Request of Lisa Gross for Relief from the Automatic Stay and (ii) Request for Relief to File Claim **[Docket No. 5379]**

Replies Filed:

2.    Reply of Lisa Gross to Debtors' Consolidated Opposition **[Docket No. 5440]**

3.    Additional Reply of Lisa Gross to Debtors' Consolidated Opposition **[Docket No. 5575]**

Additional Documents:          None to date.

**Status:**    This matter is going forward.

M.    Second Interim Fee Applications

1.  Second Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses **[Docket No. 5263]**

2.  Second Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses Rendered in the Case for the Period October 1, 2009 Through January 31, 2010 **[Docket No. 5270]**

3.  Second Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period October 1, 2009 Through January 31, 2010 **[Docket No. 5279]**

4.  Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from October 1, 2009 Through January 31, 2010 **[Docket No. 5285]**

5.  Second Interim Application of the Claro Group, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2009 Through January 31, 2010 **[Docket No. 5290]**

6.  Second Interim Application of Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2009 Through January 31, 2010 **[Docket No. 5291]**

7.  Second Application of Butzel Long, A Professional Corporation, as Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2009 Through January 31, 2010 **[Docket No. 5293]**

8.  First Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 9, 2009 Through January 31, 2010 **[Docket No. 5294]**

9.  Second Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2009, Through January 31, 2010 **[Docket no. 5295]**

10. Second Interim Application of Kramer Levin Naftalis & Frankel LLP, as counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation for Professional Services Rendered and for

Reimbursement of Actual and Necessary Expenses Incurred for the Period from October 1, 2009 Through January 31, 2010 [**Docket No. 5296**]

Responses Filed:

11.    Fee Examiner's Motion for Adjournment of Hearing on Second Interim Fee Applications [**Docket No. 5540**]

Replies Filed:

12.    Response of Weil, Gotshal & Manges LLP to Fee Examiner's Motion for Adjournment on Second Interim Fee Applications [**Docket No. 5590**]

Additional Documents:          None to date.

**Status:**    This matter is going forward.

## II.    UNCONTESTED MATTERS:

A.    First Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from June 1, 2009 Through September 30, 2009 [**Docket No. 4448**]

Responses Filed:

1.    Fee Examiner's Report and Statement of No Objection to the First Interim Fee Application of Jones Day [**Docket No. 5546**]

2.    Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses [**Docket No. 5568**]

Replies Filed:          None to date.

Additional Documents:

3.    Fee Examiner's Second Status Report and Advisory [**Docket No. 5463**]

4.    Fee Examiner's Summary and Recommendations – First Interim Fee Applications [**Docket No. 5601**]

**Status:**    This matter is going forward.

B.    Final Application of Alan Chapell, Consumer Privacy Ombudsman, Appointed Pursuant to Section 332 of the Bankruptcy Code for Final Approval and Allowance of Compensation for Services Rendered During the Period From June 8, 2009 Through and Including October 4, 2009 [**Docket No. 4456**]

Responses Filed:

1.  Fee Examiner's Statement of No Objection to the Final Application of Alan Chappell **[Docket No. 4990]**

2.  Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:                    None to date.

Additional Documents:

3.  Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.  Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**      This matter is going forward.

C.  Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (the **"Debtors' ADR Motion"**) **[Docket No. 4780]**

Responses Filed:          **Seventeen in total.**

1.  Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Amy Caton on behalf of Official Committee of Unsecured Creditors of General Motors Corporation **[Docket No. 4942]**

2.  Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Mark Edwin Browning on behalf of Texas Comptroller of Public Accounts **[Docket No. 4860]** (the **"Texas Response"**)

3.  State of Washington Joinder in Objection of Texas to ADR Procedures filed by Zachary Mosner on behalf of Washington State Tax Agencies **[Docket No. 4869]** (the **"Washington Response"**)

4.  Commonwealth of Pennsylvania, Department of Revenue Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Carol E. Momjian on behalf of Commonwealth of Pennsylvania, Department of Revenue **[Docket No. 4920]** (the **"Pennsylvania Response"**)

5.  State of Michigan Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Julius O. Curling on behalf of State of Michigan, Department of Treasury **[Docket No. 4921]** (the "**Michigan Response**")

6.  Objection of Designated Claimant to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Jake W. Rodd **[Docket No. 4925 & 5001]** (the "**Rodd Responses**")

7.  Opposition of Town of Salina, New York to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures Including Mandatory Mediation filed by Lee E. Woodard on behalf of Town of Salina **[Docket No. 4927]** (the "**Salina Response**")

8.  Response of Atlas Technologies, Inc. to Debtors' request for the entry of an Order pursuant to 11 USC § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, including Mandatory Mediation filed by Barry M. Lasky on behalf of Atlas Technologies, Inc. **[Docket No. 4931]** (the "**Atlas ADR Response**")

9.  Limited Objection of Andorra Banc Agricol Reig, S.A. to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C §105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Arbitration filed by Samuel Jason Teele on behalf of Andorra Banc Agricol Reig, S.A. **[Docket No. 4934]** (the "**Andorra Response**")

10. Limited Objection of Detroit Diesel Corporation to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Michael T. Conway on Behalf of Detroit Diesel Corporation **[Docket No. 4936]** (the "**Detroit Diesel Response**")

11. Objection of Bright Bay GMC Truck, Inc. to Debtors' Motion for Alternative Dispute Resolution Procedures filed by Jeffrey Bard on behalf of Bright Bay GMC Truck, Inc. **[Docket No. 4937]** (the "**Bright Bay Response**")

12. Limited Objection of the Dex-Cool and Anderson Class Claimants to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (Docket # 4780)

filed by Paul A. Rachmuth on behalf of Dex-Cool/Gasket Class Action and Anderson Class Action Classes **[Docket No. 4938]** (the "**Dex-Cool and Anderson Response**")

13. Limited Objection of Ad Hoc Committee of Consumer Victims of General Motors to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation filed by Benjamin P. Deutsch on behalf of Ad Hoc Committee of Consumer Victims of General Motors **[Docket No. 4940]** (the "**Ad Hoc Committee Response**")

14. D&M Real Estate, LLC t/a The Horse Tavern & Grill and The Horse, Inc. t/a the Horse Tavern & Grill's Response in Objection to Debtors' Motion Regarding Alternative Dispute Resolution Procedures (Affirmation in Support of D&M Real Estate, LLC, T/A The Horse Tavern & Grill and The Horse, Inc., T/A The Horse Tavern & Grill's Motion for Relief from Automatic Stay) filed by William Dirk Pastorick on behalf D&M Real Estate, LLC t/a The Horse Tavern & Grill and The Horse, Inc. t/a the Horse Tavern & Grill **[Docket No. 4943]** (the "**D&M Response**")

15. Ohio Department of Taxation's Joinder in Texas Comptroller's Response to Debtors' Motion Regarding Alternative Dispute Resolution Procedures filed by Victoria D. Garry on behalf of Ohio Department of Taxation **[Docket No. 4944]** (the "**Ohio Response**")

16. City of Anderson's Objection to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. 105(A) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures Including Mandatory Mediation filed by Ann Marie Bauer on behalf of City of Anderson **[Docket No. 4997]** (the "**Anderson Response**")

17. Onondaga's Objection to the Debtors' Motion Seeking Authorization to Implement ADR Procedures filed by Kevin C. Murphy on behalf of Onondaga **[Docket No. 4999]** (the "**Onondaga Response**")

Replies Filed:

18. Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation **[Docket No. 4957]** (the "**Debtors' Omnibus Reply**")

Additional Documents:

19. Supplement to Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of

Alternative Dispute Resolution Procedures, Including Mandatory
Mediation **[Docket No. 4911]**

Status:     This matter is going forward.  On February 23, 2010, the Court
entered an Order (the "**ADR Order**") approving the Debtors' ADR
Motion with respect to certain types of claims and adjourning to
April 29, 2010 the Adjourned Subject Claims.[1]  The Debtors have
been able to resolve all outstanding objections, as set forth in a
proposed order supplementing the ADR Order (the "**Supplemental
ADR Order**"), and this matter is going forward on an uncontested
basis.  Among other things, the Debtors' proposed Supplemental
ADR Order excludes from the ADR Procedures the following
types of claims: (a) asbestos-related claims (including indemnity
claims relating to asbestos liability); (b) environmental claims that
constitute prepetition unsecured claims (including claims for
damages arising from the rejection of executory contracts that
relate primarily to environmental matters); (c) tax claims
(excluding tax indemnity claims relating to leveraged fixed
equipment lease transactions); and (d) patent infringement claims.

D.    Debtors' Twelfth Omnibus Objection to Claims (Workers' Compensation Claims)
**[Docket No. 5326]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:     None to date.

Status:     This matter is going forward.

E.    Debtors' Objection to Proof of Claim No. 65796 Filed by Rudolph V. Towns
**[Docket No. 5384]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:     None to date.

Status:     This matter is going forward.

F.    Application of the Official Committee of Unsecured Creditors of Motors
Liquidation Company for Entry of an Order Authorizing the Employment and

---

[1] All capitalized terms used in this section of the Agenda shall have the meanings ascribed to such terms in the ADR
Order.

Retention of Bates White, LLC as the Committee's Consultant on the Valuation of Asbestos Liabilities *Nunc Pro Tunc* to March 16, 2010 **[Docket No. 5480]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:     None to date.

**Status:**      This matter is going forward.

III.   **ADJOURNED MATTERS:**

A.   General Motors LLC's Motion (I) for Declaratory Relief Regarding the Status of a Certain Sublease or, in the Alternative, Relief from the Assumption and Assignment of a Certain Sublease to GM Pursuant to Rule 60(b) and (II) to Rescind the Agreement to Resolve Objection to Cure Notice Between GM and Knowledge Learning Corporation Dated August 14, 2009 ("**New GM's Reconsideration Motion**") **[Docket No. 4895]**

Responses Filed:

1.   Knowledge Learning Corporation's Response to New GM's Reconsideration Motion **[Docket No. 5405]**

Replies Filed:

2.   General Motors LLC's Reply to Knowledge Learning Corporation's Response to New GM's Reconsideration Motion **[Docket No. 5595]**

Additional Documents:

3.   Statement Regarding New GM's Reconsideration Motion **[Docket No. 5598]**

4.   Statement Regarding New GM's Reconsideration Motion **[Docket No. 5603]**

**Status:**      This matter has been adjourned to May 27, 2010 at 9:45 a.m.

B.   First Interim Application of LFR Inc., for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4436]**

Responses Filed:

1.   Fee Examiner's Preliminary Report on the First Interim Fee Application of LFR Inc **[Docket No. 5566]**

2.  Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:                      None to date.

Additional Documents:

3.  Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.  Stipulation and Order for Adjournment of April 29, 2010 Hearing on First Interim Fee Application of LFR Inc. **[Docket No. 5560]**

5.  Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

**Status:**     This matter will be adjourned to a date to be determined at the hearing on April 29, 2010 at 9:45 a.m.

C.  First Interim Application of Baker & McKenzie for Compensation and Reimbursement of Expenses for Services Rendered as Special Counsel for the Debtors for the Period June 1, 2009 Through September 30, 2009 **[Docket No. 4454]**

Responses Filed:

1.  Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Baker & McKenzie LLP **[Docket No. 5543]**

2.  Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:                      None to date.

Additional Documents:

3.  Fee Examiner's Second Status Report and Advisory **[Docket No. 5463]**

4.  Fee Examiner's Summary and Recommendations – First Interim Fee Applications **[Docket No. 5601]**

5.  Stipulation and Order for Adjournment of April 29, 2010 Hearing on First Interim Fee Application of Baker & McKenzie LLP **[Docket No. 5604]**

**Status:**     This matter will be adjourned to a date to be determined at the hearing on April 29, 2010 at 9:45 a.m.

D.    First Interim Fee Application of Brownfield Partners, LLC as Environmental
      Consultants to the Debtors for Allowance of Compensation and Reimbursement
      of Expenses for the Period from June 1, 2009 Through September 30, 2009
      **[Docket No. 4457]**

      Responses Filed:

      1.    Fee Examiner's Preliminary Report on the First Interim Fee Application of
            Brownfield Partners LLC **[Docket No. 5565]**

      2.    Response of the United States Trustee Regarding First Interim Fee
            Applications for Compensation and Reimbursement of Expenses **[Docket
            No. 5568]**

      Replies Filed:          None to date.

      Additional Documents:

      3.    Stipulation and Order for Adjournment of April 29, 2010 Hearing on First
            Interim Fee Application of Brownfield Partners, LLC **[Docket No. 5559]**

      **Status:**    This matter will be adjourned to a date to be determined at the
                     hearing on April 29, 2010 at 9:45 a.m.

E.    Motion of Plaintiffs in the Action Entitled *Freidman v. General Motors Corp.*, 08
      CIV 2458 (SAS) for Entry of an Order Granting Relief from the Automatic Stay
      Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 2759]**

      Responses Filed:          None to date.

      Replies Filed:            None to date.

      Additional Documents:     None to date.

      **Status:**    This matter has been adjourned to May 27, 2010 at 9:45 a.m.

F.    Application of the Brittinghams for an Order Pursuant to Rule 2004 of the Federal
      Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of
      Documents and (B) the Oral Examination of Individuals Designated by the
      Debtors and Believed to Have Knowledge of the Relevant Matters **[Docket No.
      3665]**

      Responses Filed:          None to date.

      Replies Filed:            None to date.

      Additional Documents:     None to date.

**Status:**    This matter has been adjourned to May 27, 2010 at 9:45 a.m.

G.    Application of Remy International, Inc. for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and Believed to Have Knowledge of the Relevant Matters **[Docket No. 3770]**

<u>Responses Filed:</u>    None to date.

<u>Replies Filed:</u>    None to date.

<u>Additional Documents:</u>

1.    Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and Believed to Have Knowledge of the Relevant Matters **[Docket No. 3769]**

**Status:**    This matter has been adjourned to May 27, 2010 at 9:45 a.m.

H.    Debtors' Third Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain Unexpired Leases of Nonresidential Real Property **[Docket No. 4105]**

<u>Responses Filed:</u>    None to date.

<u>Replies Filed:</u>    None to date.

<u>Additional Documents:</u>    None to date.

**Status:**    This matter is adjourned to May 27, 2010 at 9:45 a.m. with respect to the contract counterparty Wilmington Trust Company, Verizon Capital Corp. / Bell Atlantic TriContinental Leasing Corp.

I.    Motion of Shreveport Red River Utilities, LLC for Allowance and Payment of Post Petition Claim and Motion to Enforce Adequate Assurance of Payment Agreement Pursuant to 11 U.S.C. § 366(c) **[Docket No. 4527]**

<u>Responses Filed:</u>    None to date.

<u>Replies Filed:</u>    None to date.

<u>Additional Documents:</u>    None to date.

**Status:**    This matter has been adjourned to May 27, 2010 at 9:45 a.m.

J.   Deutsche Bank AG's Motion for Relief from Automatic Stay to Effect Setoff
**[Docket No. 4529]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:     None to date.

**Status:**      This matter has been adjourned to June 15, 2010 at 9:45 a.m.

K.   Zinn Company, Inc.'s Motion to Compel Debtors to Comply with Payment
Obligations Under Wind-Down Agreement ("**Zinn's Motion to Compel**")
**[Docket No. 5104]**

Responses Filed:

1.     Debtors' Response to Zinn's Motion to Compel **[Docket No. 5386]**

Replies Filed:            None to date

Additional Documents:     None to date.

**Status:**      This matter has been adjourned to May 27, 2010 at 9:45 a.m.

L.   Pretrial conference in *Motors Liquidation Company v. MCM Management Corp.*,
Adversary Proceeding No. 10-05008 (REG) (Bankr. S.D.N.Y. 2010)

**Status:**      This matter has been adjourned to May 27, 2010 at 9:45 a.m.

M.   Debtors' First Omnibus Objection to Claims (Amended and Superseded Claims)
**[Docket No. 4622]**

Responses Filed:

1.     Response of Del Norte Chevrolet-Olds and Larry Allen to Debtors' First
Omnibus Objection **[Docket No. 4778]** (the "**Del Norte Response**")

Replies Filed:            None to date.

Additional Documents:

2.     Order Granting Debtors' First Omnibus Objection to Claims (Amended
and Superseded Claims) **[Docket No. 4806]**

**Status:**      This matter is adjourned to May 27, 2010 at 9:45 a.m.

N.    Debtors' Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4624]**

Responses Filed:

1.    Response of Liberty Mutual Insurance Company to Debtors' Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4752]**

2.    Response of ILCO Site Remediation Group to Debtor's Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4762]**

3.    Response of Sharyl Y. Carter to Debtor's Third Omnibus Objection to Claims (Duplicate Claims) **[Docket Nos. 4771, 4772, and 4773]**

Replies Filed:                None to date.

Additional Documents:

4.    Order Granting Debtors' Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4808]**

5.    Notice of Withdrawal of Debtors' Third Omnibus Objection to Claims Solely with Respect to Proof of Claim No. 20950 filed by Liberty Mutual Insurance Company **[Docket No. 4891]**

**Status:**        This matter is adjourned to May 27, 2010 at 9:45 a.m.

## IV.    WITHDRAWN MATTERS:

A.    First Interim Fee Application of Lowe, Fell & Skogg, LLC for Services Rendered for the Period of June 1, 2009 Through July 10, 2009 **[Docket No. 4474]**

Responses Filed:

1.    Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of Lowe, Fell & Skogg LLC **[Docket No. 5547]**

2.    Response of the United States Trustee Regarding First Interim Fee Applications for Compensation and Reimbursement of Expenses **[Docket No. 5568]**

Replies Filed:                None to date.

Additional Documents:

3.      Notice of Withdrawal of First Application of Lowe, Fell & Skogg, LLC as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009, Through July 10, 2009 **[Docket No. 5376]**

**Status:**        This matter has been withdrawn.

B.      Motion of Plaintiffs in the Action Entitled *Sidner et al. v. General Motors Corporation,* for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4775]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:

1.      Notice of Withdrawal of Motion for Entry of an Order Granting Relief from the Automatic Stay **[Docket No. 5585]**

**Status:**        This matter has been withdrawn.

C.      Motion of Plaintiffs in the Action Entitled *Paikai et al. v. General Motors Corporation,* for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4776]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:

1.      Notice of Withdrawal of Motion for Entry of an Order Granting Relief from the Automatic Stay **[Docket No. 5587]**

**Status:**        This matter has been withdrawn.

D.      Motion of Plaintiffs in the Action Entitled *O'Connor et al. v. General Motors Corporation,* for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) **[Docket No. 4777]**

Responses Filed:          None to date.

Replies Filed:            None to date.

Additional Documents:

1.    Notice of Withdrawal of Motion for Entry of an Order Granting Relief
from the Automatic Stay **[Docket No. 5589]**

**Status:**    This matter has been withdrawn.

Dated: April 27, 2010
New York, New York

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession



Express

*The World On Time.*

Envelop

Align bottom of Peel and Stick Airbill here

# FedEx

PS|Ship - FedEx Label

Extr

From:  Origin ID: JRBA  (212)310-8000
Pablo Falabella
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

SHIP TO: (212)310-8050                          BILL SENDER
Sharyl Y. Carter

1541 La Salle Ave # 1

Niagara Falls, NY 143011227

**FedEx**
Express

E

J201199434251A

For FedEx Express® Shipments Only

Ship Date: 27APR10
ActWgt: 1 LB
CAD: 141923/WBUS0200

Ref # 72240.0639.1200
Invoice #
PO #
Dept #

Delivery Address Bar Code

TRK#    7907 0312 9913
0201

## XX DKKA

RELEASE#: 3785346

WED - 28APR    A4
STANDARD OVERNIGHT

14301
NY-US
BUF

D 1 956
FZ
1366
04.28

Page 1 of 1

WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE • NEW YORK, NY 10153-0119

(212) 310-8000

FAX: (212) 310-8007

BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

DIRECT LINE
(212) 310-8050
pablo.falabella@weil.com

April 27, 2010

**BY FEDEX**

Sharyl Y. Carter
1541 Lasalle Avenue #1
Niagara Falls, New York 14301

Re:   In re Motors Liquidation Co., *et al. (f/k/a General Motors
      Corp., et al.,)* ("Debtors") Chapter 11 Case No. 09-50026 (REG)

Dear Ms. Carter:

Thank you for taking the time to speak with us this afternoon. This letter confirms that we are **not** having a hearing on Thursday, April 29, 2010 at 9:45 a.m. that would affect the validity of your claim and will be withdrawing, without prejudice, our objection to your Proof of Claim No. 552.

Please be advised that the Debtors plan on filing a separate motion objecting to your Proofs of Claim Nos. 136, 552, 7020, 9072, 14901, 19246, and 19247, on the basis that these all likely relate to a workers' compensation claim for which the Debtors are not liable and, in any event, are duplicates of one another.

Should you have any further questions, please do not hesitate to contact me.

Sincerely,

Pablo Falabella

cc:   Joseph H. Smolinsky (via E-Mail)
      Erin Eckols (via E-Mail)

US_ACTIVE:\43378448\01\72240.0639



Align top of FedEx Express® Shipping Label here.

9:20
Bof 2/29/2012

ORIGIN ID: LKEA                        (614) 764-4040
MOTORS LIQ CO / CLAIMS AGENT
THE GARDEN CITY GROUP, INC.
5151 BLAZER PKWY STE A

DUBLIN, OH 43017
UNITED STATES US

TO SHARYL Y CARTER

1541 LASALLE AVE #1

NIAGRA FALLS NY 14301

REF: APS

SHIP DATE: 28APR10
ACTWGT: 1.0 LB MAN
CAD: 6732777/CAFE2434

BILL SENDER

FedEx
Express

THU – 29APR A4
PRIORITY OVERNIGHT

14301
NY-US  BUF

TRK# 4444 3151 8999

XX DKKA

The Worl

8999
04.29

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                               :

In re                                 :        Chapter 11 Case No.
                                 :

MOTORS LIQUIDATION COMPANY, *et al.*, :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*    :
                                   :

             Debtors.            :        (Jointly Administered)
                                 :
---------------------------------------------------------------x

## AMENDED NOTICE OF MATTERS SCHEDULED
## FOR HEARING ON APRIL 29, 2010 at 9:45 a.m.

Location of Hearing:   United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, before the Honorable Robert E.
Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling
Green, New York, NY 10004-1408

I.     **CONTESTED MATTERS:**

     A.     First Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors,
for Interim Allowance of Compensation for Professional Services Rendered and
Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2009
Through September 30, 2009 **[Docket No. 4803]**

         Responses Filed:

         1.     Fee Examiner's Report and Statement of Limited Objection to the First
Interim Fee Application of Weil, Gotshal & Manges LLP  **[Docket Nos.
5563 and 5564]**

         2.     Response of the United States Trustee Regarding First Interim Fee
Applications for Compensation and Reimbursement of Expenses **[Docket
No. 5568]**

         Replies Filed:

         3.     Response of Weil, Gotshal & Manges LLP to Fee Examiner's Report and
Statement of Limited Objection to the First Interim Fee Application of
Weil, Gotshal & Manges LLP **[Docket No. 5600]**