HEARING DATE AND TIME: June 15, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 8, 2010 at 4:00 p.m. (Eastern Time)

Barry E. Bressler (*admitted pro hac vice*)
Richard A. Barkasy (*admitted pro hac vice*)
Benjamin P. Deutsch (BD-5435)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Genoveva Bermudez*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
MOTORS LIQUIDATION COMPANY, *et al.*,                             :    Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS CORP., *et al.*,                             :
                                                                  :
                          Debtors.                                :    (Jointly Administered)
------------------------------------------------------------------X

**MOTION OF GENOVEVA BERMUDEZ TO FILE
LATE PROOF OF CLAIM OR, IN THE
<u>ALTERNATIVE, TO AMEND INFORMAL PROOF OF CLAIM</u>**

Genoveva Bermudez ("Bermudez") a creditor and party-in-interest in the above-referenced bankruptcy cases, by and through her undersigned counsel, hereby moves this Court to enter an Order allowing her to file a late proof of claim or, in the alternative, to amend her informal proof of claim. In support thereof, Bermudez states as follows:

<u>**BACKGROUND**</u>

1.    On June 1, 2009, General Motors Corporation and four of its affiliates (the "Initial Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

PHDATA 3282952_1

2. On October 9, 2009, two additional affiliates of General Motors Corporation (the "Realm/Encore Debtors") commenced voluntary cases under Chapter 11 of the Bankruptcy Code.

3. On September 16, 2009, the Court entered an Order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases.

4. On December 2, 2009, the Court entered an Order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units for which the Court set June 1, 2010 as the deadline to file proofs of claim).

5. On February 23, 2010, the Court entered an Order pursuant to 11 U.S.C. § 105(a) and General Order M-390 authorizing implementation of Alternative Dispute Procedures, including mandatory mediation (the "ADR Procedures").

6. Bermudez was the wife of decedent, Edward Zuniga Torres ("Torres"). [Docket No. 5037]

7. On October 24, 2007, Torres lost his life as a result of severe burns he suffered in an accident while driving a truck manufactured by Motors Liquidation Company, f/k/a General Motors Corporation ("GM"), in Glendale, Arizona. Declaration of Larry E. Coben ("Coben Decl."), 113. A true and correct copy of the Coben Decl. is attached as <u>Exhibit A</u>.

8. On October 22, 2008, Bermudez filed an action in the Superior Court of Arizona, Maricopa County, Docket No. CV 2008-026466 in which she asserts that, *inter alia*, the fire which erupted during the accident was caused by a defect in the GM-manufactured truck (the "Arizona Case") driven by Mr. Torres. Coben Decl. ¶ 4 and Exhibit A thereto.

9. Mr. Torres is survived by Ms. Bermudez and his four children. *Id.* Decl. 114.

10. Bermudez was listed as a product liability claimant in the bankruptcy schedules filed by the Debtors in this matter. Coben Decl. ¶ 6 and Exhibit B thereto.

11. In addition, Bermudez was appointed to the Official Committee of Unsecured Creditors (the "Committee"). Coben Decl. ¶ 7 and Exhibit C thereto.

12. However, Bermudez failed to file a proof of claim before the bar date due to the excusable neglect of her counsel in the Arizona case. Each of the co-counsel representing Bermudez in the Arizona Case misunderstood that the other was going to submit the proof of claim form, but neither did so. Coben Decl. ¶ 8.

13. Co-counsel for Bermudez in the Arizona Case realized that neither had filed a proof of claim when they failed to receive an initial notice from the Debtors under the ADR Procedures with respect to Bermudez's claim. Coben Decl. ¶ 9.

14. By this Motion, Bermudez respectfully requests this Court to enter an order allowing her to file a late proof of claim or, in the alternative, permitting her to amend her informal proof of claim.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

16. The statutory predicates the relief requested herein are Section 105 of the Bankruptcy Code and Fed. R. Bankr. Proc. 9006(b)(1).

# ARGUMENT

A. **Bermudez Should Be Permitted To File A Late Claim Pursuant To Bankruptcy Rule 9006(b)(1)**

17. Pursuant to Fed. R. Bankr. Proc. 9006(b)(1), the Court may permit a claim to be filed after the bar date if the claimant's failure to comply with the deadline was the result of "excusable neglect."

18. The determination of whether excusable neglect exists "is at bottom an equitable one." *Pioneer Inv. Srvs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Among the circumstances that should be considered are the danger of prejudice to the debtor, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether the movant acted in good faith. *Id.*

19. "[T]he enlargement of presented time periods under the 'excusable neglect' standard of Rule 9006(b)(1) is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at 391.

20. Courts are permitted, where appropriate, to allow late claims caused by "inadvertence, mistake or carelessness." *Id.* at 388.

21. The lack of prejudice to the debtor or the interests of efficient judicial administration, combined with the good faith of the claimant "weigh strongly in favor of permitting the tardy claim." *Id.* at 398.

22. The Debtors will not suffer any prejudice if Bermudez's formal claim is allowed. The Debtors and all other parties in interest had knowledge of the claim long before the bar date.

23. Bermudez is listed as a products liability claimant on the bankruptcy schedules filed by GM. Exhibit B to Coben Decl. *See In re Ginther*, 2008 Bankr. LEXIS 1728

at *7 (Bankr. S.D. Tex. 2008) (late claim allowed where claim was listed on debtor's schedules as contingent, unliquidated and disputed). *In re Bruno Machinery Corp.*, 2007 U.S. Dist. LEXIS 51201 at *10 (N.D. N.Y. 2007) (late claim permitted because "Debtor had advance knowledge of the claim as they included it in Schedule F and [the creditor] had filed suit against it or this claim").

24. Further, Bermudez was appointed and serves on the Committee. She is identified on the Notice of Appointment of the Committee filed on June 3, 2009 [Docket No. 356]. Exhibit C to Coben Decl.

25. Bermudez is also a member of the Ad Hoc Committee of Consumer Victims of General Motors (the "Ad Hoc Committee"). The members of the Ad Hoc Committee hold tort claims, mostly involving personal injuries (including derivative claims and wrongful death actions) against GM. The Ad Hoc Committee has participated in this case on behalf of its members by, *inter alia*, filing a motion seeking appointment of an official committee of tort claimants; objecting to the sale of substantially all of the operating assets of GM under Section 363 of the Bankruptcy Code (the "Sale") to the extent that successor liability claims against the purchaser were extinguished by such Sale; and objecting to, and thereafter negotiating modifications to, the Debtors' proposed ADR Procedures.

26. Bermudez is listed as a tort claimant with a pending lawsuit in Arizona on Exhibit A to the Rule 2019 Statement filed by counsel for the Ad Hoc Committee on June 19, 2009 [Docket No. 2066]. A true and correct copy of the Rule 2019 Statement filed by counsel for the Ad Hoc Committee is attached as <u>Exhibit B</u>.

27. The sale of substantially all of the Debtors' operating assets has left the Debtors with fixed assets to distribute under a plan. As a result, the Debtors' liability under a plan will not increase if Bermudez's claim is permitted.

28. In addition, Bermudez's claim will have only a negligible impact on the distributions of the Debtors' remaining assets to unsecured creditors. Bermudez's claim represents only a very tiny fraction of the billions of dollars of unsecured claims asserted against the Debtors in these cases.

29. The short delay in Bermudez formally asserting her claim will not delay or otherwise effect the proceedings. The Debtors have not yet filed a plan of reorganization and the claims resolution process is in its infancy. *See In re McKissick*, 298 B.R. 535, 540 (Bankr. W.D. Pa. 2003) (permitting late claim where "delay did not impair balloting on a proposed plan or the disclosure statement and/or the confirmation process").

30. Bermudez's failure to timely file a formal proof of claim was the result of excusable neglect and she has acted in good faith. It is clear that Bermudez's Arizona counsel made an honest, inadvertent error and she has acted promptly and diligently to remedy the situation. *See In re Any Mountain, Inc.*, 2007 Bankr. LEXIS 712 at *2 (Bankr. N.D. Cal. 2007) (finding excusable neglect where claimant's counsel misread bankruptcy court notice).

31. For these reasons, Bermudez should be permitted to file a late claim pursuant to Rule 9006(b)(1).

**B.   Bermudez Should Be Permitted To Amend Her Informal Proof of Claim.**

32. "Courts in the Second Circuit have long recognized the validity of informal proofs of claim." *In re The Float, Inc.*, 163 B.R. 18, 20 (Bankr. N.D. N.Y. 1993).

33. An informal proof of claim is subject to amendment subsequent to the bar date. *In re Southhold Development Corp.*, 173 B.R. 63, 71 (E.D. N.Y. 1994).

34. An informal proof of claim should be recognized where the debtor is made aware of the "intent of [the creditor] to hold the estate liable." *In re Rockville Orthopedic Associates, P.C.*, 365 B.R. 366, 369 (Bankr. D. Conn. 2007); *see also In re Collins*, 2004 Bankr.

9                                        PHDATA 3282952_1

LEXIS 2522 at *8 (Bankr. D. S.C. 2004) (finding informal proof of claim where debtor identified claim on schedules and claimant attended first meeting of creditors); *In re Hawaiian Airlines*, 2006 Bankr. LEXIS 2714 (Bankr. D. Haw. 2006) (letter from personal injury claimant's attorney to the debtor constituted amendable informal proof of claim); *In re Judy Wood Publishing Corp.*, 289 B.R. 319, 322 (Bankr. E.D. Va. 2002) (informal proof of claim existed because creditor was listed on the debtor's schedules and the debtor's mailing list of creditors).

35. The filings identified above put all interested parties on notice of Bermudez's intent to hold the estate liable and, therefore, are more than adequate to constitute an informal proof of claim.

36. Consequently, Bermudez should be permitted to amend her informal claim by filing a formal proof of claim form.

[INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

For the foregoing reasons, Bermudez respectfully requests that the Court grant her motion permitting her to file a proof of claim and deeming such proof of claim timely filed or, in the alternative, allowing her to amend her informal proof of claim.

                                      SCHNADER HARRISON SEGAL
                                        & LEWIS LLP

Dated: May 10, 2010            By: /s/ Benjamin P. Deutsch
                                        Benjamin P. Deutsch (BD-5435)
                                          bdeutsch@schnader.com
                                        140 Broadway, Suite 3100
                                        New York, NY 10005-1101
                                        Phone: (212) 973-8000
                                        Fax: (212) 972-8798

                                        - and -
                                        Barry E. Bressler, Esquire
                                          (*admitted pro hac vice*)
                                            bbressler@schnader.com
                                        Richard A. Barkasy, Esquire
                                          (*admitted pro hac vice*)
                                           rbarkasy@schnader.com
                                        1600 Market Street, Suite 3600
                                        Philadelphia, PA 19103-7286
                                        Phone: (215) 751-2000
                                        Fax: (215) 751-2205

                                        *Attorneys for Genoveva Bermudez*