# EXHIBIT A

Barry E. Bressler *(admitted pro hac vice)*
Richard A. Barkasy *(admitted pro hac vice)*
Benjamin P. Deutsch (BD-5435)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Genoveva Bermudez*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a GENERAL MOTORS CORP., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------X

## DECLARATION OF LARRY E. COBEN, ESQUIRE

Larry E. Coben, of full age, hereby declares:

1. I am attorney at law admitted to the bar in the state of Arizona and the Commonwealth of Pennsylvania.

2. I am co-counsel for Genoveva Bermudez, the wife of decedent, Edward Zuniga Torres.

3. On October 24, 2007, Mr. Torres lost his life as a result of burns he suffered in an accident while driving a truck manufactured by Motors Liquidation Company, f/k/a General Motors Corporation ("GM"), in Glendale, Arizona.

4. On October 22, 2008, Ms. Bermudez filed an action in the Superior Court of the State of Arizona, Maricopa County, Docket No. CV 2008-026466, in which she asserts that, *inter alia*, the fire which erupted during the accident was caused by a defect in the GM-

manufactured truck (the "Arizona Case") driven by Mr. Torres. Mr. Torres is survived by Ms. Bermudez and his four children. The Complaint was filed by my co-counsel in the Arizona Case, Richard Langerman, Esquire. A true and correct copy of the Complaint is attached as **Exhibit A**.

5. On June 1, 2007, GM filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

6. Ms. Bermudez is listed as a products liability claimant on the bankruptcy schedules filed by GM. A true and correct copy of the pertinent page of GM's bankruptcy schedules is attached as **Exhibit B**.

7. In addition, Ms. Bermudez was appointed to serve on the Official Committee of Unsecured Creditors by the United States Trustee. A true and correct copy of the Notice of Appointment of Committee of Unsecured Creditors is attached as **Exhibit C**.

8. Ms. Bermudez's failure to file a proof of claim before the bar date established by the Bankruptcy Court is the result of excusable neglect. Mr. Langerman and I each misunderstood that the other would be submitting the proof of claim form.

9. On February 23, 2010, the Bankruptcy Court entered an Order approving the Debtors' proposed alternative dispute resolution procedures (the "ADR Procedures"). Mr. Langerman and I realized that neither of us had filed a proof of claim form when we did not receive one of the initial notices issued by the Debtors under the ADR Procedures with regard to Ms. Bermudez's claim.

I declare under the penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.

*LCoben*
Larry E. Coben

**Law Office of Richard Langerman**
4506 N. 12th Street
Phoenix, Arizona 85014
(602) 240-5525

RICHARD W. LANGERMAN #009175
Attorneys for Plaintiff Genoveva Bermudez

COPY
OCT 22 2008

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GENOVEVA BERMUDEZ, individually and on behalf of CLAIRE TORRES, GABRIELLA TORRES, ARIANNA TORRES, ISABELLA TORRES, and NATALIA TORRES<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION, MORGAN OLSON CORPORATION, JASON ILG, AND DOES 1 - 10,<br><br>Defendants. | NO. CV<br><br>CV2008-026466<br><br>**COMPLAINT**<br><br>(Tort - Motor Vehicle)<br><br>(Product Liability) |

Plaintiff, Genoveva Bermudez, pursuant to A.R.S. § 12-611 *et seq.*, for her claim against defendants, alleges as follows:

I.

Plaintiff, Genoveva Bermudez, is, and at all relevant times was, a resident of the State of Arizona.

II.

Defendant, Jason Ilg, is, and at relevant times was, a resident of the State of Arizona.

III.

Defendant, General Motors Corporation (General Motors), is a Delaware corporation which is licensed to do and doing business in the State of Arizona.

IV.

Defendant, Morgan Olson Corporation formerly known as Grumman Olson Industries, Inc. (Grumman), is a Michigan corporation which is licensed to do and doing business in the State of Arizona.

V.

Does 1 through 10 are, and at all times mentioned herein were, corporations and/or partnerships and/or business entities and/or other persons authorized to do and doing business in the State of Arizona. At the present time, the true names and capacities of defendants Does 1 through 10 are unknown to plaintiff and thus plaintiff sues them by fictitious names. Plaintiffs are informed and believe, and therefore allege, that each defendant designated as Doe was legally responsible in some manner for the events and happenings referred to herein and proximately caused injuries and damages to plaintiff.

VI.

At all relevant times plaintiff, Genoveva Bermudez, was the wife of decedent, Edward Zuniga Torres.

VII.

Claire Torres, Gabriella Torres, Arianna Torres, and Isabella Torres are the natural born children of decedent, Edward Zuniga Torres.

VIII.

Natalia Torres is the mother of the decedent, Edward Zuniga Torres.

IX.

On or about October 24, 2007 Edward Zuniga Torres was driving a United Parcel Services truck east on Peoria Avenue in Glendale, Arizona.

X.

2. On or about October 24, 2007 defendant, Jason Ilg, was driving a vehicle westbound on Peoria Avenue in Glendale, Arizona and crashed his car into the truck being driven by Mr. Torres.

XI.

At the time of the traffic accident on October 24, 2007 Mr. Ilg was driving under the influence of intoxicants in violation of Arizona law.

XII.

The crash between Mr. Torres' truck and Mr. Ilg's car was caused by Mr. Ilg's negligence.

XIII.

As a result of the October 24, 2007 traffic accident, Mr. Torres suffered fatal injuries.

XIV.

The truck that Mr. Torres was driving on October 24, 2007 was manufactured by defendants General Motors and Does 1 through 3.

XV.

The truck that Mr. Torres was driving on October 24, 2007 was assembled by defendants Grumman and Does 4 through 6.

XVI.

At the time that the truck that Mr. Torres was driving on October 24, 2007 was put into the stream of commerce by defendants, General Motors, Grumman, and Does 1 through 6, it was in a defective and unreasonably dangerous condition.

XVII.

As a direct and proximate result of the defective and unreasonably dangerous condition of the truck that Mr. Torres was driving on October 24, 2007, Mr. Torres' accident related injuries were enhanced.

#### XVIII.

As a direct and proximate result of the death of Edward Torres, Ms. Bermudez has suffered, and will continue to suffer in the future, loss of love, affection, companionship, support and comfort and has experienced, and will experience in the future, shock, anguish, horror and grief.

#### XIX.

As a direct and proximate result of the death of Edward Torres, Ms. Bermudez has incurred expenses for the funeral and burial of Mr. Torres.

#### XX.

As a direct and proximate result of the death of Edward Torres, Claire Torres, Gabriella Torres, Arianna Torres, Isabella Torres, and Natalia Torres have suffered, and will continue to suffer in the future, loss of love, affection, companionship, support and comfort and have experienced and will experience in the future shock, anguish, horror and grief.

#### XXI.

As a direct and proximate result of the death of Edward Torres, Ms. Burmedez has incurred a loss of financial support.

#### XXII.

Plaintiff's damages are in excess of the jurisdictional limits of this court.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

1. For the just and reasonable compensation for Genoveva Bermudez for the loss of love, affection, companionship, support and comfort as well as the shock, anguish, horror and grief resulting from the death of Edward Torres.

2. For the just and reasonable compensation for Claire Torres, Gabriella Torres, Arianna Torres, Isabella Torres, and Natalia Torres for the loss of love, affection, companionship, support and

comfort as well as the shock, anguish, horror and grief resulting from the death of Edward Torres

3. For the reasonable value of the lost financial support sustained by Ms. Bermudez as a result of the death of Edward Torres.

4. For the reasonable value of the funeral and burial expenses of decedent, Edward Torres.

5. For plaintiff's costs incurred herein.

6. For such other and further relief as the court may deem just and proper.

DATED this 22nd day of October, 2008

LAW OFFICE OF RICHARD LANGERMAN

By _____
RICHARD W. LANGERMAN
4506 N. 12th Street
Phoenix, Arizona 85014
Attorney for Plaintiff

5

**Law Office of Richard Langerman**
4506 N. 12th Street
Phoenix, Arizona 85014
(602) 240-5525

RICHARD W. LANGERMAN #009175
Attorney for Plaintiff Genoveva Bermudez

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **GENOVEVA BERMUDEZ,** individually and on behalf of **CLAIRE TORRES, GABRIELLA TORRES, ARIANNA TORRES, ISABELLA TORRES, and NATALIA TORRES** <br><br> Plaintiff, <br><br> vs. <br><br> **GENERAL MOTORS CORPORATION, JASON ILG, GENERAL MOTORS COMPANY, PULLANO'S PIZZA, INC. AND DOES 1 - 10,** <br><br> Defendants. | NO. CV2008-026466 <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> (Tort - Motor Vehicle) <br><br> (Product Liability) <br><br> (Dramshop) <br><br> (Assigned to The Honorable Robert Oberbilig) |

Plaintiff, Genoveva Bermudez, pursuant to A.R.S. § 12-611 *et seq.*, for her claim against defendants, alleges as follows:

I.

Plaintiff, Genoveva Bermudez, is, and at all relevant times was, a resident of the State of Arizona.

II.

Defendant, Jason Ilg, is, and at relevant times was, a resident of the State of Arizona.

III.

Defendant, General Motors Corporation (GM), is a corporation which is licensed to do business in the State of Arizona.

IV (A).

Defendant, General Motors Company (GM Co.), is a corporation which is licensed to do business in the State of Arizona.

IV (B).

Defendant, Pullano's Pizza, Inc. (Pullano's), is an Arizona corporation which is licensed to do and is doing business in the State of Arizona.

V.

Does 1 through 10 are, and at all times mentioned herein were, corporations and/or partnerships and/or business entities and/or other persons authorized to do and doing business in the State of Arizona. At the present time, the true names and capacities of defendants Does 1 through 10 are unknown to plaintiff and thus plaintiff sues them by fictitious names. Plaintiffs are informed and believe, and therefore allege, that each defendant designated as Doe was legally responsible in some manner for the events and happenings referred to herein and proximately caused injuries and damages to plaintiff.

VI.

At all relevant times plaintiff, Genoveva Bermudez, was the wife of decedent, Edward Zuniga Torres.

VII.

Claire Torres, Gabriella Torres, Arianna Torres, and Isabella Torres are the natural born children of decedent, Edward Zuniga Torres.

VIII.

Natalia Torres is the mother of decedent, Edward Zuniga Torres.

IX.

1    On or about October 24, 2007 Edward Zuniga Torres was driving a
2 United Parcel Services truck east on Peoria Avenue in Glendale, Arizona.
3    X.
4    On or about October 24, 2007 defendant, Jason Ilg, was driving a vehicle
5 westbound on Peoria Avenue in Glendale, Arizona and crashed his car into the truck
6 being driven by Mr. Torres.
7    XI.
8    At the time of the traffic accident on October 24, 2007 Mr. Ilg was
9 driving under the influence of intoxicants in violation of Arizona law.
10    XII.
11    The crash between Mr. Torres' truck and Mr. Ilg's car was caused by Mr.
12 Ilg's negligence.
13    XIII.
14    As a result of the October 24, 2007 traffic accident, Mr. Torres suffered
15 fatal injuries.
16    XIV.
17    The truck that Mr. Torres was driving on October 24, 2007was
18 manufactured, assembled and distributed by defendant GM and Does 1 through 5.
19
20    XV.
21    At the time that the truck that Mr. Torres was driving on October 24,
22 2007 was put into the stream of commerce by defendants GM and Does 1 through 5,
23 it was in a defective and unreasonably dangerous condition.
24    XVI.
25    As a direct and proximate result of the defective and unreasonably
26 dangerous condition of the truck that Mr. Torres was driving on October 24, 2007,
27 Mr. Torres' accident related injuries were enhanced.
28    XVII.

1     Defendants GM and Does 1 through 5, in promoting, selling, supplying, and marketing the truck that Mr. Torres was driving on October 24, 2007, expressly and impliedly warranted that the truck was merchantable, fit and safe for the ordinary and foreseeable purposes for which it was sold.

XVIII.

    Defendants GM and Does 1 through 5 breached their express and implied warranties by delivering and/or supplying the truck that Mr. Torres was driving on October 24 2007 in an unsafe, defective, and unfit condition.

XIX.

    As a result of Defendants' breach of warranties, Mr. Torres' accident-related injuries were enhanced.

XX.

    Defendant GM Co. acquired the assets and liabilities of GM and/or has continued the same business of Defendant GM and is, therefore, the successor corporation of GM.

XXI.

    GM Co. uses the same facilities and employees to market the same products and services as GM.

XXII.

    GM Co.'s Board of Directors includes members of the Board of Directors of GM.

XXIII.

    GM Co.'s officers include persons who served as officers of GM.

XXII.

    In addition to acquiring the facilities and employees of GM, GM Co. also acquired the good will and other intangible assets of GM.

XXV.

1  Pullano's is licensed to sell alcoholic beverages in the State of Arizona.

XXVI.

Pullano's operates a restaurant known as Pullano's Pizza & Wings in Glendale, Arizona.

XXVII.

During the afternoon and evening of October 24, 2007 employees at Pullano's Pizza & Wings served alcoholic beverages to defendant, Jason Ilg.

XXVIII.

The employees at Pullano's Pizza & Wings continued to serve alcoholic beverages to Jason Ilg on October 24, 2007 even after he was obviously intoxicated.

XXIX.

Mr. Ilg's intoxication at the time of the October 24, 2007 crash with decedent, Edward Torres, was due to his consumption of the alcoholic beverages sold to him by employees of Pullano's Pizza & Wings.

XXX.

Mr. Torres' death was a direct and proximate result of the sale of alcoholic beverages by employees of Pullano's Pizza & Wings to Mr. Ilg after he was obviously intoxicated.

XXXI.

As a direct and proximate result of the death of Edward Torres, Ms. Bermudez has suffered, and will continue to suffer in the future, loss of love, affection, companionship, support and comfort and has experienced, and will experience in the future, shock, anguish, horror and grief.

XXXII.

As a direct and proximate result of the death of Edward Torres, Ms. Bermudez has incurred expenses for the funeral and burial of Mr. Torres.

XXXIII.

As a direct and proximate result of the death of Edward Torres, Claire Torres, Gabriella Torres, Arianna Torres, Isabella Torres, and Natalia Torres have suffered, and will continue to suffer in the future, loss of love, affection, companionship, support and comfort and have experienced and will experience in the future shock, anguish, horror and grief.

XXXIV.

As a direct and proximate result of the death of Edward Torres, Ms. Burmedez has incurred a loss of financial support.

XXXV.

Plaintiff's damages are in excess of the jurisdictional limits of this court.

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

1. For the just and reasonable compensation for Genoveva Bermudez for the loss of love, affection, companionship, support and comfort as well as the shock, anguish, horror and grief resulting from the death of Edward Torres.

2. For the just and reasonable compensation for Claire Torres, Gabriella Torres, Arianna Torres, Isabella Torres, and Natalia Torres for the loss of love, affection, companionship, support and comfort as well as the shock, anguish, horror and grief resulting from the death of Edward Torres

3. For the reasonable value of the lost financial support sustained by Ms. Bermudez as a result of the death of Edward Torres.

4. For the reasonable value of the funeral and burial expenses of decedent, Edward Torres.

5. For plaintiff's costs incurred herein.

1      6.    For such other and further relief as the court may deem just and proper.

2

3    DATED this 19th day of October, 2009.

4

Larry Coben
COBEN & ASSOCIATES
8710 E. Vista Buena Dr.
Scottsdale, Az. 85255

LAW OFFICE OF RICHARD LANGERMAN

By _____
RICHARD W. LANGERMAN
4506 N. 12th Street
Phoenix, Arizona 85014
Attorneys for Plaintiff

Copy of the foregoing hand delivered
this 19th day of October, 2009 to:

The Honorable Robert Oberbillig
Maricopa County Superior Court
125 W. Washington, OCH 202
Phoenix, AZ 85003

Copies of the foregoing mailed
this 19th day of October, 2009 to:

Larry Coben
COBEN & ASSOCIATES
8710 East Vista Buena Drive
Scottsdale, AZ 85255
Co-Counsel for Plaintiff

Scott A. McKay
SCOTT A. MCKAY, PC
2111 E. Highland, Suite 190
Phoenix, AZ 85016
Co-Counsel for Arianna and
Isabella Torres

_____

7

**Motors Liquidation Company**
Case Number: 09-50026
Exhibit F-6
**Product Liability Litigation**

| Creditor Name | Address | City, State & Zip | C | U | D | Total Claim Amount |
|---|---|---|---|---|---|---|
| BENNETT, RALPH | DURST LAW FIRM PC 319 BROADWAY | NEW YORK,NY,10007 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENNETT, RONALD | 2130 AUDUBON CRT | GROVE CITY,OH,43123 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENNETT, SOPHIA | 59 ST GEORGE TER | BEAR,DE,19701 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENNINGFIELD, CHARLOTTE | 1315 HIGHWAY 289 | LEBANON,KY,40033-9302 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENOIT, BARRIE | 2172 AVALON ST | BEAUMONT,TX,77701 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENSON, DEON | 7346 SILVER LEAF LN | WEST BLOOMFIELD,MI,48322-3332 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENSTEAD, DEBBIE | 101 HAWK POINT CT | FOLSOM,CA,956301531 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENTLEY, TONYA | 13402 SADDLEBROOK TRAIL | AUSTIN,TX,78729 | ✓ | ✓ | ✓ | UNDETERMINED |
| BENTON, DEBBIE | 921 N ANGLIN ST | CLEBURNE,TX,76031-3201 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERARDI, STEPHEN | 11 FARMVIEW LANE | FARIPORT,NY,14450 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERARDINO, DAVID | 14 SCHOOL ST | NATICK,MA,01760-4750 | ✓ | ✓ | ✓ | UNDETERMINED |
| BEREPKOWSKI, SAVANAH | 1402 S OAKLAND APT B1 | GREENBAY,WI,54303 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERG, LEE ANN | PO BOX 276 | TIGERTON,WI,54486 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERG, SCOTT | 3415 83RD ST UNIT E12 | WOODRIDGE,IL,60517 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERGER, KAREN | 45501 VANKER AVE | UTICA,MI,48317-5797 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERIOU, MICHAEL | 37731 HAWTHORNE AVE | NORTH BRANCH,MN,55056-5963 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERLIN CITY CHEVROLET | DOUGLAS KNIGHT & ASSOCIATES INC PO BOX 10517 TEAM SUBRO 4 | BRADENTON,FL,34282 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERLIN CITY CHEVROLET | THE HARTFORD INSURANCE COMPANY 545 MAIN STREET | GORHAM,NH,03581 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERLIN CITY CHEVROLET | ZURICH INSURANCE 7045 COLLEGE BLVD | OVERLAND PARK,KS,66211 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERLINGIERI, JOSEPH | MONACO & MONACO 7610-7612 13TH AVE. SECOND FLOOR | BROOKLYN,NY,11228 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERMUDEZ, GENOVEVA | LANGERMAN RICHARD 4506 NORTH 12TH STREET | PHOENIX,AZ,85014 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERNARD, SCOTT | P.O. BOX 369 | MONTPELIER,VT,05601-0369 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERNARDEZ, ELIZABETH | THOMPSON WILLIAM DEFOREST JR PA 1422 HENDRY STREET SUITE 302 | FORT MYERS,FL,33901 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERNARDEZ, WILLIAM | WILLIAM DEFOREST THOMPSON 1422 HENDRY STREET SUITE 302 | FORT MYERS,FL,33901 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERNI, RICK | 6701 BUCKSKIN AVE | LAS VEGAS,NV,89108 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERRY, CAROL | OLSMAN MUELLER PC 2684 W 11 MILE ROAD | BERKLEY,MI,48072 | ✓ | ✓ | ✓ | UNDETERMINED |
| BERRY, JAMES | OLSMAN MUELLER PC 2684 W 11 MILE ROAD | BERKLEY,MI,48072 | ✓ | ✓ | ✓ | UNDETERMINED |