UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 09-50026 (REG) |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, : f/k/a/ GENERAL MOTORS CORP, *et al.*, | | (Jointly Administered) |
| | : | Chapter 11 |
| | : | |
| Debtors. | : | |

-----------------------------------------------------------x

# ORDER GRANTING FINAL APPLICATION OF ALAN CHAPELL, CONSUMER PRIVACY OMBUDSMAN, FOR APPROVAL OF COMPENSATION FOR SERVICES RENDERED DURING THE PERIOD FROM JUNE 8, 2009 THROUGH AND INCLUDING OCTOBER 4, 2009

Alan Chapell, CIPP, as Consumer Privacy Ombudsman appointed pursuant to section 332 of the Bankruptcy Code in the above-captioned cases (the "Cases"), having applied on November 16, 2009 (Docket No. 4456) (the "Application")[1] for entry of an order (a) allowing first and final compensation for professional services rendered in the Cases, during the period from June 8, 2009 through and including October 4, 2009 (the "Compensation Period"), in the aggregate amount of $72,900.00; and (b)

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning given to them in the Application.

**authorizing and directing the Debtors to pay Alan Chapell said aggregate amount for services rendered during the Compensation Period; the Court having reviewed the Application, having considered the Fee Examiner's non-objection thereto (Docket No. 4490), and having heard the statements of counsel in support of the relief requested in the Application at the hearing before the Court held April 29, 2010 (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) notice of the Application and the Hearing was sufficient under the circumstances; (iv) the compensation requested in the Application is reasonable and for actual and necessary services rendered by Alan Chapell during the Compensation Period; (v) the Application complies fully with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court for the Southern District of New York, the Interim Compensation Order, the Local Guidelines and the United States Trustee Guidelines; and (vi) cause exists for the granting of the relief requested in the Application, it is hereby**

      **ORDERED, that the Application be, and hereby is, granted on a**

final basis to the extent set forth on Schedule A; and it is further

ORDERED, that the Debtors are hereby authorized and directed to pay promptly to Alan Chapell the amount set forth on Schedule A, to the extent such amount has not previously been paid; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:    New York, New York
          May *11*, 2010

                        *s/ Robert E. Gerber*
                        ROBERT E. GERBER
                        UNITED STATES BANKRUPTCY JUDGE

Case No. 09-50026
In re Motors Liquidation Company

**CURRENT FEE PERIOD (June 8, 2009) to (October 4, 2009)**

| Applicant | Date; Document | Fees Request | Fees Awarded | Expenses | Expenses |
|---|---|---|---|---|---|
| **Alan Chapell** | Nov. 16, 2009; Doc. No. 4456 | $72,900.00 | $72,900.00 | $0.00 | $0.00 |

Case No. 09-50026
In re Motors Liquidation Company

### FINAL FEE PERIOD (June 8, 2009) to (October 4, 2009)

| Applicant | Date; Document | Fees Request | Fees Awarded | Expenses | Expenses |
|---|---|---|---|---|---|
| Alan Chapell | Nov. 16, 2009; Doc. No. 4456 | $72,900.00 | $72,900.00 | $0.00 | $0.00 |