UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY R. STASKO
27653 Lexington Pkwy Southfield, Michigan 48076
#313-670-6917
Appellant
Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827
Pro Se Litigant

V                                          Case No. _____
                                           Honorable_____

MOTORS LIQUIDATION COMPANY
(f/k/a GENERAL MOTORS CORPORATION)
Weil, Gotshal & Manges LLP
767 Fifth Avenue                                                    MAY 11 2010
New York, New York 10153
#212-310-8000
Appellee
Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827

Attorney for Debtors
And Debtors in Possession


## DESIGNATION OF ITEMS

| DOCKET # | DOCUMENT TITLE |
|---|---|
| 5151 | Stanley R. Stasko's Motion for Relief from the Automatic Stay |
| 5390 | Debtor's Opposition to Stasko's Automatic Stay Motion |
| 5442 | Stanley R. Stasko's Relay to Debtor's Opposition to Stasko's Automatic Stay Motion |
| 5509 | Transcript of Hearing before Honorable Robert E. Gerber on April 8, 2010 |

| 5532 | Order Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay |
|---|---|
| Exhibit # | DOCUMENT TITLE |
| Exhibit #1 | Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) |
| Exhibit #2 | Proof of Claim |
| Exhibit #3 | Eubanks v. Esenjay Petroleum Corp. (152 B.R. 459) |
| Exhibit #4 | U.S. Court of Appeals – Fifth Circuit, In the Matter of James P. Wood, M.D. (825 F.2d 90, 91); (5th Cir. 1987) |
| Exhibit #5 | Original Civil Suit Complaint Exhibit #10, 11, and 12 in Civil Suit Stasko v General Motors Corporation Duplicated for Convenience |
| Exhibit #6 | Notice of Appeal |

Dated: May 9, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
#313-670-6917
Appellant - Pro Se Litigant

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STANLEY R. STASKO
27653 Lexington Pkwy Southfield, Michigan 48076
#313-670-6917
Appellant
Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827
Pro Se Litigant

V                              Case No. _____
                               Honorable _____

MOTORS LIQUIDATION COMPANY
(f/k/a GENERAL MOTORS CORPORATION)
Weil, Gotshal & Manges LLP                    MAY 1 1 2010
767 Fifth Avenue
New York, New York 10153
#212-310-8000
Appellee
Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)
Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827

Attorney for Debtors
And Debtors in Possession


## STATEMENT OF ISSUES

Stanley R. Stasko respectfully states:

### ISSUE #1 - BURDEN OF PROOF

1) in the Debtor's Opposition to Stasko's Automatic Stay Motion Section II, Paragraph #15 the Debtor states "Movant (Stanley R. Stasko) should also be denied relief from the stay because he has failed to demonstrate cause to lift the stay." (Docket # 5390)

2) also Judge Robert E Gerber of the United States Bankruptcy Court – Southern District of New York (the Bankruptcy Judge) made a similar error by stating "Mr. Stasko, I'm going to have to deny your motion for relief from the stay,

both by reason of your failure to show that you're entitled to that relief under the Second Circuit Sonnax factors and because you didn't file a proof of claim" (Court Transcript of April 8, 2010; Page 31, Lines 18, 19, 20, 21 and 22; Docket # 5509)

3) first, the United States Bankruptcy Code places the Burden of Proof for all issues on the Debtor except for Debtor's equity in property (Bankruptcy Code; Title 11 U.S.C.A. Section 362 (g) (1) and (g) (2))

4) also the legal counsel for General Motors Corporation did not prove why this United States Bankruptcy Code requirement should be voided

5) further the Bankruptcy Judge failed to realize that Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) also recognized that the United States "Bankruptcy Code places burden of proof on Debtor for all issues other than debtor's equity in property" (See Exhibit 1)

6) still further Stanley R. Stasko, the Appellant, has filed a Proof of Claim with the United States Bankruptcy Court of the Southern District of New York via U.S. Mail on April 28, 2010. (See Exhibit # 2)

7) therefore, since the United States Bankruptcy Code places the Burden of Proof for all issues on the Debtor and the legal counsel for General Motors Corporation did not prove why Stanley R. Stasko should be Denied Relief from the Automatic Stay the Order by the Bankruptcy Judge Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay (Docket #5532) should be reversed.

2

## ISSUE #2 – JURISDICTION OF DISTRICT COURT HIGHER THAN BANKRUPTCY COURT

8) in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for relief from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being a core proceeding pursuant to 28 U.S.C. Section 157(b); and venue being proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409;"

9) the phrase **venue being proper** is the Bankruptcy Judge's opinion that he has jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532) (the Michigan Case being civil suit Stasko v General Motors Corporation – United States District Court - Eastern District of Michigan; Case #2:09-CV-14827.)

10) the Bankruptcy Judge erred in ordering Mr. Stasko to withdraw civil suit Stasko v General Motors Corporation; United States District Court - Eastern District of Michigan; Case #2:09-CV-14827. In United States District Court – E.D. of Louisiana in Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) states that **"if inquiry is whether federal district court's bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related to cases under Title 11, it is irrelevant whether particular proceeding is "core" or "noncore"; district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b)."** (See Exhibit #3)

3

11) also Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) also states that **"proceedings that are outside scope of statute which gives federal district court bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy court by federal district court. 28 U.S.C.A. § 157."**

12) further, the United States District Court – E.D. of Louisiana based its interpretation of <u>Section 157</u> on the legislative progeny of the United States Supreme Court's decision in <u>Northern Pipeline v. Marathon, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)</u>

13) still further, the original complaint of civil suit Stasko v General Motors Corporation is based on Title 42 U.S.C. Section 1983 which states "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory degree was violated or declaratory relief was unavailable."

14) therefore, since Title 42 U.S.C. Section 1983 is not base on U.S. Bankruptcy Code the Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko

4

to withdraw civil suit Stasko v General Motors Corporation and the Bankruptcy Judge's Order should be voided.

### ISSUE #3 – CORE and NON-CORE PROCEEDINGS

15) in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for relief from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being core proceeding pursuant to 28 U.S.C. Section 157(b); and venue being proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409;"

16) the phrase the proceeding is a **core proceeding** is a means whereby the Bankruptcy Judge tries to justify ordering Mr. Stasko to withdraw the Michigan Case

17) this is the third significant error by the Bankruptcy Judge. The United States Court of Appeals – Fifth Circuit in the Matter of James P. Wood M.D. (825 F.2d 90, 91; 5th Cir. 1987) (See Exhibit # 4) "if proceeding involves right created by federal bankruptcy law, or is one which would only arise in bankruptcy, (emphasis added) it is core proceeding, **but if proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, though it may be related to bankruptcy because of its potential effect on debtor's estate. 28 U.S.C.A. § 157.**

18) the original complaint of civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 as detailed above, and is not a right created by federal bankruptcy law

5

19) also civil suit of Stasko v General Motors Corporation could exist outside of the bankruptcy court

20) therefore, the civil suit Stasko v General Motors Corporation is non-core bankruptcy court proceeding and the Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko to withdraw civil suit Stasko v General Motors Corporation and the Bankruptcy Judge's Order should be voided.

### ISSUE #4 – SONNAX FACTORS (2 and 11)

21) in Debtor's Opposition to Stasko's Automatic Stay Motion (Docket # 5390) Section II is entitled "**Movant Cannot Meet His Burden of Establishing Cause to Modify the Automatic Stay**", (emphasis added) General Motors Corporation in Paragraphs 15, 16, 17, 18, 19, and 20 makes various arguments why Stanley R. Stasko should be denied relief from the Automatic Stay

22) as discussed above, the United States Bankruptcy Code places the burden of proof on the debtor (General Motors Corporation) not the creditor (Stanley R. Stasko)

23) also in Sonnax Industries, Inc. v. Tri Component Products Corp. there are listed twelve "factors to be weighed in deciding whether litigation should be permitted to continue in another forum" (See Exhibit # 1)

24) Sonnax Factors (2), (9), and (11) are especially worth mentioning because of United States Code discussed above

25) Sonnax Factors (2) and (11) will be discussed in this section entitled Issue #4 – Sonnax Factors (2 and 11)

6

26) Sonnax Factor (9) will be will be discussed in the next section entitled Issue #5 – Sonnax Factor (9)

27) Sonnax Factor (2) states "lack of any connection with or interference with the bankruptcy case" (See Exhibit # 1)

28) the phrase "lack of any connection with ... the bankruptcy case" from Sonnax Factor (2) is consistent with United States Code discussed above: **proceedings that are outside scope of statute which gives federal district court bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy court by federal district court. (emphasis added)** <u>28 U.S.C.A. § 157</u>

29) since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not created by federal bankruptcy law the proper venue to judge civil suit Stasko v General Motors Corporation is the United States District Court – Eastern District of Michigan; therefore, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (2)

30) further, the phrase "whether the parties are ready for trial in the other proceeding" from Sonnax Factor (11) is consistent with United States Code discussed above: **if inquiry is whether federal district court's bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related to cases under Title 11, it is irrelevant whether particular proceeding is "core" or "noncore"; district courts have original and concurrent**

7

jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. <u>28 U.S.C.A. § 1334(a, b).</u>

31) since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not created by federal bankruptcy law it is a non-core bankruptcy court proceeding

32) and since district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (11).

### <u>ISSUE #5 – SONNAX FACTOR (9)</u>

33) Sonnax Factor # 9 states "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor" (See Exhibit #1)

34) using a similar arguments from Issue #4 above the court should note that the phrase "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor" is consistent with United States Code noted above: **if proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, <u>though it may be related to bankruptcy because of its potential effect on debtor's estate</u>** (emphasis added) <u>28 U.S.C.A. § 157.</u>

8

35) since the original complaint of civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not a right created by federal bankruptcy law

36) and since civil suit Stasko v General Motors Corporation could exist outside of the bankruptcy court the proceeding is a non-core bankruptcy court proceeding

37) further, since General Motors Corporation (the Debtor) could possibly incur a judicial lien of approximately $2.7 million dollars for the estimated loss by the plaintiff (Stanley R. Stasko) and possible judicial liens of an unspecified amount in punitive damages for hostile work environment by General Motors Corporation against Stanley R. Stasko, General Motors Corporation could incur a judicial lien if the Unites States District Court – Eastern District of Michigan rules in Stasko's favor in Stasko v General Motors Corporation

38) therefore, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (9).

### ISSUE #6 – GENISIS OF CIVIL ACTION

39) on page 35, lines 19, 20, 21, and 22 of the Court Transcript of April 8, 2010, the legal counsel for General Motors Corporation stated "this motion is based on a post-petition action that was filed in the District Court for the Eastern District of Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition on June 1st, 2009." (See Docket #5509)

9

Document prepared by Stanley R. Stasko 27653 Lexington Pkwy

40) this statement by General Motors Corporation's legal counsel is disingenuous since the civil lawsuit against General Motors Corporation has its genesis in CY2005

41) Stanley R. Stasko first began to discover the injury and loss he incurred by the defendant (General Motors Corporation) when the plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005. (See Original Civil Suit Complaint Exhibit 10, 11, and 12 of Stasko v General Motors Corporation; duplicated in Exhibit #5 for convenience)

42) Stanley R. Stasko will not repeat the details instead will summarize as follows:

43) General Motors Corporation did not respond to the letter dated July 20, 2005.

44) Stanley R. Stasko made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005. (See Exhibit #5)

45) General Motors Corporation did not respond to the second request letter dated August 8, 2005.

46) Stanley R. Stasko made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005. (See Exhibit #5)

47) the Court should note that in the third request the plaintiff states "Stanley R. Stasko requests this information to: ... look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that

10

he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)." (See Exhibit #5)

48) the Court should also note that Stanley R. Stasko informed General Motors Legal Staff in CY2005 of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney, General Motors – Global Headquarters..." (See Exhibit #5)

49) the Court should further note "**now that the plaintiff (Stanley R. Stasko) has implied a possible lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310."

50) therefore, civil suit Stasko v General Motors Corporation has its genesis when Stanley R. Stasko first requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005. This is years before June 1, 2009, the date General Motors Corporation commenced a voluntary case under Chapter 11 of Title 11 of the United States Code. This is years before the Bankruptcy Court established November 30, 2009, as (the "Bar Date Order") on September 16, 2009. This is years before Stanley R. Stasko filed civil suit against General Motors Corporation in Stasko v General Motors Corporation, United States District Court Eastern District of Michigan; Case #2:09-CV-14827, on December 11, 2009.

51) still further, Stanley R. Stasko mailed to the Bankruptcy Court a copy (on CD) of the 500 plus pages from the original complaint in Stasko v General Motors Corporation, United States District Court Eastern District of Michigan

11

explaining in detail the delay between when Stanley R. Stasko first requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005, and December 11, 2009, when Stanley R. Stasko filed civil suit against General Motors Corporation.

52) therefore, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted because the civil lawsuit against General Motors Corporation has its genesis in CY2005 when General Motors Corporation was first informed of a possible lawsuit.

## ISSUE #7 – UNIQUE SITUATION

53) when Stanley R. Stasko Motioned the Bankruptcy Court for Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy (on CD) of the (500) plus pages from the original complaint in civil suit Stasko v General Motors Corporation explaining in detail the unique situation of the civil suit.

54) Stanley R. Stasko will not repeat the details instead will summarize the three reasons:

## REASON #1 – DISCOVERY DELAYS

55) Stanley R. Stasko submitted an essay fully describing the facts and circumstances surrounding the belated discovery and the delay between first requesting a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005, and filing civil suit against General Motors Corporation in Stasko v General Motors Corporation –

12

United States District Court Eastern District of Michigan on December 11, 2009.

### REASON #2 – MENTAL DISABILITY

56) Stanley R. Stasko submitted an essay fully describing the facts and circumstances surrounding his **loss of memory**. (See Essay, *Original Civil Suit Complaint Exhibit 7, p. 33-37*)

57) Stanley R. Stasko stated his loss of memory continued for years including other people trying to convince the plaintiff he needs to be on medication.

   a. See Essay, Original Civil Suit Complaint Exhibit 7, p. 48-63

   b. See North Oakland Medical Center report (See Original Civil Suit Complaint Exhibit 8)

   c. See Essay, Original Civil Suit Complaint Exhibit 7, p. 64-65

58) Stanley R. Stasko stated his "memory only starts to clear up in July 2005." (See Essay, Original Civil Suit Complaint Exhibit 7, p. 65-67) In order for the Court to understand how much the plaintiff's memory will clear up several years later Original Civil Suit Complaint Exhibit 15 represents the plaintiff's resume for *General Motors accomplishments in CY2005*, and Original Civil Suit Complaint Exhibit 16 represents the plaintiff's resume for General Motors accomplishments written approximately October CY2009.

59) if General Motors Corporation argues that Stanley R. Stasko should have appointed a guardian or obtained an attorney to capably handle the plaintiff's rights. The plaintiff states that he is a single man with no spouse. The plaintiff has no legal children. The plaintiff did try to obtain an attorney when he first

13

began to discover the injury or loss approximately September 2005 but the attorney showed no interest in the case, nor did the attorney return the plaintiff's phone calls once the attorney learned that the plaintiff resigned from General Motors Corporation on August 25, 1995.

### REASON #3 – FRAUDULENT CONCEALMENT

60) Stanley R. Stasko also explained in detail in the civil suit how General Motors Corporation Fraudulent Concealed Stanley R. Stasko accomplishments thus contributing to the delay in filing civil suit against General Motors Corporation.

### CONCLUDING STATEMENT

61) on May 1, 2010, Stanley R. Stasko mailed to the United States District Court – Southern District of New York his Notice of Appeal (See Exhibit # 6) of the Order Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay signed by the Honorable Robert E. Gerber on April 21, 2010, (Docket # 5532 ). Based on the Issues and Arguments listed above the Appellant, Stanley R. Stasko, asks the United States District Court – Southern District of New York to reverse the entire Order and grant Stanley R. Stasko his Motion for Relief from the Automatic Stay (Docket #5151 )

Dated: May 9, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant