**PRESENTMENT DATE AND TIME: May 19, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: May 19, 2010 at 11:00 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
**In re**  :  **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*  :  **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*  :
:
       Debtors.  :  **(Jointly Administered)**
:
-----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED**
**ORDER BETWEEN THE DEBTORS AND SANG CHUL LEE AND**
**DUKSON LEE TO CAP CLAIM, DESIGNATE CLAIM FOR MEDIATION,**
**DISMISS APPEALS, AND WITHDRAW LATE CLAIM MOTION**

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") will present the Stipulation and Agreed Order Between the Debtors and Sang Chul Lee and Dukson Lee to Cap Claim, Designate Claim for Mediation, Dismiss Appeals, and Withdraw Late Claim Motion (the "**Stipulated Order**") attached hereto to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **May 19, 2010 at 12:00 noon (Eastern Time)**.

1

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulated Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), and (xii) Kimm Law Firm, attorneys for Sang Chul Lee and Dukson Lee, 41-W Bancker Street, Englewood, NJ 07631 (Attn: Michael S. Kimm and Francis Liu), so as to be received no later than **May 19, 2010 at 11:00 a.m. (Eastern Time)** (the "**Objection Deadline**").

        PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulated Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the Stipulated Order, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
May 12, 2010

        /s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**PRESENTMENT DATE AND TIME: May 19, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: May 19, 2010 at 11:00 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| Debtors. | : | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND SANG CHUL LEE AND DUKSON LEE TO CAP CLAIM, DESIGNATE CLAIM FOR MEDIATION, DISMISS APPEALS, AND WITHDRAW LATE CLAIM MOTION**

Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Sang Chul Lee and Dukson Lee ("**Plaintiffs**" and collectively with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A. On June 1, 2009 (the "**Commencement Date**"), MLC commenced a voluntary case (the "**Bankruptcy Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced before the commencement of these chapter 11 cases.

C. On July 2, 2009, Plaintiffs filed a Motion for Relief from Stay [Docket No. 3023] (the "**Lift Stay Motion**") seeking relief from the automatic stay to continue a prepetition wrongful death action pending against the Debtors in the Superior Court of the State of Arizona in and for the County of Coconino (the "**Arizona Action**"). On July 29, 2009, the Debtors filed an opposition to the Lift Stay Motion [Docket No. 3485].

D. On July 5, 2009, this Court entered an Order [Docket No. 2968] (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement.

E. On July 9, 2009, Plaintiffs filed a Notice of Appeal of the Sale Order [Docket No. 3060] (the "**Sale Order Appeal**"). The Sale Order Appeal is currently pending before the United States District Court for the Southern District of New York and has been docketed as case number 1:09-cv-007792-DAB.

6

F.      On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 (the "**Bar Date**") as the deadline for each person or entity to file a proof of claim based on any prepetition claims against the Debtors.

G.      Plaintiffs did not file a proof of claim by the November 30, 2009 Bar Date.

H.      On February 22, 2010, Plaintiffs filed a proof of claim, claim number 70062 (the "**Lee Claim**"). The Lee Claim asserts a claim in the amount of $40 million and is based on the allegations underlying the Arizona Action.

I.      On February 23, 2010, this Court entered an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation [Docket No. 5037] (the "**ADR Order**"). Pursuant to the ADR Order, the Debtors may designate a claim for immediate mediation if the holder of such claim agrees to cap its claim at a reduced amount (the "**Claim Amount Cap**") and the Claim Amount Cap is accepted by the Debtors.

J.      On March 22, 2010, Plaintiffs filed a Motion to Allow Late Claim Filed to be Deemed Timely Filed [Docket No. 5328] (the "**Claim Motion**"), requesting an Order deeming the Lee Claim timely filed or in the alternative deeming the Lift Stay Motion an informal proof of claim. On April 1, 2010, the Debtors filed an Opposition to the Claim Motion [Docket No. 5398].

K.      On April 8, 2010, this Court held a hearing on the Lift Stay Motion and the Claim Motion. At the hearing, the Court denied the Lift Stay Motion and adjourned the Claim Motion for a future evidentiary hearing. On April 21, 2010, this Court entered a written Order denying the Lift Stay Motion [Docket No. 5527] (the "**Lift Stay Order**").

L. On April 30, 2010, Plaintiffs filed a Notice of Appeal of the Lift Stay Order [Docket No. 5692] (the "**Lift Stay Appeal**"). As of the date of this Stipulation, the Lift Stay Appeal has not been docketed.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, have agreed to resolve the foregoing disputes as follows:

## STIPULATION

A. Plaintiffs agree to cap the Lee Claim at an unsecured, non-priority claim not to exceed $20 million. The Debtors agree not to object to the Lee Claim on the basis of timeliness and the Lee Claim, subject to the cap and all of the Debtors' other defenses, shall be deemed timely filed.

B. The Debtors agree to designate the Lee Claim for mediation pursuant to the ADR Order.

C. The Parties agree to file a stipulation of dismissal with prejudice of the Sale Order Appeal with the United States District Court for the Southern District of New York pursuant to Federal Rule of Bankruptcy Procedure 8001(c)(2).

D. Upon entry of an order of the Court approving this Stipulation (the "**Effective Date**"), the Lift Stay Appeal and the Claim Motion shall be deemed withdrawn.

E. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

F. This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their counsel. The Parties have independently

verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

  G. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation and to bind the Parties.

  H. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail.


Dated: May 12, 2010

| | |
|---|---|
| /s/ Michael S. Kimm | /s/ Joseph H. Smolinsky |
| Michael S. Kimm | Harvey R. Miller |
| Francis Liu | Stephen Karotkin |
| Kimm Law Firm | Joseph H. Smolinsky |
| 41-W Bancker Street | David R. Berz |
| Englewood, NJ 07631 | Weil, Gotshal & Manges LLP |
| Telephone: (201) 569-2880 | 767 Fifth Avenue |
| | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorneys for Plaintiffs | Attorneys for Debtors and Debtors In Possession |

IT IS SO ORDERED.

Dated: New York, New York
            _____, 2010          THE HONORABLE ROBERT E. GERBER
                                              UNITED STATES BANKRUPTCY JUDGE