US Bankruptcy Court Southern District of New York

In re: Motors Liquidation Co. F.K.A. General Motors Corp. debtors.

09-50026

Lisa Gross

Movant.

RECEIVED MAY 14 2010 U.S. BANKRUPTCY COURT, SDNY

Objection to order denying motions of Lisa Gross for leave to file claim and for relief from automatic stay

According to the chapter 11 bankruptcy code I object to the order to deny my ~~claim~~ motions filed March 2 2010 (as above stated). for the following:

1. Notice of the claim was given ~~$~~ 6/19/2009. docket # 2268 regarding case # 08-3236 in the 10th Circuit.
2. No response had been made regarding My objection to the stay by the debtors or the court filed 6/19/2009 (and the language that would dissolve my claims in the 10th circuit)
3. The stay imposed on the 10th circuit case # 08-3236 Caused all proceedings to cease in that jurisdiction therefore, no monetary claim could legally be submitted even though the ~~Motion~~ objection I

filed as considered notice.

There fore I object to an order that would deny my requests Made March 2 2010 due to the fact that the stay imposed was objected to and no response regarding the ~~stay~~ objection to the stay was addressed by the debtors or the court prior to any deadlines set to file a claim because the court received notice of the claim

It would prejudice me as a claimant to deny my motions being that I fulfilled the requirements of the court prior to any deadline set by the court to file a claim

Nor have I recieved any other documentation's regarding any other requirements of the court other than the notice of the Chapter 11 bankruptcy filing commenced on 6/1/2009 Case# 09-5002 which included information to file an objection to the 363 sale by the 6/19/2009 deadline of which I did meet the deadline.

Due to extinuating circumstances no monetary claim could be submitted by me because of mailing erros and the fact that it would be fraudulent to file a monetary claim with no monetary order and the stay imposed that was not responded to,

I also hereby submit a counter proposed order to Grant the motions I filed on March 2 2010 regarding 09-50026 and object to them being denied.

I respectfully request the court due to my financial status to give notification of this objection and my proposed counter order to all opposing parties upon receipt of these documents which are mailed together.

Respectfully & Sincerely Lisa P. Gross

[signature]

6460 NE 43rd Terrace #204
Kansas City Mo. 64117 / 816-756-4660
lisagross5@aol.com 5/13/2010

Please forward to all opposing parties via electronic notification all attorneys for debtors and debtors in possession.

US Bankruptcy Court Southern District of New York.

In re:
Motors Liquidation Co.
F.K.A. General Motors Corp.
debtors.

09-50026.

Lisa Gross
Movant.

ORDER GRANTING MOTIONS OF LISA GROSS FOR LEAVE TO FILE CLAIM AND FOR RELIEF FROM AUTOMATIC STAY

On June 19 2009 Mrs. Gross filed a timely objection to the 363 sale ~~that~~ for any language that would dissolve her claims in the 10th Circuit Court of appeals which also included her objection to the automatic stay imposed on the same case according to the rules set forth in the Chapter 11 bankruptcy Code.

Due to unforseen circumstances Mrs. Gross did not attend the April 29, 2010 Conference as she so desired to do so. However the cause for a conference appears pointless since her request is not untimely and she has met the requirements of the Court and the law prior to any deadlines set regarding claims by giving notice of the claim in her objection filed 6/19/2009 docket #2248

Because there is no order or a monetary amount in the tenth circuit due to the automatic stay.
The right to file a monetary claim pending/post an order in the 10th circuit court of appeals or any other court with jurisdiction regarding case # 08-3236 should be and therefore is reserved for her to file at a later date. Mrs. Gross also reserves the right to amend her claim filed 6/19/2009, due to extinuating circumstances set forth in her requests filed March 2 2010. and the debtors gross neglegence to respond to the objection and to adequately notify her of timelines set forth by the court to file a claim.

Mrs. Gross can not at this time ~~can~~ by law submit any monetary claim and even by or before the deadline set forth by the court to file a claim because of the stay imposed on the claim in the 10th circuit case #08-3236

To file a monetary claim with no monetary order constitutes fraud and according to the claim form supplied by the claims agent that can be downloaded from the internet and used to file claims according to these proceedings in this court, filing a fraudulant claim is punishable by ~~fed~~ federal law by imprisonment or a fine of up to $500,000.00.
The debtors have failed to file a response to Mrs. Gross's objection to the automatic stay and the language that would dissolve her claims filed 6/19/2009 an objection based upon the chapter 11 bankruptcy code. Her request made March 2, 2010 does not prejudice the debtors in any way due to the fact notice of her claim was given 6/19/2009 as also was her objection to the stay

Footnote: Changes on this page line 4 stipulates any other court with jurasdiction regarding Mrs. Gross's claims in the 10th circuit court of Appeals.

Therefore the court must enter a judgement in favor of movant (Lisa Gross) and grant her request for relief from the automatic stay and also grant her request to not just file a claim being there is a claim filed but to amend her claim after a monitary order is issued by the Tenth Circuit regarding case # 08-3236.

Granted because the automatic stay imposed on her claims in the tenth circuit does not apply to a title 7 claim

Granted Lisa Gross's motion to file claim pending an order from the tenth circuit court and or any other court that would have jurisdiction concerning her claims in the 10th circuit

Granted Lisa Gross's motion for relief from the automatic stay so the tenth circuit court may issue an order that she may be able to legally and lawfully file her amended claim that would include a monetary amount regarding case 09-50026 in the bankruptcy court.

Granted according to the chapter 11 bankruptcy code and all statutes and codes set forth therein,

Granted because Mrs. Gross has met the requirements of this court and the law. It is further granted with the debtors right to appeal revoked because of the gross negligence and failure to respond to docket #2248 where Mrs. Gross filed her objections and her claim. The debtors have forfeited their right to appeal because the debtors are without excuse.

Granted because it would be unfair, unjust and unrighteous and would prejudice movant to deny her request for any reasons set forth by the debtors. It is the debtors responsibility to adequately respond to any and all claims motions, pleadings and objections of which they have failed to do so regarding Mrs. Gross.

4|4

This order is with prejudice to the debtors. The right to appeal due to their gross negligence and failure to respond to Mrs. Gross's objection to the automatic stay and notification of her claim and objection to language that would dissolve her claims in the tenth circuit filed 6/19/2009 and any other court with jurisdic regarding case #08-323. Therefore this matter is decided factually, legally and righteously with the rights of the debtors to appeal in this or any other court revoked.

The debtors are clearly aware of the timelines set forth to file responses to any and all objections, claims, motions and pleadings and have failed to do so even within reason regarding Lisa Gross's objection filed 6/19/2009. It is also ordered this court will no longer entertain any further opposition to Mrs. Gross requests for relief from the automatic stay and for leave to file a claim.

Dated: New York, New York

May ____ 2010

______________________________

The honorable Robert E Gerber.
United States bankruptcy judge.

Foot note: Line 6 stipulates any other court with jurisdiction regarding case #08-3236