Stanley S. Dawson, Esq.
FULTON & DEVLIN, LLC
2000 warrington way, ste. 165
Louisville, ky 40222
Telephone: (502) 327-0099
Facsimile: (502) 327-0079

Attorney for Kentucky Employers Mutual Insurance

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :    09-50026 (REG)
        f/k/a General Motors Corp., et al.          :
                                                    :
                            Debtors.                :    (Jointly Administered)
                                                    :
------------------------------------------------------------------x
```

\* \* \* \* \* \* \*

**RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO CLAIMS
ON BEHALF OF KENTUCKY EMPLOYERS MUTUAL INSURANCE COMPANY
(Claim Number 39231)**

  Comes the Claimant, Kentucky Employers Mutual Insurance Company, by counsel and for its written Response to the Debtors' Fourteenth Omnibus Objection to Claims (Workers' Compensation Claims) in this matter, pertaining to claim number 39231, hereby offers the following:

  (1) The Claimant, Kentucky Employers Mutual Insurance Company (hereinafter "KEMI") timely submitted a Proof of Claim in this bankruptcy for an unliquidated claim in the

amount of $62,301.22.  This claim has been deemed claim number 39231.  To the knowledge of KEMI, no objection has been registered by the Debtors, Motors Liquidation Company, *et al.* (hereinafter "Old GM") to the timeliness or documentation of the claim.  However, on April 19, 2010, Old GM filed "Notice of Debtors' Fourteenth Omnibus Objection to Claims (Workers' Compensation Claims)."  Within said Objection, Old GM objected to and requested disallowance and expungement of KEMI's Proof of Claim.  Based on KEMI's review of the Objection as it pertains to KEMI's claim, it appears that Old GM's sole objection to KEMI's claim is based on the assumption that KEMI's claim is a Workers' Compensation claim.  Within its objection, as justification for disallowing KEMI's claim, Old GM has attached and cited portions of the Amended and Restated Master Sale and Purchase Agreement between Old GM and Vehicle Acquisition Holdings, LLC/NGMCO, Inc. (hereinafter "New GM") that state that most workers' compensation liabilities of Old GM, with the exception of certain claims arising in Alabama, Georgia, New Jersey and Oklahoma, would be transferred to New GM, thereby eliminating any workers' compensation liability for Old GM in other states.

(2)     KEMI respectfully submits that Old GM's Objection to its claim must be overruled, and KEMI's Proof of Claim must be allowed against Old GM, because KEMI's claim is not a workers' compensation claim.  It is true that KEMI is a workers' compensation insurance carrier.  It is also true that KEMI has a claim against Old GM due to the fact that it paid workers' compensation benefits to an injured worker.  However, KEMI's claim in this bankruptcy is actually a subrogation claim in the nature of tort, products liability and breach of implied warranty.  KEMI paid workers' compensation benefits to an injured third party, Craig Perkins, through a policy of insurance provided by KEMI to Craig Perkins' employer, Perkins Scale Corporation.  Craig Perkins received workers' compensation benefits due to an injury sustained

in a vehicle fire that occurred while he was operating a GM vehicle.  Perkins filed a products liability lawsuit against Old GM and the local dealer that sold the vehicle to Perkins Scale Corporation.  Pursuant to statutory subrogation rights, KEMI filed an Intervening Complain in Craig Perkins' civil lawsuit against Old GM and the dealer.  During the pendency of the lawsuit, Old GM declared bankruptcy.  KEMI was provided notice of the bankruptcy and, in response to the notice of the bankruptcy, file its Proof of Claim.  As will be apparent to the Court from review of KEMI's timely filed Proof of Claim, , the nature of Old GM's alleged liability for KEMI's claim is in tort, and specifically products liability and breach of warranty, in a manner consistent with the claims of Craig Perkins himself against Old GM.  A copy of KEMI's Proof of Claim form and its Summary of the basis of its claim are attached.  Other, voluminous documents demonstrating the substance of KEMI's claim were also filed along with the Proof of Claim for documentary purposes.  Those additional documents are not attached to this Objection for brevity's sake, but they are part of the record in this case.  According to Section 2.3(d) of the Amended and Restated Master Sale and Purchase Agreement, which was attached as Exhibit C to Old GM's Fourteenth Omnibus Objection to Claims (Workers' Compensation Claims), tort claims and implied warranty such as those asserted by KEMI are to be retained by Old GM.

     (3)    KEMI respectfully submits that the nature of its liability to Craig Perkins is irrelevant to the determination of the nature of Old GM's liability to KEMI.  Old GM's liability to KEMI is in the nature of tort, products liability or breach of implied warranty.  The Amended and Restated Master Sale and Purchase Agreement explicitly requires that Old GM retain these liabilities, and by extension, liability for KEMI's claim.  Therefore, Old GM's objection to KEMI's claim should be overruled, and KEMI's Proof of Claim should be allowed.

(4) KEMI further submits that, given logistic and budgetary considerations, it will not be represented in person at the formal Hearing of Old GM's Objection. It respectfully requests that the Court fully consider this written response in lieu of an appearance at the Hearing, and that the Court enter a ruling consistent with the positions asserted herein.

WHEREFORE, KEMI prays for a proper Order allowing its claim and overruling Old GM's Objection.

Respectfully Submitted,

s/Stanley S. Dawson_____
Stanley S. Dawson
FULTON & DEVLIN
2000 Warrington Way, Ste. 165
Louisville, KY 40222
Telephone: (502) 327-0099
Facsimile: (502) 327-0079
Counsel for KEMI

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by filing electronically in accordance with General Order M-242, on this the 18th day of May, 2010.

s/Stanley S. Dawson_____
Stanley S. Dawson