Pg 1 of 13

A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation*
*Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | **Chapter 11** |
| | : | |
| **MOTORS LIQUIDATION COMPANY, et al.,** | : | **Case No. 09-50026 (REG)** |
| f/k/a General Motors Corp., et al., | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION TO THE DEBTOR'S FOURTEENTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 69598 (Sandra S. Jones)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this response to the Debtor's Thirteenth Omnibus Claims Objection (Docket No. 5523) with respect to the above numbered claim ("This Claim").

1.      Since before 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2.      Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3.      Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed proofs of claim for the known employees of Debtor who had employment-related injuries with pre-petition dates of injury.  A list of all claims, including This Claim, with the name of the employees and respective claim numbers, is attached as Exhibit 1.

4.      Attached hereto as Exhibit 2 is a copy of the Supplement to Proof of Claim, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

5.      For purposes of estimation and settlement, Miss. ISGA requests that Debtor provide for each claim a current medical cost projection by an independent third-party company and/or a copy of the complete records on the claim so that Miss. ISGA can make a reasonable and informed judgment about estimated future liability.

6.      Debtor's objection to This Claim is based on the provision in the Master Sale and Purchase Agreement, dated June 26, 2009, that New GM agrees to assume the workers' compensation claims of Old GM (except where the claimants reside or are employed in Alabama, Georgia, New Jersey, and Oklahoma).

7.      Neither Miss. IGA nor the claimant has agreed to or has ratified this agreement. The assumption agreement between New GM and Old GM cannot discharge Old GM's liability to the claimant or Miss.ISGA.  Greenwood Leflore Hospital Comm. v. Turner, 56 So.2d 496 (Miss. 1952) and RB&W Manufacturing LLC v. Buford, 2008 U.S. App. LEXIS 2838 (7th Cir.

2008). The assumption agreement is not a novation with respect to This Claim, which is in the nature of a tort. The agreement is not and cannot be a sub rosa plan attempting to discharge This Claim by a § 363 sale.

8. Further, there is approximately $900,000 in security in the form of one or more surety bonds held by the Mississippi Workers' Compensation Commission as security for the payment by Old GM of This Claim and the other Mississippi workers' compensation claims. If the objection to This Claim were to be sustained and if This Claim were to be discharged against Old GM, it would jeopardize the security and injure Miss.ISGA and the claimant. It would also deprive them of property without payment of just compensation and without due process of law in violation of the Bankruptcy Code and the U. S. Constitution.

9. This Claim is an unliquidated claim and should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

10. This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and/or Miss. ISGA. Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record. Therefore, Miss. ISGA declines to file information relating to the estimated value of This Claim, which is and should remain confidential. However, Miss. ISGA will provide the Debtor with all relevant information pertaining to value of This Claim within a reasonable time after Debtor provides information on which Miss. ISGA can reasonably make an estimate of value.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Thirteenth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be

estimated pursuant to § 502(c) of the Bankruptcy Code and to the Claims Procedures Order; (c) that This Claim be allowed and paid in full in the estimated amount; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

> Respectfully submitted,
>
> s/ A. Spencer Gilbert III
> A. Spencer Gilbert III
> Mississippi Bar No. 4828
> GILBERT PLLC
> 4500 I-55 North, Suite 246 (39211)
> Post Office Box 13187
> Jackson, Mississippi 39236
> Telephone  (601) 982-2122
> Facsimile   (601) 982-2123
> sgilbert@asgilbert.com
>
> *Attorney for Mississippi Workers' Compensation*
> *Individual Self-insurer Guaranty Association*

May 19, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Weil, Gotshal & Manges LLP
      Attorneys for the Debtors
      767 5th Avenue
      New York, New York 10153-0023
      Attn: Harvey R. Miller, Esq, Stephen Karotkin, Esq., Joseph H. Smolinsky, Esq.,

I further certify that on May 19, 2010, I deposited a copy with Federal Express for overnight delivery to:

      The Honorable Robert E. Gerber
      United States Bankruptcy Judge
      United States Bankruptcy Court for the Southern District of NewYork
      One Bowling Green, Room 621
      New York, New York 10004

      The Debtors
      c/o Motors Liquidation Company
      500 Renaissance Center Suite 1400
      Detroit, Michigan 48243-1929
      Attn: Ted Stenger

      General Motors, LLC
      400 Renaissance Center
      Detroit, Michigan 48243-1402
      Attn: Lawrence S. Buonomo, Esq.

      Cadwalader Wickersham & Taft LLP
      Attorneys for the U.S. Department of the Treasury
      One World Financial Center
      New York, New York 10281
      Attn: John J. Rapisardi, Esq.

United States Department of the Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220
Attn: Joseph Samarias, Esq.

Vedder Price, P.C.
Attorneys for Export Development Canada
1633 Broadway, 47th floor
New York, New York 10019
Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.

Kramer Levin Naftalis & Frankel LLP
Attorneys for the Statutory Committee of Unsecured Creditors
1177 Avenue of the Americas
New York, New York 10036
Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq. and Jennifer Sharret, Esq.

Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 2pt Floor
New York, New York 10004
Attn: Diana Adams, Esq.

U.S. Attorneys Office, S.D. N.Y.
86 Chambers Street, Third Floor
New York, New York 10007
Attn: David Jones, Esq. and Natalie Kuehler, Esq.

Caplin & Drysdale, Chartered
Attorneys for the Official Committee of Unsecured Creditors
Holding Asbestos-related claims
375 Park Avenue, 35th floor
New York, New York 10152-3500
Attn: Elihu Inselbach, Esq. and Rita C. Tobin., Esq.

    Caplin & Drysdale, Chartered
    Attorneys for the Official Committee of Unsecured Creditors
    Holding Asbestos-related claims
    One Thomas Circle, NW, Suite 1100
    Washington D.C. 20005
    Attn: Trevor W. Swett III, Esq. and Kevin Maclay. Esq.


     s/ A. Spencer Gilbert III
      A. Spencer Gilbert III

May 19, 2010

# EXHIBIT 1

## FINAL LIST OF GM CLAIMANTS

| CLAIMANT NAME | CLAIM NUMBER | DATE OF LOSS | FUTURE RESERVE |
|---|---|---|---|
| Robyn F. Bowie | 69596 | 07/14/2009 | $9,242.90 |
| Earnil Brown | 69597 | 02/11/1999 | $33,184.40 |
| James Campbell | 69600 | 09/30/2003 | $3,329.35 |
| Allen R. Dean | 69599 | 03/27/2009 | $2,992.50 |
| Sandra S. Jones | 69598 | 012/9/2008 | $17,683.80 |
| Shelia A. Coleman | 69595 | 10/10/1989 | $3,234.41 |
| Charles R. Weathers | 69594 | 04/24/1989 | $4,929.03 |
| Total | | | $74,596.39 |

Exhibit 1 -  List of GM Claimants

A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
(601) 982-2122
*Counsel to Mississippi Workers' Compensation*
  *Individual Self-insurer Guaranty Association*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
In re                              :    Chapter 11
                                   :
MOTORS LIQUIDATION COMPANY, et al.,:    Case No. 09-50026
  f/k/a General Motors Corporation, et al. : (Jointly Administered)
                                   :
Debtors.                           :
                                   :
                                   :
                                   :
---------------------------------- x

**SUPPLEMENT TO PROOF OF CLAIM OF MISSISSIPPI WORKERS'
COMPENSATION INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION
ON BEHALF OF WORKERS' COMPENSATION CLAIMANT**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("the Association") executes and files the attached proof of claim and this supplement in the name of the creditor stated therein ("the Creditor") pursuant to § 501(b) of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure.

## Introduction and Summary of Claim

1. The Creditor, a Mississippi employee of debtor Motors Liquidation Company, f/k/a General Motors Corporation, ("GM") suffered a pre-petition work-related injury and has a workers' compensation claim against GM. The Creditor did not file a proof of claim prior to the claims Bar Date of November 30, 2009. The Association is an entity that is liable to the Creditor for the obligations of GM under the Mississippi Workers' Compensation Law. Therefore, pursuant to § 501(b) and Rule 3005, the Association is entitled to execute and file this proof of claim in the name of the Creditor within 30 days after the expiration of the Bar Date.

## Basis for Creditor's Claim

2. The Creditor is, or was at the time of injury, an employee of GM, one of the debtors in the captioned jointly administered case.

3. The Creditor has an unliquidated claim or an unliquidated and contingent claim for medical expenses or compensation payments or both under the Mississippi Workers' Compensation Law for work-related injury which occurred before June 1, 2009, the date of filing of the petitions in these cases.

4. GM has informed the Association that after June 1, 2009, it generally continued to pay its liabilities to Mississippi employees with workers' compensation claims.

5. Pursuant to the sale of assets approved by the Court on July 5, 2009, the Association is informed that the purchaser of GM's business in Mississippi has continued to pay the pre-petition Mississippi workers' compensation liabilities of GM.

**Basis for The Association Filing Claim on Behalf of Creditor**

6.   Creditor has an unliquidated claim for a work-related injury which occurred pre-petition.

7.   The Association is a nonprofit unincorporated legal entity created by the Mississippi Workers' Compensation Self-insurer Guaranty Association Law ("the Act") § 71-3-151, et seq., MISS. CODE ANN. (1972).

8.   Among the purposes of the Association are "to provide a mechanism for the payment of the covered claims under the Workers' Compensation Law, to avoid excessive delay in payment and to avoid financial loss to claimants because of the insolvency of a self-insurer." § 71-3-153.

9.   The Act defines "covered claim" as "an unpaid claim upon which compensation or medical is payable by the self-insurer under the Workers' Compensation Law if such self-insurer becomes insolvent."  § 71-3-157(d).

10.   The petition commencing this case was filed on June 1, 2009.  At all times relevant to this claim, GM was qualified as a self-insurer by the Mississippi Workers' Compensation Commission ("the Commission") under the Workers' Compensation Law, and it is a member self-insurer of the Association.

11.   The Act provides in § 71-3-163(1) that the Association shall:

(a)   Be obligated to the extent of its covered claims existing prior to the date of default and arising within thirty (30) days after the date of default.  In no event shall an association be obligated to a claimant in an amount in excess of the obligation of the insolvent self-insurer.

(b)   Be deemed the self-insurer to the extent of obligation on its covered

claims and to such extent shall have all rights, duties and obligations of the individual self-insurer in default . . . as if the self-insurer were not in default.

\* \* \*

(d) Investigate claims brought against the association; adjust, compromise, settle and pay covered claims to the extent of the association's obligations; deny all other claims; and may review settlements, releases and judgments to which the member self-insurer in default were parties to determine the extent to which such settlements, releases and judgments may be properly contested.

\* \* \*

12. As a result of the commencement of the case by GM and the discharge of GM's liability for its debts, the Association is obligated to investigate, adjust, compromise, settle, deny and defend all pending workers' compensation claims against GM.

13. The Act further provides in § 71-3-169 that "[a]ny person recovering under Sections 71-3-151 through 71-3-181 shall be deemed to have assigned his rights under the Workers' Compensation Law to the association to the extent of his recovery from the association." Therefore, the Association is or will be subrogated to the rights of the Creditor against GM to the extent of actual payments made to the Creditor. Payments of the Association's obligations for covered claims are paid out of the Guaranty Fund established and maintained under the Act and out of the proceeds of any security posted by the member self-insurer as required by the Commission.

14. As a condition of its qualification as a self-insurer in Mississippi, GM posted security with the Commission in the form of a bond in the total amount of $900,000.

15. The Association is an entity that is liable to the Creditor for the obligations of GM

under the Workers' Compensation Law.  Pursuant to § 509 of the Bankruptcy Code, the Association is subrogated to the rights of the Creditor to the extent of payment of the claim by the Association.  The Creditor did not file a proof of claim by the Bar Date.  Therefore, the Association is entitled to execute and file this proof of claim within 30 days after the Bar Date in the name of the Creditor pursuant to § 501(b) and Rule 3005.

## Conclusion

16.     Creditor's workers' compensation claim is an allowable claim.  The Association has properly and timely filed the proof of claim on behalf of the Creditor.  The Creditor's claim should, if necessary, be estimated and should be allowed and paid in full after applying any excess proceeds of the security remaining after payment of the pre-petition claims.  Payment should be made to the Creditor or, to the extent paid by the Association, to the Association.

/s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Miss. Bar No. 4828
GILBERT PLLC
Post Office Box 13187
Jackson, Mississippi 39236
(601) 982-2122
sgilbert@asgilbert.com
*Counsel to Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

December 18, 2009