HEARING DATE AND TIME: May 27, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: May 20, 2010 at 4:00 p.m. (Eastern Time)

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005-5802
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Counsel for the Official Committee
of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    Chapter 11 Case No.
      f/k/a General Motors Corp., *et al.*   :
                                               :    09-50026 (REG)
                                               :
                                               :    (Jointly Administered)
                                               :
                                               :
---------------------------------------------------------------x

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
HOLDING ASBESTOS-RELATED CLAIMS TO THIRD MOTION OF DEBTORS'
FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING
PERIODS IN WHICH DEBTORS MAY FILE CHAPTER 11 PLAN AND
<u>SOLICIT ACCEPTANCES THEREOF</u>**

#351422

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**" or "**ACC**"), by its undersigned counsel, submits this response to the Debtors' motion for a third extension of the periods during which the Debtors enjoy the exclusive right to propose a plan of liquidation and solicit acceptances from creditors (the "**Motion**") and respectfully states as follows:

1. The ACC does not oppose the Motion. The Debtor's discussion of the law that guides courts' discretion to extend exclusivity within statutory limits is uncontroversial. On the present record, the Court may appropriately grant the relief requested by the Debtors, which is to fix September 27, 2010, as the last day for the Debtors to propose a plan and November 29, 2010, as the last day for them to solicit acceptances, without prejudice to any additional extension the Debtors may request (and also, presumably, without prejudice to any party's right to oppose any such further relief). *See* Motion ¶ 3 at 2.

2. The ACC wishes to underscore, however, that the formulation and confirmation of a liquidation plan depend upon, among other things, the conclusion of an asbestos claims estimation process that is only now beginning. That process can progress expeditiously only after the Debtors complete the production of relevant data.

3. The ACC was formed by the United States Trustee on March 5, 2010, after a period of discussion and deliberation that began last fall, because it had become clear that the Debtors cannot confirm a plan of liquidation without knowing what portion of their estates' assets must be allocated to a trust to be established for the benefit of present and future

- 2 -

asbestos victims. Determining that allocation requires an estimation of the aggregate value of the pending and future asbestos-related tort claims.

4. The Debtors, the Official Committee of Unsecured Creditors (the "**UCC**"), the Future Claims Representative (the "**FCR**"), and the ACC have each retained a consultant to assist in estimating the Debtors' aggregate asbestos liability. The claims data accumulated by the Debtors, both before and after their bankruptcies, constitute the indispensable raw material for the estimation process. Only last week the ACC received access to the Debtors' database of pre-petition claims. The ACC has not yet received the data compiled by the Debtors with respect to asbestos claims filed during these cases pursuant to the bar date order.

5. Estimation of the asbestos liabilities is not a mechanical process, but rather one that combines data analysis with informed judgments about trends in the tort system. After the Debtors complete the task of providing the available data, the parties' consultants must then be provided a reasonable period of time in which to perform their analyses. Furthermore, if their conclusions diverge so far as to obviate a negotiated estimation of the asbestos liability, the matter will then have to be litigated, as the Motion acknowledges. *See* Motion ¶ 30 at 14. A litigated estimation would entail discovery, pretrial procedures, trial, and possibly appeals.

6. We therefore join the UCC in reserving the right to oppose any further extension of exclusivity and to move for termination of exclusivity, if the case in general and

the asbestos claims estimation process in particular fail to progress at a reasonably expeditious pace, consistent with the needs of the case and fairness to parties in interest.

Dated:  May 20, 2010
        New York, New York

                      Respectfully submitted,

                      CAPLIN & DRYSDALE, CHARTERED

                      /s/ Elihu Inselbuch
                      Elihu Inselbuch
                      Rita C. Tobin
                      375 Park Avenue, 35th Floor
                      New York, NY  10152-3500
                      Telephone:  (212) 319-7125
                      Facsimile:  (212) 644-6755
                      E-mail:  eicapdale@com; ret@capdale.com

                      Trevor W. Swett
                      Kevin C. Maclay
                      CAPLIN & DRYSDALE, CHARTERED
                      One Thomas Circle, NW
                      Suite 1100
                      Washington, DC  20005
                      Telephone:  (202) 862-5000
                      Facsimile:  (202) 429-3301
                      E-mail:  tws@capdale.com;
                      kcm@capdale.com

                      *Counsel for the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*