Hearing Date and Time: **May 27, 2010 at 9:45 a.m. (Eastern Time)**
Objection Deadline: **May 20, 2010 at 4:00 p.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
                                                                )
In re                                                           )    Chapter 11
                                                                )
MOTORS LIQUIDATION COMPANY, *et al.,*        )    Case No. 09-50026 (REG)
                                                                )
    f/k/a General Motors Corp., *et al.*               )
                                                                )
                            Debtors.                        )    (Jointly Administered)
----------------------------------------------------------------X

**STATEMENT OF DEAN M. TRAFELET**
**AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY**
**CLAIMANTS IN SUPPORT OF THIRD MOTION OF DEBTORS FOR ENTRY OF**
**ORDER PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING EXCLUSIVE**
**PERIODS IN WHICH DEBTORS MAY FILE CHAPTER 11 PLAN AND**
<u>**SOLICIT ACCEPTANCES THEREOF [Docket No. 5772]**</u>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet (the "**Future Claimants' Representative**"), as the legal representative

for holders of future asbestos personal injury claims against the debtors ("**Future Claimants**") in

the above-captioned jointly administered chapter 11 case, submits this statement in support of the

Third Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 1121(d) Extending Exclusive Periods in which Debtors may file Chapter 11 Plan and Solicit Acceptances Theroef (the "Exclusivity Motion") and respectfully shows this Court as follows:

## STATEMENT

1.  On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and several of its affiliates (collectively, the "**Debtors**") commenced this case under chapter 11 of the Bankruptcy Code.

2.  MLC has historically incurred liability for asbestos-related personal injury claims. Prior to the Petition Date, a number of lawsuits asserting asbestos personal injury claims were pending against MLC.

3.  As this Court is aware, due to the long-latency periods associated with exposure to asbestos containing-products, several or many years can elapse between the time of exposure and the time an individual manifests an asbestos-related disease. Thus, it is expected that there are individuals who were exposed to asbestos-containing products in the past that have not yet manifested a disease, but may do so in the future. Some of these Future Claimants may have claims against the Debtors, but because they currently do not show symptoms of an asbestos-related disease are not in a position to assert such claims at this time.

4.  As outlined in the Debtors' motion seeking the appointment of the Future Claimants' Representative,[1] the Debtors intend to provide treatment for these Future Claimants in a chapter 11 plan in this case. Although the Debtors do not intend to seek an injunction under Section 524(g) of the Bankruptcy Code, they do intend to submit a plan that provides for the establishment of a trust to pay present and future asbestos-related personal injury claims. The

---

[1] Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants [Docket No. 5214], ¶ 5.

2

trust will receive its ratable share of the consideration to be distributed to allowed general unsecured claims. The trust will have the sole responsibility for making distributions to holders of present and future asbestos-related personal injury claims.

5. In order to facilitate the Debtors' efforts to propose a plan that will provide treatment for present and future asbestos-related personal injury claims, the Debtors sought and the Court appointed Dean M. Trafelet to serve as the Future Claimants' Representative in these cases.[2] The United States Trustee, on March 2, 2010, also appointed a committee to represent the current asbestos personal injury claimants in these cases (the "**Asbestos Committee**").[3] Since their appointment, the Court has approved the retention of professionals by the Asbestos Committee and the Future Claimants' Representative to assist them in their evaluation and estimation of the Debtors' asbestos-related liabilities.

6. On May 13, 2010, the Debtors filed the Exclusivity Motion seeking an extension of the exclusive periods in which the Debtors may propose a chapter 11 plan and solicit acceptances thereof to September 27, 2010 and November 29, 2010, respectively. As explained in further detail in the Exclusivity Motion, the Debtors are seeking an extension of the exclusivity periods in order to allow the Debtors to develop and propose a confirmable plan. One of the many issues that must be resolved is the proper treatment of the current and future asbestos-related personal injury claims that have been asserted or may be asserted against the Debtors.

---

[2] Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants [Docket No. 5214]; Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants [Docket No. 5459].

[3] Appointment of Committee of Unsecured Creditors Holding Asbestos Related Claims [Docket No. 5206].

7. As noted by the Debtors in the Exclusivity Motion, the investigation of the Debtors' current and future asbestos-related liabilities is in its infancy. Because the Debtors intend to shed all liability for the asbestos claims asserted against them, it is critical that the Future Claimants' Representative and the Asbestos Committee be allowed to conduct a thorough investigation into the Debtors' asbestos-related liabilities. Such an investigation is necessary to ensure that the trust will provide substantially similar treatment to both present and future asbestos-related claims.

8. Determining the appropriate level of funding for the trust requires an extensive investigation into the current claims asserted against the Debtors, the Debtors' historical use of asbestos-containing materials, the Debtors' experience in the litigation and settlement of asbestos-related claims, and the Debtors' potential liability for future asbestos-related claims. This information must be reviewed and analyzed by experts in order to estimate both the number and amount of present and future asbestos-related claims against the Debtors.

9. In addition to determining the universe of asbestos-related claims against the Debtors, the Debtors, the Future Claimants' Representative, and the Asbestos Committee will need to develop procedures for allowing, processing and paying claims. This includes establishing medical and exposure criteria to categorize claims, as well as payment procedures to allow the trust to pay current claims while also ensuring that funds will remain available to pay future claims.

10. The proper review and analysis of the asbestos-related claims against the Debtors is critical to the success of any plan that will establish a trust mechanism for processing and paying asbestos-related personal injury claims. The Future Claimants' Representative should be allowed an adequate opportunity to enable him to thoroughly assess the past, current and future

asbestos-related liabilities of the Debtors in order to ensure that the rights of Future Claimants are properly protected under any plan proposed by the Debtors. The Debtors' exclusive period in which the Debtors may file a chapter 11 plan is set to expire on May 27, 2010. It is not possible to complete a thorough analysis of the Debtors' past, current and future asbestos-related liabilities before the end of this month. Therefore, the Future Claimants' Representative supports the Debtors' requested extension of the exclusivity periods in these cases. The Future Claimants' Representative reserves all rights regarding any future extensions.

WHEREFORE the Future Claimants' Representative respectfully requests that the Court grant the relief requested in the Exclusivity Motion, and grant the Future Claimants' Representative such other and further relief as may be appropriate.

Dated: May 20, 2010
Dallas, Texas

**STUTZMAN, BROMBERG ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

**Counsel for Dean M. Trafelet in his
Capacity as Proposed Legal Representative for
Future Asbestos Personal Injury Claimants**