Hearing Date and Time: May 27, 2010 at 9:45 a.m. (Eastern Time)[1]

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Amy Caton

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                        :

In re:                                                :      Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY, et al.    :      09-50026 (REG)
       f/k/a General Motors Corp., et al.        :

                             Debtors.          :      (Jointly Administered)

------------------------------------------------------------------ X

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**REGARDING DEBTORS' MOTION FOR AN ORDER PURSUANT**
**TO 11 U.S.C. § 1121(d) EXTENDING PERIODS IN WHICH DEBTORS MAY**
**<u>FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

       The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this statement (the "**Statement**") regarding the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Extending Periods in Which Debtors May

---

[1] The Committee does not oppose the relief requested in the Motion and, as such, respectfully requests that the Court consider this Statement filed after the formal objection deadline. This pleading was inadvertently not filed prior to the objection deadline and the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (who had seen a draft of the Statement) joined the Committee's Statement in reservation of rights [Docket No. 5815].

KL2 2619532.2

File Chapter 11 Plan and Solicit Acceptances Thereof (the "**Motion**") (Docket No. 5771). Pursuant to the Motion, the Debtors seek to extend the exclusive period to file a chapter 11 plan (the "**Exclusive Filing Period**") through September 27, 2010 and the exclusive period to solicit acceptances of such plan (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") through November 29, 2010. In support of this Statement, the Committee respectfully states as follows:

## Statement[2]

1. As the representative for one of the primary beneficiaries of the chapter 11 plan (general unsecured creditors), the Committee anticipates continuing to work closely with the Debtors in the next few months on efficiently winding down the Debtors' estates and emerging from chapter 11. To date, the Debtors have discussed the proposed terms of a plan of liquidation with the Committee, have involved the Committee in discussions on the progress of environmental negotiations and have worked closely with the Committee in developing and implementing alternative dispute resolution procedures to minimize claims against the estate.

2. As the Court is aware, in connection with the 363 Transaction, the Debtors received ten percent (10%) of the stock and fifteen percent (15%) of the warrants in New GM. The Committee expects that these stock and warrants will be available for distribution to the Debtors' general unsecured creditors. The Committee has a substantial interest in the formulation and confirmation of an appropriate chapter 11 plan which will ensure timely distribution to holders of allowed unsecured claims.

3. Given the circumstances of the case at this time, the Committee supports the

---

[2] Unless otherwise defined herein, all defined terms shall have the meaning ascribed to them in the Motion.

2

Debtors' request for an extension of the Exclusive Periods. However, the Committee requests that at the appropriate time, the Debtors publicly outline the proposed timeline for emergence from chapter 11. This information is vital for the tens of thousands of unsecured creditors who have been eagerly awaiting a distribution since the closing of the 363 Transaction in July 2009. The Committee reserves all of its rights to seek a termination of the Exclusive Periods or challenge any subsequent requests for an extension of the Exclusive Periods, in the event the Debtors and the Committee are unable to continue to work together to effectuate the consummation of a chapter 11 plan, in a timely manner.

Dated: New York, New York
       May 24, 2010

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: /s/ Thomas Moers Mayer
Thomas Moers Mayer
Amy Caton
1177 Avenue of the Americas
New York, New York 10036
(212) 715-3275

*Counsel for the Official Committee of Unsecured Creditors of Motors Liquidation Company, et al.*