Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

MAY 2 1 2010

U.S. _____ COURT, SDNY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————— x
                                          :
**In re**                                 :   **Chapter 11 Case no.**
                                          :
**MOTORS LIQUIDATION COMPANY, et al** :   **09-50026(REG)**
    **F/k/a General Motors Corp., et al.** :
                                          :
        **Debtors,**                      :   **(Jointly administered)**
                                          :
                                          :
                                          :
                                          :
——————————————————— :

**OBJECTION TO MOTORS LIQUIDATION COMPANY'S**
**NOTICE OF HEARING ON MOTION OF GENERAL MOTORS, LLC**
**FOR ENTRY OF ORDER PURSUANT TO 11 USC 105 ENFORCING**
**363 SALE ORDER**

Now comes one party, Dr. Terrie Sizemore RN DVM, listed in the above

captioned Notice of Hearing scheduled for June 1, 2010.

Dr. Sizemore presents this Objection to this Notice for Hearing for the reasons

contained in this objection.

## TABLE OF CONTENTS

Relief requested................................................................................1
Jurisdiction......................................................................................4
Factual background............................................................................5
The Civil Rules governing the filed cases in Civil Court in Ohio............................10
The Reasons the Accident Victims refused to dismiss Civil Actions........................11
The Requested relief should be granted........................................................11
Notice............................................................................................12

# TABLE OF AUTHORITIES
## CASES

1. *Bridgestone/Firestone, Inc. v. Hankook Tire Mfg. Co. Inc.*, 116 Ohio App. 3d 228, 687 N.E.2d 502 (9th Dist. Summit County County 1996)  Page 9

2. *Clark v. Eddy*, 10 Ohio Dec. Rep 549, 22 W.L.B. 63, 1889 WL 351 (Ohio C.P. 1889) Page 9

3. *Colegate v. Lohbeck*, 78 Ohio App. 3d 727, 605 N.E.2d 1301 (1st Dist. Hamilton County 1992.)  Page 9

4. *Davis v. Immediate Medical Services*, Inc., 80 Ohio St. 3d 10, 1997-Ohio-363, 684 N.E.2d 292 (1997)  Page 9

5. *Gibbons v. Price* (1986), 33 Ohio App.3d 4,10 Page 9

6. *Hughes v. The Ohio Department of Commerce,* (2007), 114 Ohio St. 3d 47 Page 9

7. *Kroger v. Kroger*, 123 Ohio App. 3d. 561, 704 N.E.2d 643 (5th Dist. Richland County 1997) Page 9

8. *Lorain Natl. Bank* v. *Saratoga Apt.* (1989), 61 Ohio App 3d 127, 129. Page 13

9. *Marion Prod. Credit Assn. v. Cochran* (1988) 40 Ohio St. 3d 265, 271 Page 9

10. *McConnell v. Hunt Sports Ent.* 132 Ohio App 3d 657, 725 N.E. 2d 1193 (10th District Franklin County 1999)  Page 9

11. *Molnar v. Ohio Liquor Control Comm.* 79 Ohio App. 3d 318, 607 N.E.2d 112 (10th Dist. Franklin County 1992) Page 9

12. *Peterson v. Teodosio* 34 Ohio St. 2d 161; 297 N.E.2d 113; 1973 Ohio Lexis 364; 63 Ohio Op. 2d 262 Page 9

13. *Placke v. Washburn*, 69 Ohio L. Abs. 565, 126 N.E.2d 610 (C.P. 1953)  Page 11

14. *Poulos v. Parker Sweeper Co.* 44 Ohio St. 3d 124, 541 N.E.2d 1031 (1989) Page

9

15. *Reese v. Poppe* (1981) Ohio App. 3d, 103, 105 Page 9

16. *Slabinski v. Servisteel Corp.* 22 Ohio App. 3d 74, 488 N.E. 2d 941 (9th Dist.

Lorain County 1985.) Page 9

17. *Sorg Paper Co. v. Murphy*, 111 F.R.D. 363 (S.D. Ohio 1986)  Page 9

18. *State ex rel. Brown v. International University* U.S.A., 56 Ohio St. 2d 149, 10

Ohio Op. 3d 325, 383 N.E.2d 131 (1978).  Page 9

19. *State ex rel. Fenske v. McGovern*, 11 Ohio St. 3d 129, 464 N.E. 2d 525(1984)

Page 9

20. *Vasquez v. DeLair*, 115 Ohio App. 3d 49, 684 N.E. 2d 374 (7th Dist. Mahoning

County 1996.) Page 9

## STATUTES/RULES

| OHIO Rules of Court | Page |
| --- | --- |
| Civil Rule 1(B) | 9 |
| Civil Rule 8(E)(2) | 9 |
| Civil Rule 8(F) | 9 |
| Civil Rule 12(A)(1) | 4,7,8,9,10 |
| Civil Rule 12(B)(6) | 6,9 |
| Civil Rule 17 | 9 |
| Civil Rule 19 | 9 |
| Civil Rule 21 | 4,9 |
| Civil Rule 33 and 34 | 8,9 |
| Civil Rule 55(A) | 7,9,10 |

RC  2307.71-2307.80                                2

Ohio Constitution                                9,10

1

## Relief Requested

1. Dr. Terrie Sizemore RN DVM, respectfully requests the Bankruptcy Court to stay any and all Notices for Hearings pending resolution of her matters in Civil Court-specifically Medina County Common Pleas Court and the Ninth District Court of Appeals for Medina County.

2. Dr. Sizemore wishes to advise the Court she is in receipt of the information relating the "363 Sales Order" referenced in Motors Liquidation Company's Notice for Hearing.

3. Dr. Sizemore formally advises the Court she has made every attempt to clarify the "New GM's" position and liability in matters concerning her products liability claim filed in Medina County Common Pleas Court-specifically case no. 09-CIV-2471-prior to filing any civil action-10-CIV-0102.

4. Dr. Sizemore formally advises the Court she has attempted to utilize the Office of the Ohio Attorney General as well as Federal Representative Bob Latte for information retrieval from the OLD GM as well as the NEW GM and has provided all documents to support this statement in her filed cases in Medina County Common Pleas Court-cases no. 09-CIV-1748, 09-CIV-2471, and 10-CIV-0102. No Bankruptcy issues were conveyed to these govt. offices.

5. Dr. Sizemore wishes to formally advise the Court the NEW GM has failed to comply with Ohio Civil Rules in 09-CIV-1748 and 10-CIV-0102 and Dr. Sizemore has filed appeals in the Ninth District Court of Appeals for rulings on these non-compliance issues with the Ohio Civil Rules. Dr. Sizemore is

2

completely convinced that NO Bankruptcy law allows a Defendant party to ignore
and fail to comply with Ohio Civil Rules. The NEW GM had every opportunity to
file a Motion to Dismiss her case based on any Contravention of the 363 Sale
Order and failed to do so. At present the case is not a products liability issue, it is
an issue of compliance with Ohio Civil Rules. Dr. Sizemore has always admitted
she is unsure of the NEW GM's responsibility in these matters and has
documented she is fully willing to dismiss NEW GM as a Defendant in 10-CIV-
0102, filed in Medina County Common Pleas- when she obtains the requested
information in her Action for Discovery, case no. 09-CIV-2471-filed in Medina
County Common Pleas. In this Action for Discovery, Dr. Sizemore requests
information that, if received, would have prevented her from listing the NEW GM
as a Defendant. Dr. Sizemore concludes the NEW GM is **directly responsible** for
being named as a Defendant in 10-CIV-0102 filed in Medina County Common
Pleas Court because they failed to properly respond the legally and legitimately
filed Action for Discovery, case no. 09-CIV-2471 in Medina County. There are
NO BANKRUPTCY LAWS PROHIBITING THE FILED ACTION FOR
DISCOVERY AND THESE PRESENT DAMAGES ARE THE RESULT OF
THE NEW GM'S FAILURE TO COMPLY WITH CIVIL RULES AND
ANSWER THE ACTION FOR DISCOVERY UNDER OATH AND
TRUTHFULLY. Dr. Sizemore is aware she is permitted to add and delete
Defendant's as they are identified and has made multiple attempts to convey this

to the NEW GM and the NEW GM has continually ignored any and all statements made by Dr. Sizemore.

6. Dr. Sizemore wishes to formally advise the Court that on or about October 10, 2009, she received a letter from OLD GM-GM Corp.'s attorney, Brianna Benfield, stating section 362(a) of the Bankruptcy Code, entitled "Automatic Stay" , claims an 'automatic stay' went into effect on the Commencement Date of June 1, 2009, prohibiting ANY ACTIONS OR PROCEEDINGS AGAINST THE DEBTORS. THE AUTOMATIC STAY PROHIBITS THE FOLLOWING: THE COMMENCEMENT OR CONTINUATION, INCLUDING THE ISSUANCE OR EMPLOYMENT OF PROCESS, OF A JUDICIAL, ADMINISTRATIVE, OR OTHER ACTION OR PROCEEDING AGAINST THE DEBTOR THAT WAS OR COULD HAVE BEEN COMMENCED BEFORE THE COMMENCEMENT OF THE CASE..."

In Ms. Benfield's correspondence, there is absolutely NO remedy for liability cases-no indication of filing in Bankruptcy Court for any claims not able to be filed in Civil Court-State Court. No concealment is permitted by attorneys who are officers of the Court and have a first duty to justice, so Dr. Sizemore accepted Ms. Benfield's information as accurate.

7. Dr. Sizemore wishes to advise the Court she stated in her initial case-no. 09-CIV-1748, filed in Medina County Common Pleas, that she had made every honest attempt to identify proper defendants in her case.

4

8.  Dr. Sizemore wishes to advise the Court that GM failed to comply with Ohio Civil Rule 12(A)(1) regarding case no. 09-CIV-2471, an Action for Discovery and this issue is in the Ninth District Court of Appeals.

9.  Dr. Sizemore wishes to advise the Court it is her position the Bankruptcy Court should stay and any all hearings on her matters based on GM's requirement to comply with Civil Rules of Ohio Courts regardless of Bankruptcy issues and until these matters are resolved in the State Court based on these non-compliance issues, Dr. Sizemore is requesting latitude because if she prevails and the NEW GM answers her Action for Discovery, she will be able to delete the NEW GM and add the properly identified defendants pursuant to Civil Rule 21 in Ohio. Dr. Sizemore is MORE than willing to do so and needs this consideration to continue her valid action in Medina County Common Pleas.

**JURISDICTION**

10. Dr. Sizemore understands this Court has jurisdiction over Bankruptcy issues.

11. Dr. Sizemore wishes to assert that Medina County Common Pleas, the Ninth District Court of Appeals and the Supreme Court of Ohio have jurisdiction over matters pursuant to compliance with Ohio Civil Rules.

12. Dr. Sizemore wishes to advise the Court she is not aware of any law that prohibits the Court from postponing action in this matter until the cases have been resolved in Common Pleas and proper Defendants have been identified. Dr. Sizemore is advising the Court that it is her absolute admission she will

5

gladly voluntarily withdraw the NEW GM as a Defendant when she prevails and is granted her Action for Discovery and the NEW GM answers appropriately and truthfully.

## FACTUAL BACKGROUND

13. On January 22, 2008, Dr. Sizemore had an accident. Her position is she met the requirements for a driver airbag to deploy and it did not. As a direct and proximate result of the airbag failure, Dr. Sizemore claims she sustained a permanent blemish to her face.

14. On or about February 24, 2009, GM sent field investigator Jon Ball to inspect her vehicle. She was present during the inspection and Mr. Ball and she engaged in detailed conversation regarding her vehicle and her airbag.

15. GM Corp. refused to provide Dr. Sizemore with the engineers' evaluation of the data collected by Mr. Ball.

16. For approximately two years, Dr. Sizemore made every attempt to obtain the requested information from GM Corp. She wrote letters requesting clarification of the data collected as well as the exact reason the airbag did not deploy. She contacted the Ohio Attorney General's office and was assisted by Rae Ann Estep-614-466-2170. Dr. Sizemore also contacted Federal Representative Bob Latte-419-668-0206. Both offices contacted GM Corp and GM Company. At all times, GM Corp and GM Company directed any and all requests for information from ESIS Inc./GM's Central Claims Unit. NO

6

MENTION OF BANKRUPTCY ISSUES WERE PRESENTED AT ANY TIME.

17. Dr. Sizemore was NEVER provided with the requested information.

18. On September 11, 2009, Dr. Sizemore filed a personal injury/product liability claim against General Motors Corporation, ESIS Inc/GM's Central Claims Unit, and Norris Chevrolet. 09-CIV-1748 (Medina County Common Pleas)

19. Dr. Sizemore contacted ESIS for clarification of their connection with GM. During this conversation, ESIS stated **GM Company** had hired and was financially reimbursing Mr. James Popson for his legal representation in the matter against ESIS because Dr. Sizemore had received Ms. Brianna Benfield's letter as she represented GM Corporation advising Dr. Sizemore no actions were permitted filed against GM Corp. any longer.

20. On December 1, 2009, a hearing was conducted for this case. During this time, Dr. Sizemore advised Judge Kimbler of Medina County Common Pleas that she had asked multiple questions regarding matters pertaining to liability and connections between GM and ESIS, Bankruptcy, etc. Judge Kimbler asked Dr. Sizemore what answers she received and Dr. Sizemore advised Judge Kimbler that NO ONE would answer her-not GM Corp, GM Company, Mr. Popson, ESIS, etc.

21. On December 8, 2009, Judge Kimbler dismissed her action-case no. 09-CIV-1748 for failure to comply with Ohio Civil Rule 12(B(6).

7

22. Dr. Sizemore then filed an Action for Discovery –case no. 09-CIV-2471- in Medina County Common Pleas Court to determine multiple items-including properly identified defendants.

23. GM Company failed to comply with Ohio Civil Rule 12(A)(1). Dr. Sizemore filed a Motion for default judgment pursuant to Ohio Civil Rule 55(A) so she could obtain proper information to file her civil action properly.

24. Since Dr. Sizemore was unable to obtain proper information, and she needed to file her claim prior to January 22, 2010, she filed her action 10-CIV-0102 and listed GM Company and several John Does. Dr. Sizemore would never have intentionally violated any rules or laws. She was limited in her information due to GM Company failing to answer her Action for Discovery. Dr. Sizemore is required to list a 'real' party and is unaware of which party is 'real' at this time. Dr. Sizemore contends ESIS is a 'real' party and false information was presented in case no. 09-CIV-1748 leading to the dismissal of this case. Dr. Sizemore has yet to complete proving this position.

25. Even in 10-CIV-0102, GM Company was required to comply with Ohio Civil Rules and failed to do so. GM Co. had every opportunity to file a 'motion to dismiss' based on these presented Bankruptcy issues in Medina County and Dr. Sizemore is completely convinced Medina County would have honored this MTD. This would have prevented wasting any of the Bankruptcy Court's time and validated Dr. Sizemore's action in 09-CIV-2471 in Medina county.

8

26. Dr. Sizemore admits she was sent a threatening letter regarding Bankruptcy issues on February 20, 2010-a Saturday and two days before GM was required to respond to the filed complaint. Dr. Sizemore asked for clarification of liability issues in her Action for Discovery-which the NEW GM failed to and refuses to answer. During a phone conversation, GM attorney, Mr. Popson, advised her to submit discovery requests pursuant to Civ. R. 33 and 34. Dr. Sizemore declined due to Mr. Popson stating the NEW GM was an improperly identified defendant.

27. Instead of a Motion to Dismiss, GM Company's attorney-James Popson-the same attorney who represented ESIS in 09-CIV-1748-filed an ANSWER for 10-CIV-0102-the action they now want dismissed by your Court when Medina would have dismissed it had the proper filing taken place. Mr. Popson, for the second time, failed to comply with Civil Rule 12(A)(1). Mr. Popson then conveyed to Dr. Sizemore she had a 'viable' case. This is not truthful if GM Company was not a properly identified defendant. Also, Mr. Popson attempted to negate the need for 09-CIV-2471, Sizemore's Action for Discovery by legitimatising her action they now claim was illegally filed-10-CIV-0102 in Medina County Common Pleas.

28. Dr. Sizemore filed a Motion to Strike this Answer based on failure to comply with Ohio Civil Rule-NO MENTION OF BANKRUPTCY OF BANKRUPTYCY, JUST FAILURE TO COMPLY WITH CIVIL RULES. Dr. Sizemore also contended she was being threatened by GM Company and

contended Mr. Popson's Answer to 10-CIV-0102 was improper because in one

breath he stated they were not a proper defendant in the next breath, advised Dr.

Sizemore to utilize Civil Rules 33 and 34 to request Discovery in this case 10-

CIV-0102 as if it were legitimately filed against the NEW GM.

29. All cases listed in the Table of Authorities and all Statutes and Rules listed

there have been presented in briefs presented to Medina County Common

Pleas in cases 09-CIV-1748, 09-CIV-2471, and 10-CIV-0102 as well as

appellate cases, no. 10CA0035 and 10CA0040.

30. Dr. Sizemore has received threatening and intimidating emails from GM

Company's attorney, Mr. Popson, attempting to force her to withdraw GM

Company from her action filed. In exchange for voluntarily withdrawing GM

Company, Mr. Popson and GM Company have been real sporty and advised

Dr. Sizemore they would give her the name and contact information of the

airbag supplier-most likely a company that is out of the country and most

likely out of business. This may be real helpful to Dr. Sizemore, but she

continues to claim she needs her Action for Discovery (case no. 09-CIV-2471)

honored and she will gladly delete GM Company and place the proper

defendant/defendants in the John Doe slots.

31. It appears to Dr. Sizemore that the Court has permitted the OLD GM to file

the Bankruptcy-obviously mismanaged money, claims, etc. and they cleverly

devised a way to inconvenience all consumers by providing no party be held

responsible for product made by the defunked company and then the new

10

company can blow the consumers off and just take the money as assets and never

be responsible for any defective product. Dr. Sizemore supposes the new

company has not elected to be responsible for product they claim they did not

make. Even though these attorneys claim any filing-even individuals living in

California-must file in New York, New York instead of the location they

purchased their vehicles-is to be filed in Bankruptcy Court, Ms. Benfield's letter

contradicts this.

32. Apparently by this Notice for Hearing brief, there have been others injured by

    product.

## CIVIL RULES GOVERNING THE FILED CASES IN CIVIL COURT IN OHIO

33. Ohio Civil Rule 12(A)(1) required GM Company to answer within 28 days.

    No excusable neglect was provided and Dr. Sizemore filed for a default

    judgment in cases 09-CIV-2471 and 10-CIV-0102. In filing for a default

    judgment, there is no dispute regarding merits of a case. Regardless of

    Bankruptcy laws, the NEW GM was required to comply with Ohio Civil

    Rules. When they did not comply, Dr. Sizemore was entitled to file a Motion

    for Default Judgment based on Civil Rule 55(A). Their Bankruptcy issues did

    not allow them a legal basis for non-compliance. Now, the case is not being

    tried on merits at this point-it is in appellate court for reversal of the journal

    entry allowing GM to file an "ANSWER" to a case they emphatically claim

    they are not proper Defendants in.

34. Dr. Sizemore finds it malicious for the Motors Liquidators and the NEW GM
to file this hearing notice when these issues were able to be dealt with in Civil
Court easily and expeditiously. Dr. Sizemore gets a 'tort' sense here.

## REASONS DR. SIZEMORE REFUSED TO DISMISS CIVIL ACTION

35. Dr. Sizemore requested any and all information that would have avoided her
listing the NEW GM as a defendant, they refused to provide the proper
information, and now they have the audacity to file against her in Bankruptcy
Court and request the Bankruptcy Court disregard their total lack of
compliance with the Civil Rules in Ohio Court. Bankruptcy is not an excuse to
not comply and there have been no laws presented to support this.

36. Dr. Sizemore has appealed two journal entries from the trial court to the Ninth
District. If she prevails, she will be able to obtain the necessary information to
add the properly identified defendant/defendants and this will negate any
involvement of the Bankruptcy Court's time and efforts in this matter due to
deleting GM Company as a defendant as they wish.

37. Dr. Sizemore wishes to state again that if GM Company had answered her
Action for Discovery, no one would have these Bankruptcy issues.

## THE REQUESTED RELIEF SHOULD BE GRANTED

38. Dr. Sizemore is respectfully requesting the Bankruptcy Court stay any and all
hearings until her matters are resolved in Medina County. She claims the
NEW GM will be deleted as timely as possible and negate the need to waste
any and all pertinent parties' time and efforts.

12

39. Dr. Sizemore requests the Court deny the NEW GM's request to direct her to dismiss her case in Civil Action at this time-pending her appeals and her willingness to co-operate in any way she can with the Court. Dr. Sizemore's default judgment is pursuant to non-compliance with Civil Rules, not product liability.

40. Dr. Sizemore claims all damages incurred by GM have been because of their own refusal to co-operate and refusal to provide all information Dr. Sizemore is entitled to pursuant to Ohio Consumer Protection Laws as well as Ohio Products Liability Laws and all issues presented in her cases in Ohio State Court.

41. GM has no one to blame but themselves in these matters and having been listed as a defendant as they have refused to answer easy and reasonable questions legally presented in her Action for Discovery-09-CIV-2471. The NEW GM is required to comply with the Ohio Civil Rules just as any other party would be required.

## NOTICE

42. Notice of this Objection has been provided to all parties listed:

Harvey Miller
Stephen Karotkin
Joseph Smolinsky
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC

13

Motors Liquidation Company, the Debtors
500 Renaissance Center Suite 1400
Detroit, Michigan 48243
Attn. Ted Stenger

General Motors, LLC,
400 Renaissance Center
Detroit, Michigan 48265
Attn Lawrence S. Buonomo Esq.

Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York 10281
Attorneys for the United States Dept. of the Treasury
Attn; John J. Rapisardi, Esq.

The United States Dept of the Treasury
1500 Pennsylvania Ave. NW Room 2312
Washington, D.C. 20220
Attn. Joseph Samarias, Esq.

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Attorneys for Export Development Canada
Attn; Michael J. Edelman, Esq

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attorneys for the statutory committee of unsecured creditors
Attn; Thomas Moers Mayer, Esq, Amy Caton, Esq, Lauren Macksoud, Esq. and Jennifer
Sharret, Esq.

The Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn; Diana G. Adams, Esq.

The U.S. Attorney's Office S.D.N.Y
86 Chambers Street, Third Floor
New York, New York 10007
Attn: David S. Jones, Esq, and Natalie Kuehler, Esq.

14

Caplin & Drysdale, Chartered
Attorneys for the official committee of unsecured creditors holding asbestos related
claims,
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Attn; Elihu Inselbuch, Esq and Rita C. Tobin Esq.

One Thomas Circle, N.W. Suite 1100
Washington D.C. 20005
Attn; Trevor W. Swett III Esq and Kevin Maclay, Esq.

Stutzman, Bromberg, Esserman & Plifka, A Professional Corp.
Attorneys for Dean M. Trafelet in his capacity as the legal representative for future
asbestos personal injury claimants
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Attn; Sander L. Esserman Esq. and Robert T. Brousseau, Esq.

The Law Offices of Barry Novack,
Attorneys for the Deutsches
8383 Wilshire Blvd. Suite 830
Beverly Hills, California 90211-2407
Attn; Barry Novack, Esq.

Meader Bill Law Office
Attorney for Griffen
PO Box 499
Hyden, Kentucky 41749
Attn: Bill Meader, Esq.

Dougherty, Leventhal & Price L.L.P.
Attorneys for the McDades
459 Wyoming Ave
Kingston, PA 18704
Attn; James M. Wetter, Esq

Enid W. Harris Esq.
Attorney for RJ Burne
400 Third Ave. Suite 111
Kingston, PA 18704

Murphy & Prachthauser, S.C.
Attorneys for the Korotkas,
One Plaza East Building
330 East Kilbourn Avenue Suite 1200

15

Milwaukee, Wisconsin 53202
Attn; Thadd J. Llaurado

Corboy & Demetrio
Attorneys for the Korotkas
33 N. Dearborn St. 21st Floor
 Chicago, Illinois 60602
Attn; Robert J. Bingle

Rutledge & Rutledge, P.C.
Attorneys for Robley
1083 W. Rex Road Suite 102, Menphis Tennessee 38119
Attn; Roger K. Rutledge

Copy provided for Judge Robert E. Gerber
The US Bankruptcy Court of the Southern District
One Bowling Green
New York, New York 10004


Dated May 19, 2010

                              Respectfully submitted,



                              _____
                              Dr. Terrie Sizemore RN DVM
                              PO Box 23
                              Sullivan, Ohio 44880
                              440-241-3126
                              sizemore3630@aol.com
                              Pro se