UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------x
                                 :
In re                            :   Chapter 11
                                 :
MOTORS LIQUIDATION COMPANY et al.,:  Case No. 09-50026(REG)
      f/k/a General Motors Corp. :
          et al.,                :
                                 :
          Debtors.               :   (Jointly Administered)
                                 :
---------------------------------x
```

MAY 25 2010

### NOTICE AND MOTION (WITHOUT HEARING) FOR RELIEF FROM JUDGMENT OR ORDER AND TO SET ASIDE "OBJECTIONS ORDERED" AUTHORIZED PURSUANT TO FRBP RULES 1001 AND 9024 INCLUDING FRCivP RULE 60 IN FAVOR OF CREDITOR LAFONZA EARL WASHINGTON AND FILED IN COMPLIANCE WITH THE GENERAL MOTORS BOARD OF DIRECTORS BOARD OF DIRECTORS COURT APPROVED RESOLVED RESOLUTIONS

TO:  Clerk of the Court; and
     Debtors' General Motors Corporation et al., in c/o Assistant
     Secretary and GM Board of Directors Officer Anne T. Larin; and
     Joseph H. Smolinsky of WEIL, GOTSHAL & MANGES LLP: and
     the United States Trustee Office for the Southern District of
     New York, Attn: Diana G. Adams:

     **PLEASE TAKE NOTICE** that this Motion is filed on behalf of the
above-named Creditor to enter statutory relief from Honorable Robert
E. Gerber's "Order Granting Debtors' Objection To Proofs Of Claim
Nos. 02109 & 14938 Filed By Lafonza Earl Washington", dated March 2,
2010 on the grounds that:

1.  It violates and breach the Court's approved "Approval Of

Bankruptcy Filing 363 Sale and Related Matters" terms or

resolved resolutions that AUTHORIZED and DIRECTED each Proper

Officer such as Anne T. Larin, in the name and on behalf of the

Corporation, to cause the Corporation to enter into, execute,

deliver, certify, file and/or record, negotiate, and perform,

any and all petitions..., motions, certifications, agreements, ,, ,,

instruments (such as this Creditor's Proof of Claim instrument),

affidavits, applications, including the application
required for the March 2, 2010, adverse ruling of governmental
or regulatory authorities, or other documents and to take
such other actions, as in the judgment of such Proper Officer
shall be or become necessary, proper, or desirable in connec-
tion with this Corporation's Chapter 11 case and the
necessity is shown here for this Board's proper consummation.

2.    Under FRBP Rule 3007(c) the joinder of objections to
more than one claim is prohibited and clearly "2" claims
were objected to; the first claim was numbered 02109 and the
second claim was numbered 14938 and the Court's Claim
Registry should show a third claim number that was prohibited
from being assigned by Motors Liquidation Company, the same
as the first two were.

3.    The Objection Ordered beginning March 2, 2010, was in
noncompliance with 28 U.S.C. § 157(c)(1) involving subject
matters that were non-core proving the bankruptcy Judge
Robert E. Gerber did NOT comply with the requirements of
submitting mandatory proposed findings of fact and conclu-
sions of law to the district court judge, further proving
that no final order or judgment has entered because ONLY
the district court judge can enter it and the objections
were NOT "timely" by being noticed "7" months after GM
emerged from bankruptcy, yet its Voluntary Petition
volunteered to pay this distribution.

4.    Pursuant to the FRBP Rule 2015 and FRCivP Rules for
discovery within Rules 26 thru 37 a scheduling conference

is requested to be set within the next "14" days for this
Creditor and a settlement agent of Debtors' having the
direction to make this final settlement, to meet to
discuss the claims with authority, direction and duty to settle;
this asserted nonforfeiture action is "in rem" arising from
applicable Federal statues of property disposition.  See
FRCivP Rule 26(a)(B)(ii).

5.   Pursuant to FRCivP 26(a)(4) official Form B207 the
"CERTIFICATE OF RETENTION OF DEBTOR IN POSSESSION" an
official written copy, signed and served is requested
certifying that the above-named debtor continues in
possession of its estate as debtor in possession, no
trustee having been appointed, or in the alternative
immediate settlement.

6.   In compliance with FRBP Rule 2011(a), Exemplification
and  a written, signed and served official copy that
Debtors GM has qualified as debtor in possession, or in
the alternative immediate settlement.

7.   In compliance with FRBP Rule 2011(a), Exemplification
proof and    : a written, signed and served official copy
that Debtors' Motors Liquidation Company has qualified
as the debtor's in possession as of July 10, 2009.

8.   In compliance with FRBP Rule 4002(4), Exemplification proof
with a written, signed, and served copy of the required
cooperation with the trustee in the examination of this
Creditors' Proof of Claim, notwithstanding no trustee has
qualified, or in the alternative settlement without
further delay.

9.    In noncompliance with FRBP Rule 9007 the Court did
NOT order, designate or regulate that Debtors' et al.,
give Notice of hearing on debtors' objections to this
Creditor's Proof of Claim dated September 29, 2009, or
the original writing dated June 19, 2009, and statutory
relief is required and demanded.

10.    There was no Clerk's Notice of Entry of this Order
as is required by FRBP Rule 9022(a) or the statutory
service in compliance with FRCivP Rule 5(b) and statutory
Relief is required proving the Order was VOID and
fraudulent.

11.    Dishonor of this Creditor's Proof of Claim, an
asserted negotiable instrument is prohibited according to
11 U.S.C. § 362(b)(11) and the dishonor of further delayed
payment is protested.

This Notice is served in accordance with FRBP Rule 5005(a)
(1) in the district where this case is pending and in support
of this Motion all the papers filed by this Creditor since
June 19, 2009, is requested to be considered, but FRBP Rule 3001
(f) evidentiary effect prevails by statute.

Dated:  May 18, 2010


                              By: Lafonza E. Washington
                                  Statutory Execution Creditor

LaFonza Earl Washington, Creditor
Statutory Judgment/Execution of a Creditor
7010 Cranwood Drive
Flint, MI  48505
Tel: 810.922.0308


May 17, 2010


TO:  Anne T. Larin
     Assistant Secretary
     General Motors Corporation
     300 Renaisance Center
     Mail Code 482-C25-A36
     Detroit, MI  48265
     Tel: 313.556.5000



          Re:  CLAIM CONSUMMATION REQUEST
               The General Motors Corporation
               Board of Directors
               Approval of Bankruptcy Filing
               363 Sale and Related Matters —
               Court approved upon the entry of the
               Order for Relief dated June 1, 2009,
               yet nonpayment of claims "ONE" year afterwards


Greetings Mrs. Larin:


                              I.


     Enclosed you will find a copy of an Order dated March 2,
2010, described as an "Order Granting Debtors' Objection To
Proof Of Claim Nos. 02109 & 14938 Filed By Lafonza Earl
Washington".


                             II.


     This Order and its Notice without the filing of the required
Motion contradicts the GM Board's resolved resolutions of you
and each Proper Officer's authorization,   .  the name and on
behalf of the GM Corporation to negotiate, execute, and deliver
such notes, security and other agreements and instruments and to
consummate them, such as EXHIBIT A, this Creditor's Proof of
Claim instrument(s).


                            III.


     The GM Board's resolved resolutions did NOT determine that
the judge in a nonjudicial Title 11 reorganization had the
consummating power, but the GM Board is vested with it.

IV.

The resolved resolutions language did NOT determine that
WEIL, GOTSHAL & MANGES LLP was the attorneys for GM nor was the
ownership change in compliance with the Federal Rules of
Bankruptcy Procedure, Rule 1007(a) (1), regardless of the
"Amended Notice Of Change Of Case Caption", dated July 10, 2009,
making the caption change to show Motors Liquidation Company.

V.

An Ex Parte Motion For Relief From Judgment or Order against
"Objections Ordered" by the Court is demanded and required to set
aside the "Objections Ordered" and is attached as EXHIBIT B
according to statutory requirements.

VI.

There are many, many frauds in this administration that is
NOT a litigation and the Debtors' et al., have agreed that my
claims are "UNCONTESTED MATTERS".  See EXHIBIT C.

VII.

The fact that Debtors' have witnessed to and acknowledged
that this Creditor's claims are "UNCONTESTED MATTERS", yet con-
tradictorily contested them as NOT based on evidentiary or prima
facie facts is in noncompliance, with FRBP Rule 3001(f).

VIII.

The "Order Granting Debtors' Objection To Proofs Of Claim
Nos. 02109 & 14938 Filed By Lafonza Earl Washington" is VOID due
to the Board's resolved resolutions APPROVED by the Court on
June 1, 2009, vested "each" of the Proper Officer with the
authorization and is DIRECTED in the name and on behalf of the
GM Corporation (NOT Motors Liquidation Company) to enter into,
negotiate, and deliver such notes, security, certify, file
and/or record, and perform, ANY and ALL petitions, schedules,
lists, motions, certifications, agreements, instruments (such as
the Proof Of Claim instrument of this Creditor's) affidavits,
applications, including without limitations, applications for
approvals or rulings of governmental or regulatory authorities,
or other documents and to take such other actions, as in the
judgment of such Proper Officer shall be or become necessary,
proper, or desirable in connection with the Corporation's
Chapter 11 case.

To the language of the Board's APPROVAL for filing bankrupt-
cy, you are vested with the authority and is directed thereby to
consummate this payment transaction according to FRBP Fules
1001 and 9024.

Title 11 U.S.C. § 502(b) requires that the Court SHALL determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and SHALL allow such claim in such amount, regardless of the objection.

The objections under FRBP Rules 3007(d) is VOID it is in noncompliance with 3007(c) limitation of objecting to more than one claim in a single objection prohibitions, clearly "2" claims numbered 02109 & 14938 were objected to in the single transaction dated March 2, 2010.

Thank you for your speedy transacting of this business.

Dated:    Flint, Michigan
          May 17, 2010

By:    Lafonza Earl Washington
       Judgment/Execution Order
       Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                          :          Chapter 11 Case No.
                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :          09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                               :
                        Debtors.               :          (Jointly Administered)
                                               :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO PROOFS OF CLAIM NOS. 02109 & 14938 FILED BY LAFONZA EARL WASHINGTON

Upon the objection dated January 29, 2010 (the "**Objection**") to Proofs of

Claim Nos. 02109 and 14938 filed by Lafonza Earl Washington (the "**Claims**") of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to

Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing

the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code

Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and

Manner of Notice Thereof [Docket No. 4079], seeking entry of an order disallowing and

expunging claim numbers 02109 and 14938 on the grounds that such claims are

duplicative and fail to allege facts sufficient to support a claim, all as more fully

described in the Objection; and due and proper notice of the Objection having been

provided, and it appearing that no other or further notice need be provided; and the Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                           :
In re                                      :      Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,      :      09-50026 (REG)
         f/k/a General Motors Corp., *et al.*   :
                                           :
                 Debtors.                  :      (Jointly Administered)
                                           :
------------------------------------------------------x

## NOTICE OF MATTERS
## SCHEDULED FOR HEARING ON MARCH 2, 2010 at 11:00 a.m.

Location of Hearing:   United States Bankruptcy Court for the Southern District of New York,
                       Alexander Hamilton U.S. Custom House, before the Honorable Robert E.
                       Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling
                       Green, New York, NY 10004-1408

I.      **CONTESTED MATTERS:**

   1.      Motion of Sang Chul Lee and Dukson Lee for Order Pursuant to Section 362(d)
           of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-
           1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation
           ("Lee's Automatic Stay Motion") [Docket No. 3023]

           Response Deadline:          July 10, 2009 at 4:00 p.m.

           Responses Filed:

                A.      Debtors' Opposition to Lee's Automatic Stay Motion [Docket No.
                        3485]

           Replies Filed:              None to date.

           Additional Documents:

                B.      Declaration of Carrianne Basler in Response to Lee's Automatic
                        Stay Motion.

           Status:      This matter will be going forward.

  A.  M&M Motors' Opposition to Soffer's Automatic Stay Motion [Docket No. 4722]

  B.  Debtors' Response to Soffer's Automatic Stay Motion [Docket No. 4726]

Reply Filed:

  C.  Soffer's Reply to M&M Motors' Opposition [Docket No. 4783]

Additional Documents:  None to date.

Status:  This matter will be going forward.

4. Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 363 in Aid of Implementation of Sale (the "**Debtors' Motion in Aid of Implementation of 363 Transaction**") [Docket No. 4956]

 Response Deadline:  February 23, 2010 at 4:00 p.m.

 Responses Filed:

  A.  Limited Objection of Remy International, Inc. to Debtors' Motion in Aid of Implementation of 363 Transaction (the "**Remy Objection**") [Docket No. 5040]

  B.  Limited Objection of New York State Department of Environmental Conservation to Debtors' Motion in Aid of Implementation of 363 Transaction (the "**NYSDEC Objection**") [Docket No. 5049]

 Replies Filed:  None to date.

 Additional Documents:  None to date.

 Status:  This matter will be going forward. The Debtors are working towards a consensual order and expect to resolve both the Remy Objection and the NYSDEC Objection before the hearing.

5. Motion of Sarajuan Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation (the "**Gilvary Automatic Stay Motion**") [Docket No. 4541]

 Response Deadline:  December 23, 2009 at 11:00 a.m.

 Response Filed:  None to date.

 Reply Filed:

<u>Responses Filed</u>:                   None to date.

<u>Replies Filed</u>:                     None to date.

<u>Additional Documents</u>:             None to date.

<u>Status</u>:        This matter will be going forward as a status conference only.  The
                parties have reached an agreement in principal and will adjourn the
                matter to a holding date until the agreement is documented.

9.    Debtors' Eleventh Omnibus Motion Pursuant to 11 U.S.C. § 365 to Reject Certain
      Executory Contracts [**Docket No. 4988**]

<u>Response Deadline</u>:             February 23, 2010 at 4:00 p.m.

<u>Responses Filed</u>:               None to date.

<u>Replies Filed</u>:                 None to date.

<u>Additional Document</u>:

A.    Notice of Withdrawal of Debtors' Eleventh Omnibus Motion of Reject
      Certain Executory Contracts Solely with Respect to Electro-Motive
      Diesel, Inc. [**Docket No. 4992**]

<u>Status</u>:        This matter will be going forward.

## III.    ADJOURNED MATTERS:

10.   Debtors' First Omnibus Objection to Claims (Amended and Superseded Claims)
      [**Docket No. 4622**]

<u>Response Deadline</u>:             January 7, 2010 at 4:00 p.m.

<u>Response Filed</u>:

A.    Response of Del Norte Chevrolet-Olds and Larry Allen (the "**Del
      Norte Response**") to Debtors' First Omnibus Objection filed by
      Lowell F. Sutherland on behalf of Del Norte Chevrolet-Olds and
      Larry Allen [**Docket No. 4778**]

<u>Reply Filed</u>:                   None to date.

<u>Additional Document</u>:

B.    Order Granting Debtors' First Omnibus Objection to Claims
      (Amended and Superseded Claims) [**Docket No. 4806**]

Additional Documents:     None to date.

**Status:**     This matter has been adjourned to March 10, 2010 at 9:45 a.m.

14.  Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment
     and Related Executory Contracts (Only as to the 1991 A-3 Lease) **[Docket No.
     4331]**

     Response Deadline:          November 6, 2009 at 4:00 p.m.

     Responses Filed:

          A.   Limited Objection of GE Capital Corporation and U.S.
               Bank, as Owner Trustee on its Behalf, to Debtors' Motion
               to Assume and Assign Certain Unexpired Leases of
               Equipment and Related Executory Contracts **[Docket No.
               4386]**

          B.   Reply of General Foods Credit Investors No. 2 Corporation to
               Limited Objection of GE Capital Corporation and U.S. Bank, as
               Owner Trustee On its Behalf, to Debtors' Motion to Assume and
               Assign Certain Unexpired Leases of Equipment and Related
               Executory Contracts **[Docket No. 4857]**

     Reply Filed:               None to date.

     Additional Documents:      None to date.

     **Status:**      This matter has been adjourned to March 10, 2010 at 9:45 a.m.

15.  Debtors' Motion for Entry of Order Authorizing Rejection of Certain Personal
     Property Agreements and/or Abandonment of Collateral to Secured Creditors
     **[Docket No. 3212]**

     Response Deadline:          July 29, 2009 at 4:00 p.m.

     Response Filed:

          A.   Objection of Wells Fargo Bank Northwest, N.A., to Motion by
               Debtors for Entry of Order Authorizing Rejection of Certain
               Personal Property Agreements and/or Abandonment of Collateral
               to Secured Creditors **[Docket No. 3534]**

     Reply Filed:

          B.   Debtors' Reply to Objection of Wells Fargo Bank Northwest,
               N.A., to Motion by Debtors for Entry of Order Authorizing

Replies Filed:              None.

Additional Documents:

A.      Notice of Withdrawal of D&M's Automatic Stay Motion [**Docket No. 5038**]

**Status:**      This matter has been withdrawn.

Dated: New York, New York
       February 26, 2010

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

                          :

In re                        :     Chapter 11 Case No.

                         :

MOTORS LIQUIDATION COMPANY, *et al.*,  :     09-50026 (REG)
      f/k/a General Motors Corp., *et al.*   :

                         :

                Debtors.     :     (Jointly Administered)

                         :

-------------------------------------------------------------x

MAY 25 2010

## AMENDED NOTICE OF MATTERS
## SCHEDULED FOR HEARING ON MARCH 2, 2010 at 11:00 a.m.

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, before the Honorable Robert E.
Gerber, United States Bankruptcy Judge, Courtroom 621, One Bowling
Green, New York, NY 10004-1408

## I.    CONTESTED MATTERS:

1.    Debtors' Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4624]**

    <u>Response Deadline:</u>        January 7, 2010 at 4:00 p.m.

    <u>Responses Filed:</u>

        A.    Response of Liberty Mutual Insurance Company (the "**Liberty Response**") to Debtors' Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4752]**

        B.    Response of Claimant ILCO Site Remediation Group ("**ILCO**," and the response, the "**ILCO Response**") to Debtor's Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4762]**

        C.    Response of Sharyl Y. Carter (the "**Carter Response**") to Debtor's Third Omnibus Objection to Claims (Duplicate Claims) **[Docket No. 4771, 4772, and 4773]**

    <u>Reply Filed:</u>          None to date.

Response Filed:                    None to date.

Reply Filed:

        A.    Gilvary's Reply the Pompey Objection **[Docket No. 4709]**

Additional Documents:

        B.    Stipulation and Agreed Order Resolving the Gilvary Automatic Stay Motion (the **"Gilvary Stipulation"**) **[Docket No. 4632]**

        C.    Pompey Dodge's Objection to the Gilvary Stipulation (the **"Pompey Objection"**) **[Docket No. 4699]**

**Status:**    This matter will be going forward.

4.    Motion of Marla Soffer, Administratrix of the Estate of David Arenas, Deceased, for Relief from the Automatic Stay to Continue a Separate Litigation (**"Soffer's Automatic Stay Motion"**) **[Docket No. 4703]**

Response Deadline:                February 3, 2010 at 4:00 p.m.

Responses Filed:

        A.    M&M Motors' Opposition to Soffer's Automatic Stay Motion **[Docket No. 4722]**

        B.    Debtors' Response to Soffer's Automatic Stay Motion **[Docket No. 4726]**

Reply Filed:

        C.    Soffer's Reply to M&M Motors' Opposition **[Docket No. 4783]**

Additional Documents:                None to date.

**Status:**    This matter will be going forward.

## II.    UNCONTESTED MATTERS:

5.    Status Conference regarding Motion of ACE American Insurance Company and Affiliated Companies to Compel Debtors to Assume or Reject Insurance Polices and Related Agreements **[Docket No. 3272]**

Response Deadline:                February 5, 2010

Responses Filed:                    None to date.

Replies Filed:          None to date.

Additional Documents:   None to date.

**Status:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.


14.    Debtors' Motion to Assume and Assign Certain Unexpired Leases of Equipment
       and Related Executory Contracts (Only as to the 1991 A-3 Lease) **[Docket No.
       4331]**

       Response Deadline:          November 6, 2009 at 4:00 p.m.

       Responses Filed:

              A.    Limited Objection of GE Capital Corporation and U.S.
                    Bank, as Owner Trustee on its Behalf, to Debtors' Motion
                    to Assume and Assign Certain Unexpired Leases of
                    Equipment and Related Executory Contracts **[Docket No.
                    4386]**

              B.    Reply of General Foods Credit Investors No. 2 Corporation to
                    Limited Objection of GE Capital Corporation and U.S. Bank, as
                    Owner Trustee On its Behalf, to Debtors' Motion to Assume and
                    Assign Certain Unexpired Leases of Equipment and Related
                    Executory Contracts **[Docket No. 4857]**

       Reply Filed:          None to date.

       Additional Documents:   None to date.

       **Status:**    This matter has been adjourned to March 10, 2010 at 9:45 a.m.


15.    Debtors' Motion for Entry of Order Authorizing Rejection of Certain Personal
       Property Agreements and/or Abandonment of Collateral to Secured Creditors
       **[Docket No. 3212]**

       Response Deadline:          July 29, 2009 at 4:00 p.m.

       Response Filed:

              A.    Objection of Wells Fargo Bank Northwest, N.A., to Motion by
                    Debtors for Entry of Order Authorizing Rejection of Certain
                    Personal Property Agreements and/or Abandonment of Collateral
                    to Secured Creditors **[Docket No. 3534]**

       Reply Filed:

Responses Filed:              None.

Replies Filed:                None.

Additional Documents:

A.      Notice of Withdrawal of D&M's Automatic Stay Motion **[Docket No.
        5038]**

**Status:**        This matter has been withdrawn.


Dated:  New York, New York
        March 1, 2010

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**
- ☑ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

**Case No.**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows:**

11 USC § 502(a)
"allowed"
eligible for payment

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

3003(c)(4)
superseded schedul-
ing

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):  WASHINGTON, LAFONZA EARL

**Name and address where notices should be sent:**

WASHINGTON, LAFONZA EARL
7010 CRANWOOD DRIVE
FLINT, MI 48505-5425

Telephone number:  810.922.0308
Email Address:

- ☐ Check this box to indicate that this claim amends a previously filed claim.
  # 1198362

Court Claim Number:_____
*(If known)*

Filed on: June 19, 2009

If this amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount. If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**Name and address where payment should be sent** (if different from above):

JPMorgan Chase Bank N.A.
6481 W. Pierson Road
Flushing, Michigan 48433
*  Checking Acct #:...6090
Routing  #:072000326
Telephone number:  810.659.4986

- ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $ 1,623,107,920.00
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

- ☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  PLEASE SEE ATTACHMENT
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ...2515

**3a.** Debtor may have scheduled account as: nonscheduled/nonschedulable
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☑ Other
Describe: monetary property or cash

Value of Property: $_____  Annual Interest Rate 15%  Amount: $1,623,107,920.00
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $1,623,107,920
Basis for perfection:  PLEASE SEE ATTACHMENT
Amount of Secured Claim: $_____  Amount Unsecured: $ 1,623,107,920.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
- ☑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(1). (C).

Amount entitled to priority:

$ 1,623,107,920.00
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| | FOR COURT USE ONLY |
|---|---|
| **Date:** Sept. 29, 2009 | |

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

Lafonza Earl Washington

2.  (i)  Prescribed adequate protection under 11 USC § 361 (1) and (3)
         requiring the trustee to make this lump sum cash payment.

    (ii)  11 USC §§ 507 (a) (1) (C) - the administrative expenses of the
         trustee ALLOWED under paragraphs (1) (A), (2) and (6) of
         section 503 (B) and hereunder the involved trustee is BOUND,
         by law, to administer these demanded monetary assets that ARE
         AVAILABLE for the payment of Lafonza Earl Washington's claims
         or interests.

   (iii)  Monopolies and combinations engaged in by GM etc., long-termed
         and continuing have and are causing substantial injuries to
         this party's person, property, and multi-billion dollar
         business interest start up since February of 2003 which are
         PROHIBITED by antitrust laws and provides damages "THREEFOLD"
         for recovery.

4.  Basis for perfection:
    FINAL ORDER including §§ 361, 507 priority, Bankruptcy Rule 4001
    ex parte relief,..1104 trustee administrative expenses; (eliminates
    any/all 3007 objections).


Dated: September 29, 2009

                              BY: Lafonza Earl Washington
                                  Creditor
                                  P.O. Box 966
                                  Grand Blanc, MI 4848
                                  Tel: 810.922.0308

NEUROLOGICAL ASSOCIATES
FLINT NEUROSCIENCE CENTRE
G-3239 Beecher Rd. • Suite C
Flint, Michigan 48532

D. K. BHRANY, M.D.
B. B. GANATRA, M.D.

(313) 732-9222
(313) 733-0860

October 31, 1991

Re:  WASHINGTON, Lafonza

To Whom It May Concern:

This is a note to state that Lafonza Washington had a gun shot
wound to his brain   He had surgery for this purpose   He is on
Dilantin for seizure prophylaxis.   He is advised not to work
around heavy machineries, not to climb heights and in general to
avoid situations whereby he could potentially hurt himself or
others should he have a spell   If you have any other questions,
please let me know

Sincerely yours,

B B  Ganatra, M D
Neurologist

BBG/it

dictated but not read

cc:  Lafonza Washington
     R  UyHam, M D

## CLAIM EVALUATION QUESTIONNAIRE

#19400

TO: Workers Compensation Claim Administrator

Name of Employe *La Fonza Washington*   Serial Number 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   Date Disability Began *7-8-91*

The above employe and/or his attending physician has indicated on a claim for Sickness and Accident benefits (copy attached) that the disability is believed to be of occupational origin. Please complete the application section of this form in duplicate and return the original to the Sickness and Accident Claim Administrator. The copy is to be retained in the Workers Compensation file. (See reverse side.)

1. If the employe is entitled to receive Workers Compensation payments for time lost from work, answer the following questions:

   (a) What is the amount of weekly payment?    $ _____ –0– _____

   (b) Is weekly payment based on a 5, 6 or 7 day week? _____

   (c) Does the Law provide for retroactive payment to first day of disability?    Yes ☐   No ☐

   (d) If yes, after what period of disability? _____

   (e) What is the first day of disability as shown in the Workers Compensation file? _____

2. If a decision has not yet been reached on the employe's eligibility for Workers Compensation, answer the following questions:

   (a) Give your best estimate of date a decision will be reached _____ *

   (b) If you have ruled that the disability is non-compensable but the employe has requested a hearing by the Workers Compensation Board, give your best estimate as to the date the decision will be known.
   _____ *

3. If you have ruled that the disability is non-compensable and the employe has not requested a hearing by the Workers Compensation Board, furnish the information below.

   (a) Summarize the facts on which your ruling was based. (If the case was reviewed by your plant legal counsel, so indicate.) _____

   DENIED – DISABILITY DID NOT ARISE OUT OF AND IN THE COURSE OF EMPLOYMENT.

   *Gun Shot Wound with Depressed Skull FX + Brain Contusions + Lacerations*

   (b) Has the employe been advised of your ruling?    Yes ☐   No ☐

DATE *9-10-91*     SIGNATURE *Doris Krieger*

TITLE   Plant Representative / Workers' Compensation

* Sickness and Accident Claim Administrator should send new form G.1404 GM to Workers Compensation Claim Administrator on date entered in this space.

# OPINION/ORDER

Michigan Department of Labor & Economic Growth
Workers' Compensation Agency/Board of Magistrates
P O Box 30016, Lansing, MI  48909

| | |
|---|---|
| Plaintiff's Social Security Number: **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** | Plaintiff's Name(s): **LAFONZA E. WASHINGTON** |

### Defendants(s)/Carrier(s)

A. **GENERAL MOTORS CORPORATION**

B. _____

C. _____

D. _____

**Type of Claim** (For statistical purposes only – not a part of this order)

A. ☐ General Disability    B. ☐ Partial Wage Loss    C. ☐ Specific Loss    D. ☐ Permanent Total    E. ☐ Death    F. ☐ Misc.

**Type of Award** (For statistical purposes only – not a part of this order)

| | | | |
|---|---|---|---|
| 1. ☐ Granted Open | 4. ☐ Medical Only | 7. ☐ Stipulated Open | 10. ☐ Dismissed | 13. ☐ Granted Pet. to Stop | 16. ☐ Voc. Rehab Review |
| 2. ☐ Granted Closed | 5. ☐ Voluntary Pay | 8. ☐ Stipulated Closed | 11. ☐ Granted Penalty | 14. ☐ Denied Pet. to Stop | 17. ☐ Atty. Fee Resolved |
| 3. ☐ Denied | 6. ☐ Voluntary Pay - 115 | 9. ☐ Withdrawn | 12. ☐ Denied Penalty | 15. ☐ Health Care Resolved | 18. ☐ Other |

| Injury Date(s) Established | Average Weekly Wage | Discontinued Fringes | Date Discontinued |
|---|---|---|---|
| | $ | $ | |
| | $ | $ | |

| IRS Filing Status: | A. ☐ Single | B. ☐ Single/Head of Household | C. ☐ Married/Joint | D. ☐ Married/Separate |
|---|---|---|---|---|

**Dependents - Date of Marriage/Birth**

| Name | Date | Name | Date | Name | Date |
|---|---|---|---|---|---|
| | | | | | |

**IT IS FOUND** that the employee is disabled and compensation shall be paid as follows:

| Defendant/Carrier | At the weekly rate of | From | Through |
|---|---|---|---|
| | $ | | |
| | $ | | |
| | $ | | |

**IT IS FURTHER FOUND** that the employee is still disabled and therefore it is ordered that defendant/carrier _____ shall pay compensation at the rate of $_____ per week, until further order. Interest is owed in accordance with Section 801(6) from date each payment was due until paid.

**IT IS FURTHER ORDERED** that defendant/carrier _____ shall be responsible for medical expense(s) pursuant to Section 315 as follows:

**IT IS FURTHER ORDERED** that the maximum authorized attorney fee shall not exceed _____ percent of the compensation accrued (subject to the provisions of Section 858 (418.858) and Rule 14, R408.44).

**IT IS FURTHER ORDERED** that:   all applications filed in this matter be dismissed, and furthermore, Plaintiff's Application is barred pursuant to the doctrine of res judicata, as well as the Decision of Magistrate Day, mailed August 12, 2004.

MAILED

DEC - 5 2005

WORKERS' COMPENSATION AGENCY
LANSING, MICHIGAN

RECEIVED

NOV 2 9 2005

WORKERS' COMPENSATION AGENCY
LANSING, MICHIGAN

Christopher Ambrose (215G), Magistrate

Signed on   November 23, 2005          Flint          Michigan

Unless a Claim for Review is filed by either party within 30 days from the date stamped on this Opinion/Order as "Mailed Date," this order shall become final. The Claim for Review should be filed with the Workers' Compensation Appellate Commission, P O Box 30016, Lansing MI  48909.

WC-200 (Rev. 12/03)                    Authority:  Workers' Disability Compensation Act 418.847(1), R418.54(1).  Completion: Mandatory.

# ▓▓▓▓▓▓▓

**#**

Date of
this letter _____ 19 _____

**YOU WERE EXAMINED ON:**                                    13400

Date _____ 10/07      99
                          1:45                X              19 _____
Time _____ ☐ A.M.  ☐ P.M.  WITH:                          ▓▓▓▓▓▓

Examining Physician/Clinic:                        To:
Riverfront Complex                                 Lafonza Washington
719 Harrison St.                                   6602 M L King Ave.
Flint, MI 48502                                    Flint, MI 48505
Ruchman/Ortho

☒ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the
time of the above examination.

☐ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the
time of the above examination. According to the most recent medical information received from your
physician, you will be able to return to work on or before _____ . Therefore,
Sickness and Accident benefits will continue through _____ . (However,
if you are scheduled for a medical examination prior to this date, benefits may be suspended sooner,
depending on the results of the examination.)

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the time
of the above examination. The results of this examination are final and binding upon you, General Motors,
the Union and the Insurance Company. Generally, benefits are not payable after you have been found to
be able to work. Accordingly, your claim has been referred to Metropolitan Life for review. You will be
hearing from us in the near future.

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the
time of the above examination. The results of this examination are final and binding upon you, General
Motors, the Union and the Insurance Company. Generally, benefits are not payable after you have been
found to be able to work. Accordingly, your claim has been referred to Metropolitan Life for review.
You will be hearing from us in the near future. Meanwhile, you will receive a check for benefits
through _____

If you have any questions regarding your claim or this examination, contact the GM National Benefit Center.

**FOR REPRESENTED EMPLOYEES:**

## IMPARTIAL MEDICAL OPINION/METROPOLITAN MEDICAL EXAMINER'S PROGRAM
### Authorization to Release Medical Examiner's Report

IF YOU DESIRE A COPY OF THE EXAMINATION REPORT TO BE RELEASED TO YOUR UNION,
PLEASE SIGN AND DATE THE FOLLOWING RELEASE AND RETURN IT TO THE GM NATIONAL
BENEFIT CENTER.

I acknowledge that the Impartial Medical Examiner's/Metropolitan Medical Examiner's report including all
psychiatric and psychological information or tests and the opinion of the Impartial Medical Examiner/
Metropolitan Medical Examiner with whom I have been scheduled for an impartial medical examination or
Metropolitan medical examination on _____ , 19 _____ will be released to General Motors
Corporation, Metropolitan Life and their designated representatives.

I hereby consent to the release of the same material and opinion to my Union Benefit Representative.

Date _____ 19 _____    Signature _____

                                   Social Security No. _____

G371-GM-F Cont. (9-94) Printed in U.S.A.

FROM :                           FAX NO. Pg 24 of 30                Jul. 18 2005 07:03AM P6

Date of
this letter ___12/7/99___

19400  2

**YOU WERE EXAMINED ON:**

Date                        12/02      99
Time _____ X
        _____ □ A.M.  □ P.M.  WITH:

Examining Physician/Clinic:
Riverfront Complex                    To:
719 Harrison St.
                                       Lafonza Washington
Flint, MI 48502                        5502 M L King Ave.
Bushman/Ortho                          Flint, MI 48505

☐ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the time of the above examination.

☑ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the time of the above examination. According to the most recent medical information received from your physician, you will be able to return to work on or before ___12/7/99___. Therefore, Sickness and Accident benefits will continue through ___12/6/99___. (However, if you are scheduled for a medical examination prior to this date, benefits may be suspended sooner, depending on the results of the examination.)

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the time of the above examination. The results of this examination are final and binding upon you, the Corporation, the Union and the Insurance Company. Generally, benefits are not payable after you have been found to be able to work. Accordingly, your claim has been referred to MetLife for review. You will be hearing from us in the near future.

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the time of the above examination. The results of this examination are final and binding upon you, the Corporation, the Union and the Insurance Company. Generally, benefits are not payable after you have been found to be able to work. Accordingly, your claim has been referred to MetLife for review. You will be hearing from us in the near future. Meanwhile, you will receive a check for benefits through _____.

If you have any questions regarding you claim or this examination, contact the National Benefit Center.

**FOR REPRESENTED EMPLOYEES:**

## IMPARTIAL MEDICAL OPINION/METROPOLITAN MEDICAL EXAMINER'S PROGRAM

### Authorization to Release Medical Examiner's Report

IF YOU DESIRE A COPY OF THE EXAMINATION REPORT TO BE RELEASED TO YOUR UNION, PLEASE SIGN AND DATE THE FOLLOWING RELEASE AND RETURN IT TO THE NATIONAL BENEFIT CENTER.

I acknowledge that the Impartial Medical Examiner's/Metropolitan Medical Examiner's report including all psychiatric and psychological information or tests and the opinion of the Impartial Medical Examiner/Metropolitan Medical Examiner with whom I have been scheduled for an impartial medical examination or Metropolitan medical examination on (Date) _____, will be released to the Corporation, MetLife and their designated representatives.

I hereby consent to the release of the same material and opinion to my Union Benefit Representative.

Date _____        Signature _____

## NOTICE OF DISPUTE
### Michigan Department of Consumer & Industry Services
### Bureau of Workers' Disability Compensation
### P.O. Box 30016; Lansing, MI 48909

| 1. Social Security No. | 2. Date of Injury | 3. Employee Name (Last, First, MI) | | |
|---|---|---|---|---|
| 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 | 09/03/1999 | WASHINGTON, LAFONZA, | | |

| 4. Employee Street Address | 5. City | 6. State | 7. Zip Code |
|---|---|---|---|
| 6602  M L KING AVE | FLINT | MICHIGAN | 48505 |

| 8. Employer Name | 9. Federal ID Number |
|---|---|
| CLCD Flint | 380572515 |

| 10. Employer Street Address | 11. City | 12. State | 13. Zip Code |
|---|---|---|---|
| P.O. BOX 5049 | SOUTHFIELD | MICHIGAN | 48086-5049 |

| 14. Carrier or Self-Insured Name | 15. NAIC or Self-Insured Number | 16. Zip Code |
|---|---|---|
| GENERAL MOTORS CORPORATION | 37999000 | |

| 17. Service Company/TPA Name (if applicable) | 18. Service Company/TPA ID Number | 19. Zip Code |
|---|---|---|
| N/A | N/A | |

| 20. Claim or File Number | 21. County of Injury | 22. County Code (if known) |
|---|---|---|
| 19400 | | |

**23. Reason For Dispute**

A. __X__    Injury not work related

B. _____    Medical treatment not related to injury

C. _____    Further investigation required (please specify below)

D. _____    Additional information required from employee (please specify below)

E. _____    Vocational rehabilitation dispute only (please specify below)

F. _____    Other (please specify below)

| *Making a false or fraudulent statement for purpose of obtaining or denying benefits can result in criminal or civil prosecution, or both, and denial of benefits.* | AUTHORITY: | Workers' Disability Compensation Act, 408.33(1) |
|---|---|---|
| | COMPLETION: | Mandatory |
| | PENALTY: | Workers' Disability Compensation Act, 418.631; 418.801; R408.33 |

This is to certify that a copy of this form has been mailed or given to the injured employee.

| 24. Preparer Name (Please print) | 25. Signature | 26. Telephone Number | 27. Date |
|---|---|---|---|
| M A VANSLAMBROUCK | *M A Vanslambrouck* | (800) 734-0346 EXT 4060 | 09/28/99 |

### NOTICE TO EMPLOYEE

By filing this form, your employer or its workers' compensation insurance company has indicated to the Bureau of Workers' Disability Compensation that it has a question or a dispute concerning the possible workers' compensation benefits to which you may be entitled. You may or may not agree with the position taken by the employer or insurance company.

If you feel that you are not receiving the benefits to which you are entitled, you should discuss this with your employer or a representative of its insurance company. If you have already done that or you are not satisfied with the discussion, you may request an informal conference or file a formal application for mediation or hearing. You can obtain the appropriate forms or information by contacting the Bureau of Workers' Disability Compensation at one of the offices listed below.

**DETROIT**
State of Michigan Plaza Building
1200 Sixth Street, 12th floor
(313) 256-2770

**ESCANABA**
State Office Building
305 Ludington
(906) 786-2081

**FLINT**
Bristol West Center
G-1388 West Bristol Road
(810) 760-2618

**GRAND RAPIDS**
State Office Building, 3rd Floor
350 Ottawa, N.W.
(616) 451-2444

**KALAMAZOO**
4203 West Main
(616) 337-3630

**LANSING**
Victor Building
201 N. Washington Square, 2nd Floor
(517) 373-3490

**MOUNT CLEMENS**
10th Floor, Old County Building
(810) 463-8577

**PONTIAC**
NBD Building
28 N. Saginaw, Suite 1310
(810) 334-2497

**SAGINAW**
State Office Building
411-K East Genesee
(517) 758-1768

**TDD in Lansing**
(517) 322-5987

GM BWC-107 (Rev. 10/96) Formerly MDL-1-107

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re                                         :       Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,         :       09-50026 (REG)
     f/k/a General Motors Corp., *et al.*     :
                                              :
                    Debtors.                  :       (Jointly Administered)
                                              :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Claims)

Upon the third omnibus objection to claims, dated December 8, 2009 (the

"**Debtors' Third Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy

Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking

entry of an order disallowing and expunging the Duplicate Claims on the grounds that such

claims are duplicative of the corresponding Surviving Claim, all as more fully described in the

Debtors' Third Omnibus Objection to Claims; and due and proper notice of the Debtors' Third

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Debtors' Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Debtors' Third Omnibus Objection to Claims.

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
    *January 14, 2010*


                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge

Third Omnibus Objection

# Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) |
| WASHINGTON, LAFONZA EARL<br><br>7010 CRANWOOD DR<br>FLINT, MI 48505<br><br>Official Claim Date: 10/2/2009 | 14938 | Motors Liquidation Company | $1,623,107,920.00 (S)<br>$1,623,107,920.00 (A)<br>$0.00 (P)<br>$1,623,107,920.00 (U)<br>$4,869,323,760.00 (T) | Duplicate Claim | Pgs. 1-4 | WASHINGTON, LAFONZA EARL<br><br>7010 CRANWOOD DRIVE<br>FLINT, MI 48505<br><br>Official Claim Date: 10/1/2009 | 2109 | Motors Liquidation Company | $1,623,107,920.00 (S)<br>$1,623,107,920.00 (A)<br>$0.00 (P)<br>$1,623,107,920.00 (U)<br>$4,869,323,760.00 (T) |
| YAKIMA COUNTY TREASURER<br><br>PO BOX 22530<br>YAKIMA, WA 98907<br><br>Official Claim Date: 7/15/2009 | 595 | Motors Liquidation Company | $70.14 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$70.14 (T) | Duplicate Claim | Pgs. 1-4 | YAKIMA COUNTY TREASURER<br><br>PO BOX 22530<br>YAKIMA, WA 98907<br><br>Official Claim Date: 7/14/2009 | 942 | Motors Liquidation Company | $70.14 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$70.14 (T) |
| Claims to be Disallowed and Expunged Totals | 97 | | $1,633,879,327.42 (S)<br>$1,623,268,888.81 (A)<br>$143,268,299.65 (P)<br>$2,028,628,813.57 (U)<br>$5,429,045,329.45 (T) | | | | | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 35

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                         x
                                         :
In re                                    :    Chapter 11
                                         :
MOTORS LIQUIDATION COMPANY et al.,       :    Case No. 09-50026(REG,
      f/k/a General Motors Corp.et al,:
                                         :
                                         :
                  Debtors'.              :    (Jointly Administered,
                                         :
                                         :
                                         x
```

## CERTIFICATE OF SERVICE

MAY 25 2010

        I, Lafonza Earl Washington certify that on *Friday, May 21, 2010,*
I caused the documents identified below to be mailed to the parties
below-named, postage prepaid, via the U.S. Postal Service First Class
mail as follows:

        1.  CLAIM CONSUMMATION REQUEST — the General Motors Corporation
        Board of Directors Approval of Bankruptcy Filing 363 Sale and
        Related Matters — Court Approved Upon the Entry of the Order
        For Relief Dated June 1, 2009, Yet, Nonpayment of Claims "ONE"
        Year Afterwards.

        2.  Notice of Motion (Without Hearing, For Relief From Judgment
        or Order and To Set Aside "Objections Ordered" That Is
        Authorized Pursuant To FRBP Rules 1001 and 9024, Including
        FRCivP Rule 60 In Favor Of Creditor Lafonza Earl Washington and
        Filed In Compliance With the General Motors Board of Directors
        Court Approved Resolved Resolutions.

        3.  EXHIBITS.

        Please file the enclosed papers for the purpose of scheduling
an immediate discovery and/or meeting with an authorized settlor in
accordance with the GM Board of Directors Court Approved resolved
resolutions for bankruptcy filing in this Creditor's "UNCONTESTED
MATTER" .

_Lafonza Earl Washington_

BY: Lafonza Earl Washington, Sr.
Statutory Execution Creditor
7010 Cranwood Drive
Flint, MI  48505
Tel: 810.922.0308
E-mail: mr.earlw@gmail.com


Mailed to:

United States Bankruptcy Court
Southern District of New York
Office of the Clerk
One Bowling Green
New York, NY  10004

General Motors Corporation
Anne T. Larin, Assistant Secretary
& Board of Directors Member
300 Renaissance Center
Mail Code 482-C25-A36
Detroit, MI  48265

WEIL, GOTSHAL & MANGES LLP
Joseph H. Smolinsky
767 Fifth Avenue
New York, NY  10153

United States Trustee
Southern District of New York
Attn:  Diana G. Adams
33 Whitehall Street,  21st Floor
New York, NY  10004