**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re    :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    09-50026 (REG)
   f/k/a **General Motors Corp.,** *et al.*    :
:
Debtors.    :    (Jointly Administered)
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER AMONG
THE DEBTORS, DEL NORTE CHEVROLET-OLDS
CO., AND LARRY ALLEN REGARDING PROOFS OF CLAIM**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), on the one hand, and Del Norte Chevrolet-Olds Co. ("**Del Norte**") and Larry Allen ("**Allen**") (together, the "**Claimants**," and collectively with the Debtors, the "**Parties**"), on the other hand, by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (the "**Stipulation**"), and stipulate as follows:

**RECITALS**

A.    On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under title 11, United States Code (the "**Bankruptcy Code**") (collectively, the "**Chapter 11 Cases**"). No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases.

B.    On June 1, 2009, the Debtors also filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure. Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C. On September 2, 2009, the Debtors filed the Motion for Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Section 503(b)(9) of the Bankruptcy Code) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof [Docket No. 3940], establishing deadlines to file proofs of claim against any Debtor to assert any claim that arose prior to the Commencement Date.

D. On September 16, 2009, this Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") [Docket No. 4079].

E. On October 5, 2009, the Claimants timely filed the following two claims (each, a "**Claim**" and collectively, the "**Claims**"):

| Claim Number | Filed By |
|---|---|
| 4957 | Del Norte |
| 4958 | Allen |

F. The Claims arise out of an alleged breach of a settlement agreement between MLC and Del Norte entered into in June 2002.

G. On December 8, 2009, the Debtors filed the First Omnibus Objection to Claims [Docket No. 4622] objecting to the Claim numbered 4958 (filed by Allen) as duplicative of the Claim numbered 4957 (filed by Del Norte).

H.  The Claimants recognize that they are not entitled to, and do not seek, a duplicate recovery on account of the same Claim and have agreed to withdraw one of the Claims, subject to the agreements set forth in this Stipulation. The Debtors recognize that the Claims were filed to eliminate any dispute as to which Claimant had the right to file the Claims and have agreed that one Claim shall be asserted by and on behalf of both Claimants.

**STIPULATION AND ORDER**

**NOW, THEREFORE, EACH OF THE PARTIES HEREBY STIPULATES AND AGREES AS FOLLOWS:**

1.  The Claim numbered 4958 (filed by Larry Allen) is hereby deemed withdrawn as set forth in this Stipulation.

2.  The Claim numbered 4957 (filed by Del Norte) shall survive and be deemed amended to reflect that it has been filed by and on behalf of both Claimants (the "Surviving Claim"). The Debtors shall not object to the Surviving Claim on the basis that it was improperly filed as a class claim by a party without the right or authority to file such Claim. The Surviving Claim shall otherwise be subject to the Debtors' continuing right to object on any other grounds.

3.  Any distribution to be made on account of the Surviving Claim shall be delivered to the undersigned counsel for apportionment between Del Norte and Allen. Within five (5) business days of entry of this Stipulation and Order, the Claimants shall deliver to the undersigned counsel for the Debtors the name and the tax I.D. number to be utilized for purposes of distributions.

Dated: New York, New York
　　　　May 24, 2010

| | |
|---|---|
| /s/  Joseph H. Smolinsky | /s/   Lowell F. Sutherland |
| Harvey R. Miller | Lowell F. Sutherland |
| Stephen Karotkin | |
| Joseph H. Smolinsky | |
| | SUTHERLAND & GERBER |
| WEIL, GOTSHAL & MANGES LLP | 1443 West Main Street |
| 767 Fifth Avenue | El Centro, California 92243 |
| New York, New York 10153 | Telephone: (760) 353-4444 |
| Telephone: (212) 310-8000 | Facsimile: (760) 352-2533 |
| Facsimile: (212) 310-8007 | |
| | *Attorneys for Del Norte Chevrolet-Olds* |
| *Attorneys for Debtors and Debtors in Possession* | *Co. and Larry Allen* |

So Ordered this **_27th_** day of **_May_** 2010

**_s/ Robert E. Gerber_**
UNITED STATES BANKRUPTCY JUDGE