HEARING DATE AND TIME: June 1, 2010 at 9:30 a.m. (Eastern Time)
OBJECTION DEADLINE: May 25, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                  :
In re                                             :        Chapter 11 Case No.
                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :        **09-50026 (REG)**
    **f/k/a General Motors Corp.**, *et al.*        :
                                                  :
                    Debtors.                      :        **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

**GENERAL MOTORS, LLC'S OMNIBUS REPLY TO OBJECTIONS TO MOTION FOR**
**ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105 ENFORCING 363 SALE ORDER**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

General Motors, LLC ("**New GM**") files this omnibus reply (the "**Reply**") to the

objections interposed to its motion (the "**Motion**"),[1] dated May 17, 2010 [Docket No. 5785], for

an order pursuant to 11 U.S.C. § 105 enforcing the 363 Sale Order, and respectfully represents:

**Preliminary Statement**

1.        Pursuant to the Motion, New GM seeks to enforce the 363 Sale Order with

respect to certain product liability lawsuits commenced in direct contravention of the 363 Sale

Order.  More specifically, each of the actions are based upon accidents or incidents that occurred

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

prior to the closing of the 363 Transaction on July 10, 2009 and, therefore, may not be pursued

against New GM under the clear and unambiguous terms of the 363 Sale Order.

**The Objections**

2.      As to the six actions that are the subject of the Motion, only three of the

Accident Plaintiffs have filed objections to the Motion (collectively, the "**Objections**") –

Sizemore [Docket No. 5866] (the "**Sizemore Objection**"), Deutsch [Docket No. 5863] (the

"**Deutsch Objection**"), and Robley [Docket No. 5864] (the "**Robley Objection**").  No response

was filed by Griffin or Korotka, and RJ Burne already has agreed to dismiss its action.

3.      The objections which have been filed are completely without merit.

Indeed, they merely confirm that the relief sought in the Motion is appropriate and should be

granted.  The following addresses each of the objections:

*(a)*      *The Sizemore Objection*

4.      The Sizemore Objection does not contest or dispute any of the facts

pertinent to the Motion, but rather apparently suggests that New GM must remain a defendant

until discovery is complete as against New GM.  The Sizemore Objection also requests an

adjournment of the hearing to consider the Motion as to Sizemore.

5.      Although New GM does not object to such an adjournment to

accommodate Sizemore's schedule, New GM notes that there is no substance to the Sizemore

Objection and no basis to maintain the action so that discovery can proceed.  To the extent any

discovery is permitted against New GM, third-party discovery can be conducted in accordance

with the applicable rules.

(b)     _The Deutsch Objection_

6.      The Deutsch Objection is premised solely on the fact that, despite the accident's admitted occurrence on June 27, 2007, prior to the Closing on July 10, 2009, Ms. Deutsch's death did not occur until post-Closing.

7.      This is irrelevant; the MSPA is absolutely clear.  It specifically provides that New GM would only assume liability for product liabilities "which arise directly out of death, personal injury or other injury to [p]ersons or damage to property caused by accidents or incidents _first occurring on or after the Closing_ [_d_]_ate_ and arising from such motor vehicles' operation or performance[.]" (First Amended MSPA § 2.3(a)(ix) (emphasis added).)

8.      Here, the accident occurred pre-closing.  When the cause of action may have arisen under applicable state law is absolutely irrelevant, and, accordingly, the Deutsch Objection should be overruled.

(c)     _The Robley Objection_

9.      The Robley Objection raises two issues:  (i) lack of actual notice of the 363 Sale and (ii) the prohibition to sell assets 'free and clear' pursuant to section 363(f) of the Bankruptcy Code.  As demonstrated below, notice was proper and this Court already has definitively ruled that the sale to New GM is free and clear of product liability claims of the types asserted by Robley.

10.     The Robley Objection asserts that Robley was entitled to receive actual notice of the 363 Sale but yet concedes that he only filed a cause of action after the 363 Sale took place.  (Robely Objection ¶ 5) (noting that Robley filed a cause of action in the United States District Court for the Western District of Tennessee on November 23, 2009).  That is, he only became a known creditor of General Motors Corporation (n/k/a Motors Liquidation Company) on November 29, 2009.  Accordingly, actual notice to Mr. Robley was impossible and his

suggestion that hundreds of thousands, if not millions, of purchasers of GM-branded vehicles should have received actual notice of the 363 Sale is absurd.

11.        Notice by publication was appropriate and fully compliant with due process.  This Court specifically found notice of the 363 Sale was sufficient.  (363 Sale Order ¶ E (finding that, "[w]ith respect to parties who may have claims against the Debtors, but whose identities are not reasonably ascertainable by the Debtors (including, but not limited to, potential contingent warranty claims against the Debtors), the [p]ublication [n]otice was sufficient and reasonably calculated under the circumstances to reach such parties.").)

12.        Indeed, publication notice was widespread and the fact that General Motors was selling its assets was front-page news nationwide during the weeks preceding the 363 Sale.

13.        Moreover, Robley's contention that the assets could not be sold free and clear of product liability claims was fully raised, litigated, and addressed by the Court in its decision, *In re Gen. Motors Corp.*, 407 B.R. 463, 500, and affirmed by the District Court in *Campbell v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09 Civ. 6818, 2010 WL 1524763 (S.D.N.Y. Apr. 13, 2010).[2]  Accordingly, Robley has suffered no prejudice.

---

[2] It should be noted that Robley's reliance on *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714 (1st Cir. 1994) is misplaced.  In that case, notice by publication was not provided at all.

## Conclusion

WHEREFORE, for the reasons set forth above the Debtors respectfully request

that the Court overrule the Objections to the Motion and grant such other and further relief as is

just.

Dated: New York, New York
      May 27, 2010

                                 /s/ Stephen Karotkin
                                 Harvey R. Miller
                                 Stephen Karotkin
                                 Joseph H. Smolinsky

                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007

                                 Attorneys for General Motors, LLC