UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corporation, *et al.*, | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

# SCHEDULES OF ASSETS AND LIABILITIES FOR

Motors Liquidation Company (f/k/a General Motors Corporation)

Case No: 09-50026

Exhibit 7

Debtors of liability, the validity of any litigation action, or the amount or treatment of any claims, defenses, counterclaims, and cross-claims with respect to any litigation action and the amount or treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

The claims of individual creditors are listed at the amounts recorded on the Debtor's books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights with respect to such credits or allowances.

d. **Schedule G – Executory Contracts:** The historical businesses of the Debtors were large and complex. While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.

Schedule G contains all known executory contracts and unexpired leases entered into prior to the Commencement Date that have not been assumed and assigned to Purchaser as of September 1, 2009. Schedule G may include contracts and leases that have expired by their terms prior to September 1, 2009.

Nothing herein shall be construed as a concession or evidence that any of the contracts, agreements, and leases identified on Schedule G: (i) constitute an "executory contract" within the meaning of section 365 of the Bankruptcy Code and other applicable law; or (ii) have not expired or been terminated or otherwise currently are in full force and effect. Rather, the Debtors expressly reserve all of their rights with respect thereto, including their right to seek a later determination of these issues and their right to dispute the validity, status, characterization or enforceability of any contracts leases or set forth therein. Certain of these contracts or leases may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed herein, but are nonetheless incorporated herein by this reference. Moreover, omission of a contract or lease from Schedule G does not constitute an admission that such contract or lease is not an executory contract or unexpired lease.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the contracts and leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may also not be set forth on Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts and leases listed on Schedule G may have been entered into by more than one of the Debtors. Finally, certain of the contracts and leases listed on Schedule G may not have been memorialized and could be subject to dispute.

Schedule G includes a column entitled "Note", and certain contracts and leases on Schedule G include number (1) or (2) under the Note column. This information relates to whether the Debtors have taken any action toward assuming the contract or lease and assigning it to the Purchaser under the MSPA. The Sale Order, the order approving certain procedures in relation to the GM Asset Sale, dated June 2, 2009 (Docket Number 274), and the MSPA set forth certain procedures for the Debtors to assume contracts and leases and assign them to New GM. Among other things, the procedures provide that New GM may designate a contract or lease for assumption (such designated contract or lease, an "*Assumable Executory Contract*") until a specified date (the "*Executory Contract Designation Deadline*), which date may be extended by mutual agreement of the Debtors and New GM (in whole or for any particular contract or lease or groups of contracts or leases). As of the date of the filing of the Schedules, the Executory Contract Designation has been extended to September 30, 2009. After a contract or lease has been designated as an Assumable Executory Contract, the Debtors must provide notice and a 10-day opportunity to object to the counterparty to the contract. Even after the deadline for filing an objection has passed, an Assumable Executory Contract is not assumed and assigned until the later of the date any non-cure objections, if any, have been resolved or overruled and the date that New GM designates as the assumption effective date (the "*Assumption Effective Date*"). Prior to such Assumption Effective Date, New GM can un-designate for assumption any Assumable Executory Contract, such that any Assumable Executory Contract may ultimately not be assumed and assigned to New GM. Note (1) refers to contracts and leases that have been designated as Assumable Executory Contracts as of September 1, 2009, but for which the Assumption Effective Date has not occurred as of September 1, 2009 because the counterparty has filed an objection to such Assumption Effective Date, and the objection has not been resolved as of September 1, 2009. The Debtors and New GM are currently working toward resolving such objections. Note (2) refers to contracts and leases that have been designated as Assumable Executory Contracts as of September 1, 2009, but for which the Assumption Effective Date has not occurred as of such date because either the objection period has not expired or because the Purchaser has not determined the Assumption Effective Date. If the Note column does not include a number, then the contract or lease is not an Assumable Executory Contract as of September 1, 2009.

e. **Schedule H – Co-Debtors:**   In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because of the volume of such claims, because all are contingent, disputed or unliquidated, and because such claims are listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

23. **Statements**

   a. **Statements – Question 3b - 90 Day Payments:**   The dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the clearance date for a check or money order. In addition to the payments disclosed in response to this Question, the Debtors engaged in numerous transactions, including payments and other transfers, with their Debtor and non-debtor affiliates on a daily basis under a consolidated cash management system. Given the significant volume and ordinary course nature of such transactions, the Debtors may not have listed all such intercompany transfers and transactions.

   b. **Statements – Question 17 - Environmental:**   The Debtors historically maintained property and operations in many locations. At some of these locations, the Debtors no longer have any operations, and, as of the Commencement Date, may no longer have had relevant records, or the records may no longer be complete or reasonably accessible and reviewable. Some individuals who once possessed responsive information are no longer employed by the Debtors. For all of these reasons, it may not be reasonably possible to identify and supply the requested information for every "site" and "proceeding" literally responsive to Question 17. Nonetheless, the Debtors

8

Motors Liquidation Company
Case Number: 09-50026
Exhibit G-9
Legal

| Name | Description | Contract ID | Address | Note |
|---|---|---|---|---|
| SANCHEZ & DANIELS | FEE AGREEMENT GM CONTRACT ID: 16553922 | 5716-01220478 | ATTN: MANNY SANCHEZ, ESQ. 333 W WACKER DR STE 500 CHICAGO, IL 60606-1225 | |
| SANDOVAL, JANNA | PRODUCT LITIGATION GM CONTRACT ID: 16588052 | 5716-01226967 | GILBERT ARRAZOLO 715 TIJERAS AVE NW ALBUQUERQUE, NM 87102 | 2 |
| SANDOVAL, JONATHON | PRODUCT LITIGATION GM CONTRACT ID: 16588052 | 5716-01226968 | ARRAZOLO LAW PC 715 TIJERAS AVENUE NW ALBUQUERQUE, NM 87102 | 2 |
| SANDOVAL, JONATHON | PRODUCT LITIGATION GM CONTRACT ID: 16588052 | 5716-01226969 | RAGAN JAMES B PC 723 COLEMAN AVENUE CORPUS CHRISTI, TX 78401 | 2 |
| SEDGWICK, DETERT, MORAN & ARNOLD, LLP | WEST REGION RETAINER AGREEMENT FOR GM PRODUCT LIABILITY PROPERTY DAMAGE LITIGATION START DATE: 7/1/2007 | 5716-00000208 | DEBORAH E. LEWIS, ESQ. 1717 MAIN ST STE 5400 DALLAS, TX 75201-7367 | |
| SETTLEMENT AGREEMENT IN SODERS V GENERAL MOTORS CORPORATION, CASE NO. CI-00-04255 | SETTLEMENT AGREEMENT IN PENNSYLVANIA CLASS ACTION RELATING TO 1989-1999 MARKETING INITIATIVE (ONE PERCENT) GM CONTRACT ID: 16555892 START DATE: 12/15/2008 | 5716-01217866 | JOSEPH F. RODA, ESQ. RODANAST, P.C. 801 ESTELLE DRIVE LANCASTER, PA 17601 | |
| SHANGHAI AUTOMOTIVE INDUSTRY CORPORATION | NON-DISCLOSURE AGREEMENT | 5716-00003246 | GM INVESTMENTS CO. LTD. THERESE RYAN 11TH FLOOR, JINMAO TOWER 88 CENTURY AVE | 2 |
| SHANGHAI AUTOMOTIVE INDUSTRY CORPORATION | LETTER | 5716-00015018 | 489 WEIHAI RD. SHANGAHI 200041 CHINA (PEOPLE'S REP) | 2 |
| SHARROW, KANEETEHEWJ | GM CONTRACT ID: 16479169 | 5716-01217468 | DREYER BOYAJIAN LLP 75 COLUMBIA ST ALBANY, NY 12210 | |
| SHARROW, KARONHIOTHA | GM CONTRACT ID: 16479169 | 5716-01217469 | DREYER BOYAJIAN LLP 75 COLUMBIA ST ALBANY, NY 12210 | |
| SHERWOOD AUTOMOTIVE GROUP INC | GM CONTRACT ID: 14489085 | 5716-01217535 | SIEVING MICHAEL M LAW OFFICES OF 350 UNIVERSITY AVE STE 105 SACRAMENTO, CA 95825 | |