HEARING DATE AND TIME: **June 15, 2010 at 9:45 a.m. (Eastern Time)**
RESPONSE DEADLINE: **June 8, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                   :    **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*  :
                                        :
                          Debtors.      :    (Jointly Administered)
                                        :
------------------------------------------------------------x

### DEBTORS' RESPONSE TO GIBSON'S OBJECTION
### TO PROOF OF CLAIM NO. 44887 AND PETITION TO INTERVENE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation ("**GM**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), as and for their response (the "**Debtors' Response**") to Robert T. Gibson's Objection to Proof of Claim No. 44887 (the "**Soders Class Action Claim**") and Petition to Intervene [Docket No. 5369] (collectively, the "**Gibson Petition**"), respectfully represent:

**The Debtors' Response**

        1.    The Gibson Petition is improper and should be denied. Nothing in this Court's Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation

US_ACTIVE:\43413994\09\72240.0639

(the "**ADR Order**") or in the Federal Rules of Bankruptcy Procedure provides for a third party to intervene in the alternative dispute resolution procedures (the "**ADR Procedures**") established by the Debtors in these chapter 11 cases. Rather, the Debtors -- not Robert T. Gibson ("**Gibson**") nor Karen Kairis and George Kairis (collectively, the "**Kairises**") -- have the sole discretion to determine in their business judgment which claims (including the Soders Class Action Claim) are well suited to be designated for alternative dispute resolution proceedings and to promote resolution of such claims and serve the intended objectives of the ADR Procedures.[1]

2.  Despite the fact that the Gibson Petition is styled as an objection to the Soders Class Action Claim, the true purpose is to object in advance to any settlement reached with respect to the Soders Class Action Claim. In that regard, the Gibson Petition is premature because the Debtors have not concluded settlement negotiations regarding the Soders Class Action Claim. In fact, the Soders Class Action Claim has not yet been designated to the ADR Procedures. To the extent a settlement is reached, the Debtors will agree to request a hearing to approve such settlement and to give notice at that time to all potentially interested parties, including Gibson. At that time, Gibson and the Kairises will have an opportunity to object to any settlement regarding the Soders Class Action Claim in accordance with title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and any other applicable law. Accordingly, the Debtors request that the Court deny the Gibson Petition.[2]

---

[1] It should be noted that Gibson and the Kairises have submitted their own Proof of Claim No. 66306 in these chapter 11 cases and have requested that the Debtors submit the claim to the ADR Procedures although the claim amount is under $500,000. In essence, Gibson and the Kairises are using the Gibson Petition to attempt to compel the Debtors to designate Proof of Claim No. 66306 for ADR Procedures. The Debtors should not be required to designate Claim No. 66306 for ADR Procedures since, in their business judgment, it would not benefit the estates to utilize the Debtors' resources to attempt to resolve Proof of Claim No. 66306 at this time and, because the claim amount is less than $500,000, it is not subject to the ADR Procedures.

[2] For the reasons stated above, any argument regarding the merits of the "underlying basis" for the Soders Class Action Claim will not be addressed in the Debtors' Response at this time. (*See* Gibson Petition ¶ 13.) To the extent the Court wishes to hear substantive argument on the underlying basis for the Soders Class Action Claim, the Debtors hereby reserve the right to respond at a later time.

WHEREFORE the Debtors respectfully request that the Gibson Petition be denied and that the Debtors be granted such other and further relief as is just.

Dated: New York, New York
June 8, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession