**EXHIBIT A**

**THE GIBSON LAW FIRM**
**BY:  Robert Gibson, Esquire**
**I.D.#:  76187**
**319 West Front Street**
**Media, PA 19063**
**215-729-7000**

**Attorney for Objectors,**
**Karen and George Kairis**

| | |
|---|---|
| Donna Soders, on behalf of herself and all others similarly situated,<br><br>                         Plaintiff,<br><br>v.<br><br>General Motors Corporation,<br><br>                         Defendant. | Court of Common Pleas of Lancaster County<br>Civil Action – Law<br><br>No.:  CI-00-04255 |

<u>**OBJECTION OF KAREN AND GEORGE KAIRIS TO THE PROPOSED SETTLEMENT**</u>

Class Members:

> Karen and George Kairis
> P.O. Box 8
> Whites Ferry Road
> Lake Winola, PA 18625
> Tel:  570-378-3816

by their undersigned counsel, object to the proposed settlement in *Soders v. GM* for the

following reasons:

1.    <u>**The proposed coupon settlement is not fair, reasonable or adequate, and raises serious concerns about Class Counsel's and GM's motives for agreeing to this coupon settlement.**</u>

This proposed coupon settlement is unfair, unreasonable and inadequate for

Class Members, and raises serious concerns about Class Counsel's and GM's motives

for agreeing to this coupon settlement.  Generally, "[t]he settlement provides rebate

certificates [to Class Members] worth up to $200 towards the purchase or lease of new

GM vehicles."[1]  Coupon settlements such as this one are strongly discouraged by

---

[1]    Long-form notice, p. 1.

Pennsylvania and federal courts.  Indeed, a coupon settlement with problems similar to those presented here – *involving GM and present Class Counsel's law partner/wife* – was harshly criticized and rejected by the Third Circuit in *In re:  General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768 (3rd Cir. 1995).[2]  As this proposed settlement illustrates, "[c]ertificate settlements have many disadvantages and should be proposed by class counsel only in the rare case."[3]

First, this coupon settlement does not adequately account for the different abilities of Class Members to use the settlement.  Class Members will receive coupons for $200, $100, or nothing, to be used *only* toward the purchase or lease of a new GM vehicle.  NACA[4] expressly warns that such coupon settlements should be avoided:

> …For most of the class, redemption may not be an option, because they are unwilling or unable to make a future purchase from the defendant.  Thus the class members are not equally compensated – some get more, others get less. **This situation is at its most aggravated when the certificate requires purchase of a _new car_ or other 'big ticket' item.**[5]

Since Class Members must purchase a vehicle for tens of thousands of dollars in order to receive their $200 benefit, "[p]eople of lesser financial means will be unable to benefit comparably from the settlement." *In re:  GM Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,

---

[2]      While not binding, federal cases interpreting the federal class action rules, as well as the federal rules themselves, can have persuasive value in Pennsylvania courts. *McMonagle v. Allstate Ins. Co.*, 331 A.2d 467, 471-72 (1975).

[3]      *Milkman v. American Travellers Life Ins. Co.*, 2002 WL 778272 (Pa.Com.Pl.) *citing* National Association of Consumer Advocates, *Standards and Guidelines for Litigating and Settling Consumer Class Actions*, 176 F.R.D. 375, 383-384 (1997).

[4]      National Association of Consumer Advocates.

[5]      NACA Class Action Guidelines – Revised 2006, http://www.naca.net/_assets/media/RevisedGuidelines.pdf, p. 19 (emphasis supplied).

55 F.3d. at 808.  Indeed, since the benefit to Class Members is so small, and the required purchase from GM so large, this settlement is "little more than a sales promotion" and indeed, "a 'tremendous sales bonanza' for GM."  *Id.* (internal citations omitted).  The benefit <u>to GM</u> is underscored by the facts that the economy is presently in a deep recession and GM sales are near a 27-year low.[6]  It would be practicable for GM – and much fairer to Class Members – if coupons could be used to purchase lesser-priced GM products, such as service, repairs or parts.  Indeed, "[c]onsumers are trying to keep their current vehicles running longer, until their confidence [in the economy] improves."[7]  Simply stated, the "proffered settlement [i]s, in reality, a sophisticated GM marketing program" that benefits GM and Class Counsel[8], but provides no benefit to the Class.  *Id.* at 807.

The proposed settlement is also inadequate because, like in *In re: GM Pick-up Truck Fuel Tank Prod. Liab. Litig.*, "…the one-time transfer restriction also precludes the development of a market-making clearing house mechanism."  *Id.* at 809.  It is further inadequate because there is no guaranteed cash value for coupons, and coupons are not stackable; factors which are also discouraged by NACA.[9]  Since the Class was already certified by this Court, Class Counsel cannot credibly argue that the risks of continued litigation warrant such a valueless settlement for the Class.  ("The value of a

---

[6]   GM SAYS 2009 U.S. AUTO SALES MAY FALL TO 27-YEAR LOW, Bloomberg.com, 1/15/09, http://www.bloomberg.com/apps/news?pid=20601087&sid=aFxtV_h8p89M&refer=home

[7]   AUTOZONE BEATS ESTIMATES AS CAR REPAIRS TRUMP SALES, Bloomberg.com, 3/3/09, http://www.bloomberg.com/apps/news?pid=newsarchive&sid=aZkIvxqpgeRw#

[8]   In the form of generous attorneys' fees.

[9]   NACA has been relied upon by other Pennsylvania courts when evaluating the fairness of a class action settlement.  *See, e.g., Milkman v. American Travellers Life Ins. Co.*, 2002 WL 778272 (Pa.Com.Pl.)

class action depends largely on the certification of the class..." *General Motors Corp.*, 55 F.3d at 817).[10] Moreover, it is troubling that GM and Class Counsel have agreed upon generous attorneys fees, especially in light of the fact that both are aware, from previous litigation, of serious defects with this settlement. Simply stated, the proposed coupon settlement is not fair, reasonable, or adequate, and must be rejected.

## 2.    The requested attorneys' fees are excessive compared to the grossly inadequate benefit to the Class.

Despite grossly unfair settlement terms for Class Members, Class Counsel seeks, and GM has agreed to pay, up to $1.886 million in attorneys' fees and up to $500,000 in costs. This is not reasonable. The percentage-of-the-fund method is preferred when assessing fees in coupon settlements such as this.[11] Accordingly, attorneys' fees should be based on the value to class members of coupons redeemed.[12] Based on the weakness of this settlement, it appears to be no accident that Class Counsel has asked this Court to approve its fees prior to the deadline for filing all claims. Counsel's requested fees should be rejected, and, at a minimum, this Court should not determine attorneys' fees until after the claims process is completed.

Respectfully submitted,

Robert Gibson
THE GIBSON LAW FIRM

---

[10]    *See also, generally, Dauphin Deposit Bank and Trust Co. v. Hess*, 727 A.2d 1076 (1999).

[11]    *In re: Excess Value Insurance Coverage Litig.*, 2005 WL 6242849 *1 (S.D.N.Y. 2005).

[12]    *See also, generally*, 28. U.S.C.A. § 1712(a), *et seq.*

319 West Front Street
Media, PA 19063
Tel:  215-729-7000
Fax:  215-359-2166

Attorney for Objectors,
Karen and George Kairis

**THE GIBSON LAW FIRM**
**BY: Robert Gibson, Esquire**
**I.D.#: 76187**
**319 West Front Street**
**Media, PA 19063**
**215-729-7000**

**Attorney for Objectors,**
**Karen and George Kairis**

| | |
|---|---|
| Donna Soders, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>General Motors Corporation,<br>        Defendant. | Court of Common Pleas of Lancaster County<br>Civil Action – Law<br><br>No.: CI-00-04255 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection of Karen and George Kairis to the Proposed Settlement was served upon the following by first-class mail:

> Joseph Roda, Esquire
> RodaNast, P.C.
> 801 Estelle Drive
> Lancaster, PA 17601
>
> Michael Carpenter, Esquire
> Carpenter, Lipps & Leland LLP
> 280 Plaza, Suite 1300
> 280 North High Street
> Columbus, OH 43215
>
> Christopher Underhill, Esquire
> Hartman, Underhill & Brubaker LLP
> 221 East Chestnut Street
> Lancaster, PA 17602
>
> Lawrence Buonomo, Esquire
> General Motors Legal Staff
> General Motors Corporation
> 400 Renaissance Center
> P.O. Box 400
> Detroit, MI 48254-4000

Respectfully submitted,

Robert Gibson
THE GIBSON LAW FIRM
319 West Front Street
Media, PA 19063
Tel:  215-729-7000
Fax:  215-359-2166

Attorney for Objectors,
Karen and George Kairis

Date:  April 6, 2009