UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 3 2010

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

| | |
|---|---|
| Terence McPhaul ) | |
| **Plaintiff,** ) | |
| ) | |
| Versus ) | |
| ) | 1:10-CV-01308-WBH |
| Delphi Corporation; ) | |
| Rodney O'Neal (in his professional ) | |
| and individual capacities); ) | |
| Derrick Williams (in his professional ) | |
| and individual capacities); ) | |
| General Motors Corporation; ) | |
| Gayle Young (in his professional ) | |
| and individual capacities); ) | |
| United Auto Workers Union ) | |
| **Defendants.** ) | |

## PLAINTIFF'S MOTION TO REMAND

**COMES NOW**, Terence McPhaul, Plaintiff Pro Se, in the above-styled action, PRAYING that the Court REMAND THIS CASE to the Superior Court of Fulton County Georgia. Plaintiff's Complaint is a basic Breach of Contract suit, and it does not meet the requirements to have been originally filed in Federal District Court. Therefore, United States District Court has no jurisdiction over this proceeding. Plaintiff's Complaint is a breach of contract complaint based on verbal and/or written agreements between Plaintiff and Defendants. The reasons in support of this motion are more fully explained in the attached brief.

Respectfully submitted, this **3**rd day of **June** 2010.

*[signature: Terence McPhaul]*

Terence McPhaul
Plaintiff Pro Se

**Address all Correspondence to:**
Terence McPhaul
860 Peachtree Street, NE
Unit 2311
Atlanta, Georgia 30308
678.362.0663
professormcphaul@yahoo.com

## BRIEF IN SUPPORT
## OF MOTION TO REMAND

Plaintiff, Pro Se Terence McPhaul brought this action against Delphi Automotive, Rodney O'Neal, Derrick Williams, General Motors, Gayle Young, and the United Auto Workers Union in the Superior Court of Fulton County Georgia. Defendants Gayle Young, Delphi Automotive, Rodney O'Neal and Derrick Williams then sought to remove the case to Federal Court claiming diversity jurisdiction.

Currently, there is a Motion for Default Judgment on file for this case with the Superior Court of Fulton County Georgia. Defendants are attempting to elude a determination in the proper Court which holds jurisdiction in this matter.

Moreover, Plaintiff was never served with the Notice of Removal but did become aware of the attempt to remove this case to Federal Court upon receiving in the mail Defendant Gayle Young's Response to Motion for Default Judgment. Defendant Gayle Young's Counsel, deliberately misrepresents to the Superior Court of Fulton County Georgia, stating, "after this matter was removed to the federal district court, Plaintiff filed an instant Motion for Default Judgment on May 5, 2010." Plaintiff received a formal copy of Defendants' Response to Motion for Default on or about May 17, 2010.

Plaintiff's Complaint does not meet the requirements to have been originally filed in Federal District Court, and therefore this District Court has no jurisdiction over this proceeding. Plaintiff's Complaint is a breach of contract complaint based on verbal and/or written agreements between Plaintiff and Defendants. Plaintiff has never claimed to have filed a Complaint based on any employment law because Plaintiff has never been an employee of Delphi or General Motors. And Plaintiff has never been a member of the UAW. As Courts have demonstrated repeatedly, verbal contracts are just as enforceable as written contracts. Where there are no questions as to the facts essential to a purported contract, the existence of the contract is a question of law. Magee v. Garreau, 332 Ill. App. 3d 1070, 1076, 774 N.E.2d 441, 446 (2002). In general, the construction or interpretation of a contract is a matter to be determined by the court as a question of law. Avery v. State Farm

Mutual Automobile Insurance Co., 216 Ill. 2d 100, 129, 835 N.E.2d 801, 821 (2005).

A defendant has the statutory right to remove a civil cause of action from a state court to federal district court. 28 U.S.C. § 1441. However, all facts are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. Ogletree v. Barnes, 851 F. Supp. 184, 186-87 (E.D. Pa. 1994) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). In a case with multiple defendants, the decision to remove must be unanimous. Ogletree at 186-87. Furthermore, "all defendants must join in the notice of removal or otherwise consent to the removal within the period set forth in 28 U.S.C. § 1446(b)." The defendants' agreement to removal must be official and unambiguous, and mere entry of appearance in federal court by the non-moving defendant is not enough to show agreement. Morganti v. Armstrong Blum Mfg. Co., Civ. No. 00-6343, 2001 U.S. Dist. 2951 (E.D. Pa. 2001) (Reed, J.) In the Notice of Removal dated April 29, 2010, only Defendants Delphi Corporation, Rodney O'Neal, Derrick Williams, and Gayle Young, are the only Defendants joining the Notice of Removal. General Motors, and UAW did not join the Notice of Removal. Furthermore, in the telephone conference between Plaintiff and Angela Tsevis on April 19, 2010, Tsevis acknowledged that she is the attorney for both General Motors, and Gayle Young, and that she had received proper service for both General Motors, and

Young. General Motors is attempting to deceive the Court, and derail this Complaint by not making an appearance in this matter. Gayle Young is an official agent of General Motors serving in a managerial role. General Motors cannot have *two bites* at the apple. If General Motors saw fit to permit Gayle Young to move forward defending this case, they too, are defending the case because Gayle Young is a bona fide agent of General Motors, now, or at the time the case was filed; especially since General Motors is represented by Tsevis of Lathrop & Gage, LLP ("the oldest law firm west of the Mississippi River,") and the legal fees are being paid by General Motors.

The behavior of all of the vastly experienced legal representatives indicates that they, too, do not believe that the Federal Court does not have jurisdiction in this matter as not one of the legal representatives, Edward Marshall, Jared Lina (Arnall, Golden & Gregory), Peter Golden, nor Angela Tsvevis have attempted to contact Plaintiff regarding the Federal Rules of Civil Procedure 26(f) Conference, which is to take place "within 16 days after the appearance of a defendant by answer or motion."

Defendants have claimed that this Court has original diversity Jurisdiction however, Derrick Williams has lived in Atlanta, and continues extensive business locally as the Vice Chair of the Board of Directors for Clark Atlanta University. Defendant Derrick Williams, as CAU's Board Vice-Chair, does have an address in

the State of Georgia, even though he lists his residence in Luxembourg. General Motors operated a manufacturing facility in Doraville, Georgia until 2008. It is preposterous for anyone to assert that General Motors lacks any ties to Georgia given that General Motors is still obligated to retirees in Georgia, General Motors has former employees, real estate, and many dozens of automobile dealerships in Georgia with which it conducts business regularly. General Motors has access to substantial legal counsel in Georgia as well, and has maintained contact since the Doraville, Georgia closure.

In addition, in the Notice of Removal dated April 29, 2010, listing Edward Marshall, Jared Lina, and Angela Tsevis as attorneys for Gayle Young, and Peter Golden as attorney for Rodney O'Neal and Derrick Williams, item 14 lists the citizenship of General Motors and UAW, even though item 4 indicates "Plaintiff has not properly served Defendants General Motors Corporation or the United Auto Workers Union." "Therefore, the unserved defendants are not, and need not, be a part of this removal." Angela Tsevis, in a telephone conference with Plaintiff which transpired April 19, 2010, acknowledged proper service of the Complaint on both General Motors and Gayle Young.

In their Notice of Removal, Defendants argue that jurisdiction in this case is proper pursuant to 28 U.S.C. section 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00. Plaintiff contends, however, that

nothing in the Complaint substantiates an amount *in controversy* in excess of $75,000.00 and thus, the Complaint should be remanded to the Superior Court of Fulton County. Defendants Rodney O'Neal, Gayle Young, Derrick Williams and Delphi Corporation claim that this Complaint should be dismissed because "Plaintiff's Complaint fails to state a claim upon which relief can be granted." "The plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). It has been identified that a motion to dismiss an action for failure to state a claim **"admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."** There is nothing to definitively specify that damages will exceed $75,000.

**WHEREFORE,** Plaintiff Terence McPhaul, Pro Se, respectfully PRAYS that this case be remanded to the Superior Court of Fulton County Georgia, located in Atlanta.

Respectfully submitted, this 3rd day of June, 2010.

*/s/ Terence McPhaul*
_____
Terence McPhaul
Plaintiff, Pro Se

**Address all Correspondence to:**
Terence McPhaul
860 Peachtree Street, NE
Unit 2311
Atlanta, Georgia 30308
678.362.0663
professormcphaul@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Terence McPhaul ) | |
| **Plaintiff,** ) | |
| ) | |
| Versus ) | |
| ) | 1:10-CV-01308-WBH |
| Delphi Corporation; ) | |
| Rodney O'Neal (in his professional ) | |
| and individual capacities); ) | |
| Derrick Williams (in his professional ) | |
| and individual capacities); ) | |
| General Motors Corporation; ) | |
| Gayle Young (in his professional ) | |
| and individual capacities); ) | |
| United Auto Workers Union ) | |
| **Defendants.** ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the within and foregoing Motion for Remand, and Brief in Support of Motion for Remand on all Defendants, by depositing same in the United States Mail, to ensure delivery to the following:

President Barack Obama
C/O Rahm Emanuel
1600 Pennsylvania Avenue, NW
Washington, D.C. 20500

Robert E. Gerber
United States Bankruptcy Judge
for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Peter Golden
2849 Paces Ferry Road
Suite 160
Atlanta, Georgia 30339

Edward Marshall
Arnall, Golden & Gregory, LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

Jared Lina
Arnall, Golden & Gregory, LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

Angela M. Tsevis
Lathrop & Gage, LLP
2345 Grand Boulevard
Suite 2200
Kansas City, Missouri 64108

Ron Gettelfinger  
UAW  
Solidarity House  
8000 East Jefferson Avenue  
Detroit, Michigan 48214

This 3rd day June 2010.

Respectfully submitted,

*Terence McPhaul*  
Terence McPhaul  
Plaintiff, Pro Se

860 Peachtree Street, NE  
#2311  
Atlanta, Georgia 30308  
678.362.0663  
professormcphaul@yahoo.com