**Presentment Date and Time: June 29, 2010 at 12:00 Noon (Prevailing Eastern Time)**
**Objection Date and Time: June 25, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Eric J. Wilson (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                       :

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | Case No. 09-50026 |
| f/k/a General Motors Corp., *et al.,* | (Jointly Administered) |
| | |
| Debtors. | Honorable Robert E. Gerber |

-------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO SECTION 327(A)
OF THE BANKRUPTCY CODE AUTHORIZING THE EXTENDED
RETENTION AND EMPLOYMENT OF THE STUART MAUE
<u>FIRM AS CONSULTANT TO THE FEE EXAMINER</u>**

      **PLEASE TAKE NOTICE** that the attached Application (the "**Application**") of the Fee

Examiner in the above-referenced chapter 11 cases, pursuant to the *Stipulation and Order with*

*Respect to Appointment of a Fee Examiner* [Docket No. 4708] and 11 U.S.C. § 327, requests an

order authorizing the continued employment and retention of  Stuart Maue as consultant to the

Fee Examiner all as more fully described in the accompanying Application, which will be

presented to the Hon. Robert E. Gerber, United States Bankruptcy Judge, for approval and

signature on **June 29, 2010 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which may be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or

any other Windows-based word processing format (with two hard copies delivered directly to

Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One

Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges,

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation

Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General

Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo);

(v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi);

(vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312,

Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York, 10019 (Attn: Michael

J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for

the statutory committee of unsecured creditors (the **"Committee"**), 1177 Avenue of the

Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Amy Caton, Adam C.

Rogoff, and Gregory G. Plotko); (ix) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Diana G. Adams); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York, 10007 (Attn: David S. Jones and Natalie Kuehler); (xi) Caplin & Drysdale, Chartered, attorneys for the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the **"Asbestos Claimants' Committee"**), 375 Park Avenue, 35th Floor, New York, New York 10152-3505 (Attn:  Elihu Inselbuch and Rita C. Tobin) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III and Kevin C. Maclay); (xii) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claims (the **"Future Claimants' Representative"**), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman and Robert T. Brousseau); and (xiii) Godfrey & Kahn, S.C., 780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon), **so as to be filed and received no later than <u>June 25, 2010, at 4:00 p.m. (Prevailing Eastern Time)</u>** (the "**Objection Deadline**").


[Remainder of this page intentionally left blank.]

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served

with respect to the Application, the Fee Examiner may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order that

accompanies the Application, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated:  Madison, Wisconsin
        June 11, 2010.

                    GODFREY & KAHN, S.C.


            By:      /s/ *Eric J. Wilson*
                 _____
                 Timothy F. Nixon (TN 2644)
                 Eric J. Wilson (WI State Bar No. 1047241)

                 GODFREY & KAHN, S.C.
                 780 North Water Street
                 Milwaukee, Wisconsin 53202
                 Telephone: (414) 273-3500
                 Facsimile: (414) 273-5198
                 E-mail: tnixon@gklaw.com
                         ewilson@gklaw.com

                 *Attorneys for the Fee Examiner*

5067549_1

**Presentment Date and Time:  June 29, 2010 at 12:00 Noon (Prevailing Eastern Time)**
**Objection Date and Time:  June 25, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Eric J. Wilson (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
          :
In re:                      :    Chapter 11
          :
MOTORS LIQUIDATION COMPANY, *et al.,*  :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*    :    (Jointly Administered)
          :
          Debtors.      :    Honorable Robert E. Gerber
          :
-------------------------------------------------------- x

**FEE EXAMINER'S APPLICATION TO AUTHORIZE THE EXTENDED**
**RETENTION AND EMPLOYMENT OF THE STUART MAUE FIRM**
<u>**AS CONSULTANT  TO THE FEE EXAMINER**</u>

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009, submits this Application pursuant to the *Stipulation and Order*

*With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner**

**Order**") for authorization to continue to employ the firm of Stuart Maue as consultant to the Fee

Examiner (this "**Application**") and respectfully represents as follows:

**SUMMARY**

To date, the fee applications in these chapter 11 cases total more than $100 million. Stuart Maue has reviewed over $42 million of this total to date, and those applications have been supported by more than 4,000 pages of billing materials, which have contained more than 40,000 separate time entries from more than 950 different timekeepers and more than 10,000 separate expense entries.  Sorting this mass of information in a logical and efficient fashion is, by any measure, a significant undertaking.

To assist the Court in ruling on these applications, to provide transparency in the administration of the chapter 11 cases, and to assist the U.S. Trustee, the Court appointed the Fee Examiner.  Subsequently, the Fee Examiner has evaluated the fee applications and has made recommendations to the Court regarding particular fees and expenses submitted by the case professionals.

But no Fee Examiner, in a case of this magnitude, can exercise his responsibility alone. Given the mountain of data involved in these bankruptcy cases, to function properly, the Fee Examiner must have the assistance of an auditing firm.  There is no realistic alternative; an auditor is indispensable.  Through its work on the fee applications submitted thus far, the Stuart Maue firm has ably demonstrated that its continued involvement is indispensable to the Fee Examiner and, of no less importance, to the U.S. Trustee and to the Court.  Accordingly, the Fee Examiner respectfully submits that the Court should extend the Stuart Maue retention to include all interim and final fee applications that the Fee Examiner determines warrant review by Stuart Maue.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider and determine this matter

pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue

is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      The Court appointed the Fee Examiner to monitor and evaluate the fees and

expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to

the Court, separately or in conjunction with applications submitted for approval by the

professionals.

3.      In appointing the Fee Examiner, the Court instructed that the "Fee Examiner may

retain or consult with attorneys or other professionals if he or she determines that such retention

is necessary to discharge his duties, with such retention to be subject to Court approval under

standards equivalent to those set forth in 11 U.S.C. § 327."  Fee Examiner Order at ¶ 6.

4.      Give the volume of material at issue, the Fee Examiner quickly determined that he

required a qualified consultant to provide basic fee auditing services.  After reviewing the firms

potentially qualified to undertake this assignment, the Fee Examiner selected Stuart Maue as one

of the best qualified and most cost-effective professionals to provide the necessary consulting

services.

5.      On January 29, 2010, the Fee Examiner submitted the *Fee Examiner's*

*Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as*

*Consultant to the Fee Examiner as of January 22, 2010* [Docket No. 4910] (the "**Limited**

**Retention Application**"), seeking to engage Stuart Maue to assist the Fee Examiner in

reviewing the first interim fee applications filed by certain case professionals—of varying size,

service and client and case responsibility.  The express purpose of this initial limited engagement

was to evaluate the services provided by Stuart Maue to determine whether retention of Stuart

Maue on a larger scale would create an overall benefit for the Debtors' estates.  *Id.* ¶ 13(A).

6.       On February 17, 2010, without objection, the Court entered an Order authorizing

Stuart Maue's initial engagement.  *Order Pursuant to Section 327(A) of the Bankruptcy Code*

*Authorizing the Retention and Employment of the Stuart Maue Firm as Consultant to the Fee*

*Examiner Nunc Pro Tunc as of January 22, 2010* [Docket No. 5005].  Pursuant to the

recommendation of the Fee Examiner and as stated in Stuart Maue's Limited Retention

Application, the compensation of Stuart Maue for the initial engagement was not to exceed

$85,000.  *Id.* ¶ 4.

7.       Thereafter, Stuart Maue assisted the Fee Examiner and his counsel with their

analysis of some of the first interim fee applications.  Based on the indispensable contributions

made by Stuart Maue to this effort, on April 5, 2010, the Fee Examiner filed an application

seeking to expand and extend the retention of Stuart Maue—both to fee applications filed by

other case professionals and to applications filed beyond the first interim compensation period.

*See Fee Examiner's Application to Authorize the Extended Retention and Employment of the*

*Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5431]

(the "**Extended Retention Application**").  Debtors' counsel filed a response [Docket No. 5522]

contending that the Extended Retention Application lacked sufficient information to assess the

relief requested, and, on April 21, 2010, the Court entered an endorsed Order, encouraging the

Fee Examiner to supplement the application [Docket No. 5537].  On April 23, 2010, the Fee

Examiner filed a supplemental statement in support of the application [Docket No. 5593].

8.       On April 29, 2010, in connection with the hearing on the first interim fee

applications, the Court heard the Extended Retention Application.  In a bench ruling, the Court

granted the application in part, stating: "The Maue firm's retention will be extended for a time sufficient for it to assist in the second round of fee applications, after which we'll do a stop, look and listen to see if the services it provides are worth the cost." Tr. (April 29, 2010 p.m.) at 14-15.

9.      The services Stuart Maue provides are worth the cost. As explained below, the Stuart Maue firm has convincingly demonstrated that it is indispensable to any efficient and effective review of fee applications by the Fee Examiner and the U.S. Trustee and the Court. Accordingly, the Fee Examiner seeks entry of an order, pursuant to the Fee Examiner Order and 11 U.S.C. § 327, authorizing the continued appointment of Stuart Maue as consultant to the Fee Examiner for the purpose of assisting—at the Fee Examiner's request—in the review of the fees and expenses requested in all fee applications, whenever submitted, by case professionals subject to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on August 7, 2009 [Docket No. 3711].

10.      Other than the first Extended Retention Application described above, no previous application for the particular relief sought in this application has been made by the Fee Examiner to this or any other court.

## BASIS FOR RELIEF REQUESTED

11.      The supporting work performed by Stuart Maue is important, necessary, and non-duplicative. The Fee Examiner cannot function efficiently or effectively without the continued support of Stuart Maue.

12.      The most valuable component of the services provided by Stuart Maue is its unmatched ability to digest and sort, quantitatively and categorically, the massive amounts of data submitted by the case professionals with their fee applications. When the Fee Examiner

5

asks Stuart Maue to assist with a particular fee application,[1] Stuart Maue first creates its own database of all the fee and expense data submitted in support of the fee application. To do this, Stuart Maue uses proprietary software developed for the specific purpose of managing, analyzing, and reporting on legal fees and expenses.

13. Once Stuart Maue has incorporated the fee and expense data into a database using its proprietary software, Stuart Maue can sort the data in a virtually unlimited number of ways. For example, Stuart Maue can sort the data chronologically, by timekeeper, by matter or project, or any combination of these. It also can compare and contrast applications by different professionals. Given the way that many of the professionals submit their fee and expense data, the Fee Examiner could not begin to analyze it efficiently unless a firm like Stuart Maue tailors it electronically for subsequent sorting. Once the fee and expense data has been loaded, Stuart Maue can and does promptly generate reports in response to specific requests from the Fee Examiner or his counsel. These reports are invaluable in allowing the Fee Examiner to make the ultimate decisions on which aspects of a fee application may be worth noting for the Court and the U.S. Trustee.

14. Stuart Maue is more than a database provider. After incorporating the fee and expense data into a database, a Stuart Maue accountant reconciles the data to the hard copy of the fee application. This process includes verification and reconciliation of information including timekeepers, hourly rates, matters/projects, task hour allocation, embedded time (time allocated to specific activities in an otherwise block billed entry), descriptions of entry codes utilized by the case professional, hourly rate increases, expense categories, and expense documentation. This accounting review could not be done, or at least not as efficiently, by the Fee Examiner or

---

[1] The Fee Examiner has not asked Stuart Maue for assistance in reviewing every fee application. Of the 24 fee applications submitted by case professionals thus far, the Fee Examiner has requested assistance from Stuart Maue on 14 of them.

his counsel.  Yet, only this work ensures the authentic accuracy of fee applications submitted to the Court.

15.    In addition to identifying and quantifying any calculation errors in the fee application, the Stuart Maue accounting reconciliation process identifies ways in which the fee application might be incomplete.  To cite only one example, Stuart Maue discovered that the fee application previously submitted by one professional in this matter listed two timekeepers on the summary page but did not provide any time entries or other billing detail supporting the $13,960 invoiced by the two individuals.  Without the database created by Stuart Maue and subsequent reconciliation by the Stuart Maue accountant, this error would not likely have been detected.

16.    Using parameters provided by the Fee Examiner, Stuart Maue also provides invaluable assistance with the qualitative review of the fee and expense data submitted.  In many instances, Stuart Maue can use its propriety software to search the database to identify issues warranting review by the Fee Examiner.  In other instances, professionals at Stuart Maue will manually review time and expense entries based on the parameters provided by the Fee Examiner, flagging those that the Fee Examiner may wish to pursue.  These efforts, which in no way duplicate work performed by the Fee Examiner or his counsel, greatly reduce the time and expense required to evaluate the fee applications—not just by the Fee Examiner but by the U.S. Trustee and Court as well.  Without the assistance of Stuart Maue in this regard, the cost to the estate would undoubtedly be significantly more if counsel for the Fee Examiner had to look through—literally by hand—thousands and thousands of time and expense entries in the first instance.

17.    Stuart Maue has also provided important assistance in other areas that, at first blush, may not be apparent from the face of the reports ultimately submitted by the Fee

7

Examiner to the Court.  For example, Stuart Maue has prepared tables, charts, and graphs of relevant invoice data so that the Fee Examiner could compare hourly rates among the various case professionals, analyze the rates and staffing of specific projects, and visually review the hours incurred during various time periods.  The Fee Examiner could not have done this efficiently or accurately without the assistance of Stuart Maue.

18.      In appointing the Fee Examiner, the Court instructed that the "Fee Examiner may retain or consult with attorneys or other professionals if he or she determines that such retention is necessary to discharge his duties . . . . "  Fee Examiner Order at ¶ 6.  The extended retention of Stuart Maue is, without question, necessary for the Fee Examiner to discharge his duties.  Moreover, the extended retention is in the best interest of the Debtors' estates and of these cases as a whole because it will materially aid the administrative and judicial analysis of fees and expenses, augmenting the Fee Examiner's ability to properly and efficiently analyze a large volume of fee and expense requests.

19.      In further support of this Application, the Fee Examiner relies on the Affidavit of James P. Quinn, President and Chief Operating Officer of Stuart Maue, attached as Exhibit A to the Limited Retention Application; the Supplemental Affidavit of Mr. Quinn attached as Exhibit A to the first Extended Retention Application; the Supplemental Affidavit of W. Andrew Dalton attached to this Application as **Exhibit A**; and, the productive experience of the Fee Examiner and his counsel in working closely with Stuart Maue to review the fee applications submitted for the first and second compensation periods.

## SERVICES TO BE PROVIDED BY STUART MAUE

20.      The Fee Examiner seeks to continue to engage Stuart Maue to:

A.      Assist the Fee Examiner in analyzing the fee applications of all case professionals that the Fee Examiner determines warrant Stuart Maue's analysis, for compliance

8

with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines of

the United States Trustee, the Code of Federal Regulations, and the Local Rules and Orders of

the Court; and,

        B.      Assist the Fee Examiner with the preparation of periodic reports with

respect to professional fees and expenses.

21.      Other than in connection with assisting the Fee Examiner in his analysis, Stuart

Maue will not duplicate the work performed by the Fee Examiner or any other professionals.

Stuart Maue does not provide legal services or counsel.

## PROPOSED COMPENSATION

22.      The Fee Examiner, subject to the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and further orders of the Court, proposes to have the Debtors

compensate Stuart Maue at the firm's regular hourly rates for legal and non-legal personnel and

to reimburse Stuart Maue for all reasonable and necessary expenses under 11 U.S.C. §§ 330

and 331. Stuart Maue's current hourly rate structure ranges from $375.00 for the project

manager; $275.00 to $350.00 for legal auditors and senior legal auditors; $175.00 for IT

personnel; and, $75.00 for data control personnel.

23.      Stuart Maue will periodically apply to the Court for the allowance of

compensation and reimbursement of expenses in accordance with the *Order Pursuant to*

*11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals* (the "**Compensation Order**") dated August 7,

2009 [Docket No. 3711] and with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and otherwise applicable administrative orders and guidelines.

24.      Stuart Maue has not yet received any compensation for services rendered in the

Debtors' chapter 11 cases. On June 7, 2010, Stuart Maue filed the *Application of Stuart Maue*

*for Allowance of Compensation and Reimbursement of Expenses for the Analysis of the First*

*Interim Fee Applications of the Selected Case Professionals, the First Interim Fee Application of*

*Weil Gotshal & Manges LLP, and Expenses Requested in the First Interim Fee Application of*

*FTI Consulting, Inc.* [Docket No. 5969].  In that application, Stuart Maue seeks compensation of

$197,902.50, including the $85,000 authorized in the Court's approval of the initial retention,

and reimbursement of $1,363.71 in expenses.  While the compensation already requested by

Stuart Maue is not insignificant, given the magnitude of work performed, these amounts are

modest.

25.    The compensation paid to Stuart Maue (or to the Fee Examiner, for that matter)

should not be assessed simply in terms of the fees the Court ultimately disallows as a result of

their collective analysis.  In fact, as the case professionals become accustomed to the analysis

performed by the Fee Examiner and Stuart Maue, and the Court's rulings in response to the Fee

Examiner's recommendations, the fees disallowed in successive fee periods should steadily

decrease.  But that does not necessarily mean that the work required to review those applications

will decrease.  The Fee Examiner and Stuart Maue serve an important prophylactic role that

protects estate assets regardless of the fees ultimately allowed or disallowed by the Court.

### STUART MAUE'S CONNECTIONS WITH PARTIES IN INTEREST

26.    To the best of the Fee Examiner's knowledge, information, and belief, other than

as set forth in the Affidavit of James P. Quinn attached as Exhibit A to the Limited Retention

Application, Stuart Maue has no relationship with: (i) the Debtors; (ii) their creditors or equity

security holders; (iii) any other parties-in-interest; (iv) the respective attorneys and accountants

for any of the foregoing; or (v) the United States Trustee or any person employed in the Office of

the United States Trustees, in any matter relating to these cases.

**CONCLUSION**

WHEREFORE, the Fee Examiner respectfully requests the entry of an order,

substantially in the form annexed hereto as **<u>Exhibit B</u>**, granting the relief requested and such

other and further relief as the Court may deem just and proper.

Dated:  Madison, Wisconsin
        June 11, 2010.

GODFREY & KAHN, S.C.

By:        /s/ *Eric J. Wilson*
        _____
        Timothy F. Nixon (TN 2644)
        Eric J. Wilson (WI State Bar No. 1047241)

        GODFREY & KAHN, S.C.
        780 North Water Street
        Milwaukee, Wisconsin 53202
        Telephone: (414) 273-3500
        Facsimile: (414) 273-5198
        E-mail: tnixon@gklaw.com
                ewilson@gklaw.com

        *Attorneys for Fee Examiner*

5061145_1

# EXHIBIT A

(Supplemental Affidavit of W. Andrew Dalton)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                :

In re:                             :       Chapter 11
                                  :

MOTORS LIQUIDATION COMPANY, *et al.,*   :       Case No. 09-50026
     f/k/a General Motors Corp., *et al.,*       :       (Jointly Administered)
                                  :

                    Debtors.         :       Honorable Robert E. Gerber
                                  :
-------------------------------------------------------- x

**SUPPLEMENTAL AFFIDAVIT OF W. ANDREW DALTON IN SUPPORT OF ORDER**
**AUTHORIZING THE EXTENDED RETENTION AND EMPLOYMENT OF**
**STUART MAUE AS CONSULTANT TO THE FEE EXAMINER**

STATE OF MISSOURI       )
                        ) ss:
COUNTY OF ST. LOUIS    )

      W. Andrew Dalton, being duly sworn and on oath, states as follows:

      1.      I am the Vice President and Director of Legal Audit at Stuart Maue, a legal

auditing and bill review firm located at 3840 McKelvey Road, St. Louis, Missouri, 63044, which

employs licensed attorneys, accountants, and IT personnel; however, Stuart Maue is not engaged

in the practice of law.

      2.      I have prepared this affidavit in consultation with James P. Quinn, President and

Chief Operating Officer of Stuart Maue.

      3.      This affidavit is executed on behalf of Stuart Maue and, unless otherwise stated, I

have personal knowledge of the facts set forth in this affidavit.  To the extent any information

disclosed in this affidavit requires amendment or modification, a further supplemental affidavit

reflecting such amended or modified information will be submitted to the Court.

4.      This affidavit is submitted in support of Stuart Maue's continued appointment as consultant to Fee Examiner, Brady C. Williamson, in the above-captioned bankruptcy proceeding for the purpose of assisting in the review of the fees and expenses submitted by case professionals subject to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on August 7, 2009 [Docket No. 3711].

5.      This affidavit supplements the January 28, 2010 Affidavit of James P. Quinn in Support of Order Authorizing the Appointment and Employment of Stuart Maue as Consultant to the Fee Examiner [Docket No. 4910, Ex. A] (the "**Original Affidavit**") and the April 2, 2010 Supplemental Affidavit of James P. Quinn in Support of Order Authorizing the Extended Retention and Employment of Stuart Maue as Consultant to the Fee Examiner [Docket No. 5431, Ex. A] (the "**Supplemental Affidavit**").

6.      On February 17, 2010, the Court entered an *Order Pursuant to Section 327(a) of the Bankruptcy Code Authorizing the Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner Nunc Pro Tunc as of January 22, 2010* [Docket No. 5005], authorizing the Fee Examiner to retain Stuart Maue as consultant for the purpose of assisting in the review and analyzing the first interim fee applications of a limited group of case professionals.

7.      On April 5, 2010, the Fee Examiner filed an application seeking to expand and extend the retention of Stuart Maue to fee applications filed by other case professionals, and to applications filed beyond the first interim compensation period.  *See Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5431] (the "**Extended Retention Application**").  On April 29, 2010, in connection with the hearing on the first interim fee

2

applications, the Court granted the application in part, authorizing Stuart Maue to assist the Fee

Examiner in reviewing the second interim fee applications.

8.      Since its original retention, Stuart Maue has worked closely with the Fee

Examiner and his counsel, Godfrey & Kahn, S.C. ("**G&K**"), in the audit of the fee applications

submitted by case professionals for the first and second interim compensation periods.  Stuart

Maue has developed an efficient and effective working relationship with the attorneys and

paralegals of G&K.

9.      As part of the services rendered to the Fee Examiner and his counsel, Stuart Maue

uses its own proprietary software developed for the specific purpose of managing, analyzing, and

reporting on legal fees and expenses.  Stuart Maue uses this software to digest and sort,

quantitatively and categorically, the data submitted by the case professionals with their fee

applications.

10.      When the Fee Examiner asks Stuart Maue to assist with a particular fee

application, Stuart Maue first creates its own database of all the fee and expense data submitted

in support of the fee application.  Once Stuart Maue has incorporated the fee and expense data

into a database using its proprietary software, Stuart Maue can sort the data in a number of ways.

For example, Stuart Maue can sort the data chronologically, by timekeeper, by matter or project,

or any combination of these.  It also can compare and contrast applications by different

professionals.  Once the fee and expense data has been loaded, Stuart Maue can and does

generate reports in response to specific requests from the Fee Examiner or his counsel.

11.      After incorporating the fee and expense data into a database, a Stuart Maue

accountant reconciles the data to the hard copy of the fee application.  This process includes

verification and reconciliation of information including timekeepers, hourly rates,

matters/projects, task hour allocation, embedded time (time allocated to specific activities in an

3

otherwise block billed entry), descriptions of entry codes utilized by the case professional, hourly rate increases, expense categories, and expense documentation.

12.     In addition to identifying and quantifying any calculation errors in the fee application, the Stuart Maue accounting reconciliation process identifies ways in which the fee application might be incomplete.  To cite only one example, Stuart Maue discovered that the fee application previously submitted by one professional in this matter listed two timekeepers on the summary page but did not provide any time entries or other billing detail supporting the $13,960 invoiced by the two individuals.

13.     Using parameters provided by the Fee Examiner, Stuart Maue also assists the Fee Examiner and his counsel with the qualitative review of the fee and expense data submitted.  In many instances, Stuart Maue can use its propriety software to search the database to identify issues warranting review by the Fee Examiner.  In other instances, professionals at Stuart Maue will manually review time and expense entries based on the parameters provided by the Fee Examiner, flagging those that the Fee Examiner may wish to pursue.

14.     Stuart Maue has also provided important assistance in other areas.  For example, Stuart Maue has prepared tables, charts, and graphs of relevant invoice data so that the Fee Examiner could compare hourly rates among the various case professionals, analyze the rates and staffing of specific projects, and visually review the hours incurred during various time periods.

15.     Stuart Maue has not yet received any compensation for services rendered in the Debtors' chapter 11 cases.  On June 7, 2010, Stuart Maue filed the *Application of Stuart Maue for Allowance of Compensation and Reimbursement of Expenses for the Analysis of the First Interim Fee Applications of the Selected Case Professionals, the First Interim Fee Application of Weil Gotshal & Manges LLP, and Expenses Requested in the First Interim Fee Application of*

*FTI Consulting, Inc.* [Docket No. 5969].  In that application, Stuart Maue seeks compensation of $197,902.50, including the $85,000 authorized in the Court's approval of the initial retention, and reimbursement of $1,363.71 in expenses.

16.    Stuart Maue has been appointed fee examiner and/or consultant to fee committees in several other large bankruptcy cases including, but not limited to:  The Tribune Company, Merisant Worldwide, Inc., Stone & Webster, Incorporated and K-Mart Corporation.  (Original Affidavit, Ex. B).

17.    Subject to this Court's approval, Stuart Maue will charge for services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.  Stuart Maue shall be entitled to receive compensation for its services based on the following hourly rates for 2010:  Project Manager - $375.00; Legal Auditors and Senior Legal Auditors - $275.00 to $350.00 per hour; Computer Programmers/Consultants - $175.00 per hour; and Data Control Personnel - $75.00 per hour.

18.    Stuart Maue will maintain detailed, contemporaneous time records in increments of tenths of an hour, will request reimbursement for actual and necessary expenses incurred in connection with its services, and will apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the Guidelines of the United States Trustee, the administrative order governing the payment of case professionals, and any other applicable orders entered in these cases.

19.    To the best of my knowledge, information and belief, neither I nor any employee or representative of Stuart Maue has any relationship with:  (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in this case; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed

in the Office of the United States Trustees, in any matter relating to these cases based on my review of a list of parties-in-interest and professionals connected with these chapter 11 cases provided by the Fee Examiner (Original Affidavit, Ex. A.) except Stuart Maue has or is providing legal auditing services to clients, including in other bankruptcy proceedings, and in that capacity has or is analyzing fees and expenses of certain listed case professionals.

20.    In this case, Stuart Maue has not shared or agreed to share any compensation paid or to be paid with any person, other than a managing director, professional, or employee of Stuart Maue.

21.    This affidavit constitutes the statement of W. Andrew Dalton pursuant to sections 327(a), 328(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2012(a) and 2016(b).

Dated: June 11, 2010.


_____ /s/ *W. Andrew Dalton* _____
W. Andrew Dalton
Stuart Maue
3840 McKelvey Road
St. Louis, MO 63044
Telephone:    314-291-3030
Facsimile:    314-291-6546
E-mail:    a.dalton@smmj.com


Subscribed and sworn to before me,
this 11th day of June, 2010.


_____ /s/ *Kelly Renee Cannon* _____
Kelly Renee Cannon, Notary Public
My Commission Expires: August 12, 2012.

5061146_1

6

# <u>EXHIBIT B</u>

(PROPOSED ORDER)

Presentment Date and Time:  June 29, 2010 at 12:00 Noon (Prevailing Eastern Time)
Objection Date and Time:  June 25, 2010 at 4:00 p.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.,*  :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*               :    (Jointly Administered)
                                                        :
                        Debtors.                        :    Honorable Robert E. Gerber
                                                        :
-------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE**
**AUTHORIZING THE EXTENDED RETENTION AND EMPLOYMENT OF**
**THE STUART MAUE FIRM AS CONSULTANT TO THE FEE EXAMINER**

Upon the application (the "**Application**") of the Fee Examiner for an order, pursuant to

the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708],

and 11 U.S.C. § 327, authorizing the Fee Examiner to continue to retain Stuart Maue as a

consultant for the purpose of assisting in the review and analysis of all interim and final fee

applications filed in this case by retained professionals, and upon the Supplemental Affidavit of

W. Andrew Dalton, annexed to the Application as **Exhibit A**; and notice of the Application

having been given as set forth in the Notice of Presentment; and it appearing that such notice is

due and sufficient and that no further or other notice is required; and the Court being satisfied

that Stuart Maue does not hold or represent an interest adverse to the Debtors' estates and that

Stuart Maue is a "disinterested person" as that term is defined under section 101(14) of the

Bankruptcy Code, and that the extended employment of Stuart Maue is necessary and in the best

interests of the Fee Examiner and these cases; and the Court having determined that the legal and

factual basis set forth in the Application establishes just cause for the relief granted; and, after

due deliberation and sufficient cause appearing, therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Application is granted.

2.      The terms not otherwise defined herein shall have the meaning ascribed to them

in the Application.

3.      The Fee Examiner is authorized to employ, direct, retain, compensate, and

reimburse Stuart Maue as consultant to the Fee Examiner on the terms and conditions set forth in

the Application and this Order.

4.      Stuart Maue shall be compensated and reimbursed for its expenses consistent with

the *Order Granting Application of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a)*

*and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 3711].

5.      To the extent that the Application is inconsistent with this Order, the terms of this

Order shall control.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated:  New York, New York

_____, 2010.


_____
Hon. Robert E. Gerber
United States Bankruptcy Judge

5061147_1

2