Mathew S. Barr
Tyson M. Lomazow
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
One Chase Manhattan Plaza
New York, New York 10005-1413
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Counsel for Wells Fargo Bank Northwest, National
Association, as Indenture Trustee and Manufacturers
and Traders Trust Company, as Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
f/k/a General Motors Corp., et al.          :
                                            :    (Jointly Administered)
                      Debtors.              :
                                            :
-------------------------------------------------------------x
```

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NOS. 66690
AND 66691 FILED BY WELLS FARGO BANK NORTHWEST,
NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, AND PROOF OF
CLAIM NO. 66689 FILED BY MANUFACTURERS AND TRADERS TRUST
<u>COMPANY, AS INDENTURE TRUSTEE</u>**

PLEASE TAKE NOTICE THAT on November 30, 2009, Wells Fargo

Bank Northwest, National Association, not individually, but solely in its capacity as

successor indenture trustee under that certain leveraged lease transaction commonly

known as "GM 2001A" ("**Wells Fargo**"), timely submitted Proof of Claim Numbers

66690 and 66691 (the "**Wells Fargo Claims**"), and Manufacturers and Traders Trust

Company, not individually, but solely in its capacity as successor indenture trustee under

that certain leveraged lease transaction commonly known as "GM 2000A" ("**M&T**," and

together with Wells Fargo, the "**Indenture Trustees**"), timely submitted Proof of Claim

Number 66689 (together with the Wells Fargo Claims, the "**Claims**") in the above-captioned chapter 11 cases.  A copy of the file stamped Claims are annexed hereto.

PLEASE TAKE FURTHER NOTICE THAT on March 19, 2010, the Court entered that certain *Order Pursuant to Fed. R. Bankr. P. 9019 Approving Global Settlement Agreement and Compromise* (the "**9019 Order**").  Pursuant to the 9019 Order, the Court allowed the Indenture Trustees' unsecured Claims as follows (the "**Allowed Claims**"):

| Indenture Trustee | Lease | Allowed Claim Amount |
|---|---|---|
| M&T | GM 2000A-3 | $44,412,510.92 |
| Wells Fargo | GM 2001A-1 | $141,305,874.37 |
| Wells Fargo | GM 2001A-2 | $142,197,253.40 |
| Wells Fargo | GM 2001A-6 | $45,835,565.21 |
| Wells Fargo | GM 2001A-7 | $6,753,243.28 |
| Wells Fargo | GM 2001A-8 | $6,789,209.82 |

PLEASE TAKE FURTHER NOTICE THAT the Indenture Trustees hereby withdraw the Claims to the extent they have not been allowed pursuant to the 9019 Order.  For the avoidance of doubt, nothing herein shall be deemed a waiver of the Allowed Claims.

New York, New York                    By:  /s/  Tyson M. Lomazow_____
Dated: June 14, 2010                  Mathew S. Barr
                                      Tyson M. Lomazow
                                      MILBANK, TWEED, HADLEY & MᶜCLOY LLP
                                      One Chase Manhattan Plaza
                                      New York, New York 10005-1413
                                      Telephone:    (212) 530-5000
                                      Facsimile:    (212) 530-5219

                                      Counsel for Wells Fargo Bank Northwest,
                                      National Association, as Indenture Trustee and
                                      Manufacturers and Traders Trust Company, as
                                      Indenture Trustee

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM**

| Name of Debtor (Check Only One): | Case No. | **Your Claim is Scheduled As Follows:** |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | The GM 2000A transaction is listed on |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | Schedule D and Categorized as "Creditors |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | Holding Secured Claims – UCC Lien." |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) | |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item + 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Manufacturers and Traders Trust Company, not individually, but solely in its capacity as
Indenture Trustee under that certain leveraged lease transaction commonly known as "GM
2000A"

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Manufacturers and Traders Trust Company
Mail Code: MD2-CS58
25 South Charles Street, 16th Floor
Baltimore, MD 21201
Attn: Dante M. Monakil
      Robert D. Brown
Telephone number: (410) 949-3268
Email Address: dmonakil@mtb.com

with a copy to:
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Matthew S. Barr
      Tyson M. Lomazow

Court Claim Number:
_____
(*If known*)

Filed on:

FILED
U.S. BANKRUPTCY
S.D.N.Y.
2009 NOV 30

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**    $_____See Attachment_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☒ Equipment  ☐ Other
**Describe:** See Attachment

**Value of Property:** $_____  **Annual Interest Rate____%**

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $___See Attachment___  **Amount Unsecured:** $___See Attachment___

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**FOR COURT USE ONLY**

| Date: 11/27/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Name: **DANTE M. MONAKIL**  Title: **VICE PRESIDENT** | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                  :

In re:                                :        Chapter 11

MOTORS LIQUIDATION COMPANY, *et al.*,   :        Case No. 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*,   :

                       :        (Jointly Administered)

             Debtors.            :

                       :

-------------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF MANUFACTURERS AND TRADERS TRUST COMPANY AGAINST MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION

      1.    <u>Claimant</u>.  Manufacturers and Traders Trust Company, not individually, but solely in its capacity as successor indenture trustee ("**M&T**" or the "**Indenture Trustee**"), hereby files this Proof of Claim (the "**Proof of Claim**") on behalf of each of the Certificate Holders (as defined below) for amounts due under and in connection with that certain leveraged lease transaction commonly known as "GM 2000A."

      2.    <u>Indentures</u>.  Motors Liquidation Company f/k/a General Motors Corporation ("**GM**," and collectively with its debtor affiliates in the above-captioned chapter 11 cases, the "**Debtors**"), is a party to that certain leveraged leased transaction commonly known as "GM 2000A" (the "**2000A Transaction**") by and among GM, as lessee, U.S. Bank National Association, as successor owner trustee (the "**Owner Trustee**"), certain owner participants, and M&T, as pass-through Indenture Trustee, for the lease of certain equipment (the "**Equipment**") used in facilities formerly operated by GM.  Pursuant to the 2000A Transaction, M&T is the Indenture Trustee under the trust indenture and security agreements (each an "**Indenture**," and, collectively, the "**Indentures**") and Leases (as defined below) described on **<u>Exhibit A</u>** attached hereto.

3.    <u>Structure of 2000A Transaction</u>.  The Equipment was acquired by three separate

owner trust (collectively, the "**Trusts**") in a transaction pursuant to which three separate Owner

Trustees purchased its respective Equipment and leased such Equipment to GM under a written

lease agreement (each a "**Lease**," and collectively, the "**Leases**").  Each of the Owner Trustees

purchased its respective Equipment with funds raised (i) from an equity infusion from the

beneficiary of its relevant Trust, its relevant owner participant, and (ii) pursuant to notes issued

under the Indentures to the pass-through Indenture Trustee who issued and sold certificates

(collectively, the "**Certificates**") to one or more certificate holders (the "**Certificate Holders**").

Each of the Certificates are secured by (i) a first priority perfected security interest of the

relevant Owner Trustee's interest in the Equipment, and (ii) an assignment from the relevant

Owner Trustee to the Indenture Trustee, for the benefit of the Certificate Holders, of all of the

relevant Owner Trustee's right, title, and interest arising under or in connection with the lease of

the Equipment to GM, including, without limitation, all monies and claims for monies due and to

become due thereunder (except for certain excluded payments) (collectively, the "**Collateral**").

4.    <u>Commencement of Cases</u>.  On June 1, 2009 (the "**Petition Date**"), the Debtors

commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary

petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern

District of New York (the "**Court**").

5.    <u>Claims Under Indentures</u>.  The exact amount of the Indenture Trustee's claims

cannot be determined at this time.  The Indenture Trustee has claims against the Debtors,

including, without limitation, for all amounts, liabilities and obligations arising under or in

connection with the Leases or Indentures, including, without limitation, claims for (i) all unpaid

2

rent under the Leases that accrued prior to June 1, 2009 with respect to the Equipment, (ii) the

fees and expenses of agents, counsel, accountants and experts retained by the Indenture Trustee,

(iii) indemnification arising under any of the Indentures, and (iv) a contingent claim for all

amounts that are or will become due by reason of the failure of the Debtors to make any

payments, or to perform any obligations, arising under the Leases or Indentures, or any other

breach thereof or upon any rejection by the Debtors of the Leases or Indentures.

6.      Administrative Claims. The Debtors are obligated to the Indenture Trustee, on

behalf of the Certificate Holders, for all amounts due under the Leases arising after the Petition

Date known by the Indenture Trustee as of the date hereof, as administrative priority claims. To

the extent the Debtors have made payments to the Indenture Trustee after the Petition Date, such

payments have been credited to amounts due from the Debtors under the Leases, subject to

applicable provisions of the Bankruptcy Code. The Indenture Trustee reserves all rights to assert

any and all administrative expense claims.

7.      Contingent Claims Upon Rejection. The Indenture Trustee has a claim against

the Debtors for rejection of any Lease or Indenture, contingent upon the rejection by GM of any

of its obligations under the Leases or Indentures pursuant to Section 365 of the Bankruptcy

Code. The Indenture Trustee reserves its rights to assert any and all such claims as a result of

such rejection.

8.      Supporting Documents. The claims described herein arise under and in

connection with the Indentures and the Leases. The Indenture Trustee has not attached copies of

the Indentures or Leases because of their voluminous nature. While the Indenture Trustee

believes that the Debtors have copies of the Indentures and the Leases, the Indenture Trustee will

provide copies of such documents to any party in interest in this case, upon reasonable written request to the Indenture Trustee, or its counsel, at the addresses set forth herein.

9.    <u>Right to Amend Proof of Claim</u>. The Indenture Trustee expressly reserves any and all rights to amend, clarify, or supplement this Proof of Claim, including any schedules or exhibits thereto, at any time and for any reason, including, without limitation, to: (i) reflect any additional claims against the Debtors; (ii) specify additional costs, expenses, or other charges or claims incurred by the Indenture Trustee; (iii) correct, increase, or amend the amount of the sums referred to herein; (iv) add or amend documents and other information, and to describe further the claims asserted herein; (v) file additional proofs of claim that may be duplicative in respect of the Indentures, or any other obligations, or liability of the Debtors to the Indenture Trustee, including, but not limited to General Motors Company, any claims arising by reason of the failure of GM to make any payments or to perform any obligations arising under the Leases or the Indentures, or any other breach thereof; (vi) add or amend categories of payments or liabilities; (vii) contest the validity, priority, and extent of any purported liens and security interests; and (viii) assert a priority, security interest, or similar right with respect to the claims asserted herein. To the extent any administrative claims of the Indenture Trustee are determined not to have administrative priority against the Debtors, the Indenture Trustee reserves all of its rights to amend this Proof of Claim to assert such claims as general unsecured claims against the Debtors.

10.    <u>Reservation of Rights</u>. The filing of this Proof of Claim does not constitute: (i) a waiver of any or all of the Indenture Trustee's rights, claims, defenses, and remedies, whether under the Indentures or otherwise, against the Debtors or any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate of the Debtors, an

assignee, guarantor, or otherwise, including, but not limited to, General Motors Company; (ii) a

waiver of any obligation owed to the Indenture Trustee, or any right to any security that may be

determined to be held for Indenture Trustee's benefit; (iii) a consent by the Indenture Trustee to

the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced

in any case against or otherwise involving the Indenture Trustee; (iv) a waiver by the Indenture

Trustee of the right to a trial by jury in any proceeding so triable herein or in any case,

controversy, or proceeding related hereto, notwithstanding any designation of such matters as

"core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to

statute or the United States Constitution; (v) a consent to a jury trial in this Court or any other

court in any proceeding as to any and all matters so triable herein or in any case, controversy, or

proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (vi) a waiver by the

Indenture Trustee of the right to have final orders in non-core matters entered only after *de novo*

review by a District Court judge; (vii) a waiver of the Indenture Trustee's right to seek to have

the reference withdrawn with respect to the subject matter of these claims, any objection or other

proceedings commenced with respect thereto, or any other proceedings commenced in these

cases against or otherwise involving the Indenture Trustee; (viii) an election of remedies; (ix) an

admission that any property held by the Debtors constitutes property of the Debtors' estates; or

(x) an admission with respect to the integrated nature of the Leases or the Indentures.

    11.    For the purposes of this Proof of Claim, notwithstanding anything herein to the

contrary, it is not necessary for the Indenture Trustee to take a position regarding whether the

Leases are true leases or disguised financing arrangements, and the Indenture Trustee reserves all

rights regarding the proper characterization of the Leases.

12.     No note or negotiable instrument has been received for the claims asserted herein or any part thereof, and no judgment has been rendered thereon. The claims asserted herein are not subject to offset, recoupment, or counterclaim.

13.     The Indenture Trustee does not waive any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that the Indenture Trustee has or may have against the Debtors, or any other person or persons, and the Indenture Trustee expressly reserves any and all such rights.

14.     This Proof of Claim is without prejudice to any and all of the Indenture Trustee's rights, claims, and defenses under the Bankruptcy Code or otherwise.

15.     With respect to any unliquidated claim, which such claim cannot reasonably be calculated at this time, the Indenture Trustee does not waive its rights thereto by not stating such specific amounts at this time.

16.     Each and every description in this Proof of Claim of the Indentures and any and all other relevant and applicable documents is qualified in its entirety by reference to the applicable provisions of such documents, and such documents are incorporated herein by reference. In the event of any inconsistency between this Proof of Claim and such documents, the documents shall control.

17.     The Indenture Trustee expressly reserves any and all procedural and substantive rights, claims, and defenses with respect to any claim that has been or may be asserted against the Indenture Trustee by the Debtors, any trustee for their estates, any other party in interest in the Chapter 11 Cases, or any other person or entity whatsoever.

18.    <u>Notices</u>.  All notices concerning this Proof of Claim shall be sent to:

> MANUFACTURERS AND TRADERS TRUST COMPANY
> 25 South Charles Street, 16th Floor
> Mail Code: MD2-CS58
> Baltimore, MD 21201
> Attn:  Dante M. Monakil, Vice President and Team Leader
>        Robert D. Brown, Admistrative Vice President and Regional
>        Manager

> with copies to:

> MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
> I Chase Manhattan Plaza
> New York, New York 10005-1413
> Attn: Matthew S. Barr
>       Tyson M. Lomazow

19.    <u>Secured Claim</u>.  This claim is a secured claim to the extent of the value of the Collateral granted securing the obligations of GM under the Indentures, and if applicable, an unsecured claim to the extent of any deficiency in the value of such collateral.

## Exhibit A

1.    Trust Indenture and Security Agreement (GM 2000A-1), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 15, 2000, with the Owner Participant (as defined therein), and Wilmington Trust Company, as Indenture Trustee thereunder.

2.    Trust Indenture and Security Agreement (GM 2000A-2), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 15, 2000, with the Owner Participant (as defined therein), and Wilmington Trust Company, as Indenture Trustee thereunder.

3.    Trust Indenture and Security Agreement (GM 2000A-3), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 15, 2000, with the Owner Participant (as defined therein), and Wilmington Trust Company, as Indenture Trustee thereunder.

4.    Lease Agreement (GM 2000A-1), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

5.    Lease Agreement (GM 2000A-2), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

6.    Lease Agreement (GM 2000A-3), dated as of December 15, 2000, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

**Your Claim is Scheduled As Follows:**

GM 2001A-5, and GM 2001A-6 are listed on Schedule D categorized as "Creditors Holding Secured Claims - UCC Filings."

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as Indenture Trustee under that certain leveraged lease transaction commonly known as "GM 2001A"

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**

_____
*(If known)*

Filed on: _____

GM 2001A-3, GM 2001A-4, GM 2001A-7, and GM2001A-8 are listed on Schedule G categorized as "Executory Contracts – New York Treasury Office."

Name and address where notices should be sent:
Wells Fargo Bank Northwest, National Association    with a copy to:

MAC: U1228-120                          Milbank, Tweed, Hadley & McCloy LLP
299 S. Main Street, 12th floor          1 Chase Manhattan Plaza
Salt Lake City, UT 84111                New York, NY  10005
Attn: Scott Rosevear                     Attn: Matthew S. Barr
      Marcus Foulger                            Tyson M. Lomazow
Telephone number: (801) 246-5252
Email Address: Marcus.R.Foulger@wellsfargo.com

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**   $____See Attachment____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  ___See Attachment___
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☒ Equipment  ☐ Other
**Describe:**

**Value of Property: $__See Attachment__  Annual Interest Rate___%**

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $____See Attachment____  **Amount Unsecured:** $___See Attachment___

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>11/27/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]*    Title:<br>Val T. Orton<br>Vice President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

#4814-1991-6548v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

-------------------------------------------------------x

### ATTACHMENT TO PROOF OF CLAIM OF WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION AGAINST MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION

1.      <u>Claimant</u>. Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as successor indenture trustee ("**Wells Fargo**" or the "**Indenture Trustee**"), hereby files this Proof of Claim (the "**Proof of Claim**") on behalf of each of the Noteholders (as defined below) for amounts due under and in connection with that certain leveraged lease transaction commonly known as "GM 2001A."

2.      <u>Indentures</u>. Motors Liquidation Company f/k/a General Motors Corporation ("**GM**," and collectively with its debtor affiliates in the above-captioned chapter 11 cases the "**Debtors**"), is a party to that certain leveraged leased transaction commonly known as "GM 2001A" (the "**2001A Transaction**") by and among GM, as lessee, U.S. Bank National Association, as successor owner trustee (the "**Owner Trustee**"), certain owner participants, and Wells Fargo, as Indenture Trustee, for the lease of certain equipment (the "**Equipment**") used in facilities formerly operated by GM.  Pursuant to the 2001A Transaction, Wells Fargo is the Indenture Trustee under the trust indenture and security agreements (each an "**Indenture**," and, collectively, the "**Indentures**") and Leases (as defined below) described on <u>**Exhibit A**</u> attached hereto.

3.    <u>Structure of 2001A Transaction</u>.  The Equipment was acquired by eight separate owner trusts (collectively, the "**Trusts**") in a transaction pursuant to which eight separate Owner Trustees each purchased a 50% undivided interest in the Equipment and leased its interest in the Equipment to GM under a written lease agreement (each a "**Lease**," and collectively, the "**Leases**").  Each of the Owner Trustees purchased its respective interest in the Equipment with funds raised (i) from an equity infusion from the beneficiary of its relevant Trust, its relevant owner participant, and (ii) pursuant to notes (collectively, the "**Notes**") issued and sold under its relevant trust indenture and security agreement to one or more note holders (collectively, the "**Noteholders**").  Each of the Notes are secured by (i) a first priority perfected security interest of the relevant Owner Trustee's interest in the Equipment, and (ii) an assignment from the relevant Owner Trustee to the Indenture Trustee, for the benefit of the Noteholders, of all of the relevant Owner Trustee's right, title, and interest arising under or in connection with the lease of the Equipment to GM, including, without limitation, all monies and claims for monies due and to become due thereunder (except for certain excluded payments) (collectively, the "**Collateral**").

4.    <u>Commencement of Cases</u>.  On June 1, 2009 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

5.    <u>Claims Under Indentures</u>.  The exact amount of the Indenture Trustee's claims cannot be determined at this time.  The Indenture Trustee has claims against the Debtors, including, without limitation, for all amounts, liabilities and obligations arising under or in connection with the Leases or Indentures, including, without limitation, claims for (i) all unpaid

rent under the Leases that accrued prior to June 1, 2009 with respect to the Equipment, (ii) the

fees and expenses of agents, counsel, accountants and experts retained by the Indenture Trustee,

(iii) indemnification arising under any of the Indentures, and (iv) a contingent claim for all

amounts that are or will become due by reason of the failure of the Debtors to make any

payments, or to perform any obligations, arising under the Leases or Indentures, or any other

breach thereof or upon any rejection by the Debtors of the Leases or Indentures.

6.    Administrative Claims.  The Debtors are obligated to the Indenture Trustee, on

behalf of the Noteholders, for all amounts due under the Leases arising after the Petition Date

known by the Indenture Trustee as of the date hereof, as administrative priority claims.  To the

extent the Debtors have made payments to the Indenture Trustee after the Petition Date,

including, but not limited to the July 2009 payments with respect to the GM 2001A-4 and GM

2001A-6 transactions, such payments have been credited to amounts due from the Debtors under

the Leases, subject to applicable provisions of the Bankruptcy Code.  The Indenture Trustee

reserves all rights to assert any and all administrative expense claims.

7.    Contingent Claims Upon Rejection.  The Indenture Trustee has a claim against

the Debtors for rejection of any Lease or Indenture, contingent upon the rejection by GM of any

of its obligations under the Leases or Indentures pursuant to Section 365 of the Bankruptcy

Code.  The Indenture Trustee reserves its rights to assert any and all such claims as a result of

such rejection.

8.    Supporting Documents.  The claims described herein arise under and in

connection with the Indentures and the Leases.  The Indenture Trustee has not attached copies of

the Indentures or Leases because of their voluminous nature.  While the Indenture Trustee

believes that the Debtors have copies of the Indentures and the Leases, the Indenture Trustee will

provide copies of such documents to any party in interest in this case, upon reasonable written

request to the Indenture Trustee, or its counsel, at the addresses set forth herein.

9.    <u>Right to Amend Proof of Claim</u>.  The Indenture Trustee expressly reserves any

and all rights to amend, clarify, or supplement this Proof of Claim, including any schedules or

exhibits thereto, at any time and for any reason, including, without limitation, to: (i) reflect any

additional claims against the Debtors; (ii) specify additional costs, expenses, or other charges or

claims incurred by the Indenture Trustee; (iii) correct, increase, or amend the amount of the sums

referred to herein; (iv) add or amend documents and other information, and to describe further

the claims asserted herein; (v) file additional proofs of claim that may be duplicative in respect of

the Indentures, or any other obligations, or liability of the Debtors to the Indenture Trustee,

including, but not limited to General Motors Company, any claims arising by reason of the

failure of GM to make any payments or to perform any obligations arising under the Leases or

the Indentures, or any other breach thereof; (vi) add or amend categories of payments or

liabilities; (vii) contest the validity, priority, and extent of any purported liens and security

interests; and (viii) assert a priority, security interest, or similar right with respect to the claims

asserted herein.  To the extent any administrative claims of the Indenture Trustee are determined

not to have administrative priority against the Debtors, the Indenture Trustee reserves all of its

rights to amend this Proof of Claim to assert such claims as general unsecured claims against the

Debtors.

10.    <u>Reservation of Rights</u>.  The filing of this Proof of Claim does not constitute: (i) a

waiver of any or all of the Indenture Trustee's rights, claims, defenses, and remedies, whether

under the Indentures or otherwise, against the Debtors or any other person or entity who may be

liable for all or part of the claims set forth herein, whether an affiliate of the Debtors, an

assignee, guarantor, or otherwise, including, but not limited to, General Motors Company; (ii) a waiver of any obligation owed to the Indenture Trustee, or any right to any security that may be determined to be held for Indenture Trustee's benefit; (iii) a consent by the Indenture Trustee to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Indenture Trustee; (iv) a waiver by the Indenture Trustee of the right to a trial by jury in any proceeding so triable herein or in any case, controversy, or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (v) a consent to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (vi) a waiver by the Indenture Trustee of the right to have final orders in non-core matters entered only after *de novo* review by a District Court judge; (vii) a waiver of the Indenture Trustee's right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in these cases against or otherwise involving the Indenture Trustee; (viii) an election of remedies; (ix) an admission that any property held by the Debtors constitutes property of the Debtors' estates; or (x) an admission with respect to the integrated nature of the Leases or the Indentures.

11.    For the purposes of this Proof of Claim, notwithstanding anything herein to the contrary, it is not necessary for the Indenture Trustee to take a position regarding whether the Leases are true leases or disguised financing arrangements, and the Indenture Trustee reserves all rights regarding the proper characterization of the Leases.

12.     No note or negotiable instrument has been received for the claims asserted herein or any part thereof, and no judgment has been rendered thereon. The claims asserted herein are not subject to offset, recoupment, or counterclaim.

13.     The Indenture Trustee does not waive any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that the Indenture Trustee has or may have against the Debtors, or any other person or persons, and the Indenture Trustee expressly reserves any and all such rights.

14.     This Proof of Claim is without prejudice to any and all of the Indenture Trustee's rights, claims, and defenses under the Bankruptcy Code or otherwise.

15.     With respect to any unliquidated claim, which such claim cannot reasonably be calculated at this time, the Indenture Trustee does not waive its rights thereto by not stating such specific amounts at this time.

16.     Each and every description in this Proof of Claim of the Indentures and any and all other relevant and applicable documents is qualified in its entirety by reference to the applicable provisions of such documents, and such documents are incorporated herein by reference. In the event of any inconsistency between this Proof of Claim and such documents, the documents shall control.

17.     The Indenture Trustee expressly reserves any and all procedural and substantive rights, claims, and defenses with respect to any claim that has been or may be asserted against the Indenture Trustee by the Debtors, any trustee for their estates, any other party in interest in the Chapter 11 Cases, or any other person or entity whatsoever.

18.    <u>Notices</u>.  All notices concerning this Proof of Claim shall be sent to:

WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION
299 S. Main Street, 12th floor
Salt Lake City, Utah 84111
Attn:  Scott Rosevear, Vice President
        Marcus Foulger, Relationship Manager

with copies to:

MILBANK, TWEED, HADLEY & McCLOY LLP
I Chase Manhattan Plaza
New York, New York 10005-1413
Attn: Matthew S. Barr
        Tyson M. Lomazow

19.    <u>Secured Claim</u>.  This claim is a secured claim to the extent of the value of the

Collateral granted securing the obligations of GM under the Indentures, and if applicable, an

unsecured claim to the extent of any deficiency in the value of such collateral.

## Exhibit A

1.    Trust Indenture and Security Agreement (GM 2001A-1), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

2.    Trust Indenture and Security Agreement (GM 2001A-2), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

3.    Trust Indenture and Security Agreement (GM 2001A-3), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

4.    Trust Indenture and Security Agreement (GM 2001A-4), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

5.    Trust Indenture and Security Agreement (GM 2001A-5), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

6.    Trust Indenture and Security Agreement (GM 2001A-6), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

7.    Trust Indenture and Security Agreement (GM 2001A-7), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a

national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

8.    Trust Indenture and Security Agreement (GM 2001A-8), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

9.    Lease Agreement (GM 2001A-1), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

10.    Lease Agreement (GM 2001A-2), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

11.    Lease Agreement (GM 2001A-3), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

12.    Lease Agreement (GM 2001A-4), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

13.    Lease Agreement (GM 2001A-5), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

14.    Lease Agreement (GM 2001A-6), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

15.    Lease Agreement (GM 2001A-7), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking

association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

16.    Lease Agreement (GM 2001A-8), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee.

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

**Your Claim is Scheduled As Follows:**
GM 2001A-1 and GM 2001A-2
Schedule G categorized as "Executory
Contracts – New York Treasury Office."

NOTE: *This form should not be used to make a claim for an administrative expense arising **after** the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as Indenture Trustee under that certain leveraged lease transaction commonly known as "GM 2001A"

**Name and address where notices should be sent:**
Wells Fargo Bank Northwest, National Association    with a copy to:
MAC: U1228-120                                        Milbank, Tweed, Hadley & McCloy LLP
299 S. Main Street, 12th floor                       1 Chase Manhattan Plaza
Salt Lake City, UT 84111                             New York, NY  10005
Attn: Scott Rosevear                                  Attn: Matthew S. Barr
    Marcus Foulger                                        Tyson M. Lomazow
Telephone number: (801) 246-5252
Email Address:Marcus.R.Foulger@wellsfargo.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ __See Attachment__

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    __See Attachment__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☒ Equipment    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_See Attachment___    Amount Unsecured:  $_not less than $293,564,960___

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/27/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    Name: Val T. Orton
Title: Vice President

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                  :

In re:                           :       Chapter 11
                                  :

MOTORS LIQUIDATION COMPANY, *et al.*,   :       Case No. 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*,   :

                                  :       (Jointly Administered)

                Debtors.          :

                                  :
-------------------------------------------------------x

## ATTACHMENT TO PROOF OF CLAIM OF WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION AGAINST MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION

     1.    <u>Claimant</u>.  Wells Fargo Bank Northwest, National Association, not individually, but solely in its capacity as successor indenture trustee ("**Wells Fargo**" or the "**Indenture Trustee**") under that certain leveraged lease transaction commonly known as "GM 2001A" (the "**2001A Transaction**"), hereby files this proof of claim (the "**Proof of Claim**") on behalf of each of the Noteholders (as defined below) for damages arising from the rejection of the leases and trust indenture and security agreements set forth on <u>**Exhibit A**</u> hereto (each an "**Agreement**," and, collectively, the "**Agreements**"), which, together with certain other operative documents, evidence the leveraged lease of certain equipment (the "**Equipment**") used in facilities formerly operated by Motors Liquidation Company f/k/a General Motors Corporation ("**GM**" and collectively with its debtor affiliates in the above-captioned chapter 11 cases the "**Debtors**").  On August 3, 2009, the Court entered an Order authorizing the rejection of the Agreements, effective as of July 31, 2009 (the "**Rejection Effective Date**") (Docket No. 3619).

     2.    <u>Claims Under the Agreements</u>.  Pursuant to the Agreements, after application of all payments made prior to the Petition Date (as defined below), the Debtors are obligated to the Indenture Trustee, on behalf of the Noteholders, for general unsecured rejection damage claims

in the aggregate amount of not less than $293,564,960: $146,343,480 under the Agreements related to the GM 2001A-1 Lease (as defined below) and $147,221,480 under the Agreements related to the GM 2001A-2 Lease (as defined below).  The Debtors are also obligated to the Indenture Trustee, on behalf of the Noteholders, in an unliquidated amount for administrative priority claims having accrued after the Petition Date for (i) use of the Equipment prior to the Rejection Effective Date, and (ii) damage to the Equipment after the Rejection Effective Date.

3.    Structure of 2001A Transaction.  The Equipment was acquired by two separate owner trusts (together, the "**Trusts**") in a transaction pursuant to which two separate owner trustees (together, the "**Owner Trustees**") each purchased a 50% undivided interest in the Equipment and leased its interest in the Equipment to GM under a written lease agreement.  Each of the Owner Trustees purchased its respective interest in the Equipment with funds raised (i) from an equity infusion from the beneficiary of its relevant Trust, its relevant owner participant, and (ii) pursuant to notes (collectively, the "**Notes**") issued and sold under its relevant trust indenture and security agreement to one or more note holders (collectively, the "**Noteholders**").  Each of the Notes are secured by (i) a first priority perfected security interest of the relevant Owner Trustee's interest in the Equipment, and (ii) an assignment from the relevant Owner Trustee to the Indenture Trustee, for the benefit of the Noteholders, of all of the relevant Owner Trustee's right, title, and interest arising under or in connection with the lease of the Equipment to GM, including, without limitation, all monies and claims for monies due and to become due thereunder (except for certain excluded payments) (collectively, the "**Collateral**").

4.    Commencement of Cases.  On June 1, 2009 (the "**Petition Date**"), the Debtors commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

5.  <u>Supporting Documents</u>.  The claims described herein arise under and in connection with the Agreements.  The Indenture Trustee has not attached copies of the Agreements because of their voluminous nature.  While the Indenture Trustee believes that the Debtors have copies of the Agreements, the Indenture Trustee will provide copies of such documents to any party in interest in this case, upon reasonable written request to the Indenture Trustee, or its counsel, at the addresses set forth herein.

6.  <u>Administrative and General Unsecured Claim</u>.  As set forth above, the Debtors are obligated to the Indenture Trustee, on behalf of the Noteholders, in an unliquidated amount for administrative priority claims having accrued after the Petition Date for (i) use of the Equipment prior to the Rejection Effective Date, and (ii) damage to the Equipment after the Rejection Effective Date.  Additionally, as set forth above, the Debtors are obligated to the Indenture Trustee, on behalf of the Noteholders, for general unsecured rejection damage claims in the aggregate amount of not less than $293,564,960: $146,343,480 under the Agreements related to the GM 2001A-1 Lease and $147,221,480 under the Agreements related to the GM 2001A-2 Lease.  To the extent the Debtors have made payments to the Indenture Trustee after the Petition Date, such payments have been, or will be, credited to amounts due from the Debtors under the Agreements, subject to applicable provisions of the Bankruptcy Code.  The Indenture Trustee reserves all rights to assert any and all administrative expense claims, including under section 507(b) of the Bankruptcy Code, arising under the Agreements.

7.  <u>Right to Amend Proof of Claim</u>.  The Indenture Trustee expressly reserves any and all rights to amend, clarify, or supplement the Proof of Claim, including any schedules or

3

exhibits thereto, at any time and for any reason, including, without limitation, to: (i) reflect any

additional claims against the Debtors; (ii) specify additional costs, expenses or other charges or

claims incurred by the Indenture Trustee; (iii) correct, increase, or amend the amount of the sums

referred to herein; (iv) add or amend documents and other information, and to describe further

the claims asserted herein; (v) file additional proofs of claim that may be duplicative in respect of

the Agreements, or any other obligations, or liability of the Debtors to the Indenture Trustee,

including any claims arising by reason of the failure of GM to make any payments or to perform

any obligations arising under the Agreements, or any other breach thereof; (vi) add or amend

categories of payments or liabilities; (vii) contest the validity, priority, and extent of any

purported liens and security interests; and (viii) assert a priority, security interest, or similar right

with respect to the claims asserted herein.  To the extent any administrative claims of the

Indenture Trustee are determined not to have administrative priority against the Debtors, the

Indenture Trustee reserves all of its rights to amend this Proof of Claim to assert such claims as

general unsecured claims against the Debtors.

8.      Reservation of Rights.  The filing of this Proof of Claim does not constitute: (i) a

waiver of any or all of the Indenture Trustee's rights, claims, defenses, and remedies, whether

under the Agreements or otherwise, against the Debtors or any other person or entity who may

be liable for all or part of the claims set forth herein, whether an affiliate of the Debtors, an

assignee, guarantor, or otherwise, including, but not limited to, General Motors Company; (ii) a

waiver of any obligation owed to the Indenture Trustee, or any right to any security that may be

determined to be held for Indenture Trustee's benefit; (iii) a consent by the Indenture Trustee to

the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced

in any case against or otherwise involving the Indenture Trustee; (iv) a waiver by the Indenture

Trustee of the right to a trial by jury in any proceeding so triable herein or in any case,

controversy, or proceeding related hereto, notwithstanding any designation of such matters as

"core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to

statute or the United States Constitution; (v) a consent to a jury trial in this Court or any other

court in any proceeding as to any and all matters so triable herein or in any case, controversy, or

proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (vi) a waiver by the

Indenture Trustee of the right to have final orders in non-core matters entered only after *de novo*

review by a District Court judge; (vii) a waiver of the Indenture Trustee's right to seek to have

the reference withdrawn with respect to the subject matter of these claims, any objection or other

proceedings commenced with respect thereto, or any other proceedings commenced in these

cases against or otherwise involving the Indenture Trustee; (viii) an election of remedies; (ix) an

admission that any property held by the Debtors constitutes property of the Debtors' estates; or

(x) an admission with respect to the integrated nature of the Agreements.

9.    For the purposes of this Proof of Claim, notwithstanding anything herein to the

contrary, it is not necessary for the Indenture Trustee to take a position regarding whether the

Agreements are true leases or disguised financing arrangements, and the Indenture Trustee

reserves all rights regarding the proper characterization of the Agreements.

10.    No note or negotiable instrument has been received for the claims asserted herein

or any part thereof, and no judgment has been rendered thereon.  The claims asserted herein are

not subject to offset, recoupment, or counterclaim.

11.    The Indenture Trustee does not waive any right to claim specific assets; any rights

of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or

claims, whether existing now or hereinafter arising, that the Indenture Trustee has or may have

against the Debtors, or any other person or persons, and the Indenture Trustee expressly reserves any and all such rights.

12.    This Proof of Claim is without prejudice to any and all of the Indenture Trustee's rights, claims, and defenses under the Bankruptcy Code or otherwise.

13.    With respect to any unliquidated claim, which such claim cannot reasonably be calculated at this time, the Indenture Trustee does not waive its rights thereto by not stating such specific amounts at this time.

14.    Each and every description in this Proof of Claim of the Agreements and any and all other relevant and applicable documents is qualified in its entirety by reference to the applicable provisions of such documents, and such documents are incorporated herein by reference. In the event of any inconsistency between this Proof of Claim and such documents, the documents shall control.

15.    The Indenture Trustee expressly reserves any and all procedural and substantive rights, claims, and defenses with respect to any claim that has been or may be asserted against the Indenture Trustee by the Debtors, any trustee for their estates, any other party in interest in the Chapter 11 Cases, or any other person or entity whatsoever.

16.    <u>Notices</u>.  All notices concerning this Proof of Claim shall be sent to:

> WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION
> 299 S. Main Street, 12th floor
> Salt Lake City, Utah 84111
> Attn:  Scott Rosevear, Vice President
>        Marcus Foulger, Relationship Manager
>
> with copies to:
>
> MILBANK, TWEED, HADLEY & McCLOY LLP
> I Chase Manhattan Plaza
> New York, New York 10005-1413
> Attn: Matthew S. Barr

Tyson M. Lomazow

17.    <u>Secured Claim</u>.  This claim is a secured claim to the extent of the value of the Collateral granted securing the obligations of GM under the Agreements, and if applicable, an unsecured claim to the extent of any deficiency in the value of such collateral.

## <u>Exhibit A</u>

1.      Trust Indenture and Security Agreement (GM 2001A-1), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

2.      Trust Indenture and Security Agreement (GM 2001A-2), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly set forth therein, but solely as Owner Trustee under the Trust Agreement, dated as of December 18, 2001, with the Owner Participant (as defined therein), and Wells Fargo, as Indenture Trustee thereunder.

3.      Lease Agreement (GM 2001A-1), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee (the "**GM 2001A-1 Lease**").

4.      Lease Agreement (GM 2001A-2), dated as of December 18, 2001, between State Street Bank and Trust Company of Connecticut, National Association, a national banking association, not in its individual capacity except as expressly stated therein, but solely as Owner Trustee, as Lessor, and General Motors Corporation, as Lessee (the "**GM 2001A-2 Lease**").