Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
                              :
In re                         :    **Chapter 11 Case no.**
                              :
**MOTORS LIQUIDATION COMPANY, et al** :    **09-50026(REG)**
   F/k/a General Motors Corp., et al. :
                              :
         Debtors,             :    **(Jointly administered)**
                              :
                              :
                              :
_____:

RECEIVED JUN 11 2010 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

## STATEMENTS OF FACTS

1. Dr. Sizemore wishes to thank the Court for their patience with her as a pro se individual and thanks the United States Bankruptcy Court of the Southern District of New York for the gracious decision to not punish her financially in the matter of Motors Liquidation LLC v. Dr. Sizemore.

2. Dr. Sizemore wishes to acknowledge that she was and is unable to find legal basis for her disregarding Bankruptcy Order 363 issued by the Honorable Judge Robert E. Gerber. Dr. Sizemore apologizes for any disrespect of Judge Gerber's 363 Order. It is not Dr. Sizemore's intent to dispute Judge Gerber's decision regarding this matter of her incorrectly filing a product liability action against General Motors Company in Medina, Ohio (case no. 10-CIV-0102.

3. Dr. Sizemore's appeal is to dispute the legal basis for the Honorable Judge Robert E. Gerber ordering her to withdraw General Motors Company from her "Action for Discovery" filed in State Court in Medina, Ohio (case no. 09-CIV-2471.)

4. Dr. Sizemore contends Bankruptcy Order 363 does not pertain to actions for discovery, but only pertains to actions pertaining to product liability, therefore it is Dr. Sizemore's understanding the United States Bankruptcy Court of the Southern District of New York lacks the jurisdiction to rule on matters not pertaining directly to product liability because the 'terms and provisions' of the Order do NOT include Actions for Discovery, only claims for Product Liability.

5. Dr. Sizemore asserts she did not contest the issue of her irregularity regarding her action for product liability, however, she contends she did not respond with legal argument to support her Action for Discovery because she was unaware she was in the United States Bankruptcy Court of the Southern District of New York on June 1, 2010 for issues pertaining to her Action for Discovery. Dr. Sizemore was only aware of being called to the hearing to discuss matters relating to her Product Liability claim-which is the only action contained in the Debtors "Notice of Hearing on Motion of General Motors, LLC For Entry of Order Pursuant to 11 U.S.C. sect. 105 Enforcing Sale Order" Exhibit F.

6. Dr. Sizemore did provide the legal basis for her Action for Discovery in her Objections filed as document #5866 on the Court's docketing record. This document, #5866, contains all legal references pertaining to her Action for Discovery and her basis for appeal in the Ninth District Court of Appeals.

7. Dr. Sizemore contends her Action for Discovery is legally executed in State Court in Ohio, specifically Medina, Ohio, and this action is for information. No money damages are included in this action.

8. Dr. Sizemore contends the Sale Order 363 fails to negate New GM's duty of care to private individuals, including tax-paying citizens as well as product consumers relating to information regarding automobiles manufactured and sold-no matter which party has manufactured them.

9. Dr. Sizemore contends the Sale Order 363 fails to negate New GM's required compliance with Civil Rules in the State of Ohio in civil matters.

10. Dr. Sizemore contends the New GM had 28 days in State Court in Ohio to assert they were not a properly identified Defendant in the matter of Sizemore v. General Motors Company and failed to respond per Ohio Civil Rule 12(A)(1). Dr. Sizemore is unaware of any provisions in the 363 Order that allow the New GM to disregard any Civil Rules in State Court even though Dr. Sizemore surmises any civil action pertaining to product liability is subject to the 363 Order.

11. Dr. Sizemore contends many of the documents received from the "Old" GM and the "New" GM are incomplete, suggesting concealment, and/or fraudulent-rendering her Action for Discovery valid and necessary to compel release of information under oath as pursuant to ORC 2317.48 and Ohio Civil Rule 34(D). Dr. Sizemore contends she has met all statutory requirements for an Action for Discovery.

12. Dr. Sizemore contends the plain language of the Sale Order does not include 'Actions for Discovery' as being prohibited by the Order.

13. In the Debtors "Notice of Hearing," GM's counsel states on Page 2, line 7, under the heading 'Relief Requested', "Moreover, the 363 Sale Order and MSPA expressly provided that the New GM would not assume any claims with respect to Product Liabilities....except..." There is NO indication an Action for Discovery is barred by the Sale Order 363.

14. Furthermore, on the same page, under no. 2, line 2, (a) counsel states, "the assets purchased by New GM shall be transferred..." and line 4, "New GM shall not be liable for any claims..." Again, there is NO inclusion of Action for Discovery being barred by this Order, 363.

15. On the next page of the Debtors "Notice for Hearing," page 3, no. 3, under "Relief Requested," counsel states, "Moreover, the 363 Sale Order contains broad provisions prohibiting and enjoining any action of proceeding by any entity to enforce or collect any claim against New GM..." There is still no prohibition of Discovery.

16. On page 4 of the Debtors "Notice for Hearing" under "Factual Background," no. 9, refers to actions for "Product Liability" and NOT "actions for discovery."

17. Furthermore, the content of the Debtor's "Notice for Hearing" contains only terms and provisions regarding actions specifically for product liability and NO where does it include Actions for Discovery.

18. No cases listed in the Debtors Table of Authorities includes prohibition of Action for Discovery.

19. On page 10 of the Debtor's "Notice for Hearing," second bullet point, counsel lists Dr. Sizemore's action for product liability filed in Medina, Ohio (case no.10-

CIV-0102). There is no mention or inclusion of her Action for Discovery listed here (case no. 09-CIV-2471) as prohibited by the 363 Sale Order.

20. Dr. Sizemore contends that on GM's response to objections, Document #5899, there is NO mention of her Action for Discovery.

21. Dr. Sizemore contends that if the New GM had complied with Ohio Civil Rules of Procedure and answered her legally executed Action for Discovery, she would never have violated Sale Order 363 and listed the New GM as a Defendant because she would have been aware of all responsible parties and had the terms of the Bankruptcy clarified. Dr. Sizemore is aware she must take responsibility for all her actions, however, she wishes to state she feels GM has had a significant part in her error-when she filed 10-CIV-0102 and added the New GM on her product liability action.

22. Dr. Sizemore contends counsel for the New GM deliberately withheld information regarding the airbag supplier and/or the 'black box' supplier and maker in order to compel her to withdraw the New GM from her action.

23. In the Debtor's "Notice for Hearing," Exhibit F, it is clear that Dr. Sizemore listed several "John Does" and made it clear to the Court and counsel for New GM she had every good faith intention to add and delete defendants as allowed by Ohio Civil Rules of Procedure.

24. Dr. Sizemore always indicated to the State Court in Ohio and the "Old" and "New" GM's attorney she had a 'good heart and empty head' at times.

25. All of the above listed are Dr. Sizemore's reasons supporting this appeal. She thanks the District Court for their patience and attention in this matter.

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM
Pro se

## CERTIFICAT OF SERVICE

A true and accurate copy of this foregoing Statement of Issues has been served, via regular US Mail on this 9th day of June, 2010 upon the following:

Harvey Miller
Stephen Karotkin
Joseph Smolinsky
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC

Motors Liquidation Company, the Debtors
500 Renaissance Center Suite 1400
Detroit, Michigan 48243
Attn. Ted Stenger

General Motors, LLC,
400 Renaissance Center
Detroit, Michigan 48265
Attn Lawrence S. Buonomo Esq.

Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York 10281
Attorneys for the United States Dept. of the Treasury
Attn; John J. Rapisardi, Esq.

The United States Dept of the Treasury
1500 Pennsylvania Ave. NW Room 2312
Washington, D.C. 20220
Attn. Joseph Samarias, Esq.

Vedder Price, P.C.

1633 Broadway, 47th Floor
New York, New York 10019
Attorneys for Export Development Canada
Attn; Michael J. Edelman, Esq

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attorneys for the statutory committee of unsecured creditors
Attn; Thomas Moers Mayer, Esq, Amy Caton, Esq, Lauren Macksoud, Esq. and Jennifer Sharret, Esq.

The Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn; Diana G. Adams, Esq.

The U.S. Attorney's Office S.D.N.Y
86 Chambers Street, Third Floor
New York, New York 10007
Attn: David S. Jones, Esq, and Natalie Kuehler, Esq.

Caplin & Drysdale, Chartered
Attorneys for the official committee of unsecured creditors holding asbestos related claims,
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Attn; Elihu Inselbuch, Esq and Rita C. Tobin Esq.

One Thomas Circle, N.W. Suite 1100
Washington D.C. 20005
Attn; Trevor W. Swett III Esq and Kevin Maclay, Esq.

Stutzman, Bromberg, Esserman & Plifka, A Professional Corp.
Attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Attn; Sander L. Esserman Esq. and Robert T. Brousseau, Esq.

The Law Offices of Barry Novack,
Attorneys for the Deutsches
8383 Wilshire Blvd. Suite 830
Beverly Hills, California 90211-2407
Attn; Barry Novack, Esq.

Meader Bill Law Office
Attorney for Griffen
PO Box 499
Hyden, Kentucky 41749
Attn: Bill Meader, Esq.

Dougherty, Leventhal & Price L.L.P.
Attorneys for the McDades
459 Wyoming Ave
Kingston, PA 18704
Attn; James M. Wetter, Esq

Enid W. Harris Esq.
Attorney for RJ Burne
400 Third Ave. Suite 111
Kingston, PA 18704

Murphy & Prachthauser, S.C.
Attorneys for the Korotkas,
One Plaza East Building
330 East Kilbourn Avenue Suite 1200
Milwaukee, Wisconsin 53202
Attn; Thadd J. Llaurado

Corboy & Demetrio
Attorneys for the Korotkas
33 N. Dearborn St. 21st Floor
Chicago, Illinois 60602
Attn; Robert J. Bingle

Rutledge & Rutledge, P.C.
Attorneys for Robley
1083 W. Rex Road Suite 102, Menphis Tennessee 38119
Attn; Roger K. Rutledge

_____
Dr. Terrie Sizemore RN DVM
Pro se

Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
                                        :
**In re**                               :    **Chapter 11 Case no.**
                                        :
**MOTORS LIQUIDATION COMPANY, et al**   :    **09-50026(REG)**
   **F/k/a General Motors Corp., et al.**  :
                                        :
              **Debtors,**              :    **(Jointly administered)**
                                        :
                                        :
                                        :
_____:

## DESIGNATION OF ITEMS

1. Document 1. The Debtor's "Notice of Hearing" listed as Document # 5785 on the Court's docket.

2. Document 2. Dr. Sizemore's Objection listed as Document # 5866 on the Court's docket.

3. Document 3. General Motors Response to Objections listed as Document #5899

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM
Pro se

## CERTIFICAT OF SERVICE

## **CERTIFICAT OF SERVICE**

A true and accurate copy of this foregoing Designation of Documents has been served, via regular US Mail on this ___9th___ day of June, 2010 upon the following:

Harvey Miller
Stephen Karotkin
Joseph Smolinsky
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC

Motors Liquidation Company, the Debtors
500 Renaissance Center Suite 1400
Detroit, Michigan 48243
Attn. Ted Stenger

General Motors, LLC,
400 Renaissance Center
Detroit, Michigan 48265
Attn Lawrence S. Buonomo Esq.

Cadwalader, Wickersham & Taft
One World Financial Center
New York, New York 10281
Attorneys for the United States Dept. of the Treasury
Attn; John J. Rapisardi, Esq.

The United States Dept of the Treasury
1500 Pennsylvania Ave. NW Room 2312
Washington, D.C. 20220
Attn. Joseph Samarias, Esq.

Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Attorneys for Export Development Canada
Attn; Michael J. Edelman, Esq

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attorneys for the statutory committee of unsecured creditors

Attn; Thomas Moers Mayer, Esq, Amy Caton, Esq, Lauren Macksoud, Esq. and Jennifer Sharret, Esq.

The Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn; Diana G. Adams, Esq.

The U.S. Attorney's Office S.D.N.Y
86 Chambers Street, Third Floor
New York, New York 10007
Attn: David S. Jones, Esq, and Natalie Kuehler, Esq.

Caplin & Drysdale, Chartered
Attorneys for the official committee of unsecured creditors holding asbestos related claims,
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Attn; Elihu Inselbuch, Esq and Rita C. Tobin Esq.

One Thomas Circle, N.W. Suite 1100
Washington D.C. 20005
Attn; Trevor W. Swett III Esq and Kevin Maclay, Esq.

Stutzman, Bromberg, Esserman & Plifka, A Professional Corp.
Attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Attn; Sander L. Esserman Esq. and Robert T. Brousseau, Esq.

The Law Offices of Barry Novack,
Attorneys for the Deutsches
8383 Wilshire Blvd. Suite 830
Beverly Hills, California 90211-2407
Attn; Barry Novack, Esq.

Meader Bill Law Office
Attorney for Griffen
PO Box 499
Hyden, Kentucky 41749
Attn: Bill Meader, Esq.

Dougherty, Leventhal & Price L.L.P.
Attorneys for the McDades
459 Wyoming Ave

Kingston, PA 18704
Attn; James M. Wetter, Esq

Enid W. Harris Esq.
Attorney for RJ Burne
400 Third Ave. Suite 111
Kingston, PA 18704

Murphy & Prachthauser, S.C.
Attorneys for the Korotkas,
One Plaza East Building
330 East Kilbourn Avenue Suite 1200
Milwaukee, Wisconsin 53202
Attn; Thadd J. Llaurado

Corboy & Demetrio
Attorneys for the Korotkas
33 N. Dearborn St. 21st Floor
Chicago, Illinois 60602
Attn; Robert J. Bingle

Rutledge & Rutledge, P.C.
Attorneys for Robley
1083 W. Rex Road Suite 102, Menphis Tennessee 38119
Attn; Roger K. Rutledge

_____
Dr. Terrie Sizemore RN DVM
Pro se