UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MAR 17 2006

JULIE BRITTINGHAM and
DAVID BRITTINGHAM,

Case No. 06-3114

Case Manager: Roy G. Ford

    Plaintiffs - Appellants,

vs.

GENERAL MOTORS CORPORATION
and
VIRGINIA STULL, M.D.,

    Defendants - Appellees.

## APPELLEES' MOTION TO STAY PROCEEDINGS AND RESCIND BRIEFING SCHEDULE PENDING RESOLUTION OF APPELLEE DELPHI CORPORATION'S CHAPTER 11 BANKRUPTCY

Appellee, Delphi Corporation (Delphi), a debtor in possession under Chapter 11 of the Bankruptcy Act, on its own behalf and on behalf of its predecessor, GM Corporation and its employee, Virginia Stull, M.D., moves the Court to honor the automatic stay in Bankruptcy, 11 U.S.C.A. §362(a), and to rescind the briefing schedule previously published by the Clerk. This motion is supported by the accompanying Legal Argument, the affidavit of Francis P. Kuplicki and the attachments to the affidavit.

(Signature on Following Page)

## Legal Argument

I.     **FACTS**

A.    **Plaintiff's Employment, Pre-Employment Physical Examination and Medical Condition.**

Plaintiff, Julie Brittingham, alleges that on August 1, 1997, she underwent a pre-employment physical examination at a manufacturing facility located in Montgomery County, Ohio, which was owned and operated by General Motors Corporation (GM). Plaintiff further alleges that the examination was conducted, in part, by Virginia Stull, M. D., a physician and GM employee assigned to the facility's medical unit. According to the plaintiff, the examination included a lung function study which allegedly demonstrated that the plaintiff suffered from a genetic lung condition known as Alpha 1 Antitripsin Deficiency, but that Dr. Stull failed to inform plaintiff of the results of the lung function study. Thus, plaintiff contends that she was hired by GM on September 11, 1997, and assigned to work in a plant environment that caused her harm. Plaintiff terminated her employment with GM and Delphi in August, 1999. See Kuplicki Affidavit, ¶4.B. attached.

B.    **General Motors Corporation (GM) and Delphi Corporation (Delphi).**

Delphi was incorporated in 1998 as a wholly-owned subsidiary of GM. Prior to January 1, 1999, GM conducted Delphi's business through various divisions and subsidiaries. Effective January 1, 1999, all of the assets and

liabilities of these divisions and subsidiaries were transferred to Delphi and its subsidiaries and affiliates. Id., ¶3.

Pursuant to the corporate transactional documents, the facility where plaintiff underwent her pre-employment physical and later worked was transferred to Delphi on January 1, 1999. Id., ¶4.C.

In further accord with the corporate agreements, the plaintiff became a "Delphi employee" on January 1, 1999, and Delphi assumed "financial responsibility for employment related claims . . . incurred *before or after* the Contribution Date [(i.e., January 1, 1999)]." (emphasis supplied)  Id., and documents A and B attached to the Kuplicki affidavit.

Plaintiffs filed their lawsuit on February 15, 2001, naming, among other defendants, GM, Delphi and Dr. Stull.[1] Id, ¶4.A. Thus, under the terms of the corporate agreements between GM and Delphi, when plaintiffs filed this action, Delphi was responsible for defending and indemnifying GM and to defend Dr. Stull who, like plaintiff, became a Delphi employee on January 1, 1999, and who had previously performed her professional duties vis-à-vis the plaintiff in a *respondeat superior* relationship to GM. Id., ¶4.C. and D.  Delphi has defended

---

[1] Plaintiff David Brittingham is Julie's husband who pursues a derivative claim for loss of consortium. Curiously, however, appellants do not name, list or otherwise mention Delphi in their Notice of Appeal.