HEARING DATE AND TIME: June 29, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: June 22, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                        :
                          Debtors.      :      (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

**NOTICE OF HEARING**
**ON MOTION OF DEBTORS FOR ENTRY**
**OF SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND FED. R. BANKR. P. 3007 ESTABLISHING SUPPLEMENTAL RULES AND**
**AUTHORITY FOR FILING OMNIBUS OBJECTIONS TO CERTAIN DEBT CLAIMS**

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 15, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**")

and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for a

supplemental order, pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy**

**Code**") and Rule 3007 of the Federal Rules of Bankruptcy establishing supplemental rules and

authority for filing omnibus objections to certain debt claims, all as more fully set forth in the

Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy

Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **June 29, 2010 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G.

Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin &

Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding

asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:

Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,

Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi)

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.

Trafelet in his capacity as the legal representative for future asbestos personal injury claimants,

2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert

T. Brousseau, Esq.), so as to be received no later than **June 22, 2010, at 4:00 p.m. (Eastern

Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
June 15, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
        f/k/a General Motors Corp., et al.:
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY**
**OF SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND FED. R. BANKR. P. 3007 ESTABLISHING SUPPLEMENTAL RULES AND**
**AUTHORITY FOR FILING OMNIBUS OBJECTIONS TO CERTAIN DEBT CLAIMS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      After sifting through the entirety of proofs of claim filed in these chapter

11 cases, the Debtors have determined that they need to file objections to well over 20,000

proofs of claim.  The basis of such objections should largely be noncontroversial, e.g.,

challenging claims where the obligation has been or will be satisfied by a third party and claims

by holders of debt instruments that are already addressed through the allowance of claims of the

respective indenture trustees.  In order to ease the administrative and financial burden of filing

over 200 separate motions, which would be required pursuant to Bankruptcy Rule 3007(e)

limiting omnibus objections to no more than 100 proofs of claim per objection, and provide a

more simplified noticing scheme, the Debtors request, pursuant to section 105(a) of title 11,

United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), to supplement the Procedures Order (as defined below) so

that they be permitted to—

> (a)  file a single objection to no more than 500 proofs of claim at once that are Debt Claims (as defined below) under the Wilmington Trust Company ("**WTC**") public indentures; and
>
> (b)  serve a personalized <u>notice</u> of the Omnibus Claims Objection (as defined below), rather than the entire Omnibus Claims Objection.

### Jurisdiction

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.     More than 70,000 proofs of claim in the aggregate amount of

approximately $274 billion have been filed against the Debtors.  Over 18,000 proofs of claim

have been filed by individual record and beneficial holders of debt instruments under dollar-

denominated public indentures that will be the subject of allowed claims provided to the

indenture trustee or other class representative.  To date, the Debtors have filed 24 omnibus

claims objection motions, and, while these motions are being successfully prosecuted, the

Debtors have barely scratched the surface.

4.    Under the Debtors' current claim procedures, pursuant to this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], the Debtors are required to (i) file omnibus claims objections to no more than 100 proofs of claim at a time and (ii) serve a copy of such objections with the notice of the hearing on each affected claimant.

5.    The Debtors' Procedures Order in respect of certain categories of disputed claims will prove extraordinarily burdensome for the Court, the Debtors' estates, and the claimants themselves.  Among the tens of thousands of proofs of claim the Debtors received, approximately 18,000 proofs of claim have been filed by claimants seeking the repayment of principal, interest, and fees and expenses that relate to dollar-denominated debt securities issued by the Debtors pursuant to a public indenture under which WTC  is the indenture trustee (each, a "**Debt Claim**," and the holder of such Debt Claim, an "**Individual Bondholder**").  Because virtually all of the Debt Claims filed by Individual Bondholders are duplicates of the global proofs of claim filed by WTC as indenture trustee under such public bond issuances (as provided by Bankruptcy Rule 3003(c)(5)) (the "**Indenture Trustee Debt Claims**"), once the Indenture Trustee Debt Claims are allowed, the Debtors will move to expunge the duplicative Debt Claims filed by each Individual Bondholder.  The Debtors are in the final stages of finalizing a stipulation reconciling and allowing the Indenture Trustee Debt Claims, which will be presented to this Court shortly for its consideration.

6.    Accordingly, the Debtors request approval of the procedures for the filing of omnibus objections to proofs of claim (the "**Claim Objection Procedures**") set forth below and will only use the proposed Claim Objection Procedures to object to proofs of claim that are Debt Claims under the WTC public indentures.

**The Claim Objection Procedures**

7.      All the proofs of claim filed in these cases must be reviewed for possible

objections as part of the claims administration process.  *See* 11 U.S.C. § 502(a) ("A claim or

interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party

in interest . . . objects."); *id.* § 1111(a) ("A proof of claim . . . is deemed filed under section 501

of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is

scheduled as disputed, contingent, or unliquidated.").

8.      Bankruptcy Rule 3007(c) prohibits the filing of a single objection to

multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)."  Fed.

R. Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection

when the basis for the objection is that the claims subject to objection:

    (1)      duplicate other claims;

    (2)      have been filed in the wrong case;

    (3)      have been amended by subsequently filed proofs of claim;

    (4)      were not timely filed;

    (5)      have been satisfied or released during the case in accordance with the
            Code, applicable rules, or a court order;

    (6)      were presented in a form that does not comply with applicable rules, and
            the objection states that the objector is unable to determine the validity of
            the claim because of the noncompliance;

    (7)      are interests, rather than claims; or

    (8)      assert priority in an amount that exceeds the maximum amount under
            section 507 of the Code.

*Id.* 3007(d).  Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus

objection on these grounds for up to 100 claims at a time.  *Id*. 3007(e).

9.      As stated above, the Debtors anticipate filing omnibus claim objections to

well over 20,000 proofs of claim.  As such, the Debtors believe that if permitted to file a single

omnibus objection to no more than 500, rather than 100, proofs of claim will ease the

administrative burden on the Court and the administrative and financial burden on the Debtors'

estates during the claims reconciliation process.  Accordingly, the Debtors request that they be

permitted to file a single objection to no more than 500 proofs of claim at once on the grounds

enumerated in Bankruptcy Rule 3007(d) and those enumerated in the Procedures Order (the

"**Omnibus Claims Objections**").

        10.      Bankruptcy Rule 3007 also requires that a copy of a claim objection, with

notice of the hearing, must be served on the affected claimant.  In an effort to reduce service

costs and enable claimants to more readily identify an objection to their Debt Claim, the Debtors

propose to serve a personalized <u>notice</u> of the Omnibus Claims Objection, rather than the entire

Omnibus Claims Objection, on each of the claimants whose claims are the subject of the

applicable Omnibus Claims Objection and, if known, their counsel.

        11.      The proposed notice (the "**Claim Objection Notice**") would be in a form

substantially similar to the notice annexed hereto as **Exhibit "A**.**"**  The proposed Claim

Objection Notice would be personalized for each claimant and would include an explanation of

the claim objection process, a description of the basis of the omnibus claim objection,

information regarding the response deadline and hearing date, and identification of the claim that

is the subject of the Omnibus Claims Objection.  In order to ensure the prompt revision of the

Claim Objection Notice, the Debtors also propose to affix a stamp on the transmittal envelope

that reads: "**OFFICIAL COURT DOCUMENT**."

        12.      The proposed Claim Objection Notice annexed hereto is for illustrative

purposes only and will be personalized to include the specific claim information on an Omnibus

Claims Objection.  In addition, the Claim Objection Notice will include information on how the

claimant can obtain a copy of the full Omnibus Claims Objection for free, including (i) on the

Debtors' approved notice and claims agent's website at http://www.motorsliquidationdocket.com

by accessing a specialized link established specifically for public debt holders or (ii) by calling a

designated toll-free telephone number to request a hard copy.

13.     Use of the Claim Objection Notice will substantially reduce the service

costs related to the claim objection process without depriving the claimants of any information

they would require to understand and respond to any claim objection.  In fact, the Claim

Objection Notice would provide greater clarity to each claimant as to the existence and basis of

any objection and the procedures for responding.  Accordingly, the Debtors request that the

Court approve the Debtors' use of the Claim Objection Notice in a form substantially similar to

Exhibit "A."

14.     The proposed procedures are not inconsistent with Bankruptcy Rule 3007

in all other respects, including that each Omnibus Claims Objection will:

    (1)     state in a conspicuous place that claimants receiving the objection should
locate their names and claims in the objection;

    (2)     list claimants alphabetically, provide a cross-reference to claim numbers,
and, if appropriate, list claimants by category of claims;

    (3)     state the grounds of the objection to each Claim and provide a cross-
reference to the pages in the omnibus objection pertinent to the stated
grounds;

    (4)     state in the title the identity of the objector and the grounds for the
objections; and

    (5)     be numbered consecutively with other omnibus objections filed by the
same objector;

Fed. R. Bankr. P. 3007(e).

## The Relief Requested Should Be Approved by the Court

15.    Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g., Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

16.    Here, authorizing the Debtors to file Omnibus Claims Objections to no more than 500 proofs of claim at a time on the grounds enumerated in Bankruptcy Rule 3007(d) and those enumerated in the Procedures Order, is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.

17.    Furthermore, the proposed Claim Objection Notice will provide each claimant with clearer notice of an objection to their claim, more guidance as to the basis of the objection and the procedures for responding than is actually required under Bankruptcy Rule 3007(e), and, in turn, will enhance the claimant's due process protections afforded under the

Bankruptcy Rule.  Specifically, rather than receiving the actual Omnibus Claims Objection

containing numerous pages of documentation relating to other claimants, as is permitted under

Bankruptcy Rule 3007, the Debtors will serve a personalized notice on each claimant identifying

the claim that is subject to the Omnibus Claims Objection, the basis of the objection, and the

required response deadline and hearing date.

18.    Because of the comprehensive information contained in the personalized

Claim Objection Notice, one could argue that each Claim Objection Notice constitutes a separate

motion and, accordingly, the limitations contained in Bankruptcy Rule 3007 are satisfied by their

express terms.  However, even under the proposed Claim Objection Procedures, allowing the

Debtors to file one objection in excess of 100 Debt Claims is congruent with the rationale behind

Bankruptcy Rule 3007(e) and will in fact enhance the rights of creditors by not only preserving

the value of the Debtors' estates ultimately available for distribution but also expediting when

creditors will be paid.  Accordingly, the Court should authorize the Debtors to file Omnibus

Claims Objections against Debt Claims under the WTC public indentures as requested herein.

## Notice

19.    Notice of this Motion has been provided to parties in interest in

accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P.

1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010

[Docket No. 5670].  The Debtors submit that such notice is sufficient and no other or further

notice need be provided.

20.      No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 15, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**(<u>Notice of Omnibus Objection</u>)**

US_ACTIVE:\43402216\05\72240.0639

**OFFICIAL COURT DOCUMENT**

---

**PLEASE CAREFULLY REVIEW THIS NOTICE AS IT WILL AFFECT YOUR CLAIM IN THE GENERAL MOTORS CORPORATION (NOW MOTORS LIQUIDATION COMPANY) BANKRUPTCY CASE**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY, *et al.*,**                   :        **09-50026 (REG)**
          **f/k/a General Motors Corp., *et al.***          :
                                                            :
                    **Debtors.**                            :        **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

<u>**NOTICE OF OBJECTION TO INDIVIDUAL DEBT CLAIMS**</u>

**[Claimant Name]**

| Claim Information | | | | | Basis For Objection |
|---|---|---|---|---|---|
| **Date** | **Claim #** | **Debtor** | **Classification** | **Amount** | **Claim is duplicative of a claim allowed for the indenture trustee on behalf of all Individual Bondholders** |
| | | | | | |

      <u>**PLEASE TAKE NOTICE THAT**</u>, on _____, 2010, Motors Liquidation Company (formerly known as General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to your proof of claim identified above.  The name of the objection is the **[insert ordinal]** Omnibus Objection to Proofs of Claim of Certain Individual Bondholders (the **"Objection"**).

      **You have received this notice because the Debtors have objected to your proof of claim and your rights will be affected.**

**You should read this notice carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

**A copy of the full Objection can be viewed at http://www.motorsliquidationdocket.com/maincase.php3 by searching for docket number [___].  Or, you may request a complete copy of the Objection at the Debtors' expense, by contacting the Debtors at 1-800-414-9607, or by sending an e-mail to claims@motorsliquidation.com.**

The reason for the Objection is that your claim is duplicative of two global claims filed on your behalf (and on behalf of all affected bondholders) by Wilmington Trust Company ("**WTC**"), as the indenture trustee for your General Motors Corporation bonds.  An indenture trustee is an entity that manages a bond issuance for the benefit of the individual bondholders, handling all the administrative aspects of the bond issuance, including ensuring that the borrower complies with the terms of the bond.  The claims filed by WTC ensure your interests are protected with respect to the interest, principal, and trustee fees under your bonds.  If you have additional claims with respect to your bonds beyond interest, principal, and trustee fees, such claims will be disallowed pursuant to this Objection.  A copy of the stipulation allowing the claims of Wilmington Trust can be viewed at [www._____].

> **YOU WILL NOTICE THAT** the Objection requests that the Bankruptcy Court expunge and disallow your claim listed above on the ground that your claim is duplicative of the global claim filed by WTC.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed, and you will not be entitled to any distribution from the Debtors' estates on account thereof.**

> If you disagree with the Objection's treatment of your claim, you may call the Debtors to try and resolve your concerns at **1-800-414-9607**.  If you are unable to resolve your concerns with the Debtors before the deadline to respond, then you <u>must</u> file and serve a written

response (a "**Response**") to the Objection in accordance with this notice and you <u>must</u> appear at the Hearing described below.

You may participate in the Hearing telephonically provided that you comply with the Court's instructions, which can be found on the Court's website at <u>www.nysb.uscourts.gov</u> (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."  You must also provide prior written notice by mail or e-mail of your telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Russell Brooks, Esq. (<u>russell.brooks@weil.com</u>)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Jennifer Sharret, Esq. (<u>jsharret@kramerlevin.com</u>)).

**If you do not oppose the disallowance and expungement of your claim, then you do not need to file a Response or appear at the Hearing.**

<u>**PLEASE TAKE FURTHER NOTICE THAT**</u> a hearing (the "**Hearing**") on the Objection is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **[___], 2010 at [___] a.m. (Eastern Time)**.  If you file a Response to the Objection, you should plan to appear at the Hearing either in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to your claim.  If the Debtors do continue the Hearing with respect to your claim, then the Hearing will be held at a later date.  If the Debtors do not continue the

Hearing with respect to your claim, then a Hearing on the Objection will be conducted on the
above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a
Response is **[_____], 2010 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are timely
will be considered at the Hearing.  Your Response will be deemed timely only if it is:  (a) filed
with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (The
User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov)
before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable
Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing
format and in hard copy at each of the following addresses on or before the deadline for
response:

> A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
> Court, One Bowling Green, Room 621, New York, New York 10004-
> 1408;
>
> B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
> Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
> and
>
> C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
> committee of unsecured creditors, 1177 Avenue of the Americas, New
> York, New York 10036 (Attn:  Jennifer Sharret, Esq.).

Your response, if any, must contain at a minimum the following: (i) a caption
setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and
the number of the Objection to which the response is directed; (ii) the name of the claimant and
description of the basis for the amount of the claim; (iii) a concise statement setting forth the
reasons why the claim should not be disallowed and expunged for the reasons set forth in the
Objection, including, but not limited to, the specific factual and legal bases upon which you will
rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the
extent not included with the proof of claim previously filed with the Bankruptcy Court, upon
which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must
return any reply to your response, if different from that presented in the proof of claim; and (vi)

the name, address, and telephone number of the person that can be contacted in connection with the Objection.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above, then the Debtors have the right to object on other grounds to your claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you have any questions about this notice or the Objection, please contact the Debtors at **1-800-414-9607**. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if you fail to file a timely Response or appear at the Hearing.**

Dated: New York, New York
         [_____], 2010

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
               :

In re                :          Chapter 11 Case No.
               :

**MOTORS LIQUIDATION COMPANY, et al.,**   :      **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*   :

               :
           Debtors.     :      (Jointly Administered)
               :
-------------------------------------------------------------x

**SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND FED. R. BANKR. P. 3007 ESTABLISHING SUPPLEMENTAL RULES AND**
**AUTHORITY FOR FILING OMNIBUS OBJECTIONS TO CERTAIN DEBT CLAIMS**

Upon the Motion, dated June 15, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007, for approval of certain Claim Objection Procedures supplementing this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "**Procedures Order**") [Docket No. 4180], all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Procedures Order is supplemented as provided herein; and it is further

ORDERED that the Debtors are authorized to file Omnibus Claims Objections to no more than 500 proofs claims at a time with respect to Debt Claims; and it is further

ORDERED that, except as expressly provided herein, the Debtors and other parties in interest shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Debt Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each proof of claim; and it is further

ORDERED that the Debtors are authorized to serve a personalized Claim Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its respective counsel. The Claim Objection Notice shall be in a form substantially similar to the notice annexed to the Motion as Exhibit "A," shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection, and information on how the claimant might obtain a complete copy of the Omnibus Claims Objection. The transmittal envelope containing the Claim Objection Notice shall include a stamp that reads: "**OFFICIAL COURT DOCUMENT**." The Debtors reserve the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all Omnibus Claims Objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claims agent, The Garden City Group Inc., at **http://www.motorsliquidationdocket.com/maincase.php3**.  Service of a Claim Objection Notice shall be limited to the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        [_____], 2010


_____
United States Bankruptcy Judge