**Hearing Date and Time:  June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                         :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY *et al.,* | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp. *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Honorable Robert E. Gerber |
| | : | |

-------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO SECOND INTERIM FEE APPLICATION OF BUTZEL LONG**

**TO:    THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Second Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 1, 2009 Through January 31, 2010* [Docket No. 5293] (the "**Second Fee Application**").  With this *Report and Statement of Limited Objection,* the Fee

Examiner identifies the fees and expenses requested in the Second Fee Application, which requests a total of $271,014.48, that are objectionable.  The Fee Examiner respectfully represents:

### SUMMARY STATEMENT

After reviewing the Second Fee Application, counsel for the Fee Examiner raised a series of concerns about the application by letter dated May 24, 2010 to Butzel Long ("**BL"**).  On June 11, 2010, and in response to counsel's letter, the firm addressed some—but not all—of these concerns.  This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $28,251.14 in fees and expenses.  The suggested disallowances, while spread over several categories, stem from significant expenditure of time preparing fee applications, billing for the performance of administrative tasks, and non-compliance with the photocopy standard in the First Advisory.

### BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.      On November 16, 2009, BL filed its first interim fee application [Docket No. 4450], seeking fees and expenses in the amount of $259,041.37.

3.      On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Butzel Long*, identifying

$46,105.81 in fees and expenses that were objectionable [Docket No. 5548]. That report and statement is incorporated by reference.

4.      On April 29, 2010, this Court issued an oral ruling that granted BL's first interim fee application in part but required a continued holdback of 10 percent of BL's requested fees. On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834] approving a series of interim fee applications, including the application submitted by BL. The Omnibus Order authorized payment to BL of $236,158.74 for fees (which included the 10 percent holdback) and $20,996.55 for expenses.

5.      On March 17, 2010, BL filed the Second Fee Application, seeking fees in the amount of $258,825.50 and expenses in the amount of $12,188.98, for total requested compensation of $271,014.48.

6.      As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), BL reports it has previously submitted monthly statements and received payments from the Debtors totaling $129,976.69 for the period covered by the Second Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for the months of October, November and December. Second Fee Application, ¶ 11. As of the date of the Second Fee Application, BL had not yet received payment for January fees or expenses. *Id.*

7.      Subsequent to the date of the Second Fee Application, BL has been paid an additional $89,272.69 (consisting of 80 percent fees and 100 percent expenses), subject to Court review and approval, leaving an outstanding request for $51,765.10 in connection with the Second Fee Application.

8.      By correspondence dated May 24, 2010, counsel for the Fee Examiner provided BL with a summary of his preliminary analysis of the fees requested in the Second Fee Application, inviting BL to submit any additional information it desired.  The preliminary analysis included information related to:

        A.      Scope of work;

        B.      Specificity of billing entries;

        C.      Compensation matters; and

        D.      Expenses.

BL provided information in response to this preliminary analysis by correspondence dated June 11, 2010.

9.      On June 15, 2010, the Fee Examiner sent BL a draft of this *Report and Statement of Limited Objection* (the "**Draft Report**") with a limited objection to BL's fees, offering yet another opportunity for discussion.  BL responded by correspondence dated June 17, 2010.  All of the information provided by BL has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

10.     The Second Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST**

Guidelines"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the

"**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the

extent, if any, that variation has been expressly permitted by order.

## COMMENTS

11.     <u>**Scope of Work**</u>.  The Fee Examiner notes that project codes utilized by BL

focused on the JPMorgan Avoidance Complaint and the Nova Scotia litigation—in addition to

fee applications addressed in this *Report and Statement of Limited Objection*.

> *The Fee Examiner will defer any evaluation of the expenditure of time in connection with the JPMorgan adversary proceeding and the Nova Scotia litigation until the results of the proceedings are ascertainable.*

12.     <u>**Billing Rate Error**</u>.  The Second Fee Application suggests that a BL paralegal

was erroneously billed at an hourly rate $10.00 per hour below the actual rate ($245.00) during

the month of October, 2010.  The Second Fee Application also identifies two attorneys and one

paralegal that have increased their rates for 2010, effective January 1, 2010.  These increases

appear reasonable.  *See* Second Fee Application, **Exhibit D**.  A review of BL's first interim fee

application reveals that the identified paralegal has been billed at the lesser rate ($235.00) for all

of the first interim period.  BL maintains that, upon further review, the identified paralegal was

billed at an incorrect rate for all of the first interim fee period, and should have been billed at

BL's highest paralegal hourly rate of $245.00.

> *The Fee Examiner suggests that the requested increase be effective January 1, 2010, along with the other requested rate increases.*

> *Suggested disallowance:  $303.00 ($10.00 per hour reduction for identified biller during November and December).*

13.     <u>**Travel Time**</u>.  Non-working travel time will be compensated at 50 percent.  *See*

*In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at

one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84

(S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty

percent of their hourly rates") (citations omitted). The First and Second Advisories have

requested that travel time be itemized separately. *See* First Advisory, at 6, ¶ 15. No travel time

has been identified by BL in the Second Fee Application—although travel expenses have been

submitted for reimbursement. No deduction is noted for travel time, as required in this district,

and the Fee Examiner recognizes that travel time may have been billed at full hourly rates.

However, in light of the nominal travel expenses indicating limited travel time, no disallowance

is suggested.

> *Suggested disallowance for travel time:  None.*

14.    **Clerical and Administrative Charges**.  Some billing entries describe

non-compensable clerical or administrative services.  These entries total $7,878.00.  BL's

response focused on its position that assignment of tasks to paralegals, attorneys, or

administrative staff is a matter of professional judgment.  The Fee Examiner does not dispute

that BL must appropriately exercise its professional judgment.  Rather, the Fee Examiner

suggests disallowance for clerical and administrative tasks, regardless of who performed the

tasks, in the absence of some explanation of why the services required professional judgment.

The Fee Examiner has reviewed BL's response on this issue; a disallowance of 50 percent is

appropriate.

> *Many of these entries have been included in the compensation matters category, and will be subject to a reduction on that basis.*

> *Suggested disallowance for non-billable clerical and administrative tasks:  None.*

15.    **Billing for Compensation Matters**.  During the first interim fee period,

23 percent of the hours billed by BL were for the preparation of its retention application and

affidavits of disinterestedness and for fee applications. During the second interim period,
approximately 16 percent of the hours billed were related to fee applications. A one percent cap
for compensation and ongoing billing matters has been suggested in *In re Lehman Brothers
Holdings Inc., et al.*, No. 08-13555 (Bankr. S.D.N.Y. 2010).

16.     In response to the Fee Examiner's inquiry, BL has conducted its own analysis of
other retained professionals' billings related to fee applications and maintains that the proposed
disallowance is arbitrary, unprecedented, and unwarranted. BL further asserts that a percentage
limitation is "arbitrary and unfair" particularly when a professional has performed a limited
scope of work during an interim fee period. The Fee Examiner contends that this is precisely
why a percentage limitation makes sense. The time expended in a fee application should be
proportionate to the amount of work for which compensation is requested.

17.     BL refers to this Court's ruling on BL's First Fee Application, contending that the
Court allowed fees in excess of six percent related to compensation matters, which only included
time spent on fee statements and not time spent preparing fee applications.

BL's reference alludes to the 43.7 hours, or $15,628.50, billed to the category "fee
applications" during the first interim period. Several entries in that task category specifically
refer to the drafting of the fee application (entries on September 14, 21, 22 and 24). The Fee
Examiner did not object to hours billed to fee applications in connection with BL's First Fee
Application, but focused on the time expended on retention matters.

The Fee Examiner suggests capping BL's fees for fee application matters at four percent
of fees requested for the period covered by the Second Fee Application ($10,353.02).

*Suggested disallowance:  $25,580.98 (all requested fees above four percent).*

18.     **Legal Research**.  BL staffing for research projects appears appropriate for the
circumstances and reasonable as to amount.

*Suggested disallowance for legal research:  None.*

19.    **Vague Time Entries**.  The Fee Examiner has identified specific billing entries, totaling $3,752.50, that contain an insufficient description of a task and are non-compensable. BL has suggested that an evaluation of project codes will remedy these entries.  The task descriptions are nonetheless insufficient to evaluate the services provided.

*Suggested disallowance for vague time entries:  $562.88 (15 percent).*

20.    **Multiple Attendees**.  The Fee Examiner has requested an explanation for the attendance of three attorneys at a status conference on the JPMorgan Adversary proceeding.  BL stated that one partner's presence was required because he is the key litigation expert in this proceeding.  This partner is identified in the Second Fee Application as a litigation and bankruptcy professional.  That partner's billing rate is $525.00 an hour.  The second partner's presence was required as the key bankruptcy expert in this proceeding.  That partner's billing rate is $725.00 an hour.  The bankruptcy associate, who attended but did not participate in the conference, was critical because she was most familiar with the facts of the case.

*Although there may be instances when the presence of all three attorneys is appropriate, a status conference is not one of those instances.  Because the associate is a bankruptcy practitioner, and has a stated purpose for attendance, and the litigation expert is also a bankruptcy professional, the suggested disallowance is for time expended by the senior bankruptcy expert.*

*Suggested disallowance:  $725.00.*

21.    **Expenses**.  The Second Fee Application contains an Expense Summary.  *See* Second Fee Application, Exhibit E.  Although the detail of the expenses was initially insufficient to be compensable, BL has produced documentation at the request of the Fee Examiner to substantiate most of these expenses.  The remaining concerns arise from photocopy charges.  BL has requested reimbursement for 13,491 copies at $0.18 per page.  Pursuant to the First

Advisory, at 7, ¶ 17, copies will be allowed at $0.10 per page.  BL agrees with the reduction in copy charges.

*Suggested disallowance for copies:  $1,079.28.*

22.    The Second Fee Application provides that all expenses from the second interim period might not be included in the Second Fee Application due to delays caused by accounting or processing procedures, and BL reserves the right to make further application for expenses not included in the Second Fee Application.  (Second Fee Application, at 6, ¶ 14).  BL has been invited to supplement its filing, but it has not requested further expense reimbursement.

**Total fees suggested for disallowance:  $27,171.86.**

**Total expenses suggested for disallowance:  $1,079.28.**

**Total fees and expenses recommended for disallowance:  $28,251.14.**

**CONCLUSION**

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Second Fee Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of*

*Limited Objection* to the Butzel Long Second Fee Application.

Dated:  Green Bay, Wisconsin
          June 22, 2010.

GODFREY & KAHN, S.C.

By:      /s/ *Carla O. Andres*

Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: tnixon@gklaw.com
          candres@gklaw.com

*Attorneys for Fee Examiner*

5095670_2