**Hearing Date and Time: June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.,*                   :   Case No. 09-50026
     f/k/a General Motors Corp., *et al.,*              :   (Jointly Administered)
                                                        :
                              Debtors.                  :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO THE**
**SECOND INTERIM FEE APPLICATION OF JENNER AND BLOCK LLP**

   **TO:   THE HONORABLE ROBERT E. GERBER**
   **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Second Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* [Docket No. 5263] (the "**Second Fee Application**"). With this *Report and Statement of Limited Objection,* the Fee Examiner identifies specific objectionable fees and expenses in the Second Fee Application, which requests $45,662.50 in fees and $6,208.97 in expenses. The Fee Examiner respectfully represents:

**SUMMARY STATEMENT**

After reviewing the Second Fee Application, counsel for the Fee Examiner raised a series of concerns about the application by letter dated May 20, 2010 to Jenner & Block LLP ("**Jenner**"). On May 27, 2010, and in response to counsel's letter, the firm addressed some of these concerns. This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $6,313.29 in fees and expenses.

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On November 16, 2009, Jenner filed its first interim fee application [Docket No. 4451], seeking fees and expenses in the amount of $5,220,762.21.

3. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Jenner & Block LLP*, identifying $58,613.10 in fees and expenses that were objectionable. [Docket No. 5545] That report and statement is incorporated by reference.

4. On May 21, 2010, the Court entered an omnibus order approving a series of interim fee applications, including Jenner's. *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834]. Through that order, the Court approved Jenner's first interim fee application in the

2

amount of $4,899,768.05 in fees and $262,381.06 in expenses, authorizing payment of $4,409,791.25 in fees and $262,381.06 in expenses and requiring a continued holdback of ten percent of Jenner's requested fees.

5. On March 15, 2010, Jenner filed the Second Fee Application, seeking fees in the amount of $45,662.50 and expenses in the amount of $6,208.97, for total requested compensation of $51,871.47.

6. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Jenner reports it has previously submitted monthly statements and received payments from the Debtors totaling $34,655.73 for the period covered by the Second Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for the months of October, November and December. As of the date of the Second Fee Application, Jenner had not reported receiving payment for January fees and expenses. *See* Second Fee Application, ¶ 10.

7. According to the Debtors' records, Jenner received payment of $28,446.76 for fees and $6,208.97 in expenses incurred for the months of October, November, December and January, for a total payment of $34,655.73.

8. By correspondence dated May 20, 2010, counsel for the Fee Examiner provided Jenner with a summary of his preliminary analysis of the fees requested in the Second Fee Application, inviting Jenner to submit any additional information it desired. The preliminary analysis included information related to:

    A.    Scope of work; and

    B.    Expenses.

3

Jenner provided information in response to this preliminary analysis by correspondence dated May 27, 2010.

9.      On June 15, 2010, the Fee Examiner sent Jenner a draft of this *Report and Statement of Limited Objection* (the "**Draft Report**") with a limited objection to Jenner's fees, offering yet another second opportunity for discussion. Jenner provided no further information because none was necessary. All of the information provided by Jenner has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

10.     The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.

## COMMENTS

11.     **Project Staffing**. Services have been provided by two position titles for attorneys and two position titles for non-attorneys. The billing rate for partner-level attorneys ranges from $560 to $767 with a blended rate of $707.00 for all five partner-level attorneys in the time frame covered by the Second Fee Application. The billing rate for associate-level attorneys ranges from $274 to $339 with a blended rate of $285.21 for all three associate-level attorneys during the same period. The billing rate for the two titles of paraprofessionals are $160 and $260.

4

12. Approximately 23.52 percent of the hours billed during the time frame was performed at partner-level rates. An additional 46.71 percent of the hours billed during the same period was performed at associate-level rates. The remaining 29.77 percent of the hours was billed by paraprofessionals. The overall blended rate for all billers during the time frame is $375.51.

*Suggested disallowance for project staffing: none.*

13. **Billing for Fee Application Matters**. The Fee Examiner identified $27,187.90 in fees for time spent preparing the first interim fee application and an additional $7,778.90 in fees related to Jenner's review of its monthly invoices before submitting them to the Debtor. In response to the Fee Examiner's inquiry regarding $5,619 in fees that appeared to be duplicative or more appropriately characterized as administrative overhead, Jenner agreed to voluntarily reduce its fee request by $5,619.

14. The Fee Examiner also questioned whether in light of the very limited scope of substantive work Jenner is performing for the Debtors, it was appropriate for Jenner to convert to an ordinary course professional. The Fee Examiner noted that it had consulted with both the Debtors and the United State's Trustee's office, both of whom believed such a conversion was appropriate. Jenner has not yet taken steps to convert to an ordinary course professional.

*Voluntary reduction for fee application matters: $5,619.*

*Additional suggested disallowance for fee application matters: none.*

15. **Billing Discrepancies**. The Fee Examiner did not identify any overcharges, undercharges or double billing.

*Suggested disallowance for billing discrepancies: none.*

16. **Transient Billers**. The Fee Examiner did not identify any Jenner professionals who provided only sporadic services to the case.

5

*Suggested disallowance for transient billers: none.*

17. **Administrative Staff and Paraprofessionals**. Jenner billed 36.2 hours, representing $9,242 in fees, for work performed by a senior paralegal and a project assistant. After considering the rates Jenner billed for each of these paraprofessionals' work and the tasks assigned to each, the Fee Examiner concluded that the fees are reasonable for work necessarily performed. Jenner is not seeking compensation for work performed by law clerks or summer associates in the Second Fee Application.

*Suggested disallowance for administrative staff and paraprofessionals: none.*

18. **Communications**. The Jenner professionals who provided services during the second interim fee period do not appear to have expended an unreasonable amount of time conferencing or to have overstaffed conferences—with the exception of some fees that are part of the subject of Jenner's voluntary reduction for fee application matters.

*Suggested disallowance for communications: none.*

19. **Billing for Clerical and Administrative Tasks**. With the exception of fees that are part of the subject of Jenner's voluntary reduction for fee application matters, the Fee Examiner did not identify Jenner professionals billing for clerical or administrative tasks.

*Suggested disallowance for clerical and administrative tasks: none.*

20. **Block Billing**. Pursuant to the UST Guidelines, time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. Jenner professionals complied with this guideline consistently.

*Suggested disallowance for block billing: none.*

21. **Vague Entries**. Jenner professionals described the tasks they performed, including the participants and subject matter of communications consistently.

*Suggested disallowance for vague entries: none.*

6

22.     **Expenses**.  Jenner requests reimbursement for $6,208.97 in expenses incurred during the time period covered by the Second Fee Application.  In response to the Fee Examiner's inquiries, Jenner provided some documentation and explanation to support certain expenses identified by counsel to the Fee Examiner.

23.     Jenner voluntarily agreed to reduce its request for $90.95 for a July 6, 2009 out-of-town travel meal by $50.05 to bring the per-participant cost to $40.90.  In light of the guidance provided by the Local Guidelines, which cap overtime meals at $20 per person, the Fee Examiner recommends an additional reduction of $20.90, to bring the per-participant cost to $20.

24.     Jenner similarly agreed to reduce its request for $823.34 for a July 9, 2009 out-of-town travel meal by $383.34, again to bring the per-participant cost to $40.  Upon review of Jenner's documentation, however, the Fee Examiner notes that the documentation erroneously lists one participant twice.[1]  In light of the guidance provided by the Local Guidelines, the Fee Examiner recommends an additional reduction of $240, to bring the cost to $20 for each of the ten participants to the meal.

*Voluntary reduction of expenses:  $433.39.*

*Additional suggested disallowance of expenses:  $260.90.*

> ***Total fees suggested for disallowance:  $5,619.00.***
>
> ***Total expenses suggested for disallowance:  $694.29.***
>
> ***Total fees and expenses recommended for disallowance:  $6,313.29.***

---

[1] The participant is identified both as "self" (a partner) and under the partner's name.  The Fee Examiner also notes that Jenner incorrectly identified all participants to the meal as Jenner employees.  In fact, two of the participants are identified as GM employees and two others as Weil Gotshal employees; the remaining six participants are Jenner employees.

7

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Second Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on subsequent interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Second Fee Application.

Dated: Madison, Wisconsin
June 22, 2010.

GODFREY & KAHN, S.C.

By: */s/ Katherine Stadler*
Katherine Stadler (KS 6831)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: kstadler@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5039188_2

8