Hearing Date and Time: June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.,*                   :   Case No. 09-50026
     f/k/a General Motors Corp., *et al.,*              :   (Jointly Administered)
                                                        :
                              Debtors.                  :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF NO OBJECTION TO
THE SECOND INTERIM FEE APPLICATION OF JONES DAY**

**TO:    THE HONORABLE ROBERT E. GERBER
         UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of No Objection* in connection with the *Second Interim Application of Jones Day, Special Counsel to the Debtors and Debtors-in-Possession, Seeking Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses for the Period from October 1, 2009 Through January 31, 2010* [Docket No. 5285] (the "**Second Fee Application**"). It seeks Court approval to pay $10,297.00 in fees and $1,232.09 in expenses. With this *Report and Statement of No Objection,* the Fee Examiner identifies no objectionable

fees and expenses requested in the Second Fee Application. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

After reviewing the Second Fee Application, counsel for the Fee Examiner raised some preliminary observations by letter dated May 20, 2010 to Jones Day. On May 28, 2010, and in response to counsel's letter, Jones Day addressed those concerns. This *Report and Statement of Limited No Objection* summarizes the Fee Examiner's analysis in support of a recommendation that the Court allow in full the compensation and reimbursement sought by Jones Day.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On November 16, 2009, Jones Day filed its first interim fee application [Docket No. 4448], seeking fees and expenses in the amount of $459,756.18.

3. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of No Objection to the First Interim Fee Application of Jones Day* [Docket No. 5546]. That report and statement is incorporated by reference.

4. On May 21, 2010, this Court entered an omnibus order approving a series of interim fee applications, including Jones Day's. *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket

2

No. 5834]. Through that order, the Court approved Jones Day's first interim fee application in full in the amount of $455,396.65 in fees and $4,359.53 in expenses, authorizing the payment of $409,856.99 in fees and $4,359.53 in expenses, and requiring a continued holdback of 10 percent of Jones Day's requested fees. [Docket No. 5834].

5. On March 17, 2010, Jones Day filed the Second Fee Application, seeking fees in the amount of $10,297.00 and expenses in the amount of $1,232.09, for total requested compensation of $11,529.09.

6. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Jones Day reports it has previously submitted monthly statements and received payments from the Debtors totaling $9,469.69 for the period covered by the Second Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for the months of October and November. Jones Day is not requesting compensation for fees or expenses for the months of December and January. Effective March 17, 2010, Jones Day converted to an ordinary course professional. [*See* Docket No. 5283].

7. By correspondence dated May 20, 2010, counsel for the Fee Examiner provided Jones Day with a summary of his preliminary analysis of the fees requested in the Second Fee Application, inviting Jones Day to submit any additional information it desired. The preliminary analysis included information related to:

    A.    Fees for preparing the first interim fee application; and

    B.    Expenses.

Jones Day provided information in response to this preliminary analysis by correspondence dated May 28, 2010.

8. On June 15, 2010, the Fee Examiner sent Jones Day a draft of this *Report and Statement of No Objection* (the "**Draft Report**") Jones Day provided no further information because none was necessary. All of the information provided by Jones Day has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

9. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.

## COMMENTS

10. **Project Staffing**. Services provided by Jones Day have been provided by two attorneys at a billing rate of $410 for the partner-level attorney and $375 for the associate-level attorney. These rates are consistent with the billing rates disclosed by Jones Day in its retention application. *See Declaration of Andrew Kramer*, ¶ 3 [Docket No. 3282, Ex. B]. Jones Day is not seeking compensation for services provided by paraprofessionals, including paralegals, law clerks or summer associates. Jones Day's billing rates for services provided during the second interim fee period reflect the agreed-upon discounted rates between Jones Day and the Debtors

and not Jones Day's standard billing rates. *Id.*[1] The Fee Examiner has calculated the overall blended rate for both billers during the time frame covered by the Second Fee Application: $387.11.

*Suggested disallowance for project staffing:  none.*

11.     **Billing Increments**.  The two Jones Day professionals who provided services during the second interim fee period appear to have billed in tenth-of-an-hour increments consistently as required under the UST Guidelines.

*Suggested disallowance for billing increments:  none.*

12.     **Overcharges, Undercharges and Double Billing**.  The Fee Examiner did not identify any billing discrepancies.

*Suggested disallowance for billing discrepancies:  none.*

13.     **Transient Billers**.  Neither of Jones Day's two professionals who provided services during the time period covered by the Second Fee Application appears to have provided sporadic services to the estate.  Significant use of transient billers who engage in only sporadic work would have raised questions about the necessity and value of services those billers provided to the estate.

*Suggested disallowance for transient billers:  none.*

14.     **Communications**.  The two Jones Day professionals who provided services during the second interim fee period do not appear to have expended an unreasonable amount of time conferencing.

*Suggested disallowance for communications staffing:  none.*

---

[1] As part of his analysis of Jones Day's first interim fee application, the Fee Examiner inquired of Jones Day about the basis for the fee discount. Jones Day disclosed it discounted its standard billing rates for the benefit of the Debtor as a result of the Debtor's request for such a discount for pre-petition legal services. Jones Day applied those same pre-petition discounted rates to work for the Debtors performed after the bankruptcy filing.

5

15. **Billing for Clerical and Administrative Tasks**. Jones Day professionals do not appear to have billed for clerical or administrative tasks at professional rates. The Fee Examiner notes that Jones Day professionals did not report relying on paraprofessional assistance on their work or, in the alternative, Jones Day did not bill for such services.

*Suggested disallowance for clerical and administrative billing: none.*

16. **Billing for Fee Application Matters**. The only work for which Jones Day is seeking compensation in the Second Fee Application is for time related to preparing the first interim fee application. Jones Day has not previously requested any compensation in connection with preparation of that application, which totaled $455,396.65 in fees. Thus, the fees requested for fee application activities during the second interim fee period comprise roughly 2.3 percent of the total fees requested in the first interim fee period.

*Suggested disallowance for fee application-related billing: none.*

17. **Block Billing**. Pursuant to the UST Guidelines, time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. Jones Day professionals complied with this guideline consistently.

*Suggested disallowance for block billing: none.*

18. **Vague Entries**. Jones Day professionals consistently described in detail the tasks they performed, including the participants to communications.

*Suggested disallowance for vague entries: none.*

19. **Expenses**. Jones Day requests reimbursement for $1,232.09 in expenses. Jones Day did not provide any documentation with the fee application to support that the expenses it identifies were actually incurred or to support a claim that the expenses were necessary and reasonable.

6

20. The expenses are identified in the Fee Application as "Consultants and Agents Fees" and appear to be legal fees. Legal fees are generally not reimbursable as expenses because they allow a professional to circumvent the retention process. *See*, *e.g.*, *In re Midland Capital Corp.*, 82 B.R. 233, 241 (Bankr. S.D.N.Y. 1988). The Court, however, specifically authorized Jones Day to seek reimbursement of legal fees for local counsel in Jones Day's retention order. *Order Pursuant to 11 U.S.C. § 327(e) Authorizing The Employment and Retention of Jones Day as Special Counsel For The Debtors, Nunc Pro Tunc to The Petition Date*, at 3 [Docket No. 3633].

*Suggested disallowance for expenses: none.*

21. **Billing Judgment**. Jones Day has voluntarily written off $8,858.50 in time charges and $85.93 in expenses. *See* Second Fee Application, ¶ 13.

*Total expenses suggested for disallowance: None.*

*Total fees suggested for disallowance: None.*

*Total fees and expenses recommended for Disallowance: None.*

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for the observations to the Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* to the Fee Application.

Dated: Madison, Wisconsin
June 22, 2010.

                GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*
Katherine Stadler (KS 6831)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: kstadler@gklaw.com
       tnixon@gklaw.com

*Attorneys for Fee Examiner*

5039184_2

8