Hearing Date and Time:  June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re                                                     : Chapter 11 Case No.
                                                          :
MOTORS LIQUIDATION COMPANY *et al.,*                      : 09-50026 (REG)
      f/k/a General Motors Corp. *et al.,*   : (Jointly Administered)
                                                          :
            Debtors.                 : Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO FIRST INTERIM FEE APPLICATION OF PLANTE & MORAN, PLLC**

**TO:**    **THE HONORABLE ROBERT E. GERBER**
         **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009, submits this *Report and Statement of Limited Objection* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *First Application of Plante & Moran, PLLC, As Accountants for the Debtors, For Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 9, 2009 through January 31, 2010* [Docket No. 5294] (the "**Fee Application**"). The Court appointed the Fee Examiner to monitor the fees and expenses incurred by

professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection. With this *Report and Statement of Limited Objection*, the Fee Examiner identifies $94.77 in expenses, from a total of $359,443.02 requested in the Fee Application, that are objectionable. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

A fee applicant bears the burden of proof on all of the elements of a fee application, including establishing that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred. A fee application must additionally comply with the format and content requirements set forth in applicable guidelines and bankruptcy rules.

In general, the Fee Application appears substantively sound. It requests a total of $359,443.02. Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Plante & Moran, PLLC ("**P&M**") by letter dated May 13, 2010. On June 15, 2010, the Fee Examiner sent P&M a draft of this *Report and Statement of Limited Objection*, offering a second opportunity for discussion. On June 21, 2010, P&M provided supplemental detail in response to the Fee Examiner's concerns. This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $94.77 in expenses for a total suggested reduction of $94.77.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors

2

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

3. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

4. On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

5. On March 17, 2010, the Debtors' counsel filed its *Application of Motors Liquidation Company for Entry of Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Plante & Moran, PLLC as Accountants and Consultants Nunc Pro Tunc to October 9, 2009* [Docket No. 5292] (the "**Retention Application**"). There were no objections to the Retention Application, and P&M was appointed by this Court's *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Plante & Moran, PLLC as Accountants and Consultants Nunc Pro Tunc to October 9, 2009* dated April 5, 2010 [Docket No. 5421] (the "**Retention Order**").

3

6. On March 17, 2010, the Fee Application was filed, seeking fees in the amount of $354,195.70 and expenses in the amount of $5,247.32, for total requested compensation in the amount of $359,443.02.

7. As of the filing of the Fee Application, P&M had not yet been paid any compensation pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

8. Subsequent to the date of the Fee Application, P&M has been paid $283,356.56 in fees and $5,247.32 in expenses, constituting 80 percent of the fees requested and 100 percent of expenses submitted, subject to Court review and approval, leaving an outstanding request for $70,839.14 in connection with the Fee Application.

9. The Fee Examiner has evaluated the Retention Application, the Retention Order, and the Fee Application.

10. By correspondence dated May 13, 2010, counsel to the Fee Examiner requested supplemental information from P&M as part of its review of specific matters involving the fees requested. The supplemental information requested included:

    A. Expanded definitions of services provided;

    B. Explanations of administrative or clerical tasks; and

    C. Support for certain meal expenses.

11. On June 15, 2010, the Fee Examiner sent P&M a draft of this *Report and Statement of Limited Objection*.

12. On June 21, 2010, P&M provided supplemental detail in response to the Fee Examiner's concerns. All of the materials and comments provided by P&M were considered by the Fee Examiner.

## APPLICABLE STANDARDS

13. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.

## COMMENTS

14. **Project Staffing**. Services have been provided by at least nine partners, approximately four associates, and more than seven paraprofessionals or administrative staff. The billing rate for partners ranges from $335.00 to $415.00 per hour, and for associates from $155.00 to $305.00 per hour during the time period of the Fee Application. *See* Fee Application, Summary.[1] The overall blended rate is $250.00. Fee Application, Summary. Billing by partners accounted for 654.7 hours or approximately 46 percent of the total number of hours billed during the period. *See id.*

*In the absence of extenuating circumstances brought to the attention of the Fee Examiner, the preferred practice is for tasks to be managed by senior personnel with tasks*

---

[1] Some retained professionals considered the volume of legal work generated by the Debtors and the unusual nature of the debtor-in-possession financing and, accordingly, implemented discounted rate structures. P&M did not.

*performed at the lowest appropriate billing rate by less senior personnel. P&M has highlighted and explained in its initial application the "higher than usual percentage of partner time" billed.*

*Suggested disallowance for project staffing: None.*

15. **Scope of Work**. The Fee Examiner has requested further information relating to two entries within the project code "GOV" for January 14, 2010 indicating "Research BOD meeting presentations for information regarding initial Board selections."

*P&M has provided an appropriate explanation of these services. Suggested disallowance: None.*

16. **Time Increment Analysis and Block Billing**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour, and to note detail for services in separate time entries without "block billing." P&M's Fee Application was exemplary in this regard.

17. **Travel Time**. Non-working travel time is compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). Travel time has been identified by P&M in the Fee Application and has been discounted by 50 percent.

18. **Clerical and Administrative Charges**. Numerous billing entries, totaling $5,260.00 in fees, describe clerical or administrative non-compensable services.

*P&M has provided additional detail relating to these entries, resolving this concern. Suggested disallowance for non billable clerical and administrative tasks: None.*

19. **Vague Tasks and Communications**. The Fee Examiner has identified specific billing entries that fail to comply with the UST Guidelines, aggregating $1,414.00. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail

6

to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

> *P&M has provided more specificity on time detail for entries, resolving this concern. Suggested disallowance for vague time entries: None.*

20.   **Expenses**.  The Fee Application, Exhibit C, contains an Expense Summary totaling $5,247.32.  However, the Fee Examiner's calculation of the total reimbursement requested totals $5,258.52.  The difference appears to be a miscalculation by P&M in the transportation category.  The Fee Examiner has the following concerns:

   A.   Meal expenses totaling $343.67 have been submitted for reimbursement. One meal expense was submitted by an employee that only billed 2.1 hours for services to the Debtors on the date of the requested reimbursement.

   > *Agreed disallowance for meals charged due to Debtors where nominal time detail has been provided for services on the same date: $28.32.*

   B.   Meal expenses have routinely exceeded the $20.00 allowance identified in the First and Second Advisory.  Meal expenses are limited to $20.00 per individual per meal.

   > *Agreed disallowance for meals beyond $20.00 per meal: $66.45.*

21.   P&M has also advised the Fee Examiner that, during its *nunc pro tunc* service period, P&M solicited assistance from a Canadian accounting firm (Meyers Norris Penny) with which P&M occasionally consults.  P&M expected its use of this firm to be isolated and *de minimis*, not to exceed $5,000.00 in fees.  The Canadian firm performed its services before P&M received any guidance from the U.S. Trustee or Fee Examiner regarding the propriety of its sub-retention.  As a result, P&M has elected to waive reimbursement for this retention

7

(approximately $5,600.00) and has not included such charges in its fee or expense reimbursement request.

> *Total fees suggested for disallowance: $0.00.*
>
> *Total Expenses Suggested for Disallowance: $94.77.*
>
> *Total Fees and Expenses Suggested for Disallowance: $94.77.*

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

Dated: Green Bay, Wisconsin
       June 22, 2010.

                              GODFREY & KAHN, S.C.

                        By:      */s/ Carla O. Andres*
                              Carla O. Andres (CA 3129)
                              Timothy F. Nixon (TN 2644)

                              GODFREY & KAHN, S.C.
                              780 North Water Street
                              Milwaukee, Wisconsin 53202
                              Telephone: (414) 273-3500
                              Facsimile: (414) 273-5198
                              E-mail: candres@gklaw.com
                                              tnixon@gklaw.com

                              *Attorneys for Fee Examiner*

5100051_1

9