**Hearing Date and Time: June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.,*                        :   Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*          :   (Jointly Administered)
                                                             :
                              Debtors.              :   Honorable Robert E. Gerber
                                                             :
------------------------------------------------------------ x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO
SECOND INTERIM FEE APPLICATION OF THE CLARO GROUP**

**TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE**

      The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Second Interim Application of The Claro Group, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2009 through January 31, 2010* [Docket No. 5290] (the "**Second Fee Application**"). With this *Report and Statement of Limited Objection,* the Fee Examiner identifies certain objectionable fees and expenses requested in the Second Fee Application, which requests a total of $661,148.91. The Fee Examiner respectfully represents:

### SUMMARY STATEMENT

After reviewing the Second Fee Application, counsel for the Fee Examiner raised a series of concerns about the application by letter dated June 4, 2010 to The Claro Group ("**Claro**"). On June 11, 2010, and in response to counsel's letter, Claro addressed some—but not all—of these concerns. This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $15,856.30 in fees and expenses. Most of these recommended reductions are attributable to the improper use of time increments in billing and vague communications.

### BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.  On November 20, 2009, Claro filed its *First Interim Application of The Claro Group, LLC for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through September 30, 2009* (the "**First Fee Application**") [Docket No. 4506], seeking fees and expenses in the amount of $190,451.05.

3.  On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of The Claro Group, LLC* [Docket No. 5558] identifying $41,336.47 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

2

4. On April 29, 2010, this Court issued an oral ruling that granted Claro's First Fee Application in part but required a continued holdback of 10 percent of Claro's requested fees. On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834] approving a series of interim fee applications, including the application submitted by Claro. The Omnibus Order authorized payment to Claro of $172,013.59 for fees (which included the 10 percent holdback) and $437.46 for expenses.

5. On March 17, 2010, Claro filed its Second Fee Application, seeking fees in the amount of $652,010.50 and expenses in the amount of $9,138.41, for total requested compensation of $661,148.91.

6. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Claro reports it has previously submitted monthly statements and received payments from the Debtors totaling $458,429.52 for the period covered by the Second Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for the months of October, November, and December 2009. Claro has not yet received payment for January fees or expenses, *see* Second Fee Application, ¶¶ 7, 8, and has an outstanding request for $202,719.39 in connection with the Second Fee Application.

7. By correspondence dated June 4, 2010, counsel for the Fee Examiner provided Claro with his preliminary analysis of the fees requested in the Second Fee Application, inviting

3

Claro to submit any additional information in support of the application. The preliminary analysis included information related to:

    A.    Project staffing;

    B.    Scope of work;

    C.    Specificity of billing entries;

    D.    Timekeeping issues;

    E.    Multiple conference attendees; and

    F.    Hotel and transportation expenses.

Claro provided information in response to this preliminary analysis by telephone conference on June 11, 2010 and by correspondence dated June 16, 2010.

    8.    On June 15, 2010, the Fee Examiner sent Claro a draft of this *Report and Statement of Limited Objection* (the "**Draft Report**") with a limited objection to Claro's fees, offering yet another opportunity for discussion. Claro provided further information by correspondence dated June 17, 2010. All of the information provided by Claro has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

    9.    The Second Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

4

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.

## COMMENTS

10. **Scope of Retention**. As discussed in the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of The Claro Group, LLC* (the "**First Objection**") [Docket No. 5558], Claro's retention is governed by the retention order [Docket No. 3632], which, in turn, is further defined by the engagement letter, as amended. The retention order authorizes Claro to perform a defined scope of work for an estimated $185,000.00. The retention application states that Claro will spend approximately 550 hours completing the scope of work in the engagement letter. Claro has been compensated in excess of $170,000.00 in connection with its First Fee Application, and now seeks in excess of $650,000.00 in its Second Fee Application. Claro's budgets for February, March, and April are for $150,000.00, $175,000.00, and $160,000.00, respectively.

*Claro is performing services outside the scope of its retention. The retention order provides guidance to the Fee Examiner regarding the services Claro is authorized to perform and a reasonable estimated cost of those services. This information has been expanded, without Court authorization, by the conduct of the Debtors and Claro. As such, the Fee Examiner suggests that Claro seek an amendment to its retention order, including an increased fee estimate. Claro rejects this suggestion, relying on language in the retention letter referencing "such other work as requested by the Client."*

11. **Project Staffing**. In his First Objection, the Fee Examiner raised concerns related to project staffing. These concerns continued with the Second Fee Application. In the absence of extenuating circumstances brought to the attention of the Fee Examiner, the preferred practice is for tasks to be managed by senior personnel with work principally performed at the lowest appropriate billing rate. Services were provided by professionals with eight billing titles. Sixty percent of the hours billed by Claro professionals were at the three highest billing rates—principal, director, and managing director. Claro has demonstrated that this staffing is

5

appropriate during this phase of its representation as Claro's most skilled and experienced professionals worked with regulators to resolve remediation concerns. Claro believes this level of staffing will shift after the third interim fee period.

12. **Time Increment Analysis**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, one specific timekeeper, while reporting time in one-tenth of an hour increments, billed all days in an aggregate of full or half hours, suggesting that time was estimated in hindsight or not contemporaneously or precisely maintained. Total billings for this timekeeper are $97,350.00. In addition, three other timekeepers billed more than 65 percent of their time in half hour increments. Finally, a few timekeepers reported time in increments of one-quarter of an hour. This practice disregards the guideline requirement of billing in one-tenth of an hour increments and appears to reflect "rounding" of time, rather than an accurate billing based on contemporaneous records.

*The significant percentage of half hour increments suggests that billing is not being contemporaneously maintained in one tenth of an hour increments.*

*Suggested disallowance for time increment analysis: $14,602.50 (15 percent).*

13. **Block Billing**. Block billing is prohibited by the UST Guidelines at (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id.* The audit identified some entries by Claro professionals for multiple tasks in excess of .5 hours in aggregate time that do not comply with this guideline. Total entries indicating block billing total $11,417.00.

*Claro has provided revised billing entries that resolve this concern.*

*Suggested disallowance for block billing: None.*

14. **Travel Time**. Non-working travel time is compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half

6

the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The First and Second Advisories have requested that travel time be itemized separately. Further, all fees incurred that are reduced or written off by a professional should be disclosed. No travel time has been identified by Claro in the Fee Application.

*Claro has advised the Fee Examiner that Claro does not bill non-working travel time to its clients.*

15. **Clerical and Administrative Charges**. Numerous billing entries, totaling $15,020.50 in fees, describe clerical or administrative non-compensable services.

*Claro has provided additional information that resolves this concern in part. Remaining non-compensable services total $3,897.00.*

*Suggested disallowance for non billable clerical and administrative tasks: $584.55 (15 percent).*

16. **Multiple Participants in Conferences**. The Fee Examiner has identified a number of conferences and conference calls attended by more than one person. On multiple occasions, parties billed differing time increments for what appears to be the same telephone conference. In these instances, the Fee Examiner suggests allowance of fees at the lowest time allocated to the specific task. In addition, in the absence of an explanation of the necessity for multiple attendees at conferences, those conferences identified by the Fee Examiner should be allowed for one person at the highest billing rate and a second person, on 50 percent of the occasions, at the mean billing rate charged to the task.

*There are occasions when more than one person needs to participate in a meeting or conference call—particularly at the outset of retention or a particular project, yet those occasions require more explanation. Claro has sufficiently addressed this concern for the second interim period, but the Fee Examiner remains concerned with the issue of multiple conference participants with all environmental professionals.*

*The Fee Examiner also notes that meetings and the provision of other services have occurred in connection with environmental insurance issues. The Fee Examiner will defer any evaluation of the expenditure of time in connection with environmental insurance issues until the results of the services are ascertainable.*

*Suggested disallowance for multiple participants in conference: None.*

17.     **Vague Communications**. The Fee Examiner has identified specific billing entries that fail to comply with the UST Guidelines, aggregating $98,562.75. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v).

*Claro has provided revised billing entries that resolve this concern.*

*Suggested disallowance for vague communications: None.*

18.     **Vague Tasks**. The Fee Examiner has identified specific billing entries aggregating $12,213.50 that contain an insufficient description of a task and are non-compensable. In addition, the Fee Examiner has identified $18,981.00 in incomplete time entries that appear to be vague due to formatting issues that cut off the time entries.

*Claro has provided revised time entries that resolve the majority of the vague tasks, and all of the incomplete entries. Remaining entries with an insufficient description total $2,795.00.*

*Suggested disallowance for vague tasks: $419.25 (15 percent).*

19.     **Interim Period**. Two entries aggregating $495.00 request compensation for services rendered on September 4 and 23, 2009. These dates are outside of the interim fee period and have not been properly submitted in connection with the Second Fee Application.

*Suggested disallowance for work outside the interim fee period: None.*

20.     **Double Billing**. One individual has erroneously recorded a duplicate time entry. Claro agrees this duplicate entry was made in error.

*Suggested disallowance for double billing: $250.00.*

8

21. **Expenses**. The Second Fee Application, Exhibit C, contains an expense summary. Although the detail of these expenses was initially insufficient to be compensable, Claro has produced documentation at the request of the Fee Examiner to substantiate most of these expenses. The remaining concerns are:

    A.    Travel Expense. Two charges were submitted for local travel in New York City for MLC meetings on January 27, 2010, but the requester did not bill for any services that day.

*Claro has demonstrated that the travel was necessary and appropriate to meetings the following day.*

*Suggested disallowance for travel expense: None.*

    B.    Hotel Expense. A request for hotel reimbursement in the amount of $1,100.29 appears to be excessive. The Fee Examiner has requested confirmation that this charge does not cover multiple nights or multiple rooms.

*Claro has provided supplemental detail to resolve this concern.*

*Suggested disallowance for hotel expense: None.*

***Total fees suggested for disallowance: $15,856.30.***

***Total expenses suggested for disallowance: $0.00.***

***Total fees and expenses recommended for disallowance: $15,856.30.***

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Second Fee Application. It is not intended to be an exhaustive or exclusive list of *possible* objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee

9

Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to The Claro Group's Second Fee Application.

Dated: Green Bay, Wisconsin
June 22, 2010.

GODFREY & KAHN, S.C.

By: */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5097744_2

10