UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

GENERAL MOTORS CORP., et al

Debtors.

_____/

Case No. 09-50026-REG
Chapter 11
Jointly Administered

## RESPONSE BY THE DEPARTMENT OF TREASURY OF
## THE STATE OF MICHIGAN TO
## DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS

Now comes the Department of Treasury of the State of Michigan (Michigan Treasury) by

and through its attorneys, Michael A. Cox, Attorney General, and Kathleen A. Gardiner,

Assistant Attorney General and files this limited objection to Debtor's Seventeenth Omnibus

Objection to Claims.  This objection is filed solely on behalf of the State of Michigan

Department of Treasury and does not raise objections which other agencies of the State of

Michigan may assert.

Debtors' Objections to proofs of claims 62066, 70125 and 68606 on the basis that the

Tax Claims filed have been assumed by New GM pursuant to the Master Purchase Agreement

are therefore not liabilities of MCL or the Debtors and should therefore be disallowed and

expunged lack merit for the following reasons:

1.      On June 1, 2009 a bankruptcy case for Debtors General Motors Corporation *aka*

        GMC Truck Division *aka* Automotive Market Research *aka* NAO Fleet Operations

        *aka* National Car Rental *aka* GM Corporation *aka* National Car Sales *aka* GM

        Corporation-GM Auction Department ("Debtors") was filed in the United States

        Bankruptcy Court for the Southern District of New York.

1

2.    The case was assigned case number 09-50026-reg and was assigned to Judge Robert
E. Gerber.

3.    Debtors sought, and on June 1, 2009, the Bankruptcy Court entered, an Order
Pursuant to 11 U.S.C. §§ 363(b), 507(a)(8), 541, and 105(a) Authorizing Debtors to
Pay Prepetition Taxes and Assessments.

4.    The above-referenced Order, inter alia, authorized "...the Debtors to pay, in their sole
discretion, all Property Taxes, Sales Taxes, Use Taxes, Excise Taxes, Gross Receipts
Taxes, Franchise Taxes, Business License Fees, Annual Report Taxes, and Other
Governmental Assessments (collectively, the 'Taxes and Assessments') relating to
periods prior to the Commencement Date, including any penalties and interest thereon
determined to be owed for periods prior to the Commencement Date and all those
Taxes and Assessments subsequently determined upon audit, or otherwise, to be
owed for periods prior to the Commencement Date..."

5.    On November 30, 2009, the State of Michigan Department of Treasury filed a
Priority Proof of Claim in Case No. 09-50026 for unpaid Michigan Single Business
Tax, unpaid Michigan Business Tax and unpaid Use Tax and interest due for taxing
periods 2000 through May 31, 2009 in the amount of $113,148,363.28. That Claim
was given the claim number 62066. That Priority Claim was amended on March 12,
2010 to $113,213,890.45 and that Amended Claim was given the claim number
70125.

6.    On November 30, 2009, the State of Michigan Department of Treasury filed an
Unsecured Proof of Claim in Case No. 09-50026 for penalty for unpaid Michigan

2

Business Tax for the taxing periods 2008 in the amount of $1,438.499.60. That

Claim was given the claim number 68606.

7.    On July 5, 2009, United States Bankruptcy Judge Robert E. Gerber entered an Order

(I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and

Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II)

Authorizing Assumption and Assignment of Certain Executory Contracts and

Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief.

8.    The §2.3 of the Amended and Restated Master Sale and Purchase Agreement by and

among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation

and Chevrolet-Saturn of Harlem, Inc., as Sellers and NGMCO, Inc., as Purchaser,

dated as of June 26, 2009 defined "Assumed Liabilities" to be assumed by purchaser

NGMCO, Inc., and thereafter by General Motors Company *aka* General Motors,

LLC, *aka* New GM, as follows, in pertinent part:

a.    The "Assumed Liabilities" shall consist only of the following Liabilities of

Sellers:

* * * *

(v)    all Liabilities of Sellers (A) arising in the Ordinary Course of Business
during the Bankruptcy Case through and including the Closing Date, to the extent
such Liabilities are administrative expenses of Sellers' estates pursuant to Section
503(b) of the Bankruptcy Code and (B) arising prior to the commencement of the
Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by
Sellers pursuant to a Final Order (and for the avoidance of doubt, Sellers'
Liabilities in clauses (A) and (B) above include Sellers' Liabilities for personal
property Taxes, real estate and/or other ad valorem Taxes, use Taxes, sales Taxes,
franchise Taxes, income Taxes, gross receipt Taxes, excise Taxes, Michigan
Business Taxes and Michigan Single Business Taxes), in each case...

3

9.     On May 27, 2010, Debtors filed a Notice of Debtors' Seventeenth Omnibus Objection

to Claims (Tax claims Assumed by General Motors, LLC). Therein, Debtors, inter

alia, indicated the following:

> "The Debtors have examined the proofs of claim identified on Exhibit A hereto filed
> by certain taxing authorities (collectively, the **"Taxing Authorities"**) and have
> determined that the proof of claim listed under the heading *"Claims to be Disallowed
> and Expunged"* (collectively, the **"Tax Claims"**) are claims related to tax liabilities
> that have been assumed by General Motors, LLC (**"New GM"**) pursuant to the terms
> of that certain Amended and Restated Master Sale and Purchase Agreement (the
> **"Master Purchase Agreement"**), dated as of June 26, 2009, by and among General
> Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn
> of Harlem, Inc., and New GM. The Tax Claims have been assumed by New GM
> pursuant to the Master Purchase Agreement and are therefore not liabilities of MLC
> or the Debtors and should therefore be disallowed and expunged."

10.    Counsel for the Michigan Department of Treasury, having raised the concern that

without specific clarification the disallowance and expungement of the Michigan

Department of Treasury's claims in the bankruptcy case might leave it open for

General Motors Company *aka* General Motors, LLC *aka* New GM to argue that the

Michigan Department of Treasury claims had not met the requirements for

assumption of liability by General Motors Company *aka* General Motors, LLC *aka*

New GM under the language of the Amended and Restated Master Sale and Purchase

Agreement (specifically under the clause "to the extent approved by the Bankruptcy

Court for payment by Sellers pursuant to a Final Order") and that by allowing the

disallowance and expungement of its claims in the Bankruptcy case, the Michigan

Department of Treasury might be risking the extinguishment of its entitlement to

payment from General Motors Company *aka* General Motors, LLC *aka* New GM and

at the same time risk extinguishing the Bankruptcy Court's jurisdiction over the

4

assumed above-described tax liabilities, requested Debtors to agree to the following

clarification:

WHEREFORE, General Motors Company *aka* General Motors, LLC *aka* New GM, and the

Michigan Department of Treasury, by and through their respective Counsel, agree to the

following:

1.      The Final Order referred to by the language of the Amended and Restated Master

        Sale and Purchase Agreement and specifically within the clause "to the extent

        approved by the Bankruptcy Court for payment by Sellers pursuant to a Final

        Order" relates to the Court's June 1, 2009 Order Pursuant to 11 U.S.C. §§ 363(b),

        507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and

        Assessments, that the Bankruptcy Court has therefore approved Debtors'

        prepetition tax liabilities for payment, and that therefore Debtors' prepetition tax

        liabilities to the Michigan Department of Treasury have been assumed by General

        Motors Company *aka* General Motors, LLC *aka* New GM.

2.      General Motors Company *aka* General Motors, LLC *aka* New GM acknowledges

        that it has assumed Debtors' prepetition tax liabilities to the Michigan Department

        of Treasury subject to its rights as a taxpayer to review and dispute tax claims

        with the Michigan Department of Treasury in the ordinary course pursuant to

        Michigan law.

3.      Upon execution of this agreement, the State of Michigan will withdraw its claims

        numbers 62066, 68606 and 70125.

And although Counsel for General Motors Company has shown every courtesy and made verbal

assurances that the parties can reach agreement, nevertheless time grows short for responding to

the Debtors' Seventeenth Omnibus Objection so that Michigan Department of Treasury must file

this response in order to preserve its claims 62066, 70125 and 68606.


WHEREFORE, the Michigan Department of Treasury respectfully request that this Court

not disallow and expunge its claims 62066, 70125 and 68606 until and unless the parties can

reach an agreement clarifying the assumption of the underlying tax liabilities by General Motors

Company aka New GM.


Respectfully submitted,

Michael A. Cox
Attorney General

/s/Kathleen A. Gardiner
Kathleen A. Gardiner (P45245)
Assistant Attorney General
Revenue Division
3030 W. Grand Blvd Ste 10-220
Detroit, MI 48202
Telephone: (313) 456-0140
gardinerk@michigan.gov

Dated: June 22, 2009