**Hearing Date and Time: June 29, 2010 at 9:45 a.m. (Prevailing Eastern Time)**

Butzel Long, a professional corporation
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**REPLY OF BUTZEL LONG TO FEE EXAMINER'S LIMITED**
**OBJECTION TO SECOND INTERIM FEE APPLICATION OF BUTZEL LONG**

TO:  THE HONORABLE ROBERT E. GERBER,
     UNITED STATES BANKRUPTCY JUDGE:

Butzel Long, a professional corporation ("**BL**"), Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation (the "**Committee**"), files this reply to the Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Butzel Long (the "**Report**"), dated June 22, 2010 [Docket No. 6081], and respectfully states:

1.  BL filed its second application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from October 1, 2009 through January 31, 2010 (the "**Second BL Application**") on March 17,

2010 [Docket No. 5293] requesting the allowance of $271,014.48, comprised of $258,825.50 of fees and $12,188.98 of expenses.

2. By telephone call on May 6, 2010, the Fee Examiner requested specific information from BL concerning the Second BL Application. BL provided such additional information to the Fee Examiner in a series of correspondence.

3. Based upon its dialogue with the Fee Examiner, BL has agreed to reduce the amounts requested in the Second BL Application by $2,670.16[1], so that the amount BL currently requests in the Second BL Application is $268,344.32, which is comprised of $257,234.62 for fees and $11,109.70 for expenses. The Fee Examiner is seeking a further reduction of $25,580.98 for fees.

## COMPENSATION FOR PROFESSIONAL SERVICES RENDERED

4. Consequently, there is only one area remaining in dispute between BL and the Fee Examiner as it relates to the Second BL Application: the Fee Examiner seeks the disallowance of $25,580.98 of fees relating to compensation matters for payment to BL (the "**Challenged Fees**").

5. At this point, BL's only objection to the Report concerns the Fee Examiner's assertion that fees incurred in connection with compensation matters should equal no more than four percent (4%) of BL's total billings for the period of time covered by the Second BL Application. BL's fees incurred in connection with compensation matters relate to the preparation of fee applications, monthly fee statements and monthly budgets in connection with

---

[1] The sum of $2,670.16 is comprised of (i) $562.88 for vague time entries, (ii) $1,079.28 for copy charges at $0.18 per page rather than $0.10 per page, (iii) $303.00 for a billing rate error and (iv) $725.00 for multiple attendees at a status conference. Although BL believes that the Fee Examiner's position as to vague time entries, the billing rate error and multiple attendees is not sustainable, BL is nonetheless willing to reduce the fees and expenses requested in the BL Application by $2,670.16 (to $268,344.32) so as not to take up the Court's valuable time on matters of such little economic significance.

2

this Court's (a) Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated August 7, 2009 and (b) Stipulation and Order With Respect to Appointment of a Fee Examiner, dated December 23, 2009.  While it is already clear that time spent preparing fee applications is compensable, the preparation of monthly fee statements is directly related to the preparation of fee applications and reduces the amount of time required to be spent preparing fee applications.

6. The Fee Examiner's "4%" approach has no legal precedent and, even if a percentage cap were appropriate, (and BL does not think it is), it is arbitrary and unfair when applied particularly to BL inasmuch as BL had only one active matter during the period of time covered by the Second BL Application (i.e., through January 31, 2010).

**Analysis Of Compensation Matters**

7. BL analyzed the fee applications submitted by various professionals concerning compensation matters for the period of time covered by the Second BL Application in order to determine how much professionals generally billed for compensation matters in the Debtors' chapter 11 cases.  In particular, BL analyzed the fee applications of Jenner & Block LLP (Attorneys for Debtors and Debtors in Possession) ("**Jenner**"), Jones Day (Special Counsel to Debtors and Debtors in Possession), Kramer Levin Naftalis & Frankel LLP ("**Kramer**") (Attorneys for the Committee) and Weil, Gotshal & Manges LLP (Attorneys for Debtors and Debtors in Possession) ("**Weil**").  Based on BL's review of these fee applications, it is clear that BL's fees in connection with compensation matters, in total and as a percentage of overall billings, were reasonable - arguably low - and therefore none of the $25,580.98 in Challenged Fees should be disallowed.

8.      BL incurred $35,934.00 in fees and spent 100.5 hours, at a blended rate of $357.55, on compensation matters. Approximately 16% of the total hours billed by BL relate to compensation matters. Jenner incurred approximately $29,600.70 in fees and spent nearly 92.2 hours, at a blended rate of $321.05, on compensation matters. Approximately 75% of the total hours billed by Jenner relate to compensation matters. Jones Day incurred $10,297.00 in fees and spent 26.6 hours, at a blended rate of $387.11. 100% of the total hours billed by Jones Day relate to compensation matters. Kramer incurred $52,901.00 in fees and spent 139.6 hours, at a blended rate of $378.95, on compensation matters. Approximately 6.7% of the total hours billed by Kramer relate to compensation matters. Weil incurred $269,122.50 in fees and spent 932.6 hours, at a blended rate of $288.57, on compensation matters. Approximately 8% of the total hours billed by Weil relate to compensation matters.

9.      As BL believes that there is no basis to challenge the reasonableness of the time spent, and fees incurred, by Jenner, Jones Day, Kramer and Weil on such matters, it follows that BL also believes that the time BL spent on compensation matters is reasonable and that no disallowance is warranted.

10.     As explained above, the services performed by BL in connection with compensation matters were actual and necessary and the compensation requested therefore was reasonable. Accordingly, the Court should not adopt the Fee Examiner's recommendation, but rather should approve the Second BL Application, as amended hereby.

## **CONCLUSION**

11.     BL hereby amends the BL Application to reduce its request for compensation for fees from $258,825.50 to $257,234.62, a reduction of $1,590.88, and to reduce its request for

4

reimbursement of expenses from $12,188.98 to $11,109.70, a reduction of $1,079.28.  As set forth above, no reduction of the Challenged Fees is warranted.

Dated: New York, New York  
       June 24, 2010

Respectfully submitted,

BUTZEL LONG, a professional corporation

By:   /s/ Barry N. Seidel  
     Barry N. Seidel  
     Eric B. Fisher  
     Katie L. Cooperman  
     380 Madison Avenue  
     New York, NY 10017  
     (212) 818-1110 Telephone  
     (212) 818-0494 Fax