**Hearing Date and Time: June 29, 2010 at 9:45 a.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.                           :
                                                             :
                               Debtors.                      :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X

# RESPONSE TO THE FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO THE SECOND INTERIM FEE APPLICATION OF **FTI CONSULTING, INC.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

FTI Consulting, Inc. ("**FTI**"), financial advisors for the Official Committee of Unsecured Creditors of Motors Liquidation company (f/k/a General Motors Corporation), submits this response to the Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of FTI Consulting, Inc., dated June 22, 2010 (the "**Objection**").

1. **Compensation Structure**: FTI's compensation under the Retention Order has three parts:

    a. From the date of appointment through the date of the closing of the 363 Sale (July 10, 2009), fees are to be paid on an hourly basis ("**Hourly Compensation**").

    b. From the date of the 363 Sale forward, compensation includes a fixed fee of $750,000 per month for three months, and $500,000 each month thereafter ("**Monthly Fixed Fee**"), until the effective date of the plan of reorganization or liquidation.

    c. FTI will be entitled to a "Completion Fee" of $5 million upon the successful resolution of the Debtors' estates. The fee will be considered earned and payable in two parts: first, $2.5 million upon confirmation of a plan of liquidation and, second, $2.5 million upon receipt by the unsecured creditors of not less than 70 percent of the equity and warrants received by the Debtors as proceeds from the 363 Sale.

During the period covered by the Objection, the Monthly Fixed Fee structure shown in (b) above was applicable since the 363 Sale was completed in a prior period.

2. **Fee Examiner Objection to FTI Fees and Expenses**

    a. **Fee Examiner Objection to FTI Fees for Task Specific Matters**. The Fee Examiner is objecting to the amount of time FTI incurred in categories he classifies as "Meetings", "Compensation Matters" and "Clerical and Administrative Charges" during a period in which FTI was billing on a "MONTHLY FIXED FEE" basis. The Fee Examiner has ignored the fact that when a firm is billing on a fixed fee basis, they are not "charging" the estate by the hour. Therefore, the Fee Examiner's specific objection contains no rational explanation for suggesting a disallowance to FTI's fees. Under a fixed fee structure, a firm does not receive any additional compensation based on the incurrence of additional time needed to competently meet its obligations to the client. The Fee Examiner actually takes the opposite position and suggests that the Monthly Fixed Fee should be reduced based on an arbitrarily derived calculation. Indeed, the Judge has already ruled on this matter in connection with the hearing on the first interim fee application period:

2

> Though hourly rates for professionals retained on a fixed basis are computed and analyzed by many of us, we judges require those hourly rate equivalents computed to help protect the estate against windfalls, not because those hourly equivalents for those compensated on a fixed fee basis, have independent legal significance. Where the fee is on a fixed fee basis irrespective of hours worked, the extra time spent on a retention or fee application doesn't matter. I see no basis in law or equity for docking the professional based on a perception that the professional put in more work on retention or anything else than the one questioning the fee application regards as reasonable.

*See* Transcript of Record at 37: 11-23, In re Motors Liquidation Corp., Case. No. 09-50026 (Bankr. S.D.N.Y. Apr. 29, 2010, afternoon session).

b. **Fee Examiner Objection to FTI fees for Vague entries.** The Fee Examiner is objecting to and is seeking a reduction in FTI's Monthly Fixed Fee related to time entries that were found, in the opinion of the Fee Examiner, to be either "Vague Communications" or "Vague Tasks". On June 23, 2010, in response to preliminary correspondence relating to the Objection, FTI submitted enhanced time entry descriptions for all of the applicable entries noted. In addition, subsequent to discussions with the Fee Examiner's representative, all relevant FTI personnel were reminded of the requirements for sufficiently detailed time entry descriptions in these Cases. Therefore, FTI's fees should not be reduced due to purportedly vague entries that have subsequently been enhanced.

c. **Fee Examiner Objection to Out of Town Meal in excess of $20.** FTI disagrees with the disallowance of $67.95. The Fee Examiner takes the position that all meals should be capped at $20 per person. As stated in our response to the Fee Examiner's objection to FTI's first interim fee application, FTI has capped overtime meals (meals in the office) at $20 per person and out-of-town meals at

3

$40 per person, which we believe to be reasonable amounts. Therefore, we disagree with the proposed disallowance.

3. **FTI's Fees and Expenses are Reasonable and Should be Allowed in their Entirety**.

   a. FTI's fees are reasonable based upon the services that FTI has provided to the Committee. Under a fixed fee structure, a professional firm should be afforded the flexibility to spend as much time as warranted on any relevant issue as requested by its client and which is within the scope of its retention, without concern that the Fee Examiner will propose a reduction based upon the incurrence of time that he believes may be excessive.

   b. For all the reasons set forth above, FTI respectfully requests that the compensation and reimbursement requested in the Second Fee Application be allowed, and that the Court grant such other and further relief as it deems just and proper.

Dated: June 25, 2010
       New York, New York

By: /s/ Michael Eisenband
Michael Eisenband
Senior Managing Director
FTI Consulting, Inc.
Three Times Square
New York, NY 10036
(212) 499-3647

Financial Advisors to the Committee of Unsecured Creditors

4