Hearing Date and Time: August 6, 2010 at 9:45 a.m.
Objection Deadline (as Extended): June 25, 2010 at 4:00 p.m.

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
David M. Feldman (DF-8070)
Keith R. Martorana (KM-2878)

ATTORNEYS FOR WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY.,** *et al.*<br>**(f/k/a General Motors Corp.,** *et al.***)**<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**LIMITED JOINDER OF WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE TO DEBTORS' OBJECTION TO DEUTSCHE BANK AG'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO EFFECT SETOFF AND CROSS-MOTION FOR IMMEDIATE PAYMENT**

TO:  THE HONORABLE JUDGE ROBERT E. GERBER,
  UNITED STATES BANKRUPTCY JUDGE

Wilmington Trust Company as Indenture Trustee ("**WTC**" or the "**Trustee**"), by and through its undersigned counsel hereby submits this limited joinder (the "**Joinder**") to the Debtors' Objection to Deutsche Bank AG's ("**DB**") Motion for Relief From Automatic Stay to Effect Setoff and Cross-Motion for Immediate Payment (the "**Objection**") [Docket No. 6067], and adopts and incorporates by reference the facts and arguments set forth in "Point III" therein.  In support of its Joinder, WTC represents as follows:

**BACKGROUND**

1.  WTC is the successor Indenture Trustee for approximately $23 billion in

U.S. dollar denominated unsecured bonds issued by Motors Liquidation Company, formerly known as General Motors Corporation ("**GM**").[1]  In this capacity, WTC has a duty to represent the collective interests of *all* its constituent bondholders, not merely the interests of the majority of the bondholders, the minority bondholders, or in this case, one bondholder.

      2.      DB claims to hold approximately $12.75 million of bonds due under the 1990 Indenture, specifically $3,900,000 in 9.4% unsecured bonds maturing on July 15, 2021 and bearing CUSIP number 370442AN5, and $8,850,000 in 9.45% unsecured bonds maturing on November 1, 2011 and bearing CUSIP number 37045EAS7.  (Motion ¶¶ 7-8).  As such, DB is bound by the express terms of the 1990 Indenture which governs its bonds.

      3.      The 1990 Indenture contains a typical "no action" clause which restricts individual bondholder actions that are not channeled through the Trustee for the collective benefit of all bondholders.  1990 Indenture, § 6.04, attached hereto as <u>Exhibit A</u>.

      4.      As of the date hereof, the Trustee has not received any of the notifications, written requests or indemnifications set forth in the "no action" clause.

---

[1] WTC is the successor Indenture Trustee to Citibank, N.A., under two indenture agreements with GM pursuant to which GM issued senior unsecured debt securities: (i) a Senior Indenture, dated as of December 7, 1995, as amended (the "**1995 Indenture**"); and (ii) a Senior Indenture, dated as of November 15, 1990 (the "**1990 Indenture**" and collectively with the 1995 Indenture, the "**Indentures**").  The outstanding series of notes issued pursuant to the 1995 Indenture are represented by CUSIP numbers: 370442AT2; 370442AU9; 370442AV7; 370442AZ8; 370442BB0; 370442816; 370442774; 370442766; 370442758; 370442741; 370442733; 370442725; 370442BQ7; 370442BT1; 370442717; 370442BW4; 370442BS3; 370442121; and 370442691. The outstanding series of notes issued pursuant to the 1990 Indenture are represented by CUSIP numbers: 370442AN5; 370442AJ4; 370442AR6; 37045EAG3; and 37045EAS7.  On November 24, 2009, WTC timely submitted proofs of claim representing claims for all principal, interest and fees due and outstanding under the 1990 Indenture and the 1995 Indenture.

5.  On November 24, 2009 DB filed a motion (the "**Motion**") seeking to effectuate a setoff of its bond claims against a $24 million obligation to GM arising from the termination of two interest rate swaps between DB and GM [Docket No. 4529].

6.  On June 18, 2010 the Debtors filed the Objection, claiming that DB was not entitled to setoff its swap obligations with its bond claims because, among other reasons, it was precluded from doing so by the express terms of the 1990 Indenture and the "no action" clause contained therein.

## JOINDER

7.  As outlined in the Objection, in order to effectuate a setoff, DB must prove that (i) GM owes a debt to DB which arose prepetition, (ii) GM has a claim against DB which arose prepetition, (iii) the debt and claim are mutual, and (iv) DB has a prepetition right to set off under applicable state law. Objection ¶¶ 25-26. DB does not possess a state law right to setoff because the 1990 Indenture does not permit an individual bondholder to set off its claims, a remedy that could have a potentially harmful impact on the recoveries of other bondholders.[2]

**A.  DB Does Not Possess a State Law Right to Setoff Because It Failed to Satisfy the Direction Procedures of § 6.04 of the 1990 Indenture**

8.  Pursuant to the "no action" clause in the 1990 Indenture, each bondholder is bound to bring any remedial action derivatively and collectively through the Trustee (with limited exceptions discussed below). It provides in relevant part:

---

[2] The 1990 Indenture is governed by New York law. *See* 1990 Indenture, § 14.08. New York law is clear that contracts which are unambiguous on their face should be enforced in accordance with their plain meaning. *See, e.g. Vintage, LLC v. Laws Construction Corp.*, 920 N.E.2d 342 (N.Y. 2009).

3

> No Holder of any Security of any series or of any coupon appertaining thereto shall have any right by virtue or by availing of any provision of this Indenture to institute any action or proceedings at law or in equity or otherwise, upon or under or with respect to this Indenture… unless such Holder previously shall have given to the Trustee written notice of default and of the continuance thereof, as hereinbefore provided, and unless also… twenty-five percent in aggregate principal amount of all the Securities at the time outstanding (voting as one class) shall have made written request upon the Trustee to institute such action or proceedings in its own name as trustee hereunder and shall have offered to the Trustee such reasonable indemnity as it may require… and the Trustee for sixty days after its receipt of such notice, request and offer of indemnity shall have failed to institute any such action or proceedings…

1990 Indenture § 6.04 (the procedures set forth therein, the "**Direction Procedures**").

9. Case law is limited with respect to the application of setoff rights under public bond issuances, but it appears that by attempting to recover 100% of its bond claim through implementation of a setoff, DB is "availing" itself of a remedy under the 1990 Indenture that is rightly vested with the Trustee. Although the 1990 Indenture does not expressly identify "setoff" as one of the remedies specifically available to the Trustee, it broadly provides the Trustee with the ability to engage in any "proceeding at law or in equity for the collection of [unpaid principal and interest]" in an attempt to "collect in the manner provided by law out of the property of [GM]." *See* 1990 Indenture § 6.02. DB's Motion seeking setoff is without question a proceeding at law, and it clearly seeks to obtain payment of its bonds from property of GM's estate (the receivable due on the swap obligation). As such, the proposed setoff is an attempted exercise of a right under the Indenture which is properly subject to the "no action" clause and its Direction Procedures.

10. While the 1990 Indenture contains a limited exception to the Direction Procedures, such exception is not applicable to DB's proposed setoff. This limited carve-

4

out permits the pursuit of individual enforcement remedies only to recover principal and interest due after the passage of such due dates as reflected on the bonds themselves (not the accelerated maturity date). This limited carve-out provides:

> Notwithstanding any other provisions in this Indenture, however, the right of any Holder of any Security to receive payment of the principal of (and premium, if any) and interest, if any… on such Security or coupon, *on or after the respective due dates expressed in such Security or coupon*, or to institute suit for the enforcement of any such payment on or after such respective dates, shall not be impaired or affected without the consent of such Holder.

1990 Indenture § 6.04 (emphasis added).

11. DB, however, is not seeking to pursue payment of overdue principal and interest following the *stated due dates of such payments in its underlying bonds*; instead, DB is seeking payment on the principal and interest due on the bonds as a result of acceleration under the Indenture. Applicable case law is clear that the limited exception to the "no action" clause does not apply to bondholder actions to pursue payment of accelerated principal. *See Jackson Nat'l Life Ins. Co. v. Ladish Co.*, No. 92 Civ. 9358, 1993 WL 43373 at *6-*7 (S.D.N.Y. Feb. 18, 1993).

### B. DB Does Not Possess a State Law Right to Setoff Because Such Action would Prejudice the Rights of Other Bondholders

12. Even had DB complied with the Direction Procedures, the express terms of the 1990 Indenture prohibit DB from taking any action that would prejudice other bondholders or undermine the principle of equality of treatment that is the bedrock of the Indenture. The 1990 Indenture provides, in relevant part:

> [I]t being understood and intended, and being expressly covenanted by the taker and Holder of every Security with every other taker and Holder and the Trustee, that no one or more Holders of Securities… shall have any right in any manner whatever by virtue of or by availing himself of any provision of this Indenture to affect, disturb or prejudice the rights of any other Holder of Securities... or to

5

> obtain or seek to obtain priority over or preference to any other such Holder or to enforce any right under this Indenture, except in the manner herein provided for the equal, ratable and common benefit of all Holders of Securities and coupons.

1990 Indenture § 6.04.

13. As stated in the American Bar Foundation's commentary to the Model Debenture Indenture Provisions ("**Commentaries**"), a rationale behind the "no action" clause is "the expression of the principle of law that would otherwise be implied that all rights and remedies of the indenture are for the equal and ratable benefit of all the holders." *See* American Bar Foundation, *Commentaries on Model Debenture Indenture Provisions, 1965, Model Debenture Indenture Provisions, All Registered Issues, 1967, and Certain Negotiable Provisions which may be Included in a Particular Incorporating Indenture*, § 5-7 at 232 (1971).[3] Permitting an individual bondholder to setoff its personal obligation to the issuer with its bond claims, to the detriment of all other bondholders, would fly in the face of this purpose.

14. If permitted to exercise a setoff of its bond claims against its swap obligations, DB will receive a 100% return on its claims, potentially to the detriment of other bondholders. Not only will DB's return on its bonds greatly exceed the bankruptcy distribution that other bondholders will receive, it could reduce the property of the estate to be distributed to bondholders. Such a result is simply not permitted under the Indenture governing DB's bond claims.

---

[3] The Second Circuit has often relied on the Commentaries in interpreting the meaning of boilerplate indenture provisions, and such reliance is consistent with the Second Circuit's approach of analyzing contracts under New York law. *See Bank of New York v. First Millennium, Inc.*, 598 F. Supp. 2d. 550, 565 (S.D.N.Y. 2009), *aff'd* 2010 WL 2163099 (2d Cir. June 1, 2010).

## **CONCLUSION**

WHEREFORE, WTC respectfully requests that the Motion be denied in all respects, and that the Court grant such other and further relief as is just.

Dated: New York, New York
June 25, 2010

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ David M. Feldman
David M. Feldman (DF-8070)
Keith Martorana (KM-2878)
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ATTORNEYS FOR WILMINGTON TRUST COMPANY
AS INDENTURE TRUSTEE