**HEARING DATE AND TIME: June 29, 2010 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :   09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                        Debtors.          :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**RESPONSE OF WEIL, GOTSHAL & MANGES LLP
TO FEE EXAMINER'S REPORT AND STATEMENT
OF LIMITED OBJECTION TO THE SECOND INTERIM
<u>FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Weil, Gotshal & Manges LLP ("**WG&M**" or "**Weil**"), attorneys for Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), hereby responds to the Fee Examiner's Report and

Statement of Limited Objection to the Second Interim Fee Application of Weil, Gotshal &

Manges LLP, dated June 22, 2010 [Docket No. 6095] (the "**Report and Objection**").

**The Fee Examiner's Report and Objection**

1. As the Report and Objection notes, WG&M has addressed many of the issues raised by the Fee Examiner in connection with his review of WG&M's Second Fee Application.[1] As the Fee Examiner further notes, nearly 90% of his recommended adjustments relate to one item – entries for time spent in connection with the preparation of fee statements and fee applications.

2. The following addresses the items set forth in the Response and Objection that remain outstanding.

Firm Retention and Compensation

3. The Fee Examiner objects to the amount of time related to the review of time records and the preparation of fee statements and fee applications. Essentially, the Fee Examiner asserts that the time expended is disproportionate to the time expended for the same tasks as set forth in WG&M's initial interim fee application and, therefore, the amount requested should be reduced.

4. WG&M does not agree. As WG&M previously responded to the Fee Examiner, a formulaic approach is neither appropriate nor applicable. Time records vary in length and detail; as such, the time to review them also necessarily varies. The Fee Examiner's resort to hyperbole does not change the facts, and the 50% reduction suggested by the Fee Examiner is unjustified and purely subjective. WG&M's records accurately reflect the services rendered and, moreover, include the preparation of monthly fee statements and fee applications, not simply the review of time records.

---

[1] Second Application of Weil, Gotshal & Manges LLP, as Attorneys for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2009 Through January 31, 2010 [Docket No. 5295] (the "**Second Fee Application**").

2

Time Increments

5. The Fee Examiner objects to a portion of time expended by one WG&M paralegal because it was recorded in half-hour or whole-hour increments, indicating that the entries are vague and perhaps inaccurate. Without any real substantive basis to object, the Fee Examiner concludes that a 10% reduction is appropriate "to encourage accurate time recording."

6. Again WG&M disagrees. There is no evidence demonstrating that the time records are inaccurate or vague, particularly based on the nature of the services rendered and the paralegal's position. And the Fee Examiner's reference that certain of the time expended related to the review of time entries to which the Fee Examiner also has objected (see above), suggests that WG&M be penalized twice for the same alleged infirmity.

7. Simply put, the Fee Examiner's requested reduction, rather than being supported by any facts, is purely designed to be punitive and to act as a deterrent. WG&M does not believe this is appropriate.

Clerical and Administrative Tasks

8. As indicated, WG&M already has agreed to withdraw a portion of this amount. Rather than engage in an extended debate as to the balance and further impose on the Court with respect to this issue, WG&M agrees to withdraw the balance of fees objected to in the amount of $3,220.

Vague Entries

9. The Fee Examiner contends that certain time entries are vague and suggests a 15% reduction aggregating $8,654.25. Although WG&M has provided additional detail and information to the Fee Examiner explaining the nature of the services rendered and the

3

fact that greater detail cannot be disclosed because of concerns for attorney-client privilege, this does not appear to be sufficient for the Fee Examiner.

10. Notably, many of the questioned entries relate to reviewing and replying to numerous e-mails in a short amount of time. As explained to the Fee Examiner, it would neither be efficient nor economical to document each e-mail, particularly in view of the number of e-mails addressed on a daily basis. In fact, the time that would be billed to these estates to accommodate the Fee Examiner's objection would exceed the time associated with the actual task. That hardly promotes the interests of any party. WG&M submits that there must be some pragmatic approach to the process, particularly where it saves these estates unnecessary additional costs.

11. Moreover, the Fee Examiner continues to object to several research projects because, in his view, WG&M has not provided detailed descriptions of the work performed notwithstanding WGM's legitimate concerns regarding attorney-client privilege. WG&M submits that it is entitled, and in fact duty-bound, to protect this privilege. Moreover, the descriptions of the services rendered are more than adequate to meet the guidelines. WG&M is more than happy to share in camera with the Court greater detail on the work performed if the Court feels that is appropriate.

12. Again, WG&M believes the Fee Examiner is being arbitrary and submits that no adjustment is warranted.

Meal Expenses and Local Transportation

13. WG&M has no objection to the suggested meal disallowance. As to local transportation, WG&M, taking into account the Court's views on this issue as expressed at the hearing to consider first interim fee applications, has adjusted this disbursement, eliminating any

4

charges where the attorney incurring the same billed less than 6 hours to the Debtors during the day the transportation charge was incurred. WG&M submits that this approach is reasonable, and it results in an adjustment of $3,679.62.

   WHEREFORE WG&M respectfully requests that the compensation and reimbursement requested in its Second Fee Application be allowed, subject to the adjustments WG&M has agreed to, and that it be granted such other and further relief as is just.

Dated: New York, New York
   June 25, 2010

             /s/ Stephen Karotkin
             Harvey R. Miller
             Stephen Karotkin
             Joseph H. Smolinsky

             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone: (212) 310-8000
             Facsimile: (212) 310-8007

             Attorneys for Debtors
             and Debtors in Possession