**PRESENTMENT DATE AND TIME: June 29, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE:  June 25, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                           :   **Chapter 11 Case No.**
                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**   :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*  :
                                    :
              **Debtors.**          :   **(Jointly Administered)**
                                    :
------------------------------------------------------------x

### RESPONSE OF DEBTORS TO FEE EXAMINER'S APPLICATION
### TO AUTHORIZE FURTHER EXTENDED RETENTION
### AND EMPLOYMENT OF THE STUART MAUE FIRM
### AS CONSULTANT TO THE FEE EXAMINER AS OF MARCH 8, 2010

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), as and for their Response to the Application by the Fee Examiner to authorize the further extended retention and employment of the firm of Stuart Maue ("**Stuart Maue**") as consultant to the Fee Examiner, dated June 11, 2010 (the "**Application**") [Docket No. 5991], respectfully represent:

**The Relief Requested Should Be Denied Pending a Further Hearing**

1. The Application contains insufficient information to determine whether the relief requested is warranted. For the most part, the Application consists of conclusory statements that the relief requested is in the best interests of the Debtors' estates.

2. Essentially, the Application parrots the services rendered and to be rendered by Stuart Maue as set forth in Stuart Maue's first interim fee application, and then simply concludes the services are indispensable to the Fee Examiner's work. The Application then seeks carte blanche approval for the Fee Examiner to use Stuart Maue's services with respect to all interim and final fee applications as the Fee Examiner in his discretion determines appropriate. (App. at 2.)

3. Although the Fee Examiner concludes that "the services Stuart Maue provides are worth the cost" (App. ¶ 9), noticeably absent from the Application are such costs. Although Stuart Maue has continued to render services up until the date hereof, neither the Court nor the Debtors have any information as to the fees and expenses incurred by Stuart Maue since April 22, 2010, despite being subject to the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711], which requires that monthly statements be rendered. Similarly, neither the Court, the Debtors nor any other party in interest have any information whatsoever with respect to the fees and expenses that have been incurred by the Fee Examiner and his law firm since his retention six months ago – again despite the Fee Examiner and his attorneys being subject to the such order.

4. Under these circumstances, where no appropriate cost/benefit analysis can be made, neither this Court nor any other party in interest can reasonably conclude that Maue's services "are worth the cost" or that the relief requested in the Application is warranted or justified.

5. Apparently recognizing the obvious relevance of an appropriate cost/benefit analysis which the Application sorely lacks, the Fee Examiner simply dismisses it and argues that Stuart Maue serves an important prophylactic role.

6. Based on the fact that the retained professionals are fully conversant with the guidelines and this Court's rulings, and as the Fee Examiner recognizes, these cases are now fairly "traditional," the Debtors submit that there is no longer a need for their estates and creditors to bear the substantial costs associated with prophylactic measures which are neither necessary nor economically justified. In addition, because the activities of the retained professionals in these cases have become more focused, the services of the nature provided by Stuart Maue are no longer necessary. The Office of the United States Trustee as well as the Fee Examiner and his attorneys are more than capable of providing the appropriate review.

7. Accordingly, the Debtors submit the relief should not be granted in the absence of a hearing where the Court and all parties in interest will have an appropriate opportunity to consider the relief sought based on an appropriate record.

WHEREFORE the Debtors respectfully request that the Application be held in abeyance until a hearing is held to consider whether the relief requested in the Application is in the best interests of the Debtors' estates and that the Debtors be granted such other and further relief as is just.

Dated: New York, New York
       June 25, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession