# United States Bankruptcy Court
# Southern District of New York

In re:  Motors Liquidation Company  
(f/k/a General Motors Corporation)

Case No. 09-50026 (REG)(Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| LMA SPC for and on behalf of the MAP 84 Segregated Portfolio | Brencourt Credit Opportunities Master, Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Knighthead Capital Management  
623 Fifth Avenue, 29th Floor  
New York, NY 10033  
Attn: Laura Torrado

Last Four Digits of Acct. #: _____

Court Claim # (if known): 49548

Amount of Claim: 5.3% of Court Claim #49548 filed in the principal amount of USD8,557,154.80*, representing **USD 453,529.20**, together with any and all interest and other amounts payable respect thereto

*The filed amount of the claim represents the product of GBP 5,201,917.81 and an exchange rate of GBP=1.645 USD as more fully described in the Addendum to Court Claim # 49548

Date Claim Filed: 11/25/2009

Phone: (212) 313-9700  
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

LMA SPC for and on behalf of Map 84 Segregated Portfolio  
By: Knighthead Capital Management, LLC., its  
Investment Advisor

By: _____  Date: 6·21·2010  
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

463-093/COURT/2619784.1

# United States Bankruptcy Court
# Southern District of New York

In re:  Motors Liquidation Company  Case No. 09-50026 (REG)(Jointly Administered)
        (f/k/a General Motors Corporation)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 49548 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on        .

| Brencourt Credit Opportunities Master, Ltd. | LMA SPC for and on behalf of the MAP 84 Segregated Portfolio |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| c/o Brencourt Advisors, LLC<br>600 Lexington Avenue<br>New York, New York 10022<br>Attn: Thomas Schmitt<br>Tel: (212) 313-9700<br>Email: thomas.schmitt@brencourt.com | Knighthead Master Fund, L.P.<br>c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10033<br>Attn: Laura Torrado<br>Tel: 212-356-2914<br>Fax: 212-356-3933<br>Email: ltorrado@knighthead.com |

### DEADLINE TO OBJECT TO TRANSFER

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                     _____
                                                           CLERK OF THE COURT

463-093/COURT/2619784.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   Under this Agreement and Evidence of Transfer of Claim, dated June 25, 2010 (the "Effective Date"), for value received, the adequacy and sufficiency of which are hereby acknowledged, **Brencourt Credit Opportunities Master, Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LMA SPC for and on behalf of MAP84 Segregated Portfolio** ("Purchaser"; together with Seller, the "Parties"), and Purchaser hereby agrees to purchase, for good and valuable consideration heretofore paid, (a) a pro rata share of the claim, as and to the extent specified in Schedule 1 attached hereto (such pro rata share is referred to herein as the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 49548 filed by or on behalf of Seller (the "Proof of Claim") against Motors Liquidation Company, f/k/a General Motors Corporation (the "Debtor"), debtor in reorganization proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 09-50026 (REG), with respect to the Guarantee (as defined in Section 2 of the Addendum to the Proof of Claim and hereinafter so defined, ("Guarantee")) (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) all exhibits, attachments and/or supporting documentation relating to the Purchased Claim (the "Claim Documents"), and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Security (as defined herein), (c) the security or securities expressly identified in the Proof of Claim (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claim").

1A.   In consideration of the execution and delivery of this Agreement and Evidence of Transfer of Claim, Purchaser has paid good and valuable consideration to Seller.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 30, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim against the Debtor; (b) the Proof of Claim relates to Debtor's guarantee of the indebtedness of General Motors Nova Scotia Finance Company ("GMNS") in respect of the Purchased Security (collectively, the "NS Claim"); (c) Seller owns and has good, legal title to, and sole beneficial ownership of, the Transferred Claim, free and clear of any and all liens, claims, security interests,

participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (f) Seller does not and did not on the filing date hold any funds or property of or owe any amounts or property to the Debtor or any affiliate of the Debtor; and (g) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Purchased Claim proportionately less payments or distributions or less favorable treatment than is received generally by the holders of claims arising in respect of the Guarantee

      2A.    Purchaser and Seller acknowledge and agree that (i) the Transferred Claim includes the NS Claim, (ii) Seller has not filed a proof of claim or similar document in respect of the NS Claim in In the Matter of the Bankruptcy of General Motors Nova Scotia Finance Company, pending before the Supreme Court of Nova Scotia in Bankruptcy and Insolvency, Hfx. Nos. 318069, 318077 and 318078 (collectively, the "NS Bankruptcy Case"), (iii) Seller agrees to take, at Purchaser's sole expense, such other and further necessary or appropriate actions in respect of the NS Claim as Purchaser may direct in writing to cause the NS Claim to be filed in the NS Bankruptcy Case and transferred to Purchaser, and (iv) without limiting the rights or remedies of Purchaser under this Agreement in respect of the Purchased Claim, solely with respect to the Purchased Security, Purchaser shall have no rights or remedies against Seller under Sections 2 (excluding Section 2(c) hereof, Section 2A, and Section 4 of this Agreement).

      3.    Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim promptly after the occurrence of the Effective Date. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

      4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

      5.    Seller shall promptly (but in any event no later than three (3) business days) remit

any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller, to the extent such transfer is permitted under any and all rules and regulations applicable to the Purchase Security. This Agreement and Evidence of Transfer supersedes any oral or written communications and agreements between the parties and their respective representatives and agents with respect to the subject matter hereof, all of which shall be deemed to be merged into this Agreement.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim, in each such case at the requesting party's sole expense.

7. Knighthead Capital Management, LLC represents and warrants that it has full power and authority to execute and deliver this Agreement and Evidence of Transfer on behalf of Purchaser and to contractually bind Purchaser to the terms hereof. Other than the preceding sentence, notwithstanding anything contained in this Agreement and Evidence of Transfer to the contrary, Seller agrees that Knighthead Capital Management, LLC shall have no obligation or liability (except for a breach by Knighthead Capital Management, LLC of its representation and warranty in the preceding sentence) under this Agreement and Evidence of Transfer but is acting solely as agent for Purchaser and all obligations and liabilities of Purchaser under this Agreement and Evidence of Transfer are enforceable solely against Purchaser and Purchaser assets and not against any general partner, limited partner, shareholder or member of Purchaser or Knighthead Capital Management, LLC or against any assets of any general partner, limited partner, shareholder or member of Purchaser or Knighthead Capital Management, LLC. No manager, officer or agent of Purchaser or Knighthead Capital Management, LLC shall be personally liable for any obligation under this Agreement and Evidence of Transfer.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below. Each Party shall be solely responsible for the expenses it incurs in negotiating, preparing and executing this Agreement and Evidence of Transfer. Each Party to this Agreement and Evidence of Transfer of Claim agrees that it shall not disclose the purchase price or purchase rate under the Purchased Claim in Schedule 1 of this Agreement and Evidence of Transfer of Claim to any person or entity, except (i) to the extent required by applicable law or regulatory authorities, (ii) to its affiliates, employees, professional advisors and auditors,(iii) as necessary to enforce this Agreement and Evidence of Transfer, and (iv) to its successors, assigns and transferees that agree to be bound by this Agreement and Evidence of Transfer of Claim. This Agreement and Evidence of Transfer of Claim supersedes any previous agreement between the Parties, and constitutes the

entire agreement between the Parties, with respect to the subject matter hereof, and may not be amended or waived except by a writing executed by each of the Parties.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as per the Effective Date.

**Brencourt Credit Opportunities Master, Ltd.**

By: _____
Name: Gorelo Havand
Title: CEO

c/o Brencourt Advisors, LLC
600 Lexington Avenue
New York, New York 10022
Attn: Thomas Schmitt
Tel: (212) 313-9700
Email: thomas.schmitt@brencourt.com

**LMA SPC for and on behalf of MAP84 Segregated Portfolio**
By:  Knighthead Capital Management, LLC, its Investment Manager

By:_____
Name:
Title:

623 5th Avenue, 29th Floor
New York, New York 10022
Attn: Laura L. Torrado, Esq
Tel: (212) 356-2914
Fax (212) 356-3921
Email: Ltorrado@knighthead.com

5

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as per the Effective Date.

| **Brencourt Credit Opportunities Master, Ltd.** | **LMA SPC for and on behalf of MAP84 Segregated Portfolio**<br>By: Knighthead Capital Management, LLC, its Investment Manager |
|---|---|
| By:_____<br>Name:<br>Title: | By:____*Laura L. Torrado*____<br>Name: **Laura L. Torrado**<br>Title: **Authorized Signatory** |
| c/o Brencourt Advisors, LLC<br>600 Lexington Avenue<br>New York, New York 10022<br>Attn: Thomas Schmitt<br>Tel: (212) 313-9700<br>Email: thomas.schmitt@brencourt.com | 623 5th Avenue, 29th Floor<br>New York, New York 10022<br>Attn: Laura L. Torrado, Esq<br>Tel: (212) 356-2914<br>Fax (212) 356-3921<br>Email: Ltorrado@knighthead.com |

5

Schedule 1

Transferred Claim

Purchased Claim

5.300% of Claim 49548 which equals GBP 275,701.64 or USD 453,529.20.

Securities to which Transferred Claim Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Petition Date) |
|---|---|---|---|---|---|---|---|
| 8.375% Guaranteed Notes due December 7, 2015 | ISIN No. XS0171922643 | General Motors Nova Scotia Finance Company | General Motors Corporation | GBP 265,000 (or USD 435,925 @ 1.645) | 8.375% | December 7, 2015 | GBP 10,701.64 (or USD17,604.20 @ 1.645) |

Schedule 1–1