**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------- x
In re:                                                :    Chapter 11
                                                      :
MOTORS LIQUIDATION COMPANY, et al., :    Case No.  09-50026 (REG)
      f/k/a General Motors Corp., et al.              :
                                                      :    Jointly Administered
                              Debtors.                x
-----------------------------------------------------
```

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 AUTHORIZING
AND APPROVING (I) THE SALE OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO THE TERMS
OF THE REAL ESTATE PURCHASE CONTRACT BETWEEN THE DEBTOR
AND FISKER AUTOMOTIVE, INC., (II) THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH THE SALE, AND (III) THE DEBTOR'S ENTRY INTO
<u>A SETTLEMENT AGREEMENT IN CONNECTION WITH THE SALE</u>**

This matter having come before the Court on the motion dated June 8, 2010 (the "**Sale Motion**")[1] of Motors Liquidation Company, a debtor and debtor-in-possession in the above captioned cases (collectively with the other debtors and debtors-in-possession in the above captioned cases, the "**Debtor**" or "**Seller**"), seeking authority (i) to sell to Fisker Automotive, Inc. (the "**Purchaser**"), certain assets of the Debtor's estate (as defined in the Contract (as defined herein), the "**Property**") free and clear of all liens, claims, encumbrances and interests pursuant to 11 U.S.C. § 363(f) (the "**Sale**"), (ii) to assume and assign to the Purchaser certain executory contracts and unexpired leases identified on <u>Exhibit J</u> to the Contract, and (iii) to enter into that certain settlement agreement (the "**Settlement Agreement**"), annexed hereto as <u>Exhibit</u>

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Sale Motion or the Contract.

A, by and between the Delaware Department of Natural Resources and Environmental Control (the "**DNREC**") relating to the Property.

Due notice of the Sale Motion, the Sale Hearing (as defined herein), and the list of executory contracts and unexpired leases to be assumed and assigned pursuant to the Contract and the related cure amounts (the "**Cure Amounts**") has been given to all parties entitled to notice, as evidenced by the certificate of service and notices previously filed with this Court. The Debtor provided adequate notice and an opportunity to non-debtor parties to object to the Debtor's proposed assumption and assignment of identified executory contracts and unexpired leases, which notice contained a conspicuous statement of what the Debtor believed to be the monetary cure amount that the non-debtor parties are due under their respective executory contracts and/or unexpired leases.

The Debtor conducted a robust marketing effort prior to the filing of the Sale Motion and determined that the Contract submitted by the Purchaser is the highest or best offer for the Property. Subsequent to the filing of the Sale Motion, the Debtor further marketed the Property and solicited competing offers for the Property. The Debtor did not receive any other offers for the Property. The sale of the Property to the Purchaser pursuant to the terms of the Contract (as defined herein) is supported by the Debtor's business judgment, is fair and reasonable, and constitutes the highest and best offer for the Property.

This Court held a hearing on June 29, 2010 (the "**Sale Hearing**"), to consider (i) the Sale Motion and any objections thereto, (ii) whether to approve and authorize the Sale to the Purchaser pursuant to the Real Estate Purchase Contract dated June 8, 2010 between the Debtor and the Purchaser (the "**Contract**"), a copy of which is attached hereto as Exhibit B, (iii) any objections to the proposed assumption and assignment of executory contracts and unexpired

leases identified on Exhibit J of the Contract as being assumed by the Debtor and assigned to the Purchaser in connection with the Sale (the "**Assigned Leases and Assigned Contracts**"), including to the proposed Cure Amounts, and (iv) the Debtor's entry into the Settlement Agreement, at which time all creditors, interest holders, parties to executory contracts and unexpired leases, and other parties in interest were afforded an opportunity to be heard.

The Court having reviewed and considered (i) the Sale Motion and any objections thereto, (ii) the Contract, (iii) the Settlement Agreement, and (iv) the arguments of counsel made, and the evidence proffered and adduced, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate and creditors and other parties in interest; and upon the record of the Sale Hearing and all proceedings in these cases; and after due deliberation thereon; and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[2]**

**Jurisdiction, Venue and Grounds for Relief**

A.   The Court has jurisdiction over the Sale Motion and over the property of the Debtor and its estate, pursuant to 28 U.S.C. §§ 157 and 1334. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

B.   The statutory predicates for relief sought in the Sale Motion are 11 U.S.C. §§ 105(a), 363(b), (f) and (m), and 365, and Bankruptcy Rules 2002, 6004, 6006 and 9014.

**Notice of the Sale Motion, the Sale, the Assumption and Assignment
of the Assigned Leases and Assigned Contracts, and the Cure Amounts**

C.   Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale, and the assumption and assignment of the Assigned Leases and Assigned Contracts and the Cure Amounts, has been provided in accordance with 11 U.S.C. §§ 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9014, and such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale, the assumption and assignment of the Assigned Leases and Assigned Contracts, or the Cure Amounts is or shall be required.

D.   The Debtor has served the Sale Motion, which sets forth the Cure Amounts upon each non-debtor counter-party to each of such Assigned Leases and Assigned Contracts that the

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Debtor seeks to assume and assign to the Purchaser on the Closing Date. The service of the Sale Motion was good, sufficient and appropriate under the circumstances and no further notice needs to be given in respect of establishing the Cure Amounts for the respective Assigned Leases and Assigned Contracts. Non-debtor counter-parties to the Assigned Leases and Assigned Contracts have had an opportunity to object to the Cure Amounts.

E. A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) all entities known to have expressed an interest in acquiring the Property; (ii) all entities known to have an interest in the Property; (iii) all non-debtor parties to the Assigned Leases and Assigned Contracts to be assumed and assigned pursuant to the Contract; (iv) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested; (v) all known parties holding or asserting liens or encumbrances on the Property; and (vi) parties entitled to notice under the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated March 19, 2010 [Docket No. 5670].

## Good Faith of Purchaser

F. The Purchaser is not an "insider" of the Debtor, as that term is defined in 11 U.S.C. § 101(31).

G. The Purchaser is purchasing the Property in good faith within the meaning of 11 U.S.C. § 363(m), and is entitled to all of the protections afforded thereby. The Debtor and the Purchaser negotiated, proposed, and entered into the Contract at arm's length, in good faith, and without collusion. The Debtor and the Purchaser have fully disclosed all consideration to be given by the Purchaser under the Contract, and all other agreements or arrangements entered into by the

Purchaser in connection with the Sale.  The Purchaser has not engaged in any conduct, by any action or inaction, that constitutes a violation of, or would cause or permit the Sale to be avoided under 11 U.S.C. § 363(n).  No common identity of directors or controlling stockholders exists between the Purchaser and the Debtor.  The parties to the Contract will be acting in good faith in closing the Sale pursuant to the Contract.

## The Sale is Fair and Reasonable and in the Exercise of Sound Business Judgment

H.  The aggregate consideration to be received by the Debtor under Section 2 of the Contract is fair and reasonable, constitutes the highest and best offer for the Property, constitutes reasonably equivalent value and fair consideration for the Property, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative.  No other person or entity has offered to purchase the Property for greater value to the Debtor's estate than the Purchaser.  The Debtor's process for marketing and selling the Property, the Debtor's determination to enter into the Contract, and the Debtor's determination that the consideration to be received by the Debtor's estate is fair and reasonable each constitutes a valid and sound exercise of the Debtor's business judgment.  Moreover, the consideration received under the Contract constitutes reasonably equivalent value and fair consideration for the Property.

I.  Approval of the Contract by the Court and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its creditors, its estate and other parties in interest.

## Validity of Transfer

J.  The Debtor has full power and authority to execute and deliver the Contract and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Contract.

K. The transfer of the Property to the Purchaser will be, as of the Closing, the legal, valid and effective transfer of such assets, and will vest the Purchaser with all right, title, and interest of the Debtor or the Debtor's estate to the Property, as of the Closing, free and clear of all Liens and Claims[3] accruing, arising or relating to any time prior to the Closing Date.  Any provisions in any agreement that prohibit or condition the sale or transfer of the Property are void and of no force and effect.  There shall be no fees or charges (apart from any applicable sales and use taxes and the costs described in Sections 7 and 8 of the Contract) imposed upon the Purchaser or the Debtor's estate as a result of the sale of the Property to the Purchaser.  The Seller will retain certain obligations regarding the Property as described in Section 15 of the Contract.

### Section 363(f) is Satisfied

L. The Debtor may sell the Property free and clear of all Liens and Claims, because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  No non-debtor party has asserted any interests in the Property and none has objected to the Sale or the Sale Motion.  Accordingly, all non-debtor parties are deemed to have consented to the Sale on the terms set forth herein and in the Contract pursuant to 11 U.S.C. §§ 363(f)(2) and 365.

### Assumption and Assignment of the Assigned Leases and Assigned Contracts

M. The assumption and assignment of the Assigned Leases and Assigned Contracts pursuant to the terms of this Order are integral to the Contract and are in the best interests of the Debtor and its estate, creditors and other parties in interest, and represent the exercise of reasonable business judgment by the Debtor.  The assumption by the Debtor of the Assigned Leases and

---

[3] For purposes of this Order, the phrase "**Liens and Claims**" means any or all interests in or relating to any of the Property, including liens (as defined in 11 U.S.C. § 101(37) and claims (as defined in 11 U.S.C. § 101(5)).

09-50026-mg    Doc 6178    Filed 06/29/10    Entered 06/29/10 14:03:55    Main Document
Pg 8 of 16

Pg 8 of 16

Assigned Contracts is hereby approved, and the assignment of the Assigned Leases and Assigned Contracts to the Purchaser is hereby approved, as all statutory requirements for such assumption and assignment are satisfied.

N.  The Debtor has (i) cured and/or provided adequate assurance of prompt cure to all defaults existing prior to the Closing Date under each of the Assigned Leases and Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A); and (ii) provided compensation or adequate assurance of compensation to any party for actual pecuniary loss to such party resulting from a default prior to the Closing Date under each of the Assigned Leases and Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B).

O.  The Purchaser has provided adequate assurance of its future performance under the Assigned Leases and Assigned Contracts within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

P.  The Assigned Leases and Assigned Contracts shall, as of the Closing Date, be valid and binding on the Purchaser and the non-debtor counter-parties thereto, and in full force and effect and enforceable in accordance with their respective terms.  Following such assignment from and after the Closing Date, the Debtor and the estate shall be relieved, pursuant to 11 U.S.C. § 365(k), from any further liability under the Assigned Leases and Assigned Contracts.

### Compelling Circumstances for an Immediate Transfer

Q.  To maximize and preserve the value of the Debtor's estate and the Property, it is essential that the Sale of the Property occur within the time constraints set forth in the Sale Motion and the Contract.  Time is of the essence in consummating the Sale.

### The Settlement Agreement is Reasonable

R. The Debtor's entry into the Settlement Agreement is in the best interests of the Debtor and its estates.

S. The terms of the Settlement Agreement are within the range of reasonableness.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1. The relief requested in the Sale Motion is granted and approved, and the transaction contemplated thereby is authorized and approved as set forth in this Order.

2. The assumption and assignment of the Assigned Leases and Assigned Contracts is authorized and approved as set forth in this Order.

3. No party objected to the Sale Motion or to the relief requested therein.

### Approval of the Contract

4. The Contract and all ancillary documents, and all of the terms and conditions thereof, are hereby approved.

5. The Debtor is authorized and empowered to, and shall take any and all actions necessary or appropriate to (i) consummate the Sale of the Property to the Purchaser pursuant to and in accordance with the terms and conditions of the Contract, (ii) close the Sale as contemplated in the Contract and this Order, and (iii) execute and deliver, perform and consummate the Contract.

6. The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Purchaser, the Debtor, the Debtor's estate and their respective successors and assigns (including any entity or trust created to address certain of Seller's cleanup obligations related to the remediation of Seller's owned real property), and shall be binding in all respects upon any affected third parties including, but not limited to, any person or entity

asserting any interest (including any Liens and Claims) with respect to the Property, all non-debtor counter-parties to the Assigned Leases and Assigned Contracts, and all creditors, equity holders and parties-in-interest in these cases.

7. The Debtor is authorized and empowered to request any and all governmental or regulatory approvals, and to make any governmental or regulatory filings or notifications contemplated by the Contract and is further authorized to keep confidential any information related to such approvals or filings.

### Transfer of the Property

8. Pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Debtor is authorized and empowered to, and subject to the terms of the Contract, shall transfer the Property to the Purchaser on the Closing Date. Such transfer shall constitute a legal, valid, binding and effective transfer of the Property to the Purchaser. Any provisions in any agreement that prohibit or condition the sale or transfer of the Property are void and of no force and effect. Upon the Closing, the Property shall be transferred to the Purchaser free and clear of all Liens and Claims. Such transfer shall vest in the Purchaser all right, title and interest of the Debtor in and to the Property. Purchaser shall not be liable in any way for any Liens and Claims that any person or entity may have against the Debtor, any of its assets, or the Property. The Seller will retain certain obligations regarding the Property as provided in Section 15 of the Contract.

9. All entities that are in possession of any of the Property on the Closing Date are hereby directed to surrender possession of all such Property to the Purchaser or its assignee at the Closing.

10. All alleged Liens and Claims on the Property shall be transferred, affixed and attached to the proceeds of the Sale, with the same validity, priority, force and effect as such Liens and

Claims had immediately prior to the Closing.  Nothing in this Order will determine the value of any of the Property or the validity, priority or amount of any Claims or Liens.

11. The filing of a certified copy of this Order with the appropriate clerk and/or recording with the recorder shall act to cancel any Liens and Claims and any other encumbrances of record.

12. If any person or entity which has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and Claims on any of the Property has not delivered to the Debtor, at the Debtor's or Purchaser's request, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to the Property, then, at or after Closing, each of the Debtor and the Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property.

## Assigned Leases and Assigned Contracts

13.  Pursuant to 11 U.S.C. §§ 105(a) and 365, upon the Closing of the Sale, the Debtor is authorized and empowered to, and shall assume each of the Assigned Leases and Assigned Contracts and assign each of the Assigned Leases and Assigned Contracts to the Purchaser.  The payment of the applicable Cure Amounts shall, with respect to each Assigned Lease and Assigned Contract, (i) effect a cure of all defaults existing thereunder as of the Closing Date, (ii) compensate all non-debtor parties for any and all losses resulting from such default, and (iii) together with the assumption of the Assigned Leases and Assigned Contracts by the Purchaser, constitute adequate assurance of future performance thereof.  The Purchaser shall then have assumed the Assigned Leases and Assigned Contracts and, pursuant to 11 U.S.C. § 365(f), the

assignment by the Debtor of such Assigned Leases and Assigned Contracts shall not be a default thereunder.

14. The Debtor shall pay all Cure Amounts due under such Assigned Leases and Assigned Contracts.

15. After the Debtor's payment of the relevant Cure Amounts, (i) the Debtors shall have no further liability or obligation of any kind whatsoever with respect to any Assigned Lease and Assigned Contract and (ii) neither the Debtor nor its estate, the Purchaser nor their successors and assigns shall have any further liability or obligation with respect to any default arising or accruing under any Assigned Leases and Assigned Contracts on or prior to the Closing Date and shall have no further liabilities to the non-debtor parties to the Assigned Leases and Assigned Contracts (and none of the non-debtor parties to the Assigned Leases or Assigned Contracts shall have any rights or claims with respect to such defaults, liabilities or obligations) other than the Purchaser's obligations under the Assigned Leases and Assigned Contracts that first accrue and become due and payable, or are first required to be performed, after the Closing Date.

16. Any provisions in any Assigned Lease and Assigned Contract or in any other agreement that prohibit or condition the assignment of such Assigned Lease or Assigned Contract or allow the non-debtor party to such Assigned Lease or Assigned Contract to terminate, recapture, impose any penalty, condition any renewal or extension or modify any term or condition upon the assignment of such Assigned Lease or Assigned Contract or any similar provision, constitute unenforceable anti-assignment provisions that are void and of no force and effect.  There shall be no payment accelerations, assignment fees, or any other fees or charges imposed upon the Purchaser or the Debtor's estate as a result of the assumption and assignment of the Assigned Leases and Assigned Contracts.

17. The Purchaser has provided adequate assurance of its future performance under the Assigned Leases and Assigned Contracts within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

18. All other requirements and conditions under 11 U.S.C. §§ 363 and 365 for the assumption by the Debtor and assignment to the Purchaser of the Assigned Leases and Assigned Contracts have been satisfied.  Upon the Closing, in accordance with 11 U.S.C. §§ 363 and 365, the Purchaser shall be fully and irrevocably vested with all rights, title and interest of the Debtor under each of the Assigned Leases and Assigned Contracts.

19. Pursuant to 11 U.S.C. §§ 105(a), 363 and 365, all parties to the Assigned Leases and Assigned Contracts and any other parties are forever barred and enjoined from raising or asserting against the Debtor or the Purchaser any assignment fee, default, breach, claim, pecuniary loss, or condition to assignment arising under or related to the Assigned Leases and Assigned Contracts existing as of the Closing or arising by reason of the Closing.

## The Settlement Agreement

20. The Debtor's entry into the Settlement Agreement is authorized, ratified and directed and the Debtor is authorized to take all steps necessary and appropriate to consummate and otherwise effectuate the terms of the Settlement Agreement without further order of this Court.

21. Upon entry of this Order, all terms and conditions of the Settlement Agreement shall become effective.

## Other Provisions

22. All persons and entities, including without limitation all governmental, tax and regulatory authorities, lenders, trade and other creditors, interest holders and other parties-in-interest, holding any Liens and Claims of any kind or nature whatsoever (whether legal or equitable,

secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) arising under, out of, in connection with or in any way relating to the Debtor, the Property, the operation of the Debtor's business or the transfer of any of the Property to the Purchaser, are hereby forever barred, prohibited and permanently enjoined from asserting any of such Liens and Claims in any manner whatsoever against the Purchaser, its successors or assigns, or their property (including the Property).

23. The Purchaser shall not have any liability or other obligation of the Debtor arising under or related to the Property. Without limiting the generality of the foregoing, the Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, including, but not limited to, any theory of antitrust, environmental, successor or purchaser liability, labor law, de facto merger or substantial continuity, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor, any obligations of the Debtor, or the Property, arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the ownership of the Property prior to the Closing Date, or the transfer of the Property to the Purchaser.

24. Nothing in this Order, the Settlement Agreement, the Contract, the Assigned Leases and Assigned Contracts, or any agreement entered into under this Order releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order, except, as to DNREC, to the extent expressly agreed by DNREC in the Settlement Agreement.

25. The transactions contemplated by the Contract are undertaken by the Purchaser without collusion and in good faith, within the meaning of 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of this Order shall not affect the validity of the Sale to the Purchaser (including the assumption and assignment of the Assigned Leases and Assigned Contracts) or the other relief granted hereby, unless the effectiveness of this Order is duly stayed. The Purchaser is a good faith buyer within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the full protections of that provision.

26. In accordance with Section 8 of the Contract, at Closing, the Purchaser shall pay state and local recording taxes, sales and use taxes, recording fees, and transfer taxes, if any, required to be paid. All transfer taxes associated with the recordation of the special warranty deed (as described in the Contract), if any, including, without limitation, transfer and recordation taxes and documentary stamps, shall be paid by Purchaser at Closing or, if assessed at any time thereafter, shall be paid by Purchaser promptly following such assessment.

27. No bulk sales law or any similar law of any state or other jurisdiction shall apply to the Sale.

28. There are no brokers involved in consummating the Sale and no brokers' commissions are due.

29. The failure specifically to include any particular provision of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety.

30. The Contract and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties and in accordance with the terms thereof, without further order of the Court, provided that any

such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

31. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Contract, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which the Debtor is a party, or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, the Contract, or this Order.

32. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs the entry of judgment as set forth in this Order.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the effectiveness of this Order shall not be stayed and this Order shall be effective immediately.

Dated: ***June 29, 2010***                                      ***s/ Robert E. Gerber***
                                                                                 United States Bankruptcy Judge