UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                                 :
In re                                                            :   Chapter 11 Case No.
                                                                 :
MOTORS LIQUIDATION COMPANY                                       :   09-50026 (REG)
(f/k/a General Motors Corp)                                      :
                                                                 :
        Debtor                                                   :
                                                                 :
                                                                 :
-----------------------------------------------------------------x

NOTICE OF [PARTIAL] TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

RECEIVED JUN 25 2010 U.S. BANKRUPTCY COURT, SDNY

Please take notice that a claim (the "Claim") has been filed in this case or deemed filed under 11 U.S.C. §1111 (a). The transferee hereby gives evidence and notice pursuant to Fed. R. Bankr. P. 3001(e)(2) of the transfer, other than for security, of the claim referenced in this notice and the evidence of transfer attached hereto as Exhibit A.

| SG Aurora Master Fund L.P. | Citigroup Global Markets Inc. |
|---|---|
| Name of Transferee | Name of Transferor |
| | |
| $1,826,707.67 | 66312 |
| Proof of Claim Amount | Proof of Claim No. |

You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:   SG Aurora Master Fund L.P.
              825 Third avenue, 34th floor
              New York, NY 10022
              212-404-5737
              212-404-5745
              Danielle.Salters@sgasset.com

## **EXHIBIT A**

[See attached Evidence of Transfer of Claim]

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

1.  **Citigroup Global Markets Inc.** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **SG Aurora Master Fund L.P.**, its successors and assigns ("Purchaser"), as of the date of this Agreement and Evidence of Transfer of Claim (this "Agreement"), all of Seller's right, title and interest in and to £1,000,000 principal amount (the "Notes") of certain 8.875 percent notes due 2023 issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor"), a debtor and debtor-in-possession in Case No. 09-50026 (REG) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition, and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to Proof of Claim Number 66312 filed by or on behalf of Perry Partners LP (the "Proof of Claim") against the Debtor in the Case, including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Sellers's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.  Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Transferred Claim, free and clear of any and all liens, security interests or participations.

3.  Seller shall promptly (but in any event no later than three (3) business days) remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser each of the Notes in connection with the Transferred Claim, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.  Seller and Purchaser agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among the Company, General Motors of Canada Limited, GM Nova Scotia Investments Ltd., the Debtor, and the beneficial owners of the Company's 8.375% Guaranteed Notes due December 7, 2015 or the Company's 8.875% Guaranteed Notes due July 10, 2023 parties thereto, or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

5.  This Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations,

dc-604967

promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

6.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

dc-604967

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2nd day of ~~May~~ June 2010.

**CITIGROUP GLOBAL MARKETS INC.**     **SG AURORA MASTER FUND L.P.**

By: /s/ Marc Heimowitz                 By: _____
Name: MARC HEIMOWITZ                   Name:
Title: MANAGING DIRECTOR               Title:

Citigroup Global Markets Inc.          SG Aurora Master Fund L.P.
390 Greenwich St.                      825 Third Avenue, 34th floor
New York, NY 10013                     New York, NY 10022
Attention: Chetan Bansal               Attention: Danielle Salters
                                       Office: (212) 404-5737
                                       Fax: (212) 404-5745
                                       Email: Danielle.salters@sgasset.com

dc-604967

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2nd day of ~~May~~ June 2010.

**CITIGROUP GLOBAL MARKETS INC.**     **SG AURORA MASTER FUND L.P.**

By: _____     By: _Chris Testa_ (signature)
Name:                              Name: Chris Testa
Title:                             Title: Portfolio Manager

Citigroup Global Markets Inc.      SG Aurora Master Fund L.P.
390 Greenwich St.                  825 Third Avenue, 34th floor
New York, NY 10013                 New York, NY 10022
Attention: Chetan Bansal

dc-604967

## **EXHIBIT B**

[See attached first page of Proof of Claim]

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PROOF OF CLAIM**

**Name of Debtor (Check Only One):**
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)

**Case No.**
- 09-50026 (REG)
- 09-50027 (REG)
- 09-50028 (REG)
- 09-13558 (REG)

Your Claim is Scheduled As Follows:

FILED
U.S. BANKRUPTCY COURT
2009 NOV 30 P 3 22
S.D.N.Y.

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Perry Partners LP

**Name and address where notices should be sent:**
Perry Partners LP
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Filed on:** 11/25/09

**Name and address where payment should be sent (if different from above):**
Perry Partners LP
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ 33,208,985.63 Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other–Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Date:** 11/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Michael C. Neus
General Counsel, Perry Corp.
Managing Partner

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. Modified B10 (GCG) (12/08).