UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                        :    09-50026 (REG)
       f/k/a General Motors Corp., *et al.*                      :
                                                                 :
                                    Debtors.                     :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

## ORDER PURSUANT TO
## 11 U.S.C. § 105(a) ENFORCING 363 SALE ORDER

Upon the Motion, dated May 17, 2010 (the "**Motion**"), of General Motors, LLC ("**New GM**"),[1] pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the 363 Sale Order; (b) enjoining the Accident Plaintiffs from prosecuting or otherwise attempting to enforce the claims asserted against New GM in the Accident Plaintiffs' Civil Actions, and (c) directing the Accident Plaintiffs to dismiss New GM from each of the Accident Plaintiffs' Civil Actions, with prejudice, all as more fully set forth in the Motion; and upon the responses of certain of the Accident Plaintiffs[2] and New GM's omnibus reply to the responses;[3] and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**") having been held with respect to the Motion on June 1, 2010; and upon the record of the Hearing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The following Accident Plaintiffs filed responses: (i) the Estate of Beverly Deutsch, the Heirs of Beverly Deutsche, and Sanford Deutsch (collectively, the "**Deutsch Plaintiffs**") [Docket No. 5863], (ii) Shane J. Robley [Docket No. 5864], and (iii) Terrie Sizemore [Docket No. 5866] (collectively, the "**Objecting Accident Plaintiffs**") The other three Accident Plaintiffs did not file any response to the Motion.

[3] Docket No. 5899.

and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record of the Hearing; and the Court having found and determined (as set forth in the Opinion) that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that plaintiff, Leslie Griffin, shall immediately dismiss New GM from the Griffin Civil Action styled *Griffin v. General Motors Co.*, No. 09-CI-00232 (Clay Circuit Ct., Ky.), with prejudice; and it is further

ORDERED that plaintiffs, Brian Korotka and Sharon Korotka, shall immediately dismiss New GM from the Korotka Civil Action styled *Korotka v. Braeger Chevrolet, Inc. et al.*, No. 08 CV 017991 (Milwaukee Cnty. Circuit Ct., Wis.), with prejudice; and it is further

ORDERED that defendant, RJ Burne Cadillac, shall immediately dismiss New GM from the McDade Civil Action styled *McDade v. RJ Burne Cadillac v. General Motors Corp. et al.*, No. 585 of 2010 (Lackawanna Cnty. Ct. of Common Pleas, Pa.), with prejudice; and it is further

ORDERED that each of Leslie Griffin, Brian Korotka, Sharon Korotka, and RJ Burne Cadillac, be and hereby is enjoined and estopped from any further prosecution of their respective Accident Plaintiffs' Civil Actions as against New GM or from otherwise pursuing any of the claims asserted therein against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED that each of Leslie Griffin, Brian Korotka, Sharon Korotka, and RJ Burne Cadillac, shall file with the Clerk of this Court evidence of the dismissal, with prejudice,

of its respective Accident Plaintiffs Civil Action against New GM within ten (10) business days after the entry of this Order; and it is further

ORDERED that Accident Plaintiffs (i) Terrie Sizemore and (ii) Shane J. Robley be and hereby are enjoined and estopped from taking or pursuing any further action against New GM (including any discovery) in connection with their respective Accident Plaintiff Civil Actions[4] pending final disposition of the appeal currently pending in the United States Court of Appeals for the Second Circuit, styled *Campbell v. Motors Liquidation Co. et al. (In re Motors Liquidation Co.)*, Case No. 10-1972-cv (2d Cir. 2010) (the "**Campbell Appeal**"); *provided, however*, that Terrie Sizemore shall have eight (8) calendar days from the date hereof to take the necessary action to comply with the foregoing; and it is further

ORDERED that in the event the 363 Sale Order is not altered on appeal after the Campbell Appeal has been exhausted, New GM may file a motion with this Court for a supplemental order requiring Accident Plaintiffs (i) Terrie Sizemore and (ii) Shane J. Robley to dismiss New GM from the Sizemore Civil Action and the Robley Civil Action, respectively, with prejudice, and to continue to enjoin and estop Terrie Sizemore and Shane J. Robley from any further prosecution of the Sizemore Civil Action and the Robley Civil Action, respectively, against New GM or from otherwise pursuing any of the claims asserted in the Sizemore Civil Action and the Robley Civil Action, respectively, against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED that in the event the Campbell Appeal results in a modification of the provisions of the 363 Sale Order so as to permit the pursuit or prosecution of the Product

---

[4] Terrie Sizemore's Accident Plaintiff Civil Action is the Sizemore Civil Action styled *Sizemore v. General Motors Co. et al.*, No 10CIV0102 (Medina Cnty. Ct. of Common Pleas, Ohio). Shane J. Robley's Accident Plaintiff Civil Action is the Robley Civil Action styled *Robley v. General Motors LLC et al.*, No. 2:09-cv-02767 (W.D. Tenn.).

3

Liability Claims as against New GM, the stay and enjoinment of the Sizemore Civil Action and the Robley Civil Action as provided herein shall be lifted upon either (i) the written consent of New GM, or (ii) a further order of this Court entered on notice to New GM; and it is further

ORDERED that the Deutsch Plaintiffs be and hereby are enjoined and estopped from taking or pursuing any further action against New GM (including any discovery) in connection with the Deutsch Civil Action styled *Estate of Beverly Deutsch v. General Motors Corp.*, No. BC 389150 (Los Angeles Cnty. Superior Ct., Cal.), pending (i) final disposition of the Campbell Appeal and (ii) a determination by this Court with respect to whether the wrongful death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an Assumed Liability under that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, as amended, by and among the Debtors and the predecessors in interest to New GM (the "**MSPA**"); and it is further

ORDERED that in the event either (i) this Court determines that the wrongful death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an Assumed Liability under the MSPA, or (ii) the Campbell Appeal results in a modification of the provisions of the 363 Sale Order so as to permit the pursuit or prosecution of the Product Liability Claims as against New GM, the stay and enjoinment of the Deutsch Civil Action as provided herein shall be lifted upon either (i) the written consent of New GM, or (ii) a further order of this Court entered on notice to New GM; and it is further

ORDERED that (i) in the event this Court determines that the wrongful death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is not an Assumed Liability under the MSPA and (ii) the 363 Sale Order is not altered on appeal after the Campbell Appeal has been exhausted, New GM may file a motion with this Court for a

4

supplemental order requiring the Deutsch Plaintiffs to dismiss New GM from the Deutsch Civil Action, with prejudice, and to continue to enjoin and estop the Deutsch Plaintiffs from any further prosecution of the Deutsch Civil Action against New GM or from otherwise pursuing any of the claims asserted in the Deutsch Civil Action against New GM in any other action, forum, proceeding, or otherwise; and it is further

ORDERED that the attorneys for New GM and the attorneys for the Deutsch Plaintiffs shall endeavor to agree on a stipulation (subject to this Court's approval) setting forth a briefing schedule with respect to the issue of whether the wrongful death claim asserted by the Deutsch Plaintiffs in the Deutsch Civil Action against New GM is an Assumed Liability under the MSPA; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *July 1, 2010*

                                            *s/ Robert E. Gerber*
                                            United States Bankruptcy Judge

5