HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                              :       **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,             :       **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*            :
:
                             Debtors.                  :       **(Jointly Administered)**
:
---------------------------------------------------------------x

**NOTICE OF HEARING**
**ON MOTION OF DEBTORS**
**FOR ENTRY OF ORDER PURSUANT**
**TO FED. R. BANKR. P. 9019 APPROVING**
**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS, WILMINGTON TRUST COMPANY, AND**
**CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,**
**REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**

PLEASE TAKE NOTICE that upon the annexed Motion, dated July 2, 2010 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the stipulation and agreed order (the "**Stipulation**"), annexed to the Motion as **Exhibit "A**," between MLC, Wilmington Trust Company, as indenture trustee, and Citibank, N.A., solely in its

43411874

capacity as paying agent, as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 6, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312,

Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson Dunn & Crutcher LLP, attorneys for Wilmington Trust Company, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Matthew J. Williams, Esq. and Keith R. Martorana, Esq.); and (xiii) Sonnenschein Nath & Rosenthal LLP, attorneys to Citibank, N.A., 1221 Avenue of the Americas, New York, NY, 10020-1089 (Attn: Maria M. Livanos Esq. and Louis Curcio, Esq.) so as to be received no later than **July 30, 2010, at 4:00 p.m.**

43411874                                                     3

**(Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      July 2, 2010

/S/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

43411874

4

HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                        :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*        :
                                                            :
                              Debtors.           :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTION OF DEBTORS**
**FOR ENTRY OF ORDER PURSUANT**
**TO FED. R. BANKR. P. 9019 APPROVING**
**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS, WILMINGTON TRUST COMPANY, AND**
**CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,**
<u>**REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**</u>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

respectfully represent:

**Relief Requested**

1.      Pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order approving

43411874

and ratifying the stipulation and agreed order (the "**Stipulation**") between MLC, Wilmington Trust Company ("**WTC**"), in its capacity as successor indenture trustee of the 1990 Indenture (as hereinafter defined) and the 1995 Indenture (as hereinafter defined), and Citibank, N.A. solely in its capacity as paying agent under the 1990 Indenture and 1995 Indenture (in such capacity, "**Citibank**").

2.  The Stipulation sets forth a reconciliation of WTC's claims in these cases of over $23 billion and is a result of a collaborative effort between the Debtors, WTC, and Citibank.

## Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.  On September 16, 2009, the Court entered an order (the "**Bar Date Order**"), establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the deadline for filing proofs of claim against MLC in these chapter 11 cases. Pursuant to the Bar Date Order, holders of certain of MLC's debt securities were not required to file individual proofs of claim. Instead, the respective indenture trustees were permitted to submit proofs of claim on behalf of themselves and their respective individual bondholders.

5.  As of June 1, 2009 (the "**Commencement Date**"), MLC, as issuer, and WTC, as successor indenture trustee, and Citibank, as paying agent, were parties to (i) a Senior Indenture, dated as of December 7, 1995, as amended (the "**1995 Indenture**," and WTC's capacity under the 1995 Indenture, the "**1995 Trustee**"), and (ii) a Senior Indenture, dated as of November 15, 1990 (the "**1990 Indenture**," and together

with the 1995 Indenture, the "**Indentures**," and WTC's capacity under the 1990 Indenture, the "**1990 Trustee**"), pursuant to which MLC issued senior unsecured debt securities.

6. Prior to the General Bar Date, Citibank filed a timely proof of claim against MLC in the amount of $173,063.43 [Proof of Claim No. 66723] with respect to fees and expenses incurred by it under the Indentures (the "**Citibank Claim**"). In addition, prior to the General Bar Date, WTC timely filed four proofs of claim against MLC (each, a "**WTC Claim**," and collectively, the "**WTC Claims**," and collectively with the Citibank Claim, the "**Claims**") on behalf of itself and holders of debt issued by MLC pursuant to the 1995 Indenture and the 1990 Indenture. WTC asserted claims for the following amounts as allegedly due and owing pursuant to the 1990 Indenture and the 1995 Indenture:

| Claim Number | Applicable Indenture | Principal Amount of Claim Plus Fees and Interest Accrued to Petition Date |
|---|---|---|
| 65793 | 1990 Indenture | $1,419,581,281.12 |
| 47871 | 1990 Indenture | $1,419,581,281.12 |
| 65729 | 1995 Indenture | $21,928,297,131.26 |
| 47872 | 1995 Indenture | $21,928,297,131.26 |

7. The WTC Claim with respect to the 1995 Indenture provides that, for purposes of calculating the amount due as of the Commencement Date, WTC used a principal amount of $213,338,743 with respect to the $377,377,000 Discount Debentures (as defined in the applicable WTC Claim) because, pursuant to the applicable sections of the 1995 Indenture and Discount Debentures, only $213,338,743 in principal had accreted as of the Commencement Date. Nonetheless, WTC expressly reserved the

right to argue that the entire stated principal value of $377,377,000 was an allowable claim.

8. As part of the Debtors' ongoing claims reconciliation process, the Debtors reviewed and analyzed the Claims and determined that WTC Claims numbered 47871 (filed by WTC as 1990 Trustee) and 47872 (filed by WTC as 1995 Trustee) were duplicative of WTC Claims numbered 65793 (filed by WTC as 1990 Trustee) and 65729 (filed by WTC as 1995 Trustee), respectively. Accordingly, the Debtors contacted WTC to attempt to resolve the discrepancy and to resolve other issues with respect to the Claims, including without limitation, (i) the payment of WTC's fees and expenses, (ii) WTC's reservation of rights with respect to the aggregate allowable claim amount arising under the Discount Debentures, and (iii) the general procedures for streamlining the claims objection procedure with respect to duplicate claims filed by beneficial bondholders of notes issued under the Indentures.

9. As a result of such discussions, the Debtors, WTC, and Citibank have agreed on the correct amounts owed with respect to the Claims and have entered into the Stipulation annexed herein as **Exhibit "A."** Further, following a review of the prepetition and postpetition fees and expenses of WTC and Citibank to date, and in recognition of the substantial work performed by WTC and Citibank to date and expected through the conclusion of these chapter 11 cases, it is the current intent of the Debtors to pay the prepetition and postpetition fees and expense of WTC and Citibank in cash in full in connection with any plan of reorganization and/or liquidation of MLC. The Stipulation further provides that (i) such fees and expenses that remain unpaid shall constitute an allowed general unsecured, nonpriority claim against MLC held by WTC

43411874                                       4

and/or Citibank, as applicable, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases and (ii) WTC and Citibank, pursuant to section 7.06 of the Indentures, shall retain a charging lien on all assets or money held or collected by WTC or Citibank on account of the Debt Claims (as hereinafter defined) or otherwise.

## The Proposed Stipulation

10.     The salient provisions of the Stipulation are summarized as follows:

- Claims numbered 47871 (filed by WTC as 1990 Trustee) and 47872 (filed by WTC as 1995 Trustee) are deemed withdrawn and Claims numbered 65793 (filed by WTC as 1990 Trustee) and 65729 (filed by WTC as 1995 Trustee) shall survive.

- With respect to principal plus interest due under the 1990 Indenture, WTC, in its capacity as the 1990 Trustee shall receive, on behalf of itself and the record and beneficial bondholders of debt securities issued under the 1990 Indenture an allowed general unsecured, nonpriority claim in the amount of $1,419,471,545.22 (the "**1990 Debt Claim**") against MLC to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases.

- With respect to principal plus interest due under the 1995 Indenture, WTC, in its capacity as the 1995 Trustee, will receive, on behalf of itself and the record and beneficial bondholders of debt securities issued under the 1995 Indenture, an allowed general unsecured, nonpriority claim in the amount of $21,928,183,895.36 (the "**1995 Debt Claim**," and together with the 1990 Debt Claim, the "**Debt Claims**").

- With respect to fees and expenses incurred by WTC under the 1990 Indenture, WTC shall receive a claim of $109,735.90 (the "**1990 WTC Fee Claim**"), and with respect to fees and expenses incurred by WTC under the 1995 Indenture, WTC shall receive a claim of $113,235.90 (the "**1995 WTC Fee Claim**," and together with the 1990 WTC Fee Claim, the "**WTC Fee Claims**").

- With respect to the paying agency fees and expenses incurred by Citibank under the Indentures, the Citibank Claim shall be allowed in the amount of $173,063.43 (the "**Citibank Fees and Expenses Claim**," and together with the WTC Fee Claims, the "**Fees and Expenses Claims**").

43411874                                        5

- To the extent the Fees and Expenses Claims are not paid in full, in cash, pursuant to a plan of reorganization and/or liquidation of MLC, (i) the amount of such fees and expenses that remain unpaid shall constitute an allowed general unsecured, nonpriority claim against MLC held by WTC and/or Citibank, as applicable, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases and (ii) WTC and Citibank, pursuant to section 7.06 of the Indentures, shall retain a charging lien on all assets or money held or collected by WTC or Citibank on account of the Debt Claims or otherwise.

- WTC will issue a notice to the Depository Trust Company and post a notice on its website (i) notifying beneficial bondholders of the notes issued under the Indentures of the entry of the order allowing the WTC Claims and (ii) notifying such bondholders that any subsequent claims objection filed by the Debtors seeking to disallow claims filed by bondholders on the grounds that such claims are duplicative of the Debt Claims being allowed under the Stipulation and order will not impair the bondholders' entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

- WTC will not object to the Debtors' filing of objections to proofs of claim filed by record and beneficial holders of debt securities arising out of or relating to the 1990 Indenture and/or the 1995 Indenture on the grounds that such proofs of claim are duplicative of the Debt Claims allowed pursuant to the Stipulation.

- WTC will waive its right to argue that the entire stated principal amount of $377,377,000.00 with respect to the Discount Debentures is an allowable claim.

### The Relief Requested Should Be Approved by the Court

11.     Bankruptcy Rule 9019 provides, in part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). This rule empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.),* 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). A decision to accept or reject a compromise or settlement is within the sound discretion of the Court. *Id.*; *see also* 9 Collier on Bankruptcy ¶ 9019.02 (15th ed. rev. 2001). The settlement need not result in the best

possible outcome for the debtor but must not "fall below the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505.

12.    Relying on the guiding language of *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968), courts in this Circuit have set forth the following factors regarding the reasonableness of such settlements:

    (1)  the probability of success in the litigation;
    (2)  the difficulties associated with collection;
    (3)  the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
    (4)  the paramount interests of the creditors.

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 428 (S.D.N.Y. 1993); *In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993). The decision to approve a particular settlement lies within the sound discretion of the Bankruptcy Court. *Machinery Terminals, Inc. v. Woodward (In re Albert-Harris, Inc.)*, 313 F.2d 447, 449 (6th Cir. 1963). It is the responsibility of the Court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness." *In re Dow Corning*, 198 B.R. 214, 222 (Bankr. E.D. Mich. 1996). For the reasons set forth below, the Debtors respectfully submit that the Stipulation meets this standard.

13.    The Stipulation falls within the range of reasonableness as it is fair and equitable and in the paramount interest of the Debtors and their creditors. MLC has received over 17,000 proofs of claim filed by individual holders of debt securities issued pursuant to the 1990 Indenture and the 1995 Indenture (collectively, the

"**Beneficial Bondholder Claims**"). The Stipulation will allow the Debtors to move to expunge all Beneficial Bondholder Claims on the ground that such claims are duplicative of the Debt Claims. It will also resolve any claim that WTC may have with respect to WTC's reservation of rights with respect to the aggregate principal allowable amount of the Discount Debentures and resolve the principal and interest amount of the claim, thereby ensuring that MLC will be able to make a timely distribution to unsecured creditors by resolving the largest unsecured claim asserted against the Debtors in these bankruptcy cases. This treatment is consistent with applicable law in this District. *See LTV Corp. v. Valley Fidelity Bank & Trust Co. (In re Chateaugay Corp.)*, 961 F.2d 378, 380 (2d Cir. 1992) (noting that the Bankruptcy Code expressly denies creditors' claims for unmatured interest); *see also In re Solutia Inc.*, 379 B.R. 473, 486 (Bankr. S.D.N.Y. 2007) (explaining "a note issued at a discount is not allowable for its face amount. Rather it is allowable at the face amount less the unaccrued portion of the [original issue discount].").

## Notice

14.     Notice of this Motion has been provided to WTC, Citibank, and parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establish Procedures for Settling Certain Claims, dated October 6, 2010 [Docket No. 4180] and the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
July 2, 2010

/S/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

43411874

HEARING DATE AND TIME: **August 6, 2010 at 9:45 a.m. (Eastern Time)**
OBJECTION DEADLINE: **July 30, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                      :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                       :
                                                               :
                            Debtors.                           :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**AMONG THE DEBTORS, WILMINGTON TRUST COMPANY,**
**AND CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,**
**REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Wilmington Trust Company as successor indenture trustee ("**WTC**"), and Citibank, N.A., solely in its capacity as paying agent under the 1990 Indenture and 1995 Indenture (as defined below) (in such capacity, "**Citibank**"), together with the Debtors and WTC, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A.     On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").

B.     On September 16, 2009, the Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the deadline for each person or entity (including without limitation, each individual, partnership,

43411874

joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Commencement Date.

C.     As of the Commencement Date, MLC, as issuer, WTC, as successor indenture trustee, and Citibank, as paying agent, were parties to (i) a Senior Indenture, dated as of December 7, 1995, as amended (the "**1995 Indenture**," and WTC's capacity under the 1995 Indenture, the "**1995 Trustee**"), and (ii) a Senior Indenture, dated as of November 15, 1990 (the "**1990 Indenture**," and WTC's capacity under the 1990 Indenture, the "**1990 Trustee**") pursuant to which MLC issued senior unsecured debt securities.

D.     Prior to the General Bar Date, WTC timely filed the following four Proofs of Claims against MLC (each, a "**WTC Claim**" and collectively, the "**WTC Claims**"):

| Claim Number | Applicable Indenture | Principal Amount of Claim Plus Fees and Interest Accrued to Petition Date |
| --- | --- | --- |
| 65793 | 1990 Indenture | $1,419,581,281.12 |
| 47871 | 1990 Indenture | $1,419,581,281.12 |
| 65729 | 1995 Indenture | $21,928,297,131.26 |
| 47872 | 1995 Indenture | $21,928,297,131.26 |

E.     Prior to the General Bar Date, Citibank timely filed a proof of claim against MLC in the amount of $173,063.43 [Proof of Claim No. 66723] (the "**Citibank Claim**").

F.     WTC recognizes that it is not entitled to, and does not seek, a duplicate recovery on account of the same WTC Claim and has agreed to withdraw two of the WTC Claims, subject to the agreements set forth in this Stipulation.

## STIPULATION AND ORDER

NOW, THEREFORE, EACH OF THE PARTIES HEREBY STIPULATES AND AGREES AS FOLLOWS:

1. WTC Claims numbered 47871 (filed by WTC as 1990 Trustee) and 47872 (filed by WTC as 1995 Trustee) are deemed withdrawn and WTC Claims numbered 65793 (filed by WTC as 1990 Trustee) and 65729 (filed by WTC as 1995 Trustee) shall survive.

2. With respect to principal plus interest due under the 1990 Indenture, WTC, in its capacity as the 1990 Trustee will receive and is hereby granted, on behalf of itself and the record and beneficial bondholders of debt securities issued under the 1990 Indenture an allowed general unsecured, nonpriority claim in the amount of $1,419,471,545.22 (subject to appropriate reserve and/or reduction in connection with any setoff exercised by beneficial bondholders that is authorized by this Court) (the "**1990 Debt Claim**") against MLC to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' Chapter 11 Cases.

3. With respect to principal plus interest due under the 1995 Indenture, WTC, in its capacity as the 1995 Trustee, will receive and is hereby granted, on behalf of itself and the record and beneficial bondholders of debt securities issued under the 1995 Indenture, an allowed general unsecured nonpriority claim in the amount of $21,928,183,895.36 (subject to appropriate reserve and/or reduction in connection with any setoff exercised by beneficial bondholders that is authorized by this Court) (the "**1995 Debt Claim**," together with the 1990 Debt Claim, the "**Debt Claims**").

4. With respect to the prepetition fees and expenses incurred by WTC under the 1990 Indenture, WTC shall receive an allowed claim of $109,735.90 (the "**1990 WTC Fee Claim**"), and with respect to the prepetition fees and expenses incurred by WTC under the 1995

Indenture, WTC shall receive an allowed claim of $113,235.90 (the "**1995 WTC Fee Claim**," together with the 1990 WTC Fee Claim, the "**WTC Fee Claims**").

5. With respect to the prepetition paying agency fees and expenses incurred by Citibank under the Indentures, the Citibank Claim shall be allowed in the amount of $173,063.43 (the "**Citibank Fees and Expenses Claim**," together with the WTC Fee Claims, the "**Fees and Expenses Claims**").

6. To the extent the Fees and Expenses Claims are not paid in full, in cash, pursuant to a plan of reorganization and/or liquidation of MLC, (a) the amount of such fees and expenses that remain unpaid shall constitute an allowed general unsecured, nonpriority claim against MLC held by WTC and/or Citibank, as applicable, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' Chapter 11 Cases and (b) WTC and Citibank, pursuant to section 7.06 of the 1990 Indenture and section 7.06 of the 1995 Indenture, shall retain a charging lien with respect to its prepetition and post-petition fees and expenses on all assets or money held or collected by WTC or Citibank on account of the Debt Claims or otherwise.

7. WTC will issue a notice to the Depository Trust Company and post a notice on its website (a) notifying beneficial bondholders of the notes issued under the Indentures of the entry of the order allowing the WTC Claims and (b) notifying such bondholders that any subsequent claims objection filed by the Debtors seeking to disallow claims filed by bondholders on the grounds that such claims are duplicative of the Debt Claims being allowed under the stipulation and order will not impair bondholder's entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

8. WTC agrees that it will not object to the Debtors' filing of objections to Proofs of Claims filed by record and beneficial holders of debt securities arising out of or relating to the

43411874                                    4

1990 Indenture and/or the 1995 Indenture on the grounds that such Proofs of Claim are duplicative of the Debt Claims allowed pursuant to this Stipulation.

9. WTC waives its right to argue that the entire stated principal amount of $377,377,000 with respect to the Discount Debentures is an allowable claim.

10. To the extent that the fees and expenses of WTC incurred after the Commencement Date are not satisfied by payment in full in cash in connection with a plan of reorganization and/or liquidation of MLC, WTC reserves the right to argue that all such fees are allowable general unsecured non-priority claims against the estate of MLC.

11. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

Dated: New York, New York
July 2, 2010

/S/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

/s/ Keith R. Martorana
Matthew J. Williams
Keith R. Martorana

GIBSON DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Wilmington Trust Company, as 1990 Trustee and 1995 Truestee*

43411874

5

/s/ Louis A. Curcio
Maria M. Livanos
Louis A. Curcio

SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone: (212) 768-6744
Facsimile: (212) 768-6800

*Attorneys for Citibank, N.A. as Paying Agent under the 1990 and 1995 Indentures*

So Ordered this _____ day of _____ 2010

_____
United States Bankruptcy Judge