HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
> HERETO TO DETERMINE WHETHER THIS OBJECTION
> AFFECTS YOUR CLAIM(S)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.* :
                                            :
              Debtors.                      :    **(Jointly Administered)**
                                            :
----------------------------------------------------------------x

### NOTICE OF DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (Claims with Insufficient Documentation)

**PLEASE TAKE NOTICE** that on July 2, 2010, Motors Liquidation Company

(f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the

"**Debtors**"), filed their thirty-third omnibus objection to expunge certain claims (the "**Thirty-**

**Third Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the

Thirty-Third Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **August 6,**

**2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Thirty-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP,

attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **July 30, 2010 at 4:00 p.m.** (**Eastern Time**) (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Thirty-Third Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Thirty-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       July 2, 2010

     /s/ Joseph H. Smolinsky
     Harvey R. Miller
     Stephen Karotkin
     Joseph H. Smolinsky

     WEIL, GOTSHAL & MANGES LLP
     767 Fifth Avenue
     New York, New York 10153
     Telephone: (212) 310-8000
     Facsimile: (212) 310-8007

     Attorneys for Debtors
     and Debtors in Possession

**HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                      :
**In re**                                             :     **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY,** *et al.*,             :     **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                                      :
        Debtors.         :     **(Jointly Administered)**
                                                      :
------------------------------------------------------------x

### DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS
**(Claims with Insufficient Documentation)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. The Debtors file this thirty-third omnibus objection to certain claims (the "**Thirty-Third Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") [Docket No. 4079], seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2. The Debtors have examined the proofs of claim identified on Exhibit "A" and have made every effort to ascertain the validity of such claims. In fact, prior to the filing of this Thirty-Third Omnibus Objection to Claims, the Debtors sent a letter to each of the claimants listed on Exhibit "A" requesting information that would permit the Debtors to understand the basis and nature of the their respective proofs of claim. To date, the Debtors have not received any response.

3. After careful review, the Debtors have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Claims with Insufficient Documentation**") fail to provide sufficient documentation to ascertain the validity of such claims. Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

3007, and the Bar Date Order, the Debtors seek entry of an order disallowing and expunging from the claims register the Claims with Insufficient Documentation.  Further, the Debtors reserve all of their rights to object on any other basis to any Claims with Insufficient Documentation as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

7. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Relief Requested Should Be Approved by the Court

8. A proof of claim *must* "set forth the facts necessary to support the claim" for it to receive the prima facie validity accorded under the Bankruptcy Rules. *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (internal quotation omitted); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see Ashford v. Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd , 91 F.3d 151 (9th Cir. 1996); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9. The Claims with Insufficient Documentation fall far short of the standard unambiguously required in the Bar Date Order. Indeed, the Bar Date Order, requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available. (Bar Date Order at 2.)[4]

---

[4] Notices of the Bar Date Order contained express references to this requirement.

10. The Debtors have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" do not include sufficient documentation to ascertain the nature or validity of these claims. Thus, the Debtors request that the Court disallow and expunge in their entirety the Claims with Insufficient Documentation.

## Notice

11. Notice of this Thirty-Third Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

12. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
July 2, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
    f/k/a General Motors Corp., et al.        :
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-------------------------------------------------------------x
```

# ORDER GRANTING DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS
**(Claims with Insufficient Documentation)**

Upon the thirty-third omnibus objection to expunge certain claims, dated July 2, 2010 (the "**Thirty-Third Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Claims with Insufficient Documentation on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claim, all as more fully described in the Thirty-Third Omnibus Objection to Claims; and due and proper notice of the Thirty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Thirty-Third Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Thirty-Third Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Thirty-Third Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that to the extent a disallowed and expunged claim is a workers' compensation claim with respect to an employee residing or employed in any state other than the states of Alabama, Georgia, New Jersey, and Oklahoma, the disallowance of such claim shall not affect the claimant's rights to continue receiving benefits from General Motors, LLC (f/k/a NGMCO, Inc.), the purchaser of substantially all the assets of General Motors Corporation; and it is further

ORDERED that to the extent a disallowed and expunged claim is for principal under a public debt security issued by the Debtors, the disallowance of such claim shall not affect the right of the claimant to participate in recoveries as a holder of securities under any

proof of claim filed by an indenture trustee in respect of the subject issuance; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge

**Thirty-Third Omnibus Objection** **Exhibit A** <u>**Motors Liquidation Company, et al**</u>.
**Case No. 09-50026 (REG), Jointly Administered**

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| ANDREW F LUTTIG<br>11301 W M 21<br>FOWLER, MI 48835 | 65944 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| BELLA ALTERATIONS<br>39050 SCHOOLCRAFT RD # S<br>LIVONIA, MI 48150 | 69605 | Remediation And Liability Management Company, Inc. | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| BETTY EASTMAN<br>6518 RIVERSIDE DR<br>LEAVITTSBURG, OH 44430 | 65553 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| CEDE & CO.<br>ATTN: GENERAL COUNSEL<br>55 WATER STREET<br>NEW YORK, NY 10041 | 28060 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,365.70 (U)<br>$1,365.70 (T) | Insufficient Documentation | Pgs. 1-4 |
| DAVID MALNAR<br>1386 W 12TH AVE<br>CHICO, CA 95926 | 22925 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| DIANE L SCHAAL<br>2068 SUTTON WAY<br>HENDERSON, NV 89074 | 65734 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$116,572.32 (U)<br>$116,572.32 (T) | Insufficient Documentation | Pgs. 1-4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**Thirty-Third Omnibus Objection**     **Exhibit A**     <u>**Motors Liquidation Company, et al.**</u>

Case No. 09-50026 (REG), Jointly Administered

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| FAGO, ANDREW W<br>21064 NW 166TH PL<br><br>HIGH SPRINGS, FL 32643 | 65973 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| GOODMAN, WILLIAM R<br>642 MARTIN ST<br><br>OWOSSO, MI 48867 | 65541 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| HULIO R GRIFFIN<br>3027 KENNEDY DR<br><br>JACKSON, MS 39209 | 65380 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| INTERNATIONAL METAL TRADING INC / PAUL TERRAUTT<br>33315 125TH ST<br><br>TWIN LAKES, WI 53181 | 65552 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,400,000.00 (U)<br>$3,400,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |
| ISOLINA LEOPARDI<br>39050 SCHOOLCRAFT RD<br><br>LIVONIA, MI 48150 | 69606 | Remediation And Liability Management Company, Inc. | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| JAMES D EDWARDS<br>6280 BUNTON RD<br><br>YPSILANTI, MI 48197 | 70059 | Remediation And Liability Management Company, Inc. | $120,000.00 (S)<br>$0.00 (A)<br>$50,000.00 (P)<br>$0.00 (U)<br>$170,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

| Thirty-Third Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al. |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| JEAN L HARTNETT<br>#129 BLDG 7<br>6610 GASPARILLA PINES BLVD<br>ENGLEWOOD, FL 34224 | 29028 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,000.00 (U)<br>$1,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |
| LARRY KASSEL<br>1040 S LINDEN RD<br>FLINT, MI 48532 | 69630 | Remediation And Liability Management Company, Inc. | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| MCKENNA, JAMES - A MINOR<br>PO BOX 1318 - 2294<br>SACRAMENTO, CA 95812 | 36986 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| NATIONAL CONSUMER LAW CENTER INC<br>7 WINTHROP SQ<br>#4FL<br>BOSTON, MA 02110 | 67229 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| NELLIE P JENSEN<br>46A BIRCHWOOD DR<br>BRISTOL, CT 06010 | 29027 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,000.00 (U)<br>$1,000.00 (T) | Insufficient Documentation | Pgs. 1-4 |
| PALMER, SHARON<br>995 PINE FOREST DR<br>MABLETON, GA 30126 | 49544 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

**Thirty-Third Omnibus Objection** **Exhibit A** <u>**Motors Liquidation Company, et al.**</u>
**Case No. 09-50026 (REG), Jointly Administered**

| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | |
|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** |
| PATRICIA SLOMBA<br>158 PANAMA ST<br><br>PITTSTON, PA 18640 | 65378 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| PETER SCHOLZ<br>AMASTR 41<br>94315 STRAUBING GERMANY<br><br>GERMANY | 65338 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$132.41 (U)<br>$132.41 (T)<br>Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| ROBERTA FLOWERS<br>1198 E CASS AVE<br><br>FLINT, MI 48505 | 69895 | Remediation And Liability Management Company, Inc. | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| ROBINSON, DANES<br>PO BOX 190285<br><br>BURTON, MI 48519 | 67480 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| SHANKLIN JR GEORGE R<br>PO BOX 81<br><br>INDIANAPOLIS, IN 46206 | 65532 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

**Thirty-Third Omnibus Objection**  **Exhibit A**  **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TOMMASO CITO<br>AM UANINSBERG 46<br>50226 FRECHEN GERMANY<br><br>GERMANY | 65397 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$46,708.20  (P)<br>$0.00  (U)<br>$46,708.20  (T)<br><br>Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| VENICE SWANSON<br>C/O B ADAM TERRELL<br>PO BOX 350<br>BEAUMONT, TX 77704 | 45853 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| WALTER AND EDITH KAUFMAN TRUST<br>WALTER AND EDITH KAUFMAN TTEES<br>UAD 1/23/91<br>C/O MEYER<br>9702 ETHAN RIDGE AVE<br>FREDERICK, MD 21704 | 44787 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| WILLIAM GOODMAN<br>642 MARTIN ST<br>OWOSSO, MI 48867 | 65540 | Motors Liquidation Company | Unliquidated | Insufficient Documentation | Pgs. 1-4 |
| **Claims to be Disallowed and Expunged Totals** | **27** | | **$120,000.00** (S)<br>**$0.00** (A)<br>**$96,708.20** (P)<br>**$3,520,070.43** (U)<br>**$3,736,778.63** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 5