**Hearing Date & Time: August 6, 2010 at 9:45 a.m. (Eastern)**
**Objection Deadline:  July 30, 2010 at 4:00 p.m. (Eastern)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|                                                    |   )   |                          |
| In re                                              |   )   | Chapter 11               |
|                                                    |   )   |                          |
| MOTORS LIQUIDATION COMPANY, *et al.*,              |   )   | Case No. 09-50026 (REG)  |
|                                                    |   )   |                          |
| f/k/a General Motors Corp., *et al.*               |   )   |                          |
|                                                    |   )   |                          |
| Debtors.                                           |   )   | (Jointly Administered)   |

-------------------------------------------------------------X

### NOTICE OF HEARING ON
### MOTION OF DEAN M. TRAFELET, FUTURE CLAIMANTS' REPRESENTATIVE, FOR AN ORDER CLARIFYING THE ORDER APPOINTING HIM AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS AND DIRECTING PAYMENT OF HIS FEES AND EXPENSES, OR IN THE ALTERNATIVE, AWARDING AN ADMINISTRATIVE EXPENSE PURSUANT TO SECTION 503(a) OR (b) OF THE BANKRUPTCY CODE

PLEASE TAKE NOTICE that upon the July 2, 2010 Motion of Dean M. Trafelet, Future

Claimants' Representative, for an Order Clarifying the Order Appointing him as Legal

Representative for Future Asbestos Personal Injury Claimants and Directing Payment of his Fees

and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant to Section

503(a) or (b) of the Bankruptcy Code (the "**Motion**") seeking clarification of the effective date

of his retention and payment of his fees and expenses, all as more fully set forth in the Motion, a

hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in

Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York, 10004, on **August 6, 2010 at 9:45 a.m. (Eastern Time)**,

or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Application

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format (with a hard copy delivered directly to Chambers), in

accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and

served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243

(Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan

48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center, New York, New

York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury,

1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq. and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y. 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin Maclay, Esq.), and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for the Future Claimants' Representative, so as to be received no later than **July 30, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Future Claimants' Representative may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 2, 2010
      Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

**Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future
Asbestos Personal Injury Claimants**

**Hearing Date & Time: August 6, 2010 at 9:45 a.m. (Eastern)**
**Objection Deadline:  July 30, 2010 at 4:00 p.m. (Eastern)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                )
In re                                           )        Chapter 11
                                                )
MOTORS LIQUIDATION COMPANY, *et al.,*            )        Case No. 09-50026 (REG)
                                                )
      f/k/a General Motors Corp., *et al.*       )
                                                )
                      Debtors.                   )        (Jointly Administered)
-------------------------------------------------------------X

**MOTION OF DEAN M. TRAFELET, FUTURE CLAIMANT'S REPRESENTATIVE,**
**FOR AN ORDER CLARIFYING THE ORDER APPOINTING HIM AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**
**AND DIRECTING PAYMENT OF HIS FEES AND EXPENSES, OR IN THE**
**ALTERNATIVE, AWARDING AN ADMINISTRATIVE EXPENSE PURSUANT**
**SECTION 503(a) OR (b) OF THE BANKRUPTCY CODE**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

        Dean M. Trafelet in his capacity as the legal representative for future asbestos personal

injury claimants (the "**Future Claimants' Representative**") in the above captioned jointly

administered chapter 11 cases files this motion (the "**Motion**") asking the Court to specify the

effective date of his appointment and direct the Debtors to reimburse the Future Claimants'

Representative for his professional fees and expenses incurred prior to the entry of the April 8,

2010, order appointing the Future Claimants' Representative, or in the alternative, granting him

an administrative expense claim pursuant to Section 503(a) or (b) of the Bankruptcy Code, and

respectfully shows this Court as follows:

## PRELIMINARY STATEMENT

In order to address its liability with respect to asbestos-related personal injury claims

("**Asbestos Claims**"), Motors Liquidation Company (f/k/a General Motors Corp.) ("**MLC**")

intends to propose a plan establishing a trust to compensate holders of both present and future

Asbestos Claims against the Debtors.  In order to be able to address future Asbestos Claims,

MLC sought the appointment of a representative of holders of future asbestos personal injury

claims against the Debtors (the "**Future Claimants**").  As early as November 2009, the Debtors

contacted Mr. Trafelet regarding their intended use of a future claimants' representative in these

cases.  At that time, at the request of the Debtors, Mr. Trafelet began performing valuable

services and incurring expenses for the benefit of the Debtors.  Virtually all of the services

performed during this time period were performed at the behest of the Debtors and their counsel.

The Debtors, however, refuse to compensate the Future Claimants' Representative for the

professional fees and expenses that he incurred during the period from November 13, 2009

through and including April 7, 2010.  The Debtors' refusal to compensate the Future Claimants'

Representative for valuable services that they requested and that he rendered is demonstrably

inequitable.  It is remarkably unjust that Debtors' professionals seek compensation for their roles

in securing the appointment while simultaneously refusing to reimburse the Future Claimants'

Representative's legitimate mirror-image services performed by him on precisely the same issue.

## BACKGROUND

1.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**") commenced this case under chapter 11 of the Bankruptcy Code.

2.      On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).

3.      As early as November 2009, Debtors' counsel contacted Mr. Trafelet in connection with the Debtors' intention to appoint a future claimants' representative in these cases.  From November 2009 forward, at the request of the Debtors, Mr. Trafelet worked with Debtors' counsel and other parties-in-interest and has performed various valuable services for the benefit of the Debtors and the Future Claimants.  Mr. Trafelet also worked with his counsel and his claims valuation consultant to begin analyzing the Debtors' asbestos-related liabilities.

4.      On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

5.      Consistent with their desire to establish a trust to compensate holders of present and future Asbestos Claims, on March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 4214) asking the Court to appoint Mr. Trafelet as the Future Claimants' Representative.  Pursuant to an order (the "**FCR Appointment Order**"), dated April 8, 2010, the Court appointed Dean M. Trafelet's as the Future Claimants' Representative (Docket No. 5459).

Both the Appointment Motion prepared by Debtors' counsel and the FCR Appointment Order are silent as to the effective date of the Future Claimants' Representative's appointment.

6.       Pursuant to the FCR Appointment Order, the Future Claimants' Representative is authorized to seek compensation and reimbursement in accordance with the Court's August 7, 2009, order establishing compensation procedures for professionals in these cases (the "**Compensation Order**").  Accordingly, the Future Claimants' Representative and his professionals, served their first monthly fee statements on the appropriate notice parties on or about May 20, 2010.  The Future Claimants' Representative's first monthly fee statement (the "**First Monthly Statement**") sought compensation for his services rendered and reimbursement of expenses incurred for the period from November 13, 2009 through and including April 30, 2010.  The First Monthly Statement requested compensation for professional services rendered in the amount of $32,185.00 and reimbursement of $2,046.56 in expenses, the majority of which was incurred at the request of the Debtors and prior to April 8, 2010.

7.       On or about June 9, 2010, AlixPartners, purporting to act on behalf of the Debtors, contacted counsel for the Future Claimants' Representative, asserting that payment of any fees and expenses incurred by the Future Claimants' Representative prior to April 8, 2010 should not be included in the First Monthly Statement, even though the services were performed at the request of the Debtors and were done for their benefit.  The Debtors have objected to payment of $21,587.50 in fees and $1,464.27 in expenses, all of which were incurred performing services for the benefit of the Debtors and all of which were necessary to his role as Future Claimants' Representative.

8.       Attempts to resolve the dispute over the appropriate effective date of the Future Claimants' Representative's appointment and the compensability of the foregoing fees and

4

expenses have been unsuccessful.  Thus, the Future Claimants' Representative respectfully asks

the Court to clarify the FCR Appointment Order to direct the Debtors to compensate him for

services provided and expenses incurred prior to his official appointment on April 8, 2010.

### ARGUMENT

9.      The Debtors' failure to compensate the Future Claimants' Representative for the

fees and expenses he incurred prior to April 8, 2010 is simply unfair.  As outlined in more detail

in the attached Declaration of Dean M. Trafelet, the Debtors themselves requested that he

perform valuable services and incur necessary expenses for the Debtors' own benefit as they

developed a reorganization strategy that included the appointment of a future claimants'

representative.  Not only did the Debtors' request and encourage Mr. Trafelet to work with them

on the bankruptcy case, they were at all times fully aware that Mr. Trafelet as the putative Future

Claimants' Representative was incurring professional fees and expenses for their benefit.

Needless to say, they never objected to the Future Claimants' Representative's actions during

this time period.  It was Mr. Trafelet's belief that he would be reimbursed for these necessary

and reasonable expenses.

10.     Virtually all of the communications and other tasks performed by the Future

Claimants' Representative during the period from November 13, 2009 through and including

April 7, 2010 were undertaken at the behest of the Debtors.  At the request of Debtors' counsel,

the Future Claimants' Representative participated in conference calls with Debtors' counsel and

members of the Creditors' Committee and also reviewed and commented on several drafts of the

Debtors' Appointment Motion.  The Future Claimants' Representative also spent time

researching the backgrounds and qualifications of potential counsel and asbestos claims

valuation consultants to determine their suitability for the type of case described to him by the

Debtors and for the type of resolution that the Debtors envisioned.  After extensive investigation and subject to court approval, the Future Claimants' Representative selected appropriate counsel and a claims valuation consultant, and worked with both to prepare the applications necessary to obtain court approval of their employment so that the Debtors could move forward with their reorganization structure.  The Future Claimants' Representative also incurred various expenses associated with this case, the majority of which are travel expenses incurred in order to attend the hearing on his appointment.

11.    It is obvious from the face of the Debtors' motion seeking the appointment of Mr. Trafelet, named specifically, that Mr. Trafelet had been working with the Debtors in the pre-Appointment Motion period.  Tellingly, the Debtors did not seek the appointment of a future claimants' representative in the abstract, starting a process of exploring the use of a representative.  Rather, the Appointment Motion is the culmination of the Debtors' process of developing a reorganization strategy for future Asbestos Claims and the end-point of the Debtors' strategy.  It is the height of injustice for the Debtors to take the position that the steps taken by their professionals toward the appointment of a future claimants' representative are reasonable, necessary and compensable, but that Mr. Trafelet's equally reasonable and necessary fees and expenses, which were incurred at the request of the Debtors and their counsel, are not. It was those professionals who drafted the Appointment Motion and it is simply inequitable for them to now take the position that he is not entitled to just reimbursement.  The Debtors' astonishing refusal to compensate Mr. Trafelet for his travel expenses in attending this Court's hearing leads to the remarkable result that every actor in the courtroom except him would be entitled to payment for such a necessary expense from the estate.

12.    No other party-in-interest has objected to the payment of the requested fees and expenses, demonstrating again the contemporaneous understanding that Mr. Trafelet was to be reimbursed for his reasonable and necessary fees and expenses.  Only the Debtors, who sought the appointment of the Future Claimants' Representative and asked him to perform these services, are objecting to the payment of his fees and expenses.  The Debtors are not objecting to the reasonableness of the fees and expenses—only to the dates on which the fees and expenses were incurred—stating that they are not authorized to compensate the Future Claimants' Representative for fees and expenses incurred prior to April 8, 2010.

13.    In the alternative, the services rendered by Mr. Trafelet on behalf of the estate and at the Debtors' request prior to his official appointment on April 8, 2010, entitle him to an award of an administrative expense pursuant to Sections 503(a) or (b) of the Bankruptcy Code.

## CONCLUSION

14.    Because the services rendered by the Future Claimants' Representative were requested by the Debtors and their counsel, were necessary to his duties as the Future Claimants' Representative and were beneficial to the Debtors, the Future Claimants' Representative should be compensated for the services he rendered during the period in question.  Similarly, reimbursing the Future Claimants' Representative for his out-of-pocket expenses incurred prior to the entry of the FCR Appointment Order is reasonable, especially when the majority of these expenses were incurred traveling to the hearing on his appointment and sending requested documents to Debtors' counsel.  These fees and expenses were incurred for the benefit of the Debtors and it is reasonable for the Debtors to compensate the Future Claimants' Representative for them.  Any other result is inequitable and is damaging to the reorganization process envisioned by the Bankruptcy Code.

WHEREFORE, the Future Claimants' Representative asks this Court to (a) enter an order establishing November 13, 2009 as the effective date of his appointment, and (b) authorizing and directing the Debtors to pay the Future Claimants' Representative's fees and expenses incurred prior to his appointment in accordance with this Court's Compensation Order; or in the alternative, (c) awarding the Future Claimants' Representative an administrative expense under Section 503(a) or (b) of the Bankruptcy Code for the fees and expenses he incurred prior to his appointment; and (d) granting the Future Claimants' Representative such other and further relief as is just and appropriate.

Dated:  July 2, 2010
Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

**Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future
Asbestos Personal Injury Claimants**

8

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                )
In re                                           )        Chapter 11
                                                )
MOTORS LIQUIDATION COMPANY, *et al.,*           )        Case No. 09-50026 (REG)
                                                )
     f/k/a General Motors Corp., *et al.*       )
                                                )
                                    Debtors.    )        (Jointly Administered)
-----------------------------------------------------------------X

### DECLARATION OF DEAN M. TRAFELET IN SUPPORT OF THE MOTION OF DEAN M. TRAFELET, FUTURE CLAIMANT'S REPRESENTATIVE, FOR AN ORDER CLARIFYING THE ORDER APPOINTING HIM AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS AND DIRECTING PAYMENT OF HIS FEES AND EXPENSES, OR IN THE ALTERNATIVE, AWARDING AND ADMINISTRATIVE EXPENSE PURSUANT TO SECTION 503(a) OR (b) OF THE BANKRUPTCY CODE

I, Dean M. Trafelet, do declare and say the following:

1.        I am over the age of 18 years, and am competent and otherwise qualified to make this Declaration.  Unless otherwise stated herein, I have personal knowledge of the facts set forth herein.

2.        I am the duly appointed Future Claimants' Representative in the above-captioned case and I submit this Declaration in support of the *Motion of Dean M. Trafelet, Future Claimants' Representative, for an Order Clarifying the Order Appointing him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of His Fees and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant to Section 503(a) or (b) of the Bankruptcy Code* (the "**Motion**").[1]

3.        In or about November 2009, counsel for the Debtors contacted me regarding their use of a future claimants' representative in connection with the development of a liquidation plan

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

for the Debtors.  Since that time, at the Debtors' request and with their full knowledge and

acquiescence, I have performed various services and incurred expenses in connection with my

appointment and duties as Future Claimants' Representative.

4.      At the request of Debtors' counsel, I participated in conference calls with

Debtors' counsel regarding the status of the case, the appointment of a future claimants'

representative and the role of a future claimants' representative in this case.

5.      Prior to my formal appointment by the Court, at the express request of the

Debtors, I familiarized myself with the case and the available information regarding the Debtors'

asbestos-related liabilities.  I also researched the background of potential counsel and asbestos

claims valuation consultants to determine their suitability for the type of case described to me by

the Debtors and for the type of resolution that the Debtors envisioned.  After extensive

investigation and subject to court approval, I selected appropriate counsel and a claims valuation

consultant, and began the steps necessary to subsequently obtain court approval of my retention

of both.  At the request of Debtors' counsel, I reviewed and analyzed multiple drafts of the

Debtors' Appointment Motion and my declaration in support of the Debtors' motion, all of

which were necessary in order to effectuate the stated goal of the Debtors to employ a future

claimants' representative as a part of its reorganization/liquidation strategy.

6.      Also prior to my formal appointment by the Court and at the behest of the

Debtors, my professionals and I engaged in numerous conversations and communications

regarding the investigation and analysis of the Debtors' asbestos-related liabilities.  This

included the preparation of a task list and requests for various materials from the Debtors.

7.      During the period prior to my formal appointment, I also incurred a number of

expenses at the request of the Debtors and in connection with the duties of a future claimants'

representative.  These expenses include, among other things, charges for long-distance phone

calls, overnight deliveries, airfare, hotel and meals while traveling.  Included within these

charges are expenses incurred for traveling to the hearing on my appointment.  The Debtors were

aware that I was incurring these expenses and all of these expenses were reasonable and

necessary to the services rendered on behalf of the Future Claimants.

8.    The foregoing services were valuable services that were necessary not only to the

effectuation of the Debtors' liquidation strategy but to the performance of my duties as the

Future Claimants' Representative as well.  All of the services rendered and expenses incurred

were beneficial to the Debtors' estates.

9.    At all times, I believed that the Debtors intended to compensate me for the

professional fees and expenses that I incurred for their benefit, at their direction, and with their

knowledge.

10.    Following my appointment and in accordance with the Compensation Order, I

submitted my First Monthly Statement to the appropriate notice parties.  The First Monthly

Statement, a copy of which is attached hereto as Exhibit A, requested reimbursement for

reasonable and necessary fees and expenses incurred during the period from November 13, 2009

through and including April 30, 2010.  The First Monthly Statement requested payment of

$32,185.00 in fees and $2,046.56 in expenses, for total compensation of $34,231.56.

11.    On or about, June 9, 2010, Alix Partners, purporting to speak for and on behalf of

the Debtors, contacted my counsel and asserted that the fees and expenses I incurred prior to

April 8, 2010 should not be included in my First Monthly Statement.  The Debtors have objected

to payment of $21,587.50 in fees and $1,464.27 in expenses.

12.     Attempts to resolve this objection with Alix Partners and counsel for the Debtors have been unsuccessful.

13.     The fees and expenses requested in my First Monthly Statement were incurred for the benefit of the Debtors and in connection with their decision to pursue a plan that would deal with future claims as well as in connection with my role as Future Claimants' Representative in this case.  Virtually all of the fees and expenses requested were incurred at the behest of the Debtors and with their full knowledge that I was performing such services.  All of the fees and expenses were necessary to the effectuation of the Debtors' reorganization strategy and to the performance of my duties as Future Claimants' Representative.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of July 2010, in Baileys Harbor, Wisconsin.

*/s/ Dean M. Trafelet*
Dean M. Trafelet

**EXHIBIT A**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**
**2009**
**TIME**

| NOVEMBER 2009 | | Hours |
|---|---|---|
| 11/13 | Teleconf. with S. Karotkin re: D. Trafelet candidacy for FCR and S. Karotkin's description, background, case history, filing, time table (.40); compliance with S. Karotkin's request review, update, and forward background materials and updated resume (1.80) | 2.20 |

| DECEMBER 2009 | | |
|---|---|---|
| 12/21 | Review J. Cooney's memo re: creditor's committee approval (.10); teleconf. with J. Cooney re: status and position of present asbestos claimants within the proceedings (.30). | .40 |

| JANUARY 2010 | | |
|---|---|---|
| 01/05 | Research background of GM/MLC bankruptcy filings and prior asbestos recovery efforts (1.30); review J. Coonney memo re: creditor's committee approval (.10). | 1.40 |
| 01/07 | Review potential FCR legal counsel backgrounds and resumes re: Future Claim Representative's legal counsel (2.40). | 2.40 |
| 01/11 | Review S. Karotkin memo updating case status (.20); review S. Karotkin's draft of motion for appointment with comments and corrections (.80); forward memo to legal counsel for legal counsel review (.10); review S. Karothin's 2nd modified draft of Motion to Appoint with revisions, corrections and forwarding to legal counsel (.50); review and response to S. Karotkin's 3rd revision to paragraphs 4 and 5 of the Motion to Appoint with corrections (.70); reply memo to | |

|       |                                                                                                                                                                                                                                                                                                                                  |      |
|-------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|       | **S. Karothin re: revisions to paragraphs 4 and 5 (.10).**                                                                                                                                                                                                                                                                        | **2.40** |
| **01/12** | **Teleconf. with J. Cooney re: analysis of FCR re: merits and scope of proposed Appointment Order (.20).**                                                                                                                                                                                                                    | **.20** |
| **01/13** | **Teleconf. with FCR legal counsel re: motion to appoint language, completeness and related issues (.50); review FCR's legal counsel/S. Esserman's memo re: Karotkin's up date and scheduling advice (.10).**                                                                                                              | **.60** |
| **01/14** | **Teleconf. with FCR legal counsel/S. Esserman re: updates, status and substance of D. Trafelet's  Affidavit and Declaration as requested by S. Karotkin (.30).**                                                                                                                                                           | **.30** |
| **01/15** | **Review S. Karotkin's draft Declaration with corrections and suggestions and return same (.90); review FCR legal counsel's/S. Esserman's memo re: corrections to Declaration and update of US Trustee's objections (.30).**                                                                                                | **1.20** |
| **01/17** | **Teleconf. with J. Cooney re: motion to appoint asbestos creditor committee (.20).**                                                                                                                                                                                                                                          | **.20** |
| **02/15** | **Review J. Cooney memo re: update commencement of FCR work (.10); review and respond to T. Florence/ ARPC's memo re: Creditor's Committee request to retain ARPC for asbestos estimations (.30).**                                                                                                                         | **.40** |
| **02/23** | **Teleconf. with S. Karotkin re: updating Declaration Statement (.10); further update 3rd draft of Declaration Statement (.50); memo exchange with S. Karotkin re: contents and delivery deadline (.10); memo exchange with S. Esserman re: legal advice on *nunc pro tunc* issues (.30); lengthy review of ARPC's asbestos estimations experience, rates and availability (.40); memo to ARPC re: engagement and commencement of claims estimating (.20).** | **1.60** |
| **02/24** | **Research and retrieve via on-line access to case memos and orders and organize same re: Motors Liquidation's court filings (3.40); teleconference with T. Florence of ARPC re: estimation process, timing, rates and conflicts (.50).**                                                                                  | **3.90** |
| **02/25** | **Review S. Karotkin's 02/25/10 revision to FCR Motion (.40); memo with comments re: FCR Motion to S. Esserman (.30).**                                                                                                                                                                                                     | **.70** |

| | | |
|---|---|---|
| 02/26 | Review and analysis of S. Karotkin's further revised Motion to Approve (.20); review memo exchange re: S. Karotkin's suggested language changes of FCR's Motion to Approve between S. Karotkin and S. Esserman (.20); teleconf. with S. Esserman to resolve Motion to Approve differences (.10). | .50 |
| 03/04 | Review 03/04 revisions the DMT Declaration (.30); teleconf. with S. Esserman for authorization to sign (.10); follow-up teleconference with S. Karotkin re: final changes to Declaration (.30), execute and forward (10); teleconf. with S. Karotkin re: his changes to DMT Declaration, filing date and future scheduling (.10); memo to T. Florence/ARPC re: preparation of outline materials needed from debtor (.20). | 1.10 |
| 03/08 | Review court order re: US Trustee's Committee of Unsecured Creditors Holding Asbestos Claims (.20); review T. Florence/ARPC memo MLC Task List An Information Request (.30) with reply re: scheduling and proceeding with compliance (.10). | .60 |
| 03/10 | Memo to S. Esserman re: ARPC background and scheduling and application for APRC retention (.20); review and analysis of Bankruptcy Court's Interim Compensation Order (.40). | .60 |
| 03/12 | Teleconf. with T. Florence/APRC re: updating and finalizing Task List and Information Request (.30); memo to S. Karotkin re: ARPC request (.30). | .60 |
| 03/16 | Review and analysis of Second Amended Notice and Case Management Order (.30); teleconf. with S. Esserman re: application for FCR representation (.20); review of application and proposed order re: FCR legal representation (.40); teleconf. with J. Brophy of ARPC re: application for ARPC appointment to perform FCR claim research and estimations (.20). | 1.10 |
| 03/23 | Meeting and review with T. Florence (ARPC) re: changes and final draft of APRC application (.40). | .40 |
| 03/25 | Review and analysis of Second Amended Order Re: Notice and Case Management Order (.40). | .40 |
| 03/26 | Review memos from B . Williamson and S. Esserman re: fees and expenses with conference call scheduling | |

|  |  |  |
|---|---|---|
| | reply memo (.20). | **.20** |
| **03/29** | Review S. Esserman's 03/29/20 revised application and memo to A. Velez-Rivera/USTP (.30). | **.30** |
| **03/30** | Teleconf. with S. Esserman re: preparatory outline for conference call with fee examiner (.30); teleconference with S. Esserman and B. Williamson re: fee and expense policy and procedures (.40); review S. Esserman memo to S. Karotkin re: meeting agenda and schedule (.10) and reply with DMT schedule (.10). | **.90** |
| **03/31** | Review and reply to S. Esserman memo re: update on 03/08 meeting with S. Karotkin (.20). | **.20** |

**Total Time November 2009 – March 31, 2010:**

**24.80 hours @ $785.00 = $19,468.00**

**DEAN M. TRAFELET
GENERAL MOTORS – FCR
EXPENSES
November 2009 – March 31, 2010**

| | | | | |
|---|---|---|---|---|
| **Air Transportation** | | | | |
| **Travel Agent Fees** | | | | |
| **Surface Transportation** | | | | |
| **Hotel and Lodging** | | | | |
| **Meals** | | | | |
| **Parking** | | | | |
| **Mileage** | | | @ 48.5 | |
| **Gratuities** | | | | |
| **Long Distance Telephone/Data Port** | | | | 9.71 |
| **Printing and Photocopy** | | 111 | @ .10 | 11.10 |
| **Postage** | | | | |
| **Facsimile** | | | @ 1.25 | |
| **Overnight Messenger** | | | | |
| | 02/23 | **FedEx Priority Overnight DMT Signed Declaration to S. Karotkin** | | 80.92 |
| | 03/04 | **FedEx Priority Overnight Original Signature Corrected DMT Declaration to S. Karotkin** | | 80.92 |

**TOTAL EXPENSES**       **$182.65**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**
**2010**
**TIME**

**APRIL 2010**

| | | |
|---|---|---|
| 04/05 | Memo exchange with S. Esserman re: coordination of 04/07 meeting with S. Karotkin (.10). | .10 |
| 04/07 | Non-working travel time (5.20 @ 50% = 2.60). | 2.60 |
| 04/08 | Preparation for court appearance (.40); court appearance re: FCR appointment and FCR legal counsel appointment (3.70); meeting with S. Esserman in preparation for meeting with Motors counsel (1.20); meeting with Motors counsel outlining case, claims estimation, insurance  recovery and assets (1.20). | 6.50 |
| 04/09 | Non-working travel time (5.20 @ 50% = 2.60). | 2.60 |
| 04/10 | Comply with Motors' counsel request re: contact and data information (.30); memo to ARPC for updated outline of data needed for compliance with J. Smolinsky's request (.10); receipt, review and forward ARPC memo to J. Smolinsky (.30). | .70 |
| 04/12 | Review 04/08/10 court order re: DMT appointment (.10); review and analysis of Fee Examiner's Second Status Report and Advisory (.30); review Fee Examiner's Motion For Clarification of Appointment Order (.20). | .60 |
| 04/18 | Memo to S. Esserman re: agenda and scheduling claim Estimations (.10). | .10 |
| 04/19 | Review and analysis of Response of Debtor's To Fee  Examiner's Application To Extend Retention Of The Stuart Maue Firm (.20); teleconf. with T. Koessl re: Wisconsin refund procedures (.30); review and analysis of Debtor's 13th Ominbus Objections re: Workmen's Compensation Claims with Exhibits (.40). | .90 |

| | | |
|---|---|---|
| 04/20 | Review and analysis of Debtor's 14th Ominbus Objections re: Workmen's Compensation Claims with Exhibits (.30). | .30 |
| 04/22 | Review Fee Examiner's Motion for Adjournment (.10); review notice of confirmation re: appointment of ARPC for FCR claims estimations, et al (.20); memo to ARPC for scheduling organizational conference call (.10). | .40 |
| 04/23 | Review and analysis of April 23, 2010 Motion for Third Amended Order Establishing Notice and Case Management Procedures (.30). | .30 |
| 04/24 | Teleconf. with S. Esserman outlining scope of tasks and schedules for valuation of asbestos claims, disease levels and exposures (.50). | .50 |
| 04/26 | Review S. Esserman memo to S. Karotkin re: GM's estimation of asbestos liability reports release to FCR (.10); review Objection of Debtor's To Fee Examiner's Motion For Clarification Of Appointment (.20). | .30 |
| 04/27 | Memo to S. Esserman re: inclusion of ARPC's data and material request requirements from Motors re: ARPC evaluation (.10). | .10 |
| 04/30 | Review ACC and FCR letter of request to S. Karotkin re: production of and access to all asbestos related documents (.10); reply to S. Esserman re: Karotkin letter (.10). | .20 |

**Total April 2010 hours:  16.20 @ $785.00 per hour = $ 12,717.00**

### DEAN M. TRAFELET
### GENERAL MOTORS – FCR
### APRIL 2010
### EXPENSES

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| | 04/07 | Coach round trip + taxes | 746.40 |
| **Travel Agent Fees** | | | |
| | 04/07 | | 30.00 |
| **Surface Transportation** | | | |
| | 04/07 | Office to airport | 65.00 |
| | | Airport to hotel | 29.00 |

|  | 04/08 | Hotel to courthouse | 25.00 |
|  |  | Courthouse to hotel | 25.00 |
|  | 04/09 | Hotel to airport | 35.00 |
|  |  | Airport to office | 65.00 |

**Hotel and Lodging**

|  | 04/07 | Hotel and taxes | 379.51 |
|  | 04/08 | Hotel and taxes | 379.51 |

**Meals**

|  | 04/07 | Lunch en route | 12.00 |
|  |  | Dinner | 19.71 |
|  | 04/08 | Breakfast | 12.00 |
|  |  | Dinner | 20.00 |
|  | 04/09 | Breakfast | 17.68 |

**Parking**
**Mileage**                                           @ 48.5
**Gratuities**
**Long Distance Telephone/Data Port**                                      xxxxx
**Printing and Photocopy**            31  @ .10            3.10
**Postage**
**Facsimile**                              @ 1.25
**Overnight Messenger**

**TOTAL EXPENSES**                    $1,863.91

---

**TOTAL NOVEMBER 2009 – APRIL 2010**

|  | FCR FEES | $32,185.00 |
|  | EXPENSES | $ 2,046.56 |

**GRAND TOTAL**            = $34,231.56

PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                )

In re                           )           Chapter 11
                                )

MOTORS LIQUIDATION COMPANY, *et al.,*   )           Case No. 09-50026 (REG)
                                )

     f/k/a General Motors Corp., *et al.*     )
                                )

                  Debtors.     )           (Jointly Administered)

-------------------------------------------------------------X

**ORDER GRANTING MOTION OF DEAN M. TRAFELET,**
**FUTURE CLAIMANT'S REPRESENTATIVE, FOR AN ORDER CLARIFYING THE**
**ORDER APPOINTING HIM AS LEGAL REPRESENTATIVE FOR FUTURE**
**ASBESTOS PERSONAL INJURY CLAIMANTS AND DIRECTING**
**PAYMENT OF HIS FEES AND EXPENSES, OR IN THE ALTERNATIVE,**
**AWARDING AN ADMINISTRATIVE EXPENSE PURSUANT**
**TO SECTION 503(a) OR (b) OF THE BANKRUPTCY CODE**

Upon the Motion, dated July 2, 2010 (the "**Motion**"),[1] of Dean M. Trafelet as legal

representative for future asbestos personal injury claimants (the "**Future Claimants'**

**Representative**"), for entry of an order clarifying the order appointing him as legal

representative for future asbestos personal injury claimants and directing payment of his fees and

expenses, or in the alternative, awarding an administrative expense pursuant to Section 503(a) or

(b) of the Bankruptcy Code, and upon the Declaration of Dean M. Trafelet, attached to the

Motion as Exhibit A (the "**Trafelet Declaration**"); and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

1409; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet's appointment as the Future Claimants' Representative

in these cases is effective as of November 13, 2009; and it is further

ORDERED that the Debtors are authorized and directed to compensate the Future

Claimants' Representative for the services rendered and expenses incurred during the period

from November 13, 2009 through and including April 7, 2010, in the amount of $21,587.50 in

fees and $1,464.27 in expenses for total compensation of $23,051.77; and it is further

ORDERED that within ten (10) calendar days of the of the entry of this Order, the

Debtors shall pay the Future Claimants' Representative the fees and expenses awarded herein in

accordance with the terms of the Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:  New York, New York
        _____, 2010


_____
ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

2