**EXHIBIT B**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this 15th day of December, 2008, by and between General Motors Corporation (hereinafter "GM") and Plaintiff in *Soders v. General Motors Corporation*, Case No. CI-00-04255, pending in the Court of Common Pleas of Lancaster County, Pennsylvania, by and through their undersigned attorneys.

1. **DEFINITIONS**

    1.1. "Action" means the lawsuit captioned *Soders v. General Motors Corporation*, Case No. CI-00-04255, pending in the Court of Common Pleas of Lancaster County, Pennsylvania.

    1.2. "Certificate" means a coupon or otherwise documented right, in a form acceptable to GM and Class Counsel, that shall entitle the holder to a discount in the amount of $200.00 on the purchase or lease of a new Chevrolet, Cadillac, Buick, Pontiac or GMC vehicle during the Claim Period as set forth in subparagraphs 3.1 through 3.12 below.

    1.2.a. "Assignable Certificate" means an alternative form of the Certificate, in a form acceptable to GM and Class Counsel, that shall have a value of seventy-five percent (75%) of the initial Certificate ($150.00) or Undocumented Certificate ($75.00), and shall be available to the Claimant as set forth in subparagraph 3.13 below.

    1.2.b. "Undocumented Certificate" means an alternative form of the Certificate, in a form acceptable to GM and Class Counsel, that shall have a value of fifty (50%) of the initial Certificate, or $100.00, and shall be available to the Claimant as set forth in subparagraph 3.4 below.

    1.3. "Claim" means a claim to receive a Certificate under subparagraphs 3.1 through 3.12 below.

1

1.8. "Class" means all persons who purchased at retail from a franchised GM dealer in Pennsylvania a new and not previously titled vehicle that was manufactured or distributed by the Chevrolet, GMC Truck, Cadillac, Oldsmobile, Buick or Pontiac Divisions of General Motors Corporation. This includes only persons whose franchised GM dealers previously purchased the new vehicle from GM or any of its divisions on or before March 31, 1999, but after (a) September 1, 1988, for new vehicles manufactured or distributed by the Chevrolet or GMC Truck Divisions; (b) July 1, 1989, for new vehicles manufactured or distributed by the Cadillac or Oldsmobile Divisions; (c) July 1, 1990, for new vehicles manufactured or distributed by the Pontiac Division; and (d) August 1, 1990, for new vehicles manufactured or distributed by the Buick Division. The Class includes natural persons and business entities of any kind, but does not include: (a) persons who purchased vehicles under the GM Employee Purchase Plans; (b) GM-qualified fleet purchasers; (c) government entities; (d) attorneys of record in this case; or (e) lessees.

1.9. "Class Counsel" means Joseph F. Roda and Michele S. Burkholder of RODANAST, P.C.

1.10. "Class Member" means a member of the Class.

1.11. "Class Representative" means the named plaintiff, Donna Soders, in the Action.

1.12. "Court" means the Court of Common Pleas of Lancaster County, Pennsylvania.

1.13. "Effective Date of Settlement" means the latest of the following dates: (i) if no appeal from the Judgment is filed, the date of expiration of the time for the filing or noticing of any appeal from the Judgment; or (ii) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed, the date beyond which Pennsylvania Supreme Court review is no longer available; or (iii) if the Superior Court of Pennsylvania issues a judgment affirming

the Judgment or dismissing the appeal ("Appellate Judgment"), and a petition for review of the Appellate Judgment is filed and denied by the Pennsylvania Supreme Court, the date beyond which United States Supreme Court review is no longer available; or (iv) if a petition for review of the Appellate Judgment is filed and granted by the Pennsylvania Supreme Court, or the Pennsylvania Supreme Court orders review of the Appellate Judgment on its own motion, and the Appellate Judgment is affirmed or the review proceeding dismissed, and no petition for a writ of certiorari with respect to the Supreme Court's judgment affirming the Appellate Judgment or dismissing the review proceeding ("Review Judgment") is filed, the date of expiration of the time for the filing of such a petition for a writ of certiorari; or (v) if such a petition for a writ of certiorari is filed and denied, the date the petition is denied; or (vi) if such a petition for a writ of certiorari is filed and granted, the date of final affirmance of the Review Judgment or final dismissal of the review proceeding initiated by the petition for a writ of certiorari. This Settlement shall not become Effective, and this definition of Effective Date of Settlement shall not be met, and GM shall have the option and right to rescind this Settlement at its sole discretion by filing with the Court written notice of such election, with proof of service on Class Counsel, if Class Counsel is awarded attorneys' fees exceeding $1.886 million and/or costs exceeding $500,000. Notwithstanding the above, and for the sole purpose of avoiding unnecessary delay in Class Members' receipt of settlement benefits, in the event that an appeal from the Judgment is filed, and such appeal (a) is an appeal only of the portion of the Judgment awarding (i) an amount of $5,000.00 to the Representative Plaintiff, (ii) attorneys' fees in an amount not to exceed $1.886 million and/or (iii) documented costs in an amount not to exceed $500,000, and (b) could not result in the reversal and/or modification of the Judgment (including the release provisions contained in paragraphs 3.25 through 3.30), then GM and Class Counsel

4

may, acting in good faith and upon mutual agreement, agree that the Settlement is otherwise Effective and that implementation of the Settlement, including distribution of the settlement benefits, should proceed.

1.14. "GM Product" means a new Chevrolet, Cadillac, Buick, Pontiac or GMC vehicle.

1.15. "Judgment" means the judgment to be entered by the Court pursuant to this Settlement, in a form acceptable to GM and Class Counsel, which shall include final approval of the Settlement, dismissal of the Action with prejudice, and approval and entry of the provisions contained in Section 3(D), Release, below (i.e., subparagraphs 3.25 through 3.30).

1.16. "Notice Order" means an Order in a form acceptable to GM and Class Counsel, providing for, among other things, preliminary approval of the Settlement, dissemination of the notice of the Settlement to the Class, and setting of the Fairness Hearing.

1.17. "Parties" means the Class Representative and Defendant GM.

1.18. "Proof of Purchase" means contemporaneous documentary proof of the purchase at retail from a franchised GM dealer in Pennsylvania of a new and not previously titled vehicle that was manufactured or distributed by the Chevrolet, GMC Truck, Cadillac, Oldsmobile, Buick or Pontiac Divisions of General Motors Corporation. Each such purchase must have occurred on or before March 31, 1999, but after (a) September 1, 1988, for new vehicles manufactured or distributed by the Chevrolet or GMC Truck Divisions; (b) July 1, 1989, for new vehicles manufactured or distributed by the Cadillac or Oldsmobile Divisions; (c) July 1, 1990, for new vehicles manufactured or distributed by the Pontiac Division; and (d) August 1, 1990, for new vehicles manufactured or distributed by the Buick Division. Acceptable forms of Proof of Purchase may include a copy of (i) the retail invoice; (ii) original finance documentation; (iii) the title; (iv) insurance documentation; (v) a cancelled check; and/or (vi) similar documentation

*Michele S. Burkholder* [signature]

| | |
|---|---|
| Joseph F. Roda, Esq. (20615) | Michael H. Carpenter, Esq. |
| Michele S. Burkholder, Esq. (78063) | Jeffrey A. Lipps, Esq. |
| RODANAST, P.C. | Angela M. Paul Whitfield, Esq. |
| 801 Estelle Drive | CARPENTER LIPPS & LELAND LLP |
| Lancaster, Pennsylvania 17601 | 280 Plaza, Suite 1300 |
| (717) 892-3000 | 280 North High Street |
| | Columbus, Ohio 43215 |
| Attorneys for Plaintiff Donna Soders, on behalf of herself and all others similarly situated | (614) 365-4100 |

Christopher S. Underhill, Esq. (07013)
HARTMAN, UNDERHILL & BRUBAKER LLP
221 East Chestnut Street
Lancaster, Pennsylvania 17602
(717) 299-7254

Lawrence S. Buonomo, Esq.
General Motors Legal Staff
General Motors Corporation
400 Renaissance Center
P. O. Box 400
Detroit, Michigan 48254-4000

Attorneys for Defendant
General Motors Corporation

23

| | |
|---|---|
| Joseph F. Roda, Esq. (20615)<br>Michele S. Burkholder, Esq. (78063)<br>RODANAST, P.C.<br>801 Estelle Drive<br>Lancaster, Pennsylvania 17601<br>(717) 892-3000<br><br>Attorneys for Plaintiff Donna Soders, on behalf of herself and all others similarly situated | */s/ Michael H. Carpenter*<br>Michael H. Carpenter, Esq.<br>Jeffrey A. Lipps, Esq.<br>Angela M. Paul Whitfield, Esq.<br>CARPENTER LIPPS & LELAND LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>(614) 365-4100<br><br>Christopher S. Underhill, Esq. (07013)<br>HARTMAN, UNDERHILL & BRUBAKER LLP<br>221 East Chestnut Street<br>Lancaster, Pennsylvania 17602<br>(717) 299-7254<br><br>Lawrence S. Buonomo, Esq.<br>General Motors Legal Staff<br>General Motors Corporation<br>400 Renaissance Center<br>P. O. Box 400<br>Detroit, Michigan 48254-4000<br><br>Attorneys for Defendant<br>General Motors Corporation |