**EXHIBIT D**

09-50026-mg    Doc 6265-4    Filed 07/02/10    Entered 07/02/10 20:54:45    Exhibit D
Pg 2 of 6



COPY

CI-00-04255

By: Joseph F. Roda (Atty. I.D. No. 20615)
Michele S. Burkholder (Atty. I.D. No. 78063)
RODANAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

---

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| DONNA SODERS, on behalf of herself and all others similarly situated, | NO. CI-00-04255 |
| Plaintiff, | CLASS ACTION |
| | JUDGE FARINA |
| vs. | |
| GENERAL MOTORS CORPORATION, | |
| Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT
AND FOR REIMBURSEMENT OF FEES AND COSTS**

CI-00-04255

- 2000: $136,714.00
- 2001: $217,431.25
- 2002: $15,990.00
- 2003: $81,000.00
- 2004: $74,205.00
- 2005: $74,358.50
- 2006: $168,885.50
- 2007: $351,788.50
- 2008: $518,515.00
- 2009: $48,971.00

The blended hourly rate at historic hourly rates for all attorneys and paralegals is $269.

In this case, GM has agreed to pay class counsel up to $1.886 million, based on what class counsel's total lodestar was, at current rates, prior to the mediation conference. That amount included no multiplier or enhancement, even though, as noted above, it would have been within the discretion of the Court to award such if it thought it appropriate, under the four *Milkman II* factors listed above.

Notwithstanding what GM has agreed to pay, and what established jurisprudence would allow, class counsel does not request a multiplier, or even its full lodestar at current rates, for the long delay in obtaining payment for professional services rendered many years ago. Rather, class counsel believe it appropriate, under current economic circumstances, to reduce their requested fee to

36

CI-00-04255

the amount of their historic lodestar – $1,687,858.75, a reduction of $200,000 from what it could reasonably request and what GM has agreed to pay.

As noted above, only one of the 750,000 class members has objected to the attorneys' fees. This objection suggests that attorneys' fees should be based on a percentage of the settlement fund, equivalent to only the value of the coupons that are redeemed, see Exhibit 8 at 4, the objection rests on an inaccurate reading of a single, unpublished case from a federal district court in New York. First, the opinion cited says only that the trend in the federal Second Circuit is toward the percentage method of awarding fees. *See In re Excess Value Ins. Coverage Litig.*, No. M-21-84 (RMB) (MDL-1339), 2005 WL 6242849, at *4 (S.D.N.Y. Nov. 3, 2005). This case is not in the Second Circuit.

Second, the federal court in that case was bound by the federal Class Action Fairness Act ("CAFA"), which applies only to cases in federal court, and which says that if a proposed settlement provides for a recovery of coupons to class members, the portion of the fee award that is attributable to the award of the coupons shall be based on the value of coupons redeemed. *See id.* (citing 28 U.S.C. § 1712(a)).

CAFA does not apply in Pennsylvania state court, nor does any Pennsylvania state court opinion available on Westlaw mention it. At least one Pennsylvania state court has suggested the opposite of CAFA, noting that the value of a class action settlement should not be determined by the cost to the defendant because the option of participating in the settlement is available to all class members, and if

37

CI-00-04255

there is a low level of participation, that is attributable to an individual's choice not to participate. *See Milkman II,* 2002 WL 778272, at *6.

Third, the provision cited by the objector is not the only one that could apply, even if the CAFA were used. The provision that follows, at 28 U.S.C. § 1712(b)(1), provides that if a proposed settlement provides for a recovery of certificates to class members, and a portion of the recovery of the coupon is not used to determine the fee to be paid, the fee shall be based on the amount of time class counsel reasonably spent working on the action (i.e., the lodestar method). At least two courts have relied on this provision in applying the lodestar method to award fees in cases providing certificate-like benefits. *See Fleury v. Richemont N. Am., Inc.,* No. C-05-4525 EMC, 2008 WL 3287154, at *3 (N.D. Cal. Aug. 6, 2008); *Perez v. Asurion Corp.,* No. 06-20734-CIV, 2007 WL 2591180, at *1-2 (S.D. Fla. Aug. 8, 2007).

As a cross-check on the reasonableness of Plaintiff's fee requested, the fee requested represents only about 1% of the potential settlement fund available to the class (between $140 million and $160 million, i.e., 700,000 to $800,000 claims at $200 each).

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant final approval to the proposed settlement, and award the requested payment to the Class Representative and the requested fees and costs to class counsel.

38

CI-00-04255

                Respectfully submitted,

                *[signature]*
                JOSEPH F. RODA
                Atty. I.D. No. 20615

                MICHELE S. BURKHOLDER
                Atty. I.D. No. 78063

                RODANAST, P.C.
                801 Estelle Drive
                Lancaster, PA 17601
                (717) 892-3000

                *Attorneys for Plaintiff*

DATED: April 23, 2009