HEARING DATE AND TIME:  JULY 14, 2010 at 9:45 a.m. (Eastern Time)

Kathleen H. Klaus
Admitted *Pro Hac Vice*
MADDIN HAUSER WARTELL
    ROTH & HELLER, P.C.
28400 Northwestern Highway
3rd Floor
Southfield, MI 48034
Telephone:  (248) 359-7520
Facsimile:  (248) 359-7560

Attorneys for Creditor, M-Tech Associates, LLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | : |
| | :   **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** | :   **Case No. 09-50026 (REG)** |
| | :     **Jointly Administered** |
| **Debtors.** | |

**M-TECH ASSOCIATES, LLC'S SUR-REPLY IN SUPPORT OF ITS OBJECTION TO
NINTH OMNIBUS MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NON-RESIDENTIAL
REAL PROPERTY**

General Motors, LLC ("GM"), but not the Debtor, asks the Court to authorize the
rejection of its lease ("Lease") with M-Tech Associates, LLC ("M-Tech") because (a) GM did
not intend to accept the assignment of the Lease; and (b) M-Tech filed an objection to the cure
amount listed on the Notice of Assumption and Assignment.  Neither ground as merit.

> **A.    GM and the Debtors' actions indicate an intent to assume and assign the
> Lease and the actual assumption and assignment of the Lease.**

GM argues first that the Debtors maintained a "Schedule" (not shared with the Court or
any of the creditors) of executor contracts they intended to reject and those they intended to

assume. *See* GM's Reply at p. 5.    GM relies on these "Schedules" as evidence that the Debtors did not intend to assume and assign the Lease.

The "Schedules" have not been authenticated and are inadmissible hearsay evidence. FRE 801; 802.  They cannot be considered by the court on this contested matter.  Fed. R. Bankr. Pr. 9017.  The "Schedules" as presented to the Court are obviously incomplete and probably created for the purposes of this Motion.  They were not offered by the Debtors, *i.e.* the entity that allegedly created and kept them, but by GM, a third party without specific knowledge of why or how they were (allegedly) created.  The "Schedules" are utterly and inherently unreliable, inadmissible and cannot provide a basis for rejecting the Lease.

The only admissible evidence before the Court is evidence of the actions GM took in connection with the Lease.  There was only one contract between the Debtors and M-Tech.  It is undisputed that the Debtors provided M-Tech with a notice of their intent to assume this contract and assign it to GM.  It is undisputed that – in public documents submitted pursuant to this Court's orders – both GM and the Debtors confirmed that the contract was assumed and assigned effective July 10, 2009.  It is further undisputed that GM began paying rent under the Lease after July 10, 1009 and (in March 2010) even paid the property taxes that were due under the Lease. This admitted conduct establishes clearly and unequivocally that the Debtors assumed and assigned the Lease to GM.  This is not assumption by "implication," as GM suggests in its Reply, but assumption by conduct consistent with the court's procedures for the assumption and assignment of contracts and conduct consistent with the actual assumption and assignment of the Lease.  Because the Lease was assumed and assigned, it cannot be rejected and the Motion must be denied as to the Lease.

**B.    M-Tech's Objection to the assumption of the Lease was limited to the cure amount.**

GM also argues that M-Techs' limited objection to assumption of the Lease acted as a bar to the Lease's assumption.  *See* GM's Reply at p. 13.  The argument is specious.  M-Tech objected to the cure amount, only, and the Sale Order expressly states that objections to cure amounts do not interfere with a contract's assumption.  A copy of M-Tech's initial and amended objections are attached as Exhibits A and B for the Court's reference and to confirm that M-Tech objected to the cure amount, only, and not the assumption and assignment of the Lease.

**C.    M-Tech never argued that the "Blanket Order" was not an executory contract.**

Using a classic "straw man" argument, GM contends that M-Tech argues that the "Blanket Order" is not an executory contract and therefore not subject to assumption and assignment.  *See* GM Reply at p. 12.  M-Tech never argued that the "Blanket Order" was not an executory contract.  Rather, M-Tech argues that the "Blanket Order" as argued by GM did not create any obligations on the part of either party that were not already provided for in the Lease.  Moreover, the "Blanket Order" was not signed by either party, let alone both parties, as required under the Lease for amendments.  The "Blanket Order" is an accounting mechanism used by the Debtors to facilitate payment.  Thus, the "Blanket Order" is not a contract that is independent of the Lease and is merely a ruse used by GM to avoid its obligations under the Lease.

**D.    Conclusion.**

Having accepted the assignment of the Lease, GM cannot now argue that it did not but instead accepted the assignment of a "Blanket Order," an agreement that is a creation of GM's after-the-fact imagination.  The "Blanket Order" is not a contract and GM's post-assignment conduct show that it accepted the assignment of the Lease, not the "Blanket Order."  It did not

seek any services under the "Blanket Order" but it did make payments under the Lease.  As a matter of law, the Lease cannot now be rejected and GM allowed to avoid the obligations it knowingly and willing accepted.


Dated:  July 7, 2010


/s/  Kathleen H. Klaus
Kathleen H. Klaus
Admitted *Pro Hac Vice*

MADDIN, HAUSER, WARTELL,
   ROTH & HELLER P.C.
Attorneys for M-Tech Associates, LLC
28400 Northwestern Highway, Third Floor
Southfield, Michigan  48034
Telephone: (248) 359-7520
Fax: (248) 359-7560

Attorneys for Creditor
M-Tech Associates, LLC.

Kathleen H. Klaus
Admitted *Pro Hac Vice*
MADDIN HAUSER WARTELL
   ROTH & HELLER, P.C.
28400 Northwestern Highway
3rd Floor
Southfield, MI 48034
Telephone:  (248) 359-7520
Facsimile:  (248) 359-7560

Attorneys for Creditor, M-Tech Associates, LLC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** | : | **Case No. 09-50026 (REG)** |
| | : | **Jointly Administered** |
| **Debtors.** | | |

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on July 7, 2010, I electronically filed M-Tech Associates, LLC's Sur-Reply in Support of Its Objection to Ninth Omnibus Motion Pursuant to 11 U.S.C 365 to Reject Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property, along with Exhibits, with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                        */s/  Kathleen H. Klaus*
                        Kathleen H. Klaus (P67207)
                        Admitted *Pro Hac Vice*
                        Attorneys for Creditor, M-Tech Associates, LLC.
                        28400 Northwestern Hwy, 3rd Floor
                        Southfield, MI 48034
                        (248) 359-7520

957238 / 08600-0032

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** | : | **Case No. 09-50026 (REG)** |
| | : | **Jointly Administered** |
| Debtors. | : | |

## M-TECH ASSOCIATES' OBJECTION TO NOTICE OF ASSUMPTION OF EXECUTORY CONTRACT AND CURE AMOUNT

M-Tech Associates ("M-Tech") states as follows for its Objection Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto:

### Relief Requested

1.     M-Tech requests that it be provide with the login and password necessary to determine the Debtors' proposed cure amount for M-Tech's nonresidential real property lease ("Lease") with Debtors and that M-Tech's rights to object to that cure amount be preserved until it has adequate time to review the information.

### Basis for Relief Requested

2.     M-Tech leases nonresidential real property to the Debtors in Warren, Michigan.

3.     On June 8, 2009, M-Tech was served with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice"). The Notice indicated that M-Tech was also being served with a login and password

835759 / 08600-0032

so that it could confirm the cure amount attendant to the assumption and assignment of the Lease.

4. M-Tech did not receive a login or password.

5. Moreover, the phone number M-Tech was directed to call with inquiries about the Notice was not operating. M-Tech tried a second number and was told to contact the claims agent. The claims agent indicated that it could not provide the login information because it did not have access to it, but that M-Tech would receive a call within "24 – 48 hours."

6. On June 9, 2009, M-Tech made a second call to the claims agent and was directed to send an email to the claims agent, setting forth the exact information that M-Tech needed. As of the date of this Objection, M-Tech has not received its login or password and has not been able to learn the cure amount on the lease.

7. Because the Notice did not provide any information necessary for M-Tech to determine whether it had an objection to the cure amount but required that all objections to the cure amounts be filed by June 12, 2009, the Notice is defective on its face.

8. Moreover, there is no viable provision in the bankruptcy systems imposed on this case that permitted M-Tech to obtain the information prior to the objection deadline. In other words, the Debtors' belief as to the cure amount for the Lease remains a secret to M-Tech but M-Tech is nonetheless forced to file an objection to that amount.

9. M-Tech's books and records show that, as of the filing of this Objection, the amount necessary to cure the monetary defaults in the Lease is $65,648.38, including $27,853 in rent due on June 1, 2009 ("Cure Amount").

10.    M-Tech demands adequate assurance under 11 U.S.C. §365(b)(1) that Debtors will (A) promptly pay the Cure Amount; (B) compensate M-Tech for the default; and (C) will continue to honor their obligations under the Lease.

WHEREFORE, there being no just cause otherwise, M-Tech Associates, Inc. respectfully asks the Court to enter an order (a) directing the Debtors to provide M-Tech with the Debtors' proposed cure amount for the Lease and (b) providing that M-Tech's right to object to that cure amount is preserved until M-Tech has had adequate time to review that information.

MADDIN, HAUSER, WARTELL,
ROTH & HELLER, P.C.

BY:    /s/ *Kathleen H. Klaus*
KATHLEEN H. KLAUS (P67207)
28400 Northwestern Hwy., 3rd Floor
Southfield, MI  48034
(248) 359-7520
E-Mail: khk@maddinhauser.com

DATED:  June 10, 2009          Attorney for Creditor M-Tec Associates

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** : | **Case No. 09-50026 (REG)** |
| : | **Jointly Administered** |
| **Debtors.** : | |

**M-TECH ASSOCIATES' REVISED OBJECTION TO NOTICE OF (I) DEBTORS'
INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS,
UNEXPIRED LEASES OF PERSONAL PROPERTY, AND UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) CURE AMOUNTS RELATED THERETO**

M-Tech Associates ("M-Tech") states as follows for its Revised Objection to Notice of

(I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of

Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts

Related Thereto:

**Relief Requested**

1.     M-Tech's books and records show that it was owed  $65,648.38 as of the Petition

Date.  Apparently, the Debtors' records show no amount due under the parties' nonresidential

real property lease ("Lease").  M-Tech objects to the Debtors' proposed cure amount and to any

cure amount that is less than what is necessary to cure Debtors' default as of the date of the

assumption and assignment of the Lease.  This Revised Objection supersedes the Objection M-

Tech filed on June 10, 2009.

**Basis for Relief Requested**

2.     M-Tech leases nonresidential real property to the Debtors in Sterling Heights,

Michigan.

3.      On June 8, 2009, M-Tech was served with the Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto ("Notice"). The Notice indicated that M-Tech was also being served with a login and password so that it could confirm the cure amount attendant to the assumption and assignment of the Lease. Because M-Tech did not receive a login or password, it filed an Objection to the Notice on June 10, 2009.

4.      On June 15, 2009, M-Tech received its login and password. However, the Debtors' records no cure amount for the Lease.

5.      M-Tech's books and records show that, as of the filing of this Revised Objection, the amount necessary to cure the monetary defaults in the Lease is $65,648.38, including $27,853 in rent due on June 1, 2009 ("Monetary Cure Amount"). In addition, Debtors have instructed M-Tech to secure liability insurance for the leased-property, an objection of Debtors under the Lease. Debtors have not yet reimbursed M-Tech for the premium M-Tech paid on Debtors' behalf.

6.      M-Tech demands adequate assurance under 11 U.S.C. §365(b)(1) that Debtors

will (A) promptly pay the Monetary Cure Amount in addition to any other amounts necessary to

cure all defaults under the Lease as of the date of its assumption and assignment (including

without limitation reimbursement of liability insurance premiums paid by M-Tech on Debtors'

behalf); (B) compensate M-Tech for Debtors' default; and (C) will continue to honor their

obligations under the Lease.


Dated:  June 16, 2009


                              By:     /s/  Kathleen H. Klaus
                                      Kathleen H. Klaus
                                      Admitted *Pro Hac Vice*
                                      MADDIN, HAUSER, WARTELL,
                                          ROTH & HELLER P.C.
                                      Attorneys for M-Tech Associates
                                      28400 Northwestern Highway, Third Floor
                                      Southfield, Michigan  48034
                                      (248) 354-4030


3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | : **Chapter 11** |
| **GENERAL MOTORS CORP., et al.,** | : **Case No. 09-50026 (REG)** |
| | : **Jointly Administered** |
| Debtors. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2009, I electronically filed M-Tech Associates' REVISED Objection to Notice of Assumption of Executory Contract and Cure Amount [Docket No. 1597] with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants and via federal express to the following:

Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

The Debtors
c/o General Motors Corporation
Cadillac Building
30009 Van Dyke Avenue
Warren, MI 48090-9025
Attn:  Warren Command Center, Mailcode 480-206-114

Attn:  Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph M. Smolinsky, Esq.
Weil Gotshal & Manges, LLP
Attorneys for the Debtors
767 Fifth Avenue
New York NY 10153

Attn:  Matthew Feldman, Esq.
U.S. Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, DC 20220

839225 / 08600-0032

John J. Rapisardi, Esq.
Cadwalader Wickersham & Taft, LLP
Attorneys for the Purchaser
One World Financial Center
New York, NY 10281

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price, P.C.
Attorneys for the Expert Development Canada
1633 Broadway, 47th Floor
New York, NY 10019

Diana G. Adamas, Esq.
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

MADDIN, HAUSER, WARTELL,
ROTH & HELLER, P.C.

BY:___/s/ Kathleen H. Klaus_____
KATHLEEN H. KLAUS (P67207)
28400 Northwestern Hwy., 3rd Floor
Southfield, MI  48034
(248) 359-7520
E-Mail: khk@maddinhauser.com

DATED:  June 16, 2009          Attorney for Creditor M-Tech Associates

839225 / 08600-0032