UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Terence McPhaul )<br>**Plaintiff** )<br> )<br>Versus )<br> )<br>Delphi Corporation; )<br>Rodney O'Neal (in his professional )<br>and individual capacities); )<br>Derrick Williams (in his professional )<br>and individual capacities); )<br>General Motors Corporation; )<br>Gayle Young (in his professional )<br>and individual capacities); )<br>United Auto Workers Union )<br>**Defendants.** ) | 1:10-CV-01308-WBH |

## PLAINTIFF'S
## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

(a) Describe briefly the nature of this action.

Defendants breached a contract with Plaintiff. Defendants Derrick Williams, Rodney O' Neal, Delphi Corporation, Gayle Young, General Motors, Rod Uhelski, United Auto Workers Union, entered into a verbal, and written contract with Plaintiff, which was to ensure that a female relative of Plaintiff's, who was being sexually, verbally, and emotionally abused, and

harassed by Gayle Young, would be protected from the sexual, verbal, and emotional harassment and abuse. Plaintiff was assured by Defendants that the heinous behaviors perpetrated by Gayle Young, and perpetuated by Delphi Corporation, General Motors Corporation, and the United Auto Workers Union, against Plaintiff's relative would cease immediately. This is all Plaintiff was seeking to accomplish because Plaintiff's relative was so distraught about the abuse. This case involves Breach of Contract, and, Intentional Infliction of Emotional Distress.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

1. Plaintiff entered into a contract, both verbal and written, with Delphi Corporation, Rodney O' Neal, Derrick Williams, General Motors Corporation, Gayle Young, Rod Uhelski, and United Auto Workers Union.

2. Verbal and written contracts with the aforementioned were established.

3. Plaintiff's contention is that the contract was breached.

(c) The legal issues to be tried are as follows:

1. If this Court is the proper venue for this case.

2. Whether or not a Default Judgment should have been issued in favor of Plaintiff.

3. Enforceability of the contract made between Plaintiff and Defendants.

4. Punitive damages.

5. Grounds for intentional infliction of emotional distress.

6. Whether or not counsel for Defendants are, by their intentional acts, co-Defendants in this case, and therefore unable to try this case.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: N/A

(2) Previously Adjudicated Related Cases: N/A

2. This case is complex because it possesses one (1) or more of the features listed below
(please check):

___(1) Unusually large number of parties
___(2) Unusually large number of claims or defenses
___(3) Factual issues are exceptionally complex
_X_(4) Greater than normal volume of evidence
___(5) Extended discovery period is needed
___(6) Problems locating or preserving evidence
_X_(7) Pending parallel investigations or action by government
___(8) Multiple use of experts
_X_(9) Need for discovery outside United States boundaries
___(10) Existence of highly technical issues and proof

3. Counsel:
The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Terence McPhaul, Pro Se

Defendants, Delphi Corporation, Rodney O'Neal, Derrick Williams: Peter Golden

Defendants, General Motors Corporation, Gayle Young: Angela Tsevis, Edward Marshall, and Jared Lina.

Defendant, United Auto Workers Union: Rod Uhelski

4. Jurisdiction:
Is there any question regarding this Court's jurisdiction?
__X__ Yes   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action are currently Delphi Corporation, Rodney O'Neal, Derrick Williams, General Motors Corporation, Gayle Young, and United Auto Workers Union

(a) The following persons are necessary parties who have not been joined:

1. United States Department of the Treasury.

2. Female employees of Delphi Corporation and General Motors Corporation.

3. Lathrop & Gage law firm.

4. Angela Tsevis.

5. The Arnall, Golden & Gregory law firm.

6. Edward Marshall.

7. Jared Lina.

8. The Robets & Golden law firm.

9. Peter Golden.

10. Kevin M. Butler.

11. Chris Brockman.

12. Debra Alexander.

13. Rod Uhelski.

14. Ed Whitacre.

(b) The following persons are improperly joined as parties:
N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: N/A

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder or parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

1. Plaintiff will amend the original complaint to include Qui Tam of the Federal Civil False Claims Act for Defendants Delphi Corporation and General Motors Corporation.

2. Plaintiff will amend the complaint to include as Defendants, the Lathrop & Gage law firm, Angela Tsevis, the Arnall, Golden & Gregory law firm, Edward Marshall, Jared Lina, the Robets & Golden law firm, and Peter

Golden, Kevin M. Butler, Chris Brockman, Debra Alexander, Rod Uhelski,

and, Ed Whitacre,

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times for Motions:
All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.
All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).
(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.
(b) *Summary Judgment Motions*: Summary judgment motions shall be filed on or before the date set forth in the Scheduling Order below.
(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d) *Motions Objecting to Expert Testimony:* Daubert motions shall be filed on or before the date set forth in the Scheduling Order below.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that the initial disclosures are not appropriate, state the party and basis for the party's objection:

Defendants are attempting to elude having to report widespread violations within Delphi Corporation, and General Motors as it relates to the abuse that Plaintiff's relative and other females, at a minimum, have had to endure, at the hands of Gayle Young, and managers just like him. Plaintiff seeks to proceed with his case since as Plaintiff is entitled. Plaintiff respectfully reminds the Court that it

was Defendants who moved to have this case tried in this Court, but Defendants do not want to abide by its protocol, and are attempting to prevent Plaintiff from pursuing the case in a fair manner. Plaintiff does not have a law firm with a litany of attorneys to provide assistance. Since Plaintiff has to work for a living during the day, every minute counts in preparing the case. Sure, it will be painful for Defendants to disclose their bad acts, neglect of employee rights, and criminal offenses, but Plaintiff is entitled to the initial disclosures.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party?

The Plaintiff does not request a scheduling conference at this time.

10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff will seek discovery related to the nature and scope of Defendants' complete 50 year history of business relationships and dealings related to Delphi Corporation, General Motors Corporation, United Auto Workers Union, and any and all complaints, related to inappropriate and/or criminal behavior of supervisors and managers in the course of carrying out their jobs for the aforementioned

companies, any complaints (both resolved and unresolved) related to the UAW, SEC, EEOC, U.S. Bankruptcy Court, Civil Rights Commissions, state, federal, and local governments (domestic and international), and tribal leaders. This will include, but is not limited to, all board minutes, emails, letters, voicemails, human resources files, contracts related to loans, business partnerships, collaborations, email transcripts, records related to contract violations, financial documents and ledgers, as well as depositions from potentially every senior level manager for the past 50 years.

   11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Plaintiff requests no changes to the discovery rules at this time.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or Rule 16(b) and (c)?

Plaintiff requests no additional orders at this time.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 17, 2010. Defendants were not interested in settlement.

 (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
(____) A possibility of settlement before discovery.
(____) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
( **X** ) No possibility of settlement.

(c) Counsel ( _ ) do or ( **X** ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

Plaintiff believes that Defendants continue the same patterns of reprehensible behavior that they have been noted for in the past. Furthermore, counsel for Defendants have engaged in behavior that is as heinous, and in some cases as criminal their clients, in an attempt to shield Defendants from having to answer this complaint honestly, all the while making a lot of money in the process.

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties do ___ consent to having this case tried before a Magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ___ day of _____, 2010.

(b) The Plaintiff __**X**__ does not consent to having this case tried before a magistrate judge of this Court.

*[signature]*
Terence McPhaul
Plaintiff, Pro Se

860 Peachtree Street, NE
Unit 2311
Atlanta, Georgia 30308
678.362.0663
professormcphaul@yahoo.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Terence McPhaul ) | |
| **Plaintiff** ) | |
| ) | |
| Versus ) | |
| ) | 1:10-CV-01308-WBH |
| ) | |
| Delphi Corporation; ) | |
| Rodney O'Neal (in his professional ) | |
| and individual capacities); ) | |
| Derrick Williams (in his professional ) | |
| and individual capacities); ) | |
| General Motors Corporation; ) | |
| Gayle Young (in his professional ) | |
| and individual capacities); ) | |
| United Auto Workers Union ) | |
| **Defendants** ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this court, except as herein modified or as may be modified based on motions brought by Plaintiff:

IT IS SO ORDERED, this _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Terence McPhaul ) | |
| **Plaintiff** ) | |
| ) | |
| Versus ) | |
| ) | 1:10-CV-01308-WBH |
| ) | |
| Delphi Corporation; ) | |
| Rodney O'Neal (in his professional ) | |
| and individual capacities); ) | |
| Derrick Williams (in his professional ) | |
| and individual capacities); ) | |
| General Motors Corporation; ) | |
| Gayle Young (in his professional ) | |
| and individual capacities); ) | |
| United Auto Workers Union ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing pleading, by depositing same in the United States Mail, to ensure delivery to the following:

President Barack Obama
C/O Rahm Emanuel
1600 Pennsylvania Avenue, NW
Washington, D.C. 20500

Robert E. Gerber
United States Bankruptcy Judge
for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Peter Golden
2849 Paces Ferry Road
Suite 160
Atlanta, Georgia 30339

Edward Marshall
Arnall, Golden & Gregory, LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

Jared Lina
Arnall, Golden & Gregory, LLP
171 17th Street, N.W.
Suite 2100
Atlanta, Georgia 30363

Angela M. Tsevis
Lathrop & Gage, LLP
2345 Grand Boulevard
Suite 2200
Kansas City, Missouri 64108

Ron Gettelfinger
UAW
Solidarity House
8000 East Jefferson Avenue
Detroit, Michigan 48214

This 1st day of July, 2010.

*[signature]*

Terence McPhaul, Pro Se

860 Peachtree Street, NE
Unit 2311
Atlanta, Georgia 30308
678.362.0663
professormcphaul@yahoo.com