**HEARING DATE AND TIME: July 14, 2010 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
   **f/k/a General Motors Corp.,** *et al.* :
: 
                     **Debtors.** : **(Jointly Administered)**
: 
------------------------------------------------------------x

**DEBTORS' OPPOSITION TO THE *FREIDMAN* PLAINTIFFS'
MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) [DOCKET NO. 2759]**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

I.    The Automatic Stay is Fundamental to the Reorganization Process and Movants
      Knowingly Violated the Stay By Commencing the Appeal ............................................. 4

II.   Plaintiffs Fail to Meet Their Burden of Establishing Cause to Modify the
      Automatic Stay................................................................................................................. 7

      A.  Movants Are Not Entitled to Relief from the Automatic Stay Based Upon a Lack of
          Adequate Protection................................................................................................. 8

      B.  The Sonnax Factors Weigh Against Lifting the Automatic Stay ............................. 9

CONCLUSION......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

*AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*,
    117 B.R. 789 (Bankr. S.D.N.Y. 1990)......................................................................................5

*Barbier v. Shearson Lehman Hutton Inc. (In re Barbier)*,
    943 F.2d 249 (2d Cir. 1991)..................................................................................................7

*In re Capgro Leasing Assoc.*,
    169 B.R. 305 (Bankr. E.D.N.Y. 1994)................................................................................5, 6

*Commerzanstalt v. Telewide Sys., Inc.*,
    790 F.2d 206 (2d Cir. 1986)..................................................................................................5

*E. Refractories Co. Inc. v. Forty-Eight Insulations Inc.*,
    157 F.3d 169 (2d Cir. 1998)..................................................................................................6

*In re Eclair Bakery Ltd.*,
    255 B.R. 121 (Bankr. S.D.N.Y. 2000)..................................................................................7

*Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage*
    *Investors)*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977)...................5, 6

*Hearst Magazines v. Geller*,
    2009 U.S. Dist. LEXIS 30481 (S.D.N.Y. Mar. 24, 2009) .....................................................6

*Johns-Manville Sales Corp., v. Doan (In re Johns-Manville Corp.)*,
    26 B.R. 919 (Bankr. S.D.N.Y. 1983)....................................................................................6

*LNC Inv., Inc. v. First Fid. Bank*,
    247 B.R. 38 (S.D.N.Y. 2000).............................................................................................8, 9

*Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*,
    920 F.2d 183 (2d Cir. 1990)..................................................................................................6

*Mazzeo v. Lenhart (In re Mazzeo)*,
    167 F.3d 139 (2d Cir. 1999)..................................................................................................9

*In re Mego Int'l, Inc.*,
    28 B.R. 324 (Bankr. S.D.N.Y. 1983)....................................................................................8

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*,
    474 U.S. 494 (1986)...............................................................................................................5

*Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*,
    38 B.R. 987 (S.D.N.Y. 1984).............................................................................................10

# TABLE OF AUTHORITIES

**Page**

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86 (2d Cir. 2003) ...................................................................8

*In re Pioneer Commercial Funding Corp.*, 114 B.R. 45 (Bankr. S.D.N.Y. 1990) ..................................................................................8

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280 (2d Cir. 1990) ........................................................................................9, 10

*In re Touloumis*, 170 B.R. 825 (Bankr. S.D.N.Y. 1994) ................................................................10

*United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365 (1988) ..............................................................................................................8

## STATUTES

11 U.S.C. § 362(a)(1)........................................................................................................3, 5

11 U.S.C. § 362(d) ................................................................................................................7

11 U.S.C. § 362(d)(1) ...........................................................................................................8

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the Motion of Plaintiffs in the Action Entitled *Freidman v. General Motors Corp.*, 08 civ 2458 (SAS) for Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) [Docket No. 2759] (the "**Motion**").  In support hereof, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1.  Plaintiffs ("**Movants**") in the Southern District of New York action styled *Freidman v. General Motors Corp.*, 08 Civ. 2458 (SAS) (the "**District Court Action**") seek relief from the automatic stay to pursue an appeal of the District Court's dismissal of their prepetition action against MLC.  Movants, however, cannot satisfy their burden of establishing cause sufficient to truncate the statutorily imposed breathing spell to which the Debtors are entitled under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Movants' case is just one of thousands of cases pending against the Debtors across the country and Movants have not articulated any special facts or circumstances warranting relief from the stay to allow them to pursue an appeal of their case.

2.  Allowing Movants relief from the automatic stay at this juncture would expose the Debtors to countless other lift stay motions which would impose a burden on the Debtors and their estates at a time when their limited remaining resources should be devoted to disposing their remaining assets in an orderly and value-maximizing manner and proceeding with the chapter 11 claims process.  Through the claims process, the Debtors are efficiently and fairly addressing all prepetition claims, including those of the Movants, in a centralized fashion.  The

1

Debtors should not be forced to litigate such claims in a piecemeal, *ad hoc* manner in courts across the country.

3. Further, the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend the Movants' appeal in the Second Circuit far outweighs any potential gain to the Movants in proceeding with their appeal against the Debtors at this time. Movants seek to appeal, *inter alia*, an express warranty claim for which the Debtors did not retain liability. To the extent there is any dispute regarding whether or not the Debtors can be held liable for Movants' express warranty claim, such dispute is a matter best addressed by this Court and should be heard by this Court before Movants seek to appeal any express warranty claim as to the Debtors. To the extent there is no dispute that General Motors, LLC assumed liability for Movants' express warranty claims, Movants may pursue their appeal of the express warranty issue as to General Motors, LLC without being prejudiced by preservation of the automatic stay as to the Debtors. Accordingly, Debtors respectfully request that this Court deny the Motion.

## BACKGROUND

4. On March 11, 2008, Movants commenced the District Court Action against MLC, ElDorado National, Inc. ("**ElDorado**"), and Arcola Sales & Services Corp. ("**Arcola**") in the District Court for the Southern District of New York (the "**District Court**"). Movants amended their Complaint in the District Court Action three times. The Third Amended Complaint alleged, *inter alia*, that MLC breached an express warranty and committed fraud and misrepresentation. On April 13, 2009, MLC filed a motion to dismiss the Third Amended Complaint and MLC's motion was granted in full on May 29, 2009 (the "**Dismissal Order**"). The District Court found that under Federal Rule of Civil Procedure 12(b)(6), the Third Amended Complaint did not

2

allege an actionable theory of breach of express warranty and failed to sufficiently allege a claim of fraud and misrepresentation. Prior to its dismissal, the District Court Action was one of thousands of civil actions pending against the Debtors.

5.      On June 1, 2009, MLC commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The commencement of this chapter 11 case triggered the automatic stay of all litigation pending against the Debtors pursuant to section 362 of the Bankruptcy Code.

6.      Notwithstanding the plain language of section 362(a)(1) barring "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor," on June 29, 2009, Movants filed a Notice of Appeal of the District Court's Dismissal Order to the United States Court of Appeals for the Second Circuit (the "**Court of Appeals**"). The Court of Appeals docketed Movants' appeal as case number 09-2822 (the "**Appeal**"). Because the Appeal was commenced in violation of the automatic stay, the Debtors did not appear or file any documents in the Appeal.

7.      That same day, Movants filed the instant Motion seeking relief from the automatic stay to "permit Movants to appeal the Decision." (Mot. at ¶ 7).

8.      On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement ("**MSPA**"). Pursuant to section 2.3(a)(viii)(A) of the MSPA, General Motors, LLC assumed "all Liabilities arising under express written warranties." Paragraph 26 of this Court's July 5, 2009 Order approving the MSPA [Docket No. 2968] (the "**Sale Order**") states that "[e]xcept as expressly provided in the MPA or this Order,

3

after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities . . . and all holders of such claims are forever barred and estopped from asserting such claims against the Debtors, their successors or assigns, and their estates."

9. Notwithstanding the foregoing, Movants filed thirty-two proofs of claim against the Debtors seeking a total of $96 million for the causes of action underlying the District Court Action, including the express warranty claim.

10. On December 7, 2009, the Movants stipulated to dismiss ElDorado from the District Court Action with prejudice. The District Court Action continued as to Arcola, the last remaining co-defendant in the case. Because the District Court Action remained active as to Arcola, the Court of Appeals dismissed the Appeal *sua sponte* on January 15, 2010, noting that it "lacks jurisdiction over this appeal because a final order has not been issued by the district court as contemplated by 28 U.S.C. 1291."

11. On June 22, 2010, the District Court granted summary judgment in favor of Arcola and declared the District Court Action closed.

## ARGUMENT

**I.    THE AUTOMATIC STAY IS FUNDAMENTAL TO THE REORGANIZATION PROCESS AND MOVANTS KNOWINGLY VIOLATED THE STAY BY COMMENCING THE APPEAL**

12. Section 362(a) of the Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a

4

>   claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). "The automatic stay provision of the Bankruptcy Code … has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986)) (quoting S. Rep. No. 95-989 at 54 (1978); H.R. Rep. No. 95-595 at 340 (1977)). The automatic stay provides the debtor with a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on the administration of the chapter 11 case. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case), *cert. denied*, 429 U.S. 1093 (1977). Further, it "prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding." *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990).

13. The Second Circuit has held that "[a]n appeal is indisputably a continuation of a judicial action or proceeding . . . and therefore . . . is automatically stayed if it is one 'against the debtor.'" *Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986). A plaintiff must obtain relief from the bankruptcy court in order to appeal a judgment initiated against the debtor prepetition:

>   Where [an] action was initiated against the debtor, no party to the action may appeal absent relief from the automatic stay. Because no entity, including a debtor, may limit or waive the stay, nor appeal during the stay's pendency, the only option is to obtain relief from the stay, and this may only be sought from the bankruptcy judge.

5

*In re Capgro Leasing Assoc.*, 169 B.R. 305, 311 (Bankr. E.D.N.Y. 1994) (citing *Barbier v. Shearson Lehman Hutton, Inc.* (*In re Barbier*), 943 F.2d 249, 250 (2d Cir. 1991)).

14.     The Second Circuit has long held that when an entity files a bankruptcy petition, the automatic stay is effective immediately and any proceedings filed after the stay takes effect are void. *E. Refractories Co. Inc. v. Forty Eight Insulations Inc.,* 157 F.3d 169, 172 (2d Cir. 1998) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994); *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987)); *Hearst Magazines v. Geller*, 2009 U.S. Dist. LEXIS 30481, at *3 (S.D.N.Y. Mar. 24, 2009). "Moreover, since the bankruptcy stay is automatic, '[t]he action is void even where the acting party had no actual notice of the stay.'" *Id.* (quoting *Dalton v. New Commodore Cruise Lines Ltd.*, No. 02-8025, 2004 U.S. Dist. LEXIS 2590, at *2 (S.D.N.Y. Feb. 24, 2004)).

15.     The Second Circuit has held that "contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay." *Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 186-87 (2d Cir. 1990); see also *Fidelity Mortg. Investors,* 550 F.2d at 51, 57 (Bankruptcy Act case allowing imposition of costs, including reasonable attorney's fees under civil contempt powers for acts taken with "knowledge" of automatic stay and "deliberate[]" disregard of bankruptcy rules regarding requirements for relief), *cert. denied*, 429 U.S. 1093 (1977); *see also Johns-Manville Sales Corp., v. Doan (In re Johns-Manville Corp.)*, 26 B.R. 919, 922 (Bankr. S.D.N.Y. 1983) (finding respondent, who sought to continue judicial proceedings against debtor after debtor filed its petition for bankruptcy in contempt because respondent "clearly recognized the intended prohibitory effect of the automatic stay . . . and nonetheless … proceed[ed] in willful and flagrant disregard of the[] stay orders").

6

16. Here, Movants had actual knowledge of the Debtors' bankruptcy filing and willfully violated the automatic stay by filing the Appeal without first obtaining relief from the stay from this Court. Movants' Motion acknowledges that the Debtors filed a chapter 11 proceeding on June 1, 2009. (Mot. at ¶ 9). Movants further concede knowledge of the automatic stay imposed by section 362 of the Bankruptcy Code. (Mot. at ¶¶ 8, 10-13). Notwithstanding Movants' knowledge of the automatic stay, concurrent with their filing of the Motion, Movants served and filed the Notice of Appeal thereby deliberately disregarding this Court's exclusive jurisdiction to grant relief from the automatic stay. *See Barbier*, 943 F.2d at 250 ("Relief from the effect of the automatic stay provisions may be granted only by the bankruptcy court."). Such conduct should not be rewarded by granting Movants' *post hoc* motion to lift the stay. The Debtors reserve all rights and remedies with respect to Movants' violation of the automatic stay and would request this Court declare the Appeal void, however, the Court of Appeals already dismissed the Appeal *sua sponte* for lack of jurisdiction on January 15, 2010.

## II. PLAINTIFFS FAIL TO MEET THEIR BURDEN OF ESTABLISHING CAUSE TO MODIFY THE AUTOMATIC STAY

17. Movants should not be granted retroactive relief from the automatic stay to validate their knowing violation of the stay because they have failed to demonstrate cause to lift the stay. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause":

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

7

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).[1] The statute does not define "cause," however, courts in this Circuit have determined that in examining whether cause exists they "must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

### A. Movants Are Not Entitled to Relief from the Automatic Stay Based Upon a Lack of Adequate Protection

18. Movants assert that they are entitled to relief from the stay "based upon a lack of adequate protection." (Mot. at ¶ 12). Unsecured creditors, however, are not entitled to adequate protection under section 361 of the Bankruptcy Code. *See New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 90 (2d Cir. 2003) (citing *Pileckas v. Marcucio*, 156 B.R. 721, 725 (N.D.N.Y. 1993) ("There is no express statutory requirement that the holders of unsecured claims be provided the 'adequate protection' of section 361"); *In re Pioneer Commercial Funding Corp.*, 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990) ("[T]he concepts of adequate protection of an interest in property and the existence of an equity interest in property do not apply to unsecured claims.").

19. Only secured creditors may claim a lack of adequate protection under 11 U.S.C. § 362(d)(1) as a cause for relief from the automatic stay. *See Dairy Mart Convenience Stores*, 351 F.3d at 91 (finding the "[creditor] itself is an unsecured creditor . . . and is therefore ineligible to receive adequate protection. . . . As a result, [creditor] is not entitled to relief from the automatic stay"); *see also United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 371 (1988) ("Section 362(d)(1) is . . . one of a series of provisions in the Bankruptcy Code

---

[1] Sections 362(d)(2)–(4) of the Bankruptcy Code provide grounds for relief from the stay that are not applicable to a request for relief from the stay to pursue a litigation claim.

8

dealing with the rights of *secured* creditors.") (emphasis added); *LNC Inv., Inc. v. First Fid. Bank*, 247 B.R. 38, 45 (S.D.N.Y. 2000) (explaining a *secured* creditor may invoke his interest under 11 U.S.C. § 362(d)(1)) (emphasis added). Because Plaintiffs are unsecured creditors they are not entitled to relief from the automatic stay to ensure adequate protection, and thus, their Motion should be denied.

**B.     The *Sonnax* Factors Weigh Against Lifting the Automatic Stay**

20.     The seminal decision in this Circuit on whether cause exists to lift the automatic stay is *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating District Court order granting stay relief where Bankruptcy Court had not applied *Sonnax* factors, made only sparse factual findings, and ultimately did not provide appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the Second Circuit outlined twelve factors to be considered when deciding whether to lift the automatic stay:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

9

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286. Only those factors relevant to a particular case need be considered, and the court need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994). The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Sonnax*, 907 F.2d at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id.* Further, the cause demonstrated must be "good cause." *Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984).

21.    Movants fail to meet their burden of establishing good cause for lifting the automatic stay under the *Sonnax* analysis as they do not reference the *Sonnax* factors or provide any cause for lifting the stay whatsoever. Because Movants cannot meet their burden of establishing cause to lift the stay, the burden does not shift to the Debtors to demonstrate affirmatively that relief from the stay is inappropriate. *Sonnax*, 907 F.2d at 1285. Nevertheless, the *Sonnax* factors relevant to this case plainly weigh against lifting the automatic stay to allow the Appeal to proceed at this juncture.

22.    The first *Sonnax* factor does not support relief from the stay because lifting the stay would not result in complete resolution of the issues. If the stay were lifted to allow the

10

Appeal to be re-filed, the Appeal would have to be fully briefed and litigated. (*See also Sonnax* factor 11). Lifting the stay to allow the appeal to proceed as to MLC would not resolve the express warranty issues because under the terms of the MSPA, General Motors, LLC assumed all liabilities arising under express written warranties. To the extent there is any dispute regarding whether or not the Debtors can be held liable for Movants' express warranty claim, such dispute should be heard by this Court before Movants seek to appeal any express warranty claims as to the Debtors. Moreover, if Movants prevailed in the Appeal on their fraud claim as to MLC, at best, the matter would be remanded to the District Court to be heard on the merits. Even if a judgment were ultimately entered for Movants, such judgment would merely entitle Movants to a general unsecured claim to be paid proportionally with the thousands of other such claims in accordance with the terms of a confirmed plan of reorganization. There is no reason the Movants must liquidate their general unsecured claim ahead of the thousands of similarly-situated creditors.

23.     The second and seventh *Sonnax* factors weigh against lifting the automatic stay as well because allowing the Appeal to proceed would interfere with these chapter 11 cases and prejudice the interests of other creditors. As this Court noted previously in denying a similar lift stay motion, requiring the Debtors to litigate the Appeal at this juncture in these chapter 11 cases would not only deplete estate resources, thereby prejudicing other creditors, but would also expose the Debtors to having to defend countless other lift stay motions. This would impose a heavy burden on the Debtors' valuable time and scarce resources when the Debtors' focus should be on, among other things, determining how to dispose of their remaining assets in an orderly and value-maximizing manner and proceeding with an organized chapter 11 claims resolution process. The second *Sonnax* factor further weighs against lifting the automatic stay because

there is a significant connection between pursuing the Appeal and these chapter 11 cases to the extent the Sale Order bars Movants' pursuit of their express warranty claim against the Debtors.

24. The tenth *Sonnax* factor does not support relief from the stay because the interests of judicial economy and the economical resolution of litigation would best be served if the Appeal were to proceed as to General Motors, LLC, on the express warranty claims alone. Likewise, the twelfth *Sonnax* factor does not support lifting the stay because the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend itself in the Appeal far outweighs any potential gain to Movants in proceeding with the Appeal against the Debtors given that the Debtors did not assume liability for the express warranty claims underlying the appeal. Thus, Movants are not prejudiced in any material respect by maintenance of the automatic stay as to the Debtors and the Court should deny their Lift Stay Motion. Should this Court elect to lift the stay to allow the appeal to proceed as to MLC, this Court should first determine whether the Debtors are a proper appellee for Movants' express warranty claim.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court deny the Motion and the relief requested therein.

Dated: July 7, 2010
      New York, New York

                                                 */s/ Joseph H. Smolinsky*
                                                 Harvey R. Miller
                                                 Stephen Karotkin
                                                 Joseph H. Smolinsky
                                                 WEIL, GOTSHAL & MANGES LLP
                                                 767 Fifth Avenue
                                                 New York, New York 10153
                                                 Telephone: (212) 310-8000
                                                 Facsimile: (212) 310-8007

                                                 Attorneys for Debtors and
                                                 Debtors in Possession