UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                              :    Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    Case No. 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*,      :
                                                   :    (Jointly Administered)
        Debtors.                                   :
                                                   :
                                                   :
                                                   :
------------------------------------------------------------ x

## DECLARATION OF J. TODD KENNARD ON BEHALF OF JONES DAY AS ORDINARY COURSE PROFESSIONAL

J. Todd Kennard hereby declares, pursuant to section 1746 of title 28 of the United States Code:

1.   I am a partner in the law firm of Jones Day (the "**Firm**").

2.   Jones Day was originally approved by the Court to serve as special counsel to the Debtors pursuant to the Order Pursuant to 11 U.S.C. § 327(e) Authorizing the Employment and Retention of the Jones Day as Special Counsel for the Debtors, *Nunc Pro Tunc* to the Petition Date, dated August 3, 2009 (Docket No. 3633) (the "**Jones Day Employment Order**"). On March 17, 2010, the Declaration of Disinterestedness and Disclosure Statement of J. Todd Kennard on Behalf of Jones Day as Ordinary Course Professional (Docket No. 5283) (the "**First OCP Disclosure**") was filed in connection with the transition of Jones Day's retention by the Debtors to an ordinary course professional under the Court's Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328 and 330 Authorizing Debtors to Employ Professionals Utilized in Ordinary Course of Business, dated July 1, 2009 (Docket No. 2900) (the "**Ordinary Course Professionals Order**").

3.  Under the Jones Day Employment Order and as described in the First OCP Disclosure, after the filing of these chapter 11 cases, Jones Day continued its prepetition representation of the Debtors in connection with certain matters that were described in Jones Day's prior disclosures to the Court and the Jones Day Employment Order (the "**Special Counsel Matters**").

4.  Since the filing of the First OCP Disclosure, the Debtors have requested that Jones Day represent the Debtors in taking steps necessary under non-U.S. law to arrange for the possible dissolution of one of the Debtors' nondebtor affiliates in a foreign jurisdiction. Jones Day is well situated to perform these services through its office in the appropriate foreign jurisdiction. It is my understanding that the Debtors' general bankruptcy counsel, Weil Gotshal & Manges LLP, does not have an office in the appropriate jurisdiction and cannot perform the necessary services to dissolve the affiliate. It is anticipated that Jones Day's fees for these services will be well below the limits established by the Ordinary Course Professionals Order.

5.  In addition, as disclosed in Jones Day's prior disclosures before the entry of the Jones Day Employment Order, Jones Day represents General Motors Company ("**New GM**") in a number of matters unrelated to Motors Liquidation or these cases. GM Strasbourg S.A.S. ("**GMS**"), which is a nondebtor affiliate of Motors Liquidation in France, sells certain products to New GM. New GM has requested that Jones Day represent it with respect to its commercial relationships and other possible transactions with GMS, including in GMS's pending mandat ad hoc proceeding in France. It is possible that the interests of Motors Liquidation and New GM may become adverse with respect to New GM's relationship with GMS. Accordingly, I understand that Jones Day has requested, and Motors Liquidation and New GM have executed, a waiver of any potential conflict of interest on the part of Jones Day in representing New GM in

the mandate ad hoc proceeding and other matters related to GMS. This waiver includes the following terms and conditions:

(a) Motors Liquidation agrees not to object to Jones Day's representation of New GM or its affiliates on existing and future matters unrelated to GMS.

(b) Jones Day's representation of New GM with respect to GMS may include the assertion of claims by New GM against GMS, but will not include the representation of New GM in any litigation against Motors Liquidation. Jones Day will not represent Motors Liquidation or GMS in any litigation against New GM arising from its interactions with GMS.

(c) Jones Day personnel providing services to New GM with respect to GMS will not be among those Jones Day personnel concurrently providing services to Motors Liquidation and will be walled off from access to any files regarding Jones Day's representation of Motors Liquidation. In accordance with the current practice agreed upon by both New GM and Motors Liquidation, Jones Day personnel who currently or in the future perform work for Motors Liquidation can provide services to New GM unrelated to GMS, and Jones Day personnel who provide services to New GM unrelated to GMS can provide services to Motors Liquidation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on June 28, 2010.

By: _____
J. Todd Kennard