EXHIBIT A

P. Richard Meyer
Robert N. Williams
Meyer and Williams,
Attorneys at Law, P.C.
P.O. Box 2608
Jackson, WY 83001
*admitted pro hac vice*
307/733-8300



Thomas J. Intili, Trial Attorney (0036843)
22 South St. Clair Street
Dayton, OH 45402-2113
(937)226-1770; Fax: (937) 461-6922
E-mail: intili@ohiolaw.cc

Attorneys for Plaintiffs

### IN THE COURT OF COMMON PLEAS
### MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| JULIE BRITTINGHAM and<br>DAVID BRITTINGHAM<br>523 Eavey Street<br>Xenia, OH 45385 | Civil Action No. 2001 CV 00664<br><br>(Judge Michael T. Hall) |
| Plaintiffs, | |
| vs. | |
| GENERAL MOTORS CORPORATION,<br>a Delaware corporation<br>c/o Registered Agent: Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | |
| and | |
| DELPHI AUTOMOTIVE SYSTEMS CORPORATION,<br>a Delaware corporation<br>c/o Registered Agent: Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | |
| and | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - Page 1**

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company
c/o Registered Agent: Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

and

V. STULL, M.D.
1420 Wisconsin Blvd.
Dayton, OH 45408-2602

and

JAMES RUFFNER, M.D.
Delphi Harrison Thermal
3600 Dryden Road
Moraine, OH 45439-1410

and

JOHN CZACHOR, M.D.
10356 Black Birch Drive
Dayton, OH 45458

and

JANE FARLEY, M.D.
50 Progress Drive
Xenia, OH 45986

and

FREDERICK STOCKWELL, M.D.
50 Progress Drive
Xenia, OH 45986

and

MEDICAL SERVICE ASSOCIATES OF XENIA, INC.
50 Progress Drive
Xenia, OH 45986

and

JOHN DOES I-V, inclusive,

Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

COME NOW the Plaintiffs, by and through their counsel undersigned, and for their claims for relief and causes of action against the Defendants, jointly and severally, state and allege as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff Julie Brittingham is an Ohio citizen and a resident of Greene County, Ohio, and was such at all times material to this complaint.

2. Plaintiff David Brittingham is an Ohio citizen and resident of Greene County, Ohio, and was such at all times material to this complaint.

3. Defendant General Motors Corporation ("General Motors") is a Delaware corporation doing business in the State of Ohio and in Montgomery County at all times material to this complaint. At all times material to this complaint, Defendant V. Stull, M.D. and Defendant James Ruffner, M.D. were employees, agents and/or ostensible or apparent agents of Defendant General Motors.

4. Defendant Delphi Automotive Systems Corporation ("Delphi Corp.") is a Delaware corporation with its principal place of business in Montgomery County, Ohio, and is therefore a citizen of the State of Ohio.

It is liable for the acts and omissions of its employees acting within the scope of their employment as well the acts and omissions of Defendant General Motors and its employees, agents and/or ostensible or apparent agents.

5.  Defendant Delphi Automotive Systems LLC ("Delphi LLC") is a Delaware limited liability company whose principal place of business is in Montgomery County, Ohio. Delphi LLC is liable for the acts and omissions of its employees acting within the scope of their employment and agents and/or ostensible or apparent agents, as well the acts and omissions of Defendant General Motors and its employees. Defendant Delphi Corp. and Defendant Delphi LLC will be hereinafter collectively referred to as "Delphi."

6.  Defendant V. Stull, M.D. is a citizen of the State of Ohio and Montgomery County and was such at all times material to this complaint. She is a physician who at all times material to this complaint practiced medicine within the State of Ohio and may continue to practice medicine within the State of Ohio.

7.  Defendant James Ruffner, M.D. is a citizen of the State of Ohio and of Montgomery County. He is a physician who at all times material to this complaint practiced medicine within the State of Ohio and may continue to practice medicine within the State of Ohio.

8.  Defendant John Czachor, M.D. is a citizen of the State of Ohio and a resident of Montgomery County. He is a physician who at all

times material to this complaint practiced medicine within the State of Ohio and may continue to practice medicine within the State of Ohio.

9. Defendant Jane Farley, M.D. is a citizen of the State of Ohio. She is a physician who at all times relevant to this complaint practiced medicine within the State of Ohio and may continue to practice medicine within the State of Ohio.

10. Defendant Medical Service Associates of Xenia, Inc. is an Ohio partnership or corporation, which at all times material to this complaint employed or is otherwise vicariously responsible for the acts and omissions of Defendant Jane Farley, M.D.

11. John Does I-V, inclusive, are individuals or corporate health care providers who provided care and treatment to Plaintiff Julie Brittingham and were doing business within the State of Ohio and Montgomery County at all times material to this complaint. John Does I-V are sued herein under fictitious names because their true names are unknown. At such time as their true names are known, they will be substituted herein by amendment.

### I. FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff Julie Brittingham was born November 28, 1962, with a genetic condition known as Alpha 1 Antitrypsin Deficiency ("AAD"), also known as "acquired emphysema." This disease was not diagnosed in Plaintiff Julie Brittingham until early in September, 1999. It is a

progressive disease, which, if left untreated or not diagnosed for a significant time, will result in death or the need for lung transplantation.

13. Prior to August 1, 1997, Plaintiff Julie Brittingham applied for employment with Defendant General Motors.

14. On August 1, 1997, Plaintiff Julie Brittingham received a pre-employment physical in Montgomery County, Ohio, by personnel employed by Defendant General Motors and/or Defendant Delphi or for which these entities are vicariously responsible. Included in that physical examination and/or the report made to General Motors were lung function studies as well as other studies and/or conclusions of the physician(s) which were provided to Defendant General Motors. These reports and/or conclusions were reviewed by General Motors' employees acting within the scope of their employment prior to General Motors' employment of Julie Brittingham.

15. As a result of the aforementioned pre-employment physical, the physician(s) responsible for the physical examination Defendant General Motors and/or its, successors, employees or agents, including Delphi learned, or should have learned, that Plaintiff Julie Brittingham was suffering from AAD or from symptoms indicating significant lung function impairment.

16. Julie Brittingham did not learn of her disease until after she left the employ of General Motors. She would not have accepted the job at General Motors had she known the results of her pre-employment

physical exam and tests. Further, she would have sought medical care and changed her lifestyle to manage her disease had she known the results of her pre-employment physical exam and tests.

17.   At all times material to this complaint, Defendant V. Stull, M.D. and Defendant James Ruffner, M.D. were employees of General Motors acting within the scope and capacity of their employment.

18.   Plaintiff Julie Brittingham reasonably believed that Defendant, V. Stull, M.D. and Defendant James Ruffner, M.D., as well as the other persons involved in her pre-employment physical examination, were employees of Defendant General Motors.

19.   Defendants, General Motors, Delphi, Ruffner, Stull and/or their successors, employees or agents had a fiduciary or other special duty to communicate to Julie Brittingham the results of pre-employment medical tests indicating her lung function impairment, but in direct violation of said duty, concealed this information from her and never informed her of these symptoms or problems.

20.   Plaintiff Julie Brittingham's employment with Defendant General Motors was terminated before August of 1999, and her employment with Defendant Delphi was terminated in August of 1999.

## II. FIRST CLAIM FOR RELIEF: CLAIM OF JULIE BRITTINGHAM FOR NEGLIGENCE AND INTENTIONAL MISCONDUCT OF DEFENDANT GENERAL MOTORS AND DEFENDANT DELPHI

21.   All allegations of this complaint are incorporated herein by this reference.

22. Defendants General Motors and Delphi committed acts of intentional misconduct and negligence, which were perpetrated in violation of the duties they owed to Plaintiff, Julie Brittingham. Such negligence and intentional misconduct include without limitation the following:

    A. Said Defendants failed to disclose to Plaintiff Julie Brittingham the results of her pre-employment physical examination and testing with General Motors;

    B. Said Defendants failed to disclose to Plaintiff Julie Brittingham facts about her medical condition that said Defendants knew, but of which Julie Brittingham was unaware; and

    C. In addition to the above, said Defendants were otherwise negligent and guilty of intentional misconduct, such intentional misconduct being that GM and Delphi, to the exclusion of Plaintiffs, had knowledge and appreciated or should have appreciated that there was a high risk of serious injury or death to Plaintiff Julie Brittingham and that such injury or death was substantially certain to occur.

23. As a direct and proximate result of Defendants General Motors' and Delphi's negligence and intentional misconduct, Plaintiff Julie Brittingham has been injured and will be required to undergo a lung transplant or she will die. Moreover, this negligence and intentional misconduct has proximately caused Plaintiff Julie Brittingham the following injuries or losses:

    A. Pain, suffering and emotional distress in the past and to be experienced in the future;

    B. Loss of enjoyment of life in the past and to be experienced in the future;

C. Reasonable medical expenses in the past and those to be experienced in the future;

D. Loss of income and loss of earning capacity experienced in the past and that to be experienced in the future;

E. Disability and disfigurement experienced in the past and that to be experienced in the future;

F. The loss of chance to live a more normal and a longer life but for the conduct of the Defendant General Motors and Defendant Delphi; and

G. All other injuries or losses for which compensatory damages are permitted pursuant to the law of the State of Ohio.

24. As a direct and proximate result of Defendants General Motors' and Delphi's intentional, willful and wanton misconduct, who perpetrated the acts alleged herein with the requisite state of mind to justify an award of punitive damages under the laws of the State of Ohio, the Plaintiffs are entitled to punitive damages against said Defendants in an amount of money sufficient to punish said Defendants and to deter future misconduct such as that which exists in this case.

### III. SECOND CLAIM FOR RELIEF: CLAIM OF JULIE BRITTINGHAM FOR BREACH OF FIDUCIARY DUTY BY DEFENDANT GENERAL MOTORS AND DEFENDANT DELPHI

25. All allegations of this complaint are incorporated herein by this reference.

26. Defendants General Motors and Delphi had a confidential, fiduciary relationship with Plaintiff Julie Brittingham and had a fiduciary

duty to inform her of her medical condition of which they were aware, but of which Plaintiff Julie Brittingham was unaware.

27. Defendants General Motors and Delphi breached this fiduciary duty in particular and other fiduciary duties to Plaintiff Julie Brittingham, as well as the confidential relationship Defendants General Motors and Delphi had with Plaintiff Julie Brittingham, by not informing her of the results of her physical exam and of her pulmonary function tests when they learned of them or within a reasonable period of time thereafter. Plaintiffs were unaware of Defendants' breaches of fiduciary duty until after Julie Brittingham left the employ of Defendants General Motors and Delphi.

28. As a direct and proximate result of Defendants General Motors' and Delphi's intentional tortious misconduct, their breaches of fiduciary duty, and their breaches of duty imposed by the above-referenced confidential relationship, Plaintiff Julie Brittingham will be required to undergo a lung transplant or she will die. Moreover, this breach of fiduciary duty has proximately caused Plaintiff Julie Brittingham the following injuries or losses:

    A.    Pain, suffering and emotional distress in the past and to be experienced in the future;

    B.    Loss of enjoyment of life in the past and to be experienced in the future;

    C.    Reasonable medical expenses in the past and those to be experienced in the future;

    D.    Loss of income and loss of earning capacity experienced in the past and that to be experienced in the future;

    E.    Disability and disfigurement experienced in the past and that to be experienced in the future;

    F.    The loss of chance to live a more normal and a longer life but for the conduct of the Defendant General Motors and Defendant Delphi; and

    G.    All other injuries or losses for which compensatory damages are permitted pursuant to the law of the State of Ohio.

29. As a direct and proximate cause and consequence of Defendants General Motors' and Delphi's misconduct and breaches of duty toward Plaintiff Julie Brittingham, which misconduct and breaches of duty were perpetrated with the requisite state of mind to justify an award of punitive damages under Ohio law, the Plaintiffs are entitled to punitive damages against said Defendants in an amount of money sufficient to punish them and to deter future misconduct such as that which exists in this case.

### IV. THIRD CLAIM FOR RELIEF: CLAIM OF JULIE BRITTINGHAM FOR FRAUDULENT CONCEALMENT AGAINST DEFENDANT GENERAL MOTORS AND DEFENDANT DELPHI

30. All allegations of this complaint are incorporated herein by this reference.

31. Prior to and after the cessation of her employment with Defendants General Motors and Delphi, said Defendants had a confidential, fiduciary relationship with Julie Brittingham and a fiduciary

duty to inform her of her medical condition of which they were aware, but which Plaintiff Julie Brittingham was unaware.

32. Defendants General Motors and Delphi failed to inform Plaintiff Julie Brittingham of the results of her pre-employment physical examination, including the results of adverse lung function tests both prior to and after the cessation of her employment by said Defendants. This failure to disclose was an actual intentional concealment of material facts, with knowledge of the facts concealed and done with the intent to mislead Plaintiff Julie Brittingham into relying upon such conduct followed by her actual reliance thereon in failing to seek an early diagnosis and treatment of her AAD. Julie Brittingham had the right to so rely and has suffered injury resulting because of such reliance. Plaintiffs were unaware of the fraudulent concealment until after Julie Brittingham left the employ of Defendant GM and Defendant Delphi.

33. As a direct and proximate result of Plaintiff Julie Brittingham's reliance upon Defendants General Motors' and Delphi's fraudulent concealment, Plaintiff Julie Brittingham will be required to undergo a lung transplant or she will die. Moreover, this fraudulent concealment and reliance upon such has proximately caused Plaintiff Julie Brittingham the following injuries or losses:

    A.    Pain, suffering and emotional distress in the past and to be experienced in the future;

    B.    Loss of enjoyment of life in the past and to be experienced in the future;

    C.    Reasonable medical expenses in the past and those to be experienced in the future;

    D.    Loss of income and loss of earning capacity experienced in the past and that to be experienced in the future;

    E.    Disability and disfigurement experienced in the past and that to be experienced in the future;

    F.    The loss of chance to live a more normal and a longer life but for the conduct of the Defendant General Motors and Defendant Delphi; and

    G.    All other injuries or losses for which compensatory damages are permitted pursuant to the law of the State of Ohio.

34. As a direct and proximate result of Defendants General Motors' and Delphi's above described misconduct and breaches of duty, who perpetrated the acts alleged herein with the requisite state of mind to justify an award of punitive damages under the laws of the State of Ohio, the Plaintiffs are entitled to punitive damages against said Defendants in an amount of money sufficient to punish said Defendants and to deter future misconduct such as that which exists in this case.

### V. FOURTH CLAIM FOR RELIEF (MEDICAL NEGLIGENCE)

35. All allegations of this complaint are incorporated herein by this reference.

36. At times material to this complaint, the individual defendants were physicians practicing medicine within the State of Ohio and had a patient-physician relationship with the Plaintiff Julie Brittingham.

37. At all times material to this complaint, the Defendant physicians held themselves out to the public and to Plaintiff Julie Brittingham as being fully qualified and competent. Moreover, the physician Defendants had the responsibility and duty to inform Plaintiff Julie Brittingham of the results of their examinations and of their review of prior records concerning Plaintiff Julie Brittingham's health.

38. As a direct and proximate result of the Defendant physicians' negligence and their breaches of applicable standards of care, Plaintiff Julie Brittingham will be required to undergo a lung transplant or she will die. Moreover, this negligence and malpractice has proximately caused Plaintiff Julie Brittingham the following injuries or losses:

 A. Pain, suffering and emotional distress in the past and to be experienced in the future;

 B. Loss of enjoyment of life in the past and to be experienced in the future;

 C. Reasonable medical expenses in the past and those to be experienced in the future;

 D. Loss of income and loss of earning capacity experienced in the past and that to be experienced in the future;

 E. Disability and disfigurement experienced in the past and that to be experienced in the future;

 F. The loss of chance to live a more normal and a longer life but for the conduct of the Defendants General Motors and Delphi; and

     G.    All other injuries or losses for which compensatory damages are permitted pursuant to the law of the State of Ohio.

### VI. FIFTH CLAIM FOR RELIEF (LOSS OF CONSORTIUM FOR PLAINTIFF DAVID BRITTINGHAM)

39.    All allegations of this complaint are incorporated herein by this reference.

40.    At all times material to this complaint, the Plaintiffs were and continue to be husband and wife.

41.    As a direct and proximate result of Defendants General Motors' and Delphi's negligence and intentional misconduct and the negligence and breaches of duty of the physician Defendants as referenced above, Plaintiff David Brittingham has lost the care, comfort, support and consortium of his wife, Plaintiff Julie Brittingham.

42.    Moreover, because the conduct of Defendants General Motors and Delphi was intentional and/or perpetrated with the requisite state of mind to justify an award of punitive damages under the law of the State of Ohio, Plaintiff David Brittingham claims punitive damages against the Defendant General Motors and Defendant Delphi Automotive in a reasonable sum.

WHEREFORE, Plaintiffs Julie Brittingham and David Brittingham demand judgment, jointly and severally, against the Defendants in an amount of money to reasonably compensate them for their injuries, damage and loss; for punitive damages against Defendants General

Motors and Delphi; for costs of this suit; and for such other and further relief which is just and proper.

Respectfully submitted,

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney
Supreme Ct. Reg. No. 0036843
22 South St. Clair Street
Dayton, Ohio 45402-1501
(937) 226-1770
Fax: (937) 461-6922
E-mail: intili@ohiolaw.cc

/s/ Thomas J. Intili for
Robert N. Williams
P. Richard Meyer
Meyer and Williams
Attorneys at Law, P.C.
P.O. Box 2608
Jackson, WY 83001
*admitted pro hac vice*
307/733-8300

Attorneys for Plaintiffs

### JURY DEMAND

Plaintiffs Julie Brittingham and David Brittingham hereby continue their demand for a trial by jury on all issues which may properly be tried before a jury.

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2002, a true and accurate copy of the foregoing was placed in the U.S. mail, postage prepaid and/or sent by telefax as indicated below (before 5:00 p.m. MST) and addressed to:

| | | |
|---|---|---|
| P. Richard Meyer | U.S. mail only: | ✓ |
| Robert N. Williams | Telefax only: | |
| Meyer and Williams | U.S. mail and telefax: | |
| Attorneys at Law, P.C. | | |
| P.O. Box 2608 | | |
| Jackson, WY 83001 | | |

| | | |
|---|---|---|
| Terrance A. Nestor | U.S. mail only: | ✓ |
| Reminger & Reminger | Telefax only: | |
| Federated Building, Suite 1990 | U.S. mail and telefax: | |
| 7 West 7th Street | | |
| Cincinnati, OH 45202 | | |

**Attorneys for Defendants: Jane Farley, M.D., Frederick Stockwell, M.D. and Medical Service Associates of Xenia, Inc.**

| | | |
|---|---|---|
| Susan Blasik-Miller | U.S. mail only: | ✓ |
| Freund, Freeze & Arnold | Telefax only: | |
| One Dayton Centre, Suite 1800 | U.S. mail and telefax: | |
| 1 South Main Street | | |
| Dayton, OH 45402 | | |

**Attorneys for Defendants John Czachor, M.D.**

| | | |
|---|---|---|
| Robert S. Walker | U.S. mail only: | ✓ |
| Louis A Chaiten | Telefax only: | |
| Jones, Day, Reavis & Pogue | U.S. mail and telefax: | |
| North Point | | |
| 901 Lakeside Avenue | | |
| Cleveland, OH 441114 | | |

**Attorneys for Defendants: General Motors Corporation, Delphi Automotive Systems Corporation, Virginia Stull, M.D. and James Ruffner, M.D.**

| | | |
|---|---|---|
| Lori A. Clary | U.S. mail only: | ✓ |
| Jones, Day, Reavis & Pogue | Telefax only: | |
| 1900 Huntington Center | U.S. mail and telefax: | |
| Columbus, OH 43215 | | |

**Attorneys for Defendants: General Motors Corporation, Delphi Automotive Systems Corporation, Virginia Stull, M.D. and James Ruffner, M.D.**

Telefax numbers, if utilized:
Meyer and Williams, Attorneys at Law, P.C., 307/733-5258
Reminger & Reminger, 513/721-2553
Freund, Freeze & Arnold, 937/222-5369
Jones, Day, Reavis & Pogue (Cleveland office), 216/579-0212
Jones, Day, Reavis & Pogue (Columbus office), 614/461-4198

_____
Thomas J. Intili, Trial Attorney

PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND - Page 17