```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    :
In re                                               :     Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :     09-50026 (REG)
     f/k/a General Motors Corp., et al.             :
                                                    :
                              Debtors.              :     (Jointly Administered)
                                                    :
---------------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS AND THE SCHAEFER GROUP, INC. RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR AN ORDER PURSUANT TO FED. R. BANKR. P. RULE 2004 <u>COMPELLING AN EXAMINATION AND PRODUCTION OF DOCUMENTS</u>**

WHEREAS on June 1, 2009, Motors Liquidation Company, et al. f/k/a/ General Motors Corp., et al. (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case No. 09-50026) (REG) (the "Bankruptcy Cases");

WHEREAS on July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC) ("General Motors, LLC") pursuant to that certain Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, as amended, and an order of the Bankruptcy Court dated July 6, 2009 [Docket No. 2968];

WHEREAS, The Schaefer Group Inc. ("Schaefer"), as both defendant and third party plaintiff, in a personal injury action pending in St. Lawrence County Supreme Court in New York State entitled <u>Jan E. Hondusky v. Schaefer Furnaces, Inc. et al. v. General Motors Corporation</u> (the "Civil Action"), proceeding in the Supreme Court, State of New York, County

of St. Lawrence, Index Number CA2008-0128254 (the "Litigation"), by and through its attorneys, Hiscock & Barclay, LLP, having moved for relief from the automatic stay in the Bankruptcy Court on August 29, 2009 [Docket No. 3880] (the "Motion"), seeking an order: (A) allowing the continuation of the Litigation, including but not limited to the completion of discovery of all claims, defenses, cross-claim and third-party claims, up to the point of filing a judgment against the Debtors; or in the alternative; (B) directing (i) the production of documents relative to the outstanding issues of insurance coverage, the manufacturing, repair, reconstruction and maintenance records associated with the furnace [that is the subject of the Litigation] and other documents relative to the Litigation as more fully set forth in the Motion (collectively referred to herein as the "Documents"); and (ii) the oral examination of individuals designated by the Debtors and believed to have knowledge of the relevant matters, as fully set forth in the Motion; and

WHEREAS, the Debtors produced the declarations page for the requested Workers' Compensation and Employers' Liability Policy issued by National Union Fire Insurance Company of Pittsburgh, PA (Policy No. XWC 660-93-23) (the "Policy"); and

WHEREAS General Motors LLC, in accordance with prior rulings of the Court, has agreed to allow the Debtors to produce the Policy under same confidentiality terms established by the Court at the December 16, 2009 hearing[1] which has not been acceptable to Schaefer based on its assertions as to the applicability of certain provisions of the New York

---

[1] "[R]equiring GM to produce the entire policy on an attorneys'-eyes-only basis, those attorneys' eyes being an attorney who practices in the United States Bankruptcy Court for the Southern District of New York, under a suitable confidentiality agreement, which agreement or any associated order expressly provides that the information provided to counsel will not be shared with counsel for other litigants, and which may, if the GM estate chooses to . . . redact the premiums that were paid for that policy if they appear in the policy that would be produced."  12/16/09 Tr. 24:23-25:7.

2

State Civil Practice Law and Rules and existing court orders and discovery demands in the Civil Action; and

WHEREAS, the Debtors have affirmed that, under the terms of the Amended and Restated Master Sale and Purchase Agreement ("MSPA"), the Policy is in the control of General Motors, LLC; and

WHEREAS, the Debtors' counsel having represented to Schaefer's counsel that the Debtors are not in possession of any remaining Documents sought by the Motion and it is believed by Schaefer that any Documents or information potentially responsive to the Motion is in the possession of General Motors LLC; and

WHEREAS, the Debtors' counsel having further represented to Schaefer that the Debtors no longer employ any individuals that may possess knowledge of any relevant matters and it is believed by Schaefer that some such employees may be employed by General Motors LLC;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Debtors and Schaefer, as follows:

1. Schaefer is not prohibited from seeking Documents and information through subpoenas or other discovery, in conjunction with the Civil Action, from General Motors, LLC and/or its employees. The Debtors stipulate that such action does not violate the automatic stay imposed by the Bankruptcy Cases and the Debtors shall not object to discovery sought from General Motors, LLC and/or its employees. Any discovery sought from General Motors, LLC and/or its employees shall be subject to General Motors LLC's right to object for reasons other than the automatic stay imposed by the Bankruptcy Cases.

2.      The Debtors consent to the production to Schaefer of all relevant documents and information, including, but not limited to, the Workers' Compensation and Employers' Liability Policy issued by National Union Fire Insurance Company of Pittsburgh, PA (Policy No. XWC 660-93-23), and all testimony by General Motors, LLC and/or its employees and agree to abstain from objection to the production on the grounds that some materials, Documents or other information in the possession of General Motors, LLC may be the property of the Debtors, or the Debtors' estate.

3.      In further consideration, Schaefer agrees to withdraw the Motion without prejudice upon execution of this Stipulation.

| Dated: July 8, 2010 | Dated: July 7, 2010 |
|---|---|
| /s/ Susan R. Katzoff | /s/ Joseph H. Smolinsky |
| Susan R. Katzoff, Esq.<br>HISCOCK & BARCLAY LLP<br>One Park Place<br>300 South State Street<br>Syracuse, New York 13202<br>Telephone: (315) 425-2880<br>Facsimile: (315)4250-8597<br><br>*Attorneys for The Schaefer Group Inc.* | Joseph H. Smolinsky, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors and Debtors in Possession* |

IT IS SO ORDERED.

Dated: New York, New York
          *July 14, 2010*

                                        *s/ Robert E. Gerber*
                                        THE HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE