STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999


Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
|  |  |
| --- | --- |
| In re | )  Chapter 11 |
| | ) |
| MOTORS LIQUIDATION COMPANY, *et al.,* | )  Case No. 09-50026 (REG) |
| | ) |
| f/k/a General Motors Corp., *et al.* | ) |
| | ) |
| Debtors. | )  (Jointly Administered) |

----------------------------------------------------------------X


**FIRST INTERIM APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM NOVEMBER 13, 2009 THROUGH MAY 31, 2010**

**SUMMARY COVERSHEET TO THE FIRST INTERIM APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

| | |
|---|---|
| NAME OF APPLICANT: | Dean M. Trafelet, Legal Representative for Future Asbestos Personal Injury Claimants |
| DATE OF ORDER OF APPOINTMENT: | April 8, 2010 |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | November 13, 2009 through May 31, 2010 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THIS APPLICATION: | $38,936.00 |
| TOTAL EXPENSES SOUGHT IN THIS APPLICATION: | $2,050.61 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION (FEES AND EXPENSES): | $40,986.61 |
| TOTAL PROFESSIONAL HOURS: | 49.60 |
| HOURLY RATE: | $785.00 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's first interim application for compensation. |

**SUMMARY OF HOURS BILLED**

| Professional | Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | $785.00 | 49.60 | $38,936.00 |

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ................................................................................................. ii
**SUMMARY OF HOURS BILLED** ...................................................................................... iii
**TABLE OF CONTENTS** ...................................................................................................... iv
**TABLE OF AUTHORITIES** ................................................................................................ v
**INDEX OF EXHIBITS** .......................................................................................................... vi
**FIRST INTERIM APPLICATION** ..................................................................................... 1
   **I.**     **PRELIMINARY STATEMENT** ...................................................... 1
   **II.**    **JURISDICTION AND VENUE** ...................................................... 4
   **III.**   **BACKGROUND** ................................................................................. 4
   **IV.**   **STATUTORY BASIS FOR COMPENSATION** ............................ 5
   **V.**    **SUMMARY OF SERVICES RENDERED** ..................................... 9
      **A.**   **ASBESTOS ISSUES (C-01)** ........................................................ 9
      **B.**   **ASBESTOS CLAIMS VALUATION (C-02)** ............................... 9
      **C.**   **CASE ADMINISTRATION (C-06)** .......................................... 10
      **D.**   **FEE/EMPLOYMENT APPLICATIONS (C-10)** ...................... 10
      **E.**   **NONWORKING TRAVEL (C-15)** .......................................... 11
      **F.**   **PLAN AND DISCLOSURE STATEMENT (C-17)** ................ 12
   **VI.**   **DISBURSEMENTS** ......................................................................... 12
   **VII.**  **CONCLUSION** ................................................................................. 13

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 105 .................................................................................................................. 1
11 U.S.C. § 328 .................................................................................................................. 1
11 U.S.C. § 330 ........................................................................................................... 1, 5, 6
11 U.S.C. § 330(a)(1) ......................................................................................................... 6
11 U.S.C. § 330(a)(3) ......................................................................................................... 6
11 U.S.C. § 330(a)(3)(A)-(F) ............................................................................................. 7
11 U.S.C. § 331 ........................................................................................................... 1, 5, 6
28 U.S.C. § 1334 ................................................................................................................ 4
28 U.S.C. § 1408 ................................................................................................................ 4
28 U.S.C. § 157 .................................................................................................................. 4
28 U.S.C. § 157(b)(2)(A) ................................................................................................... 4

**Rules**

Fed. R. Bankr. P. 2016 .................................................................................................. 1, 5
Local Bankruptcy Rule 2016-1 .......................................................................................... 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**          Summary of Professional Fees

**Exhibit D**          Summary of Fees by Project Category

**Exhibit E**          Expense Summary

**Exhibit F**          Monthly Invoices

**Exhibit G**          Certification of Dean M. Trafelet in Support of First Interim Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from November 13, 2009 through May 31, 2010

**FIRST INTERIM APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM NOVEMBER 13, 2009 THROUGH MAY 31, 2010**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet as the legal representative for future asbestos personal injury claimants

(the "**Future Claimants' Representative**") in the chapter 11 case of Motors Liquidation

Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**") submits this application (the

"**Application**") for the allowance of interim compensation and reimbursement of expenses for

the period from November 13, 2009 through May 31, 2010 (the "**Compensation Period**"),

pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule 2016-1; and this Court's *Order*

*Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals* signed on August 7, 2009 (Docket No. 3711) (the

"**Interim Compensation Order**").  In support hereof, the Future Claimants' Representative

respectfully shows this Court as follows:

**I.**
**PRELIMINARY STATEMENT**

1.      By this Application,[1] the Future Claimants' Representative seeks approval of the

sum of $38,936.00 for services rendered during the Compensation Period and $2,050.61 for the

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which
is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for
Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated
November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11
U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

reimbursement of expenses incurred in connection with the rendition of such services, for a total award of $40,986.61.

2.      This Court has not previously allowed any compensation or reimbursement of expenses on account of professional services rendered by the Future Claimants' Representative. Other than the payments described below, which were made in accordance with this Court's Interim Compensation Order, the Future Claimants' Representative has not received payment of any compensation or reimbursement of expenses in this chapter 11 case.  There is no agreement or understanding between the Future Claimants' Representative and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

3.      Pursuant to the terms of the Interim Compensation Order, the Future Claimants' Representative, as indicated in the chart below, submitted two invoices for services rendered and reimbursement of expenses incurred during the Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received | Date Payment Received | Outstanding Balance |
|---|---|---|---|---|---|
| 11/13/2009 – 4/30/2010 | $32,185.00 | $2,046.56 | — | — | $34,231.56 |
| May 2010 | $6,751.00 | $4.05 | $5,404.85 | 7/12/2010 | $1,350.20 |
| Totals | $38,936.00 | $2,050.61 | $5,404.85 | — | $35,581.76 |

4.      Notwithstanding that all services rendered were performed at the behest of the Debtors, they, through Alix Partners, have objected to the payment of the fees and expenses of the Future Claimants' Representative for the period from November 13, 2009 through April 7, 2010, asserting that these fees and expenses were incurred prior to the entry of the order

appointing the Future Claimants' Representative on April 8, 2010.  The Debtors have objected to

payment of $21,587.50 in fees and $1,464.27 in expenses for the period from November 13,

2009 through and including April 7, 2010.  Because attempts to resolve this dispute consensually

were unsuccessful, the Future Claimants' Representative, on July 2, 2010, filed his *Motion of*

*Dean M. Trafelet, Future Claimants' Representative, for an Order Clarifying the Order*

*Appointing Him as Legal Representative for Future Asbestos Personal Injury Claimants and*

*Directing Payment of His Fees and Expenses, or in the Alternative, Awarding an Administrative*

*Expense Pursuant Section 503(a) or (b) of the Bankruptcy Code* (Docket No. 6262), seeking an

order establishing November 13, 2009 as the effective date of the Future Claimants'

Representative's appointment, authorizing and directing the Debtors to pay the Future

Claimants' Representative's fees and expenses for the period from November 13, 2009 through

April 7, 2010, or awarding him an administrative expense claim pursuant to Section 503(a) or

(b).

     5.     Despite not having objected to the fees and expenses incurred by the Future

Claimants' Representative for the period from April 8, 2010 through April 30, 2010, the Debtors

have not paid these undisputed fees and expenses as required by the clear terms of the Court's

Interim Compensation Order.  Thus, as of July 12, 2010, the Future Claimants' Representative

has not received any payments from the Debtors for his fees and expenses related to services

rendered during the period from November 13, 2009 to April 30, 2010.  The Future Claimants'

Representative has received a payment from the Debtors representing 80% of the fees and 100%

of the expenses for services rendered and invoiced from May 1, 2010 through May 31, 2010.

     6.     Through this Application, the Future Claimants' Representative seeks approval of

all monthly fees and expenses, as well as authorization to receive (i) any unpaid monthly fees

and expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of his

fees previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy

Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

8.     On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

9.     On June 3, 2009, the United States Trustee appointed the Official Committee of

Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended

Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552);  *see also

Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

10.     On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

11.     On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

12.     On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Order**") (Docket No. 4214) asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants**").  In the Appointment Motion, the Debtors' stated that they intend to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment Order**") dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

13.     Pursuant to the FCR Appointment Order, the Future Claimants' Representative is authorized to seek compensation and reimbursement in accordance with the Interim Compensation Order and Section 330 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

14.     The statutory predicates for the award of fees and expenses under the Application are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. Pursuant to Sections 330 and 331 of the Bankruptcy Code, the Future Claimants' Representative seeks compensation for actual and necessary professional services rendered and for reimbursement of expenses incurred during the Compensation Period.

15.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [the Bankruptcy Code].  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

16.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses. Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … or a professional person employed under section 327 or 1103—
>
> (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

17.     Section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors including

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

18.     The Future Claimants' Representative's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimants that he represents is reasonable.

19.     Mr. Trafelet agreed to his appointment as Future Claimants' Representative and to provide professional services to the Court and the Debtors' estate at his customary hourly rate of $785.00.  The Future Claimants' Representative represents and would demonstrate that his hourly rate for services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other professionals serving in a similar capacity.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of this Application includes a summary schedule of the hours expended by the Future Claimants' Representative, his hourly billing rate and the total value of services rendered to the Debtors' estate during the Compensation Period.

20.     The Future Claimants' Representative represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants and not on behalf of any committee, creditor or any other person.  Furthermore, the Future Claimants' Representative respectfully submits that the services for which he seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants that he represents in this case. The services performed by the Future Claimants' Representative were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants, but also the Debtors, the Debtors' estate and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants and the Debtors' estate.

21.     For the Court's review, a summary containing the Future Claimants' Representative's customary billing rate, his time expended, and the total value of services rendered by him during the Compensation Period is attached hereto as **Exhibit C.**

22.     A summary of the time expended by the Future Claimants' Representative and the total value of professional services rendered identified by project task category is attached hereto as **Exhibit D.**

23.     Attached hereto as **Exhibit E** is a summary of the expenses incurred by the Future Claimants' Representative during the Compensation Period.

24.     Attached hereto as **Exhibit F** are the Future Claimants' Representative's monthly invoices which contain descriptions of the services rendered by the Future Claimants' Representative on a daily basis.

8

**V.**
**SUMMARY OF SERVICES RENDERED**

25.     With respect to the time and labor expended by the Future Claimants'

Representative in this case during the Compensation Period, as set forth in **Exhibits C and D**,

the Future Claimants' Representative rendered professional services in the amount of

$38,936.00.  The Future Claimants' Representative believes that it is appropriate for him to be

compensated for the time spent in connection with these matters, and sets forth a brief narrative

description of the services rendered for or on behalf of the Future Claimants that he represents,

and the time expended, organized by project task categories, as follows:

A.     **ASBESTOS ISSUES (C-01)**

26.     During the Compensation Period, the Future Claimants' Representative reviewed

various pleadings in this case that raised issues affecting the rights of the Future Claimants.  The

Future Claimants' Representative routinely communicated with counsel to remain informed of

all material developments in the case.  The Future Claimants' Representative also communicated

with counsel about his duties and responsibilities under the Bankruptcy Code.

27.     The Future Claimants' Representative seeks compensation for 4.10 hours of

reasonable and necessary professional fees incurred in the category of Asbestos Issues during the

Compensation Period in the total amount of $3,218.50.

B.     **ASBESTOS CLAIMS VALUATION (C-02)**

28.     During the Compensation Period the Future Claimants' Representative worked

with his professionals to identify the information needed to identify, estimate, classify and value

the asbestos-related liabilities of the Debtors.  The Future Claimants' Representative and his

counsel worked with the Debtors, the Committees, and their respective professionals to analyze

and resolve various issues relating to access to the Debtors' historical and current asbestos-

related claims information, as well as various financial information pertinent to the Debtors'

asbestos-related liabilities.  The Future Claimants' Representative also began reviewing and

analyzing the information provided by the Debtors'.  The Future Claimants' Representative

researched various matters relating to the Debtors' historical asbestos-related liabilities.  These

activities allowed the Future Claimants' Representative to begin his review and analysis of the

Debtors' asbestos-related liabilities and were necessary to allow the Future Claimants'

Representative and his professionals to identify the universe of claims against the Debtors.

These activities will facilitate the Future Claimants' Representative's review and analysis of the

Debtors' asbestos-related liabilities and the estimation of those claims in connection with the

Debtors' future plan of reorganization.

29.    The Future Claimants' Representative seeks compensation for 11.80 hours of

reasonable and necessary professional fees incurred in the category of Asbestos Claims

Valuation during the Compensation Period in the total amount of $9,263.00.

### C.    CASE ADMINISTRATION (C-06)

30.    During the Compensation Period, the Future Claimants' Representative reviewed

various pleadings in this case and routinely communicated with counsel to remain informed of

all material developments in the case.

31.    The Future Claimants' Representative seeks compensation for 2.20 hours of

reasonable and necessary professional fees incurred in the category of Case Administration

during the Compensation Period in the total amount of $1,727.00.

### D.    FEE/EMPLOYMENT APPLICATIONS (C-10)

32.    During the Compensation Period, the Future Claimants' Representative engaged

in discussions with the Debtor, the Creditors' Committee and other interested parties regarding

10

his appointment as the Future Claimants' Representative in this case. The Future Claimants'

Representative reviewed the Debtors' motion to appoint him as the Future Claimants'

Representative and his declaration in support of that motion. The Future Claimants'

Representative also engaged in discussions with Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation ("**SBEP**") in connection with his retention of SBEP as his bankruptcy

counsel. The Future Claimants' Representative reviewed and approved the applications to retain

SBEP and Analysis Research Planning Corporation to act as his expert for evaluating the

Debtors' asbestos-related liabilities. The Future Claimants' Representative also attended the

hearing on his appointment. These activities allowed the Future Claimants' Representative to

file the necessary papers with the Court to retain and employ his professionals in order to allow

such professionals to assist him with his duties as the Future Claimants' Representative in this

case.

33.     The Future Claimants' Representative also prepared his monthly fee statements,

as required under the Interim Compensation Order and reviewed and approved the monthly

budgets prepared in compliance with the Stipulation and Order with Respect to Appointment of a

Fee Examiner.

34.     The Future Claimants' Representative seeks compensation for 25.20 hours of

reasonable and necessary professional fees incurred in the category of Fee/Employment

Applications during the Compensation Period in the total amount of $19,782.00.

E.     **NONWORKING TRAVEL** (C-15)

35.     During the Compensation Period the Future Claimants' Representative incurred

certain fees and expenses for nonworking travel when necessary to attend hearings in this case.

The Future Claimant's Representative incurred 10.40 hours of reasonable and necessary

professional fees for nonworking travel. The Future Claimants' Representative, however, has voluntarily reduced his fees in connection with nonworking travel and only seeks compensation for 5.20 hours of nonworking travel time.

36.    The Future Claimants' Representative seeks compensation for 5.20 hours of reasonable and necessary professional fees incurred in the category of Nonworking Travel during the Compensation Period in the total amount of $4,082.00.

### F.    **PLAN AND DISCLOSURE STATEMENT** (C-17)

37.    During the Compensation Period, the Future Claimants' Representative reviewed the Debtors' third motion to extend the exclusivity periods in this case (Docket No. 5772). The Future Claimants' Representative conferred with his counsel regarding the motion to extend exclusivity and approved his statement in support of the Debtors' requested extension.

38.    The Future Claimants' Representative seeks compensation for 1.10 hours of reasonable and necessary professional services incurred in the category of Plan and Disclosure Statement during the Compensation Period in the total amount of $863.50.

### VI.
### DISBURSEMENTS

39.    The Future Claimants' Representative incurred out-of-pocket expenses in the amount of $2,050.61 in connection with the services rendered during the Compensation Period. A summary of the expenses incurred by the Future Claimants' Representative during the Compensation Period is set forth in **Exhibit E.**

40.    These expenses are actual, necessary, out-of-pocket expenses which are not properly included in overhead, and arise exclusively from and are traceable to the services rendered by the Future Claimants' Representative in connection with this chapter 11 case and were incurred for the benefit of the Future Claimants and are therefore, reimbursable by the

estate. No allowable disbursement is treated as a "profit center" involving a markup over actual cost.

41.     None of the travel related expenses incurred by the Future Claimants' Representative during the Compensation Period were for first-class airfare, luxury accommodations, or deluxe meals.

## VII.
## CONCLUSION

42.     The professional services summarized by this Application and rendered by the Future Claimants' Representative were substantial and beneficial to the interests of the Future Claimants that he represents.

43.     The amounts sought by the Future Claimants' Representative consist only of the actual and reasonable billable time expended by him and the actual and necessary expenses incurred by the Future Claimants' Representative during the Compensation Period.

44.     The reasonable value of the professional services rendered by the Future Claimants' Representative during the Compensation Period is $38,936.00 and the reasonable and necessary out-of-pocket expenses incurred by the Future Claimants' Representative are $2,050.61, for total allowable fees and expenses of $40,986.61.

45.     The Future Claimants' Representative believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines. As required by the Local Guidelines a true and correct copy of the Certification of Dean M. Trafelet is attached hereto as **Exhibit G.**

46.     **WHEREFORE**, the Future Claimants' Representative respectfully requests the entry of an order (a) awarding the Future Claimants' Representative allowance of compensation

for professional services in the amount of $38,936.00 and reimbursement of expenses in the

amount of $2,050.61 for total compensation of $40,986.61 during the Compensation Period, (b)

directing payment of the foregoing amounts to the extent that such amounts have not already

been paid by the Debtors, and the 20% of professional fees that has been held back from each

monthly invoice, and (c) granting the Future Claimants' Representative such other and further

relief as may be appropriate.


Dated: July 15, 2010
      Chicago, Illinois                 Respectfully submitted,

                                  */s/  Dean M. Trafelet*
                                  Dean M. Trafelet

                                  50 West Schiller
                                  Chicago, IL 60610
                                  Phone: 312-335-1726
                                  Facsimile: 312-335-8015

                                  **Legal Representative for Future Asbestos Personal
                                  Injury Claimants**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                    :
In re                                                               :          **Chapter 11 Case No.**
                                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                           :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al*.      :
                                                                    :
          **Debtors.**   :          **(Jointly Administered)**
                                                                    :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

      ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

      ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

      ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)      Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)      Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)      The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code.  Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)      Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)      Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)      Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)      At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]    The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)    If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)    If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)    The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)    Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)     On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
       *__August 7, 2009__*

                       *__s/ Robert E. Gerber__*
                     United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                        :
In re                                   :          Chapter 11 Case No.
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :          **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.* :
                                        :
                    **Debtors.**        :          **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

<u>**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE
BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed,

released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan

for MLC, have not manifested symptoms of asbestos-related diseases resulting from such

exposure, whether such individuals are determined to have "claims" under section 101(5) of the

Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code

(the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under

section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to

the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall

have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code

as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at

the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary

expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the

"**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711],

or such other orders as may be entered by the Court with respect compensation of professionals

in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and

other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior

approval of this Court, and such professionals shall be subject to the terms of the Interim

Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: ___*April 8, 2010*___
     New York, New York

                                         ___*s/ Robert E. Gerber*___
                                         UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**EXHIBIT C**

**SUMMARY OF HOURS BILLED BY
THE FUTURE CLAIMANTS' REPRESENTATIVE
FOR THE PERIOD FROM
NOVEMBER 13, 2009 THROUGH MAY 31, 2010**

| Professional | Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | $785.00 | 49.60 | $38,936.00 |
| **Totals** | | | 49.60 | $38,936.00 |

**EXHIBIT D**

**EXHIBIT D**

## COMPENSATION BY PROJECT CATEGORY
### FOR THE PERIOD FROM
### NOVEMBER 13, 2009 THROUGH MAY 31, 2010

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | 4.10 | $3,218.50 |
| 2 | Asbestos Claims Valuation | 11.80 | $9,263.00 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | 2.2 | $1,727.00 |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications | 25.20 | $19,782.00 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | 5.20 | $4,082.00 |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 1.10 | $863.50 |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | 49.60 | $38,936.00 |

**EXHIBIT E**

**EXHIBIT E**

**EXPENSE SUMMARY**
**FOR THE PERIOD FROM**
**NOVEMBER 13, 2009 THROUGH MAY 31, 2010**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
|     a. Internal Photocopying | $14.20 |
|     b. External Photocopying | — |
| **Telecommunications** | |
|     a. Toll Charges | $13.32 |
|     b. Facsimile | — |
| **Courier and Freight** | $162.28 |
| **Printing** | — |
| **Court Reporter and Transcripts** | — |
| **Messenger Service** | — |
| **Computerized Research** | — |
| **Out of Town Travel Expenses** | |
|     a. Airfare | $776.40 |
|     b. Hotel | $759.02 |
|     c. Meals | $81.39 |
|     d. Cabs/Parking | $244.00 |
|     e. Mileage | — |
|     f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
|     a. Non-Professional | — |
|     b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | — |
| **Court Call / Telephonic Hearing Costs** | — |
| **Filing Fees** | — |
| **Total** | **$2,050.61** |

**EXHIBIT F**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**


**GENERAL MOTORS – FCR**
**2009**
**TIME**


**NOVEMBER 2009**                                                                 **Hours**

11/13      Teleconf. with S. Karotkin re: D. Trafelet candidacy
           for FCR and S. Karotkin's description, background,
           case history, filing, time table (.40); compliance with
           S. Karotkin's request review, update, and forward
           background materials and updated resume (1.80)          2.20

**DECEMBER 2009**

12/21      Review J. Cooney's memo re: creditor's committee
           approval (.10); teleconf. with J. Cooney re: status and
           position of present asbestos claimants within the
           proceedings (.30).                                        .40

**JANUARY 2010**

01/05      Research background of GM/MLC bankruptcy filings
           and prior asbestos recovery efforts (1.30); review J.
           Coonney memo re: creditor's committee approval
           (.10).                                                   1.40

01/07      Review potential FCR legal counsel backgrounds and
           resumes re: Future Claim Representative's legal
           counsel (2.40).                                          2.40

01/11      Review S. Karotkin memo updating case status
           (.20); review S. Karotkin's draft of motion for
           appointment with comments and corrections (.80);
           forward memo to legal counsel for legal counsel review
           (.10); review S. Karothin's 2nd modified draft of Motion
           to Appoint with revisions, corrections and forwarding
           to legal counsel (.50); review and response to S. Karotkin's
           3rd revision to paragraphs 4 and 5 of the Motion to
           Appoint with corrections (.70); reply memo to

|  |  |  |
|---|---|---|
|  | S. Karothin re: revisions to paragraphs 4 and 5 (.10). | **2.40** |
| **01/12** | Teleconf. with J. Cooney re: analysis of FCR re: merits and scope of proposed Appointment Order (.20). | **.20** |
| **01/13** | Teleconf. with FCR legal counsel re: motion to appoint language, completeness and related issues (.50); review FCR's legal counsel/S. Esserman's memo re: Karotkin's up date and scheduling advice (.10). | **.60** |
| **01/14** | Teleconf. with FCR legal counsel/S. Esserman re: updates, status and substance of D. Trafelet's Affidavit and Declaration as requested by S. Karotkin (.30). | **.30** |
| **01/15** | Review S. Karotkin's draft Declaration with corrections and suggestions and return same (.90); review FCR legal counsel's/S. Esserman's memo re: corrections to Declaration and update of US Trustee's objections (.30). | **1.20** |
| **01/17** | Teleconf. with J. Cooney re: motion to appoint asbestos creditor committee (.20). | **.20** |
| **02/15** | Review J. Cooney memo re: update commencement of FCR work (.10); review and respond to T. Florence/ARPC's memo re: Creditor's Committee request to retain ARPC for asbestos estimations (.30). | **.40** |
| **02/23** | Teleconf. with S. Karotkin re: updating Declaration Statement (.10); further update 3rd draft of Declaration Statement (.50); memo exchange with S. Karotkin re: contents and delivery deadline (.10); memo exchange with S. Esserman re: legal advice on *nunc pro tunc* issues (.30); lengthy review of ARPC's asbestos estimations experience, rates and availability (.40); memo to ARPC re: engagement and commencement of claims estimating (.20). | **1.60** |
| **02/24** | Research and retrieve via on-line access to case memos and orders and organize same re: Motors Liquidation's court filings (3.40); teleconference with T. Florence of ARPC re: estimation process, timing, rates and conflicts (.50). | **3.90** |
| **02/25** | Review S. Karotkin's 02/25/10 revision to FCR Motion (.40); memo with comments re: FCR Motion to S. Esserman (.30). | **.70** |

| | | |
|---|---|---|
| 02/26 | Review and analysis of S. Karotkin's further revised Motion to Approve (.20); review memo exchange re: S. Karotkin's suggested language changes of FCR's Motion to Approve between S. Karotkin and S. Esserman (.20); teleconf. with S. Esserman to resolve Motion to Approve differences (.10). | .50 |
| 03/04 | Review 03/04 revisions the DMT Declaration (.30); teleconf. with S. Esserman for authorization to sign (.10); follow-up teleconference with S. Karotkin re: final changes to Declaration (.30), execute and forward (10); teleconf. with S. Karotkin re: his changes to DMT Declaration, filing date and future scheduling (.10); memo to T. Florence/ARPC re: preparation of outline materials needed from debtor (.20). | 1.10 |
| 03/08 | Review court order re: US Trustee's Committee of Unsecured Creditors Holding Asbestos Claims (.20); review T. Florence/ARPC memo MLC Task List An Information Request (.30) with reply re: scheduling and proceeding with compliance (.10). | .60 |
| 03/10 | Memo to S. Esserman re: ARPC background and scheduling and application for APRC retention (.20); review and analysis of Bankruptcy Court's Interim Compensation Order (.40). | .60 |
| 03/12 | Teleconf. with T. Florence/APRC re: updating and finalizing Task List and Information Request (.30); memo to S. Karotkin re: ARPC request (.30). | .60 |
| 03/16 | Review and analysis of Second Amended Notice and Case Management Order (.30); teleconf. with S. Esserman re: application for FCR representation (.20); review of application and proposed order re: FCR legal representation (.40); teleconf. with J. Brophy of ARPC re: application for ARPC appointment to perform FCR claim research and estimations (.20). | 1.10 |
| 03/23 | Meeting and review with T. Florence (ARPC) re: changes and final draft of APRC application (.40). | .40 |
| 03/25 | Review and analysis of Second Amended Order Re: Notice and Case Management Order (.40). | .40 |
| 03/26 | Review memos from B . Williamson and S. Esserman re: fees and expenses with conference call scheduling | |

|  |  |  |
|---|---|---|
| | reply memo (.20). | **.20** |
| **03/29** | Review S. Esserman's 03/29/20 revised application and memo to A. Velez-Rivera/USTP (.30). | **.30** |
| **03/30** | Teleconf. with S. Esserman re: preparatory outline for conference call with fee examiner (.30); teleconference with S. Esserman and B. Williamson re: fee and expense policy and procedures (.40); review S. Esserman memo to S. Karotkin re: meeting agenda and schedule (.10) and reply with DMT schedule (.10). | **.90** |
| **03/31** | Review and reply to S. Esserman memo re: update on 03/08 meeting with S. Karotkin (.20). | **.20** |

**Total Time November 2009 – March 31, 2010:**

**24.80 hours @ $785.00 = $19,468.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**EXPENSES**
**November 2009 – March 31, 2010**

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| **Travel Agent Fees** | | | |
| **Surface Transportation** | | | |
| **Hotel and Lodging** | | | |
| **Meals** | | | |
| **Parking** | | | |
| **Mileage** | | @ 48.5 | |
| **Gratuities** | | | |
| **Long Distance Telephone/Data Port** | | | **9.71** |
| **Printing and Photocopy** | 111 | @ .10 | **11.10** |
| **Postage** | | | |
| **Facsimile** | | @ 1.25 | |
| **Overnight Messenger** | | | |
| | 02/23 | FedEx Priority Overnight DMT Signed Declaration to S. Karotkin | **80.92** |
| | 03/04 | FedEx Priority Overnight Original Signature Corrected DMT Declaration to S. Karotkin | **80.92** |

**TOTAL EXPENSES**                    **$182.65**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**
**2010**
**TIME**

**APRIL 2010**

| | | |
|---|---|---|
| 04/05 | Memo exchange with S. Esserman re: coordination of 04/07 meeting with S. Karotkin (.10). | .10 |
| 04/07 | Non-working travel time (5.20 @ 50% = 2.60). | 2.60 |
| 04/08 | Preparation for court appearance (.40); court appearance re: FCR appointment and FCR legal counsel appointment (3.70); meeting with S. Esserman in preparation for meeting with Motors counsel (1.20); meeting with Motors counsel outlining case, claims estimation, insurance recovery and assets (1.20). | 6.50 |
| 04/09 | Non-working travel time (5.20 @ 50% = 2.60). | 2.60 |
| 04/10 | Comply with Motors' counsel request re: contact and data information (.30); memo to ARPC for updated outline of data needed for compliance with J. Smolinsky's request (.10); receipt, review and forward ARPC memo to J. Smolinsky (.30). | .70 |
| 04/12 | Review 04/08/10 court order re: DMT appointment (.10); review and analysis of Fee Examiner's Second Status Report and Advisory (.30); review Fee Examiner's Motion For Clarification of Appointment Order (.20). | .60 |
| 04/18 | Memo to S. Esserman re: agenda and scheduling claim Estimations (.10). | .10 |
| 04/19 | Review and analysis of Response of Debtor's To Fee Examiner's Application To Extend Retention Of The Stuart Maue Firm (.20); teleconf. with T. Koessl re: Wisconsin refund procedures (.30); review and analysis of Debtor's 13th Ominbus Objections re: Workmen's Compensation Claims with Exhibits (.40). | .90 |

| | | | |
|---|---|---|---|
| 04/20 | Review and analysis of Debtor's 14th Ominbus Objections re: Workmen's Compensation Claims with Exhibits (.30). | | .30 |
| 04/22 | Review Fee Examiner's Motion for Adjournment (.10); review notice of confirmation re: appointment of ARPC for FCR claims estimations, et al (.20); memo to ARPC for scheduling organizational conference call (.10). | | .40 |
| 04/23 | Review and analysis of April 23, 2010 Motion for Third Amended Order Establishing Notice and Case Management Procedures (.30). | | .30 |
| 04/24 | Teleconf. with S. Esserman outlining scope of tasks and schedules for valuation of asbestos claims, disease levels and exposures (.50). | | .50 |
| 04/26 | Review S. Esserman memo to S. Karotkin re: GM's estimation of asbestos liability reports release to FCR (.10); review Objection of Debtor's To Fee Examiner's Motion For Clarification Of Appointment (.20). | | .30 |
| 04/27 | Memo to S. Esserman re: inclusion of ARPC's data and material request requirements from Motors re: ARPC evaluation (.10). | | .10 |
| 04/30 | Review ACC and FCR letter of request to S. Karotkin re: production of and access to all asbestos related documents (.10); reply to S. Esserman re: Karotkin letter (.10). | | .20 |

**Total April 2010 hours: 16.20 @ $785.00 per hour = $ 12,717.00**

## DEAN M. TRAFELET
## GENERAL MOTORS – FCR
## APRIL 2010
## EXPENSES

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| | 04/07 | Coach round trip + taxes | 746.40 |
| **Travel Agent Fees** | | | |
| | 04/07 | | 30.00 |
| **Surface Transportation** | | | |
| | 04/07 | Office to airport | 65.00 |
| | | Airport to hotel | 29.00 |

|  | 04/08 | Hotel to courthouse | 25.00 |
|  |  | Courthouse to hotel | 25.00 |
|  | 04/09 | Hotel to airport | 35.00 |
|  |  | Airport to office | 65.00 |
| **Hotel and Lodging** |  |  |  |
|  | 04/07 | Hotel and taxes | 379.51 |
|  | 04/08 | Hotel and taxes | 379.51 |

**Meals**

|  | 04/07 | Lunch en route | 12.00 |
|  |  | Dinner | 19.71 |
|  | 04/08 | Breakfast | 12.00 |
|  |  | Dinner | 20.00 |
|  | 04/09 | Breakfast | 17.68 |

**Parking**
**Mileage** @ 48.5
**Gratuities**
**Long Distance Telephone/Data Port**                                                      xxxxx
**Printing and Photocopy**                        31  @ .10                              3.10
**Postage**
**Facsimile**                        @ 1.25
**Overnight Messenger**

**TOTAL EXPENSES**                                          $1,863.91

**TOTAL NOVEMBER 2009 – APRIL 2010**
                    **FCR FEES**            $32,185.00
                    **EXPENSES**            $ 2,046.56

            **GRAND TOTAL**            = $34,231.56

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**MAY 2010 TIME**

**May 2010**

| | | |
|---|---|---|
| 05/01 | **Review ARPC work outline and memo to ARPC re: claim estimation (.20) and forward same to S. Esserman (.10).** | **.30** |
| 05/03 | **Review and proof read 11/09 – 04/10 time and expense application (.30).** | **.30** |
| 05/05 | **Review and analysis of file for response and compliance with fee examiners request for monthly budget for May and June 2010 (.60).** | **.60** |
| 05/10 | **Review memo exchange re: S. Karotkin and S. Esserman for access to GM asbestos data base (.10); reply to S. Esserman request (.10); memo to S. Esserman (.10).** | **.30** |
| 05/11 | **Review S. Esserman confirmatory memo re: access to asbestos data base and email to T. Florence/ARPC to follow-up (.10); review and confirm response to fee examiner's request for May and June 2010 fees and expenses (.20).** | **.30** |
| 05/17 | **Review ML motion to extend (.20); review S. Esserman memo re: response to ML motion to extend (.10); reply to Esserman (.20); teleconf. with ARPC (T. Florence and J. Brophy) re: estimation(.20).** | **.70** |
| 05/20 | **Review T. Swett's letter to S. Karotkin re: production of asbestos materials products and exposures (.20); review, analysis and reply to S. Esserman's draft of Statement In Support of 3rd Motion of Debtor to Extend with suggestions and comments (.40).** | **.60** |
| 05/24 | **Review ARPC memo re: GM asbestos data (.20) and GM's reply (.10); DMT memo to S. Esserman re: data (.10).** | **.40** |

| | | |
|---|---|---|
| 05/25 | Meeting with ARPC/T. Florence and J. Brophy re: GM's historical asbestos data and researching historical GM subsidiary supplier network for totality of asbestos exposure (1.20);  memo to S. Esserman (.20). | 1.40 |
| 05/27 | Review J. Harwick's update on 05/27 court hearing and basis for extension of exclusivity (.20). | .20 |
| 05/27 | Research GM corporate structure, subsidiaries and ownership of suppliers with asbestos components and parts (3.20); teleconf. with S. Esserman re: historical asbestos data and supply chain(.30). | 3.50 |

**Total May 2010 hours  8.60 @ $785.00 per hour = $6,751.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**MAY 2010**
**EXPENSES**

| | | |
|---|---|---|
| **Air Transportation** | | |
| **Travel Agent Fees** | | |
| **Surface Transportation** | | |
| **Hotel and Lodging** | | |
| **Meals** | | |
| **Parking** | | |
| **Mileage** | @ 48.5 | |
| **Gratuities** | | |
| **Long Distance Telephone/Data Port** | | 3.61 |
| **Printing and Photocopy** | @ | |
| **Postage** | | .44 |
| **Facsimile** | @ 1.25 | |
| **Overnight Messenger** | | |

**TOTAL EXPENSES**                                              **$4.05**

---

**TOTAL MAY 2010**

| | | |
|---|---|---|
| | **FCR FEES** | **$6,751.00** |
| | **EXPENSES** | **4.05** |
| | **GRAND TOTAL** | **$6,755.05** |

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**EXHIBIT G**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                          )
In re                                     )          Chapter 11
                                          )
MOTORS LIQUIDATION COMPANY, *et al.*,     )          Case No. 09-50026 (REG)
                                          )
     f/k/a General Motors Corp., *et al.* )
                                          )
                              Debtors.     )          (Jointly Administered)
------------------------------------------------------------X


**CERTIFICATION OF DEAN M. TRAFELET**
**IN SUPPORT OF FIRST INTERIM APPLICATION OF DEAN M. TRAFELET IN HIS**
**CAPACITY AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL**
**INJURY CLAIMANTS, FOR ALLOWANCE OF INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM**
**<u>NOVEMBER 13, 2009 THROUGH MAY 31, 2010</u>**

          I, Dean M. Trafelet, certify as follows:

          1.          I am over the age of 18 years, and am competent and otherwise qualified to make

this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the

facts set forth herein.

2.      I submit this Certification in support of the *First Interim Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from November 13, 2009 through May 31, 2010* (the "**Application**") and in accordance with the Local Guidelines.[1]

3.      I am the duly appointed Future Claimants' Representative in the above-captioned case responsible for compliance with the Local Guidelines.

4.      I have read the Application.

5.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

7.      Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Future Claimants' Representative.

8.      To the best of my knowledge, information and belief, with respect to disbursements for which reimbursement is sought I do not make a profit on such disbursements, whether the service is performed in-house or by a third-party.

9.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of the Future Claimants' Representative's monthly fee statements.

10.     In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of July 2010, in Chicago, Illinois.


*/s/ Dean M. Trafelet*
Dean M. Trafelet