STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                              )
In re                                         )          Chapter 11
                                              )
MOTORS LIQUIDATION COMPANY, *et al.,*         )          Case No. 09-50026 (REG)
                                              )
    f/k/a General Motors Corp., *et al.*      )
                                              )
                        Debtors.              )          (Jointly Administered)
-----------------------------------------------------------X

**FIRST INTERIM APPLICATION OF ANALYSIS RESEARCH PLANNING**
**CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT TO**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM MARCH 1, 2010 THROUGH MAY 31, 2010**

### SUMMARY COVERSHEET TO THE FIRST INTERIM APPLICATION OF ANALYSIS RESEARCH PLANNING CORPORATION

| | |
|---|---|
| NAME OF APPLICANT: | Analysis Research Planning Corp. |
| AUTHORIZED TO PROVIDE SERVICES TO: | Dean M. Trafelet in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants |
| DATE OF ENTRY OF ORDER OF APPOINTMENT: | April 21, 2010 |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | March 1, 2010 through May 31, 2010 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THIS APPLICATION: | $16,034.50 |
| TOTAL EXPENSES SOUGHT IN THIS APPLICATION: | $0.00 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION (FEES AND EXPENSES): | $16,034.50 |
| TOTAL PROFESSIONAL HOURS: | 52.00 |
| BLENDED HOURLY RATE: | $308.36 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's first interim application for compensation. |

## SUMMARY OF HOURS BILLED BY PROFESSIONAL

| Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Brockman, Amy | Vice President | $305.00 | 11.90 | $3,629.50 |
| Brophy, John | Vice President | $435.00 | 6.60 | $2,871.00 |
| Florence, Tom | President | $555.00 | 1.70 | $943.50 |
| Raab, Timothy | Managing Director | $275.00 | 21.50 | $5,912.50 |
| Wagoner, Jason | Director | $250.00 | 10.30 | $2,678.00 |
| **Grand Total:** | | | 52.00 | $16,034.50 |
| Blended Hourly Rate: | | | | $308.36 |

[remainder of this page intentionally left blank]

## TABLE OF CONTENTS

**SUMMARY COVERSHEET** ............................................................................ ii

**SUMMARY OF HOURS BILLED** .................................................................. iii

**TABLE OF CONTENTS** ............................................................................... iv

**TABLE OF AUTHORITIES** .......................................................................... v

**INDEX OF EXHIBITS** ................................................................................... vi

**FIRST INTERIM APPLICATION** ................................................................ 1

    **I.**    **PRELIMINARY STATEMENT** ............................................... 1

    **II.**   **JURISDICTION AND VENUE** ............................................... 3

    **III.**  **BACKGROUND** ...................................................................... 3

    **IV.**  **STATUTORY BASIS FOR COMPENSATION** ..................... 5

    **V.**   **SUMMARY OF SERVICES RENDERED** ........................... 8

      **A.**   **ASBESTOS CLAIMS VALUATION (C-02)** ...................... 9

      **B.**   **FEE/EMPLOYMENT APPLICATIONS (C-10)** ................ 10

    **VI.**  **CONCLUSION** ...................................................................... 10

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 105 ................................................................................................................. 1
11 U.S.C. § 328 ................................................................................................................. 1
11 U.S.C. § 330 ......................................................................................................... 1, 5, 6
11 U.S.C. § 330(a)(1) ....................................................................................................... 6
11 U.S.C. § 330(a)(3) ....................................................................................................... 6
11 U.S.C. § 330(a)(3)(A)-(F) ........................................................................................... 7
11 U.S.C. § 331 ............................................................................................................. 1, 5
28 U.S.C. § 1334 ............................................................................................................... 3
28 U.S.C. § 1408 ............................................................................................................... 3
28 U.S.C. § 157 ................................................................................................................. 3
28 U.S.C. § 157(b)(2)(A) .................................................................................................. 3

**Rules**

FED. R. BANKR. P. 2016 .................................................................................................. 1, 5
Local Bankruptcy Rule 2016-1 ......................................................................................... 1

## INDEX OF EXHIBITS

**Exhibit A**        Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**        Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**        Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of March 1, 2010

**Exhibit D**        Summary of Professional Fees

**Exhibit E**        Summary of Fees by Project Category

**Exhibit F**        Monthly Invoices

**Exhibit G**        Certification of B. Thomas Florence in Support of First Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from March 1, 2010 through May 31, 2010

**FIRST INTERIM APPLICATION OF ANALYSIS RESEARCH PLANNING
CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT TO
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
<u>FOR THE PERIOD FROM MARCH 1, 2010 THROUGH MAY 31, 2010</u>**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Analysis Research Planning Corporation ("**ARPC**"), asbestos claims valuation consultant

to Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury

claimants (the "**Future Claimants' Representative**") in the chapter 11 case of Motors

Liquidation Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**") submits this

application (the "**Application**") for the allowance of interim compensation and reimbursement of

expenses for the period from March 1, 2010 through May 31, 2010 (the "**Compensation

Period**"), pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule 2016-1; and this

Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals* signed on August 7, 2009

(Docket No. 3711) (the "**Interim Compensation Order**").  In support hereof, ARPC

respectfully shows this Court as follows:

**I.
PRELIMINARY STATEMENT**

1.      By this Application,[1] ARPC seeks approval of the sum of $16,034.50 for services

rendered during the Compensation Period.

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which
is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for
Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated

1

2.      This Court has not previously allowed any compensation or reimbursement of

expenses on account of professional services rendered by ARPC.  Other than the payments

described below, which were made in accordance with this Court's Interim Compensation Order,

ARPC has not received payment of any compensation or reimbursement of expenses in this

chapter 11 case.  There is no agreement or understanding between ARPC and any other person

for the sharing of compensation to be received for services rendered during the Debtors' chapter

11 cases.

3.      Pursuant to the terms of the Interim Compensation Order, ARPC, as indicated in

the chart below, submitted two invoices for services rendered and reimbursement of expenses

incurred during the Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received | Date Payment Received | Outstanding Balance |
|---|---|---|---|---|---|
| March 2010 | $1,783.50 | — | $1,426.09 | 07/07/2010 | $357.41 |
| May 2010 | $14,251.00 | — | — | — | $14,251.00 |
| Totals | **$16,034.50** | **—** | **$1,426.09** | **—** | **$14,608.41** |

4.      ARPC has received no objections to its monthly invoices, and as of the date

hereof, ARPC has received payments from the Debtor representing 80% of the fees and 100% of

the expenses for services rendered and invoiced from March 1, 2010 through March 31, 2010.

As of the date hereof, ARPC has not received any payments from the Debtors for fees and

expenses related to services rendered during the period covered by its May 2010 invoice.

---

November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11
U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

5.      Through this Application, ARPC seeks approval of all monthly fees and expenses that have been paid to date, as well as authorization to receive (i) any unpaid monthly fees and expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of its fees previously held back from each of the invoices previously submitted in accordance with the Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

7.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**") commenced this case under chapter 11 of the Bankruptcy Code.

8.      On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time the membership of the Creditors' Committee has been reconstituted twice.  *See First Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No. 5201).

3

9.      On December 23, 2009, the Court appointed Brady C. Williamson as the Fee Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner (Docket No. 4708).

10.     On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

11.     On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Order**") (Docket No. 4214) asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants**").  In the Appointment Motion, the Debtors' stated that they intend to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

12.     On April 2, 2010, the Future Claimants' Representative filed his *Application for Order Authorizing Legal Representative for Future Asbestos Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of March 1, 2010* (Docket No. 5413).

13.     By Order signed on April 21, 2010, this Court authorized the Future Claimants' Representative to retain and employ ARPC as his asbestos claims valuation consultant effective

as of March 1, 2010.  A true and correct copy of the *Order Granting Application of Dean M.*

*Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and*

*Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant*

*as of March 1, 2010* (the "**Retention Order**") (Docket No. 5533) is attached hereto as **Exhibit**

**C**.

14.     Pursuant to the terms of the Retention Order, ARPC is authorized to seek

compensation and reimbursement in accordance with the Interim Compensation Order under

Sections 330 and 331 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

15.     The statutory predicates for the award of fees and expenses under the Application

are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.

Pursuant to Sections 330 and 331 of the Bankruptcy Code, ARPC seeks compensation for actual

and necessary professional services rendered and for reimbursement of expenses incurred during

the Compensation Period.

16.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional
> person employed under section 327 or 1103 of [the Bankruptcy
> Code] may apply to the court not more than once every 120 days
> after an order for relief in a case under this title, or more often if
> the court permits, for such compensation for services rendered
> before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section
> 330 of [the Bankruptcy Code].  After notice and a hearing, the
> court may allow and disburse to such applicant such compensation
> or reimbursement.

11 U.S.C. § 331.

17.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an

applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant

to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses.

Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328, and 329,
> the court may award to a trustee, … or a professional person
> employed under section 327 or 1103—
>
> (A)     reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, ombudsman,
> professional person, or attorney and by any paraprofessional
> person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

18.     Section 330(a)(3) provides that in determining the amount of reasonable

compensation to be awarded, the court should consider the nature, extent and value of the

services rendered to the estate, taking into account all relevant factors including

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under [the Bankruptcy Code];
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled

practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

19.     ARPC's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimants' Representative and his constituents is reasonable.

20.     ARPC agreed to provide asbestos claims valuation services to the Future Claimants' Representative at hourly rates for its professionals on the same basis and factors as are normally considered in determining fees.  The rates charged are the normal hourly rates charged by ARPC for work performed in similar matters for clients for this consulting firm. ARPC represents and would demonstrate that its hourly rates for services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other professionals serving in a similar capacity.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of this Application includes a summary schedule of the hours expended by all ARPC professionals who rendered services to the Future Claimants' Representative during the Compensation Period, showing their hourly billing rates and the total hours expended by each during the Compensation Period.

21.     All  professionals rendering services in this case have made a deliberate effort to avoid any unnecessary duplication of work and time expended.  ARPC represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants' Representative and his constituents, and not on behalf of any committee, creditor or any other person.  Furthermore, ARPC respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be

7

necessary for and beneficial to the protection of the interests of the Future Claimants'

Representative and his constituents.  The services performed by ARPC were performed

economically, effectively and efficiently, and the results obtained have benefited not only the

Future Claimants, but also the Debtors, the Debtors' estate and other parties in interest.

Accordingly, the compensation requested herein is reasonable in light of the nature, extent and

value of such services to the Future Claimants and the Debtors' estate.

22.     For the Court's review, a summary containing the name of each professional

providing services during the Compensation Period, including the professional's standard hourly

billing rate, the time expended, and the total value of services rendered during the Compensation

Period is attached hereto as **Exhibit D.**

23.     A summary of the time expended by ARPC and the total value of professional

services rendered identified by project task category is attached hereto as **Exhibit E.**

24.     Attached hereto as **Exhibit F** are ARPC's monthly invoices which contain

descriptions of the services rendered by ARPC on a daily basis.

### V.
### SUMMARY OF SERVICES RENDERED

25.     With respect to the time and labor expended by ARPC in this case during the

Compensation Period, as set forth in **Exhibits D and E**, ARPC rendered professional services in

the amount of $16,034.50.  ARPC believes that it is appropriate for it to be compensated for the

time spent in connection with these matters, and sets forth a brief narrative description of the

services rendered for or on behalf of the Future Claimants' Representative and his constituents,

and the time expended, organized by project task categories, as follows:

A.    **ASBESTOS CLAIMS VALUATION** (C-02)

26.    During the Compensation Period, ARPC worked with the Future Claimant's

Representative and his other professionals to identify the information needed to identify,

estimate, classify and value the asbestos-related liabilities of the Debtors.  ARPC also worked

with the Debtors, the Committees, and their respective professionals to analyze and resolve

various issues relating to access to the Debtors' historical and current asbestos-related claims

information, as well as various financial information pertinent to the Debtors' asbestos-related

liabilities.  As information was made available by the Debtors, ARPC began its review and

analysis of the Debtors' asbestos-related liabilities.  These activities allowed ARPC to assist the

Future Claimants' Representative in his investigation into the Debtors' asbestos-related liabilities

and will assist ARPC in the analysis and estimation of the claims in connection with the Debtors'

future plan of reorganization.

27.    ARPC seeks compensation for 51.20 hours of reasonable and necessary

professional fees incurred in the category of Asbestos Claims Valuation during the

Compensation Period in the total amount of $15,686.50.

28.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| ASBESTOS CLAIMS VALUATION – (C-02) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brockman, Amy | Vice President | 11.90 | $3,629.50 |
| Brophy, John | Vice President | 5.80 | $2,523.00 |
| Florence, Tom | President | 1.70 | $943.50 |
| Raab, Timothy | Managing Director | 21.50 | $5,912.50 |
| Wagoner, Jason | Director | 10.30 | $2,678.00 |
| **TOTALS** | | 51.20 | $15,686.50 |

B.    **FEE/EMPLOYMENT APPLICATIONS** (C-10)

29.    During the Compensation Period, ARPC reviewed, commented on and approved the Future Claimants' Representative's application to employ ARPC and the declaration of B. Thomas Florence in support of the application.  These activities allowed the Future Claimants' Representative to file the necessary papers with the Court to retain and employ ARPC to assist him with his duties as the Future Claimants' Representative in this case.

30.    ARPC seeks compensation for 0.80 hours of reasonable and necessary professional fees incurred in the category of Fee/Employment Applications during the Compensation Period in the total amount of $348.00.

31.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| FEE/EMPLOYMENT APPLICATIONS (C-10) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brophy, John | Vice President | 0.80 | $348.00 |
| **TOTALS** | | 0.80 | $348.00 |

**VI.**
**CONCLUSION**

32.    The professional services summarized by this Application and rendered by ARPC were substantial and beneficial to the interests of the Future Claimants' Representative and his consituents.

33.     The amounts sought by ARPC consist only of the actual and reasonable billable time expended by it and the actual and necessary expenses incurred by ARPC during the Compensation Period.

34.     The reasonable value of the professional services rendered by ARPC during the Compensation Period is $16,034.50 and the reasonable and necessary out-of-pocket expenses incurred by ARPC are $0.00, for total allowable fees and expenses of $16,034.50.

35.     ARPC believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the Certification of B. Thomas Florence is attached hereto as **Exhibit G.**

[remainder of page intentionally left blank]

11

36.    **WHEREFORE**, ARPC respectfully requests the entry of an order (a) awarding

ARPC allowance of compensation for professional services in the amount of $16,034.50 and

reimbursement of expenses in the amount of $0.00 for total compensation of $16,034.50 during

the Compensation Period, (b) directing payment of the foregoing amounts to the extent that such

amounts have not already been paid by the Debtors, and the 20% of professional fees that has

been held back from each monthly invoice, and (c) granting ARPC such other and further relief

as may be appropriate.

Dated: July 15, 2010
     Washington, D.C.           Respectfully submitted,

**ANALYSIS RESEARCH PLANNING
CORPORATION**

By: * /s/   B. Thomas Florence             *
        B. Thomas Florence

1220 19th Street, NW, Suite 700
Washington, D.C. 20036

**Asbestos Claims Valuation Consultant to
Dean M. Trafelet in his capacity as Legal
Representative for Future Asbestos Personal Injury
Claimants**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                   :
In re                                              :                    **Chapter 11 Case No.**
                                                   :
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :                    **09-50026 (REG)**
        f/k/a **General Motors Corp.,** *et al*.    :
                                                   :
                      **Debtors.**                  :                    **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)     Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)     Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)     The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)     Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]    The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)     If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)     Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)     On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
           _**August 7, 2009**_


                          _**s/ Robert E. Gerber**_
                          United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                       **:**

In re                               **:**            **Chapter 11 Case No.**
                                         **:**

**MOTORS LIQUIDATION COMPANY,** *et al.,*  **:**    **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  **:**
                                         **:**

                      **Debtors.**     **:**    **(Jointly Administered)**
                                         **:**
--------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL <u>REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: **_April 8, 2010_**
        New York, New York

                              **_s/ Robert E. Gerber_**
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| MOTORS LIQUIDATION COMPANY, *et al,* | ) | Case No. 09-50026 (REG) |
|  | ) |  |
| *f/k/a* General Motors Corp., *et al.* | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

-----------------------------------------------------------------X

### ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS TO RETAIN AND EMPLOY ANALYSIS, RESEARCH & PLANNING CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT AS OF MARCH 1, 2010

Upon the Application, dated April 2, 2010 (the "**Application**"),[1] of Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Analysis, Research & Planning Corporation ("ARPC") as Asbestos Claims Valuation Consultant for the Future Claimants' Representative, effective as March 1, 2010; and upon the Declaration of B. Thomas Florence, President and a Principal of ARPC, attached to the Application as Exhibit B (the "**Florence Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Florence Declaration, that ARPC is "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code and that ARPC represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Application and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided, and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Application is in the

best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Application establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy

Rule 2014(a), the Future Claimants' Representative is authorized to employ and retain

ARPC as his asbestos claims valuation consultant in this chapter 11 case in accordance with

ARPC's normal hourly rates and disbursement policies, all as contemplated by the

Application, effective as of March 1, 2010 is approved; and it is further

ORDERED that ARPC shall be compensated in accordance with the standards and

procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules,

and the Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,

entered by this Court on August 7, 2009, or such other orders as may be entered by the

Court with respect to compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *April 21, 2010*

                             *s/ Robert E. Gerber*
                             ROBERT E. GERBER
                             UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

**EXHIBIT D**

**SUMMARY OF HOURS BILLED BY ARPC
FOR THE PERIOD FROM
MARCH 1, 2010 THROUGH MAY 31, 2010**

| Professional | Title | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Brockman, Amy | Vice President | $305.00 | 11.90 | $3,629.50 |
| Brophy, John | Vice President | $435.00 | 6.60 | $2,871.00 |
| Florence, Tom | President | $555.00 | 1.70 | $943.50 |
| Raab, Timothy | Managing Director | $275.00 | 21.50 | $5,912.50 |
| Wagoner, Jason | Director | $250.00 | 10.30 | $2,678.00 |
| **Grand Total:** | | | 52.00 | $16,034.50 |
| Blended Hourly Rate: | | | | $308.36 |

**EXHIBIT E**

**EXHIBIT E**

## COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD FROM
## MARCH 1, 2010 THROUGH MAY 31, 2010

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | — | — |
| 2 | Asbestos Claims Valuation | 51.20 | $15,686.50 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | — | — |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications | 0.80 | $348.00 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | — | — |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | — | — |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | 52.00 | $16,034.50 |

**EXHIBIT F**

 1220 19th Street, NW, Suite 700
Washington, DC  20036

| Invoice to: |
| --- |
| **Dean Trafelet** |
| **General Motors    (GM)** |
| 50 W. Schiller St. |
| Chicago, IL   60610 |

| Invoice # | Date | Amount Due |
| --- | --- | --- |
| 16998 | 5/12/2010 | **$1,783.50** |

**For professional services rendered by Analysis.Research.Planning Corp. (ARPC) during the period March 2010.**

| Item | Description | Amount |
| --- | --- | --- |
| **Prepare/Attend Calls/Meetings** | | |
| Administrative | | $1,783.50 |
| | | **$1,783.50** |

Total Amount Due for this Invoice:                                    **$1,783.50**

**Detailed fee and expense information is attached. If you have any questions regarding this invoice, please call Joy Rothwell at (202) 797-1111.  Thank you.**



1220 19th Street, NW, Suite 700
Washington, DC  20036

## Professional by Project

| | Rate | Hours | Amount |
|---|---|---|---|
| **Prepare/Attend Calls/Meetings** | | | |
| Brophy, John | $435.00 | 4.10 | $1,783.50 |
| | | | **$1,783.50** |



1220 19th Street, NW, Suite 700
Washington, DC  20036

## Professional Fees (detail)

### Prepare/Attend Calls/Meetings

| Date | Staff Member | Description | Hours | Charges |
|---|---|---|---|---|
| **Administrative** | | | | |
| 03/02/10 | John Brophy | Review of bankruptcy case documents | 1.50 | 652.50 |
| 03/03/10 | John Brophy | Review of bankruptcy case documents | 0.50 | 217.50 |
| 03/04/10 | John Brophy | Development of data and information requirements | 0.50 | 217.50 |
| 03/05/10 | John Brophy | Development of data and information requirements | 0.40 | 174.00 |
| 03/05/10 | John Brophy | Preparation of letter to attorneys requesting information | 0.40 | 174.00 |
| 03/16/10 | John Brophy | Preparation of expert application letter | 0.80 | 348.00 |
| | | | **4.10** | **1,783.50** |
| | | **Total Fees for Prepare/Attend Calls/Meetings:** | **4.10** | **1,783.50** |



1220 19th Street, NW, Suite 700
Washington, D.C.  20036
Phone    (202) 797-1111
Fax        (202) 797-3619

## General Motors Rate Sheet
## March 2010

| Staff Member | Title | Rate |
|---|---|---|
| John Brophy | Vice President | $435.00 |



1220 19th Street, NW, Suite 700
Washington, DC  20036

| Invoice # | Date | Amount Due |
|---|---|---|
| 17110 | 6/18/2010 | **$14,251.00** |

**Invoice to:**

**Dean Trafelet**
**General Motors    (GM)**
50 W. Schiller St.
Chicago, IL   60610

**For professional services rendered by Analysis.Research.Planning Corp. (ARPC) during the period May 2010.**

| Item | Description | Amount |
|---|---|---|

### Claims Analysis
| | | |
|---|---|---|
| Compile database(s) | | $2,373.50 |
| | | **$2,373.50** |

### Claim Forecast(s)
| | | |
|---|---|---|
| Compile database | | $3,629.50 |
| | | **$3,629.50** |

### Review Case Documents and Materials
| | | |
|---|---|---|
| Document review and comment | | $7,413.50 |
| | | **$7,413.50** |

### Prepare/Attend Calls/Meetings
| | | |
|---|---|---|
| Administrative | | $834.50 |
| | | **$834.50** |

Total Amount Due for this Invoice:          **$14,251.00**

**Detailed fee and expense information is attached. If you have any questions regarding this invoice, please call Joy Rothwell at (202) 797-1111.  Thank you.**



1220 19th Street, NW, Suite 700
Washington, DC  20036

## Professional by Project

| | Rate | Hours | Amount |
|---|---|---|---|
| **Claims Analysis** | | | |
| Florence, Tom | $555.00 | 1.70 | $943.50 |
| Wagoner, Jason | $260.00 | 5.50 | $1,430.00 |
| | | | **$2,373.50** |
| **Claim Forecast(s)** | | | |
| Brockman, Amy | $305.00 | 11.90 | $3,629.50 |
| | | | **$3,629.50** |
| **Review Case Documents and Materials** | | | |
| Brophy, John | $435.00 | 1.00 | $435.00 |
| Raab, Timothy | $275.00 | 21.50 | $5,912.50 |
| Wagoner, Jason | $260.00 | 4.10 | $1,066.00 |
| | | | **$7,413.50** |
| **Prepare/Attend Calls/Meetings** | | | |
| Brophy, John | $435.00 | 1.50 | $652.50 |
| Wagoner, Jason | $260.00 | 0.70 | $182.00 |
| | | | **$834.50** |



1220 19th Street, NW, Suite 700
Washington, DC 20036

## Professional Fees (detail)

### Claims Analysis

| Date | Staff Member | Description | Hours | Charges |
|------|--------------|-------------|-------|---------|
| Compile database(s) | | | | |
| 05/21/10 | Tom Florence | Compilation and review of 10k and other documentation | 1.70 | 943.50 |
| 05/27/10 | Jason Wagoner | Comparison of different versions of pre bankruptcy data. | 0.70 | 182.00 |
| 05/27/10 | Jason Wagoner | Importing POC data into SAS and standardizing. | 0.80 | 208.00 |
| 05/28/10 | Jason Wagoner | Comparison of different versions of pre bankruptcy data. | 2.00 | 520.00 |
| 05/28/10 | Jason Wagoner | Review of duplicate records - law firm name standardization. | 2.00 | 520.00 |
| | | | 7.20 | 2,373.50 |
| | | **Total Fees for Claims Analysis:** | 7.20 | 2,373.50 |

### Claim Forecast(s)

| Date | Staff Member | Description | Hours | Charges |
|------|--------------|-------------|-------|---------|
| Compile database | | | | |
| 05/24/10 | Amy Brockman | Download and review data and documents. | 4.60 | 1,403.00 |
| 05/25/10 | Amy Brockman | Continuing reviewing data and POC data. | 3.80 | 1,159.00 |
| 05/28/10 | Amy Brockman | Prep for and discussions with J. Wagoner re data and forecast issues. | 3.50 | 1,067.50 |
| | | | 11.90 | 3,629.50 |
| | | **Total Fees for Claim Forecast(s):** | 11.90 | 3,629.50 |

### Review Case Documents and Materials

| Date | Staff Member | Description | Hours | Charges |
|------|--------------|-------------|-------|---------|
| Document review and comment | | | | |
| 05/24/10 | Timothy Raab | Reviewing information on the MLC secure website. | 3.50 | 962.50 |
| 05/25/10 | Timothy Raab | Review of orders and motions re 363 sale. | 5.20 | 1,430.00 |
| 05/26/10 | Timothy Raab | Review of statement of finacial affairs and other financial informaiton including 10-Q's and 10-K's. | 5.20 | 1,430.00 |
| 05/27/10 | John Brophy | Document corporate review of asbestos history. | 1.00 | 435.00 |
| 05/27/10 | Timothy Raab | Review of statement of finacial affairs and other financial informaiton including 10-Q's and 10-K's. | 2.10 | 577.50 |
| 05/27/10 | Jason Wagoner | Review of website documents and available data. | 2.50 | 650.00 |
| 05/28/10 | Jason Wagoner | Review of website documents and available data. | 1.60 | 416.00 |
| 05/28/10 | Timothy Raab | Reviewing and cataloging available informaiton from MLC website and additional sources. | 5.50 | 1,512.50 |
| | | | 26.60 | 7,413.50 |
| | | **Total Fees for Review Case Documents and Materials:** | 26.60 | 7,413.50 |

### Prepare/Attend Calls/Meetings

| Date | Staff Member | Description | Hours | Charges |
|------|--------------|-------------|-------|---------|
| Administrative | | | | |
| 05/24/10 | John Brophy | Online data warehouse review. | 0.80 | 348.00 |
| 05/25/10 | John Brophy | Online data warehouse review. | 0.70 | 304.50 |
| 05/27/10 | Jason Wagoner | Internal meetings re: case background, materials, data and objectives. | 0.70 | 182.00 |
| | | | 2.20 | 834.50 |
| | | **Total Fees for Prepare/Attend Calls/Meetings:** | 2.20 | 834.50 |



analysis·research·planning
1220 19th Street, NW, Suite 700
Washington, D.C.  20036
Phone    (202) 797-1111
Fax        (202) 797-3619

## General Motors Rate Sheet
### May 2010

| Staff Member | Title | Rate | Hours | Fees |
|---|---|---|---|---|
| Tom Florence | President | $555.00 | 1.70 | $943.50 |
| John Brophy | Vice President | $435.00 | 2.50 | $1087.50 |
| Amy Brockman | Vice President | $305.00 | 11.90 | $3,629.50 |
| Timothy Raab | Managing Director | $275.00 | 21.50 | $5,912.50 |
| Jason Wagoner | Director | $260.00 | 10.3 | $2,678.00 |

**EXHIBIT G**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                                )
In re                                                           )         Chapter 11
                                                                )
MOTORS LIQUIDATION COMPANY, *et al.,*     )         Case No. 09-50026 (REG)
                                                                )
      f/k/a General Motors Corp., *et al.*            )
                                                                )
                                        Debtors.          )         (Jointly Administered)
-------------------------------------------------------------X


**CERTIFICATION OF B. THOMAS FLORENCE**
**IN SUPPORT OF FIRST INTERIM APPLICATION OF ANALYSIS RESEARCH**
**PLANNING CORPORATION AS ASBESTOS CLAIMS VALUATION CONSULTANT**
**TO DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM MARCH 1, 2010 THROUGH MAY 31, 2010**

        I, B. Thomas Florence, certify as follows:

        1.        I am the President and a Principal of the firm of Analysis Research Planning

Corporation ("**ARPC**") and I am authorized to make this Certification on behalf of ARPC.  I am

over the age of 18 years, and am competent and otherwise qualified to make this Certification.

Unless otherwise stated in this Certification, I have personal knowledge of the facts set forth herein.

2.       I submit this Certification in support of the *First Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from March 1, 2010 through May 31, 2010* (the "**Application**") and in accordance with the Local Guidelines.[1]

3.       I have read the Application.

4.       To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

5.       The Future Claimants' Representative has been provided with a copy of the Application, and has approved the fees and disbursements requested therein.

6.       To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

7.       Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by ARPC and generally accepted by ARPC's clients.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

8.      To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought, ARPC does not make a profit on such disbursements, whether the service is performed in-house or by a third party.

9.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of ARPC's monthly fee statements.

10.     In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of July 2010, in Washington, D.C.

                                        */s/ B. Thomas Florence*
                                        B. Thomas Florence