STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999


Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
|  |  |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.,* | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------X


**FIRST INTERIM APPLICATION OF STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,**
**FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS COUNSEL FOR**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE**
**FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**
**<u>FOR THE PERIOD FROM FEBRUARY 24, 2010 THROUGH MAY 31, 2010</u>**

## SUMMARY COVERSHEET TO THE FIRST INTERIM APPLICATION OF STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION

NAME OF APPLICANT:

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation

AUTHORIZED TO PROVIDE SERVICES TO:

Dean M. Trafelet, in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants.

DATE OF ENTRY OF ORDER OF APPOINTMENT:

April 15, 2010

PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT:

February 24, 2010 through May 31, 2010

TOTAL PROFESSIONAL FEES SOUGHT IN THIS APPLICATION:

$63,314.50

TOTAL EXPENSES SOUGHT IN THIS APPLICATION:

$3,712.78

TOTAL COMPENSATION SOUGHT IN THIS APPLICATION (FEES AND EXPENSES):

$67,027.28

TOTAL ATTORNEY HOURS:

136.10

TOTAL PARAPROFESSIONAL HOURS:

3.90

TOTAL PROFESSIONAL HOURS (ATTORNEYS AND PARAPROFESSIONALS):

140.00

BLENDED HOURLY RATE (ALL PROFESSIONALS):

$452.25

BLENDED HOURLY RATE (ATTORNEYS ONLY):

$460.19

INTERIM OR FINAL APPLICATION:

This is Applicant's first interim application for compensation.

**SUMMARY OF HOURS BILLED BY PROFESSIONAL**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder<br>Member TX bar since 1972. | 2010 | $550 | 6.70 | $3,685.00 |
| Ducayet, Andrea L. | Shareholder<br>Member TX bar since 2001,<br>FL bar since 2001. | 2010 | $385 | 0.80 | $308.00 |
| Esserman, Sander L. | Shareholder<br>Member TX bar since 1976. | 2010 | $725 | 37.70 | $27,332.50 |
| Hartwick, Jo E. | Shareholder<br>Member TX bar since 1990. | 2010 | $395 | 39.20 | $15,484.00 |
| Newton, Jacob L. | Shareholder<br>Member AR bar since 2001,<br>TX bar since 2004. | 2010 | $425 | 2.50 | $1,062.50 |
| Panko, Heather J. | Associate<br>Member TX bar since 2006. | 2010 | $300 | 49.20 | $14,760.00 |
| Jeffery, Cindy L. | Paralegal | 2010 | $175 | 3.90 | $682.50 |
| **Grand Total** | | | | **140.00** | **$63,314.50** |
| Blended Rate(All professionals): | | | | | $452.25 |
| Blended Rate (Attorneys only): | | | | | $460.19 |

[remainder of this page intentionally left blank]

iii

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ......................................................................................... ii

**SUMMARY OF HOURS BILLED BY PROFESSIONAL** ...................................... iii

**TABLE OF CONTENTS** ............................................................................................ iv

**TABLE OF AUTHORITIES** ..................................................................................... v

**INDEX OF EXHIBITS** .............................................................................................. vi

**FIRST INTERIM APPLICATION** ......................................................................... 1

   **I.**       **PRELIMINARY STATEMENT** ....................................................... 2

  **II.**       **JURISDICTION AND VENUE** ...................................................... 3

  **III.**     **BACKGROUND** .................................................................................. 3

  **IV.**     **STATUTORY BASIS FOR COMPENSATION** ............................. 5

   **V.**       **SUMMARY OF SERVICES RENDERED** .................................... 9

     **A.**    **ASBESTOS ISSUES (C-01)** ............................................................ 9

     **B.**    **FEE/EMPLOYMENT APPLICATIONS (C-10)** ............................ 10

     **C.**    **HEARINGS (C-13)** ........................................................................... 11

     **D.**    **PLAN AND DISCLOSURE STATEMENT (C-17)** ........................ 12

  **VI.**     **DISBURSEMENTS** ........................................................................... 13

  **VII.**    **CONCLUSION** ................................................................................... 14

# TABLE OF AUTHORITIES

## Statutes

| | |
|---|---|
| 11 U.S.C. § 105 | 1 |
| 11 U.S.C. § 328 | 1 |
| 11 U.S.C. § 330 | 1, 5, 6 |
| 11 U.S.C. § 330(a)(1) | 6 |
| 11 U.S.C. § 330(a)(3) | 6 |
| 11 U.S.C. § 330(a)(3)(A)-(F) | 7 |
| 11 U.S.C. § 331 | 1, 5, 6 |
| 28 U.S.C. § 1334 | 3 |
| 28 U.S.C. § 1408 | 3 |
| 28 U.S.C. § 157 | 3 |
| 28 U.S.C. § 157(b)(2)(A) | 3 |

## Rules

| | |
|---|---|
| FED. R. BANKR. P. 2016 | 1, 5 |
| Local Bankruptcy Rule 2016-1 | 1 |

## INDEX OF EXHIBITS

| | |
|---|---|
| **Exhibit A** | Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals |
| **Exhibit B** | Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants |
| **Exhibit C** | Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010 |
| **Exhibit D** | Summary of Fees by Professional |
| **Exhibit E** | Summary of Fees by Project Category |
| **Exhibit F** | Expense Summary |
| **Exhibit G** | Monthly Invoices |
| **Exhibit H** | Certification of Sander L. Esserman in Support of First Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from February 24, 2010 through May 31, 2010 |

**FIRST INTERIM APPLICATION OF STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL FOR
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
<u>FOR THE PERIOD FROM FEBRUARY 24, 2010 THROUGH MAY 31, 2010</u>**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**Applicant**" or

"**SBEP**"), counsel to Dean M. Trafelet in his capacity as legal representative for future asbestos

personal injury claimants (the "**Future Claimants' Representative**") in the chapter 11 case of

Motors Liquidation Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**"), submits

this application (the "**Application**") for the allowance of interim compensation and

reimbursement of expenses for the period from February 24, 2010 through May 31, 2010 (the

"**Compensation Period**"), pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule 2016-1; and

this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* signed on August 7, 2009

(Docket No. 3711) (the "**Interim Compensation Order**").  In support hereof, SBEP respectfully

shows this Court as follows:

# I.
# PRELIMINARY STATEMENT

1.      By this Application,[1] SBEP seeks approval of the sum of $63,314.50 for services rendered during the Compensation Period and $3,712.78 for the reimbursement of expenses incurred in connection with the rendition of such services, for a total award of $67,027.78.

2.      This Court has not previously allowed any compensation or reimbursement of expenses on account of professional services rendered by SBEP.  Other than the payments described below, which were made in accordance with this Court's Interim Compensation Order, SBEP has not received payment of any compensation or reimbursement of expenses in this chapter 11 case.  There is no agreement or understanding between SBEP and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

3.      Pursuant to the terms of the Interim Compensation Order, SBEP, as indicated in the chart below, submitted two invoices for services rendered and reimbursement of expenses incurred during the Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received | Date Payment Received | Outstanding Balance |
|---|---|---|---|---|---|
| 2/24/2010 – 4/30/2010 | $48,795.50 | $3,479.19 | $42,515.59 | 6/25/2010 | $9,759.10 |
| May 2010 | $14,519.00 | $233.59 | — | — | $14,752.59 |
| Totals | **$63,314.50** | **$3,712.78** | **$42,515.59** | N/A | **$24,511.69** |

---

[1] This Application has been prepared in accordance with the Interim Compensation Order, which is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

4.      SBEP has received no objections to its monthly invoices, and as of the date

hereof, SBEP has received payments from the Debtor representing 80% of the fees and 100% of

the expenses for services rendered and invoiced from February 24, 2010 through April 30, 2010.

As of the date hereof, SBEP has not received any payments from the Debtor for fees and

expenses related to services rendered during the period covered by its May 2010 invoice.

5.      Through this Application, SBEP seeks approval of all monthly fees and expenses

that have been paid to date, as well as authorization to receive (i) any unpaid monthly fees and

expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of its fees

previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy

Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

7.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

8.      On June 3, 2009, the United States Trustee appointed the Official Committee of

Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time, the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended*

*Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also*

*Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

9.      On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

10.      On March 2, 2010, the United States Trustee appointed the Official Committee of

Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the

"**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**")

(Docket No. 5206).

11.      On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and*

*1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative*

*for Future Asbestos Personal Injury Claimants* (the "**Appointment Order**") (Docket No. 4214)

asking this Court to appoint the Future Claimants' Representative to represent and protect the

interests of holders of future asbestos personal injury claims against the Debtors (the "**Future**

**Claimants**").  In the Appointment Motion, the Debtors' stated that they intend to propose a plan

of reorganization that will establish a trust to process and pay current and future asbestos

personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment**

**Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future

Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

12.      On March 16, 2010, the Future Claimants' Representative filed his *Application of*

*Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury*

*Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional*

*Corporation as His Counsel as of February 24, 2010* (Docket No. 5275).

13.     By Order signed on April 15, 2010, this Court authorized the Future Claimants'

Representative to retain and employ Applicant as his bankruptcy counsel effective as of February

24, 2010. A true and correct copy of the *Order Granting Application of Dean M. Trafelet as*

*Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ*

*Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of*

*February 24, 2010* (the "**Retention Order**") (Docket No. 5506) is attached hereto as **Exhibit C.**

14.     Pursuant to the terms of the Retention Order, SBEP is authorized to seek

compensation and reimbursement in accordance with the Interim Compensation Order under

Sections 330 and 331 of the Bankruptcy Code.

**IV.**
**STATUTORY BASIS FOR COMPENSATION**

15.     The statutory predicates for the award of fees and expenses under the Application

are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.

Pursuant to Sections 330 and 331 of the Bankruptcy Code, SBEP seeks compensation for actual

and necessary professional services rendered and for reimbursement of expenses incurred during

the Compensation Period.

16.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional
> person employed under section 327 or 1103 of [the Bankruptcy
> Code] may apply to the court not more than once every 120 days
> after an order for relief in a case under this title, or more often if
> the court permits, for such compensation for services rendered
> before the date of such an application or reimbursement for
> expenses incurred before such date as is provided under section
> 330 of [the Bankruptcy Code]. After notice and a hearing, the

> court may allow and disburse to such applicant such compensation
> or reimbursement.

11 U.S.C. § 331.

17.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an

applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant

to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses.

Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328, and 329,
> the court may award to a trustee, … or a professional person
> employed under section 327 or 1103—
>
> (A)     reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, ombudsman,
> professional person, or attorney and by any paraprofessional
> person employed by any such person; and
>
> (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

18.     Section 330(a)(3) provides that in determining the amount of reasonable

compensation to be awarded, the court should consider the nature, extent and value of the

services rendered to the estate, taking into account all relevant factors including

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time at which the service was rendered
> toward the completion of, a case under [the Bankruptcy Code];
>
> (D)     whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance,
> and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

19.    SBEP's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimant's Representative and his constituents is reasonable.

20.    SBEP agreed to represent the Future Claimants' Representative at hourly rates for its attorneys, paralegals, and law clerks, and on the same basis and factors as are normally considered in determining fees.  The rates charged are the normal rates charged by SBEP for the work performed in similar matters for similar clients for this law firm.  SBEP represents and would demonstrate that the hourly rates charged by SBEP for the services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other experienced bankruptcy counsel and other professionals in matters of this type.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of the Application includes a schedule of all shareholders, associates and paralegals of SBEP who rendered services to the Future Claimants' Representative during the Compensation Period, showing their hourly billing rates and the total hours expended by each during the Compensation Period.

21.    All professionals rendering services in this case have made a deliberate effort to avoid any unnecessary duplication of work and time expended.  When more routine tasks were involved, SBEP utilized the talents of its less experienced attorneys or paraprofessionals

7

whenever possible to reduce the overall fees in this matter without sacrificing the quality of services rendered.

22.    SBEP represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants' Representative and his constituents, and not on behalf of any committee, creditor or any other person.  Furthermore, SBEP respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants' Representative and his constituents.  The services performed by SBEP were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants' Representative and his constituents, but also the Debtors, the Debtors' estate and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants' Representative and the Debtors' estate.

23.    For the Court's review, a summary containing the name of each professional providing services during the Compensation Period, including the professional's standard billing rate, is attached hereto as **Exhibit D.**

24.    A summary of the time expended by SBEP and the total value of professional services rendered identified by project task category is attached hereto as **Exhibit E**.

25.    Attached hereto as **Exhibit F** is a summary of the expenses incurred by SBEP during the Compensation Period.

26.    Attached hereto as **Exhibit G** are SBEP's monthly invoices which contain descriptions of the services rendered by SBEP on a daily basis.

**V.**
**SUMMARY OF SERVICES RENDERED**

27.     With respect to the time and labor expended by SBEP in this case during the

Compensation Period, as set forth in **Exhibits D and E**, SBEP rendered professional services in

the amount of $63,314.50.  SBEP believes that it is appropriate for it to be compensated for the

time spent in connection with these matters, and sets forth a brief narrative description of the

services rendered for or on behalf of the Future Claimants' Representative and his constituents,

and the time expended, organized by project task categories, as follows:

A.      **ASBESTOS ISSUES (C-01)**

28.     During the Compensation Period, SBEP regularly reviewed various pleadings in

this case that raised issues affecting the rights of the Future Claimants.  SBEP routinely

communicated with the Future Claimants' Representative, the Debtors, the Committees, and

other interested parties to remain informed of all material developments in the case, and

regularly communicated with the Future Claimants' Representative about his duties and

responsibilities under the Bankruptcy Code.  SBEP also communicated regularly with Analysis

Research Planning Corporation ("**ARPC**"), the Future Claimants' Representative's expert for

evaluating the Debtors' asbestos-related liabilities, regarding reports and studies prepared by

ARPC.

29.     SBEP seeks compensation for 24.30 hours of reasonable and necessary

professional fees incurred in the category of Asbestos Issues during the Compensation Period in

the total amount of $14,327.00.

30.     A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| ASBESTOS ISSUES – (C-01) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 17.00 | $12,325.00 |
| Hartwick, Jo E. | Shareholder | 2.10 | $829.50 |
| Panko, Heather J. | Associate | 2.10 | $630.00 |
| Jeffery, Cindy L. | Paralegal | 3.10 | $542.50 |
| **TOTALS** | | 24.30 | $14,327.00 |

### B.    FEE/EMPLOYMENT APPLICATIONS (C-10)

31.    During the Compensation Period, SBEP engaged in discussions with the Future Claimants' Representative, the Debtor, the Creditors' Committee and other interested parties regarding its appointment as bankruptcy counsel to the Future Claimants' Representative in this case.  SBEP reviewed the Debtors' motion to appoint the Future Claimants' Representative and assisted with the preparation of the Future Claimants' Representative's declaration in support of that motion.  SBEP also prepared and filed the Future Claimants' Representative's applications to retain SBEP as his counsel and ARPC to act as his expert for evaluating the Debtors' asbestos-related liabilities.  These activities allowed the Future Claimants' Representative to file the necessary papers with the Court, and to retain and employ his professionals in order to allow such professionals to assist him with his duties as the Future Claimants' Representative in this case.

32.    SBEP prepared its monthly fee statements, as required under the Interim Compensation Order, and assisted the Future Claimants' Representative and ARPC with the preparation and service of their monthly fee statements.  SBEP also prepared and served the monthly budgets of the Future Claimants' Representative and his professionals in compliance with the *Stipulation and Order with Respect to Appointment of a Fee Examiner*.

10

33.    SBEP seeks compensation for 98.40 hours of reasonable and necessary

professional fees incurred in the category of Fee/Employment Applications during the

Compensation Period in the total amount of $41,278.00.

34.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| FEE/EMPLOYMENT APPLICATIONS – (C-10) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 6.70 | $3,685.00 |
| Ducayet, Andrea L. | Shareholder | 0.80 | $308.00 |
| Esserman, Sander L. | Shareholder | 15.20 | $11,020.00 |
| Hartwick, Jo E. | Shareholder | 34.10 | $13,469.50 |
| Newton, Jacob L. | Shareholder | 2.50 | $1,062.50 |
| Panko, Heather J. | Associate | 39.10 | $11,730.00 |
| **TOTALS** | | 98.40 | $41,278.00 |

C.    **HEARINGS** (C-13)

35.    During the Compensation Period, SBEP attended hearings in New York,

including the hearing on the appointment of the Future Claimants' Representative and the

application to employ SBEP.  SBEP also attended the hearing on the *Third Motion of the

Debtors for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) Extending Exclusive Periods in

which Debtors may file a Chapter 11 Plan and Solicit Acceptances Thereof*.  Attendance at these

hearings and status conferences was necessary to allow SBEP to represent the Future Claimants'

Representative and to protect the interests of the Future Claimants that he represents.

36.    SBEP seeks compensation for 4.20 hours of reasonable and necessary legal fees

incurred on behalf of the Future Claimants' Representative in the category of Hearings during

the Compensation Period in the total amount of $2,550.00.

11

37.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| HEARINGS – (C-13) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 2.70 | $1,957.50 |
| Hartwick, Jo E. | Shareholder | 1.50 | $592.50 |
| **TOTALS** | | 4.20 | $2,550.00 |

**D.     PLAN AND DISCLOSURE STATEMENT (C-17)**

38.     During the Compensation Period, SBEP reviewed the Debtors' third motion to extend the exclusivity periods in this case (Docket No. 5772).  SBEP conferred with the Future Claimants' Representative regarding the motion to extend exclusivity and his ultimate support of the Debtors' requested extension.  SBEP also engaged in discussions with the Debtor, the Creditors' Committee and other interested parties regarding the Debtors' third motion to extend exclusivity.  SBEP prepared and filed the Future Claimants' Representative's statement in support of the Debtors' third motion to extend exclusivity, and also reviewed responses filed by other interested parties in response to the Debtors' requested extension.

39.     SBEP seeks compensation for 13.10 hours of reasonable and necessary professional services incurred in the category of Plan and Disclosure Statement during the Compensation Period in the total amount of $5,162.50.

40.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

12

| PLAN AND DISCLOSURE STATEMENT – (C-17) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 2.80 | $2,030.00 |
| Hartwick, Jo E. | Shareholder | 1.50 | $592.50 |
| Panko, Heather J. | Associate | 8.00 | $2,400.00 |
| Jeffery, Cindy L. | Paralegal | 0.80 | $140.00 |
| **TOTALS** | | 13.10 | $5,162.50 |

# VI.
## DISBURSEMENTS

41.     SBEP incurred out-of-pocket expenses in the amount of $3,712.78 in connection

with the services rendered during the Compensation Period.  A summary of the expenses

incurred by SBEP during the Compensation Period is set forth in **Exhibit F.**

42.     These expenses are actual, necessary, out-of-pocket expenses which are not

properly included in overhead, and arise exclusively from and are traceable to the services

rendered by SBEP in connection with this chapter 11 case and were incurred for the benefit of

the Future Claimants' Representative and his constituents, and are therefore, reimbursable by the

estate.  No allowable disbursement is treated as a "profit center" involving a markup over actual

cost.

43.     In this case, SBEP has charged $0.10 per page for photocopies, rather than the

$0.20 per page that SBEP usually charges its clients.  These charges are intended to cover

SBEP's direct operating costs for photocopying facilities, which costs are not incorporated into

SBEP's hourly billing rates.  Disbursements for computer research, local and long-distance

travel, delivery services, out-sourced printing, long-distance telephone charges, filing fees,

telephonic hearing costs, and other expenses are charged at actual cost to SBEP.

44.    Only clients who actually use photocopying, facsimile, and other services outlined above and in **Exhibit F** are separately charged for such services.  A determination of the actual expense per page for photocopying and facsimile is dependant on both the volume of copies or facsimiles and the total expense attributable to photocopying and facsimiles on an annual basis.

45.    SBEP made every effort to minimize its disbursements in this case.  The actual expenses incurred in providing professional services to the Future Claimants' Representative were necessary, reasonable and justified under the circumstances.

## VII.
## CONCLUSION

46.    The professional services summarized by this Application and rendered by SBEP were substantial and beneficial to the interests of the Future Claimants' Representative and his constituents.

47.    The amounts sought by SBEP consist only of the actual and reasonable billable time expended by him and the actual and necessary expenses incurred by SBEP during the Compensation Period.

48.    The reasonable value of the professional services rendered by SBEP during the Compensation Period is $63,314.50 and the reasonable and necessary out-of-pocket expenses incurred by SBEP are $3,712.78, for total allowable fees and expenses of $67,027.28.

49.    SBEP believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the Certification of Sander L. Esserman is attached hereto as **Exhibit H.**

14

50.    **WHEREFORE**, SBEP respectfully requests the entry of an order (a) awarding

SBEP allowance of compensation for professional services in the amount of $63,314.50 and

reimbursement of expenses in the amount of $3,712.78 for total compensation of $67,027.28

during the Compensation Period, (b) directing payment of the foregoing amounts to the extent

that such amounts have not already been paid by the Debtors, and the 20% of professional fees

that has been held back from each monthly invoice, and (c) granting SBEP such other and further

relief as may be appropriate.

Dated: July 15, 2010
      Dallas, Texas                    Respectfully submitted,

                                      **STUTZMAN, BROMBERG, ESSERMAN &**
                                      **PLIFKA, A PROFESSIONAL CORPORATION**

                                      /s/ *Sander L. Esserman*
                                        Sander L. Esserman (admitted *Pro Hac Vice*)
                                        Robert T. Brousseau (admitted *Pro Hac Vice*)
                                        Peter C. D'Apice
                                        Jo E. Hartwick (Admitted *Pro Hac Vice*)
                                        2323 Bryan Street, Suite 2200
                                        Dallas, Texas 75201
                                        Telephone:  (214) 969-4900
                                        Facsimile:  (214) 969-4999

                                      **Counsel for Dean M. Trafelet in his Capacity as the**
                                      **Future Claimants' Representative**

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                      :
In re                                                 :                    **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY,** *et al.,*             :                    **09-50026 (REG)**
            f/k/a **General Motors Corp.,** *et al.*  :
                                                      :
                        **Debtors.**                  :                    **(Jointly Administered)**
                                                      :
---------------------------------------------------------------x


**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING**
**PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]         Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

   ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

   ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

   ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

  (a) Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

  (b) Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

  (c) The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code.  Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)      Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)      Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)      Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)      At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]    The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)     If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)     Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)     On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; _provided_, _however_, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        _**August 7, 2009**_


                    _**s/ Robert E. Gerber**_
                    United States Bankruptcy Judge

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                               :
In re                                          :            Chapter 11 Case No.
                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.,*      :            **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
                                               :
                          **Debtors.**         :            **(Jointly Administered)**
                                               :
--------------------------------------------------------------x

<u>**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE**
**BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: *April 8, 2010*
      New York, New York

                                    **s/ Robert E. Gerber**
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                           )

In re                                )          Chapter 11
                                           )

MOTORS LIQUIDATION COMPANY, *et al.,*    )          Case No. 09-50026 (REG)
                                         )

      f/k/a General Motors Corp., *et al.*      )
                                         )

                          Debtors.     )          (Jointly Administered)
------------------------------------------------------------X

ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
TO RETAIN AND EMPLOY STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION AS HIS COUNSEL AS OF FEBRUARY 24, 2010

Upon the Application, dated March 16, 2010 (the "**Application**"),[1] of Dean M. Trafelet

as legal representative for future asbestos personal injury claimants (the "**Future Claimants'**

**Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States

Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Stutzman,

Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**"), as attorney for the Future

Claimants' Representative, effective as February 24, 2010; and upon the Declaration of Sander

L. Esserman, a shareholder of SBEP, attached to the Application as Exhibit A (the "**Esserman**

**Declaration**"); and the Court being satisfied, based upon the representations made in the

Application and the Esserman Declaration, that SBEP is "disinterested" as such term is defined

in Section 101(14) of the Bankruptcy Code and that SBEP represents no interest adverse to the

Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule

2014(a), the Future Claimants' Representative is authorized to employ and retain SBEP as his

counsel in this chapter 11 case in accordance with SBEP's normal hourly rates and disbursement

policies, all as contemplated by the Application, effective as of February 24, 2010; and SBEP's

withdrawal as counsel to the Ad Hoc Committee of Asbestos Claimants is approved; and it is

further

ORDERED that SBEP shall be compensated in accordance with the standards and

procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and

the Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals, entered by this

Court on August 7, 2009, or such other orders as may be entered by the Court with respect to

compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed

good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:  New York, New York
        *April 15, 2010*

                                        *s/ Robert E. Gerber*
                                        ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "D"

**EXHIBIT D**

**SUMMARY OF HOURS BILLED BY**
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A PROFESSIONAL CORPORATION**
**FOR THE PERIOD FROM**
**FEBRUARY 24, 2010 THROUGH MAY 31, 2010**

| Professional | Position of Professional Person and Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder<br>Member TX bar since 1972. | $550 | 6.70 | $3,685.00 |
| Ducayet, Andrea L. | Shareholder<br>Member TX bar since 2001,<br>FL bar since 2001. | $385 | 0.80 | $308.00 |
| Esserman, Sander L. | Shareholder<br>Member TX bar since 1976. | $725 | 37.70 | $27,332.50 |
| Hartwick, Jo E. | Shareholder<br>Member TX bar since 1990. | $395 | 39.20 | $15,484.00 |
| Newton, Jacob L. | Shareholder<br>Member AR bar since 2001,<br>TX bar since 2004. | $425 | 2.50 | $1,062.50 |
| Panko, Heather J. | Associate<br>Member TX bar since 2006. | $300 | 49.20 | $14,760.00 |
| Jeffery, Cindy L. | Paralegal | $175 | 3.90 | $682.50 |
| **Totals** | | | **140.00** | **$63,314.50** |
| Blended hourly rate (all professionals): | | | | $452.25 |
| Blended hourly rate (attorneys only): | | | | $460.19 |

# EXHIBIT "E"

**EXHIBIT E**

## COMPENSATION BY PROJECT CATEGORY

|    | Project Category | Total Hours | Total Fees |
|----|------------------|-------------|------------|
| 1  | Asbestos Issues | 24.30 | $14,327.00 |
| 2  | Asbestos Claims Valuation | — | — |
| 3  | Asset Analysis and Recovery | — | — |
| 4  | Asset Disposition | — | — |
| 5  | Business Operations | — | — |
| 6  | Case Administration | — | — |
| 7  | Claims Administration and Objections | — | — |
| 8  | Employee Benefits/Pensions | — | — |
| 9  | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications | 98.40 | $41,275.00 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | 4.20 | $2,550.00 |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | — | — |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | 13.10 | $5,162.50 |
| 18 | Relief from Stay Proceedings | — | — |
|    | **TOTAL** | **140.00** | **$63,314.50** |

# EXHIBIT "F"

**EXHIBIT F**

**EXPENSE SUMMARY
FOR THE PERIOD FROM
FEBRUARY 24, 2010 THROUGH MAY 31, 2010**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---:|
| **Photocopying** | |
| a. Internal Photocopying | $33.20 |
| b. External Photocopying | $3,394.55 |
| **Telecommunications** | |
| a. Toll Charges | $9.70 |
| b. Facsimile | — |
| **Courier and Freight** | $199.58 |
| **Printing** | — |
| **Court Reporter and Transcripts** | — |
| **Messenger Service** | — |
| **Computerized Research** | $75.75 |
| **Out of Town Travel Expenses** | |
| a. Airfare | — |
| b. Hotel | — |
| c. Meals | — |
| d. Cabs/Parking | — |
| e. Mileage | — |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | — |
| **Court Call / Telephonic Hearing Costs** | — |
| **Filing Fees** | — |
| **Total** | **$3,712.78** |

# EXHIBIT "G"

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 118368
May 13, 2010

DEAN N. TRAFELET, FCR
50 WEST SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002
Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                         SLE
For services performed through 04/30/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 02/24/10 | Review various pleadings and prepare application to employ SBEP and Mr. Esserman's declaration in support of same. | HJP | 4.20 |
| 02/24/10 | Review prior filings regarding legal representatives of future claims (.5); conduct and review research regarding same (.9); assist in preparation of application to retain Stutzman, Bromberg, Esserman & Plifka, P.C. as counsel for future claims representative (.8); conference regarding background information in case (.3). | JEH | 2.50 |
| 02/24/10 | Work on retention issues. | RTB | 3.00 |
| 02/25/10 | Review and provide comment on Application of Mr. Trafalet to Employ SBEP as Counsel to the FCR. | ALD | 0.80 |
| 02/25/10 | Review of and extensive revisions to application to employ SBEP and Mr. Esserman's declaration and draft proposed order regarding same. | HJP | 3.50 |
| 02/25/10 | Conference with Mr. Brousseau regarding retention papers and revise same accordingly. | HJP | 0.60 |
| 02/25/10 | Confer with Mr. Brousseau regarding draft motion to approve appointment of futures representative. | HJP | 0.10 |
| 02/25/10 | Work on employment application; related research (.5); review and revise draft Motion to appoint future representative, related correspondence (1.0). | JLN | 1.50 |
| 02/25/10 | Work on retention papers. | RTB | 2.50 |
| 02/26/10 | Review and analyze revised motion to appoint futures representative and indemnification provisions contained therein (1.7); conferences and correspondence regarding same (.3). | HJP | 2.00 |
| 02/26/10 | Review and revise motion to appoint a futures representative. | HJP | 0.90 |
| 02/26/10 | Work on FCR motion and indemnification of FCR. | JLN | 1.00 |
| 03/04/10 | Confer with Mr. Brousseau, Mr. Esserman and Ms. Hartwick regarding application to employ SBEP. | HJP | 0.10 |
| 03/04/10 | Review revised motion to approve appointment of future representative, confer with Mr. Brousseau and Mr. Esserman regarding same. | HJP | 0.50 |
| 03/04/10 | Review GM motion to appoint an FCR (.6); correspondence regarding case (.2); conference with Mr. Trafelet (.2). | SLE | 1.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice
Invoice 118368

Page 2

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 03/05/10 | Correspondence regarding case with Mr. Trafelet (.3); review of papers regarding appointment of FCR (.4); review of Committee appointed (.1); correspondence regarding same (.2). | SLE | 1.00 |
| 03/09/10 | Review motion to appoint FCR that was filed today and research matters relating to application to employ SBEP and review and revise same accordingly. | HJP | 3.00 |
| 03/09/10 | Review Debtors' Motion to Appoint Legal Representative for Future Asbestos Personal Injury Claimants (.3); review and revise Application of Legal Representative for Future Asbestos Personal Injury Claimants to Employ Stutzman, Bromberg, Esserman & Plifka as Counsel and order granting same (.6). | JEH | 0.90 |
| 03/09/10 | Attend to case, application for FCR and application to retain SBEP regarding case (1.1); correspondence with Mr. Karotkin and Mr. Trafelet regarding case (.2). | SLE | 1.30 |
| 03/10/10 | Review and revise notice of hearing on application to employ SBEP. | HJP | 0.10 |
| 03/11/10 | Correspondence with Mr. Trafelet regarding case. | SLE | 0.40 |
| 03/11/10 | Attend to open issues and to application to employ SBEP. | SLE | 0.30 |
| 03/12/10 | Review and revise application to employ SBEP (.9); correspondence with FCR (.3). | SLE | 1.20 |
| 03/16/10 | Review and revise Application of Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Employ Stutzman, Bromberg, Esserman & Plifka, P.C., Notice of Application, Order granting application and supporting declaration of Mr. Esserman (.9); review case management order regarding procedures to set hearings (.4); telephone conference with Courtroom Deputy regarding hearing on April 8 (.2); prepare application of Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Employ ARPC (3.3). | JEH | 4.80 |
| 03/16/10 | Revise applications to emply SBEP. | RTB | 0.50 |
| 03/16/10 | Review application of Mr. Trafelet to employ SBEP (.5); correspondence with Mr. Trafelet regarding same (.2); correspondence with Mr. Trafelet regarding status of case (.3). | SLE | 1.00 |
| 03/17/10 | Confer with Ms. Hartwick regarding hearing and objection deadline on application to employ SBEP. | HJP | 0.10 |
| 03/17/10 | Work on application to employ Analysis, Research & Planning Corporation. | JEH | 3.50 |
| 03/17/10 | Confer regarding retention and appointment. | RTB | 0.70 |
| 03/17/10 | Review application of ARPC for FCR (.7); correspondence regarding same (.3). | SLE | 1.00 |
| 03/18/10 | Work on Future Claimants' Representative's Application to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant and Declaration of B. Thomas Florence in support of same. | JEH | 2.90 |
| 03/18/10 | Review revised application to employ ARPC and conference regarding same. | SLE | 1.00 |
| 03/19/10 | Review Second Amended Order Establishing Notice and Case | JEH | 0.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 3
Invoice 118368

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Management Procedures (.3); prepare Certificate of Service of Application of Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel (.5). | | |
| 03/21/10 | Correspondence with Mr. Trafelet regarding case (.3); review and revise ARPC application (.7). | SLE | 1.00 |
| 03/22/10 | Correspondence circulating application for Future Claimants' Representative to Employ ARPC and supporting declaration of Mr. Florence in support of same. | JEH | 0.30 |
| 03/23/10 | Revise Future Claimants' Representative's Application to Employ ARPC and supporting declaration of B. Thomas Florence to incorporate revisions from Messrs. Trafelet and Florence. | JEH | 0.90 |
| 03/23/10 | Conference with Mr. Florence (.2); conference with Mr. Trafelet regarding case (.2); correspondence regarding case (.2); correspondence regarding application of ARPC and changes to same (.2). | SLE | 0.80 |
| 03/24/10 | Revise proposed order approving Future Claimants' Representative's Application to Employ counsel to incorporate revisions requested by United States Trustee. | JEH | 0.40 |
| 03/24/10 | Call with U.S. Trustee (.3); attend to revisions to order per discussion (.4). | SLE | 0.70 |
| 03/24/10 | Revise application of ARPC for FCR and clean-up regarding same. | SLE | 0.40 |
| 03/25/10 | Review application regarding ARPC; conference with fee examiner. | SLE | 0.40 |
| 03/26/10 | Review hearing issues (.2); revise order (.3); correspondence with US Trustee and FCR regarding case and hearing (.5). | SLE | 1.00 |
| 03/29/10 | Prepare letter to court transmitting amended proposed order and arrange for delivery of same. | HJP | 0.70 |
| 03/29/10 | Correspondence from Mr. Velez-Rivera agreeing to revised order for Future Claimants' Representative to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, P.C. | JEH | 0.30 |
| 03/29/10 | Conference with FCR regarding case; attend to hearing and order on employment; correspondence regarding same. | SLE | 0.50 |
| 03/30/10 | Correspondence regarding case and open issues with GM and FCR. | SLE | 0.20 |
| 03/30/10 | Call with fee examiner regarding case and open issues. | SLE | 0.60 |
| 03/30/10 | Conference with FCR regarding case status. | SLE | 0.30 |
| 03/31/10 | Conference with FCR regarding case; review of motion regarding insurance; correspondence with FCR regarding case and hearing. | SLE | 0.50 |
| 04/01/10 | Finalize Future Claimants' Representative's Application to Employ ARPC (.8); prepare notice of same and order granting same (1.0). | JEH | 1.80 |
| 04/01/10 | Conference with FCR regarding case (.2); prepare for hearing (.3); review papers regarding Asbestos Committee from Trustee (.3); attend to retention of ARPC (.2). | SLE | 1.00 |
| 04/02/10 | Assist with revisions to application to employ ARPC. | HJP | 1.70 |
| 04/02/10 | Telephone conference with Dr. Florence regarding application of | JEH | 5.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 4
Invoice 118368

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
|  | Future Claimants' Representative to Retain and Employ ARPC as Asbestos Claims Valuation Consultant (.4); finalize application regarding same (1.6); telephone conference with Judge Gerber's courtroom deputy regarding submitting application by presentment (.1); prepare Notice of Presentment of application to employ ARPC and order granting same (1.5); finalize declaration of Dr. Florence in support of same (.8); electronically file and serve Notice of Presentment, Application of Employ ARPC, supporting Declaration of Dr. Florence and proposed order granting applications (.4); review and organize materials for hearing on Debtors' motion for appointment of Dean M. Trafelet as Future Claimants' Representative and Application of Dean M. Trafelet as Future Claimants' Representative to Employ Counsel (.90). |  |  |
| 04/02/10 | Prepare for hearings on FCR and retention; review of papers regarding same. | SLE | 0.50 |
| 04/02/10 | Correspondence with FCR and GM regarding meeting and open issues. | SLE | 0.40 |
| 04/02/10 | Review application of ARPC and revisions to same (.4); conference regarding filing and hearing (.2). | SLE | 0.60 |
| 04/06/10 | Review order approving employment of Legal Analysis Systems, Inc. by Asbestos Committee (.1); review local rules regarding certification of no objection (.4); review agenda for hearing on April 8 (.2); correspondence regarding inadvertent omission of proposed Future Claimants' Representative's application to employ counsel from docket and correction regarding same (.2). | JEH | 0.90 |
| 04/06/10 | Review of agenda and correspondence regarding same (0.40); correspondence regarding meeting with GM (0.20); correspondence with FCR regarding case (0.20). | SLE | 0.80 |
| 04/07/10 | Prepare Certificate of Service of Application of Proposed Legal Representative of Future Asbestos Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant and electronically file same (.5);  review docket regarding recent filings in case (.1); review local rules regarding submission of order granting application if no objections are timely filed (.3). | JEH | 0.90 |
| 04/07/10 | Review FCR application and of amended agenda (.4); correspondence with FCR regarding meeting (.2). | SLE | 0.60 |
| 04/08/10 | Confer with Ms. Hartwick regarding matters related to proposed order for employment of SBEP and appointment of Dean Trafelet. | HJP | 0.10 |
| 04/08/10 | Telephone conference with Ms. Blum, Judge Gerber's Courtroom Deputy, regarding order approving retention of Stutzman, Bromberg, Esserman & Plifka, P.C.; email order in Word format to Ms. Blum. | JEH | 0.50 |
| 04/08/10 | Attend court hearing for FCR. | SLE | 2.70 |
| 04/08/10 | Meet with FCR; meet with GM attorneys regarding case. | SLE | 2.80 |
| 04/09/10 | Telephone conference with Mr. Phillips regarding procedures regarding orders on motions submitted on presentment. | JEH | 0.50 |
| 04/09/10 | Correspondence with FCR regarding case; correspondence to experts. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                          Page 5
Invoice 118368

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 04/10/10 | Review ARPC information requests; correspondence with experts regarding case; correspondence with FCR regarding analysis. | SLE | 0.50 |
| 04/15/10 | Review order granting SBEP's employment and call Ms. Blum regarding procedures for presentment of proposed order regarding employment of ARPC. | HJP | 0.10 |
| 04/15/10 | Correspondence with counsel for Committee; review of docket and open issues. | SLE | 0.40 |
| 04/19/10 | Correspondence with FCR regarding case status. | SLE | 0.20 |
| 04/21/10 | Review Order Granting application to retain and employ ARPC; correspondence regarding same. | JEH | 0.30 |
| 04/21/10 | Review of dockets regarding FCR issues; correspondence with Committee regarding case status. | SLE | 0.50 |
| 04/22/10 | Review compensation procedures order, order appointing fee examiner and fee examiner's first and second status reports. | HJP | 1.90 |
| 04/22/10 | Correspondence forwarding Order Granting Application of Dean M. Trafelet as Legal Representative of Future Asbestos Personal Injury Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant to Mr. Trafelet and Dr. Florence (.1); review of Fee Examiner's Report And Statement Of Limited Objection To The First Interim Fee Application Of Kramer Levin Naftalis & Frankel LLP regarding compliance with fee application guidelines and order regarding compensation of professionals (.8); conference regarding same (.2). | JEH | 1.10 |
| 04/22/10 | Correspondence with Mr. Trafelet regarding case; review of fee examiner objections. | SLE | 0.80 |
| 04/23/10 | Additional review of payment procedures and draft correspondence regarding same. | HJP | 0.60 |
| 04/23/10 | Attend to conference with Committee regarding open issues; correspondence with Mr. Trafelet regarding same. | SLE | 0.50 |
| 04/23/10 | Attend to correspondence regarding futures studies; conference with Ms. Hartwick regarding same. | SLE | 0.40 |
| 04/26/10 | Work on budgeting for SBEP. | HJP | 1.00 |
| 04/26/10 | Review documents and prepare list of reports regarding GM's asbestos liability (.4); correspondence regarding same (.1); brief review of pleadings filed in case (.2). | JEH | 0.70 |
| 04/26/10 | Attend to correspondence with experts and FCR regarding data; correspondence with GM regarding same. | SLE | 0.50 |
| 04/27/10 | Review and analyze WGM's response to objection to fee application and prepare correspondence with Mr. Esserman and Ms. Hartwick regarding same. | HJP | 0.90 |
| 04/27/10 | Work on budget materials. | HJP | 1.10 |
| 04/27/10 | Conference regarding preparation of budget for submission to Fee Examiner (.3); review agenda for hearing on April 29 (.2). | JEH | 0.50 |
| 04/27/10 | Attend to issues regarding documents for Mr. Florence; correspondence regarding same; correspondence with FCR regarding case. | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                  Page 6
Invoice 118368

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 04/28/10 | Continue reviewing past invoices and work on budget. | HJP | 1.50 |
| 04/28/10 | Review SBEP's monthly fees for compliance with local rules and U.S. Trustee guidelines. | HJP | 1.10 |
| 04/28/10 | Review agenda of matter set for hearing on April 29, 2010 (.0.4); review and analyze pleadings related to matters set for hearing (1.5). | HJP | 1.90 |
| 04/28/10 | Review amended hearing agenda and application of the official committee of unsecured creditors to employ Bates White (0.3); correspondence regarding same (0.1). | HJP | 0.40 |
| 04/28/10 | Confer with Ms. Hartwick regarding monthly fee statements and interim fee applications for the FCR and his professionals. | HJP | 0.50 |
| 04/28/10 | Review past time records in like representations and work on budget as counsel for the Future Claimants' Representative to submit to Fee Examiner (1.3); confer regarding initial fee applications (.5). | JEH | 1.80 |
| 04/28/10 | Conference and correspondence with FCR regarding case, open issues, and discovery. | SLE | 0.30 |
| 04/28/10 | Correspondence with GM and Mr. Karotkin regarding case and discovery. | SLE | 0.20 |
| 04/28/10 | Conference with Asbestos Committee regarding case. | SLE | 0.30 |
| 04/29/10 | Further review of SBEP's monthly fees for compliance with guidelines. | HJP | 0.40 |
| 04/29/10 | Brief review of ADR procedures order. | HJP | 0.20 |
| 04/29/10 | Review FCR's monthly billing for compliance with guidelines. | HJP | 0.70 |
| 04/29/10 | Conference with Asbestos Committee regarding discovery. | SLE | 0.40 |
| 04/29/10 | Attend to demand letter to GM regarding documents and repository; review and revise letter. | SLE | 0.30 |
| 04/30/10 | Correspondence with Mr. Trafelet regarding monthly bills. | HJP | 0.30 |
| 04/30/10 | Correspondence with Mr. Trafelet regarding case and open issues. | SLE | 0.20 |
| 04/30/10 | Correspondence with Committee regarding demands. | SLE | 0.20 |

Total Hours                                                                                     102.60

## Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Andrea L Ducayet | Shareholder | $385.00 | 0.80 | $308.00 |
| Heather Panko | Associate | $300.00 | 30.20 | $9,060.00 |
| Jacob L Newton | Shareholder | $425.00 | 2.50 | $1,062.50 |
| Jo E Hartwick | Shareholder | $395.00 | 32.00 | $12,640.00 |
| Robert T Brousseau | Shareholder | $550.00 | 6.70 | $3,685.00 |
| Sander L Esserman | Shareholder | $725.00 | 30.40 | $22,040.00 |

Total Fees                                                                          $48,795.50

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 7
Invoice 118368

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 2,176.91 |
| Outside printing charges | 1,217.64 |
| Long distance telephone charges | 8.89 |
| On-Line Research | 75.75 |
| Total Expenses | $3,479.19 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 8
Invoice 118368

## Summary of Charges on this Invoice:

| | |
|---|---|
| Hours | 102.60 |
| Fees | $48,795.50 |
| Expenses | $3,479.19 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$52,274.69** |

| | |
|---|---|
| Plus Previous Balance | $0.00 |
| Less Payments Received Since Last Invoice | $0.00 |
| Total Due Now | $52,274.69 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 9
Invoice 118368

# REMITTANCE COPY
## Please return this copy with your payment for proper credit!

TR006-0002
DEAN N. TRAFELET, FCR, GM/MOTORS LIQUIDATION CORP. BANKRUPTCY

<u>Summary of Charges:</u>

| | | | |
|---|---|---|---|
| Date of Current Invoice: | 05/13/2010 | Current Invoice | 118368 |
| Fees | | | $48,795.50 |
| Expenses | | | $3,479.19 |
| Adjustments | | | $0.00 |
| Total for this Invoice | | | $52,274.69 |
| Plus Previous Balance | | | $0.00 |
| Less Payments Received Since Last Invoice | | | $0.00 |
| Total Due Now | | | $52,274.69 |

*To insure proper credit, please include Invoice number and Client/Matter number on your check!*

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 118841
June 15, 2010

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                          SLE

For services performed through 05/31/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 05/03/10 | Review correspondence from Mr. Trafelet regarding billing matters and revise latest bill accordingly. | HJP | 0.80 |
| 05/03/10 | Additional review of SBEP's monthly fees. | HJP | 0.40 |
| 05/03/10 | Conference with Ms. Hartwick regarding fee examiner and budgeting (0.2); prepare draft budget for SBEP (1.4); review procedures regarding budgets and monthly fees (0.7); draft correspondence to Mr. Esserman regarding budgets (0.2). | HJP | 2.50 |
| 05/03/10 | Review and revise draft budget for May (.4); telephone conference with Ms. Andres regarding submitting budgets to Fee Examiner (.2); correspondence regarding same (.2). | JEH | 0.80 |
| 05/03/10 | Attend to fee application; correspondence with Mr. Trafelet regarding same. | SLE | 0.20 |
| 05/03/10 | Review budget and correspondence regarding same. | SLE | 0.20 |
| 05/04/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.30 |
| 05/04/10 | Review of third amended case management order regarding notice. | CLJ | 0.20 |
| 05/04/10 | Review of order regarding retention of Bates and White. | CLJ | 0.10 |
| 05/04/10 | Review and revise SBEP's May and June 2010 budget (0.2); correspondence with Mr. Trafelet regarding preparation of FCR's budget (0.1). | HJP | 0.30 |
| 05/04/10 | Correspondence with FCR regarding status and open issues. | SLE | 0.20 |
| 05/05/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/05/10 | Review of agenda of matters scheduled for hearing. | CLJ | 0.10 |
| 05/05/10 | Work on budget for SBEP and FCR. | HJP | 0.80 |
| 05/05/10 | Review Fee Examiner Order (.50); prepare correspondence to Dr. Florence and Mr. Brophy regarding monthly budgets (.40). | JEH | 0.90 |
| 05/05/10 | Correspondence with Committee and GM regarding case and document repository; correspondence with FCR regarding same. | SLE | 0.30 |
| 05/06/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/06/10 | Attend to issues regarding forecasts and conference with Committee | SLE | 0.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 2
Invoice 118841

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | regarding same; correspondence regarding same and follow up. | | |
| 05/07/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/10/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/10/10 | Review SBEP's April fee statement. | HJP | 0.40 |
| 05/10/10 | Work on budget and monthly billing issues for the FCR and his professionals. | HJP | 0.80 |
| 05/10/10 | Review and revise letter budgets from Stutzman, Bromberg, Esserman & Plifka, P. C. and Dean M. Trafelet as Future Claimants' Representative. | JEH | 0.50 |
| 05/10/10 | Correspondence with FCR regarding materials for claims; correspondence with Committee regarding same. | SLE | 0.30 |
| 05/11/10 | Call and correspondence with Mr. Brophy regarding ARPC's fees and budget estimates. | HJP | 0.90 |
| 05/11/10 | Confer regarding draft budgets and review and revise letter to fee examiner regarding same (0.4); correspondence with FCR regarding draft budget (0.1). | HJP | 0.50 |
| 05/11/10 | Telephone conference with Mr. Swett and Mr. Karotkin regarding making documents available for use by asbestos claimants in pursuing claims against third party defendants (.2); review letter budgets for submission to fee examiner and correspondence regarding same (.7). | JEH | 0.90 |
| 05/11/10 | Work on issues related to future study; correspondence with FCR; correspondence with expert regarding issues and report. | SLE | 0.50 |
| 05/12/10 | Correspondence with FCR regarding monthly fee statements and compensation procedures. | HJP | 0.20 |
| 05/12/10 | Multiple phone calls and email correspondence regarding budgeting. | HJP | 0.40 |
| 05/12/10 | Review revised SBEP fee statement. | HJP | 0.30 |
| 05/12/10 | Correspondence regarding budget letter and regarding forwarding same to Fee Examiner. | JEH | 0.50 |
| 05/13/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/13/10 | Review of order clarifying order on Fee Examiner; review of third motion to extend exclusivity period. | CLJ | 0.20 |
| 05/13/10 | Revise budget letter (0.3); email correspondence with ARPC regarding monthly invoices and comments to same (0.2); review and finalize SBEP's first monthly fee statement (0.2). | HJP | 0.70 |
| 05/13/10 | Review Order Clarifying Order Appointing Fee Examiner and Debtors' Third Motion to Extend Exclusivity (.3); review budget letter and correspondence regarding same(.3). | JEH | 0.60 |
| 05/13/10 | Attend to budget; correspondence with retained experts regarding same; correspondence with Mr. Brophy regarding same. | SLE | 0.30 |
| 05/17/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                      Page 3
Invoice 118841

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 05/17/10 | Review order on motion to clarify fee examiner's role (0.2); Review Debtors' Third Motion to Extend Exclusivity (0.4). | HJP | 0.60 |
| 05/17/10 | Prepare letter regarding monthly fee statements for the FCR and his professionals. | HJP | 0.60 |
| 05/17/10 | Draft statement of the FCR in support of Debtors' motion to extend exclusivity. | HJP | 2.60 |
| 05/17/10 | Review and revise Statement in Support of Debtors' Third Motion to Extend Exclusivity. | JEH | 0.70 |
| 05/17/10 | Review motion for extension of exclusivity (0.4); correspondence with FCR and GM regarding exclusivity and plan (0.3). | SLE | 0.70 |
| 05/18/10 | Review and revise FCR's statement in support of Debtors' motion to extend exclusivity. | HJP | 1.90 |
| 05/18/10 | Revise letter regarding monthly fee statements (0.3); review revised fee statement for ARPC (0.2); review SBEP's fee statement (0.2). | HJP | 0.70 |
| 05/18/10 | Confer regarding motion for extension of exclusivity and motion of FCR regarding support. | SLE | 0.50 |
| 05/18/10 | Review FCR fee application. | SLE | 0.30 |
| 05/19/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.20 |
| 05/19/10 | Review and revise FCR's statement in support of exclusivity motion. | HJP | 0.20 |
| 05/19/10 | Review FCR's statement in support of debtors exclusivity motion (0.5); correspondence with Committee and FCR regarding case (0.3). | SLE | 0.80 |
| 05/19/10 | Correspondence with GM regarding case and data access; correspondence with Committee regarding same. | SLE | 0.30 |
| 05/20/10 | Review, file and pursue service of FCR's statement in support of Debtors' Third Motion to Extend Exclusivity (1.0); review Case Management Order (0.2); prepare certificate of service regarding same (0.5). | HJP | 1.70 |
| 05/20/10 | Correspondence with FCR and ARPC regarding monthly fees; review statement of Asbestos Committee regarding Debtors' exclusivity motion; correspondence regarding hearing on exclusivity motion. | HJP | 0.50 |
| 05/20/10 | Electronically file and serve Statement of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants in Support of Third Motion of Debtors to extend exclusivity (.5); review Response of the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims to Debtors' third motion to extend exclusivity (.3). | JEH | 0.80 |
| 05/20/10 | Conference and correspondence regarding ARPC (0.3); correspondence regarding same with Debtor (0.2); work on issues on correspondence and calls regarding futures study (0.2). | SLE | 0.70 |
| 05/20/10 | Correspondence with FCR regarding case, open issues and hearing. | SLE | 0.30 |
| 05/21/10 | Review and analysis of court docket; review of response of the Official Committee of Unsecured Creditors holding Asbestos Claims to motion to extend exclusivity; correspondence regarding same. | CLJ | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                          Page 4
Invoice 118841

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 05/21/10 | Review of case management order; telephone calls with CourtCall regarding participation in May 27 hearing. | CLJ | 0.50 |
| 05/24/10 | Work on issues regarding futures report; correspondence with expert and FCR regarding futures studies. | SLE | 0.50 |
| 05/24/10 | Review of pleadings filed by committee and ACC regarding exclusivity; conference regarding same with Ms. Panko. | SLE | 0.30 |
| 05/25/10 | Review the response of the creditors committee and the supplemental response of the asbestos committee to the Debtors' Third Motion to Extend Exclusivity and draft correspondence regarding same. | HJP | 0.40 |
| 05/25/10 | Review Order regarding interim fee applications and compare fee reductions to fee examiner's objections. | HJP | 0.70 |
| 05/25/10 | Review hearing agenda for May 27, 2010 hearing. | HJP | 0.10 |
| 05/27/10 | Review of agenda of matters scheduled for hearing June 1; telephone conference with CourtCall regarding telephonic participation; review of confirmation. | CLJ | 0.30 |
| 05/27/10 | Review and analysis of court docket; correspondence regarding same. | CLJ | 0.30 |
| 05/27/10 | Attend omnibus hearing (.80); prepare report to Mr. Trafelet regarding same and regarding granting Debtors' third motion to extend exclusivity (.30); review agenda for hearing on June 1 and motion to be heard on that date (.40). | JEH | 1.50 |
| 05/27/10 | Confer regarding hearing on exclusivity; correspondence regarding results with legal team and FCR. | SLE | 0.50 |
|  | Total Hours |  | 37.40 |

## Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Cindy L Jeffery | Paralegal | $175.00 | 3.90 | $682.50 |
| Heather Panko | Associate | $300.00 | 19.00 | $5,700.00 |
| Jo E Hartwick | Shareholder | $395.00 | 7.20 | $2,844.00 |
| Sander L Esserman | Shareholder | $725.00 | 7.30 | $5,292.50 |
| Total Fees | | | | $14,519.00 |

Itemized Expenses:

| | |
|---|---|
| Deliveries | 199.58 |
| Long distance telephone charges | 0.81 |
| Photocopies | 33.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice
Invoice 118841

Total Expenses                                                                   $233.59

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 6
Invoice 118841

### Summary of Charges on this Invoice:

| | |
|---|---:|
| Hours | 37.40 |
| Fees | $14,519.00 |
| Expenses | $233.59 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$14,752.59** |

| | |
|---|---:|
| Plus Previous Balance | $52,274.69 |
| Less Payments Received Since Last Invoice | $0.00 |
| Total Due Now | $67,027.28 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                    Page 7
Invoice 118841

# REMITTANCE COPY
## Please return this copy with your payment for proper credit!


TR006-0002
DEAN N. TRAFELET, FCR, GM/MOTORS LIQUIDATION CORP. BANKRUPTCY

Summary of Charges:

| | | | |
|---|---|---|---|
| Date of Current Invoice: | 06/15/2010 | Current Invoice | 118841 |
| Fees | | | $14,519.00 |
| Expenses | | | $233.59 |
| Adjustments | | | $0.00 |
| Total for this Invoice | | | $14,752.59 |
| Plus Previous Balance | | | $52,274.69 |
| Less Payments Received Since Last Invoice | | | $0.00 |
| Total Due Now | | | $67,027.28 |

*To insure proper credit, please include Invoice number and Client/Matter number on your check!*

# EXHIBIT "H"

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | ) | Case No. 09-50026 (REG) |
| | ) | |
| f/k/a General Motors Corp., *et al.* | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

-------------------------------------------------------------X

**CERTIFICATION OF SANDER L. ESSERMAN**
**IN SUPPORT OF FIRST INTERIM APPLICATION OF STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS**
**COUNSEL FOR DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS,**
**FOR THE PERIOD FROM FEBRUARY 24, 2010 THROUGH MAY 31, 2010**

I, Sander L. Esserman, certify as follows:

1.      I am an attorney in good standing, having been duly licensed to practice law by

the Supreme Court of Texas in 1976.  Since 1976, I have been continuously engaged in the

practice of law.  I am admitted to practice in the United States District Court for various

jurisdictions, including the Northern and other districts of Texas. I am over the age of 18 years,

and am competent and otherwise qualified to make this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the facts set forth herein.

2.      I am a shareholder and president of the law firm of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**" or the "**Firm**"), and I am authorized to make this Certification on behalf of the Firm.

3.      I submit this Certification in support of the *First Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for the Period from February 24, 2010 through May 31, 2010* (the "**Application**") and in accordance with the Local Guidelines.[1]

4.      I have read the Application.

5.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.      The Future Claimants' Representative has been provided with a copy of the Application, and has approved the fees and disbursements requested therein.

7.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

8.      Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients.

9.      To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought, the Firm does not make a profit on such disbursements, whether the service is performed in-house or by a third party.

10.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of SBEP's monthly fee statements.

11.      In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of July 2010, in Dallas, Texas.

/s/ *Sander L. Esserman*
Sander L. Esserman