Presentment Date and Time:  August 3, 2010 Noon (Prevailing Eastern Time)
Objection Date and Time:  August 3, 2010 at 11:30 a.m. (Prevailing Eastern Time)

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                             )
In re                                                        )          Chapter 11
                                                             )
MOTORS LIQUIDATION COMPANY, *et al.,*)
f/k/a GENERAL MOTORS CORP., *et al.,*    )
                                                             )          Case No. 09-50026 (REG)
                                                             )
                                        Debtors.             )          Jointly Administered
-------------------------------------------------------------X

**THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS'
APPLICATION FOR AN ORDER PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING
AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE
ORAL EXAMINATION OF INDIVIDUALS DESIGNATED BY THE DEBTORS
AND NEW GM BELIEVED TO HAVE KNOWLEDGE OF RELEVANT MATTERS**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY COURT

       Dean M. Trafelet (the "**Future Claimants' Representative**"), as legal

representative for holders of future asbestos personal injury claims against the

Debtors in the above-captioned jointly administered chapter 11 cases, hereby moves

the court for entry of an order, pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") directing **Debtors** and **New GM** to produce documents and produce for oral examination individuals designated by the **Debtors** and believed to have knowledge of the matters specified in Exhibit A to the **Future Claimants' Representative's** proposed order regarding this application ("**Application**").  In support of the **Application**, the **Future Claimants' Representative** respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    The **Debtors** currently contemplate a chapter 11 plan that will not provide for an injunction under 11 U.S.C. § 524(g), but will provide for a trust to be established for processing, liquidating, deeming allowed or not allowed, and paying present and future asbestos-related personal injury claims.  In furtherance of the Debtors' goal to include such a trust in their chapter 11 plan, the United States Trustee appointed an Official Committee of Unsecured Creditors holding asbestos-related claims (the "**ACC**") and, pursuant to the **Debtors**' motion, the Court appointed the **Future Claimants' Representative**.  Investigating, analyzing and estimating the likely amount of present and future asbestos-related personal injury claims is a necessary step in negotiating a plan that the **ACC** and the **Future Claimants' Representative** can support.  Accordingly, the **ACC** the **Future Claimants' Representativ**e, the Official Committee of Unsecured Creditors and the **Debtors** all have obtained the Court's approval to retain consultants to estimate and value present and future asbestos-related personal injury claims against the **Debtors**.

2.      Despite the **Debtors'** expressed desire to formulate a chapter 11 plan that addresses their potential liability for present and future asbestos-related personal injury claims, to date the **Debtors** have not provided the **ACC** and the **Future Claimants' Representative** with the data necessary for the requisite analyses.   The **Future Claimants' Representative** understands that some of the information needed to analyze the **Debtors'** potential liability for present and future asbestos-related personal injury claims is in the possession, custody and control of General Motors LLC f/k/a NGMCO, Inc. ("**New GM**").  In order for the **Future Claimants' Representative** and his experts to perform the tasks for which they were retained, it is necessary that the **Debtors** and **New GM** expeditiously specify the persons best able to identify, locate, produce and interpret the information needed. For that reason, the **Future Claimants' Representative** is filing this **Application** under Rule 2004 of the **Bankruptcy Rules** for the entry of an order directing the **Debtors** and **New GM** to produce documents and produce for oral examination individuals designated by the **Debtors** and **New GM** that are believed to have knowledge of relevant matters.

<u>FACTS</u>

3.      On June 1, 2009 (the "**Petition Date**"), General Motors Corp. and certain of its affiliates ("**GM**" or the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4.     On June 1, 2009, the Court entered an order directing the joint administration of the **Debtors'** Chapter 11 cases. The **Debtors'** cases are consolidated for procedural purposes only.

5.     On March 2, 2010, the United States Trustee appointed the **ACC**.

6.     On April 8, 2010, the Court entered its order appointing the **Future Claimants' Representative** (the "**FCR Appointment Order**").

## PREDICATES FOR RELIEF

7.     This Court has jurisdiction over this **Application** pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is properly before this Court under 28 U.S.C. §§ 1408 and 1409.  The legal predicate for the relief sought herein is **Bankruptcy Rule** 2004.

## RELIEF REQUESTED

8.     By this Application, the **Future Claimants' Representative** requests the entry of an order directing the **Debtors** to (a) produce certain documents, and (b) make available for oral examination certain individuals of the **Debtors'** choosing believed to have knowledge of the relevant matters. .

9.     **Bankruptcy Rule** 2004 provides, in relevant part:

(a)     Examination on Motion.   On motion of any party in interest, the court may order the examination of any entity.

(b)     Scope of Examination.   The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the doctor's right to a discharge. . . . [I]n a case under chapter 11 of

the Code, . . . the examination may also relate to . . . any other matter relevant to the case or to the formulation of a plan.

(c)     Compelling Attendance and Production of Documentary Evidence.  The attendance of any entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

10.     The **Future Claimants' Representative** is a "party in interest" entitled to take examinations and to request documents under Rule 2004.

"[A]ny 'party in interest' may appear and be hard in a chapter 11 case.  Section 1109(b) provides that [a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.  The term 'party in interest' is not limited by the small list of examples in Section 1109(b)".

*See 3 Norton Bankruptcy Law and Practice §54.02* at part 54 (1987) (internal citations omitted).

11.     The **FCR Appointment Order** expressly provides:

the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate . . . ;

12.     Courts have agreed that in cases in which future claims or demands are to be addressed:

[i]n order to satisfy notions of due process . . . the appointment of the Legal Representative and his involvement in numerous aspects of the case are essential.

*In re G-I Holdings, Inc.*, 292 B.R. 804, 814 (Bankr. D.N.J. 2003) (citing *In re Babcock & Wilcox*, 274 B.R. 230, 233-34 (Bankr. E.D. La. 2002)); *In re W.R. Grace & Co.*, Case No 01-1139 (D. Del. 2002) (Order dated March 12, 2002).

13.     The **Future Claimants' Representative's** constituents clearly will be affected by the instant bankruptcy case.  Any determination regarding payment of potential future asbestos-related liabilities for personal injury or wrongful death against the **Debtors** or payment of future asbestos-related claims by a trust is of primary importance to the **Future Claimants' Representative**.

14.     Estimation of the **Debtors'** current and future liability for asbestos-related claims is an essential step in formulating a plan of liquidation that provides for a trust to be established to process, liquidate, deemed payable or not payable under trust distribution procedures, and pay present and future asbestos-related personal injury claims.

15.     As one court noted:

> [A]n estimation of asbestos liability for the limited purposes of plan formulation is a fruitful endeavor because it promotes the speed and efficiency goals of the Bankruptcy Code, while not implicating the procedural rights of individual claimants.

*In re Federal-Mogul Global, Inc.*, 330 B.R. 133, 154-55 (D. Del. 2005).

16.     The bankruptcy court in *In re Eagle-Picher Indus., Inc.*, 189 B.R. 681, 690-91 (Bankr. S.D. Ohio 1995) provided guidance regarding the data upon which such an estimation should be based.  The *Eagle-Picher* court noted that the estimate should, among other things, be primarily based on the history of the debtor company, should estimate the total number of claims expected, should categorize

the claims by disease and other factors and should value claims based upon

settlement values for claims close to the filing date.

17.    Other courts have agreed that such a process should be employed. *See,*

*e.g., Federal-Mogul Global*, 330 B.R. at 155 (noting that the inquiry focused on the

debtor's "historical claims-handling practices, and expert testimony on trends and

developments in the asbestos tort system.") (citing *Owens Corning v. Credit Suisse*

*First Boston (In re Owens Corning)*, 322 B.R. 719 (D. Del. 2005)).

18.    Here, the **Future Claimants' Representative** is seeking an examination

of the **Debtors** and **New GM** and the production of documents directly related to

asbestos-related liabilities of the **Debtors'** estates, including, but not limited to, any

present and future asbestos liability assessments and forecasts and related

information.  Such an inquiry is necessary and essential for the **Future Claimants'**

**Representative** to fulfill his obligations and duties in protecting future asbestos

victims as ordered by the Court and is within the purview of a Rule 2004

examination.

19.    Pursuant to Bankruptcy Rule 2004, the **Future Claimants'**

**Representative** seeks authority to compel production of the requested documents as

identified on Exhibit A to the attached proposed order (the "**Document Request**

**Subpoena**") so as to be received by the **Future Claimants' Representative's** counsel

not later than fifteen (15) days from the date of entry of that order.

20.    Pursuant to Bankruptcy Rule 2004(c), the **Future Claimants'**

**Representative** requests authority to issue subpoenas to the **Debtors** and **New GM**

requiring the **Debtors** and **New GM** to designate individuals to testify on the

**Debtors'** behalf and **New GM's** behalf regarding the matters specified in Exhibit A

to the attached proposed order.  The examinations will be conducted on no less than

seven days' notice at a location to be determined by the **Future Claimants'**

**Representative** that is within 100 miles of the location of the **Debtors** or **New GM** or

the person to be examined.

21.    The **Future Claimants' Representative** requests that this Court retain

jurisdiction to resolve any objections to the proposed order, to the requested

examinations, and production of documents.

## NOTICE

22.    Notice of this **Application** has been given in accordance with pursuant

to Rules 2004, 9014 and 7004 of the Federal Rules of Bankruptcy Procedure.  The

**Future Claimants' Representative** respectfully submits that no other or further

notice need be given.

## RESERVATION OF RIGHTS

23.    The **Future Claimants' Representative** intends to and expressly

reserves the right to seek further discovery from the **Debtors** and **New GM**

necessary to fulfill his continuing obligations to his constituents as the case

proceeds to plan negotiations, trust formation and trust administration.  Such

subsequent discovery will include but not be limited to available insurance

coverage, discovery with respect of experts expected to testify and provide evidence,

the **Debtors'** historical use or distribution of asbestos-containing materials or

8

products, asbestos litigation files and all data necessary to establish a document repository that will enable the trust that is to be established pursuant to the **Debtors'** plan of reorganization to formulate appropriate procedures for evaluating, processing, allowing and disallowing claims submitted to it and for that trust to use in evaluating, processing, allowing and disallowing claims submitted to it.

## REQUEST FOR RELIEF

WHEREFORE, the **Future Claimants' Representative** respectfully requests entry of an order:

(a)     granting the relief requested in this **Application**;

(b)     directing the **Debtors** and **New GM** to produce the documents described in the **Document Request Subpoena** in Exhibit A to the attached proposed order;

(c)     authorizing the **Future Claimants' Representative** to issue a subpoena directing certain individuals of **Debtors'** and **New GM's** choosing believed to have knowledge of the relevant matters to submit to oral examination, pursuant to Rule 2004(c) of the **Bankruptcy Rules** and Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable by **Bankruptcy Rules** 7030 and 9014, concerning the subjects for oral examination set forth in Exhibit A to the attached proposed order;

(d)     granting the **Future Claimants' Representative** such other and further relief as the Court deems just and proper.

Date: July 20, 2010

Respectfully submitted,

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,**

A Professional Corporation

By:    Peter C. D'Apice
      Sander L. Esserman (Admitted *Pro Hac Vice*)
      Robert T. Brousseau (Admitted *Pro Hac Vice*)
      Peter C. D'Apice
      Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas  75201-2689
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999

**Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future
Asbestos Personal Injury Claimants**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    )
In re                                               )                    Chapter 11
                                                    )
MOTORS LIQUIDATION COMPANY, *et al.,*)
f/k/a GENERAL MOTORS CORP., *et al.,*               )
                                                    )          Case No. 09-50026 (REG)
                                                    )
                            Debtors.                )          Jointly Administered
------------------------------------------------------------X

## ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING AND DIRECTING (A) THE PRODUCTION OF DOCUMENTS AND (B) THE ORAL EXAMINATION OF AN INDIVIDUAL DESIGNATED BY THE DEBTORS AND NEW GM AND <u>BELIEVED TO HAVE KNOWLEDGE OF THE RELEVANT MATTERS</u>

Upon application of the legal representative for holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants' Representative**") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing (A) the production of documents by and (B) the oral examination of individuals designated by the **Debtors**[1] and **New GM** to testify on behalf of **Debtors** on the relevant matters, as specified below (the "**Application**"), and notice of the Application having been given to all parties required to receive such notice pursuant to the **Bankruptcy Rules**, and no other or further notice being required and sufficient cause appearing therefor, it is hereby

ORDERED that the **Future Claimants' Representative** is hereby authorized to issue a subpoena or other process to compel the production of documents

---

[1] Terms in bold not defined herein are ascribed the definition set forth in the **Application**.

("**Document Request Subpoena**") and **Debtors** and **New GM** are directed to produce in response to the **Document Request Subpoena** all responsive documents described in Exhibit A annexed hereto so as to be received not later than 15 days after entry of this Order, subject to any documents withheld under a claim of privilege, by delivery to Sander L. Esserman, Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201; and it is further

ORDERED that the **Debtors** and **New GM** are directed to provide a privilege log in accordance with Rule 7026(b)(5)(A) of the **Bankruptcy Rules**, for any document withheld for production on account of a privilege, by delivery to Sander L. Esserman, Stutzman, Bromberg, Esserman & Plifka, A Professional Corportion, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201, to be received not later than 25 days after entry of this Order; and it is further

ORDERED that the **Future Claimants' Representative** is authorized, but not required, to issue the following subpoena compelling oral examinations under oath: a subpoena (the "**Individual Subpoena**") compelling an individual or individuals designated and within control of the **Debtors** and **New GM** to testify on behalf of **Debtors** and **New GM** on the subjects for oral examination set forth in Exhibit A pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure made applicable herein by Rules 7030 and 9014 of the **Bankruptcy Rules**; and it is further

ORDERED that the examinations conducted pursuant to the **Individual Subpoena** shall be held upon seven days' notice to the person or entity to be

examined, at a location to be determined by the **Future Claimants' Representative**, unless otherwise agreed between the **Debtors** and **New GM** and the **Future Claimants' Representative**; and it is further

ORDERED that this order is without prejudice to the rights of the **Future Claimants' Representative** to apply for further discovery of the **Debtors** and **New GM**, or of any other person or entity; and it is further

ORDERED that this Court shall retain jurisdiction to resolve any issues with respect to this order, the requested examinations, and the production of documents.

Dated:  _____, 2010
          New York, New York


_____
ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## INSTRUCTIONS

1.      The documents covered by this request include all documents in your possession, custody or control, including but not limited to documents that may be in the possession of your predecessor, agents or managers, including without limitation Weil, Gotshal & Manges LLP; Evercore Group, LLC; AP Services, LLC; King & Spalding, LLP; Honigman, Miller, Schwartz and Cohn LLP; or Hamilton, Rabinovitz and Associates.

2.      Unless otherwise specified, each request herein seeks all documents generated, received or reviewed by you during the period of January 1, 1966 through and including the date of production.

3.      Each request for the production of documents shall be deemed continuing in nature.  If at any time additional documents come into your possession, custody or control or are brought to your attention, prompt supplementation of your response to these requests is required.

4.      Please produce documents in the same form and same order as they are kept in the ordinary course of business, or otherwise organize and label them to correspond with the categories of these requests.  A request for a document shall be deemed to include a request for any and all file folders, bindings, or other containers in which the document was maintained.  The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.  Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.  Documents attached to each other should not be separated.

5.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database(s) as you would access such electronic document(s) or database(s) in the ordinary course of your business.

6.      Documents shall be produced in such a fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

7.      If you object to any portion of a request, please provide all documents and things requested by any portion of the request to which you do not object and specifically identify the respect in which the request is objectionable.

8.      If, in responding to these requests, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

9.      Any document withheld from production based on privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document, including the author(s) of the document, the addressee(s) of the document, any recipient of the document, whether or not identified on the face of the document, and, where not apparent, the relationship of the author(s) and the addressee(s) to each other.  The nature of each claim of privilege shall be set forth.

10.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in the document, you must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

11.      Documents not otherwise responsive to this request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by these requests.

12.      The use of the singular form of any word includes the plural and vice versa.  The past tense shall include the present tense and vice versa.

## DEFINITIONS

1.      This Request  hereby incorporates  by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2.      "Asbestos Claim" means any claim or demand against GM  now existing or hereafter arising , whether or not such claim, remedy, liability or demand is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, whether or not the facts of or legal bases therefore are known or unknown, under any theory of law, equity, admiralty, or otherwise, for death, bodily injury, sickness,

2

disease, medical monitoring or other personal injuries (whether physical, emotional or otherwise) to the extent caused or allegedly caused, directly or indirectly, by the presence of or exposure to asbestos or asbestos-containing products or things that were installed, engineered, designed, manufactured, fabricated, constructed, sold, supplied, produced, specified, selected, distributed, released, marketed, serviced, maintained, repaired, purchased, owned, occupied, used, removed, replaced or disposed of by GM, including, without limitation, (i) any claim, remedy, liability or demand for compensatory damages (such as loss of consortium, wrongful death, medical monitoring, survivorship, proximate, consequential, general and special damages) and punitive damages; and (ii) any claim under any settlement pertaining to an Asbestos Claim.

3.      "<u>Asbestos Claim Experience</u>" has the same meaning as ascribed to it in the General Motors Corporation 2007 Annual Report, Note 17, page 109.

4.      "<u>Bondholder Representatives</u>" means, collectively and individually, persons or entities who, on behalf of any holders of publicly issued debt of Old GM, participated in discussions or negotiations with any of the Sponsors concerning any potential private restructuring of the Debtors or any potential bankruptcy plan of liquidation for the Debtors.

5.      "<u>Debtors</u>" means the debtors in these jointly administered bankruptcy cases (under any name by which they have ever been identified, known or done business): General Motors Corporation, Chevrolet-Saturn of Harlem, Inc. (n/k/a MLC of Harlem, Inc.), Saturn, LLC (n/k/a MLCS, LLC), Saturn Distribution Corporation (n/k/a MLCS Distribution Corporation), Remediation and Liability Management Company, and Environmental Corporate Remediation Company.

6.      "<u>New GM</u>" means General Motors LLC f/k/a NGMCO, Inc. and all of its affiliates and subsidiaries (domestic or foreign) and including the officers, directors, employees, agents, consultants , attorneys, and any other representative of New GM and its affiliates and subsidiaries, specifically including King & Spalding, LLP and Honigman, Miller, Schwartz and Cohn LLP

7.      "<u>Old GM</u>" means Motors Liquidation Company f/k/a General Motors Corporation (under any name by which GM has ever been identified, known or done business), and all of its affiliates, subsidiaries (domestic or foreign), and predecessors, including all of the Debtors, and including the officers, directors, employees, agents, consultants, attorneys, and any other representatives of Old GM and its affiliates, subsidiaries, and predecessors, specifically including Weil, Gotshal & Manges LLP, Evercore Group, LLC, AP Services, LLC and Hamilton, Rabinovitz and Associates.

8.      "Purchaser" means Vehicle Acquisition Holdings LLC.

9.      "Relating to" or "related to" when used with respect to any given subject, shall mean constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, concerns, deals with, or is in any manner whatsoever reasonably pertinent to that subject.

10.     "Sponsors" means the United States Treasury, the Government of Canada and the Government of Ontario (Excluding Export Development Canada) collectively and individually.

11.     "Unions" means collectively and individually, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and any other union representing current employees of GM or retired employees of GM.

12.     "You" or "your" shall include without limitation Old GM and New GM as well as each's officers, directors, employees, agents, consultants, attorneys, former attorneys, and any other representatives, specifically including Weil, Gotshal & Manges LLP; the Evercore Group, LLP; AP Services, LLC; Hamilton, Rabinovitz & Associates; King & Spalding, LLP and Honigman, Miller, Schwartz and Cohn LLP.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all documents relating to estimations, analyses or forecasts of liability of Old GM for Asbestos Claims.

**REQUEST NO. 2:**

Produce all documents relating to estimations, analyses or forecasts of liability of any foreign subsidiary of Old GM for Asbestos Claims, broken down by the respective foreign subsidiary.

**REQUEST NO. 3**:

Produce all documents relating to estimations, analyses or forecasts of liability of any domestic subsidiary of Old GM for Asbestos Claims, broken down by the respective domestic subsidiary.

**REQUEST NO. 4**:

Produce all documents that summarize or analyze Asbestos Claims against Old GM that have been dismissed in exchange for payment or consideration of any nature.

**REQUEST NO. 5**:

Produce all documents **that** summarize or analyze Asbestos Claims against a foreign subsidiary of Old GM that have been dismissed in exchange for payment or consideration of any nature, broken down by the respective foreign subsidiary.

**REQUEST NO. 6**:

Produce all documents **that** summarize or analyze Asbestos Claims against a domestic subsidiary of Old GM that have been dismissed in exchange for payment or consideration of any nature, broken down by the respective domestic subsidiary.

**REQUEST NO. 7**:

Produce all documents that analyze or summarize Asbestos Claims asserted against Old GM by residents of countries other that the United States of American and/or in jurisdictions outside of the United States of America.

**REQUEST NO. 8**:

Produce all documents that analyze or summarize Asbestos Claims asserted against any foreign subsidiary of Old GM by residents of countries other that the United States of American and/or in jurisdictions outside of the United States of America, broken down by the respective foreign subsidiary.

**REQUEST NO. 9**:

Produce all documents that analyze or summarize Asbestos Claims asserted against any domestic subsidiary of Old GM by residents of countries other that the United States of American and/or in jurisdictions outside of the United States of America, broken down by the respective domestic subsidiary.

**REQUEST NO. 10**:

Produce all documents reflecting, relating or referring to the organizational structure of Old GM, including all subsidiaries of Old GM (domestic and foreign) and all of the divisions and ownership positions of Old GM, including all subsidiaries of Old GM (domestic and foreign).

**REQUEST NO. 11**:

Produce all documents reflecting, relating or referring to the capital structure of Old GM, including all subsidiaries of Old GM (domestic and foreign), including all bank liens and other security interests.

**REQUEST NO. 12**:

Produce all financial statements of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 13**:

Produce all financial statements of domestic subsidiaries of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 14**:

Produce all financial statements of foreign subsidiaries of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 15**:

Produce all annual reports of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 16**:

Produce all annual reports of domestic subsidiaries of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 17**:

Produce all annual reports of foreign subsidiaries of Old GM prepared for the years 2005 through 2009.

**REQUEST NO. 18**:

Produce all documents reflecting the Social Security Numbers or the last four digits of the Social Security Numbers of any claimant that has asserted, in any manner, Asbestos Claims against you prior to or after you filed for bankruptcy protection.

**REQUEST NO. 19:**

Produce all documents relating or referring to non-litigation "case matter types" relating to asbestos-related claims asserted against you, including, but not limited to, "administrative matters," "dealer indemnification matters," "retainers," "third-party subpoenas" and "special projects."

**REQUEST NO. 20:**

With respect to Old GM's engagement of Hamilton, Rabinovitz & Associates, or Dr. Francine Rabinovitz (collectively "Hamilton Rabinovitz"), produce all documents:

      a.      setting forth the terms of Hamilton Rabinovitz's engagement by or on behalf of Old GM;

      b.      related to any prepetition forecast, projection, valuation, report or analysis made by Hamilton Rabinovitz with respect to the past, present or future liability of GM for Asbestos Claims;

      c.      related to data, assumptions or other information provided prepetition to Hamilton Rabinovitz for use of reference in its GM engagement.

**REQUEST NO. 21:**

With respect to Old GM's engagement of any consultant other than Hamilton Rabinovitz for the forecasting, projection, valuation or analysis of Asbestos Claims or Old GM's liability for Asbestos Claims, produce all documents:

      a.      setting forth the terms of the expert's engagement by or on behalf of Old GM;

b.     related to any prepetition forecast, projection, valuation, report or analysis made by the expert with respect to the past, present or future liability of Old GM for Asbestos Claims;

c.     related to data, assumptions or other information provided to the expert prepetition for use of reference in its Old GM engagement.

**REQUEST NO. 22:**

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or otherwise, related to any third-party forecast of the projected incidence of malignant asbestos related disease likely to occur in the general population of individuals occupationally exposed to asbestos.

**REQUEST NO. 23:**

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to data concerning Asbestos Claims filed against Old GM and resolved, amounts paid, and the nature of the asbestos related disease or condition asserted during Old GM's Asbestos Claims Experience.

**REQUEST NO. 24:**

Produce all documents that you generated, sent or received prepetion as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to the estimated rate of Asbestos Claims likely to be asserted against Old GM in the future based on its Asbestos Claims Experience.

**REQUEST NO. 25**:

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to the projected incidence of asbestos related disease in the general population of individuals occupationally exposed to asbestos.

**REQUEST NO. 26**:

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to the estimated rate of dismissal of Asbestos Claims against Old GM by disease type based on Old GM's Asbestos Claims Experience.

**REQUEST NO. 27**:

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to the estimated indemnity value of any projected Asbestos Claims against Old GM based on its Asbestos Claims Experience.

**REQUEST NO. 28**:

Produce all documents that you generated, sent or received prepetition as a result of your retention of Hamilton Rabinovitz, or any other consultant, related to an increase in Old GM's reserve for pending and future liability for Asbestos Claims

**REQUEST NO. 29**:

Produce all documents discussing or setting forth communications between or among the Debtors, the Sponsors, the Purchaser, the Union, or the Bondholder Representatives from October 1, 2008 to present with respect to the treatment of Asbestos Claims under any private restructuring of the Debtors or under any bankruptcy plan of reorganization for the Debtors.

**REQUEST NO. 30**:

Produce all documents sufficient to identify payments made by you on account of Asbestos Claims, broken down by disease.

**REQUEST NO. 31**:

Produce all documents sufficient to identify payments made by any foreign subsidiary of Old GM on account of Asbestos Claims, broken down by disease and the respective foreign subsidiary.

**REQUEST NO. 32**:

Produce all documents sufficient to identify payments made by any domestic subsidiary of Old GM on account of Asbestos Claims, broken down by disease and the respective domestic subsidiary.

**REQUEST NO. 33**:

Produce all documents sufficient to identify the number of suits filed against you based on or related to Asbestos Claims, broken down by disease.

**REQUEST NO. 34**:

Produce all documents sufficient to identify the number of suits filed against any foreign subsidiary of Old GM based on or related to Asbestos Claims, broken down by disease and the respective foreign subsidiary.

**REQUEST NO. 35**:

Produce all documents sufficient to identify the number of suits filed against any domestic subsidiary of Old GM based on or related to Asbestos Claims, broken down by disease and the respective domestic subsidiary.

**REQUEST NO. 36**:

Produce all documents reflecting or relating to Asbestos Claims asserted against, in any manner, GM's domestic subsidiaries, specifically including but not limited to, Remediation and Liability Management Company and Environmental Corporate Remediation Company, broken down by the respective subsidiary.

**REQUEST NO. 37**:

Produce all documents reflecting or relating to Old GM's and New GM's current or former document retention and/or destruction policies.

**REQUEST NO. 38**:

Produce all documents reflecting or relating the current or former document retention and/or destruction policies of Old GM's domestic subsidiaries.

**REQUEST NO. 39**:

Produce all documents reflecting or relating to the current or former document retention and/or destruction policies of Old GM's foreign subsidiaries.

<u>SUBJECTS FOR ORAL EXAMINATION</u>

Debtors shall designate one or more individuals to testify regarding the following subjects:

1.     The construction, maintenance, use, and interpretation of **Old GM's** claims database which contains Asbestos Claims-related information of Debtors (the "Database").

2.     Instructions, processes, and procedures for the Debtors' input or entry of data into the Database.

3.     Any name or designation by which your employees or representatives routinely refer to the Database.

4.     The period of time to which the information in the Database, taken as a whole, relates.

5.     Identification of each **Old GM** foreign and domestic subsidiary that is or was a defendant in any case asserting Asbestos Claims that are reflected in the data that is contained in the Database.

6.     Identification and description of all data fields or categories of information that the Database was designed to include, *e.g.*, claimant's name, date of birth and social security number; date of first asbestos exposure; period of asbestos exposure; place(s) of asbestos exposure(s); product(s) alleged to be the source(s) of asbestos exposure; whether particular Asbestos Claims are open or closed; date of settlement, if applicable; date of judgment, if applicable, and plaintiff's or defendant's verdict; amount and date of payment.

13

7.     Whether New GM has provided the Database in whole or in part to the Debtors.

8.     The identity(ies) of the person or persons who created or provided the Database or information that is in the Database to the Debtors.

9.     The identity(ies) of the person or persons who received that information on behalf of the Debtors or who subsequently managed that information.

10.    Identification of any data field or category of information in the Database that New GM withheld from the Debtors, if any.

11.    Document retention policy of the Debtors both prior to the Debtors' bankruptcy filing and after the Debtors' bankruptcy filing.

12.    Information relating to the assembly, maintenance and storage of Asbestos Claims related documentation of the Debtors, and the various locations of all such documentation.

13.    Information relating to all estimates or studies regarding Old GM's and its subsidiaries' (domestic or foreign) asbestos related liabilities.

14.    Information relating to Asbestos Claims against Old GM and its subsidiaries (domestic and foreign) that have been dismissed in exchange for payment or consideration of any nature.

15.    Information relating to any Asbestos Claims asserted, in any manner, against Old GM or its subsidiaries (domestic or foreign).

16.     Information relating to any Asbestos Claims asserted, in any manner, against foreign subsidiaries of Old GM.

17.     Information relating to any Asbestos Claims asserted against Old GM and its subsidiaries by residents of countries other than the United States of America and/or in jurisdictions outside of the United States of America.

18.     Information relating to Old GM's engagement of Hamilton, Rabinovitz & Associates or Dr. Francine Rabinovitz, including but not limited to the terms of such engagement.

19.     Information relating to any forecasts, projections, valuations, reports or analyses made by Hamilton, Rabinovitz & Associates or Dr. Francine Rabinovitz with respect to past, present or future liability of Old GM for Asbestos Claims.

20.     Information relating to data, assumptions or other information provided to Hamilton Rabinovitz for use or reference in its prepetition Old GM engagement.

21.     Information relating to Old GM's or its subsidiaries' (domestic or foreign) prepetition engagement of any other consultants other than Hamilton, Rabinovitz & Associates or Dr. Francine Rabinovitz for the forecasting, projection, valuation, or analysis of Old GM's asbestos liability, including but not limited to: (1) the terms of such engagement, (2) any forecast, projection, valuation, report or analysis made by the experts related to Old GM's present or future asbestos liability, and (3) data, assumptions or other information provided to such experts for use or reference in its Old GM engagement.

15

22.    Information relating to any understanding or proposed treatment under any private restructuring or bankruptcy plan of reorganization of the Debtors' Asbestos Claims and/or asbestos-related liabilities between the Debtors, the Sponsors, the Purchaser, the Union, or the Bondholder Representatives.

23.     Information relating to payments made by Old GM and its subsidiaries (domestic or foreign) on account of Asbestos Claims.

24.    Information relating to the number of suits filed against Old GM and its subsidiaries (domestic or foreign) related to Asbestos Claims.

25.    Information relating to Asbestos Claims asserted against Old GM's domestic subsidiaries, specifically including but not limited to, Remediation and Liability Management Company and Environmental Corporate Remediation Company.