UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY., *et al.*<br>(f/k/a General Motors Corp., *et al.*)<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

DECLARATION OF DAVID A. VANASKEY JR. ON BEHALF
OF WILMINGTON TRUST COMPANY, AS SUCCESSOR
INDENTURE TRUSTEE, IN SUPPORT OF THE DEBTORS'
MOTION FOR ENTRY OF ORDER PURSUANT TO FED. R. BANKR. P. 9019
APPROVING STIPULATION AND AGREED ORDER BETWEEN
THE DEBTORS, WILMINGTON TRUST COMPANY, AND
CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,
REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723

I, David A. Vanaskey Jr. declare:

1. I am a Vice President of Wilmington Trust Company ("**WTC**"), located at Rodney Square North, 1110 North Market Street, Wilmington, Delaware, 19890-1615, and am duly authorized to submit this declaration (the "**Declaration**") on behalf of WTC.

2. I submit this Declaration in support of the Motion of Debtors for Entry of Order Pursuant to Fed. R. Bankr. P. 9019 Approving Stipulation and Agreed Order Between the Debtors, Wilmington Trust Company, and Citibank, N.A., Solely in Its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723 (the "**Motion**") [Docket No. 6249]. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

**Background and Duties**

3. As noted above, I am a Vice President at WTC. WTC is successor Indenture Trustee for approximately $23 billion in U.S. dollar denominated unsecured

bonds (the "**Bonds**") issued by Motors Liquidation Company, formerly known as General Motors Corporation (together with its affiliated debtors, as debtors in possession, the "**Debtors**").[1] In this regard, my duties include representing WTC as the chair of the official committee of unsecured creditors of Motors Liquidation Company (the "**Committee**") and participating in all meetings, discussions and decisions of the Committee, liaising with the Debtors and other parties in interest with respect to issues that directly concern WTC and beneficial holders of the Bonds (the "**Bondholders**"), and directing my counsel to appear before this Court with respect to such issues that cannot be resolved without Court intervention.

4. In addition to my duties with respect to issues before this Court, I oversee a WTC campaign to provide information to Bondholders relating to issues which concern them. In this respect, I direct and supervise (i) the production and delivery of periodic notices to Bondholders which are delivered, through the Depository Trust & Clearing Corporation ("**DTCC**"), to each broker of record for the Bondholders (each a "**Notice**," and together, the "**Notices**"); (ii) the maintenance of an internet website (the "**Website**")[2] which contains, among other information, each of the Notices, a series of answers to

---

[1] WTC is the successor Indenture Trustee to Citibank, N.A., under two indenture agreements with Motors Liquidation Company pursuant to which Motors Liquidation Company issued senior unsecured debt securities: (i) a Senior Indenture, dated as of December 7, 1995, as amended (the "**1995 Indenture**"); and (ii) a Senior Indenture, dated as of November 15, 1990 (the "**1990 Indenture**" and collectively with the 1995 Indenture, the "**Indentures**"). The outstanding series of notes issued pursuant to the 1995 Indenture are represented by CUSIP numbers: 370442AT2; 370442AU9; 370442AV7; 370442AZ8; 370442BB0; 370442816; 370442774; 370442766; 370442758; 370442741; 370442733; 370442725; 370442BQ7; 370442BT1; 370442717; 370442BW4; 370442BS3; 370442121; and 370442691. The outstanding series of notes issued pursuant to the 1990 Indenture are represented by CUSIP numbers: 370442AN5; 370442AJ4; 370442AR6; 37045EAG3; and 37045EAS7.

[2] The Website address is www.wilmingtontrust.com/gmbondholders/.

frequently asked questions, and the contact information for WTC and its attorneys; and (iii) a team of individuals that operate a "call center" which functions with the primary purpose of responding directly to Bondholder questions (the "**Call Center**").

### Delivery of the Motion

5. I am informed by the Debtors that, while they have provided service of the Motion upon all parties that have appeared in the Debtors' bankruptcy cases, they have not served the Motion upon the Bondholders.

6. In an attempt to ensure the maximum level of notice of the Motion to the Bondholders, while maintaining a certain level of efficiency, WTC has taken the following steps to supplement the Debtors' service of the Motion:

   a. On July 2, 2010 WTC delivered a Notice to DTCC which describes the Motion and the underlying stipulation, and directs Bondholders to the Website to obtain a copy of the Motion free of cost (the "**Stipulation Notice**").[3] Upon information and belief, DTCC delivered the Stipulation Notice to the brokers of record for each Bondholder.

   b. On July 6, 2010 WTC posted a copy of the Stipulation Notice to the Website.

   c. On July 7, 2010 WTC posted a copy of the Motion (together with the stipulation) to the Website.

7. I understand that the Call Center and my counsel have received telephone calls from a number of Bondholders with respect to the Stipulation Notice, which leads

---

[3] A copy of the Stipulation Notice is attached hereto as Exhibit "A".

me to believe that said Bondholders have received actual notice of the Motion.

8.  Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Wilmington, Delaware
July 23, 2010

_____
David A. Vanaskey Jr.

# Exhibit A



Wilmington Trust Company
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-0001

# Notice No. 6 to:
## Holders of Certain Unsecured Notes issued by Motors Liquidation Company, f/k/a General Motors Corporation:

This notice is being given by Wilmington Trust Company ("Wilmington Trust") as successor indenture trustee in its capacity as indenture trustee to holders ("Holders") of notes, bonds and debentures set forth below ("Notes") issued under two indentures, each between Motors Liquidation Company, f/k/a General Motors Corporation, and Wilmington Trust, dated as of the dates set forth below ("Indentures"):

| Issue Name | CUSIP# | Indenture |
| --- | --- | --- |
| Motors Liquidation Company 9.40% Debentures due 7/15/2021 | 370442AN5 | 11/15/1990 |
| Motors Liquidation Company 8.80% Notes due 3/1/2021 | 370442AJ4 | 11/15/1990 |
| Motors Liquidation Company 7.40% Debentures due 9/1/2025 | 370442AR6 | 11/15/1990 |
| Motors Liquidation Company 9.4% Medium Term Notes due 7/15/2021 | 37045EAG3 | 11/15/1990 |
| Motors Liquidation Company 9.45% Medium Term Notes due 11/1/2011 | 37045EAS7 | 11/15/1990 |
| Motors Liquidation Company 7.75% Disc Debentures due 3/15/2036 | 370442AT2 | 12/7/1995 |
| Motors Liquidation Company 7.70% Debentures due 4/15/2016 | 370442AU9 | 12/7/1995 |
| Motors Liquidation Company 8.10% Debentures due 6/15/2024 | 370442AV7 | 12/7/1995 |
| Motors Liquidation Company 6 ¾ Debentures due 5/1/2028 | 370442AZ8 | 12/7/1995 |
| Motors Liquidation Company 7.20% Notes due 1/15/2011 | 370442BB0 | 12/7/1995 |
| Motors Liquidation Company 7.25% Quarterly Interest Bonds due 4/15/2041 | 370442816 | 12/7/1995 |
| Motors Liquidation Company 7.25% Senior Notes due 7/15/2041 | 370442774 | 12/7/1995 |
| Motors Liquidation Company 7.375% Senior Notes due 10/1/2051 | 370442766 | 12/7/1995 |
| Motors Liquidation Company 7.25% Senior Notes due 2/15/2052 | 370442758 | 12/7/1995 |
| Motors Liquidation Company 4.50% Series A Convertible Senior Debentures due 3/6/2032 | 370442741 | 12/7/1995 |
| Motors Liquidation Company 5.25% Series B Convertible Senior Debentures due 3/6/2032 | 370442733 | 12/7/1995 |
| Motors Liquidation Company 7.375% Senior Notes due 5/15/2048 | 370442725 | 12/7/1995 |
| Motors Liquidation Company 7.375% Senior Notes due 5/23/2048 | 370442BQ7 | 12/7/1995 |
| Motors Liquidation Company 8.375% Senior Debentures due 7/15/2033 | 370442BT1 | 12/7/1995 |
| Motors Liquidation Company 6.25% Series C Convertible Senior Debentures due 7/15/2033 | 370442717 | 12/7/1995 |
| Motors Liquidation Company 8.25% Senior Debentures due 7/15/2023 | 370442BW4 | 12/7/1995 |
| Motors Liquidation Company 7.125% Senior Notes due 7/15/2013 | 370442BS3 | 12/7/1995 |
| Motors Liquidation Company 7.50% Senior Notes due 7/1/2044 | 370442121 | 12/7/1995 |
| Motors Liquidation Company 1.50% Series D Convertible Senior Debentures due 6/1/2009 | 370442691 | 12/7/1995 |

\* <u>Note</u>: CUSIP numbers appearing herein have been included solely for the convenience of the Holders. Wilmington Trust Company assumes no responsibility for the selection or use of such number and makes no representation as to the correctness of any CUSIP numbers listed above.

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RETRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER. ADDITIONAL COPIES OF THIS NOTICE ARE AVAILABLE UPON REQUEST.**

On June 1, 2009 (the "Petition Date"), General Motors Corporation and certain direct and indirect subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Case Nos. 09-50026 (REG), 09-50027 (REG), 09-50028 (REG) and 09-13558 (REG)).[1]

**1. Stipulation Allowing Proofs of Claim of Wilmington Trust on Behalf of the Holders**

As previously reported, on November 24, 2009, Wilmington Trust timely filed two proofs of claim which assert unsecured claims for all principal and accrued interest (as of the Petition Date) owing by Motors Liquidation Company under the Indentures (claims numbers 65793 and 65729, which are collectively referred to as the "WTC Proofs of Claim"). In addition, as is customary, Wilmington Trust separately filed two proofs of claim which are identical duplicates of the WTC Proofs of Claim (claims numbers 47871 and 47872, which are collectively referred to as the "Duplicate Proofs of Claim"). The Duplicate Proofs of Claim were filed as a protective measure by Wilmington Trust to ensure that the proofs of claim were properly received by the Debtors' claims' agent prior to the court approved "bar date" for filing such proofs of claim.

Recognizing that Wilmington Trust may not recover twice with respect to its claims on behalf of the Holders, Wilmington Trust has entered into a stipulation and agreed order with the Debtors (the "Stipulation"), which provides for the withdrawal of the Duplicate Proofs of Claim. In addition, the Stipulation provides for the allowance in full of the WTC Proofs of Claim in the bankruptcy case of Motors Liquidation Company. Allowance of the WTC Proofs of Claim will provide Wilmington Trust, on behalf of the Holders, with a right to recovery from the estate of Motors Liquidation Company in its pending bankruptcy case.[2]

---

[1] The bankruptcy filing constituted an event of default under the Indentures. However, the ability of creditors to exercise remedies or enforce rights against the debtors pursuant to the Indentures, the Notes, or other debt instruments is automatically stayed as a result of the filing of the reorganization cases, and all creditors' rights of enforcement are subject to the applicable provisions of the Bankruptcy Code. As a result of the bankruptcy filing, all scheduled cash payments of principal and interest under the Indentures and Notes will not be paid by the Debtors. Instead, holders of claims in respect of the Indentures and Notes will receive a distribution in a manner and amount as determined by the Bankruptcy Court.

[2] The description of the Stipulation contained herein is for summary purposes only, and is qualified in full by the terms of the Stipulation itself, which can be obtained, free of cost, at www.wilmingtontrust.com/gmbondholders.

The Stipulation must be approved by the Bankruptcy Court in order to be legally binding. As such, the Duplicate Proofs of Claim will not be withdrawn and the WTC Proofs of Claim will not be allowed unless and until an order is entered approving the Stipulation. To that end, the Debtors have filed the Stipulation with the Bankruptcy Court and have scheduled a hearing on August 6, 2010 to hear arguments related to the Stipulation. A copy of the Stipulation, as filed, is available free of cost at www.wilmingtontrust.com/gmbondholders.

**As stated above, to the extent the Bankruptcy Court approves the Stipulation, the claims of Wilmington Trust, on behalf of the Holders, for all principal, accrued interest and trustee fees (as of the Petition Date) under the Indentures will be allowed. As such, any proofs of claim that were filed by you individually which relate to principal and interest owing under Notes will be duplicative of the allowed claim of Wilmington Trust, and the Debtors may seek to disallow your individual proofs of claim. The proofs of claim filed by WTC ensure your interests are protected with respect to the interest, principal, and trustee fees due under your bonds, and any disallowance of your individual proofs of claim will not affect your entitlement to distribution from the Debtors' estates.**

2. **Disclaimer and Requests for Additional Further Information**

This notice is being given without prejudice to any rights or remedies which may be available to Wilmington Trust or to any Holders by reason of the defaults described in this notice and any other default or Event of Default which has occurred or may hereafter occur, all of which are expressly reserved. Wilmington Trust has prepared this communication based upon information supplied to it without independent investigation. You should not rely on Wilmington Trust as your sole source of information. Wilmington Trust makes no recommendations and gives no investment or legal advice herein. Wilmington Trust has retained the law firm of Gibson, Dunn & Crutcher LLP ("GD&C") to represent it in connection with the bankruptcy cases of Motors Liquidation Company. Should any Holder have any questions regarding this Notice, please contact Wilmington Trust and GD&C in writing as follows:

> David A Vanaskey
> Vice President
> Wilmington Trust Company
> Rodney Square North
> 1110 North Market Street
> Wilmington, Delaware, 19890-1615
> Phone No.: (866) 521-0079
> Fax No.: (302) 636-4140
>
> -and-
>
> Matthew J. Williams, Esq.
> Keith R. Martorana, Esq.
> Gibson, Dunn & Crutcher LLP

200 Park Avenue  
New York, New York 10166-0193  
Phone No.: (212) 351-2322  
Phone No.: (212) 351-3991  
Fax No.: (212) 351-5232  

Wilmington Trust may conclude that a specific response to particular inquiries from individual Holders is not consistent with equal and full dissemination to all Holders.

Dated:  July 2, 2010                    Very Truly Yours,

                                        Wilmington Trust Company, as indenture
                                        trustee under the Indentures