STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            )
In re                                       )        Chapter 11
                                            )
MOTORS LIQUIDATION COMPANY, *et al.,*)
f/k/a GENERAL MOTORS CORP., *et al.,*       )
                                            )        Case No. 09-50026 (REG)
                                            )
                  Debtors.                  )        Jointly Administered
------------------------------------------------------------X

THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS'
JOINDER IN THE APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS
FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AUTHORIZING THE TAKING OF DOCUMENT DISCOVERY AND
DEPOSITION TESTIMONY FROM THE DEBTORS AND FROM GENERAL
MOTORS, LLC, ITS SUBSIDIARIES AND AFFILIATED COMPANIES

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY COURT

Dean M. Trafelet (the "**Future Claimants' Representative**"), as legal

representative for holders of future asbestos personal injury claims against

the Debtors in the above-captioned jointly administered chapter 11 cases,

hereby files this joinder (the "**Joinder**") in the Application of the Official

Committee of Unsecured Creditors Holding Asbestos-Related Claims for an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Taking of Document Discovery and Deposition Testimony from the Debtors and from General Motors, LLC, Its Subsidiaries and Affiliated Companies [Doc. No. 6382] ("**the ACC's Rule 2004 Application**") and in support of the Joinder, respectfully states as follows:

## BACKGROUND

1. Motors Liquidation Corporation ("**MLC**") has acknowledged that it "historically has incurred some liability with respect to asbestos-related personal injury claims." Motion Pursuant to Sections 103 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants [Doc. No. 5214] ("Motion to Appoint FCR") at 2, ¶ 3.

2. Recognizing that asbestos-related disease may not manifest itself for years after exposure to asbestos-containing products, MLC recognizes that certain people may believe they have claims against the Debtors, but cannot assert those claims at this time. *Id.* at 2-3, ¶ 4.

3. The Debtors plan to provide for the treatment of such "future" claims and believe it is appropriate to have future claimants' interests represented in connection with the formulation, negotiation, and confirmation of a chapter 11 plan. *Id.* at 3, ¶ 6.

4.  The Debtors anticipated that the Future Claimants' Representative would retain an asbestos claims valuation expert in connection with the development of a plan.  *Id.*

5.  The Court entered its Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants on April 8, 2010 [Doc. NO. 5459].

6.  On April 2, 2010, the Future Claimants' Representative filed an application for authorizing to retain Analysis, Research & Planning Corporation ("**ARPC**") as his asbestos claims valuation consultant [Doc. No. 5413].  The Court entered an order granting that application on April 21, 2010 [Doc. No. 5533].

### DISCOVERY NEEDED BY THE FUTURE CLAIMANTS' REPRESENTATIVE

7.  In order for the Future Claimants' Representative to fulfill his obligations to his constituents, he and his professionals need to obtain information from the Debtors and from General Motors LLC f/k/a NGMCO, Inc. ("**New GM**") that is necessary to analyze the background, nature and scope of the Debtors' liability for asbestos personal injury claims.  Such an analysis requires that the Future Claimants' Representative and his professionals review the facts regarding the Debtors' historical involvement with asbestos and the nature and extent of litigation against the Debtors, including the types of claims asserted and the legal issues raised.

3

8.  The Future Claimants' Representative and his professionals also need to evaluate any insurance that may be available to pay asbestos personal injury claims asserted against the Debtors.  Additionally, the Future Claimants' Representative needs to analyze the projected value of present and future asbestos personal injury claims.  To this end, he needs historical data regarding the background, nature and scope of asbestos personal injury claims that have been asserted against the Debtors in order to estimate the number and types of current and future asbestos personal injury against the Debtors and to develop the procedures necessary to evaluate, approve or disapprove, and pay such claims.

9.  The Future Claimants' Representative filed an application pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to obtain documents and deposition testimony from the Debtors and from New GM on July 20, 2010 [Doc. No. 6379] (the "**FCR's Rule 2004 Application**").

10. In the FCR's Rule 2004 Application, the Future Claimants' Representative expressly stated his intention to seek further discovery from the Debtors and New GM that would include information regarding the Debtors' historical use or distribution of asbestos-containing materials or products, asbestos litigation files, and available insurance coverage.  FCR's Rule 2004 Application at 8, ¶ 23.

11. Because the ACC's Rule 2004 Application currently seeks such information from the Debtors and New GM, the Future Claimants'

4

Representative herby joins in the ACC's Rule 2004 Application, but expressly reserves the right to seek further discovery from the Debtors and New GM as he deems necessary to fulfill his duties and obligations.

## CONCLUSION

For the reasons set forth above, the Future Claimants Representative joins in the ACC's Rule 2004 Application and respectfully requests the Court to grant the relief sought therein.

Date: July 29, 2010

        Respectfully submitted,

        **STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,**
A Professional Corporation

        By:  /s/ Peter C. D'Apice
           Sander L. Esserman (Admitted *Pro Hac Vice*)
           Robert T. Brousseau (Admitted *Pro Hac Vice*)
           Peter C. D'Apice
           Jo E. Hartwick (Admitted *Pro Hac Vice*)

           2323 Bryan Street, Suite 2200
           Dallas, Texas  75201-2689
           Telephone:  (214) 969-4900
           Facsimile:  (214) 969-4999

        **Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants**

5