Hearing Date and Time: August 6, 2010 at 9:45 a.m.
Objection Deadline: July 30, 2010 at 4:00 p.m.

BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
Robert M. Dombroff
Jeffrey S. Sabin
Jared R. Clark

Attorneys for Deutsche Bank AG

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF DEUTSCHE BANK AG TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, WILMINGTON TRUST COMPANY, AND CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT, REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**

Deutsche Bank AG ("**Deutsche Bank**"), by and through its counsel, Bingham McCutchen LLP, hereby files this limited objection to the Motion of Motors Liquidation Company for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 Approving Stipulation and Agreed Order Between the Debtors, Wilmington Trust Company, and Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723 (the "**Motion**") [Doc. No. 6249] filed on July 2, 2010. In support of the limited objection, Deutsche Bank respectfully alleges and represents as follows:

A/73441939.4

**PRELIMARY STATEMENT**

1. The Debtors seek by the Motion, among other things, allowance -- as general unsecured claims -- of certain claims filed by Wilmington Trust Company ("**WTC**") as Indenture Trustee under the 1990 Indenture.[1] Deutsche Bank holds bonds in the principal amount of $12,750,000 issued under the 1990 Indenture (the "**Bonds**") and has filed a motion for relief from the automatic stay to effect setoff (the "**Setoff Motion**") [Doc. No. 4529] of that amount (plus amounts Motors Liquidation Company ("**GM**") owes Deutsche Bank on bonds for which WTC is not the indenture trustee), against payments Deutsche Bank owes GM under two swap agreements, as fully described in the Setoff Motion. The Setoff Motion was scheduled to be heard at the same hearing as the Motion, but has been adjourned to September 24, 2010 at GM's request.

2. Because Deutsche Bank has a valid a right of setoff, its claim on the Bonds is secured under section 506(a)(1) of title 11 of the United States Code, §§ 101, et seq. (the "**Bankruptcy Code**") ("An allowed claim of a creditor . . . that is subject to setoff under section 553 of this title is a secured claim . . . to the extent of the amount subject to setoff . . . ."). Deutsche Bank filed a secured proof of claim accordingly.

3. Deutsche Bank objects to the Motion insofar as any allowance of WTC's claim on the Bonds as an unsecured claim might prejudice either the allowance of Deutsche Bank's secured claim on the Bonds or the granting of Deutsche Bank's Setoff Motion. GM has cited no authority in the Motion that would allow it to strip Deutsche Bank of its secured status, and Bankruptcy Code section 363(e) precludes this result unless Deutsche Bank receives adequate protection of its security interest.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

A/73441939.4

4. Deutsche Bank respectfully submits that any order granting the Motion accordingly should make clear that allowance of WTC's claims under the 1990 Indenture is without prejudice either to Deutsche Bank's right to have its claim on the Bonds allowed as a secured claim, or to its right to effect setoff of its claim under the Bonds against the payments Deutsche Bank owes GM under two swap agreements.

## BACKGROUND

5. On November 24, 2009, Deutsche Bank filed the Setoff Motion requesting authorization to effect set off of the amount owed by Deutsche Bank to GM under two swap agreements against amounts owed by GM to Deutsche Bank on the Bonds issued under the 1990 Indenture, as well as on certain other bonds.

6. On November 25, 2009, Deutsche Bank filed proof of claim number 45851 evidencing its secured claim in the amount of $24,073,200, based on its setoff right.

7. WTC as Indenture Trustee is the successor Indenture Trustee for approximately $1.4 billion in U.S. dollar-denominated unsecured bonds issued by GM under the 1990 Indenture. On November 24, 2009 and November 25, 2009, WTC filed proofs of claim number 65793 and 47871 in connection with the 1990 Indenture. On information and belief, WTC's claims include, among other things, the amounts GM owes Deutsche Bank on the Bonds.

8. On June 18, 2010, GM filed its Objection to Deutsche Bank AG's Motion for Relief from Automatic Stay to Effect Setoff and Cross-Motion for Immediate Payment (the "**Cross-Motion**") [Doc. No. 6067].

9. On July 12, 2010, Deutsche Bank filed its Reply in Further Support of the Motion for Relief from Automatic Stay to Effect Setoff and Objection to Debtors' Cross-Motion for Immediate Payment (the "**Reply**") [Doc. No. 6319].

3

A/73441939.4

10. The Court set August 6, 2010 at 9:45 a.m. as the hearing date for the Motion, the Setoff Motion and the Cross-Motion. That date has been adjourned to September 24, 2010 at GM's request.

## ARGUMENT

11. Section 506(a)(1) of the Bankruptcy Code provides that "[a]n allowed claim of a creditor . . . that is subject to setoff under section 553 of this title is a secured claim . . . to the extent of the amount subject to setoff . . . ."). *See Boston Ins. Co. v. Nogg (In re Yale Express Sys., Inc.)*, 362 F.2d 111, 114 (2d Cir. 1966) (valid setoff right is "security of the most perfect kind.").

12. As fully set forth in the Setoff Motion and the Reply, Deutsche Bank has a right to set off its claim under the Bonds against amounts it owes under the Swap Agreements (as defined in the Reply).[2] Because WTC stands in a different capacity than Deutsche Bank -- the beneficial holder of the Bonds -- WTC cannot exercise Deutsche Bank's setoff rights with respect to the Bonds. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149-50 (2d Cir. 2002), *on subsequent appeal*, 371 F.3d 96 (2d Cir. 2004); *Ross-Viking Merch. Corp. v. Am. Cynamid Co., Lederle Div. (In re Ross-Viking Merch. Corp.)*, 151 B.R. 71, 74 (Bankr. S.D.N.Y. 1993).

13. No authority gives GM or WTC the power to strip Deutsche Bank of its secured status or its setoff right simply by allowing the same claims as unsecured claims by an entity that holds the claims only in a representative capacity. To the contrary, Bankruptcy Code section 363(e) provides that "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a

---

[2] Rather than repeat the arguments set forth in the Setoff Motion and the Reply, Deutsche Bank incorporates those arguments here by reference.

4

A/73441939.4

hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e); *see also Contrarian Funds LLC v. Aretex LLC, et al. ( In re WestPoint Stevens, Inc.)*, 600 F.3d 231, 260 (2d Cir. 2010) (a secured creditor ordinarily has a statutory right to adequate protection payments to protect its interests against the diminution in value of its security); *Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.),* 727 F.2d 1017, 1019 (11th Cir. 1984) (security interests are "property rights" protected by Fifth Amendment from public taking without just compensation and therefore bankruptcy court cannot allow secured interest to be threatened by improper use of cash proceeds by a Chapter 11 debtor); *In re Bennett Funding Group, Inc.*, 255 B.R. 616, 643 (Bankr. N.D.N.Y. 2000) (a "secured creditor has a constitutional right to have the value of its secured claim on the petition date preserved.") (citation omitted).

14.    Accordingly, any order granting the Motion should provide for adequate protection of Deutsche Bank's security interest.  Deutsche Bank submits that such adequate protection can most easily be accomplished by having any order approving the Stipulation make clear that approval of the Stipulation is without prejudice to Deutsche Bank's right of setoff and rights as a secured creditor.

5

**CONCLUSION**

15. For the reasons set forth above, in the Setoff Motion and in the Reply, Deutsche Bank respectfully requests that this Court require that any order granting the Motion make clear that allowance of WTC's claims under the 1990 Indenture is without prejudice to Deutsche Bank's right: (i) to have its claim on the Bonds allowed as a secured claim; or (ii) to effect setoff of its claim under the Bonds against the payments Deutsche Bank owes GM under two swap agreements.

Dated: New York, New York
July 29, 2010

                    BINGHAM McCUTCHEN LLP

                    /s/Jared R. Clark
                        Robert M. Dombroff
                        Jeffrey S. Sabin
                        Jared R. Clark
                        399 Park Avenue
                        New York, NY 10022
                        (212) 705-7000

                    Attorneys for Deutsche Bank AG

A/73441939.4