UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MOTORS LIQUIDATION COMPANY, et al.　　　Chapter 11 Case No.
　　f/k/a General Motors Corp., et al

　　　　　　　　　　　　　　　　　　　　　　　　09-50023 (REG)

　　　Debtors.　　　　　　　　　　　　　　　　(Jointly Administered)

---

### **CLAIMANT RACHEL KULIS' OBJECTION TO DEBTOR'S**
### **TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**

NOW COMES Claimant Rachel Kulis through her attorneys the LAW OFFICES OF DEAN T. YEOTIS, and for her objection to Debtor's Twenty Seventh Omnibus Objection to Claims states as follows:

### **Jurisdiction**

1. This Court has jurisdiction to consider this objection pursuant § § 157 and 1334. This is a core proceeding pursuant to 28 USC §15(b).

### **Background**

2. Claimant Rachel Kulis filed a discrimination and wrongful termination lawsuit against General Motors Corp in the Genesee County Circuit Court, State of Michigan, Case No. 08-88411-CL on April 3, 2008.

3. In her Complaint, Plaintiff set forth four claims:

    a) Sex Harassment (hostile environment) claim against all Defendants.

    b) Sex harassment (quid pro quo) claim against Defendants, General Motors, Glenn Poropat and Jake Methner.

    c) Gender Harassment claim against all Defendants.

    d) Article 7 Retaliation in violation of the Michigan Elliott-Larsen Civil Rights Act against all Defendants;

4. On June 1, 2009, the Initial Debtors commenced with this Court voluntary cases under Chapter 11 of the Bankruptcy Code.

5. On June 29, 2009, a stay was ordered in Genesee County Circuit Case No. 08-88411-CK because Defendant General Motors Corp. filed for Chapter 11 Bankruptcy.

6. Claimant Rachel Kulis properly filed a proof of claim in this matter on October 26, 2009.

## Objections

7. Claimant Rachel Kulis' claim is properly classified as a priority claim because Claimant's claim is for wages, salaries, and commissions earned within 180 days before the filing of the bankruptcy petition.  *See* 11 USC §507(a)(4).

8. Claimant Rachel Kulis objects to the Debtor's Twenty Seventh Omnibus Objection to Claims and the relief requested therein because Claimant is properly classified as a priority claim.

## Notice

9. Notice of this Claimant's Objection to the Debtors' Twenty Seventh Omnibus Objection to Claims has been served in accordance with General Order M-182 and on 1) Weil, Gotshal  Manges LLP, attorneys for Debtors, 767 Fifth Ave, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Steven Karotkin, Esq., and Joseph H. Smolinsky, Esq.); 2)the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400 Detroit, MI 48243 (Attn: Ted Stenger); 3) General Motors, LLC, 400 Renaissance Center, Detroit, MI 48265 (Attn: Lawrence S. Buonomo, Esq); 4) Cadwalader Wickersham & Taft, attorneys for the United States Department of Treasury, One World Financial Center, New York, NY 10281 (Attn: John J. Rapisardi, Esq.); 5) the United States Department of Treasury, 1500 Pennsylvania Avenue NW Room 2312, Washington DC 20220 (Attn: Joseph Samarias, Esq.); 6) Vedder Price, PC attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, NY 10019 (Attn: Michael J. Edelman, Esq and Michael L. Schein, Esq); 7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Thomas Moers Mayer, Esq, Amy Caton, Esq. Lauren Macksoud, Esq. and Jennifer Sharret, Esq.); 8) the Office of the United States Trustee for the southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004(Attn: Diana G. Adams, Esq.) 9) the US Attorney's Office, SDNY., 86 Chambers Street, Third Floor, New York, NY 10007 (Attn: David Jones, Esq and Natalie Kuehler Esq.); 10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Ave., 35th Floor, New York, NY 10152-3500 (Attn: Elihu Inselbuch, Esq and Rita Tobin, Esq.) and One Thomas Circle NW Suite 1100 Washington DC 20005 (Attn: Trevor W. Swett III Esq. and Kevin C Maclay, Esq; and 11) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200 Dallas, TX 75201 (Attn: Ssander L Esserman, Esq. and Robert T. Brousseau, Esq.,

WHEREFORE, Claimant Rachel Kulis respectfully request that this Honorable Court deny the relief requested in Debtor's Twenty-Seventh Omnibus Objection to Claims.

Dated:   Flint, Michigan
         July 27, 2010

                                          Respectfully submitted,

                                          LAW OFFICES OF DEAN T. YEOTIS

                                          /s/ Nancy K. Chinonis_____
                                          DEAN T. YEOTIS (P41290)
                                          CRISTINE WASSERMAN RATHE (P53656)
                                          NANCY K. CHINONIS (P71350)
                                          Attorneys for Claimant Rachel Kulis

                                          Law Offices of Dean T. Yeotis
                                          611 W. Court Street
                                          Flint, MI 48503
                                          810.767.6100 (phone)
                                          810.767.6415 (fax)
                                          Email: deanyeotis@yahoo.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | |
| MOTORS LIQUIDATION COMPANY, et al. f/k/a General Motors Corp., et al | Chapter 11 Case No. |
| | 09-50023 (REG) |
| Debtors. | (Jointly Administered) |

For the reasons set forth on the record it is

**ORDERED** that the relief requested in the Twenty Seventh Omnibus Objection to Claims is DENIED to the extent provided herein; and it is further

**ORDERED** that the Claim of Rachel Kulis as listed on "Exhibit A" annexed to Debtor's Twenty Seventh Omnibus Objection to Claims shall remain listed as a priority claim and priority claim amount; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this order.

**IT IS SO ORDERED.**

Dated: New York, New York

_____, 2010                                    _____
                                                                                                  United States Bankruptcy Judge