**HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Robert T. Schmidt

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                   :
In re:                                                             :    Chapter 11 Case No.:
                                                                   :
MOTORS LIQUIDATION COMPANY, et al.                                 :    09-50026 (REG)
          f/k/a General Motors Corp., et al.                       :
                                                                   :
                          Debtors.                                 :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ X

## LIMITED OBJECTION OF THE
## OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## TO THE DEBTORS' MOTION FOR AN ORDER PURSUANT
## TO 11 U.S.C. § 363 AUTHORIZING THE DEBTORS TO AMEND THE
## TERMS OF THEIR ENGAGEMENT LETTER WITH AP SERVICES, LLC

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this limited objection (the "**Limited Objection**") to the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of their Engagement Letter with AP Services, LLC (the "**Motion**") [Docket No. 6362]. In support of this Limited Objection, the Committee respectfully states as follows:

## Limited Objection[1]

1.　　　To date, the Debtors have been working cooperatively with the Committee to effect an orderly and efficient administration of the Debtors' estates, including through resolving and/or isolating significant claims.　As the bankruptcy case approaches the chapter 11 plan stage, the Committee believes it is important for unsecured creditors and other parties in interest to be informed of the progress towards plan confirmation and ultimate distribution to creditors.

2.　　　The prior engagement letters with APS awarded discretionary fees for reaching certain timing milestones.　Although the fees under the proposed modifications are payable from the DIP Facility, the elimination of two key timing benchmarks places more uncertainty in the public eye on the timing for emergence from chapter 11:

- Effective Date of Plan: The prior engagement letters awarded a discretionary fee if the Debtors confirm a plan and such plan is effective on or before May 28, 2010.　The proposed engagement letter eliminates any incentive to emerge by a date certain.[2]

- Timing of Distributions:　The prior engagement letters awarded a discretionary fee if 70% of the common stock and warrants is distributed to unsecured creditors within 60 days of the effective date of a plan.　The proposed engagement letter awards this same discretionary fee upon the distribution of 70% of the common stock and warrants to unsecured creditors, but has no requirement to make such distribution within 60 days or any other time frame.

3.　　　These timing benchmarks were not within APS' control, so the Committee understands why APS wants to eliminate them.　However, these benchmarks provided some public guidance to creditors on timing.　The Committee believes that there now needs to be more public disclosure of the contemplated timeline for emergence and distribution.

---

[1] Unless otherwise defined herein, all defined terms shall have the meaning ascribed to them in the Motion.

[2] While all parties appreciate that the May 28, 2010 date has come and passed, unsecured creditors would have looked for a later date certain in any revised engagement letter, not elimination of a date entirely.

KL2 2660172.1

4.    The Committee therefore requests that approval of the proposed engagement letter be conditioned on the filing of monthly status reports by APS (commencing within 10 days after entry of an order approving the Motion and concluding with distribution of 70% of the common stock and warrants to unsecured creditors).    The monthly status reports should contain the following types of information:

- Status of a plan and disclosure statement (including whether a plan is expected to be filed within the next thirty days);
- After the filing of a plan and disclosure statement, the expected dates for a disclosure statement hearing and confirmation hearing;
- After confirmation of a plan, the expected date for an effective date; and
- After the effective date, the progress in distributions to unsecured creditors and the expected date for distributing 70% of the common stock and warrants to unsecured creditors.

5.    The Committee submits that the proposed monthly reporting will provide necessary disclosure to the Debtors' many constituents.    Such reporting is an appropriate predicate to the award of discretionary and incentive payments.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the proposed order be modified
to contain the reporting requirements outlined in this Limited Objection.


Dated: New York, New York
July 30, 2010

**KRAMER LEVIN NAFTALIS & FRANKEL
LLP**

By: /s/ Thomas Moers Mayer
Thomas Moers Mayer
Robert T. Schmidt
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100


*Counsel for the Official Committee of
Unsecured Creditors of Motors Liquidation
Company, et al.*

KL2 2660172.1