**FOLEY & LARDNER LLP**
Katherine R. Catanese *(admitted pro hac vice)*
Salvatore A. Barbatano *(admitted pro hac vice)*
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Acument Global Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| In re: | : | Chapter 11 |
| | : | |
| Motors Liquidation Corp. *et al.,* f/k/a General Motors Corp.., *et al.* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
---------------------------------------------------------------X

**ACUMENT GLOBAL TECHNOLOGIES, INC.'S  RESPONSE TO DEBTORS'**
**TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(INCORRECTLY CLASSIFIED CLAIMS)**

Acument Global Technologies, Inc. ("Acument"), by its attorneys, Foley & Lardner LLP, hereby submits its Response to the Debtors' Twenty-Eighth Omnibus Objection to Claims (Incorrectly Classified Claims)  (the "Response").

In support of its Response, Acument states as follows:

**PRELIMINARY STATEMENT**

1.      On or about November 25, 2009, Acument filed a priority proof of claim number 60693 in this case, making a claim in the amount of $46,390.90 (the "Proof of Claim").

2.      Acument's Proof of Claim is based upon amounts owed by the Debtors under contracts that were assumed by the Debtors pursuant to the trade terms agreement signed by

Acument and the Debtor on June 8, 2009 (the "Trade Terms Agreement")[1] and pursuant to 11 U.S.C. § 365(b)(1)(a).

3.      On July 2, 2010, the Debtors filed their Twenty-Eighth Omnibus Objection to Claims (Incorrectly Classified Claims) (the "Omnibus Objection"). In its Omnibus Objection, the Debtors included an objection to Acument's Proof of Claim, stating that Acument was not entitled to priority and that its claim should be reclassified as a general unsecured claim.

4.      Acument has received $40,390.90 from the Debtors but is still owed $6,000 on account of the following invoices attached as Exhibit A hereto and the invoices that were assumed and assigned, attached hereto as Exhibit B:

| Invoice Number | Invoice Amount |
| --- | --- |
| 3662 | $175.96 |
| 1179 | $125.84 |
| 3272 | $125.84 |
| 7460 | $180.00 |
| 4732 | $527.88 |
| 5030 | $351.92 |
| 2001963 | $203.62 |
| 7655 | $353.00 |
| 2006894 | $203.86 |
| 2005609 | $184.84 |
| **Total:** | **$2432.76** |

---

[1] Because of the confidentiality clause contained in the Trade Terms Agreement, said agreement is not attached hereto as an exhibit.

2

5.    The Debtors have not established with any degree of specificity the basis for re-classifying Acument's Proof of Claim given the language in 11 U.S.C. section 365(b)(1)(A) and the language of the signed Trade Terms Agreement. Acument's Proof of Claim is entitled to priority and is supported by the documents attached hereto. For the reasons set forth herein, Acument's Proof of Claim should be allowed as a priority claim.

## ARGUMENT

### A.  THE DEBTORS' OMNIBUS OBJECTION HAS UTTERLY FAILED TO PROVIDE EVIDENCE OF SUFFICIENT PROBATIVE FORCE TO DEFEAT THE PRIMA FACIE VALIDITY OF ACUMENT'S PROOF OF CLAIM.

6.    Section 365(b)(1)(A) of the Bankruptcy Code provides that the trustee may not assume an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract. 11 U.S.C. § 365(b)(1)(A). Congress' intent in imposing cure and adequate assurance conditions on the ability of a debtor to assume an executory contract was to ensure that contracting parties receive the full benefit of their bargain if they are forced to continue performance. *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996). Resolution of claims of default arising under an assumed contract seeks to restore the debtor-creditor relationship to pre-default conditions, thereby bringing the contract back into compliance with its terms. *In re Wireless Data, Inc.*, 547 F.3d 484 (2d Cir. 2008).

7.    The Debtors must cure all defaults under the executory contracts that were assumed, including pre-petition defaults and post-petition defaults and the Debtors have not done so.

8.    The correct amount required to cure all prepetition and post-petition defaults is $6,000.

3

9.      Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), Acument's Proof of Claim "constitute[s] prima facie evidence of the validity and amount" of such claim. Fed. R. Bankr. Proc. 3001(f). Indeed, once the Proof of Claim was filed, the burden shifted to the Debtors to rebut the prima facie allowability of the Proof of Claim:

> If and only if the objecting party presents evidence of equal probative weight, the burden of going forward shifts back to the claimant . . . . The claimant must then offer evidence to carry its burden of persuasion. *This allocation of the burden of going forward 'provides a proper balancing of burdens, assuring that objecting party does not underprove its objections, while, at the same time, assuring that the claimant filing the proof of claim need not overprove his claim at the mere cry of inequity by the objecting party.*

*In re Britt*, 199 B.R. 1000, 1009 (Bankr. N.D. Ala. 1996) (internal citations omitted and emphasis added); *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 1999) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. . . .To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Int'l Wireless Comm. Holdings, Inc.*, 257 B.R. 739, 742 (Bankr. D. Del. 2001) ("objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim").

10.     The Debtors thus bear the initial burden of going forward with evidence to object to the claim. 2 *Norton Bankr. L. & Prac. 2d* § 41:7 ("A duly executed proof of claim being a prima facie case for the claimant, the burden is on the objecting party to go forward with evidence establishing the basis of the objection. For example, if the objection is that no debt is owed or that the amount of the debt is different from the claimed amount, proof of the fact must be presented").

4

11. The Debtors have utterly failed to "come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proof of claim [itself].'" *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003) (quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)).

12. Indeed, the Debtors have totally failed to provide any evidence, let alone sufficient evidence of equal probative weight to the Proof of Claim, to rebut the prima facie validity of the Proof of Claim.

13. The Omnibus Objection merely argues, without any evidentiary support, that the Proof of Claim should be re-classified as a general unsecured claim.

14. As noted by the Proof of Claim and the documents in support, Acument is entitled to payment for the claims as set forth in its Proof of Claim. Acument has set forth facts establishing its Proof of Claim is prima facie valid.

15. Without more than the general assertions and without any specific factual support, the Debtors have failed to overcome Acument's prima facie, valid Proof of Claim. The Omnibus Objection should, therefore, be denied.

**B.  EVEN IF THE DEBTORS HAVE SATISFIED THEIR INITIAL BURDEN OF PROOF TO REBUT THE PRIMA FACIE VALIDITY OF THE PROOF OF CLAIM, ACUMENT SUCCESSFULLY CARRIES THE BURDEN OF PERSUASION THAT IT POSSESSES A VALID PROOF OF CLAIM.**

16. As defined in the Bankruptcy Code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

17. Acument has a "claim" for the unpaid amounts described in its Proof of Claim.

5

18. As evidenced by the documents submitted in support of this Response, Acument is still owed the sum of $6,000.

19. Acument has, therefore, successfully carried its burden of persuasion with respect to its Proof of Claim and has shown the validity of its Proof of Claim by a preponderance of the evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173.

## RESERVATION OF RIGHTS

Acument reserves the right to update or supplement its response from time to time.

## CONCLUSION

WHEREFORE, because the Debtors have failed to carry their burden in objecting to Acument's prima facie valid Proof of Claim and because Acument has tendered ample and sufficient evidence in support of its Proof of Claim, the Debtors' Omnibus Objection should be overruled and the Proof of Claim should be allowed as a priority claim.

Dated: July 30, 2010

FOLEY & LARDNER LLP
/s/ Katherine R. Catanese

Katherine R. Catanese *(admitted pro hac vice)*
Salvatore A. Barbatano *(admitted pro hac vice)*
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
*Attorneys for Acument Global Technologies, Inc.*

DETR_1461113.1