# EXHIBIT A

Westlaw.

8 Del.C. § 278

Page 1

C

West's Delaware Code Annotated Currentness
  Title 8. Corporations
    Chapter 1. General Corporation Law
      Subchapter X. Sale of Assets, Dissolution and Winding Up
        → **§ 278. Continuation of corporation after dissolution for purposes of suit and winding up affairs**

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.

CREDIT(S)

56 Laws 1967, ch. 50; 66 Laws 1987, ch. 136, § 36.

**Codifications:** 8 Del.C. 1953, § 278

LAW REVIEW AND JOURNAL COMMENTARIES

Delaware Receivers and Trustees: Unsung Ministers of Corporate Last Rites. Jack B. Jacobs, 7 Del. J. Corp. L. 251 (1982).

Receivership Practice in the Delaware Courts. Jack B. Jacobs, 6 Del. J. Corp. L. 487 (1981).

LIBRARY REFERENCES

   Corporations ⊂⊃ 618, 630(2).
   Westlaw Key Number Searches: 101k618; 101k630(2).
   C.J.S. Corporations §§ 859, 861 to 862, 879 to 880.

RESEARCH REFERENCES

ALR Library

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

8 Del.C. § 280 　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

C

West's Delaware Code Annotated Currentness
　Title 8. Corporations
　　Chapter 1. General Corporation Law
　　　Subchapter X. Sale of Assets, Dissolution and Winding Up
　　　　→ § 280. Notice to claimants; filing of claims

(a)(1) After a corporation has been dissolved in accordance with the procedures set forth in this chapter, the corporation or any successor entity may give notice of the dissolution, requiring all persons having a claim against the corporation other than a claim against the corporation in a pending action, suit or proceeding to which the corporation is a party to present their claims against the corporation in accordance with such notice. Such notice shall state:

　　a. That all such claims must be presented in writing and must contain sufficient information reasonably to inform the corporation or successor entity of the identity of the claimant and the substance of the claim;

　　b. The mailing address to which such a claim must be sent;

　　c. The date by which such a claim must be received by the corporation or successor entity, which date shall be no earlier than 60 days from the date thereof; and

　　d. That such claim will be barred if not received by the date referred to in subparagraph c. of this subsection; and

　　e. That the corporation or a successor entity may make distributions to other claimants and the corporation's stockholders or persons interested as having been such without further notice to the claimant; and

　　f. The aggregate amount, on an annual basis, of all distributions made by the corporation to its stockholders for each of the 3 years prior to the date the corporation dissolved.

Such notice shall also be published at least once a week for 2 consecutive weeks in a newspaper of general circulation in the county in which the office of the corporation's last registered agent in this State is located and in the corporation's principal place of business and, in the case of a corporation having $10,000,000 or more in total assets at the time of its dissolution, at least once in all editions of a daily newspaper with a national circulation. On or before the date of the first publication of such notice, the corporation or successor entity shall mail a copy of such notice by certified or registered mail, return receipt requested, to each known claimant of the corporation including persons with claims asserted against the corporation in a pending action, suit or proceeding to

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

which the corporation is a party.

(2) Any claim against the corporation required to be presented pursuant to this subsection is barred if a claimant who was given actual notice under this subsection does not present the claim to the dissolved corporation or successor entity by the date referred to in subparagraph (1)c. of this subsection.

(3) A corporation or successor entity may reject, in whole or in part, any claim made by a claimant pursuant to this subsection by mailing notice of such rejection by certified or registered mail, return receipt requested, to the claimant within 90 days after receipt of such claim and, in all events, at least 150 days before the expiration of the period described in § 278 of this title; provided however, that in the case of a claim filed pursuant to § 295 of this title against a corporation or successor entity for which a receiver or trustee has been appointed by the Court of Chancery the time period shall be as provided in § 296 of this title, and the 30-day appeal period provided for in § 296 of this title shall be applicable. A notice sent by a corporation or successor entity pursuant to this subsection shall state that any claim rejected therein will be barred if an action, suit or proceeding with respect to the claim is not commenced within 120 days of the date thereof, and shall be accompanied by a copy of §§ 278-283 of this title and, in the case of a notice sent by a court-appointed receiver or trustee and as to which a claim has been filed pursuant to § 295 of this title, copies of §§ 295 and 296 of this title.

(4) A claim against a corporation is barred if a claimant whose claim is rejected pursuant to paragraph (3) of this subsection does not commence an action, suit or proceeding with respect to the claim no later than 120 days after the mailing of the rejection notice.

(b)(1) A corporation or successor entity electing to follow the procedures described in subsection (a) of this section shall also give notice of the dissolution of the corporation to persons with contractual claims contingent upon the occurrence or nonoccurrence of future events or otherwise conditional or unmatured, and request that such persons present such claims in accordance with the terms of such notice. Provided however, that as used in this section and in § 281 of this title, the term "contractual claims" shall not include any implied warranty as to any product manufactured, sold, distributed or handled by the dissolved corporation. Such notice shall be in substantially the form, and sent and published in the same manner, as described in subsection (a)(1) of this section.

(2) The corporation or successor entity shall offer any claimant on a contract whose claim is contingent, conditional or unmatured such security as the corporation or successor entity determines is sufficient to provide compensation to the claimant if the claim matures. The corporation or successor entity shall mail such offer to the claimant by certified or registered mail, return receipt requested, within 90 days of receipt of such claim and, in all events, at least 150 days before the expiration of the period described in § 278 of this title. If the claimant offered such security does not deliver in writing to the corporation or successor entity a notice rejecting the offer within 120 days after receipt of such offer for security, the claimant shall be deemed to have accepted such security as the sole source from which to satisfy the claim against the corporation.

(c)(1) A corporation or successor entity which has given notice in accordance with subsection (a) of this section shall petition the Court of Chancery to determine the amount and form of security that will be reasonably likely

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

to be sufficient to provide compensation for any claim against the corporation which is the subject of a pending action, suit or proceeding to which the corporation is a party other than a claim barred pursuant to subsection (a) of this section.

(2) A corporation or successor entity which has given notice in accordance with subsections (a) and (b) of this section shall petition the Court of Chancery to determine the amount and form of security that will be sufficient to provide compensation to any claimant who has rejected the offer for security made pursuant to subsection (b)(2) of this section.

(3) A corporation or successor entity which has given notice in accordance with subsection (a) of this section shall petition the Court of Chancery to determine the amount and form of security which will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the corporation or that have not arisen but that, based on facts known to the corporation or successor entity, are likely to arise or to become known to the corporation or successor entity within 5 years after the date of dissolution or such longer period of time as the Court of Chancery may determine not to exceed 10 years after the date of dissolution. The Court of Chancery may appoint a guardian ad litem in respect of any such proceeding brought under this subsection. The reasonable fees and expenses of such guardian, including all reasonable expert witness fees, shall be paid by the petitioner in such proceeding.

(d) The giving of any notice or making of any offer pursuant to this section shall not revive any claim then barred or constitute acknowledgment by the corporation or successor entity that any person to whom such notice is sent is a proper claimant and shall not operate as a waiver of any defense or counterclaim in respect of any claim asserted by any person to whom such notice is sent.

(e) As used in this section, the term "successor entity" shall include any trust, receivership or other legal entity governed by the laws of this State to which the remaining assets and liabilities of a dissolved corporation are transferred and which exists solely for the purposes of prosecuting and defending suits, by or against the dissolved corporation, enabling the dissolved corporation to settle and close the business of the dissolved corporation, to dispose of and convey the property of the dissolved corporation, to discharge the liabilities of the dissolved corporation and to distribute to the dissolved corporation's stockholders any remaining assets, but not for the purpose of continuing the business for which the dissolved corporation was organized.

(f) The time periods and notice requirements of this section shall, in the case of a corporation or successor entity for which a receiver or trustee has been appointed by the Court of Chancery, be subject to variation by, or in the manner provided in, the Rules of the Court of Chancery.

CREDIT(S)

56 Laws 1967, ch. 50; 66 Laws 1987, ch. 136, § 38; 67 Laws 1990, ch. 376, §§ 21-25; 69 Laws 1994, ch. 266, §§ 1-17; 70 Laws 1995, ch. 186, § 1, eff. July 10, 1995.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

8 Del.C. § 281    Page 1

C

West's Delaware Code Annotated Currentness
  Title 8. Corporations
    Chapter 1. General Corporation Law
      Subchapter X. Sale of Assets, Dissolution and Winding Up
        → § 281. Payment and distribution to claimants and stockholders

(a) A dissolved corporation or successor entity which has followed the procedures described in § 280 of this title:

(1) Shall pay the claims made and not rejected in accordance with § 280(a) of this title,

(2) Shall post the security offered and not rejected pursuant to § 280(b)(2) of this title,

(3) Shall post any security ordered by the Court of Chancery in any proceeding under § 280(c) of this title, and

(4) Shall pay or make provision for all other claims that are mature, known and uncontested or that have been finally determined to be owing by the corporation or such successor entity. Such claims or obligations shall be paid in full and any such provision for payment shall be made in full if there are sufficient assets. If there are insufficient assets, such claims and obligations shall be paid or provided for according to their priority, and, among claims of equal priority, ratably to the extent of assets legally available therefor. Any remaining assets shall be distributed to the stockholders of the dissolved corporation; provided, however, that such distribution shall not be made before the expiration of 150 days from the date of the last notice of rejections given pursuant to § 280(a)(3) of this title. In the absence of actual fraud, the judgment of the directors of the dissolved corporation or the governing persons of such successor entity as to the provision made for the payment of all obligations under paragraph (4) of this subsection shall be conclusive.

(b) A dissolved corporation or successor entity which has not followed the procedures described in § 280 of this title shall, prior to the expiration of the period described in § 278 of this title, adopt a plan of distribution pursuant to which the dissolved corporation or successor entity (i) shall pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional or unmatured contractual claims known to the corporation or such successor entity, (ii) shall make such provision as will be reasonably likely to be sufficient to provide compensation for any claim against the corporation which is the subject of a pending action, suit or proceeding to which the corporation is a party and (iii) shall make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the corporation or that have not arisen but that, based on facts known to the corporation or successor entity, are likely to arise or to become known to the corporation or successor entity within 10 years after the date of dissolution. The plan of distribution shall provide that such claims shall be paid in full and any such provision for payment made shall be made

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

in full if there are sufficient assets. If there are insufficient assets, such plan shall provide that such claims and obligations shall be paid or provided for according to their priority and, among claims of equal priority, ratably to the extent of assets legally available therefor. Any remaining assets shall be distributed to the stockholders of the dissolved corporation.

(c) Directors of a dissolved corporation or governing persons of a successor entity which has complied with subsection (a) or (b) of this section shall not be personally liable to the claimants of the dissolved corporation.

(d) As used in this section, the term "successor entity" has the meaning set forth in § 280(e) of this title.

(e) The term "priority," as used in this section, does not refer either to the order of payments set forth in subsection (a)(1)-(4) of this section or to the relative times at which any claims mature or are reduced to judgment.

CREDIT(S)

56 Laws 1967, ch. 50; 66 Laws 1987, ch. 136, § 39; 67 Laws 1990, ch. 376, §§ 26-28; 68 Laws 1991, ch. 163, § 1; 69 Laws 1994, ch. 266, §§ 18-21; 70 Laws 1995, ch. 299, § 4, eff. Feb. 1, 1996; 71 Laws 1997, ch. 120, §§ 17, 18, eff. July 1, 1997.

**Codifications:** 8 Del.C. 1953, § 281

HISTORICAL AND STATUTORY NOTES

Section 32 of 71 Laws 1997, ch. 120, eff. July 1, 1997, provides:

"This Act shall be effective on July 1, 1997, except that Section 5 of this Act shall become effective with respect to indemnification of expenses (including attorneys' fees) for acts or omissions occurring on or after July 1, 1997."

LAW REVIEW AND JOURNAL COMMENTARIES

Delaware Receivers and Trustees: Unsung Ministers of Corporate Last Rites. Jack B. Jacobs, 7 Del. J. Corp. L. 251 (1982).

Extending Protection to Foreseeable Future Claimants Through Delaware's Innovative Corporate Dissolution Scheme--*In re Rego Co.*. Schnall, 19 Del. J. Corp. L. 141 (1994).

Reexamining the Fiduciary Paradigm at Corporate Insolvency and Dissolution: Defining Directors' Duties to Creditors. Stilson, 20 Del. J. Corp. L. 1 (1995).

LIBRARY REFERENCES

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.



8 Del.C. § 282 Page 1

C

West's Delaware Code Annotated Currentness
 Title 8. Corporations
  Chapter 1. General Corporation Law
   Subchapter X. Sale of Assets, Dissolution and Winding Up
    § 282. Liability of stockholders of dissolved corporations

(a) A stockholder of a dissolved corporation the assets of which were distributed pursuant to § 281(a) or (b) of this title shall not be liable for any claim against the corporation in an amount in excess of such stockholder's pro rata share of the claim or the amount so distributed to such stockholder, whichever is less.

(b) A stockholder of a dissolved corporation the assets of which were distributed pursuant to § 281(a) of this title shall not be liable for any claim against the corporation on which an action, suit or proceeding is not begun prior to the expiration of the period described in § 278 of this title.

(c) The aggregate liability of any stockholder of a dissolved corporation for claims against the dissolved corporation shall not exceed the amount distributed to such stockholder in dissolution.

CREDIT(S)

56 Laws 1967, ch. 50; 66 Laws 1987, ch. 136, § 40; 71 Laws 1998, ch. 339, §§ 57, 58, eff. July 1, 1998.

**Codifications:** 8 Del.C. 1953, § 282

HISTORICAL AND STATUTORY NOTES

Section 114 of 71 Laws 1997, ch. 339, provides:

"This Act shall be effective on July 1, 1998, except that Sections 43-46, 48, 54, and 56 of this Act shall become effective with respect to agreements of merger or consolidation entered into on or after July 1, 1998."

LIBRARY REFERENCES

 Corporations 254, 264.
 Westlaw Key Number Searches: 101k254; 101k264.
 C.J.S. Corporations § 428.

RESEARCH REFERENCES

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.