HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE:  July 30, 2010 at 5:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                          :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,            :    09-50026 (REG)
     f/k/a General Motors Corp., et al.        :
                                                             :
                              Debtors.         :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**DEBTORS' OPPOSITION TO THE MOTION OF JULIE AND DAVID
BRITTINGHAM FOR RELIEF FROM THE AUTOMATIC
STAY TO ALLOW THE COMPLETION OF A PENDING
<u>PERSONAL INJURY ACTION [DOCKET NO. 6332]</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ........................................................................................................ 2

ARGUMENT .............................................................................................................. 4

I.  The Automatic Stay is Fundamental to the Reorganization Process ..................... 4

II. Movants Have Failed to Meet Their Burden to Demonstrate Cause for
    Relief from the Stay ............................................................................................... 5

CONCLUSION ......................................................................................................... 11

## TABLE OF AUTHORITIES

*AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*,
  117 B.R. 789 (Bankr. S.D.N.Y. 1990) .................................................................................5

*In re Eclair Bakery Ltd.*,
  255 B.R. 121 (Bankr. S.D.N.Y. 2000) .................................................................................5

*Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977) ......................4

*Mazzeo v. Lenhart (In re Mazzeo)*,
  167 F.3d 139 (2d Cir. 1999) ................................................................................................5

*In re Mego Int'l, Inc.*,
  28 B.R. 324 (Bankr. S.D.N.Y. 1983) ...................................................................................5

*Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*,
  474 U.S. 494 (1986) ............................................................................................................4

*Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*,
  38 B.R. 987 (S.D.N.Y. 1984) ..............................................................................................7

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280 (2d Cir. 1990) ......................................................5, 6, 7, 9

*In re Touloumis*, 170 B.R. 825 (Bankr. S.D.N.Y. 1994) ...........................................................6, 7

### STATUTES

11 U.S.C. § 362(a)(1) ...................................................................................................................4

11 U.S.C. § 362(d) ........................................................................................................................5

11 U.S.C. § 362(d)(1) ...................................................................................................................5

28 U.S.C. § 157(b)(5) ...................................................................................................................9

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the Motion of Julie and David Brittingham ("**Movants**") for Relief from the Automatic Stay to Allow the Completion of a Pending Personal Injury Action [Docket No. 6332] (the "**Motion**"). In support hereof, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1. Movants seek relief from the automatic stay to proceed with a prepetition tort action pending against MLC in Ohio state court (the "**Ohio Case**"). Movants, however, cannot satisfy their burden of establishing cause sufficient to truncate the statutorily imposed breathing spell to which the Debtors are entitled under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Movants' case is just one of thousands of prepetition cases pending against the Debtors across the country and Movants have not articulated any special facts or circumstances warranting relief from the stay to allow them to proceed with the Ohio Case at this time.

2. Allowing Movants relief from the automatic stay at this juncture would expose the Debtors to countless other lift stay motions which would impose a burden on the Debtors and their estates at a time when their limited remaining resources should be devoted to disposing their remaining assets in an orderly and value-maximizing manner and proceeding with the chapter 11 claims process. Through the claims resolution process, which includes Court-imposed alternative dispute resolution

procedures (the "**ADR Procedures**") the Debtors are efficiently and fairly addressing prepetition claims, including those of the Movants, in a centralized fashion.  Indeed, the ADR Procedures have been very successful to date and should not be undermined by the lifting of the automatic stay in other actions, such as the Ohio Case.  The Debtors should not be forced to litigate such claims in a piecemeal, *ad hoc* manner in courts across the country.

3. The burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend themselves in the Ohio Case far outweighs any prejudice to the Movants in preserving the automatic stay as to the Debtors.  The Debtors are not the sole defendant in the Ohio Case and the Debtors have expressed no objection to being severed from the Ohio Case thus allowing the Ohio Case to proceed as to the remaining defendant.  Further, the Debtors have expressed a willingness to allow the Ohio Case to proceed so long as Movants waive their claims against the Debtors' estates.  The parties have been unable to agree to the terms regarding either of these options, however, and therefore the Debtors must oppose the instant Motion so that their estates – and other creditors – are not burdened and prejudiced by litigation proceeding against the Debtors in the Ohio Case.  Accordingly, the Debtors respectfully request that this Court deny the Motion.

## **BACKGROUND**

4. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The commencement of these chapter 11 cases triggered the automatic stay of all litigation pending against the Debtors pursuant to section 362 of the Bankruptcy Code.

5. As of the Commencement Date, the Ohio Case was pending against MLC, Dr. Virginia Stull, and John Does I-V (collectively, the "**Defendants**") in the Court of Common Pleas for Montgomery County, Ohio (the "**Ohio Court**"). The Ohio Case alleges that the Defendants negligently performed Ms. Brittingham's pre-employment physical thereby causing personal injury to Ms. Brittingham. As of the Commencement Date, MLC and Dr. Stull each had separate motions for summary judgment pending and Movants had a cross motion for partial summary judgment pending. To date, there has been no hearing or ruling on the motions and cross motions for summary judgment, several expert and fact witnesses have yet to be deposed, and the Defendants require further discovery of Ms. Brittingham's medical records from September 2008 to the present.

6. On November 27, 2009, Movants filed an unliquidated proof of claim asserting an unsecured claim against the Debtors based upon the allegations underlying the Ohio Case.

7. On February 23, 2010, this Court entered an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation [Docket No. 5037].

8. On June 15, 2010, Movants filed their first motion for relief from the automatic stay to proceed with the Ohio Case [Docket No. 6007] (the "**June 15 Motion**"). The June 15 Motion expressly stated that if the stay were lifted as to MLC, Movants "shall agree to enforce any award rendered or judgment entered against [the Debtors] to the extent of and against assets outside the Debtors' estate and/or available insurance proceeds." (June 15 Mot. at 3). Before the Debtors filed a response to the June

15 Motion, Movants withdrew the June 15 Motion and filed the instant Motion seeking to lift the automatic stay without waiving Movants' claims against the Debtors' estates.

## ARGUMENT

I. **THE AUTOMATIC STAY IS FUNDAMENTAL TO THE REORGANIZATION PROCESS**

9. Section 362(a) of the Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). "The automatic stay provision of the Bankruptcy Code … has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986)) (*quoting* S. Rep. No. 95-989 at 54 (1978); H.R. Rep. No. 95-595 at 340 (1977)). The automatic stay provides the debtor with a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on the administration of the chapter 11 case. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case), *cert. denied*, 429 U.S. 1093 (1977). Further, it "prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can

be assembled in the bankruptcy court for a single organized proceeding." *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990).

## II. MOVANTS HAVE FAILED TO MEET THEIR BURDEN TO DEMONSTRATE CAUSE FOR RELIEF FROM THE STAY

10. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause":

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).[1] The statute does not define "cause," however, courts in this Circuit have determined that in examining whether cause exists they "must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

11. The seminal decision in this Circuit on whether cause exists to lift the automatic stay is *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating District Court order granting stay

---

[1] Sections 362(d)(2)–(4) of the Bankruptcy Code provide grounds for relief from the stay that are not applicable to a request for relief from the stay to pursue a litigation claim.

relief where Bankruptcy Court had not applied *Sonnax* factors, made only sparse factual findings, and ultimately did not provide appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the Second Circuit outlined twelve factors to be considered when deciding whether to lift the automatic stay:

 (1) whether relief would result in a partial or complete resolution of the issues;

 (2) lack of any connection with or interference with the bankruptcy case;

 (3) whether the other proceeding involves the debtor as a fiduciary;

 (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

 (5) whether the debtor's insurer has assumed full responsibility for defending it;

 (6) whether the action primarily involves third parties;

 (7) whether litigation in another forum would prejudice the interests of other creditors;

 (8) whether the judgment claim arising from the other action is subject to equitable subordination;

 (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

 (10) the interests of judicial economy and the expeditious and economical resolution of litigation;

 (11) whether the parties are ready for trial in the other proceeding; and

 (12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286. Only those factors relevant to a particular case need be considered, and the court need not assign them equal weight. *In re Touloumis*, 170 B.R.

825, 828 (Bankr. S.D.N.Y. 1994). The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Sonnax*, 907 F.2d at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id*. Further, the cause demonstrated must be "good cause." *Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984). Movants fail to meet their burden of establishing good cause for lifting the automatic stay under the *Sonnax* analysis.

12. The first *Sonnax* factor does not support relief from the stay because lifting the stay would not result in complete resolution of the issues. If the stay were lifted, the Ohio Case would still have to be litigated against MLC. Litigating the Ohio Case to completion would require oral argument on the pending motions and cross motions for summary judgment, a ruling on summary judgment, and, if summary judgment is not granted, completion of depositions and document discovery, pre-trial preparations, and trial. (*See also Sonnax* factor 11). Even if a judgment were ultimately rendered against MLC in the Ohio Case, such judgment would merely entitle Movants to a general unsecured claim to be paid proportionally with the thousands of other such claims in accordance with the terms of a confirmed plan of reorganization. There is no reason Movants must liquidate their general unsecured claim ahead of the thousands of similarly-situated creditors. While the movants have indicated that they need a judgment against MLC in order to pursue third parties (*See* Mot. ¶ 20(a)), the Debtors do not believe that to be the case. To the extent Movants intend to seek a judgment against MLC, MLC will have no choice but to fully defend the action.

13. The second and seventh *Sonnax* factors weigh against lifting the automatic stay as well because allowing the Ohio Case to proceed as to MLC would interfere with these chapter 11 cases and prejudice the interests of other creditors. As this Court has noted previously in denying similar lift stay motions, requiring the Debtors to litigate the Ohio Case at this juncture in these chapter 11 cases would not only deplete estate resources, thereby prejudicing other creditors, but would also expose the Debtors to having to defend countless other lift stay motions. This would impose a heavy burden on the Debtors' valuable time and scarce resources when the Debtors' focus should be on, among other things, determining how to dispose of their remaining assets in an orderly and value-maximizing manner and proceeding with an organized chapter 11 claims resolution process. Movants' argument that resolving their claims before this Court "may result in a greater interference with the Bankruptcy Case" (Mot. ¶ 20(b)) is inapposite. This Court is experienced in resolving claims flowing from long-term, ongoing litigation originally filed in other courts. Conversely, the flood of lift stay motions that would ensue if the requested relief is granted, would result in significant interference with these chapter 11 cases.

14. The fourth *Sonnax* factor does not support relief from the stay because, as this Court has previously noted with respect to other courts in which prepetition litigation is pending, the Ohio Court does not have any particularized expertise that this Court does not have. While the Ohio Court may be more familiar with the history of the Ohio Case, the same could be said for the courts in which each of the thousands of prepetition cases pending against the Debtors were originally filed. Notwithstanding this reality, the Bankruptcy Code specifically contemplates resolving

prepetition claims against the Debtors via a centralized claims resolution process shepherded by the bankruptcy courts. Indeed, as this Court has previously noted "[b]ankruptcy litigation is typically as efficient or more efficient than litigation in the district courts in connection with plenary litigation." [Hearing Tr. 41:18 – 20, Nov. 5, 2009]. Movants' argument that the stay should be lifted because this Court cannot hear the Movants' personal injury claims because Movants are seeking a trial by jury is similarly inapposite. Should the need to conduct a jury trial on Movants' claim against the Debtors arise, such litigation could occur in the District Court for the Southern District of New York or in the District Court in Ohio – the trial need not be held before the Ohio Court. *See* 28 U.S.C. § 157(b)(5). The decision of where to try the multitudes of personal injury claims against the Debtors is one that need not be made at this juncture in these chapter 11 cases and lifting the stay on this basis would set a negative precedent encouraging similar lift stay motions on the same grounds.

15. The fifth *Sonnax* factor does not support the relief sought in the Motion because to the extent any insurance is available to pay for any judgment against MLC, Movants could agree to waive their claims against the Debtors and proceed as to insurance or other non-estate assets only.

16. The sixth *Sonnax* factor does not support the relief sought in the Motion because if the Ohio Case does primarily involve third parties as the Movants assert (*See* Mot. ¶ 20(f)), then Movants should sever MLC or waive their claims against the Debtors and proceed as to the third parties.

17. The tenth *Sonnax* factor does not support relief from the stay because the interests of judicial economy and the economical resolution of litigation

would best be served by resolving the Movants' claims against the Debtors through the bankruptcy claims process, which includes the ADR Procedures.  As this Court noted previously, "[t]he economical way of doing [prepetition litigation] is dealing with [prepetition litigation] by the claims allowance process, as all of the other thousands of claims against this estate are."  [Hearing Tr. 44:20 – 205, Nov. 5, 2009].  The Debtors have been successful at minimizing costs to the estate through use of the ADR Procedures.

18. Likewise, the twelfth *Sonnax* factor does not support lifting the stay because the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend itself in the Ohio Case far outweighs any potential gain to Movants in proceeding with the Ohio Case against MLC.  The Movants have always been free to sever MLC and proceed with the Ohio Case as to the codefendants.  Meanwhile, the Movants' claim against the Debtors will be addressed via the centralized claims resolution process along with the thousands of other general unsecured prepetition tort claims.  Accordingly, Movants are not prejudiced in any material respect by maintenance of the automatic stay as to the Debtors and the Court should deny their Lift Stay Motion.

## CONCLUSION

WHEREFORE the Debtors respectfully request that the Court deny the Motion and that the Debtors be granted such other and further relief as is just.

Dated: July 30, 2010
     New York, New York

                               */s/ Joseph H. Smolinsky*
                               Harvey R. Miller
                               Stephen Karotkin
                               Joseph H. Smolinsky
                               WEIL, GOTSHAL & MANGES LLP
                               767 Fifth Avenue
                               New York, New York 10153
                               Telephone: (212) 310-8000
                               Facsimile: (212) 310-8007

                               Attorneys for Debtors and
                               Debtors in Possession