HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                :
**In re**                                       :   Chapter 11 Case No.
                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.*,       :   09-50026 (REG)
     f/k/a General Motors Corp., *et al.*       :
                                                :
                           Debtors.             :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x

**RESPONSE OF DEBTORS TO MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY
FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING
PRODUCTION OF DOCUMENTS BY (I) THE CLAIMS PROCESSING
FACILITIES FOR CERTAIN TRUSTS CREATED PURSUANT
TO BANKRUPTCY CODE SECTION 524(G)
AND (II) GENERAL MOTORS, LLC AND THE DEBTORS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

for their response to the motion of the statutory committee of unsecured creditors (the

"**Creditors' Committee**") for an order pursuant to Fed. R. Bankr. P. 2004 directing the

production of documents by (i) the claims processing facilities for certain trusts created

US_ACTIVE:\43458585\02\72240.0639

pursuant to 11 U.S.C. § 524(g) and (ii) General Motors, LLC ("**New GM**") and the Debtors, dated July 20, 2010 (the "**Motion**") [Docket No. 6383], respectfully represent:

1. The Motion requests the production of certain items from the Debtors and New GM. More specifically, the Motion seeks (i) the last four digits of the social security numbers of the plaintiffs (the "**Plaintiffs**") who filed prepetition asbestos personal injury actions against MLC and (ii) the complaints, the case-specific interrogatory responses served by the Plaintiffs, and the transcripts of the depositions of the Plaintiffs in certain "mesothelioma cases."

2. The Debtors and New GM have had certain discussions with the Creditors' Committee and have resolved the Motion as it relates to the Debtors and New GM as follows:

(a) <u>Social Security Numbers</u>. Subject to the entry of an order by the Court authorizing the same, New GM will provide to the Creditors' Committee the last four digits of the social security numbers of the Plaintiffs that it has. The Creditors' Committee already has been advised that neither the Debtors nor New GM have such information for all of the Plaintiffs.

(b) <u>Complaints, Interrogatories, and Deposition Transcripts</u>. The Creditors' Committee has agreed to limit this request to 650 prepetition lawsuits specified by the Creditors' Committee (the "**Lawsuits**"). With respect to the Lawsuits, the Debtors and/or New GM shall provide to the Creditors' Committee as soon as practicable copies of the complaints, the case-specific interrogatory responses of the Plaintiffs in the Lawsuits, and the deposition transcripts of the Plaintiffs in the Lawsuits. The interrogatories and the deposition transcripts referred to herein are in the possession

of local counsel, and the production thereof is subject to local counsels' ability to locate and provide the same. The effort to obtain such documents is already underway.

3. With respect to the balance of the Creditors' Committee's request (i.e., for information from the Claims Processing Facilities (as defined in the Motion)) (Motion at 13-14), the Debtors are concerned that the delay associated with such discovery could impact the timely administration of these chapter 11 cases. The Debtors note that no other retained expert has requested such information. Moreover, if the Creditors' Committee's expert believes such information is so critical to its analysis, the Debtors question why this request surfaced three months after the Creditors' Committee's expert was retained.

WHEREFORE the Debtors respectfully request that the Motion be resolved with respect to the discovery related to MLC and New GM as set forth herein and that the Debtors be granted such other and further relief as is just.

Dated: New York, New York
       Aug. 2, 2010

/s/  Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession