Barry-Henry: Spencer Junior
MCI Shirley - W89745
P.O. Box 1218
Shirley, MA  01464

Temparary Address for Creditor

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------X

In re                                :  Chapter 11 Case No.
                                     :
MOTORS LIQUIDATION COMPANY et, al    :  09-50026 (REG)
     f/k/a General Motors Corp       :
                                     :
                    Debtors,         :
------------------------------------X

*Endorsed Order:*
*Denial, for failure to*
*show a prima facie*
*entitlement to relief.*

*S/REG*
*USBJ*
*8/2/10*

### MOTION OF OBJECTION AND FOR SANCTIONS
### FOR VITIATION AND BAD FAITH ON BEHALF
### OF DEBTORS, IN BREACH OF ADR PROCEEDINGS

Spencer moves this Honorable Court for
sanctions, attorney fees, other fees and cost,
but not limited to the agreed upon award of the
agreed $9,000,000 (Nine Million dollar) **Claim Cap**
**Amount** ("Cap") pursuant to part F, of the alterna-
tive resolution procedures established in the
Order, 11 U.S.C. § 105(a) and General Order M-390
Authorizing Implementation of Alternative Dispute
Procedures, Including Mandatory Mediation (the
**"ADR Procedures"**)[Docket No. 5037] entered by the
United States Bankruptcy Court for the Sourthern
District of New York on February 23, 2010, the
award (herein above-mentioned) and sanctions are
are intended to prevent unfair practice to the

litigants and ensure the congruity and integrity
of the ADR Proceedings.

## INTRODUCTION

Predicated upon a private injury/product
liability/warranty, ect. claim being filed in the
Commonwealth of Massachusetts Suffolk Superior
Civil Court No. 2005-02304, Barry-Henry: Spencer
Junior ("Spencer") Creditor moved to Attach the
Debtor General Motors Corp. ("MLC" Motor Liquidation
Co) assets in the amount of $12,500,000 (Twelve
Million and Five Hundred Thousand Dollars) then MLC
by their attorney moved to Stay the Case, based on
this Bankruptcy Forum, hence, Spencer was sent a
Proof of Claim, see annexed.

In accord with this Court's Order the Claim was
properly filed, with the Insurer "The Garden City
Group,Inc., by November 30, 2009, for an amount
exceeding $680,000,000 (Six Hundred and Eighty
Million Dollars) for several Years of Stall tac-
tics, and vitiation of the process based upon
Spencer's Unrelated incarceration (that has so
recently been overturned on Constitutional Error),
However, at no time within the filing to present
has the Debtor MLC contested nor objected to the
claims of Spencer (Fed. R. Bankr. P 3007-1 Mass.
Local Rules) by factual or legal grounds.

Upon the Debtor's Motion established in this
Court's Order Pursuant to 11 U.S.C. § 105(a) and
General Order M-390 Authorizing Implimentation of
Alternative Dispute Procedures, Including Mandatory
Mediation, Spencer sent an original Capping letter
for $30,000,000 (Thirty Million Dollars) that went
unanswered, until one of the Debtor's Attorneys
contacted Spencer's Brother from the Proof of
Claim contact, and expressed the desire to enter
ADR Proceedings, so based upon said conversation
between Brothers Spencer sent Smolinsky a Damage
Assessment, dated April 28, 2010.

  Smolinsky and Sylvester-Richard: Spencer
("Sylvester") spoken of MLC's intent to less the
Cap to $9,000,000 (Nine Million Dollars) with a
$200,000 (Two-Hundred Thousand Dollar)(the **"Claim
Settlement Floor"** a/k/a "CSF")

  Spencer via Sylvester told Smolinsky the CSF was
not in congruity with the original Motion he filed,
nor the Court order that explicitedly expressed
that Claims above $500,000 (five-hundred Thousand
Dollars) were only eligible for the ADP Proceedings.
Sylvester told Spencer he and Smolinsky had words
over the CSF number, thus, causing Smolinsky to
become unprofessional in his words i.e. telling
Sylvester to tell Spencer if he was so worried about
the CSF, he'll write the release for the $500,000,
x

-3-

or, He' ll just recommend the ADR process does not
occur and he' ll put the case on the bottom of the
pile, and most unprofessional was that it does not
matter to him either way, cause MLC could change
jurisdiction to New Jersey Bankrupcty Court where
the laws are more lax, and MLC can expunge the debt
of All Creditors.

After the subtle threats, coercion and intimi-
dation He told Sylvester to express to me his intent
and he will contact him again.

Spencer then Wrote another **Capping Proposal
Letter** on May 17, 2010, expressing the intent of
both parties to enter the ADR Proceedings to
attempt to resolve the claims. Notibly, in the
Letter Spencer made it clear that MLC and their
Attorney again lessen the original Cap suggestion
to 9 Million instead of 10 Million, so the lost
Million should at least serve as the CSF, and
also reminded the Attorney and MLC of their Motion,
and that the Spencer Surviving Claim was not of the
**Excluded Claims** in their Motion, thus, the CSF
was inappropriate, and I would expect the other
privileges for exchange of the Capping 9 Million.
Spencer also provided a Certified Notice of Personal
Representative, allowing Sylvester to have power to
negotiate for him in the ADR Proceeding due to his
incarceration, as aidant to move forward for both
parties of interest, however, this was ignored.

Smolinsky on behalf of MLC, sent Spencer a
Notice to Proceed in the ADR Procedures dated
May 25, 2010, which contained sections A-H, Spencer
made an objection to MLC's CSF (section C & D), and
two question were asked, even though Objections had
occurred, the agreement was signed, see annexed –
hereto.

Notibly, Spencer wrote Smolinsky and MLC on
the Agreement Letter, since none of the issues were
addressed in the May 17th letter, and their agree-
ment letter still expressed the same subject matter
that was denied by Spencer via Sylvester, and in a
letter. Spencer mailed Smolinsky the June 1, 2010
letter along with his agreement letter, and upon
his receiving the letter he called Sylvester and
was abusive, upset, and agressive with more threats
coercion and intimidation, since his earlier acts
were herein explained (Jersey threat, ect.,) were
called into play.

MLC nor their Attorneys have not responded
to the agreed Cap, that is the basis of the ADR
Proceedings. Spencer made a simple Counter-Offer
in Good faith, yet The Debtors have failed to
respond in accord with the due process of the ADR
Proceedings.

### JURISDICTION

This court has jurisdiction to consider this
matter pursuant to 28 U.S.C. § 157 and 1334. This

Court also holds jurisdiction under the scope of
28 U.S.C. § 451, § 1651(a) and § 1927. However,
contemoraneous this issue is core under 28 U.S.C.
§ 157, § 451, and § 1927.

### MEMORANDUM IN SUPPORT

By the very terms of the ADR Proceedings the
Creditor Spencer filed objections to abjection and
euphemism threats, coercion and intimidation in present
and future actions, to undermine the surviving Spencer
Claims, thus, causing the ADR and Case Proceedings to
multiply unnecessarily, unreasonably and vexatiously
in vitiation of Part F – Failure to Comply with the
ADR Procedures, and Bankruptcy Codes and Rules.

If a creditor files a counteroffer/objection
the Debtors and Attorney have an obligation to res-
pond, and at least show an attempt to have resolved
the conflict, which has not occurred, in this case.
It only shows a vicissitude of new rules not in
congruity with the original motion, the Order of this
Court nor the Bankruptcy Codes.

The terms of § 1927 is clear since it authorizes
sanctions when a party multiplies "the proceedings of
any case." Hence, courts are to apply § 1927 "to
misconduct by an attorney in the course of the pro-
ceedings in a case before the court, not misconduct
that occurs before the case appears on the Federal
Court's docket." Bender v·Freed, 436 F.3d 747, 751.

-6-

Spencer's original claim in Massachusetts has
been stayed due to this venue, thus, All discovery,
the attachment of assets, and trial has been held
in limbo, but as a remedy, He was offered this
Creditor's venue, as All Creditors, yet, the Debtor
is still multiplying the proceedings unreasonably.

Although Bankruptcy Court is not " Court of
the United States" within the meaning of 28 U.S.C.
§§ 451 and § 1927, it is a unit of District Court,
which is a " Court of the United States," and thus
Bankruptcy Court comes within scope of § 451; under
28 U.S.C. § 157 and standing order of the United
States District Court...which delegates authority to
the Bankruptcy Court...to hear cases under Title 11
U.S. Code as well as any and all proceedings necessary
to hear and decide those cases, Bankruptcy Court has
authority to impose sanctions under 28 U.S.C. § 1927.
In re Schaefer Salt Recovery, Inc (2008 CA3 NJ) 542
F.3d 90, 50 BDC 144, CCH Bankkr L Rptr ¶ 81319

Now if this court is reminded of some pawn moves
by the debtors to avoid sanctions or awards for the
Creditor, Spencer reminds the court it may adopt
without comment reasoning as in Continental Airlines,
where the Bankruptcy Court reversed self and holds
that it possesses no contempt powers, civil or
criminal, and therefore it can act sua sponte under
28 U.S.C. § 157(d) recommends withdrawal of reference

-7-

of case to Bankruptcy Court, so the District Court can use full contempt powers to deal with gross misconduct of debtor and debtor's attorney, including crude tactics, filling scurrilous briefs, refusal to disclose...and numerous other abuses. see In re of Moody (1986 BC SD Tex) 64 BR 594, 15 CBC2d

Notibly, the District Court has power pursuant to 28 U.S.C. § 1651(a) to enjoin litigants who abused court system by harrassing their opponents also it prompted the Bankruptcy Courts to impose, its own, restrictions on debtor's frivolous litigation actions, thus, imposed strict criteria for future litigation. In re Armstrong (2003 BC DC Utah) 297 BR 154 aff'd, motion den (2004  BA P10) 309 BR 799.

### CONCLUSION

It is well established that this case has been active since 2005 in state and federal venues, thus, five (5) years later this case has not completed any proceeding beyond providing an answer in the State forum, and the vexatious unreasonaable delay in the ADR Proceedings again multiplying all the proceedings once again of the case, Spencer is entitled sanctions and award or the Capping agreement without further delay.

By: Barry Henry Spencer Juno

Barry-Henry Spencer Jr
P.O. Box 1218
Dated: July 10, 2010    Shirley, MA 01464

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
| --- | --- |

**Name of Debtor (Check Only One):**     Case No.
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)   09-13558 (REG)

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

Name of Creditor (the person or other entity to whom the debtor owes money or property): SPENCER, BARRY

Name and address where notices should be sent:

SPENCER, BARRY
PO BOX 1218
SHIRLEY, MA 01464-1218

Contact
Sylvester R. Spencer –
Telephone number: 617.719.4087 Brother
Email Address: srspencer1@comcast.net

Name and address where payment should be sent (if different from above):

Keep on Record Business Address
BARRY H. SPENCER JR
Care of: Post Office Box 191128
Roxbury, MA  02119
Telephone number: see above

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 05-02304
*(If known)* MASSACHUSETTS
SUFFOLK SUPERIOR Ct.
Filed on: 2005

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check this box if you are the debtor or trustee in this case.

THE GARDEN CITY GROUP, INC.
NOV 30 2009

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**   $ 682,000,000.00 negotiable

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.   **see Verified Proof of Claim annexed hereto**

**2. Basis for Claim:** Breach of Contract(s), Impeding Commerce, personal injury
*(See instruction #2 on reverse side.)* loss wages, Medical Bills, consortim, Property loss

**3. Last four digits of any number by which creditor identifies debtor:** Commercial Debt CD GM-2304

   **3a. Debtor may have scheduled account as:** _____
   *(See instruction #3a on reverse side.)*

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☒ Other
Describe:

Value of Property: $ _____   Annual Interest Rate 18 %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ _____

Basis for perfection: denial of writ due to Bankruptcy Stay

Amount of Secured Claim: $ 125,000,000.00   Amount Unsecured: $ 557,000,000.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☒ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 507(a)(2)).

☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$ 12,500,000.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Date: 4/16/09

Barry Henry Spencer Junior, Secured Party, Auth. Rep.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

## VERIFIED PROOF OF CLAIM
### FOR
### COMMERCIAL DISHONOR

#### NOTICE OF FAULT AND OPPORTUNITY TO CURE

CERTIFIED MAIL NUMBER: 7008 1830 0004 5593 6429

**Parties:**        BARRY HENRY SPENCER JR/CREDITOR-PRINCIPAL & OWNER
c/o POST OFFICE BOX 1218
SHIRLEY, MA 01464-1218

TAMIKA NICLOE SCOTT/CREDITOR-PRINCIPAL & OWNER
c/o 352 WALNUT AVE APT# 3  (CHANGE OF ADDRESS)
ROXBURY, MA 02119

MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS COPR.)
c/o THE GARDEN CITY GROUP, Inc./DEBTOR
Attn: Motors Liquidation Company Claims Processing
POST OFFICE BOX 9386
DUBLIN, OHIO 43017-4286

Original Claim was filed with CEO Wagner, then "allegedly processed"
by ESIS GM (Results were never made public or available, nor was
Creditor allowed Administrative Remedy(ies). Second opportunity to
cure Commercial Defult and Dishonor was filed in Massachusetts
Suffolk Superior Civil Court 2005-02304. Case was stayed due to
present Bankruptcy Chapter 11 No.09-50026 at all times the Attorney
(ies) in Corporate capicity chosen not to honor the assumpsit and
decided to argue resulting in Commercial DISHONOR UCC 3-501 to 3-505.

#### STATEMENT OF FACTS

1. Sometime between 1996-1997 General Motors Manufactured Cadillac
vehicles, and sold them in the stream of commerce with an implied
warranty insuring the merchantability of the product. Unbeknown,
to GM as a good faith jester, there was a design defect in the fuel
system, that will over time cause the fuel rail to Crack. Cracking
would cause fuel leaks in the engine compartment, stalling due to
fuel loss of pressure to the engine. Between 1996-1997 to 10/2004
this Commercial Liability existed without a Commercial Remedy, in
violation of Commercial International Law and the State and Federal
Constitution(s), also the color of State and Federal Law(s).

2. In January 2003, TAMIKA N. SCOTT purchased one of the above
vehicles Green Eldorado 1997, from the Dealer Expressway Toyota,
the vehicle experienced stalling and shutting off while in use on
public ways. She returned the vehicle twice with witnesses due to
problems. She was insured the vehicle was safe, so she had taken
the vehicle. It was a weekend errand vehicle shoping, laundry, ect.,
see Affidavit of Creditor TIMIKA N. SCOTT.

3. On July 11, 2003, BARRY H. SPENCER JR, was on his way to his
second job site Kara's Painting to get material(s) for a Catered
function he had to do that weekend, when he had a vehicle turn onto
the street in front of him, he changed lanes and was rearended and
at this time the vehicle stalled and shut-off. Systems went Dead.

The Vehicle veered off road and into a tree, thus, causing SPENCER
SUBSTAINTIAL INJURY and DAMAGE, making him incapable to fuction as
whole in Public and Private capácities. The injury(ies) caused
several days of hospital care and after care resulting in more than
$27,000.00 in medical bills; loss wages for two jobs and a new
catering Business (Nafse's Catering & Bistró), the pain medication
caused dependency (leading to additional Mental and physical injury) and
He had problems in support of family and loss of consortium with SCOTT
and his Children. see Affidavit of Creditor BARRY H. SPENCER JR.

4. GM was notified via. CEO Richard Wagner, and He referred the
matter to the claims department for GM (ESIS GM). ESIS Requested
I, BARRY H. SPENCER JR., provide information and sign releases. I
complied. I requested a copy of the findings and a copy of the
policy/administration criteria of how a claim is evaluated. ESIS GM
never to this day complied with the request. I wrote and called the
agent of ESIS but he would not provide any information. I then
requested the appeal process or who was the supervisor due to the
agent's recalcitrant behavior towards the Creditor's claim on the
liability without a remedy. ESIS GM placed their parent corporation
by their corporate capicity, in Default of the Assumpsit debt on the
antecedent contract, trust agreement and commercial agreement, thus,
the 1st evidence of Commercial Dishonor (UCC 3-502) is clearly
established. This commercial debt could of been sold for BID to a
third party, on the commercial Dishonor.

5. To establish a chance for GM to Honor and pay the assumpsit
antecedent claim or find a reasonable settlement BARRY H. SPENCER JR
and TAMIKA N. SCOTT filed a statute staple antecedent claim against
GM for all herein above, some orally stated to lawyer(s) Eckert,
Seamans, Cherin & Mellot (Jennifer M. Brooks, Sandy S. Shen, and
Charlotte Bednar) in their corporate capicity, the lawyers further
placed GM in commercial Dishonor for a corporate liability without
a remedy available during SPENCER's Injury(ies) and losses. SPENCER
and SCOTT filed the claim in Massachusetts Suffolk Superior Court
No. 2005-02304, then moved for Writ of Attachment in the amount of
$12,500,000.00 (that was just denied 6/29/2009 pursuant to the
Bankruptcy Stay Motion filed By Jennifer M. Brooks in the Suffolk
Courty in Massachusetts, thus, the commercial Dishonor is ripe for
sale to a third party on the International Commercial arena)

6. For the record, the bulk of this commercial dishonor resides
with BARRY H. SPENCER JR., and this ORGANIZATION, TRADE NAME, TRADE
MARK, DEBTOR, has a Secured Party/Creaditor that is the Holder or
Due Course of the GM Debt, he has an International Registered
Private Tracking Number - RE 011-42-963 US and UCC-1 filed in
Massachusetts - Secured Transaction Registry Number-200972913140
and Tamika N. Scott's consortim claim and my children are covered
by Me, Authorized Representive, Bailor, Principal, Sentient Soul Man,
Grantor, Reinsurer, Underwriter, Secured Party, Power of Attorney,
Barry-Henry: Spencer Junior. Further, I hold a foreign jurisdiction
that supersedes any other that interfers with obligations of or
impairment of contract obligations, between Me and any Debtor.

7. For the record, so there is no miscommunication between the CREDITOR(S) and the DEBTOR-MOTOR LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION). Notibly, to ensure my true intent regarding this assumpsit commercial debt in DISHONOR and DEFAULT (UCC 3-502), I am selling this debt at $12,500,000.00 (Twelve Million, and Five Hundred Thousand) since that is what I asked for on the Writ of Attachment, or the debt pursuant to the Statute Staple Security Instrument Legal NOTICE AND DEMAND - TO ALL STATE, FEDERAL AND INTERNATIONAL PUBLIC OFFICERS (includes ALL other corporations) duly filed in Massachusetts International Registered Private Tracking Number - RE 011-42-963 UCC-1 Filed in Massachusetts (Secured Transaction Registry Number - 200972913140 BILLING COSTS ASSESSED WITH LEVIES AND LIENS UPON VIOLATIONS SHALL BE:

1. ABUSE OF AUTHORITY $2,000,000.00 (TWO MILLION) US Dollars, per occurrence per agent/officer
3 occurrences (ESIS GM Claim, Appeal, & MA Case No. 05-02304)
6 agents/officers (ESIS Cl. Adj., Cl. Sup.& Mgr./MA Attry-Shen, Bednar & Brooks) . . $36,000,000.00

2. VIOLATION OF SPEEDY TRIAL or ADMINISTRATIVE REVIEW
$2,000,000.00 (TWO MILLION) US Dollars per occurrence per agent or officer involved
3 occurrences (ESIS CLAIM, APPEAL (PROLONGED w/o Remedy) and MA Case No.05-02304 -Automatic STAY)
6 agents/officers (ESIS Cl. Adj., Cl. Sup.& Mgr/MA Attry-Shen, Bedner& Brooks) . . . $36,000,000.00

3. DENIAL OF DUE PROCESS
$2,000,000.00 (TWO MILLION) US Dollar per occurrence per agent or officer involved
3 occurrences (ESIS CLAIM, APPEAL (Denied syllogistic of Claim, No Appeal remedy), MA Case No. 05-02304 - Automatic Stay
6 agents/officers . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

4. ABUSE OF DUE PROCESS
$2,000,000.00 (TWO MILLION) US Dollars per occurrence per agent or officer involved
3 occurrences  (vitiated process in ESIS Claim, No Administrative Remedy ESIS & MA Case - DISHONOR/STAY)
6 agents/officers . . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

5. FREEDOM OR SPEECH
$2,000,000.00 (TWO MILLION) US Dollars per occurrence per agent or officer involved
1 occurrence (ESIS Cl. Adj. did not like to be questioned on claims process, was rude, hung up on, and denied the syllogistic of how the claim would be evaluated and the appeal process)
1 agent . . . . . . . . . . . . . . . . . . . . . . . . . $2,000,000.00

6. DISRESPECT BY JUDGE OR OFFICER
$2,000,000.00 (TWO MILLION) US Dollar per occurrence per agent or officer involved
1 occurrence  see above
1 agent  see above . . . . . . . . . . . . . . . . . . . . . . $2,000,000.00

7. THREAT, COERCION, DECEPTION, OR ATTEMPTED DECEPTION
$2,000,000.00 (TWO MILLION) US Dollars per occurrence per agent or officer involved
3 occurrence (ESIS CLAIM PROCESS, DENIAL OF ESIS APPEAL & MA CASE DISHONOR/STAY)
6 agents . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

8. CONSPIRACY
$2,000,000.00 (TWO MILLION) US Dollars per occurrence per agent or officer involved
3 occurrences (ESIS GM & MA Case Attry-Corporate capicity)
6 agents . . . . . . . . . . . . . . . . . . . . . . . $36,000,000.00

9.   AIDING AND ABETTING
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
3 occurrences (ESIS, GM & MA Case Attrys)
9 agents . . . . . . . . . . . . . . . . . . . . . . . . . $54,000,000.00

10.   RACKETEERING
$2,000,000.00 (TWO MILLION) US Dollars  per occurrence  per agent or officer involved
see above . . . . . . . . . . . . . . . . . . . . . . . . $54,000,000.00

11.   UNLAWFUL DISTRAINT OR ENCROACHMENT OF PUBLIC HAZARD BOND FOR INJURY AND DAMAGE
$5,000,000.00 (FIVE MILLION) US Dollars  per occurrence  per agent or officer involved
plus 18% annual interest  since reported to GM CEO  2005
3 occurrences (ESIS, GM & MA Attrys)
9 agents . . . . . . . . . . . . . . . . . . . . . . . . $342,000,000.00

12.   DESTRUCTION, DEPRIVATION, CONCEALMENT, DEFACING, ALTERATION. OR THEFT OF PUBLIC HAZARD BOND
In addition to  aforementioned (Bond Value was concealed in violation of limited liability Insurance
fraud 15 USC, under the guise of being self insured)

13.   BREACH OF ANTECEDENT CONTRACT, TRUST AGREEMENT OR COMMERCIAL AGREEMENT
  occurrences (Constitution(s) State & Federal, color of statute staple law(s) State & Federal,
GM 's  Manufacturer implied and/or expressed warranty of Merchanability        $12,000,000.00

Commercial Assumpsit Debt to Creditor BARRY H. SPENCER JR GRAND TOTAL        $682,000,000.00

8.     In good faith, I am willing to forgive majority of this
commercial assumpsit due to a liability withot a remedy when I was
injured and the further recalcitrant acts to added to the physical
and emotional scars. I'm willing to offer, that (3) Cadillac Trucks
fully equipted&(TV, CD-Movies, Music video games) are delivered to
Tamika N. Scott with one Title in her name in two in Mine. A Check
is Drafted in the Amount of $100,000.00 for Tamika N. Scott is sent
to her to exhaust her claim(s) (this will be Subtracted from the
$12,500,000.00) Ensure the Vehicles are insured for 7 years reason-
able corporate rate (I will provide names of other drivers for mine).
     The remainder of the money about $12,250,000.00 I would like to
invest $3,000,000.00 into GM by Stock dividend reinvestment. I then
want an escrow account made for $7,000,000.00 interest and bonds.
The remainder I want in an account bearing my name with access, I
would want two additional family members with access. Also in good
faith I would expect a check for $100,000.00 sent to me.

9.   For the record, this is my Proof of Claim and Proof of Commer-
cial DISHONOR, now if you want to accept my Good Faith offer I am
willing to end this matter here, however if there is a problem and
you wish to rehash or review the numbers we can start with the
original commercial assumpsit debt $682,000,000.00. **This** Notice is
in the nature of a Miranda Warning. Take due heed of its contents.

10.   **Your** Failure to timely do so leaves you in the position of
accepting full responsibility for any and all liabilities for monetary
damages, as indicated herein, that I incur by any adversely affecting
injuries caused by your overt or covert actions or any of your fellow
officers or agents in this or any other relevant matters described

herein. You have ten (10) business days, from date received, to
respond to and rebut the presumptions of this contract by submitting
to me signed, certified, authenticated documents of the laws and/or
ESIS, GM policy, regulations that rebut these presumptions point
by point, On and for the Record under penalties of the law including
perjury.

11. **For the record,** based upon the antecedent claim, contract,
trust agreement or commercial agreement that was void due to the
liability without remedy ALL General Motor Corporation officers,
officials, agents and servants are bonded to fidelity, and are
under ministerial duty. The implication of a trust is the implica-
tion of every duty proper to a trust. Basicly, whoever is a fiduciary
or in conscience chargeable as a fiduciary is expected to live up to
them. Notibly, being fiduciaries, the ordinary rules of evidence are
reversed, you must obey the law. Also a ministerial officer is
liable for an injury done, where his acts are clearly against the law.

12. **For the record,** notification of legal responsibility is the
first essential of due process of law. Silence can only be equated
with fraud where there is a legal or moral duty to speak or when an
inquiry left unanswered would be intentionally misleading. Any and
All other obligors/grantors who view this contract are obliged to
timely and fully answer or accept the contract offer.

13. **The period for Debtors to respond to this offer of contract is
ten (10) days.** Any party or public official wishing to answer, respond,
refute, deny, object or protest any statement, term, declaration,
denial or provision in this presentment (UCC 3-501) must do so by
Lawful Protest within ten (10) days of the date of issuance or for-
ever lose all rights, titles, interests, and the opportunity to plead.
All such responses must be verified and have exhibits and factual
evidence in support annexed thereto.

14. **Debtors may agree with this offer to contract, all statements,
terms, declarations, denials and provisions herein by remaining silent.**
Failure to timely respond to all such terms and provisions with which
Debtors disagree comprises Debtors' stipulation and confession jointly
and severally to acceptance of all statements, terms, declarations,
denials and provisions herein as facts, the whole truth, correct, and
fully binding on all parties.

15. **This document serves as Notice of Fault** in the event Debtors
fail to timely respond.

16. **Notice of Default shall be issued no sooner than three (3) three
days after Notice of Fault.** Default is final three (3) days after
Notice of Fault is issued. Default comprises Debtors consent jointly
and severally to be named as defendant(s) in various actions,
administrative, judicial or commercial.

17. **Upon Default, all matters are settled res judicata and stare
decisis.**

18. **Default comprises an estoppel of all actions, administrative,**

**judicial,** by Debtors against Barry-Henry: Spencer Junior in attempt to collect on said debt in the full amount herein assessed, and any action the Debtor now reasonably relied on.

### DISCLAIMER

THE QUOTATION OF THE PRIVATELY COPYRIGHTED STATUTORY LEGISLATIVELY CREATED CASE LAW AND STATE AND FEDERAL STATUTES PURSUANT TO PL 88-244, DECEMBER 30, 1963, IS DONE WITHOUT INTENT TO CREATE A "USE", VIOLATE ANY PRIVATE COPYRIGHT, OR GIVE LEGAL ADVICE TO ANYONE, AND STANDS SO UNLESS LAWFULLY PROTESTED BY ANY CONCERNED PARTIES

Notice to the principal is notice to all agents. Notice to an agent is notice to all principals.

### VERIFICATION

**Commercial Oath & Perjury Jurat:** I, Barry-Henry: Spencer Junior, on my Commercial Oath with unlimited liability proceeding in good faith, Pursuant to Title 28, USC 1746(1) and executed "**without the United States,**" affirm under the penalty of perjury under the laws of the united States of America Republic, that the foregoing facts contained herein are true, correct, and complete and not misleading to the best of my belief and informed knowledge and furthis deponent saint not "1" affix my autograph, signature, and seal, at the end of this communication to all of the above and below affirmations with **EXPLICIT RESERVATION OF ALL OF MY UNALIENABLE RIGHTS, WITHOUT PREJUDICE** to any of those rights.

**Dated:** On this    Day of November, two thousand Nine A.D.:

With Honor and Without Prejudice,

By: _Barry-Henry: Spencer Junior_
Autograph: /s/ \Barry-Henry: Spencer, Junior
Employee Identification number: XXXXXXX472
Barry-Henry: Spencer, Junior, Sui Juris, Trustee, Bailor
Secured Party, Creditor, Beneficiary

Commonwealth of Massachusetts     }
                                  } ss.
County of Middlesex               }

On this the _16_ day of _November_, _2009_ before me _Daniel Morse_, the undersigned _Notary Public_, Personally appeared _Barry Spencer_, and proved to me through satisfactory evidence of identity, which was _MA DOC Inmate ID_ to be the person whose name was signed in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

DANIEL D. MORSE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
March 5, 2015

Private and Non-negotiable between parties
FORM: **GM proof of commercial claim**
DEBTOR: GENERAL MOTORS CORPORATION
Parties: Barry-Henry: Spencer Junior & Tamika-Nicole: Scott

PROOF OF MAILING AND CONTENTS MAILED

I, Barry-Henry: Spencer Junior, do hereby certify and affirm that on the date of November     , 2009, I caused a true and correct copy of:

Verified Proof of Claim For Commercial Dishonor Notice of Fault and Opportunity To Cure

Affidavit of Tamika-Nicole: Scott

Affidavit of Barry-Henry: Spencer Junior

Motion For Writ of Attachment

Copy of RECALL NOTICE

GM ADMINISTRATIVE MESSAGE

LEGAL NOTICE AND DEMAND-International Tracking Number-RE 011-42-963 US

to be served on the party interested below by placing said document(s) in an envelope addressed as follows:

> The Garden City Group
> Attn: Motors Liquidation Company Claims Processing
> P.O. Box 9386
> Dublin, Ohio  43017-4286

and then caused the sealed envelope to be deposited with the United States Post Service, certified mail, return receipt requested, postage prepaid, following ordinary business practices.

By the undersigns' full Commercial Liability, the it is certified and affirmed the above is true, correct, complete and not misleading to the best of his knowledge and belief.

Certified Mail Number:7008 1830 0004 5593 6429

By: _____
                   Barry-Henry: Spencer Junior
                   With Honor and Without Prejudice
                   Barry-Henry: Spencer Junior,
                   Sui Juris, Trustee, Bailor,
                   Secured Party

Barry-Henry: Spencer Junior
P.O. Box 1218
Shirley, MA 01464

April 28, 2010

By First Class Mail

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES
767 Fifth Avenue
New York, New York  10153

RE: Damage Assessment For Barry-Henry: Spencer Junior
   ADR Exchange Process
   Motor Liquidation Company, Ch. 11 Case No. 09-50026

Dear Mr Smolinsky,

    It seems that You, and associates have spoken to my Brother, Sylvester-Richard: Spencer, and have been in the process of primacy Exchange of Offers, prior to accepting my **Caping Proposal**, and sending Your **Alternative Dispute Resolution Notice**.

    So in Good Faith I will give a Ball Park Figure which May Exceed the cap of $10,000,000, which is an euphemism of my pain, suffering and loss, albeit, the cap, is TEN MILLION. This is Not a Counter Offer, and all rights and remedies are reserved.

GENERAL DAMAGES

Based Upon A Loss By 7 Years

| | |
|---|---|
| CONSORTIUM<br>-companionship, affection,<br>cooperation, and financial support<br>(Mother, 4 siblins, 5 children, 2x wifes,<br>5 nieces and nephews) | $ 1,800,000 |
| WAGES<br>-7 yrs at $50,000 per yr<br>working as Cook | $ 350,000 |
| -Private Catering Company (Nafse Catering<br>& Bistro) $150,000 per yr | $ 750,000 |
| MEDICAL BILLS<br>-for fractured ribs, pelvis, back disk,<br>hands, knees-- Compounded injuries herina,<br>head aches, back, shoulder left | $ 27,500 |

DAMAGE ASSESSMENT BARRY H. SPENCER JR.,

| | | |
|---|---|---|
| BREACH OF MERCANTILE WARRANTY CONTRACT | $ | 1,073,000 |

-Accident occurred on July 11, 2003, there
was defects with vehicle, but there was no
remedy but complaints were lodged with GM & NHTSA

| | | |
|---|---|---|
| POWER OF ATTORNEY FEES | $ | 1,000,000 |

-$250 per hour for 4,000 hours
via Contract

| | | |
|---|---|---|
| COMPENSATORY DAMAGES | $ | 2,000,000 |

-consequential damages
-general damages
-incidental damages

| | | |
|---|---|---|
| PUNITIVE DAMAGES | $ | 2,000,000 |
| FUTURE DAMAGES | $ | 2,000,000 |

-pain and suffering, loss or
impairment of earning capacity,
and projected medical expenses

| | | |
|---|---|---|
| Total | $ | 10,000,000 |

Your contention is to hold the cap, at TEN MILLION,
so here is my assessment, however, I reserve my right to
make changes, and to all remedies.

Question, is can we end this matter, so you can move
on to other issues, if this helps to make a decision on
your initial offer, I now await your Offer.

With Honor and Without Prejudice,

By:
/s/ Barry-Henry: Spencer Jr

cc   file
     Motor Liquidation Co
     Sylvester-Richard: Spencer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X

In re

                        Chapter 11 Case No.

MOTOR LIQUIDATION COMPANY, et al  09-50026
 f/k/a General Motors Corp.,

         Debtors.

————————————————————X

### CAPPING PROPOSAL LETTER

| | |
|---|---|
| Harvey R. Miller | |
| Stephen Karotkin | |
| Joseph H. Smolinsky | ADR Claims Team |
| WEIL, GOTSHAL & MANGES LLP | Motor Liquidation Company |
| 767 Fifth Avenue | 2101 Ceder Springs Road ste 1100 |
| New York, New York 10153 | Dallas, Tx 75201 |

Dear Mr. Smolinsky,

    Predicated upon our last conversation, and your suggestion, via Your Client's intent to lessen the initial Capping proposal to $9,000,000.00 instead of $10,000,000.00, I agree, as I am the Claimant, and hereby submit my claim to the capping procedures established in Order pursuant to 11 U.S.C. sec. 105(a) and General Order M-390 Authorizing implementation of alternative dispute procedures, including manadatoty mediation (the **ADR Procedures**), being one, with a verified **Proof of Claim** in this matter based upon a matter arising out of Massachusetts (Docker No. 05-2304, however, in the Good faith under the spirit of give and take, I propose a minimum of $1,000,000.00, since it was taken off the high end,(this proposed minimum in no way effects the Cap; herein expressed.

    Accordingly, I hereby propose to cap my claim at **$9,000,000.00**, per your client's request, from the original **$10,000,000.00** unliquidated amount claim amount (the **Claim Amount**) with a proposed minimum of **$1,000,000.00** that is not contingent, or based upon acceptance of the **Capping Claim Amount**.

-1-

GM CAPPING PROPOSAL LETTER

I understand and agree pursuant to this ORDER, in congruity with Your Claims Subject to the ADR Procedures : this is **not an Excluded Claim** (i) with modified 362 Stay, (ii) claim of $500,000 or less, (iii) asbestos-related claim, (iv) claim subject to separate order of Bankruptcy Court; Upon receiving this Capping Proposal Letter (along with the Notice of Personal Representative) if accepted by Debtors, they will initiate the ADR Procedures, and will indicate in the ADR Notice that the Claim Amount Cap has been accepted, thus, binding the Claimant to the Claim Amount Cap, with said approval of the Claim Amount Cap, the Debtors will pay for all of the Mediator's fee and costs associated with any subsequent mediation; Rule 408 of the Federal Rules of Evidence shall apply to the ADR Procedures, except as permitted by Rule 408, no person may rely on or introduce as evidence in connection with any arbitral, judicial, or other proceeding, any offers, counteroffers, or any other aspects of the ADR Procedures; and Bankruptcy Rule 9006(a) will apply to all time periods calculated in the ADR Procedures.

I further understand and agree that the Claims Amount Cap includes All damages and relief to which I believe I am entitled, including all interest, taxes, attorney fees, other fees, and cost.

Very truly yours,

By: Barry-Henry: Spencer Junior
P.O. Box 1218
Shirley, MA   01464

Dated: May /7 , 2010


cc   Sylvester-Richard: Spencer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————X

In re

MOTORS LIQUIDATION COMPANY, et al
    f/k/a General Motors Corp.,

                    Debtors

————————————————————X

Chapter 11 Case No.

09-50026 (REG)

(Jointly Administered)

## NOTICE OF PERSONAL REPRESENTATIVE

Now comes Barry-Henry: Spencer Junior and hereby gives

All parties notice that Sylvester-Richard: Spencer, his

brother, will act in his interest in this matter, thus,

having the power to negotiate in the ADR Procedures,

litigate this matter, gather evidence in the name of his

brother, or others issues that may be addressed within the

due course of litigation, only for Barry's interest.

All agreements are subjected to Barry-Henry: Spencer

Junior's final approval, via signature, however, on minor

issues Sylvester-Richard: Spencer's signature is same as

Barry's and will have the same power when used only for

Barry's interest.

By: _Barry-Henry: Spencer Junior_

Barry-Henry: Spencer Junior

Commonwealth of Massachusetts    }
                                 } ss.
County of Middlesex              }

On this the _17_ day of _May_ _2010_ before me _Daniel Morse_, the undersigned _Notary Public_,
Personally appeared _Barry Spencer_, and proved to me through satisfactory evidence of identity,
which was _MA DOC Inmate ID_ to be the person whose name was signed in my presence, and who swore or affirmed to
me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____
Notary Public



DANIEL D. MORSE
Notary Public
Commonwealth of Massachusetts
My Commission Expires On
March 5, 2015



May 24, 2010

**BY FIRST CLASS MAIL**

Barry Henry Spencer Jr.
P.O. Box 1218
Shirley, MA 01464

Re:     In re Motors Liquidation Company *et. al.* ("MLC" or the "Debtors")
        Case No. 09-50026 (REG) -ADR Procedures –
        Proof of Claim Nos. 64658 and 64659 (Barry H. Spencer)

Dear Mr. Spencer,

On or around November 30, 2009 you caused the filing of two Proofs of Claims against Motors Liquidation Company ("MLC"), for the same dollar amount, and on account of the same obligation (*see* Proofs of Claims Nos. 64658 and 64659, a copy of which is annexed herein). ✱ Please Note - Proofs of Claims were not annexed

As we have discussed, both MLC and you agree that MLC should promptly designate your claim to the alternative resolution procedures established in the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") [Docket No. 5037] entered by the United States Bankruptcy Court for the Southern District of New York on February 23, 2010, subject to the following agreements that shall be effective upon the countersignatures of you and your brother Sylvester, as outlined below:

A.      Proof of Claim No. 64659 (the "**Duplicate Claim**") is expunged from the Debtors' claim register as it is a duplicate of Proof of Claim No. 64658 and that the Debtors' claim agent shall be authorized to remove the Duplicate Claim from the Debtors' claim register. Proof of Claim No. 64658 (the "**Surviving Spencer Claim**") shall be subject to the other agreements herein. ✱ Agreed

B.      The Surviving Spencer claim is capped for all purposes to a general unsecured, nonpriority claim of no more than **$9,000,000 (nine million dollars)** (the "**Claim Amount Cap**"). ✱ Agreed.

C.      MLC shall transmit to you at the above address, with a copy to your brother Sylvester at the address set forth in the Surviving Spencer Claim, an ADR Notice (as such term is defined in the ADR Procedures) within five (5) business days of receiving a fully countersigned letter. The ADR Notice shall contain an initial settlement offer to

resolve the Surviving Spencer Claim of a general unsecured, nonpriority claim against MLC equal to or greater than **$200,000 (two hundred thousand dollars) (the "Claim Settlement Floor."** **I OBJECT. pursuant to Your MLC ADR Motion, and ORDER, ALL ADR Claims are $500,000.00 or above**

D.  In the event the Surviving Spencer Claim is not settled under the ADR Procedures, and a trial court values the Surviving Spencer Claim less than the Claim Settlement Floor or disallows the Surviving Spencer Claim in its entirety, MLC agrees to offer to settle the Surviving Spencer Claim for a general unsecured, nonpriority claim in the amount of **$200,000 (two hundred thousand dollars)** in exchange for your agreement not to appeal such trial court's determination. Should you or any authorized signatory nevertheless file an appeal to such trial court's determination of the Surviving Spencer Claim (which you shall expressly have a right to do), it is hereby understood that the Debtors shall be relieved of any further obligation to offer any settlement to resolve the Surviving Spencer Claim. **I OBJECT, SEE ABOVE and pg 5, of ADR Motion, Excluded claims not subject to ADR**

E.  By signing this letter, you understand and agree that the Claim Amount Cap includes all damages and relief to which you believe you are entitled to, including all interest, taxes, attorney's fees, other fees, and costs.* **If I dismiss other US case will MLC – Take liability for other parties**

F.  By signing this letter, you understand that the Claim Amount Cap and any settlement offers in connection with the resolution of the Surviving Spencer Claim shall be for **an allowed general unsecured, nonpriority claim against MLC in full satisfaction of the Surviving Spencer Claim, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' chapter 11 cases.**

G.  You further agree that in accordance with the ADR Procedures, your brother Sylvester shall be fully authorized to speak on your behalf and any agreement reached with your brother shall be binding on you in all respects.* **With My final, review and signature on release,**

H.  In the event this letter is not fully countersigned and returned to Joseph Smolinsky at the undersigned address by June 15, 2010, this offer shall expire and this letter and its contents shall not be admissible in any court under Rule 408 of the Federal Rules of Evidence.* **However, All objects if not addressed are binding and if they are addressed and no agreement is made ADR process**

| | |
|---|---|
| _Harvey R. Miller_ | Barry Henry Spencer Jr. |
| _Stephen Karotkin_ | P.O. Box 1218 |
| Joseph H. Smolinsky | Shirley, MA 01464 |
| | |
| **WEIL, GOTSHAL & MANGES LLP** | CONSENTED AND AGREED TO |
| 767 Fifth Avenue | |
| New York, New York 10153 | |
| Telephone: (212) 310-8000 | _____ |
| Facsimile: (212) 310-8007 | Sylvester Richard Spencer |
| _Attorneys for Debtors and Debtors in Possession_ | |

**SEE SPENCER JUNE 1, 2010, letter sister to this**

Barry—Henry: Spencer Junior
care of: P.O. Box 1218 W89745
Shirley, MA 01464

June 1, 2010

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Debtors

RE: Capping Offer with Claim Settlement Floor
     May 25, 2010 Missive

Dear Mr Smolinsky,

I received your letter, and it seems as though my messege
and correspondance was not reviewed by your Office, I had taken
the liberty to Object to a few issues, First I came from a
number in the Proof of Claim, to a Cap of ten million w/ a Claim
Settlement Floor of $500,000.00 Based upon Your Motion, and
Your Determinated Excluded Claims, on pg 5 of Your Motion, but,
in Bad Faith before the negotiations, you want to undermine and
circumvent Your Own words in Ink on Public Record, so I fixed the
intent of this Party and Your intent by Your Motion.

My Brother spoken of some other US case, so my question is
are you speaking of the duplicate Proof of Claim, please send
both, because you neglected to send them, but its not important
unless there is a drastict difference in the claims, however I
agreed.

Next, I chosen My Brother to Represent Me in this process
to make it easier from You, but, if from what I see in the Claim
Settlement Floor Bad Faith, off the rip, You can tell Your Client
You need to Fly to Boston, and spend a few Days with Me, or, We
can All respect the settlement process . . . My brother knows My
number, and when You two come within range I wouldn't care if it
consist of Cash and Bonds, he'll let me know and he'll tell you
to draw up the paper, for my final review and signature. If you
have a problem — then Boston's a good state. . . and I would
expect if you want to draw out the process the mediation will be

in Boston, so as to not inconvenience my Brother.

Now if at any time these ADR procedures come to settlement, the agreed amount is due to Barry-Henry: Spencer Junior, in exchange for release, accord and satisfaction, and if I have to wait, All interest is due at 18% daily, also if in bad faith MLC attempts to compile All settlement Debt to again, move for voluntary bankruptcy, the Capping Amount of $9,000,000.00 is the first Debtor and immediately due as a general secured claim, priority claim against MLC and WEIL, GOTSHAL & MANGES and each partner of the the firm, under Caveat Law, with no defense.

_____

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York   10153

Barry-Henry Spencer Junior
P.O. Box 1218
Shirley, MA 01464

CONSENTED AND AGREED TO

_____

Sylvester-Richard Spencer

Further, Attorneys for the Debtor will provide All Documents of intended use for the ADR process, not limited to All reports of the vehicle in question prior to 2003, and after; All interdepartmental discovery concerning recall; NHTSA (National Highway Traffic Safety Association correspondance, Expert testimony reduced to written form, and the Mediation Rules and All evidence able to be used by Both Parties, not excluding and documents, not mentioned. Also whether NationsBanc Auto Leasing, Inc., is another MLC company and their records concerning the vehicle — ONLY IF THE PROCESS GOES TO MEDIATION.