# EXHIBIT 9

09-50026-mg    Doc 6489-2    Filed 08/02/10    Entered 08/02/10 20:13:24    Exhibit 9
Pg 1 of 12

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


   IN RE:                         .   Case No.  01-1139 (JKF)
                                  .
   W.R. GRACE & CO.,              .
   et al.,                        .   USX Tower - 54th Floor
                                  .   600 Grant Street
                                  .   Pittsburgh, PA 15219
              Debtors.            .
                                  .   April 1, 2008
   . . . . . . . . . . . . . . .      9:08 a.m.


                        TRANSCRIPT OF TRIAL
              BEFORE HONORABLE JUDITH K. FITZGERALD
              UNITED STATES BANKRUPTCY COURT JUDGE


   APPEARANCES:

   For the Debtors:          Kirkland & Ellis, LLP
                             By:  DAVID BERNICK, ESQ.
                                  BARBARA HARDING, ESQ.
                                  JANET BAER, ESQ.
                                  BRIAN STANSBURY, ESQ.
                                  SAL BIANCA, ESQ.
                                  RAINA JONES, ESQ.
                                  HENRY THOMPSON, ESQ.
                                  SCOTT McMILLAN, ESQ.
                             200 East Randolph Drive
                             Chicago, IL  60601

   For the Debtors:          Kirkland & Ellis, LLP
                             By:  THEODORE FREEDMAN, ESQ.
                             Citigroup Center, 153 East 53rd St.
                             New York, NY  10022



   Audio Operator:           Janet Heller

   Proceedings recorded by electronic sound recording, transcript
             produced by transcription service.
   _____

                      J&J COURT TRANSCRIBERS, INC.
                         268 Evergreen Avenue
                       Hamilton, New Jersey 08619
                       E-mail:  jjcourt@optonline.net

                  (609)586-2311    Fax No. (609) 587-3599
```

```
APPEARANCES (CONT'D):

For the Asbestos
Creditors Committee:      Caplin & Drysdale, Chartered
                          By:  PETER LOCKWOOD, ESQ.
                               NATHAN FINCH, ESQ.
                          One Thomas Circle, NW
                          Washington, D.C.  20005

                          Caplin & Drysdale, Chartered
                          By:  ELIHU INSELBUCH, ESQ.
                          375 Park Avenue, #3505
                          New York, NY  10152

For the Debtors:          ARPC
                          By:  AMY BROCKMAN, ESQ.

For W.R. Grace:           W.R. Grace
                          By:  MARK SHELNITZ, ESQ.
                               JAY HUGHES, ESQ.
                               WILLIAM CORCORAN, ESQ.
                          7500 Grace Drive
                          Columbia, MD  21044


For the Equity            Kramer Levin Naftalis & Frankel
Committee:                By:  GREGORY HOROWITZ, ESQ.
                          919 Third Avenue
                          New York, NY  10022


For the                   Stroock & Stroock & Lavan
Unsecured Creditors'      By:  KENNETH PASQUALE, ESQ.
Committee:                     ARLENE KRIEGER, ESQ.
                          180 Maiden Lane
                          New York, NY  10038-4982

For the Property
Damage Committee:         Bilzin Sumberg Baena Price &
                            Axelrod LLP
                          By:  MATTHEW KRAMER, ESQ.
                               SCOTT BAENA, ESQ.
                               JAY SAKALO, ESQ.
                          200 South Biscayne Boulevard
                          Suite 2500
                          Miami, FL  33131
```

**J&J COURT TRANSCRIBERS, INC.**

APPEARANCES (CONT'D):

| | |
|---|---|
| For the Ad Hoc Committee of Equity Sec. Holders: | Dewey & LeBoeuf, LLP<br>By:  JENNIFER WHITENER, ESQ.<br>125 West 55th Street<br>New York, NY  10019 |
| For the Future Claimants Representatives: | Orrick, Herrington & Sutcliffe LLP<br>By:  ROGER FRANKEL, ESQ.<br>      ANTHONY KIM, ESQ.<br>      RAYMOND MULLADY, ESQ.<br>      JOHN ANSBRO, ESQ.<br>Washington Harbour<br>3050 K Street, N.W.<br>Washington, D.C.  20007 |
| For Committee of Asbestos Personal Injury Claimants: | Campbell & Levine<br>By:  MARK T. HURFORD, ESQ.<br>800 North King Street<br>Suite 300<br>Wilmington, DE  19701 |
| For Maryland Casualty: | Connelly Bove Lodge & Hutz, LLP<br>By:  JEFFREY WISLER, ESQ.<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE  19899 |
| For Maryland Casualty: | Eckert Seamans Cherin & Mellott, LLC<br>By:  EDWARD LONGOSZ, II, ESQ.<br>1747 Pennsylvania Avenue, N.W.<br>Suite 1200<br>Washington, D.C.  20006<br><br>STB<br>By:  STERLING MARSHALL, ESQ. |
| For Sealed Air: | Skadden, Arps, Slate, Meagher & Flom, LLP<br>By: DAVID TURETSKY, ESQ.<br>One Rodney Square<br>Wilmington, DE  19801 |

4

```
APPEARANCES (CONT'D):

For Sealed Air:          NERA Economic Consulting
                         By:  STEPHANIE PLANCICH
                         1166 Avenue of the Americas
                         28th Floor
                         New York, NY  10036

For W.R. Grace:          NERA
                         By:  ELENA ZAPRYANOVA
                              LINDA SHEN

For Serengeti:           Vinson & Elkins, LLP
                         By:  ARI BERMAN, ESQ.
                         Trammell Crow Center
                         2001 Ross Avenue, Suite 3700
                         Dallas, TX  75201

For Serengeti:           By:  BILLAL SIKANDER


For Silver Point
Capital:                 Silver Point Capital
                         By:  JOHN KU


For the Debtors:         Pachulski, Stang, Ziehl &Jones
                         By:  JAMES O'NEILL, ESQ.
                         919 North Market Street
                         17th Floor
                         Wilmington, DE  19899-8705

TELEPHONIC APPEARANCES:

For the Unsecured        Strook & Strook & Lavan
Creditors' Committee:    By:  LEWIS KRUGER, ESQ.
                         180 Maiden Lane
                         New York, NY 10038

For Ad Hoc Committee:    Weil, Gotshal & Manges
                         By:  M. JARRAD WRIGHT, ESQ.
                         1300 Eye Street NW, Suite 900
                         Washington, D.C.  20005

For Official Committee   Kramer Levin Naftalis & Frankel
of Equity Holders:        LLP
                         By:  PHILLIP BENTLEY, ESQ.
                         919 Third Avenue
                         New York, NY  10022
```

**J&J COURT TRANSCRIBERS, INC.**

1        THE ATTORNEYS:  No.

2        MR. FINCH:  No, that's not what we gave them, Your
3   Honor.

4        MR. BERNICK:  Well, this is -- well, I believe this
5   is absolutely the best and most current information that we
6   have.

7        MR. FINCH:  No.  We certainly didn't have Mr. Longo's
8   testimony on June 3rd and 4th.  Let me back up, Your Honor.

9        MR. BERNICK:  No, no.  You had Longo -- we put the
10  dates in driven by the time estimates.  These are not the dates
11  that you all had because you didn't consider the time period
12  that had been allotted for the examination of any of these
13  people.  You artificially had everybody crammed in to a shorter
14  period of time.  It's not going to happen because the time
15  estimates and the scope of testimony that you all have proposed
16  is completely out of sync with the calendar.  That's the
17  problem

18       THE COURT:  All right.  Let me start from the
19  beginning.  Is this the accurate list of witnesses that you
20  expect to call?

21       MR. FINCH:  We -- yes, Your Honor, but we never
22  intended to read the deposition testimony in open court of Mr.
23  Hughes or Mr. Beber or anyone else.  We had intended to proceed
24  by summaries and in handing out the depositions for the Court
25  for the record so the debtor can object or do whatever it wants

1  to with that.  But we were going to proceed with respect to
2  those depositions the way they just proceeded this afternoon
3  with respect to some of the doctors who testified by
4  deposition.  So that's not going to take any -- we shouldn't
5  take any courtroom time.  Secondly, I think --
6          UNIDENTIFIED ATTORNEY:  Two days.  That takes care of
7  two days.
8          MR. FINCH:  That takes care of two days on this.  I
9  think that --
10         MR. BERNICK:  So now we're to June 3rd.
11         UNIDENTIFIED ATTORNEY:  Could we finish?
12         MR. FINCH:  May I please continue, Your Honor?  We
13 had our first witness Dr. Brody.  I had not anticipated that we
14 would finish in time with him today to bring Dr. Welch in so
15 that's my fault that Dr. Welch is not here this afternoon.  But
16 our next two witnesses are Dr. Roggli who's available on the
17 7th only, and Dr. Welch who's available on the 7th and 8th.  So
18 we would have Dr. Roggli's direct examination and cross
19 examination on the 7th and Dr. Welch's direct examination.  And
20 I don't know whether we would finish the cross on the 7th or
21 not.
22         On the 8th there would be the testimony from an
23 industrial hygienist Steven Hays.  And then as to the next two
24 witnesses are Marshal Shapo and Steven Snyder.  And it is --
25 that is the order in which we will present them although the

1  one caveat to that is Mr. Snyder is available on the 9th and
2  the 14th only and not on the 15th.  And so we very well may
3  decide that Mr. Shapo may be a rebuttal witness or a sir
4  rebuttal witness rather than a direct case witness.  And so I
5  would anticipate that we would get to Mr. Krause on the 14th.
6          I don't think we need to call Mr. Radecki at all.
7  Mr. Radecki is being proffered for solely for purposes of the
8  discount rate and the inflation factor for one of our -- the
9  discount rate for two of our experts and inflation factor for
10 one.  I don't think there's going to be any big dispute.  This
11 case is not going to -- the turn on which discount rate a
12 witness use.  I would hope that we could work out a stipulation
13 on the discount rate with the debtor.
14          And it was my intention or my thought that on the
15 15th of April we would put Dr. Peterson on.  His testimony, I
16 assume, would take a day like Dr. Florence's.  The 16th of
17 April would be Ms. Biggs.  And then on the 5th of May we would
18 finish our case with Mr. Longo and Mr. Myer and Mr. Stallard.
19          MR. BERNICK:  All in one day?
20          MR. FINCH:  Well, perhaps it would spill over to the
21 6th, but I think we would basically be done by the 6th of May.
22          MR. BERNICK:  Well, first of all, that's not the
23 list.  That's now an amended list.  I'm very happy to have it
24 amended.  But what I would ask the Court to do is to have them
25 put that down in writing so we can see where it ends up and

1  we're still going to have a problem with time.  There is a
2  rebuttal case.  And the rebuttal case is not an insignificant
3  case.  And that's not just our doing it's their doing as well.
4  So all I ask Your Honor is that they come up with a schedule
5  that's a real world schedule.  It's very helpful to know that
6  Mr. Shapo will be a rebuttal witness if he's called, that Mr.
7  Radecki doesn't need to testify.
8              MR. MULLADY:  Well, just to clarify, that decision
9  hasn't been made yet about Professor Shapo.  He's an FCR
10 witness.  The present intention is that he will be here
11 testifying April 9th.  I think what Mr. Finch said accurately
12 is that it's possible that he will be pulled and submitted as a
13 sur reply witness.
14             THE COURT:  Yes.  That's what he said.
15             MR. MULLADY:  Okay.  Thank you.
16             MR. BERNICK:  That is precisely the problem.  They're
17 still trying to figure out what they want to do and they're
18 doing it at our expense.  We gave them committed lists and we
19 met with them and we met them and that saved them a ton of work
20 in the process.  We chopped off all kinds of witnesses.  We
21 need the same treatment and response and we ask that revised
22 list be submitted by Friday that shows that we are in fact
23 going to finish this case by the 4th.  And if we're not going
24 to finish the case by the 4th then we need to take up next
25 Monday what's going to happen with the balance of the case.  We

1 can't have the case continue to spill along at the convenience
2 of or subject to the schedules of counsel.
3             THE COURT:  By the 4th of June?
4             MR. BERNICK:  No.  Yes.  That was the plan.  By the
5 4th of June.
6             THE COURT:  Okay.  I'm sorry.  I just lost whether
7 you were talking about the ACC/FCR case they said May 6th or
8 whether you were talking the entire case.  I just wasn't --
9             MR. BERNICK:  The entire case --
10             THE COURT:  Okay.
11             MR. BERNICK:  -- is supposed to be done by the 4th of
12 June.
13             THE COURT:  All right.  I think the concept of
14 getting a final list is what I had ordered earlier.  So, yes --
15             MR. FINCH:  And we gave them that list, Your Honor.
16 We gave them that list.  We filed it on March the -- last
17 Friday.  Whatever day that was.
18             MR. BERNICK:  For three days we now see that it's
19 already changed.
20             MR. FINCH:  No.  The only thing that has changed is
21 we told you -- it wasn't a change, we told you that we didn't
22 intend to read the Hughes and Beber material to the Court.  And
23 the only change is the possibility solely based on --
24             THE COURT:  All right.  Folks, you know this really
25 is not a discussion you ought to have to have here in court.

**J&J COURT TRANSCRIBERS, INC.**

1  This is really a discussion that you folks ought to be having
2  on your own.  I honestly don't know what it is that I'm going
3  to add to this except that it seems to me that if they're
4  telling you they're going to be done by May 6th they should be
5  done by May 6th.  And yes, you should get a final witness list
6  and an order so that you can adequately prepare cross
7  examination.
8           MR. BERNICK:  Yes.  Unless we have unfortunately, we
9  have these discussions before the Court it just doesn't get
10 done.
11          THE COURT:  Well, I'm ordering it to get done.  I
12 mean, you folks talk to each other about everything else.  Why
13 don't you talk to each other about schedules?
14          MR. FINCH:  We filed a list that -- the order of
15 witnesses is what he put up there.  The time estimates and the
16 time that he showed up there is very different from our
17 conception of the list.
18          THE COURT:  All right.  Then get together about the
19 time estimates.  Because, you know, folks, you've been doing
20 this a long time.  You ought to know by now.  Dr. Peterson has
21 testified in how many asbestos estimation cases?  At least a
22 half a dozen.  You ought to know by now how long your case is
23 going to take with him.
24          MR. FINCH:  We do.
25          THE COURT:  Well then talk to each other about it so

1  that it shouldn't be an issue.  Both for direct and cross you
2  ought to know how long the cases are going to take for these
3  doctors.  And if it's going to be a one day/one doctor deal
4  then say that and we'll know.
5              MR. HOROWITZ:  Your Honor, Greg Horowitz for the
6  equity committee.  Since you mentioned the getting together on
7  time estimates I want to make one thing clear.  Nobody has
8  talked to the equity committee about any estimates of time that
9  we would have for cross.  We do intend to cross some of these
10 witnesses.  Notwithstanding what Mr. Bernick put up that is not
11 a complete list of the time estimates as far as we're
12 concerned.  And we've never seen any of these estimates.  We
13 have not been involved in any of these discussions we think we
14 should be.
15             THE COURT:  Fine.  I'm ordering all counsel for all
16 parties, that includes the creditors' committee, to get
17 together as soon as today's hearing is adjourned.  You are not
18 free to leave this courtroom until you have come together on a
19 schedule of all witnesses, how long it will take to do the
20 direct and cross.  If you miss your planes, so be it.
21 Hopefully that will be a time period which will be meaningful
22 to you so that you can get out of town on time.  Okay.  Next,
23 Mr. Bernick.
24             MR. BERNICK:  Yes.  We have motions that are pending
25 with respect to Messrs. Krause and Snyder.  And I've got some