Hearing Date and Time: August 6, 2010 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 30, 2010 at 4:00 p.m. (Prevailing Eastern Time)
(Objection Date Extended to August 3, 2010 at 4:00 p.m. (Prevailing Eastern Time))

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*                      :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*                  :    (Jointly Administered)
                                                           :
                    Debtors.                               :    Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S RESPONSE AND MOTION TO DEFER THE CONSIDERATION
OF DEBTORS' REQUEST FOR AN AWARD TO AP SERVICES, LLC OF
A SUCCESS FEE AND A RETROACTIVE HOURLY RATE INCREASE**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), by his counsel, Godfrey & Kahn, S.C., responds to the Application for Success Fee and Motion to Amend (as described below) and moves the Court for an order deferring consideration of two parts of the July 16, 2010 *Application by AP Services, LLC as Crisis Managers to the Debtors for Approval of the Success Fee* [Docket No. 6363] (the "**Application for Success Fee**") and the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter with AP Services, LLC* [Docket No. 6362] (the

"**Motion to Amend**")—requesting an immediate award of a $6.5 million success fee and the imposition of a $5.3 million aggregate retroactive hourly rate increase—to a date after the Debtors have filed a plan of reorganization. The Court has scheduled the Debtors' requests for a hearing on August 6, 2010, beginning at 9:45 a.m.

## SUMMARY STATEMENT

This response and motion seeks only to defer the consideration of the Application for Success Fee and the relevant portions of the Motion to Amend because they are premature. In light of the status of the reorganization and the documentation submitted, there are insufficient grounds to either approve or deny the requested relief.

The issue presented by AP Services is not the propriety of success fees in general or the established precedent for them—in the Southern District of New York or anywhere else. The issue is the literal ability of the Court, based on the facts before it and the status of the case, to evaluate the Application for Success Fee under the terms of the Court's own orders, the applicable guidelines, or Chapter 11. Notwithstanding the extraordinary efforts of the Debtors or the "success" of the proceeding to date, there is not—at least not yet—a basis for determining the reasonableness of the Debtors' requests, which aggregate at least $11 million.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2

2. On June 3, 2009, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

3. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment of the Fee Examiner to review and assess all fee applications filed by Retained Professionals subject to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

4. AP Services is specifically identified as a "Retained Professional" in the *Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3278] (the "**Motion for Compensation Order**") ¶¶ 3, 5(l).

5. On July 16, 2010, the Debtors filed the Motion to Amend. To the extent the motion requests authority, prospectively, to amend the terms of engagement between the Debtors and AP Services ("**APS**"), the Fee Examiner does not object to it—in part, because he does not have the authority to object to it. *See Order Clarifying Stipulation and Order with Respect to Appointment of Fee Examiner* [Docket No. 5744].

6. The Motion to Amend describes the terms of the Amended Engagement Letter[1] between the Debtors and APS providing, among other things, for a 15 percent discount in APS'

---

[1] The initial engagement letter between APS and the Debtors dated May 29, 2009 has twice been amended, once with the approval of this Court on August 18, 2009 [Docket No. 3831] (the "**First Amendment**"). The engagement letter, as amended by the First Amendment and the second amendment, is referred to as the "**Amended Engagement Letter**."

3

standard hourly rates for fees incurred up to the aggregate of $60 million and a 25 percent discount in standard hourly rates thereafter. *See* Motion to Amend, ¶ 7(1). The Motion to Amend also describes a series of incentive and discretionary fees established in the Amended Engagement Letter.

7. The Motion to Amend states that the "compensation structure contained in the Amended Engagement Letter was not appropriately designed…," Motion to Amend, ¶ 8, and accordingly requires amendment.

8. Among the amendments for which Court approval is sought is a "retroactive" change in hourly rates that, in effect, eliminates the discounted rates previously approved by the Court in connection with the First Amendment. Motion to Amend, ¶ 9(1). "The hourly rate changes shall be retroactive to July 10, 2009, and through April 30, 2010 this adjustment aggregates approximately $5.3 million." *Id*. That amount would be payable in a lump sum upon the Court's approval of the June 7, 2010 letter from APS to the Board of Directors of Motors Liquidation Company (the "**Third Amended Engagement Letter**" or the "**Third Amendment**").[2] In addition, the increased hourly rates would continue to accrue after April 30, 2010 and be billed and paid promptly going forward. *Id.* The Motion to Amend also requests approval for amended discretionary and incentive payments, which this motion to defer does not address.

9. The Motion to Amend seeks approval of the Third Amended Engagement Letter, in part, because "the incentive payments provided for in the Third Amendment are likely to result in 35% less in amount than would be paid to APS if the Third Amendment did not become effective." Motion to Amend, ¶ 13.

---

[2] The Third Amended Engagement Letter notes that the "Hourly Rate Changes, as subsequently defined, shall be retroactive to the Closing Date," July 10, 2009. Third Amended Engagement Letter, p. 2.

4

      A.    Like the Motion to Amend, the Third Amended Engagement Letter also notes that while APS will receive less compensation than it otherwise would have, "[t]he incentives in the Third Amendment...provide APS with acceleration of payment and certainty of amount."  Third Amended Engagement Letter, p. 2.

      B.    The Motion to Amend does not disclose the calculus for the 35 percent estimate or, in that regard, whether it reflects the retroactive fee increase or the effectiveness of the incentive payment mechanism.  While the supplemental material provided additional data, there remains no definitive statement of the effect of the increased hourly fees beyond 2010.

10.    On July 16, 2010, along with the Motion to Amend, the Debtors filed the Application for Success Fee.  It states that APS earned a $13 million success fee "for work performed prior to July 10, 2009," payable in two installments:  "$6.5 million at closing and $6.5 million on July 10, 2010 which is the first anniversary of the closing of the sale...."  Application for Success Fee, p. i.  With the Application for Success Fee, the Debtors submitted a proposed order that characterizes the approval of the requested $6.5 million success fee as "final."

11.    The Application for Success Fee states that the $6.5 million "is still subject to court approval on a reasonableness standard."  *Id*., Preliminary Statement, p. 4; *accord*, *id*., ¶ 7, p. 7.  "One year after the sale, the operational and financial progress of New GM," the Debtors contend, "proves the reasonableness of the Sale Success Fee and warrants [immediate] payment of the balance [$6.5 million] of the Sale Success Fee to APS."  *Id*., p. 5.

12.    The Application for Success Fee also states that "APS has timely filed all monthly staffing reports and quarterly compensation reports relating to these fees and expenses as

5

outlined in the Retention Order." It adds: "No objections have been received to any of these reports." *Id*. ¶ 5, p. 6.

13. However, the Fee Examiner on April 22, 2010, filed the *Fee Examiner's Statement Concerning Fee Application of AP Services* [Docket No. 5567], reserving the Fee Examiner's right to audit or file an objection to APS compensation reports and fee applications. *Id.*, Summary Statement, p. 2. APS filed its Response [Docket No. 5627], and this Court held: "[T]he dispute isn't ripe yet for a decision as the fee examiner hasn't tried to audit or object to AP Services' fees and the fee examiner hasn't responded to the points AP Services made in its objection…[E]ach side will now have a reservation of rights with respect to these issues." *In re Motors Liquidation Company*, First Interim Fee Hr'g Tr. at 42:9-13, 17-19; No. 09-50026 (Bankr. S.D.N.Y. Apr. 29, 2010, 5:24 P.M.) [Docket No. 5699].

14. In its *Amended Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date*, dated July 2, 2009 [Docket No. 2949], the Court ordered that "APS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to any schedule of hourly rates contained in the Engagement Letter...." *Id.*, p. 3.

15. The Court also ordered that "the [$6.5 million] balance of the Success Fee...shall be subject to review under the reasonableness standards for sections 330 and 331 of the Bankruptcy Code, including the filing of appropriate fee applications (which shall include time records)...." *Id.*, p. 6. The Court's order, by its terms, supersedes the prior orders and any inconsistent provisions of the Engagement Letters.

16. On July 30, 2010, the Creditors' Committee filed the *Limited Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter with AP Services, LLC* [Docket No. 6451].

17. The deadline for filing responses to the Motion to Amend and the Application for Success Fee was July 30, 2010, and was extended by Debtors' counsel at the request of the Fee Examiner through August 3, 2010.

18. The purpose of the requested extension was to provide the Fee Examiner with an opportunity to review supplemental detail prepared by Debtors' counsel in response to inquiries concerning the Motion to Amend.

19. The additional detail provided by Debtors' counsel did not eliminate the Fee Examiner's points and comments set forth in this response and motion.

## GROUNDS FOR MOTION

20. APS has not filed appropriate fee applications including the contemporaneous time records required by the Court's order and the Bankruptcy Code and U.S. Trustee guidelines. APS' monthly reports, with or without objection, are summary and do not contain the detail sufficient to permit fee application approval or disapproval based on the statutory, administrative and judicial reasonableness standards.

21. In determining whether a success fee is reasonable under 11 U.S.C. § 330, a court reviews the nexus between what was achieved and the advisor's efforts. *See In re XO Communications, Inc.*, 398 B.R. 106, 116 (Bankr. S.D.N.Y. 2008). The court's analysis, in fact, is no different than the marketplace calculation of the value of a financial advisor's services. *See id.* at 116-18. Moreover, although time records may be less central to a financial advisor's compensation, the court may nonetheless consider the hourly rate structure and compensation of

7

a financial advisor that has already received hourly-rate based compensation and is seeking a success fee. *See In re Northwest Airlines Corp.*, 400 B.R. 393, 401 (Bankr. S.D.N.Y. 2009).

22.     Given the status of the proceedings, with the exclusivity period extended until September 27, 2010 [Docket No. 5896], it is premature—at least absent a plan—to approve either the second success fee installment or the retroactive hourly rate increase.

## RELIEF REQUESTED

WHEREFORE, the Fee Examiner requests that the Court defer consideration of AP Services' request for immediate payment of the second success fee installment and the retroactive hourly rate increase to a date after the filing of a plan of reorganization.

Dated: Madison, Wisconsin
       August 3, 2010.

GODFREY & KAHN, S.C.

By:     /s/ *Katherine Stadler*
        Katherine Stadler (KS 6831)
        Timothy F. Nixon (TN 2644)

        GODFREY & KAHN, S.C.
        780 North Water Street
        Milwaukee, Wisconsin 53202
        Telephone: (414) 273-3500
        Facsimile: (414) 273-5198
        E-mail: kstadler@gklaw.com
                tnixon@gklaw.com

        *Attorneys for Fee Examiner*

5238846_3