HEARING: August 6, 2010 (9:45 a.m.)
OBJECTIONS: August 4, 2010 (4:00 p.m.)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re:                                                  :
                                                        : Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*,                   :
*f/k/a* General Motors Corp., *et al.*,                 : Case No. 09-50026 (REG)
                                                        :
                    Debtors.                            : (Jointly Administered)
                                                        :
------------------------------------------------------- x

# OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATION OF AP SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS FOR APPROVAL OF THE SUCCESS FEE[1]

TO:   THE HONORABLE ROBERT E. GERBER,
      UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the Acting United States Trustee for Region 2 (the **"United States Trustee"**), hereby respectfully files her objection (the **"Objection"**) to the Application of AP Services, LLC as Crisis Managers for the Debtors for Approval of the Success Fee (the **"Application"**). Docket No. 6363. In support of her Objections, the United States Trustee represents as follows:

## I. PRELIMINARY STATEMENT

The Application seeks this Court's authorization for the payment by Motors Liquidation Company and its affiliated debtors (collectively, the **"Debtors"**) of a $6.5 Million "Success Fee" to AP Services, LLC (**"AP Services"**). However, because the Motion fails to annex the time records that AP Services was required to file in accordance with its retention order, the Motion

---

[1] The response deadline has been extended to August 4, 2010 (4:00 p.m.) as to the United States Trustee.

falls short of providing the information required to assess whether the payment is reasonable within the meaning of sections 330 and 331.  Absent copies of time records, the United States Trustee is of the view that the Debtors have not satisfied their burden under sections 330 and 331 to establish that the Success Fee is reasonable.

## II.  BACKGROUND

1. On June 1, 2009 (the **"Petition Date"**), General Motors Corp. (k/n/a Motors Liquidation Company) and certain subsidiary debtors (collectively, the **"Debtors"**) filed voluntary cases under Chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate and manage their business and properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

3. On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the **"Creditors' Committee")**.  Docket No. 356.  On November 30, 2009, the United States Trustee filed the First Amended Appointment of Official Committee of Unsecured Creditors.  Docket No. 4552.

4. On March 5, 2010, the United States Trustee appointed the Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Committee"**).  Docket No. 5206.

5. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee entered into a stipulation for the appointment of Brady C. Williamson as fee examiner (the **"Fee Examiner"**).  Docket No. 4707.  Pursuant to the Stipulation and Order With

Respect to Appointment of a Fee Examiner (the **"Fee Examiner Order,"** entered December 23 2009), the Court approved the appointment.

### III.  THE SUCCESS FEE REQUESTED BY AP SERVICES

6.  On July 2, 2009, the Court entered its Amended Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer *Nunc Pro Tunc* to the Petition Date (the **"Retention Order"**). Docket No. 2949.  The Retention Order approves the terms of an Engagement Letter dated May 29, 2009 between the Debtors and AP Services. *Id*.  Pursuant to such Engagement Letter, the Success Fee was payable in two installments – (a) a $6.5 Million installment payable at the closing of the "Transaction," and with (b) the balance – *i.e.*, a second $6.5 Million installment – payable on the first anniversary of the closing of the sale of Old GM to a U.S. Treasury-sponsored purchaser.

7.  The Application states that the Success Fee was earned by AP Services "for work performed prior to July 10, 2009."  Application, at i.  The Retention Order, however, provides that "the [second $6.5 Million] balance of the Success Fee . . . shall be subject to review under the reasonableness standards for sections 330 and 331 of the Bankruptcy Code, including the filing of appropriate fee applications (which shall include time records)." *Id*., at 6.  In this regard, the Application agrees that payment of the balance of the Success Fee is "subject to court approval on a reasonableness standard."  Application, ¶ 7, at 7.

8. The Retention Order provides further that AP Services "and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to any schedule of hourly rates contained in the Engagement Letter." Retention Order, at 3.

9. On July 16, 2010, AP Services filed the Application. The proposed order filed along with the Application characterizes the payment of the balance of the Success Fee as "final." *See* proposed order, at 2.

### IV. OBJECTION

The Application, though running approximately 80 pages, does not include the time records required by the express provisions of the Retention Order. *See* Application. As a result, parties in interest cannot examine the reasonableness of the Success Fee for which AP Services seeks payment pursuant to the terms and intent of the Retention Order, or pursuant to section 330(a) of the Bankruptcy Code. The United States Trustee notes in this regard that, although AP Services states that it has filed monthly staffing reports and quarterly compensation reports during the pendency of these cases (Application, ¶ 5, at 7), it is not the duty or burden of the Court or parties in interest to search the record of the cases to ferret out such documents for their examination of the Application.[2] Because the Debtors have not satisfied their burden to show that the Success Fee is reasonable under sections 330 and 331, payment of the Success Fee shuld be disallowed at this time.

---

[2] In response to the request of the Office of the United States Trustee, AP Services has delivered copies of certain of the time records at issue. Those records, however, do not cover the entire period prior to July 10, 2009 covered by the Application. More importantly, they have not been filed along with the Application.

## V. CONCLUSION

**WHEREFORE,** the United States Trustee respectfully submits that the Court sustain this Objection, deny the Application, and grant such other relief as is just.

Dated: New York, New York
      August 4, 2010                                         Respectfully submitted,

                                                             TRACY HOPE DAVIS
                                                             ACTING UNITED STATES TRUSTEE

                                          *By:*    *Andrew D. Velez-Rivera*
                                                             Trial Attorney
                                                             33 Whitehall Street, 21st Floor
                                                             New York, New York 10004
                                                             Tel. No. (212) 510-0500
                                                             Fax No. (212) 668-2255