Hearing Date: To Be Determined
Objection Deadline: To Be Determined

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------------x

**THIRD INTERIM FEE APPLICATION OF**
**JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2010 to May 31, 2010 |
| Role in the Case: | Special Counsel for Debtors and Debtors in Possession |
| Date of Retention (Jenner & Block): | June 26, 2009, *nunc pro tunc* June 1, 2009 |

| | | |
|---|---|---|
| Amount of Compensation and Expense Reimbursement Sought As Actual, Reasonable and Necessary: | Fees Requested: | $38,943.30[1] |
| | Expenses Requested: | $2,390.68 |
| Prior Amounts Requested: | Fees Previously Requested: | $4,995,945.45 |
| | Fees Previously Awarded: | $4,939,811.55 |
| | Expenses Previously Requested: | $276,648.23 |
| | Expenses Previously Awarded: | $267,895.74 |

---

[1] This reflects the standard pre-petition billing rate which Jenner & Block charged General Motors Corporation.  This total also reflects Jenner & Block's voluntary reduction of half its non-working travel time, as well as other time that it has voluntarily written off or not billed.

Summary of Time Recorded in Connection With Rendering
Services to the Debtors for February 1, 2010 - May 31, 2010

### ATTORNEYS

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Partner | Joseph P. Gromacki | 1992 | 712 | 5.20 | 3,702.40 |
| Partner | Daniel R. Murray | 1970 | 767 | 15.70 | 12,041.90 |
| Partner | Joanne H. Sweeney | 1999 | 425 | 1.50 | 637.50 |
| Partner | Patrick J. Trostle | 1992 | 700 | 9.60 | 6,720.00 |
| **Partner Total** | | | | **32.0** | **23,101.80** |

| Position | Name | Admitted to Practice | Rate | Time | Amount |
|---|---|---|---|---|---|
| Associate | Gregory S. Knudsen | 2008 | 274 | 48.90 | 13,398.60 |
| Associate | Andrew J. Olejnik | 2004 | 339 | 3.10 | 1,050.90 |
| **Associate Total** | | | | **52.00** | **14,449.50** |
| **Total Attorney Time** | | | | **84.0** | **37,551.30** |

### PARAPROFESSIONALS

| Position | Name | Rate | Time | Amount |
|---|---|---|---|---|
| Senior Paralegal | Michael H. Matlock | 260 | 6.70 | 1,742.00 |
| **Total Paraprofessional Time** | | | **6.70** | **1,742.00** |

### SUMMARY

| Description | Amount |
|---|---|
| **Total Amount for Services Rendered (Attorneys and Paraprofessionals)** | **$39,293.30** |
| **Less 50% Non-Working Travel Time** | **($350.00)** |
| **Total Amount of Fees Requested for Services Rendered (October 1, 2009 - January 31, 2010)** | **$38,943.30** |

**Hearing Date: To Be Determined**
**Objection Deadline: To Be Determined**

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|   |   |   |
|---|---|---|
|   | : |   |
| In re | : | Chapter 11 Case No. |
|   | : |   |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
|   | : |   |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------------x

**THIRD INTERIM FEE APPLICATION OF**
**JENNER & BLOCK LLP FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

**TO THE HONORABLE ROBERT E GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Jenner & Block LLP ("**Jenner & Block**"), special counsel to Motors Liquidation

Company and its affiliated debtors (collectively, the "**Debtors**"),[2] by this third interim fee

---

[2] The Debtors are: Motors Liquidation Company (Case No. 09-50026), Chevrolet-Saturn of Harlem, Inc. (Case No. 09-13558), Saturn, LLC (Case No. 09-50027), and Saturn Distribution Corporation (Case No. 09-50028).

application (the "**Third Interim Application**") pursuant to sections 330(a) and 331 of title 11 of

the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeks (i) interim allowance and payment of

reasonable compensation for actual and necessary professional services performed by Jenner &

Block in the aggregate amount of $38,943.30 for the period from February 1, 2010 through and

including May 31, 2010 (the "**Compensation Period**"); and (ii) reimbursement of actual,

reasonable and necessary expenses in the aggregate amount of $2,390.68 incurred during the

Compensation Period.

      To aid this Court in analyzing the Third Interim Application, Jenner & Block has divided

it into four parts. Part I provides a brief background of the Debtors' cases. Part II provides an

overview of the Third Interim Application. Part III provides a description of the work performed

by Jenner & Block during the Compensation Period, by category, as well as how Jenner & Block

calculated this compensation request. Finally, Part IV explains why this compensation request

should be allowed.

### I. Background of the Filing and the Retention of Jenner & Block

      1.     Commencing on June 1, 2009, (the "**Commencement Date**"), the Debtors filed

with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to

§§ 1107(a) and 1108 of the Bankruptcy Code.

      2.     On June 12, 2009, the Debtors filed an Application of the Debtors Pursuant to

Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of

Bankruptcy Procedure for Authorization to Employ and Retain Jenner & Block LLP as

Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date (the "**Retention Application**"). Pursuant to an order dated June 26, 2009, the Debtors were authorized to retain Jenner & Block as their attorneys to render legal services in the prosecution of their chapter 11 cases.

3.    On June 3, 2009, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") filed the Appointment of Committee of Unsecured Creditors (the "**Creditors' Committee**").

4.    A plan of reorganization and disclosure statement has not yet been filed in these cases.

## II.  Third Interim Application

5.    Jenner & Block has prepared this Third Interim Application in accordance with the Administrative Order Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated June 20, 1991 (the "**Original SDNY Guidelines**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted on November 25, 2009 (the "**Amended SDNY Guidelines**," and collectively the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice dated January 30, 1996 (the "**UST Guidelines**"), and the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711] (the "**Administrative Order**," and collectively with the Local Guidelines and UST Guidelines, the "**Guidelines**"). Pursuant to the Amended SDNY Guidelines, a certification regarding compliance with such guidelines is attached hereto as Exhibit A.

3

6.      On December 23, 2009, the Court entered a Stipulation and Order with Respect to

Appointment of a Fee Examiner. [Docket No. 4708].  On February 16, 2010, the Fee Examiner

filed the Fee Examiner's First Status Report and Advisory [Docket No. 5002] which provided

general observations based on the Fee Examiner's initial review of pending fee applications.

On April 8, 2010, the Fee Examiner filed the Second Status Report and Advisory [Docket No.

5463] providing further observations on subsequent fee applications.

7.      Jenner & Block seeks interim allowance herein of reasonable compensation for

actual and necessary professional services rendered during the Compensation Period in the

aggregate amount of $38,943.30 and for reimbursement of actual, reasonable and necessary

expenses incurred during the Compensation Period in connection with the rendition of such

services in the aggregate amount of $2,390.68.  Pursuant to Jenner & Block's compliance with

fee rulings from this Court, the requested fee amount reflects a $1,878.00 deduction in fees

from those previously sent in monthly notices to the Debtors.  The requested expenses amount

reflects a $6,028.96 deduction from the amounts sent in the monthly notices to the Debtors due

to a modification of the billing procedures related to certain local counsel fees pursuant to

Jenner & Block's discussions with Alix Partners.

8.      The fees sought by this Third Interim Application reflect an aggregate of 90.7

hours of attorney and paraprofessional time spent and recorded in performing services for the

Debtors during the Compensation Period.  This aggregate amount does not include time that

might be construed as duplicative or otherwise not beneficial to the Debtors' bankruptcy.  Of

the aggregate time expended during the Compensation Period, 32.0 recorded hours were

expended by partners, 52.0 recorded hours were expended by associates, and 6.7 recorded

hours were expended by paraprofessionals.  During the Compensation Period, Jenner &

Block's hourly billing rates for attorneys working on these matters ranged from $274.00 to $767.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $442.86.

9.    Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

10.    Jenner & Block has not yet received payment for either the fees or expenses invoiced for February, March, April or May.  Jenner & Block currently holds $2,042,364.43 in post-petition retainer.

11.    Pursuant to the Guidelines, annexed hereto as <u>Exhibit B</u> is a schedule setting forth all Jenner & Block professionals and paraprofessionals who have performed services for the Debtors during the Compensation Period for which Jenner & Block is seeking reimbursement, the position in which each such individual is employed by Jenner & Block, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefore, and as to attorneys, the year in which each professional was first licensed to practice law.

12.    Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit C</u> is a summary by project matter of the fees generated by the services performed during the Compensation Period and, for each separate project matter, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

13.    Annexed hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses for which Jenner & Block is seeking reimbursement and the total amount for each such

expense category; Exhibit E contains a detailed list of all expenses for which Jenner & Block seeks reimbursement. This schedule has been adjusted for and does not reflect certain expenses incurred by Jenner & Block for which it will not be seeking reimbursement.

14.    Jenner & Block maintains detailed records of the time spent by all attorneys and paraprofessionals and the expenses incurred by, and in connection with the representation of, the Debtors. Copies of the detailed time records are annexed hereto as Exhibit F.

15.    The fees charged by Jenner & Block in these cases reflect those rates applied to General Motors Corporation pre-petition. The fees are otherwise billed in accordance with Jenner & Block's general procedures in effect during the Compensation Period. The rates Jenner & Block charges for the services rendered by its professionals and paraprofessionals to the Debtors are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive national legal market in cases other than cases under title 11.

16.    All of the services for which interim compensation is sought were rendered to the Debtors solely in furtherance of bankruptcy and not on behalf of any individual creditor or other entity.

17.    Jenner & Block has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

18.    Jenner & Block has not shared, nor agreed to share (a) any compensation they have received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner & Block as to

compensation in connection with these cases other than in accordance with the provisions of

the Bankruptcy Code.

19.    To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

preparation of this Third Interim Application, Jenner & Block reserves the right to request

additional compensation for such services and reimbursement of such expenses in a future

application.

## III.  Summary of Professional Compensation and Reimbursement of Expenses Requested

20.    As noted above, Exhibit C is a summary by project matters of the fees generated

during the Compensation Period.  The following are descriptions of the project matters and

their necessity and benefit to the estate.  The descriptions include a statement of the aggregate

number of hours spent and fees charged for each matter.  The persons providing services on

each project matter are listed on Exhibit C.

### A.    Products Liability

21.    The Retention Application described the role of Jenner & Block as advising the

Debtors regarding, *inter alia*, "[c]ertain litigation matters, including issues arising

from…product liability suits…, and such litigation disputes as may arise from any of the

foregoing." Retention Application, ¶ 16(d).

22.    During the Compensation Period, attorneys who have worked on this matter were

involved in the representation of Motors Liquidation Company against various suits related to

products liability.  Such representation included certain follow-up matters with respect to the

filing of motions to show cause as well as status issues.

23.    Jenner & Block spent 1.5 hours, at an aggregate charge of $637.50, on products

liability matters.

B.    Court Hearings

24.    This matter includes all time spent by Jenner & Block attorneys in attending hearings before the Court, including hearings on fee applications.

25.    During the Compensation Period, Jenner & Block expended 3.5 hours, at an aggregate charge of $2,450.00, attending Court hearings.

C.    Non-Working Travel Time

26.    This matter includes time entries related to non-working travel time spent by Jenner & Block attorneys for trips to attend Court hearings.

27.    During the Compensation Period, Jenner & Block expended 1.0 hour, at an aggregate charge of $700.00, for non-working traveling time.  Jenner & Block is seeking compensation only for one-half of its travel time, or $350.00.  Jenner & Block is voluntarily reducing its bill for the balance.

D.    Jenner Fee Applications

28.    This matter includes time entries related to preparing Jenner & Block's second interim fee application for the period from October 1, 2009 through and including January 31, 2010.

29.    During the Compensation Period, Jenner & Block expended 19.7 hours, at an aggregate charge of $6,605.80 on matters related to the preparation of its second interim fee application.

30.    In this Third Interim Application, Jenner & Block has voluntary omitted all tasks related to reviewing monthly invoices for compliance with the Guidelines and is not requesting fees associated with these tasks from the Debtors.

E.     Case Administration

31.    Work related to the case administration matter involved preparing documents for filing with the court, reviewing documents from, and conferring with, the Court appointed Fee Examiner on interim fee application submissions, reviewing and monitoring the court docket and preparing supplemental disclosures to the Court pursuant to Jenner & Block's Retention Application.  A majority of Jenner & Block's time in this matter was spent responding to inquiries regarding Jenner & Block's first interim fee application.  Jenner & Block's first interim fee application represented the fees for the period of Jenner & Block's largest participation in these chapter 11 cases.

32.    During the Compensation Period, Jenner & Block expended 65 hours, at an aggregate charge of $28,900.00 with respect to case management and administration.

**IV.  The Requested Compensation Should Be Allowed**

33.    The foregoing professional services performed by Jenner & Block were necessary and appropriate in the above-referenced chapter 11 cases and were in the best interests of the Debtors.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  Jenner & Block has taken significant efforts to ensure that the professional services were performed with expedience, in an efficient manner, and without duplication of effort.

34.    In preparing this Third Interim Application, Jenner & Block calculated the amount of time spent by each attorney and paraprofessional in performing actual and necessary legal services for the Debtors.  That data came directly from computerized records that are kept for each Jenner & Block client.  Individual time entries are maintained on written daily logs, personal computer hard drives or input directly into the Firm's central client accounting and billing system.  All time entries and expenses are uploaded into the billing system, which then

9

produces draft client billing memoranda and invoices.  Jenner & Block attorneys have reviewed and edited the draft invoices and billing memoranda for errors prior to their submission.

35.    The rates used in this Third Interim Application are the customary and usual pre-petition rates which Jenner & Block charged General Motors Corporation.  In addition, the disbursements for which Jenner & Block seeks reimbursement are the customary and usual expenses for which Jenner & Block seeks reimbursement from its clients.  Jenner & Block charges 10 cents per page for duplicating.  Jenner & Block does not charge its clients for facsimiles, domestic and long distance telephone (other than while traveling), and certain overtime expenses, and takes those expenses into account in its overhead.  Jenner & Block does not include charges for postage, messenger services, duplicating and computerized legal research in its overhead because it is fairer to clients who use less of these services to have these expenses billed separately.  According to its outside auditors, these charges fairly approximate the firm's actual costs and do not result in undue revenue for the firm.  The firm's hourly rates used for this Third Interim Application do not compensate the firm for such expenses.

36.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

10

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37.     In the instant case, Jenner & Block respectfully submits that the services for which they seek compensation in this Third Interim Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors.  Jenner & Block further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Debtors.

38.     The services rendered by Jenner & Block were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the interim compensation sought herein for the Compensation Period is warranted.

39.     This Third Interim Application includes citations to the applicable authorities and does not raise any novel issues of law.  Jenner & Block reserves the right to file a brief in reply to any objection to this Third Interim Application.

40.     To the extent applicable, Jenner & Block further requests that the Court waive for cause shown any Guideline requirement not met by this Third Interim Application.

41.     No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE Jenner & Block respectfully requests: (i) allowance and payment of compensation for professional services rendered during the Compensation Period in the amount of $38,943.30; and (ii) reimbursement for actual and necessary expenses Jenner & Block incurred during the Compensation Period in the amount of $2,390.68; and (iii) that the Court grant Jenner & Block such other and further relief as is just.

Dated: August 4, 2010
Chicago, Illinois

Respectfully submitted,


By: /s/ *Daniel R. Murray*
    Daniel R. Murray

JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Joseph P. Gromacki (Admitted *Pro Hac Vice*)
Daniel R. Murray (Admitted *Pro Hac Vice*)

Special Counsel for Debtors and
Debtors in Possession