**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

### FIRST INTERIM FEE APPLICATION

| | |
|---|---|
| Name of Applicant: | **Hamilton, Rabinovitz & Associates, Inc.** |
| Time Period: | February 1, 2010 through and including May 31, 2010 |
| Role in the Case: | Consultants for the Debtors and Debtors in Possession with Respect to Present and Future Asbestos Claims |
| Current Application: | Total Fees Requested:  $7,970.00 <br> Total Expenses Requested:  $0.00 |
| Prior Applications: | N/A |

**SUMMARY OF FIRST INTERIM FEE
APPLICATION OF HAMILTON, RABINOVITZ, &
ASSOCIATES, INC. FOR SERVICES RENDERED
FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION | |
|---|---|---|---|---|
| Rabinovitz, Francine F. (Partner) | $650.00 | 1.00 | $ | 650.00 |
| Sims, Robert H. (Managing Director) | $600.00 | 5.20 | $ | 3,120.00 |
| Honig, Paul K. (Director) | $350.00 | 12.00 | $ | 4,200.00 |
| **Total** | | **18.20** | **$** | **7,970.00** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re                                                    :          Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,    :          09-50026 (REG)
f/k/a General Motors Corp., *et al.*      :
:
Debtors.                       :          (Jointly Administered)
:
-------------------------------------------------------------x

**FIRST APPLICATION OF HAMILTON, RABINOVITZ, & ASSOCIATES, INC.
AS CONSULTANTS FOR THE DEBTORS WITH RESPECT TO PRESENT AND
FUTURE ASBESTOS CLAIMS, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM FEBRUARY 1 2010, THROUGH MAY 31, 2010**

# TABLE OF CONTENTS

**Page**

Preliminary Statement.............................................................................................................. 1

Background ............................................................................................................................... 1

Summary of Professional Compensation and Reimbursement of Expenses Requested................ 2

Summary of Services Performed by HRA During the Third Compensation Period ..................... 4

The Requested Compensation Should Be Allowed ..................................................................... 5

Notice ....................................................................................................................................... 6

Conclusion ................................................................................................................................ 7

## TABLE OF AUTHORITIES

**Statutes & Rules**                                                                                      **Page**

11 U.S.C. § 327 ................................................................................................................5

11 U.S.C. § 330 ................................................................................................................5

11 U.S.C. § 330(a) ...........................................................................................................1

11 U.S.C. § 330(a)(1) .......................................................................................................5

11 U.S.C. § 330(a)(3) .......................................................................................................6

11 U.S.C. § 331 ............................................................................................................1, 5

Fed. R. Bank. P. 1015(c) ..................................................................................................6

Fed. R. Bank. P. 2016 .......................................................................................................1

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Hamilton, Rabinovitz & Associates, Inc. ("**HRA**"), consultants with respect to present and future asbestos claims for Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors in these chapter 11 cases, as debtors and debtors in possession (together with MLC, the "**Debtors**"), for its first application (the "**Application**"), pursuant to sections 330(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by HRA for the period commencing February 1, 2010 through and including May 31, 2010 (the "**Third Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Third Compensation Period, respectfully represents:

### Preliminary Statement

1.      HR&A was retained as a consultant to the Debtors on May 6, 2010 with respect to present and future asbestos claims.  HR&A commenced working on the Debtors' asbestos claims issues on May 11, 2010.

2.      HRA's charges for professional services performed and expenses incurred are reasonable under the applicable standards.  HRA respectfully asks that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

### Background

3.      On April 22, 2010, the Debtors filed an application to employ HRA as their consultants with respect to present and future asbestos claims [Docket No. 5578].  No objections were filed to HRA's retention, and, pursuant to an order, dated May 6, 2010, the Debtors were

authorized to retain HRA as their consultants with respect to present and future asbestos claims.

[Docket No. 5730].

**Summary of Professional Compensation**
**and Reimbursement of Expenses Requested**

4.       HRA seeks allowance of interim compensation for professional services

performed during the Third Compensation Period in the amount of $7,970.00, and for

reimbursement of expenses incurred in connection with the rendition of such services in the

amount of $0.00.  During the Third Compensation Period, HRA professionals expended a total of

approximately 18.20 hours in connection with the necessary services performed.

5.       This Application has been prepared in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "**Local Guidelines**"), the

U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**"), and

the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals [Docket No. 3711] (the

"**Administrative Order**," and together with the Local Guidelines and the UST Guidelines, the

"**Guidelines**").  Pursuant to the UST Guidelines, the Debtors have been provided with a copy of

the Application for their review and will have completed their review of the same prior to the

hearing on the Application.

6.       HRA has not yet received payments for either the fees or the expenses

invoiced for May 2010.  No services were provded to the Debtors during February, March or

April 2010.

7.      The fees charged by HRA in these cases are billed in accordance with HRA's existing billing rates and procedures in effect during the Third Compensation Period.  The rates HRA charges for the services rendered by its professionals in these chapter 11 cases are the same rates HRA charges for professional services rendered in comparable bankruptcy and nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national market.

8.      Annexed hereto as **Exhibit "A"** is a certification regarding compliance with the Guidelines.

9.      Annexed hereto as **Exhibit "B,"** pursuant to the UST Guidelines, is a schedule of HRA professionals who have performed services for the Debtors during the Third Compensation Period, the capacities in which each such individual is employed by HRA, the hourly billing rate charged by HRA for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed therefor.

10.      No expenses were incurred during the Third Compensation Period.

11.      Annexed hereto as **Exhibit "C,"** pursuant to the UST Guidelines, is a summary of HRA's time records billed during the Third Compensation Period using project categories hereinafter described.  HRA maintains hand-written and computerized records of the time spent by all HRA employees and associates in connection with the prosecution of the Debtors' chapter 11 cases.  Copies of time records records have been furnished to the Debtors and, the Court, the attorneys for the Committee, the Fee Examiner, and the U.S. Trustee in the format specified by the UST Guidelines.  Annexed hereto as **Exhibit "D"** are copies of the time records for the Third Compensation Period.

12.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Third Compensation Period, but were not processed prior to the preparation of this Application, HRA reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services Performed by
### HRA During the Third Compensation Period

13.     During the Third Compensation Period, HRA downloaded the Debtors' asbestos claims databases and related supporting documents from the Debtors' secure data room starting on May 11, 2010. The databases and documents were reviewed by HRA and the May 31, 2009 database tables were converted to the Stata program file format.  The relational database tables were then processed into a flat file format containing the data fields used by HRA to assess potential present and future claim liabilities. HRA also participated in teleconferences with team members, Weil, Gotshal & Manges LLP, counsel for the Debtors, and AP Services, LLC, the Debtors' interim managers and restructuring experts.

14.     The foregoing professional services performed by HRA were actual, necessary, and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services performed by HRA were in the best interests of the Debtors and other parties in interest.  Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  The professional services were performed expeditiously and efficiently.

15.     The professional services performed by HRA on behalf of the Debtors during the Third Compensation Period required an aggregate expenditure of 18.20 recorded hours by HRA's employees.  Of the aggregate time expended, 6.20 recorded hours were expended by partners of HRA and 12.00 recorded hours were expended by an associate of HRA.

16.     During the Third Compensation Period, HRA billed the Debtors for time expended by employees based on hourly rates ranging from $350 to $650 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $437.91 (based on 18.20 recorded hours for employees at HRA's regular billing rates in effect at the time of the performance of services).

## The Requested Compensation Should Be Allowed

17.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  *Id.* § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

18.    In the instant case, HRA submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' chapter 11 estates.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

19.    In sum, the services rendered by HRA were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

20.    Notice of this Application has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670]. HRA submits that such notice is sufficient and no other or further notice need be provided.

21.    No previous request for the relief sought herein has been made by the HRA to this or any other Court.

**Conclusion**

22.     HRA respectfully requests the Court enter an Order authorizing (i) an interim allowance of compensation for professional services rendered during the Third Compensation Period in the aggregate amount of $7,970.00, consisting of $7,970.00, representing 100% of fees incurred during the Third Compensation Period, and reimbursement of $0.00, representing 100% of actual and necessary expenses incurred during the Third Compensation Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to HRA's right to seek additional compensation for services performed and expenses incurred during the Third Compensation Period, which were not processed at the time of this Application; (iii) directing payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order; and (iv) such other and further relief as is just.

WHEREFORE HRA respectfully requests that the Court grant the relief requested

herein and such other and further relief as is just.

Dated: Paris, France
        August 4, 2010

                                        /s/ Francine F. Rabinovitz
                                        Hamilton, Rabinovitz & Associates, Inc.

**<u>Exhibit A</u>**

**<u>Certification</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                          :
In re                                                     :        Chapter 11 Case No.
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                 :        09-50026 (REG)
    **f/k/a General Motors Corp.,** *et al.*     :
                                                          :
        **Debtors.**                       :        (Jointly Administered)
                                                          :
                                                          :
-------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES**
**AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT**
**OF THIRD APPLICATION OF HAMILTON, RABINOVITZ & ASSOCIATES, INC.**
**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

        I, Francine F. Rabinovitz, hereby certify that:

        I am a partner with the applicant firm, Hamilton, Rabinovitz & Associates, Inc.

("**HRA**"), as consultant with respect to present and future asbestos claims for the chapter 11 cases

of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated

debtors, as debtors and debtors in possession in the above-captioned cases (collectively with

MLC, the "**Debtors**"), in respect of compliance with the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on November 25, 2009 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Pursuant to 11

U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses of Professionals [Docket No. 3711] (the "**Administrative Order,**" and together with

the Local Guidelines and the UST Guidelines, the "**Guidelines**").

23.    This certification is made in respect of HRA's application, dated August 5, 2010 (the "**Application**"), for interim compensation and reimbursement of expenses for the period commencing February 1, 2010 through and including May 31, 2010 (the "**Third Compensation Period**") in accordance with the Guidelines.

24.    In respect of section A.1 of the Local Guidelines, I certify that:

a.    I have read the Application;

b.    to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

c.    the fees and disbursements sought are billed at rates in accordance with those customarily charged by HRA and generally accepted by HRA's clients; and

d.    in providing a reimbursable service, HRA does not make a profit on that service, whether the service is performed by HRA in-house or through a third party.

25.    In respect of section A.2 of the Local Guidelines and as required by the Administrative Order, I certify that HRA has complied with these provisions requiring it to provide counsel for the statutory committee of unsecured creditors appointed in these cases (the "**Committee**") and the Debtors with a statement of HRA's fees and disbursements accrued during the previous month, although, due to the exigencies of these cases, such statements were not always provided within the exact timetables set forth in the Administrative Order.

26.    In respect of section A.3 of the Local Guidelines, I certify that the Debtors, attorneys for the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated:  Paris, France
        August 4, 2010

                                        /s/ Francine F. Rabinovitz
                                        Hamilton, Rabinovitz & Associates, Inc.

**<u>Exhibit B</u>**

**Summary of First Interim Fee Application of
Hamilton, Rabinovitz & Associates, Inc. for Services Rendered
<u>for the Period February 1, 2010 Through May 31, 2010</u>**

| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Rabinovitz, Francine F. (Partner) | $650.00 | 1.00 | $ 650.00 |
| Sims, Robert H. (Managing Director) | $600.00 | 5.20 | $ 3,120.00 |
| Honig, Paul K. (Director) | $350.00 | 12.00 | $ 4,200.00 |
| **Total** | | **18.20** | **$ 7,970.00** |

**Exhibit C**

**Compensation by Work Task Code for Services**
**Rendered by Hamilton, Rabinovitz & Associates, Inc. for the**
**Period February 1, 2010 Through May 31, 2010**

| PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation Consulting | 18.20 | $        7,970.00 |
|  |  |  |
| **TOTAL:** | **18.20** | **$        7,970.00** |

**<u>Exhibit D</u>**

**<u>Time Records for the</u>**
**<u>Period February 1, 2010 Through May 31, 2010</u>**

# HR&A                                    INVOICE

Hamilton, Rabinovitz & Associates, Inc.
Policy, Financial & Management Consultants

June 5, 2010

Russell Brooks
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Fees for expert consulting services performed by Hamilton,
Rabinovitz & Associates, Inc., re: Motors Liquidation Company et
al.  For the month of May, 2010

**FEES**

Francine F. Rabinovitz
 1.00 hours @ $ 650 per hour              $    650.00

Robert H. Sims
 5.20 hours @ $ 600 per hour                 3,120.00

Paul K. Honig
12.00 hours @ $ 350 per hour                 4,200.00

      TOTAL DUE:                          $ 7,970.00

*Please remit to corporate address below:*

P.O. Box 222681 Carmel, California 93922  Tel: (831) 626-1350  Fax: (831) 626-1351

Northern California                    Los Angeles                    New York

MAY, 2010 TIME LOG OF FRANCINE F. RABINOVITZ (FFR)

<u>DATE</u>      <u>TIME</u>   <u>TASK</u>

05/11/10   0.50   Talk with Robert H. Sims in preparation for
                  conference call.

05/13/10   0.50   Conference call with S. Karotkin, T. Morrow and
                  Robert H. Sims.

TOTAL:     1.00

MAY, 2010 TIME LOG OF ROBERT H. SIMS (RHS)

| DATE | TIME | TASK |
|------|------|------|
| 05/11/10 | 2.60 | Download & review mutiple copies of databases from MLC secured data room to resolve corruption issues (2.10); Call with Francine F. Rabinovitz (0.50). |
| 05/12/10 | 0.90 | Continue download and review of databases. |
| 05/13/10 | 0.50 | Teleconference with S. Karotkin, T. Morrow and Francine F. Rabinovitz. |
| 05/14/10 | 1.20 | Download & review final databases from MLC secured data room. |
| TOTAL: | 5.20 | |

MAY, 2010 TIME LOG OF PAUL K. HONIG (PKH)

| DATE | TIME | TASK |
|------|------|------|
| 05/14/10 | 2.00 | Setup e-mailed claimant data for May09 & review prior code. |
| 05/20/10 | 4.00 | Convert Access tables to stata & process May09 data; several key fields are missing. |
| 05/27/10 | 6.00 | Process LawfirmX, Names, ClaimantOne, VenueOne & IndemOne;  identify missing input file required for DSWork. |
| TOTAL: | 12.00 | |