**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                             :

In re:                                   :       Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY, et al.  :       09-50026 (REG)
    f/k/a General Motors Corp., et al.      :

                        Debtors.    :       (Jointly Administered)
                                             :
---------------------------------------------------------------x

**THIRD INTERIM APPLICATION OF FTI CONSULTING, INC. FOR**
**ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF**
**EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD**
**<u>FEBRUARY 1, 2010 THROUGH MAY 31, 2010</u>**

| | |
|---|---|
| Name of Applicant: | <u>FTI Consulting, Inc.</u> |
| Authorized to Provide Professional Services to: | <u>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY, et al.</u> |
| Date of Retention: | <u>August 18, 2009 (effective June 3, 2009)</u> |
| Period for which compensation and reimbursement is sought: | <u>February 1, 2010 to May 31, 2010</u> |

Amount requested in this fee app
    Compensation requested:           <u>$2,000,000.00</u>
    Original expense reimbursement
    requested:                          <u>$11,753.21</u>
    Voluntary reduction:               <u>($40.00)</u>
    Final expense reimbursement
    requested:                          <u>$11,713.21</u>

Amount previously requested
    Compensation requested:           <u>$6,501,702.25</u>
    Expense reimbursement requested:  <u>$93,257.02</u>

This is an (a): <u> X </u> Interim <u>    </u> Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :

| | |
|---|---|
| In re: | Chapter 11 Case No.: |
| | |
| MOTORS LIQUIDATION COMPANY, et al.<br>    f/k/a General Motors Corp., et al. | 09-50026 (REG) |
| | |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

## THIRD INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official Committee of Unsecured Creditors (the "Committee") of Motors Liquidation Company, et al. ("MLC"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates, hereby submits its third application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of compensation for services rendered and for reimbursement of expenses incurred in these cases.

## INTRODUCTION

1.      By this application, FTI seeks a third interim allowance of compensation for professional services rendered as financial advisors to the Committee for the period February 1, 2010 through and including May 31, 2010 (the "Third Interim Period") in the amount of

$2,000,000, representing 2,950.6 hours in professional services, and actual and necessary expenses of $11,713.21. In support of this application, the Applicant represents as follows:

2.       This application is submitted pursuant to the terms of the Order Pursuant to 11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated August 7, 2009 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $2,000,000 in fees and $11,713.21 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Third Interim Period. Included in the $2,000,000 fee amount is $400,000 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of February 1, 2009 through May 31, 2010.

## BACKGROUND

3.       On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.       On June 3, 2009, the Office of the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

5.       On June 3, 2009, the Committee selected Kramer Levin Naftalis & Frankel LLP as its Counsel ("Committee Counsel") and FTI Consulting as its Financial Advisor.

6.     By an Order dated August 18, 2009, the United States Bankruptcy Court

for the Southern District of New York authorized and approved the Committee's retention of FTI

*nunc pro tunc* to June 3, 2009.

7.     On July 10, 2009, General Motors Company ("New GM"), formerly

known as NGMCO, Inc. and successor-in-interest to Vehicle Acquisition Holdings LLC,

completed the acquisition of substantially all of the assets of Motors Liquidation Company ("Old

GM" or "MLC"), formerly known as General Motors Corporation, and its direct and indirect

subsidiaries, Saturn LLC ("Saturn LLC"), Saturn Distribution Corporation ("Saturn

Distribution") and Chevrolet-Saturn of Harlem, Inc. ("Harlem", and collectively with Old GM,

Saturn LLC and Saturn Distribution, the "Sellers").  The sale was consummated pursuant to the

Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, as

amended (the "Purchase Agreement"), between the Sellers and New GM.  The Purchase

Agreement was entered into in connection with the Sellers' filing of voluntary petitions for relief

under the Bankruptcy Code in this Court, and was completed pursuant to Section 363(b) of the

Bankruptcy Code (the "363 Sale") and the Order of this Court dated July 5, 2009.  Subsequent to

the 363 Sale, the Debtors continue to manage the remaining assets in the Estate and are in the

process of winding down the Estate.

8.     As stated in the FTI Retention Application and the Retention Order

entered by the Court on August 18, 2009, FTI has agreed to seek compensation (a) on an hourly

basis from the commencement of the FTI Committee Engagement on June 3, 3009 to the date of

closing of the 363 Sale, which closed during the morning of July 10, 2009 and (b) on a fixed

monthly fee basis for the period thereafter, plus reimbursement of actual and necessary expenses.

4

## SUMMARY OF SERVICES RENDERED

9.    The Debtors' chapter 11 cases have presented and continue to present numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors.  The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Third Interim Period:

### PCD 1 Current Operating Results & Events

FTI reviewed and analyzed New GM's public filings of financial statements to assess their impact on recoveries to unsecured creditors. FTI reviewed and developed analyses based on analyst reports on New GM and prepared reports to the Committee on same. FTI reviewed and analyzed New GM's operating results, including monthly vehicle sales by brand. FTI prepared detailed reports to the committee analyzing GM's vehicle sales trends and market share information.

These services were essential to ensure the Committee had a complete understanding of these issues and to ensure that value was being maximized. FTI reviewed and analyzed NewGM's financial results as of 12/31/2009 and the first quarter results as of 3/31/2010, obtained and reviewed reports prepared by fixed income analysts at various investment banks and prepared reports to the Committee outlining the potential recovery ranges to unsecured creditors.

### PCD 5 Real Estate and Environmental Issues

FTI continued to expend a significant amount of time reviewing and analyzing the assumptions made by the Debtors in the development of potential remediation costs and environmental claims

estimates. FTI has had discussions with the Debtors' advisors on a regular basis to discuss (a)
their progress in addressing pending environmental issues, (b) their approach and updates from
their efforts to negotiate with regulatory authorities regarding environmental remediation, (c) the
anticipated timeframe and the feasibility of such timeframe in working with Federal, State and
Local governments to develop  an approach that promotes job creation and commercial property
redevelopment as a strategy to mitigate potential environmental remediation costs and (d) the
progress on a transition timeline to shut down certain manufacturing plants that are being leased
to General Motors Company ("New GM"). FTI has presented its findings to the Committee on
same. These services are essential to ensure the Committee has a complete understanding of
these issues and to ensure that claims and remediation costs are being dealt with in a responsible
manner.


## PCD 6 Asset Sales

FTI continued to monitor and provide feedback to the Debtors with respect to the sale of the
Strasbourg asset. FTI received updates and discussed critical issues related to Strasbourg such as
the negotiation with potential buyers.

FTI reviewed, analyzed and discussed with the Debtors the sale of the Wilmington facility and
its related documentation. FTI also discussed and analyzed other potential non-core asset sale
agreements and provided feedback to the Debtors regarding these proposed transactions. FTI
provided updates on all proposed asset sales as part of its periodic reports to the Committee.


## PCD 14 Analysis of Claims/Liab Subject to Compromise

FTI monitored the Debtors' progress with respect to the resolution of unliquidated claims, including product liability claims and other litigation claims, and the implementation of ADR procedures. During the Third Interim Period FTI reviewed detailed information related to the ongoing ADR process, including the summaries of each case, the capping offers and settlements that have been reached to further resolve the claims. FTI met regularly with the Debtors to discuss updates. Pursuant to the ADR procedure, the Committee is required to review and comment on any proposed claims settlements in excess of $1 million. FTI reviewed the necessary details and commented upon the claims level information to make an informed business decision on proposed settlements. FTI made recommendations to the Committee regarding the claims settlement offers. FTI met regularly with the Debtors and their advisors to understand and assess the Debtors' latest claims estimates, to review and assess potential claims settlements pursuant to the claims settlement protocol, and to develop a strategy to facilitate the claims review and reconciliation process.  These meetings are critical to ensure that claims are resolved in an efficient manner and that the overall claims pool in the estate is kept as low possible and to facilitate an expeditious exit from Bankruptcy. FTI analyzed and discussed with the Debtors' advisors and with Committee counsel significant individual claims to assess the merits of these claims and develop strategies to deal with these claims. FTI participated in the process of requesting and obtaining detailed information related to asbestos claims in order to enable the corresponding asbestos experts to perform their analyses. FTI reviewed and summarized the omnibus claims objections filed by the Debtors to understand the rationale and merits of such objections. FTI performed analyses to calculate and reconcile claim amounts related to the Debtors' various bond issuances, including principal amounts outstanding and accrued interest calculations. FTI prepared periodic reports to the Committee to keep them

apprised of the status of the claims pool and the Debtors' efforts to negotiate and settle claim

amounts.


## PCD 16 Analysis, Negotiate and Formulate Plan of Liquidation and Disclosure Statement

FTI worked with the Debtors, the Committee and their respective legal counsel to formulate an

acceptable Plan of Liquidation, which maximizes the value of the estate; adequately deals with

long-term matters in the case such as the resolution of product liability claims, tort claims,

asbestos claims and the environmental remediation of owned sites; and allows for timely

distributions to unsecured creditors. FTI reviewed and analyzed the proposed structure and

proposed governance of the post-emergence trusts in order to ensure (a) adequate resolution of

remaining disputed claims, (b) adequate distribution of securities to unsecured creditors and (c)

minimization of administrative expenses. FTI reviewed and analyzed the adequacy of the Wind-

Down Budget developed by the Debtors for purposes of funding future wind down expenses

after the Plan of Liquidation becomes effective. FTI prepared a report on the revised Plan of

Liquidation projections and updated the Committee with regards to the Wind-Down Budget

process.


## PCD 17 Wind Down Monitoring

FTI monitored the court docket for any key filings as well as news articles that may impact the

potential recoveries to the Unsecured Creditors. FTI participated in weekly conference calls with

the Debtors' advisors to discuss critical issues related to the progress of the wind down process.

FTI reviewed and analyzed periodic reports prepared by the Debtors regarding the status of the

wind down activities. FTI also analyzed and summarized the Monthly Operating Reports filed by

the Debtors with the Bankruptcy Court. FTI monitored the Debtors' wind down activities and developed monthly status update reports to the Committee. FTI expended significant time developing and presenting numerous reports to the Committee that (a) highlighted the major developments in these cases, (b) provided financial analyses on matters impacting recoveries to unsecured creditors and (c) summarized complex issues facing the Debtors. These tasks are important to ensure that timely progress is being made and to ensure that the value to the estate is being maximized.

**PCD 18 Potential Avoidance Actions & Litigation**

During the Third Interim Period, FTI was involved with two significant litigations that the Committee is actively pursuing. FTI provided advice to the Committee counsel on the overall economic impact, assessing the business and cost/benefit ramifications of pursuing the litigations and providing on-going general financial and litigation consulting support services.

**PCD 24 Preparation of Fee Application**

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals dated August 7, 2009. Time in this category includes preparing the Monthly Fee Statements for the fee periods of February through May 2010, as well as the time spent in preparing the Second Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

10.     All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

11.     During the Third Interim Period, FTI professionals expended an aggregate of 2,950.6 hours in rendering services on behalf of the Committee for a total fee of $2,000,000. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

12.     FTI incurred out-of-pocket expenses of $11,713.21 in connection with the rendition of the professional services described above during this Third Interim Period.  FTI's monthly fee statement for the Third Interim Period included out-of-pocket expenses of $11,653.21.  FTI has voluntarily reduced the requested amount of expenses by $40.00 to reflect the capping of meals at $20.00 per person, resulting in the final amount of expense reimbursement requested of $11,713.21. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

## APPLICATION

13.     This application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Third Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated August 18, 2009 authorizing the employment and retention of FTI Consulting, Inc. effective as of June 3, 2009 to provide professional services as Financial Advisors to the Official Committee of Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for each of the months covered in the Third Interim Period;

D.    Exhibit D -- Summary of time by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category incurred during the Third Interim Period;

G.    Exhibit G -- Detail of expenses by category and professional incurred during the Third Interim Period.

## CONCLUSION

14.    No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

15.    No prior application has been made to this or any other Court for the relief requested herein for the Third Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.  approving the allowance of $2,000,000 for compensation for services rendered during the Third Interim Period, and reimbursement of $11,713.21 for out of pocket expenses,

b.  directing the payment of such fees by the Debtors, and

c.  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 4, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                          :
In re:                                    :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.        :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                   Debtors.               :        (Jointly Administered)
                                          :
------------------------------------------------------------- x
```

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THIRD APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM FEBRUARY 1, 2010 THROUGH AND INCLUDING MAY 31, 2010

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Motors Liquidation Company and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's third application for allowance of compensation for services rendered and

2

for reimbursement of expenses, dated August 4, 2010 (the "Application"), for the period of

February 1, 2010 through and including May 31, 2010 (the "Third Interim Period") as follows:

    1.   I am the professional designated by FTI in respect of compliance with the

Guidelines.

    2.   I make this certification in support of the Application, for interim

compensation and reimbursement of expenses for the Third Interim Period, in accordance with

the Local Guidelines.

    3.   In respect of section B.1 of the Local Guidelines, I certify that:

        a.   I have read the Application.

        b.   To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

        c.   Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

        d.   In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

    4.   In respect of section B.2 of the Local Guidelines, I certify that FTI has

provided statements of FTI's fees and disbursements previously accrued, by filing and serving

monthly statements in accordance with the Administrative Fee Order (as defined in the

Application).

    5.   In respect of section B.3 of the Local Guidelines, I certify that copies of

the Application are being provided to (a) the Court; (b) the Office of the United States Trustee;

(c) counsel for the Debtors; (d) the Debtors; and (e) counsel for the Committee.

Dated:    New York, New York
          August 4, 2010

                              FTI Consulting, Inc.
                              Financial Advisors to the Official Committee
                              Of Unsecured Creditors

                              By: _____

                                  Michael Eisenband
                                  Senior Managing Director
                                  Three Times Square
                                  New York, NY  10036
                                  (212) 499-3647

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                           :
In re:                                   :           Chapter 11 Case No.:
                                             :
MOTORS LIQUIDATION COMPANY, et al.   :           09-50026 (REG)
       f/k/a General Motors Corp., et al.      :
                                             :
                           Debtors.      :         (Jointly Administered)
-------------------------------------------------------- X

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 3, 2009

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession herein (the "**Debtors**"), for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the retention and employment of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "**FTI**") as financial advisor to the Committee *nunc pro tunc* to June 3, 2009, and upon the Declaration of Michael Eisenband (the "**Eisenband Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Eisenband Declaration, that such financial advisor represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which FTI is to be engaged, that FTI is a disinterested person as that term is defined under section 101(14) of the

Bankruptcy Code, and that FTI's employment is necessary and in the best interests of the

Debtors' estates and their creditors; and it appearing that proper and adequate notice has been

given and that no other or further notice is necessary; and after due deliberation thereon, and

good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed

to them in the Application; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is

hereby authorized to employ FTI as its financial advisor, in accordance with the terms set forth

in the Application, *nunc pro tunc* to June 3, 2009; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee shall be subject to the

standard of review provided in section 328(a) of the Bankruptcy Code except as noted below;

and it is further

ORDERED that notwithstanding the foregoing, the United States Trustee shall retain the

right to object to the Hourly Compensation, Monthly Fixed Fee and the Completion Fee based on

the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

ORDERED, that the Debtors and their estates shall be bound by the following

indemnification provision:

> FTI and its affiliates, and their respective past, present and future
> directors, officers, shareholders, employees, agents and controlling
> persons (the "**Indemnified Parties**"), shall be indemnified and held
> harmless by the Debtors to the fullest extent lawful, from and against any
> and all losses, claims, damages or liabilities (or actions in respect thereof),
> joint or several, arising out of or related to the Engagement, any actions
> taken or omitted to be taken by an indemnified party in connection with
> FTI's provision of services to the Committee, or any transaction or

proposed transaction contemplated thereby. In addition, the Indemnified Parties shall be reimbursed for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, that the Debtors shall have no liability under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any Indemnified Party,

and it is further

ORDERED that for the periods covered by the Monthly Fixed Fee, FTI shall only be required to, maintain time records for services rendered, in half hour increments.


**Dated:** _August 18, 2009_
　　　　 **New York, New York**

　　　　　　　　　　　　　　 _s/ Robert E. Gerber_
　　　　　　　　　　　　　　 **UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT C**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF FEES & EXPENSES BY MONTH**
*FOR THE PERIOD FEBRUARY 1, 2010 T0 FEBRUARY 28, 2010*

| | February 1, 2010 - February 28, 2010 (Fixed Fees) | March 1, 2010 - March 31, 2010 (Fixed Fees) | April 1, 2010 - April 30, 2010 (Fixed Fees) | May 1, 2010 - May 31, 2010 (Fixed Fees) | Total |
|---|---|---|---|---|---|
| *Fees* | | | | | |
| Incurred & Billed | 500,000.00 | 500,000.00 | 500,000.00 | 500,000.00 | 2,000,000.00 |
| Paid | (400,000.00) | (400,000.00) | (400,000.00) | - | (1,200,000.00) |
| **Unpaid** | **100,000.00** | **100,000.00** | **100,000.00** | **500,000.00** | **800,000.00** |
| | | | | | |
| *Expenses* | | | | | |
| Incurred & Billed | 2,665.96 | 3,957.55 | 1,504.54 | 3,585.16 | 11,713.21 |
| Paid | (2,665.96) | (3,957.55) | (1,504.54) | - | (8,128.05) |
| Unpaid | - | - | - | **3,585.16** | **3,585.16** |
| | | | | | |
| *Total Fees and Expenses* | | | | | |
| Incurred & Billed | 569,331.96 | 503,957.55 | 501,504.54 | 503,585.16 | 2,078,379.21 |
| Paid | (402,665.96) | (403,957.55) | (401,504.54) | - | (1,208,128.05) |
| **Unpaid** | **$166,666.00** | **$100,000.00** | **$100,000.00** | **$503,585.16** | **$870,251.16** |

**EXHIBIT D**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROFESSIONAL**
*FOR THE PERIOD FEBRUARY 1, 2010 T0 MAY 31, 2010*

| Professional | Position | Total Hours |
|---|---|---|
| Phillips, Anna | Senior Managing Director | 433.5 |
| Tully, Conor | Senior Managing Director | 134.2 |
| Eisenband, Michael | Senior Managing Director | 73.5 |
| Beckman, David J | Senior Managing Director | 11.4 |
| Selwood, Michael J | Senior Managing Director | - |
| Shapss-Herringer, Wendy | Senior Managing Director | - |
| Hershman, Richard | Senior Managing Director | - |
| Woodward, David | Senior Managing Director | - |
| Gray, DeLain E | Senior Managing Director | - |
| Smalstig, David | Senior Managing Director | - |
| Joffe, Steven | Senior Managing Director | 4.0 |
| Star, Samuel | Senior Managing Director | 0.3 |
| Santambrogio, Juan | Managing Director | 739.3 |
| Hansen, Paul A | Managing Director | 93.4 |
| Ellis, Melissa | Managing Director | - |
| Siris, John | Managing Director | - |
| Nores, Juan | Director | 733.1 |
| Manalo, Caroline | Director | 14.0 |
| Coogan, Ronda | Director | - |
| Hofstad, Ivo J | Director | 0.8 |
| Martz, Peter | Director | - |
| Eversmann, Thomas | Director | - |
| Kim, Jin Tae | Senior Consultant | - |
| Nickerson, Kelly | Senior Consultant | - |
| Mischell, David | Senior Consultant | - |
| Heller, Justin | Consultant | 3.5 |
| Joyce, Brendan | Senior Consultant | - |
| Terry, Adam | Senior Consultant | 2.7 |
| Belczyk, Joshua | Senior Consultant | - |
| Brokmeier, Christopher | Senior Consultant | 31.6 |
| Lyman, Scott | Senior Consultant | - |
| Aboona, Sana | Senior Consultant | - |
| Walsh, Timothy | Senior Consultant | 6.9 |
| Bhatia, Kunal | Consultant | 75.1 |
| Wicker, Raven | Consultant | 36.3 |
| Lundsten, Kirsten | Consultant | 385.4 |
| Vinson, Kelsey | Consultant | 28.7 |
| Siskin, Adam | Consultant | 1.0 |
| Finley, Steven | Consultant | - |
| Henderson, Austin | Consultant | - |
| Argiriou, James | Consultant | - |
| Hellmund-Mora, Marili | Associate | 125.5 |
| Johnston, Bonnie | Associate | 13.4 |
| Herold, Christopher | Associate | 3.0 |
| **Total** | | **2,950.6** |

**EXHIBIT E**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROJECT CODE**
*FOR THE PERIOD FEBRUARY 1, 2009 TO MAY 31, 2010*

| Project Code | Description | February 1, 2010 - February 28,2010 | March 1 2010 - March 31, 2010 | April 1, 2010 - April 30, 2010 | May 1, 2010 - May 31, 2010 | Total |
|---|---|---|---|---|---|---|
| 1 | Current Operating Results & Events | 20.8 | 26.1 | 59.4 | 59.3 | 165.6 |
| 2 | Cash & Liquidity Analysis | - | 0.7 | 2.1 | - | 2.8 |
| 3 | Financing Matters (DIP, Exit, Other) | - | - | - | - | - |
| 4 | Trade Vendor Issues | - | - | - | - | - |
| 5 | Real Estate Issues | 36.0 | 68.4 | 18.2 | 46.3 | 168.9 |
| 6 | Asset Sales | 43.7 | 72.7 | 7.7 | 32.7 | 156.8 |
| 8 | Valuation and Related Matters | 22.2 | 26.2 | 48.2 | 56.7 | 153.3 |
| 9 | Analysis of Employee Comp Programs | - | 6.6 | 65.6 | - | 72.2 |
| 10 | Analysis of Tax Issues | 13.6 | 4.9 | - | - | 18.5 |
| 12 | Analysis of SOFAs & SOALs | - | - | - | - | - |
| 13 | Analysis of Other Miscellaneous Motions | 0.6 | - | - | 6.4 | 7.0 |
| 14 | Analysis of Claims/Liab Subject to Compromise | 165.1 | 126.8 | 96.7 | 143.7 | 532.3 |
| 15 | Analyze Interco Claims, RP Trans, SubCon | - | - | - | - | - |
| 16 | Analysis, Negotiate and Form of POR & DS | 12.7 | 48.5 | 4.2 | 34.3 | 99.7 |
| 17 | Wind Down Monitoring | 208.8 | 194.7 | 212.5 | 157.9 | 773.9 |
| 18 | Potential Avoidance Actions & Litigation | 52.8 | 33.4 | 21.5 | 37.6 | 145.3 |
| 19 | Case Management | 16.7 | 7.3 | 6.7 | 7.6 | 38.3 |
| 20 | General Mtgs with Debtor & Debtors' Prof | 20.2 | 10.0 | 4.0 | 19.8 | 54.0 |
| 21 | General Mtgs with UCC & UCC Counsel | 33.0 | 22.2 | 4.1 | 27.7 | 87.0 |
| 22 | Meetings with Other Parties | 1.7 | 17.2 | 8.7 | 9.0 | 36.6 |
| 23 | Firm Retention | - | 0.5 | - | - | 0.5 |
| 24 | Preparation of Fee Application | 47.9 | 102.7 | 56.9 | 24.0 | 231.5 |
| 25 | Travel Time | 27.5 | 11.3 | 10.0 | 21.5 | 70.3 |
| 32 | Analysis of Insurance Coverage & Claims | 12.6 | 26.7 | - | - | 39.3 |
| 33 | Response to Fee Examiner | - | - | 69.9 | 8.9 | 78.8 |
| **Total** | | **736.4** | **806.9** | **710.8** | **696.5** | **2,950.6** |

**EXHIBIT F**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD FEBRUARY 1, 2009 T0 MAY 31, 2009*

| Expense Category | February 1, 2010 - February 28, 2010 | March 1 2010 - March 31, 2010 | April 1, 2010 - April 30, 2010 | May 1, 2010 - May 31, 2010 | Total |
|---|---|---|---|---|---|
| Airfare | $1,665.10 | $2,248.40 | $903.18 | $1,962.37 | $6,779.05 |
| Lodging | 582.46 | 855.52 | 369.55 | 787.00 | 2,594.53 |
| Business Meals | 31.29 | 52.50 | 23.75 | 75.00 | 182.54 |
| Ground Transportation | 339.84 | 615.19 | 166.30 | 611.21 | 1,732.54 |
| Other - Research | 47.27 | 185.94 | 41.76 | 149.58 | 424.55 |
| **Total Out-of-Pocket Expenses** | **$2,665.96** | **$3,957.55** | **$1,504.54** | **$3,585.16** | **$11,713.21** |

EXHIBIT G
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD FEBRUARY 1, 2010 TO FEBRUARY 28, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Eisenband, Michael | 2/23/10 | Mass transit to and from meeting: M. Eisenband, round trip; A. Phillips, 1 way; J. Santambrogio, 1 way. | 9.00 | | | | | 9.00 |
| Eisenband, Michael | 2/24/10 | Subway round trip to/from meeting with Debtors and Committee. | 4.50 | | | | | 4.50 |
| **Eisenband, Michael Total** | | | 13.50 | 0.00 | 0.00 | 0.00 | 0.00 | 13.50 |
| Nores, Juan | 2/24/10 | Round trip to New York for meeting with Debtor/Committee | | 801.20 | | | | 801.20 |
| Nores, Juan | 2/24/10 | Taxi from Airport to Weil's office | 40.12 | | | | | 40.12 |
| Nores, Juan | 2/24/10 | Taxi from Weil's office to airport | 45.72 | | | | | 45.72 |
| Nores, Juan | 2/24/10 | Dinner at the airport with self while out of town working on GM matter. | | | | 6.09 | | 6.09 |
| Nores, Juan | 2/24/10 | Local transportation: Parking at the airport $28.00, Mileage $27.00, Toll $1.00 | 56.00 | | | | | 56.00 |
| **Nores, Juan Total** | | | 141.84 | 801.20 | 0.00 | 6.09 | 0.00 | 949.13 |
| Phillips, Anna | 2/17/10 | Coach airfare from Atlanta Hartsfield Jackson International Airport on 02.22.10 to La Guardia - Return on 02.25.10 for Creditors Committee Meeting , includes $29.00 Processing Fee. | | 834.90 | | | | 834.90 |
| Phillips, Anna | 2/22/10 | Airfare $29.00 Change Fee on Return flight | | 29.00 | | | | 29.00 |
| Phillips, Anna | 2/23/10 | Hotel in New York, NY for 2 Nights, Check In 02.22.10 - Check Out 02.23 for Meeting with Alix Partners and follow up meeting with Counsel for committee. | | | 582.46 | | | 582.46 |
| Phillips, Anna | 2/23/10 | Breakfast with self while out of town working on GM matter. | | | | 5.31 | | 5.31 |
| Phillips, Anna | 2/23/10 | Taxi from FTI office to AlixPartners meeting. | 8.40 | | | | | 8.40 |
| Phillips, Anna | 2/23/10 | Taxi - Atlanta Hartsfield Jackson International Airport to home. | 83.00 | | | | | 83.00 |
| Phillips, Anna | 2/23/10 | Taxi from Alix Partners meeting to FTI office | 8.10 | | | | | 8.10 |
| Phillips, Anna | 2/24/10 | Breakfast with self while out of town working on GM matter. | | | | 15.00 | | 15.00 |
| Phillips, Anna | 2/25/10 | Taxi from home to Atlanta Hartsfield Jackson International Airport. | 85.00 | | | | | 85.00 |
| Phillips, Anna | 2/25/10 | Dinner with self while out of town working on GM matter. | | | | 4.89 | | 4.89 |
| **Phillips, Anna Total** | | | 184.50 | 863.90 | 582.46 | 25.20 | 0.00 | 1,656.06 |

**EXHIBIT G**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD FEBRUARY 1, 2010 TO FEBRUARY 28, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Tully, Conor | 1/28/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smolinsky | | | | | 9.70 | 9.70 |
| Tully, Conor | 1/28/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Mayer | | | | | 9.70 | 9.70 |
| Tully, Conor | 1/28/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | | | | | 7.03 | 7.03 |
| Tully, Conor | 1/28/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | | 7.45 | 7.45 |
| Tully, Conor | 2/16/10 | Postage Butzel Long Katie Cooperman | | | | | 13.39 | 13.39 |
| **Tully, Conor Total** | | | 0.00 | 0.00 | 0.00 | 0.00 | 47.27 | 47.27 |
| **February Grand Total** | | | **$339.84** | **$1,665.10** | **$582.46** | **$31.29** | **$47.27** | **$2,665.96** |

EXHIBIT G
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
DETAIL OF EXPENSES
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD MARCH 1, 2010 TO MARCH 31, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Korn, Gary | 3/1/10 | Electronic Data - Alacra Inc. | | | | | 123.49 | 123.49 |
| **Korn, Gary Total** | | | **0.00** | **0.00** | **0.00** | **0.00** | **123.49** | **123.49** |
| Phillips, Anna | 2/25/10 | Train ticket from Wilmington DE on 02.25.10 to NYC. Includes $29.00 Processing Fee (Meeting with AlixPartners in NY) | 29.00 | | | | | 29.00 |
| Phillips, Anna | 3/22/10 | Coach roundtrip airfare from Atlanta Hartsfield Jackson International Airport on 03.24.10 to New York, NY returned on 03.25.10 for GM Meeting, | | 1,346.20 | | | | 1,346.20 |
| Phillips, Anna | 3/22/10 | Airfare $29.00 processing fee. | | 29.00 | | | | 29.00 |
| Phillips, Anna | 3/24/10 | Taxi from La Guardia Airport to the FTI office. | 166.52 | | | | | 166.52 |
| Phillips, Anna | 3/25/10 | Taxi from Atlanta Hartsfield Jackson International Airport to Home | 80.00 | | | | | 80.00 |
| Phillips, Anna | 3/25/10 | Meal Breakfast with with self while out of town working on GM matter. | | | | 5.77 | | 5.77 |
| Phillips, Anna | 3/25/10 | Taxi form the Hotel to FTI Office | 8.00 | | | | | 8.00 |
| Phillips, Anna | 3/25/10 | Taxi from GM Meeting to La Guardia Airport. | 37.94 | | | | | 37.94 |
| Phillips, Anna | 3/25/10 | Airfare 29.00 change processing fee. | | 29.00 | | | | 29.00 |
| Phillips, Anna | 3/25/10 | Hotel in New York, NY for 1 Night, Check In 03.24.10 - Check Out 03.25.10 for AlixPartners meeting. | | | 556.38 | | | 556.38 |
| Phillips, Anna | 3/29/10 | Taxi from home to Atlanta Hartsfield Jackson International Airport. | 154.21 | | | | | 154.21 |
| **Phillips, Anna Total** | | | **475.67** | **1,404.20** | **556.38** | **5.77** | **0.00** | **2,442.02** |
| Santambrogio, Juan | 2/23/10 | Local Transportation: Mileage - 76 Miles + $1.00 Toll from home to Atlanta airport. | 39.00 | | | | | 39.00 |
| Santambrogio, Juan | 2/23/10 | Coach roundtrip airfare from Atlanta on 2/23/10 to NY returned on 2/24/10 for meetings with Debtors, includes $29 Processing Fee. | | 844.20 | | | | 844.20 |
| Santambrogio, Juan | 2/23/10 | Hotel in New York for 1 Night, Check In 2/23/10 - Check Out 2/24/10 for meetings with Debtors | | | 289.23 | | | 289.23 |
| Santambrogio, Juan | 2/23/10 | Meal Breakfast with self at airport | | | | 6.73 | | 6.73 |
| Santambrogio, Juan | 2/23/10 | Taxi from Weil Gotshal offices to FTI office. | 9.00 | | | | | 9.00 |
| Santambrogio, Juan | 2/23/10 | Taxi from LaGuardia airport to FTI office. | 39.52 | | | | | 39.52 |
| Santambrogio, Juan | 2/23/10 | Local Transportation: Parking at airport | 28.00 | | | | | 28.00 |
| Santambrogio, Juan | 2/23/10 | Meal Breakfast with self. | | | 9.91 | | | 9.91 |
| Santambrogio, Juan | 2/23/10 | Meal Dinner with Anna Phillips and Juan Santambrogio | | | | 40.00 | | 80.00 |
| **Santambrogio, Juan Total** | | | **115.52** | **844.20** | **299.14** | **86.73** | **0.00** | **1,345.59** |

EXHIBIT G
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD MARCH 1, 2010 TO MARCH 31, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Tully, Conor | 2/22/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smoli | | | | | 7.00 | 7.00 |
| Tully, Conor | 2/22/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Maye | | | | | 7.00 | 7.00 |
| Tully, Conor | 2/22/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | | | | | 7.00 | 7.00 |
| Tully, Conor | 2/22/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | | 7.41 | 7.41 |
| Tully, Conor | 3/16/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | | | | | 7.06 | 7.06 |
| Tully, Conor | 3/16/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | | 7.48 | 7.48 |
| Tully, Conor | 3/16/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smoli | | | | | 9.75 | 9.75 |
| Tully, Conor | 3/16/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Maye | | | | | 9.75 | 9.75 |
| Tully, Conor | 3/25/10 | Taxi to from FTI office to Alix Partners | 12.00 | | | | | 12.00 |
| Tully, Conor | 3/25/10 | Taxi from Alix Partners to FTI office. | 12.00 | | | | | 12.00 |
| **Tully, Conor Total** | | | **24.00** | **0.00** | **0.00** | **0.00** | **62.45** | **86.45** |
| **March Grand Total** | | | **$615.19** | **$2,248.40** | **$855.52** | **$52.50** | **$185.94** | **$3,957.55** |

**EXHIBIT G**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD APRIL 1, 2010 TO APRIL 30, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Butterfield, Carolyn | 4/7/10 | Electronic Data - Pacer Service Center. | | | | | 41.76 | **41.76** |
| **Butterfield, Carolyn Total** | | | 0.00 | 0.00 | 0.00 | 0.00 | 41.76 | **41.76** |
| Phillips, Anna | 3/26/10 | Airfare change fee. | | 29.00 | | | | **29.00** |
| **Phillips, Anna Total** | | | 0.00 | 29.00 | 0.00 | 0.00 | 0.00 | **29.00** |
| Santambrogio, Juan | 4/28/10 | Local Transportation to and from airport:  Mileage $38, $1.00 toll. | 39.00 | | | | | **39.00** |
| Santambrogio, Juan | 4/28/10 | Hotel  Expenses in New York, NY for 1 Night, Check In 4/28/10 - Check Out 4/29/10 to attend Court hearing on Fee applications. | | | 369.55 | | | **369.55** |
| Santambrogio, Juan | 4/28/10 | Breakfast with self at airport. | | | | 8.75 | | **8.75** |
| Santambrogio, Juan | 4/28/10 | Taxi from LaGuardia to FTI office in NY. | 34.00 | | | | | **34.00** |
| Santambrogio, Juan | 4/28/10 | Coach Airfare from Atlanta on 4/28/10 to NY returned on 4/29/10 to attend court hearing on fee applications, includes $32 Processing Fee. | | 874.18 | | | | **874.18** |
| Santambrogio, Juan | 4/29/10 | Taxi from Hotel to Court in NY. | 19.34 | | | | | **19.34** |
| Santambrogio, Juan | 4/29/10 | Taxi from Court to LaGuardia airport. | 45.96 | | | | | **45.96** |
| Santambrogio, Juan | 4/29/10 | Out of town breakfast  at hotel. | | | | 15.00 | | **15.00** |
| Santambrogio, Juan | 4/29/10 | Parking at airport. | 28.00 | | | | | **28.00** |
| **Santambrogio, Juan Total** | | | 166.30 | 874.18 | 369.55 | 23.75 | 0.00 | **1,433.78** |
| **April Grand Total** | | | **$166.30** | **$903.18** | **$369.55** | **$23.75** | **$41.76** | **$1,504.54** |

**EXHIBIT G**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
*FOR THE PERIOD FEBRUARY 28, 2010 - MAY 31, 2010*

*FOR THE PERIOD MAY 1, 2010 TO MAY 31, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| Bellazain-Harris, Sheba | 4/7/10 | Electronic Data - Pacer Service Center | | | | | 121.04 | 121.04 |
| **Bellazain-Harris, Sheba Total** | | | **0.00** | **0.00** | **0.00** | **0.00** | **121.04** | **121.04** |
| Lundsten, Kirsten | 5/20/10 | Meals - Dinner for 3 (Kirsten Lundsten, Juan Nores and Juan Santambrogio) working late on GM monthly report and Update on Financial Performance Report | | | | 60.00 | | 60.00 |
| **Lundsten, Kirsten Total** | | | **0.00** | **0.00** | **0.00** | **60.00** | **0.00** | **60.00** |
| Phillips, Anna | 5/6/10 | Coach Airfare, Roundtrip Atlanta-NY-Atlanta, 05/26/2010 - 05/27/2010 for client meeting | | 815.18 | | | | 815.18 |
| Phillips, Anna | 5/6/10 | Travel Agency Processing Fee | | 32.00 | | | | 32.00 |
| Phillips, Anna | 5/9/10 | Coach Air Fare from Atlanta on 5/9/10 to NY returned on 5/10/10 for client meeting, includes $32.00 Processing Fee | | 901.19 | | | | 901.19 |
| Phillips, Anna | 5/9/10 | Car service from home to airport | 144.50 | | | | | 144.50 |
| Phillips, Anna | 5/9/10 | Car service from airport to hotel | 171.81 | | | | | 171.81 |
| Phillips, Anna | 5/10/10 | Breakfast in hotel with self | | | | 15.00 | | 15.00 |
| Phillips, Anna | 5/10/10 | Taxi - from the hotel to the airport | 39.17 | | | | | 39.17 |
| Phillips, Anna | 5/10/10 | Taxi -from ATL airport to home | 85.00 | | | | | 85.00 |
| Phillips, Anna | 5/10/10 | Hotel in New York, NY for 1 Night, Check In 5/9/10 - Check Out 5/10/10 for client meeting. | | | 312.17 | | | 312.17 |
| Phillips, Anna | 5/27/10 | Taxi - Anna Phillips, Atlanta airport - Home. | 85.00 | | | | | 85.00 |
| Phillips, Anna | 5/27/10 | Taxi - Anna Phillips, Courthouse - FTI office. | 24.14 | | | | | 24.14 |
| Phillips, Anna | 5/27/10 | Taxi - Anna Phillips, FTI office - Courthouse. | 20.40 | | | | | 20.40 |
| Phillips, Anna | 5/27/10 | Taxi - Anna Phillips, FTI office - airport. | 41.19 | | | | | 41.19 |
| Phillips, Anna | 5/27/10 | Travel Agency Processing Fee | | 32.00 | | | | 32.00 |
| Phillips, Anna | 5/27/10 | Travel change Fee. | | 182.00 | | | | 182.00 |
| Phillips, Anna | 5/27/10 | Hotel in New York for 1 Night Check Inc 5/26/2010 - Check out 05/27/2010. Hotel- RE: Court Hearing. | | | 474.83 | | | 474.83 |
| **Phillips, Anna Total** | | | **611.21** | **1,962.37** | **787.00** | **15.00** | **0.00** | **3,375.58** |
| Tully, Conor | 4/23/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | | | | | 7.03 | 7.03 |
| Tully, Conor | 4/23/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Maye | | | | | 7.03 | 7.03 |
| Tully, Conor | 4/23/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | | 7.45 | 7.45 |
| Tully, Conor | 4/23/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smoli | | | | | 7.03 | 7.03 |
| **Tully, Conor Total** | | | **0.00** | **0.00** | **0.00** | **0.00** | **28.54** | **28.54** |
| **May Grand Total** | | | **$611.21** | **$1,962.37** | **$787.00** | **$75.00** | **$149.58** | **$3,585.16** |
| **Total** | | | **1,732.54** | **6,779.05** | **2,594.53** | **182.54** | **424.55** | **11,713.21** |