IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY,<br>et al.,<br>f/k/a General Motors Corp., et al.,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- 50026 (REG)<br><br>**Hearing Date:** TBD<br>**Objection Deadline:** TBD |

**FIRST INTERIM QUARTERLY APPLICATION OF CAPLIN & DRYSDALE,
CHARTERED FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES
RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS HOLDINGS ASBESTOS-RELATED CLAIMS
FOR THE PERIOD OCTOBER 6, 2009 THROUGH MAY 31, 2010**

| | |
|---|---|
| Name of Applicant: | Caplin & Drysdale, Chartered |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company, et al. |
| Date of Retention: | April 21, 2010 *nunc pro tunc* to October 6, 2009 |
| Period for which Compensation and Reimbursement are sought: | October 6, 2009 through May 31, 2010 |
| Amount of Compensation sought as actual, reasonable And necessary | $497,190.25 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $50,070.63 |
| This is an: | _x_ interim quarterly    __final application. |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> MOTORS LIQUIDATION COMPANY, *et al.*, <br> f/k/a General Motors Corp., *et al.*, <br><br> Debtor. | Chapter 11 <br><br> Case No. 09- 50026 (REG) <br><br> **Hearing Date: TBD** <br> **Objection Deadline: TBD** |

**FIRST INTERIM QUARTERLY APPLICATION OF CAPLIN & DRYSDALE, CHARTERED FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDINGS ASBESTOS-RELATED CLAIMS FOR THE PERIOD OCTOBER 6, 2009 THROUGH MAY 31, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Order"), the law firm of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**") hereby submits this first interim application ("**First Interim Application**") for an Order awarding it interim compensation for professional legal services rendered as counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**") of the debtor, Motors Liquidation Company, *et. al.*, ("**Debtor**"), in an amount of $ 497,190.25, together with reimbursement of Caplin & Drysdale's actual and necessary expenses incurred in the amount of $ 50,070.63, for the period commencing October 6, 2009 through May 31, 2010 (the "**Application Period**"). In support of this First Interim Application, Caplin & Drysdale respectfully represents as follows:

2

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 11 U.S.C. §331.

## II. BACKGROUND

2. On June 1, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "Bankruptcy Code").

3. From the Petition Date through the date of this First Interim Application, the Debtor has continued to operate its businesses and manage its properties as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 2, 2010, the Office of the United States Trustee appointed the Asbestos Claimants Committee pursuant to section 1102 of the Bankruptcy Code. The Asbestos Claimants Committee is compromised entirely of persons who hold pending claims against the Debtor for asbestos-related personal injury or wrongful death.

5. On March 18, 2010, the Asbestos Claimants Committee filed and served its Application to Employ Caplin & Drysdale, Chartered as The Official Committee Of Unsecured Creditors Holding Asbestos-Related Claims Nunc Pro Tunc To October 6, 2009. On April 21, 2010, the Court entered an order, approving the retention application to March 5, 2010.

6. On July 16, 2010, the Bankruptcy Court filed an additional Order approving the retention of Caplin & Drysdale *nunc pro tunc* to October 6, 2009 as counsel to The Official Committee Of Unsecured Creditors Holding Asbestos-Related Claims.

### III. RELIEF REQUESTED

7. By this First Interim Application, Caplin & Drysdale seek allowance and payment of $ 497,190.25[1] in fees for services rendered during the Application Period and reimbursement of $ 50,070.63 for reasonable and necessary expenses incurred during the Application Period. Thus, Caplin & Drysdale seeks allowance and payment in the total amount of $ 547,260.88.

8. Caplin & Drysdale has received no payment and no promises for payment from any source for services rendered during the Application Period in connection with the case. There exists no agreement or understanding between Caplin & Drysdale and any other person for the sharing of any compensation to be received for services rendered by Caplin & Drysdale in the case.

9. All services for which compensation is requested by Caplin & Drysdale pursuant to this Application were performed for or on behalf of the Asbestos Claimants Committee in this case or on behalf its predecessor, which was a proposed asbestos sub-committee of the Official Committee of Unsecured Creditors.

10. This is Caplin & Drysdale's First Interim Application.

---

[1] Due to a clerical error in the Fee Summary served on June 30, 2010, 0.4 hours of services, provided on May 24, 2010 by Caplin & Drysdale attorney Kevin Maclay, were erroneously billed as 9.5 hours of services. That error has been corrected in the present Application, and the amount of fees for which Court approval is requested for the Application Period has been appropriately reduced.

4

### IV. SUMMARY OF SERVICES RENDERED

11. The professionals at Caplin & Drysdale who have provided services to or for the Asbestos Claimants Committee in this case and their standard hourly rates during the Application Period were as follows[2]:

| Name | Position | Years Experience | Rate |
|---|---|---|---|
| Elihu Inselbuch (EI) | Member | 48 | $920/950 |
| Peter Van N. Lockwood (PVNL) | Member | 44 | $840/860 |
| Trevor W. Swett (TWS) | Member | 29 | $660/675 |
| Ronald E. Reinsel | Member | 24 | $640/655 |
| Nathan D. Finch (NDF) | Member | 18 | $625 |
| Kevin C. Maclay (KCM) | Member | 16 | $510 |
| James P. Wehner (JPW) | Member | 15 | $510 |
| Rita C. Tobin (RCT) | Of Counsel | 20 | $545 |
| Todd E. Phillips (TEP) | Associate | 4 | $300 |
| Erroll G. Butts (EGB) | Paralegal | 15 | $240 |
| Eugenia Benetos (EB) | Paralegal | 8 | $210 |
| Samira A. Taylor (SAT) | Paralegal | 8 | $195/200 |
| Marissa A. Fanone (MAF)) | Paralegal | 3 | $200 |

---

[2] An hourly rate increase for Caplin & Drysdale attorneys went into effect as of January 1, 2010. The fees indicated above are the hourly rates for 2009 and 2010, respectively, for attorneys who provided services in the MLC bankruptcy case in both years.

5

| Name | Position | Years Experience | Rate |
|---|---|---|---|
| Sara Joy DelSalvio (SJD) | Paralegal | 5 | $200 |
| Rolland A. Hampton (RAH) | Paralegal | 3 | $200 |

12. Caplin & Drysdale has maintained detailed records of the time spent in the rendition of professional services for the Asbestos Claimants Committee during the Application Period. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the billing statement for March 5, 2010 through May 31, 2010, prepared for the services rendered in this case by Caplin & Drysdale (the "**March 5, 2010 through May 31, 2010 Billing Statement**")[3]. The March 5, 2010 through May 31, 2010 Billing Statement is in the same form regularly used by Caplin & Drysdale to bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

13. In addition, attached hereto as Exhibit A-1 is a billing statement representing Caplin & Drysdale's *nunc pro tunc* fees and expenses regarding services provided to the Mark Buttita, a member of the Unsecured Creditors' Committee, from October 6, 2009 through December 31, 2009; and attached hereto as Exhibit A-2 is a billing statement representing Caplin

---

[3] In preparing this Interim Application, Caplin & Drysdale has amended certain time descriptions that were contained in its previously-served, monthly Fee Summaries, so as to comply with the Court's order of April 29 and July 6, in which the Court described the amount and nature of detail that should be included in such descriptions. The amount of time billed, and billing codes regarding the amended entries have not changed.

6

& Drysdale's *nunc pro tunc* fees and expenses regarding services provided to the MLC Sub-Committee from January 1, 2009 through May 31, 2010.

14. Neither the Exhibit A-1 nor the Exhibit A-2 was contained in Caplin & Drysdale's previously served Monthly Fee Statements.

15. The Exhibit A-1 and the Exhibit A-2 are in the same form regularly used by Caplin & Drysdale to bill its clients for services rendered and include the dates that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time spent for each service and the designation of the professional who performed the service.

16. In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Application Period.

17. Further, attached hereto as Exhibit C and incorporated herein by reference is a summary by category of the professional services provided.

18. As set forth on Exhibits A, A-1, and A-2, Caplin & Drysdale rendered 1,088.70 hours of professional services during the Application Period, resulting in legal fees totaling $ 497,190.25 and associated reasonable and necessary expenses totaling $ 50,070.63.

19. The total value of the services rendered by Caplin & Drysdale as shown on Exhibit B, broken down among the persons rendering the services is as follows[4*]:

| Name | Hours | Hourly Rate | Value |
| --- | --- | --- | --- |
| Elihu Inselbuch | 26.3 | $920/950 | $24,868.00 |
| Peter Van N. Lockwood | 3.3 | $840/860 | 2,832.00 |

---

[4] Nonworking travel time is billed at one-half the attorney's usual hourly rate. *See* Exhibit A, Task Code .16 for breakdown.

7

| Trevor W. Swett | 242.2 | $660/675 | 159,960.00 |
|---|---|---|---|
| Ronald E. Reinsel | 7.6 | $640/655 | 4,910.50 |
| Nathan D. Finch | 33.1 | $625 | 20,531.25 |
| Kevin C. Maclay | 252.3 | $510 | 128,673.00 |
| James P. Wehner | 59.2 | $510 | 30,192.00 |
| Rita C. Tobin | 25.0 | $545 | 13,625.00 |
| Todd E. Phillips | 229.5 | $300 | 68,850.00 |
| Erroll G. Butts | 10.5 | $240 | 2,520.00 |
| Eugenia Benetos | 31.4 | $210 | 6,594.00 |
| Samira A. Taylor | 16.7 | $195/200 | 3,314.50 |
| Marissa A. Fanone | 15.9 | $200 | 3,180.00 |
| Sara Joy DelSalvio | 131.2 | $200 | 26,240.00 |
| Rolland A. Hampton | 4.5 | $200 | 900.00 |
| **Total** | **1,088.7** | | **$497,190.25** |

20. Set forth below are the rates for the expenses incurred by Caplin & Drysdale for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

a) Copy charges: Caplin & Drysdale charges $0.10 per page for copies and such charge is based on an analysis of the cost to Caplin & Drysdale to make a copy;

b) Computer research charges: Caplin & Drysdale passes through on an exact cost basis all computer-assisted research charges; and

8

c) Out-going facsimile charges: Caplin & Drysdale charges $0.15 for each page. These charges are based on an analysis of the cost to Caplin & Drysdale to send facsimile transmissions. Caplin & Drysdale does not pass through to its clients expenses or charges related to incoming facsimile transmissions.

21. Attached hereto as Exhibit D and incorporated herein are copies of all the receipts and a pre-bill report of our expenses incurred by Caplin & Drysdale for which reimbursement is requested. This information also appears on Exhibit A and A-1 hereto. Further supporting documentation is available upon request.

21. The general areas in which Caplin & Drysdale has rendered professional services to the Asbestos Claimants Committee during the Application Period in the Case may be broadly characterized as follows:

a) providing legal advice with respect to the Asbestos Claimants Committee's powers and duties as an official committee appointed under section 1102(a)(1) of the Bankruptcy Code;

b) preparing on behalf of the Asbestos Claimants Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

c) appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Asbestos Claimants Committee; and

d) performing legal services for the Asbestos Claimants Committee necessary and proper in these proceedings.

22. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statements attached as Exhibit A, A-1, and A-2.

23. Thus, through this First Interim Application, Caplin & Drysdale seeks interim allowance and payment of $ 497,190.25 in fees and $ 50,070.63 in expenses. A Notice of First

9

Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002.

24.  A cumulative summary of Caplin & Drysdale for services rendered and reimbursement of expenses as Counsel to the Committee is attached as Exhibit D for the period October 6, 2009 through May 31, 2010.

## V.  ALLOWANCE OF COMPENSATION

25.  Caplin & Drysdale has endeavored to represent the Asbestos Claimants Committee in the most expeditious and economical manner possible.

WHEREFORE, Caplin & Drysdale, Chartered respectfully requests that the Court enter an Order approving this Application and directing payment of $ 497,190.25 in fees and reimbursement of $ 50,070.63 in expenses, and for such other and further relief as the Court deems just and proper.

CAPLIN & DRYSDALE

_____ per RLT
Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500
(212) 319-7125

*Counsel for the Official Committee
Of Unsecured Creditors Holding Asbestos-
Related Claims of Motors Liquidation Company*

Dated: August 5, 2010

10

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> MOTORS LIQUIDATION COMPANY, *et al.*, <br> f/k/a General Motors Corp., *et al.*, <br><br> Debtor. | Chapter 11 <br><br> Case No. 09- 50026 (REG) |

## ORDER AWARDING COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Court considered the First Interim Quarterly Application of Caplin & Drysdale, Chartered ("Caplin & Drysdale"), For Interim Compensation And Reimbursement Of Expenses As Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company (the "**Application**"), which Application requests allowance and payment of compensation and reimbursement of expenses in accordance with §330 and §331 of the Bankruptcy Code, and it appearing that notice of the Application was duly given in accordance with the provisions of the Bankruptcy Rules, and no further notice being necessary, and upon the record being made before this Court, and after due deliberation, and sufficient cause appearing therefore, it is hereby;

ORDERED that the Application is granted;

FURTHER ORDERED that the Debtor is directed to pay immediately any remaining unpaid fees and expenses requested in the Application.

Dated: _____, 2010

_____
Honorable Robert E. Gerber
United States Bankruptcy Court Judge