**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Case No. 09-50026 (REG) |
| | ) | |
| f/k/a General Motors Corp., *et al.* | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-X

**ORDER GRANTING MOTION OF DEAN M. TRAFELET,
FUTURE CLAIMANT'S REPRESENTATIVE, FOR AN ORDER CLARIFYING THE
ORDER APPOINTING HIM AS LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS PERSONAL INJURY CLAIMANTS AND DIRECTING
PAYMENT OF HIS FEES AND EXPENSES, OR IN THE ALTERNATIVE,
AWARDING AN ADMINISTRATIVE EXPENSE PURSUANT
TO SECTION 503(a) OR (b) OF THE BANKRUPTCY CODE**

Upon the Motion, dated July 2, 2010 (the "**Motion**"),[1] of Dean M. Trafelet as legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), for entry of an order clarifying the order appointing him as legal representative for future asbestos personal injury claimants and directing payment of his fees and expenses, or in the alternative, awarding an administrative expense pursuant to Section 503(a) or (b) of the Bankruptcy Code, and upon the Declaration of Dean M. Trafelet, attached to the Motion as Exhibit A (the "**Trafelet Declaration**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet's appointment as the Future Claimants' Representative in these cases is effective as of November 13, 2009; and it is further

ORDERED that the Debtors are authorized and directed to compensate the Future Claimants' Representative for the services rendered and expenses incurred during the period from November 13, 2009 through and including April 7, 2010, in the amount of $21,587.50 in fees and $1,464.27 in expenses for total compensation of $23,051.77; and it is further

ORDERED that within ten (10) calendar days of the of the entry of this Order, the Debtors shall pay the Future Claimants' Representative the fees and expenses awarded herein in accordance with the terms of the Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        *August 6, 2010*

                                        *s/ Robert E. Gerber*
                                        ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE