# United States Bankruptcy Court
## Southern District of New York

| | |
|---|---|
| In re: Motors Liquidation Company (f/k/a General Motors Corporation) | Case No. 09-50026 (REG) (Jointly Administered) |

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("Transferee") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice. Pursuant to the Agreement and Partial Evidence of Transfer of Claim, dated as of August 4, 2010 (the "Agreement"), between the Transferor identified below ("Transferor") and Transferee and attached as Exhibit 1 hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as Exhibit 2).

| Citigroup Global Markets Inc. | Lyxor/Canyon Value Realization Fund Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013
Attn:    Chetan Bansal
Phone:   (212) 723-6064

With a copy to:
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Suite 5500
Washington, DC 20006
Attn:    Charles M. Cole
         Christopher S. Campbell
Phone:   (202) 887-1500

Name and Address where Transferee payments should be sent (if different from above):

Citigroup Global Markets Inc.
Corp. Actions 4th Floor
111 Wall Street,
New York, NY 10005
Attn:    Ken Zingale
Phone:   (212) 657-0632

Court Claim # (if known):  69307

Amount of Proof of Claim: $3,321,486.00 principal amount (corresponding to GBP 2,020,000.00 principal amount) of 8.375% Guaranteed Notes due December 7, 2015 (the "Notes"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation).

**Transferred Amount: $2,070,330.34** principal amount (corresponding to GBP 1,259,095.26 principal amount) of the Notes, together with any and all interest and other amounts payable in respect thereto.

Date Proof of Claim Filed:  December 10, 2009

*(Signature on following page)*

dc-612604

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP GLOBAL MARKETS INC.

By: _____     Date: August 6, 2010
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-612604

# Exhibit 1

(*See attached Agreement and Partial Evidence of Transfer of Claim.*)

AGREEMENT AND PARTIAL EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   This Agreement and Partial Evidence of Transfer of Claim (this "Agreement") is dated as of August 4, 2010 (the "Effective Date").

2.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Lyxor/Canyon Value Realization Fund Limited** ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the Effective Date, (i) all of Seller's right, title and interest in and to **£1,259,095.26** principal amount of certain 8.375 percent notes due 2015, with ISIN XS0171922643 (the "Notes"), issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company, f/k/a General Motors Corporation (the "Debtor"), debtor in reorganization proceedings (the "Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 09-50026 (REG), (ii) to the extent relating to the Notes, a related portion of all of Seller's right, title, and interest in and to Proof of Claim Number **69307** (the "Purchased Claim") filed by or on behalf of **Seller** (the "Proof of Claim") against the Debtor in the Case, which portion, for the avoidance of doubt, corresponds to $2,070,330.34 of the face amount of the Proof of Claim, all of which is principal amount of the Notes (using the conversion rate listed in the Proof of Claim of $1.6443 per £1), and (iii) all of Seller's right, title and interest in and to (a) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Notes or the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Notes or the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (b) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Notes or the Purchased Claim, (c) all exhibits, attachments and/or supporting documentation relating to the Notes and the Purchased Claim (the "Claim Documents"), (d) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Notes (as defined herein), and (e) any and all proceeds of any of the foregoing (the items referenced in (i) through (iii) above are collectively referred to as the "Transferred Claim").

3.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before the last date fixed by the Court pursuant to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§101 et. seq., as amended, and the Federal Rules of Bankruptcy Procedure and any corresponding or other local rules of the Court on which proofs of claim or interest may be filed in the Case with respect to the Transferred Claim; (b) Seller is the sole legal and beneficial owner and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever; (c) Seller is duly authorized and empowered to execute and perform its

Schedule 2–1

obligations under this Agreement; and (d) the Proof of Claim includes the Purchased Claim.

4. Purchaser represents and warrants that it has full power and authority to execute, deliver and perform its obligations under this Agreement.

5. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.

6. Purchaser may file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

7. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights in the Transferred Claim hereunder without any notice to or the consent of Seller.

8. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.

9. Each of Seller and Purchaser agrees that it shall not disclose the purchase price or purchase rate to any person or entity, except (i) to the extent required by applicable law or regulatory authorities, (ii) to its affiliates, employees, professional advisors or auditors, and (iii) as necessary to enforce this Agreement.

10. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim, in each such case at the requesting party's sole expense.

11. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND PARTIAL EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

| **LYXOR/CANYON VALUE REALIZATION FUND LIMITED** | **CITIGROUP GLOBAL MARKETS INC.** |
|---|---|
| By: Canyon Capital Advisors LLC, its Investment Advisor | |
| By: _____ <br> Name: Jonathan Kaplan <br> Title: Authorized Signatory | By: _____ <br> Name: MARC HEIMOWITZ <br> Title: MANAGING DIRECTOR |
| Lyxor/Canyon Value Realization Fund Limited <br> c/o Canyon Capital Advisors LLC <br> 2000 Avenue of the Stars, 11th Floor <br> Los Angeles, CA 90067 <br> Attn: Jonathan Kaplan, Esq. <br> Phone: (310) 272-1000 <br> Email: jkaplan@canyonpartners.com | Citigroup Global Markets Inc. <br> 390 Greenwich St. <br> New York, NY 10013 <br> Attn: Chetan Bansal |

dc-608915

# Exhibit 2

*(See attached first page of Proof of Claim)*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor (Check Only One): | Case No. | Your Claim is Scheduled As Follows: |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) | |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Lyxor/Canyon Value Realization Fund Limited

Name and address where notices should be sent:
c/o Canyon Capital Advisors LLC
2000 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Attn: Jonathan Kaplan, Esq.

Telephone number: (310) 272-1000
Email Address: jkaplan@canyonpartners.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

[Stamp: THE GARDEN CITY GROUP, INC. DEC 10 2009]

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ See Addendum

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Addendum, attached hereto and incorporated by reference.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 12/8/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Canyon Capital Advisors LLC,
its Investment Advisor               Jonathan Kaplan, Authorized Signatory | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)