# United States Bankruptcy Court
# Southern District of New York

In re:   Motors Liquidation Company   Case No. <u>09-50026 (REG) (Jointly Administered)</u>
         (f/k/a General Motors Corporation)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  The Transferee identified below ("<u>Transferee</u>") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.  Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of May 21, 2010 (the "<u>Agreement</u>"), between the Transferor identified below ("<u>Transferor</u>") and Transferee and attached as <u>Exhibit 1</u> hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as <u>Exhibit 2</u>).

<u>Citigroup Global Markets Inc.</u>                          <u>Thoroughbred Fund LP</u>
    Name of Transferee                                          Name of Transferor

Name and Address where notices to Transferee        Court Claim # (if known):  66216
should be sent:
                                                    Amount of Proof of Claim:  $55,652,599.76
Citigroup Global Markets Inc.
390 Greenwich St.                                   **Transferred Amount: $3,304,509.87** (corresponding to
New York, NY 10013                                  (i) $3,087,757.67 principal amount (which amount
Attn:    Chetan Bansal                              corresponds to GBP 1,877,855.42 principal amount) of
Phone:   (212) 723-6064                             8.375% Guaranteed Notes due December 7, 2015 (the
                                                    "<u>Notes</u>"), issued by General Motors Nova Scotia Finance
With a copy to:                                     Company, and fully and unconditionally guaranteed by
Morrison & Foerster LLP                             Motors Liquidation Company (f/k/a General Motors
2000 Pennsylvania Ave., NW                          Corporation), and (ii) $216,752.20 amount of interest
Suite 5500                                          (which amount corresponds to GBP 131,820.35 amount of
Washington, DC 20006                                interest) relating to the Notes), together with any and all
Attn:    Charles M. Cole                            further interest and other amounts payable in respect
         Christopher S. Campbell                    thereto.
Phone:   (202) 887-1500
                                                    Date Proof of Claim Filed:  November 30, 2009
Name and Address where Transferee payments
should be sent (if different from above):

Citigroup Global Markets Inc.
Corp. Actions 4th Floor
111 Wall Street,
New York, NY 10005
Attn:    Ken Zingale
Phone:   (212) 657-0632

*(Signature on following page)*

dc-612611

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP GLOBAL MARKETS INC.

By: *[signature]*  Date: August 6, 2010
Name: MARC HEIMOWITZ
Title  MANAGING DIRECTOR
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-612611

# Exhibit 1

(*See attached Agreement and Evidence of Transfer of Claim.*)

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

1.      **Thoroughbred Fund LP** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **Citigroup Global Markets Inc.**, its successors and assigns ("Purchaser"), as of the date of this Agreement and Evidence of Transfer of Claim, all of Seller's right, title and interest in and to £1,877,855.42 principal amount (the "Notes") of certain **8.375 percent notes due 2015** issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") and debtor-in-possession in Case No. 09-50026 (REG) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition, and to the extent relating to the Notes, a related portion (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to Proof of Claim Number 66216 filed by or on behalf of Seller (the "Proof of Claim") against the Debtor in the Case, including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Sellers's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.      Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Transferred Claim, free and clear of any and all liens, security interests or participations.

3.      Seller shall promptly (but in any event no later than three (3) business days) remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser each of the Notes in connection with the Transferred Claim, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

4.      This Agreement and Evidence of Transfer (this "Agreement") constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

5.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the

County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of May 2010.

| **THOROUGHBRED FUND LP** | **CITIGROUP GLOBAL MARKETS INC.** |
|---|---|
| By: *K. Maun* (signature) | By: _____ |
| Name: | Name: |
| Title: | Title: |
| Thoroughbred Fund LP | Citigroup Global Markets Inc. |
| c/o Appaloosa Management L P | 390 Greenwich St. |
| 51 John F Kennedy Parkway | New York, NY 10013 |
| Short Hills, NJ 07078 | Attention: Marc Heimowitz |
| Attention: Kenneth Maiman | |
| Tel: (973) 701-7000 | |
| Fax: (973) 701-7055 | |

dc-604514

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of May 2010.

| THOROUGHBRED FUND LP | CITIGROUP GLOBAL MARKETS INC. |
|---|---|
| By:_____ | By: *[signature]* |
| Name: | Name: MARC HEIMOWITZ |
| Title: | Title: MANAGING DIRECTOR |
| Thoroughbred Fund LP | Citigroup Global Markets Inc. |
| c/o Appaloosa Management L P | 390 Greenwich St. |
| 51 John F Kennedy Parkway | New York, NY 10013 |
| Short Hills, NJ 07078 | Attention: Marc Heimowitz |
| Attention: Kenneth Maiman | |
| Tel: (973) 701-7000 | |
| Fax: (973) 701-7055 | |

dc-604514

# Exhibit 2

*(See attached first page of Proof of Claim)*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor (Check Only One):

| | Case No. | Your Claim is Scheduled As Follows: |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) | |

FILED 2009 NOV 30 P 3:23 U.S. BANKRUPTCY COURT S.D.N.Y.

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Thoroughbred Fund LP**

Name and address where notices should be sent:
Thoroughbred Fund LP
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
     Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: 11/25/09

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):
Thoroughbred Fund LP
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000; Fax: (973) 701-7055
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $55,652,599.76    Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

**Value of Property:** $_____    **Annual Interest Rate** ____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11/30/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*James Bolin* James Bolin, Partner | **FOR COURT USE ONLY** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
**Modified B10 (GCG) (12/08)**