**HEARING DATE AND TIME:  August 6, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE:  July 30, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
:
In re                                           :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*        :          **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.*  :
:
                        **Debtors.**            :          **(Jointly Administered)**
:
--------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**AMONG THE DEBTORS, WILMINGTON TRUST COMPANY,**
**AND CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,**
**REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), Wilmington Trust Company as successor indenture trustee

("**WTC**"), and Citibank, N.A., solely in its capacity as paying agent under the 1990 Indenture

and 1995 Indenture (as defined below) (in such capacity, "**Citibank**"), together with the Debtors

and WTC, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into

this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A.      On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors

commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title

11, United States Code (the "**Bankruptcy Code**").

B.      On September 16, 2009, the Court entered an order (the "**Bar Date Order**")

establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the

deadline for each person or entity (including without limitation, each individual, partnership,

joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against

certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the

Bankruptcy Code) that arose prior to the Commencement Date.

C.       As of the Commencement Date, MLC, as issuer, WTC, as successor indenture

trustee, and Citibank, as paying agent, were parties to (i) a Senior Indenture, dated as of

December 7, 1995, as amended (the "**1995 Indenture**," and WTC's capacity under the 1995

Indenture, the "**1995 Trustee**"), and (ii) a Senior Indenture, dated as of November 15, 1990 (the

"**1990 Indenture**," and WTC's capacity under the 1990 Indenture, the "**1990 Trustee**") pursuant

to which MLC issued senior unsecured debt securities.

D.       Prior to the General Bar Date, WTC timely filed the following four Proofs of

Claims against MLC (each, a "**WTC Claim**" and collectively, the "**WTC Claims**"):

| Claim Number | Applicable Indenture | Principal Amount of Claim Plus Fees and Interest Accrued to Petition Date |
|:---:|:---:|:---:|
| 65793 | 1990 Indenture | $1,419,581,281.12 |
| 47871 | 1990 Indenture | $1,419,581,281.12 |
| 65729 | 1995 Indenture | $21,928,297,131.26 |
| 47872 | 1995 Indenture | $21,928,297,131.26 |

E.       Prior to the General Bar Date, Citibank timely filed a proof of claim against MLC

in the amount of $173,063.43 [Proof of Claim No. 66723] (the "**Citibank Claim**").

F.       WTC recognizes that it is not entitled to, and does not seek, a duplicate recovery

on account of the same WTC Claim and has agreed to withdraw two of the WTC Claims, subject

to the agreements set forth in this Stipulation.

### STIPULATION AND ORDER

NOW, THEREFORE, EACH OF THE PARTIES HEREBY STIPULATES AND
AGREES AS FOLLOWS:

1.      WTC Claims numbered 47871 (filed by WTC as 1990 Trustee) and 47872 (filed
by WTC as 1995 Trustee) are deemed withdrawn and WTC Claims numbered 65793 (filed by
WTC as 1990 Trustee) and 65729 (filed by WTC as 1995 Trustee) shall survive.

2.      With respect to principal plus interest due under the 1990 Indenture, WTC, in its
capacity as the 1990 Trustee will receive and is hereby granted, on behalf of itself and the record
and beneficial bondholders of debt securities issued under the 1990 Indenture an allowed general
unsecured, nonpriority claim in the amount of $1,419,471,545.22 (subject to appropriate reserve
and/or reduction in connection with any setoff exercised by beneficial bondholders that is
authorized by this Court) (the "**1990 Debt Claim**") against MLC to be satisfied in accordance
with any chapter 11 plan or plans confirmed in the Debtors' Chapter 11 Cases.

3.      With respect to principal plus interest due under the 1995 Indenture, WTC, in its
capacity as the 1995 Trustee, will receive and is hereby granted, on behalf of itself and the record
and beneficial bondholders of debt securities issued under the 1995 Indenture, an allowed
general unsecured nonpriority claim in the amount of $21,928,183,895.36 (subject to appropriate
reserve and/or reduction in connection with any setoff exercised by beneficial bondholders that is
authorized by this Court) (the "**1995 Debt Claim**," together with the 1990 Debt Claim, the
"**Debt Claims**").

4.      With respect to the prepetition fees and expenses incurred by WTC under the
1990 Indenture, WTC shall receive an allowed claim of $109,735.90 (the "**1990 WTC Fee
Claim**"), and with respect to the prepetition fees and expenses incurred by WTC under the 1995

Indenture, WTC shall receive an allowed claim of $113,235.90 (the "**1995 WTC Fee Claim**," together with the 1990 WTC Fee Claim, the "**WTC Fee Claims**").

5.      With respect to the prepetition paying agency fees and expenses incurred by Citibank under the Indentures, the Citibank Claim shall be allowed in the amount of $162,333.71 (the "**Citibank Fees and Expenses Claim**," together with the WTC Fee Claims, the "**Fees and Expenses Claims**").

6.      To the extent the Fees and Expenses Claims are not paid in full, in cash, pursuant to a plan of reorganization and/or liquidation of MLC, (a) the amount of such fees and expenses that remain unpaid shall constitute an allowed general unsecured, nonpriority claim against MLC held by WTC and/or Citibank, as applicable, to be satisfied in accordance with any chapter 11 plan or plans confirmed in the Debtors' Chapter 11 Cases and (b) WTC and Citibank, pursuant to section 7.06 of the 1990 Indenture and section 7.06 of the 1995 Indenture, shall retain a charging lien with respect to its prepetition and post-petition fees and expenses on all assets or money held or collected by WTC or Citibank on account of the Debt Claims or otherwise.

7.      WTC will issue a notice to the Depository Trust Company and post a notice on its website (a) notifying beneficial bondholders of the notes issued under the Indentures of the entry of the order allowing the WTC Claims and (b) notifying such bondholders that any subsequent claims objection filed by the Debtors seeking to disallow claims filed by bondholders on the grounds that such claims are duplicative of the Debt Claims being allowed under the stipulation and order will not impair bondholder's entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

8.      WTC agrees that it will not object to the Debtors' filing of objections to Proofs of Claims filed by record and beneficial holders of debt securities arising out of or relating to the

1990 Indenture and/or the 1995 Indenture on the grounds that such Proofs of Claim are duplicative of the Debt Claims allowed pursuant to this Stipulation.

9.      WTC waives its right to argue that the entire stated principal amount of $377,377,000 with respect to the Discount Debentures is an allowable claim.

10.     To the extent that the fees and expenses of WTC incurred after the Commencement Date are not satisfied by payment in full in cash in connection with a plan of reorganization and/or liquidation of MLC, WTC reserves the right to argue that all such fees are allowable general unsecured non-priority claims against the estate of MLC.

11.     This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

Dated: New York, New York
       August 5, 2010


/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

/s/ Keith R. Martorana
Matthew J. Williams
Keith R. Martorana

GIBSON DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Wilmington Trust Company, as 1990 Trustee and 1995 Truestee*

/s/ Louis A. Curcio
Maria M. Livanos
Louis A. Curcio

SONNENSCHEIN NATH & ROSENTHAL
LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6744
Facsimile:  (212) 768-6800

*Attorneys for Citibank, N.A. as Paying
Agent under the 1990 and 1995 Indentures*

So Ordered this **_9th_** day of **_August_** 2010

**_s/ Robert E. Gerber_**
United States Bankruptcy Judge