**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :    **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*        :
                                                    :
                         **Debtors.**                :    **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND FED. R. CIV. P. RULE 23 APPROVING AGREEMENT RESOLVING PROOF OF CLAIM NO. 44887 AND IMPLEMENTING CLASS SETTLEMENT**

Upon the Motion, dated July 13, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Federal Rule of Civil Procedure 23(e), for entry of an order approving the agreement Resolving Proof of Claim No. 44887 and Implementing Class Settlement (the **"Agreement"**), attached to the Motion as **Exhibit "A**,**"** between the Debtors, Plaintiff Donna Soders ("**Soders**"), on behalf of herself and all others similarly situated (the "**Soders Class**"), and RodaNast P.C. ("**RodaNast**"), as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided to any party; and the Court having found and determined that (i) the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

parties in interest; (ii) the Settlement is fair, reasonable, adequate, and in the best interest of the Soders Class considering the complexity, expense, and likely duration of the Soders Class Action litigation; the reaction of the Soders Class to the proposed settlement; the stage of the proceedings and the amount of discovery completed; the risk of establishing liability and damages and maintaining the class through trial; the ability of the Debtors to withstand a greater judgment; and the range of reasonableness of the settlement in light of the best possible recovery and all the attendant risks of litigation; (iii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; (iv) the settlements and compromise embodied in the Agreement are within the range of reasonableness; (v) the Settlement was not the product of collusion between the parties and their respective counsel, but was the result of bona fide, good faith, arm's-length negotiations between experienced counsel after sufficient discovery was obtained; (vi) and the Notice of Settlement provided to the Soders Class was adequate and satisfied the Federal Rules of Civil Procedure; and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted as provided herein; and it is further

        ORDERED that the Debtors' entry into the Agreement is in the best interests of the Debtors and their estates; and it is further

        ORDERED that the Debtors' entry into the Agreement is authorized, ratified, and directed; and it is further

        ORDERED that the Court will apply Rule 7023 of the Federal Rules of Bankruptcy Procedure solely for the purposes of settlement in granting the Motion; and it is further

ORDERED that the Court adopts the Pennsylvania Court's certification of the Soders Class solely for the purposes of settlement; and it is further

ORDERED that an award of a general unsecured claim in the amount of $554,050 to the Participating Soders Class Members is fair and reasonable; and it is further

ORDERED that RodaNast is permitted to sell, transfer, or otherwise liquidate the Total Allowed Unsecured Claim and make pro rata distributions to the Participating Class Members, as necessary; and it is further

ORDERED that a payment of a general unsecured claim of $5,000 to Soders as the Soders Class representative is fair and reasonable; and it is further

ORDERED that an attorneys' fee award of a general unsecured claim in the amount of $526,348 is fair and reasonable considering the time and efforts reasonably expended by RodaNast in the litigation, the quality of services rendered, the results achieved and benefits conferred upon the Soders Class, the magnitude, complexity and uniqueness of the litigation, and the contingent nature of the fee; and it is further

ORDERED that the reimbursement of costs incurred by RodaNast in the Soders Class Action of a general unsecured claim in the amount of $437,416.92 to RodaNast is fair and reasonable, and it is further

ORDERED that no further notice of (i) the Settlement, (ii) the Debtors' entry into the Agreement, or (iii) Soders' entry into the Agreement on behalf of the Soders Class is required; and it is further

ORDERED that upon entry of this Order, all terms and conditions of the Agreement shall become effective; and it is further

    Pg 4 of 4

4

ORDERED that to the extent any conflict exists between the terms and conditions of the Agreement and this Order, this Order shall control; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
       ***August 10, 2010***

                                          *s/Robert E. Gerber*
                                          United States Bankruptcy Judge