**PRESENTMENT DATE AND TIME:** August 16, 2010 at 12:00 noon (Eastern Time)
**OBJECTION DEADLINE:** August 16, 2010 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF FOURTH AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c) AND 9007 ESTABLISHING NOTICE AND CASE MANAGEMENT PROCEDURES

PLEASE TAKE NOTICE that Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), will present the attached proposed fourth amended order

pursuant to section 105(a) of title 11, United States Code and Rules 1015(c) and 9007 of

the Federal Rules of Bankruptcy Procedure (the "**Fourth Amended Order**") amending

the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c)

and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010

[Docket No. 5670] (the "**Third Amended Order**"),[1] to the Honorable Robert E. Gerber,

United States Bankruptcy Judge, for signature on August 16, 2010 at 12:00 noon.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Fourth

Amended Order must be made in writing and received in the Bankruptcy Judge's

chambers and by the undersigned not later than 11:30 a.m. on August 16, 2010.  Unless

objections are received by that time, the Fourth Amended Order may be signed.

Dated: New York, New York
       August 10, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

---

[1] A blackline of the Fourth Amended Order against the Third Amended Order is annexed as Exhibit "A" to the Fourth Amended Order.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :          **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.*  :
                                                    :
                              **Debtors.**          :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

**FOURTH AMENDED ORDER PURSUANT TO**
**11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c) AND 9007**
<u>**ESTABLISHING NOTICE AND CASE MANAGEMENT PROCEDURES**</u>

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11,

United States Code (the "**Bankruptcy Code**") and Rules 1015(c) and 9007 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order

establishing notice and other administrative case management procedures (the

"**Procedures**"), all as more fully described in the Motion; and due and proper notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and the Court having entered an order approving the Motion on August 3,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and Original Order (as defined below).

2009 (the "**Original Order**"); and the Court having entered an amended order on

December 17, 2009 (the "**Amended Order**"), and a second amended order on March 19,

2010, and a third amended order on April 29, 2010 (the "**Third Amended Order**"); and

the Court having determined since the entry of the Third Amended Order that the Third

Amended Order should be modified in certain respects and restated in its entirety as

provided herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that this Fourth Amended Order supersedes in all respects the

Third Amended Order;[2] and it is further

ORDERED that the notice and other administrative procedures set forth

herein (the "**Procedures**"), are approved and shall govern all aspects of these chapter 11

cases; and it is further

ORDERED that the Procedures establish requirements for the filing and

service of all papers filed in these chapter 11 cases, including, but not limited to, all

pleadings, notices, motions, applications, other requests for relief, objections, responses,

and replies to objections; and it is further

ORDERED that the following Procedures shall apply in these cases:

**<u>Filing and Notification Procedures</u>**

*a) General*

a.       All papers filed in these chapter 11 cases, including, but not

limited to, all pleadings, notices, motions, applications, other

---

[2] A blackline version of this Fourth Amended Order reflecting the modifications to the Third Amended
Order is annexed hereto as Exhibit "A."

requests for relief, objections, responses, and replies to objections,

shall be filed electronically with the Court on the docket of *In re*

*Motors Liquidation Co.*, Ch. 11 Case No. 09-50026 (REG) in

accordance with General Order M-242 (available at

www.nysb.uscourts.gov/orders/orders2.html) by registered users of

the Court's case filing system and by all other parties in interest on

a 3.5 inch disk, preferably in Portable Document Format (PDF),

Microsoft Word, or any other Windows-based word processing

format.

b) *Master Service List*

a.    The Debtors shall establish a master service list (the "**Master

Service List**"), which shall include: (i) Weil, Gotshal & Manges

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,

and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors

Liquidation Company, 500 Renaissance Center, Suite 1400,

Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors,

LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW,

Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors (the "**Creditors' Committee**"),

1177 Avenue of the Americas, New York, New York 10036 (Attn:

Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren

Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the

United States Trustee for the Southern District of New York, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn:

Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York

10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x)

Caplin & Drysdale, Chartered, attorneys for the official committee

of unsecured creditors holding asbestos-related claims (the

"**Asbestos Claimants' Committee**"), 375 Park Avenue, 35th

Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch,

Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite

1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and

Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman &

Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xii) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002.

b.      The Debtors shall update the Master Service List on a weekly basis to add names, addresses, and e-mail addresses of any party in interest who has made a written request for notice since the prior week.

c.      Any creditor or party in interest that wishes to receive notice, in addition to what is required by the Bankruptcy Rules, must file a notice of appearance and request for service of papers (a "**Notice Request**") with the Clerk of the Court.  Each Notice Request must include (i) the requesting party's name and address; (ii) the name of the client, if applicable; (iii) the requesting party's e-mail address for service by electronic transmission; (iv) the requesting party's address for service by U.S. mail, hand delivery, and/or overnight delivery; and (v) the requesting party's facsimile number for service by facsimile.

d.      To the extent a Notice Request fails to contain an e-mail address,

the creditor or party in interest that filed the Notice Request shall

not be entitled to service of papers by means other than electronic

transmission until such creditor or party in interest (i) files a

request to be exempted from providing an e-mail address and (ii)

serves a copy of such request upon each of the parties set forth on

the Master Service List as of the date thereof.

e.      Each creditor or party in interest that files a Notice Request shall

be deemed to have consented to service of papers by electronic

transmission.  For the avoidance of doubt, the United States

Trustee has not consented to electronic service of papers in these

cases, and service of papers upon the United States Trustee must

be accomplished by regular mail, overnight mail, facsimile, or

hand delivery.

c)  *Notice of Pleadings*

a.      Subject to the following decretal paragraph, service of papers in

these chapter 11 cases shall be limited to service upon: (i) the

parties listed on the Master Service List; (ii) any parties that have,

pursuant to Bankruptcy Rule 2002, made a Notice Request no later

than two (2) business days prior to the service of such papers; and

(iii) any party against which direct relief is sought in the paper

served (collectively, the "**Notice Parties**"); *provided, however*, that

any attorney who represents multiple parties listed on the Master

Service List need only be served with one copy of the paper being

served.

b.    Service of papers to the Notice Parties as set forth in the preceding

paragraph would apply with respect to all matters covered by

Bankruptcy Rule 2002 and the Local Rules, with the express

exception of the following: (i) notice of a meeting of creditors

pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed

for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

(iii) the time fixed for filing objections to, and the hearings to

consider approval of, a disclosure statement and a plan of

reorganization; and (iv) notice of and transmittal of ballots for

accepting or rejecting a plan of reorganization, which notices

would be given in accordance with Bankruptcy Rule 2002 and

other applicable Bankruptcy Rules, unless otherwise ordered by

the Court or otherwise prescribed by the Bankruptcy Code.

d)  *Electronic Service*

a.    If service is effected by the Debtors, the Creditors' Committee, the

Asbestos Claimants' Committee, or the Future Claimants'

Representative via electronic transmission, the Debtors, the

Creditors' Committee, the Asbestos Claimants' Committee, and

the Future Claimants' Representative, as applicable, shall not be

required to serve paper copies on interested parties; service by
electronic transmission shall satisfy the Court's rules for service
and shall be effective as of the date the paper is electronically
transmitted to the e-mail addresses listed on the Master Service
List.  Parties other than the Debtors, the Creditors' Committee, the
Asbestos Claimants' Committee, and the Future Claimants'
Representative shall not be authorized to effect service by
electronic transmission.

b.    All papers served by the Debtors, the Creditors' Committee, the
Asbestos Claimants' Committee, or the Future Claimants'
Representative by electronic transmission shall attach a file
containing the entire paper served, including any proposed form of
order, exhibits, attachments, and other relevant materials, in ".pdf"
format, readable by Adobe Acrobat or an equivalent program.
Notwithstanding the foregoing, if a particular paper cannot be sent
by electronic transmission (because of the paper's size, technical
difficulties, or other concerns), the Debtors, the Creditors'
Committee, the Asbestos Claimants' Committee, or the Future
Claimants' Representative may, in their sole discretion, (i) serve
the entire paper, including the portions that cannot be sent by
electronic transmission, by regular or overnight mail, as
appropriate, including any proposed form of order, exhibits,

attachments, and other relevant materials or (ii) include a notation

in the electronic transmission that the paper cannot be annexed

because of the paper's size, technical difficulties, or other concerns

and that the paper will be (a) sent by regular or overnight mail, as

appropriate, if requested by the recipient of the electronic

transmission or (b) posted on any website maintained in

connection with these chapter 11 cases.

## **Hearings and Related Procedural Matters**

*a)  Emergency Relief*

If a non-Debtor intends to file a notice, motion, or application that the

non-Debtor believes requires emergency or expedited relief, the non-

Debtor shall telephonically contact the Debtors' attorneys requesting that

such paper be considered on an expedited basis.  If the Debtors disagree

with the non-Debtor's determination regarding the emergency or

expedited nature of the relief requested, the non-Debtor shall:  (i) inform

the Court of the disagreement via telephone; and (ii) arrange for a

chambers conference (either telephonically or in chambers) to be held with

the Debtors' attorneys to discuss the disagreement.  If the Court agrees

with the position of the non-Debtor regarding the necessity for expedited

consideration, the non-Debtor may, by order to show cause, request an

expedited hearing.

*b)  Guidelines for Setting a Hearing Date*

Unless a request for expedited consideration is granted by the Court, no paper shall be considered by the Court unless it is filed and served in accordance with the time limits set forth in the applicable Bankruptcy Rules and Local Rules and served in accordance with the Procedures.

*c)  Notice of Hearing*

A "Notice of Hearing" shall be affixed to all motions, applications, and other requests for relief and shall set forth the following:  (i) the title of the paper; (ii) the parties upon whom any objection to the paper is required to be served; (iii) the date and time of the applicable deadline to file an objection to the paper; (iv) the date of the hearing on which the Court shall consider the paper; and (v) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with the Procedures.  The applicable objection deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing.

*d)  Objection Deadlines*

Except with respect to papers scheduled for expedited or emergency hearings, the deadline (the "**Objection Deadline**") to file an objection with respect to any paper shall be (i) **4:00 p.m. (prevailing Eastern Time)** on the date that is **seven days** before the applicable hearing date or (ii) any date otherwise ordered by the Court.  The Objection Deadline may

be extended with the consent of the party filing the paper.  Objections to

any paper will not be considered timely unless they are filed with the

Court and received by the party filing the paper and the parties listed on

the Notice of Hearing for such paper on or before the applicable Objection

Deadline.  All parties filing an Objection shall include their telephone and

facsimile numbers in the signature block on the last page of the Objection.

e)  *Reply Deadlines*

Except with respect to papers scheduled for expedited or emergency

hearings, the deadline to file a reply to an objection to any paper (the

**"Reply Deadline"**) shall be (i) **12:00 noon (prevailing Eastern Time)** on

the date that is **three (3) business days** before the applicable hearing date,

or (ii) any date otherwise ordered by the Court.  The Reply Deadline may

be extended with the consent of the party filing the paper.  All parties

filing a Reply shall include their telephone and facsimile numbers in the

signature block on the last page of the Reply.

f)  *Relief Without a Hearing*

The Court may approve the relief requested in an application, motion, or

other paper without a hearing provided that (i) no objection or request for

a hearing has been timely filed by the applicable Objection Deadline,

(ii) after the Objection Deadline, the attorney for the moving party files

with the Court (and if the motion, application, or other paper was filed by

a non-Debtor, serves by hand delivery or overnight mail upon the

attorneys for the Debtors), a certificate stating that no objections to the

motion, application, or other paper have been timely filed and served upon

the moving party, and (iii) on the next business day following filing and

serving such a certificate, the attorney for the moving party delivers to the

Court, by U.S. mail, electronic transmission, or hand or overnight

delivery, each of the following: (a) the certificate described in subsection

(ii) above, and (b) an electronic copy of an order granting the relief

requested in the applicable motion, application, or other paper

(collectively, the "**Presentment Package**").  Upon receipt of the

Presentment Package, the Court may grant the relief requested in the

motion, application, or other paper without further submission, hearing, or

request.  If the Court does not enter the order provided with the

Presentment Package at least **one (1) business day** prior to the hearing

date set in accordance with the Procedures, the motion, application, or

other paper will be considered by the Court at such hearing.

g) *Agendas*

No later than approximately **5:00 p.m. (prevailing Eastern Time) two (2)**

**business days** before a scheduled hearing, the Debtors shall file with the

Court a hearing agenda in accordance with Paragraph 43 of Case

Management Order #1 in these chapter 11 cases, dated and entered June 1,

2009 ("**Case Management Order #1**").

k)  *Settlements*

    a.    If discussions as to settlement are ongoing and are proceeding constructively, telephonic and e-mail notice of such to Chambers (gerber.chambers@nysb.uscourts.gov), by joint call or by a representative with the authority of anyone else concerned, is required.  To minimize the Court's expenditure of preparation time on settled matters, parties must call and e-mail Chambers immediately (even before or after traditional business hours) when an agreement in principle as to settlement is reached. This requirement applies even (and especially) when an agreement as to settlement has been reached on a weekend.

    b.    If the Court determines that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute had been fully litigated, the Court may approve the Settlement at the hearing without further notice.  If the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**Relief from the Automatic Stay**

*a) Automatic Relief Provision Inapplicable*

    a.    Notwithstanding section 362(e) of the Bankruptcy Code, if, in accordance with the Procedures, a Stay Relief Motion is scheduled for or adjourned to a hearing date that falls on or after the **thirtieth (30th) day** after the Stay Relief Motion has been filed, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of the hearing to consider the Stay Relief Motion and shall be deemed to have waived its right to assert that the automatic stay has been terminated under section 362(e) of the Bankruptcy Code; and it is further

ORDERED that the Debtors may amend the Procedures from time to time throughout these chapter 11 cases and shall submit any such amendments to the Court by notice of presentment of an amended order in accordance with this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that in the event of any actual or perceived conflict between the notice procedures set forth in this Order and the Local Rules, then the procedures listed in this Order shall govern.  In the event of any actual or perceived conflict between the procedures set forth in this Order and the procedures set forth in Case Management Order #1, the procedures set forth in Case Management Order #1 shall govern; *provided,*

*however,* that Agendas must be filed no later than approximately 5:00 p.m. (prevailing

Eastern Time) two (2) business days before a scheduled hearing; and it is further

        ORDERED that the Debtors shall serve a printed copy of this Order upon

all parties on the Master Service List on the date this Order is entered, or as soon

thereafter as is practicable; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated:  New York, New York
       August ___, 2010


                            **_____**
                            United States Bankruptcy Judge

**<u>Exhibit A</u>**

**<u>Blackline</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                :

**In re**                                    :              **Chapter 11 Case No.**
                                                :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :       **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*    :
                                                :

                           **Debtors.**        :         **(Jointly Administered)**
                                                  :
----------------------------------------------------------------x

~~**THIRD**~~**FOURTH** AMENDED ORDER PURSUANT TO
11 U.S.C. § 105(a) AND FED. R. BANKR. P. 1015(c) AND 9007
<u>ESTABLISHING NOTICE AND CASE MANAGEMENT PROCEDURES</u>

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11,

United States Code (the "**Bankruptcy Code**") and Rules 1015(c) and 9007 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order

establishing notice and other administrative case management procedures (the

"**Procedures**"), all as more fully described in the Motion; and due and proper notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and the Court having entered an order approving the Motion on August 3,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion and Original Order (as defined below).

2009 (the "**Original Order**"); and the Court having entered an amended order on

December 17, 2009 (the "**Amended Order**"), and a second amended order on March 19,

2010, and a third amended order on April 29, 2010 (the "~~Second~~**Third** **Amended**

**Order**"); and the Court having determined since the entry of the ~~Second~~Third Amended

Order that the ~~Second~~Third Amended Order should be modified in certain respects and

restated in its entirety as provided herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that this ~~Third~~Fourth Amended Order supersedes in all

respects the ~~Second~~Third Amended Order;[2] and it is further

ORDERED that the notice and other administrative procedures set forth

herein (the "**Procedures**"), are approved and shall govern all aspects of these chapter 11

cases; and it is further

ORDERED that the Procedures establish requirements for the filing and

service of all papers filed in these chapter 11 cases, including, but not limited to, all

pleadings, notices, motions, applications, other requests for relief, objections, responses,

and replies to objections; and it is further

ORDERED that the following Procedures shall apply in these cases:

**<u>Filing and Notification Procedures</u>**

*a) General*

    a.    All papers filed in these chapter 11 cases, including, but not

limited to, all pleadings, notices, motions, applications, other

---

[2] A ~~blacklined~~blackline version of this ~~Third~~Fourth Amended Order reflecting the modifications to the ~~Second~~Third Amended Order is annexed hereto as Exhibit "A."

requests for relief, objections, responses, and replies to objections,
shall be filed electronically with the Court on the docket of *In re
Motors Liquidation Co.*, Ch. 11 Case No. 09-50026 (REG) in
accordance with General Order M-242 (available at
www.nysb.uscourts.gov/orders/orders2.html) by registered users of
the Court's case filing system and by all other parties in interest on
a 3.5 inch disk, preferably in Portable Document Format (PDF),
Microsoft Word, or any other Windows-based word processing
format.

b) *Master Service List*

a.      The Debtors shall establish a master service list (the "**Master
Service List**"), which shall include: (i) Weil, Gotshal & Manges
LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New
York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors
Liquidation Company, 500 Renaissance Center, Suite 1400,
Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors,
LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:
Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &
Taft LLP, attorneys for the United States Department of the
Treasury, One World Financial Center, New York, New York
10281 (Attn: John J. Rapisardi, Esq.); (v) the United States
Department of the Treasury, 1500 Pennsylvania Avenue NW,

Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the "**Creditors' Committee**"), 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., ~~Amy Caton~~Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: ~~Diana G. Adams~~Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims (the "**Asbestos Claimants' Committee**"), 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the

legal representative for future asbestos personal injury claimants

(the "**Future Claimants' Representative**"), 2323 Bryan Street,

Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq.

and Robert T. Brousseau, Esq.); and (xii) all entities that requested

notice in these chapter 11 cases under Bankruptcy Rule 2002.

b.     The Debtors shall update the Master Service List on a weekly basis

to add names, addresses, and e-mail addresses of any party in

interest who has made a written request for notice since the prior

week.

c.     Any creditor or party in interest that wishes to receive notice, in

addition to what is required by the Bankruptcy Rules, must file a

notice of appearance and request for service of papers (a "**Notice

Request**") with the Clerk of the Court.  Each Notice Request must

include (i) the requesting party's name and address; (ii) the name

of the client, if applicable; (iii) the requesting party's e-mail

address for service by electronic transmission; (iv) the requesting

party's address for service by U.S. mail, hand delivery, and/or

overnight delivery; and (v) the requesting party's facsimile number

for service by facsimile.

d.     To the extent a Notice Request fails to contain an e-mail address,

the creditor or party in interest that filed the Notice Request shall

not be entitled to service of papers by means other than electronic

transmission until such creditor or party in interest (i) files a

request to be exempted from providing an e-mail address and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as of the date thereof.

e.      Each creditor or party in interest that files a Notice Request shall be deemed to have consented to service of papers by electronic transmission.  For the avoidance of doubt, the United States Trustee has not consented to electronic service of papers in these cases, and service of papers upon the United States Trustee must be accomplished by regular mail, overnight mail, facsimile, or hand delivery.

c)  *Notice of Pleadings*

a.      Subject to the following decretal paragraph, service of papers in these chapter 11 cases shall be limited to service upon: (i) the parties listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, made a Notice Request no later than two (2) business days prior to the service of such papers; and (iii) any party against which direct relief is sought in the paper served (collectively, the "**Notice Parties**"); *provided, however*, that any attorney who represents multiple parties listed on the Master Service List need only be served with one copy of the paper being served.

b.      Service of papers to the Notice Parties as set forth in the preceding paragraph would apply with respect to all matters covered by

Bankruptcy Rule 2002 and the Local Rules, with the express

exception of the following: (i) notice of a meeting of creditors

pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed

for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

(iii) the time fixed for filing objections to, and the hearings to

consider approval of, a disclosure statement and a plan of

reorganization; and (iv) notice of and transmittal of ballots for

accepting or rejecting a plan of reorganization, which notices

would be given in accordance with Bankruptcy Rule 2002 and

other applicable Bankruptcy Rules, unless otherwise ordered by

the Court or otherwise prescribed by the Bankruptcy Code.

*d) Electronic Service*

   a.        If service is effected by the Debtors, the Creditors' Committee,

the Asbestos Claimants' Committee, or the Future Claimants'

Representative via electronic transmission, the Debtors, the

Creditors' Committee, the Asbestos Claimants' Committee, and

the Future Claimants' Representative, as applicable, shall not be

required to serve paper copies on interested parties; service by

electronic transmission shall satisfy the Court's rules for service

and shall be effective as of the date the paper is electronically

transmitted to the e-mail addresses listed on the Master Service

List.  Parties other than the Debtors, the Creditors' Committee, the

Asbestos Claimants' Committee, and the Future Claimants'

Representative shall not be authorized to effect service by

electronic transmission.

b.        All papers served by the Debtors, the Creditors' Committee,

the Asbestos Claimants' Committee, or the Future Claimants'

Representative by electronic transmission shall attach a file

containing the entire paper served, including any proposed form of

order, exhibits, attachments, and other relevant materials, in ".pdf"

format, readable by Adobe Acrobat or an equivalent program.

Notwithstanding the foregoing, if a particular paper cannot be sent

by electronic transmission (because of the paper's size, technical

difficulties, or other concerns), the Debtors, the Creditors'

Committee, the Asbestos Claimants' Committee, or the Future

Claimants' Representative may, in their sole discretion, (i) serve

the entire paper, including the portions that cannot be sent by

electronic transmission, by regular or overnight mail, as

appropriate, including any proposed form of order, exhibits,

attachments, and other relevant materials or (ii) include a notation

in the electronic transmission that the paper cannot be annexed

because of the paper's size, technical difficulties, or other concerns

and that the paper will be (a) sent by regular or overnight mail, as

appropriate, if requested by the recipient of the electronic

transmission or (b) posted on any website maintained in

connection with these chapter 11 cases.

**<u>Hearings and Related Procedural Matters</u>**

a)  *Emergency Relief*

If a non-Debtor intends to file a notice, motion, or application that the
non-Debtor believes requires emergency or expedited relief, the non-
Debtor shall telephonically contact the Debtors' attorneys requesting that
such paper be considered on an expedited basis.  If the Debtors disagree
with the non-Debtor's determination regarding the emergency or
expedited nature of the relief requested, the non-Debtor shall:  (i) inform
the Court of the disagreement via telephone; and (ii) arrange for a
chambers conference (either telephonically or in chambers) to be held with
the Debtors' attorneys to discuss the disagreement.  If the Court agrees
with the position of the non-Debtor regarding the necessity for expedited
consideration, the non-Debtor may, by order to show cause, request an
expedited hearing.

b)  *Guidelines for Setting a Hearing Date*

Unless a request for expedited consideration is granted by the Court, no
paper shall be considered by the Court unless it is filed and served in
accordance with the time limits set forth in the applicable Bankruptcy
Rules and Local Rules and served in accordance with the Procedures.

c)  *Notice of Hearing*

A "Notice of Hearing" shall be affixed to all motions, applications, and
other requests for relief and shall set forth the following:  (i) the title of the
paper; (ii) the parties upon whom any objection to the paper is required to

be served; (iii) the date and time of the applicable deadline to file an

objection to the paper; (iv) the date of the hearing on which the Court shall

consider the paper; and (v) a statement that the relief requested may be

granted without a hearing if no objection is timely filed and served in

accordance with the Procedures.  The applicable objection deadline and

hearing date shall also appear in the upper right corner of the first page of

the Notice of Hearing.

d)  *Objection Deadlines*

Except with respect to papers scheduled for expedited or emergency

hearings, the deadline (the "**Objection Deadline**") to file an objection

with respect to any paper shall be (i) **4:00 p.m. (prevailing Eastern

Time)** on the date that is **seven days** before the applicable hearing date or

(ii) any date otherwise ordered by the Court.  The Objection Deadline may

be extended with the consent of the party filing the paper.  Objections to

any paper will not be considered timely unless they are filed with the

Court and received by the party filing the paper and the parties listed on

the Notice of Hearing for such paper on or before the applicable Objection

Deadline.  All parties filing an Objection shall include their telephone and

facsimile numbers in the signature block on the last page of the Objection.

e)  *Reply Deadlines*

Except with respect to papers scheduled for expedited or emergency

hearings, the deadline to file a reply to an objection to any paper (the

"**Reply Deadline**") shall be (i) **12:00 noon (prevailing Eastern Time)** on

the date that is **three (3) business days** before the applicable hearing date,
or (ii) any date otherwise ordered by the Court.  The Reply Deadline may
be extended with the consent of the party filing the paper.  All parties
filing a Reply shall include their telephone and facsimile numbers in the
signature block on the last page of the Reply.

f) *Relief Without a Hearing*

The Court may approve the relief requested in an application, motion, or
other paper without a hearing provided that (i) no objection or request for
a hearing has been timely filed by the applicable Objection Deadline, (ii)
after the Objection Deadline, the attorney for the moving party files with
the Court (and if the motion, application, or other paper was filed by a
non-Debtor, serves by hand delivery or overnight mail upon the attorneys
for the Debtors), a certificate stating that no objections to the motion,
application, or other paper have been timely filed and served upon the
moving party, and (iii) on the next business day following filing and
serving such a certificate, the attorney for the moving party delivers to the
Court, by U.S. mail, electronic transmission, or hand or overnight
delivery, each of the following: (a) the certificate described in subsection
(ii) above, and (b) an electronic copy of an order granting the relief
requested in the applicable motion, application, or other paper
(collectively, the "**Presentment Package**").  Upon receipt of the
Presentment Package, the Court may grant the relief requested in the
motion, application, or other paper without further submission, hearing, or

request.  If the Court does not enter the order provided with the

Presentment Package at least **one (1) business day** prior to the hearing

date set in accordance with the Procedures, the motion, application, or

other paper will be considered by the Court at such hearing.

g) *Agendas*

No later than approximately **5:00 p.m. (prevailing Eastern Time) two (2)**

**business days** before a scheduled hearing, the Debtors shall file with the

Court a hearing agenda in accordance with Paragraph 43 of Case

Management Order #1 in these chapter 11 cases, dated and entered June 1,

2009 ("**Case Management Order #1**").

k) *Settlements*

a.    If discussions as to settlement are ongoing and are proceeding

constructively, telephonic and e-mail notice of such to Chambers

(gerber.chambers@nysb.uscourts.gov), by joint call or by a

representative with the authority of anyone else concerned, is

required.  To minimize the Court's expenditure of preparation time

on settled matters, parties must call and e-mail Chambers

immediately (even before or after traditional business hours) when

an agreement in principle as to settlement is reached. This

requirement applies even (and especially) when an agreement as to

settlement has been reached on a weekend.

b.    If the Court determines that the terms of the settlement are not

materially different from what parties in interest could have

expected if the dispute had been fully litigated, the Court may

approve the Settlement at the hearing without further notice.  If the

Court determines that additional or supplemental notice is

required, the Debtors shall serve such notice in accordance with

the Procedures set forth herein and a hearing to consider such

settlement shall be on the next hearing day deemed appropriate by

the Court.

**Relief from the Automatic Stay**

*a) Automatic Relief Provision Inapplicable*

a.      Notwithstanding section 362(e) of the Bankruptcy Code, if, in

accordance with the Procedures, a Stay Relief Motion is scheduled

for or adjourned to a hearing date that falls on or after the **thirtieth**

**(30th) day** after the Stay Relief Motion has been filed, the moving

party shall be deemed to have consented to the continuation of the

automatic stay in effect pending the conclusion of the hearing to

consider the Stay Relief Motion and shall be deemed to have

waived its right to assert that the automatic stay has been

terminated under section 362(e) of the Bankruptcy Code; and it is

further

ORDERED that the Debtors may amend the Procedures from time to time

throughout these chapter 11 cases and shall submit any such amendments to the Court by

notice of presentment of an amended order in accordance with this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that in the event of any actual or perceived conflict between the notice procedures set forth in this Order and the Local Rules, then the procedures listed in this Order shall govern.  In the event of any actual or perceived conflict between the procedures set forth in this Order and the procedures set forth in Case Management Order #1, the procedures set forth in Case Management Order #1 shall govern; *provided, however,* that Agendas must be filed no later than approximately 5:00 p.m. (prevailing Eastern Time) two (2) business days before a scheduled hearing; and it is further

ORDERED that the Debtors shall serve a printed copy of this Order upon all parties on the Master Service List on the date this Order is entered, or as soon thereafter as is practicable; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
~~April~~August ___, 2010


_____
United States Bankruptcy Judge

**Exhibit A**

**Blackline**

Document comparison by Workshare Professional on Wednesday, August 11, 2010 5:07:35 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:/Documents and Settings/brooksru/Desktop/Fourth CMO/Third Amended Case Management Order.doc |
| Description | Third Amended Case Management Order |
| Document 2 ID | file://C:/Documents and Settings/brooksru/Desktop/Fourth CMO/Fourth Amended Case Management Order.doc |
| Description | Fourth Amended Case Management Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 33 |