**HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
    f/k/a General Motors Corp., et al.    :
                                          :
                          Debtors.        :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
**(Incorrectly Classified Claims)**

Upon the twenty-eighth omnibus objection to reclassify certain claims, dated July 2, 2010 (the "**Twenty-Eighth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reclassifying the Incorrectly Classified Claims on the grounds that each Incorrectly Classified Claim was incorrectly classified by the claimant, all as more fully described in the Twenty-Eighth Omnibus Objection to Claims; and due and proper notice of the Twenty-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Twenty-Eighth Omnibus Objection to Claims is in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Twenty-Eighth Omnibus Objection to Claims.

best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each "Claim Amount and Priority" listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto is hereby reclassified as indicated on the Order Exhibit under the column "Modified Priority Status/Reduced Amount;" and it is further

ORDERED that, if applicable, the Twenty-Eighth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Twenty-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Twenty-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the Twenty-Eighth Omnibus Objection to Claims under the heading "*Claims to be Reclassified*" that is not reclassified; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *August 12, 2010*

*s/ Robert E. Gerber*
United States Bankruptcy Judge