HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: July 30, 2010 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
**(Claims with Insufficient Documentation)**

Upon the thirty-fifth omnibus objection to expunge certain claims, dated July 2, 2010 (the "**Thirty-Fifth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Claims with Insufficient Documentation on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claim, all as more fully described in the Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Thirty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Thirty-Fifth Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Thirty-Fifth Omnibus Objection to Claims.

to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that, if applicable, the Thirty-Fifth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Thirty-Fifth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Thirty-Fifth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Thirty-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that to the extent a disallowed and expunged claim is a workers' compensation claim with respect to an employee residing or employed in any state other than the states of Alabama, Georgia, New Jersey, and Oklahoma, the disallowance of such claim shall not affect the claimant's rights to continue receiving benefits from General Motors, LLC (f/k/a NGMCO, Inc.), the purchaser of substantially all the assets of General Motors Corporation; and it is further

ORDERED that to the extent a disallowed and expunged claim is for principal under a public debt security issued by the Debtors, the disallowance of such claim shall not affect the right of the claimant to participate in recoveries as a holder of securities under any proof of claim filed by an indenture trustee in respect of the subject issuance; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *August 12, 2010*

                                                    *s/ Robert E. Gerber*
                                                    United States Bankruptcy Judge