**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                    :
**In re**                                           :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
                                                    :
                                **Debtors.**        :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x


<u>**ORDER GRANTING DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**</u>
**(Claims with Insufficient Documentation)**

Upon the thirty-sixth omnibus objection to expunge certain claims, dated July 2,

2010 (the "**Thirty-Sixth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company

(f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket

No. 4180], seeking entry of an order disallowing and expunging the Claims with Insufficient

Documentation on the grounds that such claims fail to provide sufficient documentation to

ascertain the validity of the claim, all as more fully described in the Thirty-Sixth Omnibus

Objection to Claims; and due and proper notice of the Thirty-Sixth Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Thirty-Sixth Omnibus Objection

---

[1]       Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Thirty-Sixth Omnibus Objection to Claims.

to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Thirty-Sixth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Thirty-Sixth Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is

further

ORDERED that, if applicable, the Thirty-Sixth Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further

adjournments, (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned**

**Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be

12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the

Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Thirty-Sixth Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Thirty-Sixth Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding

claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, any claim listed on Exhibit A annexed to the Thirty-Sixth Omnibus

Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not

disallowed or expunged pursuant to this Order; and it is further

ORDERED that to the extent a disallowed and expunged claim is a workers'

compensation claim with respect to an employee residing or employed in any state other than the

states of Alabama, Georgia, New Jersey, and Oklahoma, the disallowance of such claim shall not

affect the claimant's rights to continue receiving benefits from General Motors, LLC (f/k/a

NGMCO, Inc.), the purchaser of substantially all the assets of General Motors Corporation; and

it is further

ORDERED that to the extent a disallowed and expunged claim is for principal

under a public debt security issued by the Debtors, the disallowance of such claim shall not

affect the right of the claimant to participate in recoveries as a holder of securities under any

proof of claim filed by an indenture trustee in respect of the subject issuance; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
        *August 12, 2010*

*s/ Robert E. Gerber*
United States Bankruptcy Judge