**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :   **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*                     :
                                                            :
                     Debtors.                               :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**NOTICE OF DEBTORS' SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(Property Damage Claims)**

   **PLEASE TAKE NOTICE** that on August 16, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their seventy-seventh omnibus objection to reduce, fix, and allow certain

claims (the "**Seventy Seventh Omnibus Objection to Claims**"), and that a hearing (the

"**Hearing**") to consider the Seventy-Seventh Omnibus Objection to Claims will be held before

the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United

US_ACTIVE:\43463796\02\72240.0639

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Seventy-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **September 17, 2010 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Seventy-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Seventy-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 16, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                  :

**In re**                               :         **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**  :         **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*       :
                                                  :
                     **Debtors.**        :        **(Jointly Administered)**
                                                  :
------------------------------------------------------------x

**DEBTORS' SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(Property Damage Claims)**

---

**THIS OBJECTION SEEKS TO REDUCE, FIX, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

US_ACTIVE:\43463796\02\72240.0639

**Relief Requested**

1.      The Debtors file this seventy-seventh omnibus objection to certain claims (the "**Seventy-Seventh Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reducing and fixing the claims listed on **Exhibit "A"** annexed hereto (collectively, the "**Claims**") and allowing such Claims only to the extent of the respective amounts set forth thereon.[1]

2.      Although the Claims attach documentary support and appear to assert a right to reimbursement of a specific amount, the Claims are filed as unliquidated. The Claims primarily arise from property damage to the claimants' vehicles allegedly caused by faulty products manufactured by the Debtors. While the Debtors do not concede to any allegations regarding the causation of the vehicle damage, given the relatively small dollar amounts of the Claims, the Debtors believe it is in their best interests to fix and allow the Claims in the amounts set forth on Exhibit "A", rather than engage in litigation with respect to such amounts. The Debtors have made various attempts to contact the claimants to liquidate the Claims, but the claimants have not responded to the Debtors' requests. After a review of the supporting documentation accompanying the Claims and further analysis, the Debtors believe that the Claims should be reduced to and fixed and allowed in the amounts set forth on Exhibit "A"

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

hereto. The Debtors believe that the Claims should be fixed on the basis of the documentation accompanying the Claims and, in some cases, reduced as appropriate. Pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the Debtors seek entry of an order reducing and fixing each Claim to the amounts set forth on Exhibit "A" and allowing each such Claim only to the extent of such amounts.

## Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.     On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.     On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court

---

[2]    The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]    The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

6.  Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Relief Requested Should Be Approved by the Court

7.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Claims set forth on Exhibit "A" are unliquidated and the respective claimants have not responded to the Debtors' various requests to liquidate the Claims. The Debtors have examined the proofs of claim identified on Exhibit "A" along with the supporting documentation provided by the respective claimants. Although the Claims remain unliquidated, the Debtors believe that the

supporting documentation accompanying the Claims reflect the fair, accurate, and reasonable values of the Claims, except in certain instances where the Debtors believe reductions are appropriate. Accordingly, the Debtors assert that it is appropriate to allow the Claims in the amounts reflected on Exhibit "A" and the Debtors respectfully request that the Claims be fixed and allowed in such amounts. Furthermore, the Debtors are progressing through the claims reconciliation process in advance of and in connection with the filing of a chapter 11 plan in these cases. The failure of the claimants whose Claims are the subject of this Seventy-Seventh Omnibus Objection to Claims to respond to the Debtors' requests to liquidate their Claims serves only to prolong the claims reconciliation process. Thus, the Debtors request that the Court reduce, fix, and allow the Claims in the amounts set forth on Exhibit "A" hereto.

### Notice

9.  Notice of this Seventy-Seventh Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

10. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       August 16, 2010

            /s/ Joseph H. Smolinsky
            Harvey R. Miller
            Stephen Karotkin
            Joseph H. Smolinsky

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Debtors
            and Debtors in Possession

**EXHIBIT A**

| Seventy-Seventh Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|---|---|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| CUNNINGHAM, AMANDA<br><br>179 HOLLY HILL DR<br>SOMERSET, KY 42503<br><br>Official Claim Date: 11/18/2009 | 29443 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$17,000.00<br>$17,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| DARYL TAYLOR<br><br>DARYL TAYLOR<br>5706 EDGAR HOLT DR<br>FLINT, MI 48505<br><br>Official Claim Date: 11/25/2009 | 45781 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$165.00<br>$165.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| GARTMAN, DANIEL<br><br>641 COUNTY ROAD 10<br>MILLPORT, AL 35576<br><br>Official Claim Date: 10/12/2009 | 7734 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$2,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| GROSE, LABRINA<br><br>16633 ZEHNER RD<br>ATHENS, AL 35611<br><br>Official Claim Date: 10/16/2009 | 11729 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,000.00<br>$2,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| KNIGHT, AMANDA<br><br>818 COUNTY ROAD 218<br>CISCO, TX 76437<br><br>Official Claim Date: 11/3/2009 | 19461 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$3,300.00<br>$3,300.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| Seventy-Seventh Omnibus Objection | | | **Exhibit A** | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|---|---|---|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| LISA GARDNER<br><br>2745 BAKER AVE<br>CINCINNATI, OH 45211<br><br>Official Claim Date: 10/15/2009 | 10426 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$866.12<br>$866.12 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| LORI SIERRA<br><br>5458 FM 237<br>MEYERSVILLE, TX 77974<br><br>Official Claim Date: 11/20/2009 | 69248 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$2,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| MARHSALL STEPANIE<br><br>MARSHALL STEPHANIE<br>19571 AMBER WAY<br>NOBLESVILLE, IN 46060<br><br>Official Claim Date: 12/1/2009 | 67626 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$1,314.00<br>$1,314.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| MARSHALL, SONJA<br><br>1754 RICHMOND CIR SE APT 201G<br>ATLANTA, GA 30315<br><br>Official Claim Date: 11/28/2009 | 62429 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$175.00<br>$175.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| MICHAEL HARDGES<br><br>P.O. BOX 254<br>OKOLONA, MS 38860<br>UNITED STATES OF AMERICA<br><br>Official Claim Date: 11/3/2009 | 19422 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$1,510.00<br>$1,510.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Seventy-Seventh Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
|---|---|---|---|---|---|---|
| MICHAELS, JAMES<br><br>331 DALE COUNTY 1<br>DALEVILLE, AL 36322<br><br>Official Claim Date: 11/30/2009 | 66113 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$120.00<br>$120.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| MUSHANEY, LEATRICE<br><br>5267 W HIGHWAY 88<br>ODEN, AR 71961<br><br>Official Claim Date: 11/12/2009 | 23199 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$200.00<br>$200.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| PATRICIA JOHNSON<br><br>PO BOX 36226<br>RICHMOND, VA 23235<br><br>Official Claim Date: 11/30/2009 | 69297 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$4,000.00<br>$4,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| POPEJOY, STEPHANIE<br><br>1837 HIGHWAY 69A<br>CAMDEN, TN 38320<br><br>Official Claim Date: 11/25/2009 | 50843 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$5,100.00<br>$5,100.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| SCHNEIDTMILLER, LISA<br><br>8713 REDCOAT CT<br>LOUISVILLE, KY 40291<br><br>Official Claim Date: 10/5/2009 | 4601 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$2,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

| Seventy-Seventh Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Proposed Allowed Status/Amount | |
| --- | --- | --- | --- | --- | --- | --- |
| SERGIO DOMINGUEZ<br><br>4805 N COLLEGE AVE<br>BETHANY, OK 73008<br><br>Official Claim Date: 11/25/2009 | 45264 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$1,000.00<br>$1,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| SHANNA ANDERSON<br><br>5937 HILLCREST<br>DETROIT, MI 48236<br><br>Official Claim Date: 6/24/2010 | 70334 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$3,000.00<br>$3,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| WALKER, MONIQUE<br><br>8931 HAAS AVE<br>LOS ANGELES, CA 90047<br><br>Official Claim Date: 11/24/2009 | 43345 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,685.00<br>$2,685.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| WILLIAMS, ARTHUR<br><br>2601 EDWARDS ST<br>IRONDALE, AL 35210<br><br>Official Claim Date: 10/5/2009 | 4346 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$2,500.00<br>$2,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |
| WILSON RANDALL & LINDA<br><br>1155 N DUCK CREEK RD<br>NORTH JACKSON, OH 44451<br><br>Official Claim Date: 10/2/2009 | 2520 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) | $0.00<br>$0.00<br>$0.00<br>$25.00<br>$25.00 | (S)<br>(A)<br>(P)<br>(U)<br>(Total Claim Amount) |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, et al.,             :    09-50026 (REG)
    f/k/a General Motors Corp., et al.          :
                                                :
                        Debtors.                :    (Jointly Administered)
                                                :
------------------------------------------------------------x
```

# ORDER GRANTING DEBTORS' SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
**(Property Damage Claims)**

Upon the seventy-seventh omnibus objection to expunge certain claims, dated August 16, 2010 (the "**Seventy-Seventh Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reducing, fixing, and allowing certain claims on the grounds that such claims remain unliquidated and the amounts set forth in the documentation accompanying certain of the proofs of claim are greater than the fair, accurate, and reasonable values of the Claims, all as more fully described in the Seventy-Seventh Omnibus Objection to Claims; and due and proper notice of the Seventy-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Seventy-Seventh Omnibus Objection to Claims.

having found and determined that the relief sought in the Seventy-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventy-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on **Exhibit "A"** annexed hereto are fixed in the amounts set forth under the heading "*Proposed Allowed Status/Amount*" and are allowed only to the extent of such amounts; and it is further

ORDERED that, if applicable, the Seventy-Seventh Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Seventy-Seventh Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Seventy-Seventh Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the Seventy-Seventh Omnibus Objection to claims that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge