**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
> HERETO TO DETERMINE WHETHER THIS OBJECTION
> AFFECTS YOUR CLAIM(S)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, f/k/a General Motors Corp., *et al.* | : | **09-50026 (REG)** |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**NOTICE OF DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(Workers' Compensation Claims in Retained States – Georgia)**

**PLEASE TAKE NOTICE** that on August 17, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed their seventy-eighth omnibus objection to claims (the "**Seventy-Eighth Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the Seventy-Eighth Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24,**

US_ACTIVE:\43468180\03\72240.0639

**2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**IF YOU HAVE RECEIVED THE SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS BECAUSE YOUR CLAIM APPEARS ON EXHIBIT "A" AND YOU HAVE BEEN RECEIVING WORKERS' COMPENSATION BENEFITS, YOU SHOULD NOW BE RECEIVING BENEFITS FROM THE GEORGIA SELF-INSURED GUARANTY FUND.  THE SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD NOT AFFECT YOUR RIGHTS TO CONTINUE RECEIVING BENEFITS FROM THE GEORGIA SELF-INSURED GUARANTY FUND.  IF YOU HAVE ANY QUESTIONS REGARDING YOUR BENEFITS, PLEASE CALL 1-800-414-9607.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Seventy-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World

Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **September 17, 2010 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Seventy-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an

order substantially in the form of the proposed order annexed to the Seventy-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      August 17, 2010

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re    :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*    :
:
            Debtors.    :    (Jointly Administered)
:
------------------------------------------------------------x

**DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
(Workers' Compensation Claims in Retained States – Georgia)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
> **EXHIBIT ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.    The Debtors file this seventy-eighth omnibus objection to claims (the

"**Seventy-Eighth Objection to Claims**") pursuant to section 502(b) of title 11, United States

US_ACTIVE:\43468180\03\72240.0639

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging from the claims register the Workers' Compensation Claims (as hereinafter defined) listed on **Exhibit "A"** annexed hereto.[1]

    2.  The Debtors have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" seek recovery of amounts for which the Debtors are not liable. Each proof of claim identified on Exhibit "A" is a workers' compensation claim (collectively, the "**Workers' Compensation Claims**"). Pursuant to Georgia labor laws, and as further explained below, the obligation to pay the Workers' Compensation Claims was expressly assumed by the Georgia Self-Insurers Guaranty Trust Fund (the "**Trust**"). *See O.C.G.A.* § 34-9. The Trust was specifically established by the Georgia Legislature to provide for the continuation of workers' compensation benefits due and unpaid to employees of self-insured employers who later become insolvent. *See id.* § 34-9-382.

    3.  If any claimant received the Seventy-Eighth Omnibus Objection to Claims because their claim appears on Exhibit "A" and they have been receiving workers' compensation benefits, they should now be receiving benefits from the Trust. The Seventy-Eighth Omnibus Objection to Claims should not affect such claimant's rights to continue receiving benefits from

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

the Trust.  **If any such claimant has any questions regarding their benefits, they should call 1-800-414-9607.**

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

7. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

**Relevant Background to the Workers' Compensation Claims**

8. In accordance with the provisions of the Georgia Workers' Compensation Act, *O.C.G.A.* § 34-9-1, et seq. (the "**Act**"), and the rules and regulations pertaining thereunder, the Georgia State Board of Workers' Compensation ("**State Board**") entered an order on April 9, 1936 granting certain of the Debtors authority to conduct business as self-insured employers in Georgia for a continuous period from year to year from the date of the order until revocation by the State Board. The Debtors' continued certification as self-insured employers was conditioned upon the Debtors providing a surety bond (the "**Surety Bond**") in favor of the Trust, for the Trust to draw upon if ever the Debtors were ever unable to meet their obligations to their employees and dependents under the Act for whatever reason, including that of insolvency. *See O.C.G.A.* § 34-9-382. By virtue of the its provision to the Trust of the Surety Bond and regular payment of fees assessed by the Trust, those Debtors were "participants" in the Trust under the terms of the Act.

9. Pursuant to section 34-9-385(d) of the Act, "when a participant is determined to be an insolvent self-insurer, the board of trustees is empowered to and shall assume on behalf of the participant its outstanding workers' compensation obligations … and shall take all steps necessary to collect, recover, and enforce all outstanding securities,

indemnity, insurance or bonds furnished by such participant guaranteeing the payment … of outstanding obligations of the participant." *Id.* § 34-9-385(d).  In light of the Initial Debtors' chapter 11 filings, on June 1, 2009, the State Board accordingly ordered the Trust to claim the Debtors' Surety Bond, held by Travelers Casualty & Surety Company of America, in the amount of $16,355,000 for the purpose of meeting Trust's future obligations under the Act.  The State Board further ordered the Trust to obtain all workers' compensation claims filed against the Debtors or any of Debtors' third-party administrators because, as stated in the State Board's order, the Trust "is assuming the function of the self-insured employer."

        10.     The Debtors ceased all active operations in Georgia prior to their bankruptcy filings and have not since resumed, nor intend in the future to resume such operations.  Accordingly, all of their outstanding obligations under the Act relate to incidents and injuries occurring and existing prior to the time that the Trust controverted the proceeds of the Surety Bond to cover such prepetition obligations.  Since the commencement of the Debtors' chapter 11 cases, the Trust has been actively administering and defraying all of the Debtors' outstanding workers' compensation claims resulting from prepetition incidents and injuries, including without limitation, payment of weekly indemnity benefits, partial disability benefits, medical, hospital and surgical expenses, physical or vocational rehabilitation, death benefits, funeral expenses, and other obligations required by the State Board or Trust under the Act (collectively, the "**Covered Claims**").  Covered Claims are paid directly from the Trust.  Therefore, the Debtors are absolved of the obligation to compensate employees directly based on such Covered Claims.  To the extent that the proceeds or the Surety Bond exceed the Debtors' outstanding obligations under the Act, the Act provides that any proceeds remaining from the Surety Bond may be refunded by the Trust.  *Id.* § 34-9-385(d). In the event that the proceeds of

the Surety Bond are not sufficient to meet the Debtors' outstanding obligations under the Act, the Trust has filed a protective, unliquidated claim against the Debtors.

### The Relief Requested Should Be Approved by the Court

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co. v. Oneida Ltd.*, No. 09-CV-2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

13. The Workers' Compensation Claims, filed by or on behalf of the Debtors' individual employees, relate to Covered Claims that are currently being administered and defrayed by the Trust and which are required, pursuant to the Act, to continue to be administered and defrayed by the Trust until exhaustion of the individual claimants' eligibility for such compensation and benefits under the Act. The State Board has ordered the Trust to assume the Debtors' outstanding obligations under the Act. Therefore, the Workers' Compensation Claims seek recovery for amounts for which the Debtors are no longer liable. Specifically, because the Trust is drawing entirely on proceeds provided by the Debtors to cover any workers'

compensation liability in the event of the Debtors' insolvency, the Debtors should not be held liable for the Workers' Compensation Claims. Even in the remote and unexpected event that the proceeds of the Surety Bond are insufficient to meet the Debtors' outstanding obligations under the Act, the Trust will continue to honor claims. Moreover, there is no indication that the Trust is insolvent or unable to make all payments due to the covered former employees.

14. To avoid the possibility of improper and duplicative recovery against the Debtors' estates by both the holders of the Workers' Compensation Claims and the Trust, the Debtors request that the Court disallow and expunge in their entirety the Workers' Compensation Claims. Further, the Debtors reserve all their rights to object to any Workers' Compensation Claims as to which the Court does not grant the relief requested herein on any other basis.

## Notice

15. Notice of this Seventy-Eighth Omnibus Objection to Claims has been provided to (i) each claimant listed on Exhibit "A", (ii) Georgia Self-Insurers Guaranty Trust Fund, P.O. Box 7159, Atlanta, GA 30357-0159, (iii) and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       August 17, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

Seventy-Eighth Omnibus Objection                          **Exhibit A**                                        **Motors Liquidation Company, et al.**
                                                                                                               Case No. 09-50026 (REG), Jointly Administered

**CLAIMS TO BE DISALLOWED AND EXPUNGED**
**STATE OF WORKERS' COMPENSATION CLAIM: GEORGIA**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DELORES HENDRICKS<br>PO BOX 47272<br><br>ATLANTA, GA 30362<br>UNITED STATES OF AMERICA<br><br>State of Workers' Compensation Claim: Georgia | 43401 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$300,000.00 (U)<br>$300,000.00 (T) | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| DOSS, NEWTON<br>1716 STEPHENSON RD<br><br>LITHONIA, GA 30058<br><br>State of Workers' Compensation Claim: Georgia | 65366 | Motors Liquidation Company | Unliquidated | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| KATHLEEN A BUSH<br>C/O RAYMOND L CROWELL<br>182 B SOUTH MAIN ST<br>CLEVELAND, GA 30528<br><br>State of Workers' Compensation Claim: Georgia | 58981 | Motors Liquidation Company | Unliquidated | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| MARCIA R EUBANKS<br>115 APALACHEE DR<br><br>LEESBURG, GA 31763<br><br>State of Workers' Compensation Claim: Georgia | 8542 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$175.00 (U)<br>$175.00 (T) | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| MARCUS B VINSON<br>516 HILL ST<br><br>MONROE, GA 30656<br>UNITED STATES OF AMERICA<br><br>State of Workers' Compensation Claim: Georgia | 67885 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,000.00 (U)<br>$7,000.00 (T) | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| MARY WILLIAMS<br>201 PARK STONE WAY<br><br>MARIETTA, GA 30066<br><br>State of Workers' Compensation Claim: Georgia | 36235 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$350,000.00 (U)<br>$350,000.00 (T) | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| Seventy-Eighth Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
|---|---|---|---|---|---|
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

**CLAIMS TO BE DISALLOWED AND EXPUNGED**
**STATE OF WORKERS' COMPENSATION CLAIM: GEORGIA**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MICHAEL F COWAN<br>PO BOX 2461<br>NORCROSS, GA 30091<br><br>State of Workers' Compensation Claim: Georgia | 60267 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$500,000.00 (U)<br>$500,000.00 (T) | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| PYATT SR, JOE N<br>1598 S INDIAN CREEK DR<br>STONE MOUNTAIN, GA 30083<br><br>State of Workers' Compensation Claim: Georgia | 15503 | Motors Liquidation Company | | Liability assumed by Georgia Self-Insurers Guaranty Trust Fund | Pgs. 1-5 |
| | | | Unliquidated | | |
| **Claims to be Disallowed and Expunged Totals** | **8** | | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,157,175.00 (U)<br>$1,157,175.00 (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                                    Debtors.                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
**(Workers' Compensation Claims in Retained States – Georgia)**

Upon the seventy-eighth omnibus objection to claims, dated August 17, 2010 (the "**Seventy-Eighth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Workers' Compensation Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the Seventy-Eighth Omnibus Objection to Claims; and due and proper notice of the Seventy-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Seventy-Eighth Omnibus Objection to Claims.

US_ACTIVE:\43468180\03\72240.0639

relief sought in the Seventy-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventy-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the Seventy-Eighth Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge