**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :   09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                        Debtors.          :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**NOTICE OF DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS**
**(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)**

**PLEASE TAKE NOTICE** that on August 20, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their eightieth omnibus objection to expunge certain supplemental

executive retirement benefit claims of former executive employees (the "**Eightieth Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the Eightieth Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE EIGHTIETH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Eightieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **September 17, 2010 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Eightieth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Eightieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
    f/k/a General Motors Corp., et al.:
                                      :
                      Debtors.        :    (Jointly Administered)
                                      :
-------------------------------------------------------x
```

**DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS**
(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

    1.  The Debtors file this eightieth omnibus objection pursuant to section 502(b)

of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of

US_ACTIVE:\43474999\07\72240.0637

Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging certain executive retirement benefit claims listed on **Exhibit "A"** annexed hereto (the "**Eightieth Omnibus Objection to Claims**")[1] of former executive employees (the "**Former Executive Employees**").

2. The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the Former Executive Employees (the "**ERP Claims**") and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" are claims relating to benefits provided under the General Motors Corporation Executive Retirement Plan ("**ERP**"), which has been assumed, as modified, by General Motors, LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM. The ERP Claims allege the reduction, elimination, or nonpayment of supplemental executive pension benefits provided under the ERP.

3. As described further below, the ERP Claims have either been assumed by New GM pursuant to the Master Purchase Agreement (the "**Assumed ERP Claims**") or relate to an alleged right to benefits which were unvested (the "**Unvested ERP Claims**"). Therefore, in each case, such claims are not liabilities of MLC or the Debtors and should be disallowed and expunged.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

## Jurisdiction

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.     On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6.     On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[2]     The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]     The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

7. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

## The Master Purchase Agreement

8. On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of certain assets in accordance with the Master Purchase Agreement. Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified in a disclosure schedule, and the ERP is set forth on that schedule. The Master Purchase Agreement provides, at Section 6.17(e):

> As of the Closing Date, <u>Purchaser or one of its Affiliates shall assume (i) the Parent Employee Benefit Plans and Policies set forth on Section 6.17(e) of the Sellers' Disclosure Schedule</u> as modified thereon, and all assets, trusts, insurance policies and other Contracts relating thereto, except for any that do not comply in all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all employee benefit plans, programs, policies, agreements or arrangements (whether written or oral) in which Employees who are covered by the UAW Collective Bargaining Agreement participate and all assets, trusts, insurance and other Contracts relating thereto (the "**Assumed Plans**"), for the benefit of the Transferred Employees and Sellers and Purchaser shall cooperate with each other to take all actions and execute and deliver all documents and furnish all notices necessary to establish Purchaser or one of its Affiliates as the sponsor of such Assumed Plans including all assets, trusts, insurance policies and other Contracts relating thereto. Other than with respect to any Employee who was or is covered by the UAW Collective Bargaining Agreement, Purchaser shall have no Liability with respect to any modifications or changes to Benefit Plans contemplated by Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent prior to the Closing Date, and Purchaser shall not assume any Liability with respect to any such decisions or actions related thereto, and <u>Purchaser shall only assume the Liabilities for benefits provided pursuant to the written terms and conditions of the Assumed Plan as of the Closing Date</u>. Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective

> Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

(Emphasis added). As a result, New GM assumed the ERP Claims to the extent required to be provided under the ERISA in effect on the Closing Date, including ERP Claims relating to nonpayment of supplemental executive pension benefits under the terms of the ERP (as they existed at that time) assumed by New GM. Therefore, the Debtors do not have any liability for such portion of the ERP Claims (i.e., the Assumed ERP Claims).

### The Debtors Reserved the Right to Amend or Terminate ERP Benefits

9. New GM did not assume any liability for modifications of benefits (i.e., any reduction or elimination of supplement executive pension benefits) by the Debtors prior to the Closing Date. However, the ERP is an unfunded plan providing supplemental pension benefits in excess of the amounts permitted under a tax-qualified pension plan,[4] and accordingly, the ERP is exempt from vesting, fiduciary, and many other substantive requirements of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") (29 U.S.C. §§ 1003, 1051, 1081, 1101). Participants in the ERP are not entitled to statutory vesting (i.e., a nonforfeitable right) of their accrued benefits under the ERP, and such unvested benefits may be subject to forfeiture in accordance with the contractual terms of the ERP.

10. Prior to the Commencement Date, MLC modified certain of the ERP Benefits. Under the terms of the ERP documents, MLC properly reserved the right to amend or terminate the ERP and the benefits thereunder, in its sole discretion. Article I, Section II of the

---

[4] Article I, Section I of the ERP document provides: "It is intended that this Plan, in relevant part, qualify as an 'excess benefit plan' under Section 3(36) of ERISA and, in relevant part, as a plan 'providing deferred compensation for a select group of management or highly compensated employees' under Section 201(2) of ERISA, commonly called a 'top hat' plan."

ERP document specifically provides that "*benefits under this Plan are not guaranteed.*"  The ERP document further provides in Article I, Section I:

> It is intended that this Plan, in relevant part, qualify as an "excess benefit plan" under Section 3(36) of ERISA and, in relevant part, as a plan "providing deferred compensation for a select group of management or highly compensated employees" under Section 201(2) of ERISA, commonly called a "top hat" plan.

Plan document, Article I, Section I.

11.  Article IV, Section I of the ERP document provides that "*the Corporation reserves the right, by and through the Executive Compensation Committee of the Board of Directors or its delegate, to amend, modify, suspend, or terminate this Plan in whole or in part, at any time.*"

12.  Claimants have not provided any documentation or extrinsic evidence of any agreements superseding the terms of the ERP document with respect to MLC's reservation of rights to reduce or eliminate benefits or otherwise amend or terminate the ERP.  To the contrary, the claim of Dennis W. Murray (Proof of Claim No. 30996), for example, provides a copy of the retirement offer agreement that he entered into with MLC, providing that MLC could amend or terminate any retirement benefits that he received pursuant to his retirement offer.  In Mr. Murray's "Retirement Incentive Program Agreement," dated February 14, 2000, Mr. Murray agreed to the following terms:  "*I further agree that GM reserves the right to amend, to modify, to suspend or to terminate each of its benefit programs or to increase or decrease certain benefits, including but not limited to, the Supplemental Executive Retirement Program (SERP).  Neither this Agreement nor the provisions of [The Retirement Incentive Program] limit or in any way modify this right.*"[5]  This

---

[5]  Prior to the pre-filing amendment of the ERP, the ERP was formerly called the Supplemental Executive Retirement Program (SERP).

language is typical of the standard language included in other ERP-related agreements and summary plan descriptions.

13. Accordingly, MLC and the Debtors have no obligation with respect to the Assumed ERP Claims and the Unvested ERP Claims. Such claims have either been assumed by New GM pursuant to the Master Purchase Agreement or relate to an expectation for benefits that were not vested and for which MLC and the Debtors have no obligation. The ERP Claims in their entirety should therefore be disallowed and expunged.

### The Relief Requested Should Be Approved by the Court

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). As described herein, the Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the ERP Claims are not the responsibility of MLC or the Debtors, having been assumed by New GM as described above, and are otherwise capable of termination. To avoid the possibility of recoveries by a creditor where no recovery is due, the Debtors request that the Court disallow and expunge in their entirety the ERP Claims.

**Notice**

16. Notice of this Eightieth Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**Eightieth Omnibus Objection** **Exhibit A** <u>**Motors Liquidation Company, et al.**</u>
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JOSEPH R PIAZZON<br>55 W SIDE DR<br><br>REHOBOTH BEACH, DE 19971 | 7157 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$40,963.41 (P)<br>$0.00 (U)<br>$40,963.41 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOYCE HARTOM<br>220 BOURBON CT.<br><br>ROCHESTER HILLS, MI 48307<br>UNITED STATES OF AMERICA | 50941 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$14,289.00 (P)<br>$0.00 (U)<br>$14,289.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MICHAEL LEKSE<br>6875 PALMYRA LN<br><br>CLARKSTON, MI 48348 | 33352 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$12,369.66 (P)<br>$0.00 (U)<br>$12,369.66 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MURRAY, DENNIS W<br>THERESA M MURRAY - SPOUSE<br>1374 DUTTON RD<br>ROCHESTER HILLS, MI 48306 | 30996 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$116,629.93 (P)<br>$0.00 (U)<br>$116,629.93 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PATTYN GARY A<br>200 W STERNE PKWAY #721<br><br>LITTLETON, CO 80122 | 45595 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$635,985.00 (P)<br>$0.00 (U)<br>$635,985.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **5** | | **$0.00** (S)<br>**$0.00** (A)<br>**$820,237.00** (P)<br>**$0.00** (U)<br>**$820,237.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                              Debtors.                      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS**
**(Supplemental Executive Retirement Benefits Claims of Former Executive Employees)**

Upon the eightieth omnibus objection to expunge certain executive retirement benefit claims of former executive employees, dated August 20, 2010 (the "**Eightieth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the ERP Claims on the grounds that each ERP Claim is for an obligation for which the Debtors have no liability, all as more fully described in the Eightieth Omnibus Objection to Claims; and due and proper notice of the Eightieth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Eightieth Omnibus

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eightieth Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eightieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eightieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Eightieth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Eightieth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Eightieth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Eightieth Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge