HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :   09-50026 (REG)
     f/k/a General Motors Corp., et al.     :
                                            :
                      Debtors.              :   (Jointly Administered)
                                            :
-------------------------------------------------------------x
```

**NOTICE OF DEBTORS' EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(Qualified Defined Benefit Pension Benefits Claims of Former Salaried and Hourly Employees)**

**PLEASE TAKE NOTICE** that on August 20, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their eighty-first omnibus objection to expunge certain Qualified Defined

Benefit Pension Benefits claims of former salaried and hourly employees (the "**Eighty-First**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the Eighty-

First Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United

States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern

US_ACTIVE:\43475119\06\72240.0639

District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Eighty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael

J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **September 17, 2010 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Eighty-First Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Eighty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                         :       **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :       **09-50026 (REG)**
  f/k/a **General Motors Corp.**, *et al.*  :
:
                    Debtors.                      :       **(Jointly Administered)**
:
------------------------------------------------------------x

### DEBTORS' EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS
**(Qualified Defined Benefit Pension Benefits Claims of Former Salaried and Hourly Employees)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.  The Debtors file this eighty-first omnibus objection pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging certain Qualified Defined Benefit Pension Benefits claims listed on **Exhibit "A"** annexed hereto (the "**Eighty-First Omnibus Objection to Claims**")[1] of former salaried and hourly employees (the "**Salaried and Hourly Employees**").

2.  The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the Salaried and Hourly Employees and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (the "**Qualified Defined Benefits Pension Benefits Claims**") are claims related to liabilities of the specific defined benefits pension plan under which such benefits are provided. Such plans are legally separate from the Debtors, and therefore the Qualified Defined Benefits Pension Benefits Claims do not constitute liabilities of the Debtors, and should therefore be disallowed and expunged as against the Debtors.  **By this Objection, the Debtors do not seek to affect the rights of the claimants to continue receiving pension benefits from their respective defined benefit plans.**

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5. On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

6. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

### The Plan Sponsors Are Not Responsible For Payments Under A Plan To Beneficiaries

7. The Qualified Defined Pension Benefits Claims state claims for an anticipated reduction or elimination of accrued pension benefits under either the General Motors Retirement Program for Salaried Employees in the United States (the "**Salaried Plan**") or the General Motors Hourly-Rate Pension Plan (the "**Hourly Plan**", and together with the Salaried Plan, the "**Plans**") that have not yet occurred, which should alone disqualify the claims. The Qualified Defined Pension Benefits Claims also in some cases allege the nonpayment of pension benefits prior to the Commencement Date, however the Debtors are not aware of any cessation in the payment of benefits under the Plans.

8. The Salaried Plan and the Hourly Plan are subject to statutory funding requirements and thereby possess their own assets, and are legally separate from their plan sponsors.[4] Under ordinary principles of contract law, payments to be made under the Plans to the Salaried and Hourly Employees as beneficiaries of the Plans are the responsibility of the Plans, and not of the plan sponsors.

---

[4] Section 502(d)(2) of ERISA (as defined below) provides, for example, that: "Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this title."

### The Plans Have Been Assumed By New GM

9.  General Motors, LLC ("**New GM**") assumed sponsorship, in place of the Debtors, of both the Salaried Plan and the Hourly Plan pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc. and New GM, and the Plans are therefore no longer the responsibility of Debtors.

### In the Unlikely Event of a Plan Termination the Liability Would Be to the PBGC

10.  The Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") comprehensively regulates the design, administration, funding, and termination of employer-provided pension benefits programs. The Plans are both tax-qualified, single-employer defined benefit pension plans subject to the plan termination insurance provisions of Title IV of ERISA.

11.  Any claim for accrued benefits or nonpayment of benefits under any pension plan previously sponsored by the Debtors and subject to the plan termination insurance program set forth in Title IV of ERISA is solely against such plan (as assumed by New GM) or, if such plan is in the future ever terminated under such termination insurance program, against the PBGC, subject to any limitations under ERISA. As provided in Section 4062 of ERISA, a participant in any such plan does not have any claim for unpaid benefits against the plan sponsor, including the Debtors, by reason of their past sponsorship of the Plans.

12.  Accordingly, the Salaried and Hourly Employees do not have at any time any direct claim against the Debtors as asserted in the Qualified Defined Benefit Pension

Benefits Claims. Moreover, the Debtors have no further obligation with respect to the Salaried Plan or the Hourly Plan, by reason of New GM's assumption of such Plans as described above.

### The Relief Requested Should Be Approved by the Court

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that they bear no liability for the Qualified Defined Benefits Pension Benefits Claims, as described herein. To avoid the possibility of recoveries by the creditors where no recovery is due, the Debtors request that the Court disallow and expunge in their entirety the Qualified Defined Benefits Pension Benefits Claims.

### Notice

15. Notice of this Eighty-First Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

Eighty-First Omnibus Objection     **Exhibit A**     **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BEYER, THOMAS E<br>1995 N BEYER RD<br>SAGINAW, MI 48601 | 21444 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$101,293.27 (P)<br>$0.00 (U)<br>$101,293.27 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GONZALES, ELIDA<br>3808 STRANG AVE<br>ROSEMEAD, CA 91770 | 15859 | Motors Liquidation Company | $220,321.83 (S)<br>$0.00 (A)<br>$220,321.83 (P)<br>$0.00 (U)<br>$440,643.66 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MONE, ROBIN C<br>610 FALLING OAKS DR<br>MEDINA, OH 44256 | 29822 | Motors Liquidation Company | $1,217,592.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$1,217,592.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PAUL HANSEN<br>8980 ASHWOOD COURT<br>OLMSTED FALLS, OH 44138 | 23870 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$1,054,646.50 (P)<br>$0.00 (U)<br>$1,054,646.50 (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBIN MONE<br>610 FALLING OAKS DR<br>MEDINA, OH 44256 | 23139 | Motors Liquidation Company | $1,217,592.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$1,217,592.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SAYBOLT, DEBORAH D<br>1025 COUNTRY CLUB RD<br>BLOOMFIELD HILLS, MI 48304 | 26802 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$203,872.00 (P)<br>$0.00 (U)<br>$203,872.00 (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

| Eighty-First Omnibus Objection | | **Exhibit A** | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SMITH LESLIE<br>3477 TROPHY DR<br>LA MESA, CA 91941 | 68091 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$188,580.00 (P)<br>$0.00 (U)<br>$188,580.00 (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| STEENS, VADIE L WRIGHT, VADIE L<br>135 COUNTY ROAD 247<br>BRUCE, MS 38915 | 38685 | Motors Liquidation Company | $112,292.00 (S)<br>$0.00 (A)<br>$112,292.00 (P)<br>$0.00 (U)<br>$224,584.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **8** | | **$2,767,797.83** (S)<br>**$0.00** (A)<br>**$1,881,005.60** (P)<br>**$0.00** (U)<br>**$4,648,803.43** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                                Debtors.                    :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS
**(Qualified Defined Benefit Pension Benefits Claims of Former Salaried and Hourly Employees)**

Upon the eighty-first omnibus objection to expunge certain Qualified Defined Benefit Pension Benefits Claims of former salaried and hourly employees, dated August 20, 2010 (the "**Eighty-First Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Qualified Defined Benefits Pension Benefits Claims on the grounds that each Qualified Defined Benefits Pension Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the Eighty-First Omnibus Objection to Claims; and due and proper notice of the Eighty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-First Omnibus Objection to Claims.

notice need be provided; and the Court having found and determined that the relief sought in the Eighty-First Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Eighty-First Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Eighty-First Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Eighty-First Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Eighty-First Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge