> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :      Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :      09-50026 (REG)
       f/k/a General Motors Corp., et al.  :
                                    :
                      Debtors.      :      (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

## NOTICE OF DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

**PLEASE TAKE NOTICE** that on August 20, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their eighty-third omnibus objection to expunge certain compensation and

welfare benefits claims of retired and former salaried and executive employees (the "**Eighty-**

**Third Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the

Eighty-Third Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber,

United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on

**September 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be

heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE
EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN
EXHIBIT "A" ANNEXED THERETO.**

    **PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

Eighty-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue,

New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph

H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center,

Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **September 17,**

**2010 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Eighty-Third Omnibus Objection to Claims or any claim set forth

thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an

order substantially in the form of the proposed order annexed to the Eighty-Third Omnibus

Objection to Claims, which order may be entered with no further notice or opportunity to be

heard offered to any party.

Dated: New York, New York
      August 20, 2010

          /s/ Joseph H. Smolinsky
          Harvey R. Miller
          Stephen Karotkin
          Joseph H. Smolinsky

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
**In re**                                    :          **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :          **09-50026 (REG)**
     **f/k/a General Motors Corp.**, *et al.*    :
                                            :
         **Debtors.**                  :          **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

## DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE
EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      The Debtors file this eighty-third omnibus objection (the "**Eighty-Third Omnibus Objection to Claims**")[1] pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging certain welfare benefits claims listed on **Exhibit "A"** annexed hereto, filed by retired and former salaried and executive employees (the "**Salaried and Executive Employees**").

2.      The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the Salaried and Executive Employees (the "**Salaried and Executive Employee Welfare Benefits Claims**") and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" assert claims that either (i) relate to liabilities that have been assumed by General Motors, LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, or (ii) relate to alleged rights to benefits which were in reality unvested, and as described herein, are otherwise not the responsibility of the Debtors.  The Salaried and Executive Employee Welfare Benefits Claims include claims for medical, dental, vision, life insurance, short term disability, long term

---

[1]      Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

disability, tuition assistance, and extended care coverage, or a combination thereof, offered under

the following plans sponsored by Debtors prior to the Commencement Date (as defined below):

the General Motors Salaried Health Care Program, the General Motors Life and Disability

Benefits Program for Salaried Employees, and the Tuition Assistance Program for Salaried

Employees in the United States (the "**Salaried Benefit Plans**").  Retired and former executive

employees have also made claims with respect to supplemental life insurance and personal

liability insurance under the following plans sponsored by Debtors prior to the Commencement

Date:  the General Motors Supplemental Life Benefits Program for Executive Employees, and the

Personal Umbrella Liability Insurance Program (together with the Salaried Benefit Plans, the

"**Benefit Plans,**" and the benefits provided under the Benefit Plans, the "**Welfare Benefits**").  As

described further below, the Salaried and Executive Employee Welfare Benefits Claims have been

assumed by New GM pursuant to the Master Purchase Agreement, and therefore are not liabilities

of MLC or the other Debtors, and should be disallowed and expunged.

### Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.       On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore**

---

[2]       The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a
Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc.
(f/k/a Chevrolet-Saturn of Harlem, Inc.).

**Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code,

which cases are jointly administered with those of the Initial Debtors under Case Number 09-

50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and

liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and

statements of financial affairs.

5.    On September 16, 2009, this Court entered an order [Docket No. 4079]

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person

or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units,

as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16,

2010 as the deadline to file proofs of claim).

6.    Furthermore, on October 6, 2009, this Court entered the Procedures Order,

which authorizes the Initial Debtors, among other things, to file omnibus objections to no more

than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule

3007(d) and those additional grounds set forth in the Procedures Order.  The claimants that are

listed in Exhibit "A" have all filed claims against the Initial Debtors.

### The Salaried and Executive Employee Welfare Benefits Claims

7.    The Salaried and Executive Employee Welfare Benefits Claims assert

claims arising out of either the reduction or elimination of Welfare Benefits prior to the

Commencement Date (the "**Benefit Modification Claims**"), or the failure to provide certain

---

[3]    The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

accrued Welfare Benefits required to be provided pursuant to the terms of the applicable Benefit

Plan as in effect at the time of the alleged failure (the "**Accrued Benefits Claims**"), or a

combination thereof.  In many cases, the amounts stated with respect to the Benefit Modification

Claims are based on a permanent reduction or elimination of certain Welfare Benefits following

the time that the applicable Benefits Plan had been assumed by New GM.

**Accrued Benefits Claims**
**Have Been Assumed By New GM**

8.      On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of

substantially all of the Debtors' assets in accordance with the Master Purchase Agreement.

Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent*

*Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified

in a disclosure schedule, i.e., the "Assumed Plans," and the Benefit Plans were included on that

schedule.  The Master Purchase Agreement provides, at Section 6.17(e):

> As of  the Closing Date, Purchaser or one of its Affiliates shall assume (i) the
> Parent Employee  Benefit Plans and Policies set forth on Section 6.17(e) of the
> Sellers' Disclosure Schedule as modified thereon, and all assets, trusts, insurance
> policies and other Contracts relating  thereto, except for any that do not comply in
> all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all
> employee benefit plans, programs, policies,  agreements or arrangements (whether
> written or oral) in which Employees who are  covered by the UAW Collective
> Bargaining Agreement participate and all assets, trusts, insurance and other
> Contracts relating thereto (the "**Assumed Plans**"), for the benefit of  the
> Transferred Employees and Sellers and Purchaser shall cooperate with each other
> to take all actions and execute and deliver all documents and furnish all notices
> necessary to  establish Purchaser or one of its Affiliates as the sponsor of such
> Assumed Plans  including all assets, trusts, insurance policies and other Contracts
> relating thereto. Other than with respect to any Employee who was or is covered by
> the UAW Collective  Bargaining Agreement, Purchaser shall have no Liability
> with respect to any  modifications or changes to Benefit Plans contemplated by
> Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent
> prior to the Closing Date, and Purchaser  shall not assume any Liability with
> respect to any such decisions or actions related  thereto, and Purchaser shall only
> assume the Liabilities for benefits provided pursuant to the written terms and
> conditions of the Assumed Plan as of the Closing Date.  Notwithstanding the
> foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all

necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

(Emphasis added).  As a result, New GM assumed the Accrued Benefits Claims to the extent required to be provided under the terms of the applicable Benefit Plan as of the Closing Date, including responsibility for all claims incurred prior to the Closing Date and properly payable pursuant to the terms of the applicable Benefit Plan in effect when such claims were incurred. Therefore, the Debtors do not have any liability with respect to the Accrued Benefits Claims.

### Benefit Modification Claims Should Be Disallowed
### As Debtors Had Right to Amend Or Terminate Each Benefit Plan

9.    New GM did not assume any liability for Welfare Benefits to be provided on an unmodified basis following any point in time prior to the Closing Date when the benefits were modified (i.e., any reduction or elimination of benefits under the Benefit Plans), which form the basis for the Benefit Modification Claims.  MLC's right to amend or terminate each Benefit Plan was specifically reserved in the applicable plan document such that benefits under each Benefit Plan were not vested and could be reduced or eliminated without continuing liability.

10.    The Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans.  Most importantly, ERISA does not require any vesting of welfare benefits, and therefore such benefits may be forfeited in accordance with the terms of the welfare benefit plan.  Welfare benefit plans of the type at issue in the Salaried and Executive Employee Welfare Benefits Claims are specifically excluded from the vesting requirements of ERISA.  29 U.S.C. § 1051(1); *see Moore v.*

*Metro. Life Ins. Co.*, 856 F.2d at 491; *Sprague v. General Motors Corp.*, 133 F.3d at 400.[4]  As to

the consideration of vested benefits, the Sixth Circuit, in *Sprague*, stated:

> To vest benefits is to render them forever unalterable.  Because vesting of welfare plan
> benefits is not required by law, an employer's commitment to vest such benefits is not to be
> inferred lightly; the intent to vest "must be found in the plan documents and must be stated
> in clear and express language.

133 F.3d at 400 (citing *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 937 (5th Cir.), *cert.*

*denied*, 510 U.S. 870 (1993)).

      11.     In dealing with claims similar to the Salaried and Executive Employee

Welfare Benefits Claims, the Sixth Circuit has noted that welfare plans such as the Benefit Plans

are specifically exempted from vesting requirements to which pension plans are subject under

ERISA, and accordingly, employers such as MLC, "ar*e generally free under ERISA, for any*

*reason at any time, to adopt, modify or terminate welfare plans.*"  *Curtiss-Wright Corp. v.*

*Schoonejongen*, 514 U.S. 73, 78, 115 S.Ct. 1223, 1228, 131 L.Ed.2d 94 (1995) (citing *Adams v.*

*Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir.), cert. denied, 498 U.S. 984, 111 S.Ct. 517, 112

L.Ed.2d 529 (1990)).  The Sixth Circuit recognized that once benefits are vested, it renders them

forever unalterable.  Therefore, it is stated:

---

[4]     As the Second Circuit noted in *Moore*, Congress explicitly rejected the concept of automatic vesting for
medical benefits for good policy reasons:

> With regard to an employer's right to change medical plans, Congress evidenced its recognition of the need
> for flexibility in rejecting the automatic vesting of welfare plans.  Automatic vesting was rejected because the
> costs of such plans are subject to fluctuating and unpredictable variables.  Actuarial decisions concerning fixed
> annuities are based on fairly stable data, and vesting is appropriate.  In contrast, medical insurance must take
> account of inflation, changes in medical practice and technology, and increases in the costs of treatment
> independent of inflation.  These unstable variables prevent accurate predictions of future needs and costs.
> While these plaintiffs would be helped by a decision in their favor, such a ruling would not only fly in the face
> of ERISA's plain language but would also decrease protection for future employees and retirees.  856 F.2d at
> 492.

Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language.

*Sprague*, 133 F.3d at 400.  Thus, the Salaried and Executive Employees bear the burden of showing that MLC intended to vest benefits provided by the Benefits Plans, and the Salaried and Executive Employee Welfare Benefits Claims do not discharge this burden, as none of the Salaried and Executive Employee Welfare Benefits Claims provide any support to the contention that the Salaried and Executive Employees enjoy vested rights to benefits.

12.     ERISA does not require that welfare benefits be vested, and no contractual right to vesting has been created under the terms of any Benefit Plan or any operative documents related thereto.  The Debtors properly reserved their right to amend or terminate Welfare Benefits under the terms of the Benefit Plan documents and related plan documents (including summary plan descriptions), and therefore the Benefit Plan documents do not create any contractual rights to the Welfare Benefits.  In addition, the Debtors reserved their right to amend or terminate the Welfare Benefits under various communications to employees, such as in retirement and termination offer agreements.  Further, the Salaried and Executive Employee Welfare Benefits Claims provide no support showing contractual rights contradicting the Debtors' common practice of advising welfare plan participants of the Debtors' right to amend or terminate the Welfare Benefits at any time.

13.     By way of example, the first section of the plan document summary of the Health Care Program, dated January 1, 2001, states:

The Corporation reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time, by action of its Board of Directors or other committee expressly authorized by the Board to take such action.  No enrollee described in this Program may be deemed to have any vested right to continued coverage under any or all of the provisions of the Program.

The Summary Plan Description of the Health Care Program, as set forth in the benefits handbook

for salaried retirees states:

> General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet. The Plans and Programs can be amended only in writing by an appropriate committee or individual as expressly authorized by the Board of Directors. No other oral or written statements can change the terms of a benefit Plan or Program.

The plan document for the General Motors Supplemental Life Benefits Program for Executive

Employees, effective January 1, 2006, states at section 3.4(a):

> The Company, as the Program Administrator, shall be responsible for the administration of the Program. The Company reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time by action of its Board of Directors or other individual or committee expressly authorized by the Board to take such action. The benefits available to Employees are determined solely by the terms of the Program. Absent an express delegation of authority from the Board of Directors, no one has the authority to commit the Company to any benefit or benefit provisions not provided for under the terms of the Program.

The summary plan description of the Personal Liability Insurance Program, dated February 2008,

reads:

> The insurance described briefly herein is subject to the detailed terms and conditions of General Motors Personal Umbrella Liability Insurance (PULl) Program as now constituted or hereafter modified or supplemented and the contracts issued pursuant thereto, which shall govern with respect to all matters referred to in this brochure. General Motors reserves the right to modify, revoke, suspend, terminate, or change the Program, in whole or in part, at any time, except as may be limited by the provisions of the contract, or its supplements, and by the provisions of any applicable federal or state laws.

   14.  On the basis of such language, the United States Court of Appeals for the

Sixth Circuit in the *Sprague* case reviewed the plan documents and summary plan descriptions of

certain of the Salaried Benefit Plans and found that the Salaried Benefit Plans explicitly permit

GM to unilaterally amend or terminate the Welfare Benefits provided under such plans.  133 F.3d

at 400.[5]

15.    In fact, several of the Salaried and Executive Employee Welfare Benefits

Claims include supporting agreements that clearly reserve the Debtors' rights to amend or

terminate the Benefit Plans offered under such retirement offer agreements.  Indeed, under the

terms of retirement offer letters to employees, the language is as follows:

> This summary presents general information only.  Any reference to the payment of benefits
> is conditioned upon your eligibility to receive them.  Each of these programs has its own
> terms and conditions which in all respects control the benefits provided.  General Motors
> Corporation reserves the right to amend, change or terminate programs described herein.[6]

16.    As described above, the Debtors have expressly reserved the contractual

right to terminate or otherwise modify the Welfare Benefits.  Section 1114 of the Bankruptcy

Code requires a debtor to continue to pay "retiree benefits" under certain circumstances after a

bankruptcy filing.  Courts outside this circuit have determined that section 1114 of the Bankruptcy

Code does not apply to benefit plans under which the plan sponsor reserves a right to amend or

terminate such plans or benefits thereunder.  *See In re Doskicil Cos.*, 130 B.R 870 (Bankr. D. Kan.

1991).  While case law exists holding to the contrary outside of the Second Circuit,[7] recently, in

the chapter 11 case of *In re Delphi Corp.*, Ch. 11 Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.

Mar. 10, 2009), Bankruptcy Judge Drain reviewed and agreed with the rationale of *Doskicil*.

---

[5]    The Sixth Circuit found: "*Most of the summary plan descriptions unambiguously reserved GM's right to
amend or terminate the plan.  For example: 'General Motors Corporation reserves the right to amend, change or
terminate the Plans and Programs described in this booklet.'  Your GM Benefits (1984) [and] 'The Corporation
reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time, by action of
its Board of Directors.'  Your Benefits in Retirement (1985).*" Id. at 401.

[6]    Provided by William C. Campbell (Claim Number 60992), Summary Plan Description entitled,
"Supplemental Life Benefits Program Coverage (Effective January 1, 1989 for Certain Executives Who, on January 1,
1984, Were Under Age 55 and Not Retired)," dated December 1988.

[7]    *See IUE-CWA v. Visteon Corp. (In re Visteon Corp.)*, No. 10-1944 (3d Cir. July 13, 2010), where Section
1114 was found to apply even when the sponsor has reserved the right to amend or terminate the plan.

Judge Drain found that "*if, in fact, the debtors have the unilateral right to modify a health or welfare plan, that modifiable plan is the plan that is to be maintained . . . with the debtors' pre-bankruptcy rights not being abrogated by the requirements of Section 1114*".[8]  Consequently, *Doskicil* is persuasive and should be followed, and section 1114 of the Bankruptcy Code should not be construed to provide the Salaried and Executive Employees with more rights than they would have in a non-bankruptcy context.

17.      Because (1) ERISA recognizes that employers are free to amend or terminate welfare benefits, (2) no contrary contractual rights to vested welfare benefits has been established by the Salaried and Executive Employees;[9] and (3) Section 1114 does not apply to the Salaried and Executive Employee Welfare Benefits Claims in this context, Debtors have no liability for the Benefit Modification Claims.

### The Debtors Have No Liability for the
### Salaried and Executive Employee Welfare Benefits Claims

18.      Because (1) New GM assumed the Benefit Plans, and/or (2) the Debtors had a right to amend or terminate the Welfare Benefits, the Debtors have no liability for the Salaried and Executive Employee Welfare Benefits Claims.

### The Relief Requested Should Be Approved by the Court

19.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

---

[8]      (Hr'g Tr. at 15, Mar. 10, 2009).  Although Judge Drain agreed with the rationale of *Doskicil* and its related progeny, for reasons not pertinent to the cases at bar, he approved the appointment of a retirees committee for the limited purpose of determining whether there were any retirees holding vested benefits and restricted the costs of the retirees committee to $200,000.

[9]      Indeed, the Debtors note the rationale for the amount of the Salaried and Executive Employee Welfare Benefits Claims is either not supported in the applicable proof of claim, or based on an estimate of the lifetime loss due to the reduction or elimination of benefits or the value of the benefit that is alleged not to have been paid.

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

20.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  As described herein, the Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the Salaried and Executive Employee Welfare Benefits Claims are not the responsibility of MLC or the Debtors, having been assumed by New GM as described above, or amended or terminated as permitted.  To avoid the possibility of multiple recoveries by the same creditor, or recoveries by a creditor where no recovery is due, the Debtors request that the Court disallow and expunge in their entirety the Salaried and Executive Employee Welfare Benefits Claims.

**Notice**

21.     Notice of this Eighty-Third Omnibus Objection to Claims has been

provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the

Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007

Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

22.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief

requested herein and such other and further relief as is just.

Dated:  New York, New York
        August 20, 2010

                            /s/ Joseph H. Smolinsky
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

## **EXHIBIT A**

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALFRED MCMULLEN<br>4307 CLIFFWOOD CIRCLE<br><br>AUSTIN, TX 78759<br>UNITED STATES OF AMERICA | 30614 | Motors Liquidation Company | $0.00<br>$0.00<br>$142,496.00<br>$0.00<br>$142,496.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ARMSTRONG, JAMES A<br>1976 N SALISBURY DR<br><br>GLADWIN, MI 48624 | 4234 | Motors Liquidation Company | $0.00<br>$0.00<br>$18,860.00<br>$0.00<br>$18,860.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ATHER A QUADER<br>1808 WASHINGTON RD<br><br>ROCHESTER HILLS, MI 48306 | 65134 | Motors Liquidation Company | $0.00<br>$0.00<br>$236,036.00<br>$0.00<br>$236,036.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BELLAIRE, LINDA K<br>1210 LAKE SHORE BLVD<br><br>LAKE ORION, MI 48362 | 62922 | Motors Liquidation Company | $0.00<br>$0.00<br>$241,020.00<br>$502,053.00<br>$743,073.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BIESER, GERALD B<br>2989 WALMSLEY CIR<br><br>LAKE ORION, MI 48360 | 21820 | Motors Liquidation Company | $0.00<br>$0.00<br>$123,966.57<br>$0.00<br>$123,966.57 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BOUGHTON, LYLE D<br>1138 COTTONWOOD CT<br><br>CARMEL, IN 46033 | 62187 | Motors Liquidation Company | $0.00<br>$0.00<br>$115,135.00<br>$0.00<br>$115,135.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Eighty-Third Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BURISEK, RONALD J<br>7041 TERRACE DR<br>DOWNERS GROVE, IL 60516 | 21540 | Motors Liquidation Company | $458,791.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$458,791.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CHARLES VALENTINE<br>5188 HIGHPOINT DR<br>SWARTZ CREEK, MI 48473 | 38678 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$273,820.00  (P)<br>$0.00  (U)<br>$273,820.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CONSTANT, CARL L<br>2251 OLD FALLS DR<br>ANN ARBOR, MI 48103 | 20061 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$161,516.00  (P)<br>$0.00  (U)<br>$161,516.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DONIELLE F HARDEN<br>9416 S UNION RD<br>MIAMISBURG, OH 45342 | 18884 | Motors Liquidation Company | $120,500.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$120,500.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DZIEWIT DUANE<br>191 S CASS LAKE RD<br>WATERFORD, MI 48328 | 63433 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$198,291.00  (P)<br>$0.00  (U)<br>$198,291.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DZIEWIT, DUANE R<br>191 S CASS LAKE RD<br>WATERFORD, MI 48328 | 63434 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$65,966.80  (P)<br>$0.00  (U)<br>$65,966.80  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| EDWARD MOHR<br>1581 ONEIDA TRL<br><br>LAKE ORION, MI 48362 | 46124 | Motors Liquidation Company | $0.00<br>$0.00<br>$150,833.00<br>$0.00<br>$150,833.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FREEMAN, LARRY S<br>91 N HIGH SCHOOL RD<br><br>INDIANAPOLIS, IN 46214 | 45805 | Motors Liquidation Company | $110,562.04<br>$0.00<br>$0.00<br>$0.00<br>$110,562.04 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FURREY, GERALD L<br>5670 STONE LAKE DR<br><br>DAYTON, OH 45429 | 36637 | Motors Liquidation Company | $0.00<br>$0.00<br>$317,830.00<br>$0.00<br>$317,830.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GARY HENDERSHOT<br>10217 PLAYERS VIEW<br><br>GAYLORD, MI 49735<br>UNITED STATES OF AMERICA | 64525 | Motors Liquidation Company | $0.00<br>$0.00<br>$102,632.00<br>$102,632.00<br>$205,264.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GREGORY SKRENTNER<br>6501 TRIPP RD<br><br>HOLLY, MI 48442 | 31497 | Motors Liquidation Company | $0.00<br>$0.00<br>$213,278.00<br>$0.00<br>$213,278.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GROSE, BOB G<br>1411 BLUE JAY CT<br><br>PUNTA GORDA, FL 33950 | 12007 | Motors Liquidation Company | $0.00<br>$0.00<br>$178,856.00<br>$0.00<br>$178,856.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| HAROLD ROSS<br>4303 CHAPMAN CT<br><br>SHELBY TWP, MI 48316 | 64243 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$299,500.00  (P)<br><br>$0.00  (U)<br><br>$299,500.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HARTOM, JOYCE A<br>220 BOURBON CT<br><br>ROCHESTER HILLS, MI 48307 | 50942 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$43,603.00  (P)<br><br>$0.00  (U)<br><br>$43,603.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HERBERT P LEITZ<br>3051 E STELLA LN<br><br>PHOENIX, AZ 85016 | 25344 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$306,000.00  (P)<br><br>$0.00  (U)<br><br>$306,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HICKMAN, ROBERT R<br>PO BOX 3894<br><br>THOUSAND OAKS, CA 91359 | 51346 | Motors Liquidation Company | $262,716.00  (S)<br><br>$0.00  (A)<br><br>$262,716.00  (P)<br><br>$0.00  (U)<br><br>$525,432.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HOGUE, HARRY H<br>36634 SAXONY RD<br><br>FARMINGTON, MI 48335 | 62979 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$119,097.44  (P)<br><br>$0.00  (U)<br><br>$119,097.44  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HOLINBAUGH ROBERT E<br>8268 LONGVIEW DR NE<br><br>WARREN, OH 44484 | 28533 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$35,978.00  (P)<br><br>$0.00  (U)<br><br>$35,978.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Eighty-Third Omnibus Objection**

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| HOLINBAUGH, ROBERT E<br>8268 LONGVIEW DR NE<br><br>WARREN, OH 44484 | 26503 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$109,171.00  (P)<br><br>$0.00  (U)<br><br>$109,171.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HOLMES, GERALD E<br>3344 LYONS ST<br><br>EVANSTON, IL 60203 | 62894 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$127,200.00  (P)<br><br>$0.00  (U)<br><br>$127,200.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JAMES A ARMSTRONG<br>1976 N SALISBURY DR<br><br>GLADWIN, MI 48624<br>UNITED STATES OF AMERICA | 4235 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$495,000.00  (P)<br><br>$0.00  (U)<br><br>$495,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JAMES COULTER<br>126 ORCHARDALE DR<br><br>ROCHESTER HILLS, MI 48309 | 65360 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$190,389.00  (P)<br><br>$0.00  (U)<br><br>$190,389.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JAMES MASIAK<br>677 AUGUSTA DRIVE<br><br>ROCHESTER HILLS, MI 48309 | 61155 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$266,456.50  (P)<br><br>$0.00  (U)<br><br>$266,456.50  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JAMES ROSE<br>3724 HIGH GROVE WAY<br><br>LAKE ORION, MI 48360<br>UNITED STATES OF AMERICA | 28595 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$157,270.00  (P)<br><br>$0.00  (U)<br><br>$157,270.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JAMES TRULBY 1723 WENSLEY DRIVE  CHARLOTTE, NC 28210 UNITED STATES OF AMERICA | 30825 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $267,005.00  (P) $0.00  (U) $267,005.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN H POWELL 150 COTTONWOOD DR  CELINA, OH 45822 UNITED STATES OF AMERICA | 7631 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $111,000.00  (P) $0.00  (U) $111,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN W RUPLE 2928 OLDEWICK DR  ST LOUIS, MO 63129 | 68556 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $94,118.00  (P) $0.00  (U) $94,118.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN W RUPLE 2928 OLDEWICK DR  ST LOUIS, MO 63129 | 69021 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $171,765.00  (P) $0.00  (U) $171,765.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN WHITE PO BOX 94  LAINGSBURG, MI 48848 | 63760 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $204,245.00  (P) $0.00  (U) $204,245.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JONAS, JOHN M 54809 KINGSLEY DR  SHELBY TWP, MI 48316 | 62783 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $215,892.00  (P) $0.00  (U) $215,892.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| JOSEPH A PELAN III<br>3020 AMY DR<br><br>SOUTH PARK, PA 15129 | 36792 | Motors Liquidation Company | $0.00<br>$0.00<br>$309,642.00<br>$0.00<br>$309,642.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOSEPH COBBLE JR.<br>2134 SAINT ANDREWS<br><br>ROCHESTER HILLS, MI 48309<br>UNITED STATES OF AMERICA | 64959 | Motors Liquidation Company | $0.00<br>$0.00<br>$112,049.00<br>$112,049.00<br>$224,098.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOSEPH R PIAZZON<br>55 W SIDE DR<br><br>REHOBOTH BEACH, DE 19971 | 7158 | Motors Liquidation Company | $0.00<br>$0.00<br>$650,100.00<br>$0.00<br>$650,100.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOYCE A HARTOM<br>220 BOURBON CT.<br><br>ROCHESTER HILLS, MI 48307<br>UNITED STATES OF AMERICA | 50938 | Motors Liquidation Company | $0.00<br>$0.00<br>$1,700.00<br>$0.00<br>$1,700.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOYCE A HARTOM<br>220 BOURBON CT.<br><br>ROCHESTER HILLS, MI 48307<br>UNITED STATES OF AMERICA | 50939 | Motors Liquidation Company | $0.00<br>$0.00<br>$455,200.00<br>$0.00<br>$455,200.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOYCE HARTOM<br>220 BOURBON CT.<br><br>ROCHESTER HILLS, MI 48307<br>UNITED STATES OF AMERICA | 50940 | Motors Liquidation Company | $0.00<br>$0.00<br>$190,000.00<br>$0.00<br>$190,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LEITZ, HERBERT P<br>3051 E STELLA LN<br><br>PHOENIX, AZ 85016 | 23154 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$99,395.00 (P)<br>$0.00 (U)<br>$99,395.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LEKSE MICHAEL A<br>6875 PALMYRA LN<br><br>CLARKSTON, MI 48348 | 33355 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$128,504.00 (P)<br>$0.00 (U)<br>$128,504.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LEKSE, MICHAEL A<br>6875 PALMYRA LN<br><br>CLARKSTON, MI 48348 | 33460 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$80,006.00 (P)<br>$0.00 (U)<br>$80,006.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MC CRACKEN, DONALD G<br>9779 S SHORE DR<br><br>SAND POINT, MI 48755 | 26870 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$276,244.00 (P)<br>$0.00 (U)<br>$276,244.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MOHR, EDWARD G<br>1581 ONEIDA TRL<br><br>LAKE ORION, MI 48362 | 46123 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$123,380.00 (P)<br>$0.00 (U)<br>$123,380.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MURRAY, DENNIS W<br>THERESA M MURRAY - SPOUSE<br>1374 DUTTON RD<br>ROCHESTER HILLS, MI 48306 | 30993 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$179,000.00  (P)<br>$0.00  (U)<br>$179,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MURRAY, DENNIS W<br>THERESA M MURRAY - SPOUSE<br>1374 DUTTON RD<br>ROCHESTER HILLS, MI 48306 | 30994 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$127,723.00  (P)<br>$0.00  (U)<br>$127,723.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MURRAY, DENNIS W<br>THERESA M MURRAY  SPOUSE<br>1374 DUTTON RD<br>ROCHESTER HILLS, MI 48306 | 30995 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$465,000.00  (P)<br>$0.00  (U)<br>$465,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NELSON, BERNICE A<br>PO BOX 315<br>BANCROFT, MI 48414 | 15319 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$581,988.60  (P)<br>$0.00  (U)<br>$581,988.60  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Eighty-Third Omnibus Objection**

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| OLSON, BRUCE A<br>1714 WOODGATE DR<br>TROY, MI 48083 | 65000 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$200,765.00  (P)<br>$0.00  (U)<br>$200,765.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| OLSON, BRUCE A<br>1714 WOODGATE DR<br>TROY, MI 48083 | 65016 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$8,800.00  (P)<br>$0.00  (U)<br>$8,800.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| OLSON, BRUCE A<br>1714 WOODGATE DR<br>TROY, MI 48083 | 65017 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$65,000.00  (P)<br>$0.00  (U)<br>$65,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| OLSON, BRUCE A<br>1714 WOODGATE DR<br>TROY, MI 48083 | 65018 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$29,247.98  (P)<br>$0.00  (U)<br>$29,247.98  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| OLSON, BRUCE A<br>1714 WOODGATE DR<br>TROY, MI 48083 | 65019 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$150,000.00  (P)<br>$0.00  (U)<br>$150,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PATEL, BALKRISHNA R<br>4277 17 MILE RD<br>STERLING HEIGHTS, MI 48310 | 26871 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$224,242.00  (P)<br>$0.00  (U)<br>$224,242.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## Exhibit A

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| PAUL HANSEN<br>8980 ASHWOOD COURT<br><br>OLMSTED FALLS, OH 44138<br>UNITED STATES OF AMERICA | 22745 | Motors Liquidation Company | $0.00<br>$0.00<br>$138,982.00<br>$0.00<br>$138,982.00<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PAUL HANSEN<br>8980 ASHWOOD COURT<br><br>OLMSTED FALLS, OH 44138 | 28150 | Motors Liquidation Company | $0.00<br>$0.00<br>$120,239.00<br>$0.00<br>$120,239.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PIAZZON, JOSEPH R<br>55 W SIDE DR<br><br>REHOBOTH BEACH, DE 19971 | 7156 | Motors Liquidation Company | $0.00<br>$0.00<br>$92,379.67<br>$0.00<br>$92,379.67 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| POWELL, JOHN H<br>150 COTTONWOOD DR<br><br>CELINA, OH 45822 | 7630 | Motors Liquidation Company | $0.00<br>$0.00<br>$38,850.00<br>$0.00<br>$38,850.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PURNELL, CALVIN H<br>2090 PEAR TREE LN<br><br>OAKLAND, MI 48363 | 62124 | Motors Liquidation Company | $0.00<br>$0.00<br>$410,967.00<br>$0.00<br>$410,967.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RENEE SCOTT-BURISEK<br>7041 TERRACE DR<br><br>DOWNERS GROVE, IL 60516 | 27405 | Motors Liquidation Company | $39,751.00<br>$0.00<br>$0.00<br>$0.00<br>$39,751.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Eighty-Third Omnibus Objection
**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ROBERT L CIOCHETTO<br>1337 BITTERSWEET DR<br><br>WARREN, OH 44484 | 22181 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$175,247.00  (P)<br><br>$0.00  (U)<br><br>$175,247.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROGER KASPAR<br>69727 KNOTTINGHAM LANE<br><br>EDWARDSBURG, MI 49112<br>UNITED STATES OF AMERICA | 36190 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$104,399.00  (P)<br><br>$0.00  (U)<br><br>$104,399.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROGER KASPAR<br>69727 KNOTTINGHAM LANE<br><br>EDWARDSBURG, MI 49112 | 36199 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$30,438.00  (P)<br><br>$0.00  (U)<br><br>$30,438.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROHDE, ROBERT P<br>845 E GULF DRIVE #1111<br><br>SANIBEL, FL 33957 | 13170 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$405,615.00  (P)<br><br>$0.00  (U)<br><br>$405,615.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHNEIDER, DARLENE M<br>48611 LAKEVIEW E LOT 82<br><br>SHELBY TWSP, MI 48317 | 36256 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$182,588.00  (P)<br><br>$0.00  (U)<br><br>$182,588.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHNEIDER, DARLENE M<br>48611 LAKEVIEW E LOT 82<br><br>SHELBY TOWNSHIP, MI 48317 | 36257 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$69,900.00  (P)<br><br>$0.00  (U)<br><br>$69,900.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". Any replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SCHROEDER, HERBERT A<br>11754 LIBERTY WOODS DR<br><br>WASHINGTON, MI 48094 | 31262 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$167,267.00  (P)<br><br>$0.00  (U)<br><br>$167,267.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHULZE, HERBERT W<br>1316 APACHE ST<br><br>ARLINGTON, TX 76012 | 21467 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$124,225.00  (P)<br><br>$0.00  (U)<br><br>$124,225.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCOTT-BURISEK, RENEE F<br>7041 TERRACE DR<br><br>DOWNERS GROVE, IL 60516 | 27392 | Motors Liquidation Company | $123,990.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$0.00  (U)<br><br>$123,990.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SMEJKAL, FRANK P<br>2414 FAIR LN<br><br>BURTON, MI 48509 | 44332 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$134,989.00  (P)<br><br>$0.00  (U)<br><br>$134,989.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SUSIE SPENCER<br>2127 VALLEY VISTA CT.<br><br>DAVISON, MI 48423<br>UNITED STATES OF AMERICA | 31288 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$152,180.00  (P)<br><br>$0.00  (U)<br><br>$152,180.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| THOMAS MANOFF<br>699 CROWN POINTE RD<br><br>LAFOLLETTE, TN 37766 | 61051 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$680,050.00  (P)<br><br>$0.00  (U)<br><br>$680,050.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TIMOTHY KUECHENMEISTER<br>17550 SE 81ST PARNASSUS CT<br><br>THE VILLAGES, FL 32162<br>UNITED STATES OF AMERICA | 49529 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$123,034.00  (P)<br><br>$0.00  (U)<br><br>$123,034.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| TURNER DAVID E<br>196 W KOCHHEISER RD<br><br>BELLVILLE, OH 44813 | 47968 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$48,130.00  (P)<br><br>$0.00  (U)<br><br>$48,130.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| TURNER, DAVID E<br>196 W KOCHHEISER RD<br><br>BELLVILLE, OH 44813 | 47967 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$131,860.00  (P)<br><br>$0.00  (U)<br><br>$131,860.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VINCENT SISTI<br>1332 ROCK VALLEY DRIVE<br><br>ROACHESTER, MI 48307<br>UNITED STATES OF AMERICA | 31443 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$75,819.00  (P)<br><br>$0.00  (U)<br><br>$75,819.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VINCENT SISTI<br>1332 ROCK VALLEY DRIVE<br><br>ROCHESTER, MI 48307<br>UNITED STATES OF AMERICA | 31444 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$118,481.00  (P)<br><br>$0.00  (U)<br><br>$118,481.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WEBSTER, JACQUELYNE L<br>37632 S VISTA RIDGE CT<br><br>TUCSON, AZ 85739 | 64146 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$109,369.00  (P)<br><br>$0.00  (U)<br><br>$109,369.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and may replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 81 | | $1,116,310.04  (S) | | |
| | | | $0.00  (A) | | |
| | | | $14,109,937.56  (P) | | |
| | | | $716,734.00  (U) | | |
| | | | $15,942,981.60  (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                            :
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :          **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.*            :
                                                            :
                              **Debtors.**                  :          **(Jointly Administered)**
                                                            :
----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

Upon the eighty-third omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated August 20, 2010 (the "**Eighty-Third Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully described in the Eighty-Third Omnibus Objection to Claims; and due and proper notice of the Eighty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Third Omnibus Objection to Claims.

Court having found and determined that the relief sought in the Eighty-Third Omnibus Objection to

Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Eighty-Third Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Eighty-Third Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed

on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are

disallowed and expunged; and it is further

ORDERED that, if applicable, the Eighty-Third Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading

"*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit,

subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the

Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time)

on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Eighty-Third Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading

"*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Eighty-Third Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading

"*Claim Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is

further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved

with respect to, (i) any claim listed on Exhibit "A" annexed to the Eighty-Third Omnibus Objection

to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order

Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
_____, 2010


_____
United States Bankruptcy Judge