**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :   09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**NOTICE OF DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**
**(Splinter Union Employee Claims Assumed by General Motors, LLC)**

**PLEASE TAKE NOTICE** that on August 20, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their eighty-fourth omnibus objection to expunge certain claims of former

employees represented by splinter unions (the "**Eighty-Fourth Omnibus Objection to**

**Claims**"), and that a hearing (the "**Hearing**") to consider the Eighty-Fourth Omnibus Objection

to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge,

in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

US_ACTIVE:\43474802\06\72240.0639

Bowling Green, New York, New York 10004, on **July 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Eighty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **September 17, 2010 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Eighty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Eighty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**   :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                                                :
                        Debtors.                :    **(Jointly Administered)**
                                                :
------------------------------------------------------------x

**DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**
**(Splinter Union Employee Claims Assumed by General Motors, LLC)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

US_ACTIVE:\43474802\06\72240.0639

**Relief Requested**

1.  The Debtors file this eighty-fourth omnibus objection pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging certain claims listed on **Exhibit "A"** annexed hereto (the "**Eighty-Fourth Omnibus Objection to Claims**")[1] of former employees represented by the union s set forth in paragraph 8 herein (the "**Splinter Union Employees**").  The Debtors do not currently employ any individuals who are represented by any union and who work within the United States.

2.  The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the Splinter Union Employees and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" are certain employment- and employee-related benefit claims related to liabilities that, even if true as alleged, have been assumed by General Motors, LLC ("**New GM**") as modified pursuant to the terms of that certain *Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up and Modification and GMCo Assumption of MLC-IUE-CWA CBA* (as adhered to by the Splinter Unions pursuant to the Supplemental Agreements

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

(each as defined below), the "**Settlement Agreement**"),[2] dated as of September 3, 2009, by and among General Motors Corporation, the IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and waived as against MLC (collectively, the "**Waived Claims**").  The Waived Claims include claims related to the employment and/or retirement benefits of the Splinter Union Employees, including without limitation, the reduction, elimination or nonpayment of any pension, medical, dental, vision, long term disability, short term disability, life, accidental death and dismemberment, personal accident, and other insurance benefits, severance, and other welfare and fringe benefits of former and retired employees, and claims related to nonpayment of wages, discrimination, harassment, wrongful termination or other detrimental job actions, or a combination thereof.  As described further below, the Waived Claims have been assumed by New GM as modified pursuant to the Settlement Agreement, and waived as against MLC, and are therefore not liabilities of MLC or the Debtors and should therefore be disallowed and expunged.

### Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2] The Settlement Agreement was approved by this Court pursuant to that certain *Order Pursuant to Sections 363(b) and 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a) Approving Settlement Agreement with Certain Labor Unions,* dated November 12, 2009 [Docket No. 4433].

**Background**

4.     On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.     On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

6.     Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule

---

[3]     The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4]     The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

## The Settlement Agreement

7.  The Settlement Agreement provides at Paragraph 10 (*Waiver and Release*) that all employment- and employee benefits-related claims by the Splinter Union Employees are waived as against MLC:

> Other than as set forth in paragraph 3 with respect to the Allowed Claim, the IUE-CWA and USW as authorized Bankruptcy Code section 1114 and 1113 representatives withdraw with prejudice all claims filed or otherwise made against GM or MLC and their subsidiaries and their employees, officers, directors and agents, relating to retiree health care benefits and basic life insurance and pursuant to any GM-IUE-CWA and GM-USW collective bargaining Agreements or otherwise, and agree not to bring any such claims in the future, and furthermore, on their own behalf and on behalf of all represented members/retirees, release and forever discharge MLC, and its current or former officers, directors, employees, agents, subsidiaries, affiliates and any and all of its welfare and pension benefit plans and their fiduciaries, with respect to any and all rights, claims or causes of action that any of them have or hereafter may have, whether known or unknown, suspected or unsuspected, concealed or hidden, arising out of, based upon or otherwise related to any claim arising out of their employment with MLC, including, without limitation, alleged breaches of a collective bargaining agreement, the Combs Settlement, any alleged entitlement to health care in retirement, and any alleged entitlement to life insurance in retirement.

8.  Paragraph 10 of the Settlement Agreement was subsequently agreed to by the following additional unions (and together with the IUE-CWA, the Industrial Division of the Communications Workers of America, AFL-CIO, CLC, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, the "**Splinter Unions**") pursuant to supplemental agreements between the Splinter Unions, New GM and MLC as follows (the "**Supplemental Agreements**"):

| Party | Date of Supplemental Agreement |
|---|---|
| International Association of Machinists and Aerospace Workers | June 28, 2010 |
| International Brotherhood of Electrical Workers | November 2, 2009 |
| Michigan Regional Council of Carpenters, Local 687 and Interior Systems, Local 1045 | November 4, 2009 |
| International Brotherhood of Painters and Allied Trades of the United States and Canada, Sign & Display Union Local 39 | November 4, 2009 |
| International Brotherhood of Teamsters | June 25, 2010 |
| International Union of Operating Engineers, Locals 101S, 832(S) and 18(S) | November 4, 2009 |
| United Catering Restaurant Bar & Hotel Workers | November 2, 2009 |

9. To the extent any claims allege the amendment or termination of any welfare benefit plan (the "**Benefit Plans**"), such claims against the Debtors have been extinguished pursuant to Paragraph 10 of the Settlement Agreement, as described above. Moreover, the applicable Splinter Union has specifically acted as a representative of the Splinter Union Employees pursuant to sections 1113 and 1114 of the Bankruptcy Code in reaching agreement with the Debtors. Thus, the requirements of section 1113 and 1114 have been satisfied in connection with the matters covered by the Settlement Agreement, and all claims by the Splinter Union Employees against MLC have been extinguished pursuant to Paragraph 10 of the Settlement Agreement. As a result, none of the Debtors have any liability to the Splinter Union Employees relating to the Benefit Plans.

10. The Debtors have properly reserved, in the applicable employee welfare benefit plan documents, the right to amend or terminate such plans in their sole discretion. Section 1114 of the Bankruptcy Code requires a debtor to continue to pay "retiree benefits" under certain circumstances after a bankruptcy filing. Courts outside this circuit have determined that section 1114 does not apply to benefit plans under which the plan sponsor reserves a right to amend or terminate such plans or benefits thereunder. *See In re Doskicil Cos.*,

130 B.R 870 (Bankr. D. Kan. 1991).  While case law exists holding to the contrary outside of the Second Circuit,[5] recently, in the chapter 11 case of *In re Delphi Corp.*, Ch. 11 Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Mar. 10, 2009), Bankruptcy Judge Drain reviewed and agreed with the rationale of *Doskicil*.  Judge Drain found that "*if, in fact, the debtors have the unilateral right to modify a health or welfare plan, that modifiable plan is the plan that is to be maintained . . . with the debtors' pre-bankruptcy rights not being abrogated by the requirements of section 1114.*"[6]  Consequently, *Doskicil* is persuasive and should be followed, and as a result section 1114 should not be construed to provide the Splinter Union Employees with more rights than they would have in a nonbankruptcy context.

### The Relief Requested Should Be Approved by the Court

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  The

---

[5] *See IUE-CWA v. Visteon Corp. (In re Visteon Corp.),* No. 10-1944 (3d Cir. July 13, 2010), where Section 1114 was found to apply even when the sponsor has reserved the right to amend or terminate the plan.

[6] (Hr'g Tr. at 15, Mar. 10, 2009).  Although Judge Drain agreed with the rationale of *Doskicil* and its related progeny, for reasons not pertinent to the cases at bar, he approved the appointment of a retirees committee for the limited purpose of determining whether there were any retirees holding vested benefits and restricted the costs of the retirees committee to $200,000.

Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the Waived Claims are not the responsibility of MLC or the Debtors, having been assumed by New GM as described herein. New GM has also acknowledged this to be the case.

13. The Waived Claims have all been filed by Splinter Union Employees covered under the Settlement Agreement. To avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Waived Claims.

### Notice

14. Notice of this Eighty-Fourth Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
August 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**Eighty-Fourth Omnibus Objection**     **Exhibit A**     **Motors Liquidation Company, et al.**
Case No. 09-50026 (REG), Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BETSY A BRADFIELD<br>642 BERKSHIRE ST<br>CLINTON, MS 39056 | 2102 | Motors Liquidation Company | $0.00 (S)<br>$700,000.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$700,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| STEVENS, PATRICIA L<br>2653 NICOLE LYNN PL<br>REYNOLDSBURG, OH 43068 | 65705 | Motors Liquidation Company | $0.00 (S)<br>$1,000,000.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$1,000,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **2** | | **$0.00** (S)<br>**$1,700,000.00** (A)<br>**$0.00** (P)<br>**$0.00** (U)<br>**$1,700,000.00** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                          :         Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,          :         09-50026 (REG)
    f/k/a General Motors Corp., *et al.*       :
:
                                    Debtors.   :         (Jointly Administered)
:
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
### (Splinter Union Employee Claims Assumed by General Motors, LLC)

Upon the eighty-fourth omnibus objection to expunge certain claims of former employees represented by splinter unions, dated August 20, 2010 (the "**Eighty-Fourth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Waived Claims on the grounds that each Waived Claim is for an obligation for which the Debtors have no liability, all as more fully described in the Eighty-Fourth Omnibus Objection to Claims; and due and proper notice of the Eighty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Eighty-

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Fourth Omnibus Objection to Claims.

Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Eighty-Fourth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Eighty-Fourth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Eighty-Fourth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Eighty-Fourth Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge