**HEARING DATE AND TIME: August 6, 2010 at 9:45 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                    :        **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :        **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*       :
:
                                       Debtors.          :        **(Jointly Administered)**
:
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING**
**THE AUTOMATIC STAY TO ALLOW THE COMPLETION OF THE**
**PENDING PERSONAL INJURY ACTION OF JULIE AND DAVID BRITTINGHAM**

Upon the Motion, dated July 12, 2010 ("**Motion**"),* of Julie Brittingham ("**Ms. Brittingham**") and her husband, David Brittingham ("**Mr. Brittingham**", and collectively with Mrs. Brittingham as the "**Brittinghams**"), pursuant to sections 362(d)(1) and 105 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order modifying the automatic stay to allow the Brittinghams to proceed with and to liquidate their state law personal injury action, pending in the Court in the Common Pleas of Montgomery County, Ohio, *Brittingham v. General Motors Corporation, et al.*, Case No. 2001 CV 00664 (the "**Ohio Litigation**"); and the Debtors having submitted opposition to the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the hearing on this matter establish just cause for the relief granted herein in these limited circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay under section 362(a) of the Bankruptcy Code is

---

* Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

hereby modified to permit the Brittinghams to proceed with, liquidate, and prosecute the Ohio Litigation against the Debtors; provided, however, that any such liquidated claim against the Debtors, to the extent not satisfied by non-estate assets, including applicable insurance coverage, if any, shall ***not be the subject of any execution or other judgment collection mechanism against assets of the NLC estate, and shall instead be treated like other unsecured claims, and*** be subject to this court's determination of treatment under any applicable chapter 11 plan(s) confirmed in these cases and applicable bankruptcy law, unless otherwise determined by this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all disputes arising from or related to this Order.

Dated:  New York, New York
        ***August 23, 2010***

                                                    ***s/ Robert E. Gerber***
                                                    United States Bankruptcy Judge