UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                        :
In re:                                                  :        Chapter 11
                                                        :        Case No. 09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.                      :        (Jointly Administered)
         f/k/a General Motors Corp., et al              :
                                                        :
                        Debtors.                        :
---------------------------------------------------------------x

**NOTICE**

[INSERT DATE]

You are receiving this notice because you or your client filed a claim against the [INSERT TRUST NAME] Trust(s) (the "Trust(s)") and certain information concerning the claim that you or your client submitted to the Trust(s) is subject to a court-authorized subpoena. More specifically, the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Motors Liquidation Company (formerly known as General Motors Corporation) filed in the above-captioned proceeding a Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents by the Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section 524(g) (the "Motion"). The Honorable Robert E. Gerber granted that Motion over the objections of the Trust(s), among others, and has issued an Order authorizing the Creditors' Committee to issue a subpoena to the Trust(s) and its claims processing facility commanding the production of the following information in electronic form:

> (a) the claim information electronically maintained by the Trust(s) in current datafield format for each identifiable claimant who filed a pre-petition asbestos personal injury lawsuit against one or more of the Debtors for mesothelioma (each a "Mesothelioma Claimant," and collectively the "Mesothelioma Claimants"), as supplied by each claimant and/or his or her counsel to the Trust(s), but excluding medical and financial information (other than date of mesothelioma diagnosis) and medical and financial records; (b) the amounts paid to each Mesothelioma Claimant by each Trust; and (c) the claim status of each Mesothelioma Claimant who filed a claim against any Trust but has received no recovery from that Trust (i.e., whether that claim is still pending or has instead been dismissed).

A copy of the Creditors' Committee's subpoena is enclosed with or annexed to this Notice. A copy of Judge Gerber's Order, dated [INSERT DATE], also is enclosed with or annexed to this Notice. The disclosure and use of any information provided in response to the Creditors' Committee's subpoena will be subject to a Confidentiality Agreement and Protective Order, which also is enclosed with or annexed to this Notice.

A complete copy of the transcript of the Court's August 9, 2010 hearing may be found at [WEBSITE ADDRESS]. Please note that the Court's ruling appears at pages 98-107 of the

907365.8

transcript, and that pages 104-05 of the transcript address the Court's contemplated objection procedure.

If you object to the disclosure of information related to your or your client's claim against the Trust(s), you must file any and all such objection(s) with The Honorable Robert E. Gerber, U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, so as to be received by the Court <u>on or before fourteen (14) days after the date of this notice</u> – i.e., by [DATE].  A copy of any such objection(s) must also be mailed by First-Class Mail on or before [SAME DATE] to Philip Bentley, Esq., Kramer, Levin, Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036.  All objections must be clearly marked with the above-captioned case name and index number.

Failure to file a timely objection with the Court may result in the waiver of any and all objections to the Creditors' Committee's subpoena.  Please do <u>not</u> send any objections to the Trust(s), as any such objections must be made directly to the Court.  As indicated in the accompanying Order, subject to the right of Mesothelioma Claimants to be heard pursuant to the above-described objection procedure, the Trust(s) and its claims processing facility shall not be subject to any actions, claims, or demands by Mesothelioma Claimants or any other Party as a result of their good faith compliance with that Order.