Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re:                                                    :   Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,                     :   Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,           :   (Jointly Administered)
                                                          :
                        Debtors.   :   Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

**FEE EXAMINER'S SUPPLEMENTAL RESPONSE AND MOTION TO DEFER AN
<u>AWARD OF A RETROACTIVE HOURLY INCREASE</u>**

**TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE**

With this pleading, the Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), by his counsel, Godfrey & Kahn, S.C., supplements his August 3, 2010 response to the *Application by AP Services, LLC as Crisis Managers to the Debtors for Approval of the Success Fee* [Docket No. 6363] (the **"Application for Success Fee"**) and the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter with AP Services, LLC* [Docket No. 6362] (the **"Motion to Amend"**). This Supplemental Response addresses the time and expense records submitted by

AP Services in the wake of the Court's August 6, 2010 hearing on the Application for Success Fee and the Motion to Amend [Transcript at Docket No. 6640]. Further, to the extent relevant, it reflects the *Declaration of Stephen H. Case in Support of Motion to Amend the Terms of the Engagement Letter of AP Services, LLC* [Docket No. 6705] (the "**Case Declaration**") and the *Declaration of Albert A. Koch in Support of Motion to Amend the Terms of the Engagement Letter of AP Services, LLC* [Docket No.6694] (the "**Koch Declaration**") filed after the hearing.

## SUMMARY STATEMENT

The Court's August 6, 2010 comments narrowed the open issues. The Fee Examiner takes no position on the Application for Success Fee, limited as it is to an incentive award for the services performed between June 1 and July 10, 2009, and based as it is on the agreements previously approved by the Court. However, the Court should deduct from any approved success fee all payments for complementary expenses. The expense materials submitted do not comply with the U.S. Trustee's Guidelines nor, those guidelines aside, do they permit the Court to determine their reasonableness. The Court should defer final approval of any expenses pending a review of supplemental material provided by AP Services that complies with the U.S. Trustee Guidelines.

With respect to the Motion to Amend, the Fee Examiner does not have jurisdiction to address the restructuring of the "retention agreement" between the Debtor and AP Services. However, the request to recapture the 15 (and 25) percent hourly rate discounts negotiated and approved more than a year ago should be deferred. The retroactive fee increases, if approved, would result in an immediate payment from the estate of $5.5 million for services through March 31, 2010, an aggregate fee increase estimated at $9 to $10 million through the end of the year, and an undeterminable amount beyond that. Notwithstanding the declarations filed by AP

2

Services, the Court still does not have a basis to make those adjustments in the absence of an opportunity for detailed review and public comment.

## GROUNDS FOR SUPPLEMENTAL RESPONSE

1. The Fee Examiner reiterates and incorporates by reference the *Fee Examiner's Response and Motion to Defer the Consideration of Debtors' Request for An Award to AP Services, LLC of a Success Fee and a Retroactive Hourly Rate Increase* [Docket No. 6497] (the "**Fee Examiner's Initial Response**").

2. AP Services filed more than 950 pages of time and expense records on August 10, 2010 to support its Motion to Amend and its Application for Success Fee. *See Second Supplement to Application by AP Services, LLC, as Crisis Managers to the Debtors, for Approval of the Success Fee* [Docket No. 6606]. AP Services discloses, in these pleadings, $444,647.34 in costs and expenses for which, pursuant to its monthly and quarterly payment procedures, AP Services presumably has been already reimbursed (subject to review).

3. An initial review of the material submitted by AP Services discloses serial instances where the entries and documentation submitted do not comply with the U.S. Trustee Guidelines. These are examples:

    A. At least 24 charges for expenses incurred prior to and including May 31, 2009;

    B. At least 350 meal expenses that appear to exceed the $20 limit;

    C. At least 91 ground transportation expenses that fail to identify either the traveler, the point of origin, or the point of destination;

    D. At least 53 charges itemized only as "other";

    E. Hotel bills that include unidentified ancillary charges;

3

    F. Apparently non-reimbursable airfare expenses without explanation (for example, $1,197.70 for a roundtrip flight between Houston and Detroit and $1,457.36 for a roundtrip flight between Detroit and Dallas).

  4. The 15 (and 25) percent hourly rate increases will, by AP Services' account, have an immediate cost to the estate of $5.5 million and an estimated cumulative impact on the estate of $9 to $10 million through the end of the year. That amount can only be estimated because, for much of that period, AP Services has not yet recorded time. In addition, the firm's work since the filing date has not yet been subject to review by the Court, by the U.S. Trustee or by the Fee Examiner and, at least with respect to the Fee Examiner, the Debtors maintain that AP Services is not subject to review. *See In re Motors Liquidation Company*, First Interim Fee Hr'g Tr. 42:1-19, No. 09-50026 (Bankr. S.D.N.Y. Apr. 29, 2010, 5:24 P.M.) [ Docket No. 5699].

  5. However, by the terms of the Court's July 2, 2009 *Amended Order Authorizing the Debtors to Employ and Retain AP Services, LLC as Crisis Managers and to Designate Albert A. Koch as Chief Restructuring Officer, Nunc Pro Tunc to the Petition Date* (the "**Amended Order**") [Docket No. 2949], AP Services' fees and expenses are always subject to review for reasonableness based on time records in tenth of an hour increments and expense reimbursement subject to the U.S. Trustee Guidelines. As this Court noted,

> Long before [the Fee Examiner] entered into the case, I determined that if the conditions associated with the incentive payment had been satisfied, and their services would—turned out to be reasonable, or at least subject to a reasonableness test, which ultimately would seemingly be a judicial determination, thrust in my lap, if certain conditions were satisfied, among which were that there be a sale and that I considered the fees to be reasonable, then they would get their fee; . . .

Tr. 8-6-2010 at 77:20-78:3 [Docket No. 6640]; *see* Amended Order.

4

6. The Case Declaration notes that the latest amendment to the AP Services engagement, when and if approved by the Court, would provide AP Services with a "retroactive return to its standard [hourly] rates." Case Declaration at ¶ 6. The discounted rates—in conjunction with incentive payments—were an integral part of the revised engagement approved by the Court. Debtors' *Motion for Entry of Order Pursuant to 11 U.S.C. § 363 Authorizing the Debtors to Amend the Terms of Their Engagement Letter with AP Services, LLC* dated August 5, 2009 [Docket 3686] at ¶ 8, *quoting* July 23, 2009 Engagement Letter at p. 3, ¶ 3.

7. One of the stated bases for the pending requests by AP Services is the success of the proceeding, measured in part by the success of New GM. *See, e.g.,* Application for Success Fee at p. 3. Earlier this month, New GM announced an initial public offering of shares, and it has been widely reported that the underwriters for that offering and the counsel involved in it are providing their services at significantly discounted rates. *See, e.g.,* Jeffrey McCracken, Goldman Undercuts Rival in GM IPO as It Loses Top Role, Bloomberg, Aug. 16, 2010, http://www.bloomberg.com/news/2010-08-16/goldman-sachs-undercuts-rivals-in-general-motors-ipo-as-it-loses-top-role.html; David Schepp, Banks Fumes at Goldman Sachs for Discounted GM IPO Fee, Daily Finance, Aug. 16, 2010, http://www.dailyfinance.com/story/investing/banks-goldman-sachs-discounted-gm-ipo-fee/19595276/.

8. Through July 31, 2010, AP Services has received at least $54.2 million in fees and expenses according to the operating reports it has filed. The Koch Declaration notes that the summary chart submitted by AP Services "does not purport to show total compensation to be earned by APS during the pendency of this Chapter 11 case." Koch Declaration at ¶ 22. Nor could it.

9.  AP Services states that it was "on track" to file a plan of liquidation by January 31, 2010 but did not do so, at the request of the U.S. Treasury, to permit the continuation and resolution of negotiations on environmental issues. *Id.* at ¶ 11. That made it impossible for AP Services to earn a $2.5 million bonus for a confirmed plan by May 28, 2010. *See id.* at ¶ 12.

10. The new compensation structure permits a $7 million incentive payment to AP Services whenever a plan is confirmed. Motion to Amend at p. 6, ¶ 3. Moreover, the fiscal effect of the elimination of some of the other incentive payments in the originally approved retention agreement (for example, those associated with wind-down costs) could never be quantified because they were based upon factors that would not be known until the conclusion of the case. In short, the net effect of the proposed amendments to AP Services, compensation is impossible to calculate now.

11. AP Services states that the retroactive and prospective rate increases are "simply part of an overall arrangement that, in the aggregate, will still result in a decrease in fees over the course of the engagement." Koch Declaration at ¶ 20. Even with the supplemental materials in the record, that statement continues to depend on a series of variables that cannot be stated with certainty—and will not be certain until the conclusion of the case.

## RELIEF REQUESTED

WHEREFORE, the Fee Examiner requests that the Court defer consideration of AP Services' expense reimbursement and its retroactive and prospective hourly rate increases—subject, in each instance, to review and comment.

Dated: Madison, Wisconsin
       August 30, 2010.

                                      GODFREY & KAHN, S.C.

By:     /s/ *Katherine Stadler*
           Katherine Stadler (KS 6831)
           Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: kstadler@gklaw.com
          tnixon@gklaw.com

*Attorneys for Fee Examiner*

5342922_3