UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :    09-50026 (REG)
                                                       :    (Jointly Administered)
GENERAL MOTORS CORP., *et al.*,                        :
                                                       :    **AFFIDAVIT OF**
                Debtors.                               :    **JOSHUA D. RIEVMAN**
                                                       :    **IN SUPPORT OF**
                                                       :    **JOINT MOTION TO**
                                                       :    **WITHDRAW AS COUNSEL**
                                                       :
------------------------------------------------------------x

Pursuant to 28 U.S.C. § 1746, I, JOSHUA D. RIEVMAN, declare as follows:

1. I am a member of the firm Hoguet Newman Regal & Kenney, LLP ("Hoguet"). I make this affidavit in support of the motion of Hoguet and Livengood, Fitzgerald & Alskog, PLLC ("Livengood"), pursuant to Rule 2090-1 of the Local Bankruptcy Rules of the Southern District of New York, to withdraw as attorneys of record for Everett Chevrolet, Inc. ("Everett"), in this matter.

2. The Hoguet and Livengood firms were engaged by Everett in order to assist Everett with its attempts to obtain reinstatement as a dealer by New GM. In connection therewith, we objected to the Debtor's (also referred to as "GM") Motion Pursuant to 11 U.S.C. §§ 105 and 365 to Reject the Executory Contract with Chevrolet dealer Everett Chevrolet originally filed July 6, 2009 ("Rejection Motion").

3. On August 3, 2009, this Court declined to grant the Rejection Motion as to Everett Chevrolet and allowed it the opportunity to take discovery to support its claim that rejection was based on bad faith, whim or caprice that violated the business judgment rule.

4. At present, the Hoguet firm is owed over $25,000 in connection with its work on this matter and, despite making numerous requests for remuneration, has not received a single payment for its services since August of 2009. In fact, the only payment ever received by the Hoguet firm in this matter was a check for $3,140.00 on August 26, 2009.

5. Similarly, the Livengood firm is owed over $75,000 in connection with this matter. See Affidavit of James S. Fitzgerald dated August 23, 2010.

6. Moreover, the attorney-client relationship with Everett Chevrolet, Inc., has become untenable, as the client has repeatedly been unresponsive to our inquiries in connection with decisions affecting its rights and the objectives in this proceeding.

7. For the foregoing reasons, we regretfully conclude that we have no choice but to terminate our representation of Everett and seek the Court's leave to withdraw.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

SIGNED IN NEW YORK, NEW YORK this 27th day of August, 2010.

_____
Joshua D. Rievman