Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                              :   Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :   09-50026 (REG)
    **f/k/a General Motors Corp.,** *et al.*      :
                                                             :
          **Debtors.**                    :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**SUPPLEMENTAL SUBMISSION OF GENERAL**
**MOTORS, LLC IN SUPPORT OF ORDER**
**PURSUANT TO 11 U.S.C. § 105(a) ENFORCING**
**363 SALE ORDER WITH RESPECT TO DEUTSCH**

**Preliminary Statement**

1. By Motion dated May 17, 2010 (the "**Motion**"),[1] General Motors, LLC ("**New GM**") sought an order of the Court pursuant to section 105 of the Bankruptcy Code, inter alia, enforcing the Order of this Court, dated July 5, 2009, authorizing the sale of substantially all of the Debtors' assets to New GM (the "**363 Sale Order**"). The 363 Sale Order, among other things, authorized and approved that certain

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\43481503\04\72240.0639

Amended and Restated Master Sale and Purchase Agreement (as amended, the **"MSPA"**), by and among the Debtors and New GM.

2. The MSPA expressly sets forth with particularity which liabilities would be assumed by New GM and provided that all other liabilities would be retained by the Debtors. Moreover, the MSPA specifically provides that New GM would not assume any claims with respect to Product Liabilities (as such term is defined in the MSPA, hereinafter **"Product Liability Claims"**) of the Debtors except those that "arise directly out of *death*, personal injury or other injury to Persons or damage to property *caused by accidents or incidents first occurring* on or after the Closing Date [July 10, 2009] …." (MSPA Section 2.3(a)(ix) (emphasis added).) Thus, it is abundantly clear from the express provisions of the MSPA that a Product Liability Claim arising from a death (no matter when such death actually takes place) caused by an accident or incident that occurred prior to the closing of the 363 Transaction on July 10, 2009, is not an assumed liability of New GM. Further, the 363 Sale Order contains broad provisions prohibiting and enjoining any action or proceeding by an entity to enforce or collect any claim against New GM that does not constitute a liability expressly assumed under the MSPA.

3. Notwithstanding the foregoing, on January 12, 2010, the Estate of Beverly Deutsch, the Heirs of Beverly Deutsch, and Sanford Deutsch (collectively **"Deutsch"**) filed a Third Amended Complaint (the **"Current Complaint"**) against New GM (and others) in the Superior Court of the State of California for the County of Los

Angeles (the **"Deutsch Action"**) claiming damages arising from an accident that occurred on June 27, 2007 – over two years before the Closing Date.

4. Pursuant to the Motion, New GM sought to stay and enjoin the Deutsch Action based on the provisions of the MSPA and the 363 Sale Order. Deutsch opposed the Motion, contending that the Deutsch cause of action for wrongful death asserted against New GM in the Deutsch Action (the **"Deutsch Claim"**) constitutes an "Assumed Liability" under the MSPA because Beverly Deutsch died after the July 10, 2009 Closing Date allegedly as a consequence of the pre-Closing Date accident.

5. A hearing on the Motion was held before the Court on June 1, 2010 (the "**Hearing**"). The Court reserved ruling on the issue of whether the Deutsch Claim constitutes an Assumed Liability under the MSPA because of some confusion as to the applicable provisions of the MSPA, and requested further submissions. The Court did note in its ruling at the Hearing, however, that "when the [wrongful death] cause of action came into being under California law is irrelevant." (Tr. at 64.)

6. Although there may have been some confusion at the Hearing as to which provisions of the MSPA were applicable, the operative provisions of the MSPA are clear and unambiguous. Simply stated, because the accident involving Beverly Deutsch occurred prior to the Closing Date, the date of her death is irrelevant. The Deutsch Claim is not an Assumed Liability, and the Motion should be granted with respect to Deutsch.

**Facts**

7. The facts are set forth in the Motion and incorporated herein by reference. Certain undisputed facts are set forth below for the convenience of the Court.

8. The Current Complaint was filed on January 12, 2010 and asserts damages for wrongful death based solely on an accident that occurred on June 27, 2007. As acknowledged in Deutsch's objection to the Motion, the death of Beverly Deutsch, which occurred on August 2, 2009, arose from "injuries sustained in the [2007] accident." (Duetsche Objection ¶ 2.) As further noted in the Objection, the "*incident* causing Beverly Deutsch's injuries" and her death occurred on June 27, 2007. (*Id.* ¶ 5.)

9. The Current Complaint superseded the original complaint in the Deutsch Action, which was filed on April 17, 2008, and clearly refers to the June 27, 2007 accident on which the claims in the Current Complaint are premised.

10. The Current Complaint in the Deutsch Action filed on January 12, 2010, however, in what appears to be a transparent attempt to avoid the obvious consequences of the terms of the MSPA and the 363 Order, is carefully crafted to avoid any mention of the date of the occurrence of the accident giving rise to the wrongful death claim.

**The Claims Asserted in the Deutsch Action
Do Not Constitute Assumed Liabilities
Under the MSPA and Should Be Enjoined**

11. It is uncontroverted that plaintiff alleges that the death of Beverly Deutsch was caused by an accident and/or incident that occurred on June 27, 2007, more

than two years prior to the Closing Date. Under these circumstances, and the clear and unambiguous terms of the MSPA, the claims asserted in the Deutsch Action do not constitute Assumed Liabilities and further pursuit of the Deutsch Action should be enjoined.

12. The MSPA is clear and precise as to which Product Liability Claims constitute Assume Liabilities of New GM. In fact, as the Court is well aware, this was a highly visible matter in the context of the hearing that resulted in the 363 Sale Order. Section 2.3(a)(ix) of the MSPA, which was amended in its entirety by the First Amendment to Amended and Restated Master Sale and Purchase Agreement, dated as of June 30, 2009 (the "**First Amendment**"),[2] sets forth the limited scope as to which Product Liability Claims constitute Assumed Liabilities:

> (ix) all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, **"Product Liabilities"**), which arise directly out of *death*, personal injury or other injury to Persons or damage to property *caused by accidents or incidents first occurring on or after the Closing Date* and arising from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs).

---

[2] The First Amendment is annexed as an Exhibit to the 363 Sale Order which authorized and approved the MSPA as so amended.

(MSPA Section 2.3(a)(ix) (emphasis added).)  The foregoing provision of the MSPA mandates the conclusion that the Deutsch wrongful death claim is not an Assumed Liability for obvious reasons – there is no allegation here that Mrs. Deutsch's death was caused by either an accident or incident first occurring on or after July 10, 2009 (the Closing Date).  Rather, as alleged by Deutsch, Mrs. Deutsch's death was caused by either an accident or incident that occurred on June 27, 2007 – well prior to the Closing Date.  Under these undisputed facts and circumstances, the Deutsch wrongful death claim cannot be an Assumed Liability under any circumstance regardless of when Ms. Deutsch's death occurred.

        13.     New GM submits that the final version of Section 2.3(a)(ix) of the MSPA is unambiguous.  The version of the MSPA prior to the First Amendment, which may have caused some confusion, is irrelevant and has no bearing on the intent of parties as clearly set forth in the final agreement approved by this Court.  First, the original version of Section 2.3(a)(ix) is *not* part of the MSPA that was approved by the Court.  Second, as the Court noted at the Hearing on the Motion, if the prior version of Section 2.3(a)(ix) of the MSPA were amended to delete the words "other distinct and discrete occurrences," as in fact it was, it would "narrow" the "universe of claims that were assumed" by New GM.  (Tr. at 63.)  Accordingly, although there is no need to refer to the prior version of the provision, nothing about that provision detracts from the plain meaning of the final agreement.

        14.     Lastly, Deutsch's transparent attempt to fashion the Current Complaint in the Deutsch Action to obfuscate the issues and avoid the plain

consequences of the provisions of the MSPA, merely confirms the futility of Deutsch's position and should not be condoned by the Court.

## **Conclusion**

15. The provisions of the MSPA are clear and unambiguous. A death caused by an accident or incident that occurred prior to the Closing Date, no matter when such death took place, is not an Assumed Liability. Accordingly, the Motion should be granted with respect to the Deutsch Action.

Dated: New York, New York
       September 1, 2010

                                                         /s/ Stephen Karotkin
                                                       Harvey R. Miller
                                                       Stephen Karotkin
                                                       Joseph H. Smolinsky

                                                       WEIL, GOTSHAL & MANGES LLP
                                                       767 Fifth Avenue
                                                       New York, New York  10153
                                                       Telephone:  212-310-8000
                                                       Facsimile:  212-310-8007

                                                       Attorneys for General Motors, LLC