# United States Bankruptcy Court
# Southern District of New York

In re: <u>Motors Liquidation Company, *et al.*, f/k/a General Motors Corp., *et al.*</u>    Case No. <u>09-50026 (REG) (Jointly Administered)</u>

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("<u>Transferee</u>") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of September 1, 2010 (the "<u>Agreement</u>"), between the Transferor identified below ("<u>Transferor</u>") and Transferee and attached as <u>Exhibit 1</u> hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as <u>Exhibit 2</u>).

<u>Citigroup Global Markets Inc.</u>
Name of Transferee

<u>Morgan Stanley & Co. International plc</u>
Name of Transferor

Name and Address where notices to Transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013
Attn:   Chetan Bansal
Phone: (212) 723-6064

With a copy to:
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Suite 5500
Washington, DC 20006
Attn:   Charles M. Cole
        Christopher S. Campbell
Phone: (202) 887-1500

Name and Address where Transferee payments should be sent (if different from above):

Citigroup Global Markets Inc.
Corp. Actions 4th Floor
111 Wall Street,
New York, NY 10005
Attn:   Ken Zingale
Phone: (212) 657-0632

Court Claim # (if known):  70200 (amending Court Claim # 67345)

Amount of Proof of Claim:  $29,244,406.48

**Transferred Amount: $3,520,029.67** (corresponding to (i) $3,289,800.00 principal amount (which amount corresponds to GBP 2,000,000.00 principal amount) of 8.375% Guaranteed Notes due December 7, 2015 (the "<u>Notes</u>"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $230,229.67 amount of interest (which amount corresponds to GBP 139,965.75 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.

Date Proof of Claim Filed:  March 29, 2010 (amending Court Claim # 67345, filed on November 30, 2009).

Debtor:  Motors Liquidation Company (f/k/a General Motors Corporation)

*(Signature on following page)*

dc-615044

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP GLOBAL MARKETS INC.

By: _____  Date: September 1, 2010
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-615044

## Exhibit 1

*(See attached Agreement and Evidence of Transfer of Claim.)*

dc-615044

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   This Agreement and Evidence of Transfer of Claim (this "Agreement"), is dated as of September 1, 2010 (the "Effective Date")

2.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 70200 (amending Proof of Claim Number 67345, file-stamped November 30, 2009) filed by or on behalf of Morgan Stanley & Co. International plc (the "Proof of Claim") against Motors Liquidation Company, f/k/a General Motors Corporation (the "Debtor"), debtor in reorganization proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 09-50026 (REG), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) all exhibits, attachments and/or supporting documentation relating to the Purchased Claim (the "Claim Documents"), and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Security (as defined herein), (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claim").

3.   Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 30, 2009 in accordance with the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof dated September 16, 2009 (the "Bar Date Order"); (b) the Proof of Claim relates to one or more securities expressly identified as "Debt Instruments" in the Bar Date Order; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement; (e) the Proof of

Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) to the best of its knowledge, all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

4. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.

5. Purchaser shall file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

6. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights in the Transferred Claim hereunder without any notice to or the consent of Seller.

7. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. Seller and Purchase agree that this Agreement and the effectiveness hereof shall be subject to either of the conditions that (i) Purchaser is a party to that certain Lock Up Agreement, dated as of June 1, 2009 (the "Lock Up Agreement") among General Motors Nova Scotia Finance Company (the "Company"), General Motors of Canada Limited, GM Nova Scotia Investments Ltd., General Motors Corporation (n/k/a Motors Liquidation Company), and the beneficial owners of the Company's 8.375% Guaranteed Notes due December 7, 2015 or the

Company's 8.875% Guaranteed Notes due July 10, 2023 parties thereto; or (ii) Purchaser shall have duly executed and delivered a joinder to, and in accordance with, the Lock Up Agreement.

(*Signatures on following page.*)

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

| **MORGAN STANLEY & CO. INTERNATIONAL PLC** | **CITIGROUP GLOBAL MARKETS INC.** |
|---|---|
| By: *[signature]* <br> Name: <br> Title: BRIAN CRIPPS <br> Authorised Signatory | By: _____ <br> Name: <br> Title: |
| Morgan Stanley & Co. International plc <br> 25 Cabot Square <br> Canary Wharf <br> London E14 4QA <br> England | Citigroup Global Markets Inc. <br> c/o Citibank, N.A. <br> 390 Greenwich St. <br> New York, NY 10013 <br> Attn: Chetan Bansal |

dc-599572                                           4

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By:_____
Name:
Title:

Morgan Stanley & Co. International plc
25 Cabot Square
Canary Wharf
London E14 4QA
England

**CITIGROUP GLOBAL MARKETS INC.**

By: /s/ Marc Heimowitz
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR

Citigroup Global Markets Inc.
c/o Citibank, N.A.
390 Greenwich St.
New York, NY 10013
Attn: Chetan Bansal

dc-599572    4

Schedule 1

Transferred Claim

Purchased Claim

12.0366% of $29,244,406.48 (the outstanding amount of the Proof of Claim (as amended) as of March 29, 2010).

Securities to which Transferred Claim Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Petition Date) |
|---|---|---|---|---|---|---|---|
| 8.375 Percent Notes Due 2015 Issued by General Motors Nova Scotia Finance Company and Guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation) | 11158W9S7 | General Motors Nova Scotia Finance Company | Motors Liquidation Company | £2,000,000.00 (or US $ $3,289,800.00 @ 1.6449) | 8.375% | December 7, 2015 | £2,139,965.75 (or US $ $3,520,029.67 @ 1.6449) |

Schedule 1

dc-599572

# Exhibit 2

*(See attached first page of Proof of Claim)*

dc-615044





| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| **Name of Debtor** (Check Only One):<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | **Case No.**<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | **Your Claim is Scheduled As Follows:** |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Morgan Stanley & Co. International plc

**Name and address where notices should be sent:**
Morgan Stanley & Co. International plc
25 Cabot Square, Canary Wharf
London E14 4QA
Attn: Brian Cripps
with copies as attached

Telephone number: +44 207 677 7974
Email Address: Lndistressed@morganstanley.com

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 67345
(*If known*)

Filed on: 11/30/09

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**Name and address where payment should be sent (if different from above):**

Telephone number:

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $29,244,406.48

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See attached
(*See instruction #2 on reverse side.*)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (*See instruction #3a on reverse side.*)

**4. Secured Claim** (*See instruction #4 on reverse side.*)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate** ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 3/29/10

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

BRIAN CRIPPS AUTHORISED SIGNATURE

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)