HEARING DATE AND TIME: September 7, 2010 at 9:45 a.m.

S. Robert Schrager
Garry Graber
HODGSON RUSS LLP
One Grand Central Place
60 East 42nd Street
New York, New York 10165
212-661-3535

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **MOTORS LIQUIDATION COMPANY,** *et at.,* <br> **f/k/a General Motors Corp.,** *et at.* <br><br> *Debtors.* | Chapter 11 Case No. <br><br> 09-50026 (REG) <br><br> (Jointly Administered) |

**SUPPLEMENT TO LIMITED OBJECTION TO DEBTORS'**
**MOTION PURSUANT TO SECTIONS 105, 363, AND 365 OF**
**THE BANKRUPTCY CODE FOR AN ORDER**
**AUTHORIZING**
**(I) THE DEBTORS TO ENTER INTO THE STOCK**
**PURCHASE AGREEMENT WITH GENERAL MOTORS**
**HOLDINGS, S.L., AND (II) THE ASSUMPTION AND**
**ASSIGNMENT OF THE BMW CONTRACT IN**
**CONNECTION WITH THE DEBTORS' ENTRY INTO THE**
**STOCK PURCHASE AGREEMENT**

Punch Corporation ("Punch")[1], by and though its counsel, Hodgson Russ LLP, hereby files this supplement[2] to its limited objection to the Debtor's motion to (I) enter into a stock purchase agreement with General Motors Holdings, S.L., and (II) assign a certain contract

---

[1] In the Objection previously filed, Punch is described as being listed on the Euronext Brussels Stock Exchange. That, and some of the description, is not correct and deals with a related company, Punch International NV. Punch Corporation, the company that is submitting the proposal at issue, is a wholly owned subsidiary of Creacorp NV. Creacorp NV holds a significant ownership stake in Punch International NV and holds other companies in the automotive industry.

[2] As set forth at the time the objection was filed, Hodgson Russ LLP was retained by Punch, a European entity, only hours before an objection to the Sale Motion was due and Movants would not adjourn the motion. Accordingly, Punch noted at that time that it might be necessary to supplement the objection.

in connection with the stock purchase agreement (the "Sale Motion"). In further support of its request that this Court require the Debtors submit the proposed General Motors Holdings, S.L. transaction (the "GMH Proposal") and the Punch binding offer to acquire all the shares of General Motors Strasburg SAS (the "Company") and assume a BMW contract (the "Punch Proposal") to an independent fiduciary to evaluate the competing offers, Punch states as follows:

1. In response to the Punch Proposal, and after the Objection was filed, Punch received a response from the Debtors. A copy of that response is annexed hereto as **Exhibit B.**

2. The Debtors' response is astonishing for its audacity. Apparently, it is the position of the Debtors that they owe so much to so many that the €3 Million (almost $4,000,000.00) offered by Punch—as opposed to the €1 ($1.28) offered by General Motors Holdings—is not "an amount that would make a meaningful difference in the funds available for distribution to MLC's creditors which hold claims in the tens of billions of dollars." (Exhibit B, p. 2). If this has been the thinking behind other transactions in this proceeding, it should present a real concern both to this Court and the Creditors.

3. Moreover, in addition to dismissing the "meaningless" €3 Million cash offered by Punch, the Debtors ignore the potential return offered by Punch on the BMW Claim. Punch has offered to remit 50% of all future cash proceeds arising from the related litigation (which is estimated to be between €35 Million to in excess of €1 Billion).[3]

---

[3] Obviously, Debtors believe this claim to have value as they have already commenced an adversary proceeding, *Motors Liquidation Company, et al., v. Bayerische Motoren Werke Aktiengesellschaft* (Adv. No. 10-05006).

4. The most recent response to the Punch Proposal makes it even more evident that the sale process and the outcome proposed by the Debtors is designed to benefit only a few selected entities.

5. Accordingly, it is submitted that in order to have a fair and equitable means of ensuring that the proposed sale will bring the greatest benefit to the creditors it is necessary that an independent fiduciary be appointed who will fully evaluate the competing offers.

6. Alternatively, in the event that this Court should require an evidentiary hearing on the instant Motion and Objection, Punch respectfully requests that this Court schedule an evidentiary hearing on a date allowing sufficient time for Punch's witnesses to travel to New York and for an analysis of the competing proposals.[4]

---

[4] Pursuant to Southern District of New York Bankruptcy Local Rule 9014-2, the first scheduled hearing in a contested matter (e.g., a Motion and an Objection to a Motion), as with the hearing scheduled for September 7, 2010 in connection with this Motion, cannot be an evidentiary hearing at which witnesses may testify unless the contested matter falls within certain delineated exceptions, none of which is applicable here.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that the Court enter an order denying the Debtors' motion and appoint an independent fiduciary to evaluate between the GMH Proposal and the Punch Proposal.

Dated: New York, New York
September 1, 2010

Respectfully submitted,

 *s/S. Robert Schrager*
S. Robert Schrager
Garry Graber
**HODGSON RUSS LLP**
*Attorneys for Punch Corporation*
One Grand Central Place
60 East 42nd Street
New York, NY 10165
212-661-3535

- 4 -