Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                 :    **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :    **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*  :
                                          :
                         Debtors.         :    **(Jointly Administered)**
                                          :
------------------------------------------------------------x

## NOTICE OF THIRD AMENDMENT TO DIP CREDIT FACILITY

       PLEASE TAKE NOTICE that on June 25, 2009, this Court entered the *Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility (as amended, the "**DIP Credit Facility**") and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral, and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties (as amended, the "**Final DIP Order**")* [Docket No. 2529].[1]

       PLEASE TAKE FURTHER NOTICE that, pursuant to the Final DIP Order, the parties to the DIP Credit Facility may, from time to time, enter into amendments with respect thereto without further order of this Court; provided, that: (i) the DIP Credit Facility, as amended, is not materially different from the form approved by the Final DIP Order, (ii) notice of all amendments are filed with this Court, and (iii) notice of all amendments (other than those that are ministerial or technical and do not adversely affect the Debtors) are

---

[1] On July 5, 2009, this Court entered the *Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing* [Docket No. 2969].

provided in advance to counsel for the committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**") and any other statutory committee, all parties requesting notice in these cases, and the United States Trustee (the "**U.S. Trustee**").

PLEASE TAKE FURTHER NOTICE that on or around September 7, 2010, the parties to the DIP Credit Facility expect to enter into an amendment (the "**Third Amendment**") to the DIP Credit Facility, a copy of which is annexed hereto as **Exhibit A**. As more fully set forth therein, the Third Amendment provides that the definition of "Cash Equivalents" under the DIP Credit Facility shall be modified to included securities issued by the United States Department of the Treasury that may have maturities of fifteen (15) years or less from the date of acquisition.

Dated: New York, New York
September 2, 2010

                                         */s/ Stephen Karotkin*
                                         Harvey R. Miller
                                         Stephen Karotkin
                                         Joseph H. Smolinsky

                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone: (212) 310-8000
                                         Facsimile: (212) 310-8007

                                         Attorneys for Debtors
                                         and Debtors in Possession

3

**<u>Exhibit A</u>**

09-50026-mg    Doc 6846    Filed 09/02/10    Entered 09/02/10 17:32:06    Main Document
Pg 3 of 8

Execution Version

THIRD AMENDMENT TO
AMENDED AND RESTATED SECURED SUPERPRIORITY
DEBTOR-IN-POSSESSION CREDIT AGREEMENT

THIRD AMENDMENT, dated as of September [__], 2010 (this "Amendment") to the AMENDED AND RESTATED SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT, dated as of July 10, 2009 (as amended by the First Amendment, dated as of July 29, 2009, the Second Amendment, dated as of September 29, 2009, but effective as of September 1, 2009, and as otherwise amended, supplemented or otherwise modified from time to time, the "Credit Agreement"; capitalized terms used and not defined herein shall have the meanings ascribed to them in the Credit Agreement), among MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION), a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code (the "Borrower"), the Guarantors, the several lenders from time to time parties thereto (the "Lenders") and others.

W I T N E S S E T H:

WHEREAS, the Borrower has requested that the Lenders amend certain provisions of the Credit Agreement;

WHEREAS, the Lenders have agreed to make certain amendments to the Credit Agreement as described herein solely upon the terms and conditions provided for in this Amendment;

NOW, THEREFORE, in consideration of the premises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

1. Amendments to Section 1.1 of the Credit Agreement (Defined Terms). Section 1.1 of the Credit Agreement is hereby amended by inserting the following proviso at the end of clause (b) of the definition of "Cash Equivalents" :

"; provided, further, that securities issued by the United States Department of the Treasury may have maturities of fifteen (15) years or less from the date of acquisition".

2. Conditions to Effectiveness. This Amendment shall become effective upon the date (the "Third Amendment Effective Date") on which the Lenders shall have received this Amendment executed and delivered by a duly authorized officer of the Borrower, the Guarantors, the Pledgors, and the Required Lenders.

3. <u>Representations and Warranties</u>.  The Borrower and each other Loan Party hereby represents and warrants to each Lender in each case subject to the Wind-Down, the Orders, the Related Section 363 Transactions, the Cases, the Bankruptcy Code and all orders of the Bankruptcy Court issued in connection with the Cases, that as of the Third Amendment Effective Date (before and after giving effect to this Amendment):

(a) Such Loan Party has all necessary corporate or other power, authority and legal right to execute, deliver and perform its obligations under this Amendment.  The execution, delivery and performance by such Loan Party of this Amendment has been duly authorized by all necessary corporate or other action on its part.  This Amendment has been duly and validly executed and delivered by such Loan Party and constitutes a legal, valid and binding obligation of such Loan Party, enforceable against such Loan Party in accordance with its terms, subject to the Bankruptcy Exceptions.  Except as required under applicable state and federal bankruptcy rules, no authorizations, approvals or consents of, and no filings or registrations with, any Governmental Authority, or any other Person, are necessary for the execution, delivery or performance by such Loan Party of this Amendment for the legality, validity or enforceability hereof.

(b) Subject to the terms of the Orders, the execution and delivery of this Amendment will not (a) conflict with or result in a breach of (i) the charter, by laws, certificate of incorporation, operating agreement or similar organizational document of such Loan Party, (ii) any Requirement of Law, (iii) any Applicable Law, rule or regulation, or any order, writ, injunction or decree of any Governmental Authority, (iv) any material Contractual Obligation to which such Loan Party is a party or by which any of its Property is bound or to which any of its Property is subject, or (b) constitute a default under any material Contractual Obligation to which such Loan Party is a party or by which any of its Property is bound or to which any of its Property is subject, or (c) (except for Permitted Liens) result in the creation or imposition of any Lien upon any property of such Loan Party, pursuant to the terms of any such agreement or instrument.

(c) Each of the representations and warranties made by the Borrower or any other Loan Party herein or in or pursuant to the Loan Documents is true and correct in all material respects on and as of the Third Amendment Effective Date as if made on and as of such date (except that any representation or warranty that by its terms is made as of an earlier date is true and correct in all material respects as of such earlier date).

(d) After giving effect to this Amendment, no Default or Event of Default has occurred and is continuing, or will result from the consummation of the transactions contemplated by this Amendment.

4. <u>Limited Effect</u>.  Except as expressly provided hereby, all of the terms and provisions of the Credit Agreement and the other Loan Documents are and shall remain in full force and effect.  The amendments, consents and waivers contained herein shall not be construed as a waiver or amendment of any other provision of the Credit Agreement or the other Loan Documents or for any purpose except as expressly set forth herein or a consent to any further or future action on the part of the Borrower or the Guarantors that would require the waiver or consent of the Lenders.

       5.   GOVERNING LAW.  THIS AMENDMENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

       6.   Miscellaneous.  This Amendment may be executed by one or more of the parties to this Amendment on any number of separate counterparts, and all of said counterparts taken together shall be deemed to constitute one and the same instrument.  Copies of this Amendment signed by all parties hereto and thereto shall be lodged with the Borrower and each of the Lenders.  This Amendment may be delivered by facsimile or other electronic transmission of the relevant signature pages hereof.

       7.   Orders.  The terms and conditions hereunder shall be subject to the terms and conditions of the Orders.  In the event of any inconsistency between the terms or conditions of this Amendment and the terms and conditions of the Orders, the terms and conditions of the Orders shall control.

       8.   Acknowledgment and Consent.  Each of the undersigned parties to the Equity Pledge Agreement, the Guaranty and the other Loan Documents hereby (a) consents to the transactions contemplated by this Amendment and (b) acknowledges and agrees that the guarantees and grants of security interests made by such party contained in the Equity Pledge Agreement, the Guaranty and the other Loan Documents are, and shall remain, in full force and effect after giving effect to this Amendment.

[Signature Pages Follow]

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed and delivered by their respective proper and duly authorized officers as of the day and year first above written.

        MOTORS LIQUIDATION COMPANY, as Borrower and a Pledgor

By:_____
   Name:
   Title:

Guarantors and Pledgors:

MLC OF HARLEM, INC.
ENVIRONMENTAL CORPORATE
   REMEDIATION COMPANY, INC.
REMEDIATION AND LIABILITY
   MANAGEMENT COMPANY, INC.
MLCS, LLC
MLCS DISTRIBUTION CORPORATION

By:_____
   Name:
   Title:

[Signature Page to Third Amendment]

        UNITED STATES DEPARTMENT OF THE
           TREASURY, as a Lender


By:_____
  Name:
  Title:

[Signature Page to Third Amendment]