Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*, :        **09-50026 (REG)**
        **f/k/a General Motors Corp.**, *et al.* :
                                          :
                        **Debtors.**      :        **(Jointly Administered)**
                                          :
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION FOR AN ORDER
(I) APPROVING NOTICE OF DISCLOSURE STATEMENT
HEARING; (II) APPROVING DISCLOSURE STATEMENT; (III) ESTABLISHING
A RECORD DATE; (IV) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE PLAN; (V) APPROVING
SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION
THEREOF; (VI) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING
PROCEDURES FOR VOTING ON THE PLAN; AND (VII) APPROVING THE
FORM OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN**

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 3,

2010 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors (collectively, the "**Debtors**"), for an order (i) approving notice of the

disclosure statement hearing; (ii) approving the disclosure statement filed in connection with the

Debtors' Joint Chapter 11 Plan, dated August 31, 2010 (the "**Plan**"); (iii) establishing a record

date for notice of the hearing on confirmation of the Plan and for voting on the Plan; (iv)

establishing notice and objection procedures with respect to the hearing on confirmation of the

Plan; (v) approving the solicitation and notice packages and procedures for distribution thereof in

connection with voting on the Plan; (vi) approving the forms of ballots and establishing

procedures for voting on the Plan; and (vii) approving the form of notice to non-voting classes

under the Plan, all as more fully set forth in the Motion, a hearing will be held before the

Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **October 21, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil,

Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York

10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit,

Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin &

Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding

asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:

Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,

Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi)

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.

Trafelet in his capacity as the legal representative for future asbestos personal injury claimants,

2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert

T. Brousseau, Esq.), so as to be received no later than **October 14, 2010, at 4:00 p.m. (Eastern

Time)** (the "**Objection Deadline**").

> PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
     September 3, 2010

        /s/ Stephen Karotkin
        Harvey R. Miller
        Stephen Karotkin
        Joseph H. Smolinsky

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtors
        and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
**In re**                                  :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  :
                                          :
                        **Debtors.**       :        **(Jointly Administered)**
                                          :
------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER (I) APPROVING NOTICE OF
DISCLOSURE STATEMENT HEARING; (II) APPROVING DISCLOSURE
STATEMENT; (III) ESTABLISHING A RECORD DATE; (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF
THE PLAN; (V) APPROVING SOLICITATION PACKAGES; AND
PROCEDURES FOR DISTRIBUTION THEREOF; (VI) APPROVING THE
FORMS OF BALLOTS AND ESTABLISHING PROCEDURES
FOR VOTING ON THE PLAN; AND (VII) APPROVING THE
FORM OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN**

# TABLE OF CONTENTS

**Page**

Summary of Relief Requested ................................................................................... 1

Jurisdiction ................................................................................................................ 2

I.  APPROVAL OF FORM OF NOTICE OF DISCLOSURE STATEMENT
    HEARING AND PROCEDURES FOR FILING OF OBJECTIONS TO THE
    PROPOSED DISCLOSURE STATEMENT ..................................................... 2

    A.  Approval of Notice of Disclosure Statement Hearing ........................... 2

    B.  Approval of Procedures for the Filing of Objections to the Disclosure
        Statement ............................................................................................... 4

II.  THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION
     AND SHOULD BE APPROVED .................................................................... 6

III. ESTABLISHING A RECORD DATE .......................................................... 10

IV.  ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
     CONFIRMATION OF THE PLAN ............................................................... 11

     A.  Setting the Confirmation Hearing ....................................................... 11

     B.  Establishing Procedures for Notice of the Confirmation Hearing ...... 11

     C.  Establishing Procedures for Objections to the Plan ........................... 12

V.   APPROVING SOLICITATION PACKAGES AND PROCEDURES
     FOR DISTRIBUTION ................................................................................. 15

VI.  APPROVING FORMS OF BALLOTS AND MASTER BALLOTS AND
     ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN ............. 19

     A.  Approval of Form of Ballots and Distribution Thereof ..................... 19

     B.  Approval of Use of Master Ballots and Distributions Thereof .......... 19

     C.  Establishing Voting Deadline For Receipt Of Ballots ....................... 23

     D.  Approval of Procedures for Vote Tabulation ..................................... 23

VII. APPROVAL OF FORM OF NOTICES TO NON-VOTING CLASSES ...... 28

     A.  Notice of Non-Voting Status to Holders of Claims Deemed to
         Accept the Plan ................................................................................... 28

     B.  Notice of Non-Voting Status to Holders of Interests Deemed to
         Reject the Plan .................................................................................... 29

Notice ...................................................................................................................... 31

i

## TABLE OF CONTENTS
### (continued)

**Exhibits**

**Exhibit A**: Disclosure Statement Notice
**Exhibit B**: Notice of Confirmation Hearing
**Exhibit C**: List of all Classes and Interests
**Exhibit D**: Notice of Non-Voting Status – Unimpaired Classes
**Exhibit E**: Notice of Non-Voting Status – Impaired Class
**Exhibit F**: Form of Ballots
**Exhibit G**: Proposed Order

# TABLE OF AUTHORITIES

## CASES

*In re Adelphia Commc'ns Corp.*, 352 B.R. 592 (Bankr. S.D.N.Y. 2006) .......................7

*Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R. 856 (E.D.N.Y. 2008)..............................................................................................7

*In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973 (Bankr. N.D.N.Y. 1988) .................7

*In re Dakota Rail Inc.*, 104 B.R. 138 (Bankr. D. Minn. 1989).......................................8

*In re Ferretti*, 128 B.R. 16 (Bankr. D.N.H. 1991) ....................................................7, 9

*In re Friese*, 103 B.R. 90 (Bankr. S.D.N.Y. 1989) ......................................................30

*In re Fur Creations by Varriale, Ltd.*, 188 B.R. 754 (Bankr. S.D.N.Y. 1995)............30

*Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694 (4th Cir. 1989)................7

*In re Oxford Homes, Inc.*, 204 B.R. 264 (Bankr. D. Me. 1997) .....................................8

*In re Phoenix Petroleum Co.*, 278 B.R. 385 (Bankr. E.D. Pa. 2001) .........................8, 9

*In re Quigley Co., Inc.*, 346 B.R. 647 (Bankr. S.D.N.Y. 2006).....................................30

*In re Radco Props., Inc.*, 402 B.R. 666 (Bankr. E.D.N.C. 2009) ...................................7

*In re Scioto Valley Mortgage Co.*, 88 B.R. 168 (Bankr. S.D. Ohio 1988) ......................9

*In re Source Enters. Inc.*, Ch. 11 Case No. 06-11707 (AJG), 2007 Bankr. LEXIS 4770 (Bankr. S.D.N.Y. 2007) .................................................................................9

*Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) ...............................................................................................7

## STATUTES

11 U.S.C. § 105................................................................................................1, 31

11 U.S.C. § 363...................................................................................................10

11 U.S.C. § 502.....................................................................................................1

11 U.S.C. § 1125 ................................................................................. 1, 2, 6, 7, 10, 16

11 U.S.C. § 1126 ................................................................................. 18, 24, 29

28 U.S.C. § 157 ................................................................................... 2, 7

28 U.S.C. § 1334 ................................................................................. 2

## BANKRUPTCY RULES

Fed. R. Bankr. P. 2002 ....................................................................... 1, 2, 3, 11, 12, 15, 17

Fed. R. Bankr. P. 3017 ....................................................................... 1, 2, 6, 10, 11, 15, 18, 19, 23, 29, 30

Fed. R. Bankr. P. 3018 ....................................................................... 1, 10, 24, 26

## LOCAL BANKRUPTCY RULES

S.D.N.Y. LBR 3017-1 ......................................................................... 1, 2

S.D.N.Y. LBR 3018-1 ......................................................................... 1

S.D.N.Y. LBR 3020-1(a) ..................................................................... 1, 13, 15

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

<u>**Summary of Relief Requested**</u>

1.       On August 31, 2010, the Debtors filed their Joint Chapter 11 Plan (as it

may be further amended, modified, and supplemented, the "**Plan**") [Docket No. 6829], and their

related Proposed Disclosure Statement for Debtors' Joint Chapter 11 Plan (as it may be

amended, modified, and supplemented, the "**Disclosure Statement**") [Docket No. 6830].  In

accordance with Rule 3017(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), the Debtors have obtained from the Court a date and time for a hearing to consider,

inter alia, approval of the Disclosure Statement, which will be held at 9:45 a.m. (Eastern Time)

on October 21, 2010 (the "**Disclosure Statement Hearing**").  The Plan provides for, inter alia,

the liquidation of certain of the Debtors' remaining assets and the establishment of certain trusts

to address certain environmental remediation obligations and to make distributions to creditors

holding allowed claims.  A list of all classes and interests, as set forth in the Plan and Disclosure

Statement, is annexed hereto as **Exhibit "C."**

2.       By this Motion and pursuant to sections 105, 502, 1125, 1126, and 1128 of

title 11, United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002, 3017, 3018, and

3020, and Rules 3017-1, 3018-1, and 3020-1(a) of the Local Bankruptcy Rules for the Southern

District of New York (the "**Local Rules**"), the Debtors seek an order (the "**Proposed Order**")

(i) approving the form of notice of the Disclosure Statement Hearing provided by the Debtors in

connection with the filing of this Motion, (ii) approving the Disclosure Statement under section

1125 of the Bankruptcy Code, (iii) establishing a record date for notice of the Confirmation

Hearing (as defined below) and for voting on the Plan, (iv) establishing notice and objection

procedures with respect to the Confirmation Hearing, (v) approving the Notice Packages (as

defined below) and procedures for the distribution thereof, (vi) approving the forms of ballots

and establishing procedures for voting on the Plan, and (vii) approving the forms of notice to

non-voting classes, substantially in the forms annexed hereto collectively as **Exhibits "D"** and

**"E"** (the "**Non-Voting Classes Notices**").  A copy of the Proposed Order is annexed hereto as

**Exhibit "G"**).  As described in detail below, the Debtors seek the Court's approval of various

substantive and procedural matters central to the Plan confirmation process and to the

completion of these chapter 11 cases.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## I.    APPROVAL OF FORM OF NOTICE OF DISCLOSURE STATEMENT HEARING AND PROCEDURES FOR FILING OF OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT

### A.    Approval of Notice of Disclosure Statement Hearing

4.      In accordance with Bankruptcy Rules 3017(a) and 2002 and Local Rule

3017-1, in connection with the filing of this Motion, on or before September 13, 2010, the

Debtors will serve a notice of the hearing on this Motion to, inter alia, approve the Disclosure

Statement (the "**Disclosure Statement Notice**") substantially in the form annexed hereto as

**Exhibit "A,"** by electronic transmission, by overnight mail, or by first class mail upon all

required parties (the "**Notice Parties**").[1]  The Disclosure Statement Notice provides the Notice

Parties with at least 28 days' notice of the time, date, and place for filing objections to the

proposed Disclosure Statement, as well at least 35 days' notice of the Disclosure Statement

Hearing.  Accordingly, the Debtors request that the Court approve the Disclosure Statement

Notice and the notice given thereby as adequate.

     5.     Bankruptcy Rule 2002(l) permits the Court to order "notice by publication

if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

Fed. R. Bankr. P. 2002(l).  In addition to mailing the Disclosure Statement Notice to the Notice

Parties, the Debtors will publish the Disclosure Statement Notice on or before September 17,

2010, once in each of:  *The Wall Street Journal* (Global Edition—North America, Europe, and

---

[1] The Notice Parties include:  (i) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (viii) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (ix) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (x) the Securities and Exchange Commission; (xi) all known holders of claims listed on the Debtors' schedules at the addresses stated therein (as amended or supplemented from time to time); (xii) all parties who filed proofs of claim against any of the Debtors' estates that have not been expunged and disallowed by final order; (xiii) all parties who have requested notice pursuant to Bankruptcy Rule 2002; (xiv) the Internal Revenue Service; and (xv) the registered holders of the Debtors' debt and equity securities.

Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe and Mail* (National), and *The National Post*. The Debtors believe that such publication of the Disclosure Statement Notice will provide sufficient notice to persons who do not otherwise receive notice by mail. The Debtors request that the Court approve such notice as adequate.

6.      Further, the Debtors will provide, at their expense, copies of the proposed Disclosure Statement and Plan to any party in interest upon request made to The Garden City Group, Inc. ("**GCG**"), the Debtors' voting agent (the "**Voting Agent**"), at the following address:

| If by overnight or hand delivery: | If by standard mailing: |
|---|---|
| The Garden City Group, Inc. | The Garden City Group, Inc. |
| 5151 Blazer Parkway, Suite A | P.O. Box 9386 |
| Dublin, OH 43017 | Dublin, OH 43017-4286 |
| <u>Attn</u>: Motors Liquidation Company | <u>Attn</u>: Motors Liquidation Company |
| Balloting Center | Balloting Center |

Moreover, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours and are available on the Debtors' website at www.motorsliquidationdocket.com.

7.      The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing for all purposes and, accordingly, request that the Court approve such procedures as adequate.

**B.      Approval of Procedures for the Filing of
Objections to the Disclosure Statement**

8.      The Disclosure Statement Hearing Notice provides that objections to the proposed Disclosure Statement, if any, must:

(a)      be in writing,

(b)      state the name and address of the objecting party and the amount and nature of the claim or interest of such party,

4

(c)    state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response,

(d)    conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court,

(e)    be filed with the Bankruptcy Court (i) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (ii) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and

(f)    be served in accordance with General Order M-242 no later than 4:00 p.m. (Eastern Time), on October 14, 2010 (which is seven (7) days prior to the Disclosure Statement Hearing), on the following parties —

(a)    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(b)    the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger);

(c)    General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

(d)    Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

(e)    the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(f)    Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(g)    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the "**Creditors' Committee**"), 1177 Avenue of the Americas, New York, New York 10036 (Attn:

Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(h)    the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(i)    the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

(j)    Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims (the "**Asbestos Claimants' Committee**"), 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and

(k)    Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants (the "**Future Claimants' Representative**"), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

9.      The Debtors request that the Court approve, pursuant to Bankruptcy Rule 3017, the procedure and timing for filing objections to the proposed Disclosure Statement, as set forth in the Disclosure Statement Notice.

## II.      THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

10.     Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed chapter 11 plan.  In that regard, section 1125(a)(1) of the Bankruptcy Code provides:

"adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor

> to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  Thus, a debtor's disclosure statement must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan.  *See Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R. 856, 866 (E.D.N.Y. 2008) (holding that a disclosure statement was adequate where it "enable[d] a reasonable creditor to make an informed judgment about the [p]lan"); *see also In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 600 (Bankr. S.D.N.Y. 2006) (explaining that "an adequate disclosure determination requires a bankruptcy court to find not just that there is enough information, but also that what is said is not misleading"); *In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

11.     The bottom-line requirement of a disclosure statement is that it must clearly and succinctly inform the "average unsecured creditor 'what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'"  *In re Radco Props., Inc.*, 402 B.R. 666 (Bankr. E.D.N.C. 2009) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).  In examining the adequacy of the information contained in a disclosure statement, the Bankruptcy Court has broad discretion.  *See Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694, 696 (4th Cir. 1989); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes,*

7

*Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so that Bankruptcy Courts can exercise discretion to tailor them to each case's particular circumstances); *In re Dakota Rail Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail").  This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977).  "In reorganization cases, there is frequently great uncertainty.  Therefore the need for flexibility is greatest."  *Id.* at 409.  Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

12.     In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

(a)     the circumstances that gave rise to the filing of the bankruptcy petition;

(b)     a description of the available assets;

(c)     the anticipated future of the debtor;

(d)     the source of the information provided in the disclosure statement;

(e)     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f)     the condition and performance of the debtor while in chapter 11;

(g)     information regarding claims against the estate;

8

(h)     a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i)     the accounting and other relevant methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(k)     a summary of the plan of reorganization or liquidation;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the collectibility of any accounts receivable;

(n)     any financial information, valuations, or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood, and possible success of nonbankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also In re Source Enters. Inc.*, Ch. 11 Case No. 06-11707 (AJG), 2007 Bankr. LEXIS 4770, at *7-8 (Bankr. S.D.N.Y. 2007) (using similar list).  This list is not meant to be comprehensive; neither must a debtor provide all the information on the list; rather, the court must decide what is appropriate and relevant in each case.  *See Ferretti,* 128 B.R. at 18-19 (adopting similar list); *see also Phoenix Petroleum,* 278 B.R. at 393 (making use of similar list but cautioning that "no one list of categories will apply in every case").

9

13.     The Debtors submit that the Disclosure Statement contains information with respect to the applicable subject matters identified above, including, but not limited to, a discussion of (i) the Plan and the securities and other assets proposed to be distributed thereunder, (ii) certain events preceding the Debtors' chapter 11 cases, (iii) the continued liquidation of certain of the Debtors' remaining assets subsequent to the sale of substantially all assets under section 363(b) of the Bankruptcy Code authorized by the Court on July 5, 2009, (iv) the indebtedness of the Debtors, (v) information regarding claims to be addressed by the Plan, (vi) the administration of the Debtors' estates following confirmation of the Plan, and (vii) the tax consequences of the Plan.

14.     Accordingly, the Debtors submit that the Disclosure Statement contains adequate information and respectfully request that the Court approve the Disclosure Statement as it clearly meets the requirements of section 1125 of the Bankruptcy Code.

## III.    ESTABLISHING A RECORD DATE

15.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Because votes on the Plan will be solicited with respect to securities held in street name, in order to facilitate the voting process a date certain is needed for a record date so that the record holders have adequate time to implement the voting process. Accordingly, the Debtors propose that the record date for purposes of determining which creditors are entitled to vote on

the Plan (the "**Record Date**") be set as the date which is three (3) business days preceding the

Disclosure Statement Hearing.

## IV.    ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN

### A.    Setting the Confirmation Hearing

16.    Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

17.    In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of

the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on

confirmation of the Plan (the "**Confirmation Hearing**") be scheduled for a date that is

approximately sixty (60) days after the anticipated date for the entry of the Proposed Order.  The

Confirmation Hearing may be continued from time to time by the Court or the Debtors without

further notice except for adjournments announced in open Court or as indicated in any notice of

agenda of matters scheduled for hearing filed with the Court.  The proposed date for the

Confirmation Hearing is in compliance with the Bankruptcy Rules and will enable the Debtors to

pursue consummation of the Plan in a timely manner.

### B.    Establishing Procedures for Notice of the Confirmation Hearing

18.    Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28)

days' notice to all creditors and equity security holders of the time fixed for filing objections and

holding the hearing to consider confirmation of a chapter 11 plan.  In accordance with

Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all known creditors and

11

equity security holders, simultaneously with the distribution of the Notice Packages (as defined below) to those entities entitled thereto, a copy of the notice substantially in the form annexed hereto as **Exhibit "B"** (the "**Confirmation Hearing Notice**"), setting forth (i) the Voting Deadline (as defined below) for the submission of ballots to accept or reject the Plan, (ii) the time fixed for filing objections to confirmation of the Plan, and (iii) the time, date, and place for the Confirmation Hearing.

19.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish the Confirmation Hearing Notice, not less than twenty-eight (28) days before the time fixed for filing objections to confirmation of the Plan, once in each of:  *The Wall Street Journal (Global Edition—North America, Europe, and Asia), The New York Times (National), USA Today (Monday through Thursday, National), The Globe and Mail (National), and The National Post*.  Additionally, the Confirmation Hearing Notice will be available electronically on the Debtors' website, www.motorsliquidationdocket.com.  The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the Voting Deadline, the time fixed for filing objections to confirmation of the Plan, and the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in the Proposed Order.

20.    The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Court deem such notice adequate.

C.    **Establishing Procedures for Objections to the Plan**

21.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a

plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).

Local Rule 3020-1(a) requires that objections to confirmation of a plan be filed no later than

seven (7) days before the Confirmation Hearing.  The Confirmation Hearing Notice provides,

and the Debtors request that the Court direct, that objections, if any, to confirmation of the Plan

must:

(a)    be in writing,

(b)    state the name and address of the objecting party and the amount and nature of the claim or interest of such party,

(c)    state with particularity the basis and nature of any objection,

(d)    conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court,

(e)    be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and

(f)    served in accordance with General Order M-242 no later than 4:00 p.m. (Eastern Time), on the date which is seven (7) days prior to the Confirmation Hearing, on the following parties —

(i)    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii)    the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger);

(iii)    General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

13

(iv)     Cadwalader, Wickersham & Taft LLP, attorneys for the United
         States Department of the Treasury, One World Financial Center,
         New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

(v)      the United States Department of the Treasury, 1500 Pennsylvania
         Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph
         Samarias, Esq.);

(vi)     Vedder Price, P.C., attorneys for Export Development Canada,
         1633 Broadway, 47th Floor, New York, New York 10019 (Attn:
         Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii)    Kramer Levin Naftalis & Frankel LLP, attorneys for the Creditors'
         Committee, 1177 Avenue of the Americas, New York, New York
         10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq.,
         Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii)   the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New
         York 10004 (Attn: Tracy Hope Davis, Esq.);

(ix)     the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third
         Floor, New York, New York 10007 (Attn: David S. Jones, Esq.
         and Natalie Kuehler, Esq.);

(x)      Caplin & Drysdale, Chartered, attorneys for the Asbestos
         Claimants' Committee, 375 Park Avenue, 35th Floor, New York,
         New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C.
         Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,
         Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and
         Kevin C. Maclay, Esq.); and

(xi)     Stutzman, Bromberg, Esserman & Plifka, A Professional
         Corporation, attorneys for Dean M. Trafelet in his capacity as the
         Future Claimants' Representative, 2323 Bryan Street, Suite 2200,
         Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert
         T. Brousseau, Esq.).

22.     The Debtors further request that the Court set as the deadline for the

Debtors to file and serve replies or an omnibus reply to any objections to confirmation of the

Plan, 12:00 noon (Eastern Time) on the date that is two (2) business days before the

Confirmation Hearing.

23.     The proposed timing for service of objections and replies, if any, will

afford the Court and the Debtors sufficient time to consider the objections before the

Confirmation Hearing and allow the Debtors to file their reply with the Court, if necessary.  The

Debtors request that the Court approve this schedule pursuant to Bankruptcy Rule 3020 and

Local Rule 3020-1(a).

## V.     APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION

24.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of claims and equity interests for the purpose of soliciting their votes and providing

adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, -- except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders -- the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)   the plan or a court-approved summary of the plan;
>
> (2)   the disclosure statement approved by the court;
>
> (3)   notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)   any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

25.     After the Court has approved the Disclosure Statement as containing

adequate information as required by section 1125 of the Bankruptcy Code, the Debtors propose

to mail or cause to be mailed the following materials in connection with the voting on the Plan

and notice of the Confirmation Hearing (the "**Notice Packages**") and the filing of objections to

confirmation of the Plan:

(a)     With respect to holders of Claims in Class 3 (General Unsecured
Claims) and Claims in Class 5 (Asbestos Personal Injury Claims):

(i)     a copy of the Order granting the relief requested herein
(without any exhibits) and approving the Disclosure
Statement;

(ii)    the Confirmation Hearing Notice;

(iii)   the Disclosure Statement (with the Plan annexed thereto);[2]

(iv)    copies of any letter(s) recommending acceptance of the
Plan;[3] and

(v)     an appropriate form of Ballot (as defined below) and
appropriate return envelope.[4]

---

[2] Copies of the materials contained in the Notice Packages (excluding the Confirmation Hearing Notice
and the Ballots) may be provided on CD-ROM at the Debtors' discretion; *provided, however,* that any
party may request to receive paper copies of such materials from GCG at no cost to such party.

[3] The letters recommending acceptance of the Plan have not been attached as an exhibit to this Motion.
The Debtors intend to file copies of any such letters with the Court before the Disclosure Statement
Hearing.

[4] Consistent with securities industry practice in bankruptcy solicitations, Ballots will be distributed to
Master Ballot Agents (as defined below) together with the Notice Packages to be forwarded by them to
the beneficial owners.  Master Ballots (as defined below) will be distributed to Master Ballot Agents
approximately seven (7) days after the initial distribution of Notice Packages to the Master Ballot Agents.
Asbestos Master Ballots (as defined below) may be furnished to certain law firms that filed proofs of
claim on behalf of one or more holders of Asbestos Personal Injury Claims.

In addition, the attorneys for the Creditors' Committee, the attorneys for the Asbestos Claimants'
Committee, the attorneys for the Future Claimants' Representative, the U.S. Trustee, the Securities
Exchange Commission, the Internal Revenue Service, the United States Department of Justice, the United
States Department of the Treasury, the attorneys for EDC, and the Pension Benefit Guaranty Corporation

    (b)    With respect to holders of claims or equity interests that are unimpaired or impaired and not entitled to vote on the Plan:

        (i)    the Confirmation Hearing Notice; and

        (ii)    a Notice of Non-Voting Status – Unimpaired Classes (as defined below) or a Notice of Non-Voting Status – Impaired Class (as defined below), as applicable.

26.    The Debtors also propose to mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions set forth above) to (i) all Notice Parties, (ii) all persons or entities that filed proofs of claim on or before the date of the Disclosure Statement Hearing, except to the extent a claim was paid pursuant to, or expunged by, prior order of the Bankruptcy Court, (iii) all persons or entities listed in the applicable Debtor's schedules of liabilities, dated September 15, 2009 and October 15, 2009, as applicable (collectively and as amended, the "**Schedules**") as holding liquidated, noncontingent, and undisputed claims[5] in an amount greater than zero, (iv) the transfer agent(s) and the registered holders of the Debtors' debt and equity securities as of the Record Date, (v) all other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases, and (vi) any other known holders of claims against or equity interests in the Debtors.

---

will be served with a copy of the Disclosure Statement (together with the Plan annexed thereto), the Order approving the Disclosure Statement and the Confirmation Hearing Notice.

[5] Bankruptcy Rule 3003(c)(2) provides in relevant part that "[a]ny creditor … whose claim … is not scheduled or scheduled as disputed, contingent, or unliquidated … who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).

27.    The Debtors expect that all of the foregoing distributions can be completed no later than fourteen (14) days (the "**Solicitation Date**") following entry of the Proposed Order.

28.    Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for the following claims against the Debtors and interests in the Debtors will not include a Ballot: holders of (i) claims against the Debtors placed within a class under the Plan that is conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, and (ii) interests in the Debtors placed within a class under the Plan that is deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.  Instead, as stated, the Notice Packages for such holders of claims or interests will include either (i) a Notice of Non-Voting Status – Unimpaired Classes (as defined below) or (ii) a Notice of Non-Voting Status – Impaired Class (as defined below) and a copy of the Confirmation Hearing Notice.  To that end, the Debtors request that the Court determine that they are not required to distribute copies of the Plan and Disclosure Statement to any holder of a claim in a Class that is unimpaired under the Plan, or to any holder of an interest in Class 6 (Equity Interests in MLC), unless such party otherwise makes a request in writing to the Debtors for copies of such documents.

29.    In addition, to avoid duplication and reduce expenses, the Debtors propose that creditors who have filed duplicate claims against the Debtors (whether against the same or multiple Debtors) which are classified under the Plan in the same class should be required to receive only one Notice Package and the appropriate number of Ballots (if applicable) for voting their claims with respect to that class.

30.    The Debtors also propose that notice need not be sent to creditors whose claims are based solely on amounts scheduled by the Debtors but whose claims already have

been paid in the full scheduled amount; *provided, however*, if, and to the extent that, any such creditor would be entitled to receive notice for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, such creditor will be sent notice in accordance with the procedures set forth above.  In addition, the Debtors request that they not be required to send notice to any creditor who filed a proof of claim if the amount asserted in such proof of claim is less than or equal to the amount scheduled for such claim and such amount has already been paid.

31.    The Debtors anticipate that some notices may be returned by the United States Postal Service as undeliverable.  The Debtors believe that it would be costly and wasteful to mail such notices to the same addresses to which undeliverable notices were mailed. Therefore, the Debtors seek the Court's approval for a departure from the strict notice rule, excusing the Debtors from mailing such notices to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities prior to twenty-five (25) days before the Voting Deadline.

32.    The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures.

## VI.    APPROVING FORMS OF BALLOTS AND MASTER BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN

### A.    Approval of Form of Ballots and Distribution Thereof

33.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan."  Fed. R. Bankr. P. 3017(d).  The Debtors intend to distribute ballots to holders of claims in Class 3 (General Unsecured Claims) and Class 5 (Asbestos

Personal Injury Claims) under the Plan, which classes are entitled to vote to accept or reject the

Plan.  The forms of ballots are substantially in the form annexed hereto as **Exhibit "F"** (the

"**Ballots**") and are based on Official Form No. 14, but have been modified to address the

particular aspects of these cases and to include certain additional information relevant and

appropriate for each such voting class.

### B.    Approval of Use of Master Ballots and Distributions Thereof

34.    With respect to the Ballots that will be sent to certain holders of claims in

Class 3 (General Unsecured Claims), in particular, holders of claims (i) under the notes, bonds,

and debentures that are subject to the Indentures (as defined in the Plan) (the "**Note Claims**"), or

(ii) under the notes, bonds, and debentures under (a) that certain Fiscal and Paying Agency

Agreement, dated as of July 3, 2003, among MLC, Deutsche Bank AG London, and Banque

Générale du Luxembourg S.A., (b) that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among General Motors Nova Scotia Finance Company, MLC, Deutsche Bank

Luxembourg S.A., and Banque Générale du Luxembourg S.A., and (c) that certain Bond

Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors

Corporation and Credit Suisse (the "**Eurobond Claims**"), the Debtors request authority to send

Ballots to record holders of such Note Claims and Eurobond Claims, including, without

limitation, Euroclear Bank ("**Euroclear**") and Clearstream Bank ("**Clearstream**"), brokers,

banks, dealers, or other agents or nominees (collectively, the "**Master Ballot Agents**").  Each

Master Ballot Agent will be entitled to receive reasonably sufficient copies of beneficial owner

Ballots for holders of Note Claims and Eurobond Claims in substantially the form annexed

hereto in **Exhibit "F"** (each, a "**Beneficial Owner Ballot**") and Notice Packages to distribute to

the beneficial owners of the Note Claims and Eurobond Claims for whom such Master Ballot

20

Agent holds such Note Claims and Eurobond Claims.  The Debtors shall be responsible for each

such Master Ballot Agent's reasonable, documented costs and expenses associated with the

distribution of copies of Beneficial Owner Ballots and Notice Packages to the beneficial owners

of the Note Claims and Eurobond Claims and tabulation of the Beneficial Owner Ballots.

Additionally, each Master Ballot Agent will receive returned Beneficial Owner Ballots from the

beneficial owners, tabulate the results, and return, inter alia, such results to the Debtors' voting

agent, GCG, in a ballot (a "**Master Ballot**") by the Voting Deadline (as defined below), or

arrange for beneficial holders to receive "prevalidated" Ballots for direct return to GCG before

the Voting Deadline.

        35.     A Master Ballot Agent has two options with respect to voting.  Under the

first option, the Master Ballot Agent will forward the Notice Package to each beneficial owner of

the Note Claim and/or Eurobond Claim entitled to vote on the Plan for voting and include a

return envelope provided by and addressed to the Master Ballot Agent, so that the beneficial

owner may return the completed Beneficial Owner Ballot to the Master Ballot Agent.  The

Master Ballot Agent will then summarize the individual votes of its respective beneficial owners

from their individual Beneficial Owner Ballots on the appropriate Master Ballot, in substantially

the form of the Master Ballot (and instructions attached thereto) annexed hereto as **Exhibit "F,"**

and then return the Master Ballot to GCG by the Voting Deadline.  The Master Ballot Agent

should advise the beneficial owners to return their Beneficial Owner Ballots to the Master Ballot

Agent by a date calculated by the Master Ballot Agent to allow it to prepare and return the

Master Ballot to GCG so that the Master Ballot is actually received by GCG by the Voting

Deadline.  Under the second option, the Master Ballot Agent elects to "prevalidate" the

Beneficial Owner Ballot contained in the Notice Package and then forward the Notice Package to

the beneficial owner of the Note Claim and/or Eurobond Claim for voting within seven (7)

business days after the receipt by such Master Ballot Agent of the Notice Package, with the

beneficial owner then returning the Beneficial Owner Ballots directly to GCG in the return

envelope to be provided in the Notice Package.  A Master Ballot Agent "prevalidates" a

beneficial owner's Beneficial Owner Ballot by, inter alia, (i) indicating thereon the name and

address of the record holder of the Note Claim and/or Eurobond Claim to be voted, the amount

of the Note Claim and/or Eurobond Claim held by the beneficial owner as of the Record Date,

and the appropriate account numbers through which the beneficial owner's holdings are derived,

and (ii) executing the beneficial owner's Beneficial Owner Ballot.  The beneficial owner shall

return the "prevalidated" Beneficial Owner Ballot directly to GCG by the Voting Deadline.

36.    Notwithstanding any other provision of this Motion, transmittal of Notice

Packages to any holders of Note Claims and Eurobond Claims held exclusively through

Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered

by electronic transmission on or before the Solicitation Date to Euroclear and Clearstream.

37.    A large number of proofs of claim asserting asbestos personal injury

claims (the "**Asbestos Personal Injury Claims**") are filed by attorneys and contain claims on

behalf of multiple individuals.  To simplify voting with respect to Class 5 (Asbestos Personal

Injury Claims) under the Plan, the Debtors propose the following:

> (a)    to the extent a proof of claim has been filed by an attorney and asserts one or more Asbestos Personal Injury Claims, the applicable Notice Package shall be sent to such attorney and Notice Packages shall not be sent to the individual claimants set forth in such proofs of claim;

> (b)    an attorney who receives a Notice Package as provided in the preceding clause shall have the authority to cast Ballots for the holders of the Asbestos Personal Injury Claims set

forth in the applicable proof of claim, subject to such attorney certifying that he or she has the authority to do so on the "Asbestos Master Ballot" referred to below. Any such attorney shall have the responsibility to furnish to his or her clients a copy of the Notice Package to the extent such attorney believes it is necessary or required, and the Debtors shall have no responsibility to do so; and

(c)     attorneys who have the authority to cast Ballots on behalf of claimants as provided above shall submit a master ballot substantially in the form annexed hereto as **Exhibit "F"** (the "**Asbestos Master Ballot**"), in accordance with the following procedures:

(i)     the Asbestos Master Ballot shall contain a certification to be completed by the attorney preparing and signing it pursuant to which the attorney will certify that it has the authority to cast a Ballot on the Plan on behalf of the holders of Asbestos Personal Injury Claims listed on the Exhibit attached to the Asbestos Master Ballot. If the attorney cannot make such a certification on behalf of any claimant, neither the attorney nor the claimant may vote on the Plan unless the claimant receives a Ballot in connection with another proof of claim filed by or on behalf of such claimant;

(ii)     each attorney shall prepare a summary sheet which shall be an exhibit to the Asbestos Master Ballot and will list each individual holder of an Asbestos Personal Injury Claim set forth in the applicable proof of claim on behalf of whom the attorney has the authority to vote and is voting on the Plan and whether such claimant votes to accept or reject the Plan; and

(iii)     the entire summary sheet must be attached as an exhibit to the Asbestos Master Ballot, and the completed Asbestos Master Ballot and the exhibit must be returned to GCG by the Voting Deadline.

## C.     <u>ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS</u>

38.     Bankruptcy Rule 3017(c) provides that, on or before approval of a

disclosure statement, the court shall fix a time within which the holders of claims or equity

security interests may accept or reject a plan.  As stated, the Debtors anticipate commencing the

solicitation period within fourteen (14) days after entry of the Proposed Order.  Based on such

schedule, the Debtors propose that in order to be counted as a vote to accept or reject the Plan,

each Ballot, Master Ballot, or Asbestos Master Ballot must be properly executed, completed, and

delivered to GCG, by (i) first-class mail, in the return envelope provided, (ii) overnight courier,

or (iii) personal delivery so that it is received by GCG no later than 5:00 p.m. (Eastern Time) on

the date that is seventeen (17) days before the date set for the Confirmation Hearing (the "**Voting**

**Deadline**").  This solicitation period should be a sufficient period within which creditors entitled

to vote can make an informed decision to accept or reject the Plan.

       **D.**     **Approval of Procedures for Vote Tabulation**

       39.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two-thirds in
> amount and more than one-half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow the claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

       i.     ***Ballot Tabulation***

       40.     Solely for purposes of voting to accept or reject the Plan and not for the

purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the

rights of the Debtors in any other context, the Debtors propose that each claim within a class of

claims entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to

the amount of such claim as set forth in a timely filed proof of claim, or, if no proof of claim was

filed, the amount of such claim as set forth in the Schedules.  The foregoing general procedure

will be subject to the following exceptions:

(a)     If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)     If a claim for which a proof of claim has been timely filed is by its terms contingent, unliquidated, or disputed, the Debtors propose that such claim be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such claim is disputed in the manner set forth in subparagraph (g) below;

(c)     If a claim is in Class 5 (Asbestos Personal Injury Claims), the Debtors propose that such claim be allowed at $1.00 for voting purposes only, and not for purposes of allowance or distribution, notwithstanding any contrary amount stated in the proof of claim or the Debtors' Schedules;

(d)     If a proof of claim was timely filed in an amount that is liquidated and noncontingent, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed in the manner set forth in subparagraph (g) below;

(e)     If a claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such claim is allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution unless otherwise provided by Court order;

(f)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, the Debtors propose that such claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(g)     If the Debtors have served an objection or request for estimation as to a claim at least ten (10) days before the Voting Deadline, the Debtors propose that such claim be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(h)     For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one (1) claim (including more than one Note Claim and/or Eurobond Claim) shall be treated as if such entity has only one (1) claim in each applicable Class, the claims filed by such entity shall be aggregated in each applicable Class, and the total dollar amount of such entity's claims in each applicable Class shall be the sum of the aggregated claims of such entity in each applicable Class;

(i)     If an entity entitled to vote has claims against multiple Debtors (either scheduled, filed, or both) based on the same transaction (e.g., a claim against Debtor "A" that was guaranteed by Debtor "B"), the party will receive only one Ballot in the amount of the primary obligation;

(j)     Notwithstanding anything contained herein to the contrary, GCG, in its discretion, may contact voters to cure any defects in the Ballots, Master Ballots, or Asbestos Master Ballots and is authorized to so cure any defects;

(k)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the Ballot that bears the earliest date will be counted unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that bears the latest date counted;

(l)     If a claim is filed in the amount of $0.00, such claim shall not be entitled to vote; and

(m)    If a claim is filed in a currency other than U.S. Dollars and is not allowed in a sum certain pursuant to the Plan, such claim shall be entitled to vote in the amount of $1.00.

41.     The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on the Debtors and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, to such claim.  The Debtors further propose, in

26

accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such

creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after

notice and a hearing, pursuant to an order entered at least five (5) days prior to the Voting

Deadline.

42.    The Debtors also request that (i) if no votes to accept or reject the Plan are

received with respect to a particular Class, such Class be deemed to have voted to accept the

Plan; (ii) in the case where more than one timely, properly completed Ballot, Master Ballot, or

Asbestos Master Ballot is received, only the Ballot, Master Ballot, or Asbestos Master Ballot that

bears the earliest date will be counted unless the holder of the Claim receives Bankruptcy Court

approval to have the Ballot or Master Ballot that bears the latest date counted; and (iii) creditors

must vote all of their claim(s) within a particular Class under the Plan, whether or not such

claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and

may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan will

not be counted.

43.    The Debtors further propose that the following Ballots not be counted or

considered for any purpose in determining whether the Plan has been accepted or rejected:  (i)

any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an

extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or

contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast

by a person or entity that does not hold a claim in a Class that is entitled to vote to accept or

reject the Plan; (iv) any Ballot cast for a claim scheduled as unliquidated, contingent, or disputed

for which no proof of claim was timely filed; (v) any Ballot that is unsigned or without an

original signature; and (vi) any Ballot transmitted to GCG by facsimile, electronic transmission,

or other electronic means.  Ballots that are properly completed, executed, and timely returned to

GCG, but do not indicate an acceptance or rejection of the Plan, partially accept and partially

reject the Plan, or indicate both an acceptance and rejection of the Plan, will not be counted.

ii.    ***Master Ballot Tabulation***

44.    With respect to the tabulation of Master Ballots and Ballots cast by Master

Ballot Agents and beneficial owners of Note Claims and Eurobond Claims, for purposes of

voting, the amount that will be used to tabulate acceptance or rejection of the Plan will be the

principal amount held as of the Record Date (the "**Record Amount**").  The following additional

rules will apply to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents and

beneficial owners of Note Claims and Eurobond Claims:

(a)    Votes cast by beneficial owners through a Master Ballot Agent will be applied against the positions held by such entities in the applicable security as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Master Ballot Agent; *provided, however,* that GCG may adjust such Record Amount to reflect the claim amount, including prepetition interest;

(b)    To the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, GCG will attempt to reconcile discrepancies with the Master Ballot Agent;

(c)    To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, GCG will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable security;

(d)    Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to GCG.  Votes reflected by Multiple Master Ballots will be counted, except to the extent that they are

28

duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the Master Ballot that bears the earliest date will be counted;

(e)    For purposes of tabulating votes, each record holder or beneficial owner will be deemed to have voted the principal amount of its claim relating to such security, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

45.    The Debtors submit that such procedures provide for a fair and equitable voting process.

## VII.    APPROVAL OF FORM OF NOTICES TO NON-VOTING CLASSES

### A.    Notice of Non-Voting Status to Holders of Claims Deemed to Accept the Plan

46.    Bankruptcy Rule 3017(d) provides, in relevant part:

If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).

47.    Claims in Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), and Class 4 (Property Environmental Claims) are unimpaired, and, therefore, the holders of claims in such classes are conclusively presumed to accept the Plan.  *See* 11 U.S.C. § 1126(f).

48.    Because Class 1, Class 2, and Class 4 are presumed to accept the Plan, in an effort to conserve the resources of these estates, the Debtors propose to send to holders of such unimpaired claims a notice of non-voting status, substantially in the form annexed hereto as **Exhibit "D"** (the "**Notice of Non-Voting Status – Unimpaired Classes**"), which identifies the

29

classes designated as unimpaired and sets forth the manner in which a copy of the Plan and

Disclosure Statement may be obtained.  As stated, holders of such claims also will receive the

Confirmation Hearing Notice.

49.    The Debtors submit that such notice satisfies the requirements of

Bankruptcy Rule 3017(d).  The Debtors request that the Court determine that they are not

required to distribute copies of the Plan or Disclosure Statement to any holder of an unimpaired

claim.

B.    **Notice of Non-Voting Status to Holders
of Equity Interests Deemed to Reject the Plan**

50.    Holders of equity interests in Class 6 (Equity Interests in MLC) will not

receive or retain any property under the Plan and, therefore, are deemed to reject the Plan.  *See*

11 U.S.C. § 1126(g); *In re Quigley Co., Inc.*, 346 B.R. 647, 653 n.14 (Bankr. S.D.N.Y. 2006)

("If a class receives nothing, it is deemed to reject the plan"); *In re Fur Creations by Varriale,

Ltd.*, 188 B.R. 754, 758 n.4 (Bankr. S.D.N.Y. 1995) ("a class is deemed to reject a plan if the

class does not receive a distribution under the plan"); *In re Friese*, 103 B.R. 90, 91 (Bankr.

S.D.N.Y. 1989) ("A class receiving no distribution is deemed not to have accepted the plan.").

51.    Because Class 6 (Equity Interests in MLC) is deemed to have rejected the

Plan, in an effort to conserve the resources of these estates, the Debtors propose to mail a notice

of non-voting status ("**Notice of Non-Voting Status – Impaired Class**") substantially in the

form annexed hereto as **Exhibit "E,"** to the holders of interests in such class, which also sets

forth the manner in which a copy of the Plan and Disclosure Statement may be obtained.  As

stated, holders of such interests also will receive the Confirmation Hearing Notice.

52.     The Debtors propose to send a Notice of Non-Voting Status – Impaired

Class and the Confirmation Hearing Notice to the holders of the Debtors' publicly traded stock

as reflected in the records maintained by the Debtors' transfer agent(s) as of the close of business

on the Record Date.  However, the Debtors recognize that the records maintained by such

transfer agent(s) reflect the brokers, dealers, commercial banks, trust companies, or other

nominees (collectively, the "**Nominee Stockholders**") through which the beneficial owners

(collectively, the "**Beneficial Stockholders**") hold stock.  Accordingly, the Debtors request that

the Proposed Order provide that:

(a)     the Nominee Stockholders forward the Notice of Non-Voting
Status – Impaired Class and the Confirmation Hearing Notice, or
copies thereof, to the Beneficial Stockholders within five (5)
business days of the receipt by such Nominee Stockholders of the
Notice of Non-Voting Status – Impaired Class and the
Confirmation Hearing Notice; and

(b)     the Debtors provide the Nominee Stockholders with sufficient
copies of the Notice of Non-Voting Status – Impaired Class and
the Confirmation Hearing Notice to forward to the Beneficial
Stockholders.

53.     To the extent that the Nominee Stockholders incur out-of-pocket expenses

in connection with distribution of the Notice of Non-Voting Status – Impaired Class and the

Confirmation Hearing Notice, the Debtors request authority to reimburse such entities for their

reasonable, actual, and necessary out-of-pocket expenses incurred in this regard.

54.     The Notice of Non-Voting Status – Impaired Class also sets forth the

manner in which a copy of the Plan and Disclosure Statement may be obtained.  The Debtors

submit that such notice satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules.

Accordingly, the Debtors request that the Court determine that they are not required to distribute

copies of the Plan and Disclosure Statement to any member of Class 6, unless otherwise

requested in writing on or before twenty (20) days prior to the Confirmation Hearing.

**Notice**

55.     Notice of this Motion has been provided to parties in interest in

accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr.

P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24,

2010 [Docket No. 6750].  The Debtors submit that such notice is sufficient and no other or

further notice need be provided.

56.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       September 3, 2010

                                        /s/ Stephen Karotkin
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**Exhibit List**

**Exhibit A**: Disclosure Statement Notice
**Exhibit B**: Notice of Confirmation Hearing
**Exhibit C**: List of All Classes and Interests
**Exhibit D**: Notice of Non-Voting Status – Unimpaired Classes
**Exhibit E**: Notice of Non-Voting Status – Impaired Class
**Exhibit F**: Form of Ballots
**Exhibit G**: Proposed Order

**Exhibit A**

**Disclosure Statement Notice**

US_ACTIVE:\43457986\09\72240.0639

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
In re                                          :          Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,      :          **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*      :
:
              Debtors.      :          **(Jointly Administered)**
:
------------------------------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER APPROVAL**
**OF DEBTORS' PROPOSED DISCLOSURE STATEMENT**
**WITH RESPECT TO DEBTORS' JOINT CHAPTER 11 PLAN**

**TO:  ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS SET FORTH**
      **BELOW:**

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation GMC Truck Division NAO Fleet Operations GM Corporation GM Corporation-GM Auction Department National Car Rental National Car Sales Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC Saturn Corporation Saturn Motor Car Corporation GM Saturn Corporation Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc. NCRS Hawaii, Inc. |

**PLEASE TAKE NOTICE** that on August 31, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors set forth above (collectively, the "**Debtors**"), filed the Debtors' Joint Chapter 11 Plan, dated August 31, 2010 (as it may be amended, the "**Plan**") [Docket No. 6829], and the proposed Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August 31, 2010 (as it may be amended, the "**Disclosure Statement**") [Docket No. 6830], pursuant to section 1125 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that:

1.        A hearing (the "**Hearing**") will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, **on October 21, 2010 at 9:45 a.m. (Eastern Time)** in Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, or as soon thereafter as counsel can be heard, to consider the entry of an order, among other things, finding that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code and approving the Disclosure Statement.

2.        The Disclosure Statement and Plan are on file with the Clerk of the Bankruptcy Court (the "**Clerk**") and may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Disclosure Statement and Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of the Disclosure Statement and Plan may also be obtained by written request to the Debtors' voting agent at the address set forth below:

| If by overnight or hand delivery: | If by standard mailing: |
| --- | --- |
| The Garden City Group, Inc. | The Garden City Group, Inc. |
| 5151 Blazer Parkway, Suite A | P.O. Box 9386 |
| Dublin, OH 43017 | Dublin, OH 43017-4286 |
| <u>Attn</u>: Motors Liquidation Company Balloting Center | <u>Attn</u>: Motors Liquidation Company Balloting Center |

3.        Responses and objections, if any, to the approval of the Disclosure Statement or any of the other relief sought by the Debtors in connection with approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and (vi) served in accordance with General Order M-242 so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 14, 2010** on the following parties (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue,

2

New York, New York 10153 (Attn:  Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (c) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (d) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (e) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (f) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (g) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (h) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy H. Davis, Esq.); (j) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (k) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (l) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

      4.       **IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

      5.       Upon approval of the Disclosure Statement by the Bankruptcy Court, holders of claims against the Debtors who are entitled to vote on the Plan will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

      6.       The Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

| Dated:  New York, New York<br>       September 3, 2010 | Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession |
|---|---|

## Exhibit B

**Notice of Confirmation Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
          f/k/a General Motors Corp., et al.  :
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT;**
**(II) ESTABLISHMENT OF RECORD DATE; (III) HEARING ON CONFIRMATION**
**OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN;**
**AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

TO:      ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS SET FORTH
         BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation)** | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

PLEASE TAKE NOTICE that:

1.       *Approval of Disclosure Statement.*  By order dated October __, 2010 (the "**Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Court**") approved the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated _____ __, 2010 (as it may be amended, the "**Disclosure Statement**") filed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") each of which is identified above, and directed the Debtors to solicit votes with regard to the approval or rejection of the Debtors' Joint Chapter 11 Plan, dated _____ __, 2010 (as it may be amended, the "**Plan**"), annexed as **Exhibit "A"** to the Disclosure Statement.  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.       *Confirmation Hearing*.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held at [9:45 a.m.] (Eastern Time) on [____], 2010, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice or agenda of matters scheduled for hearing filed by the Debtors with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3.       *Record Date for Voting Purposes*.  Only creditors who hold claims on [____], 2010 are entitled to vote on the Plan.

4.       *Voting Deadline*.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, The Garden City Group, Inc. ("**GCG**"), by no later than [5:00 p.m.] (Eastern Time) on [____], 2010 (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.       *Parties in Interest Not Entitled to Vote*.  The following creditors and shareholders are not entitled to vote on the Plan: (i) holders of unimpaired claims; (ii) holders of claims or interests who will receive no distribution at all under the Plan; and (iii) holders of claims that are the subject of filed objections or requests for estimation.  If you have timely filed a proof of claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the  Debtors at the address set forth below and file with the Court (with a copy to chambers) a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such claim.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court at least five (5) days prior to the Voting Deadline.  Creditors may contact GCG at [GCG Hotline Phone Number] to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6.       *Objections to Confirmation*.  Responses and objections, if any, to confirmation of the Plan must:

(a)     be in writing;

(b)     state the name and address of the objecting party and the amount and nature of the claim or interest of such party;

(c)     conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court;

(d)     state with particularity the basis and nature of any objection to confirmation of the Plan;

(e)     be filed with the Court either (i) *electronically* or (ii) *conventionally*, as noted below:

> (i)     *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov); or

> (ii)    *Conventional Filing*: the filer must send the response or objection by mail, courier or messenger to the Clerk's Office at the following address: United States Bankruptcy Court, One Bowling Green, New York, NY 10004; the hard copy of the response or objection should be accompanied by a diskette containing the response or objection in Portable Document Format (PDF) format or, if PDF format is unavailable, in either Word or WordPerfect format;

[NOTE: *All* filers – those filing electronically as well as those filing conventionally – must provide Chambers with a separate hard copy of the response or objection; any proposed order should be accompanied by a 3.5 inch diskette containing the proposed order in either Word or WordPerfect format.]; and

(f)     be served in accordance with General Order M-242 by no later than [___], 2010 at [4:00 p.m.] (Eastern Time), and on the following parties:

> (A)    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

> (B)    the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger);

> (C)    General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

> (D)    Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

> (E)    the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.);

(F)     Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(G)     Kramer Levin Naftalis & Frankel LLP, attorneys for the Creditors' Committee, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(H)     the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(I)     the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

(J)     Caplin & Drysdale, Chartered, attorneys for the Asbestos Claimants' Committee, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and

(K)     Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the Future Claimants' Representative, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.**  The Debtors may serve replies to such responses or objections by no later than [__], 2010 at [12:00 noon] (Eastern Time).

7.     *Parties Who Will Not Be Treated as Creditors*.  Any holder of a claim that (i) is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at zero, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such claim for purposes of (a) receiving notices regarding, or distributions under, the Plan, or (b) voting on the Plan.

8.     *Additional Information*.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should telephone the Debtors' voting agent, GCG, at [GCG Hotline], or may view such documents by accessing [MLC website] or the Court's website: www.nysb.uscourts.gov.  Note as in paragraph 6(e)(i) above that a

PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website (www.nysb.uscourts.gov).

Dated:  New York, New York
        [_____], 2010

 

                                            _____

                                            Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit C**

**List of All Classes and Interests**

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| Class 1 | Secured Claims | Unimpaired | No (deemed to accept) |
| Class 2 | Priority Non-Tax Claims | Unimpaired | No (deemed to accept) |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Property Environmental Claims | Unimpaired | No (deemed to accept) |
| Class 5 | Asbestos Personal Injury Claims | Impaired | Yes |
| Class 6 | Equity Interests in MLC | Impaired | No (deemed to reject) |

**<u>Exhibit D</u>**

**Notice of Non-Voting Status – Unimpaired Classes**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
: 
In re                                                          :        **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*,        :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*     :
: 
                                **Debtors.**            :        **(Jointly Administered)**
: 
------------------------------------------------------------------x

<div align="center">

**NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES:**
**CLASS 1 (SECURED CLAIMS), CLASS 2 (PRIORITY NON-TAX CLAIMS),**
<u>**AND CLASS 4 (PROPERTY ENVIRONMENTAL CLAIMS)**</u>

</div>

PLEASE TAKE NOTICE THAT on [_____], 2010, the United States Bankruptcy Court for the Southern District of New York approved the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated [_____], 2010 (as it may be amended, the "**Disclosure Statement**") filed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the Debtors' Joint Chapter 11 Plan, dated [_____], 2010 (as it may be amended, the "**Plan**"), from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11, UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR YOU WANT TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP, INC., AT THE BELOW ADDRESSES, OR BY TELEPHONE AT [_____].**

| **If by overnight or hand delivery:** | **If by standard mailing:** |
|---|---|
| **The Garden City Group, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017**<br><u>**Attn**</u>**:  Motors Liquidation Company**<br>**Balloting Center** | **The Garden City Group, Inc.**<br>**P.O. Box 9386**<br>**Dublin, OH 43017-4286**<br><u>**Attn**</u>**:  Motors Liquidation Company**<br>**Balloting Center** |

**<u>Exhibit E</u>**

**Notice of Non-Voting Status – Impaired Class**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                     :

In re                            :      Chapter 11 Case No.
                                       :

MOTORS LIQUIDATION COMPANY, *et al.*,   :      09-50026 (REG)
      f/k/a General Motors Corp., *et al.*    :
                                       :

Debtors.                      :      (Jointly Administered)
                                       :

------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS TO
## IMPAIRED CLASS: CLASS 6 (EQUITY INTERESTS IN MLC)

          PLEASE TAKE NOTICE THAT on [_____], 2010, the United States Bankruptcy Court for the Southern District of New York approved the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated [_____], 2010 (as it may be amended, the "**Disclosure Statement**") filed by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the Debtors' Joint Chapter 11 Plan, dated [_____], 2010 (as it may be amended, the "**Plan**"), from holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.

          **UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR INTEREST(S) IN THE DEBTORS.  THEREFORE, PURSUANT TO SECTION 1126(g) OF TITLE 11, UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP, INC., AT THE BELOW ADDRESSES, OR BY TELEPHONE AT [_____].**

| If by overnight or hand delivery: | If by standard mailing: |
|---|---|
| **The Garden City Group, Inc.**<br>**5151 Blazer Parkway, Suite A**<br>**Dublin, OH 43017**<br>**<u>Attn</u>:  Motors Liquidation Company**<br>**Balloting Center** | **The Garden City Group, Inc.**<br>**P.O. Box 9386**<br>**Dublin, OH 43017-4286**<br>**<u>Attn</u>:  Motors Liquidation Company**<br>**Balloting Center** |

**<u>Exhibit F</u>**

**Forms of Ballots**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
In re                                                   :           **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.,*               :           **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*        :
                                                        :
                        **Debtors.**                    :           **(Jointly Administered)**
                                                        :
----------------------------------------------------------------x


**BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER  11 PLAN**
**OF MOTORS LIQUIDATION COMPANY (FORMERLY KNOWN AS**
**GENERAL MOTORS CORPORATION) AND ITS AFFILIATED DEBTORS**

**BALLOT FOR:  CLASS 3 (GENERAL UNSECURED CLAIMS)**

        Motors Liquidation Company  (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), each of which is identified below, are soliciting votes with respect to the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call The Garden City Group, Inc. (the "**Voting Agent**") at [*GCG Hotline*].

        This Ballot is to be used for voting by holders of Class 3 General Unsecured Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, The Garden City Group, Inc., Attn: Motors Liquidation Company Balloting Center, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended by the Debtors.**

        This ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of General Unsecured Claims.

[BALLOT CODE]

Identification of Debtor Entities

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

[BALLOT CODE]

**VOTING INSTRUCTIONS FOR COMPLETING THE**
**BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Plan**"). The terms of the Plan are described in the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto. All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 voting on the Plan. In the event that Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.      **To have your vote counted, you must complete, sign, and return this Ballot to The Garden City Group, Inc., Attn: Motors Liquidation Company, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.** Ballots must be delivered either by mail with the enclosed envelope <u>or</u> to the Voting Agent at the following address:

| If by overnight or hand delivery: | If by standard mailing: |
|---|---|
| The Garden City Group, Inc. 5151 Blazer Parkway, Suite A Dublin, OH 43017 <u>Attn</u>: Motors Liquidation Company Balloting Center | The Garden City Group, Inc. P.O. Box 9386 Dublin, OH 43017-4286 <u>Attn</u>: Motors Liquidation Company Balloting Center |

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

   a.   make sure that the information contained in Item 1 is correct;

   b.   if you have a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

   c.   if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (<u>e</u>.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

[BALLOT CODE]

3

    d.    if you also hold Claims in a Class other than Class 3, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on that Ballot;

    e.    if more than one timely, properly completed Ballot is received, only the Ballot that bears the earliest date will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that bears the latest date counted;

    f.    if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

    g.    provide your name and mailing address;

    h.    sign and date your Ballot; and

    i.    return your Ballot with an original signature using the enclosed pre-addressed return envelope.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP AT [_GCG HOTLINE_].  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  GCG IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE LEGAL ADVICE.**

[BALLOT CODE]

PLEASE COMPLETE THE FOLLOWING:

ITEM 1. **Amount of General Unsecured Claim.** For purposes of voting to accept or reject the Plan, the undersigned holds a General Unsecured Claim against the Debtor listed below in the amount set forth below.

| | |
|---|---|
| Claim Amount: | $_____ |
| Debtor: | _____ |

ITEM 2. **Vote on the Plan.** The undersigned holder of a Class 3 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to:

<u>Check one box</u>:        ☐        Accept the Plan

                               ☐        Reject the Plan

ITEM 3. **Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto; a Confirmation Hearing Notice; a copy of the Order approving the Disclosure Statement; and copies of a letter or letters recommending approval of the Plan. The undersigned certifies that (i) it is the holder of the General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:                        _____

Social Security or Federal Tax I.D. No. of Claimant:    _____

Signature:                                             _____

Name of Signatory (if different than claimant):        _____

If by Authorized Agent, Title of Agent:                _____

Street Address:                                        _____

City, State and Zip Code:                              _____

Telephone Number:                                      _____

Email Address:                                         _____

Date Completed:                                        _____

☐    *Please check here if the above address is a change of address that you would like reflected in the Master Mailing List for these Chapter 11 cases.*

[BALLOT CODE]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                               :

In re                                   :        Chapter 11 Case No.
                                               :

MOTORS LIQUIDATION COMPANY, *et al.*,   :        09-50026 (REG)
       f/k/a General Motors Corp., *et al.*  :

                                   :
                        Debtors.     :        (Jointly Administered)
                                   :
-----------------------------------------------------------------x

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF MOTORS LIQUIDATION COMPANY (FORMERLY KNOWN AS GENERAL MOTORS CORPORATION) AND ITS AFFILIATED DEBTORS**

**BENEFICIAL OWNER BALLOT FOR:  CLASS 3 (GENERAL UNSECURED CLAIMS) – NOTE CLAIMS AND EUROBOND CLAIMS[1]**

       This Beneficial Owner Ballot is to be used for voting of Claims held by the record or beneficial owners of **Note Claims** (as defined in the Plan) and **Eurobond Claims** (as defined in the Plan).  The Note Claims and Eurobond Claims arise out of or are related to the indentures and fiscal paying agency agreements listed below (collectively, the "**Debt Instruments**").

       Motors Liquidation Company  (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), each of which is identified below, are soliciting votes with respect to the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call The Garden City Group, Inc. (the "**Voting Agent**") at [*GCG Hotline*].

       This Beneficial Owner Ballot is to be used for voting by holders of Note Claims and Eurobond Claims.  In order for your vote to be counted, this Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided.  **The deadline for the receipt by the Voting Agent of all Ballots (including Beneficial Owner Ballots and Master Ballots cast on behalf of beneficial owners) is no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended by the Debtors.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.**  The Voting Agent is:

<div align="center">

THE GARDEN CITY GROUP, INC.
5151 BLAZER PARKWAY, SUITE A
DUBLIN, OH 43017
<u>ATTN</u>:  MOTORS LIQUIDATION COMPANY
BALLOTING CENTER

</div>

---

[1] Each Debt Instrument shall have its own Ballot, substantially in this form.

[BALLOT CODE]

This ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of General Unsecured Claims.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1. **Principal Amount of Note Claims and/or Eurobond Claims.** The undersigned hereby certifies that as of [__, 2010], the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner) or the Nominee of a Beneficial Owner of (i) Note Claims in the following aggregate unpaid principal amount (insert amount in box below) or (ii) Eurobond Claims in the following aggregate unpaid principal amount (insert amount in box below), as applicable. If your Note Claims and/or Eurobond Claims are held by a Nominee on your behalf and you do not know the amount of Note Claims and/or Eurobond Claims held, please contact your Nominee immediately.

> Principal Amount of Note Claims and/or Eurobond Claims indicated in the below document footer:
>
> _____

ITEM 2. **Vote on the Plan.** The Beneficial Owner of the Note Claims and/or Eurobond Claims identified in Item 1 hereby votes to:

<u>Check one box</u>:    ☐    Accept the Plan

☐    Reject the Plan

ITEM 3. **Certification as to Note Claims and/or Eurobond Claims held in Additional Accounts.** By completing and returning this Beneficial Owner Ballot, the Beneficial Owner certifies that either (1) it has not submitted any other Beneficial Owner Ballots for other Class 3 General Unsecured Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class 3 General Unsecured Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED CLASS 3 BENEFICIAL OWNER BALLOTS OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number | Name of Owner[2] | Amount of Other Class 3 Claims Voted | CUSIP of other Class 3 Claims Voted | Name of Other Debt Instrument Voted |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

ITEM 4. **Acknowledgements and Certification.** By returning this Beneficial Owner Ballot, the Beneficial Owner of the Note Claims and/or Eurobond Claims identified in Item 1 above (a) acknowledges that it has been provided with a copy of the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto; (b) certifies that (i) it is the

---

[2] Insert your name if the Note Claims and/or Eurobond Claims are held by you in record name or, if held in street name, insert the name of your broker or bank.

[BALLOT CODE]                                                    [SECURITY DESCRIPTION]
[CUSIP]

holder of the Note Claims and/or Eurobond Claims identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan; and (c) further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

**Debt Instruments**

| | Debt Instruments | CUSIP, ISN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding | CUSIP No. 455329AB8 |

[BALLOT CODE]                                    [SECURITY DESCRIPTION]
                                                            [CUSIP]

| | Debt Instruments | CUSIP, ISN, or Swiss Security Numbers |
|---|---|---|
| | Bonds) | |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |
| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

[BALLOT CODE]                                                   [SECURITY DESCRIPTION]
                                                                            [CUSIP]

Identification of Debtor Entities

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

**VOTING INSTRUCTIONS FOR COMPLETING THE BENEFICIAL OWNER
BALLOT FOR HOLDERS OF: GENERAL UNSECURED CLAIMS**

1.      This Beneficial Owner Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan, dated [__], 2010 (as it may be amended, the "**Plan**"). The terms of the Plan are described in the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated [__], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto. All capitalized terms used but not defined herein or in the Beneficial Owner Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by Class 3 if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 3 voting on the Plan. In the event that Class 3 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 3 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

3.      In order for your Class 3 vote to be counted, the Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided. **The deadline for the receipt by the Voting Agent of all Ballots (including Beneficial Owner Ballots and Master Ballots cast on behalf of beneficial owners) is no later than [5:00 p.m.] (Eastern Time) on [ __, 2010] (the "Voting Deadline"), unless such time is extended by the Debtors. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.** The Voting Agent is:

<div align="center">

THE GARDEN CITY GROUP, INC.
5151 BLAZER PARKWAY, SUITE A
DUBLIN, OH 43017
<u>ATTN</u>: MOTORS LIQUIDATION COMPANY
BALLOTING CENTER

</div>

**Beneficial Owner Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

4.      To properly complete the Beneficial Owner Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    if you have a Claim in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    c.    provide the information required by Item 3, if applicable to you;

[BALLOT CODE]                                      [SECURITY DESCRIPTION]
                                                                   [CUSIP]

d.    if you are completing this Beneficial Owner Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.    if you also hold Claims in a Class other than Class 3, you may receive more than one Ballot, labeled for a different Class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign and return the Ballot labeled for that Class of Claims in accordance with the instructions on that Ballot;

f.    If more than one timely, properly completed Beneficial Owner Ballot is received, only the Beneficial Owner Ballot that bears the earliest date will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Beneficial Owner Ballot that bears the latest date counted;

g.    if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

h.    provide your name and mailing address;

i.    sign and date your Beneficial Owner Ballot; and

j.    return your Beneficial Owner Ballot with an original signature using the enclosed pre-addressed return envelope.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL OWNER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT YOUR NOMINEE OR THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP AT [*GCG HOTLINE*].  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  GCG IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE.**

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*  :
                                          :
                    **Debtors.**          :        **(Jointly Administered)**
                                          :
----------------------------------------------------------------x

<div align="center">

**MASTER BALLOT FOR ACCEPTING OR
REJECTING JOINT CHAPTER 11 PLAN OF MOTORS
LIQUIDATION COMPANY (FORMERLY KNOWN AS GENERAL
MOTORS CORPORATION) AND ITS AFFILIATED DEBTORS**

**MASTER BALLOT FOR:  CLASS 3 (GENERAL UNSECURED CLAIMS) –
NOTE CLAIMS AND EUROBOND CLAIMS**

</div>

Motors Liquidation Company  (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), each of which is identified below, are soliciting votes with respect to the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call The Garden City Group, Inc. (the "**Voting Agent**") at [*GCG Hotline*].

**This Master Ballot is to be used by you as a broker, bank (including, as applicable, Euroclear Bank ("Euroclear") or  Clearstream Bank ("Clearstream")), or other nominee; or as the agent of a broker, bank (including, as applicable, Euroclear or Clearstream), or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial owner for the Note Claims and/or the Eurobond Claims, to transmit to the Voting Agent the votes of such beneficial holders in respect of their Note Claims and/or Eurobond Claims to accept or reject the Plan. The Note Claims and Eurobond Claims arise out of or are related to the indentures and fiscal paying agency agreements listed below (collectively, the "Debt Instruments").**

This Master Ballot must be properly completed, signed, and returned in the envelope provided.  **The deadline for the receipt by the Voting Agent of all Ballots (including Master Ballots cast on behalf of beneficial owners and Beneficial Owner Ballots) is no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended by the Debtors.**  The Voting Agent is:

<div align="center">

THE GARDEN CITY GROUP, INC.
5151 BLAZER PARKWAY, SUITE A
DUBLIN, OH 43017
<u>ATTN</u>:  MOTORS LIQUIDATION COMPANY
BALLOTING CENTER

</div>

This ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of General Unsecured Claims.

<div align="right">

**[BALLOT CODE]**

</div>

PLEASE COMPLETE THE FOLLOWING:

**Item 1.  Certification of Authority to Vote.**  The undersigned certifies that as of [__, 2010] (the Voting Record Date under the Plan), the undersigned (please check appropriate box):

☐   Is a broker, bank (including, as applicable, Euroclear or Clearstream), or other nominee for the beneficial owners of the aggregate principal amount of the Note Claims and/or Eurobond Claims listed in Item 2 below, and is the registered holder of such securities, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank (including, as applicable, Euroclear or Clearstream), or other nominee that is the registered holder of the aggregate principal amount of Note Claims and/or Eurobond Claims listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank (including, as applicable, Euroclear or Clearstream), or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of Note Claims and/or Eurobond Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Note Claims and/or Eurobond Claims held by the beneficial owners of the Note Claims and/or Eurobond Claims described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of beneficial owners in respect of their Note Claims and/or Eurobond Claims, and certifies that the following beneficial owners of the Note Claims and/or Eurobond Claims, as identified by their respective customer account numbers set forth below, of the Note Claims and/or Eurobond Claims indicated in the below document footer are beneficial owners of such securities as of [__, 2010], the Voting Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Owner Ballots casting such votes.  Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each beneficial owner must vote all of his, her, or its Note Claims and/or Eurobond Claims to accept or to reject the Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Owner of Voting Note Claims and/or Eurobond Claims | Principal Amount of Note Claims and/or Eurobond Claims Voted to ACCEPT or REJECT Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |

[BALLOT CODE]                                                           [SECURITY DESCRIPTION]
[CUSIP]

2

| 10. | | |
|---|---|---|
| TOTALS: | | |

\*      In order to vote on the Plan, the beneficial owner must have checked a box in item 2 to ACCEPT or REJECT the Plan on its individual Beneficial Owner Ballot.  If the beneficial owner did not check a box in Item 2 on its individual Beneficial Owner Ballot, by order of the Bankruptcy Court its vote will not be counted.

**Item 3.   Certification as to Transcription of Information from Item 3 as to Note Claims and Eurobond Claims Voted Through Other Beneficial Owner Ballots.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 3 of the beneficial owner's original Beneficial Owner Ballot, identifying any Note Claims and/or Eurobond Claims for which such beneficial owners have submitted other Beneficial Owner Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Owner Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Owner | CUSIP of Other Class 3 Claims Voted | Name of Other Debt Instrument Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

3

**Item 4.  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial owner of the Note Claims and/or Eurobond Claims listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement.

Name of Voting Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Voting Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (___)_____
(Including Area Code)

Email Address:_____

Date Completed:_____

### Debt Instruments

| | Debt Instruments | CUSIP, ISN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

| | Debt Instruments | CUSIP, ISN, or Swiss Security Numbers |
|---|---|---|
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |
| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

[BALLOT CODE]                                                        [SECURITY DESCRIPTION]
                                                                                    [CUSIP]

Identification of Debtor Entities

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**VOTING DEADLINE/VOTING AGENT:**

      **To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed signed, and returned to The Garden City Group, Inc., Attn: Motors Liquidation Company, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.** Master Ballots must be delivered either by mail with the enclosed envelope <u>or</u> to the Voting Agent at the following address:

| If by overnight or hand delivery: | If by standard mailing: |
|---|---|
| The Garden City Group, Inc. 5151 Blazer Parkway, Suite A Dublin, OH 43017 <u>Attn</u>: Motors Liquidation Company Balloting Center | The Garden City Group, Inc. P.O. Box 9386 Dublin, OH 43017-4286 <u>Attn</u>: Motors Liquidation Company Balloting Center |

      **Master Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

**HOW TO VOTE:**

      If you are both the registered owner <u>and</u> the beneficial owner of any principal amount of the Note Claims and/or the Eurobond Claims and you wish to vote any Note Claims and/or Eurobond Claims held on account thereof, you may complete, execute and return to the Voting Agent <u>either</u> an individual Beneficial Owner Ballot or a Master Ballot.

      **If you are transmitting the votes of any beneficial owners of Note Claims and/or Eurobond Claims other than yourself, you may <u>either</u>:**

      1.      "Prevalidate" the individual Beneficial Owner Ballot contained in the solicitation materials and then forward the solicitation materials to the beneficial owner of the Note Claims and/or Eurobond Claims for voting within seven (7) Business Days after the receipt by such Voting Nominee of the solicitation materials, with the beneficial owner then returning the individual Beneficial Owner Ballot directly to the Voting Agent in the return envelope to be provided in the solicitation materials. A Voting Nominee "prevalidates" a Beneficial Owner Ballot by indicating thereon the record holder of the Note Claims and/or Eurobond Claims voted, the amount of the Note Claims and/or Eurobond Claims held by the beneficial owner, the appropriate account numbers through which the beneficial owner's holdings are derived, and executing the Beneficial Owner Ballot. The beneficial owner shall return the "prevalidated" Beneficial Owner Ballot directly to the Voting Agent;

OR

      2.      Forward the solicitation materials to the beneficial owner of the Note Claims and/or Eurobond Claims for voting along with a return envelope provided by and addressed to the Voting Nominee, with the beneficial owner then returning the individual Beneficial Owner Ballot to the Voting Nominee. In such case, the Voting Nominee will tabulate the votes of its respective beneficial owners on the Master Ballot that has been provided to

[BALLOT CODE]                                                  [SECURITY DESCRIPTION]
                                                                              [CUSIP]

the Voting Nominee separately, in accordance with these instructions, and then return the Master Ballot to the Voting Agent.  The Voting Nominee should advise the beneficial owners to return their individual Beneficial Owner Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Voting Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.      Check the appropriate box in Item 1 on the Master Ballot;

b.      Indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of the Note Claims and/or Eurobond Claims. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).  **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS NOTE CLAIMS AND/OR EUROBOND CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Beneficial Owner Ballot that is signed, dated and timely received, but does not indicate acceptance or rejection of the Plan, by order of the Bankruptcy Court, will not be counted;

c.      Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each completed Beneficial Owner Ballot relating to other Note Claims and/or Eurobond Claims voted;

d.      Review the certification in Item 4 of the Master Ballot;

e.      Sign and date the Master Ballot, and provide the remaining information requested;

f.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.      Contact the Voting Agent if you need any additional information; and

h.      Deliver the completed, executed Master Ballot with an original signature so as to be <u>received</u> by the Voting Agent before the Voting Deadline.  For each completed, executed Beneficial Owner Ballot returned to you by a beneficial owner, either forward such Beneficial Owner Ballot (along with your Master Ballot) to the Voting Agent or retain such Beneficial Owner Ballot in your files for one (1) year from the Voting Deadline.

**PLEASE NOTE:**

The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

[BALLOT CODE]                                                              [SECURITY DESCRIPTION]
                                                                                              [CUSIP]

No Beneficial Owner Ballot nor Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the plan. We will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to the beneficial owners of Note Claims and/or Eurobond Claims held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Owner Ballots.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP AT [*GCG HOTLINE*]. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. GCG IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE.**

[BALLOT CODE]

[SECURITY DESCRIPTION]
[CUSIP]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY,** *et al.,*             :        **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.*    :
                                                      :
                                  **Debtors.**        :        **(Jointly Administered)**
                                                      :
-------------------------------------------------------------x

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING JOINT**
**CHAPTER 11 PLAN OF MOTORS LIQUIDATION COMPANY(FORMERLY**
**KNOWN AS GENERAL MOTORS CORPORATION) AND ITS AFFILIATED DEBTORS**

**BALLOT FOR:  CLASS 5 (ASBESTOS PERSONAL INJURY CLAIMS)**

</div>

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), each of which is identified below, are soliciting votes with respect to the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call The Garden City Group, Inc. (the "**Voting Agent**") at [*GCG Hotline*].

This Ballot is to be used for voting by holders of Asbestos Personal Injury Claims in Class 5 under the Plan.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, The Garden City Group, Inc., Attn: Motors Liquidation Company Balloting Center, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended by the Debtors.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of any Asbestos Personal Injury Claims.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of Asbestos Personal Injury Claim.**  As ordered by the Bankruptcy Court, all Asbestos Personal Injury Claims, regardless of the amount of the claim asserted, shall be allowed for the purposes of voting to accept or reject the Plan only, in the amount of $1.00.  Therefore, for purposes of voting to accept or reject the Plan, the undersigned holds an Asbestos Personal Injury Claim against the Debtor listed below in the amount of $1.00.

<div style="border:1px solid black; padding:10px;">

Claim Amount:  $1.00

Name of Debtor:  _____

</div>

[BALLOT CODE]

ITEM 2.  **Vote on the Plan.**  The undersigned holder of a Class 5 Asbestos Personal Injury Claim in the amount of $1.00 (for voting purposes only) hereby votes to:

<u>Check one box</u>:          ☐          Accept the Plan

                             ☐          Reject the Plan

ITEM 3.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement with respect to the Plan, including all exhibits thereto (the "**Disclosure Statement**").  The undersigned certifies that (i) it is the holder of the Asbestos Personal Injury Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:                    _____

Social Security or Federal Tax I.D. No. of Claimant:    _____

Signature:                                         _____

Name of Signatory (if different than claimant):    _____

If by Authorized Agent, Title of Agent:            _____

Street Address:                                    _____

City, State and Zip Code:                          _____

Telephone Number:                                  _____

Email Address:                                     _____

Date Completed:                                    _____

[BALLOT CODE]

Identification of Debtor Entities

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

[BALLOT CODE]

**VOTING INSTRUCTIONS FOR COMPLETING THE**
**BALLOT FOR HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS**

5.      This Ballot is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Plan**"). The terms of the Plan are described in the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto. All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

6.      The Plan will be accepted by Class 5 (Asbestos Personal Injury Claims) if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 5 voting on the Plan. In the event that Class 5 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 5 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

7.      **To have your vote counted, you must complete, sign, and return this Ballot to The Garden City Group, Inc., Attn: Motors Liquidation Company, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.** Ballots must be delivered either by mail with the enclosed envelope <u>or</u> to the Voting Agent at the following address:

| If by overnight or hand delivery: | If by standard mailing: |
| --- | --- |
| The Garden City Group, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017<br><u>Attn</u>: Motors Liquidation Company Balloting Center | The Garden City Group, Inc.<br>P.O. Box 9386<br>Dublin, OH 43017-4286<br><u>Attn</u>: Motors Liquidation Company Balloting Center |

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

8.      To properly complete the Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    if you have a Claim identified in Class 5, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

    c.    if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (<u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    d.    if you also hold Claims in a Class other than Class 5, you may receive more than one Ballot, labeled for a different Class of Claims. Your vote will be counted in determining acceptance or

[BALLOT CODE]

rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for that Class of Claims in accordance with the instructions on that Ballot;

e.   If more than one timely, properly completed Ballot is received, only the Ballot that bears the earliest date will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that bears the latest date counted;

f.   if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

g.   provide your name and mailing address;

h.   sign and date your Ballot; and

i.   return your Ballot with an original signature using the enclosed pre-addressed return envelope.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP AT [*GCG HOTLINE*].  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  GCG IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE.**

[BALLOT CODE]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            :        **Chapter 11 Case No.**
                                                                 :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                        :        **09-50026 (REG)**
          **f/k/a General Motors Corp.**, *et al.*              :
                                                                 :
                                              **Debtors.**       :        **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

**MASTER BALLOT FOR ACCEPTING OR REJECTING JOINT**
**CHAPTER 11 PLAN OF MOTORS LIQUIDATION COMPANY(FORMERLY**
**KNOWN AS GENERAL MOTORS CORPORATION) AND ITS AFFILIATED DEBTORS**

**MASTER BALLOT FOR:  CLASS 5 (ASBESTOS PERSONAL INJURY CLAIMS)**

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), each of which is identified below, are soliciting votes with respect to the Debtors' Joint Chapter 11 Plan, dated August [_], 2010 (as it may be amended, the "**Plan**"), from the holders of certain impaired claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Master Ballot, please call The Garden City Group, Inc. (the "**Voting Agent**") at [*GCG Hotline*].

This Master Ballot is to be used only to tabulate votes solicited from individual holders of Asbestos Personal Injury Claims in Class 5 under the Plan.  **In order for your vote to be counted, the Master Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, The Garden City Group, Inc., Attn: Motors Liquidation Company Balloting Center, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended by the Debtors.**

This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of any Asbestos Personal Injury Claims.

**As ordered by the Bankruptcy Court, all Asbestos Personal Injury Claims, regardless of the amount of the claim asserted, shall be allowed for the purposes of voting to accept or reject the Plan only, in the amount of $1.00.**

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Tabulation of Votes with Respect to the Plan.**  Please note that each holder of an Asbestos Personal Injury Claim that votes must vote its entire claim to accept or reject the Plan and may not split such vote. Accordingly, the vote of any holder of an Asbestos Personal Injury Claim who attempts partially to reject and partially to accept the Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Voting Agent, but does not designate either acceptance or rejection of the Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Plan.

[BALLOT CODE]

**Please mark one of the boxes below:**

| | |
|---|---|
| | All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Plan. |
| | All claimants listed on the exhibit accompanying this Ballot **REJECT** the Plan. |
| | All claimants listed on the exhibit accompanying this Ballot **ACCEPT** the Plan, *except* as marked on such exhibit. |
| | All claimants listed on the exhibit accompanying this Ballot **REJECT** the Plan, *except* as marked on such exhibit. |

ITEM 2.  **Summary of Holders of Asbestos Personal Injury Claims Represented by Attorney.**  Please prepare a summary sheet to be attached to this Master Ballot as an exhibit, listing each holder of an Asbestos Personal Injury Claim you represent in substantially the same form as the table below.  If possible, please submit an electronic version of the chart below in excel format.

| Name of Holder of an Asbestos Personal Injury Claim | Accept or Reject |
|---|---|
| | |
| | |

ITEM 3.  **Certifications.**  By signing this Master Ballot, the undersigned certifies, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

- I have been provided with a copy of the Disclosure Statement relating to the Plan and the exhibits thereto.

- I have been authorized by each of the holders of Asbestos Personal Injury Claims listed on the exhibit accompanying this Master Ballot to vote his or her claim to accept or reject the Plan as indicated on the exhibit.

2

ITEM 4.  **Return of Exhibit.**  The entire exhibit accompanying this Master Ballot must be prepared and returned with this completed Master Ballot to the Voting Agent.

Print or Type Name of Attorney:          _____

Name of Law Firm:                        _____

Signature:                               _____

Street Address:                          _____

City, State, and Zip Code:               _____

Telephone Number:                        _____

Date Completed:                          _____

Identification of Debtor Entities

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation)** | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC)** | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc.<br>NCRS Hawaii, Inc. |

**VOTING INSTRUCTIONS FOR COMPLETING THE
MASTER BALLOT FOR HOLDERS OF ASBESTOS PERSONAL INJURY CLAIMS**

1.      This Master Ballot is submitted to you in connection with the solicitation of votes of individual holders of Asbestos Personal Injury Claims to accept or reject the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Plan**"). The terms of the Plan are described in the Disclosure Statement for the Debtors' Joint Chapter 11 Plan, dated August [__], 2010 (as it may be amended, the "**Disclosure Statement**"), including all exhibits thereto. All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      This Master Ballot is to be used by attorneys that have filed proofs of claim on behalf of individual holders of Asbestos Personal Injury Claims and who are authorized to vote on behalf of those clients to accept or reject the Plan.

3.      **You have been provided with a copy of the Disclosure Statement (with the Plan annexed thereto) and other solicitation materials (collectively, the "Solicitation Materials"). The Solicitation Materials have not been provided to the persons on behalf of whom you have filed a proof of claim. To the extent you believe you must provide Solicitation Materials to your clients, it is your responsibility to do so. Additional copies of the Solicitation Materials may be requested from the Voting Agent (as defined below).**

4.      The Plan will be accepted by Class 5 (Asbestos Personal Injury Claims) if it is accepted by the holders of two-thirds in amount and more than one-half in number of Claims in Class 5 voting on the Plan. In the event that Class 5 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the Class if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of Claims in Class 5 and all other Classes of Claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Equity Interests in the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby, whether or not they vote and whether or not they accept the Plan.

5.      **To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed signed, and returned to The Garden City Group, Inc. (the "Voting Agent"), Attn: Motors Liquidation Company, P.O. Box 9386, Dublin, OH 43017-4286, by no later than [5:00] p.m. (Eastern Time) on [__], 2010 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.** Master Ballots must be delivered either by mail with the enclosed envelope <u>or</u> to the Voting Agent at the following address:

| **If by overnight or hand delivery:** | **If by standard mailing:** |
|---|---|
| The Garden City Group, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017<br><u>Attn</u>: Motors Liquidation Company Balloting Center | The Garden City Group, Inc.<br>P.O. Box 9386<br>Dublin, OH 43017-4286<br><u>Attn</u>: Motors Liquidation Company Balloting Center |

**Master Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

6.      This Master Ballot may not be used for any purpose other than to transmit the votes to accept or reject the Plan.

7.      You may be required to provide evidence of authorization of the undersigned by holders of Asbestos Personal Injury Claims to vote to accept or reject the Plan.

8.      Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the earliest Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, govern unless otherwise ordered by the Bankruptcy Court.  If more than one Master Ballot is submitted and the last Master Ballot(s) supplement(s) rather than duplicate(s) earlier Master Ballot(s), please designate the subsequent Master Ballot(s) as "Supplement" and clearly mark which of those votes reflected thereon are additional votes.

9.      Please note that Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos Personal Injury Claim you represent, which shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos Personal Injury Claims on whose behalf you are voting by name with a separate box next to each entry to note whether such individual holder of an Asbestos Personal Injury Claim accepts or rejects the Plan.

10.      Each holder of an Asbestos Personal Injury Claim that votes must vote his or her entire claim to accept or reject the Plan and may not split such vote.  Accordingly, the vote of any holder of an Asbestos Personal Injury Claim who attempts partially to reject and partially to accept the Plan shall not be counted.  If this Master Ballot is signed and timely sent to the Voting Agent, but does not designate either acceptance or rejection of the Plan for any particular claim, such claim shall not be counted as either an acceptance or rejection of the Plan.

11.      To properly complete the Master Ballot, you must follow the procedures described below:

    a.    Item 1 of the Master Ballot asks you to indicate which of your clients who are holders of Asbestos Personal Injury Claims listed on the exhibit accept the Plan and which of your clients listed on the exhibit reject the Plan.  If all of your clients have authorized you to accept the Plan, you may check the box indicating the same.  If all your clients have authorized you to reject the Plan, you may check the box indicating the same.  If some of your clients have authorized you to accept the Plan, while others have authorized you to reject the Plan, please check the appropriate box and be certain to specify on the exhibit which clients have rejected the Plan and which clients have accepted the Plan;

    b.    Item 2 of the Master Ballot requires that you prepare a summary sheet, listing each holder of an Asbestos Personal Injury Claim you represent, that shall become an exhibit to the Master Ballot.  The exhibit must list all holders of Asbestos Personal Injury Claims on whose behalf you are voting by name with a separate box next to each entry to note whether such individual holder of an Asbestos Personal Injury Claim accepts or rejects the Plan;

    c.    Item 3 contains certifications, under penalty of perjury pursuant to 28 U.S.C. § 1746, which are required for you to submit a vote on behalf of one or more holders of Asbestos Personal Injury Claims.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot.  If you are unable to make the certifications as to one or more of your clients, you are not permitted to vote on the Plan with respect to such persons;

    d.    provide your name and mailing address;

    e.    sign and date your Master Ballot; and

    f.    timely return your Master Ballot with an original signature using the enclosed pre-addressed return envelope.

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, THE GARDEN CITY GROUP AT [*GCG HOTLINE*].  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE AUTHORITY FOR YOU OR ANY OTHER PERSON TO ACT AS THE AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS. GCG IS NOT AUTHORIZED TO AND WILL NOT PROVIDE LEGAL ADVICE.**

**<u>Exhibit G</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                            :        **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY, *et al.*,**    :        **09-50026 (REG)**
     **f/k/a General Motors Corp., *et al.***       :
:
                              **Debtors.**             :        **(Jointly Administered)**
:
------------------------------------------------------------------x

### ORDER (I) APPROVING NOTICE OF DISCLOSURE STATEMENT HEARING; (II) APPROVING DISCLOSURE STATEMENT; (III) ESTABLISHING A RECORD DATE; (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (V) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (VI) APPROVING THE FORMS AND BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; AND (VII) APPROVING <u>THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN</u>

Upon the Motion, dated September 3, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors

and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105, 502, 1125,

1126, and 1128 of title 11, United States Code (the "**Bankruptcy Code**"); Rules 2002, 3017,

3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "**Local Rules**") for entry of an order (i) approving notice of the Disclosure

Statement Hearing provided by the Debtors, (ii) approving the Disclosure Statement under

section 1125 of the Bankruptcy Code, (iii) establishing a record date for notice of the

Confirmation Hearing and for voting on the Plan, (iv) establishing notice and objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

procedures with respect to the Confirmation Hearing, Plan, (v) approving the Notice Packages

and procedures for the distribution thereof, (vi) approving the forms of ballots and establishing

procedures for voting on the Plan, and (vii) approving the forms of notice to non-voting classes

under the Plan, all as more fully described in the Motion; and due and proper notice of the

Motion having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

FOUND AND DETERMINED THAT:[2]

A.    The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

B.    The forms of ballots and master ballots annexed to the Motion as **Exhibit**

**"F"** are sufficiently consistent with Official Form 14 and adequately address the particular needs

of these cases and are appropriate for each Class entitled to vote on the Plan.

C.    Ballots need not be provided to the holders of (a) claims in (i) Class 1

(Secured Claims), (ii) Class 2 (Priority Non-Tax Claims), and (iii) Class 4 (Property

Environmental Claims) because they are unimpaired and, therefore, conclusively presumed to

accept the Plan, and (b) interests in Class 6 (Equity Interests in MLC) because they will retain

and receive no property under the Plan and, therefore, are deemed to reject the Plan.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

D.      The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the beneficial holders of the Note Claims (as defined below) and Eurobond Claims (as defined below) and holders of equity interests are adequate and appropriate.

G.      Transmittal of Notice Packages to any holders of Note Claims and/or Eurobond Claims held exclusively through Euroclear Bank ("**Euroclear**") and Clearstream Bank ("**Clearstream**") shall be deemed good, adequate, and sufficient notice if they are delivered by electronic transmission on or before the Solicitation Date to Euroclear and Clearstream.

H.      The procedures set forth below regarding notice to all parties in interest of the time, date and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the filing of objections thereto, and the distribution and contents of the Notice Packages comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted as provided herein.

2.      The Disclosure Statement is approved.

3.      The form and manner of notice of the time set for filing objections to, and

the hearing to consider approval of, the Disclosure Statement as described in the Motion and

reflected in the Affidavit of Service by [__] [Docket No. ___] and the Notice of Certification of

Publication [Docket No. __], was proper, adequate, and sufficient notice thereof.

4.      The Ballots, Master Ballots, and Asbestos Master Ballots, as appropriate,

are to be distributed to the holders of claims in Class 3 (General Unsecured Claims) and Class 5

(Asbestos Personal Injury Claims) under the Plan, which Classes are entitled to vote to accept or

reject the Plan.

5.      [_____], 2010 shall be the Record Date for purposes of (i) determining

which creditors are entitled to vote on the Plan, (ii) determining the creditors to receive the

Notices of Non-Voting Status, and (iii) to determine the entities to receive the Confirmation

Hearing Notice.

6.      With respect to the Ballots to be distributed to certain holders of claims in

Class 3 (General Unsecured Claims), in particular, holders of claims (i) under the notes, bonds,

and debentures that are subject to the Indentures (as such term is defined in the Plan) (the "**Note**

**Claims**"), or (ii) claims under the notes, bonds, and debentures under (a) that certain Fiscal and

Paying Agency Agreement, dated as of July 3, 2003, among MLC, Deutsche Bank AG London,

and Banque Générale du Luxembourg S.A., (b) that certain Fiscal and Paying Agency

Agreement, dated as of July 10, 2003, among General Motors Nova Scotia Finance Company,

MLC, Deutsche Bank Luxembourg S.A., and Banque Générale du Luxembourg S.A., and (c)

that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between

General Motors Corporation and Credit Suisse (the "**Eurobond Claims**"), the Debtors are

authorized to send appropriate Ballots to record holders of such Note Claims and Eurobond

Claims, including, without limitation, Euroclear, Clearstream, brokers, banks, dealers, or other

agents or nominees (collectively, the "**Master Ballot Agents**"), and each Master Ballot Agent

shall be entitled to receive reasonably sufficient copies of Ballots and Notice Packages to

distribute to the beneficial owners of the Note Claims and Eurobond Claims for whom such

Master Ballot Agent holds such Note Claims and Eurobond Claims.  The Debtors shall be

responsible for each such Master Ballot Agent's reasonable costs and expenses associated with

the distribution of copies of Ballots and appropriate Notice Packages to the beneficial owners of

such Note Claims and Eurobond Claims and tabulation of the Ballots.

       7.     Each Master Ballot Agent shall either (i) forward the appropriate Notice

Package together with the Beneficial Owner Ballot to each beneficial owner of the Note Claim

and/or Eurobond Claim entitled to vote on the Plan for voting and include a return envelope

provided by and addressed to the Master Ballot Agent, so that the beneficial owner may return

the completed Beneficial Owner Ballot to the Master Ballot Agent by a date calculated by the

Master Ballot Agent to allow it to prepare and return the Master Ballot to The Garden City

Group, Inc. ("**GCG**") so that the Master Ballot is actually received by GCG by the Voting

Deadline, or (ii) "prevalidate" the Beneficial Owner Ballots contained in the Notice Package by,

inter alia, (a) indicating thereon the name and address of the record holder of the Note Claim

and/or Eurobond Claim to be voted, the amount of the Note Claim and/or Eurobond Claim held

by the beneficial owner as of the Record Date, and the appropriate account numbers through

which the beneficial owner's holdings are derived and (b) executing the beneficial owner's

Beneficial Owner Ballot, and then forward the Notice Package to the beneficial owner of the

Note Claim and/or Eurobond Claim for voting within seven (7) business days after the receipt by

such Master Ballot Agent of the Notice Package, with the beneficial owner then returning the

Beneficial Owner Ballots directly to GCG in the return envelope to be provided in the Notice

Package by the Voting Deadline.

        8.     The Master Ballot Agents shall complete the Master Ballots according to

the instructions set forth in the Master Ballots.

        9.     With respect to a proof of claim filed by an attorney that asserts one or

more Asbestos Personal Injury Claims in Class 5 (Asbestos Personal Injury Claims), the

following voting procedures shall apply:

    (i)    the applicable Notice Package shall be sent to such attorney and Notice Packages shall not be sent to the individual claimants set forth in such proofs of claim;

    (ii)    an attorney who receives a Notice Package as provided in the preceding clause shall have the authority to cast Ballots for the holders of Asbestos Personal Injury Claims set forth in the applicable proof of claim, subject to such attorney certifying that he or she has the authority to do so on the Asbestos Master Ballot.  Any such attorney shall have the responsibility to furnish to his or her clients a copy of the Notice Package to the extent such attorney believes it is necessary or required, and the Debtors shall have no responsibility to do so;

    (iii)    attorneys who have the authority to cast Ballots as provided above shall submit an Asbestos Master Ballot substantially in the form annexed to the Motion as Exhibit "F," by the Voting Deadline in accordance with the following procedures:

    (a)    the Asbestos Master Ballot shall contain a certification to be completed by the attorney preparing and signing it pursuant to which the attorney will certify that it has the authority to cast a Ballot on the Plan on behalf of the holders of Asbestos Personal Injury Claims listed on the Exhibit attached to the Asbestos Master Ballot.  If the attorney cannot make such certification on behalf of any claimant, neither the attorney nor the claimant may vote on the Plan unless the claimant receives a Ballot in connection with another proof of claim filed by or on behalf of such claimant;

6

(b)     each attorney shall prepare a summary sheet which shall be an exhibit to the Asbestos Master Ballot and will list each individual holder of an Asbestos Personal Injury Claim set forth in the applicable proof of claim on behalf of whom the attorney has the authority to vote and is voting on the Plan and whether such claimant votes to accept or reject the Plan;

(c)     the entire summary sheet shall be attached as an exhibit to the Asbestos Master Ballot and the completed Asbestos Master Ballot and the exhibit must be returned to GCG by the Voting Deadline.

10.     All Ballots, Master Ballots, and Asbestos Master Ballots must be properly executed, completed, and delivered to GCG by (i) mail, in the return envelope provided with each Ballot, (ii) overnight courier, or (iii) personal delivery so that they are received by GCG no later than 5:00 p.m., (Eastern Time), on [____], 2010 (the "**Voting Deadline**").

11.     On or before the Solicitation Date, the Debtors shall distribute a Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed as **Exhibit "D"** to the Motion, and the Confirmation Hearing Notice to the holders of claims in Class 1 (Secured Claims), Class 2 (Priority Claims), and Class 4 (Property Environmental Claims as of the close of business on the Record Date) as of the close of business on the Record Date, which classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

12.     On or before the Solicitation Date, the Debtors shall distribute a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed as **Exhibit "E"** to the Motion, and the Confirmation Hearing Notice to the holders of the Debtors' publicly traded stock as reflected in the records maintained by the Debtors' transfer agent(s) as of the close of business on the Record Date, which include, without limitation the brokers, dealers, commercial banks, trust companies, or other nominees (collectively, the "**Nominee Stockholders**") through which the beneficial owners (collectively, the "**Beneficial Stockholders**") hold stock, and each Nominee Stockholder shall be entitled to receive reasonably sufficient copies of Notices of Non-

7

Voting Status – Impaired Class to distribute to the Beneficial Stockholders for whom such

Nominee Stockholders hold stock, and the Debtors shall be responsible for each such Nominee

Stockholders' reasonable costs and expenses associated with the distribution of such items.

13.     The Notice of Non-Voting Status – Unimpaired Classes and the Notice of

Non-Voting Status – Impaired Class, satisfy the requirements of the Bankruptcy Code and the

Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan and

the Disclosure Statement to any holder of (i) a claim in (a) Class 1 (Secured Claims), (b) Class 2

(Priority Claims) and (c) Class 4 (Property Environmental Claims); and (ii) an interest in Class 6

(Equity Interests in MLC), unless such party otherwise makes a request in writing to the Debtors

on or before [_____], 2010 for copies of such documents.

14.     The Nominee Stockholders shall distribute the Notices of Non-Voting

Status and the Confirmation Hearing Notice to the Beneficial Stockholders within five (5) days

of receipt of such notices from the Debtors.

15.     Solely for purposes of voting to accept or reject the Plan and not for the

purpose of the allowance of, or distribution on account of, a claim and without prejudice to the

rights of the Debtors in any other context, each claim within a class of claims entitled to vote to

accept or reject the Plan is to be temporarily allowed in an amount equal to the amount of such

claim as set forth in a timely filed proof of claim, or, if no proof of claim was filed, the amount

of such claim as set forth in the applicable Debtor's schedules of liabilities, dated September 15,

2009 and October 15, 2009, as applicable (collectively, and as amended, the "**Schedules**"),

provided that:

    (a)     If a claim is deemed allowed in accordance with the Plan, such claim is
            allowed for voting purposes in the deemed allowed amount set forth in
            the Plan;

(b)     If a claim for which a proof of claim has been timely filed is marked as contingent, unliquidated, or disputed, such claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such claim is disputed as set forth in subparagraph 16(g) below;

(c)     If a claim is in Class 5 (Asbestos Personal Injury Claims), such claim shall be allowed at $1.00 for voting purposes only, and not for purposes of allowance or distribution, notwithstanding any contrary amount stated in the proof of claim or the Debtors' Schedules;

(d)     If a proof of claim was timely filed in an amount that is liquidated and noncontingent, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed in the manner set forth in subparagraph 16(g) below;

(e)     If a claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution unless otherwise provided by Court order;

(f)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed, and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(g)     If the Debtors have served an objection or request for estimation as to a claim at least ten (10) days before the Voting Deadline, such claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation.

(h)     For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) claim (including more than one Note Claim and/or Eurobond Claim) shall be treated as if such entity has only one (1) claim in each applicable Class, the claims filed by such entity shall be aggregated in each applicable Class, and the total dollar amount of such entity's claims in each applicable class shall be the sum of the aggregated claims of such entity in each applicable Class;

(i)     If an entity entitled to vote has claims against multiple Debtors (either scheduled, filed, or both) based on the same transaction (e.g., a claim

9

against Debtor "A" that was guaranteed by Debtor "B"), the party will receive only one Ballot in the amount of the primary obligation;

(j)    Notwithstanding anything contained herein to the contrary, GCG, in its discretion, may contact voters to cure any defects in the Ballots, Master Ballots or Asbestos Master Ballots and is authorized to so cure any defects;

(k)    There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot or Master Ballot is received, only the Ballot or Master Ballot that bears the earliest date will be counted unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot or Master ballot that bears the latest date counted;

(l)    If a claim is filed in the amount of $0.00, such claim shall not be entitled to vote; and

(m)    If a claim is filed in a currency other than U.S. Dollars and is not allowed in a sum certain pursuant to the Plan, such claim shall be entitled to vote in the amount of $1.00.

16.    If any claimant seeks to challenge the allowance (or disallowance) of its claim for voting purposes in accordance with the above procedures, such claimant is directed to serve on the Debtors and file with the Court (with a copy to Chambers) on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, to such claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan.

17.    As to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an Order entered at least five (5) days prior to the Voting Deadline.

18.    Any Ballot that is properly completed, executed, and timely returned to GCG but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted as a vote to accept the Plan.

10

19.     If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

20.     If more than one timely, properly completed Ballot, Master Ballot, or Asbestos Master Ballot is received, only the Ballot, Master Ballot, or Asbestos Master Ballot that bears the earliest date will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot, Master Ballot, or Asbestos Master Ballot that bears the latest date counted.

21.     Creditors must vote all of their claims within a particular class under the Plan, whether or not such claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and thus a Ballot that partially rejects and partially accepts the Plan will not be counted.

22.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:  (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder; (iii) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a claim identified as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (v) any Ballot that is unsigned or without an original signature; and (vi) any Ballot transmitted to GCG by facsimile, electronic transmission, or other electronic means.

23.     With respect to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents and beneficial owners of Note Claims and Eurobond Claims, for purposes of voting, the amount that will be used to tabulate acceptance or rejection of the Plan will be the

11

principal amount held as of the Record Date (the "**Record Amount**").  The following additional

rules will apply to the tabulation of Master Ballots cast by Master Ballot Agents and beneficial

owners of Note Claims and Eurobond Claims:

(a)    Votes cast by beneficial owners through a Master Ballot Agent will be applied against the positions held by such entities in the applicable security as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, will not be counted in excess of the Record Amount of such securities held by such Master Ballot Agent; provided, however, that GCG may adjust such Record Amount to reflect the claim amount, including prepetition interest;

(b)    To the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, GCG will attempt to reconcile discrepancies with the Master Ballot Agent;

(c)    To the extent that overvotes on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation of the vote certification, GCG will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable security;

(d)    Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to GCG.  Votes reflected by Multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the Master Ballot that bears the earliest date will be counted; and

(e)    For purposes of tabulating votes, each record holder or beneficial owner will be deemed to have voted the principal amount of its claim relating to such security, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

24.    The Confirmation Hearing will be held at 9:45 a.m. (Eastern Time) on

[____], 2010; provided, however, that the Confirmation Hearing may be continued from time to

time by the Court or the Debtors without further notice other than through adjournments

announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing

field with the Court.

25.    Any objections to confirmation of the Plan must:

(a)    be in writing,

(b)    state the name and address of the objecting party and the amount and nature of the claim or interest of such party,

(c)    state with particularity the basis and nature of any objection,

(d)    conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and

(e)    be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and

(f)    served in accordance with General Order M-242 no later than 4:00 p.m. (Eastern Time), on [_____], 2010 and on the following parties —

(a)    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(b)    the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger);

(c)    General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

(d)    Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

(e)    the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

13

(f)     Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(g)     Kramer Levin Naftalis & Frankel LLP, attorneys for Creditors' Committee, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(h)     the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(i)     the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

(j)     Caplin & Drysdale, Chartered, attorneys for the Asbestos Claimants' Committee, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and

(k)     Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the Future Claimants' Representative, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

26.     Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

27.     The Debtors are authorized to file responsive pleadings to any objection to confirmation of the Plan by no later than _____ __, 2010.

28.     The Confirmation Hearing Notice substantially in the form annexed to the Motion as **Exhibit "B"** is approved.

29.     On or before _____ __, 2010, the Debtors shall mail or caused to be mailed the following materials in connection with the voting on the Plan, notice of the Confirmation Hearing (the "**Notice Packages**") and the filing of objections to confirmation of the Plan:

14

      (a)      With respect to holders of Claims in Class 3 (General Unsecured Claims) and Claims in Class 5 (Asbestos Personal Injury Claims):

            (i)      a copy of this Order (without any exhibits);

            (ii)      the Confirmation Hearing Notice;

            (iii)      the Disclosure Statement (with the Plan annexed thereto)

            (iv)      copies of any letter(s) recommending acceptance of the Plan; and

            (v)      an appropriate form of Ballot, Master Ballot and/or Asbestos Master Ballot and appropriate return envelope.

      (b)      With respect to holders of claims or equity interests that are unimpaired or impaired and not entitled to vote on the Plan:

            (i)      the Confirmation Hearing Notice; and

            (ii)      a Notice of Non-Voting Status – Unimpaired Class or a Notice of Non-Voting Status – Impaired Class, as applicable.

30.      On or before ____ __, 2010, the Debtors shall mail or cause to be mailed a copy of this Order (without exhibits), the Disclosure Statement (with the Plan annexed thereto), and the Confirmation Hearing Notice to (a) the attorneys for the Creditors' Committee, (b) the attorneys for the Asbestos Claimants Committee, (c) the attorneys for the Future Claimants Representative, (d) the Office of the United States Trustee, (e) the Securities and Exchange Commission, (f) the Internal Revenue Service, (g) the United States Department of Justice, (h) the United States Treasury, and (i) the Pension Benefit Guaranty Corporation.

31.      On or before ____ __, 2010, the Debtors shall mail or cause to be mailed a copy of the Confirmation Hearing Notice (to the extent not already provided in a Notice Package) to:

      (a)      all Notice Parties;

(b)    all persons or entities that filed proofs of claim on or before the date of the Disclosure Statement Hearing, except to the extent a claim was paid pursuant to, or expunged by, prior order of the Bankruptcy Court;

(c)    all persons or entities listed in the Debtors' Schedules as holding liquidated, noncontingent, and undisputed claims in an amount greater than zero;

(d)    the transfer agent(s) and the registered holders of the Debtors' debt and equity securities as of the Record Date;

(e)    all other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases; and

(f)    any other known holders of claims against or equity interests in the Debtors.

32.    Pursuant to section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of a claim in (a) Class 1 (Secured Claims), (b) Class 2 (Priority Claims), and (c) Class 4 (Property Environmental Claims) which Classes are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, will not include a Ballot.

33.    Pursuant to section 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Solicitation Packages for holders of an interests in Class 6 (Equity Interests in MLC) which Class is conclusively deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, will not include a Ballot.

34.    The Debtors shall not be required to distribute copies of the Plan and the Disclosure Statement to (i) any holder of an unimpaired claim or (ii) any party to an executory contract who holds a Claim that is not allowed, filed, or scheduled in the Debtors' Schedules, or who holds a claim that is listed in the Schedules as contingent, unliquidated or disputed, unless such party makes a specific request in writing to the Debtors on or before __ days prior to the Confirmation Hearing.

16

35.    The Debtors shall not be required to send Notice Packages or any other notice to creditors that have claims that have already been paid in full; provided, however, that if, and to the extent that, any such creditor would be entitled to receive a Notice Package or any other notice for any reason other than by virtue of the fact that its claim had been scheduled by the Debtors, then such creditor shall be sent a notice in accordance with the procedures set forth herein.

36.    The Debtors shall publish the Confirmation Hearing Notice not less than twenty-eight (28) days before the time fixed for filing objections to confirmation of the Plan once in each of:  *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe and Mail* (National), and *The National Post*.  Additionally, the Debtors will post the Confirmation Hearing Notice electronically on their website www.motorsliquidationdocket.com.

37.    With respect to addresses from which notices in these cases were returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Notice Packages or other notice to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities at least twenty (20) days before the Confirmation Hearing.  Failure to mail Notice Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or violation of Bankruptcy Rule 3017(d).

38.    The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

39.     The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Notice Package prior to their mailing.

40.     The notice to be provided pursuant to the procedures set forth herein is good and sufficient notice to all parties in interest and no other for further notice need be provided.

41.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         _____, 2010


                                       _____
                                       United States Bankruptcy Judge