IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY | ) | |
| f/k/a GENERAL MOTORS CORPORATION, | ) | Case No. 09-50026(REG) |
| et al. | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION OF THE ROMAN CATHOLIC DIOCESE OF PITTSBURGH AND
TRANSFIGURATION PARISH FOR RELIEF FROM THE AUTOMATIC STAY
UNDER SECTION 362 OF THE BANKRUPTCY CODE TO ALLOW FOR
PROSECUTION OF THE CIVIL LAWSUIT NOW PENDING IN THE
COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

The Roman Catholic Diocese of Pittsburgh and Transfiguration Parish (collectively, the "Movants"), by and through their undersigned counsel, bring this MOTION OF THE ROMAN CATHOLIC DIOCESE OF PITTSBURGH AND TRANSFIGURATION PARISH FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE TO ALLOW FOR PROSECUTION OF THE CIVIL LAWSUIT NOW PENDING IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA, and in support hereof, respectfully state as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, and this matter is a "core proceeding" within the meaning of 28 U.S.C. §§157(b)(2)(A) and (G).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3345494-1

## Background

3. On June 1, 2009 (the "Petition Date"), General Motors Corporation, et al., initiated these Chapter 11 cases by filing voluntary petitions for relief under the Bankruptcy Code.

4. On August 14, 2008, prior to the initiation of these bankruptcy proceedings, the Movants filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court Action"), against General Motors, a corporation (the "Debtor") for claims arising from fire damage to personalty and real estate owned by the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish. A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

5. The Movants' claim in the State Court Action against the Debtor include negligence. Such claim arose from a fire that occurred on June 15, 2006 when allegedly a fire originated in a Chevrolet Tahoe manufactured by the debtor and spread to the Transfiguration Parish located at 15 Poma Street, Russellton, Pennsylvania, destroying the church and its contents.

6. The Movants' claim in the State Court Action is currently contingent, unliquidated and disputed.

## Relief Requested and Basis Thereof

7. In discovery responses in the State Court Action prior to the institution of the General Motors bankruptcy, in response to a specific inquiry, number 20, as to whether or not General Motors had any policy of insurance providing coverage for the claims set forth in the Complaint in the State Court Action, that response does show that

General Motors had up to $35 million for legal defense along with excess insurance beyond that amount. Attached as Exhibit "B" is a copy of that response.

8. Attached hereto as Exhibit C are copies of the Bankruptcy Claims filed on behalf of the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish.

9. Through this Motion, the Movants respectfully request that the Court enter an Order pursuant to §362(d)(1) of the Bankruptcy Code modifying the automatic stay in order to allow the Movants to liquidate their claims against the Debtor in the State Court Action described above.

10. Although the claim as damages as set forth in the State Court Action is unliquidated, the maximum amount would be $1 million. Therefore if litigation would proceed against General Motors and there would be a finding of liability for the full claim of $1 million, there would be more than enough insurance coverage to satisfy any such judgment and therefore no assets of the debtor, General Motors, would be used to satisfy that judgment.

11. Although recent Orders of Court in this bankruptcy set forth plans for mediation and alternative dispute resolution procedures, it must be pointed out that in the State Court Action in Pennsylvania, there are other defendants that have been sued along with General Motors and this claimant would not then have the potential for full and complete hearing/trial against all defendants if this claim remains as part of the bankruptcy.

12. By removing this claim from the automatic bankruptcy stay, monies that would be available to pay this claimant would be available for this Court's use for other claimants.

13. The automatic stay set forth in §362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute", and this Court has the power to grant relief from the automatic stay under appropriate circumstances. *In re: Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

14. Relief from the automatic stay can be granted pursuant to §362(d) of the Bankruptcy Code "(1) for cause, ...."

15. The term "cause", however, is not defined in the Bankruptcy Code; rather, whether such relief should be granted should be determined according to the facts of each case. *In re: Renexe*, 141 B.R. at 576 (citation omitted). This Court has held that a single factor, such as "'a desire to permit an action to proceed in another tribunal', or lack of any connection with or interference with the pending bankruptcy case," may establish sufficient cause for relief. *Id.* (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)). Indeed, in *Rexene*, this Court referenced an opinion by the Bankruptcy Court for the Southern District of New York that cited several instances of cause sufficient to warrant modification of the stay, including, in particular, permitting litigation in another forum for the liquidation of a personal injury claim. *Id.* (citing Drexel *Burnham Lambert Group, Inc.*, 113 Bankr. 830, 838 n.8 (Bankr. S.D.N.Y. 1990)). In deciding whether sufficient cause exists to lift the stay based upon litigation pending in another forum, this Court has traditionally employed a three-part balancing test, which considers:

  (a) Whether any great prejudice to either the bankrupt estate or debtor will result from allowing the civil suit to continue;

  (b) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

  (c) Whether it is probable that the creditor will prevail on the merits.

*Id.* (citation omitted). In the instant case, the foregoing factors weigh in favor of granting the Movants relief from the automatic stay for "cause."

16.    First, neither the bankruptcy estate nor the Debtor will suffer any prejudice if the Movant is permitted to pursue its claim in the State Court Action. The purpose of the automatic stay "is three-fold: 'to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor'". *In re: Rexene*, 141 B.R. at 576 (citing *Borman v. Raymark Ind.,Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991) (quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982))). In other words, the purpose of the automatic stay is to prevent a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re: Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (internal citations omitted). Here, the Movants are not attempting to gain any unfair advantage over other creditors of the Debtors, but are merely attempting to liquidate and resolve their claims to the extent of the Debtors applicable insurance coverage. See, attached as Exhibit B, General Motor's response to insurance information in the underlying state action. Therefore, granting the Movants' request for relief will have no effect on the value of the Debtors' estate.

17.    Second, the hardship to the Movants by maintenance of the automatic stay considerably outweighs any possible harm that the Debtor will suffer as a result of its modification. The Movants are individuals that merely seek to liquidate their claims

against the Debtors. If the Movants were forced to litigate their presently unliquidated claims in New York, they would incur a significant financial burden. The Movants, their attorneys, the witnesses, and the relevant documents in support of their claims are located in Pennsylvania. That is why, as the court in *Rexene* suggests, "[i]t will often be more appropriate to permit proceedings to continue in their place of origin... ." *In re: Rexene*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595 Cong., 1st Sess., 341 (1977)).

18.    Third, it is probable that the Movants will prevail on the merits in the State Court Action. This Court has held that the required showing need only be "very slight." *In re: Rexene*, 141 B.R. at 578 (citing *In re: Peterson*, 116 B.R. 247, 250 (D. Colo. 1990) (foregoing the three-part merits analysis completely in a relief from stay motion merely to liquidate a claim). The facts as set forth in the attached Complaint establish a solid foundation for an award of damages based on the alleged negligence of the Debtor, and are sufficient to meet the required showing.

19.    Finally, modification of the automatic stay will promote judicial efficiency by avoiding further expense and delay to the parties in the State Court Action. *See*, e.g., *In re: Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 719 (Bankr. D. Del. 1996). Here, the Movants initiated the State Court Action in 2008 and have yet to obtain any relief.

WHEREFORE, for the foregoing reasons, the Movants hereby respectfully request that this Court enter an order pursuant to section 362(d) of the Bankruptcy Code granting the Movants the following relief against the Debtor:

    (a)    Lift from the automatic stay under §362 of the Bankruptcy Code to allow the claims as filed by the Roman Catholic Diocese of Pittsburgh and Transfiguration Parish in the Court of Common Pleas of Allegheny County, Pennsylvania to proceed in the Court of Common Pleas of Allegheny County; and

    (b)    Grant such other relief as the Court deems just and appropriate.

        RAWLE & HENDERSON, LLP

Dated: September 9, 2010
      New York, New York

        _____s/_____
        Steven R. Montgomery
        14 Wall Street, 27th Floor
        New York, New York 10005-2101
        (212) 323-7070
        Our File: 100755
        Attorneys for Movants, The Roman Catholic Diocese of Pittsburgh and Transfiguration Parish