IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF PITTSBURGH and TRANSFIGURATION PARISH, | CIVIL DIVISION |
| | **NO. GD 08-011870** |
| Plaintiffs | **COMPLAINT IN CIVIL ACTION** |
| v. | Filed on behalf of plaintiffs |
| GENERAL MOTORS, a corporation, CHEVROLET DIVISION OF GENERAL MOTORS, NORTHERN ALLEGHENY STONE, INC., a corporation, JOSEPH GIZENSKI, an individual, DOUGLAS BATTERY MANUFACTURING COMPANY, a corporation, DLK AUTO PARTS, a business, CARO BROTHERS, INC., a corporation, GLOBE AUTO PARTS, INC., a corporation, JOHN PENKE, an individual, DINO ONESI and/or PAULETTE ONESI, his wife, individuals, JAMES ALFER and/or CATHERINE ALFER, his wife, individuals and ALFER DISTRIBUTING, INC., a corporation. | Counsel of Record for this party: **Robert W. Murdoch, Esquire** Pa. I.D. 00051 Rawle & Henderson LLP The Henry W. Oliver Building Suite 1000 535 Smithfield Street Pittsburgh, PA 15222 (412) 261-5700 |
| Defendants | |

**JURY TRIAL DEMANDED**

2498523-1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

THE ROMAN CATHOLIC DIOCESE OF
PITTSBURGH and TRANSFIGURATION PARISH
                Plaintiffs

        v.

GENERAL MOTORS, a corporation, CHEVROLET
DIVISION OF GENERAL MOTORS, NORTHERN
ALLEGHENY STONE, INC., a corporation, JOSEPH
GIZENSKI, an individual, DOUGLAS BATTERY
MANUFACTURING COMPANY, a corporation, DLK
AUTO PARTS, a business, CARO BROTHERS, INC.,
a corporation, GLOBE AUTO PARTS, INC., a
corporation, JOHN PENKE, an individual, DINO
ONESI and/or PAULETTE ONESI, his wife,
individuals, JAMES ALFER and/or CATHERINE
ALFER, his wife, individuals and ALFER
DISTRIBUTING, INC., a corporation.
                Defendants

CIVIL DIVISION

NO. GD 08-011870

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
414 Grant Street, 9th Floor, Room 920
Pittsburgh, PA 15219
(412) 261-5555

2498523-1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

THE ROMAN CATHOLIC DIOCESE OF
PITTSBURGH and TRANSFIGURATION
PARISH

Plaintiffs

v.

GENERAL MOTORS, a corporation,
CHEVROLET DIVISION OF GENERAL
MOTORS, NORTHERN ALLEGHENY
STONE, INC., a corporation, JOSEPH
GIZENSKI, an individual, DOUGLAS
BATTERY MANUFACTURING
COMPANY, a corporation, DLK AUTO
PARTS, a business, CARO BROTHERS,
INC., a corporation, GLOBE AUTO PARTS,
INC., a corporation, JOHN PENKE, an
individual, DINO ONESI and/or PAULETTE
ONESI, his wife, individuals, JAMES ALFER
and/or CATHERINE ALFER, his wife,
individuals and ALFER DISTRIBUTING,
INC., a corporation

Defendants

CIVIL DIVISION

**NO. GD 08-011870**

## COMPLAINT IN CIVIL ACTION

And now, comes the plaintiff, The Roman Catholic Diocese of Pittsburgh and Transfiguration Parish, by and through its attorneys, Rawle & Henderson, LLP, and files the within Complaint in Civil Action, and in support thereof avers as follows:

1.    The Most Reverend David A. Zubik, Bishop of the Roman Catholic Diocese of Pittsburgh, is an individual whose principal office is located at 111 Boulevard of the Allies, Pittsburgh, Pennsylvania.

2498523-1

2.     Transfiguration Parish, a Pennsylvania charitable trust, located in the Diocese of Pittsburgh, is located at 15 Poma Street, Russelton, Pennsylvania. The Most Reverend David A. Zubik, Bishop of the Roman Catholic Diocese of Pittsburgh, is the successor trustee, and holds all church buildings in trust for Transfiguration Parish.

3.     Defendant, General Motors (hereinafter "GM") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 300 Renaissance Centre, Detroit, Michigan.

4.     Defendant, Chevrolet Division of General Motors (hereinafter "Chevrolet"), is a corporation located at 300 Renaissance Centre, Detroit, Michigan.

5.     Defendant, Northern Allegheny Stone, Inc., is a corporation, with a place of business at 1756 Saxonburg Blvd., Tarentum, Pennsylvania.

6.     Defendant, Joseph Gizenski, is an individual with a place of business located at 1756 Saxonburg Blvd., Tarentum, Pennsylvania.

7.     Defendant, Douglas Battery Manufacturing Company, is a corporation with its principal place of business located at 500 Battery Drive, Winston-Salem, North Carolina.

8.     Defendant, DLK Auto Parts, is a company with its place of business located at 675 Little Deer Creek Valley Road, Russellton, Pennsylvania.

9.     Defendant, Caro Brothers, Inc., is a corporation with its principal place of business located at 675 Little Deer Creek Valley Road, Russellton, Pennsylvania.

10.     Defendant, Globe Auto Parks, Inc., is a corporation with a place of business located at 889 Little Deer Creek Valley Road, Russellton, Pennsylvania.

11.     Defendant, John Penke, is an individual and is located at 889 Little Deer Creek Valley Road, Russellton, Pennsylvania.

12. Defendants, Dino Onesi and Paulette Onesi, his wife, are individuals who reside in Tarentum, Pennsylvania.

13. Defendants, James Alfer and Catherine Alfer, his wife, are individuals who last known address was 316 Shaw Avenue, McKeesport, Pennsylvania.

14. Defendant, Alfer Distributing, Inc., is a corporation, with its last known business address being 316 Shaw Avenue, McKeesport, Pennsylvania 15132.

15. At all times relevant hereto, defendant corporations acted by and through their divisions, subsidiaries, agents, servants, work persons and/or employees, who were acting within the scope and course of their agency, servitude, work and/or employment.

16. At all times relevant hereto, defendant, GM, was engaged in the business of designing, manufacturing, assembling and/or testing motor vehicles, including Chevrolet Tahoe SUVs, including complete vehicles, incomplete vehicles and/or the component parts thereof. Said Chevrolet Tahoe, including complete vehicles, incomplete vehicles and/or the component parts thereof, shall hereinafter be collectively referred to as "Chevrolet Tahoe".

17. At all times relevant hereto, defendant GM advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce said Chevrolet Tahoe in the United States of America, and the Commonwealth of Pennsylvania, including to and through defendants referenced herein above, when it knew and/or reasonably should have known that said defendants and/or defendant GM would design, manufacture, assemble and/or test all systems within said vehicles, including inter alia, the electrical system including the battery.

18. At all times relevant hereto, defendant, Chevrolet, was engaged in the business of designing, manufacturing, assembling and/or testing motor vehicles, including Chevrolet Tahoe SUVs, including complete vehicles, incomplete vehicles and/or the component

parts thereof.  Said Chevrolet Tahoe, including complete vehicles, incomplete vehicles and/or the component parts thereof, shall hereinafter be collectively referred to as "Chevrolet Tahoe".

19.    At all times relevant hereto, defendant Chevrolet advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce said Chevrolet Tahoe in the United States of America, and the Commonwealth of Pennsylvania, including to and through defendants referenced herein above, when it knew and/or reasonably should have known that said defendants and/or defendant Chevrolet would design, manufacture, assemble and/or test all systems within said vehicles, including inter alia, the electrical system including the battery.

20.    At all times relevant hereto, said Chevrolet Tahoe vehicles were advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce by said defendants, and/or defendant GM and/or defendant Chevrolet throughout the world, including the United States of America, and the Commonwealth of Pennsylvania.

21.    Said advertising, marketing and/or promotion included representing and/or warranting that said Chevrolet Tahoe vehicles were prescribed and/or intended by defendants as being safe and/or suitable for commercial and/or personal uses/purposes, including the transportation of persons and/or cargo and it was foreseeable to defendants that said Chevrolet Tahoe vehicles would be so utilized.

22.    It is believed and therefore averred that in late May or early June 2006, defendants Dino Onesi and Paulette Onesi, his wife, purchased a Chevrolet Tahoe SUV, Vehicle Identification Number believed to be 3GNEK18R0TG106271, from Joseph Gizenski and/or Northern Allegheny Stone, Inc.  At all times material hereto, Joseph Gizenski was an agent, servant and/or employee of Northern Allegheny Stone, Inc.

23.    In selling the Chevrolet Tahoe SUV to defendants Onesi, defendants Gizenski and/or Northern Allegheny Stone, Inc., warranted that said Chevrolet Tahoe SUV had no defects and was safe and/or suitable for commercial and/or personal uses/purposes, including the transportation of persons, and was safe from causing harm to others.

24.    Prior to the purchase of said vehicle by defendants Onesi, an employee of Northern Allegheny Stone, Inc. installed a battery in said Chevrolet Tahoe.

25.    By selecting and installing the battery in said Chevrolet Tahoe, defendants Joseph Gizenski and/or Northern Allegheny Stone, Inc., warranted that the battery selected by it and installed was safe and/or suitable for commercial and/or personal uses/purposes, including the transportation of persons, and was safe from causing harm to others.

26.    It is believed and averred that the battery referred to in the preceding paragraph was manufactured by Douglas Battery Manufacturing Company.

27.    At all times relevant hereto, Douglas Battery Manufacturing Company was engaged in the business of designing, manufacturing, assembling and/or testing inter alia batteries for use in motor vehicles.

28.    At all times relevant hereto, defendant Douglas Battery Manufacturing Company marketed, promoted, distributed, sold and/or placed in the stream of commerce batteries for use in motor vehicles in the United States of America and the Commonwealth of Pennsylvania, including to and through defendants referenced hereinabove.

29.    At all times relevant hereto, defendant Douglas Battery Manufacturing Company knew and/or reasonably should have known that improper design, manufacturing, assembling and/or testing could create a dangerous situation which could result in causing

danger, harm and expense to the owners of motor vehicles in which said batteries were installed and/or others.

30. Advertising, marketing and/or promotion of batteries by Douglas Battery Manufacturing Company, included representing and/or warranting that batteries manufactured by it were prescribed and/or intended by defendants as being safe and/or suitable for use in motor vehicles, including the Chevrolet Tahoe SUV referenced herein, and would not cause harm to others.

31. At all times material hereto, Caro Brothers, Inc. was a corporation with a place of business in Pittsburgh, Pennsylvania, and owned and operated a business under the fictitious name of DLK Auto Parts in Russellton, Pennsylvania. DLK Auto Parts stocked, sold and supplied numerous parts for motor vehicles in general, including said battery referred to herein which was sold and supplied to defendant Northern Allegheny Stone, Inc. and was placed in the aforementioned Chevrolet Tahoe SUV owned by defendants Onesi.

32. By selling and supplying the automobile battery for installation in the Chevrolet Tahoe SUV, defendants Caro Brothers, Inc. t/d/b/a DLK Auto Parts, represented and/or warranted that the battery was safe and/or suitable for commercial and/or personal uses/purposes, including the transportation of persons and would not create a fire hazard or harm to others.

33. At all times material hereto, Globe Auto Parts, Inc. operated a place of business at 879 Little Deer Creek Valley Road for the purpose of supplying car and auto parts and accessories and repair of motor vehicles.

34. On or about June 10, 2006, John Penke, an agent, servant and employee of defendant Globe Auto Parts, Inc. performed repair work on the Chevrolet Tahoe SUV owned by

defendant Onesi. It is believed and therefore averred that at least a portion of said repair work performed by defendant Penke was on the power steering line of the Chevrolet Tahoe SUV owned by defendants Onesi.

35. By performing repair work on the Chevrolet Tahoe SUV, defendants Penke and/or Globe Auto Parts, Inc., warranted that said repairs were performed in a safe and/or suitable manner and would not create a hazard as a source of a fire.

36. Defendants James Alfer and/or Catherine Alfer, his wife and/or Alfer Distributing, Inc., were the owners of a Toyota Camry automobile, Vehicle Identification Number believed to be 4T1BG22KOWU333259.

37. On June 15, 2006, the aforementioned Chevrolet Tahoe SUV, owned by defendants Onesi, and the aforementioned Toyota Camry, owned by defendant Alfer and/or Alfer Distributing, Inc. were parked behind the Transfiguration Parish at 15 Palma Street, Russellton, Pennsylvania.

38. At or about 7:55 a.m. on June 15, 2006, it is believed a fire originated in the engine compartment of the aforementioned Chevrolet Tahoe SUV and/or in the aforementioned Toyota Camry, which spread to the church building of Transfiguration Parish.

39. As a result of the fire spreading to the building, plaintiffs suffered the total destruction of the building located at 15 Poma Street, Russellton, PA, together with the total loss of all the contents and personalty therein.

40. Plaintiffs' damages were caused by the strict liability, negligence and/or breach of warranty of defendants, jointly and severally, as is set forth more fully at length herein.

## COUNT I – STRICT LIABILITY

## As to Defendants General Motors and Chevrolet Division of General Motors

41.   Plaintiffs hereby incorporate paragraphs 1 through 40 of this Complaint in

Civil Action as if said paragraphs were set forth more fully at length herein.

42.   The Chevrolet Tahoe SUV was in a defective and unsafe condition when it

was designed, manufactured, assembled, tested, advertised, marketed, promoted, distributed, sold

and/or placed in the stream of commerce by defendants GM and Chevrolet in that it lacked every

element necessary to make it safe for use and/or including elements that made it unsafe for use,

rendering it unreasonably dangerous, as follows:

a.   It caught fire and/or burst into flames while it was being used in
the manner prescribed and/or intended;

b.   It failed to include instructions/warnings and/or lacked adequate
instructions/warnings for its safe operation and/or use to prevent
the aforesaid fire;

c.   It was advertised and/or promoted as being safe and/or suitable for
commercial and/or personal uses when it was not safe and/or
suitable for those uses;

d.   It was designed, manufactured and/or tested to include a defective
wiring system and other systems rendering it susceptible to an
increased and/or unreasonable risk of fire;

e.   It was designed, manufactured and/or tested to allow its normal
and/or intended use to produce excessive failure, wear, power
and/or degradation of the wiring system, including the battery, and
other systems in combination thereof, rendering it susceptible to an
increased and/or unreasonable risk of fire;

f.   It was designed, manufactured and/or tested to include a fuel
system with fuel filler hoses, fuel lines, fuel line clamps, wires, and
a battery that was exposed to an increased and/or unreasonable risk
of fire;

g.   It was not designed, manufactured and/or tested to ensure that it
did not catch fire during its normal and/or intended use;

h.   It was not designed, manufactured and/or tested to ensure that the wiring system including the battery was not exposed to an increased and/or unreasonable risk of fire;

i.   It was not inspected and/or was inadequately inspected to ensure that the wiring system, including the battery, did not expose it to an increased and/or unreasonable risk of fire, which would cause harm to others; and

j.   It increased the risk of harm to others, including the plaintiffs.

43.   Defendants GM and Chevrolet are strictly liable to plaintiffs for their damages under §402(a) of the Restatement of Torts (Second) by virtue of selling and/or placing within the stream of commerce the Chevrolet Tahoe SUV when it was in a dangerous and defective condition.

44.   The fire described herein resulted from the defendants' failure to adequately warn of the dangerous, hazardous and defective condition of the Chevrolet Tahoe SUV.

45.   Defendants GM and Chevrolet knew or had reason to know that their conduct in designing and/or manufacturing the Chevrolet Tahoe SUV created a risk of physical harm to the users and others such as the plaintiffs, yet proceeded to act in conscious, reckless disregard or indifference to that risk and the safety and welfare of the users of that vehicle.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

2498523-1                                    9

## COUNT II – STRICT LIABILITY

### As to Defendant Douglas Battery Manufacturing Company

46.    Plaintiffs hereby incorporate paragraphs 1 through 45 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

47.    The battery manufactured by this defendant which was placed in the Chevrolet Tahoe SUV was in a defective and unsafe condition when it was designed, manufactured, assembled, tested, advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce in that it lacked every element necessary to make it safe for use and/or included elements that made it unsafe for use, rendering it unreasonably dangerous, as follows:

    a.    It caught fire and/or burst into flames while it was being used in the manner prescribed and/or intended;

    b.    It failed to include instructions/warnings and/or lacked adequate instructions/warnings for its safe operation and/or use to prevent the aforesaid fire;

    c.    It failed to include instructions/warnings and/or lacked adequate instructions/warnings that it necessitated frequent and/or excessive inspection;

    d.    It was advertised and/or promoted as being safe and/or suitable for commercial and/or personal uses when it was not safe and/or suitable for those uses;

    e.    It was designed, manufactured and/or tested to be exposed to an increased and/or unreasonable risk of fire; and

    f.    It was not designed, manufactured and/or tested to ensure that it did not catch fire during its normal and/or intended use.

48.    Defendant Douglas Battery Manufacturing Company is strictly liable to the plaintiffs for their damages under §402A of the Restatement of Torts (Second) by virtue of

2498523-1                                          10

selling and/or placing within the stream of commerce the automobile battery when it was in a dangerous and defective condition.

49.    The fire described herein resulted from this defendant's failure to adequately warn of the dangerous, hazardous and defective condition of its battery.

50.    Defendant Douglas Battery Manufacturing Company knew or had reason to know that its conduct in designing and/or manufacturing the automobile battery created a risk of physical harm to the users of the Chevrolet Tahoe SUV, and others including the plaintiffs, yet proceeded to act in conscious, reckless disregard or indifference to that risk and the safety and welfare of the users of the Chevrolet Tahoe SUV.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

## COUNT III – NEGLIGENCE

### A.    As to defendant GM and Chevrolet

51.    Plaintiffs hereby incorporate paragraphs 1 through 50 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

52.    At all times relevant hereto, defendants GM and Chevrolet had a duty to ensure that they designed, manufactured, assembled, tested, advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce the Chevrolet Tahoe SUV free of defects.

53.    Prior to the aforementioned incident, defendants GM and Chevrolet knew or within the exercise of reasonable care should have known that the Chevrolet Tahoe SUV was defective and/or unsafe.

54.    Defendants GM and Chevrolet were negligent in causing and/or allowing

the injuries and damages suffered by plaintiffs as follows:

a.    In causing/allowing the Chevrolet Tahoe SUV to catch fire and/or burst into flames while it was being operated and/or used in the manner prescribed and/or intended;

b.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings for the Chevrolet Tahoe's safe operation and/or use to prevent before said fire;

c.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings that the Chevrolet Tahoe's fuel system, suspension system and wiring, including the battery and/or a combination thereof necessitated frequent and/or excessive inspection;

d.    In advertising and/or promoting the Chevrolet Tahoe SUV as being safe and/or suitable for commercial and/or personal uses when it was not safe and/or suitable for those uses;

e.    In designing, manufacturing and/or testing the Chevrolet Tahoe SUV to include a defective wiring system and other systems and/or a combination thereof, including wiring to the battery rendering it susceptible to an increased and/or unreasonable risk of fire;

f.    In designing, manufacturing and/or testing the Chevrolet Tahoe SUV to allow its normal and/or intended use to produce excessive power, failure, wear and/or degradation of the wiring system and other systems rendering it susceptible to an increased and/or unreasonable risk of fire;

g.    In failing to design, manufacture and/or test the Chevrolet Tahoe SUV to ensure that it did not catch fire during its normal and/or intended use;

h.    Designing and selling a vehicle which was not safe for its foreseeable and intended use;

i.    Designing and selling a vehicle which failed to comply with applicable motor vehicle safety standards; and

j.    Failing to adequately warn vehicle users of the inherent dangers and deficiencies in the design of the vehicle under normal and

emergency operating conditions, resulting in damage to the plaintiffs herein.

55. Defendants GM and Chevrolet knew or had reason to know that their conduct created a risk of physical harm to the users of the Chevrolet Tahoe SUV and others, including the plaintiffs herein, yet proceeded to act in conscious, reckless disregard or indifference to that risk and the safety and welfare of the public in general.

56. The aforesaid negligence of defendants GM and Chevrolet was the cause and/or a substantial factor in causing plaintiffs to suffer the damages set forth hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

**B.   As to defendants Douglas Battery Manufacturing Company**

57. Plaintiffs hereby incorporate paragraphs 1 through 56 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

58. At all times relevant hereto, defendant Douglas Battery Manufacturing Company had a duty to ensure that it designed, manufactured, assembled, tested, advertised, marketed, promoted, distributed, sold and/or placed in the stream of commerce the automobile battery placed in the Chevrolet Tahoe SUV.

59. Prior to the aforementioned incident, defendant Douglas Battery Manufacturing Company knew or with the exercise of reasonable care should have known that the battery was defective and/or unsafe.

60. Defendant Douglas Battery Manufacturing Company was negligent in causing and/or allowing the damages suffered by plaintiffs as follows:

a.   In causing/allowing the automobile battery to catch fire and/or burst into flames while it was being operated and/or used in the manner prescribed and/or intended;

b.   In failing to include instructions and/or warnings and/or lacking adequate instructions/warnings for the safe operation and/or use of the battery to prevent the aforesaid fire;

c.   In advertising and/or promoting its battery as being safe and/or suitable for commercial and/or personal uses when it was not safe and/or suitable for those uses;

d.   In designing, manufacturing and/or testing its battery to allow its normal intended use to produce excessive failure rendering it susceptible to an increased and/or unreasonable risk of fire; and

e.   In failing to design, manufacture and/or test its battery to ensure that it did not catch fire during its normal and/or intended use resulting in harm to others, including the plaintiffs herein.

61.    The aforesaid negligence of Douglas Battery Manufacturing Company was the cause and/or a substantial factor in causing plaintiffs to suffer the damages set forth hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

**C.   As to defendants Northern Allegheny Stone, Inc. and Joseph Gizenski**

62.    Plaintiffs hereby incorporate paragraphs 1 through 61 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

63.    At all times relevant hereto, defendants Northern Allegheny Stone, Inc. and Joseph Gizenski had a duty to ensure that the vehicle that it sold was safe and/or free of defects, was safe as represented, promoted and/or warranted by it and/or complied with all

applicable federal Motor Vehicle Safety and Bumper Standards prescribed under 49 C.F.R. 571

and 581.

64.    Prior to the aforesaid incident, defendants Northern Allegheny Stone, Inc.

and Joseph Gizenski knew or with the exercise of reasonable care should have known that the

Chevrolet Tahoe SUV was defective and/or unsafe and could cause harm to others.

65.    Defendants Northern Allegheny Stone, Inc. and Joseph Gizenski were

negligent in causing and/or allowing the damages suffered by the plaintiffs as follows:

    a.    In selling the Chevrolet Tahoe SUV in a condition allowing it to catch fire and/or burst into flames while it was being operated and/or used in the manner prescribed and/or intended;

    b.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings for the Chevrolet Tahoe SUV safe operation and/or use to prevent the aforesaid fire;

    c.    In failing to conduct a complete inspection prior to selling said Chevrolet Tahoe SUV to ensure that there was no danger existing which could result in a fire to said vehicle;

    d.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings concerning potential fire hazards;

    e.    In promoting the Chevrolet Tahoe SUV as being safe and/or suitable for commercial and/or personal uses when it was not safe and/or suitable for those uses, and would not cause harm to others;

    f.    In selling the Chevrolet Tahoe SUV when it was susceptible to an increased and/or unreasonable risk of fire; and

    g.    In failing to examine and/or test the Chevrolet Tahoe SUV adequately to ensure that there was no increased and/or unreasonable risk of fire which could cause harm to others, including the plaintiffs herein.

66.    The aforesaid negligence of defendants Northern Allegheny Stone, Inc.

and Joseph Gizenski was the cause and/or a substantial factor in causing plaintiffs to suffer the

damages hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

### D.  As to defendants DLK Auto Parts and Caro Brothers, Inc.

67.    Plaintiffs hereby incorporate paragraphs 1 through 66 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

68.    Caro Brothers, Inc. d/b/a DLK Auto Parts, through its agents, servants and employees, had a duty to ensure that any merchandise that it sold, and in particular the battery hereinbefore referred to, was safe and/or free of defects.

69.    Prior to the aforementioned incident, defendants Caro Brothers, Inc. d/b/a DLK Auto Parts, knew or with the exercise of reasonable care should have known that the battery which it sold for installation in the Chevrolet Tahoe SUV was defective and/or unsafe.

70.    Defendants Caro Brothers, Inc. d/b/a DLK Auto Parts, were negligent in causing and/or allowing the damages suffered by the plaintiffs as follows:

a.    In failing to inspect and ensure that the battery that it sold for installation in the Chevrolet Tahoe SUV was not in a defective condition;

b.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings for the use of the battery that it sold for installation in the Chevrolet Tahoe SUV;

c.    In failing to include instructions/warnings and/or lacking adequate instructions/warnings concerning the use of said battery;

d.    In placing into the stream of commerce a defective battery without providing warnings and instructions regarding its condition; and

e.    In selecting an improper battery for installation in the Chevrolet Tahoe SUV.

2498523-1                                    16

WHEREFORE, plaintiffs respectfully request judgment in their favor and against

the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars,

plus interests and costs.

### E.    As to defendants Globe Auto Parts and John Penke

71.    Plaintiffs hereby incorporate paragraphs 1 through 70 of this Complaint in

Civil Action as if said paragraphs were set forth more fully at length herein.

72.    At all times relevant hereto defendants Globe Auto Parts, Inc. and John

Penke had a duty to ensure that any repair work that it performed on the Chevrolet Tahoe SUV

was done in a safe manner free of defects and complied with all applicable federal motor vehicle

safety and bumper standards.

73.    Prior to the aforementioned incident, defendants Globe Auto Parts, Inc.

and John Penke knew or with the exercise of reasonable care should have known that the repair

work performed on the Chevrolet Tahoe SUV was done in a defective and/or unsafe manner and

could cause harm to others.

74.    Defendants Globe Auto Parts, Inc. and John Penke were negligent in

causing and allowing the damages suffered by the plaintiff as follows:

a.    In performing improper and unsafe repair work on the Chevrolet
Tahoe SUV without warning any subsequent owners/users;

b.    In failing to perform proper mechanical work on the Chevrolet
Tahoe SUV;

c.    In failing to inspect repair work which it performed to ensure that
it had been done in a safe and proper manner;

d.    In performing improper repair work on the Chevrolet Tahoe SUV;

e.    In performing improper repair work, that increased the risk of fire
in the Chevrolet Tahoe; and

f.    In performing improper repair work that caused the fire in the Chevrolet Tahoe.

75.    The aforesaid negligence of defendants Globe Auto Parts, Inc. and John Penke was the cause and/or a substantial factor in causing plaintiffs to suffer the damages set forth hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

### F.    As to defendants Dino Onesi and Paulette Onesi

76.    Plaintiffs hereby incorporate paragraphs 1 through 75 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

77.    At all times relevant hereto, defendants Dino Onesi and Paulette Onesi were the owners of the Chevrolet Tahoe SUV referred to in this matter and knew or should have known that it was defective and/or unsafe, and that by parking said vehicle in close proximity to the Transfiguration Parish building, it increased the risk of harm and damage to the parish and its contents.

78.    Defendants Dino Onesi and Paulette Onesi were negligent in causing and/or allowing the damages suffered by the plaintiffs as follows:

a.    In causing/allowing the Chevrolet Tahoe SUV to catch fire and/or burst into flames while it was being operated and/or used in the manner prescribed and/or intended;

b.    By failing to perform proper inspections to ensure that the Chevrolet Tahoe SUV was not in a defective condition;

c.    In failing to warn representatives of the plaintiffs that the Chevrolet Tahoe SUV was in a defective condition and a potential source of a fire;

d.   In parking the Chevrolet Tahoe SUV close to the Transfiguration Parish church building with the knowledge that it was defective, prone to burst into flames which would cause damage to the plaintiffs' property;

e.   In failing to take precautions to ensure that a fire would not originate in the Chevrolet Tahoe SUV.

f.   In failing to take precautions to ensure a fire would not break out in the engine compartment of the Chevrolet Tahoe SUV and spread to plaintiffs' property.

79.  The aforesaid negligence of defendants Dino Onesi and Paulette Onesi was the cause and/or a substantial factor in causing plaintiffs to suffer the damages set forth hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars, plus interests and costs.

**G.   As to defendants James Alfer, Catherine Alfer and Alfer Distributing, Inc.**

80.  Plaintiffs hereby incorporate paragraphs 1 through 79 of this Complaint in Civil Action as if said paragraphs were set forth more fully at length herein.

81.  At all times material hereto, defendants James Alfer, Catherine Alfer and/or Alfer Distributing, Inc. were the owners of a Toyota Camry and on the date of the incident parked said Toyota next to the Chevrolet Tahoe SUV at the Transfiguration Parish church.

82.  Prior to the aforesaid incidents, defendants James Alfer, Catherine Alfer and Alfer Distributing, Inc. knew or should have known through the exercise of reasonable care that the Camry was defective and/or unsafe, and that by parking said vehicle in close proximity

to the Transfiguration Parish, it caused the risk of harm and damage to the parish and its

contents.

83. Defendants James Alfer, Catherine Alfer and Alfer Distributing, Inc. were

negligent in causing and/or allowing the damages suffered by the plaintiffs, as follows:

      a. In allowing the Toyota Camry to catch fire and/or burst into flames while it was parked in close proximity to the building of the plaintiffs;

      b. In failing to warn the plaintiffs of the potential danger that the Camry would burst into flames and cause damage to plaintiffs' building; and

      c. In failing to take steps to ensure that the Toyota Camry was in proper condition to ensure that it was not a fire hazard.

84. The aforesaid negligence of defendants James Alfer, Catherine Alfer and

Alfer Distributing, Inc. was the cause and/or a substantial factor in causing plaintiffs to suffer the

damages hereinabove.

WHEREFORE, plaintiffs respectfully request judgment in their favor and against

the defendants, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars,

plus interests and costs.

Rawle & Henderson, LLP

By: _____

Robert W. Murdoch, Esquire
Attorneys for plaintiffs

## VERIFICATION

I, The Most Reverend Paul J. Bradley, in my capacity as representative of the trustee of Transfiguration Parish, have read the within **COMPLAINT IN CIVIL ACTION.** The statements contained therein are true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn fabrication to authorities, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date: *August 13, 2008*

*+ Paul J. Bradley*
Representative of trustee
Transfiguration Parish charitable trust

ATTORNEY IN FACT FOR MOST REVEREND
DAVID A. ZUBIK BY VIRTUE OF POWER OF
ATTORNEY, DATED 10/17/07, AND RECORDED
IN THE OFFICE OF THE RECORDER OF DEEDS
OF _ALLEGHENY_ COUNTY
AT _P. O. A. Book No. 547, Page 192_

2498523-1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was

forwarded to counsel and/or defendants below named by United States Mail on the 14th day of

August, 2008.

| | |
|---|---|
| Richard W. DiBella, Esquire<br>DiBella, Geer, McAllister & Best<br>312 Blvd. of the Allies, 3rd Floor<br>Pittsburgh, PA 15222<br>***Attorneys for Dino Onesi and Paulette Onesi*** | William A. Haushalter, Esquire<br>Margolis Edelstein<br>525 William Penn Place, Suite 3300<br>Pittsburgh, PA 15219<br>***Attorneys for Joseph Gizenski and Northern Allegheny Stone, Inc.*** |
| Robert A. Loch, Esquire<br>Robb Leonard Mulvihill, LLP<br>500 Grant Street, 23rd Floor<br>Pittsburgh, PA 15219<br>***Attorneys for Caro Brothers, Inc. and DLK Auto Parts*** | Paul R. Robinson, Esquire<br>Meyer, Darragh, Buckler, Bebenek & Eck, PLLC<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219-6194<br>***Attorneys for Douglas Battery Manufacturing Company*** |
| Globe Auto Parts, Inc.<br>889 Little Deer Creek Road<br>Russellton, PA 15076 | Globe Auto Parts, Inc.<br>889 Little Deer Creek Road<br>Russellton, PA 15076 |
| General Motors Corporation<br>Chevrolet Division<br>c/o Robert S. Osborne, VP<br>Office of General Counsel<br>300 Renaissance Center<br>Detroit, MI 48265-3000 | |

Rawle & Henderson, LLP

By: _____