# EXHIBIT G

*Stanley Morganstern* \*~
*Pamela J. MacAdams* \*~
*Christopher M. DeVito*

*Nicholas M. DeVito (1941-1993)*

# mmd

MORGANSTERN, MACADAMS & DEVITO CO., L.P.A.
ATTORNEYS AND COUNSELORS AT LAW

*Kylie L. Grumbine*
*Alexander J. Kipp*

*Of Counsel: Nicholas A. D'Angelo*
*James A. Draper*
*Michael A. Partlow*

August 31, 2010

**VIA EMAIL & REGULAR MAIL**
Gregory R. Oxford, Esq.
Isaacs Clouse Crose & Oxford LLP
21515 Hawthorne Blvd., Suite 950
Torrance, CA  90503

      Re:    *Rally Auto Group Inc. v. General Motors LLC*
              MMD File No. G-10-107

Dear Mr. Oxford:

      This letter responds to your August 30, 2010, communication. Your letter is premised upon the United States Bankruptcy Court proceeding involving the former company known as General Motors and the new entity you identify as General Motors LLC ("GM"). However, you intentionally omit and ignore the intervening, controlling, and superseding Federal law which occurred subsequent to the bankruptcy action.

      You correctly state that there was a bankruptcy court order approving the 363 Sale Order. However, IN DIRECT RESPONSE there were numerous Congressional investigations and hearings involving the expedited bankruptcy petition and lack of transparency by GM. Ultimately, Congress enacted a public law to specifically address the wind-down agreements, approved in the 363 Sale Order, and provided new substantive rights and remedies for "covered dealerships." (Section 747 of the Consolidated Appropriations Act of 2010 (Public Law 111-117) (The "Act" or "Section 747"), enacted December 16, 2009).

      Section 747 provided for American Arbitration Association ("AAA") hearings in order to review "covered dealerships" pursuant to seven (7) enumerated factors and any other relevant facts. Specifically, a covered dealership which signed a wind-down agreement was <u>not</u> barred from the AAA proceedings. (Section 747(a)(2)).

      Additionally, GM participated in the Rally Auto Group AAA hearing and never sought a bankruptcy court order to stay or to stop the arbitration under the new substantive law set forth in Section 747. Finally, Rally's current Federal action involves the AAA proceedings, newly enacted by Congress, and concerns issues with the arbitration award, not the alleged wind-down agreement, pursuant to the Federal Arbitration Act.

\*Fellow of the American Academy
of Matrimonial Lawyers

623 West Saint Clair Avenue · Cleveland, Ohio 44113-1204
216.621.4244 or 216.687.1212   Fax 216.621.2951
www.mmd-law.com



~ Certified Specialist  Family Law

Page Two
Gregory R. Oxford, Esq.
August 31, 2010

     Therefore, Rally does not intend to dismiss its currently pending action because it is properly before the Federal District Court. Furthermore, any attempt by General Motors, through your office, to interfere or delay a determination on the merits, through an improper or frivolous motion practice, will be responded to accordingly. This will include, but is not limited to, requests for sanctions, costs, and attorney fees under Federal Rule 11 and any other applicable laws governing this matter.

     If you would like to further discuss this case, please do not hesitate to contact my office. Otherwise, we expect a proper answer by GM, on the merits to Rally's Application, by the September 7, 2010, deadline.

Sincerely,

Christopher M. DeVito

CMD/nk

cc:    Gregory J. Ferruzzo (via email only)
       Client (via email only)

W:\Letters\Rally Auto\Oxford.001.wpd