# Exhibit 6

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
DEUTSCHE BANK SECURITIES INC.,                                :    Civil Action No.:
                                                              :
                        Plaintiff,                            :    10 CIV 5910
                                                              :
        - against-                                            :    COMPLAINT
                                                              :
DALE EARNHARDT, INC.,                                         :    Plaintiff demands
                                                              :    Trial by Jury
                        Defendant.                            :
                                                              :
                                                              :
------------------------------------------------------------- x

Plaintiff Deutsche Bank Securities Inc. ("Deutsche Bank"), as and for its complaint herein, alleges as follows:

### Nature of Action

1.      This is an action for breach of contract arising from a written agreement by Defendant Dale Earnhardt, Inc. ("DEI") to sell Deutsche Bank a claim pending in the General Motors bankruptcy action. DEI signed a binding contract to sell its claim to Deutsche Bank and, after entering into that contract, DEI breached that contract by refusing to assign that claim to Deutsche Bank, thereby denying Deutsche Bank the benefit of the bargain it made with DEI. Deutsche Bank seeks money damages for lost profits resulting from DEI's breach.

### Parties

2.      Plaintiff Deutsche Bank is a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York.

3.      Upon information and belief, Defendant DEI is a corporation organized under the laws of the state of North Carolina with its principal place of business in Mooresville, North

Carolina. Upon information and belief, DEI is in the business of licensing, merchandising, and events related to the name and likeness of the late NASCAR racer Dale Earnhardt; a partner in Earnhardt Ganassi Racing, Earnhardt Childress Engines, and Earnhardt Technology Group; and engaged in philanthropic ventures through the Dale Earnhardt Foundation.

### Jurisdiction and Venue

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and this dispute is between citizens of different states.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions giving rise to Deutsche Bank's claim occurred in this judicial district.

### Factual Allegations

6.   On December 3, 2009, DEI entered into an agreement to sell to Deutsche Bank a bankruptcy claim that DEI had filed in the bankruptcy action titled *In re Motors Liquidation Co., et al., f/k/a General Motors Corp., et al.*, U.S. Bankr. S.D.N.Y., Ch. 11 No. 09-50026 (REG) (the "Bankruptcy Action"). DEI had filed its claim in the Bankruptcy Action, claim number 1649, for a value of $3,252,706.89 (the "Claim").

7.   The agreement was confirmed by a recorded telephone conversation between representatives of Deutsche Bank and DEI on December 3, 2009.

8.   The agreement was further confirmed by e-mails between representatives of Deutsche Bank and DEI on December 3, 2009 and December 4, 2009, respectively. Copies of the December 3, 2009 and December 4, 2009 e-mails are attached hereto as Exhibit A.

9. The agreement was memorialized in a letter agreement confirming the transaction dated January 18, 2010 and executed by the parties (the "Confirmation"). A copy of the executed Confirmation is attached hereto as Exhibit B.

10. As set forth in the Confirmation, DEI agreed to sell Deutsche Bank 100% of the principal of the Claim, to be amended by DEI to $3,031,180.00, and consisting of two parts: (i) $833,333.33 representing the administrative portion of the claim, and (ii) $2,197,846.67 representing the general unsecured portion of the Claim.

11. DEI agreed to sell the administrative portion of the Claim to Deutsche Bank at a purchase rate of seventy-one (71) percent, and to sell the general unsecured portion of the claim to Deutsche Bank at a purchase rate of sixteen (16) percent. Therefore, DEI agreed to sell the Claim to Deutsche Bank for a price of $943,322.13.

12. The Confirmation further provided for a claim hold back amount of $525,000.00 with respect to the administrative portion of the claim and $175,827.72 with respect to the general unsecured portion of the claim. The hold back amounts were subject to the pending allowance of the claims.

13. The Confirmation provided that "[u]pon execution by the Buyer and Seller in the space designated below, this letter shall constitute a binding agreement between the parties." (Id.) The confirmation further provided that the transaction shall be closed "[a]s soon as practicable."

14. After DEI executed the Confirmation, Deutsche Bank repeatedly contacted DEI in order to discuss a mutually agreeable Assignment of Claim ("Assignment"). Over the course of several weeks, the parties discussed the terms of the Assignment and exchanged draft agreements.

3

15. DEI subsequently informed Deutsche Bank that it will not enter into an Assignment with Deutsche Bank because DEI had sold the Claim to a third party, The Seaport Group LLC. On July 20, 2010, a notice of transfer was filed in the Bankruptcy Action evidencing transfer of the Claim from DEI to The Seaport Group LLC. A copy of that notice of transfer is attached hereto as Exhibit C.

16. Deutsche Bank was damaged by DEI's breach, including losing the opportunity to sell the Claim to another buyer at a profit, and/or losing the ability to collect any distribution that General Motors has made or will make on the Claim.

## COUNT ONE

### (Breach of Contract)

17. Deutsche Bank repeats and realleges each allegation contained in paragraphs 1 through 16 as if fully set forth herein.

18. Deutsche Bank and DEI entered into a binding contract for the sale of the full value of the Claim to Deutsche Bank.

19. Deutsche Bank was at all times ready, willing, and able to perform all of its obligations under the contract.

20. DEI materially breached the terms of the contract by failing to close the transaction "as soon as practicable" and failing to deliver the Claim to Deutsche Bank, as promised in the Confirmation.

21. By reason of DEI's breach, Deutsche Bank was deprived of the benefit of its bargain under the contract.

22. By reason of DEI's breach, Deutsche Bank has been damaged in an amount to be determined at trial.

23. Therefore, DEI is liable to Deutsche Bank for breach of contract, and Deutsche Bank is entitled to an award of monetary damages.

## COUNT TWO

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

24. Deutsche Bank repeats and realleges each allegation contained in paragraphs 1 through 16 as if fully set forth herein.

25. Deutsche Bank and DEI entered into a binding contract for the sale of the full value of its Claim to Deutsche Bank, to wit the Confirmation.

26. Deutsche Bank at all times acted in good faith in its performance of the Confirmation.

27. DEI acted in bad faith and unfairly to deprive Deutsche Bank of the Claim or to prevent Deutsche Bank from carrying out the closing.

28. By its conduct, DEI deprived Deutsche Bank of the benefit of its bargain under the Confirmation and/or prevented Deutsche Bank from carrying out the terms of the Confirmation.

29. DEI's conduct was contrary to the intent of the parties as expressed in the Confirmation.

30. By reason of DEI's breach, Deutsche Bank has been damaged in an amount to be determined at trial.

31. Therefore, DEI is liable to Deutsche Bank for breach of the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, Deutsche Bank respectfully prays for the following relief:

A.  monetary damages in an amount to be determined at trial;

B.  awarding Deutsche Bank interest on any money judgment;

C.  awarding Deutsche Bank its attorneys fees, costs and disbursements as permitted by law; and

D.  awarding Deutsche Bank such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 5, 2010

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: *Toby Soli*

Toby S. Soli (TS 4493)
200 Park Avenue
New York, New York 10166
(Tel.): (212) 801-9200
(Fax): (212) 801-6400

*Attorneys for Plaintiff*



**Chad Warpula**
<cwarpula@DEI-Zone.com>
12/04/2009 12:07 PM

To  Sally Goudie/db/dbcom@DBAmericas
cc  Eamonn-G Obrien/db/dbcom@DBAmericas, Matthew Weinstein/db/dbcom@DBAmericas
bcc
Subject  RE: Trade Confirmation / DB buys from DEI

History:          This message has been forwarded.

Confirmed in principle, subject to execution and delivery of final Assignment of Claim Agreement between the parties. Thanks.

Chad Warpula,
**Executive Vice President & General Counsel**

**Dale Earnhardt, Inc.**
1675 Dale Earnhardt Highway #3
Mooresville, NC 28115
Office: (704) 662-8926
Fax: (704) 663-8975
www.daleearnhardtinc.com

**Earnhardt Ganassi Racing with Felix Sabates, LLC**
8500 Westmoreland Drive
Concord, NC 28027
Office: (704) 235-1160
Cell: (704) 651-3412
Fax: (704) 663-0848
www.earnhardtganassi.com
***Notice of Confidential Communication***
This email may contain confidential or legally protected information that is intended strictly for the use of the individual or entity named in this message. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or reliance upon the information contained in this email is strictly prohibited. If you have received this email in error, please contact the sender immediately.

**From:** Sally Goudie [mailto:sally.goudie@db.com]
**Sent:** Thursday, December 03, 2009 6:20 PM
**To:** Chad Warpula
**Cc:** Eamonn-G Obrien; Matthew Weinstein
**Subject:** Trade Confirmation / DB buys from DEI


Chad

As confirmed by telephone, Deutsche Bank buys from Dale Earnhardt, Inc the Motors Liquidation Company f/k/a General Motors Corp claim as detailed below:

| | |
|---|---|
| **Buyer:** | Deutsche Bank |
| **Seller:** | Dale Earnhardt Inc |
| **Debtor:** | Motors Liquidation Company f/k/a General Motors Corp |
| **Type of Instrument:** | Claims of Dale Earnhardt Inc in the Motors Liquidation Company case |
| **Administrative Claim Amount:** | $833,333.33 |
| **General Unsecured Claim Amount:** | $2,197,846.67 |
| **Administrative Claim Purchase Price :** | 71.00% |

**Unsecured Claim Purchase Price :**         16.00 %

**Subject to:**

- Regarding the General Unsecured Claim Amount Buyer agrees to fund Seller 8.00% of the Unsecured Claim Purchase Price on closing, the remaining 8.00% shall be released to Seller on allowance of the claim by final order.

- Regarding the Administrative Claim Amount Buyer agrees to fund Seller 8.00% of the Unsecured Claim Purchase Price on closing, the remaining 63.00% shall be released to Seller on allowance by a final order in the bankruptcy case and on clarification by the Debtor that the claim will be treated as an Administrative claim in the case.

- Execution of an Assignment of Claim Agreement that shall contain market standard representations, warranties and disallowance language.

- Understanding by Buyer and Seller that an amended Proof of Claim might need to be filed.

Please reconfirm the above by return email and we will have the 2 page trade confirmation sent out.

Thanks for the trade and have a nice evening.

Sally


Sally Goudie
Vice President
Deutsche Bank Securities Inc
60 Wall Street, 3rd Floor
New York, NY10005
Tel: + 1 212 250 2577
Fax: + 1 212 797 8770
Mob: + 1 917 497 0740 / 1 646 467 4705

---

This communication may contain confidential and/or privileged information.
If you are not the intended recipient (or have received this communication
in error) please notify the sender immediately and destroy this
communication. Any unauthorized copying, disclosure or distribution of the
material in this communication is strictly forbidden.

Deutsche Bank does not render legal or tax advice, and the information
contained in this communication should not be regarded as such.

**Deutsche Bank** [/]

Deutsche Bank Securities Inc.
Distressed Products Group
60 Wall Street, 3rd Floor
New York, New York 10005
Attention:     Matt Weinstein
Telephone:    212-250-5760
Facsimile:     212-797-8770



January 18, 2010
~~December __, 2009~~

**DALE EARNHARDT INC.**
1675 Dale Earnhardt Hwy
Mooresville, NC 28115-8330
Attn: Chad Warpula, General Manager

Dear Sirs,

This letter shall confirm the following transaction between Deutsche Bank Securities Inc. and Dale Earnhardt, Inc., subject to the terms and provisions of a mutually agreeable Assignment of Claim (collectively, the "Assignment"). In the event of any inconsistency between the terms and provisions contained in the Assignment and this letter, the Assignment shall prevail. Capitalized terms used but not defined herein shall have the respective meanings ascribed thereto in the Assignment:

**Trade Date:**        December 3, 2009

**Seller:**            Dale Earnhardt, Inc.

**Buyer:**             Deutsche Bank Securities Inc.

**Debtor:**            Motors Liquidation Company (f/k/a General Motors Corporation)

**Type of Instrument:**  All of Seller's right, title and interest in and to the claim filed by Seller against the Debtor, one of the debtors-in-possession in the Chapter 11 reorganization case (the "Case") entitled Motors Liquidation Company, et al. f/k/a General Motors Corp., et al., Chapter 11 Case No. 09-50026 (REG) (Jointly Administered) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") assigned claim number 1649 in the Case (the "Claim")

**Proof of Claim Amount:** $3,252,706.89, to be amended by Seller to $3,031,180.00, which represents 100% of the principal amount of the Claim consisting of:

$833,333.33 representing the administrative portion of the Claim (the "Administrative Claim Amount")

$2,197,846.67 representing the general unsecured portion of the Claim (the "General Unsecured Claim Amount")

**Purchase Rate:** 71.00% of the Administrative Claim Amount

16.00% of the General Unsecured Claim Amount

**Form of Transfer:** Assignment of Claim

**Claim Hold-Back Amount:**

$525,000.00 with respect to the Administrative Claim Amount

$175,827.73 with respect to the General Unsecured Amount

[Handwritten annotation: *Initial Payment: On the date of joint execution of the Assignment, Buyer shall pay Seller: (1) 8% of the Administrative Claim Amount, (2) 8% of the General Unsecured Claim Amount.*]

**Payments:** Any and all payments or distributions made on account of the Claim, whether made before, on or after the Trade Date shall be for the benefit of Buyer.

**Settlement:** As soon as practicable.

**Binding Effect:** Upon execution by Buyer and Seller in the space designated below, this letter shall constitute a binding agreement between the parties.

**Confidentiality:** The details of this transaction shall remain strictly confidential.

**Subject to:**

Seller gaining Buyer's internal compliance department approval for set up as a new account. Seller shall provide all relevant documentation required by Buyer in order to complete such internal set up.

In the event that some or all of the Claim ~~Hold-Back Amount~~ is allowed pursuant to a Final Order in the Case as an allowed claim, Buyer shall pay to Seller an amount equal to the portion of the Claim ~~Hold-Back Amount~~ that has been allowed by Final Order as an allowed claim multiplied by the respective Purchase Rate, [handwritten: *less the Initial Payment*].

In the event of an Impairment, Seller agrees to immediately repay, on the demand of Buyer (which demand shall be made at Buyer's sole option), as the case may be, an amount equal to the amount of the Claim subject to Impairment multiplied by the respective Purchase Rate, plus interest thereon.

If the Claims are allowed by a Final Order in the Case in an amount greater than the Proof of Claim Amount, Buyer shall have the right, but not the obligation, to purchase the amounts so allowed in excess of the Proof of Claim Amount multiplied by respective Purchase Rate.

Seller filing an amended proof of claim in the Case in the amount of $3,031,180.00, which represents 100% of the principal amount of the Claim.

Seller making true and accurate representations, warranties and covenants as set forth in the Assignment.

**signature block on the following page**

Please evidence your agreement to the foregoing by signing a copy of this letter in the space set forth below and faxing the completed document to **Matt Weinstein** at the following email address **matthew.weinstein@db.com**

Sincerely,

**DEUTSCHE BANK SECURITIES INC.**

By: /s/ ~~Scott G. Martin~~
Title:    Managing Director

By: /s/ C.J. Lanktree
Title:    **Charles J. Lanktree
         Director**

ACCEPTED AND AGREED
SUBJECT TO INITIALED CHANGES:

**DALE EARNHARDT, INC.**

By: *CHAD WARPULA*
Title: *EVP + GENERAL COUNSEL*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re: **MOTORS LIQUIDATION COMPANY**
Case No: 09-50026 (Jointly Administered)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM NUMBER 46880 (Amends 1649) HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**The Seaport Group LLC**

Name and address where notices to transferee should be sent:

The Seaport Group, LLC
360 Madison Avenue, 22nd Floor
New York, NY 10017
Attention: General Counsel

Phone: 212-616-7700
Last Four Digits of Acct #: N/A

Name of Transferor:
**Dale Earnhardt, Inc.**

Court Claim # (if known):      46880 (Amends 1649)
Amended Proof of Claim Amt:   $3,031,180.00
Original Proof of Claim Amt:   $3,252,706.80
Date Claim Filed:              09/29/09
Date Claim Amended:            07/14/10

Name and Address of Transferor:
Dale Earnhardt, Inc.
1675 Dale Earnhardt Highway #3
Mooresville, NC 28115

Phone: 704-662-8000
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments Should be sent (if different from above):

Phone: N/A
Last Four Digits of Acct. #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/_   Jonathan Silverman   7/20/10          Date: 7/20/10
       General Counsel
   Transferee / Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §152 & 3571

---

--DEADLINE TO OBJECT TO TRANSFER--

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                        _____
                                              CLERK OF THE COURT

## EVIDENCE OF TRANSFER OF CLAIM

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Dale Earnhardt, Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to The Seaport Group LLC ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $3,031,180.00 (the "Assigned Claim"), against Motors Liquidation Company (f/k/a General Motors Corporation) ("Debtor"), the debtor-in-possession in Case No. 09-50026 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 16, 2010.

By: _____ Dale Earnhardt, Inc.
Name of person signing  Jeffrey Steiner
Title of person signing  EVP & GM

THE SEAPORT GROUP LLC

By: _____
Jonathan Silverman   7/20/10
General Counsel




| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One):<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | Case No.<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows: |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Dale Earnhardt, Inc.**

Name and address where notices should be sent:
Dale Earnhardt, Inc.
Jeff Steiner, EVP & GM
1675 Dale Earnhardt Highway
Mooresville, NC  28115-8330

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: **1649**
(If known)

Filed on: **09/29/2009**

Telephone number: 704-662-8000
Email Address:

Name and address where payment should be sent (if different from above):
N/A

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009: **$ 3,031,180.00**
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Motorsports Team Agreement, dated Oct. 26, 2007, by and between General Motors Corp. & Dale Earnhardt, Inc. as amended. Copy available upon request.**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **N/A**

    3a. Debtor may have scheduled account as: **N/A**
    (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe:
Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier. 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan  11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use  11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units  11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☒ Other  Specify applicable paragraph of 11 U.S.C. § 507(a)(2).
Amount entitled to priority:
**$ 833,333.33**

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: **7/12/10**
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature: Jeff Steiner]

FOR COURT USE ONLY

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

Stamp: JUL 14 2010