# Exhibit 8


manatt | phelps | phillips

Kimo S. Peluso
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4570
E-mail: kpeluso@manatt.com

August 10, 2010

Client-Matter:  52044-070

**VIA EMAIL AND FEDEX**

Dominic Picca
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue
New York, NY 10017

    Re:    *The Seaport Group LLC v. Dale Earnhardt, Inc.*, U.S. Dist. Ct. S.D.N.Y., No. 10-cv-01599 (DAB)

Dear Dominic:

    We write in response to your August 6, 2010 letter regarding the Assignment of Claim and Settlement Agreement (the "Assignment Agreement") entered into between Dale Earnhardt, Inc. ("DEI" or "Assignor") and The Seaport Group LLC ("Seaport" or "Assignee"). Your letter purports to preserve DEI's alleged right to terminate the Assignment Agreement pursuant to Section 4 thereof based on the August 5, 2010 lawsuit filed by Deutsche Bank Securities Inc. ("Deutsche Bank") against DEI.

    The following language from Section 4 of the Assignment Agreement provides certain termination rights if Deutsche Bank objects to the transfer of the bankruptcy claim from DEI to Seaport within twenty days after the Notice of Transfer (as such term is defined in the Assignment Agreement) is filed:

> If during the 20 Day Period, Deutsche Bank, AG or any of its affiliates, assignees or designees (collectively, "Deutsche Bank") files or serves a notice with the Bankruptcy Court objecting to the transfer, then Assignee may elect in a written notice to Assignor within two (2) calendar days after such 20 Day Period to not pay the Purchase Price to Assignor and to terminate and declare this Assignment and Settlement Agreement null and void. *Further, in the event during the 20 Day Period Deutsche Bank does file or serve a claim against Assignor **objecting to the transfer**, then Assignor may elect in a written notice to Assignee within two (2) calendar days after such 20 Day Period to terminate and declare this Assignment and Settlement Agreement null and void*, in which event Assignee shall be relieved of its obligation to pay the Purchase Price to Assignor hereunder.

Assignment Agreement, § 4 (emphasis added).

7 Times Square, New York, New York  10036  Telephone: 212.790.4500  Fax: 212.790.4545

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.


manatt | phelps | phillips

Dominic Picca
August 10, 2010
Page 2


      The Notice of Transfer was filed with the Bankruptcy Court on July 20, 2010. The 20-Day Period therefore expired yesterday, August 9, 2010. During that period, Deutsche Bank did not file any objection with the Bankruptcy Court or otherwise serve Seaport (or, as far as you have disclosed, DEI) with any objection to the transfer. We have seen no indication of any intent, much less a formal claim, from Deutsche Bank to object to, to seek to prevent, or to otherwise interfere in any manner with the transfer of claim. Thus, the 20-Day Period has expired and the Assignment Agreement is final and binding.

      Contrary to your August 6, 2010 letter, Deutsche Bank's lawsuit against DEI does not conceivably trigger DEI's termination rights. Deutsche Bank's action for money damages is not a suit "objecting to the transfer" of the claim from DEI to Seaport, as expressly required for DEI's termination rights under Section 4. Deutsche Bank's suit does not object to or seek to enjoin or invalidate the assignment of the bankruptcy claim from DEI to Seaport or the resulting transfer of claim by the bankruptcy court. On the contrary, Deutsche Bank's lawsuit seeks only money damages for DEI's alleged breach of DEI's alleged promise to assign the bankruptcy claim to Deutsche Bank in January 2010. The parties never agreed, and Seaport never would have agreed, that a suit merely for money damages would somehow relieve DEI of its obligations under the Assignment Agreement. The 20-Day Period has expired and DEI does not have any termination rights against our client.

      More importantly, DEI committed to assign the bankruptcy claim to Seaport no later than November 2009. Allegations that DEI also made similar promises to Deutsche Bank in January 2010 do not relieve DEI of its obligations to Seaport. This is not the first time that DEI has tried to back out of its commitment to Seaport. After reaching agreement with Seaport, DEI apparently negotiated with Deutsche Bank. Then, in an attempt to justify its breach, DEI told Seaport that it was renegotiating with General Motors, an assertion that was apparently false. DEI will merely increase, not reduce, its potential liability and legal expenses if it breaches the Assignment Agreement now.

      Accordingly, we ask that you withdraw the position set forth in your August 6, 2010 letter and reaffirm your client's intent to comply with the remaining terms of the Assignment Agreement. The above is not a complete recitation of Seaport's position on this matter and should not be construed as a waiver or admission of any kind. All rights are expressly reserved.

      Very truly yours,

      Kimo S. Peluso

cc:    Frank Earley
       Ronald G. Blum