# Exhibit 11

08/17/2010 16:08 FAX          MINTZ LEVIN          🏢001/004

09-50026-mg   Doc 6897-11   Filed 09/10/10   Entered 09/10/10 15:07:38   Exhibit 11 -
              Picca letter to Batts - Gardephe 08.17.2010   Pg 2 of 5

# MINTZ LEVIN

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

Robert I. Bodian | 212 692 6726 | rbodian@mintz.com

# fax transmittal

## FROM:

**Name**        Dominic J. Picca, Esq.

**Date**        August 17, 2010

**# of Pages**    4

## To:

| Name | Company | Business# | Fax # |
|------|---------|-----------|-------|
| Hon. Paul G. Gardephe | United States District Court, S.D.N.Y. | | 212-805-7986 |
| Kimo S. Peluso, Esq. | | | 212-790-4545 |
| Toby S. Soli, Esq. | | | 212-801-6400 |

## Comments:

**Please call us at 212-935-3000 if you experience any problems.**

STATEMENT OF CONFIDENTIALITY

The information contained in this fax is intended for the exclusive use of the addressee and may contain confidential or privileged information. If you are not the intended recipient, you are hereby notified that any form or dissemination of this communication is strictly prohibited. If this fax was sent in error, please immediately notify us by phone.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

09-50026-mg   Doc 6897-11   Filed 09/10/10   Entered 09/10/10 15:07:38   Exhibit 11 -
Picca letter to Batts - Gardephe 08.17.2010   Pg 3 of 5

08/17/2010 16:08 FAX                    MINTZ LEVIN                    ☒002/004

# MINTZ LEVIN

Dominic J. Picca | 212 692 6859 | dpicca@mintz.com

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

August 17, 2010

**BY HAND**

Honorable Deborah A. Batts
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

**BY FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007
Fax: 212-805-7986

Re:   *The Seaport Group LLC v. Dale Earnhardt, Inc.*, case no. 10-cv-1599 (DAB)
      *Deutsche Bank Securities Inc. v. Dale Earnhardt, Inc.*, case no. 10-cv-5910
      (PGG)

Dear Judges Batts & Gardephe:

This office represents the defendant Dale Earnhardt, Inc. ("DEI") in both of the above-referenced actions. In accordance with Judge Batts' Individual Practice Rule II(B)(1) and Judge Gardephe's Individual Practice Rule 3(A), I write to request a pre-motion conference to seek permission to file a pre-discovery motion for the consolidation, in accordance with Federal Rule of Civil Procedure 42(a), of *Deutsche Bank Securities Inc. v. Dale Earnhardt, Inc.* (case no. 10-cv-5910), over which Judge Gardephe presides, with the earlier-filed related case over which Judge Batts presides, *The Seaport Group LLC v. Dale Earnhardt, Inc.* (case no. 10-cv-1599). This motion is not on consent.

Presently pending before the Court are two related actions -- one brought by The Seaport Group LLC ("Seaport") and the other by Deutsche Bank Securities Inc. ("Deutsche Bank") (together with Seaport, "the Plaintiffs") – in which the Plaintiffs allege that DEI separately agreed to sell each Plaintiff DEI's pending claim in the General Motors bankruptcy case, but later failed to do so. DEI seeks to move, in accordance with to Rule 42(a), for consolidation of the actions. It is appropriate to consolidate both actions because they allege the same facts of wrongdoing against the same defendant regarding the same trade claim and assert similar contractual claims seeking similar relief.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | WASHINGTON | NEW YORK | STAMFORD | LOS ANGELES | PALO ALTO | SAN DIEGO | LONDON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Honorable Deborah A. Batts
Honorable Paul G. Gardephe
August 17, 2010
Page 2

Generally, Seaport's complaint alleges that "[a]fter DEI signed a binding contract to sell its claim [pending in the General Motors bankruptcy action] to Seaport, the value of the claim increased dramatically, and DEI refused to honor the deal."[1] Seaport seeks a declaration that its alleged contract with DEI is binding as well as specific performance or money damages due to DEI's alleged breaches of contract and of the implied covenant of good faith and fair dealing.[2] Like Seaport, Deutsche Bank also alleges that "DEI signed a binding contract to sell its claim to Deutsche Bank and, after entering into that contract, DEI breached that contract by refusing to assign that claim to Deutsche Bank."[3] Also like Seaport, Deutsche Bank seeks money damages due to DEI's alleged breaches of contract and of the implied covenant of good faith and fair dealing.[4]

Rule 42 consolidation is appropriate when the actions involve common questions of law or fact.[5] "In general, courts have broad discretion to determine whether consolidation is appropriate and . . . have taken the view that considerations of judicial economy favor consolidation. . . . The chief advantage of consolidation is that it avoids the waste associated with duplicative discovery and multiple trials and the danger of inconsistent verdicts. . . . In deciding whether consolidation is proper, the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation."[6]

Consolidation of the Plaintiffs' related actions is judicially economical because they both involve breaches of alleged agreements with the same defendant, DEI, to purchase the very same claim. Moreover, these actions, if left separate, are bound to duplicate discovery and will ultimately require multiple trials to resolve the same or similar underlying factual and legal issues. Accordingly, DEI requests a pre-motion conference seeking permission to file a pre-discovery motion for consolidation of these actions.

Additionally, the initial pre-trial conference with Judge Batts in the *Seaport* action is set for August 27, 2010. DEI requests an adjournment of that conference to ensure that, in the event that the Courts grant consolidation, all parties who will need to be present for the scheduling conference are able to attend.

---

[1] *See* Complaint, *The Seaport Group LLC v. Dale Earnhardt, Inc.*, case no. 10-cv-1599 (DAB) ("the Seaport Complaint"), ¶ 1.
[2] Seaport Complaint, ¶¶ 1, 30-59.
[3] *See* Complaint, *Deutsche Bank Securities Inc. v. Dale Earnhardt, Inc.*, case no. 10-cv-5910 (PGG) ("the Deutsche Bank Complaint"), ¶ 1.
[4] Deutsche Bank Complaint, ¶¶ 1, 17-31.
[5] Fed. R. Civ. P. 42(a).
[6] *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.1990)) (citations, punctuation omitted) (Carter, J.).

09-50026-mg    Doc 6897-11    Filed 09/10/10    Entered 09/10/10 15:07:38    Exhibit 11 -
Picca letter to Batts - Gardephe 08.17.2010    Pg 5 of 5

08/17/2010 16:08 FAX                          MINTZ LEVIN                          ☑004/004

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Honorable Deborah A. Batts
Honorable Paul G. Gardephe
August 17, 2010
Page 3

Respectfully submitted,

Dominic J. Picca (Bar No. 2376)

cc:    Kimo S. Peluso, Esq.  (by fax)
       Toby S. Soli, Esq.  (by fax)


5000674v.1

3