# Exhibit 12

To: Esq. Kimo S. Peluso   Page 1 of 3   2010-08-19 16:35:42 EDT   12128059296   From: Toby Soli

09-50026-mg   Doc 6897-12   Filed 09/10/10   Entered 09/10/10 15:07:38   Exhibit 12 - Deutsche Bank opposition letter 08.19.2010   Pg 2 of 4


# GreenbergTraurig

## Transmittal Cover Sheet

| From: | Tel: | E-Mail: |
|---|---|---|
| Toby S. Soli, Esq. | 212.801.3196 | solit@gtlaw.com |

| To: | Fax No: | Company: | Phone No.: |
|---|---|---|---|
| Esq. Kimo S. Peluso | 12127904545 | | |

**File No.:** 093544.049900

**Re:** Deutsch Bank Securities Inc. v. Dale Earnhardt, Inc., No. 10-cv-5910 (PGG)

**Date:** 8/19/10 4:36 PM

**No. Pages:** Including Cover Sheet 3

If you do not receive all pages properly, please call the sender.

**Notes:**

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

Greenberg Traurig, LLP
MetLife Building, 200 Park Avenue, New York, New York 10166   Phone: 212.801.9200   Fax: 212.801.6400

09-50026-mg Doc 6897-12 Filed 09/10/10 Entered 09/10/10 15:07:38 Exhibit 12 - Deutsche Bank opposition letter 08.19.2010 Pg 3 of 4

To: Esq. Kimo S. Peluso    Page 2 of 5    2010-08-19 16:38:42 EST    12128059296    From: Toby Soll



## GreenbergTraurig

Toby Soll
(212) 801-3196
sollt@gtlaw.com

August 19, 2010

**BY FACSIMILE**

Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007
Fax: 212-805-7986

**BY HAND**

Honorable Deborah A. Batts
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

Re: **Deutsche Bank Securities Inc. v. Dale Earnhardt, Inc.**, No. 10-cv-5910 (PGG)
**The Seaport Group LLC v. Dale Earnhardt, Inc.**, No. 10-cv-1599 (DAB)

Dear Judges Gardephe & Batts:

This office represents Plaintiff Deutsche Bank Securities Inc. ("Deutsche Bank") in the above-captioned matter before Judge Gardephe. I am writing in opposition to the request of defendant Dale Earnhardt, Inc. ("DEI"), dated August 17, 2010, for permission to file a pre-discovery motion for consolidation of the above-entitled actions pursuant to Federal Rule of Civil Procedure 42(a).

Contrary to DEI's contentions, the two actions are not related, do not involve the "same facts" and consolidation would not be judicially economical. The two actions entail substantially different questions of law and fact. While the parties may have disputes over the same asset – DEI's claim in the General Motors bankruptcy proceeding – their negotiations and transactions were entirely separate, therefore leading to completely unique questions of whether and when two separate purported contracts were created. As such, there is no overlap between the actions' factual and legal issues, and a consolidated action would merely involve two distinct sets of analysis under the same caption.

Moreover, a consolidated action would actually be detrimental to the parties and a waste of judicial resources. Deutsche Bank would need to commit substantial resources to monitoring a dispute entirely unrelated to its own, and substantial confusion and prejudice could ensue by trying the cases together, as a jury may improperly assume, for example, that whether one party had a binding contract with DEI is contingent upon whether the other plaintiff did, which is clearly not the case. See, e.g., Aerotel, Ltd. v. Verizon Commn's, Inc., 234 F.R.D. 64, 66 (S.D.N.Y. 2005) (holding that even where the same patent was at issue, contract claim and infringement claim should not be consolidated where parties lacked interest in the other claims, and non-overlapping issues would be confusing to the jury and

would impede judicial economy "as each defendant would have to attend to significant discovery primarily to the other"); Flintknote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 465 (S.D.N.Y. 1977) (despite similar theories of recovery involved in breach of contract actions arising out of two separate contracts, motion to consolidate denied where the contracts were different and evidence for each claim would be irrelevant to the other and confuse the jury).

Accordingly, Deutsche Bank requests that DEI's request for permission to file a pre-discovery motion for consolidation of these actions be denied.

Respectfully submitted,

Toby S. Soli (TS 4493)

cc: Dominic J. Picca, Esq. (by fax)
Kimo S. Peluso, Esq. (by fax)