**HEARING DATE AND TIME: September 27, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 20, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                                : Chapter 11 Case No.
                                                                     :
**MOTORS LIQUIDATION COMPANY**, *et al.*,  : **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*               :
                                                                     :
                                Debtors.                 : (Jointly Administered)
                                                                     :
------------------------------------------------------------x

# NOTICE OF HEARING ON MOTION OF DEBTORS
# FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 1121(d)
# FURTHER EXTENDING EXCLUSIVE PERIOD IN WHICH DEBTORS
# MAY SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

PLEASE TAKE NOTICE that upon the annexed Motion, dated September 10, 2010 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (the "**Debtors**"), for an order, pursuant to section 1121(d) of title 11, United States Code further extending the Debtors' exclusive period in which to solicit acceptances of their chapter 11 plan, as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 27, 2010 at 9:45 a.m. (Eastern Time),** or as soon

US_ACTIVE:\43480729\02\72240.0639

thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **September 20, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      September 10, 2010

    /s/ Stephen Karotkin
    Harvey R. Miller
    Stephen Karotkin
    Joseph H. Smolinsky

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

**HEARING DATE AND TIME: September 27, 2010 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: September 20, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                : **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*    :
                                                            :
        Debtors.    : **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY OF ORDER
PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING
EXCLUSIVE PERIOD IN WHICH DEBTORS MAY
<u>SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN</u>**

US_ACTIVE:\43480729\02\72240.0639

## TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................. i

Summary of Relief Requested ................................................................................................ 1

Jurisdiction .............................................................................................................................. 2

Basis for Relief Requested ...................................................................................................... 2

A.     The Debtors' Cases Are Large and Complex ................................................... 5

B.     Substantial Good Faith Progress Has Been Demonstrated ............................... 6

C.     The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands ...................................................................... 8

D.     The Debtors Are Making Required Postpetition Payments As They Come Due and Have the Ability to Continue to Do So ................................................... 8

Conclusion .............................................................................................................................. 9

Notice ..................................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Adelphia Commc'ns Corp.*, 352 B.R. 578 (Bankr. S.D.N.Y. 2006) ........................4, 8

*In re Dow Corning Corp.*, 208 B.R. 661 (Bankr. E.D. Mich 1997) ....................................4

*In re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996) ...................................4

*In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987) ........................................4

*In re Texaco, Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987)................................................5, 8

*In re United Press Int'l, Inc.,* 60 B.R. 265 (Bankr. D.C. 1986)...........................................4

## STATUTES

11 U.S.C. § 363................................................................................................................6

11 U.S.C. § 1121..............................................................................................................3

11 U.S.C. § 1121(d) ..................................................................................................1, 2, 3

11 U.S.C. § 1121(d)(2) ....................................................................................................2

28 U.S.C. § 157................................................................................................................2

28 U.S.C. § 157(b)...........................................................................................................2

28 U.S.C. § 1334..............................................................................................................2

## MISCELLANEOUS

H.R. Rep. No. 95-595 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 ...........................3, 5

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

## Summary of Relief Requested

1. By Order dated May 27, 2010, the Debtors were granted a further extension of the period during which they have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") and the period to obtain acceptances of such plan (the "**Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including September 27, 2010 and November 29, 2010.

2. On August 31, 2010, before the expiration of the Debtors' Exclusive Periods, the Debtors filed with this Court the Debtors' Joint Chapter 11 Plan [Docket No. 6829] (the "**Plan**") and proposed disclosure statement with respect thereto [Docket No. 6830] (the "**Disclosure Statement**"). A hearing to consider approval of the Disclosure Statement is scheduled for October 21, 2010, and the Debtors have requested that a hearing to consider confirmation of the Plan be scheduled approximately sixty (60) days thereafter.[1] Because solicitation of the Debtors' Plan will extend beyond the Debtors' existing Exclusive Periods, the Debtors request, pursuant to section 1121(d) of title 11, United States Code (the "**Bankruptcy Code**"), a four month extension of the Solicitation Period, to March 29, 2011, to allow for the

---

[1] *See* Debtors' Motion for an Order (I) Approving Notice of Disclosure Statement Hearing; (II) Approving Disclosure Statement; (III) Establishing a Record Date; (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan; (V) Approving Solicitation Packages; and Procedures for Distribution thereof; (VI) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan; and (VII) Approving the Form of Notices to Non-Voting Classes Under the Plan [Docket No. 6854].

solicitation of acceptances of the Plan, without prejudice to the Debtors' right to seek additional extensions thereof.

3. The Debtors believe that ample cause exists for the requested extension of the Solicitation Period. As demonstrated below, the Debtors have administered these cases in an efficient and economic manner and have proposed the Plan which will maximize recoveries for all parties in interest, address the remediation of properties in a historical and unprecedented fashion and will provide distributions to holders of allowed claims expeditiously. Under these circumstances, it is patently obvious that a further extension of the Debtors' Solicitation Period is consistent with the intent and purpose of chapter 11 and to the orderly administration and conclusion of these cases.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Basis for Relief Requested

5. Section 1121(d) of the Bankruptcy Code permits this Court to extend the Debtors' Exclusive Periods upon a demonstration of cause:

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d). However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date" and the 180-day period "may not be extended beyond a date that is 20 months after the [commencement] date." *Id.* § 1121(d)(2).

6. The Exclusive Periods provided by Congress were incorporated in the Bankruptcy Code to afford a debtor a full and fair opportunity to propose a plan and solicit

2

acceptances of such plan without the deterioration and disruption of a debtor's business that might be caused by the filing of competing plans by non-debtor parties. Indeed, the primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a chapter 11 plan.

7.  As mentioned above, the Debtors filed the Plan on August 31, 2010 and intend to commence solicitation of acceptances of the Plan shortly after approval of the Disclosure Statement. Because of the vast number of parties in interest in these cases and the substantial number of creditors involved in the Plan solicitation process, it is not practical to complete that process prior to the current expiration of the Solicitation Period. Under these circumstances, the requested extension is certainly warranted. Indeed to terminate the Solicitation Period in these chapter 11 cases before the Plan solicitation process could be reasonably completed would defeat the very purpose of section 1121 of the Bankruptcy Code.

8.  Where the exclusive periods provided for in the Bankruptcy Code prove to be an unrealistic time frame, section 1121(d) of the Bankruptcy Code allows the Bankruptcy Court to extend a debtor's exclusive periods for cause. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

9.  In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. *See*

3

*In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

> (a) the size and complexity of the debtor's case;
>
> (b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare a disclosure statement containing adequate information;
>
> (c) the existence of good faith progress towards reorganization;
>
> (d) the fact that the debtor is paying its bills as they become due;
>
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> (f) whether the debtor has made progress in negotiations with its creditors;
>
> (g) the amount of time which has elapsed in the case;
>
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
>
> (f) whether an unresolved contingency exists.

*In re Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *See also In re McLean Indus., Inc.*, 87 B.R. at 834; *accord In re Express One Int'l, Inc.*, 194 B.R. at 100 (identifying all of the nine above-quoted factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).

4

10. Application of the aforementioned standards to the facts of these chapter 11 cases demonstrates sufficient "cause" to grant the Debtors' requested further extension of the Solicitation Period so that they may have a full and fair opportunity to solicit acceptances of the Plan.

### A. The Debtors' Cases Are Large and Complex

11. Both Congress and the courts have recognized that the size and complexity of a debtor's case alone may constitute cause for the extension of the Exclusive Periods. "[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963. In *In re Texaco Inc.*, the court stated:

> The large size of a debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.

76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

12. The size and complexity of these cases clearly warrant the requested extension of the Solicitation Period. These chapter 11 cases are among the largest and most complex ever filed in the United States. At the time these cases were commenced, the Debtors were the largest Original Equipment Manufacturer (OEM) of automobiles in the U.S. and the second largest in the world, employed approximately 235,000 employees worldwide, and had, as of March 31, 2009, consolidated reported global assets and liabilities of approximately $82,290,000,000 and $172,810,000,000, respectively.

5

13. Now, after having implemented the only available means to preserve and maximize the value, viability, and continuation of their business enterprise and enhance the interests of their economic stakeholders through the sale of substantially all of their assets pursuant to section 363 of the Bankruptcy Code (the "**363 Transaction**"), the Debtors continue to manage and maintain substantial assets that require divesture or long-term maintenance. In addition, more than 70,000 proofs of claim in the aggregate amount of approximately $274 billion have been filed against the Debtors. By any reasonable measure, the Debtors' chapter 11 cases remain among the large and more complex chapter 11 cases.

14. As with other large and complex bankruptcy cases, the Debtors' existing Solicitation Period does not provide adequate time to complete the plan process. The sheer number of parties involved in the solicitation and confirmation process alone constitutes sufficient cause to extend the Solicitation Period. Indisputably, the Debtors' cases are of the size and complexity that Congress and the courts have envisioned and recognized as warranting an extension of the Solicitation Period.

B. **Substantial Good Faith Progress Has Been Demonstrated**

15. It is unquestionable that the Debtors have made substantial progress in the administration of these chapter 11 cases. In only fifteen months, the Debtors have, among other things:

- completed the sale of substantially all of their assets to New GM pursuant to the 363 Transaction that resulted in substantial recoveries to the estates and preservation of employment for approximately 235,000 employees worldwide, including 91,000 domestic employees, after a three-day trial;
- responded to several appeals of the order approving the 363 Transaction and continue to respond to others;
- been addressing the orderly liquidation and wind-down of the Debtors' remaining assets and properties. In connection therewith, the Debtors

6

- retained a number of professionals to assist in the administration of their estates, including the professionals at AP Services, who have taken the lead in compiling information related to the Debtors' remaining assets and administering the Debtors' estates, local and foreign counsel, as well as accounting professionals and environmental consultants;

- analyzed the remaining physical assets of the Debtors and the assets and obligations of the Debtors' numerous remaining subsidiaries to determine the most appropriate means of liquidating or otherwise disposing of them;

- analyzed more than 900,000 contracts with over 65,000 vendors in connection with the assumption and assignment to New GM of approximately 671,000 executory contracts, and, to date, filed 12 omnibus motions as well as other motions to reject approximately 1,100 executory contracts and unexpired leases of nonresidential real property;

- established global procedures for asset sales concerning certain *de minimis* assets which have generated net proceeds of approximately $8.8 million and (i) sold a motor vehicle assembly plan located at 801 Boxwood Road, Wilmington, Delaware to Fisker Automotive, Inc, and (ii) will shortly consummate the sale of the Debtors' equity interest in General Motors Strasbourg S.A.S. to General Motors Automotive Holdings, S.L., a wholly owned subsidiary of New GM.;

- substantially analyzed the more than 70,000 proofs of claim filed in an aggregate amount of approximately $274 billion and, to date, achieved reductions in claims through objections prosecuted in this Court, caps voluntarily imposed under the ADR Procedures, and out-of-court settlements totaling approximately $152.5 billion;

- filed eighty-four omnibus claims objections with respect to 21,342 claims which resulted in the expungement of over $24.787 billion of claims against the Debtors' estates and the reclassification of over 438 claims that improperly asserted either secured, administrative, and/or priority claims. Most recently, the Debtors have filed thirty-seven omnibus claims objections affecting approximately 18,000 claims filed by certain beneficial bondholders which, if successful, will result in the additional expungement of over $753,905,738 in claims;

- negotiated settlements with certain equipment lessors resulting in modifications to lease agreements and assumption and assignment to New GM of such modified leases, resulting in the reduction or elimination of hundreds of millions of dollars in potential rejection damages;

- established the ADR Procedures for reconciliation of unliquidated/litigation claims and have already designated over 127 matters under the ADR Procedures;

7

- assessed the costs associated with the remediation of owned properties and have reached a consensus with the numerous federal and state agencies involved which has been instrumental to and an integral part of the Debtors' Plan;

- held intense discussions with various parties in interest regarding the formulation of a chapter 11 plan; and

- responded to countless inquiries related to the status of these cases and specific contract counterparty demands;

And perhaps, most importantly, the Debtors have filed the Plan which will implement the consensual resolution of the Debtors' environmental liabilities, which was the prerequisite to the filing of any confirmable plan and the commencement of distributions to holders of allowed claims.

16. As the foregoing demonstrates, the Debtors have made enormous progress in these cases and the requested extension of the Solicitation Period will promote the expeditious and successful conclusion of these cases.

### C. The Debtors Are Not Seeking to Use Exclusivity to Pressure Creditors to Submit to the Debtors' Demands

17. The requested extension is reasonable given the Debtors' progress to date and the current posture of these chapter 11 cases. The Debtors are not seeking this extension to delay the administration of these estates for some speculative event or to pressure creditors to accede to a plan unsatisfactory to them, but merely to provide the Debtors with enough time to seek acceptances to the Plan in an orderly fashion which will inure to the benefit of all economic stakeholders.

### D. The Debtors Are Making Required Postpetition Payments As They Come Due and Have the Ability to Continue to Do So

18. Courts considering an extension of exclusivity may also assess a debtor's liquidity and solvency. *See Adelphia Commc'ns*, 352 B.R. at 587; *In re Texaco Inc.*, 76 B.R. at

8

322. Here, the Debtors have sufficient liquidity and are paying their bills as they come due. This is unlikely to change given this Court's approval of the Debtors' $1.175 billion postpetition Wind-Down Facility on July 5, 2009. *See* Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (a) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing [Docket No. 2969].

## Conclusion

19. In sum, the Debtors have responded to the exigent demands of these chapter 11 cases and have worked diligently with their key constituents in connection with the administration of these cases and the filing of the Plan. Indeed, the Plan embodies a settlement with the governmental authorities and the United States Department of the Treasury that is critical to the Debtors' successful conclusion of these cases and a prerequisite to the ability to make distributions to creditors. Terminating the Solicitation Period now, after the filing of the Plan, would defeat the purpose of section 1121 of the Bankruptcy Code and also would expose the Debtors to the possibility of unnecessary adversarial situations, confrontations, expense, and delay, to the detriment and prejudice of all parties in interest. The Debtors submit the requested extension of the Solicitation Period is realistic and necessary, will not prejudice the legitimate interest of creditors, and will afford the Debtors a meaningful opportunity to confirm a chapter 11 plan, all as contemplated by chapter 11 of the Bankruptcy Code.

## Notice

20. Notice of this Motion has been provided to parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24,

9

2010 [Docket No. 6750]. The Debtors submit that such notice is sufficient and no other or further notice need be provided. No previous request for the relief sought herein has been made by the Debtors to this or any other Court other than the prior motions which resulted in extensions of the Exclusive Periods to date.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 10, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

10

HEARING DATE AND TIME: September 27, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 20, 2010 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **09-50026 (REG)**
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO
### 11 U.S.C. § 1121(d) FURTHER EXTENDING EXCLUSIVE PERIOD IN
### WHICH DEBTORS MAY SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

Upon the Motion, dated September 10, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), pursuant to section 1121(d) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order further extending the Debtors' respective exclusive period in which to solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**"), all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43480729\02\72240.0639

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period during which no other party may file a plan is further extended to and including March 29, 2011; and it is further

ORDERED that the extension of the Debtors' Exclusive Solicitation Period granted herein is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors or any party in interest, for cause shown, upon notice and a hearing; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge