**Presentment Date and Time: September 7, 2010 at 12:00 noon (Eastern Time)**
**Objection Deadline: September 7, 2010 at 11:30 a.m. (Eastern Time)**

TORRE, LENTZ, GAMELL, GARY
& RITTMASTER, LLP
Mark S. Gamell
Steven H. Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
Telephone: (516) 240-8900
Facsimile: (516) 240-8950

LEO & WEBER, P.C.
T. Scott Leo
Grace Winkler Cranley
One N. LaSalle Street, Suite 3600
Chicago, Illinois  60602
Telephone: (312) 857-0910
Facsimile: (312) 857-1240

Attorneys for Liberty Mutual Insurance Company
and Safeco Insurance Company of America

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                   :

**In re**                                       :           **Chapter 11 Case No.**
                                                 :

**MOTORS LIQUIDATION COMPANY, et al.,**  :           **09-50026 (REG)**
          **f/k/a General Motors Corp. et al.**  :
                                                   :

                        **Debtors.**         :           **(Jointly Administered)**
                                                     :
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER APPROVING TRANSFER OF**
**CERTAIN SURETY BONDS AND RELATED COLLATERAL TO**
**GENERAL MOTORS LLC AND FOR AMENDMENT OF PENDING CLAIMS**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), Liberty

Mutual Insurance Company ("**Liberty**"), Safeco Insurance Company of America

("**Safeco**") and General Motors LLC, successor by conversion to a Delaware limited liability company, of the Delaware corporation formerly known as General Motors Company (f/k/a NGMCO, Inc.)("**New GM**" and, collectively with MLC, the Debtors, Liberty and Safeco, the "**Parties**"), by and through their undersigned counsel, hereby stipulate and agree to the following:

### RECITALS:

A.    On June 1, 2009, certain of the Debtors[1] commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Initial Commencement Date**"), and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[2] each commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Realm/Encore Debtors' Commencement Date**," and together with the initial Debtors' Commencement Date, the "**Commencement Dates**") which cases are jointly administered with those of the initial Debtors under Case Number 09-50026 (REG).

B.    On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**") with the Court, requesting, *inter alia*, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MPA**") among the Debtors and NGMCO, Inc. (n/k/a New GM), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases of

---

[1] The initial Debtors are comprised of (i) Motors Liquidation Company (f/k/a General Motors Corporation); (ii) MLCS, LLC (f/k/a Saturn, LLC), (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation); and (iv) MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., Case No. 09-50029 and Environmental Corporation Remediation Company, Inc., Case No. 09-50030.

personal property and of nonresidential real property, and (iii) the approval of the UAW

Retiree Settlement Agreement, subject to higher or better offers (the "**363 Transaction**").

C.      On July 5, 2009, the Court approved the 363 Transaction and entered the

Sale Order, and on July 10, 2009, the 363 Transaction closed.

D.      MLC and Safeco are parties to General Agreements of Indemnity, dated

October 28, 2002 and November 27, 2006 and MLC and Liberty are parties to a General

Agreement of Indemnity dated September 29, 2004 (collectively, the "**MLC Indemnity**

**Agreements**").  Under the MLC Indemnity Agreements, the Debtors agreed to indemnify

Safeco and Liberty for liabilities, including any costs and attorney's fees incurred,

associated with various surety bonds Safeco and Liberty issued on the Debtors' behalf

(collectively, the "**Surety Bonds**").  The Surety Bonds served to secure the obligations of

the Debtors, including certain workers' compensation liabilities, obligations associated

with utilities and with various appeals of judgments entered against the Debtors.  As of

the date of this Stipulation and Agreed Order, the aggregate face amount of the

outstanding Surety Bonds is not less than $18,767,576.00.

E.      Pursuant to the MPA, New GM assumed certain of the liabilities secured

by the Surety Bonds, including certain workers' compensation liabilities as set forth in

the MPA.  The MPA also provided that New GM should use its efforts to be substituted

in all respects for the Debtors in respect of all Liabilities under each of the guarantees,

letters of credit, letters of comfort, bid bonds and performance bonds which is assumed

by New GM as an assumed liability (collectively, the "**Assumed Liabilities**").

F.      In accordance with the MPA and the New GM Agreements (as defined

below), Safeco and Liberty transfered the Surety Bonds associated with the Assumed

3

Liabilities (the "**Transferred Surety Bonds**") and related collateral in the amount of $15,717,576.00 (the "**Transferred Surety Bonds Collateral**") to New GM.  A complete list of the Transferred Surety Bonds is attached hereto as **Exhibit A**.

G.      In connection with the MPA, New GM and Liberty have entered into a General Agreement of Indemnity and Collateral Pledge Agreement, both dated July 16, 2009 (together, the "**New GM Agreements**").  Pursuant to the New GM Agreements, (1) New GM has agreed to indemnify Liberty and Safeco for liabilities, including any costs and attorney's fees, Liberty and Safeco may incur with respect to the Transferred Surety Bonds as well as additional bonds issued under the New GM Agreements and (2) Safeco and Liberty agreed to transfer the Transferred Surety Bonds Collateral to New GM collateral accounts to secure New GM's obligations under the New GM Agreements.

H.      The Debtors, New GM, Safeco and Liberty agree that the remaining collateral backing the Surety Bonds and other obligations under the MLC Indemnity Agreements, other than the Transferred Surety Bonds Collateral, totals $9,736,824.00 (the "**Collateral**") held by Safeco and Liberty.

I.      With respect to the Surety Bonds, the Debtors, New GM, Safeco and Liberty agree that two Surety Bonds were not transferred to New GM and remain obligations of MLC and the Debtors (the "**Remaining Surety Bonds**").  The Remaining Surety Bonds collectively have a penal sum of $3,050,000.  A complete list of the Remaining Surety Bonds is attached as **Exhibit B**.  The Debtors and New GM confirmed in their Stipulation of Settlement Regarding Master Sale and Purchase Agreement, as approved by the Order Pursuant to 11 U.S.C. §§ 105(a) and 363 in Aid of Implementation

4

of Sale [Dkt. No. 5198], that the Remaining Surety Bonds remain obligations of MLC and the Debtors.[3]

J.      The Debtors, Safeco and Liberty agree that Safeco and Liberty shall continue to hold collateral in the amount of $3,070,000.00 (the "**Remaining Surety Bonds Collateral**"), including $20,000.00 for any future attorney's fees and costs that may be incurred in accordance with the terms of the MLC Indemnity Agreements and the Collateral Pledge Agreements, dated December 1, 2005 and January 4, 2006 (the "**MLC Pledge Agreements**"), which were executed in connection with the MLC Indemnity Agreements.

K.      The Debtors, Safeco and Liberty agree that the Remaining Surety Bonds Collateral of $3,070,000 shall be held by Safeco and Liberty and returned to the Debtors in accordance with the terms of the MLC Indemnity Agreements and the MLC Pledge Agreements.

L.      The Debtors, Safeco and Liberty agree that Safeco and Liberty have incurred $35,700.00 in fees and costs ("**Fees and Cost**") as of the date of this Stipulation and Agreed Order and that Safeco and Liberty shall be entitled to immediately reimburse themselves for the Fees and Costs out of the Collateral as allowed for by the MLC Indemnity Agreements.

M.      The Debtors, New GM, Safeco and Liberty agree that after the Remaining Surety Bonds Collateral and Fees and Costs are subtracted from the Collateral, there will remain excess collateral totaling approximately $6,631,124.00 ("**Excess Collateral**").

---

[3] Notwithstanding anything contained herein, this Stipulation and Agreed Order shall not constitute an assumption of any agreement by the Debtors.

5

N.      MLC and New GM agree that the Excess Collateral is "Restricted Cash" as defined in the MPA and the property of New GM, and that Safeco and Liberty should transfer the Excess Collateral to New GM.

O.      On or about November 6, 2009 and January 19, 2010, Safeco filed claim numbers 20943, 20944, 20945, 20946, 69807 and 69808 ("**Safeco Claims**"), as general unsecured claims in the amount of $10,171,498.55 against each of the Debtors based on the MLC Indemnity Agreements executed by the Debtors in favor of Safeco in connection with the issuance by Safeco of surety bonds on behalf of the Debtors.

P.      On or about November 6, 2009 and January 19, 2010, Liberty filed claim numbers 20947, 20948, 20949, 20950, 69809 and 69810 ("**Liberty Claims**"), as general unsecured claims in the amount of $10,639,980.55 against each of the Debtors based on the MLC Indemnity Agreements executed by the Debtors in favor of Liberty in connection with the issuance by Liberty of surety bonds on behalf of the Debtors.

Q.      As part of this Stipulation and Agreement Order, Safeco and Liberty shall withdraw the Safeco Claims and the Liberty Claims as set forth below.

R.      The Parties believe that the transfers and other relief agreed to by the Parties as set forth in this Stipulation and Agreed Order are appropriate and in the best interest of the Parties.

**AGREEMENT:**

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their undersigned counsel, that:

1.      The Parties are hereby authorized to, and shall, effectuate the transfer of the Excess Collateral to New GM in accordance with this Stipulation and Agreed Order, the New GM Agreements and the MPA.

6

2.       Safeco and Liberty will return the Excess Collateral to New GM, pursuant to wire transfer instructions provided by New GM, within ten (10) business days of the approval of this Stipulation and entry of this Agreed Order.

3.       Upon approval of this Stipulation and entry of this Agreed Order (a) the Debtors, Safeco and Liberty agree that any and all claims that they have or may have against one another relating to the Transferred Surety Bonds, the Transferred Surety Bonds Collateral, and the Excess Collateral, whether in law or in equity, direct or indirect, known or unknown, previously asserted or not yet asserted, are hereby waived and released and (b) the Debtors and New GM agree that any and all claims that the Debtors have or may have against the Transferred Surety Bonds, Transferred Surety Bonds Collateral or Excess Collateral, whether in law or in equity, direct or indirect, known or unknown, previously asserted or not yet asserted, are hereby waived and released and neither the Debtors, the Debtors' estates nor their respective representatives and creditors, in such capacity, shall have any right or interest in (i) the Transferred Surety Bonds Collateral securing the obligations of the Transferred Surety Bonds and New GM Agreements or (ii) the Excess Collateral; provided, however, nothing in this paragraph will limit the ability of the Parties to enforce their respective rights under this Stipulation and Order or the ability of Liberty and Safeco to enforce their rights under the New GM Agreements or their rights of reimbursement and exoneration as sureties.

4.       The Remaining Surety Bonds Collateral of $3,070,000 shall be held by Safeco and Liberty and returned to the Debtors' Estates in accordance with the terms of the MLC Indemnity Agreements and the MLC Pledge Agreements, or as otherwise agreed by Safeco, Liberty and the Debtors or ordered by the Bankruptcy Court.

5.      Upon ten days' written notice (the "**Notice Period**") to counsel to the

Debtors at the addresses set forth below, Safeco and/or Liberty may utilize the Remaining

Surety Bonds Collateral to satisfy all obligations of the Debtors arising under the MLC

Indemnity Agreements (the "**Obligation Satisfaction**").  If Safeco and/or Liberty receive

no written objections, also to counsel at the address below, prior to the expiration of the

Notice Period, Safeco and/or Liberty is authorized to proceed with the Obligation

Satisfaction.  If the Debtors object to the Obligation Satisfaction, Safeco and/or Liberty

and the Debtors will use good faith efforts to resolve the objection consensually.  If

Safeco and/or Liberty and the Debtors are unable to resolve the objection, either party

may notice the matter for hearing before the Bankruptcy Court, and Safeco and/or Liberty

will not take any further steps to proceed with the Obligation Satisfaction without first

obtaining Bankruptcy Court approval.

6.      Safeco and Liberty may immediately reimburse themselves for the Fees

and Costs out of the Collateral as allowed for by the MLC Indemnity Agreements.

7.      Upon approval of this Stipulation and entry of this Agreed Order, Safeco

and Liberty stipulate that their claims against the Debtors' estates are contingent and

subject to disallowance under 11 U.S.C. § 502(e), but that they continue to have the right

to retain collateral in respect of the Remaining Surety Bonds as provided in 11 U.S.C. §

506(d), and to the extent any liquidated claim or claims do not exceed the collateral held

stipulate they have no claims.  Both Safeco and Liberty will withdraw or otherwise

amend the Safeco Claims and the Liberty Claims to reflect that they only retain

contingent unsecured claims in respect of the Remaining Surety Bonds as set forth in this

paragraph 7.

8

8. The Debtors are hereby authorized to take any and all additional actions as are necessary or appropriate to implement the terms of this Stipulation and Agreed Order. The Parties shall use their commercially reasonably efforts to complete the transfer of the Excess Collateral within ten (10) business days after approval of this Stipulation and entry of this Agreed Order.

9. The Bankruptcy Court shall retain jurisdiction over all matters or disputes arising out of, or in connection with, the enforcement, implementation or interpretation of this Stipulation and Agreed Order.

10. This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties. Any such modification, alteration, amendment or vacation in whole or in part shall be subject to the approval of the Bankruptcy Court. No statement made or action taken in the negotiation of this Stipulation and Agreed Order may be used by any party for any purpose whatsoever.

11. This Stipulation and Agreed Order is the entire agreement between the Parties in respect of the subject matter hereof and may be signed in counterpart originals. Except as set forth expressly herein, nothing in this Stipulation and Agreed Order shall affect, modify or limit in any way the Parties' rights and obligations under or with respect to the MPA, Surety Bonds, indemnity agreements and collateral pledge agreements referenced herein.

IT IS SO ORDERED.

Dated: New York, New York
    ——— September 14 ⟶ 2010

                                  /S/ Robert E. Gerber
                              UNITED STATES BANKRUPTCY JUDGE

AGREED TO BY:

Dated:  August 17, 2010


_/s/  Joseph H. Smolinsky_
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

                              _/s/  Grace Winkler Cranley_
                              T. Scott Leo
                              Grace Winkler Cranley

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Facsimile: (212) 310-8007

                              LEO & WEBER
                              One N. LaSalle Street, Suite 3600
                              Chicago, IL 60602
                              Tel.:  (312) 857-0910
                              Facsimile:  (312) 857-1240
                                     and
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION
                              TORRE, LENTZ, GAMELL, GARY
                              & RITTMASTER, LLP


_/s/ Robert B. Weiss_
Robert B. Weiss
Seth A. Drucker
                              Mark S. Gamell (MG-3506)
                              Steven H. Rittmaster (SR-3510)
                              100 Jericho Quadrangle, Suite 309
HONIGMAN MILLER SCHWARTZ AND
COHN LLP
                              Jericho, New York 11753
2290 First National Building
                              Tel.: (516) 240-8900
660 Woodward Avenue
                              Facsimile: (516) 240-8950
Detroit, Michigan 48226
Tel.: 313-465-7596
Facsimile: 313-465-7567
                              ATTORNEYS FOR SAFECO INSURANCE
                              COMPANY OF AMERICA and LIBERTY
ATTORNEYS FOR GENERAL MOTORS
LLC
                              MUTUAL INSURANCE COMPANY


DETROIT.4285501.4