Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
James P. Wehner
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C.  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Attorneys for the Official Committee of*
*Unsecured Creditors Holding Asbestos-Related Claims*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                   )
In re                                              )         Chapter 11
                                                 )
MOTORS LIQUIDATION COMPANY, *et al.,*    )
f/k/a GENERAL MOTORS CORP., *et al.*,       )
                                                 )         Case No. 09-50026 (REG)
                                                 )
                 Debtors.             )         Jointly Administered
----------------------------------------------------------------X

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS HOLDING ASBESTOS-RELATED CLAIMS
REGARDING THE ANONYMITY PROTOCOL**

TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY COURT

        Pursuant to this Court's Order Pursuant to Bankruptcy Rule 2004 Authorizing the

Official Committee of Unsecured Creditors of Motors Liquidation Company to Obtain

Discovery from (i) the Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section 524(g), (ii) the Trusts, and (iii) General Motors LLC and the Debtors, dated August 24, 2010 [Docket No. 6749] (the "**UCC 2004 Order**"), the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**") hereby notifies the Court that the parties have engaged in negotiations over the terms of an anonymity protocol for the discovery to be provided under the UCC 2004 Order, but that the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") has unreasonably refused to agree to the terms of an anonymity protocol. Under the express provisions of the UCC 2004 Order, the Creditors' Committee may not serve the subpoenas in question until the Court resolves the issue raised by this notice. In furtherance of this procedure, the ACC respectfully shows as follows:

1. On July 20, 2010, the Creditors' Committee filed a Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents by (i) the Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section 524(g), and (ii) General Motors LLC and the Debtors [Docket No. 6383] (the "**Motion**").

2. After briefing and a hearing, on August 24, 2010, the Bankruptcy Court entered the UCC 2004 Order, which, *inter alia*, authorized the Creditors' Committee to subpoena the following information from the Claims Processing Facilities and the Trusts in electronic form: (a) the claim information electronically maintained by the Trust(s) in current datafield format for each identifiable claimant who filed a pre-petition asbestos personal injury lawsuit against one or more of the Debtors for mesothelioma, as supplied by each claimant and/or his or her counsel to the Trust(s), but excluding medical and financial information (other than date of

2

diagnosis) and medical and financial records; (b) the amounts paid to each such mesothelioma claimant by each Trust; and (c) the claim status of each such mesothelioma claimant who filed a claim against any Trust but has received no recovery from that Trust (*i.e.*, whether that claim is still pending or has instead been dismissed).

3. At the August 24th hearing, counsel for the ACC suggested that it might be possible to develop a protocol by which the information to be produced by the Trusts would be rendered anonymous. The Court was receptive to this suggestion. In its ruling on the Motion, the Court found the anonymity proposal better in a number of respects, if it could be implemented without material prejudice to the Creditors' Committee, in that compliance would likely be more focused on the real issues, almost as fast in delivery of data, faster with respect to data analysis, and more protective of individual asbestos litigant confidentiality. Transcript of August 24, 2010 Hearing at 105 [Docket No. 6641].

4. Accordingly, the UCC 2004 Order further required that, before service of the subpoenas on the Claims Processing Facilities and the Trusts, the parties attempt to reach agreement on such a protocol (the "**Anonymity Protocol**").

> 8. Prior to service of the Subpoenas, the Creditors' Committee, the Claims Processing Facilities, the Trusts, the Asbestos Claimants Committee, the Future Claims Representative, the Debtors and GM shall continue their efforts to reach agreement on the terms of an Anonymity Protocol. In the event that the foregoing parties reach agreement on the terms of an Anonymity Protocol prior to service of the Subpoenas, the Creditors' Committee shall not issue the Subpoenas, and the parties shall instead submit to the Court a stipulation and proposed order embodying the terms of the Anonymity Protocol.
>
> 9. In the event the Creditors' Committee, the Claims Processing Facilities, the Trusts, the Asbestos Claimants Committee, the Future Claims Representative, the Debtors and GM are unable to reach agreement, within two weeks' time from the entry of (i) this Order and (ii) the Confidentiality Order, on the terms of an Anonymity Protocol, the Creditors' Committee is authorized to issue the Subpoenas; provided, however, that if an Anonymity Protocol has

3

>   been proposed and any of the other foregoing parties believes the Creditors'
>   Committee has unreasonably refused to agree to its terms, such other party may
>   so notify the Court and, in the event of such notification, the Creditors'
>   Committee shall not issue the Subpoenas pending further direction from the
>   Court.

UCC 2004 Order ¶¶ 8-9.

5. Pursuant to that Order, the ACC, the UCC and other parties began negotiation of an Anonymity Protocol on August 27, 2010. Negotiations continued through the week of August 30th and then through September 13, 2010. The parties have agreed that the UCC shall not serve subpoenas before 7:00 p.m. on September 14, 2010, so that any other party may seek the Court's prior intervention on the question of an Anonymity Protocol.

6. The protocol that would offer the strongest anonymity and which is most in line with the comments the Court made at the hearing would be one in which the Trusts submit their data to a neutral third-party and the UCC, through its expert Bates White, also submit to the neutral any data they contemplated merging with the Trust data. The neutral would then merge the Trusts' and Bates White's databases. The combined database would reside exclusively on the neutral's computers, and the neutral would respond to queries for aggregate and statistical information by the experts.

7. An alternative protocol with similar features, but which offers somewhat less anonymity, could be structured as follows: the Trusts and Bates White would submit their respective data to the neutral third-party, the neutral would merge the Trusts' and Bates White's databases, and the neutral would then anonymize the database and provide it to the parties.

8. The ACC has contacted the firm Alvarez & Marsal, who is willing and able to serve as the third-party neutral to administer the Anonymity Protocol, under either approach described above.

9. The Creditors' Committee has unreasonably refused to agree to any protocol proposed by the ACC. Pursuant to Paragraph 9 of the UCC 2004 Order, the Creditors' Committee may not issue Subpoenas to the Trust pending further direction from the Court.

10. To resolve the dispute over the Anonymity Protocol, the ACC requests the Court's intervention on the issue. The ACC proposes that the parties make written submissions to the Court regarding the Anonymity Protocol by 5:00 p.m., September 17, 2010 and requests a conference with the Court as soon thereafter as the Court's calendar will permit.

Date: September 14, 2010

CAPLIN & DRYSDALE, CHARTERED

By: /s/ Trevor W. Swett III
Trevor W. Swett III
(tws@capdale.com)
Kevin C. Maclay
(kcm@capdale.com)
James P. Wehner
(jpm@capdale.com)
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Elihu Inselbuch
(ei@capdale.com)
Rita C. Tobin
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500

5

Telephone: (212) 319-7125
Facsimile: (212) 644-6755

*Attorneys for the Official Committee of Unsecured
Creditors Holding Asbestos-Related Claims*

6