

Dr. Helga Harm
136 Harmony Heights Lane
Eastsound, WA 98245
(360) 376-4765

Chambers of the
Honorable Robert E. Gerber

Eastsound,
9-8-2010

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------x

In re    One Bowling Green, Room 621
         New York, New York 10004-1408    :    Chapter 11 Case No.
                                          :
**MOTORS LIQUIDATION COMPANY, et al.,**   :    09-50026 (REG)
f/k/a General Motors Corp., et al.        :
                                          :    More information on encl. 7b, 7a
         Debtors.                         :    (Jointly Administered)
                                          :
-----------------------------------------x

My dear Judge,

This letter is about a "dublication", of which I am accused by the GM debtors.

I, Helga Harm, was a Medical Researcher, now retired for more than 20 years and widowed for 13 years. My home is in my forest land on Orcas Island North of Seattle, WA.

My Social Security needs additional fixed income, so I decided to stay with commercial bonds, even if they were uninsured. I trusted GM, I had several GM cars during my lifetime (Electra cabrio, Olds 98 and Cutlass Ciera/S, the latter I still own).

On 11-19-03 and 10-18-04 (encl. 1a, 1b) I bought 7 bonds each. Several years later the Charles Schwab Co. informed me that GM was now in bankruptcy — and shortly thereafter a group of attorneys in Portland, OR, sent paperwork on 1-28-2009 (encl. 2a — 2e) to fill out. They would take care of the uninsured bondholders, but I never could reach them by telephone. Nothing happened!

On 9-10-2009 (encl. 3a — 3c) The Garden City Group in Dublin, Ohio, also sent some paperwork, including a page with the headline:

→

"United States Bankruptcy Court for the Southern District for New York (encl. 4). This page had to be returned in an envelope, which I had to provide (encl. 5). When the page returned to my house, strangely enough the Seal on 10-5-2009, it was not by the Court, it was reading in RED: "The Garden City Group". The envelope was postmarked in Columbus, Ohio (encl. 5).

I was under the assumption, that the Portland, OR, group was no longer involved — so I let it be. But for my astonishment the Portland Group sent me as a bondholder a check for $96.02 on 5-14-10 (encl. 6)

I travel very often, and when coming back home in August on 8-18-10 (encl. 7a ~ 7c) here was an "objective" by the debtors: "there was a duplicate". This now came from a New York group of attorneys, which wrote: " my proof of claim and my rights will be affected".

And even worse they said, if that would not go their way, there were other grounds to "object".

In a few days (on 9-16-2010) I will leaving again for a longer trip with the Holland-America-Line and return after Thanksgiving.

I hope, that I provided all, what is necessary to understand the situation from my side.

Very truly yours,

Helga Harm
Dr Helga HARM

# SCHWAB

101 Montgomery Street  San Francisco  California  94104
800 435 4000    www.schwab.com

Trade Confirmation

Retain for Your Records

Account Number:  -8665
Page 1 of 1

**Mail To**

E TRR -6 00029726 000000042968 0001 20031119
HELGA B HARM
CHARLES SCHWAB & CO INC CUST
IRA ROLLOVER
136 HARMONY HEIGHTS LN
EASTSOUND WA  98245



| Security Description | | | |
|---|---|---|---|
| | **Action** | **BOUGHT** | |
| GENERAL MTRS CP 8.80%21 DEBENTURE  DUE 03/01/21 | Symbol: Security No./Cusip: 370442-AJ-4 Branch Code:  SEYY | Trade Date:  11/19/03 Settlement Date: 11/24/03 Type:  Cash | |

| Quantity | Price | Principal | Fees & Charges | Total Amount |
|---|---|---|---|---|
| 7,000 | 113.071 | $7,914.97  Accrued Interest: | $142.02 | $8,056.99 |

*For all of the above:*
Unless you have already instructed us differently, we will: hold this security in your account.
Execution details upon request
Solicited trade
Yield to maturity   7.441 %
Moody Rating Baa1 / S&P Rating BBB
Capacity code D

©2002 Charles Schwab & Co. Inc.  All rights reserved.  Member: SIPC/New York Stock Exchange.  Please see reverse for terms, conditions and capacity code definitions.

TRR YY 1
E TRR -6 00029726 000000042968 0001 20031119

SIPC

CHARLES SCHWAB
101 Montgomery Street San Francisco California 94104
800 435 4000    www.schwab.com

Trade Confirmation

Retain for Your Records

09-50026-mg    Doc 6956    Filed 09/13/10    Entered 09/16/10 15:47:37    Main Document
Pg 4 of 18

Account Number:    ....-8665
Page 2 of 2

| Security Description | | | |
|---|---|---|---|
| | Action | BOUGHT | |
| GENERAL MTRS CP 8.80%21 DEBENTURE DUE 03/01/21 | Symbol: Security No./Cusip: 370442-AJ-4 Branch Code:    SEYY | Trade Date:    10/18/04 Settlement Date: 10/21/04 Type:    Cash | |

| Quantity | Price | Principal | Fees & Charges | Total Amount |
|---|---|---|---|---|
| 7,000 | 110.1369 | $7,709.59   Accrued Interest: | $85.56 | $7,795.15 |

For all of the above:
Unless you have already instructed us differently, we will: hold this security in your account.
Execution details upon request
Unsolicited trade
Credit Watch: Moody's-Negative
Yield to maturity    7.698 %
Moody Rating Baa1 / S&P Rating BBB-
Capacity code D

©2002 Charles Schwab & Co., Inc. All rights reserved. Member: SIPC/New York Stock Exchange. Please see reverse for terms, conditions and capacity code definitions.
TBB YY 1
F TBB -6 00021928 000000034401 0002 20041018

SIPC

G000239280202

General Motors Securities Litigation
Claims Administrator
PO Box 4068
Portland OR 97208-4068

| IMPORTANT INFORMATION & KEY DATES |
| --- |
| CLAIMS ADMINISTRATION TOLL FREE NUMBER: 1-866-879-0481 |
| CLAIMS ADMINISTRATION INTERNATIONAL CALLS: 1-503-597-7692 |
| CLAIMS ADMINISTRATION EMAIL: INFO@GMSECURITIESCASE.COM |
| EXCLUSION DEADLINE: DECEMBER 8, 2008 |
| OBJECTION DEADLINE: DECEMBER 8, 2008 |
| FAIRNESS HEARING: DECEMBER 22, 2008 |
| POSTMARK DEADLINE TO SUBMIT CLAIM FORMS: MARCH 6, 2009 |

*Handwritten notes:*
1) The answer was "Check this number and try again!"
2) The international number ANSWERED, but only about 99 different things — ON TAPE!
H.



*20470759012*

141345 728/1

HELGA B HARM
CHARLES SCHWAB & CO INC CUST
136 HARMONY HTS
EASTSOUND WA 98245-9105

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE GENERAL MOTORS CORP.  
SECURITIES AND DERIVATIVE LITIGATION

MDL No. 1749, Master Case No. 06-md-1749  
Hon. Gerald E. Rosen  
This Document Relates to:  
2:06-cv-12258-GER & 2:06-cv-12259-GER

### PROOF OF CLAIM AND RELEASE

**I.    GENERAL INSTRUCTIONS**

1.    To recover from the Net Settlement Fund as a Member of the Class based on the claims in the action entitled *In re General Motors Corp. Securities and Derivative Litigation*, Master Case No. 06-md-1749 (GER), and relating to Cases Nos. 06-cv-12258 and 06-cv-12259 (the "Action"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release form. If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the Settlement Fund.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE MARCH 6, 2009, ADDRESSED AS FOLLOWS: In re General Motors Corporation Securities Litigation Settlement, c/o Epiq Systems, Claims Administrator, P.O. Box 4068, Portland, OR 97208-4068.**
To file a Proof of Claim electronically, visit www.GMsecuritiescase.com. If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement, Motion for Attorneys' Fees and Reimbursement of Expenses and Fairness Hearing), DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class and you have not timely requested exclusion, you will be bound by the terms of the Judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re General Motors Corp. Securities Litigation*, No. 06-md-1749
PROOF OF CLAIM

Must be Postmarked No Later Than: March 6, 2009
Please Type or Print

**PART I:    CLAIMANT IDENTIFICATION**

___Dr. Helga B. HARM___
Beneficial Owner's or Owners' Name(s) (First, Middle Initial, Last) (This is the name [or names] you would like to appear on the check, if eligible for payment.)

___N/A___
Name of the Person you would like the Claims Administrator to Contact Regarding this Claim (if different from the Beneficial Owner's or Owners' Name(s) listed above (First, Middle Initial, Last)

Claimant or Representative Contact Information:
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Claims Administrator in writing at the address set forth on page 1 hereof.

___136 Harmony Heights Lane___
Street Address

___Eastsound___    ___WA___    ___98245___
City              State         Zip Code

___/___            ___/___
Foreign Province   Foreign Country

___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___    or    ___/___
Social Security Number          Employer Identification Number

Check appropriate box (check only one):

☐ Individual or Sole Proprietor   ☐ Joint Owners   ☐ Partnership
☐ Corporation                     ☐ Trust          ☐ Estate
☒ IRA or Other Retirement Plan    ☐ Pension Plan   ☐ Other _____

*I am retired*

(___) ___/___              (360) 376-4765
Work Telephone Number      Home Telephone Number

___/___                    ___/___
e-mail address             Facsimile Number
(E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Were your shares held in "street name" (i.e., in the name of a stock broker or other nominee)? If so, that broker or nominee is the Record Owner. Please fill in the following line.

- 3 -

13293 v.0.04

4. Number of shares of GM common stock held at close of trading on March 30, 2006: [ / ] (must be documented).

5. Number of shares of GM common stock purchased between March 31, 2006 and June 27, 2006 (inclusive): [ / ] (must be documented).

6. Number of shares of GM common stock held at close of trading on June 27, 2006: [ / ] (must be documented).

Remember that Beginning Shares + Purchases + Received – Sales – Delivered Shares must balance to the Ending Position for a claim to be valid.

## SECTION B. – GM BOND/NOTE TRANSACTIONS

### POSITIONS

1. **BEGINNING AND ENDING POSITIONS**: Please provide separately for each particular GM bond/note the principal amounts thereof held at the close of business on **April 12, 2000**, at the close of business on **March 30, 2006**, and at the close of business on **June 27, 2006** (must be documented):

| Coupon Rate | Maturity Date | Cusip | Principal amount of this particular bond/note held as of the close of business on April 12, 2000 | Principal amount of this particular bond/note held as of the close of business on March 30, 2006 | Principal amount of this particular bond/note held as of the close of business on June 27, 2006 |
|---|---|---|---|---|---|
| 8.8 % | 3-1-21 | 370442-AJ4 | / | 7,914.97 | 7,914.97 |
| 8.8 % | 3-1-21 | 370442-AJ4 | / | 7,709.59 | 7,709.59 |

### PURCHASES AND SALES

2. **PURCHASES**: Below please list (in chronological order) all purchases of GM Bonds/Notes between **April 13, 2000** and **June 27, 2006**, inclusive (must be documented):

| Description of Bonds/Notes | Date(s) of Purchase MM/DD/YYYY | CUSIP | Principal Amount | Purchase Price per $1000 of Principal Amount | Aggregate Cost* |
|---|---|---|---|---|---|
| GMCP 8.8% 21 | 11-24-03 | 370442-AJ4 | 7,914.97 | 113.071 | 7,914.97 |
| GMCP 8.8% 21 | 10-21-04 | 370442-AJ4 | 7,709.59 | 110.1369 | 7,709.59 |

* Excluding taxes, fees and commissions.

- 5 -

13295 v 0.04

including Unknown Claims. Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

— 2-d

## VII. WAIVER

**YOU MUST READ THE STATEMENT BELOW AND CHECK THE BOX IN ORDER TO BE ELIGIBLE TO RECEIVE A PAYMENT.**

☐ By marking this box, the Claimant(s) hereby acknowledge(s) that by submitting this Proof of Claim and Release he/she/they/it voluntarily releases and waives any right to bring any claim in any foreign proceedings against the Settling Defendants and Released Parties and/or any of their affiliates or subsidiaries that arise out of, relate to, or are based upon, the same allegations, transactions, facts or occurrences in this Action and that he/she/they/it have not done so and will not do so. Failure to mark this box will result in the rejection of your Claim Form.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Executed this __28th__ day of __January 2009__ (Month / Year)

in __Eastsound__   __WA, USA__
   (City)         (State / Country)

__Dr. Helga Harm__
Signature of Claimant (Sign your name here)

__Dr. Helga HARM__
(Type or print your name here)

_____
Signature of Joint Claimant, if any (Sign your name here)

_____
(Type or print your name here)

__Owner, purchaser__
(Capacity of person(s) signing,
e.g., Beneficial Purchaser,
~~Executor or Administrator~~)

---

### SUBSTITUTE FORM W-9
(All U.S. Claimants must complete this Section.)
Request for Taxpayer Identification Number ("TIN") and Certification

**PART I**

NAME: __Dr. Helga B. HARM__

Check appropriate box:

☐ Individual or Sole Proprietor     ☐ Joint Owners     ☐ Partnership
☐ Corporation                        ☐ Trust            ☐ Estate
☒ IRA or Other Retirement Plan       ☐ Pension Plan     ☐ Other _____

Enter TIN on appropriate line.

- 11 -

132911 v.0 04

For individuals, this is your social security number ("SSN").
For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

556 52 1162     or     _____
Social Security Number          Employer Identification Number

## PART II

### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line:

_____exempt_____

## PART III

### Certification

By signing this Proof of Claim Form, at page 11, above, I (We) certify that:

1. The number(s) shown on this form above is (are) my (our) correct TIN(s); and

2. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

3. The claimant(s) is (are) a U.S. person(s).

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

TO VIEW A COPY OF THE W-9 INSTRUCTIONS PLEASE VISIT WWW.IRS.GOV/PUB/IRS-PDF/FW9.PDF

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please fill out this form in its entirety.
2. Please sign the above release and declaration. If this claim is made on behalf of joint claimants, then both must sign.
3. Remember to attach supporting documentation, if available.
4. Do not send original or copies of stock certificates.
5. Keep a copy of your claim form for your records.
6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send the Claims Administrator your new address.
8. Do no use highlighter on the Proof of Claim form or supporting documentation.

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN MARCH 6, 2009 AND MUST BE MAILED TO:**

In re General Motors Corporation Securities Litigation Settlement
c/o Epiq Systems
Claims Administrator
P.O. Box 4068
Portland, OR 97208-4068

- 12 -

132912 v 0 04

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                           :   Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY                      :   09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION,               :
*et al.*,                                       :
:
                    Debtors.                    :   (Jointly Administered)
:
------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc.<br>CKS of Harlem |

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

-1-

(i) You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j) You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4. WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received on or before** the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

If by first-class mail, to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

-3-

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**

DATED: September 16, 2009  BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Certain Debt Instruments

| | Debt Instrument | CUSIP, ISIN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One):
☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Dr. Helga HARM**

Name and address where notices should be sent:
Dr. Helga HARM
136 Harmony Hts. Lane
Eastsound, WA 98245

Telephone number: (360) 376-4765
Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

[Stamp: THE GARDEN CITY GROUP, INC. OCT 5 2009]

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):
✗

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed, June 1, 2009: $ **15,624.56**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **14 General Motors bonds Cusip: 370442 A94**
(See instruction #2 on reverse side.) **see two attachments**

3. Last four digits of any number by which creditor identifies debtor: **2515**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
   Describe:

   Value of Property: $_____ Annual Interest Rate ___%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority:
$ _____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date: **10-2-09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signed] Helga Harm*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

COLUMBUS OH 430

06 OCT 2009 PM 4 L



Dr. Helga HARM
136 Harmony Hts. Ln.
Eastsound, WA 98245

98245+9105

GENERAL MOTORS SECURITIES LITIGATION  
CLAIMS ADMINISTRATOR  
PO BOX 4199  
PORTLAND OR 97208-4199

Website: www.gmsecuritiescase.com  
Email: info@gmsecuritiescase.com  
Toll Free: 1-866-879-0481  
International Calls: 1-503-597-7692

— 6 —



*0000025575-40731-2047*

000 0048980 00000000 001 001 48980 INS: 0 0  
HELGA B HARM IRA  
CHARLES SCHWAB CUSTODIAN  
136 HARMONY HEIGHTS LANE  
EASTSOUND WA 98245

ACCOUNT NO.: 41168665 IRA  
CLAIMANT ID: 40731  
CHECK NUMBER: 0025575  
CHECK AMOUNT: $ 96.02  
CHECK DATE: MAY 14, 2010

The attached check is being issued to you pursuant to the terms of the Settlement obtained in the class action entitled *In re General Motors Corp. Securities*, U.S. District Court for the E.D. Mich., *MDL No. 1749, Master Case No. 06-md-1749*. The claim you submitted in connection with this Settlement was determined by the Claims Administrator to be timely and valid and eligible for a distribution from the Settlement proceeds. The amount of the attached distribution represents your pro-rata share of the initial distribution of the Net Settlement Fund, and was calculated by the Claims Administrator pursuant to the Notice of Proposed Settlement of this action and the Proof of Claim and Release form that you submitted, and in accordance with the Court-approved Plan of Allocation.

Over 425,000 claims were processed, with accepted claims representing aggregate Net Recognized Losses under the Plan of Allocation of approximately $1.8 billion. Pursuant to the Court's Order dated April 20, 2010, this distribution is based on 90% of the available balance of the Net Settlement Fund, which is approximately $230 million. Accordingly, each Claimant is being paid a *pro-rata* share of the available funds, which the Claims Administrator calculated, pursuant to the terms of the Plan of Allocation, by dividing each Claimant's Recognized Loss by the total Recognized Losses of all Claimants, and then multiplying the result by the amount of the available funds. In this initial distribution, each Authorized Claimant is receiving approximately 12.74% of his, her, or its Recognized Loss. The remaining balance of the Net Settlement Fund will be distributed to eligible claimants in a second distribution.

Please note that this payment is a distribution from a "qualified settlement fund," as defined in Code of Federal Regulations Sections 1.468B-1-5. IRS regulations provide in part that whether a distribution from a qualified settlement fund "is includible in the claimant's gross income is generally determined by reference to the claim in respect of which the distribution is made and as if the distribution were made directly by the transferor." The tax treatment of this distribution varies based upon the individual circumstances and tax status of each Claimant. Accordingly, neither Plaintiffs' Counsel nor the Claims Administrator is able to determine the appropriate tax treatment for any Claimant. You should consult with your tax advisor to determine the tax consequences, if any, that the distribution of the Net Settlement Fund may have to you.

If you do not agree with the calculation of your claim, your disagreement/objection must be made in writing, signed, addressed to the above, and postmarked no later than twenty (20) days from the date of this letter. You must reference your claim number and detail the disagreement; your claim will then be re-evaluated by the Claims Administrator to determine if there is any validity to your arguments or any additional loss, and you will be notified in writing of the outcome. If you do not make and serve your objection in the manner described, you shall be deemed to have waived all objections to the amount of your distribution.

If you have any questions about your payment award, please contact the Claims Administrator at the address or telephone number(s) noted above.

**DEPOSIT PROMPTLY – VOID AND SUBJECT TO REDISTRIBUTION 90 DAYS AFTER ISSUE DATE** 19871 v 06 04 21 2010

---

GENERAL MOTORS SECURITIES LITIGATION  
CLAIMS ADMINISTRATOR  
PO BOX 4199  
PORTLAND OR 97208-4199

Citizens Bank, N.A.        29-1310 / 0213

CHECK NUMBER     DATE  
0025575          05/14/2010

DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 90 DAYS AFTER DISTRIBUTION DATE.

AMOUNT

PAY EXACTLY ********** Ninety Six DOLLARS and 02 CENTS        $96.02

PAY TO THE ORDER OF:  
HELGA B HARM IRA  
CHARLES SCHWAB CUSTODIAN  
136 HARMONY HEIGHTS LANE  
EASTSOUND WA 98245

For Deposit Only _____  
Authorized Signature

⑈0025575⑈ ⑆021313103⑆ 40096510090⑈

> **PLEASE CAREFULLY REVIEW THIS NOTICE AS IT WILL AFFECT YOUR CLAIM IN THE GENERAL MOTORS CORPORATION (NOW MOTORS LIQUIDATION COMPANY) BANKRUPTCY CASE**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.*,                    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                 :
                                                         :
                        Debtors.                         :    (Jointly Administered)
                                                         :
-----------------------------------------------------------x

## NOTICE OF OBJECTION TO INDIVIDUAL DEBT CLAIMS

### DR HELGA HARM

| Claim Information | | | | Basis For Objection |
|---|---|---|---|---|
| Date | Claim # | Debtor | Classification / Amount | Claim is duplicative of a claim allowed for the indenture trustee on behalf of all Individual Bondholders |
| 10/5/2009 | 4433 | MOTORS LIQUIDATION COMPANY | UNSECURED: $15,624.56 | |

**PLEASE TAKE NOTICE THAT**, on August 13, 2010, Motors Liquidation Company (formerly known as General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to your proof of claim identified above. The name of the objection is the Debtors' Forty-Seventh Omnibus Objection to Claims (Duplicate Debt Claims) (the "**Objection**").

> **You have received this notice because the Debtors have objected to your proof of claim and your rights will be affected.**
>
> **You should read this notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

continue the Hearing with respect to your claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **September 17, 2010 at 4:00 p.m. (Eastern Time)**. Only those Responses that are timely will be considered at the Hearing. Your Response will be deemed timely only if it is: (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (The User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format **and** in hard copy at each of the following addresses on or before the deadline for response:

A. Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;

B. Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and

C. Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Jennifer Sharret, Esq.).

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the number of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the

extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person that can be contacted in connection with the Objection.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above, then the Debtors have the right to object on other grounds to your claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you have any questions about this notice or the Objection, please contact the Debtors at 1-800-414-9607. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if you fail to file a timely Response or appear at the Hearing.**

Dated: New York, New York
August 18, 2010

WEIL, GOTSHAL & MANGES LLP
Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession