**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :     **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :     **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                      Debtors.                              :     **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
UNDER SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY
CODE AUTHORIZING (I) THE DEBTORS TO ENTER INTO
AND CONSUMMATE THE STOCK PURCHASE AGREEMENT
WITH GENERAL MOTORS HOLDINGS, S.L., AND (II) THE
ASSUMPTION AND ASSIGNMENT OF THE BMW CONTRACT IN
CONNECTION WITH THE STOCK PURCHASE AGREEMENT**

Upon consideration of the Motion dated August 13, 2010 (the "**Sale Motion**")[1] of Motors Liquidation Company ("**MLC**" or "**Seller**"), a debtor and debtor in possession in the above captioned cases (collectively with the other debtors and debtors in possession in the above captioned cases, the "**Debtors**"), seeking authority for (i) the sale of the Transferred Stock to the Purchaser pursuant to the SPA (the "**Sale**"), and (ii) the assumption and assignment of the BMW Contract to the Company in connection with the Sale; all as more fully described in the Sale Motion; and notice of the Sale Motion and the relief requested therein having been given pursuant to Bankruptcy Rules 2002 and 6004 to (i) all entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in or on the Transferred Stock, (ii) all parties who were contacted by Merrill Lynch during the Sale Process, (iii) the attorneys for BMW, (iv) the attorneys for the Purchaser, and (v) parties in interest entitled to receive notice under the Third Amended Order Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670], and it appearing that no other or further notice need be provided; and a hearing having been held on September 7, 2010 (the "**Sale Hearing**") to consider the Sale Motion; and upon the record of the Sale Hearing and all of the proceedings had before the Court; and the Court having reviewed the Sale Motion and the objections thereto filed by Punch Corporation (the "**Punch Objection**") and having fully reviewed and considered the proposal made by Punch Corporation to purchase the Transferred Stock (the "**Punch Offer**"); and the Court having found and determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and upon all of the pleadings filed in connection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the SPA, as applicable.

with the Sale Motion, the record of the Sale Hearing and upon the decision (the "**Decision**") of the Court as stated on the record of the Sale Hearing; and after due deliberation and sufficient cause appearing therefor, it is

**FOUND, DETERMINED AND CONCLUDED THAT:[2]**

**Jurisdiction, Venue, and Grounds for Relief**

A.      The Court has jurisdiction over the Sale Motion and over the property of the Debtors and their estates, pursuant to 28 U.S.C. §§ 157 and 1334.  These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).  Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

B.      The statutory predicates for relief sought in the Sale Motion are sections 105(a), 363(b), (f) and (m), and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9019.

**Notice of the Sale Motion, the Sale, and the
Assumption and Assignment of the BMW Contract**

C.      Proper, timely, adequate and sufficient notice of the Sale Motion, the Sale, and the assumption and assignment of the BMW Contract and the Cure Amount associated therewith, has been provided in accordance with sections 102(1), 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014, and such notice was good and sufficient and appropriate under the particular circumstances, and no other or further notice of the Sale Motion, the Sale, the assumption and assignment of the BMW Contract, or the Cure Amount associated therewith is or shall be required.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D.   A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) all entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance in or on the Transferred Stock, (ii) all parties who were contacted by Merrill Lynch during the Sale Process, (iii) the attorneys for BMW, (iv) the attorneys for the Purchaser, and (v) parties in interest entitled to receive notice under the Third Amended Order Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 [Docket No. 5670].

**Good Faith of Purchaser**

E.   The Purchaser is not an "insider" of MLC, as that term is defined in section 101(31) of the Bankruptcy Code.

F.   The Purchaser is purchasing the Transferred Stock in good faith within the meaning of section 363(m) of the Bankruptcy Code, and is entitled to all of the protections afforded thereby. The Seller and the Purchaser negotiated, proposed, and entered into the SPA at arm's length, in good faith, and without collusion. The Seller and the Purchaser have fully disclosed all consideration to be given by the Purchaser under the SPA, and all other agreements or arrangements entered into by the Purchaser in connection with the Sale. The Purchaser has not engaged in any conduct, by any action or inaction, that constitutes a violation of, or would cause or permit the Sale to be avoided under, section 363(n) of the Bankruptcy Code. No common identity of directors or controlling stockholders exists between the Purchaser and the Seller. The Purchaser and Seller will be acting in good faith in closing the Sale pursuant to the SPA.

**The Sale Is Fair and Reasonable and in the Exercise of MLC's Sound Business Judgment**

G.      The aggregate consideration to be received by MLC under the SPA is fair and reasonable, constitutes the highest and best offer for the Transferred Stock, constitutes reasonably equivalent value and fair consideration for the Transferred Stock, and will provide for a better recovery and outcome for MLC's estate than would be provided by any other available alternative, including the Punch Offer.  No other person or entity, including Punch Corporation, has made a higher and/or better offer to purchase the Transferred Stock than the Purchaser.  MLC's process for marketing and selling the Transferred Stock, MLC's determination to enter into the SPA, and MLC's determination that the consideration to be received by MLC's estate is fair and reasonable each constitutes a valid and sound exercise of the MLC's business judgment.  The consideration received under the SPA constitutes reasonably equivalent value and fair consideration for the Transferred Stock.

H.      Based upon the record, the Hearing and as set forth in the Decision, the rejection of the Punch Offer and proceeding with the sale of the Transferred Stock to the Purchaser in accordance with the SPA constitutes a valid and sound exercise of MLC's business judgment.

I.      Approval of the SPA by the Court and the consummation of the transactions contemplated thereby is in the best interests of MLC, its creditors, its estate and other parties in interest.

**Validity of Transfer**

J.      MLC has full power and authority to execute and deliver the SPA and all other documents contemplated thereby, and no further consents or approvals are required for MLC to consummate the transactions contemplated by the SPA.

K.  The transfer of the Transferred Stock to the Purchaser will be, as of the Closing, the legal, valid and effective transfer of such assets and will vest the Purchaser with all right, title, and interest of MLC or MLC's estate to the Transferred Stock, as of the Closing, free and clear of all Liens (except Permitted Liens) and Claims[3] accruing, arising or relating to any time prior to the Closing Date. Any provisions in any agreement that prohibit or condition the sale or transfer of the Transferred Stock are void and of no force and effect.

### Section 363(f) is Satisfied

L.  MLC may sell the Transferred Stock free and clear of all Liens (except Permitted Liens) and Claims, because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. No non-debtor party has asserted any interests in the Transferred Stock and none has objected to the Sale or the Sale Motion on account of being a holder of Liens. Accordingly, all non-debtor parties are deemed to have consented to the Sale on the terms set forth herein and in the SPA pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code.

### Assumption and Assignment of the BMW Contract and Dismissal of the BMW Adversary Proceeding

M.  The assumption and assignment of the BMW Contract pursuant to the terms of this Order are integral to the SPA and are in the best interests of MLC and its estate, creditors and other parties in interest, and represent the exercise of reasonable business judgment by MLC. The assumption by MLC of the BMW Contract on the Closing Date is hereby approved, and the assignment of the BMW Contract to the Company on the Closing Date is hereby approved, as all

---

[3] For purposes of this Order, the phrase "**Liens and Claims**" means any or all interests in or relating to any of the Property, including liens (as defined in section 101(37) of the Bankruptcy Code) and claims (as defined in section 101(5) of the Bankruptcy Code).

5

statutory requirements under section 365 of the Bankruptcy Code and otherwise for such assumption and assignment shall be satisfied.

N.      The Purchaser has cured and/or provided adequate assurance of prompt cure of all defaults, if any, existing prior to the Closing Date under the BMW Contract, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code.

O.      The Purchaser has provided adequate assurance of its future performance under the BMW Contract within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

P.      The BMW Contract shall, as of the Closing Date, be valid and binding on the Company and BMW (subject to any agreements and/or modifications thereto entered into by and among the Purchaser, New GM, the Company and BMW effective upon the occurrence of the Closing Date), and in full force and effect and enforceable in accordance with its terms.  Following such assignment from and after the Closing Date, MLC shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under or in any way relating to the BMW Contract or any modifications thereof.

Q.      The agreement of the Debtors (as provided herein) to dismiss with prejudice that certain adversary proceeding styled *Motors Liquidation Company v. Bayerische Motoren Werke Aktiengesellschaft*, Adv. Proc. No. 10-05006-REG (the "**BMW Adversary Proceeding**"), pending before the Court in consideration of, among other things, BMW consenting to the assumption and assignment of the BMW Contract and supporting the Sale Motion is in the best interests of the Debtors and their estates and within the range of reasonableness with respect to any settlement and compromise of the BMW Adversary Proceeding under Bankruptcy Rule 9019.

6

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**General Provisions**

1.      The relief requested in the Sale Motion is granted and approved, and the transaction contemplated thereby is authorized, approved and ratified as set forth in this Order.

2.      The assumption and assignment of the BMW Contract to the Company is authorized and approved as set forth in this Order.

3.      The Punch Objection is overruled.

**Approval and Ratification of the SPA**

4.      The SPA and all ancillary documents, and all of the terms and provisions thereof, are hereby approved.

5.      MLC is authorized and empowered, and shall take any and all actions necessary or appropriate, to (i) consummate the Sale to the Purchaser pursuant to and in accordance with the terms and provisions of the SPA, (ii) close the Sale as contemplated by the SPA and this Order, and (iii) execute and deliver, perform under and consummate the SPA.

6.      The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Purchaser, the Company, MLC, MLC's estate and their respective successors and assigns, and BMW and its successors and assigns, and shall be binding in all respects upon any affected third parties including, but not limited to, any person or entity asserting any interest (including any Liens and Claims) with respect to the Transferred Stock, BMW, and all creditors, equity holders and parties in interest in these cases.

7.      MLC is authorized and empowered to request any and all governmental or regulatory approvals, and to make any governmental or regulatory filings or notifications contemplated by

the SPA and is further authorized to keep confidential any information related to such approvals or filings.

### Transfer of the Transferred Stock to Purchaser

8.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, MLC is authorized and empowered to, and subject to the terms of the SPA, shall, transfer the Transferred Stock to the Purchaser on the Closing Date. Such transfer shall constitute a legal, valid, binding and effective transfer of the Transferred Stock to the Purchaser. Any provisions in any agreement that prohibit or condition the sale or transfer of the Transferred Stock are void and of no force and effect. Upon the Closing, the Transferred Stock shall be transferred to the Purchaser free and clear of all Liens (except for Permitted Liens) and Claims. Such transfer shall vest in the Purchaser all right, title and interest of MLC in and to the Transferred Stock. Purchaser shall not be liable in any way for any Liens (except for Permitted Liens) and Claims that any person or entity may have against MLC, any of its assets, or the Transferred Stock.

9.      All alleged Liens (except for Permitted Liens) and Claims on the Transferred Stock, if any, shall be transferred, affixed and attached to the proceeds of the Sale, with the same validity, priority, force and effect as such Liens and Claims had immediately prior to the Closing. Nothing in this Order shall determine the value or the validity, priority, or amount of any Claims or Liens.

10.     The filing of a certified copy of this Order with the appropriate clerk and/or recording with the recorder shall act to cancel any Liens (except for Permitted Liens) and Claims and any other encumbrances of record with respect to the Transferred Stock.

8

**Assumption and Assignment of the BMW Contract
and Dismissal of the BMW Adversary Proceeding**

11.     Pursuant to sections 105(a) and 365 of the Bankruptcy Code, as part of the Closing of the Sale, MLC is authorized and empowered to assume the BMW Contract and assign the BMW Contract to the Company on and subject to the occurrence of the Closing.

12.     Subject to the occurrence of the Closing of the Sale with the Purchaser and the dismissal of the BMW Adversary Proceeding as provided herein, (i) no Cure Amount is due or owing under the BMW Contract, (ii) no defaults by Seller exist under the BMW Contract, and (iii) no compensation is due or owing to BMW by Seller for any losses resulting from any default by Seller under the BMW Contract.

13.     After the assignment of the BMW Contract to the Company and the Dismissal of the BMW Adversary Proceeding as provided herein, neither the Debtors nor their estates shall have any further liability or obligation of any kind whatsoever with respect to the BMW Contract and BMW shall have no rights or claims of any kind or nature whatsoever against the Debtors or their estates with respect to the BMW Contract or the BMW Adversary Proceeding, including any claims relating to any alleged breach of any confidentiality agreement or confidentiality obligations relating to the BMW Contract, and BMW shall have no further liability or obligation of any kind whatsoever to the Debtors and their estates with respect to the BMW Contract and the Debtors and their estates shall have no rights or claims of any kind or nature whatsoever against BMW with respect to the BMW Contract.

14.     Any provisions in the BMW Contract or in any other agreement that prohibit or condition the assignment of the BMW Contract or allow BMW to terminate, recapture, impose any penalty, condition any renewal or extension or modify any term or condition upon the

9

assignment of the BMW Contract or any similar provision, constitute unenforceable anti-assignment provisions that are void and of no force and effect in connection with the Closing.

15. The Company has provided adequate assurance of its future performance under the BMW Contract within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code in connection with the Closing.

16. Upon the Closing, all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by MLC and assignment to the Company of the BMW Contract shall have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Company shall be fully and irrevocably vested with all rights, title and interest of MLC under the BMW Contract.

17. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, BMW and any other parties are forever barred and enjoined from raising or asserting against MLC, the Purchaser or the Company any assignment fee, default, breach, claim, pecuniary loss, or condition to assignment arising under or related to the BMW Contract existing as of the Closing or arising solely by reason of the Closing.

18. Pursuant to Bankruptcy Rule 9019, the agreement and compromise of MLC to dismiss with prejudice the BMW Adversary Proceeding in connection with the occurrence of the Closing in consideration of, among other things, BMW consenting to the assumption and assignment of the BMW Contract to the Company and supporting the Sale Motion is authorized, ratified and approved.

19. In connection with the Closing and after receipt of the Mutual Release (as defined below), MLC shall dismiss the BMW Adversary Proceeding, with prejudice and without costs. In consideration of, among other things, such dismissal, BMW and MLC shall execute and

deliver a mutual release (the "**Mutual Release**") of all claims in any way relating to the BMW Contract and the BMW Adversary Proceeding, including any and all counterclaims asserted or which could be asserted in connection with the BMW Adversary Proceeding and a release of any and all claims based upon or related to BMW's assertion that MLC or the Debtors breached or failed to comply with any confidentiality agreement or confidentiality obligations relating to the BMW Contract.

### Other Provisions

20. The transactions contemplated by the SPA are undertaken by the Purchaser without collusion and in good faith, within the meaning of section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of this Order shall not affect the validity of the Sale to the Purchaser (including the assumption and assignment of the BMW Contract to the Company) or the other relief granted hereby, unless the effectiveness of this Order is duly stayed. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of that provision.

21. The failure specifically to include any particular provision of the SPA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the SPA and MLC's entry into the SPA is authorized and approved in its entirety.

22. The SPA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

23. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the SPA, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any of the Debtors are party, or which has been assigned by any of the Debtors to the Company, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, the SPA, or this Order.

24. To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs the entry of judgment as set forth in this Order. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).


Dated: September **16**, 2010               **/s/ Robert E. Gerber**
                                        United States Bankruptcy Judge