Hearing Date and Time: September 24, 2010 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 17, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY *et al.,*                    :   Case No. 09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                :   (Jointly Administered)
                                                        :
                        Debtors.                        :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED**
**OBJECTION TO FIRST INTERIM FEE APPLICATION OF**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE**
**FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**

TO:   **THE HONORABLE ROBERT E. GERBER**
      **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009, submits this *Report and Statement of Limited Objection* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *First Interim Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from November 13, 2009 Through May 31, 2010* [Docket No. 6350] (the "**Fee**

**Application**").  The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection.  With this *Report and Statement of Limited Objection*, the Fee Examiner identifies a stipulated amount of $838.44 in fees and expenses, from a total of $40,986.61 requested in the Fee Application, that are objectionable.  The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant and the Fee Examiner have reached agreement, resolving any concerns about the Fee Application.  As adjusted, the amount sought can be approved by the Court.

In general, the Fee Application appears substantively sound.  It requests a total of $40,986.61.  Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with counsel for Dean M. Trafelet (the "**Future Claimants' Representative**") by letter dated August 11, 2010.  On August 25, 2010, the Future Claimants' Representative provided supplemental detail in response to the Fee Examiner's concerns.  On September 10, 2010, the Fee Examiner sent the Future Claimants' Representative a draft of this *Report and Statement of Limited Objection*, offering a second opportunity for discussion.  In response, counsel for the Future Claimants' Representative provided further information to the Fee Examiner on September 14, 2010, resolving more concerns.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $757.52 in fees and $80.92 in expenses for an agreed reduction of $838.44.  Most of these recommended disallowances relate to administrative or clerical services being performed by professionals.

2

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.      On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830]. Plan confirmation is anticipated before—or not long after—year-end.

3.      On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

4.      On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

5.      On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

6.      On March 9, 2010, the Debtors' counsel filed its *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal*

3

*Representative for Future Asbestos Personal Injury Claimants* [Docket No. 5214] (the "**Appointment Application**"). There were no objections to the Appointment Application, and the Future Claimants' Representative was appointed by this Court's *Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* dated April 8, 2010 [Docket No. 5459] (the "**FCR Appointment Order**").

7. On July 2, 2010, the Future Claimants' Representative filed the *Motion of Dean M. Trafelet, Future Claimant's Representative, for an Order Clarifying the Order Appointing Him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of His Fees and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant Section 503(a) or (b) of the Bankruptcy Code* [Docket No. 6262] (the "**Motion for Clarification**"), seeking an order establishing November 13, 2009 as the effective date of the Future Claimants' Representative's appointment, authorizing and directing the Debtors to pay the Future Claimants' Representative's fees and expenses for the period from November 13, 2009 through April 7, 2010, or awarding him an administrative expense claim pursuant to Section 503(a) or (b).

8. There was no objection to the Motion for Clarification, s*ee Certificate of No Objection* [Docket No. 6483]*,* and on August 6, 2010, the Court signed an *Order Granting Motion of Dean M. Trafelet, Future Claimant's Representative, for an Order Clarifying the Order Appointing Him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of His Fees and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant to Section 503(a) or (b) of the Bankruptcy Code* [Docket No. 6562] (the "**Clarification Order**").

4

9. On July 15, 2010, the Fee Application was filed, the first for this professional, seeking fees in the amount of $38,936.00 and expenses of $2,050.61, for total requested compensation in the amount of $40,986.61.

10. As of the filing of the Fee Application, the Future Claimants' Representative had been paid $5,404.85, constituting 80 percent of the fees requested and 100 percent of expenses submitted for May 2010, under the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

11. The Fee Examiner has evaluated the Appointment Application, the FCR Appointment Order, the Clarification Order, and the Fee Application.

12. By correspondence dated August 11, 2010, counsel to the Fee Examiner requested supplemental information from the Future Claimants' Representative as part of its review of specific matters involving the fees requested. The supplemental information requested included:

    A. Expanded definitions of services provided;

    B. Explanations of administrative or clerical tasks; and

    C. Supporting detail for certain expenses.

13. On August 25, 2010, the Future Claimants' Representative provided supplemental detail in response to the Fee Examiner's concerns, and on September 8, 2010, counsel to the Future Claimants' Representative and counsel to the Fee Examiner discussed remaining issues.

14. On September 10, 2010, the Fee Examiner sent the Future Claimants' Representative a draft of this *Report and Statement of Limited Objection*, and counsel for the Future Claimants' Representative responded on September 14, 2010 with additional information.

5

15. All of the materials and comments provided by the Future Claimants' Representative have been considered by the Fee Examiner.

## APPLICABLE STANDARDS

16. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, on July 28, 2010, the Fee Examiner provided all of the professionals in this proceeding with a draft memorandum summarizing the Court's April 29, 2010 and July 6, 2010 rulings on fees and expenses.

## COMMENTS

17. **Project Staffing**. Services have been provided by one person, the Future Claimants' Representative, at an hourly rate of $785.00. The Future Claimants' Representative also employs counsel, the law firm of Stutzman, Bromberg, Esserman & Plifka. *See* Fee Application, Summary.[1]

*Suggested disallowance for project staffing: None.*

---

[1] Some retained professionals in these cases considered the volume of legal work generated by the Debtors and the unusual nature of the debtor-in-possession financing and, accordingly, implemented discounted rate structures. The Future Claimants' Representative did not.

6

18.     **Scope of Work**.  The Fee Examiner has identified multiple billing entries relating to retention matters and review of pleadings that do not appear to be related to the Future Claimants' Representative's charge.

*The Future Claimants' Representative has addressed some of these entries, deleted an erroneous entry, and maintains that the review of many filings were necessary to become familiar with the case.*

*Suggested disallowance:  $188.40 (20 percent of time entries of concern).*

19.     **Time Increment Analysis and Block Billing**.  The applicable guidelines require professionals to bill in increments of one-tenth of an hour and to note detail for services in separate time entries without "block billing."  The Future Claimants' Representative's Fee Application was unobjectionable in this regard.

20.     **Excessive Time Allocated to Tasks**.  Multiple entries suggest that excessive time was spent on routine tasks.  The Future Claimants' Representative maintains that the identified entries, totaling $1,334.50, were necessary.

*Suggested disallowance for excessive time entries:  $255.12 (25 percent, after deduction for duplicate entry addressed in Paragraph 23, below).*

21.     **Travel Time**.  Non-working travel time is compensable at 50 percent.  *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted).  Travel time has been identified by the Future Claimants' Representative in the Fee Application and has been discounted by 50 percent.  The Fee Examiner requested detail on the point of origin and destination of travel in the Fee Application.

*The Future Claimants' Representative has provided additional detail, resolving this concern.*

7

22. **Clerical and Administrative Charges**.  One billing entry, totaling $2,669.00 in fees, initially described clerical or administrative and, therefore, non-compensable services. These services, while probably necessary to the Future Claimants' Representative's case evaluation, appeared to reflect overhead costs that should be absorbed, even in the event of a sole practitioner without apparent administrative support staff.

*The Future Claimants' Representative has provided supplemental detail of the services provided, resolving this concern.*

*Suggested disallowance for non billable clerical and administrative tasks:  None.*

23. **Duplicate Services**.  The Fee Examiner has identified four entries totaling $1,177.50 that appear to describe duplicate services.

*The Future Claimants' Representative has provided additional detail on two entries and appears to concede duplication on the remaining entries.*

*Suggested disallowance for duplicate billing:  $314.00.*

24. **Expenses**.  The Fee Application, Exhibit E, contains an Expense Summary, without supporting detail.  At the Fee Examiner's request, supplemental information now has been provided.  The Fee Examiner has the following comments:

    A.    Two Federal Express charges of $80.92 for overnight delivery to Debtors' counsel of an executed Declaration have been submitted for reimbursement.  While the Future Claimants' Representative maintains these charges were incurred at the direct request of Debtors' counsel, they are excessive, particularly in light of the availability of electronic transmission and the subsequent delay in filing the associated pleadings.

*Suggested disallowance for excessive express courier charges:  $80.92 (50 percent).*

8

   *B.*  The Future Claimants' Representative has voluntarily reduced his charge to the estate for a New York hotel to $379.51 per night; actual charges incurred were in excess of $985.00 per night.

  *Total fees suggested for disallowance: $757.52.*

  *Total Expenses Suggested for Disallowance: $80.92.*

  *Total Fees and Expenses Suggested for Disallowance: $838.44.*

### CONCLUSION

  This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

  WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

  [The remainder of this page intentionally left blank.]

09-50026-mg    Doc 6975    Filed 09/17/10    Entered 09/17/10 14:36:44    Main Document
Pg 10 of 10
Dated: Green Bay, Wisconsin
September 17, 2010.

                         GODFREY & KAHN, S.C.

By:    /s/ *Carla O. Andres*
      Carla O. Andres (CA 3129)
      Timothy F. Nixon (TN 2644)

      GODFREY & KAHN, S.C.
      780 North Water Street
      Milwaukee, Wisconsin 53202
      Telephone: (414) 273-3500
      Facsimile: (414) 273-5198
      E-mail: candres@gklaw.com
              tnixon@gklaw.com

      *Attorneys for Fee Examiner*

5242312_3