Hearing Date and Time: September 24, 2010 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 17, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11 Case No.
                                                        :
MOTORS LIQUIDATION COMPANY *et al.,*                    :   09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                :   (Jointly Administered)
                                                        :
                           Debtors.                     :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED**
**OBJECTION TO FIRST INTERIM FEE APPLICATION OF**
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
**A PROFESSIONAL CORPORATION**

**TO:   THE HONORABLE ROBERT E. GERBER**
**      UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009, submits this *Report and Statement of Limited Objection*

pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket

No. 4708] (the "**Fee Examiner Order**") in connection with the *First Interim Application of*

*Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, for Allowance of Interim*

*Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in His*

*Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period*

*from February 24, 2010 Through May 31, 2010* [Docket No. 6352] (the "**Fee Application**").

The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection. With this *Report and Statement of Limited Objection*, the Fee Examiner identifies a stipulated amount of $1,869.09 in fees and expenses, from a total of $67,027.28 requested in the Fee Application, that are objectionable. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant and the Fee Examiner have reached agreement, resolving any concerns about the Fee Application. As adjusted, the amount sought can be approved by the Court.

In general, the Fee Application appears substantively sound. It requests a total of $67,027.28. Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Stutzman, Bromberg, Esserman & Plifka, a professional corporation (the "**Stutzman Firm**"), by letter dated September 3, 2010. On September 8, 2010, the Stutzman Firm provided supplemental detail in response to the Fee Examiner's concerns. On September 10, 2010, the Fee Examiner sent the Stutzman Firm a draft of this *Report and Statement of Limited Objection*, offering a second opportunity for discussion. By telephone conference on September 16, 2010, the parties resolved the remaining issues.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $1,804.15 in fees and $64.94 in expenses for a total agreed reduction of $1,869.09. Most of these recommended disallowances are attributable to vague time entries and billing for the review of objections and responses to fee applications of other retained professionals.

2

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830]. Plan confirmation is anticipated before—or not long after—year-end.

3. On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

4. On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

5. On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

6. On March 9, 2010, the Debtors' counsel filed its *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal*

*Representative for Future Asbestos Personal Injury Claimants* [Docket No. 5214] (the "**Appointment Application**"). There were no objections to the Appointment Application, and the Future Claimants' Representative was appointed by this Court's *Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* dated April 8, 2010 [Docket No. 5459] (the "**FCR Appointment Order**").

7. On March 16, 2010, the Future Claimants' Representative filed the *Application of Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, as his Counsel as of February 24, 2010* [Docket No. 5275] (the "**Retention Motion**").

8. On April 15, 2010, the Court signed an *Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, a Professional Corporation, as his counsel as of February 24, 2010* [Docket No. 5506] (the "**Retention Order**").

9. On July 15, 2010, the Fee Application was filed, seeking fees in the amount of $63,314.50 and expenses in the amount of $3,712.78 for total requested compensation of $67,027.28.

10. As of the filing of the Fee Application, the Stutzman Firm had been paid $42,515.59, constituting 80 percent of the fees requested and 100 percent of expenses submitted for the period of February 24, 2010 through April 30, 2010, subject to Court review and approval, under the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing*

4

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

11. The Fee Examiner has evaluated the Retention Motion, the Retention Order, and the Fee Application.

12. By correspondence dated September 3, 2010, counsel to the Fee Examiner requested supplemental information from the Stutzman Firm as part of its review of specific matters involving the fees requested. The supplemental information requested included:

 A. Expanded definitions of services provided;

 B. Further breakdown of time increments;

 C. Explanations of administrative or clerical tasks; and

 D. Supporting detail for expenses.

13. On September 8, 2010, the Stutzman Firm provided supplemental detail in response to the Fee Examiner's concerns. All of the materials and comments provided by the Stutzman Firm have been considered by the Fee Examiner.

14. On September 10, 2010, the Fee Examiner sent the Stutzman Firm a draft of this *Report and Statement of Limited Objection*, and by telephone on September 16, 2010, the parties resolved any additional concerns.

## APPLICABLE STANDARDS

15. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the

*Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, on July 28, 2010, the Fee Examiner provided all of the professionals in this proceeding with a draft memorandum summarizing the Court's April 29, 2010 and July 6, 2010 rulings on fees and expenses.

## COMMENTS

16. **Project Staffing**. Services have been provided by at least five shareholders, one associate, and one paraprofessional. The billing rate for shareholders ranges from $385.00 to $725.00 per hour, and the hourly rate for the associate is $300.00 during the time period of the Fee Application. *See* Fee Application, Summary of Hours Billed by Professional.[1] The overall blended rate for attorneys is $460.19. *Id.* Billing by shareholders accounted for 86.9 hours, or approximately 62 percent, of the total number of hours billed during the period. *See id.*

*In the absence of extenuating circumstances brought to the attention of the Fee Examiner, the preferred practice is for tasks to be managed by senior personnel with tasks performed at the lowest appropriate billing rate by less senior personnel. The Fee Examiner has some concern, more fully addressed at paragraph 18 below, that services are not being performed at the lowest appropriate billing rate.*

*Suggested disallowance for project staffing: None.*

17. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified entries by the Stutzman Firm that do not comply with the applicable guidelines totaling $7,791.00.

---

[1] Some retained professionals in this case considered the volume of legal work generated by the Debtors and the unusual nature of the debtor-in-possession financing and, accordingly, implemented discounted rate structures. The Stutzman Firm did not.

6

*The Stutzman Firm has provided further breakdown of block billed time entries, resolving these concerns.*

*Suggested disallowance for block billing: None.*

18. **<u>Clerical and Administrative Charges</u>**. The Fee Examiner has identified charges in the amount of $2,186.00 that appear to be clerical or administrative and, therefore, non-compensable services that might more appropriately have been absorbed as overhead.

*In response to the Fee Examiner's inquiry, the Stutzman Firm acknowledged, in connection with 3.2 hours of billings, that "While other firms may use paralegals to perform these tasks, [it is the practice of the Stutzman Firm] to have its attorneys perform these tasks." September 8, 2010 correspondence from Heather Panko. These entries have been reduced to the paralegal rate.*

*The Stutzman Firm also agreed that one entry, totaling $240.00, was non-compensable.*

*Finally, billing in the aggregate amount of $796.00 involves the Stutzman Firm's review and analysis of the Fee Examiner's objection to fee applications of retained professionals (other than the Stutzman Firm or the Future Claimants' Representative), Debtors' counsel's response, and this Court's rulings. These services are not properly billable to the estate.*

    A.    *Reduction to paralegal rate: $590.00.*

    B.    *Agreed erroneous entry: $240.00.*

    C.    *Research of other fee applications: $398.00 (50 percent).*

*Suggested disallowances for non billable clerical and administrative tasks: $1,228.00.*

19. **<u>Vague Tasks and Communications</u>**. The Fee Examiner has identified specific billing entries that fail to comply with the UST Guidelines, aggregating $8,530.00. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*The Stutzman Firm has provided additional detail on many entries, reducing the aggregate value of vague entries to $3,841.00.*

*Suggested disallowance for vague time entries: $576.15 (15 percent).*

7

20.     **Expenses**.  The Fee Application, Expense Summary, Exhibit F, identifies categories of expenses totaling $3,712.78.  The Fee Examiner requested supporting detail and, upon review, has the following comments.

   A.     **Photocopy Expenses**.  The Stutzman Firm has agreed to reduce its internal photocopy charge to $0.10 a page.

   *Agreed disallowance for excess photocopy charges:  $16.60.*

   B.     **Express Courier Expenses**.  The Stutzman Firm has incurred nine express delivery charges in the range of $20.00 - $25.00 for the delivery of its monthly budget and fee statements to certain parties.  There is no explanation of the need for these express deliveries, and these charges are not properly expensed to the Debtors' estate.

   *The Stutzman Firm has accurately noted that the Compensation Order requires hand delivery or overnight delivery of fee statements to the Notice Parties.*

   *Suggested disallowance for express courier:  $48.34.*

   ***Total fees suggested for disallowance:  $1,804.15.***

   ***Total Expenses Suggested for Disallowance:  $64.94.***

   ***Total Fees and Expenses Suggested for Disallowance:  $1,869.09.***

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Fee Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across

8

the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

Dated: Green Bay, Wisconsin
September 17, 2010.

> GODFREY & KAHN, S.C.
>
> By:   /s/ *Carla O. Andres*
> Carla O. Andres (CA 3129)
> Timothy F. Nixon (TN 2644)
>
> GODFREY & KAHN, S.C.
> 780 North Water Street
> Milwaukee, Wisconsin 53202
> Telephone: (414) 273-3500
> Facsimile: (414) 273-5198
> E-mail: candres@gklaw.com
>             tnixon@gklaw.com
>
> *Attorneys for Fee Examiner*

5365167_3

9