HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :     Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :     09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                        :
                Debtors.                :     (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

**NOTICE OF DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO**
**CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

**PLEASE TAKE NOTICE** that on September 17, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their ninety-first omnibus objection to expunge certain claims and motion

requesting enforcement of Bar Date Orders[1] (the "**Ninety-First Omnibus Objection to**

---

[1]       Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninety-First Omnibus Objection to Claims.

Claims"), and that a hearing (the "**Hearing**") to consider the Ninety-First Omnibus Objection to

Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in

Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004, on **October 26, 2010 at 9:45 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

        **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

        PLEASE TAKE FURTHER NOTICE that any responses to the Ninety-First

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243

(Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan

48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center, New York, New

York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury,

1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein,

Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas

Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **October 19, 2010, at 4:00 p.m. (Eastern Time)** (the "**Response**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and

served with respect to the Ninety-First Omnibus Objection to Claims or any claim set forth

thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an

order substantially in the form of the proposed order annexed to the Ninety-First Omnibus

Objection to Claims, which order may be entered with no further notice or opportunity to be

heard offered to any party.

Dated: New York, New York
      September 17, 2010

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                           :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      The Debtors file this ninety-first omnibus objection to certain claims and
motion requesting enforcement of Bar Date Orders (as defined below) (the "**Ninety-First
Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the
"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the
"**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus
objections to proofs of claim filed against the Initial Debtors (as defined below) in these chapter
11 cases (the "**Procedures Order**") [Docket No. 4180], this Court's order deeming applicable
the Procedures Order to the Realm/Encore Debtors (as defined below) (the "**Realm/Encore
Order**") [Docket No. 4841], this Court's order approving the procedures relating to the filing of
proofs of claim against the Initial Debtors (the "**Initial Debtors Bar Date Order**") [Docket No.
4079], this Court's order approving the procedures relating to the filing of proofs of claim
against the Realm/Encore Debtors (the **"Realm/Encore Bar Date Order**") [Docket No. 4586],
and this Court's supplemental order to the Initial Debtors Bar Date Order approving the
procedures relating to the filing of certain proofs of claim relating to certain properties of the
Debtors (the "**Property Bar Date Order,**" and collectively with the Initial Debtors Bar Date
Order and the Realm/Encore Bar Date Order, the "**Bar Date Orders**") [Docket No. 4681]
seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed
hereto.[1]

---

[1]      Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy
estates on the Debtors' claims register on the website maintained by the Debtors' claims agent,
www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors
without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden
City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by
calling The Garden City Group, Inc. at 1-703-286-6401.

2.       The Debtors have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Late-Filed Claims**") were filed after the Court-imposed deadlines for filing proofs of claim as set forth in the applicable Bar Date Orders.  Because the Late-Filed Claims fail to comply with the Bar Date Orders, the Debtors request that consistent with the express terms of each of the Bar Date Orders, they be disallowed and expunged in their entirety.  Further, the Debtors reserve all of their rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.       On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

---

[2]       The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]       The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

5.    On September 16, 2009, this Court entered the Initial Debtors Bar Date
Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of
claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar
Date**").  On December 2, 2009, this Court entered the Realm/Encore Bar Date Order establishing
February 1, 2010 (the "**Realm/Encore Bar Date**") as the deadline for each person or entity to
file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined
in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010, the
"**Realm/Encore Governmental Bar Date**").  On December 18, 2009, this Court entered the
Property Bar Date Order establishing February 10, 2010 as the deadline for entities residing
adjacent to or in the proximity of the material manufacturing properties of the Debtors as set
forth in the Property Bar Date Notice (as defined below) (the "**Properties**") to file a proof of
claim with respect to the Properties (the "**Property Bar Date**," and collectively with the Initial
Debtors Bar Date, the Realm/Encore Bar Date, and the Realm/Encore Governmental Bar Date,
the "**Bar Dates**").

6.    In order to be timely-filed, proofs of claim must have been "<u>**actually**</u>
<u>**received**</u>" on or before the applicable Bar Date.  (Initial Debtors Bar Date Ord. at 3 (emphasis in
original); Realm/Encore Bar Date Ord. at 3 (emphasis in original); Property Bar Date Ord. at 2
(emphasis in original).)  The Bar Date Orders also expressly provide that any holder of a claim
against the Debtors who is required, but fails, to file a proof of such claim in accordance with the
applicable Bar Date Order on or before the applicable Bar Date shall forever be barred, estopped,
and enjoined from asserting such claim against each of the Debtors and their respective estates
(or filing a Proof of Claim with respect thereto) (Initial Debtors Bar Date Ord. at 5;

Realm/Encore Bar Date Ord. at 5; Property Bar Date Ord. at 4.)  Copies of the Bar Date Orders

were made publicly available at www.motorsliquidationdocket.com.

       7.     Each of the claimants received actual notice of the Initial Debtors Bar

Date Order (the "**Initial Debtors Bar Date Notice**," a copy of which is annexed hereto as

**Exhibit "B"**), the Realm/Encore Bar Date Order (the "**Realm/Encore Bar Date Notice**," a copy

of which is annexed hereto as **Exhibit "C,"** and the "**Realm/Encore Local Bar Date Notice**," a

copy of which is annexed hereto as **Exhibit "D"**), and/or the Property Bar Date Order (the

"**Property Bar Date Notice**," a copy of which is annexed hereto as **Exhibit "E"**; and

collectively with the Initial Debtors Bar Date Notice, the Realm/Encore Bar Date Notice, and the

Realm/Encore Local Bar Date Notice, the "**Bar Date Notices**"), as applicable, via mail.   The

Initial Debtors Bar Date Notice was also published in the *Financial Times*, *The Wall Street

Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National),

*USA Today* (Monday through Thursday, National), *Detroit Free Press/Detroit News*, *Le Journal

de Montreal* (French), *Montreal Gazette* (English), *The Globe and Mail* (National), and *The

National Post*.  The Realm/Encore Bar Date Notice was also published in *USA Today* (National

Edition) and *The New York Times* (National Edition).  The Realm/Encore Local Bar Date Notice

was also published in the newspapers set forth in the Realm/Encore Local Bar Date Notice.  The

Property Bar Date Notice was also published in the newspapers set forth in the Property Bar Date

Notice.

       8.     Reflecting the Bar Date Orders' severe consequences regarding missing

the deadline for filing proofs of claim, each of the Bar Date Notices clearly and unambiguously

notified claimants that proofs of claim against the Debtors must be received on or before the

applicable Bar Date (Initial Debtors Bar Date Notice at 3; Realm/Encore Bar Date Notice at 3;

Realm/Encore Local Bar Date Notice at 3; Property Bar Date Notice at 3.) and prominently

stated in bold-face type that any creditor who fails to file a proof of claim on or before the

applicable Bar Date will be forever barred from asserting the claim or filing a proof of claim

with respect to the claim.  (Initial Debtors Bar Date Notice at 4; Realm/Encore Bar Date Notice

at 4; Realm/Encore Local Bar Date Notice at 3; Property Bar Date Notice at 4.)  While a notice

period of only 35 days of a bar date is recommended by the Second Amended Procedural

Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the

Southern District of New York, in this case, the Debtors provided creditors 65 days notice of the

Initial Debtors Bar Date, 51 days notice of the Realm/Encore Bar Date, 125 days notice of the

Realm/Encore Governmental Bar Date, and 44 days notice of the Property Bar Date.

　　　　　9.　　　On October 6, 2009, this Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 100

claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d)

and those additional grounds set forth in the Procedures Order.  On January 19, 2010, this Court

also entered the Realm/Encore Order, which deems as applicable the Procedures Order to the

Realm/Encore Debtors.

## **The Relief Requested Should Be Approved by the Court**

　　　　　10.　　　A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed."  11 U.S.C. § 502(b)(1).

12.     The United States Supreme Court of the United States has established a standard for allowing a late claim, requiring a showing of excusable neglect.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993).  The *Pioneer* Court established five factors in consideration of what constitutes excusable neglect:  (1) the degree of prejudice to the debtors; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the claimant; (4) whether the claimant acted in good faith; and (5) if a claimant had counsel, whether a claimant should be penalized for their counsel's mistake or neglect.  *Id.* at 385, 387.  In other words, simple inadvertence is not sufficient grounds.  Here, the Debtors have already filed their chapter 11 plan of liquidation and none of the claimants have sought leave of the Court to allow their late-filed claim.  It would be severely prejudicial to other claimants and these judicial proceedings to now have to reserve distributions while the standards of excusable neglect are adjudicated as to each and every one of the hundreds of late-filing claimants.

13.     In applying *Pioneer*, the Second Circuit has adopted what can be characterized as a hard line test for determining whether a party's neglect is excusable.  *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005).  The Second Circuit focuses on the "reason for the delay" and cautions that rarely will the equities favor a claimant who fails to follow a

clear court rule.  *Id.* at 123; *Redhead v. Conf. of Seventh-Day Adventists*, 360 Fed. Appx. 232,

235 (2d Cir. 2010) (same).

       14.     "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'"  (Memorandum Decision Denying Motions for Leave to File Late Claims, No.

08-13555 (JMP) [Docket No. 9150], *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555

(JMP), 2010 WL 2000326 at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting *In re Musicland

Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).)  A bar date is more than a

"procedural gauntlet" and functions as "an integral part of the reorganization process."  *In re

Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine

with reasonable promptness, efficiency and finality what claims will be made against their

estates—a determination without which they cannot effectively reorganize.  *In re Keene Corp.*,

188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the

Second Circuit.  *See id.*; *In re Lehman Bros. Holdings, Inc.*, 2010 WL 2000326 at *2; *In re

Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and

must be strictly enforced.").

       15.     The Bar Date Orders specifically require proofs of claim to be **actually

received** on or before the applicable Bar Dates.  (Initial Debtors Bar Date Ord. at 3;

Realm/Encore Bar Date Ord. at 3; Property Bar Date Ord. at 2.)  Claimants were provided notice

of the Bar Date Orders, including the deadline to file proofs of claim and a clear warning that

failure to comply with the applicable Bar Date would result in their claims being barred.  (*See*

Initial Debtors Bar Date Ord. at 5; Realm/Encore Bar Date Ord. at 5; Property Bar Date Ord. at

4.)  Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim subsequent to

the applicable Bar Date.

16.     Because the Late-Filed Claims fail to comply with the Bar Date Orders and are thus untimely, the Debtors request that the Court enforce its prior Bar Date Orders and disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit "A."

## Notice

17.     Notice of this Ninety-First Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
           September 17, 2010

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**<u>EXHIBIT A</u>**

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ALESIA R DORSEY<br>3314 FAIRWAY DR<br>WHARTON, TX 77488 | 68508 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/1/2009 |
| Official Claim Date: | 12/2/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANDERSON, ANNETTE<br>6299 RIVER RD<br>MADISON, OH 44057 | 69404 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/14/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANDERSON, LAMERT<br>207 E 61ST ST<br><br>CHICAGO, IL 60637 | 69293 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/8/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANTOINETTE M WHITE<br>2609 LARK AVE<br><br>ALTOONA, PA 16602 | 70309 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 6/2/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BENJAMIN, AMOLENE<br>7319 VIRGINIA AVE<br><br>KANSAS CITY, MO 64131 | 69466 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | N/A | | | | |
| Official Claim Date: | 12/16/2009 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BETTY J SHIPLEY<br>116 ANDESITE DR<br><br>JACKSONVILLE, OR 97530 | 65800 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | 12/1/2009 | | | | |
| Official Claim Date: | 12/7/2009 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BILLYE RUTH BIGBEE IRA<br>FCC AS CUSTODIAN<br>15741 US HIGHWAY 83 N<br>PADUCAH, TX 79248 | 69660 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/30/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BODMER, DIANA S<br>229 RAINBOW DR PMB 12989<br>LIVINGSTON, TX 77399 | 68040 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/2/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CHESTER, MILDRED I<br>2060 GROVE LN<br><br>CLEARWATER, FL 33763 | 69785 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | N/A | | | | |
| Official Claim Date: | 1/15/2010 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CLIFFORD, MICHAEL T<br>RE: DREMA K CUNNINGHAM<br>723 KANAWHA BLVD E<br>1200 UNION BLDG<br>CHARLESTON, WV 25301 | 69815 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | N/A | | | | |
| Official Claim Date: | 1/4/2010 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DAVID UPMANN<br>2913 YALE DR<br><br>JANESVILLE, WI 53548 | 70115 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

#### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/1/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DEBRA JEFFRIES<br>2723 GLENWOOD AVE<br><br>SAGINAW, MI 48601<br>UNITED STATES OF AMERICA | 68197 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

#### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/2/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DOYLE, GWENDOLYN<br>8570 GALLOWAY NATIONAL DR<br><br>WILMINGTON, NC 28411 | 69776 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/14/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DUNCAN, SHARON K<br>511 E ARCADA ST<br><br>ITHACA, MI 48847 | 70049 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/22/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| EARL THURSTON<br>PO BOX 37<br><br>MERTENS, TX 76666 | 69784 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/15/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GERVASIO, ALEXANDER J<br>1405 ELKINS AVE<br><br>LEVITTOWN, PA 19057 | 68138 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/2/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GIBBONS, JOHN<br>432 E WINTER AVE<br><br>NEW CASTLE, PA 16105 | 69894 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/28/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| HILLEGAS, JANET M<br>105 N LANOITAN AVE<br><br>NATIONAL CITY, CA 91950 | 68919 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/2/2009 |
| Official Claim Date: | 12/7/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JACKSON, REGINALD A<br>773 GROTE ST<br><br>BRONX, NY 10460 | 69766 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | N/A | | | | |
| Official Claim Date: | 1/11/2010 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

| JOHNSON, PAT L<br>21070 BETHLAWN BLVD<br><br>FERNDALE, MI 48220 | 69982 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | | | | | |
|---|---|---|---|---|---|
| Applicable Bar Date: | 11/30/2009 | | | | |
| Postmark Date: | N/A | | | | |
| Official Claim Date: | 2/4/2010 | | | | |
| Docket Number of Affidavit of Service: | | 4238 | | | |
| Notice Provided and Date of Service: | | Bar Date Notice on 9/25/2009 | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| KING, LUCILLE M<br>519 SAINT CLOUD DR<br><br>STATESVILLE, NC 28625 | 69301 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/4/2009 |
| Official Claim Date: | 12/10/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LAKIA C BROWN<br>305 OSMUN ST<br><br>PONTIAC, MI 48342 | 70161 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/26/2010 |
| Docket Number of Affidavit of Service: | 4675 |
| Notice Provided and Date of Service: | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Ninety-First Omnibus Objection

**Exhibit A**

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG),  Jointly Administered**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LENIEAR, JESSIE<br>8841 BRAILE ST<br><br>DETROIT, MI 48228 | 69780 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/23/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LIGHT, KATHLEEN R<br>2706 BURRIES RD<br><br>HARTLAND, WI 53029 | 69302 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/10/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LILY PAK<br>2 GRIENTREE LANE<br><br>ALBANY, NY 12208 | 69415 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/14/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LKPK AIRPORT LTD.<br>PETER AND LILY KWAN<br>140 BRANDON TERRACE<br>ALBANY, NY 12203 | 69414 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/14/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Ninety-First Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LOGAN, VIVIAN B<br>2619 DAVIS ST<br><br>RALEIGH, NC 27608 | 69774 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/14/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LOIS GAIGALAS<br>60 MAYWOOD AVE<br><br>BLOOMFIELD HILLS, MI 48304<br>UNITED STATES OF AMERICA | 67637 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/1/2009 |
| Official Claim Date: | 12/1/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LUMBIA L TOLLIVER<br>588 WALL ST<br><br>WENTZVILLE, MO 63385 | 70095 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/4/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MARTIN T ULRICH & ELAINE M ULRICH TRUSTEES MARTIN T & ELAINE M ULRICH LIVING TRUST U/A/D 12/05/91<br>13103 KINGSTON<br>HUNTINGTON WOODS, MI 48070 | 68541 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/1/2009 |
| Official Claim Date: | 12/3/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MARVELLA A JOHNSON<br>9805 BRICKLEBERRY LN APT 203<br><br>CHARLOTTE, NC 28262 | 68639 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/2/2009 |
| Official Claim Date: | 12/4/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MARY GRAZIANO<br>PO BOX 335<br><br>MAYWOOD, IL 60153 | 70193 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 4/1/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MATTHEWS, FRANKLIN I<br>5017 NICHOLSON HILL RD<br><br>HUBBARD LAKE, MI 49747 | 69756 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/11/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MILLER, MARK P<br>PO BOX 14182<br><br>SCOTTSDALE, AZ 85267 | 70015 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/10/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Ninety-First Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| PATRICIA LAREE GARLING<br>CGM IRA CUSTODIAN<br>2135 WHITLEY AVE.<br>LOS ANGELES, CA 90068 | 70119 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/12/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| PAUL D & DORTHY J HOEFLING<br>5412 CALEB AVE<br>SACRAMENTO, CA 95819 | 70005 | Motors Liquidation Company | Unliquidated | Late-Filed Claim | Pgs. 1-5 |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/8/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| PHARR, ILENE P<br>2028 PRINCE HALL DR<br><br>DETROIT, MI 48207 | 69659 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 12/30/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RAMIREZ, LORENZA<br>CALZ J REYES HEROLE<br>#103 COL BUENA VISTA<br>ZACATECAS MEXICO<br>,<br>MEXICO | 70007 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/8/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RANDALL D PETERSON<br>520 W CLEVELAND AVE<br><br>SAPULPA, OK 74066 | 69710 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** |
|---|
| Applicable Bar Date:    11/30/2009 |
| Postmark Date:    N/A |
| Official Claim Date:    1/5/2010 |
| Docket Number of Affidavit of Service:    4238 |
| Notice Provided and Date of Service:    Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RICHARDSON SHERMAN<br>2630 E STATE ROAD 28<br><br>FRANKFORT, IN 46041 | 67638 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** |
|---|
| Applicable Bar Date:    11/30/2009 |
| Postmark Date:    N/A |
| Official Claim Date:    12/1/2009 |
| Docket Number of Affidavit of Service:    4238 |
| Notice Provided and Date of Service:    Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RIPP, JOSEPH M<br>1913 8TH ST<br><br>MONROE, WI 53566 | 70061 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

#### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 2/24/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| RUSH YARNELL JR<br>21607 CENTENNIAL STREET<br><br>ST CLAIR SHRS, MI 48081 | 69377 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

#### Additional Claim Information

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/9/2009 |
| Official Claim Date: | 12/11/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SANDRA RAMIREZ<br>413 29TH ST<br><br>HIDALGO, TX 78557 | 70279 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 5/8/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SHAMEKA GRIFFIN<br>34439 SANDPEBBLE DR<br><br>STERLING HTS, MI 48310 | 65811 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/5/2009 |
| Official Claim Date: | 12/8/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SHERIE D WILLIAMS<br>PO BOX 2154<br><br>DETROIT, MI 48202 | 69449 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | | |
|---|---|---|
| Applicable Bar Date: | 11/30/2009 | |
| Postmark Date: | N/A | |
| Official Claim Date: | 12/16/2009 | |
| Notice Provided and Date of Service: | | |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SLEMMER, DARLENE E<br>2132 S NESHANNOCK RD<br><br>SHARON, PA 16148 | 70184 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | | |
|---|---|---|
| Applicable Bar Date: | 11/30/2009 | |
| Postmark Date: | N/A | |
| Official Claim Date: | 3/31/2010 | |
| Docket Number of Affidavit of Service: | 4238 | |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| THESSLEY NICHOLSON<br>3410 W BROADMOOR DR<br><br>LANSING, MI 48906 | 69728 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/7/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| THURSTON, EARL L<br>PO BOX 37<br><br>MERTENS, TX 76666 | 69795 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 1/19/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Ninety-First Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TIPLER DENISE<br>34372 NEW YORK STREET<br><br>CLINTON TWP, MI 48035 | 68027 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/2/2009 |
| Official Claim Date: | 12/2/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TRICE, C'ANGELO M<br>224 SUMMERIDGE LANE<br><br>LAWRENCEVILLE, GA 30044 | 70104 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/8/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TYNER JR, ROOSEVELT<br>8456 TRINITY ST<br><br>DETROIT, MI 48228 | 70220 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 4/12/2010 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| VELMA REED<br>485 COLORADO AVE<br><br>PONTIAC, MI 48341 | 69336 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/8/2009 |
| Official Claim Date: | 12/10/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| VISCO, JAMES W<br>48100 FULLER RD<br><br>CHESTERFIELD, MI 48051 | 69401 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** |
|---|

| Applicable Bar Date: | 11/30/2009 |
|---|---|
| Postmark Date: | N/A |
| Official Claim Date: | 12/14/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WADE, DOROTHY J<br>8844 VIRGIL<br><br>REDFORD, MI 48239 | 68628 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| **Additional Claim Information** |
|---|

| Applicable Bar Date: | 11/30/2009 |
|---|---|
| Postmark Date: | 12/1/2009 |
| Official Claim Date: | 12/4/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| YARNELL JR, RUSH O<br>21607 CENTENNIAL ST<br><br>ST CLAIR SHRS, MI 48081 | 69376 | Motors Liquidation Company | | Late-Filed Claim | Pgs. 1-5 |
| | | | Unliquidated | | |

| Additional Claim Information | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | 12/9/2009 |
| Official Claim Date: | 12/11/2009 |
| Docket Number of Affidavit of Service: | 4238 |
| Notice Provided and Date of Service: | Bar Date Notice on 9/25/2009 |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 55 | | |
|---|---|---|---|
| | | $0.00 | (S) |
| | | $0.00 | (A) |
| | | $0.00 | (P) |
| | | $0.00 | (U) |
| | | $0.00 | (T) |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**<u>EXHIBIT B</u>**

**<u>Initial Debtors Bar Date Notice</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                              :
In re                                         :         **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**                :         **09-50026 (REG)**
**f/k/a GENERAL MOTORS CORPORATION,**         :
*et al.,*                                     :
                                              :
                    **Debtors.**              :         **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc.<br>CKS of Harlem |

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern
District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a
General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an
order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time
for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts)
to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the
Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar
Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit
(as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of
the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all
claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1,
2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the
"**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.  In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

2.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a)     Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b)     Your claim has been paid in full;

(c)     You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)     You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date**;

(e)     You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f)     You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g)     You are a Debtor in these cases having a claim against another Debtor;

(h)     You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

    (i)      You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

    (j)      You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however**, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

      If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4.      WHEN AND WHERE TO FILE**

      All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:      If by first-class mail, to:

The Garden City Group, Inc.              The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing      Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A          P.O. Box 9386
Dublin, Ohio 43017               Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.      WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

**7.      THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-286-6401

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment.  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**


DATED:  September 16, 2009                                   BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION


**Certain Debt Instruments**

| | Debt Instrument | CUSIP, ISIN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
|---|---|---|
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

## **EXHIBIT C**

### **Realm/Encore Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                                       :
In re                                                  :      Chapter 11 Case No.
                                                       :
MOTORS LIQUIDATION COMPANY, et al.,                    :      09-50026 (REG)
         f/k/a General Motors Corp., et al.            :
                                                       :
                  Debtors.                             :      (Jointly Administered)
                                                       :
-------------------------------------------------------x
                                                       :
In re                                                  :      Chapter 11 Case No.
                                                       :
REMEDIATION AND LIABILITY                              :      09- 50029 (REG)
MANAGEMENT COMPANY, INC.,                              :
                                                       :
                  Debtor.                              :
                                                       :
-------------------------------------------------------x
                                                       :
In re                                                  :      Chapter 11 Case No.
                                                       :
ENVIRONMENTAL CORPORATE                                :      09-50030 (REG)
REMEDIATION COMPANY, INC.,                             :
                                                       :
                  Debtor.                              :
                                                       :
-------------------------------------------------------x
```

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**
**(INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE)**

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Remediation and Liability Management Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50029 (REG) | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50030 (REG) | 41-1650789 | GM National Hawaii, Inc. NCRS Hawaii, Inc. |

PLEASE TAKE NOTICE THAT, on December 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") having jurisdiction over the chapter 11 cases of Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc., as debtors in possession (each subsidiaries of **General Motors Corporation**) (collectively, the "**REALM/ENCORE Debtors**") entered an order (the "**REALM/ENCORE Bar Date Order**") establishing (i) **February 1, 2010, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims including a claim under section 503(b)(9) of the Bankruptcy Code (as described more fully below (a "**503(b)(9) Claim**")), against any of the

REALM/ENCORE Debtors (the "**REALM/ENCORE General Bar Date**"); and (ii) **April 16, 2010, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the REALM/ENCORE Debtors (the "**REALM/ENCORE Governmental Bar Date**" and, together with the REALM/ENCORE General Bar Date, the "**REALM/ENCORE Bar Dates**").

The REALM/ENCORE Bar Date Order, the REALM/ENCORE Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the REALM/ENCORE Debtors (other than those set forth below as being specifically excluded) that arose prior to **October 9, 2009**, the date on which the REALM/ENCORE Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**The REALM/ENCORE Debtors were subsidiaries of General Motors Corporation.  The properties owned by the REALM/ENCORE Debtors may have been known to you as property of General Motors Corporation.**

**If you have any questions relating to this Notice, please feel free to contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.  In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the REALM/ENCORE Debtors or to share in any of the REALM/ENCORE Debtors' estates if you have a claim that arose prior to **October 9, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the REALM/ENCORE Debtors that occurred before **October 9, 2009** may give rise to claims against the REALM/ENCORE Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **October 9, 2009**.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims.

## 2.    WHO NEED **NOT** FILE A PROOF OF CLAIM

You need not file a Proof of Claim if:

(a)    Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific REALM/ENCORE Debtor against which the claim is listed on the Schedules;

(b)    Your claim has been paid in full;

(c)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the REALM/ENCORE General Bar Date as provided above**.  Section 503(b)(9) provides in part: "…there shall be allowed administrative expenses…including…(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the REALM/ENCORE General Bar Date**;

(d)    You hold a claim that has been allowed by an order of the Court entered on or before the applicable REALM/ENCORE Bar Date;

(e)    You hold a claim against any of the REALM/ENCORE Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(f)    You are a REALM/ENCORE Debtor in these cases having a claim against another Debtor;

(g)    You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any REALM/ENCORE Debtor as of the REALM/ENCORE Bar Date; or

(h)    You hold a claim for which you have already properly filed a Proof of Claim against any of the REALM/ENCORE Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE REALM/ENCORE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE REALM/ENCORE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable REALM/ENCORE Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of October 9, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable REALM/ENCORE Bar Date unless an exception identified above applies.

**4.    WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable REALM/ENCORE Bar Date at the following address:

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail, to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable REALM/ENCORE Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**5.    WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the REALM/ENCORE Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE REALM/ENCORE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH REALM/ENCORE DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC REALM/ENCORE DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT REALM/ENCORE DEBTOR'S BANKRUPTCY CASE. THE NAMES OF THE REALM/ENCORE DEBTORS AND THEIR CASE NUMBERS ARE SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable REALM/ENCORE Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the REALM/ENCORE Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the REALM/ENCORE Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the REALM/ENCORE Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the REALM/ENCORE Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the REALM/ENCORE Debtors' chapter 11 cases.*

**7.      THE REALM/ENCORE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the REALM/ENCORE Debtors in the REALM/ENCORE Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**").  If you rely on the REALM/ENCORE Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the REALM/ENCORE Debtors' Schedules, and if you do not dispute that your claim is only against the specified REALM/ENCORE Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable REALM/ENCORE Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the REALM/ENCORE Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.  Copies of the REALM/ENCORE Debtors' Schedules may also be obtained by written request to the REALM/ENCORE Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-286-6401

In the event that the REALM/ENCORE Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the REALM/ENCORE Debtors will notify you of the amendment.  In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable REALM/ENCORE Bar Date and (b) the date that is **thirty days** after the REALM/ENCORE Debtors provide notice of the amendment.

**A holder of a possible claim against the REALM/ENCORE Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**

DATED:  December 2, 2009                                   BY ORDER OF THE COURT
       New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## **EXHIBIT D**

## **Realm/Encore Local Bar Date Notice**

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU RESIDE NEAR ONE OF THE PROPERTIES LISTED AT THE END OF THIS NOTICE WHICH WAS FORMERLY OWNED BY GENERAL MOTORS.

THE DEBTORS ARE NOT AWARE OF ANY PARTICULAR HARM TO YOU OR YOUR PROPERTY AS A RESULT OF IT BEING LOCATED NEAR A GENERAL MOTORS PROPERTY OR ANY OTHER PARTICULAR REASON WHY YOU MAY HAVE A CLAIM.  HOWEVER, IF YOU BELIEVE YOU HAVE A CLAIM, YOU SHOULD FILE A CLAIM ON OR BEFORE FEBRUARY 1, 2010 IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN THIS NOTICE.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :        09-50026 (REG)
          f/k/a General Motors Corp., *et al.*              :
                                                            :
                    Debtors.                                :        (Jointly Administered)
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
REMEDIATION AND LIABILITY                                   :        09- 50029 (REG)
MANAGEMENT COMPANY, INC.,                                   :
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
ENVIRONMENTAL CORPORATE                                     :        09-50030 (REG)
REMEDIATION COMPANY, INC.,                                  :
                                                            :
                    Debtor.                                 :
                                                            :
------------------------------------------------------------x

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Remediation and Liability Management Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50029 (REG) | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. (subsidiary of **General Motors Corporation**) | 09-50030 (REG) | 41-1650789 | GM National Hawaii, Inc.  NCRS Hawaii, Inc. |

PLEASE TAKE NOTICE THAT, on December 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") having jurisdiction over the chapter 11 cases of Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc., as debtors in possession (each subsidiaries of **General Motors Corporation**) (collectively, the "**REALM/ENCORE Debtors**") entered an order (the "**Bar Date Order**") establishing **February 1, 2010, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims against any of the REALM/ENCORE Debtors (the "**Bar Date**").

The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the REALM/ENCORE Debtors that arose prior to **October 9, 2009**, the date on which the REALM/ENCORE Debtors commenced their cases under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

**The REALM/ENCORE Debtors were subsidiaries of GENERAL MOTORS CORPORATION. The properties owned by the REALM/ENCORE Debtors may have been known to you as property of General Motors Corporation.**

**If you have any questions relating to this Notice, please feel free to contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the REALM/ENCORE Debtors or to share in any of the REALM/ENCORE Debtors' estates if you have a claim that arose prior to **October 9, 2009**. Acts or omissions that occurred before **October 9, 2009** may give rise to claims against the REALM/ENCORE Debtors that must be filed by **February 1, 2010**, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **October 9, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**2.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before **February 1, 2010** at the following address:

If by overnight courier or hand delivery to:              If by first-class mail, to:

The Garden City Group, Inc.                               The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing        Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A                              P.O. Box 9386
Dublin, Ohio 43017                                        Dublin, Ohio 43017-4286

<u>Or</u> if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before **February 1, 2010**.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

**3.      WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in dollars; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the REALM/ENCORE Debtor against which it is filed; (v) set forth the factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

**4.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*If you do not file a Proof of Claim on or before February 1, 2010 in the appropriate form in accordance with the procedures described in this Notice for any claim you wish to assert, you will be forever prohibited and forbidden from asserting the claim in the future, and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from and will not be liable or responsible for anything relating to the claim, and you will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, receive any distribution in any of the REALM/ENCORE Debtors' chapter 11 cases on account of your claim, or receive further notices with respect to any of the REALM/ENCORE Debtors' chapter 11 cases.*

**A holder of a possible claim should consult an attorney as to whether the holder should file a Proof of Claim.**

DATED:  December 2, 2009                                      BY ORDER OF THE COURT
         New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## LIST OF PROPERTIES

| Site Name | Address | City, State Zip |
|---|---|---|
| 6560 CASS AVENUE (NEW CENTER COMPLEX) | 6560 CASS AVENUE | DETROIT, MICHIGAN 48202 |
| BAY CITY- CROTTY STREET | 1001 WOODSIDE AVENUE | BAY CITY, MICHIGAN 48708 |
| DANVILLE CENTRAL FOUNDRY LANDFILL | I-74 @ G STREET | DANVILLE,  ILLINOIS 61832 |
| DELPHI I - COLDWATER ROAD (LANDFILL & WWTP CLOSURE) | WWTP AT 6220 HORTON STREET, LANDFILL AT 1245 EAST | FLINT, MICHIGAN 48505 |
| DELPHI SAGINAW PLANT 2 - LANDFILL | 79 WEST CENTER STREET | SAGINAW, MICHIGAN 48605 |
| ELYRIA LANDFILL (LORAINE) | 1400 LOWELL STREET | ELYRIA, OHIO  44035 |
| FORMER DELCO CHASSIS PLANT | 12950 ECKLES ROAD | LIVONIA, MICHIGAN 48150 |
| GMPT - TOLEDO REALM PARCEL | 1455 WEST ALEXIS ROAD | TOLEDO, OHIO 43612 |
| GREENPOINT LANDFILL | 77, 79 WEST CENTER STREET AND 3305, 3307 GABRIEL | SAGINAW, MICHIGAN 48602 |
| LEEDS ASSEMBLY LAND | LAND SOUTH OF 6817 STADIUM DRIVE | KANSAS CITY, MISSOURI 64129 |
| LEY CREEK SITE (SALINA) | FACTORY AVENUE AND/OR MALLOY ROAD EAST | SALINA, NEW YORK 13209 |
| LINDEN ROAD | 1200 SOUTH LINDEN ROAD | FLINT TOWNSHIP, MICHIGAN 48532 |
| PEREGRINE - COLDWATER ROAD (PLANT) | 1245 EAST COLDWATER ROAD (G-1245 EAST COLDWATER ROAD) | FLINT, MICHIGAN 48505 |
| SOUTH LAGOON (MORAINE COMPLEX) | 3801 DRYDEN | MORAINE, OHIO 45439 |
| SUMMERFIELD (LAND ALONG STANLY ROAD) | STANLEY ROAD | MT. MORRIS, MICHIGAN 48458 |
| TEXTILE ROAD LAND | BUNTON & TEXTILE ROADS | YPSILANTI, MICHIGAN 48197 |
| TONAWANDA LANDFILL | 2520 KENMORE AVENUE | TONAWANDA, NEW YORK 14207 |
| VACANT LAND SOUTH OF VAN BORN | 5000 ECORSE ROAD | BELLEVILLE, MICHIGAN 48111 |

| Site Name | Newspaper Name | Newspaper Address | Newspaper City, State, Zip |
|---|---|---|---|
| 6560 CASS AVENUE (NEW CENTER COMPLEX) | DETROIT FREE PRESS | 600 WEST FORT STREET | DETROIT, MICHIGAN 48226 |
| BAY CITY- CROTTY STREET | BAY CITY TIMES | 311 5TH STREET | BAY CITY, MICHIGAN 48708 |
| DANVILLE CENTRAL FOUNDRY LANDFILL | COMMERCIAL NEWS | 17 WEST NORTH STREET | DANVILLE, ILLINOIS 61832 |
| DELPHI I - COLDWATER ROAD (LANDFILL & WWTP CLOSURE) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| DELPHI SAGINAW PLANT 2 - LANDFILL | SAGINAW NEWS | 203 SOUTH WASHINGTON AVENUE | SAGINAW, MICHIGAN 48607 |
| ELYRIA LANDFILL (LORAINE) | THE CHRONICLE-TELEGRAM | 225 EAST AVENUE | ELYRIA, OHIO 44035 |
| FORMER DELCO CHASSIS PLANT | OBSERVER & ECCENTRIC | 36251 SCHOOLCRAFT ROAD | LIVONIA, MICHIGAN 48150 |
| GMPT - TOLEDO REALM PARCEL | THE TOLEDO BLADE | 541 NORTH SUPERIOR STREET | TOLEDO, OHIO 43601 |
| GREENPOINT LANDFILL | SAGINAW NEWS | 203 SOUTH WASHINGTON AVENUE | SAGINAW, MICHIGAN 48607 |
| LEEDS ASSEMBLY LAND | KANSAS CITY BUSINESS JOURNAL | 1100 MAIN STREET | KANSAS CITY, KANSAS 64105 |
| LEY CREEK SITE (SALINA) | SYRACUSE NEW TIMES | 1415 WEST GENESEE STREET | SYRACUSE, NEW YORK 13204 |
| LINDEN ROAD | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| PEREGRINE - COLDWATER ROAD (PLANT) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| SOUTH LAGOON (MORAINE COMPLEX) | DAYTON DAILY NEWS | 45 SOUTH LUDLOW STREET | DAYTON, OHIO 45402 |
| SUMMERFIELD (LAND ALONG STANLEY ROAD) | FLINT JOURNAL | 200 EAST 1ST STREET | FLINT, MICHIGAN 48502 |
| TEXTILE ROAD LAND | YPSILANTI COURIER | 133 WEST MICHIGAN AVENUE | YPSILANTI, MICHIGAN 48197 |
| TONAWANDA LANDFILL | TONAWANDA NEWS | 435 RIVER ROAD | NORTH TONAWANDA, NEW YORK 14120 |
| VACANT LAND SOUTH OF VAN BORN | THE NEWS-HERALD | 1 HERITAGE DRIVE # 100 | SOUTHGATE, MICHIGAN 48195 |

## **EXHIBIT E**

## **Property Bar Date Notice**

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU RESIDE NEAR ONE OF THE
PROPERTIES LISTED AT THE END OF THIS NOTICE WHICH WAS FORMERLY OWNED BY
<u>GENERAL MOTORS</u> OR ONE OF ITS AFFILIATED COMPANIES AND CURRENTLY IS OWNED
BY ONE OF THE DEBTORS.

THE DEBTORS ARE NOT AWARE OF ANY PARTICULAR HARM TO YOU OR YOUR
PROPERTY AS A RESULT OF IT BEING LOCATED NEAR ONE OF THE PROPERTIES
LISTED BELOW OR ANY OTHER PARTICULAR REASON WHY YOU MAY HAVE
A CLAIM.  HOWEVER, IF YOU BELIEVE YOU HAVE A CLAIM, YOU SHOULD
FILE A CLAIM ON OR BEFORE FEBRUARY 10, 2010 IN ACCORDANCE WITH
THE PROCEDURES SET FORTH IN THIS NOTICE.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                       :

In re                                         :         Chapter 11 Case No.
                                                       :

MOTORS LIQUIDATION COMPANY     :         09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION,  :
*et al.*,                                     :
                                                       :
                  Debtors.       :         (Jointly Administered)
                                                       :
------------------------------------------------------------------x

NOTICE OF DEADLINE FOR FILING CERTAIN PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |

PLEASE TAKE NOTICE THAT, on December 18, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a **General Motors Corporation**) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered a supplemental order (the "**Supplemental Bar Date Order**") establishing (i) **February 10, 2010, at 5:00 p.m. (Eastern Time**) (the "**Property Claims Bar Date**") as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim based on prepetition claims against any of the Debtors with respect to their person or real property arising from being located adjacent to, or in the proximity of, the properties listed at the end of this notice (a "**Property Proof of Claim**").

The Supplemental Bar Date Order, the Property Claims Bar Date and the procedures set forth below for the filing of Property Proofs of Claim apply to all such claims against the Debtors that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under the United States Bankruptcy Code (the "**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact the Debtors at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROPERTY PROOF OF CLAIM.**

**1.      WHO MUST FILE A PROPERTY PROOF OF CLAIM**

You **MUST** file a **Property Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**. Acts or omissions of the Debtors that occurred before **June 1, 2009** may give rise to claims against the Debtors that must be filed by **February 10, 2010**, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009**.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**YOU SHOULD NOT FILE A PROPERTY PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

2.      **WHEN AND WHERE TO FILE**

All Property Proofs of Claim must be filed so as to be **actually received** on or before February 10, 2010 at the following address:

| | |
|---|---|
| If by overnight courier or hand delivery to: | If by first-class mail, to: |
| The Garden City Group, Inc. | The Garden City Group, Inc. |
| Attn: Motors Liquidation Company Claims Processing | Attn: Motors Liquidation Company |
| | P.O. Box 9386 |
| 5151 Blazer Parkway, Suite A | Dublin, Ohio 43017-4286 |
| Dublin, Ohio 43017 | |

<u>Or</u> if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Property Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before February 10, 2010.  Property Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

3.      **WHAT TO FILE**

If you file a Property Proof of Claim, your filed Property Proof of Claim must: (i) be written in the English language; (ii) be denominated in dollars; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROPERTY PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROPERTY PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE.  A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Property Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidationdocket.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROPERTY PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.  IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

4.    **CONSEQUENCES OF FAILURE TO FILE A PROPERTY PROOF OF CLAIM BY THE PROPERTY CLAIMS BAR DATE**

*If you do not file a Property Proof of Claim on or before February 10, 2010  in the appropriate form in accordance with the procedures described in this Notice for any such claim you wish to assert against each of the Debtors, you will be forever prohibited and forbidden from asserting the claim in the future, and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from and will not be liable or responsible for anything related to the claim and you will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, receive any distribution in any of the Debtors' chapter 11 cases on account of your claim, or receive further notices with respect to any of  the Debtors' chapter 11 cases.*

**A holder of a possible claim against the Debtors should consult an attorney as to whether the holder should file a Property Proof of Claim.**

DATED:  December 18, 2009
        New York, New York

BY ORDER OF THE COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## LIST OF PROPERTIES

| Site Name | Address | City, State Zip |
|---|---|---|
| BUICK CITY | 902 EAST HAMILTON AVENUE | FLINT, MICHIGAN 48550 |
| FIERO SITE | 900 BALDWIN AVENUE | PONTIAC, MICHIGAN 48340 |
| FLINT FLOWTHROUGH WAREHOUSE | 4002 JAMES COLE BOULEVARD | FLINT, MICHIGAN 48503 |
| GMPT - FREDERICKSBURG | 11032 TIDEWATER TRAIL | FREDERICKSBURG, VIRGINIA 22408 |
| GMPT - LIVONIA | 12200 MIDDLEBELT | LIVONIA, MICHIGAN 48150 |
| GMPT - PARMA COMPLEX | 5400 CHEVROLET BOULEVARD PO BOX 30098 | PARMA, OHIO 44130 |
| GMPT - WILLOW RUN | 2930 ECORSE ROAD | YPSILANTI, MICHIGAN 48198 |
| GMVM - MORAINE ASSEMBLY | 2601 WEST STROOP ROAD | MORAINE, OHIO 45439 |
| GMVM - PONTIAC ASSEMBLY | 2100 SOUTH OPDYKE ROAD | PONTIAC, MICHIGAN 48341 |
| GMVM - WILMINGTON ASSEMBLY | 801 BOXWOOD ROAD PO BOX 1512 - 19899 | WILMINGTON, DELAWARE 19804 |
| PCC-VALIDATION | 200 SOUTH BOULEVARD WEST | PONTIAC, MICHIGAN 48341 |
| SAGINAW NODULAR IRON | 2100 VETERANS MEMORIAL PARKWAY | SAGINAW, MICHIGAN 48605 |
| SHREVEPORT PLANT (GMVM & STAMPING) | 7600 GENERAL MOTORS BOULEVARD PO BOX 30011 - 71130-0011 | SHREVEPORT, LOUISIANA 71130 |
| STAMPING - GRAND RAPIDS | 300 36TH STREET SOUTHWEST | WYOMING, MICHIGAN 49548 |
| STAMPING - INDIANAPOLIS | 340 WHITE RIVER PARKWAY WEST DRIVE SOUTH 50 | INDIANAPOLIS, INDIANA 46206 |
| STAMPING - MANSFIELD | 2525 WEST FOURTH STREET PO BOX 2567 - 44906 | MANSFIELD, OHIO 44906 |
| STAMPING - PITTSBURGH | 1451 LEBANON SCHOOL ROAD | WEST MIFFLIN, PENNSYLVANIA 15122 |
| STAMPING - PONTIAC NORTH CAMPUS | 220 EAST COLUMBIA | PONTIAC, MICHIGAN 48340 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
In re                                         :          Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,         :          09-50026 (REG)
    f/k/a General Motors Corp., *et al.*         :
                                              :
              Debtors.                      :          (Jointly Administered)
                                              :
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS
(Late-Filed Claims)

Upon the ninety-first omnibus objection to expunge certain claims and motion requesting enforcement of Bar Date Orders,[1] dated September 17, 2010 (the "**Ninety-First Omnibus Objection to Claims**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Late-Filed Claims on the grounds that such claims were not timely filed, all as more fully described in the Ninety-First Omnibus Objection to Claims; and due and proper notice of the Ninety-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-First Omnibus Objection to Claims is in the best

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninety-First Omnibus Objection to Claims.

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Ninety-First Omnibus Objection to Claims establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-First Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Ninety-First Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order

Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing**

**Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00

noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing

Date; and it is further

ORDERED that, if applicable, the Ninety-First Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Ninety-First Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding

claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to any claim listed on Exhibit "A" annexed to the Ninety-First Omnibus

Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not

listed on the Order Exhibit annexed hereto; and it is further

   ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
   _____, 2010



             _____
             United States Bankruptcy Judge