767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

**Stephen Karotkin, Esq.**
+1 212 310 8350
stephen.karotkin@weil.com

September 20, 2010

BY ECF AND HAND DELIVERY

The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 1004-1408

Re:  In re Motors Liquidation Co., Case No. 09-50026 (REG) – Debtors' Response re: Anonymity Protocol

Dear Judge Gerber,

On behalf of Motors Liquidation Co. and its affiliated debtors (the "Debtors"), I write in response to the September 17, 2010 letter of the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "ACC") regarding the protocol by which individual claims information from the asbestos personal injury trusts (the "Trusts") may be made available to the Official Committee of Unsecured Creditors (the "Creditors' Committee") on an anonymous basis (the "Anonymity Protocol").

As noted in the ACC's September 17, 2010 letter, the ACC and the Creditors' Committee have been unable to reach agreement on the terms of an Anonymity Protocol.

The ACC incorrectly asserts that the proposed options for the Anonymity Protocol would not "meaningfully add to the cost of these proceedings." To the contrary, the minimum costs associated with the proposed protocol will be between $150,000 to $225,000 just for the neutral to administer the Anonymity Protocol. Moreover, if the experience in reaching agreement among counsel with respect to the terms of the confidentiality agreement and proposed order submitted in respect of the Creditors' Committee's 2004 motion is any guide, the legal fees that will be incurred at the Debtors' expense to establish the Anonymity Protocol, will no doubt approach the same range. And all of this just because of a concern that parties will not comply with strict confidentiality obligations to which they already have agreed. [1]

---

[1] *See* Order Pursuant to Bankruptcy Rule 2004 Authorizing the Official Committee of Unsecured Creditors of Motors Liquidation Company to Obtain Discovery from (i) the Claims Processing Facilities for Certain Trust Created Pursuant to Bankruptcy Code Section 524(g), and (ii) General Motors LLC and the Debtors (attaching Confidentiality Agreement and Protective Order) [Docket No. 6749].

US_ACTIVE:\43502881\02\72240.0639

The Honorable Robert E. Gerber  
September 20, 2010  
Page 2

**Weil, Gotshal & Manges LLP**

The ACC and the Creditors' Committee have consumed an enormous amount of time and legal fees relating to discovery with respect to asbestos-related matters. The Debtors believe that additional expenses related to the implementation of an Anonymity Protocol are not necessary, and the Debtors are anxious for all parties to proceed economically and expeditiously to a resolution of the issues relating to the magnitude of the Debtors' liability for asbestos-related personal injury claims.

Respectfully,

*/s/ Stephen Karotkin*

Stephen Karotkin

cc:   Trevor W. Swett, *Counsel to the Asbestos Claimants' Committee*  
      Robert Weiss and Joseph Sgroi, *Counsel to General Motors, LLC*  
      Philip Bentley, *Counsel to the Creditors' Committee*  
      Sander Esserman and Robert Brousseau, *Counsel to the Future Claims Representative*  
      Stephen M. Juris, *Counsel to Certain Trusts*  
      Emily Stubbs, *Counsel to Manville Trust*