UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re:        **MOTORS LIQUIDATION COMPANY**
Case No:   09-50026 (Jointly Administered)

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM NUMBER 50622 HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee: | Name of Transferor: |
|---|---|
| **Seaport V LLC** | **Brent Nobbe** |

Name and address where notices to transferee should be sent:

Court Claim # (if known):   50622
Allowed Amount:   **$ 3,500,000.00**
Orig.Proof of Claim Amt:   $50,000,000.00
Date Claim Filed:   11/25/09
Date Claim Allowed:   09/13/10

c/o The Seaport Group, LLC
360 Madison Avenue, 22nd Floor
New York, NY  10017
Attention: General Counsel

Name and Address of Transferor:
Brent Nobbe c/o Lisa Bayles
c/o David Axelrod, Esq.
David A. Axelrod & Associates, P.C.
20 S. Clark Street, Suite 2200
Chicago, IL  60603

Phone:   212-616-7700
Last Four Digits of Acct #:   N/A

Phone:   312-782-4600
Last Four Digits of Acct. #:   N/A

Name and Address where transferee payments
Should be sent (if different from above):

Phone:            N/A
Last Four Digits of Acct. #:            N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: The Seaport Group LLC, its sole member
By: _____           Date:   9/21/10
      Transferee / Transferee's Agent   Jonathan Silverman
                                        General Counsel

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both  18U.S.C  .152 &3571

---

--DEADLINE TO OBJECT TO TRANSFER--

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____              _____
                                              CLERK OF THE COURT

## TRANSFER NOTICE

Lisa Bayles, as mother, next friend and guardian of Brent Nobbe ("Assignor") transfers and assigns unto Seaport V LLC, with an address at 360 Madison Avenue, New York, NY 10017, its successors and assigns ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement"), all of the Assignor's right, title and interest in, to and under the Claim of Assignor as set forth in the Agreement against Motors Liquidation Company, et al., formerly known as General Motors Corporation, et al., (the "Debtor"), in the aggregate amount of $3,500,000.00 (Claim Number 50622 as originally filed for $50,000,000 and stipulated for $3,500,000.00) representing all claims of Assignor pending against the Debtor in the United States Bankruptcy Court for the Southern District of New York, administered as Case No. 09-50026.

In Witness Whereof, Assignor has signed below as of the 16th day of Sept, 2010.

Assignor:
Lisa Bayles, as mother, next friend, and guardian of Brent Nobbe
and the Estate of Brent Nobbe, a disabled adult

By: _____
Name: David A. Axelrod
Title: Atty for Lisa Bayles, as mother, next friend and guardian of Brent Nobbe and Estate of Brent Nobbe, a disabled adult

Assignee:
SEAPORT V LLC
    By: The Seaport Group LLC, its sole member

By: _____
Name:
Title:    Jonathan Silverman
         General Counsel      9/17/10

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------x

### STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. 50622

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of 5/13/2010 (the "**Effective Date**") by and among Motors Liquidation Company ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and Brent Nobbe (the "**Claimant**", and together with the Debtors, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS pursuant to the Settlement Procedures Order, the Debtors are authorized, with certain exceptions, to settle any and all claims asserted against the Debtors without prior approval of the Court or other party in interest whenever (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "*De Minimis* **Settlement Amount**");

WHEREAS pursuant to Settlement Procedures Order, if the Settlement Amount is not a *De Minimis* Settlement Amount but is less than or equal to $50 million, the Debtors must submit the proposed settlement to the official committee of unsecured creditors appointed in these chapter 11 cases (the "**Creditors' Committee**"). Within five business days of receiving the proposed settlement, the Creditors' Committee may object or request an extension of time within to object. If there is a timely objection made by the Creditors' Committee, the Debtors may either (a) renegotiate the settlement and submit a revised notification to the Creditors' Committee or (b) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than ten days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (either of such events hereafter defined as "**Committee Consent**"), then the Debtors may proceed with the settlement;

WHEREAS, Claimants filed the following proofs of claim (the "**Claims**");

| Date of Filing | Claim Number | Filed Amount | Claim Amount Cap |
|---|---|---|---|
| 11/25/2009 | 50622 | $50,000,000.00 | $5,000,000.00 |

WHEREAS after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Claims;

WHEREAS the Debtors have provided notice of the Settlement to the Creditors' Committee in accordance with the Settlement Procedures Order and the Creditors' Committee has not timely objected or has provided written approval of the Settlement prior to the objection deadline.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

21. The Claims shall be treated as allowed general unsecured claims against **Motors Liquidation Company** in the amounts set forth below (the "**Allowed Claims**"), which Allowed Claims shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

2

| Claim Number | Allowed Amount |
|---|---|
| 50622 | $3,500,000.00 |

22. The Claimant shall receive distributions on account of the Allowed Claims in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan or plans in these chapter 11 cases (the "**Plan**").

23. Upon receipt of such distributions on account of the Allowed Claims as set forth in the Plan, the Claims shall be deemed satisfied in full.

24. With respect to the Claims, other than the right to receive distributions on account of the Allowed Claims under the Plan, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**"). With respect to the Claims, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties.

25. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reduce and allow Proof of Claim Nos. 50622 to reflect the Allowed Claims.

26. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. This Stipulation and Settlement is subject in all respects to Creditor Committee Consent, and if such consent is not obtained by the Debtors, then the Debtors may determine in their sole discretion whether to proceed forward with seeking Court approval of the Stipulation and Settlement in accordance with the Settlement Procedures Order or abandon the Stipulation and Settlement.

27. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

28. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

29. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

30. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS

By: _[signature]_
Print Name: Carrianne Basle
Title: Vice President
Dated: 5/13/2010
6/13/10

Brent Nobbe

By: _[signature]_
Print Name: David A. Axelrod
Title: Attorney
Dated: 5/13/2010

4