Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for General Motors, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                                          :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*            :
:
             Debtors.                   :    **(Jointly Administered)**
:
-----------------------------------------------------------------x

**GENERAL MOTORS, LLC'S REPLY TO DEUTSCH'S RESPONSE
TO GENERAL MOTORS, LLC'S SUPPLEMENTAL SUBMISSION IN SUPPORT
OF ORDER PURSUANT TO 11 U.S.C. § 105(a) ENFORCING
363 SALE ORDER WITH RESPECT TO DEUTSCH**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        General Motors, LLC ("**New GM**"), files this reply (the "**Reply**") to the response filed by Sanford Deutsch ("**Deutsch**," and Deutsch's response, the "**Deutsch Response**"), dated September 13, 2010, to New GM's Supplemental Submission In Support of Order Pursuant to 11 U.S.C. § 105(a) Enforcing 363 Sale Order (the "**Supplemental Submission**"), dated September 1, 2010 [Docket No. 6834], in connection with New GM's Motion for Entry of an Order

Pursuant to 11 U.S.C. § 105 Enforcing 363 Sale Order (the "**Motion**"),[1] dated May 17, 2010 [Docket No. 5785], and respectfully represents:

1.   Despite Deutsch's attempt to obfuscate the matter and his repeated effort to misread and misconstrue the terms of Section 2.3(a)(ix) of the Amended and Restated Master Sale and Purchase Agreement (as amended, the "**MSPA**"), he cannot change the plain and unambiguous provisions of that section. Nor can Deutsch avoid or change his own allegations that the death of Ms. Deutsch was caused by an accident that occurred well-prior to the Closing Date of the 363 Transaction. The fact that the terms "accident" or "incident" may mean two different things is completely irrelevant, because Deutsch has not alleged and cannot allege that Ms. Deutsch's death was caused by an accident or incident that occurred on or after the Closing Date of the 363 Transaction. Deutsch's wrongful death claim is not an Assumed Liability under the MSPA, and Deutsch's blatant misreading of the MSPA cannot change this inescapable conclusion.

2.   As stated in the Motion and the Supplemental Submission, the operative provisions of the MSPA are clear and unambiguous. As set forth in Section 2.3(a)(ix) of the MSPA, in order to be an Assumed Liability a claim must arise "directly out of death . . . caused by accidents or incidents first occurring on or after the Closing Date [July 10, 2009]." Simply stated, because the accident involving Ms. Deutsch admittedly occurred prior to the Closing Date, the date of her death is irrelevant, even if it could somehow be considered a separate,

---

[1]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or in New GM's Supplemental Submission.

unrelated incident.[2]  As a result, there can be no question that the Deutsch Claim is not an Assumed Liability.

3. Section 2.3(ix) of the MSPA is clear and precise as to which Product Liability Claims constitute Assumed Liabilities of New GM.  If the alleged accident or incident that caused the death of Ms. Deutsch occurred prior to the Closing Date of the 363 Transaction, that is the end of the analysis, because there can be only one conclusion – it is not an Assumed Liability.  There is no allegation here that Ms. Deutsch's death was caused by either an accident or incident first occurring on or after July 10, 2009 (the Closing Date).  As alleged by Deutsch, Ms. Deutsch's death was caused by either an accident *or* incident that occurred on June 27, 2007 – well prior to the Closing Date.  Indeed, if the death was not caused by the June 27, 2007 accident, there is no basis to assert liability against either Old or New GM (there can be no Assumed Liability unless there is a Liability in the first instance).  Under these undisputed facts and circumstances, the Deutsch wrongful death claim simply cannot be an Assumed Liability under any circumstance, regardless of when Ms. Deutsch's death actually occurred.

4. The fact that Deutsch believes the appropriate reading of the MSPA may not be fair to Deutsch does not give him license to ask this Court to ignore those provisions so Deutsch can elevate his claim over the claims of similarly situated individuals.

## Conclusion

5. The provisions of the MSPA are clear and unambiguous.  A death caused by an accident or incident that occurred prior to the Closing Date, no matter when such death

---

[2]  Indeed, taking Deutsch's argument to its logical conclusion, Deutsch is asking this Court to conclude that the "incident" which caused Ms. Deutsch's death was her actual death which occurred after the Closing Date.  This is patently absurd.

took place, is not an Assumed Liability.  Accordingly, the Motion should be granted with respect to the Deutsch Action.

Dated: New York, New York
September 21, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  212-310-8000
Facsimile:  212-310-8007

Attorneys for General Motors, LLC