HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m.

John Gardner
Gardner Chevrolet
270 Rte 72 East
Manahawkin, New Jersey 08050
609-597-1161
Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY, et at.,**<br>**f/k/a General Motors Corp., et at.**<br><br>Debtors. | Chapter 11 Case No.<br><br>09-50026 (REG)<br><br>(Jointly Administered) |

**OBJECTION TO DEBTORS'THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS**

RELIEF REQUESTED

Gardner Chevrolet, by and through John Gardner, files this objection to the Debtor's request to seek entry of an order disallowing and expunging from the claims register it's Dealership Claim. In support of hereof, Gardner Chevrolet states as follows:

1 .July 14th 2008 Gardner Chevrolet- Cadillac terminated its Cadillac Dealer Franchise Agreement.  This termination was to result in a settlement amount of Seven Hundred Thousand Dollars ($700,000) paid in two installments.  Eligible items under the Cadillac termination agreement were to be repurchased by GM.  These settlement amounts were to be paid to the Dealer's Open Account.

2. May 26th 2009 Gardner Chevrolet requested binding arbitration in regards to the Cadillac Termination Agreement and also in this time frame sent in a payment request per the RELOCATION TERMINATION AND RELEASE AGREEMENT.  (See Disputes-Arbitration 12. sec (a and b)).  No response from GM.

.	3. On June 1, 2009 (the "Petition Date"), General Motors Corporation and several of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On June 12, 2009 Gardner Chevrolet signed The Wind-Down Agreement. for the Chevrolet franchise.  It was not offered a Wind-Down Agreement or Deferred Termination Agreement for the Cadillac franchise since the Cadillac franchise was terminated about 13 months earlier.

5. Gardner Chevrolet contends payment for the return of eligible items (i.e. Cadillac special tools, finance expense on new Cadillac vehicles, etc.)   and balance of Payment to Dealer, as per the RELOCATION TERMINATION AND RELEASE AGREEMENT, represent the consideration for the Dealer's termination and cancellation of the Cadillac Dealer Agreement. The connection to the Chevrolet franchise was simply for ease of payments, assure taxes paid, and money owed or commitments to GM were fulfilled in a timely manner.

6. Gardner Chevrolet further states its building relocation expenses and improvements met the required $485,000 dollar amount per agreement. GM's non response to numerous requests created an impossible business relationship. Section 3 (c) of the RELOCATION TERMINATION AND RELEASE AGREEMENT states "However, the ineligibility for the Image Stipend will not affect the Dealer's eligibility for the second $350,000 payment referenced in paragraph 1 (a) above." support Gardner's claim that before GM's bankruptcy  payments were due Gardner Chevrolet. .

WHEREFORE, for all the foregoing reasons, it is respectfully requested that the Court enter an order denying the Debtors' objection to claims and resolve these issues through mediation or any other relief the Court decides.

Respectfully submitted,

September 13, 2010	_____

John Gardner
Gardner Chevrolet