**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

MOTORS LIQUIDATION COMPANY, *et al.,*
f/k/a GENERAL MOTORS CORP., *et al.,*

Debtors.

_____/

Chapter 11 Case No.

Case No.: 09-50026-REG

(Jointly Administered)

**CORAL CADILLAC INC'S RESPONSE TO DEBTOR'S**
**THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
*(Dealership Claims)*

Coral Cadillac, Inc ("Coral Cadillac") by and through undersigned counsel, hereby files its Response to Debtor's Thirty-Ninth Omnibus Objection to Claims Seeking Entry of an Order Disallowing and Expunging from the Claims Register those Certain Dealership Claims and states:

1.  The Debtors filed its Thirty-Ninth Omnibus Objection to Claims Seeking Entry of an Order Disallowing and Expunging from the Claims Register those Certain Dealership Claims ("Objection") on August 13, 2010.

2.  The deadline to respond to the Objection is September 17, 2010; therefore, this response is timely filed.

3.  Coral Cadillac timely filed a proof of claim for $2,220,930.10 (Claim No. 58892 in MLCS Distribution Corporation, Claim No. 58893 in MLCS Distribution Corporation, Claim No. 58894 in MLCS, LLC, and Claim No. 58895 in Motors Liquidation Company) (collectively the "Claim").

4.  The Claim is based on the balance of $2,220,930.10 owed by GM to Coral

09-50026-mg    Doc 7035    Filed 09/16/10    Entered 09/21/10 15:22:12    Main Document
                                   Pg 2 of 3

Cadillac pursuant to the Termination and Release Agreement ("TRA") dated October 23, 2008.[1]

5. The Debtors object to the Claim on the basis that Coral Cadillac entered into a Deferred Termination Agreement ("DTA") with the Debtors, which provided for the release of all claims against the Debtors, including GM.

6. Coral Cadillac does not dispute entering into the DTA but believes that its Claim stems from GM's purported rejection of the TRA entered into prior to the DTA and specifically excepted from the DTA.

7. The DTA specifically states in Paragraph 14(b) that "Dealer acknowledges that GM shall be entitled, at its option, to move to reject any currently outstanding Termination Agreements." The DTA also defines Termination Agreements in Paragraph 14(b) as "any termination agreement of any kind with respect to the Dealer Agreement between Dealer and GM."

8. As such, the TRA was an outstanding Termination Agreement, separate from the dealership agreement, which GM could move to reject. It is the purported rejection of this Termination Agreement i.e. the TRA, which triggers the Claim that is the subject of Debtors objection.

9. To interpret the DTA as releasing GM from all claims stemming from the dealership agreement, notwithstanding the language in Paragraph 14(b) relating to Termination Agreements, creates an ambiguity in the DTA that should be construed in favor of Coral Cadillac and against the drafter of the DTA, which is GM.[2]

10. To the extent that Coral Cadillac's Claim may now be the responsibility of New

---

[1] A copy of the TRA cannot be filed in the public record due to the confidentiality provision with GM.
[2] Additionally, Coral Cadillac believes that GM misled it to invest significant funds into the development of the Hummer franchise to specifically meet GM's facility requirements. GM then thwarted Coral Cadillac's capital investment in the franchise facility by relaxing the dealership requirements allowing for more competition from other GM dealers that had not made the previously demanded facility investment. Furthermore, GM slowly reduced the Hummer product line, the same product line that was touted for the facility investment. This was the backdrop for GM and Coral Cadillac entering into the TRA, which is the basis of the Claim.

GM (as that term is defined in the Objection) and as argued by the Debtors in the Objection, Coral Cadillac does not waive any of its rights relating to the Claim or any other claims it may have against New GM, especially stemming from the conduct of GM.

**WHEREFORE**, Coral Cadillac respectfully request that this Court enter an order (i) overruling the Debtors Thirty-Ninth Omnibus Objection to Claims Seeking Entry of an Order Disallowing and Expunging from the Claims Register those Certain Dealership Claims as to is claim (ii) granting such other and further relief as is just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document is being served this 16th, day of September, 2010 to those parties listed in the Notice of Debtors' Thirty-Ninth Omnibus Objection to Claims, as directed by said Notice.

*I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090 1(A).*

        RAPPAPORT OSBORNE & RAPPAPORT, PL
        Attorneys for Coral Cadillac, Inc
        Suite 203, Squires Building
        1300 North Federal Highway
        Boca Raton, Florida 33432
        Telephone: (561) 368-2200

BY: /s/
        KENNETH S. RAPPAPORT, ESQ.
        FL Bar No. 132333
        NY Bar No. 1588177