**DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey  07932-1047
(973) 549-7000
Attorneys for The Travelers
  Indemnity Company and Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY, et al.,** | : | Case No. 09-50026 (REG) |
| **f/k/a General Motors Corp., et al.,** | : | |
| | : | (Jointly Administered) |
| **Debtors.** | : | |
| | : | |

------------------------------------------------------------x

**STIPULATION AND CONSENT ORDER WITHDRAWING PROOFS OF
CLAIM NUMBERED 59003, 59004, 59005 AND 59006 PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3006**

This Stipulation and Consent Order ("Consent Order") is made by and between Motors Liquidation Company f/k/a General Motors Corp. ("Old GM"), Chevrolet-Saturn of Harlem, Inc., Saturn, LLC and Saturn Distribution Corporation (collectively, the "Debtors") and The Travelers Indemnity Company and its affiliates ("Travelers" and together with the Debtors, the "Parties") pursuant to Federal Rule of Bankruptcy Procedure 3006.

**WHEREAS**, on June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on or about November 24, 2009, Travelers filed proofs of claim numbered 59003, 59004, 59005 and 59006 (the "Proofs of Claim"), which each asserted contingent and unliquidated claims arising out of and related to various excess liability insurance coverage and administration services in various states pursuant to various insurance policies (each a "Policy"

and collectively, the "Policies"), including but not limited to, claims for contribution, equitable claims, rights to payments, rights to receive performance, breaches of contract, failure to perform obligations, rights of setoff and/or recoupment, actions, defenses, and indemnities; and

**WHEREAS**, on July 5, 2009, an Order was entered by the Court approving the sale of substantially all of the assets of the Debtors under section 363 of the Bankruptcy Code to NGMCO, Inc., successor-in-interest to Vehicle Acquisition Holdings LLC (n/k/a General Motors, LLC) ("Purchaser" or "New GM") pursuant to that certain Amended and Restated Master Sale and Purchase Agreement (the "Asset Purchase Agreement") among each of the Debtors and New GM; and

**WHEREAS**, pursuant to the Asset Purchase Agreement, New GM acquired substantially all of the Debtors' assets and assumed certain of the Debtors' liabilities, including certain insurance policies and the rights to the proceeds thereof; and

**WHEREAS**, pursuant to the Asset Purchase Agreement, Old GM transferred its interests in and to the Policies to New GM and New GM assumed any and all liabilities arising out of, or relating to, the Policies.

**NOW THEREFORE**, in consideration of the mutual covenants, promises and undertaking set forth below, the Debtors and Travelers each hereby agree as follows:

1. The above Recitals are incorporated herein by reference.

2. The Proofs of Claim shall be and hereby are withdrawn.

3. The withdrawal of the Proofs of Claim pursuant to this Consent Order is wholly without prejudice to, and shall in no way affect, the legal, equitable and contractual rights, defenses and obligations, if any, of Travelers under the Policies and any applicable law.

4. Travelers expressly reserves and does not waive any of its respective rights, defenses, limitations or exclusions in connection with the Policies, applicable law or otherwise.

5. The withdrawal of the Proofs of Claim pursuant to this Consent Order is without prejudice to Travelers' or Old GM's rights and defenses with respect to any other claims filed on behalf of Travelers in these bankruptcy cases.

6. Nothing contained herein shall be construed as an acknowledgement that any Policy covers or applies to any claim or loss.

7. This Consent Order shall constitute the notice required by Federal Rule of Bankruptcy Procedure 3006.

8. This Consent Order may be executed in multiple counterparts, all of which together shall constitute one and the same instrument. This Consent Order may be executed and delivered by facsimile or electronic mail, which facsimile or electronic mail counterparts shall be deemed to be originals.

9. This Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Order.

The undersigned consent and
agree to entry of this Consent Order:

| WEIL, GOTSHAL & MANGES LLP<br>Attorneys for the Debtors<br><br><br>By: /s/ Evan S. Lederman<br>    Evan S. Lederman | DRINKER BIDDLE & REATH LLP<br>Attorneys for The Travelers Indemnity<br>Company and Affiliates<br><br>By: /s/ Michael P. Pompeo<br>    Michael P. Pompeo |
|---|---|

IT IS SO ORDERED.

Dated: New York, New York
  **_September 21, 2010_**

                                                        **_s/ Robert E. Gerber_**
                                                        THE HONORABLE ROBERT E. GERBER
                                                        UNITED STATES BANKRUPTCY JUDGE