**HEARING DATE AND TIME: October 26, 2010** at 9:45 a.m. (Eastern Time)
**OBJECTION DEADLINE:  October 19, 2010** at 4:00 p.m. (Eastern Time)

Matthew E. Wilkins (MI Bar # P56697, admitted *pro hac vice*)
BROOKS WILKINS SHARKEY & TURCO, PLLC
401 S. Old Woodward Avenue, Suite 460
Birmingham, MI  48009
Telephone: (248) 971-1800
Facsimile:  (248) 971-1801

Attorneys for Weber Automotive Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>**MOTORS LIQUIDATION COMPANY, *et al.*,**<br>       **f/k/a General Motors Corp., *et al.***<br><br>                                **Debtors.** | Chapter 11<br><br>Case No. 09-50026-REG<br><br>(Jointly Administered) |

**MOTION OF WEBER AUTOMOTIVE PURSUANT TO
RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND
BANKRUPTCY RULE 9024 FOR RELIEF FROM ORDER GRANTING
DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS**

Albert Weber GmbH ("Weber GmbH") and Weber Automotive Corp. f/k/a Albert Weber Manufacturing Co. ("Weber Automotive" and, collectively "Weber"), by their undersigned counsel, move this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Bankruptcy Rule 9024 for an Order granting Weber relief from the Order granting the Debtors' Twenty-Third Omnibus Objection to Claims.  In support of this Motion, Weber states:

**Summary of Motion**

On July 14, 2010, the Court entered an Order granting the Debtors' 23rd Omnibus Objection to Claims, expunging Weber's claim based on the Debtors' untrue representation that

New GM had assumed this liability. Quite to the contrary, the Debtors terminated their contracts with Weber pre-petition and have sued Weber for breach of those contracts, and could not have assumed them.

Weber moves for relief from this Court's Order granting the relief requested in the Debtors' 23rd Omnibus Objection to Claims because the relief requested by the Debtors has no basis in law or fact. Because the Debtors' misrepresentation of the facts cannot form the basis of a valid objection, the Court should reinstate Weber's claim against the Debtors.

**Introduction and Background**

1. Weber manufactures engine components for the automotive and heavy equipment industries. In 2006 and 2007, Weber and General Motors Corporation ("GM") and GM de Mexico S. de R.L. de C.V. ("GM Mexico") entered into a series of contracts pursuant to which Weber was to supply engine components to GM on several GM automobile platforms. Specifically, GM issued purchase orders to Weber for the supply of cylinder blocks for the LSA and LS9 programs and for the supply of crankshafts for the LST, LS8 and LS7 programs.

2. Additionally, GM Mexico issued three purchase orders to Weber for the supply of crankshafts for High Feature V6 engines ("HFV6", and with the above-referenced purchase orders, the "Purchase Orders") to be assembled in Ramos, Mexico.

3. Although Weber asserts that it performed its material obligations under the purchase orders, on June 20, 2008, GM and GM Mexico formally terminated all purchase orders for crankshafts, including the HFV6 Purchase Orders, and certain other engine components. *See* Amended Complaint and parties' Case Summary, attached hereto as group Exhibit 1.

4. GM and GM Mexico filed a suit against Weber in the United States District Court for the Eastern District of Michigan (Case No. 2:08-cv-12671, Hon. Lawrence Zatkoff) (the

2

"GM Complaint") on June 20, 2008 (the "District Court Litigation"), the same day that GM Corp. and GM Mexico terminated the Weber contracts.

5. In Count I of the Amended GM Complaint, the GM entities request a declaratory judgment confirming that it validly terminated the Purchase Orders.

6. Weber filed counterclaims against GM and GM Mexico alleging, *inter alia,* breach of the Weber contracts, and other claims. Weber's counterclaims against GM were stayed as a result of the commencement of these bankruptcy proceedings, but have proceeded against GM Mexico.

7. The foregoing statements are undisputed facts and, with the exception of paragraph #5, are excerpts from the case summary jointly prepared and filed by Weber and GM in the District Court litigation on July 30, 2009. *See* Exhibit 1.

8. On June 1, 2009, the Debtors filed voluntary petitions for relief under chapter 11.

9. During June 2009, in connection with the sale of its assets, the Debtors distributed notices of assumption (including purported cure claims). Weber did not receive a notice of assumption until July, 2009.

10. On its website, GM identified all of the contracts with Weber among the executory contracts that it would assume and stated that the cure amount owed to Weber was $137,949.43. *See* Exhibit 2, a screen print from the GM website.

11. On July 5, 2009, an Order was entered approving the sale of the Debtor's assets to General Motors, LLC ("New GM") (the "Sale Order").

12. After the Sale Order was entered, Weber was served at its offices in Germany with a notice of assumption of the contracts identified in Exhibit 2 hereto.

3

13. In response to the notice of assumption, Daniel Sharkey, counsel for Weber in the District Court Litigation, contacted Adam Kochenderfer, counsel for the GM entities in the District Court Litigation, to inquire why Weber was served with a notice of assumption given that GM had terminated all of its Purchase Orders with Weber.  Mr. Sharkey never received any response to his inquiry.

14. On November 20, 2009, Weber timely filed its proof of claim against the Debtors (Claim #31246) in the amount of $15,827,857.  A copy of the claim is attached hereto as Exhibit 3.

15. On June 1, 2010, GM filed its 23rd Omnibus Objection to Claims captioned: Debtor's Twenty-Third Omnibus Objection to Claims (Claims Assumed by General Motors, LLC).  Weber's claim is among the claims listed.  By the Objection, the Debtors sought to expunge certain claims on the basis that these "are claims relating to certain executory contracts that have been assumed by General Motors, LLC ("New GM")….and are therefore not liabilities of MLC or the Debtors and should therefore be disallowed and expunged."

16. On July 14, 2010, the Court entered an Order Granting Debtors' Twenty-Third Omnibus Objection to Claims (Claims Assumed by General Motors, LLC) [docket #6334] (the "Order").

17. Between July 30, 2010 and September 16, 2010, Paula Hall and Matthew Wilkins, counsel for Weber, had multiple discussions and exchanged correspondence with counsel for the Debtors.  Ms. Hall and Mr. Wilkins advised counsel of the pending litigation, the multiple mistakes made by the Debtors, and the misstatements made by the Debtors to the Court in support of their attempt to (i) assume the Purchase Orders; and (ii) expunge Weber's claim.

4

18.     The Debtors' counsel refused to acknowledge the misrepresentations that were made to the Court or to agree to stipulate to set aside the Order granting the 23rd Omnibus Objection as to Weber. Instead, counsel advised Weber's counsel that "the issue is moot" and that Weber should raise its concerns regarding the claim objection with New GM, because New GM assumed the Weber contracts and any and all liability regarding Weber's claim.

19.     On September 16, 2010, GM's counsel advised Mr. Wilkins that Weber should file a response to the 23rd Omnibus Objection and that such objection would be considered at the September 24, 2010 Omnibus Hearing. On September 21, 2010, counsel informed Ms. Hall that the issue of the Weber claim would not be plead on the agenda for the September 24th Omnibus hearing or any adjourned date and that Weber should instead file a motion requesting relief.

20.     To date, the Debtors have not filed any substantive objections to Weber's proof of claim and the District Court Litigation is continuing, with trial scheduled for April 2011.

21.     In response to GM's refusal to agree to stipulate to set aside the Order relative to Weber's claim, Weber has been forced to file this Motion seeking relief from the Order.

## Relief Requested

**A.     The Court should enter an amended Order reinstating Weber's claim**.

22.     A bankruptcy court has the authority to vacate or modify a final judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy courts by Bankruptcy Rule 9024. *See, e.g ., Gey Assocs. Gen. P'ship v. 310 Assocs., L.P. (In re 310 Assocs.),* 2002 WL 31426344, at *2 (S.D.N.Y.), *aff'd* 346 F.3d 31, 34 (2d Cir.2003).

23.     Rule 60(b) provides in pertinent part that

> On motion ..., the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

5

> (3) fraud ..., misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken....

Fed.R.Civ.P. 60(b).

24.     Bankruptcy Rule 9024 requires consideration of Rule 60(b) in determining a motion for reconsideration of an order disallowing a claim. Rule 9024 provides in part:

> Rule 60 applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b)....

Fed.R.Bank.P. 9024 (1991).

25.     "…pursuant to Bankruptcy Rule 9024, the presence of the grounds set forth in Rule 60(b) 'constitute sufficient 'cause' or 'equities' to render it appropriate for a bankruptcy court to reconsider a decision allowing or disallowing a proof of claim.' *In re Rankin,* 141 B.R. 315, 319 (Bankr. W.D.Tex. 1992), quoting *United States v. Motor Freight Express (In re Motor Freight Express),* 91 B.R. 705, 710 (Bankr. E.D.Pa. 1988); *accord, In re International Yacht & Tennis, Inc.,* 922 F.2d 659, 662-663 (11th Cir. 1991). Such grounds include mistake, inadvertence, fraud and misrepresentation. Fed.R.Civ.P. 60(b); *In re Rankin*, 141 B.R. at 319.

26.     Cause clearly exists to set aside the Order as it relates to Weber's claim because of the Debtors' misrepresentations of the status of GM's (and New GM's) relationship with Weber.

6

27. GM terminated the Weber contracts in 2008, well before it filed bankruptcy on June of 2009. As of the Petition Date, there were no contracts of any type in existence between GM and Weber. This is the position that GM has taken and maintained throughout the course of the District Court Litigation.

28. Because it is GM's position that it terminated Weber's contracts pre-petition, those contracts could not have been assumed post-petition.

29. It is axiomatic that "a debtor cannot assume an executory contract or a lease which was validly terminated prior to the institution of bankruptcy proceedings." *In re Egyptian Bros. Donut, Inc.,* 190 B.R. 26, 31 -32 (Bankr. D.N.J. 1995), citing *In re Indri,* 126 B.R. 443, 445 (Bankr. D.N.J.1991) citing *In re Triangle Laboratories, Inc.,* 663 F.2d 463, 467-68 (3rd Cir. 1981); *In re Jolly,* 574 F.2d 349 (6th Cir. 1978), *cert. denied,* 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978); *Robertson v. Langdon,* 72 F.2d 148 (7th Cir. 1934).

30. GM's Notice of the purported assumption of the same contacts it asserts it rejected pre-petition had no basis in fact (or reality) and is contrary to law. GM's unsupportable position was then compounded by including Weber's claim in the 23rd Omnibus Objection.

31. There is simply no basis in fact that could permit the Order to stand relative to Weber resulting in the expunging of Weber's claim against GM.

32. GM has not filed any substantive objections to Weber's claim. It would be manifestly unjust for Weber's claim against GM to be expunged on the basis of misrepresentation by GM that its contracts with GM had been assumed and assigned to New GM – when in fact they had not.

7

33. Indeed, Weber did not respond to the 23rd Omnibus Objection, in part (aside from certain questions of improper service), because Weber could never have fathomed that its claim would be the subject of an objection relating to assumed contracts.

34. Whether or not GM and its counsel actually knew that they were making misrepresentations to this Court at the time of the entry of the Sale Order or the filing of the 23rd Omnibus Objection, <u>they should have known</u> that their allegations as to the assumption of the Weber contracts, both in the Notice of Assumption and in the 23rd Omnibus Objection were not warranted by existing law (or fact) and were without any evidentiary support. GM and its counsel's continued refusal to correct these errors relative to Weber or to stipulate to the correction of their errors, has compelled Weber to incur the substantial expense of filing this response and travelling to New York for a hearing in this matter.

35. Weber is not seeking to have its claim allowed at this time. Weber is merely seeking relief from an Order that was improvidently entered based upon misrepresentations by the Debtors in several pleadings. Failure to set aside the Order relative to Weber will have the effect of validating GM's misrepresentations to this Court.

**B.  Alternatively, the Court should confirm the Debtors' assumption of the Purchase Orders and order New GM to immediately pay Weber the full amount of its claim – $15,827,857**.

36. If the Court decides not to amend its Order and to reinstate Weber's claim, then it should enter an order confirming that New GM assumed all of the Weber Purchase Orders and ordering New GM to immediately cure all defaults on those contract – in the amount of $15,827,857.

8

37. This order will, of course, form the basis of an immediate Motion to Dismiss GM's claims in the District Court Litigation (although not Weber's counterclaims against GM Mexico).

38. GM and New GM cannot have it both ways: either the Weber Purchase Orders were assumed, in which case New GM (a) is required to pay all cure amounts in full and (b) is in breach of such contracts for failing to source its business under those contracts with Weber, or the contracts were terminated pre-petition, as GM alleges in the District Court Litigation, and Weber is entitled to maintain its unsecured claim against GM.

WHEREFORE, Weber requests that this Court (i) grant Weber relief from the Order and reinstate Weber's unsecured claim as filed against the Debtors; (ii) alternatively, confirm the Debtors' assumption of the Purchase Orders and assignment to New GM and require New GM to pay Weber the full amount of its proof of claim, $15,827,857; (iii) order the Debtors to pay Weber's attorneys fees and costs for filing this motion; and (iv) for such other and further relief as is just and proper in the premises.

Dated: September 21, 2010                                  Respectfully submitted,

By:    /s/ Matthew E. Wilkins
       Matthew E. Wilkins (P56697, *admitted pro hac vice*)
       **Brooks Wilkins Sharkey & Turco, PLLC**
       401 S. Old Woodward Avenue, Suite 460
       Birmingham, MI 48009
       248-971-1800
       248-971-1801 – Facsimile
       wilkins@bwst-law.com

       **Counsel for Albert Weber GmbH and
       Weber Automotive Corp. f/k/a
       Albert Weber Manufacturing Co.**

9