

Page 1

Not Reported in F.Supp.2d, 2002 WL 31426344 (S.D.N.Y.)
**(Cite as: 2002 WL 31426344 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
GEY ASSOCIATES GENERAL PARTNERSHIP,
Appellant,
v.
310 ASSOCIATES, L.P., Debtor-Appellee.
**No. 02 Civ.0710 (SHS).**

Oct. 29, 2002.

Chapter 11 debtor sought vacation of order granting relief to potential purchaser of estate's real property. The United States Bankruptcy Court for the Southern District of New York, Robert Gerber, J., vacated order, and potential purchaser appealed. The District Court, Stein, J., held that vacation of order, upon determination that it had been based on factual errors, was not abuse of discretion.

Affirmed.

West Headnotes

**[1] Bankruptcy 51 🔑 3070**

51 Bankruptcy
   51IX Administration
      51IX(B) Possession, Use, Sale, or Lease of Assets
         51k3067 Sale or Assignment of Property
            51k3070 k. Order of Court and Proceedings Therefor in General. Most Cited Cases
Bankruptcy court's vacation of prior order granting relief to potential purchaser of Chapter 11 debtor's real property, upon determination that it had been based on factual errors, was not abuse of discretion. Fed.Rules Civ.Proc.Rule 60, 28 U.S.C.A.

**[2] Bankruptcy 51 🔑 3072(1)**

51 Bankruptcy
   51IX Administration

      51IX(B) Possession, Use, Sale, or Lease of Assets
         51k3067 Sale or Assignment of Property
            51k3072 Manner and Terms
               51k3072(1) k. In General. Most Cited Cases
Denial of breakup fee to potential purchaser of Chapter 11 debtor's real property was reasonable, absent showing that such fee would encourage bidding; there were already multiple bidders for property, and fee would have hampered debtor's ability to sell property to higher bidder.

*OPINION AND ORDER*

STEIN, J.

**\*1** This appeal arises out of the bankruptcy proceedings of appellee 310 Associates, L.P. ("310") in the United States Bankruptcy Court for the Southern District of New York. That court issued an order on June 8, 2001 that, among other matters, approved a provision granting appellant Gey Associates General Partnership ("Gey") a breakup fee in connection with the sale of 310's real property. Approximately six weeks later-on July 18th, 2001-Judge Robert Gerber issued an order vacating his June 8 Order on the grounds that it had been based on factual errors by him. Gey appeals from the July 18 Order. Because the bankruptcy judge did not abuse his discretion when he vacated the June 8 Order, the order appealed from is affirmed.

I. BACKGROUND

Appellee 310 was the debtor in possession of real estate situated at 310-318 West 53rd Street, New York, New York (the "Property"). 310 had been actively seeking to sell the Property since the previous October and had entered into a contract with Richard Kramisen on October 12, 2000 to sell the Property. 310 also entered into a contract with Gey on February 6, 2001 that provided for the sale of

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2002 WL 31426344 (S.D.N.Y.)
**(Cite as: 2002 WL 31426344 (S.D.N.Y.))**

the Property to Gey in the event that the sale to Kramisen fell through. A dispute subsequently arose between Kramisen and 310 over the exact terms of their contract, and immediately prior to the scheduled closing date of March 15, 2001, Kramisen filed a specific performance action in New York State Supreme Court with an accompanying lis pendens against the Property. According to 310, its subsequent inability to sell the Property forced it to file a petition pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq., on May 11, 2001.

The next month, 310 applied to the bankruptcy court for authority to schedule a sale of the Property to Gey (or any other entity making a higher and better offer than Gey's), free and clear of any existing liens, claims and encumbrances. In response, the bankruptcy court issued its June 8 Order, which scheduled a sale of the property to Gey for $3.1 million (or to any entity making a higher and better offer) and granted Gey a breakup fee of $100,000 (or, in the alternative, one half of the difference between the accepted bid and Gey's bid, whichever was higher) in the event Gey was outbid.

After learning of the impending sale to Gey, Kramisen went on the offensive: he filed an objection in the bankruptcy court to the proposed sale, removed his state specific performance action to the bankruptcy court and announced his intention to move to temporarily restrain the sale from taking place. In an effort to resolve the specific performance action, Kramisen met with 310 on July 2, 2001 and offered to purchase the Property for $3.2 million. 310 then informed Judge Gerber of the higher Kramisen offer and requested the court vacate its June 8 Order and schedule a new sale process based on the Kramisen bid. The court, determining that its June 8 decision authorizing the breakup fee "was based upon [the court's] misunderstanding" of the facts (Record on Appeal, Ex. F. at 65), agreed and vacated its decision on July 18.

II. DISCUSSION

**\*2** [1] A bankruptcy court has the authority to modify a final order pursuant to Fed.R.Civ.P. 60, which is made applicable to bankruptcy courts by Bankruptcy Rule 9024. Appellate review of a decision made pursuant to Fed.R.Civ.P. 60 is restricted to determining whether the lower court abused its discretion. *See Montco, Inc. v. Barr ( In re Emergency Beacon Corp.*), 666 F.2d 754, 760 (2d Cir.1981). Therefore, unless the bankruptcy judge abused his discretion either by denying authorization of Gey's breakup fee or by vacating the June 8 Order that had authorized Gey's breakup fee, his determination should not be overturned. Because the bankruptcy judge did not abuse his discretion in this case, the July 18 Order should be affirmed.

[2] A breakup fee, also known as a termination fee, "is an incentive payment to a prospective purchaser with which a company fails to consummate a transaction." *Official Committee of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources),* 147 B.R. 650, 653 (S.D.N.Y.1992). Breakup fees are designed to reward those bidders who function as "stalking horses," allowing the seller to search for higher offers and setting a floor price on the transaction. Breakup fees outside bankruptcy proceedings are presumptively valid pursuant to the business judgment rule. Within bankruptcy proceedings, breakup fees are also valid unless: (1) the relationship of the parties who negotiated the breakup fee is tainted by self-dealing or manipulation; (2) the fee hampers, rather than encourages, bidding; or (3) the amount of the fee is unreasonable relative to the proposed purchase price. *See id.* at 657. In making its final determination on the validity of the Gey breakup fee, the court found that prior to June 8 it had "two buyers drooling to make this purchase." (Record on Appeal, Ex. F. at 7). The breakup fee in this action did not encourage bidding. Indeed, Judge Gerber found that in this context, a breakup fee to Gey was both unnecessary (as there were already multiple bidders) and inappropriate (in that it hampered 310's ability to sell the Property to Kramisen). Thus, the court's determination not to authorize a

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4 of 4

09-50026-mg    Doc 7047-6    Filed 09/21/10    Entered 09/21/10 17:01:41    Exhibit 4 - Gey Assocs. Gen. Pship v. 310 Assocs.    L.P.    Pg 3 of 3

Page 3

Not Reported in F.Supp.2d, 2002 WL 31426344 (S.D.N.Y.)
**(Cite as: 2002 WL 31426344 (S.D.N.Y.))**

breakup fee to Gey was reasonable.

Fed.R.Civ.P. 60(b)(1) permits a court to vacate a decision on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Relief may be sought pursuant to Rule 60(b)(1) for an error of the court. *See e.g., Schindhaus v. Moe,* 335 F.2d 539, 531 (2d Cir.1964); *Tarkington v. U.S. Lines Co.,* 222 F.2d 358 (2d Cir.1955). Although the Second Circuit has never squarely ruled on this issue, Courts of Appeal outside of this Circuit have said explicitly that Rule 60(b)(1) is available for a court to correct its own including mistakes of either law or fact. *See e.g, Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir.2000); *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996).

**\*3** In its June 8 Order the bankruptcy court found the Gey breakup fee valid, but later determined that its conclusion was based upon its misunderstanding of two material facts. First, when the court initially considered the breakup fee, it "was not even aware of the presence of Mr. Kramisen"; and second, the court "was not aware of the continuing and active interest" in the Property by both Gey and Kramisen. (Record on Appeal, Ex. F. at 65) Indeed, Judge Gerber was quite forthright in admitting what he viewed to be an error, as follows:

> I can not look any of you in the eye and tell you that I think that I was, with the the knowledge of matters that I now know, I would have issued [the June 8] Order, and that Order is being vacated. (Id. at 66).

It is clear from the record that the court made a substantive mistake of fact in issuing the June 8 order, and vacated that order in order to correct this error. Therefore, its decision to vacate that order pursuant to Rule 60(b)(1) was not an abuse of discretion.

III. Conclusion

Because Judge Gerber acted within his discretion in issuing the July 18 Order, that order is affirmed.

S.D.N.Y.,2002.
Gey Associates General Partnership v. 310 Associates, L.P.
Not Reported in F.Supp.2d, 2002 WL 31426344 (S.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.