**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11 Case No.**
                                                     :
**MOTORS LIQUIDATION COMPANY**, *et al.*,            :    **09-50026 (REG)**
    **f/k/a General Motors Corp.**, *et al.*  :
                                                     :
       **Debtors.**             :    **(Jointly Administered)**
                                                     :
---------------------------------------------------------------x

**NOTICE OF DEBTORS' NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(Incorrectly Classified Claims)**

**PLEASE TAKE NOTICE** that on September 21, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their ninety-ninth omnibus objection to reclassify certain claims (the

"**Ninety-Ninth Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider

the Ninety-Ninth Omnibus Objection to Claims will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

US_ACTIVE:\43500222\03\72240.0639

**October 26, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Ninety-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **October 19, 2010 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Ninety-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Ninety-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
September 21, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**               :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*                :
                                                            :
                        Debtors.                            :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### DEBTORS' NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS
**(Incorrectly Classified Claims)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

US_ACTIVE:\43500222\03\72240.0639

**Relief Requested**

1. The Debtors file this ninety-ninth omnibus objection to certain claims (the "**Ninety-Ninth Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reclassifying the claims listed on **Exhibit "A"** annexed hereto so that they properly conform to the priority and classification schemes set forth in the Bankruptcy Code.[1]

2. The Debtors have examined the proofs of claim identified on Exhibit "A" hereto and have determined that the proofs of claim listed under the heading "*Claims to be Reclassified*" (collectively, the "**Incorrectly Classified Claims**") are claims that are not entitled to secured status because they are not secured by a lien on property in which the estate has an interest or subject to a right of setoff under section 553 of the Bankruptcy Code, nor are they entitled to administrative and/or priority status under any of the subsections of section 503 or section 507(a) of the Bankruptcy Code. Further, the Debtors reserve all of their rights to object on any other basis to any Incorrectly Classified Claims as to which the Court does not grant the relief requested herein.

3. With respect to this Ninety-Ninth Omnibus Objection to Claims, the Debtors reserve all their rights to object on any other basis to any Incorrectly Classified Claim.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order [Docket No. 4079] establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[2]  The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]  The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

7.     Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Relief Requested Should Be Approved by the Court

8.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.     Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property . . . ." *Id*. § 506(a).

10.    Section 507 of the Bankruptcy Code outlines the specific types of claims that are entitled to priority over other general unsecured claims asserted against a debtor.

11.    Section 503 of the Bankruptcy Code establishes an administrative expense priority for certain enumerated categories of estate expenses.

12. The Debtors have reviewed and determined that each Incorrectly Classified Claim improperly asserts that it is a secured, administrative, and/or priority claim as indicated in the "*Note*" below each Incorrectly Classified Claim listed on Exhibit "A." The Incorrectly Classified Claims (i) are not secured by a lien on property in which the estate has an interest or subject to setoff under section 553 of the Bankruptcy Code, (ii) are not entitled to administrative expense status under any of the subsections of section 503 of the Bankruptcy Code, and/or (iii) are not entitled to priority status under any of the subsections of section 507(a) of the Bankruptcy Code. Accordingly, the Debtors request that the Court enter an order reclassifying the secured, administrative, and/or priority portions of each Incorrectly Classified Claim as indicated on Exhibit "A."

**Notice**

13. Notice of this Ninety-Ninth Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
September 21, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **EXHIBIT A**

US_ACTIVE:\43501609\01\72240.0639

| Ninety-Ninth Omnibus Objection | **Exhibit A** | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered |
|---|---|---|

### *CLAIMS TO BE RECLASSIFIED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALICIA C HARRIS<br><br>3509 JUPITER DR<br>CHALMETTE, LA 70043<br><br>Official Claim Date:  4/13/2010 | 70225 | Motors Liquidation Company | $1,000.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$1,000.00  (T) | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,000.00  (U)<br>$1,000.00  (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note:   This claim arises from litigation against the Debtors.  It is not secured by property of the Debtors' estates.  Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| ANNE GREER<br><br>512 OCEAN VIEW LANE<br>CHULA VISTA, CA 91914<br><br>Official Claim Date:  4/10/2010 | 70217 | Motors Liquidation Company | $10,000.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$10,000.00  (T) | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$10,000.00  (U)<br>$10,000.00  (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note:   This claim arises from litigation against the Debtors.  It is not secured by property of the Debtors' estates.  Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| CHRISTEEN SAULTERS/HINTON<br><br>468 GATHER JOHNSON RD<br>MAGEE, MS 39111<br>UNITED STATES OF AMERICA<br><br>Official Claim Date:  4/22/2010 | 70245 | Motors Liquidation Company | $10,000.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$10,000.00  (T) | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$10,000.00  (U)<br>$10,000.00  (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note:   This claim arises from litigation against the Debtors.  It is not secured by property of the Debtors' estates.  Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| DIANE J KAVALAR<br><br>400 WILSON AVENUE<br>CLAWSON, MI 48017<br><br>Official Claim Date:  3/26/2010 | 70156 | Motors Liquidation Company | $602.05  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$602.05  (T) | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$602.05  (U)<br>$602.05  (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note:   This claim arises from litigation against the Debtors.  It is not secured by property of the Debtors' estates.  Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

---

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| Ninety-Ninth Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FALANA BROWN<br><br>139 SANDHILL RD<br>DORCHESTER, SC 29437<br><br>Official Claim Date: 4/12/2010 | 70223 | Motors Liquidation Company | $1,500.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$1,500.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,500.00 (U)<br>$1,500.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FLORENCE CONIGLIO<br><br>PO BOX 737<br>FT WHITE, FL 32038<br><br>Official Claim Date: 3/26/2010 | 70168 | Motors Liquidation Company | $6,000.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$6,000.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$6,000.00 (U)<br>$6,000.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GEARY/GERALD GARTON<br><br>168 K C DRIVE<br>BASTROP, TX 78602<br>UNITED STATES OF AMERICA<br><br>Official Claim Date: 6/26/2010 | 70336 | Motors Liquidation Company | $11,846.15 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$5,923.89 (U)<br>$17,770.04 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$17,770.04 (U)<br>$17,770.04 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| JUSTIN MOREY<br><br>C/O ESURANCE<br>ATTN: TODD AYRES, TXA 74393<br>PO BOX 2890<br>ROCKLIN, CA 95677<br><br>Official Claim Date: 4/5/2010 | 70203 | Motors Liquidation Company | $24,652.31 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$24,652.31 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$24,652.31 (U)<br>$24,652.31 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

| Ninety-Ninth Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KATHLEEN S KOWALSKI<br><br>5552 N MANGO AVENUE<br>CHICAGO, IL 60630<br><br>Official Claim Date: 4/30/2010 | 70266 | Motors Liquidation Company | $2,746.91 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$2,746.91 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,746.91 (U)<br>$2,746.91 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KENT HAMMER<br><br>2681 GREYWALL AVE<br>OCOEE, FL 34761<br><br>Official Claim Date: 5/27/2010 | 70301 | Motors Liquidation Company | $9,200.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$9,200.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$9,200.00 (U)<br>$9,200.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KEVIN & ROXANNE LOGAN<br><br>11057 LINDEN ROAD<br>LINDEN, MI 48451<br><br>Official Claim Date: 5/21/2010 | 70295 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$400.00 (P)<br>$0.00 (U)<br>$400.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$400.00 (U)<br>$400.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not entitled to priority status. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KIANDRA ROYLETTE BARTLEY<br><br>1627 JACINTO AVE<br>NW PALM BAY, FL 32907<br><br>Official Claim Date: 3/22/2010 | 70148 | Motors Liquidation Company | $600.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,500.00 (U)<br>$4,100.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,100.00 (U)<br>$4,100.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| Ninety-Ninth Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
|---|---|---|---|---|---|
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## *CLAIMS TO BE RECLASSIFIED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| LINDA MARISCAL<br><br>P.O. BOX 404<br>728 PIPPO AVE<br>BRENTWOOD, CA 94513<br><br>Official Claim Date: 4/9/2010 | 70213 | Motors Liquidation Company | $9,296.53 (S)<br>$0.00 (A)<br>$1,320.33 (P)<br>$0.00 (U)<br>$10,616.86 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,616.86 (U)<br>$10,616.86 (T) | Incorrectly Classified Claim | Pgs. 1-5 |
| Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates, and it is not entitled to priority status. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim. | | | | | | |
| MARILYN N KAULILI<br><br>POB 10<br>KUALAPUU, HI 96757<br><br>Official Claim Date: 3/19/2010 | 70134 | Motors Liquidation Company | $28,000.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$28,000.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$28,000.00 (U)<br>$28,000.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |
| Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim. | | | | | | |
| NOVA CONSULTANTS<br><br>21580 NOVI ROAD<br>SUITE 300<br>NOVI, MI 48375<br><br>Official Claim Date: 4/3/2010 | 70195 | Remediation And Liability Management Company, Inc. | $17,001.30 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$17,001.30 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$17,001.30 (U)<br>$17,001.30 (T) | Incorrectly Classified Claim | Pgs. 1-5 |
| Note: This claim is for goods and/or services and is not secured by property of the Debtors' estates. | | | | | | |
| TAMMY HOUGHTALING<br><br>4301 PUMPSTATION ROAD<br>CAMERON MILLS, NY 14820<br>UNITED STATES OF AMERICA<br><br>Official Claim Date: 4/1/2010 | 70192 | Motors Liquidation Company | $100,000.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$100,000.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$100,000.00 (U)<br>$100,000.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |
| Note: This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim. | | | | | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Ninety-Ninth Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

## *CLAIMS TO BE RECLASSIFIED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Modified Priority Status/Reduced Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| WYATT COBB<br><br>4592 PENNSYLVANIA ST<br>GARY, IN 46409<br><br>Official Claim Date: 3/10/2010 | 70111 | Motors Liquidation Company | $2,900.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$2,900.00 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,900.00 (U)<br>$2,900.00 (T) | Incorrectly Classified Claim | Pgs. 1-5 |

Note:   This claim arises from litigation against the Debtors. It is not secured by property of the Debtors' estates. Accordingly, this claim should be reclassified as a non-priority, general unsecured claim.

| ***CLAIMS TO BE RECLASSIFIED*** | | | 17 | $235,345.25 (S)<br>$0.00 (A)<br>$1,720.33 (P)<br>$9,423.89 (U)<br>$246,489.47 (T) | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$246,489.47 (U)<br>$246,489.47 (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 5

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
**In re**                              :   **Chapter 11 Case No.**
                                       :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :   **09-50026 (REG)**
  f/k/a General Motors Corp., *et al.*    :
                                       :
         Debtors.                      :   **(Jointly Administered)**
                                       :
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(Incorrectly Classified Claims)**

Upon the ninety-ninth omnibus objection to reclassify certain claims, dated September 21, 2010 (the "**Ninety-Ninth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reclassifying the Incorrectly Classified Claims on the grounds that each Incorrectly Classified Claim was incorrectly classified by the claimant, all as more fully described in the Ninety-Ninth Omnibus Objection to Claims; and due and proper notice of the Ninety-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-Ninth Omnibus Objection to Claims is in the best interests of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninety-Ninth Omnibus Objection to Claims.

US_ACTIVE:\43500222\03\72240.0639

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each "Claim Amount and Priority" listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto is hereby reclassified as indicated on Exhibit "A" under the column "Modified Priority Status/Reduced Amount;" and it is further

ORDERED that, if applicable, the Ninety-Ninth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Ninety-Ninth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Ninety-Ninth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that, with respect to this Ninety-Ninth Omnibus Objection to Claims, the Debtors reserve all their rights to object on any other basis to any Incorrectly Classified Claim; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the Ninety-Ninth Omnibus Objection to Claims under the heading "*Claims to be Reclassified*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       _____, 2010

                                                    _____
                                                    United States Bankruptcy Judge