UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re:

MOTORS LIQUIDATION COMPANY,
et al., fka GENERAL MOTORS CORP., et al.,

Case No. 09-50026 (REG)
Chapter 11
(Jointly Administered)

Debtors
_____/

SEP 17 2010

NOTICE OF WITHDRAWAL OF
STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S
CLAIMS NOS 68606, 62066 AND 70125

The State of Michigan, Department of Treasury hereby withdraws its Unsecured Claim No 68606 in the amount of $1,438,499.60, its Priority Claim No. 62066 in the amount of $113,148,353.28, and its Amended Priority Claim No 70125 in the amount of $113,213,890.45 for the reason that General Motors Company ("New GM") has assumed the liability for the debts underlying these claims according to the executed AGREEMENT TO CLARIFY GENERAL MOTORS COMPANY'S ASSUMPTION OF LIABILITY FOR CERTAIN TAX DEBTS OWED TO THE STATE OF MICHIGAN, a copy of which is attached as Exhibit 1

MICHAEL A COX
Attorney General

*/S/Kathleen A Gardiner*
Kathleen A Gardiner (P45245)
Assistant Attorney General
Cadillac Place
3030 West Grand Blvd
Detroit, MI 48202
(313) 456-0140
gardinerk@michigan.gov

Dated August 24, 2010

1

### AGREEMENT TO CLARIFY GENERAL MOTORS COMPANY'S ASSUMPTION OF LIABILITY FOR CERTAIN TAX DEBTS OWED TO THE STATE OF MICHIGAN

THIS AGREEMENT dated July 27, 2010, between General Motors Company *aka* General Motors, LLC *aka* New GM, by and through its Counsel Daniel Houlf, General Director, U S Tax Counsel Group, and the State of Michigan Department of Treasury, by and through its Counsel, Kathleen A Gardiner, Assistant Attorney General, is entered into for the following reasons

1. On June 1, 2009 a bankruptcy case for Debtors General Motors Corporation *aka* GMC Truck Division *aka* Automotive Market Research *aka* NAO Fleet Operations *aka* National Car Rental *aka* GM Corporation *aka* National Car Sales *aka* GM Corporation-GM Auction Department ("Debtors") was filed in the United States Bankruptcy Court for the Southern District of New York

2. The case was assigned case number 09-50026-reg and was assigned to Judge Robert E Gerber

3. Debtors sought, and on June 1, 2009, the Bankruptcy Court entered, an Order Pursuant to 11 U S C §§ 363(b), 507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments

4. The above-referenced Order, inter alia, authorized " the Debtors to pay, in their sole discretion, all Property Taxes, Sales Taxes, Use Taxes, Excise Taxes, Gross Receipts Taxes, Franchise Taxes, Business License Fees, Annual Report Taxes, and Other Governmental Assessments (collectively, the '<u>Taxes and Assessments</u>') relating to periods prior to the Commencement Date, including any penalties and interest thereon

1

**EXHIBIT I**

determined to be owed for periods prior to the Commencement Date and all those Taxes and Assessments subsequently determined upon audit, or otherwise, to be owed for periods prior to the Commencement Date "

5. On November 30, 2009, the State of Michigan Department of Treasury filed a Priority Proof of Claim in Case No 09-50026 for unpaid Michigan Single Business Tax, unpaid Michigan Business Tax and unpaid Use Tax and interest due for taxing periods 2000 through May 31, 2009 in the amount of $113,148,363 28 That Claim was given the claim number 62066 That Priority Claim was amended on March 12, 2010 to $113,213,890 45 and that Amended Claim was given the claim number 70125

6. On November 30, 2009, the State of Michigan Department of Treasury filed an Unsecured Proof of Claim in Case No 09-50026 for penalty for unpaid Michigan Business Tax for the taxing periods 2008 in the amount of $1,438 499 60 That Claim was given the claim number 68606

7. On July 5, 2009, United States Bankruptcy Judge Robert E Gerber entered an Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc , a U S Treasury-Sponsored Purchaser, (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (III) Granting Related Relief

8. The §2 3 of the Amended and Restated Master Sale and Purchase Agreement by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet-Saturn of Harlem, Inc , as Sellers and NGMCO, Inc , as Purchaser, dated as of June 26, 2009 defined "Assumed Liabilities" to be assumed by purchaser

NGMCO, Inc , and thereafter by General Motors Company as follows, in pertinent part

a   The "<u>Assumed Liabilities</u>" shall consist only of the following Liabilities of Sellers

\* \* \* \*

(v)   all Liabilities of Sellers (A) arising in the Ordinary Course of Business during the Bankruptcy Case through and including the Closing Date, to the extent such Liabilities are administrative expenses of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code and (B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order (and for the avoidance of doubt, Sellers' Liabilities in clauses (A) and (B) above include Sellers' Liabilities for personal property Taxes, real estate and/or other ad valorem Taxes, use Taxes, sales Taxes, franchise Taxes, income Taxes, gross receipt Taxes, excise Taxes, Michigan Business Taxes and Michigan Single Business Taxes), in each case

9   On May 27, 2010, Debtors filed a Notice of Debtors' Seventeenth Omnibus Objection to Claims (Tax claims Assumed by General Motors, LLC)   Therein, Debtors, inter alia, indicated the following

"The Debtors have examined the proofs of claim identified on Exhibit A hereto filed by certain taxing authorities (collectively, the "**Taxing Authorities**") and have determined that the proof of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Tax Claims**") are claims related to tax liabilities that have been assumed by General Motors, LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc , and New GM   The Tax Claims have been assumed by New GM pursuant to the Master Purchase Agreement and are therefore not liabilities of MLC or the Debtors and should therefore be disallowed and expunged "

10   Counsel for the Michigan Department of Treasury having raised the concern that without the specific clarification expressed herein the disallowance and expungement of the Michigan Department of Treasury's claims in the bankruptcy case might leave

3

it open for General Motors Company or General Motors, LLC to argue that the Michigan Department of Treasury claims had not met the requirements for assumption of liability by General Motors Company or General Motors, LLC under the language of the Amended and Restated Master Sale and Purchase Agreement (specifically under the clause "to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order") and that by allowing the disallowance and expungement of its claims in the Bankruptcy case, the Michigan Department of Treasury might be risking the extinguishment of its entitlement to payment from General Motors Company or General Motors, LLC and at the same time risk extinguishing the Bankruptcy Court's jurisdiction over the assumed above-described tax liabilities,

WHEREFORE, General Motors Company and General Motors, LLC, and the Michigan Department of Treasury, by and through their respective Counsel, agree to the following

1  The Final Order referred to by the language of the Amended and Restated Master Sale and Purchase Agreement and specifically within the clause "to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order" relates to the Court's June 1, 2009 Order Pursuant to 11 U S C §§ 363(b), 507(a)(8), 541, and 105(a) Authorizing Debtors to Pay Prepetition Taxes and Assessments, that the Bankruptcy Court has therefore approved Debtors' prepetition tax liabilities for payment, and that therefore Debtors' prepetition tax liabilities to the Michigan Department of Treasury have been assumed by General Motors Company and General Motors, LLC

4

2    General Motors Company and General Motors, LLC acknowledge that it has assumed Debtors' prepetition tax liabilities to the Michigan Department of Treasury

3    The Michigan Department of Treasury acknowledges that General Motors Company and General Motors LLC do not agree that there are any prepetition liabilities due the Department

4    The Michigan Department of Treasury acknowledges and agrees that General Motors Company and General Motors LLC have the same administrative and judicial rights as the Debtors, and that both General Motors Company and General Motors LLC stand in the shoes to the Debtors for all purposes relevant to any pre-petition tax liabilities of the Debtors

5    Upon execution of this agreement, the State of Michigan will withdraw its claims numbers 62066, 68606 and 70125

_____  
Daniel M Houlf (P38527)  
General Director  
U. S Tax Counsel Group  
General Motors Company

Dated July 27, 2010

_____  
Kathleen A Gardiner (P45245)  
Assistant Attorney General  
State of Michigan

Dated August 3, 2010

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re.

MOTORS LIQUIDATION COMPANY,
*et al, fka* GENERAL MOTORS CORP., *et al*,

Case No. 09-50026 (REG)
Chapter 11
(Jointly Administered)

Debtors
_____/

### PROOF OF SERVICE

STATE OF MICHIGAN )
                 ) ss
COUNTY OF WAYNE  )

The undersigned certifies that on August 24, 2010, a copy of the **Notice Of Withdrawal Of State of Michigan, Department of Treasury's Claims NOS. 68606, 62066, 70125** and this Proof of Service were served upon the following parties either electronically or by depositing said copies in the U.S. Mail, postage prepaid

Stephen Karotkin
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Garden City Group
Attn: Motors Liquidation Company
PO Box 9386
Dublin, Ohio 43017-4286

Patricia Game, Legal Secretary
Department of Attorney General
3030 W. Grand Boulevard
Suite 10-200
Detroit, MI 48202
(313) 456-0140
Gamep@michigan.gov

**MIKE COX**
ATTORNEY GENERAL
Cadillac Place
3030 West Grand Boulevard
Detroit, Michigan 48202

4301784286 B050

The Garden City Group, Inc  Claims Agent
Attn  Motors Liquidation Company
PO Box 9386
Dublin, Ohio 43017-4286



02 1P
000 4243385
MAILED FROM ZIP CODE 4808
$ 00.78⁰
AUG 25 2010
PITNEY BOWES
UNITED STATES POSTAGE