Upon review of the papers, the Court concludes that oral argument is unnecessary. The objection fails to state a legally cognizable basis for denying the requested relief, and is overruled. Motion granted.

Dated: New York, New York
September 23, 2010

s/Robert E. Gerber
United States Bankruptcy Judge

RECEIVED SEP 16 2010 U.S. BANKRUPTCY COURT, SDNY

Sept # 14 2010 1 of 3

Honorable Robert E. Gerber
United States Bankruptcy Court Southern District of N.Y.
One Bowling Green, Room 621
New York, New York 10004

Case No. 09-50026

Dear Honorable Robert E. Gerber

Enclosed are copies of letters, and envelope that was mailed to me, Sharyl J. Carter at 1511 LaSalle Avenue #1, Niagara Falls, New York 14301, that I received on Sept 6, 2010 by The Garden City Group, Inc. Attn: Motors Liquidation Company, P.O. Box 9386 Dublin, Ohio 43017-4286. I have a question as to why do I have to contact The Garden City Group and ask for copies of the motion when the motion should have been mailed to me before this 2 page letter that is enclosed. Yes I do want, request copies of everything, motion concerning my claims, and myself.

Sharyl Y. Carter
Case No. 09-50026    2 of 3

I Sharyl Y. Carter object and disagree with the motion, and for all motions of my claims with Motors Liquidation Company. I object with the Debtors, New GM, The Charter Amendment, authorizing of stock powers by the above Debtors and their affiliated Debtors. If I am awarded approval of all, claims that I have against the Debtors and their affiliated Debtors, I Sharyl Y. Carter want, request that all, any amount awarded to me shall be given to me directly, not placed in the hands, stock of General Motors Liquidation Company. I have and continue to have problems with this, above company and their affiliated Debtors. I tried to withdraw from my PSP stock account, due to financial problems and the above Debtors and

affiliated Debtors have a block on my account the representative could not tell me why. Another reason if I have several claims against this company, why would I trust the Debtors and their affiliated Debtors to handle my Sheryl J. Carter award amount.

I Sheryl J. Carter object and disagree with the Debtors General Motors Liquidation Company and their affiliated Debtors, Motor.

Thank you.

Sincerely
Sheryl J. Carter

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286

Presorted
First Class Mail
U.S. Postage
PAID
Philadelphia, PA
Permit No. 5634

**Return Service Requested**

**Important - Time Sensitive Bankruptcy Court Documents Enclosed**


APS0980976618

SHARYL Y CARTER
1541 LASALLE AVE #1
NIAGRA FALLS, NY 14301-1227

HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                               :
In re                                          :    Chapter 11 Case No.
                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :    09-50026 (REG)
f/k/a General Motors Corp., *et al.*           :
                                               :
                    Debtors.                   :    (Jointly Administered)
                                               :
---------------------------------------------------------------x

NOTICE OF HEARING ON
MOTION OF DEBTORS FOR ENTRY OF
ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
AUTHORIZING EXERCISE OF STOCK POWERS TO APPROVE AMENDMENT
TO CERTIFICATE OF INCORPORATION OF GENERAL MOTORS COMPANY

      **PLEASE TAKE NOTICE** that on August 27, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "Debtors"), filed a motion (the "Motion") for an order authorizing the Debtors, as holders of common stock in General Motors Company f/k/a NGMCO, Inc. ("New GM"), to exercise their common stock powers to approve a Certificate of Amendment to the Amended and Restated Certificate of Incorporation of New GM (the "Charter Amendment"). The Charter Amendment places certain restrictions on large shareholders of New GM, but will not affect the distributions of securities in New GM to creditors of the Debtors under a chapter 11 plan of liquidation. The Debtors believe that the Charter Amendment will preserve and enhance the value of New GM's securities, which they hold as a result of the sale of substantially all of their assets to New GM.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on September 24, 2010 at 9:45 a.m. (Eastern Time)

Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than September 17, 2010, at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
August 27, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession