9-17-10

To:
Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Dear Sirs,
  I have received your letter in regards to Chapter 11 Case No. 09-50026 (REG). In re to MOTORS LIQUIDATION COMPANY, et al. I have enclosed with this correspondence all paperwork information that I have received and mailed to them. I have exhausted all places except for you to get help. My car caught on fire. I had just made my last car payment. I have done everything I can do that I know of to please try to get some compensation for my car.
  I am writing to you in the hopes you can direct me personally in the much needed direction I need to go to. I am just one small person asking for help that I can understand what direction I need to go. Do I have to go to court? Any help you can give me would be so very much appreciated. I just don't earn enough money to buy a car, rent a car and I really need your help and advice. Thank you so much again for any assistance you can give me.

                Very Sincerely Yours,

                *Peggy Jernigan*

Peggy L Jernigan
9738 State Hwy. 104
Fairhope, AL 36532
251-626-7147
Email @ aliceslana@gmail.com


Cc:
Honorable Robert E. Gerber
United States bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

To Whom it may Concern:

My name is Peggy Jernigan, address is 9738 State Hwy. 104 Fairhope, AL 36532. My contact number is 251-626-7147. Email at aliceslana@gmail.com . I am submitting a claim for my car that caught on fire. Enclosed are the following items:

1. Self addressed envelope for receipt of claim information
2. Proof of claim form completed.
3. Copy of letter from esis with the items listed that I needed to send you.
4. Letters of recall information I received after the car fire.
5. A certificate of a paid for title for my car.
6. A letter of what happened the day my car caught on fire.
7. Pictures of the car when the motor caught on fire and we have more if needed.
8. An estimate of where I had to have the car towed to and towed from at my own expense for the amount of damage to the engine from the fire.

Thank you in advance for all the help and corporation you can give me.

Sincerely Yours,

Peggy Jernigan




2002 Buick Regal LS.

Perry Jerniga
9738 Hwy 104
Fairhope AL
36532

April 26th 2009
After the FIRE

8/12/10 8:30 PM

Back to Inbox   Compose Mail   Archive   Report Spam   Delete   More Actions ▼

# : Website Request

View in Gmail

aims@motorsliquidation.com to aliceslana@gmail.com

1:36pm

Dear Ms. Jernigan,

Thanks for the message.

As the claim you filed with ESIS is based on events that occurred on or before July 9, 2009, your claim will be resolved through the claims process in Motors Liquidation Company?s chapter 11 case. You must file a Proof of Claim form with the Court to preserve your claim against Motors Liquidation Company, even if you previously filed a claim with ESIS. A deadline for filing claims, otherwise known as a Bar Date, had been set for Nov. 30, 2009 at 5pm Eastern time.

Please refer to the Bar Date FAQs for further information on filing a Proof of Claim or visit the Motors Liquidation Company website, www.motorsliquidation.com .

You can contact us at 1-800-414-9607 to discuss this further if you would like.

Regards,

Motors Liquidation Company.

Quoting alislana <a.slana@nuchsi.com>:

> I am seeking information about claim #673732. The claim concerns a 2002 Buick Regal that's motor caught on fire
> due to a factory defect. This claim was filed in 2009 and we have been forced to keep this car all this time waiting
> on a settlement. The name on the claim is Peggy Jernigan. You may e-mail me at aliceslana@gmail.com.

Thank you,
Peggy Jernigan

Reply   Forward

Back to Inbox   Compose Mail   Archive   Report Spam   Delete   More Actions ▼

09-50026-mg    Doc 7095    Filed 09/21/10    Entered 09/23/10 14:47:25    Expression of Change
Pg 5 of 18

**ALLDATA Online** Home | Account | Contact ALLDATA | Log Out

Select Vehicle | New TSBs | Technician's Reference    Component Search: [        ] OK

Conversion Calculator

*2002 Buick Regal V6-3.8L SC VIN 1*

Vehicle Level → Technical Service Bulletins → Recalls → Safety    Recall 08V118000: Potential Underhood Fire

# Recall 08V118000: Potential Underhood Fire

Notes

MAKE/MODELS: MODEL/BUILD YEARS:

Buick/Regal 1997-2003

Pontiac/Grand Prix 1997-2003

MANUFACTURER: General Motors Corp.

MFR'S REPORT DATE: March 12, 2008

NHTSA CAMPAIGN ID NUMBER: 08V118000

NHTSA ACTION NUMBER: EA07008

COMPONENT: Engine and Engine Cooling

POTENTIAL NUMBER OF UNITS AFFECTED: 207542

SUMMARY:
GM is recalling 207,542 M/Y 1997-2003 Buick Regal and Pontiac Grand Prix vehicles equipped with a 3.8L supercharged V-6 engine. Engine oil can leak from the front valve cover due to manuvers such as hard braking.

CONSEQUENCE:
If the oil reaches the hot exhaust manifold, it may ignite causing an under-hood fire.

REMEDY:
Parts are not currently available to remedy all vehicles. Until sufficient parts become available, GM strongly recommends that owners observe the following important precautions (1) They strongly recommend that owners do not park their vehicle in a garage, car port, or other structure; (2) If owners notice a burning odor, they should have their dealer inspect the vehicle. The dealer will inspect the vehicle without charge; (3) Use premium fuel (91 Octane or higher) in the vehicle as recommended in the vehicle's owner manual. Owners may contact Buick at 1-866-608-8080 or Pontiac at 1-800-620-7668.

NOTES:
GM recall No. 07035. Customers may also contact The National Highway Traffic

4/27/200

1 of 2

Safety Administration's Vehicle Safety Hotline at 1-888-327-4236 (TTY

Mailed 8/23/10 w/ attachments.

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One):
- ■ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG) ✓
- ☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): **PEGGY L. Jernigan**

**Name and address where notices should be sent:**
Peggy L. Jernigan
9738 State Hwy 104
Fairhope, AL 36532

Telephone number: 251-626-7147
Email Address: aliceslana@gmail.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Your Claim is Scheduled As Follows:**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form. EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $11,228.62

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Car I paid for caught on fire no warning.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 5002G

**3a. Debtor may have scheduled account as:** 09-50026 f/k/a G.M. Corp.
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
✓ Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ■ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $11,228.62  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $11,228.62

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
- ■ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
- ■ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority: $11,228.62

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 8/22/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Peggy L. Jernigan

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO: THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number:**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com.

ESIS/GM Central Claims Unit     888.861.6365 *tel*
P.O. Box 300                    313.665.0911 *fax*
Mail Code 482 C19 B61
Detroit, MI 48265-3000

**esis**

June 22, 2009

PEGGY JERNIGAN
9738 STATE HIGHWAY 104
FAIRHOPE, AL 36532-4324

RE:  Claimant:         Peggy Jernigan
     Our File No.:     673732
     Our Client:       General Motors Corporation
     Date/Event:       04/26/2009
     Subject vehicle:  2002 Buick Regal
     VIN:              2G4WB55K521195561

Dear Ms. Jernigan:

ESIS is the third party claim administrator for General Motors Corporation. We have been put on notice of a claim involving property damage as a result of an alleged manufacturer's product defect.

**As you may be aware, GM has filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York. The Bankruptcy Court has not determined how claims like yours may be handled. In the meantime, however, we will continue to collect information from you regarding the facts of the incident. Please provide the following information listed below.**

1.  Color photos taken of the under hood engine area of the subject vehicle and the Vehicle Identification Number (VIN) Plate.

2.  A copy of the police and/or fire report, if applicable.

3.  A written summary of the facts surrounding your claim. This should include events prior to and immediately following the incident.

4.  A copy of the title for the subject vehicle.

5.  If the subject vehicle is repairable, send a written repair estimate which includes a list of parts, cost breakdown, and total dollar amount.

6.  Advise if you noted anything wrong or unusual about the vehicle prior to the incident.

7.  Provide copies of all available maintenance, warranty, or repair orders on the subject vehicle. If you performed service or maintenance work on the subject vehicle, a chronological summary of operations performed is needed.

8. Advise as to any modifications, alterations, or changes to the subject vehicle. If applicable, provide copies of relevant installation receipts.

9. Did you receive any Recall Notices for the subject vehicle? If so, please provide copies of the notices.

10. Advise of any injuries.

11. Advise if there is any property damage other then the subject vehicle.

Please forward this information to the following email address or the mailing address listed above: gmesis1@gm.com

***Please place your file number on all correspondence***

Also, you have the obligation and responsibility to ensure that the subject vehicle and its related components are maintained and preserved in their post-event condition for so long as you intend to pursue a claim and/or cause of action. If you choose to dispose of the salvage, it will be to your own peril and spoliation may become an issue. We will be unable to determine if a physical inspection of the subject vehicle would be necessary until we have had the opportunity to thoroughly evaluate your supporting technical documentation.

If you have any questions, please contact ESIS at: 1.888.861.6365.

Sincerely,

ESIS/GM Claim Unit



Peggy Jernigan
9738 State Hwy 104
Fairhope, AL 36532

Marden Kly Group, Inc.
Claims processing
P.O. Box 9386
Dublin, OH 43017-4286



Peggy Jernigan
9738 State Highway 104
Fairhope, AL 36532-4324


Dear Peggy Jernigan:

This notice is sent to you in accordance with the requirements of the National Traffic and Motor Vehicle Safety Act.

General Motors has decided that a defect, which relates to motor vehicle safety, exists in certain 2002 model year Buick Regal vehicles equipped with a 3.8L V6 naturally aspirated engine. As a result, GM is conducting a safety recall. We apologize for this inconvenience. However, we are concerned about your safety and continued satisfaction with our products.

> **IMPORTANT**
> - Your 2002 model year Buick Regal, VIN 2G4WB55K521195561, is involved in safety recall 09047.
> - Schedule an appointment with your Buick dealer.
> - This service will be performed for you at **no charge.**

| | |
|---|---|
| **Why is your vehicle being recalled?** | An underhood fire may be caused by drops of engine oil, from seepage or spillage, being deposited on the exhaust manifold through hard braking. If the manifold is hot enough, the oil may ignite into a small flame and, in some instances, the fire may spread to the plastic spark plug wire channel and beyond. If this occurs, there could be a fire in your vehicle and nearby property. |
| **What will we do?** | Your Buick dealer will replace the spark plug wire channel with new spark plug wire retainers. This service will be performed for you at **no charge.** Because of service scheduling requirements, it is likely that your dealer will need your vehicle longer than the actual service correction time of approximately 15 minutes. |

There are two very important precautions you should take before your vehicle is serviced:

- We strongly recommend you not park your vehicle in a garage, car port, or other structure.

- If you notice a burning odor, you should have your GM dealer inspect your vehicle immediately. The dealer will inspect your vehicle without charge.



Buick Motor Division • P.O. Box 33136 • Detroit, MI 48232-5136

| | |
|---|---|
| **What should you do?** | You should contact your Buick dealer to arrange a service appointment as soon as possible. |
| **Do you have questions?** | If you have questions or concerns that your dealer is unable to resolve, please contact the Buick Customer Assistance Center at 1.866.608.8080 (TTY 1.800.832.8425). More information about your vehicle can be found at the Owner Center at www.gmownercenter.com |

If after contacting your dealer and the Customer Assistance Center, you are still not satisfied we have done our best to remedy this condition without charge and within a reasonable time, you may wish to write the Administrator, National Highway Traffic Safety Administration, 1200 New Jersey Avenue, SE., Washington, DC 20590, or call the toll-free Vehicle Safety Hotline at 1.888.327.4236 (TTY 1.800.424.9153), or go to http://www.safercar.gov.

Federal regulation requires that any vehicle lessor receiving this recall notice must forward a copy of this notice to the lessee within ten days.

Scott Lawson
Director,
Customer and Relationship Services

Enclosure
09047

# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

### CERTIFICATE OF TITLE FOR A VEHICLE

TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRADE CODE | DATE ISSUED

BUIC ... GA...   /2003

118 0c9090 6090902011

FAIRHOPE  AL

TRUST ...NE
BOX 305053
...VILL... TN

SUNTRUST BANK
305053
...VILLE

COMMISSIONER OF REVENUE

ESIS/GM 673732

G.M. Claim's office
6/25/09
888-861-6365
Claim # 673732 new

M Customer Service
1-800-462-8782

M Cannon          05/22/09
1-866-790-5700
ext 41358
                  old
          71-726-8770041

hris Myers Service Dept.
    Kyle
      625-8014

Vin # 2G4WB55K521195861
        02 Regal

My name is Peggy Jernigan and I write this letter in regard to my 2002 Buick Regal LS. My Buick was recently totaled by a fire which was caused by a recall. Previous to the fire I had noticed my car smelling hot maybe once or twice but it had never run hot. I had not received the recall notice for this problem and saw no reason for concern until the day of the fire. On Sunday April 26th of 2009 I drove to and from the grocery store noticing nothing wrong with the car during either trip. Upon my return from the store I carried some bags into the house leaving my grandchildren to take care of the rest. My Grandson and granddaughter noticed some black smoke coming from the hood. My Grandson then went to check the car by opening the hood, as he did more smoke followed by flames began to shoot from the hood. Acting quickly they got a fire extinguisher and put the flames out before damage was done to anything else. Because there was no damage to anything but the car and the flames were easily controlled I felt no need to call any service such as the police or firefighters so no report was made. The recall came a few weeks after the fire. I am unfortunately unable to provide any records on the car I had no intentions of ever selling or trading the car and therefore felt no reason to keep records. The car had been well kept up with routine maintenance and no changes or alterations had been made.



**COMPLAINT:** Coil packs

**CAUSE:** Engine wiring harness

**CORRECTION:** 10472430 #120 Lansing MI

ON: 10472401 #64.00 × 3 = 2000.30
OFF:

CUSTOMER CALLED BY: PCM  12309624 $844.00
TIME: _____ DATE: _____ CONTACTED? ☐ YES ☐ NO  Fed- return

CUSTOMER CALLED BY: Dellines (unconfirmed)
TIME: Wed 15/371975 DATE: _____ CONTACTED? ☐ YES ☐ NO

positive & neg battery cables  15279854 $125.00 Jackson

CUSTOMER CALLED BY: Brothers 15371975
TIME: _____ DATE: _____ CONTACTED? ☐ YES ☐ NO

$75.00 Memphis TN  $81.30
Jackson TN = $94.90

TOTAL SP&TAX LABOR  AMOUNT = $135.00
                                  = $105.9

Signature of Customer
X MARKS DAMAGE

CUSTOMER AND DEALER [are] AGREEING TO [be bound by]
THE DISPUTES BETWEEN TH[em]
DESCRIBED ABOVE BY [arb]
[ARBITR]ATION, RATHER THAN
LITIGATION IN ANY COURT

09-50026-mg    Doc 7095    Filed 09/21/10    Entered 09/23/10 14:14:25    Main Document
Pg 18 of 18

HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
:
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                          Debtors.                           :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### NOTICE OF HEARING ON
### MOTION OF DEBTORS FOR ENTRY OF
### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
### AUTHORIZING EXERCISE OF STOCK POWERS TO APPROVE AMENDMENT
### TO CERTIFICATE OF INCORPORATION OF GENERAL MOTORS COMPANY

**PLEASE TAKE NOTICE** that on August 27, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), filed a motion (the "**Motion**") for an order authorizing the Debtors, as holders of common stock in General Motors Company f/k/a NGMCO, Inc. ("**New GM**"), to exercise their common stock powers to approve a Certificate of Amendment to the Amended and Restated Certificate of Incorporation of New GM (the "**Charter Amendment**"). The Charter Amendment places certain restrictions on large shareholders of New GM, but will not affect the distributions of securities in New GM to creditors of the Debtors under a chapter 11 plan of liquidation. The Debtors believe that the Charter Amendment will preserve and enhance the value of New GM's securities, which they hold as a result of the sale of substantially all of their assets to New GM.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 24, 2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that the Motion may be accessed on the website maintained by the Debtors' claims agent, www.motorsliquidationdocket.com. A link to the Court docket is located under the "Court Docket" tab. Creditors without access to the Internet may request a copy of the Motion by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

US_ACTIVE:\43477415\03\72240.0639