> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :        Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :        09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                      :
                     Debtors.         :        (Jointly Administered)
                                      :
-------------------------------------------------------------x
```

### NOTICE OF DEBTORS' 101ST OMNIBUS OBJECTION TO CLAIMS
**(Claims Relating to Former Employees Represented by United Auto Workers)**

      **PLEASE TAKE NOTICE** that on September 23, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 101st omnibus objection to expunge certain claims relating to former

employees who are or had been represented by the International Union, United Automobile,

Aerospace, and Agricultural Implement Workers of America (the "**101st Omnibus Objection to**

**Claims**"), and that a hearing (the "**Hearing**") to consider the 101st Omnibus Objection to Claims

will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room

621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **October 26, 2010 at 9:45 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.


     **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 101ST
OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT
"A" ANNEXED THERETO.**

     **PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

101st Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on

(i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky,

Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400,

Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 400 Renaissance

Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader,

Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World

Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United

States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington,

D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export

Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael

J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP,

attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New

York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren

Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street,

Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler,

Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured

creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York

10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle,

N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **October 19,**

**2010 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 101st Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 101st Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      September 23, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :      09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

## DEBTORS' 101ST OMNIBUS OBJECTION TO CLAIMS
### (Claims Relating to Former Employees Represented by United Auto Workers)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      The Debtors file this 101st omnibus objection pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging certain claims listed on **Exhibit "A"** annexed hereto (the "**101st Omnibus Objection to Claims**")[1] filed by former employees of the Debtors (collectively, the "**UAW Employees**"), who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "**UAW**").  The Debtors do not currently employ any individuals who are represented by the UAW.

2.      The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the UAW Employees (the "**UAW Claims**") and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" are claims related to liabilities that have been assumed by General Motors, LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM. The UAW Claims include claims for the elimination or reduction of pension or welfare benefits prior to the Commencement Date (as defined below), with continuing effect after the

---

[1]      Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

Commencement Date, and/or the nonpayment of benefits with respect to such pension or welfare

benefits.  The UAW Claims also include miscellaneous claims for recognition of employee

suggestions or ideas, nonpayment of salaries or wages and other amounts, and allegations of

discrimination and adverse job actions.

3.       The Debtors believe that the agreement reached with the UAW as an

integral part of the Master Purchase Agreement absolves both the Debtors and New GM from

any liability asserted under the UAW Claims.  Nevertheless, as described further below, the

UAW Claims, to the extent valid, have been assumed by New GM pursuant to the Master

Purchase Agreement and are therefore not liabilities of MLC or the Debtors and should therefore

be disallowed and expunged.

## Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.       On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore**

**Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are jointly administered with those of the Initial Debtors under Case Number

09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and

---

[2]       The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]       The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and

statements of financial affairs.

6.      On September 16, 2009, this Court entered an order [Docket No. 4079]

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order [Docket No. 4586] establishing February 1, 2010 as the deadline for each

person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except

governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court

established April 16, 2010 as the deadline to file proofs of claim).

7.      Furthermore, on October 6, 2009, this Court entered the Procedures Order,

which authorizes the Initial Debtors, among other things, to file omnibus objections to no more

than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule

3007(d) and those additional grounds set forth in the Procedures Order.  The claimants that are

listed in Exhibit "A" have all filed claims against the Initial Debtors.

## The Master Purchase Agreement

8.      Pursuant to Section 2.3(a)(xiii) (*Assumed and Retained Liabilities*) of the

Master Purchase Agreement, New GM assumed all liabilities with respect to all employment

related obligations and liabilities pertaining to the UAW Employees, which was specifically

included as an "Assumed Liability" as follows:

> (A) all Employment-Related Obligations and (B) Liabilities under any Assumed
> Plan, in each case, relating to any Employee that is or was covered by the UAW
> Collective Bargaining Agreement, except for Retained Workers Compensation
> Claims;

None of the UAW Claims include Retained Workers Compensation Claims.

9.      The term "UAW Collective Bargaining Agreement" is defined in Section

1.1 of the Master Purchase Agreement (*Defined Terms*), to broadly include all current and former

collective bargaining agreements ("**CBAs**") with the UAW:

> "UAW Collective Bargaining Agreement" means any written or oral Contract, understanding or mutually recognized past practice between Sellers and the UAW with respect to Employees, including the UAW Active Labor Modifications, but excluding the agreement to provide certain retiree medical benefits specified in the Memorandum of Understanding Post-Retirement Medical Care, dated September 26, 2007, between Parent and the UAW, and the Settlement Agreement.  For purpose of clarity, the term "UAW Collective Bargaining Agreement" includes all special attrition programs, divestiture-related memorandums of understanding or implementation agreements relating to any unit or location where covered UAW-represented employees remain and any current local agreement between Parent and a UAW local relating to any unit or location where UAW-represented employees are employed as of the date of the Original Agreement.  For purposes of clarity, nothing in this definition extends the coverage of the UAW-GM National Agreement to any Employee of S LLC, S Distribution, Harlem, a Purchased Subsidiary or one of Parent's Affiliates; nothing in this Agreement creates a direct employment relationship with a Purchased Subsidiary's employee or an Affiliate's Employee and Parent.

10.      The term "Employment-Related Obligations" is defined in Section 1.1 of

the Master Purchase Agreement (*Defined Terms*) to include any claims of whatever type or

nature that are related to the employment or employee benefits of the UAW Employees, as

follows:

> "Employment-Related Obligations" means all Liabilities arising out of, related to, in respect of or in connection with employment relationships or alleged or potential employment relationships with Sellers or any Affiliate of Sellers relating to Employees, leased employees, applicants, and/or independent contractors or those individuals who are deemed to be employees of Sellers or any Affiliate of Sellers by Contract or Law, whether filed or asserted before, on or after the Closing.  "Employment-Related Obligations" includes Claims relating to discrimination, torts, compensation for services (and related employment and withholding Taxes), workers' compensation or similar benefits and payments on account of occupational illnesses and injuries, employment Contracts, Collective Bargaining Agreements,  grievances originating under a Collective Bargaining Agreement, wrongful discharge, invasion of privacy, infliction of emotional distress, defamation, slander, provision of leave under the Family and Medical Leave Act of 1993, as amended, or other similar Laws, car programs, relocation,

expense-reporting, Tax protection policies, Claims arising out of WARN or employment, terms of employment, transfers, re-levels, demotions, failure to hire, failure to promote, compensation policies, practices and treatment, termination of employment, harassment, pay equity, employee benefits (including post-employment welfare and other benefits), employee treatment, employee suggestions or ideas, fiduciary performance, employment practices, the modification or termination of Benefit Plans or employee benefit plans, policies, programs, agreements and arrangements of Purchaser, including decisions to provide plans that are different from Benefit Plans, and the like.  Without limiting the generality of the foregoing, with respect to any Employees, leased employees, and/or independent contractors or those individuals who are deemed to be employees of Sellers or any Affiliate of Sellers by Contract or Law, "Employment-Related Obligations" includes payroll and social security Taxes, contributions (whether required or voluntary) to any retirement, health and welfare or similar plan or arrangement, notice, severance or similar payments required under Law, and obligations under Law with respect to occupational injuries and illnesses.

11.     The term "Employee" is defined in Section 1.1 of the Master Purchase

Agreement (*Defined Terms*), and includes current or former employees, as follows:

"Employees" means (i) each employee or officer of any of Sellers or their Affiliates (including (a) any current, former or retired employees or officers, (b) employees or officers on long-term or short-term disability, military leave, sick leave, family medical leave or some other approved leave of absence and (c) employees on layoff status or with recall rights); (ii) each consultant or other service provider of any of Sellers or their Affiliates who is a former employee, officer or director of any of Sellers or their Affiliates; and (iii) each individual recognized under any Collective Bargaining Agreement as being employed by or having rights to employment by any of Sellers or their Affiliates.  For the avoidance of doubt, Employees includes all employees of Sellers or any of their Affiliates, whether or not Transferred Employees.

12.     The Master Purchase Agreement further provides at Section 6.17(f) (*UAW*

*Collective Bargaining Agreement*) that New GM assumed all employment- and employee

benefit-related obligations with respect to the UAW Employees:

Parent shall assume and assign to Purchaser, as of the Closing, the UAW Collective Bargaining Agreement and all rights and Liabilities of Parent relating thereto (including Liabilities for wages, benefits and other compensation, unfair labor practices, grievances, arbitrations and contractual obligations).  With respect to the UAW Collective Bargaining Agreement, Purchaser agrees to (i) recognize the UAW as the exclusive collective bargaining representative for the Transferred Employees covered by the terms of the UAW Collective Bargaining Agreement,

(ii) offer employment to all Applicable Employees covered by the UAW Collective Bargaining Agreement with full recognition of all seniority rights, (iii) negotiate with the UAW over the terms of any successor collective bargaining agreement upon the expiration of the UAW Collective Bargaining Agreement and upon timely demand by the UAW, (iv) with the agreement of the UAW or otherwise as provided by Law and to the extent necessary, adopt or assume or replace, effective as of the Closing Date, employee benefit plans, policies, programs, agreements and arrangements specified in or covered by the UAW Collective Bargaining Agreement as required to be provided to the Transferred Employees covered by the UAW Collective Bargaining Agreement, and (v) otherwise abide by all terms and conditions of the UAW Collective Bargaining Agreement.  For the avoidance of doubt, the provisions of this Section 6.17(f) are not intended to (A) give, and shall not be construed as giving, the UAW or any Transferred Employee any enhanced or additional rights or (B) otherwise restrict the rights that Purchaser and its Affiliates have, under the terms of the UAW Collective Bargaining Agreement.

13.    Lastly, the Master Purchase Agreement provides, at Section 6.17(e)

(*Assumption of Certain Parent Employee Benefit Plans and Policies*), that New GM shall assume

certain liabilities under specified employee benefit plans (the "**Assumed Plans**"), including both

pre- and post-petition liabilities.  All of the benefit plans covering the UAW Employees were

included in the Assumed Plans on consummation of the Master Purchase Agreement:

As of  the Closing Date, Purchaser or one of its Affiliates shall assume (i) the Parent Employee  Benefit Plans and Policies set forth on Section 6.17(e) of the Sellers' Disclosure Schedule as modified thereon, and all assets, trusts, insurance policies and other Contracts relating  thereto, except for any that do not comply in all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all employee benefit plans, programs, policies,  agreements or arrangements (whether written or oral) in which Employees who are  covered by the UAW Collective Bargaining Agreement participate and all assets, trusts, insurance and other Contracts relating thereto (the "**Assumed Plans**"), for the benefit of  the Transferred Employees and Sellers and Purchaser shall cooperate with each other to take all actions and execute and deliver all documents and furnish all notices necessary to  establish Purchaser or one of its Affiliates as the sponsor of such Assumed Plans  including all assets, trusts, insurance policies and other Contracts relating thereto. Other than with respect to any Employee who was or is covered by the UAW Collective  Bargaining Agreement, Purchaser shall have no Liability with respect to any  modifications or changes to Benefit Plans contemplated by Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent prior to the Closing Date, and Purchaser  shall not assume any Liability with respect to any such decisions or actions related  thereto, and Purchaser shall only assume the Liabilities for benefits provided pursuant to  the written terms and

conditions of the Assumed Plan as of the Closing Date. Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

14.     Because, as described above, all Employment-Related Obligations, Assumed Plans, and modifications with respect to the Assumed Plans, in each case pertaining to the UAW Employees, were assumed by New GM and such assumed liabilities encompass the subject of the UAW Claims, the Debtors have no liability for the UAW Claims.

## The Relief Requested Should Be Approved by the Court

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). As described herein, the Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the UAW Claims are not the responsibility of MLC or the Debtors, having been assumed by New GM as described above. To avoid the

possibility of recoveries by a creditor where no recovery is due, the Debtors request that the Court disallow and expunge in their entirety the UAW Claims.

## Notice

17.     Notice of this 101st Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750].  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
            September 23, 2010

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**<u>EXHIBIT A</u>**

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ADAMS, RAYMOND G<br>9343 W BELDING RD<br><br>BELDING, MI 48809 | 4541 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ALLEN, LEROY<br>3914 LAUDERHILL CIR<br><br>LANSING, MI 48911 | 4865 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ANTHONY PERRY<br>20 W CENTER ST<br><br>SOUTHINGTON, CT 06489 | 4630 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ARLO PULL<br>8944 WABASIS SHORES DR NE<br><br>GREENVILLE, MI 48838 | 1972 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BALL, GORMAN<br>1466 FAIRWAY DR<br><br>LAWRENCEBURG, IN 47025 | 2793 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BANDY, WENTFORD E<br>5866 W VERMONT ST<br><br>INDIANAPOLIS, IN 46224 | 65537 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BECKHAM, ROBERT W<br>842 STATE ROUTE 1698<br><br>WATER VALLEY, KY 42085 | 3822 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BEHRINGER, GEORGE W<br>2153 E RALEIGH DR<br><br>OKEMOS, MI 48864 | 4373 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BESIO, RUTH L<br>9527 GARY ST<br><br>HUDSON, FL 34669 | 21206 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BOULWARE, RONALD L<br>17400 REDWOOD AVE<br><br>LATHRUP VILLAGE, MI 48076 | 2051 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

101st Omnibus Objection
**Exhibit A**

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG),  Jointly Administered**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BRADDOCK-ALSTON, BETTY R<br>16820 WINTHROP ST<br><br>DETROIT, MI 48235 | 20534 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| BRADFORD, JUANITA D<br>167 LITTLE HUBBARD RD<br><br>CHARLESTON, MS 38921 | 6382 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| BROWN JR, DOCK C<br>BOX 252312 MISSISSIPPI<br><br>JOLIET, IL 60433 | 8197 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| CARTER, SARAH L<br>1476 FREDERICK CT<br><br>MANSFIELD, OH 44906 | 17700 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| CLIFFORD GODDARD<br>4102 DRUMMOND SQ #4102<br><br>FLINT, MI 48504 | 2281 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| COLE, LEONARD<br>1401 S 3RD ST<br><br>ENID, OK 73701 | 65891 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| COLEMAN, ARRELL<br>PO BOX 7462<br><br>ANN ARBOR, MI 48107 | 17702 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| COLLIER, SADIE L<br>428 MORRIS AVE<br><br>BELLWOOD, IL 60104 | 63595 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CRUMLIN, JAMES<br>C/O JOHAN GORMAL<br>9109 ANCHOR MARK DR<br>INDIANAPOLIS, IN 46236 | 4882 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DAHL, NORMAN J<br>2274 NORTH ST<br><br>MILFORD, MI 48380 | 27175 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DALE MANSSUR<br>455 WINDY BLF<br><br>FLUSHING, MI 48433 | 4442 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DANIEL GOGA<br>6875 BALMORAL TER<br><br>CLARKSTON, MI 48346 | 1999 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DARLENE NATIONS<br>3239 GLEN LILY RD<br><br>BOWLING GREEN, KY 42101 | 22055 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DAVID KELLER<br>6775 HUNTINGTON LAKES CIR<br>CONDO 201<br>NAPLES, FL 34119 | 6391 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DAVID P WIRTH<br>11012 WEST MOUNTAIN VIEW ROAD<br><br>SUN CITY, AZ 85351 | 6158 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

101st Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DELORE, THOMAS G<br>2841 BUCKNER RD<br>LAKE ORION, MI 48362 | 2023 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DIXON, LEONARD<br>509 E PASADENA AVE<br>FLINT, MI 48505 | 4998 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DRIVER, JOHNNY L<br>102 ASBURY RD<br>MALVERN, AR 72104 | 19493 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EAREGOOD, CALVIN ELLIS<br>606 PINE ST<br>CHESANING, MI 48616 | 3897 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EDWARD TOWNSEND<br>6467 BATTERY PT<br>STONE MOUNTAIN, GA 30087 | 2054 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

101st Omnibus Objection

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| EGUSQUIZA, CEFERINO<br>6363 SW 151ST PL<br><br>MIAMI, FL 33193 | 8943 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FELSTEAD, THOMAS C<br>2407 W ENGEL RD<br><br>WEST BRANCH, MI 48661 | 2743 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FRANCIS PHILLIPS<br>7832 WENDOVER AVE<br><br>BALTIMORE, MD 21234 | 7295 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FREIBURGER, HAROLD<br>2324 AURORA AVE<br><br>FLINT, MI 48504 | 16656 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GILBERT, JAMES E<br>520 LAKE JAMES DR<br><br>PRUDENVILLE, MI 48651 | 2059 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GRANVILLE GROSS<br>8250 SW 100TH STREET RD<br>OCALA, FL 34481 | 2930 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GREEN, ADOLPH<br>3043 SIMPSON RD<br>FORT GRATIOT, MI 48059 | 3830 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HETZER, JUDY ANN<br>1769 N MASON RD<br>NASHVILLE, MI 49073 | 22035 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HILL, MARVIN T<br>PO BOX 14<br>GILLESPIE, IL 62033 | 17258 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HUERTAS, JAVIER<br>5293 BINGHAM ST<br>DEARBORN, MI 48126 | 20532 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JAMES GILBERT<br>520 LAKE JAMES DR<br><br>PRUDENVILLE, MI 48651 | 2058 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JIMMY COLLINS<br>23044 COUNTRY VIEW LN<br><br>FLAT ROCK, MI 48134 | 23376 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOE BETTS<br>1563 AMBERLY DR SE<br><br>GRAND RAPIDS, MI 49508 | 65573 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN REAZER<br>1901 ELGIN AVE APT 402<br><br>BALTIMORE, MD 21217 | 7779 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHNNY DRIVER<br>102 ASBURY RD<br><br>MALVERN, AR 72104 | 19494 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JOHNSON, RICHARD W<br>4157 SHERATON DR<br>FLINT, MI 48532 | 4260 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOSEPH N JOHNSTON<br>60 SAVOY DR<br>LAKE ST LOUIS, MO 63367 | 63181 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KELLMANN, JAMES H<br>18353 S FRONTIER RD<br>PEEPLES VALLEY, AZ 86332 | 3626 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KENT, ETHEL L<br>5910 FLORES AVE<br>LOS ANGELES, CA 90056 | 3634 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KING JR, EMORY<br>PO BOX 416<br>NEWBURY, OH 44065 | 2892 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| KISH, EDWIN<br>1352 E SCHWARTZ BLVD<br><br>LADY LAKE, FL 32159 | 2553 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KOEHN, KENNETH L<br>14485 LEONARD AVE<br><br>WARREN, MI 48089 | 12826 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LINDA GOGA<br>6875 BALMORAL TER<br><br>CLARKSTON, MI 48346 | 2034 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LOVASZ, JAMES H<br>5497 HIDDEN VALLEY TRL<br><br>LINDEN, MI 48451 | 1793 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MANSSUR, DALE R<br>455 WONDY BLF<br><br>FLUSHING, MI 48433 | 4441 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MARY VALERIO<br>4685 BLACKMORE RD<br><br>LESLIE, MI 49251 | 21304 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MASON, FAYE E<br>5720 S LAKESHORE DR APT 1501<br><br>SHREVEPORT, LA 71119 | 5130 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MERLONE, DALE K<br>2533 N MASON ST<br><br>SAGINAW, MI 48602 | 2739 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MICHAEL HERNANDEZ<br>1058 CHAMPAIGN RD<br><br>LINCOLN PARK, MI 48146 | 20157 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MOSS, WENDELL J<br>PO BOX 213<br><br>FITZGERALD, GA 31750 | 2765 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MOYER, JAMES D<br>PO BOX 157<br><br>WILLIAMSBURG, KS 66095 | 7984 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NAREZO, JOSE A<br>C/O BRENDA K NAREZO<br>2357 S WAVERLY RD<br>EATON RAPIDS, MI 48827 | 27188 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NOHEL, CHARLES N<br>618 W LANSING RD<br><br>MORRICE, MI 48857 | 4200 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NOLA M COLLINS-BELLO<br>3610 N HOLMES ST<br><br>KANSAS CITY, MO 64116 | 23872 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NORRIS, MARVIN L<br>3406 NICHOLS RD<br><br>AUBURN HILLS, MI 48326 | 2033 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| PEGGY L DUNSKY<br>41378 NORTHWIND DR<br>CANTON, MI 48188 | 8210 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PERRY, ANTHONY A<br>20 W CENTER ST<br>SOUTHINGTON, CT 06489 | 4629 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PHILLIPS, FRANCIS C<br>7832 WENDOVER AVE<br>BALTIMORE, MD 21234 | 7294 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PHYLLIS E WILLETT<br>PO BOX 7391<br>BLOOMFIELD HILLS, MI 48302 | 65597 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| POTTER, GARY W<br>370 LAKE AVE<br>BRISTOL, CT 06010 | 2274 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

101st Omnibus Objection
**Exhibit A**

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG),  Jointly Administered**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| PULL, ARLO R<br>8944 WABASIS SHORES DR NE<br>GREENVILLE, MI 48838 | 3145 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| RENE MOREAU<br>32847 LAKE MEAD DR<br>FREMONT, CA 94555 | 20905 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| REYES, SHARRON S<br>4780 JAMM RD<br>ORION, MI 48359 | 7625 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| RICHARD HURRY<br>241 DECCA DR<br>WHITE LAKE, MI 48386 | 65245 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| RICHARD TITHOF<br>14200 OAKLEY RD<br>CHESANING, MI 48616 | 2057 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ROBERT BECKHAM<br>842 STATE ROUTE 1698<br><br>WATER VALLEY, KY 42085 | 3823 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RONALD VINING<br>976 WILDCAT RUN ROAD<br><br>MAGGIE VALLEY, NC 28751 | 5971 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHAEFER, WILLIAM H<br>386 MAXWELL RD<br><br>PONTIAC, MI 48342 | 6044 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHAFER, MICHAEL J<br>2929 MANNS AVE<br><br>BALTIMORE, MD 21234 | 22122 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHEALL, CALVIN C<br>611 W COURT ST STE 203<br>C/O DENISE R KETCHMARK<br>FLINT, MI 48503 | 2219 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SCOTT, MACK E<br>1319 W 107TH ST<br><br>LOS ANGELES, CA 90044 | 6599 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| SCULLEN, THOMAS R<br>2608 MAGNOLIA AVE<br><br>LIBERTY, MO 64068 | 6396 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| SHANKS, JULIAN C<br>PO BOX 23092<br><br>CINCINNATI, OH 45223 | 4380 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| SMITH, JOEL G<br>1729 HARROGATE CT<br><br>GRAYSON, GA 30017 | 2206 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| STEVEN HOLLOWAY<br>4323 AUGUSTA MANOR CT<br><br>FLORISSANT, MO 63034 | 17703 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| STEVEN WALTERS<br>15968 TURNER ST.<br><br>LANSING, MI 48906<br>UNITED STATES OF AMERICA | 27108 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| SYLVIA HURRY<br>241 DECCA DR<br><br>WHITE LAKE, MI 48386 | 65246 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| TED GIBSON<br>3863 W CHADWICK RD<br><br>DEWITT, MI 48820 | 65840 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| TERRY COLLIER<br>5000 KESSLER DR<br><br>LANSING, MI 48910 | 22498 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| THOMAS DELORE<br>2841 BUCKNER RD<br><br>LAKE ORION, MI 48362 | 2024 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TOWNSEND, EDWARD L<br>6467 BATTERY PT<br><br>STONE MOUNTAIN, GA 30087 | 1995 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| TROSEN, JAMES A<br>7155 CURTIS RD<br><br>NORTHVILLE, MI 48168 | 61976 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VORNDAM, RONALD E<br>25255 POTOMAC DR<br><br>SOUTH LYON, MI 48178 | 4449 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VRONTOS, TED V<br>4473 CLOVER LANE NW<br><br>WARREN, OH 44483 | 28978 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WEAVER RICHARD G<br>5721 BERKLEY DR<br><br>WATERFORD, MI 48327 | 65536 | Motors Liquidation Company | <br><br><br><br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WILLIE JACKSON<br>2327 LEDYARD ST<br><br>SAGINAW, MI 48601 | 12503 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| WOODS, MILTON M<br>C/O DENISE R KETCHMARK<br>611 WEST COURT STREET<br>FLINT, MI 48503 | 2217 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| WOODS, MILTON M<br>C/O DENISE R. KETCHMARK<br>611 W. COURT ST STE 203<br>FLINT, MI 48503 | 5065 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| ZAHEED, ABDUR-RAHEEM S<br>3525 ASKEW AVE<br><br>KANSAS CITY, MO 64128 | 19108 | Motors Liquidation Company | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | |
| ***CLAIMS TO BE DISALLOWED AND EXPUNGED*** | **99** | | **$0.00**  (S) | | |
| | | | **$0.00**  (A) | | |
| | | | **$0.00**  (P) | | |
| | | | **$0.00**  (U) | | |
| | | | **$0.00**  (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                   :

In re                                :                 Chapter 11 Case No.
                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.,*    :              **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*    :
                                   :

                    **Debtors.**        :                **(Jointly Administered)**
                                   :

-----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 101ST OMNIBUS OBJECTION TO CLAIMS
### (Claims Relating to Former Employees Represented by United Auto Workers)

Upon the 101st omnibus objection to expunge certain claims relating to former employees who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, dated September 23, 2010 (the "**101st Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the UAW Claims on the grounds that each UAW Claim is for an obligation for which the Debtors have no liability, all as more fully described in the 101st Omnibus Objection to Claims; and due and proper notice of the 101st Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 101st Omnibus Objection to Claims.

in the 101st Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the 101st Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 101st Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed

on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are

disallowed and expunged; and it is further

ORDERED that, if applicable, the 101st Omnibus Objection to Claims is adjourned

with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection

Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further

adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response

deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is

three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the 101st Omnibus Objection to Claims is withdrawn

with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection

Withdrawn*"; and it is further

ORDERED that, if applicable, the 101st Omnibus Objection to Claims is withdrawn

with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim

Withdrawn*," as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity,

allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect

to, (i) any claim listed on Exhibit "A" annexed to the 101st Omnibus Objection to claims under the

heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is

further

        ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
          _____, 2010

                                    _____
                                    United States Bankruptcy Judge