Robert B. Weiss
Joseph R. Sgroi
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7570
Facsimile: (313) 465-7571

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In Re** : Chapter 11
:
**MOTORS LIQUIDATION COMPANY** (f/k/a : Case No. 09-50026 (REG)
General Motors Corp.), et al., : (Jointly Administered)
:
Debtors. : Hon. Robert E. Gerber
:
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING GENERAL MOTORS LLC'S MOTION (I) FOR DECLARATORY RELIEF REGARDING THE STATUS OF A CERTAIN SUBLEASE OR, IN THE ALTERNATIVE, RELIEF FROM THE ASSUMPTION AND ASSIGNMENT OF A CERTAIN SUBLEASE TO GM PURSUANT TO RULE 60(b) AND (II) TO RESCIND THE AGREEMENT TO RESOLVE OBJECTION TO CURE NOTICE BETWEEN GM AND KNOWLEDGE LEARNING CORPORATION DATED AUGUST 14, 2009**

General Motors LLC ("**GM**"), Motors Liquidation Company f/k/a General Motors Corporation ("**MLC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), Knowledge Learning Corporation and KinderCare Learning Centers, Inc. (collectively "**KLC**" and together with GM and the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Agreed Order**") and stipulate as follows:

## RECITALS

A. On June 1, 2009 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code with this Court (collectively, the "**Chapter 11 Cases**").

B. Prior to the Petition Date, KLC operated a child care and learning facility that provided subsidized child care services to the unionized workforce at Saturn's Spring Hill manufacturing operation. KLC subleased the relevant property from Saturn, LLC under a certain Amended and Restated Sublease Agreement (the "**Sublease**"). Additionally, MLC and KLC were parties to a Model Year Competitive Assistance Program Agreement (the "**CAP Agreement**"), pursuant to which, subject to certain conditions, KLC would receive discounts on GM-brand vehicles.

C. On June 2, 2009, the Court entered its Order (I) Approving Procedures for Sale of Debtors' Assets Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III) Establishing Assumption and Assignment Procedures and Fixing Notice Procedures; and (IV) Approving Form of Notice [Docket No. 274] (the "**Sale Procedure Order**"), approving, among other things, procedures for the assumption and assignment of unexpired leases and executory contracts (the "**Assumption and Assignment Procedures**") in connection with the sale of substantially all of the Debtors' assets to GM (the "**Sale**").

D. In connection with the Assumption and Assignment Procedures and the Sale, on June 5, 2009, the Debtors sent KLC a notice of intent to assume an unexpired lease or executory contract (the "**Notice**"). GM contends that the Notice related solely to the CAP Agreement, and not to the Sublease. KLC contends that the Notice related to the Sublease.

E.	On July 5, 2009, the Court entered its Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief [Docket No. 2968] (the "**Sale Order**") approving the Sale.

F.	On July 7, 2009, KLC filed an objection [Docket No. 3030] (the "**Cure Objection**") to the proposed cure amount identified by the Notice.

G.	On or about August 14, 2009, KLC executed an agreement resolving its Cure Objection (the "**Cure Agreement**"). The Cure Agreement provided, in pertinent part, that the executory contracts and unexpired leases that GM identified in the Notice would be assumed and assigned to GM and that GM would pay $128,307.60 (the "**Cure Amount**") to KLC in satisfaction of its cure obligations.

H.	On October 23, 2009, the Debtors filed their Eighth Omnibus Motion Pursuant to 11 U.S.C § 365 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property [Docket No. 4291] (the "**Rejection Motion**"). One of the leases designated for rejection was the Sublease.

I.	On November 2, 2009, KLC filed its objection to the Rejection Motion [Docket No. 4338] (the "**Rejection Objection**") asserting that the Debtors has previously assumed and assigned the Sublease to GM and therefore could not reject it.

J.	On January 28, 2010, GM filed its Motion (I) for Declaratory Relief Regarding the Status of a Certain Sublease or, in the Alternative, Relief from the Assumption and Assignment of a Certain Sublease to GM Pursuant to Rule 60(b) and (II) to Rescind the

3

Agreement to Resolve Objection to Cure Notice Between GM and Knowledge Learning Corporation Dated August 14, 2009 [Docket No. 4895] (the "**Motion**") seeking an order from this Court (i) determining that the CAP Agreement was assumed by the Debtors and assigned to GM; (ii) finding that the Sublease was not assumed by the Debtors and assigned to GM, or alternatively, granting GM relief from any order authorizing such assignment under Federal Rule of Civil Procedure 60 (as incorporated by Federal Rule of Bankruptcy Procedure 9024); and (iii) rescinding the Cure Agreement on the basis of mutual mistake.

K.  On April 2, 2010, KLC filed its objection to the motion [Docket No. 5405] (the "**Objection**") opposing the relief sought by GM. On April 26, 2010, GM filed its reply to the Objection [Docket No. 5595] (the "**Reply**") in support of the Motion.

L.  GM and KLC have entered into a separate agreement (the "**Settlement Agreement**") resolving the Rejection Motion in connection with the ongoing business relationship between GM and KLC.

M.  The Parties have agreed to the resolution of the Motion, the Rejection Motion, the Objection and the Rejection Objection on the terms set forth in this Stipulation and Agreed Order and the Settlement Agreement.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, do hereby agree as follows:

## **STIPULATION**

1.  Effective upon the date (the "**Effective Date**") this Stipulation and Agreed Order has been entered by the Court:

    (a)  the Motion is withdrawn;

        (b)    the assumption of the Sublease by the Debtors and assignment of the Sublease to GM is authorized and approved; and

        (c)    the assumption of the CAP Agreement by the Debtors and assignment of the CAP Agreement to GM is authorized and approved.

2.    Within ten business days of the Effective Date, GM will pay a settlement amount to KLC under the Settlement Agreement in full and final satisfaction of any claims which KLC has or may have against the Debtors or GM including, but not limited to, any amounts due to KLC under the Sublease or the CAP Agreement, any cure amounts required to be paid under section 365 of the Bankruptcy Code in connection with the assumption of the Sublease and the CAP Agreement, and any administrative expense claims to which KLC may be entitled.

3.    Effective upon GM's payment of the settlement amount to KLC under the Settlement Agreement, KLC and its affiliates release the Debtors from any and all claims (including any prepetition claims and administrative expense claims) that they may hold against the Debtors' estates.

4.    GM waives and releases any claims it may have that the Debtors are required to pay any amounts due from GM to KLC under this Stipulation and Agreed Order or the Settlement Agreement.

5.    This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court. No statement made or action taken in the negotiation of this Stipulation and Agreed Order, which is not set forth herein or contained in the Settlement Agreement, may be used by any Party for any purpose whatsoever.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulation and Agreed Order.

7. This Stipulation and Agreed Order is subject to the approval of the Court. If this Stipulation and Agreed Order is not approved by the Court, this Stipulation and Agreed Order will be deemed null and void, and will not be referred to or used for any purpose by any of the Parties in these Chapter 11 Cases.

8. The Parties represent and warrant to each other that the signatories to this Stipulation and Agreed Order have full power and authority to enter into this Stipulation and Agreed Order and to bind the Parties.

9. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation and Agreed Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

Dated: September 3, 2010

| | |
|---|---|
|     /s/ Austin L. McMullen<br>Austin L. McMullen<br>Bradley Arant Boult Cummings LLP<br>1600 Division Street, Suite 700<br>P.O. Box 340025<br>Nashville, TN  37203<br>Telephone:  (615) 252-2307<br>*Counsel for Knowledge Learning Corporation and KinderCare Learning Centers, Inc.* |     /s/ Joseph R. Sgroi<br>Robert B. Weiss<br>Joseph R. Sgroi<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI  48226<br>Telephone:  (313) 465-7570<br>*Counsel for General Motors LLC* |

    /s/ Frank A. Oswald
Frank A. Oswald
Naomi Moss
Togut, Segal & Segal LLP
One Penn Plaza
Suite 3335
New York, NY  10119
Telephone: (212) 594-5000
*Counsel for Debtors and Debtors in Possession*

IT IS SO ORDERED:

| | |
|---|---|
| Dated:  New York, New York<br>    **<u>September 24, 2010</u>** | *s/ **Robert E. Gerber***<br>HONORABLE ROBERT E. GERBER<br>UNITED STATES BANKRUPTCY JUDGE |

DETROIT.4145591.3