UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SEP 27 2010
U.S. BANKRUPTCY COURT, SDNY

In Re                                        :
GENERAL MOTORS CORP.,                        :
et. al.,                                     :
        Debtors                      :   **Chapter 11 Case No. 09-50026(REG)**
                                     :
                                     :
                                     :
                                     :
                                     :

## **EMERGENCY REQUEST FOR EXPEDITED MANDATORY JUDICIAL NOTICE**

### *I. Introductory Statement*

    Petitioner, Billy Ray Kidwell, comes before this Court seeking an Emergency Expedited, Mandatory Judicial Notice of the facts stated herein, that are known to this Court, or readily proveable with a quick visit to the Court's Computer(s), since it is all Public Record.

    Petitioner is being severely irreparabily harmed, **and having his life endangered**, by the ongoing intentional violation of this Court's ORDERS by the General Motors Company, LLC., the governance of General Motors, LLC, its in-house Legal Department, and hired attorneys, who have been terrorizing the Petitioner, a severely disabled, highly decorated Service-Connected Vietnam Combat Veteran, and his family, with their wrongful conduct.

    Petitioner, a severely disabled 100% Service-Connected Vietnam Combat Veteran, supporting himself, and his family, off his fixed VA disability, and Social Security, purchased a Chevy S-10 from the former General Motors Corporation, not knowing it was one of the last S-10 models coming off the assembly line, and full of defects.

    The Florida State Lemon Law Process issued a **JUDGMENT** finding that Kidwell's new GM Truck had a defective knocking engine that would unexpectly stop running, a defective whining, slipping, and fluid leaking, transmission, windows, and doors that leaked water in, causing the new truck to fill with dangerous mold, a third door with a broken handle that would open, and endanger Petitioner's minor child when she road in the truck, an electrical short from

1

having the wrong wiring harness, a gas guage that never worked, saying the gas tank was full when it was empty, causing Petitioner to be stranded numerous times with his disabilities, a numb side, a bad leg, and a bad heart, and lungs making it impossible for Petitioner to walk and seek help.

In the first couple of months Petitioner's Lemon Truck ceased to run at all leaving it stranded in Petitioner's driveway blocking, and hindering, Petitioner's access to his own house.

Florida's Lemon Law Process Judgment ORDER found that Petitioner's Truck far exceeded the state requirements for a Vehicle to be a "*Lemon*".

Petitioner was denied Florida State Lemon Law Relief solely due to General Motors hiring an employee of the Sitel Corporation to pose as a member of GM's Corporate Governance, in a number of GM Letters, with GM Letterheads, saying she was a GM Customer Service Manager in GM's Headquarters in Detroit, Michigan, and claiming that Petitioner sent his Lemon Law Notice by Regular Mail to GM, instead of Registered Mail as required by Florida's Lemon Law Statutes.

Everyone admits that GM has not provided a new working pickup truck to Kidwell, like Kidwell paid for, and that in reality General Motors has out, and out, robbed Kidwell, and cheated Kidwell out of a massive amount of money, causing great hardship on Kidwell, his wife, and minor child as a result of the General Motors Company's dishonest business practices.

The only disagreement is that General Motors Governance is intent on stealing Kidwell's money, and will use any dishonest scheme, or method, to do so, and for the past year have intentionally lied to the Courts fraudulently claiming that they do NOT have to honor GM New Vehicle Warranties, or State Lemon Laws, because of the Bankruptcy Action in this Court.

Petitioner obtained proof that the employee, Carolyn Westberg, was NOT a GM Employee, but was instead an employee of the Sitel Corporation which was hired by GM Governance to deny Kidwell an honest Lemon Law Process in Florida.

Petitioner obtained proof that Carolyn Westberg was never in the GM Headquarters in Detroit, as her letters, and GM Letters claimed, and that she was at all times in Tampa, Florida while GM was secretly forwarding the letters arriving at their Detroit Headquarters for Carloyn Westberg, to the Sitel Corporation in Tampa Florida where Carolyn Westberg was a supervisor.

2

That the governance of General Motors was engaged in *"Honest Services Mail Fraud"* to corrupt Petitioner's Florida State Lemon Law Process.

Petitioner obtained proof, by means of obtaining the actual letters, proving that the governance of General Motors had forged at least four letters, with General Motors Letterheads, all dated the same, exact day, claiming Carolyn Westberg was a GM Executive in Detroit, and containing completely conflicting facts, and accounts of Kidwell's Lemon Law Contact with GM, and that GM brought those letters to Kidwell's BBB Lemon Law Hearing and selected, and used the fake letter that GM deemed it needed to claim a techinical error by Kidwell, to defraud him out of his State Lemon Law Relief.

GM had the four conflicting letters so that no matter what Petitioner testified at his Lemon Law Hearing GM would have a fake letter with a response that would give them a techinical excuse for not complying with Florida's Lemon Laws and returning the money they had swindled Kidwell out of with their Lemon Truck.

Florida Law specifically authorized review of Kidwell's Lemon Law Process in Court (See Chapter 681) and Kidwell filed sue in Charlotte County Florida having proof of the massive Lemon Law Fraud by General Motors.

*To avoid losing in Court*, the governance of GM had their hired Florida Attorneys violate this Court's ORDER of July 5, 2009 and refuse to accept Kidwell's Written Vehicle Warranty, and State Lemon Law Obligations, as an Assumed Liability, as this Court ORDERED.

The Governance of General Motors, and General Motors, LLC fraudulently told the State Court that this Court's ORDER of July 5, 2009 was a bar to Petitioner having Vehicle Warranty Rights, and was also a bar to Petitioner having Florida State Lemon Law Rights.

The Governance of General Motors, and General Motors, LLC fraudulently told the Florida State Court that this Court's ORDER of July 5, 2009 specifically barred GM Consumers from enforcing their new GM Vehicle Warranty Claims in Court, as authorized by Florida Lemon Laws

The Governance of General Motors, and General Motors, LLC fraudulently told the Florida State Court that this Court's ORDER of July 5, 2009 specifically barred GM Consumers from having Florida State Lemon Law Rights.

3

The Governance of General Motors, and General Motors, LLC fraudulently used this Court's ORDER of July 5, 2009 to deceive the State Court, and OBSTRUCT Petitioner's access to Florida's Lemon Law Process, by means of a Lemon Law Lawsuit where Petitioner could present the overwhelming evidence of fraud in the Lemon Law Process by General Motors.

As this Court knows this Court's ORDER of July 5, 2009 specifically made GM Vehicle Warranties an Assumed Liability for the purchaser, General Motors, LLC., and made State Lemon Law Procedures an OBLIGATION for General Motors, LLC.

After the governance of General Motors, LLC, and General Motors, LLC, had intentionally violated this Court's ORDER of July 5, 2009 and refused to accept new GM Vehicle Warranties as an Assumed Liability, and refused to accept State Lemon Law Processes in regards to their vehicles, as an Obligation for the purchaser, as required by said ORDER, General Motors, LLC actually intentionally lied to the Florida State Court as to what this Court's ORDER actually said.

General Motors, LLC told the State Court in Petitioner's Lawsuit that this Court barred new GM Vehicle Warranties, and State Lemon Law Actions because of the Bankruptcy.

The violation of this Court's ORDER requiring New GM Vehicle Warranties, and State Lemon Law Processes, to be an Obligation of General Motors, LLC resulted in the State Court suspending all actions in the State Lemon Law Lawsuit of Petitioner, solely because of the fraudulent statements by General Motors, LLC claiming that the Bankruptcy Court barred Vehicle Warranties, and State Lemon Law Proceedings.

General Motors, LLC., and the Governance of GM, have caused so much irreparable harm to the severely disabled Petitioner with their intentional violation of this Court's ORDERS, that Petitioner has been suffering constant heart pains, cannot sleep, and fears that he may soon suffer either a fatal heart attack, or at least a life-threatening heart attack, if this Court does not act promptly.

It is because his very life is in danger that Petitioner seeks Emergency Treatment of this Request for Judicial Notice, and a Motion to Show Cause, Petitioner is filing before this Court.

## *II. Jurisdiction*

This Court retained jurisdiction over this Bankruptcy Action and enforcement of its Court ORDERS.

## *III. Standing*

The Petitioner, Billy Ray Kidwell, is an *"Assumed Liability"* in this Court's Order of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), in that Kidwell had an Express Written Warranty for a New Chevy Truck, and was engaged in the Lemon Law Process with GM.

The Petitioner, Billy Ray Kidwell, is also an *"Assumed Liability"* according to the Amended and Restated Master Sale and Purchase Agreement attached to this Court's ORDER of July 5, 2009 that is signed by Frederick A. Henderson.

The Petitioner has a personal interest, <u>as an unnamed party</u>, in this action, and is a victim of the willful, ongoing, violation of this Court's ORDERS by General Motors, LLC., and its Corporate Governance.

## *IV. Reason for Emergency Request for Expedited Treatment by Court*

The *Pro Se Petitioner* is extremely disabled with life-threatening disabilities that are being intentionally aggrivated, at the direction of GM Chairman, Edward E. Whitacre, Jr., the governance of General Motors, LLC., and their legal department, as they blantantly, and intentionally, violate this Court's ORDER(s), and the Amended and Restated Master Sale and Purchase Agreement, as is described herein.

The facts supporting this Emergency Request are as follows;

5

1. The Petitioner is a severely disabled 100% Service-Connected Disabled Vietnam Combat Veteran.

2. Since October 10, 1970 the *Pro Se Appellant* has been continiously treated by doctors at the VA (now called Department of Veterans Affairs) for a severe stress disorder called P.T.S.D., for a severe sleeping disorder, for a stomach disorder, for bad lungs, for a bad heart, for a back injury durring combat, for one side being numb from the back injury, for a bad leg from combat, for reoccurring maleria, and for non-healing sores on his head that bleed as a result of Agent Orange posioning.

3. The severely disabled *Pro Se Appellant*, has been found by the Department of Veterans Affairs to be 100% Service Connected and disabled for life. [The rating actually came to more than 100% but 100% is all they could give].

4. The Social Security Administration has Appellant to be "*Disabled since the date of his Army Discharge*" and unable to engage in gainful employment, which after ten (10) years became, and now is, <u>permanent.</u>

5. The State of Florida has found Appellant to be disabled for life and issued Appellant a Lifetime Disabled Hunting, and Fishing License, Disabled Veteran License Plates, a Disability Card for his vehicle, and 100% Disabled Veteran Tax Exemption.

6. The Department of Defense found the Appellant to be totally disabled at 100% Service-Connected and issued the Appellant a Military ID, and Privilege Card, for life.

7. The former President of the United States, President Clinton, contacted the Appellant and ORDERED an investigation of the Department of Veterans Affairs, for illegally destroying Appellant's VA Claim File, to illegally cheat the Appellant, and personally asked the Surgeon General of the United States to review Appellants disabilities.

6

8. The Surgeon General of the United States did a personal review, and evaluation, of Appellant's disabilities, and found Appellant, Billy Ray Kidwell, to be completely, and totally, disabled for life, <u>as a result of his Army Service in Vietnam</u>, and unable to engage in gainful employment.

9. Federal Administrative Law Judge Farr in Lexington, Kentucky specifically stated in a Court ORDER that the Highly Decorated Appellant, Billy Ray Kidwell, had engaged in **"*excessive military combat, and was in far more danger then other troops*"** because of Appellant being on his own as a "*Honcho*", or "*Military Advisor*", and that the "*Highly Decorated Vietnam Veteran, Billy Kidwell, had been appallingly deceived, cheated, and outrageously abused by the country he fought for*", and found Appellant "*to be completely disabled from the date of his Army Discharge*", backdating Kidwell's Social Security to the date of Kidwell's Army Discharge.

10. The United States District Courts in Fort Myers, Florida, Louisville, Kentucky, and Washington, D.C., all found Appellant, <u>in different cases</u>, to be disabled, <u>within the meaning of the ADA</u>, and fully entitled to the protections thereof.

11. The United States Court of Appeals in Washington, D.C. has noted in a Court Order the Appellant receives, <u>and is fully entitled to</u>, disability for Social Security, and 100% Service-Connected VA Benefits for his Army Service in Vietnam.

12. V.A. Medical Records prove that in addition to the back injury, leg, numb side, head sores, reoccuring jungle fever, sleeping disorder, and other medical problems from his Vietnam Service Kidwell has had at least one Stress-Caused Heart Attack that damaged his heart, resulting in Kidwell's heart operating at only 40%.

13. V.A. Doctors have repetely told Kidwell the next Stress-Caused Heart Attack could cause his death.

14. Kidwell has made GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC. fully aware of his dire medical condition, and how violating this Court's ORDERS could cause Petitioner's death.

15. Upon learing the facts described in paragraph fourteen (14) above, and the very real threat to Petitioner's life, should Petitioner be subject to undue stress by the intentional violation of this Court's ORDERS in the GM Bankruptcy Case, GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC embarked on a scheme to intentionally cause Petitioner as much stress, as possible, by not only intentionally violating this Court's ORDERS, but by constantly telling Petitioner that they will never abide by this Court's ORDERS in a scheme to steal money from the Petitioner, and not provide Petitioner with a running new truck, like Petitioner paid GM for.

16. Petitioner can produce over forty (40) years of doctors who can tell this Court that Petitioner is far to ill to continue to be intentionally tortured by GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC, and that it is clearly going to result in Petitioner's death.

17. Petitioner is being irreparabily harmed by the massive, undue stress of GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC, absolutly refusing to abide by this Court's ORDERS.

It is for these reasons that Petitioner respectfully asks this Court to give his motion(s) Expedited Emergency Treatment. **<u>To hopefully prevent Petitioner's Death.</u>** [There is no way to stop the irreparable harm caused to Petitioner's health by the ongoing intentional violation of this Court's ORDERS by those named individuals].

### *V. Specific Request(s) for MANDATORY Judicial Notice*

Petitioner seeks MANDATORY JUDICIAL NOTICE of the following;

1. That this Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that all Liabilities arising under express written warranties of Sellers, that are specifically identified as warranties, and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing are ***"Assumed Liabilities"*** that the new General Motors, LLC. is responsible for.

2. That this Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that All obligations under State Lemon Laws are ***"Assumed Liabilities"*** that the new General Motors, LLC. is responsible for.

3. That this Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that not only does NGMCO, Inc. (now called General Motors Compancy LLC), assume Stste Lemon Law obligations, but also assumes other related regulatory obligations under such statutes.

4. That simply put, the parties, <u>and this Court</u>, wanted to restore public confidence in General Motors, and the Vehicles General Motors would be selling, by standing behind Vehicle Warranties, and State Statutory Rights, including Related Regulatory Obligations, and NOT having consumers lose their warranty, or Lemon Law Rights, by the Bankruptcy.

9

5. That this Court's ORDER was issued on July 5, 2009.

6. That on July 7, 2009, **a mere two days AFTER** the new General Motors, LLC was ORDERED by this Court to accept Vehicle Warranties, State Lemon Law Actions, and Related Regulatory Obligations, **as an Assumed Assect**, Attorneys for the new General Motors Company, LLC filed a NOTICE in a Florida Lemon Lawsuit against GM, <u>authorized by Florida's State Lemon Law Statutes, and part of the State Lemon Law Process, known as Chapter 681</u>, telling the Florida Court, and the severely disabled *Pro Se Petitioner*, that because of the Backruptcy in this Court General Motors was IMMUNE from honoring Vehicle Warranties, and Immune from State Lemon Law Actions. [See attached Affidavit and Exhibit titled *"Notice of Bankruptcy"* filed on July 7, 2009 in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida.]

7. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida, and was not truthful about GM New Vehicle Warranties, State Lemon Law Actions, and other Related Regulatory Obligations under such statutes, being an Assumed Assect, and legal Obligation of the new General Motors Company, LLC pursuant to this Court's ORDER of July 5, 2009.

8. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida, and was not truthful about this Court's ORDER of July 5, 2009, and how State Lemon Law Actions were an Assumed Assect, and Obligation, for the new General Motors, LLC.

9. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida,

10

and was not truthful about the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), that was attached to this Court's ORDER of July 5, 2009.

10. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, was fully aware of this Court's ORDER of July 5, 2009, and the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), that was attached to this Court's ORDER of July 5, 2009, on July 7, 2009 when General Motors, LLC filed the Fraudulent Bankruptcy NOTICE in the Florida Lemon Law Lawsuit Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida.

11. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, intentionally violated this Court's ORDER of July 5, 2009 by not accepting Petitioner's New GM Vehicle Warranty as an Assumed Liability, and Obligation, as ORDERED by this Court in said ORDER.

12. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that General Motors, LLC, intentionally violated this Court's ORDER of July 5, 2009 by not accepting Petitioner's State Lemon Law Action, in regards to his New GM Vehicle Warranty, as an Assumed Liability, and Obligation, as ORDERED by this Court in said ORDER.

13. The Florida State Court stopped all actions in Petitioner's State Lemon Law Action, Case No. 05-1747-CA in Charlotte County Florida, starting on July 7, 2009 to the present, denying Petitioner his Constitutional Rights to Access to the Courts, Due Process, and Equal Protection of the Law, including Petitioner's Fourteenth Amendment Rights, **solely because of General Motors, LLC violating this Court's ORDER of July 5, 2009**, and intentionally lying to the State Court about new GM Vehicle Warranties, and State Lemon Law Actions, being an Assumed Liability, and Obligation of the new General Motors, LLC.

14. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that Petitioner has been denied his Florida State Lemon Law Rights from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

15. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that Petitioner has been denied his First Amendment Right of Access to the Florida Courts in a Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

16. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that Petitioner has been denied his Due Process Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

17. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that Petitioner has been denied his Fourteenth Amendment Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations. [A time period of in excess of one (1) year and two (2) months.]

18. Petitioner seeks **MANDATORY JUDICIAL NOTICE** that Petitioner has been denied his Florida State Statutory Lemon Law Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

19. Petitioner filed a Federal Lawsuit in the United States District Court at Fort Myers against General Motors, LLC., for intentional violations of the Magnuson-Moss Warranty Act, and to enforce Florida's State Lemon Laws, by the new General Motors, LLC.

20. Once again the attorneys for the new General Motors, LLC lied to the Court, and told the United States District Court at Fort Myers that General Motors was immune from complying with new Vehicle Warranties, and from complying with State Lemon Laws, or the Magnuson-Moss Warranty Act, because of this Court's ORDER of July 5, 2009.

21. The attorneys for the new General Motors, LLC lied to the Federal Court, and told the United States District Court at Fort Myers that General Motors, LLC does NOT have Assumed Liabilities for Vehicle Warranties.

22. The attorneys for the new General Motors, LLC lied to the Federal Court, and told the United States District Court at Fort Myers that General Motors, LLC does NOT have Obligations for State Lemon Law Claims.

23. Such statements directly violate this Court's ORDER of July 5, 2009 that specifically made Warranties, and Lemon Law Proceedings an Assumed Liability, and Obligation.

24. This Court MUST find General Motors Company, LLC, its governance, and Attorneys in Contempt of this Court's ORDER of July 5, 2009.

25. Petitioner seeks **MANDATORY JUDICIAL NOTICE** specifically stating that Billy Ray Kidwell is not barred from seeking enforcement of his GM Truck New Vehicle Warranty because of this Court's Bankruptcy Proceeding.

26. Petitioner seeks **MANDATORY JUDICIAL NOTICE** specifically stating that Billy Ray Kidwell is not barred from seeking enforcement of his GM Truck New Vehicle Warranty because of the Amended, and Restated Master Sale and Purchase Agreement with NGMCO, Inc., now called General Motors Company, LLC.

27. Petitioner seeks **MANDATORY JUDICIAL NOTICE** specifically stating that Billy Ray Kidwell is not barred from enforcement of his Florida State Lemon Law Rights because of this Court's Bankruptcy Proceeding.

28. Petitioner seeks **MANDATORY JUDICIAL NOTICE** specifically stating that Billy Ray Kidwell is not barred from seeking enforcement of Related Regulatory Obligations to his New Vehicle Warranty, as authorized by Florida Law, including the Magunson-Moss Warranty Act.

29. This Court MUST take Emergency Mandatory JUDICIAL NOTICE of these facts.

*VI. Relief*

1. Petitioner seeks a Court ORDER from this Court that specifically takes MANDATORY JUDICIAL NOTICE of each of the specific requests above.

2. Petitioner specifically seeks a Court ORDER stating that Billy Ray Kidwell is not barred from seeking enforcement of his GM Truck New Vehicle Warranty because of this Court's Bankruptcy Proceeding.

3. Petitioner specifically seeks a Court ORDER stating that Billy Ray Kidwell is not barred from seeking enforcement of his GM Truck New Vehicle Warranty because of the

Amended, and Restated Master Sale and Purchase Agreement with NGMCO, Inc., now called General Motors Company, LLC.

4. Petitioner specifically seeks a Court ORDER stating that Billy Ray Kidwell is not barred from enforcement of his Florida State Lemon Law Rights because of this Court's Bankruptcy Proceeding.

5. Petitioner specifically seeks a Court ORDER stating that Billy Ray Kidwell is not barred from seeking enforcement of Related Regulatory Obligations to his New Vehicle Warranty, as authorized by Florida Law, including the Magunson-Moss Warranty Act because of this Court's Bankruptcy Proceeding.

6. Petitioner seeks a Court ORDER specifically stating that General Motors Company, LLC was not truthful if it stated that this Court's Bankruptcy Proceedings was a bar to any of those actions, and that GM Vehicle Warranties are an Assumed Liability for the new General Motors, LLC, and that State Lemon Law Obligations were an Assumed Liability.

7. Petitioner seeks any, and all other relief that he is entitled to.

Respectfully Submitted,

*Billy R Kidwell*                                                                 September 20, 2010

Billy Ray Kidwell

5064 Silver Bell Drive

Port Charlotte, FL. 33948    941 627-0433

## CERTIFICATE OF SERVICE

I, Billy Ray Kidwell, hereby certify that a true and correct copy of the attached was served on Defendants on this the 20th day of September 2010 by mailing a true and correct copy of same to "Legal Department, General Motors Company, LLC., P.O. Box 33170, Detroit, MI 48232-5170" the contact address on their website.

_Billy R Kidwell_
Billy Ray Kidwell