UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SEP 27 2010

In Re
GENERAL MOTORS CORP.,
et. al.,
        Debtors

**Chapter 11 Case No. 09-50026(REG)**

## MOTION TO SHOW CAUSE WHY GENERAL MOTORS LLC., AND ITS CORPORATE GOVERNANCE, SHOULD NOT BE HELD IN CONTEMPT FOR INTENTIONALLY VIOLATING THIS COURT'S ORDERS, WHILE TERRORIZING A DISABLED COMBAT VETERAN, AND HIS FAMILY

*I. Introduction*

      The Petitioner, Billy Ray Kidwell, is an *"Assumed Liability"* in this Court's Order of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), in that Kidwell had an Express Written Warranty for a New Chevy Truck, and was engaged in the Lemon Law Process with GM.

      The Petitioner, Billy Ray Kidwell, is also an *"Assumed Liability"* according to the Amended and Restated Master Sale and Purchase Agreement attached to this Court's ORDER of July 5, 2009 that is signed by Frederick A. Henderson.

      The Petitioner would like to make one thing extremely clear. Petitioner does not seek to contest the outcome of any warranty issue with this Motion to Show Cause.

      Petitioner merely wants his day in Court, that is being denied to him because of the new General Motors, LLC telling Florida's Court's that new Vehicle Written Warrenties are NOT an Assumed Liability, and that the new General Motors Company, LLC does not have to honor Vehicle Warranties because of the GM Bankruptcy in this Court.

1

General Motors, LLC is also telling Florida's Courts that Florida State Lemon Law Actions are barred because of the GM Bankruptcy in this Court, and the GM Sale Order signed by Judge Gerber.

Those statements being made by General Motors, LLC has OBSTRUCTED the Petitioner's Access to Florida's Courts for over a year, and are in direct CONFLICT with the Order signed by Judge Gerber authorizing the sale of GM Assects signed on July 5, 2009.

This motion is filed because this Court ORDERED the new General Motors LLC to **accept** Vehicle Warranties, and State Lemon Law Procedures, and other regulatory obligations under such statutes, as an *"Assumed Liability"*.

The Governance of General Motors, and especially Chairman Whitacre, have been made fully aware that GM Attorneys have told Florida's Courts that GM will not honor Billy Kidwell's new Vehicle Warranty because of this Court's Bankruptcy, that GM Attorneys told the Courts in Florida is a BAR to honoring Kidwell's new Vehicle Warranty.

The Governance of General Motors, and especially Chairman Whitacre, have been made fully aware that GM Attorneys have told Florida's Courts that Florida Lemon Law Actions are bared by this Court's Bankruptcy Sale ORDER.

The Petition has written each member of the new General Motors Governance mulitable times, over, and over, and Kidwell has posted a number of videos on YouTube making Whittacre, and the Governance of General Motors Company, LLC fully aware that they are intentionally violating this Court's ORDER for new Vehicle Warranties, and State Lemon Law Obligations to be an Assumed Liability for the new General Motors Company, LLC.

The GM Sale Agreement specifically states that General Motors, LLC is responsible for;

**"(A)** *all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing and*

2

**(B)** *All obligations under Lemon Laws."*

General Motors, LLC, with the full knowledge of Chairman Whittacre, and approval, has been intentionally violating this Court ORDER for over a year, OBSTRUCTING Kidwell's access to the Courts over a year, and causing the severely disabled Petitioner so much undue stress that he suffers constant heart pains, and his health has greatly detoriated.

This Court MUST require Chairman Whittacre, the Board of Directors, GM's Attorneys, and the new General Motors Company, LLC to SHOW Cause why they should not be held in Contempt and have substantial Sanctions imposed for them ongoing attempts to cause massive, irreparable harm to the severely disabled Petitioner.

There is a very real possibility the Governance of GM may cause the death of Petitioner, and should Petitioner have a fatal heart attack the governance of GM MUST be charged with manslaughter.

Pitioner has also filed a request for Mandatory Judicial Notice to assist with the issues in this Motion to Show Cause.

*II. Jurisdiction*

This Court retained jurisdiction over this Bankruptcy Action and enforcement of its Court ORDERS.

*III. Standing*

The Petitioner, Billy Ray Kidwell, is an *"Assumed Liability"* in this Court's Order of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), in that Kidwell had an Express Written Warranty for a New Chevy Truck, and was engaged in the Lemon Law Process with GM.

3

The Petitioner, Billy Ray Kidwell, is also an "*Assumed Liability*" according to the Amended and Restated Master Sale and Purchase Agreement attached to this Court's ORDER of July 5, 2009 that is signed by Frederick A. Henderson.

The Petitioner has a personal interest, <u>as an unnamed party</u>, in this action, and is a victim of the willful, ongoing, violation of this Court's ORDERS by General Motors, LLC., and its Corporate Governance.

*IV. Facts*

The Petitioner is a severely disabled 100% Service-Connected Disabled Vietnam Combat Veteran.

Since October 10, 1970 the *Pro Se Appellant* has been continiously treated by doctors at the VA (now called Department of Veterans Affairs) for a severe stress disorder called P.T.S.D., for a severe sleeping disorder, for a stomach disorder, for bad lungs, for a bad heart, for a back injury durring combat, for one side being numb from the back injury, for a bad leg from combat, for reoccurring maleria, and for non-healing sores on his head that bleed as a result of Agent Orange posioning. Petitioner also has a history of at least one Stress-Caused Heart Attack.

The Petitioner, Billy Ray Kidwell, has made GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC. fully aware of his dire medical condition, and how violating this Court's ORDERS could cause Petitioner's death.

Upon learning the facts described in paragraph fourteen (14) above, and the very real threat to Petitioner's life, should Petitioner be subject to undue stress by the intentional violation of this Court's ORDERS in the GM Bankruptcy Case, GM Chairman, Edward E. Whitacre, Jr., Frederick A. Henderson, and the Legal Department at the new General Motors Company, LLC embarked on a scheme to intentionally cause Petitioner as much stress, as possible, by not only intentionally violating this Court's ORDERS, but by constantly telling Petitioner, *by means of their attorneys*, that they will never abide by this Court's ORDERS, in a scheme to steal money from the Petitioner, and not provide Petitioner with a running new truck, like Petitioner paid GM for.

4

This Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that all Liabilities arising under express written warranties of Sellers, that are specifically identified as warranties, and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by Sellers or Purchaser prior to or after the Closing are ***Assumed Liabilities*** that the new General Motors, LLC. is responsible for.

This Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that All obligations under State Lemon Laws are ***Assumed Liabilities*** that the new General Motors, LLC. is responsible for.

This Court's ORDER of July 5, 2009 Authorizing Sale of Assects Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), specifically stated that not only does NGMCO, Inc. (now called General Motors Compancy LLC), assume State Lemon Law obligations, but also assumes other related regulatory obligations under such statutes.

On July 7, 2009, **a mere two days AFTER** the new General Motors, LLC was ORDERED by this Court to accept Vehicle Warranties, State Lemon Law Actions, and Related Regulatory Obligations, **as an Assumed Assect**, Attorneys for the new General Motors Company, LLC filed a NOTICE in a Florida Lemon Lawsuit against GM, <u>authorized by Florida's State Lemon Law Statutes, and part of the State Lemon Law Process, known as Chapter 681</u>, telling the Florida Court, and the severely disabled *Pro Se Petitioner*, that because of the Backruptcy in this Court General Motors was IMMUNE from honoring Vehicle Warranties, and Immune from State Lemon Law Actions.

General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida, and was not truthful about GM New Vehicle Warranties, State Lemon Law Actions, and other Related Regulatory Obligations under such statutes, being an Assumed Assect, and legal Obligation of the new General Motors Company, LLC pursuant to this Bankruptcy Court's ORDER of July 5, 2009.

5

General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida, and was not truthful about this Court's ORDER of July 5, 2009, and how State Lemon Law Actions were an Assumed Assect, and Obligation, for the new General Motors, LLC.

General Motors, LLC, and its Florida Attorneys, did intentionally lie to the State Court in Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida, and was not truthful about the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), that was attached to this Court's ORDER of July 5, 2009.

General Motors, LLC, was fully aware of this Court's ORDER of July 5, 2009, and the Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc. (now called General Motors Compancy LLC), that was attached to this Court's ORDER of July 5, 2009, on July 7, 2009 when General Motors, LLC filed the Fraudulent Bankruptcy NOTICE in the Florida Lemon Law Lawsuit Case No. 05-1747-CA in the Circuit Court of the Twentieth Judicial Circuit in Charlotte County Florida.

General Motors, LLC, intentionally violated this Court's ORDER of July 5, 2009 by not accepting Petitioner's New GM Vehicle Warranty as an Assumed Liability, and Obligation, as ORDERED by this Court in said ORDER.

General Motors, LLC, intentionally violated this Court's ORDER of July 5, 2009 by not accepting Petitioner's State Lemon Law Action, in regards to his New GM Vehicle Warranty, as an Assumed Liability, and Obligation, as ORDERED by this Court in said ORDER.

The Florida State Court stopped all actions in Petitioner's State Lemon Law Action, Case No. 05-1747-CA in Charlotte County Florida, starting on July 7, 2009 to the present, denying Petitioner his Constitutional Rights to Access to the Courts, Due Process, and Equal Protection of the Law, including Petitioner's Fourteenth Amendment Rights, **solely because of General Motors, LLC violating this Court's ORDER of July 5, 2009**, and intentionally lying to the State Court about new GM Vehicle Warranties, and State Lemon Law Actions, being an Assumed Liability, and Obligation of the new General Motors, LLC.

Petitioner has been denied his Florida State Lemon Law Rights from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors,

6

LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

Petitioner has been denied his First Amendment Right of Access to the Florida Courts in a Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

Petitioner has been denied his Due Process Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

Petitioner has been denied his Fourteenth Amendment Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations. [A time period of in excess of one (1) year and two (2) months.]

Petitioner has been denied his Florida State Statutory Lemon Law Rights in his Florida State Lemon Law Action from July 7, 2009 to the present due to General Motors, LLC intentionally lieing to the Florida Court in Case No. 05-1747-CA, and fraudulently claiming that this bankruptcy Court made the new General Motors, LLC immune from GM Vehicle Warranties, immune from State Lemon Law Actions, and immune from all Related Regulatory Obligations.

Petitioner filed a Federal Lawsuit in the United States District Court at Fort Myers against General Motors, LLC., for intentional violations of the Magnuson-Moss Warranty Act, and to enforce Florida's State Lemon Laws, by the new General Motors, LLC.

Once again the attorneys for the new General Motors, LLC lied to the Court, and told the United States District Court at Fort Myers that General Motors was immune from complying with new Vehicle Warranties, and from complying with State Lemon Laws, or the Magnuson-Moss Warranty Act, because of this Court's ORDER of July 5, 2009.

7

The attorneys for the new General Motors, LLC lied to the Federal Court, and told the United States District Court at Fort Myers that General Motors, LLC does NOT have Assumed Liabilities for Vehicle Warranties.

The attorneys for the new General Motors, LLC lied to the Federal Court, and told the United States District Court at Fort Myers that General Motors, LLC does NOT have Obligations for State Lemon Law Claims.

Such statements directly violate this Court's ORDER of July 5, 2009 that specifically made Warranties, and Lemon Law Proceedings an Assumed Liability, and Obligation.

*V. Relief*

1. This Court MUST find General Motors Company, LLC, its governance, and Attorneys in Contempt of this Court's ORDER of July 5, 2009.

2. **Pro Bono Publico**, this Court MUST make the General Public aware of how Petitioner, a severely disabled Service-Connected Vietnam Combat Veteran was tortured by the Governance of General Motors, LLC, and denied his rights with lies, and the blantant violation of this Court's ORDER of July 5, 2009, and how General Motors, LLC does not accept new Vehicle Warranties as an Assumed Liability, and will NOT honor new Vehicle Warranties.

3. This Court must NOT allow the Public Sale of General Motors, LLC stock as long as General Motors, LLC, and its Governance refuse to abide by this Court's Bankruptcy ORDERS.

4. This Court MUST issue SUBSTANTIAL Sanctions against the Governance of the new General Motors, and especially against Chairman Whitacre, and GM's Attorneys, for their intentional, ongoing violation of this Court's ORDERS.

5. This Court MUST issue SUBSTANTIAL Sanctions against the new General Motors, LLC for the intentional, ongoing violation of this Court's ORDERS.

6. This Court MUST award substantial damages to Petitioner for the loss of his rights, and massive, irreparable harm intentionally inflicted on him by the Governance of General Motors, LLC.

7. This Court MUST ORDER the Governance of General Motors to contact the Florida Courts and make them aware that they have been untruthful about this Court's ORDERS, and specifically require General Motors, LLC, and it's governance, to admit that new GM Vehicle Warranties are an Assumed Assect of the new General Motors, LLC, as are State Lemon Law Obligations.

8. Petitioner seeks any and all other relief that he is entitled to.

Respectfully Submitted,

*Billy R Kidwell* (signature)    September 20, 2010

Billy Ray Kidwell

5064 Silver Bell Drive

Port Charlotte, FL. 33948    941 627-0433

## CERTIFICATE OF SERVICE

I, Billy Ray Kidwell, hereby certify that a true and correct copy of the attached was served on Defendants on this the 20th day of September 2010 by mailing a true and correct copy of same to "Legal Department, General Motors Company, LLC., P.O. Box 33170, Detroit, MI 48232-5170" the contact address on their website.

_____
Billy Ray Kidwell