HEARING DATE AND TIME: September 24, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: September 17, 2010 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                    :  Chapter 11 Case No.
                                         :
**MOTORS LIQUIDATION COMPANY**, *et al.*, :  **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.* :
                                         :
                    Debtors.             :  (Jointly Administered)
                                         :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
### (Workers' Compensation Claims in Retained States – Georgia)

Upon the seventy-eighth omnibus objection to claims, dated August 17, 2010 (the "**Seventy-Eighth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Workers' Compensation Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the Seventy-Eighth Omnibus Objection to Claims; and due and proper notice of the Seventy-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Seventy-Eighth Omnibus Objection to Claims is in the best interests of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Seventy-Eighth Omnibus Objection to Claims.

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventy-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the "**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Seventy-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the Seventy-Eighth Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that nothing in this Order shall affect the ability of a claimant to seek recovery from the Georgia Self-Insurers Guaranty Trust Fund, as administrator of the Surety Bond proceeds as further described in the Seventy-Eighth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
***September 30, 2010***

***s/ Robert E. Gerber***
United States Bankruptcy Judge