**Exhibit 1**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.,                          :
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X
```

**[PROPOSED] ORDER IMPLEMENTING AN ANONYMITY PROTOCOL FOR DISCOVERY FROM CERTAIN CLAIMS PROCESSING FACILITIES AND FROM CERTAIN TRUSTS CREATED PURSUANT TO BANKRUPTCY CODE SECTION 524(G)**

This Court, having entered an Order on August 24, 2010 pursuant to Bankruptcy Rule 2004, (the "**UCC 2004 Order**") [Docket No. 6749], authorizing the Official Committee of Unsecured Creditors of Motors Liquidation Company (the "**Creditors' Committee**") to obtain discovery from (1) the Delaware Claims Processing Facility and Claims Resolution Management Corporation (the "**Claims Processing Facilities**") and Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Celotex Asbestos Settlement Trust, the Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, the DII Industries, LLC Asbestos PI Trust, the United States Gypsum Asbestos Personal Injury Settlement Trust and the Manville Personal Injury Settlement Trust (collectively, the "**Trusts**") for the purposes of an estimation of the Debtors' liability for asbestos-related personal injury and wrongful death claims (the "**Estimation Proceeding**"), such discovery consisting of, in electronic form:

    (a) the claim information electronically maintained by the Trust(s) in current datafield format for each identifiable Mesothelioma Claimant who filed a pre-petition asbestos personal injury lawsuit against one or more of the Debtors for

1

mesothelioma, as supplied by each claimant and/or his or her counsel to the Trust(s), but excluding medical and financial information (other than date of diagnosis) and medical and financial records; (b) the amounts paid to each Mesothelioma Claimant by each Trust; and (c) the claim status of each Mesothelioma Claimant who filed a claim against any Trust but has received no recovery from that Trust (*i.e.*, whether that claim is still pending or has instead been dismissed)

UCC 2004 Order, ¶ 5 (the "**Trust Claimant Data**");

The UCC 2004 Order having further required that, before service of the subpoenas on the Claims Processing Facilities and the Trusts, the parties, including the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**"), attempt to reach agreement on a protocol by which the information to be produced by the Trusts would be rendered anonymous (the "**Anonymity Protocol**"), and failing agreement, could apply to the Court;

The parties having failed to agree on a consensual Anonymity Protocol; and,

The parties having filed written submissions with the Court regarding the Anonymity Protocol;

IT IS HEREBY ORDERED THAT:

1. The Creditors' Committee, the ACC, and the Legal Representative for Future Asbestos Claimants (the "**FCR**") shall jointly retain Alvarez & Marsal to serve as the third-party neutral (the "**Neutral**") to administer this Anonymity Protocol.

2. All Trust Claimant Data produced by the Claims Processing Facilities and the Trusts pursuant to subpoenas issued under the UCC 2004 Order shall be provided solely to the Neutral and to no other person.

3. The Creditors' Committee shall be entitled to submit additional claimant data to the Neutral (the "**Additional Claimant Data**") consisting of:

>    Claimant name
>    Claimant SSN

2

>   Claimant birth date
>   Claimant death date
>   Claimant diagnosis date
>   Filing date against GM
>   Earliest filing date in the tort system
>   Occupation code
>   Industry code
>   Jurisdiction of filing
>   Disposition with regard to GM (dismissed, paid or pending)
>   Settlement amount with GM (if applicable)

With respect to each individual claimant, any such Additional Claimant Data may contain less than all of the fields identified above but must contain at least two of the following three fields (i) the social security number, (ii) first and last name, and (iii) date of birth.

4.   The Neutral shall merge the Trust Claimant Data and the Additional Claimant Data into a single database (the "**Master Database**").  The Master Database shall not be produced or further disseminated to any party except as described below.

5.   The Neutral shall prepare a database (the "**Anonymized Database**") by removing or limiting certain information and data fields from the Master Database as defined in Paragraph 6 below.

6.   The information and data fields that the Neutral shall remove or limit (the "**Indentifying Information**") are the following:

>   Claimant name, SSN, address, phone, fax, email (except state)
>   Claimant date of birth (except year)
>   Claimant date of death (except year)
>   Claimant death certificate date (except year)
>   Personal Representative name, SSN, address, phone, fax, email
>   Contact name, address, phone, fax, email
>   Occupationally exposed person name, SSN, address, phone, fax, email
>       (except state)
>   Other exposed person name, SSN, address, phone, fax, email (except state)
>   Exposure affiant name
>   Dependant name
>   Dependant date of birth (except year)
>   Work history (except occupation code and industry code)

3

      Exposure sites (except state)
      Dates of diagnosis (except year)
      Dates of exposure (except year)
      Dates of lawsuits (except year)
      Lawsuit case numbers
      Attorney name/firm/address

7.     The Trust Claim Data and the Master Database shall not be subject to subpoena or further disclosure of any kind.

8.     The Anonymized Database shall be "Confidential Estimation-Related Information" under the terms of the Confidentiality Agreement and Protective Order dated August 24, 2010 (the "**Confidentiality Order**"), and shall be so marked. Each party and each expert who receives the Anonymized Database as provided in paragraph 9 below shall be subject, with respect to the Anonymized Database, to all of the duties created by the Confidentiality Order.

9.     Subject to the Confidentiality Order, the Neutral shall provide the Anonymized Database to the parties to the Estimation Proceeding and their respective claims estimation experts.

10.     Upon the later of (a) entry of a final non-appealable order in the Estimation Proceeding and (b) the effective date of a plan of liquidation in the Debtors' Bankruptcy Cases, the Neutral shall destroy all copies of the Trust Claimant Data, the Additional Claimant Data, the Master Database and the Anonymized Database, whether whole or partial, and certify such destruction to the Court.

Dated: New York, New York
       October ___, 2010

                                                 UNITED STATES BANKRUPTCY JUDGE