# **EXHIBIT A**

.UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                   :

In re:                                                         :        Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY., et al.,  :        09-50026 (REG)
f/k/a General Motors Corp., et al.             :

                            Debtors.       :        (Jointly Administered)
                                                         :
------------------------------------------------------------ X

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY
TO ENFORCE (A) THE FINAL DIP ORDER, (B) THE WIND-DOWN
ORDER, AND (C) THE AMENDED DIP FACILITY**

Upon the Motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "**Debtors**" or "**Old GM**"), for entry of an order enforcing: (i) the Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties dated June 25, 2009 (the "**Final DIP Order**") [Docket No. 2529]; (ii) the Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing dated July 5, 2009 (the "**Wind-Down Order**" and together with the Final DIP Order, the "**Orders**") [Docket No. 2969]; and (iii) the $1,175,000,000 Amended and Restated Secured Superpriority Debtor-in-Possession Credit

---

[1] Unless otherwise indicated, capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

Agreement (the "**Amended DIP Facility**"), dated as of July 10, 2010, by and among the Debtors, the United States Department of the Treasury ("**Treasury**"), and Export Development Canada ("**EDC**"), as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief request therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and the Motion being core proceedings under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures to the parties identified on the Master Service List (as such term is defined therein), and no other or further notice needing to be provided; and the Court having considered: (a) the Motion; (b) the Declaration of Thomas Moers Mayer in support of the Motion; (c) the Declaration of Anna Phillips in support of the Motion; and (d) arguments and evidence provided on the record at the hearing (the "**Hearing**") before this Court on October 21, 2010; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

    HEREBY FOUND AND DETERMINED THAT:

    A.    In the early stages of these cases the Committee and Treasury engaged in negotiations related to the proposed postpetition financing and ultimately agreed to a deal that

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

KL2 2669454.2

resulted in the Court entering the Final DIP Order, the Wind-Down Order and the Amended DIP Facility which, among other things, provide that: (i) the Committee has standing to bring the Term Loan Litigation; (ii) the Term Loan Litigation is specifically excluded from Treasury's collateral; and (iii) that Treasury's recourse is limited solely to its collateral.

B. The Committee, on behalf of general unsecured creditors commenced the Term Loan Litigation on July 31, 2009.

C. On August 26, 2010, Treasury filed the Statement in which it asserted an interest in the Term Loan Litigation.

D. On August 31, 2010, the Debtors filed the Proposed Plan that provides that the Term Loan Litigation will be included in the Avoidance Action Trust as an Avoidance Action Trust Asset and further provides that interests in the Avoidance Action Trust will be distributed to Treasury or to unsecured creditors as the Court may decide or as the Committee and Treasury may agree.

E. The Court has subject matter jurisdiction over the Motion and the relief request therein pursuant to 28 U.S.C. section 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.). The Motion is a core proceeding pursuant to 28 U.S.C. section 157(b); and venue is proper before the Court pursuant to 28 U.S.C. sections 1408 and 1409.

F. Proper, timely, adequate and sufficient notice of the Motion and the relief requested therein has been provided in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. Section 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750], and such notice was good,

3

sufficient, and appropriate under the circumstances. No other or further notice of the Motion, the relief requested therein or entry of this Order is or shall be required.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted and any objections to the Motion are overruled for the reasons set forth on the record of the Hearing.

2. Pursuant to the terms of the Final DIP Order, the Wind-Down Order and the Amended DIP Facility negotiated between the Committee and Treasury, Treasury has no interest in the Term Loan Litigation or any proceeds thereof and only the Committee is authorized to prosecute the Term Loan Litigation.

3. Interests in the Avoidance Action Trust shall be distributed exclusively to the general unsecured creditors.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      October __, 2010

                                          _____
                                          THE HONORABLE ROBERT E. GERBER
                                          UNITED STATES BANKRUPTCY JUDGE

KL2 2669454.2