# **EXHIBIT C**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Timothy P. Harkness

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
In re:                                                  :    Chapter 11 Case No.:
                                                        :
MOTORS LIQUIDATION COMPANY., et al.,                    :    09-50026 (REG)
f/k/a General Motors Corp., et al.                      :
                                                        :
              Debtors.                                  :    (Jointly Administered)
                                                        :
------------------------------------------------------- X

**DECLARATION OF ANNA PHILLIPS IN SUPPORT OF THE
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY TO ENFORCE
(A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER,
AND (C) THE AMENDED DIP FACILITY**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

      ANNA PHILLIPS, under the penalty of perjury, deposes and says that:

      1.    I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "**FTI**"), a financial advisory services firm with numerous offices throughout the country.  I submit this Declaration on behalf of FTI (the "**Phillips Declaration**") in support of the motion (the

KL2 2668596.1

"**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Motors Liquidation Company, *et al.*, (f/k/a General Motors Corp., *et al.*,) the debtors and debtors-in-possession herein (collectively, the "**Debtors**"), for the entry of an order enforcing the Final DIP Order, the Wind-Down Order and the DIP Credit Agreement, as such documents are defined in the Motion.[1]  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.

2. At the request of counsel to the Committee, I prepared the chart (the "**Dilution Chart**") attached hereto as **Schedule 1**, which demonstrates the dilution of the general unsecured creditors' total recovery value that would occur should the Committee prevail in the Term Loan Litigation – thereby leaving the Prepetition Term Lenders with an unsecured claim of $1.5 billion – without the unsecured creditors receiving the benefit of the proceeds of the litigation.  This Chart demonstrates why the Committee would not initiate the Term Loan Litigation unless its constituents were to receive the potential proceeds thereof.

3. As reflected on the Dilution Chart, should the unsecured creditors receive the potential proceeds of the Term Loan Litigation, unsecured creditors stand to increase their overall percentage recovery by anywhere from 2.2% to 2.9%.  Conversely, initiating the Term Loan Litigation without receiving the potential proceeds would result in as much as a 0.4% reduction to the general unsecured creditors' recovery.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

2

KL2 2668596.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed:   New York, New York
            October 4, 2010

/s/ *Anna Phillips*
Anna Phillips

# **<u>Schedule 1</u>**

KL2 2668596.1

**Motors Liquidation Company**
Unsecured Creditors Recovery Calculations from Term Loan Lenders

|  |  | Scenario A. Term Loan Cash Proceeds go to Unsecured Creditors | | | | Scenario B. Treasury Takes Priority Over Term Loan Cash Proceeds | | | |
|---|---|---|---|---|---|---|---|---|---|
|  |  | Base Claim Amount $35B | | Base Claim Amount $42B | | Base Claim Amount $35B | | Base Claim Amount $42B | |
| In $ millions | | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery |
| **Calculation of Cash to Unsecured Creditors from Term Loan Recovery** | | | | | | | | | |
| Amount recovered from Term Loan Lenders | (1) | - | $1,500 | - | $1,500 | - | $1,500 | - | $1,500 |
| less: Treasury Loan amount due as of 2/28/11 | (2) | | | | | ($1,140) | ($1,140) | ($1,140) | ($1,140) |
| Net Cash Proceeds to Unsecured Creditors from Term Loan Recovery | | - | $1,500 | - | $1,500 | - | $360 | - | $360 |
| **Calculation of the Total Claim Amount** | | | | | | | | | |
| Unsecured Claim Amount (pre Term Loan claim) | (3) | $35,000 | $35,000 | $42,000 | $42,000 | $35,000 | $35,000 | $42,000 | $42,000 |
| Plus: Amount recovered from Term Loan Lenders | (4) | - | $1,500 | - | $1,500 | - | $1,500 | - | $1,500 |
| Total Claim Amount | | $35,000 | $36,500 | $42,000 | $43,500 | $35,000 | $36,500 | $42,000 | $43,500 |
| **Calculation of Unsecured Creditors Ownership Stake** | | | | | | | | | |
| Unsecured Creditors Shares | | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 |
| Unsecured Creditors Warrants | | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 |
| Unsecured Creditors Adjustment Shares | (5) | - | 2,142,857 | 10,000,000 | 10,000,000 | - | 2,142,857 | 10,000,000 | 10,000,000 |
| Total Unsecured Creditors Shares | | 140,909,090 | 143,051,947 | 150,909,090 | 150,909,090 | 140,909,090 | 143,051,947 | 150,909,090 | 150,909,090 |
| Other Shares (Treasury, EDC, Unions) | | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 |
| Total Shares | | 590,909,090 | 593,051,947 | 600,909,090 | 600,909,090 | 590,909,090 | 593,051,947 | 600,909,090 | 600,909,090 |
| % Unsecured Creditors Ownership Stake | (6) | 23.8% | 24.1% | 25.1% | 25.1% | 23.8% | 24.1% | 25.1% | 25.1% |
| **Calculation of Total Unsecured Creditors Recovery Value** | | | | | | | | | |
| Assumed New GM Equity Value | (7) | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 |
| Plus: Cash from Warrants Exercised | (8) | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 |
| Adjusted New GM Equity Value | | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 |
| % Unsecured Creditors Ownership Stake | | 23.8% | 24.1% | 25.1% | 25.1% | 23.8% | 24.1% | 25.1% | 25.1% |
| Total Value to Unsecured Creditors before cash from Term Loan Lenders | | $14,156 | $14,319 | $14,908 | $14,908 | $14,156 | $14,319 | $14,908 | $14,908 |
| Plus: Net Cash Proceeds to Unsecured Creditors from Term Loan Recovery | | - | $1,500 | - | $1,500 | - | $360 | - | $360 |
| Total Unsecured Creditors Recovery Value | | $14,156 | $15,819 | $14,908 | $16,408 | $14,156 | $14,679 | $14,908 | $15,268 |
| % Unsecured Creditors Recovery | | 40.4% | 43.3% | 35.5% | 37.7% | 40.4% | 40.2% | 35.5% | 35.1% |
| Change in Unsecured Creditors Recovery (vs. no Term Loan recovery) | | | 2.9% | | 2.2% | | -0.2% | | -0.4% |

**Notes:**
(1) Assumes two hypothetical recovery amounts from Term Loan lenders: (i) zero and (ii) full ($1,500 million)
(2) Based on $1,175 million of original DIP loan, plus 5% quarterly PIK interest from 7/10/2009 through 2/28/2011 (assumed Effective Date for these calculations), less $135 million of repayment to Treasury per the Budget discussed with MLC on August 3, 2010.
(3) Assumes two scenarios for total allowed unsecured claims (before any claims from Term Loan lenders), one at $35 billion and the other at $42 billion.
(4) For purposes of this analysis, any amount recovered from Term Loan lenders would be added to the $35 billion and $42 billion of claims.
(5) Up to additional 10,000,000 shares issued by New GM if claims exceed $35 billion up to $42 billion, per MSPA
(6) Assumes full dilution for Warrants A and B
(7) Assumes $55.5 billion based on the mid point for equity values based on recent bond pricing, as discussed in the report to Kramer Levin dated August 13, 2010.
(8) Includes cash received by New GM from exercise of Warrants A and B

Page 1