UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                     :
In re:                                                               :    Chapter 11 Case No.:
                                                                     :
MOTORS LIQUIDATION COMPANY, et al.                                   :    09-50026 (REG)
            f/k/a General Motors Corp., et al.                       :
                                                                     :
                                    Debtors.                         :    (Jointly Administered)
                                                                     :
                                                                     :    **Ref. Docket No. 7226**
                                                                     :
------------------------------------------------------------------- X

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

SIDNEY J. GARABATO, being duly sworn, deposes and says:

1.      I am employed as a Case Manager by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017.  I am over the age of eighteen years and am not a party to the above-captioned action.

2.      On October 4, 2010, I caused to be served the:

   a)   "Motion of the Official Committee of Unsecured Creditors of Motors Liquidation Company to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility," dated October 4, 2010 [Docket No. 7226] (the "Motion to Enforce"), and

   b)   "Motion of the Official Committee of Unsecured Creditors of Motors Liquidation Company to Enforce (A) the Final DIP Order, (B) the Wind-Down Order, and (C) the Amended DIP Facility," dated October 4, 2010, without exhibits of the Mayer Declaration attached thereto, a copy of which is annexed hereto as <u>Exhibit A</u>, (the "Motion to Enforce without Mayer Declaration Exhibits")

by causing true and correct copies of the:

   i.    Motion to Enforce, to be delivered by electronic mail to those parties listed on the annexed <u>Exhibit B</u>,

   ii.   Motion to Enforce without Mayer Declaration Exhibits, to be delivered by facsimile to those parties listed on the annexed <u>Exhibit C</u>, and

    iii.      Motion to Enforce without Mayer Declaration Exhibits, to be enclosed securely in separate postage pre-paid envelopes and delivered by first class mail to those parties listed on the annexed <u>Exhibit D</u>.

3.      All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Sidney J. Garabato*
Sidney J. Garabato

Sworn to before me this
5th day of October, 2010

/s/ *Cassandra Murray*
Cassandra Murray
Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

- 2 -

**EXHIBIT A**

**Hearing Date and Time: October 21, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: October 14, 2010 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Timothy P. Harkness

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                           :

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No.: |
| | : | |
| MOTORS LIQUIDATION COMPANY., et al., | : | 09-50026 (REG) |
| f/k/a General Motors Corp., et al. | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------- X

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY TO ENFORCE (A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER, AND (C) THE AMENDED DIP FACILITY

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................2

FACTS .................................................................................................................3

    A.    "The Deal" – Negotiations Prior to the Bankruptcy Case ......................3

    B.    The Term Loan Litigation.....................................................................4

JURISDICTION ...................................................................................................12

RELIEF REQUESTED..........................................................................................12

BASIS FOR RELIEF REQUESTED......................................................................12

    A.    This Court Has the Authority to Enforce Its Orders ...............................12

    B.    The Amended DIP Facility and the Orders Should be Enforced According
        to Their Plain Terms ..............................................................................13

    C.    The Course of Dealings and Surrounding Facts Show that Treasury Has No
        Interest in the Term Loan Litigation.....................................................14

    D.    Treasury Should Be Judicially Estopped From Arguing that the Term Loan
        Litigation Belongs to Any Entity Other Than the Committee...............15

NOTICE...............................................................................................................16

KL2 2666780.14

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Back v. AM Gen. Corp. (In re Chateaugay Corp.)*,
    213 B.R. 633 (S.D.N.Y. 1997) ...................................................................................12

*Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*,
    No. 03 Civ. 8259 (CSH), 2007 WL. 1988150 (S.D.N.Y. July 10, 2007).........................13 n.7

*Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son)*,
    815 F.2d 1314 (9th Cir. 1987) ...................................................................................16

*Dickerson v. Colgrove*,
    100 U.S. (10 Otto) 578, 25 L. Ed. 618 (1880).............................................................16

*GMAC Bus. Credit, L.L.C., v. Ford Motor Co., No. Civ. 02-70297*,
    2002 WL. 32819769 (E.D. Mich. Sept. 30, 2002).......................................................13

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In Re Dairy Mart Convenience Stores, Inc.)*,
    272 B.R. 66 (S.D.N.Y. 2002) .....................................................................................13

*United States of America v. Bartlett (In re Bartlett)*,
    353 B.R. 398 (Bankr. D. Vt. 2006)..............................................................................13

*United States of America v. Owens*,
    54 F.3d 271 (6th Cir. 1995) ........................................................................................16

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus., Inc.)*,
    68 B.R. 690 (Bankr. S.D.N.Y. 1986)...........................................................................12

### STATE CASES

*Goldman v. White Plains Ctr. for Nursing Care, LLC*,
    11 N.Y.3d 173 (2008)..................................................................................................13 n.7

### STATUTES & RULES

11 U.S.C. § 105(a) ...........................................................................................................1,2,12, 16

11 U.S.C. § 361..................................................................................................................1,2

11 U.S.C. § 362..................................................................................................................1,2

11 U.S.C. § 363 ................................................................................................1, 2

11 U.S.C. § 364 ................................................................................................1, 2

11 U.S.C. § 507 ................................................................................................1, 2

28 U.S.C. § 157 ..................................................................................................12

28 U.S.C. § 157(b)(2) .........................................................................................12

28 U.S.C. § 1334 ................................................................................................12

28 U.S.C. § 1408 ................................................................................................12

28 U.S.C. § 1409 ................................................................................................12

Fed. R. Bankr. P. 1015(c) ..................................................................................16

Fed. R. Bankr. P. 2002 ......................................................................................1, 2

Fed. R. Bankr. P. 4001 ......................................................................................1, 2

Fed. R. Bankr. P. 6004 ......................................................................................1, 2

Fed. R. Bankr. P. 9007 ......................................................................................16

### MISCELLANEOUS

*Black's Law Dictionary*, 1020-21 (9th ed. 2009) .............................................14

7 Collier on Bankruptcy § 1111(b)(1)(A)(i) (Alan N. Resnick & Henry J. Sommer eds.,
       16th Ed. rev. 2009) ...................................................................................14

11 Samuel Williston, *Williston on Contracts* § 31:4, at 277-78 (4th ed. 1999)......................13 n.5

KL2 2666780.14

**Hearing Date and Time: October 21, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline: October 14, 2010 at 4:00 p.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Timothy P. Harkness


*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| --------------------------------------------------------- | X | |
| | : | |
| In re: | : | Chapter 11 Case No.: |
| | : | |
| MOTORS LIQUIDATION COMPANY., et al., | : | 09-50026 (REG) |
| f/k/a General Motors Corp., et al. | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| --------------------------------------------------------- | X | |


### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY TO ENFORCE (A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER, AND (C) THE AMENDED DIP FACILITY

TO:    THE HONORABLE ROBERT E. GERBER,
         UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "**Debtors**" or "**Old GM**"), by and through its undersigned counsel, hereby moves for entry of an order, substantially in the form annexed as **Exhibit A** hereto, enforcing: (i) the Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain

Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties dated June 25, 2009 (the "**Final DIP Order**") [Docket No. 2529]; (ii) the Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing dated July 5, 2009 (the "**Wind-Down Order**" and together with the Final DIP Order, the "**Orders**") [Docket No. 2969]; and (iii) the $1,175,000,000 Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement (the "**Amended DIP Facility**"), dated as of July 10, 2010, by and among the Debtors, the United States Department of the Treasury ("**Treasury**"), and Export Development Canada ("**EDC**").

## PRELIMINARY STATEMENT

On August 26, 2010 – more than a year after the Committee sued for the return of $1.5 billion paid on account of an apparently voidable security interest (as defined more precisely below, the "**Term Loan Litigation**") – Treasury for the first time asserted that Treasury, not unsecured creditors, owned the Term Loan Litigation.  On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan (the "**Proposed Plan**") [Docket No 6829], which, at Treasury's request, provided that ownership of the Term Loan Litigation would be determined by the Court or by negotiation between Treasury and the Committee.

Treasury's position with respect to the Term Loan Litigation contradicts the Final DIP Order, approving Treasury's original $33.3 billion debtor-in-possession facility, the Wind-Down Order, approving the Amended DIP Facility and the Amended DIP Facility itself, each of

KL2 2666780.14

which Treasury agreed to before they were entered by the Court. The Orders and the Amended

DIP Facility provide as follows:

- The Committee, and only the Committee, has the ability to bring the Term Loan Litigation.

- The Term Loan Litigation is specifically excluded from Treasury's collateral.

- Treasury's recourse is limited solely to its collateral. Thus Treasury has no interest in the Term Loan Litigation.

Treasury must live up to its agreements. The Committee asks this Court to

enforce them.

## **FACTS**

### A.    **"The Deal" – Negotiations Prior to the Bankruptcy Case**

1.    Paul Weiss Rifkind Wharton & Garrison LLP ("**Paul Weiss**") and

Houlihan, Lokey Financial Advisors, Inc. were retained before the commencement of these cases

by major holders of the Debtors' publicly traded bonds. These firms negotiated the basic deal

with Treasury that underpins these chapter 11 cases, as follows: Their major bondholder clients

agreed not to object to the Debtors' sale under Section 363 of substantially all of the Debtors'

assets to a new company controlled by Treasury ("**New GM**"). Treasury in return agreed to have

New GM issue 10% of its common stock, and warrants with a value approximating an additional

10% of New GM equity, to the Debtors for distribution to the Debtors' unsecured creditors. *See*

Mayer Decl. ¶ 2.[1]

2.    The deal was based on an estimate of the Debtors' unsecured claims at

$35 billion. Treasury agreed that if unsecured claims increased, then, in a range from $35 billion

---

[1] All references to "Mayer Decl. ¶ __" are to the accompanying Declaration of Thomas Moers Mayer, dated October 4, 2010, attached hereto as **Exhibit B**. All references to "Mayer Decl. Ex. __" are to the exhibits annexed to the Mayer Declaration.

to $42 billion, New GM would issue up to an additional 2% of New GM common stock. Thus, within the $35 to $42 billion range, the 10% of New GM common stock was protected from dilution. However, no additional warrants would be issued by New GM. Thus the New GM warrants, which could comprise approximately half of unsecured creditors' value, would not be protected from dilution if claims ranged from $35 billion to $42 billion. If unsecured claims exceed $42 billion, there would be no dilution protection at all. Current estimates of unsecured claims are not public with one exception: New GM's report for the second calendar quarter of 2010 states that it estimates unsecured claims against the Debtors will exceed $37 billion. *See* Mayer Decl. ¶ 3; Mayer Dec. Ex. 1, General Motors Co. 10-Q filed August 16, 2010 at p. 40.

3.    The deal was also based on Treasury's commitment to pay, at the closing of the sale, all claims of the Debtors' secured bank lenders – including claims under a $1.5 billion (principal amount) term loan which was, at the time, believed to be fully secured by a non-voidable security interest and various mortgages (as more fully defined below, the "**Prepetition Term Loan**"). *See* Mayer Decl. ¶ 4.

4.    The foregoing paragraphs are set forth on information and belief, based on Committee counsel's interviews of Paul Weiss and Houlihan Lokey Financial Advisors LLP and statements contained in the Debtors' Disclosure Statement filed on August 31, 2010 (the "**Disclosure Statement**") [Docket No. 6830]. The Committee does not believe the foregoing paragraphs are disputed.

**B.    The Term Loan Litigation**

5.    On June 1, 2009, (the "**Petition Date**"), all Debtors with material assets filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"). *See* Mayer Decl. ¶ 5. On June 3, 2009, the Committee was formed and retained professionals. *See* Mayer Decl. ¶ 6.

4

6.      In the weeks following the Petition Date, the Committee negotiated the Amended DIP Facility and the Orders.  Each of these documents was drafted by Treasury's counsel, which took or rejected comments from the Committee and other parties in the course of the negotiations.  *See* Mayer Decl. ¶ 7.

7.      A key all-hands meeting of counsel to the Debtors, the Committee and Treasury, plus Paul Weiss, and their respective financial advisors took place on June 19, 2009 (the "**June 19 Negotiating Session**").  *See* Mayer Decl. ¶ 8.

8.      Prior to the June 19 Negotiating Session, the Committee had commenced its investigation of liens and security interests securing a prepetition $1.5 billion term loan dated as of November 29, 2006 and amended March 4, 2009 (the "**Prepetition Term Loan**") from a bank syndicate (the "**Prepetition Term Lenders**")[2] agented by JPMorgan Chase Bank, N.A. ("**JPMorgan**").  The day before the June 19 Negotiating Session, JPMorgan's counsel called to inform Committee counsel that, prior to the Petition Date, a paralegal for counsel to the Debtors filed a UCC-3 termination statement with respect to the Prepetition Term Loan's security interests without authority.  *See* Mayer Decl. ¶ 9.  Subsequent discovery has uncovered facts supporting the Committee's contention that JPMorgan did in fact authorize the paralegal to file the UCC-3 termination statement.  *See* Mayer Decl. ¶ 9.  This matter is currently *sub judice* with this Court.  *See* Mayer Decl. ¶ 9, *see also* Adversary Complaint dated July 31, 2009 [Case No. 09-00504].

9.      The Committee was therefore particularly focused on a possible challenge to the Prepetition Term Lenders' security interest and recovery of the $1.5 billion in cash slated to be paid, at the closing of the sale, to the lenders (the "**Term Loan Litigation**").  The

---

[2] The Final DIP Order and the Wind-Down Order refer to the Prepetition Term Lenders as the Prepetition Senior Facilities Secured Parties.

Committee's agenda for the June 19 Negotiating Session, and discussions thereafter, included preserving the benefit of the Term Loan Litigation for unsecured creditors. *See* Mayer Decl. ¶10; Mayer Decl. Ex. 2, E-mail to Treasury.

10.    By June 25, 2009, the Debtors, Treasury, the Prepetition Term Lenders and the Committee had agreed on the terms of the Final DIP Order and the Debtors submitted the order to the Court. *See* Mayer Decl. ¶ 13; Mayer Decl. Ex. 3, June 25, 2009 Hearing Tr. at pp. 20-22.    The Final DIP Order, among other things, provides that the Debtors release the Prepetition Term Lenders on behalf of the Debtors and all parties claiming through the Debtors (including, for example, Treasury) with one exception:  the Committee, and only the Committee, was given both the right and standing to challenge the Prepetition Term Lenders' liens. *See* Mayer Decl. Ex. 4, Final DIP Order ¶ 19(d) at p. 25:

> . . . provided, however, that such release shall not apply to the Committee with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured Parties (it being agreed that if the Prepetition Senior Facilities Secured Parties, after payment, assert or seek to enforce any right or interest in respect of any junior liens, the Committee shall have the right to contest such right or interest in such junior lien on any grounds, including (without limitation) validity, enforceability, priority, perfection or value) (the "**Reserved Claims**").[3]  The Committee shall have automatic standing and authority to both investigate the Reserved Claims and bring actions based upon the Reserved Claims against the Prepetition Senior Facilities Secured Parties not later than July 31, 2009 (the "**Challenge Period**") . . . .

11.    As noted above, Treasury's counsel drafted the Final DIP Order.  At the June 25, 2009 hearing, Treasury asked the Court to enter the order. *See* Mayer Decl. Ex. 3, June 25, 2009 Hearing Tr. at pp. 21-22.

---

[3] The term "Reserved Claims" shall have the meaning ascribed thereto in paragraph 19(d) of the Final DIP Order.

KL2 2666780.14

12.     On June 29, 2009, the Debtors filed their Motion Pursuant to Bankruptcy

Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 to

Amend DIP Credit Facility (the "**Motion to Amend DIP Facility**") [Docket No. 2755], which

seeks approval of the Amended DIP Facility.  *See* Mayer Decl. Ex. 5, Motion to Amend DIP

Facility.  This motion highlights for the Court the primary terms of the Amended DIP Facility

and specifically provides that the term "Collateral" excludes "avoidance actions arising under

chapter 5 of the Bankruptcy Code and applicable state law against the Prepetition Senior

Facilities Secured Parties (as defined in the DIP Facility)."  *See* Mayer Decl. Ex. 5, Motion to

Amend DIP Facility ¶ 10(d) at p. 4.  In addition, the Motion to Amend DIP Facility provides that

the "obligations under the Wind-Down Facility will be non-recourse to the Borrower or the

Guarantors, and recourse would only be to the Collateral."  *See* Mayer Decl. Ex. 5, Motion to

Amend DIP Facility ¶ 10(f) at p. 4.

13.     By July 2, 2009, after exchanging multiple drafts and comments thereon,

the parties agreed on the terms of the Amended DIP Facility and the Wind-Down Order.  The

parties, including Treasury, asked the Court to enter the Wind-Down Order approving the

Amended DIP Facility.  *See* Mayer Decl. ¶ 15; Mayer Decl. Ex. 6, July 2, 2009 Hearing Tr. at

pp. 101-07.  On July 5, 2009, the Court signed and entered the Wind-Down Order approving the

Amended DIP Facility in substantially the form attached as an exhibit thereto.  *See* Mayer Decl.

¶ 17; Mayer Decl. Ex. 7, Wind-Down Order.

14.     The Amended DIP Facility specifically excludes the Term Loan Litigation

from Treasury's collateral by defining "Collateral" as follows:

> [A]ll property and assets of the Loan Parties of every kind or type
> . . . (including avoidance actions arising under Chapter 5 of the
> Bankruptcy Code and applicable state law **except avoidance**

7

> **actions against the Prepetition Senior Facilities Secured Parties**
> (as defined in the Final Order)) . . . .

Mayer Decl. Ex. 8, Amended DIP Facility at p. 6 (emphasis added).  The Amended DIP Facility

defines the New GM stock and warrants as "New GM Equity Interests" and excludes those

assets from Treasury's lien as "Excluded Collateral."  Mayer Decl. Ex. 8, Amended DIP Facility

at p. 9; *see also* Mayer Decl. Ex. 8, Amended DIP Facility § 8.20 at p. 67.

15.    Not only does the Amended DIP Facility exclude the Term Loan

Litigation from Treasury's collateral but the Wind-Down Order does so as well:

> [T]he DIP Liens shall not include security interests in or liens on
> avoidance actions arising under chapter 5 of the Bankruptcy Code
> against the Prepetition Senior Facilities Secured Parties (as defined
> in the DIP Credit facility) or any stock, warrants, options or other
> equity interests in New CarCo (as defined in the Amended DIP
> Facility) issued to or held by any Debtor (or any of its subsidiaries)
> pursuant to the Related Section 363 Transactions including any
> dividends, payments or other distributions thereon and any
> proceeds or securities received or receivable upon any disposition
> or exercise thereof (the "**New GM Equity Interests**").

Mayer Decl. Ex. 7, Wind-Down Order at p. 5.

16.    Both the Amended DIP Facility and the Wind-Down Order explicitly

provide that Treasury's Wind-Doan Loan shall be ***non-recourse***:

> The Loans shall be non-recourse to the Borrower and the
> Guarantors and recourse only to the Collateral.

Mayer Decl. Ex. 8, Amended DIP Facility § 2.1 at p. 24 (second sentence).

> [T]he Loans (as defined in the Amended DIP Facility) shall be
> non-recourse to the Borrower and the Guarantors, such that the
> DIP Lenders' recourse under the Amended DIP Facility shall be
> only to the Collateral (as defined in the Amended DIP Facility)
> securing the DIP Loans. . . .

Mayer Decl. Ex. 7, Wind-Down Order at p. 6.   As noted above, the Amended DIP Facility's

definition of "Collateral," used in both the Amended DIP Facility and the Wind-Down Order,

specifically excludes the Term Loan Litigation from "Collateral."  *See* Mayer Decl. Ex. 8, Amended DIP Facility at p. 6; Mayer Decl. Ex. 7, Wind-Down Order at p. 6.

17.    The foregoing provisions were no accident.  By the end of the June 19 Negotiating Session, all parties in interest – including Treasury – agreed that Treasury's **_collateral_** would not include the Term Loan Litigation.  *See* Mayer Decl. ¶ 11.  Shortly after the June 19 Negotiating Session, Committee counsel further specifically requested that Treasury's **_recourse_** under the Amended DIP Facility be limited to its collateral – specifically **_excluding_** from such recourse the New GM stock, the New GM warrants **_and_** the Term Loan Litigation. *See* Mayer Decl. ¶ 12; Mayer Decl. Ex. 9, E-mail to Treasury.  Committee counsel submitted comments amending the Amended DIP Facility § 2.1, limiting recourse to "Collateral", in an attachment to an e-mail dated June 30, 2009 and circulated to the Debtors, Treasury, and other parties in interest.  *See* Mayer Decl. Ex. 10, June 30, 2009 E-mail to Debtors and Treasury. Treasury's counsel inserted this proposed language into the Amended DIP Facility and the language remained in each subsequent draft of the Amended DIP Facility through and including the execution version.  *See* Mayer Decl. ¶ 12.

18.    At the July 2, 2009 hearing on the Debtors' motion to approve the Amended DIP Facility, counsel to the Committee provided the Court with a brief overview of the Committee's discussions with the Debtors and Treasury regarding the Amended DIP Facility and the Wind-Down Order.  *See* Mayer Decl. Ex. 6, July 2, 2009 Hearing Tr. at pp. 101-03.  Treasury did not object to this narrative or the terms of the Amended DIP Facility or the Wind-Down Order.  *See* Mayer Decl. Ex. 6, July 2, 2009 Hearing Tr.

19.    Indeed, Treasury's counsel affirmed the Committee's representations and supplemented them by stating, "I should make clear that the funding facility is on a non-recourse

KL2 2666780.14

basis, as has been the case throughout these discussions." Mayer Decl. Ex. 6, July 2, 2009 Hearing Tr. at p. 103.

20.    Hearing no objection, this Court entered the Wind-Down Order, which approved the Amended DIP Facility in substantially the form attached as an Exhibit thereto. *See* Mayer Decl. ¶ 17. Treasury subsequently insisted on further amendments, not approved by the Court, but such amendments are not relevant to this Motion. *See* Mayer Decl. ¶ 17. Treasury signed and consummated the Amended DIP Facility, with the provisions excluding the Term Loan Litigation from both collateral and recourse included in the executed final document, on July 10, 2009. *See* Mayer Decl. Ex. 8, Amended DIP Facility.

21.    On July 31, 2009, pursuant to standing granted to the Committee under Final DIP Order ¶ 19(d), the Committee timely filed a complaint against the Prepetition Term Lenders seeking to: (i) avoid the security interest that was subject to the UCC-3 termination statement; (ii) avoid and recover funds from the Prepetition Term Lenders paid on account of such security interest; and (iii) disallow claims held by the Prepetition Term Lenders. *See* Adversary Complaint dated July 31, 2009 [Case No. 09-00504, Docket No. 1]. Cross motions for summary judgment are scheduled to be heard by the Court on November 1, 2010. *See* Mayer Decl. ¶ 18.

22.    For almost a year, Treasury made no attempt to intervene in the lawsuit or assert any interest therein. *See* Mayer Decl. ¶ 19. Moreover, Treasury has not once objected to any of the Committee's fee applications seeking reimbursement for its work on the litigation. *See* Mayer Decl. ¶ 19.

23.    The initial draft of the Proposed Plan, which was circulated to the Committee on July 23, 2010, provided that the Term Loan Litigation would be prosecuted for the

sole benefit of unsecured creditors.[4]  *See* Mayer Decl. ¶ 20.  Specifically, the initial draft of the Proposed Plan provided that the distribution to unsecured creditors included the proceeds of the Term Loan Litigation.  *See* Mayer Decl. ¶ 20.

24.     On July 22, 2010, Treasury's counsel called Committee counsel and for the first time asserted that Treasury had an interest in the Term Loan Litigation.  *See* Mayer Decl. ¶ 21.  On July 26, 2010, August 16, 2010 and August 18, 2010, Committee counsel participated in conference calls with Treasury's counsel regarding, among other things, the status of the Term Loan Litigation.  *See* Mayer Decl. ¶ 21.  By no later than August 19, 2010, counsel to the Debtors informed counsel to the Committee that per Treasury's request, the Proposed Plan would provide that the beneficiary of the Term Loan Litigation be determined at a later date.  *See* Mayer Decl. ¶ 21.

25.     On August 26, 2010, more than a full year after the Committee initiated the Term Loan Litigation, Treasury filed the Statement of the United States of America with Respect to Cross-Motions for Summary Judgment ("**Statement**") [Docket No. 6805] requesting that any resolution of the cross motions for summary judgment not determine any person or entity's entitlements with respect to the ultimate distribution of any funds recovered from the Term Loan Litigation.  *See* Mayer Decl. ¶ 22; Mayer Decl. Ex. 11, Statement.

26.     On August 31, 2010, the Debtors filed the Proposed Plan, which provides that the Term Loan Litigation will be included in the Avoidance Action Trust as an Avoidance Action Trust Asset.  *See* Mayer Decl. ¶ 23; Mayer Decl. Ex. 12, Debtors' Joint Chapter 11 Plan at § 1.22.  The Proposed Plan further provides that interests in the Avoidance Action Trust will be distributed to Treasury or to unsecured creditors as the Court may decide or as the Committee

---

[4] The Proposed Plan provides that the Term Loan Litigation may continue to be prosecuted post-confirmation.

and Treasury may agree.  *See* Mayer Decl. ¶ 23; Mayer Decl. Ex. 12, Debtors' Joint Chapter 11

Plan at § 1.23.

## JURISDICTION

27.     This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

28.     The Committee seeks the entry of an order, substantially in the form

attached hereto as **Exhibit A**, enforcing the Orders and the Amended DIP Facility and thereby

determining (as contemplated in the Proposed Plan at Treasury's insistence) that Treasury has no

interest in the Term Loan Litigation and interests in the Avoidance Action Trust shall be

distributed to unsecured creditors.

## BASIS FOR RELIEF REQUESTED

A.     **This Court Has the Authority to Enforce Its Orders**

29.     A Bankruptcy Court has the inherent authority to enforce its own orders:

"The duty of any court to hear and resolve legal disputes carries with it the power to enforce the

order."  *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McClean Indus., Inc.),* 68 B.R. 690,

695 (Bankr. S.D.N.Y. 1986) (citations omitted).  This fundamental premise is codified in Section

105 of the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).  *See also Back v. AM Gen. Corp. (In re*

*Chateaugay Corp.),* 213 B.R. 633, 640 (S.D.N.Y. 1997) (discussing 11 U.S.C. § 105 and noting

Bankruptcy Court's inherent power to enforce its own orders).

30.     Pursuant to Paragraph 30 of the Final DIP Order, this Court retained

exclusive jurisdiction "to interpret and enforce the provisions of the DIP Credit Facility, the

Interim Order and this Final Order in all respects."  *See* Mayer Decl. Ex. 4, Final DIP Order ¶ 30.

Similarly, pursuant to the final paragraph of the Wind-Down Order, this Court retained exclusive

jurisdiction "to interpret and enforce the provisions of the Amended DIP Facility, the DIP Credit

Facility, the Final DIP Order and this Order in all respects."  *See* Mayer Decl. Ex. 7, Wind-Down

Order at p. 7.

**B.     The Amended DIP Facility and the Orders**
**        Should be Enforced According to Their Plain Terms**

31.     The Committee asks the Court to enforce the Orders and the Amended

DIP Facility according to the plain meaning of their provisions.  *See New England Dairies, Inc.*

*v. Dairy Mart Convenience Stores, Inc. (In Re Dairy Mart Convenience Stores, Inc.)*, 272 B.R.

66 (S.D.N.Y. 2002) (Court cannot read beyond the four corners of the Order); *United States of*

*America v. Bartlett (In re Bartlett)*, 353 B.R. 398 (Bankr. D. Vt. 2006) ("after-the-fact exercise in

interpretation cannot substitute for the plain language of the District Court Order."); *GMAC Bus.*

*Credit, L.L.C., v. Ford Motor Co.*, No. Civ. 02-70297, 2002 WL 32819769, *4 (E.D. Mich. Sept.

30, 2002) ("Court orders must ordinarily be interpreted by examination of only the four corners

of the document." (Internal quotations omitted)).[5]

32.     The relevant provisions of the Orders, set forth above, are in no way

ambiguous.  The Orders and the Amended DIP Facility plainly demonstrate that: (i) the

Committee and only the Committee has standing to bring the Term Loan Litigation; (ii) the Term

Loan Litigation is explicitly excluded from "Collateral" as defined in the Amended DIP Facility;

---

[5] It is also well-settled law that when a contract is clear and unambiguous on its face, a court will not look beyond the four corners of the contract to interpret the parties' intentions. *See* 11 Samuel Williston, *Williston on Contracts* § 31:4, at 277-78 (4th ed. 1999). Under New York law, "agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their written contract." *Goldman v. White Plains Ctr. for Nursing Care, LLC*, 11 N.Y.3d 173, 176, (2008). Where a contract is unambiguous on its face, "the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence." *Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, No. 03 Civ. 8259 (CSH), 2007 WL 1988150, *10 (S.D.N.Y. July 10, 2007) (citation omitted). Accordingly, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Id.* (*citing Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002)).

and (iii) the Amended DIP Facility is recourse only to Collateral, and not to assets excluded therefrom.

33.     By definition, a non-recourse loan is a "secured loan that allows the lender to attach only the collateral, and not the borrower's [other] assets, if the loan is not repaid." BLACK'S LAW DICTIONARY, 1020-21 (9th ed. 2009).  "A lack of recourse means that a secured creditor may not pursue the debtor or its estate after realization of the collateral originally given."  7 COLLIER ON BANKRUPTCY § 1111(b)(1)(A)(i) (Alan N. Resnick & Henry J. Sommer eds., 16th Ed. rev. 2009).  Since Treasury provided its $1.175 billion loan on a non-recourse basis, Treasury cannot now look beyond its collateral for repayment of its loan.

**C.     The Course of Dealings and Surrounding Facts Show
         that Treasury Has No Interest in the Term Loan
         Litigation**

34.     Even if an ambiguity can be tortured from the straightforward provisions set forth above, the course of negotiations show beyond cavil that the Committee asked Treasury to exclude the Term Loan Litigation from its collateral and Treasury agreed.  When the Committee followed through by asking Treasury to make its loan non-recourse, Treasury agreed to that, too.

35.     Finally, the background facts also show that Treasury does not have and cannot have any interest in the Term Loan Litigation.  The basic deal underpinning these cases, as reflected in the Proposed Plan, is that New GM common stock and warrants are distributed to unsecured creditors, who are partially protected against dilution by receiving more common stock – but not more warrants – if claims increase from $35 billion to $42 billion.  Unsecured creditors are completely unprotected against dilution by claims above $42 billion.  If the Term Loan Litigation is successful, the $1.5 billion in cash recovered from the losing Prepetition Term Lenders will be matched by a $1.5 billion dilutive increase in unsecured claims.

KL2 2666780.14

36.     FTI, the Committee's financial advisor, has analyzed the recoveries that the general unsecured creditors would receive if the proceeds of the Term Loan Litigation inured to the benefit of unsecured creditors versus if they did not.  Attached hereto as **Exhibit C** is the declaration of Anna Phillips ("**Phillips Decl.**"), which demonstrates the dilution that would occur should the Committee prevail in the Term Loan Litigation – thereby leaving the Prepetition Term Lenders with an unsecured claim of $1.5 billion – without the unsecured creditors receiving the benefit of the proceeds of the litigation.  Schedule 1 to the Phillips Decl. is a chart, prepared by FTI, which further demonstrates why it would have made no logical sense for the Committee to initiate the Term Loan Litigation unless its constituents were to receive the potential proceeds thereof.

37.     Put simply, should the unsecured creditors receive the potential proceeds of the Term Loan Litigation, unsecured creditors stand to increase their overall percentage recovery by anywhere from 2.2% to 2.9%.  Conversely, initiating the Term Loan Litigation without receiving the potential proceeds would result in as much as a 0.4% reduction to the general unsecured creditors' recovery.  Phillips Decl. ¶ 3.

38.     It thus makes sense for the Committee to have brought the litigation only if unsecured creditors get the cash.  If Treasury gets the cash, the litigation will ***decrease*** unsecured creditor recoveries.  The Committee would never have commenced the lawsuit and prosecuted it for over a year if Treasury owned it, and the Committee will discontinue the lawsuit if Treasury is determined to own it now – ***no one will own the lawsuit***.

**D.     Treasury Should Be Judicially Estopped From
          Arguing that the Term Loan Litigation Belongs to
          Any Entity Other Than the Committee**

39.     This Court rightly expects parties appearing before it to live by – and to be bound by – their words and actions.  "The notion that a party in bankruptcy can be permitted to

thwart a bankruptcy order which has been conceived and fostered through its participation has been vigorously rejected." *Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son)*, 815 F.2d 1314, 1318 (9th Cir. 1987) (internal quotations and citations omitted). "Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both." *Dickerson v. Colgrove*, 100 U.S. 578, 580 (1880).

40.     This rule applies to Treasury, as it would any other litigant. *United States of America v. Owens*, 54 F.3d 271, 275 (6th Cir. 1995) (Given its important role in protecting the judicial process, judicial estoppel may be asserted against the government when it conducts "what appears to be a knowing assault upon the integrity of the judicial system." (internal quotations omitted)).

41.     Treasury's counsel drafted the Orders and the Amended DIP Facility, incorporating only such changes as its client deemed acceptable. Treasury supported the entry of each Order. Having agreed to the form of the Orders, having consented to their entry on the record, having represented to the Court that its DIP liens were "non-recourse," having sat idly by as the Committee vigorously pursued the Term Loan Litigation, Treasury should not be heard now to claim that it, and not the unsecured creditors represented by the Committee, should receive the benefit of the Committee's work.

## NOTICE

42.     Notice of this motion has been provided to counsel to the Debtors, counsel to Treasury, and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. Section 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750]. The Committee submits that such notice is sufficient and no other or further notice need be provided.

KL2 2666780.14

No prior request for the relief sought in this motion has been made by the Committee to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court (i) enter an order substantially in the form attached hereto as **Exhibit A** granting the relief sought herein, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated:    October 4, 2010
          New York, New York


KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:   /s/ *Thomas Moers Mayer*
Thomas Moers Mayer
Timothy P. Harkness
1177 Avenue of the Americas
New York, New York 10036
Phone: (212) 715-9100
Fax: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors of Motors Liquidation
Company , et al.*

KL2 2666780.14

# **<u>EXHIBIT A</u>**

.UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                         :

In re:                                :         Chapter 11 Case No.:
                                           :

MOTORS LIQUIDATION COMPANY., et al.,   :         09-50026 (REG)
f/k/a General Motors Corp., et al.          :
                                           :

                         Debtors.        :         (Jointly Administered)
                                           :

---------------------------------------------------------- X

### ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY TO ENFORCE (A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER, AND (C) THE AMENDED DIP FACILITY

Upon the Motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the

"**Committee**") of the above captioned debtors and debtors-in-possession in these chapter 11

cases (collectively, the "**Debtors**" or "**Old GM**"), for entry of an order enforcing: (i) the Final

Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy

Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to

Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority

Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to

Certain Pre-Petition Secured Parties dated June 25, 2009 (the "**Final DIP Order**") [Docket No.

2529]; (ii) the Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507

and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to

Provide for Debtors' Post-Petition Wind-Down Financing dated July 5, 2009 (the "**Wind-Down**

**Order**" and together with the Final DIP Order, the "**Orders**") [Docket No. 2969]; and (iii) the

$1,175,000,000 Amended and Restated Secured Superpriority Debtor-in-Possession Credit

---

[1] Unless otherwise indicated, capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

Agreement (the "**Amended DIP Facility**"), dated as of July 10, 2010, by and among the Debtors, the United States Department of the Treasury ("**Treasury**"), and Export Development Canada ("**EDC**"), as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief request therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and the Motion being core proceedings under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures to the parties identified on the Master Service List (as such term is defined therein), and no other or further notice needing to be provided; and the Court having considered: (a) the Motion; (b) the Declaration of Thomas Moers Mayer in support of the Motion; (c) the Declaration of Anna Phillips in support of the Motion; and (d) arguments and evidence provided on the record at the hearing (the "**Hearing**") before this Court on October 21, 2010; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

HEREBY FOUND AND DETERMINED THAT:

A.      In the early stages of these cases the Committee and Treasury engaged in negotiations related to the proposed postpetition financing and ultimately agreed to a deal that

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

resulted in the Court entering the Final DIP Order, the Wind-Down Order and the Amended DIP Facility which, among other things, provide that: (i) the Committee has standing to bring the Term Loan Litigation; (ii) the Term Loan Litigation is specifically excluded from Treasury's collateral; and (iii) that Treasury's recourse is limited solely to its collateral.

B.     The Committee, on behalf of general unsecured creditors commenced the Term Loan Litigation on July 31, 2009.

C.     On August 26, 2010, Treasury filed the Statement in which it asserted an interest in the Term Loan Litigation.

D.     On August 31, 2010, the Debtors filed the Proposed Plan that provides that the Term Loan Litigation will be included in the Avoidance Action Trust as an Avoidance Action Trust Asset and further provides that interests in the Avoidance Action Trust will be distributed to Treasury or to unsecured creditors as the Court may decide or as the Committee and Treasury may agree.

E.     The Court has subject matter jurisdiction over the Motion and the relief request therein pursuant to 28 U.S.C. section 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.).   The Motion is a core proceeding pursuant to 28 U.S.C. section 157(b); and venue is proper before the Court pursuant to 28 U.S.C. sections 1408 and 1409.

F.     Proper, timely, adequate and sufficient notice of the Motion and the relief requested therein has been provided in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. Section 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 [Docket No. 6750], and such notice was good,

KL2 2669454.2

sufficient, and appropriate under the circumstances.  No other or further notice of the Motion, the

relief requested therein or entry of this Order is or shall be required.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted and any objections to the Motion are overruled for

the reasons set forth on the record of the Hearing.

2.      Pursuant to the terms of the Final DIP Order, the Wind-Down Order and

the Amended DIP Facility negotiated between the Committee and Treasury, Treasury has no

interest in the Term Loan Litigation or any proceeds thereof and only the Committee is

authorized to prosecute the Term Loan Litigation.

3.      Interests in the Avoidance Action Trust shall be distributed exclusively to

the general unsecured creditors.

4.      This Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: New York, New York
       October __, 2010


_____
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT B**

KRAMER LEVIN NAFTALIS & FRANKEL LLP

1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Timothy P. Harkness

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                                          :
In re:                                                    :          Chapter 11 Case No.:
                                                          :
MOTORS LIQUIDATION COMPANY., et al.,                      :          09-50026 (REG)
f/k/a General Motors Corp., et al.                        :
                                                          :
                                    Debtors.              :          (Jointly Administered)
                                                          :
-------------------------------------------------------- X

**DECLARATION OF THOMAS MOERS MAYER IN SUPPORT OF
THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF MOTORS LIQUIDATION COMPANY TO ENFORCE
(A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER,
AND (C) THE AMENDED DIP FACILITY**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )

THOMAS MOERS MAYER, under the penalty of perjury, deposes and says that:

1.      I am a member of Kramer Levin Naftalis & Frankel LLP ("**Kramer**

**Levin**"), with responsibility for the Official Committee of Unsecured Creditors (the

"**Committee**") of the Debtors' bankruptcy cases of Motors Liquidation Company, (f/k/a General

Motors Corp.) et al. as debtors and debtors-in-possession in the Debtors bankruptcy cases

(collectively, the "**Debtors**"), and I submit this declaration (the "**Declaration**") in support of the

Motion of the Official Committee of Unsecured Creditors of Motors Liquidation Company to Enforce (A) The Final DIP Order, (B) The Wind-Down Order, and (C) The Amended DIP Facility (the "**Motion**").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.

2.    This paragraph is stated upon information and belief.  Paul Weiss Rifkind Wharton & Garrison LLP ("**Paul Weiss**") and Houlihan, Lokey Financial Advisors, Inc. were retained before the commencement of these cases by major holders of the Debtors' publicly traded bonds.  These firms negotiated the basic deal with Treasury[1] that underpins these chapter 11 cases, as follows.  Their major bondholder clients agreed not to object to the Debtors' sale under Section 363 of substantially all of the Debtors' assets to a new company controlled by Treasury ("**New GM**").  Treasury in return agreed to have New GM issue 10% of its common stock, and warrants with a value approximating an additional 10% of New GM equity, to the Debtors for distribution to the Debtors' unsecured creditors.

3.    This paragraph is stated upon information and belief.  The deal was based on an estimate of the Debtors' unsecured claims at $35 billion.  Treasury agreed that if unsecured claims increased, then, in a range from $35 billion to $42 billion, New GM would issue up to an additional 2% of New GM common stock.  Thus, within the $35 to $42 billion range, the 10% of New GM common stock was protected from dilution.  However, no additional warrants would be issued by New GM.  Thus the New GM warrants, which comprise approximately half of unsecured creditors' value, would not be protected from dilution if claims ranged from $35 billion to $42 billion.  If unsecured claims exceed $42 billion, there would be no dilution protection at all.  Current estimates of unsecured claims are not public with one exception:  New

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

KL3 2796567.2

GM's report for the second calendar quarter of 2010 states that it estimates unsecured claims against the Debtors will exceed $37 billion.

4.      Upon information and belief, the deal was also based on Treasury's commitment to pay, at the closing of the sale, all claims of the Debtors' secured bank lenders – including claims under a $1.5 billion (principal amount) term loan which was, at the time, believed to be fully secured by a non-voidable security interest and various mortgages (as more fully described below, the "**Prepetition Term Loan**").

5.      On June 1, 2009, (the "**Petition Date**"), all Debtors with material assets filed voluntary petitions for relief under chapter 11 of title 11, United States Code, as amended.

6.      On June 3, 2009, the Committee was formed and retained professionals.

7.      In the weeks following the Petition Date, the Committee negotiated the Amended DIP Facility and the Orders.  Each of these documents was drafted by Treasury's counsel, which took or rejected comments from the Committee and other parties in the course of the negotiations.

8.      A key all-hands meeting of counsel to the Debtors, the Committee and Treasury, plus Paul Weiss, and their respective financial advisors took place on June 19, 2009.

9.      Prior to the June 19 Negotiating Session, the Committee had commenced its investigation of liens and security interests securing a pre-petition $1.5 billion term loan dated as of November 29, 2006 and amended March 4, 2009 (the "**Prepetition Term Loan**") from a bank syndicate (the "**Prepetition Term Lenders**")[2] agented by JPMorgan Chase Bank, N.A. ("**JPMorgan**").  The day before the June 19 Negotiating Session, JPMorgan's counsel called to inform Committee counsel that, prior to the Petition Date, a paralegal for counsel to the Debtors

---

[2] The Final DIP Order and the Wind-Down Order refer to the Prepetition Term Lenders as the Prepetition Senior Facilities Secured Parties.

filed a UCC-3 termination statement with respect to the Prepetition Term Loan's security interests without authority.    Subsequent discovery has uncovered facts supporting the Committee's contention that JPMorgan did in fact authorize the paralegal to file the UCC-3 termination statement.  This matter is currently *sub judice* with this Court.

10.    The Committee was therefore particularly focused on a possible challenge to the Prepetition Term Lenders' security interest and recovery of the $1.5 billion in cash slated to be paid, at the closing of the sale, to the lenders (the "**Term Loan Litigation**").    The Committee's agenda for the June 19 Negotiating Session, and discussions thereafter, included preserving the benefit of the Term Loan Litigation for unsecured creditors.

11.    By the end of the June 19 Negotiating Session, all parties in interest – including Treasury – agreed that Treasury's ***collateral*** would not include proceeds from the Term Loan Litigation.

12.    Shortly after the June 19 Negotiating Session, Committee counsel further specifically requested that Treasury's ***recourse*** under the Amended DIP Facility be limited to its collateral – specifically ***excluding*** from such recourse the New GM stock, the New GM warrants ***and*** the Term Loan Litigation.    Treasury's counsel inserted this proposed language into the Amended DIP Facility and the language remained in each subsequent draft of the Amended DIP Facility through and including the execution version.

13.    By June 25, 2009, the Debtors, Treasury, the Prepetition Term Lenders and the Committee had agreed on the terms of the Final DIP Order and the Debtors submitted the order to the Court.  At the June 25, 2009 hearing, Treasury asked the Court to enter the order, which the Court did.

4

14.     On June 29, 2009, the Debtors filed a Motion Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 to Amend DIP Credit Facility [Docket No. 2755].

15.     By July 2, 2009, after exchanging multiple drafts and comments thereon, the parties agreed on the Amended DIP Facility and the Wind-Down Order.  The parties, including Treasury, asked the Court to enter the Wind-Down Order approving the Amended DIP Facility.

16.     At the July 2, 2009 hearing on the Debtors' motion to approve the Amended DIP Facility, counsel to the Committee provided the Court with a brief overview of the Committee's discussions with the Debtors and Treasury regarding the Amended DIP Facility and the Wind-Down Order.  Treasury did not object to this narrative or the terms of the Amended DIP Facility or the Wind-Down Order.

17.     Hearing no objection, this Court signed and entered the Wind-Down Order on July 5, 2009, approving the Amended DIP Facility in substantially the form attached as an exhibit thereto.  Treasury subsequently insisted on further amendments, not approved by the Court, but such amendments are not relevant to this Motion.  Treasury signed and consummated the Amended DIP Facility, with the provisions excluding the Term Loan Litigation from both collateral and recourse included in the executed final document, on July 10, 2009.

18.     On July 31, 2009, pursuant to standing granted to the Committee under Final DIP Order ¶ 19(d), the Committee filed a complaint against the Prepetition Term Lenders seeking to: (i) avoid the security interest that was subject to the UCC-3 termination statement; (ii) avoid and recover funds from the Prepetition Term Lenders paid on account of such security

KL3 2796567.2

interest; and (iii) disallow claims held by the Prepetition Term Lenders.  Cross motions for summary judgment are scheduled to be heard by the Court on November 1, 2010.

19.    For almost a year, Treasury made no attempt to intervene in the lawsuit or assert any interest therein.  Moreover, Treasury has not once objected to any of the Committee's fee applications seeking reimbursement for its work on the litigation.

20.    The initial draft of the Debtors' Proposed Plan, which was circulated to the Committee on July 23, 2010, provided that the Term Loan Litigation would be prosecuted for the sole benefit of unsecured creditors.[3]  Specifically, the initial draft of the Proposed Plan provided that the distribution to unsecured creditors included the proceeds of the Term Loan Litigation.

21.    On July 22, 2010, Treasury's counsel called Committee counsel and for the first time asserted that Treasury had an interest in the Term Loan Litigation.  On July 26, 2010, August 16, 2010 and August 18, 2010, Committee counsel participated in conference calls with Treasury's counsel regarding, among other things, the status of the Term Loan Litigation.  By no later than August 19, 2010, counsel to the Debtors informed counsel to the Committee that per Treasury's request, the Proposed Plan would provide that the beneficiary of the Term Loan Litigation would be determined at a later date.

22.    On August 26, 2010, Treasury filed the Statement of the United States of America with Respect to Cross-Motions for Summary Judgment [Docket No. 6805] requesting for the first time that any resolution of the cross motions for summary judgment not determine any person or entity's entitlements with respect to the ultimate distribution of any funds recovered from the Term Loan Litigation.

---

[3] The Proposed Plan provides that the Term Loan Litigation may continue to be prosecuted post-confirmation.

KL3 2796567.2

23.     On August 31, 2010, the Debtors filed the Proposed Plan, which provides that the Term Loan Litigation will be included in the Avoidance Action Trust as an Avoidance Action Trust Asset.  The Proposed Plan further provides that interests in the Avoidance Action Trust will be distributed to Treasury or to unsecured creditors as the Court may decide or as the Committee and Treasury may agree.

24.     Attached as Exhibit 1 is a true and correct copy of the 10-Q for General Motors Co. filed on August 16, 2010.

25.     Attached as Exhibit 2 is a true and correct copy of an e-mail from Gordon Novod to Treasury's Counsel, Debtors' Counsel, and Bondholders' Counsel, dated June 23, 2009, attaching Summary of June 19th Meeting by Issue List.

26.     Attached as Exhibit 3 is a true and correct copy of the transcript of the June 25, 2009 hearing before this Court.

27.      Attached as Exhibit 4 is a true and correct copy of the Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties [Docket No. 2529], dated June 25, 2009.

28.     Attached as Exhibit 5 is a true and correct copy of the Debtors Motion Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 to Amend DIP Credit Facility [Docket No. 2755], dated June 29, 2009.

29.     Attached as Exhibit 6 is a true and correct copy of the transcript of the July 2, 2009 hearing before this Court.

KL3 2796567.2

30.    Attached as Exhibit 7 is a true and correct copy of the Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing [Docket No. 2969], dated July 5, 2009.

31.    Attached as Exhibit 8 is a true and correct copy of the $1,175,000,000 Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement, dated July 10, 2010.

32.    Attached as Exhibit 9 is a true and correct copy of an e-mail from Amy Caton to Treasury's Counsel regarding GUM-DIP Order Draft, dated June 23, 2009.

33.    Attached as Exhibit 10 is a true and correct copy of an e-mail from Amy Caton to Debtors' Counsel and Treasury's Counsel regarding KL Comments to the GM Wind-Down Facility, dated June 30, 2009, attaching KL Markup Wind-Down CA 6-30-09.

34.    Attached as Exhibit 11 is a true and correct copy of the Statement of the United States of America with Respect to Cross-Motions for Summary Judgment [Docket No. 6805], dated August 26, 2010.

35.    Attached as Exhibit 12 is a true and correct copy of the Debtors' Joint Chapter 11 Plan [Docket No. 6829], dated August 31, 2010.

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed:      October 4, 2010
               New York, New York


                                        _/s/ Thomas Moers Mayer_____
                                        Thomas Moers Mayer

                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                        Thomas Moers Mayer
                                        Timothy P. Harkness
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone:  (212) 715-9100
                                        Facsimile:  (212) 715-8000

                                        *Counsel for the Official Committee of Unsecured
                                        Creditors of Motors Liquidation Co., (f/k/a General
                                        Motors Corp.) et al.*

KL3 2796567.2

**NOTE:  The Exhibits to the attached Mayer Declaration are voluminous and could not be included due to its size.  The Exhibits are therefore available on the Official Committee of Unsecured Creditors' website maintained in connection with these chapter 11 cases and can be downloaded from http://www.motorsliquidationcreditorscommittee.com and by clicking on "Key Documents" or by request from Epiq Bankruptcy Solutions, LLC, at 646-282-2500:**

- Exhibit 1 - 10-Q for General Motors Co. filed on August 16, 2010

- Exhibit 2 - G. Novod Email to U.S. Treasury

- Exhibit 3 - Transcript re Hearing on 6/25/2009

- Exhibit 4 - GM Final DIP Order

- Exhibit 5 - Debtors Motion to Amend DIP

- Exhibit 6 - Transcript of Hearing on 7/2/2009

- Exhibit 7 - GM Wind-Down Order

- Exhibit 8 - GM Final Credit Agreement

- Exhibit 9 - A. Caton Email

- Exhibit 10 - A. Caton Email to U.S. Treasury

- Exhibit 11 - GM Treasury's Statement

- Exhibit 12 - GM Joint Chapter 11 Plan, dated August 31, 2010

# **<u>EXHIBIT C</u>**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Timothy P. Harkness


*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
:
In re:                                                     :          Chapter 11 Case No.:
                                                           :
MOTORS LIQUIDATION COMPANY., et al.,   :          09-50026 (REG)
f/k/a General Motors Corp., et al.                         :
                                                           :
                              Debtors.                     :          (Jointly Administered)
                                                           :
---------------------------------------------------------- X

**DECLARATION OF ANNA PHILLIPS IN SUPPORT OF THE
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY TO ENFORCE
(A) THE FINAL DIP ORDER, (B) THE WIND-DOWN ORDER,
<ins>AND (C) THE AMENDED DIP FACILITY</ins>**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )

ANNA PHILLIPS, under the penalty of perjury, deposes and says that:

1.      I am a Senior Managing Director with FTI Consulting, Inc. (together with

its wholly owned subsidiaries, agents, independent contractors and employees "**<ins>FTI</ins>**"), a

financial advisory services firm with numerous offices throughout the country.  I submit this

Declaration on behalf of FTI (the "**<ins>Phillips Declaration</ins>**") in support of the motion (the

"**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of Motors Liquidation Company, *et al*., (f/k/a General Motors Corp., *et al*.,) the debtors and debtors-in-possession herein (collectively, the "**Debtors**"), for the entry of an order enforcing the Final DIP Order, the Wind-Down Order and the DIP Credit Agreement, as such documents are defined in the Motion.[1]  Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.

2.    At the request of counsel to the Committee, I prepared the chart (the "**Dilution Chart**") attached hereto as **Schedule 1**, which demonstrates the dilution of the general unsecured creditors' total recovery value that would occur should the Committee prevail in the Term Loan Litigation – thereby leaving the Prepetition Term Lenders with an unsecured claim of $1.5 billion – without the unsecured creditors receiving the benefit of the proceeds of the litigation.  This Chart demonstrates why the Committee would not initiate the Term Loan Litigation unless its constituents were to receive the potential proceeds thereof.

3.    As reflected on the Dilution Chart, should the unsecured creditors receive the potential proceeds of the Term Loan Litigation, unsecured creditors stand to increase their overall percentage recovery by anywhere from 2.2% to 2.9%.  Conversely, initiating the Term Loan Litigation without receiving the potential proceeds would result in as much as a 0.4% reduction to the general unsecured creditors' recovery.

---

1 Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

KL2 2668596.1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed:     New York, New York
              October 4, 2010

                                        /s/ *Anna Phillips*
                                        Anna Phillips

3

# <u>Schedule 1</u>

4

## Motors Liquidation Company

Unsecured Creditors Recovery Calculations from Term Loan Lenders

| In $ millions | | Scenario A. Term Loan Cash Proceeds go to Unsecured Creditors | | | | Scenario B. Treasury Takes Priority Over Term Loan Cash Proceeds | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Base Claim Amount $35B | | Base Claim Amount $42B | | Base Claim Amount $35B | | Base Claim Amount $42B | |
| | | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery | Zero Recovery | Full Recovery |
| **Calculation of Cash to Unsecured Creditors from Term Loan Recovery** | | | | | | | | | |
| Amount recovered from Term Loan Lenders | (1) | - | $1,500 | - | $1,500 | - | $1,500 | - | $1,500 |
| less: Treasury Loan amount due as of 2/28/11 | (2) | | | | | ($1,140) | ($1,140) | ($1,140) | ($1,140) |
| Net Cash Proceeds to Unsecured Creditors from Term Loan Recovery | | - | $1,500 | - | $1,500 | - | $360 | - | $360 |
| **Calculation of the Total Claim Amount** | | | | | | | | | |
| Unsecured Claim Amount (pre Term Loan claim) | (3) | $35,000 | $35,000 | $42,000 | $42,000 | $35,000 | $35,000 | $42,000 | $42,000 |
| Plus: Amount recovered from Term Loan Lenders | (4) | - | $1,500 | - | $1,500 | - | $1,500 | - | $1,500 |
| Total Claim Amount | | $35,000 | $36,500 | $42,000 | $43,500 | $35,000 | $36,500 | $42,000 | $43,500 |
| **Calculation of Unsecured Creditors Ownership Stake** | | | | | | | | | |
| Unsecured Creditors Shares | | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 | 50,000,000 |
| Unsecured Creditors Warrants | | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 | 90,909,090 |
| Unsecured Creditors Adjustment Shares | (5) | - | 2,142,857 | 10,000,000 | 10,000,000 | - | 2,142,857 | 10,000,000 | 10,000,000 |
| Total Unsecured Creditors Shares | | 140,909,090 | 143,051,947 | 150,909,090 | 150,909,090 | 140,909,090 | 143,051,947 | 150,909,090 | 150,909,090 |
| Other Shares (Treasury, EDC, Unions) | | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 | 450,000,000 |
| Total Shares | | 590,909,090 | 593,051,947 | 600,909,090 | 600,909,090 | 590,909,090 | 593,051,947 | 600,909,090 | 600,909,090 |
| % Unsecured Creditors Ownership Stake | (6) | 23.8% | 24.1% | 25.1% | 25.1% | 23.8% | 24.1% | 25.1% | 25.1% |
| **Calculation of Total Unsecured Creditors Recovery Value** | | | | | | | | | |
| Assumed New GM Equity Value | (7) | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 | $55,500 |
| Plus: Cash from Warrants Exercised | (8) | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 | $3,864 |
| Adjusted New GM Equity Value | | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 | $59,364 |
| % Unsecured Creditors Ownership Stake | | 23.8% | 24.1% | 25.1% | 25.1% | 23.8% | 24.1% | 25.1% | 25.1% |
| Total Value to Unsecured Creditors before cash from Term Loan Lenders | | $14,156 | $14,319 | $14,908 | $14,908 | $14,156 | $14,319 | $14,908 | $14,908 |
| Plus: Net Cash Proceeds to Unsecured Creditors from Term Loan Recovery | | - | $1,500 | - | $1,500 | - | $360 | - | $360 |
| Total Unsecured Creditors Recovery Value | | $14,156 | $15,819 | $14,908 | $16,408 | $14,156 | $14,679 | $14,908 | $15,268 |
| % Unsecured Creditors Recovery | | 40.4% | 43.3% | 35.5% | 37.7% | 40.4% | 40.2% | 35.5% | 35.1% |
| Change in Unsecured Creditors Recovery (vs. no Term Loan recovery) | | | 2.9% | | 2.2% | | -0.2% | | -0.4% |

**Notes:**

(1) Assumes two hypothetical recovery amounts from Term Loan Lenders: (i) zero and (ii) full ($1,500 million)

(2) Based on $1,175 million of original DIP loan, plus 5% quarterly PIK interest from 7/10/2009 through 2/28/2011 (assumed Effective Date for these calculations), less $135 million of repayment to Treasury per the Budget discussed with MLC on August 3, 2010.

(3) Assumes two scenarios for total allowed unsecured claims (before any claims from Term Loan Lenders), one at $35 billion and the other at $42 billion.

(4) For purposes of this analysis, any amount recovered from Term Loan lenders would be added to the $35 billion and $42 billion of claims.

(5) Up to additional 10,000,000 shares issued by New GM if claims exceed $35 billion up to $42 billion, per MSPA

(6) Assumes full dilution for Warrants A and B

(7) Assumes $55.5 billion based on the mid point for equity values based on recent bond pricing, as discussed in the report to Kramer Levin dated August 13, 2010.

(8) Includes cash received by New GM from exercise of Warrants A and B

**EXHIBIT B**

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| 3M COMPANY | ATT: ALAN E. BROWN arbrown@mmm.com |
| AIKEN SCHENK HAWKINS & RICCARDI P.C. | ATT: BARBARA LEE CALDWELL (ATTY FOR MARICOPA COUNTY) blc@ashrlaw.com |
| AIRGAS, INC. | ATT: DAVID BOYLE, CONSULTANT TO LEGAL DEPT david.boyle@airgas.com |
| ALIX PARTNERS LLP | ATTN: CARRIANNE BASLER cbasler@alixpartners.com |
| ALLARD & FISH, P.C. | ATT: DEBORAH L. FISH, ESQ. (COUNSEL FOR SEVERSTAL NORTH AMERICA, INC.) dfish@allardfishpc.com |
| ALPINE ELECTRONICS OF AMERICA, INC. | ATT: CYNTHIA WOODRUFF-NEER, ESQ. cwoodruff-neer@alpine-usa.com |
| ARCADIS U.S., INC. | ATT: LIESL SPANGLER, ASSOCIATE COUNSEL Elizabeth.Spangler@arcadis-us.com |
| ARENT FOX LLP | ATT: JAMES M. SULLIVAN, ESQ. (ATTY FOR TIMKEN COMPANY) sullivan.james@arentfox.com |
| ARENT FOX LLP | ATT: JEFFREY ROTHLEDER, ANDREA CAMPBELL, ESQS (ATTY FOR HARMAN BECKER AUTOMOTIVE SYSTEMS, INC.) rothleder.jeffrey@arentfox.com; campbell.andrea@arentfox.com |
| ARENT FOX LLP | ATT: MARY JOANNE DOWD, ESQ. (ATTY FOR TOYOTA BOSHOKU AMERICA, INC.) dowd.mary@arentfox.com |
| ARMSTRONG TEASDALE, LLP | ATT: DAVID L. GOING, ESQ. (ATTY FOR SPARTAN LIGHT METAL PRODUCTS COMPANY INC.) dgoing@armstrongteasdale.com |
| ARNALL GOLDEN GREGORY LLP | ATT: DARRYL S. LADDIN & FRANK N. WHITE (ATTY FOR VERIZON COMMUNICATIONS INC.) dladdin@agg.com; frank.white@agg.com |
| AT&T SERVICES INC. | ATTN: JAMES W. GRUDUS (LAW GROUP COUNSEL) jg5786@att.com |
| ATTORNEY GENERAL FOR THE STATE OF MICHIGAN | ATTN: ROLAND HWANG, ESQ. (ATTY FOR UNEMPLOYMENT TAX OFFICE, DEPT OF ENERGY, LABOR & ECONOMIC) hwangr@michigan.gov |
| ATTORNEY GENERAL FOR THE STATE OF NEBRASKA | ATT: LESLIE C. LEVY, ASSISTANT ATTORNEY GENERAL (ATTY FOR THE STATE OF NEBRASKA) leslie.levy@nebraska.gov |
| ATTORNEY GENERAL FOR THE STATE OF TEXAS | ATT: MARK BROWNING, ASSISTANT ATTORNEY GENERAL bk-mbrowning@oag.state.tx.us |
| ATTORNEY GENERAL OF OHIO | ATT: VICTORIA D. GARRY, ASSISTANT ATTORNEY GENERAL victoria.garry@ohioattorneygeneral.gov |
| ATTORNEY GENERAL OF STATE OF MICHIGAN | ATTN: MICHAEL A. COX & DENNIS J. RATERINK (ATTY FOR WORKERS COMPENSATION AGENCY AND FUNDS ADMINISTRATION) raterinkd@michigan.gov |
| ATTORNEY GENERAL OF STATE OF TEXAS | ATT: KIMBERLY A. WALSH, ASST. ATTORNEY GENERAL bk-kwalsh@oag.state.tx.us |
| ATTORNEY GENERAL OF THE STATE OF MICHIGAN - LABOR DIVISION | ATT: SUSAN PRZEKOP-SHAW, ASSISTANT ATTORNEY GENERAL (ATTY FOR MICHIGAN WORKERS' COMPENSATION AGENCY) przekopshaws@michigan.gov |
| ATTORNEY GENERAL OF THE STATE OF NEW YORK | ATT: NEAL S. MANN, ASSISTANT ATTORNEY GENERAL (ATTY FOR NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE) neal.mann@oag.state.ny.us |
| BAKER & HOSTETLER LLP | ATT: JOSEPH F. HUTCHINSON, JR., ERIC GOODMAN, WENDY J. GIBSON (ATTY FOR B&H CREDITORS) jhutchinson@bakerlaw.com; egoodman@bakerlaw.com; wgibson@bakerlaw.com |
| BAKER & HOSTETLER LLP | ATT: RICHARD BERNARD, ESQ. (ATTY FOR B&H CREDITORS) rbernard@bakerlaw.com |
| BAKER & HOSTETLER LLP | ATTN: WENDY J. GIBSON, ESQ. (ATTY FOR SCRIPPS NETWORKS & TELEVISION FOOD NETWORK) wgibson@bakerlaw.com |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC | ATTN: MAX A. MOSELEY (ATTY FOR SERRA CHEVROLET, INC AND KEYSTONE AUTOMOTIVE, INC) mmoseley@bakerdonelson.com |
| BALLARD SPAHR ANDREWS & INGERSOLL, LLP | ATT: MATTHEW G. SUMMERS, ESQ. (ATTY FOR FOUNTAIN LAKES I, L.L.C.) summersm@ballardspahr.com |
| BARNES & THORNBURG LLP | ATT: JOHN T. GREGG, ESQ. (ATTY FOR CONTINENTAL) jgregg@btlaw.com |
| BARNES & THORNBURG LLP | ATTN: MARK R. OWENS, ESQ. (ATTY FOR HIRATA CORPORATION OF AMERICA) mark.owens@btlaw.com |
| BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA | rcpottinger@bslbv.com |
| BARTLETT HACKETT FEINBERG P.C. | ATT: FRANK F. MCGINN, ESQ. (ATTY FOR IRON MOUNTAIN INFORMATION MANAGEMENT, INC.) ffm@bostonbusinesslaw.com |
| BECKER, GLYNN, MELAMED & MUFFLY LLP | ATT: CHESTER B. SALOMON, ESQ. (ATTY FOR FACTORY MOTOR PARTS COMPANY) CSALOMON@BECKERGLYNN.COM |
| BIALSON, BERGEN & SCHWAB | ATTN: THOMAS M. GAA (ATTY FOR CISCO SYSTEMS CAPITAL CORPORATION) tgaa@bbslaw.com |
| BINGHAM MCCUTCHEN LLP | ATT: ANNA M. BOELITZ, ESQ. (ATTY FOR WELLS FARGO BANK NORTHWEST, NAT'L ASSOC., AS INDENTURE TRUSTE) anna.boelitz@bingham.com |
| BINGHAM MCCUTCHEN LLP | ATTN ROBERT M DOMBROFF & JEFFREY S SABIN ESQ (ATTY FOR DEUTSCHE BANK AG) robert.dombroff@bingham.com; jeffrey.sabin@bingham.com; jared.clark@bingham.com |
| BINGHAM MCCUTCHEN LLP | ATTN: JONATHAN B. ALTER, ESQ. (ATTY FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA) jonathan.alter@bingham.com |
| BLANK ROME LLP | ATT: MARC E. RICHARDS, ESQ. (ATTY FOR DENSO INTERNATIONAL AMERICA AND DENSO SALES CALIFORNIA) mrichards@blankrome.com |

GENERAL MOTORS CORPORATION

### SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| BLANK ROME LLP | ATT: REGINA STANGO KELBON, ESQ. (ATTY FOR CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS) Kelbon@blankrome.com |
| BLUE CROSS AND BLUE SHIELD OF MICHIGAN | ATT: JEFFREY RUMLEY, ASSISTANT GENERAL COUNSEL JRumley@bcbsm.com |
| BODMAN LLP | ATTN: COLIN T. DARKE, ESQ. (ATTY FOR PRODUCTION MODELING CORPORATION) cdarke@bodmanllp.com |
| BODMAN LLP | ATTN: MARC M. BAKST, ESQ. (ATTY FOR LEAR CORPORATION AND ITS SUBSIDIARIES & AFFILIATES) mbakst@bodmanllp.com |
| BORGES & ASSOCIATES, LLC | ATTN: WANDA BORGES, ESQ. (ATTY FOR RAYCOM MEDIA, INC.) borgeslawfirm@aol.com |
| BRACEWELL & GIULIANI LLP | ATT: RENEE DAILEY (ATTY FOR GEORG FISCHER AUTOMOTIVE AG) renee.dailey@bgllp.com |
| BRADY C WILLIAMSON | bwilliam@gklaw.com |
| BRAYTON PURCELL LLP | ATT: ALAN R. BRAYTON, CHRISTINA C. SKUBIC, MATTHEW B. LEE, ESQS (ATTY FOR CERTAIN ASBESTOS CLAIMANTS) bankruptcy.asbpo.asbdom@braytonlaw.com |
| BRIGGS AND MORGAN P.A. | ATT: JOHN R. MCDONALD, ESQ. (ATTY FOR FACTORY MOTOR PARTS COMPANY) JMcDonald@Briggs.com |
| BROOKS WILKINS SHARKEY & TURCO, PLLC | ATT: MATTHEW E. WILKINS (ATTY FOR: HENZE STAMPING CO. & HENZ MACHINE CO.) wilkins@bwst-law.com |
| BROOKS WILKINS SHARKEY & TURCO, PLLC | ATTN: PAULA A. HALL, ESQ. (ATTY FOR WABASH TECHNOLOGIES, INC.) hall@bwst-law.com |
| BROWN & WHALEN, P.C. | ATT: RODNEY A. BROWN, ESQ. rbrown@brownwhalen.com |
| BUCHALTER NEMER, PC | ATT: SHAWN M. CHRISTIANSON, ESQ. (ATTY FOR ORACLE USA, INC.; AND ORACLE CREDIT CORPORATION) schristianson@buchalter.com |
| BURKE, WARREN, MACKAY & SERRITELLA, P.C. | ATT: J. KIM & G. RING (ATTY FOR ATTY FOR NAPLETON INVESTMENT PARTNERSHIP LP) JKim@burkelaw.com ; Gring@Burkelaw.com |
| BURLINGTON NORTHERN SANTE FE RAILWAY COMPANY | ATT: PETER M. LEE, SENIOR GENERAL ATTORNEY Peter.Lee@bnsf.com |
| BURR & FORMAN LLP | ATT: D.CHRISTOPHER CARSON (ATTY FOR GESTAMP ALABAMA, LLC, GESTAMP MASON, LLC, GESTAMP MEXICO) ccarson@burr.com |
| BUSH SEYFERTH & PAIGE PLLC | ATT: RICHARD W. PAIGE (ATTY FOR IEE SENSING, INC.) paige@bsplaw.com |
| BUTZEL LONG, PC | ATT: ROBERT SIDORSKY & ERIC B. FISHER (ATTY FOR TK HOLDINGS, IRVIN AUTOMOTIVE PROD., TAKATA PETRI) sidorsky@butzel.com; fishere@butzel.com |
| BUTZEL LONG, PC | ATTN: ROBERT SIDORSKY & ERIC B. FISHER (ATTY FOR INTEVA PRODUCTS, LLC) sidorsky@butzel.com; fishere@butzel.com; seidel@butzel.com |
| BUTZEL LONG, PC | ATTN: THOMAS B. RADOM & MAX J. NEWMAN (ATTY FOR INTEVA PRODUCTS, LLC) radom@butzel.com; newman@butzel.com |
| C.B. BLACKARD, III | cbblac@acxiom.com |
| CADWALADER, WICKERSHAM & TAFT LLP | ATT: JOHN J. RAPISARDI, ESQ. (ATTY FOR UNITED STATES OF AMERICA) john.rapisardi@cwt.com; douglas.mintz@cwt.com; peter.friedman@cwt.com; zachary.smith@cwt.com |
| CAMPBELL, O'BRIEN & MISTELE, P.C. | ATTN: ROBERT J. FIGA, ESQ. (ATTY FOR GEORGE P. JOHNSON COMPANY (GPJ)) rfiga@comlawone.com |
| CANON U.S.A, INC. | ATTN: RUTH E. WEINSTEIN rweinstein@cusa.canon.com |
| CAPLIN & DRYSDALE, CHARTERED | ATT: ELIHU INSELBUCH & RITA TOBIN (ATTY FOR COONEY & CONWAY ASBESTOS PERSONAL INJURY TORT CLAIMANTS;) ei@capdale.com |
| CAPLIN & DRYSDALE, CHARTERED | ATT: PETER VAN LOCKWOOD, RONALD REINSEL & TREVOR SWETT, III, ESQS (ATTY FOR COONEY & CONWAY ASBESTOS PERSONAL INJURY TORT CLAIMANTS;) pvnl@capdale.com; rer@capdale.com; tws@capdale.com |
| CAPLIN & DRYSDALE, CHARTERED | ATTN: ELIHU INSELBUCH, RITA C. TOBIN (ATTY FOR THE ASBESTOS CLAIMANTS' COMMITTEE) ei@capdale.com; rct@capdale.com; |
| CAPLIN & DRYSDALE, CHARTERED | ATTN: KEVIN C. MACLAY, TREVOR W. SWETT III (ATTY FOR THE ASBESTOS CLAIMANTS' COMMITTEE) kcm@capdale.com; tws@capdale.com |
| CARSON FISCHER, P.L.C. | ATT: JOSEPH M. FISCHER, LAWRENCE A. LICHTMAN, PATRICK J. KUKLA (ATTY FOR VITEC, LLC) brcy@carsonfischer.com |
| CARSON FISCHER, P.L.C. | ATTN: CHRISTOPHER A. GROSMAN & PATRICK J. KUKLA (ATTY FOR RIMA MANUFACTURING COMPANY) brcy@carsonfischer.com; brcy@carsonfischer.com |
| CASSELS BROCK | ATT: MICHAEL WEINCZOK mweinczok@casselsbrock.com |
| CHAPELL & ASSOCIATES LLC | ATTN ALAN CHAPELL CIPP alan@chapellassociates.com |
| CLARK HILL PLC | ATT: CHRISTOPHER M. CAHILL (ATTY FOR ATS AUTOMATION TOOLING SYSTEMS INC, ATS OHIO, INC.) ccahill@clarkhill.com |
| CLARK HILL PLC | ATTN: ROBERT D. GORDON, ESQ. (ATTY FOR ATS AUTOMATION TOOLING SYSTEMS, INC.) rgordon@clarkhill.com |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | BSUSKO@CGSH.COM |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | ATT: DEBORAH M. BUELL, ESQ. (ATTY FOR GRUPO KUO, TRANSMISSION TECHNOLOGIES CORPORATION) dbuell@cgsh.com |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | ATT: JAMES L. BROMLEY, ESQ. (ATTY FOR UAW) jbromley@cgsh.com |

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
| --- | --- |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | ATT: SEAN A. O'NEAL, ESQ. (ATTY FOR THE INTERPUBLIC GROUP OF COMPANIES, INC.) soneal@cgsh.com |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | DAVID I GOTTLIEB, ESQ. DGOTTLIEB@CGSH.COM |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | RICHARD S LINCER, ESQ. RLINCER@CGSH.COM |
| COHEN, WEISS AND SIMON LLP | ATT: BABETTE A. CECCOTTI, ESQ. (ATTY FOR INTERNATIONAL UNION, UAW) bceccotti@cwsny.com |
| COHN WHITESELL & GOLDBERG LLP | ATT: MICHAEL J. GOLDBERG, ESQ. goldberg@cwg11.com |
| CONNELL FOLEY LLP | ATTN: STEPHEN V. FALANGA & CHRISTOPHER M. HEMRICK (ATTY FOR PANASONIC ELECTRIC WORKS CORPORATION OF AMERICA) sfalanga@connellfoley.com; chemrick@connellfoley.com |
| COOLIDGE WALL CO., L.P.A. | ATT: RONALD S. PRETEKIN, ESQ. (ATTY FOR HARCO MANUFACTURING GROUP LLC) pretekin@coollaw.com |
| COUNTY ATTORNEY | ATTN: BELKYS ESCOBAR, ASSISTANT COUNTY ATTORNEY (ATTY FOR THE COUNTY OF LOUDOUN, VIRGINIA) belkys.escobar@loudoun.gov |
| COVINGTON & BURLING LLP | ATTN: MICHAEL ST. PATRICK BAXTER, ESQ. (ATTY FOR UNION PACIFIC RAILROAD COMPANY) mbaxter@cov.com |
| COVINGTON & BURLING LLP | ATTN: SUSAN POWER JOHNSTON, ESQ. (ATTY FOR UNION PACIFIC RAILROAD COMPANY) sjohnston@cov.com |
| CUMMINGS & LOCKWOOD LLC | ATT: JOHN F. CARBERRY, ESQ. (ATTY FOR EMIGRANT BUSINESS CREDIT CORP) jcarberry@cl-law.com |
| DANA HOLDING COMPANY | ATT: LISA WURSTER lisa.wurster@dana.com |
| DAVIS POLK & WARDWELL | ATT: DONALD S. BERNSTEIN & MARSHALL S. HUEBNER (ATTY FOR FORD MOTOR COMPANY) donald.bernstein@dpw.com |
| DAWDA, MANN, MULCAHY & SADLER, PLC | ATT: WILLIAM ROSIN & KENNETH FLASKA (ATTY FOR MAGNETI MARELLI AND AUTOMOTIVE LIGHTING) gm@dmms.com |
| DAY PITNEY | ATT: RICHARD M. METH, ESQ. (ATTY FOR SPARTAN LIGHT METAL PRODUCTS COMPANY INC.) rmeth@daypitney.com; msteen@daypitney.com |
| DAY PITNEY LLP | ATT: HERBERT K. RYDER (ATTY FOR BANK OF VALLETTA P.L.C.) hryder@daypitney.com |
| DAY PITNEY LLP | ATT: HERBERT RYDER, ESQ. (ATTY FOR BANK OF VALLETTA P.L.C.) hryder@daypitney.com |
| DAY PITNEY LLP | ATT: RICHARD M. METH, ESQ. (ATTY FOR SPARTAN LIGHT METAL PRODUCTS COMPANY INC.) rmeth@daypitney.com; msteen@daypitney.com |
| DAY PITNEY LLP | ATTN: AMISH R. DOSHI, ESQ. (ATTY FOR ORACLE USA, INC.) adoshi@daypitney.com |
| DEALER TIRE, LLC | info@dealertire.com |
| DEBEVOISE & PLIMPTON LLP | ATT: JASMINE POWERS, ESQ. (ATTY FOR MAG INDUSTRIAL AUTOMATION SYSTEMS, LLC) jpowers@debevoise.com |
| DEBEVOISE & PLIMPTON LLP | ATT: RICHARD F. HAHN, ESQ. (ATTY FOR THE HERTZ CORPORATION) rfhahn@debevoise.com |
| DECHERT LLP | ATT: JAMES O. MOORE, ESQ. (ATTY FOR CDI CORPORATION) james.moore@dechert.com |
| DECHERT LLP | ATTN: JULIET SARKESSIAN, ESQ. (ATTY FOR CDI CORPORATION) juliet.sarkessian@dechert.com |
| DECHERT LLP | ATTN: SHMUEL VASSER, ESQ. (ATTY FOR SHANGHAI AUTOMOTIVE INDUSTRY CORP (GROUP) AND AFFILIATES) shmuel.vasser@dechert.com |
| DEPARTMENT OF LABOR | ATTN: DEPUTY SOLICITOR OF LABOR CONTACT-OCFO@DOL.GOV |
| DEPARTMENT OF LABOR & INDUSTRY | ATTN: DENISE A. MERTZ dmertz@state.pa.us |
| DICKINSON WRIGHT PLLC | ATT: COLLEEN M. SWEENEY, ESQ. (ATTY FOR JOHNSON CONTROLS, INC.) csweeney@dickinsonwright.com |
| DICKINSON WRIGHT PLLC | ATT: DORON YITZCHAKI, ESQ. (ATTY FOR JOHNSON CONTROLS, INC.) dyitzchaki@dickinsonwright.com |
| DICKINSON WRIGHT PLLC | ATT: JAMES A. PLEMMONS, ESQ. (ATTY FOR JOHNSON CONTROLS, INC.) jplemmons2@dickinsonwright.com |
| DICKINSON WRIGHT PLLC | ATT: KERRY MASTERS EWALD, ESQ. (ATTY FOR JOHNSON CONTROLS, INC.) kewald@dickinsonwright.com |
| DICKINSON WRIGHT PLLC | ATT: MICHAEL C. HAMMER, ESQ. (ATTY FOR JOHNSON CONTROLS, INC.) mchammer3@dickinsonwright.com |
| DICONZA LAW P.C. | ATT: GERARD DICONZA, ESQ. (ATTY FOR ARCADIS U.S., INC.) gdiconza@dlawpc.com |
| DLA PIPER LLP | ATT: KAROL DENNISTON & JENNIFER NASSIRI, ESQS (ATTY FOR HEWLETT PACKARD CO) karol.denniston@dlapiper.com; jennifer.nassiri@dlapiper.com |
| DRINKER BIDDLE & REATH LLP | ATT: KRISTEN K. GOING, ESQ. (ATTY FOR MANUFACTURERS AND TRADERS TRUST COMPANY) kristin.going@dbr.com |
| DRINKER BIDDLE & REATH LLP | ATT: STEPHANIE WICKOUSKI, ESQ., KIRSTIN K. GOING (ATTY FOR MANUFACTURERS AND TRADERS TRUST COMPANY) stephanie.wickouski@dbr.com; Kristin.Going@dbr.com; |

GENERAL MOTORS CORPORATION

### SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| EDS, AN HP COMPANY | ATT: AYALA HASSELL ayala.hassell@hp.com |
| EDWARDS ANGELL PALMER & DODGE LLP | ATTN J WHITLOCK (ATTY FOR US BANK NAT'L ASSOC & US BANK TRUST NAT'L ASSOC) jwhitlock@eapdlaw.com |
| ELLIOTT GREENLEAF | ATT: R. Z - ARAVENA & T. KITTILA,ESQ. rxza@elliottgreenleaf.com ; tak@elliottgreenleaf.com |
| ELLIS & WINTERS LLP | ATT: GEORGE F. SANDERSON III (ATTY FOR CRYMES LANDFILL PRP GROUP) george.sanderson@elliswinters.com |
| ENTERGY SERVICES, INC | ATT: ALAN H. KATZ, ASSISTANT GENERAL COUNSEL akatz@entergy.com |
| ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C. | ATT: DAVID M. EISENBERG, ESQ. (ATTY FOR NIDEC MOTORS & ACTUATORS) deisenberg@ermanteicher.com |
| ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C. | ATT: DIANNE S. RUHLANDT, ESQ. & EARLE I. ERMAN (ATTY FOR ETKIN MANAGEMENT SERVICES) druhlandt@ermanteicher.com ; eerman@ermanteicher.com |
| ERVIN COHEN & JESSUP LLP | ATTN: MICHAEL S. KOGAN (ATTY FOR SALAS AUTOMOTIVE GROUP, INC. DBA POWAY CHEVROLET) mkogan@ecjlaw.com |
| FARELLA BRAUN & MARTEL LLP | ATT: NEIL A. GOTEINER, ESQ. (ATTY FOR GENERAL MOTORS RETIREES ASSOCIATION) ngoteiner@fbm.com |
| FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP | ATT: PAUL J. PASCUZZI, ESQ. (ATTY FOR THE MCCLATCHY COMPANY) ppascuzzi@ffwplaw.com |
| FOLEY & LARDNER LLP | ATT: ROBERT H. HUEY, ESQ. (ATTY FOR TOYOTA MOTOR CORPORATION) rhuey@foley.com |
| FOLEY & LARDNER LLP | ATT: VICTOR A. VILAPLANA & MATTHEW J. RIOPELLE (ATTY FOR TOYOTA MOTOR CORPORATION) vavilaplana@foley.com; mriopelle@foley.com |
| FOLEY & LARDNER LLP | ATTN: FRANK DICASTRI, ESQ. (ATTY FOR GETRAG TRANSMISSION CORPORATION) fdicastri@foley.com |
| FOLEY & LARDNER LLP | ATTN: JILL L. MUNCH & JOANNE LEE (ATTY FOR CUMMINS INC.) jmurch@foley.com; jlee@foley.com |
| FOLEY & LARDNER LLP | ATTN: MARK A. AIELLO & SALVATORE A. BARBATANO (ATTY FOR INERGY AUTOMOTIVE SYSTEMS (USA), LLC) sbarbatano@foley.com; maiello@foley.com |
| FOLEY & LARDNER LLP | ATTN: SALVATORE A. BARBATANO & STEVEN H. HILFINGER (ATTY FOR PETERSON AMERICAN CORPORATION) sbarbatano@foley.com; shilfinger@foley.com |
| FOLEY & LARDNER LLP | ATTN: SALVATORE A. BARBATANO, JOHN A. SIMON, KATHERINE R. CATANESE (ATTY FOR PIRELLI TIRE, LLC) sbarbatano@foley.com; jsimon@foley.com; kcatanese@foley.com |
| FOLEY & LARDNER LLP | ATTN: SCOTT T. SEABOLT, ESQ. (ATTY FOR TEXTRON INC.) sseabolt@foley.com |
| FOLEY & LARDNER LLP | ATTN: STEVEN H. HILFINGER, FRANK W. DICASTRI, JOHN A. SIMON (ATTY FOR OMRON AUTOMOTIVE ELECTRONICS; OMRON DUALTEC AUTOMOTIVE ELECTR) shilfinger@foley.com; fdicastri@foley.com; jsimon@foley.com |
| FOLEY & LARDNER LLP | ATTN: STEVEN H. HILFINGER, JOHN A. SIMON, KATHERINE R. CATANESE (ATTY FOR INTRA CORPORATION) shilfinger@foley.com; jsimon@foley.com; kcatanese@foley.com |
| FORMAN HOLT ELIADES & RAVIN, LLC | ATT: KIM R. LYNCH, ESQ. (ATTY FOR SIEMENS BUILDING TECHNOLOGIES, INC.) klynch@formanlaw.com |
| FOX ROTHSCHILD LLP | ATTN: FRED STEVENS, ESQ. (ATTY FOR STARSOURCE MANAGEMENT SERVICES) fstevens@foxrothschild.com |
| FRASER TREBILCOCK DAVIS & DUNLAP, P.C. | ATTN: G. ALAN WALLACE (ATTY FOR CITY OF SIOUX CITY, IOWA) gwallace@fraserlawfirm.com |
| FRASER TREBILCOCK DAVIS & DUNLAP, P.C. | ATTN: G. ALAN WALLACE, ESQ. (ATTY FOR CITY OF LANSING) gwallace@fraserlawfirm.com |
| FREEBORN & PETERS LLP | ATT: AARON L. HAMMER & THOMAS R. FAWKES, ESQS (ATTY FOR PGW, LLC) ahammer@freebornpeters.com; tfawkes@freebornpeters.com |
| FRIEDLANDER MISLER, PLLC | ATTN: ROBERT E. GREENBERG, ESQ. (ATTY FOR REALTY ASSOCIATES IOWA CORPORATION) rgreenberg@dclawfirm.com |
| FROST BROWN TODD | ATT: ROBERT A. GUY JR. & J.MATTHEW KROPLIN (ATTY FOR CLARCOR, INC.) bguy@fbtlaw.com ; mkroplin@fbtlaw.com |
| FULBRIGHT & JAWORSKI L.L.P. | ATT: DAVID A. ROSENZWEIG & MARK C. HAUT (ATTY FOR SOUTHWEST RESEARCH INSTITUTE) drosenzweig@fulbright.com; mhaut@fulbright.com |
| FULBRIGHT & JAWORSKI L.L.P. | ATT: LIZ BOYDSTON, ESQ. (ATTY FOR BELL ATLANTIC TRICON LEASING CORP.) lboydston@fulbright.com |
| FULBRIGHT & JAWORSKI L.L.P. | ATT: LOUIS R. STRUBECK & LIZ BOYDSTON, ESQ. (ATTY FOR VERIZON CAPITAL CORPORATION) lstrubeck@fulbright.com; lboydston@fulbright.com |
| FULBRIGHT & JAWORSKI L.L.P. | ATT: MICHAEL M. PARKER, ESQ. (ATTY FOR SOUTHWEST RESEARCH INSTITUTE) mparker@fulbright.com |
| FULBRIGHT & JAWORSKI L.L.P. | ATTN: DAVID A. ROSENZWEIG & JACLYN L. RABIN (ATTY FOR AT&T CORP.) drosenzweig@fulbright.com; jrabin@fulbright.com |
| GENERAL MOTORS, LLC | ATT LAWRENCE S BUONOMO ESQ lawrence.s.buonomo@gm.com |

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| GERSTEN SAVAGE, LLP | ATT: PAUL RACHMUTH (ATTY FOR COURT APPOINTED CLASS) prachmuth@gerstensavage.com |
| GIBBONS P.C. | ATT: DAVID N. CRAPO, ESQ. (ATTY FOR J.D. POWER AND ASSOCIATES) dcrapo@gibbonslaw.com |
| GIBSON, DUNN & CRUTCHER LLP | ATT: DAVID M. FELDMAN, ESQ. (ATTY FOR WILMINGTON TRUST COMPANY) dfeldman@gibsondunn.com |
| GIBSON, DUNN & CRUTCHER LLP | ATT: MATTHEW J. WILLIAMS, ESQ. (ATTY FOR WILMINGTON TRUST COMPANY) mjwilliams@gibsondunn.com |
| GIRRARD GIBBS LLP | ATT: D. GIRARD & A.J. DE BARTOLOMEO (ATTY FOR COURT APPOINTED CLASS) dcg@girardgibbs.com ; ajd@girardgibbs.com |
| GLENN M. REISMAN, ESQ. | ATT: ALAN E. BROWN arbrown@mmm.com |
| GODFREY & KAHN, S.C. | ATTN: TIMOTHY F. NIXON, ESQ (ATTY FOR THE FEE EXAMINER) tnixon@gklaw.com; candres@gklaw.com; kstadler@gklaw.com |
| GOHN, HANKEY & STICHEL, LLP | ATT: JAN I. BERLAGE (ATTY FOR HAROLD MARTIN) jberlage@ghsllp.com |
| GOLDBERG SEGALLA LLP | ATT: B. HOOVER & C. BELTER, ESQ. (ATTY FOR THE QUAKER OATS COMPANY) bhoover@goldbergsegalla.com ; cbelter@goldbergsegalla.com |
| GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP | ATT: JONATHAN L. FLAXER, DOUGLAS L. FURTH, ANTHONY M. VASSALLO (ATTY FOR PANASONIC AUTO SYS CO OF AMERICA, DIV OF PANASONIC) jflaxer@golenbock.com; dfurth@golenbock.com |
| GORLICK, KRAVITZ & LISTHAUS, P.C. | ATT: BARBARA S. MEHLSACK, ESQ. (ATTY FOR IUOE, LOCALS IUOE 101, IUOE 18S & IUOE 832S) bmehlsack@gkllaw.com |
| GOULSTON & STORRS, P.C. | ATT: DOUGLAS B. ROSNER, ESQ. (ATTY FOR 767 FIFTH PARTNERS LLC AND BP/CGCENTER I LLC) drosner@goulstonstorrs.com |
| GOULSTON & STORRS, P.C. | ATT: GREGORY O. KADEN, ESQ. (ATTY FOR 767 FIFTH PARTNERS AND BP/CGCENTER I LLC) gkaden@goulstonstorrs.com |
| GREENBERG TRAURIG, LLP | ATT: B. ZIRINSKY, N. MITCHELL & A. KADISH (ATTY FOR PERRY PARTNERS INTERNATIONAL, INC.) Zirinskyb@gtlaw.com ; Mitchelln@gtlaw.com ; Kadisha@gtlaw.com |
| HAHN & HESSEN LLP | ATT: J. DIVACK & H. PATWARDHAN, ESQ. (ATTY FOR B.REYNOLDS & G REYNOLDS, JR.) jdivack@hahnhessen.com; hpatwardhan@hahnhessen.com |
| HAHN LOESER & PARKS LLP | ATT: LEE D. POWAR & DANIEL A. DEMARCO & ROCCO I. DEBITETTO ldpowar@hahnlaw.com; dademarco@hahnlaw.com |
| HALPERIN BATTAGLIA RAICHT, LLP | ATT: CHRISTOPHER J. BATTAGLIA & JULIE D. DAYAS, ESQ. (ATTY FOR MACQUARIE EQUIPMENT FINANCE, LLC.) cbattaglia@halperinlaw.net; jdyas@halperinlaw.net |
| HARMAN BECKER AUTOMOTIVE SYSTEMS, INC. | info@harmanbecker.de |
| HAUSFELD LLP | ATTN: STEIG D. OLSON, ESQ., MICHAEL HAUSFELD (ATTY FOR BALINTULO PLAINTIFFS) solson@hausfeldllp.com |
| HAYNES AND BOONE LLP | ATT: JONATHAN HOOK. (ATTY FOR AIRGAS, INC.) jonathan.hook@haynesboone.com |
| HAYNES AND BOONE LLP | ATT: PATRICK L. HUGHES & PETER C. RUGGERO (ATTY FOR AIRGAS, INC.) patrick.hughes@haynesboone.com; peter.ruggero@haynesboone.com |
| HAYNES AND BOONE LLP | ATTN: CHARLES A. BECKMAN & BROOKS HAMILTON (ATTY FOR EXXON MOBIL CORPORATION) charles.beckham@haynesboone.com; brooks.hamilton@haynesboone.com |
| HAYNES AND BOONE, LLP | ATTN: JUDITH ELKIN (ATTY FOR CEVA LOGISTICS) judith.elkin@haynesboone.com |
| HAYNES AND BOONE, LLP | ATTN: MATTHEW E. RUSSELL, ESQ. (ATTY OFR EXXON MOBIL CORPORATION) matthew.russell@haynesboone.com |
| HAYNSWORTH SINKLER BOYD, P.A. | ATTN: WILLIAM H. SHORT, JR., ESQ. (ATTY FOR SOUTH CAROLINA AUTOMOBILE DEALERS ASSOCIATION) bshort@hsblawfirm.com |
| HERRICK, FEINSTEIN LLP | ATT: STEPHEN B. SELBST & PAUL RUBIN (ATTY FOR BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC) sselbst@herrick.com; prubin@herrick.com |
| HESS CORPORATION | ATT: ELIZABETH ANNE CARINI CURRENTI, ESQ. ecurrenti@hess.com |
| HEWLETT-PACKARD COMPANY LP | ATT: RAMONA NEAL, SENIOR COUNSEL Ramona.neal@hp.com |
| HEWLETT-PACKARD FINANCIAL SERVICES COMPANY | ATT: AMY S. CHIPPERSON, ESQ. amy.chipperson@hp.com |
| HINCKLEY, ALLEN & SNYDER LLP | ATT: THOMAS H CURRAN, PAUL F O'DONNELL & JENNIFER V DORAN (ATTY FOR DAVE DELANEY'S COLUMBIA BUICK-PONTIAC-GMAC CO, LLC) tcurran@haslaw.com |
| HISCOCK & BARCLAY LLP | ATTN SUSAN R KATZOFF ESQ (ATTY FOR THE SCHAEFER GROUP INC) skatzoff@hblaw.com |
| HISCOCK & BARCLAY, LLP | ATT: SUSAN R. KATZOFF, ESQ. skatzoff@hblaw.com |
| HOGAN & HARTSON LLP | ATT: SCOTT A. GOLDEN & BRIAN J GRIECO, ESQ. (ATTY FOR NEWS AMERICA INCORPORATED) sagolden@hhlaw.com ; bjgriecco@hhlaw.com |
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | ATT: TRICIA A. SHERICK, ESQ. (ATTY FOR GENERAL MOTORS CORPORATION) tsherick@honigman.com |

GENERAL MOTORS CORPORATION

### SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | ATTN JOSEPH R SGROI ESQ (ATTY FOR GENERAL MOTORS CORPORATION) jsgroi@honigman.com |
| HONIGMAN MILLER SCHWARTZ AND COHN LLP | ATTN ROBERT B WEISS ESQ (ATTY FOR GENERAL MOTORS CORPORATION) rweiss@honigman.com |
| HUNTER & SCHANK CO., LPA | ATT: JOHN J. HUNTER, JR., ESQ. (ATTY FOR ZF FRIEDRICHSHAFEN AG) jrhunter@hunterschank.com |
| HUNTER & SCHANK CO., LPA | ATT: THOMAS J. SCHANK, ESQ. (ATTY FOR ZF FRIEDRICHSHAFEN AG) tomschank@hunterschank.com |
| INDUSTRY CANADA, LEGAL SERVICES | ATT: ANNE BOUDREAU anne.boudreau@ic.gc.ca |
| INTERNATIONAL UNION OF OPERATING ENGINEERS | ATT: RICHARD GRIFFIN, GENERAL COUNSEL rgriffin@iuoe.org |
| INTERNATIONAL UNION, UAW | ATT: DANIEL SHERRICK & NIRAJ GANATRA, LEGAL DEPT. (ATTY FOR INTERNATIONAL UNION, UAW) memberservices@iuawfcu.com; nganatra@uaw.net |
| IVEY, BARNUM AND O'MARA, LLC | ATTN: MELISSA ZELEN NEIER, ESQ. (ATTY FOR SONIC AUTOMOTIVE, INC.) mneier@ibolaw.com |
| J.L. SAFFER, P.C. | ATTN: JENNIFER L. SAFFER, ESQ. (ATTY FOR TMI CUSTOM AIR SYSTEMS, INC.) jlsaffer@jlsaffer.com |
| JAFFE, RAITT, HEUER, & WEISS, P.C. | ATT: RICHARD E. KRUGER (ATTY FOR THE BMW GROUP) rkruger@jaffelaw.com |
| JENNER & BLOCK LLP | ATTN: DANIEL R. MURRAY & JOSEPH P. GROMACKI dmurray@jenner.com |
| JENNER & BLOCK LLP | ATTN: PATRICK J. TROSTLE & HEATHER D. MCARN ptrostle@jenner.com |
| JOHNSON, HEARN, VINEGAR, GEE & GLASS, PLLC | ATT: JEAN WINBORNE BOYLES, ESQ. (ATTY FOR D & J AUTOMOTIVE, LLC) jboyles@jhvgglaw.com |
| JOHNSTON BARTON PROCTOR & ROSE LLP | ATTN: MAX A. MOSELEY, ESQ. (ATTY FOR SERRA CHEVROLET OF BIRMINGHAM, INC.) mam@johnstonbarton.com |
| K&L GATES LLP | ATT: JEFFREY N. RICH & ERIC T. MOSER, ESQS. (ATTY FOR PPG INDUSTRIES, INC.) jeff.rich@klgates.com; eric.moser@klgates.com |
| KAYE SCHOLER LLP | ATT: RICHARD G. SMOLEV & STEWART B. HERMAN (ATTY FOR PHILLIP MORRIS CAPITAL CORP) rsmolev@kayescholer.com; |
| KEATING MUETHING & KLEKAMP PLL | ATTN: JASON V. STITT, ESQ. (ATTY FOR CINTAS CORPORATION) jstitt@kmklaw.com |
| KELLEY & FERRARO, L.L.P. | ATT: THOMAS M. WILSON, ESQ. (ATTY FOR ASBESTOS TORT CLAIMANTS) twilson@kelley-ferraro.com |
| KELLEY DRYE & WARREN LLP | ATTN: DAVID RETTER, PAMELA BRUZZESE-SZCZGIEL, JENNIFER CHRISTIAN, ESQS (ATTY FOR LAW DEBENTURE TRUST COMPANY OF NEW YORK) KDWBankruptcyDepartment@kelleydrye.com |
| KELLEY DRYE & WARREN, LLP | ATT: JAMES S. CARR & JORDAN A. BERGMAN, ESQS (ATTY FOR BP CANADA ENERGY MARKETING CORP. AND BP ENERGY CO.) KDWBankruptcyDepartment@kelleydrye.com |
| KENNEDY, JENNIK & MURRAY P.C. | ATTN: SUSAN JENNIK, ESQ. sjennik@kjmlabor.com |
| KENNEDY, JENNIK & MURRAY P.C. | ATTN: THOMAS M  KENNEDY, ESQ. tmurray@kjmlabor.com |
| KERR, RUSSELL AND WEBER, PLC | ATT: P. WARREN HUNT, ESQ. & JAMES DELINE (ATTY FOR AVL AMERICAS, INC.) pwh@krwlaw.com |
| KERR, RUSSELL AND WEBER, PLC | ATTN: JAMES E. DELINE, ESQ. (ATTY FOR WINDSOR MOLD INC.) jed@krwlaw.com |
| KILPATRICK & ASSOCIATES, P.C. | ATT: RICHARDO I. KILPATRICK & LEONORA K. BAUGHMAN (ATTY FOR OAKLAND COUNTY TREASURER) ecf@kaalaw.com |
| KLEHR HARRISON HARVEY BRANZBURG & ELLERS LLP | ATTN MORTON R BRANZBURG (ATTY FOR MANUFACTURERS & TRADERS TRUST COMPANY) MBranzburg@klehr.com |
| KOHRMAN JACKSON & KRANTZ, PLL | ATT: JAMES W. EHRMAN, ESQ. (ATTY FOR SUNNYSIDE AUTOMOTIVE VI, LLC) jwe@kjk.com |
| KOTZ, SANGSTER, WYSOCKI AND BERG, P.C. | ATTN: FREDERICK A. BERG & JAYSON M. MACYDA, ESQS (ATTY FOR APPLIED MANUFACTURING TECHNOLOGIES) fberg@kotzsangster.com; jmacyda@kotzsangster.com |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | ATTN: THOMAS MOERS MAYER, R SCHMIDT, LAUREN MACKSOUD, JEN SHARRET (ATTY FOR THE OFFICIAL UNSECURED CREDITORS COMMITTEE) acaton@kramerlevin.com; tmayer@kramerlevin.com; rschmidt@kramerlevin.com; lmacksoud@kramerlevin.com; jsharret@kramerlevin.com |
| KUPELIAN ORMOND & MAGY, P.C. | ATT: TERRANCE HILLER, DAVID BLAU, PAUL MAGY, MATTHEW SCHLEGEL (ATTY FOR LA PRODUCTIONS, LLC) dmb@kompc.com; psm@kompc.com; mws@kompc.com |
| LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C. | ATTN: ADAM D. BRUSKI, ESQ. (ATTY FOR LINAMAR CORP & MAHAR TOOL SUPPLY CO.) abruski@lambertleser.com |
| LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C. | ATTN: SUSAN M. COOK, ESQ. (ATTY FOR LINAMAR CORP & MAHAR TOOL SUPPLY CO.) scook@lambertleser.com |
| LATHAM & WATKINS LLP | ATTN: ROBERT J. ROSENBERG & ADAM J. GOLDBERG (ATTY FOR ALLISON TRANSMISSION, INC., FKA CLUTCH OPERATING CO., INC.) Robert.Rosenberg@lw.com; Adam.Goldberg@lw.com |
| LAW OFFICES OF GABRIEL DEL VIRGINIA | ATT: GABRIEL DEL VIRGINIA, ESQ. (ATTY FOR HESS CORPORATION) gabriel.delvirginia@verizon.net |

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| LAW OFFICES OF ROBERT E. LUNA, P.C. | ATT: ANDREA SHEEHAN, ESQ. (ATTY FOR CARROLLTON FARMERS BRANCH ISD & LEWISVILLE ISD) sheehan@txschoollaw.com |
| LAWRENCE JAY KRAINES, ESQ. | larrykraines@gmail.com |
| LECLAIRRYAN P.C | ATT: MICHAEL E. HASTINGS & MICHAEL T. CONWAY, ESQS (ATTY OF HONEYWELL INTERNATIONAL INC.) michael.hastings@leclairryan.com ; michael.conway@leclairryan.com |
| LEVY RATNER P.C. | ATT: SUZANNE HEPNER, RYAN J. BARBUR & ROBERT H. STROUP (ATTY FOR UNITED STEELWORKERS) shepner@lrbpc.com; rbarbur@lrbpc.com; rstroup@lrbpc.com |
| LEWIS LAW PLLC | ATT: KENNETH M. LEWIS (ATTY FOR JOHANN HAY GMBH & CO. KG) klewis@lewispllc.com |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | ATT: ELIZABETH WELLER, ESQ. (ATTY FOR TARRANT COUNTY & DALLAS COUNTY) dallas.bankruptcy@publicans.com |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATT: JOHN P. DILLMAN, ESQ. houston_bankruptcy@publicans.com |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATTN: DIANE W. SANDERS, ESQ. (ATTY FOR CAMERON COUNTY, HARLINGEN, HARLINGEN ISD, NUECES COUNTY, SAN) austin.bankruptcy@publicans.com |
| LOCKE LORD BISSELL & LIDDELL LLP | ATT: JAMES ASHLEY, ESQ. (ATTY FOR: METHODE ELECTRONICS, INC.) jashley@lockelord.com |
| LOCKE LORD BISSELL & LIDDELL LLP | ATT: KEVIN J. WALSH, ESQ. (ATTY FOR: METHODE ELECTRONICS, INC.) kwalsh@lockelord.com |
| LOWENSTEIN SANDLER PC | ATT: MICHAEL S. ETKIN, S. JASON TEELE, IRA M. LEVEE (ATTY FOR GROUP 1 AUTOMOTIVE, INC. AND ITS DEALERSHIPS) metkin@lowenstein.com; steele@lowenstein.com; ilevee@lowenstein.com |
| LOWENSTEIN SANDLER PC | ATT: MICHAEL S. ETKIN, S. JASON TEELE, IRA M. LEVEE (ATTY FOR GROUP 1 AUTOMOTIVE, INC. AND ITS DEALERSHIPS) metkin@lowenstein.com; steele@lowenstein.com; ilevee@lowenstein.com |
| MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. | ATTN: KATHLEEN H. KLAUS, ESQ. (ATTY FOR M-TECH ASSOCIATES) khk@maddinhauser.com |
| MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. | ATTN: MICHAEL S. LIEB, ESQ. (ATTY FOR SOUTH TROY TECH, LLC) msl@maddinhauser.com |
| MATTA BLAIR, PLC | ATT: STEVEN A. MATTA, ESQ. (ATTY FOR CHARTER TOWNSHIP OF YPSILANTI, MICHIGAN) smatta@mattablair.com |
| MAZZEO SONG & BRADHAM LLP | ATTN: DAVID H. HARTHEIMER, ESQ. (ATTY FOR CLARCOR, INC. AND TOTAL FILTRATION SERVICES, INC.) dhartheimer@mazzeosong.com |
| MCCARTER & ENGLISH, LLP | ATT: CHARLES A. STANZIALE, JR. cstanziale@mccarter.com |
| MCCARTER & ENGLISH, LLP | ATT: JEFFREY T.TESTA, ESQ. jtesta@mccarter.com |
| MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. | ATTN: KIMBERLY A. BRENNAN, ESQ. (ATTY FOR DEALER TIRE, LLC) kab@mccarthylebit.com |
| MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO., L.P.A. | ATTN: ROBERT R. KRACHT, ESQ. (ATTY FOR DEALER TIRE, LLC) rrk@mccarthylebit.com |
| MCCREARY VESELKA BRAGG & ALLEN PC | ATTN MICHAEL REED ESQ (ATTY FOR LOCAL TEXAS TAXING AUTHORITIES) mreed@mvbalaw.com; sveselka@mvbalaw.com; gbragg@mvbalaw.com |
| MCKENNA LONG & ALDRIDGE LLP | ATT: CHARLES E. DORKEY III (ATTY FOR EVGENY A. FRIEDMAN) cdorkey@mckennalong.com |
| MCKENNA LONG & ALDRIDGE LLP | ATT: CHRISTOPHER F. GRAHAM, ESQ. (ATTY FOR INDUSTRY CANADA) cgraham@mckennalong.com |
| MCKENNA LONG & ALDRIDGE LLP | ATT: JESSICA H. MAYES, ESQ. (ATTY FOR INDUSTRY CANADA) jmayes@mckennalong.com |
| MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C. | ATT: JACOB F. LAMME, ESQ. (ATTY FOR ST. REGIS MOHAWK TRIBE) lamme@mltw.com |
| MCNAMEE, LOCHNER, TITUS & WILLIAMS, P.C. | ATT: JOHN J. PRIVITERA, ESQ. (ATTY FOR ST. REGIS MOHAWK TRIBE) privitera@mltw.com |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATT: EDWARD J. LOBELLO, ESQ. (ATTY FOR PITNEY BOWES, INC, PITNEY BOWES MGT SVS, INC, PITNEY BOWES SO) elobello@msek.com |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATT: EDWARD LOBELLO, ALAN MARDER. JIL MAZER-MARINO, J. RANDO CRISTIANO (ATTY FOR INT'L UNION UAW AND UAW ET AL) elobello@msek.com |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | ATT: HANAN B. KOLKO, ESQ. (ATTY FOR INT'L UNION UAW AND UAW ET AL) hkolko@msek.com |
| MICHAEL A. COX, ATTY GENERAL | gardinerk@michigan.gov |
| MICHAEL S. HOLMES, P.C. | ATT: MICHAEL S. HOLMES, (ATTY FOR OAKS L-M, INC. DBA WESTPOINT) msholmes@cowgillholmes.com |
| MICHIGAN ENVIRONMENT, NATURAL RESOURCES AND AGRICULTURE DIVISION | ATTN: CELESTE R. GILL, ASSISTANT ATTORNEY GENERAL (ATTY FOR MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY) gillcr@michigan.gov |
| MICHIGAN FUNDS ADMINISTRATION | funds@michigan.gov |
| MICHIGAN WORKERS' COMPENSATION AGENCY | wcainfo@michigan.gov |
| MILBANK, TWEED, HADLEY & MCCLOY LLP | ATT: MATTHEW S. BARR, TYSON M. LOMAZOW & SAMUEL A. KHALIL, ESQ. (ATTY FOR: MANUFACTURERS AND TRADERS TRUST COMPANY) mbarr@milbank.com ; tlomazow@milbank.com ; skhalil@milbank.com |

GENERAL MOTORS CORPORATION

### SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| MILLER JOHNSON | ATT THOMAS P. SARB, ESQ (ATTY FOR BENTELER AUTOMOTIVE CORPORATION) ecfsarbt@millerjohnson.com |
| MILLER JOHNSON | ATTN: ROBERT D. WOLFORD, ESQ. (ATTY FOR MICO INDUSTRIES, INC.) ecfwolfordr@millerjohnson.com |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | ATT: DONALD J. HUTCHINSON, ESQ. (ATTY FOR LANSING BOARD OF WATER & LIGHT) hutchinson@millercanfield.com |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | ATT: SUSAN I. ROBBINS, ESQ. (ATTY FOR LANSING BOARD OF WATER & LIGHT) robbins@millercanfield.com |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | ATT: TIMOTHY A. FUSCO, ESQ. (ATTY FOR COUNTY OF WAYNE, MICHIGAN) fusco@millercanfield.com |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | ATTN: MARC N. SWANSON, ESQ. (ATTY FOR KONGSBERG AUTOMOTIVE, INC., KONGSBERG DRIVELINE SYSTEMS I,) swansonm@millercanfield.com |
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C. | ATT: PAUL J. RICOTTA, ESQ. (ATTY FOR HITACHI, LTD., HITACHI AUTOMOTIVE PRODUCTS (USA), INC.,) pricotta@mintz.com |
| MISSOURI DEPARTMENT OF REVENUE | ATT: STEVEN A. GINTHER, ESQ. sdnyecf@dor.mo.gov |
| MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP | ATTY FOR STEVEN KAZAN, ESQ. (ATTY FOR STEVEN KAZAN, ESQ.) nramsey@mmwr.com; joneil@mmwr.com |
| MORGAN, LEWIS & BOCKIUS LLP | ATTN:  ANDREW D GOTTFRIED, ESQ. AGOTTFRIED@MORGANLEWIS.COM |
| MORGAN, LEWIS & BOCKIUS LLP | ATTN:  RICHARD S. TODER, ESQ. RTODER@MORGANLEWIS.COM |
| MORGAN, LEWIS & BOCKIUS LLP | ATTN: HOWARD S. BELTZER & EMMELINE S. LIU, ESQS (ATTY FOR FMR CORP.) hbeltzer@morganlewis.com; eliu@morganlewis.com |
| MORGAN, LEWIS & BOCKIUS LLP | ATTN: MICHAEL A. BLOOM & RACHEL JAFFE MAUCERI, ESQS (ATTY FOR ARAMARK HOLDINGS CORPORATION) rmauceri@morganlewis.com |
| MORRISON COHEN LLP | ATT: JOSEPH T. MOLDOVAN & MICHAEL R. DAL LAGO, ESQS (ATTY FOR BLUE CROSS BLUE SHIELD OF MICHIGAN) bankruptcy@morrisoncohen.com |
| MOTLEY RICE LLC | ATT: JEANETTE M. GILBERT, JOSEPH F. RICE, JOHN A. BADEN IV, ESQS (ATTY FOR ASBESTOS TORT CLAIMANTS) jgilbert@motleyrice.com; jrice@motleyrice.com; jbaden@motleyrice.com |
| MOTORS LIQUIDATION COMPANY | ATTN: TED STENGER TStenger@alixpartners.com |
| MUCH SHELIST DENENBERG AMENT AND RUBENSTEIN, P.C. | ATT: COLLEEN E. MCMANUS, ESQ. (ATTY FOR BRANDENBURG INDUSTRIAL SERVICE CO.) CMcManus@muchshelist.com |
| MUNSCH HARDT KOPF & HARR, P.C. | ATT: MARY W. KOKS (ATTY FOR JIS PERFORMING PARTY GROUP) mkoks@munsch.com |
| MUNSCH HARDT KOPF & HARR, P.C. | ATT: RAYMOND J. URBANIK, ESQ. (ATTY FOR COMPUTER SCIENCES CORPORATION) rurbanik@munsch.com |
| MYERS & FULLER, P.A. | ATT: RICHARD SOX, ESQ. (ATTY FOR GREATER NEW YORK AUTOMOBILE DEALERS ASSOCIATION) rsox@dealerlawyer.com |
| N.W. BERNSTEIN & ASSOCIATES, LLC | ATT: NORMAN W. BERNSTEIN, ESQ. (ATTY FOR ENVIRONMENTAL CONSERVATION AND CHEMICAL CORP SITE TRUST FUND) nwbernstein@nwbllc.com |
| NAGEL RICE, LLP | ATTN: DIANE E. SAMMONS & JAY J. RICE, ESQ. (ATTY FOR NTSEBEZA) dsammons@nagelrice.com; jrice@nagelrice.com |
| NAHINS & GOIDEL, P.C. | ATT: BORAH GOLDSTEIN ALTSCHULER & JEFFREY CHANCAS dbrody@borahgoldstein.com |
| NARMCO GROUP | ATTN: GARY KELLY Gkelly@narmco.com |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | ATT: GEORGE CAUTHEN, CAMERON CURRIE, ESQS (ATTY FOR MICHELIN TIRE CORP.) george.cauthen@nelsonmullins.com; cameron.currie@nelsonmullins.com |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | ATT: PETER J. HALEY, ESQ. (ATTY FOR MICHELIN TIRE CORP.) peter.haley@nelsonmullins.com |
| NEW YORK STATE DEPARTMENT OF LAW | ATT: MAUREEN F. LEARY, ASSISTANT ATTORNEY GENERAL Maureen.Leary@oag.state.ny.us |
| NEW YORK STATE DEPARTMENT OF LAW | ATT: SUSAN L. TAYLOR, ASSISTANT ATTORNEY GENERAL Susan.Taylor@oag.state.ny.us |
| NEW YORK STATE, DEPT. OF LABOR | ATTN: STEVEN KOTON, ASSISTANT ATTY GENERAL steven.koton@ag.ny.gov |
| OFFICE OF ATTORNEY GENERAL FOR PENNSYLVANIA | ATT: CAROL E. MOMJIAN, SENIOR DEPUTY ATTY GENERAL (ATTY FOR COMMONWEALTH OF PA., DEPT OF REVENUE, BUREAU OF ACCTS SETTLEM) cmomjian@attorneygeneral.gov |
| OFFICE OF THE ATTORNEY GENERAL | Info@AndrewCuomo.com |
| OFFICE OF THE OHIO ATTORNEY GENERAL | ATT: LUCAS WARD, ESQ. (ATTY FOR STATE OF OHIO) lucas.ward@ohioattorneygeneral.gov |
| OFFICE OF WESTCHESTER COUNTY ATTY | ATT: MELISSA-JEAN ROTINI, ESQ. MJR1@westchestergov.com |
| OHIO ATTORNEY GENERAL | ATT: MICHELLE T. SUTTER, PRINCIPAL ASST. ATTORNEY GENERAL (ATTY FOR OHIO ENVIRONMENTAL PROTECTION AGENCY ("OEPA")) Michelle.sutter@ohioattorneygeneral.gov |
| ORRICK HERRINGTON & SUTCLIFF LLP | ATTN: RICHARD H WYRON, ESQ. RWYRON@ORRICK.COM |
| ORRICK HERRINGTON & SUTCLIFF LLP | ATTN: ROGER FRANKEL, ESQ RFRANKEL@ORRICK.COM |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | ATTN: JOHN ANSBRO (ATTY FOR HELLA KGAA HUECK; HELLA CORPORATE CENTER USA; BEHR-HELLA) jansbro@orrick.com |

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP | ATTN: RICHARD H. WYRON & ROBERT F. LAWRENCE (ATTY FOR FISKER AUTOMOTIVE, INC.) rwyron@orrick.com ; rlawrence@orrick.com |
| ORUM & ROTH, LLC | ATTN: MARK D. ROTH, ESQ. (ATTY FOR NICOR GAS) email@orumroth.com |
| OSLER, HOSKIN & HARCOURT LLP | ATTN: TRACY C SANDLER, ESQ. tsandler@osler.com |
| OTTERBOURG STEINDLER HOUSTON & ROSEN PC | ATTN: JONATHAN N. HELFAT, ESQ., STEVEN SOLL, ESQ. DWALLEN@OSHR.COM; JHELFAT@OSHR.COM; SSOLL@OSHR.COM |
| OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C. | ATT: DANIEL WALLEN, MELANIE L. CYGANOWSKI, JONATHAN N. HELFAT & (ATTY FOR GMAC LLC AND ITS AFFILIATES) OSHR-GM-bk@oshr.com |
| PARKER POE ADAMS & BERNSTEIN LLP | ATTN: KIAH T. FORD IV, ESQ. (ATTY FOR SONIC AUTOMOTIVE, INC.) chipford@parkerpoe.com |
| PAUL WEISS RIFKIND WHARTON & GARRISON LLP | ANDREW N. ROSENBERG, ESQ. AROSENBERG@PAULWEISS.COM |
| PAUL, HASTINGS, JANOFSKY & WALKER LLP | ATT: HARVEY A. STRICKON, ESQ. (ATTY FOR ROLLS-ROYCE) harveystrickon@paulhastings.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATT: ALAN W. KORNBERG & JONATHAN T. KOEVARY, ESQ. (ATTY FOR ENTERPRISE RENT-A-CAR COMPANY) akornberg@paulweiss.com; jkoevary@paulweiss.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATT: ALAN W. KORNBERG, REBECCA ZUBATY & IAN POHL, ESQS. (ATTY FOR DANA HOLDING CORPORATION) akornberg@paulweiss.com; rzubaty@paulweiss.com; ipohl@paulweiss.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATT: ANDREW ROSENBERG, BRIAN HERMANN, MARGARET PHILLIPS (ATTY FOR INFORMAL GROUP OF HOLDERS OF GM UNSECURED NOTES) arosenberg@paulweiss.com; bhermann@paulweiss.com; mphillips@paulweiss.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATTN: STEPHEN J. SHIMSHAK & PHILIP A. WEINTRAUB (ATTY FOR RYDER INTEGRATED LOGISTICS, INC.) sshimshak@paulweiss.com; pweintraub@paulweiss.com |
| PENSION BENEFIT GUARANTY CORPORATION | ATTN: ISRAEL GOLDOWITZ, KAREN MORRIS, JOHN MENKE, maricco.michael@pbgc.gov |
| PEPPER HAMILTON LLP | ATT: EDWARD C. TOOLE & LINDA J. CASEY (ATTY FOR BURLINGTON NORTHERN SANTE FE RAILWAY COMPANY) toolee@pepperlaw.com; caseyl@pepperlaw.com |
| PEPPER HAMILTON LLP | ATT: HENRY J. JAFFE & JAMES C. CARIGNAN (ATTY FOR SKF USA INC.) jaffeh@pepperlaw.com; carignanj@pepperlaw.com |
| PEPPER HAMILTON LLP | ATTN: LAURA LINN NOGGLE (ATTY FOR SKF USA INC) nogglel@pepperlaw.com |
| PEPPER-HAMILTON LLP | ATT: DENNIS S. KAYES & LAURA LINN NOGGLE (ATTY FOR OSRAM SYLVANIA PRODUCTS, INC.) kayesd@pepperlaw.com; nogglel@pepperlaw.com |
| PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P. | ATT: ELIZABETH BANDA CALVO (ATTY FOR ARLINGTON ISD) ebcalvo@pbfcm.com |
| PHILIP MORRIS USA | ATT: JOY TANNER joy.e.tanner@altria.com |
| PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP | ATT: TERESA SADUTTO-CARLEY, ESQ. (ATTY FOR CANON FINANCIAL SERVICES, INC.) tsadutto@platzerlaw.com |
| PLUNKETT COONEY | ATT: DAVID A. LERNER, ESQ. (ATTY FOR G-TECH PROFESSIONAL STAFFING, INC.) dlerner@plunkettcooney.com |
| PLUNKETT COONEY | ATTN: DOUGLAS C. BERNSTEIN & MICHAEL A. FLEMING (ATTY FOR DENSO INTERNATIONAL   AMERICA & DENSO SALES CALIFORNIA) dbernstein@plunkettcooney.com; mfleming@plunkettcooney.com |
| PORZIO BROMBERG & NEWMAN P.C. | ATT: JOHN MAIRO & ROBERT SCHECHTER (ATTY FOR RAUFOSS AUTOMOTIVE COMPONENTS CANADA) jsmairo@pbnlaw.com; rmschechter@pbnlaw.com |
| POTTER ANDERSON & CORROON LLP | ATT: DAVID BALDWIN, THERESA BROWN-EDWARDS, R. STEPHEN MCNEILL, ESQS. (ATTY FOR NORFOLK SOUTHERN CORPORATION & NORFOLK SOUTHERN RAILWAY) dbaldwin@potteranderson.com; tbrown-edwards@potteranderson.com; rmcneill@potteranderson.com |
| PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C. | ATT: SARA J. GEENEN, ESQ. sjg@previant.com |
| PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C. | ATTN: FREDERICK PERILLO fp@previant.com |
| PRONSKE & PATEL PC | ATTN RAKHEE V PATEL ESQ (ATTY FOR BOYD BRYANT) rpatel@pronskepatel.com |
| PROSKAUER ROSE LLP | ATT: SCOTT K. RUTSKY & ADAM T. BERKOWITZ (ATTY FOR STATE STREET BANK AND TRUST CO) srutsky@proskauer.com; aberkowitz@proskauer.com |
| QUARLES & BRADY LLP | ATT: FAYE FEINSTEIN & CHRISTOPHER COMBEST (ATTY FOR UNITED PARCEL SERVICE, INC.; UPS CAPITAL CORP.) Faye.Feinstein@quarles.com; Christopher.Combest@quarles.com |
| RABINOWITZ, LUBETKIN & TULLY, L.L.C. | ATTN: JONATHAN I. RABINOWITZ, ESQ. (ATTY FOR THE RABINOWITZ FAMILY, LLC) jrabinowitz@rltlawfirm.com |
| RADHA R. M NARUMANCHI | rrm_narumanchi@hotmail.com |
| RAY QUINNEY & NEBEKER P.C. | ATT: STEPHEN C. TINGEY stingey@rqn.com |
| RAYTHEON PROFESSIONAL SERVICES LLC | Lee_Cooper@raytheon.com |

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| REED SMITH LLP | ATT ERIC A. SCHAFFER, ESQ. (ATTY FOR UNITED STATES STEEL CORPORATION) eschaffer@reedsmith.com |
| REED SMITH LLP | ATT: KURT F. GWYNNE, ESQ. (ATTY FOR UNITED STATES STEEL CORPORATION) kgwynne@reedsmith.com |
| REID AND REIGE, P.C. | ATT: CAROL A. FELICETTA, ESQ. (ATTY FOR BARNES GROUP INC.) cfelicetta@reidandriege.com |
| RHOADES MCKEE | ATTN: TERRY L. ZABEL, ESQ. (ATTY FOR BAY LOGISTICS, INC.) tlzabel@rhoadesmckee.com |
| RICHARD M. ALLEN, ESQ | rmallenski@aol.com |
| RICHARD W. MARTINEZ, APLC | ATT: RICHARD W. MARTINEZ, ESQ. (ATTY FOR W A THOMAS CO. AND SPECIALTY ENGINE COMPONENTS, LLC) richardnotice@rwmaplc.com |
| RICHARDS KIBBE & ORBE LLP | ATT: MICHAEL FRIEDMAN (ATTY FOR AVERITT EXPRESS INC.) mfriedman@rkollp.com |
| RIDDELL WILLIAMS P.S. | ATT: JOSEPH E. SHICKICH, ESQ. (ATTY FOR MICROSOFT CORP AND MICROSOFT LICENSING G.P.) jshickich@riddellwilliams.com |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP | ATT: J. ALEX KRESS & KEVIN J. LARNER, ESQ (ATTY FOR NIJECT SERVICES COMPANY) akress@riker.com |
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP | ATT: J. ALEX KRESS & KEVIN J. LARNER, ESQ. (ATTY FOR NIJECT SERVICES COMPANY) akress@riker.com |
| RK CHEVROLET/RK AUTO GROUP | rkchevysales@rkautogroup.net |
| ROBERT BOSCH LLC | ATTN: JUDITH LOWITZ ADLER, ESQ. judith.adler@us.bosch.com |
| ROBERT T. SMITH, ESQ. | ATT: ANNE BOUDREAU anne.boudreau@ic.gc.ca |
| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. | ATT: RUSSELL P. MCRORY, ESQ. (ATTY FOR SATURN OF HEMPSTEAD, INC.) rpm@robinsonbrog.com |
| ROBINSON WATERS & O'DORISIO, P.C. | ATT: ANTHONY L. LEFFERT, ESQ. (ATTY FOR ENVIRONMENTAL TESTING CORPORATION) aleffert@rwolaw.com |
| ROPERS MAJESKI KOHN & BENTLEY | ATTN N KATHLEEN STRICKLAND kstrickland@rmkb.com |
| SATTERLEE STEPHENS BURKE & BURKE LLP | ATT: CHRISTOPHER BELMONTE & PAMELA BOSSWICK, ESQS (ATTY FOR MOODY'S INVESTORS SERVICE) cbelmonte@ssbb.com; pbosswick@ssbb.com |
| SAUL EWING LLP | ATT: ADAM H. ISENBERG, ESQ. (ATTY FOR JAC PRODUCTS, INC.) aisenberg@saul.com |
| SAUL EWING LLP | ATT: JEFFREY C. HAMPTON, ESQ. (ATTY FOR JAC PRODUCTS, INC.) jhampton@saul.com |
| SAUL EWING LLP | ATTN: TERESA K.D. CURRIER, ESQ. (ATTY FOR JOHNSON MATTHEY TESTING & DEV; JOHNSON MATTHEY INC) tcurrier@saul.com |
| SCHAFER AND WEINER, PLLC | ATT: RYAN D. HEILMAN, ESQ. (ATTY FOR HIROTEC AMERICA) rheilman@schaferandweiner.com; glee@schaferandweiner.com |
| SCHNADER HARRISON SEGAL & LEWIS LLP | ATT: BENJAMIN P. DEUTSCH, ESQ. (ATTY FOR AD HOC COMMITTEE OF CONSUMER VICTIMS OF GM) bdeutsch@schnader. |
| SCHNADER HARRISON SEGAL & LEWIS LLP | ATTN BARRY E BRESSLER ESQ (ATTY FOR AD HOC COMMITTEE OF CONSUMER VICTIMS OF GM) bbressler@schnader.com |
| SCHULTE ROTH & ZABEL LLP | ATTN: DAVID J. KARP AND ADAM HARRIS, ESQS. (ATTY FOR PARNASSUS HOLDINGS II, LLC; PLATINUM EQUITY CAPITAL) david.karp@srz.com; adam.harris@srz.com |
| SECURITIES AND EXCHANGE COMMISSION | ATTN: MARK SCHONFELD, REGIONAL DIRECTOR mschonfeld@gibsondunn.com |
| SEYBURN, KAHN, GINN, BESS & SERLIN P.C. | ATT: DAVID T. LIN, ESQ. (ATTY FOR SUPERIOR ACQUISITION, INC. D/B/A SUPERIOR ELECTRIC) dlin@seyburn.com |
| SEYBURN, KAHN, GINN, BESS & SERLIN, P.C. | ATT: DAVID LIN (ATTY FOR SUPERIOR ACQUISITION, INC. D/B/A SUPERIOR ELECTRIC) dlin@seyburn.com |
| SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC | ATT: BRIAN L. SHAW, ESQ. (ATTY FOR ATC LOGISTICS & ELECTRONICS, INC.) bshaw100@shawgussis.com |
| SHEARMAN & STERLING LLP | ATTN: FREDRIC SOSNICK & JILL FRIZZLEY, ESQS (ATTY FOR AMERICAN AXLE MANUFACTURING HOLDINGS, INC. AND ITS AFFILIATES) fsosnick@shearman.com; jfrizzley@shearman.com |
| SHEPPARD MULLIN RICHTER & HAMPTON LLP | ATT: EDWARD TILLINGHAST, MALANI CADEMARTORI, BLANKA WOLFE (ATTY FOR SYNOPSYS, INC.) etillinghast@sheppardmullin.com; mcademartori@sheppardmullin.com; bwolfe@sheppardmullin.com |
| SHINN FU CORPORATION | C/O ARTHUR A. CHAYKIN, ESQ. achaykin@shinnfuamerica.com |
| SIDLEY AUSTIN LLP | ATTN: KENNETH P. KANSA, ESQ. (ATTY FOR THE LENDER GROUP) kkansa@sidley.com |
| SILVERMAN & MORRIS, P.L.L.C. | ATTN: GEOFFREY L. SILVERMAN & KARIN F. AVERY, ESQS (ATTY FOR CASSENS TRANSPORT COMPANY) avery@silvermanmorris.com |
| SILVERMANACAMPORA LLP | ATT: ADAM L. ROSEN, ESQ. (ATTY FOR LEO BURNETT DETROIT, INC, STARCOM MEDIAVEST GROUP, INC.,) ARosen@SilvermanAcampora.com |
| SIMPSON THACHER & BARTLETT LLP | ATTN: DAVID J. MACK, ESQ. DMACK@STBLAW.COM |
| SIMPSON THACHER & BARTLETT LLP | ATTN: PETER V. PANTALEO, ESQ. PPANTALEO@STBLAW.COM |

GENERAL MOTORS CORPORATION

## SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| SINGER & LEVICK P.C. | ATT: LARRY A. LEVICK, ESQ.; MICHELLE E. SHIRRO (ATTY FOR AFFILIATED COMPUTER SERVICES, INC.) levick@singerlevick.com; mshriro@singerlevick.com |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | ATT: KAYALYN A. MARAFIOTI & GREGORY W. FOX, ESQ. (ATTY FOR DELPHI CORPORATION) kayalyn.marafioti@skadden.com |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | ATTN: JOHN WM. BUTLER, JR., ESQ. (ATTY FOR DELPHI CORPORATION) jack.butler@skadden.com |
| SMITH & PARTNERS | ATT: NICOLE B. BOEHLER nboehler@cbmlaw.com |
| SMITH & PARTNERS | ATT: NICOLE B. BOEHLER (ATTY FOR JOHANN HAY GMBH & CO. KG) nboehler@cbmlaw.com |
| SQUIRE, SANDERS & DEMPSEY, L.L.P. | ATTN: G. CHRISTOPHER MEYER, ESQ. (ATTY FOR TRW AUTOMOTIVE U.S. LLC ; TRW INTEGRATED CHASSIS SYSTEMS LLC) cmeyer@ssd.com |
| STAHL COWEN CROWLEY ADDIS LLC | ATT: TRENT P. CORNELL, ESQ. (ATTY FOR GM NAT'L RETIREE ASS., OVER THE HILL CAR PEOPLE, LLC) tcornell@stahlcowen.com |
| STARK REAGAN | ATTN: J. CHRISTOPHER CALDWELL, ESQ. (ATTY FOR SATTERLUND SUPPLY COMPANY) ccaldwell@starkreagan.com |
| STEMBER FEINSTEIN DOYLE & PAYNE, LLC | ATT: WILLIAM PAYNE, J. STEMBER, E. DOYLE, S. PINCUS, P. EWING, J. HURT (ATTY FOR INT'L UNION UAW AND UAW ET AL) wpayne@stemberfeinstein.com |
| STEMBER FEINSTEIN DOYLE AND PAYNE LLC | ELLEN M DOYLE, ESQ. & JOEL HURT, ESQ. & PAMINA EWING, ESQ. EDOYLE@STEMBERFEINSTEIN.COM |
| STEMBER FEINSTEIN DOYLE AND PAYNE LLC | JOHN STEMBER, ESQ. JSTEMBER@STEMBERFEINSTEIN.COM |
| STEMBER FEINSTEIN DOYLE AND PAYNE LLC | STEPHEN M. PINCUS, ESQ. EFEINSTEIN@STEMBERFEINSTEIN.COM |
| STEPHEN H. GROSS, ESQ. | ATT: JOHN P. DILLMAN, ESQ. houston_bankruptcy@publicans.com |
| STEVENSON & BULLOCK PLC | ATTN: CHARLES D. BULLOCK, ESQ. (ATTY FOR FATA AUTOMATION, INC.) cbullock@sbplclaw.com |
| STEVENSON & BULLOCK PLC | ATTN: SONYA N. GOLL, ESQ. (ATTY FOR FATA AUTOMATION, INC.) sgoll@sbplclaw.com |
| STITES & HARBISON PLLC | ATT: ROBERT C. GOODRICH JR  & MADISON L. MARTIN (ATTY FOR BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC) nashvillebankruptcyfilings@stites.com |
| STITES & HARBISON, PLLC | ATT: BRIAN H. MELDRUM, ESQ. (ATTY FOR AKEBONO CORP.) bmeldrum@stites.com |
| STREUSAND & LANDON, LLP | ATTN: SABRINA L. STREUSAND, ESQ. (ATTY FOR DELL MARKETING, L.P. AND DELL FINANCIAL SERVICES LLC) streusand@streusandlandon.com |
| STUTZMAN BROMBERG ESSERMAN & PLIFKA PC | ATTN SANDER ESSERMAN PETER  D'APICE JO HARTWICK JACOB NEWTON (ATTY FOR AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS) brousseau@sbep-law.com; esserman@sbep-law.com; hartwick@sbep-law.com; d'apice@sbep-law.com; newton@sbep-law.com |
| STUTZMAN BROMBERG ESSERMAN & PLIFKA PC | ATTN: SANDER ESSERMAN, ROBERT BROUSSEAU, PETER D'APICE, JO HARTWICK (COUNSEL FOR DEAN M. TRAFELET IN HIS CAPACITY AS) brousseau@sbep-law.com; esserman@sbep-law.com; hartwick@sbep-law.com; d'apice@sbep-law.com; newton@sbep-law.com |
| SULLIVAN & WORCESTER LLP | ATT: HIERSTEINER, DARCEY, ZUCCARELLO, GROVES & BODELL (ATTY FOR US BANK NATIONAL ASSOCIATION) rhiersteiner@sandw.com; jdarcey@sandw.com ; azuccarello@sandw.com ; jgroves@sandw.com ; cbodell@sandw.com |
| SULLIVAN, WARD, ASHER & PATTON, P.C. | ATTN: DAVID J. SELWOCKI, ESQ. dselwocki@swappc.com |
| TEITELBAUM & BASKIN, LLP | ATT: JAY TEITELBAUM (ATTY FOR JOHANN HAY GMBH & CO. KG) jteitelbaum@tblawllp.com |
| TENNESSEE ATTORNEY GENERAL'S OFFICE | ATT: ROBERT COOPER & MARVIN CLEMENTS (ATTY FOR TENNESSEE DEPARTMENT OF REVENUE) marvin.clements@ag.tn.gov |
| THE CHURCH OF THE GOOD NEWS | lischen@tcwtgn.com |
| THE CREDITOR'S LAW GROUP, PC | ATT: DAVID J. RICHARDSON (ATTY FOR LG ELECTRONICS) djr@thecreditorslawgroup.com |
| THE GARDEN CITY GROUP INC | ATTN: BARBARA KEANE KENNETH_FREDA@GARDENCITYGROUP.COM |
| THE TEXAS ATTORNEY GENERAL'S  OFFICE | ATTN: J. CASEY ROY, ASST. ATTORNEY GENERAL (ATTY FOR TEXAS DEPT OF TRANSPORTATION, MOTOR VEHICLE DIV.) casey.roy@oag.state.tx.us |
| THE UNIVERSITY OF MICHIGAN OFFICE OF THE V P AND GENERAL COUNSEL | ATT: DEBRA A. KOWICH, ESQ. (ATTY FOR THE BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN) dkowich@umich.edu |
| THOMPSON COBURN LLP | ATTN: ROBERT H. BROWNLEE, ESQ. (ATTY FOR MARITZ HOLDINGS, INC. FKA MARITZ INC.) rbrownlee@thompsoncoburn.com |
| TIPOTEX CHEVROLET, INC. | jesse@tipotexchevrolet.com |
| TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP | ATT: MARK S. GAMELL, ESQ. (ATTY FOR SAFECO INSURANCE COMPANY OF AMERICA & LIBERTY MUTUAL COMPANY) mgamell@tlggr.com; |
| TORYS LLP | ATT: ALISON D. BAUER & TIMOTHY B. MARTIN, ESQS (ATTY FOR HYDROGENICS CORPORATION; AND JOSEPH CARGNELLI) abauer@torys.com; tmartin@torys.com |
| TRENK DIPASQUALE WEBSTER DELLA FERA & SODONA, P.C. | ATT: SAM DELLA FERA, JR., ESQ. (ATTY FOR SIKA CORPORATION) sdellafera@trenklawfirm.com |

GENERAL MOTORS CORPORATION

### SERVICE LIST

| Claim Name | Email Address Information |
|---|---|
| TROUTMAN SANDERS LLP | ATT: BRETT D. GOODMAN, ESQ., THE CHRYSLER BUILDING (ATTY FOR ALLIED AUTOMOTIVE GROUP, INC, ALLIED SYSTEMS, LTD (L.P.)) BRETT.GOODMAN@TROUTMANSANDERS.COM |
| TROUTMAN SANDERS LLP | ATT: JEFFREY W. KELLEY, ESQ. (ATTY FOR ALLIED AUTOMOTIVE GROUP, INC, ALLIED SYSTEMS, LTD (L.P.)) jeffrey.kelley@troutmansanders.com |
| TRW AUTOMOTIVE U.S. LLC | paula.christ@trw.com |
| U.S. TREASURY | ATTN:  JOSEPH SAMARIAS, ESQ. JOSEPH.SAMARIAS@DO.TREAS.GOV |
| UNION PACIFIC RAILROAD COMPANY | ATTN: MARY ANN KILGORE, ESQ. mkilgore@up.com |
| UNITED STATES ATTORNEY | ATTN: NATALIE KUEHLER, ESQ., AND DAVID S. JONES, ESQS. david.jones6@usdoj.gov; jeffrey.oestericher@usdoj.gov; joseph.cordaro@usdoj.gov; natalie.kuehler@usdoj.gov |
| UNITED STATES DEPT. OF JUSTICE | ATTN: ANTI-TRUST DIVISION antitrust.atr@usdoj.gov |
| UNITED STATES DEPT. OF JUSTICE | ATTN: ERIC H. HOLDER, JR., ATTORNEY GENERAL askDOJ@usdoj.gov |
| UNITED STEELWORKERS | ATT: DAVID R. JURY, ESQ. djury@usw.org |
| VEDDER PRICE | MICHAEL EDELMAN, ESQ. MJEDELMAN@VEDDERPRICE.COM |
| VEDDER PRICE P.C. | ATT: MICHAEL EDELMAN, MICHAEL SCHEIN (ATTY FOR EXPORT DEVELOPMENT CANADA) MJEdelman@vedderprice.com; MSchein@vedderprice.com |
| VENABLE LLP | ATTN: LAWRENCE A. KATZ, ESQ. (ATTY FOR RK CHEVROLET/RK AUTO GROUP) lakatz@venable.com |
| VINSON & ELKINS L.L.P. | ATT: RONALD L. ORAN, ESQ. (ATTY FOR AM GENERAL; GENERAL ENGINE PRODUCTS; GEN. TRANSMISSION PROD.) roran@velaw.com |
| VORYS, SATER, SEYMOUR AND PEASE LLP | ATTN: TIFFANY STRELOW COBB, ESQ. (ATTY FOR TURNER BROADCASTING SYSTEM, INC.) tscobb@vorys.com |
| WARNER NORCROSS & JUDD LLP | ATT: GORDON J. TOERING, ESQ. (ATTY FOR ROBERT BOSCH GMBH) gtoering@wnj.com |
| WARNER NORCROSS & JUDD LLP | ATT: MICHAEL G. CRUSE (ATTY FOR: LUXCONTROL SA) crusemg@wnj.com |
| WARNER NORCROSS & JUDD LLP | ATTN: STEPHEN B. GROW, ESQ. (ATTY FOR GHSP, INC.) sgrow@wnj.com |
| WARREN, DRUGAN & BARROWS, P.C. | ATT: ROBERT L. BARROW, ESQ. (ATTY FOR CHARLES CLARK CHEVY, TIPOTEX CHEVY, KNAPP CHEVY) rbarrows@wdblaw.com; rbarrows800@gmail.com |
| WASHINGTON DEPARTMENT OF REVENUE | zacharym@atg.wa.gov |
| WEIL, GOTSHAL & MANGES LLP | ATTN: HARVEY R. MILLER, ESQ. HARVEY.MILLER@WEIL.COM |
| WEIL, GOTSHAL & MANGES LLP | ATTN: JOSEPH H. SMOLINSKY, ESQ. JOSEPH.SMOLINSKY@WEIL.COM |
| WEIL, GOTSHAL & MANGES LLP | ATTN: STEPHEN KAROTKIN, ESQ. STEPHEN.KAROTKIN@WEIL.COM |
| WHITE AND WILLIAMS LLP | ATTN: KAREL S. KARPE, ESQ. (ATTY FOR CISCO SYSTEMS, INC.) karpek@whiteandwilliams.com |
| WILDMAN, HARROLD, ALLEN & DIXON | ATT: MICHAEL DOCKTERMAN, JONATHAN YOUNG, RENE FRIEDMAN (ATTY FOR LEO BURNETT DETROIT, INC, STARCOM MEDIAVEST GROUP, INC.,) dockterman@wildman.com; young@wildman.com |
| WILENTZ, GOLDMAN & SPITZER, P.A. | ATT: DEIRDRE WOULFE PACHECO, ESQ. (ATTY FOR: BOB MAGUIRE CHEVROLET, INC.) dpacheco@wilentz.com |
| WILENTZ, GOLDMAN & SPITZER, P.A. | ATT: LETITIA ACCARRINO, ESQ. (ATTY FOR BOB MAGUIRE CHEVROLET, INC.) laccarrino@wilentz.com |
| WILLIAM T. GREEN, III, P.C. | ATT: WILLIAM T. GREEN III, ESQ. (ATTY FOR LAWRENCE MARSHALL CHEVROLET II, LLC) uncbill@msn.com |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ATT: DENNIS L. JENKINS, ESQ. (ATTY FOR PENSION BENEFIT GUARANTY CORPORATION) dennis.jenkins@wilmerhale.com |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ATT: PHILIP D. ANKER & MELANIE J. DRITZ, ESQS (ATTY FOR PENSION BENEFIT GUARANTY CORPORATION) philip.anker@wilmerhale.com; melanie.dritz@wilmerhale.com |
| WINSTON & STRAWN LLP | ATTN: CAREY D. SCHREIBER, ESQ. (ATTY FOR INTERNATIONAL AUTOMOTIVE COMPONENT GROUP NORTH AMERICA INC) cschreiber@winston.com |
| WINSTON & STRAWN LLP | ATTN: MATTHEW J. BOTICA & MINDY D. COHN & CAREY D. SCHREIBER (ATTY FOR ASPEN MARKETING SERVICES, INC.) mbotica@winston.com; mcohn@winston.com |
| WINSTON & STRAWN LLP | ATTN: STEVEN M. SCHWARTZ (ATTY FOR CAPGEMINI AMERICA, INC.) sschwartz@winston.com |
| WM. DAVID COFFEY & ASSOCIATES | ATT: WM. DAVID COFFEY, III & MARTIN ALANIZ (ATTY FOR: CARDENAS AUTOPLEX, INC.) wdcoffeylaw@yahoo.com |
| WOLFSON BOLTON PLLC | ATT: SCOTT A. WOLFSON, ESQ. (ATTY FOR GUARDIAN AUTOMOTIVE PRODUCTS, INC.) swolfson@wolfsonbolton.com |
| WYLY-ROMMEL, PLLC | ATT: JAMES WYLY & SEAN ROMMEL (ATTY FOR BOYD BRYANT) jwyly@wylyrommel.com |
| ZEICHNER ELLMAN & KRAUSE LLP | ATT: STUART A. KRAUSE & BRYAN D. LEINBACH, ESQS (ATTY FOR TOYOTA TSUSHO CANADA INC & TOYOTA TSUSHO AMERICA, INC) skrause@zeklaw.com; bleinbach@zeklaw.com |

| | |
|---|---|
| **Total Creditor Count** | **421** |

**EXHIBIT C**

GENERAL MOTORS CORPORATION

SERVICE LIST

| Claim Name | Fax Information |
|---|---|
| DLA PIPER FOR HEWLETT PACKARD ATTN STEPHEN COWAN | (415) 659-7500 |
| OFFICE OF THE U.S. TRUSTEE ATTN TRACY HOPE DAVIS | (212) 668-2255 |

| Total Creditor Count | 2 |
|---|---|

**EXHIBIT D**

| Claim Name | Address Information |
|---|---|
| ADRIAN ENVIRONMENTAL MANAGEMENT, INC. | C/O KENNETH RICHARDS 7533 WILLOW CREEK DRIVE CANTON MI 48187 |
| AIMS/DYKEMA GOSSETT PLLC | 10 SOUTH WACKER DRIVE CHICAGO IL 60606 |
| AIMS/LATHROP & GAGE LC | 2345 GRAND BLVD. KANSAS CITY MO 64108 |
| AIMS/STEPHENS & STEPHENS | 410 MAIN STREET BUFFALO NY 14202 |
| ARCADIS BBL | 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS BBL | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| ARCADIS GERAGHTY & MILLER, INC. | ATTN: CHRIS PETERS 10559 CITATION DRIVE SUITE 100 BRIGHTON MI 48118 |
| BT2, INC. | ATTN: MARK HUBER 2830 DAIRY DRIVE MADISON WI 53718-6751 |
| CHARTER TOWNSHIP OF FLINT | ATTN: SANDRA S WRIGHT 1490 S. DYE ROAD FLINT MI 48532 |
| CHARTER TOWNSHIP OF YPSILANTI | LARRY J. DOE, TREASURER 7200 S. HURON RIVER DR. YPSILANTI MI 48197 |
| CHARTER TWP. OF GENESEE | ATTN: TOM MANNOR, TREASURER 7244 N. GENESSE ROAD P.O. BOX 215 GENESEE MI 48437 |
| CITY OF SAGINAW, TREASURER | 1315 S. WASHINGTON AVE. SAGINAW MI 48601 |
| CITY OF SIOUX CITY | CITY TREASURER P.O. BOX 447 SIOUX CITY IA 51102 |
| CLEAN HARBORS ENVIRONMENTAL SERVICES | P.O. BOX 3442 BOSTON MA 02241-3442 |
| CONESTOGA-ROVERS & ASSOC. | ATTN: BETH LANDALE 22055 NIAGARA FALLS BLVD. SUITE #3 NIAGARA FALLS NY 14304 |
| CONESTOGA-ROVERS & ASSOCIATES | 22055 NIAGARA FALLS BLVD SUTIE #3 NIAGARA FALLS NY 14304 |
| ENCORE ENVIRONMENTAL CONSORTIUM | ATTN: MARK QUILTER P.O. BOX 66 6723 TOWPATH ROAD SYRACUSE NY 13214-0066 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540 |
| ENVIRON INTERNATIONAL CORPORATION | 214 CARNEGIE STREET PRINCETON NJ 08540-1980 |
| FAVERO GEOSCIENCES | ATTN: DAVE FAVERO 1210 SOUTH 5TH STREET, SUITE 2 SPRINGFIELD IL 62703 |
| GENERAL OIL COMPANY, INC. | 35796 VERONICA ST. LIVONIA MI 48150 |
| GLOBAL ENVIRONMENTAL ENGINEERING INC. | 6140 HILL 23 DRIVE SUITE 1 FLINT MI 48507 |
| GROUNDWATER & ENVIRONMENTAL SERVICES, INC | 440 CREAMERY WAY SUITE 500 EXTON PA 19341-2577 |
| HALEY & ALDRICH DESIGN AND CONTRUCTION | 56 ROLAND STREET BOSTON MA 02129-1400 |
| HALEY & ALDRICH OF NEW YORK | 200 TOWN CENTRE DRIVE, STE 2 ROCHESTER NY 14623-4264 |
| HDR ENGINEERING | ATTN: DICK BELL 8404 INDIAN HILLS DRIVE OMAHA NE 68114 |
| IOWA DEPT OF NATIONAL RESOURCES | HAZARDOUS WASTE REMEDIAL FUND 502 E. 9TH STREET DES MOINES IA 50319-0034 |
| J.A. LOMBARDO & ASSOCIATES | ATTN: JOSEPH A. LOMBARDO 445 S. LIVERNOIS - SUITE 202 ROCHESTER MI 48307 |
| NOVA CONSULTANTS, INC | 21580 NOVI ROAD #300 NOVI MI 48375 |
| O'BRIEN & GERE ENGINEERS, INC. | ATTN: TERRY L. BROWN 5000 BRITTONFIELD PKWY SYRACUSE NY 13057-9226 |
| ROYAL ENVIRONMENTAL, INC. | 720 LEXINGTON AVENUE P.O. BOX 15719 ROCHESTER NY 14615 |
| SEVENSON ENVIRONMENTAL SERVICES, INC. | 2749 LOCKPORT ROAD NIAGARA FALLS NY 14302 |
| THE BANK OF NEW YORK | FINANCIAL CONTROL BILLING DEPARTMENT P.O. BOX 19445 NEWARK NJ 07195-0445 |
| THE BARTECH GROUP | 17199 NORTH LAUREL PARK DR. SUITE224 LIVONIA MI 48152 |
| TOWN OF FRAMINGHAM | TAX COLLECTOR'S OFFICE 150 CONCORD ST FRAMINGHAM MA 01702 |
| WASHTENAW COUNTY TREASURER | P.O. BOX 8645 200 N. MAIN ST STE 200 ANN ARBOR MI 48107-8645 |
| WASTE MANAGEMENT | P.O. BOX 9001054 LOUISVILLE KY 40290-1054 |
| WDC EXPLORATION & WELLS | 500 MAIN STREET WOODLAND CA 95695 |
| YOUNG'S ENVIRONMENTAL CLEANUP, INC | G-5305 NORTH DORT HIGHWAY FLINT MI 48505 |

**Total Creditor count  39**