**PRESENTMENT DATE AND TIME: OCTOBER 7, 2010 at 12:00 noon (EST)**
**OBJECTION DATE AND TIME: October 7, 2010 at 11:30 a.m. (EST)**

Wilk Auslander LLP
675 Third Avenue
New York, New York 10017
(212) 421-2233
Eric J. Snyder (ES-8032)

BELLAVIA GENTILE & ASSOCIATES, LLP
200 Old Country Road
Suite 400
Mineola, New York 11501
(516) 873-3000
Steven Blatt (SB-6792)

Counsel for Rally Auto Group, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a/General Motors Corp., et al.,              Chapter 11 Case No.
                                                  09-50026 (reg)

                      Debtors.                   Jointly Administered
-----------------------------------------------------------X

**OBJECTION OF RALLY AUTO GROUP, INC. TO PROPOSED ORDERS SUBMITTED BY GENERAL MOTORS LLC WITH RESPECT TO GENERAL MOTORS LLC'S MOTION TO ENFORCE THE 363 SALE ORDER AND FOR RELATED RELIEF AND THE ORDER GRANTING THE ORAL APPLICATION OF RALLY FOR A STAY PENDING APPEAL OF THE ORDER GRANTING GM'S MOTION**

TO: HONORABLE ROBERT E. GERBER,
    UNITED STATES BANKRUPTCY JUDGE:

Rally Auto Group, Inc. ("Rally") by its counsel, submits this objection and the

attached counter proposed orders ("Counter Proposed Orders"), pursuant to Local

Bankruptcy Rule 9074-1, to the proposed orders (Docket #s 7240 and 7241) submitted

1

436328v1

for signature by General Motors LLC ("GM"), with respect to (a) GM's motion ("the Motion to Enforce"), to, *inter alia*, enforce the 363 Sale Order and for Related Relief [Docket #s 6891, 6892, 6893) and (b) the Order granting the oral application of Rally for a stay pending appeal of the Order granting the Motion to Enforce.

In support of Rally's counter proposed order with respect to GM's Motion, Rally states as follows:

1. Rally objects to the this Court's exercise of personal, subject matter and exclusive jurisdiction over Rally's California District Court Petition seeking to vacate/modify the arbitration decision rendered in Rally's dealer reinstatement arbitration pursuant to 747 of the Consolidated Appropriations Act of 2010 (i.e., that certain action pending in the United States District Court for the Central District of California, Southern Division, Case No. SACV 10-1236 DOC (the "California District Court Action") given that (a) an Article III Court (i.e., the California District Court) is conferred with both federal question and diversity subject matter jurisdiction to determine the California District Court Action, (b) GM consented or waived, in its underlying dealer reinstatement arbitration with Rally, that such arbitration would be conducted pursuant to the Commercial Arbitration Rules of the American Arbitration Association and, therefore, agreed to permit the judicial review (be it conformation, vacatur or modification) of Rally's dealer reinstatement arbitration award in any federal or state court having jurisdiction thereof, (c) GM is judicially estopped from asserting that this Court has exclusive jurisdiction

2

concerning the issues raised in California District Court Action as GM has taken the position that a California District Court is conferred with the subject matter jurisdiction needed (both diversity and federal question jurisdiction) to determine a dispute that has arisen as a result of a dealer reinstatement arbitration under Section 747 of the Act (i.e., *General Motors LLC v. Santa Monica Group, Inc.* (10-CV-4787), (d) the Motion to Enforce is neither a core proceeding nor a related proceeding; and (e) the Motion to Enforce is an improper and subsequent collateral attack on a pending Article III proceeding properly instituted in the California District Court.

2. Rally objects to any request that the Court consider awarding GM costs and attorneys fees as (a) such request was not argued by GM, was not considered by the Court, and was not ruled upon in the decision; and (b) Rally's dealer reinstatement arbitration and subsequent application to the California District Court was pursuant to Section 747(e) of the Act which specifically provides that "[t]he parties shall be responsible for their own expenses, fees, and costs...".

In support of Rally's counter proposed order with respect to the Order granting the oral application of Rally for a stay pending appeal of the Order granting GM's Motion, Rally states as follows:

1. Rally objects to any limitation precluding Rally from seeking any relief with respect to the subject matter of the Motion to Enforce or the Order

3

436328v1

Granting the Motion to Enforce in any court other than the United States District Court for the Southern District of New York.

2. Rally objects to the provision proposed by GM that the Stay Application is granted to the extent of providing Rally with a stay of the Order Granting Motion to Enforce through October 11, 2010. As Monday October 11, 2010 is a national holiday, it certainly was not the intent of the Court to provide Rally with one business day to seek stay relief from the United States District Court for the Southern District of New York. As the Court directed that Rally would be provided with seven calendar days to seek stay relief from the United States District Court for the Southern District of New York, Rally proposes that the Stay Application is granted through 5:00 p.m. on the seventh (7th) day following the day that the Order Granting Motion to Enforce is filed and entered by the Court.

Copies of proposed counter orders, clean and black lined, reflecting Rally's proposed changes, are attached hereto as Exhibit A.

Dated: Mineola, New York
October 7, 2010

          Respectfully,

          BELLAVIA GENTILE & ASSOCIATES, LLP

          /s/ Steven Blatt
          BY: Steven Blatt, Esq. (SB 6792)
          Attorneys for Rally Auto Group, Inc.
          200 Old Country Road
          Suite 400

436328v1

Mineola, NY 11501
(516) 873-3000


WILK AUSLANDER LLP


/s/ Eric J. Snyder
BY: Eric J. Snyder ( ES 8032)
Attorneys for Rally Auto Group, Inc.
675 Third Avenue
New York, New York 10017
(212) 421-2233

5

436328v1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN re

MOTORS LIQUIDATION COMPANY, et al.,
    f/k/a/General Motors Corp., et al.,                 **Chapter 11 Case No.**
                                                                   **09-50026 (REG)**

                           Debtors.                         **(Jointly Administered)**
-----------------------------------------------------------X

## COUNTER PROPOSED ORDER GRANTING MOTION OF GENERAL MOTORS LLC TO ENFORCE 363 SALE ORDER AND APPROVED DEFERRED TERMINATION AGREEMENT

Upon the Motion, dated September 10, 2010 (the "Motion"), of General Motors LLC *(f/k/a* General Motors Company) ("**New GM**")[1], pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division, No. SACV10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (c) directing Rally to dismiss the California Action with prejudice forthwith, all as

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

more fully set forth in the Motion; and upon the Objection, dated September 23, 2010 (the "**Objection**"), of Rally Auto Group, Inc. to the Motion; and upon the Reply, dated September 29, 2010, filed by New GM in response to the Objection and in further support of the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**") having been held with respect to the Motion on October 4, 2010; and upon the record of the Hearing and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record on the Hearing; and the Court having found and determined (as set forth in the Opinion) that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that Rally, shall immediately dismiss without prejudice the California Action, with by October 31, 2010 prejudice; and it is further

ORDERED that Rally shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Rally and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the California Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, except that nothing in this Order shall prohibit Rally from complying with any subpoena or any other disclosure required by court order or law, or elsewhere; and it is further

ORDERED that Rally shall file with the Clerk of this Court evidence of the dismissal, with prejudice, of the California Action within 10 business days after the October 31, 2010 deadline; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order, except that the United States District Court for the Southern District of New York or subsequent appellate courts shall have authority on appeal or otherwise to further modify, extend, vacate or renew this Order.

Dated: October ___, 2010
New York, New York

_____
**UNITED STATES BANKRUPTCY JUDGE**

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN re

MOTORS LIQUIDATION COMPANY, et al.,
    f/k/a/General Motors Corp., et al.,

                     Debtors.
------------------------------------------------------------X

Chapter 11 Case No.
09-50026 (REG)

(Jointly Administered)

### [COUNTER PROPOSED] ORDER GRANTING MOTION OF GENERAL MOTORS LLC TO ENFORCE 363 SALE ORDER AND APPROVED DEFERRED TERMINATION AGREEMENT

Upon the Motion, dated September 10, 2010 (the "Motion"), of General Motors LLC *(f/k/a* General Motors Company) ("**New GM**")[1], pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division, No. SACV10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (c) directing Rally to dismiss the California Action with prejudice forthwith, all as

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

more fully set forth in the Motion; and upon the Objection, dated September 23, 2010 (the "**Objection**"), of Rally Auto Group, Inc. to the Motion; and upon the Reply, dated September 29, 2010, filed by New GM in response to the Objection and in further support of the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**") having been held with respect to the Motion on October 4, 2010; and upon the record of the Hearing and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record on the Hearing; and the Court having found and determined (as set forth in the Opinion) that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that Rally, shall immediately dismiss ~~without prejudice~~ the California Action, with **by October 31, 2010** prejudice; and it is further

ORDERED that Rally shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Rally and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the California Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, **except that nothing in this Order shall prohibit Rally from complying with any subpoena or any other disclosure required by court order or law** or elsewhere; and it is further

ORDERED that Rally shall file with the Clerk of this Court evidence of the dismissal, with prejudice, of the California Action within 10 business days after the **October 31, 2010 deadline** ~~entry of this Order~~; and it is further

2

ORDERED that this Court shall retain ~~exclusive~~ jurisdiction to hear and determine all matters arising from or related to this Order, ==except that the United States District Court for the Southern District of New York or subsequent appellate courts shall have authority on appeal or otherwise to further modify, extend, vacate or renew this Order==, ~~including determination of the amount of costs and reasonable attorneys fees to be awarded to New GM pursuant to section 5(e) of the Wind-Down Agreement at an inquest hearing to be scheduled by the Court upon the filing of a separate application of New GM.~~

Dated: October ___, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

F:\LITIGATE\Rally Auto Group Inc. and GM\CPO Granting Motion 2 enforce 360 Sale ordr 10-6-10.doc

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                              **Chapter 11**

MOTORS LIQUIDATION COMPANY, *et al.*,                **Case No.: 09-50026 (REG)**

f/k/a General Motors Corp., *et al.*                              **(Jointly Administered)**

Debtors.
-----------------------------------------------------------------X

**COUNTER PROPOSEDORDER GRANTING THE ORAL APPLICATION OF
RALLY AUTO GROUP, INC. FOR A STAY PENDING APPEAL OF THE
ORDER APPROVING THE MOTION OF GENERAL MOTORS LLC TO
ENFORCE 363 SALE ORDER AND APPROVED DEFERRED TERMINATION
AGREEMENT, EXCEPT TO THE LIMITED EXTENT SET FORTH HEREIN**

General Motors LLC *(f/k/a General Motors Company)* ("**New GM**")[1] having file a Motion, dated September 10, 2010 (the "**Motion to Enforce**"), of pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division (the "**California District Court**"), No. SACV 10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Enforce

anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (e) directing Rally to dismiss the California Action with prejudice forthwith, all as more fully set forth in the Motion to Enforce; and Rally having filed an Objection, dated September 23, 2010 (the "**Objection**"), in response to the Motion to Enforce; and New GM having filed a Reply, dated September 29, 2010, in response to the Objection and in further support of the Motion to Enforce; and the Court having held a hearing (the "**Hearing**") with respect to the Motion to Enforce on October 4, 2010; and at the Hearing the Court having rendered an opinion (the "**Opinion on Motion to Enforce**") with respect to the Motion to Enforce as set forth on the record of the Hearing; and the Court having found and determined (as set forth in the Opinion on Motion to Enforce) that the legal and factual bases set forth in the Motion to Enforce establish just cause for the relief granted therein; and Rally having made an oral application (the "**Stay Application**") at the Hearing immediately following the Court rendering its Opinion on Motion to Enforce for a stay of the order (the "**Order Granting Motion to Enforce**") approving the Motion to Enforce pending appeal; and upon the record made at the Hearing and the Court having rendered an opinion at the Hearing (the "**Opinion on Stay Application**") with respect to the Stay Application, the result of which is set forth herein; and after due deliberation and sufficient cause appearing therefore: it is hereby

ORDERED that the Stay Application is granted to the limited extent set forth in the next decretal paragraph; and it is further

ORDERED that the Stay Application is granted through 5:00 p.m. on the seventh (7th) day following the day that the Order Granting Motion to Enforce is signed and filed

by the Court so as to provide it with time, if it chooses, to seek stay relief with respect to the Order Granting Motion to Enforce from the United States District Court for the Southern District of New York,

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order except that the United States District Court for the Southern District of New York or subsequent appellate courts shall have authority on appeal or otherwise to further modify, extend, vacate or review this Order.

Dated: October __, 2010
New York, New York

_____
**UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                                  **Chapter 11**

MOTORS LIQUIDATION COMPANY, *et al.*,          **Case No.: 09-50026 (REG)**

f/k/a General Motors Corp., *et al.*                     **(Jointly Administered)**

                                       Debtors.
------------------------------------------------------------X

**COUNTER PROPOSED ORDER DENYING GRANTING THE ORAL
APPLICATION OF RALLY AUTO GROUP, INC. FOR A STAY PENDING
APPEAL OF THE ORDER APPROVING THE MOTION OF GENERAL
MOTORS LLC TO ENFORCE 363 SALE ORDER AND APPROVED
DEFERRED TERMINATION AGREEMENT, EXCEPT TO
THE LIMITED EXTENT SET FORTH HEREIN**

General Motors LLC *(f/k/a General Motors Company)* ("**New GM**")[1] having file a Motion, dated September 10, 2010 (the "**Motion to Enforce**"), of pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division (the "**California District Court**"), No. SACV 10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Enforce

anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (e) directing Rally to dismiss the California Action with prejudice forthwith, all as more fully set forth in the Motion to Enforce; and Rally having filed an Objection, dated September 23,2010 (the "**Objection**"), in response to the Motion to Enforce; and New GM having filed a Reply, dated September 29,2010, in response to the Objection and in further support of the Motion to Enforce; and the Court having held a hearing (the "**Hearing**") with respect to the Motion to Enforce on October 4,2010; and at the Hearing the Court having rendered an opinion (the "**Opinion on Motion to Enforce**") with respect to the Motion to Enforce as set forth on the record of the Hearing; and the Court having found and determined (as set forth in the Opinion on Motion to Enforce) that the legal and factual bases set forth in the Motion to Enforce establish just cause for the relief granted therein; and Rally having made an oral application (the "**Stay Application**") at the Hearing immediately following the Court rendering its Opinion on Motion to Enforce for a stay of the order (the "**Order Granting Motion to Enforce**") approving the Motion to Enforce pending appeal; and upon the record made at the Hearing and the Court having rendered an opinion at the Hearing (the "**Opinion on Stay Application**") with respect to the Stay Application, the result of which is set forth herein; and after due deliberation and sufficient cause appearing therefore: it is hereby

ORDERED that the Stay Application is ~~denied except~~ granted to the limited extent set forth in the next decretal paragraph; and it is further

ORDERED that the Stay Application is granted ~~solely to the limited extent of providing Rally with a stay of the Order Granting Motion to Enforce~~ through 5:00 p.m.

on ==the seventh (7th) day following the day that the Order Granting Motion to Enforce is signed and filed by the Court== ~~October 11, 2010~~ so as to provide it with time, if it chooses, to seek stay relief with respect to the Order Granting Motion to Enforce from the United States District Court for the Southern District of New York, ~~and Rally shall not seek any relief with respect to the subject matter of the Motion to Enforce or the Order Granting Motion to Enforce in any other court including, without limitation, the California District Court; and it is further~~

ORDERED that this Court shall retain ~~exclusive~~ jurisdiction to hear and determine all matters arising from or related to this Order ==except that the United States District Court for the Southern District of New York or subsequent appellate courts shall have authority on appeal or otherwise to further modify, extend, vacate or review this Order.==

Dated: October __, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

F:\LITIGATE\Rally Auto Group Inc. and GM\CPO deny oral application for State Pending Appeal 10-6-10.doc