# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur J. Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

October 8, 2010

**VIA ECF FILING**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

        Re:    **In re Motors Liquidation Company,** *et al.*
               **Case No. 09-50026**

Dear Judge Gerber:

      On October 4, 2010, this Court conducted a hearing ("Hearing") in connection with the motion ("Motion to Enforce") filed by General Motors LLC ("New GM") seeking to enforce the 363 Sale Order and the Approved Deferred Termination Agreement[1] against Rally Auto Group, Inc. ("Rally"). At the Hearing, the Court read into the record a lengthy opinion granting the Motion to Enforce in its entirety, and directed counsel for New GM to settle an order on two business days notice.

      Immediately after the Court granted the Motion to Enforce, Rally made an oral application ("Stay Application") at the Hearing for a stay pending appeal. The Court denied the Stay Application except to the limited extent of providing Rally with a stay of seven (7) calendar days to seek relief from the United States District Court for the Southern District of New York (and no other court, including the California District Court) with respect to the order granting the Motion to Enforce.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Enforce.

NYC_IMANAGE-1201674.1

Honorable Robert E. Gerber
October 8, 2010
Page 2

As directed by the Court, New GM prepared the order approving the Motion to Enforce ("Order Approving Motion to Enforce" ) and the order denying the Stay Application, except to the limited extent set forth therein ("Order Denying Stay Application," and with the Order Approving Motion to Enforce, the "Orders") and filed and served notices of settlement with respect to both Orders on Tuesday, October 5, 2010.

On October 7, 2010, Rally filed an objection ("Objection") to the proposed Orders, which, in part, attempted to reargue its legal position that had been rejected by this Court. It is improper for Rally to use a "settling of an order" process to reargue its position. The purpose of the proposed Order is to properly reflect the Court's rulings.

Rally also objected to "any request that the Court consider awarding GM costs and attorneys fees" (Objection, p. 3). However, this relief was sought in the Motion to Enforce, New GM specified in its pleading that it may seek such relief at a separate hearing to be scheduled by the Court, and this provision was contained in the original proposed order annexed to the Motion to Enforce as Exhibit "H." Rally never commented on any of these provisions until the proposed Orders were filed.

Significantly, New GM has not yet sought any costs and/or fees pursuant to the Wind Down Agreement. The proposed Order Approving Motion to Enforce merely contains a provision for this Court to hear and determine the amount, if any, of costs and reasonable attorneys fees to be awarded to New GM pursuant to section 5(e) of the Wind-Down Agreement at an inquest hearing *to be scheduled by the Court upon the filing of a separate application of New GM*." (Emphasis added). Having the proposed Order Approving Motion to Enforce contain what is essentially a "reservation of this right" is appropriate.

Rally's objection to the Court's "exclusive" jurisdiction of this Court to hear disputes relating to the Order Granting the Motion to Enforce should also be denied. The Court expressly noted in its decision that the Court maintained exclusive jurisdiction over the subject matter of the Motion to Enforce.

Next, Rally objects to any "limitation precluding Rally from seeking any relief with respect to the subject matter of the Motion to Enforce or the Order Granting the Motion to Enforce in any court other than the United States District Court for the Southern District of New York." However, this issue was directly addressed at the Hearing. In response to comments made by Rally's counsel during the Stay Application with respect to going back to the California District Court for relief, the Court stated: "I fully understand the rights of any litigant before me to take me up the street. But going to another Court right after you've litigated before me for the last three hours and I've given you a ruling which may or may not be right but which was after a lot of thought and effort is one that is more than a source of discomfort." Transcript of Hearing ("TR") held on October 4, 2010, at 66:4-66:10. Thereafter, the Court stated that "I am granting [Rally's] motion to the extent of providing for a seven calendar day stay to permit Rally to go *to the district court in this district*." TR at 71:21-71:23 (emphasis added). Rally's now third attempt to obtain permission to proceed in the California District Court is directly contrary to the Court's ruling at the Hearing and should be rejected.

Honorable Robert E. Gerber
October 8, 2010
Page 3

      As a corollary to this, Rally should dismiss the California Action as soon as the stay expires. There is nothing in the Court's ruling that suggests that such action be done by October 31, 2010, or that such action can be refiled at a later time.

      To the extent that Rally believes there is an ambiguity in the "exclusive jurisdiction" provision in the proposed Order Approving Motion to Enforce, a proviso could be added to that provision after reciting the Court's exclusive jurisdiction stating that nothing herein shall prevent Rally from exercising its appellate rights in the District Court or any subsequent appellate court that has jurisdiction over any appeal of the Order Approving Motion to Enforce. The same type of proviso can be added to the proposed Order Denying Stay Application.

      Also, there is nothing in the order to suggest that Rally can't comply with a lawful subpoena. To the extent Rally perceives an ambiguity, New GM is prepared to add a proviso to the proposed Order Approving Motion to Enforce.

      Rally's last objection is to the provision in the Order Denying Stay Application setting forth a date certain for when the stay granted to Rally lapses. The Court clearly stated at the Hearing that it was granting Rally a "seven calendar day stay" (*id.*) -- the Court never stated that the stay commenced on the date of the entry of the Order Denying Stay Application. In fact, the Court requested that Rally advise the District Court of the Stay Application and that it was "denied except to the extent of the [seven calendar days] . . . ." TR at 80:24-81:3. Since Monday, October 11, 2010 is a federal holiday, Rally should have until Tuesday, October 12, 2010 to seek relief from the District Court regarding this matter. However, the stay should lapse no later than 5:00 p.m. on Tuesday, October 12, 2010. By then, Rally will have had more than enough time to decide how it will proceed in this matter.

      New proposed Orders (clean and redlined from the drafts previously submitted by New GM) reflecting the agreed upon revisions are submitted herewith.

      Accordingly, based on the foregoing, New GM respectfully requests that Rally's objections to the Orders be overruled, except as noted herein, and that the Orders be entered as proposed by New GM, as attached hereto.

                                                                     Respectfully submitted,

                                                                  */s/ Arthur Steinberg*

                                                                  Arthur Steinberg

cc:    Greg Oxford, Esq. (via e-mail)
        Lawrence Buonomo, Esq. (via e-mail)
        Eric Snyder, Esq. (via e-mail)
        Steven Blatt, Esq. (via e-mail)