# EXHIBIT A

# JONES DAY

325 JOHN H. McCONNELL BOULEVARD, SUITE 600
COLUMBUS, OHIO 43215.2673
TELEPHONE: 614.469.3939 • FACSIMILE: 614.461.4198

MAILING ADDRESS:
P.O. BOX 165017
COLUMBUS, OHIO 43216.5017

Direct Number: (614) 281-3950
jjjones@jonesday.com

JP408509:amy
245677-003846

October 6, 2010

VIA FACSIMILE, EMAIL,
AND OVERNIGHT MAIL

Christopher M. DeVito, Esq.
Morganstern, MacAdams &
 DeVito Co., L.P.A.
623 West Saint Clair Avenue
Cleveland, Ohio 44113

>     Re: Halleen Chevrolet, Inc. v. General Motors LLC, No. 1:10-cv-02097
>         Rose Chevrolet, Inc. v. General Motors LLC, No. 1:10-cv-02140
>         Sims Chevrolet, Inc. v. General Motors LLC, No. 1:10-cv-02153

Dear Chris:

   We represent General Motors LLC ("GM") in connection with the above-captioned matters, which you filed in the United States District Court for the Northern District of Ohio (the "Actions").

   As you know, on Monday of this week, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") issued an order granting General Motors LLC's motion to enjoin Rally Auto Group, Inc. ("Rally") from prosecuting an action filed in California seeking relief virtually identical to the relief sought in the above-captioned filings. In fact, you were counsel of record in Rally's California action in which Rally sought to vacate its arbitration award by filing an application that mirrors the above-captioned applications filed in Ohio. In response, GM filed a motion to enforce the Bankruptcy Court's Sale Order and the Wind-Down Agreement in the Bankruptcy Court.

   At the conclusion of the hearing held on Monday of this week (which you participated in telephonically), the Bankruptcy Court issued a detailed ruling, finding that (a) the Dealer Arbitration Act did not provide judicial review, (b) if it would imply any type of judicial review, it would only be for certain types of improper arbitrator misconduct, but those facts were not presented, and (c) in any event, all judicial challenges would need to be presented to the Bankruptcy Court since it retained sole and exclusive jurisdiction to adjudicate any disputes involving the Wind-Down Agreements, including any challenges to arbitration proceedings brought by dealers that are parties to the Wind-Down Agreements. The Bankruptcy Court also held that there was a public interest involved in insuring that buyers in a bankruptcy sale received the benefits that they bargained for.

COI-1447079v2

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Christopher M. DeVito, Esq.
October 6, 2010
Page 2

    As noted, the proceeding that you filed in California seeks relief virtually identical to the relief sought in Ohio. As the Bankruptcy Court's ruling makes clear, those filings constitute a clear violation of the Bankruptcy Court's Sale Order and the parties' Wind-Down Agreements. *See* July 5, 2009 Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief [Docket No. 2968] (the "Sale Order"), ¶ 31.

    As you know, paragraph 71 of the Bankruptcy Court's Sale Order expressly provides:

> This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the [Amended and Restated Master Sale and Purchase Agreement between the former General Motors Corporation and New GM], all amendments thereto … and each of the agreements executed in connection therewith, including the Deferred Termination Agreements [Wind-Down Agreements], in all respects, including, but not limited to, retaining jurisdiction to … (f) resolve any disputes with respect to or concerning the Deferred Termination Agreements [Wind-Down Agreements].

    Similarly, under Section 13 of the parties' respective Wind-Down Agreements, Rose Chevrolet, Inc. ("Rose"), Halleen Chevrolet, Inc. ("Halleen") and Sims Chevrolet, Inc. ("Sims") each "consent[ed] and agree[d] that the Bankruptcy Court [for the Southern District of New York] shall retain full, complete and exclusive jurisdiction to interpret, enforce, and adjudicate disputes concerning the terms of this Agreement and any other matter related thereto." Further, paragraph 31 of the Court's Sale Order holds that the Wind-Down Agreements executed by Rose, Halleen and Sims "represent valid and binding contracts, enforceable in accordance with their terms."

    Thus, your filings in the Northern District of Ohio constitute a clear violation of both the Bankruptcy Court's Sale Order and the parties' Wind-Down Agreements. On Monday, the Bankruptcy Court confirmed that its prior Sale Order and the approved Wind-Down Agreements mean what they say – i.e., that the Bankruptcy Court retains sole and exclusive jurisdiction to hear any disputes regarding the Wind-Down Agreements, including any alleged efforts to challenge arbitration rulings involving dealers that executed the Wind-Down Agreements. As the Court confirmed in its ruling, your filings in Ohio constitute an improper collateral attack on the Court's Sale Order and the Wind-Down Agreements in violation of that Order and those agreements.

    As the Rally ruling makes clear, your clients now stand in violation of the Bankruptcy Court's existing orders. To avoid unnecessary litigation and legal expense, GM requests that you

**JONES DAY**

Christopher M. DeVito, Esq.
October 6, 2010
Page 3

comply with the Bankruptcy Court's Sale Order, as confirmed by its ruling in Rally, by promptly dismissing the above-captioned matters by no later than 3:00 on Friday, October 8, 2010. If you believe that based on the Bankruptcy Court's ruling there is still a basis for judicial challenge consistent with Rule 11 and applicable law, that issue must be presented to the Bankruptcy Court. If you refuse to comply with the existing Court orders, GM intends to seek appropriate relief in the United States Bankruptcy Court for the Southern District of New York, including without limitation any sanctions, attorneys' fees, or costs permitted by applicable law in accordance with the terms of the Bankruptcy Court's orders and section 5(e) of the Wind-Down Agreements.

   If you have any questions or would like to discuss this matter, please let us know. In the interim, thank you for your attention to this matter.

Very truly yours,<br><br>Jeffrey J. Jones

cc:  Douglas M. Mansfield, Esq.
   J. Todd Kennard, Esq.

COI-1447079v2