# EXHIBIT B



# JONES WALKER

Thomas A. Casey, Jr.
*Not admitted in Alabama*
Direct Dial 504-582-8294
Direct Fax 504-589-8294
tcaseyjr@joneswalker.com

October 7, 2010

**BY E-MAIL, TELECOPY AND U.S. MAIL**

Edwin A. Stoutz, Jr.
Stoutz & Stoutz
Attorneys at Law
3606 Canal Street
New Orleans, Louisiana 70119

    Re:    Leson Chevrolet Company, Inc. v. General Motors LLC
           United States District Court, Eastern District of Louisiana,
           Case No. 10-3290, Section L, Mag. Div. 4
           Our File No. 123798-00

Dear Win:

    As you know, we represent GM in connection with the above-captioned matter, which you originally filed with the Louisiana Motor Vehicle Commission and which was removed by GM to the United States District Court, Eastern District of Louisiana.

    On Monday of this week, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") issued an order granting GM's motion to enjoin Rally Auto Group ("Rally") from prosecuting a California action seeking relief virtually identical to the relief sought in the present matter (in the motion, GM sought to enforce the Bankruptcy Court's Sale Order and the Wind-Down Agreement in the Bankruptcy Court). A copy of the transcript of these proceedings in the Bankruptcy Court is attached as an exhibit to the "Response to Removal Order" we filed in the present matter this morning.

    At the conclusion of the hearing held on Monday of this week, the Bankruptcy Court issued a detailed ruling, finding that all judicial challenges arising out of the §747 arbitration process – regardless of whether a dealer prevailed or lost – would need to be presented to the Bankruptcy Court since it retained sole and exclusive jurisdiction to adjudicate any disputes

{N2212470.1}     JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE • NEW ORLEANS, LOUISIANA 70170-5100 • 504-582-8000 • FAX 504-582-8583 • E-MAIL info@joneswalker.com • www.joneswalker.com
ALABAMA     ARIZONA     DISTRICT OF COLUMBIA     FLORIDA     LOUISIANA     TEXAS

October 7, 2010
Page 2

involving the Wind-Down Agreements (and the Bankruptcy Court found that §747 did not alter the Bankruptcy Court's exclusive jurisdiction over wind-down dealers such as Leson). As the Bankruptcy Court noted, even where the result of an arbitration is offered as a defense to enforcement of the wind-down agreement, it "concern[s] the terms of the agreement" and therefore was within the scope of the jurisdictional reservations of the wind-down agreement and the court's order approving the agreement. Transcript, p. 47. As the court noted expressly, that was not "subject to serious dispute." *Id.* The Bankruptcy Court also held that there was a public interest involved in ensuring that buyers in a bankruptcy sale received the benefits that they bargained for.

The Bankruptcy Court's *Rally* ruling applies equally here. As the Bankruptcy Court's ruling makes clear, the present matter constitutes a clear violation of the Bankruptcy Court's Sale Order and the parties' Wind-Down Agreement. *See* July 5, 2009 Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale, and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser, (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief [Docket No. 2968] (the "Sale Order"), ¶31.

As you know, paragraph 71 of the Bankruptcy Court's Sale Order expressly provides:

> This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the [Amended and Restated Master Sale and Purchase Agreement between the former General Motors Corporation and New GM], all amendments thereto . . . and each of the agreements executed in connection therewith, including the Deferred Termination Agreements [Wind-Down Agreements], in all respects, including, but not limited to, retaining jurisdiction to . . . (f) resolve any disputes with respect to or concerning the Deferred Termination Agreements [Wind-Down Agreements].

Similarly, under Section 13 of the parties' Wind-Down Agreement, Leson "consent[ed] and agree[d] that the Bankruptcy Court [for the Southern District of New York] shall retain full, complete and exclusive jurisdiction to interpret, enforce and adjudicate disputes concerning the terms of this Agreement and any other matters related thereto." Further, paragraph 31 of the Court's Sale Order holds that the Wind-Down Agreements, such as the one executed by Leson, "represent valid and binding contracts, enforceable in accordance with their terms."

Thus, your filing with the Louisiana Motor Vehicle Commission and your pursuit of the present matter constitutes a clear violation of both the Bankruptcy Court's Sale Order and the parties' Wind-Down Agreement. On Monday, the Bankruptcy Court confirmed that its prior Sale Order and the approved Wind-Down Agreements mean whey they say – *i.e.,* that the Bankruptcy Court retains sole and exclusive jurisdiction to hear any disputes regarding the Wind-Down Agreement, including any §747-related defenses offered against its enforcement by dealers that executed the Wind-Down Agreements. The present matter is an improper collateral

October 7, 2010
Page 3

attack on the Bankruptcy Court's Sale Order and the Wind-Down Agreement in violation of that Order and the agreement.

As the *Rally* ruling makes clear, your client now stands in violation of the Bankruptcy Court's existing orders. To avoid unnecessary litigation and legal expense, GM requests that you comply with the Bankruptcy Court's Sale Order, as confirmed by its ruling in *Rally,* by promptly dismissing the above-captioned matter no later than 2:00 p.m. CDT tomorrow. If you believe that based on the Bankruptcy Court's ruling there is still a basis for judicial challenge consistent with Rule 11 and applicable law, that issue must be presented to the Bankruptcy Court. If you refuse to comply with the existing court orders, GM intends to seek appropriate relief in the United States Bankruptcy Court for the Southern District of New York, including without limitation any sanctions, attorneys' fees, or costs permitted by applicable law in accordance with the terms of the Bankruptcy Court's orders and section 5(e) of the Wind-Down Agreement.

If you have any questions or would like to discuss this matter, please let me know. In the interim, thank you for your attention to this matter.

Very truly yours,

Thomas A. Casey, Jr.

TAC,Jr./thg
cc:    Johnny Domiano (By Telecopy and U.S. Mail)