# EXHIBIT X

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
: 
In re :
: Chapter 11
:
MOTORS LIQUIDATION COMPANY, *et al.*, : Case No.: 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING MOTION OF GENERAL MOTORS LLC TO ENFORCE 363 SALE ORDER AND APPROVED DEFERRED TERMINATION AGREEMENTS AGAINST ROSE CHEVROLET, INC., HALLEEN CHEVROLET, INC., ANDY CHEVROLET COMPANY, AND LESON CHEVROLET COMPANY, INC.

Upon the Motion dated October 8, 2010 (the "**Motion**") of General Motors LLC (f/k/a General Motors Company) ("**New GM**"),[1] pursuant to Sections 105 and 363 of Title 11, United States Code, for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreements, and directing Rose Chevrolet, Inc. ("**Rose**"), Halleen Chevrolet, Inc. ("**Halleen**"), Andy Chevrolet Company d/b/a Sims Chevrolet, Inc. ("**Sims**"), and Leson Chevrolet Company, Inc. ("**Leson**") to specifically perform all their respective obligations thereunder; (b) directing Rose and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Rose Chevrolet, Inc. v. General Motors, LLC*, Case No. 1:10-cv-02140 (N.D. Ohio) (the "**Rose Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; (c) directing Halleen and all persons acting in concert with it to cease and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NYC_IMANAGE-1202074.1

desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Halleen Chevrolet, Inc. v. General Motors, LLC*, Case No. 1:10-cv-02097 (N.D. Ohio) (the "**Halleen Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; (d) directing Sims and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Andy Chevrolet Co. v. General Motors, LLC,* Case No. 1:10-cv-02153 (N.D. Ohio) (the "**Sims Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; (e) directing Leson and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Eastern District of Louisiana, *Leson Chevrolet Company, Inc. v. General Motors, LLC*, Case No. 2:10-cv-03290 (E.D. La.) (the "**Leson Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; and (f) directing Rose, Halleen, Sims and Leson to dismiss with prejudice the Rose Action, Halleen Action, Sims Action and Leson Action forthwith, all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that Rose shall dismiss with prejudice the Rose Action within five business days of this Order; and it is further

ORDERED that Rose shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Rose and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the Rose Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; and it is further

ORDERED that Rose shall file with the Clerk of this Court evidence of the dismissal of the Rose Action within 10 business days after the entry of this Order; and it is further

ORDERED that Halleen shall dismiss with prejudice the Halleen Action within five business days of this Order; and it is further

ORDERED that Halleen shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Halleen and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the Halleen Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; and it is further

ORDERED that Halleen shall file with the Clerk of this Court evidence of the dismissal of the Halleen Action within 10 business days after the entry of this Order; and it is further

ORDERED that Sims shall dismiss with prejudice the Sims Action within five business days of this Order; and it is further

ORDERED that Sims shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Sims and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the Sims Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; and it is further

ORDERED that Sims shall file with the Clerk of this Court evidence of the dismissal of the Sims Action within 10 business days after the entry of this Order; and it is further

ORDERED that Leson shall dismiss with prejudice the Leson Action within five business days of this Order; and it is further

ORDERED that Leson shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Leson and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the Leson Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement; and it is further

ORDERED that Leson shall file with the Clerk of this Court evidence of the dismissal of the Leson Action within 10 business days after the entry of this Order; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order, including determination of the amount of costs and reasonable attorneys fees to be awarded to New GM pursuant to section 5(e) of the Wind-Down Agreement and for violation of this Court's July 5, 2009 Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting

Related Relief [Docket No. 2968] at a hearing to be scheduled by the Court upon the filing of a separate application of New GM; *provided, however*, that nothing set forth in this Order shall preclude Rose, Halleen, Sims or Leson from seeking relief with respect to this Order in the United States District Court for the Southern District of New York ("**District Court**"), or any appellate court of the District Court.

Dated: October __, 2010
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE