# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11 Case No.
                                                        :
MOTORS LIQUIDATON COMPANY, *et al.*,    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*,    :
                                                        :
             Debtors.                              :    (Jointly Administered)
                                                        :
-----------------------------------------------------------------x

## AFFIDAVIT OF KEVIN JUNSO

STATE OF MONTANA    )
                                    ) ss
COUNTY OF FALLON    )

I, Kevin Junso, being duly sworn, depose and state:[1]

1. I am the father of Tyler Junso (now deceased), Cole Junso, and Matt Junso and the husband of Niki Junso (collectively, "**we**" or the "**Junsos**"). I am over the age of 18 years old. I have been given express authority to make representations herein on behalf of my other family members. I submit this affidavit in support of our motion to be deemed to have filed an informal proof of claim or, alternatively, for leave to late file a proof of claim (the "**Motion**").

2. On April 25, 2006, my son Tyler and I were involved a single car rollover accident while driving my 2003 GMC Envoy. During the rollover, the windshield and side windows were knocked out, reducing the strength of the roof structure. The Envoy sustained catastrophic damage to the roof structure, which buckled violently inwardly toward me and Tyler. Despite being belted, we both were partially ejected from the vehicle during the rollover.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

3. Tyler was 17 years old at the time of the accident and the driver of the vehicle. He sustained massive skull and neck injuries and died at the scene of the accident. I subsequently learned from medical experts retained in my case against GM that Tyler's head was partially outside the vehicle during the rollover sequence due to the broken window and lateral displacement of the roof structure and that his head made contact with both the ground and the roof during the accident.

4. The paramedics arriving at the scene found me with my left leg out the windshield and my right leg out the passenger side window. I sustained serious injuries to my arms and legs. My right leg has since been amputated below the knee as a result.

5. On July 5, 2009, the Bankruptcy Court entered the Sale Order approving the 363 sale. On July 6, 2009, I and my family, together with certain other claimants, appealed the Sale Order. In the District Court Appeal, we argued that the appeal was not statutorily or equitably moot because if the Second Circuit's decision in *Chrysler* was wrongly decided or distinguishable on its facts, then the Bankruptcy Court lacked subject matter jurisdiction to preclude us from asserting successor claims against New GM since resolution of those claims could have no conceivable effect on the Debtors' estates.

6. On September 16, 2009, while the appeal was still pending, the Bankruptcy Court entered an order establishing the Bar Date as the deadline for each person or entity to file a proof of claim against the Debtors.

7. I was aware of the existence of the Bar Date, but was very concerned that by filing a proof of claim before the Bar Date, my appeal would be automatically rendered moot based on the argument that the filing of the proof of claim provided the requisite "related to"

subject matter jurisdiction over the our successor liability claims against New GM since success on those claims would necessarily have reduced our claims against the Debtors.

8. To avoid the potential that our appeal would be mooted without even a chance to be heard on the merits of the arguments presented in the District Court Appeal, I and my family determined not to file a proof of claim against the Debtors prior to the Bar Date.

9. Had we been successful in our appeal, we would not have pursued out claims against the Debtors and instead would have pursued our claims solely against New GM.

10. Having voluntarily dismissed the appeal, we now desire to have our objection deemed an informal proof of claim, or alternatively, be granted the right to file a proof of claim against the Debtors. We have agreed to submit our claims to the ADR Procedures, including mandatory arbitration, and to cap our aggregate claim at $10,955,655.98.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 6th, 2010

Kevin Junso

Sworn and subscribed before me, a registered notary public, on this 6th day of October, 2010.

Brenda J. Fradenburgh
NOTARY PUBLIC
Commission expires 3-15-[...]