# **EXHIBIT 2**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Irwin H. Warren
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.* | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

## STIPULATION BETWEEN THE DEBTORS AND KEVIN JUNSO ET AL. REGARDING THE JUNSO PROOF OF CLAIM

Kevin Junso, *et al.* ("**Junso**") and Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**," and together with Junso, the "**Parties**"), by and through their respective undersigned attorneys, hereby enter into this stipulation and stipulate as follows (the "**Stipulation**"):

### RECITALS

A.    On June 1, 2009 (the "**Commencement Date**"), General Motors Corporation ("**GM**") and certain of its affiliates each commenced a case under chapter 11 of title

11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

    B.  Prior to the Commencement Date, Junso had initiated certain litigation against GM alleging injury on account of accidents sustained by him involving a GM-branded vehicles.

    C.  On July 5, 2009, the Bankruptcy Court entered an Order [Docket No. 2968] (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement.

    D.  On July 6, 2009, Junso, together with certain other claimants, filed a Notice of Appeal of the Sale Order [Docket No. 2970] (the "**District Court Appeal**"). The District Court Appeal, docketed as case number 09-CV-6818 (NRB), was before the United States District Court for the Southern District of New York (the "**District Court**").

    E.  On September 16, 2009, the Bankruptcy Court entered an order [Docket No. 4079] establishing November 30, 2009 (the "**Bar Date**") as the deadline for each person or entity to file a proof of claim against the Debtors. Junso did not file a proof of claim against the Debtors prior to the Bar Date.

    F.  Junso intends to file a proof of claim against the Debtors (the "**Junso Proof of Claim**") and have the Junso Proof of Claim allowed.

    NOW, THEREFORE, it is agreed:

## STIPULATION

1. Junso may, in his discretion, elect to seek relief in the Bankruptcy Court pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Junso Motion**") for leave to file the Junso Proof of Claim.

2. The Debtors will not object to or oppose the filing of the Junso Motion without prejudice of any and all rights to object to the allowance of the Junso Proof of Claim.

3. This Stipulation is without prejudice to any rights of any party in interest other than the Debtors to oppose or object the Junso Motion and/or the allowance of the Junso Proof of Claim.

4. This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their attorneys.

5. The signatories to this Stipulation represent and warrant to each other that they have full power and authority to enter into this Stipulation and to bind their respective clients identified as Parties herein.

6. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail.

[*The Remainder of This Page Is Intentionally Left Blank*]

7. The Bankruptcy Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

Dated: September 13, 2010

_____
Steve Jakubowski
Kenneth P. Ross
THE COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601

*Attorneys for Kevin Junso, et al.*

_____
Harvey R. Miller
Irwin H. Warren
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and Debtors in Possession*