**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------------------------------x

**ORDER GRANTING MOTION OF
GENERAL MOTORS LLC TO ENFORCE 363 SALE ORDER
AND APPROVED DEFERRED TERMINATION AGREEMENT**

Upon the Motion, dated September 10, 2010 (the "**Motion**"), of General Motors LLC (f/k/a General Motors Company) ("**New GM**"),[1] pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division, No. SACV10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NYC_IMANAGE-1197261.1

or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (c) directing Rally to dismiss the California Action with prejudice forthwith, all as more fully set forth in the Motion; and upon the Objection, dated September 23, 2010 (the "**Objection**"), of Rally Auto Group, Inc. to the Motion; and upon the Reply, dated September 29, 2010, filed by New GM in response to the Objection and in further support of the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**") having been held with respect to the Motion on October 4, 2010; and upon the record of the Hearing and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record of the Hearing; and the Court having found and determined (as set forth in the Opinion) that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

> ORDERED that the Motion is GRANTED as set forth herein; and it is further

> ORDERED that Rally shall dismiss the California Action, with prejudice on or before ~~October 13, 2010~~ ***three business days after the expiration of any applicable stay***; and it is further

> ORDERED that Rally shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

> ORDERED that Rally and all persons acting in concert with it cease and desist from prosecuting the claims attempted to be asserted in the California Action and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay

2

or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; provided, however, that nothing set forth in this Order shall preclude Rally from complying with a subpoena or other disclosure required by court order or applicable law; and it is further

ORDERED that Rally shall file with the Clerk of this Court evidence of the dismissal, with prejudice, of the California Action within ~~10~~ business days after the ~~entry of this Order~~ *expiration of any applicable stay*; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order, including determination of the amount of costs and reasonable attorneys fees, ***if any,*** to be awarded to New GM pursuant to section 5(e) of the Wind-Down Agreement at ~~an inquest~~ ***a,*** hearing to be scheduled by the Court upon the filing of a separate application of New GM; *provided, however*, that nothing set forth in this Order shall preclude Rally from seeking relief with respect to this Order in the United States District Court for the Southern District of New York ("**District Court**"), or any appellate court of the District Court.

Dated: October ***12,*** 2010
      New York, New York

                                           *s/ Robert E. Gerber*
                                           UNITED STATES BANKRUPTCY JUDGE