**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **Case No.: 09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------------------------x

<u>**ORDER DENYING THE ORAL APPLICATION OF RALLY AUTO
GROUP, INC. FOR A STAY PENDING APPEAL OF THE ORDER
APPROVING THE MOTION OF GENERAL MOTORS LLC TO ENFORCE
363 SALE ORDER AND APPROVED DEFERRED TERMINATION
AGREEMENT, EXCEPT TO THE LIMITED EXTENT SET FORTH HEREIN**</u>

General Motors LLC (f/k/a General Motors Company) ("**New GM**")[1] having filed a Motion, dated September 10, 2010 (the "**Motion to Enforce**"), of pursuant to Sections 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreement, and directing Rally Auto Group, Inc. ("**Rally**") to specifically perform all of its obligations thereunder; (b) directing Rally and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Central District of California, Southern Division (the "**California District Court**"), No. SACV10-01236 DOC (Ex) (the "**California Action**") or the claims asserted therein or attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Chevrolet Wind-Down Agreement, including any effort to prevent, delay or interfere with

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Enforce.

NYC_IMANAGE-1201193.1

establishment of the new Chevrolet dealership, or to aid or assist the City of Palmdale or anyone else in attempting to prevent, delay or interfere with the establishment of the new Chevrolet dealership, in Lancaster, California, or elsewhere; and (c) directing Rally to dismiss the California Action with prejudice forthwith, all as more fully set forth in the Motion to Enforce; and Rally having filed an Objection, dated September 23, 2010 (the "**Objection**"), in response to the Motion to Enforce; and New GM having filed a Reply, dated September 29, 2010, in response to the Objection and in further support of the Motion to Enforce; and the Court having held a hearing (the "**Hearing**") with respect to the Motion to Enforce on October 4, 2010; and at the Hearing the Court having rendered an opinion (the "**Opinion on Motion to Enforce**") with respect to the Motion to Enforce as set forth on the record of the Hearing; and the Court having found and determined (as set forth in the Opinion on Motion to Enforce) that the legal and factual bases set forth in the Motion to Enforce establish just cause for the relief granted therein; and Rally having made an oral application (the "**Stay Application**") at the Hearing immediately following the Court rendering its Opinion on Motion to Enforce for a stay of the order (the "**Order Granting Motion to Enforce**") approving the Motion to Enforce pending appeal; and upon the record made at the Hearing and the Court having rendered an opinion at the Hearing (the "**Opinion on Stay Application**") with respect to the Stay Application, the result of which is set forth herein; and after due deliberation and sufficient cause appearing therefore: it is hereby

ORDERED that the Stay Application is denied except to the limited extent set forth in the next decretal paragraph; and it is further

ORDERED that the Stay Application is granted solely to the limited extent of providing Rally with a stay of the Order Granting Motion to Enforce through 5:00 p.m. on October ~~12~~ ***19,*** 2010 so as to provide it with time, if it chooses, to seek stay relief with respect to

2

the Order Granting Motion to Enforce from the United States District Court for the Southern District of New York, and Rally shall not seek any relief with respect to the subject matter of the Motion to Enforce or the Order Granting Motion to Enforce in any other court including, without limitation, the California District Court; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order; *provided, however*, that nothing set forth in this Order shall preclude Rally from seeking stay relief with respect to this Order in the United States District Court for the Southern District of New York ("**District Court**"), or any appellate court of the District Court.

Dated: October _12_, 2010
      New York, New York

                                          *s/ Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDGE