## SONORA INVESTMENT MANAGEMENT, L.L.C.

September 29, 2010

The Garden City Group, Inc.
Motors Liquidation Co. Claims Agent
P O Box 9386
Dublin, OH 43017-4286

RE: Motors Liquidation Co. Securities Litigation

To Whom It May Concern:

Please reconsider our client being expunged from the class action. We respectfully request inclusion. We have included a trade confirmation for your review.

I certify to the best of my knowledge that this transaction is true and accurate.

Sincerely,

Tim Wilcox
Partner


cc:
Robert E Gerber, U. S. Bankruptcy Judge
United States Bankruptcy Court Room 621
One Bowling Green
New York, NY 10004

# charles SCHWAB

Trade Confirmation

101 Montgomery Street  San Francisco  California  94104
800 435 4000   www.schwab.com

Retain for Your Records

Account Number: 6270-7390
Page 1 of 2

**Mail To**

C TRR =6 00016049 000000022142 0002 20040714
M FELBER & F FELBER TTEE
MICHAEL J & FLORANCE C FELBER
U/A DTD 04/08/1994
821 E ROYAL RIDGE DR
ORO VALLEY AZ 85737

016049

| Security Description | | | | |
|---|---|---|---|---|
| GENL MTRS CORP  7.20%11 NOTES   DUE 01/15/11 | Action | BOUGHT | | |
| | Symbol: | | Trade Date: | 7/14/04 |
| | Security No./Cusip: | 370442-BB-0 | Settlement Date: | 7/19/04 |
| | Branch Code: | K4YY | Type: | Cash |

| Quantity | Price | Principal | | Fees & Charges | Total Amount |
|---|---|---|---|---|---|
| 10,000 | 105.1664 | $10,516.65 | Accrued Interest: | $8.00 | $10,524.65 |

For all of the above:
Unless you have already instructed us differently, we will: hold this security in your account.
Execution details upon request
Unsolicited trade
This security is subject to a make whole redemption provision.
Yield to maturity  6.220 %
Moody Rating Baa1 / S&P Rating BBB
Capacity code D

©2002 Charles Schwab & Co., Inc. All rights reserved. Member: SIPC/New York Stock Exchange. Please see reverse for terms, conditions and capacity code definitions.   SIPC
TRR YY I
F TRR =6 00016049 000000022142 0002 20040714

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

**FOR QUESTIONS CONCERNING YOUR GMAC BONDS, PLEASE CALL THE GMAC (ALLY FINANCIAL) INVESTOR HOTLINE AT 1-866-710-4623**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :    09-50026 (REG)
      f/k/a General Motors Corp., et al.                    :
                                                            :
                          Debtors.                          :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## NOTICE OF DEBTORS' NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(No Liability GMAC Debt Claims)

**PLEASE TAKE NOTICE** that on September 17, 2010, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed their ninety-seventh omnibus objection to expunge certain claims (the "**Ninety-Seventh Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the Ninety-Seventh Omnibus Objection to Claims will be held before the Honorable

US_ACTIVE:\43501620\01\72240.0639

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 26, 2010 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

       PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.

       PLEASE TAKE FURTHER NOTICE that any responses to the Ninety-Seventh Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **October 19, 2010, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Ninety-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Ninety-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       September 17, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LONG CLEAR VALLEY LTD<br>C/O MERRILL LYNCH INTERNATIONAL BANK LIMITED<br>ATTN TAU DEPARTMENT<br>2 RAFFLES LINK<br>MARINA BAYFRONT SINGAPORE 039392<br><br>SINGAPORE | 31585 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$12,234.00 (U)<br>$12,234.00 (T) | Claim is against an unrelated, non-Debtor third party | Pgs. 1-5 |
| LULA M TUBBS<br>636 FREESIA DR<br>S SAN FRANCISCO, CA 94080 | 69255 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T) | Claim is against an unrelated, non-Debtor third party | Pgs. 1-5 |
| M FELBER & F FELBER TTEE<br>MICHAEL J & FLORANCE C FELBER<br>U/A DTD 04/08/1994<br>821 E ROYAL RIDGE DR<br>ORO VALLEY, AZ 85737 | 18359 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,300.00 (U)<br>$10,300.00 (T) | Claim is against an unrelated, non-Debtor third party | Pgs. 1-5 |
| MARGARET A EMANS TOD<br>ROBERT J EMANS &<br>RONALD P EMANS<br>1664 ARCHWOOD LANE<br>TOLEDO, OH 43614 | 30654 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T) | Claim is against an unrelated, non-Debtor third party | Pgs. 1-5 |
| MARY ANN MACHE<br>PO BOX 101<br>WILLIAMSVILLE, NY 14221 | 19164 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$10,000.00 (U)<br>$10,000.00 (T) | Claim is against an unrelated, non-Debtor third party | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 13

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :    09-50026 (REG)
    f/k/a General Motors Corp., et al.                      :
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' NINETY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(No Liability GMAC Debt Claims)

Upon the ninety-seventh omnibus objection to expunge certain claims, dated September 17, 2010 (the "**Ninety-Seventh Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the No Liability GMAC Debt Claims on the grounds that such claims seek recovery of amounts for which the Debtors are not liable, all as more fully described in the Ninety-Seventh Omnibus Objection to Claims; and due and proper notice of the Ninety-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-Seventh Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninety-Seventh Omnibus Objection to Claims.

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" (the "Order Exhibit") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Ninety-Seventh Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Ninety-Seventh Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Ninety-Seventh Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the Ninety-Seventh Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge