Hearing Date and Time: October 21, 2010 at 9:45 a.m., ET
Reply Deadline: October 14, 2010 at 4:00 p.m., ET

HARRIS BEACH PLLC
100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

-and-

HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
Lee Woodard, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF TOWN OF SALINA TO DISCLOSURE STATEMENT WITH RESPECT TO JOINT CHAPTER 11 PLAN PROPOSED BY MOTORS LIQUIDATION COMPANY, f/k/a/ GENERAL MOTORS CORP.**

**The Town of Salina of the State of New York** (the "Town"), by and through its undersigned counsel, submits this Objection to the Disclosure Statement with Respect to Joint Chapter 11 Plan Proposed by Motors Liquidation Company, f/k/a General Motors Corp., and respectfully states as follows:

229314 1463655.1

## BACKGROUND

1.  The Debtors[1] have filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.  On or about August 31, 2010, Motors Liquidation Company, f/k/a General Motors Corp., (the "Debtors") filed a Disclosure Statement with respect to the Debtors' Joint Chapter 11 Plan (the "Debtors' Disclosure Statement") and Joint Chapter 11 Plan (the "Debtors' Plan"). Pursuant to the Notice of Hearing to Consider Approval of Debtors' Proposed Disclosure Statement dated September 3, 2010, a hearing to approve the Disclosure Statement is scheduled for October 21, 2009 and opposition must be filed by October 14, 2010 at 4:00 p.m.

3.  The Town of Salina has filed three claims in the Debtors' cases, each for reimbursement and payment of funds resulting from environmental contamination of various sites within the Town of Salina and the County of Onondaga in the State of New York.

4.  These claims filed assert the following claims against the Debtors: (i) approximately $12,498,818.63 for reimbursement for environmental contamination at the Onondaga Lake Superfund Site (the "Onondaga Lake Claim"); (ii) approximately $18,577,319.00 for reimbursement for environmental contamination at the former-Town of Salina Landfill (the "Landfill Claim"); and (iii) an amount to be determined, but estimated to be in excess of $10,000,000.00 for reimbursement for environmental contamination at the Lower Ley Creek subsite (the "Lower Ley Creek Claim") (collectively, the "Town of Salina Claims").

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Debtors' Disclosure Statement.

229314 1463655.1

5. On or about January 11, 2010, the Debtors filed a Motion for an Order for authorization to implement alternative dispute resolution procedures, including mandatory mediation, to establish a procedure for resolving Unliquidated/Litigation claims in order to quantify the amounts of general unsecured claims (the "ADR Procedures Motion").

6. On or about February 2, 2010, the Town of Salina filed opposition to the ADR Procedures Motion (the "ADR Objection"). As a result of the ADR Objection, the Town of Salina's claims were excluded from the ADR procedures pursuant to Court Order dated February 23, 2010 (the "ADR Procedures Order").

7. For the reasons outlined below, the Debtors' Disclosure Statement should not be approved.

## OBJECTION TO THE DISCLOSURE STATEMENT AND PLAN

*A.    Lack of Adequate Information*

8. The Town of Salina opposes the approval of the Disclosure Statement for a variety of reasons, including that it contains inadequate information and fails to properly describe the treatment of and address the Town of Salina Claims.

9. The Bankruptcy Code provides that adequate information is:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the Plan to the debtor, any successor to the debtor, and a hypothetical investor typical of holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the

plan, but adequate information need not include such information about any other possible or proposed plan. . . .

11 U.S.C. § 1125.

10. Information that should be contained in a disclosure statement includes: "[a] complete description of the available assets and their value; . . . [a] liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7; [t]he accounting and valuation methods used to produce the financial information in the disclosure statement; . . . [and] [i]nformation relevant to the risks being taken by creditors and interest holders . . . ." In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

11. Upon information and belief, the Debtors' Disclosure Statement seeks to classify the Town of Salina Claims as Class 3 claims pursuant to Section III (C) on page 43, wherein it states: "General Unsecured Claims include environmental claims subject to discharge under Environmental Laws to pay money to private and governmental entities for cleanup or remediation of property not owned by the Debtors, including Superfund liabilities." See Debtors' Disclosure Statement, Section III (C), at p. 43. However, there is also a Class 4 of "Property Environmental Claims" that are identified as "civil Claims or Causes of Action by the Governmental Authorities against the Debtors under Environmental Laws with respect to the Properties except for any General Unsecured Claims reserved in the Environmental Response Trust Consent Decree and Settlement Agreement or the Priority Order Sites Consent Decrees and Settlement Agreements. See Debtors' Disclosure Statement, Section III (C) at p. 45.

12. At the outset, it is virtually impossible for the Town of Salina to determine how its Claims are classified in the Plan. While the counsel for the Town has been informed that its claims are being treated as General Unsecured Claims that would be included in Class 3, the Debtors' Disclosure Statement does not either: (a) separately classify such Claim; or (b) clearly identify that the Town of Salina's Claims are in the

Unsecured Claims discussed in Class 3. It is submitted that a more specific description of the classification of each type of claim is exactly the type of information that must be included in a disclosure statement, especially in light of the discussion and establishment of the Environmental Response Trust, in Section III (G) (4) of the Debtors' Disclosure Statement.

13. Class 3 Claims are treated in the Debtors' Disclosure Statement and the Debtors' Plan by providing for the establishment of a GUC Trust. See Debtors' Disclosure Statement, Section III (G), at p. 59. Payments from the GUC Trust to Class 3 Claimants contemplates the payment of the Claimants' pro rata share of: (i) the new GM Securities, as defined therein, (the "New GM Stock"); and (ii) the GUC Trust Units, in accordance with the terms of the GUC Trust and the GUC Trust Agreement. Pursuant to the Disclosure Statement, the GUC Trust Agreement is to be executed on or before the Effective Date, in a form acceptable to the Debtors, the Creditors' Committee, the U.S. Treasury and the GUC Trust Administrator.

14. Assuming, arguendo, that the Town of Salina is in fact a Class 3 Claimant, the Town is unable to determine any specific information regarding the GUC Trust, since that document is not yet finalized or filed. While Class 3 Claimants are to receive new GM Stock and "the GUC Trust Units in accordance with the GUC Trust and the GUC Trust Agreement," it is simply impossible to determine how the Town's rights and distributions may be affected when the GUC Trust documents are not publically available for review.

15. Moreover, it is impossible for the Town, or any general unsecured creditor, to make any type of analysis or informed judgment about the Debtors' Plan when there is absolutely no estimation of the aggregate amount of allowed claims in Class 3 or the estimated value of the New GM Stock and recovery for that class. While the Town recognizes that a precise percentage of the amount of claims and recovery would not be possible, at least a range of estimated percentages should be provided. Even

229314 1463655.1

with the Town of Salina's Claims estimated to be in excess of $41M, it is possible that the costs and expenses incurred in participating in this Chapter 11 Bankruptcy case and claims resolution process will exceed the value of the recovery paid to the Town in this case. These estimates are critical for the Town to make an informed decision about the Debtors' Plan.

16.  In addition, without an estimation of claims and percentage of recovery, the Town cannot determine if the Debtors' Plan meets the best interests of creditors test. See 11 U.S.C. § 1129(a)(7).

17.  As discussed above, counsel for the Town has been informed that its claims are part of Class 3, and not Class 4. The Debtors' Disclosure Statement provides that Class 4 Environmental Claims on certain GM properties will receive 100% of their allowed claims under the Environmental Response Trust based on a list attached to the Environmental Trust as Attachment "A". However, the Environmental Response Trust Agreement and Environmental Response Trustee Consent Decree and Settlement Agreement have not been finalized and filed, so it is impossible to determine what properties are included in that Trust. This information would be relevant to the Town because the clean up of contiguous or related contaminated sites may impact the Town's claims. For example, if Upper Ley Creek and GM's Fischer Guide Plant in Salina are to be 100% remediated, this may reduce the amount of the Lower Ley Creek Claim. Without the ability to review the Environmental Trust documents, it is impossible to determine how the treatment of those claims may impact the Town.

18.  Further, with respect to the Environmental Trust, the Debtors' Disclosure Statement does not explain how the Class 4 Claimants differ from the Class 3 Claimants. Such a discussion is critical to justifying the disparate treatment between the Class 4 Environmental Claims that are stated to receive 100% repayment, versus the Class 3 Claimants such as the Town of Salina and its taxpayers that are to receive some unknown non-cash amount, so that they will be left "holding the bag" with no ability to fund the required clean up of contamination that clearly and directly resulted from the Debtors' pre-petition

operations and activities. The Town is also obligated to the State of New York to recover cleanup costs from potentially responsible parties ("PRPs), such as the Debtors, since the State of New York is paying 75% of the capital costs associated with the cleanup of the former Town of Salina Landfill pursuant to the New York State Environmental Conservation Law and a New York State Assistance Contract.

19. Lastly, pursuant to Section III (H)(1)(b) of the Debtors' Disclosure Statement on page 82, the GUC Trust Administrator will be responsible for the prosecution of objections to General Unsecured Claims. It is unclear if the Debtors are attempting to have the ADR procedures imposed upon the Town of Salina for the establishment of the amount of its claims. As outlined above, the Town previously objected to the ADR Procedures Motion and was specially excluded from the ADR Procedures Order when it was entered. Therefore the prior Order should still preclude ADR Procedures from being utilized by the GUC Trust Administrator when seeking to establish or object to the Town of Salina Claims.

B. *The Town is Unable to Accept and Hold the New GM Stock*

20. As outlined above, the Debtors' Disclosure Statement and the Debtors' Plan provides for payments from the GUC Trust of Class 3 Claimants' pro rata share of: (i) the new GM Securities, as defined therein; and (ii) the GUC Trust Units, in accordance with the terms of the GUC Trust and the GUC Trust Agreement.

21. Because the documents have not been filed, the Town cannot determine if the GUC Trust Units are for a public corporation, but clearly the New GM Stock will be an equity stake in a publicly traded corporation. Pursuant to Article VIII § 1 of the New York Constitution, the Town of Salina may be precluded from accepting and owning the New GM Stock as that distribution is proposed under the Debtors' Plan.

22. The New York Constitution generally prohibits a municipality from directly or indirectly owning stock in any private corporation. The New York State Constitution provides:

"No county, city, town, village or school district shall . . . become directly or indirectly the owner of stock in, or bonds of, any private corporation or association . . . ." New York Constitution Art. VIII § 1.

In interpreting this constitutional provision, the New York State Comptroller has found that the ownership of stock in private corporations violates Article VIII § 1. See N.Y. Opns. St. Comp. 68-51 (1968)

23. The Debtors' Disclosure Statement is silent regarding the New York State Constitutional restrictions, and the impact those restrictions may have on the municipal Claimants and their proposed distributions under the Debtors' Plan. While the Town is willing to work with the Debtors to determine if there is a viable alternative that provides the Town with the financial benefit that would have been associated with the acquisition of the New GM Stock, it respectfully submits that it would be a windfall for the other general unsecured claimants to benefit from those restrictions at the expense of the Town and other New York municipalities. Clearly, such a result would not be equitable, especially since the Town and its taxpayers will be forced to bear the burden of the additional environmental clean up that the Debtor is walking away from under the current Debtors' Plan.

C.  *Conclusion*

24. In sum, the Debtors' Disclosure Statement does not contain adequate information since it does not provide sufficient details that would permit a creditor such as the Town to determine whether it would be in its best interests to vote in favor of, or against, the Plan. Because the requirements of 11 U.S.C. §1125 have not been met, the Court should not approve the Debtors' Disclosure Statement and should require the Debtors to provide additional information that is necessary to address the inadequacies as outlined in this Objection.

25. Nothing contained herein shall be deemed to be a waiver by the Town of Salina of any rights it may have under applicable law and the Town of Salina reserves the right to amend and supplement this

229314 1463655.1

Objection, and to object or otherwise respond to the approval, confirmation and implementation of the Debtors' Plan on any grounds outlined herein and any other grounds available.

WHEREFORE, the Town of Salina respectfully requests entry of an Order (i) denying approval of the Debtors' Disclosure Statement; and (ii) for such other and further relief as this Court deems just and proper.

Dated: October 12, 2010

HARRIS BEACH PLLC

*Lee E. Woodard*

Lee E. Woodard, Esq.
HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

-and-

100 Wall Street
New York, New York 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659

*Attorneys for Town of Salina*

229314 1463655.1