UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Hearing Date and Time:**
**October 21, 2010, at 9:45 a.m.**

-----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11
                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,                           :    Case No. 09-50026 (REG)
  *f/k/a* GENERAL MOTORS CORP., *et al.*,                       :
                                                                :    (Jointly Administered)
                                    Debtors.                    :
                                                                :
-----------------------------------------------------------------x

## OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT

TO:    THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"),

hereby submits this objection (the "Objection") to the motion (the "Motion") of Motors

Liquidation Company, f/k/a General Motors Corp., and certain subsidiary debtors (collectively,

the "Debtors") for entry of an order, among other things, approving the Disclosure Statement for

the Debtors' Joint Chapter 11 Plan dated August 31, 2010 (the "Disclosure Statement").  (ECF

Dkt. No. 6854).  In support thereof, the United States Trustee respectfully states:

### I.  INTRODUCTION

The United States Trustee objects to the Motion because the Disclosure Statement does

not provide adequate information concerning the Plan to the creditors from whom votes are to be

solicited, as required by Section 1125 of the Bankruptcy Code.  Specifically, the United States

Trustee has identified the following informational deficiencies:

-       the Disclosure Statement does not provide adequate information concerning the
        post-petition appointment of the Fee Examiner (defined below);

- the Disclosure Statement does not provide adequate information concerning the professional fees incurred by the Debtors after the Petition Date through the Effective Date;

- the Disclosure Statement does not provide adequate information concerning the cash needs of the Debtors for the Plan to be effectuated;

- the Disclosure Statement does not provide adequate information concerning the treatment of quarterly fees due to the United States Trustee or post-confirmation reporting of disbursements; and

- the Disclosure Statement does not provide adequate information, or comport with Second Circuit law, concerning the Releases and Exculpation.

Absent amendment of the Disclosure Statement and Plan, the Disclosure Statement fails to meet the requirements of Section 1125(a) of the Bankruptcy Code and should not be approved by the Court in its current form.

## II.  FACTS

**A.    The Chapter 11 Filings**

1.      On June 1, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11, title 11, United States Code (the "Bankruptcy Code").

2.      The Debtors continue to operate and manage their business and properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4.      On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").  (ECF Dkt. No. 356).  On November 30, 2009, the United States Trustee filed the First Amended Appointment of Official Committee of Unsecured Creditors.  (ECF Dkt. No. 4552).

5.      On March 5, 2010, the United States Trustee appointed the Committee of

Unsecured Creditors Holding Asbestos Related Claims.  (ECF Dkt. No. 5206).

**B.      The Sale**

6.      On June 1, 2009, the Debtors filed a motion seeking the entry of an order

authorizing and approving the sale (the "Sale") of substantially all of their assets to NGMCO,

Inc. ("NGMCO"), a U.S. Treasury-sponsored purchaser, pursuant to the Amended and Restated

Master Sale and Purchase Agreement dated as of June 26, 2009, and together with all documents

and agreements as well as all exhibits, schedules and addenda thereto (as amended, the "MPA").

 (ECF Dkt. No. 92).

7.      On July 5, 2009, the Court entered an Order (the "Sale Order") that, among other

things, approved the Sale.  (ECF Dkt. No. 2968).

8.      On July 9, 2009, NGMCO, Inc. filed the required documentation to change its

name to General Motors Company ("GMCo.").

9.      On July 10, 2009, pursuant to the MPA and the Sale Order, GMCo. acquired

substantially all of the Debtors' assets.

10.     Since that time, the Debtors, under the jurisdiction and supervision of the Court,

have engaged in an orderly wind-down of their remaining assets and business affairs.

11.     On December 23, 2009, the United States Trustee, the Debtors, and the Creditors'

Committee entered into a stipulation (the "Fee Examiner Stipulation") which provided for the

appointment of Brady C. Williamson as fee examiner.  (ECF Dkt. No. 4707).  On the same date,

the Court "So Ordered" the Stipulation.  (ECF Dkt. No. 4708).

**C.      The Disclosure Statement and Plan**

12.      On August 31, 2010, the Debtors filed the Disclosure Statement and

accompanying Debtors' Joint Chapter 11 Plan (the "Plan").  (ECF Dkt. Nos. 6829, 6830).  The

Plan, among other things, provides for the liquidation of certain of the Debtors' remaining assets

and the establishment of certain trusts to address certain environmental remediation obligations

and to make distributions to creditors holding allowed claims.

## OBJECTION

**A.      The Governing Law**

13.      Section 1125(b) of the Bankruptcy Code provides that acceptances or rejections

of a reorganization plan may not be solicited without first giving the creditors or others so

solicited a court approved disclosure statement that provides "adequate information."  11 U.S.C.

§ 1125(b).  The Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records,
> including a discussion of the potential material Federal tax
> consequences of the plan to the debtor, any successor to the debtor,
> and a hypothetical investor typical of the holders of claims or
> interests in the case, that would enable such a hypothetical
> reasonable investor of the relevant class to make an informed
> judgment about the plan . . . .

11 U.S.C. § 1125(a)(1); see also, In re Metrocraft Pub. Servs., Inc., 39 B.R. 567, 568 (Bankr.

N.D. Ga. 1984) (citing nineteen nonexclusive factors that courts may use to evaluate the

adequacy of a disclosure statement); In re Ferretti, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991)

(citing eighteen of the Metrocraft factors).

14.     The "adequate information" requirement merely establishes a floor, and not a

ceiling for disclosure to voting creditors.  In re Adelphia Comms. Corp., 352 B.R. 592, 596

(Bankr. S.D.N.Y. 2006) (citing Century Glove, Inc. v. First American Bank of New York, 860

F.2d 94, 100 (3d Cir. 1988)).  Once the "adequate disclosure" floor is satisfied, additional

information can go into a disclosure statement too, at least so long as the additional information

is accurate and its inclusion is not misleading.  Adelphia, 352 B.R. at 596.  The purpose of the

disclosure statement is to give creditors enough information so that they can make an informed

choice of whether to approve or reject the debtor's plan.  In re Duratech Indus., 241 B.R. 291,

298 (Bankr. E.D.N.Y.), aff'd, 241 B.R. 283 (E.D.N.Y. 1999).  For the reasons set forth below,

the Disclosure Statement does not provide sufficient disclosures appropriate to the circumstances

of these cases.

**B.     The Disclosure Statement Does Not Provide Adequate Information Concerning Significant Post-Petition Events.**

15.     Section II of the Disclosure Statement is entitled, "Overview of Debtors'

Operations and Chapter 11 Cases."  Disclosure Statement § II, at 8-40.  Subsection F of Section

II, purports to describe significant post-petition events.  This section, however, does not contain

any information concerning the post-petition appointment of Brady C. Williamson, as fee

examiner (the "Fee Examiner").  Accordingly, the United States Trustee proposes that the

Disclosure Statement be modified to include a new section "F.3" that provides the following

information:

> Appointment of Fee Examiner.  On December 23, 2009, the United
> States Trustee, the Debtors and the Creditors' Committee entered
> into a stipulation (the "Stipulation") with respect to the
> appointment of Brady C. Williamson as fee examiner.  On the

same date, the Court "So Ordered" the Stipulation, effectuating
Mr. Williamson's appointment as the Fee Examiner in these cases.

**C.      The Disclosure Statement Fails To Provide Adequate Information Concerning Professional Fees That The Debtors Have Incurred During the Chapter 11 Cases.**

16.      Section III of the Disclosure Statement, entitled "Overview of the Plan," provides a lengthy and detailed summary of the Plan.  Disclosure Statement § III, at 40-92.  The Debtors, however, have failed to include in this Section, or elsewhere in the Disclosure Statement, any information concerning the total amount of professional fees that they have incurred since the Petition Date, or any information as to the estimated fees that the professionals may charge the Debtors for services rendered through the Effective Date.  Information concerning the total amount of these fees should be provided to those solicited to vote on the Plan.  Accordingly, the United States Trustee proposes that the Disclosure Statement be amended to include this information.  See 11 U.S.C. § 1129(a)(11) (requiring that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors).

**D.      Neither the Plan Nor the Disclosure Statement Provide Adequate Information Concerning Certain Conditions Precedent Necessary to Effectuate the Plan.**

17.      Section III.K of the Disclosure Statement, entitled "Conditions Precedent to Effectiveness of the Plan," is self-descriptive as it sets forth various conditions that must occur before the Plan can become "effective."  Disclosure Statement § III.K, at 86-87.  Under the Subsection "e," the Disclosure Statement provides that the Debtors must have sufficient cash to pay, among other things, certain administrative expenses.  The fees of the Fee Examiner and his fee reviewer, Stuart Maue Mitchell & James, Ltd. ("Stuart Maue"), are not, but should be, included in the list of persons and entities whose unpaid fees must be provided for with "sufficient cash."  The corresponding Plan provision, Art. 9.2(e), also fails to include these

6

persons.  Accordingly, the United States Trustee proposes that the Court deny the Motion, until

the Debtors amend both the Disclosure Statement and the Plan include the Fee Examiner and

Stuart Maue in the provisions concerning the requirement that the Debtors' have "sufficient

cash" in order for the Plan to become effective.  See 11 U.S.C. § 1129(a)(11).

**E.      The Disclosure Statement Does Not Provide Adequate Information Concerning The
          Treatment of Statutory Fees Due To The United States Trustee Through Entry of a
          Final Decree.**

       (i)      Deemed Consolidation

       18.      The Disclosure Statement provides that the reorganization that the Debtors seek

to effectuate through the Plan shall be carried out through a "deemed consolidation" of certain of

the Debtors; here, solely for voting, confirmation and distribution purposes.  Disclosure

Statement § III.G.1, at 58-59; Plan Art. 6.1, at 32.  The absence of a true substantive

consolidation, see In re Augie/Restivo Baking Co., Ltd., 860 F.2d 515 (2d Cir. 1988), however,

means that each individual Debtor must continue to pay fees to the United States Trustee

pursuant to Section 1930(a)(6) of title 28, United States Code ("Title 28") post-confirmation and

through the entry of a final decree.  See, e.g., Genesis Health Ventures, Inc. v. United States

Trustee (Genesis Health Ventures, Inc.), 402 F.3d 414 (3d Cir. 2005).  Neither the Disclosure

Statement nor the Plan provides adequate information concerning the continuing obligations of

each individual Debtor to pay the statutory fees due to the United States Trustee under Section

1930(a)(6) of Title 28 through the entry of a final decree.  11 U.S.C. § 1129(a)(12).

Accordingly, the Disclosure Statement and Plan should be amended to expressly provide this

information for the benefit of those solicited in connection with the approval or rejection of the

Plan.

        (ii)      <u>Payment of Statutory Fees To the United States Trustee</u>

19.      The Plan provides that each of the four post-confirmation trust administrators shall be responsible for paying the statutory fees due to the United States Trustee pursuant to Section 1930(a)(6) of Title 28. Plan Art. 12.8, at 67. This does not appear to be in dispute. However, neither the Disclosure Statement nor the Plan provides for the attribution of these trust distributions to the particular Reorganized Debtors. Each debtor is required by the Title 28 to continue paying quarterly fees through the entry of a final decree based upon their respective disbursements. See <u>In re Aquatic Dev. Group, Inc.</u>, 352 F.3d 671 (2d Cir. 2003); <u>see</u> <u>also</u>, <u>CSC Indus., Inc.</u>, 226 B.R. 402, 404 (Bankr. S.D. Ohio 1998). Accordingly, the United States Trustee proposes that the Disclosure Statement and Plan be amended to provide for, and adequately inform solicited parties as to, the mechanism by which the Reorganized Debtors shall attribute trust distributions to each particular Debtor; thus, demonstrating compliance with Section 1930(a)(6) of Title 28.

**F.      Post-Confirmation Reporting**

20.      The Plan provides that each of the four trust administrators is responsible for the filing of post-confirmation status reports. Plan Art. 12.8, at 67. For purposes of calculating United States Trustee fees, however, both the Plan and the Disclosure Statement should be amended to provide adequate information that a consolidated post-confirmation status report will be filed, which must include a report on the disbursements of each of the Reorganized Debtors.

**G.      The Disclosure Statement Does Not Provide Adequate Information Concerning Releases and Exculpation.**

21.      Neither the Disclosure Statement nor the Plan provides adequate information concerning the Releases or the Exculpation.  See Disclosure Statement § IIJ, at 86-86; Plan Arts. 12.5 and 12.6, at 66.  With respect to the Releases, the Plan provides that the Releases protect, among others, "Persons who serve or served as members of management of the Debtors on or after the Commencement Date."  Plan Art. 12.5, at 66.  The Plan and the Disclosure Statement fail to provide adequate information concerning the release because they fail to identify the individuals who will be protected by the Release.  Accordingly, the United States Trustee proposes that the Disclosure Statement and the Plan be amended to identify the "Released Parties," so that the Disclosure Statement contains adequate information as required under the Bankruptcy Code.

22.      In addition, the proposed Releases and Exculpation do not comply with the law of this Circuit.  Specifically, in addition to willful misconduct and gross negligence, the conduct that should be "carved-out" of the Releases and Exculpation should also include: fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), and ultra vires acts.  See, In re Joan and David Halpern, 248 B.R. 43, 46 (Bankr. S.D.N.Y. 2000).  In addition, both the Disclosure Statement and the Plan should be amended to provide that neither the Releases nor the Exculpation shall limit the liability of any counsel to their respective clients contrary to the requirements of Rule 1.8(h)(1) of the New York Rules of Professional Conduct, which provides: "A lawyer shall not (1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice." N.Y. Comp. Codes R. & Regs. Tit. 22 § 1200.8, Rule 1.8(h) (2009).

**H.**    **The Disclosure Statement Does Not Provide Adequate Information Concerning The Effect of Confirmation With Regard to the Absence of Discharge.**

22.    Neither the Disclosure Statement or Plan provide adequate information concerning the fact that a discharge under Chapter 11 of the Bankruptcy Code does not discharge the Debtors in these cases because the Plan provides for the liquidation of all or substantially all of the property of the Debtors' estates.  11 U.S.C. § 1141(d)(3).  Accordingly, the United States Trustee proposes that the Disclosure Statement and Plan be amended to provide adequate information in this regard and informing solicited parties that the Debtors will not obtain a discharge in these cases under the Bankruptcy Code.

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court (i) sustain the Objection, (ii) direct the Debtors to amend the Disclosure Statement and Plan to cure the inadequacies and address the issues identified in the Objection and (iii) grant such other relief as is just.

Dated: New York, New York
      October 14, 2010                        Respectfully submitted,

                                             TRACY HOPE DAVIS
                                             UNITED STATES TRUSTEE

                                             By____/s/ *Andrea B. Schwartz*_____
                                                  Andrea B. Schwartz
                                                  Brian S. Masumoto
                                                  Trial Attorneys
                                      33 Whitehall Street, 21st Floor
                                      New York, New York  10004