```
Steven R. Cavalli (SBN
Gwilliam, Ivary, Chiosso, Cavalli & Brewer
1999 Harrison St. Ste. 1600
Telephone:  (510) 832-5411
Facsimile:  (510) 832-1918
```

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.,<br><br>    Debtor. | Chapter 11 Case No.<br><br>Case No.: 09-50026 (REG)<br><br>Maria Mercado's (Claim # 11864) Response to Debtors' Eighty-Fifth Omnibus Objection to Claims (Claims with Insufficient Documentation) |

## I. Introduction

Maria Mercado filed a proof of claim against Debtor on October 19, 2009 with an attachment indicating the nature of her personal injury action, her injuries and her allegations. Debtors contend Ms. Mercado did not respond to their letter requesting documentation. (See Debtors' Eighty-Fifth Omnibus Objection p. 6 ¶ 2.) However, Ms. Mercado <u>did</u> respond to Debtors' letter with a CD-ROM of her medical records indicating the nature and extent of her injuries. Nevertheless, Debtors claim they do not have enough information to ascertain the validity of Ms. Mercado's claims.

Therefore, Claimant submits this Response to Debtors' Eighty-Fifth Omnibus Objection to Claims.

## II.  Facts

### A. Ms. Mercado Filed a Timely Proof of Claim

As is stated above, Ms. Mercado filed a timely proof of claim on October 19, 2009. (See Exhibit A). In the attachment to her proof of claim, Ms. Mercado stated she was involved in an accident in which she was a passenger in a 2004 Chevy Tahoe, manufactured by General Motors Corporation. The accident rendered Ms. Mercado a quadriplegic. Ms. Mercado explained that it was her contention the vehicle was defectively designed in that it did not have as standard equipment Electronic Stability Control, and had the vehicle been so equipped it would not have rolled over and she would not be injured as seriously as she is. (Exhibit A, attachment).

### B. Ms. Mercado Supplemented Her Proof of Claim with her Medical Records to Indicate the Extent of Her Damages.

Ms. Mercado received a letter from Debtors in June, 2010 requesting additional documentation to her claim, but without specifying what information they were seeking (See Exhibit B). Claimant's attorney, the undersigned, requested an extension of time to respond to the letter, which was granted. (See Exhibit C).

Thereafter, on July 12, 2010, Ms. Mercado sent Debtors a CD-ROM of her medical records, and indicated that should Debtors require further information, they should contact Ms. Mercado's

counsel. (See Exhibit D).  Debtors never contacted this office with requests for any further documentation.

When claimant's counsel received Debtors' Omnibus Objection regarding claims with insufficient documentation, the undersigned again contacted the claims department to determine what other documents were needed.  (See Exhibit C).  The Claims department instructed claimant's counsel to respond in court.

**C.    No Further Documentation is Available at This Time.**

Litigation in Ms. Mercado's personal injury action has just begun.  Discovery has yet to commence, and therefore no additional information is available regarding Ms. Mercado's claim at this time.  Claimant will supplement the documentation supporting her claim as it becomes available.

**III. Argument**

### A. Ms. Mercado's Proof of Claim is Prima Facie Evidence of the Validity of Her Claim.

A proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f). The only requirement is that it be "a written statement setting forth a creditor's claim," and that it "conform substantially to the appropriate Official Form." Fed. R. Bankr.P. 3001(a).

In *In re Farmland Industries, Inc.* 305 B.R. 490, 493 (Bkrtcy.W.D.Mo.,2003), the court found that a claim that set

forth the amount of the claim and conformed to the Official Form was not invalid for insufficient documentation.

Likewise, Ms. Mercado's claim is a written statement setting forth the basis for the claim, the amount of her claim and it conforms to the appropriate Official Form. Additionally, Ms. Mercado sent her medical records outlining the extent of her injuries. Therefore, this is prima facie evidence of the validity of her claim and it should not be disallowed for insufficient documentation.

### B. There Are No Specific Requirements for Documentation for Unsecured Claims.

"There are no specific requirements for documentation for unsecured claims, other than submitting a writing, if the debt is based on a writing." *In re Thompson,* 260 B.R. 484, 486 (Bankr.W.D.Mo.2001) (citing *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage),* 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd,* 91 F.3d 151 (9th Cir.1996) (unpub.)).

Ms. Mercado has conformed to the basic requirements and, therefore, her claim should not be disallowed.

### C. This Court's Order Approving Procedures for Filing of Proofs of Claims Allow a Claimant to Proceed on a Claim By Explaining Why Supporting Documentation is Not Available.

In this Court's order approving the procedures for the filing of the proofs of claims (Docket No. 4079) the court

Maria Mercado's (Claim # 11864) Response to Eighty-Fifth Omnibus Objection
- 4

specifically allowed individuals to "include supporting documentation *or an explanation as to why such documentation is not available.* (See Page 2 ¶ (c)) (emphasis added).

Here, Claimant has submitted all the documentation that is available to her at this time. As is discussed above, litigation on Plaintiff's claims has just begun and discovery has not yet commenced. Thus, no other documentation other than what has already been submitted is available at this time. Claimant can and will supplement her proof of claim with documentation as it becomes available.

**IV.  Conclusion**

For the foregoing reasons, it is respectfully submitted that the Court should allow Ms. Mercado's claim to proceed.

Dated: 10/11/10                              By: _____
                                             Steven R. Cavalli
                                             Gwilliam, Ivary,
                                             Chiosso, Cavalli & Brewer

**EXHIBIT A**

7001317

RECEIVED OCT 27 2009

**PROOF OF CLAIM**

Your Claim is Scheduled As Follows:

THE GARDEN CITY GROUP, INC.
OCT 19 2009

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| Name of Debtor (Check Only One): | Case No. |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): MARIA MERCADO

Name and address where notices should be sent:
MARIA MERCADO
449 ROADRUNNER DR.
PATTERSON CA 95363

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Telephone number: 209 408 7612
Email Address: mercado__40@yahoo.com

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form. EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $ 20,000,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** PERSONAL INJURY
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See *instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
    Amount entitled to priority:
    $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 10/15/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Cavalli, Atty for Maria Mercado

P.O. Box 2079
Oakland, CA 94604

510 832 5411

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

3129178221

Attachment to Proof of Claim

7. On July 11, 2008, the claimant, MARIA MERCADO, was a passenger in a 2004 Chevy Tahoe, manufactured by General Motors Corporation. The driver of the vehicle lost control of the vehicle, the vehicle rolled over, and MARIA MERCADO was rendered a quadriplegic as a result. The vehicle was defectively designed in that it did not have as standard equipment Electronic Stability Control. Had the vehicle been so equipped, the vehicle would not have rolled over and MARIA MERCADO would have not been injured as seriously as she is.

**EXHIBIT B**

6-7-10

<u>VIA FIRST CLASS MAIL</u>

MARIA MERCADO
449 ROADRUNNER DR
PATTERSON, CA 95363

Re:   In re Motors Liquidation Company, et al. (f/k/a/ In re General Motors Corporation, et al.) Case No.: 09-50026 (REG)

Dear Claimant,

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors ("MLC") are in receipt of the following claim that you filed against MLC:

11864   MARIA MERCADO

The purpose of this letter is to request that you provide MLC with documentation in support of this claim, such as invoices, contracts, financial records, a complaint, and/or other information to substantiate the amount and basis of your claims. If you do not provide us with documentation for your claim, MLC may choose to object to your claim as lacking sufficient documentation to establish the validity of your claim. If you wish to provide MLC with documentation for your claim, please complete the enclosed Claim Documentation Letter and return it to MLC at the address indicated in the top left hand corner of the letter no later than 6/14/2010. Alternatively, if you wish to withdraw your claim at this time, please complete the enclosed Withdrawal of Claim form and file with the court according to the instructions listed on the form.

Please be aware that submission of documentation for your claims will not result in allowance of your claims. MLC reserves all rights with regard to the above-listed claims, including the right to object to your claims.

Should you have any questions about this matter, please contact MLC at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com.

Sincerely,

Motors Liquidation Company

Enclosure

**EXHIBIT C**

REDACTED

-----Original Message-----
From: claims@motorsliquidation.com [mailto:claims@motorsliquidation.com]
Sent: Monday, October 04, 2010 3:58 PM
To: Steven Cavalli
Subject: RE: Maria Mercado Claim #11864

Dear Mr. Cavalli,

Motors Liquidation Company filed a no support objection to this claim on the 85th omnibus objection. The claim should be expunged on 10/26 unless we receive a formal, timely response from the claimant. Please see the objection for all additional instructions on filing a response, if one is sought.

Feel free to contact us with further questions via email or at 1-800-414-9607.

Respectfully,

Motors Liquidation Company

Quoting Steven Cavalli <SCavalli@giccb.com>:

> I note that you are now moving the Bankruptcy court to dismiss this
> claim for failure to provide sufficient documentation to apprise you
> of the nature of the claim. The claim apprises you that the basis for
> liability is the failure to provide ESC as standard equipment on the
> 2004 Ford Tahoe in which Ms. Mercado was riding as a passenger. In
> addition, we have provided you with all of the medical records we have
> to date. What further information could you possibly need to be
> sufficiently apprised as to the basis for her claim? Please let me
> know and I will be happy to provide it if there is such information

1

```
> available.
>
> Steven R. Cavalli
> Gwilliam, Ivary, Chiosso, Cavalli & Brewer
> 510-832-5411
> 5410-832-1918 (fax)
> scavalli@giccb.com
>
> -----Original Message-----
> From: claims@motorsliquidation.com
> [mailto:claims@motorsliquidation.com]
>
> Sent: Friday, June 11, 2010 7:57 AM
> To: Steven Cavalli
> Subject: Re: Maria Mercado Claim #11864
>
> Dear Mr. Cavalli,
>
> In response to your e-mail, we will extend the response deadline by
> the 30 days as you requested.  Thus the new deadline for this claimant
> will be July 14, 2010.
>
> Motors Liquidation Company Claims Processing
>
> Quoting Steven Cavalli <SCavalli@giccb.com>:
>
>> Please be advised that our office represents Maria Mercado.  Today
>> she provided me with a letter that was apparently sent directly to
>> her requesting documentation of her claim which is to be provided by
>> June 14, 2010.  I am interested in providing the documentation we
>> have, but will need more time to put it together.  Please extend that
>> time for
> 30
>> days.
>>
>> Regards,
>>
>> Steven R. Cavalli, Esq.
>> Gwilliam, Ivary, Chiosso,
>> Cavalli & Brewer
>> 1999 Harrison St., Ste. 1600
>> Oakland, CA 94612
>> 510-832-5411
>> 510-832-1918 (fax)
>> scavalli@giccb.com
>>
>>
>>
>>
>> _____
>> This message is confidential, intended only for the named
>> recipient(s) and may contain information that is privileged, attorney
>> work product or exempt from disclosure under applicable law.  If you
>> are not the intended recipient(s), you are notified that the
>> dissemination, distribution or copying of this message is strictly
>> prohibited.  If you receive this message in error, or are not the
>> named recipient(s), please notify the sender at the e-mail address
>> and delete this e-mail from your computer.  Receipt by anyone other
>> than the named recipient(s) is not a waiver of any attorney-client,
>> work product, or other applicable privilege.
>>
>>
>>
>
>
>
>
```

2

```
> _____
> This message is confidential, intended only for the named
> recipient(s) and may contain information that is privileged,
> attorney work product or exempt from disclosure under applicable
> law.  If you are not the intended recipient(s), you are notified
> that the dissemination, distribution or copying of this message is
> strictly prohibited.  If you receive this message in error, or are
> not the named recipient(s), please notify the sender at the e-mail
> address and delete this e-mail from your computer.  Receipt by
> anyone other than the named recipient(s) is not a waiver of any
> attorney-client, work product, or other applicable privilege.
>
>
>
```

**EXHIBIT D**

# GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

J. Gary Gwilliam

Steven R. Cavalli

Steven J. Brewer

Randall E. Strauss

ATTORNEYS AT LAW

A Professional Corporation

1999 Harrison Street, Suite 1600
Oakland, California 94612-3528

Mailing Address
Post Office Box 2079
Oakland, California 94604-2079
www.giccb.com

James R. Chiosso
1942-2001

Of Counsel
Eric H. Ivary

Phone 510.832.5411
Fax 510.832.1918
Contra Costa County
Phone 925.820.0335

July 12, 2010

Motors Liquidation Company
Attn.: Claims Team
2101 Cedar Springs Road, Suite 1100
Dallas, TX 75201
claims@motorsliquidation.com

Re:  In re Motors Liquidation Company, et al. ("Debtors")
     **Case No. 09-50026 (REG) – Capping Claim Letter**
     Our Client:  Maria Mercado
     Proof of Claim No.:  7001317
     Date of Accident:  July 18, 2008

To Whom It May Concern:

Please find a disc enclosed providing you with the medical records of Doctors Medical Center regarding the care and treatment of our client, Maria Mercado.

Should you have any questions or require further information do not hesitate to contact Steve Cavalli.

Very truly yours,

GWILLIAM, IVARY, CHIOSSO,
CAVALLI & BREWER

Linda Y. Lim
Senior Litigation Paralegal

LYL/fhs
Enclosure
111929