**Hearing Date: October 26, 2010**
**Hearing Time: 9:45 a.m. (prevailing eastern time)**
**Hearing Place: New York, N.Y.**
**Objection Deadline: October 20, 2010**
**At 4:00 p.m. (prevailing eastern time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| | **CASE NO. 09-50026(REG)** |
| **MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*** | **(Jointly Administered)** |
| **Debtors.** | |

**MOTION OF MOVANT IN THE ACTION ENTITLED *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES**.

Walter J. Lawrence ("Movant") in the action entitled ***WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, (the "Litigation")** as and for its motion (this "Motion") pursuant to 28 U.S.C. § 157( c )(1)

## JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157( c )(1) and 1334. This motion is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**THE UNITED STATES DISTRICT COURT, MIDDEL DISTRICT OF FLORIDA**

**PROCEEDINGS RELATIVE TO THIS MOTION**

1, On October 9, 2007, Movant commenced an action in the United States District Court, Middle District of Florida against Debtor in this action and General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation with the case assigned to the Honorable Senior Judge Wm. Terrell Hodges.

2. On June 1, 2009, Debtor General Motors Corp (hereinafter "Debtor") filed a Chapter 11 voluntary petitioner seeking bankruptcy protection in the United States Bankruptcy Court, Southern District of New York, being case

3. On June 10, 2009, Debtor sent a "NOTICE OF BANKRUPTCY" along with attached documents (exhibit "1"). The United States District Court Docket lists the Notice of Bankruptcy has having been filed with the United States District Court, Middle District of Florida as docket entry #93. ( docket entries, exhibit "2").

Debtor's "NOTICE OF BANKRUPTCY' dated June 10, 2009, provides that:

PLEASE TAKE NOTICE that, on June 1, 2009, (the "Commencement Date") General Motors Corporation and certain of its subsidiaries, filed a voluntary petitioner seeking bankruptcy protection under chapter 11 of title 11 of the United States Code (11 U.S.C § 101 et seq. ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy court"). The bankruptcy case has been assigned Case No. 09-50026 (REG). A copy of GM's chapter 11 petition is attached hereto as Exhibit A.

PLEASE BE ADVISED that, as of the Commencement Date, any new or further action against General Motors Corporation is stayed pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), which provides that the filing of the petitioner, among other things, "operates as a stay, applicable to all entities, of …commencement or continuation, including the issuance or employment pf process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…" and of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(1) &

362(a)(3).

4. Movant filed with this Court his Motion to Lift the Automatic Stay in order that Movant could continue prosecuting his case against Debtor in the United States District Court, Middle District of Florida. That motion was denied by this Court on November 24, 2009,(docket entry #4524, exhibit #3) and Movant appealed that order to the United States District Court, Southern District of New York. Most recently, Movant has filed a motion with the United States District Court, Southern District of New York requesting that Court to rule on Movant's pending appeal.

5. With the Automatic Stay in full force and effect, judge Hodges entered an Order on the 21st day of September, 2010, denying all relief to Movant. In the Order of the 21st day of September, 2010, contemnor judge Hodges stated that;

Pursuant to Defendant General Motor's Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motors Corporation and all further proceedings against General Motors corporation in this case are STAYED.

6. In contemnor Judge Hodges Order of September 21, 2010, ( exhibit "4") Judges Hodges has committed twenty-four (24) separate and distinct act of having criminally violated this Court automatic stay injunction:

a. The GM Plan is entitled to summary judgment in its favor with respect to Lawrence's claims relating to the recoupment of the $32,985.00;

b. The first sentence of item (1:) Plaintiff's Motion for Summary Judgment (Doc.51 is GRANTED as to Defendant General Motors Hourly-Rate Employees Pension Plan.

    c. The second sentence of item (1); The clerk is directed to enter judgment in favor of Defendant General Motors Hourly-Rate Employees Pension Plan and against Walter J. Lawrence as to all claims.

d. The third sentence of item (1): Defendant General Motors hourly-Rate Employees Pension Plan's request for attorney's fees and cost is denied.

e. Item (3), page #32: Plaintiff's Request for a Hearing on his Motion for Summary Judgment (Doc. 53 is DENIED AS MOOT.

f. Item (4) at page #32: Plaintiff' Renewed Motion to Strike Defendant's Affirmative Defense of Failure to Exhaust Administrative Remedies RE: Defendants' Answer to Plaintiff's Amended complaint (Doc. 65 is DENIED;

g. Item #5 at page #32" Plaintiff's Second Motion for Summary Judgment RE: Amended Complaint (Doc.68) is DENED as to Defendant General Motors hourly-Rate Employees Pension Plan'

h. Item #(6) at page #32; Plaintiff's Motion to Take Judicial Notice (Doc. 73) is DENIED.

i. Item #(7) at page #32; Defendant's Motion to Strike Plaintiff's Motion for the Court to Take Judicial notice (doc. 74) is DENIED AS MOOT;

J. Item #(8) at page #32; Plaintiff's Motion to reconsider Magistrate Judge's Order (Doc.76) is DENIED;

l/ Item #(9) at page #32; Plaintiff's Motion to Strike Defendants Affirmative

        Defense #6 (Doc. 79) is DENIED;

l. Item #(10) at page #32; Defendants' Motion to Strike Plaintiff's Motion for the Court to Strike defendant's Affirmative Defense (Doc. 80) is DENIED AS MOOT;

m. Item #(11) at page #32 before the conjunction and; Plaintiff's motion to Determine if the Statute of Limitations has Expired RE:IRS Notice of Levy Dated May 19, 1999, and Motion for Hearing (Doc. 81) are DENIED.

n, Item #(11) at page #32 after the conjunction and; Motion for Hearing (Doc. 81) are DENIED.

o. Item #(12) at page #33; Defendants Motion to Allow Their Counsel to Attend the Pre-trial Conference by Telephone (Doc. 82) is DENIED AS MOOT;

P. Item #(13) at page #33; Defendants' Motion to strike Plaintiff's Motion to Determine the Statute of Limitations RE: IRS Levy (Doc. 83) is DENIED AS MOOT;

Q. Item #(14) at page #33; Plaintiff's Motion to Sanction Defendant's for Defendants' Failure to Comply With Federal Rule of civil Procedure, Rule 26(a)(3) and This Court's Case management and Scheduling Order Entered on the 25th Day of February, 2008 (Doc.88) is DEMIED AS MOOT.

R. Item #(15) at page #33; Plaintiff's Motion to Recuse (Doc 90) is DENIED;

S. Item #(16) at page #33; Plaintiff's motion for the Court to rule on Plaintiff's Pending Motions (Doc. 92) is DENIED AS MOOT;

t. Item #(17) at page #33, second sentence; Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown.

u. Judge Hodges signature of his Order of September 21, 2010;

v. Copies to each of Counsel of record, and Maurya McSheehy, tow (2) separate and distinct acts

w. The use of the United States mail system to mail Judge Hodges order.

7. Rather than contemnor Judge Hodges committing twenty-four (24) separate and distinct acts of having criminally violated this Court automatic stay injunction, Judge Hodges should have done that which did and that was to file a Motion to Lift the Stay in order that Judge Hodges could continue with the then pending General Motors Corporation action. The Bankruptcy court denied Movants motion to lift the automatic saty. This was a court ordered signal to all that this Court would continue to maintain the automatic stay, a stat which barred the contemnor Judge Hodges from committing his twenty-four (24) separate and distinct acts of having criminally violated this Court

automatic stay injunction.

## BACKGROUND

### The Dispute Between Movant and the Debtor(s)

Movant is a former employee of Debtor having been employed with Debtor for nearly 31 years, retired on March1, 1993, from General Motors Corporation. Since that time, and as a former employee of debtor, Debtor has been under a legal obligation to Movant to pay to Movant monthly pension payments as provided for in the GM/UAW Pension Plan agreement. In the interest of brevity and the limited judicial and administrative resources of this Court, Movant includes with this motion and under separate cover copies of Movant's Amended Complaint, Motion for Summary Judgment.

The GM/UAW ERISA and IRC qualified pension plan payments has been in pay-out status since March 1, 1993, at which time Movant ceased being an employee of Debtor and became a retiree of Debtor. Starting with the pay-out on March 1, 2007, GM/UAW ERISA and IRC qualified pension plan payment, Debtor gained access to the GM/UAW ERISA and IRC qualified pension plan payment that was property of the estate. Up until the GM/UAW ERISA and IRC qualified pension plan payments was in pay-out status debtor could not gain access to these funds because they were locked up in the GM/UAW ERISA and IRC qualified pension plan. However, starting with May, 2007, Debtor starting executing on the funds that were in pay-out status, those funds were alienated by Debtor, funds that ceased being property of the estate in order to satisfy the debt referred to by Debtor in their letters to Movant of May 14,

2007.

**CONTEMNOR the Honorable Senior Judge Wm. Terrell Hodges, Now Stands In Nonsummary, Indirect Criminal Contempt of Court**

When United States District Court judge rendered his order of the 21st day of September, 2010, and M. Taylor, Deputy clerk rendered the Judgment on September 27, 2010, each entity engaged in the indirect, nonsummary criminal contempt of court of the automatic stay entered by United States Bankruptcy Court, Southern District of New York in case number **09-50026(REG). For example, in the case of United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856 (1993), the Court held that;**

It is well established that criminal contempt, at least the sort enforced through nonsummary proceedings, is "a crime in the ordinary sense." *Bloom, supra,* at 201, 88 S.Ct., at 1481. Accord, *New Orleans v. Steamship Co.,* 20 Wall. 387, 392, 22 L.Ed. 354 (1874).

We have held that constitutional protections for criminal defendants other than the double jeopardy provision apply in nonsummary criminal contempt prosecutions just as they do in other criminal prosecutions. See, *e.g., Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911) (presumption of innocence, proof beyond a reasonable doubt, and guarantee against self-incrimination); *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925) (notice of charges, assistance of counsel, and right to present a defense); *In re Oliver,* 333 U.S. 257, 278, 68 S.Ct. 499, 510, 92 L.Ed. 682 (1948) (public trial). We think it obvious, and today hold, that the protection of the Double Jeopardy Clause likewise attaches. Accord, *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) *(per curiam); Colombo v. New York,* 405 U.S. 9, 92 S.Ct. 756, 30 L.Ed.2d 762 (1972) *(per curiam).*

Similarly, in the case of in re Weiss, 703 F.2d 654 (CA2, 1983), the Second Circuit held that:

> Criminal contempts are governed by Fed.R.Crim.P. 42, which provides that if the contumacious conduct was not committed in the actual presence of the court, the alleged contemnor will be entitled to notice, a hearing, and, in certain instances, a jury trial.7 We have held that proceedings in civil contempt too must be accorded some of the safeguards provided by Fed.R.Crim.P. 42, see In re Sadin, 509 F.2d 1252, 1255 (2d Cir.1975), such

as notice and an opportunity to prepare a defense, In re Fula, 672 F.2d 279, 283 (2d Cir.1982); but the trial need not be by jury. In a criminal contempt proceeding, because criminal contempt "is a crime in the ordinary sense; ... a violation of the law, a public wrong," Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), and the sanction is designed to punish to a fixed degree, over which the contemnor is given no control, the government must establish its case beyond a reasonable doubt. See Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924); In re Williams, 509 F.2d 949, 960 (2d Cir.1975).

General Motors Corporation Notice of Bankruptcy filed with the United States District Court, Middle District of Florida on June 10, 2009 (Dkt. #93) and referred to by Judge Hodges in his Order of September 21, 2010 is clear and specific and leaves no uncertainty in the minds of those to whom it is addressed. For example, the Notice of Bankruptcy provides that;

> PLEASE BE ADVISED that, as of the Commencement Date, any new or further action against General Motors Corporation is stayed pursuant to section 362 of the Bankruptcy Code (the “Automatic Stay”), which provides that the filing of the petitioner, among other things, “operates as a stay, applicable to all entities, of …commencement or continuation, including the issuance or employment pf process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…” and of “any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate,” 11 U.S.C. § 362(a)(1) & 362(a)(3).

See *Hess v. New Jersey Transit Rail Operations, Inc*, 846 F.2d 114, 116 (CA2, 1988) (“Because criminal contempt is a crime, a public wrong punishable by fine or imprisonment or both, Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), In re Weiss, supra, 703 F.2d at 662, the requirement of certainty is

especially applicable to orders whose violation subjects the perpetrator to criminal contempt proceedings.

Pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), which provides that the filing of the petitioner, among other things, "operates as a stay, applicable to all entities, of …commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…".

In Carver v. Carver, 954 F.2d 1573 (CA11, 1992), cert. den. 506 U.S. 986, 113 S.C. 496, 121 L.Ed.2d 434 (1992), the Eleventh Circuit Court of Appeals held that "…the automatic stay is essentially a court-ordered injunction…" and "…any person or entity who violates the stay may be found in contempt of court." Id at 1578. In re Novak, 223 B.R. 3563, 367 (Bkrtcy M.D.Fla. 1997). As provided for in 11 U.S.C. 362(a)(3) and (a)(6) "all proceedings against the debtor or the debtors property are stayed during the pendence of the bankruptcy proceedings. Pereira v. First North American nat. Bank, 223 B.R. 1998 (N.D.Ga. 1998), quoting Carver v. Carver, id; Jove Engineering, Inc v. I.R.S. 92 F.3d 1539 (CA11, 1996), quoting Carver, id.

Most certainly, it is beyond question that Judge Hodges is an "entity" who had the knowledge, ability to comply with the automatic stay and then when he launched ahead full bore with entry of his Order of September 21, 2010, Contemnor Judge Hodges used his office and his Judicial Immunity to attempt to escape the criminal liability that he could have avoided and had the ability and power to avoid but he made a choice to commit his criminal act by entering

his order on September 21, 2010.

Movant will now state what he thinks why Contemnor Judge Judges made the choice to launch into his criminal act rather that attempt to seek and obtain relief from the automatic stay, Movant has an appeal pending before the United States District Court Southern District of New York. Judge Gerber, the Bankruptcy Judge in the Debtors' Bankruptcy case and Judge Holwell in appeal number 1:10-cv-00036.

Judge Hodges underlying reason for committing his criminal contempt of court of the Bankruptcy Court automatic stay was to attempt to lure Movant into the same criminal act. For example, if Movant would have either filed a Notice of Appeal to the Eleventh Circuit or filed a motion for reconsideration, Judge Hodges would have reported this criminal act to the United States Attorney's office for his/her consideration of prosecuting Movant for the criminal act of appealing the criminal act of Judge Hodges. In the meantime, the Eleventh Circuit Court of appeals would have denied Movant's appeal for the same reason that Judge Hodges should never have entered his September 21, 2010 order in the first place; it violates the automatic stay. However, rather than Movant taking the bait set out by Judge Hodges, Movant has commenced this proceeding. In addition, this document along with its exhibits will be delivered to the appropriate U.S. attorney's office for his/her consideration along with other authorities.

When Judge Hodges and his co-conspirators, M. Taylor, Deputy Clerk, United States District Court, and Middle District of Florida failed to comply with the Automatic Stay injunction they committed "a crime in the ordinary sense." *Bloom v. Illinois*, 391 U.S. 194,

202-204 (1968) ("criminal contempt is a crime in the ordinary sense") ("These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristics of crimes s that word has been understood in English speech. Gompers v. U.S. 233 U.S. 604, 610 (1914)"); *Young v. United States*, 481 U.S. 787, 795-96 (1987). ( "criminal contempt [is] 'a crime in the ordinary sense' and requires that the contemnor be afforded fundamental procedural safeguards."). However, those procedures for prosecuting a criminal contempt differ depending on whether the conduct constitutes direct or indirect contempt. *Id.* at 798. Direct criminal contempt consists of contumacious conduct committed in the presence of the court. Fed. R. Crim. P. 42(a). An indirect criminal contempt consists of contumacious conduct directed to the court but not committed in its presence. Chief Justice Burger has observed that indirect criminal contempt is "intentional obstructions of court proceedings that literally disrupted the progress of the trial and hence the orderly administration of justice," even if not delivered disrespectfully. *United States v. Wilson*, 421 U.S. 309, 315-16 (1975).

The initial distinction between direct and indirect criminal contempt, then, is whether the contumacious acts are committed before the court. A contempt is indirect when it occurs out of the presence of the court, thereby requiring the court to rely on the testimony of third parties for proof of the offense. It is direct when it occurs under the court's own eye and within its own hearing. *See Matter of Heathcock*, 696 F.2d 1362, 1365 (11th Cir. 1983); *United States v. Peterson*, 456 F.2d 1135, 1139 (10th Cir. 1972). The requirement that direct contempt be committed in the presence of the court does not limit direct

contempts to those which take place in the courtroom, but some degree of formality usually found in the courtroom setting must accompany an exercise of the judicial function for the proceedings to be in the actual presence of the court. *Matter of Jaffree*, 741 F.2d 133 (7th Cir. 1984). Direct contempt for conduct in the court's presence may be punished summarily. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902 (5th Cir. 1995).

A contempt is criminal when punishment by way of fine or imprisonment is deemed imperative to vindicate the authority of the court. In contrast, civil contempt is remedial rather than punitive, serves only the purpose of the party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance. *See Shillitani v. United States*, 384 U.S. 364, 368-70 (1966); *Nye v. United States*, 313 U.S. 33, 42 (1941); *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 442 (1911); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983); *In re Rumaker*, 646 F.2d 870 (5th Cir. 1980); *United States v. Powers*, 629 F.2d 619 (9th Cir. 1980); *United States v. North*, 621 F.2d 1255 (3d Cir. 1980), *cert. denied*, 449 U.S. 866 (1981); *Carlson Fuel Co. v. United Mine Workers*, 517 F.2d 1348, 1349 (4th Cir. 1975).

When a contempt action is not clearly specified as criminal or civil and a single order is entered granting both punitive and remedial relief, the criminal feature of the order is dominant and fixes its character for purposes of review. *See Penfield Co. v. SEC*, 330 U.S. 585, 591 (1947); *Union Tool Co. v. Wilson*, 259 U.S. 107, 110 (1922); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

While direct contempt can be dealt with summarily by the offended court, *In re Oliver*, 333 U.S. 257, 275 (1948); *Bloom v. Illinois*, 391 U.S. 194, 203-04 (1968), Fed.

R. Crim. P. 42(a); indirect contempt must be proved through the testimony of third parties or a contemnor. Moreover, the conduct giving rise to an indirect contempt does not "threaten[] a court's immediate ability to conduct its proceedings." *International Union, UMWA v. Bagwell*, 512 U.S. 821, 826 (1994). For that reason, indirect criminal contempt may not be punished summarily and "more normal adversary procedures" are required**.** *Young*, 481 U.S. at 798. In addition, if the contumacious conduct "involves disrespect to or criticism of a judge, that judge is disqualified from presiding," at the contempt hearing unless the accused consents**.** Fed. R. Crim. P. 42(b*).*

**Judges Hodges Contemptuous Act of violating the Automatic Stay Was Willful**

Judge Hodges memorialized his criminal contempt of court by willfully entering his order of September 21, 2010. Because willfulness is an essential element of criminal contempt, Judge Hodges can only be guilty of such a serious crime if his order is of sufficient clarity of the automatic stay to give him clear warning of what the automatic stay prohibited. *Doral Produce Corp. v. Steinberg*, 347 F.3d 36 (CA2, 2003) ("because willfulness is an essential element of criminal contempt, one may not be held in contempt for violation of a court order unless the order was of sufficient clarity to give the individual clear warning that the conduct is prohibited."). For example, at page #33, paragraph (17) of Judge Hodge's order of September 21, 2010, Judge Hodges held that:

> (17) Pursuant to Defendant General Motors Corporation's Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 3562, all claims against General Motors Corporation and all further proceedings against General Motors Corporation is this case are STAYED. Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause.

      IT IS SO ORDERED
DONE and ORDERED at Ocala, Florida this 21st day of September, 2010.
/s/ Wm. Terrell Hodges
UNITED STATES DISTRICT JUDGE

The Court of Appeals for the Eleventh Circuit, while acknowledging that the term "willfulness" varies depending upon the context, has held that "willfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc* 793 F.2d 1529, 1535, (CA11, 1986; see Jove Engineering, Inc. I.R.S., 92 F.23d 1539, 1555 (CA11, 1996). Other Circuit Courts have found a "willful" violation of the automatic stay when the violator knew of the stay and intentionally committed the violative act. Regardless of any specific intent to violate the stay. See *Price v. United States,* 42 F.3d 1068, 1071, (CA7, 1994) cited with approval in Jove Engineering, 92 F.3d at 1555; *Citizens Bank v. Strumpf* (*In re Strumpf,* 37 F.3d 155, 159 (CA4, 1994), rev'd on other grounds, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995).

Here, Judge Hodges has given fair notice that he had clear knowledge of this Bankruptcy Court's automatic stay. *Doral Produce Corp. v. Steinberg,* 347 F.3d 36 (CA2, 2003) ("An individual must have fair notice of the Court's commands before being punished for failing to comply. Criminal contempt is punishable only when it is 'willful', United States v. Lynch, 162 F.23d 732, 734 n.2 (2d Cir, 1998), that is, where it is committed with a 'specific intent to consciously disregard an order of the Court' or where

[Judge Hodges] knows or should reasonably be aware' he or she is in the wrong, id at 735.").

Actions Taken by Judge Hodges in Violation of This court' Automatic Stay Are Void and Without Effect. *Borg-Warner Acceptance Corp v. Hall* (CA11, 1982) ("Actions taken in violation of the automatic stay are void and without effect. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed.370 (1940); In re Albany, Ltd. 749 F.2d 670 (CA11, ) ("'"It is true that acts taken in violation of the automatic stay are generally deemed void and without effect,"), citing Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed.370 (1940); Eastern Refractories co. Inc., Firty Eight Insulations, Inc. 157 F.3d 169 (CA2, 1998) ("The district court relied on our rule that the automatic stay 'is effective immediately upon the filing of the petitioner, and any proceeding or actions describe in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.", and cases cited; Caribbean Food Products, Inc. v. Banco Credito v. Ahorro Ponceno, 575 F.2d 961 (CA1, 1978) (turnover of accounts collected in violation of stay); Zestee foods, Inc, Phillips Foods Corp. 536 F2d. 334 (CA10, 1976); Meyer v. Rowen, 181 F.2d 715 (CA10, 1950); Potts v. Potts 142 F.2d 883 (CA6, 19440, cert. denied, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945)."); In re Silverman, 454 B.R. 892, 897 (S.D.N.Y, Jan 30, 1985); In re Striblin, 349 B.R. 301, 303 (Bkrtcy M.D. Fla. 2006) ("Actions taken in violation of the automatic stay are void and without effect," quoting from *Borg-Warner Acceptance Corp v. Hall* (CA11, 1982). Here, Judge Hodges being a learned scholar that he is and being a United States District Court Judge for many years and with full prior knowledge of the automatic stay that went into effect immediately when General Motors Corporation filed its

Bankruptcy on June 1, 2010 and General Motors having given Judge Hodges written notice of the pending bankruptcy case should have done what Movant did and that was to file a motion with this Court to lift the automatic stay regarding the exact same came case that Judged Hodges rendered his Order of September 21, 2010.

Finally, civil contempt consists of contumacious conduct which results in detriment to another party in a civil proceeding. "[T]he paradigmatic civil contempt sanction is coercive, designed to exact compliance with a prior court order," *United States v. Perry*, 116 F.3d 952, 954 (1st Cir. 1997), in which correction usually takes the form of granting appropriate relief to the injured party. By contrast, punishment for criminal contempt is imposed to vindicate the court's dignity.

After viewing the record, it is clear to Movant that Judge Hodges and his co-conspirator, M. Taylor had full knowledge of the Automatic Stay; Judge Hodges reference to the same in his Order of September 21, 2010 confirms this knowledge.

WHEREFORE, for the foregoing, Movant respectfully requests that this Court certify the facts of indirect, nonsummary criminal contempt of court rather than this Court making proposed findings of guilt for District Court review. Further, that this Court send a copy of this Court’s automatic stay order and Movant’s motion to the appropriate United States attorney to serve as a request to initiate a prosecution of Judge Hodge, and his co-conspirator, M. Taylor under 18 U.S.C. 401(3).

By:_________________________________

Walter J. Lawrence

                Movant in pro per

**Certificate of Service**

THIS IS TO CERTIFY THAT , that on October 6, 2010, Walter J. Lawrence did place a copy of **MOTION OF MOVANT IN THE ACTION ENTITLED *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION,* 5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIS CRIMINAL CHARGE** in a U.S. mail receptacle with U.S. postage first being fully prepaid for first class U.S. with the addresses being:

**Counsel for GM**

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Attn: Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.