

**Hearing Date: October 26, 2010**
**Hearing Time: 9:45 a.m. (prevailing eastern time)**
**Hearing Place: New York, N.Y.**
**Objection Deadline: October 20, 2010**
**At 4:00 p.m. (prevailing eastern time)**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

IN RE: CHAPTER 11
CASE NO. 09-50026(REG)
MOTORS LIQUIDATION COMPANY, *et al.*, (Jointly Administered)
f/k/a General Motors Corp., *et al.*
Debtors.

**INDEX OF EXHIBIT RE: MOTION OF MOVANT IN THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:07-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES.

1. General Motors Corporation Notice of Bankruptcy filed in the **THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:07-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

2. United States District Court docket sheet in the **THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:07-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA

3. **Judge Gerber Order entered on November 24, 2009**

4. **Judge Hodges Order rendered on September 21, 2010**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

        Plaintiff,

vs.

Case No. 5:07-CV-408 OC

Hon. William Terrell Hodges

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, and
GENERAL MOTORS CORPORATION,

Magistrate Judge Gary R. Jones

        Defendants.

_____/

Walter J. Lawrence, In Pro Per
3101 SW 34th Avenue, # 905
Ocala, Florida 34474

David M. Davis (MI Bar No. P24006)
Attorney for Defendants
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

Cynthia L. May (0029297)
Co-Counsel for Defendants
Greenberg Taurig, P.A.
625 E. Twiggs Street, Ste. 100
Tampa, FL 33602
Telephone: (813) 318-5700

_____/

## NOTICE OF BANKRUPTCY

PLEASE TAKE NOTICE that, on June 1, 2009, (the "Commencement Date"), General

Motors Corporation and certain of its subsidiaries, filed a voluntary petition seeking bankruptcy

protection under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*) (

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York

("Bankruptcy Court"). The bankruptcy case has been assigned Case No. 09-50026 (REG). A copy

of GM's chapter 11 petition is attached hereto as Exhibit A.

PLEASE BE ADVISED that, as of the Commencement Date, any new or further action

against General Motors Corporation is stayed pursuant to section 362 of the Bankruptcy Code (the

"Automatic Stay"), which provides that the filing of the petition, among other things, "operates as

a stay, applicable to all entities, of…the commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, or other action or proceeding against the debtor

that was or could have been commenced before the commencement of the case under this title, or

to recover a claim against the debtor that arose before the commencement of the case under this title

…." and of "any act to obtain possession of property of the estate or of property from the estate or

to exercise control over property of the estate." 11 U.S.C. § 362(a)(1) & 362(a)(3).

PLEASE BE FURTHER ADVISED that any action taken against General Motors

Corporation without obtaining relief from the Automatic Stay from the Bankruptcy Court may be

void ab initio and may result in a finding of contempt against Plaintiffs. General Motors Corporation

reserves and retains its statutory right to seek relief in the Bankruptcy Court from any judgment,

order, or ruling entered in violation of the Automatic Stay.

Respectfully submitted,

s/David M. Davis
David M. Davis (P24006)
Attorney for Defendants - Appellees
401 South Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

Dated: June 10, 2009

- 2 -

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

        Plaintiff,

                                Case No. 5:07-CV-408 OC

vs.

                                Hon. William Terrell Hodges

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, and           Magistrate Judge Gary R. Jones
GENERAL MOTORS CORPORATION,

        Defendants.

_____/

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN      )
                     ) SS:
COUNTY OF OAKLAND    )

     I HEREBY CERTIFY that on March 3, 2009, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to the following non-CM/ECF

participant: Walter J. Lawrence, #162, 3101 S.W. 34th Avenue, #90 Ocala, FL  34474.

                            s/David M. Davis
                            David M. Davis (P24006)
                            Attorney for Defendants
                            Hardy, Lewis & Page, P.C.
                            401 South Old Woodward Avenue
                            Ste. 400
                            Birmingham, Michigan 48009
                            Telephone: (248) 645-0800
                            E-mail: dmd@hardylewis.com

Dated: June 10, 2009
00216050.WPD

- 3 -

# EXHIBIT A

(Official Form 1) (1/08)                                                                 Page 1 of 24

| United States Bankruptcy Court<br>**Southern District of New York** | | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**GENERAL MOTORS CORPORATION** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule 1 Attached** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if<br>more than one, state all):<br>**38-0572515** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more<br>than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**300 Renaissance Center**<br><br>**Detroit, Michigan**                    ZIP CODE **48265-3000** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**<br><br>                    ZIP CODE |
| County of Residence or of the Principal Place of Business: **Wayne County** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>                    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**<br>                    ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above):<br>**767 Fifth Avenue, New York, New York**                    ZIP CODE **10153** |
|---|

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above<br>entities, check this box and state type of<br>entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other<br>**Automotive Manufacturing** | ☐ Chapter 7          ☐ Chapter 15 Petition for Recognition of a Foreign<br>☐ Chapter 9                Main Proceeding<br>☒ Chapter 11       ☐ Chapter 15 Petition for Recognition of a Foreign<br>☐ Chapter 12               Nonmain Proceeding<br>☐ Chapter 13 |

| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts (Check one box.)<br>☐ Debts are primarily consumer       ☒ Debts are primarily business<br>debts, defined in 11 U.S.C. §            debts.<br>101(8) as "incurred by an<br>individual primarily for a personal,<br>family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only)<br>Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee<br>except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for<br>the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of<br>creditors, in accordance with 11 U.S.C. § 1126(B). |

| Statistical/Administrative Information<br>☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE<br>ONLY |
|---|---|

Estimated Number of Creditors (on a Consolidated Basis)

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☐<br>200-999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☒<br>Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a Consolidated Basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a Consolidated Basis)

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☒<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

FORM B1, Page 2

| (Official Form 1) (1/08) | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**GENERAL MOTORS CORPORATION** |

| All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  **N/A** | Case Number:<br>**N/A** | Date Filed:<br>**N/A** |
| Location<br>Where Filed:  **N/A** | Case Number:<br>**N/A** | Date Filed:<br>**N/A** |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of<br>Debtor:  **Chevrolet-Saturn of Harlem, Inc.** | Case Number:<br>**As filed** | Date Filed:<br>**June 1, 2009** |
| District:<br>**Southern District of New York** | Relationship:<br>**Wholly-Owned Direct Subsidiary of General Motors Corporation** | Judge:<br>**Undetermined** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b). |
| ☒  Exhibit A is attached and made a part of this petition. | X _____   _____<br> Signature of Attorney for Debtor(s)          Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Official Form 1) (1/08) | FORM B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>**GENERAL MOTORS CORPORATION** |

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
   Signature of Debtor

X_____
   Signature of Joint Debtor

_____
   Telephone Number (if not represented by attorney)

_____
   Date

---

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

x /s/ Stephen Karotkin
_____
Signature of Attorney for Debtor(s)

Stephen Karotkin
_____
Printed Name of Attorney for Debtor(s)

Weil, Gotshal & Manges LLP
_____
Firm Name

767 Fifth Avenue
_____
Address

New York, New York 10153
_____

(212) 310-8000
_____
Telephone Number

June 1, 2009
_____

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

x_____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

| **Signature of Debtor (Corporation/Partnership)** |
|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

x /s/ Frederick A. Henderson
_____
Signature of Authorized Individual

Frederick A. Henderson
_____
Printed Name of Authorized Individual

President and Chief Executive Officer
_____
Title of Authorized Individual

June 1, 2009
_____
Date

**Schedule 1**

**All Other Names Used By the Debtor in the Last 8 Years**

1. GMC Truck Division
2. NAO Fleet Operations
3. GM Corporation
4. GM Corporation-GM Auction Department
5. National Car Rental
6. National Car Sales
7. Automotive Market Research

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------x
In re                              :
                                   :      Chapter 11 Case No.
                                   :
GENERAL MOTORS CORPORATION,        :      09-_____ (    )
                                   :
                                   :
            Debtor.                :
-----------------------------------------------------x
```

### CONSOLIDATED LIST OF CREDITORS
### HOLDING 50 LARGEST UNSECURED CLAIMS[1]

       Following is the consolidated list of the creditors of General Motors Corporation and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), holding the 50 largest noncontingent unsecured claims as of May 31, 2009.

       Except as set forth above, this list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Rules of Bankruptcy Procedure. This list does not include persons who come within the definition of "insider" set forth in section 101(31) of chapter 11 of title 11 of the United States Code.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this Schedule.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 1. Wilmington Trust Company<br><br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890<br>United States | Attn: Geoffrey J. Lewis<br><br>Phone: (302) 636-6438<br>Fax: (302) 636-4145<br><br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890<br>United States | Bond Debt | | $22,759,871,912[1] |
| 2. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)<br><br>8000 East Jefferson<br>Detroit, MI 48214<br>United States | Attn: Ron Gettlefinger<br><br>Phone: (313) 926-5201<br>Fax: (313) 331-4957<br><br>8000 East Jefferson<br>Detroit, MI 48214<br>United States | Employee Obligations | | $20,560,000,000[2] |
| 3. Deutsche Bank AG, London As Fiscal Agent<br><br>Theodor-Heuss-Allee 70<br>Frankfurt, 60262<br>Germany | Attn: Stuart Harding<br><br>Phone:(44) 207 547 3533<br>Fax: (44) 207 547 6149<br><br>Winchester House<br>1 Great Winchester Street<br>London EC2N 2DB<br>England | Bond Debt | | $4,444,050,000[3] |

---

[1]    This amount consolidates Wilmington Trust Company's claims as indenture trustee under the indentures, dated December 7, 1995 ($21,435,281,912) and November 15, 1990 ($1,324,590,000).

[2]    This liability is estimated as the net present value at a 9% discount rate of future contributions, as of January 1, 2009, and excludes approximately $9.4 billion corresponding to the GM Internal VEBA.

[3]    The amount includes outstanding bond debt of $4,444,050,000, based on the Eurodollar exchange rates of $1.39.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 4.  International Union of Electrical, Electrical, Salaried, Machine and Furniture Workers – Communications Workers of America (IUE-CWA)<br><br>3461 Office Park Drive Kettering, OH 45439 United States | Attn: Mr. James Clark<br><br>Phone: (937) 294-9764 Fax: (937) 298-633<br><br><br>2701 Dryden Road Dayton, OH 45439 United States | Employee Obligations |  | $2,668,600,000[4] |
| 5.  Bank of New York Mellon<br><br><br>One Wall Street New York, NY 10286 United States | Attn: Gregory Kinder<br><br>Phone: (212) 815-2576 Fax: (212) 815-5595<br><br>Global Corporate Trust, 101 Barclay, 7W New York, NY 10286 United States | Bond Debt |  | $175,976,800 |
| 6.  Starcom Mediavest Group, Inc.<br><br><br>35 W. Wacker Drive Chicago, IL 60601 United States | Attn: Laura Desmond<br><br>Phone: (312) 220-3550 Fax: (312) 220-6530<br><br>35 W. Wacker Drive Chicago, IL 60601 United States | Trade Debt |  | $121,543,017 |
| 7.  Delphi Corp.<br><br><br>5725 Delphi Drive Troy, MI 48098 United States | Attn: Rodney O'Neal<br><br>Phone: (248) 813-2557 Fax: (248) 813-2560<br><br>5725 Delphi Drive Troy, MI 48098 United States | Trade Debt |  | $110,876,324 |

---

[4]     This liability estimated as the net present value at a 9% discount rate.

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 8.   Robert Bosch GmbH<br><br><br><br>38000 Hills Tech Drive<br>Farmington Hills, MI 48331<br>United States | Attn: Franz Fehrenbach<br><br>Phone: (49 71) 1 811-6220<br>Fax: (49 71) 1 811-6454<br><br>Robert-Bosch-Platz 1 / 70839<br>Gerlingen-Schillerhoehe,<br>Germany | Trade Debt | | $66,245,958 |
| 9.   Lear Corp.<br><br><br><br>21557 Telegraph Road<br>Southfield, MI 48033<br>United States | Attn: Robert Rossiter<br><br>Phone: (248) 447-1505<br>Fax: (248) 447-1524<br><br>21557 Telegraph Road<br>Southfield, MI 48033<br>United States | Trade Debt | | $44,813,396 |
| 10.   Renco Group, Inc.<br><br><br><br>1 Rockefeller Plaza,<br>29th Floor<br>New York, NY 10020<br>United States | Attn: Lon Offenbacher<br><br>Phone:  (248) 655-8920<br>Fax: (248) 655-8903<br><br>1401 Crooks Road<br>Troy, MI 48084<br>United States | Trade Debt | | $37,332,506 |
| 11.   Enterprise Rent A Car<br><br><br><br>6929 N Lakewood Ave<br>Suite 100<br>Tulsa, OK 74117<br>United States | Attn: Greg Stubblefiled<br><br>Phone: (314) 512 3226<br>Fax: (314) 512 4230<br><br>600 Corporate Park Drive<br>St. Louis, MO 63105<br>United States | Trade Debt | | $33,095,987 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 12. Johnson Controls, Inc.<br><br>5757 N. Green Bay Avenue<br>Glendale, WI 53209<br>United States | Attn: Stephen A. Roell<br><br>Phone: (414)-524-2223<br>Fax: (414)-524-3000<br><br>5757 N. Green Bay Avenue<br>Milwaukee, WI 53201<br>United States | Trade Debt | | $32,830,356 |
| 13. Denso Corp.<br><br>24777 Denso Drive<br>Southfield, MI 48086<br>United States | Attn: Haruya Maruyama<br><br>Phone: (248) 350-7500<br>Fax: (248) 213-2474<br><br>24777 Denso Drive<br>Southfield, MI 48086<br>United States | Trade Debt | | $29,229,047 |
| 14. TRW Automotive Holdings, Corp.<br><br>12025 Tech Center Dr.<br>Livonia, MI 48150<br>United States | Attn: John Plant<br><br>Phone: (734) 855-2660<br>Fax: (734) 855-2473<br><br>12001 Tech Center Drive<br>Livonia, MI 48150<br>United States | Trade Debt | | $27,516,189 |
| 15. Magna International, Inc.<br><br>337 Magna Drive<br>Aurora, ON L4G 7K1<br>Canada | Attn: Don Walker<br><br>Phone: (905) 726-7040<br>Fax: (905) 726-2593<br><br>337 Magna Drive<br>Aurora, ON L4G 7K1<br>Canada | Trade Debt | | $26,745,489 |
| 16. American Axle & Mfg Holdings, Inc.<br><br>One Dauch Drive<br>Detroit, MI 48211-1198<br>United States | Attn: Richard Dauch<br><br>Phone: (313) 758-4213<br>Fax: (313) 758-4212<br><br>One Dauch Drive<br>Detroit, MI 48211<br>United States | Trade Debt | | $26,735,957 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 17.  Maritz Inc.<br><br>1375 North Highway Drive<br>Fenton, MO 63099<br>United States | Attn: Steve Maritz<br><br>Phone: (636) 827-4700<br>Fax: (636) 827-2089<br><br>1375 North Highway Drive<br>Fenton, MO 63099<br>United States | Trade Debt | | $25,649,158 |
| 18.  Publicis Groupe S.A.<br><br>133 Ave des Champs Elysees<br>Paris, 75008<br>France | Attn: Maurice Levy<br><br>Phone: (33 01) 4 443-7000<br>Fax: (33 01) 4 443-7550<br><br>133 Ave des Champs-Elysees<br>Paris, 75008<br>France | Trade Debt | | $25,282,766 |
| 19.  Hewlett Packard Co.<br><br>3000 Hanover Street<br>Palo Alto, CA 94304<br>United States | Attn: Mike Nefkens<br><br>Phone: (313) 230 6800<br>Fax: (313) 230 5705<br><br>500 Renaissance Center,<br>MC:20A Detroit, MI 48243<br>United States | Trade Debt | | $17,012,332 |
| 20.  Interpublic Group of Companies, Inc.<br><br>1114 Avenue of the Americas<br>New York, NY 10036<br>United States | Attn: Michael Roth<br><br>Phone:  (212) 704-1446<br>Fax: (212) 704.2270<br><br>1114 Avenue of the Americas<br>New York, NY 10036<br>United States | Trade Debt | | $15,998,270 |
| 21.  Continental AG<br><br>Vahrenwalder Str. 9<br>D-30165 Hanover,<br>Germany | Attn: Karl-Thomas<br><br>Phone: 49-69-7603-2888<br>Fax: 49-69-7603-3800<br><br>Guerickestrasse 7, 60488<br>Frankfurt 60488<br>Germany | Trade Debt | | $15,539,456 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 22. Tenneco Inc.<br><br>500 North Field Drive<br>Lake Forest, IL 60045<br>United States | Attn: Gregg Sherrill<br><br>Phone: (847) 482-5010<br>Fax: (847) 482-5030<br><br>500 North Field Drive<br>Lake Forest, IL 60045<br>United States | Trade Debt | | $14,837,427 |
| 23. Yazaki Corp.<br><br>6801 Haggerty Road<br>Canton, MI 48187<br>United States | Attn: George Perry<br><br>Phone: (734) 983-5186<br>Fax: (734) 983-5197<br><br>6801 Haggerty Road, 48E<br>Canton, MI 48187<br>United States | Trade Debt | | $13,726,367 |
| 24. International Automotive Components<br><br>5300 Auto Club Drive<br>Dearborn, MI 48126<br>United States | Attn: James Kamsickas<br><br>Phone: (313) 253-5208<br>Fax: (313) 240-3270<br><br>5300 Auto Club Drive<br>Dearborn, MI 48126<br>United States | Trade Debt | | $12,083,279 |
| 25. Avis Rental Car<br><br>6 Sylvan Way<br>Parsippany, NJ 07054<br>United States | Attn: Robert Salerno<br><br>Phone: (973) 496-3514<br>Fax: (212) 413-1924<br><br>6 Sylvan Way<br>Parsippany, NJ 07054<br>United States | Trade Debt | | $12,040,768 |
| 26. FMR Corp.<br><br>82 Devonshire St<br>Boston, MA 02109<br>United States | Attn: Robert J. Chersi<br><br>Phone: (617)563-6611<br>Fax: (617) 598-9449<br><br>82 Devonshire St<br>Boston, MA 02109<br>United States | Trade Debt | | $11,980,946 |

09-50026-mg    Doc 7369-1    Filed 10/12/10    Entered 10/15/10 15:55:10    Exhibit 1-4
Pg 17 of 81

Case 5:07-cv-00408-WTH-KRS    Document 93    Filed 06/10/09    Page 16 of 28
09-50026    Doc 1    Filed 06/01/09    Entered 06/01/09 07:57:51    Main Document    Pg
12 of 24

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 27.  AT&T Corp.<br><br><br>208 South Akard Street<br>Dallas, TX 75202<br>United States | Attn: Richard G. Lindner<br><br>Phone: (214) 757-3202<br>Fax: (214) 746-2102<br><br><br>208 South Akard Street<br>Dallas, TX 75202<br>United States | Trade Debt | | $10,726,376 |
| 28.  Union Pacific Corp.<br><br><br>1400 Douglas Street<br>Omaha, NE 68179<br>United States | Attn: Robert M. Knight, Jr.<br><br>Phone: (402) 544-3295<br>Fax: (402) 501-2121<br><br><br>1400 Douglas Street<br>Omaha, NE 68179<br>United States | Trade Debt | | $10,620,928 |
| 29.  Warburg E M Pincus & Co., Inc.<br><br><br>466 Lexington Ave<br>New York, NY 10017<br>United States | Attn: Joseph P. Landy<br><br>Phone:  (212) 878-0600<br>Fax:  (212) 878-9351<br><br><br>466 Lexington Ave<br>New York, NY 10017<br>United States | Trade Debt | | $10,054,189 |
| 30.  Visteon Corp.<br><br><br>One Village Center Drive<br>Van Buren Township,<br>MI 48111<br>United States | Attn: Donald J. Stebbins<br><br>Phone: (734) 710-7400<br>Fax: (734) 710-7402<br><br><br>One Village Center Drive<br>Van Buren Twp., MI 48111<br>United States | Trade Debt | | $9,841,774 |
| 31.  US Steel<br><br><br>600 Grant Street Room 1344<br>Pittsburgh, PA 15219<br>United States | Attn: John Surma<br><br>Phone: (412) 433-1146<br>Fax: (412) 433-1109<br><br><br>600 Grant Street<br>Room 1344<br>Pittsburgh, PA 15219<br>United States | Trade Debt | | $9,587,431 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 32.  Arcelor Mittal<br><br>19, Avenue De La Liberte<br>Luxembourg, L-2930<br>Luxembourg | Attn: Lakshmi Mittal<br><br>Phone: 44 20 7543 1131<br>Fax: (44 20) 7 629-7993<br><br>Berkley Square House, 7th Floor Berkley Square House<br>London, England W1J6DA | Trade Debt | | $9,549,212 |
| 33.  AK Steel Holding, Corp.<br><br>9227 Centre Pointe Drive<br>Westchester, OH 45069<br>United States | Attn: Jim Wainscott<br><br>Phone: (513) 425-5412<br>Fax: (513) 425-5815<br><br>9227 Centre Pointe Drive<br>Westchester, OH 45069<br>United States | Trade Debt | | $9,116,371 |
| 34.  CSX Corp.<br><br>500 Water Street, 15th Floor<br>Jacksonville, FL 32202<br>United States | Attn: Oscar Muñoz<br><br>Phone: (904) 359-1329<br>Fax: (904) 359-1859<br><br>500 Water Street, 15th Floor<br>Jacksonville, FL 32202<br>United States | Trade Debt | | $8,884,846 |
| 35.  Hertz Corporation<br><br>14501 Hertz Quail Springs Parkway<br>Oklahoma City, OK 73134<br>United States | Attn: .Elyse Douglas<br><br>Phone: (201) 450-2292<br>Fax: (866) 444-4763<br><br>225 Brae Boulevard Park Ridge, NJ 07656<br>United States | Trade Debt | | $8,710,291 |

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 36.  Alpha S.A. de C.V.<br><br><br><br>Ave. Gómez Morín No. 1111 Sur Col. Carrizalejo San Pedro Garza García, N. L. C.P. 66254 Mexico | Attn: Manuel Rivera<br><br>Phone: (52 81) 8 748 1264<br>Fax: (52 81) 8 748-1254<br><br>Ave. Gómez Morín No. 1111 Sur Col. Carrizalejo San Pedro Garza García, N. L. C.P. 66254 Mexico | Trade Debt | | $8,209,133 |
| 37.  Voith AG<br><br><br><br>2200 N. Roemer Rd Appleton, WI United States | Attn: Hubert Lienhard<br><br>Phone: 49 7321 372301<br><br>St. Poltener Strasse 43 Heidenheim, D-89522 Germany | Trade Debt | | $7,146,187 |
| 38.  Goodyear Tire & Rubber Co.<br><br><br><br>1144 E Market St Akron, OH 44316-0001 United States | Attn: Robert Keegan<br><br>Phone: (330) 796-1145<br>Fax: (330) 796-2108<br><br>1144 East Market Street Akron, OH 44316-0001 United States | Trade Debt | | $6,807,312 |
| 39.  Manufacturers Equipment & Supply Co.<br><br><br><br>2401 Lapeer Rd Flint, MI 48503-4350 United States | Attn: Greg M. Gruizenga<br><br><br>Phone: (800) 373-2173<br>Fax: (810) 239-5360<br><br>2401 Lapeer Rd Flint, MI 48503 United States | Trade Debt | | $6,695,777 |
| 40.  Severstal O A O<br><br><br><br>4661 Rotunda Drive P.O. Box 1699 Dearborn, MI 48120 United States | Attn: Gregory Mason<br><br>Phone: (313) 317-1243<br>Fax: (313) 337-9373<br><br>14661 Rotunda Drive, P.O. Box 1699 Dearborn, MI 48120 United States | Trade Debt | | $6,687,993 |

09-50026-mg    Doc 7369-1    Filed 10/12/10    Entered 10/15/10 15:55:10    Exhibit 1-4
Pg 20 of 81

Case 5:07-cv-00408-WTH-KRS    Document 93    Filed 06/10/09    Page 19 of 28
09-50026    Doc 1    Filed 06/01/09    Entered 06/01/09 07:57:51    Main Document    Pg
15 of 24

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 41.  Exxon Mobil Corp.<br><br><br><br><br>5959 Las Colinas Boulevard<br>Irving, TX 75039<br>United States | Attn: James P. Hennessy<br><br>Phone: (703) 846-7340<br>Fax: (703) 846-6903<br><br><br>3225 Gallows Road<br>Fairfax, VA 22037<br>United States | Trade Debt | | $6,248,959 |
| 42.  Hitachi Ltd.<br><br><br><br><br>955 Warwick Road<br>P.O. Box 510<br>Harrodsburg, KY 40330<br>United States | Attn: Yasuhiko Honda<br><br>Phone: (81 34) 564-5549<br>Fax: (81 34) 564-3415<br><br><br>Akihabara Daibiru Building 18-13, Soto-Kanda, 1-Chome<br>Chiyoda-Ku, Tokyo, 101-8608<br>Japan | Trade Debt | | $6,168,651 |
| 43.  Mando Corp.<br><br><br><br><br>4201 Northpark Drive<br>Opelika, AL 36801<br>United States | Attn: Zung Su Byun<br><br>Phone: (82 31) 680-6114<br>Fax: (82 31) 681-6921<br><br><br>343-1, Manho-Ri ,Poseung-Myon, Pyongtaek Kyonggi,<br>South Korea, Korea | Trade Debt | | $5,459,945 |
| 44.  General Physics Corp.<br><br><br><br><br>1500 W. Big Beaver Rd.<br>Troy, MI 48084<br>United States | Attn: Sharon Esposito Mayer<br><br>Phone: (410) 379-3600<br>Fax: (410) 540-5302<br><br><br>6095 Marshalee Drive, St. 300<br>Elkridge, MD 21075<br>United States | Trade Debt | | $5,208,070 |
| 45.  Sun Capital Partners, Inc.<br><br><br><br><br>5200 Town Center Circle, Suite 600<br>Boca Raton, FL 33486<br>United States | Attn: Mr. Kevin<br><br>Phone: (561) 948-7514<br>Fax: (561) 394-0540<br><br><br>5200 Town Center Circle, Suite 600 Boca Raton, FL 33486<br>United States | Trade Debt | | $4,747,353 |

| Name of creditor and complete mailing code including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| 46.  Jones Lang Lasalle, Inc.<br><br><br><br>200 East Randolph Drive<br>Chicago, IL 60601<br>United States | Attn: Colin Dyer<br><br>Phone: (312) 228-2004<br>Fax: (312) 601-1000<br><br><br>200 East Randolph Drive<br>Chicago, IL 60601<br>United States | Trade Debt | | $4,651,141 |
| 47.  McCann Erickson<br><br><br><br>238 11 Avenue, SE<br>Calgary, Alberta T2G OX8<br>Canada | Attn: Gary Lee<br><br>Phone: (646) 865 2606<br>Fax: (646) 865 8694<br><br>622 3rd Avenue<br>New York, NY 10017<br>United States | Trade Debt | | $4,603,457 |
| 48.  Flex-N-Gate Corp.<br><br><br><br>1306 East University Ave.<br>Urbana, IL 61802<br>United States | Attn: Shahid Khan<br><br>Phone: (217) 278-2618<br>Fax: (217) 278-2318<br><br>1306 East University<br>Urbana, IL 61802<br>United States | Trade Debt | | $4,490,775 |
| 49.  Bridgestone Corp.<br><br><br><br>535 Marriott Drive<br>Nashville, TN 37214<br>United States | Attn: Shoshi Arakawa<br><br>Phone: (81 33) 567 0111<br>Fax: (81 33) 567 9816<br><br>10-1 Kyobashi 1-chome Chuo-ku, Tokyo, Japan 104<br>Japan | Trade Debt | | $4,422,763 |
| 50.  Cap Gemini America Inc<br><br><br><br>623 Fifth Avenue, 33rd Floor<br>New York, NY 10022<br>United States | Attn: Thierry Delaporte        $4,415,936<br><br>Phone: (212) 314-8327<br>Fax: (212) 314-8018<br><br>623 Fifth Avenue, 33rd Floor<br>New York, NY 10022<br>United States | Trade Debt | | $4,415,936 |

**DECLARATION UNDER PENALTY OF PERJURY:**

      I, the undersigned authorized officer of the corporation named as Debtor in this case, declare under penalty of perjury that I have reviewed the foregoing Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that the list is true and correct to the best of my information and belief.

Dated: June 1, 2009

                              /s/ Frederick A. Henderson
                              Signature

                              NAME:  Frederick A. Henderson

                              TITLE:  President and Chief Executive Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x
:
In re                                           :          Chapter 11 Case No.
:
**GENERAL MOTORS CORPORATION,**                 :          09-_____ (___)
:
Debtor.                                :
:
------------------------------------------------x

## EXHIBIT "A" TO VOLUNTARY PETITION

1. The debtor's securities are registered under Section 12 of the Securities and Exchange Act of 1934, and the SEC file number is 1-143.

2. The following financial data is the latest available information and refers to the debtor's condition on March 31, 2009.

   a. Total assets on a consolidated basis:_____ $82,290,000,000 _____

   b. Total debts on a consolidated basis (including debts listed in 2.c., below):_____
      $172,810,000,000

|  |  |  |  |  | Approximate number of holders. |
|---|---|---|---|---|---|
| c. | Debt securities held by more than 500 holders. | | | | |
| | secured ☐ | unsecured ☒ | subordinated ☐ | $21,694,000,000[1] | Greater than 500 |
| | secured ☐ | unsecured ☒ | subordinated ☐ | $3,221,000,000[2] | Greater than 500 |
| | secured ☐ | unsecured ☒ | subordinated ☐ | $1,388,000,000[3] | Greater than 500 |

   d. Number of shares of preferred stock:_____ 6,000,000 shares authorized; no shares issued and outstanding. _____

---

[1] Issued pursuant to Senior Indenture, dated as of December 7, 1995.

[2] Issued pursuant to Senior Indenture, dated as of July 3, 2003.

[3] Issued pursuant to Senior Indenture, dated as of November 15, 1990.

e.    Number of shares of common stock:_____ 2,000,000,000 shares authorized,____
800,937,541 shares issued, and 610,505,273 shares outstanding, all as of March
31, 2009.

3.  Brief description of debtor's business: ___ The debtor, together with its affiliates, is____
engaged in the manufacturing, marketing, and distribution of cars and trucks_____
worldwide.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with
power to vote, 5% or more of the voting securities of debtor:____ State Street Bank____
and Trust Company (17.0%)

## APPROVAL OF BANKRUPTCY FILING, 363 SALE AND RELATED MATTERS

**WHEREAS**, at this meeting and at prior meetings, the Board of Directors (the "Board") of General Motors Corporation (the "Corporation") has extensively reviewed the alternatives available to the Corporation and its direct and indirect subsidiaries Saturn, LLC, Saturn Distribution Corporation and Chevrolet-Saturn of Harlem, Inc. (the "Filing Subsidiaries") and has determined that the commencement of a Chapter 11 case in the United States by each of the Corporation and the Filing Subsidiaries presents the only opportunity for preserving and maximizing the value of the enterprise for the benefit of the Corporation's stakeholders and other interested parties;

## COMMENCEMENT OF BANKRUPTCY CASES

**RESOLVED**, that the Corporation and each of the Filing Subsidiaries be, and it hereby is, authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED**, that each of the Proper Officers (it being understood that, for the purposes of these resolutions, the "Proper Officers" shall include, without limitation, the President and Chief Executive Officer, any vice president of the Corporation (including executive or group vice presidents), the Controller and Chief Accounting Officer, the Secretary, any Assistant Secretary, the Treasurer, any Assistant Treasurer and any other officer of the Corporation determined by the Legal Staff of the Corporation to be an appropriate officer with respect to the action taken) is hereby authorized and directed, in the name and on behalf of the Corporation, to execute, verify, and file all petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") at such time as such Proper Officer shall determine;

**RESOLVED**, that in connection with the commencement of the Chapter 11 case by the Corporation, each Proper Officer is hereby authorized, in the name and on behalf of, the Corporation, to negotiate, execute, and deliver such notes, security and other agreements, and instruments as such Proper Officer considers appropriate to enable the Corporation to utilize cash collateral on the terms and conditions such Proper Officer or Proper Officers executing the same may consider necessary, proper, or desirable, and to consummate the transactions contemplated by such notes, security and other agreements and instruments on behalf of the Corporation, subject to Bankruptcy Court approval;

**RESOLVED**, that each Proper Officer is hereby authorized and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, negotiate, and perform, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, applications, including without limitation, applications for approvals or rulings of governmental or regulatory authorities, or other documents and to take such other actions, as in the judgment of such Proper Officer shall be or become necessary, proper, or desirable in connection with the Corporation's Chapter 11 case;

**RESOLVED**, that the Board sees no objection to each of the Filing Subsidiaries taking any and all action, including authorizing a filing in the Bankruptcy Court, and to executing and delivering all documents, agreements, motions and pleadings as are

necessary, proper, or desirable to enable such Filing Subsidiary to carry out the filing in Bankruptcy Court contemplated hereby;

**RESOLVED**, that the Board sees no objection to a filing by GMCL, if determined to be appropriate by the Board of Directors of GMCL, for protection from its creditors under the Companies' Creditors Arrangement Act (the "CCAA") or to any actions taken by GMCL as are necessary, proper, or desirable to enable GMCL to carry out such filing;

## EXECUTION OF MASTER SALE AND PURCHASE AGREEMENT

**RESOLVED**, that the Board finds that the sale of substantially all of the assets of the Corporation to Auto Acquisition Corp., a new entity formed by the United States Department of the Treasury, in accordance with the Purchase Agreement (as defined below), is expedient and in the best interests of the Corporation;

**RESOLVED**, that the form, terms and provisions of the proposed Master Sale and Purchase Agreement (the "Purchase Agreement") by and among the Corporation, the Filing Subsidiaries and Vehicle Acquisition Holdings LLC., in substantially the form reviewed by the Board, are hereby approved, and the sale of substantially all of the assets of the Corporation set forth in the Purchase Agreement on the terms set forth in the Purchase Agreement be, and hereby is, authorized and approved;

**RESOLVED**, that each of the Proper Officers, or any of them, is hereby authorized and directed to execute and deliver the Purchase Agreement, with such changes therein or revisions thereto as the Proper Officer or Officers executing and delivering the same may in his or their sole and absolute discretion approve consistent with these Resolutions and with the advice of the Corporation's Legal Staff, and to cause the Corporation to carry out the terms and provisions thereof;

**RESOLVED**, that each of the Proper Officers, or any of them, is hereby authorized and directed to approve, execute and deliver from time to time such amendments, changes or modifications to the Purchase Agreement as any such Proper Officer shall, consistent with these Resolutions and with the advice of the Corporation's Legal Staff, deem necessary, proper or advisable;

**RESOLVED**, that if the Corporation determines no later than the due date (including any extensions) of the Corporation's tax return for the taxable year in which the sale contemplated by the Purchase Agreement is closed that an Agreed G Transaction (as defined in the Purchase Agreement) has occurred, (i) the Purchase Agreement will be deemed to constitute a "plan" of the Corporation for purposes of Sections 368 and 354 of the Internal Revenue Code of 1986, as amended (the "Tax Code"), and (ii) the Corporation shall treat the transactions contemplated in the Purchase Agreement, in combination with the subsequent liquidation of the Corporation and the Filing Subsidiaries (as defined in the Purchase Agreement), as a tax-free reorganization pursuant to Section 368(a)(1)(G) of the Tax Code (with any actual or deemed distribution by the Corporation qualifying solely under Sections 354 and 356 of the Tax Code but not under Section 355 of the Tax Code);

## EXECUTION OF LOAN FACILITIES – U.S. AND CANADA

**RESOLVED**, that in connection with the commencement of the Chapter 11 case by the Corporation, each of the Proper Officers, or any of them, is hereby authorized to

negotiate, execute, deliver and cause the Corporation to perform its obligations under (i) a secured superpriority debtor–in–possession credit agreement (the "Credit Agreement"), among the Corporation, a debtor and debtor in possession under Chapter 11 of the Bankruptcy Code, as borrower, certain subsidiaries of the Corporation listed therein, as guarantors, the United States Department of the Treasury, as lender, and Export Development Canada, as lender, substantially in the form and on the terms and conditions presented to the Board; (ii) one or more notes ("Notes") providing for loans under the Credit Agreement in an aggregate principal amount not to exceed $65 billion plus the principal amount of any Additional Notes (as defined in the Credit Agreement), in each case together with interest thereon at the rate specified in the Credit Agreement and (iii) the other agreements contemplated by the Credit Agreement, including pledge agreements, security agreements, mortgages, financing statements and any other similar documents in connection with granting a security interest in or a pledge of the Corporation's assets as collateral to secure the Obligations (as defined in the Credit Agreement) and any other agreements or documents (the documents described in this clause (iii) collectively described herein as the "Other Financing Documents"), as any Proper Officer determines is necessary, proper, or desirable to consummate the transactions contemplated by the Credit Agreement and the Other Financing Documents, in each case consistent with these Resolutions and the advice of the Corporation's Legal Staff, as evidenced by the execution thereof by the Proper Officer;

RESOLVED, that each of the Proper Officers, or any of them, is hereby authorized to grant a security interest in and pledge assets as collateral under the Guaranty and Security Agreement, the Equity Pledge Agreement and each Other Financing Document to which the Corporation is party;

RESOLVED, that the Board sees no objection to the issuance by all or any of the direct or indirect subsidiaries of the Corporation of guarantees of the Obligations and the granting of a security interest in or the pledge of any assets by such subsidiaries as collateral to secure the Obligations by entering into the Guaranty and Security Agreement and the Equity Pledge Agreement, in each case substantially in the form reviewed by the Board, together with the Other Financing Documents to which such subsidiary is party;

RESOLVED, that the Board sees no objection (a) to the execution and delivery by GMCL of an amended and restated loan agreement with Export Development Canada ("EDC") as lender (the "Canadian Credit Agreement") amending the loan agreement between GMCL and EDC, among other parties, dated as of April 29, 2009 (the "April EDC Credit Agreement") or (b) to the provision of secured guaranties of certain obligations of GMCL under the Canadian Credit Agreement to be given by 1908 Holdings Limited, Parkwood Holdings Limited, and GM Overseas Funding LLC, each of which is a direct or indirect subsidiary of GMCL;

**RESOLVED**, that the Corporation's guarantee of certain obligations of GMCL under the Canadian Credit Agreement secured by the pledge of some or all of its ownership interest in GMCL is approved on terms to be approved by the CFO, which may include the Corporation's participation in the Canadian Credit Agreement as a borrower, consistent with the advice of the Corporation's Legal Staff;

**RESOLVED**, that the Corporation's guarantee of GMCL's obligations under the April EDC Credit Agreement as approved at the meeting of the Board on April 24, 2009 will continue to be valid, binding and enforceable until the effectiveness of the Canadian Credit Agreement, and in connection with the foregoing, the Proper Officers, or any Proper Officer, is authorized to execute and deliver a Confirmation and Acknowledgment (the "Acknowledgment") stating that the April EDC Credit Agreement may be modified or supplemented by EDC and GMCL without the Corporation's participation;

**RESOLVED**, that the Proper Officers, or any Proper Officer, is hereby authorized to execute and deliver the guaranty and any other agreements or documents to which the Corporation is a party or to take any other actions that he determines are necessary, appropriate or advisable to consummate the transactions contemplated by the Canadian Credit Agreement;

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, that each Proper Officer is authorized and directed, consistent with these Resolutions and with the advice of the Corporation's Legal Staff: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, (ii) to negotiate, execute, deliver, certify, file and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Proper Officer deems appropriate or advisable in connection therewith, and (iii) to do such other things as may be required, or as may in such Proper Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and

**RESOLVED**, that all actions taken by the Proper Officers, or any of them, prior to the date of the foregoing Resolutions adopted at this meeting and within the authority conferred, are hereby ratified, confirmed, approved in all respects as the act and deed of the Corporation.

\* \* \* \* \*

## ASSISTANT SECRETARY'S CERTIFICATE

### GENERAL MOTORS CORPORATION

May 31, 2009

As a duly elected and appointed Assistant Secretary of General Motors Corporation, a Delaware corporation (the "Corporation") I, Anne T. Larin, certify that a true and complete copy of resolutions duly adopted by the Board of Directors of the Corporation on May 31, 2009 is attached to this Certificate and that such resolutions have not been modified, rescinded or amended and are now in full force and effect.

IN WITNESS WHEREOF, I have executed this certificate as of the date written above.

*Anne T. Larin*

Name:   Anne T. Larin
Title:   Assistant Secretary

STAYED

# U.S. District Court
## Middle District of Florida (Ocala)
### CIVIL DOCKET FOR CASE #: 5:07-cv-00408-WTH-KRS

Lawrence v. General Motors Hourly-Rate Employees
Pension Plan et al
Assigned to: Senior Judge Wm. Terrell Hodges
Referred to: Magistrate Judge Karla R. Spaulding
Demand: $1,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 10/09/2007
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Walter J. Lawrence**

represented by **Walter J. Lawrence**
Box #103
2609 N. Forest Ridge Blvd.
Hernando, FL 34442
PRO SE

V.

**Defendant**

**General Motors Hourly-Rate
Employees Pension Plan**
*TERMINATED: 09/27/2010*

represented by **Cynthia L. May**
Greenberg Traurig, LLP
Suite 100
625 E Twiggs St
Tampa, FL 33602-3925
813/318-5700
Fax: 813/318-5900
Email: mayc@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Davis**
Hardy, Lewis & Page, P.C.
Suite 400
401 S. Old Woodward Ave.
Birmingham, MI 48009
Email: dmd@hardylewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark D. Filak**
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave., Suite 400
Birmingham, MI 48009



248/645-0800
Fax: 248/645-2602
Email: mdf@hardylewis.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter W. Zinober**
Greenberg Traurig, LLP
Suite 100
625 E Twiggs St
Tampa, FL 33602-3925
813-318-5725
Fax: 813-318-5900
Email: zinoberp@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corporation**           represented by   **Cynthia L. May**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Davis**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark D. Filak**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Peter W. Zinober**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2007 | 1 | COMPLAINT for damages against all defendants; jury demand (Filing fee $350.00, receipt number C-6109) filed by Walter J. Lawrence. (Attachments: # (1) Exhibits, #(2) Civil Cover Sheet)(AIQ) (Entered: 10/11/2007) |
| 10/09/2007 | | Summons issued as to General Motors Hourly-Rate Employees Pension Plan, and General Motors Corporation. (AIQ) (Entered: 10/11/2007) |

| 10/16/2007 | 2 | NOTICE of Designation under Local Rule 3.05-Track Two. Copy mailed. (MAM) (Attachments: # 1) (Entered: 10/16/2007) |
| 11/01/2007 | 3 | MOTION for extension of time to file answer or otherwise plead by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Zinober, Peter) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 11/01/2007) |
| 11/02/2007 | 4 | ORDER granting 3 Defendants' Motion For Extension of Time to Respond to the Complaint Defendants shall respond to the complaint by 11/26/2007. Signed by Judge Gary R. Jones on 11/2/2007. (grj) (Entered: 11/02/2007) |
| 11/16/2007 | 5 | NOTICE of Appearance by Peter W. Zinober on behalf of General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation (Zinober, Peter) (Entered: 11/16/2007) |
| 11/16/2007 | 6 | NOTICE of Appearance by Cynthia L. May on behalf of General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation (May, Cynthia) (Entered: 11/16/2007) |
| 11/16/2007 | 7 | ANSWER and affirmative defenses to 1 Complaint by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation.(May, Cynthia) (Entered: 11/16/2007) |
| 11/19/2007 | 8 | MOTION for David M. Davis to appear pro hac vice by General Motors Hourly-Rate Employees Pension Plan and General Motors Corporation. (LMF) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 11/19/2007) |
| 11/20/2007 | 9 | ORDER granting 8 Defendants' Verified Motion For Admission Pro Hac Vice. David M. Davis, Esq. is admitted pro hac vice to represent the Defendants in this case. Signed by Magistrate Judge Gary R. Jones on 11/20/2007. (grj) (Entered: 11/20/2007) |
| 12/17/2007 | 10 | MOTION for Extension of Time to File Response/Reply *to Plaintiff's Discovery* by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (May, Cynthia) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 12/17/2007) |
| 12/18/2007 | 11 | ORDER granting 10 Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery. Signed by Magistrate Judge Gary R. Jones on 12/18/2007. (grj) (Entered: 12/18/2007) |
| 12/20/2007 | 12 | RESPONSE in opposition re 10 MOTION for Extension of Time to File Response/Reply *to Plaintiff's Discovery* filed by Walter J. Lawrence. (LMF) (Entered: 12/21/2007) |
| 12/20/2007 | 13 | APPENDIX - Index of Exhibits re 12 Response in opposition to motion for extension of time to file response/reply to Plaintiff's discovery by Walter J. Lawrence. (LMF) (Entered: 12/21/2007) |
| 12/26/2007 | 14 | WRITTEN OBJECTION re 11 Magistrate Judge's Order of 12/18/07 by Walter J. Lawrence. (AIQ) (Entered: 12/27/2007) |
| 12/31/2007 | 15 | RESPONSE re 14 Objection *to Magistrate Judge's Order of 12/18/07* filed by |

| | | General Motors Hourly-Rate Employees Pension Plan and General Motors Corporation. (Attachments: # 1 Exhibit A - Orsino letter)(May, Cynthia) Modified on 1/2/2008 (LMF). (Entered: 12/31/2007) |
|---|---|---|
| 01/04/2008 | 17 | MOTION for sanctions (Rule 11) by Walter J. Lawrence. (Attachments: #(1) Index of Exhibits (Exhibits Filed Searately))(AIQ) (Entered: 01/07/2008) |
| 01/07/2008 | 16 | NOTICE to counsel for General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation, David M. Davis, regarding CMECF. Signed by Wm. Terrell Hodges. (MAM) copy mailed to David M. Davis. (Entered: 01/07/2008) |
| 01/14/2008 | 18 | MOTION to strike, and MOTION to vacate due to lack of jurisdiction 9 Order on motion to appear pro hac vice, 11 Order on Motion for Extension of Time to File Response/Reply, and 4 Order on motion for extension of time to answer by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 01/15/2008) |
| 01/15/2008 | 19 | AFFIDAVIT re: 18 MOTION to strike and MOTION to vacate 9 Order on motion to appear pro hac vice, 11 Order on Motion for Extension of Time to File Response/Reply, and 4 Order on motion for extension of time to answer filed by Walter J. Lawrence. (AIQ) (Entered: 01/15/2008) |
| 01/22/2008 | 20 | Verified MOTION for Mark D. Filak to appear pro hac vice by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (May, Cynthia) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 01/22/2008) |
| 01/22/2008 | 21 | RESPONSE in opposition re 18 MOTION to strike MOTION to vacate 9 Order on motion to appear pro hac vice, 11 Order on Motion for Extension of Time to File Response/Reply, 4 Order on motion for extension of time to answer MOTION to vacate 9 Order on motion to appear pro hac vice, 11 Order on Motion for Extension of Time to File Response/Reply, 4 Order on motion for extension of time to answer filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (May, Cynthia) (Entered: 01/22/2008) |
| 01/22/2008 | 22 | RESPONSE to motion re 17 MOTION for sanctions filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(May, Cynthia) (Entered: 01/22/2008) |
| 01/22/2008 | 23 | MOTION to strike, and MOTION to vacate 20 Verified MOTION for Mark D. Filak to appear pro hac vice by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 01/23/2008) |
| 01/23/2008 | 24 | ORDER overruling 14 Objection filed by Walter J. Lawrence to Magistrate Judge's Order dated December 18, 2007. Signed by Senior Judge Wm. Terrell Hodges on 1/23/2008. (LRH) (Entered: 01/23/2008) |
| 01/24/2008 | 25 | ORDER granting 20 Defendants' Verified Motion For Admission Pro Hac Vice. Mark D. Filak is admitted pro hac vice to represent the Defendants. Signed by Magistrate Judge Gary R. Jones on 1/24/2008. (grj) (Entered: |

|  |  | 01/24/2008) |
|---|---|---|
| 01/24/2008 | 26 | ORDER denying 23 Plaintiff's Motion To Strike And Vacate Mr. Filak's Legal Representation of Defendants at the Rule 26(f) Case Management Conference Held on January 16, 2008 Under Rule 11 Sanctions. Signed by Magistrate Judge Gary R. Jones on 1/24/2008. (grj) (Entered: 01/24/2008) |
| 01/25/2008 | 27 | NOTICE by Walter J. Lawrence of filing original transcript of case management conference held on 1/16/08. (AIQ) (Entered: 01/28/2008) |
| 01/29/2008 | 28 | ORDER denying 17 Plaintiff's Motion for Sanctions. Signed by Magistrate Judge Gary R. Jones on 1/29/2008. (grj) (Entered: 01/29/2008) |
| 01/30/2008 | 29 | NOTICE by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation (Attachments: # 1 Exhibit A - Plaintiff's Amended Case Management Report Consolidated with Parties Case Management Report) (May, Cynthia) (Entered: 01/30/2008) |
| 01/30/2008 | 30 | MOTION To Accept Defendants' Notice of Filing Case Management Report as the Parties' Case Management Report by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (May, Cynthia) (Entered: 01/30/2008) |
| 01/31/2008 | 31 | ORDER scheduling telephonic case management hearing before Magistrate Judge Gary R. Jones on February 13, 2008 at 10:30 a.m. to address 30 Defendants' Notice of Filing Case Management Report As The Parties' Case Management Report. Signed by Magistrate Judge Gary R. Jones on 1/31/2008. (grj) (Entered: 01/31/2008) |
| 02/05/2008 | 32 | SECOND MOTION to strike, and MOTION to vacate due to lack of jurisdiction 25 Order on motion to appear pro hac vice, 26 Order on motion to strike, and to vacate, 28 Order on motion for sanctions, and 31 Order scheduling telephonic hearing, by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 02/05/2008) |
| 02/08/2008 | 33 | MOTION to strike Defendants' portions of case management report pursuant to Federal Rules of Civil Procedure, Rule 11(a) and Local Rule 3.05(c)(2)(C)(vii) by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 02/08/2008) |
| 02/11/2008 | 34 | MOTION to quash Plaintiff's First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Index of Exhibits, # 2 Exhibit Ex A - Plaintiff's First Set of Interrogatories to Defendants, # 3 Exhibit Ex B - Plaintiff's First Requests for Production of Documents to Defendants, # 4 Exhibit Ex C - Plaintiff's First Request for Admissions to Defendant, # 5 Exhibit Ex D - IRS Notice of Tax Levy, # 6 Exhibit Ex E - May 14, 2007 letter from GM Benefits & Service Center to Plaintiff, # 7 Exhibit F - September 5, 2007 letter from GM Benefits & Service Center to Plaintiff, # 8 Exhibit G - GM-UAW Supplemental Agreement Covering Pension Plan, # 9 Exhibit H - Unpublished Cases)(Filak, Mark) (Entered: 02/11/2008) |
|  |  |  |

| 02/12/2008 | 35 | MOTION for summary judgment by Walter J. Lawrence. (AIQ) (Entered: 02/13/2008) |
|---|---|---|
| 02/12/2008 | 36 | AFFIDAVIT re: 35 MOTION for summary judgment by Walter J. Lawrence. (AIQ) (Entered: 02/13/2008) |
| 02/13/2008 | 37 | ORDER establishing case management deadlines; directing the clerk to issue a case management and scheduling order; denying as moot 30 Defendants' Motion For Court to Accept Defendants' Notice of Filing Case Management Report As the Parties' Case Management Report; denying as moot 33 Plaintiff's Motion to Strike Defendants' Portions of Case Management Report; granting ore tenus motion by Defendants for an extension of time until March 7, 2008 to respond to Plaintiff's Motion For Summary Judgment; granting Plaintiff's ore tenus request for leave to file an amended complaint and directing the parties to file briefs addressing the issue of the appropriate standard of review and whether Plaintiff is entitled to initiate discovery. Signed by Magistrate Judge Gary R. Jones on 2/13/2008. (grj) (Entered: 02/13/2008) |
| 02/13/2008 | 38 | Minute Entry. Proceedings held before Magistrate Judge Gary R. Jones: Telephonic Case Management Hearing held on 2/13/2008. (DIGITAL) (DFD) (Entered: 02/14/2008) |
| 02/15/2008 | 39 | RESPONSE in opposition re 34 MOTION to quash Plaintiff's First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions filed by Walter J. Lawrence. (LMF) (Entered: 02/19/2008) |
| 02/20/2008 | 40 | THIRD OBJECTION AND MOTION to strike and MOTION to vacate due to lack of jurisdiction Magistrate's 31 Order, and 37 Order by Walter J. Lawrence. (AIQ) (Entered: 02/20/2008) |
| 02/20/2008 | 41 | MEMORANDUM in opposition re 32 Motion to strike and Motion to vacate, *Magistrate's Orders Due to Lack of Jurisdiction* filed by General Motors Hourly-Rate Employees Pension Plan. (May, Cynthia) Modified on 2/21/2008 (LMF). (Entered: 02/20/2008) |
| 02/22/2008 | 42 | MOTION to amend/correct 34 MOTION to quash Plaintiff's First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions, MOTION to quash Plaintiff's First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A - Transcript from January 16, 2008 Case Management Conference)(Filak, Mark) (Entered: 02/22/2008) |
| 02/25/2008 | 43 | CASE MANAGEMENT AND SCHEDULING ORDER: Pretrial Conference set for 9/24/2008 at 03:30 PM in Courtroom 1 before Judge Wm. Terrell Hodges. Jury Trial set for weeks of 10/6, 10/13, and 10/20/2008 in Courtroom 1 before Judge Wm. Terrell Hodges. Signed by Deputy Clerk on 2/25/2008. Copy mailed.(MAM) (Entered: 02/25/2008) |
| 02/28/2008 | 44 | ORDER denying 32 Motion to strike ; denying 32 Motion to vacate ; denying 40 Motion to strike ; denying 40 Motion to vacate ; denying 18 Motion to strike ; denying 18 Motion to vacate. Signed by Senior Judge Wm. Terrell Hodges on 2/28/2008. (LRH) (Entered: 02/28/2008) |

| 02/29/2008 | 45 | MEMORANDUM in opposition re 37 Order on Motion for Miscellaneous Relief,,,, Order on motion to strike,,, *Defendants Brief Addressing Discovery in Cases Alleging Violations of ERISA* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit Index of Exhibits, # 2 Exhibit A - Relevant Language From Supplemental Agreement Covering Pension Plan, # 3 Exhibit B - Unpublished Decisions)(Filak, Mark) (Entered: 02/29/2008) |
|---|---|---|
| 02/29/2008 | 46 | RESPONSE in opposition re 34 MOTION to quash Plaintiff's First Set of Interrogatories, First Requests for Production of Documents and First Requests for Admissions filed by Walter J. Lawrence. (Attachments: #(1) Exhibit Pages 1 to 88, #(2) Exhibit Pages 89 to 176)(AIQ) (Entered: 03/03/2008) |
| 02/29/2008 | 47 | AMENDED COMPLAINT for damages against all defendants with Jury Demand filed by Walter J. Lawrence. Related document: 1 Complaint filed by Walter J. Lawrence. (Attachments: #(1) Exhibit)(AIQ) (Entered: 03/03/2008) |
| 03/03/2008 | 48 | MOTION for issuance of order to show cause titled "Motion for Defendant's to show cause why they should not be held in contempt of court" by Walter J. Lawrence. (LMF) (Entered: 03/04/2008) |
| 03/05/2008 | 49 | ORDER denying 48 Plaintiff's Motion For Defendants To Show Cause They Should Not Be Held In Contmept of Court. Signed by Magistrate Judge Gary R. Jones on 3/5/2008. (grj) (Entered: 03/05/2008) |
| 03/05/2008 | 50 | RESPONSE in opposition re 45 Memorandum in opposition addressing discovery in cases alleging violations of ERISA, filed by Walter J. Lawrence. (AIQ) (Entered: 03/06/2008) |
| 03/07/2008 | 51 | RESPONSE in opposition re 35 MOTION for summary judgment *and Cross-Motion for Summary Judgment* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit Index of Exhibits, # 2 Exhibit A - IRS Notice of Tax Levy, # 3 Exhibit B - May 14, 2007 letter from GM Benefits & Service Center to Plaintiff, # 4 Exhibit C - September 5, 2007 letter from GM Benefits & Service Center to Plaintiff, # 5 Exhibit D - Supplemental Agreement Covering Pension Plan, # 6 Exhibit E - Appeal Procedure Contained in this Summary Plan Description, # 7 Exhibit F - Unpublished Decisions)(Filak, Mark) (Entered: 03/07/2008) |
| 03/12/2008 | 52 | RESPONSE in opposition re 51 Response in opposition to motion, by Walter J. Lawrence. (AIQ) (Entered: 03/12/2008) |
| 03/12/2008 | 53 | MOTION for Hearing re 35 MOTION for summary judgment by Walter J. Lawrence. (AIQ) (Entered: 03/12/2008) |
| 03/14/2008 | 54 | MOTION to continue, and MOTION for discovery by Walter J. Lawrence. (Attachments: #(1) Index of Exhibit and Exhibits)(AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 03/17/2008) |
| 03/17/2008 | 55 | ANSWER and affirmative defenses to 47 Amended complaint by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Filak, Mark) (Entered: 03/17/2008) |
| 03/17/2008 | 56 | MOTION to amend 52 Response in opposition to Defendants' motion and brief |

| | | |
|---|---|---|
| | | in opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment by Walter J. Lawrence. (AIQ) (Entered: 03/18/2008) |
| 03/28/2008 | 57 | NOTICE by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation *of Filing the Administrative Record* re: 51 RESPONSE in opposition re 35 MOTION for summary judgment and Cross-Motion for Summary Judgment. (Filak, Mark) Modified on 4/1/2008 (AIQ). (Entered: 03/28/2008) |
| 03/31/2008 | 58 | RESPONSE in opposition re 54 MOTION to continue MOTION for discovery filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Filak, Mark) (Entered: 03/31/2008) |
| 04/01/2008 | 59 | APPENDIX (2 Volumes) - Administrative Records re 51 RESPONSE in opposition re 35 MOTION for summary judgment and Cross-Motion for Summary Judgment by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation (filed separately). (AIQ) (Entered: 04/01/2008) |
| 04/01/2008 | 60 | CERTIFICATE OF SERVICE by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation re 59 Appendix, (Filak, Mark) (Entered: 04/01/2008) |
| 04/02/2008 | 61 | RESPONSE in opposition re 56 MOTION to amend/correct 52 Response *In Opposition to Defendants' Motion for Summary Judgment* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A - Part A of the 1990 Supplemental Agreement Covering Pension Plan)(Davis, David) (Entered: 04/02/2008) |
| 04/03/2008 | 62 | MOTION to strike 54 MOTION to continue and MOTION for discovery, and MOTION to vacate 54 MOTION to continue and MOTION for discovery by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 04/03/2008) |
| 04/09/2008 | 63 | RESPONSE in opposition re 62 MOTION to strike 54 MOTION to continue and MOTION for discovery, and MOTION to vacate 54 MOTION to continue and MOTION for discovery *and Vacate Plaintiff's Response to Plaintiff's Motion, D.E. 58, and for Rule 11 Sanctions* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Davis, David) (Entered: 04/09/2008) |
| 04/10/2008 | 64 | MOTION to withdraw 62 MOTION to strike 54 MOTION to continue and MOTION for discovery, and MOTION to vacate 54 MOTION to continue and MOTION for discovery by Walter J. Lawrence. (AIQ) (Entered: 04/10/2008) |
| 04/16/2008 | 65 | RENEWED MOTION to strike Defendants' affirmative defense for failure to exhaust administrative remedies re: Defendants' Answer to Plaintiff's Amended Complaint by Walter J. Lawrence. (AIQ) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 04/16/2008) |
| 04/24/2008 | 66 | NOTICE of change of address by Walter J. Lawrence. (AIQ) (Entered: 04/24/2008) |
| 04/28/2008 | 67 | RESPONSE in opposition re 65 MOTION to strike filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. |

| | | (Attachments: # 1 Exhibit Exhibit Index, # 2 Exhibit A - Plaintiff's Rule #11 Motion For Sanctions, # 3 Exhibit B - Order, # 4 Exhibit C - Amended Complaint For Damages, # 5 Exhibit D - Defendants' Answer to Plaintiff's Amended Complaint, # 6 Exhibit Cases - Resolution Trust Corp. v. Williams; Williams v. MacArthur)(Davis, David) (Entered: 04/28/2008) |
|---|---|---|
| 04/28/2008 | 68 | SECOND MOTION for summary judgment re: Amended Complaint by Walter J. Lawrence. (AIQ) Modified on 4/29/2008 (AIQ). (Entered: 04/29/2008) |
| 04/29/2008 | 69 | SUMMARY JUDGMENT NOTICE: Unless otherwise specifically ordered by the Court, any response to this motion, as well as all supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc.) must be filed with the Clerk of this Court on or before fourteen (14) days from the date of this Notice re 68 SECOND MOTION for summary judgment. (Signed by Deputy Clerk) (AIQ) (Entered: 04/29/2008) |
| 05/09/2008 | 73 | MOTION for entry of order for the Court to take judicial notice by Walter J. Lawrence. (AIQ) (Entered: 05/13/2008) |
| 05/12/2008 | 70 | RESPONSE in opposition re 68 SECOND MOTION for summary judgment re: Amended Complaint filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A - Legal Decisions)(Davis, David) (Entered: 05/12/2008) |
| 05/12/2008 | 71 | ORDER granting 34 Defendants' Motion to Quash Plaintiff's Interrogatories, Requests For Production of Documents And Requests For Admissions; granting 42 Defendants' Amended Motion To Quash Plaintiff's Interrogatories, Requests For Production of Documents and Requests For Admission; denying 54 Plaintiff's Motion For Continuance And For Discovery; terminating 62 Plaintiff's Motion to Strike And Vacate Defendants' Response To Plaintiff's Motion For Continuance And Discovery And For Rule 11 Sanctions ; granting 64 Plaintiff's Motion to Withdraw Plaintiff's Motion To Strike. Signed by Magistrate Judge Gary R. Jones on 5/12/2008. (grj) (Entered: 05/12/2008) |
| 05/12/2008 | 72 | ORDER granting 56 Plaintiff's Motion To Amend Plaintiff's Reply In Opposition To Defendants' Motion And Brief In Opposition To Plaintiff's Motion For Summary Judgment And Cross-Motion For Summary Judgment. Signed by Magistrate Judge Gary R. Jones on 5/12/2008. (grj) (Entered: 05/12/2008) |
| 05/15/2008 | 74 | MOTION to strike 73 MOTION for entry of order for the Court to take judicial notice *and Certificate of Service* by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit Index of Exhibit, # 2 Exhibit A - Court Order of May 12, 2008)(Davis, David) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 05/15/2008) |
| 05/20/2008 | 75 | RESPONSE (reply) in opposition re 74 MOTION to strike 73 MOTION for entry of order for the Court to take judicial notice *and Certificate of Service* filed by Walter J. Lawrence. (LMF) (Entered: 05/20/2008) |
| 07/24/2008 | 76 | MOTION for reconsideration re 71 Order on motion to quash, Order on motion to amend/correct, Order on motion to continue, Order on motion for discovery, Order on motion to strike, Order on motion to vacate, Order on motion to |

| | | |
|---|---|---|
| | | withdraw by Walter J. Lawrence. (Attachments: # 1 Exhibit)(AIQ) Modified on 7/25/2008 (AIQ). (Entered: 07/24/2008) |
| 07/31/2008 | 77 | RESPONSE in opposition re 76 MOTION for reconsideration re 71 Order on motion to quash. Order on motion to amend/correct, Order on motion to continue, Order on motion for discovery. Order on motion to strike, Order on motion to vacate, Order on motion to withdraw MOTION for reconsideration re 71 Order on motion to quash. Order on motion to amend/correct, Order on motion to continue, Order on motion for discovery. Order on motion to strike, Order on motion to vacate, Order on motion to withdraw *and Certificate of Service* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Davis, David) (Entered: 07/31/2008) |
| 08/19/2008 | 78 | NOTICE OF RESCHEDULING HEARING (TIME ONLY): The pretrial conference previously scheduled for 9/24/08 at 3:30 pm is rescheduled. New scheduling date and time: Pretrial Conference set for 9/24/2008 at 09:00 AM in Courtroom 1 before Judge Wm. Terrell Hodges. (MAM) (Entered: 08/19/2008) |
| 08/20/2008 | 79 | MOTION to strike Defendants' affirmative defense #6 by Walter J. Lawrence. (Attachments: # 1 Exhibit)(AIQ) (Entered: 08/20/2008) |
| 08/22/2008 | 80 | MOTION to strike *Plaintiff's Motion For the Court to Strike Defendant's Affirmative Defense* by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A-Court Order of May 12, 2008)(Davis, David) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 08/22/2008) |
| 08/25/2008 | | ***Motions no longer referred: 80 MOTION to strike *Plaintiff's Motion For the Court to Strike Defendant's Affirmative Defense.* (AIQ) (Entered: 08/25/2008) |
| 08/25/2008 | 81 | MOTION to determine if the statute of limitations has expired re: IRS Notice of Levy dated 5/19/99, and MOTION for Hearing by Walter J. Lawrence. (Attachments: # 1 Exhibit)(AIQ) (Entered: 08/25/2008) |
| 09/03/2008 | 82 | MOTION to Appear Telephonically *for Pre-Trial Conference* by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Davis, David) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 09/03/2008) |
| 09/03/2008 | 83 | MOTION to strike 81 MOTION to determine if the statute of limitations has expired re: IRS Notice of Levy dated 5/19/99and MOTION for Hearing by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Attachments: # 1 Exhibit A - Order)(Davis, David) Motions referred to Magistrate Judge Gary R. Jones. (Entered: 09/03/2008) |
| 09/09/2008 | 84 | ORDER canceling pretrial conference set for September 24, 2008 pending resolution of summary judgment motions; leaving trial as scheduled for the term commencing October 6, 2008. Signed by Senior Judge Wm. Terrell Hodges on 9/9/2008. (LRH) (Entered: 09/09/2008) |
| 09/12/2008 | 85 | RESPONSE to motion re 82 MOTION to Appear Telephonically *for Pre-Trial Conference* filed by Walter J. Lawrence. (AIQ) (Entered: 09/16/2008) |

| 09/18/2008 | 86 | RESPONSE to motion re 80 MOTION to strike *Plaintiff's Motion For the Court to Strike Defendant's Affirmative Defense* filed by Walter J. Lawrence. (LMF) (Entered: 09/18/2008) |
| 09/24/2008 | 87 | ORDER directing the Clerk to remove this case from the trial calendar for the term commencing October 6, 2006. Signed by Magistrate Judge Gary R. Jones on 9/24/2008. (LRH) (Entered: 09/24/2008) |
| 09/26/2008 | 88 | MOTION for sanctions against Defendants for failure to comply with F.R.Civ.P. Rule 26(A)(3) and this Court's Case Management and Scheduling Order entered on 2/25/08 by Walter J. Lawrence. (AIQ) (Entered: 09/26/2008) |
| 10/08/2008 | 89 | RESPONSE in opposition re 88 MOTION for sanctions *for Defendants' Failure to Comply with FRCP 26(A)(3) and the Court's Case Management and Scheduling Order* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Davis, David) (Entered: 10/08/2008) |
| 02/20/2009 | 90 | MOTION for recusal by Walter J. Lawrence. (Attachments: # 1 Affidavit, # 2 Certificate of Good Faith)(AIQ) (Entered: 02/20/2009) |
| 03/03/2009 | 91 | RESPONSE to motion re 90 MOTION for recusal *and Certificate of Service* filed by General Motors Hourly-Rate Employees Pension Plan, General Motors Corporation. (Davis, David) (Entered: 03/03/2009) |
| 06/08/2009 | 92 | MOTION for miscellaneous relief, specifically *for the court to rule on Plaintiff's pending MOTIONS* by Walter J. Lawrence. (MJT) (Entered: 06/08/2009) |
| 06/10/2009 | 93 | NOTICE *of Bankruptcy and Certificate of Service* by General Motors Corporation (Davis, David) Modified on 6/10/2009 (MJT). (Entered: 06/10/2009) |
| 06/11/2009 | 94 | RESPONSE to motion re 92 MOTION for miscellaneous relief, specifically *for the court to rule on Plaintiff's pending MOTIONS and Certificate of Service* filed by General Motors Hourly-Rate Employees Pension Plan. (Attachments: # 1 Affidavit of Lucy McDermott-Contreras, # 2 Exhibit A - Payment History) (Davis, David) (Entered: 06/11/2009) |
| 09/24/2010 | 95 | Case reassigned to Magistrate Judge Karla R. Spaulding. New case number: 5:07-cv-408-oc-10KRS. Magistrate Judge Gary R. Jones no longer assigned to the case. (LMF) (Entered: 09/24/2010) |
| 09/24/2010 | 96 | ORDER denying 35 Plaintiff's Motion for summary judgment as to Defendant General Motors Hourly-Rate Employees Pension Plan; granting 51 Defendant General Motors Hourly-Rate Employees Pension Plan's cross-motion for summary judgment and directing the entry of judgment in favor of this Defendant and against the Plaintiff; denying Defendant General Motors Hourly-Rate Employees Pension Plan's request for attorney's fees and costs; denying as moot 53 Plaintiff's Motion for Hearing; denying 65 Plaintiff's Renewed Motion to strike affirmative defense; denying 68 Plaintiff's Second Motion for summary judgment as to Defendant General Motors Hourly-Rate Employees Pension Plan; denying 73 Plaintiff's Motion to Take Judicial Notice; denying as moot 74 Defendants' Motion to strike Plaintiff's Motion to |

| | | |
|---|---|---|
| | | Take Judicial Notice; denying <u>76</u> Plaintiff's Motion for reconsideration of Magistrate Judge's Order; denying <u>79</u> Plaintiff's Motion to strike affirmative defense; denying as moot <u>80</u> Defendants' Motion to strike Plaintiff's Motion to Strike affirmative defense; denying <u>81</u> Plaintiff's Motion to determine if the statute of limitations has expired re: IRS Notice of Levy; denying <u>81</u> Plaintiff's Motion for Hearing; denying as moot <u>82</u> Defendants' Motion to Appear Telephonically at pretrial conference; denying as moot <u>83</u> Defendants' Motion to strike Plaintiff's motion to determine the statute of limitations; denying as moot <u>88</u> Plaintiff's Motion for sanctions; denying <u>90</u> Plaintiff's Motion for recusal; denying as moot <u>92</u> Plaintiff's Motion to rule on pending motions. Pursuant to Defendant General Motors Corporations Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motor Corporation and all further proceedings against General Motors Corporation in this case are STAYED. Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown. Signed by Senior Judge Wm. Terrell Hodges on 9/21/2010. (LRH) (Entered: 09/24/2010) |
| 09/27/2010 | <u>97</u> | JUDGMENT in favor of General Motors Hourly-Rate Employees Pension Plan against Walter J. Lawrence. Civil appeals checklist attached. Signed by Deputy Clerk on 9/27/2010. (MJT) (Entered: 09/27/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/05/2010 15:11:25 | | | |
| PACER Login: | ld1594 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 5:07-cv-00408-WTH-KRS |
| Billable Pages: | 9 | Cost: | 0.72 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                          :

**In re**                              :          **Chapter 11 Case No.**
                          :          **09-50026 (REG)**
                          :          **(Jointly Administered)**

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :
     **f/k/a General Motors Corp.,** *et al.*  :
                          :

            **Debtors.**               :
-------------------------------------------------------------x

### ORDER DENYING MOTION OF WALTER J. LAWRENCE FOR RELIEF FROM THE AUTOMATIC STAY

       Upon the motion, dated October 5, 2009 (the "**Motion**") of Walter J.

Lawrence, requesting relief from the automatic stay, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the requested relief

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors Liquidation Company

and its affiliated debtors having filed their opposition to the Motion [Docket No. 4327]

(the "**Opposition**"); and the Court having held a hearing to consider the requested relief

on November 5, 2009 (the "**Hearing**"); and based upon the Motion, the Opposition, and

the record of the Hearing, and all of the proceedings before the Court, it is

       ORDERED that for the reasons set forth on the record of the Hearing, the

Motion is DENIED; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation, interpretation and/or

enforcement of this Order.

Dated: November _24_, 2009

New York, New York

_s/ Robert E. Gerber_
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WALTER J. LAWRENCE,

Plaintiff,

-vs-                                          Case No.  5:07-cv-408-Oc-10GRJ

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN,
GENERAL MOTORS CORPORATION,

Defendant.
_____/

## O R D E R

Plaintiff Walter J. Lawrence, proceeding *pro se*, is a beneficiary and participant in the General Motors Hourly-Rate Employees Pension Plan (the "GM Plan"). Lawrence alleges that the GM Plan and its Plan Administrator, General Motors Corporation ("GMC") violated his rights under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 *et seq* ("ERISA"), when GMC and the GM Plan reduced Lawrence's monthly pension benefits to recoup an accidental overpayment.

Lawrence has filed two motions for summary judgment (Docs. 35, 68), and the Defendants have filed a cross-motion for summary judgment (Doc. 51), to which the Parties have filed responses and reply briefs.  The Parties have also filed a host of other assorted motions, all of which are ripe for disposition.  As discussed in more detail below, the Court concludes that Lawrence's motions for summary judgment are

4

due to be denied, the GM Plan's cross-motion for summary judgment is due to be granted, and all other motions are due to be denied.

## Undisputed Material Facts and Procedural History

I.    Undisputed Material Facts

Lawrence was a 31-year hourly-employee of GMC. As such, he was a member of the International Union, United Auto Workers, and his terms and conditions of employment were governed by the GM-UAW Collective Bargaining Agreements and their supplements. Lawrence retired from GMC in 1993, and he began receiving monthly pension benefits under the GM Plan as of March 1, 1993. The Plan Administrator and Named Fiduciary for the GM Plan is GMC.

A.    The Terms of the Plan

At the time Lawrence began receiving pension benefits, the terms and conditions of his benefits were governed by the Supplemental Agreement Covering Pension Plan to the GM-UAW Contract dated September 17, 1990, which was collectively bargained by and between GMC and the Union. (See Doc. 59, pp. 91, 160, 175). Section 3(a) of the 1990 Supplemental Agreement, entitled "Board of Administration" established a six member central Board of Administration (three members appointed by GMC and three appointed by the Union) to transact the "necessary business" of the GM Plan, and established a four-member quorum requirement. (Id.). Section 3(c) established that the Board "shall work out matters" including "the procedures for reviewing applications

-2-

for pensions;" "the handling of complaints regarding the determination of age, service credits, and computation of benefits;" and "procedures for making appeals to the Board." (Doc. 59, p. 180). The 1900 Supplemental Agreement further provided that "[t]here shall be no appeal from any ruling by the Board which is within its authority. Each such ruling shall be final and binding on the Union and its members, the employee or employees involved, and on the Corporation." (Id., p. 179).

The Summary Plan Description covering the GM Plan dated September 17, 1990 also discussed the Board of Administration's authority in resolving pension disputes:

> If you do not agree with a GM decision that has been made with respect to (1) your age, (2) the amount of your credited service, or (3) the computation of your benefits, you may appeal this decision to your local pension committee. If (1) the local pension committee is unable to agree on your appeal, or (2) the committee agrees but you do not, your case may be referred to the GM-UAW Pension Board of Administration. If the Board members fail to agree, the Board may appoint an impartial chairman to resolve the dispute. The decision of the (1) Board, or (2) impartial chairman, will be binding on all parties.

GMC and the Union later enacted a new Supplemental Agreement Covering Pension Plan to the GM-UAW Contract dated September 18, 2003 (Doc. 59, p. 1). The 2003 Supplemental Agreement contains a similar Section 3(a), establishing a six member Board of Administration under the same terms and conditions as before, and a similar Section 3(c) authorizing the Board to resolve pension disputes and appeals (Id., pp. 8-9, 11). Section 3(a)(9) further provides:

> There shall be no appeal from any ruling by the Board which is within its authority. Each such ruling shall be final and binding on the Union and its

members, the employee or employees involved, and on the Corporation, subject only to the arbitrary and capricious standard of judicial review.

(Id., p. 9).

The 2003 Supplement Agreement also contains a detailed Appeals Procedure:

1.    Any employee who disputes a determination with respect to such employee's (i) age, (ii) credited service under the Pension Plan, (iii) computation of pension benefits or supplements under the Pension Plan, (iv) partial or complete suspension of supplements, or (v) whether such employee is engaged in gainful employment except for purposes of rehabilitation, may file with the Center a written claim on form BA I, "Employee Claim to Pension Committee." Such claim shall be filed within 60 days, including the 60th day, of receipt of such determination.

2.    In all cases where the employee has filed a claim on form BA 1, the Pension Committee shall review such claim with the employee, return one copy of form BA 1 to the employee with a written answer to the claim and, if the claim is rejected the reason therefor.

3.    If the employee is not satisfied with the answer, such employee may request the Pension Committee, in writing on form BA 1, to refer the case to the Board for decision. Such claim shall be filed with the Pension Committee within 60 days, including the 60th day, of the employee's receipt of such answer. The Pension Committee shall then forward form BA 1, with material pertinent to the case and the answer to the employee's claim, to the Board.

4.    If the Pension Committee should fail to agree upon the disposition of any application or authorization, or of any claim filed by an employee, the case shall be referred to the Board for determination on form BA 2, "Notice of Appeal to Board of Administration." A written signed statement setting forth all the facts and circumstances surrounding the case, and any material pertinent to the case, shall accompany the referral. Such statement may be submitted jointly by the members of the Pension Committee or separate signed statements may be submitted provided such statements are exchanged by the Pension Committee members prior to being submitted to the Board.

5.    All material with respect to cases referred to the Board shall be submitted in duplicate and shall be mailed to the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarter, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.

6.    The Board shall advise the Pension Committee in writing of the disposition of any case referred to the Board by the Pension Committee. The Pension Committee shall forward a copy of such disposition to the employee.

7.    Forms BA 1 and BA 2 for each appeal must be requested from the Secretary, Pension Board of Administration, Mail Code 482-B37-A68, General Motors Global Headquarter, 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.

(Doc. 59, pp. 72-73).

Both the 1990 and 2003 Supplemental Agreements contain virtually identical

provisions prohibiting the alienation of a beneficiary's pension benefits.

The pension fund shall not in any manner be liable for or subject to the debts or liabilities of any employee, separated employee, retired employee, pensioner or surviving spouse. No right, benefit, pension or supplement at any time under the Plan shall be subject in any manner to alienation, sale, transfer, assignment, pledge or encumbrances of any kind except in accord with provisions of a Qualified Domestic Relations Order within the meaning of I.R.C. Section 414(p). If any person shall attempt to, or shall, alienate, sell, transfer, assign, pledge or otherwise encumber accrued rights, benefits, pensions or supplements under the Plan or any part thereof, or if by reason of bankruptcy or other event happening at any time such benefits would otherwise be received or enjoyed by anyone else, the Corporation may terminate the interest of such employee, pensioner or surviving spouse in any such benefit and instruct the trustee to hold or apply it to or for the benefit of such employee, pensioner or surviving spouse, spouse, children or other dependents, or any of them as the Corporation may instruct; provided, however, that any pensioner, or surviving spouse, entitled to a monthly benefit under the Plan:

. . . .

(b)    will have Federal and state income tax withheld pursuant to Federal and state statutes or regulations unless, only with respect to Federal income tax, elected otherwise by submitting to the Corporation authorization and direction acceptable to the Corporation.

. . . .

(e)    may have amounts of not less than $80.00 but in no event more than 10% of the retired employee's monthly pension, withheld to repay any outstanding overpayment owing to any benefit plan of the Corporation, pursuant to written authorization and direction acceptable to the Corporation.[1]

(Doc. 59, pp. 47-48, 212-13).

## B.    The Reduction in Lawrence's Benefits

In April 1999, GMC received a Notice of Levy from the Internal Revenue Service ("IRS") stating that Lawrence had unpaid federal income taxes for the tax years 1980 through 1994 in the total amount of $267,928.91 (Doc. 59, p. 300). Based on the levy, the Defendants began remitting all of Lawrence's monthly pension benefits to the IRS, resulting in a monthly payment to Lawrence of $0.00. There is no evidence that Lawrence ever contested this levy from 1999 until June 2007.

The Defendants continued to remit Lawrence's monthly pension benefit to the IRS through the end of 2004 without incident. In January 2005, the GM Plan switched claims administrators from Electronic Data Systems Corporation ("EDS") to Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"). Due to an apparent

---

[1]The 1990 Supplemental Agreement listed a minimum withheld amount of $40.00.

mis-communication between EDS and Fidelity, Lawrence's monthly pension benefit in the amount of $1,121.70 was restored to him.  However, at the same time, Fidelity continued to remit a monthly payment in the amount of $1,099.50 to the IRS.  This resulted in the Defendants making payments to the IRS to reduce Lawrence's tax liabilities without concurrently reducing the pension benefits paid to Lawrence.  This "double payment" continued for 30 months from January 2005 through June 2007.  By that time, Lawrence had accrued an overpayment in the amount of $32,985.00 (30 months x $1,099.50).  (Doc. 59, p. 234).

On May 14, 2007, after the Defendants discovered this error, the GM Benefits & Services Center sent a letter to Lawrence informing him that his monthly pension benefits had not been adjusted to account for the tax levy amount of $1,099.50 per month, and that there was a total overpayment amount of $32,985.00 (Doc. 59, p. 241). The letter further stated "[b]ecause the Plan is an ERISA qualified Plan, we are required to collect overpayments and return them to the Plan's Trust Fund." (Id.). Accordingly, the letter informed Lawrence that as of July 1, 2007, his monthly benefit (which at the time was $1,045.50) would be reduced to $0.00 to recoup the overpayment. The letter also provided a toll free number for Lawrence to call if he had any questions.

Lawrence's monthly benefits were indeed reduced to $0.00 effective July 1, 2007. In a letter dated September 5, 2007, the GM Benefits & Services Center wrote to Lawrence informing him that as of October 1, 2007, his monthly pension benefit

-7-

would be $837.50, and that beginning on that date, the Defendants would only reduce his monthly benefit by 50% ($418.75) to continue their recoupment of the overpayment. (Doc. 59, pp. 237-38; Doc. 50, Ex. A). The letter stated that Lawrence would receive a monthly payment of $418.75 from October 1, 2007 through March 1, 2014, and on April 1, 2014 he would receive a payment of $515.00. At that point, the Defendants would have recovered the entire overpayment and Lawrence's monthly benefit of $837.50 would be restored in full. The letter again concluded with a toll free number for Lawrence to call if he had any questions.

## C.    Lawrence's Attempts to Appeal the Reduction in his Benefits

Upon receipt of the May 14, 2007 letter concerning the $32,985.00 overpayment, Lawrence engaged in several attempts to challenge the decision to reduce his monthly benefits, with no success.

By letter dated June 16, 2007, Lawrence wrote to the General Motors Benefits & Service Center and to GMC as Plan Administrator challenging the Defendants' decision to reduce his monthly pension benefits as laid out in the May 14, 2007 letter. (Doc 59, pp. 253-327). Lawrence's letter, which consisted of 45 pages of argument and 23 exhibits, was entitled "Notice of Administrative Claim and Appeal of the Decision of The General Motors Corp. Decision Dated May 14, 2007." (Id., p. 253). The letter stated that "[t]his is my attempt to exhaust my administrative remedies under the Supplemental Agreement Covering the GM/UAW pension Plan that was in effect

-8-

at the time that I retired on March 1, 1993." (Id.). In the letter, Lawrence attacked the validity of the original 1999 IRS Notice of Levy, and the Defendants' authority to recover overpayments by reducing his monthly pension benefits.

Lawrence sent this letter via certified mail. There is no dispute that the Defendants received the letter. However, there is no evidence that anyone from the GM Plan or GMC ever responded to the letter.

On June 25, 2007, Lawrence sent a second 54-page letter plus exhibits to the General Motors Benefits & Service Center and GMC (Doc. 59, pp. 328-411). This second letter, entitled "Amended and Supplemental Notice of Administrative Claim and Appeal of the Decision of the General Motors Corp. Decision Dated May 14, 2007" again challenged the decision to reduce his monthly pension benefits to recoup the $32,985.00 overpayment. The second letter also reiterated that Lawrence was attempting to exhaust his administrative remedies under the Supplemental Agreement. (Id., p. 329).

The General Motors Benefits & Services Center responded to Lawrence's June 25, 2007 letter on July 11, 2007 (Doc. 59, p. 239). The Center simply repeated the fact that Lawrence had received an overpayment in the amount of $32,985.00, and reiterated the terms by which his monthly benefits would be reduced until the Plan recouped the overpayment. The Center did not acknowledge that Lawrence was attempting to exhaust his administrative remedies and/or dispute the reduction in his

-9-

monthly benefits, and did not provide Lawrence with any guidance as to how he could further pursue his administrative remedies.

Lawrence wrote to the General Motors Benefits & Services Center again on June 20, 2007, requesting a copy of the Supplemental Agreement in effect on the date he retired from GMC (Doc. 59, p. 252a). On July 2, 2007, the Center responded, instructing Lawrence to contact his Union Benefit Representative or Retiree Relations to obtain the document. (Doc. 59, p. 240).

On July 10, 2007, Lawrence wrote to the Plan Administrator requesting copies of the Summary Plan Description, latest annual report, the collective bargaining agreement in effect in 1993, and any other documents under which the GM Plan was established and operated (Doc. 59, pp. 245-46). On July 30, 2007, Preston M. Crabill, Director, Pension & Savings Plans for GMC responded to Lawrence's request, and provided Lawrence with a copy of the GM Hourly-Rate Employee Pension Plan and the Summary Plan Description for GM Hourly Retirees and Eligible Survivors (Doc. 59, p. 244).

On July 11, 2007, Lawrence sent a third letter to the General Motors Benefits & Services Center and GMC, entitled "Amended and Supplemental Notice of Administrative Claim and Appeal of the Decision of the General Motors Corp. Decision Dated May 14, 2007" (Doc. 59, pp. 412-550). The letter again stated that Lawrence was attempting to exhaust his administrative remedies and appeal the decision to reduce his monthly benefits to account for the overpayment. The letter consisted of

-10-

106 pages of argument attacking the IRS levy and the Defendants' authority to recover overpayments.

There is no evidence that anyone from either the General Motors Benefits & Services Center or GMC responded to Lawrence's July 11, 2007 letter. Lawrence then filed suit in this Court 90 days later.

## II.    Procedural History

Lawrence filed his original complaint against the GM Plan and GMC on October 9, 2007 (Doc. 1). He filed an amended complaint on February 29, 2008 (Doc. 47) alleging three claims against the Defendants: (1) a claim under 29 U.S.C. §§ 1056 and 1132(a)(1)(B) to recover the benefits the Defendants have recouped for the overpayment to Lawrence (Count I); (2) a claim against GMC as Plan Administrator for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3) (Count II); and (3) a claim against GMC as Plan Administrator for failure to provide Lawrence with copies of the Plan documents upon request pursuant to 29 U.S.C. § 1132(c)(1) (Count III).[2] Lawrence seeks monetary damages in the amount of the recouped benefits, liquidated damages, attorney's fees, and costs.

On February 13, 2008, the United States Magistrate Judge held a case management conference. At that hearing, the Magistrate Judge directed the Parties

---

[2]Although Lawrence does not specify which Defendants are the subject of each claim, it is clear that Counts II and III can only be brought against GMC in its role as Plan Administrator and plan fiduciary.

to file memoranda concerning the appropriate standard of review for Lawrence's ERISA claims, and whether Lawrence was entitled to discovery (Doc. 37).   After a review of the Parties' submissions (Docs. 45, 50), the Magistrate Judge determined that the appropriate standard of review for this case is the arbitrary and capricious standard, and that Lawrence was not entitled to any discovery outside of the administrative record (Doc. 71).   The Defendants filed the administrative record on April 1, 2008. (Doc. 59).

In addition to the standard of review dispute, the Parties have filed cross motions for summary judgment (Docs. 35, 51, 68), and Lawrence has moved to strike two of the Defendants' affirmative defenses (Doc. 65, 79).   Lawrence has also filed assorted motions seeking to challenge the IRS levy (Doc. 81), for sanctions against the Defendants (Doc. 88), to reconsider the Magistrate Judge's Order on discovery and the standard of review (Doc. 76), and a motion for recusal based on this Court's delay in ruling on Lawrence's motions (Doc. 90).   In response, the Defendants have filed several motions to strike (Docs. 74, 80, 83). All of these motions have been responded to and are ripe for disposition.

Before the Court reached the merits of these motions, GMC filed a Notice of Bankruptcy stating that on June 1, 2009, GMC filed a voluntary petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code (Doc. 93). As such, all claims against GMC, and all further proceedings involving GMC in this case are stayed

pursuant to the automatic stay provisions of 11 U.S.C. § 362(a). Therefore, the Court

will proceed only on those claims and motions involving the GMC Plan.[3]

### Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c)(2), the entry of summary

judgment is appropriate only when the Court is satisfied that "the pleadings, the

discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." In applying this standard, the Court must examine the materials on file

and record evidence "in the light most favorable to the nonmoving party." Samples on

Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme

Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the

initial burden of establishing the nonexistence of a triable issue of fact. If the movant

---

[3]The only claim asserted against the GMC Plan is Count I – the claim for recovery of benefits under § 1132(a)(1)(B). The Court is aware that in this Circuit claims under §1132(a)(1)(B) for an award of benefits are normally considered claims for equitable relief, which may only be brought against the Plan Administrator. Hunt v. Hawthorne Assoc., Inc., 119 F.3d 888, 907-08 (11th Cir. 1997). However, this is not such a claim. Lawrence is not seeking an order enjoining GMC or any other entity to award him continuing benefits or to declare that Lawrence is qualified for or entitled to pension benefits. Rather, Lawrence is alleging that the GM Plan's temporary reduction of his existing monthly pension benefits to recover an accidental overpayment of $32,985.00 violates his rights under 29 U.S.C. § 1056, and is seeking recovery of the precise amounts withheld plus interest (See Doc. 47, p. 13). This is clearly a claim for monetary or legal relief, which can be readily calculated and "shall be enforceable only against the plan as an entity and shall not be enforceable against any other person . . . ." 29 U.S.C. §1132(d)(2). Indeed, in the converse situation where a Plan seeks to recoup benefits overpayments, such claims are brought by the Plan itself and are considered claims for legal relief. See International Painters and Allied Trades Industry Pension Fund v. Aragones, 642 F. Supp. 2d 1329 (M.D. Fla. 2008). Thus Lawrence's challenge to the Plan's recoupment actions against him is also a claim for legal relief. Count I may therefore proceed in this Court and is not impacted by GMC's bankruptcy stay.

is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. Celetex, 477 U.S. at 324. See also Fed. R. Civ. P. 56(e)(2). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The material facts of this case are not in dispute and are established by the Administrative Record. The only remaining issues are questions of law. Accordingly, disposition of this case by summary judgment is appropriate.

### Discussion

Lawrence's claim against the GM Plan for recovery of benefits under §1132(a)(1)(B) is premised on his argument that the GM Plan improperly reduced his monthly benefits both to satisfy the IRS levy and to recover the overpayment to Lawrence, in violation of the terms of the GM Plan and the anti-alienation provisions of 29 U.S.C. § 1056.[4] This claim fails for several reasons.

---

[4] 29 U.S.C. § 1056 dictates the form and payment of pension benefits. As it pertains to this
(continued...)

I.    The Standard of Review

Before the Court can address the merits, the Court must first resolve a continuing dispute over the appropriate standard of review. On May 12, 2008, the Magistrate Judge concluded, based on the relevant language of the 2003 Supplemental Agreement, that the standard of review in this case is the arbitrary and capricious standard (Doc. 71). Since that ruling, Lawrence has filed numerous motions and other papers challenging the Magistrate Judge's decision, and asserting that the standard of review should be either *de novo* or "deemed exhausted."[5]

In Firestone Fire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Supreme Court held that review of ERISA claims under the arbitrary and capricious standard is appropriate where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115. See also Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1279 (11th Cir. 2005); Shaw v. Connecticut General Life Ins. Co., 353 F.3d 1276, 1282 (11th Cir.

---

[4](...continued)
case, § 1056 mandates that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." § 1056(d)(1). However, a plan participant may voluntarily enter into a revocable assignment of his or her pension benefits not to exceed 10% of any benefit payment. § 1056(d)(2).

[5]Lawrence apparently derived this "deemed exhausted" standard from an ERISA regulation stating that where a Plan does not provide a reasonable procedure to appeal benefits decisions, or does not follow those procedures, the Court may "deem" any appeal to be "exhausted" and the beneficiary may immediately proceed to litigation. See 29 C.F.R. §2560.501-1(l). This regulation does not relate to or impact the law governing standards of review for ERISA benefits claims.

-15-

2003).  The 2003 Supplemental Agreement – the Agreement in effect at the time the

decision was made to collect the overpayment from Lawrence's monthly benefits[6] –

clearly delegates to the Board of Administration the responsibility for considering

appeals from decisions concerning benefits, and that such decisions are binding and

enforceable.  (Doc. 59, pp. 9, 11).  The 2003 Supplemental Agreement also explicitly

states that the decisions of the Board are to be reviewed under the "arbitrary and

capricious standard of judicial review."  (Doc. 59, p. 9).

Lawrence mistakenly refers to the anti-alienation provisions of the GM Plan and

other provisions concerning the Board's lack of authority to modify the terms of the GM

Plan and/or the Supplemental Agreement, and argues that the absence of any

language in those particular sections giving the Board discretion necessarily mandates

a *de novo* standard of review.  However, Lawrence ignores Sections 3(a) and 3(c) of

the 2003 Supplemental Agreement which clearly give the Board the authority to render

decisions concerning pension benefits – without qualification – and states that the

decisions of the Board are final and non-appealable.

---

[6]Lawrence urges the Court to limit its consideration to the language in the 1990
Supplemental Agreement, which was in effect at the time Lawrence began receiving pension
benefits.  However, the 1999 Supplemental Agreement was superseded by the 2003
Supplemental Agreement – which was created through the collective bargaining process between
GMC and the Union and is binding on both sides.  (Doc. 59, pp. 6-7).  Therefore, the 2003
Supplemental Agreement – the plan that was in effect at the time the decision being challenged
was made – governs this case.  In any event, this is largely a distinction without a difference as
the 1990 Supplemental Agreement also affords the Board of Administration with discretionary
authority, and states that all rulings by the Board are final and binding on the Union and GMC
(Doc. 59, p. 179).

The language contained in the Agreement concerning the Board's authority is clear and unambiguous, and under applicable Eleventh Circuit precedent, mandates the application of the arbitrary and capricious standard of review. Moreover, the Sixth Circuit has considered this exact language and held that the proper standard of review is arbitrary and capricious. See Lord v. General Motors Corp., 39 F.3d 1182, 1994 WL 592944 at ** 1-2 (6th Cir. 1994); Roberson v. General Motors Corp., Detroit Diesel Allison Div., 801 F.2d 176, 179-180 (6th Cir. 1986). Accordingly, the Court will review the decision to reduce Lawrence's monthly benefits using the arbitrary and capricious standard of review. The portions of Lawrence's summary judgment motions addressing the standard of review (Docs. 35, 68), as well as Lawrence's Motion to Reconsider the Magistrate Judge's Order (Doc. 76) shall be denied.[7]

II.    Exhaustion of Administrative Remedies

Section 503 of ERISA, 29 U.S.C. § 1133, requires that every employee benefit plan include a procedure affording participants review of an adverse decision of a claim for benefits. See also 29 C.F.R. § 2560.503-1(b) (requiring employee benefit plans to establish and maintain "reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations"). "The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available

---

[7]Lawrence has not argued that a conflict of interest exists such that the heightened arbitrary and capricious standard of review should apply, and there is no evidence of such a conflict. See Bruch, 489 U.S. at 115.

administrative remedies before suing in federal court." <u>Bickley v. Caremark RX, Inc.</u>, 461 F.3d 1325, 1328 (11th Cir. 2006) (quoting <u>Counts v. Amer. Gen'l Life & Acc. Ins. Co.</u>, 111 F.3d 105, 108 (11th Cir 1997)). This exhaustion requirement applies equally to claims for benefits and claims for violations of ERISA itself. <u>Perrino v. S. Bell Tel. & Tel. Co.</u>, 209 F.3d 1309, 1316 n. 6 (11th Cir. 2000).

The GM Plan contends that it is entitled to summary judgment because Lawrence failed to comply with and exhaust the appeals procedure provided for in the Plan. That procedure is set forth in Section K of Appendix D of the 2003 Supplemental Agreement and requires that an employee who disputes a pension determination must file with the GM Benefits & Services Center a written claim on form BA 1 "Employee Claim to Pension Committee." (Doc. 59, p. 72). If the employee is not satisfied with the Pension Committee's decision, the employee may request the Pension Committee – in writing on form BA 1 – to refer the case to the Board of Administration for decision. (Id.). If the Pension Committee cannot agree upon the disposition of a claim, the Pension Committee shall refer the claim to the Board on form BA 2 "Notice of Appeal to Board of Administration." All materials with respect to an appeal must be mailed to the Secretary, Pension Board of Administration, and all requests for forms BA 1 and BA 2 must be made to the Secretary. (Id.).

In addition, the Summary Plan Description for the GM Plan provides that a beneficiary may appeal a pension decision to his local pension committee. (Doc. 59, p. 156). If the beneficiary does not agree with the committee's decision, the beneficiary

-18-

can then appeal to the Board of Administration.[8]  (Id.).  There is no dispute that Lawrence received copies of both the 2003 Supplemental Agreement and the Summary Plan Description from GMC on or about July 30, 2007 (see Doc. 59, p. 244), therefore the Court concludes that Lawrence was aware of the dispute procedures available to him.

The GM Plan argues that Lawrence did not comply with the appeals procedures when he sent three letters to the GM Benefits & Services Center and the Plan Administrator.   It is undisputed that Lawrence never addressed any of his correspondence to the Secretary, Pension Board of Administration or to his local pension committee, and never used forms BA 1 or BA 2.  This Circuit strictly enforces the exhaustion requirement on plaintiffs bringing ERISA claims, Perrino, 209 F.3d at 1315, therefore, unless Lawrence can establish that resorting to the GM Plan's administrative remedies "would be futile or the remedy inadequate," or that Lawrence was denied "meaningful access" to the administrative review scheme, his claim in this Court must fail. Id., at 1316. Lawrence has made no such showing – and in fact does not even argue this point.

Instead, Lawrence contends that the appeals and claims procedures do not apply to him because the administrative remedy scheme only mentions "employees,"

---

[8]ERISA mandates that employees and beneficiaries be provided a Summary Plan Description that gives details of the benefits provided by the Plan, and articulates the claims procedure available to present and adjudicate ERISA claims.  See 29 U.S.C. §§ 1021-22; 29 C.F.R. § 2560.503-1(b)(2)(A)-(B).

and Lawrence is not an "employee" as defined by the 2003 Supplemental Agreement.[9] Lawrence is correct that the appeals process described in the 2003 Supplemental Agreement only lists "employees" and does not use the terms "retirees," "former employees," "ex-employees," or "beneficiaries." Lawrence is further correct that the Agreement defines "employees" as persons who currently work for GMC and does not include retirees or former employees. (Doc. 59, pp. 51-52).

However, it is clear that the 2003 Supplemental Agreement covers all current and former employees – indeed Lawrence himself is seeking to enforce his rights under the Agreement. It is equally clear that the administrative remedies provisions were intended to cover retirees and beneficiaries. The provisions expressly describe how to dispute claims over the computation of pension benefits and supplements, partial or complete suspension of supplements, and credited service – all issues which would only impact a retiree. See Bickley, 461 F.3d at 1329-30 (holding that plan participants who asserted claim for breach of fiduciary duty were not excused from exhausting administrative remedies even though the plan language did not expressly mention fiduciary claims); Perrino, 209 F.3d at 1316-17 ("Our prior precedent makes clear that the exhaustion requirement for ERISA claims should not be excused for technical

---

[9]Lawrence alternatively argues that he complied with the administrative procedures when he mailed his letters to the Plan Administrator at the address provided in his Summary Plan Description. However, as the Summary Plan Description and the 2003 Supplemental Agreement make clear, the claim must be mailed to the GM Benefits & Services Center and appeals mailed to the Board; not to the Plan Administrator.

violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy). Thus, in this case, the 2003 Supplemental Agreement provided Lawrence with meaningful access to an administrative remedy procedure.

The Court is also persuaded by the fact that several other courts have held that language identical to that in the 2003 Supplemental Agreement applies to retirees and other non-employees even though those persons are not specifically identified in the appeals procedure. See Pitchford v. General Motors Corp., 248 F. Supp. 2d 675, 678 n. 1 (W.D. Mich. 2003) (if former employee had properly asserted an ERISA claim, such claim would not be actionable because former employee failed to exhaust administrative remedies set forth in the Supplemental Agreement); Lloyd v. General Motors Hourly Rate Employees Pension Plan, 1 Fed. Appx. 789, 790 (10th Cir. 2001) (retiree's failure to exhaust administrative remedies open to him under the GM Plan barred his claims under ERISA); Duncan v. General Motors Corp., 2006 WL 375343 (W.D. Ark. 2006) (staying case to allow spouse seeking survivor benefits under the GM Plan to exhaust administrative remedies as set forth in the Plan); Moniz v. G.M.C., 2000 WL 1375285 (N.D. Cal. Sept. 18, 2000) (holding that court did not have jurisdiction over the claims of 22 former employees of GMC who failed to exhaust the GM Plan's administrative remedies) .

Accordingly, the Court concludes that summary judgment is warranted in the GM Plan's favor based on Lawrence's failure to exhaust his administrative remedies. Lawrence's motions for summary judgment are also due to be denied.[10]

### III.    The Decision to Reduce Lawrence's Pension Benefits Was Not Arbitrary or Capricious

Even if Lawrence had exhausted his administrative remedies – or established that such exhaustion would be futile – his claim against the GM Plan would fail on its substantive merits.    Lawrence attacks both the GM Plan's initial reduction of his pension benefits to satisfy the 1999 IRS Notice of Levy, and the GM Plan's later reduction of his benefits to account for the $32,985.00 overpayment.    However, in both instances the GM Plan's actions were authorized under applicable federal law and therefore were not arbitrary or capricious.

### A.    The 1999 IRS Notice of Levy

Lawrence is attempting to use his ERISA claims before this Court to challenge the 1999 IRS Notice of Levy.    The Notice of Levy the IRS sent to the Defendants contains a statement that "This levy won't attach funds in IRAs, self-employed individuals' retirement accounts or any other retirement plans in your possession or control, unless it is signed in the block to the right." (Doc. 59, p. 300).    The block was not signed.    Lawrence thus argues that the Notice of Levy was invalid and that the GM

---

[10]Lawrence's renewed motion to strike the GM Plan's affirmative defense on exhaustion of administrative remedies is also due to be denied for the reasons set forth in the Magistrate Judge's Order of January 28, 2008 (Doc. 28).

Plan violated his ERISA rights when it complied with the Levy and reduced his pension to satisfy the IRS Notice of Levy.

There is no evidence (or argument by Lawrence) that he ever attempted to challenge the Notice of Levy until June 2007. Putting aside any statute of limitations questions, this is not the proper forum in which to challenge – and the GM Plan is not the proper entity to defend – the validity of an IRS Notice of Levy. The GM Plan did not cause the Notice of Levy to issue, it merely complied with its dictates. Any challenges to the Notice of Levy, or to the IRS sending the Notice of Levy to the Defendants, must be brought against the IRS itself. See e.g., 26 U.S.C. § 6331 (authorizing the IRS to collect unpaid taxes by way of levy on a taxpayer's property); 26 U.S.C. § 6330(c)(2) (providing a hearing procedure by which a taxpayer may raise any challenges to a proposed levy); 26 C.F.R. § 301.6331-1(c)(3) (where a levy is complied with, taxpayers and third parties who have an interest in the property surrendered in response to the levy may secure administrative relief from the IRS or bring suit to recover property under 26 U.S.C. §7426). See also Busby v. IRS, 1997 WL 364507, * 3 (S.D. Fla. Feb. 23, 1997) ("However, even if Plaintiff's property was collected in error or the levy was invalid, the recourse for a plaintiff who has been taxed unjustly or in error by the federal government is the above-referenced tax refund suit.").

Moreover, Lawrence has failed to present any legal authority to support his argument that the GM Plan should not have enforced the Notice of Levy and reduced his pension benefits. To the contrary, the law is clear that despite any alleged

-23-

procedural deficiencies in the Notice, the GM Plan was obligated to comply with it upon receipt. See 26 U.S.C. § 6332(a) (directing any person in possession of property or rights to property subject to levy upon which a levy has been made to surrender such property or rights to the Secretary). This obligation extends to the levy of pension benefits, and trumps the anti-alienation provisions of § 1056. Section 6334 of the Internal Revenue Code specifically exempts certain property from levy, but does not exempt pension plan benefits from collection. 26 U.S.C. § 6334. See also 26 C.F.R. §301.6331-1(a); 26 C.F.R. § 1.401(a)-13(b)(2)(I); Shanbaum v. United States, 32 F.3d 180, 183 (5th Cir. 1994) (finding no merit to plaintiff's argument that ERISA's anti-alienation provisions exempt pension benefits from an IRS levy).

Further, if the GM Plan had refused to honor the levy, it would have been liable to the IRS for the value of Lawrence's pension benefits not surrendered, plus costs and interest from the date of the levy. See 26 U.S.C. § 6332(d)(1); United States v. Ruff, 99 F.3d 1559, 1563 (11th Cir. 1996). The GM Plan could also have been subject to an additional penalty of up to 50% of the value of the benefits not surrendered. §6332(d)(2). An entity such as the GM Plan served with a notice of levy "has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of the property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." United States v. National Bank of Commerce, 472 U.S. 713, 727 (1985). Lawrence has not alleged either of these conditions precedent; therefore, he cannot now attack the GM Plan's compliance with the Notice of Levy.

-24-

Lastly, the law is equally settled that once the GM Plan complied with the IRS Notice of Levy, it was absolved of all liability:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). See also Carmen v. Parsons, 789 F. 2d 1532, 1534 (11th Cir. 1986) (defendant sued for paying out funds pursuant to IRS levies immune from liability as a matter of law by virtue of 26 U.S.C. § 6332(d)); Busby, 1997 WL 364507 at * ("The mere fact of compliance . . . with the Notice of Levy filed by the IRS does not give rise to a claim upon which relief may be granted.").

Accordingly, Lawrence cannot sue the GM Plan, under ERISA or any other legal theory, based on the GM Plan's compliance with the 1999 IRS Notice of Levy, regardless of whether any procedural deficiencies existed in the Notice of Levy itself. Rather, it is clear that the GM Plan's compliance with the Notice of Levy was in accordance with applicable law, and therefore, its actions were not arbitrary or capricious. For this reason, the GM Plan is entitled to summary judgment on the portion of Lawrence's claim attacking the Notice of Levy.[11]

---

[11]For the same reasons, Lawrence's motion to determine if the statute of limitations has expired on the IRS Notice of Levy (Doc. 81), which is an attack on the merits of the levy itself, is

(continued...)

## B.    Recoupment of the Overpayment

Lawrence next challenges the GM Plan's reduction of his monthly pension benefits starting in July 2007 to recoup the $32,985.00 overpayment as violating §1056(d)(1); and 26 CFR § 1.401(a)-13(d)(1)(I); both of which limit a pension plan's assignment or alienation of benefits to 10% of the monthly benefit, and require the beneficiary to acquiesce in the assignment.    Lawrence also points to the 2003 Supplemental Agreement, which contains language tracking the anti-alienation provisions of § 1056 and the 10% limit. (Doc. 59, pp. 47-48).    According to Lawrence, the GM Plan violated these provisions when it reduced his benefits without receiving his prior written authorization, and in an amount exceeding the 10% cap.

Section 206(d)(1) of ERISA mandates that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated."    29 U.S.C. §1056(d)(1).    In accordance with the mandates of § 1056,  the 2003 Supplemental Agreement contains a lengthy anti-alienation provision which tracks the language of that statute.    In particular, the Agreement states that a retired employee may agree in writing to have an amount of not less than $80.00, but no more than 10% of the retired employee's monthly benefit withheld to repay "any outstanding overpayment owing to any benefit plan of the Corporation." (Doc. 59, p. 48).    In this case, the GM Plan reduced Lawrence's monthly benefit by 100% for a few months, and then by 50%

---

[11](...continued)
also due to be denied.

thereafter, without ever receiving any written acquiescence from Lawrence. Thus, it would seem that the GM Plan has violated both the terms of the 2003 Supplemental Agreement and the dictates of §1056.

In response, the GM Plan states that it has interpreted the anti-alienation provisions contained in the 2003 Supplemental Agreement – in particular the 10% overpayment limitation – to only apply to overpayments made by <u>other</u> benefits plans, and not to overpayments made by the GM Plan itself. As discussed below, the Court finds that this interpretation of the Agreement's anti-alienation provision is reasonable and in accordance with applicable law, and therefore cannot be arbitrary or capricious. <u>Collins v. American Cast Iron Pipe Co.</u>, 105 F.3d 1368, 1370 (11th Cir 1997) ("The first step in reviewing the benefits decision of an ERISA plan administrator is determining whether the administrator's interpretation of the Plan was legally correct. . . . If the administrator's interpretation was correct, then the inquiry ends."). <u>See also Jett v. Blue Cross & Blue Shield of Ala., Inc.</u>, 890 F.2d 1137, 1140 (11th Cir. 1989) ("As long as a reasonable basis appears for [the] decision, it must be upheld as not being arbitrary and capricious, even if there is evidence that would support a contrary decision."); <u>Carnaghi v. Phoenix American Life Ins. Co.</u>, 238 F. Supp. 2d 1373 (N.D. Ga. 2002) ("Under the line of cases dealing with the legal interpretation of the plan, if the administrator's interpretation was legally correct, the inquiry ends because the conclusion would be the same under any of the three standards of review.").

It does not appear that the Eleventh Circuit has directly addressed the intersection of the anti-alienation provisions of 29 U.S.C. § 1056 and the recovery of an overpayment of benefits by the plan itself. The answer instead can be found in the Treasury Regulations, which expressly state that the terms "assignment" or "alienation" for purposes of § 1056 do not include any arrangement for the recovery by the plan of overpayments of benefits previously made to a participant. 26 C.F.R. § 1.401(a)-13(c)(2)(iii). This is so because the anti-alienation provisions apply only to setoffs of the beneficiary's prospective rights and benefits against external claims, not to funds that have been paid out in error (overpayments) by the Plan itself. Thus, nothing is being alienated when a pension plan is merely recovering funds that it previously gave to the beneficiary, and which the beneficiary was never entitled to. A person who owes the plan money is simply treated as having been paid in advance and is not entitled to a resumption of payments until there is a net balance due from the Plan.

Several courts in other Circuits have analyzed this regulation, and have uniformly held that a plan's recoupment of an overpayment made to a beneficiary does not afoul of § 1056's anti-alienation provisions. See Trucking Employees of North Jersey Welfare Fund, Inc. v. Colville, 16 F.3d 52 (3rd Cir. 1994); Coar v. Kazimir, 990 F.2d 1413, 1422 (3rd Cir. 1993); Palmer v. Johnson & Johnson Pension Plan, 2009 WL 3029794 (D.N.J. Sept. 17, 2009); In re Radcliffe, 390 B.R. 881 (N.D. Ind. 2008); Eubanks v. Prudential Ins. Co. Of America, 336 F. Supp. 2d 521, 531-32 (M.D.N.C. 2004); Tucker v. General Motors Ret. Program, 949 F. Supp. 47, 55 (D. Mass. 1996).

-28-

The Court agrees with this body of authority and holds that the GM Plan's recoupment of the $32,985.00 overpayment it made to Lawrence – and the interpretation of the anti-alienation language in the 2003 Supplemental Agreement to apply only to overpayments made by other benefits plans – was both legally correct and not arbitrary and capricious. Accordingly, the Court concludes that both § 1056 and the anti-alienation provisions of the 2003 Supplemental Agreement do not apply to Lawrence and, therefore, his argument that he never gave written authorization to reduce his monthly benefits is without merit.[12]

Lawrence's final argument is that the GM Plan was precluded from recouping its overpayment from his pension benefits by virtue of his 2001 Bankruptcy Petition, filed in the Northern District of Florida. In re: Walter J. Lawrence, Case No. 01-70047-TLH4. In particular, Lawrence points to a May 8, 2001 Order from the United States Bankruptcy Judge stating that the exemptions claimed by Lawrence for various property had been automatically granted. (Doc. 59, p. 323). Included in the exempt property is Lawrence's pension benefits and rights under the GM Plan (Id., p. 324). Because Lawrence's pension benefits and rights were deemed exempt from property of the bankruptcy estate pursuant to 11 U.S.C. § 522, Lawrence claims that his pension

---

[12]Lawrence also alleges, without any evidence in support, that he has voluntarily paid to the IRS the amount of $32,985.00. Even if that is true, such payment has no bearing on the undisputed fact that for 30 months, the GM Plan made payments to the IRS on behalf of Lawrence's tax obligations, while simultaneously paying Lawrence his pension benefits, thereby creating an overpayment which the GM Plan was within its rights to recoup.

benefits were also protected from any recoupment or levy actions on the part of the GM Plan.

This argument fails for several reasons. First, a tax debt is not dischargeable during bankruptcy and can continue to be collected during the pendency of bankruptcy proceedings. 26 U.S.C. § 523; In re Chastang, 116 B.R. 833, 834 (M.D. Fla. 1990). Second, Lawrence's pension benefits were admittedly exempt from the bankruptcy estate, and therefore could be subject to levy. 26 C.F.R. § 301.6871(a)-2(a). See also In re DeMarah, 62 F.3d 1248 (9th Cir. 1995) (debtor cannot avoid federal tax liens on exempt property in bankruptcy). Thus, to the extent Lawrence is again challenging the GM Plan's enforcement of the 1999 IRS Notice of Levy, that argument is unavailing.

Lawrence also cannot hide behind his bankruptcy to avoid the GM Plan's recoupment of its overpayment. Recoupments of overpayments do not violate the automatic stay provisions of 11 U.S.C. § 362. They also are not prohibited by 11 U.S.C. § 542(a)(2), which precludes a creditor from attempting to setoff a debt against personal property of a debtor following a discharge in bankruptcy. In re Jones, 289 B.R. 188, 191-93 (M.D. Fla. 2002) (attachment of former employee's disability benefits to recover benefit overpayments did not violate discharge injunction).

The most compelling reason for rejecting Lawrence's argument is the fact (notably omitted by Lawrence himself), that his bankruptcy estate was closed on December 28, 2001. See In re Lawrence, Case No. 01-70047-TLH4 (Docket Entry. 73). Since that time, Lawrence has filed a host of motions for reconsideration and

-30-

appeals, none of which have been successful. The GM Plan's overpayment to Lawrence did not commence until January 2005 – more than three (3) years _after_ Lawrence's bankruptcy estate was closed. Thus, the monies the GM Plan is in the process of recouping did not exist at the time of Lawrence's bankruptcy, and were never part of the bankruptcy estate. For all these reasons, the Court concludes that Lawrence's 2001 Bankruptcy Petition does not preclude the GM Plans' recoupment actions, and does not render those actions arbitrary or capricious.

The GM Plan is entitled to summary judgment in its favor with respect to Lawrence's claims relating to the recoupment of the $32,985.00 overpayment.

### Conclusion

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)    Plaintiff's Motion for Summary Judgment (Doc. 35) is DENIED as to Defendant General Motors Hourly-Rate Employees Pension Plan;

(2)    Defendants' Cross-Motion for Summary Judgment (Doc. 51) is GRANTED as to Defendant General Motors Hourly-Rate Employees Pension Plan. The Clerk is directed to enter judgment in favor of Defendant General Motors Hourly-Rate Employees Pension Plan and against Plaintiff Walter J. Lawrence as to all claims. Defendant General Motors Hourly-Rate Employees Pension Plan's request for attorney's fees and costs is DENIED;

(3)    Plaintiff's Request for a Hearing on his Motion for Summary Judgment (Doc. 53) is DENIED AS MOOT;

(4)    Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defense of Failure to Exhaust Administrative Remedies Re: Defendants' Answer to Plaintiff's Amended Complaint (Doc. 65) is DENIED;

(5)    Plaintiff's Second Motion for Summary Judgment Re: Amended Complaint (Doc. 68) is DENIED as to Defendant General Motors Hourly-Rate Employees Pension Plan;

(6)    Plaintiff's Motion to Take Judicial Notice (Doc. 73) is DENIED;

(7)    Defendants' Motion to Strike Plaintiff's Motion for the Court to Take Judicial Notice (Doc. 74) is DENIED AS MOOT;

(8)    Plaintiff's Motion to Reconsider Magistrate Judge's Order (Doc. 76) is DENIED;

(9)    Plaintiff's Motion to Strike Defendants' Affirmative Defense # 6 (Doc. 79) is DENIED;

(10)    Defendants' Motion to Strike Plaintiff's Motion for the Court to Strike Defendant's Affirmative Defense (Doc. 80) is DENIED AS MOOT;

(11)    Plaintiff's Motion to Determine if the Statute of Limitations has Expired Re: IRS Notice of Levy Dated May 19, 1999, and Motion for Hearing (Doc. 81) are DENIED;

(12)   Defendants' Motion to Allow Their Counsel to Attend the Pre-Trial Conference by Telephone (Doc. 82) is DENIED AS MOOT;

(13)   Defendants' Motion to Strike Plaintiff's Motion to Determine the Statute of Limitations Re: IRS Levy (Doc. 83) is DENIED AS MOOT;

(14)   Plaintiff's Motion to Sanction Defendants' for Defendants' Failure to Comply With Federal Rule of Civil Procedure, Rule 26(a)(3) and This Court's Case Management and Scheduling Order Entered on the 25th Day of February, 2008 (Doc. 88) is DENIED AS MOOT;

(15)   Plaintiff's Motion to Recuse (Doc. 90) is DENIED for failure to satisfy the standards of 28 U.S.C. §§ 144 and 455. See United States v. Greenough, 782 F. 2d 1556, 1558 (11th Cir. 1986) ("a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."). The affidavit attached to the Plaintiff's motion is also not legally sufficient to warrant recusal under § 144, as it does not allege facts that would convince a reasonable person that bias actually exists. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

(16)   Plaintiff's Motion for the Court to Rule on Plaintiff's Pending Motions (Doc. 92) is DENIED AS MOOT.

(17)   Pursuant to Defendant General Motors Corporation's Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motor Corporation and all further proceedings against General Motors Corporation in this case are STAYED. Because the remaining claims in this case are now dormant, the Clerk is

-33-

directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 21st day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court

Middle District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 9/24/2010 at 4:34 PM EDT and filed on 9/24/2010
**Case Name:**    Lawrence v. General Motors Hourly-Rate Employees Pension Plan et al
**Case Number:**    5:07-cv-00408-WTH-KRS
**Filer:**
**Document Number:** 96

**Docket Text:**
ORDER denying [35] Plaintiff's Motion for summary judgment as to Defendant General Motors Hourly-Rate
Employees Pension Plan; granting [51] Defendant General Motors Hourly-Rate Employees Pension Plan's cross-
motion for summary judgment and directing the entry of judgment in favor of this Defendant and against the Plaintiff;
denying Defendant General Motors Hourly-Rate Employees Pension Plan's request for attorney's fees and costs;
denying as moot [53] Plaintiff's Motion for Hearing; denying [65] Plaintiff's Renewed Motion to strike affirmative
defense; denying [68] Plaintiff's Second Motion for summary judgment as to Defendant General Motors Hourly-Rate
Employees Pension Plan; denying [73] Plaintiff's Motion to Take Judicial Notice; denying as moot [74] Defendants'
Motion to strike Plaintiff's Motion to Take Judicial Notice; denying [76] Plaintiff's Motion for reconsideration of
Magistrate Judge's Order; denying [79] Plaintiff's Motion to strike affirmative defense; denying as moot [80]
Defendants' Motion to strike affirmative defense and/or determine if the statute of limitations has expired re: IRS Notice of Levy; denying [81] Plaintiff's Motion for Hearing;
denying as moot [82] Defendants' Motion to Appear Telephonically at pretrial conference; denying as moot [83]
Defendants' Motion to strike Plaintiff's motion to determine the statute of limitations; denying as moot [88] Plaintiff's
Motion for sanctions; denying [90] Plaintiff's Motion for recusal; denying as moot [92] Plaintiff's Motion to rule on
pending motions. Pursuant to Defendant General Motors Corporations Notice of Bankruptcy (Doc. 93) and 11 U.S.C.
□ 362, all claims against Defendant General Motor Corporation and all further proceedings against General Motors
Corporation in this case are STAYED. Because the remaining claims in this case are now dormant, the Clerk is
directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case,
subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted,
or for other good cause shown. Signed by Senior Judge Wm. Terrell Hodges on 9/21/2010. (LRH)

**5:07-cv-00408-WTH-KRS Notice has been electronically mailed to:**

Peter W. Zinober zinoberp@gtlaw.com, calvertr@gtlaw.com

Cynthia L. May mayc@gtlaw.com, ramosr@gtlaw.com

David M. Davis dmd@hardylewis.com

Mark D. Filak mdf@hardylewis.com

**5:07-cv-00408-WTH-KRS Notice has been delivered by other means to:**

Walter J. Lawrence
Box #103
2609 N. Forest Ridge Blvd.
Hernando, FL 34442

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=9/24/2010] [FileNumber=8067960-0
] [888c2a02df744fde865bdc8e9137756334b36c6f3be1a5f0e6b543eae5e76d2ecca

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

WALTER J. LAWRENCE,

             Plaintiff,

-vs-                                            Case No.  5:07-cv-408-Oc-10KRS

GENERAL MOTORS HOURLY-RATE
EMPLOYEES PENSION PLAN, GENERAL
MOTORS CORPORATION,

             Defendants.

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came for hearing before the Court.  The issues have been heard and a decision has been rendered.


   **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order that was entered on September 21, 2010, Defendants' Cross-Motion for Summary Judgment is GRANTED as to Defendant General Motors Hourly-Rate Employees Pension Plan. Judgment is entered in favor of General Motors Hourly-Rate Employees Pension Plan and against Plaintiff Walter J. Lawrence as to all claims.


Date:   September 27, 2010

                          SHERYL L. LOESCH, CLERK

                          _____s/ M. Taylor_____
                          By:    M. Taylor, Deputy Clerk

Copies furnished to:

Counsel of Record
Unrepresented Parties

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

## Other Orders/Judgments

5:07-cv-00408-WTH-KRS Lawrence v. General Motors Hourly-Rate Employees Pension Plan et al

TRLSET

### U.S. District Court

### Middle District of Florida

## Notice of Electronic Filing

The following transaction was entered on 9/27/2010 at 12:02 PM EDT and filed on 9/27/2010
**Case Name:**        Lawrence v. General Motors Hourly-Rate Employees Pension Plan et al
**Case Number:**      5:07-cv-00408-WTH-KRS
**Filer:**
**Document Number:** 97

**Docket Text:**
**JUDGMENT in favor of General Motors Hourly-Rate Employees Pension Plan against Walter J. Lawrence. Civil appeals checklist attached. Signed by Deputy Clerk on 9/27/2010. (MJT)**

**5:07-cv-00408-WTH-KRS Notice has been electronically mailed to:**

Peter W. Zinober zinoberp@gtlaw.com, calvertr@gtlaw.com

Cynthia L. May mayc@gtlaw.com, ramosr@gtlaw.com

David M. Davis dmd@hardylewis.com

Mark D. Filak mdf@hardylewis.com

**5:07-cv-00408-WTH-KRS Notice has been delivered by other means to:**

Walter J. Lawrence
Box #103
2609 N. Forest Ridge Blvd.
Hernando, FL 34442

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=9/27/2010] [FileNumber=8070694-0
] [8d68a107e51d0b97eb0eb6bc2be80c25a3dabf6796a0c8945eb272be23970fcfc2e
a7a417f7af4aa07e7adf20c6152b581c8e474bc9714b7a88e46627b553682]]