PRESENTMENT DATE AND TIME: October 22, 2010 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: October 22, 2010 at 11:30 p.m. (Eastern Time)

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Attorneys for Movant Official Committee
of Unsecured Creditors Holding Asbestos-Related Claims*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,              :     Chapter 11 Case No.
          f/k/a General Motors Corp., *et al.*     :
                                                   :     09-50026 (REG)
                                                   :
                                                   :     (Jointly Administered)
                                                   :
                                                   :
-----------------------------------------------------------------x

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS THE COMMITTEE'S SERVICE AGENT *NUNC PRO TUNC* TO MARCH 5, 2010

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the

"Asbestos Claimants Committee" or "ACC") of Motors Liquidation Company and its

DOC# 348703

affiliated debtors and debtors in possession (collectively, the "**Debtors**"), by and through its counsel, Caplin & Drysdale, Chartered ("**Caplin & Drysdale**"), submits this application (the "**Application**"), pursuant to sections 105(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order (the "**Order**"), attached hereto as Exhibit A, authorizing the ACC's employment and retention of Epiq Bankruptcy Solutions, LLC ("**Epiq**") as service agent (the "**Service Agent**") for the ACC in connection with the Debtors' chapter 11 cases *nunc pro tunc* to March 5, 2010. In support of this Application, the ACC submits the Declaration of Daniel C. McElhinney, Executive Director of Epiq (the "**McElhinney Declaration**"), which is annexed hereto as Exhibit B. In further support of the Application, the ACC respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors have continued to operate their business and manage their properties as debtors-in-possession.

4. On August 3, 2009, the Court signed an order granting Epiq's retention and employment *nunc pro tunc* to June 3, 2009 as the Information Agent to the Official Committee of Unsecured Creditors (the "**UCC**").

2

5. On March 2, 2010 (the "**Formation Date**"), the Office of the United States Trustee appointed the ACC, pursuant to section 1102 of the Bankruptcy Code.

## RELIEF REQUESTED

### Services to be Provided

6. By this Application, the ACC seeks entry of an order pursuant to Bankruptcy Code section 105(a) and 1103(a) authorizing the employment and retention of Epiq as its Service Agent *nunc pro tunc* to March 5, 2010.

7. The ACC believes that the retention of Epiq to assist the ACC with respect to service and similar administrative tasks will add to the effective administration of the chapter 11 cases (the "**Chapter 11 Cases**") and reduce the overall expense of administering these cases. With respect to the ACC, as it does for the UCC, Epiq will undertake the following actions and procedures:

> (a) Assist the ACC with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the ACC and its counsel.

### Epiq's Qualifications

8. Epiq is particularly well suited to perform the foregoing tasks. In the normal course of its business, Epiq is often called upon to serve documents and perform printing and related administrative tasks. Epiq is well qualified to assist the ACC in connection with the Chapter 11 Cases, as it does the UCC.

9. Epiq shall be compensated by the Debtors' estates for professional services rendered on behalf of the Committee in connection with the Chapter 11 Cases in accordance with the provisions of the retention agreement (and pricing schedule annexed thereto)

3

(together, the **"Retention Agreement"**) by and between the ACC and Epiq, a copy of which is annexed hereto as Exhibit C.

10. The ACC respectfully submits that the rates charged by Epiq are fair and reasonable, are the same as those charged by Epiq to the UCC, and have been negotiated with the ACC. Since the function served by Epiq is administrative in nature and one which Epiq already serves for the UCC, the ACC believes there will be increased efficiencies and a significant cost savings which ultimately inures to the benefit of the Debtors' estates and their creditors.

11. As the fees and expenses to be incurred by Epiq under the proposed engagement will be administrative in nature, the ACC submits that this Court should authorize the Debtors to compensate Epiq on a monthly basis in accordance with the terms and conditions of the Retention Agreement, upon Epiq's submission to the ACC, the Debtors and the United States Trustee of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith.

12. In addition, the ACC requests that the ACC, the Debtors and the United States Trustee shall have ten (10) days to advise Epiq of any objections to the monthly invoices. If an objection cannot be resolved, the ACC will schedule a hearing before this Court to consider the disputed invoice. Unless advised of an objection, the Debtors shall pay each Epiq invoice within thirty (30) days after the ten day review period, in the ordinary course of business. If an objection is raised to an Epiq invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if applicable, will pay the remainder to Epiq upon the resolution of the dispute or as directed by the Court.

4

### Epiq's Disinterestedness

13. Based upon the McElhinney Declaration, sworn to on October 13, 2010, annexed hereto as <u>Exhibit B</u> and incorporated herein by reference, to the best of Epiq's knowledge, except as may be set forth in the McElhinney Declaration, Epiq has and represents no interest adverse to the interests of the ACC or the Debtors' estates and the ACC believes that Epiq's employment will be in the best interests of the unsecured creditors holding asbestos-related claims, which the ACC represents. Although Epiq is the Information Agent to the UCC, there is no conflict with Epiq being retained as the Service Agent by the ACC.[1]

14. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapters 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

15. As set forth in the McElhinney Declaration, Epiq is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

16. To the extent that Epiq discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will supplement the McElhinney Declaration.

---

[1] As noted in the McElhinney Declaration, it is the ACC's understanding that Debtors intend to submit an application for Epiq to assist in the solicitation and tabulation of votes from holders of public debt securities in connection with a chapter 11 plan.

## NOTICE

17. Notice of this Application has been provided to: (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq. and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xi) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002.

## NO PRIOR REQUEST

18. The ACC has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the ACC requests the entry of an Order (a) granting the Application; and (b) granting such other or further relief as the Court deems appropriate.

Dated: New York, NY
October 15, 2010

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

/s/ Elihu Inselbuch
Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755
E-mail: ei@capdale.com; rct@capdale.com

Trevor W. Swett III
Kevin C. Maclay
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
E-mail: tws@capdale.com;
kcm@capdale.com

*Attorneys for Movant Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*