# EXHIBIT B

**PRESENTMENT DATE AND TIME:** October 22, 2010 at 12:00 p.m. (Eastern Time)
**OBJECTION DEADLINE:** October 22, 2010 at 11:30 a.m. (Eastern Time)

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Attorneys for Movant Official Committee*
*of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    Chapter 11 Case No.
    f/k/a General Motors Corp., *et al.*  :
                                                        :    09-50026 (REG)
                                                        :
                                                        :    (Jointly Administered)
                                                        :
                                                        :
                                                        :
------------------------------------------------------------x

**DECLARATION OF DANIEL C. MCELHINNEY IN SUPPORT**
**OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS HOLDING ASBESTOS-RELATED CLAIMS FOR ENTRY OF AN**
**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ**
**BANKRUPTCY SOLUTIONS, LLC AS THE COMMITTEE'S SERVICE**
**AGENT *NUNC PRO TUNC* TO MARCH 5, 2010**

357826

I, Daniel C. McElhinney, do hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Executive Director of Epiq Bankruptcy Solutions, LLC ("**Epiq**") and I am authorized to make and submit this declaration (the "**Declaration**") on behalf of Epiq. This Declaration is submitted in support of the Application of the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**") of Motors Liquidation Company (collectively, the "**Debtors**"), for authorization to retain Epiq as service agent ("**Service Agent**") in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to §§ 11 U.S.C. 105(a) and 1103(a) (the "**Application**") and to approve a related agreement, *nunc pro tunc* to March 5, 2010. The statements contained herein are based upon personal knowledge.

2. Epiq is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting and distribution. In the normal course of its business, Epiq is often called upon to serve documents and perform printing and related administrative tasks. The Official Committee of Unsecured Creditors (the "**UCC**") selected Epiq as its information agent for these cases, as set forth in the Application of the Official Committee of Unsecured Creditors of Motors Liquidation Company for Entry of an Order Authorizing the Employment and Retention of Epiq Bankruptcy Solutions, LLC as the Committee's Information Agent *Nunc Pro Tunc* to June 3, 2009, and associated papers and order. Epiq will perform service, printing and other administrative tasks for the ACC that it already performs for the UCC. As such, Epiq is well qualified to assist the ACC in connection with the Chapter 11 Cases.

3.      The ACC selected Epiq to serve as its Service Agent for these cases. Except as described herein, to the best of my knowledge, neither Epiq nor any of its employees have any relationship with the ACC or the Debtors that would impair Epiq's ability to serve as Service Agent.

4.      In addition to serving as Information Agent for the UCC, it my understanding that the Debtors intend to submit an application to retain Epiq to assist in the solicitation and tabulation of votes from holders of public debt securities in connection with a chapter 11 plan. Further, Epiq has identified relationships it has with certain of the Debtors' creditors in connection with matters that are unrelated to these cases. Specifically, Epiq has determined that the following creditors of the Debtors have retained Epiq to serve as claims and noticing agent in their chapter 11 cases: (a) Delta Air Lines, Inc., *et al.* (b) Chrysler LLC, *et al.*; (c) Hayes Lemmerz International Inc., *et al.*; and (d) Lehman Brothers Holdings Inc., *et al.* In addition, Lehman Brothers Inc. has retained Epiq to provide administrative services in connection with its Securities Investor Protection Act proceedings. In all such instances, Epiq provides all claims, noticing, balloting and tabulation services in a neutral capacity and in many instances as an agent of the Bankruptcy Court.

5.      Further, Epiq has working relationships with certain of the professionals retained by the UCC and the Debtors and other parties herein, but such relationships are – to the best of my knowledge - completely unrelated to the Debtors' cases. In addition, Epiq personnel may have relationships with certain of the Debtors' creditors. Such relationships, however, would be of a personal financial nature, and wholly unrelated to the Debtors' cases. Epiq has and will continue to represent clients in matters unrelated to the Debtors' cases. Epiq

3

will also continue to have relationships in the ordinary course of its business with certain vendors and professionals involved in the Debtors' cases in connection with matters unrelated to these cases.

6. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapters 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

7. Epiq is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that Epiq and its employees: (a) are not creditors, equity security holders or insiders of the Debtors; (b) are not and were not, within two years before the date of the filing of the Debtors' petitions, directors, officers or employees of the Debtors; and (c) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

8. To the best of my knowledge, Epiq has not been retained to assist any entity or person other than the UCC, and now the ACC, on matters relating to, or in connection with, these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

October 13, 2010

_____
Daniel C. McElhinney

5