# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

## WITHDRAWAL OF CLAIM

| | |
|---|---|
| Debtor Name and Case Number: | ☒ Motors Liquidation Company, Case No. 09-50026 <br><br> ☐ MLC of Harlem, Inc., Case No. 09-13558 <br><br> ☐ MLCS, LLC, Case No. 09-50027 <br><br> ☐ MLCS Distribution Corporation, Case No. 09-50028 <br><br> ☐ Remediation and Liability Management Company, Inc., Case No. 09-50029 <br><br> ☐ Environmental Corporate Remediation Company, Inc., Case No. 09-50030 |
| Creditor Name and Address: | PERMACEL, A NITTO DENKO COMPANY 300 FRANK W. BURR BOULEVARD 5th FLOOR, SUITE 66 TEANECK, NEW JERSEY |
| Claim Number (if known): | 09 - 50026 (REG) |
| Date Claim Filed: | November 27th, 2009 |
| Total Amount of Claim Filed: | SEE RIDER TO ATTACHED PROOF OF CLAIM |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: 9/16/10

Print Name: J. Michael Pealvic, Jr.

Title (if applicable): General Counsel

US_ACTIVE:¥43219392¥02¥72240.0639

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Motors Liquidation Company (f/k/a General Motors Corp.)

Case Number:
09-50026 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Permacel, a Nitto Denko Company

Name and address where notices should be sent:
Louis A. Evans, Esq.
Evans and Smith Law Group LLP
555 Madison Avenue, New York, NY 10022

Telephone number:
(914) 882-3645

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

[Stamp: THE GARDEN CITY GROUP, INC. NOV 27 2009]

Name and address where payment should be sent (if different from above):
Same As Above

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ ~~SEE ATTACHED RIDER~~

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** SEE ATTACHED RIDER
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____    Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____    Basis for perfection: _____

   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan -- 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units -- 11 U.S.C. §507 (a)(8).

   ☐ Other -- Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:
   $ See Attached Rider

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: SEE ATTACHED RIDER

Date: 11/24/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## RIDER TO MOTORS LIQUIDATION COMPANY PROOF OF CLAIM
## BY PERMACEL, A NITTO DENKO COMPANY

This Proof of Claim is being submitted individually on behalf of Permacel, a Nitto Denko Company ("Permacel"). Permacel is one of the members of the ARC Site Performing Parties Group, whose members separately submitted a Proof of Claim in this matter.

On June 15, 2007, eleven parties, including General Motors Corporation ("GM"), Permacel, and the other members of the ARC Site Performing Parties Group, and the United States Environmental Protection Agency ("USEPA") entered into a Consent Decree covering Remedial Design/Remedial Action activities relating to Operable Unit 2 ("CD OU-2") at the Atlantic Resources Superfund Site ("ARC Site") located in Sayreville, New Jersey. Pursuant to the Consent Decree, entered under the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act, 42 U.S.C. Section 9601 et. Seq. ("CERCLA"), the parties, including GM, assumed responsibility for remedial design and remedial action activities at the ARC Site. The parties also agreed to perform the remedial design activities at the Horseshoe Road Drum Dump, which is part of the Horseshoe Road Superfund Site ("Horseshoe Road Site") in Sayreville, New Jersey. A true and correct copy of the OU-2 Consent Decree is attached to the Proof of Claim filed by the ARC Site Performing Parties Group and is attached thereto as Exhibit B.

Some of these parties, including GM, had also previously signed Administrative Orders on Consent relating to other removal/remediation actions and investigatory activities at the ARC Site and the Horseshoe Road Site. Pursuant to these Administrative Orders on Consent, as well as CD OU-2, members of the ARC Site Performing Parties Group, including GM, agreed to fund certain remedial design, remedial action and investigatory activities at the above Sites. GM also entered into the ARC

-3-

Performing Parties Group Agreements,[1] under which it also agreed to pay response costs incurred pursuant to CD OU-2, and other related costs. Documents, records and other information collected by USEPA indicate that GM arranged for the disposal of hazardous substances at ARC. These records establish that GM may be liable for response and/or remediation costs which may be incurred in the future, in order to clean up the Sites under Section 107(a) of CERCLA. Section 113(f) of CERCLA provides that potentially responsible parties, such as the ARC Performing Parties Group and Permacel, may seek contribution from other potentially responsible parties for response costs incurred or which may be incurred in connection with a site.

Permacel therefore seeks any and all such future costs that GM may be responsible for as a component of this Proof of Claim. The exact amount of this claim is currently unknown, but is estimated to be $226,800.00, which includes the remaining costs for Operable Unit 2, as well as future costs that may be required as a result of the recent entry of a Record of Decision for Operable Unit 3. In addition to the claim for $226,800.00, there may be future unknown costs, such as natural resource damages, oversight costs, torts, or other alleged damages and costs by the USEPA, other government agencies or private parties, for which GM is also obligated.

Permacel believes that any "claim" that it may have against GM and/or any of the Debtors for future response costs may not have arisen before the bankruptcy petition was filed. To the extent that any such cause(s) of action accrued and/or will accrue post-petition and/or after confirmation of a Plan of Reorganization in these bankruptcy proceedings, Permacel believes and contends that, in such case, its rights against GM, any and all of the Debtors, or any "Reorganized Debtor" will survive confirmation, including the discharge injunction of 11 U.S.C. Section 1141(d) (*see Avellino & Bienes v. M. Frenville Co., Inc. (In re Frenville)*, 744 F.2d 332 (3rd Cir. 1984) and its progeny). Accordingly,

---

[1] In accordance with the confidentiality obligations under the ARC Site Performing Parties Group Agreement, neither the ARC Site Performing Parties Group, nor Permacel, is at this time submitting copies of the Agreements with this Proof of Claim. It is presumed that GM, as a party to the Agreements, is in possession of its own copies and is familiar with their terms.

Permacel does not waive, but hereby expressly reserves and preserves, the right to: (1) bring an action before this Court or another court of competent jurisdiction seeking a declaratory judgment that some of Permacel's cause(s) of action against GM and/or any of the Debtors did not arise pre-petition; (2) bring an action before this Court or another court of competent jurisdiction seeking a declaration of the date or dates upon which any such causes of action, or part thereof, arose or will arise; and, (3) assert any and/or all claims against GM, any of the Debtors, and/or against any Reorganized Debtor, within or outside these bankruptcy proceedings, for any claims for response and/or remediation costs incurred or which may be incurred in connection with the Sites.