**Hearing Date and Time:  October 26, 2010 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  October 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.,*   :    Case No. 09-50026
      f/k/a General Motors Corp., *et al.,*       :    (Jointly Administered)
                                                         :
                    Debtors.                        :    Honorable Robert E. Gerber
                                                         :
-------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED**
**OBJECTION TO THE THIRD INTERIM FEE APPLICATION OF**
**JENNER & BLOCK LLP**

**TO:    THE HONORABLE ROBERT E. GERBER**
         **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009, submits this *Report and Statement of Limited Objection*

pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket

No. 4708] (the "**Fee Examiner Order**") in connection with the *Third Interim Fee Application of*

*Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement*

*of Expenses* [Docket No. 6524] (the "**Third Fee Application**").  The Court appointed the Fee

Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases

and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection.

With this *Report and Statement of Limited Objection*, the Fee Examiner identifies $14,450.00 in fees and expenses, from a total of $41,333.98 requested in the Third Fee Application, that are objectionable.  The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant and the Fee Examiner have reached agreement and resolved all concerns about the Third Fee Application.  As adjusted, the amount sought can be approved by the Court.

In general, the Third Fee Application appears substantively sound.  It requests a total of $41,333.98.  Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Jenner & Block LLP ("**Jenner**") by letter dated October 5, 2010.  By letter dated October 11, 2010 Jenner provided additional information, and the parties have reached a consensual resolution on all of the remaining issues.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a total suggested disallowance of $14,450 in fees and expenses from a total request of $41,333.98 in compensation and expenses.

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.      On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure

Statement [Docket Nos. 6829 and 6830].  Plan confirmation is anticipated before—or soon

after—year-end.

3.      On November 16, 2009, Jenner filed its first interim fee application [Docket

No. 4451], seeking fees and expenses in the amount of $5,220,762.21.  On April 22, 2010, the

Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First*

*Interim Fee Application of Jenner & Block LLP*, identifying $58,613.10 in fees and expenses that

were objectionable.  [Docket No. 5545]  That report and statement is incorporated by reference.

On May 21, 2010, the Court entered an omnibus order approving a series of interim fee

applications for the first interim fee period, including Jenner's.  *Order Granting Applications for*

*Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of*

*Expenses Incurred from June 1, 2009 through September 30, 2009*.  [Docket No. 5834]  Through

that order, the Court approved Jenner's first interim fee application in the amount of

$4,899,768.05 in fees and $262,381.06 in expenses, authorizing payment of $4,409,791.25 in

fees and $262,381.06 in expenses, and requiring a continued holdback of ten percent of Jenner's

requested fees.

4.      On March 15, 2010, Jenner filed its second fee application [Docket No. 5263],

seeking fees and expenses in the amount of $51,871.47.  On June 22, 2010, the Fee Examiner

filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee*

*Application of Jenner & Block LLP*, identifying $6,313.29 in fees and expenses that were

objectionable.  [Docket No. 6086]  That report and statement is incorporated by reference.  On

July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications

for the second interim fee period, including Jenner's.  *Order Granting (I) Applications for*

*Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of*

*Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for*

*Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of*

*Expenses Incurred From June 1, 2009 Through September 30, 2009.* [Docket No. 6402]

Through that order, the Court approved Jenner's second interim fee application in the amount of

$40,043.50 in fees and $5,514.68 in expenses, authorizing payment of $36,039.15 in fees and

$5,514.68 in expenses and requiring a continued hold back of ten percent of Jenner's requested

fees.

5.      On August 4, 2010, Jenner filed the Third Fee Application, seeking fees in the

amount of $38,943.30 and expenses in the amount of $2,390.68 for total requested compensation

of $41,333.98.

6.      According to the Debtors' Monthly Operating Reports, Jenner has received

approximately $58,000.00 for services rendered between February 1, 2010 and May 31, 2010.

7.      By correspondence dated October 5, 2010, counsel to the Fee Examiner requested

supplemental information from Jenner as part of the review of specific matters in the Fee

Application.  The supplemental information involved:

        A.      Converting to Ordinary Course Status;

        B.      Fee Application and Fee Examiner Issues; and

        C.      Expenses.

Jenner provided information in response to these inquiries by letter dated October 11, 2010 and

the parties resolved all outstanding concerns.

## APPLICABLE STANDARDS

8.      The Fee Application has been evaluated for compliance with the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local**

**Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement*

*of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST**

**Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the

"**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket

No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order and Quarterly

Reporting Order—including the extent, if any, that variation has been expressly permitted by

order.  In addition, on July 28, 2010, the Fee Examiner provided Jenner with a draft

memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

### COMMENTS

9.        **Conversion to Ordinary Course Status**.  In August, Jenner informed the Fee

Examiner that it would, as had been suggested in the past, be converting to "ordinary course

professional" status.  That would eliminate all of the administrative expense to the estate

associated with fees related to Jenner's preparation of fee applications.  As of the date of this

report, however, Jenner has not made available any formal documentation of that conversion and

continues to submit budgets estimating less than $20,000 a month in substantive legal work.

Professionals billing less than $20,000 a month can be treated as "*de minimus* ordinary course

professionals" without the need for formal applications or an ordinary course declaration.  *Order*

*Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing Debtors to Employ*

*Professionals Utilized in Ordinary Course of Business* ("**Compensation Order**") [Docket

No. 2900].

10.        Of the $38,943.30 sought in the third application, the Fee Examiner identified

$637.50 in fees related to products liability litigation and approximately $657.60 on

supplemental disclosures.  The remainder of the charges relate to the preparation of the second

interim fee application ($6,605.80), communications related to Jenner's first interim fee

application ($28,900.00), and attending the hearing on the first interim fee application.

11.     In response to the Fee Examiner's inquiry, Jenner explained that it had been

unable to complete its conversion to an ordinary course professional because its compensation to

date had already exceeded the $2 million cap permitted *de minimus* ordinary course professionals

pursuant to the Compensation Order.  It stated, however, that the Debtors' counsel was preparing

a motion to modify that order so as to permit Jenner to complete the conversion.

*The Fee Examiner encourages Jenner to ensure its conversion to a de minimus ordinary course professional is completed expeditiously.  In the absence of a reasonable explanation for significant additional delay, the Fee Examiner may have no choice but to conclude that fee-application related services in future fee requests are unnecessary and non-compensable.*

12.     **Fee Application and Fee Examiner Issues**.  Jenner & Block has voluntarily

eliminated all billings for time spent reviewing monthly invoices.  The remainder of the "Jenner

Fee Applications" category appears to reflect compensable tasks totaling 19.7 hours; the Fee

Examiner does not object to their full payment.  The "Case Administration" category contains,

almost exclusively (with the exception of the supplemental disclosure time segregated above),

activities related to responding to fee inquiries.  Much of the time spent communicating with the

Fee Examiner, providing supplemental information, and amending fee applications may well fall

into the category of non-compensable billing activities this Court has identified.  *See In re*

*Motors Liquidation Company et al.*, Second Interim Fee Ruling Tr. at 9:20-23, 11:14-22,

12:24-13:10, 14:5-15:2, No. 09-50026 (Bankr. S.D.N.Y. July 6, 2010) [Docket No. 6369].

13.     No one underestimates the amount of time it has taken to respond to the

correspondence and draft reports involving fees and expenses, whether from the U.S. Trustee or

the Fee Examiner, in the first rounds of applications.  Of the 20 applications now pending, many

if not most reflect a significant amount of time for this activity.  Moreover, the case law is split

on the question of whether a retained professional should be compensated—fully, partially or not at all—for this activity. *See e.g.*, *In re: CCT Communications, Inc.*, No. 07-10210, 2010 WL 3386947, at *9 (Bankr. S.D.N.Y. Aug. 24, 2010) (Bernstein, J.) (citing cases); *In re Motors Liquidation Company et al.*, No. 09-50026, Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Weil, Gotshal & Manges LLP, ¶¶ 30-38 [Docket No. 6984] (summarizing case law and Fee Examiner's proposed approach). On the one hand, the American rule generally applies to professionals outside the bankruptcy system forced to litigate their fees, *see In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650, 652 (Bankr. W.D.N.Y. 2001); on the other hand, failing to compensate a professional who successfully prosecutes its own fee application may be no different than cutting the professional's rate, *In re Worldwide Direct, Inc.*, 334 B.R. 108, 112 (D. Del. 2005). This issue may be particularly difficult to resolve by a bright-line rule applicable equally to all retained professionals in this case. They have varying levels of expertise with billing requirements unique to bankruptcy; moreover, some objections were based on established points of law, whereas others were more novel; some objections were resolved consensually, some were contested and sustained, and some overruled.

14.     Professionals should not, as a matter of course, be fully compensated for participating in a fee review process that results in material disallowances. In light of Jenner's significant experience in bankruptcy cases and the nature of the guideline compliance issues in its first Fee Application, a 50 percent deduction in this billing category is appropriate. In response to the Fee Examiner's inquiry, Jenner agreed to voluntarily reduce its fee request by 50 percent for the Case Administration matter.

*Suggested disallowance for fee review activities: $14,450.00.*

7

15.    **Expenses**.  The Fee Application seeks reimbursement for $2,390.68 in expenses. Most of these charges are for local counsel and transcript fees that are more than a year old.  In response to the Fee Examiner's inquiry, Jenner provided supporting documentation for those expenses.

*Suggested for disallowance for expenses:  none.*


*Total Fees Suggested for Disallowance:  $14,450.00.*

*Total Expenses Suggested for Disallowance:  none.*

*Total Fees and Expenses Suggested for Disallowance:  $14,450.00.*

### CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Fee Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.  The conclusions and recommendations in this report are, therefore, subject to further refinement upon each professional's submission of its subsequent and final fee applications.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fee Application.

8

Dated: Madison, Wisconsin
October 19, 2010.

GODFREY & KAHN, S.C.

By:     */s/ Katherine Stadler*
Katherine Stadler (KS 6831)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: kstadler@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5497570_3

9