Hearing Date and Time:  October 26, 2010 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :  Chapter 11 Case No.
                                                           :
MOTORS LIQUIDATION COMPANY *et al.,*                       :  09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*          :  (Jointly Administered)
                                                           :
                       Debtors.           :  Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF NO OBJECTION
TO FIRST INTERIM FEE APPLICATION OF
<u>ANALYSIS RESEARCH & PLANNING CORPORATION</u>**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

      The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of No Objection* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *First Interim Application of Analysis Research Planning Corporation as Asbestos Claims Valuation Consultant to Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for Allowance of Interim Compensation and Reimbursement of*

*Expenses Incurred for the Period from March 1, 2010 Through May 31, 2010* [Docket No. 6351] (the "**Fee Application**").  The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection.  With this *Report and Statement of No Objection*, the Fee Examiner states that he has no objection to the award of $16,034.50 in fees, the total requested in the Fee Application.  The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

A fee applicant bears the burden of proof on all of the elements of a fee application, including establishing that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable and actually incurred.  A fee application must additionally comply with the format and content requirements in the applicable guidelines and bankruptcy rules.

In general, the Fee Application appears substantively sound.  It requests a total of $16,034.50.  Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Analysis Research Planning Corporation ("**ARPC**") by letter dated August 11, 2010.  On September 26, 2010, ARPC said it would provide supplemental detail and, on September 30, 2010, ARPC provided that supplemental detail in response to the Fee Examiner's concerns.  On October 12, 2010, the Fee Examiner sent ARPC a draft *Report and Statement of Limited Objection*, offering a second opportunity for discussion.  On October 15, 2010, ARPC provided further information resolving the Fee Examiner's remaining concerns.

2

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.      On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830]. Plan confirmation is anticipated before—or not long after—year-end.

3.      On June 3, 2009, Diana G. Adams, the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

4.      On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

5.      On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* [Docket No. 5214] (the "**Motion for FCR**") asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims (the "**Future Claimants**"). In the Motion for FCR, the Debtors' stated that they intend to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal

3

injury claims. Pursuant to an order (the "**FCR Appointment Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative [Docket No. 5459].

6. On April 2, 2010, the Future Claimants' Representative filed his *Application for Order Authorizing Legal Representative for Future Asbestos Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of March 1, 2010* [Docket No. 5413] (the "**Retention Application**"). There were no objections to the Retention Application, and ARPC was appointed by this Court's *Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Analysis, Research & Planning Corporation as Asbestos Claims Valuation Consultant as of March 1, 2010* [Docket No. 5533] (the "**Retention Order**").

7. On July 15, 2010, ARPC filed the Fee Application seeking fees in the amount of $16,034.50.

8. As of the filing of the Fee Application, ARPC had been paid $1,426.09 in compensation pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

9. Subsequent to the date of the Fee Application, ARPC has been paid $13,175.60 in fees, constituting 82 percent of the fees requested and 100 percent of expenses submitted, subject to Court review and approval, leaving an outstanding request for $2,858.90 in connection with the Fee Application.

10. The Fee Examiner has evaluated the Retention Application, the Retention Order, and the Fee Application.

4

11. By correspondence dated August 11, 2010, counsel to the Fee Examiner requested supplemental information from ARPC as part of its review of specific matters involving the fees requested. The supplemental information requested included:

    A. Expanded definitions of services provided;

    B. Explanations of administrative or clerical tasks; and

    C. Breakdown of block billed time entries.

12. On September 30, 2010, ARPC provided supplemental detail in response to the Fee Examiner's concerns.

13. On October 12, 2010, the Fee Examiner sent ARPC a draft *Report and Statement of Limited Objection*.

14. On October 15, 2010, ARPC provided additional information, resolving the Fee Examiner's remaining concerns. All of the materials and comments provided by ARPC were considered by the Fee Examiner.

**APPLICABLE STANDARDS**

15. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee

5

Examiner has provided ARPC with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

## COMMENTS

16. **Block Billing**.  The applicable guidelines require professionals to bill in increments of one-tenth of an hour and to note detail for services in separate time entries without "block billing."  The Fee Examiner has identified multiple instances of block billing aggregating $2,678.50.

*ARPC has submitted amended time entries, resolving this concern.*

17. **Clerical and Administrative Charges**.  Numerous billing entries, totaling $3,643.50 in fees, describe clerical or administrative services, which are non-compensable.

*ARPC has submitted supplemental information, resolving the entries of concern.*

18. **Vague Tasks and Communications**.  The Fee Examiner has identified specific billing entries that fail to comply with the UST Guidelines, aggregating $1,574.00.  Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication."  UST Guidelines at (b)(4)(v).  All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*ARPC has submitted amended time entries, resolving this concern.*

19. **Expenses**.  The Fee Application does not request reimbursement of expenses.

*Total fees suggested for disallowance:  $0.00.*

*Total Expenses Suggested for Disallowance:  $0.00.*

*Total Fees and Expenses Suggested for Disallowance:  $0.00.*

## CONCLUSION

This *Report and Statement of No Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* to the Fee Application.

Dated: Green Bay, Wisconsin
October 19, 2010.

GODFREY & KAHN, S.C.


By:     */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5242540_3