Hearing Date and Time: October 26, 2010 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY *et al.,*                         :    09-50026 (REG)
    f/k/a General Motors Corp. *et al.,*                     :    (Jointly Administered)
                                                             :
                    Debtors.                                 :    Honorable Robert E. Gerber
                                                             :
------------------------------------------------------------ x

**FEE EXAMINER'S REPORT AND STATEMENT OF NO OBJECTION
TO FIRST INTERIM FEE APPLICATION OF
<u>HAMILTON, RABINOVITZ & ASSOCIATES, INC.</u>**

**TO:   THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009, submits this *Report and Statement of No Objection* pursuant to

the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708]

(the "**Fee Examiner Order**") in connection with the *First Application of Hamilton, Rabinovitz,*

*& Associates, Inc. as Consultants for the Debtors with Respect to Present and Future Asbestos*

*Claims, for Interim Allowance of Compensation for Professional Services Rendered and*

*Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2010, through*

*May 31, 2010* [Docket No. 6528] (the "**Fee Application**"). The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or in conjunction with applications submitted for approval by the professionals, with or without a filed objection. With this *Report and Statement of No Objection*, the Fee Examiner states that he has no objection to the award of $7,970.00 in fees, the total requested in the Fee Application. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant has addressed the Fee Examiner's observations, resolving any concerns about the Fee Application. The amount sought can be approved by the Court.

In general, the Fee Application appears substantively sound. It requests a total of $7,970.00. Nonetheless, after reviewing the Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Hamilton, Rabinovitz & Associates, Inc. ("**HRA**") by letter dated August 24, 2010. On September 8, 2010, HRA provided supplemental detail in response to the Fee Examiner's concerns, resolving all issues. On October 4, 2010, the Fee Examiner sent HRA a draft of this *Report and Statement of No Objection*. This *Report and Statement of No Objection* summarizes the Fee Examiner's initial analysis and the resolution of time entry issues.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors

2

are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.  On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830]. Plan confirmation is anticipated before—or not long after—year-end.

3.  On June 3, 2009, Diana G. Adams, then the United States Trustee for the Southern District of New York, appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

4.  On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner in the above captioned chapter 11 cases (the "**Fee Examiner**") and, without objection and through the Fee Examiner Order entered that same day, the Court approved the appointment.

5.  On January 5, 2010, the Fee Examiner submitted an *Application of the Fee Examiner for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") on January 19, 2010 [Docket No. 4833].

6.  On April 22, 2010, the Debtors filed the *Application of Debtors For Entry of an Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Hamilton, Rabinovitz & Associates, Inc. as Consultants with Respect to Asbestos Claims* [Docket No. 5578] (the "**Retention Application**"). There were no objections to the Retention Application, and HRA was appointed by this Court's *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Hamilton,*

3

*Rabinovitz & Associates, Inc. as Consultants with Respect to Asbestos Claims* [Docket No. 5730] (the "**Retention Order**").

7. On August 5, 2010, the Fee Application was filed, seeking fees in the amount of $7,970.00.

8. As of the filing of the Fee Application, HRA had not been paid pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

9. Subsequent to the date of the Fee Application, HRA has been paid $7,970.00 in fees, constituting 100 percent of the fees requested, subject to Court review and approval in connection with the Fee Application.

10. The Fee Examiner has evaluated the Retention Application, the Retention Order, and the Fee Application.

11. By correspondence dated August 24, 2010, counsel to the Fee Examiner requested supplemental information from HRA as part of its review of specific matters involving the fees requested. The supplemental information requested included:

    A. Expanded definitions of services provided;

    B. Explanations of administrative or clerical tasks; and

    C. Breakdown of block billed entries.

12. On September 9, 2010, HRA provided supplemental detail in response to the Fee Examiner's concerns. All of the materials and comments provided by HRA were considered by the Fee Examiner.

13. On October 4, 2010, the Fee Examiner sent HRA a draft of this *Report and Statement of No Objection*.

## APPLICABLE STANDARDS

14. The Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner has provided HRA with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

## COMMENTS

15. **Project Staffing**. Services have been provided by three people—a partner, a managing director, and a director. The billing rates range from $650.00 to $350.00 per hour. *See* Fee Application, Summary.[1] The overall blended rate is $437.91. *See* Fee Application, Summary. Approximately 66 percent of the hours billed during the period were billed at the lowest hourly rate. *See id*.

> *In the absence of extenuating circumstances brought to the attention of the Fee Examiner, the preferred practice is for tasks to be managed by senior personnel with tasks performed at the lowest appropriate billing rate by less senior personnel. Staffing appears to be appropriate.*

---

[1] Some retained professionals considered the volume of legal work generated by the Debtors and the unusual nature of the debtor-in-possession financing and, accordingly, implemented discounted rate structures. HRA did not.

5

*Suggested disallowance for project staffing: none.*

16. **Block Billing**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour, and to note detail for services in separate time entries without "block billing." The Fee Examiner noted block billing in connection with time entries totaling $6,720.00.

*HRA has submitted revised time detail, resolving this concern.*

17. **Clerical and Administrative Charges**. The same block billed entries identified in Paragraph 16, above, also describe non-compensable clerical or administrative services.

*HRA has provided additional detail relating to these entries, resolving this concern.*

*Suggested disallowance for non billable clerical and administrative tasks: none.*

18. **Vague Tasks and Communications**. The Fee Examiner has identified billing entries that fail to comply with the UST Guidelines. Specifically, "[t]ime entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication." UST Guidelines at (b)(4)(v). All time entries must be sufficiently detailed to allow a party reviewing them to evaluate their reasonableness.

*HRA has provided more specificity on time detail for entries, resolving this concern.*

*Suggested disallowance for vague time entries: none.*

*Total fees suggested for disallowance: $0.00.*

*No expenses requested.*

*Total Fees and Expenses Suggested for Disallowance: $0.00.*

## CONCLUSION

This *Report and Statement of No Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the absence of any basis for objection to the Fee

6

Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* to the Fee Application.

Dated: Green Bay, Wisconsin
October 19, 2010.

GODFREY & KAHN, S.C.

By:     */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5301729_2