**Hearing Date and Time:  October 26, 2010 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  October 19, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,                   :  Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,               :  (Jointly Administered)
                                                        :
                    Debtors.                            :  Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

### FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO SECOND INTERIM FEE APPLICATION OF LFR INC. AND PRELIMINARY REPORT ON THIRD INTERIM APPLICATION OF LFR INC.

**TO:   THE HONORABLE ROBERT E. GERBER**
      **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "Fee Examiner"), submits this *Report and Statement of Limited Objection* in connection with the *Second Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period October 1, 2009 Through January 31, 2010* [Docket No. 5270] (the "**Second Fee Application**") and the *Third Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period February 1, 2010 Through May 30, 2010* [Docket No. 6539 ] (the "**Third Fee Application**").

With this *Report and Statement of Limited Objection,* the Fee Examiner identifies certain objectionable fees and expenses requested in the Second Fee Application, which requests a total of $1,217,278.74

The Fee Examiner also summarizes his initial analysis of the Third Fee Application but, in this *Report and Statement of Limited Objection*, makes no concurrent recommendations in light of his discussions with LFR Inc. ("**LFR**"). Instead, LFR has agreed the Third Fee Application will be subject to further evaluation based on LFR's substantive response. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

After reviewing the Second Fee Application, counsel for the Fee Examiner raised preliminary observations with LFR by letter dated June 9, 2010. Thereafter, the parties continued productive discussions and agreed to adjourn the hearing on the Second Fee Application to allow LFR time to compile additional supporting documentation.

By letter dated October 6, 2010, counsel for the Fee Examiner raised preliminary observations and concerns with LFR in connection with his review of the Third Fee Application. LFR has requested that the Fee Examiner allow LFR to focus on resolving issues arising from the Second Fee Application before turning to matters concerning the Third Fee Application. As such, LFR and the Fee Examiner agreed to a *Stipulation and Order for Adjournment of October 26, 2010 Hearing on Third Interim Fee Application of LFR Inc.* [Docket No. 7397] (the "**Stipulated Adjournment**").

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $5,671.19 in fees and expenses in connection with the Second Fee Application. Most of these recommended reductions are attributable to fee discrepancies and administrative or clerical time entries.

2

**BACKGROUND**

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.  On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830]. Plan confirmation is anticipated before—or not long after—year-end.

3.  On November 16, 2009, LFR filed its *First Interim Application of LFR Inc. for Allowance of Compensation and for Reimbursement of Expenses for Services Rendered in the Case for the Period June 1, 2009 Through September 30, 2009* [Docket No. 4436] (the "**First Fee Application**"), seeking fees in the amount of $633,772.80 and expenses in the amount of $43,447.98, for total requested compensation of $677,220.78.

4.  On March 15, 2010, LFR filed its Second Fee Application seeking fees in the amount of $1,034,548.40 and expenses in the amount of $182,730.34, for total requested compensation of $1,217,278.74.

5.  LFR has previously submitted monthly statements and received payments from the Debtors totaling $208,417.06 for the period covered by the Second Fee Application, consisting of $158,605.12 in requested fees and $49,811.94 in requested expenses. *See* Second Fee Application, ¶ 3.

6.  By correspondence dated June 9, 2010, counsel for the Fee Examiner provided LFR with a preliminary analysis of the fees requested in the Second Fee Application. LFR was

3

invited to submit any additional information in support of the application. The preliminary analysis included information related to:

    A.    A clarification of the Arcadis/LFR relationship;

    B.    Timekeeper issues;

    C.    Clerical and administrative charges;

    D.    Multiple participants in conferences;

    E.    Vague time entries; and

    F.    Expense detail.

The information provided by LFR in response to this inquiry was also considered by the Fee Examiner.

7. On June 10, 2010, LFR and counsel for the Fee Examiner discussed the issues raised, and LFR noted that it needed additional time to compile supporting materials before the scheduled June 29, 2010 hearing on the First and Second Fee Applications. As such, LFR and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of June 29, 2010 Hearing on Second Interim Fee Application of LFR Inc.* [Docket No. 6105].

8. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of LFR Inc. and Preliminary Report on Second Interim Fee Application of LFR Inc.* [Docket No. 6088] (the "**First Objection**"), identifying $23,161.51 in fees and expenses that were objectionable in connection with the First Fee Application and providing a preliminary analysis of the Second Fee Application. That *Report and Statement* is incorporated by reference.

9. On July 6, 2010, this Court issued an oral ruling that granted LFR's First Fee Application in part but required a continued holdback of 10 percent of LFR's requested fees. On

4

July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by LFR. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to LFR of $630,769.03 for fees (which included the 10 percent holdback) and $23,842.74 for expenses.

10. On August 5, 2010, LFR filed its Third Fee Application, seeking fees in the amount of $1,010,871.20 and expenses in the amount of $387,715.62, for total requested compensation of $1,398,586.82.

11. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), LFR reports it has previously submitted monthly statements and received payments from the Debtors totaling $730,758.31 for the period covered by the Third Fee Application. *See* Third Fee Application, ¶ 3.

12. By correspondence dated October 6, 2010, counsel for the Fee Examiner provided LFR with his preliminary analysis of the fees requested in the Third Fee Application, inviting LFR to submit any additional information in support of the application. The preliminary analysis included information related to:

    A.    Clerical or administrative charges;

    B.    Block billing;

5

      C.      Compensation relating to fee applications;

      D.      Fee discrepancies;

      E.      Specificity of billing entries;

      F.      Transient timekeepers;

      G.      Timekeeping issues;

      H.      Compliance with UST Guidelines;

      I.      Fees for travel time;

      J.      Subcontractors and subcontractor charges; and

      K.      Expense detail.

LFR has not yet responded to this preliminary analysis.

13. On October 12, 2010, the Fee Examiner sent LFR a draft *Report and Statement of Limited Objection* (the "**Draft Report**") with a limited objection to LFR's fees, offering yet another opportunity for discussion.

14. On October 18, 2010, LFR determined that it needed additional time to compile supporting materials before the scheduled October 26, 2010 hearing on the Second and Third Fee Applications. As such, LFR and the Fee Examiner agreed to the Stipulated Adjournment in connection with the Third Fee Application. All of the information provided by LFR has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

15. The Second and Third Fee Applications have been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the

"**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner has provided LFR with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

## COMMENTS

### Second Fee Application

16.   **Fee Discrepancies**. The Fee Examiner has identified mathematical errors in calculating individual tasks and reporting as a total hourly billing.

*LFR has submitted revised detail, resolving these concerns in part.*

*Agreed disallowance: $1,814.40*

17.   **Double Billing**. The Fee Examiner has identified 7.7 hours of timekeeper entries that suggest an erroneous duplication of billing entries.

*LFR has submitted supplemental detail, resolving this concern.*

18.   **Block Billing**. Block billing is prohibited by the UST Guidelines at § (b)(4)(v). The Fee Application contains multiple entries with block billing totaling $30,774.80. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task.

*LFR has submitted revised time entries, resolving this concern.*

19.   **Travel Time**. Non-working travel time will be compensated at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty

percent of their hourly rates") (citations omitted).  The Advisories have requested that travel time be itemized separately.  The Fee Examiner has identified travel time that appears to have been billed at full rates by LFR in the Second Fee Application.

*LFR has responded to the Fee Examiner's concerns.*

*Agreed disallowance: $2,942.65.*

20.   **Clerical and Administrative Charges**.  Numerous billing entries describe clerical or administrative services that may not be compensable, including entries that describe "database activities."  Collectively, these entries exceed $24,000.00.

*LFR has addressed the Fee Examiner's concerns in substantial part.*

*Suggested disallowance: $480.00 (two percent).*

21.   **Multiple Participants in Conferences**.  The Fee Examiner has identified conferences and conference calls attended by more than one person and has continued to express the concerns stated in the First Objection.

*LFR has submitted supplemental detail, resolving this concern.*

22.   **Vague Tasks**.  The Fee Examiner has identified specific billing entries that contain an insufficient description of a task and appear to be non-compensable.

*LFR has submitted supplemental detail, resolving this concern.*

23.   **Expenses**.  The Second Fee Application, Exhibit E, contains a Summary of Expenses.  The detail of these expenses was insufficient for the Fee Examiner to determine whether the expenses are compensable.

   A.   Travel expenses had been requested in a summary form and could not be properly evaluated for compensation.  The expenses—categorized generally as airfare, mileage, lodging, tolls and parking, rental car, and meals—total $182,730.34.  The Fee

8

Examiner has requested an itemization of these expenses in accordance with the Advisories.

*LFR has addressed the Fee Examiner's concerns.*

*Agreed disallowance: $434.14.*

B.  Reimbursement of expenses has been requested for TEA, a subcontractor.

*LFR has stated its intent to amend its retention application to include TEA as an approved subcontractor.*

C.  Multiple expense requests are identified as "communication fees," "materials and supplies," and "in-house rental" of equipment. These administrative fees and mark ups are not reimbursable expenses under the UST Guidelines.

*LFR has submitted supplemental detail, resolving this concern.*

**Third Fee Application**

24. **UST Guideline Requirements**. LFR did not provide a blended rate for the Third Fee Application as required by the UST Guidelines at § (b)(3)(v). In addition, the Third Fee Application does not arrange all time and service entries by project category as required by § (b)(4)(i).[1]

*No disallowance suggested.*

25. **Dates of Service**. Five time entries, totaling 15.5 hours, are for services provided outside the period covered by the Third Fee Application (the "**Interim Period**"). In addition, a multitude of time entries have no date at all provided for services. Failure to include dates precludes a meaningful evaluation of time entries.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

---

[1] The project categories utilized by LFR do not include categories for administrative matters, fee applications, or responses to objections relating to fee applications as required by the UST Guidelines. *See* UST Guidelines at § (b)(4)(i), and Exhibit A.

9

26.     **Billing Detail**.  Pursuant to the UST Guidelines at § (b)(4)(v), time entries should be kept contemporaneously, with the services rendered in time periods of tenths of an hour. Time entries such as the following are non-compliant and should be amended.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

| Tkpr | Date | Hours | Rate | Charges | Description |
|---|---|---|---|---|---|
| Pedersen | 03/25/10 | 2.1 [?] | 168 | ? | MLC Muncie Transmission (1316): completed the responses to IDEM's eight line comments on residual PCB issues (~0.2-0.3 hr each comment) |

27.     **Block Billing**.  Block billing, raised in connection with LFR's First and Second Fee Applications, remains a concern with the Third Fee Application.  Block billing is prohibited by the UST Guidelines at § (b)(4)(v).  "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry."  *Id*.  The Fee Examiner identified some entries by LFR professionals for multiple tasks in excess of .5 hours in aggregate time that do not comply with this guideline.  The entries indicating block billing total $3,796.40.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

28.     **Clerical and Administrative Charges**.  Numerous billing entries, totaling $4,060.10 in fees, describe clerical or administrative non-compensable services that might more appropriately be charged as overhead.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

29.     **Vague Tasks**.  The Fee Examiner has identified specific billing entries aggregating $7,554.50 that contain an insufficient description of a task and are non-compensable.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

30. **Vague Communications**. Many LFR time entries for communications fail to indicate the parties to the communication, the type of communication, and the subject matter of the communication. UST Guidelines at § (b)(4)(v). This issue has been raised in connection with LFR's First and Second Fee Applications. Time entries of concern total $31,189.31.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

31. **Gaito Time Entries**. One timekeeper billed 830.1 hours in connection with the Third Fee Application. Approximately 15 percent of that time was made up of 57 time entries that are substantially identical. This method of timekeeping inhibits the Court's ability to assess the services performed and whether such services were reasonable or necessary.

This individual worked, on average, seven hours a day, without a day off for the entire four months of the Interim Period. The total amount allocated to his work for that period, at $152.00 an hour, was $126,175.20, a significant portion of the entire amount of compensation sought for the period. With even some days off, the daily average would increase appreciably.

The Fee Examiner has invited comments on this amount of time reported in this Interim Period and whether it reflects an appropriate allocation of work.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

32. **Travel**. There were few time entries for travel in connection with services provided. The below entries for travel do not indicate that time was billed at a reduced rate.

| **Tkpr** | **Date** | **Hours** | **Rate** | **Charges** | **Description** |
|---|---|---|---|---|---|
| Arnett | 02/08/10 | 1.0 | 80 | 80.00 | Drive to site (.5); drive back from site (.5) |

11

| | | | | | |
|---|---|---|---|---|---|
| Newcom | 02/08/10 | .9 | 77 | 69.30 | Returning to MW70-107R to collect additional sample volume (.9) |
| Arnett | 03/05/10 | .5 | 80 | 40.00 | Drive to site (.5) |
| | **Total:** | 2.4 | | 189.3 | |

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

33. **Transient Timekeepers**. Multiple timekeepers provided less than five hours of billable services during the Interim Period. The Fee Examiner has invited comment on whether all "transient" timekeepers added value to the services provided by LFR to the Debtors.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

34. **Fee Discrepancies**. The Fee Examiner's review of the Third Fee Application revealed a potential over-billing to the estate, based on mathematical errors in totaling at least 142 time entries. This same issue resulted in overbilling to the estate in connection with the Second Fee Application. The Fee Examiner has requested an explanation of the review process for these entries, as well as an updated complete review of the time records provided. The Fee Examiner's review also noted that five individuals are identified on the Third Fee Application, Exhibit E, Summary of Hours and Fees by Professional, as having two different hourly rates during the Interim Period.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

35. **Double Billing**. A few individuals had duplicate time entries, itemized below. The Fee Examiner has requested an evaluation of these entries.

12

| **Tkpr** | **Date** | **Hours** | **Rate** | **Charges** | **Description** |
|---|---|---|---|---|---|
| Coffey | 02/11/10 | 1.0 | 168 | 168.00 | Preparation for meeting with EPA (.5) to discuss basis of their cost estimate (.5) |
| Sullivan | | .3 | 184 | 55.20 | Sioux City – telcon (.3) |
| Sullivan | | .3 | 184 | 55.20 | Sioux City – telcon (.3) |
| | **Total:** | 1.6 | | 278.40 | |

   *LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

   36. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. As addressed in Paragraph 24, above, LFR does not break fees for fee applications or responding to the Fee Examiner into separate categories. Upon preliminary review, it appears that at least $11,615.00 has been billed to these matters in the Third Fee Application.

   37. No one underestimates the amount of time it has taken to respond to the correspondence and draft reports involving fees and expenses, whether from the U.S. Trustee or the Fee Examiner, in the first rounds of applications. Of the 20 applications now pending, many if not most reflect a significant amount of time for this activity. Moreover, the case law is split on the question of whether a retained professional should be compensated—fully, partially or not at all—for this activity. *See e.g.*, *In re: CCT Communications, Inc.*, No. 07-10210, 2010 WL 3386947, at *9 (Bankr. S.D.N.Y. Aug. 24, 2010) (Bernstein, J.) (citing cases); *In re Motors Liquidation Company et al.*, No. 09-50026, Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Weil, Gotshal & Manges LLP, ¶¶ 30-38 [Docket No. 6984] (summarizing case law and Fee Examiner's proposed approach). On the one hand, the American rule generally applies to professionals outside the bankruptcy system forced to litigate their fees; *see In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650, 652

13

(Bankr. W.D.N.Y. 2001); on the other hand, failing to compensate a professional who successfully prosecutes its own fee application may be no different than cutting the professional's rate. *In re Worldwide Direct, Inc.*, 334 B.R. 108, 112 (D. Del. 2005). This issue may be particularly difficult to resolve by a bright-line rule applicable equally to all retained professionals in this case. They have varying levels of expertise with billing requirements unique to bankruptcy; moreover, some objections were based on established points of law, whereas others were more novel; some objections were resolved consensually, some were contested and sustained, and some overruled.

38. LFR has not identified or voluntarily reduced its time entries pursuant to the Court's comments.

39. Professionals should not, as a matter of course, be fully compensated for participating in a fee review process that results in material disallowances. In light of the nature of the guideline compliance issues in its First Fee Application, a 50 percent deduction in this billing category is appropriate.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

40. The Fee Examiner's objections to LFR's First Fee Application were sustained in part and overruled in part. It probably would waste time and resources to try to determine, item by item, or on a percentage basis, which objections were sustained, which were denied, and which were resolved without dispute by the parties, or to try to parse the time attributable to each of them.

41. **<u>Expenses</u>**. The Third Fee Application, Exhibit F, contains a Summary of Expenses. The detail of these expenses were insufficient for the Fee Examiner to determine whether the expenses are compensable.

14

A. <u>Sub-Retention of TEA, Inc.</u> The Fee Examiner remains concerned with the as yet unauthorized sub-retention of TEA, Inc. In addition, properly documented time detail should be provided for these services.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

B. <u>Subcontractor Charges</u>. LFR has requested fees for administrative mark-up on subcontractor fees in the amount of $6,118.72, in addition to requesting reimbursement of subcontractor copies beyond the $0.10 per page cap. The issue of administrative mark-up was previously raised and addressed in connection with LFR's First Fee Application, wherein LFR agreed that these charges were properly disallowed. We also note additional "surcharge" fees by subcontractors totaling $24,772.17.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

C. <u>Copies and Reproductions</u>. Most requests for reimbursement of copies were accompanied by sufficient documentation. Some receipts for services do not limit charges to $0.10 per page for copies or provide any basis for LFR requesting application of an alternative standard:

| | | |
|---|---|---|
| Dentch | 3/17/10 | $ 149.29 |
| Brighton | 4/01/10 | $ 9.40 |
| Novi | No date | $2,167.50 |
| Novi | No date | $ 402.22 |

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet. Pending review of LFR's explanations, the*

15

*Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

      D.      <u>Federal Express Charges</u>.  The Fee Examiner has requested further detail in connection with January (outside the Interim Period) and February Federal Express charges, averaging in excess of $100.00 each.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

      E.      <u>Equipment Rental</u>.  The Fee Examiner has requested further detail in connection with undocumented equipment rental in the total amount of $5,290.69.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

      F.      <u>In-House Equipment Rental</u>.  Certain cell phone expenses have been categorized as "in house equipment rental," which the Fee Examiner would generally treat as non-compensable overhead.

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

      G.      <u>Hotel and Airfare</u>.  Certain charges submitted for reimbursement appear excessive.

| | | | | |
|---|---|---|---|---|
| Morrow | 2/04/10 | Flight-Roundtrip | BOS to PHL | $1,066.40 |
| Gaito | 4/12/10 | Renaissance Hotel | D.C. | $ 456.85 |

*LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

16

    F. <u>Meals</u>.  LFR has requested reimbursement for meal expenses in the amount of $799.41.[2]  A suggested disallowance of $312.42 will reduce meal expenses to the $20.00 meal limitation set forth in the Advisories.

  *LFR has indicated it will address the Fee Examiner's concerns about the Third Fee Application, but has not responded yet.  Pending review of LFR's explanations, the Fee Examiner has not drawn any conclusions about the compensability of the questioned charges.*

**Second Fee Application Summary**

  *Total fees suggested for disallowance:  $5,237.05.*

  *Total expenses suggested for disallowance:  $434.14.*

  *Total fees and expenses recommended for disallowance:  $5,671.19.*

## CONCLUSION

  This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Second Fee Application and of the Fee Examiner's preliminary observations on the Third Fee Application, subject to supplemental detail to be provided by LFR.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

  WHEREFORE, the Fee Examiner respectfully submits *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of LFR Inc. and Preliminary Report on Third Interim Application of LFR Inc.*

---

[2] $178.71 of these meal expenses were requested under the "Lodging" category.

17

Dated: Green Bay, Wisconsin
October 19, 2010.

          GODFREY & KAHN, S.C.

By:    */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
       tnixon@gklaw.com

*Attorneys for Fee Examiner*

5512405_4