# EXHIBIT E

JUL-2-2010  02:39P  FROM:LESON CHEVROLET    5043740240    TO:95660210    P.8

# LESON
## CHEVROLET

June 28, 2010

**VIA FACSIMILE AND FEDERAL EXPRESS**
Johnny Collins
General Motors, LLC
MC: 482-A06-C66
100 Renaissance Center
Detroit, Michigan 48265

Dear Mr. Collins:

    We are in receipt of the "Letter of Intent" provided by General Motors, LLC ("GM") as a result of the arbitrator's decision in Leson Chevrolet's ("Leson") arbitration. The letter claims it is being offered "as provided for in the Arbitration Statute." However, we believe what the Arbitration Statute provides and the letter mandates are actually quite different. Specifically, the Arbitration Statute states that if the arbitrator finds in favor of a covered dealership, the manufacturer shall... provide the dealer a customary letter of intent to enter into a sales and service agreement. However, Leson instead received an Amended Wind-Down Agreement from GM. The Amended Wind Down Agreement GM offered Leson is not in compliance with the Arbitration Statute.

    The Letter of Intent GM has requested that Leson sign requires, among other things, that Leson waive certain rights under Louisiana's motor vehicle franchise laws. The provisions contained in the letter of intent are neither "usual" nor "customary" as these terms are commonly understood. Congress intended those dealers who prevailed in their arbitrations to be restored to GM's dealer network by entering into another Sales and Service Agreement. By conditioning Leson's acceptance into GM's network on Leson's execution of this Amended Wind Down Agreement, GM is failing to comply with the Arbitration Statute.

"Oldest Chevy Dealer in the New Orleans Area"
1501 Westbank Expressway • Harvey, Louisiana 70058
(504) 366-4381  www.lesonchevy.com

**EXHIBIT**
E

PAGE 8/10 * RCVD AT 7/2/2010 3:56:50 PM [Central Daylight Time] * SVR:ARRIGHTFAX/0 * DNIS:66550 * CSID:5043740240 * DURATION (mm-ss):03-48

JUL-2-2010  02:39P  FROM:LESON CHEVROLET      5043740240              TO:95660210           P.9

In addition to GM's failure to enter into a Dealer Sales and Service Agreement with Leson, GM's effort to have Leson sign an Amended Wind-Down Agreement is problematic in various respects, including the following:

1. Recitals D and E of the original Wind Down Agreement as well as Section 5 regarding *Release: Covenants Not to Sue; Indemnity* are no longer applicable but are not deleted by the Amended Wind Down Agreement.

2. Section 13 of the Wind Down Agreement, which provides continuing jurisdiction with the bankruptcy court is no longer applicable but not deleted by the Amended Wind Down Agreement. Because Leson has been ordered to be reinstated by the arbitrator, its relationship is no longer governed by the bankruptcy court.

3. Section 14 of the Wind-Down Agreement, entitled *Other Agreements*, is inapplicable as the relationship between Leson and GM should now be governed by the Dealer Sales and Service Agreement. Yet Section 14 is not deleted by the Amended Wind Down Agreement.

4. Section 18 of the Wind-Down Agreement stating that the Wind-Down Agreement is the complete agreement between the parties is inapplicable and erroneous as GM is now seeking to be governed by a Dealer Sales and Service Agreement and an Amended Wind-Down Agreement.

Leson's remaining concerns regarding GM's violation of the arbitration statute are as follows:

1. GM requires that the Letter of Intent be returned in 10 days. Both GM and Leson desire to move this matter forward quickly; however, Leson needs an opportunity to review this correspondence with its attorneys and financial advisors prior to signing it. The Arbitration Statute does not require the reinstated dealer sign this letter of intent in ten days. Leson will execute an agreement immediately that is in compliance with the law and fair to both sides.

2. Finally, GM's requirement that Leson obtain credit to finance a sufficient number of vehicles and establish and maintain working capital in the amount of $2,850,000 within sixty (60) days is simply not feasible. First, the arbitrator's order recognized that GM's capital requirements for Leson have not changed since 2003 and were thus inappropriate even though he found that Leson has met GM's capital requirements. Consequently, it is imperative that GM recalculate Leson's capital requirements based on its current profits and losses. Moreover, while Leson intends to establish and maintain the appropriate capital and floor plan financing, GM must recognize that Leson has not been able to order inventory or participate in GM programs since it was put on wind-down status thereby impairing its ability to be profitable. Thus, Leson must be given an appropriate amount of time to establish suitable credit facilities after it is able to order and obtain inventory again.

PAGE 9/10 * RCVD AT 7/2/2010 3:56:50 PM [Central Daylight Time] * SVR:ARRIGHTFAX/0 * DNIS:66550 * CSID:5043740240    * DURATION (mm-ss):03-48

Thank you for your attention to this matter. We look forward to your prompt response. If you have any questions or wish to discuss this further, please do not hesitate to contact me or my General Manager and Successor in Interest, Lisa Rebowe, at (504) 382-1924 or lrebowe@lesonchevy.com.

Sincerely,

Donald R. Trapp

cc: Lisa Rebowe (General Manager- Leson Chevrolet)
Johnny L. Domiano, Jr. (Adams and Reese)(Via Fax)

3