# EXHIBIT N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LESON CHEVROLET CO., INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-3290** |
| | * | |
| **GENERAL MOTORS, LLC** | * | **SECTION "L"(4)** |

### ORDER & REASONS

On September 27, 2010, Defendant General Motors, LLC filed a Notice of Removal, removing the present matter from the Louisiana Motor Vehicle Commission, Case no. 2010-040. (R. 1). Given that "[i]f at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c), the Court exercises its authority to make a *sua sponte* determination of subject matter jurisdiction. *See Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993); *Burks v. Texas Co.*, 211 F.2d 443, 445 (5th Cir. 1954).

Whether a case may be removed to a federal district court from a state agency, such as the Louisiana Motor Vehicle Commission, has not yet been considered by the Fifth Circuit. However, a number of other circuits have ruled on the issue and are divided into two camps. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1261-64 (3rd Cir. 1994); Emily M. Rector, *Removing From State Administrative Agencies*, 84 Notre Dame L. Rev. 269 (2009). The first of these camps adhere to a bright-line rule against removal from state agencies or commissions. *See id.* The second follows the "functional test," which requires a district court to determine whether the state agency from which the case was removed sufficiently functions as a court so as to render removal therefrom appropriate. *See id.* The functional test contains a



number of factors to consider, including, but not limited to, the functions, powers and procedures of the agency and whether these mimic those of a court. *See id.*

In applying either of these tests to the present matter, the Court finds its lacks subject matter jurisdiction. First, because the removal is from the Louisiana Motor Vehicle Commission, a Louisiana state agency, *see generally Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Comm'n*, 403 So. 2d 13, 15 (La. 1981), under the bright-line test, the action is not removable. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1261-64 (3rd Cir. 1994); Rector, *Removing From State Administrative Agencies*, 84 Notre Dame L. Rev. 269.

Second, since the Louisiana Motor Vehicle Commission does not sufficiently function as a court, the action is not removable. *See id.* Another section of this Court has characterized the Louisiana Motor Vehicle Commission as follows,

> In 1985, the Louisiana Legislature enacted the [Louisiana Motor Vehicle Act ("LMVA")] in order to provide automobile dealers with certain safeguards in their transactions with automobile manufacturers. The Act prohibits a manufacturer of motor vehicles from coercing dealers to any agreement, engaging in unfair practices with respect to dealers, and terminating dealerships 'unfairly and without just cause.'... The LMVA empowers only the [Louisiana Motor Vehicle Commission] to enforce the provisions of the Act. The Commission has the power to grant, deny, and revoke licenses for motor vehicle dealerships, to hold hearings, subpoena witnesses, impose civil penalties for violations of the Act, and order renewal or reinstatement of a dealer's franchise that a manufacturer has canceled without just cause. The Act also empowers the Commission to institute an injunctive action to enforce its provisions, and to enter cease and desist orders prohibiting conduct in violation of the Act. *Crescent City M Dealership, LLC v. Mazda Motor of America, Inc.*, 2000 WL 1372965, at *2 (E.D. La. Sept. 22, 2000)(internal citations omitted).

Considering this characterization, as well as the authority granted the Commission in Louisiana Revised Statutes 32:1251, *et seq.*, the Court finds that while the Commission functions in certain respects like a court, it is by no means the functional equivalent of a court. For example, the Louisiana Motor Vehicle Commission is only empowered to carry out the provisions of the

LMVA, and cannot adjudicate private actions. *See Crescent City*, 2000 WL 1372965. Additionally, other federal courts have held that state motor vehicle commissions with rights and obligations similar to the Louisiana Motor Vehicle Commission do not constitute "functional" courts from which removal to a federal district court is appropriate. *See Sun Buick*, 26 F.3d 1259; *Rockville Harley-Davidson v. Harley-Davidson Motor Co.*, 217 F.Supp.2d 673, (D. Md. 2002); *Southhaven Kawasaki-Yamaha v. Yamaha Motor Corp.*, 128 F.Supp.2d 975 (S.D. Miss. 2000).

Accordingly, for the foregoing reasons, the Court holds that it lacks subject matter jurisdiction over the present matter and orders that the matter be remanded to the Louisiana Motor Vehicle Commission.

New Orleans, Louisiana this 18th day of October 2010.

_____
UNITED STATES DISTRICT JUDGE

cc:      Louisiana Motor Vehicle Commission