# EXHIBIT S

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

B.G.R., LLC d/b/a DeLand Dodge,

    **Plaintiff,**

-vs-             Case No.  6:10-cv-1083-Orl-22KRS

CHRYSLER GROUP LLC,

    **Defendant.**

_____

## ORDER

  This cause comes before the Court for consideration of Plaintiff B.G.R., LLC d/b/a DeLand Dodge's ("DeLand Dodge") Motion to Remand (Doc. No. 5), filed on August 5, 2010. Defendant Chrysler Group LLC ("Chrysler") filed a response in opposition (Doc. No. 11) on August 19, 2010. Because Chrysler has not established federal jurisdiction, the motion will be granted.

## I. BACKGROUND

  After being unlawfully terminated by Chrysler in its bankruptcy case in June 2009, DeLand Dodge filed a demand for arbitration to be added to Chrysler's dealer network. (Doc. No. 2 ¶ 1.) The mechanism for doing so is provided by Section 747 of H.R. 3288, the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, 123 Stat. 3034 (2009) ("Section 747"):

> A covered dealership that was not lawfully terminated under applicable State law on or before April 29, 2009, shall have the right to seek, through binding arbitration, continuation, or reinstatement of a franchise agreement, or to be added as a franchisee to the dealer network of the covered manufacturer in the

**EXHIBIT**

S

geographical area where the covered dealership was located when its franchise agreement was terminated, not assigned, not renewed, or not continued.

Section 747(e). The arbitrator found in DeLand Dodge's favor, determining that DeLand Dodge "shall be added to the roster of dealerships of Chrysler Group, LLC, the newly created and covered manufacturer." (Doc. No. 2-1 p. 1.) DeLand Dodge then filed, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, its application for confirmation of its arbitration award pursuant to the Florida Arbitration Code, Sections 682.01-682.22, Florida Statutes. (Doc. No. 2.) Specifically, DeLand Dodge requested an order that it should be "unconditionally" added to the roster of dealerships. (*Id.* at 2.) Chrysler removed the action to this Court and contends this Court has subject matter jurisdiction because the case involves a federal question. (*See* Doc. No. 11.) DeLand Dodge argues that state courts have exclusive jurisdiction over this action because it is brought pursuant to the Florida Arbitration Code. (*See* Doc. No. 5.)

## II. STANDARD OF REVIEW

On a motion to remand, it is the removing defendant's burden to prove that federal jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Federal courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal statutes are therefore strictly construed, and any uncertainties regarding jurisdiction are resolved in favor of remand. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Nevertheless, a defendant may remove

to federal court any civil case filed in state court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a).

### III. ANALYSIS

In DeLand Dodge's motion to remand, it asserts that the Court does not have subject matter jurisdiction over its claims. (Doc. No. 5 p. 1.) According to DeLand Dodge, federal jurisdiction is not provided by statute because state courts have exclusive jurisdiction to hear applications brought under the Florida Arbitration Code. (*Id.* at ¶ 5.) DeLand Dodge cites the language of Florida Statute Section 682.12, which provides that "the court shall confirm and award . . .", and section 682.18 which defines "court" as "any court of competent jurisdiction of this state." Thus, DeLand Dodge argues, only state courts can enter the confirmation for which it has applied. DeLand Dodge also contends that there is no other basis for federal question jurisdiction. According to Deland Dodge, the matter "does not seek a construction of any federal law, including but not limited to Section 747 of the Consolidated Appropriations Act of 2010." (*Id.* at 14.) It asserts that section 747 is no longer at issue because it only established a right to arbitration, which has already occurred and is "final and binding." (*Id.* at 15.)

Chrysler argues that the action should not be remanded because this Court has federal question jurisdiction, both because the complaint pleads a cause of action created by federal law and because DeLand Dodge's state-law claims implicate federal issues. (Doc. No. 11 p. 5) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Franchise Tax Bd. of the State. of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 9-11 (1983)). Chrysler further contends that DeLand Dodge incorrectly assumes that the

Florida Arbitration Code applies to this arbitration. According to Chrysler, that Code only applies to arbitrations conducted by agreement, not mandatory arbitrations as in the instant case. (*Id.* at 8-9). Even if Section 747 did provide for a confirmation process, Chrysler argues, DeLand's request to be "unconditionally added" to the dealer network "goes far beyond what this federal statute provides." (*Id.* at 9-10.)

While it is true that Section 747 is the source of this arbitration, the Court is not convinced that this alone provides federal jurisdiction over DeLand Dodge's application for confirmation. In determining whether federal jurisdiction exists, the Court applies the well-pleaded complaint rule, which requires the Court to look to the face of the complaint rather than to defenses for the existence of a federal question. *Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As stated above, DeLand Dodge brings this action pursuant to state law. (*See* Doc. No. 2.) Though nothing on the face of the complaint suggests a federal question, DeLand Dodge "may not avoid federal jurisdiction if either (1) [its] state-law claims raise substantial questions of federal law or (2) federal law completely preempts [its] state-law claims." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citing *Franchise Tax Bd.*, 463 U.S. at 13). The Court finds that DeLand Dodge's claims neither involve substantial questions of federal law, nor does federal law preempt its claims. Nothing in Section 747 provides for the relief which DeLand Dodge seeks because the statute does not provide for confirmation of the arbitration; it also does not preempt DeLand Dodge's state law claims. Though the federal statute was the source for the arbitration, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* (citing *Merrell Dow*

-4-

*Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Chrysler's arguments against remand might be appropriate when seeking dismissal for failure to state a claim, but whether DeLand Dodge has sufficiently stated a claim is not a jurisdictional issue for this Court to decide at this juncture. Finally, the Court must resolve any uncertainty in favor of remand. *Syngenta*, 537 U.S. at 32.

The Court will deny DeLand Dodge's motion for costs and attorney's fees. " 'Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.' " *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The statute providing the mechanism for the arbitration was a federal statute; therefore, Chrysler had an objectively reasonable basis for believing this Court had subject matter jurisdiction. Thus, the Court will not award DeLand Dodge costs and fees.

Because this Court is satisfied that it does not have subject matter jurisdiction over this action, the case will be remanded to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff B.G.R., LLC d/b/a DeLand Dodge's ("DeLand Dodge") Motion to Remand (Doc. No. 5), filed on August 5, 2010, is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED insofar as the case will be remanded to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. (Case No. 2010 12407 CIDL.) The motion is DENIED insofar as Plaintiff requests costs and attorney's fees.

2. The Clerk is directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on September 28, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge

-6-