Hearing Date and Time: October 21, 2010 at 9:45 a.m. (Eastern Time)
Objection Deadline: October 14, 2010 @ 4:00 p.m. (Eastern Time)

Steven B. Eichel
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Telephone No.: (212) 803-4019
Fax No.: (212) 223-4134
*Attorneys for Winkelmann Sp. z.o.o.*

OCT 14 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:   )   Chapter 11 Case No.
         )
MOTORS LIQUIDATION COMPANY, *et al.*,   )   09-50026 (REG)
   f/k/a General Motors Corp., *et al.*   )
         )   (Jointly Administered)
         Debtors.   )
         )

## WINKELMANN SP. Z.O.O.'S OBJECTION TO DISCLOSURE STATEMENT FOR DEBTORS' JOINT CHAPTER 11 PLAN

Winkelmann Sp. z.o.o. ("Winkelmann") files this objection to the Disclosure Statement for Debtors' Joint Chapter 11 Plan (the "Disclosure Statement"), and respectfully states as follows:

### FACTS

1.  On June 1, 2009, General Motors Corp. (n/k/a Motors Liquidation Company) and certain of its affiliates (collectively the "Debtors")[1] filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

---

[1] The Debtors also include Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc., both of which filed for bankruptcy on October 9, 2009.

2. Winkelmann timely filed a proof of claim in the Debtors' bankruptcy cases, asserting, among other things, a general unsecured claim for (i) goods sold and (ii) rejection damages based on the Debtors' rejection of its contract with Winkelmann.

3. Winkelmann also timely filed a claim under Bankruptcy Code Section 503(b)(9). The Debtors and Winkelmann are currently in negotiations with respect to this Section 503(b)(9) claim.

4. The Debtors have obtained an order implementing certain alternate dispute resolution procedures (the "ADR Procedures") with respect to, among other things, claims for damages arising from the Debtors' rejection of executory contracts.

5. Due to the size of the Debtors' Chapter 11 cases, and the large number of claims that the Debtors need to resolve in their cases, the Debtors have not yet initiated the ADR Procedures with respect to Winkelmann to resolve its general unsecured claim.

6. Both prior to the Debtors' bankruptcy cases and during the negotiations with respect to Winkelmann's section 503(b)(9) claim, the Debtors have informed Winkelmann and their counsel that they have an alleged claim for damages against Winkelmann based on the contract between the parties, which was rejected by the Debtors in this bankruptcy.

7. On August 31, 2010, the Debtors filed the Debtors' Joint Chapter 11 Plan (the "Plan") and Disclosure Statement. The Plan and Disclosure Statement provide, among other things, that the Debtors and the United States preserved their respective right of setoff. See Plan §§ 5.7, 10.8; Disclosure Statement at §§ III.F.11, III.L.8. Both the Plan and Disclosure Statement, however, are silent as to whether a holder of a Class 3 general unsecured claim, such as Winkelmann, retains its right to setoff against the Debtors post-confirmation in connection with resolution of claims.

## OBJECTION

8.  Section 1125 of the Bankruptcy Code requires a plan proponent to provide to holders of impaired claims "adequate information" with regard to the proposed chapter 11 plan. "Adequate information" means "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and record . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . 11 U.S.C. § 1125(a)(1). As the Debtors' acknowledge in their motion to approve the Disclosure Statement, a disclosure statement must inform the "average unsecured creditor 'what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" In re Radco Props., 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009) (quoting In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).

9.  Here, the Disclosure Statement fails to satisfy this requirement because it is not clear what certain holders of general unsecured claims are going to receive because the Plan and Disclosure Statement are silent as to whether a general unsecured creditor's right to setoff survives post-confirmation. Although the right of setoff is preserved under section 553 of the Bankruptcy Code, "courts in this Circuit have found that the rights of setoff and recoupment may be extinguished when a confirmed plan specifically enjoins the assertion of those rights." In re PT-Communications, Inc., 403 BR 250, 271-272 (Bankr. E.D.N.Y. 2009) (citations omitted). The Debtors' Plan does not contain a specific injunction enjoining a creditor's right of setoff. Rather, both the Plan and Disclosure Statement are silent on this issue.

10. In order to satisfy the "adequate information" standard, the Debtors should amend the Plan and Disclosure Statement to clarify that holders of Class 3 general unsecured claims retain their right to setoff in connection with resolution of timely filed claims.

3

11. Without providing for this right of setoff, the Debtors could receive a windfall at the expense of its general unsecured creditors as a result of the delay in resolving claims prior to confirmation. Moreover, allowing certain creditors the right of setoff, while not allowing other creditors the same right because the claims were litigated post-confirmation, would unfairly discriminate against the holders of class 3 claims whose claims are not dealt with by the Debtors until post-confirmation.

WHEREFORE, Winkelmann respectfully requests that the Debtors' Disclosure Statement and Plan clarify that the holders of Class 3 general unsecured claims retain their right to setoff post-confirmation.

Dated: New York, New York
October 13, 2010

CROWELL & MORING LLP

By: /s/ Steven B. Eichel
Steven B. Eichel
590 Madison Avenue
New York, New York 10022
Telephone No.: (212) 803-4019
Fax No.: (212) 223-4134

*Attorneys for Winkelmann Sp. z.o.o.*

4

NYACTIVE-11768668.3