Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
-----------------------------------------------------------------x
```

### DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE
### DISCLOSURE STATEMENT FOR DEBTORS' JOINT CHAPTER 11 PLAN

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), file this

omnibus reply (the "**Reply**") to the Objections (as defined below) interposed to their motion (the

"**Motion**"), dated September 3, 2010, for an order approving, among other things, the disclosure

statement (the "**Disclosure Statement**") filed in connection with the Debtors' Joint Chapter 11

Plan, dated August 31, 2010, and various procedures in connection with the solicitation of votes

with respect to the Plan, and respectfully represent:

## Preliminary Statement

1.      As a result of the global economic collapse and liquidity crisis that began

to surface during the second half of 2007 and into 2008, General Motors Corporation (now

known as Motors Liquidation Company) and its affiliated debtors commenced these chapter 11

cases with the objective of implementing the only available means to preserve and maximize the

value, viability, and continuation of the Debtors' business and, by extension, preserve and

provide jobs for the Debtors' employees and others, and enhance the interests of their economic

stakeholders -- a sale of substantially all their assets pursuant to section 363 of the Bankruptcy

Code to NGMCO, Inc. (now known as General Motors, LLC, "**New GM**"), a U.S. Treasury-

sponsored purchaser (the "**363 Transaction**").

2.      The 363 Transaction closed on July 10, 2009, and, following the closing,

the Debtors have been winding down their estates, liquidating their remaining assets, and

formulating a plan of liquidation to conclude these cases.  The Plan and Disclosure Statement

represent the culmination of efforts of the Debtors, the U.S. Treasury, the official committee of

unsecured creditors (the "**Creditors' Committee**"), various other parties in interest, and their

respective advisors to address the issues critical to developing and implementing a chapter 11

plan.

3.      To that end, the Debtors' filed their Plan and related Disclosure Statement

on August 31, 2010, and on or about September 3, 2010, the Debtors served notice of the hearing

on the adequacy of their Disclosure Statement on over 2,021,000 creditors and other parties in

interest in these chapter 11 cases.  Approximately 55 objections to the approval of the Disclosure

Statement have been filed and served by various parties in interest (collectively, the

"**Objections**," and the objecting parties, the "**Objectors**").[1]

4.        Of the Objections received, only thirteen relate to the adequacy of the

Disclosure Statement.  The remaining Objections are, in fact, objections to confirmation of the

proposed Plan or general statements of dissatisfaction with the 363 Transaction or the general

effects of chapter 11 on creditors and equity holders.  A synopsis of the Debtors' response or

proposed resolution to the Objections is outlined in the table annexed hereto as **Exhibit "A**."

5.        It is the Debtors' intention to modify the Disclosure Statement and the

Plan in an attempt to resolve certain of the concerns articulated in the Objections which relate to

the adequacy of the Disclosure Statement.  To that end, the Debtors intend to file an amended

Disclosure Statement (the "**Amended Disclosure Statement**") and Plan (the "**Amended Plan**")

as soon as practicable.

6.        In order to address a number of the Objections, the Debtors' Amended

Plan and Amended Disclosure Statement will, among other things, provide an estimate or

estimated range for the Allowed Claims[2] in each creditor Class.  The Amended Plan will also

annex as exhibits the GUC Trust Agreement and the Environmental Response Trust Consent

Decree and Settlement Agreement.  Additional revisions will be made to address other

Objections as set forth in **Exhibit "A."**

7.        The Debtors believe that all other Objections should be overruled for the

reasons set forth herein and in **Exhibit "A."**  The Debtors submit that, with the proposed

---

[1] Of these 56 Objections, 12 were received by Debtors' counsel but, as of the filing of this Reply, have not been filed with the Bankruptcy Court.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion and/or the Debtors' Plan.

revisions, the Amended Disclosure Statement will contain all necessary information to satisfy the

requirements of section 1125 of the Bankruptcy Code, and that the Plan is confirmable, fair and

reasonable, and in the best interests of all parties in interest.  Indeed, inasmuch as the Plan is a

liquidating plan and the only consideration available for distribution to creditors entitled to vote

on the Plan is very discrete, the scope and materiality of disclosure must be viewed in the

perspective of these cases and the available alternatives.

**Confirmation Issues Should**
**Be Determined at the Hearing on Confirmation**

8.      Many of the Objections raise issues related to the confirmability of the

Plan and do not represent a basis for objecting to the Disclosure Statement.  As the Court is well-

aware, confirmation issues and challenges should be determined at a hearing to consider

confirmation of a plan of reorganization and in accordance with the procedures attendant to such

a hearing.  *In re CRIIMI MAE, Inc.*, 251 B.R. 796, 799 (Bankr. D. Md. 2000) ("objections to

confirmation of the plan, as opposed to the adequacy of disclosure of information in the

Disclosure Statement, would not be heard and determined at the [disclosure statement]

[h]earing"); *In re Waterville Timeshare Group*, 67 B.R. 412 (Bankr. D.N.H. 1986) (holding that

a conflict regarding the wisdom of a litigation compromise that was an integral part of the plan

did not render the debtor's disclosure statement inadequate); *In re Featherworks Corp., Inc.*, 45

B.R. 455 (Bankr. E.D.N.Y. 1984).  The Debtors have the right to have challenges to

confirmation determined on the basis of an appropriate record and the facts and circumstances

developed up to and including the hearing on the confirmation of the Plan.

9.      The hearing on the adequacy of a disclosure statement should not be

seized upon by creditors to address the confirmability of a chapter 11 plan.  As one court stated,

"[i]f creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate

information, issues respecting the plan's confirmability will await the hearing on confirmation."

*In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988).  In *In re Matter of*

*Featherworks Corp., Inc.*, the Court approved the adequacy of an amended disclosure statement

filed in connection with a plan that almost exactly mirrored a previously-filed plan that was not

confirmed.  45 B.R. at 457.  In approving the adequacy of the disclosure statement the court held

that it was "too early before the hearing on confirmation to conclude that the present plan cannot

be confirmed.  *That determination must await examination of the evidence offered at the hearing*

*on confirmation*."  *Id.* (emphasis added).

10.    In *In re Waterville Timeshare Group*, the Court recognized the inherent

limitations of a disclosure statement hearing, observing that "approval of a disclosure statement

is an interlocutory action in the progress of a chapter 11 reorganization effort leading to a

confirmation hearing at which all parties have ample opportunity to object to confirmation of the

plan."  67 B.R. at 413.  Moreover, the Bankruptcy Court observed that section 1125(a) excludes

from a disclosure statement hearing those strategic objections "designed to delay and hobble the

efforts of the [plan proponent] to put a plan before the court."  *Id.* at 414.  This is precisely what

certain Objectors may be seeking to do through the Objections.

11.    Solicitation of a chapter 11 plan should be delayed or prohibited only

when the proposed plan is "patently" or "facially" unconfirmable.  *See In re Cardinal*

*Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("the Court will not look behind the

disclosure statement to decide [confirmation] issues at the hearing on the adequacy of the

disclosure statement"); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y.

1988) ("*care must be taken to ensure that the hearing on the disclosure statement does not turn*

*into a confirmation hearing*, due process considerations are protected and objections are restricted to those defects that could not be cured by voting") (emphasis added).

12.    Contrary to the assertions set forth by the Asbestos Claimants' Committee and the Future Claimants' Representative, the Plan is neither "patently" nor "facially" unconfirmable.  To prevail on this argument, the Asbestos Claimants' Committee and the Future Claimants' Representative must demonstrate as a threshold matter that the Plan is not confirmable *as a matter of law* because the plan "is so fatally flawed that confirmation is impossible."  *See In re Cardinal Congregate I,* 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) (citing *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 (Bankr.  E.D. Pa. 1987)); *accord In re U.S. Brass Corp.*, 194 B.R. 420, 428 (Bankr. E.D. Tex. 1996).  To the contrary, the Plan represents the only viable conduit for exit from these chapter 11 cases and provides for a simple pro rata distribution of all remaining assets to holders of allowed unsecured claims.  The assertion by the Asbestos Claimants' Committee and the Future Claimants' Representative that the Plan is unconfirmable because it improperly implements a channeling injunction for asbestos personal injury claims simply is unfounded and, in any event, should be deferred until confirmation.  The Asbestos Claimants' Committee and the Future Claimants' Representative have cited no controlling precedent in the Second Circuit to support their position.  Moreover, the Asbestos Claimants' Committee acknowledges in its Objection that "*it is not clear* that a plan can successfully challenge future asbestos claims to a trust absent the use of Section 524(g) of the Bankruptcy Code."  (Asbestos Claimants' Committee Objection ¶ 18 (emphasis added).)

13.    None of the Objectors has raised any issue that would warrant a finding that the Plan is fatally flawed and not confirmable as a matter of law.  At best, there are litigable issues relating to confirmation, which, if at all, should be raised and addressed at that time.  The

Court has complete discretion to defer all of such Objections until the confirmation hearing rather than use the hearing on the adequacy of the disclosure statement as a substitute for that adjudicatory proceeding. *See Cardinal Congregate I*, 121 B.R. at 764 (citing *Monroe Well*, 80 B.R. at 333); *accord U.S. Brass*, 194 B.R. at 428. The Court need not "look behind the disclosure statement to decide such issues at the hearing on [its] adequacy." *Cardinal Congregate I*, 121 B.R. at 764.

14.     The approval of the Disclosure Statement and the commencement of solicitation of acceptances of the Plan as soon as practicable after the filing of an Amended Plan and Amended Disclosure Statement is in the best interests of the Debtors, their estates, and all parties in interest.

Dated: New York, New York
       October 19, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

**Response to Objections to Disclosure Statement for Debtors' Joint Chapter 11 Plan**
**In re Motors Liquidation Company, *et al.*, f/k/a General Motors Corp., *et al.*,**

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| 7304 | Winkelmann SP. z.o.o. | Disclosure Statement does not provide that individual claimants preserve rights of setoff. | This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement.  Neither the Plan nor the Disclosure Statement limit a claimant's right of setoff to the extent such right has been asserted in the claimant's proof of claim and has been properly preserved. |
| 7307  7308 | Town of Salina  County of Onondaga, State of New York | 1.  **Lack of Adequate Information.**  a. Disclosure Statement does not specifically set forth the Debtors' classification of claimant's claim. | 1.a.  It is not required that the Disclosure Statement classify each claim if the classification scheme is clear.  The definition provided in the Plan for Property Environmental Claims entitled to treatment in Class 4 (Property Environmental Claims) limits such claims to "Claim[s] or Cause[s] of Action by the Governmental Authorities against the Debtors under Environmental Laws with respect to the [Environmental Response Trust Properties and the Priority Order Sites]." (Plan § 1.112)  A Schedule of the Environmental Response Trust Properties and the Priority Order Sites will be annexed as exhibits to the Environmental Response Trust Consent Decree and Settlement Agreement which in turn will be attached to the Debtors' Amended Plan. |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | The definition also makes clear that a claim may be bifurcated into a claim in Class 3 (General Unsecured Claims) and a claim in Class 4 (Property Environmental Claims). In that respect, the Disclosure Statement provides that a single creditor may receive multiple ballots. |
| | | b. The Disclosure Statement does not provide the documents contained in the Plan Supplement, in particular, the GUC Trust Agreement and the Environmental Response Trust Agreement. | 1.b.  The GUC Trust Agreement will be included as an exhibit to the Debtors' Amended Plan and transmitted to those entitled to vote on the Plan with the Debtors' Amended Disclosure Statement. |
| | | c. Disclosure Statement does not provide an estimation of the value of assets available for distribution. | 1.c.  At this juncture it is not possible to appropriately value expected recoveries as they will depend on (a) the value of New GM –a separate company from the Debtors, and (b) the ultimate amount of Allowed Claims in Class 3 (General Unsecured Claims).  Nevertheless, the Disclosure Statement describes how the New GM Securities owned by the Debtors will be distributed on a pro rata basis.  In any event, the Debtors do not believe that this should be an impediment for approving the Disclosure Statement.  *See* 11 U.S.C. § 1125(b) "[t]he court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets;"  *see also In re Williams Commc'ns*, 281 B.R. 216, 221 (Bankr. S.D.N.Y. 2002) ("[v]aluation is a proper issue for |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | confirmation"). |
| | | d. From the information provided in the Disclosure Statement, it is not possible to ascertain whether the best interest test of section 1129(a)(7) of the Bankruptcy Code will be met. | 1.d. This is a confirmation objection and need not be addressed at this juncture. However, because the Debtors' Plan is a plan of liquidation, it is very unlikely that it would not meet the best interest test of section 1129(a)(7) of the Bankruptcy Code. |
| | | 2. Claimant's bylaws do not allow it to hold GM Securities. | 2. This is not an objection to the adequacy of the information contained in the Disclosure Statement. Claimants' legal impediment to hold New GM Securities is not an issue for the Debtors to address in their Disclosure Statement and should not preclude the Court from approving the Disclosure Statement. |
| 7382 | Wilmington Trust Company | 1. **Lack of Adequate Information.**<br><br>a. Disclosure Statement does not provide information regarding the Budget for the post-Effective Date period. | 1.a. The Amended Disclosure Statement will annex historical financial information and projections that set forth the funds available for the wind-down during the post-Effective Date periods. The financial information, among other things, will disclose how much funding will be made available initially to the GUC Trust in order to fund the wind-down. Claimants' sole purpose to access and inform itself of the underlying wind-down Budget is to evaluate the feasibility of the Plan. The Debtors do not believe that this should be an impediment for approving the Disclosure Statement. It should be noted that Wilmington Trust Company is a member of the Creditors' Committee and the Creditors' Committee's advisors have |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | already been provided with additional supporting financial information that includes a detailed wind-down Budget. |
| | | b. Disclosure Statement does not set forth any business justification to prepay the DIP Credit Agreement. | 1.b.  This is not an objection to the adequacy of the information contained in the Disclosure Statement.  There is no requirement to establish a business justification in the Disclosure Statement to return excess funding to the lenders under the DIP Credit Agreement that is not necessary to fund implementation of the Plan.  Moreover, repayment of the DIP Credit Agreement, to the extent of funds no longer necessary to fund the uses contemplated therein, is consistent with the terms of such agreement approved by the Bankruptcy Court.  (*See* Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (a) Approving Amendment to DIP Credit Facility to Provide for Debtors' Post-Petition Wind-Down Financing [Docket No. 2969].) |
| | | c. Disclosure Statement should clarify that the U.S. Treasury has no right to the Term Loan Avoidance Action or the proceeds thereof. | 1.c.  The Debtors believe such clarification is unnecessary at this juncture and that the matter will be resolved by the moving and responding parties in separate proceedings before this Court.  The Disclosure Statement accurately sets forth how the proceeds, if any, of the Term Loan Avoidance Action will be allocated when the entitlement thereto is resolved. |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| 7383 | Official Committee of Unsecured Creditors (the "**Creditors' Committee**") | 1. **Lack of Adequate Information.**<br><br>a. Disclosure Statement should include the GUC Trust Agreement and the retention terms of certain GUC Trust professionals.<br><br>b. Disclosure Statement does not provide information regarding the Budget for the post-Effective Date period.<br><br>c. Disclosure Statement does not provide additional disclosure on the impact to the | 1.a. The GUC Trust Agreement will be included as an exhibit to the Debtors' Amended Plan and transmitted with the Debtors' Amended Disclosure Statement to those entitled to vote on the Plan. There is no requirement that the identity and terms of engagement of the GUC Trust's professionals be identified and described before confirmation of the Plan, and such information is not material to making a decision to vote to accept or reject the Plan.<br><br>1.b. The Amended Disclosure Statement will annex historical financial information and projections that set forth the funds available for the wind-down during the post-Effective Date period. The financial information, among other things, will disclose how much funding will be made available initially to the GUC Trust in order to fund the wind-down. The Creditors' Committee's sole purpose to access and inform itself of the underlying wind-down Budget is to evaluate the feasibility of the Plan. The Debtors do not believe that this should be an impediment for approving the Disclosure Statement. Moreover, it should be noted that the Creditors' Committee's advisors have already been provided with extensive additional supporting financial information that includes a detailed wind-down Budget.<br><br>1.c. As the Creditors' Committee notes in its Objection, this matter will ultimately be |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | Creditors' Committee's Motion to Enforce the DIP (the "**Committee Motion**"). | decided by the Court in a separate proceeding. To the extent the parties can agree on language regarding the impact of the Committee Motion, such language will be added as well. |
| | | d. Disclosure Statement should provide detail on size of the claims pool. | 1.d. The Debtors' claims pool is comprised of thousands of claims that still need to be liquidated. At this stage, the Debtors think it is prudent to only include a range for the estimated amount of allowed claims, rather than a further break-down of this range. The Amended Disclosure Statement will include a range of the expected size of the claims pool. Furthermore, "[t]here is no requirement in case law or statute that a disclosure statement estimate the value of specific unliquidated clams. . . . In fact, . . . any specific estimates may well [be] more confusing than helpful and certainly would be more calculated to mislead." *Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694, 697 (4th Cir. 1989). |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | e. Disclosure Statement should identify the GUC Trust Administrator. | 1.e. The Plan and Disclosure Statement are being revised to identify Wilmington Trust Company as the GUC Trust Administrator. |
| 7314 | Appaloosa Management L.P., Aurelius Capital Management, L.P., Elliot Management Corporation, and Fortress Investment Group LLC.<br><br>(Certain Nova Scotia Noteholders) | 1. **Lack of Adequate Information.**<br><br>a. The Disclosure Statement fails to provide information regarding the "Wind-Up Claim" and the "Guarantee Claims." | 1.a. A description of the Nova Scotia Claim (as defined herein) will be added to the Debtors' Amended Disclosure Statement. The Amended Disclosure Statement will also differentiate between the Eurobond Claims and the claims against any of the Debtors (i) arising under or in connection with any of the respective notes, bonds, or debentures issued under that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among General Motors Nova Scotia Finance Company, General Motors Corporation, Deutsche Bank Luxembourg S.A., and Banque Générale du Luxembourg S.A., and (ii) filed or otherwise asserted by Green Hunt Wedlake, Inc. under Nova Scotia corporate law (collectively, the "**Nova Scotia Claim**"). |
| | | b. The Disclosure Statement fails to provide adequate information regarding the amount of New GM Securities and cash to be withheld from distribution to holders of general unsecured claims on account of disputed claims. | 1.b. The Debtors do not believe that any revision to the Disclosure Statement is required. The amounts withheld from initial distribution for Disputed Claims will be determined on the Effective Date. Any estimate at this juncture would be misleading and, in any event, not material to a decision to vote to accept or reject the Plan.<br><br>1.c. The GUC Trust Agreement will be included |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | c.   The Disclosure Statement fails to provide adequate information concerning mechanics of the GUC Trust and its ability to sell assets.<br><br>d.   The Disclosure Statement fails to provide information regarding the estimation process.<br><br><br><br><br><br><br><br>e.   The Disclosure Statement fails to provide adequate information regarding the mechanics of distribution. | as an exhibit to the Debtors' Amended Plan and transmitted to those entitled to vote on the Plan with the Debtors' Amended Disclosure Statement.<br><br>1.d.   The Debtors do not agree to exclude the Nova Scotia Claim from those claims that are subject to estimation.  Moreover, whether a claim is estimated for voting purposes only or for all purposes will be based on the request of the party seeking such estimation.  No revisions to the Disclosure Statement are necessary in this respect.<br><br>1.e.   The Amended Plan and Disclosure Statement will provide additional disclosure with respect to the mechanics for fiscal paying agents to make distributions to beneficial holders. |
| 7325 | Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company | 1.   **Lack of Adequate Information.**<br><br>a.   The Disclosure Statement fails to provide adequate information regarding the Debtors' Obligations under the "Lock-Up Agreement and the related "Wind-Up Claim."<br><br>b.   Inconsistencies in certain defined terms leave certain creditors unclear on their treatment under the Plan.<br><br>c.   The Disclosure Statement must be amended to include the Missing Claim Amounts. | 1.a.   The Debtors will amend the Disclosure Statement to include a description of the Objector's position with respect to the validity of its claims and its position as to the Debtors' obligations with respect thereto.<br><br>1.b.   The Disclosure Statement will be revised to clearly define the Nova Scotia Claims, and set forth how they are treated under the Plan and that they are Disputed Claims.<br><br>1.c.   The Amended Disclosure Statement will include a range for the estimated amount of allowed claims in Class 3 (General |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | Unsecured Claims). |
| 7326 | Legal Representative for Future Asbestos Claimants (the "**Future Claimants' Representative**") | 1.  **Lack of Adequate Information.**<br><br>a.    There is no information regarding the Debtors' attempts to discharge non-Debtor third parties.<br><br>b.    The Disclosure Statement provides inadequate information regarding the extent of the Debtors' asbestos-related liabilities.<br><br>c.    There is no information regarding the nature of the Debtors' asbestos-related liability in the Disclosure Statement. | 1.a.  The Debtors believe that the definition of Protected Party in the Plan is adequate, detailed, and sufficiently discloses which parties are included in that definition.<br><br>1.b.  This is not an asbestos-driven case, and the Debtors do not believe that the ultimate Allowed amount of asbestos-related claims will have a material effect on the recovery for all general unsecured claims, including asbestos-related claims.  The respective constituencies in these cases have retained experts to estimate the Debtors' aggregate liability for present and future asbestos claims.  To the extent such experts are prepared to share their conclusions and inclusions of such conclusions would not delay approval of the Disclosure Statement, the Debtors are more than willing to set forth a range of asbestos-related claims based in such estimates.  But sufficient information already exists.<br><br>1.c.  The genesis of the Debtors' alleged liability with respect to the asbestos-related claims is irrelevant to the Disclosure Statement process and voting on the Plan.  The bar date for filing claims has passed, and the self-serving proposed disclosure suggested by the Future Claimants' Representative is unnecessary and inappropriate. |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | d.    A description of the Debtors' Asbestos Insurance Assets should be provided. | 1.d.  This information also is irrelevant to the Disclosure Statement and Plan voting process.  First, any meaningful insurance recovery is speculative and would only provide a slight additional recovery if it were available to the holders of allowed claims in Classes 3 and 5 given the overall size of the claims pool.  The amount of disclosure requested by the Future Claimants' Representative is overbroad, unnecessary, and merely demonstrates a desire for delay rather than meaningful disclosure. |
| | | 2.    The Debtors' Plan is patently unconfirmable because the Debtors' injunction regarding asbestos-related claims should conform to section 524(g) of the Bankruptcy Code. | 2.  This is not an objection to the adequacy of the information contained the Plan.  Nevertheless, the Plan is not patently unconfirmable merely because it attempts to channel all asbestos-related claims to a special trust that will address all asbestos-related personal injury claims.  The Debtors are not proposing to utilize a Bankruptcy Code section 524(g) injunction.  Rather, the Plan provides a mechanism to provide fair and equitable treatment to both present and future asbestos-related personal injury claims and, in that regard, protect the interests of future claimants who do not know that they may have a claim.  Indeed, neither the Future Claimants' Representative nor the Asbestos Claimants' Committee have cited to |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | controlling authority in this Circuit which precludes the relief the Debtors are seeking. In any event, this is a confirmation objection which should be deferred until the hearing to consider confirmation of the Plan. |
| 7327 | Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants' Committee**") | 1. **Lack of Adequate Information.**<br><br>a.  The Disclosure Statement fails to provide asbestos personal injury creditors with any information regarding their potential recoveries under the Plan.<br><br><br>b.  The Disclosure Statement fails to disclose that the Plan is attempting to insulate New | 1.a.  The Disclosure Statement is clear that once the aggregate amount of asbestos-related claims is determined -- either by mutual agreement between the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative, or ordered by the Court -- the amounts available for distribution to the Asbestos Trust for the benefit of holders of Allowed Asbestos Claims will be ratable to holders of claims in Class 3 (General Unsecured Claims).  The Amended Disclosure Statement will also disclose the amount of cash that will be transferred to the Asbestos Trust on the Effective Date to provide initial funding of the Asbestos Trust.<br><br>1.b.  The Debtors believe that the definition of Protected Party is clear and adequately |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | GM from liability.<br><br>c.    The Disclosure Statement does not contain the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures.<br><br><br><br><br><br><br><br><br><br><br><br>2.    The Debtors' Plan is patently unconfirmable because the Debtors' injunction regarding asbestos-related claims should conform to section 524(g) of the Bankruptcy Code and unfairly discriminates against the asbestos claimants. | discloses what entities are encompassed therein.<br><br>1.c.    The asbestos trust agreements and the asbestos trust distribution procedures are, in virtually all instances, drafted by an asbestos claimants' committee and/or a future claimants' representative. The Asbestos Claimants' Committee will acknowledge they are standard form documents. Although the Debtors believe they are immaterial to the Plan voting process, they are more than willing to draft and include the same in the solicitation packages if the Court believes it is necessary.<br><br>2.    The Debtors are not proposing to utilize a Bankruptcy Code section 524(g) injunction. Rather, the Plan provides a mechanism to provide fair and equitable treatment to both present and future asbestos-related personal injury claims and, in that regard, protect the interests of future claimants who do not know that they may have a claim. Indeed, neither the Future Claimants' Representative nor the Asbestos Claimants' Committee have cited any controlling authority in this Circuit which precludes the relief the Debtors are seeking. In any event, this is a confirmation objection which should be deferred until the hearing to consider confirmation of the Plan. |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| 7346 | United States Trustee | **1. Lack of Adequate Information.**<br><br>a.  The Disclosure Statement does not provide information regarding the appointment of the Fee Examiner.<br><br>b.  The Disclosure Statement does not provide adequate information concerning the professional fees incurred by the Debtors in these chapter 11 cases.<br><br>c.  The Disclosure Statement does not provide adequate information concerning the cash needs of the Debtors for the Plan to be effectuated.<br><br>d.  The Disclosure Statement does not provide adequate information concerning the treatment of quarterly fees due to the United States Trustee or post-confirmation reporting of disbursements.<br><br>e.  The Disclosure Statement does not provide adequate information, or comport with Second Circuit law, concerning releases and exculpation. | 1.a.  The Debtors will disclose the appointment of the Fee Examiner in the Debtors' Amended Disclosure Statement.<br><br>1.b.  The Debtors submit that additional disclosure on the professional fees incurred by the Debtors in these chapter 11 cases does not need to be included.  This information is not relevant to a decision to vote for or against the Plan.<br><br>1.c.  The Amended Disclosure Statement will annex historical financial information and projections that set forth the funds available for the wind-down for the post-Effective Date period.  The financial information, among other things, will disclose how much funding will be made available initially to the GUC Trust in order to fund the wind-down.<br><br>1.d.  The Amended Disclosure Statement will state that, post-confirmation, the Debtors will comply with all ongoing United States Trustee requirements.<br><br>1.e.  This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement.  Moreover, the Debtors do not believe it is either necessary or required to name each and every individual beneficiary |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | of the release. The Debtors will modify the Plan and the Disclosure Statement to include the additional "carve-outs" proposed as well as to reflect compliance with the New York Rules of Professional Conduct.<br><br>The Debtors will also amend the Disclosure Statement to reflect the provisions of Bankruptcy Code section 1141(d)(3). |
| 7333 | California Department of Toxic Substances Control | **1. Lack of Adequate Information.**<br><br>a.  The Disclosure Statement does not provide the documents to be contained in the Plan Supplement, in particular, the GUC Trust Agreement, the Environmental Response Trust Agreement, the Environmental Response Trust Consent Decree and Settlement Agreement, the Avoidance Action Trust Agreement, and the Asbestos Trust Agreement.<br><br>b.  The Disclosure Statement does not provide an explanation of what creditors of the Debtors would receive if there is no substantive consolidation so that creditors can evaluate to what extent substantive consolidation impacts their recovery.<br><br>2. The Disclosure Statement should not be approved pending adjudication of the Committee Motion. | 1.a.  The GUC Trust Agreement and the Environmental Response Trust Consent Decree and Settlement Agreement will be included as an exhibit to the Debtors' Amended Plan and transmitted with the Debtors' Amended Disclosure Statement to those entitled to vote on the Plan. The other documents will be included in the Plan Supplement.<br><br>1.b.  Adequate information related to substantive consolidation already exists in the Disclosure Statement. No additional disclosure is required under the circumstances.<br><br>2.  There is no basis to delay approval of the Disclosure Statement until the Committee Motion is decided. Based on the hearing to be held on the Committee Motion scheduled for October 21, 2010, the Debtors will include |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | additional language in the Amended Disclosure Statement describing the Committee Motion and its status. |
| 7376<br><br><br>7377 | The ILCO Remediation Group<br><br><br>The BKK Joint Defense Group | **1. Lack of Adequate Information.**<br><br>a. Disclosure Statement does not provide sufficient details regarding the valuation of the assets to be distributed.<br><br>b. The Disclosure Statement does not provide the documents contained in the Plan Supplement, in particular, the GUC Trust Agreement, the Environmental Response Trust Agreement, the Environmental Response Trust Consent Decree and Settlement Agreement, the Avoidance Action Trust Agreement, and the Asbestos Trust Agreement.<br><br>c. From the information provided in the Disclosure Statement, it is not possible to ascertain whether the best interest test of section 1129(a)(7) of the Bankruptcy Code will be met.<br><br>d. Questions whether the court-approved ADR Procedures will be imposed upon environmental claimants. | a. This is a confirmation objection and not an objection to the adequacy of the Disclosure Statement. *See* 11 U.S.C. § 1125(b) ("[t]he court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets").<br><br>b. The GUC Trust Agreement and the Environmental Response Trust Consent Decree and Settlement Agreement will be included as an exhibit to the Debtors' Amended Plan and transmitted with the Debtors' Amended Disclosure Statement to those entities entitled to vote on the Plan. The other documents will be included in the Plan Supplement.<br><br>c. This is a confirmation objection and need not be addressed at this juncture. However, because the Debtors' Plan is a plan of liquidation, it is very unlikely that it would not meet the best interest test of section 1129(a)(7) of the Bankruptcy Code.<br><br>d. Nothing in the Disclosure Statement remotely alters the ADR Procedures approved by the Court, which presently excludes environmental claims from being subject to the ADR Procedures. (Supplemental Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | Alternative Dispute Resolution Procedures, Including Mediation, dated April 29, 2010 [Docket No. 5673]) |
| 7427 | Terrie Sizemore (personal injury claimant) | 1. Objects to the 363 Transaction. | 1. This issue is moot as the 363 Transaction has been consummated and Sizemore has not appealed the order approving the 363 Transaction. |
| | | 2. Requests further information to verify accuracy of certain statements in the background section of the Disclosure Statement. | 2. The statements contained in the background section of the Disclosure Statement are accurate and provide adequate information for claimants entitled to vote to evaluate whether to accept or reject the Debtors' Plan. No specific additional language has been proposed. |
| | | 3. Asserts that notice of the Bar Date was not given to her. | 3. This is not an objection to the adequacy of information contained in the Disclosure Statement. The existence and effect of the Bar Date is adequately described in the Disclosure Statement. Moreover, claimant was provided with notice of the bar date (Affidavit of Service of Barbara Kelley Keane of the (i) Notice of Bar Dates for Filing of Proofs of Claim; and (ii) a proof of claim form, dated October 14, 2009 [Docket No. 4238]) |
| | | 4. Objects to certain provisions of the Plan. | 4. The objection to certain provisions of the Plan constitutes a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement. In any event, to the extent claimant did not file a proof of claim, she is not entitled to vote on the Plan and thus her attempt to object to it is futile. |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| | | | *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 419-420 (Bankr. S.D. Tex. 2009). |
| 7046 | Thomas M. Smalley (personal injury claimant) | Claimant appears to object to the Debtors' Plan and requests a greater return than that offered by the Plan. | This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement. |
| 7072 | Marcella I. Townsend (retiree) | Requests Bankruptcy Judge inform whether retirement plan will be terminated. | Treatment of pension obligations was addressed in connection with the 363 Transaction. This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement. The Debtors will endeavor to provide claimant with additional information as to the effect of the 363 Transaction on her pension. |
| 7344 | Marianne Lisenko | 1. Objects to Debtors' Plan. <br> 2. Objects to the professional fees incurred in the administration of these chapter 11 cases. | 1. This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement. <br> 2. The approval of fee applications is subject to separate proceedings before the Court and not part of the plan confirmation process, other than the requirement under the Plan to satisfy all Allowed Administrative Expenses, including fees owed to the professionals retained in these chapter 11 cases. |
| 7347 | Latrell Barfield | Objects to Debtors' Plan. | This is a confirmation objection rather than an objection to the adequacy of the information contained in the Disclosure Statement. |
| Not filed with the | Tracy Woods | Seeks relief from automatic stay to continue litigation in state court. | This is not an objection to the adequacy of the information contained in the Disclosure |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| Court | | | Statement. |
| 7366 | Robert W. Hartnagel | Claimant asserts that certain unidentified claims by shareholders may exist related to a class action and securities litigation settlement. In that regard, claimant believes additional disclosure is required regarding those claims. | Nowhere in the Objection does claimant provide any specifics regarding the alleged additional claims. Debtors do not believe any additional disclosure is required. |
| 7153 | Leo C. Hageman | Various objections from parties in interest, including creditors, bondholders, retirees, and equity security holders who essentially are seeking a greater return than offered by the Plan. | To the extent these are proper objections at all, they are confirmation objections rather than objections to the adequacy of the information contained in the Disclosure Statement. The Disclosure Statement adequately describes the treatment to be afforded to the various Classes, which treatment is in compliance with the Bankruptcy Code. |
| 7282 | Gladys S. Hillhouse (stockholder) | | |
| 7281 | Mary M. Smith (stockholder) | | |
| 7263 | Sean O' Reilly (stockholder) | | |
| 7257 | Michael L. Riviera, Sr. | | |
| 7256 | Emma Pierce  (bondholder) | | |
| 7302 | Jochen Baderschneider (stockholder) | | |
| 7310 | John Fazio (bondholder) | | |
| 7317 | Leon L. Bailey (stockholder) | | |
| 7318 | Roy B. Cope (stockholder) | | |
| 7321 | Augustine Crier (stockholder) | | |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| 7322 | Grace H. Gottstein (stockholder) | Various objections from parties in interest, including creditors, bondholders, retirees, and equity security holders who essentially are seeking a greater return than offered by the Plan. | To the extent these are proper objections at all, they are confirmation objections rather than objections to the adequacy of the information contained in the Disclosure Statement. The Disclosure Statement adequately describes the treatment to be afforded to the various Classes, which treatment is in compliance with the Bankruptcy Code. |
| 7329 | Irwin Lew (stockholder) | | |
| 7334 | Elaine Reno (stockholder) | | |
| 7337 | John Hamilton (bondholder) | | |
| 7342 | Richard & Judith Boucher (stockholder) | | |
| 7345 | Dorlyne Cruce (stockholder) | | |
| 7265 | Marie & Robert Pacifico (stockholder) | | |
| 7352 | Mary Wilkinson (stockholder) | | |
| 7371 | Howard & Gloria Moses (bondholders) | | |
| 7280 | Lisa Gross | | |
| 7404 | Sharyl Y. Carter | | |
| 7403 | David J. Astorian (stockholder) | | |
| 7405 | Adrian J. Phillips (stockholder) | | |

| Docket No. | Name of Objector | Summary of Objection | Debtors' Response |
|---|---|---|---|
| 7406 | John Poloisky (stockholder) | Various objections from parties in interest, including creditors, bondholders, retirees, and equity security holders who essentially are seeking a greater return than offered by the Plan. | To the extent these are proper objections at all, they are confirmation objections rather than objections to the adequacy of the information contained in the Disclosure Statement. The Disclosure Statement adequately describes the treatment to be afforded to the various Classes, which treatment is in compliance with the Bankruptcy Code. |
| Letter | Vernon E. Henderson | | |
| Letter | William P. King Jr. (stockholder) | | |
| Letter | Mary Wilkinson (stockholder) | | |
| Letter | Michael P. Delaney (stockholder) | | |
| Letter | Morris Eisenstein | | |
| Letter | Brian Jamieson (bondholder) | | |
| Letter | Mr. & Mrs. Harvey (bondholder) | | |
| Letter | Lois Trowbridge (stockholder) | | |
| Letter | Margaret D. Brueggeman (stockholder) | | |
| Letter | Phyllis Dua (bondholder) | | |
| Letter | Lois Michelle Conlow (stockholder) | | |