I. Ray Kerlick
Wadler, Perches, Hundl & Kerlick
101 W. Burleson
Wharton, TX 77488
Telephone: (979) 532-3871
Facsimile: (979) 532-3508
rkerlick@wphk-law.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: MOTORS LIQUIDATION COMPANY, F/K/A General Motors Corp., et al. | X X X X X | Case No.: 09-50026 (REG) Chapter 11 (Jointly Administered) |
| Debtors | X X | Hon. Robert E. Gerber |

**CLAIMANT ALESIA DORSEY (CLAIM NO. 68508)'S**
**RESPONSE TO DEBTOR'S NINETY-FIRST OMNIBUS OBJECTION**
**AND MOTION TO ALLOW LATE-FILED PROOF OF CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now ALESIA DORSEY, Claimant (Claim No. 68508)'s Response to the Debtor's Ninety-First Omnibus Objection (No. 91) and herein moves the Court to allow Ms. Dorsey's late-filed proof of claim on the grounds of excusable neglect, and/or any legal or equitable grounds, and would respectfully show as follows:

1. On May 12, 2009, Claimant Alesia Dorsey was involved in a single-auto accident in a General Motors vehicle in which her airbag failed to deploy. Ms. Dorsey suffered personal injuries resulting in hospitalization as a result of this product defect and continues to undergo treatment for these injuries. *See* Affidavit of Alesia Dorsey, attached as Exhibit 1 hereto.

2.     Two weeks later, on June 1, 2009, General Motor Coporation and its affiliates each commenced the above-styled and numbered case in this Court pursuant to Chapter 11 of the Bankruptcy Code.

3.     Ms. Dorsey provided written notice of her claims to General Motors sometime after the petition date and was notified of the pending bankruptcy. Ms. Dorsey was told by a representative of Motors Liquidation Company that her claims were being recorded and that she would receive additional information. *See* Ex. 1.

4.     On September 16, 2009, this Court established November 30, 2009 as the bar date for personal injury proofs of claim. Debtor alleges that the Notice of Deadline attached as Exhibit B to Debtor's Objection was mailed to Ms. Dorsey on September 25, 2009.

5.     However, Ms. Dorsey did not actually receive the Notice of Deadline until November 25, 2009. Upon receipt Ms. Dorsey immediately called the AlixPartners assistance telephone line referenced in the Notice of Deadline. Ms. Dorsey was told on two different occasions by persons at this phone line that they could not provide assistance in either providing information on how to complete the Proof of Claim form or even where or how it should be returned. Finally, on November 30, 2009, the date of the actual deadline, Ms. Dorsey was able to reach a supervisor at this line who advised that the proof of claim form needed to be completed and sent in to the Motors Liquidation address on the Notice of Deadline and that as long as it was sent that day it "should be fine." Ms. Dorsey's claim was received and scheduled two days later on December 2, 2009. *See* Ex. 1.

6.     In the interim, on March 11, 2010, Ms. Dorsey submitted an agreed Capping Letter capping her claim at $200,000.00. A copy of this Capping Letter is attached as Exhibit 2. At no

time prior to the filing of the Ninety-First Omnibus Objection, was Ms. Dorsey notified that her proof of claim had been considered untimely.

7.      In the present case, an application of the *Pioneer* factors favors allowing Ms. Dorsey's proof of claim to be allowed: (1) the debtor has little claim for prejudice where there are literally tens of thousands of claims that must be resolved and the debtor was aware of the claim and the capped amount prior to filing its disclosure statement; (2) Ms. Dorsey's delay was only two days; (3) the reason for the delay was a combination of late notice by the debtor and misinformation by the debtor's appointed claims administrator; and (4) the minor delay was in good faith.

8.      No prior request for the relief sought in this motion has been made.  Service of this Objection has been served electronically in accordance with General Order M-399 on all parties of interest in this matter who are registered with ECF and in addition by mail to the 11 main parties in interest listed in Section b of the Notice of the Ninety-First Omnibus Objection. Respondent moves the Court to waive further notice of this Objection on the grounds that such notice is sufficient and due to the expense of additional mail service on all of the parties listed on the master service list.

WHEREFORE PREMISES CONSIDERED Alesia Dorsey respectfully requests that the Court deny the Debtor's Ninety-First Objection as to Claim #68508, or alternatively, allow this Claim to be considered though late-filed and for such other and further relief as she may be entitled at law or in equity.

Respectfully submitted,

**WADLER, PERCHES, HUNDL & KERLICK**

By: /s/I. Ray Kerlick     /s/
I. Ray Kerlick (Admitted *pro hac vice*)
Texas Bar No. 00791017

101 West Burleson
Wharton, Texas 77488
Tel. (979)532-3871
Fax. (979)532-3508

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument, was served by ECF to all creditors and parties-in-interest registered to receive such notice of such pleadings in this case on the 19th day of October 2010.

\s\I. Ray Kerlick
I. RAY KERLICK