I. Ray Kerlick
Wadler, Perches, Hundl & Kerlick
101 W. Burleson
Wharton, TX 77488
Telephone: (979) 532-3871
Facsimile: (979) 532-3508
rkerlick@wphk-law.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: MOTORS LIQUIDATION COMPANY, F/K/A General Motors Corp., et al. | X X X X X X X | Case No.: 09-50026 (REG) Chapter 11 (Jointly Administered) |
| Debtors | | Hon. Robert E. Gerber |

### AFFIDAVIT OF ALESIA DORSEY

**STATE OF TEXAS**

**COUNTY OF WHARTON**

I, Alesia Dorsey, being duly sworn do hereby testify to the following facts which are true and correct:

1.   My name is Alesia Dorsey and I am over the age of eighteen and have personal knowledge of the following facts.

2.   On May 12, 2009, I was involved in a single car accident in a 2004 GMC Yukon vehicle. At the time of the accident, the airbags on the vehicle did not deploy as they were designed to do. As a result of this accident, I was transported by air to the medical center in Houston, Texas and spent sixteen days at St. Luke's Hospital undergoing treatment for my injuries. To date my medical expenses are in excess of $100,000.00.

3.   In June, 2009, I notified GM Claims department of my accident and of my claims for damages.  I was directed to send in photos and written descriptions of the accident which I did.  I was then notified that GM had entered bankruptcy and that the Motors Liquidation Company would further handle my claim.  I made contact with the Motors Liquidation Company to confirm they had received the information about my accident and they had.

4.   On November 25, 2009, I received in the mail a packet from the Motors Liquidation Company enclosing the Notice of Deadline.  At the time I received this package I did not have a


EXHIBIT A

lawyer and had not spoken to one, because I was still not able to drive and was largely confined to my home due to my injuries. I live in a rural area and have limited access to attorneys.

5.    I immediately contacted Motors Liquidation Company at the phone number provided to determine whether I needed to send additional information to them, since I had previously done so. On two different occasions when I called I was told that they could not provide me with any information about the form, such as whether I needed to re-send the information I had already sent, or on how to fill it out in any way. I filled out the form the best I could.

6.    Finally, on November 30, 2010, I was able to reach a claims assistant at the Motors Liquidation Company phone line who was willing to discuss this matter. She told me that the form needed to be sent in immediately and that if I mailed it that day, "it should be OK." By that time it was too late to put in that day's mail, so I sent it the next morning.

7.    On March 11, 2010, I sent in a capping letter which is attached hereto as Exhibit B. At no point prior to receiving the Ninety-first Omnibus Objection was I made aware that my claim was being considered late. I have spoken with representatives of the Motors Liquidation Company several times and they have never said this to me.

FURTHER AFFIANT SAYETH NOT.

*/s/ Alesia Dorsey*
ALESIA DORSEY

Sworn and subscribed before me this 19th day of October, 2010 by Alesia Dorsey.

MARY LOU BARNES
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 3-24-14

*/s/ Mary Lou Barnes*
Notary Public
State of Texas