|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING:    October 26, 2010 (9:45 a.m.)<br>OBJECTIONS:    October 19, 2010 |

```
-------------------------------------------------- x
In re:                                             :
                                                   : Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                :
f/k/a/ General Motors Corp., et al.,               : Case No. 09-50026 (REG)
                                                   :
                    Debtors.                       : (Jointly Administered)
                                                   :
-------------------------------------------------- x
```

**RESPONSE OF THE UNITED STATES TRUSTEE REGARDING CONSOLIDATED APPLICATION OF FEE EXAMINER AND COUNSEL FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**TO:    THE HONORABLE ROBERT E. GERBER,
         UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the **"United States Trustee"**), has reviewed the first consolidated application of Brady C. Williamson, Fee Examiner, and Godfrey & Kahn, S.C., counsel to the Fee Examiner, for interim allowance of compensation for professional services rendered from December 28, 2009 through May 31, 2010, and reimbursement of actual and necessary expenses incurred from December 8, 2009 through August 31, 2010 (the "Application").  The United States Trustee hereby files this response (the "Response") in support of the Fee Examiner's request for compensation incurred for the services rendered, and has no objection to the compensation requested or the reimbursement of out-of-pocket expenses in the amounts sought subject to an agreed upon 10% holdback.  The Fee Examiner has agreed to the United States Trustee's requested 10% holdback.

## I. SUMMARY STATEMENT

As set forth below, for services performed during the period December 28, 2009 through May 31, 2010 and for expenses incurred during the period December 28, 2009 through August

31, 2010 (the "Fee Period"), the Fee Examiner and his counsel ("Counsel") (together, the "Applicants") seek interim allowances of fees totaling $673,271.50 and reimbursement of out-of-pocket expenses totaling $59,699.73, for a total compensation of $732,971.23.

| Applicant | Period | Fees | Expenses | Hours |
|---|---|---|---|---|
| Brady C. Williamson Fee Examiner | 12/28/09-5/31/10 (Fees) 8/31/10 (Exp.) | $94,149.00 | Included below | 190.20 |
| Godfrey & Kahn, S.C. Counsel to Fee Examiner | 12/28/09-5/31/10 (Fees) 8/31/10 (Exp.) | $579,122.50 | $59,699.73 | 2,193.80 |
| Totals | | $673,271.50 | $59,699.73 | 2,384.00 |

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought in the Applications are Sections 330 and 331 of title 11, United States Code (the **"Bankruptcy Code"**). This matter was initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the **"Local Rules"**), Administrative Order M-389, Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the **"Amended Guidelines"**), and the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the **"UST Guidelines,"** together with the Amended Guidelines, are referred to herein collectively as the **"Guidelines"**).[1]

### III.  FACTUAL BACKGROUND

3.	A recitation of the pertinent facts underlying these cases is set forth in the Response of the United States Trustee Regarding Third Interim Applications for Compensation and Reimbursement of Expenses dated October 19, 2010 (the "Third Response").  (Docket No. 7449).  The Court respectfully is referred to the Third Response for the factual background underlying this Response.

2.	On August 31, 2010, the Debtors filed the Debtors' Joint Chapter 11 Plan (the "Plan") and the Disclosure Statement for Debtors' Joint Chapter 11 Plan (the "Disclosure Statement"), Docket Nos. 6829 and 6830, respectively.  The Disclosure Statement has been calendared for a hearing to be held on October 21, 2010.  Docket No. 6854.

### IV.  LEGAL STANDARDS

3.	A discussion of the relevant legal standards underlying the requests for compensation and reimbursement of expenses is set forth in the Third Response.  The Court respectfully is referred to the Third Response for the discussion of the applicable legal standards underlying this Response.

---

[1] The Bankruptcy Court for this judicial district has adopted the UST Guidelines.  *See* In re Brous, 370 B.R. 563, 569 at n.8. (Bankr. S.D.N.Y. 2007); and General Order M-389, at 1.

## V.  RESPONSE

A.  **Statement Regarding the Application**

Based upon this Office's review of the Application, the United States Trustee supports the requests of the Fee Examiner and his counsel for services rendered, and has no objection to the compensation requested or the reimbursement of out-of-pocket expenses in the amounts sought (subject to the agreed upon 10% holdback).  The detailed review and analyses performed by the Fee Examiner and Counsel during the course of these cases has been exceptional.  The analyses and conclusions provided by the Examiner and Counsel, both written and oral, were necessary for the Court and the United States Trustee to make determinations regarding the reasonableness and the appropriateness of the fees requested by the professionals retained in these cases.  The exceptional work performed by the Fee Examiner evidences his expert understanding of the Guidelines, the Bankruptcy Code and Rules and the applicable case law, and most important, these cases.  During the Fee Period, the Fee Examiner and Counsel's pleadings were filed timely; they were also professional in their responses to inquiries from the Court, the Professionals and the United States Trustee.  Based upon the foregoing, the United States Trustee has determined that the fees and expenses requested are reasonable under Bankruptcy Code Sections 330 and 331, and should be allowed subject to the agreed upon 10% holdback.

## VI. CONCLUSION

**WHEREFORE,** the United States Trustee respectfully submits that the Court enter an Order granting such relief as is just.

Dated: New York, New York
October 19, 2010

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:   */s/ Linda A. Riffkin*
Linda A. Riffkin
Assistant United States Trustee
Brian Masumoto
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax No. (212) 668-2255