

Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
202-862-5000  202-429-3301 Fax
www.caplindrysdale.com

202-862-5081 Direct
tws@capdale.com

October 20, 2010

*Via ECF and Federal Express,*
*with copy by Hand Delivery*

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 621
New York, New York 10004-1408

    Re:   *In re Motors Liquidation Company, et al.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.)

Dear Judge Gerber:

    As counsel for the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims ("**ACC**"), we write concerning the matter Your Honor has set down for hearing on Thursday, October 21st, at 2:00 p.m., namely, the Anonymity Protocol we have proposed with respect to data to be produced by various asbestos settlement trusts at the request of the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). We submit this letter to supplement our previous submissions in this matter by calling the attention of the Court to certain recent developments that underscore the need for an Anonymity Protocol in this case.

    Last week, debtors in two recently-filed asbestos bankruptcies, in *In re Garlock, Sealing Technologies, LLC*, Case No. 10-bk-31607 (Bankr. W.D.N.C.), and *In re Specialty Products Holdings Corp.*, Case No. 10-11780 (Bankr. D. Del.), filed Rule 2004 applications in their own bankruptcies, seeking the right to discover extensive data from virtually all existing asbestos settlement trusts. In each of those cases, the expert for the party requesting the discovery is the Bates White firm, which is also the expert for the Creditors' Committee here. Although their requests are far broader than the discovery this Court has authorized under the August 9, 2010 Order granting the Creditors' Committee's Rule 2004 request, both

DOC# 360876

Caplin&Drysdale
CHARTERED

Honorable Robert E. Gerber
October 20, 2010
Page 2

the *Garlock* and the *Specialty Products* debtors cite that Order in support.[1] Notably, the *Garlock* debtors are demanding "a complete electronic copy of the Trust's[s'] database[s] of asbestos claims, often described as 'individual level claims data' or 'claimant and claim level database.'"[2] Their request is *not* limited to information about claimants who have asserted claims against the *Garlock* debtors; rather, they seek, for Bates Whites' use, literally *all* claims data on hand at the various trusts.

Of course, discovery in *Garlock* and *Specialty Products* will be regulated by the pertinent courts. We cite these developments to Your Honor, however, to emphasize that Bates White is engaged in coordinated discovery forays extending beyond the confines of MLC's case.

Bates White's sweeping and concerted discovery efforts in the other cases underscore the importance of Your Honor's ruling that the trusts' productions in the case at bar are for the limited purposes of estimating General Motors' aggregate asbestos liabilities and should not be used in litigation against individual asbestos claimants by "New GM or anyone else." *See* Hearing Transcript at 102, *In re Motors Liquidation Company, et al.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.) (Aug. 9, 2010). The Anonymity Protocol proposed by the ACC is designed to implement that ruling.

Respectfully submitted,

*Trevor W. Swett*
Trevor W. Swett

cc:    Philip Bentley, Esq., *Counsel to the Unsecured Creditors Committee*

---

[1] *See* Motion of Debtors for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Data by Claims Processing Facilities and Asbestos Trusts ¶ 24 & Exh. E, *In re Garlock, Sealing Technologies*, LLC, Case No. 10-bk-31607 (Bankr. W.D.N.C.) (filed Oct. 13, 2010) (the "**Garlock 2004 Motion**"); Motion of the Debtors for an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Directing Production of Information by Claims Processing Facililties for Certain Asbestos Personal Injury Trusts ¶ 26 & Exh. F, *In re Specialty Holdings Corp.*, Case No. 10-11780-JKF (filed Oct. 12, 2010).

[2] Exhibit B ¶ 1 to Garlock 2004 Motion (brackets in the original).

**Caplin & Drysdale**
CHARTERED

Honorable Robert E. Gerber
October 20, 2010
Page 3

    Steven Karotkin, Esq., *Counsel to Debtors*
    Robert Weiss, Esq., *Counsel to New GM*
    Joseph Sgroi, Esq., *Counsel to New GM*
    Sander L. Esserman, Esq., *Counsel to the Future Claims Representative*
    Robert Brousseau, Esq., *Counsel to the Future Claims Representative*
    Steven M. Juris, Esq., *Counsel to Certain Trusts*
    Emily Stubbs, Esq., *Counsel to Manville Trust*