Hearing Date and Time: October 26, 2010, 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :    09-50026 (REG)
      f/k/a General Motors Corp., et al.                     :
                                                             :
                              Debtors.                       :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**DEBTORS' RESPONSE TO THE MOTION OF WALTER J. LAWRENCE FOR
ENTRY OF AN ORDER COMPELLING A UNITED STATES DISTRICT
JUDGE FOR THE MIDDLE OF DISTRICT OF FLORIDA TO APPEAR
<u>BEFORE THIS COURT TO ANSWER FOR CRIMINAL CHARGES</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

hereby submit this response to the Motion of Walter J. Lawrence ("**Lawrence**") for Entry

of an Order Compelling a United States District Judge for the Middle District of Florida

to Appear Before this Court to Answer for Criminal Charges [Docket No. 7369] (the

"**Motion**"). In support hereof, the Debtors respectfully represent:

**Background**

1. Lawrence was the plaintiff in civil action number 07-408 (the "**Florida Action**") pending in the United States District Court for the Middle District of Florida (the "**Florida Court**") against MLC and the General Motors Hourly-Rate Employees Pension Plan (the "**Pension Plan**").

2. Lawrence filed more than 20 motions in the Florida Action, including two motions for summary judgment dated February 12, 2008, and April 28, 2008, respectively. Defendants in the Florida Action cross-moved for summary judgment on March 7, 2008.

3. On June 1, 2009, the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The commencement of the Debtors' chapter 11 cases triggered the automatic stay of all litigation pending against the Debtors pursuant to section 362 of the Bankruptcy Code.

4. On October 5, 2009, Lawrence filed a motion (the "**Lift Stay Motion**") in these chapter 11 cases, seeking relief from the automatic stay to enable Lawrence's motions for summary judgment and other pending motions to be heard in the Florida Action. After hearing lengthy arguments from both Lawrence and the Debtors on November 5, 2009, this Court delivered a comprehensive oral decision denying the Lift Stay Motion. On November 24, 2009, this Court signed an order (the "**Order**") consistent with its oral decision denying the Lift Stay Motion [Docket No. 4524]. On December 3, 2009, Lawrence filed a Notice of Appeal of the Order (the "**Appeal**"). The Appeal has been fully briefed.

5.  On September 21, 2010, the Florida Court issued an Order (the "**Florida Court's Order**") denying Lawrence's motions for summary judgment as to the Pension Plan only, granting the Pension Plan's cross-motion for summary judgment only, and ruling upon various other outstanding motions in the case regarding the Pension Plan only.  The Florida Court's Order is attached hereto as **Exhibit "A."**

6.  The Florida Court's Order notes MLC's bankruptcy and states that:

> all claims against GMC, and all further proceedings involving GMC in this case are stayed pursuant to the automatic stay provisions of 11 U.S.C. §362(a).  Therefore, the Court will proceed only on those claims and motions involving the [Pension Plan].

(Ex. A, at 12-13.)  The Florida Court Order concludes by ruling that:

> [p]ursuant to Defendant General Motors Corporation's Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motor[s] Corporation and all further proceedings against General Motors Corporation in this case are STAYED.  Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown.

(Ex. A, at 33-34.)

## The Motion Should Be Denied

7.  The Debtors are clearly not the targets of the Motion, yet given the outrageousness of the relief requested, the Debtors feel duty bound to respond and to point out the Motion's infirmities.  The Florida Court in this instance acted entirely within the mandates of the Bankruptcy Code, and, even if this were not the case, the Bankruptcy Court lacks jurisdiction to grant the relief requested.

3

### A.     The Florida Court Did Not Violate the Automatic Stay

8. The Florida Court did not violate the automatic stay by ruling as to the Pension Plan because case law is clear that the automatic stay does not stay proceedings against co-defendants. *See, e.g.*, *GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405, 414 (Bankr. S.D.N.Y. 1983) (noting that the automatic stay provisions of 11 U.S.C. §362(a) are "limited in scope to the debtor and [do] not operate to stay actions against [] co-defendants"); *Royal Truck & Trailer v. Armadora Maritima Salvadorena*, 10 B.R. 488, 490 (N.D. Ill. 1981) (finding that the language of section 362 "makes it quite clear that, in Chapter 11, the protections afforded the bankrupt are designed for the debtor-bankrupt only.").

9. Further, the Florida Court did not violate the automatic stay by dismissing the Florida Action as to MLC because the Florida Court stated that the dismissal was "subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown." (Ex. A, at 34.) Dismissal under such circumstances does not contravene the purposes of the automatic stay, namely, to protect the debtor from the burdens of ongoing litigation and to protect other creditors from the dissipation of a debtor's assets in an ad hoc manner. *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that section 362(a) did not preclude action on a motion to dismiss where such action would be "consistent with the purpose of the statute"); *accord Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1998) (holding that section 362(a) does not "preclude another court from dismissing a case on its docket or . . . affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay").

10. Moreover, courts in this district have held that parties other than the debtor or a bankruptcy trustee "do not have standing to complain of violations of the automatic stay." *Taberna Capital Mgmt., LLC v. Dunmore*, No. 08-1817, 2008 U.S. Dist. LEXIS 54776, at *2 (S.D.N.Y. July 14, 2008) applying *In re Globe Inv. & Loan Co.*, 867 F.2d 556, 560 (9th Cir. 1989) ("The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage . . . [s]ection 362 . . . clearly does not confer any rights to outside parties."); *See also In re Fiber Optek Interconnect Corp.*, No. 05-30045, 2009 Bankr. LEXIS 3040, at *17 (Bankr. S.D.N.Y. Sept. 23, 2009) (finding that creditor lacked standing to move for contempt for a purported violation of the automatic stay); *In re Silverman*, 42 B.R. 509, 516 (Bankr. S.D.N.Y. 1984) ("The automatic stay is for the benefit of the debtor and if it chooses to ignore stay violations other parties cannot use such violations to their advantage.").

### B. Dismissal of the Florida Action was Appropriate and Any Attempt to Revive the Florida Action Would be Futile

11. Lawrence filed a proof of claim in these chapter 11 cases on October 5, 2009 seeking relief for the same purported causes of action underlying the Florida Action. On August 20, 2010, the Debtors objected to Lawrence's claim on the basis that Lawrence is a former UAW employee and his claim relates to UAW employee liabilities that have been assumed by General Motors, LLC pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement dated as of June 26, 2009 [Docket No. 6739]. The Debtors' objection and Lawrence's reply to that objection are currently pending before this Court. Pursuant to 28 U.S.C. §157(b)(2)(B), this Court has jurisdiction to hear and determine the Debtors' objection to Lawrence's claim as a "core"

5

proceeding. Because Lawrence's claim is now being litigated in this Court and based on the likelihood that Lawrence's claim will be expunged in these cases, it is unlikely that Lawrence ever will be in a position to revive the Florida Action against the Debtors.

### C. The Bankruptcy Court Has No Authority to Punish the District Court Judge for Criminal Contempt

12. The Debtors are not aware of any precedent in this Circuit in which a bankruptcy court has imposed criminal sanctions, particularly against a judge. *See Ngan Gung Rest., Inc. v. Official Comm. of Unsecured Creditors*, 195 B.R. 593, 597 (S.D.N.Y. 1996) ("[t]he bankruptcy court's authority to impose criminal contempt sanctions is much less certain . . . this is a 'serious question.'") quoting *United States v. Guariglia*, 962 F.2d 160 (2d Cir. 1992). It is generally held that a bankruptcy court may not punish a party for criminal contempt when the action is not committed in the presence of the court. Norton Bankr. L. & Prac. 2d § 36:57 - "Criminal Contempt" ("Obviously, a violation of the automatic stay will not occur in the presence of the court."); s*ee also Hipp, Inc. v. Oles*, 895 F.2d 1503, 1509 (5th Cir. 1990) (concluding that the bankruptcy court lacks power to hear and determine criminal contempts "at least as to contempts not committed in (or near) its presence"); *Pal Transp., Inc. v. All Fla. Recovery Agency, Inc.*, 13 B.R. 935, 940 (Bankr. M.D.Fla. 1981) (noting that former Bankruptcy Rule 920 (now Fed. R. Bankr. P. 9020) prohibited punishment by imprisonment and that "there is no question that Bankruptcy Rule 920 still applies and still carries forward the limitations placed on the bankruptcy judge's power to punish for contempt.").

WHEREFORE, based on the foregoing, the Debtors respectfully request entry of an order denying the Motion and granting such other and further relief as is just.

Dated: New York, New York
October 20, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession