# **EXHIBIT G**

# BINGHAM

John R. Skelton
Direct Phone: 617.951.8789
Direct Fax:    (617) 951-8736
john.skelton@bingham.com

October 12, 2010

**Via Email and
First Class Mail**

Eric J. Snyder, Esq.
Wilk Auslander LLP
675 Third Avenue
New York, NY  10017

      RE:    IN RE RAMP CHEVROLET
              UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
              DISTRICT OF NEW YORK, CASE NO. 09-77513

Dear Eric:

       Following up on our earlier conversation, I write on behalf of General Motors LLC ("GM" or "New GM") with respect to the motion filed by the Debtor Ramp Chevrolet, Inc. ("Debtor" or "Ramp") for an order finding GM in violation of the automatic stay (the "Motion") in connection with GM's calculation of the so-called "Wind-Down Payment" pursuant to the "Wind-Down Agreements" executed by Ramp and approved by the Bankruptcy Court as part of the General Motors Corporation ("Old GM") bankruptcy. Ramp challenges GM's position that pursuant to the Wind Down Agreements the Wind-Down Payment to be paid is net of any monies owed to it by the Debtor.

       As you know, the United States Bankruptcy Court for the Southern District of New York in an order issued on July 5, 2009 specifically approved the form of Wind-Down Agreements executed by Ramp. *See* Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief" (the "363 Sale Order"), ¶31. Further, in §13 of the Wind-Down Agreements, Ramp "consent[ed] and agree[d] that the Bankruptcy Court [for the Southern District of New York] shall retain full, complete and exclusive jurisdiction to interpret, enforce, and adjudicate disputes concerning the terms of this Agreement and any other matter related thereto."

       Consistent with that provision, ¶71 of the 363 Sale Order provides as follows:

> This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the [Amended and Restated Master Sale and Purchase Agreement between the former General

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726

T +1.617.951.8000
F +1.617.951.8736
bingham.com

A/73526841.1

Eric J. Snyder, Esq.
October 12, 2010
Page 2

> Motors Corporation and New GM], all amendments thereto ... and each of the agreements executed in connection therewith, including the Deferred Termination Agreements, in all respects, including, but not limited to, retaining jurisdiction to ... (f) resolve any disputes with respect to or concerning the Deferred Termination Agreements.[1]

Further, ¶31 of the 363 Sale Order holds that Wind-Down Agreements such as the ones executed by Ramp "represent valid and binding contracts, enforceable in accordance with their terms."

While Ramp makes a number of arguments, the Motion essentially comes down to a singular claim and issue: whether the reconciliation provision included in the Wind-down Agreement is enforceable as written against a dealer who has filed for bankruptcy and has assumed the wind-down agreement post-petition? While Ramp would like to characterize the issues as relating to set off or a pre- versus post-petition analysis of GM's actions, etc., in the end, the substantive issue raised by the Motion is whether a bankruptcy debtor who wants to claim the benefit of the Wind-Down Agreement (and, thus, compel a wind-down payment) and then assumes the Wind-Down Agreement is subject to all of the provisions in the Wind-Down Agreement, including the specific provision that the final wind-down payment may be reduced by any monies owed to GM as reflected on the open account or otherwise. Regardless of the label it may want to attach to its arguments, Ramp's Motion ultimately challenges the enforceability of the provisions of the Wind-Down Agreement and as such, implicates the exclusive jurisdiction provision.

GM therefore demands that Ramp withdraw its Motion and otherwise cease and desist any efforts to assert the claims attempted to be stated in the Motion in any forum other than the United States Bankruptcy Court for the Southern District of New York. GM will cooperate in requesting a withdrawal of the Motion in the Ramp bankruptcy proceeding so that the matters can be properly addressed before Judge Gerber.

Absent immediate compliance with this demand, as I indicated, GM will have no choice but to institute appropriate proceedings to enforce the 363 Sale Order and the Wind-Down Agreements and seek other appropriate legal and

---

[1] Recital JJ of the 363 Sale Order defines "Deferred Termination Agreements" to include "Wind-Down Agreements."

Eric J. Snyder, Esq.
October 12, 2010
Page 3

equitable relief, including an award of reasonable attorneys' fees and costs under §5(e) of the Wind-Down Agreement. Also, although GM does not want to burden Judge Gerber's schedule with an emergency motion, it will have no choice but to seek a hearing before October 27.

At the very least, GM requests that Ramp request that the hearing on the Motion currently scheduled for the 27th be continued so that the matter can be brought before Judge Gerber on a non-emergency basis. (GM will consent to the continuance in the Ramp case and cooperate with any necessary filing, i.e., a joint request, etc.). (Also, I have confirmed that the issues in Ramp need not be determined prior to October 31). If Ramp is put over, GM will not file an emergency motion with Judge Gerber. GM would also consider deferring the submission of this matter to Judge Gerber until such time as the *Rally* matter has been decided (I understand that there is a temporary stay of Judge Gerber's order in *Rally* to permit an appeal to the District Court.). Please let me know as soon as possible your position on the potential deferral so we can take appropriate action.

Of course, when the Ramp matter is submitted to Judge Gerber, Ramp will be free to argue that the matter should not be before Judge Gerber because it does not challenge the Wind-Down Agreement itself, but only the application of the Wind-Down Agreement in a bankruptcy context. .

Very truly yours,

John R. Skelton

JRS/gbo

**From:** Eric Snyder <esnyder@wilkauslander.com>
**To:** Skelton, John R.
**Sent:** Wed Oct 13 16:31:56 2010
**Subject:** Re: Ramp

John

We will not agree to adjourn the motion.


Eric J. Snyder
Wilk Auslander LLP
675 Third Avenue
New York, New York 10017
Phone: (212) 421-2233
Direct Dial: (212) 981-2328
Facsimile: (212) 752-6380


IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed within.

NOTES: The contents of this electronic mail message and any attachments are confidential, possibly privileged, and intended for the addressee(s) only. Only the addressee(s) may read, disseminate, retain or otherwise use this message and any attachments, and a Wilk Auslander LLP employee may do so only in accordance with Wilk Auslander's email and Internet use policies and procedures from time to time in effect. If received in error, please immediately inform the sender and then delete this message without disclosing its contents to anyone or retaining a copy. Wilk Auslander LLP reserves the right to monitor and review the content of all e-mail communications sent to and received by its employees. Internet communications cannot be guaranteed to be secure or error-free as information could arrive late or contain viruses or be intercepted, corrupted, or lost. The sender, therefore, does not accept liability for any errors or omissions in the content of this message which arise as a result of Internet transmission. If verification is required please request a hard-copy version.


On Oct 12, 2010, at 5:21 PM, "Skelton, John R." <john.skelton@bingham.com> wrote:

Eric,

Please see the letter we discussed. As you will see, I also included a request that at the very least, Ramp seek to have the hearing on the Motion currently scheduled for the 27th be continued so that the matter can be brought before Judge Gerber on a non-emergency basis. GM will consent to the continuance case and cooperate with any necessary filing, i.e., a joint request, etc. I have confirmed that the issues in Ramp need not be determined prior to October 31. If Ramp is put over, GM will not file an emergency motion with Judge Gerber. GM would also consider deferring the submission of this matter to Judge Gerber until such time as the Rally matter has been decided. I understand that there is a temporary stay of Judge Gerber's order in Rally to permit an appeal to the District Court. Please let me know as soon as possible your position on the potential deferral so we can take appropriate action.

John

John R. Skelton
T 617.951.8789
F 617.345.5041
john.skelton@bingham.com

BINGHAM
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726

---

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

<ATT39549.PDF>