**Hearing Date and Time: October 26, 2010 at 9:45 a.m. (Eastern Time)**

Butzel Long, a professional corporation
380 Madison Avenue
New York, New York 10017
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br><br>Debtors. | **Chapter 11**<br><br>Case No. 09-50026<br>(REG)<br><br>(Jointly Administered) |

**REPLY OF BUTZEL LONG TO FEE EXAMINER'S**
**REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO THIRD INTERIM FEE APPLICATION OF BUTZEL LONG**

**TO:    THE HONORABLE ROBERT E. GERBER,**
**UNITED STATES BANKRUPTCY JUDGE:**

Butzel Long, a professional corporation ("**BL**"), Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation (the "**Committee**"), files this reply to the Fee Examiner's Report and Statement of Limited Objection to Third Interim Fee Application of Butzel Long, a professional corporation (the "**Report**"), dated October 19, 2010 [Docket No. 7417], and respectfully states:

1.      BL filed its third application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from February 1, 2010 through May 31, 2010 (the "**Third BL Application**") on August 5, 2010

[Docket No. 6542] requesting the allowance of $450,636.10, comprised of $429,844.75 of fees and $20,791.35 of expenses.

2.  By letter dated October 5, 2010, the Fee Examiner requested specific information from BL concerning the Third BL Application. BL provided such additional information to the Fee Examiner in a series of correspondence.

3.  Based upon its dialogue with the Fee Examiner, BL has agreed to reduce the amounts requested in the Third BL Application by $5,385.03,[1] so that the amount BL currently requests in the Third BL Application is $445,251.07, which is comprised of $424,588.95 for fees and $20,662.12 for expenses. There is only a single issue on which BL and the Fee Examiner have been unable to agree. Of the $424,588.95 which BL has requested, $24,959.50[2] of the charges relate to BL's time spent responding to inquiries and objections made by the Fee Examiner. The Fee Examiner proposes the allowance of only 50% of such time (and correspondingly the disallowance of 50% - $12,479.75). BL believes all of such time is compensable.

### COMPENSATION FOR PROFESSIONAL SERVICES RENDERED

4.  The Fee Examiner's only objection to the Third BL Application concerns the allowance of $12,479.75 (the "**Challenged Fees**") relating to time spent by BL in connection

---

[1] The sum of $5,385.03 is comprised of (i) $1,734.30 for vague time entries, (ii) $144.00 for clerical and administrative tasks, (iii) $129.23 for meals and (iv) $3,377.50 for multiple attendees at various hearings. Although BL believes that the Fee Examiner's position as to vague time entries, clerical and administrative tasks and multiple attendees is not sustainable, BL is nonetheless willing to reduce the fees and expenses requested in the Third BL Application by $5,385.03 (to $445,251.07) so as not to take up the Court's valuable time on matters of such little economic significance.

[2] BL has already agreed to reduce its request by $840.00 as part of its agreement concerning "multiple attendees" noted in footnote 1 above. Moreover, BL incurred $6,074.50 in fees relating to its attendance at the first fee hearing. At the very least, the Challenged Fees should not include such amounts and, as a result, only $9,022.50 should comprise the Challenged Fees.

2

with responding to the Fee Examiner. BL's fees incurred on such matters only comprise 5% of all fees requested by BL in the Third BL Application and are objectively reasonable. Fee Examiner inquiries have required BL attorneys, paralegals and staff to expend substantial time and effort responding to such requests and implementing resulting compliance standards.

5.   During the period of time covered by the Third BL Application, BL's time spent in connection with responding to the Fee Examiner included: attending the first fee hearing; corresponding formally with the Fee Examiner; reviewing two advisories issued by the Fee Examiner; drafting and filing a reply to the Fee Examiner's objection to BL's first interim fee application; several telephone calls with the Fee Examiner; and various other tasks. BL has not billed the estate for time spent responding to Fee Examiner requests that require nominal attention. Accordingly, BL does not believe that any disallowance of the Challenged Fees is warranted.

6.   As explained above, the services performed by BL in connection with responding to Fee Examiner inquiries and objections were actual and necessary and the compensation requested therefore was reasonable. Accordingly, the Court should not adopt the Fee Examiner's recommendation, but rather should approve the Third BL Application, as amended hereby.

## **CONCLUSION**

7.   BL hereby amends the Third BL Application to reduce its request for compensation for fees from $429,844.75 to $424,588.95, a reduction of $5,255.80, and to reduce its request for reimbursement of expenses from $20,791.35 to $20,662.12, a reduction of $129.23. As set forth above, no further reduction is warranted.

Dated: New York, New York  
       October 20, 2010

Respectfully submitted,

BUTZEL LONG, a professional corporation

By:   /s/ Barry N. Seidel  
      Barry N. Seidel  
      Eric B. Fisher  
      Katie L. Cooperman  
      380 Madison Avenue  
      New York, NY 10017  
      (212) 818-1110 Telephone  
      (212) 818-0494 Fax