HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
In re                                                     :          Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :          09-50026 (REG)
    **f/k/a General Motors Corp.**, *et al.*          :
:
                            Debtors.               :          (Jointly Administered)
:
------------------------------------------------------------x

## DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO RESPONSES RECEIVED IN CONNECTION WITH CERTAIN OMNIBUS OBJECTIONS TO DUPLICATE DEBT CLAIMS

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), file this omnibus reply (the "**Reply**") to the Responses (as hereinafter defined) interposed to certain omnibus objections to claims (collectively, the "**Omnibus Objections to Beneficial Bondholder Claims**"),[1] and respectfully represent:

---

[1] These objections can be found on the docket at Docket Nos. 6956, 6899, 7028, 7040, 7071, 7080, and 7188.

US_ACTIVE:\43536073\03\72240.0639

**Preliminary Statement**

1. On August 13, 2010, the Debtors filed a total of thirty-seven Omnibus Objections to Beneficial Bondholder Claims seeking to expunge approximately 18,097 proofs of claim for an aggregate amount of over $753,905,738. These thirty-seven Omnibus Objections to Beneficial Bondholder Claims were scheduled to be heard on September 24, 2010 at 9:45 a.m. (the "**September 24 Hearing**").

2. Prior to the September 24 Hearing, the Debtors received only 17 responses (the "**Responses**," and the parties filing Responses, the "**Responding Parties**") to their thirty-seven Omnibus Objections to Beneficial Bondholder Claims and consensually resolved all but six of them. Approximately three days prior to the September 24 Hearing, the Court directed that it would take the Omnibus Objections to Beneficial Bondholder Claims under submission and that any unresolved Responses would be set down for a hearing at a later date. Accordingly, the Debtors did not file their Reply at that time and continued to speak with the Responding Parties in an attempt to consensually resolve the issues raised in their Responses. A hearing to address the unresolved Responses was subsequently scheduled for October 26, 2010 at 9:45 a.m.

3. As stated above, the Debtors have tried to communicate with all Responding Parties, and, in most instances, were able to consensually resolve the Responding Parties' respective issues by informing them of the nature of the Omnibus Objections to Beneficial Bondholder Claims and the minimal effect on their recovery. However, there remain six Responding Parties that were either not receptive to the Debtors' explanation or that could not be reached by the Debtors.

4.     With respect to the remaining Responses, the Debtors stand by their papers and reiterate their position: the proofs of claim filed by each Individual Bondholder[2] are duplicative of the claims allowed in favor of WTC for the benefit of all Individual Bondholders in accordance with the WTC Stipulation.  There is one Individual Bondholder, Frances H. Caterina ("**Caterina**"), who filed responses with the Court on September 6, 2010 [Docket No. 6899] and on September 21, 2010 [Docket No. 7118] (together, the "**Caterina Response**") alleging, among other things, that the Omnibus Objection to Beneficial Bondholder Claims is a violation of due process.  Further, Caterina – through her husband, Joseph Caterina – has informed Debtors' counsel that (i) she does not wish to be contacted, (ii) that any communication should be by filing a reply, and (iii) that the Court would decide who is right.  Accordingly, the Debtors file this Reply and respectfully submit that the proofs of claims of the Responding Parties should be expunged.  Because the Caterina Response is more substantive than the other Responses, the Debtors address it in detail below.

### Caterina's Proof of Claim Is Duplicative

5.     According to Caterina's Proof of Claim No. 14061 (the "**Caterina PoC**"), annexed hereto as **Exhibit "A,"** Caterina owned, at the time of the filing of the Caterina PoC, two debt securities issued by the Debtors pursuant to that certain indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A. (the "**1995 Indenture**").

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Omnibus Objections to Beneficial Bondholder Claims –all of which had identical language.

6. Although the Caterina Response[3] is unclear as to how Caterina's due process rights were violated and how the Debtors have violated 18 U.S.C. §§ 241 and 242, there is one thing that is crystal clear: the Debtors provided Caterina with sufficient notice to respond to the Omnibus Objections to Beneficial Bondholder Claims.

7. Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") establishes:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

8. To the extent that Caterina is the proper Individual Bondholder for the account set forth in the Caterina PoC and the holdings are current, Caterina will receive distributions on account of her debt holdings through Wilmington Trust Company as provided in the 1995 Indenture. There is no basis upon which Caterina should receive a double recovery on account of her debt holdings. In that respect, Caterina's Response is entirely at odds with fundamental bankruptcy policy favoring equality of distribution among similarly situated creditors. "In bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698

---

[3] The Caterina Response notes that Caterina is responding on behalf of "all others similarly situated," yet no basis is indicated for this to be considered a class action claim, nor has Caterina sought approval from the Court to represent the interest of any other party. *See* Fed. R. Bankr. P. 2019 (requiring purported agents representing more than one creditor to file a verified statement setting forth the basis of that representative's right to act for the represented creditors).

(S.D.N.Y. 1991).  Accordingly, the Debtors request that the Caterina PoC be disallowed and expunged from the claims register.

### Caterina's Proof of Claim Is Incorrectly Classified as Secured

9.  The Debtors also note that the Caterina PoC states that the claim is secured but fails to indicate the basis for asserting such security.  Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property."  11 U.S.C. § 506(a).

[*The Remainder of This Page Is Intentionally Left Blank*]

10. Caterina provides no basis for her assertion that her claim is secured, and such bold and unsubstantiated assertion of a security interest is a further basis for the expungement of the Caterina PoC. To the extent that Caterina is asserting that her debt holdings were secured pursuant to the "equal and ratable clause" under the 1995 Indenture, such argument has already been rejected by the Bankruptcy Court. *In re Gen. Motors Corp.*, 407 B.R. 463, 517-518 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 430 B.R. 65, 88-90 (S.D.N.Y. 2010).

### Conclusion

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court expunge the individual proofs of claim of the Responding Parties, including the Caterina PoC, and grant such other and further relief as is just.

Dated: New York, New York
October 21, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession