# JONES DAY

325 JOHN H. McCONNELL BOULEVARD, SUITE 600
COLUMBUS, OHIO 43215.2673
TELEPHONE: 614.469.3939 • FACSIMILE: 614.461.4198

MAILING ADDRESS:
P.O. BOX 165017
COLUMBUS, OHIO 43216.5017

Direct Number: (614) 281-3950
jjjones@jonesday.com

JP408509
245677-003844

October 25, 2010

<u>VIA ECF AND EMAIL</u>

The Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 621
New York, New York 10004-1408

    Re:    *In re Motors Liquidation Company, et al.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.): Motion of General Motors LLC to Enforce 363 Sale Order and Approved Deferred Termination Agreements Against Rose Chevrolet, Inc., Halleen Chevrolet, Inc., Andy Chevrolet Company, and Leson Chevrolet Company, Inc. [Doc. Nos. 7269, 7272, 7273, 7274, 7277, 7278 & 7279] (the "**Motion**")

Dear Judge Gerber:

    As counsel for General Motors LLC ("**New GM**"), we write concerning the above-referenced Motion, which Your Honor has scheduled for hearing on Tuesday, October 26, 2010, at 9:45 a.m. *See* Notice of Matters Scheduled for Hearing on October 26, 2010 at 9:45 a.m. [Doc. No. 7539] at 1. Earlier today, counsel for Halleen Chevrolet, Inc., Rose Chevrolet, Inc. and Andy Chevrolet Company d/b/a Sims Chevrolet, Inc. (collectively, the "**Ohio Dealers**") sent a letter to Your Honor, requesting tomorrow's hearing be adjourned until Judge Patterson rules on Rally Auto Group's ("**Rally's**") Motion Pursuant to Bankruptcy Rule 8005 (the "**Rally Stay Motion**") seeking to stay this Court's decision enjoining Rally from pursuing an "appeal" of a decision rendered in an arbitration under § 747 of the Consolidated Appropriations Act 2010, Pub. Law 111-117, 123 Stat. 3034 (2009). *See* Order Granting Motion of General Motors LLC to Enforce Sale Order and Approved Deferred Termination Agreement [Doc. No. 7299] (the "**Rally Order**").

    Counsel for the Ohio Dealers base their request on the fact that the Motion raises identical legal issues that the Court resolved in the Rally Order, and that any decision on the Rally Stay Motion should impact this Court's resolution of the pending Motion. New GM believes that the mere prospect that the District Court could stay this Court's *Rally* decision does not provide grounds to delay resolution of the pending motions. However, New GM agrees that the Motion raises the same central legal issues regarding jurisdiction and review of arbitration awards that were already decided by this Court in *Rally*. Accordingly, there is no reason to reargue the issues already decided by this Court in *Rally*. Given the extensive litigation initiated by the Ohio Dealers in other forums, however, New GM requires some assurance that the Court's orders will be followed during any interim period and that any further litigation will

COI-1448305v2

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

The Honorable Robert E. Gerber
October 25, 2010
Page 2

proceed in this Court.  Accordingly, New GM would propose that the hearing proceed as scheduled or the Court enter the *Rally* Order and apply that Order to the Ohio Dealers without another oral hearing.  Alternatively, New GM would be willing to agree to postpone the hearing on its motion to enforce until Judge Patterson rules on the Rally Stay Motion, assuming the parties agree and the Court orders that no other requests for relief or other filings will be made in any other forum by the Ohio Dealers until this Court has an opportunity to decide the Motion directed to the Ohio Dealers now pending before it.  We would, of course, defer to the Court as to which option is appropriate in light of this Court's schedule and other considerations.  In either event, we believe that the parties will need to appear tomorrow to address these issues and seek the Court's guidance as to how it wishes to proceed and we understand that all parties are prepared to appear and address such issues with the Court.[1]

Respectfully submitted,

Jeffrey J. Jones

cc:   Steven Blatt, Esq., *Counsel to Halleen Chevrolet, Inc.,
          Rose Chevrolet, Inc. and Andy Chevrolet Company*
      Jeffrey A. Cooper, Esq., *Counsel to Leson Chevrolet Company, Inc.*
      Marc D. Miceli, Esq., *Counsel to Leson Chevrolet Company, Inc.*
      Mark R. Beebe, Esq., *Counsel to Leson Chevrolet Company, Inc.*
      Johnny L. Domiano, Esq., *Counsel to Leson Chevrolet Company, Inc.*
      David C. Coons, Esq., *Counsel to Leson Chevrolet Company, Inc.*
      Arthur Steinberg, Esq., *Counsel for General Motors LLC*
      Scott I. Davidson, Esq., *Counsel for General Motors LLC*

---

[1] In addition, New GM's Motion as directed to Leson Chevrolet Company, Inc. will proceed as scheduled under any scenario, since no one has requested an adjournment of that hearing and counsel will be appearing on that matter regardless.

COI-1448305v2