**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    09-50026 (REG)
    f/k/a **General Motors Corp.,** *et al.*   :
                                                                  :
                  Debtors.   :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO 11 U.S.C. § 105(a) AND GENERAL ORDER M-390 AUTHORIZING IMPLEMENTATION OF ALTERNATIVE DISPUTE PROCEDURES, INCLUDING MANDATORY MEDIATION

Upon the Motion, dated January 11, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of title 11, United States Code and General Order M-390 (the "**Original ADR Order**"), for authorization to implement alternative dispute procedures, including mandatory mediation (the "**ADR Procedures**"), all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, the Omnibus Reply of the Debtors to Objections to Debtors' Motion for Entry of Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation, and in the ADR Procedures annexed to the Original ADR Order as Exhibit "A."

Motion establish just cause for the relief granted herein; and after consideration of the response pleadings filed; and the Court having entered the Original ADR Order; and upon the Debtors' Motion, dated October 8, 2010 (the "**Motion to Amend**") to amend the ADR Order; and the Court having determined since the entry of the Original ADR Order that the Original ADR Order should be modified in certain respects and restated in its entirety as provided herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that this Amended ADR Order supersedes in all respects the Original ADR Order; and it is further

ORDERED that notwithstanding anything to the contrary in the Motion or Motion to Amend, the ADR Procedures, as set forth in **Exhibit "A"** to this Amended ADR Order, are approved as provided herein with respect to (a) personal injury claims, (b) wrongful death claims, (c) tort claims, (d) product liability claims, (e) claims for damages arising from the rejection of an executory contract or unexpired lease with a Debtor under section 365 of the Bankruptcy Code (excluding claims for damages arising from the rejection of executory contracts that relate primarily to environmental matters), (f) indemnity claims (excluding tax indemnity claims relating to leveraged fixed equipment lease transactions and excluding indemnity claims relating to asbestos liability), (g) lemon law claims, to the extent applicable under section 6.15 of the Master Sale and Purchase Agreement by and between the Debtors and NGMCO, Inc., dated as of June 1, 2009, and as amended (the "**MPA**"), (h) warranty claims, to the extent applicable under section 6.15 of the MPA, and (i) class action claims (the "**Initial Subject**

**Claims**"); and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the ADR procedures shall not apply to claims filed by the United States of America or its agencies; *provided*, *however*, nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion or the ADR Procedures, the ADR Procedures shall not apply to claims filed by state and tribal governments concerning alleged environmental liabilities; *provided*, *however*, nothing shall preclude the Debtors from seeking in the future by separate motion alternative dispute resolutions in connection with any such claims; and it is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Motion to Amend, or the ADR Procedures, the United States of America, nor any state or tribal government shall be in any way bound by any determination made pursuant to the ADR Procedures as to any other party or claim subject to the ADR Procedures, including any determination with respect to the amount, classification, disallowance, or type of claim; and it is further

ORDERED that, annexed to this Amended ADR Order as **Exhibit "B"** is a revised schedule of mediators (the "**Schedule of Mediators**"); and it is further

ORDERED that, the Debtors from time to time may further modify the Schedule of Mediators, in consultation with the Ad Hoc Committee, by filing a revised

Schedule of Mediators with this Court and providing counsel to the Ad Hoc Committee with the Sharing Cap for each additional mediator added to the Schedule of Mediators; and it is further

ORDERED that, the Debtors are authorized to waive the obligation to share costs of non-binding mediation in their sole discretion to the extent the Designated Claimant establishes, to the satisfaction of the Debtors, that sharing of such expenses would constitute a substantial hardship upon the Designated Claimant; and it is further

ORDERED that, within thirty (30) days from the date of entry of this Order (the "**Capping Period**"), any holder of an Unliquidated/Litigation Claim that is an Initial Subject Claim filed against any of the Debtors may request the Debtors to initiate the ADR Procedures for such Unliquidated/Litigation Claim by sending a letter (each a "**Capping Proposal Letter**," the form of which is annexed to this Order as **Exhibit "C"**) to the Debtors indicating a willingness to cap its Unliquidated/Litigation Claim at a reduced amount (the "**Claim Amount Cap**"); *provided*, *however*, that with respect to any claim for amounts resulting from the rejection of an executory contract that is rejected pursuant to an order entered after the date of this Order, a Capping Proposal Letter will be deemed timely if it is received within thirty (30) days of the entry of the order authorizing such rejection; and it is further

ORDERED that, upon receiving a Capping Proposal Letter, the Debtors will, if, and only if, the Claim Amount Cap is accepted by the Debtors, initiate the ADR Procedures by designating the Unliquidated/Litigation Claim in accordance with the ADR Procedures and will indicate in the ADR Notice that the Claim Amount Cap has

been accepted; and it is further

ORDERED that, if the Claim Amount Cap is accepted by the Debtors, the Claim Amount Cap will become binding on the Designated Claimant, and the ultimate value of his or her Unliquidated/Litigation Claim will not exceed the Claim Amount Cap. To the extent the Debtors accept the Claim Amount Cap, the Debtors will be responsible for all fees and costs associated with any subsequent mediation. If the Claim Amount Cap is not accepted, the Debtors will notify the Designated Claimant that the Claim Amount Cap has been rejected, and the Claim Amount Cap will not bind any party and shall not be admissible to prove the amount of the Unliquidated/Litigation Claim; and it is further

ORDERED that, within one month after the Capping Period has expired, the Debtors will provide to (i) counsel for the statutory committee of unsecured creditors (the "**Creditors' Committee**"), and (ii) counsel for the United States of America, a privileged and confidential report containing information on the status of the Unliquidated/Litigation Claims (the "**Committee Report**"). The Debtors shall provide both the Creditors' Committee and the United States of America with an updated Committee Report once a month; and it is further

ORDERED that the following notice procedures are hereby approved:

1. Within **three (3) days** of entry of this Order, the Debtors shall cause to be mailed a copy of this Order to all known holders of Initial Subject Claims that are subject to the ADR Procedures.

2. The Debtors shall post a form of the Capping Proposal Letter on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the ADR Procedures with respect to the Initial Subject Claims, including, without limitation, by implementing any arbitration awards or settlements with respect to Designated Claims achieved under the terms of the ADR Procedures; *provided, however*, that nothing in this Order or the ADR Procedures, shall obligate the Debtors to settle or pursue settlement of any particular Designated Claim; *further provided* that any such settlements may be pursued and agreed upon as the Debtors believe are reasonable and appropriate in their sole discretion, subject to the terms and conditions set forth in the ADR Procedures; and it is further

ORDERED that, if litigation of an Unresolved Designated Claim in a forum other than this Court is required for any of the reasons forth in Section II.E.3 of the ADR Procedures (as determined by this Court), then the Stay shall be modified subject to the terms and conditions set forth in Section II.E.4 of the ADR Procedures. Any such modification of the Stay shall be solely to the extent necessary to permit the liquidation of the amount of such Unresolved Designated Claim in the appropriate forum. If the Debtors fail to file a Notice of Stay Modification or a Stay Motion for any reason with respect to an Unresolved Designated Claim, as set forth in Section II.E.4 of the ADR Procedures, the Stay shall remain in effect with respect to such Unresolved Designated Claim, and the Designated Claimant may seek a determination of this Court regarding whether the Stay must be modified to permit litigation in a non-bankruptcy forum as set forth in Section II.E.3 of the ADR Procedures; and it is further

ORDERED that nothing contained in this Amended ADR Order shall be deemed to preclude any party in interest from objecting to any Designated Claim to the extent such entity has standing to assert an objection in accordance with Bankruptcy Code and applicable law; and it is further

ORDERED that nothing contained in this Order shall alter the Creditors' Committee's rights set forth in this Court's Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims, entered on October 6, 2006 [Docket No. 4180]; and it is further

ORDERED that nothing in the ADR Procedures, including the ADR Injunction set forth therein, shall preclude the holder of a Designated Claim from commencing or continuing an action against a non-debtor party; and it is further

ORDERED that Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Capping Proposal Letter, the ADR Procedures, and the Committee Report; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Amended ADR Order and the ADR Procedures.

New York, New York  
Date: **_October 25, 2010_**

*s/ Robert E. Gerber*  
Honorable Robert E. Gerber  
United States Bankruptcy Judge