**PRESENTMENT DATE AND TIME: October 22, 2010 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: October 22, 2010 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,       :       Chapter 11 Case No.
      f/k/a General Motors Corp., *et al.*   :
                                                            :       09-50026 (REG)
                                                            :
                                                            :       (Jointly Administered)
                                                            :
                                                            :
---------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT AND
## RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC
## AS SERVICE AGENT FOR THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS
## *NUNC PRO TUNC* TO MARCH 5, 2010

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**" or "**ACC**") of Motors Liquidation Company and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 1103(a) authorizing the employment and retention of Epiq Bankruptcy Solutions, LLC ("**Epiq**"), as service agent for the ACC, *nunc pro tunc* to March 5, 2010, to assist the ACC with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the ACC and its counsel; and upon the consideration of the Declaration of Daniel C. McElhinney (the "**McElhinney Declaration**") attached to the Application as Exhibit B; and pursuant to the retention agreement (and pricing schedule annexed thereto) (together, the "**Retention Agreement**") by and between the ACC and Epiq, a true and correct copy of which is attached to the Application as Exhibit C; and it appearing that the relief requested is in the best interests of

Doc# 348709

the ACC, the Debtors' estates and their creditors; and the Court being satisfied that Epiq has the capability and experience to provide such the services for which it is to be retained by the ACC and that Epiq does not hold an interest adverse to the Debtors' estates respecting the matters upon which Epiq is to be engaged; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on representations made in the McElhinney Declaration that Epiq does not hold or represent an interest adverse to the Debtors' estates; and good and sufficient notice of the Application having been given; and no other or further notice being required; and sufficient cause appearing therefor; it is

**ORDERED**, that the ACC is authorized to employ and retain Epiq as its service agent in accordance with the terms and conditions set forth herein and in the Retention Agreement; and it is further

**ORDERED**, that Epiq will undertake, *inter alia*, the following actions and procedures:

    (a)    Assist the Committee with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the ACC and its counsel.

**ORDERED**, that without further order of the Court, the Debtors are authorized and directed to compensate Epiq on a monthly basis in accordance with the terms and conditions of the Retention Agreement, upon Epiq's submission to the ACC, the Debtors and the United States Trustee of monthly invoices summarizing in reasonable detail the services rendered and expenses incurred in connection therewith; and it is further

**ORDERED**, that the ACC, the Debtors and the United States Trustee shall have ten (10) days to advise Epiq of any objections to the monthly invoices. If an objection is raised to an

Epiq invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if applicable, will pay the remainder to Epiq upon the resolution of the dispute.  All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court; and it is further

**ORDERED**, that the fees and expenses Epiq incurs in the performance of its services shall be treated as an administrative expense of the Debtors' chapter 11 estates and be paid by the Debtors in the ordinary course of business without further application to this Court; <u>provided</u>, <u>however</u>, that to the extent that fees and expenses are disallowed by this Court, Epiq shall not be entitled to an administrative expense for such disallowed fees and expenses; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


New York, New York                                              *s/ Robert E. Gerber*
Date: ***October 25, 2010***                              Honorable Robert E. Gerber
                                                                              United States Bankruptcy Judge