# BELLAVIA GENTILE & ASSOCIATES, LLP
### ATTORNEYS AT LAW

200 OLD COUNTRY ROAD • SUITE 400
MINEOLA, NEW YORK 11501
www.DealerLaw.com

TELEPHONE 516-873-3000
FACSIMILE 516-873-9032

LEONARD A. BELLAVIA
JOHN G. GENTILE

STEVEN H. BLATT
WARREN S. DANK△○
WILLIAM R. BRUNNER†
MICHAEL S. CIACCIO
MATTHEW DAVID BROZIK△
BARRY M. WEISS

△ Also admitted in New Jersey
○ Also admitted in Connecticut
† Admitted only in New Jersey

Counsel
KENNETH F. McCALLION
THOMAS A. HOLMAN
KEVIN MALDONADO
MARK W. GAFFNEY
JANE K. CRISTAL
PETER D. BARON
GAIL M. BLASIE

October 25, 2010

VIA ECF
Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: In re Motors Liquidation Company
Chapter 11 - Case No. 09-50026

Dear Judge Gerber:

This office represents Rose Chevrolet, Inc., Halleen Chevrolet, Inc. and Andy Chevrolet Company (collectively, the "Ohio Dealers") in connection with the Motion to Enforce Sale Order filed by General Motors, LLC ("GM"), returnable before Your Honor on Tuesday October 26, 2010. Our office also represented Rally Auto Group, Inc. ("Rally") with respect to GM's Motion to Enforce Sale Order Sale Order filed against Rally. It is respectfully submitted that the issues raised by the parties in the Rally Motion to Enforce Sale Order are virtually identical to the issues raised by the parties in the Ohio Dealers Motion to Enforce Sale Order. As Your Honor is aware, after Your Honor ruled against Rally, Rally filed a motion, pursuant to Federal Rule of Bankruptcy Procedure Rule 8005, for a stay pending appeal. That motion was only recently argued last Wednesday before the Honorable Robert P. Patterson, Jr. at the Southern District Court. At the conclusion of oral argument, Judge Patterson advised the parties that he would render his decision on Rally's motion within the next few days.

Again, as the issues to be decided by the Court in the Rally Motion to Enforce Sale Order are virtually identical to the issues raised by the parties in the Ohio Dealers

NEW JERSEY       MANHATTAN       LONG ISLAND       WINDHAM       CONNECTICUT

Honorable Robert E. Gerber
October 25, 2010
Page 2

Motion to Enforce Sale Order, and in an effort to save both judicial resources and the incurrence of additional counsel fees and time by the parties, I respectfully request a short adjournment of Tuesday's hearing pending the determination by Judge Patterson of Rally's Rule 8005 motion. I did contact GM's counsel and asked if GM would join in my application to adjourn Tuesday's hearing, however, GM's counsel has advised me that his client is not inclined to consent to such request.

For all the foregoing reasons, the Ohio Dealers respectfully request a short adjournment of Tuesday's hearing pending the determination by Judge Patterson of Rally's Rule 8005 motion.

Respectfully Submitted,

Steven Blatt, Esq.

Endorsed Order:

In light of the proximity, and importance, of the October 31 date, the request for an adjournment is denied. However, I recognize that on the Ohio Dealers' issues, I might well benefit from any thinking Judge Patterson might express on the Rally stay application, especially since the Ohio Dealers acknowledge that Ohio Dealers' issues are "virtually identical" to those I decided on the Rally matter.

If Judge Patterson has not yet ruled on the Rally stay application before tomorrow's hearing, both parties should be prepared to address (in addition to any argument on the merits that either might wish as to matters not already addressed in the papers) what is the best way to deal with New GM's need for a ruling on the merits on the Ohio Dealers' matter; Judge Patterson's need to manage his docket as he sees fit; and my desire to consider any views Judge Patterson might express on the distinct, but substantively identical, Rally matter. In particular, the parties should be prepared to address my inclination, after reading the briefs, to consider the Ohio Dealers' matter indistinguishable in any legally cognizable respect from the Rally matter and thus to rule similarly—but also to be willing to reconsider my ruling to the extent warranted as a consequence of any later ruling by Judge Patterson, without requiring any party to make the showing required for 60(b) relief.

Dated: New York, New York          *s/Robert E. Gerber*
       October 25, 2010            United States Bankruptcy Judge