TO THE HonorableRobert E. Gerber                    18 October 2010
United States Bankruptcy Judge                       Case #09-50026
(REG)                                                REG

Sir:
   Permit me to pose a question please. Does this letter suspend my claim altogether or has --new GM accepted it as indicated on Pg. 5 -Attached.
   I have heard nothing from anyone regarding my claim except that it is now to be expunged by your court.
   Your Honor, I desire to be respectful to you, but we all need some help from someone ,somewhere.  Please have someone call me and thank-you.

                                    Very truly yours

cc:Weil, Gotshal & Manges              George Conrad
   Harvey Miller
                                             GM Retiree 1987 .

accrued Welfare Benefits required to be provided pursuant to the terms of the applicable Benefit

Plan as in effect at the time of the alleged failure (the "**Accrued Benefits Claims**"), or a

combination thereof. In many cases, the amounts stated with respect to the Benefit Modification

Claims are based on a permanent reduction or elimination of certain Welfare Benefits following

the time that the applicable Benefits Plan had been assumed by New GM.

**Accrued Benefits Claims
Have Been Assumed By New GM**

8.     On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of

substantially all of the Debtors' assets in accordance with the Master Purchase Agreement.

Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent*

*Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified

in a disclosure schedule, i.e., the "Assumed Plans," and the Benefit Plans were included on that

schedule. The Master Purchase Agreement provides, at Section 6.17(e):

> As of the Closing Date, <u>Purchaser or one of its Affiliates shall assume (i) the
> Parent Employee Benefit Plans and Policies set forth on Section 6.17(e) of the
> Sellers' Disclosure Schedule</u> as modified thereon, and all assets, trusts, insurance
> policies and other Contracts relating thereto, except for any that do not comply in
> all respects with TARP or as otherwise provided in Section 6.17(h) and (ii) all
> employee benefit plans, programs, policies, agreements or arrangements (whether
> written or oral) in which Employees who are covered by the UAW Collective
> Bargaining Agreement participate and all assets, trusts, insurance and other
> Contracts relating thereto (the "**Assumed Plans**"), for the benefit of the
> Transferred Employees and Sellers and Purchaser shall cooperate with each other
> to take all actions and execute and deliver all documents and furnish all notices
> necessary to establish Purchaser or one of its Affiliates as the sponsor of such
> Assumed Plans including all assets, trusts, insurance policies and other Contracts
> relating thereto. Other than with respect to any Employee who was or is covered by
> the UAW Collective Bargaining Agreement, Purchaser shall have no Liability
> *with respect to any modifications or changes to Benefit Plans contemplated by*
> Section 6.17(e) of the Sellers' Disclosure Schedule, or changes made by Parent
> prior to the Closing Date, and Purchaser shall not assume any Liability with
> respect to any such decisions or actions related thereto, and <u>Purchaser shall only</u>
> <u>assume the Liabilities for benefits provided pursuant to the written terms and</u>
> <u>conditions of the Assumed Plan as of the Closing Date.</u> Notwithstanding the
> foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all

103rd Omnibus Objection                                                                    Motors Liquidation Company, et al.
Exhibit A                                                                    Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| FRANK J. CELSNAK<br>455 W OAKHAMPTON DR<br><br>EAGLE, ID 83616 | 21175 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$55,645.00 (P)<br>$0.00 (U)<br>$55,645.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE LEEDOM<br>97 WESTGATE DR<br><br>MANSFIELD, OH 44906 | 49601 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$67,317.00 (P)<br>$0.00 (U)<br>$67,317.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE LEEDOM<br>97 WESTGAGE DR<br><br>MANSFIELD, OH 44906 | 49602 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$93,181.00 (P)<br>$0.00 (U)<br>$93,181.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GEORGE W CONRAD<br>MARJORIE A CONRAD TEN COM<br>3419 CROW VALLEY DR<br>MISSOURI CITY, TX 77459 | 31467 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$28,000.00 (P)<br>$28,000.00 (U)<br>$56,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HARRY W MUNDY<br>65 DISCOVERY RD<br><br>MARTINSBURG, WV 25403 | 21663 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$91,780.00 (P)<br>$0.00 (U)<br>$91,780.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HEUSER, RALPH E<br>292 MILLBROOK RD<br><br>HEBER CITY, UT 84032 | 3200 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$54,278.00 (P)<br>$0.00 (U)<br>$54,278.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.