CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial. (212) 225-2264
E-Mail: jbromley@cgsh.com

MARK A. WALKER
LESLIE B. SAMUELS
EDWARD F. GREENE
ALLAN G. SPERLING
MAX GITTER
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER

WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
YVETTE P. TEOFAN
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
DANA G. FLEISCHMAN

FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KRISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
CHRISTOPHER P. MOORE
JOON H. KIM
    RESIDENT PARTNERS

SANDRA M. ROCKS
ELLEN M. CREEDE
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
    RESIDENT COUNSEL

October 27, 2010

VIA HAND DELIVERY
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG)

Dear Judge Gerber:

　　We represent the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") in the above-captioned proceedings. We write pursuant to Local Rule 9076-1 to request a status conference with respect to the Motion of General Motors LLC (f/k/a General Motors Company) to Enforce the Sale Order (D.I. 7527, the "Motion").[1]

　　The Motion seeks a determination with respect to certain amounts owed by New GM (as assignee of the Debtors) in respect of obligations under the 2007 Delphi Restructuring MOU, a divestiture-related memorandum of understanding. The Motion asserts that this Court has exclusive jurisdiction to make that determination.

　　However, as the Motion notes, these issues have already been joined in a pending suit commenced in April 2010 in the Eastern District of Michigan, captioned *UAW v. General Motors, LLC* (Case No. 2:10-cv-11355-AC, the "Existing Michigan Litigation"). Indeed, New GM has answered the UAW's complaint in the Existing Michigan Litigation asserting an affirmative defense of lack of subject matter jurisdiction in favor of this Court. The UAW has filed a motion to strike that affirmative defense, to which New GM's response is due next week.

---

[1]　　Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

As such, issue has already been joined in the Existing Michigan Litigation concerning not only the underlying merits of the dispute raised by both the UAW's complaint and the Motion, but the appropriate venue for determination.  The UAW and New GM have a pre-existing status conference scheduled before the Hon. Avern Cohn on November 3, 2010 at which the UAW intends to raise these issues.[2]  Accordingly, we request that the Court hold the Motion (and the current response and hearing dates) in abeyance.

In any event, regardless of whether Your Honor or Judge Cohn adjudicates the issues raised in the Motion and the Existing Michigan Litigation, the schedule currently contemplated by New GM's Motion will not allow the parties to fully and fairly litigate their differences.  As the Motion notes, the obligations at issue exceed $400 million dollars, and are of substantial importance not only to the parties, but thousands of UAW retirees.  While the UAW feels that New GM's obligations are clear, it anticipates that both parties will require discovery.  Moreover, the Norris LaGuardia Act precludes this Court from entering the injunctive relief sought by the Motion without first allowing for a full evidentiary hearing in open court that would permit the court to make certain required findings.[3]  Even if the hearing on the Motion were to proceed as scheduled on November 9, 2010, Local Rule 9014-2 provides that such hearing will not be evidentiary unless otherwise ordered.

Absent an abeyance or other adjustment, the UAW's response to the Motion is now due Tuesday, November 2.  Accordingly, the UAW requests a chambers conference at Your Honor's earliest convenience to discuss these matters.  We have conferred with counsel for New GM, who consents to such a conference on Thursday, October 28, 2010.

Respectfully Submitted,

James L. Bromley

Cc:   Heather Lennox, Esq., Jones Day (via email)
      Lisa Laukitis, Esq., Jones Day (via email)
      Andrew Roth, Esq., Bredhoff & Kaiser P.L.L.C (via email)

---

[2]   Caselaw suggests that Judge Cohn is the appropriate arbiter of whether the Eastern District of Michigan or this Court is the appropriate arbiter of the appropriate forum.  MSK Ins., Ltd. v. Employers Reinsurance Corp., 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002) ("[W]e must first decide which court should grapple with the issue of where the case should proceed.  This District has laid down a bright-line rule for situations such as this:  The court before which the first-filed action was brought determines which forum will hear the case.")

[3]   See 29 U.S.C. §§ 107-109; Petrusch v. Teamsters Local 317 (In re Petrusch), 667 F.2d 297, 300 (2d Cir. 1981) (affirming district court's vacatur of injunction granted by bankruptcy court because it violated the provisions of the Norris-LaGuardia Act).