# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: 216-586-3939 • FACSIMILE: 216-579-0212

Direct Number: (216) 586-7111
hlennox@jonesday.com

JP577688
1847715
245677-600051

October 27, 2010

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court for the
 Southern District of New York
One Bowling Green
New York, NY  10004-1408

      Re:    *In re Motors Liquidation Company (f/k/a General Motors Corp.)*,
           Case No. 09-50026 (REG)

Dear Judge Gerber:

      I represent General Motors LLC ("**New GM**"). I write in response to the letter to the Court submitted earlier today by Mr. Bromley as counsel to the UAW.[1]

      In brief response to the points raised by Mr. Bromley's letter, as a general matter, New GM does not object to scheduling adjustments on the Motion for the convenience of the Court and all parties. However, by filing the Existing Michigan Litigation, the UAW has violated this Court's reservation of exclusive jurisdiction to interpret and enforce both the Sale Order and the UAW Retiree Settlement Agreement. Moreover, the UAW has filed a motion in the Eastern District of Michigan to strike New GM's affirmative defense that asserts this Court's exclusive jurisdiction. The UAW essentially acknowledges that it has filed that motion for the express purpose of avoiding a determination by this Court as to the effect of the Sale Order. New GM submits that any extension of the briefing schedule on the Motion should be conditioned upon the UAW's suspension of all efforts in the Michigan District Court in the Existing Michigan Litigation to have any matter adjudicated therein until this Court has a chance to rule on the Motion. If the *status quo* can thus be maintained, New GM has no objection to any reasonable accommodations with respect to scheduling on the Motion.

      Contrary to what Mr. Bromley alleges, the "first to file" rule has no bearing on a matter in which this Court has permissibly reserved to itself *exclusive* jurisdiction to interpret the Sale Order and where the parties have contractually agreed in the UAW Retiree Settlement Agreement to the *exclusive* jurisdiction of this Court.[2] This is particularly true where, as here,

---

[1]    Capitalized terms used herein and not defined have the meanings given to them in Mr. Bromley's letter.

[2]    See Dornoch Ltd. v. PBM Holdings, Inc., 666 F. Supp. 2d 366, 369-70 (S.D.N.Y. 2009) (refusing to apply the "first-filed" rule where parties themselves, as here, contractually agreed to a forum selection clause

JONES DAY

The Honorable Robert E. Gerber
October 27, 2010
Page 2

the UAW violated the terms of this Court's Sale Order and the UAW Retiree Settlement Agreement in commencing the Existing Michigan Litigation rather than bringing its disputes before this Court in the first place. This Court has already applied the relevant principles of law in a number of other matters related to actions initiated in other jurisdictions by product liability claimants and motor vehicle dealers. Application of the "first to file" rule under these circumstances would have the effect of nullifying this Court's retention of exclusive jurisdiction.

Finally, New GM does not believe that a full and final adjudication of the Motion requires any discovery (although that can be determined after the Court reviews all papers filed), nor does it believe that an analysis under the Norris-LaGuardia Act is required for this Court to interpret and enforce its own Sale Order, which already has a substantial evidentiary basis as its underpinning and already contains injunctive provisions that apply to all creditors, including the UAW. See Sale Order ¶ 48. Reference need only be made to the provisions of the Sale Order and the operative documents, including the UAW Retiree Settlement Agreement, to decide the Motion. Further, the Norris-LaGuardia Act has no bearing on the dispute between the parties. The dispute is not a "labor dispute" as defined in 29 U.S.C. § 113(c) since it does not involve a dispute over "terms and conditions of employment" and does not involve any of the specific acts

---

(continued...)

requiring litigation in New York and noting that the "first-filed" rule "is not to be applied in a 'rigid' or 'mechanical' way . . . and is quite commonly overcome where circumstances warrant"); cf. Gilchrist v. Gen. Elec. Capital Corp., 262 F.3d 295, 303-04 (4th Cir. 2001) (refusing to apply the "first filed" rule to permit a state court receivership and foreclosure to go forward once a bankruptcy case was commenced and the automatic stay took effect). Moreover, when another court has reserved exclusive jurisdiction over a matter, other courts lack subject matter jurisdiction. See Maselli v. Portfolio Techs., Inc., 2007 U.S. Dist. LEXIS 17226, at *8-14 (D.N.J. Mar. 12, 2007) (dismissing action when it was in the exclusively retained jurisdiction of the bankruptcy court); Haro v. Household Int'l, 2004 U.S. Dist. LEXIS 25860, at *2-3 (D. Md. Dec. 21, 2004) (dismissing for lack of subject matter jurisdiction when other federal court had retained exclusive jurisdiction in a final order); Magnolia v. Conn. Gen. Life Ins. Co., 157 F. Supp. 2d 583, 586-87 (D. Md. 2001) (same). When the parties dispute whether a bankruptcy court order permits an action to be filed in another court, the bankruptcy court that issued that order should resolve the dispute. See In re Nat'l Century Fin. Enters., Inc., 2006 Bankr. LEXIS 328, at *13-14 (B.A.P. 6th Cir. Mar. 14, 2006) (determining that bankruptcy court that issued confirmation order was the proper court to interpret and enforce its own order and enforce injunction against competing state court action).

JONES DAY

The Honorable Robert E. Gerber
October 27, 2010
Page 3

enumerated in 29 U.S.C. § 104.[3] Rather, the dispute involves the UAW's violation of this Court's Sale Order and a contractual dispute over payments alleged to be owed to the New VEBA.

Respectfully submitted,

Heather Lennox

cc: James L. Bromley, Esq. (Cleary Gottlieb; via e-mail)
Andrew Roth, Esq. (Bredhoff & Kaiser, P.L.L.C.; via-email)
Lisa Laukitis, Esq. (Jones Day; via e-mail)

---

[3] See Aeronautical Indus. Dist. v. United Techs. Corp., 230 F.3d 569, 580 (2d Cir. 2000) (stating that ,"[t]he decisions of both the Supreme Court and this court suggest that injunctive relief is permitted under circumstances that do not implicate the abuses the NLA was enacted to prevent" and holding that the Norris-LaGuardia Act would not prevent an injunction from issuing to compel arbitration where the conduct at issue was not specifically enumerated in section 4 (29 U.S.C. § 104) or otherwise related to the abuses that motivated the enactment of the Norris-LaGuardia Act in the first place).