# Exhibit A: UAW Complaint

09-50026-mg    Doc 7595-1    Filed 10/28/10    Entered 10/28/10 13:00:30    Exhibit A
Pg 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,**<br><br>        Plaintiff,<br><br>v.<br><br>**GENERAL MOTORS LLC,**<br><br>        Defendant. | Case No: _____ |

# COMPLAINT

NATURE OF CASE

1. This is an action brought under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for breach of a labor contract to which the plaintiff International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("the UAW") and the defendant General Motors LLC ("the Company") are parties. The UAW brings this § 301 action to remedy the Company's failure to honor its obligation under that labor contract to make a specified payment into a Voluntary Employees' Beneficiary Association ("VEBA").

JURISDICTION AND VENUE

2. This Court has jurisdiction over this lawsuit pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1391(b).

09-50026-mg    Doc 7595-1    Filed 10/28/10    Entered 10/28/10 13:00:30    Exhibit A
Pg 3 of 9
Case 2:10-cv-11366-AC-MJH    Document 1    Filed 04/06/10    Page 2 of 8

- 2 -

## PARTIES

4.     The plaintiff UAW is a labor organization that represents the Company's employees and the employees of various other companies in collective bargaining. As such, the UAW is "a labor organization representing employees in an industry affecting commerce" within the meaning of the statutory provision, LMRA § 301, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts" between such a labor organization and "an employer." The UAW's principal offices are located at 8000 East Jefferson Avenue, Detroit, Michigan 48214.

5.     The defendant Company is a Delaware Corporation that employs various individuals represented by the UAW. As such, the Company is "an employer" within the meaning of the statutory provision, LMRA § 301, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts" between such an employer and "a labor organization representing employees in an industry affecting commerce." The Company's principal offices are located at 300 Renaissance Center, Detroit, Michigan, 48265, and the Company also has extensive operations within this District.

## FACTS

6.     On June 22, 2007—during the course of bankruptcy proceedings involving Delphi Corporation ("Delphi")—the UAW, the Company's predecessor corporation (General Motors Corporation or "GM") and Delphi entered into a tripartite Memorandum of Understanding ("MOU"). By Order dated July 19, 2007, the MOU was approved by the Bankruptcy Court presiding over the Delphi bankruptcy proceedings.

7.     GM itself went through bankruptcy proceedings in 2009 from which there emerged a new operating company—the defendant herein—called "General Motors LLC" ("the Company"). The Company has assumed all of GM's labor contracts with the UAW, including,

09-50026-mg Doc 7595-1 Filed 10/28/10 Entered 10/28/10 13:00:30 Exhibit A
Pg 4 of 9
Case 2:10-cv-11366-AC-MJH Document 1 Filed 04/06/10 Page 3 of 8

- 3 -

without limitation, the MOU; on information and belief, the Company has done so pursuant to a sales agreement approved by the Bankruptcy Court in the GM bankruptcy proceedings. Accordingly, the Company is contractually required to honor all of GM's contractual obligations under those GM-UAW labor contracts, including, without limitation, GM's contractual obligations under the MOU.

8. Section J.2 of the MOU provides as follows:

> The UAW has asserted a claim against Delphi in the amount of $450 million as a result of the modifications encompassed by this Agreement and various other UAW agreements during the course of Delphi's bankruptcy. Although Delphi has not acknowledged this claim, GM has agreed to settle this claim by making a payment in the amount of $450 million, which the UAW has directed to be paid directly to the DC VEBA established pursuant to the settlement agreement approved by the court in the case of Int'l. Union, UAW et al v. General Motors Corp., Civil Action No. 05-73991.

9. Section K.2 of the MOU, in turn, provides an "effective date" provision for certain terms of the MOU, including Section J.2. Section K.2 provides as follows:

> The parties acknowledge that the following provisions of this Agreement will not become effective until all of the following events have occurred and as of the date when the last of such events shall have occurred: (a) execution by Delphi and GM of a comprehensive settlement agreement resolving the financial, commercial, and other matters between them and (b) the substantial consummation of a plan of reorganization proposed by Delphi in its Chapter 11 cases and confirmed by the Bankruptcy Court which incorporates, approves and is consistent with all of the terms of this Agreement and the comprehensive settlement agreement between Delphi and GM.

10. On July 30, 2009, the Bankruptcy Court presiding over the Delphi bankruptcy proceedings entered an Order confirming a plan of reorganization for Delphi, and on October 6, 2009, the Court entered a further Order explicitly stating that this plan of reorganization "was substantially consummated" on that October 6, 2009 date. This judicially-confirmed and

substantially-consummated plan of reorganization incorporated, approved and was consistent with: (i) all of the terms of the MOU; and (ii) a comprehensive settlement agreement previously executed by Delphi and GM resolving the financial, commercial, and other matters between them. Accordingly, pursuant to Section K.2 of the MOU, the Company's contractual obligation to make the payment to the DC VEBA specified in Section J.2 of the MOU became "effective" *on October 6, 2009*.

11. By letter dated October 29, 2009, the UAW made a written demand that the Company honor its contractual obligation to make the foregoing payment to the DC VEBA as required by the terms of the MOU. By letter dated November 11, 2009, that UAW demand was rejected, and since that time the Company has failed and refused to make the contractually-required payment. The Company thus stands in breach of its contractual obligation under the MOU to make that payment.

CLAIM FOR RELIEF
(Breach of Contract, Under 29 U.S.C. § 185)

12. The allegations in Paragraphs 1 through 11 above are re-alleged and incorporated herein by reference.

13. The MOU is a "contract[ ] between an employer and a labor organization representing employees in an industry affecting commerce" within the meaning of LMRA § 301, 29 U.S.C. § 185.

14. The Company's failure and refusal to make the payment to the DC VEBA specified in Section J.2 of the MOU—as demanded by the UAW in its October 29, 2009 letter—constitutes a breach of the MOU that is remediable in this action brought under LMRA § 301, 29 U.S.C. § 185.

PRAYER FOR RELIEF

WHEREFORE, the UAW respectfully requests that this Court:

(1) Find and declare that the Company is in breach of its contractual obligation under the MOU to make the payment to the DC VEBA specified in Section J.2 of the MOU;

(2) Order the Company to make that contractually-required payment forthwith; and

(3) Order such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ JULIA PENNY CLARK
Julia Penny Clark (DC Bar 269609)
jpclark@bredhoff.com
Andrew D. Roth (DC Bar 414038)
aroth@bredhoff.com
**Bredhoff & Kaiser, PLLC**
805 Fifteenth Street, N.W., Suite 1000
Washington, DC  20005
(202) 842-2600

/s/ JEFFREY D. SODKO
Daniel W. Sherrick (P37171)
dsherrick@uaw.net
Jeffrey D. Sodko (P65076)
jsodko@uaw.net
**UAW, Office of General Counsel**
8000 East Jefferson Avenue
Detroit, MI  48214
(313) 926-5216

Counsel for Plaintiff UAW

DATED:   April 6, 2010.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose __Wayne__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America

## DEFENDANTS
General Motors LLC

**(b)** County of Residence of First Listed Plaintiff __Wayne__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Wayne__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Julia Penny Clark, Bredhoff & Kaiser, PLLC, 805 Fifteenth Street, NW, Suite 1000, Washington, DC 20005 (202) 842-2600 (see attachment)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 185
Brief description of cause:
Breach of labor contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Specific Performance of contract
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 6, 2010
SIGNATURE OF ATTORNEY OF RECORD: *Julia Penny Clark*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?     ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.      Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____

**ATTACHMENT**

I.(c) Attorneys

Andrew D. Roth
**Bredhoff & Kaiser, PLLC**
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600


Daniel W. Sherrick
Jeffrey D. Sodko
**UAW, Office of General Counsel**
8000 East Jefferson Avenue
Detroit, MI 48214
(313) 926-5216