# Exhibit B: Purchaser Answer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | ) ) ) ) ) ) | 2:10-cv-11366-AC-MJH |
| Plaintiff, | ) | |
| vs. | ) ) | Honorable Avern Cohn Magistrate Judge Michael Hluchaniuk |
| GENERAL MOTORS LLC, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT GENERAL MOTORS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant General Motors LLC ("General Motors"), through its undersigned counsel,

and for its Answer to plaintiff International Union, United Automobile, Aerospace, and

Agricultural Implement Workers of America's ("UAW") Complaint, responds as follows.

## PRELIMINARY STATEMENT

As an initial matter, General Motors notes that plaintiff's Complaint purports to seek

damages from General Motors for an alleged payment obligation to the Voluntary Employees'

Beneficiary Association ("VEBA") pursuant to the terms of a 2007 UAW-Delphi-GM

Memorandum of Understanding (the "2007 Delphi Restructuring MOU") entered into on or

about June 22, 2007 by Delphi Corporation ("Delphi"), General Motors Corporation n/k/a

Motors Liquidation Company ("Old GM"), and plaintiff. General Motors' sole obligations to the

VEBA, however, were comprehensively and definitively set forth in the UAW Retiree

Settlement Agreement, dated July 10, 2009 (the "UAW Retiree Settlement Agreement"), entered

CLI-1839181

into between General Motors and plaintiff. The UAW Retiree Settlement Agreement bars the plaintiff's pursuit of any claim for additional contributions to the VEBA, and in that agreement plaintiff agreed not to seek to make General Motors pay any amounts to the VEBA other than those expressly set forth in the UAW Retiree Settlement Agreement.

The United States Bankruptcy Court for the Southern District of New York presiding over the Old GM bankruptcy proceedings entered an order (the "Sales Order") approving the UAW Retiree Settlement Agreement on July 5, 2009. Pursuant to the terms of that express Order, the express agreement of the parties set forth in the UAW Retiree Settlement Agreement and the Bankruptcy Court's inherent authority to enforce its own orders, the United States Bankruptcy Court for the Southern District of New York has exclusive jurisdiction over any dispute – including this one – regarding General Motors' obligations to the VEBA or involving "the enforcement, implementation, application or interpretation of" the UAW Retiree Settlement Agreement.

## ANSWER

General Motors further responds as follows to each of the respective paragraphs of plaintiff's Complaint.

1.    General Motors admits and avers that plaintiff purports to bring this action under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, for breach of a labor contract. General Motors denies that it failed to honor an obligation to make a specified payment into a VEBA, and otherwise denies the allegations in paragraph 1.

2.    General Motors admits and avers that plaintiff purports to invoke the jurisdiction of this Court pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331, which General Motors denies as a legal conclusion, not an averment of fact, and otherwise denies the allegations in paragraph 2.

General Motors further admits and avers that the United States Bankruptcy Court for the

Southern District of New York has exclusive jurisdiction over this dispute.

3.    General Motors admits and avers that plaintiff purports to invoke venue in this

District pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1391(b), which General Motors denies as a

legal conclusion, not an averment of fact, and otherwise denies the allegations in paragraph 3.

General Motors further admits and avers that the United States Bankruptcy Court for the

Southern District of New York is the exclusive venue for this dispute.

4.    General Motors admits and avers that plaintiff is a labor organization that

represents certain of General Motors' and other companies' employees for purposes of collective

bargaining and that plaintiff's principal offices are located at the address indicated in

paragraph 4. General Motors admits and avers that, in the second sentence of paragraph 4,

plaintiff purports to quote from LMRA § 301, 29 U.S.C. § 185, and plaintiff asserts it is "a labor

organization representing employees in an industry affecting commerce" pursuant to LMRA

§ 301, 29 U.S.C. § 185. General Motors admits and avers that LMRA § 301, 29 U.S.C. § 185

speaks for itself, and otherwise denies the allegations in paragraph 4.

5.    General Motors admits and avers that it is a Delaware limited liability company

that employs individuals represented by plaintiff for purposes of collective bargaining, and

admits the allegations in the last sentence of paragraph 5. General Motors admits and avers that,

in the second sentence of paragraph 5, plaintiff purports to quote from LMRA § 301, 29 U.S.C.

§ 185, and plaintiff asserts that General Motors is "an employer" within the meaning of that

statute. General Motors denies as a legal conclusion, not an averment of fact, that General

Motors is "an employer" within the meaning of LMRA § 301, 29 U.S.C. § 185 with respect to

the 2007 Delphi Restructuring MOU at issue. General Motors admits and avers that LMRA § 301, 29 U.S.C. § 185 speaks for itself, and otherwise denies the allegations in paragraph 5.

6.    General Motors admits and avers that, after Delphi and certain of its related companies filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code, plaintiff, Delphi and Old GM entered into the 2007 Delphi Restructuring MOU on or about June 22, 2007. General Motors admits and avers that the actions taken by the Court presiding over the Delphi bankruptcy speak for themselves. General Motors otherwise denies the allegations in paragraph 6.

7.    General Motors admits and avers that Old GM and certain of its related companies filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. General Motors further admits and avers that General Motors purchased substantially all the assets of Old GM pursuant to the Amended and Restated Master Sale and Purchase Agreement dated as of June 26, 2009 (as amended, the "MPA"), which was approved by the Sale Order entered by the Bankruptcy Court presiding over the Old GM bankruptcy proceedings on July 5, 2009. General Motors admits and avers that the MPA and the Sale Order speak for themselves, and General Motors refers to these documents for a true and complete statement of their contents. General Motors denies that it is contractually required to honor all contractual obligations under the 2007 Delphi Restructuring MOU, and otherwise denies the allegations in paragraph 7.

8.    General Motors admits and avers that plaintiff purports to quote Section J.2 of the 2007 Delphi Restructuring MOU, which speaks for itself, and General Motors refers to that

document for a true and complete statement of its content. General Motors otherwise denies the allegations in paragraph 8.

9.    General Motors admits and avers that plaintiff refers to and purports to quote Section K.2 of the 2007 Delphi Restructuring MOU, which speaks for itself, and General Motors refers to that document for a true and complete statement of its content. General Motors otherwise denies the allegations in paragraph 9.

10.    General Motors admits and avers that the actions taken by the Bankruptcy Court presiding over the Delphi bankruptcy speak for themselves, denies plaintiff's purported characterization of such actions, and otherwise denies the allegations in paragraph 10.

11.    General Motors admits and avers that plaintiff sent a letter to General Motors on or about October 29, 2009 regarding the 2007 Delphi Restructuring MOU, General Motors sent a response letter to plaintiff on or about November 11, 2009, and further correspondence regarding this subject was exchanged by the parties on or about July 27, 2010 and August 31, 2010, the contents of which speak for themselves. General Motors denies that any payment is contractually required under the terms of the 2007 Delphi Restructuring MOU, and General Motors further denies that it is in breach of the 2007 Delphi Restructuring MOU. General Motors otherwise denies the allegations in paragraph 11.

12.    In response to paragraph 12 of the Complaint, General Motors incorporates by reference its admissions, averments and denials heretofore made as if fully set forth herein

13.    General Motors denies the allegations contained in paragraph 13 as legal conclusions, not averments of fact, and otherwise denies the allegations in paragraph 13.

14.    General Motors denies the allegations in paragraph 14 of the Complaint.

15.     General Motors denies each allegation in the Complaint that is not expressly admitted above, and further denies that plaintiff is entitled to any of the relief sought in its Complaint or requested in the prayer for relief, or any other relief whatsoever, against General Motors.

### AFFIRMATIVE DEFENSES

16.     This Court lacks jurisdiction because the United States Bankruptcy Court for the Southern District of New York has exclusive jurisdiction over plaintiff's alleged claim.

17.     The United States Bankruptcy Court for the Southern District of New York is the exclusive venue for plaintiff's alleged claim.

18.     The Complaint fails to state a claim upon which relief can be granted.

19.     Plaintiff's claim is barred by the doctrine of payment, release, accord and satisfaction, novation, or substituted contract.

20.     Plaintiff's claim is barred by the doctrine of waiver or estoppel.

21.     To the extent that plaintiff's Complaint has not been filed within the applicable statute of limitations period, it is barred.

22.     Plaintiff's claim is barred because General Motors' obligations to the VEBA are governed solely by the UAW Retiree Settlement Agreement.

23.     Plaintiff's claim is barred because plaintiff agreed in the UAW Retiree Settlement Agreement that it would not seek to make General Motors pay any amounts to the VEBA other than those expressly set forth in the UAW Retiree Settlement Agreement.

24.     Plaintiff's claim is barred to the extent that the terms of the 2007 Delphi Restructuring MOU have been superseded, amended, terminated or rescinded by a subsequent agreement between the parties.

25.     Plaintiff's claim is barred to the extent that General Motors purchased Old GM's assets free and clear of certain obligations under the 2007 Delphi Restructuring MOU pursuant to the terms and conditions of the Sale Order, the MPA or related documents.

26.     Plaintiff's claim is barred to the extent that conditions precedent to certain obligations under the 2007 Delphi Restructuring MOU have not been satisfied.

27.     Plaintiff's claim is barred because the Sale Order enjoins this action.

28.     Plaintiff's claim is barred because this action constitutes an improper collateral attack on the Sale Order.

29.     The Court lacks subject matter jurisdiction over this dispute.

30.     Plaintiff's claim is barred by the doctrines of res judicata and/or collateral estoppel.

31.     Plaintiff's claim is barred because it has been released or discharged in bankruptcy.

32.     Plaintiff's claim is barred for failure or lack of consideration.

33.     General Motors reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, defendant General Motors LLC prays for judgment on the Complaint in its favor and against plaintiffs as follows:

(a)     That plaintiff take nothing by the Complaint and that the same be dismissed with prejudice;

(b)     That Defendant recover its costs of suit incurred herein, including reasonable attorney's fees; and

(c)     For such other and further relief as the Court may deem proper.

Dated: October 8, 2010

OF COUNSEL:

Andrew M. Kramer
akramer@jonesday.com
Warren Postman
wpostman@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3939
Facsimile:  202-626-1700

Heather Lennox
hlennox@jonesday.com
Mark T. Pavkov
mtpavkov@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone: 216-586-3939
Facsimile:  216-579-0212

Respectfully submitted,


/s/ Robert S. Walker
Robert S. Walker  (Ohio Bar No. 0005840)
*(Admitted to E.D. Mich. 8/18/93)*
rswalker@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Telephone: 216-586-3939
Facsimile:  216-579-0212


*Counsel for Defendant General Motors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2010, I electronically filed the foregoing Defendant

General Motors LLC's Answer to Plaintiff's Complaint with the Clerk of the Court using the

ECF system; and I hereby certify that I deposited a copy of the foregoing document in the United

States mail, postage prepaid, addressed to any non-ECF participants.


/s/ Robert S. Walker