UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
In re                              :   Chapter 11 Case No.
                                   :
MOTORS LIQUIDATION COMPANY, et al.,:   09-50026 (REG)
   f/k/a General Motors Corp., et al. :
                                   :
                     Debtors.      :   (Jointly Administered)
                                   :
----------------------------------x

EX PARTE - NUNC PRO TUNC - AMENDMENT MOTION AND APPLICATION AGAINST "NOTICE OF HEARING TO CONSIDER APPROVAL OF DEBTORS' PROPOSED DISCLOSURE STATEMENT WITH RESPECT TO DEBTORS' JOINT CHAPTER 11 PLAN" BY BEING COMPELLED TO PERFORM PAYMENT OR BY LAW THAT INCLUDES THE CLERK OFFICE ISSUANCE OF FINAL PROCESS TO ENFORCE AND EXECUTE THE DEMANDED PAYMENT PAID TO THE ORDER OF "UNCONTESTED" CREDITOR LAFONZA EARL WASHINGTON WITHOUT FURTHER DELAY THAT DO NOT REQUIRE ORDER OR ALLOWANCE OF THE COURT - THIS APPLICATION IS GRANTABLE AS A MATTER OF COURSE - OR UNITED STATES EX REL., COMPLAINT WILL BE FILED FOR THIS COURT TO SHOW VALID CAUSE AGAINST PAYMENT

In re Lafonza Earl Washington, the uncontested Applicant Creditor in the above captioned cause, moves, makes application to the court, pursuant to 11 U.S.C. Section (§§):

I.

1. § 101 (5) (A);

2. § 327 (a);

3. § 502 (a);

4. § 521 (a) (1);

5. § 1104;

6. § 1106;

7. § 1121 (b);

8. § 1122;

9. § 1124 (1) and (2) (c);


RECEIVED OCT 25 2010 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

10. § 1125 (a) and (b); and,

11. Federal Rule of Bankruptcy Procedure, (Fed.R.Bankr.P.), Rules 1008, 2015, 2019 and 3003 (c) (4); including,

12. Official Forms 5 and 12 under Title 11 U.S.C.;

13. The Administrative Procedure Act (ADA) in compliance with 5 U.S.C. §§ 551 (11); 552 (a) (1) (A) thru (E) and (a) (6) (E); 553, 554, 555 and 591;

14. Title 31 CFR 256.60 - private relief bill enforceable under 28 U.S.C. § 1337 etc...

15. Federal Rules of Bankruptcy Procedure, Rules 77 and 79 that are applicable

II.

...these above-cited authorities are filed to compel performance of the Constitutional and Statutory Motion/Application in the Clerk's office for the undelayed issuance of final process to enforce and execute the appropriate relief authorized to be granted, By Law, which do NOT require allowance or Order of the Court, this payment is authorized to be granted of course by the clerk and the clerk's action may NOT be suspended, altered or rescinded by the Court, by fact or by Law, based upon grounds as follows:

1. The debtors' Notice dated September 3, 2010 is INVALID, VOID, UNENFORCEABLE and clearly proves its non-compliance with OFFICIAL Form 12 requirement of an '"ORDER" and Notice For Hearing On Disclosure Statement' be combined; the named debtors' only mailed out the VOID Notice without the required ORDER from the

Court that was NOT signed by the judge, but required to be.

2. Title 11 U.S.C. § 1125 (a) prohibits the debtors' et al., from SOLICITING an acceptance or rejection of a plan from Claim Holder Lafonza Earl Washington with respect to such claim, unless, at the "<u>time of</u>" or "<u>before</u>" such solicitation there is transmitted to this Claim Holder the plan or a summary of the plan, yet this required transmission was NOT received. And,

3. In compliance with 11 U.S.C. § 1125 (b), debtors' et al., were required to transmit to this Claim Holder a "<u>written</u>" disclosure statement "<u>APPROVED</u>", after Notice and a hearing by the court, as containing adequate information..., yet the written disclosure statement was NOT received nor any adequate information proving that this court did NOT enter the Order for the required preapproval of this disclosure statement which "<u>prohibits</u>" the Debtors' et al., "Notice Of Hearing To Consider Approval Of Debtors' Proposed Disclosure Statement With Respect To Debtors' Joint Chapter 11 Plan" dated September 3, 2010, to be heard October 21, 2010 at 9:45 a.m., allegedly. And,

4. This Claim Holder was entitled to the "<u>due process</u>" opportunity of rejecting or accepting the Debtors' et al., plan "<u>BEFORE</u>" the commencement of this case on June 1, 2009, proving the Debtors' et al., are in noncompliance with 11 U.S.C. § 1125 (b) by their engagements of Noticing a VOID proposed disclosure statement "<u>1</u>" year "<u>4</u>" months "<u>untimely</u>" or after the filing of this case.

5. The Debtors' et al., proposed disclosure statement Notice herein is clearly in noncompliance with 11 U.S.C. § 1125 (a) due to the nonsatisfaction of providing adequate information authorizing them to join this Claimant's uncommon factual and legal claims with other claims that involved NOT one common question of act or Law of a required class or group.

6. The Court did NOT Order a Class Action Notice for hearing pursuant to the applicable Federal Rules of Civil Procedure (F.R.Civ.P.), Rule 23 and Debtors' et al., was prohibited from restraining this Claimant's claims to a "<u>class</u>" action process in this bankruptcy case; no class or relevant class could be authorized under Title 11 of the United States Code (U.S.C.) by this Court that is NOT a trial court and no consent was agreed to, to give judicial

authority in this "In re" petition where there is no OPPONENT, by this Claimant as is required.

7. The lack of adequate information about the valid ownership change and Motors Liquidation Company's liquidation processes under Chapter 7 liquidation in a nonconverted "Chapter 11" reorganization relief granted matter proves noncompliances with 11 U.S.C. §§ 1124 impairment prohibitions, as well as § 1125 violations against this claim holder's statutory provided for payment.

WHEREFORE Claim Holder Lafonza Earl Washington moves and make Application to the Court for final process in the Clerk's Office to enforce and enter the trustees and/or debtor in possession finaly payment record herein which assertedly do NOT require allowance or Order of the Court, it is grantable of course by the clerk based on the Court having NOT vested itself with 28 U.S.C. trial court jurisdiction with the required consent of this Creditor and BY LAW the Clerk's demanded action may NOT be altered, rescinded or suspended and this Court cannot show cause against payment without the U.S. District Court for the Southern District of New York exercise of jurisdiction and authority which has NOT been exercised.

Dated: October 17, 2010

By: Lafonza Earl Washington
Creditor/Applicant
7010 Cranwood Drive
Flint, MI  48505
Tel:  810.922.0308

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
In re                               :   Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :   09-50026 (REG)
f/k/a General Motors Corp., et al.  :
                                    :
                    Debtors.        :   (Jointly Administered)
                                    :
------------------------------------x

## CERTIFICATE OF SERVICE

A copy of this Ex Parte - Nunc Pro Tunc - Amendment Motion and Application has been mailed by Certified Mail, return receipt requested to the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 pursuant to the Federal Rules of Bankruptcy Procedure, Rules 3013, 5005 (a) (1) and 9013, as well as 11 U.S.C. §§ 105 (a) and (b) authorizations.

A SASE is enclosed for a stamped "RECEIVED" copy to be returned to this Creditor/Applicant. Thank you.


Dated: October 19, 2010

                                    _____
                                    By:  Lafonza Earl Washington
                                         Creditor/Applicant
                                         7010 Cranwood Drive
                                         Flint, MI  48505
                                         Tel: 810.922.0308


Mailed to:

    Clerk of the Bankruptcy Court
    One Bowling Green
    New York, New York  10004-1408