**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :
                                                             :       Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :       09-50026 (REG)
    f/k/a General Motors Corp., et al.                       :
                                                             :
                    Debtors.                                 :       (Jointly Administered)
-------------------------------------------------------------x
```

### ORDER GRANTING MOTION OF GENERAL MOTORS LLC TO ENFORCE 363 SALE ORDER AND APPROVED DEFERRED TERMINATION AGREEMENTS AGAINST ROSE CHEVROLET, INC., HALLEEN CHEVROLET, INC., AND ANDY CHEVROLET COMPANY

Upon the Motion dated October 8, 2010 [Doc. Nos. 7269, 7272, 7273, 7274, 7277, 7278 & 7279] (the "**Motion**") of General Motors LLC (f/k/a General Motors Company) ("**New GM**"),[1] pursuant to Sections 105 and 363 of Title 11, United States Code, for entry of an order (a) enforcing the terms of the 363 Sale Order and the terms of the Court-approved Wind-Down Agreements, and directing Rose Chevrolet, Inc. ("**Rose**"), Halleen Chevrolet, Inc. ("**Halleen**"), and Andy Chevrolet Company d/b/a Sims Chevrolet, Inc. ("**Sims**" and with Rose and Halleen, the "**Ohio Dealers**") to specifically perform all their respective obligations thereunder; (b) directing Rose and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Rose Chevrolet, Inc. v. General Motors, LLC*, Case No. 1:10-cv-02140 (N.D. Ohio) (the "**Rose Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Rose Wind-Down Agreement; (c) directing Halleen and all

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NYC_IMANAGE-1211645.1

persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Halleen Chevrolet, Inc. v. General Motors, LLC*, Case No. 1:10-cv-02097 (N.D. Ohio) (the "**Halleen Action**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Halleen Wind-Down Agreement; (d) directing Sims and all persons acting in concert with it to cease and desist from prosecuting that certain civil action pending in the United States District Court for the Northern District of Ohio, *Andy Chevrolet Co. v. General Motors, LLC,* Case No. 1:10-cv-02153 (N.D. Ohio) (the "**Sims Action**" and with the Rose Action and Halleen Action, the "**Ohio Dealers' Actions**") or the claims attempted to be asserted therein, and from taking any action or attempting in any way to avoid the terms of the Sims Wind-Down Agreement; and (e) directing the Ohio Dealers to dismiss with prejudice the Ohio Dealers' Actions forthwith, all as more fully set forth in the Motion; and upon the Objection, dated October 19, 2010, of the Ohio Dealers [Doc. Nos. 7442, 7443, 7445, 7446 & 7447] (the "**Objection**") to the Motion; and upon the Reply, dated October 21, 2010, filed by New GM [Doc. No. 7502] in response to the Objection and in further support of the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "**Hearing**") having been held with respect to the Motion on October 26, 2010; and upon the record of the Hearing and the Court's opinion (the "**Opinion**") with respect to the Motion as set forth on the record of the Hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is hereby

   ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that Rose shall dismiss with prejudice the Rose Action within three business days after the expiration of the Stay (as herein defined); and it is further

ORDERED that Rose shall specifically perform all of its obligations as set forth in the Rose Wind-Down Agreement; and it is further

ORDERED that Rose and all persons acting in concert with it shall cease and desist from prosecuting the claims asserted in the Rose Action and from taking any action or attempting in any way to avoid the terms of the Rose Wind-Down Agreement; and it is further

ORDERED that Rose shall file with the Clerk of this Court evidence of the dismissal of the Rose Action within 5 business days after the expiration of the Stay; and it is further

ORDERED that, by agreement of the parties, if Rose chooses to appeal this Order, it shall inform the clerk of the United States District Court for the Southern District of New York (the "**District Court**") when filing its appeal that the appeal is related to Rally Auto Group, Inc.'s appeal of this Court's Order Granting Motion of General Motions LLC to Enforce 363 Sale Order and Approved Deferred Termination Agreement [Doc. No. 7299] to the District Court (the "**Rally Appeal**"), including, without limitation, by making such a designation in any forms filed in connection with the appeal so that the Rose appeal will be heard by the same District Court Judge that is deciding the Rally Appeal; and it is further

ORDERED that Halleen shall dismiss with prejudice the Halleen Action within three business days after the expiration of the Stay; and it is further

ORDERED that Halleen shall specifically perform all of its obligations as set forth in the Halleen Wind-Down Agreement; and it is further

ORDERED that Halleen and all persons acting in concert with it shall cease and desist from prosecuting the claims asserted in the Halleen Action and from taking any action or attempting in any way to avoid the terms of the Halleen Wind-Down Agreement; and it is further

ORDERED that Halleen shall file with the Clerk of this Court evidence of the dismissal of the Halleen Action within 5 business days after the expiration of the Stay; and it is further

ORDERED that, by agreement of the parties, if Halleen chooses to appeal this Order, it shall inform the clerk of the District Court when filing its appeal that the appeal is related to the Rally Appeal, including, without limitation, by making such a designation in any forms filed in connection with the appeal so that the Halleen appeal will be heard by the same District Court Judge that is deciding the Rally Appeal; and it is further

ORDERED that Sims shall dismiss with prejudice the Sims Action within three business days after the expiration of the Stay; and it is further

ORDERED that Sims shall specifically perform all of its obligations as set forth in the Wind-Down Agreement; and it is further

ORDERED that Sims and all persons acting in concert with it shall cease and desist from prosecuting the claims asserted in the Sims Action and from taking any action or attempting in any way to avoid the terms of the Sims Wind-Down Agreement; and it is further

ORDERED that Sims shall file with the Clerk of this Court evidence of the dismissal of the Sims Action within 5 business days after the expiration of the Stay; and it is further

ORDERED that, by agreement of the parties, if Sims chooses to appeal this Order, it shall inform the clerk of the District Court when filing its appeal that the appeal is related to the Rally Appeal, including, without limitation, by making such a designation in any forms filed in

connection with the appeal so that the Sims Appeal will be heard by the same District Court Judge that is deciding the Rally Appeal; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order, including determination of the amount of costs and reasonable attorneys fees, if any, to be awarded to New GM pursuant to section 5(e) of the Wind-Down Agreements at a hearing to be scheduled by the Court upon the filing of a separate application of New GM; *provided, however*, that except for the Consent (as herein defined) nothing set forth in this Order shall preclude the Ohio Dealers from seeking relief with respect to this Order in the District Court, or any appellate court of the District Court; and it is further

ORDERED that, by agreement of the parties, this Order shall be stayed and the effective date of termination under paragraph 2(a) of the Wind-Down Agreements executed by the Ohio Dealers shall be stayed (collectively, the "**Stay**") until the date on which Judge Patterson of the District Court issues its decision ("**Decision**") on the Motion Pursuant to Bankruptcy Rule 8005 (the "**Rally Stay Motion**") of Rally Auto Group, Inc. ("**Rally**") filed in the Rally Appeal in the District Court, and that such stay shall expire and this Order shall take full force and effect on such date; *provided however* if the Decision extends the Stay, this Order shall be further stayed to the extent set forth in the Decision; and it is further

ORDERED that, by agreement of the parties, the Ohio Dealers have waived the right to seek a separate stay of this Order and will, by agreement, under the terms of this Order receive a stay of this Order co-extensive with the stay afforded to Rally (the "**Consent**"); and it is further

ORDERED that, notwithstanding any provision of this Order to the contrary, including the pendency of the Stay, the Ohio Dealers shall nevertheless be prohibited from seeking relief with respect to the Ohio Dealer Actions, the subject matter of the Motion or this Order in any

court, agency, or tribunal including, without limitation, the United States District Court for the Northern District of Ohio, other than, subject to the Consent, the Bankruptcy Court, the District Court or any appellate court of the District Court.

Dated: November 1, 2010
      New York, New York

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

NYC_IMANAGE-1211645.1