Hearing Date: December 2, 2010 at 9:45 am (ET)
Objection Deadline: November 25, 2010 at 4:00 pm (ET)

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604-3407
Tel: (914) 323-7000
Fax: (914) 323-7001
David L. Tillem
david.tillem@wilsonelser.com
Paul Myung Han Kim
paul.kim@wilsonelser.com

Attorneys for *Movant Samuel Barrow*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY,<br>f/k/a GENERAL MOTORS CORPORATION, et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d)
GRANTING RELIEF FROM AUTOMATIC STAY AND AUTHORIZING
MOVANT TO PROCEED WITH PENDING ACTION**

TO:  THE HONORABLE ROBERT E. GERBER,
     UNITED STATES BANKRUPTCY JUDGE:

Samuel Barrow ("Movant"), through his undersigned counsel, as and for his motion for an order modifying the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 105 to the extent to allow him to proceed with his wrongful discharge and retaliation claims pending in the United States District Court for the Southern District of Ohio, Western Division at Dayton, (the "Ohio Litigation") respectfully states as follows:

1.   Movant seeks an order (i) modifying the automatic stay to permit the prosecution and liquidation of his cause of action against General Motors Corporation only to the extent of

1

2941515.1

available insurance coverage, and (ii) finding that the automatic stay does not apply to co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. in the Ohio Litigation.

## JURISDICTION

2.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, respectively. This motion requests relief pursuant to 11 U.S.C. § 362(d) and Local Rule 4001-1.

## BACKGROUND

3.  On February 7, 2008, Movant, through his counsel Cors & Bassett, LLC, filed an action in the United States District Court for the Southern District of Ohio, Western Division at Dayton, captioned *Samuel Barrow v. General Motors Corporation, Harco Industries, Inc., and Manpower of Dayton, Inc.*, Case No. 3:08-cv-0033. A copy of the complaint is annexed hereto as Exhibit "A".

4.  Briefly stated, the Ohio Litigation asserts claims pursuant to 42 U.S.C. § 1981, O.R.C. § 4112.99, and for the intentional infliction of emotion distress arising from Movant's wrongful and retaliatory discharge by the defendants. Movant, a "whistleblower," alleges retaliatory actions by the defendants due to his complaints regarding the manufacture and use of defective brake hoses in General Motors automobiles. The Court is respectfully referred to the complaint for a full account of the facts contained therein.

5.  On June 3, 2009, co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. filed a motion notifying the Ohio court of the General Motors Chapter 11 filing and requesting that the automatic stay be applied to the entire proceeding.

6.  On June 4, 2009, the Court entered an order granting the motion staying the entire case, including those claims asserted against non-bankrupt co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. pending the conclusion of General Motors' bankruptcy proceedings. A copy of the order is annexed hereto as Exhibit "B".

### RELIEF REQUESTED

7.  Movant seeks an order (i) modifying the automatic stay to permit the prosecution and liquidation of his cause of action against General Motors Corporation only to the extent of available insurance coverage, and (ii) finding that the automatic stay does not apply to co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. in the Ohio Litigation.

8.  The automatic stay set forth in § 362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute," and this Court has the power to grant relief from the automatic stay under appropriate circumstances. *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del 1992). Additionally, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." 3 Collier on Bankruptcy § 362.03[3][d] (15th ed. 2002); *see also Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").

9.  In order for a stay to apply to a non-bankrupt co-defendant, there must be circumstances such that a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. *Queenie, Ltd v. Nygard International*, 321 F.3d 282, 287-288 (2d Cir. 2003)("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate."). Examples of such instances are found only "where there is such identity

3

2941515.1

between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)("An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case."). Where co-defendants are independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty, they are not entitled to the protection of the stay. *Id* at 1000.

10.   Here, Movant seeks to modify the stay to liquidate his presently contingent claim and apply whatever insurance proceeds are available, or any other source other than the Debtor's estate, in full satisfaction of his claim. Movant expressly agrees to look solely to the primary insurance policy, excess insurance, and any other source other than the Debtor's estate to satisfy all claims.

11.   Additionally, Movant seeks to lift the stay as to co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. as they are independently liable for the claims asserted against them and would not be entitled to indemnity from General Motors for any judgment rendered. As the claims against Harco and Manpower will not have any immediate adverse economic consequence on the estate, Movant seeks an order allowing him to proceed against the co-defendants in the Ohio Litigation.

## MEMORANDUM OF LAW

12.   This motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, Movant respectfully requests that the Court waive any requirement for a separate memorandum of law.

2941515.1

## NOTICE

13. Notice of this motion has been provided to: (i) counsel for Harco Industries, Inc. and Manpower of Dayton, Inc. (i) attorneys for the Debtors (ii) the Debtors, c/o Motors Liquidation Company (iii) General Motors, LLC (iv) attorneys for the United States Department of the Treasury (v) the United States Department of the Treasury (vi) attorneys for Export Development Canada (vii) attorneys for the statutory committee of unsecured creditors (viii) the Office of the United States Trustee for the Southern District of New York, and (ix) the U.S. Attorney's Office, S.D.N.Y. Movant respectfully submits that no further notice is required.

## CONCLUSION

14. For the reasons set forth herein, Movant seeks an order modifying the automatic stay to permit the prosecution and liquidation of his cause of action against General Motors Corporation only to the extent of available insurance coverage, and (ii) finding that the automatic stay does not apply to co-defendants Harco Industries, Inc. and Manpower of Dayton in the Ohio Litigation.

WHEREFORE, Movant respectfully requests that this Court enter an order granting the motion in its entirety.

Dated: White Plains, New York
November 2, 2010

        **WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
*Attorneys for Movant*

By:/s/ *Paul Myung Han Kim*
    David L. Tillem
    Paul Myung Han Kim
    3 Gannet Drive
    White Plains, NY 10604-3407
    Tel. No.:  (914) 323-7000
    Fax No.:  (914) 323-7003
    david.tillem@wilsonelser.com
    paul.kim@wilsonelser.com

2941515.1

## CERTIFICATE OF SERVICE

Paul Myung Han Kim, an attorney duly admitted to practice law before this Court, hereby certifies that on the 2nd day of November, 2010, I caused a true and correct copy of the foregoing Notice of Motion for an Order Pursuant to 11 U.S.C. § 362(d) Granting Relief from Automatic Stay and Authorizing Movant to Proceed with Pending Action; Motion for an Order Pursuant to 11 U.S.C. § 362(d) Granting Relief from Automatic Stay and Authorizing Movant to Proceed with Pending Action; and Order to be served via first-class U.S. mail upon all persons listed below and by the Court's ECF System upon all other interested parties:

Coolidge Wall Co., L.P.A.
*Attorneys for Harco Industries, Inc.
and Manpower of Dayton, Inc.*
33 West First Street – Suite 600
Dayton, Ohio 45402
Attn: C. Mark Kingseed

Weil, Gotshal & Manges LLP
*Attorneys for the Debtors*
767 Fifth Avenue
New York, New York 10153
Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
and Joseph H. Smolinsky, Esq.

Motors Liquidation Company
*Debtors*
500 Renaissance Center, Suite 1400
Detroit, Michigan 48243
Attn: Ted Stenger

General Motors, LLC
400 Renaissance Center
Detroit, Michigan 48265
Attn: Lawrence S. Buonomo, Esq.

Cadwalader, Wickersham & Taft LLP
*Attorneys for the United States Department of the Treasury*
One World Financial Center
New York, New York 10281
Attn: John J. Rapisardi, Esq.

The United States Department of the Treasury
1500 Pennsylvania Avenue NW
Room 2313
Washington, D.C. 20220
Attn: Joseph Samarias, Esq.

Vedder Price, P.C.
*Attorneys for Export Development Canada*
1633 Broadway, 47th Floor
New York, New York 10019
Attn: Michael J. Edelman, Esq.
and Michael L. Schein, Esq.

Kramer Levin Naftalis & Frankel LLP
*Attorneys for the statutory committee of unsecured creditors*
1177 Avenue of the Americas
New York, New York 10036
Attn: Thomas Moers Mayer, Esq.,
Robert Schmidt, Esq., Lauren Macksoud, Esq.,
and Jennifer Sharret, Esq.

The Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Tracy Hope Davis, Esq.

The U.S. Attorney's Office, S.D.N.Y.,
86 Chambers Street, Third Floor,
New York, New York 10007
Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.

Dated: White Plains, New York
November 2, 2010

*/s/ Paul Myung Han Kim*
Paul Myung Han Kim

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **SAMUEL BARROW**<br>712 Ethel Avenue<br>Dayton, Ohio 45408<br><br>Plaintiff,<br><br>v.<br><br>**GENERAL MOTORS CORPORATION**<br>c/o Statutory Agent:<br>CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>and<br><br>**HARCO INDUSTRIES, INC.**<br>c/o Statutory Agent:<br>Larry G. Harris<br>6561 Tymill Court<br>Dayton, Ohio 45415<br><br>and<br><br>**MANPOWER OF DAYTON, INCORPORATED**<br>c/o Statutory Agent:<br>Alan B. Schaeffer<br>40 N. Main Street<br>Dayton, Ohio 45423<br><br>Defendants. | Case No. **3:08cv0033**<br>THOMAS M. ROSE<br>(Judge _____ )<br><br>SHARON L. OVINGTON<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## JURISDICTION

1.   This is an action for wrongful discharge in violation of 42 U.S.C. §1981 and the laws and public policy of Ohio. Defendants conspired to terminate plaintiff's employment because of his race and because he was complaining about the

manufacture of defective brake hoses for installation in cars. Defendants used plaintiff's absence due to an industrial injury as a pretext to discharge him.

2. This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1343, and 1367, and venue here is proper under 28 U.S.C. §1391.

## PARTIES

3. Samuel Barrow is a citizen of the State of Ohio residing in Montgomery County, Ohio, and is African American.

4. Defendant General Motors Corporation ("GMC") is a corporation organized under the laws of Delaware, and has its principal place of business in Michigan. GMC is a manufacturer of motor vehicles.

5. Defendant Harco Industries, Inc. ("Harco") is a corporation organized under the laws of Ohio, and has its principal place of business in Montgomery County, Ohio. Harco is a manufacturer of brake hoses and other accessories for motor vehicles.

6. Defendant Manpower of Dayton, Incorporated ("Manpower") is a corporation organized under the laws of Ohio, and has its principal place of business in Montgomery County, Ohio. Manpower is in the business of leasing personnel.

## FACTS

7. On or about August 24, 2005, plaintiff began working at Harco on assignment from Manpower. Harco manufactures brake hoses and other accessories for GMC cars. Harco and GMC have a close relationship, with GMC managers on-site at Harco.

8. While working at the Harco site, plaintiff was on the payroll of Manpower, but was actually supervised by Harco and GMC. Harco and GMC were effectively co-employers of plaintiff.

9. Plaintiff's assignment at the Harco plant was temporary, subject to possible hiring by Harco after 90 days as a temporary leased employee.

10. While working on the brake hose assembly module at Harco, plaintiff noticed that a significant number of defective brake hoses were being manufactured, assembled, and shipped out for installation in GMC cars.

11. Plaintiff observed that the Harco employees and managers were focused primarily on meeting quotas for the manufacture of brake hoses and not on the quality of the hoses. Bonuses were awarded to the employees for meeting or exceeding the quotas.

12. When plaintiff observed that the production of defective brake hoses was a continuous problem, he began lodging complaints in September 2005 about the defective brake hoses.

13. Initially plaintiff verbally complained to Harco supervisors about the defective brake hoses and was told that they were aware of the problems and were working on it. But the problems continued.

14. Plaintiff next began sending letters to officials of defendants advising them of the defective brake hose problems. But the problems continued.

15. In early November 2005, plaintiff was summoned to the office of Harco Human Resources Manager Tammy Popper ("Popper"). Popper instructed plaintiff not

3

to send any more letters to Harco customers GMC and Delphi, a parts supplier to GMC. She told plaintiff his letters were making "nervous" the people who "control the purse strings." But the defective hose problems continued and so did plaintiff's complaints.

16. In late January or early February 2006, plaintiff was again summoned to a meeting at Harco at which were Popper; Larry Harris, the principal owner of Harco; and Mike Glinski, a GMC management official. Glinski told plaintiff that he had an opportunity to work for GMC, but expressed concern about plaintiff's complaints about the defective brake hoses and wanted to know who plaintiff had communicated with about the defective brake hoses. Glinski made it clear that plaintiff could be part of the team or he "wouldn't be around."

17. Later in February 2006, Popper again warned plaintiff about his complaints, and was told they had to end if plaintiff wanted a regular position with GMC. But when the brake hose problems continued so did plaintiff's complaints.

18. On or about February 11, 2006, Harco and Manpower treated plaintiff as having abandoned his job because plaintiff allegedly failed to report for work after February 9, 2006. In fact, plaintiff suffered a serious industrial injury on February 9, 2006 for which he has been awarded worker's compensation.

19. The discharge of plaintiff on or about February 11, 2006 was orchestrated by the defendants in retaliation for plaintiff's complaints about the brake hoses and because of his race. Prior to the discharge, defendants retaliated against plaintiff for his complaints by giving him increasingly more difficult assignments that ultimately resulted in his on-the-job injury.

4

20. Before and after plaintiff's discharge, defendants, in particular GMC through its official Glinski, threatened and intimidated other employees working at Harco, promising them benefits if they did not cooperate with Barrow and kept their mouths shut about defective brake hoses.

21. Glinski has used racially derogatory terms to describe Barrow.

22. As a result of the discriminatory treatment, harassment, and retaliation, plaintiff has suffered physically, mentally, and economically.

### COUNT I: VIOLATION OF 42 U.S.C. §1981

23. Plaintiff realleges Paragraphs 1 through 23 of the Complaint.

24. Plaintiff's race was a factor in defendants' retaliatory treatment and discharge of plaintiff.

25. Defendants' conduct violated 42 U.S.C. §1981.

### COUNT II: PUBLIC POLICY TORT BASED ON SAFETY

26. Plaintiff realleges Paragraphs 1 through 25.

27. Automobile safety is a nationwide public policy as well as that of the State of Ohio. This national and state public policy is embodied in numerous statutes and regulations. For example, 49 U.S.C. §30118 requires a "manufacturer of a motor vehicle" to notify the Secretary of Transportation when the manufacturer "learns the vehicle ... contains a defect and decides in good faith that the defect is related to motor vehicle safety...."

28. Defendants' retaliation against and discharge of plaintiff was to punish and silence him for his complaints about defective brake hoses. Defendants' actions violate the public policy of Ohio.

5

### COUNT III: VIOLATION OF O.R.C. §4112.99

29. Plaintiff realleges Paragraphs 1 through 28 of the Complaint.

30. Plaintiff's race was a factor in defendants' retaliatory treatment and discharge of plaintiff.

31. Defendants' conduct violated O.R.C. §4112.99.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff realleges Paragraphs 1 through 31 of the Complaint.

33. Defendants' conduct was intentional, malicious, outrageous, and in bad faith.

34. Defendants' conduct caused severe emotional distress and physical injury to plaintiff.

### COUNT V: PUBLIC POLICY TORT BASED ON O.R.C. § 4123.90

35. Plaintiff realleges Paragraphs 1 through 34 of the Complaint.

36. Defendants discharged plaintiff based on his absence from work due to an industrial injury on February 9, 2006.

37. Ohio public policy which is embodied in O.R.C. § 4123.90 protects employees from retaliation for pursuing workers' compensation claims.

38. Defendants' actions in discharging plaintiff violate the public policy of Ohio.

**WHEREFORE**, plaintiff requests judgment against defendants, jointly and severally, for compensatory and punitive damages in amounts to be determined at trial. In addition, plaintiff requests that he be awarded his attorney fees, interest, costs, and such other relief to which he may be entitled.

Respectfully submitted,

*Robert J. Hollingsworth*

Robert J. Hollingsworth (0024559)
Cors & Bassett, LLC
537 E. Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 852-8229
Facsimile: (513) 852-8222
E-Mail: rjh@corsbassett.com

Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

*Robert J. Hollingsworth*

Robert J. Hollingsworth

302888.1

7

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SAMUEL BARROW, | : |
| Plaintiff, | : |
| | : Case No. 3:08cv033 |
| vs. | : |
| | : District Judge Thomas M. Rose |
| | Magistrate Judge Sharon L. Ovington |
| GENERAL MOTORS CORP., *et al.*, | : |
| Defendants. | : |

## STAY ORDER

Pursuant to the Notice for Stay (Bankruptcy) filed jointly by Defendants Harco Industries, Inc. ["Harco"] and Manpower of Dayton, Inc. ["Manpower"] (Doc. #44), advising the Court of both Defendant General Motors Corp.'s bankruptcy filing and the anticipated preclusive effect of that bankruptcy on Defendants Harco's and Manpower's discovery efforts in this matter, the Court hereby **ORDERS** this case **STAYED** under 11 U.S.C. §362(a), pending conclusion of Defendant General Motors' bankruptcy proceedings.

Defendant General Motors shall keep the Court apprised of the status of its bankruptcy case by filing a status report in the present case every six (6) months beginning on **December 4, 2009.**

**IT IS SO ORDERED.**

June 4, 2009                                              *S/THOMAS M. ROSE

_____                        _____
                                                              Thomas M. Rose
                                                              United States District Judge