**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                     :
                                                             :
                            Debtors.                         :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328 AND FED. R. BANKR. P. 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS VOTING AND SOLICITATION AGENT FOR PUBLICLY TRADED DEBT SECURITIES NUNC PRO TUNC TO SEPTEMBER 1, 2010

Upon the Application, dated October 18, 2010 (the "**Application**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328 of title 11, United States Code ("**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order authorizing the retention and employment of Epiq Bankruptcy Solutions, LLC ("**Epiq**") as voting and solicitation agent for publicly traded debt securities ("**Voting and Solicitation Agent**"), in accordance with the terms and conditions set forth in the engagement agreement, dated September 1, 2010, (the "**Epiq Agreement**"), all as more fully described in the Application; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that, pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are authorized to retain, compensate and reimburse Epiq as Voting and Solicitation Agent in accordance with the terms and conditions set forth in the Epiq Agreement; and it is further

ORDERED that all requests of Epiq for payment of indemnity pursuant to the Epiq Agreement shall be made by means of an application and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Epiq Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall Epiq be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that to the extent this Order is inconsistent with the Epiq Agreement, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: **November 2, 2010**
    New York, New York

*s/ Robert E. Gerber*

UNITED STATES BANKRUPTCY JUDGE