# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br>  MOTORS LIQUIDATION COMPANY,<br>ET AL, F/K/A GENERAL MOTORS CORP.,<br>ET AL<br><br>*DEBTORS,*<br><br>CLAIM FILED AGAINST:<br>  MOTORS LIQUIDATION COMPANY<br>(F/K/A GENERAL MOTORS<br>CORPORATION) (09-50026) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11<br><br><br><br><br>CASE NO. 09-50026 (REG)<br>JOINTLY ADMINISTERED |

## VERIFIED STATEMENT

Pursuant to Fed. R. Bankr.P.2019(a), I declare under penalty of perjury as an officer of the court that the attached Exhibit A is a true and correct listing of the asbestos-related creditors represented by HEARD ROBINS CLOUD & BLACK LLP.

In further compliance with the Order, attached as Exhibit B is a representative example of the executed written agreement between HEARD ROBINS CLOUD & BLACK LLP and the creditors listed on Exhibit A.

Respectfully Submitted,

**HEARD ROBINS CLOUD & BLACK LLP**

By: _____
Ian P. Cloud
TBA No. 00783843
9 Greenway Plaza, Suite 2300
Houston, Texas 77046
(713) 650-1200
(713) 650-1400 facsimile
icloud@heardrobins.com

ATTORNEYS FOR PLAINTIFF(S)

# EXHIBIT A

## AFFIDAVIT OF IAN P. CLOUD

I declare under penalty of perjury as an officer of the court that the foregoing is a true and correct listing of the asbestos-related creditors represented by HEARD ROBINS CLOUD & BLACK LLP. I further declare under penalty of perjury as an officer of the court that HEARD ROBINS CLOUD & BLACK LLP has the authority to vote for each claimant on the attached list.

Executed on this __21ST__ day of __OCTOBER__, 2010.

_____
Ian P. Cloud

STATE OF TEXAS § 
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared **Ian P. Cloud**, Individually known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this __21ST__ day of __OCTOBER__, 2010, to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC in and for the State of __TEXAS__
My Commission Expires: __5/13/2012__

[NOTARY SEAL]

CHANDRIA B. MERCER
Notary Public, State of Texas
My Commission Expires
May 13, 2012

Exhibit A
2019 Statement

| Last Name | First Name | Reserved Space | Street | City | State | Zip | Form of Agreement | Amount of Claim | First DX Date | Current DX | Pertinent Facts |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ramsey | Donald E | 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 | c/o Debra Feaster, 140 Navajo | Keller | TX | 76248 | POA dated 6/16/2004 | unliquidated | 04-Sep-03 | Mesothelioma | referred |
| Robeson, Jr. | Williams S | 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 | c/o Mary Robeson, 8225 YMCA Plaza, Apt 131 | Baton Rouge | LA | 70810 | POA dated 6/16/2004 | unliquidated | 06-Nov-03 | Mesothelioma | referred |
| Thompson | Terry | 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 | c/o Merlin Stice Thompson, 9028 Ann Ave | Kansas City | KS | 66112 | POA dated 9/21/2006 | unliquidated | 08-Jun-06 | Mesothelioma | referred |

**Power of Attorney and Contingency Fee Agreement**

This agreement ("Agreement") is made the _____ day of _____, 201_, between the following parties ("Parties"): _____(collectively "Client") and **HEARD ROBINS CLOUD & BLACK LLP** ("Attorneys"). In consideration of the mutual promises herein contained, the Parties agree as follows:

### I. Purpose of Representation

1.1    Client retains and employs Attorneys to represent Client, to investigate and if appropriate, file suit for and attempt to recover any damages and compensation to which Client may be entitled against any party or parties responsible for same, as well as attempt to compromise and settle all claims of Client, in connection with or arising out of _____ exposure to asbestos and/or silica. ("Claims").

### II. Attorneys= Fee

2.1    In consideration of Attorneys= services rendered and to be rendered as set out above, Client hereby assigns, grants, and coveys to Attorneys the following present undivided interest in the Claims:

- 40% of any settlement or recovery made before suit is filed thereon;
- 40% of any settlement or recovery made after suit is filed; and
- 45% of any settlement or recovery if an appeal is filed.

2.2    Client understands that the Client is giving up at this time to the Attorneys the amount stated above, and that such percentage is of the total recovery or settlement before any costs, expenses, or disbursements are deducted (and Client understands that all costs, expenses, and disbursements are paid out of the Client's portion of the recovery, and not out of the Attorneys= potion).

2.3    If there is any type of settlement whereby the Client is to receive or be paid future payments, then the settlement will be reduced to present value, and the settlement will be arranged whereby there will be sufficient cash at the time of the settlement to pay Attorney=s Fees which will be figured on the present value of the total settlement including the present value of future payments.

2.4    The interest assigned and conveyed to Attorneys is based upon the total amount recovered, and the fact that some portion of the amount recovered may be designated as "attorneys fees" by the court or settling party will not limit the compensation to be paid under this Agreement.

### III. Approval Necessary for Settlement

3.1    Attorneys will not settle the claims without Client's approval. However, Client will not make a settlement or offer of settlement without the approval of Attorneys.

3.2    Attorneys are hereby granted a power of attorney so that they may have full authority to prepare, sign, and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation including settlement and/or reducing to possession any and all monies or other things of value due to the Client in connection with the Claims as fully as the Client could do so in person. Attorneys are also authorized and empowered to act as Client's negotiator in any and all settlement negotiations concerning the subject of this Agreement.

3.3    Client hereby authorizes Attorneys to negotiate a settlement of Client's claims in whatever manner, and using whatever negotiation strategy, Attorneys deem appropriate. Client understands that Attorneys may, if appropriate, negotiate a settlement of Client's claim and the claims of other clients similarly situated, on an aggregate basis. However, no such settlement will be negotiated without providing Client a description of the claims resolved by the settlement, the total settlement fund, the amount to be received by Client, and the amount to be received by other clients who are qualified to

participate in the settlement.

    3.4    Client understands that Attorneys may have negotiated settlements of asbestos/silicosis claims (like those alleged by Client) with certain companies based upon the following criteria:

- the diagnosed condition at the time of submission of claim;

- the number of products the manufacturer may have had in the work place (time frames may have an impact on this);

- the financial condition of the company or its insurance carrier at the time the claim is made; and/or

- exposure to or use of products.

    Accordingly, in the event your Claim involves one or more of these companies and/or insurance carriers, we may not be able to settle your Claim with these companies for more than the pre-negotiated amount. If you want more information on the companies affected by these pre-negotiated settlements, and the amounts thereof, we will be happy to provide you with this information. By your signature below, you acknowledge your understanding and acceptance of these pre-negotiated settlements.

### IV. No Guarantee of Results

    4.1    It is understood and agreed that Attorneys cannot warrant or guarantee the outcome of the case, and Attorneys have not represented to the Client that the Client will recover any damages, compensation or other funds so desired. The Client has also been informed that obtaining a judgment does not guarantee that the opposing parties will be capable or willing to satisfy the judgment.

### V. Court Costs and Expenses

    5.1    Attorneys may advance any or all of the court costs and expenses that appear to the Attorneys to be reasonably necessary for the investigation, preparation, trial, and/or settlement of this matter. Attorneys may from time to time escrow funds from settlement proceeds for future expenses and court costs. In the event these funds are not used they will be returned to the client without interest. All such costs and expenses advanced, escrowed or incurred by the Attorneys shall be deducted from the recovery obtained for the Client from the Client's portion of recovery. The Attorneys= contingent fee shall be computed on the total recovery without deduction for costs, expenses, or disbursements.

    5.2    The terms "court costs" and "expenses" include without limitation: filing fees, court costs, expert fees (regarding, without limitation, x-rays, x-ray interpretation, evaluation, reports, and/or testimony), consultant fees, postage, long distance telephone calls, fax transmissions or receptions, messengers, court reporter fees, record service fees, photocopying, preparation of exhibits and photographs, transportation, lodging expenses (including, without limitation, meals) and parking, service of citation, investigative fees and expenses, court-mandated expenditures, specialized outside counsel fees and expenses (i.e., probate, taxation, bankruptcy), special staff, costs associated with collecting judgments, any expenses of a structured settlement, witness= fees and mileage, medical records, subpoenas, and all other reasonable and necessary costs and expenses which the Attorneys in their professional judgment, determine to be reasonably needed to the prosecution and/or settlement of the Claims of the Client. Certain of these expenses may apply to all asbestos and/or silicosis cases or a certain group of cases. In such event these expenses will be divided among the clients on a prorata basis based on the total number of clients for that particular expense.

    5.3    If Attorneys have represented the Client throughout the course of the litigation and do not obtain for Client a settlement or recovery, then the Client will not owe Attorneys a fee or have to pay back any of the above expenses that have been advanced by Attorneys.

### VI. Cooperation of Client

    6.1    Client agrees to cooperate with Attorneys at all times. Client further agrees to keep Attorneys advised of

Client's whereabouts (and provide changes of address and telephone numbers), shall appear on reasonable notice, shall appear for all depositions and court appearances upon reasonable notice, and shall comply with all reasonable requests of Attorneys in connection with the preparation and presentation of the aforesaid Claims and causes of action of the Client.

      6.2    Attorneys may, at their option, withdraw from the case and cease to represent Client should Client fail to comply with any portion of this Agreement or should Attorneys decide that they cannot continue to be involved in the Claim.

### VII. Association of or Assignment to Other Attorneys

      7.1    Attorneys may associate any other attorney in the representation of the claims. Further, Attorneys may assign this matter and this Agreement to other attorneys of their choice.

      7.2    Co-Counsel Relationship. Client understands that the attorneys of HEARD ROBINS CLOUD & BLACK LLP may be sharing attorneys= fees and expenses with other lawyers or law firms and Client consents to any such fee and expense sharing agreement. Client further understands that any such fee and expense sharing agreement reached between the attorneys of HEARD ROBINS CLOUD & BLACK LLP, and any other lawyers or law firms will NOT change in any manner the contractual obligation as detailed herein in paragraphs 2.1 - 2.4 that Client has agreed to pay in the prosecution, handling and collection of this matter.

<u>Referral or Association of Additional Counsel:</u>  Client agrees that Attorneys may refer this matter to another lawyer or associate additional lawyers to assist in representing Client and prosecuting the Client's cause of action. Prior to the referral or association becoming effective, Client shall consent in writing to the terms of the arrangement after being advised of (1) the identity of the lawyer or law firm involved, (2) whether the fees will be divided based on the proportion of services rendered or by lawyers agreeing to assume joint responsibility for the representation, and (3) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made. The referral or association of additional attorneys will not increase the total fee owed by the Client.

<u>Referral:</u>

<u>Association of Additional Counsel:</u> Attorneys are authorized to associate "Additional Counsel" to assist Attorneys prosecuting Client's cause of action. Attorneys will assume joint responsibility for prosecution of Client's cause of action with Additional Counsel. The fee to be paid to Additional Counsel will not increase the total fee owed by the Client. Client's signature at the end of this agreement indicates his/her understanding and consent to the division of any fees which will be paid.

### VIII. Texas Law to Apply

      8.1    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the parties created hereunder are performable in Harris County, Texas.

### IX. Parties Bound

      9.1    This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement.

### X. Legal Construction

      10.1    In case any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or **unenforceable** in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

### XI. Arbitration

11.1    Any and all disputes, controversies, claims, causes of action or demands arising out of or relating to this Agreement or any of its provisions, the providing of services by Attorneys to Client, or in any way relating to the relationship or formation of relationship between Attorneys and Client, whether in contract, tort, or otherwise, at law or in equity, including but not limited to any claim or cause of action for legal malpractice, breach of fiduciary duty, fee dispute, or breach of contract, for damages or any other relief, shall be resolved by binding arbitration pursuant to Section 154.027 of the Texas Civil Practices & Remedies Code. The arbitration shall be conducted by a panel of three qualified arbitrators, as defined by Section 154.052 of the Texas Civil Practices and Remedies Code, consisting of one arbitrator appointed by Client, one arbitrator appointed by Attorneys, and the third arbitrator chosen by the two arbitrators selected by the Parties. Any such arbitration shall be conducted in Harris County, Texas. The arbitrators may resolve only questions specifically and expressly upon the parties as to the question or questions so submitted. There shall be no right of appeal or review from the decision of the arbitrators unless there is a showing that the decision was procured by corruption, fraud or undue means. The cost of arbitration shall be borne by the losing party.

### XII. Prior Agreements Superseded

12.1    This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties with respect to its subject matter.

12.2    Client certifies and acknowledges that Client has had the opportunity to read this Agreement, has been provided a copy of this Agreement, and has knowingly and voluntarily entered into this Agreement fully aware of its terms and conditions. Client further certifies and acknowledges that the decision to pursue these claims and to employ these particular Attorneys is solely Client's independent decision after carefully considering the matters.

### XIII. No Assignment of Interest in Claims to Others

13.1    Client certifies and represents to Attorneys that they have revoked all prior agreements with other attorneys, if any, and that they have not assigned, sold or transferred any interest in the Claims except to the extent said Claims are assigned to Attorneys as specified in paragraphs 2.1 - 2.4 herein.

EXECUTED on the day and year noted above.

| CLIENT SIGNATURES: | ATTORNEY SIGNATURE: |
|---|---|
| _____ | _____ |
| _____ | HEARD ROBINS CLOUD & BLACK LLP |
| Printed Name: _____ | 9 Greenway Plaza |
| SSN: _____ | Suite 2300 |
| | Houston, TX 77046 |
| Printed Name: _____ | (713) 650-1200 |
| SSN: _____ | (713) 650-1400 Fax |
| Address: _____ | |
| _____ | |
| Phone No.: _____ | |