Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
: 
In re                                                        :   Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, et al.,                          :   09-50026 (REG)
    f/k/a General Motors Corp., et al.                       :
                                                             :
                      Debtors.                               :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. 43889

This Stipulation (the "**Stipulation**") is entered into as of November 3rd, 2010 (the "**Effective Date**") by and among Motors Liquidation Company ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and the Third Site Trust Fund (the "**Claimant**", and together with the Debtors, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009, four of the Debtors, including MLC, (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, the Remediation and Liability Management Company, Inc. ("**REALM**") and the Environmental Corporate Remediation Company, Inc. ("**ENCORE**") commenced voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors;

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of

US_ACTIVE:\43528165\02\72240.0639

Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

      WHEREAS, in compliance with the Bar Date Order, Claimant timely filed against MLC proof of claim number 43889 (the "**Claim**"), asserting an unliquidated prepetition claim relating to liabilities associated with the Third Site Superfund site in Indiana (the "**Site**");

      WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

      WHEREAS pursuant to the Settlement Procedures Order, the Debtors are authorized, with certain exceptions, to settle any and all claims asserted against the Debtors without prior approval of the Court or other party in interest whenever (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million;

      WHEREAS, after good-faith, arms'-length negotiations, the Parties have reached an agreement to resolve the Claim;

      NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

      1.    The Claim shall be treated as an allowed general unsecured claim against MLC in the amount of $210,943.00, which Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

      2.    The Claimant shall receive distributions on account of the Claim in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan or plans in these chapter 11 cases (the "**Plan**").

      3.    Upon receipt of such distributions on account of the Claim as set forth in the Plan, the Claim shall be deemed satisfied in full.

      4.    With respect to the Claim, other than the right to receive distributions under the Plan with respect to the Claim, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**"). With respect to the Claim, except as set forth in this Stipulation, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy

Code, and including the Original Claim) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties.

5. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to allow Proof of Claim No. 43889 to reflect the allowed Claim in the amount of $210,943.00.

6. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by order of the Court.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

9. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION.**

| MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS | THIRD SITE TRUST FUND |
|---|---|
| By: _[signature]_ | By: _[signature]_ Trustee |
| Print Name: DAVID HEAD | Print Name: NORMAN W. BERNSTEIN |
| Title: VICE - PRESIDENT | Title: Trustee |
| Dated: Nov 3, 2010 | Dated: NOV 2, 2010 |