**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    09-50026 (REG)
    f/k/a **General Motors Corp.,** *et al.*                :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' NINETIETH OMNIBUS
### OBJECTION TO CLAIMS AND ENFORCEMENT OF BAR DATE ORDERS
**(Late-Filed Claims)**

Upon the ninetieth omnibus objection to expunge certain claims and motion requesting enforcement of Bar Date Orders,[1] dated September 17, 2010 (the "**Ninetieth Omnibus Objection to Claims**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Late-Filed Claims on the grounds that such claims were not timely filed, all as more fully described in the Ninetieth Omnibus Objection to Claims; and due and proper notice of the Ninetieth Omnibus Objection to Claims having been provided, and it appearing that no

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninetieth Omnibus Objection to Claims.

other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninetieth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninetieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninetieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the Ninetieth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Ninetieth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Ninetieth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under

the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the Ninetieth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *November 8, 2010*

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge