HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: October 19, 2010 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    **Chapter 11 Case No.**
                                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                        :    **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*  :
                                                                 :
        Debtors.          :    **(Jointly Administered)**
                                                                 :
-----------------------------------------------------------------x

# ORDER GRANTING DEBTORS' 106TH OMNIBUS OBJECTION TO CLAIMS
### (Claims with Insufficient Documentation)

Upon the 106th omnibus objection to expunge certain claims, dated September 23, 2010 (the "**106th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Claims with Insufficient Documentation on the grounds that such claims fail to provide sufficient documentation to ascertain the validity of the claim, all as more fully described in the 106th Omnibus Objection to Claims; and due and proper notice of the 106th Omnibus Objection to Claims having been provided, and it

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 106th Omnibus Objection to Claims.

E:\106TH\ORDER GRANTING 106TH OMNI CLAIMS OBJ 43506549.DOC

appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 106th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 106th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 106th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that, if applicable, the 106th Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the 106th Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the 106th Omnibus Objection to Claims is

E:\106TH\ORDER GRANTING 106TH OMNI CLAIMS OBJ 43506549.DOC

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the 106th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that to the extent a disallowed and expunged claim is a workers' compensation claim with respect to an employee residing or employed in any state other than the states of Alabama, Georgia, New Jersey, and Oklahoma, the disallowance of such claim shall not affect the claimant's rights to continue receiving benefits from General Motors, LLC (f/k/a NGMCO, Inc.), the purchaser of substantially all the assets of General Motors Corporation; and it is further

ORDERED that to the extent a disallowed and expunged claim is for principal under a public debt security issued by the Debtors, the disallowance of such claim shall not affect the right of the claimant to participate in recoveries as a holder of securities under any proof of claim filed by an indenture trustee in respect of the subject issuance; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      ***November 8, 2010***

      ***s/ Robert E. Gerber***
      United States Bankruptcy Judge