UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, et al.
f/k/a General Motors Corp., et al

Debtors
------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (REG)

(Jointly Administered).

November 8, 2010

**NOTICE OF OBJECTION AND OBJECTION TO MOTION OF THE DEBTORS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER DIRECTING SUBMISSION OF INFORMATION BY CURRENT ASBESTOS CLAIMANTS**

1.  Keller, Fishback & Jackson LLP (Counsel), on behalf of its clients who have claims against the Armstrong World Industries Personal Injury Settlement Trust as a result of asbestos exposure hereby object to order requiring electronic production of privileged and confidential claims information from that trust.

2.  The Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing Production of Information by Claims Processing Facilities for Certain Asbestos Personal Injury Trusts (Debtors Rule 2004 Motion) is partially invalid as applied to claimants represented by Counsel. The August 24, 2010 Order Pursuant to Debtors Rule 2004 Motion states the following: "As used in this Order, the term "**Mesothelioma Claimants**" shall mean all claimants specified by the Creditor's Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma." (See Order at 2) Furthermore, the October 25, 2010 Notice of Order commands the production of information of information in electronic form including "date of mesothelioma diagnosis." (See Notice at 1) However, not all of the claimants

represented by Counsel filed claims against the Babcock and Wilcox Company Asbestos PI Settlement Trust based on a <u>mesothelioma</u> diagnosis. (See list of claimants and corresponding diseases attached hereto as Exhibit A) These claimants were not injured by the disease named in this Court's Order, could not possibly provide a date of mesothelioma diagnosis, and thus should not be subject to the Debtors Rule 2004 Motion. Therefore, Counsel hereby objects to the Order as invalid as applied to the claimants listed who do not claim compensation based on mesothelioma.

       3.      Claim materials are considered confidential and are submitted under the same assumption. They therefore should not be disclosed without the express consent of the claimant. As stated in section 6.5 of the of the Armstrong World Industries Personal Injury Settlement Trust Distribution Procedures (TDP), "The PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court." (See TDB, section 6.5, attached hereto as Exhibit B.) The claims were submitted with the knowledge that the personal information, including but not limited to claimants' medical records and Social Security numbers, would be kept and remain confidential. Furthermore, some of the claims for which information is sought have not yet been completed and therefore, include information that is subject to change and of no value to the Debtor at present. Therefore, the claimant submissions should remain confidential pursuant to the TDP and understanding of claimants when such claims were submitted.

///

///

///

5. Accordingly Counsel, on behalf of its clients who have filed claims with the Armstrong World Industries Personal Injury Settlement Trust, object to this order as applied to its claimants.

**KELLER FISHBACK & JACKSON, LLP**

By: /s/Daniel Keller, Esq.
Daniel L. Keller (State Bar No. 191738)
18425 Burbank Blvd. Ste 610
Tarzana, CA 91356
Telephone: 818.342.7442
*Attorney for Asbestos Creditors*

**Exhibit A**

Armstrong World Industries Personal Injury Settlement Trust

| Claim Num. | Injured Name | |
|---|---|---|
| 10200427 | Gravley, Dennis | Lung Cancer |
| 10096902 | Light, Joel | Mesothelioma |
| 10123612 | Lindsay, Norman | Mesothelioma |
| 10254707 | Linich, William | Lung Cancer |
| 10086852 | Lopez, Augustine | Mesothelioma |
| 10086860 | Machado, Edward | Mesothelioma |
| 10167295 | Niemeier, Gina | Mesothelioma |
| 10129966 | O'Halloran, Joseph | Mesothelioma |
| 10097342 | Wilson, Marilyne | Mesothelioma |

**9** Claim(s)

AWI-37470-KELLER FISHBACK & JACKSON LLP        Page 1 of 1        October 25, 2010

**Exhibit B**

# AMENDED AND RESTATED
# ARMSTRONG WORLD INDUSTRIES, INC.
# ASBESTOS PERSONAL INJURY SETTLEMENT TRUST DISTRIBUTION PROCEDURES

The Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust Distribution Procedures ("*TDP*") contained herein provide for resolving all Asbestos Personal Injury Claims (as that term is defined in the Armstrong World Industries, Inc. Plan of Reorganization ("*Plan*")) caused by exposure to asbestos-containing products for which Armstrong World Industries, Inc. ("*AWI*") and its predecessors, successors, and assigns have legal responsibility (hereinafter for all purposes of this TDP referred to as "*PI Trust Claims*"), as provided in and required by the Plan and by the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust Agreement ("*PI Trust Agreement*"). The Plan and PI Trust Agreement establish the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust ("*PI Trust*"). The Trustees of the PI Trust ("*Trustees*") shall implement and administer this TDP in accordance with the PI Trust Agreement. Capitalized terms used herein and not otherwise defined shall have the meanings assigned to them in the Plan and the PI Trust Agreement.

## SECTION I

## Introduction

**1.1    Purpose.**  This TDP has been adopted pursuant to the PI Trust Agreement. It is designed to provide fair, equitable and substantially similar treatment for all PI Trust Claims that may presently exist or may arise in the future in substantially the same manner.

**1.2    Interpretation.**  Except as may otherwise be provided below, nothing in this TDP shall be deemed to create a substantive right for any claimant. The rights and benefits provided herein to the holders of PI Trust Claims shall vest in such holders as of the Effective Date.

## SECTION II

## Overvie w

**2.1    PI Trust Goals.**  The goal of the PI Trust is to treat all claimants equitably. This TDP furthers that goal by setting forth procedures for processing and paying AWI's several share of the unpaid portion of the liquidated value of PI Trust Claims generally on an impartial, first-in-first-out ("*FIFO*") basis, with the intention of paying all claimants over time as equivalent a share as possible of the value of their claims based on historical values for substantially similar claims in the tort system.[1] To this end, the TDP establishes a schedule of eight (8) asbestos-related diseases ("*Disease Levels*"), seven (7) of which have presumptive medical and exposure requirements ("*Medical/Exposure Criteria*"), specific liquidated values ("*Scheduled Values*"), anticipated average values ("*Average Values*") and caps on their liquidated values ("*Maximum Values*"). The Disease Levels, Medical/Exposure Criteria, Scheduled Values, Average Values and Maximum Values, which are set forth in Sections 5.3 and 5.4 below, have all been selected and derived with the intention of achieving a fair allocation of the PI Trust funds as among claimants suffering from different disease processes in light of the best available information considering the settlement history of AWI and the rights claimants would have in the tort system absent the bankruptcy.

**2.2    Claims Liquidation Procedures.**  PI Trust Claims shall be processed based on their place in the FIFO Processing Queue to be established pursuant to Section 5.1(a) below. The PI Trust shall take all reasonable steps to resolve PI Trust Claims as efficiently and expeditiously as possible at each stage of claims processing and arbitration. To this end, the PI Trust, in its sole discretion, may conduct settlement discussions with claimants' representatives with respect to more than one (1) claim at a time, provided that the claimants' respective positions in the FIFO Processing Queue are maintained and each claim is individually evaluated pursuant to the valuation factors set forth in Section 5.3(b)(2) below. The PI Trust shall also make every effort to resolve each year at least

---

[1] As used in the TDP, the phrase "in the tort system" shall not include claims asserted against a trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or any other applicable law.

*Amended and Restated as of May 6, 2008*

rejects, nor initiates arbitration within six (6) months of the PI Trust's written offer of payment or rejection of the claim. Upon written request and good cause, the PI Trust may extend either the deferral or withdrawal period for an additional six (6) months.

**6.4    Filing Requirements and Fees.** The Trustees shall have the discretion to determine, with the consent of the TAC and the Future Claimants' Representative, (a) whether a claimant must have previously filed an asbestos-related personal injury claim in the tort system to be eligible to file the claim with the PI Trust, and (b) whether a filing fee should be required for any PI Trust Claims.

**6.5    Confidentiality of Claimants' Submissions.** All submissions to the PI Trust by a holder of a PI Trust Claim or a proof of claim form and materials related thereto shall be treated as made in the course of settlement discussions between the claimant and the PI Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including but not limited to those directly applicable to settlement discussions. The PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the claimant, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or other applicable law, to such other persons as authorized by the claimant, or in response to a valid subpoena of such materials issued by the Bankruptcy Court. Furthermore, the PI Trust shall provide counsel for the claimant a copy of any such subpoena immediately upon being served. The PI Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve said privileges before the Bankruptcy Court and before those courts having appellate jurisdiction related thereto. Notwithstanding anything in the foregoing to the contrary, with the consent of the TAC and the Future Claimants' Representative, the PI Trust may, in specific limited instances, disclose information, documents, or other materials reasonably necessary in the PI Trust's judgment to preserve, litigate, resolve, or settle coverage, or to comply with an applicable obligation under an insurance policy or settlement agreement within the Asbestos PI Insurance Asset; provided, however, that the PI Trust shall take any and all steps reasonably feasible in its judgment to preserve the further confidentiality of such information, documents and materials, and prior to the disclosure of such information, documents or materials to a third party, the PI Trust shall receive from such third party a written agreement of confidentiality that (a) ensures that the information, documents and materials provided by the PI Trust shall be used solely by the receiving party for the purpose stated in the agreement and (b) prohibits any other use or further dissemination of the information, documents and materials by the third party.

## SECTION VII

## General Guidelines for Liquidating and Paying Claims

**7.1    Showing Required.** To establish a valid PI Trust Claim, a claimant must meet the requirements set forth in this TDP. The PI Trust may require the submission of X-rays, CT scans, laboratory tests, medical examinations or reviews, other medical evidence, or any other evidence to support or verify the claim, and may further require that medical evidence submitted comply with recognized medical standards regarding equipment, testing methods, and procedures to assure that such evidence is reliable.

**7.2    Costs Considered.** Notwithstanding any provisions of this TDP to the contrary, the Trustees shall always give appropriate consideration to the cost of investigating and uncovering invalid PI Trust Claims so that the payment of valid PI Trust Claims is not further impaired by such processes with respect to issues related to the validity of the medical evidence supporting a PI Trust Claim. The Trustees shall also have the latitude to make judgments regarding the amount of transaction costs to be expended by the PI Trust so that valid PI Trust Claims are not unduly further impaired by the costs of additional investigation. Nothing herein shall prevent the Trustees, in appropriate circumstances, from contesting the validity of any claim against the PI Trust whatever the costs, or to decline to accept medical evidence from sources that the Trustees have determined to be unreliable pursuant to the Claims Audit Program described in Section 5.8 above.

**7.3    Discretion to Vary the Order and Amounts of Payments in Event of Limited Liquidity.** Consistent with the provisions hereof and subject to the FIFO Processing and Liquidation Queues, the Maximum Annual Payment, the Maximum Available Payment and the Claims Payment Ratio requirements set forth above, the Trustees shall proceed as quickly as possible to liquidate valid PI Trust Claims, and shall make payments to holders of such claims in accordance with this TDP promptly as funds become available and as claims are liquidated, while maintaining sufficient resources to pay future valid claims in substantially the same manner.

*Amended and Restated as of May 6, 2008*