UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, et al.
f/k/a General Motors Corp., et al        Chapter 11

Case No. 09-50026 (REG)

Debtors        (Jointly Administered).
------------------------------------------------------------x

November 8, 2010

**NOTICE OF OBJECTION AND OBJECTION TO MOTION OF THE DEBTORS
PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR AN
ORDER DIRECTING SUBMISSION OF INFORMATION
BY CURRENT ASBESTOS CLAIMANTS**

1.  Keller, Fishback & Jackson LLP (Counsel), on behalf of its clients who have claims against the DII Industries, LLC Asbestos PI Trust as a result of asbestos exposure hereby object to order requiring electronic production of privileged and confidential claims information from that trust.

2.  The Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing Production of Information by Claims Processing Facilities for Certain Asbestos Personal Injury Trusts (Debtors Rule 2004 Motion) is partially invalid as applied to claimants represented by Counsel. The August 24, 2010 Order Pursuant to Debtors Rule 2004 Motion states the following: "As used in this Order, the term "**Mesothelioma Claimants**" shall mean all claimants specified by the Creditor's Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma." (See Order at 2) Furthermore, the October 25, 2010 Notice of Order commands the production of information of information in electronic form including "date of mesothelioma diagnosis." (See Notice at 1) However, not all of the claimants

represented by Counsel filed claims against the Babcock and Wilcox Company Asbestos PI Settlement Trust based on a <u>mesothelioma</u> diagnosis.  (See list of claimants and corresponding diseases attached hereto as Exhibit A)  These claimants were not injured by the disease named in this Court's Order, could not possibly provide a date of mesothelioma diagnosis, and thus should not be subject to the Debtors Rule 2004 Motion.  Therefore, Counsel hereby objects to the Order as invalid as applied to the claimants listed who do not claim compensation based on mesothelioma.

       3.     Claim materials are considered confidential and are submitted under the same assumption.  They therefore should not be disclosed without the express consent of the claimant.  As stated in section 8.4 of the of the DII Industries, LLC Asbestos PI Settlement Trust Distribution Procedures (TDP), "Absent the claimant's written consent authorizing the release of information to a particular party, the Asbestos PI Trust shall preserve the confidentiality of such claimant submissions and communications, and may disclose the contents thereof only (a) to its claims processing agent to the extent necessary to facilitate the processing of claims pursuant to this TDP; and (b) in response to a valid order issued by the Bankruptcy Court."  (See TDB, section 8.4 <u>at 36,</u> attached hereto as Exhibit B.)  The claims were submitted with the knowledge that the personal information, including but not limited to claimants' medical records and Social Security numbers, would be kept and remain confidential.  Furthermore, some of the claims for which information is sought have not yet been completed and therefore, include information that is subject to change and of no value to the Debtor at present.  Therefore, the claimant submissions should remain confidential pursuant to the TDP and understanding of claimants when such claims were submitted.

///

///

///

5. Accordingly Counsel, on behalf of its clients who have filed claims with the DII Industries, LLC Asbestos PI Settlement Trust, object to this order as applied to its claimants.

**KELLER FISHBACK & JACKSON, LLP**

By: /s/Daniel Keller, Esq.
Daniel L. Keller (State Bar No. 191738)
18425 Burbank Blvd. Ste 610
Tarzana, CA 91356
Telephone: 818.342.7442
*Attorney for Asbestos Creditors*

**Exhibit A**

DII Industries, LLC Asbestos PI Trust (HAL)

| Claim Num. | Injured Name | |
|---|---|---|
| 4054472 | Gravley, Dennis | Lung Cancer |
| 4038052 | Light, Joel | Mesothelioma |
| 4107307 | Linich, William | Lung Cancer |
| 4042297 | Machado, Edward | Mesothelioma |
| 4107510 | Niemeier, Gina | Mesothelioma |
| 4052127 | O'Halloran, Joseph | Mesothelioma |
| 4038146 | Wilson, Marilyne | Mesothelioma |

7 Claim(s)

**Exhibit B**

# DII INDUSTRIES, LLC ASBESTOS PI TRUST

# FIFTH AMENDED TRUST DISTRIBUTION PROCEDURES

**(December 17, 2009)**

decisions about the categorization and liquidated value of Asbestos Unsecured PI Trust Claims are based on the relevant provisions of this TDP, including the Disease Levels, Scheduled Values, Average Values, Maximum Values, and Medical/Exposure Criteria set forth above.

## SECTION 8
## Miscellaneous

**8.1   Amendments**

Except as otherwise provided herein, the Trustees may amend, modify, delete, or add to any provisions of this TDP (including, without limitation, amendments to conform this TDP to advances in scientific or medical knowledge or other changes in circumstances), provided they first obtain the consent of the Asbestos TAC and the Legal Representative pursuant to the Consent Process set forth in sections 5.7(b) and 6.6(b) of the Asbestos PI Trust Agreement, except that the right to amend the Claims Payment Ratio is governed by the restrictions in section 2.5 above and the right to adjust the Payment Percentage is governed by section 4.2 above. Whenever consent of the Asbestos TAC or the Legal Representative is required in these Trust Distribution Procedures, the consent process of Section 5.7(b) and 6.6(b) of the Asbestos PI Trust Agreement apply.

**8.2   Severability**

Should any provision contained in this TDP be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this TDP. Should any provision contained in this TDP be determined to be inconsistent with or contrary to any of the Harbison-Walker Entities' or the Halliburton Entities' obligations to any insurance company providing insurance coverage to any of the Harbison-Walker Entities or the Halliburton Entities in respect of claims for personal injury based on Company Exposure, the Asbestos PI Trust with the consent of the Asbestos TAC and the Legal Representative may amend this TDP and/or the Asbestos PI Trust Agreement to make the provisions of either or both documents consistent with the duties and obligations of any of the Halliburton Entities or the Harbison-Walker Entities to said insurance company.

**8.3   Governing Law**

Except for purposes of determining the Liquidated Amount of any Asbestos Unsecured PI Trust Claim by the Trust, administration of this TDP shall be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania. Except for Asbestos PI Trust Claims arising under the Alabama Wrongful Death Statute as provided in section 7.4 above, the law governing the liquidation of Asbestos Unsecured PI Trust Claims in the case of Individual Review, arbitration, or litigation in the tort system shall be the law of the Claimant's Jurisdiction as determined in accordance with section 5.3(b)(2) above.

**8.4   Confidentiality of Claimant Submissions**

All submissions to the Asbestos PI Trust by a holder of an Asbestos PI Trust Claim of a proof of claim form and materials related thereto shall be treated as made in the course of settlement discussions between the holder and the Asbestos PI Trust, and such submissions and

all communications related thereto are intended by the parties to be confidential and to be protected by all applicable state and federal privileges, laws, rules and regulations including but not limited to those directly applicable to settlement discussions, patient confidentiality and the Health Insurance Portability and Accountability Act of 1996.  Absent the claimant's written consent authorizing the release of information to a particular party, the Asbestos PI Trust shall preserve the confidentiality of such claimant submissions and communications, and may disclose the contents thereof only (a) to its claims processing agent to the extent necessary to facilitate the processing of claims pursuant to this TDP; and (b) in response to a valid order issued by the Bankruptcy Court.  The Asbestos PI Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve any privileges in the Bankruptcy Court and on any appeal from the Bankruptcy Court.

Notwithstanding anything in the foregoing to the contrary, with the consent of the Asbestos TAC and the Legal Representative, the Asbestos PI Trust may, in specific limited instances, disclose information, documents, or other materials reasonably necessary in the Asbestos PI Trust's judgment to preserve, litigate, resolve, or settle coverage, or to comply with an applicable obligation under an insurance policy or settlement agreement directly related to the funding of the Asbestos PI Trust; provided, however, that the Asbestos PI Trust shall take any and all steps reasonably feasible in its judgment to preserve the further confidentiality of such information, documents and materials, and prior to the disclosure of such information, documents or materials to a third party, the Asbestos PI Trust shall receive from such third party a written agreement of confidentiality that (a) ensures that the information, documents and materials provided by the Asbestos PI Trust shall be used solely by the receiving party for the purpose stated in the agreement and (b) prohibits any other use or further dissemination of the information, documents and materials by the third party.

37