UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, et al.
f/k/a General Motors Corp., et al        Chapter 11

                                         Case No. 09-50026 (REG)

                    Debtors              (Jointly Administered).
------------------------------------------------------------x

November 8, 2010

**NOTICE OF OBJECTION AND OBJECTION TO MOTION OF THE DEBTORS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER DIRECTING SUBMISSION OF INFORMATION BY CURRENT ASBESTOS CLAIMANTS**

1.  Keller, Fishback & Jackson LLP (Counsel), on behalf of its clients who have claims against the Maneville Personal Injury Settlement Trust as a result of asbestos exposure hereby object to order requiring electronic production of privileged and confidential claims information from that trust.

2.  The Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing Production of Information by Claims Processing Facilities for Certain Asbestos Personal Injury Trusts (Debtors Rule 2004 Motion) is partially invalid as applied to claimants represented by Counsel. The August 24, 2010 Order Pursuant to Debtors Rule 2004 Motion states the following: "As used in this Order, the term "**Mesothelioma Claimants**" shall mean all claimants specified by the Creditor's Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma." (See Order at 2) Furthermore, the October 25, 2010 Notice of Order commands the production of information of information in electronic form including "date of mesothelioma diagnosis." (See Notice at 1) However, not all of the claimants

**Exhibit A**

represented by Counsel filed claims against the Maneville Settlement Trust based on a <u>mesothelioma</u> diagnosis. (See list of claimants and corresponding diseases attached hereto as Exhibit A) These claimants were not injured by the disease named in this Court's Order, could not possibly provide a date of mesothelioma diagnosis, and thus should not be subject to the Debtors Rule 2004 Motion. Therefore, Counsel hereby objects to the Order as invalid as applied to the claimants listed who do not claim compensation based on mesothelioma.

3. Claim materials are considered confidential and are submitted under the same assumption. They therefore should not be disclosed without the express consent of the claimant. The claims were submitted with the knowledge that the personal information, including but not limited to claimants' medical records and Social Security numbers, would be kept and remain confidential. Furthermore, some of the claims for which information is sought have not yet been completed and therefore, include information that is subject to change and of no value to the Debtor at present. Therefore, the claimant submissions should remain confidential pursuant to the understanding of claimants when such claims were submitted.

4. Accordingly Counsel, on behalf of its clients who have filed claims with the Maneville Personal Injury Settlement Trust, object to this order as applied to its claimants.

**KELLER FISHBACK & JACKSON, LLP**

By:  /s/Daniel Keller, Esq.
Daniel L. Keller (State Bar No. 191738)
18425 Burbank Blvd. Ste 610
Tarzana, CA 91356
Telephone: 818.342.7442
*Attorney for Asbestos Creditors*

Keller Fishback & Jackson, LLP

| First Name | MI | Last Name | Last 4 SSN | |
|---|---|---|---|---|
| DENNIS | | GRAVLEY | 9892 | Lung Cancer |
| WILLIAM | | LINICH | 8808 | Lung Cancer |

**Number of Claims:** 2

1