UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                              :

MOTORS LIQUIDATION COMPANY, et al.
f/k/a General Motors Corp., et al                   Chapter 11

                                                    Case No. 09-50026 (REG)

                        Debtors                    (Jointly Administered).
------------------------------------------------------------x

November 8, 2010


**NOTICE OF OBJECTION AND OBJECTION TO MOTION OF THE DEBTORS
PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR AN
ORDER DIRECTING SUBMISSION OF INFORMATION
BY CURRENT ASBESTOS CLAIMANTS**

1.      Keller, Fishback & Jackson LLP (Counsel), on behalf of its clients who have claims against United States Gypsum Asbestos Personal Injury Settlement Trust as a result of asbestos exposure hereby object to order requiring electronic production of privileged and confidential claims information from that trust.

2.      The Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Directing Production of Information by Claims Processing Facilities for Certain Asbestos Personal Injury Trusts (Debtors Rule 2004 Motion) is partially invalid as applied to claimants represented by Counsel.  The August 24, 2010 Order Pursuant to Debtors Rule 2004 Motion states the following: "As used in this Order, the term "**Mesothelioma Claimants**" shall mean all claimants specified by the Creditor's Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma."  (See Order at 2)  Furthermore, the October 25, 2010 Notice of Order commands the production of information of information in electronic form including "date of mesothelioma diagnosis."  (See Notice at 1)  However, not all of the claimants

represented by Counsel filed claims against the Babcock and Wilcox Company Asbestos PI Settlement Trust based on a mesothelioma diagnosis.  (See list of claimants and corresponding diseases attached hereto as Exhibit A)  These claimants were not injured by the disease named in this Court's Order, could not possibly provide a date of mesothelioma diagnosis, and thus should not be subject to the Debtors Rule 2004 Motion.  Therefore, Counsel hereby objects to the Order as invalid as applied to the claimants listed who do not claim compensation based on mesothelioma.

       3.      Claim materials are considered confidential and are submitted under the same assumption.  They therefore should not be disclosed without the express consent of the claimant.  As stated in section 6.5 of the of the United States Gypsum Asbestos Personal Injury Settlement Trust Distribution Procedures (TDP), revised January 4, 2008, "The PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court."  (See TDB, section 6.5 at 54, attached hereto as Exhibit B.)  The claims were submitted with the knowledge that the personal information, including but not limited to claimants' medical records and Social Security numbers, would be kept and remain confidential.  Furthermore, some of the claims for which information is sought have not yet been completed and therefore, include information that is subject to change and of no value to the Debtor at present.  Therefore, the claimant submissions should remain confidential pursuant to the TDP and understanding of claimants when such claims were submitted.

///

///

///

5. Accordingly Counsel, on behalf of its clients who have filed claims with the United States Gypsum Asbestos Personal Injury Settlement Trust, object to this order as applied to its claimants.

**KELLER FISHBACK & JACKSON, LLP**

By: /s/Daniel Keller, Esq.
Daniel L. Keller (State Bar No. 191738)
18425 Burbank Blvd. Ste 610
Tarzana, CA 91356
Telephone: 818.342.7442
*Attorney for Asbestos Creditors*

**Exhibit A**

United States Gypsum Asbestos Personal Injury Settlement Trust

| Claim Num. | Injured Name | |
|---|---|---|
| 6189397 | Gravley, Dennis | Lung Cancer |
| 6087014 | Light, Joel | Mesothelioma |
| 6124365 | Lindsay, Norman | Mesothelioma |
| 6087017 | Linich, William | Lung Canger |
| 6080700 | Machado, Edward | Mesothelioma |
| 6008542 | Niemeier, Gina | |
| 6090495 | O'Halloran, Joseph | Mesothelioma |
| 6115817 | Wilson, Marilyne | Mesothelioma |

**8** Claim(s)

USG-37470-KELLER FISHBACK & JACKSON LLP    Page 1 of 1    October 25, 2010

SCANNED
DATE 11/4/10
INTIALS SXH

**Exhibit B**

# UNITED STATES GYPSUM

## ASBESTOS PERSONAL INJURY SETTLEMENT TRUST DISTRIBUTION PROCEDURES

Revised March 29, 2010

eligible to file the claim with the PI Trust and (b) whether a filing fee should be required for any PI Trust Claims.

**6.5    Confidentiality of Claimants' Submissions.** All submissions to the PI Trust by a holder of a PI Trust Claim or a proof of claim form and materials related thereto shall be treated as made in the course of settlement discussions between the holder and the PI Trust, and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including but not limited to those directly applicable to settlement discussions. The PI Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only, with the permission of the holder, to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or other applicable law, to such other persons as authorized by the holder, or in response to a valid subpoena of such materials issued by the Bankruptcy Court. Furthermore, the PI Trust shall provide counsel for the holder a copy of any such subpoena immediately upon being served. The PI Trust shall on its own initiative or upon request of the claimant in question take all necessary and appropriate steps to preserve said privileges before the Bankruptcy Court and before those courts having appellate jurisdiction related thereto. Notwithstanding anything in the foregoing to the contrary, with the consent of the TAC and the Future Claimants' Representative, the PI Trust may, in specific limited instances, disclose information, documents, or other materials reasonably necessary in the PI Trust's judgment to preserve, litigate, resolve, or settle coverage, or to comply with an applicable obligation under an insurance policy or settlement agreement within the USG Asbestos Personal Injury Liability Insurance Assets; provided, however, that the PI Trust shall take any and all steps reasonably feasible in its judgment to preserve the further confidentiality of such information, documents

and materials, and prior to the disclosure of such information, documents or materials to a third party, the PI Trust shall receive from such third party a written agreement of confidentiality that (a) ensures that the information, documents and materials provided by the PI Trust shall be used solely by the receiving party for the purpose stated in the agreement and (b) prohibits any other use or further dissemination of the information, documents and materials by the third party.

## SECTION VII

### General Guidelines for Liquidating and Paying Claims

**7.1    Showing Required.**  To establish a valid PI Trust Claim, a claimant must meet the requirements set forth in this TDP.  The PI Trust may require the submission of X-rays, CT scans, laboratory tests, medical examinations or reviews, other medical evidence, or any other evidence to support or verify the PI Trust Claim, and may further require that medical evidence submitted comply with recognized medical standards regarding equipment, testing methods, and procedures to assure that such evidence is reliable.

**7.2    Costs Considered.**  Notwithstanding any provisions of this TDP to the contrary, the Trustees shall always give appropriate consideration to the cost of investigating and uncovering invalid PI Trust Claims so that the payment of valid PI Trust Claims is not further impaired by such processes with respect to issues related to the validity of the medical evidence supporting a PI Trust Claim.  The Trustees shall also have the latitude to make judgments regarding the amount of transaction costs to be expended by the PI Trust so that valid PI Trust Claims are not unduly further impaired by the costs of additional investigation.  Nothing herein shall prevent the Trustees, in appropriate circumstances, from contesting the validity of any claim against the PI Trust whatever the costs, or to decline to accept medical evidence from