UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :  Chapter 11
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.,*                          :  Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.,*                  :
                                                               :  (Jointly Administered)
                 Debtors.                               :
                                                               :
---------------------------------------------------------------x

### STIPULATION AND AGREED ORDER REGARDING SCHEDULING ISSUES RELATED TO MOTION OF GENERAL MOTORS LLC (F/K/A GENERAL MOTORS COMPANY) TO ENFORCE SALE ORDER

General Motors LLC ("**New GM**") and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "**UAW**" and, together with New GM, the "**Parties**"), by and through their respective undersigned attorneys, enter into this Stipulation and Agreed Order and state:

WHEREAS, on April 6, 2010, the UAW filed a complaint (the "**Michigan Complaint**") in the United States District Court for the Eastern District of Michigan (the "**Michigan District Court**"), asserting a breach of certain obligations under that certain UAW-Delphi-GM Memorandum of Understanding – Delphi Restructuring (the "**2007 Delphi Restructuring MOU**"). The UAW served New GM with the Michigan Complaint on September 17, 2010, and New GM filed an answer to the Michigan Complaint (the "**Answer**") in the Michigan District Court on October 8, 2010;

WHEREAS, on October 22, 2010, New GM filed its Motion of General Motors LLC (f/k/a General Motors Company) to Enforce Sale Order (Docket No. 7527, the "**Motion**"),

seeking the entry of an order, *inter alia*, declaring that New GM has no obligation in respect of the claims asserted in the Michigan Complaint;

WHEREAS, on October 28, 2010, a status conference was held before this Court regarding the Motion; at which the Parties agreed to, *inter alia,* establish a schedule for briefing and discovery (if any) limited to the Jurisdictional Issue (as defined below);

WHEREAS, on October 29, 2010, this Court entered the Memorandum and Order re UAW-New GM Dispute (Docket No. 7607) affirming that the Court would decide "whether [it has] exclusive jurisdiction over the underlying controversy and, if so, whether [the Court] should exercise it" (collectively, the "**Jurisdictional Issue**");

WHEREAS, on November 3, 2010, the Michigan District Court entered its Order Staying Proceedings pursuant to which that court stayed proceedings in that court "pending a ruling on the [Jurisdictional Issue];"

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through their undersigned counsel, that the parties have met and conferred regarding preliminary scheduling issues with respect to these matters and have agreed as follows:

1. The UAW may serve written discovery requests on the Jurisdictional Issue by November 8, 2010 and New GM may serve written discovery requests on the Jurisdictional Issue by November 10, 2010. To the extent that New GM's written discovery requests exceed the scope of the written discovery requests issued by the UAW, the UAW reserves the right to serve supplemental written discovery requests by November 12, 2010. For the avoidance of doubt, nothing in this Stipulation and Order addresses the taking of discovery on the merits of the dispute raised by the Michigan Complaint and the Motion, as to which the parties reserve all of their respective rights and defenses.

2. Responses to (a) the UAW's written discovery requests are due by December 1, 2010 and (b) New GM's written discovery requests are due by December 3, 2010 (together, the "**Discovery Response Dates**").  Responses must be substantive.  If any Party objects to the nature and scope of the discovery request served upon it, such objecting Party must attempt to reach a prompt resolution with the propounding Party such that substantive responses to discovery may be served by the applicable Discovery Response Date.

3. The UAW shall file and serve its opening brief on the Jurisdictional Issue by December 22, 2010.

4. New GM shall file and serve its opening brief on the Jurisdictional Issue by February 7, 2011.

5. Opening briefs must set forth each Party's full position on all aspects of the Jurisdictional Issue.  For the avoidance of doubt, such briefs shall be limited to the Jurisdictional Issue.

6. The UAW shall file any reply brief by February 21, 2011.  Such reply brief shall be limited to the issues raised by the UAW and New GM in their opening briefs.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

7.  New GM shall file any surreply brief by March 7, 2011.  Such surreply brief shall be limited to the issues raised by the UAW in its opening brief and in its reply.

IT IS SO ORDERED.

Dated: **November 9, 2010**
  New York, New York

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE

| /s/ Deborah M. Buell | /s/ Heather Lennox |
|---|---|
| Deborah M. Buell | Heather Lennox |
| James L. Bromley | Robert S. Walker |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | JONES DAY North Point |
| One Liberty Plaza | 901 Lakeside Avenue |
| New York, NY 10006 | Cleveland, Ohio  44114 |
| Telephone: (212) 225-2000 | Telephone:  (216) 586-3939 |
| Facsimile: (212) 225-3999 | Facsimile:  (216) 579-0212 |
| Email: dbuell@cgsh.com         jbromley@cgsh.com | Email:   hlennox@jonesday.com            rswalker@jonesday.com |
| *Attorneys for the UAW* | *Attorneys for General Motors LLC* |