Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
NOV - 4 2010
U.S. BANKRUPTCY COURT, SDNY

---------------------------------------------x
                                             :
In re                                        :    **Chapter 11 Case no.**
                                             :
**MOTORS LIQUIDATION COMPANY, et al**        :    **09-50026(REG)**
F/k/a General Motors Corp., et al.           :
                                             :
        Debtors,                             :    **(Jointly administered)**
                                             :
                                             :
                                             :
                                             :
---------------------------------------------:

## MOTION FOR REQUEST OF STAY

Now comes this party, Dr. Terrie Sizemore RN DVM, and respectfully requests the Court grant a stay of all action in Ohio, particularly her Action for Discovery, filed in the Ninth District Court of Appeals of Ohio, case no. 10 CA 0035-M.

Dr. Sizemore apologizes for not having approached the Court prior, however, she failed to realize the Court granted her a stay pending the *Campbell* appeal in the June 1, 2010 Order. Since the *Campbell* party has terminated their appeal, this is no longer valid and this party requests another stay at this time.

Dr. Sizemore has attempted to withdraw General Motors Company from the product liability claim filed in Medina Court of Common Pleas, Medina, Ohio, case no. 10-CIV-0102, however, to date, the Judge has not ruled on her request. Dr. Sizemore

contends she may, if she is permitted, wish to reserve her right to appeal from the United States District Court's decision affirming this Court's Order of June 1, 2010.

Dr. Sizemore is not certain she is permitted this appeal, or how her Action for Discovery violates the 363 Sale Order because GM Company is not a target defendant in the discovery, however, she would appreciate any clarification the Court is willing to extend to her. She does not wish to contest issues regarding the product liability even if she feels the 363 Sale Order would only be valid if one party was selling assets to a different party than themselves. In any event, Dr. Sizemore asserts she feels her appeal would be worthless unless she separates the issues of product liability from discovery issues-which, again, she feels has not violated the 363 Transaction Order.

Dr. Sizemore asserts she has a copy of and has read the 363 Purchase Order and she understands it to claim the "New" GM is 'business as usual and must comply with discovery requests.' Dr. Sizemore hopes it would never place the Court an awkward position to explain to her why her action for discovery would violate this 363 Order and would appreciate any information the Court is willing to give her regarding this issue because the legal basis for ordering her to withdraw the "New" GM from her action in Ohio has not been clarified to her to date. This is the reason for her availing herself to the appeal, however, she does not wish to waste the funds if another appeal is futile.

Dr. Sizemore thanks the Court for this consideration and their time.

**Notice:**

Notice has been given to all the following:

Stephen Karotkin
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153
Attorneys for General Motors, LLC


Copy provided for Judge Robert E. Gerber
The US Bankruptcy Court of the Southern District
One Bowling Green
New York, New York 10004


Dated November 1, 2010

Respectfully submitted,

_____
Dr. Terrie Sizemore RN DVM