## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| | * | |
| **MOTORS LIQUIDATION COMPANY,** | * | **CHAPTER 11** |
| *et al.* **f/k/a General Motors** | * | **Case No. 09-50026 (REG)** |
| **Corp.** *et al.* | * | **Jointly Administered** |
| | * | |
| **Debtors.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GERTLER FIRM'S MESOTHELIOMA CLIENTS' OBJECTIONS TO DISCLOSURE OF INFORMATION FROM BANKRUPTCY CLAIMS FILED WITH FIVE ASBESTOS PERSONAL INJURY SETTLEMENT TRUSTS

**NOW INTO COURT,** through undersigned counsel, come the mesothelioma clients of the Gertler Firm ("Clients"),[1] who object to the disclosure of information to be subpoenaed from five Asbestos Personal Injury Settlement Trusts ("The Trusts"),[2] pursuant to this Court's Order, dated August 9, 2010. The Court has ordered that data, that the Clients electronically filed with The Trusts, may be subpoenaed for use in the G-M Bankruptcy proceeding. The Gertler Clients have potential G-M bankruptcy claims.

---

[1] *See* Exhibit P-1, a list of Gertler clients who have electronically filed claims with one or more of the five bankruptcy trusts, whose data bases are being subpoenaed.

[2] The Order applies to the Trusts of (1) Armstrong World Industries; (2) the Babcock & Wilcox Company; (3) Owens Corning/Fibreboard; (4) the DII Industries, LLC and (5) United States Gypsum.

The Clients object because the release of the information is detrimental to their interests. Counsel for the Official Committee of Unsecured Creditors admitted as much, at the hearing on August 9, 2010, when he argued that the information sought will be used to devalue G-M bankruptcy claims.[3]

Moreover, the Court acknowledged there is a real danger the information will become accessible in the tort system. If the Gertler Clients file G-M bankruptcy claims and cannot settle, they may be required to litigate their claims. It would be extraordinarily difficult to ensure that adverse information from The Trusts is not used against them in the G-M litigation. Further, the Court's ruling may apply in the future to a client who has a pending tort suit. Again, there is a significant risk that the defendants may obtain the subpoenaed information.

Further, the Order sets a bad precedent. It may be cited in other instances when a tort defendant wants the same information, and seeks to expand the ruling. Thus, the Gertler Clients oppose an order which plainly threatens to reduce their bankruptcy recoveries. (Besides decreasing the G-M payments, this Court's Order will diminish funds available from The Trusts which must expend Trust funds to implement the Order.)

**Settlement Information**

But not only does the Court's Order impact the Gertler Clients adversely, it violates the law. To begin with, the subpoena compels the disclosure of the Clients' settlements with The Trusts. This type of discovery is not permitted under Louisiana law. In *Davis v. Johns-Manville Products*,[4] the

---

[3] For instance, he suggested it was necessary to obtain the claimants' age and diagnosis date because the former might make the claim less valuable and the latter may render the claim stale. Exposure information might show that another company's asbestos product caused the disease. Transcript of Hearing, pp. 12-13.

[4] 1990 WL 162844 (E.D. La. 1990).

2

Louisiana District Court held that the amounts of settlements are not discoverable.[5]

Rule 408 of the Federal Rules of Evidence also provides that evidence of a settlement is not admissible at trial to prove a defendant's liability for a claim, or the value of the claim. Basically, the purpose of the rule is to prevent prejudice to the settling parties who may have settled in order to avoid litigation, and to promote the public policy of encouraging compromise.[6]  The forced disclosure of settlements here similarly discourages settlements.

### Exposure and Other Claims Information

In addition, subpoenaing from The Trusts the claimant's exposure and other (non-settlement) information abrogates the law. The Clients and The Trusts executed an Electronic Filing Agreement, which is a binding contract.[7] In this contract, the Claimant's information "shall remain confidential information submitted for settlement purposes only."[8]  Importantly, the contract guarantees confidentiality, and recognizes that the data constitutes communications made during settlement negotiations. Rule 408 of the Federal Rules of Evidence enjoins the disclosure of those settlement communications.

### Conclusion

The Gertler Clients object to the Order allowing the subpoenaing of The Trusts data because it is deleterious to their interests and contravenes well-settled principles of law.

---

[5]*Davis v. Johns-Manville Products,*1990 WL 162844 *2.

[6] Federal Rule of Evidence 408, Notes of Advisory Committee on Proposed Rules, *Belton v. Fibreboard Corporation,* 724 F.2d 500 (5th Cir. 1984); *McHann v. Firestone Tire & Rubber Co.,* 713 F.2d 161 (5th Cir. 1983).

[7]Attached as P-2 is a copy of Armstrong World Industries' Electronic Filing Agreement.

[8]Exhibit P-2, p. 5.

Respectfully submitted,

**GERTLER LAW FIRM**

M.H. GERTLER- La. Bar No. 6036
LOUIS L. GERTLER- La. Bar No. 23091
MARCIA FINKELSTEIN- La. Bar No. 5569
129 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-6411
Fax: (504) 581-6568
Email: mfinkelstein@ggvplaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2010, the foregoing pleading was served on the counsel of all parties required to be served.

MARCIA FINKELSTEIN, LA Bar No. 5569

4

# GERTLER LAW FIRM CLIENTS

| NO. | FILE No. | CLIENT'S NAME | OC Claims X=claim filed | EB Claims X=claim filed | DII Claims X=claim filed | B&W Claims X=claim filed | AWI Claims X=claim filed | USG Claims X=claim filed |
|---|---|---|---|---|---|---|---|---|
| 1 | 9885 | ADAMS, Don Patrick | X | X | | X | X | X |
| 2 | 9619 | ADAMS, Emelda | X | X | | X | X | X |
| 3 | 9011 | AYDELL, Alvin | | | | X | | X |
| 4 | 9272 | BRUCE, Joseph | X | X | | X | X | X |
| 5 | 9851 | BURR, Loretta | | | | | | X |
| 6 | 9380 | CHAISSON, Lucressia | X | X | X | X | X | X |
| 7 | 9523 | CONN, Robert | | | | | | X |
| 8 | 9572 | DELANCEY, Ellis | X | X | | X | X | X |
| 9 | 9289 | DOUCET, Durel, Jr. | X | X | X | X | X | X |
| 10 | 9505 | FALGOUT, Audrey | X | X | | X | X | X |
| 11 | | FERRERO, Nancy | X | | | X | X | X |
| 12 | 9577 | FINK, Andrew | | X | | X | X | X |
| 13 | 9111 | FLITHERS, Ruth | | | X | X | X | X |
| 14 | 9838 | FOUCHER, Juliana | X | X | | X | X | X |
| 15 | 9323 | FREEMAN, Adrian | X | X | | X | X | X |
| 16 | 9881 | GARON, Rex B. | X | | X | X | | X |
| 17 | 8783 | GUILLOT SR., Wilfred | | X | | X | | X |
| 18 | 9579 | HARRIS, William | | | | X | X | X |
| 19 | 9316 | HEBERT, Lionel | X | | X | X | X | X |
| 20 | 9446 | HEBERT, Ruth | X | X | X | X | X | X |
| 21 | 9527 | HERNANDEZ, Eunice | X | X | | X | | X |
| 22 | 8992 | ILLG SR., John | | | X | X | | X |
| 23 | 9624 | ISSAC JR., Edward | | | | X | | X |
| 24 | 9578 | JACOB, Felix | X | X | | | | X |
| 25 | 9324 | LAGAN, Cyril | | X | | X | | X |
| 26 | 9180 | LAINE, Lloyd | | X | | X | X | |
| 27 | 9467 | LANDRY, Milton E. | X | X | X | X | X | X |
| 28 | 9622 | LANDRY, Ralph | X | X | | X | X | X |
| 29 | 9602 | MATHIS, Elizabeth | X | X | X | X | X | X |
| 30 | 9882 | McPHATE, Talatha | X | X | X | X | X | X |
| 31 | 9918 | NICHOLAS, Lawrence | | X | | X | | X |
| 32 | 9178 | PICHOFF, Bruce | | | | | | X |
| 33 | 8948 | PITRE, Octavia | | | | | | X |
| 34 | 9197 | ROBIN, Deborah | | X | | X | X | |

EXHIBIT

P-1

Updated 11/4/2010

# GERTLER LAW FIRM CLIENTS

| NO. | FILE No. | CLIENT'S NAME | OC Claims X=claim filed | FB Claims X=claim filed | DII Claims X=claim filed | B&W Claims X=claim filed | AWI Claims X=claim filed | USG Claims X=claim filed |
|---|---|---|---|---|---|---|---|---|
| 35 | 9623 | RUBIN, Preston | X | X | X | | | |
| 36 | 9547 | RUSSO, Peter J. | | | X | X | | X |
| 37 | 9159 | SANCHEZ, Kenneth | X | X | X | X | | X |
| 38 | 9920 | SCHENCK, Jeanette | | | | X | X | X |
| 39 | 9676 | SHAW, Williams R. Jr. | | | | X | | X |
| 40 | 9628 | SMITH, John | X | | | X | X | X |
| 41 | 9736 | TEMPLET, Clyde | X | X | X | X | X | X |
| 42 | 9519 | VICARI, Peter | | | | X | X | X |
| 43 | 9636 | WADE, Agnes | X | X | | X | X | X |
| 44 | | WALLE, Michael | X | X | | X | | |
| 45 | 9620 | WALSTON, John | X | X | X | X | X | X |
| 46 | 9832 | WEAVER, Barry | X | X | | | | X |
| 47 | 9088 | ZENON, Charles | | X | | X | | X |

## ELECTRONIC FILER AGREEMENT

This Electronic Filer Agreement (the "**Agreement**") is made by and among the Delaware Claims Processing Facility, LLC (the "**Facility**"), with offices at 1007 North Orange Street, Suite 110, Wilmington, Delaware 19801, the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, a Delaware trust ("**AWI**"), with offices at 1105 N. Market Street, Wilmington, Delaware 19801, and the law firm of GERTLER, GERTLER, VINCENT & PLOTKIN, LLP, with offices at 127-129 CARONDELET ST., NEW ORLEANS, LA 70130 ("**Law Firm**") (collectively, the "**Parties**").

### Recitals

The Facility currently processes asbestos related personal injury claims on behalf of various trusts, including the AWI Trust;

The Law Firm intends to file asbestos personal injury claims on behalf of the Law Firm's clients ("**Claimants**") against the AWI Trust; and

It is mutually beneficial to the AWI Trust, the Facility, and the Law Firm to communicate information electronically and thereby speed claim processing and lower transaction costs.

NOW, THEREFORE, in consideration of the promises and undertakings described herein, the sufficiency of which consideration is hereby acknowledged, the Parties agree, with each other, as follows:

1.  **Electronic Claims Filing**

    1.1  Access to Trust On-line. Subject to the terms hereof, the Facility shall provide the Law Firm access to the Facility's proprietary on-line, electronic claims filing system ("**Trust On-line**") for the limited purpose of electronically filing and settling asbestos personal injury claims with the AWI Trust. (When the context permits, as used herein, "access to Trust On-line" may also refer to access to the claims information electronically submitted by the Law Firm in connection with asbestos personal injury claims filed against the AWI Trust). The Law Firm shall be permitted access through Trust On-line to information regarding only the Law Firm's clients' claims filed against the AWI Trust, and the Law Firm shall be authorized to act through Trust On-line in regard only to the Law Firm's clients' claims filed against the AWI Trust. The Law Firm shall not use Trust On-line to file or settle claims, nor to access information regarding claims, for clients of another law firm unless such other law firm has entered separately into this Agreement and has designated in writing an authorized principal, employee, or agent of the Law Firm to serve as the Firm Administrator, as defined below, for the other law firm.

    1.2  Filing Methods, Media, and Format. The AWI Trust shall accept, through Trust On-line, claim information from the Law Firm using one or more electronic methods, media, and formats that the Facility will from time to time specify. The methods, media, and formats that the Facility will

**EXHIBIT**

**P-2**

- 2 -

specify will be among those then in general use among businesses transferring information electronically.

1.3    Proprietary System. The Law Firm acknowledges that Trust On-line, including all enhancements thereto and all screens and formats used in connection therewith, are the exclusive proprietary property of the Facility. The Law Firm agrees that it shall not publish, disclose, display, provide access to, or otherwise make available any software or any other products associated with Trust On-line, or any screens, formats, reports or printouts used, provided, or produced in connection therewith, to any person or entity other than an employee or principal of the Law Firm, with the exception that the Law Firm may publish, disclose, display, provide access to, or otherwise make available to a Claimant represented by the Law Firm any screens, formats, reports or printouts that contain information relating solely to that Claimant's claim.

## 2.    User Identification

2.1    Firm Administrator. The Law Firm's access to Trust On-line shall be managed by an authorized principal, employee, or agent of the Law Firm whom the Law Firm designates in writing to serve as the "Firm Administrator." The Firm Administrator need not be an attorney. The Firm Administrator shall be permitted to identify additional persons under the Law Firm's employ, management, or control who, along with the Firm Administrator, shall be authorized to access Trust On-line on the Law Firm's behalf ("Law Firm Users"). Some Law Firm Users may be limited in the functions they can perform on Trust On-line; the Firm Administrator will have the power to designate the level of authority that each of the Law Firm Users will have for Trust On-line. The Law Firm will remain responsible for oversight and supervision of the persons authorized to access Trust On-line, and the Law Firm will at all times remain responsible for the accuracy of the information submitted.

2.2    Limited Access. The Facility will assign a unique Trust On-line password to the Firm Administrator. The Firm Administrator will then create accounts for the Law Firm Users. The Facility will provide access to Trust On-line only upon entry of the Law Firm User name and password. The Facility recommends that passwords be changed frequently. Law Firm Users may not share their passwords with others, and the Law Firm shall keep all user names and passwords confidential and shall not permit any person to use a Trust On-line password that is not assigned to that person. The Facility will limit each Law Firm User's access to Trust On-line based upon the level of authority specified by the Firm Administrator. The Facility may deny any Law Firm User access to Trust On-line following failed log-ins. The Facility also retains the right to temporarily deny Law Firm Users access to Trust On-line for any reason, including, but not limited to, system resources, bandwith constraints, fraud, or security concerns; but the Facility shall not be responsible for any failure on its part to deny access to Trust On-line to any user. The Law Firm acknowledges that if two or more user accounts from the Law Firm are

- 3 -

entering claim data for an individual Claimant simultaneously, the electronic entries of one or more of the Law Firm Users may not be properly accepted by the Trust On-line system. The Facility cannot and does not guarantee the quality of the data integrity if two or more Law Firm Users accounts are entering the same individual's claim data simultaneously.

2.3    Reliance on Law Firm Communications. The Facility is entitled to rely on communications and instructions it receives from persons using Trust On-line user accounts and passwords assigned by the Firm Administrator and purporting to act on behalf of the Law Firm and, unless the Facility acts with gross negligence, the Facility shall not be held liable for such reliance.

2.4    Reaffirmation of Terms and Conditions. Each time a Law Firm User accesses Trust On-line, such person will be required to review a pop-up screen in the form set forth on **Attachment 1** hereto that will request a reaffirmation of the Agreement and a certification that all information submitted to the AWI Trust through the Facility will comply in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure and that such information is submitted subject to the terms of this Agreement. The pop-up screen will have a hyperlink to an electronic copy of this Agreement. The pop-up screen will require the Law Firm User to evidence such reaffirmation and certification by clicking "I AGREE" or other similar language. The requirement of reaffirming the terms and conditions of this Agreement before accessing Trust On-line shall not in any way affect the validity or binding effect of this Agreement once the Parties have entered into it.

2.5    Bulk Data Transmissions. With respect to each Law Firm that is permitted to file multiple claims by bulk upload or utilizing the Facility's proprietary system referred to as "**Web Services**" (collectively, "**Bulk Data Transmission**"), the Law Firm hereby acknowledges and agrees that each time a claim is filed by Bulk Data Transmission, the Law Firm reaffirms the terms of this Agreement and certifies that all information submitted to the AWI Trust will comply in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

3.    **Technical Capabilities**

3.1    Compatible Equipment. In order to file claims through Trust On-line, the Law Firm will provide its own compatible computer equipment that meets technical standards that the Facility will from time to time announce. The standards that the Facility will set for this purpose will be among those then in general use among businesses transferring information electronically.

3.2    Reports. Through the Facility, the AWI Trust will make available to the Law Firm (through the Facility's web site or Trust On-line), the ability to download specified data and to generate reports summarizing information regarding the Law Firm's claims.

- 4 -

3.3    Continuous Access.  The Trust On-line system will be available to the Law Firm seven days per week, with the exception that availability will be interrupted nightly for approximately one hour to synchronize data with the Facility processing systems and at any time as a result of system failure or when necessary for system upgrades, maintenance, or other operational considerations.  When reasonably possible, the Facility will notify the Law Firm in advance of any foreseen interruption of availability, but shall be under no obligation to do so.  At all times, the Facility shall use its best efforts to minimize the length and frequency of such interruptions.    Notwithstanding any other provision of this Agreement, the Facility shall not be liable for any damages resulting directly or indirectly from system unavailability.

3.4    Security.   The Facility and the AWI Trust will maintain physical, electronic, and procedural safeguards that will protect the information the Law Firm transmits through Trust On-line.

## 4.    Rules and Procedures

4.1    Adherence to TDP.  Electronic filing through Trust On-line shall not affect the requirements of the AWI Trust and its Asbestos Personal Injury Settlement Trust Distribution Procedures ("**TDP**"), as may be amended from time to time.

4.2    Payment Criteria Unchanged.  This Agreement is not intended to alter and does not supersede the claim payment criteria contained in the TDP, nor does this Agreement create any additional rights to claim payment beyond those set forth in the TDP.

## 5.    Claim Information

5.1    Law Firm Certification.   The Law Firm hereby represents, and in connection with the submission of any claim shall certify, that it is authorized by the Claimant to submit a claim and that the information and materials submitted in connection with a claim filed through Trust On-line with the AWI Trust shall comply in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5.2    Complete Information Required.  The Facility is not obligated to take any action on an electronically filed claim until it has received the complete information required by the TDP.

5.3    Tolling.  Assignment of a claim number by Trust On-line shall constitute filing of a claim for purposes of any applicable statute of limitations or repose provisions in the TDP.  The Law Firm acknowledges and agrees that although the Trust On-line system permits an electronic claim filing to be saved prior to its electronic submission, such action does not constitute a valid claim filing for any purposes, including tolling of any applicable statute of limitation or repose, and the Facility will not have, and in any case will not be deemed to have, any record of such an entry.  If the Trust

- 5 -

On-line system refuses, or otherwise does not accept, the submission of an electronic filing for any reason, including a Trust On-line system failure, this too shall not constitute a tolling of any applicable statute of limitations or repose.

5.4    Maintenance of Supporting Documents. The Law Firm shall maintain a copy of each document relied upon in connection with any claim electronically filed through Trust On-line. Copies may be retained in either paper or electronic format. The Law Firm will timely provide copies of such documents to the Facility upon request made on behalf of the AWI Trust.

5.5    Confidential Information. Any claim information the Law Firm submits through Trust On-line pursuant to this Agreement, including information submitted in Bulk Data Transmissions, shall remain confidential information submitted for settlement purposes only. In the event that the Law Firm directs another asbestos trust to transmit to the AWI Trust any information from such trust for the purposes of settling a claim filed against the AWI Trust (collectively, the "Claimant's Prior Data"), such Claimant's Prior Data may be used in processing the Claimant's claim against the AWI Trust. The Law Firm hereby represents and warrants that for every claim submitted to the AWI Trust through Trust On-line for which the Law Firm directs another asbestos trust to transmit Claimant's Prior Data to the AWI Trust, it is authorized to consent on behalf of each Claimant to such use of the Claimant's Prior Data, and hereby does so consent. The Law Firm understands and agrees that the Facility and AWI are relying upon the representations and warranties contained herein. The Release, as defined below, shall specifically provide for the Claimant's consent to the use of the Claimant's Prior Data in the event the Law Firm directs the transmission of the Claimant's Prior Data through Trust On-line as provided in this Section 5.5.

5.6    Use of Confidential Information in Bulk Data Transmissions. With respect to each Law Firm User that is permitted to file claims by Bulk Data Transmission, the Law Firm hereby acknowledges and agrees that each time a claim is filed by Bulk Data Transmission, the Law Firm reaffirms the representations and warranties set forth in Section 5.5 as provided therein.

6.    **Settlement Offer, Acceptance, and Payment**

6.1    Settlement Offers. After its review of a claim submitted electronically, the Facility, acting on behalf of the AWI Trust, shall communicate any settlement offer to the Law Firm through Trust On-line. In the event the Claimant desires to accept any such settlement offer, Trust On-line shall prompt the Law Firm to either electronically generate a customized release through Trust On-line for use in documenting acceptance of the settlement offer (the "Release") or request that the Facility mail a Release to the Law Firm. If the Law Firm elects to generate the Release through Trust On-line, the system will prompt the Law Firm to electronically view/print the Release

- 6 -

in a portable document file (.pdf) format. The Release shall not be modified in any manner from the customized form the Facility provides through Trust On-line or mails to the Law Firm.

6.2    Law Firm Required to Obtain and Deliver Signed Release. In the event a Claimant intends to accept a settlement offer communicated through Trust On-line, the Law Firm will be responsible for obtaining the signature of the Claimant on the Release and delivering the Release to the Facility. Delivery of the Release may be made in one of two ways: (a) the original, signed Release may be mailed to the Facility or (b) an image of the original, signed Release may be uploaded to the Facility through Trust On-line, separately emailed, or faxed to the Facility. In the event an image of the original, signed Release is delivered to the Facility, the Law Firm shall maintain the original, signed Release for no less than five years. The Law Firm will timely provide the original, signed Release to the Facility, upon request made on behalf of the AWI Trust.

6.3    Payment Method Options. At the Law Firm's option, the Facility, on behalf of the AWI Trust, shall make payment of claims either by single or group check, pursuant to the instructions on file with the Facility at the time of payment.

7.    **Limitation of Liability**

7.1    Limited Damages. Except as specifically provided in this Agreement, or as otherwise required by law, neither the Facility, the AWI Trust nor any officer, director, trustee, employee, contractor, or agent of any of them will be held liable for any indirect, incidental, special, or consequential damages by reason of the Law Firm's use of Trust On-line.

7.2    THE FACILITY MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND TO THE LAW FIRM OR TO CLAIMANT'S COUNSEL OF RECORD, ANY CLAIMANT OR ANY THIRD PARTY, AND EXPRESSLY DISCLAIMS ALL WARRANTIES, WHETHER IMPLIED OR STATUTORY OR ARISING OUT OF CUSTOM OR COURSE OF DEALING OR USAGE OF OR IN THE TRADE, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

8.    **Miscellaneous**

8.1    No Assignment. No Party may assign or otherwise transfer in any way any of its rights and obligations arising out of this Agreement without the prior written consent of the other Parties, except the Facility may assign or otherwise transfer this Agreement to another entity that processes asbestos personal injury claims, provided such entity agrees to be bound by the terms of this Agreement.

-7-

8.2     Termination. Any Party may terminate this Agreement in its entirety upon written notice to the other Parties. On the effective date of termination of this Agreement in its entirety, the Facility will cease providing the Law Firm with access to Trust On-line, and the Law Firm will cease making On-line claim submissions or having access to Trust On-line claim review.

8.3     Disputes. Any dispute among the Parties relating to claim allowance or disallowance, or the appropriate categorization or settlement value of a claim submitted by the Law Firm to the Facility will be resolved pursuant to the TDP.

8.4     Force Majeure. No party will be liable for any failure or delay in its performance under this Agreement due to any cause beyond its reasonable control, including acts of God, embargo, riot, sabotage, labor shortage or dispute, governmental act, or failure of Internet service, provided that the delaying party: (a) gives the other parties prompt notice of such cause, and (b) uses reasonable efforts to promptly correct such failure or delay in performance.

8.5     Applicable Law. This Agreement shall be interpreted, construed and enforced according to the laws of the State of Delaware, except that the Release shall be interpreted and enforced according to the same choice of law as provided for in the Release.

8.6     Binding Effect. Each of the undersigned persons represents and warrants that they are authorized to sign this Agreement on behalf of the Party they represent, and that they have the full power and authority to bind such Party to each and every provision of this Agreement. The person executing this Agreement on behalf of the Law Firm is a licensed, practicing attorney who is a partner or other principal in the Law Firm. A signature on a copy of this Agreement transmitted by facsimile machine will have the force of an original signature.

8.7     Claim Deferral. Nothing contained in this Agreement shall be construed to provide a substantive right of claim filing deferral contrary to the TDP.

8.8     Severability. If any term or provision of this Agreement shall be declared invalid or unenforceable by a court of competent jurisdiction or by operation of law, the remaining terms and provisions of this Agreement shall remain in full force and effect.

8.9     Entire Agreement and Waiver. This Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein. This Agreement may not be amended or modified except by another writing signed by the Parties. Any failure of either party to exercise or enforce its rights under this Agreement shall not act as a waiver of subsequent breaches.

- 8 -

LAW FIRM: GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.

[Name of Law Firm]

By: _Lui theturi_                          Date: _12/14/09_

Name: _LOUIS L. PLOTKIN_                    Email: _lplotkin@ggvplaw.com_

Its: _PARTNER_

ARMSTRONG WORLD INDUSTRIES, INC. ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST

By:_____              Date:_____

Its:_____

DELAWARE CLAIMS PROCESSING
FACILITY, LLC

By:_____              Date:_____

Its:_____

- 9 -

ATTACHMENT 1  ELECTRONIC POP-UP SCREEN

The following will be imported into a pop up screen that will appear each time a user logs on for the first time:

In order to have access to this system you must click the "I AGREE" button below.  By clicking the "I AGREE" button below, the Law Firm reaffirms the Electronic Filer Agreement and certifies that it is authorized by the Claimant to submit a claim, that all information submitted to the AWI Trust during this on-line session shall comply in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and that such information is being submitted subject to the terms of the Electronic Filer Agreement.  In the event you wish to review the full text of the Electronic Filer Agreement you may do so by clicking the hyperlink.

**I AGREE**

1998643.1