**PRESENTMENT DATE AND TIME: November 12, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: November 12, 2010 at 11:30 noon (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**IN RE: CHAPTER 11**
**CASE NO. 09-50026(REG)**
**MOTORS LIQUIDATION COMPANY,** *et al.*, **(Jointly Administered)**
**f/k/a General Motors Corp.,** *et al.*
**Debtors.**

_____
 Objections to Entry of order RE: **MOVANT'S OBJECTIONS TO ENTRY OF ORDER IN THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, **5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES**.

1, On October 9, 2007, Movant (hereinafter "Lawrence")  commenced an action in the United

States District Court, Middle District of Florida against Debtor in this action and General Motors

Hourly-Rate Employees Pension Plan, General Motors Corporation with the case assigned to the

Honorable Senior Judge Wm. Terrell Hodges.

2. On June 1, 2009, Debtor General Motors Corp (hereinafter "Debtor") filed a Chapter 11

voluntary petitioner seeking bankruptcy protection in the United States Bankruptcy Court,

Southern District of New York, being case number 09-50026 (Reg).

3. On June 10, 2009, Debtor, General Motors Corporation, sent a "NOTICE OF

BANKRUPTCY" along with attached documents (exhibit "1"). The United States District Court

Docket lists the Notice of Bankruptcy has having been filed with the United States District

Court, Middle District of Florida as docket entry #93. ( docket entries, exhibit "2").

Debtor" s "NOTICE OF BANKRUPTCY"  dated June 10, 2009, provides that:

> PLEASE TAKE NOTICE that, on June 1, 2009, (the "Commencement Date") General
> Motors Corporation and certain of its subsidiaries, filed a voluntary petitioner seeking
> bankruptcy protection under chapter 11 of title 11 of the United States Code (11 U.S.C §
> 101 et seq. ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern
> District of New York ("Bankruptcy court"). The bankruptcy case has been assigned Case
> No. 09-50026 (REG). A copy of GM" s chapter 11 petition is attached hereto as Exhibit
> A.
> PLEASE BE ADVISED that, as of the Commencement Date, any new or further action
> against General Motors Corporation is stayed pursuant to section 362 of the Bankruptcy
> Code (the "Automatic Stay"), which provides that the filing of the petitioner, among
> other things, "operates as a stay, applicable to all entities, of …commencement or
> continuation, including the issuance or employment of process, of a judicial,
> administrative, or other action or proceeding against the debtor that was or could have
> been commenced before the commencement of the case under this title…" and of "any
> act to obtain possession of property of the estate or of property from the estate or to
> exercise control over property of the estate," 11 U.S.C. § 362(a)(1) & 362(a)(3).

4.   Lawrence    filed with this Court his Motion to Lift the Automatic Stay in order that

Lawrence could continue prosecuting his case against Debtor in the United States District Court,

Middle District of Florida. That motion was denied by this Court on November 24, 2009,(docket

entry #4524, exhibit #3) and Lawrence    appealed that order to the United States District Court,.

That appeal is currently pending before the United States District Court, Southern District of

New York being appeal number ----------------

5. The bankruptcy judge in the General Motors Chapter 11 case pending in the United States

Bankruptcy Court for the Southern District of New York is bankruptcy judge Gerber

Southern District of New York. Most recently, Movant has filed a motion with the United States District Court, Southern District of New York requesting that Court to rule on Movant″s pending appeal.

6. With the Automatic Stay in full force and effect, judge Hodges entered an Order on the 21st day of September, 2010, denying all relief to Movant. In the Order of the 21st day of September, 2010, contemnor judge Hodges stated that;

Pursuant to Defendant General Motor″s Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motors Corporation and all further proceedings against General Motors corporation in this case are STAYED.

7. In contemnor Judge Hodges Order of September 21, 2010, ( exhibit "4") Judges Hodges has committed twenty-four (24) separate and distinct act of having criminally violated this Court automatic stay injunction:

    1.   State District Court, Middle District of Florida, entered an order in the case of:

> UNITED STATES DISTRICT COURT
> MIDDLE DISTRICT OF FLORIDA
> OCALA DIVISION
> WALTER J. LAWRENCE,
> Plaintiff,
> -vs- Case No. 5:07-cv-408-Oc-10GRJ
> GENERAL MOTORS HOURLY-RATE
> EMPLOYEES PENSION PLAN,
> GENERAL MOTORS CORPORATION,
> Defendant.

See exhibit "-": Judge Hodges    order of September 21, 2010.

    8.      On October 8, 2010, Judge Hodges was served by a process server with Lawrence's Motion for Judge Hodges to show cause why he should not be held in criminal contempt of Court. See attached exhibit -----.

9. On October 26, 2010, the Bankruptcy Court for the Southern District of New York bankruptcy judge Gerber held a hearing on Lawrence's Motion for a **MOTION OF MOVANT IN THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, **5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES**. Exhibit "-".

10.    The Conclusion phase of Judge Hodges order of September 21, 2010, provides that:

### Conclusion

Accordingly, upon due consideration, it is hereby ORDERED as follows:
**(1)** Plaintiff's Motion for Summary Judgment (Doc. 35) is DENIED as to Defendant General Motors Hourly-Rate Employees Pension Plan;
**(2)** Defendants' Cross-Motion for Summary Judgment (Doc. 51) is GRANTED

as to Defendant General Motors Hourly-Rate Employees Pension Plan. The Clerk is
directed to enter judgment in favor of Defendant General Motors Hourly-Rate Employees
Pension Plan and against Plaintiff Walter J. Lawrence as to all claims.Defendant General
Motors Hourly-Rate Employees Pension Plan's request for attorney's fees and costs is
DENIED;

-31-

  (**3**) Plaintiff's Request for a Hearing on his Motion for Summary Judgment
(Doc. 53) is DENIED AS MOOT;

(**4**) Plaintiff's Renewed Motion to Strike Defendants' Affirmative Defense of
Failure to Exhaust Administrative Remedies Re: Defendants' Answer to Plaintiff's
Amended Complaint (Doc. 65) is DENIED;

(**5**) Plaintiff's Second Motion for Summary Judgment Re: Amended Complaint
(Doc. 68) is DENIED as to Defendant General Motors Hourly-Rate Employees Pension
Plan;

(**6**) Plaintiff's Motion to Take Judicial Notice (Doc. 73) is DENIED;

(**7**) Defendants' Motion to Strike Plaintiff's Motion for the Court to Take
Judicial Notice (Doc. 74) is DENIED AS MOOT;

(**8**) Plaintiff's Motion to Reconsider Magistrate Judge's Order (Doc. 76) is
DENIED;

(**9**) Plaintiff's Motion to Strike Defendants' Affirmative Defense # 6 (Doc. 79)
is DENIED;

(**10**) Defendants' Motion to Strike Plaintiff's Motion for the Court to Strike
Defendant's Affirmative Defense (Doc. 80) is DENIED AS MOOT;

(**11**) Plaintiff's Motion to Determine if the Statute of Limitations has Expired Re:
IRS Notice of Levy Dated May 19, 1999, and Motion for Hearing (Doc. 81) are
DENIED;

-32-

  (**12**) Defendants' Motion to Allow Their Counsel to Attend the Pre-Trial
Conference by Telephone (Doc. 82) is DENIED AS MOOT;

(**13**) Defendants' Motion to Strike Plaintiff's Motion to Determine the Statute of
Limitations Re: IRS Levy (Doc. 83) is DENIED AS MOOT;

(**14**) Plaintiff's Motion to Sanction Defendants' for Defendants' Failure to
Comply With Federal Rule of Civil Procedure, Rule 26(a)(3) and This Court's Case
Management and Scheduling Order Entered on the 25th Day of February, 2008 (Doc.88)
is DENIED AS MOOT;

(**15**) Plaintiff's Motion to Recuse (Doc. 90) is DENIED for failure to satisfy the
standards of 28 U.S.C. §§ 144 and 455. See United States v. Greenough, 782 F. 2d
1556, 1558 (11th Cir. 1986) ("a judge, having been assigned to a case, should not recuse
himself on unsupported, irrational, or highly tenuous speculation."). The affidavit
attached to the Plaintiff's motion is also not legally sufficient to warrant recusal under §
144, as it does not allege facts that would convince a reasonable person that bias actually
exists. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

(**16**) Plaintiff's Motion for the Court to Rule on Plaintiff's Pending Motions (Doc.
92) is DENIED AS MOOT.

(**17**) Pursuant to Defendant General Motors Corporation's Notice of Bankruptcy
(Doc. 93) and 11 U.S.C. § 362, all claims against Defendant General Motor
Corporationand all further proceedings against General Motors Corporation in this case

areSTAYED. Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause shown.
IT IS SO ORDERED.
DONE and ORDERED at Ocala, Florida this 21st day of September, 2010.
Copies to: Counsel of Record
Maurya McSheehy

11.      On October 8, 2010, Judge Hodges was served with a copy of **MOTION OF MOVANT IN THE ACTION ENTITLED *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, 5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES.**

I.      **Argument**

A.      **Criminal Contempt of Court**

Judges Hodges order of September 21, 2010, constitutes a violation of the automatic stay

and is punishable as criminal contempt court. In the case of In re Novak, 223 B.R. 363 (Bankr

M.D. Fla, 1997) the Court held that

A violation of the stay is punishable as contempt of court. *Jove Engineering v. Internal Revenue Service* ( *In re Jove Engineering* ), 92 F.3d 1539, 1546 (11th Cir.1996); *Carver v. Carver,* 954 F.2d 1573, 1578 (11th Cir.) *cert. denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992). Section 362 also provides an explicit damage remedy for an individual injured by violation of the stay.

Section 362(h) provides for a recovery of damages, costs, and attorneys' fees by an individual damaged by a willful violation of the stay. An individual injured by a stay violation may also recover punitive damages. *In re Jove Engineering,* 92 F.3d at 1552; *In re Solis,* 137 B.R. 121, 124 (Bankr.S.D.N.Y.1992); *Promower, Inc. v. Scuderi* ( *In re Promower, Inc.*), 74 B.R. 49 (Bankr.D.Md.1987). Section 362(h) provides in pertinent part:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). "Willfulness generally connotes intentional action taken with at least callous

indifference for the consequences." *In re Jove Engineering,* 92 F.3d at 1555 *quoting Sizzler*

*Family Steak House, Inc. v. Western Sizzlin Steak House,* 793 F.2d 1529, 1535 (11th Cir.1986).

The willfulness requirement refers to the deliberateness of the creditor's conduct and their

knowledge of the bankruptcy filing. *Davis v. United States* ( *In re Davis* ), 201 B.R. 835, 837

(Bankr.S.D.Ala.1996); *Wagner v. Ivory* ( *In re Wagner* ), 74 B.R. 898, 903 (Bankr.E.D.Pa.1987).

In In re Hipp,895 F.2d 1503 (CA5 1990),    the Fifth Circuit held that the bankruptcy court does

not have either inherent power or statutory power under 11 U.S.C.A. Section 105 to hear and

determine criminal contempt, at least as to contempt not committed in its presence, and that the

hearing and determination must be conducted by the district court. Furthermore, the Fifth Circuit

concluded that Bankruptcy Rule 9020 does not grant the bankruptcy court such power. In Hipp,

the Fifth Circuit also held that under Young v. United States ex rel. Vuitton et Fils S.A. 481 U.S.

787 (1987), the Chapter 11 trustee (and his attorney) was not a proper party to prosecute the

criminal contempt proceeding. It ruled that criminal contempt must be prosecuted by a

disinterested neutral party, not a party in interest in the bankruptcy case. The bankruptcy court is

authorized by Section 304 to permit proceedings that are ancillary ("ancillary proceedings") to a

foreign proceeding, 11 U.S.C. 303

Similarly, in the case of United States v. Guariglia, 962 F.2d 160 (CA2, 1992), citing In re Hipp,

the Second Circuit held that:

28 U.S.C. § 151 (emphasis added). Under this provision, "much of the autonomy has been stripped from

the bankruptcy courts, now labeled 'units' of the district courts." Griffith v. Oles (In re Hipp, Inc.), 895

F.2d 1503, 1514 (5th Cir.1990). Indeed, "[t]he district court may withdraw, in whole or in part, any case

or proceeding [from the bankruptcy court] ... for cause shown." 28 U.S.C. § 157(d); see also Goerg v.

Parungao, 930 F.2d 1563, 1565 (11th Cir.1991) ("original jurisdiction over bankruptcy cases is vested in

Article III courts and [the] bankruptcy courts [retain] jurisdiction only at the discretion of the district

court") (citing 28 U.S.C. §§ 1334(a) and (b), 151, 157).

In re Dyer 322 F.3d 1178 (CA9, 2002) ("The bankruptcy court is ill-equipped to provide those procedural protections. For example, the bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court. 28 U.S.C. § 157(e). Further, allowing a non Article III court to adjudicate criminal contempt raises fundamental constitutional questions. These considerations confirm our reading of § 105(a).

Thus, rather than this Court exercising jurisdiction that it does not have to exercise, and adjudicating Judge Hodges has not guilty of criminal contempt of this Court's automatic stay order, this matter should be referred to District   Court who does nave jurisdiction over this proceeding.

Here, Judge Hodges    willfully violated the automatic stay imposed by 11 U.S.C. § 362(a). and engaged in criminal contempt of this Court's automatic stay. For example, as the Fifth Circuit Court of Appeals held in the case of In re Hipp, 895 F.2d 1503 (CA5, 1990):

Before turning to the constitutional concerns, however, we digress briefly to note some of the characteristics of criminal contempts generally. As the Supreme Court stated in Bloom v. State of Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), "Criminal contempt is a crime in the ordinary sense" and "in every fundamental respect"; likewise, "convictions for criminal contempt are indistinguishable from ordinary criminal convictions" and "that criminal contempt proceedings are 'criminal in their nature has been constantly affirmed.' " Id. 88 S.Ct. at 1481-82 & n. 3. Criminal, unlike civil, contempt requires a willful, contumacious or reckless state of mind. See United States v. McCargo, 783 F.2d 507, 510 (5th Cir.1986). Cf. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949)

(civil). Criminal contempt is denounced by 18 U.S.C. Sec. 401, and may be punished by any term of

imprisonment or amount of fine.[14] A defendant charged with that offense enjoys the presumption of

innocence, must be proved guilty beyond a reasonable doubt, and cannot be compelled to testify against

himself, Gompers, 31 S.Ct. at 499, and, at least for contempts not committed in the presence of the court,

has the right to counsel. Bloom, 88 S.Ct. at 1484. If a sentence to confinement in excess of six months is

to be imposed, there is a Sixth Amendment right to trial by jury. Frank v. United States, 395 U.S. 147, 89

S.Ct. 1503, 23 L.Ed.2d 162 (1969); Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d

912 (1974). Further, a criminal (unlike a civil) contempt prosecution for violation of a court order is " 'a

separate and independent proceeding' " from, and " 'is not a part of,' " the case in which the violated order

was issued, and does not depend on the validity of that order or the continuation of the underlying

proceedings. Bray v. United States, 423 U.S. 73, 96 S.Ct. 307, 309-10, 46 L.Ed.2d 215 (1925). See also

Gompers, 31 S.Ct. at 499-502 ("Proceedings for civil contempt are between the original parties, and are

instituted and tried as part of the main case. But ... proceedings ... for criminal contempt are between the

public and the defendant, and are not part of the original cause." Id. at 499); Michaelson v. United States,

266 U.S. 42, 45 S.Ct. 18, 19, 69 L.Ed. 162 (1924); Leman v. Krentler-Arnold Hinge Last Co., 284 U.S.

448, 52 S.Ct. 238, 240, 76 L.Ed. 389 (1932); United States v. United Mine Workers, 330 U.S. 258, 67

S.Ct. 677, 696, 91 L.Ed. 884 (1947).


In the    Courts conclusion in Hipp, id the Court said:

The criminal contempt proceeding against Oles was conducted in violation of Young
because it was prosecuted by an interested party rather than a disinterested representative of the
public. Therefore the conviction and sentence are set aside, and the case is remanded to the
district court. We instruct that the bankruptcy court not preside over the trial of any further
prosecution of the alleged offenses. Bankruptcy courts have no inherent or statutory power--and
none is granted them by 11 U.S.C. Sec. 105 or by 28 U.S.C. Sec. 157 or by Rule 9020--to preside
over section 401(3) criminal contempt trials for violation of bankruptcy court orders or to acquit,
convict, or sentence for such offenses. Not only must the acquittal or conviction and sentence for
such offenses be by the district court, but all critical stages of the trial of such offenses must
likewise be before that court.

The following   circuits have held that the bankruptcy court does not have the power to impose criminal sanctions. See In re Dyer, 322 F.3d 1178 (9th Cir. 2003); Matter of Terrebonne Fuel and Lube, Inc., 108 F.3d 609, 613 (5th Cir. 1997). Similarly,   In re Just Brakes Corporate Systems, Inc., 108 F.3d 881 (8th Cir. 1997)., the Eighth Circuit held that:

Having denied the Trustee § 362(h) damages, the bankruptcy court went on to conclude that it may compensate and punish for a willful violation of the automatic stay under its inherent contempt powers, or its broad § 105(a) power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." But the power to punish for a statutory violation is a criminal law power. It must be expressly conferred by Congress, and its exercise is often subject to the procedural safeguards that protect the criminally accused. Even the judicial power to punish for criminal contempt of a court order is carefully distinguished from the power to remedy a violation of that order through civil contempt. See, e.g., Shillitani v. United States, 384 U.S. 364, 368-72, 86 S.Ct. 1531, 1534-36, 16 L.Ed.2d 622 (1966); Combs v. Ryan's Coal Co., 785 F.2d 970, 981 (11th Cir.), cert. denied, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 120 (1986). We conclude that Congress has conferred no power to punish for a violation of § 362(a), other than the punitive damage authority in § 362(h).

On the other hand, we agree that bankruptcy courts have broad equitable powers to remedy violations of the automatic stay that injure a corporate debtor's estate. Many courts have said that those who violate the automatic stay "may be held in contempt." In re Computer Commun., Inc., 824 F.2d 725, 731 (9th Cir.1987). Calling this remedial power contempt overlooks a serious question whether bankruptcy courts have contempt powers after the 1984 Amendments. Compare In re Sequoia Auto Brokers, Ltd., 827 F.2d 1281, 1290 (9th Cir.1987), with In re Skinner, 917 F.2d 444, 448-50 (10th Cir.1990). More narrowly, it overlooks the fact that

contempt is a remedy for violating court orders, not statutes. See In re Calstar, 159 B.R. at

257-58. Finally, even if a civil contempt power exists, we see little if any need to resort to it in

this context because § 362(a), buttressed by § 105(a), confers broad equitable power to remedy

adverse effects of automatic stay violations. See Celotex, 514 U.S. at ---- - ---- & n. 6, 115 S.Ct.

at 1498-99 & n. 6; In re Taco Ed's, Inc., 63 B.R. 913, 931-32 (Bankr.N.D.Ohio 1986).

cf. Cox v. Zale Delaware, Inc., 239 F.3d 910, 916 to 917 (7th Cir. 2001)( "…there is no

corresponding grant of power to determine criminal contempt.").

This proceeding involves multiple counts of criminal contempt of the automatic stay by

Judge Hodges arising out of civil litigation. Thus, it involves proceedings which are between the

public and Judge Hodges. U.S. v. Dixon, 509 U.S. 688, 113 S.Ct. 2849 (1993) ("As we said in

Gompers, criminal contempt proceedings arising out of     civil litigation 'are between the public

and [Judge Hodges] 221 U.s. at 445, 31 S.Ct. at 449. Young v. U.s. ex rel Vuittioin et Fils 481

U.S. 787, 804 (1987)").

The subsequent removal of 28 U.S.C. 1481 by the 1984 amendments is properly viewed

as eliminating the sole source of congressionally granted authority to enjoin other court. In re

Hipp, 895 F.2d 1503 (CA5, 1990)(concluding on similar reasoning that section 1481, not section

105(a) was the source of the bankruptcy courts    power to punish criminal contempt under the

1978 act. No established case law provides any reason to conclude otherwise. In the Matter of

Bradley, 588 F.3d 254 (CA5, 2009) (criminal contempt requires "…the special safeguards that

accompany criminal contempt proceedings, such as establishment of mens rea and proof beyond

a reasonable doubt."); Young v. U.s. ex rel Vuittion et Fils S.A. 481 U.S. 787, 95 L.Ed. 2d 740,

107 S.Ct. 2124 (1987). In re Sequoia 827 F.2d 1281 (CA9, 1986) ("Federal magistrates, article I

judges subject to extensive oversight by federal district courts, see Pacemaker Diagnostic Clinic

v. Instromedix, Inc., 725 F.2d 537, 540 (9th Cir.), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83

L.Ed.2d 45 (1984); 28 U.S.C. Sec. 636, have no power of contempt themselves but must certify

the facts to a judge of the district court. 28 U.S.C. Sec. 636(d). The district court judge then hears

the evidence and, if the evidence warrants, issues the contempt order. Id. Courts-martial, also

article I courts, are likewise limited in their exercise of the power of contempt. A statute provides

for punishment of criminal contempt if committed in the court's presence, and limits punishment

to thirty days or a fine of $100, or both. 10 U.S.C. Sec. 848. The Tax Court, an article I tribunal,

see 26 U.S.C. Sec. 7441, is restricted in its use of the contempt power by a statute identical to 18

U.S.C. Sec. 401, see 26 U.S.C. Sec. 7456(c). See also Guam Civ.Proc.Code Secs. 1209-22

(restricting contempt power in article I territorial court). Finally, Congress has restricted even its

own contempt powers. See 2 U.S.C. Secs. 192 & 194 .").

## BACKGROUND
### The Dispute Between Lawrence and the Debtor(s)

Lawrence is a former employee of Debtor having been employed with Debtor for nearly 31 years,

retired on March1, 1993, from General Motors Corporation. Since that time, and as a former

employee of debtor, Debtor has been under a legal obligation to Movant to pay to Movant monthly

pension payments as provided for in the GM/UAW Pension Plan agreement. In the interest of brevity

and the limited judicial and administrative resources of this Court, Movant includes with this motion

and under separate cover copies of Movant‟s Amended Complaint, Motion for Summary Judgment.

The GM/UAW ERISA and IRC qualified pension plan payments has been in pay-out

status since March 1, 1993, at which time Movant ceased being an employee of Debtor and became a

retiree of Debtor. Starting with the pay-out on March 1, 2007, GM/UAW ERISA and IRC qualified

pension plan payment, Debtor gained access to the GM/UAW ERISA and IRC qualified pension plan

payment that was property of the estate. Up until the GM/UAW ERISA and IRC qualified pension

plan payments was in pay-out status debtor could not gain access to these funds because they were

locked up in the GM/UAW ERISA and IRC qualified pension plan. However, starting with May,

2007, Debtor starting executing on the funds that were in pay-out status, those funds were alienated

by Debtor, funds that ceased being property of the estate in order to satisfy the debt referred to by

Debtor in their letters to Movant of May 14, 2007.

**CONTEMNOR the Honorable Senior Judge Wm. Terrell Hodges, Now Stands In**

**Nonsummary, Indirect Criminal Contempt of Court**

When United States District Court judge rendered his order of the 21st day of September, 2010, and

M. Taylor, Deputy clerk rendered the Judgment on September 27, 2010, each entity engaged in the

indirect, nonsummary criminal contempt of court of the automatic stay entered by United States

Bankruptcy Court, Southern District of New York in case number **09-50026(REG). For example, in**

**the case of United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856 (1993), the Court**

**held that;**

> It is well established that criminal contempt, at least the sort enforced through nonsummary
> proceedings, is "a crime in the ordinary sense." *Bloom, supra,* at 201, 88 S.Ct., at 1481.
> Accord, *New Orleans v. Steamship Co.,* 20 Wall. 387, 392, 22 L.Ed. 354 (1874).
> We have held that constitutional protections for criminal defendants other than the double
> jeopardy provision apply in nonsummary criminal contempt prosecutions just as they do in
> other criminal prosecutions. See, *e.g., Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418,
> 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911) (presumption of innocence, proof beyond a
> reasonable

doubt, and guarantee against self-incrimination); *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925) (notice of charges, assistance of counsel, and right to present a defense); *In re Oliver,* 333 U.S. 257, 278, 68 S.Ct. 499, 510, 92 L.Ed. 682 (1948) (public trial). We think it obvious, and today hold, that the protection of the Double Jeopardy Clause likewise attaches. Accord, *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) *(per curiam); Colombo v. New York,* 405 U.S. 9, 92 S.Ct. 756, 30 L.Ed.2d 762 (1972) *(per curiam).*

Similarly, in the case of in re Weiss, 703 F.2d 654 (CA2, 1983), the Second Circuit held that: Criminal contempts are governed by Fed.R.Crim.P. 42, which provides that if the contumacious conduct was not committed in the actual presence of the court, the alleged contemnor will be entitled to notice, a hearing, and, in certain instances, a jury trial.7 We have held that proceedings in civil contempt too must be accorded some of the safeguards provided by Fed.R.Crim.P. 42, see In re Sadin, 509 F.2d 1252, 1255 (2d Cir.1975), such as notice and an opportunity to prepare a defense, In re Fula, 672 F.2d 279, 283 (2d Cir.1982); but the trial need not be by jury. In a criminal contempt proceeding, because criminal contempt "is a crime in the ordinary sense; ... a violation of the law, a public wrong," Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), and the sanction is designed to punish to a fixed degree, over which the contemnor is given no control, the government must establish its case beyond a reasonable doubt. See Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924); In re Williams, 509 F.2d 949, 960 (2d Cir.1975).

General Motors Corporation Notice of Bankruptcy filed with the United States District

Court, Middle District of Florida on June 10, 2009 (Dkt. #93) and referred to by Judge Hodges in his

Order of September 21, 2010 is clear and specific and leaves no uncertainty in the minds of those to

whom it is addressed. For example, the Notice of Bankruptcy provides that;

PLEASE BE ADVISED that, as of the Commencement Date, any new or further action against

General Motors Corporation is stayed pursuant to section 362 of the Bankruptcy Code (the

"Automatic Stay"), which provides that the filing of the petitioner, among other things, "operates as a

stay, applicable to all entities, of …commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, or other action or proceeding against the debtor

that was or could have been commenced before the commencement of the case under this title…"

and of "any act to obtain possession of property of the estate or of property from the estate or to

exercise control over property of the estate," 11 U.S.C. § 362(a)(1) & 362(a)(3).

See *Hess v. New Jersey Transit Rail Operations, Inc,* 846 F.2d 114, 116 (CA2, 1988) ("Because criminal contempt is a crime, a public wrong punishable by fine or imprisonment or both, Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), In re Weiss, supra, 703 F.2d at 662, the requirement of certainty is especially applicable to orders whose violation subjects the perpetrator to criminal contempt proceedings.

Pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), which provides that the filing of the petitioner, among other things, "operates as a stay, applicable to all entities, of …commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…".

In Carver v. Carver, 954 F.2d 1573 (CA11, 1992), cert. den. 506 U.S. 986, 113 S.C. 496, 121 L.Ed.2d 434 (1992), the Eleventh Circuit Court of Appeals held that "…the automatic stay is essentially a court-ordered injunction…" and "…any person or entity who violates the stay may be found in contempt of court." Id at 1578. In re Novak, 223 B.R. 3563, 367 (Bkrtcy M.D.Fla. 1997). As provided for in 11 U.S.C. 362(a)(3) and (a)(6) "all proceedings against the debtor or the debtors property are stayed during the pendence of the bankruptcy proceedings. Pereira v. First North American nat. Bank, 223 B.R. 1998 (N.D.Ga. 1998), quoting Carver v. Carver, id; Jove Engineering, Inc v. I.R.S. 92 F.3d 1539 (CA11, 1996), quoting Carver, id.

Most certainly, it is beyond question that Judge Hodges is an "entity" who had the knowledge, ability to comply with the automatic stay and then when he launched ahead full bore

with entry of his Order of September 21, 2010, Contemnor Judge Hodges used his office and his

Judicial Immunity to attempt to escape the criminal liability that he could have avoided and had the

ability and power to avoid but he made a choice to commit his criminal act by entering his order on

September 21, 2010.

Movant will now state what he thinks why Contemnor Judge Judges made the choice to launch into

his criminal act rather that attempt to seek and obtain relief from the automatic stay, Movant has an

appeal pending before the United States District Court Southern District of New York. Judge Gerber,

the Bankruptcy Judge in the Debtors" Bankruptcy case and Judge Holwell in appeal number

1:10-cv-00036.

Judge Hodges underlying reason for committing his criminal contempt of court of the Bankruptcy

Court automatic stay was to attempt to lure Movant into the same criminal act. For example, if

Movant would have either filed a Notice of Appeal to the Eleventh Circuit or filed a motion for

reconsideration, Judge Hodges would have reported this criminal act to the United States Attorney"

s office for his/her consideration of prosecuting Movant for the criminal act of appealing the criminal

act of Judge Hodges. In the meantime, the Eleventh Circuit Court of appeals would have denied

Movant" s appeal for the same reason that Judge Hodges should never have entered his September

21, 2010 order in the first place; it violates the automatic stay. However, rather than Movant taking

the bait set out by Judge Hodges, Movant has commenced this proceeding. In addition, this document

along with its exhibits will be delivered to the appropriate U.S. attorney" s office for his/her

consideration along with other authorities.

When Judge Hodges and his co-conspirators, M. Taylor, Deputy Clerk, United States District Court,

and Middle District of Florida failed to comply with the Automatic Stay

injunction they committed "a crime in the ordinary sense." *Bloom v. Illinois*, 391 U.S. 194, 202-204 (1968) ("criminal contempt is a crime in the ordinary sense") ("These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristics of crimes s that word has been understood in English speech. Gompers v. U.S. 233 U.S. 604, 610 (1914)"); *Young v. United States*, 481 U.S. 787, 795-96 (1987). ( "criminal contempt [is] 'a crime in the ordinary sense' and requires that the contemnor be afforded fundamental procedural safeguards."). However, those procedures for prosecuting a criminal contempt differ depending on whether the conduct constitutes direct or indirect contempt. *Id.* at 798. Direct criminal contempt consists of contumacious conduct committed in the presence of the court. Fed. R. Crim. P. 42(a). An indirect criminal contempt consists of contumacious conduct directed to the court but not committed in its presence. Chief Justice Burger has observed that indirect criminal contempt is "intentional obstructions of court proceedings that literally disrupted the progress of the trial and hence the orderly administration of justice," even if not delivered disrespectfully. *United States v. Wilson*, 421 U.S. 309, 315-16 (1975).

The initial distinction between direct and indirect criminal contempt, then, is whether the contumacious acts are committed before the court. A contempt is indirect when it occurs out of the presence of the court, thereby requiring the court to rely on the testimony of third parties for proof of the offense. It is direct when it occurs under the court's own eye and within its own hearing. *See Matter of Heathcock*, 696 F.2d 1362, 1365 (11th Cir. 1983); *United States v. Peterson*, 456 F.2d 1135, 1139 (10th Cir. 1972). The requirement that direct contempt be committed in the presence of the court does not limit direct

contempts to those which take place in the courtroom, but some degree of formality usually found in the courtroom setting must accompany an exercise of the judicial function for the proceedings to be in the actual presence of the court. *Matter of Jaffree*, 741 F.2d 133 (7th Cir. 1984). Direct contempt for conduct in the court's presence may be punished summarily. *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902 (5th Cir. 1995).

A contempt is criminal when punishment by way of fine or imprisonment is deemed imperative to vindicate the authority of the court. In contrast, civil contempt is remedial rather than punitive, serves only the purpose of the party litigant, and is intended to coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance. *See Shillitani v. United States*, 384 U.S. 364, 368-70 (1966); *Nye v. United States*, 313 U.S. 33, 42 (1941); *Gompers v. Bucks Stove and Range Co.*, 221 U.S. 418, 442 (1911); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983); *In re Rumaker*, 646 F.2d 870 (5th Cir. 1980); *United States v. Powers*, 629 F.2d 619 (9th Cir. 1980); *United States v. North*, 621 F.2d 1255 (3d Cir. 1980), *cert. denied*, 449 U.S. 866 (1981); *Carlson Fuel Co. v. United Mine Workers*, 517 F.2d 1348, 1349 (4th Cir. 1975).

When a contempt action is not clearly specified as criminal or civil and a single order is entered granting both punitive and remedial relief, the criminal feature of the order is dominant and fixes its character for purposes of review. *See Penfield Co. v. SEC*, 330 U.S. 585, 591 (1947); *Union Tool Co. v. Wilson*, 259 U.S. 107, 110 (1922); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

While direct contempt can be dealt with summarily by the offended court, *In re Oliver*, 333 U.S. 257, 275 (1948); *Bloom v. Illinois*, 391 U.S. 194, 203-04 (1968), Fed. R. Crim. P. 42(a); indirect contempt must be proved through the testimony of third parties

or a contemnor. Moreover, the conduct giving rise to an indirect contempt does not "threaten[] a court's immediate ability to conduct its proceedings." *International Union, UMWA v. Bagwell*, 512 U.S. 821, 826 (1994). For that reason, indirect criminal contempt may not be punished summarily and "more normal adversary procedures" are required**.** *Young*, 481 U.S. at 798. In addition, if the contumacious conduct "involves disrespect to or criticism of a judge, that judge is disqualified from presiding," at the contempt hearing unless the accused consents**.** Fed. R. Crim. P. 42(b*).*

**Judges Hodges Contemptuous Act of violating the Automatic Stay Was Willful**

Judge Hodges memorialized his criminal contempt of court by willfully entering his order of September 21, 2010. Because willfulness is an essential element of criminal contempt, Judge Hodges can only be guilty of such a serious crime if his order is of sufficient clarity of the automatic stay to give him clear warning of what the automatic stay prohibited. *Doral Produce Corp. v. Steinberg,* 347 F.3d 36 (CA2, 2003) ("because willfulness is an essential element of criminal contempt, one may not be held in contempt for violation of a court order unless the order was of sufficient clarity to give the individual clear warning that the conduct is prohibited."). For example, at page #33, paragraph (17) of Judge Hodge‟s order of September 21, 2010, Judge Hodges held that:

(17) Pursuant to Defendant General Motors Corporation‟s Notice of Bankruptcy (Doc. 93) and 11 U.S.C. § 3562, all claims against General Motors Corporation and all further proceedings against General Motors Corporation is this case are STAYED. Because the remaining claims in this case are now dormant, the Clerk is directed to terminate any and all pending motions as they relate to General Motors Corporation and dismiss the case, subject to the right of any party to move to reopen the case upon a showing that the bankruptcy stay has been lifted, or for other good cause.
IT IS SO ORDERED
DONE and ORDERED at Ocala, Florida this 21st day of September, 2010.
/s/ Wm. Terrell Hodges
UNITED STATES DISTRICT JUDGE

The Court of Appeals for the Eleventh Circuit, while acknowledging that the term "willfulness" varies depending upon the context, has held that "willfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc* 793 F.2d 1529, 1535, (CA11, 1986; see Jove Engineering, Inc. I.R.S., 92 F.23d 1539, 1555 (CA11, 1996). Other Circuit Courts have found a "willful" violation of the automatic stay when the violator knew of the stay and intentionally committed the violative act. Regardless of any specific intent to violate the stay. See *Price v. United States,* 42 F.3d 1068, 1071, (CA7, 1994) cited with approval in Jove Engineering, 92 F.3d at 1555; *Citizens Bank v. Strumpf (In re Strumpf,* 37 F.3d 155, 159 (CA4, 1994), rev " d on other grounds, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995).

Here, Judge Hodges has given fair notice that he had clear knowledge of this Bankruptcy Court " s automatic stay. *Doral Produce Corp. v. Steinberg,* 347 F.3d 36 (CA2, 2003) ("An individual must have fair notice of the Court " s commands before being punished for failing to comply. Criminal contempt is punishable only when it is „willful " , United States v. Lynch, 162 F.23d 732, 734 n.2 (2d Cir, 1998), that is, where it is committed with a „specific intent to consciously disregard an order of the Court " or where [Judge Hodges] knows or should reasonably be aware " he or she is in the wrong, id at 735.").

Actions Taken by Judge Hodges in Violation of This court " Automatic Stay Are Void and Without Effect. *Borg-Warner Acceptance Corp v. Hall* (CA11, 1982) ("Actions taken in violation of the automatic stay are void and without effect. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed.370 (1940); In re Albany, Ltd. 749 F.2d 670 (CA11, ) (""It is true that

acts taken in violation of the automatic stay are generally deemed void and without effect,"), citing

Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed.370 (1940); Eastern Refractories co. Inc.,

Firty Eight Insulations, Inc. 157 F.3d 169 (CA2, 1998) ("The district court relied on our rule that the

automatic stay „is effective immediately upon the filing of the petitioner, and any proceeding or

actions describe in section 362(a)(1) are void and without vitality if they occur after the automatic

stay takes effect.", and cases cited; Caribbean Food Products, Inc. v. Banco Credito v. Ahorro

Ponceno, 575 F.2d 961 (CA1, 1978) (turnover of accounts collected in violation of stay); Zestee

foods, Inc, Phillips Foods Corp. 536 F2d. 334 (CA10, 1976); Meyer v. Rowen, 181 F.2d 715 (CA10,

1950); Potts v. Potts 142 F.2d 883 (CA6, 19440, cert. denied, 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed.

1423 (1945)."); In re Silverman, 454 B.R. 892, 897 (S.D.N.Y, Jan 30, 1985); In re Striblin, 349 B.R.

301, 303 (Bkrtcy M.D. Fla. 2006) ("Actions taken in violation of the automatic stay are void and

without effect," quoting from *Borg-Warner Acceptance Corp v. Hall* (CA11, 1982). Here, Judge

Hodges being a learned scholar that he is and being a United States District Court Judge for many

years and with full prior knowledge of the automatic stay that went into effect immediately when

General Motors Corporation filed its Bankruptcy on June 1, 2010 and General Motors having given

Judge Hodges written notice of the pending bankruptcy case should have done what Movant did and

that was to file a motion with this Court to lift the automatic stay regarding the exact same came case

that Judged Hodges rendered his Order of September 21, 2010.

Finally, civil contempt consists of contumacious conduct which results in detriment to another party

in a civil proceeding. "[T]he paradigmatic civil contempt sanction is coercive, designed to exact

compliance with a prior court order," *United States v. Perry*, 116 F.3d 952, 954 (1st Cir. 1997), in

which correction usually takes the form of granting appropriate relief to the injured party.

### B.    Misprison of Felony

In the case of *Itani c. Ashcroft*, 298 F.3d 1213 (CA11, 2002) The eleventh Circuit Court

Appeals held that:

Misprision of a felony "require[s] both knowledge of a crime and some affirmative act of concealment or participation." *Id.* at 696 n. 36, 92 S.Ct. 2646. *See, for example, United States v. Gravitt,* 590 F.2d 123, 125-26 (5th Cir.1979) (requiring "affirmative action to conceal the **crime**" for conviction of misprision of a felony). Thus, mere failure to **report** a known felony would not violate 18 U.S.C. § 4. *United States v. Johnson,* 546 F.2d 1225, 1227 (5th Cir.1977).

[6] ☑We conclude that misprision of a felony is a **crime** of moral turpitude because it necessarily involves an affirmative act of concealment or participation in a felony, behavior that runs contrary to accepted societal **duties** and involves dishonest or fraudulent activity. As the Supreme Court has observed:

Concealment of **crime** has been condemned throughout our history.... Although the term "misprision of felony" now has an archaic ring, gross indifference to the **duty** to **report** known criminal behavior remains a badge of irresponsible citizenship. This deeply rooted social obligation is not diminished when the witness to **crime** is involved in illicit activities himself. Unless his silence is protected by the privilege against self-incrimination ... the criminal defendant no less than any other citizen is obliged to assist the authorities.

*Roberts v. United States,* 445 U.S. 552, 557-58, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).[FN3] *See also Dirks v. SEC,* 463 U.S. 646, 678, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983) ("Misprison [sic] of a felony long has been against public policy.") (Blackmun, J., dissenting).

Here, at the hearing held on October 26, 2010, before the Bankruptcy Court for the Southern District of New York bankruptcy judge Gerber   held a hearing on   **MOTION OF MOVANT IN THE ACTION ENTITLED** *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE PENSION, AND GENERAL MOTORS CORPORATION*, **5:O7-CV-408 OC, UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIESE CRIMINAL CHARGES**. Exhibit "-".

At the conclusion of the hearing held on October 26, 2010, Judge Gerber and the General Motors attorneys all agreed that Judge Hodges was not in violation of the Automatic stay of 11

U.S.C. 362, while Lawrence remained adamant that items    (3), (4) and (6) through and

including item (15) constitutes criminal contempt of court of the automatic stay.    Judge Hodges,

Judge Gerber and the General Motors attorneys each had    knowledge of the    crimes of

criminal contempt of court and some affirmative act of concealment or participation in crimes of

criminal contempt of court of Jduge Hodges.

Here, there is no doubt that Judges Hodges multiple acts of criminal contempt of court and

Judge Gerber and the General Motors attorneys had "both knowledge of [crimes] and some

affirmative act of concealment or participation." Branzburg v. Hayes, 408 U.S. 665, 696 n.36. 92

S.Ct. 2646 (1972).

Neither the First Amendment nor any other Constitutional provision protects Judge

Hodges, Judge Gerber and the    General Motors attorneys from disclosing to the proper legal

authorities of the crime of criminal contempt of court of Judge Hodges. Further, neither Judge

Gerber or the    General Motors attorneys has any immunity from application of the reporting

laws. 18 U.S.C. 4.

Misprision of a felony is made a federal crime by statute. 18 U.S.C. 4The

elements of such crime are: (1) the commission and completion of a felony; (2) the defendant's

knowledge of that fact; (3) failure of the defendant to notify proper authority; and (4) some

affirmative step by the defendant to conceal the felony. U.S. v. Cefalu, 85 F.3d 964 (2d Cir. 1996); U.S. v.

Baez, 732 F.2d 780 (10th Cir. 1984). The offense requires, in addition to failure to disclose, some

positive act of concealment, U.S. v. Waters, 885 F.2d1266 (CA5, 1989); U.S. v. Hodges, 566

F.2d 674 (CA9, 1977), such as untruthful statements, U.S. v. Hodges, 566 F.2d 674 (CA9, 1977),

suppression of evidence, harboring of the criminal, intimidation of witnesses, or some other

positive act designed to conceal from the authorities the fact that a crime has been committed..

Bratton v. U.S. 73 F.2d 795 (CA 10, 1934).

### C.   The Crime of Criminal Contempt is Neither a Felony or a Misdemeanor: it is classified as Sui Generis.

In the case of *United States Cohn,*   586 F.3d 844,(CA11, 2009), the Eleventh Circuit Court

of Appeals held that:

We disagree with the district court's conclusion that § 401 falls within the ambit of § 3559's classification scheme. Section 401 covers a broad range of conduct, as acknowledged by the Supreme Court. *See, e.g., Frank v. United States, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969)* ( "[A] person may be found in contempt of court for a great many different types of offenses .... Congress, perhaps in recognition of the scope of criminal contempt, has authorized courts to impose penalties but has not placed any specific limits on their discretion."); *Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958)* ("Congress has not seen fit to impose limitations on the sentencing power for contempts."), *overruled in part on other grounds by Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).* Likewise, a broad array of penalties exists for § 401 violations. No single sentencing guideline applies to § 401. Courts, in sentencing contemners, are directed to the "Other Offenses" section of the Guidelines rather than a single guideline "[b]ecause misconduct constituting contempt varies significantly and the nature of the contemptuous conduct, the circumstances under which the contempt was committed, the effect the misconduct had on the administration of justice, and the need to vindicate the authority of the court are highly context-dependent." U.S.S.G. § 2J1.1, comment. (n.1).[FN9]

FN9. Forcing a district court to pigeonhole a criminal contempt into a felony or misdemeanor category would impinge on its ability to impose appropriate sentences. Pursuant to § 3559, different classifications prescribe various periods of imprisonment and supervised release and fines. Due to the variety of conduct which may be punished as criminal contempt, it is important that the district courts have flexibility in sentencing. For example, a court may be inclined to impose a short period of imprisonment but a lengthy term of supervised release or a steep fine. Section 3559's classification system would not permit this flexibility.

Uniform classification of criminal contempt would be inconsistent with the breadth of § 401 and appropriate sentences for its violation. On the other hand, it would be an impracticable, painstaking task individually to classify each instance of criminal contempt. Accordingly, we hold that criminal contempt is best categorized as a ***sui generis*** offense, rather than a felony or

misdemeanor.

This reading of § 401 is supported by the Supreme Court's consistent categorization of criminal contempt as a *sui generis* offense. *See Cheff v. Schnackenberg,* 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629 (1966) (referring to criminal contempt as "an offense *sui generis*"); *see also United States v. Holmes,* 822 F.2d 481, 493 (5th Cir.1987) ("[T]he Supreme Court has never characterized contempt as either a felony or a misdemeanor, but rather has described it as 'an offense *sui generis*.' "). This reading also appropriately reflects the differences between criminal contempt and the traditional crimes classified pursuant to § 3359. Criminal contempt need not be charged by indictment. *See* Fed.R.Crim.P. 7(a)(1); Fed.R.Crim.P. 42(a). The district courts have authority to appoint private attorneys to initiate and prosecute a criminal contempt case. *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 799-801, 107 S.Ct. 2124, 2133-34, 95 L.Ed.2d 740 (1987); Fed.R.Crim.P. 42(a)(2).

Considering the scope of § 401 and the wide range of sentences that may be imposed for its violation, Supreme Court jurisprudence, and the differences between criminal contempt and other crimes, we hold that criminal contempt is an offense *sui generis* that cannot be classified pursuant to § 3559. The district court accordingly erred in classifying criminal contempt as a Class A felony.


       For the foregoing, Lawrence prays that this Court deny entry of Debtor's proposed

order and enter an certifying the facts to the District Court to review de novo whether to issue the

order of criminal contempt and refer this matter to the appropriate United States Attorney.

THIS IS TO CERTIFY THAT , that on November 3, 2010, Walter J. Lawrence did place a copy of Objections to Entry of order RE: **MOTION OF MOVANT IN THE ACTION ENTITLED *WALTER J. LAWRENCE V. GENERAL MOTORS HOURLY RATE EMPLOYEE* OF FLORIDA FOR ENTRY OF AN ORDER THEREBY ORDERING UNITED STATES DISTRICT COURT JUDGE FOR THE MIDDLE DISTRICT OF FLORIDA TO APPEAR BEFORE THIS COURT TO ANSWER THIS CRIMINAL CHARGE** in a U.S. mail receptacle with U.S. postage first being fully prepaid for first class U.S. with the addresses being:

**Counsel for GM**

Weil, Gotshal & Manges, LLP

767 Fifth Avenue

New York, NY 10153

Attn: Harvey R. Miller, Esq.

Stephen Karotkin, Esq.

Joseph H. Smolinsky, Esq.