**HEARING DATE AND TIME: December 2, 2010 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**     :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*     :
                                                  :
             **Debtors.**                         :    **(Jointly Administered)**
                                                  :
------------------------------------------------------------------x

**DEBTORS' OPPOSITION TO MOTION OF TRACY WOODY FOR RELIEF OF STAY
AND OBJECTION TO DEBTORS' PROPOSED DISCLOSURE STATEMENT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1
BACKGROUND ....................................................................................................................... 2
ARGUMENT ............................................................................................................................. 5
I.    THE AUTOMATIC STAY IS FUNDAMENTAL TO THE REORGANIZATION PROCESS AND MOVANT HAS FAILED TO DEMONSTRATE CAUSE FOR RELIEF FROM THE STAY ....................................................................................... 5
II.    MOVANT'S OBJECTION TO THE DISCLOSURE STATEMENT HAS BEEN ADDRESSED ................................................................................................................ 10
CONCLUSION ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

## **CASES**

*AP Indus., Inc. v. SN Phelps & Co.*,
 117 B.R. 789 (Bankr. S.D.N.Y. 1990) ................................................................................6

*City Ins. Co. v. Mego Int'l, Inc.*,
 28 B.R. 324(Bankr. S.D.N.Y. 1983) ...................................................................................7

*In re Eclair Bakery Ltd.*,
 255 B.R. 121 (Bankr. S.D.N.Y. 2000) ................................................................................6

*Fidelity Mortgage Investors v. Camelia Builders, Inc.*
 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977) .......................................6

*Mazzeo v. Lenhart (In re Mazzeo)*,
 167 F.3d 139 (2d Cir. 1999) ................................................................................................7

*Midlantic Nat'l Bank  v. N.J. Dep't of Envt'l Protection*,
 474 U.S. 494 (1986)............................................................................................................6

*Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*,
 38 B.R. 987 (S.D.N.Y. 1984) .............................................................................................8

*Sonnax Industries, Inc. v. Tri Component Products Corp.*,
 907 F.2d 1280 (2d Cir. 1990) ....................................................................................7, 8, 9

*In re Touloumis*, 170 B.R. 825 (Bankr. S.D.N.Y. 1994) ............................................................8

## **STATUTES**

11 U.S.C. § 362(a)(1)................................................................................................................5, 6

11 U.S.C. § 362(d) ........................................................................................................................6

11 U.S.C. § 362(d)(1) .................................................................................................................6, 7

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the Motion of Tracy Woody ("**Movant**") for Relief of Stay and Objection to Debtor's Proposed Disclosure Statement with Respect to Debtor's Joint Chapter 11 Plan (ECF No. 7454) (the "**Motion**"). In support hereof the Debtors respectfully represent:

**Preliminary Statement**

1. Movant seeks relief from the automatic stay to re-litigate a lawsuit (the "**North Carolina Case**") she commenced *pro se* against "General Motors Company/Chevrolet Division of GM/General Motors Corp." in the General Court of Justice for Wake County, North Carolina on August 18, 2009. The North Carolina Case asserts, *inter alia*, prepetition violations of warranties, unfair trade practices, and violations of the Fair Credit Reporting Act relating to Movant's purchase of a used 2003 Chevrolet Suburban. General Motors LLC (f/k/a General Motors Company) ("**New GM**") defended the North Carolina Case on all issues and obtained a judgment in its favor on the merits because Movant's claims were time barred and/or failed as a matter of law. Movant's appeal of this judgment was subsequently dismissed. Finding herself without further recourse as to New GM, Movant now seeks to pursue the same causes of action as to MLC.

2. Movant fails to meet her burden of establishing good cause to truncate the statutorily-imposed breathing spell to which the Debtors are entitled. Requiring the

Debtors to defend themselves in the North Carolina Case would burden the Debtors and their chapter 11 estates and would not result in any benefit to Movant. Allowing Movant to litigate the North Carolina Case as to MLC would not resolve Movant's claims because the North Carolina Court has already found the claims to be time barred and/or deficient as a matter of law. To the extent Movant seeks to pursue new claims against MLC, any judgment entered in Movant's favor on such claims would be unenforceable because Movant did not file a timely proof of claim in these chapter 11 cases. The Debtors are thus discharged from any and all indebtedness or liability with respect to Movant's claims. Nevertheless, in a good faith attempt to avoid further litigation expense, the Debtors have contacted Movant to discuss a possible resolution of the claim. Assuming that the parties cannot reach a consensual resolution, Movant's Motion for relief from the automatic stay should be denied.

## Background

### The Chapter 11 Cases

3. On June 1, 2009 (the "**Commencement Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The commencement of the Debtors' chapter 11 cases triggered the automatic stay of all litigation against the Debtors pursuant to section 362 of the Bankruptcy Code.

4. On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General Motors, LLC), a United States Treasury-sponsored purchaser, pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master Sale and Purchase Agreement ("**MSPA**").

5.     On September 16, 2009, the Bankruptcy Court entered an order (the "**Bar Date Order**") (ECF No. 4079) establishing November 30, 2009 (the "**Bar Date**") as the deadline for each person or entity to file a proof of claim based on any prepetition claims against the Debtors.  The Bar Date Order states that any party that fails to file a proof of claim on or before the Bar Date shall be forever barred, estopped, and enjoined from asserting such claims against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such claim.

6.     As indicated in the exhibits attached to the Affidavit of Service filed with this Court on October 14, 2009 (ECF No. 4238), Movant was served with notice of the Bar Date between September 24 and September 26, 2009.

**The North Carolina Case**

7.     On August 18, 2009, after the Commencement Date, Movant initiated the North Carolina Case, civil action number 09-CVD-16481, by filing a complaint (the "**Complaint**") in the General Court of Justice for Wake County, North Carolina against, *inter alia*, "General Motors Company/Chevrolet Division of GM/General Motors Corp." The Complaint is attached hereto as **Exhibit** "**A**."

8.     The Complaint asserts, *inter alia*, violations of the Magnuson-Moss Warranty Act, the Fair Credit Reporting Act, and Unfair Trade Practices (Ex. A).  The facts alleged in the North Carolina Case are unclear; however, it appears that the North Carolina Case arises solely from prepetition events:  Movant's purchase of an allegedly defective used 2003 Chevrolet Suburban and its subsequent repossession on April 19, 2009.

9. To the extent Movant sought to proceed as to MLC in the North Carolina Case, she did not seek or obtain relief from the automatic stay prior to filing the Complaint. Accordingly, the North Carolina Case is void for violating the automatic stay.

10. On September 3, 2009, counsel for the Debtors sent a letter to Movant advising her of these chapter 11 cases and the accompanying automatic stay and asking her to withdraw her Complaint to the extent she sought to proceed as to MLC.

11. On September 30, 2009, Movant filed a motion in the North Carolina Case seeking to set aside the Complaint "against the Defendant General Motors Company/General Motor Corporation ("GM") until the Bankruptcy Court grants permission to proceed."

12. After conferring with counsel for New GM, on October 12, 2009, counsel for the Debtors spoke with Ms. Woody and advised her that the North Carolina Case had to be dismissed only as to MLC, but it could proceed as to New GM, a non-Debtor entity.

13. Not being able to discern from the Complaint whether the suit sought recovery for express warranty, an assumed liability under the MSPA, or a retained liability by MLC, New GM defended itself in the North Carolina Case as to all issues that could possibly be construed from the Complaint against any defendant. On January 19, 2010, New GM filed a motion for summary judgment requesting an order dismissing the North Carolina Case in its entirety as to New GM on the basis that Movant's claims were time barred and/or failed as a matter of law. On February 8, 2010, New GM's motion for summary judgment was granted and the North Carolina Case was dismissed.

14. On March 19, 2010, Movant filed a notice of appeal of the order granting New GM's motion for summary judgment. On August 20, 2010, Movant's appeal was dismissed for failure to timely file and serve the proposed record on appeal. Movant subsequently filed a motion to set aside the dismissal of the appeal; however, such motion has not been scheduled for a hearing.

**Movant's Filings in These Chapter 11 Cases**

15. On October 14, 2010, Movant filed the Motion seeking to proceed with the North Carolina Case against MLC. (Mot. ¶¶ 1-2.)

16. On October 25, 2010, almost one year after the Bar Date, Movant filed proof of claim number 70481 ("**Movant's Proof of Claim**") in these chapter 11 cases. Movant's Proof of Claim references a pending state court action and appears to relate to her allegations in the North Carolina Case.

## The Motion Should Be Denied

**The Automatic Stay Is Fundamental to the Reorganization Process
And Movant Has Failed to Demonstrate Cause for Relief from the Stay**

17. Section 362(a) of the Bankruptcy Code provides in pertinent part that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1). "The automatic stay provision of the Bankruptcy Code … has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" *Midlantic Nat'l Bank v. N.J. Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986)) (quoting S. Rep. No. 95-989 at 54 (1978); H.R. Rep. No. 95-595 at 340 (1977)). The automatic stay provides the debtor with a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on the administration of the chapter 11 case. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case), *cert. denied*, 429 U.S. 1093 (1977). Further, it "prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding." *AP Indus., Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990).

18. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause":

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).[1]  Section 362(d)(1) does not define "cause."  However, courts in this Circuit have determined that in examining whether cause exists they "must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate."  *City Ins. Co. v. Mego Int'l, Inc. (In re Mego Int'l, Inc.)*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

       19.      The seminal decision in this Circuit on whether cause exists to lift the automatic stay is *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *see Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating District Court order granting stay relief where Bankruptcy Court had not applied *Sonnax* factors, made only sparse factual findings, and ultimately did not provide appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate.").  In *Sonnax*, the Second Circuit outlined twelve factors to be considered when deciding whether to lift the automatic stay:

    (1) whether relief would result in a partial or complete resolution of the issues;

    (2) lack of any connection with or interference with the bankruptcy case;

    (3) whether the other proceeding involves the debtor as a fiduciary;

    (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    (5) whether the debtor's insurer has assumed full responsibility for defending it;

---

[1] Sections 362(d)(2)-(4) of the Bankruptcy Code provide grounds for relief from the stay that are not applicable to the Motion.

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

*Sonnax*, 907 F.2d at 1286.  Only those factors relevant to a particular case need be considered, and the court need not assign them equal weight.  *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).  The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors.  *Sonnax*, 907 F.2d at 1285.  If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.  *Id*.  Further, the cause demonstrated must be "good cause."  *Morgan Guar. Trust Co. v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984).

20.    Movant fails to meet her burden of establishing good cause for lifting the automatic stay under the *Sonnax* analysis as she does not reference the *Sonnax* factors nor provide any cause for lifting the stay whatsoever.  Because Movant cannot meet her burden of establishing cause to lift the stay, the burden does not shift to the Debtors to affirmatively demonstrate that relief from the stay is inappropriate.  *Sonnax*, 907 F.2d at

1285. Nevertheless, the *Sonnax* factors relevant to this case plainly weigh against lifting the automatic stay to allow the North Carolina Case to proceed against MLC.

21. The first factor does not support relief from the stay because allowing the North Carolina Case to proceed against MLC would not result in complete resolution of the issues. The North Carolina Case has been dismissed in its entirety as to all defendants. (*See also Sonnax* factor 11). If Movant were allowed relief from the stay she would have to re-file the North Carolina Case as to MLC and it would have to be fully litigated against MLC. Litigation of the North Carolina Case against MLC would be futile for two reasons. First, the issues Movant alleges in the North Carolina Case have already been litigated on their merits and the North Carolina Court has already found that Movant's claims are time barred and/or fail as a matter of law. Second, even if Movant ultimately obtained a judgment against MLC in the North Carolina Case, such judgment would be unenforceable because Movant did not file a timely proof of claim in these chapter 11 cases. Pursuant to the Bar Date Order, the Debtors are thus discharged from any and all indebtedness or liability with respect to Movant's claims.

22. The second and seventh *Sonnax* factors weigh against lifting the automatic stay as well because allowing the North Carolina Case to be re-filed against the Debtors would interfere with these chapter 11 cases and prejudice the interests of other creditors. As this Court has noted previously in denying similar lift stay motions, requiring the Debtors to litigate the North Carolina Case at this juncture in these chapter 11 cases would not only deplete estate resources, thereby prejudicing other creditors, but would also expose the Debtors to having to defend countless other lift stay motions. This would impose a heavy burden on the Debtors' valuable time and scarce resources when

the Debtors' focus should be on, among other things, disposing of their remaining assets in an orderly and value-maximizing manner and proceeding with an organized chapter 11 claims resolution process.

23.     The tenth *Sonnax* factor does not support relief from the stay because the interests of judicial economy and the economical resolution of litigation would not be served by allowing Movant to re-litigate the North Carolina Case against MLC.  The North Carolina Court already found Movant's claims time barred and/or deficient as a matter of law and any judgment Movant may obtain against MLC on new claims would be unenforceable.  Likewise, the twelfth *Sonnax* factor does not support lifting the stay because the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend itself in the North Carolina Case far outweighs any potential gain to Movant in proceeding with the North Carolina Case against the Debtors given that any judgment entered against the Debtors would be unenforceable for failure to file a timely proof of claim.  Thus, Movant is not prejudiced in any material respect by maintenance of the automatic stay as to the Debtors and the Court should deny the Motion.

**Movant's Objection to the Disclosure Statement Has Been Addressed**

24.     The Debtors responded to Movant's objection to their Disclosure Statement for the Debtors' Joint Chapter 11 Plan (the "**Disclosure Statement**") in the Debtors' Omnibus Reply to Objections to the Disclosure Statement for Debtors' Joint Chapter 11 Plan (ECF No. 7439), and the Disclosure Statement was conditionally approved by this Court on October 21, 2010.  The Disclosure Statement does not need to be amended to address Movant's objection.  To the extent Movant is found to have a

valid claim, the Debtors' Joint Chapter 11 Plan provides appropriately for reserves for distribution. Of course, Movant will have to liquidate her claim for appropriate reserves to be established.

## **CONCLUSION**

WHEREFORE the Debtors respectfully request that the Court deny the Motion and the relief requested therein and grant such other and further relief as is just.

Dated: New York, New York
November 11, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession