Hearing Date and Time: November 18, 2010 at 9:45 a.m. (Eastern Time)
Objection Deadline: November 11, 2010 at 4:00 p.m. (Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Robert T. Schmidt

*Counsel for the Official Committee
of Unsecured Creditors of Motors
Liquidation Company, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.                           :
                                                             :
                    Debtors.                                 :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY TO
MOTION OF THE JUNSOS TO BE DEEMED TO HAVE FILED
AN INFORMAL PROOF OF CLAIM OR,
<u>ALTERNATIVELY, FOR LEAVE TO LATE FILE A PROOF OF CLAIM</u>**

KL2 2673669.2

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................2

BACKGROUND FACTS............................................................................................................3

OBJECTION

        A.    Filing a Timely Proof of Claim is an Integral Part
             of the Reorganization Process...................................................................................3

        B.    The Movants Cannot Meet the Standard for Deeming
             Their 363 Sale Objection an Informal Proof of Claim ............................................4

        C.    The Movants Cannot Establish Excusable Neglect for
             Failing to Comply with the Bar Date.......................................................................8

# TABLE OF AUTHORITIES

## CASES

*In re Andover Togs, Inc.*,
   231 B.R. 521 (Bankr. S.D.N.Y. 1999)..................................................................................8

*In re Enron Creditors Recovery Corp.*,
   370 B.R. 90 (Bankr. S.D.N.Y. 2007)....................................................................................4

*In re Fink*,
   366 B.R. 870 (Bankr. N.D. Ind. 2007) .................................................................................5

*First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs. Inc.)*,
   837 F.2d 833 (2d. Cir. 1991) ...............................................................................................3

*In re Float*,
   163 B.R. 18 (Bankr. N.D.N.Y. 1993) ..................................................................................6

*In re Ginsberg*,
   164 B.R. 870 (Bankr. S.D.N.Y. 1994)..................................................................................9

*In re Glick*,
   136 B.R. 654 (Bankr. W.D. Va. 1991) ................................................................................5

*Hoos & Co. v. Dynamics Corp. of Am.*,
   570 F.2d 433 (2d Cir. 1978) ................................................................................................3

*In re Houbigant, Inc.*,
   190 B.R. 185 (Bankr. S.D.N.Y. 1995).............................................................................4, 6

*In re Int'l Horizons, Inc.*,
   751 F.2d 1213 (11th Cir. 1985) ...........................................................................................4

*In re Lehman Brothers Holdings, Inc.*,
   2010 Bankr. LEXIS 1411 (Bankr. S.D.N.Y. 2010) ..............................................................4

*Midland Cogeneration Venture Limited Partnership v. Enron Corp. (In re Enron Corp.)*,
   419 F.3d 115 (2d Cir. 2005) .....................................................................................8, 9, 10

*Perry v. Warner (In re Warner)*,
   247 B.R. 24 (B.A.P. 1st Cir. 2000).......................................................................................9

*Pioneer Inv. Servs. Co. v. Brunswich Ass'n Ltd. P'ship*,
   507 U.S. 380 (1993)............................................................................................................9

*In re Raynard*,
   171 B.R. 699 (Bankr. N.D. Ga. 1994) .................................................................................8

*In re Rowe*,
    384 B.R. 732 (Bankr. E.D. Va. 2008)......................................................................................7

*Wilkens v. Simon Brothers, Inc.*,
    731 F.2d 462 (7th Cir. 1984) ....................................................................................................4

## MISCELLANEOUS

9 *Collier on Bankruptcy*
    ¶ 9006.06[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.) ................................8

KL2 2673669.2

Hearing Date and Time: November 18, 2010 at 9:45 a.m. (Eastern Time)
Objection Deadline: November 11, 2010 at 4:00 p.m. (Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Robert T. Schmidt

*Counsel for the Official Committee
of Unsecured Creditors of Motors
Liquidation Company, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.                           :
                                                             :
                         Debtors.                            :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY TO
MOTION OF THE JUNSOS TO BE DEEMED TO HAVE FILED
AN INFORMAL PROOF OF CLAIM OR,
ALTERNATIVELY, FOR LEAVE TO LATE FILE A PROOF OF CLAIM**

TO:    THE HONORABLE ROBERT E. GERBER,
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession in these chapter 11 cases (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this objection (the "**Objection**") to the Motion of the Junsos (the "**Movants**") to be Deemed to Have Filed an

Informal Proof of Claim or, Alternatively, for Leave to Late File a Proof of Claim [Docket No. 7294] (the "**Claim Motion**")[1] and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  The Movants' Claim Motion seeks an order from this Court finding that the Movants' objection to the Debtors' 363 Sale should be deemed to be an informal proof of claim or, alternatively, that they should be permitted to file an approximately $11 million proof of claim close to one year after the bar date due to excusable neglect. The Movants do <u>not</u> contend that they failed to receive service of the Bar Date Orders or that there was any miscommunication or misunderstanding among the Movants' attorneys about when to file a proof of claim. Rather, the Movants concede that they made a conscious decision not to file a proof of claim as part of a litigation strategy and instead decided to seek to overturn the Sale Order so as to hold New GM liable for the personal injury claims.

2.  The Committee is certainly sympathetic to the Movants' situation. However, there are tens of thousands of unsecured creditors in this case who complied with the Bar Date Order (including the Movants' co-appellants in the appeal regarding the objections to the 363 Sale). The Committee is concerned that making an exception here could open the floodgates to potentially hundreds of other late filers. Accordingly, because the Movants consciously decided not to file a claim and fail to meet the established standards for a finding of excusable neglect or the assertion of informal proof of claim, the Claim Motion should be denied.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Claim Motion.

2

## BACKGROUND FACTS

3.  As noted in the Claim Motion, the Movants and four-other co-appellants to the 363 Sale (the "**Jakubowski Group**")[2] stipulated to the voluntary dismissal of their appeal before the Second Circuit. The Debtors and the Movants entered into a separate stipulation whereby the Debtors agreed to neither object to nor oppose the Claim Motion. The stipulation was without prejudice to the rights of any other party to oppose the relief requested in the Claim Motion, including the Committee.

## OBJECTION

### A.  Filing a Timely Proof of Claim is an Integral Part of the Reorganization Process

4.  Courts in this Circuit recognize the importance of filing a formal proof of claim by the bar date. *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs. Inc.)*, 937 F.2d 833, 840 (2d. Cir. 1991) (a proof of claim bar date "does not function merely as a procedural gauntlet . . . but as an integral part of the reorganization process"); *Hoos & Co. v. Dynamics Corp. of Am.*, 570 F.2d 433, 439 (2d Cir. 1978) (holding that the requirement for filing timely proofs of claim is intended to promote finality in the bankruptcy proceedings).

5.  There are thousands of unresolved proofs of claim filed against the Debtors' estates. Unsecured creditor recoveries will be subject to a hold-back in their initial distribution pursuant to the proposed plan of liquidation pending ultimate resolution of these disputed and unliquidated claims. While the Committee understands that one additional claim will not move the needle, it is important to the efficient administration and the wind-down of the Debtors' estates, and in fairness to other unsecured creditors, that the Movants and other potential creditors not be permitted to file late claims or have prior pleadings in the case deemed

---

[2] The Junsos and the other four personal injury claimants are all represented by the same counsel, Steve Jakubowski of the Coleman Law Firm.

to be informal proofs of claims without a showing of the requisite cause. Most recently, the bankruptcy court in *Lehman Brothers* denied several institutional proofs of claim, finding that they did not meet the standards of excusable neglect and that submissions of their guarantee questionnaires did not constitute informal proofs of claim. The court held that the extraordinary size and complexity of the bankruptcy (with the concurrent large amount of filed claims) requires strict application of the bar date and rejection of late filed claims. 2010 Bankr. LEXIS 1411 at *15 (Bankr. S.D.N.Y. 2010).

**B.  The Movants Cannot Meet the Standard for Deeming Their 363 Sale Objection an Informal Proof of Claim**

6.  The Movants assert that the Court should deem their 363 Sale objection an informal proof of claim. However, the Movants do not satisfy the standards for an informal proof of claim, and, as a result, the Court should reject the Claim Motion.

7.  In order for a filing to qualify as an informal proof of claim, it must:
    a.  Have been timely filed with the bankruptcy court and have become part of the judicial record;
    b.  State the existence and nature of the debt;
    c.  State the amount of the claim against the estate; and
    d.  Evidence the creditor's intent to hold the debtor liable for the debt.

*In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995); *see also In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007).

8.  Courts have made clear that for a document to be deemed an informal proof of claim it must do more than notify the Debtors of potential claims. *See In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir. 1985) ("Mere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof [where] the law requires."); *see also Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 465 (7th Cir.

4

1984) (a debtor's "[m]ere knowledge of the existence of the claim . . . is insufficient."). The alleged informal proof of claim must assert an "intent to share in a distribution of the [estate's] assets," *In re Fink*, 366 B.R. 870, 878 (Bankr. N.D. Ind. 2007), and must "explicitly demonstrate the creditor's demand and the intention of the creditor to hold the bankruptcy estate liable for the scheduled debt." *In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991).

9. The Movants' 363 Sale objection merely describes the nature of the injury without providing the amount of the claim against the estate. The Movants' recent stipulation to cap their claims at approximately $11 million cannot retroactively satisfy the requirement that an informal proof of claim state the amount of the claim.

10. Moreover, the thrust of the Movants' 363 Sale objection was that New GM (not the Debtors) should be liable for the injuries that are the subject of the "informal/late proof of claim" on the basis of successor liability. There was no explicit statement in the 363 Sale objection that the Movants were using the sale objection to seek redress from the Debtors. The Movants state that their 363 Sale objection manifested their intent to hold the Debtors liable and it was on that basis they had the requisite standing to object to the 363 Sale. Claim Motion at ¶ 15. If that were true, any potential creditor who files any objection to a sale or any other contested matter in a bankruptcy case prior to the applicable bar date would be excused from filing a formal proof of claim. In fact, the cited portion of the Movants' 363 Sale objection describing the "nature and extent of the Junsos' claims" (Claim Motion at ¶ 4) is contained in the "Parties to the Objection" section of the 363 Sale objection, which merely describes organizations that were parties to the objection (including the Center for Auto Safety, Consumer Action, Consumers for Auto Reliability and Safety, the National Association of Consumer Advocates and Public Citizen) and the four other members of the Jakubowski Group. Nowhere

in the objection do the Movants clearly state their intent to hold the Debtors (as opposed to New GM) liable for the injuries they suffered or state the amount of the claim.

11.  The Movants made a tactical decision to refrain from filing proofs of claim in order to be able to pursue their longshot objection to the 363 Sale (Claim Motion at ¶ 20) and "equity mandates that it be bound by its tactical decision." *See In re Houbigant, Inc.*, 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1995) (holding that copies of counterclaims from a related adversary proceeding in a District Court that were annexed to a bankruptcy filing should not be deemed informal proofs of claim because the movant purposely did not file a proof of claim in order "to avoid subjecting itself to the claims allowance process of the bankruptcy court").  The Movants do not get a second bite at the apple simply because their preferred avenue for recovery was foreclosed by the Second Circuit.

12.  The cases cited by the Movants for the proposition that objections to a 363 sale should be deemed an informal proof of claim are readily distinguishable on their facts.  In *In re Float*, the creditor objected to a sale based on an inadequate sale price, which would leave insufficient funds to pay unsecured creditors (including the objector). 163 B.R. 18, 19 (Bankr. N.D.N.Y. 1993).  The unsecured creditors' objection in *Float* specifically included the exact amount the unsecured creditor was seeking.  In addition, in allowing the informal proof of claim, the bankruptcy court in *Float* found that "by indicating that it has been 'relegated to the position of an unsecured creditor of the debtor', it is clear to the Court that Bradley intended to hold the Debtor liable." *Id.* at 20.  As noted above, the Movants' 363 Sale objection lacked such intent and, if anything, made clear the Movants' desire to seek recovery on their potential claims from New GM, not the Debtors.

6

13. With similar distinguishing features, the claimant in *In re Rowe* included a specific amount of their claim in its sale objection and the court found that the affidavit that accompanied the sale objection to be an informal proof of claim because it "was sufficient to constitute notice of a claim against the estate." 384 B.R. 732, 738 (Bankr. E.D. Va. 2008). The Movants' 363 Sale objection did not include a similar affidavit that provided notice of a claim against the Debtors and the only mention of the Movants' factual situation is very limited and is contained in the description of the parties' bringing the objection. Finally, the court in *Rowe*, in reaching its holding deeming the objection an informal proof of claim, looked favorably on the fact that the late proof of claim was filed late by only approximately one month. *Id.*

14. Lastly, the Movants attempt to analogize their situation to the Court's recent approval of a stipulation whereby a claim submitted by the Lee plaintiffs (the "**Lee Claim**") (filed three months after the Bar Date) was capped at $20 million and the Lee Claim was deemed timely filed [Docket No. 5807]. However, the facts surrounding the submission of that stipulation are quite different from the instant Claim Motion. The Lees had filed a motion to lift the automatic stay in July 2009 to continue their pre-petition litigation against the *Debtors*. This lift-stay motion was adjourned multiple times prior to being heard by the Court on April 18, 2010. In the interim, the Lees filed a late proof of claim and then filed a motion to allow their late claim to be timely filed due to excusable neglect or to find that their lift-stay motion should be deemed an informal proof of claim.

15. At the April 8, 2010 hearing, the Lees asserted that the Debtors made errors regarding sending notice of the Bar Date to the Lees' attorneys and that based on several communications throughout the case (including settlement conferences) the Debtors were aware of the fact that the Lees sought to recover on the lawsuit from the Debtors. At the hearing, this

7

Court stated that the Lee plaintiffs were a "sui generis" case because the Debtors had extensive conversations with the Lee plaintiffs and their attorneys prior to the Bar Date and had knowledge of the court action as a result of the Lee plaintiff's lift stay motion being adjourned multiple times. Hr'g Tr., April 8, 2010 (81:10-20) [Docket No. 5509]. The Court adjourned the motion to file an informal/late proof of claim pending a further evidentiary hearing but noted that the Lee action "may be the paradigmatic case for the *first time* that I will ever authorize a late filing or bless an informal proof of claim." Hr'g Tr., April 8, 2010 (99:20-22) (emphasis added). The very specific facts surrounding the Lee Claim should not provide a basis for granting the instant Claim Motion where the Movants were aware of the Bar Date but consciously chose not to file a timely proof of claim because, instead, they preferred to take their chances by attempting to recover from New GM (or have New GM found liable, as a successor, for the injuries outlined in their 363 Sale objection).

### C. The Movants Cannot Establish Excusable Neglect for Failing to Comply with the Bar Date

16. In the alternative, the Movants assert that the Court should grant them leave to file a late proof of claim on the basis of excusable neglect. The burden falls on the moving party to make a showing that the failure was "the result of excusable neglect." 9 *Collier on Bankruptcy* ¶ 9006.06[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); s*ee Midland Cogeneration Venture Limited Partnership v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir. 2005); *In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999).

17. The four *Pioneer* factors cited by the Movants focus on the equitable considerations into what will be considered "excusable." However, as a threshold matter, there must be some neglect on the party failing to file a proof of claim. *See In re Raynard*, 171 B.R.

8

699, 702-703 (Bankr. N.D. Ga. 1994) (as "failure to answer [complaint] was not the result of 'neglect,' it is unnecessary to proceed to the 'excusable' prong of the analysis prescribed in *Pioneer*"). In *Pioneer*, the Supreme Court looked to the dictionary definition of "neglect" and reasoned that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswich Ass'n Ltd. P'ship*, 507 U.S. 380, 388 (1993). Here, the Movants did not "neglect" to file a proof of claim; they concede that they made a purposeful and conscious decision not to file a proof of claim so as not to submit to the jurisdiction of the Bankruptcy Court. Such a decision falls outside the realm of what is excusable neglect. *See, e.g., Perry v. Warner (In re Warner)*, 247 B.R. 24, 26 (B.A.P. 1st Cir. 2000) (failure to answer a complaint or seek an extension of time was intentional and not excusable neglect). "An erroneous legal conclusion, whether by a party or the party's attorney, does not constitute excusable neglect." *In re Raynard*, 171 B.R. at 702; *see also In re Ginsberg*, 164 B.R. 870 (Bankr. S.D.N.Y. 1994).

18.     Here, the Movants clearly fail the four-part *Pioneer* test as their failure to file a proof of claim was neither caused by "neglect" nor "excusable." As noted in the Claim Motion, the Second Circuit had endorsed a "hard line" approach in applying the *Pioneer* factors. *In re Enron Corp.*, 419 F.3d at 123 (noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.").

19.     The Second Circuit views the third factor in the *Pioneer* test – the reason for the delay, including whether it was within the reasonable control of the movant – as the most

9

important factor. *Id.* Here, the reason given for the delay was that the Movants were concerned their appeal to the 363 Sale would be mooted on jurisdictional grounds if they timely filed a proof of claim. Yet, the Movants made no attempt to sever their appeal from the remainder of the Jakubowski Group, who all timely filed proofs of claim. If the Movants were legitimately concerned that filing a proof of claim would have mooted out their appeal to the District Court, they could have filed an objection to the Bar Date Motion or at a minimum filed a statement by the Bar Date explaining that they did not wish to submit themselves to the jurisdiction of the Bankruptcy Court or obtain creditor status pending their appeal. But they did not. The Movants admit that their position was a longshot strategy, Claim Motion at ¶ 20, and they should not now be permitted to use that strategy to evade this Court's rules for timely filing of proofs of claim.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that (i) the Claim Motion be denied, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: November 11, 2010
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Robert T. Schmidt
Thomas Moers Mayer
Robert T. Schmidt
1177 Avenue of the Americas
New York, New York 10036
Phone: (212) 715-9100
Fax: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors of Motors Liquidation
Company , et al.*

11

KL2 2673669.2