BELLAVIA GENTILE & ASSOCIATES, LLP
200 Old Country Road
 Suite 400
Mineola, New York 11501
(516) 873-3000
Steven Blatt (SB-6792)

Counsel for Rally Auto Group, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
In re

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a/General Motors Corp., et al.,                          Chapter 11 Case No.
                                                             09-50026 (reg)

                              Debtors.                       Jointly Administered
-------------------------------------------------------------------X

## APPELLANT RALLY AUTO GROUP, INC.' S DESIGNATION
## OF RECORD ON APPEAL AND STATEMENT OF ISSUES

Rally Auto Group, Inc. ("Rally" or "Appellant") hereby: (i) designates the

following items as the record on appeal from the October 12, 2010 Order Granting

Motion of General Motors LLC To Enforce 363 Sale Order and Approved Deferred

Termination Agreement of the Honorable Robert E. Gerber (the "Order"); and (ii)

presents the following Statement of Issues on Appeal:

1

A.    **Designation of Record** – Items designated as "previously filed" are already

filed in the docket pursuant to Local Rule 8007-1.

| Item Description | Docket # |
|---|---|
| Motion of General Motors LLC ("New GM") To Enforce 363 Sale Order and Approved Deferred Termination Agreement (the "New GM's Motion to Enforce 363 Sale Order") | 6891, 6892, and 6893 (previously filed) |
| Rally's Objection to New GM's Motion to Enforce 363 Sale Order | 7100 and 7137 (previously filed) |
| New GM's Reply to Rally's Objection to New GM's Motion to Enforce 363 Sale Order | 7166 and 7167 (previously filed) |
| Notice of Adjournment of Hearing | 7136 (previously filed)) |
| Transcript Regarding Hearing Held on October 4, 2010 at 3:06 PM Regarding New GM's Motion to Enforce 363 Sale Order | 7348 (copy attached hereto) |
| New GM Notice of Settlement of Order Granting New GM's Motion to Enforce 363 Sale Order | 7241 and 7246 (previously filed) |
| Rally's Objection to New GM Notice of Settlement of Order Granting New GM's Motion to Enforce 363 Sale Order | 7248 (previously filed) |
| Letter to Honorable Robert E. Gerber filed on Behalf of New GM | 7262 (previously filed) |
| October 12, 2010 Order Granting New GM's Motion to Enforce 363 Sale Order | 7299 (previously filed) |
| Notice of Appeal | 7311 (previously filed) |

436328v1

Civil Cover Sheet                                          7328
                                                           (previously
                                                           filed)

**B.**    **Statement of Issues on Appeal**

    1.    Whether the Bankruptcy Court, in its Order, correctly interpreted, applied and decided the facts and the law raised by New GM's Motion to Enforce 363 Sale Order.

    2.    Whether only an Article III District Court, and not the Bankruptcy Court, had exclusive power and subject matter jurisdiction over that certain action that was pending in the United States District Court (the "California District Court") for the Central District of California, Southern Division, Case No. SACV 10-1236 DOC (the "California District Court Action") because it involved a federal question of interpreting a law of the United States and required traditional judicial review functions, only reserved to Article III courts in order to protect and promote the separation of powers and the three-pronged checks and balances of the United States government.

    3.    Whether the Bankruptcy Court was correct in ruling that it possessed exclusive subject matter jurisdiction over the New GM's Motion to Enforce 363 Sale Order and the California District Court Action pursuant to 28 U.S.C. 1334.

436328v1

4.   Whether the Bankruptcy Court was correct in ruling that the New
GM's Motion to Enforce 363 Sale Order and the California District
Court Action are core matters.

5.   Whether the New GM's Motion to Enforce 363 Sale Order and the
California District Court Action were related proceedings pursuant to
28 U.S.C. 157(c)(1).

6.   Whether the Bankruptcy Court was correct in declining, in the
interests of justice and comity, to abstain or hear the New GM's
Motion to Enforce 363 Sale Order.

7.   Whether the Bankruptcy Court was correct in determining that there is
no applied right of judicial review for an arbitration decision under
Section 747 of the Consolidated Appropriations Act of 2010 (the
"Dealer Arbitration Act").

8.   Whether the Bankruptcy Court was correct in determining that New
GM did not concede a right to judicial review of the arbitrator's
decision in Rally's dealer reinstatement arbitration (under the Dealer
Arbitration Act) by reason of New GM's participation in such
arbitration under the Commercial Arbitration Rules of the American
Arbitration Association ("AAA Commercial Rules).

9.   Whether the Bankruptcy Court was correct in determining that the
AAA Commercial Rules only provide a mechanism to enforce
arbitration awards and not vacate or modify such awards.

4

10.    Whether the Bankruptcy Court was correct in determining that New GM was not judicially estopped from arguing that judicial review of Rally's dealer reinstatement arbitration award must be done by the Bankruptcy Court.

11.    Whether the Bankruptcy Court was correct in determining that, even if judicial review of Rally's dealer reinstatement award was available to Rally, the modification or vacatur of such award was not warranted.

12.    Whether the Bankruptcy Court was correct in determining that the Federal Arbitration Act does not apply to Rally's dealer reinstatement arbitration award.

13.    Whether the Bankruptcy Court was correct in determining that Section 747 Dealer Arbitration Act arbitration awards are not subject to traditional Article III judicial review because such review is not explicitly stated in the law.

14.    Whether the Bankruptcy Court otherwise committed reversible error in or through its Order.

Dated: Mineola, New York
November 12, 2010

Respectfully,

BELLAVIA GENTILE & ASSOCIATES, LLP

BY:  Steven Blatt, Esq. (SB 6792)
Attorneys for Rally Auto Group, Inc.
200 Old Country Road
Suite 400

5

436328v1

Mineola, NY 11501
(516) 873-3000

BELLAVIA GENTILE & ASSOCIATES, LLP
200 Old Country Road
 Suite 400
Mineola, New York 11501
(516) 873-3000
Steven Blatt (SB-6792)

Counsel for Rally Auto Group, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a/General Motors Corp., et al.,                          Chapter 11 Case No.
                                                             09-50026 (reg)

                              Debtors.                       Jointly Administered
-----------------------------------------------------------------X

                        CERTIFICATE OF SERVICE

        I hereby certify that I have this date electronically filed Appellant's Designation

of Record on Appeal and Statement of Issues in this case with the Clerk of the Court

using the CMF/ECF System.


Dated: Mineola, New York
       November 12, 2010


                                         Respectfully,

                                         BELLAVIA GENTILE & ASSOCIATES,
                                         LLP

                                         _____
                                         BY:  Steven Blatt, Esq. (SB 6792)
                                         Attorneys for Rally Auto Group, Inc.
                                         200 Old Country Road
                                         Suite 400
                                         Mineola, NY 11501
                                         (516) 873-3000

                                         7

436328v1