JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Patrick J. Trostle
Heather D. McArn

353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Joseph P. Gromacki
Daniel R. Murray

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY., *et al.*,      :   09-50026 (REG)
                                            :
                       Debtors.             :   (Jointly Administered)
------------------------------------------------------------------------x

**THIRD SUPPLEMENTAL DECLARATION**
**OF DANIEL R. MURRAY IN CONNECTION WITH**
**DEBTORS' APPLICATION TO RETAIN JENNER & BLOCK LLP**

   I, Daniel R. Murray, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

   1.  I am a partner of Jenner & Block LLP (**"Jenner & Block"** or the **"Firm"**), a law firm with offices in Chicago, Illinois; New York, New York; Washington, D.C.; and Los Angeles, California. I am currently resident in the Firm's Chicago office. I am duly authorized to make this Declaration (the **"Third Supplemental Declaration"**) on behalf of Jenner & Block. Except as otherwise indicated, the facts set forth in this Third Supplemental

1

Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. I submit this Third Supplemental Declaration in connection with the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Jenner & Block LLP as Attorneys for the Debtors, *Nunc Pro Tunc* to the Commencement Date (the **"Retention Application"**), which was filed on June 12, 2009 [Docket No. 950] in the above-captioned Chapter 11 cases (the **"Chapter 11 Cases"**) of Motors Liquidation Company and its affiliated debtors (collectively, the **"Debtors"**).[1] In support of the Retention Application, I filed an initial declaration (the **"Initial Declaration"**), dated June 12, 2009, disclosing connections with certain identified persons and entities (the **"Potential Parties in Interest"**). I filed a Supplemental Declaration of Daniel R. Murray in Connection with the Debtors' Application to Retain Jenner & Block LLP, dated June 23, 2009 [Docket No. 2325], in further support of the Retention Application. On June 26, 2009, the Court entered the Order Granting Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure For Authorization To Employ and Retain Jenner & Block LLP As Attorneys For the Debtors, *Nunc Pro Tunc* to the Commencement Date (the **"Order"**) [Docket No. 2608].

3. I filed a Second Supplemental Declaration of Daniel R. Murray in Connection with the Debtors' Application to Retain Jenner & Block LLP, dated October 23, 2009 [Docket No. 4289].

---

[1] The Debtors are: General Motors Corporation (Case No. 09-50026), Chevrolet-Saturn of Harlem, Inc. (Case No. 09-13558), Saturn, LLC (Case No. 09-50027), and Saturn Distribution Corporation (Case No. 09-50028).

2

4. Subsequent to the filing of the Application, the Initial Declaration, the Supplemental Declaration and the Second Supplemental Declaration, Jenner & Block continued to follow its Firm Disclosure Procedures, as defined below, with respect to additional parties for which Jenner & Block will undertake, or has undertaken, representation with respect to various matters.

**Jenner & Block's Disinterestedness and Supplemental Disclosure of Connections**

5. In preparing this Third Supplemental Declaration, and in order to ascertain Jenner & Block's "connections," as that term is used in Bankruptcy Rule 2014(a), with the Debtors, the Debtors' creditors, and other parties-in-interest in the Chapter 11 Cases, I caused a set of procedures developed by Jenner & Block to be used to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the retention of professionals under the Bankruptcy Code (the **"Firm Disclosure Procedures"**). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Third Supplemental Declaration and to ascertain Jenner & Block's connection to such parties:

   a. For new client representations, Jenner & Block entered the new client names into the firm's computer database containing the names of all previously identified parties of interest. Through information generated from this computer-inquiry and through follow-up inquiries with Jenner & Block attorneys, it was confirmed that Jenner & Block's representation of the new client would not conflict with Jenner & Block's representation in these Chapter 11 Cases and will not likely create a conflict in the future.

6. As previously disclosed in the Initial Declaration, Jenner & Block, its partners, attorneys, and counsel have represented in the past, may currently represent, and/or may in the future represent, creditors of the Debtors and various other parties-in-interest in these chapter 11 cases with respect to matters which are completely unrelated to the Debtors and their

3

affiliates. Jenner & Block's, its partners', attorneys', and counsels' supplemental disclosure of connections with these creditors and other parties-in-interest are described below:

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| AON Inc. | Insurance Provider | Affiliate of current client on unrelated matter |
| Citigroup Global Markets Inc. | One of largest 50 bondholders & Major Secured Lender - Credit Revolver Secured Lender | Affiliate of Current Client on Unrelated Matter |
| Comerica Bank | Major Secured Lender - Credit Revolver Secured Lender | Current Client on Unrelated Matter |
| Constellation Energy Group | Utility Company | Affiliate of Current Client on Unrelated Matter |
| Duquesne Light Company | Utility Company | Affiliate of Current Client on Unrelated Matter |
| Emerald Orchard Ltd. | Major Secured Lender - Term Loan Secured Lender | Current Client on Unrelated Matter |
| First Union Commercial Corp. | Affiliate of Board Member | Affiliate of Current Client on Unrelated Matter |
| Highland Credit Opp CDO Ltd. | Major Secured Lender - Term Loan Secured lender | Affiliate of Current Client on Unrelated Matter |
| Highland Floating Rate Fund | Major Secured Lender - Term Loan Secured lender | Current Client on Unrelated Matter |
| Highland Offshore Partners Ltd. | Major Secured Lender - Term Loan Secured lender | Affiliate of Current Client on Unrelated Matter |
| Highland - Pac Sel FD Fltg Rt Ln | Major Secured Lender - Term Loan Secured lender | Affiliate of Current Client on Unrelated Matter |
| King Street Capital Management | One of largest 50 bondholders | Current Client on Unrelated Matter |
| MacQuarie Capital Advisors | Counterparty to Equipment Leasing Contracts | Current Client on Unrelated Matter |
| Metalmark Capital LLC | Investments as a Limited Partnership | Co-Client of Current Client on Unrelated Matter |

| Potential Party in Interest | Relationship with Debtors | Relationship with Jenner & Block |
|---|---|---|
| Oppenheimer Senior Floating Rate Fund | Major Secured Lender - Term Loan Secured Lender | Affiliate of Current Client on Unrelated Matter |
| Pioneer Floating Rate | Major Secured Lender - Term Loan Secured Lender | Current Client on Unrelated Matter |
| Shell Energy North America | Utility Company | Affiliate of Current Client on Unrelated Matter |
| W.Y. Campbell & Co. | Professional Employed | Affiliate of Current Client on Unrelated Matter |

7. In addition to the foregoing, an attorney who has been representing North Shore Gas Co. ("North Shore Gas") has recently joined Jenner & Block as Of Counsel. North Shore Gas is a creditor of the Debtors. This attorney will continue his representation of North Shore Gas and its affiliates in connection with various matters that are unrelated to the Debtors' Chapter 11 proceedings. Prior to his joining Jenner & Block, he represented North Shore Gas in negotiations with the Debtors concerning certain environmental claims. He is continuing this representation, but it will not extend to any litigation that may result if the claim cannot be resolved through negotiation. This representation is unrelated to any matter in which Jenner & Block has been involved as special counsel to the Debtors under Section 327(e) of the Bankruptcy Code. Jenner & Block has sought and received waivers from the Debtors and North Shore Gas to proceed in this matter.

8. Except as described above, none of the matters upon which any of the above mentioned parties were or are represented was or is in connection with the Debtors' chapter 11 bankruptcy. Jenner & Block will not undertake the representation of any of these parties or other parties-in-interest or their affiliates in any transaction in connection with the Debtors' chapter 11 bankruptcy.

9. By way of further disclosure, Jenner & Block currently holds approximately $2,043,908.99 in post-petition retainer for the Debtors. In Paragraph 22 of Jenner & Block's Retention Application, Jenner & Block reported a post-petition retainer amount of $384,906.47. This amount was based on an estimate of the fees owed subtracted from the initial prepetition retainer amount of $6,500,000.00. At a later date, a true-up was performed that placed the actual fees owed at $1,651,259.69 less than the amount that was originally estimated. The accumulation of interest has brought the post-petition retainer balance to its current level. Jenner & Block will draw current amounts approved by this Court and owed by the Debtors from the post-petition retainer pursuant to previous instructions from the Debtors' and return the balance.

10. Jenner & Block will provide the Court with supplemental information regarding Jenner & Block's connections with the Debtors or other parties-in-interest within the meaning of Bankruptcy Rule 2014(a) as such information becomes available.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of November, 2010, in Chicago, Illinois.

*/s/ Daniel R. Murray*
Daniel R. Murray