**Hearing Date:  To Be Determined**
**Objection Deadline:  To Be Determined**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999


Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             )
In re                                                        )        Chapter 11
                                                             )
MOTORS LIQUIDATION COMPANY, *et al.,*                        )        Case No. 09-50026 (REG)
                                                             )
    f/k/a General Motors Corp., *et al.*                     )
                                                             )
                                      Debtors.               )        (Jointly Administered)
-------------------------------------------------------------X


**SECOND INTERIM APPLICATION OF**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR**
**FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

## SUMMARY COVERSHEET TO THE SECOND INTERIM APPLICATION OF DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS

| | |
|---|---|
| NAME OF APPLICANT: | Dean M. Trafelet, Legal Representative for Future Asbestos Personal Injury Claimants |
| DATE OF ORDER OF APPOINTMENT: | April 8, 2010 |
| EFFECTIVE DATE OF APPOINTMENT: | November 13, 2009 |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | June 1, 2010 through September 30, 2010 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THIS APPLICATION: | $42,036.75 |
| TOTAL EXPENSES SOUGHT IN THIS APPLICATION: | $95.75 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION (FEES AND EXPENSES): | $42,132.50 |
| TOTAL PROFESSIONAL HOURS: | 53.70 |
| HOURLY RATE: | $785.00 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's second interim application for compensation. |

## SUMMARY OF PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback (if any) |
|---|---|---|---|---|---|---|---|
| 7/15/2010 | 6350 | Nov. 13, 2009 – May 31, 2010 | $38,936.00 | $2,050.61 | $37,942.98[1] | $1,969.69 | $3,794.30 |

[1] A hearing on the Future Claimants' Representative's First Interim Application was held on October 26, 2010.  At the hearing, the Court approved the Future Claimants' Representative's fees and expenses as reduced by agreement with the Fee Examiner, subject to a 10% holdback on fees requested by the United States Trustee.  Hr'g Tr. 93:7-94:11, October 26, 2010.

**SUMMARY OF HOURS BILLED**

| Professional | Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | $785.00 | 53.70 | $42,036.75 |

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ................................................................................ i

**SUMMARY OF PRIOR APPLICATIONS** ................................................................ ii

**SUMMARY OF HOURS BILLED** ...................................................................... iii

**TABLE OF CONTENTS** ................................................................................ iv

**TABLE OF AUTHORITIES** ...............................................................................v

**INDEX OF EXHIBITS** .................................................................................. vi

**SECOND INTERIM APPLICATION** ....................................................................1

    **I.**    **PRELIMINARY STATEMENT** .................................................................1

    **II.**    **JURISDICTION AND VENUE** ...............................................................4

    **III.**    **BACKGROUND** ...............................................................................4

    **IV.**    **STATUTORY BASIS FOR COMPENSATION**...............................................5

    **V.**    **SUMMARY OF SERVICES RENDERED** ....................................................9

        **A.**    **ASBESTOS CLAIMS VALUATION (C-02)**...........................................9

        **B.**    **CASE ADMINISTRATION (C-06)**...................................................10

        **C.**    **FEE/EMPLOYMENT APPLICATIONS (C-10)** .................................11

            *1.*    *Employment Applications (10-A)* .................................11

            *2.*    *Monthly Fee Statements (10-B)*....................................11

            *3.*    *Fee Examiner Issues (10-C)* .......................................12

            *4.*    *Fee Applications (10-D)*.............................................12

    **VI.**    **DISBURSEMENTS** .........................................................................13

    **VII.**    **CONCLUSION** ..............................................................................13

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 105 ........................................................................................................................ 1
11 U.S.C. § 328 ........................................................................................................................ 1
11 U.S.C. § 330 ................................................................................................................. 1, 5, 6
11 U.S.C. § 330(a)(1) ............................................................................................................... 6
11 U.S.C. § 330(a)(3) ............................................................................................................... 6
11 U.S.C. § 330(a)(3)(A)-(F) ................................................................................................... 7
11 U.S.C. § 331 ................................................................................................................. 1, 5, 6
28 U.S.C. § 1334 ...................................................................................................................... 4
28 U.S.C. § 1408 ...................................................................................................................... 4
28 U.S.C. § 157 ........................................................................................................................ 4
28 U.S.C. § 157(b)(2)(A) ......................................................................................................... 4

**Rules**

FED. R. BANKR. P. 2016 ........................................................................................................ 1, 5
Local Bankruptcy Rule 2016-1 ................................................................................................ 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**          Summary of Professional Fees

**Exhibit D**          Summary of Fees by Project Category

**Exhibit E**          Expense Summary

**Exhibit F**          Monthly Invoices

**Exhibit G**          Certification of Dean M. Trafelet in Support of Second Interim Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010 through September 30, 2010

**SECOND INTERIM APPLICATION OF
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE FOR
FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet as the legal representative for future asbestos personal injury claimants

(the "**Future Claimants' Representative**") in the chapter 11 case of Motors Liquidation

Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**") submits this application (the

"**Application**") for the allowance of interim compensation and reimbursement of expenses for

the period from June 1, 2010 through September 30, 2010 (the "**Second Interim Compensation**

**Period**"), pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local Bankruptcy Rule 2016-1; and this

Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* signed on August 7, 2009

(Docket No. 3711) (the "**Interim Compensation Order**").  In support hereof, the Future

Claimants' Representative respectfully shows this Court as follows:

**I.
PRELIMINARY STATEMENT**

1.       By this Application,[2] the Future Claimants' Representative seeks approval of the

sum of $42,036.75 for services rendered during the Compensation Period and $95.75 for the

---

[2] This Application has been prepared in accordance with the Interim Compensation Order, which
is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for
Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated
November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11
U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

reimbursement of expenses incurred in connection with the rendition of such services, for a total interim award of $42,132.50.

2.    On July 15, 2010, the Future Claimants' Representative filed the *First Interim Application of Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from November 13, 2009 through May 31, 2010* (Docket No. 6350) (the "**First Interim Application**"), seeking allowance of $38,936.00 in professional fees and reimbursement of expenses in the amount of $2,050.61.  A hearing on the First Interim Application was held on October 26, 2010.

3.    Other than the payments made by the Debtor to the Future Claimants' Representative for fees incurred during the prior interim fee period, and those payments, if any, described below, which were made in accordance with this Court's Interim Compensation Order, the Future Claimants' Representative has not received payment of any compensation or reimbursement of expenses in these chapter 11 cases.  There is no agreement or understanding between the Future Claimants' Representative and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

4.    Pursuant to the terms of the Interim Compensation Order, the Future Claimants' Representative, as indicated in the chart below, submitted four invoices for services rendered and reimbursement of expenses incurred during the Second Interim Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received |
|---|---|---|---|
| June 2010 | $8,949.00 | $11.87 | $7,171.07 |
| July 2010 | $12,167.50 | $23.71 | $9,757.71 |
| August 2010 | $8,635.00 | $47.84 | $6,955.84 |

| September 2010 | $12,403.00 | $12.33 | — |
| Totals | $42,154.50 | $95.75 | $23,884.62 |

5.      In total, the Future Claimants' Representative has submitted monthly invoices

during the Second Interim Compensation Period for fees of $42,154.50 and expenses of $95.75.

As of the date of this Application, the Future Claimants' Representative has not received any

objections to his monthly invoices.  The Future Claimants' Representative has received

payments from the Debtor representing 80% of the fees and 100% of the expenses requested in

his June, July and August 2010 invoices.  As of November 9, 2010, the Future Claimants'

Representative has not received any payments from the Debtor for the fees and expenses related

to services rendered during the period from September 1, 2010 through September 30, 2010.

6.      Prior to the filing of this Application, the Future Claimants' Representative

conducted a review of his monthly invoices and determined to reduce the requested fees by

$117.75 in order to comply with the Court's prior rulings regarding fee applications.[3]

Accordingly, the Future Claimants' Representative hereby seeks allowance of fees incurred for

the Second Interim Compensation Period in the amount of $42,036.75, and reimbursement of

actual and necessary expenses incurred for the Second Interim Compensation Period in the

amount of $95.75 for a total interim award of $42,132.50   As of November 9, 2010, $18,247.88

in the requested fees and expenses remain unpaid.

7.      Through this Application, the Future Claimants' Representative seeks approval of

all monthly fees and expenses, as well as authorization to receive (i) any unpaid monthly fees

---

[3] The monthly invoices attached to this Application as **Exhibit G** have been revised to reflect this
reduction in fees.  Some of the task descriptions in the attached invoices have also been revised
in order to clarify the services rendered by the Future Claimants' Representative during the
Second Interim Compensation Period.

3

and expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of his

fees previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy

Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

8.      On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

10.     On June 3, 2009, the United States Trustee appointed the Official Committee of

Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356).  Since that time the

membership of the Creditors' Committee has been reconstituted twice.  *See First Amended*

*Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also*

*Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No.

5201).

11.     On December 23, 2009, the Court appointed Brady C. Williamson as the Fee

Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner

(Docket No. 4708).

4

12.     On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

13.     On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 5214) asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants**").  In the Appointment Motion, the Debtors' stated that they intend to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal injury claims against the Debtors.  Pursuant to an order (the "**FCR Appointment Order**") dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

14.     Pursuant to the FCR Appointment Order, the Future Claimants' Representative is authorized to seek compensation and reimbursement in accordance with the Interim Compensation Order and Section 330 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

15.     The statutory predicates for the award of fees and expenses under the Application are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. Pursuant to Sections 330 and 331 of the Bankruptcy Code, the Future Claimants' Representative seeks compensation for actual and necessary professional services rendered and for reimbursement of expenses incurred during the Second Interim Compensation Period.

5

16.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [the Bankruptcy Code].  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

17.     Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses. Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … or a professional person employed under section 327 or 1103—

> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

18.     Section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors including

> (A)    the time spent on such services;

> (B)    the rates charged for such services;

6

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

19.    The Future Claimants' Representative's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimants that he represents is reasonable.

20.    Mr. Trafelet agreed to his appointment as Future Claimants' Representative and to provide professional services to the Court and the Debtors' estates at his customary hourly rate of $785.00.  The Future Claimants' Representative represents and would demonstrate that his hourly rate for services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other professionals serving in a similar capacity.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of this Application includes a summary schedule of the hours expended by the Future Claimants' Representative, his hourly billing rate and the total value of services rendered to the Debtors' estates during the Second Interim Compensation Period.

21.     The Future Claimants' Representative represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants and not on behalf of any committee, creditor or any other person.  Furthermore, the Future Claimants' Representative respectfully submits that the services for which he seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants that he represents in this case. The services performed by the Future Claimants' Representative were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants, but also the Debtors, the Debtors' estates and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants and the Debtors' estates.

22.     For the Court's review, a summary containing the Future Claimants' Representative's customary billing rate, his time expended, and the total value of services rendered by him during the Second Interim Compensation Period is attached hereto as **Exhibit C.**

23.     A summary of the time expended by the Future Claimants' Representative and the total value of professional services rendered identified by project task category is attached hereto as **Exhibit D.**

24.     Attached hereto as **Exhibit E** is a summary of the expenses incurred by the Future Claimants' Representative during the Second Interim Compensation Period.

25.     Attached hereto as **Exhibit F** are the Future Claimants' Representative's monthly invoices which contain descriptions of the services rendered by the Future Claimants' Representative on a daily basis.

8

**V.**
**SUMMARY OF SERVICES RENDERED**

26.     With respect to the time and labor expended by the Future Claimants'

Representative in this case during the Second Interim Compensation Period, as set forth in

**Exhibits C and D**, the Future Claimants' Representative rendered professional services in the

amount of $42,036.75.  The Future Claimants' Representative believes that it is appropriate for

him to be compensated for the time spent in connection with these matters, and sets forth a brief

narrative description of the services rendered for or on behalf of the Future Claimants that he

represents, and the time expended, organized by project task categories, as follows:

**A.     ASBESTOS CLAIMS VALUATION (C-02)**

27.     During the Second Interim Compensation Period, the Future Claimants'

Representative worked with his professionals to identify the information needed to identify,

estimate, classify and value the asbestos-related liabilities of the Debtors.  The Future Claimants'

Representative and his counsel worked with the Debtors, the Committees, and their respective

professionals to analyze and resolve various issues relating to access to the Debtors' historical

and current asbestos-related claims information, as well as various financial information

pertinent to the Debtors' asbestos-related liabilities.

28.     In connection with his efforts to gain access to the various sources of information

needed to analyze the Debtors' asbestos-related liabilities, the Future Claimants' Representative

filed the *Legal Representative for Future Asbestos Claimants' Application for an Order*

*Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing*

*(A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the*

*Debtors and New GM Believed to Have Knowledge of Relevant Matters* (Docket No. 6379)

through which the Future Claimants' Representative sought entry of an order allowing him to

9

take discovery from the Debtors and New GM regarding the asbestos-related liabilities of the

Debtors.  The Future Claimants' Representative and his professionals worked with the Debtors,

the Committees, and other parties in interest to resolve various discovery requests submitted by

the Future Claimants' Representative and the Committees.  These negotiations resulted in the

resolution of numerous issues relating to the protection of confidential asbestos-claimant

information and ultimately allowed the Future Claimants' Representative and his professionals to

obtain access to the data needed to perform an analysis and estimation of the Debtors' asbestos-

related liabilities.

29.    The Future Claimants' Representative also conducted research regarding the

Debtors' various product lines and potential sources of exposure to asbestos-containing products

manufactured by the Debtors.  This research enabled the Future Claimants' Representative to

expand his earlier review and analysis of the Debtors' asbestos-related liabilities and was

necessary to allow the Future Claimants' Representative and his professionals to identify the

universe of claims against the Debtors.

30.    The Future Claimants' Representative seeks compensation for 45.10 hours of

reasonable and necessary professional fees incurred in the category of Asbestos Claims

Valuation during the Second Interim Compensation Period in the total amount of $35,403.50.

**B.    CASE ADMINISTRATION (C-06)**

31.    During the Second Interim Compensation Period, the Future Claimants'

Representative reviewed various pleadings in this case and routinely communicated with counsel

to remain informed of all material developments in the case.

10

32.    The Future Claimants' Representative seeks compensation for 0.40 hours of reasonable and necessary professional fees incurred in the category of Case Administration during the Second Interim Compensation Period in the total amount of $314.00.

C.    **FEE/EMPLOYMENT APPLICATIONS** (C-10)

   *1.    Employment Applications (10-A)*

33.    During the Second Interim Compensation Period, the Future Claimants' Representative attended to various matters involving his appointment including the review and approval of the *Supplemental Declaration of Dean M. Trafelet in Support of Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants*.  The Future Claimants' Representative also reviewed, revised and approved the *Motion of Dean M. Trafelet, Future Claimant's Representative for an Order Clarifying the Order Appointing him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of his Fees and Expenses, or in the Alternative, Awarding an Administrative Expense Pursuant to Section 503(a) or (b) of the Bankruptcy Code*, seeking clarification of the effective date of his appointment and an order authorizing the Debtors' to pay his outstanding fees and expenses.

34.    The Future Claimants' Representative seeks compensation for 2.30 hours of reasonable and necessary professional fees incurred in the category of Employment Applications during the Second Interim Compensation Period in the total amount of $1,805.50.

   *2.    Monthly Fee Statements (10-B)*

35.    During the Second Interim Compensation Period, the Future Claimants' Representative prepared his monthly fee statements, as required under the Interim Compensation Order.  As indicated in the Court's July 6, 2010 ruling on the second interim fee applications of

11

various professionals, the Future Claimants' Representative is billing time spent in connection with this review at 50% (and the billed time reflects this reduction).

36.    The Future Claimants' Representative seeks compensation for 0.30 hours for reasonable and necessary professional fees incurred in the category of Monthly Fee Statements during the Second Interim Compensation Period in the total amount of $117.75.

### 3.    Fee Examiner Issues (10-C)

37.    During the Second Interim Compensation Period, the Future Claimants' Representative reviewed and responded to various requests for information regarding his First Interim Application.  The Future Claimants' Representative and his counsel prepared a letter response to the Fee Examiner's initial report in an effort to clarify various time entries and resolve the Fee Examiner's concerns.  Ultimately, the Future Claimants' Representative and the Fee Examiner resolved the Fee Examiner's objections to the First Interim Application and stipulated to an agreed reduction in the Future Claimants' Representative's fees and expenses.

38.    The Future Claimants' Representative seeks compensation for 4.10 hours for reasonable and necessary professional fees incurred in the category of Fee Examiner Issues during the Second Interim Compensation Period in the total amount of $1,177.50.

### 4.    Fee Applications (10-D)

39.    During the Second Interim Compensation Period, the Future Claimants' Representative reviewed and approved his First Interim Application, as well as the interim applications for compensation and reimbursement of expenses submitted by his professionals.

40.    The Future Claimants' Representative seeks compensation for 4.10 hours of reasonable and necessary professional fees incurred in the category of Fee Applications during the Second Interim Compensation Period in the total amount of $3,218.50.

## VI.
## DISBURSEMENTS

41.    The Future Claimants' Representative incurred out-of-pocket expenses in the amount of $95.75 in connection with the services rendered during the Second Interim Compensation Period.  A summary of the expenses incurred by the Future Claimants' Representative during the Second Interim Compensation Period is set forth in **Exhibit E.**

42.    These expenses are actual, necessary, out-of-pocket expenses which are not properly included in overhead, and arise exclusively from and are traceable to the services rendered by the Future Claimants' Representative in connection with these chapter 11 cases and were incurred for the benefit of the Future Claimants and are therefore, reimbursable by the estates.  No allowable disbursement is treated as a "profit center" involving a markup over actual cost.

## VII.
## CONCLUSION

43.    The professional services summarized by this Application and rendered by the Future Claimants' Representative were substantial and beneficial to the interests of the Future Claimants that he represents.

44.    The amounts sought by the Future Claimants' Representative consist only of the actual and reasonable billable time expended by him and the actual and necessary expenses incurred by the Future Claimants' Representative during the Second Interim Compensation Period.

45.    The reasonable value of the professional services rendered by the Future Claimants' Representative during the Second Interim Compensation Period is $42,036.75 and

the reasonable and necessary out-of-pocket expenses incurred by the Future Claimants'

Representative are $95.75, for total allowable fees and expenses of $42,132.50.

45.     The Future Claimants' Representative believes that the instant application and the

description of services set forth herein of work performed are in compliance with the

requirements of Local Bankruptcy Rule 2016-1, the Bankruptcy Code, the Local Guidelines and

the U.S. Trustee Guidelines.  As required by the Local Guidelines a true and correct copy of the

Certification of Dean M. Trafelet is attached hereto as **Exhibit G.**

46.     **WHEREFORE**, the Future Claimants' Representative respectfully requests the

entry of an order (a) awarding the Future Claimants' Representative allowance of compensation

for professional services in the amount of $42,036.75 and reimbursement of expenses in the

amount of $95.75 for total compensation of $42,132.50 during the Second Interim Compensation

Period, (b) directing payment of the foregoing amounts to the extent that such amounts have not

already been paid by the Debtors, and the 20% of professional fees that has been held back from

each monthly invoice, and (c) granting the Future Claimants' Representative such other and

further relief as may be appropriate.

Dated: November 15, 2010
         Chicago, Illinois                        Respectfully submitted,

                                                  */s/  Dean M. Trafelet*
                                                  Dean M. Trafelet

                                                  50 West Schiller
                                                  Chicago, IL 60610
                                                  Phone: 312-335-1726
                                                  Facsimile: 312-335-8015

                                                  **Legal Representative for Future Asbestos Personal
                                                  Injury Claimants**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :            **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :            **09-50026 (REG)**
            **f/k/a General Motors Corp.,** *et al*. :
                                                    :
                        **Debtors.**                :            **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---
[1]         Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

      ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

      ORDERED that the Objections are hereby overruled in their entirety; <u>provided</u>,

<u>however</u>, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

      ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)    Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)    Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)    The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)     Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]     The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)     If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)     If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)     The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)     Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)     The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)     Any Retained Professional who fails to timely file an Interim Fee
        Application seeking approval of compensation and expenses previously
        paid pursuant to a Monthly Statement shall be ineligible to receive further
        monthly payments of fees or reimbursement of expenses as provided
        herein until such Interim Fee Application is filed.

(o)     The pendency of an Interim Fee Application or a Court order that payment
        of compensation or reimbursement of expenses was improper as to a
        particular Monthly Statement shall not disqualify a Retained Professional
        from the future payment of compensation or reimbursement of expenses as
        set forth above, unless otherwise ordered by the Court.

(p)     Neither the payment of, nor the failure to pay, in whole or in part, monthly
        compensation and reimbursement as provided herein shall have any effect
        on this Court's interim or final allowance of compensation and
        reimbursement of expenses of any Retained Professionals.

(q)     The attorneys for the Creditors' Committee may, in accordance with the
        foregoing procedure for monthly compensation and reimbursement of
        professionals, collect and submit statements of expenses, with supporting
        vouchers, from members of the Creditors' Committee; *provided*, *however*,
        that these reimbursement requests must comply with this Court's
        Administrative Orders dated June 24, 1991 and April 21, 1995; and it is
        further

(r)     On or before the **30th day** of each month following the month for which
        compensation is sought, the Debtors will transmit a letter (the "**Monthly
        Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus &
        Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J.
        Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the
        State of New York on behalf of the NYSDEC, New York State
        Department of Law Environmental Protection Bureau, The Capitol,
        Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney
        General) setting forth the aggregate fees and aggregate expenses for the
        period covered by the Monthly Letter for all retained professionals
        submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have
        no right to object to or otherwise challenge the Monthly Statements.  The
        Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals

on their monthly operating reports, detailed so as to state the amount paid to each Retained

Professional; provided however, that amounts paid to Ordinary Course Professionals may be

stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
*August 7, 2009*

*s/ Robert E. Gerber*
United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                :

In re                                       :              **Chapter 11 Case No.**
                                             :

**MOTORS LIQUIDATION COMPANY,** *et al.*,    :              **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*    :
                                             :

                    **Debtors.**              :              **(Jointly Administered)**
                                             :
-------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE**
**BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL**
<u>**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed, released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan for MLC, have not manifested symptoms of asbestos-related diseases resulting from such exposure, whether such individuals are determined to have "claims" under section 101(5) of the Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code (the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711], or such other orders as may be entered by the Court with respect compensation of professionals in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior approval of this Court, and such professionals shall be subject to the terms of the Interim Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _**April 8, 2010**_
      New York, New York

_**s/ Robert E. Gerber**_
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

EXHIBIT C

## SUMMARY OF HOURS BILLED BY
## THE FUTURE CLAIMANTS' REPRESENTATIVE
## FOR THE PERIOD FROM
## JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| Professional | Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Trafelet, Dean M. | Illinois - 1969 | $785.00 | 53.70 | $42,036.75 |
| **Totals** | | | 53.70 | $42,036.75 |

**EXHIBIT D**

**EXHIBIT D**

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE PERIOD FROM**
**JUNE 1, 2010 – SEPTEMBER 30, 2010**

|  | Project Category | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Asbestos Issues | — | — |
| 2 | Asbestos Claims Valuation | 45.10 | $35,403.50 |
| 3 | Asset Analysis and Recovery | — | — |
| 4 | Asset Disposition | — | — |
| 5 | Business Operations | — | — |
| 6 | Case Administration | 0.40 | $314.00 |
| 7 | Claims Administration and Objections | — | — |
| 8 | Employee Benefits/Pensions | — | — |
| 9 | Executory Contracts/Unexpired Leases | — | — |
| 10 | Fee/Employment Applications |  |  |
| 10-A | Employment Applications | 2.30 | $1,805.50 |
| 10-B | Monthly Fee Statements | 0.30 | $117.75 |
| 10-C | Fee Examiner Issues | 1.50 | $1,177.50 |
| 10-D | Fee Applications | 4.10 | $3,218.50 |
| 11 | Fee/Employment Objections | — | — |
| 12 | Financing/Cash Collateral | — | — |
| 13 | Hearings | — | — |
| 14 | Litigation | — | — |
| 15 | Nonworking Travel | — | — |
| 16 | Meetings of Creditors | — | — |
| 17 | Plan and Disclosure Statement | — | — |
| 18 | Relief from Stay Proceedings | — | — |
|  | **TOTAL** | 53.70 | $42,036.75 |

**EXHIBIT E**

**EXHIBIT E**

**EXPENSE SUMMARY**
**FOR THE PERIOD FROM**
**JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $33.80 |
| b. External Photocopying | — |
| **Telecommunications** | |
| a. Toll Charges (Long Distance/Internet) | $40.70 |
| b. Facsimile | $21.25 |
| **Courier and Freight** | — |
| **Printing** | — |
| **Court Reporter and Transcripts** | — |
| **Messenger Service** | — |
| **Computerized Research** | — |
| **Out of Town Travel Expenses** | |
| a. Airfare | — |
| b. Hotel | — |
| c. Meals | — |
| d. Cabs/Parking | — |
| e. Mileage | — |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | — |
| **Court Call / Telephonic Hearing Costs** | — |
| **Filing Fees** | — |
| **Total** | **$95.75** |

**EXHIBIT F**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**JUNE 2010 TIME**

**June 2010**

| | | |
|---|---|---|
| 06/01 | Review and analysis of T. Florence/APRC updates on GM and subsidiary research issues (.20); memo to S. Esserman re: ARPC report (.10). | .30 |
| 06/02 | Review and analysis of S. Esserman memo re: protected parties issue (.20); teleconf. with S. Esserman re: production issues (.10); memo to T. Florence regarding asbestos historical data (.20). | .50 |
| 06/03 | Review and analysis of Alix Partner's response to ARPC's most recent data request (.30); memo to S. Esserman and T. Florence re: claims data (.20). | .50 |
| 06/04 | Review and analysis of S. Budd's (Alix Partners) memo response re: asbestos data (.40); review and analysis of APRC's updated report and research re: MLC/GM supplier and subsidiary outline (.50). | .90 |
| 06/05 | Lengthy memo to S. Esserman and T. Florence re: strategy and scheduling (.30). | .30 |
| 06/07 | Email exchanges with S. Esserman re: GM/MLC asbestos exposure data (.20); review May 2010 billing (billed at ½ hourly rate) (.30). | .50 |
| 06/08 | Email exchanges with T. Florence and S. Esserman re: scheduling conference call (.20). | .20 |
| 06/09 | Review S. Esserman memo re: Alix Partners issues relating to fees (.20); and reply to S. Esserman memo regarding Alix Partners issues relating to payment of fees (.10). | .30 |
| 06/10 | Preparation and participation conference call with T. Florence, J. Brophy, A. Brockman of ARPC and | |

|  |  |  |
|---|---|---|
| | S. Esserman re: claims research (.80). | .80 |
| 06/11 | Memo to S. Esserman and T. Florence to coordinate conference call with S. Karotkin (.10); preparation and participation teleconference with S. Karotkin, T. Florence and S. Esserman re: claims data (.70); follow-up discussions with T. Florence and S. Esserman re: claims estimation (.30). | 1.10 |
| 06/12 | Review and reply to H. Panko's request for July 2010 fee and expense estimate (.40); memo to S. Katrokin re: court appearance background (.20). | .60 |
| 06/21 | Memo to S. Esserman re: updates and status of claims data information and estimation progress (.20). | .20 |
| 06/22 | Meeting with T. Florence re: review and analysis of claims data(.50); meeting with S. Esserman re: strategy (.30). | .80 |
| 06/23 | Lengthy memo to W. Longo re: GM asbestos products (.40); memo to T. Florence, J. Brophy (ARPC) re: Scheduling conference call with W. Longo (.10). | .50 |
| 06/28 | Teleconf. with W. Longo and T. Florence re: GM and GM subsidiary asbestos products (.30); memo to S. Esserman re: MAS retention (.10); memo to S. Kazan re: Patterson asbestos case for additional GM Exposures (.20). | .60 |
| 06/29 | Lengthy teleconf. with S. Kazan re: historical GM and GM subsidiaries asbestos containing products and Exposures (.70); review and analysis of GM responses to prior discovery (1.40). | 2.10 |
| 06/30 | Memo to S. Esserman re: discovery issues (.20); review GM NOS  asbestos containing original parts market (1.00). | 1.20 |

Total June 2010 hours 11.10 @ $785.00 per hour + 0.30 hours @ $392.50
per hour = $8,831.25

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**JUNE  2010**
**EXPENSES**

| | | | |
|---|---|---|---|
| **Air Transportation** | | | |
| **Travel Agent Fees** | | | |
| **Surface Transportation** | | | |
| **Hotel and Lodging** | | | |
| **Meals** | | | |
| **Parking** | | | |
| **Mileage** | | @ 48.5 | |
| **Gratuities** | | | |
| **Long Distance Telephone/Data Port** | | | 9.17 |
| **Printing and Photocopy** | 27 | @ .10 | 2.70 |
| **Postage** | | | |
| **Facsimile** | | @ 1.25 | |
| **Overnight Messenger** | | | |
| | | | |
| **TOTAL EXPENSES** | | | $11.87 |

**TOTAL JUNE 2010**

| | |
|---|---|
| **FCR FEES** | $8,831.25 |
| **EXPENSES** | 11.87 |
| **GRAND TOTAL** | $8,843.12 |

**PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**


**GENERAL MOTORS – FCR**


**JULY 2010 TIME**


**July 2010**

| | | |
|---|---|---|
| 07/01 | Review T. Florence memo to W. Longo re: GM subsidiaries (.20); review S. Esserman's memo re: status of discovery documents for GM (.20); review and correct Motion to Clarify Appointment and Declaration (.60); memo exchange with S. Esserman re: August 6th court date agenda (.20). | 1.20 |
| 07/02 | Review, approval and memo transmittal of FCR's Rule 2004 Application and Exhibits (.50). | .50 |
| 07/05 | Review T. Swett's 07/04 memo re: GM/ML insurance claims (.20) and memo to S. Esserman re: J Smolinsky meeting insurance disclosures (.10). | .30 |
| 07/07 | Review and reply to information and background request from H. Panko re: fee petition (.40); preliminary review of GM/ML insurance (.40); memo to S. Esserman on production and analysis of policies and values (.20); memo exchange with S. Esserman re: selection of insurance experts (.20). | 1.20 |
| 07/08 | Review and reply to T. Florence (ARPC) memo re: original data request memo to GM (.20). | .20 |
| 07/12 | Review and comment re: First Interim Fee Applications of DMT, ARPC and SBEP with multiple exhibits (1.10). | 1.10 |
| 07/13 | Review, additions and comments on claims data demand letter to S. Karotkin (.60); memo to R. Brousseau on alternatives to non compliance options of claims data (.20). | .80 |
| 07/14 | Review and comment on Rule 2004 request (.80); review files, prepare and review August fee and expenses budget estimates (.60). | 1.40 |

| | | |
|---|---|---|
| 07/15 | Review final demand letter to S. Karotkin (.20); memo to S. Esserman re: insurance recovery issues and production of policies (.20). | .40 |
| 07/16 | Review and analysis of Remaining Insurance Chart (.60); review demand letter for insurance policies (.20); memo to T. Florence (ARPC) re: insurance recovery issues and analysis of insurance charts (.20); memo to S. Esserman re: insurance recovery analysis (.20); teleconf. with T. Florence re: insurance recovery matters (.30); review ACC letter to GM re: deposing GM's former Risk Manger (L. Buonomo) (.20). | 1.70 |
| 07/19 | Review S. Esserman letter and memo re: remaining insurance coverage (.20). | .20 |
| 07/20 | Review redlined versions of Rule 2004 Application and Order with modifications and suggestions (1.70). | 1.70 |
| 07/21 | Review filed Rule 2004 Application, Order and Exhibits (.30); review and analysis of ARPC's Insurance Issues and Data Requirements Memo (.60); memo to attorneys re: insurance issues (.20); review and analysis of ACC's Notice and Application for FRBP 2004 Examination (.30); memo to S. Esserman re: FCR position and need to join ACC discovery (.20); review and analysis of Creditor's Committee Motion for Discovery and Production re: records of existing asbestos trust and claims processing facilities with exhibits (.70); follow-up memo to FCR counsel re: response and strategy with respect to discovery requests (.20); teleconf. with S. Esserman re: discovery strategy (.30). | 2.80 |
| 07/27 | Memo to S. Esserman re: response to UCC production Requests (.20). | .20 |
| 07/28 | Teleconf. with ACC (J. Cooney) re: Bates White Production Request from existing trusts and claims processing facilities (.40); review Carla Andres (fee examiner's office) memo regarding summary of rulings on fee applications  (.30). | .70 |
| 07/29 | Review, analysis and reply with DMT suggestions to S. Esserman outline of progress and preliminary agenda for meeting with old and New GM and UCC (.70); review and respond to C. Andres' 07/28/10 memo re: fee applications | |

|  |  |  |
|---|---|---|
| **(.30).** |  | **1.00** |
| 07/30 | **Review fee examiner's memo response regarding C. Andres 7/28/2010 memo (.10).** | **.10** |

**Total July 2010 hours 15.50 @ $785.00 per hour = $12,167.50**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**JUNE  2010**
**EXPENSES**

| | | |
|---|---|---|
| **Air Transportation** | | |
| **Travel Agent Fees** | | |
| **Surface Transportation** | | |
| **Hotel and Lodging** | | |
| **Meals** | | |
| **Parking** | | |
| **Mileage** | **@ 48.5** | |
| **Gratuities** | | |
| **Long Distance Telephone/Data Port** | | **15.61** |
| **Printing and Photocopy** | **81 @ .10** | **8.10** |
| **Postage** | | |
| **Facsimile** | **@ 1.25** | |
| **Overnight Messenger** | | |
| | | |
| **TOTAL EXPENSES** | | **$23.71** |

---

**TOTAL JULY 2010**

| | |
|---|---|
| **FCR FEES** | **$12,167.50** |
| **EXPENSES** | **23.71** |
| **GRAND TOTAL** | **$12,191.21** |

**PLEASE CONTACT ME AT 920-839-1485 OR  dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**AUGUST 2010 TIME**

**August 2010**

| | | |
|---|---|---|
| 08/01 | Memo to S. Esserman re: Rule 2004 issues (.20). | .20 |
| 08/02 | Scheduling memo to S. Esserman (.10). | .10 |
| 08/03 | Memo exchange with J. Brophy (ARPC) to schedule and coordinate conference call (.10); conference call with S. Esserman and J. Brophy re: update and status of Rule 2004, proposed plan and general case strategy status of discovery (.30); review and reply to R. Brousseau and S. Esserman memos on data for claim estimation (.40); review and comment on multiple drafts of DMT supplemental Declaration (.60). | 1.40 |
| 08/04 | Review S. Esserman memo re: Rule 2004 filing and objection schedule (.10); review R. Brousseau's memo re: outline of resolution proposal from GM and ML to FCR and ACC Rule 2004 Request (.40). | .50 |
| 08/05 | Review and analysis of GM/ML Agreement Resolving Rule 2004 Application (.60); memo and comments to S. Esserman re: GM/ML resolution agreement (.20); memo to S. Esserman re: scheduling meetings and update teleconference (.10); review and approval of final Resolution Agreement re: Rule 2004 (.40). | 1.30 |
| 08/08 | Memo to S. Esserman re: scheduling and updates re: Rule 2004 status (.20). | .20 |
| 08/10 | Review and forward September 2010 time and expense estimates to H. Panko (.30); teleconf. with Esserman re: update of 08/09 court hearing on discovery and discussion of strategy for full document compliance (.30); teleconf. with Esserman re: ARPC conflict issues (.20); review and analysis of S. Esserman memo re: resolution of Rule 2004 Request (.30); review | |

|  | G. Nass (fee examiner) letter and review of FCR's interim fee application (.20); memo to S. Esserman re: fee examiner's letter regarding FCR's first interim fee application (.10);review and approval of September budget letter (.20). | 1.60 |
|---|---|---|
| 08/12 | Review and approval of APRC and Esserman September budget letters (.20); review, approval and memo to S. Esserman re: finalization of UCC Proposed Confidentiality Agreement, Data Handling Agreement and Order of Implementation (.60); review and comment on P. Bentley's Rule 2004 mark-up, comments and suggestions (.30). | 1.10 |
| 08/13 | Review and approval of  S. Esserman's Rule 2004 mark-ups, comments and suggestions (.40). | .40 |
| 08/16 | Scheduling memo to S. Esserman re: NY meetings (.10); review S. Esserman update memo re: Rule 2004 resolution (.20). | .30 |
| 08/19 | Final review and confirmation of Confidentiality Agreement (.30). | .30 |
| 08/20 | Review and preparation for responses to fee examiner's Request (.30); teleconf. with H. Panko in preparation of response to fee examiner (.30); forward copies of receipts for fee examiner (.10). | .70 |
| 08/21 | Memo to ARPC re: scheduling updates on claims estimations (.10). | .10 |
| 08/24 | Review preliminary overview of ARPC estimation (.40); teleconf. with T. Florence updating quality and quantity of claims data (.30). | .70 |
| 08/25 | Review draft response to fee examiner with suggested changes  and modifications (.30); review final and submitted response to fee examiner (.20); review, approval and process DMT Supplemental Declaration re: Delaware Claims Processing Facility (.40). | .90 |
| 08/27 | Review T. Florence/ARPC memo re: production claims estimating needs (.20); memo to S. Esserman re: resolution of production issues (.10). | .30 |
| 08/29 | Review S. Esserman's memo re: production of claims |  |

data (.20); review ARPC's list of required data points
for claim estimation (.20); review and respond to
joint ACC and FCR response and agreement with debtor
to obtain claims history and data (.50).                                    .90


**Total August 2010 hours 11.00 @ $785.00 per hour = $8,635.00**

**DEAN M. TRAFELET**
**GENERAL MOTORS – FCR**
**AUGUST 2010**
**EXPENSES**

| | | |
|---|---|---|
| **Air Transportation** | | |
| **Travel Agent Fees** | | |
| **Surface Transportation** | | |
| **Hotel and Lodging** | | |
| **Meals** | | |
| **Parking** | | |
| **Mileage** | @ 48.5 | |
| **Gratuities** | | |
| **Long Distance Telephone/Data Port** | | 11.49 |
| **Printing and Photocopy** | 151 @ .10 | 15.10 |
| **Postage** | | |
| **Facsimile** | 17 @ 1.25 | 21.25 |
| **Overnight Messenger** | | |
| | | |
| **TOTAL EXPENSES** | | **$47.84** |

---

**TOTAL AUGUST 2010**

| | | |
|---|---|---|
| **FCR FEES** | **$8,635.00** |
| **EXPENSES** | **47.84** |
| **GRAND TOTAL** | **$8,682.84** |


**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT
ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE
TRANSFER PLEASE EMAIL NOTICE.**

**DEAN M. TRAFELET**
**50 West Schiller**
**Chicago, IL 60610**
**312-335-1726**
**920-839-1485**

**GENERAL MOTORS – FCR**

**SEPTEMBER 2010 TIME**

**September 2010**

| | | |
|---|---|---|
| **09/01** | **Memo to H. Panko re: status of payments (.20).** | **.20** |
| **09/06** | **Memo to S. Esserman and ARPC coordinating status conference call (.20).** | **.20** |
| **09/07** | **Review and analysis of Proposed Anonymity Protocol Agreement (.30); reply memo to S. Esserman re: Proposed Anonymity Protocol Agreement (.20).** | **.50** |
| **09/08** | **Review and analysis of S. Esserman's demand letter to debtor's counsel re: property damage claims (.20); reply to S. Esserman re: property damage issues and insurance coverage (.20); preparation and participation for conference call with legal counsel and A. Brockman of ARPC regarding claims analysis and data issues (.60).** | **1.00** |
| **09/10** | **Research and analysis of related Boiler Inspection Act, Locomotive Inspection Act and Federal Employers Liability Act GM related asbestos claims (3.70); memo to S. Esserman re: recent case law on locomotive engine valves containing asbestos (.30).** | **4.00** |
| **09/13** | **Preparation and participation for conference call with S. Esserman and his staff and A. Brockman of ARPC re: General Motors asbestsos related exposure and claims in the rail and maritime industry (.30); further research and analysis of FLEA, BIA, LIA General Motors related asbestos claims (.2.50).** | **2.80** |
| **09/14** | **Meeting with T. Florence of ARPC re: status and strategies of asbestos claim history research in rail and maritime industries (.60);memo to A. Brockman re: tabulating and evaluating case law and history on asbestos exposures (.50).** | **1.10** |

| | | |
|---|---|---:|
| 09/15 | Meeting with J. Cooney (ACC) re: status of claims data discovery (.30); memo to A. Brockman re: claims data research (.40). | .70 |
| 09/17 | Teleconf. with T. Florence (ARPC) re: GM validity of GM claims data (.30). | .30 |
| 09/21 | Memo to S. Esserman re: schedule of meetings (.20). | .20 |
| 09/22 | Review and analysis of J. Newton's memo report on primary and excess insurance recovery strategy meeting (.50); review and analysis of agreement re: Rule 2004 Applications (.60). | 1.10 |
| 09/27 | Research and analysis of FELA, Locomotive Inspection Act and Boiler Inspection Act claims against GM and it's Subsidiaries (2.00); memo to ARPC re: update on research findings (.20). | 2.20 |
| 09/28 | Teleconf. with asbestos claimant's attorneys regarding GM asbestos litigation (1.10). | 1.10 |
| 09/29 | Memo to S. Esserman re: updates and meeting agenda and schedules (.10). | .10 |
| 09/30 | Review S. Esserman update on GM asbestos liabilities and scheduling (.30). | .30 |

**Total September 2010 hours 15.80 @ $785.00 per hour = $12,403.00**


### DEAN M. TRAFELET
### GENERAL MOTORS – FCR
### SEPTEMBER 2010
### EXPENSES

| | | | |
|---|---|---|---:|
| Air Transportation | | | |
| Travel Agent Fees | | | |
| Surface Transportation | | | |
| Hotel and Lodging | | | |
| Meals | | | |
| Parking | | | |
| Mileage | | @ 48.5 | |
| Gratuities | | | |
| Long Distance Telephone/Data Port | | | 4.43 |
| Printing and Photocopy | 79 | @ .10 | 7.90 |
| Postage | | | |

**Facsimile**                                        @ 1.25
**Overnight Messenger**

**TOTAL EXPENSES**                                   $12.33

---

**TOTAL SEPTEMBER 2010**

| | | |
|---|---|---|
| | **FCR FEES** | $12,403.00 |
| | **EXPENSES** | 12.33 |
| | **GRAND TOTAL** | $12,415.33 |

**PLEASE CONTACT ME AT 920-839-1485 OR dtrafelet@sbcglobal.net FOR CORRECT ADDRESS FOR OVERNIGHT MESSENGER OR US POST DELIVERY.  IF BY WIRE TRANSFER PLEASE EMAIL NOTICE.**

**EXHIBIT G**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| MOTORS LIQUIDATION COMPANY, *et al.,* | ) | Case No. 09-50026 (REG) |
|  | ) |  |
| f/k/a General Motors Corp., *et al.* | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

------------------------------------------------------------X

**CERTIFICATION OF DEAN M. TRAFELET**
**IN SUPPORT OF SECOND INTERIM APPLICATION OF DEAN M. TRAFELET IN**
**HIS CAPACITY AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS**
**PERSONAL INJURY CLAIMANTS, FOR ALLOWANCE OF INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE**
**PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

I, Dean M. Trafelet, certify as follows:

1.      I am over the age of 18 years, and am competent and otherwise qualified to make

this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the

facts set forth herein.

2.       I submit this Certification in support of the *Second Interim Application of Dean M. Trafelet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010 through September 30, 2010* (the "**Application**") and in accordance with the Local Guidelines.[1]

3.       I am the duly appointed Future Claimants' Representative in the above-captioned case responsible for compliance with the Local Guidelines.

4.       I have read the Application.

5.       To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.       To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

7.       Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Future Claimants' Representative.

8.       To the best of my knowledge, information and belief, with respect to disbursements for which reimbursement is sought I do not make a profit on such disbursements, whether the service is performed in-house or by a third-party.

9.       In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of the Future Claimants' Representative's monthly fee statements.

10.     In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of November 2010, in Chicago, Illinois.

*/s/ Dean M. Trafelet*                     
Dean M. Trafelet