STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999


Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                            )
In re                                                       )          Chapter 11
                                                            )
MOTORS LIQUIDATION COMPANY, *et al.*,                       )          Case No. 09-50026 (REG)
                                                            )
          f/k/a General Motors Corp., *et al.*              )
                                                            )
                                        Debtors.            )          (Jointly Administered)
-----------------------------------------------------------X


**SECOND INTERIM APPLICATION OF STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,**
**FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES INCURRED AS COUNSEL FOR**
**DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE**
**FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**
**FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

## SUMMARY COVERSHEET TO THE SECOND INTERIM APPLICATION OF
## STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
## A PROFESSIONAL CORPORATION

| | |
|---|---|
| NAME OF APPLICANT: | Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation |
| AUTHORIZED TO PROVIDE SERVICES TO: | Dean M. Trafelet, in his capacity as Legal Representative for Future Asbestos Personal Injury Claimants. |
| DATE OF ENTRY OF ORDER OF APPOINTMENT: | April 15, 2010 |
| EFFECTIVE DATE OF APPOINTMENT: | February 24, 2010 |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | June 1, 2010 through September 30, 2010 |
| TOTAL PROFESSIONAL FEES SOUGHT IN THIS APPLICATION: | $315,498.50 |
| TOTAL EXPENSES SOUGHT IN THIS APPLICATION: | $4,271.59 |
| TOTAL COMPENSATION SOUGHT IN THIS APPLICATION (FEES AND EXPENSES): | $319,770.09 |
| TOTAL ATTORNEY HOURS: | 720.50 |
| TOTAL PARAPROFESSIONAL HOURS: | 11.00 |
| TOTAL PROFESSIONAL HOURS (ATTORNEYS AND PARAPROFESSIONALS): | 731.50 |
| BLENDED HOURLY RATE (ALL PROFESSIONALS): | $431.30 |
| BLENDED HOURLY RATE (ATTORNEYS ONLY): | $435.22 |
| INTERIM OR FINAL APPLICATION: | This is Applicant's second interim application for compensation. |

## SUMMARY OF PRIOR APPLICATIONS

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback (if any) |
|---|---|---|---|---|---|---|---|
| 7/15/2010 | 6352 | February 24, 2010 – May 30, 2010 | $63,314.50 | $3,712.78 | $61,510.35[1] | $3,647.84 | $6,151.04 |

---

[1] A hearing on SBEP's First Interim Application was held on October 26, 2010.  At that hearing, the Court approved SBEP's fees and expenses as reduced by agreement with the Fee Examiner, subject to a 10% holdback on fees requested by the United States Trustee.  Hr'g Tr. 93:7-94:11, October 26, 2010.

## SUMMARY OF HOURS BILLED BY PROFESSIONAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Year | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | 2010 | $550 | 171.60 | $94,380.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | 2010 | $725 | 71.00 | $51,475.00 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | 2010 | $395 | 146.40 | $57,696.00 |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | 2010 | $425 | 126.90 | $52,445.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | 2010 | $300 | 15.40 | $4,620.00 |
| Panko, Heather J. | Associate Member TX bar since 2006. | 2010 | $300 | 157.70 | $45,142.50 |
| Stringer, Rachael L. | Associate Member TX bar since 2008. | 2010 | $250 | 31.50 | $7,815.00 |
| Jeffery, Cindy L. | Paralegal | 2010 | $175 | 11.00 | $1,925.00 |
| **Grand Total** | | | | **731.50** | **$315,498.50** |
| Blended Rate(All professionals): | | | | | $431.30 |
| Blended Rate (Attorneys only): | | | | | $435.22 |

# TABLE OF CONTENTS

**SUMMARY COVERSHEET** ........................................................................... i

**SUMMARY OF PRIOR APPLICATIONS** ...................................................... ii

**SUMMARY OF HOURS BILLED BY PROFESSIONAL** ................................ iii

**TABLE OF CONTENTS** ............................................................................. iv

**TABLE OF AUTHORITIES** ....................................................................... v

**INDEX OF EXHIBITS** ............................................................................... vi

**SECOND INTERIM APPLICATION** ........................................................... 1

    **I.**      **PRELIMINARY STATEMENT** ................................................. 2

    **II.**     **JURISDICTION AND VENUE** ................................................. 4

    **III.**    **BACKGROUND** ...................................................................... 4

    **IV.**    **STATUTORY BASIS FOR COMPENSATION** ............................ 6

    **V.**     **SUMMARY OF SERVICES RENDERED** .................................. 10

        **A.**    **ASBESTOS ISSUES (C-01)** .............................................. 10

        **B.**    **ASBESTOS CLAIMS VALUATION (C-02)** .......................... 11

        **C.**    **FEE/EMPLOYMENT APPLICATIONS (C-10)** ................... 13

            *1.*    *Employment Applications (10-A)* ................................ 13

            *2.*    *Monthly Fee Statements (10-B)* ................................... 14

            *3.*    *Fee Examiner Issues (10-C)* ...................................... 15

            *4.*    *Fee Applications (10-D)* ............................................ 17

        **D.**    **NONWORKING TRAVEL (C-15)** ...................................... 17

        **E.**    **PLAN AND DISCLOSURE STATEMENT (C-17)** ................. 18

    **VI.**    **DISBURSEMENTS** ................................................................ 19

    **VII.**   **CONCLUSION** ..................................................................... 20

# TABLE OF AUTHORITIES

**<u>Statutes</u>**

11 U.S.C. § 105 ................................................................................................................. 1
11 U.S.C. § 328 ................................................................................................................. 1
11 U.S.C. § 330 ......................................................................................................... 1, 6, 7
11 U.S.C. § 330(a)(1) ........................................................................................................ 7
11 U.S.C. § 330(a)(3) ........................................................................................................ 7
11 U.S.C. § 330(a)(3)(A)-(F) ........................................................................................... 8
11 U.S.C. § 331 ......................................................................................................... 1, 6, 7
28 U.S.C. § 1334 ............................................................................................................... 4
28 U.S.C. § 1408 ............................................................................................................... 4
28 U.S.C. § 157 ................................................................................................................. 4
28 U.S.C. § 157(b)(2)(A) .................................................................................................. 4

**<u>Rules</u>**

Fed. R. Bankr. P. 2016 ................................................................................................. 1, 6
Local Bankruptcy Rule 2016-1 ......................................................................................... 1

## INDEX OF EXHIBITS

**Exhibit A**          Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals

**Exhibit B**          Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants

**Exhibit C**          Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010

**Exhibit D**          Summary of Fees by Professional

**Exhibit E**          Summary of Fees by Project Category

**Exhibit F**          Expense Summary

**Exhibit G**          Monthly Invoices

**Exhibit H**          Certification of Sander L. Esserman in Support of Second Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred for the Period from June 1, 2010 through September 30, 2010

**SECOND INTERIM APPLICATION OF STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION,
FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL FOR
DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL REPRESENTATIVE
FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**Applicant**" or

"**SBEP**"), counsel to Dean M. Trafelet in his capacity as legal representative for future asbestos

personal injury claimants (the "**Future Claimants' Representative**") in the chapter 11 case of

Motors Liquidation Company (f/k/a General Motors Corp.) ("**MLC**" or the "**Debtor**"), submits

this application (the "**Application**") for the allowance of interim compensation and

reimbursement of expenses for the period from June 1, 2010 through September 30, 2010 (the

"**Second Interim Compensation Period**"), pursuant to 11 U.S.C. §§ 105, 330 and 331; Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); Local

Bankruptcy Rule 2016-1; and this Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals* signed on August 7, 2009 (Docket No. 3711) (the "**Interim Compensation

Order**").  In support hereof, SBEP respectfully shows this Court as follows:

# I.
## PRELIMINARY STATEMENT

1.      By this Application,[2] SBEP seeks approval of the sum of $315,498.50 for services rendered during the Second Interim Compensation Period and $4,271.59 for the reimbursement of expenses incurred in connection with the rendition of such services, for a total interim award of $319,770.09.

2.      On July 15, 2010, SBEP filed the *First Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from February 24, 2010 through May 31, 2010,* (the "**First Interim Application**") seeking allowance of $63,314.50 in professional fees and reimbursement of expenses in the amount of $3,712.78. A hearing on the First Interim Application was held on October 26, 2010.

3.      Other than the payments made by the Debtors to SBEP for fees incurred during the prior interim fee period, and those payments if any, described below, which were made in accordance with this Court's Interim Compensation Order, SBEP has not received payment of any compensation or reimbursement of expenses in these chapter 11 cases. There is no agreement or understanding between SBEP and any other person for the sharing of compensation to be received for services rendered during the Debtors' chapter 11 cases.

---

[2] This Application has been prepared in accordance with the Interim Compensation Order, which is attached hereto as **Exhibit A**, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (General Order M-389) dated November 25, 2009 (the "**Local Guidelines**") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, dated January 30, 1996 (the "**U.S. Trustee Guidelines**").

4.      Pursuant to the terms of the Interim Compensation Order, SBEP, as indicated in the chart below, submitted four invoices for services rendered and reimbursement of expenses incurred during the Second Interim Compensation Period.

| Time Period Covered by Invoice | Fees Requested | Expenses Requested | Payment Received |
|---|---|---|---|
| June 2010 | $22,961.00 | $829.86 | $19,198.66 |
| July 2010 | $92,904.50 | $681.63 | $74,925.23 |
| August 2010 | $127,183.00 | $864.85 | $102,611.25 |
| September 2010 | $73,279.50 | $1,895.25 | — |
| Totals | **$316,328.00** | **$4,271.59** | **$196,735.14** |

5.      In total, SBEP submitted monthly invoices during the Second Interim Compensation Period for fees of $316,328.00 and expenses of $4,271.59.  As of the date of this Application, SBEP has not received any objections to its monthly invoices.  SBEP has received payments from the Debtors representing 80% of the fees and 100% of the expenses for services rendered and invoiced from June 1, 2010 through August 30, 2010.  As of November 4, 2010, SBEP has not received any payments from the Debtors for fees and expenses related to services rendered during the period covered by its September 2010 invoice.

6.      Prior to the service of each monthly invoice, SBEP conducted an internal review of the fees and expenses incurred during that month.  As a result of such review, SBEP determined to write off $400.00 in fees.  The monthly invoices reflected the reduced amount after any write offs.  In addition, prior to filing this Application, SBEP conducted a further

review and determined to write off an additional $729.50 in fees.[3]  Accordingly, SBEP hereby

seeks allowance of fees incurred for the Second Interim Compensation Period in the amount of

$315,498.50, and reimbursement of actual and necessary expenses incurred for the Second

Interim Compensation Period in the amount of $4,271.59, for a total interim award of

$319,770.09.  As of November 4, 2010, $123,034.95 in the requested fees and expenses remain

unpaid.

7.    Through this Application, SBEP seeks approval of all monthly fees and expenses

that have been paid to date, as well as authorization to receive (i) any unpaid monthly fees and

expenses on account of the above monthly invoices, and (ii) the twenty percent (20%) of its fees

previously held back from each of the invoices previously submitted in accordance with the

Interim Compensation Order.

## II.
## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334, and the District Court's *Standing Order of Referral of Bankruptcy Cases to Bankruptcy

Judges* dated July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

9.    On June 1, 2009 (the "**Petition Date**"), Motors Liquidation Company (f/k/a

General Motors Corporation) and several of its affiliates (collectively, the "**Debtors**")

commenced this case under chapter 11 of the Bankruptcy Code.

---

[3] The monthly invoices attached to this Application as **Exhibit G** have been revised to reflect this reduction in fees.  Some of the task descriptions in the attached invoices have also been revised in an effort to clarify the services rendered by SBEP during the Second Interim Compensation Period.

10.    On June 3, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). (*See* Docket No. 356). Since that time, the membership of the Creditors' Committee has been reconstituted twice. *See First Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No. 4552); *see also Second Amended Appointment of the Official Committee of Unsecured Creditors* (Docket No. 5201).

11.    On December 23, 2009, the Court appointed Brady C. Williamson as the Fee Examiner, pursuant to the Stipulation and Order with Respect to Appointment of a Fee Examiner (Docket No. 4708).

12.    On March 2, 2010, the United States Trustee appointed the Official Committee of Unsecured Creditors Holding Asbestos Related Claims of Motors Liquidation Company (the "**Asbestos Committee**", and together with the Creditors' Committee, the "**Committees**") (Docket No. 5206).

13.    On March 9, 2010, the Debtors filed their *Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants* (the "**Appointment Motion**") (Docket No. 5214) asking this Court to appoint the Future Claimants' Representative to represent and protect the interests of holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants**"). In the Appointment Motion, the Debtors' stated that they intend to propose a plan of reorganization that will establish a trust to process and pay current and future asbestos personal injury claims against the Debtors. Pursuant to an order (the "**FCR Appointment Order**"), dated April 8, 2010, this Court approved Dean M. Trafelet's appointment as the Future Claimants' Representative (Docket No. 5459, attached hereto as **Exhibit B**).

14.     On March 16, 2010, the Future Claimants' Representative filed his *Application of Dean M. Trafelet as Proposed Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010* (Docket No. 5275).

15.     By Order signed on April 15, 2010, this Court authorized the Future Claimants' Representative to retain and employ SBEP as his bankruptcy counsel effective as of February 24, 2010.  A true and correct copy of the *Order Granting Application of Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants to Retain and Employ Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation as His Counsel as of February 24, 2010* (the "**Retention Order**") (Docket No. 5506) is attached hereto as **Exhibit C.**

16.     Pursuant to the terms of the Retention Order, SBEP is authorized to seek compensation and reimbursement in accordance with the Interim Compensation Order under Sections 330 and 331 of the Bankruptcy Code.

## IV.
## STATUTORY BASIS FOR COMPENSATION

17.     The statutory predicates for the award of fees and expenses under the Application are Sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016. Pursuant to Sections 330 and 331 of the Bankruptcy Code, SBEP seeks compensation for actual and necessary professional services rendered and for reimbursement of expenses incurred during the Second Interim Compensation Period.

18.     Section 331 of the Bankruptcy Code provides as follows:

> A trustee, examiner, a debtor's attorney, or any other professional person employed under section 327 or 1103 of [the Bankruptcy Code] may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered

> before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [the Bankruptcy Code]. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

19.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award an applicant, as counsel for a debtor, creditors' committee or other professional employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of expenses. Specifically, Section 330 of the Bankruptcy Code states, in relevant part, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … or a professional person employed under section 327 or 1103—
>
>     (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
>     (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

20.    Section 330(a)(3) provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors including

> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3)(A)-(F).

21.    SBEP's request for compensation for professional services and reimbursement for expenses incurred on behalf of the Future Claimant's Representative and his constituents is reasonable.

22.    SBEP agreed to represent the Future Claimants' Representative at hourly rates for its attorneys, paralegals, and law clerks, and on the same basis and factors as are normally considered in determining fees.  The rates charged are the normal rates charged by SBEP for the work performed in similar matters for similar clients for this law firm.  SBEP represents and would demonstrate that the hourly rates charged by SBEP for the services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the performance of similar services rendered by other experienced bankruptcy counsel and other professionals in matters of this type.  As required by the Local Guidelines and the U.S. Trustee Guidelines, the cover page of the Application includes a schedule of all shareholders, associates and paralegals of SBEP who rendered services to the Future Claimants' Representative during the Second Interim Compensation Period, showing their hourly billing rates and the total hours expended by each during the Second Interim Compensation Period.

23.    All professionals rendering services in this case have made a deliberate effort to avoid any unnecessary duplication of work and time expended.  When more routine tasks were involved, SBEP utilized the talents of its less experienced attorneys or paraprofessionals whenever possible to reduce the overall fees in this matter without sacrificing the quality of services rendered.

24.    SBEP represents that all services for which allowance of compensation is requested were performed on behalf of the Future Claimants' Representative and his constituents, and not on behalf of any committee, creditor or any other person.  Furthermore, SBEP respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the protection of the interests of the Future Claimants' Representative and his constituents.  The services performed by SBEP were performed economically, effectively and efficiently, and the results obtained have benefited not only the Future Claimants' Representative and his constituents, but also the Debtors, the Debtors' estates and other parties in interest.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Future Claimants' Representative and the Debtors' estate.

25.    For the Court's review, a summary containing the name of each professional providing services during the Second Interim Compensation Period, including the professional's standard billing rate, is attached hereto as **Exhibit D.**

26.    A summary of the time expended by SBEP and the total value of professional services rendered identified by project task category is attached hereto as **Exhibit E**.

27.    Attached hereto as **Exhibit F** is a summary of the expenses incurred by SBEP during the Second Interim Compensation Period.

28.    Attached hereto as **Exhibit G** are SBEP's monthly invoices which contain descriptions of the services rendered by SBEP on a daily basis.

### V.
### SUMMARY OF SERVICES RENDERED

29.    With respect to the time and labor expended by SBEP in this case during the Second Interim Compensation Period, as set forth in **Exhibits D and E**, SBEP rendered professional services in the amount of $315,498.50.  SBEP believes that it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered for or on behalf of the Future Claimants' Representative and his constituents, and the time expended, organized by project task categories, as follows:

A.    **ASBESTOS ISSUES** (C-01)

30.    During the Second Interim Compensation Period, SBEP regularly reviewed various pleadings in this case that raised issues affecting the rights of the Future Claimants. SBEP routinely communicated with the Future Claimants' Representative, the Debtors, the Committees, and other interested parties to remain informed of all material developments in the case, and regularly communicated with the Future Claimants' Representative about his duties and responsibilities under the Bankruptcy Code.

31.    SBEP seeks compensation for 28.20 hours of reasonable and necessary professional fees incurred in the category of Asbestos Issues during the Second Interim Compensation Period in the total amount of $8,425.50.

32.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| ASBESTOS ISSUES – (C-01) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 0.60 | $435.00 |
| Hartwick, Jo E. | Shareholder | 10.90 | $4,305.50 |
| Panko, Heather J. | Associate | 6.40 | $1,882.50 |
| Jeffery, Cindy L. | Paralegal | 10.30 | $1,802.50 |
| **TOTALS** | | 28.20 | $8,425.50 |

### B.    ASBESTOS CLAIMS VALUATION (C-02)

33.    During the Second Interim Compensation Period, SBEP worked with the Future Claimants' Representative and Analysis Research Planning Corporation ("**ARPC**"), the Future Claimants' Representative's asbestos claims valuation consultant, to identify the information needed to identify, estimate, classify and value the asbestos-related liabilities of the Debtors. SBEP also worked with the Debtors, the Committees, and their respective professionals to analyze and resolve various issues relating to access to the Debtors' historical and current asbestos-related claims information, as well as various financial information pertinent to the Debtors' asbestos-related liabilities.

34.    In connection with the efforts of the Future Claimants' Representative to obtain access to the various sources of information needed to analyze the Debtors' asbestos-related liabilities, SBEP, on behalf of the Future Claimants' Representative, prepared and filed the *Legal Representative for Future Asbestos Claimants' Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and New GM Believed to Have Knowledge of Relevant Matters* (Docket No. 6379) through which the

Future Claimants' Representative sought entry of an order allowing him to take discovery from the Debtors and New GM regarding the asbestos-related liabilities of the Debtors. SBEP was also extensively engaged in the negotiations related to the resolution of the various discovery requests submitted by the Committees and the Debtors. These negotiations resulted in the resolution of numerous issues relating to the protection of confidential asbestos-claimant information and ultimately allowed the Future Claimants' Representative and his professionals to obtain access to the data needed to perform an analysis and estimation of the Debtors' asbestos-related liabilities.

35.     SBEP also conducted research regarding the Debtors' various product lines and potential sources of exposure to asbestos-containing products manufactured by the Debtors. This research enabled SBEP, the Future Claimants' Representative and ARPC to continue to review and analyze the Debtors' asbestos-related liabilities and was necessary to allow the Future Claimants' Representative and his professionals to identify the universe of claims against the Debtors. SBEP also conducted an investigation into the Debtors' insurance and the availability of insurance coverage for asbestos-related claims against the Debtors.

36.     SBEP seeks compensation for 407.40 hours of reasonable and necessary professional fees incurred in the category of Asbestos Claims Valuation during the Second Interim Compensation Period in the total amount of $201,276.50.

37.     A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| ASBESTOS CLAIMS VALUATION (C-02) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 141.50 | $77,825.00 |
| Esserman, Sander L. | Shareholder | 57.40 | $41,615.00 |
| Hartwick, Jo E. | Shareholder | 66.80 | $26,254.00 |
| Newton, Jacob L. | Shareholder | 111.40 | $47,345.00 |
| Cioni, Briana L. | Associate | 14.20 | $4,260.00 |
| Panko, Heather J. | Associate | 6.30 | $1,640.00 |
| Stringer, Rachael L. | Associate | 9.10 | $2,215.00 |
| Jeffery, Cindy L. | Paralegal | 0.70 | 122.50 |
| **TOTALS** | | 407.40 | $201,276.50 |

## C.    FEE/EMPLOYMENT APPLICATIONS (C-10)

### 1.    *Employment Applications (10-A)*

38.    During the Compensation Period, SBEP attended to various matters involving the appointment of the Future Claimants' Representative, including preparing the *Supplemental Declaration of Dean M. Trafelet in Support of Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants.* SBEP, also prepared the *Motion of Dean M. Trafelet, Future Claimant's Representative for an Order Clarifying the Order Appointing him as Legal Representative for Future Asbestos Personal Injury Claimants and Directing Payment of his Fees and Expenses, or in the Alternative, Awarding an Administrative Expenses Pursuant to Section 503(a) or (b) of the Bankruptcy Code* (the "**Clarification Motion**")*,* seeking clarification

13

of the effective date of the Future Claimants' Representative's appointment and an order

authorizing the Debtors' to pay his outstanding fees and expenses. SBEP also attended the

hearing on the Clarification Motion, which was granted by the Court.

39.    SBEP seeks compensation for 53.00 hours of reasonable and necessary

professional fees incurred in the category of Employment Applications during the Second

Interim Compensation Period in the total amount of $20,274.50.

40.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| EMPLOYMENT APPLICATIONS (10-A) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 4.60 | $2,530.00 |
| Esserman, Sander L. | Shareholder | 5.40 | $3,915.00 |
| Hartwick, Jo E. | Shareholder | 7.60 | $3,002.50 |
| Newton, Jacob L. | Shareholder | 5.40 | $2,295.00 |
| Cioni, Briana L. | Associate | 1.20 | $360.00 |
| Panko, Heather J. | Associate | 28.80 | $8,172.50 |
| **TOTALS** | | 53.00 | $20,274.50 |

### 2.    *Monthly Fee Statements (10-B)*

41.    During the Second Interim Compensation Period, SBEP prepared its monthly fee

statements, as required under the Interim Compensation Order, and assisted the Future

Claimants' Representative and ARPC with the preparation and service of their monthly fee

statements. SBEP also reviewed the monthly fee statements of SBEP, the Future Claimants'

Representative and ARPC to prevent any privileged and/or confidential information from disclosure in the monthly fee statements.  As indicated in the Court's July 6, 2010, ruling on the second interim fee applications of various professionals, SBEP is billing its time spent in connection with this review at 50% (and the billed time reflects this reduction).[4]

42.    SBEP seeks compensation for 8.90 hours for reasonable and necessary professional fees incurred in the category of Monthly Fee Statements during the Second Interim Compensation Period in the total amount of $1,658.50.

43.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| MONTHLY FEE STATEMENTS (10-B) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 0.20 | $145.00 |
| Hartwick, Jo E. | Shareholder | 0.30 | $118.50 |
| Panko, Heather J. | Associate | 8.40 | $1,395.00 |
| **TOTALS** | | 8.90 | $1,658.50 |

### 3.    *Fee Examiner Issues (10-C)*

44.    During the Second Interim Compensation Period, SBEP reviewed and responded to the various requests for information regarding its First Interim Application.  SBEP prepared a

---

[4] As noted on SBEP's July, August, and September invoices, all time in this category is billed at one-half the applicable hourly rate.  During the month of June, instead of billing the applicable time entries at one-half the applicable hourly rate, SBEP wrote off one-half of the time billed during the month of June related to the review of monthly fee statements.  Thus, SBEP has endeavored to ensure that time spent in connection with the monthly fee statements is billed at 50%.

letter response and engaged in numerous phone conversations with counsel for the Fee Examiner

in an effort to resolve various issues raised by the Fee Examiner.  SBEP also reviewed and

responded to the Fee Examiner's requests for information regarding the Future Claimants'

Representative's first interim fee application and worked with the Future Claimants'

Representative and counsel for the Fee Examiner to resolve the Fee Examiner's concerns

regarding the Future Claimants' Representative's fees and expenses.  In addition, SBEP assisted

ARPC in its review and response to the Fee Examiner's reports regarding ARPC's first interim

fee application.  SBEP's efforts in this area allowed SBEP and the Future Claimants'

Representative to resolve the Fee Examiner's objections to their respective fees and expenses,

resulting in agreed reductions.

45.    SBEP seeks compensation for 49.50 hours for reasonable and necessary

professional fees incurred in the category of Fee Examiner Issues during the Second Interim

Compensation Period in the total amount of $15,881.50.

46.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| FEE EXAMINER ISSUES (10-C) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 1.60 | $1,160.00 |
| Hartwick, Jo E. | Shareholder | 3.70 | $1,461.50 |
| Panko, Heather J. | Associate | 44.20 | $13,260.00 |
| **TOTALS** | | 49.50 | $15,881.50 |

### 4.    *Fee Applications (10-D)*

47.    During the Second Interim Compensation Period, SBEP prepared its First Interim

Application as required under the Interim Compensation Order.  SBEP also prepared the first

interim fee applications for the Future Claimants' Representative and ARPC.  The time spent by

SBEP in this category also includes time spent preparing the monthly budget letters for the

Future Claimants' Representative, SBEP and ARPC as required under the order appointing the

Fee Examiner.

48.    SBEP seeks compensation for 67.20 hours for reasonable and necessary

professional fees incurred in the category of Fee Applications during the Second Interim

Compensation Period in the total amount of $19,428.50.

49.    A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| FEE APPLICATIONS (10-D) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Esserman, Sander L. | Shareholder | 1.30 | $942.50 |
| Hartwick, Jo E. | Shareholder | 1.30 | $513.50 |
| Panko, Heather J. | Associate | 41.60 | $12,192.50 |
| Stringer, Rachael L. | Associate | 23.00 | $5,780.00 |
| **TOTALS** | | 67.20 | $19,428.50 |

## D.    NONWORKING TRAVEL (C-15)

50.    During the Second Interim Compensation Period, SBEP incurred certain fees and

expenses for nonworking travel when necessary to attend meetings and hearings in this case.

17

SBEP incurred 7.00 hours of reasonable and necessary professional fees for nonworking travel. All time incurred in this category was billed at one-half the applicable hourly rate.

51.    SBEP seeks compensation for 7.00 hours of reasonable and necessary legal fees incurred on behalf of the Future Claimants' Representative in the category of Nonworking Travel during the Second Interim Compensation Period in the total amount of $1,487.50.

52.    A summary of the professionals providing services under this category, the total hours spent and the total compensation requested by professional is provided in the following table.

| NONWORKING TRAVEL (C-15) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Newton, Jacob L. | Shareholder | 7.00 | $1,487.50 |
| **TOTALS** | | 7.00 | $1,487.50 |

### E.    PLAN AND DISCLOSURE STATEMENT (C-17)

53.    During the Second Interim Compensation Period, SBEP reviewed and analyzed the treatment of asbestos-related claims under various drafts of the *Debtors' Joint Chapter 11 Plan.* SBEP also reviewed and analyzed the *Disclosure Statement for Debtors' Joint Chapter 11 Plan*. SBEP worked with the Future Claimants' Representative and ARPC to identify various issues relating to the treatment of asbestos-related claims under the proposed plan and provided the Future Claimants' Representative with recommended changes to the plan.

54.    SBEP seeks compensation for 110.30 hours of reasonable and necessary professional services incurred in the category of Plan and Disclosure Statement during the Second Interim Compensation Period in the total amount of $47,066.00.

55.     A summary of the professionals providing services under this category, the total

hours spent and the total compensation requested by professional is provided in the following

table.

| PLAN AND DISCLOSURE STATEMENT – (C-17) | | | |
|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Fees** |
| Brousseau, Robert T. | Shareholder | 25.50 | $14,025.00 |
| Esserman, Sander L. | Shareholder | 4.50 | $3,262.50 |
| Hartwick, Jo E. | Shareholder | 55.80 | $22,041.00 |
| Newton, Jacob L. | Shareholder | 3.10 | $1,317.50 |
| Panko, Heather J. | Associate | 21.40 | $6,420.00 |
| **TOTALS** | | 110.30 | $47,066.00 |

## VI.
## DISBURSEMENTS

56.     SBEP incurred out-of-pocket expenses in the amount of $4,271.59 in connection

with the services rendered during the Second Interim Compensation Period.  A summary of the

expenses incurred by SBEP during the Second Interim Compensation Period is set forth in

**Exhibit F.**

57.     These expenses are actual, necessary, out-of-pocket expenses which are not

properly included in overhead, and arise exclusively from and are traceable to the services

rendered by SBEP in connection with these chapter 11 cases and were incurred for the benefit of

the Future Claimants' Representative and his constituents, and are therefore, reimbursable by the

estate.  No allowable disbursement is treated as a "profit center" involving a markup over actual

cost.

58.     In this case, SBEP has charged $0.10 per page for photocopies, rather than the $0.20 per page that SBEP usually charges its clients.  These charges are intended to cover SBEP's direct operating costs for photocopying facilities, which costs are not incorporated into SBEP's hourly billing rates.  Disbursements for computer research, local and long-distance travel, delivery services, out-sourced printing, long-distance telephone charges, filing fees, telephonic hearing costs, and other expenses are charged at actual cost to SBEP.

59.     Only clients who actually use photocopying, facsimile, and other services outlined above and in **Exhibit F** are separately charged for such services.  A determination of the actual expense per page for photocopying and facsimile is dependant on both the volume of copies or facsimiles and the total expense attributable to photocopying and facsimiles on an annual basis.

60.     None of the travel related expenses incurred by SBEP during the Second Interim Compensation Period were for first-class airfare, luxury accommodations, or deluxe meals.

61.     SBEP made every effort to minimize its disbursements in this case.  The actual expenses incurred in providing professional services to the Future Claimants' Representative were necessary, reasonable and justified under the circumstances.

## VII.
## CONCLUSION

62.     The professional services summarized by this Application and rendered by SBEP were substantial and beneficial to the interests of the Future Claimants' Representative and his constituents.

63.     The amounts sought by SBEP consist only of the actual and reasonable billable time expended by the firm and the actual and necessary expenses incurred by SBEP during the Second Interim Compensation Period.

64.     The reasonable value of the professional services rendered by SBEP during the

Second Interim Compensation Period is $315,498.50 and the reasonable and necessary out-of-

pocket expenses incurred by SBEP are $4,271.59, for total allowable fees and expenses of

$319,770.09.

65.     SBEP believes that the instant application and the description of services set forth

herein of work performed are in compliance with the requirements of Local Bankruptcy Rule

2016-1, the Bankruptcy Code, the Local Guidelines and the U.S. Trustee Guidelines.  As

required by the Local Guidelines a true and correct copy of the Certification of Sander L.

Esserman is attached hereto as **Exhibit H.**

*[remainder of page intentionally left blank]*

66.    **WHEREFORE**, SBEP respectfully requests the entry of an order (a) awarding

SBEP allowance of compensation for professional services in the amount of $315,498.50 and

reimbursement of expenses in the amount of $4,271.59 for total compensation of $319,770.09

during the Second Interim Compensation Period, (b) directing payment of the foregoing amounts

to the extent that such amounts have not already been paid by the Debtors, and the 20% of

professional fees that has been held back from each monthly invoice, and (c) granting SBEP such

other and further relief as may be appropriate.

Dated: November 15, 2010
      Dallas, Texas                     Respectfully submitted,

                                     **STUTZMAN, BROMBERG, ESSERMAN &**
                                     **PLIFKA, A PROFESSIONAL CORPORATION**

                                      /s/ *Sander L. Esserman*
                                      Sander L. Esserman (admitted *Pro Hac Vice*)
                                      Robert T. Brousseau (admitted *Pro Hac Vice*)
                                      Peter C. D'Apice
                                      Jo E. Hartwick (Admitted *Pro Hac Vice*)
                                      2323 Bryan Street, Suite 2200
                                      Dallas, Texas 75201
                                      Telephone:  (214) 969-4900
                                      Facsimile:  (214) 969-4999

                                      **Counsel for Dean M. Trafelet in his Capacity as the**
                                      **Future Claimants' Representative**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                :
In re                                           :                    **Chapter 11 Case No.**
                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.,*       :                    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al*.   :
                                                :
        **Debtors.**   :                    **(Jointly Administered)**
                                                :
---------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion, dated July 21, 2009 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 331 of title 11, United States Code

(the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

**Bankruptcy Rules**"), for entry of an order authorizing the establishment of certain procedures

for interim compensation and reimbursement of professionals, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and upon the objection of the St. Regis Mohawk Tribe

(the "**Tribe Objection**") and the State of New York on behalf of the New York State

Department of Environmental Conservation (the "**State Objection,**" and together with the Tribe

Objection, the "**Objections**") to the Motion; and upon the reply (the "**Reply**") of Debtors to the

Objections; and a hearing having been held to consider the relief requested in the Motion (the

"**Hearing**"); and upon the record of the Hearing, and all of the proceedings had before the Court;

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the reasons set forth on the record of the Hearing, the Motion

is granted as provided herein; and it is further

ORDERED that the Objections are hereby overruled in their entirety; provided,

however, that the Debtors shall provide the St. Regis Mohawk Tribe (the "**Tribe**") and the New

York State Department of Environmental Conservation (the "**NYSDEC**") with the Monthly

Letter (as defined below); and it is further

ORDERED that except as may otherwise be provided in Court orders authorizing

the retention of specific professionals, all professionals in this case may seek interim

compensation in accordance with the following procedure:

(a)     Except as provided in paragraph (b) below, on or before the **30th day** of each month following the month for which compensation is sought, each professional seeking compensation will serve a monthly statement (the "**Monthly Statement**"), by hand or overnight delivery, on (i) the Debtors, Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Stephen Karotkin, Esq. and Joseph Smolinsky, Esq.); (iii) the attorneys for the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq. and Robert Schmidt, Esq.); and (iv) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.) (collectively, the "**Notice Parties**").

(b)     Each professional shall serve the Monthly Statement for the month of June 2009 on or before August 14, 2009.

(c)     The Monthly Statement shall not be filed with the Court and a courtesy copy need not be delivered to Chambers because this Motion is not intended to alter the fee application requirements outlined in sections 330

and 331 of the Bankruptcy Code.  Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York.

(d)     Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney, paralegal, etc.) who provided services during the period covered by the Monthly Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of **tenths (1/10) of an hour** or as close thereto as practicable.[2]

(e)     Except as provided for in paragraph (f) below, each Notice Party shall have at least **15 days** after receipt of a Monthly Statement to review it and, if such party has an objection to the compensation or reimbursement sought in a particular Monthly Statement (an "**Objection**"), such party shall, by no later than the **45th day** following the month for which compensation is sought (the "**Objection Deadline**"), serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(f)     Each Notice Party shall have at least **15 days** after receipt of the Monthly Statement for June 2009 to review it and, if such party has an Objection, such party shall, by no later than the **60th day** following the end of the month of June 2009, serve upon the professional whose Monthly Statement is objected to, and the other persons designated to receive statements in paragraph (a) above, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)     At the expiration of the Objection Deadline, the Debtors shall promptly pay **80%** of the fees and **100%** of the expenses identified in each Monthly Statement to which no Objection has been served in accordance with paragraphs (e) and (f) above.

---

[2]    The Debtors may seek to modify this requirement in the retention application of certain professionals.

(h)    If the Debtors receive an Objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g) above.

(i)    If an Objection is resolved and if the party whose Monthly Statement was the subject of the Objection serves on all Notice Parties a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g) above, that portion of the Monthly Statement that was withheld is no longer subject to the Objection.

(j)    All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below.

(k)    The service of an Objection in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(l)    Commencing with the period ending September 30, 2009, and at four-month intervals thereafter (the "**Interim Fee Period**"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "**Retained Professionals**") shall file with the Court an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than **45 days** after the end of the Interim Fee Period.

(m)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "**Interim Fee Hearing**").  At least **30 days** prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(n)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

(o)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(p)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.

(q)    The attorneys for the Creditors' Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the Creditors' Committee; *provided*, *however*, that these reimbursement requests must comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and it is further

(r)    On or before the **30th day** of each month following the month for which compensation is sought, the Debtors will transmit a letter (the "**Monthly Letter**") to (i) the attorneys for the Tribe, McNamee, Lochner, Titus & Williams, P.C., 677 Broadway, Albany, New York 12207 (Attn: John J. Privitera Esq. and Jacob F. Lamme, Esq.) and (ii) the attorneys for the State of New York on behalf of the NYSDEC, New York State Department of Law Environmental Protection Bureau, The Capitol, Albany, New York 12224 (Attn: Maureen F. Leary, Assistant Attorney General) setting forth the aggregate fees and aggregate expenses for the period covered by the Monthly Letter for all retained professionals submitting Monthly Fee Statements.  The Tribe and NYSDEC shall have no right to object to or otherwise challenge the Monthly Statements.  The Monthly Letter is being provided for informational purposes only.

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; provided however, that amounts paid to Ordinary Course Professionals may be stated in the aggregate on any monthly operating reports; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; _provided_, _however_, that the Debtors shall serve a copy of this Order on each of the Retained Professionals; and it is further

ORDERED that notice of hearings to consider Interim Fee Applications and final fee applications shall be limited to the Notice Parties and any party who files a notice of appearance and requests notice in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        _**August 7, 2009**_


                          _**s/ Robert E. Gerber**_
                          United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.* :
                                          :
                    **Debtors.**          :          **(Jointly Administered)**
                                          :
------------------------------------------------------------x

<u>**ORDER PURSUANT TO SECTIONS 105 AND 1109 OF THE**
**BANKRUPTCY CODE APPOINTING DEAN M. TRAFELET AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**</u>

Upon the Motion, dated March 8, 2010 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105 and 1109 of title 11, United

States Code (the "**Bankruptcy Code**"), for an Order appointing Dean M. Trafelet as Legal

Representative for "Future Claimants" (as hereinafter defined), all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be given; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that Dean M. Trafelet is hereby appointed as the legal representative

(the "**Future Claimants' Representative**") of individuals who were exposed to asbestos or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

asbestos-containing products that were manufactured, sold, supplied, produced, distributed,

released, or marketed by any of the Debtors but who, prior to confirmation of a chapter 11 plan

for MLC, have not manifested symptoms of asbestos-related diseases resulting from such

exposure, whether such individuals are determined to have "claims" under section 101(5) of the

Bankruptcy Code or "demands" within the meaning of section 524(g)(5) of the Bankruptcy Code

(the "**Future Claimants**"); and it is further

ORDERED that the Future Claimants' Representative shall have standing under

section 1109(b) of the Bankruptcy Code to be heard as a party in interest in all matters relating to

the Debtors' chapter 11 cases, as appropriate, and the Future Claimants' Representative shall

have such powers and duties of a committee as set forth in section 1103 of the Bankruptcy Code

as are appropriate for a Future Claimants' Representative; and it is further

ORDERED that the Future Claimants' Representative shall be compensated, at

the rate of $785 per hour and shall be entitled to reimbursement of reasonable and necessary

expenses, in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the

"**Interim Compensation Orde**r"), entered by this Court on August 7, 2009 [Docket No. 3711],

or such other orders as may be entered by the Court with respect compensation of professionals

in these cases; and it is further

ORDERED that the Future Claimants' Representative may employ attorneys and

other professionals consistent with sections 105 and 327 of the Bankruptcy Code, subject to prior

approval of this Court, and such professionals shall be subject to the terms of the Interim

Compensation Order; and it is further

ORDERED that the Future Claimants' Representative shall not be liable for any

damages, or have any obligations other than as prescribed by orders of this Court; *provided,*

*however*, that the Future Claimants' Representative may be liable for damages caused by his

willful misconduct or gross negligence.  The Future Claimants' Representative shall not be liable

to any person as a result of any action or omission taken or made by the Future Claimants'

Representative in good faith.  The Debtors shall indemnify, defend, and hold the Future

Claimants' Representative harmless from any claims by any party against the Future Claimants'

Representative arising out of or relating to the performance of his duties as Future Claimants'

Representative; *provided, however*, that the Future Claimants' Representative shall not have such

indemnification rights if a court of competent jurisdiction determines pursuant to a final and non-

appealable order that the Future Claimants' Representative is liable upon such claim as a result

of willful misconduct or gross negligence.  If, before the earlier of (i) the entry of an order

confirming a chapter 11 plan in MLC's chapter 11 case (that order having become a final order

and no longer subject to appeal), and (ii) the entry of an order closing MLC's chapter 11 case,

the Future Claimants' Representative believes that he is entitled to payment of any amounts by

the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement

obligations under this Order, including, without limitation, the advancement of defense costs, the

Future Claimants' Representatives must file an application therefor in this Court and the Debtors

may not pay any such amounts to the Future Claimants' Representative before the entry of an

order by this Court approving the payment.  The preceding sentence is intended to specify the

period of time under which this Court shall have the jurisdiction over any request for fees and

expenses by the Future Claimants' Representative for indemnification, contribution, or

reimbursement and is not a limitation on the duration of the Debtors' obligation to indemnify the

Future Claimants' Representative to the extent provided herein.  In the event that a cause of

action is asserted against the Future Claimants' Representative arising out of or relating to the

performance of his duties as Future Claimants' Representative, the Future Claimants'

Representative shall have the right to choose his own counsel; and it is further

ORDERED that the Future Claimants' Representative and its counsel shall be

entitled to receive all notices and pleadings which are served upon the Unsecured Creditors'

Committee pursuant to any and all orders entered in these chapter 11 cases, including, without

limitation, the Interim Compensation Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _**April 8, 2010**_
New York, New York

_**s/ Robert E. Gerber**_
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                        )

In re                                )          Chapter 11

                                          )

MOTORS LIQUIDATION COMPANY, *et al.,*   )          Case No. 09-50026 (REG)

                                          )

       f/k/a General Motors Corp., *et al.*      )

                                          )

                      Debtors.      )          (Jointly Administered)

---------------------------------------------------------------X

**ORDER GRANTING APPLICATION OF DEAN M. TRAFELET AS LEGAL
REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS
TO RETAIN AND EMPLOY STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION AS HIS COUNSEL AS OF FEBRUARY 24, 2010**

Upon the Application, dated March 16, 2010 (the "**Application**"),[1] of Dean M. Trafelet

as legal representative for future asbestos personal injury claimants (the "**Future Claimants'**

**Representative**"), pursuant to sections 105(a), 327(a) and 1103 of title 11 of the United States

Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), for entry of an order authorizing the employment of Stutzman,

Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**"), as attorney for the Future

Claimants' Representative, effective as February 24, 2010; and upon the Declaration of Sander

L. Esserman, a shareholder of SBEP, attached to the Application as Exhibit A (the "**Esserman**

**Declaration**"); and the Court being satisfied, based upon the representations made in the

Application and the Esserman Declaration, that SBEP is "disinterested" as such term is defined

in Section 101(14) of the Bankruptcy Code and that SBEP represents no interest adverse to the

Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---
[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule

2014(a), the Future Claimants' Representative is authorized to employ and retain SBEP as his

counsel in this chapter 11 case in accordance with SBEP's normal hourly rates and disbursement

policies, all as contemplated by the Application, effective as of February 24, 2010; and SBEP's

withdrawal as counsel to the Ad Hoc Committee of Asbestos Claimants is approved; and it is

further

ORDERED that SBEP shall be compensated in accordance with the standards and

procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and

the Order Pursuant to Section 105(a) and 331 of the Bankruptcy Code Establishing Procedures

for Interim Compensation and Reimbursement of Expenses of Professionals, entered by this

Court on August 7, 2009, or such other orders as may be entered by the Court with respect to

compensation of professionals in these cases; and it is further

ORDERED that notice of this Application as provided herein and therein shall be deemed

good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated:  New York, New York
         *April 15, 2010*

                              *s/ Robert E. Gerber*
                              ROBERT E. GERBER
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

**EXHIBIT D**

## SUMMARY OF HOURS BILLED BY
## STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
### A PROFESSIONAL CORPORATION
### FOR THE PERIOD FROM
### JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| Professional | Position of Professional Person and Year Licensed to Practice Law | Hourly Billing Rate | Total Hours Billed | Total Fees |
|---|---|---|---|---|
| Brousseau, Robert T. | Shareholder Member TX bar since 1972. | $550 | 171.60 | $94,380.00 |
| Esserman, Sander L. | Shareholder Member TX bar since 1976. | $725 | 71.00 | $51,475.00 |
| Hartwick, Jo E. | Shareholder Member TX bar since 1990. | $395 | 146.40 | $57,696.00 |
| Newton, Jacob L. | Shareholder Member AR bar since 2001, TX bar since 2004. | $425 | 126.90 | $52,445.00 |
| Cioni, Briana L. | Associate Member TX bar since 2005. | $300 | 15.40 | $4,620.00 |
| Panko, Heather J. | Associate Member TX bar since 2006. | $300 | 157.70 | $45,142.50 |
| Stringer, Rachael L. | Associate Member TX bar since 2008 | $250 | 31.50 | $7,815.00 |
| Jeffery, Cindy L. | Paralegal | $175 | 11.00 | $1,925.00 |
| **Totals** | | | **731.50** | **$315,498.50** |
| Blended hourly rate (all professionals): | | | | $431.30 |
| Blended hourly rate (attorneys only): | | | | $435.22 |

**EXHIBIT E**

**EXHIBIT E**

### COMPENSATION BY PROJECT CATEGORY
### FOR THE PERIOD FROM
### JUNE 1, 2010 – SEPTEMBER 30, 2010

|      | Project Category | Total Hours | Total Fees |
|------|------------------|-------------|------------|
| 1    | Asbestos Issues | 28.20 | $8,425.50 |
| 2    | Asbestos Claims Valuation | 407.40 | $201,276.50 |
| 3    | Asset Analysis and Recovery | — | — |
| 4    | Asset Disposition | — | — |
| 5    | Business Operations | — | — |
| 6    | Case Administration | — | — |
| 7    | Claims Administration and Objections | — | — |
| 8    | Employee Benefits/Pensions | — | — |
| 9    | Executory Contracts/Unexpired Leases | — | — |
| 10   | Fee/Employment Applications | | |
| 10-A | Employment Applications | 53.00 | $20,274.50 |
| 10-B | Monthly Fee Statements | 8.90 | $1,658.50 |
| 10-C | Fee Examiner Issues | 49.50 | $15,881.50 |
| 10-D | Fee Applications | 67.20 | $19,428.50 |
| 11   | Fee/Employment Objections | — | — |
| 12   | Financing/Cash Collateral | — | — |
| 13   | Hearings | — | — |
| 14   | Litigation | — | — |
| 15   | Nonworking Travel | 7.00 | $1,487.50 |
| 16   | Meetings of Creditors | — | — |
| 17   | Plan and Disclosure Statement | 110.30 | $47,066.00 |
| 18   | Relief from Stay Proceedings | — | — |
|      | **TOTAL** | 731.50 | $315,498.50 |

**EXHIBIT F**

**EXHIBIT F**

**EXPENSE SUMMARY**
**FOR THE PERIOD FROM**
**JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| **Photocopying** | |
| a. Internal Photocopying | $102.10 |
| b. External Photocopying | $248.98 |
| **Telecommunications** | |
| a. Toll Charges | $41.19 |
| b. Facsimile | $46.25 |
| **Courier and Freight** | $926.70 |
| **Printing** | — |
| **Court Reporter and Transcripts** | $825.50 |
| **Messenger Service** | — |
| **Computerized Research** | $457.86 |
| **Out of Town Travel Expenses** | |
| a. Airfare | $791.40 |
| b. Hotel | $530.21 |
| c. Meals | $12.50 |
| d. Cabs/Parking | $131.90 |
| e. Mileage | $55.00 |
| f. Rental Car | — |
| **Word Processing, Secretarial and other Staff Services** | — |
| **Overtime Expenses** | |
| a. Non-Professional | — |
| b. Professional | — |
| **Local Meals** | — |
| **Local Transportation** | — |
| **Court Call / Telephonic Hearing Costs** | $102.00 |
| **Filing Fees** | — |
| **Total** | **$4,271.59** |

**EXHIBIT G**

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS
2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE: www.sbep-law.com

Invoice 119667
July 21, 2010

DEAN N. TRAFELET, FCR
50 WEST SCHILLER
CHICAGO, IL 60610

Client/Matter No.: TR006-0002
Re: GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                            SLE
For services performed through 06/30/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 06/01/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 06/01/10 | Review FCR's draft invoice for May 2010. | HJP | 0.30 |
| 06/01/10 | Attending hearing by telephone on New GM's motion to enforce 363 Sale Order. | JEH | 1.90 |
| 06/02/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings.. | CLJ | 0.10 |
| 06/02/10 | Conference with Mr. Trafelet regarding case and regarding information for future claims study. | SLE | 0.30 |
| 06/03/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 06/03/10 | Confer with Ms. Panko regarding revisions to professional invoices to protect privileged communications. | JEH | 0.30 |
| 06/03/10 | Work on issues regarding discovery for study of future claims; correspondence with FCR and expert regarding discovery related to future claims. | SLE | 0.50 |
| 06/04/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/07/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/07/10 | Correspondence with the FCR and ARPC regarding monthly fee statements and budgets. | HJP | 0.30 |
| 06/08/10 | Review SBEP's May 2010 invoice (0.4); work on preparing budget for FCR and his professionals for June 2010 (0.4). | HJP | 0.80 |
| 06/08/10 | Correspondence with FCR and expert regarding open issues relating to claims analysis; conference with FCR regarding claims estimation. | SLE | 0.40 |
| 06/09/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 2
Invoice 119667

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 06/09/10 | Analyze issues relating to informal objection to FCR's fees from Alix Partners including review of FCR's retention papers (1.1); multiple correspondence with Mr. Esserman regarding Alix Partner's informal objection to FCR's fees (0.3); correspondence with FCR regarding issues related to payment of FCR's fees (0.2). | HJP | 1.60 |
| 06/10/10 | Order transcript of proceedings from April 8. | CLJ | 0.50 |
| 06/10/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/10/10 | Review hearing transcript regarding FCR's retention and draft correspondence to Mr. Esserman regarding analysis of transcript. | HJP | 0.50 |
| 06/10/10 | Multiple correspondence with Mr. Brophy regarding budget; revise July 2010 budget letter. | HJP | 0.40 |
| 06/10/10 | Work on open issues regarding production of claims data; conference with ARPC regarding claims data. | SLE | 0.50 |
| 06/11/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/11/10 | Conference with Mr. Esserman regarding FCR's fees; review materials and prepare correspondence to FCR regarding objection to his fees. | HJP | 0.50 |
| 06/11/10 | Conference with GM attorneys, ARPC and FCR regarding case, open issues, and futures analysis. | SLE | 0.80 |
| 06/11/10 | Conference and correspondence with FCR regarding analysis of claims; correspondence with FCR regarding budget issues. | SLE | 0.30 |
| 06/12/10 | Correspondence regarding case and budget with ARPC and Mr. Trafelet. | SLE | 0.30 |
| 06/14/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/14/10 | Review hearing agenda for June 15. | HJP | 0.10 |
| 06/16/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 06/18/10 | Begin working on first interim fee application of FCR. | HJP | 2.00 |
| 06/21/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 06/21/10 | Work on drafting FCR's first interim fee application. | HJP | 1.50 |
| 06/21/10 | Review revised fee statement from ARPC and prepare correspondence regarding same. | HJP | 0.20 |
| 06/21/10 | Conference with FCR regarding case and future claims analysis; Follow-up correspondence with FCR regarding case and future claims analysis. | SLE | 0.50 |
| 06/21/10 | Review monthly fee statement. | SLE | 0.20 |
| 06/22/10 | Continue drafting the FCR's first interim fee application (3.1); conference with Ms. Stringer regarding preparation of SBEP's first | HJP | 3.40 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 3
Invoice 119667

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | interim fee application (0.3). | | |
| 06/22/10 | Brief review of recent filings. | JEH | 0.40 |
| 06/22/10 | Meet with Ms. Panko regarding preparation of SBEP First Interim Fee Application. | RLS | 0.30 |
| 06/23/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 06/23/10 | Order transcript of April 29 fee hearing. | CLJ | 0.50 |
| 06/23/10 | Review U.S. Trustee's response to fee applications of various professionals (0.4); review Fee Examiner's response to fee applications (0.3); work on FCR's first interim fee application and exhibits to same (1.8). | HJP | 2.50 |
| 06/23/10 | Brief review of recent filings (0.4); review summary of Response of the United States Trustee Regarding Second Interim Applications and Adjourned First Interim Applications.(0.2) | JEH | 0.60 |
| 06/23/10 | Conference with FCR and experts regarding analysis of claims data. | SLE | 0.30 |
| 06/23/10 | Conference with attorneys for Committee regarding claims data. | SLE | 0.30 |
| 06/24/10 | Research regarding retention matters. | HJP | 1.40 |
| 06/24/10 | Review orders appointing Future Claimants' Representative and authorizing retention of Stutzman, Bromberg, Esserman & Plifka, P.C. and Analysis, Research, Planning Corporation regarding authority to retain other professionals (.4); review local rules and Motors Liquidation Company docket regarding deadlines to file Application to retain professionals and regarding filing same on presentment (.6); prepare report to Mr. Esserman regarding application to retain additional professional and deadlines in connection with same (.3). | JEH | 1.30 |
| 06/24/10 | Review standing Order and U.S. Trustee guidelines regarding preparation of Fee Applications (.5); review Fee Examiner status reports (.5); work on preparation of SBEP's First Interim Fee Application (3.2). | RLS | 4.20 |
| 06/24/10 | Attend conference call with experts regarding discovery and options. | SLE | 0.70 |
| 06/25/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 06/25/10 | Prepare form of application of FCR to retain professional and related papers (.5); review correspondence between AlixPartners and ARPC regarding asbestos data (.8). | JEH | 1.30 |
| 06/25/10 | Continue to work on preparation of SBEP's First Interim Fee Application. | RLS | 2.70 |
| 06/28/10 | Review transcript from hearing on first interim fee applications for relevance to the FCR's and his professionals first interim fee applications. | HJP | 0.30 |
| 06/28/10 | Continue to work on preparation of SBEP's First Interim Fee Application. | RLS | 4.20 |
| 06/28/10 | Correspondence with FCR regarding application to retain additional. Professionals. | SLE | 0.20 |
| 06/28/10 | Review of docket regarding case. | SLE | 0.20 |
| 06/28/10 | Correspondence with FCR regarding future study; correspondence with ARPC regarding future study. | SLE | 0.20 |
| 06/29/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 06/29/10 | Work on preparation of SBEP's First Interim Fee Application and | RLS | 5.20 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | exhibits regarding same. | | |
| 06/30/10 | Meeting with R. Brousseau, J. Hartwick and H. Panko regarding FCR appointment/fee issues and preparation of motion related thereto (0.8); meeting with R. Brousseau, J. Hartwick and H. Panko regarding preparation of 2004 examination papers (0.5); assist in preparation of 2004 examination papers (2.0). | BLC | 3.30 |
| 06/30/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 06/30/10 | Meeting with Mr. Brousseau, Ms. Hartwick and Ms. Cioni to discuss fee and retention issues for FCR. | HJP | 0.80 |
| 06/30/10 | Meeting with Mr. Brousseau, Ms. Hartwick and Ms. Cioni to discuss discovery matters. | HJP | 0.50 |
| 06/30/10 | Review pleadings and correspondence related to retention and fee Matters for FCR in connection with Alix Parterns objection. | HJP | 1.60 |
| 06/30/10 | Conference with Ms. Cioni, Ms. Panko and Mr. Brousseau regarding compensation of Future Claimants' Representative (.8) and conference with Ms. Cioni, Ms. Panko and Mr. Brousseau regarding discovery issues (.5); conduct and review research regarding compensation of Future Claimants Representatives/Legal Representatives (.8); prepare Application for Rule 2004 production of documents by and oral examination of Debtors (2.4). | JEH | 4.50 |
| 06/30/10 | Work on preparation of SBEP's First Interim Fee Application and exhibits regarding same. | RLS | 2.20 |
| 06/30/10 | Work on preparation of ARPC's First Interim Fee Application. | RLS | 2.10 |
| 06/30/10 | Meet with Ms. Cioni, Ms. Panko and Ms. Hartwick regarding compensation issue (0.8); meet with Ms. Cioni, Ms. Panko and Ms. Hartwick regarding discovery issues and analyze data needs relating to future claims (0.5); review documents relating to FCR and confer with Mr. Esserman regarding pleading (1.0); review data requests and data responses and earlier 2004 motions (1.1); confer with Mr. Esserman regarding court filings (0.1). | RTB | 3.50 |
| 06/30/10 | Conference calls and correspondence with FCR, Committee and expert regarding discovery and open issues regarding report. | SLE | 0.50 |
| | Total Hours | | 66.60 |

## Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Briana Cioni | Associate | $300.00 | 3.30 | $990.00 |
| Cindy L Jeffery | Paralegal | $175.00 | 3.70 | $647.50 |
| Heather Panko | Associate | $300.00 | 18.70 | $5,610.00 |
| Jo E Hartwick | Shareholder | $395.00 | 10.30 | $4,068.50 |
| Rachael Stringer | Associate | $250.00 | 20.90 | $5,225.00 |
| Robert T Brousseau | Shareholder | $550.00 | 3.50 | $1,925.00 |
| Sander L Esserman | Shareholder | $725.00 | 6.20 | $4,495.00 |
| | | Total Fees | | $22,961.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 5
Invoice 119667

Itemized Expenses:

| | |
|---|---:|
| Deliveries | 208.76 |
| Photocopies | 27.80 |
| Transcripts of Hearings | 593.30 |
| Total Expenses | $829.86 |

Stutzman, Bromberg, Esserman & Plifka Invoice

Invoice 119667

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 66.60 |
| Fees | $22,961.00 |
| Expenses | $829.86 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$23,790.86** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 120032
August 19, 2010

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                    SLE

For services performed through 07/31/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 07/01/10 | Review 363 Sale order and APA in case regarding document retention, access to information, etc. (0.8); conference with R. Brousseau, J. Hartwick and H. Panko regarding motion to clarify FCR's retention order (0.4); conference with R. Brousseau, J. Hartwick and H. Panko regarding preparation of 2004 examination papers (0.6); review Debtor's recent responses to information requests and discuss with J. Hartwick and R. Brousseau (1.0 ); preparation of Rule 2004 examination papers and analysis of open issues related procedures for fling same ( 1.3). | BLC | 4.10 |
| 07/01/10 | Phone calls with Judge Gerbers' chambers regarding hearing date for FCR's motion for clarification (0.3); follow-up correspondence with Mr. Esserman regarding hearing date (0.2); draft motion to clarify FCR's appointment order (3.2). | HJP | 3.70 |
| 07/01/10 | Continue drafting motion to clarify appointment and prepare declaration of Dean Trafelet in support of motion (3.5); conferences with Ms. Hartwick regarding revisions to motion to clarify FCR's appointment (0.4); meeting with Mr. Brousseau, Ms. Hartwick and Ms. Cioni regarding discovery matters (0.4); meeting with Mr. Brousseau, Ms. Hartwick and Ms. Cioni regarding motion for clarification (0.5); correspondence with Mr. Trafelet regarding fees and motion to clarify (0.3); correspondence with Mr. Esserman regarding motion to clarify FCR's appointment (0.2). | HJP | 5.30 |
| 07/01/10 | Prepare Rule 2004 Application for production of documents and oral examination of Debtors and order granting same (4.8); conference with Mr Brousseau, Ms. Cioni and Ms. Panko regarding discovery issues (.6) conference with Mr. Brousseau, Ms. Cioni and Ms. Panko regarding motion clarifying order appointing Future Claimants' Representative (.4); review and revise motion clarifying order appointing Future Claimants' Representative and declaration of Mr. Trafelet in support of motion (1.8); confer with Ms. Panko regarding motion clarifying order appointing Future Claimants' Representative and declaration of Mr. Trafelet in support of motion (.5). | JEH | 8.10 |
| 07/01/10 | Work on fee issues for the FCR (0.5); work on claims estimation data compilation issues (2.5); prepare for and participate in conference call with expertsregarding estimation of asbestos liabilities (1.0); prepare and revise communication to Mr. Trafelet regarding claims estimation (0.3); analyze data issues and certain inquiries regarding liabilities (0.2). | RTB | 4.50 |
| 07/01/10 | Work on discovery motion regarding asbestos claims. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 2
Invoice 120032

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 07/01/10 | Correspondence with FCR and legal team regarding discovery matters. | SLE | 0.30 |
| 07/01/10 | Review Alix Partners responses to discovery requests. | SLE | 0.20 |
| 07/02/10 | Continue preparation of Rule 2004 examination and production papers. | BLC | 7.50 |
| 07/02/10 | Extensive revisions to motion to clarify appointment and affidavit in support of motion (5.5); finalize, file and serve motion to clarify FCR's appointment order (billed at $175.00 per hour) (.6). | HJP | 6.10 |
| 07/02/10 | Review transcript of hearing on fee applications for relevance to fee applications of the FCR and his professionals. | HJP | 1.60 |
| 07/02/10 | Correspondence with Mr. Trafelet regarding Rule 2004 Application for production of documents and oral examination regarding asbestos-related claims; telephone conference with Mr. Brousseau regarding production of documents and oral examination. | JEH | 0.50 |
| 07/02/10 | Confer with Ms. Panko regarding fees and expenses of Mr. Trafelet (0.3) and revise draft motion and declaration regarding motion to clarify appointment order (2.0); prepare memo to Mr. Trafelet regarding data collection issues (0.3); further work on collection of claims and other data (1.7). | RTB | 4.30 |
| 07/02/10 | Additional work on motion for 2004 exam regarding production. | SLE | 0.50 |
| 07/02/10 | Correspondence with FCR regarding motion for fees; modification of pleading regarding motion to clarify FCR's appointment order.. | SLE | 0.30 |
| 07/03/10 | Further work on estimation and data issue, including preparing documents for review by Mr. Trafelet and consultants (2.8). | RTB | 2.80 |
| 07/03/10 | Correspondence with FCR regarding 2004 exam; correspondence with expert regarding 2004 exam. | SLE | 0.30 |
| 07/03/10 | Participate in meeting regarding insurance matters; correspondence with Mr. Swett regarding insurance. | SLE | 0.40 |
| 07/04/10 | Continue to review transcript of hearing on first set of interim fee applications for relevance to FCR and his professionals. | HJP | 0.80 |
| 07/04/10 | Work on claims estimation analysis and insurance issue. | RTB | 2.20 |
| 07/05/10 | Confer with Mr. Esserman regarding data compilation and claims estimation conference. | RTB | 0.50 |
| 07/05/10 | Conference with Mr. Brousseau regarding insurance and discovery issues. | SLE | 0.30 |
| 07/05/10 | Review and revise Rule 2004 application. | SLE | 0.50 |
| 07/05/10 | Work on issues regarding insurance and possible asset for Trust. | SLE | 0.50 |
| 07/06/10 | Review correspondence from client and committee regarding 2004 examination requests; confer with J. Hartwick regarding 2004 examination papers and revisions thereto. | BLC | 0.50 |
| 07/06/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 07/06/10 | Pursue delivery of chambers copy of motion to clarify appointment order (0.2)(billed at $175.00 per hour); review and revise draft of SBEP's first interim fee application (3.4); correspondence with Mr. Esserman regarding fee related matters and preparation of interim fee applications (0.9); review and revise first interim fee application of Dean Trafelet (1.1). | HJP | 5.60 |
| 07/06/10 | Review correspondence from Dr. Florence regarding data need for | JEH | 1.60 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 3
Invoice 120032

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | claims analysis (.4); review draft Rule 2004 Application for production of documents and oral examination of Debtors regarding Dr. Florence's correspondence (.7); correspondence with Mr. Esserman and Ms. Panko regarding interim fee applications of Future Claimants' Representative and his professionals (.5). | | |
| 07/06/10 | Make revisions to SBEP First Interim Fee Application. | RLS | 0.80 |
| 07/06/10 | Prepare for and participate in teleconference with Committee counsel regarding insurance and other plan issues (1.80); analyze data request received from consultant (0.20). | RTB | 2.00 |
| 07/06/10 | Review issues regarding insurance and correspondence with Committee regarding same. | SLE | 0.30 |
| 07/07/10 | Prepare and file certificate of service for Motion to Clarify. (billed at $175.00 per hour) | HJP | 0.50 |
| 07/07/10 | Review and revise SBEP's and the FCR's first interim fee applications. | HJP | 0.70 |
| 07/07/10 | Review the Debtors 27th through 38th omnibus objections to claims (1.0) and draft correspondence to Mr. Esserman regarding review of omnibus objections (0.3). | HJP | 1.30 |
| 07/07/10 | Work on ARPC First Interim Fee Application. | RLS | 0.70 |
| 07/07/10 | Assemble data requests and key estimation and plan issues (2.9); work on document requests (1.0). | RTB | 3.90 |
| 07/07/10 | Review and revise letter to Debtor regarding discovery issues. | SLE | 0.30 |
| 07/08/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 07/08/10 | Review and revise SBEP's first interim fee application (0.4); review and revise the FCR's first interim fee application (0.8); call with John Brophy regarding fee applications (0.1); draft ARPC's first interim fee application (3.1). | HJP | 4.40 |
| 07/08/10 | Revise Exhibit A to Rule 2004 Order to add additional requests for production of documents. | JEH | 1.80 |
| 07/09/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 07/09/10 | Call with John Brophy regarding ARPC fees. | HJP | 0.10 |
| 07/12/10 | Order transcript of June 29, 2010. | CLJ | 0.50 |
| 07/12/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.10 |
| 07/12/10 | Review hearing agenda for hearing on July 14 and related pleadings | HJP | 0.90 |
| 07/12/10 | Work on fee applications for SBEP, FCR and ARPC (1.5); multiple email correspondence with the FCR and his professionals regarding their first interim fee application (0.3). | HJP | 1.80 |
| 07/12/10 | Review correspondence from FCR regarding update to his fee application and update same accordingly (0.6); multiple email correspondence with FCR and ARPC regarding monthly budgets (0.3); multiple email correspondence with FCR regarding monthly fee statement (0.3); multiple email correspondence with Mr. Esserman and Mr. Brousseau regarding filing deadline for fee applications (0.4); | HJP | 1.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 4
Invoice 120032

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | call with Debtors counsel regarding timing of filing fee applications (0.2). | | |
| 07/12/10 | Confer with Committee counsel regarding estimation (0.80); | RTB | 5.90 |
| | comparison of data and data requests for estimation and plan purposes (5.1). | | |
| 07/12/10 | Work on discovery issues regarding case; correspondence with FCR;s team regarding discovery issues. | SLE | 0.50 |
| 07/13/10 | Prepare FCR's fee application and exhibits for filing (0.5); prepare SBEP's fee application and exhibits for filing (0.7); prepare budget letter for FCR and his professionals for August 2010 (0.2). | HJP | 1.40 |
| 07/13/10 | Review local rules and case procedures for filing of rule 2004 application (0.4); conference with Ms. Hartwick regarding matters related to discovery (0.3); conduct research regarding role of legal representative (0.5). | HJP | 1.20 |
| 07/13/10 | Review and analysis of hearing transcript from June 26 hearing on fee applications. | HJP | 2.80 |
| 07/13/10 | Conference with Mr. Brousseau regarding Asbestos Committee's suggestions regarding Rule 2004 Application for production of documents and oral examination of Debtors (.3); review research regarding powers and duties of legal representative for future claimants (1.8); review and revise Rule 2004 Application to incorporate Asbestos Committee's suggestions (1.1); correspondence with Mr. Trafelet regarding filing and serving Rule 2004 Application (.3). | JEH | 3.50 |
| 07/13/10 | Analyze and assemble areas of needed discovery and estimation research. | RTB | 3.80 |
| 07/13/10 | Correspondence with FCR regarding futures studies. | SLE | 0.20 |
| 07/13/10 | Review draft letter to GM regarding data needs and estimation. | SLE | 0.20 |
| 07/14/10 | Correspondence with FCR and ARPC regarding monthly budgets (0.2); review case management order regarding service requirements (0.4); review and prepare ARPC's fee application and exhibits for filing (1.0). | HJP | 1.60 |
| 07/14/10 | Review correspondence to Mr. Swett and from Alix Partners regarding information needed to estimate current and future asbestos personal injury clams (.7); revise Rule 2004 Application for production of documents and oral examination of Debtors (1.2). | JEH | 1.90 |
| 07/14/10 | Work on discovery issues (1.6); prepare correspondence to debtors Regarding claims estimation and data(1.0); compile requests for information (1.2); work on estimation issues (2.0). | RTB | 5.80 |
| 07/14/10 | Conference with insurance consultant regarding insurance issues. | SLE | 0.50 |
| 07/14/10 | Review interim fee application for SBEP. | SLE | 0.30 |
| 07/14/10 | Review and revise demand letter to GM. | SLE | 0.50 |
| 07/14/10 | Correspondence with clients regarding status of discovery issues. | SLE | 0.20 |
| 07/15/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 07/15/10 | Conference with Ms. Hartwick regarding filing of fee applications. | HJP | 0.40 |
| 07/15/10 | Brief review of recently filed pleadings. | HJP | 0.50 |
| 07/15/10 | Prepare fee applications for filing and file and pursue service of Same (billed at $175.00 per hour) (1.9); correspondence with the FCR and ARPC regarding filing of fee applications (0.3); correspondence with the FCR and ARPC regarding monthly budgets (0.2). | HJP | 2.40 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 07/15/10 | Revise Exhibit A to Order granting Rule 2004 Examination (1.8); conduct and review research regarding data needed to estimate a debtor's aggregate asbestos liabilities (1.9); revise Rule 2004 Application to incorporate additional authority (1.6); revise order granting Rule 2004 Application (.7); confer with Ms. Panko regarding service matters (.3). | JEH | 6.30 |
| 07/15/10 | Work on claims estimation discovery (3.7); work on insurance issues (1.0). | RTB | 4.70 |
| 07/15/10 | Conference call with consultants regarding GM insurance. | SLE | 0.50 |
| 07/15/10 | Correspondence to GM, Committee and FCR regarding insurance issues. | SLE | 0.50 |
| 07/15/10 | Review insurance chart and correspondence with Ms. Jeffery regarding chart. | SLE | 0.30 |
| 07/16/10 | Review of correspondence from Mr. Esserman regarding review of insurance coverage charts; correspondence with Hon. Trafelet regarding coverage charts. | CLJ | 0.50 |
| 07/16/10 | Prepare and file certificate of service regarding fee applications. (billed at $175.00 per hour) | HJP | 0.40 |
| 07/16/10 | Complete revisions to Rule 2004 Application directed to Debtors (.7) and revise order granting Rule 2004 Application (.6). | JEH | 1.30 |
| 07/16/10 | Review letter from Committee regarding insurance issues and debtor's response (0.2); confer regarding insurance policies (0.3). | RTB | 0.50 |
| 07/16/10 | Work on insurance issues and insurance chart. | SLE | 0.50 |
| 07/16/10 | Correspondence with Committee regarding insurance issues. | SLE | 0.20 |
| 07/18/10 | Review of draft 2004 application of Committee and FCR and work on potential issues regarding same. | SLE | 0.50 |
| 07/19/10 | Conference call with Messrs. Bentley and Swett regarding discovery and related issues (.5); review and revise Rule 2004 Application for production of documents by and oral depositions of Debtors and New GM (1.1); review and revise Attachment A to order granting Rule 2004 Application specifying documents to be produced and subjects for deposition testimony (2.3); correspondence with Mr. Swett regarding Rule 2004 Application (.3). | JEH | 4.20 |
| 07/19/10 | Conference call with both Committees regarding 2004 exam and other issues (0.8); work on estimation issues (3.4); work on 2004 revisions (1.0). | RTB | 5.20 |
| 07/19/10 | Work on discovery and strategic issues regarding case. | SLE | 0.50 |
| 07/20/10 | Assist with filing and service of Rule 2004 application. (billed at $175.00 per hour) | HJP | 0.40 |
| 07/20/10 | Correspondence with Mr. Trafelet regarding Rule 2004 application (.4); telephone conference with Mr. Swett regarding discovery matters (.3); review proposed revisions to Rule 2004 Application (.7) review proposed revisions to Exhibit A to order granting Rule 2004 Application (.9); revise Rule 2004 Application (.6), revise Exhibit A to order granting Rule 2004 Application (.8) and revise order granting Rule 2004 Application (.3); prepare Notice of Presentment of Rule 2004 Application (.7); electronically file and serve Notice of Presentment Of Rule 2004 Application (billed at $175.00 per hour) (.6). | JEH | 5.30 |
| 07/20/10 | Review and revise Motion for Rule 2004 Exam and related papers | RLS | 1.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 6
Invoice 120032

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | per Ms. Hartwick's request. | | |
| 07/20/10 | Work on 2004 examination issues and estimation issues. | RTB | 2.50 |
| 07/20/10 | Work on strategy regarding GM discovery. | SLE | 0.30 |
| 07/20/10 | Review Rule 2004 Application filed by ACC and unsecured committee; correspondence with FCR group regarding ACC and UCC 2004 Applications. | SLE | 0.50 |
| 07/21/10 | Prepare and file certificate of service for Rule 2004 application. (billed At $175.00 per hour) | HJP | 0.30 |
| 07/21/10 | Detailed review of Rule 2004 Application filed by Official Committee of Asbestos Claimants and Rule 2004 Motion filed by Official Committee of Unsecured Creditors (1.1); prepare chart detailing discovery currently being sought regarding asbestos claims pursuant to Rule 2004 Applications and Motion (3.3). | JEH | 4.40 |
| 07/21/10 | Call with FCR regarding discovery issues. | SLE | 0.50 |
| 07/21/10 | Correspondence with UCC regarding discovery. | SLE | 0.20 |
| 07/23/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency; correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 07/23/10 | Review research regarding analyses of future asbestos personal injury claims (1.5) prepare Joinder to the Asbestos Claimants' Committee's Rule 2004 Application (1.1); brief review of draft pleadings (1.2). | JEH | 3.80 |
| 07/23/10 | Work on discovery issues. | SLE | 0.50 |
| 07/23/10 | Correspondence with legal team and FCR regarding draft plan. | SLE | 0.50 |
| 07/25/10 | Review and analyze draft plan of reorganization for MLC. | HJP | 3.00 |
| 07/25/10 | Review and analyze motions regarding AP Services engagement and request for a success fee. | HJP | 0.50 |
| 07/25/10 | Detailed review of draft Disclosure Statement and draft Chapter 11 Plan. | JEH | 1.90 |
| 07/26/10 | Review and analyze draft plan and disclosure statement for MLC. | HJP | 4.40 |
| 07/26/10 | Continue detailed review of draft Chapter 11 Plan and draft Disclosure Statement. | JEH | 1.50 |
| 07/26/10 | Analysis of table of information requests. | RTB | 1.00 |
| 07/27/10 | Confer with Ms. Hartwick regarding draft plan and disclosure statement. | HJP | 0.40 |
| 07/27/10 | Complete review of draft Disclosure Statement (1.8); work on Future Claimants' Representative's Joinder in Asbestos Creditors' Committee's Rule 2004 Application (.8); brief review of recently filed pleadings (.3). | JEH | 2.90 |
| 07/27/10 | Correspondence with FCR regarding 2004 application and claims estimation data. | SLE | 0.20 |
| 07/27/10 | Correspondence with Committee regarding discovery. | SLE | 0.20 |
| 07/28/10 | Prepare redline of Plan and Disclosure Statement with FCR's counsel comments. | HJP | 2.40 |
| 07/28/10 | Review fee examiner's memo regarding fee applications. | HJP | 1.00 |
| 07/28/10 | Meeting with Ms. Hartwick and Mr. Brousseau to review draft Plan | HJP | 2.10 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                   Page 7
Invoice 120032

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | and Disclosure statement and discuss comments thereto. | | |
| 07/28/10 | Complete review of draft chapter 11 plan (1.8); confer with Mr. Brousseau and Ms. Panko regarding recommending specific revisions regarding asbestos personal injury claims and the proposed Asbestos Trust to the draft chapter 11 plan and the draft Disclosure Statement (2.1); complete Future Claimants' Representative's Joinder in ACC's Rule 2004 Application (1.6); review and revised proposed language for draft chapter 11 plan regarding pursuit of claims against insurers (.4). | JEH | 5.90 |
| 07/28/10 | Work on plan and disclosure statement. | RTB | 2.50 |
| 07/28/10 | Correspondence with New GM regarding insurance issues; correspondence with FCR and legal team regarding insurance issues. | SLE | 0.40 |
| 07/29/10 | Confer with Mr. Brousseau regarding filing of joinder in Committee's rule 2004 exam (0.2); respond to inquiries from Ms. Stringer regarding joinder in Committee's Rule 2004 exam (0.2); confer with Mr. Brousseau regarding comments to plan and disclosure statement (0.2). | HJP | 0.60 |
| 07/29/10 | Review motion to appoint Mr. Trafelet as FCR and statement in support of same for disclosures (0.3); correspondence with Mr. Esserman regarding supplemental disclosures for Mr. Trafelet (0.2). | HJP | 0.50 |
| 07/29/10 | Make revisions to FCR's Joinder in Asbestos Committee's Rule 2004 Application (0.5); file and serve same (billed at $175.00 per hour) (0.8). | RLS | 1.30 |
| 07/29/10 | Work on FCR joinder in Committee application for 2004 exam (1.0); confer with Committee lawyer regarding estimation (0.5); work on discovery (1.2); work on plan changes (1.3). | RTB | 4.00 |
| 07/29/10 | Correspondence with Committee regarding discovery and other open issues. | SLE | 0.30 |
| 07/29/10 | Correspondence with FCR regarding estimation and plan. | SLE | 0.20 |
| 07/30/10 | Telephone conference with counsel for Official Committee of Unsecured Creditors and Asbestos Creditors' Committee regarding discovery and related issus (.8); detailed review of preliminary draft of plan of reorganization and make additional revisions to same (2.8); make conforming revisions to preliminary draft of disclosure statement (.9); prepare memorandum regarding open issues regarding plan related issues (1.2); discussion with Mr. Esserman analyzing preliminary draft of chapter 11 plan and disclosure statement (.8); make additional revisions to both preliminary drafts of Plan and Disclosure Statement pursuant to that analysis (1.2). | JEH | 7.70 |
| 07/30/10 | Confer with Committee counsel regarding discovery (0.70); work on claims estimation issues (1.3); suggest plan changes (2.1); confer with Ms. Hartwick and Mr. Esserman regarding plan issues (0.8). | RTB | 4.90 |
| 07/30/10 | Conference regarding discovery and plan with Mr. Brousseau. | SLE | 0.50 |
| 07/30/10 | Review of plan. | SLE | 0.50 |
| 07/30/10 | Review memo regarding discovery. | SLE | 0.30 |
| 07/30/10 | Correspondence with ACC regarding open issues related to discovery. | SLE | 0.20 |
| 07/31/10 | Review discovery and discovery options. | SLE | 0.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                       Page 8
Invoice 120032

Total Hours                                                                          218.10

## Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Briana Cioni | Associate | $300.00 | 12.10 | $3,630.00 |
| Cindy L Jeffery | Paralegal | $175.00 | 2.10 | $367.50 |
| Heather Panko | Associate | $300.00* | 60.90 | $17,732.50 |
| Jo E Hartwick | Shareholder | $395.00* | 62.60 | $24,595.00 |
| Rachael Stringer | Associate | $250.00* | 3.80 | $890.00 |
| Robert T Brousseau | Shareholder | $550.00 | 61.00 | $33,550.00 |
| Sander L Esserman | Shareholder | $725.00 | 15.60 | $11,310.00 |

Total Fees                                                                    $92,075.00

Itemized Expenses:

| | |
|---|---|
| Court Call | 102.00 |
| Deliveries | 112.42 |
| Facsimiles | 42.50 |
| Long distance telephone charges | 1.21 |
| On-Line Research | 289.70 |
| Photocopies | 7.80 |
| Transcripts of Hearings | 126.00 |

Total Expenses                                                                  $681.63

*Please note that a reduced rate of $175.00 per hour was applied to 5.70 hours of professional time. This reduced rate resulted in a voluntary reduction of $729.50 in fees billed during July 2010.

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 9
Invoice 120032

### Summary of Charges on this Invoice:

| | |
|---|---:|
| Hours | 218.10 |
| Fees | $92,075.00 |
| Expenses | $681.63 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$92,756.63** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS  75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE:  www.sbep-law.com

Invoice 120500
September 29, 2010

DEAN N. TRAFELET, FCR
50 WEST  SCHILLER
CHICAGO, IL  60610

Client/Matter No.: TR006-0002
Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                SLE
For services performed through 08/31/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 08/01/10 | Review and respond to various correspondence from Mr. Esserman and Mr. Brousseau regarding 2004 request and hearing preparations. | JLN | 0.30 |
| 08/01/10 | Prepare for hearing on 2004 estimation data and communicate confidential matters to experts and Mr. Esserman (2.8). Work on confidential analysis of estimation issues (3.1). | RTB | 5.90 |
| 08/01/10 | Work on issues regarding discovery and 2004 exams. | SLE | 0.50 |
| 08/01/10 | Review hearing issues regarding estimation; correspondence with parties regarding same. | SLE | 0.40 |
| 08/02/10 | Prepare presentment package and draft transmittal letter to Ms. Blum, Judge Gerber's courtroom deputy, regarding FCR's rule 2004 application (0.8). Prepare presentment package for Motion to Clarify the FCR's Appointment Order (0.5). File certificate of no objection regarding Motion to Clarify FCR's Appointment Order (0.2). (billed at 175.00 per hour) | HJP | 1.50 |
| 08/02/10 | Review revised draft of ARPC's invoice for privilege and confidentiality (billed at half rate). | HJP | 0.30 |
| 08/02/10 | Review FCR's motion to clarify appointment order to respond to inquiry from Ms. Hartwick. | HJP | 0.20 |
| 08/02/10 | Confer with Ms. Hartwick regarding revisions to plan and disclosure statement (0.2). Review local rules and case management order for procedures related to certificate of no objections (0.2).  Draft supplemental declaration of Dean M. Trafelet in support of Motion to Appoint FCR in order to supplement disclosures (1.2). | HJP | 1.60 |
| 08/02/10 | Prepare for hearing on 2004 examination and FCR's request for asbestos-related data (1.7).  Review and analysis of FCR's position on its outstanding asbestos-related document requests (.9). Prepare for and attend conference call with New GM's counsel regarding access to asbestos-related claims materials (1.5). Strategy call with Asbestos Committee's counsel regarding database materials (.4). | JLN | 4.50 |
| 08/02/10 | Prepare Certificate of No Objection to Future Claimants' Representative's Motion to Clarify Appointment Order (.6). Correspondence with Mr. Esserman regarding specifics of order granting motion to clarify appointment order (.3).  Detailed review of Future Claimants' Representative's Rule 2004 Application re | JEH | 3.50 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                              Page 2
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | narrowing of information requested (1.4). Analyze Future Claimants' Representative's Rule 2004 Application in conjunction with Asbestos Creditors' Committee's Rule 2004 Application in light of critical information needed for estimation of aggregate asbestos personal injury claims (1.2). | | |
| 08/02/10 | Review correspondence with counsel for Debtors regarding obtaining claims information needed by ARPC (.9). Telephone conference with Ms. Wine, counsel for Debtors regarding obtaining Old GM's expert reports on asbestos claims (.2). Review Debtors' response to Official Committee of Unsecured Creditors' Rule 2004 Motion (.4). Analyze Debtors' position regarding production of information sought by Future Claimants' Representative's Rule 2004 Application and  Asbestos Creditors' Committee's Rule 2004 Application for possible areas on consensus (1.1). Review proposed narrowed list of information to be sought from Debtors and provide comments regarding same (.5). | JEH | 3.10 |
| 08/02/10 | Prepare for and participate in conference call with Asbestos Committee counsel regarding asbestos database (0.8) and prepare for and participate in call with debtors and  New GM regarding access to asbestos claims materials (1.3). Work on estimation and plan issues (5.1). | RTB | 7.20 |
| 08/02/10 | Correspondence regarding case, hearing issues and open issues with experts. | SLE | 0.30 |
| 08/02/10 | Review of papers regarding 2004 oppositions. | SLE | 0.50 |
| 08/02/10 | Attend conference call with ACC regarding asbestos claims analysis and analyze issues raised on call. | SLE | 0.50 |
| 08/02/10 | Review draft of plan issues, discovery needs and ACC papers. | SLE | 0.30 |
| 08/03/10 |  Call with Ms. Blum to discuss hearing dates for 2004 applications and Motion to Clarify FCR's Appointment (0.3) (billed at 175.00 per hour). | HJP | 0.30 |
| 08/03/10 | Review and revise supplemental declaration of Dean Trafelet (0.8). Review draft letter regarding plan related issues (0.1). Confer with Ms. Hartwick regarding hearing dates for pending 2004 applications (0.2). | HJP | 1.10 |
| 08/03/10 | Review and analysis of FCR's Application for 2004 exam and Asbestos Committee's Application for 2004 exam, in connection with hearings set for August 9, 2010 (1.0). Prepare for and attend conference call with FCR's claims forecasting expert regarding necessary data (1.0). Review and respond to various correspondence regarding FCR's asbestos estimation materials (.2). Research regarding data requests and relevant claims information needed by FCR experts for both Nicholson and Peto methodologies (2.2). Prepare for and attend negotiation session with Asbestos Committee counsel, Debtors' counsel, and New GM's counsel regarding 2004 examination requests (1.6). | JLN | 6.00 |
| 08/03/10 | Review correspondence from ARPC regarding information needed to estimate asbestos personal injury claims (.8). Telephone conference and correspondence with with Ms. Brockman of ARPC regarding claims data needs (1.5). Prepare letter to counsel for | JEH | 6.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                          Page 3
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Debtors requesting information regarding asbestos-related property damage claims as defined in preliminary draft plan of reorganization (1.6). Detailed review of FCR's Rule 2004 Application and Asbestos Claimants Committee's Rule 2004 Application in which FCR joined to prepare for call with counsel for Debtors and New GM regarding Rule 2004 applications (1.2). Telephone conference with counsel for Debtors, New GM and Asbestos Claimants' Committee to attempt to reach agreement for informal discovery in lieu of proceeding with Rule 2004 Applications (1.4). Follow up telephone conference with Mr. Swett regarding negotiations related to Rule 2004 Applications and regarding call to Courtroom Deputy regarding extending Rule 2004 Applications deadlines (.3). | | |
| 08/03/10 | Prepare for and participate in conference with experts regarding claims estimation and data needs (1.1). Work on plan issues (2.6) and work on estimation and data issues (2.9). Confer with debtors regarding 2004 exam requests (1.0). | RTB | 7.60 |
| 08/03/10 | Attend conference call regarding GM asbsestos claims data with experts. | SLE | 0.40 |
| 08/03/10 | Correspondence regarding data regarding case with Experts, Committee and GM. | SLE | 0.30 |
| 08/03/10 | Call with counsel to Delaware Claims Facility regarding affidavit of Dean Trafelet and review draft affidavit. | SLE | 0.50 |
| 08/03/10 | Review of discussion draft regarding settlement of 2004 issue. | SLE | 0.30 |
| 08/04/10 | Review and revise amended notice of hearing on FCR's rule 2004 application (0.4). Research regarding pro hac vice admission of Mr. Newton (0.2). | HJP | 0.60 |
| 08/04/10 | Review and analysis of response to 2004 examination request filed by committees (.6). Prepare for and attend negotiation call with Debtors' counsel, New GM's counsel, and ACC's counsel (1.0). Research regarding 2004 requests in facilitation of potential Agreement resolving same (1.2). Substantive revisions to draft Agreement resolving 2004 requests (1.2). Additional negotiation sessions and correspondence with Debtors and New GM regarding outstanding data requests (1.5). Review of various amendments/modifications proposed by New GM and Motors Liquidation Corporation to draft Agreement (1.0). Prepare for hearings on FCR's Motion to Clarify employment order (.5). | JLN | 7.00 |
| 08/04/10 | Telephone conference with Ms. Blum regarding extending deadlines in connection with Future Claimants' Representative's and Asbestos Creditors' Committee's Rule 2004 Applications (.1). Correspondence regarding extension of deadlines for Rule 2004 Applications and regarding Motion to Clarify Order Appointing Future Claimants' Representative (.3). Prepare Notice of Hearing reflecting new deadlines and hearing date for FCR's Rule 2004 Application and submit same to Ms. Blum (.9). Correspondence with Dr. Florence and Ms. Brockman regarding information needed for analysis and estimate (.4). Review and analyze proposed terms to resolve Rule 2004 Application issues (.8). Telephone conference with counsel for Debtors, New GM and the Asbestos Claimants' Committee regarding resolution of Rule 2004 Application Issues (.8). | JEH | 3.80 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                              Page 4
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Correspondence to legal team regarding resolution of Rule 2004 issues (.5). | | |
| 08/04/10 | Confer with experts regarding Rule 2004 requests (0.5) and prepare for and participate in conference with all parties regarding data requests (2.7); work on agreement regarding 2004 exam (3.2). | RTB | 6.40 |
| 08/04/10 | Correspondence with experts regarding claims data. | SLE | 0.20 |
| 08/04/10 | Correspondence with Committee, GM and ACC regarding data issues. | SLE | 0.20 |
| 08/05/10 | File and pursue service of notice of withdrawal (0.3) (billed at 175.00 per hour). | HJP | 0.30 |
| 08/05/10 | Call with Ms. Hartwick regarding hearing on motion to clarify appointment of FCR (0.2). Review agenda of matters scheduled for hearing on August 6 (0.3). Correspondence with Mr. Newton regarding attendance at August 6 hearing (0.2). Call with Ms. Blum regarding settlement of FCR's Rule 2004 Application (0.2).  Phone calls and email correspondence with Mr. Newton regarding notice of withdrawal of FCR's 2004 Application (0.2). Prepare notice of withdrawal (0.4). | HJP | 1.50 |
| 08/05/10 | Review and revise draft Agreement regarding 2004 examination and document requests (1.5). Various correspondence with FCR, FCR's advisors, New GM, and ACC regarding asbestos estimation issues (0.3). Prepare for hearing on FCR's Motion to Clarify Appointment Order, related research in connection with 8.6.10 hearings (2.5). Analysis of pleadings filed by Asbestos Committee and Unsecured Creditors Committee in preparation for hearings on 8.9.10 (2.2). Draft notice of withdrawal of FCR's 2004 application (.3). | JLN | 6.80 |
| 08/05/10 | Work on Rule 2004 resolution and data procedures. | RTB | 3.20 |
| 08/05/10 | Correspondence regarding GM issues with FCR. | SLE | 0.20 |
| 08/05/10 | Review of plan memo regarding case of FCR and Committee. | SLE | 0.50 |
| 08/05/10 | Review of materials for court hearing. | SLE | 0.50 |
| 08/06/10 | Telephone conference with CourtCall regarding participation in August 9 hearing. | CLJ | 0.20 |
| 08/06/10 | Prepare and file Certificate of Service for Notice of Withdrawal (billed at 175.00 per hour). | HJP | 0.20 |
| 08/06/10 | Prepare for and attend hearings on Motion to Clarify FCR's Appointment (2.0). Prepare for August 9 hearings on Unsecured Creditors Committee's 2004 requests to various asbestos trusts (1.5). Review and analysis of draft confidentiality agreement circulated by MLC's counsel (.7). Draft proposed order granting FCR's Motion to clarify date of appointment, per Judge Gerber's instructions (.4). | JLN | 4.60 |
| 08/06/10 | Review proposed confidentiality agreement among Debtors, New GM, Asbestos Claimants' Committee and Future Claimants' Representative (.5). Review recent filings in case (.7). Review agenda for matters to be heard on August 9 (.2). Review Order Granting Motion of Future Claimants' Representative for an Order Clarifying the Order Appointing Him (.3). Review comments on preliminary draft of chapter 11 plan (.7). Compare comments to plan | JEH | 3.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 5
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | with FCR's analysis of plan (1.3). | | |
| 08/06/10 | Work on data handling and estimation issues (2.1). Confer with experts regarding data handling and estimation (0.7). | RTB | 2.80 |
| 08/06/10 | Attend hearing regarding FCR motion to clarify appointment. | SLE | 3.00 |
| 08/06/10 | Review order and revisions to order on motion to clarify appointment order. | SLE | 0.30 |
| 08/06/10 | Correspondence with ACC regarding confidentiality issues. | SLE | 0.20 |
| 08/08/10 | Correspondence with FCR regarding status of case and estimation issues. | SLE | 0.20 |
| 08/08/10 | Review of pleadings regarding hearing and open issues regarding estimation proceedings. | SLE | 0.40 |
| 08/09/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 08/09/10 | Assist Mr. Newton with preparations for hearing on the UCC's rule 2004 application. | HJP | 0.20 |
| 08/09/10 | Prepare for and attend hearings on behalf of FCR relating to rule 2004 requests (6.0). Draft memorandum to client regarding hearings on Rule 2004 requests (1.2). | JLN | 7.20 |
| 08/09/10 | Prepare summary of Future Claimants' Representative's concerns regarding preliminary draft of Chapter 11 Plan. | JEH | 0.80 |
| 08/09/10 | Work with experts on claims data protocol. | RTB | 0.80 |
| 08/09/10 | Prepare for and attend court hearing on 2004 discovery and issues regarding estimation. | SLE | 5.50 |
| 08/09/10 | Work on resolution at Delaware Claims Facility regarding FCR. | SLE | 0.40 |
| 08/10/10 | Prepare for and attend conference call with ARPC (FCR's claims estimation experts) regarding data requests and sampling criteria (.6). Prepare for and participate in call with Asbestos Committee's counsel regarding 8.9.10 hearing and proposed agreed resolution (.5). Work on memorandum to Mr. Trafelet regarding results of 8.9.10 hearing (1.0). Various correspondence with ACC, UCC, and New GM regarding draft confidentiality agreement and proposed order (.3). | JLN | 2.40 |
| 08/10/10 | Review revisions to confidentiality agreement among Debtors, New GM, the Future Claimants' Representative and the Asbestos Claimants' Committee (the "ACC") proposed by the ACC (.6). Correspondence regarding revisions to confidentiality agreement (.3). Brief review of recent filings in case (.3). | JEH | 1.20 |
| 08/10/10 | Prepare for and participate in data conference with experts (1.4). Work on memo to Mr. Trafelet regarding discovery issues (0.4). Work on confidentiality issues (2.4). | RTB | 4.20 |
| 08/10/10 | Review confidentiality agreement regarding claims data. | SLE | 0.50 |
| 08/10/10 | Review memo regarding status of discovery issues. | SLE | 0.30 |
| 08/10/10 | Correspondence with FCR regarding case and open issues related to claims estimation and data. | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 6
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 08/10/10 | Correspondence regarding confidentiality and agreement with UCC, Debtor, ACC and GM. | SLE | 0.30 |
| 08/11/10 | Review SBEP July 2010 billing memo for confidential and privileged information (billed at half rate).. | HJP | 0.50 |
| 08/11/10 | Correspondence with Mr. Esserman regarding monthly budget for SBEP (0.1). Prepare budget letter for the FCR and his professionals (0.3). | HJP | 0.40 |
| 08/11/10 | Review and analysis of Fee Examiner's memorandum regarding the FCR's first interim fee application. | HJP | 0.90 |
| 08/11/10 | Substantive work on confidentiality agreement and proposed order (2.0). Review and revise draft agreement provided by counsel for the Manville Trust (1.4). Meeting with Mr. Brousseau regarding additional revisions to confidentiality agreement (.2). Review and analysis of revised agreement on UCC's 2004 request (1.0). | JLN | 4.60 |
| 08/11/10 | Correspondence from Mr. Wehner regarding confidentiality agreement among Debtors, New GM, the Future Claimants' Representative and the Asbestos Claimants' Committee (.3). Correspondence from Mr. Swett and Mr. Sgrol regarding confidentiality agreement among the Official Committee of Unsecured Creditors the Claims Processing Facilities and New GM (.4). Detailed review of confidentiality agreement (1.1). Conference with Mr. Brousseau regarding confidentiality agreement (.4). Review Fourth Amended Order Establishing Notice and Case Management Procedures (.2). Correspondence with legal team regarding Fourth Amended Order Establishing Notice and Case Management Procedures (.3). | JEH | 2.70 |
| 08/11/10 | Extensive work on confidentiality and data handling issues and order. | RTB | 4.60 |
| 08/11/10 | Review draft documents regarding confidentiality and production of documents. | SLE | 0.50 |
| 08/11/10 | Correspondence with UCC, ACC and FCR regarding claims data and confidentiality agreements. | SLE | 0.30 |
| 08/11/10 | Work on draft confidentiality agreement. | SLE | 0.40 |
| 08/12/10 | Additional review and analysis of Fee Examiner's letter regarding FCR's First Interim Fee Application (0.5). Conference with Mr. Esserman regarding FCR's Response to Fee Examiner's letter (0.2). Call with Ms. Andres regarding Fee Examiner's request for expense detail (0.1). Draft correspondence to Mr. Trafelet regarding Fee Examiner's initial report (0.4). Confer with Ms. Hartwick regarding fee examiner's initial report (0.5). | HJP | 1.70 |
| 08/12/10 | Draft proposed changes to confidentiality agreement and proposed order (0.6). Review and revise draft data handling agreement (1.5). Calls to/from FCR's claims estimation experts regarding asbestos issues (.2). Review additional revisions to draft agreements and incorporate FCR's comments into same (.8). | JLN | 3.10 |
| 08/12/10 | Correspondence from Mr. Wehner regarding confidentiality agreement among the Official Committee of Unsecured Creditors, the Claims Processing Facilities and New GM and revisions to same | JEH | 0.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                     Page 7
Invoice 120500

| Date | Description | Attorney | Hours |
|---|---|---|---|
| | proposed by Manville Trust/CRMC's counsel (.4). Confer with Ms. Panko regarding counsel for Fee Examiner's questions regarding Future Claimants' Representative's first fee application (.3). | | |
| 08/12/10 | Continue work on proposed data handling agreement, order and confidentiality agreement and estimation issues. | RTB | 5.90 |
| 08/12/10 | Additional work on confidentiality agreement. | SLE | 1.00 |
| 08/12/10 | Work on agreement regarding data handling issues. | SLE | 0.80 |
| 08/12/10 | Review order and protective order regarding claims data. | SLE | 0.50 |
| 08/12/10 | Correspondence with FCR regarding confidentiality and data handling agreements. | SLE | 0.30 |
| 08/12/10 | Review proposed modifications to confidentiality agreement, order and production documents. | SLE | 0.50 |
| 08/13/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 08/13/10 | Work on drafting response to Fee Examiner's letter regarding FCR First Interim Fee Application. | HJP | 1.80 |
| 08/13/10 | Review various additional drafts and revisions to GM's proposed confidentiality agreement (1.0). Review and respond to various correspondence with Mr. Brousseau and Mr. Esserman regarding FCR-specific issues with proposed confidentiality agreement and other evolving documents (0.5). Review and revisions to various iterations of data handling agreement and proposed order (1.0). | JLN | 2.50 |
| 08/13/10 | Correspondence from Mr. Wehner regarding Confidentiality Agreement among Debtors, New GM, the Asbestos Claimants' Committee and the Future Claimants' Representative executed by counsel for the Asbestos Claimants' Committee and the Future Claimants' Representative and regarding global confidentiality agreement. | JEH | 0.60 |
| 08/13/10 | Confer with all counsel regarding confidentiality agreement and order (2.0). Participate in redrafting and reviewing changes (5.0). | RTB | 7.00 |
| 08/13/10 | Work on agreements regarding confidentiality and order and revisions to same. | SLE | 1.50 |
| 08/14/10 | Review and analysis of FCR-specific confidentiality agreement and UCC's confidentiality agreement in response to inquiry from New GM's counsel. | JLN | 2.00 |
| 08/14/10 | Confer regarding confidentiality issues and respond to inquiries of counsel regarding same. | RTB | 2.10 |
| 08/14/10 | Review revised order and confidentiality agreement, correspondence regarding same. | SLE | 0.50 |
| 08/14/10 | Review mark-up of confidentiality agreement and make revisions to same. | SLE | 0.30 |
| 08/15/10 | Substantive work on confidentiality agreement and proposed order including review of and response to New GM's inquiry (1.4). Review numerous correspondence from Debtors, New GM, UCC, ACC, and Trust counsel regarding protective documents being negotiated (.6). | JLN | 2.00 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 08/15/10 | Continue work with all counsel on confidentiality agreement and order. | RTB | 3.00 |
| 08/15/10 | Revisions to data handling agreement. | SLE | 0.40 |
| 08/15/10 | Review revised confidentiality agreement. | SLE | 0.30 |
| 08/16/10 | Prepare for and attend conference call regarding confidentiality agreement and proposed order (2.0). Review and analysis of various revised drafts of evolving documents prepared in connection with confidentiality agreement (2.0). Incorporate FCR's changes into various documents being negotiated (1.0). | JLN | 5.00 |
| 08/16/10 | Review Debtors' Seventy-Seventh Omnibus Objection to Claims (Property Damage Claims)(.5) and review claims register to ensure claims are not asbestos-related (.6). | JEH | 1.10 |
| 08/16/10 | Work on revised confidentiality agreement and implementing order (2.6). Participate in conference call with all counsel regarding confidentiality agreement (3.0). | RTB | 5.60 |
| 08/17/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 08/17/10 | Call with Ms. Andres regarding Fee Examiner's initial report on the FCR's First Interim Fee Application (0.3). Prepare correspondence to FCR regarding Fee Examiner's Initial Report and response to same (1.0). Follow-up correspondence with Mr. Trafelet regarding Fee Examiner's report (0.3). | HJP | 1.60 |
| 08/17/10 | Review recent drafts and revisions made thereto by various parties, analysis of changed language and impact on FCR, incorporate FCR changes into Confidentiality Agreement, Proposed Order, and Data Handling Agreement (2.5). Prepare for and attend conference call to negotiate additional changes to Confidentiality Agreement, Data Handling Agreement, and Proposed Order (1.5). | JLN | 4.00 |
| 08/17/10 | Confer with Ms. Panko regarding additional information needed from Mr. Trafelet in response to Fee Examiner's counsel's requests (.6). Review Debtors' Seventy Eighth and Seventy Ninth Omnibus Objections to Claims (.6). Review claims register regarding workers comp claims (.9). | JEH | 2.10 |
| 08/17/10 | Prepare for and participate in conference call regarding confidentiality agreement and order. | RTB | 2.90 |
| 08/17/10 | Revisions to agreements regarding order and confidentiality agreement. | SLE | 0.50 |
| 08/18/10 | Revisions to draft confidentiality agreement, proposed order, and notice to claimants (1.5). Prepare for and attend conference call with New GM, Debtors, ACC, and various Trusts and claims processing facilities regarding confidentiality agreement, proposed order, data handling agreement, and claimants' notice (1.5). Review and analysis of additional revisions to draft documents (.6). Correspondence with client and with asbestos estimation expert regarding confidentiality agreement, proposed order, data handling agreement, and claimants' notice (.4). Additional revisions to various | JLN | 5.00 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                Page 9
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | documents being circulated by various parties in interest, review additional modifications (1.0). | | |
| 08/18/10 | Brief review of transcript of hearing on discovery issues (.5). Confer with Mr Brousseau regarding Debtors' Seventy Eighth and Seventy Ninth Omnibus Objections to Claims (.2). | JEH | 0.70 |
| 08/18/10 | Prepare for and participate in continuing conference call regarding settlement of discovery issues and review proposed changes (4.1). Prepare confidential analysis for Mr. Trafelet (0.6). | RTB | 4.70 |
| 08/18/10 | Revisions to agreements with UCC, GM and New GM regarding claims data (0.5). Negotiations regarding various agreements related to production of data (1.2). | SLE | 1.70 |
| 08/19/10 | Review of correspondence regarding status conference scheduled March 23 and call with Court Call regarding participation in same and review of confirmations. | CLJ | 0.50 |
| 08/19/10 | Review and analysis of additional revisions and comments to Confidentiality Agreement, Proposed Order, and claimants' Notice (3.3); various correspondence with Asbestos Committee, Debtors, New GM, Trusts, Claims Processing Facilities, Creditors Committee, and Mr. Trafelet regarding continued negotiations on scope of documents (.5). Review and analysis of final round of changes to Confidentiality Agreement and other documents (1.4). Review letter to Bankruptcy Court from Unsecured Creditors Committee and related correspondence (.2). | JLN | 5.40 |
| 08/19/10 | Review Debtors' Monthly Operating Report. | JEH | 0.40 |
| 08/19/10 | Continue work on finalizing confidentiality agreement and proposed order (3.0). Confer with Mr. Esserman regarding certain proposed modifications to confidentiality agreement and proposed order (0.7). | RTB | 3.70 |
| 08/19/10 | Revisions to confidentiality agreement and discovery order. | SLE | 1.30 |
| 08/19/10 | Correspondence with UCC, GM and New GM regarding orders, revisions and agreements. | SLE | 0.40 |
| 08/20/10 | Multiple email correspondence with FCR regarding conference call to discuss Fee Examiner's report (0.1), review notes to prepare for call with FCR (0.2), phone call with FCR regarding response to Fee Examiner's report (0.4), work on response to Fee Examiner's initial report regarding FCR's First Interim Fee Application (3.0), confer with Ms. Hartwick regarding comments to response to Fee Examiner (0.2), review and revise response to Fee Examiner's inital report regarding FCR's fees (0.3), email correspondence with Mr. Esserman regarding draft response to Fee Examiner (0.2), follow-up call with FCR regarding report and fees (0.1). | HJP | 4.50 |
| 08/20/10 | Review and analysis of memorandum on recent revisions to Debtors' Plan (.5). Review and revise draft documents in connection with Creditors' Committee's 2004 requests (1.5). Various correspondence with Trust Counsel, New GM, ACC and UCC regarding Confidentiality Agreement, Order, and Notice (.4). Correspondence with New GM and Mr. Esserman regarding FCR's access to documents pursuant to FCR's 2004 requests (.3). | JLN | 2.70 |
| 08/20/10 | Review memoranda and correspondence regarding preliminary | JEH | 6.40 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | drafts of Chapter 11 plan and Disclosure Statement (.5). Review and revise response to Fee Examiner's request for additional information regarding the Future Claimants' Representative's fees and expenses (.4). Detailed review of August 11 drafts of Joint Chapter 11 Plan and Disclosure Statement (2.9). Compare August 11 draft of Joint Chapter 11 Plan with July 23 draft and prepare memorandum regarding comparison of drafts (2.6). | | |
| 08/20/10 | Work on plan. | RTB | 1.10 |
| 08/20/10 | Review GM joint plan and revisions to same. | SLE | 0.50 |
| 08/20/10 | Final negotiations on stipulation and review of same. | SLE | 1.00 |
| 08/22/10 | Review final revisions to draft Confidentiality Agreement, Order, and Notice (.5). Correspondence with Debtors, New GM, Creditors Committee, and Asbestos Committee regarding revisions to Confidentiality Agreement, Order, and Notice (.2). | JLN | 0.70 |
| 08/23/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 08/23/10 | Review correspondence from Ms. Hartwick regarding hearing dates and objection deadlines for fee applications (0.2). Review memorandum from Ms. Hartwick regarding changes to draft plan of reorganization (0.1). Draft letter to debtors' counsel regarding payment of FCR's First Monthly Fee Statement (1.0). Email correspondence with Mr. Karotkin regarding payment of FCR's fee (0.2). Follow-up correspondence with FCR regarding fees (0.2). | HJP | 1.70 |
| 08/23/10 | Review ARPC's monthly fee statement for privileged and confidential information (billed at half rate). | HJP | 0.60 |
| 08/23/10 | Review documents submitted by email to Judge Gerber in connection with Creditors Committee's 2004 requests (.3). Various correspondence with Debtors' counsel regarding executed Confidentiality Agreement (.3). Review protocol for expert to obtain documents designated highly confidential (.4). | JLN | 1.00 |
| 08/23/10 | Review and revise letter regarding payment of FCR (.3). Review Notice of Hearings on Third Interim Fee Applications (.2). Correspondence with Mr. Esserman, Mr. Brousseau, Mr. Newton and Ms. Panko regarding hearings on Third Interim Fee Applications (.4). | JEH | 0.90 |
| 08/23/10 | Review agreement with New GM, GM, UCC and ACC regarding claims data. | SLE | 0.70 |
| 08/23/10 | Correspondence with ACC and UCC regarding court hearing. | SLE | 0.30 |
| 08/24/10 | Review and revise draft response to Fee Examiner's initial report regarding FCR's first interim fee application (0.2). Correspondence with FCR regarding response to Fee Examiner's initial report (0.1). | HJP | 0.30 |
| 08/24/10 | Various correspondence with FCR's experts regarding asbestos claims data. | JLN | 0.30 |
| 08/24/10 | Review memorandum comparing first two drafts of Joint Chapter 11 Plan (.7). Prepare bullet point summary of revisions to plan (.6). | JEH | 1.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                 Page 11
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 08/24/10 | Work on estimation and plan issues and review analysis of plan items. | RTB | 1.10 |
| 08/24/10 | Work on issues regarding discovery and claims forecasts. | SLE | 0.50 |
| 08/24/10 | Correspondence with FCR and expert regarding future studies regarding case. | SLE | 0.20 |
| 08/25/10 | Review FCR's comments to draft response to Fee Examiner and revise same accordingly (0.3). Review recently filed pleadings (0.4). Confer with Ms. Hartwick regarding supplemental declaration and draft correspondence to Mr. Esserman regarding declaration (0.3). Correspondence with FCR regarding supplemental declaration (0.1). Correspondence with Ms. Andres regarding FCR's Response to Fee Examiner (0.3). | HJP | 1.40 |
| 08/25/10 | Correspondence with FCR's expert regarding asbestos claims data and discovery issues. | JLN | 0.20 |
| 08/25/10 | Detailed review of August 11 Draft of Disclosure Statement (1.7). Complete bullet point summary of key concerns regarding Debtors' Joint Chapter 11 Plan (1.5). | JEH | 3.20 |
| 08/25/10 | Correspondence with experts regarding claims materials. | SLE | 0.20 |
| 08/25/10 | Review of entered orders regarding discovery and 2004 exams. | SLE | 0.20 |
| 08/25/10 | Review supplemental declaration of Dean Trafelet. | SLE | 0.20 |
| 08/25/10 | Review response to fee examiner regarding FCR's First Interim Fee Application and correspondence with Ms. Panko regarding FCR's Response to Fee Examiner. | SLE | 0.20 |
| 08/25/10 | Work on discovery regarding future studies. | SLE | 0.40 |
| 08/25/10 | Correspondence with experts regarding open issues and data needs. | SLE | 0.30 |
| 08/25/10 | Review of confidentiality agreement and correspondence regarding same. | SLE | 0.30 |
| 08/26/10 | Various correspondence to/from experts regarding data concerns, follow up correspondence with Debtors and New GM (.4). Meet with Mr. Esserman to discuss asbestos claims data issues (.2). | JLN | 0.60 |
| 08/26/10 | Confer with legal team regarding GM database. | RTB | 0.20 |
| 08/26/10 | Correspondence with experts and work on  data issues for experts regarding studies. | SLE | 0.50 |
| 08/26/10 | Work on discovery regarding 2004 issues regarding case with GM, New GM and UCC. | SLE | 0.50 |
| 08/27/10 | Confer with Mr. Esserman regarding outstanding asbestos data issues (.3). Various correspondence with Asbestos Committee, Debtors, and others regarding asbestos claims estimation issues (.3). | JLN | 0.60 |
| 08/27/10 | Brief review of recently filed pleadings. | JEH | 0.60 |
| 08/27/10 | Correspondence with FCR regarding open issues related to production of claims data. | SLE | 0.20 |
| 08/27/10 | Conference with UCC regarding claims data. | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 12
Invoice 120500

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 08/27/10 | Correspondence with parties and GM regarding claims data and open issues. | SLE | 0.20 |
| 08/28/10 | Various correspondence regarding upcoming insurance-related meeting in Detroit with Debtor. | JLN | 0.20 |
| 08/28/10 | Correspondence with Mr. Newton regarding insurance meeting and meeting with New GM. | SLE | 0.20 |
| 08/30/10 | Brief review of recent filings. | JEH | 0.30 |
| 08/31/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 08/31/10 | Various correspondence with Mr. Esserman regarding GM insurance meeting (.2). Correspondence with GM, ACC, and UCC regarding asbestos-related document production issues (.3). Work with FCR's experts on outstanding data requests (.2). | JLN | 0.70 |

| | | | |
|---|---|---|---|
| | Total Hours | | 263.30 |

## Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Cindy L Jeffery | Paralegal | $175.00 | 1.90 | $332.50 |
| Heather Panko | Associate | $300.00[1] | 23.20 | $6,462.50 |
| Jacob L Newton | Shareholder | $425.00 | 79.40 | $33,745.00 |
| Jo E Hartwick | Shareholder | $395.00 | 43.90 | $17,340.50 |
| Robert T Brousseau | Shareholder | $550.00 | 80.00 | $44,000.00 |
| Sander L Esserman | Shareholder | $725.00 | 34.90 | $25,302.50 |

| | | |
|---|---|---|
| Total Fees | | $127,183.00 |

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 216.50 |
| Deliveries | 429.32 |
| Facsimiles | 3.75 |
| Long distance telephone charges | 2.02 |
| On-Line Research | 168.16 |
| Photocopies | 45.10 |

| | |
|---|---|
| Total Expenses | $864.85 |

---

[1] Please note that certain of Ms. Panko's time entries were billed at a reduced rate of $175.00 per hour. This reduced rate was applied to 2.3 hours of Ms. Panko's time and resulted in a voluntary reduction of $287.50 in fees billed during August 2010.

Stutzman, Bromberg, Esserman & Plifka Invoice                                                  Page 13
Invoice 120500

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 263.30 |
| Fees | $127,183.00 |
| Expenses | $864.85 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$128,047.85** |

# STUTZMAN, BROMBERG, ESSERMAN & PLIFKA

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS

2323 BRYAN STREET
SUITE 2200
DALLAS, TEXAS 75201-2689

TELEPHONE: (214) 969-4900
FACSIMILE: (214) 969-4999
WEB SITE: www.sbep-law.com

Invoice 120913
October 28, 2010

DEAN N. TRAFELET, FCR
50 WEST SCHILLER
CHICAGO, IL 60610

Client/Matter No.: TR006-0002

Re:  GM/MOTORS LIQUIDATION CORP. BANKRUPTCY                                    SLE

For services performed through 09/30/10

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 09/01/10 | Various correspondence with Committee, Asbestos Committee, and other parties in interest regarding Creditors Committee's position on proposed anonymity protocol (.2), correspondence with Mr. Esserman regarding new draft of Plan circulated by Debtors (.2). | JLN | 0.40 |
| 09/01/10 | Review Debtors' Joint Chapter 11 Plan (1.4), begin review of Disclosure Statement (.9). | JEH | 2.30 |
| 09/01/10 | Analyze certain provisions of new plan of reorganization. | RTB | 1.90 |
| 09/02/10 | Review counter-proposal from Committee's claims estimation experts regarding anonymity protocol (.3), various related correspondence with Committee and other parties in interest regarding potential issues with anonymity protocol counter-proposal (.2). | JLN | 0.50 |
| 09/02/10 | Review Bankruptcy Rules and Local Rules regarding time to be provided to object to disclosure statement and plans of reorganization and for notice of hearings on same (.4), prepare memorandum regarding deadlines for notices and objections (.5), review Disclosure Statement (2.8), work on memo regarding concerns regarding Joint Chapter 11 Plan and Disclosure Statement (.8), correspondence from Messrs. Bentley, Swett and Wehner regarding suggested anonymity protocols regarding asbestos claims (.4). | JEH | 4.90 |
| 09/02/10 | Analyze proposals of two committees regarding anonymity protocol (0.8), confer with consultants regarding anonymity protocol (0.4). | RTB | 1.20 |
| 09/03/10 | Review and respond to correspondence from Mr. Esserman regarding Fee Examiner's report regarding SBEP's First Interim Fee Application. | HJP | 0.20 |
| 09/03/10 | Work on counter-proposal issues regarding protection of claimants' information for purposes of asbestos estimation. | JLN | 0.30 |
| 09/03/10 | Review Debtors' Motion to Approve Notice of Disclosure Statement Hearing, Approve Disclosure Statement, Establish Notice and Objection Procedures for Confirmation of the Plan, Approve Solicitation Packages and Forms of Ballots and Establish Procedures for Voting on the Plan and Approve Form of Notices to Non-Voting Classes (2.1), prepare memorandum regarding Debtors' Motion to Approve Notice of Disclosure Statement Hearing, Approve Disclosure Statement, Establish Notice and Objection Procedures | JEH | 2.50 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | for Confirmation of the Plan, Approve Solicitation Packages and Forms of Ballots and Establish Procedures for Voting on the Plan and Approve Form of Notices to Non-Voting Classes (.4). | | |
| 09/03/10 | Further work on provability of using third party to preserve anonymity of asbestos claimants. | RTB | 0.80 |
| 09/03/10 | Correspondence with legal team and FCR regarding case and dates, conference with team regarding status of discovery protocol. | SLE | 0.20 |
| 09/03/10 | Correspondence with Committee, New GM and FCR regarding discovery protocol. | SLE | 0.20 |
| 09/04/10 | Correspondence with experts and FCR regarding status of case, expert reports and discovery protocol. | SLE | 0.20 |
| 09/05/10 | Various correspondence with Mr. Esserman and client regarding status of asbestos estimation issues and document production issues. | JLN | 0.20 |
| 09/05/10 | Work on anonymity issues. | RTB | 0.20 |
| 09/06/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency (0.4), brief review of plan of reorganization, disclosure statement and notice of hearing (0.4), and correspondence with legal team regarding identified pleadings (0.2). | CLJ | 1.00 |
| 09/06/10 | Confer with experts regarding anonymity issues (0.6), work on plan and estimation issues relating to asbestos (1.2), prepare for call with FCR regarding anonymity issues (0.6). | RTB | 2.40 |
| 09/06/10 | Correspondence with expert and FCR regarding witness and discovery protocol. | SLE | 0.20 |
| 09/07/10 | Review correspondence from FCR regarding status of payment of outstanding fees (0.1), call with Ms. Andres regarding Fee Examiner's initial letters regarding SBEP's and FCR's first interim fee applications (0.2), review Fee Examiner's letter regarding SBEP's first interim fee application and begin working on response to same (1.9), conference with Mr. Brousseau and Ms. Hartwick regarding drafting response to Fee Examiner's inquiry regarding SBEP's first interim fee application (0.4), correspondence with Mr. Esserman regarding response to Fee Examiner's letter regarding SBEP's fees (0.2), correspondence with Mr. Esserman regarding Fee Examiner's questions regarding Mr. Trafelet's first interim fee application (0.1). | HJP | 2.90 |
| 09/07/10 | Follow-up conference with Ms. Hartwick regarding response to Fee Examiner's letter regarding SBEP's first interim fee application (0.2), continued work on preparation of SBEP's response to Fee Examiner's letter regarding first interim fee application (2.3). | HJP | 2.50 |
| 09/07/10 | Prepare for and participate in conference call with Committee counsel, Asbestos Committee counsel, counsel for various trusts, and others regarding procedure for protecting confidential client data (1.5), work on asbestos estimation and plan issues, including preparation of report for FCR (1.4), various correspondence with client regarding anonymity protocol proposed by Asbestos Committee (.3). | JLN | 3.20 |
| 09/07/10 | Review memorandum regarding concerns about Debtors' Joint | JEH | 1.60 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                 Page 3
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | Chapter 11 Plan (.2), confer with Messrs. Esserman, Brousseau and Newton regarding claims data issues and regarding Debtors' Joint Chapter 11 Plan (.5), confer with Ms. Panko regarding response to address Fee Examiner's concerns regarding SBEP's fees and expenses (.5), revise letter to counsel for Debtors requesting information regarding Asbestos Property Damage Claims (.4). | | |
| 09/07/10 | Analysis of feasibility of certain anonymity protocol procedures from standpoint of FCR and his consultants (3.1), analyze certain plan issues (0.6). | RTB | 3.70 |
| 09/07/10 | Review of plan and modifications for asbestos issues. | SLE | 0.40 |
| 09/07/10 | Prepare for insurance meeting with Debtor and review issues for meeting. | SLE | 0.30 |
| 09/07/10 | Work on estimation issues and document needs with ARPC experts. | SLE | 0.40 |
| 09/08/10 | Continue to work on preparation of SBEP's response to Fee Examiner's letter regarding SBEP's First Interim Fee Application (5.5), review response to Fee Examiner for FCR in preparation for call with Ms. Andres (0.6), call with Ms. Andres regarding FCR's First Interim Fee Application (0.5), review notes from call and draft memo to Mr. Esserman regarding Fee Examiner's concerns with FCR's First Interim Fee Application (0.4). | HJP | 7.00 |
| 09/08/10 | Work on insurance investigation, including calls and correspondence to counsel for Asbestos Committee and Unsecured Creditors Committee (.6), prepare for and attend call with FCR's claims estimation expert regarding data issues (.3), analysis of Plan changes and potential arguments relating to Debtor's treatment of asbestos insurance policies (.5), work on asbestos data production issues (.5), calls to Mr. Bentley at Kramer Levin regarding status of Bates White's 650-claim sampling of asbestos claimants (.2). | JLN | 2.10 |
| 09/08/10 | Revise letter to counsel for Debtors requesting information regarding Asbestos Property Damage Claims (.3), review revisions to time entries in response to Fee Examiner's concerns (.5), confer with Ms. Panko regarding revisions to time entries in response to Fee Examiner's concerns (.3). | JEH | 1.10 |
| 09/08/10 | Prepare for and participate in conference call with experts about anonymity protocol and estimation methodology (1.1), work on plan issues of concern to FCR (1.3), work on asbestos insurance issues (0.8). | RTB | 3.20 |
| 09/08/10 | Conference with ARPC regarding claims protocols, estimation, and open issues. | SLE | 0.40 |
| 09/08/10 | Conference with Mr. Newton regarding insurance recovery. | SLE | 0.30 |
| 09/08/10 | Correspondence with Debtor and Mr. Karotkin regarding request for insurance information. | SLE | 0.30 |
| 09/08/10 | Correspondence with UCC, FCR and ACC regarding claimant information. | SLE | 0.20 |
| 09/08/10 | Review of response and changes to fee examiner request. | SLE | 0.20 |
| 09/09/10 | File and serve Supplemental Declaration of Dean M. Trafelet (billed at $175/hour) (0.7), prepare and file certificate of service for Supplemental Declaration of Dean M. Trafelet (billed at $175/hour) | HJP | 0.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                                    Page 4
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | (0.2). | | |
| 09/09/10 | Prepare for and participate in conference call with Committee, Asbestos Committee, and Trust counsel regarding anonymity protocol issues (1.0), analysis of Bates White sampling methodology in connection with asbestos estimation projection (1.2). | JLN | 2.20 |
| 09/09/10 | Review Debtors' Joint Plan of Reorganization regarding lack of specificity concerning treatment of Asbestos Property Damage Claims (.6), prepare memorandum recommending revision to Joint Plan of Reorganization clarifying treatment of Asbestos Property Damage Claims (.8). | JEH | 1.40 |
| 09/09/10 | Analyze treatment of certain types of asbestos claims under revised plan (1.5), work on anonymity issues and analyze certain aspects of estimation process and data issue (2.2). | RTB | 3.70 |
| 09/09/10 | Work on anonymity protocol, correspondence with UCC and FCR regarding anonymity protocol. | SLE | 0.50 |
| 09/09/10 | Review estimation and protocol issues with ARPC; analyze sample data issues with Bates White. | SLE | 0.50 |
| 09/09/10 | Correspondence with Debtor regarding asbestos property damage insurance, correspondence regarding meeting with Mr. Newton. | SLE | 0.50 |
| 09/09/10 | Correspondence with FCR regarding estimation and insurance issues. | SLE | 0.20 |
| 09/10/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his contituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 09/10/10 | Review the FCR's August 2010 invoice for confidentiality and privilege (billed at 1/2 rate). | HJP | 0.70 |
| 09/10/10 | Collect fee and expense information as well as payment information for the FCR at the request of the fee examiner (0.3), correspondence with the FCR regarding payment information (0.2). | HJP | 0.50 |
| 09/10/10 | Review and analyze the Fee Examiner's draft report regarding the FCR's First Interim Fee Application. | HJP | 0.60 |
| 09/10/10 | Review and analyze the Fee Examiner's draft report regarding SBEP's First Interim Fee Application. | HJP | 0.20 |
| 09/10/10 | Research asbestos-related litigation filed against GM during pre-petition period for asbestos claims estimation purposes, per request of Mr. Trafelet. | JLN | 3.00 |
| 09/10/10 | Analyze Debtors' Joint Chapter 11 Plan regarding asbestos issues and internal consistency regarding asbestos-related claims (2.9), prepare memorandum regarding recommended revisions to Debtors' Joint Chapter 11 Plan (2.6). | JEH | 5.50 |
| 09/10/10 | Analyze plan and disclosure statement regarding present and future asbestos claims (1.8), work on anonymity and data issues and review proposals from counsel (2.1). | RTB | 3.90 |
| 09/10/10 | Correspondence with FCR, UCC and ACC regarding claims protocol. | SLE | 0.30 |
| 09/10/10 | Review plan regarding changes to plan for property damage. | SLE | 0.30 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 5
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 09/10/10 | Work on issues regarding locomotive asbestos claims, correspondence with FCR regarding locomotive claims. | SLE | 0.40 |
| 09/10/10 | Analyze issues relating to arbitration, correspondence with ARPC regarding arbitration issues. | SLE | 0.50 |
| 09/11/10 | Confer regarding most recent proposal for data handling and anonymity. | RTB | 1.40 |
| 09/11/10 | Correspondence with ACC and UCC regarding protocol, correspondence with FCR regarding case and expert issues. | SLE | 0.50 |
| 09/12/10 | In depth review and analysis of Fee Examiner's draft report regarding SBEP's First Interim Fee Application and suggested disallowances (1.0), draft memo to Mr. Esserman regarding Fee Examiner's report on SBEP's fee application and response to the report (0.7). | HJP | 1.70 |
| 09/12/10 | In depth review and analysis of the Fee Examiner's draft report regarding the FCR's First Interim Fee Application (0.7), draft memo to Mr. Esserman regarding Fee Examiner's report on FCR's fee application and response to the report (0.5). | HJP | 1.20 |
| 09/12/10 | Review follow-up correspondence from Mr. Esserman regarding the Fee Examiner's reports on SBEP's and the FCR's First Interim Fee Applications. | HJP | 0.20 |
| 09/12/10 | Research alternative product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 0.50 |
| 09/12/10 | Complete memorandum regarding recommended revisions to Debtors' Joint Chapter 11 Plan. | JEH | 2.20 |
| 09/12/10 | Review most recent proposals and counterproposals regarding anonymity. | RTB | 0.40 |
| 09/12/10 | Analysis of fee examiner issues related to First Interim Fee Applications of SBEP and FCR, correspondence with Ms. Panko and Mr. Brousseau regarding Fee Examiner's review of SBEP and FCR fee applications. | SLE | 0.40 |
| 09/12/10 | Correspondence with FCR regarding case and estimation. | SLE | 0.20 |
| 09/13/10 | Review SBEP's August 2010 invoice for confidential and privileged information (billed at 1/2 rate). | HJP | 0.80 |
| 09/13/10 | Additional review and analysis of SBEP's August 2010 invoice (billed at 1/2 rate). | HJP | 0.90 |
| 09/13/10 | Confer with Mr. Esserman and Mr. Brousseau regarding Fee Examiner's draft reports regarding SBEP's and the FCR's fee applications (0.9), prepare memo for Mr. Esserman regarding outstanding issues related to FCR's first interim fee application (1.4), draft memo to FCR regarding Fee Examiner's draft report and recommendation regarding same (0.7), revise memo to FCR regarding first interim fee application (0.2), multiple email correspondence with the FCR and ARPC regarding October 2010 budgets (0.4), prepare October 2010 budget letter for the FCR and his professionals (0.5). | HJP | 4.10 |
| 09/13/10 | Research alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 1.50 |

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 09/13/10 | Revise memorandum regarding revisions to Debtors' Joint Chapter 11 Plan (.8), review Debtors' motion to further extend exclusivity and amended notice of hearing on Debtors' motion to further extend exclusivity (.5), confer with Ms. Panko regarding response to Fee Examiner's report regarding time entries of Future Claimants' Representative (.2). | JEH | 1.50 |
| 09/13/10 | Prepare for and participate in call with estimation experts regarding GM's product lines and asbstos exposures (1.4), work on anonymity protocol (0.4). | RTB | 1.80 |
| 09/13/10 | Review possible claims for asbestos exposure in locomotives, correspondence with expert regarding claims related to exposure in locomotives. | SLE | 0.40 |
| 09/13/10 | Work on insurance issues regarding GM and asbestos claims. | SLE | 0.30 |
| 09/13/10 | Review and revise proposals for protocol issues with UCC, ACC and Debtor. | SLE | 0.50 |
| 09/14/10 | Correspondence with Mr. Esserman and the FCR regarding monthly budget letter (0.5), correspondence to Carla Andres regarding FCR's First Interim Fee Application (0.8), follow-up phone call to Ms. Andres regarding SBEP's and FCR's fee applications (0.2). | HJP | 1.50 |
| 09/14/10 | Research alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability (1.3), review and revise analysis of Debtors' most recent draft Plan (.5), various correspondence with insurance expert regarding GM's excess insurance policies (.2), various correspondence with FCR's experts and with New GM's counsel regarding outstanding data issues relating to asbestos claims estimation (.3). | JLN | 2.30 |
| 09/14/10 | Work on estimation issues (0.6), analyze insurance coverage issues (0.9). | RTB | 1.50 |
| 09/14/10 | Correspondence with ACC regarding GM insurance meeting and status. | SLE | 0.20 |
| 09/14/10 | Correspondence with Trusts and ACC regarding protocol for discovery. | SLE | 0.20 |
| 09/14/10 | Work on issues raised by fee examiner and response to fee examiner. | SLE | 0.30 |
| 09/15/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency, correspondence with legal team regarding the identified pleadings. | CLJ | 0.30 |
| 09/15/10 | Additional review of SBEP's August 2010 invoice (billed at 1/2 rate). | HJP | 0.60 |
| 09/15/10 | Phone calls and email correspondence with Ms. Andres regarding the First Interim Fee Applications of SBEP and the FCR. | HJP | 0.50 |
| 09/15/10 | Review Debtor's motion to extend exclusivity periods and confer with Ms. Hartwick regarding same. | HJP | 0.20 |
| 09/15/10 | Review correspondence from Mr. Esserman and Mr. Trafelet regarding monthly budgets (0.2), review and finalize monthly budget letter for the FCR and his professionals (0.3). | HJP | 0.50 |
| 09/15/10 | Analysis of various Court submissions relating to anonymity protocol | JLN | 1.70 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 7
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | (.3), work on background preparations for September 16 meeting with insurance expert (1.4). | | |
| 09/15/10 | Work on discovery protocol and correspondence with ACC and Trusts regarding protocol. | SLE | 0.50 |
| 09/16/10 | Correspondence with Mr. Esserman regarding status of fee applications and discussions with Fee Examiner (0.3), prepare for and participate in conference call with Ms. Andres regarding SBEP's First Interim Fee Application and Fee Examiner's report (0.7), review issues raised in call with Fee Examiner and prepare report and recommendations for Mr. Esserman regarding SBEP's and Mr. Trafelet's fee applications (1.3), follow-up correspondence with Ms. Andres regarding resolution of objections to SBEP's fee application (0.2), confer with Ms. Hartwick regarding fee related matters (0.3). | HJP | 2.80 |
| 09/16/10 | Review recently filed pleadings (0.4), review and analysis of disclosure statement (1.3). | HJP | 1.70 |
| 09/16/10 | Prepare for and participate in telephonic conference with insurance advisor regarding GM asbestos insurance (1.0), analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability (2.0), review correspondence regarding recent GM findings of fact, analysis of impact on future asbestos demands (.3). | JLN | 3.30 |
| 09/16/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.70 |
| 09/16/10 | Revisions to anonymity protocol, correspondence with legal team regarding anonymity protocol. | SLE | 0.50 |
| 09/16/10 | Review issues regarding fee hearing, disputes and fee application, correspondence with Ms. Panko regarding fee application issues. | SLE | 0.50 |
| 09/17/10 | Review and analysis of debtors disclosure statement. | HJP | 5.20 |
| 09/17/10 | Confer with Mr. Newton regarding preparation for hearing on fee applications (0.1), review and analysis of fee examiner's filed report and statement of limited objection (0.4), memo to Mr. Esserman and Mr. Newton regarding Fee Examiner's report on FCR's fees (0.2), review and analysis of fee examiner's filed report and statement of limited objection regarding SBEP's fees (0.3), memo to Mr. Esserman and Mr. Newton regarding fee examiner's report regarding SBEP (0.2). | HJP | 1.20 |
| 09/17/10 | Work on analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 1.00 |
| 09/17/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.60 |
| 09/17/10 | Work on fee application and review of examiners report regarding fees and correspondence with FCR regarding same. | SLE | 0.50 |
| 09/17/10 | Review claimant protocol and correspondence with ACC regarding estimation. | SLE | 0.50 |
| 09/17/10 | Review court correspondence regarding hearing and correspondence with FCR and Mr. Newton regarding same. | SLE | 0.30 |
| 09/18/10 | Review and analysis of ACC's position paper regarding anonymity | JLN | 0.50 |

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| | protocol issues. | | |
| 09/20/10 | Confer with Mr. Newton regarding fee application hearing on September 24th (0.1), prepare summary of fee applications and resolutions of fee examiner's objections for Mr. Newton for hearing on fee applications (0.7), review U.S. Trustee's response to fee applications set for hearing on September 24th (0.4), confer with Ms. Hartwick regarding U.S. Trustee's and Fee Examiner's summary reports (0.3), review Fee Examiner's summary report regarding fee applications to be heard on September 24th (0.3), draft memo to Mr. Esserman and Mr. Newton regarding U.S. Trustee's and Fee Examiner's reports and hearing on September 24th (0.2). | HJP | 2.00 |
| 09/20/10 | Prepare for hearings on 9.24.10 regarding anonymity protocol issues (.3), prepare for meeting with former GM risk manager regarding excess insurance issues (.3). | JLN | 0.60 |
| 09/20/10 | Brief review of recent filings (.3), review Fee Examiner's Summary and Recommendations - Interim Fee Applications Scheduled for Hearing on September 24, 2010 (.4), confer with Ms. Panko regarding Fee Examiner's Summary and Recommendations - Interim Fee Applications Scheduled for Hearing on September 24, 2010 (.3). | JEH | 1.00 |
| 09/21/10 | Review and analysis of court docket for pleadings relevant to FCR and his constituency (0.2), review of responses to fee application of FCR and counsel (0.3), correspondence with legal team regarding recently filed pleadings relevant to FCR (0.2). | CLJ | 0.70 |
| 09/21/10 | Additional review of SBEP's August 2010 billing memo and collet expense detail for Fee Examiner (bill at 1/2 rate). | HJP | 1.60 |
| 09/21/10 | Finish review of Disclosure Statement. | HJP | 0.90 |
| 09/21/10 | Review Fee Examiner's chart regarding disallowances and payments received. | HJP | 0.30 |
| 09/21/10 | Prepare for and participate in meeting with GM's former risk advisor regarding insurance issues (6.5), analysis of various position papers filed by Asbestos Committee, Debtor, and others regarding anonymity protocol (1.0), draft report to FCR regarding insurance meeting (1.0). | JLN | 8.50 |
| 09/21/10 | Non-working travel to/from Detroit in connection with insurance meeting (billed at one-half rate). | JLN | 4.00 |
| 09/21/10 | Brief review of recently filed pleadings regarding relevance to Future Claimants' Representative. | JEH | 0.40 |
| 09/21/10 | Correspondence with FCR regarding insurance meeting regarding case. | SLE | 0.20 |
| 09/22/10 | Confer with Ms. Hartwick regarding Fee Examiner's summary status report. | HJP | 0.20 |
| 09/22/10 | Review chart attached to Fee Examiner's summary of fee applications (0.2), phone call and email correspondence to Ms. Andres regarding payments received by SBEP (0.4). | HJP | 0.60 |
| 09/22/10 | Collect August 2010 expense information for next interim fee applications. | HJP | 0.90 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                    Page 9
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
| 09/22/10 | Work on data issues to facilitate FCR's experts' preparations of estimate, various correspondence with New GM regarding same. | JLN | 0.50 |
| 09/22/10 | Review Fee Examiner's Report and Recommendations (.1), confer with Ms. Panko regarding implementation of Fee Examiner's Report and Recommendations (.1). | JEH | 0.20 |
| 09/22/10 | Work on issues regarding GM future claims and spreadsheet regarding same. | SLE | 0.30 |
| 09/22/10 | Correspondence with ARPC regarding future studies. | SLE | 0.20 |
| 09/22/10 | Correspondence with FCR regarding insurance meeting and work on memo regarding same. | SLE | 0.30 |
| 09/23/10 | Review and analysis of court docket for pleadings relevant to the FCR and his constituency and review of adjournment of September 24 hearing and confer with Ms. Hartwick regarding same and correspondence with FCR's legal team regarding pleadings identified for review. | CLJ | 0.50 |
| 09/23/10 | Call with Mr. Newton regarding hearing on FCR's First Interim Fee Application (0.1).  Review Fee Examiner's summary with respect to FCR's fees noting discrepancies (0.2).  Call with Ms. Andres regarding FCR's First Interim Fee Application and revisions to chart (0.1).  Review notice of cancelled hearing (0.3).  Multiple phone calls and email correspondence with Mr. Newton and Mr. Esserman regarding cancelled hearing (0.2).  Correspondence with Mr. Esserman regarding status of ARPC's fee application (0.1).  Call with Ms. Brockman at ARPC regarding First Interim Fee Application (0.2). | HJP | 1.20 |
| 09/23/10 | Additional review of SBEP's August 2010 invoice (billed at 1/2 rate). | HJP | 1.20 |
| 09/23/10 | Review ARPC's August 2010 bill for privilege and confidential information (billed at 1/2 rate). | HJP | 0.40 |
| 09/23/10 | Prepare for 9.24.10 hearings on anonymity protocol issues (3.0), calls with Asbestos Committee regarding anonymity protocol hearing (.2). | JLN | 3.20 |
| 09/23/10 | Non-working travel for 9.24.10 hearings on anonymity protocol (billed at one-half rate). | JLN | 3.00 |
| 09/23/10 | Correspondence with legal team regarding fee hearings in case. | SLE | 0.20 |
| 09/26/10 | Correspondence with FCR and ARPC regarding claims data issues. | SLE | 0.30 |
| 09/27/10 | Review and analysis of court docket for pleadings relevant to the FCR and his constituency, review of order extending exclusivity period and correspondence with legal team regarding pleadings identified for review. | CLJ | 0.40 |
| 09/27/10 | Multiple email correspondence with Mr. Esserman, Mr. Florence and Ms. Brockman regarding ARPC's first interim fee application and fee examiner's report. | HJP | 0.50 |
| 09/27/10 | Further review of SBEP's monthly billing statements (billed at 1/2 rate). | HJP | 0.60 |
| 09/28/10 | Review the Fee Examiner's first interim fee application. | HJP | 0.50 |
| 09/28/10 | Call with Ms. Rothwell regarding ARPC's monthly fee statement and | HJP | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice                                                    Page 10
Invoice 120913

| Date | Description | Attorney | Hours |
|------|-------------|----------|-------|
|  | fee examiner's initial letter regarding ARPC's First Interim Fee Application. |  |  |
| 09/28/10 | Follow-up phone calls with Joy Rothwell regarding response to Fee Examiner's letter regarding ARPC's First Interim Fee Application (0.8), review fee examiner's letter regarding ARPC's First Interim Fee Application (0.3), work on draft response to Fee Examiner regarding ARPC's First Interim Fee Application (1.0). | HJP | 2.10 |
| 09/28/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 1.00 |
| 09/29/10 | Review and analyze court docket to identify pleadings that need to be brought to the attention of specific attorneys working on matters relevant to the FCR and his constituency and correspondence with legal team regarding the identified pleadings. | CLJ | 0.20 |
| 09/29/10 | Call with Joy Rothwell at ARPC regarding Fee Examiner's review of ARPC's First Interim Fee Application (0.3), review correspondence from Joy Rothwell regarding response to Fee Examiner's Initial Letter regarding ARPC's First Interim Fee Application (0.3), review and revise draft response to Fee Examiner's letter regarding ARPC's First Interim Fee Application (0.9). | HJP | 1.50 |
| 09/29/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 1.00 |
| 09/30/10 | Correspondence with Mr. Esserman regarding status of fee applications for the FCR and his professionals. | HJP | 0.10 |
| 09/30/10 | Correspondence with FCR's legal team regarding upcoming hearing dates and deadlines (0.3), review notes and prepare for meeting with Ms. Hartwick regarding disclosure statement objection (0.3), meet with Ms. Hartwick to discuss objections to disclosure statement (0.6). | HJP | 1.20 |
| 09/30/10 | Call with Ms. Rothwell at ARPC regarding status of response to Fee Examiner (0.1), follow-up correspondence with Mr. Florence and Ms. Brockman regarding response to Fee Examiner's letter (0.2). | HJP | 0.30 |
| 09/30/10 | Analysis of alternative GM product lines in connection with FCR's estimation of GM's aggregate asbestos liability. | JLN | 3.00 |
| 09/30/10 | Review recently filed pleadings regarding relevance to Future Claimants' Representative (.3), review notes regarding Disclosure Statement (.3), confer with Ms. Panko regarding preparing objection to Disclosure Statement for Debtors' Joint Chapter 11 Plan (.6), conduct research regarding disclosure statements for liquidating plans (1.6), work on objection to  Disclosure Statement for Debtors' Joint Chapter 11 Plan (.9). | JEH | 3.70 |
| 09/30/10 | Research regarding GM liability for asbestos-containing locomotive components. | RLS | 6.80 |
| 09/30/10 | Work on disclosure statement issues (0.6), work on asbestos liability issues (0.4). | RTB | 1.00 |
| 09/30/10 | Correspondence regarding case status, hearings and annuity protocol with FCR. | SLE | 0.30 |
| 09/30/10 | Work on schedule of hearings and correspondence with legal team regarding same. | SLE | 0.20 |

Stutzman, Bromberg, Esserman & Plifka Invoice
Invoice 120913

Page 11

| | | | | |
|---|---|---|---|---|
| Total Hours | | | | 183.50 |

### Timekeeper Summary

| | | | | |
|---|---|---|---|---|
| Cindy L Jeffery | Paralegal | $175.00 | 3.30 | $577.50 |
| Heather Panko | Associate | $300.00[1] | 54.90 | $15,337.50 |
| Jacob L Newton | Shareholder | $425.00 | 47.50 | $18,700.00 |
| Jo E Hartwick | Shareholder | $395.00 | 29.60 | $11,692.00 |
| Rachael Stringer | Associate | $250.00 | 6.80 | $1,700.00 |
| Robert T Brousseau | Shareholder | $550.00 | 27.10 | $14,905.00 |
| Sander L Esserman | Shareholder | $725.00 | 14.30 | $10,367.50 |
| Total Fees | | | | $73,279.50 |

Itemized Expenses:

| | |
|---|---|
| Outside printing charges | 32.48 |
| Deliveries | 176.20 |
| Long distance telephone charges | 37.96 |
| Long-Distance Travel Expenses | 1,521.01 |
| Photocopies | 21.40 |
| Transcripts of Hearings | 106.20 |
| Total Expenses | $1,895.25 |

---

[1] Please note that a reduced rate of $175.00 was applied to 0.90 hours of Ms. Panko's time resulting in a voluntary reduction of $112.50 in fees billed during September 2010.

Stutzman, Bromberg, Esserman & Plifka Invoice

Page 12

Invoice 120913

<u>Summary of Charges on this Invoice:</u>

| | |
|---|---|
| Hours | 183.50 |
| Fees | $73,279.50 |
| Expenses | $1,895.25 |
| Adjustments | $0.00 |
| **Total for this Invoice** | **$75,174.75** |

**EXHIBIT H**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                          )
In re                                     )          Chapter 11
                                          )
MOTORS LIQUIDATION COMPANY, *et al.,*     )          Case No. 09-50026 (REG)
                                          )
    f/k/a General Motors Corp., *et al.*  )
                                          )
                          Debtors.        )          (Jointly Administered)
------------------------------------------------------------X

**CERTIFICATION OF SANDER L. ESSERMAN**
**IN SUPPORT OF SECOND INTERIM APPLICATION OF STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION, FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS**
**COUNSEL FOR DEAN M. TRAFELET IN HIS CAPACITY AS LEGAL**
**REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS**
**FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

I, Sander L. Esserman, certify as follows:

1.       I am an attorney in good standing, having been duly licensed to practice law by

the Supreme Court of Texas in 1976.  Since 1976, I have been continuously engaged in the

practice of law.  I am admitted to practice in the United States District Court for various

jurisdictions, including the Northern and other districts of Texas. I am over the age of 18 years,

and am competent and otherwise qualified to make this Certification.  Unless otherwise stated in this Certification, I have personal knowledge of the facts set forth herein.

2.      I am a shareholder and president of the law firm of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation ("**SBEP**" or the "**Firm**"), and I am authorized to make this Certification on behalf of the Firm.

3.      I submit this Certification in support of the *Second Interim Application of Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, for Allowance of Interim Compensation and Reimbursement of Expenses Incurred as Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants for the Period from June 1, 2010 through September 30, 2010* (the "**Application**") and in accordance with the Local Guidelines.[1]

4.      I have read the Application.

5.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the Application complies with the Local Guidelines.

6.      The Future Claimants' Representative has been provided with a copy of the Application, and has approved the fees and disbursements requested therein.

7.      To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the Application are true and correct and the fees and disbursements sought in the Application fall within the Local Guidelines and the U.S. Trustee Guidelines, except as specifically noted herein.

8.      Except to the extent that fees or disbursements are prohibited by the Local Guidelines or the U.S. Trustee Guidelines, the fees and disbursements sought are billed at rates

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

2

and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients.

9.      To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought, the Firm does not make a profit on such disbursements, whether the service is performed in-house or by a third party.

10.      In accordance with the Interim Compensation Order, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel for the Creditors' Committee have each been provided with a statement of fees and disbursements accruing during each month for which compensation is sought in the Application on or about the 30th day of each month following the end of the month for which compensation was sought. Counsel for the Fee Examiner and counsel for the Asbestos Committee were also provided with copies of SBEP's monthly fee statements.

11.      In accordance with the Interim Compensation Order and the Local Guidelines, the Debtor, counsel for the Debtor, the United States Trustee for the Southern District of New York, and counsel to the Creditors' Committee will each be provided with a copy of the Application simultaneously with the filing thereof.  Counsel for the Fee Examiner and counsel for the Asbestos Committee will also be provided with a copy of the Application simultaneously with the filing thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of November 2010, in Dallas, Texas.


                                        /s/ *Sander L. Esserman*
                                        Sander L. Esserman