# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>In re<br><br>**GENERAL MOTORS CORPORATION,** *et al.***,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 09-50026 (REG)**<br><br>**(Jointly Administered)** |

**ORDER AUTHORIZING EMPLOYMENT OF BUTZEL LONG AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 10, 2009**

Upon the Application, dated June 30, 2009 (the "Application"), of the Official Committee of Unsecured Creditors (the "Committee"), pursuant to Section 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the employment of Butzel Long, a professional corporation ("Butzel Long") as Special Counsel to the Committee, *nunc pro tunc* to June 10, 2009, all as more fully described in the Application; and upon the Declaration of Barry N. Seidel, a shareholder of Butzel Long, dated June 30, 2009, attached to the Application as Exhibit A (the "Seidel Declaration") and the Schedules appended thereto; and the Court being satisfied, based on the representations made in the Application and the Seidel Declaration that Butzel Long and its shareholders are "disinterested" as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and that Butzel Long represents no interest adverse to the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

1

C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (a) the Office of the United States Trustee for Region 2; (b) the attorneys for the United States Department of the Treasury, (c) the attorneys for Export Development Canada, (d) the attorneys for the agent under the Debtors' prepetition secured term loan agreement, (e) the attorneys for the agent under the Debtors' prepetition amended and restated secured revolving credit agreement, (f) the attorneys for the Debtors, (g) the United States Department of Labor, (h) the attorneys for the National Automobile Dealers Association, (i) the U.S. Attorney's Office, and (i) all entities that, on or before June 30, 2009, requested notice in these cases pursuant to Rule 2002 of the Bankruptcy Rules, and the Application having been electronically filed on the docket in this case, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings held before the Court; and the Court having found and determined that the relief sought in the Application is in the best interest of the Committee and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Application is granted as provided herein; and it is further

      ORDERED that pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is authorized to employ and retain Butzel Long as its Special Counsel to render the Special Counsel Services (as defined in the Application), in accordance with Butzel Long's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to June 10, 2009; and it is further

ORDERED that Butzel Long shall be compensated for Special Counsel Services performed as of June 10, 2009, and expenses incurred in connection therewith, subject to the approval of this Court and compliance with Section 330(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Butzel Long; and it is further

ORDERED that notice of this Application as provided therein shall be deemed good and sufficient notice of the Application; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
   ***July 13, 2009***

                                         ***s/ Robert E. Gerber***
                                         United States Bankruptcy Judge