**BROWNFIELD PARTNERS, LLC**
Stuart L. Miner
475 17th Street, Suite 950
Denver, CO 80202
Telephone: (303) 205-7910
Facsimile: (303) 893-3989

*Environmental Consultants to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :
                                                              :   Chapter 11
**MOTORS LIQUIDATION COMPANY,** *et al.*,                     :
    f/k/a **General Motors Corp.,** *et al.*   :   Case No. 09-50026 (REG)
                                                              :
          Debtors.   :   (Jointly Administered)
                                                              :
------------------------------------------------------------- x

## FOURTH INTERIM FEE APPLICATION COVER SHEET OF BROWNFIELD PARTNERS, LLC AS ENVIRONMENTAL CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | Brownfield Partners, LLC |
| Role in Case: | Environmental Consultants to the Debtors |
| Date of Retention: | June 19, 2009 (*nunc pro tunc* to June 1, 2009) |
| Compensation Period: | June 1, 2010 through September 30, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $58,415.68 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $20,125.99[1] |

*Prior Fee Applications:*

| Date Filed | Period Covered | Fees Requested | Expenses Requested | Date Approved | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|---|
| 11/16/09 | 1st Fee Application 06/01/09 - 09/30/09 | 213,914.75 | 16,294.80 | 7/22/10 | 212,525.75 | 14,768.99 |
| 03/17/10 | 2nd Fee Application 10/01/09 - 01/31/10 | 381,757.40 | 27,480.81 | 7/22/10 | 371,967.65 | 24,849.50 |
| 08/05/10 | 3rd Fee Application 02/01/10 - 05/31/10 | 416,398.80 | 14,930.47 | Adjourned Hearing | | |

---

[1] The monthly statements listing the expenses for the Fourth Interim Period previously submitted to the Debtors inadvertently listed expenses for July as $1,938.00, when in fact there are no expenses for July.

ME1 10831712v.1

**BROWNFIELD PARTNERS, LLC**
Stuart L. Miner
475 17th Street, Suite 950
Denver, CO 80202
Telephone: (303) 205-7910
Facsimile: (303) 893-3989

*Environmental Consultants to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 11
                                                             :
**MOTORS LIQUIDATION COMPANY, *et al.*,**                    :
   f/k/a **General Motors Corp., *et al.***                  :   Case No. 09-50026 (REG)
                                                             :
                               Debtors.                      :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## FOURTH INTERIM APPLICATION OF BROWNFIELD PARTNERS, LLC AS ENVIRONMENTAL CONSULTANTS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

Brownfield Partners, LLC ("Brownfield Partners") respectfully files this Fourth Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Fee Application") of Brownfield Partners as Environmental Consultants to Motors Liquidation Company (f/k/a General Motors Corporation) ("GM") and its affiliated debtors, as debtors in possession (collectively, the "Debtors"), for the period from June 1, 2010 through September 30, 2010 (the "Fourth Interim Period"). This Fee Application is filed pursuant to §§ 328(a), 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330, adopted on January 30, 2996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines") and the Order Pursuant to 11 U.S.C. §§105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered in these cases on August 7, 2009 (Docket No. 3711) the

ME1 10831712v.1

("Compensation Procedure Order" and, collectively with the UST Guidelines and the Local Guidelines, the "Guidelines"). In support of the Fee Application, Brownfield Partners states:

## JURISDICTION AND VENUE

1.  On August 7, 2009, the Court signed the Compensation Procedures Order. The Compensation Procedures Order states, *inter alia*,

> "Commencing with the period ending September 30, 2009, and at four month intervals thereafter (the "Interim Fee Period"), each of the retained professionals as set forth in paragraphs 3 and 4 herein (the "Retained Professionals") shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the Monthly Statements served during such Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period."

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' Chapter 11 cases and this Fee Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  On July 21, 2009, the Debtors filed an application (the "Retention Application") pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Fed. R. Bankr. P. 2014 authorizing the retention and employment of Brownfield Partners as an environmental management and consulting services provider in connection with these chapter 11 cases, to assist the Debtors in determining the costs of actual or potential environmental liabilities arising from the Debtors' prepetition, historic operations. The Debtors sought to employ and retain Brownfield Partners pursuant to the terms of the agreement between the Debtors and Brownfield Partners dated and effective as of June 15, 2009 (the "Engagement Letter"). More specifically, Brownfield Partners has been retained by the Debtors for but not limited to their expertise related to the planning and implementing of productive reuse of real estate and property affected by

environmental contamination, to lead the remediation cost estimate process, to identify and resolve environmental and regulatory issues on the Debtors' properties, to establish and maintain positive regulatory relationships for cost negotiation purposes through face to face meetings with regulators, to analyze GM site separation and subdivision documents, to ensure material environmental issues are being properly considered and addressed, and to assist in the crafting and structure of an environmental remediation trust. The work and projects undertaken by Brownfield Partners on behalf of the Debtors in this massive case are not duplicative of the other retained environmental professionals in this case.

5. On August 3, the Court entered an Order authorizing the Debtors to retain and employ Brownfield Partners *nunc pro tunc* to the Petition Date.

6. On September 14, 2009, the Court entered an Order amending the terms of the Engagement Letter with Brownfield Partners.

7. On March 19, 2010, the Court entered a supplemental Order amending the terms of the Engagement Letter with Brownfield Partners and increasing the Fee Cap to $1,100,000.00.

## COMPENSATION AND EXPENSES REQUESTED

8. By this Fee Application and in accordance with §§ 328, 330 and 331 of the Bankruptcy Code, Brownfield Partners request allowance of fees in the amount of $58,415.68.

9. Brownfield Partners incurred the actual and necessary costs and expenses in the amount of $20,125.99[2].

10. In accordance with the factors enumerated in 11 U.S.C. §330, Brownfield Partners represents that the amounts requested for compensation and expense reimbursement are fair and reasonable given (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title.

---

[2] Although every effort has been made to include all expenses from the Third Interim Period in this Fee Application, some expenses from the Third Interim Period might not be included in this application due to delays caused by accounting and processing procedures. Brownfield Partners reserves the right to make further application to the Court for allowance of expenses not included herein.

ME1 10831712v.1

11. Brownfield Partners have received no payment and no promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Fee Application.

12. There is no agreement or understanding between Brownfield Partners and any other person for the sharing of compensation to be received for services rendered in this case other than the agreement with D. McMurtry & Associates, LLC who are providing support to Brownfield Partners as properly disclosed in the Retention Application.

## MONTHLY STATEMENTS

13. Pursuant to the Compensation Procedures Order, all professionals retained in these cases are authorized to seek, on a monthly basis, compensation for professional services rendered and reimbursement of expenses incurred. In the absence of any objection to the monthly statement of fees and expenses incurred (the "Monthly Statements"), the Debtors can pay 80% of the professional fees requested and 100% of the expenses incurred. A tabulation of fees and expenses incurred, as well as payments received by Brownfield Partners, for Monthly Statements to date is as follows:

| Invoice No. | Period Covered | Fees | Expenses | 80% of Fees | 100% of Expenses | Payments Received |
| --- | --- | --- | --- | --- | --- | --- |
| 2710 | 06/01/10 - 06/30/10 | 12,647.08 | 1,938.00 | 10,117.67 | 1,938.00 | 12,055.66 |
| 2718 | 07/01/10 - 07/31/10 | 6,912.00 | 0.00[3] | 5,529.60 | 0.00 | 0.00 |
| 2722 | 08/01/10 - 08/31/10 | 19,452.60 | 18,187.99 | 15,562.08 | 18,187.99 | 0.00 |
| 2731 | 09/01/10 - 09/30/10 | 19,404.00 | 0.00 | 15,523.20 | 0.00 | 0.00 |
| TOTAL: |  | 58,415.68 | 20,125.99 | 46,732.55 | 20,125.99 | 12,055.66 |

14. During the Fourth Interim Period, Brownfield Partners has sought $58,415.68 in professional fees and $20,125.99 for expenses, of which $12,055.66 in fees and expenses has been paid to date by the Debtors in accordance with the Compensation Procedures Order. As of the date of this Fee Application, Brownfield Partners is owed $66,486.01 for professional fees and expenses incurred, which amounts have not yet been paid by the Debtors.

---

[3] The July invoice previously submitted to the Debtors inadvertently listed expenses as $1,938.00, when in fact there are no expenses for July

ME1 10831712v.1

**SUMMARY OF SERVICES PROVIDED**

15. Attached as **Exhibit A** is a list of the Brownfield Partners professionals who worked on the case during the Fourth Interim Period, along with the titles, and a summary of hours charged for the professionals whose services are being billed in connection with this case. Attached as **Exhibit B** is a summary of hours incurred for each category of work performed by Brownfield Partners. Attached as **Exhibit C** is a summary of actual out-of-pocket expenses incurred during the Fourth Interim Period for each category of expenses. Attached as **Exhibit D1, D2, D3 and D4** are copies of each of the Monthly Statements prepared by Brownfield Partners for the Fourth Interim Period and provided to the Debtors and certain other parties in accordance with the Compensation Procedure Order. Attached as **Exhibit E** is the certification of Stuart L. Miner with respect to the Fee Application pursuant to the Guidelines.

16. In accordance with the Retention Application and the Engagement Letter, the following is a detailed description of the major tasks performed during the Fourth Interim Period.

17. During the Fourth Interim Period, Brownfield Partners provided program management support to the Debtors for coordinating the work of the other environmental consultants in reviewing and refining the cost to manage and remediate Debtors' contaminated properties. During this Fourth Interim period, extensive time was spent updating cost estimates prepared during late 2009 and early 2010 to reflect work completed since the estimates were completed and to reflect final agreement on remedial approaches with the state and federal parties and their consultant.

18. Brownfield Partners provided assistance to the Debtors in determining the potential for disposition and/or reuse of certain of the Debtors' properties and advised and assisted the Debtors regarding the potential to integrate remediation with redevelopment. This innovative concept required the specialized services of Brownfield Partners.

19. During the Fourth Interim Period, Brownfield Partners assisted the Debtors to evaluate alternative structures for a post-confirmation entity to own and manage the estate's owned properties and to hold funds for and perform environmental remediation and redevelopment.

ME1 10831712v.1

20. During the Fourth Interim Period, Brownfield Partners assisted the Debtors with estimating administrative budgets for the post confirmation entity.

21. During the Fourth Interim Period, the work performed by Brownfield Partners was not duplicative of any other retained professional. Although there were other environmental and real estate professionals engaged, Brownfield Partners work was to coordinate or supervise their activities, to complement their services, or was not related to their work.

22. During the Fourth Interim Period, Brownfield Partners worked with the Debtors, the Debtors' attorneys and outside counsel to prepare the third interim fee application, and to revise and update the scopes of work of the environmental professionals. Brownfield Partners also responded to written correspondence from the fee examiner.

23. During the Fourth Interim Period, Brownfield Partners assisted the Debtors in evaluating environmental risk management strategies to mitigate the cost impact on the Debtors from the potential of spills and/or releases of hazardous chemicals at the properties owned by Debtors but leased to and under the operation of new General Motors.

24. During the Fourth Interim Period, Brownfield Partners worked with the Debtors, and the Debtors' other consultants and project managers to identify and resolve environmental and regulatory issues on the Debtors' properties, and held meetings and discussions with state and federal regulatory agencies and consultants to the federal entities to reach final agreement on remedial cost estimates. Brownfield Partners worked with the Debtors' consultants and regulatory agencies to clarify regulatory frameworks and implications to post confirmation entity.

25. Finally, due to the size and complexity of this case, on a daily basis Brownfield Partners responded to the plethora of environmental issues raised by the Debtors.

26. Brownfield Partners submit that the foregoing services were necessary to the administration of this Chapter 11 case, were necessary and beneficial to the Debtors' estates at the time such services were rendered, and were performed without unnecessary duplication of effort or expense. Brownfield Partners' request for compensation of the foregoing services is reflective of a reasonable and

ME1 10831712v.1

appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue and task involved.

## WAIVER OF MEMORANDUM OF LAW

27.  This Fee Application does not raise any novel issues of law. Accordingly, Brownfield Partners respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

## NOTICE

28.  Notice of this Fee Application has been provided pursuant to the Compensation Procedures Order.

WHEREFORE, Brownfield Partners respectfully request that this Court enter an order: (i) allowing Brownfield Partners' request for compensation in the sum of $58,415.68 for actual, reasonable and necessary professional services rendered as environmental consultants to the Debtors during the Fourth Interim Period; (ii) directing the Debtors to pay to Brownfield Partners the full amount of such compensation to the extent not already paid; (iii) directing the Debtors to reimburse Brownfield Partners in the amount of $22,063.99 for actual, reasonable and necessary expenses incurred during the Compensation Period, to the extent not already reimbursed; and (iv) granting to Brownfield Partners such other and further relief as the Court may deem proper.

Dated: Denver, Colorado
November 15, 2010

BROWNFIELD PARTNERS, LLC

*/s/ Stuart L. Miner*
Stuart L. Miner, Partner
475 17th Street, Suite 950
Denver, CO 80202

*Environmental Consultants to the Debtors*

ME1 10831712v.1