**EXHIBIT "3"**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
Albert Togut
Frank A. Oswald
*Conflicts Counsel for the Debtors*
 *and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-----------------------------------------------------------------x

**CERTIFICATION**

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

        Frank A. Oswald, on behalf of Togut, Segal & Segal LLP (the "Togut Firm"), conflicts counsel for Motors Liquidation Company, *et al.*, f/k/a General Motors Corp., *et al.*, ("MLC") the debtors and debtors in possession (the "Debtors"), hereby certifies, pursuant to this Court's Administrative Orders ("Administrative Orders") setting forth guidelines for fees and disbursements for professionals practicing before this Court (the "Guidelines"), that:

        1.    I am the professional designated by the Togut Firm with the responsibility in the MLC Chapter 11 Cases for compliance with these Guidelines.

        2.    I have read the Togut Firm's second interim application for compensation for services rendered to, and for reimbursement of expenses incurred on

behalf of, the Debtors for the period June 1, 2010 through and including September 30, 2010 (the "Application").

   3. To the best of my knowledge, information and belief formed after reasonable inquiry, the Application complies with the mandatory Guidelines set forth in the Administrative Orders.

   4. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines set forth in the Administrative Orders.

   5. Pursuant to Section A2 of General Order M-389, I certify that the Togut Firm has advised the Debtors on a regular basis of the fees and expenses incurred by the Togut Firm, and has provided the Debtors with a statement of the Togut Firm's fees and disbursements prior to the filing of this Application.

   6. Pursuant to Section A3 of General Order M-389, I certify that the Debtors have been provided with a copy of the Application.

   7. The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by the Togut Firm and generally accepted by the Togut Firm's clients.

   8. Copies of the Application have been served upon the parties designated in the August 7, 2009 Order of the Court establishing procedures for interim compensation and reimbursement of expenses [Docket No. 3711].

   9. To the best of my knowledge, information and belief, with respect to the services and disbursements for which reimbursement is sought: (i) the Togut Firm does not make a profit on such services or disbursements; (ii) the Togut Firm does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; and (iii) the Togut Firm requests

reimbursements only for the amount billed to the Togut Firm by the third-party vendor and paid by it to such vendor.

10.  With respect to photocopying and facsimile transmission expenses, the Togut Firm's charges do not exceed the maximum rate set by the Fee Guidelines (there is no charge for incoming and local facsimile transmissions).  These charges are intended to cover the Togut Firm's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into the Togut Firm' hourly billing rates.  Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

11.  The time constraints frequently imposed by the circumstances of these cases has required the Togut Firm's attorneys and other employees at times to devote substantial amounts of time during the evenings and on weekends to the performance of legal services on behalf of the Debtors.  Consistent with firm policy, attorneys and other employees of the Togut Firm who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. the Togut Firm's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The reimbursement of these requested disbursements is consistent with the provisions set forth in the Fee Guidelines.

12.  In addition, same day and overnight delivery of documents and other materials was often required as a result of deadlines necessitating the use of such express services.  These disbursements are not included in the Togut Firm's overhead

3

for the purpose of setting billing rates.  The Togut Firm has made every effort to minimize its disbursements in this case.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable and justified under the circumstances to serve the needs of the case.

        13.    Mass transit has been used whenever practicable.

DATED:  New York, New York
           November 15, 2010

                TOGUT, SEGAL & SEGAL LLP
                Conflicts Counsel for the Debtors
                 and Debtors in Possession

                /s/Frank A. Oswald
                FRANK A. OSWALD
                A Member of the Firm
                One Penn Plaza, Suite 3335
                New York, New York 10119
                (212) 594-5000