**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|   |   |
|---|---|
| In re: | Chapter 11 Case No.: |
| MOTORS LIQUIDATION COMPANY, et al.<br>f/k/a General Motors Corp., et al. | 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

## FOURTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY, et al. |
| Date of Retention: | August 18, 2009 (effective June 3, 2009) |
| Period for which compensation and reimbursement is sought: | June 1, 2010 to September 30, 2010 |

Amount requested in this fee app
    Compensation requested:           $2,000,000.00
    Original expense reimbursement
    requested:                       $5,828.44
    Voluntary reduction:          $1,000.91
    Final expense reimbursement
    requested:                       $4,827.53

Amount previously requested
    Compensation requested:           $8,501,702.25
    Expense reimbursement requested:     $104,970.23

This is an (a): __X__ Interim _____ Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                              :

In re:                       :        Chapter 11 Case No.:

MOTORS LIQUIDATION COMPANY, et al.   :        09-50026 (REG)
    f/k/a General Motors Corp., et al.    :

                Debtors.     :        (Jointly Administered)

-------------------------------------------------------------x

## FOURTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisors to the Official Committee of Unsecured Creditors (the "Committee") of Motors Liquidation Company, et al. ("MLC"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates, hereby submits its fourth application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of compensation for services rendered and for reimbursement of expenses incurred in these cases.

## INTRODUCTION

1.      By this application, FTI seeks a fourth interim allowance of compensation for professional services rendered as financial advisors to the Committee for the period June 1, 2010 through and including September 30, 2010 (the "Fourth Interim Period") in the amount of

$2,000,000, representing 3,421 hours in professional services, and actual and necessary expenses of $4,827.53. In support of this application, the Applicant represents as follows:

2.      This application is submitted pursuant to the terms of the Order Pursuant to 11 U.S.C. § 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated August 7, 2009 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $2,000,000 in fees and $4,827.53 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Fourth Interim Period. Included in the $2,000,000 fee amount is $400,000 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of June 1, 2010 through September 30, 2010.

## BACKGROUND

3.      On June 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 3, 2009, the Office of the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

5.      On June 3, 2009, the Committee selected Kramer Levin Naftalis & Frankel LLP as its Counsel ("Committee Counsel") and FTI Consulting as its Financial Advisor.

6.      By an Order dated August 18, 2009, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to June 3, 2009.

7.     On July 10, 2009, General Motors Company ("New GM"), formerly known as NGMCO, Inc. and successor-in-interest to Vehicle Acquisition Holdings LLC, completed the acquisition of substantially all of the assets of Motors Liquidation Company ("Old GM" or "MLC"), formerly known as General Motors Corporation, and its direct and indirect subsidiaries, Saturn LLC ("Saturn LLC"), Saturn Distribution Corporation ("Saturn Distribution") and Chevrolet-Saturn of Harlem, Inc. ("Harlem", and collectively with Old GM, Saturn LLC and Saturn Distribution, the "Sellers"). The sale was consummated pursuant to the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, as amended (the "Purchase Agreement"), between the Sellers and New GM. The Purchase Agreement was entered into in connection with the Sellers' filing of voluntary petitions for relief under the Bankruptcy Code in this Court, and was completed pursuant to Section 363(b) of the Bankruptcy Code (the "363 Sale") and the Order of this Court dated July 5, 2009. Subsequent to the 363 Sale, the Debtors continue to manage the remaining assets in the Estate and are in the process of winding down the Estate.

8.     As stated in the FTI Retention Application and the Retention Order entered by the Court on August 18, 2009, FTI has agreed to seek compensation (a) on an hourly basis from the commencement of the FTI Committee Engagement on June 3, 3009 to the date of closing of the 363 Sale, which closed during the morning of July 10, 2009 and (b) on a fixed monthly fee basis for the period thereafter, plus reimbursement of actual and necessary expenses.

## SUMMARY OF SERVICES RENDERED

9.     The Debtors' chapter 11 cases have presented and continue to present numerous complex issues that had to be addressed in order to preserve and maximize value for

4

unsecured creditors. The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Third Interim Period:

## PCD 1 Current Operating Results & Events

FTI reviewed and analyzed General Motors Company's ("New GM") public filings of financial statements and other financial updates to assess their impact on recoveries to unsecured creditors and also the implications for the pending IPO process. FTI reviewed and developed analyses based on analyst reports and other expert commentary on New GM and prepared reports to the Committee on same, addressing the valuation implications thereof. FTI reviewed and analyzed New GM's operating results, including monthly vehicle sales by brand. FTI prepared detailed reports to the committee.

FTI reviewed and analyzed New GM's financial results and prepared reports to the Committee outlining the potential recovery ranges to unsecured creditors.

## PCD 3 Financing Matter (DIP, Exit, Other)

During the Fourth Interim Period, FTI reviewed New GM's S-1 Registration Statement along with its subsequent amendments. FTI worked with counsel on various implications for exit due to the timing, form and structure of the wind down financing and the wind down vehicle.

## PCD 5 Real Estate and Environmental Issues

FTI continued to review, comment, supervise and analyze the assumptions made by the Debtors in the development of potential remediation costs and environmental claims estimates. FTI had discussions with the Debtors' advisors on a regular basis to discuss (a) their progress in addressing pending environmental issues, (b) their approach and updates from their efforts to negotiate with regulatory authorities regarding environmental remediation, (c) the anticipated timeframe and the feasibility of such timeframe in working with Federal, State and Local governments to develop an approach that promotes job creation and commercial property redevelopment as a strategy to mitigate potential environmental remediation costs, (d) the progress on a transition timeline to shut down certain manufacturing plants that are being leased to New GM and (e) the Debtors progress towards objecting to and resolving environmental related claims filed against MLC and other Debtor entities with respect to the sites not currently owned by the Debtors. FTI presented its findings to the Committee on same. These services are essential to ensure the Committee has a complete understanding of these issues and to ensure that claims and remediation costs are being dealt with in a responsible manner.


## PCD 8 Valuation and Related Matter

At the request of the Committee, FTI began preparing a comprehensive evaluative document for the Committee in anticipation of the IPO to help the Committee make an informed decision on whether or not to participate in the IPO. FTI reviewed numerous analyst reports and SEC filings to help in preparing valuation and related analysis of New GM's IPO. FTI met with New GM's underwriters and New GM and obtained information essential in advising the Committee on this decision.

## PCD 14 Analysis of Claims/Liab Subject to Compromise

FTI monitored the Debtors' progress with respect to the resolution of unliquidated claims, including product liability claims and other litigation claims, and the implementation of ADR procedures. During the Fourth Interim Period, FTI reviewed detailed information related to the ongoing ADR process, including the summaries of each case, the capping offers and settlements that have been reached to further resolve the claims. FTI met regularly with the Debtors to discuss updates. Pursuant to the ADR procedure, the Committee is required to review and comment on any proposed claims settlements in excess of $1 million. FTI reviewed the necessary details and commented on the claims level information to make an informed business decision on proposed settlements. FTI made recommendations to the Committee regarding the claims settlement offers. FTI met regularly with the Debtors and their advisors to understand and assess the Debtors' latest claims estimates, to review and assess potential claims settlements pursuant to the claims settlement protocol, and to develop a strategy to facilitate the claims review and reconciliation process. These meetings are critical to ensure that claims are resolved in an efficient manner, that the overall claims pool in the estate is kept as low possible and to facilitate an expeditious exit from Bankruptcy. FTI analyzed and discussed with the Debtors' advisors and with Committee counsel significant individual claims to assess the merits of these claims and develop strategies to deal with these claims. FTI participated in the process of requesting and obtaining detailed information related to asbestos claims in order to enable the corresponding asbestos experts to perform their analyses. FTI reviewed and summarized the omnibus claims objections filed by the Debtors to understand the rationale and merits of such objections. FTI performed analyses to calculate and reconcile claim amounts related to the Debtors' various bond issuances, including principal amounts outstanding and accrued interest

calculations. FTI prepared periodic reports to the Committee to keep them apprised of the status

of the claims pool and the Debtors' efforts to negotiate and settle claim amounts.

## PCD 16 Analysis, Negotiate and Formulate Plan of Liquidation and Disclosure Statement

FTI reviewed the Plan of Liquidation and Disclosure Statement filed by the Debtors. FTI worked

with the Committee to assess the Plan and Disclosure Statement to determine if it was an

acceptable Plan of Liquidation, which maximizes the value of the estate and adequately deals

with all future long-term matters. FTI reviewed and analyzed the proposed structure and

proposed governance of the post-emergence trusts in order to ensure (a) adequate resolution of

remaining disputed claims, (b) adequate distribution of securities to unsecured creditors and (c)

minimization of administrative expenses. FTI reviewed and analyzed the adequacy of the Wind

Down Budget developed by the Debtors for purposes of funding future wind-down expenses

after the Plan of Liquidation becomes effective. FTI continues to work with the Debtors to

finalize the Plan and Disclosure statement documents and exhibits including the GUC Trust

agreement to ensure that it provides an adequate framework for the Trust to function as a vehicle

to resolve and allow disputed claims and make distributions to the Unsecured Creditors.

## PCD 17 Wind Down Monitoring

FTI monitored the court docket for any key filings as well as news articles that may impact the

potential recoveries to unsecured creditors. FTI participated in weekly conference calls with the

Debtors' advisors to discuss critical issues related to the progress of the wind down process. FTI

reviewed and analyzed periodic reports prepared by the Debtors regarding the status of the wind

down activities. FTI also analyzed and summarized the Monthly Operating Reports filed by the

Debtors with the Bankruptcy Court. FTI monitored the Debtors' wind down activities and developed monthly status update reports to the Committee. FTI expended significant time developing and presenting numerous reports to the Committee that (a) highlighted the major developments in these cases, (b) provided financial analyses on matters impacting recoveries to unsecured creditors and (c) summarized complex issues facing the Debtors. These tasks are important to ensure that timely progress is being made and to ensure that the value to the estate is being maximized.

## PCD 18 Potential Avoidance Actions & Litigation

During the Fourth Interim Period, FTI was involved with two significant litigations that the Committee is actively pursuing. FTI provided advice to the Committee counsel on the overall economic impact, assessing the business and cost/benefit ramifications of pursuing the litigations and providing on-going general financial and litigation consulting support services. FTI continues to have discussions with Counsel and other related and involved parties regarding the progression of these actions.

## PCD 24 Preparation of Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals dated August 7, 2009. Time in this category includes preparing the Monthly Fee Statements for the fee periods of May through August 2010, as well as the time spent in

preparing the Third Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

10.     All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

11.     During the Fourth Interim Period, FTI professionals expended an aggregate of 3,241 hours in rendering services on behalf of the Committee for a total fee of $2,000,000. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

12.     FTI incurred out-of-pocket expenses of $4,827.53 in connection with the rendition of the professional services described above during this Fourth Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

## APPLICATION

13.     This application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.     Exhibit A -- Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Fourth Application of FTI Consulting, Inc;

B.     Exhibit B -- Retention Order dated August 18, 2009 authorizing the

employment and retention of FTI Consulting, Inc. effective as of June 3, 2009 to provide

professional services as Financial Advisors to the Official Committee of Unsecured

Creditors;

C.     Exhibit C -- Summary of billings and collections for each of the months

covered in the Fourth Interim Period;

D.     Exhibit D -- Summary of time by professional;

E.     Exhibit E -- Summary of time by task code;

F.     Exhibit F – Summary of out of pocket expenses by category incurred

during the Fourth Interim Period;

G.     Exhibit G -- Detail of expenses by category and professional incurred

during the Fourth Interim Period.

## CONCLUSION

14.     No agreement or understanding exists between FTI and any other person

for the sharing of any compensation to be received for professional services rendered or to be

rendered in connection with these cases.

15.     No prior application has been made to this or any other Court for the relief

requested herein for the Fourth Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

      a.  approving the allowance of $2,000,000 for compensation for services rendered during the Fourth Interim Period, and reimbursement of $4,827.53 for out of pocket expenses,

      b.  directing the payment of such fees by the Debtors, and

      c.  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       November 8, 2010

          FTI Consulting, Inc.
          Financial Advisors to the Official Committee
          Of Unsecured Creditors

          By: _____

            Michael Eisenband
            Senior Managing Director
            Three Times Square
            New York, NY  10036
            (212) 499-3647

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                          :
In re:                                    :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.        :        09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                      Debtors.            :        (Jointly Administered)
                                          :
------------------------------------------------------------- x
```

CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FOURTH APPLICATION OF FTI
CONSULTING, INC., FINANCIAL ADVISOR TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
JUNE 1, 2010 THROUGH AND INCLUDING SEPTEMBER 30, 2010

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Motors Liquidation Company and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's fourth application for allowance of compensation for services rendered and

2

for reimbursement of expenses, dated November 8, 2010 (the "<u>Application</u>"), for the period of June 1, 2010 through and including September 30, 2010 (the "<u>Fourth Interim Period</u>") as follows:

1.     I am the professional designated by FTI in respect of compliance with the Guidelines.

2.     I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Third Interim Period, in accordance with the Local Guidelines.

3.     In respect of section B.1 of the Local Guidelines, I certify that:

    a.     I have read the Application.

    b.     To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.     Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.     In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.     In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.     In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court; (b) the Office of the United States Trustee; (c) counsel for the Debtors; (d) the Debtors; and (e) counsel for the Committee.

Dated:        New York, New York
              November 8, 2010

                        FTI Consulting, Inc.
                        Financial Advisors to the Official Committee
                        Of Unsecured Creditors

                        By:

                        Michael Eisenband
                        Senior Managing Director
                        Three Times Square
                        New York, NY  10036
                        (212) 499-3647

# EXHIBIT

## "B"
### Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                             :

In re:                        :       Chapter 11 Case No.:
                             :

MOTORS LIQUIDATION COMPANY, et al.  :     09-50026 (REG)
   f/k/a General Motors Corp., et al.     :
                             :

               Debtors.    :     (Jointly Administered)
------------------------------------------------------------ X

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 3, 2009

Upon the application (the "**Application**") of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors-in-possession herein (the "**Debtors**"), for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), authorizing the retention and employment of FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "**FTI**") as financial advisor to the Committee *nunc pro tunc* to June 3, 2009, and upon the Declaration of Michael Eisenband (the "**Eisenband Declaration**"); and the Court being satisfied, based upon the representations made in the Application and the Eisenband Declaration, that such financial advisor represents no interest adverse to the Debtors' estates or their creditors with respect to the matters upon which FTI is to be engaged, that FTI is a disinterested person as that term is defined under section 101(14) of the

Bankruptcy Code, and that FTI's employment is necessary and in the best interests of the

Debtors' estates and their creditors; and it appearing that proper and adequate notice has been

given and that no other or further notice is necessary; and after due deliberation thereon, and

good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed

to them in the Application; and it is further

ORDERED that, pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code,

Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rule 2014-1, the Committee is

hereby authorized to employ FTI as its financial advisor, in accordance with the terms set forth

in the Application, *nunc pro tunc* to June 3, 2009; and it is further

ORDERED that FTI's Monthly Fixed Fee and Completion Fee shall be subject to the

standard of review provided in section 328(a) of the Bankruptcy Code except as noted below;

and it is further

ORDERED that notwithstanding the foregoing, the United States Trustee shall retain the

right to object to the Hourly Compensation, Monthly Fixed Fee and the Completion Fee based on

the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

ORDERED, that the Debtors and their estates shall be bound by the following

indemnification provision:

> FTI and its affiliates, and their respective past, present and future
> directors, officers, shareholders, employees, agents and controlling
> persons (the "**Indemnified Parties**"), shall be indemnified and held
> harmless by the Debtors to the fullest extent lawful, from and against any
> and all losses, claims, damages or liabilities (or actions in respect thereof),
> joint or several, arising out of or related to the Engagement, any actions
> taken or omitted to be taken by an indemnified party in connection with
> FTI's provision of services to the Committee, or any transaction or

proposed transaction contemplated thereby. In addition, the Indemnified Parties shall be reimbursed for any legal or other expenses reasonably incurred by them in respect thereof at the time such expenses are incurred; provided, however, that the Debtors shall have no liability under the foregoing indemnity and reimbursement agreement for any loss, claim, damage or liability which is finally judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith or self-dealing of any Indemnified Party,

and it is further

ORDERED that for the periods covered by the Monthly Fixed Fee, FTI shall only be required to, maintain time records for services rendered, in half hour increments.

Dated: _August 18, 2009_
     **New York, New York**

                    _s/ Robert E. Gerber_
                    **UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT C**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF FEES & EXPENSES BY MONTH**
*FOR THE PERIOD JUNE 1, 2010 T0 SEPTEMBER 30, 2010*

| | June 1, 2010 - June 30, 2010 | July 1, 2010 - July 31, 2010 | August 1, 2010 - August 31, 2010 | September 1, 2010 - September 30, 2010 | Total June 1, 2010 - September 30, 2010 |
|---|---|---|---|---|---|
| **Fees** | | | | | |
| Incurred & Billed | 500,000.00 | 500,000.00 | 500,000.00 | 500,000.00 | 2,000,000.00 |
| Paid | (400,000.00) | (400,000.00) | (400,000.00) | - | (1,200,000.00) |
| Unpaid | 100,000.00 | 100,000.00 | 100,000.00 | 500,000.00 | 800,000.00 |
| | | | | | |
| **Expenses** | | | | | |
| Incurred & Billed [1] | 168.94 | 232.56 | 3,821.83 | 604.20 | 4,827.53 |
| Paid | (361.57) | ($232.56) | (4,630.11) | - | (5,224.24) |
| Unpaid | (192.63) | - | (808.28) | 604.20 | (396.71) |
| | | | | | |
| **Total Fees and Expenses** | | | | | |
| Incurred & Billed | 500,168.94 | 500,232.56 | 503,821.83 | 500,604.20 | 2,004,827.53 |
| Paid | (400,361.57) | (400,232.56) | (404,630.11) | - | (1,205,224.24) |
| Unpaid | $99,807.37 | $100,000.00 | $99,191.72 | $500,604.20 | $799,603.29 |

Notes:
(1) After considering voluntary reduction.

**EXHIBIT D**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROFESSIONAL**
*FOR THE PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010*

| Professional | Position | Total Hours |
|---|---|---|
| Phillips, Anna | Senior Managing Dir. | 557.2 |
| Tully, Conor | Senior Managing Dir. | 252.4 |
| Beckman, David J | Senior Managing Dir. | 18.2 |
| Eisenband, Michael | Senior Managing Dir. | 204.0 |
| Joffe, Steven | Senior Managing Dir. | 9.5 |
| Braun, Richard | Managing Director | 55.7 |
| Diaz, Matthew | Managing Director | 3.8 |
| Hansen, Paul A | Managing Director | 42.3 |
| Santambrogio, Juan | Managing Director | 671.1 |
| Hofstad, Ivo J | Director | 4.7 |
| Korn, Gary | Director | 138.5 |
| Nores, Juan | Director | 599.0 |
| Bernsohn, Sean | Senior Consultant | 1.0 |
| Nickerson, Kelly | Senior Consultant | 0.6 |
| Walsh, Timothy | Senior Consultant | 59.0 |
| Kothari, Aamir | Consultant | 1.8 |
| Lundsten, Kirsten | Consultant | 538.4 |
| Hellmund-Mora, Marili | Associate | 80.5 |
| Johnston, Bonnie | Associate | 2.8 |
| **Total** | | **3,240.5** |

**EXHIBIT E**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF HOURS BY PROJECT CODE**
*FOR THE PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010*

| Project Code | Description | Total |
|---|---|---|
| 1 | Current Operating Results & Events | 167.3 |
| 2 | Cash & Liquidity Analysis | 6.8 |
| 3 | Financing Matters (DIP, Exit, Other) | 218.0 |
| 5 | Real Estate Issues | 140.1 |
| 6 | Asset Sales | 56.4 |
| 7 | Analysis of Business Plan | 1.3 |
| 8 | Valuation and Related Matters | 386.3 |
| 9 | Analysis of Employee Comp Programs | 28.7 |
| 10 | Analysis of Tax Issues | 50.1 |
| 11 | Prepare for and Attend Court Hearings | 11.5 |
| 13 | Analysis of Other Miscellaneous Motions | 19.8 |
| 14 | Analysis of Claims/Liab Subject to Compromise | 518.5 |
| 15 | Analyze Interco Claims, RP Trans, SubCon | 0.8 |
| 16 | Analysis, Negotiate and Form of POR & DS | 471.0 |
| 17 | Wind Down Monitoring | 436.9 |
| 18 | Potential Avoidance Actions & Litigation | 259.8 |
| 19 | Case Management | 14.8 |
| 20 | General Mtgs with Debtor & Debtors' Prof | 46.8 |
| 21 | General Mtgs with UCC & UCC Counsel | 124.9 |
| 22 | Meetings with Other Parties | 53.4 |
| 23 | Firm Retention | 0.2 |
| 24 | Preparation of Fee Application | 137.4 |
| 25 | Travel Time | 16.4 |
| 32 | Analysis of Insurance Coverage & Claims | 2.0 |
| 33 | Response to Fee Examiner | 71.3 |
| **Total** | | **3,240.5** |

**EXHIBIT F**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009*

| Expense Category | Total |
|---|---|
| Airfare | $2,879.04 |
| Lodging | 566.63 |
| Business Meals | 99.41 |
| Ground Transportation | 696.92 |
| Other - Research/Postage | 585.53 |
| **Total Out-of-Pocket Expenses** | **$4,827.53** |

EXHIBIT G
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
DETAIL OF EXPENSES
*FOR THE PERIOD JUNE 1, 2010 - SEPTEMBER 30, 2010*

| Professional | Date | Description | Ground Transportation | Airfare | Lodging | Business Meals | Other | Total |
|---|---|---|---|---|---|---|---|---|
| | | *FOR THE PERIOD JUNE 1, 2010 TO JUNE 30, 2010* | | | | | | |
| Phillips, Anna | 6/1/10 | Car Service - Anna Phillips, Airport - NY Office. Car Service | 50.00 | | | | | 50.00 |
| Phillips, Anna | 6/4/10 | Car Service - Anna Phillips, Home - Airport. Car Service | 90.00 | | | | | 90.00 |
| Phillips, Anna Total | | | 140.00 | 0.00 | 0.00 | 0.00 | 0.00 | 332.63 |
| Tully, Conor | 5/20/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | | | | | 7.13 | 7.13 |
| Tully, Conor | 5/20/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smoli | | | | | 7.13 | 7.13 |
| Tully, Conor | 5/20/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Maye | | | | | 7.13 | 7.13 |
| Tully, Conor | 5/20/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | | 7.55 | 7.55 |
| Tully, Conor Total | | | 0.00 | 0.00 | 0.00 | 0.00 | 28.94 | 28.94 |
| **JUNE TOTAL** | | | 140.00 | 0.00 | 0.00 | 0.00 | 28.94 | 168.94 |

**EXHIBIT G**
**MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026**
**DETAIL OF EXPENSES**
**FOR THE PERIOD JUNE 1, 2010 - SEPTEMBER 30, 2010**
**FOR THE PERIOD JULY 1, 2010 TO JULY 31, 2010**

| | | | | |
|---|---|---|---|---|
| Korn, Gary | 7/31/10 | Electronic Data- Bloomberg July | 168.89 | 168.89 |
| **Korn, Gary Total** | | | 168.89 | 168.89 |
| Tully, Conor | 6/29/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | 7.23 | 7.23 |
| Tully, Conor | 6/29/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Mayer | 9.98 | 9.98 |
| Tully, Conor | 6/29/10 | Postage Motors Liquidation Company Mr. Ted Stenger | 7.66 | 7.66 |
| Tully, Conor | 6/29/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smolinsky | 9.98 | 9.98 |
| Tully, Conor | 7/27/10 | Postage Office of the U.S. Trustee Diana G. Adams, Esq. | 7.10 | 7.10 |
| Tully, Conor | 7/27/10 | Postage Motors Liquidation Company Mr. Ted Stenger | 7.52 | 7.52 |
| Tully, Conor | 7/27/10 | Postage Weil Gotshal & Manges LLP S. Karotkin & J. Smolinsky | 7.10 | 7.10 |
| Tully, Conor | 7/27/10 | Postage Kramer Levin Naftalis & Franke Thomas Moers Mayer | 7.10 | 7.10 |
| **Tully, Conor Total** | | | 63.67 | 63.67 |
| **JULY TOTAL** | | | 232.56 | 232.56 |

EXHIBIT G
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
DETAIL OF EXPENSES
*FOR THE PERIOD JUNE 1, 2010 - SEPTEMBER 30, 2010*
*FOR THE PERIOD AUGUST 1, 2010 TO AUGUST 31, 2010*

| Name | Date | Description | | | | | | |
|------|------|-------------|--|--|--|--|--|--|
| Korn, Gary | 8/31/10 | Bloomberg fees for August re: GM. | | | | | 280.00 | 280.00 |
| **Korn, Gary Total** | | | | | | | 280.00 | 280.00 |
| Norca, Juan | 8/3/10 | Meals - Breakfast while out of town for meeting with MLC to discuss Plan Budget. | | | | 8.78 | | 8.78 |
| Norca, Juan | 8/3/10 | Taxi from Detroit Airport to MLC Office. Meeting with MLC to discuss Plan Budget. | 51.60 | | | | | 51.60 |
| Norca, Juan | 8/3/10 | Meals - Dinner while out of town for meeting with MLC to discuss Plan Budget. | | | | 9.44 | | 9.44 |
| Norca, Juan | 8/3/10 | Airfare - Roundtrip Coach - from Atlanta to Detroit 08/03/2010 - 08/03/2010. Meeting with MLC to discuss Plan Budget. | | 595.40 | | | | 595.40 |
| Norca, Juan | 8/3/10 | Taxi from MLC office to Detroit Airport. Meeting with MLC to discuss Plan Budget. | 54.00 | | | | | 54.00 |
| Norca, Juan | 8/3/10 | Ground Transportation - Mileage from ATL Airport to FTI office ($28), Parking ($38.00), Toll ($1.00) from meeting with MLC to discuss Plan Budget. | 67.00 | | | | | 67.00 |
| **Norca, Juan Total** | | | 172.60 | 595.40 | | 18.22 | | 786.22 |
| Phillips, Anna | 8/1/10 | Airfare - change fee due to GM meeting with Treasurer scheduled in NY last minute. | | 250.00 | | | | 250.00 |
| Phillips, Anna | 8/1/10 | Airfare - Coach from Atlanta to NY 08/03/2010 - 08/04/2010. GM meeting. | | 820.60 | | | | 820.60 |
| Phillips, Anna | 8/2/10 | Travel Agent Fees - GM meeting. | | 32.00 | | | | 32.00 |
| Phillips, Anna | 8/3/10 | Travel Agent Fees - Anna Phillips. GM Meetings | | 32.00 | | | | 32.00 |
| Phillips, Anna | 8/3/10 | Lodging - Hotel NY one night for GM meetings. | | | 566.63 | | | 566.63 |
| Phillips, Anna | 8/3/10 | Meals - Dinner with self while out of town for GM meetings. | | | | 20.00 | | 20.00 |
| Phillips, Anna | 8/4/10 | Taxi -from Hotel to JFK. GM Meeting. | 61.32 | | | | | 61.32 |
| Phillips, Anna | 8/4/10 | Meals - Dinner with self while out of town for GM meetings. | | | | 20.00 | | 20.00 |
| Phillips, Anna | 8/4/10 | Meals - Travel Related - Breakfast meeting with Tom Mayer (Kramer Levin). | | | | 30.00 | | 30.00 |
| Phillips, Anna | 8/4/10 | Taxi from Hotel to GM for meeting. | 8.40 | | | | | 8.40 |
| Phillips, Anna | 8/4/10 | Taxi from GM to Hotel from meeting. | 9.60 | | | | | 9.60 |
| Phillips, Anna | 8/4/10 | Car Service from LGA - Office. GM Meetings. | 50.00 | | | | | 50.00 |
| Phillips, Anna | 8/5/10 | Car Service from House - ATL Airport re: GM Meetings. | 90.00 | | | | | 90.00 |
| Phillips, Anna | 8/13/10 | Taxi - Anna Phillips, ATL Airport to home. GM NY Meeting. | 85.00 | | | | | 85.00 |
| **Phillips, Anna Total** | | | 304.32 | 1,134.60 | 566.63 | 70.00 | 0.00 | 2,075.55 |
| Santambrogio, Juan | 8/3/10 | Ground Transportation: Mileage ($38.00), Parking ($41.00) and Toll ($1.00) -Meeting with MLC re: plan budget. | 80.00 | | | | | 80.00 |

EXHIBIT G
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
DETAIL OF EXPENSES
*FOR THE PERIOD JUNE 1, 2010 - SEPTEMBER 30, 2010*

*FOR THE PERIOD AUGUST 1, 2010 TO AUGUST 31, 2010*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Santambrogio, Juan | 8/3/10 | Meals - breakfast while out of town for Meeting with MLC regarding plan budget. | | | | 11.19 | 11.19 |
| Santambrogio, Juan | 8/3/10 | Airfare - Coach Atlanta - Detroit, 08/03/2010 - 08/03/2010. Meeting with MLC regarding plan budget. | | 520.32 | | | 520.32 |
| Santambrogio, Juan | 8/3/10 | Travel Fee - Meeting with MLC regarding plan budget. | | 32.00 | | | 32.00 |
| Santambrogio, Juan Total | | | 80.00 | 552.32 | | 11.19 | 643.51 |
| Tully, Conor | 8/20/10 | Postage Feinberg Rosen, LLP | | | | 9.99 | 9.99 |
| Tully, Conor | 8/26/10 | Postage Office of the U.S. Trustee | | | | 7.06 | 7.06 |
| Tully, Conor | 8/26/10 | Postage Weil Gotshal & Manges LLP | | | | 9.75 | 9.75 |
| Tully, Conor | 8/26/10 | Postage Kramer Levin Naftalis & Franke | | | | 9.75 | 9.75 |
| Tully, Conor Total | | | | | | 36.55 | 36.55 |
| **AUGUST TOTAL** | | | 556.92 | 2,282.32 | 566.63 | 99.41 | 316.55 | 3,821.83 |

EXHIBIT G
MOTORS LIQUIDATION COMPANY, CASE NO. 09-50026
DETAIL OF EXPENSES
FOR THE PERIOD JUNE 1, 2010 - SEPTEMBER 30, 2010

| | | FOR THE PERIOD SEPTEMBER 1, 2010 TO SEPTEMBER 30, 2010 | | | | | |
|---|---|---|---|---|---|---|---|
| Lundsten, Kirsten | 9/30/10 | Airfare - Coach - Roundtrip ATL - DTW - ATL, 10/07/2010 - 10/07/2010 (includes travel fees) for GM meeting. | | 596.72 | | | 596.72 |
| Lundsten, Kirsten Total | | | 0.00 | 596.72 | 0.00 | 0.00 | 596.72 |
| Tully, Conor | 8/26/10 | Postage Motors Liquidation Company Mr. Ted Stenger | | | | 7.48 | 7.48 |
| Tully, Conor Total | | | 0.00 | | 0.00 | 0.00 | 7.48 | 7.48 |
| SEPTEMBER TOTAL | | | 0.00 | 596.72 | 0.00 | 0.00 | 7.48 | 604.20 |
| GRAND TOTAL | | | $696.92 | $2,879.04 | $566.63 | $99.41 | $585.53 | $4,827.53 |