IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- 50026 (REG)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**SECOND INTERIM QUARTERLY APPLICATION OF CAPLIN & DRYSDALE, CHARTERED FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDINGS ASBESTOS-RELATED CLAIMS FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Caplin & Drysdale, Chartered |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company, *et al.* |
| Date of Retention: | April 21, 2010 *Nunc pro Tunc* to October 6, 2009 |
| Period for which Compensation and Reimbursement are sought: | June 1, 2010 through September 30, 2010 |
| Amount of Compensation sought as actual, reasonable And necessary | $593,511.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $36,161.57 |
| This is an:     _x_ interim quarterly     ___ final application. | |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- 50026 (REG)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

**SECOND INTERIM QUARTERLY APPLICATION OF CAPLIN & DRYSDALE,
CHARTERED FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES WITH RESPECT TO SERVICES
RENDERED AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS HOLDINGS ASBESTOS-RELATED CLAIMS
FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Administrative Order**"), the law firm of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**") hereby submits this second interim application ("**Second Interim Application**") for an Order awarding it interim compensation for professional legal services rendered as counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**") of the debtor, Motors Liquidation Company, *et. al.*, ("**Debtor**"), in an amount of $ 593,511.50, together with reimbursement of Caplin & Drysdale's actual and necessary expenses incurred in the amount of $ 36,161.57, for the period commencing June 1, 2010 through September 30, 2010 (the "**Application Period**"). In support of this Second Interim Application, Caplin & Drysdale respectfully represents as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 11 U.S.C. §331.

## II. BACKGROUND

2. On June 1, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 under Title 11 of the United States Code (the "**Bankruptcy Code**").

3. From the Petition Date through the date of this Second Interim Application, the Debtor has continued to operate its businesses and manage its properties as debtor-in-possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 2, 2010, the Office of the United States Trustee appointed the Asbestos Claimants Committee pursuant to section 1102 of the Bankruptcy Code. The Asbestos Claimants Committee is comprised entirely of persons who hold pending claims against the Debtor for asbestos-related personal injury or wrongful death.

5. On March 18, 2010, the Asbestos Claimants Committee filed and served its Application to Employ Caplin & Drysdale, Chartered as The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims *Nunc Pro Tunc* to October 6, 2009. On April 21, 2010, the Court entered an order, approving the retention application to March 5, 2010.

6. On July 16, 2010, the Bankruptcy Court filed an additional Order approving the retention of Caplin & Drysdale *Nunc Pro Tunc* to October 6, 2009, as counsel to The Official Committee Of Unsecured Creditors Holding Asbestos Related Claims.

## III.    RELIEF REQUESTED

7. By this Second Interim Application, Caplin & Drysdale seeks allowance and payment of $ 593,511.50 in fees for services rendered during the Application Period and reimbursement of $ 36,161.57 for reasonable and necessary expenses incurred during the

Application Period. Thus, Caplin & Drysdale seeks allowance and payment in the total amount of $ 629,673.07.

8.  Caplin & Drysdale has received $224,497.40 in fees and $12,025.84 in expenses for services rendered during the Application Period and no promises for payment from any source for services rendered during the Application Period in connection with the case. There exists no agreement or understanding between Caplin & Drysdale and any other person for the sharing of any compensation to be received for services rendered by Caplin & Drysdale in the case.

9.  All services for which compensation is requested by Caplin & Drysdale pursuant to this Application were performed for or on behalf of the Asbestos Claimants Committee in this case.

10.  This is Caplin & Drysdale's Second Interim Application.

### IV.  NARRATIVE DESCRIPTION OF SERVICES

11.  **Asset Analysis & Recovery (.01)**: During the Application Period, Caplin & Drysdale professionals performed research, reviewed documents and communicated with a consultant to the ACC and with the Unsecured Creditors' Committee ("**UCC**") counsel regarding potential recoveries from certain contingent and potentially disputed assets.

12.  **Case Administration (.04):** Services performed in the case administration category during the Application Period included reviewing filings and related materials to identify issues affecting the interests of the asbestos constituency; planning for a possible estimation proceeding; creating spreadsheets and addressing additional tasks relating to ballot tabulation; reviewing preliminary issues relating to discovery; creating and maintaining indexed,

annotated pleadings files for use by Caplin & Drysdale attorneys; and other administrative issues relating to Caplin & Drysdale's representation of the Asbestos Claimants Committee.

13. **Fee Applications-Self (.07)[1]:** During the Application Period, Caplin & Drysdale professionals prepared, reviewed, and served or filed, monthly budgets and fee applications, as well as Caplin & Drysdale's First Interim Quarterly Application.

14. **Litigation (.10):** During the Application Period, Caplin & Drysdale professionals drafted Rule 2004 applications aimed at obtaining discovery from the Debtor and New General Motors; performed research, drafted memoranda and briefs and litigated objections regarding the UCC's Rule 2004 applications seeking discovery from several asbestos trusts; analyzed the Court's discovery rulings; negotiated with the UCC regarding a confidentiality stipulation; prepared a letter brief and proposed anonymity protocol; and engaged in additional negotiations and efforts on behalf of the Asbestos Claimants Committee.

15. **Plan & Disclosure Statement (.11):** Services performed during the Application Period included research and preparation of memoranda regarding the impact of the bar date, asbestos liability issues, claims estimation and the treatment of unsecured creditors. In addition, Caplin & Drysdale professionals reviewed and analyzed the Debtor's exclusivity motion; reviewed a proposed reorganization plan ("**Plan**") and disclosure statement; and analyzed a range of issues relating to disclosure and the Plan.

---

[1] As per the Court's ruling (*See* In re Motors Liquidation Co., *et. al*, Tr. Of Hr'g at 14:5-15; 4, No. 09-50026, (Bankr. S.D.N.Y. July 6, 2010) [Docket No. 6369] ("**July 6 Fee Order**")), fees for services incurred in category .07 prior to July 6, 2010 have been billed at 65% of the applicant's regular hourly rate; while fees for services incurred from July 6, 2010 through the end of the Application Period have been billed at 50% of the applicant's regular hourly rate.

16. **Relief from Stay Proceedings (.12)**: Services provided during the Application Period pertained to communications with counsel for the Debtors, counsel for General Motors LLC, and counsel for an asbestos plaintiff regarding discovery in a pending tort suit against third–parties.

17. **Valuation (.14)**: During the Application Period, Caplin & Drysdale professionals researched and prepared a memorandum regarding legal issues affecting claims estimation.

18. **Committee Meetings/Conferences (.15)**: Services provided during the Application Period included meeting with UCC counsel regarding potential litigation; attending UCC meetings; preparing reports and memoranda to the ACC; participating in ACC meetings; and advising the ACC regarding additional issues affecting the Asbestos Claimant constituency.

19. **Travel (.16)**: As further detailed in Exhibits A and B, Caplin & Drysdale professionals made several necessary business trips during the Application Period.

20. **Docket Review & Control (.17)**: During the Application Period, Caplin & Drysdale paraprofessionals identified and annotated documents; maintained detailed legal pleadings files; prepared case and pleadings for hearings; performed docket research; and generally provided legal support to Caplin & Drysdale attorneys.

21. **Fee Applications - Others (.18)**: During the Application Period, Caplin & Drysdale assisted the Committee's experts, Legal Analysis Systems, Inc. and Charter Oak Financial Consultants, in the preparation of budget reports, monthly fee applications, and interim fee applications.

22. **Retention Applications - Others (.19)**: During the Application Period, Caplin & Drysdale professionals negotiated and prepared a retention application for Epiq Systems Bankruptcy Solutions, a firm that will handle the mail service of the filed court papers on behalf

of the Committee; and reviewed an objection(s) to a proposed amendment to the Alix Partners retention.

23. **Retention Applications -- Self (.20):** During the Application Period, Caplin & Drysdale reviewed Judge Gerber's order extending Caplin & Drysdale's *Nunc pro Tunc* retention to October 6, 2009.

24. **Fee Auditor Matters -- Self (.21):** During the Application Period, Caplin & Drysdale professionals communicated with the Fee Examiner and prepared a detailed response to the Fee Examiner's queries regarding Caplin & Drysdale's First Interim Quarterly Application, resulting in a consensual agreement between the Fee Examiner and Caplin & Drysdale pursuant to which all but $13,780.54 of Caplin & Drysdale's fees and $94.55 of its expenses were paid.

## V. SUMMARY OF SERVICES RENDERED

25. The professionals at Caplin & Drysdale who have provided services to or for the Asbestos Claimants Committee in this case and their standard hourly rates during the Application Period were as follows:

| Name | Position | Years Experience | Rate |
|---|---|---|---|
| Elihu Inselbuch (EI) | Member | 48 | $950/475 |
| Peter Van N. Lockwood (PVNL) | Member | 44 | $860 |
| Trevor W. Swett (TWS) | Member | 29 | $675/438.75/337.50 |
| Ronald E. Reinsel (RER) | Member | 24 | $655 |
| Nathan D. Finch (NDF) | Member | 18 | $625 |
| Ann C. McMillan (ACM) | Member | 26 | $595 |
| Leslie M. Kelleher (LMK) | Member | 21 | $565/282.50 |

| Name | Position | Years Experience | Rate |
|---|---|---|---|
| Jeffrey A. Liesemer | Member | 17 | $510 |
| Kevin C. Maclay (KCM) | Member | 16 | $510/255 |
| James P. Wehner (JPW) | Member | 15 | $510/255 |
| Rita C. Tobin (RCT) | Of Counsel | 20 | $545/354.25/272.50 |
| Jeanna Rickards Koski (JMR) | Associate | 6 | $340 |
| Andrew J. Sackett (AJS) | Associate | 6 | $310 |
| Todd E. Phillips (TEP) | Associate | 4 | $300/150 |
| Kate G. Henningsen (KGH) | Associate | 1 | $230 |
| Eugenia Benetos (EB) | Paralegal | 8 | $210/136.50/105 |
| Samira A. Taylor (SAT) | Paralegal | 8 | $200 |
| Sayem Osman (SO1) | Paralegal | 8 | $200 |
| Marissa A. Fanone (MAF)) | Paralegal | 3 | $200 |
| Sara Joy DelSavio (SJD) | Paralegal | 5 | $200/100 |
| Rolland A. Hampton (RAH) | Paralegal | 3 | $200 |
| Christopher E. Williamson (CEW) | Paralegal | 8 | $200 |

26. Caplin & Drysdale has maintained detailed records of the time spent in the rendition of professional services for the Asbestos Claimants Committee during the Application Period. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the billing statement prepared for the services rendered in this case by Caplin & Drysdale (the "**Billing Statement**"). The Billing Statement is in the same form regularly used by Caplin & Drysdale to bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative description of the services, the amount of time

spent for each service and the designation of the professional who performed the service. In addition, attached hereto as Exhibit B and incorporated herein by reference is a summary by category of the professional services provided during the Application Period.

27. As set forth on Exhibits A and B, Caplin & Drysdale rendered 1,324.20 hours of professional services during the Application Period, resulting in legal fees totaling $ 593,511.50 and associated reasonable and necessary expenses totaling $ 36,161.57.

28. The total value of the services rendered by Caplin & Drysdale as shown on Exhibit B, broken down among the persons rendering the services is as follows[*]:

| Name | Hours | Hourly Rate | Value |
|---|---|---|---|
| Elihu Inselbuch | 21.6 | $950 | $20,520.00 |
| Elihu Inselbuch | .4 | $475 | $190.00 |
| Peter Van N. Lockwood | 8.2 | $860 | 7,052.00 |
| Trevor W. Swett | 202.5 | $675 | 136,687.50 |
| Trevor W. Swett | 2.7 | $438.75 | 1,185.00 |
| Trevor W. Swett | 14.5 | $337.50 | 4,893.75 |
| Ronald E. Reinsel | 21.6 | $655 | 14,148.00 |
| Nathan D. Finch | 2.5 | $625 | 1,562.50 |
| Ann. C. McMillan | 9.0 | $595 | 5,355.00 |
| Leslie M. Kelleher | 58.7 | $565 | 33,165.50 |
| Leslie M. Kelleher | 1.6 | $282.50 | 452.00 |
| Jeffrey A. Liesemer | .2 | $510 | 102.00 |

---

[*] Nonworking travel time is billed at one-half the attorney's usual hourly rate. See Exhibit A, Task Code .16 for breakdown.

| Kevin C. Maclay | 218.0 | $510 | 111,180.00 |
| --- | --- | --- | --- |
| Kevin C. Maclay | .5 | $255 | 127.50 |
| James P. Wehner | 220.3 | $510 | 112,353.00 |
| James P. Wehner | 2.2 | $255 | 561.00 |
| Rita C. Tobin | 46.1 | $545 | 25,124.50 |
| Rita C. Tobin | 10.2 | $354.25 | 3,613.00 |
| Rita C. Tobin | 24.5 | $272.50 | 6,676.25 |
| Jeanna M. Rickards | 70.7 | $340 | 24,038.00 |
| Andrew J. Sackett | 34.0 | $310 | 10,540.00 |
| Todd E. Phillips | 54.8 | $300 | 16,440.00 |
| Todd E. Phillips | .3 | $150 | 45.00 |
| Kate G. Henningsen | 41.9 | $230 | 9,637.00 |
| Eugenia Benetos | 40.1 | $210 | 8,421.00 |
| Eugenia Benetos | 4.2 | $136.50 | 573.00 |
| Eugenia Benetos | 37.8 | $105 | 3,969.00 |
| Samira A. Taylor | 6.7 | $200 | 1,340.00 |
| Sayem Osman | 75.4 | $200 | 15,080.00 |
| Marissa A. Fanone | .3 | $200 | 60.00 |
| Sara Joy DelSavio | 67.5 | $200 | 13,500.00 |
| Sara Joy DelSavio | 1.2 | $100 | 120.00 |
| Rolland A. Hampton | 7.0 | $200 | 1,400.00 |
| Christopher E. Williamson | 17.0 | $200 | 3,400.00 |

| Total | 1,324.2 | | $593,511.50 |
|---|---|---|---|

29. Set forth below are the rates for the expenses incurred by Caplin & Drysdale for which reimbursement is requested pursuant to this Application, as well as the basis for such rates for the identified expense items:

    a) Copy charges: Caplin & Drysdale charges $0.10 per page for copies and such charge is based on an analysis of the cost to Caplin & Drysdale to make a copy;

    b) Computer research charges: Caplin & Drysdale passes through on an exact cost basis all computer-assisted research charges; and

    c) Out-going facsimile charges: Caplin & Drysdale charges $0.15 for each page. These charges are based on an analysis of the cost to Caplin & Drysdale to send facsimile transmissions. Caplin & Drysdale does not pass through to its clients expenses or charges related to incoming facsimile transmissions.

    30. Attached hereto as Exhibit C and incorporated herein by reference is a summary by category of the expenses incurred by Caplin & Drysdale for which reimbursement is requested. Furthermore, incorporated herein are copies of all the receipts and pre bill reports for the Application Period of our expenses incurred by Caplin & Drysdale for which reimbursement is requested. This information also appears on Exhibit A hereto. Further supporting documentation is available upon request.

    31. The general areas in which Caplin & Drysdale has rendered professional services to the Asbestos Claimants Committee during the Application Period in the Case may be broadly characterized as follows:

    a)   providing legal advice with respect to the Asbestos Claimants Committee's powers and duties as an official committee appointed under section 1102(a)(1) of the Bankruptcy Code;

    b)   preparing on behalf of the Asbestos Claimants Committee necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

    c)   appearing in Court to present necessary motions, applications and pleadings and otherwise protecting the interests of the Asbestos Claimants Committee; and

    d)   performing legal services for the Asbestos Claimants Committee necessary and proper in these proceedings.

    32.   The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statement attached as Exhibit A.

    33.   Thus, through this Second Interim Application, Caplin & Drysdale seeks interim allowance and payment of $ 593,511.50 in fees and $ 36,161.57 in expenses. A Notice of Second Interim Application will be filed and served on all parties requesting notice under Bankruptcy Rule 2002.

    34.   A cumulative summary of Caplin & Drysdale for services rendered and reimbursement of expenses as Counsel to the Committee is attached as Exhibit D for the period June 1, 2010 through September 30, 2010.

    35.   Also pursuant to the UST Guidelines, annexed hereto as Exhibit E is a schedule setting forth all professionals employed by the Applicant who have performed services in these Chapter 11 cases during the Application Period and the dates and places of admission regarding each such professional.

## VI. ALLOWANCE OF COMPENSATION

36. Caplin & Drysdale has endeavored to represent the Asbestos Claimants Committee in the most expeditious and economical manner possible.

WHEREFORE, Caplin & Drysdale, Chartered respectfully requests that the Court enter an Order approving this Application and directing payment of $ 593,511.50 in fees and reimbursement of $ 36,161.57 in expenses, and for such other and further relief as the Court deems just and proper.

CAPLIN & DRYSDALE, CHARTERED

_/s/ Trevor W. Swett III_
Trevor W. Swett III
tws@capdale.com
Caplin & Drysdale, Chartered
One Thomas Circle, NW
Washington, DC 20005
(202) 862-5000

Elihu Inselbuch
ei@capdale.com
Rita C. Tobin
rct@capdale.com
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(212) 319-7125

*Counsel for the Official Committee
Of Unsecured Creditors Holding Asbestos-
Related Claims of Motors Liquidation Company*

Dated: November 15, 2010

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 09- 50026 (REG) |

## ORDER AWARDING COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Court considered the Second Interim Quarterly Application of Caplin & Drysdale, Chartered ("**Caplin & Drysdale**"), For Interim Compensation And Reimbursement Of Expenses As Counsel to the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims of Motors Liquidation Company (the "**Application**"), which Application requests allowance and payment of compensation and reimbursement of expenses in accordance with §330 and §331 of the Bankruptcy Code, and it appearing that notice of the Application was duly given in accordance with the provisions of the Bankruptcy Rules, and no further notice being necessary, and upon the record being made before this Court, and after due deliberation, and sufficient cause appearing therefore, it is hereby;

ORDERED that the Application is granted;

FURTHER ORDERED that the Debtor is directed to pay immediately any remaining unpaid fees and expenses requested in the Application.

Dated: _____, 2010

_____
Honorable Robert E. Gerber
United States Bankruptcy Court Judge