UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
------------------------------------------------------------x

## SUMMARY SHEET PURSUANT
## TO UNITED STATES TRUSTEE GUIDELINES
## FOR REVIEWING APPLICATIONS FOR COMPENSATION
## AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

### SECOND INTERIM FEE APPLICATION

| | |
|---|---|
| Name of Applicant: | **Hamilton, Rabinovitz & Associates, Inc.** |
| Time Period: | June 1, 2010 through and including September 30, 2010 |
| Role in the Case: | Consultants for the Debtors and Debtors in Possession with Respect to Present and Future Asbestos Claims |
| Current Application: | Total Fees Requested:    $28,462.50<br>Total Expenses Requested:   $0.00 |
| Prior Applications: | First Interim Fee Application, filed August 5, 2010 (ECF No. 6528) for the period February 1, 2010 through and including May 31, 2010<br>   Total Fees & Expenses Requested: $7,970.00<br>   Total Fees & Expenses Allowed:    To Be Determined |

## SUMMARY OF SECOND INTERIM FEE
## APPLICATION OF HAMILTON, RABINOVITZ,
## & ASSOCIATES, INC. FOR SERVICES RENDERED
## FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION | |
|---|---|---|---|---|
| Rabinovitz, Francine F. (Partner) | $650.00 | 5.95 | $ | 3,867.50 |
| Sims, Robert H. (Managing Director) | $600.00 | 23.20 | $ | 13,920.00 |
| Honig, Paul K. (Director) | $350.00 | 30.50 | $ | 10,675.00 |
| **Total** | | **59.65** | **$** | **28,462.50** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.* :
                                            :
                Debtors.                    :        (Jointly Administered)
                                            :
------------------------------------------------------------x

## SECOND APPLICATION OF
## HAMILTON, RABINOVITZ, & ASSOCIATES, INC.
## AS CONSULTANTS FOR THE DEBTORS WITH RESPECT
## TO PRESENT AND FUTURE ASBESTOS CLAIMS, FOR INTERIM
## ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
## RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
## <u>EXPENSES INCURRED FROM JUNE 1 2010, THROUGH SEPTEMBER 30, 2010</u>

# TABLE OF CONTENTS

**Page**

Preliminary Statement ................................................................................................................. 1

Background ................................................................................................................................... 1

Summary of Professional Compensation and Reimbursement of Expenses Requested ............... 2

Summary of Services Performed by HRA During the Fourth Compensation Period ................... 4

The Requested Compensation Should Be Allowed ...................................................................... 5

Notice .......................................................................................................................................... 6

Conclusion .................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Statutes & Rules**                                                                                    **Page**

11 U.S.C. § 327 ................................................................................................5

11 U.S.C. § 330 ................................................................................................5

11 U.S.C. § 330(a) ............................................................................................1

11 U.S.C. § 330(a)(1) ........................................................................................5

11 U.S.C. § 330(a)(3) ........................................................................................6

11 U.S.C. § 331 ............................................................................................1, 5

Fed. R. Bank. P. 1015(c) ..................................................................................6

Fed. R. Bank. P. 2016 .......................................................................................1

Fed. R. Bank. P. 9007 .......................................................................................6

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Hamilton, Rabinovitz & Associates, Inc. ("**HRA**"), consultants with respect to

present and future asbestos claims for Motors Liquidation Company (f/k/a General Motors

Corporation) ("**MLC**") and its affiliated debtors in these chapter 11 cases, as debtors and debtors

in possession (together with MLC, the "**Debtors**"), for its second application (the "**Application**"),

pursuant to sections 330(a) and 331 of title 11, United States Code (the "**Bankruptcy Code**") and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the

interim allowance of compensation for professional services performed by HRA for the period

commencing June 1, 2010 through and including September 30, 2010 (the "**Fourth

Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred

during the Fourth Compensation Period, respectfully represents:

### Preliminary Statement

1.      HRA was retained as a consultant to the Debtors on May 6, 2010 with

respect to present and future asbestos claims.  HRA commenced working on the Debtors' asbestos

claims issues on May 11, 2010.

2.      HRA's charges for professional services performed and expenses incurred

are reasonable under the applicable standards.  HRA respectfully asks that the Court grant the

Application and allow interim compensation for professional services performed and

reimbursement for expenses as requested.

### Background

3.      On April 22, 2010, the Debtors filed an application to employ HRA as their

consultants with respect to present and future asbestos claims (ECF No. 5578).  No objections

were filed to HRA's retention, and, pursuant to an order, dated May 6, 2010, the Debtors were

authorized to retain HRA as their consultants with respect to present and future asbestos claims.

(ECF No. 5730).

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

4.      HRA seeks allowance of interim compensation for professional services

performed during the Fourth Compensation Period in the amount of $28,462.50, and for

reimbursement of expenses incurred in connection with the rendition of such services in the

amount of $0.00. During the Fourth Compensation Period, HRA professionals expended a total of

approximately 59.65 hours in connection with the necessary services performed.

5.      This Application has been prepared in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "**Local Guidelines**"), the

U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**"), and

the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals (ECF No. 3711) (the

"**Administrative Order**," and together with the Local Guidelines and the UST Guidelines, the

"**Guidelines**"). Pursuant to the UST Guidelines, the Debtors have been provided with a copy of

the Application for their review and will have completed their review of the same prior to the

hearing on the Application.

6.      HRA has not yet received payments for either the fees or the expenses

invoiced for June 2010, July, 2010, August 2010 and September 2010 for which payment is

owing.

7.      The fees charged by HRA in these cases are billed in accordance with HRA's existing billing rates and procedures in effect during the Fourth Compensation Period. The rates HRA charges for the services rendered by its professionals in these chapter 11 cases are the same rates HRA charges for professional services rendered in comparable bankruptcy and nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national market.

8.      Annexed hereto as **Exhibit "A"** is a certification regarding compliance with the Guidelines.

9.      Annexed hereto as **Exhibit "B,"** pursuant to the UST Guidelines, is a schedule of HRA professionals who have performed services for the Debtors during the Fourth Compensation Period, the capacities in which each such individual is employed by HRA, the hourly billing rate charged by HRA for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed therefor.

10.     No expenses were incurred during the Fourth Compensation Period.

11.     Annexed hereto as **Exhibit "C,"** pursuant to the UST Guidelines, is a summary of HRA's time records billed during the Fourth Compensation Period using project categories hereinafter described. HRA maintains hand-written and computerized records of the time spent by all HRA employees and associates in connection with the prosecution of the Debtors' chapter 11 cases. Copies of time records have been furnished to the Debtors and, the Court, the attorneys for the Committee, the Fee Examiner, and the U.S. Trustee in the format specified by the UST Guidelines. Annexed hereto as **Exhibit "D"** are copies of the time records for the Fourth Compensation Period.

12.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Fourth Compensation Period, but were not processed prior to the preparation of this Application, HRA reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Summary of Services Performed by
HRA During the Fourth Compensation Period**

13.    During the Fourth Compensation Period, HRA downloaded the Debtors' asbestos claims databases and related supporting documents from the Debtors' secure data room starting on May 11, 2010. The databases and documents were reviewed by HRA and the May 31, 2009 database tables were converted to the Stata program file format. The relational database tables were then processed into a flat file format containing the data fields used by HRA to assess potential present and future claim liabilities. HRA also participated in teleconferences with team members, Weil, Gotshal & Manges LLP, counsel for the Debtors, and AP Services, LLC, the Debtors' interim managers and restructuring experts.

14.    The foregoing professional services performed by HRA were actual, necessary, and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by HRA were in the best interests of the Debtors and other parties in interest. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently.

15.    The professional services performed by HRA on behalf of the Debtors during the Fourth Compensation Period required an aggregate expenditure of 59.65 recorded hours by HRA's employees. Of the aggregate time expended, 5.95 recorded hours were expended

by a partner of HRA, 23.20 recorded hours were expended by a managing director of HRA, and 30.50 recorded hours were expended by directors of HRA.

16.    During the Fourth Compensation Period, HRA billed the Debtors for time expended by employees based on hourly rates ranging from $350 to $650 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $477.16 (based on 59.65 recorded hours for employees at HRA's regular billing rates in effect at the time of the performance of services).

## The Requested Compensation Should Be Allowed

17.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the

complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

18.    In the instant case, HRA submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' chapter 11 estates. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

19.    In sum, the services rendered by HRA were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

20.    Notice of this Application has been provided to parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 (ECF No. 6750). HRA submits that such notice is sufficient and no other or further notice need be provided.

21.     No previous request for the relief sought herein has been made by the HRA to this or any other Court.

## **Conclusion**

22.     HRA respectfully requests the Court enter an Order authorizing (i) an interim allowance of compensation for professional services rendered during the Fourth Compensation Period in the aggregate amount of $ 28,462.50, consisting of $ 28,462.50, representing 100% of fees incurred during the Fourth Compensation Period, and reimbursement of $0.00, representing 100% of actual and necessary expenses incurred during the Fourth Compensation Period; (ii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to HRA's right to seek additional compensation for services performed and expenses incurred during the Fourth Compensation Period, which were not processed at the time of this Application; (iii) directing payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order; and (iv) such other and further relief as is just.

WHEREFORE HRA respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: Carmel, California
     11/11/2010

*Francine F. Rabinovitz*
               TB
_____
Hamilton, Rabinovitz & Associates, Inc.

## Exhibit A

## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : |  |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

------------------------------------------------------------x

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SECOND APPLICATION OF HAMILTON, RABINOVITZ & ASSOCIATES, INC. FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Francine F. Rabinovitz, hereby certify that:

I am a partner with the applicant firm, Hamilton, Rabinovitz & Associates, Inc.

("**HRA**"), as consultant with respect to present and future asbestos claims for the chapter 11 cases

of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated

debtors, as debtors and debtors in possession in the above-captioned cases (collectively with

MLC, the "**Debtors**"), in respect of compliance with the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on November 25, 2009 (the "**Local Guidelines**"), the U.S. Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Pursuant to 11

U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement

of Expenses of Professionals (ECF No. 3711) (the "**Administrative Order**," and together with

the Local Guidelines and the UST Guidelines, the "**Guidelines**").

23.     This certification is made in respect of HRA's second application, dated

11/11/2010 (the "**Application**"), for interim compensation and reimbursement of expenses for the

period commencing June 1, 2010 through and including September 30, 2010 (the "**Fourth**

**Compensation Period**") in accordance with the Guidelines.

24.     In respect of section A.1 of the Local Guidelines, I certify that:

a.     I have read the Application;

b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

c.     the fees and disbursements sought are billed at rates in accordance with those customarily charged by HRA and generally accepted by HRA's clients; and

d.     in providing a reimbursable service, HRA does not make a profit on that service, whether the service is performed by HRA in-house or through a third party.

25.     In respect of section A.2 of the Local Guidelines and as required by the

Administrative Order, I certify that HRA has complied with these provisions requiring it to

provide counsel for the statutory committee of unsecured creditors appointed in these cases (the

"**Committee**") and the Debtors with a statement of HRA's fees and disbursements accrued during

the previous month, although, due to the exigencies of these cases, such statements were not

always provided within the exact timetables set forth in the Administrative Order.

26.     In respect of section A.3 of the Local Guidelines, I certify that the Debtors,

attorneys for the Committee, and the United States Trustee for the Southern District of New York

are each being provided with a copy of the Application.

Dated: Carmel, California
11/11/2010

Francine F. Rabinovitz TB
_____
Hamilton, Rabinovitz & Associates, Inc.

## Exhibit B

**Summary of Second Interim Fee Application of**
**Hamilton, Rabinovitz & Associates, Inc. for Services**
**Rendered for the Period June 1, 2010 Through September 30, 2010**

| NAME OF PROFESSIONAL PERSON | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Rabinovitz, Francine F. (Partner) | $650.00 | 5.95 | $    3,867.50 |
| Sims, Robert H. (Managing Director) | $600.00 | 23.20 | $   13,920.00 |
| Honig, Paul K. (Director) | $350.00 | 30.50 | $   10,675.00 |
| **Total** | | **59.65** | **$   28,462.50** |

## Exhibit C

**Compensation by Work Task Code for Services
Rendered by Hamilton, Rabinovitz & Associates, Inc.
for the Period June 1, 2010 Through September 30, 2010**

| PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|
| Litigation Consulting | 59.65 | $      28,462.50 |
|  |  |  |
| **TOTAL:** | **59.65** | **$      28,462.50** |

**<u>Exhibit D</u>**

**Time Records for the Period**
**<u>June 1, 2010 Through September 30, 2010</u>**

# HR&A

# REVISED INVOICE

HAMILTON, RABINOVITZ & ASSOCIATES, INC.
Policy, Financial & Management Consultants

July 8, 2010
(Revised September 6, 2010)

Russell Brooks
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Fees for expert consulting services performed by Hamilton, Rabinovitz & Associates, Inc., re: Motors Liquidation Company et al.  For the month of June, 2010

### FEES

| | |
|---|---|
| Francine F. Rabinovitz | |
| 1.00 hours @ $ 650 per hour | $    650.00 |
| | |
| Robert H. Sims | |
| 2.50 hours @ $ 600 per hour | 1,500.00 |
| | |
| Paul K. Honig | |
| 30.50 hours @ $ 350 per hour | 10,675.00 |
| | |
| TOTAL DUE: | $ 12,825.00 |

*Please remit to corporate address below:*

P.O. BOX 222681 CARMEL, CALIFORNIA 93922  TEL: (831) 626-1350  FAX: (831) 626-1351

JUNE, 2010 TIME LOG OF FRANCINE F. RABINOVITZ (FFR)

<u>DATE</u>      <u>TIME</u>    <u>TASK</u>

06/10/10    0.50    Talk with S. Karotkin re requests from Dan
                    Relles for ACC, Amy Brockman for Futures
                    Representative to clarify prior HR&A analyses
                    used in public GM SEC filings.

06/18/10    0.50    Talk with Robert H. Sims re calls with LAS and
                    ARPC statisticians.

TOTAL:      1.00

JUNE, 2010 TIME LOG OF ROBERT H. SIMS (RHS)

| DATE | TIME | TASK |
|------|------|------|
| 06/09/10 | 0.50 | Discussions with Paul K. Honig re: data processing. |
| 06/11/10 | 0.50 | Prepare for call (1.00); call with Dan Relles, LAS statistician for ACC. |
| 06/14/10 | 1.00 | Prepare for call (0.50); call with Dan Relles & Amy Brockman, ARPC statistician for Futures Representative. |
| 06/18/10 | 0.50 | Talk with Francine F. Rabinovitz re calls with LAS and ARPC statisticians. |
| TOTAL: | 2.50 | |

JUNE, 2010 TIME LOG OF PAUL K. HONIG (PKH)

<u>DATE</u>        <u>TIME</u>    <u>TASK</u>

06/02/10    1.50    Review previously written code identifying all
                    datafiles accessed (0.50), assemble list of
                    files missing from current set of data (0.50),
                    examine current file contents to determine
                    availability of ssn (0.50).

06/07/10    2.00    Update MLC stata dofile code to reflect current
                    file set (0.40), examine code for references to
                    ssn (0.40), modify code to execute w/o ssn
                    (0.30) review  code (0.40) & remove reference
                    to ssn (which is subject of lawyer discussions
                    on confidentiality) (0.30) and rerun code
                    (0.20).

06/09/10    6.50    Modify work.do & it's component dofiles (.4),
                    run code (.3), review/revise code (.4), rerun
                    code (.3) review output log (.3); modify & run
                    dedup code (.4) examine output for N obs
                    dropped (.4), modify & run EstTabs & other
                    "table reporting" code (.4), review results
                    (.3), modify and rerun (.4) examine final
                    results (.4); Examine MLC_claimsregister file
                    contents (.5) and browse data (.5) for fields
                    to uniquely identify obs, test fields for
                    uniqueness (.5), extract only those fields (.5)
                    to test linking to main data (0.50).

06/10/10    6.50    Interactively clean (standardize) plaintiff
                    name - store output in "log" recode files &
                    examine output as process happens - remove
                    extraneous titles (0.50), suffixes (0.50), more
                    titles (0.50), tag name order (0.50), continue
                    tagging name order (0.50), review logs (0.50)
                    modify code (0.50), begin re-ordering name
                    sequences (0.50) continue reordering (0.50);
                    Parse name into first & last names (0.50),
                    reduce Lname & Fname to one word each (0.50)
                    identify & modify Lnames  (0.50) and Fnames
                    w/nonalpha chars (0.50).

JUNE, 2010 TIME LOG OF PAUL K. HONIG (PKH) continued

<u>DATE</u>      <u>TIME</u>    <u>TASK</u>

06/16/10    6.00    Extract & sort (plaintiff's) lawfirms (.2);
                    strip corporate abbreviations (.3); strip
                    titles (.5) & extraneous chars (.5), identify
                    firms w/more than 3 names (.5), & standardize
                    (.5), identify 3-name firms (.5) & standardize
                    (.5), identify 2-name firms (.5) & standardize
                    (.5); identify single-name firms (.5) &
                    standardize (.5); Review  how to "dedup" MLC
                    file based on Ln Fn Law & juris (.5)

06/17/10    3.50    Convert 1st of 3 "names.log" recode files (for
                    plaintiff first & last names) to MLCNames.do
                    (.4); convert 2nd (.4) and 3rd (.4); run &
                    review initial code (.4); revise code (.4); run
                    & review revised code (.4); run final names
                    code (.4); review final output (.4);
                    incorporate final "names" dofile into larger
                    "work" code (.3).

06/19/10    4.50    Convert 1st of 3 "lawfirm.log" recode files
                    (0.40); convert 2nd (0.40) and 3rd (0.40); run
                    & review initial code (0.40); revise code
                    (0.40); run & review revised code (0.40); run
                    final lawfirm code (0.40); review final output
                    (0.40); incorporate final "names" dofile into
                    larger "work" code Convert adhoc Lawfirm code
                    to do-file (0.30); Run work.do (.2) examine
                    output (0.20), dedup MLC (0.20), examine change
                    in filesize (0.20) & merge results with main
                    file (0.20); deliver code & files to Robert H.
                    Sims.

TOTAL:     30.50

# HR&A                    REVISED INVOICE

HAMILTON, RABINOVITZ & ASSOCIATES, INC.
Policy, Financial & Management Consultants

August 7, 2010
(Revised September 10, 2010)

Russell Brooks
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Fees for expert consulting services performed by Hamilton,
Rabinovitz & Associates, Inc., re: Motors Liquidation Company et
al.  For the month of June, 2010

### FEES

Robert H. Sims
18.70 hours @ $ 600 per hour                    $ 11,220.00

TOTAL DUE:                    $ 11,220.00

JULY, 2010 TIME LOG OF ROBERT H. SIMS (RHS)

<u>DATE</u>        <u>TIME</u>    <u>TASK</u>

7/26/10    2.60    Investigate interrogatories in MLC data room
                   (0.4); review answers to "questions about
                   asbestos data" (0.4);  review claim's register
                   matches spreadsheet (0.5); download (0.1);
                   review revised 5/31/2009 database, case table
                   (0.3); claimant table (0.4); indemnity table
                   (0.3); venue table (0.1); defense cost table
                   (0.1).

7/27/10    3.40    Convert claimant table to Stata (0.1); revise
                   ClaimantOne Stata program code (0.4); run Stata
                   code and review output (0.4); revise, run
                   review (0.2); convert case table to Stata
                   (0.1); convert indemnity table to Stata (0.1);
                   revise IndemnityOne Stata program code (0.4);
                   run Stata code and review output (0.4);
                   revise, run review (0.2); convert venue table
                   to Stata (0.1); revise VenueOne Stata program
                   code (0.2); run Stata code and review output
                   (0.3); convert defense cost table to Stata
                   (0.1); revise defense cost  Stata program code
                   (0.2); run Stata code and review output (0.2).

7/28/09    4.30    Process plaintiff names; review & run Names
                   Stata program (0.2); review output (0.4);
                   revise code (0.4); review output (0.3); run MLC
                   Work Stata program, review code (0.2); revise
                   code (0.1); review output (0.3);  revise code
                   (0.1); review output (0.3); run MLC DeDup Stata
                   program; review code (0.2); revise code (0.1);
                   review output (0.3); revise code (0.1); review
                   output (0.4); run MLC EstTabs Stata program,
                   review code (0.2); revise code (0.2); review
                   output (0.3); revise code (0.2).

JULY, 2010 TIME LOG OF ROBERT H. SIMS (RHS) continued

DATE        TIME        TASK

7/29/09     4.60        Review MLC EstTabs program output (0.4);
                        compare revised May 31, 2009 Names output to
                        March  2009 Names output (0.3); compare to Paul
                        K. Honig's Names output (0.3); compare revised
                        May 31, 2009 Work output to March 2009 Work
                        output (0.4); compare to Paul K. Honig's Work
                        output (0.4); compare revised May 31, 2009
                        DeDup output to March 2009 DeDup output (0.5);
                        compare to Paul K. Honig's DeDup output (0.4);
                        compare revised May 31, 2009 EsTabs output to
                        March 2009 EstTabs output (0.5); compare to
                        Paul K. Honig's EstTabs output (0.4); review
                        Paul K. Honig's claims register do files (0.2);
                        review Paul K. Honig's claims register
                        supporting spreadsheets (0.3); review Paul K.
                        Honig's claims register output files (0.5).

7/30/09     3.80        Review March 2009 Technical Report (0.4);
                        review estimation spreadsheet (0.5);  assess
                        claim rate calibration assumptions (0.4);
                        assess indemnity value calibration assumptions
                        (0.3); prepare estimation parameter tables
                        (0.4); update time to close table (0.3); update
                        ratios table (0.2); update mesothelioma and
                        lung cancer claim rates (0.4); update partial
                        year adjustments (0.3); update pending claims
                        counts and time to close distribution (0.4);
                        update indemnity values (0.2).

TOTAL:      18.70

# HR&A                    INVOICE

Hamilton, Rabinovitz & Associates, Inc.
Policy, Financial & Management Consultants

September 6, 2010

Russell Brooks
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Fees for expert consulting services performed by Hamilton, Rabinovitz & Associates, Inc., re: Motors Liquidation Company et al. For the month of August, 2010

### FEES

Francine F. Rabinovitz
4.70 hours @ $ 650 per hour                 $  3,055.00

Robert H. Sims
2.00 hours @ $ 600 per hour                    1,200.00

    TOTAL DUE:                        $  4,255.00

AUGUST, 2010 TIME LOG OF FRANCINE F. RABINOVITZ (FFR)

| <u>DATE</u> | <u>TIME</u> | <u>TASK</u> |
|------|------|------|
| 08/11/10 | 0.90 | Search for and produce GM retention agreement at request of J. Wine of Weil (0.50); Find and review retention agreement, send to J. Wine as requested (0.40). |
| 08/18/10 | 0.50 | Follow emails re deposit of HR&A data/documents in data room from J. Wine and adjustments for confidentiality agreement restrictions (Removal of ssns, removal of costs) (0.50); Talk with S. Karotkin re need for HR&A review of procedures (0.25); Talk with Robert H. Sims re need for HR&A implementation of procedures (0.25); |
| 08/19/10 | 1.50 | Review draft of Confidentiality Agreement (0.50); Review redline of revised Agreement (0.25); Review further redline of revised Agreement (0.25); Review final of Confidentiality Agreement (0.25); Talk with Robert H. Sims about implementation of confidentiality agreement (0.25). |
| 08/20/10 | 0.80 | Review redline of new draft. Send message to S. Karotkin. |
| 08/21/10 | 0.50 | Follow further e mail traffic re confidentiality provisions at request of S. Karotkin. |
| TOTAL: | 4.70 | |

AUGUST, 2010 TIME LOG OF ROBERT H. SIMS (RHS)

<u>DATE</u>      <u>TIME</u>      <u>TASK</u>

08/02/10    0.20    Telephone conversation with Dan Relles (LAS
                    statistician) re: MLC data processing.

08/09/10    0.70    Review database production request (0.20);
                    begin to identify materials to produce (0.50).

08/16/10    0.30    Finish identifying databases to produce.

08/18/10    0.30    Conversation with Francine F. Rabinovitz and
                    load databases onto Weil FTP server.

08/19/10    0.50    Review final draft of confidentiality
                    agreement, discussion with Francine F.
                    Rabinovitz, re same.

TOTAL:      2.00

# HR&A                                INVOICE

HAMILTON, RABINOVITZ & ASSOCIATES, INC.
Policy, Financial & Management Consultants

October 8, 2010

Russell Brooks
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, New York 10153

Fees for expert consulting services performed by Hamilton, Rabinovitz & Associates, Inc., re: Motors Liquidation Company et al.  For the month of September, 2010

### FEES

Francine F. Rabinovitz, President, Partner
0.25 hours @ $ 650 per hour                    $ 162.50

        TOTAL DUE:                             $ 162.50

cc: Service List (attached)

*Please remit to corporate address below:*

P.O. BOX 222681 CARMEL, CALIFORNIA 93922 TEL: (831) 626-1350  FAX: (831) 626-1351

SEPTEMBER, 2010 TIME LOG OF FRANCINE F. RABINOVITZ (FFR)

<u>DATE</u>      <u>TIME</u>   <u>TASK</u>

09/16/10   0.25   Follow e-mail traffic re "Anonymity Protocol".

TOTAL:     0.25