Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 502(c) AUTHORIZING ESTIMATION OF DEBTORS' AGGREGATE LIABILITY FOR ASBESTOS PERSONAL INJURY CLAIMS AND ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING

PLEASE TAKE NOTICE that upon the annexed Motion, dated November 15, 2010 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to sections 502(c) of title 11, United States Code (the "**Bankruptcy Code**") authorizing the estimation of the Debtors' aggregate liability for asbestos personal injury claims and establishing a schedule for an estimation proceeding before the Court, all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **December 2**, **2010 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas

Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **November 24, 2010, at 4:00 p.m. (Eastern Time)** (the "**Objection**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
         November 15, 2010

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007
                              Attorneys for Debtors
                              and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                      :
In re                                 :     Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :     09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                      :
                Debtors.              :     (Jointly Administered)
                                      :
------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER PURSUANT**
**TO 11 U.S.C. § 502(c) AUTHORIZING ESTIMATION OF DEBTORS'**
**AGGREGATE LIABILITY FOR ASBESTOS PERSONAL INJURY CLAIMS**
**AND ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING**

## TABLE OF CONTENTS

**Page**

Relief Requested ........................................................................................................................... 1

Jurisdiction .................................................................................................................................... 2

Relevant Background ..................................................................................................................... 2

Need for Relief Requested ............................................................................................................ 3

The Court Should Schedule Proceedings to Estimate the Debtors' Aggregate Liability for
Asbestos Personal Injury Claims .................................................................................................. 5

Notice .......................................................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*In re Adelphia Business Solutions, Inc.*,
341 B.R. 415 (Bankr. S.D.N.Y. 2003) ...................................................................................5

*In re Armstrong World Indus., Inc.*,
348 B.R. 111 (D. Del. 2006) ................................................................................................6

*In re Eagle-Picher Indus., Inc.*,
189 B.R. 681 (Bankr. S.D. Ohio 1995) .................................................................................6

*In re Federal-Mogul Global Inc.*,
330 B.R. 133 (D. Del. 2005) ..........................................................................................5, 6, 7

*Frito-Lay Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*,
10 F.3d 944 (2d Cir. 1993) ...................................................................................................6

*In re G-I Holdings, Inc.*,
323 B.R. 583 (Bankr. D. N.J. 2005) ..................................................................................6, 7

*Kane v. Johns Manville Corp. (In re Johns-Manville Corp.)*,
843 F.2d 636 (2d Cir. 1988) .................................................................................................7

*In re Lane*,
68 B.R. 609 (Bankr. D. Haw. 1986) .....................................................................................6

*In re Lionel LLC*,
No. 04-17324, 2007 WL 2261539 (Bankr. S.D.N.Y. Aug. 3, 2007) ......................................5

*In re National Gypsum Company*,
139 B.R. 397 (Dist. N.D. Tex 1992) .....................................................................................6

*Owens Corning v. Credit Suisse First Boston (In re Owens Corning)*,
322 B.R. 719 (D. Del. 2005) ............................................................................................5, 6

*In re RNI Wind Down Corp.*,
369 B.R. 174 (Bankr. D. Del. 2007) .....................................................................................6

STATUTES

11 U.S.C. § 105(a) ..................................................................................................................10

11 U.S.C. § 502(c) ............................................................................................................1, 5, 6

28 U.S.C. § 157.........................................................................................................................2

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

28 U.S.C. § 157(b) .................................................................................................................2, 7

28 U.S.C. § 1334................................................................................................................2

**BANKRUPTCY RULES**

Fed. R. Bankr. P. 1015(c) ........................................................................................................10

Fed. R. Bankr. P. 9007.............................................................................................................10

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      By this Motion, the Debtors request, pursuant to section 502(c) of title 11, United States Code (the "**Bankruptcy Code**"), that the Court estimate the Debtors' aggregate liability with respect to all present and future asbestos-related personal injury claims (the "**Asbestos Personal Injury Claims**").  Specifically, the Debtors request that the Court approve the proposed scheduling order annexed hereto (the "**Scheduling Order**"), which sets a timeline for an estimation proceeding before this Court.

2.      Estimating the Debtors' aggregate liability for Asbestos Personal Injury Claims is required because, pursuant to the Debtors' Amended Joint Chapter 11 Plan which will be filed with the Court (the "**Plan**"), the Asbestos Trust Claim (as defined in the Plan) determines the appropriate ratable distribution to be made to the Asbestos Trust (as hereinafter defined) pursuant to the Plan.  Under the terms of the Plan, the Asbestos Trust Claim is the claim in the amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims in an amount that is either (i) mutually agreed upon by the Debtors, the statutory committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of unsecured creditors holding Asbestos Personal Injury Claims (the "**Asbestos Claimants' Committee**"), and the Legal Representative for Future Asbestos Claimants (the "**FCR**") or (ii) ordered by the Court.

3.      While the Debtors have been hopeful that the aggregate allowed amount of the Asbestos Personal Injury Claims could be set through negotiations among the relevant

parties, these ongoing discussions have not resulted in a settlement.  As the Debtors move closer

to confirming the Plan, the estimation of aggregate liability for Asbestos Personal Injury Claims

is imperative in order to assure the efficient and expeditious administration of the Debtors'

estates.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2010).

### Relevant Background

5.      As the Court is aware, these cases clearly are not "asbestos chapter 11

cases."  However, the Debtors have historically established reserves for liability with respect to

Asbestos Personal Injury Claims.  Prior to the deadline for filing claims in these chapter 11

cases, approximately 28,500 Asbestos Personal Injury Claims were filed against the Debtors.

6.      On June 3, 2009, the Office of the United States Trustee for the Southern

District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee to represent the

interests of all unsecured creditors in these chapter 11 cases.  On March 2, 2010, the Asbestos

Claimants' Committee was appointed by the U.S. Trustee to represent the interests of holders of

present Asbestos Personal Injury Claims.  On April 8, 2010, at the request of the Debtors, the

Court entered an order appointing Dean M. Trafelet as the Future Claimants' Representative.

The Future Claimants' Representative has represented the interests of holders of future Asbestos

Personal Injury Claims in connection with the administration of these cases.

7.      In obvious anticipation of the relief being sought in this Motion, each of

the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the FCR have

retained professionals to estimate the Debtors' liability for Asbestos Personal Injury Claims.

More specifically, the Debtors have retained Hamilton, Rabinovitz, & Associates, Inc.; the

Creditors' Committee has retained Bates White, LLC; the Asbestos Claimants' Committee has

retained Legal Analysis Systems, Inc.; and the FCR has retained Analysis Research Planning

Corporation (collectively, the "**Asbestos Professionals**").  Each of the Asbestos Professionals is

well known in its field of expertise, and each has been involved in a number of cases where it

was retained to conduct the very same estimation that is the subject of this Motion and to provide

expert testimony in an estimation hearing.  Indeed, it is the Debtors' understanding that the

Asbestos Professionals are well into the process and that the proposed schedule discussed below

is reasonable, appropriate, and expected.

8.      The Plan provides for, among other things, the creation of a post-

confirmation trust (the "**Asbestos Trust**") to which all Asbestos Personal Injury Claims will be

channeled.  Specifically, the Asbestos Trust will, among other things, (i) direct the processing,

liquidation, and payment of all Asbestos Personal Injury Claims in accordance with the Plan and

the Asbestos Trust Distribution Procedures (as defined in the Plan) and (ii) preserve, hold,

manage, and maximize the assets of the Asbestos Trust for use in paying and satisfying Asbestos

Personal Injury Claims.

9.      As stated, the Plan provides that the Asbestos Trust will be funded with its

ratable share of the consideration to be distributed to holders of allowed general unsecured

claims.  This ratable share is premised on the aggregate amount of the Asbestos Personal Injury

Claims, determined either by agreement or by the Court in an estimation hearing.

### Need for Relief Requested

10.      As indicated above, the Debtors were hopeful that the parties, through

good-faith negotiations, could reach a consensus as to the Debtors' aggregate liability for

Asbestos Personal Injury Claims.  Unfortunately, however, this has not occurred.  In fact, as the

Court is well aware, various protracted discovery disputes have arisen with respect to this matter

and, in view of what appears to be an impasse, the only rational way to proceed is to schedule an

estimation hearing to establish the Debtors' liability.  It is also the Debtors' expectation that if a

definitive timetable is scheduled, a more realistic and constructive attitude toward a consensual

resolution will emerge.

        11.     Moreover, absent a settlement between the parties, a Court ordered

estimation of the Debtors' Asbestos Personal Injury Claims is an important step for

consummation of the Plan and timely distributions to creditors pursuant thereto.  As the Court is

aware, the Plan is essentially a "pot plan" for holders of Asbestos Personal Injury Claims and

holders of other allowed general unsecured claims.  That is, each holder of an allowed claim gets

its ratable distribution of the consideration being distributed under the Plan – here, the fixed

amount of stock and warrants of New GM (as defined in the Plan) received in connection with

the 363 Transaction (as defined in the Plan).  To the extent that the aggregate liability for

Asbestos Personal Injury Claims has not been estimated (at least for reserve purposes),

appropriate ratable shares cannot be determined and distributions to holders of allowed claims

cannot be made.  Accordingly, in order to avoid undue delay in distributions under the Plan,

estimation of the liability is of paramount importance.[1]

---

[1] In the event that estimation of the Debtors' liability for Asbestos Personal Injury Claims is not
completed prior to confirmation or consummation of the Plan, the Debtors intend to work with the parties
to implement a mechanism for estimating the Asbestos Trust Claim (as defined in the Plan) for reserve
purposes.

**The Court Should Schedule Proceedings to Estimate the
Debtors' Aggregate Liability for Asbestos Personal Injury Claims**

12.     Section 502(c) of the Bankruptcy Code authorizes the Court to estimate

"any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be,

would unduly delay the administration of the case." 11 U.S.C. § 502(c). Estimation "provides a

means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without

awaiting the results of [potentially protracted] legal proceedings." *In re Adelphia Bus. Solutions,*

*Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) (citing *In re Continental Airlines, Inc.*, 981 F.2d

1450, 1461 (5th Cir. 1993)); *In re Lionel LLC*, No. 04-17324, 2007 WL 2261539 at *2 (Bankr.

S.D.N.Y. Aug. 3, 2007) (noting that, without estimation, lengthy proceedings result in "delayed

distributions, which in turn, greatly devalue the claim of all creditors as they cannot use the

assets until they receive them") (citation omitted).

13.     Estimation of aggregate liability for asbestos-related personal injury

claims is an integral step in the process of formulating and consummating a chapter 11 plan in a

bankruptcy involving asbestos-related claims. *See, e.g.*, *In re Federal-Mogul Global Inc.*, 330

B.R. 133, 154 (D. Del. 2005) (objective of estimation proceeding is to establish estimated value

of asbestos-related claims to formulate plan); *Owens Corning v. Credit Suisse First Boston (In re*

*Owens Corning)*, 322 B.R. 719, 722 (D. Del. 2005) (aim of aggregate estimation is to measure

overall value of claims and demands upon estate held by asbestos victims as a group, so that the

entitlement of this constituency can be compared to those of any rival creditors and the

shareholder in order to formulate a confirmable plan of reorganization).

14.     In fact, an estimation hearing of the type being requested in this Motion is

exactly what occurred in several other chapter 11 cases in order to facilitate confirmation and

consummation of a plan. *See In re Federal-Mogul*, 330 B.R. at 154 (estimating "aggregate

[asbestos] liability for the creation of a trust"); *In re Owens Corning*, 322 B.R. 719 at 720; *In re*

*Armstrong World Indus., Inc.*, 348 B.R. 111, 123 (D. Del. 2006); *In re Eagle-Picher Indus., Inc.*,

189 B.R. 681, 682 (Bankr. S.D. Ohio 1995) (estimating "present and future asbestos-related

personal injury claims in the aggregate"); *In re G-I Holdings, Inc.*, 323 B.R. 583, 622 (Bankr. D.

N.J. 2005).

      15.      "Furthermore, the Code requires estimation of all contingent or

unliquidated claims which unduly delay the administration of the case." *In re Nat'l Gypsum Co.*,

139 B.R. 397, 405 (N.D. Tex. 1992) (internal quotations omitted); *Frito-Lay Inc. v. LTV Steel*

*Co., Inc. (In re Chateaugay Corp.)*, 10 F.3d 944, 957 (2d Cir. 1993) (noting that Bankruptcy

Court "must estimate" contingent and unliquidated claims); *In re RNI Wind Down Corp.*, 369

B.R. 174, 191 (Bankr. D. Del. 2007); *In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986) ("This

duty [to estimate] is mandatory, since the language of [section 502(c)] states 'shall.'").

However, even absent a finding of undue delay or other requirement under section 502(c), it is

within a court's sound discretion to estimate a claim. *See In re RNI*, 369 B.R. at 191. In view of

the approximately 28,500 Asbestos Personal Injury Claims filed and the delay that would be

occasioned in the absence of estimation, the Court certainly should exercise its discretion to hold

an estimation hearing as requested in this Motion.

      16.      By estimating the Debtors' aggregate liability for Asbestos Personal Injury

Claims, the Court will not be determining the distribution to be made under the Plan to each

individual holder of an Asbestos Personal Injury Claim, and each such holder will be free to

liquidate the ultimate allowance of his or her claim following confirmation of the Plan in

accordance with the Asbestos Trust Distribution Procedures, thereby avoiding delayed

distributions to other creditors. *In re Federal-Mogul*, 330 B.R. at 154 (where the merits of individual claims are unaffected, estimation of aggregate liability does not violate due process rights of claimants); *In re G-I Holdings*, 323 B.R. at 607 (holding that the United States Constitution and 28 U.S.C. § 157(b) prevents Bankruptcy Courts from determining ultimate allowance and distribution of asbestos personal injury claims, but not its estimation for other purposes). "[A]n estimation of asbestos liability for the limited purposes of a plan formulation is a fruitful endeavor because it promotes the speed efficiency goals of the Bankruptcy Code, while not implicating the procedural rights of individual claimants." *In re Federal-Mogul Global, Inc.*, 330 B.R. at 154-55.

17.     It is crucial for the Plan confirmation and consummation process that the Asbestos Trust Claim be estimated by the Court. As stated, there are approximately 28,500 Asbestos Personal Injury Claims pending against the Debtors and litigating each of these claims as a prerequisite to distributions to creditors simply is not feasible or necessary. *See Kane v. Johns Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 651 (2d Cir. 1988) (noting administration of case would be delayed unduly if even 6,400 proofs of claim relating to asbestos liability were separately considered for allowance); *In re G-I Holdings, Inc.*, 323 B.R. at 599-600 (noting that litigation of each and every asbestos claim would take years).

18.     Based on the foregoing, the estimation requested herein is the only rational and logical way to proceed and will not prejudice any party in interest. The Debtors propose the following procedures and schedule for the asbestos estimation proceeding:[2]

---

[2] This schedule is proposed in accordance with the schedule set by the Anonymity Protocol Order (as defined below). It assumes completion of production of the Trust Information (as defined in the Anonymity Protocol Order) as of November 29, 2010, provided that all deadlines required by the Anonymity Protocol Order, prior to the completion of the production of the Trust Information, are met by the relevant parties. To the extent that the completion of the production of the Trust Information ends on

(a)     The parties shall each be permitted one asbestos expert;

(b)     All fact discovery demands shall be served no later than December 6, 2010 at 4:00 p.m. (Eastern Time), all responses in connection with any such fact discovery demands shall be filed no later than December 24, 2010 at 4:00 p.m. (Eastern Time), and all fact depositions shall be completed by December 31, 2010;

(c)     The parties shall file and serve opening expert reports regarding the estimated amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims by no later than January 11, 2011 at 4:00 p.m. (Eastern Time) (approximately six (6) weeks following completion of the production of the Trust Information);

(d)     The parties shall file and serve rebuttal reports regarding the estimated amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims by January 21, 2011 at 4:00 p.m. (Eastern Time) (ten (10) days following the deadline to file opening expert reports);

(e)     Each party shall make its expert available to be deposed, with any such depositions to be completed by January 31, 2011 (ten (10) days following the deadline to file rebuttal expert reports);

(f)     Any pre-trial briefs shall be filed by February 8, 2011 at 4:00 p.m. (Eastern Time) (eight (8) days following the deadline to complete depositions of the parties' respective experts);

(g)     The parties shall exchange copies of all exhibits to be offered at the hearing on the estimation of the Debtors' aggregate liability for Asbestos Personal Injury Claims

---

a date following November 29, 2010, this proposed schedule may need to be modified in accordance with such change.

and provide copies of any such exhibits to the Court by 4:00 p.m. (Eastern Time) five business

days prior to the commencement of the estimation hearing;

(h)     The Debtors will schedule a hearing to estimate the Debtors'

aggregate liability for Asbestos Personal Injury Claims for the purposes of the Plan, which the

Debtors propose to be a date in mid- to late February 2011.

19.     Streamlined estimation proceedings are appropriate in these cases.

Moreover, in view of the fact that the Asbestos Professionals have been engaged and working for

a significant period of time, the proposed schedule is fair and reasonable.  This Court has already

ruled with respect to certain discovery requests in these chapter 11 cases as follows: (a) on

August 24, 2010, the Court entered the Order Directing Production of Documents by (i) the

Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section

524(g) and (ii) General Motors LLC and the Debtors (ECF No. 6749) and (b) on October 22,

2010, the Court entered the Order Concerning the Asbestos Claimants' Committee's Request for

an Anonymity Protocol (ECF No. 7526) (the "**Anonymity Protocol Order**"), which provides a

protocol (the "**Anonymity Protocol**") for the Creditors' Committee to obtain certain information

in respect of prepetition asbestos personal injury lawsuits against the Debtors and sets a schedule

in connection with same.  Both in connection with and in addition to negotiations relating to the

Anonymity Protocol, the Debtors believe that the parties have already considered the need for

any additional fact discovery and discussed what information should be included in expert

reports relating to the proposed estimation hearing.  In light of the foregoing, the parties will not

be prejudiced by the proposed schedule for the estimation hearing, including the proposed

December 6, 2010 deadline for the service of fact discovery demands.

20.      As set forth in detail above, absent a settlement between the parties regarding the amount of the Asbestos Trust Claim, distributions to creditors in these cases could be significantly delayed.  While it is the Debtors' hope that the parties will continue to negotiate through the commencement of the estimation proceeding and reach a settlement prior thereto, the Debtors respectfully request that the Court approve the proposed Scheduling Order.

### Notice

21.      Notice of this Motion has been provided to parties in interest in accordance with the Third Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated April 29, 2010 (ECF No. 5670).  In addition, the Debtors will provide notice of this Motion to all holders of Asbestos Personal Injury Claims who have filed proofs of claim in these chapter 11 cases at the addresses set forth in such proofs of claim.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

22.      No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      November 15, 2010

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY**, *et al.*,            :          **09-50026 (REG)**
         **f/k/a General Motors Corp.**, *et al.*    :
                                                    :
                              **Debtors.**           :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 502(c) AUTHORIZING ESTIMATION OF DEBTORS' AGGREGATE LIABILITY FOR ASBESTOS PERSONAL INJURY CLAIMS AND ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING

Upon the Motion, dated November 15, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 502(c) of title 11, United States

Code (the "**Bankruptcy Code**"), authorizing the estimation of the Debtors' aggregate liability

with respect to Asbestos Personal Injury Claims and establishing a schedule for an estimation

proceeding before the Court, all as more fully described in the Motion; and due and proper notice

of the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

ORDERED that the Court will holding a hearing to estimate the Debtors'

aggregate liability for Asbestos Personal Injury Claims; and it is further

ORDERED that the following deadlines and procedures shall govern the

estimation proceeding:

(a)     The parties shall each be permitted one asbestos expert;

(b)     All fact discovery demands shall be served no later than December

6, 2010 at 4:00 p.m. (Eastern Time), all responses in connection with any such fact discovery

demands shall be filed no later than December 24, 2010 at 4:00 p.m. (Eastern Time), and all fact

depositions shall be completed by December 31, 2010;

(c)     The parties shall file and serve opening expert reports regarding

the estimated amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims by

no later than January 11, 2011 at 4:00 p.m. (Eastern Time);

(d)     The parties shall file and serve rebuttal reports regarding the

estimated amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims by

January 21, 2011 at 4:00 p.m. (Eastern Time);

(e)     Each party shall make its expert available to be deposed, with any

such depositions to be completed by January 31, 2011;

(f)     Any pre-trial briefs shall be filed by February 8, 2011 at 4:00 p.m.

(Eastern Time);

(g)     The parties shall exchange copies of all exhibits to be offered at the

hearing on the estimation of the Debtors' aggregate liability for Asbestos Personal Injury Claims

and provide copies of any such exhibits to the Court by _____, 2011 at 4:00 p.m.

(Eastern Time);

(h)    The Court will hold a hearing to estimate the Debtors' aggregate

asbestos personal injury liability on _____, 2011 at _:__ [].m. (Eastern Time);

and it is further

ORDERED that the deadlines set forth above, except the date on which the

estimation hearing will commence, may be modified by agreement of the parties or by an order

of the Court upon showing of good cause; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      _____, 2010

_____
United States Bankruptcy Judge