**Hearing Date and Time: December 2, 2010 at 9:45 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: November 24, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Elihu Inselbuch, Esq.
(ei@capdale.com)
Rita C. Tobin, Esq.
(rct@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Trevor W. Swett III
(tws@capdale.com)
Kevin C. Maclay
(kcm@capdale.com)
James P. Wehner
(jpw@capdale.com)
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle
Washington, D.C.  20005
(202) 862-5000

*Attorneys for the Official Committee of*
*Unsecured Creditors Holding Asbestos-Related Claims*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                )
In re                                                           )    Chapter 11
                                                                )
MOTORS LIQUIDATION COMPANY, *et al.*,                           )
f/k/a GENERAL MOTORS CORP., *et al.*,                           )
                                                                )    Case No. 09-50026 (REG)
                                                                )
                    Debtors.                                    )    Jointly Administered
----------------------------------------------------------------X

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS HOLDING ASBESTOS-RELATED CLAIMS
FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING
THE TAKING OF DOCUMENT DISCOVERY AND DEPOSITION TESTIMONY
FROM THE DEBTORS, FROM GENERAL MOTORS, LLC, ITS
SUBSIDIARIES AND AFFILIATED COMPANIES, AND FROM CERTAIN
NONBANKRUPT ASBESTOS DEFENDANTS**

TO:    THE HONORABLE ROBERT E. GERBER
           UNITED STATES BANKRUPTCY COURT

DOC# 362569

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims ("**ACC**") hereby moves the court for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the ACC to commence discovery for purposes of estimating the value of the Debtors' aggregate liability for pending and future claims for asbestos-related personal injury and wrongful death. In support of this application **("Application"**), the ACC respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Motors Liquidation Company and certain of its affiliates (the "**Debtors**") have filed a Chapter 11 plan that will provide for a trust to be established for processing, liquidating, and paying present and future claims for asbestos-related personal injury and wrongful death ("**Asbestos Claims**"). They have acknowledged that such a plan will require estimation of their aggregate liability for Asbestos Claims.

2. A reliable estimate of the Debtors' liability for Asbestos Claims will require analysis and explication in the context of other documentary evidence and testimony that will shed light on the trends and patterns that shaped the Debtors' historical claims experience and thus make possible a reasonable forecast of the number, timing, and value of future claims expected to be asserted over the next several decades.

3. The parties agreed in the first instance to attempt to achieve an asbestos liability estimate in this case through a consensual process based on informal discovery and preliminary analysis by their respective experts. In pursuit of that approach, on or about August 5, 2010 the ACC, the Legal Representative for Future Asbestos Claimants ("**FCR**"), the Debtors and New GM entered into an Agreement Regarding Rule 2004 Applications ("**Rule 2004**

**Agreement**") (copy attached as **Exhibit A**) addressing, *inter alia*, the ACC's previous Rule 2004 motion filed on July 20, 2010 [Docket No. 6382].

4.  Pursuant to the Rule 2004 Agreement, some information sought by the ACC was provided and the ACC's Rule 2004 motion was withdrawn, subject to a reservation of rights to refile and seek additional discovery should the consensual approach fail. *See* Rule 2004 Agreement at ¶ 5.

5.  Efforts to agree upon the asbestos liability estimate have failed. The Creditors' Committee is vigorously pursuing estimation-related discovery in anticipation of a contested estimation. Accordingly, the ACC is exercising the right, reserved in the Rule 2004 Agreement, to renew its previous Rule 2004 motion and seek certain additional discovery in light of developments in the case.

## FACTS

6.  On June 1, 2009 (the "**Petition Date**"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7.  On June 1, 2009, the Court entered an order directing the joint administration of the Debtors' Chapter 11 cases. The Debtors' cases are consolidated for procedural purposes only.

8.  On March 2, 2010, the United States Trustee appointed the ACC.

9.  On April 8, 2010, the Court entered its order appointing the FCR.

10. On August 24, 2010, the Court entered its Order authorizing the Creditors' Committee to obtain certain discovery, subject to certain objections, from certain asbestos personal injury trusts and their respective claims processing facilities ("**UCC Rule 2004**

**Order**") and a Confidentiality Agreement and Protective Order ("**Confidentiality Order**") [Docket No. 6749].

11. On October 22, 2010, the Court entered its Order concerning the ACC's request for an anonymity protocol ("**Anonymity Protocol**") [Docket No. 7526].

## PREDICATES FOR RELIEF

12. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The legal predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

### I. Discovery of The Debtors and New GM

13. By this Application, the ACC seeks an order authorizing it to elicit document discovery and deposition testimony from the Debtors and from New GM.

14. Bankruptcy Rule 2004 provides, in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the doctor's right to a discharge * * *  [I]n a case under chapter 11 of the Code, . . . the examination may also relate to  * * * any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of any entity for examination and the production of documentary evidence may be compelled in the

4

> manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

15. The ACC is a "party in interest" entitled to conduct examinations and to request documents under Rule 2004. *See* 11 U.S.C. § 1103 (providing that a statutory committee may "investigate the * * * liabilities * * * of the debtor").

16. Estimation of the Debtors' aggregate liability for Asbestos Claims is an essential step in formulating a plan of liquidation that provides for the funding of a trust to process, liquidate, and pay Asbestos Claims.

> [A]n estimation of asbestos liability for the limited purposes of plan formulation is a fruitful endeavor because it promotes the speed and efficiency goals of the Bankruptcy Code, while not implicating the procedural rights of individual claimants.

*In re Federal-Mogul Global, Inc.*, 330 B.R. 133, 154-55 (D. Del. 2005). *See id*. at 155 (noting that the inquiry focused on the debtor's "historical claims-handling practices, and expert testimony on trends and developments in the asbestos tort system") (citing *Owens Corning v. Credit Suisse (In re Owens Corning)*, 322 B.R. 719 (D. Del. 2005)).

17. Here, the ACC wishes to examine the Debtors and New GM and to obtain production of their documents relevant to estimation of the Debtors' liability for Asbestos Claims. Such an inquiry is clearly authorized by Rule 2004 and appropriate in the circumstances of these bankruptcy cases.

18. Pursuant to Rule 2004(c), the ACC proposes to serve Debtors with a set of document requests substantially in the form of **Exhibit B**. The ACC also intends to serve a substantially similar set of document requests upon New GM by means of a subpoena *duces tecum* or other appropriate procedural means. Upon information and belief, New GM has

5

custody of the responsive documents concerning the Debtors' asbestos claims history and employs the personnel whose testimony will be needed to explain and elaborate upon such documents and history.

19. The ACC also requests authority pursuant to Bankruptcy Rule 2004(c) to issue subpoenas *ad testificandum* to the Debtors and New GM. These subpoenas will require these companies to designate, respectively, individuals to testify on their behalf regarding specified subject matters, including those set forth in **Exhibit C** to this Application.

## II.  Discovery of Certain General Motors Co-Defendants

20. The Creditors' Committee has sought and this Court has permitted, discovery of electronic claims information concerning claims made by as many as 7500 individuals against seven asbestos personal injury trusts. These trusts are successors in liability to reorganized companies who made and distributed asbestos-containing products in industries other than the automotive industry. The Creditors' Committee represented that the information requested was vital to its efforts to prove, among other things, that GM was a "peripheral" defendant that suffered a temporary "spike" in asbestos-related expenditures because of the bankruptcies of those seven "traditional" asbestos defendants. *See* Reply of the Official Committee of Unsecured Creditors of Motors Liquidation Company in Further Support of Its Motion for and Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents by (I) the Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section 524(g) and (II) General Motors LLC and the Debtors, at 4.

21. The ACC strenuously opposed the Creditors' Committee's discovery requests. It continues to believe that the UCC's discovery is misplaced. More properly, the task of

estimating the Debtors' aggregate liability for pending and future asbestos claims calls for discovery focused on their own products and activities involving asbestos and their own experience in receiving and resolving claims for asbestos-related diseases, all as affected by the economic and legal forces affecting its approach to the claims and that of other relevant actors. The UCC, however, is pressing its third-party discovery, and the Court has allowed it to issue subpoenas to the trusts, subject only to its eventual rulings on objections filed on behalf of individuals whose claims are the subject of the information demanded in those subpoenas. Now, therefore, the ACC is compelled to seek discovery designed to challenge the Creditors' Committee's various theories on their own terms.

22.    The issue in estimating Old GM's aggregate liability is what it would cost the Debtors to resolve all pending and future asbestos claims against them in the tort system if there were no bankruptcy. *See, e.g.*, *In re Armstrong World Indus., Inc.*, 348 B.R. 111, 123 (D.Del. 2006). The Creditors' Committee's goal is to produce an unrealistically low estimate of that cost so as to maximize the share of the estates that will be distributed to non-asbestos creditors. It is therefore preparing to present an unrealistically narrow theory. The Creditors' Committee would have the Court believe that the bankruptcy of other defendants is the key to understanding the patterns that emerge from Old GM's claims data for the decade of the 2000s and to forecasting accurately the number and value of claims it would face in the future if it were not being liquidated. In actuality, though, Old GM's claims experience was shaped by a full spectrum of interacting forces and cross-currents in the tort system, some exerting upward pressure on the number and value of claims and others tending in the opposite direction. To refute the Creditors' Committee's simplistic view, the ACC wishes to take third-party

7

discovery of the same kinds of claims data and payment information that their adversary is pursuing, but to do so from asbestos defendants who are still litigating asbestos claims in the tort system.

23. The ACC therefore seeks discovery from the following asbestos defendants ("**Certain Asbestos Defendants**"):

>ArvinMeritor, Inc.
>BorgWarner, Inc.
>Carlisle Cos., Inc.
>Cooper Indus., Inc.
>Crane Co.
>Dana Companies, LLC
>ExxonMobil Corporation
>Ford Motor Company
>Georgia Pacific Corporation
>Goodyear Tire & Rubber Company
>Kelley Moore Paint Co., Inc.
>Pneumo-Abex LLC
>Owens-Illinois, Inc
>Tenneco Inc.
>Union Carbide Corporation
>Volkswagen Group of America, Inc.

These defendants include manufacturers of friction products, as well as other companies whose experience in resolving asbestos claims may be compared and contrasted to that of Old GM.

24. Specifically, the ACC seeks the information these co-defendants maintain in electronic form about (i) the plaintiffs in all asbestos personal injury cases filed against GM prior to the Petition Date in which any plaintiff alleged that he or she suffered from mesothelioma ("**Mesothelioma Claimants**") who have brought asbestos personal injury claims against the co-defendant, (ii) information about the claims of the Mesothelioma Claimants, including claim status, and (iii) the amounts that these co-defendants have paid to settle or

otherwise resolve claims of the Mesothelioma Claimants.[1] This discovery would be subject to the current Confidentiality Order and Anonymity Protocol, with appropriate modifications as needed.

25. Accordingly, the ACC requests authority pursuant to Bankruptcy Rule 2004(c) to issue subpoenas *duces tecum* and *ad testificandum* to Certain GM Asbestos Co-Defendants as set forth in **Exhibit D**. This discovery is calculated to enable the ACC to meet and controvert the theory the Creditors' Committee has espoused for minimizing the estimate of Old GM's asbestos liability and to put their expert's contrived and narrow assumptions in a more "real-world" context.

26. Finally, the Order issued pursuant to the Application should facilitate such preparations for the anticipated contested estimation proceeding by authorizing the ACC to issue, pursuant to Rule 2004, such additional discovery requests upon any person as the ACC may deem appropriate for the purposes of estimating the Debtors' aggregate liability for Asbestos Claims, subject, however, to the right of persons receiving such requests to raise objections and be heard for the resolution of the same. This relief will obviate a series of Rule 2004 applications as the ACC continues its investigation of relevant subjects.

## NOTICE

27. Notice of this Application has been given in accordance with Rules 2004, 9014, and 7004 of the Federal Rules of Bankruptcy Procedure. The ACC respectfully submits that such notice is adequate.

---

[1] This is the same definition of "Mesothelioma Claimants" used by the Creditors' Committee in their Rule 2004 request and subpoena to the asbestos personal injury trusts and claim facilities. It encompasses approximately 7,400 claimants.

9

## RESERVATION OF RIGHTS

28. The ACC expressly reserves the right to seek such further discovery from the Debtors, New GM, and other entities as may be appropriate for the purposes of estimating Asbestos Claims or for other aspects of these bankruptcy cases or related proceedings.[2]

## REQUEST FOR RELIEF

WHEREFORE, the ACC respectfully requests entry of an order, pursuant to Bankruptcy Rule 2004:

(a)    granting the relief requested in this Application;

(b)    authorizing the ACC to serve, and directing the Debtors and New GM to respond to, document requests along the lines set forth in **Exhibit B** to this Application;

(c)    authorizing the ACC to serve, and directing the Debtors and New GM to respond to, subpoenas directing them, respectively, to designate individuals to testify on their behalf with respect to subject matters along the lines of those set out in **Exhibit C**;

(d)    authorizing the ACC to serve, and directing Certain Asbestos Defendants to respond to, subpoenas directing them, respectively, to produce documents and designate individuals to testify on their behalf with respect to subject matters along the lines of those set out in **Exhibit D**;

(e)    authorizing the ACC to serve in due course, pursuant to Bankruptcy Rule 2004, without further Order of the Court, such additional discovery requests upon any person as the ACC may appropriate for the purposes of estimating the Debtors' aggregate liability for

---

[2] The draft discovery requests attached hereto as Exhibits B, C, and D are intended as exemplars. They are subject to modification and are not intended to preclude such other discovery as may be appropriate for the purposes of claims estimation or other aspects of these bankruptcy cases or related proceedings. The ACC expressly reserves all of its rights with respect to the scope and processes of discovery.

Asbestos Claims, subject however, to the right of persons receiving such requests to raise objections and be heard for resolution of the same; and

  (f)  granting the ACC such other and further relief as the Court deems just and proper.

Dated: New York, New York
   November 15, 2010

              CAPLIN & DRYSDALE, CHARTERED

              By: /s/ Trevor W. Swett III
              Trevor W. Swett III
              (tws@capdale.com)
              Kevin C. Maclay
              (kcm@capdale.com)
              James P. Wehner
              (jpm@capdale.com)
              One Thomas Circle, N.W.
              Suite 1100
              Washington, D.C.  20005
              Telephone:  (202) 862-5000
              Facsimile:  (202) 429-3301

              Elihu Inselbuch
              (ei@capdale.com)
              Rita C. Tobin
              (rct@capdale.com)
              375 Park Avenue, 35th Floor
              New York, NY  10152-3500
              Telephone:  (212) 319-7125
              Facsimile:  (212) 644-6755

              *Attorneys for the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*