# EXHIBIT A

## AGREEMENT REGARDING RULE 2004 APPLICATIONS

This agreement (this "**Agreement**") sets forth an understanding among General Motors LLC ("**GM**"), Motors Liquidation Company f/k/a General Motors Corporation ("**MLC**"), the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims Claimants (the "**ACC**") and the Legal Representative for Future Asbestos Claimants (the "**FCR**") resolving the Rule 2004 Applications (defined below).

**WHEREAS** the ACC and the FCR each filed an application pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, seeking authority to issue certain subpoenas to GM and to MLC for the purposes of estimating the liability of MLC's estate for present and future claims for asbestos-related personal injuries and wrongful death ("**Claims Estimation**");

**WHEREAS** GM and MLC informed the ACC and the FCR that they intended to object to those Rule 2004 Applications (as defined below);

**WHEREAS** the Rule 2004 Applications have been set down for hearing on August 9, 2010;

**WHEREAS** GM, MLC, the ACC, and the FCR have engaged in discussions aimed at resolving the Rule 2004 Applications on a basis that would promote the possibility that Claims Estimation may ultimately be accomplished on a consensual, negotiated basis, rather than by means of a contested proceeding; and

**WHEREAS**, subject to the terms and conditions of this Agreement, GM and MLC are amenable to providing the information as set forth below, and the ACC and the FCR are willing to accept such information, in order avoid litigation of the Rule 2004 Applications, to enable the retained experts to prepare preliminary analyses of Claims Estimation in an efficient and expeditious manner, and thereby to promote negotiations on the subject of Claims Estimation,

**NOW, THEREFORE,** GM, MLC, the ACC and the FCR agree as follows:

1. <u>Withdrawal of 2004 Applications</u>. In consideration of GM's and MLC's agreement to provide certain documents and information to the ACC and FCR as soon as practicable and in no event later than the dates specified in this Agreement, as set forth in section 2 below, upon execution of this Agreement, the ACC and FCR will withdraw, as applicable:

   a. the ACC's Application for an Order Pursuant to Rule 2004 Authorizing the Taking of Document Discovery and Deposition Testimony from the Debtors and from General Motors LLC, its subsidiaries and Affiliated Companies (the "**ACC 2004 Application**") [Docket No. 6383]; and

   b. the FCR's Application for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Authorizing and Directing (A) the Production of Documents and (B) the Oral Examination of Individuals Designated by the Debtors and New GM Believed to Have Knowledge of Relevant Matters (the

"FCR 2004 Application" [Docket No. 6379] and together with the ACC 2004 Application, collectively, the "**Rule 2004 Applications**").

2. <u>Document and Information Requests</u>. GM's and MLC's respective rights to object to the production of any documents or information on the basis of attorney-client privilege, attorney work product doctrine, or that the information or documents requested are proprietary, and the rights of the ACC and FCR to challenge any such objection, are expressly preserved; however, all parties will work to attempt to resolve any such issues, if possible. Subject to the foregoing, GM and MLC, as applicable, will provide documents and information responsive to the following discovery requests as set forth below:

    REQUEST 1:    With respect to the claims database from which data regarding Asbestos Claims[1] has been provided, please supplement by providing (i) a list of the variables the database was designed to capture with respect to Asbestos Claims, and (ii) the definitions of code words and abbreviations used in the database in connection with Asbestos Claims.

    **RESPONSE 1:**    GM will provide responsive documents/data on or before August 16, 2010.

    REQUEST 2:    With respect to prepetition engagements of Hamilton, Rabinowitz & Associates Inc. ("HRA") by any GM Entity[2], please supplement your production of reports dated January 14, 2009, June 27, 2008, and December 18, 2007, by providing (i) the engagement letters, (ii) any claims database or electronic data compilation regarding Asbestos Claims that was provided to HRA, and (iii) documents sufficient to reveal any other information and assumptions that were provided to HRA for purposes of their analyses or reports.

    **RESPONSE 2:**    GM will provide these documents to the extent they are in GM's possession on or before August 16, 2010, and MLC consents to such production. MLC will provide these documents to the extent they are in MLC's possession on or before August 16, 2010, and GM consents to such production; however, any references in such documents to compensation information will be redacted. If the relevant documents are not in GM's or MLC's possession, MLC will authorize and direct HRA to provide such documents on or

---

[1] As used herein, the term "Asbestos Claims" means: any lawsuit, civil action, demand letter, notice of claim, proof of claim or any other similar assertion brought by an individual (or an individual's personal representative) against any Debtor alleging bodily injuries or wrongful death allegedly caused by exposure to Asbestos or Asbestos-Containing Products. "Asbestos Claim" includes any claim or demand ever asserted against any Debtor regardless of how such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

[2] As used herein, the term "GM Entity" means: MLC and any subsidiary, affiliate, or predecessor thereof.

2

before August 16, 2010, and GM consents to their production by HRA.

**REQUEST 3:** With respect to the prepetition engagement(s) of Bates White LLC or Dr. Charles E. Bates (collectively, "Bates White") by any GM Entity, please provide (i) the engagement letters, (ii) any claims database or electronic data compilation regarding Asbestos Claims that was provided to Bates White, (iii) documents sufficient to reveal any other information and assumptions that were provided to Bates White for purposes of their analyses or reports, and (iv) any forecast, projection, valuation, report or analysis that Bates White provided to any GM Entity with respect to the past, present, or future liability of any GM Entity for Asbestos Claims.

**RESPONSE 3:** GM will provide these documents to the extent they are in GM's possession on or before August 16, 2010, and MLC consents to such production. MLC will provide these documents to the extent they are in MLC's possession on or before August 16, 2010, and GM consents to such production; however, any references in such documents to compensation information will be redacted. If the relevant documents are not in GM's or MLC's possession, MLC will authorize and direct Bates White to provide such documents on or before August 16, 2010, and GM consents to their production by Bates White.

**REQUEST 4:** Please provide documents setting forth general policies or criteria that MLC used to guide its decision making process with respect to settling Asbestos Claims or determining the settlement values of such claims.

**RESPONSE 4:** GM does not believe it is in possession of any responsive documents; however, GM will conduct a diligent search, and, if it locates any responsive documents, will provide such documents on or before August 16, 2010.

**REQUEST 5:** Please provide data identifying settlements of Asbestos Claimants made by any GM Entity that involved multiple claimants and identifying the claimants involved in each such group settlement during the period from 2000 through May 2009. If such data is not available, please provide the settlement agreements applicable to those claimants. *[handwritten: Some provided]*

**RESPONSE 5:** GM will provide responsive documents/data on or before August 23, 2010.

**REQUEST 6:** Please provide data identifying settlements of Asbestos Claims to which Ford or Chrysler was a party along with a GM Entity during

3

|              | the period from 2000 through May 2009, and identifying the claimants involved in each such settlement. If such data is not available, please provide settlement agreements typical of those used during the period from 2000 through May 2009 for resolving Asbestos Claims where Ford or Chrysler participated in the settlement along with a GM Entity. |

**RESPONSE 6:** GM will provide responsive documents/data on or before August 23, 2010; however, any references by name in such documents to any non-GM defending parties will be redacted.

REQUEST 7: Please provide documents discussing trends or anticipated trends with respect to the filing, resolution, or value of Asbestos Claims for mesothelioma.

**RESPONSE 7:** GM does not believe it is in possession of any responsive documents; however, GM will conduct a diligent search, and, if it locates any responsive documents, it will provide such documents on or before August 23, 2010.

REQUEST 8: Please confirm that the claims data already provided include all known Asbestos Claims against subsidiaries (domestic or foreign) of MLC ("Subsidiary Claims"), and explain how the particular GM Entities receiving a given claim can be identified. If that data does not include all known Subsidiary Claims please explain the limitations of the database with respect to such subsidiaries and explain what other data resources, if any, exist with respect to Subsidiary Claims.

**RESPONSE 8:** Such information has been provided by MLC to the ACC and the FCR in the same form as was provided to MLC by GM. GM will provide its reasonable cooperation in explaining how the ACC and FCR can interpret the data in response to their inquiry, to the extent possible.

REQUEST 9: The FCR's consultants' methodology requires date of first exposure and duration of exposure, in addition to primary occupation. Even if GM's primary database has not captured that data, they are customarily captured by defense firms or internal corporate management for insurance coverage purposes and claims processing, and should exist somewhere in the company. The data would also be reflected in the complaints filed in the individual suits. Accordingly, the FCR requests that these data be provided.

**RESPONSE 9:** GM will provide (i) exposure evidence as to all claimants that has been captured electronically (which is limited to first dates of exposure as this is the only exposure evidence electronically

4

collected by GM) by August 16, 2010, (ii) the sample of 650 asbestos cases being provided to the Creditors' Committee, including complaints, case-specific interrogatory responses served by the plaintiffs in such cases, and transcripts of the depositions of the plaintiffs in such cases, substantially contemporaneous with the provision of such documents to the Creditors' Committee, and (iii) an additional sampling of up to 650 asbestos cases, including complaints, case-specific interrogatory responses served by the plaintiffs in such cases, and transcripts of the depositions of the plaintiffs in such cases, based upon sampling criteria to be provided by the FCR's consultants (the "Additional Sampling"). The complaints related to the Additional Sampling will be provided by GM to the ACC and FCR within 5 business days of the FCR providing GM with the applicable GM case numbers for the complaints included within the Additional Sampling. The case-specific plaintiffs' interrogatory responses and transcripts of plaintiffs' depositions will be provided by GM to the ACC and FCR, on a reasonable rolling basis as such documents are provided to GM, within such period of time as is reasonably required by GM to gather such documents from its outside counsel. MLC will reimburse GM for all of its out-of-pocket costs and expenses incurred in connection with the Additional Sampling, including, but not limited to, GM's outside counsel fees.

3. Interview.

   a. The ACC and FCR have requested that GM make available for interview a manager knowledgeable about the design and functionality of databases containing information about Asbestos Claims against GM Entities.

   b. GM will make available for interview a person knowledgeable about (a) how GM determined what portion of data would be transferred from its database to MLC; (b) how GM affected such transfer of information; (c) how GM ensured the integrity of the transferred data was maintained; and (d) whether any information in the database relating to Asbestos Claims was not transferred to MLC, and similar items.

   c. Any interview conducted under this Section 3 will take place at the offices of GM's counsel, Honigman Miller Schwartz and Cohn LLP, and will be conducted during the period commencing August 23, 2010 through September 8, 2010, at times agreeable to all of the parties to this Agreement. The interview will be limited to 90 minutes. Except as otherwise ordered by the Court or agreed by the parties to this Agreement, attendance at the interviews will be limited to: (i) GM's designated interviewee, (ii) GM's counsel, (iii) MLC's counsel, (iv) MLC's asbestos claims estimation expert, (v) the ACC's members and counsel, (vi) the ACC's asbestos claims estimation expert, (vii) the FCR and his counsel, (viii) the

5

    FCR's asbestos claims estimation expert, (ix) the Creditors' Committee's counsel, and (x) the Creditors' Committee's asbestos claims estimation expert.

4. <u>Confidentiality</u>.

  a. All documents produced pursuant to this Agreement and any information or testimony provided in connection with the interviews to be conducted pursuant to this Agreement will be subject to a confidentiality agreement to be executed by all of the parties to this Agreement. Such confidentiality agreement will limit the dissemination of documents and information to the parties listed in section 3.c. above, and will limit the use of such documents and information to the process of estimating MLC's liability for asbestos-related claims; provided, however, that, consistently with reasonably protecting the confidentiality of documents and information provided under this Agreement, the parties will cooperate in providing procedures (for example, redaction, filing under seal, or the like) for the use of, and reference to, such documents and information in expert reports and opinions, other papers filed with the Bankruptcy Court or any reviewing court, and otherwise in proceedings before any such court.

  b. The terms and conditions of this Agreement are confidential and not intended for dissemination beyond the parties to this Agreement, except to the extent that the other parties to this agreement consent in writing or the disclosure is otherwise required (via subpoena or court order) in connection with any legal, regulatory, governmental or administrative process or proceeding to which such party is subject; provided, however, that the resolution of the Rule 2004 Applications by agreement shall be reported to the Bankruptcy Court on the record.

5. <u>Reservation of Rights</u>. In the event a motion for estimation of asbestos-related claims is filed, the parties to this Agreement reserve the right to initiate additional discovery and the parties to this Agreement agree that all such discovery, and all objections thereto, will be subject to the Federal Rules of Civil Procedure, as adopted by the Federal Rules of Bankruptcy Procedure.

6. <u>General Terms</u>.

  a. This Agreement constitutes the entire understanding of the parties in connection with the subject matter of this Agreement and supersedes all prior proposals, negotiations, representations, understandings, commitments, and agreements, whether oral or written, with regard to the subject matter and provisions of this Agreement.

  b. This Agreement may not be modified, altered, or amended except by an agreement in writing signed by all parties.

  c. Each of the representatives executing this Agreement on behalf of the parties represents and warrants that he or she possesses the corporate power and authority to execute this Agreement on behalf of the respective parties and that this Agreement has been duly authorized by the parties.

d.  The parties agree that this Agreement is intended to benefit solely the parties to this Agreement and is not intended for the benefit of any third parties.

e.  This Agreement may be executed in any number of duplicate originals or counterparts, and each duplicate original or counterpart will be deemed an original and taken together will be one and the same instrument. The parties agree that their respective signatures may be electronically delivered, and that such electronic transmissions will be treated as originals for all purposes.

Dated: August __, 2010

    MOTORS LIQUIDATION COMPANY
    (f/k/a GENERAL MOTORS CORPORATION)

By: _____

Name:
WEIL, GOTSHAL & MANGES LLP

Dated: August __, 2010

    GENERAL MOTORS, LLC
    (f/k/a NGMCO, LLC)

By: _____

Name:
HONIGMAN MILLER SCHWARTZ AND COHN LLP

Dated: August __, 2010

    OFFICIAL COMMITTEE OF UNSEUCRED CREDITORS
    HOLDING ASBESTOS-RELATED CLAIMS

By: _____

Name:
CAPLIN & DRYSDALE, CHARTERED

Dated: August __, 2010

    LEGAL REPRESENTATIVE FOR FUTURE ASBETSOS
    PERSONAL INJURY CLAIMANTS

By: _____

Name:
STUZMAN, BROMBERG, ESSERMAN & PLIFKA

DETROIT.4295930.8

d.  The parties agree that this Agreement is intended to benefit solely the parties to this Agreement and is not intended for the benefit of any third parties.

e.  This Agreement may be executed in any number of duplicate originals or counterparts, and each duplicate original or counterpart will be deemed an original and taken together will be one and the same instrument. The parties agree that their respective signatures may be electronically delivered, and that such electronic transmissions will be treated as originals for all purposes.

Dated: August 5, 2010

MOTORS LIQUIDATION COMPANY
(f/k/a GENERAL MOTORS CORPORATION)

By: _____

Name: Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP

Dated: August ___, 2010

GENERAL MOTORS, LLC
(f/k/a NGMCO, LLC)

By: _____

Name:
HONIGMAN MILLER SCHWARTZ AND COHN LLP

Dated: August ___, 2010

OFFICIAL COMMITTEE OF UNSEUCRED CREDITORS
HOLDING ASBESTOS-RELATED CLAIMS

By: _____

Name:
CAPLIN & DRYSDALE, CHARTERED

Dated: August ___, 2010

LEGAL REPRESENTATIVE FOR FUTURE ASBETSOS
PERSONAL INJURY CLAIMANTS

By: _____

Name:
STUZMAN, BROMBERG, ESSERMAN & PLIFKA

DETROIT.4295930.8

d. The parties agree that this Agreement is intended to benefit solely the parties to this Agreement and is not intended for the benefit of any third parties.

e. This Agreement may be executed in any number of duplicate originals or counterparts, and each duplicate original or counterpart will be deemed an original and taken together will be one and the same instrument. The parties agree that their respective signatures may be electronically delivered, and that such electronic transmissions will be treated as originals for all purposes.

Dated: August __, 2010

MOTORS LIQUIDATION COMPANY
(f/k/a GENERAL MOTORS CORPORATION)

By: _____

Name:
WEIL, GOTSHAL & MANGES LLP

Dated: August __, 2010

GENERAL MOTORS, LLC
(f/k/a NGMCO, LLC)

By: _____

Name:
HONIGMAN MILLER SCHWARTZ AND COHN LLP

Dated: August 5, 2010

OFFICIAL COMMITTEE OF UNSEUCRED CREDITORS
HOLDING ASBESTOS-RELATED CLAIMS

By: /s/ Trevor W. Swett

Name: TREVOR W. SWETT
CAPLIN & DRYSDALE, CHARTERED

Dated: August __, 2010

LEGAL REPRESENTATIVE FOR FUTURE ASBETSOS
PERSONAL INJURY CLAIMANTS

By: _____

Name:
STUZMAN, BROMBERG, ESSERMAN & PLIFKA

DETROIT.4295930.8

d. The parties agree that this Agreement is intended to benefit solely the parties to this Agreement and is not intended for the benefit of any third parties.

e. This Agreement may be executed in any number of duplicate originals or counterparts, and each duplicate original or counterpart will be deemed an original and taken together will be one and the same instrument. The parties agree that their respective signatures may be electronically delivered, and that such electronic transmissions will be treated as originals for all purposes.

Dated: August __, 2010

MOTORS LIQUIDATION COMPANY
(f/k/a GENERAL MOTORS CORPORATION)

By: _____

Name:
WEIL, GOTSHAL & MANGES LLP

Dated: August _6_, 2010

GENERAL MOTORS, LLC
(f/k/a NGMCO, LLC)

By: _Robert B Weiss - w/consent_

Name: Robert B. Weiss
HONIGMAN MILLER SCHWARTZ AND COHN LLP

Dated: August __, 2010

OFFICIAL COMMITTEE OF UNSEUCRED CREDITORS
HOLDING ASBESTOS-RELATED CLAIMS

By: _____

Name:
CAPLIN & DRYSDALE, CHARTERED

Dated: August __, 2010

LEGAL REPRESENTATIVE FOR FUTURE ASBETSOS
PERSONAL INJURY CLAIMANTS

By: _____

Name:
STUZMAN, BROMBERG, ESSERMAN & PLIFKA

DETROIT.4295930.8