# EXHIBIT B

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
GENERAL MOTORS CORP., *et al.*            :   09-50026 (REG)
                                          :
                     Debtors.             :   (Jointly Administered)
                                          :
-----------------------------------------------------------------X

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTORS BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims ("**ACC**") hereby requests that Motors Liquidation Company, for itself and all other debtors in the above-captioned jointly administered bankruptcy cases, produce the documents described in the Document Requests below for inspection and copying at the offices of Caplin & Drysdale, Chartered, 375 Park Avenue, 35th Floor, New York, NY 10152, within 30 days of the date of service of these Requests or at such other time and place as may be ordered by the Court or agreed to by counsel.

### DEFINITIONS AND INSTRUCTIONS

1. These Requests hereby incorporate by reference the standard definitions provided by Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the

#362596

Southern District of New York and Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York.

2. These Requests shall be continuing and if, at any time after the date on which you respond to these Requests, you discover, obtain, or otherwise come into possession of additional information or documents responsive to these Requests, you must promptly supplement your response hereto by producing such information or documents.

3. **"Document"** is defined as broadly as permitted under Rule 34 of the Federal Rules of Civil Procedure, and includes all materials and things, in whatever form recorded or maintained, subject to production under that rule. These Requests specifically require the production of all non-identical copies of Documents, including drafts and copies upon which notations or additional writings have been made.

4. Each Request set forth herein refers to all Documents and property in Debtors' custody, control, and possession, as well as Documents and property in the custody, control and possession of Debtors' counsel, representatives, agents, servants, employees, investigators or consultants and, unless otherwise privileged, their counsel, representatives, agents, servants, employees, investigators or consultants. A Document is in Debtors' **"possession, custody and control"** if Debtors have the legal right to obtain the Document, regardless of its source or present location.

5. With respect to any of the Documents or property requested, should any such Document or property be presently unavailable and/or if any such Document is not presently in Debtors' possession, please identify each Document including: (a) the type or character of the Document (e.g., letter, memorandum, a signed statement, etc.); (b) the title, if any, of the

Document; (c) the name and address of the addressee of the Document; (d) the names and addresses of all recipients of copies of the Document; (e) all information contained in each such Document; (f) the date and circumstances under which each such Document ceased to be in your possession; (g) the time period during which each such Document was maintained; (h) the locations of each such Document; and (i) the person or persons from which each such Document may be obtained, including his or her name, present or last known business and home address and business and home telephone numbers.

6. "**Or**" is used in the all inclusive sense. If, for example, a request calls for any Documents which indicate x or y, any Documents which indicate both x and y should be produced, as well as any Documents that indicate either x or y. "**Any**" is also used in the inclusive sense; that is "**any**" means "**any and all**".

7. "**You**" and "**your**" refer to Debtors as defined below.

8. As used herein, "**Debtors**" and "**any Debtor**" refer individually and collectively to Motors Liquidation Company and all of its subsidiaries, affiliates, divisions, and predecessors (including but not limited to the company formerly known as General Motors Corporation), its and their present and former officers, representatives, employees, agents, servants, counsel, investigators, consultants, and all other persons acting on its or their behalf.

9. As used herein, "**New GM**" refers individually and collectively to General Motors, LLC and all of its subsidiaries, affiliates, and divisions, its and their present and former officers, representatives, employees, agents, servants, counsel, investigators, consultants, and all other persons acting on its or their behalf.

- 3 -

10. As used herein, the present tense shall include the past tense and the past tense shall include the present tense.

11. As used herein, the singular shall include the plural and the plural shall include the singular.

12. "**Asbestos**" as used herein shall include all Asbestos or asbestiform minerals of either the amphibole or serpentine group, and shall include chrysotile, amosite, crocidolite, tremolite, anthophyllite and actinolite.

13. "**Asbestos-Containing Product**" is an inclusive term and includes, but is not limited to, Asbestos in any form or variety and any compound, material, manufactured or fabricated thing or equipment containing Asbestos in any form or variety. "**Asbestos-Containing Product**" is specifically not limited with respect to product type or form, such as thermal insulation, refractories, mastics, raw Asbestos, etc. and shall include all product types and forms.

14. An "**Asbestos Claim**" means any lawsuit, workers' compensation claim, civil action, demand letter, notice of claim, proof of claim or any other similar assertion brought by an individual (or an individual's personal representative) against any Debtor alleging bodily injuries or wrongful death allegedly caused by exposure to Asbestos or Asbestos-Containing Products. "**Asbestos Claim**" includes any claim or demand ever asserted against any Debtor regardless of how such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit by the claimant.

15. "**GM Entity**" means Old GM (as defined below) and any subsidiary, affiliate, or predecessor thereof wherever located, specifically including any subsidiary, affiliate, or predecessor located, domiciled or doing business outside the United States.

- 4 -

16. **"Old GM"** means the entity formerly known as General Motors Corporation and now known as Motors Liquidation Company, the lead Debtor in the above-captioned bankruptcy case.

### DOCUMENT REQUESTS

Debtors are requested to produce for inspection and copying the following Documents:

1. All databases or other data compilations concerning past, pending, or future Asbestos Claims against any GM Entity. This request seeks databases or other data compilations that accumulate or summarize, on an aggregate basis or on a claim-by-claim basis, information regarding Asbestos Claims against any GM Entity, and information about resolved or unresolved Asbestos Claims that have been asserted against any GM Entity, such as the names of the claimants, their social security numbers (or the last four digits of such numbers), the filing dates for the claims, the nature and dates of the claimants' alleged exposure to asbestos, the respective jurisdictions in which the claims were filed, the nature of the asbestos-related diseases or conditions asserted, the present status of the claims, the dates of any claim resolutions, the manner in which any such resolution was achieved (*e.g.*, by trial, settlement, or dismissal of the claim), the amount of any related judgments entered in favor of the claimant, defense costs, and the dollar amounts paid to resolve the claims.

2. All instructions, specifications, or other documentation concerning any database responsive to Request No. 1.

3. Any software necessary to use any database responsive to Request No. 1.

4. Any data, forecast, projection, report or analysis that Old GM relied on in computing its recorded liabilities or reserves for asbestos-related matters.

5. Documents sufficient to show the calculation of recorded liabilities or reserves for Asbestos Claims or related defense costs of any GM Entity.

6. Any data, forecast, projection, valuation, report or analysis concerning the number or value of Asbestos Claims filed against, to be filed against, resolved, or to be resolved by any GM Entity, including pending claims and claims projected or anticipated to be asserted at any future time.

7. With respect to any prepetition engagement of Hamilton Rabinovitz & Associates Inc. or Dr. Francine Rabinovitz (collectively, "**Hamilton Rabinovitz**") by any GM Entity:

    a. any document setting forth the terms of Hamilton Rabinovitz's engagement;

    b. any forecast, projection, valuation, report or analysis made by Hamilton Rabinovitz pursuant to such engagement with respect to the past, present, or future liability of any GM Entity for Asbestos Claims; and

    c. all documents, data, assumptions, or other information provided to Hamilton Rabinovitz.

8. With respect to any prepetition engagement of Bates White LLC or Dr. Charles E. Bates (collectively, "**Bates White**") by any GM Entity:

    a. any document setting forth the terms of Bates White's engagement;

        b.    any forecast, projection, valuation, report or analysis made by Bates White pursuant to such engagement with respect to the past, present, or future liability of any GM Entity for Asbestos Claims; and

        c.    all documents, data, assumptions, or other information provided to Bates White.

9.    With respect to any prepetition engagement by any GM Entity of any expert other than Hamilton Rabinovitz or Bates White for the forecasting, projection, valuation, or analysis of Asbestos Claims or aggregate liability for Asbestos Claims:

        a.    any document setting forth the terms of the expert's engagement;

        b.    any forecast, projection, valuation, report or analysis made by the expert pursuant to such engagement with respect to the past, present, or future liability of any GM Entity for Asbestos Claims; and

        c.    all documents, data, assumptions, or other information provided to the expert for use or reference in its prepetition engagement.

10.    All documents concerning economic, financial or budgetary aspects of the management, defense, settlement, or resolution of Asbestos Claims by any GM Entity.

11.    All documents concerning strategies or processes used by any GM Entity for the management, defense, settlement, or resolution of Asbestos Claims.

12.    All documents concerning the management, defense, or resolution of Asbestos Claims jointly with Ford Motor Company or its subsidiaries, or Chrysler Group, LLC, its predecessors in interest and subsidiaries.

13. All documents concerning changes or trends in the filing, management, valuation, defense settlement, or resolution of Asbestos Claims against any GM Entity.

14. All documents concerning any GM Entity's experience with asbestos personal injury litigation including, but not limited to (a) the supervision and conduct of any GM Entity's asbestos litigation defense; (b) the litigation and settlement strategies and experience of any GM Entity or those of any other Entity; (c) defenses raised or considered by any GM Entity to defend itself in Asbestos personal injury litigation; (d) settlements and judgments paid by any GM Entity in connection with Asbestos personal injury litigation; and (e) Asbestos Claims that were disposed of without payment by any GM Entity.

15. Documents sufficient to identify each lead trial counsel who defended any GM Entity in a jury trial of an Asbestos Claim after January 1, 2000.

16. Documents sufficient to identify any verdict rendered during the period January 1, 2000, through May 31, 2009, in the trial of an Asbestos Claim for which a GM Entity was a remaining defendant when the verdict was rendered, including the court and jurisdiction in which the matter was tried, the name and social security number (or last four digits thereof) of each plaintiff, the identity of plaintiff's counsel, the identity of lead trial counsel for the GM Entity, the disease alleged by the plaintiff, whether a verdict was returned in favor of the plaintiff against the GM Entity, the amount of the verdict as to all defendants, the amount of the verdict allocated to the GM Entity, and the amount of any post-verdict settlement or judgment paid by the GM Entity (or bonded if the case was appealed).

17. Documents sufficient to identify any lawyer, risk manager, claims adjuster, or other representative or employee who represented any GM Entity in the settlement or

- 8 -

resolution of a group of 500 or more Asbestos Claims entered into between January 1, 2000 and May 31, 2009.

18. Documents sufficient to identify all lawyers, risk manager, claims adjusters, or other representatives or employees of any GM Entity who had substantial responsibility for the management of Asbestos Claim matters at any time between January 1, 2000, and May 31, 2009.

19. Documents sufficient to identify any lawyer, risk manager, claims adjuster, or other representative or employee of any GM Entity who had substantial responsibility for Asbestos Claims involving mesothelioma at any time from January 1, 2000, until May 31, 2009.

20. Documents sufficient to identify any lawyer, risk manager, claims adjuster, or other representative who represented any GM Entity in the settlement of any Asbestos Claim between January 1, 2006, and May 31, 2009.

21. Documents sufficient to identify all individuals who had a substantial role in recommending or deciding on behalf of any GM Entity whether to settle or try Asbestos Claims at any time from January 1, 2000, until May 31, 2009.

22. Documents sufficient to identify all in-house personnel who at any time from January 1, 2000, until May 31, 2009, had a substantial role in making recommendations or decisions on:

(a) Strategies followed by any GM Entity for the management, defense, settlement, or resolution of Asbestos Claims;

(b) Economic, financial, and budgetary aspects of the management, defense, settlement, or resolution of Asbestos Claims by any GM Entity.

23. All documents concerning communication with any insurer concerning the number, size, timing, estimation, value, management, defense, settlement, or resolution of Asbestos Claims against any GM Entity.

24. Documents concerning any audits of settled Asbestos Claims against any GM Entity performed by or at the request of any insurer.

25. Documents sufficient to identify every Asbestos-Containing Product that any GM Entity ever manufactured, sold, distributed, marketed, or used, and to show as to each such product, the following:

(a) the entity that engaged in the manufacture, sale, distribution, marketing or use of the Asbestos-Containing Product (e.g., Old GM itself or specified subsidiaries, affiliates, or predecessors thereof);

(b) the brand name(s) of the product;

(c) the date the product first went into production;

(d) the last date the product was produced;

(e) the last date the product was sold;

(f) all manufacturing locations;

(g) dates of manufacture at each location;

(h) the percentage of Asbestos, and the dates and all reasons for any modification thereto;

(i) the type of Asbestos and any chemical analysis of the composition of such product;

(j) the source of supply for Asbestos used in the product and the period of time (e.g., 1970 to 1975) during which the relevant GM Entity drew upon that source for Asbestos;

(k) the color, physical characteristics, and appearance of the product;

(l) a full and precise description of all forms of packaging in which the product was sold or distributed, including, but not limited to, type of package, size, color(s), and writings thereon;

(m) all other names under which the product was sold, including without limitation, pursuant to the licensing of any entity unrelated to Old GM for sale of the product;

(n) the number and date of each patent or patent application pertaining to the product;

26. Documents concerning whether or in what circumstances any Asbestos-containing brake product manufactured, sold, distributed, marketed, or used by any GM Entity caused, contributed to causing, or is or was capable of causing or contributing to the causation of mesothelioma, lung cancer, any other form of cancer or malignant disease, asbestosis, pleural effusions, pleural plaques, or any other non-malignant disease or abnormal condition of the lungs.

27. Documents concerning whether or in what circumstances any Asbestos-containing friction products other than brakes, including without limitation clutch facings, manufactured, sold, distributed, marketed, or used by any GM Entity is or was capable of

- 11 -

causing or contributing to the causation of mesothelioma, lung cancer, any other form of cancer or malignant disease, asbestosis, pleural effusions, pleural plaques, or any other non-malignant disease or abnormal condition of the lungs.

28. All documents concerning the number, value, and timing of Asbestos Claims asserted or forecasted to be asserted against any GM Entity based on alleged exposure to locomotive brakes or insulation used in locomotives.

29. Documents sufficient to identify each GM Entity that manufactured, installed, serviced, replaced, marketed, or distributed Asbestos-containing locomotive brakes or insulation used in locomotives.

30. All documents concerning whether or in what circumstances locomotive brakes or insulation manufactured, installed, serviced, replaced, marketed, sold, distributed, or used by any GM Entity caused, contributed to causing, or is or was capable of causing or contributing to the causation of mesothelioma, lung cancer, any other form of cancer or malignant disease, asbestosis, pleural effusions, pleural plaques, or any other non-malignant disease or abnormal condition of the lungs.

31. All documents concerning the number, value, and timing of Asbestos Claims asserted or forecasted to be asserted against any GM Entity based on alleged exposure to Asbestos as Asbestos-containing products located in premises owned, leased, or controlled by a GM Entity.

32. All documents concerning Asbestos Claims arising out of or related to any Asbestos-Containing Products manufactured, sold, distributed, marketed, or used by any GM Entity outside the United States.

33. Documents sufficient to identify the premises of any GM Entity that have been alleged or shown to be a source of Asbestos exposure resulting in any Asbestos-related disease or health condition, including the location of each such premises, the nature of the business or industrial activities conducted there during the periods in which individuals have allegedly been exposed there to Asbestos, and the nature and purpose of the Asbestos or Asbestos-containing products alleged to have been the sources of such exposures.

34. All documents concerning whether or in what circumstances Chrysotile Asbestos caused, contributed to causing, or is or was capable of causing or contributing to the causation of mesothelioma.

35. All documents indexes or written lists of documents relating to Asbestos or Asbestos-containing products that are or were at any time in the possession of any GM Entity.

36. Documents sufficient to identify any document repositories, locations or facilities of any GM Entity or New GM, including electronic or on-line facilities, that contain documents concerning Asbestos or Asbestos-containing products.

37. Documents concerning any document retention policy or procedure adopted by any GM Entity or New GM.

38. All documents that the Debtors or New GM have provided to Remy International, Inc. in the course of these bankruptcy cases.

Dated: New York, New York
_____, 2010

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

_____
Trevor W. Swett
tws@capdale.com
Kevin C. Maclay
kcm@capdale.com
James P. Wehner
jpw@capdale.com
One Thomas Circle, NW
Washington, DC 20005
Tel: (202) 862-5000
Fax: (202) 429-3301

Elihu Inselbuch
ei@capdale.com
Rita C. Tobin
rct@capdale.com
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10022-4614
Tel: (212) 319-7125
Fax: (212) 644-6755

*Attorneys for the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*