HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                               :    Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*          :
                                                    :
                   Debtors.                        :    (Jointly Administered)
                                                    :
------------------------------------------------------------x


## SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### (Claims Assumed by General Motors, LLC)

Upon the twenty-third omnibus objection to expunge certain claims, dated June 11, 2010 (the "**Twenty-Third Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order disallowing and expunging the Assumed Claims on the grounds that each Assumed Claim is for an obligation for which the Debtors have no liability, all as more fully described in the Twenty-Third Omnibus Objection to Claims; and due and proper notice of the Twenty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and responses to the Twenty-Third Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Twenty-Third Omnibus Objection to Claims.

Objection to Claims having been filed by Consumers Energy Company [informal response] with respect to Proof of Claim No. 1157 (the "**Consumers Claim**"), Ajax Paving Industries Inc. [informal response] with respect to Proof of Claim No. 68691 (the "**Ajax Claim**"), Impact Group [Docket No. 6240] with respect to Proof of Claim No. 38928 (the "**Impact Claim**"), OCE North America Inc. [Docket No. 6270] with respect to Proof of Claim No. 7524 (the "**OCE Claim**"), and Equilon Enterprises LLC D/B/A/ Shell Oil Products US [informal response] with respect to Proof of Claim No. 43435 (the "**Equilon Claim**") (collectively, the "**Unresolved Claims**"); and a hearing having been held on July 14, 2010 at 9:45 a.m. at which the Court entered the Order Granting Debtors' Twenty-Third Omnibus Objection to Claims [Docket No. 6334], disallowing and expunging all claims listed on Exhibit "A" annexed to the Twenty-Third Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" (the "**Initial Claims**") with the exception of the Unresolved Claims; and the Twenty-Third Omnibus Objection to Claims having been ultimately adjourned with respect to the Unresolved Claims to the hearing on October 26, 2010 at 9:45 a.m.; and the Debtors having resolved with the relevant parties the Ajax Claim and the Equilon Claim; and the Debtors having adjourned the Twenty-Third Omnibus Objection to Claims with respect to the Consumers Claim, Impact Claim, and the OCE Claim to December 2, 2010 at 9:45 a.m.; and the Court having found and determined at the hearing on October 26, 2010 that the relief sought in the Twenty-Third Omnibus Objection to Claims with respect to the Ajax Claim and the Equilon Claim is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Assumed Claims**") are disallowed and expunged; and it is further

ORDERED that the Twenty-Third Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the Twenty-Third Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
*November 16, 2010*

*s/ Robert E. Gerber*
United States Bankruptcy Judge