**Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.,*    :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*         :    (Jointly Administered)
                                                          :
                    Debtors.          :    Honorable Robert E. Gerber
                                                          :
-------------------------------------------------------- x

## NOTICE OF HEARING ON SECOND CONSOLIDATED APPLICATION OF BRADY C. WILLIAMSON, FEE EXAMINER, AND GODFREY & KAHN, S.C., COUNSEL TO THE FEE EXAMINER, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED FROM JUNE 1, 2010, THROUGH SEPTEMBER 30, 2010 AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 1, 2010, THROUGH OCTOBER 31, 2010

       **PLEASE TAKE NOTICE** that upon the November 16, 2010 *Second Consolidated*

*Application of Brady C. Williamson, Fee Examiner, and Godfrey & Kahn, S.C., Counsel to the*

*Fee Examiner, for Interim Allowance of Compensation for Professional Services Rendered from*

*June 1, 2010 Through September 30, 2010 and Reimbursement of Actual and Necessary*

*Expenses Incurred From September 1, 2010 Through October 31, 2010* (the "**Second**

**Application**") of the Fee Examiner in the above-referenced chapter 11 cases, appointed on

December 23, 2009, a hearing will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **December 15, 2010 at 2:00**

**p.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

      1.     On September 27, 2010, the Fee Examiner and Godfrey & Kahn filed their first

consolidated interim fee application [Docket No. 7134] (the "**First Fee Application**"), seeking

fees in the amount of $673,271.50 for the period from December 28, 2009, through May 31,

2010 and expenses in the amount of $59,699.73 for the period from December 28, 2009, through

August 31, 2010.  There was no objection to the First Fee Application.

      2.     On October 26, 2010, the Court entered an order approving the First Fee

Application.  See *Order Granting the First Consolidated Application of Brady C. Williamson,*

*Fee Examiner, and Godfrey & Kahn, S.C., Counsel to the Fee Examiner, For Interim Allowance*

*of Compensation for Professional Services Rendered from December 28, 2009 through May 31,*

*2010 and Reimbursement of Actual and Necessary Expenses Incurred from December 28, 2009*

*through August 31, 2010.*  [Docket No. 7571].  The order authorized payment to the Fee

Examiner and Godfrey & Kahn of $673,271.50 for fees (which included a 10 percent holdback)

and $59,699.73 for expenses, which the Debtors paid on October 29, 2010, less the holdback.

      **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Second

Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local

Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of

the objecting party, the basis for the objection and the specific grounds, shall be filed with the

Bankruptcy Court electronically in accordance with General Order M-242 (which may be found

at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or any other Windows-based word processing format (with two hard copies delivered directly to Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges, LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi); (vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York, 10019 (Attn: Michael J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the **"Committee"**), 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Robert Schmidt, Lauren Macksound, and Jennifer Sharret); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Tracy Hope Davis); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York, 10007 (Attn: David S. Jones and Natalie Kuehler); (xi) Caplin & Drysdale, Chartered, attorneys for the Official Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Claimants' Committee"**), 375 Park Avenue,

35th Floor, New York, New York 10152-3505 (Attn: Elihu Inselbuch and Rita C. Tobin);

(xii) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for

Dean M. Trafelet, the legal representative for holders of future asbestos personal injury claims

(the **"Future Claimants' Representative"**), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201

(Attn: Sander L. Esserman and Robert T. Brousseau), and (xiii) Godfrey & Kahn, S.C.,

780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon), **so as to be**

**filed and received no later than** <u>December 8, 2010, at 4:00 p.m.</u> **(Prevailing Eastern Time)**

(the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served

with respect to the Application, the Fee Examiner may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order approving the Application, which order may be entered

with no further notice or opportunity to be heard offered to any party.

[The remainder of this page intentionally left blank.]

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  Madison, Wisconsin
   November 16, 2010.

       GODFREY & KAHN, S.C.


By:   */s/ Katherine Stadler*
     Timothy F. Nixon (TN 2644)
     Katherine Stadler (KS 6831)

     GODFREY & KAHN, S.C.
     780 North Water Street
     Milwaukee, Wisconsin 53202
     Telephone: (414) 273-3500
     Facsimile: (414) 273-5198
     E-mail: tnixon@gklaw.com
        kstadler@gklaw.com

     *Attorneys for the Fee Examiner*


5653039_1

**Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time: December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                         :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | : | Case No. 09-50026 |
|    f/k/a General Motors Corp., *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Honorable Robert E. Gerber |
| | : | |

-------------------------------------------------------- x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FILED UNDER**
**11 U.S.C. § 330 FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**SECOND INTERIM FEE APPLICATION**

| | |
|---|---|
| Name of Applicants: | Brady C. Williamson, Fee Examiner |
| | Godfrey & Kahn, S.C., Counsel to the Fee Examiner |
| | |
| Time Period: | June 1, 2010 through September 30, 2010 |
| | |
| Current Application: | Total Fees Requested:  $439,410.75 |
| |     (through September 30, 2010) |
| | Total Expenses Requested:  $5,455.46 |
| |     (through October 31, 2010) |

Prior Applications:

| Date Application Filed | Docket No. | Compensation Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Holdback |
|---|---|---|---|---|---|---|---|
| 9/27/2010 | 7134 | December 28, 2009 through May 31, 2010 | $673,271.50 | $59,699.73 | $673,271.50 | $59,699.73 | $67,327.15 |

Interim Payments from Debtors:       None

Payments received pursuant to court order:   $665,644.08
October 29, 2010

## Summary of Professionals and Paraprofessionals Providing Services

| Name of Professional | Practice Group(s) and Year of Attorney Admission | | Hourly Billing Rate | Total Billed Hours | Total Proposed Compensation |
|---|---|---|---|---|---|
| **Shareholders** | | | | | |
| Brady C. Williamson | Bankruptcy | 1975 | $495 | 116.7 | $57,766.50 |
| Katherine Stadler | Litigation/Bankruptcy | 1997 | $410 | 220.3 | $90,323.00 |
| Eric J. Wilson | Litigation | 1994 IL 2003 WI | $390 | 121.4 | $47,346.00 |
| **Special Counsel** | | | | | |
| Carla O. Andres | Bankruptcy | 1989 OH 1993 WI | $350 | 296.2 | $103,670.00 |
| **Associates** | | | | | |
| Monica Santa Maria | Litigation | 2008 | $205 | 134.0 | $27,470.00 |
| Peggy L. Heyrman | Bankruptcy | 2009 | $205 | 112.5 | $23,062.50 |
| **Paraprofessionals** | | | | | |
| Jamie Kroening | Research | | $110 | 1.1 | $121.00 |
| Jill Bradshaw | Research | | $170 | 2.5 | $425.00 |
| Zerithea G. Raiche | Bankruptcy paralegal | | $160 | 345.9 | $55,344.00 |
| Nicole Talbot Settle | Litigation paralegal | | $160 | 171.2 | $27,392.00 |
| Maribeth Roufus | Bankruptcy paralegal | | $160 | 36.1 | $5,776.00 |
| Jenna Stiegler | Litigation paralegal | | $150 | 46.7 | $7,005.00 |
| | | | | **TOTAL** | $445,701.00[1] |

**Blended Hourly Rates:**

    **All attorneys:  $ 349.25**

    **All professionals:  $ 277.76**

---

[1] The hours and blended rates set forth on this fee detail *do not* reflect the deduction, discussed at paragraph 33(G), for FTI-related time entries.  That deduction, in the aggregate, totals $6,290.25.

3

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
                                                          :
In re:                                                    :       Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,   :       Case No. 09-50026
          f/k/a General Motors Corp., *et al.*,           :       (Jointly Administered)
                                                          :
                          Debtors.                        :       Honorable Robert E. Gerber
                                                          :
--------------------------------------------------------- x

**SECOND CONSOLIDATED APPLICATION OF BRADY C. WILLIAMSON, FEE
EXAMINER, AND GODFREY & KAHN, S.C., COUNSEL TO THE FEE EXAMINER,
FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
<u>FROM SEPTEMBER 1, 2010 THROUGH OCTOBER 31, 2010</u>**

**TO:    THE HONORABLE ROBERT E. GERBER
          UNITED STATES BANKRUPTCY JUDGE**

          The appointed Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation

Company) (the "**Fee Examiner**") and Godfrey & Kahn, S.C. ("**Godfrey & Kahn**"), Counsel to

the Fee Examiner (collectively, the "**Applicants**"), submit this *Second Consolidated Application*

*of Brady C. Williamson, Fee Examiner, and Godfrey & Kahn, S.C., Counsel to the Fee*

*Examiner, for Interim Allowance of Compensation for Professional Services Rendered from*

*June 1, 2010 Through September 30, 2010 and Reimbursement of Actual and Necessary*

*Expenses Incurred From September 1, 2010 Through October 31, 2010* (the "**Second Fee Application**") pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.  The Second Fee Application seeks interim allowance of compensation for professional services incurred from June 1, 2010, through September 30, 2010 and reimbursement of necessary and actual expenses incurred from September 1, 2010, through October 31, 2010 (the "**Compensation Period**").

## BACKGROUND

1.      Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.      On June 3, 2009, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to 11 U.S.C. § 1102 (the "**Creditors' Committee**").

3.      On August 7, 2009, the Court entered its *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket 3711] (the "**Compensation Order**").

4.      As of September 30, 2010, 26 professionals either have or have had interim applications for compensation pending before the Court for approval (collectively, the "**Retained Professionals**").

5.      On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee proposed by stipulation the appointment of Brady C. Williamson as examiner and, without objection and through the Fee Examiner order entered that same day, the Court approved

the appointment.  Pursuant to that order, the Fee Examiner was charged with submitting periodic reports to the Court, the U.S. Trustee, the Debtors, the Creditors' Committee and each Retained Professional applying for interim compensation and reimbursement of expenses pursuant to the Compensation Order.  He also was charged with informing each Retained Professional of any issue relating to the professional's application for compensation and expense reimbursement in advance of filing a report regarding that application.

6.      On January 5, 2010, the Fee Examiner submitted an *Application for Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to the Fee Examiner, Nunc Pro Tunc to December 28, 2009* and, without objection, the Court entered an Order authorizing the employment of Godfrey & Kahn on January 19, 2010 [Docket No. 4833].

7.      On January 29, 2010, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010* ("**Stuart Maue**" or the "**Auditor**") [Docket No. 4910].  The Court entered an order authorizing Stuart Maue's limited retention on February 17, 2010 [Docket No. 5005], and it has since twice extended that retention.  *See In re Motors Liquidation Company*, First Interim Fee Hr'g Tr. at 15:1-4, No. 09-50026 (Bankr. S.D.N.Y. April 29, 2010, 5:24 P.M.) [Docket No. 5699]; *In re Motors Liquidation Company*, Second Interim Fee Ruling Tr. at 38:21-39:2, No. 09-50026 (Bankr. S.D.N.Y. July 6, 2010) [Docket No. 6369].  The Court also has entered an order [Docket No. 6342] approving Stuart Maue's first application for compensation, totaling $199,266.21 in fees and expenses.

8.      On August 31, 2010, the Debtors filed a plan and disclosure statement.  Plan confirmation is anticipated in 2011.

6

9.     On September 27, 2010, the Fee Examiner and Godfrey & Kahn filed their first

consolidated interim fee application [Docket No. 7134] (the "**First Fee Application**"), seeking

fees in the amount of $673,271.50 for the period from December 28, 2009, through May 31,

2010 and expenses in the amount of $59,699.73 for the period from December 28, 2009, through

August 31, 2010.  There was no objection to the First Fee Application, and it is incorporated here

by reference.

10.    On October 26, 2010, the Court entered an order approving the First Fee

Application.  *See Order Granting the First Consolidated Application of Brady C. Williamson,*

*Fee Examiner, and Godfrey & Kahn, S.C., Counsel to the Fee Examiner, For Interim Allowance*

*of Compensation for Professional Services Rendered from December 28, 2009 through May 31,*

*2010 and Reimbursement of Actual and Necessary Expenses Incurred from December 28, 2009*

*through August 31, 2010.*  [Docket No. 7571].  The order authorized payment to the Fee

Examiner and Godfrey & Kahn of $673,271.50 for fees (which included a 10 percent holdback)

and $59,699.73 for expenses, which the Debtors paid on October 29, 2010, less the holdback.

## SUMMARY STATEMENT

This Second Fee Application covers the Fee Examiner's work, and that of his legal

counsel, from June 1, 2010 through September 30, 2010.  During that period, 20 professionals

submitted interim fee applications and reimbursement requests, totaling $29,301,828.70.  The

Court conducted a second interim hearing on the applications on June 29, 2010 and, during

August and September, the Fee Examiner and his counsel began their analysis and reporting on

the third round of fee applications, submitted by 18 Retained Professionals, which were

ultimately heard on October 26, 2010.

11.    For the Compensation Period, the Fee Examiner and his counsel request Court

approval—pursuant to the U.S. Bankruptcy Code, the U.S. Trustee Guidelines, and the orders

approving the Fee Examiner's retention and that of his counsel—of a total of $439,410.75 in fees

and $5,455.46 in expenses.  With the accompanying detailed statement of time spent and

expenses incurred, the Fee Examiner and his counsel submit this Second Fee Application and

summary:

- In the exercise of billing judgment, the Fee Examiner and his counsel have eliminated 198 hours of legal services, representing $52,011.75, to avoid billing the estate for duplicative time or time that may be otherwise non-compensable.  Some of those entries do not appear on the time detail submitted with this application.

- Travel time has been discounted 50 percent (pursuant to the U.S. Trustee Guidelines).  There are no charges of any kind for local ground transportation.

- Time recorded by transient billers, attorneys who spent fewer than 10 hours on the case over the Compensation Period, has been eliminated.  Paraprofessional time less than 10 hours has been billed because of the discrete nature of the tasks—checking citations, for example.

- There has been no increase in the hourly rates established in the retention orders.  In addition, no timekeeper has been billed at a higher rate for services provided in this case than their respective rate for Milwaukee-based clients[2] in non-bankruptcy cases.  Some timekeepers have been billed at lower rates in these cases than the rates generally applicable to Milwaukee-based clients in non-bankruptcy cases.

- Where the time entries reflect meetings or conferences, whether in person or by telephone, the subject matter of the meeting and the participants are generally noted—unless the meetings are purely internal between or among members of the Godfrey & Kahn team (*see infra*, ¶ 17), in which case only the subject matter is noted to reduce the redundancy and length of the entry.

- There were no hotel charges during the Compensation Period, and no reimbursement request for meal charges.  Travel has been in coach class.

- The Second Fee Application includes *no* charges for time spent reviewing, editing, or categorizing daily time records.  All such time entries have been denominated "no charge."  The preparation, review, and editing of the time records has not been—and will not be—billed in any way to the estate.

- With occasional exception, the Fee Examiner has eliminated the administrative conferences (involving only Godfrey & Kahn attorneys and paraprofessionals) that were approved during the First Compensation Period.

---

[2] Godfrey & Kahn, S.C. is a Milwaukee-based law firm.

## PRELIMINARY STATEMENT

12.      Debtors' cases are, by any measure, among the largest and most complex chapter 11 filings in history.  They are largely funded by U.S. taxpayers.

13.      In light of the size and complexity of the cases and the potential costs and expenses of administering the compensation system for professionals, the U.S. Trustee proposed to the Debtors and to the Creditors' Committee that a Fee Examiner be appointed to review applications for compensation and reimbursement and to draft reports regarding those fee applications.  The stated goal was to assist the U.S. Trustee and, ultimately, the Court in determining the compensation for Retained Professionals and to help provide transparency and accountability in the case administration.

14.      To date, the Applicants have examined 43 first, second and third interim fee applications—consisting of more than 10,955 pages that describe the services provided and provide the detailed time records and the supporting documentation for expenses.  That review has been supported, in some instances, by electronic auditing by the Stuart Maue firm.  However, many of the applications were not subject to Stuart Maue audit—with the Fee Examiner and Godfrey & Kahn performing every aspect of bill review.[3]

15.      The fee review process has involved multiple steps.  During the first interim fee period, Godfrey & Kahn developed a list of potential billing practices of concern—incorporating them into a protocol for fee and expense review.

        A.      That protocol has evolved, and the underlying research has been periodically updated and shared with the Retained Professionals to address and

---

[3] Pursuant to the Court's comments at the July 6, 2010 ruling arising from the June 29 hearing, Stuart Maue's retention ended with the third interim fee period and, for now at least, that retention has not been renewed.  *See In re Motors Liquidation Company,* Second Interim Fee Hr'g Tr. at 36-39, No. 09-50026 (Bankr. S.D.N.Y. July 6, 2010) [Docket No. 6369].

incorporate their questions and responses to the Fee Examiner as well as this Court's

application of the fee standards in these cases.

        B.      The protocol was applied to each fee application to identify an initial

universe of billing practices involving the reasonableness or necessity of work.

Extensive discussion between the Fee Examiner and his counsel narrowed the issues to

be examined for each application.

        16.      The Fee Examiner, through his counsel and directly, has engaged in

communications with all of the Retained Professionals regarding their fee applications; sought

additional explanations and supporting documentation from many of them; and negotiated

significant stipulated reductions.  In many instances, these efforts—documented in a series of

letters, advisory reports and filed reports ("**Recommendation Reports**")—avoided the need for

a contested hearing.  Of the 43 applications filed to date and subject to review by the Fee

Examiner, the Fee Examiner and the Retained Professional have consensually resolved many

objections.

        17.      Only a small number of Godfrey & Kahn professionals work on these matters,

and their assignments have been designed to reduce, to the extent possible, duplication of effort.[4]

The bulk of the work has continued to be performed by the Fee Examiner himself along with

Katherine Stadler, Carla O. Andres, Eric J. Wilson, Monica Santa Maria, Peggy L. Heyrmann,

Zerithea G. Raiche, and Nicole Talbot Settle.

---

[4] The billing records have also been reviewed in detail to try to ensure that duplicative or otherwise unproductive
time has not been charged to the estate.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

18.    The Fee Examiner and Godfrey & Kahn seek allowance of $439,410.75 in

compensation for professional services performed from June 1, 2010, through September 30,

2010, and $5,455.46 in reimbursement for actual and necessary expenses incurred from

September 1, 2010 through October 31, 2010.  The amount in fees sought for approval for the

Compensation Period is 66 percent of the amount sought and approved in the First Fee

Application (which covered a 40-day longer period).

19.    Neither the Fee Examiner nor Godfrey & Kahn has sought, received or been

promised any payment from the Debtors pursuant to the Compensation Order, or from any other

entity or source, in connection with these cases.

20.    As previously disclosed, Godfrey & Kahn was co-counsel with Jones Day for

General Motors in a dealer termination administrative proceeding.  *In the Matter of 4J's Inc.,*

*d/b/a Great Country Motors v. General Motors*, Case No. TR-09-0015, State of Wisconsin

Division of Hearings and Appeals.  On June 10, 2009, Godfrey & Kahn submitted a Notice of

Bankruptcy to the Division of Hearings and Appeals, which stayed the administrative

proceeding.  Godfrey & Kahn billed and was paid $230 for its work to prepare and file that

notice.

21.    Neither the Fee Examiner nor Godfrey & Kahn holds any retainer related to these

cases.

22.    The combined amounts requested, $439,410.75 in fees for services rendered and

$5,455.46 in reimbursement for actual and necessary expenses, already reflect the Applicants'

voluntary reductions.

A.    For the convenience of the Court and interested parties, many (but not all) of the charges and expenses for which the Applicants do not seek compensation or reimbursement—a total of $45,721.50 in fees (not including the FTI-related deduction, *see* ¶ 33(G)) and $2,849.06 in expenses—are nonetheless described in the detailed time records with a "no charge" notation.

B.    The fees and expenses for which the Applicants generally do not seek reimbursement primarily include:  travel time and expenses for attorneys without a participating role at hearings, interoffice travel, most in-house meals and some travel-related meals, long distance telephone charges (including conference calls), time spent reviewing and generating bills, and secretarial and paralegal overtime.[5]

23.    The fees and expenses billed in these cases are in accordance with Godfrey & Kahn's existing billing rates and practices in effect during the Compensation Period.  It is Godfrey & Kahn's standard practice to evaluate its professionals' billing rates for market and seniority-based adjustments that routinely take effect on January 1st of each year; however, the rates disclosed in Godfrey & Kahn's retention application have not changed for this engagement.

24.    There is no agreement or understanding between the Fee Examiner or Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for services rendered in or in connection with these cases.

25.    Attached to this Second Fee Application as **Exhibit A** is a certification of compliance with Administrative Order M-389.

---

[5] As part of the Applicants' standard billing practice, certain fees and expenses—for example, fees incurred for the attendance of a junior attorney at an internal conference where the intended benefit is not primarily to the client— have been removed from the billing records entirely.  Consistent with Administrative Order M-389, however, all such fees are included in the Applicants' calculation of total voluntary reductions.

26.     Attached as **Exhibit B** is a chart identifying each professional who provided services during the Compensation Period, organized by project category.

27.     Attached as **Exhibit C** are the detailed time records summarizing the services provided by the Applicants during the Compensation Period, separated by project category.

28.     Attached as **Exhibit D** is a chart identifying the expense categories for which the Applicants are seeking reimbursement and the total amount for each such category.

29.     Attached as **Exhibit E** are the detailed expense records summarizing the expenses for which the Applicants request reimbursement.

30.     The Fee Examiner and Godfrey & Kahn reserve the right to seek compensation in subsequent applications, including their final fee application, for fees and/or expenses not yet processed or for which they have preliminarily determined as a matter of billing judgment, in this particular application, not to seek compensation or reimbursement.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## DURING THE COMPENSATION PERIOD

31.     The Applicants provided 1,604.6 hours of services necessary to the administration of the Debtors' cases.  The services were provided primarily by professionals and paraprofessionals in Godfrey & Kahn's Bankruptcy and Litigation practice groups at billing rates ranging from $150 to $495 an hour.  The Applicants have voluntarily written off 198 hours of legal services and seek compensation for less than 90 percent of the total value of the services they provided.  Allowance of the requested compensation would result in a blended rate for all attorneys of $349.25 and a total blended rate of $277.76.

32.     The services for which the Applicants request compensation have been provided in six project categories, summarized here.

13

33.     <u>Analysis, Reports and Recommendations Regarding Professionals' Fee</u>

<u>Applications: $322,351.00.</u>

A.      During the Compensation Period, the Applicants reviewed 13 fee

applications for services during the second interim fee period and 19 for the third interim

fee period.  Of these, only eight were reviewed with the assistance of Stuart Maue; the

balance was reviewed manually.  The fee applications were divided into three groups

and, to reduce the likelihood of duplication, each group was assigned to a single

supervising attorney.  *See supra*, ¶ 17.

B.      In general, the fee applications and supporting expense or other

documentation were initially reviewed by one attorney for compliance with established

case law, guidelines, local rules and this Court's orders.  Questionable billing practices

were identified—either through Stuart Maue's filtering or through a manual review.

After the initial review, the members of the team exchanged information about the

practices they had identified.  Through internal consultations, they also identified

mitigating or aggravating circumstances surrounding each application and winnowed the

list of practices to those that would be brought to each Retained Professional's, the U.S.

Trustee's and the Court's attention.

C.      Team members kept each other appraised of the issues in the applications

they examined to ensure as consistent an application of the fee standards as possible.  The

majority of these communications was by e-mail.  The Applicants established a practice

of keeping the relatively small team informed of case-related issues and developments.

To reduce redundancy, the detailed time records for internal communications and

conferences involving the team do not invariably identify each team participant.  External

14

and internal communications *not* involving the practice team itself are identified both by
participant and subject matter in the detailed billing records.

D.    The Applicants' analysis of the 32 fee applications reviewed during the
Compensation Period have directly resulted in a minimum of $623,256 in reductions—
whether stipulated or court-ordered.  All applications reviewed during the Compensation
Period have been resolved, subject to the final fee application process and subject as well
to a ruling from the court on several open issues.  *In re Motors Liquidation Company*,
Third Interim Fee Hr'g Tr. at 92:14-93:16, No. 09-50026 (Bankr. S.D.N.Y. October 26,
2010) [Docket No. 7598].

E.    The Fee Examiner and his counsel have reviewed the fee applications of
Retained Professionals, such as FTI, that are paid on a fixed fee basis pursuant to
11 U.S.C. § 328.  That review has taken place for several reasons:  first, expenses are not
included in the fixed fee arrangement and are always subject to review for necessity and
reasonableness and, second, because at the conclusion of the case, the Court—in its
words—will "look at the totality of FTI's services" to ensure compliance with
section 328.  *See In re Motors Liquidation Company*, Second Interim Fee Hr'g Tr. at 28,
No. 09-50026 (Bankr. S.D.N.Y. June 29, 2010) [Docket No. 6357].

F.    FTI, a consultant for the Creditors' Committee, has objected—on
occasion, vigorously—to the Fee Examiner's practice in this regard.  (At the same time,
FTI has agreed to reduce or forego expense reimbursement that the Fee Examiner has
questioned.)

G.    During this Compensation Period, the Fee Examiner and his counsel spent
a total of 70 hours ($12,580.50) on FTI-related matters.  To avoid unnecessary dispute,

this application seeks approval for compensation for only 50 percent of that amount or $6,290.25.

H.      For Retained Professionals whose applications have been electronically audited, a team member reviewed each of the draft exhibits produced by the Auditor. This review often resulted in the revision of the draft exhibits or regenerated exhibits applying a different standard.  In some cases, the Auditor on request generated new exhibits and conducted specific follow-up analysis.  This helped ensure that only the subset of billing practices meriting attention was included in the exhibits and helped ensure a consistent application of standards.

I.      Retained Professionals received at least two opportunities to comment and respond to the Fee Examiner's concerns for each application—although many professionals have had a continuing dialogue with the Fee Examiner and his counsel. Generally, no later than two weeks before the Fee Examiner filed any Recommendation Report with the Court, the Godfrey & Kahn attorney responsible for that Retained Professional's fee application sent a letter to the professional, previewing most or all of the issues to be included in the Recommendation Report.[6]  Nearly every Retained Professional was also provided with a draft copy of the Auditor's reports or an itemization of the questioned time entries.  The letter and draft invited each professional's response.

J.      Some professionals regularly responded—by telephone, e-mail or letter— and either provided additional documentation, explained the billing practice identified, or

---

[6] On several occasions, by agreement, a Retained Professional and the Fee Examiner have agreed to slight variances from this schedule.

agreed to a voluntary reduction of their fee request.  Some professionals responded only

minimally, or not at all.  All of the information provided by the Retained Professionals

was reflected in the draft Recommendation Report sent to each Retained Professional

before the final report was filed.

K.     The Recommendation Reports were intended to help provide

transparency, and each report explains the basis for any objection, including citations to

legal authority when applicable, rather than merely quantifying the proposed or

agreed-upon reduction.

34.     Prepare for and Attend Hearings:  $26,345.00.  The Fee Examiner and his counsel

attended the June 29 hearing on the first and second interim applications in person.  The Fee

Examiner or his counsel have also attended, but only by telephone, other hearings at which

fee-related issues have been addressed.

35.     Travel:  $10,275.00.  Consistent with the practice in the Southern District of New

York, charges for all non-working travel time have been reduced by half.  The Fee Examiner and

his counsel traveled to New York in June for the second interim hearing.  No other case-related

travel of any kind was charged to the estate during the Compensation Period

36.     General Case Administration:  $44,909.50.  Services provided in this category

include general case management activities that do not fit easily into one substantive category—

including intermittent meetings where the Applicants discussed procedural as well as substantive

issues related to the consistent application of standards.

37.     Firm Retention/Disclosure Issues:  $7,118.00.  Services included in this category

include the preparation and filing of motions to expand or extend the retention of the Fee

Auditor.

17

38.    <u>Fee Application Preparation:  $34,702.50</u>.  Services provided in this project category include reviewing and helping to prepare the first interim fee application and exhibits for the Fee Examiner and his counsel as well as initial activities related to the first interim fee application of the Auditor.

### SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD

39.    The Applicants incurred total expenses in the amount of $8,304.52, of which $2,849.06 have been voluntarily assumed and not billed to the estate.  <u>Exhibits D</u> and <u>E</u> contain the expense categories for which the Applicants seek reimbursement and the detailed expense records, respectively.  The expenses for which the Applicants seek reimbursement include only some of those routinely charged to the Applicants' non-bankruptcy clients.  The Applicants are not making a profit on any expense incurred as a result of services provided by a third party, and they have made a reasonable estimate of the actual cost for expenses incurred for any services provided in-house.  The Applicants' charges in these cases are at the same rates or rates lower than those routinely charged to, and paid by, the Applicants' non-bankruptcy clients.

40.    The largest expenditure, totaling $1,349.63, was for overnight mail services—primarily related to providing Retained Professionals, the Debtors and the U.S. Trustee with binders and hard copies of draft and final Recommendation Reports with exhibits.  The next largest expense (other than travel) was for internal copies.  Godfrey & Kahn typically charges clients $0.15 for each black and white copy and $0.50 for each color copy; however, both rates have been reduced to $0.10 a copy in this case.  Photocopies provided by third-party vendors have been paid at rates of $0.08 to $0.125 per page for black-and-white and $1.00 per page for color.

41.     The Applicants are not seeking reimbursement for any staff overtime, in-house meals, or travel meals.

42.     The expenses requested are actual, reasonable and necessary in light of the scope of the Applicants' retention to aid in the administration of these cases.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

43.     Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

44.     The Applicants respectfully maintain that the services provided were actual and necessary to the administration of the fee examination process in these cases.  The fee review process is a statutory mandate in all chapter 11 cases.  Given the size and complexity of these cases, however, the U.S. Trustee proposed the appointment of a fee examiner to aid both the U.S. Trustee and the Court.  The Debtors and Creditors' Committee concurred in the U.S. Trustee's proposal that a fee examiner be appointed.  Neither objected to the Fee Examiner's first fee application.

45.     In reviewing whether a compensation request should be granted, the Court should be guided by the following statutory factors:

> the nature, the extent, and the value of such services, taking into
> account all relevant factors, including--
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration
> of, or beneficial at the time the services was rendered toward the
> completion of, a case under this title;

      (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

      (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy context; and

      (F)    whether the compensation is reasonable, based on the customary compensation charged  by comparably skilled practitioners in cases other than cases under this title;

11 U.S.C. § 330.

46.    The requested compensation and reimbursement meet the statutory requirements for allowance.  The Applicants have completed their work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved.  The projects were staffed by several professionals and paraprofessionals with demonstrated skill in the bankruptcy context, and all work has been assigned consistently with the need to prevent unnecessary duplication and to ensure that work is performed by the least senior person competent to handle the matter efficiently.

47.    Moreover, the requested compensation is reasonable:  it is based on the customary compensation charged by comparably skilled professionals in the Applicants' Milwaukee market and paid by the Applicants' non-bankruptcy clients.  The Applicants have also thoroughly reviewed their time and expense detail and have chosen, in the exercise of billing judgment, not to bill more than $50,000 in incurred fees and expenses.

48.    Accordingly, approval of the requested compensation is warranted.

**NOTICE**

49.    Notice of this Second Fee Application has been provided to parties in interest in accordance with the *Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated August 24,

2010 [Docket No. 6750].  The Fee Examiner and Godfrey & Kahn submit that such notice is sufficient and no other or further notice need be provided.

50.     No previous request for the relief sought herein has been made by the Fee Examiner or Godfrey & Kahn to this or any other Court for these matters.

### CONCLUSION

51.     The Fee Examiner and Godfrey & Kahn request the Court enter an Order authorizing (i) interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $444,866.21, consisting of $439,410.75 in fees and $5,455.46 in actual and necessary expenses incurred during the Compensation Period; (ii) directing payment forthwith, but no later than December 29, 2010, by the Debtors of the amounts authorized; and (iii) such other and further relief as is just.

**WHEREFORE**, the Fee Examiner and Godfrey & Kahn respectfully submit this Application and request that the Court grant the relief requested herein and such other and further relief as is just.


[The remainder of this page intentionally left blank.]

Dated: Madison, Wisconsin
        November 16, 2010.

GODFREY & KAHN, S.C.

By:    */s/ Katherine Stadler*               
          Katherine Stadler (KS 6831)
          Timothy F. Nixon (TN 2644)

          GODFREY & KAHN, S.C.
          780 North Water Street
          Milwaukee, Wisconsin 53202
          Telephone: (414) 273-3500
          Facsimile: (414) 273-5198
          E-mail: kstadler@gklaw.com
                  tnixon@gklaw.com

          *Attorneys for Fee Examiner*