**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re**                                                   :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**               :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :
                                                            :
               Debtors. :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING
## DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIM
**(Incorrectly Classified Claims)**

Upon the thirty-second omnibus objection to reclassify certain claims, dated July 2, 2010 (the "**Thirty-Second Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") [Docket No. 4180], seeking entry of an order reclassifying the Incorrectly Classified Claims on the grounds that each Incorrectly Classified Claim was incorrectly classified by the claimant, all as more fully described in the Thirty-Second Omnibus Objection to Claims; and due and proper notice of the Thirty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and responses to the Thirty-Second

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Thirty-Second Omnibus Objection to Claims.

Omnibus Objection to Claims having been filed by Robert A. Demassi Executor [Docket No. 6454] with respect to Proof of Claim No. 45108 (the "**Demassi Claim**"), Stanley Ozarowski [Docket No. 6444] with respect to Proof of Claim No. 62773 (the "**Ozarowski Claim**"), Valerie Evans [Docket No. 6444] with respect to Proof of Claim No. 62778 (the "**Evans Claim**"), and First United Inc. [Docket No. 6978] with respect to Proof of Claim No. 58889 (the "**First United Claim**") (collectively, the "**Unresolved Claims**"); and a hearing having been held on August 6, 2010 at 9:45 a.m. at which the Court entered the Order Granting Debtors' Thirty-Second Omnibus Objection to Claims [Docket No. 6632], reclassifying all claims listed on Exhibit "A" annexed to the Thirty-Second Omnibus Objection to Claims under the heading "*Claims to be Reclassified*" (the "**Initial Claims**") with the exception of the Unresolved Claims; and the Thirty-Second Omnibus Objection to Claims having been ultimately adjourned with respect to the Unresolved Claims to the hearing on October 26, 2010 at 9:45 a.m.; and the Debtors having decided to withdraw the Thirty-Second Omnibus Objection to Claims with respect to the Ozarowski Claim, Evans Claim, and First United Claim; and the Debtors having adjourned the Thirty-Second Omnibus Objection to Claims with respect to the Demassi Claim to December 2, 2010 at 9:45 a.m.; and the Court having found and determined that the withdrawal of the Thirty-Second Omnibus Objection to Claims with respect to the Ozarowski Claim, Evans Claim, and First United Claim is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Thirty-Second Omnibus Objection to Claims is withdrawn with respect to the Claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that the Thirty-Second Omnibus Objection to Claims is adjourned with respect to the Claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, with respect to this Thirty-Second Omnibus Objection to Claims, the Debtors reserve all their rights to object on any other basis to any Incorrectly Classified Claim; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the Thirty-Second Omnibus Objection to Claims under the heading "*Claims to be Reclassified*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *__November 16, 2010__*

                                                      *__s/ Robert E. Gerber__*
                                                      United States Bankruptcy Judge

**Exhibit A**