Hearing Date and Time: December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Eric J. Wilson (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
　　　　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　　　　: Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　　　:
MOTORS LIQUIDATION COMPANY, *et al.,*　　: Case No. 09-50026
　　f/k/a General Motors Corp., *et al.,*　　　　　　: (Jointly Administered)
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Debtors.　　　　: Honorable Robert E. Gerber
　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------- x

# NOTICE OF HEARING ON SECOND APPLICATION OF
# STUART MAUE FOR ALLOWANCE OF COMPENSATION
# AND REIMBURSEMENT OF EXPENSES FOR THE ANALYSIS OF
# <u>INTERIM FEE APPLICATIONS OF SELECTED CASE PROFESSIONALS</u>

**PLEASE TAKE NOTICE** that upon the November 16, 2010 *Second Application of Stuart Maue for Allowance of Compensation and Reimbursement of Expenses for the Analysis of Interim Fee Applications of Selected Case Professionals* (the "**Second Fee Application**") as consultant to the Fee Examiner in the above-referenced chapter 11 cases, appointed on December 23, 2009, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

1.  On June 7, 2010, Stuart Maue filed its first interim fee application [Docket No.5969] (the "**First Fee Application**"), seeking fees in the amount of $197,902.50 and expenses in the amount of $1,363.71 for the period from January 22, 2010 through April 22, 2010. There was no objection to the First Fee Application.

2.  On October 26, 2010, the Court entered an order approving the First Fee Application. See *Order Granting Application of Stuart Maue for Allowance of Compensation and Reimbursement of Expenses for the Analysis of the First Interim Fee Applications of the Selected Case Professionals, the First Interim Fee Application of Weil Gotshal & Manges LLP, and Expenses Requested in the First Interim Fee Application of FTI Consulting, Inc.* [Docket No. 6342]. The order authorized payment to Stuart Maue of $197,902.50 for fees and $1,363.71 for expenses.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Second Fee Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which may be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or any other Windows-based word processing format (with two hard copies delivered directly to Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges,

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi); (vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York, 10019 (Attn: Michael J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the **"Committee"**), 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Robert Schmidt, Lauren Macksound, and Jennifer Sharret); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Tracy Hope Davis); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York, 10007 (Attn: David S. Jones and Natalie Kuehler); (xi) Caplin & Drysdale, Chartered, attorneys for the Official Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Claimants' Committee"**), 375 Park Avenue, 35th Floor, New York, New York 10152-3505 (Attn: Elihu Inselbuch and Rita C. Tobin); (xii) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet, the legal representative for holders of future asbestos personal injury claims (the **"Future Claimants' Representative"**), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman and Robert T. Brousseau), and (xiii) Godfrey & Kahn, S.C.,

3

780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon), **so as to be filed and received no later than December 8, 2010, at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Second Fee Application, Stuart Maue or the Fee Examiner may, on or after the Objection Deadline, submit to the Bankruptcy Court an order approving the application, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  Madison, Wisconsin
November 16, 2010.

GODFREY & KAHN, S.C.

By:     /s/ *Eric J. Wilson*
Timothy F. Nixon (TN 2644)
Eric J. Wilson (EW 1047241)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: tnixon@gklaw.com
           kstadler@gklaw.com

*Attorneys for the Fee Examiner*

5653453_1

4

**Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)**

STUART MAUE
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
James P. Quinn
W. Andrew Dalton

*Consultant to the Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*<br>   f/k/a General Motors Corp., *et al.*<br><br>                                                    Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>Jointly Administered |

**SECOND APPLICATION OF STUART MAUE FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE ANALYSIS OF INTERIM FEE
<u>APPLICATIONS OF SELECTED CASE PROFESSIONALS</u>**

**TO THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Stuart Maue, Consultant to the Fee Examiner, by this fee application (the "**Second Fee Application**") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeks (i) interim allowance and payment of reasonable compensation for actual and necessary professional services performed by Stuart Maue in the aggregate amount of $280,210.00 for the analysis of the first interim fee application of Baker & McKenzie; the second interim fee applications of, Jenner & Block, LLP; LFR, Inc., and The Claro Group, LLC; and the second and third interim fee applications of Kramer Levin Naftalis & Frankel, LLP ("**Kramer Levin**") and Weil Gotshal & Manges LLP ("**Weil**

**Gotshal**") (collectively the "**Selected Case Professionals**"); and (ii) reimbursement of actual, reasonable, and necessary expenses in the aggregate amount of $2,216.28 incurred in performing and reporting on the analysis of the interim fee applications.

## SUMMARY

For this assignment, Stuart Maue processed approximately 24,956 fee entries and 4,768 expense entries invoiced by 695 individual professionals and paraprofessionals seeking court approval for interim payment of fees and disbursements totaling $18,892,982.14. Stuart Maue's analysis helped the Fee Examiner bring to the Court's attention, for the hearings on June 29, 2010, and October 26, 2010, a wide variety of errors, omissions, anomalies, and non-compensable services and expenses that should not be paid by the Debtors' estates. The fees and expenses sought by Stuart Maue represent less than 1.5 percent of the total costs sought in the applications subject to its review.

### I.  The Retention of Stuart Maue

1.  Commencing on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company and its affiliated debtors (collectively the "**Debtors**") filed with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.  On December 23, 2009, the United States Trustee, the Debtors, and the Creditors' Committee stipulated to the appointment of Brady C. Williamson as fee examiner in the chapter 11 cases (the "**Fee Examiner**") and, by the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") of the same date, the Court appointed the Fee Examiner.

3.  On January 29, 2010, pursuant to the Fee Examiner Order, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Limited Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of January 22, 2010* [Docket No. 4910]. On February 17, 2010, this Court entered an order authorizing the limited engagement of Stuart Maue [Docket No. 5005]

(the "**Limited Retention Order**") for the purpose of assisting in the analysis of the fees and expenses requested in the first interim fee applications of certain selected case professionals.

4. On April 5, 2010, the Fee Examiner submitted the *Fee Examiner's Application to Authorize the Extended Retention and Employment of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5431] (the "**Extended Retention Application**"). The Extended Retention Application sought, among other things, authorization for Stuart Maue to assist the Fee Examiner in the review of only those additional and subsequent fee applications the Fee Examiner determined warrant Stuart Maue's analysis. Stuart Maue would be compensated for such services at its regular hourly rates for 2010. The Extended Retention Application specifically sought compensation for Stuart Maue's analysis of the first interim fee application of Weil Gotshal and for FTI Consulting, Inc., both of which were, at the applicants' request, addressed at the April 29, 2010 hearing.

5. On April 19, 2010, the Debtors filed the *Response of Debtors to Fee Examiner's Application to Authorize Extended Retention of the Stuart Maue Firm as Consultant to the Fee Examiner as of March 8, 2010* [Docket No. 5522] (the "**Debtors' Response**").

6. On April 29, 2010, this Court provisionally approved the Extended Retention Application to the extent that Stuart Maue may perform and be compensated for fee application analysis through the second set of interim fee applications set for hearing on June 29, 2010, after which the Court would conduct a "stop look and listen" to determine whether further retention was appropriate. This Fee Application includes the work authorized by the Court, the results of which were incorporated into the Fee Examiner's presentation at the June 29, 2010 hearing.

7. On June 29, 2010, this Court authorized the continued retention of Stuart Maue for one additional fee period (consisting of the analysis of the third interim fee applications of certain selected case professionals) at which time there would arise "a species of rebuttable presumption that [Stuart] Maue's services will then come to an end." Tr. 7/6/2010 at 38/23-24 [Docket No. 6369]. The Court's ruling was not with prejudice to a request for Stuart Maue's continued retention beyond the third interim period. This Fee Application includes work authorized by the Court on June 29, 2010, the results of which were incorporated into the Fee Examiner's presentation at the hearing on October 26, 2010. It does

*not* include any subsequent work; all of the costs and fees reflected in this application fall within the work authorized by the Court's previous orders.

## II.    The First Fee Application

8.    On June 7, 2010, Stuart Maue submitted its first interim fee application [Docket No. 5969] (the "**First Fee Application**"), seeking fees in the amount of $197,902.50, and expenses in the amount of $1,363.71, in connection with the analysis of the first interim fee applications of Jenner & Block, LLP; Brownfield Partners, LLC; Kramer Levin Naftalis & Frankel LLP; LFR, Inc.; The Claro Group and Weil Gotshal & Manges LLP; and the expenses requested in the first interim fee application of FTI Consulting, Inc.  The First Fee Application is incorporated here by reference.

9.    On October 26, 2010, the Court entered an order approving the First Fee Application. *See Order Granting Application of Stuart Maue for Allowance of Compensation and Reimbursement of Expenses for the Analysis of the First Interim Fee Applications of the Selected Case Professionals, the First Interim Fee Application of Weil Gotshal & Manges LLP, and Expenses Requested in the First Interim Fee Application of FTI Consulting, Inc.* [Docket No. 6342].  The order authorized payment to Stuart Maue of $197,902.50 for fees and $1,363.71 for expenses.

## III.    The Second Fee Application

10.    Stuart Maue prepared this Second Fee Application in accordance with the Administrative Order re: Guidelines for Fee and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated November 25, 2009 (the "**SDNY Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice dated January 30, 1996 (the "**UST Guidelines**"), and the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711](the "**Compensation Order**").  Pursuant to the SDNY Guidelines, a compliance certification is attached as **Exhibit A**.

11.    Stuart Maue seeks interim allowance of reasonable compensation for actual and necessary professional services rendered in the aggregate amount of $280,210.00 and for reimbursement

-4-

of actual, reasonable, and necessary expenses incurred in the aggregate amount of $2,216.28. The services for which Stuart Maue seeks compensation were performed between March 25, 2010 through and including October 20, 2010.

12. The fees sought by this Fee Application consist of:

(i) $261,122.50 in hourly fees incurred for the analysis of interim fee applications of the Selected Case Professionals. Of that total, $206,035.00 in fees resulted from the work authorized by the Court at the April 29, 2010 hearing,[1] and fees in the amount of $55,087.50 were incurred for the analysis of the third interim applications of Kramer Levin and Weil Gotshal, as authorized by the Court in its ruling on July 6, 2010;

(ii) $16,725.00 in hourly fees resulting from efforts related to Stuart Maue's retention and compensation; and

(iii) $2,362.50 in hourly fees (billed at one-half rate) resulting from travel to/from the April 29, 2010 and the June 29, 2010 fee hearings in New York.

13. Stuart Maue professionals spent and recorded an aggregate of 813.20 hours in performing the analysis of the interim fee applications. This aggregate does not include time that might be construed as duplicative, excessive, redundant, or otherwise not beneficial to the Debtors' estates.

14. Of the time expended performing the analysis of the interim fee applications, 641.60 recorded hours were expended by attorneys and 171.60 recorded hours by an accountant. The hourly rates for attorneys ranged from $325.00 to $375.00, while the billing rate for the accountant was $275.00. The detailed time records for analysis of the interim fee applications of the Selected Case Professionals are attached as **Exhibit B**. Exhibit B identifies the time records related solely to each of the interim fee applications analyzed and contains an additional category of time entries that describe activities related to the analysis of two or more of the interim fee applications.

---

[1] At the hearing on June 29, 2010, it was represented to the Court that the fees incurred by Stuart Maue through June 29th amounted to approximately $230,000.00. The actual fees invoiced through that date were less: a total of $223,360.00, consisting of the $206,035.00 for invoice data analysis, $14,962.50 related to Stuart Maue's retention/compensation, and $2,362.50 resulting from travel between St. Louis and New York.

15.     The attorney primarily responsible for Stuart Maue's engagement spent and recorded 44.60 hours at a rate of $375.00 per hour on efforts concerning the continued retention and compensation of Stuart Maue as consultant to the Fee Examiner. The hours include attendance at the April 29, 2010 and the June 29, 2010 fee hearings and the preparation of Stuart Maue's first and second fee applications. The detailed time records related to Stuart Maue's retention and compensation are attached as **Exhibit C**.

16.     The attorney primarily responsible for Stuart Maue's engagement spent and recorded 12.60 hours traveling between St. Louis, Missouri and New York, New York to attend the fee hearings on April 29, 2010 and June 29, 2010. The non-working travel time was billed at one-half of the attorney's regular hourly rate. The time records displaying the travel entries are attached as **Exhibit D.**

17.     Stuart Maue limited attendance by multiple timekeepers at conferences and meetings and did not invoice more than one professional's time for all but one internal conference. However, in a few instances, more than one professional invoiced fees for the same meeting to maximize efficiency.

A.      Included in the time invoiced for the analysis of the first interim fee application of Baker & McKenzie are three conferences for which two Stuart Maue timekeepers invoiced fees. All three conferences addressed the currency conversion performed by the law firm and/or Stuart Maue's currency conversion calculations. On May 5, 2010, Andrew Dalton and Pamela Snyder met for 0.20 hour to discuss the currency conversion in the fee application and Stuart Maue's independent calculations. The same two timekeepers participated in a 0.10 hour telephone call with the Fee Examiner's counsel on May 7, 2010. In addition, on June 9, 2010, David Brown and Pamela Snyder jointly engaged in a 0.40 hour telephone call with counsel for the Fee Examiner to discuss and review the currency conversions. In each instance, the subject matter and scope of the meeting necessitated the participation of both timekeepers; the absence of either individual likely would have resulted in increased hours and fees.

B.      On May 26, 2010, Eric J. Wilson of Godfrey & Kahn, counsel for the Fee Examiner, traveled to Stuart Maue's offices in St. Louis, Missouri, to participate in meetings concerning the general methodology and analysis of the fee applications. Mr. Wilson engaged in discussions with Andrew Dalton, which were at times attended by Pamela Snyder (0.60 hour) and David Brown (3.20 hours, including a working lunch). Participation by multiple professionals during portions of the

-6-

conference was required to explain, address, and resolve various issues. In each instance, only those individuals whose participation was necessary invoiced their time.

18. To date, Stuart Maue has received no payments of any kind for the fees and expenses requested in this Fee Application.

19. Attached as **Exhibit E** is a schedule setting forth all Stuart Maue professionals who performed services for the Fee Examiner for which Stuart Maue is seeking reimbursement, the position of each such individual, the date of bar admission for each attorney, the hourly billing rate charged for each individual, the aggregate number of hours and fees expended by each individual, and the blended rate for attorneys and for all professionals for the services rendered.

20. Attached as **Exhibit F** is a schedule specifying the categories of expenses for which Stuart Maue is seeking reimbursement and the total amount for each such category. This schedule does not include certain expenses incurred by Stuart Maue for which no reimbursement is sought.

21. The hourly fees recorded by Stuart Maue in these cases reflect those applied to other matters, both non-bankruptcy and bankruptcy, of similar size and complexity. The fees are billed in accordance with Stuart Maue's general procedures.

22. Stuart Maue has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services.

23. Stuart Maue has not shared, nor agreed to share, (a) any compensation received or that may be received with another party or person, other than with the employees of Stuart Maue, or (b) any compensation another person or party has received or may receive. No promises have been received by Stuart Maue as to compensation other than in accordance with the Bankruptcy Code.

### IV. Summary of Activities Performed

24. The following are descriptions of the various tasks and activities that contribute to Stuart Maue's review and analysis of fee applications and the underlying invoice data. While management of the invoice data and verification and quantification of various figures is an integral part of Stuart Maue's process, the primary analysis consists of the in-depth examination by Stuart Maue professionals of the individual fee and expense entries included in the fee applications.

25. When and only when the Fee Examiner requests Stuart Maue's assistance, the initial step is the creation of a database that attorneys and accountants use to perform their analysis. Stuart Maue utilizes proprietary software it has developed for the specific purpose of managing, analyzing, and reporting on legal fees and expenses. The software allows Stuart Maue to view the entries in various formats (*i.e.*, chronologically, sorted by timekeeper, sorted by matter or project); to perform searches; to group phases, projects, tasks, activities, and expense categories; and to generate exhibits of relevant time or expense entries.

26. After each database is populated with the fee and expense entries, a Stuart Maue accountant performs a series of activities to balance the database and reconcile the data to the hard copy of the fee application. This process includes verification and reconciliation of information including timekeepers (the timekeeper identifier, position, hourly rates(s)), matters/projects, task hour allocation, embedded time (time allocated to specific activities in an otherwise block billed entry), descriptions of entry codes utilized by the case professional, hourly rate increases, expense categories, and expense documentation. In addition to identifying and quantifying any calculation errors in the fee application, the reconciliation process identifies missing or incomplete data.

27. The database is then assigned to one or more Stuart Maue attorneys who perform the detailed analysis of the fees and underlying time entries. Each attorney assigned to analyze the fee applications has been a member of the bar for at least 9 years.

    A. At the outset, the Fee Examiner established parameters to guide the analysis and define the categories of fee issues Stuart Maue would identify and quantify using the experience and expertise of its attorneys. With the aid of proprietary software, Stuart Maue attorneys analyzed each of the time entries against the parameters. While the identification of certain billing issues – such as pre-retention time entries or fees invoiced by summer associates – may be flagged either by computer software or a manual review of the hard copy fee applications, most entries that may not comply with applicable guidelines or other relevant authority require further qualitative analysis. Approximately 84 percent of the line item entries analyzed were fee entries and, accordingly, the large majority of hours included in this Fee Application was incurred by Stuart Maue attorneys.

B.   Examples of billing issues that require identification and evaluation include vague task descriptions, block billing, clerical/administrative activities, potentially excessive legal research, non-working travel time, position-inappropriate tasks (*i.e.*, an attorney performing paralegal work), and potential duplication of effort. Stuart Maue attorneys also segregated work related to the preparation of fee applications from (i) the review and editing of firm invoices, and (ii) work related to responding to inquiries and objections related to the fee applications. The identification and quantification of all such billing issues directly resulted in significant savings to the Debtors' estates through either voluntary or Court-imposed reductions to the fees requested by various case professionals.

28.   The expense items in the fee applications were reviewed by a Stuart Maue accountant who has more than 15 years experience in analyzing and auditing expenses. As with the legal fees, the Fee Examiner established categories of expenses for Stuart Maue to identify and quantify as well as parameters for potential objections. Stuart Maue's software assists in the identification of several issues related to expenses, including mathematical errors, verification of proper rates (photocopies, facsimile), and pre-retention date expenses. However, other expenses require detailed review, such as the application of cost caps to meal charges, identification of questionable travel costs, identification of firm overhead, and analysis of vaguely described disbursements. In addition, at the request of the Fee Examiner and his counsel, Stuart Maue's accountant analyzed and quantified issues such as (i) the currency conversion contained in the first interim application of Baker & McKenzie, and (ii) the fees resulting from hourly rate increases implemented by various case professionals.

29.   When Stuart Maue completed the analysis and audit of a specific fee application, it created exhibits of all fee and expense entries that appeared questionable or merited additional review. In addition, Stuart Maue prepared tables, charts, and graphs of relevant invoice data so that the Fee Examiner could compare hourly rates among the various case professionals, analyze the rates and staffing of specific projects, and visually review the hours incurred during various time periods. Upon request, Stuart Maue also provided exhibits to the case professionals in order that they may better respond to the Fee Examiner's inquiries.

30. Finally, as the case professionals provided additional information to the Fee Examiner, Stuart Maue incorporated the additional detail into the invoice data and/or revised exhibits of fee and expense entries at the direction of the Fee Examiner. Stuart Maue performed a final verification of the hours, fees, and expenses detailed in the Fee Examiner's reports to ensure accuracy and avoid duplication.

31. Stuart Maue continually advised the Fee Examiner of the status of its fee application analysis and the issues identified to ensure no projects were undertaken that had not been specifically requested. Likewise, the regular communication between Stuart Maue, the Fee Examiner, and the Fee Examiner's counsel allowed the Fee Examiner to utilize all the efficiencies provided by Stuart Maue's professionals and software and prevented duplication of effort.

**V.    The Requested Compensation Should Be Allowed**

32. The professional services performed by Stuart Maue were necessary and beneficial in these chapter 11 cases. Compensation for these services as requested is commensurate with the complexity, importance, and nature of the tasks involved. Stuart Maue undertook significant efforts – as detailed in the preceding paragraphs – to ensure that the professional services were performed efficiently and without duplication of effort.

33. In preparing this Fee Application, Stuart Maue calculated the amount of time spent by each attorney and accountant in performing actual and necessary services requested by the Fee Examiner. The data came directly from contemporaneously-kept computerized time records maintained for each Stuart Maue client.

34. The hourly rates charged by Stuart Maue are the customary and usual rates charged to Stuart Maue clients for bankruptcy and non-bankruptcy matters of this size and complexity. The disbursements for which Stuart Maue seeks reimbursement are customary and usual expenses for which Stuart Maue seeks reimbursement from its clients. Stuart Maue charges $0.10 per page for photocopies and does not charge clients for facsimile costs, local or long distance telephone charges, or any overhead expenses.

35. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such

-10-

compensation. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursed for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36. Stuart Maue respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, performed at the request of the Fee Examiner and necessary for and beneficial to the Debtors' estates. The compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Fee Examiner and ultimately, to the Court.

37. Stuart Maue reserves the right to file a brief in reply to any objection to this Fee Application.

38. No previous motion for the relief sought herein has been made to this or any other Court.

**RELIEF REQUESTED**

WHEREFORE, Stuart Maue respectfully requests (i) allowance and payment of compensation for professional services rendered in the amount of $280,210.00; and (ii) reimbursement for actual and necessary expenses Stuart Maue incurred in the amount of $2,216.28; and (iii) that the Court grant Stuart Maue such other and further relief as is just.

Dated:    November 16, 2010
          St. Louis, Missouri

                        Respectfully submitted,

                        By:    /s/ *W. Andrew Dalton*
                             W. Andrew Dalton

                             STUART MAUE
                             3840 McKelvey Road
                             St. Louis, Missouri  63044
                             Telephone:   (314) 291-3030
                             Facsimile:     (314) 291-6546
                             James P. Quinn
                             W. Andrew Dalton

                             *Consultant to the Fee Examiner*

5648052_1