**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
    f/k/a General Motors Corp., et al.      :
                                            :
                         Debtors.           :    (Jointly Administered)
                                            :
------------------------------------------------------------x
```

# SUPPLEMENTAL ORDER GRANTING DEBTORS' SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

Upon the seventy-first omnibus objection to claims, dated August 13, 2010 (the "**Seventy-First Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's supplemental order establishing supplemental rules and authority for filing omnibus objections to certain debt claims (the "**Supplemental Procedures Order**") [Docket No. 6238], seeking entry of an order disallowing and expunging the Duplicate Debt Claims on the grounds that such claims are duplicative of either Claim 65793 or Claim 65729 (the "**WTC Claims**"), all as more fully described in the Seventy-First Omnibus Objection to Claims; and due and proper notice of the Seventy-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and a response to the Seventy-First

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventy-First Omnibus Objection to Claims.

Omnibus Objection to Claims having been filed by Sharyn F. Weinstein with respect to Proof of Claim No. 2444(the "**Weinstein Claim**") [Docket No. 7040]; and a hearing having been held on September 24, 2010 at which the Court entered the Order Granting Debtors' Seventy-First Omnibus Objection to Claims [Docket No. 7203], disallowing and expunging all claims listed on Exhibit "A" annexed to the Seventy-First Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" (the "**Initial Claims**") with the exception of the Weinstein Claim; and the Seventy-First Omnibus Objection to Claims having been adjourned with respect to the Weinstein Claim to the hearing on October 26, 2010 at 9:45 a.m.; and the Debtors having filed their Omnibus Reply to Objections to Responses Received in Connection with Certain Omnibus Objections to Duplicate Debt Claims [Docket No. 7518] (the "**Omnibus Reply**"); and upon entry of this Supplemental Order, the Seventy-First Omnibus Objection to Claims will be completely resolved with respect to the Initial Claims; and the Court having found and determined at the hearing on October 26, 2010 that the relief sought in the Seventy-First Omnibus Objection to Claims with respect to the Weinstein Claim is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-First Omnibus Objection to Claims and in the Omnibus Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventy-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Weinstein Claim listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" is disallowed and expunged; and it is further

ORDERED that nothing in this Supplemental Order affects the ability of the Individual Bondholder who filed the Weinstein Claim, to the extent of any bonds owed as of the record date of a plan of liquidation, to receive its share of the benefits and entitlements under the WTC Claims and the WTC Stipulation; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *November 16, 2010*

                                              *s/ Robert E. Gerber*
                                              United States Bankruptcy Judge

# Exhibit A