HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :

In re                            :         Chapter 11 Case No.
                                    :

MOTORS LIQUIDATION COMPANY, *et al.*,   :         09-50026 (REG)
      f/k/a General Motors Corp., *et al.*  :
                                    :

                Debtors.          :         (Jointly Administered)
                                    :
------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING
DEBTORS' EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(Claims Relating to Former Employees Represented by United Auto Workers)**

Upon the eighty-second omnibus objection to expunge certain claims relating to former employees who are or had been represented by the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, dated August 20, 2010 (the "**Eighty-Second Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the UAW Claims on the grounds that each UAW Claim is for an obligation for which the Debtors have no liability, all as more fully described in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Second Omnibus Objection to Claims.

Eighty-Second Omnibus Objection to Claims; and due and proper notice of the Eighty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and responses to the Eighty-Second Omnibus Objection to Claims having been filed by Frances T. Felice [informal response] with respect to Proof of Claim No. 17273 (the "**Felice Claim**"), Joe Richardson, Sr. [informal response] with respect to Proofs of Claim Nos. 68057 and 68058 (the "**Richardson Claims**"), and Walter J. Lawrence [Docket No. 7022] with respect to Proof of Claim No. 21225 (the "**Lawrence Claim**") (collectively, the "**Unresolved Claims**"); and a hearing having been held on September 24, 2010 at 9:45 a.m. at which the Court entered the Order Granting Debtors' Eighty-Second Omnibus Objection to Claims [Docket No. 7214], disallowing and expunging all claims listed on Exhibit "A" annexed to the Eighty-Second Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" (the "**Initial Claims**") with the exception of the Unresolved Claims; and the Eighty-Second Omnibus Objection to Claims with respect to the Unresolved Claims having been adjourned to October 26, 2010 at 9:45 a.m.; and the Debtors having resolved with the relevant parties the Felice Claim; and no response indicating an objection by Joe Richardson, Sr. having been communicated to the Debtors for the Richardson Claims; and the Debtors having adjourned the Eighty-Second Omnibus Objection to Claims with respect to the Lawrence Claim to December 2, 2010 at 9:45 a.m.; and the Court having found and determined that the relief sought in the Eighty-Second Omnibus Objection to Claims with respect to the Felice Claim and the Richardson Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Second Omnibus Objection to Claims establish just

C:\DOCUMENTS AND SETTINGS\ROBERTSA\DESKTOP\OMNI ORDERS\82ND\SUPPLEMENTAL ORDER (10-26) FOR 82ND OMNIBUS OBJECTION TO CLAIMS (FORMER EMPLOYEES REPRESENTED BY UAW)43548270.DOC

2

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that the Eighty-Second Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Eighty-Second Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
   **_November 16, 2010_**

                     **_s/ Robert E. Gerber_**
                     United States Bankruptcy Judge

C:\DOCUMENTS AND SETTINGS\ROBERTSA\DESKTOP\OMNI ORDERS\82ND\SUPPLEMENTAL ORDER (10-26) FOR 82ND OMNIBUS OBJECTION TO CLAIMS (FORMER EMPLOYEES REPRESENTED BY UAW)43548270.DOC

4

**Exhibit A**