**HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                :
In re                                                           :     **Chapter 11 Case No.**
                                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                       :     **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*                    :
                                                                :
                           Debtors.                             :     **(Jointly Administered**)
                                                                :
-----------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING
## DEBTORS' EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS
**(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)**

Upon the eighty-third omnibus objection to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees, dated August 20, 2010 (the "**Eighty-Third Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (Docket No. 4180], seeking entry of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for an obligation for which the Debtors have no liability, all as more fully

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Third Omnibus Objection to Claims.

described in the Eighty-Third Omnibus Objection to Claims; and due and proper notice of the Eighty-Third Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and responses to the Eighty-Third Omnibus Objection to Claims having been filed by Joyce A. Hartom [informal response] with respect to Proof of Claim Nos. 50938, 50939, 50940, and 50942 (the "**Hartom Claims**"), Balkrishna R. Patel [informal response] with respect to Proof of Claim No. 26871 (the "**Patel Claim**"), Robert R. Hickman [informal response] with respect to Proof of Claim No. 51346 (the "**Hickman Claim**"), Darlene M. Schneider [informal response] with respect to Proof of Claim Nos. 36256 and 36257 (the "**Schneider Claims**"), Linda K. Bellaire [Docket Nos. 6972 and 7076] with respect to Proof of Claim No. 62922 (the "**Bellaire Claim**"), David E. Turner [informal response] with respect to Proof of Claim Nos. 47967 and 47968 (the "**Turner Claims**"), Calvin H. Purnell [informal response] with respect to Proof of Claim No. 62124 (the "**Purnell Claim**"), Alfred McMullen [Docket No. 6968] with respect to Proof of Claim No. 30614 (the "**McMullen Claim**"), Paul Hansen [Docket No. 7044] with respect to Proof of Claim Nos. 28150 and 22745 (the "**Hansen Claims**"), Joseph Cobble, Jr. [Docket No. 7074] with respect to Proof of Claim No. 64959 (the "**Cobble Claims**"), Ronald J. Burisek [informal response] with respect to Proof of Claim No. 21540 (the "**Burisek Claim**"), and Renee F. Scott-Burisek [informal response] with respect to Proof of Claim Nos. 27405 and 27392 (the "**Scott-Burisek Claims**") (collectively, the "**Unresolved Claims**"); and a hearing having been held on September 24, 2010 at 9:45 a.m. at which the Court entered the Order Granting Debtors' Eighty-Third Omnibus Objection to Claims [Docket No. 7215], disallowing and expunging all claims listed on Exhibit "A" annexed to the Eighty-Third Omnibus

Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" (the "**Initial Claims**") with the exception of the Unresolved Claims; and the Eighty-Third Omnibus Objection to Claims with respect to the Unresolved Claims having been adjourned to October 26, 2010 at 9:45 a.m.; and the Debtors having resolved with the relevant parties the Hartom Claims, Patel Claim, Hansen Claims, Burisek Claim, and the Scott-Burisek Claims; and the Debtors having adjourned the Eighty-Third Omnibus Objection to Claims with respect to the Hickman Claim, Schnedier Claims, Bellaire Claim, Turner Claims, Purnell Claim, McMullen Claim and the Cobble Claim to December 2, 2010 at 9:45 a.m.; and the Court having found and determined that the relief sought in the Eighty-Third Omnibus Objection to Claims with respect to the Hartom Claims, Patel Claim, Hansen Claims, Burisek Claim, and the Scott-Burisek Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that the Eighty-Third Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

C:\DOCUMENTS AND SETTINGS\ROBERTSA\DESKTOP\OMNI ORDERS\83RD\SUPPLEMENTAL ORDER (10-26) FOR EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (WELFARE BENEFITS CLAIMS)43548281.DOC

3

heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the Eighty-Third Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      *November 16, 2010*

    *s/ Robert E. Gerber*
    United States Bankruptcy Judge

C:\DOCUMENTS AND SETTINGS\ROBERTSA\DESKTOP\OMNI ORDERS\83RD\SUPPLEMENTAL ORDER (10-26) FOR EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (WELFARE BENEFITS CLAIMS)43548281.DOC

4

# Exhibit A