# United States Bankruptcy Court
## Southern District of New York

| | |
|---|---|
| In re: | Chapter 11 |
| <u>Motors Liquidation Company</u> <u>(f/k/a General Motors Corporation)</u> | Case No. 09-50026 (REG) |
| | Jointly Administered |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a).  Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **<u>Contrarian Funds, LLC</u>** | **<u>Boyd Bryant Class Action Group</u>** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and address where notices to transferee should be sent: | Name and Current Address of Transferor: |
| Contrarian Funds, LLC<br>411 West Putnam Ave., Ste. 425<br>Greenwich, CT 06830<br>Attention:   Alisa Mumola<br>Telephone:   203-862-8211<br>Email: amumola@contrariancapital.com | Boyd Bryant Class Action Group<br>Wyly~Rommel, PLLC<br>Attn: Jim Wyly, Esq.<br>2311 Moores Lane<br>Texarkana, Texas 75504 |

**Total Allowed Amount of Claim: $12,000,000.00**
**Please see attachment.**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____***/s/ Alisa Mumola***_____    Date: _____November 18, 2010_____

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

## EVIDENCE OF TRANSFER OF CLAIM

Boyd Bryant Class Action Group (Settlement Class and Class Counsel, as defined in the Settlement Agreement And as authorized by the Judgment of November 3, 2010, in Debtor's Bankruptcy Case and Adversary Proceeding), its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated November 10, 2010, has hereby absolutely and unconditionally sold, transferred and assigned to Contrarian Funds, LLC its successors and assigns (collectively, "Assignee") the general unsecured claim (the "Claim"), in the allowed amount of $12,000,000.00, pursuant to that certain Judgment entered in SDNY Bankruptcy Case No. 09-50026 (REG) and Adversary No. 09-00508 (REG), against Motors Liquidation Company f/k/a General Motors Corp., et al., (the "Debtor") in the bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York, case no. 09-50026 (REG) and Adversary No. 09-00508 (REG)hereto or any other court with jurisdiction over such proceedings.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this 10 day of November 2010.

(Assignor)
BOYD BRYANT CLASS ACTION GROUP

By: [signature]
Name: James E. Wyly
Title: Class Counsel

(Assignee)
CONTRARIAN FUNDS, LLC
By: Contrarian Capital Management, L.L.C., as manager

By: _____
Name: _____
Title: _____

(Assignor)
WITNESS:

By: [signature]
Name: Sean F. Rommel
Title: Class Counsel

- 6 -

## EVIDENCE OF TRANSFER OF CLAIM

Boyd Bryant Class Action Group (Settlement Class and Class Counsel, as defined in the Settlement Agreement And as authorized by the Judgment of November 3, 2010, in Debtor's Bankruptcy Case and Adversary Proceeding), its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated November 10, 2010, has hereby absolutely and unconditionally sold, transferred and assigned to Contrarian Funds, LLC its successors and assigns (collectively, "Assignee") the general unsecured claim (the "Claim"), in the allowed amount of $12,000,000.00, pursuant to that certain Judgment entered in SDNY Bankruptcy Case No. 09-50026 (REG) and Adversary No. 09-00508 (REG), against Motors Liquidation Company f/k/a General Motors Corp., et al., (the "Debtor") in the bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York, case no. 09-50026 (REG) and Adversary No. 09-00508 (REG) hereto or any other court with jurisdiction over such proceedings.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this 10th day of November 2010.

(Assignor)  
BOYD BRYANT CLASS ACTION GROUP

By: _____

Name: _____

Title: _____

(Assignee)  
CONTRARIAN FUNDS, LLC  
By: Contrarian Capital Management, L.L.C., as manager

By: _____

Name: JANICE M. STANTON

Title: MEMBER

(Assignor)  
WITNESS:

By: _____

Name: _____

Title: _____

- 6 -

NYC01_84484009_2

HEARING DATE AND TIME: October 26, 2010 at 9:45 a.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*              :
:
                    Debtors.                               :    (Jointly Administered)
:
---------------------------------------------------------------x
:
**BOYD BRYANT, on behalf of himself and**   :    Adversary No. 09-00508 (REG)
    all others similarly situated,                     :
:
                    Plaintiffs,                             :
:
vs.                                                                :
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :
    f/k/a General Motors Corp., *et al.*              :
:
                    Defendants.                           :
---------------------------------------------------------------x

## JUDGMENT

That certain settlement agreement dated July 22, 2010, and amended August 5, 2010 (as amended, the "**Settlement Agreement**"), by and between the Debtors and class action plaintiff, Boyd Bryant ("**Bryant**"), on behalf of himself and a nationwide class of similarly situated persons, which has been executed by counsel on behalf of the Parties[1] to this action, provides for the resolution of disputes between the Debtors and the Settlement Class, subject to final approval by this Court of its terms and to the entry of this judgment (the "**Judgment**"). In that Settlement Agreement, the Debtors deny any wrongdoing, fault, violation of law, or liability for damages or relief of any sort, and they object to the certification of any class except

---

[1] All capitalized terms used in this Judgment shall have the same meaning as defined in the Settlement Agreement.

certification of the Settlement Class for settlement purposes only.

Pursuant to the Order of Preliminary Approval, entered August 9, 2010, the Court approved the Mailed Notice and Published Notice to be delivered in accordance with the Settlement Agreement and as set forth in that Order of Preliminary Approval, and also preliminarily approved the Settlement Agreement, conditionally certified the Class, approved of a cash disbursement in the amount of one hundred thousand dollars ($100,000.00) from the Debtors' bankruptcy estates, and set a date for a Fairness Hearing.

The Parties have applied to the Court for final approval of the Settlement Agreement, and the Parties have submitted this Judgment for entry.  A Fairness Hearing was held before the Court on October 26, 2010, to consider, among other things, whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and whether the Settlement Class should be finally certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

After considering: (i) the memoranda submitted by the Debtors, Bryant, and provisionally-designated Class Counsel on behalf of the Parties; (ii) the Settlement Agreement and all exhibits thereto; (iii) the record of this proceeding, including the evidence presented at the Fairness Hearing; (iv) the representations and arguments of counsel for the respective Parties; and (v) the relevant law based upon the findings of fact and law identified below and implicit in this Judgment,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Settlement Agreement is the product of good faith, arm's-length negotiations by the Parties, each of whom was represented by experienced counsel.

**A.    Certification of the Settlement Class.**

2.    The Court, solely for purposes of this settlement, adopts the following findings of the Arkansas Court:

(i)    The members of the Settlement Class are all so numerous that joinder of all members would be impracticable;

(ii)    Questions of law and fact exist that are common to the claims of the members of the Settlement Class;

(iii)    The claims and defenses of Bryant are typical of the claims of the Settlement Class;

(iv)    Bryant has fairly and adequately protected the interests of the Settlement Class and has fairly and adequately represented the Settlement Class;

(v)    Class Counsel are adequate, qualified, experienced, and competent to protect the interests of the Settlement Class, and in fact have fairly and adequately represented the interests of the Settlement Class;

(vi)    A class action is superior to other available methods for the fair and efficient adjudication of the action; and

(vii)    There are questions of law and fact common to the Settlement Class which predominate over any individual questions.

3.    In addition, where a class action has been certified prepetition, bankruptcy courts have deemed it unnecessary to conduct a class certification analysis. While this Court has conducted a certification analysis, the prepetition certification in the present case and the Parties' stipulations in the Settlement Agreement, solely for the purposes of this settlement, support the Court's approval of the Settlement Agreement. Accordingly, the Court finds that the Settlement Class, as proposed in the Settlement Agreement, meets all of the requirements for certification of

a settlement class under Rules 23(a) and 23(b)(2) of the Federal Rules, and, the Court, therefore, finally certifies the Settlement Class comprised of:

> Any "owner" or "subsequent owner" of 1999-2002 1500 Series pickups and utilities originally equipped with an automatic transmission and a PBR 210x30 Drum-in-Hat parking brake system utilizing a high-force spring clip retainer,[2] that registered his vehicle in any state in the United States.
>
> Excluded from the Settlement Class are the following individuals or entities:
>
> (i) Individuals or entities, if any, who timely opt out of this proceeding using the correct protocol for opting out that will be formally established by the Court;
>
> (ii) Any and all federal, state, or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;
>
> (iii) Any currently sitting Arkansas state court judge or justice in the current style and/or any persons within the third degree of consanguinity to such judge or justice;
>
> (iv) Any person who has given notice to GM, by service of litigation papers or otherwise, and alleged he or she has suffered personal injury or collateral property damage due to an alleged defect in any braking component, including the parking brake, in 1999-2002 1500 Series pickups and utilities originally equipped with an automatic transmission and a PBR 210x30 Drum-in-Hat parking brake system utilizing a high-force spring clip retainer; and
>
> (v) Any person, "owner", or "subsequent owner" whose GM vehicle was included in GM's July 2005 recall bulletin No. 05042, or any supplements or amended versions of that bulletin issued during 2005.

---

[2] The term "1999-2002 1500 Series pickups and utilities originally equipped with an automatic transmission and a PBR 210x30 Drum-in-Hat parking brake system utilizing a high-force spring clip retainer" refers to the following GM model-year and model coded vehicles equipped with automatic transmissions:

| | |
|---|---|
| 1500 Series Pickups: | C-K15703 (MY 99-02) |
| | C-K15753 (MY 99-02) |
| | C-K15903 (MY 99-02) |
| | C-K15953 (MY 99-02) |
| 1500 Series Utility: | C-K15706 (MY 00-02) |
| | C-K15906 (MY 00-02) |
| | C-K15936 (MY 02 only) |

4. The Court specifically finds that no excessive compensation award has been proposed for Class Counsel and that Class Counsel are fair and adequate representatives of the interests of the Class. Accordingly, the Court finally approves the designation of David W. Crowe and John W. Arnold of Bailey/Crowe & Kugler, LLP, and James C. Wyly and Sean F. Rommel of Wyly-Rommel, PLLC, as Class Counsel.

5. The Court specifically finds that Bryant, as Class Representative, has not received unduly preferential treatment and that Bryant, as Class Representative, is a fair and adequate representative of the interests of the Class with claims typical of members of the Class. Accordingly, the Court finally approves the designation of Bryant as the appointed Class Representative.

**B.     Notice to the Settlement Class Members.**

6. In accordance with the Settlement Agreement and the Order of Preliminary Approval, the Debtors mailed, at their cost and expense, the approved Mailed Notice in accordance with the terms of that Order of Preliminary Approval. The Class Representative and Class Counsel, in association with the Claims Administrator, further published the approved Published Notice in accordance with the Order of Preliminary Approval. The Class Representative and Class Counsel, in association with the Claims Administrator, also established a website and 1-800 number, which was identified in the approved Mailed and Published Notice, for the purpose of enabling members of the Class to obtain copies of the notice and to make inquiries with respect to the Settlement Agreement. The Court reaffirms and specifically finds that this notification was in full compliance with the notice requirements of due process, federal law, the Constitution of the United States, and any other applicable law.

    **C.**    **Approval of the Settlement Agreement under Rule 9019 of the Bankruptcy Rules and Rule 23(e) of the Federal Rules.**

    7.    Pursuant to Rule 9019 of the Bankruptcy Rules and Rule 23(e) of the Federal Rules, the Court finally approves the Settlement Agreement and all terms set forth therein and specifically finds that the Settlement Agreement, in all respects:

    (i)    Is fair, reasonable, and adequate;

    (ii)    Is in the best interests of the Debtors' estates and of all members of the Settlement Class;

    (iii)    Is the product of serious, informed, non-collusive negotiations;

    (iv)    Resulted from extensive arm's-length negotiations;

    (v)    Has no obvious deficiencies;

    (vi)    Does not improperly grant preferential treatment to the Class Representative or segments of the class; and

    (vii)    Falls within the reasonable range of approval.

    8.    Accordingly, the relief to be provided to the Settlement Class contained in the Settlement Agreement is hereby approved pursuant to and within the meaning of Rule 9019 of the Bankruptcy Rules and Rule 23 of the Federal Rules, and Plaintiffs are hereby granted an allowed general unsecured claim against MLC in the amount of twelve million dollars ($12,000,000.00).

    **D.**    **Cash Settlement Fund and Distributions to the Settlement Class.**

    9.    Pursuant to the Order of Preliminary Approval and the terms of the Settlement Agreement, the Debtors deposited the sum of one hundred thousand dollars ($100,000.00) cash into an Escrow Account established by Plaintiffs to be utilized by Class Counsel, on behalf of the Class, for the sole purpose of defraying Administration Expenses.

10. With respect to the Cash Settlement Fund and distributions to the Settlement Class, the Court specifically authorizes and directs Class Counsel and the Settlement Class to further administer the Cash Settlement Fund and otherwise make distributions to the Settlement Class in accordance with the Settlement Agreement as follows:

(i) Class Counsel is authorized to (1) sell, transfer, assign, and/or otherwise monetize the Allowed Claim, either individually or through a broker, and/or (2) monetize any shares, warrants, options, or other property received from Debtors as part of any chapter 11 plan in any commercially reasonable manner. The resulting cash proceeds from the foregoing activities shall be placed in the Escrow Account, and the Claims Administrator shall account for any and all disbursements from the Escrow Account.

(ii) Additionally, that Cash Settlement Fund will include either: (1) the cash proceeds resulting from any sale of shares, in the open market or otherwise, of New GM stock distributed from the Debtors' bankruptcy estates to satisfy the Allowed Claim, or (2) the cash proceeds resulting from any sale and/or assignment of the Allowed Claim to any third party.

(iii) Cash distributions to members of the Settlement Class will be made on a *pro rata* basis from that Net Cash Settlement Fund and will be allocated by the establishment of and in accordance with the following three settlement tiers:

- **Tier One.** On a *pro rata* basis, up to the amount of money actually spent by any Class Member to repair the defective Parking Brake within the warranty period (which is 3 years/36,000 miles, but a longer warranty period applies for Cadillacs). Must be an actual out-of-pocket expense, and proof of expenditure for Parking Brake repairs is required in order to receive this reimbursement.

- **Tier Two.** On a *pro rata* basis, up to $150.00 for any Class Member who actually spent money to repair the defective Parking Brake up to two (2) years beyond expiration of the vehicle's warranty period (which is 3 years/36,000 miles, but a longer warranty period applies for Cadillacs). Must be an actual out-of-pocket expense, and proof of expenditure for Parking Brake repairs is required in order to receive this reimbursement.

- **Tier Three.** For any Class Member who actually spent money to repair the defective Parking Brake more than two (2) years beyond the expiration of the vehicle's limited warranty period (which is 3 years/36,000 miles, but a longer warranty period applies for Cadillacs), on a *pro rata* basis, a payment of up to $75.00, but proof of expenditure for Parking Brake repairs is required in order to receive this reimbursement.

(iv)    Each Distribution Check shall be accompanied by a transmittal notice as more fully set forth in the Settlement Agreement. In order to obtain payment of any amount from the Net Cash Settlement Fund, members of the Settlement Class must endorse a Distribution Check and present it to a payor bank within thirty (30) days after the Distribution Date.

(v)    If any member of the Settlement Class fails to endorse a Distribution Check and to present it to a payor bank within thirty (30) days after the Distribution Date, the Claims Administrator shall stop payment of that Distribution Check and the amount represented by that Distribution Check shall constitute part of the Final Unclaimed Fund, as provided in the Settlement Agreement.

(vi)    Failure of a member of the Settlement Class to endorse a Distribution Check or to present it to a payor bank shall not relieve such member of the Settlement Class from the binding effect of the Final Judgment dismissing the Settled Claims with prejudice, or affect such member of the Settlement Class's release of Settled Claims.

    (vii) No member of the Settlement Class shall have any claim against the Settling Parties, Class Counsel, or Debtors' Counsel, based on distributions made substantially in accordance with the Settlement Agreement (including the Plan of Allocation) and any orders of this Court.

    (viii) Within thirty (30) days after the Distribution Date, the Claims Administrator shall certify to the Parties the amount in the Final Unclaimed Fund, including all funds unused for the payment of claims, plus all interest accrued.

    (ix) The Circuit Court of Miller County, Arkansas will have the exclusive right, ability and power to issue orders, judgments, or decrees effecting the distribution of the Final Unclaimed Fund.

    (x) As set forth more fully in the Settlement Agreement, Class Counsel shall, upon written request, and within ten (10) days after such written request, be required to account to Debtors for all disbursements or payments from the Escrow Account.  Any unused portion of the $100,000.00 placed in the Escrow Account, that was used to defray Administration Expenses, shall be returned to the Debtors within thirty (30) days after the duties of the Claims Administrator have been concluded.

  **E.** **Objections to the Settlement Agreement and Proposed Settlement.**

  11. To date, no objections or opt-outs to the Settlement Agreement have been filed.  The lack of same is a basis for approving the settlement.

  **F.** **Release and Dismissal.**

  12. As of the Effective Date, all members of the Settlement Class, on behalf of themselves, their successors, heirs, and assigns, shall be deemed to have released all of their Settled Claims, and shall be forever barred from prosecuting any action against the Released Parties based on or arising out of the Settled Claims.  The release, as more fully set forth in the

Settlement Agreement releases and discharges the Released Parties from the Settled Claims and any all liability of the Released Parties with respect to Settled Claims.

13. The release, effective as of the Effective Date, of Settled Claims by the members of the Settlement Class also releases all claims of Class Counsel against the Released Parties with respect to or arising from the Settled Claims.

14. Subject to Paragraphs 1.7, 1.44, 1.47, and 2.1(f) of the Settlement Agreement, the Court hereby dismisses with prejudice all Settled Claims by all members of the Settlement Class and their successors and assigns as against the Released Parties.

15. This Section F shall apply to the members of the Settlement Class, their successors, heirs, and assigns, regardless of whether or not any individual member of the Settlement Class receives notice of the settlement or receives, cashes, or deposits a Distribution Check.

**G.    Appeal.**

16. This Judgment is a final decision and is appealable pursuant to 28 U.S.C. § 1291.

**H.    Continuing Jurisdiction.**

17. Notwithstanding the entry of this Judgment, the Court shall retain continuing jurisdiction over the Settling Parties, but only with respect to the matters between the Settling Parties addressed in the Judgment.

18. The Court's continuing jurisdiction shall include jurisdiction to order injunctive relief for the purposes of enforcing, implementing, administering, construing, and interpreting the Settlement Agreement.

19. Notwithstanding the foregoing, the Circuit Court of Miller County, Arkansas, shall have the exclusive right, ability, power, and jurisdiction to issue orders, judgments, or decrees effecting the distribution of the Final Unclaimed Fund.

## I. Attorney Fee Award, Costs, and Incentive Award.

20. Subject to the terms of the Settlement Agreement and those restrictions further set forth in this Paragraph 20, Class Counsel is entitled to an Attorney Fee Award not to exceed the amount of 33 percent (33%) of the Allowed Claim or four million dollars ($4,000,000.00) cash, whichever is greater. The Court approves the process by which Class Counsel is paid as set forth in the Settlement Agreement, whereby Class Counsel will initially be paid thirty-three percent (33%) of the Cash Settlement Fund, which shall be the cash proceeds of the Allowed Claim; thereafter, in the event a Final Unclaimed Fund exists, and Class Counsel's initial attorney fee payment was less than $4,000,000.00 cash, and members of the Settlement Class with approved claims have been, to the extent possible, made one hundred percent (100%) whole with respect to their claimed out-of-pocket expenditures for Parking Brake repairs, Class Counsel may then receive up to the difference between the initial attorney fee payment and $4,000,000.00 cash. The Court specifically finds this Attorney Fee Award to be reasonable and within the range of attorney fee awards customarily awarded in similar circumstances and to meet all fee criteria set forth in *Goldberger v. Integrated Research, Inc.*, 209 F.3d 43, 47-50 (2d Cir. 2000) and hereby finally approves of the same.

21. Class Counsel is entitled to reimbursable costs and expenses of two hundred seventy nine eight hundred eighty-eight thousand dollars and twenty-eight cents ($279,888.28) cash, which the Court finds is reasonable and within the range of reimbursable costs and expenses customarily awarded in similar circumstances.

22. Bryant is entitled to an Incentive Award of ten thousand dollars ($10,000.00) cash, which the Court finds is reasonable and within the range of incentive awards customarily awarded in similar circumstances.

**J.     Material Modification.**

23.     Subject to Paragraph 3.1 of the Settlement Agreement concerning modifications to the Attorney Fee Award, Reimbursable Costs and Expenses Awarded, and an Incentive Award to Bryant, in the event that the terms of the Settlement Agreement or this Judgment are materially modified upon any appeal, either Party may seek to set aside this Judgment upon application to this Court within twenty (20) days of such material modification.

Dated:  New York, New York
        *November 3, 2010*

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge