**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, | ) | Case No. 09-50026 (REG) |
| et al., f/k/a General Motors Corp., et al. | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**OBJECTION OF CERTAIN ASBESTOS CLAIMANTS TO SUBPOENAS FOR BANKRUPTCY CLAIM FORM INFORMATION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY**

BRAYTON❖PURCELL LLP, on behalf of all Claimants it represents, has previously joined the Objection Filed by Certain Mesothelioma Claimants to the Subpoena Issued by the Official Committee of Unsecured Creditors to Certain Asbestos Settlement Trust and Claims Processing Facilities filed on November 8, 2010.

Additionally, 36 Certain Claimants, as identified in the attached Exhibit A, hereby object to the Official Committee of Unsecured Creditors of Motors Liquidation Company's ("Committee") subpoenas to the "Claims Processing Facilities" as defined in Judge Gerber's August 24, 2010 Order ("Order"), attached as Exhibit B.

Claimants identified in the attached Exhibit A have not filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma, and therefore are not "Mesothelioma Claimants" as defined in the Order. As such, Claimants object on the grounds and to the extent that the Committee's subpoenas exceed the scope of the Order.

Dated: November 19, 2010                             BRAYTON❖PURCELL LLP

                                                     By: /s/ Matthew Lee
                                                     Matthew Lee
                                                     Attorneys for Certain Claimants

# Exhibit A

| | |
|---|---|
| 1 | Aguirre, Roy |
| 2 | Anderson, Max |
| 3 | Battey, Jessie |
| 4 | Best, Joseph |
| 5 | Bourn, William |
| 6 | Bratcher, Herbert |
| 7 | Campbell, Daniel |
| 8 | Della Donna, Katherine |
| 9 | Dornblaser, Norman |
| 10 | Gromo, Paul |
| 11 | Hollier , Willard |
| 12 | Hoobyar, David |
| 13 | Jackson, Leonard |
| 14 | Jenkins, Raymond |
| 15 | Jones, Lawrence |
| 16 | Kearney, James |
| 17 | Martin, Denny |
| 18 | Michels, Robert |
| 19 | Moore, Julius |
| 20 | Nelson, Richard |
| 21 | Nunes, Donald |
| 22 | Nunez, Guadalupe |
| 23 | Pacheco, George |
| 24 | Perez, Sr., Edward |
| 25 | Robertson, Billy |
| 26 | Schellinger, Thomas |
| 27 | Schultz, Gary |
| 28 | Simms, Harold |
| 29 | Stromberg, Rex |
| 30 | Surprenant, John |
| 31 | Thompson, Donald |
| 32 | Tims, Lester |
| 33 | Tonelli, Robert |
| 34 | Wallace, David |
| 35 | Winger, Richard |
| 36 | Young , Morris |

# Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.,                          :
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X

**ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS
LIQUIDATION COMPANY TO OBTAIN DISCOVERY FROM (I) THE
CLAIMS PROCESSING FACILITIES FOR CERTAIN TRUSTS CREATED
PURSUANT TO BANKRUPTCY CODE SECTION 524(g), (II) THE TRUSTS,
AND (III) GENERAL MOTORS LLC AND THE DEBTORS**

This matter coming before the Court on the Motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") of the above-captioned debtors and debtors-in-possession for an Order, pursuant to Bankruptcy Rule 2004, authorizing the Creditors' Committee to serve document subpoenas on (1) the Delaware Claims Processing Facility and Claims Resolution Management Corporation (the "**Claims Processing Facilities**") with respect to certain information relating to the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, the DII Industries, LLC Asbestos PI Trust, the United States Gypsum Asbestos Personal Injury Settlement Trust and the Manville Personal Injury Settlement Trust (collectively, the "**Trusts**"),[1] and (2) the Debtors and General Motors LLC ("**GM**"); the Court having reviewed and

---

[1] The UCC has withdrawn its Motion as regards any and all information of or pertaining to the Celotex Trust.

considered the Motion and accompanying papers, all responses and objections submitted thereto, the Creditors' Committee's reply in further support of the Motion, including the modifications to the requested relief set forth therein (the "**Reply**"), and the record at the hearing on the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion and the hearing on the Motion were appropriate and no further notice thereof is necessary; the parties having agreed upon the terms of a confidentiality stipulation and proposed order, and having submitted that stipulation and proposed order to the Court for approval; and the parties having represented to the Court that they have begun discussions concerning whether it would be reasonably feasible to design the terms of a protocol (an "**Anonymity Protocol**") that would enable the Creditors' Committee to obtain the information it seeks from the Claims Processing Facilities and/or the Trusts in a form that maintains the anonymity of the claimants whose data is produced, while at the same time enabling the Creditors' Committee and other parties to a potential contested estimation hearing in these cases to make use of such information in the manner described in the Motion and at the August 9, 2010 hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. For the reasons stated on the record at the hearing of August 9, 2010, the Motion, as modified by the Reply, is GRANTED to the extent set forth herein.

2. As used in this Order, the term "**Mesothelioma Claimants**" shall mean all claimants specified by the Creditors' Committee who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma.

3. Within two business days after the entry of (i) this Order and (ii) a confidentiality order (the "**Confidentiality Order**") governing the treatment of information produced in accordance with this Order, the Debtors and GM, as applicable, are ordered to produce the names and complete Social Security Numbers, to the extent available, of all claimants who filed a pre-petition asbestos personal injury lawsuit against one or more of the Debtors (the "**SSN Information**"), without the need for service of any document requests or subpoenas, to the estimation experts retained in this case by the Creditors' Committee, the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**"), the Future Claims Representative, and the Debtors, respectively – namely, Bates White LLC ("**Bates White**"); Legal Analysis Systems, Inc.; Analysis, Research and Planning Corporation; and Hamilton, Rabinovitz & Associates, Inc. The SSN Information shall be provided in an electronic format, linked to the other data contained in the asbestos claims database that the Debtors and GM have previously furnished to these estimation experts.

4. As soon as reasonably practicable, but in any event not more than three days after its receipt of the SSN Information, Bates White shall provide to the Claims Processing Facilities and the Trusts, by email, a list of names of the Mesothelioma Claimants, together with certain other identifying information (including their Social Security Numbers to the extent provided by the Debtors or GM).

5. Upon the passage of two weeks' time from the entry of (i) this Order and (ii) the Confidentiality Order, and subject to the provisions of paragraphs 8 and 9 below, the Creditors' Committee is authorized to serve document subpoenas (the "**Subpoenas**") by email on counsel for the Claims Processing Facilities and Trusts, pursuant to Rule 2004, directing the production of the following information with respect to each Trust (the "**Trust Information**"), in searchable

electronic form, by the later of (i) 20 days after service of the Subpoenas, (ii) five days after the Court enters an order resolving any objections filed by the Mesothelioma Claimants, or (iii) such greater amount of time as the Creditors' Committee, the Trusts, the Claims Processing Facilities and the Debtors may agree: (a) the claim information electronically maintained by the Trust(s) in current datafield format for each identifiable Mesothelioma Claimant, as supplied by each claimant and/or his or her counsel to the Trust(s), but excluding medical and financial information (other than date of mesothelioma diagnosis) and medical and financial records; (b) the amounts paid to each Mesothelioma Claimant by each Trust; and (c) the claim status of each Mesothelioma Claimant who filed a claim against any Trust but has received no recovery from that Trust (i.e., whether that claim is still pending or has instead been dismissed).

6.  As soon as reasonably practicable, but in any event not more than eight business days after the Creditors' Committee's service of the Subpoenas, the Claims Processing Facilities and/or the Trusts shall provide notice of this Order to all identifiable Mesothelioma Claimants who have filed a claim against one or more of the Trusts, or to such claimants' counsel, by e-mail, or by First Class Mail if email is not available, based on the last-known addresses maintained in the Trusts' or the Claims Processing Facilities' records, substantially in the form attached hereto as **Exhibit A**. Mesothelioma Claimants shall have two weeks from the date of that notice (the "**Objection Deadline**") to file an objection with this Court to the disclosure of the information sought in the Subpoenas. Subject to the right of Mesothelioma Claimants to be heard pursuant to the above-described objection procedure, the Trust(s) and its claims processing facility shall not be subject to any actions, claims, or demands by Mesothelioma Claimants or any other Party as a result of their good faith compliance with this Order.

7. The Court shall retain exclusive jurisdiction to hear any objections filed by the Mesothelioma Claimants to the Subpoenas. In the event any such objections are filed, the Creditors' Committee and other parties in interest shall file any responses thereto within five business days after the Objection Deadline, and a hearing on the objections shall be scheduled, at the convenience of the Court, as soon as practicable thereafter.

8. Prior to service of the Subpoenas, the Creditors' Committee, the Claims Processing Facilities, the Trusts, the Asbestos Claimants Committee, the Future Claims Representative, the Debtors and GM shall continue their efforts to reach agreement on the terms of an Anonymity Protocol. In the event that the foregoing parties reach agreement on the terms of an Anonymity Protocol prior to service of the Subpoenas, the Creditors' Committee shall not issue the Subpoenas, and the parties shall instead submit to the Court a stipulation and proposed order embodying the terms of the Anonymity Protocol.

9. In the event the Creditors' Committee, the Claims Processing Facilities, the Trusts, the Asbestos Claimants Committee, the Future Claims Representative, the Debtors and GM are unable to reach agreement, within two weeks' time from the entry of (i) this Order and (ii) the Confidentiality Order, on the terms of an Anonymity Protocol, the Creditors' Committee is authorized to issue the Subpoenas; provided, however, that if an Anonymity Protocol has been proposed and any of the other foregoing parties believes the Creditors' Committee has unreasonably refused to agree to its terms, such other party may so notify the Court and, in the event of such notification, the Creditors' Committee shall not issue the Subpoenas pending further direction from the Court.

10. The Claims Processing Facilities and the Trusts shall be entitled to prompt reimbursement for their reasonable out-of-pocket costs of producing information in accordance

with this order, but shall not be entitled to reimbursement for overhead, other fixed costs, or attorney's fees. To receive reimbursement in accordance with this Order, the Claims Processing Facilities (each for itself and, if applicable, for any of the Trusts) and/or the Trusts shall submit invoices to the Debtors, with copies to the Creditors' Committee, itemizing their expenditures, and the Debtors shall reimburse such expenditures to the extent they are reasonable and consistent with the terms of this Order. In the event of a dispute over such reimbursement, the Claims Processing Facilities and Trusts may seek relief from the Court, on notice to the Debtors, and the Creditors' Committee.

11. As soon as reasonably practicable, but in any event within 20 business days after the entry of (i) this Order and (ii) the Confidentiality Order, the Debtors and GM, as applicable, are ordered to produce, to the extent available, to the Creditors' Committee, the Asbestos Claimants Committee, and the Future Claims Representative, without the need for service of document requests or subpoenas by the Creditors' Committee, the complaints, case-specific interrogatory responses served by plaintiffs, and transcripts of the depositions of the plaintiffs in the approximately 650 Mesothelioma Cases identified on the list that the Creditors' Committee has provided to the Debtors and GM (the "**Case File Documents**"). All reasonable fees and expenses incurred in connection with the production of the Case File Documents by attorneys who represented the Debtors in the 650 Mesothelioma Cases prior to the commencement of these cases shall be paid by the Debtors' estates, whether or not such firms have been retained in these chapter 11 cases pursuant to an order of the Court.

12. Nothing contained herein shall prejudice the Creditors' Committee's rights under Bankruptcy Rule 2004 and other applicable laws to request further document productions and

written and oral examinations in connection with these Chapter 11 cases or the rights of any other person to object to any such request on any ground .

13.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       August 24, 2010

                                        s/ Robert E. Gerber
                                        UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :    Case No. 09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.                          :    (Jointly Administered)
         f/k/a General Motors Corp., et al                  :
                                                            :
                      Debtors.                              :
------------------------------------------------------------x

## NOTICE

[INSERT DATE]

You are receiving this notice because you or your client filed a claim against the [INSERT TRUST NAME] Trust(s) (the "Trust(s)") and certain information concerning the claim that you or your client submitted to the Trust(s) is subject to a court-authorized subpoena. More specifically, the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Motors Liquidation Company (formerly known as General Motors Corporation) filed in the above-captioned proceeding a Motion for an Order Pursuant to Bankruptcy Rule 2004 Directing Production of Documents by the Claims Processing Facilities for Certain Trusts Created Pursuant to Bankruptcy Code Section 524(g) (the "Motion"). The Honorable Robert E. Gerber granted that Motion over the objections of the Trust(s), among others, and has issued an Order authorizing the Creditors' Committee to issue a subpoena to the Trust(s) and its claims processing facility commanding the production of the following information in electronic form:

> (a) the claim information electronically maintained by the Trust(s) in current datafield format for each identifiable claimant who filed a pre-petition asbestos personal injury lawsuit against one or more of the Debtors for mesothelioma (each a "Mesothelioma Claimant," and collectively the "Mesothelioma Claimants"), as supplied by each claimant and/or his or her counsel to the Trust(s), but excluding medical and financial information (other than date of mesothelioma diagnosis) and medical and financial records; (b) the amounts paid to each Mesothelioma Claimant by each Trust; and (c) the claim status of each Mesothelioma Claimant who filed a claim against any Trust but has received no recovery from that Trust (i.e., whether that claim is still pending or has instead been dismissed).

A copy of the Creditors' Committee's subpoena is enclosed with or annexed to this Notice. A copy of Judge Gerber's Order, dated [INSERT DATE], also is enclosed with or annexed to this Notice. The disclosure and use of any information provided in response to the Creditors' Committee's subpoena will be subject to a Confidentiality Agreement and Protective Order, which also is enclosed with or annexed to this Notice.

A complete copy of the transcript of the Court's August 9, 2010 hearing may be found at [WEBSITE ADDRESS]. Please note that the Court's ruling appears at pages 98-107 of the

907365.8

transcript, and that pages 104-05 of the transcript address the Court's contemplated objection procedure.

If you object to the disclosure of information related to your or your client's claim against the Trust(s), you must file any and all such objection(s) with The Honorable Robert E. Gerber, U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, so as to be received by the Court <u>on or before fourteen (14) days after the date of this notice</u> – i.e., by [DATE]. A copy of any such objection(s) must also be mailed by First-Class Mail on or before [SAME DATE] to Philip Bentley, Esq., Kramer, Levin, Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036. All objections must be clearly marked with the above-captioned case name and index number.

Failure to file a timely objection with the Court may result in the waiver of any and all objections to the Creditors' Committee's subpoena. Please do <u>not</u> send any objections to the Trust(s), as any such objections must be made directly to the Court. As indicated in the accompanying Order, subject to the right of Mesothelioma Claimants to be heard pursuant to the above-described objection procedure, the Trust(s) and its claims processing facility shall not be subject to any actions, claims, or demands by Mesothelioma Claimants or any other Party as a result of their good faith compliance with that Order.

2

907365.8

## CERTIFICATE OF SERVICE

Pursuant to the Court's Order, this notice of the filing of the foregoing Objection to Certain Asbestos Claimants to Subpoenas for Bankruptcy Claim Form Information by the Official Committee of Unsecured Creditors of Motors Liquidation Company has been served by electronic mail upon parties on the Official Service List on November 19, 2010. The Document listed above is also served via first class U.S. Mail, postage prepaid on the parties designated on the following:

Philip Bentley, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Dated: 11-19-10

Kaishea Kegley

**In Re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al., Debtor**
United States Bankruptcy Court Case No. 09-50026 (REG) for the Southern District of New York
Chapter 11