# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | ☒ Motors Liquidation Company, Case No. 09-50026 |
|---|---|
| RECEIVED NOV 16 2010 U.S. BANKRUPTCY COURT, SDNY | ☐ MLC of Harlem, Inc., Case No. 09-13558 |
| | ☐ MLCS, LLC, Case No. 09-50027 |
| | ☐ MLCS Distribution Corporation, Case No. 09-50028 |
| | ☐ Remediation and Liability Management Company, Inc., Case No. 09-50029 |
| | ☐ Environmental Corporate Remediation Company, Inc., Case No. 09-50030 |
| Creditor Name and Address: | DOW CORNING CORPORATION<br>2200 W. SALZBURG ROAD<br>MAIL C01282<br>MIDLAND, MI 48686 |
| Claim Number (if known): | |
| Date Claim Filed: | 11/24/2009 |
| Total Amount of Claim Filed: | Unknown |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: 11/10/2010

Print Name: Jeanne D. Dodd

Title (if applicable): Vice President

US_ACTIVE:\43219392\02\72240.0639

## DEFINITIONS

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Court, Name of Debtor and Case Number:*
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case form the court, all of this information is near the top of the notice.

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

---

This form must be filed with the clerk of the Bankruptcy Court for the Southern District of New York. Filing may be accomplished by mailing this form to Clerk, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408. Alternatively, attorneys with an ECF password may file this form electronically. A copy of the form should also be sent to Motors Liquidation Company c/o AlixPartners, Attn: Tim Neis, 500 Renaissance Center, Suite 1400, Detroit, MI 48243, or via email to TNeis@alixpartners.com, or via facsimile to


COPY

03000397
APS0668982423

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One):
☒ Motors Liquidation Company (f/k/a General Motors Corporation)     Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)     09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)     09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)     09-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Your Claim is Scheduled As Follows:**

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): **DOW CORNING CORPORATION**

**Name and address where notices should be sent:**
C/O STEPHEN V. MOSER, ASST GEN COUNSEL
DOW CORNING CORP
2200 W SALZBURG RD, MAIL #C01282
PO BOX 994
MIDLAND, MI 48686-XXXX-0994

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 989-496-5843
Email Address: STEVE.MOSER@DOWCORNING.COM

**Name and address where payment should be sent** (if different from above):
SAME AS ABOVE

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  Unknown  *See Addendum

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Environmental Liabilities
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:
**Value of Property:** $ UNKNOWN    **Annual Interest Rate** ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $____
**Basis for perfection:** _____
**Amount of Secured Claim:** $ UNKNOWN    **Amount Unsecured:** $ UNKNOWN

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.    * See Addendum

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case — 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other — Specify applicable paragraph of 11 U.S.C. § 507(a)( ).
**Amount entitled to priority:**
$ _____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Date:** 11/23/09   **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

JEANNE D. DODD, VP, REGULATORY COMPLIANCE & DEPUTY GENERAL COUNSEL

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO: THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number:**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.**

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are:

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form, please contact AlixPartners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com.

### INFORMATION

## ADDENDUM TO PROOF OF CLAIM

1.  Dow Corning Corporation ("Claimant") is a creditor of Motors Liquidation Company f/k/a General Motors Corporation ("Debtor") pursuant to, *inter alia*, the LDI PRP Agreement, dated November 10, 1988 and amended from time to time ("Agreement"), relating to the Liquid Disposal, Inc. Superfund Site in Shelby Township, Michigan ("Site"). Debtor, Claimant and other parties are members of the LDI PRP Group ("Group") created under the Agreement. Debtor and each other member of the Group are alleged by the United States Environmental Protection Agency ("EPA") to have arranged for the disposal of hazardous substances at the Site, which subsequently were released into the environment.

2.  The Agreement contains confidential and sensitive information. To preserve the confidentiality of such information and avoid the harms to Debtor and Claimant that could attend public disclosure of the Agreement, the Agreement is not attached hereto. Claimant presumes that Debtor, as counterparty to the Agreement, is in possession of the Agreement and is familiar with its terms. If Debtor does not have a copy of the Agreement and requires a copy of the Agreement to carry out its statutory duty in this bankruptcy proceeding, then Claimant will provide Debtor with a copy of the Agreement upon request and upon implementation of acceptable procedures and agreement designed to protect the confidentiality of the Agreement.

3.  The Agreement was entered into in relation to certain environmental liabilities of Debtor, Claimant, other members of the Group, and other potentially responsible parties with respect to the Site, arising under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, *et seq*. ("CERCLA"), under the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq*. ("RCRA"), under a judicial consent decree entered by each member of the Group and the EPA ("EPA Consent Decree"), and under a judicial consent decree entered by each member of the Group and the State of Michigan ("Michigan Consent Decree"). To date, the Group has incurred several million dollars in costs, and will continue to incur significant additional costs, under the Agreement, CERCLA and RCRA for work and EPA cost reimbursement required by the EPA Consent Decree, and for natural resource damages and State of Michigan cost reimbursement required by the Michigan Consent Decree.

4. Debtor, Claimant and each other member of the Group are responsible for paying a specific allocated percentage of the costs incurred by the Group as provided in the Agreement. Claimant has paid, and is obligated to continue to pay, its allocated percentage of those costs. Without Debtor's participation in the Agreement and payment of its specified percentage of costs, Claimant and each other member of the Group will be responsible for a proportionate share of the costs allocable to, but unpaid by, Debtor. Additionally, under CERCLA, RCRA, the EPA Consent Decree and the Michigan Consent Decree, Debtor's liability for these costs may be joint and several.

5. Claimant is entitled to a claim against Debtor for all amounts that have been or may be paid or payable by or assessed against Claimant on account of Claimant's proportionate share of all past and future costs allocated to, but unpaid, by Debtor under the Agreement, CERCLA and RCRA for work and EPA cost reimbursement required by the EPA Consent Decree, and for natural resource damages and State of Michigan cost reimbursement required by the Michigan Consent Decree. The amount or potential amount of such claim is currently unknown. The potential amount of Debtor's obligation to Claimant that may be secured is also currently unknown.

6. To the extent that any of the claims set forth herein, in whole or in part, or any component thereof, arise or relate in any manner to the period on or after the date of Debtor's bankruptcy petition, Claimant asserts that such claims (or portion thereof) are entitled to priority pursuant to Sections 503 and 507 of the Bankruptcy Code.

7. To the extent that Debtor asserts claims against Claimant of any kind, Claimant reserves the right to assert that such claims by Debtor are subject to rights of setoff and/or recoupment ("Setoff Rights") which rights are treated as secured claims under the Bankruptcy Code. At the time of the filing of this Proof of Claim ("Claim"), Claimant is not aware of any claims of any kind by Debtor against Claimant. Claimant reserves its right to assert the Setoff Rights.

8. Claimant expressly reserves the right to amend, modify, and/or supplement this Claim at any time for whatever reason, including, without limitation, for the purpose of filing additional claims and requests for

payment and/or to specify the amount of Claimant's contingent, unmatured, and/or unliquidated claims as they become non-contingent, matured and/or liquidated. By filing this Claim, Claimant does not waive, and hereby expressly reserves, its right to pursue claims and requests for payment, including but not limited to, the claims and requests for payment described herein against Debtor based upon alternative legal theories.

9. The Claim shall be deemed brought against all jointly administered debtors in these proceedings because Claimant does not know the extent, if any, to which liability for the Claim has been transferred between or among, or assumed by, the jointly administered debtors. Nothing herein shall prejudice Claimant's right, and Claimant expressly reserves its right, to file a new proof of claim or an amended proof of claim reflecting a different jointly administered debtor as the actual debtor against which the Claim arises.

10. By filing this Claim, Claimant does not consent to the jurisdiction of this Court to hear any proceeding, motion or other matter related to the Claim or any other rights of Claimant apart from the Claim, and the Claim shall not be deemed to constitute such consent.

54736v.1