John Lewis Mealer, Pro Per (Pro Se)
6333 Gardenia Lane
Show Low, Arizona 85901
928-532-8191
jlmealer@yahoo.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LEWIS MEALER | ) Case No: 3:10-cv-08172-JWS )  |
| PLAINTIFF/Movant <br> vs <br> **GMAC MORTGAGE LLC** and CEO DAVID APPLEGATE, **GMAC FINANCIAL SERVICES**, GMAC LLC and CEO MICHAEL CARPENTER, GENERAL MOTORS CORPORATION., GENERAL MOTORS COMPANY and CEO EDWARD WHITACRE JR, MOTORS LIQUIDATION COMPANY, **RESIDENTIAL CAPITAL LLC** and CEO THOMAS MARANO, GM ENGINEER KRIS J KORDELLA, JANE DOE, JOHN DOE, et al. <br> DEFENDANTS/Respondant | ) **PLAINTIFF'S OBJECTIONS and REPLY TO DEFENDANT'S GMAC MORTGAGE LLC, RESIDENTIAL CAPITAL., LLC, AND GMAC FINANCIAL SERVICES ("GMACM") *MOTION TO STRIKE*** <br> ) ***PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO STRIKE*** <br> ) **(ORAL ARGUMENT AND COMPELLED DISCOVERY REQUESTED)** |

### PLAINTIFF'S OBJECTIONS and REPLY TO GMACM MOTION TO STRIKE and PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO STRIKE

1.    Plaintiff/Movant, John Lewis Mealer, (herein "MEALER") pursuant Local Rule of Civil Procedure 7.2(m)(2) and 7.1(m)(1) defensively responding and objecting to "GMACM" MOTION TO STRIKE" and in response to their varied statement(s) of material facts including their submission of untimely evidence submitted by GMACM as final, proper rulings (re: defense of res judicata), does hereby Move the Court for good reasons herein, to DENY defendant "GMACM" November 4, 2010 "**Motion to Strike**" [this pro se plaintiff's] Documents 27, 28 and 29 from the record. MEALER has defeated defendant's misapplication of the law, and GMACM' misdirection intentionally presented to this court and "GMACM"

-1-

perpetuation and attempted concealment from record of their tortious and criminal activity against this injured debtor turned plaintiff/movant. Simply put, "GMACM" is moving to prevent this plaintiff from his day in court to be heard on the merits of this complaint.

2.  MEALER's Motion now before the court is based on the attached Memorandum of Points and Authorities filed and served concurrently, all pleadings (various repeated and new case law and USC) and papers on file herein, and upon such oral and documentary evidence as may be presented at a hearing on this Motion if necessary and upon new evidence that cannot be discovered through due diligence but only upon compelled discovery.

3.  Clearly, MEALER has truly never intended to inundated this court with unwarranted documents, but has only responded to the multiple defendant's large quantity of motions and documents in what this unsophisticated litigant believes to be proper procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

### II. FACTS AND PROCEDURAL HISTORY

4.  This case originated when an "Old GM" engineer (Mr. Kordella as "MONEY01") and multiple GM and GMACM employees visited MEALER's prospective funding website and left malicious comments which were immediately sent out worldwide to prospective investors which would have funded the expansion and production of the MEALER AUTOMOBILE, motorcycles and power source. Mr. Kordella's entered the Mealer Companies funding website last of three other employees and agents by typing in the URL directly and not from any other website. These actions have been admitted and are not alleged.

5. Mr. Kordella acted maliciously and made clearly malicious statements intended to destroy Mealer's reputation and the Mealer Companies prospective funding which was sent out immediately via RSS feed to prospective investors and without apology for multiple days, and with the most ill intent as per the very wording of his injurious falsehood prospective advantageous interference oriented attack [in part] *"...wishing you all the worst the world could give such a self-serving, pathetic, moron..."* Mr. Kordella, who was acting as GMACM agent via the GMACM owned "ISP" while employed by GM followed the initial statements with direct injurious falsehood and destructive emails to new prospects.

6. MEALER suffered from the public postings of these injurious falsehoods which were completed through the "ISP" owned by GMAC and jointly owned by GMAC Mortgage and the GM LLC. MEALER's prospective funding was lost and MEALER's business and personal reputation has been reduced to ridicule and contempt and continues to be destroyed by the defendant's refusal to remove these postings. Mr. Kordella offered a private (rather than public) apology after MEALER went to the Old GM investor board and MEALER placed this apology on the website with an attempt to stem the damage done to future prospective investors. Plaintiff believes and can prove with discovery that not only has GMACM and Old GM intentionally created this loss of funds, but that New GM (GM LLC aka GM Company) has intentionally perpetuated the antitrust issue and is not immune to antitrust violations (according to the very documents drafted by Hon Gerber of the NY South Dist Bk Court) pursuant the GM Corp (MLC) bankruptcy "363 Sale" to New GM.

7. Mealer Companies website Internet Statistical Counter, "Statcounter," records true and actual visits of all mealercompanies.com website visitors including the Old GM

-3-

engineers/employees who are GMACM agents, during their virtual entrances, exits and pages they had visited "timing schedule" and the method by which they entered this plaintiff's business growth funding website and computer details such as screen resolution and location and does prove without a doubt that <u>Mr. Kordella DID NOT enter from a separate "blog" site as claimed by both GM LLC, GMACM and Mr Kordella himself.</u> Instead, Mr. Kordella entered with the malicious intent to destroy, directly by typing in the mealercompanies.com URL, and appears to have been directed to the website by at least two other GM employee who were also acting as a GMACM agents through the Cross-Collateralized Omnibus Agreement between the jointly owned and administered companies [as detailed within MEALER's August 10th, 2010 served complaint. The injurious falsehoods immediate, irreparable damage posted and sent out RSS Feed by Old GM employee and GMACM agent status via Mr. Kordella have been renewed and made into new incidents whether intentionally or through negligence by the New GM after July 10th, 2009, as will be proven in the appeal upon forced disclosure to meet the lacking FRCP 12(b)(6) requirements.

8.  The obvious "placating cover-up for the professional destruction" posted as Mealer Companies acceptance of Mr. Kordella's demanded and what ultimate became a pseudo-apology was done after the RSS Fed injurious falsehood comments had already destroyed and irreparably damaged and interfered with MEALER's prospective investors as well as Mr. Kordella's injurious falsehoods uttered maliciously in direct emails to interested parties and prospective customers and investors.

9.  SPECIAL NOTICE TO COURTS AND ALL DEFENDANTS, as has been affirmed by this honorable court, on June 8th, 2010 Plaintiff filed a preliminary complaint to park

-4-

in Superior court while perfecting and serving on Aug 10th, 2010 an amended complaint titled "CIVIL COMPLAINT FOR TORT, CRIMES JURY TRIAL DEMANDED FIRST AMENDED COMPLAINT *AFFIDAVITS I, II, III*" to the parties listed on the face of this document.

Responding defendants continue to abuse the legal process to the financial and emotional injury of this movant while responding defendants continue to deceive this court that MEALER's original Arizona, Navajo County Superior Court "parked complaint" was a valid served document. Let it be known that Service of the Aug 10th, 2010 "Complaint" was ruled as proper by Honorable John W Sedwick on November 1st, 2010, the second part of the Nov 1st, 2010 ruling dismissing GM LLC is under appeal.

To this end, pro se litigant MEALER is responding simultaneously to large amounts of various motions & replies by multiple defendant's in multiple court settings and therefore is not given reason to strike pursuant *Spain v. Eagleburger Group*, 2009 WL 307280, *4 (D.Ariz., February 09, 2009)(slip op.) which was a case wherein a Mr. Spain was suing judges, ex-wives, prosecutors and various other non-related parties after judgment in a clear series of abusive use of the legal process and Hon. Judge Marlar and Hon. Judge Silver simply declared Mr. Spain a "vexatious litigant," Hon. Judge Campbell concurred.

"...Redundant..." (See *Moulton v Eugene Burger Mgmt. Corp*, 2009 US Dist LEXIS 8694 (D.Nev. Jan.26,2009) (Citing *Germaine Misic v. Universal Song of Polygram*, 275 F.Supp.2d 1288, 1299 (D.Nev.2003) or "...immaterial..." Id. Nor are the replies related to "...Matter which is immaterial"...[or]..."[non]essential..." to these proceedings. *Research Corp. Technologies, Inc. v Microsoft Corp.*, 2009 WL 2913873, *1 (D.Ariz.) (D.Ariz., August 19, 2009)(slip op).

10. In comparison, MEALER is allowed to offer this court a **"complete memoranda of law and evidence in support of [his] respective positions"** *Mahon v. Credit Bur. of Placer County, Inc.*, 171F.3d1197,1200 (9th Cir.1999); supporting clarification is warranted at all times

-5-

in order to present for basic rational review or strict scrutiny that this court may apply and to avoid further erroneous misinterpretations of this extraordinary case which may deny movant's Due Process and MEALER does not want to make that error if it can be avoided.

11. Whereas, courts may strike improperly filed documents, the court are also allowed and directed to accept these improperly filed documents in the interests of serving justice, especially under these extraordinary circumstances where ignoring this pro se litigant a fair opportunity to present his case absent the clearly improperly adjudicated bankruptcy dismissal of a personal injury tort as a final ruling and would defeat the ends of justice. (*See, Peoples Natural Gas Co. v Federal Power Commission.*) The Supreme Court has stated:

> In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, **and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction,** *or was disposed of on any ground which did not go to the merits of the action,* **the judgment rendered will prove no bar to another suit.** *Costello v. United States,* 365 U.S. 265, 286 (1961) (emphasis added) (quoting *Hughes v. United States,* 71 U.S. 232, 237 (1866)).

12. Furthermore, the matter of GM LLC's docket 8 dismissal pursuant FRCP 12(b)(6) although granted by this court on Nov 1st, 2010 and which is under appeal as of Nov 10th, 2010 for valid reasons including those which this court erroneously relied upon grossly untrue and out of context statements made by GM LLC attorneys regarding the Old GM (MLC) bankruptcy and New GM "restructuring 363 Sale".

13. In addition to erroneously applied court rulings and dismissals, the bankruptcy "protective and defensive" personal injury non-core matters as adversary claims made by MEALER were not core issues and thus must be removed from final ruling in the bankruptcy

proceeding. Pursuant 28 USC §§157(b)(2)(B), wherein the district bankruptcy court "committed clear error" by making a manifestly "initial decision" which was a "final decision (IE. with prejudice)" viz unjust final ruling on an issue involving a non-core personal injury "protective and defensive claim" against GMACM in a bankruptcy matter, when the bankruptcy court is afforded final ruling on only core matter. GMACM infamous Res Judicata defense cannot stand.

> *(In re Kamine/Besicorp Allegany, L.P.)* 214 B.R. 953, 972 (Bankr. D.N.J. 1997). **Stating that protective and defensive claims do not confer core subject matter jurisdiction on all issues which could exist outside of a bankruptcy proceeding.**

14. The bankruptcy court's Dismissal in favor of GMACM for lack of standing is under appeal and albeit was granted against the rules of bankruptcy defensive adversary procedure, this plaintiff's case was dismissed with prejudice based on the failure to state a claim upon which relief can be granted. Fed.R.Civ.P 12(b)(6) and Fed.R.Civ.P 9(b). Plaintiff's argument for reversal is backed by solid jurisprudence and Supreme Court precedence;

> Dismissing a complaint for its failure to state a viable claim is "not favored under Arizona law," *Maldonado*, 129 Ariz. At 167, 629 P.2d at 1003 and this court will reverse such a dismissal unless we are "certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated." *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App. 1981). Thus, the question is whether enough is stated ... [to] entitle the plaintiff to relief [through] some theory to be developed at trial. The purpose of the rule is to avoid technicalities and give the other party notice of the basis for the claim and its general nature. *Guerrero v. Copper Queen Hosp.*, 112 Ariz. 104, 106-07, 537 P.2d 1329, 1331-32 (1975).

15. MEALER's <u>standing</u> to pursue the personal injury claim is evident;

> Pursuant FDRP §§4003(b),(c) the trustee abandoned the personal injury claims by refusing to file of objections of the pending tort case within the specified time, and deliver of copies to the interested parties, whereas 4003(c) mandates "[a]fter hearing on notice, the court shall determine the issues presented by the objections." Rather, a claim objection is a contested matter, *Garner, 246 B.R. At 623*, **and as neither the district bankruptcy court nor the case trustee contested, the matter was remanded back to the injured party and debtor.**

-7-

16. MEALER's standing to pursue the personal injury adversary claim is justified;

> Property abandoned under this section ceases to be part of the estate. It reverts to the debtor and stands as if no bankruptcy petition had been filed. *Following abandonment, "whoever had the possessory right to the property at the filing of bankruptcy again reaquires that right." Abandoned property is not property administered by the estate.* In Re <u>Dewsnup</u>, 908 F.2d 588, 590 (10th Cir.1990) (per curiam) (citations omitted and emphasis in original), aff'd 502 U.S. 410 (1992). **Other courts have followed this general rule that abandonment of estate property nullifies its previous relationship to the bankruptcy estate.** See In re <u>Argiannis</u>, 156 B.R. 683, 688 (Bankr.M.D.Fla.1993); In re <u>J.A.V. AG., Inc.</u>, 154 B.R. 923, 926 and n. 5 (Bankr.W.D.Tex.1993); In re <u>Wilson</u>, 94 B.R. 886, 888 (Bankr.E.D. VA 1989); In re <u>McGowan</u>, 95 B.R. 104, 106 (Bankr.N.D.Iowa 1988); In re <u>Painter</u>, 84 B.R. 59, 62 (Bankr.W.D. VA 1988). **And personal injury recoveries may be exempt too under 11 U.S.C.A. §§ 522(d)(5), (d)(11)(D) and (d)(11)(E).** In the Matter of R. Scotti, 245 B.R. **These exemptions stem from a general policy that a debtor should be allowed to keep enough money for his own support. Pursuant to this policy, awards for injury or disability are deemed compensate for the loss of ability to support oneself.**

17. The district bankruptcy court's reasoning through GMACM's intentionally misleading, excessive and redundant Motions caused the court to abuse it's discretion, by not allowing this pro se litigant notice or opportunity or direction to amend the adversary claims. GMACM's defense of Res Judicata is improperly applied partially because of their abuse of procedure and for the very fact that this litigant's case was never heard on it's merits, but rather on procedural errors which were the very deficiencies that should have been given notice prior to a bankruptcy court making an improper final ruling on a personal injury tort case, rather than a fair, reasonable opportunity to have his personal injury claims entertained by a court of competent jurisdiction.

> In deciding whether the district court abused its discretion, this court should be cognizant of the Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants. <u>Ferdik</u>, 963 F.2d at 1261 (the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively) (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982)).

18. Without the proper hearing by a court allowed to make a final ruling on personal

-8-

injury claims which would have prevented GMACM's wrongful Res Judicata defense, the ends of justice will be defeated, crushed and obliterated.

> **Arizona courts and this court have held that res judicata should not be applied "so rigidly as to defeat the ends of justice,"** Weekes v. Atlantic National Ins. Co., 370 F.2d 264,272(9thCir.1966),quoting Smith v. Pinner, 68 Ariz. 115,121,201P.2d741,745 (1948).

19. MEALER's claims were never heard on the merits due to hypertechinical applications deficiencies in this pro se litigant's complaint *(See Ferdik and Boag)*, denying new evidence providing the bankruptcy adversary proceeding to prove the "standing". This being the court's reliance on "no standing," and allowing GMACM defense of res judicata, then MEALER will have never had his day in court and justice has thus far been denied.

> **In the circumstances of this case, it cannot be said that [MEALER] has had a fair, reasonable opportunity to have his tortious interference claim entertained by a court of competent jurisdiction. Rather, "(o)nly a hypertechnical application of a judicially created doctrine would deny ([MEALER] his) day in court,"** Moitie v. Federated Dept. Stores, Inc., 611 F.2d 1267, 1270 (9th Cir. 1980).

> As a general rule, newly discovered evidence does not preclude the application of res judicata. See Guerrero v. Katzen, 774 F.2d 506, 508 (D.C.Cir.1985). **Exceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence.** Id.

20. MEALER's repetitive maintenance and sharing of replies to the various courts and response in particular to GMACM legal help's, abusive barrage of Motions, (coercive emails and personal letters offering to *work out* the home loan if this case is dropped) is another form of Defensive and Protective claims and is not in violation of FRCP 12(f).

> See 11 Wright & Miller, Federal Practice and Procedure--Civil Sec. 2864, at 214 (1973) ("A party remains under a duty to take legal steps to protect his own interests."). The district court is not required to intuit the parties' intentions as to a matter so formal as the termination of legal proceedings. Rather, "[t]he parties owe the district court such efforts as needed to achieve formal closure of legal proceedings; they cannot

expect ... that the district court by administrative order will tie up litigants' loose ends." *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir.1993).

21. GMACM offered to potentially forgive the loan if MEALER dropped GMACM from this lawsuit then reneged on the offer after causing a delay in a timely response and the ultimate rushed direct "Sur-Replies" (without request for leave) being sought to have dismissed and responded to herein. This coercive effect caused a simple defect by omission and negligence compounded by family health issues. The following case law on abuse of process comes to light.

> " 'The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' " *Spellens v. Spellens* (1957) 49 Cal.2d 210, 232-233 [317 P.2d 613], internal citation omitted.)

22. Rule of law dictates that typos and/or possibly misapplied responses to the constant barrage of GMACM abusive use of procedure used to inundate this litigant. After GMACM had participated through their ISP and their agents to destroy MEALER's would-be rival business and control the funding and mortgage payments which are now in default, through no fault of this movant, but by intentional misapplication of movant's pre-default mortgage payments in February-March-April of 2009 to pay the ISP and 200 Renaissance Center Detroit overhead costs and fees where the Internet Service provider ("ISP") is stored, maintained and secured.

II    **ARGUMENT**

23. MEALER's sur-replies during these extraordinary circumstances amount to a Rule 60(b)(6) motion requesting this court to hear the claims in full and as response to GMACM's countless motions and failure to respond to the "Complaint". MEALER's sur-replies should be

-10-

allowed and granted as both good faith effort "Motion(s) to Amend" and/or as a simple 'petition for a writ of mandamus to clarify claims' from the lower courts who are without jurisdiction make final rulings on personal injury claims and under issue as a standard reply to GMACM's clear abuse of procedure whereby they intentionally delay and fail to respond to MEALER's requests for admissions and by their very actions have prejudiced MEALER before this court. Movant hereby requests this court at it's discretion to grant a Rule 60(b)(6) motion to compel GMACM to admit or deny the Aug 10th, 2010 "Complaint" and to allow the sur-replies to remain valid and not stricken. *(See Toole v Baxter Healthcare Corp.,235F.3d1307,1316(11thCir. 2000).*

24.    If anything, MEALER's Sur Replies and other Motions are active and operate as "constructive notice" filed in court and entered upon the motion docket as notice. MEALER, in order to preserve the record on Appeal did properly and lawfully supply this court with sur replies and if this court so rules that a "Motion to Leave" prior to the sur-replies, then the original acted as the motion for leave and this reply therefore acts as the sur-reply;

> Pursuant Ariz.R.Civ.P. Rule 5 (a) "...every..." "...pleading..." "...paper relating to discovery..." "...every written motion..." "...every written notice, appearance, demand...designation of record on appeal, and similar paper..." AND 5(g)(2)(C) "...except such pleading may be filed after ruling by the Court if necessary to preserve the record on appeal;..." (E) "...Copies of authorities cited in memorandum, unless necessary to preserve the record on appeal;..."and (3) "...Attachments to judge. Except for proposed orders and proposed judgments, a party may attach copies of papers not otherwise to be filed under this rule to a copy of a motion or memorandum of points and authorities delivered to the judge to whom the case has been assigned. ..." ARE ALLOWED.

25.    MEALER must clarify the fact that GMACM's defense of Res Judicata originates from a decision made by the bankruptcy court who cannot issue a final judgment pursuant 28 U.S.C. § 157(b)(2)(B) on a personal injury claim without both parties consent and the court did not have debtor's knowing or willing consent.

-11-

> Res judicata bars a party from bringing a claim **if a court of competent jurisdiction has rendered final judgment on the merits** in a previous action involving the same parties and claims. In re Intl Nutronics, Inc., 28 F.3d 965, 969 (9th Cir.), cert. denied, 115 S. Ct. 577 (1994).

Every GMACM pleading whether in this honorable court or bankruptcy court, requires response and MEALER requests this court to recognize this pro se litigant's lack of legal skills in regards to rules of proceedings and to permit the repetitiveness of replies and sur-replies.

> **And, although the provision allows full recognition of the fact that the rigid application of the rules in the proceedings themselves may conflict with the summary determination desired,** _Goodyear Tire & Rubber Co. v National Labor Relations Board_, CCA 6th, 1941, 122 F2d 450; _Cudahy Packing Co. v National Labor Relations Board_, CCA 10th, 1941, 117 F2d 692, **it is drawn so as to permit application of any of the rules in the proceedings whenever the district court deems them helpful.** See, e.g., _Peoples Natural Gas Co. v Federal Power Commission_, App DC 1942, 127 F2d 153, cert den 1942, 316 US 700, 86 L Ed 1769, 62 S Ct 1298; _Martin v Chandis Securities Co._ CCA 9th, 1942, 128 F2d 731.

26. There is no doubt that pro se litigant MEALER has made numerous mistakes through inadvertence of not having the proper training to self-rectify his own inartful pleadings and deficiencies and such and although a pro se litigant is not afforded superior status over attorneys, these extraordinary circumstances justify relief from excusable neglect.

> Under Rule 60(b), a litigant can request relief from a court order or **judgment based upon a showing of, inter alia, "(1) mistake, inadvertence, surprise, or excusable neglect...or (6) any other reason** justifying relief from the operation of the judgment." We also have held that a Rule 60(b)(6) motion, in which a court has discretion to grant a motion for "any other reason justifying relief from the operation of the judgment," is intended "only for extraordinary circumstances." _Toole v. Baxter Healthcare Corp._, 235 F.3d 1307,1316 (11th Cir. 2000) (citation omitted).

## IV.  CONCLUSION

MEALER PRAYS, for the foregoing reasons to respond to new claims by GMACM, MEALER's responses were proper and should not be Dismissed. GMACM's motion must be denied. See Morgan,792F.2d.979 (re: _Clegg v. United States,112F.2d886,887(10th Cir.1940)_.

# SWORN AFFIDAVIT

I, John Lewis Mealer, under penalties of perjury, do hereby swear that the testimony, evidence and content of this complaint are true and factual to the best of my knowledge and that I am personally responsible to the full extent of the law as a Pro Se litigant for the content herein.

Dated 11/15/2010

_____
John Lewis Mealer, In Propria Persona, Pro Se

# NOTICE AND CERTIFICATE OF SERVICE

I, John Lewis Mealer do hereby declare that: On November 15, 2010, I deposited the original and copies of the following documents and otherwise served via the US Postal Service, First Class Mail to be delivered to the following persons and addresses:

<u>Case No: 3:10-cv-08172-JWS PLAINTIFF'S OBJECTIONS and REPLY TO DEFENDANT'S GMAC MORTGAGE LLC, RESIDENTIAL CAPITAL, LLC, AND GMAC FINANCIAL SERVICES ("GMACM") *MOTION TO STRIKE*, PLAINTIFF'S MOTION TO DENY *DEFENDANT'S MOTION TO STRIKE*, (ORAL ARGUMENT AND COMPELLED DISCOVERY REQUESTED)</u>

_____

Certification Required by Local Bankruptcy Rule 8010-1(b) BAP AZ-10-1414, Bk No.: 09-24899, Adv. No.: 10-11503, Ref: "GM-MLC" BK 09-50026-REG:JOHN LEWIS MEALER]
The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable the district judge to evaluate possible disqualification or recusal : [See Service List details in *Italics*].

DATED: 11/15/2010 _____

Certification Required by Local Bankruptcy Rule 8010-1(c)
[DISTRICT COURT NUMBER BAP AZ-10-1414, Bk No.: 09-24899, Adv. No.: 10-11503, *Ref: "GM-MLC" BK 09-50026-REG:* JOHN LEWIS MEALER]
The undersigned certifies that the following are known related cases and appeals : US DISTRICT COURT 3:10-cv-08172 JWS, GM LLC dismissed on 11/2/2010 through GM LLC motion) from plaintiff's claims and subsequently/concurrently under Motion For Reconsideration and General Appeal of Order and Opinion, including the Adv No. 10-11503 Dismissal on 9/27/2010 which is concurrently under *Reconsideration* by the honorable presiding Bk Judge Redfield T. Baum, and through the MLC bankruptcy case with Honorable Gerber awaiting confirmation of the old GM and Mr. Kordella adjudication of their admitted interference anti-

competitive issues and also under Appeal from this debtor's personal BK dismissal with prejudice for tort matters with this honorable court.

DATED: 11/18/2010                              _[signature]_

## SERVICE LIST

**ORIGINAL:**

US District Court, District of Arizona
*US District Judge Honorable John W. Sedwick*
130 Sandra Day O'Connor United States Courthouse
401 West Washington Street Phoenix, Arizona 85003-2146

**COPIES:**

**United States Bankruptcy Court for the District of Arizona**
*Honorable Redfield T. Baum*
7th floor, 230 North First Avenue Phoenix, Arizona 85003

**Clerk Of The United States Bankruptcy Appellate Panel of the Ninth Circuit,**
Richard H. Chambers Court of Appeals Building
125 South Grand Avenue, Pasadena, California 91105

**Wolfe & Wyman LLP-** 980 Kelly Johnson Drive., Ste 140,- Las Vegas, Nevada 89119
*Attorneys for GMAC Mortgage, RESCAP, GMACFS.*

**Bowman and Brooke LLP**, Ste 1600, Phx Plaza, 2901 N. Central Avenue, Phx, AZ 85012-2761 *Attorneys General Motors Corporation (MLC) and GM LLC*

**Susan Payne Woodrow** - 3631 Dorothy Lane - Waterford, MI 48329
*Attorney Mr. Kris Kordella,*

*US CASE TRUSTEE*
**LAWRENCE J WARFIELD**
PO BOX 14677
SCOTTSDALE, ARIZONA 85267

<800>



Meater
6333 Gardenia Lane
Show Low, Arizona 85901

United States Bankruptcy Court for the
Southern District of New York
Honorable Robert E. Gerber
(Chambers)
One Bowling Green
New York, NY 10004-1408