UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                            )
In re:                                                      )        Chapter 11
                                                            )
MOTORS LIQUIDATION COMPANY., *et al.*,   )
        f/k/a General Motors Corp., *et al.*    )        Case No. 09-50026 (REG)
                                                            )
                        Debtors.              )        Jointly Administered
———————————————————————)

BENCH DECISION ON PENDING FEE ISSUES

The pending issues on fee-related matters are decided as follows:

*Fees on Responding to Fee Application Objections*

While the reasonable costs of required fee applications are compensable, that doesn't mean that the costs of defending objections to those fee applications are necessarily compensable as well—since as Chief Judge Bernstein of this Court observed in *CCT Communications*,[1] there's no parallel statutory requirement to defend against an objection to a fee application, or to receive compensation for the legal fees incurred in that defense. Rather, as a general matter, fee litigants, like other litigants, must generally bear their own legal expenses under the "American Rule."[2]

But I also agree with Judge Bernstein that professionals shouldn't be penalized by the cost of defending meritless objections. Failing to allow professionals the costs of

---

[1] *In re CCT Communications, Inc.,* 2010 Bankr. LEXIS 2947, *21, 2010 WL 3386947, *8 (Bankr. S.D.N.Y. Aug 24, 2010) ("***CCT***").

[2] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser"); *CCT*, 2010 Bankr. LEXIS at *21, 2010 WL 3386947 at *8 (citing *In re St. Rita's Assocs. Private Placement, L.P.*, 260 B.R. 650, 652 (Bankr. W.D.N.Y. 2001) (Bucki, J.) ("***St. Rita's***")).

defending meritless objections would dilute fee awards, and encourage parties to file frivolous objections.[3]

Thus, where the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail, I believe that the applicant should indeed bear its own legal expenses for addressing the objection to its fees, under the American Rule.[4] But as in *CCT*, I believe that I should authorize payment of the costs of defending against the objection if the fee applicant substantially prevails.[5]

I'll determine, by on-the-record conference call, whether the applicant has substantially prevailed, to the extent it isn't obvious and the applicant and the objector cannot agree.

*Rate Increases*

Retained professionals are to provide written notice of upcoming increases in their billing rates to counsel for the Debtors, Creditors' Committee, Asbestos Committee, Treasury (through the U.S. Attorney), the United States Trustee, and the Fee Examiner, to give any of them a chance to be heard (preferably before services are performed at higher rates) if any perceives the increases to be unreasonable. But the professionals need not post notice of upcoming increases on ECF. In the event any objection to those increased rates is filed, the objection and any briefs with respect to the objection are to be filed like any other papers, and the hearing on the objection will be in open court.

Dated: New York, New York            *s/Robert E. Gerber*
       November **23**, 2010            United States Bankruptcy Judge

---

[3]    *See CCT*, 2010 Bankr. LEXIS at *21-22, 2010 WL 3386947 at *9.

[4]    *See CCT*, 2010 Bankr. LEXIS at *21, 2010 WL 3386947, *8; *St. Rita's,* 260 B.R. at 652. *See also In re Brous*, 370 B.R. 563, 572 (Bankr. S.D.N.Y. 2007) (declining to award costs of defending objection where *objector* substantially prevailed).

[5]    *See CCT,* 2010 Bankr. LEXIS at *23, 2010 WL 3386947 at *9.