PRESENTMENT DATE AND TIME: December 3, 2010 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: December 3, 2010 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, f/k/a General Motors Corp., *et al.* | : | **09-50026 (REG)** |
| Debtors. | : | **(Jointly Administered)** |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED
ORDER BETWEEN THE DEBTORS AND TAMMY MORWAY
PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that the above-captioned debtors in possession (collectively, the "**Debtors**") will present the annexed Stipulation and Agreed Order Between Debtors and Tammy Morway Providing for Limited Modification of the Automatic Stay (the "**Stipulated Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **December 3, 2010 at 12:00 p.m. (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the

US_ACTIVE:\43557673\04\72240.0639

Stipulated Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), and (xii) Sachs Waldmann PC, attorneys for Tammy Morway, 1000 Farmer Street, Detroit, Michigan 48226 (Attn: Brian A. Mckenna, Esq.), so as to be received no later than **December 3, 2010 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulated Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulated Order, which may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
November 24, 2010

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

**PRESENTMENT DATE AND TIME: December 3, 2010 at 12:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: December 3, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                                :
**In re**                                              :         **Chapter 11 Case No.**
                                                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**   :         **09-50026 (REG)**
         **f/k/a General Motors Corp.,** *et al.*      :
                                                                                :
                                  Debtors.               :         **(Jointly Administered)**
                                                                                :
----------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**DEBTORS AND TAMMY MORWAY PROVIDING FOR**
**LIMITED MODIFICATION OF THE AUTOMATIC STAY**

Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Tammy Morway ("**Plaintiff**" and collectively with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A         On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

US_ACTIVE:\43557673\04\72240.0639

B	Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date.

C	Plaintiff has advised the Debtors that she wishes to commence a new civil action (the "**State Court Action**") in the State of Michigan and name MLC as a defendant, to recover for Plaintiff's alleged injuries and damages related to an alleged incident that occured on May 7, 2009, whereby Plaintiff, while employed by Premier Manufacturing Support Services Inc., was allegedly struck by machinery operated by an MLC employee on MLC premises. There is currently an action pending against MLC employee Russell Rainey in the Circuit Court for the County of Genessee, State of Michigan assigned case number 10-93429-NO (the "**Pending Action**") in respect of this matter. MLC is not a party to the Pending Action.

D	On November 27, 2010, Plaintiff filed proof of claim number 60069 (the "**Proof of Claim**") asserting an unsecured claim in the amount of $2,000,000 in respect of Plaintiff's alleged injuries as set forth in the preceding paragraph.

E	MLC is a certificate holder under general and excess liability insurance policies written by HDI-Gerling America Insurance Company providing coverage of up to $1,000,000 (policy number GLD11095-01) and $9,000,000 (policy number CUD11096-01) (collectively, the "**Insurance Policies**"), respectively, subject to the terms and provisions thereof.

F	The Debtors have no objection to the naming of MLC as a defendant in the State Court Action provided that any recovery obtained by Plaintiff shall not be asserted or enforced against the Debtors' estates or any of their assets or properties, as provided below.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do

hereby agree as follows:

## STIPULATION

1. Upon entry of an order of the Court approving this Stipulation, the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified solely to the limited extent necessary to enable (a) Plaintiff to name MLC as a defendant in the State Court Action and (b) the State Court Action to proceed to final judgment or settlement. In the event that any such judgment or settlement (collectively, the "**Plaintiff's Claim**") occurs in favor of the Plaintiff, the Plaintiff's Claim may only be enforced against or recoverable from any available insurance coverage provided by a third party insurer, including the Insurance Policies, subject to any applicable deductibles or similar self-insured retentions or from any indemnification or subrogation agreements pursuant to which third parties are liable. Under no circumstances will the Plaintiff's Claim be asserted against or recoverable from the Debtors, their estates, or their assets (including under any chapter 11 plan). Plaintiff shall not seek any discovery from the Debtors in the State Court Action.

2. Except as provided in paragraph 1 above, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. The foregoing shall be in full settlement and satisfaction of the Proof of Claim and upon approval hereof, Plaintiff shall promptly withdraw the Proof of Claim, with prejudice.

4. Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand (a) the terms and provisions of any insurance

policy of the Debtors or (b) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy of the Debtors.

5. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or any applicable insurance carriers with respect to the State Court Action. The defendants in the State Court Action reserve the right to assert any and all defenses in the State Court Action and reserve all rights with respect to any insurance coverage.

6. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

7. This Stipulation is subject to the approval of the Court. If this Stipulation is not approved by the Court, this Stipulation shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the State Court Action.

8. This Stipulation sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

9. The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation and to bind the Parties.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This

Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

Dated: November 24, 2010

 /s/ Brian A. McKenna  
Brian A. McKenna  
Sachs Waldman PC  
100 Farmer Street  
Detroit, Michigan  48226  
Telephone: (313) 496-9416  

Attorney for Plaintiff

 /s/ Stephen Karotkin  
Harvey R. Miller  
Stephen Karotkin  
Joseph H. Smolinsky  
Weil, Gotshal & Manges LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  

Attorneys for Debtors  
and Debtors In Possession

IT IS SO ORDERED.

Dated: New York, New York  
          _____, 2010

THE HONORABLE ROBERT E. GERBER  
UNITED STATES BANKRUPTCY JUDGE