**Hearing Date and Time:  December 2, 2010 at 9:45 a.m. (Eastern Time)**
**Objection Deadline:  November 24, 2010 at 4:00 p.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                    )
In re                                               )          Chapter 11
                                                    )
MOTORS LIQUIDATION COMPANY, *et al.,*     )          Case No. 09-50026 (REG)
                                                    )
      f/k/a General Motors Corp., *et al.*    )
                                                    )
                              Debtors.        )          (Jointly Administered)
------------------------------------------------------------X

**RESPONSE OF THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS**
**CLAIMANTS TO THE MOTION OF DEBTORS FOR ENTRY OF ORDER**
**PURSUANT TO 11 U.S.C. § 502(c) AUTHORIZING ESTIMATION OF DEBTORS'**
**AGGREGATE LIABILITY FOR ASBESTOS PERSONAL INJURY CLAIMS AND**
**ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet, in his capacity as the legal representative for holders of future

asbestos personal injury claims against the Debtors (the "**Future Claimants'**

**Representative**") in the above-captioned jointly administered chapter 11 cases, submits

this Response (the "**Response**") to the Motion of the Debtors for Entry of Order Pursuant

1

to 11 U.S.C. § 502(c) Authorizing Estimation of Debtors' Aggregate Liability for

Asbestos Personal Injury Claims and Establishing Schedule for Estimation Proceeding

(the "**Motion**").

## I.   INTRODUCTION

1.      The Future Claimants' Representative agrees that it is appropriate to

achieve a reliable estimate of the Debtors' aggregate current and future liability for

asbestos-related personal injury claims, either by trial or by settlement among the parties.

Indeed, such an estimate is necessary for the Debtors to determine the appropriate ratable

distribution to be made to the Asbestos Trust that is to be established pursuant to the

Debtors' Amended Joint Chapter 11 Plan (the **"Plan"**).

2.      The proposed scheduling order sought by the Debtors, however, is

completely unrealistic and violates the Future Claimants' Representative's due process

right to be heard in a meaningful manner.  Even a cursory analysis of the Debtors'

proposed schedule reveals that its primary purpose is not to facilitate a reliable estimate

of the Debtors' aggregate current and future asbestos liability, but instead to prevent the

Future Claimants' Representative's expert, Analysis, Research & Planning Corporation

("**ARPC**"), from fully and fairly analyzing the true extent of the Debtors' aggregate

asbestos liabilities.  For example, the Debtors advocate a truncated, fast track schedule

that gives ARPC little or no time for written discovery and limits ARPC's ability to

properly evaluate the data that the Debtors and New GM are still providing in response to

the Future Claimants' Representative's 2004 requests that were served in July 2010.

3.      The Future Claimants' Representative has been hopeful that the parties

could achieve a resolution of the Debtors' aggregate asbestos estimation, whether by trial

or by negotiation, in an efficient and expeditious manner.  The Debtors claim to share

that goal, but have proposed a schedule that is completely unrealistic.  The Debtors

cannot be permitted to run roughshod over the due process and fundamental fairness

rights of the Future Claimants' Representative and the other parties to the estimation

proceedings.  Accordingly, the Court should deny the Debtors' proposed schedule.

## II.    ARGUMENT

### A.    *The Debtors' Proposed Schedule Violates the Future Claimants' Representative's Due Process Right to a Meaningful Opportunity to Be Heard*

4.       "The concept of due process is fundamental to our system of laws in the

United States."  *In re Farmland Indus., Inc.*, 284 B.R. 111, 116-17 (Bankr. W.D. Mo.

2002).  "There is no argument that the Due Process Clause applies to proceedings under

the Bankruptcy Code."  *Farmland Indus.*, 284 B.R. at 116 (*citing Bank of Marin v.

England,* 385 U.S. 99, 102, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966)). "The essential

element of due process is the right to notice and an opportunity to be heard at a

meaningful time and in a meaningful manner."  *Shell Offshore, Inc. v. Director, OWCP,*

122 F.3d 312, 315 (5th Cir. 1997) (*quoting Matthews v. Eldridge,* 424 U.S. 319, 333, 96

S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)).

5.       The Debtors' proposed estimation schedule, however, purports to force a

completely unrealistic time schedule upon the Future Claimants' Representative.  By

proposing a schedule specifically designed to preclude the Future Claimants'

Representative and his experts from properly evaluating the data that is *still being

produced by the Debtors and New GM*, the Debtors seek to deny the Future Claimants'

Representative the right to be heard at a meaningful time and in a meaningful manner.

*See, e.g., In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D. Mich. 1997) ("To

3

begin with, regardless of the estimation method selected, for the process to have any

semblance of fairness it will necessarily involve hearings that would be quite lengthy and

protracted.  After all, the extremely contentious issues surrounding the tort claims are

highly complex and their resolution will require the presentation of many witnesses,

many pieces of evidence and extensive oral argument.  Abbreviating the time parties have

to present their cases at an estimation hearing would, in the Court's opinion, be ill-

advised.  Considering the magnitude of the claims involved and the absolute importance

of rendering a fair and accurate decision, *the Court cannot countenance a valuation*

*procedure that would place artificial time constraints on the parties' ability to properly*

*present their cases*.") (emphasis added); *In re The Bible Speaks*, 65 B.R. 415, 427 (Bankr.

D. Mass. 1986) (finding that when a claim is of particular importance to a reorganization

plan, procedures approaching a complete trial are more appropriate than summary

procedures).

6.     The Debtors' demand that the Future Claimants' Representative present

the merits of his aggregate asbestos estimation on a schedule basically guaranteeing an

underdeveloped factual and legal record cannot pass scrutiny under the due process

clause.  The schedule fails to provide the Future Claimants' Representative with a

meaningful opportunity to be heard and should therefore be rejected by the Court.

**B.     *The Debtors' Proposed Estimation Schedule is Patently Unfair***

7.     The inequities of the Debtors' proposal are revealed on the face of the

schedule.  As currently drafted, the schedule gives the Future Claimants' Representative

only four days after the hearing—until December 6, 2010—to serve all fact discovery

that the Future Claimants' Representative will need in connection with the asbestos

4

estimation.   The Debtors then unrealistically ask for discovery responses to be due on

Christmas Eve, with a fact deposition deadline of December 31, 2010.   It is implausible

to even consider, much less to demand in a formal pleading, that all of the fact deponents

will be available for deposition from December 25-31, the busiest vacation week of the

year.   Instead of productively guiding the asbestos estimation toward resolution, the

Debtors' schedule unfairly imposes undue burdens on the other parties to the estimation

and threatens to keep hidden the facts underlying the Debtors' true asbestos exposure.

8.      The purported schedule is also unfair with regard to expert discovery.

Despite the fact that the Future Claimants' Representative served his discovery requests

to the Debtors and New GM back on July 20, 2010, the Debtors and New GM are still

producing responsive data necessary for the Future Claimants' Representative's experts

to complete their analysis of the Debtors' aggregate current and future asbestos liabilities.

Indeed, significant amounts of additional data have been received by ARPC as recently as

Monday, November 22, 2010.   This additional data must be reviewed and coded by the

Future Claimants' Representative's experts, thoroughly evaluated, and ultimately

incorporated into the economic forecasting model that ARPC is using to derive its

estimate of the Debtors' aggregate asbestos liability.   This process takes a significant

amount of time, yet the Debtors' proposed schedule completely ignores this fact.

9.      Accordingly, while the Future Claimants' Representative would support a

reasonable schedule for the resolution of the asbestos estimation proceeding, the Debtors'

proposed schedule is far from reasonable and should not be approved by the Court.

While the Debtors, in the context of their proposed "pot plan," may not care whether the

parties to the asbestos estimation have sufficient time to properly analyze and evaluate all

the data necessary for estimating the Debtors' aggregate asbestos liabilities, the asbestos estimation proceeding is far more important to the constituency represented by the Future Claimants' Representative. The asbestos estimation should not be decided on the Debtors' truncated, summary schedule, and the Future Claimants' Representative respectfully requests that the Court reject the proposed schedule as inherently inequitable.

10.    The Future Claimants' Representative and his professionals are willing to and intend to engage in discussions with the Debtors, the Debtors' counsel and other parties involved in the asbestos estimation proceedings prior to the hearing on the Debtors' Motion to attempt to develop an agreed upon schedule that meets due process, the needs of the Debtors' creditors, as well as the needs of the Future Claimants' Representative and his experts.

[*remainder of page intentionally left blank*]

### III.    CONCLUSION

For all of the foregoing reasons, the Future Claimants' Representative respectfully

requests the Court to enter an order denying the Debtors' Motion and granting him such

other and further relief to which the Court finds he is justly entitled.

Dated:  November 24, 2010
Dallas, Texas

**STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation**

*/s/ Sander L. Esserman*
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)

2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile:  214-969-4999

**Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future
Asbestos Personal Injury Claimants**