# EXHIBIT "E"

B10 (Official Form 10) (12/08)

**FILED**
**U.S. BANKRUPTCY COURT**

**AMENDED**

| UNITED STATES BANKRUPTCY COURT **SOUTHERN** DISTRICT OF **NEW YORK** | **PROOF OF CLAIM** |
|---|---|

2010 JUL 30 P 4: 08

S D N Y

| Name of Debtor:<br>Motors Liquidation Company (f/k/a/ General Motors Corporation) | Case Number:<br>09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Toyota Motor Corporation**

Name and address where notices should be sent:
c/o Foley & Lardner LLP, Matthew J. Riopelle
402 W. Broadway, Suite 2100
San Diego, CA 92101
Telephone number: 619-234-6655

☒ Check this box to indicate that this claim amends a previously filed claim.

66241, 69722,
**Court Claim Number: 70208**
*(If known)*

Filed on: 11/30/2009, 12/21/2009, & 3/31/2009

Name and address where payment should be sent (if different from above):
Same

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 73,798,976.28

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Breach of Contracts/Rejection Damages
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ 73,798,976.28

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 7/29/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357.

American LegalNet, Inc.
www.FormsWorkflow.com

Toyota Motor Corporation ("TMC")[1], is a party to that certain Vehicle Supply Agreement ("VSA")[2], originally dated February 21, 1984, as amended, and that certain Memorandum of Understanding ("MOU") dated March 22, 2006 with Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and New United Motor Manufacturing, Inc. ("NUMMI", together with TMC and MLC, the "Parties") hereby submits this amended proof of claim for breach of contract and rejection damages under the VSA and MOU ("Amended R&D Proof of Claim").  The purpose of this Amended R&D Proof of Claim is to consolidate the Original R&D Claims (defined below) asserted in the Original R&D Proofs of Claim (defined below) into a single Amended R&D Claim (defined below).  This Amended R&D Proof of Claim hereby incorporates by reference the basis for its Original R&D Claim contained in the Original R&D Proofs of Claim.[3]  Moreover, this Amended R&D Proof of Claim shall relate back to the date of filing the Original Proofs of Claim, as applicable.

The VSA governs the sale of vehicles from NUMMI to MLC and TMC and various other rights and obligations of the Parties.  The MOU sets forth the basic understanding among the

---

[1] Yukihisa Minezawa, the signatory of this Proof of Claim, is the Group Manager of Group No. 1, International Legal Affairs Department, Legal Division of Toyota Motor Corporation.  In this capacity, Mr. Minezawa is authorized to sign this Proof of Claim on behalf of Toyota Motor Corporation.  Mr. Minezawa's address is: No.1 Toyota-cho, Toyota-City, Aichi-Prefecture, 471-8571 Japan and his telephone number is: +81-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.

[2] Due to the confidential and proprietary information contained within the VSA and MOU, TMC has not attached the VSA or MOU to this Amended R&D Proof of Claim.  The Debtor has a copy of these contract and a party in interest may request a copy of the VSA or MOU from TMC's counsel listed on this Amended R&D Proof of Claim, if the requesting party executes a confidentiality agreement.

[3] To the extent any such basis is not explicitly stated herein, it is the intention of TMC that the basis for the Original R&D Claim be incorporated herein and this Amended R&D Proof of Claim shall be deemed to include such basis.

Parties regarding the production and pricing of new car models to be produced at NUMMI from January 2008 to December 2012.

On November 30, 2009, TMC filed a proof of claim (Proof of Claim No. 66241) for its breach of contract claim against MLC under the VSA for research and development costs ("R&D Costs") rendered unrecoverable due to MLC's decision to cease purchasing Pontiac Vibes from NUMMI, despite a contractual obligation to continue to purchase vehicles from NUMMI ("VSA Proof of Claim"). A true and correct copy of the VSA Proof of Claim is attached hereto as **Exhibit "1"**. On March 31, 2010, MLC filed an amended proof of claim (Proof of Claim No. 70208) to amend the VSA Proof of Claim to include rejection damages as a result of MLC's rejection of the VSA ("Amended VSA Proof of Claim"). A true and correct copy of the Amended VSA Proof of Claim is attached hereto as **Exhibit "2"**.

In addition, on December 21, 2009, TMC filed a proof of claim (Proof of Claim No. 69722) for rejection damages claim against MLC for the same R&D Costs rendered unrecoverable due to MLC's rejection of the MOU ("MOU Proof of Claim", together with the VSA Proof of Claim and the Amended VSA Proof of Claim, the "Original R&D Proofs of Claim"). A true and correct copy of the MOU Proof of Claim is attached hereto as **Exhibit "3"**.

The Original R&D Proofs of Claim asserted a claim of fifty six million four hundred fifty seven thousand one hundred forty two dollars and eighty five cents ($56,457,142.85) based on R&D Costs expended for the Pontiac Vibe for: (i) the sales period from January 2008 to December 2012; and (ii) the planned model change in 2010 ("Original R&D Claim"). The Original R&D Claim was converted from four billion nine hundred forty million (4,940,000,000) Japanese Yen to U.S. Dollars based on the November 25, 2009 Telegraphic Transfer Buying Rate of The Bank of Tokyo-Mitsubishi UFJ, Ltd. of 87.5 Yen to 1 U.S. Dollar.

2

Since filing the Original R&D Proofs of Claim, TMC has performed a detailed review of the exact amount of R&D costs incurred in connection with the research and development of the Pontiac Vibe. TMC has determined that the actual R&D Costs are equal to seventy three million seven hundred ninety eight thousand nine hundred seventy six dollars and twenty eight cents ($73,798,976.28) ("Actual R&D Claim"). The Actual R&D Claim was converted from six billion six hundred ninety four million three hundred five thousand one hundred thirty eight (6,694,305,138) Japanese Yen to U.S. Dollars based on the on the June 15, 2010 Telegraphic Transfer Buying Rate of The Bank of Tokyo-Mitsubishi UFJ, Ltd. of 90.71 Yen to 1 U.S. Dollar.

TMC is filing this Amended R&D Proof of Claim to amend and supersede the Original R&D Proofs of Claim. TMC is simultaneously herewith filing its "Notice of Engry of Amended Proof of Claim and Notice of Withdrawal of Proof of Claim Nos. 66241, 69722 and 70208" ("Notice of Withdrawal") A true and correct copy of the Notice of Withdrawal is attached hereto as **Exhibit "4"**. Pursuant to the Notice of Withdrawal, TMC is withdrawing the Original Proofs of Claim in reliance on its agreement with MLC that the Amended Proof of Claim will relate back to the date of the Original R&D Proofs of Claim, as applicable. Moreover, MLC has agreed that it will not object to the timing of the Amended R&D Proof of Claim, unless such objection relates to the timing of the filing of the Original R&D Proofs of Claim.

To the extent that the Actual R&D Claim asserted herein is deemed a priority claim under Section 507(a) of the Title 11 of the United States Code ("Bankruptcy Code"), TMC reserves the right to assert any such priority against MLC. TMC also reserves the right to assert any and all rights to setoff and/or recoupment to which it may be entitled under the VSA, MOU or applicable law.

3

Moreover, this Amended R&D Proof of Claim form is not intended to assert any administrative expense claims under Section 503 of the Bankruptcy Code. To the extent that the Actual R&D Claim asserted herein is determined to constitute an administrative expense, TMC shall assert and pursue the Actual R&D Claim in accordance with applicable law and amend this Amended R&D Proof of Claim form as necessary. The filing of this Amended R&D Proof of Claim form shall not constitute a waiver of any administrative expense claims that TMC may have against MLC arising under the VSA, MOU or applicable law. Further, TMC reserves the right to assert any setoff or recoupment rights with regard to such administrative expense claims pursuant to the VSA or MOU.

4

# EXHIBIT "1"

B10 (Official Form 10) (12/08)

**UNITED STATES BANKRUPTCY COURT** SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM**

| Name of Debtor:<br>Motors Liquidation Company (f/k/a/ General Motors Corporation) | Case Number:<br>09-50026 (REG) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Toyota Motor Corporation | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>c/o Foley & Lardner LLP, Matthew J. Riopelle<br>402 W. Broadway, Suite 2100<br>San Diego, CA 92101<br>Telephone number: 619-234-6655 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Same<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ 56,457,142.85<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** Breach of Contract<br>    (See instruction #2 on reverse side.)<br>**3. Last four digits of any number by which creditor identifies debtor:** _____<br>    **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$ _____ Annual Interest Rate _____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $ _____ Basis for perfection: _____<br><br>Amount of Secured Claim: $ _____ Amount Unsecured: $ 56,457,142.85 | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_____). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br>$ _____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | | |
|---|---|---|
| Date:<br>11/30/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Group Manager of International* *Yukihisa Minezawa*<br>*Legal Affairs, Legal Div* | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

American LegalNet, Inc.<br>www.FormsWorkflow.com

Yukihisa Minezawa, the signatory of this Proof of Claim, is the Group Manager of Group No. 1,
International Legal Affairs Department, Legal Division of Toyota Motor Corporation.  In this
capacity, Mr. Minezawa is authorized to sign this Proof of Claim on behalf of Toyota Motor
Corporation.  Mr. Minezawa's address is: No.1 Toyota-cho, Toyota-City, Aichi-Prefecture, 471-
8571 Japan and his telephone number is: +81-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.

Toyota Motor Corporation ("TMC"), is a party to that certain contract entitled the Vehicle Supply Agreement ("VSA")[1] with Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and New United Motor Manufacturing, Inc. ("NUMMI", together with TMC and MLC, the "Parties"). The VSA governs the sale of vehicles from NUMMI to MLC and TMC and various other rights and obligations of the Parties.

TMC hereby asserts a claim (the "Claim") against MLC for research and development costs ("R&D Costs") rendered unrecoverable due to MLC's decision to cease purchasing Pontiac Vibes from NUMMI, despite a contractual obligation to continue to purchase vehicles from NUMMI. The Claim of fifty six million four hundred fifty seven thousand one hundred forty two dollars and eighty five cents ($56,457,142.85) is based on R&D Costs expended for the Pontiac Vibe for: (i) the sales period from January 2008 to December 2012; and (ii) the planned model change in 2010. The Claim was converted from four billion nine hundred forty million Japanese Yen ($4,940,000,000) to U.S. Dollars based on the November 25, 2009 Telegraphic Transfer Buying Rate of The Bank of Tokyo-Mitsubishi UFJ, Ltd. of 87.5 Yen to 1 U.S. Dollar. To the extent that the Claim asserted herein is deemed a priority claim under Section 507(a) of the Bankruptcy Code, TMC reserves the right to assert any such priority against MLC. TMC also reserves the right to assert any and all rights to setoff and/or recoupment to which it may be entitled under the VSA or applicable law.

This Proof of Claim form is not intended to assert any administrative expense claims under Section 503 of Title 11 of the United States Code ("Bankruptcy Code"). To the extent that

---

[1] Due to the confidential and proprietary information contained within the VSA, TMC has not attached the VSA to this Proof of Claim. The Debtor has a copy of this contract and a party in interest may request a copy of the VSA from TMC's counsel listed on the Proof of Claim, if the requesting party executes a confidentiality agreement.

the Claim asserted herein is determined to constitute an administrative expense, TMC shall assert and pursue the Claim in accordance with applicable law and amend this Proof of Claim form as necessary. The filing of this Proof of Claim form shall not constitute a waiver of any administrative expense claims that TMC may have against MLC arising under the VSA or applicable law. Further, TMC reserves the right to assert any setoff or recoupment rights with regard to such administrative expense claims pursuant to the VSA.

2

# EXHIBIT "2"

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT <u>SOUTHERN</u> DISTRICT OF <u>NEW YORK</u> | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Motors Liquidation Company (f/k/a/ General Motors Corporation) | Case Number:<br>09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Toyota Motor Corporation

Name and address where notices should be sent:
c/o Foley & Lardner LLP, Matthew J. Riopelle
402 W. Broadway, Suite 2100
San Diego, CA 92101
Telephone number: 619-234-6655

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Same

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**  $ 56,457,142.85

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Rejection Damages
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property:$_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,

If any: $ _____  Basis for perfection: _____

Amount of Secured Claim: $ _____  Amount Unsecured: $ 56,457,142.85

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(____).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>12/18/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*Group Manager of International Legal Affairs, Legal Div. Yukihisa Mizusawa* | FOR COURT USE ONLY<br>DEC 2 1 2009 |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

American LegalNet, Inc.
www.FormsWorkflow.com

Toyota Motor Corporation ("TMC"), is a party to that certain Memorandum of Understanding ("MOU")[1] dated March 22, 2006 with Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and New United Motor Manufacturing, Inc. ("NUMMI", together with TMC and MLC, the "Parties"). The MOU sets forth the basic understanding among the Parties regarding the production and pricing of new car models to be produced at NUMMI from January 2008 to December 2012.

On or about November 30, 2009, the United States Bankruptcy Court for the Southern District of New York entered an order approving MLC's Ninth Omnibus Motion to Reject Executory Contracts and Unexpired Leases ("Rejection Order"). Pursuant to the Rejection Order, the MOU was rejected effective November 30, 2009. TMC[2] hereby asserts a rejection damages claim (the "Claim") against MLC for research and development costs ("R&D Costs") rendered unrecoverable due to MLC's rejection of the MOU[3].

The Claim of fifty six million four hundred fifty seven thousand one hundred forty two dollars and eighty five cents ($56,457,142.85) is based on R&D Costs expended for the Pontiac Vibe for: (i) the sales period from January 2008 to December 2012; and (ii) the planned model

---

[1] Due to the confidential and proprietary information contained within the MOU, TMC has not attached the MOU to this Proof of Claim. The Debtor has a copy of this contract and a party in interest may request a copy of the MOU from TMC's counsel listed on the Proof of Claim, if the requesting party executes a confidentiality agreement.

[2] Yukihisa Minezawa, the signatory of this Proof of Claim, is the Group Manager of Group No. 1, International Legal Affairs Department, Legal Division of Toyota Motor Corporation. In this capacity, Mr. Minezawa is authorized to sign this Proof of Claim on behalf of Toyota Motor Corporation. Mr. Minezawa's address is: No.1 Toyota-cho, Toyota-City, Aichi-Prefecture, 471-8571 Japan and his telephone number is: +81-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.

[3] On or about November 30, 2009, TMC filed Proof of Claim Number 66241 asserting a claim for the same R&D Costs based on its reliance on the Vehicle Supply Agreement between the Parties. This Claim is not a duplicate claim of Number 66241 because it sets forth a separate and distinct basis for recovery of the R&D Costs.

change in 2010. The Claim was converted from four billion nine hundred forty million Japanese Yen (¥4,940,000,000) to U.S. Dollars based on the November 25, 2009 Telegraphic Transfer Buying Rate of The Bank of Tokyo-Mitsubishi UFJ, Ltd. of 87.5 Yen to 1 U.S. Dollar. To the extent that the Claim asserted herein is deemed a priority claim under Section 507(a) of the Bankruptcy Code, TMC reserves the right to assert any such priority against MLC. TMC also reserves the right to assert any and all rights of setoff and/or recoupment to which it may be entitled under the MOU or applicable law.

This Proof of Claim form is not intended to assert any administrative expense claims under Section 503 of Title 11 of the United States Code ("Bankruptcy Code"). To the extent that the Claim asserted herein is determined to constitute an administrative expense, TMC shall assert and pursue the Claim in accordance with applicable law and amend this Proof of Claim form as necessary. The filing of this Proof of Claim form shall not constitute a waiver of any administrative expense claims that TMC may have against MLC arising under the MOU or applicable law. Further, TMC reserves the right to assert any setoff or recoupment rights with regard to such administrative expense claims pursuant to the MOU.

SDCA_1572674.1

# EXHIBIT "3"

B10 (Official Form 10) (12/08)                                                                                               **AMENDED**

| UNITED STATES BANKRUPTCY COURT <u>SOUTHERN</u> DISTRICT OF <u>NEW YORK</u> | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| Name of Debtor:<br>Motors Liquidation Company (f/k/a/ General Motors Corporation) | Case Number:<br>09-50026 (REG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Toyota Motor Corporation | ☒ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** 66241<br>*(If known)*<br><br>Filed on: 11/30/2009 |
| Name and address where notices should be sent:<br>c/o Foley & Lardner LLP, Matthew J. Riopelle<br>402 W. Broadway, Suite 2100<br>San Diego, CA 92101<br>Telephone number: 619-234-6655 | |
| Name and address where payment should be sent (if different from above):<br>Same<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**    $ 56,457,142.85

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Breach of Contract/Rejection Damages
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property:$ _____  Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____  Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ 56,457,142.85

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_____).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 3/30/2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Legal. Div., Group Manager of International Legal Dep., Yukihiro Murezawa* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

American LegalNet, Inc.
www.FormsWorkflow.com

Toyota Motor Corporation ("TMC"), is a party to that certain contract entitled the

Vehicle Supply Agreement ("VSA")[1] with Motors Liquidation Company (f/k/a General Motors

Corporation) ("MLC") and New United Motor Manufacturing, Inc. ("NUMMI", together with

TMC and MLC, the "Parties"). The VSA governs the sale of vehicles from NUMMI to MLC

and TMC and various other rights and obligations of the Parties.

On November 30, 2009, TMC filed a proof of claim for its claim (the "Claim") against

MLC for research and development costs ("R&D Costs") rendered unrecoverable due to MLC's

decision to cease purchasing Pontiac Vibes from NUMMI, despite a contractual obligation to

continue to purchase vehicles from NUMMI. The Claim of fifty six million four hundred fifty

seven thousand one hundred forty two dollars and eighty five cents ($56,457,142.85) is based on

R&D Costs expended for the Pontiac Vibe for: (i) the sales period from January 2008 to

December 2012; and (ii) the planned model change in 2010. The Claim was converted from four

billion nine hundred forty million (4,940,000,000) Japanese Yen to U.S. Dollars based on the

November 25, 2009 Telegraphic Transfer Buying Rate of The Bank of Tokyo-Mitsubishi UFJ,

Ltd. of 87.5 Yen to 1 U.S. Dollar.

On or about March 2, 2010, the Bankruptcy Court for the Southern District of New York

entered an order approving MLC's Eleventh Omnibus Motion to Reject Executory Contracts and

Unexpired Leases ("Rejection Order"). Pursuant to the Rejection Order, the VSA was rejected

---

[1] Due to the confidential and proprietary information contained within the VSA, TMC
has not attached the VSA to this Proof of Claim. The Debtor has a copy of this contract and a
party in interest may request a copy of the VSA from TMC's counsel listed on the Proof of
Claim, if the requesting party executes a confidentiality agreement.

effective March 2, 2010. TMC[2] hereby amends the basis for its Claim to include rejection damages incurred due to MLC's breach of the VSA.

To the extent that the Claim asserted herein is deemed a priority claim under Section 507(a) of the Title 11 of the United States Code ("Bankruptcy Code"), TMC reserves the right to assert any such priority against MLC. TMC also reserves the right to assert any and all rights to setoff and/or recoupment to which it may be entitled under the VSA or applicable law.

This Proof of Claim form is not intended to assert any administrative expense claims under Section 503 of the Bankruptcy Code. To the extent that the Claim asserted herein is determined to constitute an administrative expense, TMC shall assert and pursue the Claim in accordance with applicable law and amend this Proof of Claim form as necessary. The filing of this Proof of Claim form shall not constitute a waiver of any administrative expense claims that TMC may have against MLC arising under the VSA or applicable law. Further, TMC reserves the right to assert any setoff or recoupment rights with regard to such administrative expense claims pursuant to the VSA.

---

[2] Yukihisa Minezawa, the signatory of this Proof of Claim, is the Group Manager of Group No. 1, International Legal Affairs Department, Legal Division of Toyota Motor Corporation. In this capacity, Mr. Minezawa is authorized to sign this Proof of Claim on behalf of Toyota Motor Corporation. Mr. Minezawa's address is: No.1 Toyota-cho, Toyota-City, Aichi-Prefecture, 471-8571 Japan and his telephone number is: +81-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.

2

# EXHIBIT "4"

FOLEY & LARDNER LLP
Katherine R. Catanese (*admitted pro hac vice*)
Victor A. Vilaplana (*admitted pro hac vice*)
Matthew J. Riopelle (*admitted pro hac vice*)
402 West Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 234-6655
Facsimile: (619) 234-3510

*Attorneys for Toyota Motor Corporation*

## UNITED STATES BANKRUPTCY COURT
## THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
In re:                                              :      Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :      Case No. 09-50026 (REG)
      f/k/a General Motors Corp., et al.            :
                                                    :      (Jointly Administered)
                                    Debtors         :
                                                    :
-----------------------------------------------------------X
```

## TOYOTA MOTOR CORPORATION'S NOTICE OF FILING OF AMENDED PROOF OF CLAIM AND NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NOS. 66241, 69722 AND 70208

PLEASE TAKE NOTICE that pursuant to its agreement with Motors Liquidation Company (filed in General Motors Corp.) ("MLC"), Toyota Motor Corporation, by and through its undersigned counsel, has filed a proof of claim ("Amended Proof of Claim") to amend and supersede the following proofs of claim: Proof of Claim No. 66241 filed on November 30, 2009, Proof of Claim No. 69722 filed on December 21, 2009 and Proof of Claim No. 70208 filed on March 31, 2009 ("Original Proofs of Claim").

TMC is withdrawing the Original Proofs of Claim in reliance on its agreement with MLC that the Amended Proof of Claim will relate back to the date of the Original Proofs of Claim, as applicable. Moreover, MLC has agreed that it will not object to the timing of the Amended Proof of Claim, unless such objection relates to the timing of the filing of the Original Proofs of

SDCA_1662922.1

Claim.  Neither the Amended Proof of Claim nor anything contained herein shall be deemed to

affect any other proofs of claim filed by TMC in MLC's bankruptcy case.

Dated: July 30, 2010                    FOLEY & LARDNER LLP


                                        */s/* Katherine R. Catanese
                                        Katherine R. Catanese (*admitted pro hac vice*)
                                        Victor A. Vilaplana (*admitted pro hac vice*)
                                        Matthew J. Riopelle (*admitted pro hac vice*)
                                        402 West Broadway, Suite 2100
                                        San Diego, CA 92101
                                        Telephone: (619) 234-6655
                                        Facsimile: (619) 234-3510

                                        *Attorneys for Toyota Motor Corporation*