**EXHIBIT D**

---

# MEMORANDUM ON TECHNICAL ASSISTANCE

by and between

TOYOTA MOTOR CORPORATION

and

GENERAL MOTORS CORPORATION

---

<mark>
</mark>

# TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
| I. | DEFINITIONS | | 2 |
| | Section 1.1. | Defined Terms | 2 |
| II. | TECHNICAL ASSISTANCE | | 2 |
| | Section 2.1. | Furnishing of Technical Assistance | 2 |
| | Section 2.2. | Actual Implementation of Technical Assistance | 3 |
| | Section 2.3. | Payment for Technical Assistance | 3 |
| | Section 2.4. | Nondisclosure of Information | 4 |
| | Section 2.5. | Use of Technical Assistance | 4 |
| III. | GENERAL PROVISIONS | | 5 |
| | Section 3.1. | Memorandum Term and Termination | 5 |
| | Section 3.2. | Interest on Overdue Payment | 6 |
| | Section 3.3. | Force Majeure | 6 |
| | Section 3.4. | Arbitration | 6 |
| | Section 3.5. | Assignability | 7 |
| | Section 3.6. | Persons Authorized to Act for the Parties | 7 |
| | Section 3.7. | Notices | 7 |
| | Section 3.8. | Third Persons | 8 |
| | Section 3.9. | Governing Language | 9 |
| | Section 3.10. | Choice of Law | 9 |
| | Section 3.11. | Entire Agreement, Etc. | 9 |
| | Section 3.12. | Survival | 10 |

## MEMORANDUM ON TECHNICAL ASSISTANCE

This MEMORANDUM ON TECHNICAL ASSISTANCE (this "Memorandum") is made and entered into on and as of the 21st day of February, 1984 by and between Toyota Motor Corporation, a corporation organized and existing under the laws of Japan ("Toyota"), and General Motors Corporation, a corporation organized and existing under the laws of the State of Delaware ("GM");

### WITNESSETH:

WHEREAS, New United Motor Manufacturing, Inc., a close corporation organized and existing under the laws of the State of California (the "JV Company"), which is under the joint control of but is separate and distinct from GM and Toyota, was formed for the limited purpose of manufacturing in the United States a specific automotive vehicle not heretofore manufactured and certain components related thereto; and

WHEREAS, GM desires certain technical assistance from Toyota relating to the sale and service of such vehicles and Toyota will render such assistance upon mutually agreeable terms;

NOW, THEREFORE, the parties hereto agree as follows:

- 1 -

I. **DEFINITIONS**

1.1. <u>Defined Terms</u>: In addition to the terms which have been previously or are hereafter defined herein, terms used herein with initial capital letters which are defined in Section 1.1 of the Shareholders' Agreement (the "Shareholders' Agreement"), dated the date hereof, among the JV Company, GM and Toyota are used herein as so defined unless otherwise defined in this Memorandum.

II. **TECHNICAL ASSISTANCE**

2.1. <u>Furnishing of Technical Assistance</u>: During the Memorandum Term (as defined in Section 3.1 hereof), Toyota will render to GM technical assistance ("Technical Assistance") to the extent that the parties shall mutually agree to be reasonably necessary for GM to sell and service certain motor vehicles ("Licensed Vehicles") to be manufactured by the JV Company under the Vehicle License Agreement. The following is a non-exclusive list of examples of the types of such Technical Assistance to be rendered by Toyota to GM hereunder:

(a) Information and materials reasonably necessary to prepare the following:

(i) Owner's manual;

(ii) Repair manual, including maintenance manual and electrical wiring diagram; and

- 2 -

      (iii)    Parts catalogue;

  (b)   Special service tool drawings;

  (c)   Information, parts and services reasonably necessary for training of service technicians; and

  (d)   Parts and vehicles.

2.2. <u>Actual Implementation of Technical Assistance</u>: Technical Assistance under Section 2.1 hereof shall be actually implemented after the parties agree on the nature of such Technical Assistance and terms and conditions relating to the rendering of such Technical Assistance, provided that the amount to be paid therefor shall be determined on a cost basis.

2.3. <u>Payment for Technical Assistance</u>: Payments for Technical Assistance to be rendered by Toyota under Section 2.1 hereof shall be made as follows:

  (a)  GM shall remit the amount payable to Toyota by bank wire transfer within seven days after actual receipt by GM of Toyota's invoice (including that sent by telex or facsimile) therefor.

  (b)  GM may withhold from the amount payable to Toyota for Technical Assistance any present or future withholding taxes (if any) which GM is required to withhold and pay over to taxing authorities in the United States for the account of Toyota, provided that GM, on behalf of and in the name of Toyota, shall pay such taxes and arrange to furnish Toyota with proper certificates for such payments from such authorities to enable Toyota to obtain tax credit therefor

- 3 -

against its Japanese taxes.

(c) Any handling fees or other similar expenses incurred in remitting such payments shall not be deducted by GM in remitting such payments.

(d) All payments hereunder shall be made in Japanese Yen, unless Toyota shall instruct that such payments be made in U.S. Dollars.

2.4. <u>Nondisclosure of Information</u>: (a) If so indicated by Toyota from time to time, the tangible information furnished by Toyota in connection with the rendering of Technical Assistance hereunder ("Information") are trade secrets of Toyota and, unless such Information shall be consumer information which is required by applicable law to be provided to purchasers of Licensed Vehicles, distributors of Licensed Vehicles and similar persons or entities, shall be maintained by GM in substantially the same manner as GM maintains its most confidential proprietary information owned by it so as to prevent the disclosure thereof to third parties.

(b) Each of the obligations with respect to the maintenance of confidential Information is subject to the terms of the PRA.

2.5. <u>Use of Technical Assistance</u>: Subject to the provisions of the PRA, GM assumes all risks and responsibilities as to its use of Technical Assistance.

- 4 -

(c)  Unless otherwise instructed by Toyota, GM shall upon termination or expiration of this Memorandum return to Toyota, in a manner reasonably designated by Toyota and at GM's cost, all of the tangible Information furnished to GM hereunder and indicated by Toyota as being trade secrets and all reproductions thereof then in the possession of GM.

(d)  Notwithstanding any other provision of this Section 3.1, the expiration or termination of this Memorandum shall not affect the obligations of either of the parties under the Shareholders' Agreement or any of the Other Agreements to which they or either of them are parties, including without limitation the PRA.

3.2. <u>Interest on Overdue Payment</u>:  If any payment to Toyota by GM is delayed, GM shall pay interest to Toyota on each such delayed payment at the rate provided in Section 7.2 of the Shareholders' Agreement.

3.3. <u>Force Majeure</u>:  No party shall in any way be responsible to the other party for failure of or delay in the performance of obligations other than payment of money under this Memorandum if the causes therefor are attributable to any event beyond its reasonable control.

3.4. <u>Arbitration</u>:  Any dispute arising between the parties in connection with this Memorandum shall be finally settled by arbitration. If Toyota is the initiating party, the

### III. GENERAL PROVISIONS

3.1. <u>Memorandum Term and Termination</u>: (a) This Memorandum shall become effective upon its execution by the parties hereto and shall remain in full force and effect until 12 years have elapsed after the Production Commencement Date, fixed as provided in Section 2.1 of the Vehicle Agreement (such period being referred to herein as the "Memorandum Term"), provided, however, that this Memorandum shall terminate immediately upon the dissolution of the JV Company or upon the disposition by the Toyota Group of all of its Shareholder interest in the JV Company in accordance with Article 6 of the Articles of Incorporation of the JV Company or the applicable provisions of the Shareholders' Agreement. Notwithstanding the foregoing, this Memorandum shall apply to technical information and technical assistance which has been furnished or rendered by Toyota to GM relating to the sale and service of the Licensed Vehicles prior to the effective date of this Memorandum.

(b) Any and all financial obligations and liabilities of GM accruing before the termination or expiration of this Memorandum shall survive the termination or expiration of this Memorandum, and shall become without Toyota's demand due and payable immediately upon such termination or expiration.

- 5 -

arbitration shall be held in San Francisco, California, U.S.A., in accordance with the rules of the American Arbitration Association. If GM is the initiating party, the arbitration shall be held in Tokyo, Japan in accordance with the rules of the Japan Commercial Arbitration Association. Any such arbitration proceedings shall be conducted in English. The award rendered by the arbitrators shall be final. An action or proceeding to enforce such award may be brought in any court of competent jurisdiction. The costs of any such arbitration proceedings shall be allocated as the arbitrators shall decide.

  3.5. <u>Assignability</u>: Neither this Memorandum nor any right (other than a right to receive the payment of money) or obligation hereunder may be assigned or delegated in whole or in part to any other person or entity.

  3.6. <u>Persons Authorized to Act for the Parties</u>: Each change, variation or modification of this Memorandum shall be effective only when made in writing signed by an authorized officer or representative of each of the parties.

  3.7. <u>Notices</u>: In any case where any notice or other communication is required or permitted to be given under this Memorandum (including without limitation any change in the information set forth in this Section) such notice or communication shall be in writing and (i) personally delivered, (ii) sent by postage prepaid registered airmail (which notice or

other communication shall be immediately confirmed by a telex marked "Important"), or (iii) transmitted by electronic facsimile transfer marked "Important" (which notice or other communication shall be immediately confirmed by a telex marked "Important") as follows:

If to Toyota, to:

>     Toyota Motor Corporation
>     1, Toyota-Cho, Toyota
>     Aichi 471 Japan
>     Telex/Answerback:  4528371/TOYOTA J
>     Facsimile Model:  UF 520 III
>     Facsimile Call No.:  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
>     Attention:  General Manager, Overseas Project Office

If to GM, to:

>     Chevrolet Motor Division
>     General Motors Corporation
>     30001 Van Dyke Avenue
>     Warren, Michigan 48090 U.S.A.
>     Telex/Answerback:  235547/CHEV CO WARN
>     Facsimile Model:  Rapicom 1500
>     Facsimile Call No.:  313-492-6842
>     Attention:  General Manager

All such notices or other communications shall be deemed to have been given or received (i) upon receipt if personally delivered, (ii) on the tenth business day following posting if by postage prepaid registered airmail, and (iii) 24 hours following confirmation by telex with confirmed answerback if notice is given by electronic facsimile transfer.

    3.8.  <u>Third Persons</u>:  Except as contemplated in this Memorandum as to the parties hereto, nothing in this Memorandum is intended or shall be construed to confer upon or to give any

person or entity any legal or equitable rights or remedies under or by reason of this Memorandum.

3.9. <u>Governing Language</u>: This Memorandum and all other agreements, instruments and notices that are referred to herein or are supplementary hereto shall be prepared or furnished in and governed and controlled by the English language.

3.10. <u>Choice of Law</u>: This Memorandum shall be construed and enforced in accordance with and governed by the laws of the State of California, without giving effect to the principles of conflict of laws thereof.

3.11. <u>Entire Agreement, Etc.</u>: This Memorandum constitutes the entire agreement of the parties hereto with respect to the subject matter hereof. To the extent that provisions in any of the Prior Agreements (as that term is hereafter defined) are inconsistent with any provision of this Memorandum, this Memorandum supersedes all prior agreements and understandings, oral and written, among the parties hereto with respect to the subject matter hereof, including without limitation the Memorandum of Understanding (the "Memorandum"), dated February 17, 1983, as amended, between Toyota and GM and all letter agreements, minutes of meetings and similar documents dated prior to the date hereof to which GM, Toyota or any of their respective representatives are parties (the Memorandum and such letter agreements, minutes and similar documents being referred to herein as the "Prior Agreements").

- 9 -

3.12. <u>Survival</u>: All representations, warranties and indemnities, liabilities and disclaimers and limitations of the foregoing made, furnished or imposed herein or arising hereunder shall survive any termination of this Memorandum or dissolution of the JV Company.

IN WITNESS WHEREOF, the parties hereto have caused this Memorandum to be executed by their respective duly authorized representatives as of the day and year first above written.

TOYOTA MOTOR CORPORATION

By _[signature: Shoichiro Toyoda]_
President

GENERAL MOTORS CORPORATION

By _[signature]_
~~President~~
CHAIRMAN OF THE BOARD

- 10 -

# AMENDMENT TO
# MEMORANDUM ON TECHNICAL ASSISTANCE

TOYOTA MOTOR CORPORATION, a corporation organized and existing under the laws of Japan ("Toyota"), and GENERAL MOTORS CORPORATION, a corporation organized and existing under the laws of the State of Delaware ("GM"), hereby agree to amend the MEMORANDUM ON TECHNICAL ASSISTANCE dated February 21, 1984 ("Memorandum"), as follows:

1. The first sentence of paragraph (a) of Section 3.1 of the Memorandum, entitled "Memorandum Term and Termination," is hereby deleted and replaced by the following:

   "3.1 (a)   This Memorandum shall become effective upon its execution by the parties hereto and shall remain in full force and effect until the dissolution of the JV Company (such period being referred to herein as the "Memorandum Term"). Notwithstanding the foregoing, this Memorandum shall apply to technical information and technical assistance which has been furnished or rendered by Toyota to GM relating to the sale and service of the Licensed Vehicles prior to the effective date of this Memorandum."

2. This Amendment shall be effective as of February 1, 1997.

IN WITNESS WHEREOF, the parties have caused this Amendment to be executed in duplicate by their duly authorized representatives.

TOYOTA MOTOR CORPORATION					GENERAL MOTORS CORPORATION

By: _____					By: _____
Koichiro Noguchi							Paul W. Schmidt
Director								Executive in Charge
									NAO Finance