**PRESENTMENT DATE AND TIME: November 29, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: November 29, 2010 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
David R. Berz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| ------------------------------------------------------------x | | |

**SECOND STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS
AND WESTCHESTER FIRE INSURANCE COMPANY PROVIDING FOR
<u>MODIFICATION OF THE AUTOMATIC STAY</u>**

Motors Liquidation Company, f/k/a General Motors Corporation ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with MLC, the "**Debtors**"), and Westchester Fire Insurance Company and/or its parents, affiliates and subsidiaries ("**Westchester**" and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Second Stipulated Order**"), and stipulate as follows:

1

## RECITALS

A. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this Court voluntary cases (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). No trustee or examiner has been appointed. On or about June 3, 2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the Chapter 11 Cases.

B. On June 1, 2009, the Debtors also filed a motion requesting joint administration of these chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules. Pursuant to this Court's Order in respect thereto, these cases are now being jointly administered.

C. In the ordinary course of their business, the Debtors were frequently required to provide to third parties financial assurance in the form of surety bonds to secure the Debtors' payment or performance of certain obligations and to comply with certain statutory requirements. The Debtors' prepetition surety bond program (the "**Prepetition Surety Bond Program**") was provided in part by Westchester. As of the Commencement Date, Westchester had certain bonds provided on behalf of MLC, as financial assurance for the performance of certain environmental remediation obligations (the "**Prepetition Surety Bonds**"). The obligee on certain of the bonds is the United States Environmental Protection Agency ("**U.S. EPA**") (collectively, with any other obligees under the Prepetition Surety Bonds, the "**Obligees**").

D. Under the Prepetition Surety Bond Program, the Debtors entered into certain indemnity agreements with Westchester (each of said agreements as amended and modified from time to time and as in effect prior to the Commencement Date being referred to collectively as the "**Prepetition Indemnity Agreements**"). Pursuant to the Prepetition Indemnity Agreements, Westchester is entitled to recover, among other things, the full amount of its loss on a surety bond from the Debtors subject to the terms and conditions thereunder.

2

E. Westchester required MLC to obtain and provide collateral to support, secure and back MLC's obligations to Westchester under the Prepetition Surety Bond Program and the Prepetition Indemnity Agreements (collectively the "**MLC Bond Obligations**"). MLC's obligations with respect to certain of the Prepetition Surety Bonds, together with MLC's interest in collateral supporting, securing, and backing such obligations were assumed by and transferred to General Motors, LLC (f/k/a NGMCO, Inc.) under the terms of the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, approved by this Court on July 5, 2009.

F. The collateral for the remaining MLC Bond Obligations (the "**Remaining Collateral**") is held on deposit with The Bank of New York ("**BNY**") in Account No.136144, and is invested in money market funds approved by the National Association of Insurance Commissioners that can liquidate in one business day and are made up of government treasuries with no repurchase agreements.

G. On March 2, 2010, this Court approved an Amended Stipulation and Order [Docket No. 5080] (the "**First Stipulated Order**"), under which stay relief was granted to Westchester, on the terms and conditions therein set forth, to enable Westchester to apply the Remaining Collateral to MLC Bond Obligations, as, when, and if they mature, with respect to Prepetition Surety Bonds relating to superfund liabilities (the "**Superfund Bonds**"). The First Stipulated Order did not cover application of the Remaining Collateral to MLC Bond Obligations related to any Prepetition Surety Bonds that are not Superfund Bonds.

H. Demand has been made upon Westchester by U.S. EPA for payments under Prepetition Surety Bond number K08182012, in the face amount of $1,200,435 (the "**Demanded Bond**"). Westchester requires the use of a portion of the Remaining Collateral to

3

pay the MLC Bond Obligations, including, without limitation, premium obligations, if any, and obligations for reimbursement of fees and expenses, arising with respect to the Demanded Bond (the "**Demanded Bond Obligations**"); however, such bond is not a Superfund Bond, and is therefore not covered by the First Stipulated Order.

      I.     As the relief contemplated by this Second Stipulated Order is similar in nature to the relief attained in the Order Pursuant to 11 U.S.C. §§ 363(b), 503(b), and 105(a) and Fed. R. Bankr. P. 6003 and 6004 (I) Authorizing Debtors to (a) Continue Their Liability, Product Property, and Other Insurance Programs and (b) Pay All Obligations in Respect Thereof, and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations [Docket No. 172] and other "First Day Orders" entered by the Court on June 1, 2009, further relief may not be required to allow Westchester to apply a portion of the Remaining Collateral to the Demanded Bond Obligations. To the extent such further relief is required, MLC acknowledges that Westchester is entitled to such relief under 11 U.S.C. §§ 362(d)(1) and (d)(2).

      J.     The Parties have entered into this Second Stipulated Order to consensually modify the automatic stay in the Chapter 11 Cases to the extent necessary to allow Westchester to apply to the Demanded Bond Obligations a portion of the Remaining Collateral equal in amount to such obligations (the "**Remaining Collateral Portion**").

## STIPULATION

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

      1.     The automatic stay provided for under section 362(a) of the Bankruptcy Code is modified to the extent necessary to allow Westchester to apply the Remaining Collateral

4

Portion to the Demanded Bond Obligations. Westchester reserves its right to assert against the obligee any claims or defenses relating to the Demanded Bond. Westchester agrees to waive any claims against MLC with respect to the Prepetition Indemnity Agreements as such agreements relate to the Demanded Bond, except as to its rights in the Remaining Collateral Portion, conditioned upon the indefeasible receipt by Westchester of the Remaining Collateral Portion to which it is entitled pursuant to this Second Stipulated Order. BNY is authorized and directed to comply with any request by Westchester to release to Westchester the Remaining Collateral Portion in accordance herewith.

2. Nothing in this Second Stipulated Order shall waive or release any rights of Westchester with respect to any other Prepetition Surety Bonds that are not Superfund Bonds, or with respect to the Remaining Collateral insofar as such collateral secures such bonds, including without limitation the right to seek stay relief with respect thereto at any time or from time to time.

3. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Second Stipulated Order.

4. Nothing contained herein shall constitute an assumption of any executory contract pursuant to section 365 of the Bankruptcy Code.

5. This Second Stipulated Order is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Second Stipulated Order. If this Second Stipulated Order is not approved by the Court, then this Second Stipulated Order shall be deemed null and void, and shall not be referred to or used for any purpose by any party in either the Chapter 11 Cases or in any other forum.

5

6. This Second Stipulated Order sets forth the entire understanding of the Parties hereto and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court.  Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Second Stipulated Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

7. The Parties represent and warrant to each other that the signatories to this Second Stipulated Order have full power and authority to enter into this Second Stipulated Order.

8. This Second Stipulated Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Second Stipulated Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile signatures.

*[The Remainder of This Page Is Intentionally Left Blank]*

Dated: New York, New York
       November 18, 2010

| | |
|---|---|
| /s/ _Vincent J. Marriott, III_____ | /s/ David R. Berz |
| Vincent J. Marriott, III | Harvey R. Miller |
| Ballard Spahr LLP | Stephen Karotkin |
| 1735 Market Street, 51st Floor | Joseph H. Smolinsky |
| Philadelphia, Pennsylvania 19103 | David R. Berz |
| Telephone: (215) 864-8127 | Weil, Gotshal & Manges LLP |
| | 767 Fifth Avenue |
| | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorney for Westchester Fire Insurance Company | Attorneys for the Debtors and Debtors in Possession |

Dated: New York, New York
       *November 30, 2010*

                                        *s/ Robert E. Gerber*
                                        United States Bankruptcy Judge