**PRESENTMENT DATE AND TIME: December 16, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: December 16, 2010 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                    :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,    :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*    :
:
                 Debtors.    :    **(Jointly Administered)**
:
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330**
**AUTHORIZING THE DEBTORS TO ENTER INTO A THIRD AMENDMENT OF**
**THE TERMS OF THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC**

PLEASE TAKE NOTICE that upon the annexed Motion, dated December 1, 2010 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), for an order pursuant to sections 327(a) and 330 of title 11, United States Code (the "**Bankruptcy Code**") authorizing the Debtors to amend the terms of their engagement with Brownfield Partners, LLC, as more fully set forth in the Motion, the Debtors will present the attached proposed order to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **December 16, 2010 at 12:00 noon (Eastern Time)**.

US_ACTIVE:\43559106\03\72240.0639

PLEASE TAKE FURTHER NOTICE that any responses or objections to the proposed order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and McCarter & English, LLP, attorneys for Brownfield Partners, LLC, 100 Mulberry Street, Four Gateway Center, Newark, New Jersey 07102 (Attn: Jeffrey Testa, Esq.), so as to be received no later than **December 16, 2010 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Bankruptcy Court may enter an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
December 1, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**PRESENTMENT DATE AND TIME: December 16, 2010 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: December 16, 2010 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   09-50026 (REG)
     f/k/a General Motors Corp., *et al.*                   :
                                                            :
                              Debtors.                      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

# MOTION OF DEBTORS FOR ENTRY
# OF ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330
# AUTHORIZING THE DEBTORS TO ENTER INTO A THIRD AMENDMENT OF
# THE TERMS OF THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. The Debtors request authority to amend the terms of their Engagement Letter (as defined herein) with Brownfield Partners, LLC ("**Brownfield Partners**") to allow Brownfield Partners to continue providing environmental consulting services up to a total cost of consultant labor not to exceed $1,300,000 (the "**Third Amended Fee Cap**").

US_ACTIVE:\43559106\03\72240.0639

**Jurisdiction**

2.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.   On August 3, 2009, this Court entered an order[1] authorizing the Debtors to retain and employ Brownfield Partners to provide environmental consulting services, *nunc pro tunc* to June 1, 2009 (the "**Commencement Date**"), on the terms set forth in the engagement letter dated and effective as of June 15, 2009 (as amended from time to time, the "**Engagement Letter**"), and as modified by that order.  In the Engagement Letter, Brownfield Partners agreed to provide environmental consulting services for a total cost of consultant labor not to exceed $100,000.

4.   On September 14, 2009, this Court entered an order[2] authorizing an amendment to the Engagement Letter pursuant to the terms of that certain letter agreement between the Debtors and Brownfield Partners, dated August 31, 2009 (the "**First Letter Agreement**"), to allow Brownfield Partners to continue providing services for a total cost of consultant labor not to exceed $200,000.

5.   On March 19, 2010, this Court entered an order[3] authorizing a second amendment to the Engagement Letter, pursuant to the terms of that certain letter agreement

---

[1] Order Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors *Nunc Pro Tunc* to the Commencement Date (ECF. No. 3638) (the "**Retention Order**").

[2] Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of Their Engagement with Brownfield Partners, LLC (ECF. No. 4052).

[3] Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of Their Engagement with Brownfield Partners, LLC (ECF. No. 5313).

between the Debtors and Brownfield Partners, dated March 5, 2010 (the "**Second Letter Agreement**"), whereby, the standard hourly rates payable to Brownfield Partners were increased and the authorized maximum total cost of consultant labor was raised to $1,100,000.

6. Brownfield Partners has proven themselves to be a critical player in the Debtors' remediation efforts and their role has continued to grow and develop. Accordingly, on November 30, 2010, the Debtors executed a third letter agreement with Brownfield Partners (the "**Third Letter Agreement**"), attached as **Exhibit "A,"** to allow Brownfield Partners, subject to court approval, to continue providing the services described in the Engagement Letter for a total cost of consultant labor not to exceed the Third Amended Fee Cap.

## The Relief Requested Should Be Approved by the Court

7. Brownfield Partners is a leading real estate development company specializing in the acquisition, master planning, entitlement, and redevelopment of urban infill and environmentally impaired real estate. The Debtors originally engaged Brownfield Partners to assist in determining the costs of actual or potential environmental liabilities arising from the Debtors' prepetition, historic operations in connection with the sale of substantially all of the Debtors' assets to General Motors Company on July 10, 2009. The Debtors have determined that they require ongoing services from Brownfield Partners to assist with the management and support of environmental activities. Brownfield Partners will provide the following future services in connection with the Debtors' liquidation and disposition of its remaining assets:

    (a) Assist the Debtors with remaining remediation cost estimate adjustments;

    (b) Review and advise on 2010/2011 remediation work scoping and contracting;

    (c) Assist with regulatory interface and compliance;

(d)      Provide historical information and advisory services for transition to a trustee team handling the environmental remediation trust;

(e)      Provide support to Federal and State Governments (and their consultants) regarding remediation estimates and approval of past and future costs;

(f)      Assist with claims resolution; and

(g)      Prepare and process interim fee applications for the subject period and for interim fee applications pending for previous work.

Therefore, the Debtors seek the Court's approval to increase the total cost of consultant labor by an additional amount up to $200,000 so that Brownfield Partners may continue to provide the foregoing services as requested by the Debtors. Allowing Brownfield Partners to thoroughly perform its consulting services is in the best interests of the Debtors and their estates in that it will assist the Debtors in addressing environmental matters and facilitate the efficient and economic administration of their estates. Accordingly, the Debtors submit that the Third Amended Fee Cap should be approved.

## **Notice**

8.      Notice of this Application has been provided to parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 (ECF No. 6750). WGM submits that such notice is sufficient and no other or further notice need be provided.

9.      No previous request for the relief sought herein has been made by the Debtors to this or any other Court other than as specified in this Motion.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
December 1, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

# Third Letter Agreement

US_ACTIVE:\43559106\03\72240.0639

**MLC**

Motors Liquidation Company
500 Renaissance Center
Suite 1400
Detroit, MI 48243

Phone: 313.486.4044
Fax: 313.486.4258

November 30, 2010

Stuart L. Miner
Brownfield Partners, LLC
475 17th Street, Suite 950
Denver, CO 80202

Re: Authorization to Increase by $200,000 the Cap on the Total Cost of Consultant Labor Performed by Brownfield Partners, LLC Pursuant to the Environmental Consultant Retention Agreement, Dated July 15, 2009, as Amended.

Dear Mr. Miner,

Subject to court approval by the Bankruptcy Court for the Southern District of New York, Motors Liquidation Company ("**MLC**") hereby authorizes Brownfield Partners, LLC ("**Brownfield Partners**") to perform the services described in the Environmental Consultant Retention Agreement entered into between MLC and Brownfield Partners, dated June 15, 2009, as amended from time to time, for a total cost of consultant labor not to exceed $1,300,000, unless otherwise approved in advance in writing by a representative of MLC, which approval will not be unreasonably withheld.

Sincerely,

*[signature]*

Ted Stenger
Motors Liquidation Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**                :    **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*                  :
                                                             :
                          Debtors.                           :    **(Jointly Administered)**
                                                             :
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 330**
**AUTHORIZING THE DEBTORS TO ENTER INTO A THIRD AMENDMENT OF**
**THE TERMS OF THEIR ENGAGEMENT WITH BROWNFIELD PARTNERS, LLC**

Upon the Motion, dated December 1, 2010 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(a) and 330 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the amendment of the terms of the Engagement Letter, dated June 15, 2009, as amended from time to time, between the Debtors and Brownfield Partners, LLC ("**Brownfield Partners**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Third Amended Fee Cap is approved; and it is further

ORDERED that all references to the Engagement Letter in the Retention Order shall be deemed to include the Third Letter Agreement; and it is further,

ORDERED that except to the extent modified by the First Letter Agreement, Second Letter Agreement, and Third Letter Agreement, the terms and provisions of the Engagement Letter remain in full force and effect; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge