Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                               :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN DEBTORS AND TIMOTHY**
**BYNUM PROVIDING FOR LIMITED**
**MODIFICATION OF THE AUTOMATIC STAY**

      Motors Liquidation Company, (f/k/a General Motors Corporation)

("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Timothy Bynum

("**Plaintiff**" and collectively with the Debtors, the "**Parties**"), by and through their

respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this

"**Stipulation**") and stipulate as follows:

ERROR! UNKNOWN DOCUMENT PROPERTY NAME.

## RECITALS

A.      On June 1, 2009 (the "**Commencement Date**"), MLC commenced a voluntary case (the "**Bankruptcy Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.      Pursuant to section 362 of the Bankruptcy Code, an automatic stay went into effect on the commencement date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the debtors that could have been commenced before the commencement of these chapter 11 cases.

C.      Plaintiff wishes to proceed with a civil action (the "**State Court Action**") in the state of Indiana against MLC and a codefendant, Adamo Demolition Company ("**Adamo**") to recover for Plaintiff's alleged injuries related to alleged toxic exposure on an MLC property.

D.      MLC is being defended in the lawsuit by Adamo's insurance carrier, Arch Insurance.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION

1.      Upon entry of an order of the Court approving this Stipulation (the "**Effective Date**"), the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified solely to the limited extent necessary to enable (a) Plaintiff to pursue the State Court Action; (b) the State Court Action to proceed to final judgment or settlement; and (c) the Plaintiff to attempt to recover any liquidated final judgment or

settlement with respect to the State Court Action from the available liability coverage, if any, provided by Adamo's insurance coverage.

2. Except as provided in paragraph 1 above, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

3. Plaintiff has not, and shall not, file a proof of claim in the Bankruptcy Case, nor shall he seek discovery from MLC in connection with the State Court Action.

4. Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand (a) the terms and conditions of any insurance policy of the Debtors or of Adamo; or (b) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy of the Debtors or of Adamo.

5. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors, Adamo, or their insurance carriers with respect to the State Court Action. The defendants in the State Court Action reserve the right to assert any and all defenses in the State Court Action and reserve all rights with respect to any insurance coverage.

6. This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

7. This Stipulation is subject to the approval of the Court. If this Stipulation is not approved by the Court, this Stipulation shall by deemed null and void, and shall not

be referred to or used for any purpose by any party including in either the chapter 11 cases or the State Court Action.

8.      This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.  The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

9.      The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation and to bind the Parties.

10.      This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

Dated:  November 23, 2010

/s/   John F. Townsend

John F. Townsend, III
Townsend & Townsend
230 E. Ohio Street
Indianapolis, IN 46204
Telephone: (317) 264-4444


Attorney for Plaintiff

/s/   Joseph H. Smolinsky

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000


Attorneys for Debtors
and Debtors In Possession


IT IS SO ORDERED.

Dated: New York, New York
       **_December 2, 2010_**

**_s/ Robert E. Gerber_**
United States Bankruptcy Judge