Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                              Debtors.    :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### STIPULATION AND AGREED ORDER BETWEEN DEBTORS AND SAMUEL BARROW RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

Motors Liquidation Company, (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Samuel Barrow ("**Plaintiff**" and collectively with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

### RECITALS

A.    On June 1, 2009 (the "**Commencement Date**"), MLC commenced a voluntary case (the "**Bankruptcy Case**") under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B.  Prior to the Commencement Date, Plaintiff filed an action in the United States District Court for the Southern District of Ohio, Western Division at Dayton (the "**Ohio Court**"), captioned *Samuel Barrow v. General Motors Corporation, Harco Industries, Inc., and Manpower of Dayton, Inc.*, Case No. 3:08-cv-0033 (the "**Ohio Litigation**") on February 7, 2008.

C.  The Ohio Litigation asserts claims pursuant to 42 U.S.C. §1981, O.R.C. §4112.99, and for the intentional infliction of emotional distress arising from Plaintiff's alleged wrongful and retaliatory discharge by the defendants.  Plaintiff alleges retaliatory actions by the defendants due to his complaint alleging the manufacture and use of defective brake hoses in General Motors automobiles.

D.  On June 4, 2009, in response to a filing by non-Debtor codefendants Harco Industries, Inc. and Manpower of Dayton, Inc. (collectively, the "**Non-Debtor Codefendants**"), wherein they asserted the inability to take discovery from MLC due to the automatic stay, the Ohio Court entered an order staying the Ohio Litigation as to all defendants pending the conclusion of MLC's bankruptcy proceedings.

E.  On November 25, 2009, Plaintiff filed proof of claim number 48400 (the "**Barrow Claim**") in these chapter 11 cases.  The Barrow Claim arises from Plaintiff's allegations against MLC in the Ohio Litigation.

F.  On February 23, 2010, this Court entered an Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Resolution Procedures, Including Mandatory Mediation (ECF No. 5037) (the "**ADR**

**Order**").

G.  On November 2, 2010, Plaintiff filed the Motion For An Order Pursuant to 11 U.S.C.§362(d) Granting Relief from Automatic Stay and Authorizing Movant to Proceed with Pending Action (ECF No. 7622) (the "**Motion**").  The Motion seeks an order (i) modifying the automatic stay to permit the prosecution and liquidation of the Ohio Litigation as to MLC only to the extent of available insurance coverage, and (ii) finding that the automatic stay does not apply to co-defendants Harco Industries, Inc. and Manpower of Dayton, Inc. in the Ohio Litigation.

H.  The Debtors believe there is no available insurance to cover Plaintiff's claim against MLC in the Ohio Litigation and the Parties agree that attempting to resolve the Barrow Claim via the alternative dispute resolution procedures included in the ADR Order is in the best interest of the Parties.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION

1.  The Barrow Claim shall be designated by the Debtors for alternative dispute resolution pursuant to the ADR Order no later than December 31, 2010.

2.  The Parties reserve all respective rights in the event that the Barrow Claim is not successfully resolved by the alternative dispute resolution proceedings.

3.  The automatic stay provisions found under section 362 of the Bankruptcy Code shall remain in full force and effect as to the Debtors.

4.  The automatic stay provisions found under section 362 of the Bankruptcy Code shall not serve as an impediment to allowing the Ohio Litigation to proceed as to

the Non-Debtor Codefendants, and the Debtors do not object to being severed from the Ohio Litigation and the Ohio Litigation proceeding as to any non-Debtor parties.

5.   This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation.

6.   This Stipulation is subject to the approval of the Court and, if approved, this Stipulation shall resolve the Motion in its entirety.  If this Stipulation is not approved by the Court, this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any party including in either the chapter 11 cases or the Ohio Litigation.

7.   This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.

8.   The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation and to bind the Parties.

9.   This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail, although it is the Parties' intention to deliver original signatures after delivery of facsimile or PDF signatures.

Dated: November 24, 2010

| | |
|---|---|
| /s/ Paul Myung Han Kim | /s/ Joseph H. Smolinsky |
| Paul Myung Han Kim | Harvey R. Miller |
| Wilson, Elser, Moskowitz, Edelman & Dicker LLP | Stephen Karotkin |
| | Joseph H. Smolinsky |
| 3 Gannet Drive | Weil, Gotshal & Manges LLP |
| White Plains, NY 10604-3407 | 767 Fifth Avenue |
| Telephone: (914) 323-7000 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorney for Plaintiff | Attorneys for Debtors and Debtors In Possession |

IT IS SO ORDERED.

Dated: New York, New York        *s/ Robert E. Gerber*
     ***December 2, 2010***        United States Bankruptcy Judge

A:\STIPULATION WITH S. BARROW TO RESOLVE LIFT STAY MOTION 43562894.DOC        5