**HEARING DATE AND TIME: December 15, 2010 at 2:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: December 8, 2010 at 4:00 p.m. (Eastern Time)**

Thomas M. Kennedy, Esq.
Susan M. Jennik, Esq.
KENNEDY, JENNIK & MURRAY, P.C.
113 University Place, 7th floor
Telephone: (212) 358-1500
Facsimile: (212) 358-0207
Attorneys for IUE-CWA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION CORP., *et al.*, | : | 09-50026 (REG) |
| | : | |
| *f/k/a* GENERAL MOTORS CORP., *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | |

------------------------------------------------------------x

**IUE-CWA'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363(b),
TO APPROVE ASSIGNMENT OF CLAIM OF IUE-CWA TO A VEBA TRUST**

TO THE HONORABLE ROBERT S. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

**PRELIMINARY STATEMENT**

1.   By this Motion, the IUE-CWA, Industrial Division of the Communications Workers of America, AFL-CIO, CLC ("IUE-CWA"), seeks entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363, approving the assignment of the IUE-CWA claim to the IUE-CWA GM Bankruptcy Claim Trust. A proposed order is attached as Exhibit A.

2.   On or about September 3, 2009, the IUE-CWA, and other unions entered into an agreement with General Motors Company and Motors Liquidation Company, formerly known as General Motors Corporation (collectively the "Debtors"), titled "Settlement Agreement Between

and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-up, and Modification and GMCO Assumption of MCL-IUE-CWA CBA" ("Settlement Agreement"), attached as Exhibit B. The Settlement Agreement provides, in pertinent part, as follows:

> The IUE-CWA, USW and all Splinter Unions (as hereafter defined) that agree to applicable terms in this Settlement Agreement shall be granted an allowed prepetition unsecured claim in MLC's Chapter 11 Case in the amount of one billion dollars with respect to retiree health and life insurance benefits for the post-age-65 retirees, post-age-65 surviving spouses and under-age-65 retirees or surviving spouse disqualified for Retiree Health Care Benefits due to Medicare eligibility who are represented by IUE-CWA, USW and the Splinter Unions (the "Allowed Claim"). Age for purposes of the preceding sentence shall be determined as of December 31, 2009. The Allowed Claim shall be in full settlement, satisfaction and discharge of all claims against MLC and its affiliates and their present and former officers and directors by the IUE-CWA, USW and the Splinter Unions or any employees, retirees or other persons or beneficiaries represented by or subject to agreements entered by such unions with MLC (the "Splinter Claims") against MLC and its affiliates and their respective officers, directors. Upon approval of this Settlement Agreement by the Bankruptcy Court, any and all Splinter Claims shall be withdrawn, released and dismissed with prejudice and the IUE-CWA, USW and the Splinter Unions shall promptly take all such action necessary or required to effectuate the foregoing, including providing releases to MLC. Any funds resulting from the Allowed Claim shall be distributed in a manner as authorized by the Bankruptcy Court. <u>To the extent approved by the Bankruptcy Court, MLC agrees that the IUE-CWA, USW, and the Splinter Unions have a right to sell, assign or transfer their respective allowed Claim as they deem appropriate at any time</u>.

(Emphasis added.) (Docket No. 4241, Ex. B, ¶ 3.)

3. This Court approved the Settlement Agreement on November 12, 2009. ("Approval Order", Docket No. 4433.) According to the Approval Order, the IUE-CWA percentage share of the entire Allowed Claim of one billion dollars is 79.39%. (Docket No. 4433, Ex. B.)

4. IUE-CWA now seeks to assign its percentage share of the Allowed Claim to a trust that has been created to provide retiree health and life insurance benefits for the post-age-65 retirees, post-age-65 surviving spouses and under-age-65 retirees or surviving spouse

2

disqualified for Retiree Health Care Benefits due to Medicare eligibility who are represented by IUE-CWA. A copy of the Trust Agreement of the IUE-CWA GM Bankruptcy Claim Trust ("the Trust") is attached as Exhibit C.

5. The Trust, together with the Plan, is intended to constitute a "voluntary employees' beneficiary association" under § 501(c)(9) of the Internal Revenue Code, 26 U.S.C. § 501(c)(9). The Plan is intended to constitute an "employee welfare benefit plan" within the meaning of § 3(1) of the Employee Retirement Income Security Act ("ERISA") and to be compliant with ERISA requirements. (Ex. C, at 4.) The Trust Agreement provides as follows:

> At no time shall any part of the corpus or income of the Trust Fund be used for or diverted to purposes other than for the exclusive benefit of the Participants, including payment of reasonable costs of establishment, amendment and administration of the Trust and the Plan, and at no time shall any part of the net earnings improperly inure to the benefit of any private individual as provided in Section 501(c)(9) of the Code and Section 1.501(c)(9)-4 of the Treasury Regulations promulgated thereunder.

(*Id.* at 5.)

6. The Trustees will be the following:

> The Trustees shall be comprised of seven (7) individual persons, consisting of (a) four (5) Trustees appointed by the President of the IUE-CWA and (b) two (2) Independent Trustees. The initial Trustees of the Trustees appointed by the IUE-CWA are listed in Exhibit 1 of this Trust Agreement. No Independent Trustee, or any family of a Trustee, employer, or partner of an Independent Trustee, shall have any financial or institutional relationship with IUE-CWA; provided however, that receipt of a pension or other mandatory contractual payment from IUE-CWA which was earned in full prior to the appointment shall not be deemed a financial or other institutional relationship.

(*Id.* at 10.) The five Trustees appointed by the President of the IUE-CWA are: James Clark, Lauren Asplen, Leslie Cash, Edward Fire, and Mark Profitt.[1]

7. In order to establish the Trust, the IUE-CWA has agreed to provide an unsecured, interest-free loan to the Trust of $100,000. The Loan Agreement is attached as Exhibit D. The

---

[1] The two Independent Trustees will be appointed shortly.

3

loan is for the purpose of allowing the Trust to pay "ordinary operating expenses of operating the Trust, including reasonable administrative costs associated with the creation and maintenance of the Trust, such as retaining a fiduciary to assume the responsibility for liquidating the IUE-CWA Bankruptcy Claim and retaining an Actuary and Counsel to assist in determining potential benefits." (Ex. D at 3.)

8.  The IUE-CWA General Executive Board ("GEB") has resolved to transfer its percentage share of the Allowed Claim in this case to the Trust. A copy of the Transfer of Claim Agreement is attached as Exhibit E. The Transfer of Claim Agreement is subject to approval of this Court. (Ex. E at 1.)

9.  The Trustees have retained Independent Fiduciary Services, Inc. ("IFS") to serve as a named fiduciary and investment manager of the Trust with respect to the IUE-CWA percentage share of the Allowed Claim and its disposition. A copy of the Independent Fiduciary Engagement Agreement between the Trust and IFS is attached as Exhibit F. IFS is an investment advisory firm with over 20 years of experience which provides investment advisory services to institutional investors, including taking responsibility as an "independent fiduciary" for specific investment transactions. (http://www.fidserv.com/about) Some senior staff of IFS have served at high levels of the U.S. Department of Labor while others have served as top executives of multi-billion dollar corporate, public and jointly-trusteed pension plans. IFS was chosen through a process which included distribution of requests for proposals and interviews of firms which provide such services.

### THE MOTION TO APPROVE THE DISTRIBUTION AND ASSIGNMENT OF THE IUE-CWA CLAIM TO THE TRUST SHOULD BE GRANTED UNDER §§ 363(B) AND 105(A) OF THE BANKRUPTCY CODE

10. Ample authority exists for approval of the Motion under §§ 363(b) and 105(a) of the Bankruptcy Code. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Settlement Agreement contemplates approval of the bankruptcy court for the distribution of any funds resulting from the Allowed Claim and for the right of each union to sell, assign or transfer their respective Allowed Claim. (Ex. B at 5-6.) Here, the IUE-CWA has established a Trust to implement the provision of health benefits to eligible retirees pursuant to the Settlement Agreement. IUE-CWA seeks to transfer its interest in its percentage share of the Allowed Claim to that Trust so that the Trust will have the assets to provide the retiree health benefits.

11. The Trust has been established to be compliant with the Internal Revenue Code and with the provisions of ERISA. The Trustees will have the responsibility of using the assets of the Trust for the benefit of the participants. The Trustees will establish a plan of benefits for the eligible retirees with the assistance of actuarial and legal professionals. Two Independent Trustees will have the responsibility to review and approve all appropriate transactions between the IUE-CWA and the Trust to ensure that there are no prohibited transactions or breach of fiduciary duty.

12. In addition, the IUE-CWA seeks approval of a loan agreement, whereby it will lend the Trust $100,000 for the initial costs of retaining an investment professional to determine the timing and the method by which the Allowed Claim will be handled and an actuary to assist the Trustees in developing an appropriate plan of benefits. This loan will be unsecured and

interest-free and will be allowed to be repaid only when the Trust has assets of at least five million dollars ($5,000,000). The Loan Agreement indicates that it is intended to be compliant with the United States Department of Labor amended Prohibited Transaction Exemption ("PTE") 80-26 to provide a continuing exemption under ERISA for certain loans by parties in interest to employee benefit funds.

13.     The Allowed Claim is for the loss of retiree health benefits for the eligible retirees as identified in the Settlement Agreement. The Trust is a voluntary employee beneficiary association ("VEBA") created for the purpose of accepting the IUE-CWA percentage share of the Allowed Claim so that it may provide benefits to the eligible retirees. By providing such benefits the Trust is carrying out the purpose of the Settlement Agreement and the Allowed Claim.

14.     This Court and others have recognized that a VEBA is an appropriate vehicle for providing retirees with benefits to compensate for the loss of retiree health benefits in a bankruptcy case. In this case, this Court found that a settlement with the UAW which provided that General Motors would make contributions to a New VEBA which would then have the obligation to fund retiree medical benefits was fair and equitable. *In re General Motors Corp.*, 407 B.R. 463, 484-86, 519-20 (Bankr. S.D.N.Y. 2009). *See also, In re Chrysler LLC,* No. 09-50002 (AJG), 2009 WL 1360869, *18-19 (Bankr. S.D.N.Y. May 7, 2009) (approval of agreement to fund a VEBA providing retiree health benefits with equity and a note); (*In re Delphi Corp.,* No. 05-44481 (RDD), 2009 WL 973130 (Bankr. S.D.N.Y. April 2, 2009) (approving payment to a salaried retirees committee to set up a VEBA in settlement of claims for lost retiree health benefits); *In re Tower Automotive, Inc.,* 342 B.R. 158 (Bankr. S.D.N.Y. 2006) (approving settlement with unions providing for establishment of VEBA trusts to provide future

retiree benefits). Therefore, it is appropriate for this Court to approve the assignment of the IUE-CWA percentage share of the Approval Claim to the Trust.

## JURISDICTION

15. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE

16. Notice of this Motion has been provided to (i) Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Debtors; (iii) the attorneys for statutory committee of unsecured creditors appointed in these chapter 11 cases, (iv) the attorneys for the United Steelworkers, (v) the attorneys for the International Association of Machinists and Aerospace Workers, (vi) the attorneys for the International Brotherhood of Electrical Workers, and (vii) the attorneys for the International Union of Operating Engineers. IUE-CWA submits that such notice is sufficient and no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by IUE-CWA to this or any other Court.

WHEREFORE IUE-CWA respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
December 2, 2010

        Respectfully submitted,
        KENNEDY, JENNIK & MURRAY, P.C.
        Attorneys for IUE-CWA

By:   Thomas M. Kennedy
       tkennedy@kjmlabor.com
       Susan M. Jennik
       sjennik@kjmlabor.com
113 University Place, 7th floor
New York, NY 10003
Tel. (212) 358-1500
Fax: (212) 358-0207