Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      09-50026 (REG)
        f/k/a General Motors Corp., et al.    :
                                        :
                          Debtors.      :      (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 70464 FILED BY BEVERLY E. SMITH**

PLEASE TAKE NOTICE that upon the annexed Objection, dated December 3,

2010 (the "**Objection**") of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), to the allowance of

Proof of Claim No. 70464 filed by Beverly E. Smith, all as more fully set forth in the Objection,

a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge,

in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004, on **January 6**, **2011 at 9:45 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection must be

in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of

the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500

Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General

Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo,

Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of

the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J.

Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue

NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price,

P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New

York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin

Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177

Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq.,

Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office,

S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones,

Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xii) Beverly E. Smith, 717 Madison Place, Washington, DC 20439, so as to be received no later than **December 30, 2010, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no response is timely filed and

served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit

to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Objection, which order may be entered with no further notice or opportunity to be heard offered

to any party.

Dated:  New York, New York
       December 3, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                        :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**DEBTORS' OBJECTION TO**
**PROOF OF CLAIM NO. 70464 FILED BY BEVERLY E. SMITH**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

           Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

           1.        The Debtors file this Objection (the "**Objection**"), pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

establishing the deadline for filing proofs of claim against MLC and certain other Debtors (the

"**Bar Date**") and the procedures relating to the filing of proofs of claim against MLC and certain

other Debtors (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing

and expunging Proof of Claim No. 70464 (the "**Smith PoC**," a copy of which is annexed herein

as **Exhibit "A"**) filed by Beverly E. Smith ("**Claimant**") on behalf of himself and "all others all

homeless."[1]  The Smith PoC seeks damages in the amount of $75 trillion.

2.    The Debtors have examined the Smith PoC and have made every effort to

ascertain the nature and validity of it.  However, in light of the failure of the Smith PoC to set

forth a cognizable legal and factual basis, together with the insufficient documentation provided

by Claimant, and the fact that the Smith PoC has been filed almost 11 months *after* the Bar Date,

the Debtors request the entry of an order disallowing and expunging the Smith PoC from the

Debtors' claims register in its entirety.

## Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relevant Facts to the Smith PoC

4.    On September 16, 2009, this Court entered the Bar Date Order which,

among other things, established November 30, 2009 as the Bar Date and set forth procedures for

filing proofs of claim.  The Bar Date Order requires, among other things, that a proof of claim

must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include

supporting documentation or an explanation as to why such documentation is not available."  Bar

---

[1]        No basis is indicated for this to be considered a class action claim, nor has Claimant sought approval from
the Court to represent the interest of any other party.  *See* Fed. R. Bankr. P. 2019 (requiring purported agents
representing more than one creditor to file a verified statement setting forth the basis of that representative's right to
act for the represented creditors).

Date Order at 2.[2]  On or before October 15, 2009, the Debtors published notice of the Bar Date in nine publications including, without limitation, <u>Financial Times</u>, <u>The Wall Street Journal</u> (Global Edition – North America, Europe, and Asia), <u>The New York Times</u> (National) and <u>USA Today</u> (Monday through Thursday, National).

     5.     On or about October 19, 2010, Claimant filed the Smith PoC (Proof of Claim No. 70464) against the Debtors and certain other parties, including "Lehman Brothers" claiming "$75 Trillion (Net American Dollars)."  The Smith PoC references a certain lawsuit as the basis for the claim -- *Smith et al. v. Wagner et al.*, Case No. 05-cv-04457 (JCJ) (E.D. Pa. 2005) (hereinafter, the "**Smith Civil Action**").[3]  From what the Debtors have been able to piece together:

- The Smith Civil Action appears to be a federal district court action that relates to two state court actions in which Claimant was a party involving a divorce action (Case No. 2000-FC-1453) and a custody action (Case No. 2004-FC-1099).  Both state court actions were filed in the Lehigh County Court of Common Pleas.

- The Smith Civil Action was commenced by Claimant on August 22, 2005 and was closed by the United States District Court for the Eastern District of Pennsylvania (the "**District Court**") on June 15, 2006 after determining that it did not have subject matter jurisdiction over any of the matters asserted by Claimant. *See* Order of June 15, 2006 attached herein as **Exhibit "B."**

- Thereafter, Claimant filed several other pleadings which caused the District Court to issue an order on October 14, 2009 precluding Claimant "from making any further filings in this case and [ordering] the Clerk of the Court [not to] accept further filings in this case."  *See* Order of October 14, 2009 attached herein as **Exhibit "C"** (noting in footnote 1 that Claimant had "filed several motions, all of which were unintelligible").

---

[2]     Notices of the Bar Date Order contained express references to this requirement.

[3]     Notably the Smith Civil Action does not involve the Debtors in the litigation nor any former employee or member of the Debtors' board of directors.  Defendant Mary B. Wagner (apparently, Claimants' former wife) should not be confused with the Debtors' former chief executive officer, Rick Wagoner.

## Claimant Has Failed to Allege Sufficient Facts In Support of the Claims

6.    The Debtors object to the Smith PoC because it fails to allege facts sufficient to support a claim against the Debtors.  A proof of claim which is "so lacking in supporting evidence and logical linkage to the Debtors' cases . . . [is] not entitled to any presumption that [it is] *prima facie* valid, and the burden of proof . . . shift[s] to [the claimant]." *See Lehman Bros. Holdings Inc. v. Kuntz (In re Lehman Bros. Holdings Inc.)*, Case No. 08-13555 (JMP), 2010 WL 4848173, at *2 (Bankr. S.D.N.Y. Nov. 10, 2010); *see also Helliwell v. George R. Burrows, Inc. (In re George R. Burrows, Inc.)*, 156 F.2d 640, 641 (2d Cir. 1946) ("as soon as the trustee introduced any substantial evidence in opposition the claimants needed to establish by a preponderance of all the evidence that the claims as filed were based on facts which entitled the claimants to their allowance under the law.  The burden of over-all proof was then on the claimants."); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

7.    Here, the Smith PoC is completely unintelligible.  The asserted basis for the claim -- the Smith Civil Action -- bears no obvious relation to the Debtors and fails to provide any legal or factual support for a claim, much less one against the Debtors.  *See Lehman Bros. Holdings*, at *4 (explaining that "[c]laimants, at a minimum, need to be able to give an understandable offer of proof indicating that some evidence actually exists (not simply may exist) to establish a claim's validity" and that the burden is a particularly heavy one when the claim is not based on any clearly identifiable relationship with the debtor).  Accordingly, the Smith PoC cannot be afforded *prima facie* validity under the Bankruptcy Code.

### The Smith PoC Is Late

8.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "proof of such claim is not timely filed."  11 U.S.C.

§ 502(b)(1).  If objected to, an untimely claim shall be disallowed unless the claim was tardily

filed as permitted under the Bankruptcy Rules.  *Id.* § 502(b)(9).  The Smith PoC was filed on or

about October 19, 2010 -- almost 11 months *after* the Bar Date.  Moreover, Claimant has not

filed a motion under Bankruptcy Rule 9006(b)(1) which governs the admission of proofs of

claim filed after a court-ordered bar date.  *See Pioneer Inv. Serv. v. Brunswick Assocs. L.P.*, 507

U.S. 380, 382 (1993) (noting that Bankruptcy Rule 9006(b)(1) "empowers a bankruptcy court to

permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of

excusable neglect'").

9.      The *Pioneer* Court established five factors in consideration of what

constitutes excusable neglect:  (1) the degree of prejudice to the debtors; (2) the length of the

delay and its potential impact on judicial proceedings; (3) the reason for the delay, including

whether it was within the reasonable control of the claimant; (4) whether the claimant acted in

good faith; and (5) if a claimant had counsel, whether a claimant should be penalized for their

counsel's mistake or neglect.  *Id.* at 385, 387.  In applying *Pioneer*, the Second Circuit has

adopted what can be characterized as a hard line test for determining whether a party's neglect is

excusable.  *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005).  The Second Circuit focuses

on the "reason for the delay" and cautions that rarely will the equities favor a claimant who fails

to follow a clear court rule.  *Id.* at 123.

10.      Here, Claimant has filed the Smith PoC almost a year after the Bar Date

and more than a month after the Debtors have filed their chapter 11 plan of liquidation.  It would

be severely prejudicial to other claimants and these judicial proceedings to now have to reserve

distributions for the Smith PoC, particularly given the absurdity of the $75 trillion claimed.

Accordingly, the Debtors request that the Smith PoC be disallowed and expunged from the

Debtors' claim register.

### Conclusion

11.     The Debtors are aware of Claimant's asserted homeless condition and are

sympathetic with the challenges he apparently has lived.  Nevertheless, there is no basis for

allowing a claim against the Debtors to the detriment of other creditor constituencies.  *See*

*Adelphia Commc'ns Corp.*, 333 B.R. 649, 666 (S.D.N.Y. 2005) (explaining that "the function of

the Bankruptcy Code . . . is to achieve the maximum distribution to creditors in the minimum

time") (internal quotation omitted).

[*The Remainder of This Page Has Intentionally Been Left Blank*]

**Notice**

12.    Notice of this Motion has been provided to Claimant (at the address

provided in the Smith PoC) and parties in interest in accordance with the Fourth Amended Order

Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and

Case Management Procedures, dated August 24, 2010 (ECF No. 6750).  The Debtors submit that

such notice is sufficient and no other or further notice need be provided.

13.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
         December 3, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit "A"</u>**

*Legal and Equitable Claim(s)... Motions, And Petitions to Enforce also...*
*Now Page 5 of 5*

7015854

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)
☑ Motors Liquidation Company (f/k/a General Motors Corporation)   Case No
☑ MLCS, LLC (f/k/a Saturn, LLC)   09-50026 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50027 (REG)
   09-50028 (REG)
*{ Lehman Brothers (and others) see Bank Mergers with and law(s), if current*

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 4)  All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  B E SMITH AND ALL OTHERS ALL HOMELESS

Name and address where notices should be sent
B E SMITH AND ALL OTHERS ALL HOMELESS
CO THE US SUPREME COURT CO 717 MADISON PLACE
AGAIN 10112010
FEDSCV4457 AND ALL OTHERS
WASHINGTON DC 20439

Telephone number _____ (4N)
Email Address *federal subpoena @yahoo.com*

Name and address where payment should be sent (if different from above)
*B E Smith & All Others, c/o Marie Smith*
*151 West Mountain Road Apt #5*
*Allentown, Pa 18103*
Telephone number *610-799-2027*   *Marie Number*

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ *Fed: 5-CV-4457*
(If known)   *And All Others*
Filed on *Back to Apprx.*
*2000 - 2001*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

FILED - 70464
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

1  Amount of Claim as of Date Case Filed, June 1, 2009   $ *75 Trillion (Net America...)*
If all or part of your claim is secured, complete item 3 below, however, if all of your claim is unsecured, do not complete item 3  If all or part of your claim is entitled to priority, complete item 4  *Please see Federal Power Account # Fed: 5-CV-*
☐  Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach *4457*
itemized statement of interest or charges   *And All others*

2  Basis for Claim  *Please see all Federal Power, all US bank dealers, all Lehigh*
(See instruction #2 on reverse side)  *County Pa they never move us to Federal Courts*
*An US States, SPMH & All others*

3  Secured Claim (See instruction #3 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe   *Please see Federal*
Value of Property $_____  Annual Interest Rate____%  *Account: Fed: 5-CV-4457*
Amount of arrearage and other charges as of time case filed included in secured claim, if any  $  *And*
Basis for perfection _____   *An*
Amount of Secured Claim  $_____  Amount Unsecured  $_____   *others*

4  Amount of Claim Entitled to Priority under 11 U.S.C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐  Domestic support obligations under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B)
☐  Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U.S.C § 507(a)(4)
☐  Contributions to an employee benefit plan – 11 U.S.C § 507(a)(5)
☐  Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 1, U.S.C § 507(a)(7)
☐  Taxes or penalties owed to governmental units – 11 U.S.C § 507(a)(8)
☐  Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C § 503(b)(9) (§ 507(a)(2))
☐  Other – Specify applicable paragraph of 11 U.S.C § 507(a)(__)

Amount entitled to priority
*Please see Fed Power*
$  *5-CV-4457 And*
*Any other*
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

5  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

6  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 6 on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING   *Please see Federal Power Account*
If the documents are not available, please explain in an attachment   *Fed: 5-CV-4457 And*
*Any others*

Date  *as in*
*12/12/2010*

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any   *Add A class Actions all*
*B E Smith & All Others (Bro & all who Homeless) An Fed It Current*

FOR COURT USE ONLY
OCT 19 2010
1967396057 ... COURT, SDNY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C §§ 152 and 3571
Modified B10 (GCG) (12/08)

THE GARDEN CITY GROUP, INC.
OCT 21 2010

@ Motions and Petitions to Enforce . . . .

AO 88 (Rev 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action    Page 1 of 5   (Enclosed Legally)

JPML, US Court to Appeal    **UNITED STATES DISTRICT COURT**    ③ 3 actual Firms – all completed + support actions Federal Firm
(All Attornies), US Supreme                                          for the 3rd Federal Circuits (All    (Oct 23, 2009 stamp
Court                                                                Federal Circuits)    on
                                   A Class Actions                   ) Lehman Brothers and        ④ US Bank Court
B E. Smith & All others (All Homeless)    ) General motors Corporation Settlements    NY Claim(s)
_____    Plaintiff    ) Civil Action No Fed: 5-cv-4457    Firm – all Completed
Too Many Too Long Here Please see Federal    )    And All others    legally
_____ Defendant Pages    )    & equitably
Account US Courts (All) Fed: 5-cv-4457 & Another

To United States    SUBPOENA TO APPEAR AND TESTIFY
Bankruptcy Court, SDNY, One Bowling Green, New York, New York 10004 (All    AT A HEARING OR TRIAL IN A CIVIL ACTION & Criminal
To Rooms, all entities and all individuals) see all others and all entities legally
faxed to (all numbers on legal page #3).

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below
to testify at a hearing or trial in this civil action   When you arrive, you must remain at the court until the judge or a court
officer allows you to leave   If you are an organization that is *not* a party in this case, you must designate one or more
officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following
matters, or those set forth in an attachment   Please send ① All legal filings, all websites
firms in sectors, all US court dockets, all court dockets (all Ways are again updated legally
and equitably, Please see all recent legal filings (http:// www.uscourts.gov and more.

| Place   It you can't read, please call / email | Courtroom No |
| legally   Federalsubpoena@yahoo.com | Date and Time |

You must also bring with you the following documents, electronically stored information, or objects (blank if not applicable) Please send
⑤ http:// www.snl.com/irpweblinkx/makers.aspx?iid=100383   (and especially
all Annual Reports and member firms)

The provisions of Fed  R  Civ  P  45(c), relating to your protection as a person subject to a subpoena, and Fed
R  Civ  P  45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing
so, are attached   ⑥ https://ecf.pacd.uscourts.gov/cgi-bin/DktRpt.pl?47222
6250911945-L-96-0-1  (all documents – legal and equitable)

Date. 10/12/2010                                                        A Class
   CLERK OF COURT                                                       Actions
                                                                        (All Homeless)
_____                OR    _____
Signature of Clerk or Deputy Clerk            Attorney's signature
                                              Pro Se

The name, address, e-mail, and telephone number of the attorney representing (name of party) ___ Please
see c/o The US Supreme Court , who issues or requests this subpoena, are
② Motion(s) and Petition(s) to correct all also Improper procedures, all past sales, mergers,
acquisitions of all financial (all industries) in the past also (to correct) Examples: Wells Fargo
                                                         PNC, national City, Wachovia
① Pennsylvania Public School Employees Retirement System Comprehensive Annual Financial & more
Report, PSERS  2009 (All years, all editions, all legal and charitable contents and all US
States similar to remains also

AO 88 (Rev 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)   *Page 2 of 5*

Civil Action No *Fed: 5-W-4457 And All others*

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

*United States Bankruptcy Court, SDNY,*

This subpoena for (name of individual and title, if any) *One Bowling Green, Room 534 -All Rooms*

was received by me on (date) _____ *New York, New York 10004*

☑ I served the subpoena by delivering a copy to the named person as follows ↓ *Sent via US*
*Mail with US Bankruptcy Court Form A67396087 -B10 (b10) 12/08 Proof of Claim And*
*US Court of Appeals (All Names) (All updated)* on (date) *10/12/2010* , or
*Different Stamped document (legal) dated Oct 23, 2009*

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 00

I declare under penalty of perjury that this information is true

*All Homeless -*

Date *10/12/2010*

*Blacks & all who (Ageless Ageless)*
Server's signature

*All Homeless -*
*BK Smith & All Others (Ageless Ageless)*
Printed name and title *CEO US (United*
*States,) Supreme Court, 717 Madison Place*
*Washington, DC 20439 (All US*
Server's address *Courts Addresses)*

*Please legally reply in legal*
*writings on all outcomes of*
*all Lehman Brothers, all*
*general trustees and all others*
*to all US Supreme Court, US Court*
*of Appeals (All Named) US*
*Whitehouse and All others*

Additional information regarding attempted service, etc

③ *All possible ways of all possible individuals, possible*
*associations, all possible connections, all possible relations of*
*all legally involved and equitably involved against (all ways)*
*the plaintiffs (all ways) - again.*

*Example (legal) possible also; Wilmington Trust (Both LBS & GM)*
*and the State of Delaware, the plaintiffs LLC in Delaware and*
*also National Penn and more to the ASI) me an Accounting,*
*Entities and Individuals (All possible Joint) RE company) all possible*
*co-warriors of the plaintiffs as-well (all ways) Thanks! Bart*

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena**

 **(1)** *Avoiding Undue Burden or Expense, Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena  The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial

 **(B)** *Objections*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served  If an objection is made, the following rules apply

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required*  On timely motion, the issuing court must quash or modify a subpoena that

 **(i)** fails to allow a reasonable time to comply,

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held,

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies, or

 **(iv)** subjects a person to undue burden

 **(B)** *When Permitted*  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information,

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

 **(C)** *Specifying Conditions as an Alternative*  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated

**(d) Duties in Responding to a Subpoena**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information

 **(A)** *Documents*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

 **(B)** *Form for Producing Electronically Stored Information Not Specified*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms

 **(C)** *Electronically Stored Information Produced in Only One Form*  The person responding need not produce the same electronically stored information in more than one form

 **(D)** *Inaccessible Electronically Stored Information*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery

 **(2)** *Claiming Privilege or Protection*

 **(A)** *Information Withheld*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must

 **(i)** expressly make the claim, and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim

 **(B)** *Information Produced*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim  The person who produced the information must preserve the information until the claim is resolved

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)

*New Page 4 of 5*

*Petitions And Motions And Appeals*

8 (Rev 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

*Page 1 of 2*

**UNITED STATES DISTRICT COURT**   RECEIVED

*& others*

*see all legal forms*                for the *3rd Federal Circuits are all* 11 OCT 23 2009
*filings and website online forms in sections from here*
*& such*            *A Class Action*   *Federal Circuits*

United States Court of Appeals
For The Federal Circuit

*BE Smith & Others ( All Homeless* )
          Plaintiff                  )
*Too Many To List Here ( Please see all* )   Civil Action No *Fed 15-cv-4457 And*
          Defendant                  )   *Others*
*Federal Pacer Accounts)*            )

**SUBPOENA TO APPEAR AND TESTIFY
AT A HEARING OR TRIAL IN A CIVIL ACTION**

*To United States Supreme Court, One First street, NE, Washington DC 20543 and*
*all 11 Federal Circuits*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action  When you arrive, you must remain at the court until the judge or a court officer allows you to leave  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment

① *All recent orders (with no pen signature?) from all United States Courts in Philadelphia*
*Pennsylvania are appealed (although previously legally involved in all higher United*
| Place | Courtroom No *States Courts]* |
| *Please Send* | Date and Time |
*Please have the appropriate judge sign these orders.*

You must also bring with you the following documents, electronically stored information, or objects (blank if not applicable) *Please send*

② *A Homeless person (the plaintiffs) are being denied the rights to hand deliver*
*all legal packages in USDC in Allentown Pennsylvania to be sent through the*
*United States Courts internal filing systems to higher US courts*
The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed R Civ P 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached

③ *Please see all recent imprisonments and arrests for legal efilings (standing*
*up for my rights) also.*

Date *10/19/2009*

          CLERK OF COURT                    OR   *BE Smith ( A Class*
                                                  *Actions -*
      Signature of Clerk or Deputy Clerk        Attorney's signature  *All Homeless)*
                                              *Pro Se*

The name, address, e-mail, and telephone number of the attorney representing (name of party) *BE Smith*
*no phone # federal subpoena system.com*, who issues or requests this subpoena, are.

④ *All legal documents and exhibits and others legally attached and now sent*
*as well as United States Certified Mail 7008 1140 0004 8064 8605*
*BE Smith & Others now not allowed to file in either courts and US courts in Allentown*
*Pennsylvania - Please see all legal efilings in the future.*







**<u>Exhibit "B"</u>**

CSG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Beverly E. Smith,                              :
Beverly Bob Productions LLC,                   :
Men's Rights Foundation.                       :
                        Plaintiff(s),          :         CIVIL ACTION
                                               :
            v.                                 :         NO. 05-4457
                                               :
Mary B. Wagner et al.,                         :
                        Defendant(s).  :

16

FILED

JUN 1 5 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### ORDER

Presently pending is Plaintiff Beverly E. Smith's Motion to Proceed <u>In Forma</u>

<u>Pauperis</u>. **AND NOW** this ___14th.___ day of June, 2006 **IT IS HEREBY**

**ORDERED** that Plaintiff Smith has not established his financial eligibility for <u>in forma</u>

<u>pauperis</u> <u>status</u>, nevertheless, this court will conditionally grant him such status for the

purpose of filing the present "Complaint."

After reviewing Plaintiff Smith's Complaint this court concludes that it does not

have subject matter jurisdiction over any of the matters asserted by Plaintiff Smith.

Accordingly, this Court dismisses Plaintiff Smith's Complaint without prejudice as to

causes of action alleged on his own behalf and dismisses with prejudice causes of action

brought on behalf of Beverly Bob Productions LLC and The Men's Rights Foundation. [1]

**BY THE COURT:**

6/15/06 mpl:
Beverly Bob  Men Rights
            Smith

_____
CLIFFORD SCOTT GREEN, S.J.

[1] The Complaint fails to disclose any basis for Mr. Smith to assert causes of action
belonging to third persons including Beverly Bob Productions LLC and the Men's Rights
Foundation. Nor does the Complaint disclose that Mr. Smith is a member of the bar of
this Court authorized as an attorney to represent Beverly Bob Productions and the Men's
Rights Foundation as an attorney.

ENTERED

JUN 1 5 2006

CLERK OF COURT

**<u>Exhibit "C"</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BEVERLY E. SMITH, et al.,           :
                                    :
        Plaintiffs,                 :
                                    :      CIVIL ACTION
        v.                          :      No. 05-CV-4457
                                    :
MARY B. WAGNER, et al.,             :
                                    :
                                    :
        Defendants.                 :

**ORDER**

AND NOW, this 14th day of October, 2009, it appearing to the Court that Plaintiff is again endeavoring to file a number of documents in this matter which appear unintelligible, it is hereby ORDERED that Plaintiff is precluded from making any further filings in this case and that the Clerk of the Court shall accept no further filings in this case.[1]  It is further ORDERED that the Clerk of the Court shall mail a copy of this Order to Plaintiff and return the documents Plaintiff has attempted to file.

                              BY THE COURT:


                              s/J. Curtis Joyner
                              J. CURTIS JOYNER, J.

---

[1] Plaintiff's case was terminated by this Court on August 6, 2007 (Doc. No. 37).  Plaintiff subsequently appealed and this appeal was dismissed on April 7, 2009 (Doc. No. 43).  Plaintiff has subsequently filed several motions, all of which were unintelligible as is Plaintiff's instant submission.  This order in no way prevents Plaintiff from filing a new complaint should Plaintiff have new legal claims.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
In re                                         :        Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,         :        09-50026 (REG)
        f/k/a General Motors Corp., *et al.*  :
                                              :
                        Debtors.              :        (Jointly Administered)
                                              :
-------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO
## PROOF OF CLAIM NO. 70464 FILED BY BEVERLY E. SMITH

Upon the Objection, dated December 3, 2010 (the "**Objection**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States

Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing of proofs of

claim of certain Debtors and procedures relating to the filing of proofs of claim (the "**Bar Date**

**Order**"), ECF No. 4079, seeking entry of an order disallowing and expunging the Smith PoC on

the grounds that such claim does not include sufficient documentation to ascertain the validity of

the claim, all as more fully described in the Objection; and due and proper notice of the

Objection having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Objection is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the relief requested in the Objection is granted as provided

herein; and it is further

> ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Smith

PoC (Proof of Claim No. 70464) is disallowed and expunged in its entirety; and it is further

> ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      [_____], 2011


_____
United States Bankruptcy Judge