> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                            :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|    **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

## NOTICE OF DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

     **PLEASE TAKE NOTICE** that on December 3, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 110th omnibus objection to expunge certain claims (the "**110th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 110th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **January 6, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 110TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 110th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas

Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **December 30, 2010 at 4:00 p.m. (Eastern Time)** (the "**Response**

**Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 110th Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 110th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
     December 3, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|  |  |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* **f/k/a General Motors Corp.,** *et al.* | **09-50026 (REG)** |
| **Debtors.** | **(Jointly Administered)** |
---------------------------------------------------------------x

## DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

# TABLE OF CONTENTS

Page

RELIEF REQUESTED..................................................................................................................1

JURISDICTION ..........................................................................................................................2

BACKGROUND ..........................................................................................................................2

THE RELIEF REQUESTED SHOULD BE APPROVED BY THE COURT...............................4

     I.    The Contingent Co-Liability Claims Should Be Disallowed Under Section
        502(e)(1)(B) .........................................................................................................4

          A.    The Contingent Co-Liability Claims Seek Reimbursement and/or
               Contribution .............................................................................................6

          B.    Holders of Contingent Co-Liability Claims Are Co-Liable with the
               Debtors.....................................................................................................7

          C.    The Contingent Co-Liability Claims Are Contingent..............................8

NOTICE.......................................................................................................................................9

CONCLUSION...........................................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Aetna Cas. & Surety Co. v. Georgia Tubing Co. (In re Chateaugay Corp.),*
  No. 93-3659, 1995 WL 429018 (S.D.N.Y. July 20, 1995).....................................................5

*Harleysville Worchester Mut. Ins. Co. v. Bank of Am., N.A. (In re Suprema Specialties, Inc.),*
  370 B.R. 517 (S.D.N.Y. 2007).............................................................................................8

*In re Adelphia Commc'ns Corp.,*
  No. 02-41729, 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007)............................3

*In re Alper Holdings USA,*
  No. 07-12148, 2008 WL 4186333 (Bankr. S.D.N.Y. Sept. 10, 2008)........................5, 6, 7, 8

*In re Amatex Corp.,*
  110 B.R. 168 (Bankr. E.D. Pa. 1990) ...................................................................................6

*In re Baldwin-United Corp.,*
  55 B.R. 885 (Bankr. S.D. Ohio 1985)...................................................................................7

*In re Chemtura Corp.,*
  436 B.R. 286 (Bankr. S.D.N.Y. 2010)............................................................................5, 7, 8

*In re Drexel Burnham Lambert Group, Inc.,*
  146 B.R. 98 (Bankr. S.D.N.Y. 1992).....................................................................................6

*In re Drexel Burnham Lambert Group, Inc.,*
  148 B.R. 982 ("**Drexel II**") (Bankr. S.D.N.Y. 1992) ........................................................6, 8

*In re GCO Serv. LLC,*
  324 B.R. 459 (Bankr. S.D.N.Y. 2005)...........................................................................5, 6, 8

*In re New York Trap Rock Corp.,*
  153 B.R. 648 (Bankr. S.D.N.Y. 1993)...................................................................................6

*In re Oneida, Ltd.,*
  400 B.R. 384 (Bankr. S.D.N.Y. 2009)...................................................................................3

*In re Rockefeller Ctr. Props.,*
  272 B.R. 524 (Bankr. S.D.N.Y. 2000)...................................................................................3

*In re Wedtech Corp.,*
  85 B.R. 285 (Bankr. S.D.N.Y. 1988)..................................................................................5, 6

**Statutes**

11 U.S.C. § 101(27) ....................................................................................................3

11 U.S.C. § 105(a) .....................................................................................................9

11 U.S.C. § 502(a) .....................................................................................................4

11 U.S.C. § 502(b) .....................................................................................................1

11 U.S.C. § 502(e)(1) ................................................................................................3

11 U.S.C. § 502(e)(1)(B) .........................................................................1, 4, 5, 6, 7, 8, 9

28 U.S.C. § 157 ..........................................................................................................2

28 U.S.C. § 157(b) .....................................................................................................2

28 U.S.C. 1334 ...........................................................................................................2

**Rules**

Fed. R. Bankr. P. 1015(c) ..........................................................................................9

Fed. R. Bankr. P. 3007(d) .......................................................................................1, 3

Fed. R. Bankr. P. 9007 ...............................................................................................9

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

### **Relief Requested**

1.      The Debtors file this 110th omnibus objection to certain claims (the

"**110th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No.

4180), and this Court's order approving the procedures relating to the filing of proofs of claim

(the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging

the claims listed on **Exhibit** "**A**" annexed hereto.[1]

2.      The Debtors have examined the proofs of claim identified on Exhibit A

and made efforts to ascertain the validity of such claims.  After review, the Debtors have

determined that the proofs of claim listed under the heading "*Claims to be Disallowed and*

*Expunged*" (collectively, the "**Contingent Co-Liability Claims**") assert claims that are subject

to disallowance under section 502(e)(1)(B) of the Bankruptcy Code.  Accordingly, pursuant to

section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Bar Date Order, the

---

[1]      Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy
estates on the Debtors' claims register on the website maintained by the Debtors' claims agent,
www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors
without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden
City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by
calling The Garden City Group, Inc. at 1-703-286-6401.

Debtors seek entry of an order disallowing and expunging the Contingent Co-Liability Claims from the claims register.[2]

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**Realm/Encore Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the Realm/Encore Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.      On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the Realm/Encore Debtors' cases (except governmental units,

---

[2]      The Debtors reserve all of their rights to object on any other basis to any Contingent Co-Liability Claims as to which the Court does not grant the relief requested herein.

[3]      The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4]      The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16,

2010 as the deadline to file proofs of claim).

6.       Furthermore, on October 6, 2009, this Court entered the Procedures Order,

which authorizes the Debtors to, among other things, file omnibus objections to no more than

100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule

3007(d) and those additional grounds set forth in the Procedures Order.  The Procedures Order

specifically authorizes the Debtors to file omnibus objections to claims that are "objectionable

under section 502(e)(1) of the Bankruptcy Code."  (Procedures Order at 2.)

7.       As set forth in detail on Exhibit A and below, the majority of the

Contingent Co-Liability Claims relate to product liability lawsuits currently pending against the

Debtors, or to be asserted in the future, where the Debtors are co-liable with the holder of the

Contingent Co-Liability Claim.  Specifically, the Contingent Co-Liability claims listed on

Exhibit A fall into the following four categories:

(1) claims that were filed by automobile dealerships (the "**Dealerships**"), their
insurance carriers (the "**Insurance Companies**") or rental car companies for
contribution and/or reimbursement from the Debtors for pending product
liability claims where the claimant is co-liable with the Debtors to plaintiffs
who were injured in an accident involving a vehicle manufactured by the
Debtors and purchased, leased or rented from the claimant (*See* Exhibit A,
Claims No.: 1156, 26966, 32721, 36706, 36933, 44306, 44307, 45288, 46189,
59309, 59310, 59311, 59312, 59680, 59681, 59682, 59697, 59961, 60955,
62336, 63741, 63742, 63743, 64428, 64429, 65808, 65810);

(2) claims filed by manufacturers or distributors of engine components, or
manufacturers of products using such components (collectively, the "**Diesel
Fume Defendants**") for contribution and/or reimbursement from the Debtors
for pending product liability claims where the Diesel Fume Defendants are co-
liable with the Debtors to plaintiffs who suffered injury after inhaling diesel
fumes generated from engines allegedly manufactured by, or containing

components supplied by, the Debtors (*See* Exhibit A, Claims No.: 64626, 64699, 66305,[5] 66317, 70440);

(3) a claim filed by Norfolk Southern Railway Co. ("**Norfolk**") for contribution and/or indemnification in a third party personal injury suit where Norfolk is co-liable with the Debtors to an individual who was injured while walking through a railway track owned or damaged by Norfolk on land alleged to have been owned by the Debtors (*See* Exhibit A, Claims No.: 46183); and

(4) a claim filed by Expedition Helicopters, Inc. ("**Expedition**") for contribution and/or reimbursement from the Debtors for pending product liability claims where Expedition is co-liable with the Debtors to plaintiffs who were injured in an accident involving a helicopter operated by the claimant that allegedly contained parts supplied by the Debtors. (*See* Exhibit A, Claims No.: 64775).

All of the Contingent Co-Liability Claims described above seek reimbursement and/or contribution, were filed by holders of claims co-liable with the Debtors, and are contingent upon the outcome of lawsuits that are pending, or to be asserted in the future. Therefore, pursuant to section 502(e)(1)(b), the Contingent Co-Liability Claims should be disallowed in their entirety.

**The Relief Requested Should Be Approved by the Court**

**I.     THE CONTINGENT CO-LIABILITY CLAIMS SHOULD BE DISALLOWED UNDER SECTION 502(E)(1)(B)**

8.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant

---

[5]     Claim No. 66305, filed by Detroit Diesel Corp., additionally asserts indemnification claims against the Debtors relating to asbestos liability. The Debtors are not objecting to the portion of Detroit Diesel Corp.'s claim relating to asbestos liability in this 110th Omnibus Objection to Claims, but the Debtors reserve all rights to object to that portion at a subsequent time or address the asbestos liabilities pursuant to the Debtors proposed Plan of Reorganization (ECF No. 6829), as may be amended from time to time.

part, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B).

9.       There are two distinct policies behind section 502(e)(1)(B).  First, section 502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Georgia Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20, 1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case."  *In re GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (citation omitted); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit.")

10.       As this Court recently held in *In re Chemtura Corp.,* for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on the claim of a third party; and (3) the claim must be contingent at the time of its allowance or disallowance."  *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO Serv.,* 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation

omitted).  As discussed below, each of these three elements is satisfied with respect to the

Contingent Co-Liability Claims.

      A.      **The Contingent Co-Liability Claims Seek Reimbursement and/or Contribution**

        11.      It is clear that the definition of contribution or reimbursement for the

purposes of section 502(e)(1)(B) is broad.  Courts have held that any claim for reimbursement or

contribution, whether arising through common law, contract, or statute, is subject to

disallowance under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R.

98, 101 (Bankr. S.D.N.Y. 1992) (applying 502(e)(1)(B) to common law theories of contribution);

*Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In

re New York Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for

contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex

Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all

situations where indemnitors or contributors could be liable with the debtor within the scope of

§ 502(e)(1)(B).").  Significantly, for purposes of section 502(e)(1)(B), a claim for

indemnification constitutes a claim for reimbursement.  *Alper Holdings*, 2008 WL 4186333, at

*5 (citing *Wedtech*, 85 B.R. at 290; *GCO Serv.,* 324 B.R. at 465); *see also In re Drexel Burnham

Lambert Group, Inc.*, 148 B.R. 982, 986 ("**Drexel II**") (Bankr. S.D.N.Y. 1992) ("courts have

always recognized the application of § 502(e)(1)(B) to contractual claims for reimbursement

which remain contingent").

        12.      As noted above, all of the Contingent Co-Liability Claims were filed by

claimants who are co-liable with the Debtors on claims of a third party and are seeking a

contingent and unliquidated contribution or reimbursement amount from the Debtors with

respect to those third party claims.  While certain of the Contingent Co-Liability Claims are

based upon common law theories of contribution and others are premised upon a contractual right to reimbursement or indemnification, the case law, as set forth above, clearly indicates that all such claims fall within the purview of section 502(e)(1)(B).  Accordingly, the first element of section 502(e)(1)(B) is readily established.

### B.  Holders of Contingent Co-Liability Claims Are Co-Liable with the Debtors

13.    As to the second element that the party asserting the claim must be co-liable with a debtor on the claim of a third party, courts have stated that this requirement is to be interpreted broadly and may be satisfied upon a finding that "the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay."  *Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis.").  A claimant may be co-liable with a debtor even where the underlying plaintiff fails to file a proof of claim against the debtor, *id.* at 294, and even after the bankruptcy court disallows the underlying plaintiff's claim against the debtor, *Alper Holdings*, 2008 WL 4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where its use would prevent "double recoveries" against the estate).

14.    Each of the Contingent Co-Liability Claims satisfies the requirement that its holder is co-liable with the Debtors on the underlying claim of a third party.  All of the Contingent Co-Liability Claims are based upon the claim or potential claim of an underlying plaintiff, pursuant to which, both the holder of the Contingent Co-Liability Claim and the Debtors may be found liable.  Clearly, the Dealerships, Diesel Fume Defendants, Norfolk and Expedition are co-liable with the Debtors on the product liability and tort claims asserted by various underlying plaintiffs, most of which have also directly asserted a claim against the

Debtors.  The Insurance Companies are also co-liable with the Debtors as the claims they filed

against the Debtors are based upon a right to be subrogated to the dealership that they insured for

pending products liability claims, and it cannot be disputed that those dealerships themselves are

co-liable with the Debtors.[6]  As such, the second element is satisfied with respect to each of the

Contingent Co-Liability Claims.

## C.    The Contingent Co-Liability Claims Are Contingent

15.    The third and final element is that the claim must be contingent at the time

of its disallowance, and may be satisfied by a finding that a debtor's legal duty to pay has not yet

arisen and will only exist "after it is triggered by the occurrence of a future event."  *Alper*

*Holdings*, 2008 WL 4186333,. at *5.  The law is "well-settled that the claim of a co-liable party

under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying

claim to the principal creditor and thereby fixes his own right to payment from the debtor."  *In re*

*Eagle-Pitcher Industries, Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see*

*Chateaugay*, 1995 WL 429018, at *3 (finding a claim to be contingent under section

502(e)(1)(B) because the claimant did not pay the underlying obligation); *Drexel II*, 148 B.R. at

987 (same).  In order for a claim to be disallowed under section 502(e)(1)(B), the claim need

only be contingent as of the date of the court's ruling to disallow the claim.  *GCO Serv.*, 324

B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

16.    Each of the Contingent Co-Liability Claims are contingent for the very

reason that holders of such claims have not made payment on the underlying obligation for

which it seeks contribution or indemnification from the Debtors.  As such, no right to payment

---

[6]    It is well-settled that a party that is subrogated to the rights of another occupies the same position and has
no greater rights than the person or entity whose shoes it steps into.  *See Harleysville Worchester Mutual Ins. Co. v.
Bank of Am., N.A. (In re Suprema Specialties, Inc.)*, 370 B.R. 517, 528 (S.D.N.Y. 2007) ("Subrogation to the rights
of [an obligee], however, provides the [secondary obligor], by definition, no greater rights than those possessed by
[the obligee] itself.").

yet arises on these contingent claims, and it may later be revealed that holders of Contingent Co-Liability Claims may not even be liable themselves on the underlying obligation.

17.     As the Contingent Co-Liability Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

### Notice

18.     Notice of this 110th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit A and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 (ECF No. 6750).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

### Conclusion

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
        December 3, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

## **The Contingent Co-Liability Claims**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| AVIS<br>C/O PARLEE MCLAWS LLP<br>ATTN: SHAWN M JOHANSON<br>10180-101 ST, 1500 MANULIFE PL<br>EDMONTON, ALBERTA T5J 4K1, CANADA<br>,<br>CANADA | 36706 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$4,500,000.00   (U)<br>$4,500,000.00   (T)<br><br>Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant owned a vehicle manufactured by the Debtors which was ultimately obtained by a third party and later involved in an accident for which an action has been brought against the Claimant.

| BRUNSON AUTOMOBILE SALES INC<br>ROBERT W ACHURCH III ESQ ATTORNEY FOR BRUNSON<br>AUTOMOBILE SALES INC<br>HOWELL GIBSON AND HUGHES PA<br>PO BOX 40<br>BEAUFORT, SC 29901 | 60955 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was ultimately obtained by a third party and later involved in an accident for which an action has been brought against the Claimant.

| BUDGET RENT A CAR SYSTEM LLC<br>CAMERON HODGES COLEMAN LAPOINT WRIGHT<br>15 W CHURCH ST STE 301<br>ORLANDO, FL 32801 | 62336 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is in the business of renting automobiles and rented a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

| CUESTA INVESTMENTS INC<br>PEEL GARCIA & STAMPER LLP<br>3585 W BEECHWOOD AVE STE 101<br>FRESNO, CA 93711 | 36933 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was sold to a third party and later involved in an accident for which an action has been brought against the Claimant.

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CUMMINS INC E TAL<br>C/O JILL MURCH ESQ<br>FOLEY & LARDNER LLP<br>321 N CLARK STREET SUITE 2800<br>CHICAGO, IL 60654 | 64626 | Motors Liquidation Company | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a manufacturer of engines and has been sued by third parties who claim to have suffered injury after inhaling diesel fumes from engines manufactured by the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DETROIT DIESEL CORPORATION<br>C/O MICHAEL T CONWAY ESQ<br>LECLAIR RYAN A PROF CORP<br>830 THIRD AVENUE FIFTH FLOOR<br>NEW YORK, NY 10022 | 66305 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$209,102,000.00   (U)<br>$209,102,000.00   (T) | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a manufacturer of engines and has been sued by third parties who claim to have suffered injury after inhaling diesel fumes from engines manufactured by the Claimant, and also sued by persons who claim to have suffered injury through asbestos exposure.  Claimant alleges all such liability are covered under an agreement by the Debtors to indemnify Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ERIN DEAN<br>AS ATTORNEY FOR D&R AUTO SALES<br>611 BAY STREET<br>BEAUFORT, SC 29901<br>UNITED STATES OF AMERICA | 64428 | Motors Liquidation Company | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was ultimately obtained by a third party and later involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ERIN DEAN<br>AS ATTORNEY FOR ANDY'S AUTO SALES<br>611 BAY STREET<br>BEAUFORT, SC 29901<br>UNITED STATES OF AMERICA | 64429 | Motors Liquidation Company | | 502(e)(1)(B) | Pgs. 1-10 |
| | | | Unliquidated | | |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was ultimately obtained by a third party and later involved in an accident for which an action has been brought against the Claimant.

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| EXPEDITION HELICOPTERS INC<br>C/O PATERSON MACDOUGALL LLP<br>ONE QUEEN STREET EAST SUITE 900 BOX 100<br>TORONTO ON M5C 2W5 CANADA<br>ATTN TIMOTHY TREMBLEY<br>,<br>CANADA | 64775 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$1,000,000.00   (U)<br><br>$1,000,000.00   (T)<br><br><br>Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant operated a helicopter with an engine designed by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GOSWICK CHEVROLET, INC<br>C/O HENSLEE SCHWARTZ LLP<br>ATTN ANDRES R GONZALEZ & MICHAEL M GAVITO<br>6243 1H 10 WEST SUITE 550<br>SAN ANTONIO, TX 78201<br>UNITED STATES OF AMERICA | 26966 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$5,000,000.00   (U)<br><br>$5,000,000.00   (T)<br><br><br>Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was ultimately obtained by a third party and later involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GRANITE STATE INSURANCE COMPANY ET AL<br>C/O CHARTIS US<br>ATTN: MICHELLE A LEVITT, AUTHORIZED REPRESENTATIVE<br>175 WATER ST 18TH FL<br>NEW YORK, NY 10038 | 59682 | MLC of Harlem, Inc. | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GRANITE STATE INSURANCE COMPANY ET AL<br>C/O CHARTIS US<br>MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE<br>175 WATER STREET 18TH FLOOR<br>NEW YORK, NY 10038 | 59697 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GRANITE STATE INSURANCE COMPANY, ET AL<br>CHARTIS US<br>MICHELLE A LEVITT, AUTHORIZED REPRESENTATIVE<br>175 WATER STREET 18TH FLOOR<br>NEW YORK, NY 10038<br>UNITED STATES OF AMERICA | 59680 | MLCS Distribution Corporation | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GRANITE STATE INSURANCE COMPANY, ET AL<br>CHARTIS US<br>MICHELLE A LEVITT, AUTHORIZED REPRESENTATIVE<br>175 WATER STREET 18TH FLOOR<br>NEW YORK, NY 10038<br>UNITED STATES OF AMERICA | 59681 | MLCS, LLC | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding. In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

**Motors Liquidation Company, et al.**

Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE CO<br>MANSUR A KHAN<br>MIDATLANTIC CLAIMS SERVICE CENTER<br>112 WEST PARK DRIVE<br>MT LAUREL, NJ 08054 | 32721 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$2,000,000.00  (U)<br>$2,000,000.00  (T)<br><br>Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit. Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MAJOR CHEVROLET INC<br>C/O BIVONA & COHEN PC<br>WALL STREET PLAZA<br>88 PINE ST 17TH FLOOR<br>NEW YORK, NY 10005 | 45288 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit. Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NEW ENGLAND DETROIT DIESEL - ALLISON INC<br>C/O SULLIVAN & COLLINS LLC<br>ATTN: CHRISTOPHER J SULLIVAN ESQ<br>500 WEST CUMMINGS PARK, SUITE 4000<br>WOBURN, MA 01801 | 70440 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit. Claimant is a distributor of engines that sold components manufactured by the Debtors and has been sued by third parties who claim to have suffered injury by inhaling diesel fumes from engines purchased from the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NEW FLYER OF AMERICA INC<br>711 KERNAGHAN AVE<br>ATTN COLIN PEWARCHUK, ESQ<br>WINNIPEG, MANITOBA  CANADA R2C 3T4<br>,<br>CANADA | 66317 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit. Claimant is a manufacturer of buses that allegedly utilized components manufactured by the Debtors and has been sued by third parties who claim to have suffered injury by inhaling diesel fumes from engines purchased from the Claimant.

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY<br>ANDREW C CORKERY ESQ<br>BOYLE BRASHER LLC<br>5000 WEST MAIN STREET<br>PO BOX 23560<br>BELLEVILLE, IL 62223 | 46183 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking indemnification in a third party personal injury suit.  Claimant is a railway company that may own or have caused damage to a certain railway track located on land alleged to have been owned by the Debtors. An individual was injured while walking through the railway track and brought suit against both the Debtors and the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| NORTHROP GRUMMAN OHIO CORPORATION<br>ATTN KENNETH M REISS ESQ<br>M/S C-4S1<br>7555 COLSHIRE DRIVE<br>MCLEAN, VA 22102 | 64699 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is or was a manufacturer of diesel engines and has been sued by third parties who claim to have suffered injury by inhaling diesel fumes from engines manufactured from the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SENTRY INSURANCE A MUTUAL COMPNAY<br>ATTN  KENNETH J ERLER  ASSOCIATE COUNSEL<br>1800 NORTH POINT DR<br>STEVENS POINT, WI 54481 | 44307 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SENTRY SELECT INSURANCE COMPANY<br>ATTN  KENNETH J ERLER  ASSOCIATE COUNSEL<br>1800 NORTH POINT DR<br>STEVENS POINT, WI 54481 | 44306 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:  Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured.

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding. In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| TAKATA CORPORATION<br>DON A. SCHIEMANN ESQ.<br>TK HOLDINGS INC<br>2500 TAKATA DRIVE<br>AUBURN HILLS, MI 48326 | 65808 | Motors Liquidation Company | | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| Note: Claimant is seeking contribution/indemnity for a third party personal injury suit relating to an automobile accident involving a vehicle manufactured by the Debtors in which the Claimant is named as a defendant. | | | | | | |
| THE TRAVELERS INDEMNITY COMPANY AND AFFILIATES<br>MICHAEL P POMPEO<br>DRINKER BIDDLE & REATH LLP<br>500 CAMPUS DRIVE<br>FLORHAM PARK, NJ 07932 | 59309 | MLCS Distribution Corporation | $0.00 (S)<br>$0.00 (A)<br>$15,000.00 (P)<br>$0.00 (U)<br>$15,000.00 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |
| Note: Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future. Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured. | | | | | | |
| THE TRAVELERS INDEMNITY COMPANY AND AFFILIATES<br>MICHAEL P POMPEO<br>DRINKER BIDDLE & REATH LLP<br>500 CAMPUS DRIVE<br>FLORHAM PARK, NJ 07932 | 59310 | MLCS, LLC | $0.00 (S)<br>$0.00 (A)<br>$15,000.00 (P)<br>$0.00 (U)<br>$15,000.00 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |
| Note: Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future. Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured. | | | | | | |
| THE TRAVELERS INDEMNITY COMPANY AND AFFILIATES<br>MICHAEL P POMPEO<br>DRINKER BIDDLE & REATH LLP<br>500 CAMPUS DRIVE<br>FLORHAM PARK, NJ 07932 | 59311 | MLC of Harlem, Inc. | $0.00 (S)<br>$0.00 (A)<br>$15,000.00 (P)<br>$0.00 (U)<br>$15,000.00 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |
| Note: Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future. Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured. | | | | | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

**Motors Liquidation Company, et al.**

**Case No. 09-50026 (REG),  Jointly Administered**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY AND AFFILIATES<br>MICHAEL P POMPEO<br>DRINKER BIDDLE & REATH LLP<br>500 CAMPUS DRIVE<br>FLORHAM PARK, NJ 07932 | 59312 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$15,000.00   (P)<br>$0.00   (U)<br>$15,000.00   (T)<br><br>Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| Note:   Claimant is seeking contribution/indemnity for a third party personal injury suit and/or for perspective suits that may occur in the future.  Claimant is an Insurance Company that, among other things, insured automobile dealerships that sold a vehicle manufactured by the Debtors that was later involved in an accident for which an action has been brought against the insured. | | | | | |
| TK HOLDINGS INC<br>DON A SCHIEMANN ESQ<br>TK HOLDINGS INC<br>2500 TAKATA DRIVE<br>AUBURN HILLS, MI 48326 | 46189 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| Note:   Claimant is seeking contribution/indemnity for a third party personal injury suit relating to an automobile accident involving a vehicle manufactured by the Debtors in which the Claimant is named as a defendant. | | | | | |
| TK HOLDINGS INC<br>DON A SCHIEMANN ESQ<br>TK HOLDINGS INC<br>2500 TAKATA DRIVE<br>AUBURN HILLS, MI 48326 | 65810 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| Note:   Claimant is seeking contribution/indemnity for a third party personal injury suit relating to an automobile accident involving a vehicle manufactured by the Debtors in which the Claimant is named as a defendant. | | | | | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY<br>& ITS AFFILIATES (SEE ATTACHED)<br>C/O MARGARET M ANDERSON ET AL<br>200 W MADISON STREET SUITE 3000<br>CHICAGO, IL 60606 | 63741 | MLCS, LLC | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant. | | | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

**Motors Liquidation Company, et al.**

**Case No. 09-50026 (REG),  Jointly Administered**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY & ITS AFFILIATES (SEE ATTACHED) C/O MARGARET M ANDERSON FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP 200 W MADISON STREET SUITE 3000 CHICAGO, IL 60606 | 63743 | MLCS Distribution Corporation | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY & ITS AFFILIATES (SEE ATTACHED) C/O MARGARET M ANDERSON ET AL 200 W MADISON STREET SUITE 3000 CHICAGO, IL 60606 | 63742 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| USAA GREG W GIBEAUT ESQ GIBEAUT MAHAN BRISCOE 6701 CENTER DR W STE 611 LOS ANGELES, CA 90045 | 59961 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $0.00   (P) $2,300,000.00  (U) $2,300,000.00  (T) | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is an insurance carrier for an individual who rented a car manufactured by the Debtors which was involved in an accident for which an action was brought against the individual.  Claimant settled and made payment on behalf of the individual.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WARNER KIA INC KESNER, KESNER & BRAMBLE PO BOX 2587 CHARLESTON, WV 25329 | 1156 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |

Note:   Claimant is seeking contribution/indemnity from a third party personal injury suit.  Claimant is a Dealership that sold a vehicle manufactured by the Debtors which was involved in an accident for which an action has been brought against the Claimant.

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding.  In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | **34** | | **$0.00** | (S) | | |
| | | | **$0.00** | (A) | | |
| | | | **$60,000.00** | (P) | | |
| | | | **$223,902,000.00** | (U) | | |
| | | | **$223,962,000.00** | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                          :
In re                                                     :          Chapter 11 Case No.
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                 :          **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.*        :
                                                          :
                              **Debtors.**                :          **(Jointly Administered)**
                                                          :
-----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

Upon the 110th omnibus objection to expunge certain claims, dated December 3,

2010 (the "**110th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in

these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order

disallowing and expunging the Contingent Co-Liability Claims on the grounds that such claims

should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully

described in the 110th Omnibus Objection to Claims; and due and proper notice of the 110th

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

---

[1]       Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 110th Omnibus Objection to Claims.

110th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 110th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 110th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that, if applicable, the 110th Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the 110th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
         _____, 2011


                                             _____
                                             United States Bankruptcy Judge