UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :    Chapter 11 Case No.:
                                                             :
MOTORS LIQUIDATION COMPANY., et al.,                         :    09-50026 (REG)
f/k/a General Motors Corp., et al.,                          :
                                                             :
                                     Debtors.                :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X

## STIPULATION AND ORDER

Whereas the Official Committee of Unsecured Creditors of the above-captioned debtors and debtors-in-possession (the "**UCC**"), on July 20, 2010, brought before the Court a Motion for an Order, pursuant to Bankruptcy Rule 2004, authorizing the UCC to serve document subpoenas on the Delaware Claims Processing Facility and Claims Resolution Management Corporation (the "**Claims Processing Facilities**") requesting information from the Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, the DII Industries, LLC Asbestos PI Trust, the United States Gypsum Asbestos Personal Injury Settlement Trust and the Manville Personal Injury Settlement Trust (collectively, the "**Trusts**" and each a "**Trust**") (the "**UCC Motion**") (Docket No. 6383);[1]

Whereas the Court considered the UCC Motion and all associated papers submitted in connection thereto, including the responses and objections submitted by the Trusts, the Claims Processing Facilities, and the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**ACC**");

---

[1] Prior to hearing, the UCC withdrew its Motion with regard to any and all information pertaining to the Celotex Asbestos Settlement Trust.

Whereas the Court heard argument on the UCC Motion on August 9, 2010 and November 22, 2010;

Whereas the Court signed, on August 24, 2010, an Order relating to proposed discovery from the Trusts and the Claims Processing Facilities (the "**Discovery Order**") (Docket No. 6749), which provided for the UCC to serve subpoenas *duces tecum* on the Trusts (the "**UCC Subpoenas**"), subject to the Trusts' issuance of notice to potentially affected individual asbestos claimants and a procedure by which such individual claimants could submit additional objections concerning certain aspects of the UCC Motion;

Whereas the Court signed on August 24, 2010, a Confidentiality Agreement and Order (the "**Confidentiality Order**") executed by the parties and annexed to the Discovery Order, which Confidentiality Order contemplates the protection of information anticipated to be produced under the Discovery Order and also certain additional information unrelated to the Discovery Order;

Whereas the Court signed, on October 22, 2010, an Order establishing an anonymity protocol governing the usage of any documents to be produced pursuant to the Discovery Order (the "**Anonymity Protocol Order**") (Docket No. 7526);

Whereas the ACC brought before the Court, on November 15, 2010, a Motion for an Order, pursuant to Bankruptcy Rule 2004, authorizing the taking of document discovery and deposition testimony from Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (the "**Debtors**"), from General Motors, LLC ("**New GM**"), its subsidiaries and affiliated companies, and from certain non-bankrupt asbestos defendants (the "**Non-Bankrupt Defendants**") (the "**ACC Motion**") (Docket No. 7781);

Whereas on November 22, 2010, the Court heard oral argument with respect to objections filed by certain individual claimants with respect to the Discovery Order, the Anonymity Protocol Order, and the UCC Subpoenas, and with respect to the ACC's request that the Court reconsider the Discovery Order and the Anonymity Protocol Order; and

Whereas, at the hearing on November 22, 2010, after oral argument, the UCC, the ACC, and Debtors informed the Court that they had reached an agreement in principle, subject to the execution of a written stipulation, to resolve conclusively any and all disputes relating to the UCC Motion, the Discovery Order, the UCC Subpoenas, the Anonymity Protocol Order, and the ACC Motion to the extent that motion seeks discovery relating to the Non-Bankrupt Defendants;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED THAT:

1. The UCC Motion is hereby withdrawn in its entirety, with prejudice, and, except as noted in the next sentence of this paragraph 1, all prior rulings or orders issued by the Court in connection with the UCC Motion, including but not limited to the Discovery Order and the Anonymity Protocol Order, are hereby vacated and shall have no legal effect insofar as they concern discovery sought by the UCC from the Trusts and/or the Claims Processing Facilities. Notwithstanding the foregoing sentence or any other provision of this Stipulation and Order, the Confidentiality Order shall remain in full force and effect to the extent it relates to any information other than that previously anticipated to be produced by the Trusts or the Claims Processing Facilities pursuant to the Discovery Order.

2. The UCC Subpoenas previously issued by the UCC to the Trusts and/or the Claims Processing Facilities are hereby withdrawn and shall be considered null and void.

3. The ACC, the FCR, the UCC, and the Debtors hereby stipulate and agree that, solely for estimating, for plan purposes, the Debtors' aggregate liability for present and future asbestos-related claims for personal injury and wrongful death in the above-captioned cases (the

3

"**Asbestos Estimation Proceeding**"), and for no other purpose, each claimant who filed a pre-petition lawsuit against one or more of the Debtors for mesothelioma (the "**Mesothelioma Claimants**") shall be deemed to have recovered, or to be entitled to recover, from each Trust, the Average Value for mesothelioma claims as set forth in the Trust Distribution Procedures ("**TDP**") of that Trust, as periodically amended, and as limited by the Payment Percentages fixed under the TDP, as periodically amended (the "**Deemed Recoveries**"), as though he or she has satisfied, or would be able to satisfy, the product exposure criteria of the TDP; *provided, however*, that the right of each party to dispute any inference sought to be drawn on the basis of the Deemed Recoveries is hereby fully preserved.

4. This stipulation is made for the purpose of narrowing the issues for the Asbestos Estimation Proceeding without requiring the Trusts, the parties, third-parties, or the Court to incur the additional disputes, costs, and delays that further litigation over the UCC Motion, the Discovery Order, the Anonymity Protocol Order, the UCC Subpoenas, and the ACC Motion would entail.  This Stipulation and Order shall have no application whatsoever to any matter or proceeding other than the Asbestos Estimation Proceeding, including but not limited to any other proceedings in these cases, any other bankruptcy cases or proceedings therein, or any non-bankruptcy proceedings, litigations, arbitrations or mediations involving individual asbestos claimants.  Nothing in this Stipulation and Order shall constitute a finding by the Court or an admission or acknowledgment by any person that any particular Mesothelioma Claimant actually recovered any amount from any Trust, actually submitted claims to any Trust, would actually be entitled to do so, or was actually exposed to an asbestos-containing product of any predecessor of any Trust.  Nor shall any aspect of this Stipulation and Order constitute a finding by the Court, or an admission or acknowledgment by any party, that the Deemed Recoveries have any relevance

to the Asbestos Estimation Proceeding; *provided, however,* that the rights of all parties to assert the relevance or irrelevance of the Deemed Recoveries for the purposes of the Asbestos Estimation Proceeding are hereby fully preserved.

5. The ACC Motion is hereby withdrawn to the extent it seeks discovery relating to the Non-Bankrupt Defendants. This Stipulation and Order shall be without prejudice to the ACC Motion to the extent it seeks discovery from the Debtors and New GM; all parties reserve all of their rights to support or oppose that aspect of the ACC Motion.

6. The discovery previously sought from third parties other than New GM by way of the UCC Motion, the UCC Subpoenas, and the ACC Motion shall not be pursued or obtained by any party to the Asbestos Estimation Proceeding. Subject to the foregoing sentence, this Stipulation and Order is without prejudice to the rights of all parties to seek, or to oppose, other discovery for the purposes of the Asbestos Estimation Proceeding.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Order.

Dated: New York, New York
       November 30, 2010

/s/ Philip Bentley_____
Philip Bentley
Kramer Levin Naftalis & Frankel LLP
*Counsel to the Creditors' Committee*

/s/ Stephen M. Juris_____
Stephen M. Juris
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.
*Counsel to Armstrong World Industries, Inc.
Asbestos Personal Injury Settlement Trust, the
Babcock & Wilcox Company Asbestos
Personal Injury
Settlement Trust, the Celotex Asbestos
Settlement Trust, Owens Corning/ Fibreboard
Asbestos Personal Injury Trust, the DII
Industries, LLC Asbestos PI Trust, the United
States Gypsum Asbestos Personal Injury
Settlement Trust, and the Delaware Claims
Processing Facility*

/s/ Stephen Karotkin_____
Stephen Karotkin
Weil, Gotshal & Manges LLP
*Counsel to the Debtors*

/s/ Emily A. Stubbs_____
Emily A. Stubbs
Timothy Haggerty
Friedman Kaplan Seiler & Adelman LLP
*Counsel to Manville Personal Injury
Settlement Trust and Claims Resolution
Management Corporation*

/s/ Sander L. Esserman_____
Sander L. Esserman
Stutzman, Bromberg, Esserman & Plifka
*Counsel to Future Claims Representative*

/s/ Trevor W. Swett_____
Trevor W. Swett
Caplin & Drysdale, Chartered
*Counsel for the Official Committee of
Unsecured Creditors Holding Asbestos-
Related Claims*

SO ORDERED THIS *6TH* DAY OF NOVEMBER, 2010

*S/ ROBERT E. GERBER*
UNITED STATES BANKRUPTCY JUDGE