**Hearing Date and Time: December 7, 2010 at 2:00 p.m. (Eastern Time)**
**Objection Deadline: December 7, 2010 at 10:00 a.m. (Eastern Time)**

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
Sander L. Esserman (Admitted *Pro Hac Vice*)
Robert T. Brousseau (Admitted *Pro Hac Vice*)
Peter C. D'Apice
Jo E. Hartwick (Admitted *Pro Hac Vice*)
Jacob L. Newton (Admitted *Pro Hac Vice*)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Facsimile: 214-969-4999

Counsel for Dean M. Trafelet in his
Capacity as Legal Representative for Future Asbestos
Personal Injury Claimants

- and -

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Attorneys for Official Committee
of Unsecured Creditors Holding Asbestos-Related Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                              )
In re                                                         )   Chapter 11
                                                              )
MOTORS LIQUIDATION COMPANY, *et al.*,  )   Case No. 09-50026 (REG)
                                                              )
       f/k/a General Motors Corp., *et al.*          )
                                                              )
                         Debtors.                      )   (Jointly Administered)
-------------------------------------------------------------X

1

**JOINT SUPPLEMENTAL OBJECTION OF THE LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS CLAIMANTS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS TO THE DISCLOSURE STATEMENT FOR DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Dean M. Trafelet, in his capacity as the legal representative for holders of future asbestos personal injury claims against the Debtors (the "**Future Claimants' Representative**") and the Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the "**Asbestos Claimants Committee**") in the above-captioned jointly administered chapter 11 cases, submit this Joint Supplemental Objection to the Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan (the "**Objection**").

## I. INTRODUCTION

1. Motors Liquidation Company f/k/a General Motors Corporation ("**MLC**") historically incurred significant liability with respect to asbestos personal injury claims.[1] Indeed, MLC acknowledges that at the time these cases were commenced, approximately 29,000 asbestos personal injury claims were pending against MLC, and MLC's consolidated books and records reflected a reserve of approximately $650 million with respect to its liability

---

[1] Motion Pursuant to Sections 105 and 1109 of the Bankruptcy Code for an Order Appointing Dean M. Trafelet as Legal Representative for Future Asbestos Personal Injury Claimants [Docket No. 5214] at p. 2, ¶ 3.

2

for present and future asbestos claims.[2] The true extent of MLC's asbestos liability may be considerably higher.

2. The Future Claimants' Representative and the Asbestos Claimants Committee have worked diligently in an effort to ensure that the Debtors' Disclosure Statement[3] contains adequate disclosures regarding the Debtors' asbestos liabilities and the proposed treatment of the Debtors' current and future Asbestos Personal Injury Claims in the Debtors' Plan. Notwithstanding those efforts, and without consulting the Future Claimants' Representative or the Asbestos Claimants Committee, the Debtors have apparently made material modifications to the proposed Plan and its treatment of Asbestos Personal Injury Claims.[4] The latest draft of the Disclosure Statement[5] fails to contain adequate disclosure in connection with these fundamental changes, and therefore the current draft of the Disclosure Statement cannot be approved without additional information being provided to creditors and other parties in interest to enable them to decide whether to support the Debtors' Plan.

---

[2] *Id.*
[3] Capitalized terms not defined herein are accorded the meaning ascribed to them in Debtors' Amended Joint Chapter 11 Plan.
[4] In accordance with this Court's guidance and instruction at the initial Disclosure Statement hearing held on October 21, 2010, the Future Claimants' Representative and the Asbestos Claimants Committee reserve all confirmation objections.
[5] The Future Claimants' Representative received the latest version of the Disclosure Statement from the Debtors late on the afternoon of Friday, December 3.

3

## II. GROUNDS FOR THE OBJECTION

### A. Requirements for a Disclosure Statement.

3.     The Court is familiar with the standards required to approve a Disclosure Statement, as stated in the Objection of the Legal Representative for Future Asbestos Claimants to the Disclosure Statement for Debtors' Joint Chapter 11 Plan [Docket No. 7326], filed by the Future Claimants' Representative on October 14, 2010, and expressly incorporated herein, and by the Objection to Disclosure Statement [Docket No.7327], filed by the Asbestos Claimants Committee on October 14, 2010 and likewise expressly incorporated herein.

### B. The Disclosure Statement Fails to Provide Adequate Information and Should Not Be Approved.

#### 1. *There is inadequate disclosure concerning the new transfer of Asbestos Insurance Assets to the DIP Lenders.*

4.     Prior to December 3, 2010, the Plan provided that the Asbestos Insurance Assets would be transferred to the Avoidance Action Trust for the benefit of the holders of General Unsecured Claims. In the draft Plan circulated by the Debtors on December 3, however, the Debtors have modified the Plan so that the Asbestos Insurance Assets are now transferred to a new trust called the "Asbestos Insurance Assets Trust." *See* draft Plan (blackline), p. 25; *see also* draft Disclosure Statement (blackline), p. 55-56. The DIP Lenders are the sole beneficiaries of the Asbestos Insurance Assets Trust. *Id.*

4

5. The Disclosure Statement fails to provide holders of Asbestos Personal Injury Claims, as well as holders of General Unsecured Claims, with any information about this material change in the way assets are to be distributed under the Plan. The Debtors should disclose the reasoning or rationale behind this change. Moreover, the Debtors should disclose why they believe the DIP Lenders, rather than the Debtors' asbestos victims, are entitled to receive insurance proceeds attributable solely to the asbestos personal injuries suffered by the holders of Asbestos Personal Injury Claims. The Debtors should also disclose why and how they believe the DIP Lenders could even access such insurance coverage and proceeds in the first place.

2. *There is no disclosure regarding the new definition of "Indirect Asbestos Claim."*

6. The draft Plan circulated by the Debtors on December 3, 2010, also contained, for the first time, an expanded definition of "Indirect Asbestos Claim." *See* draft Plan (blackline), p. 17. Because all Indirect Asbestos Claims are channeled to the Asbestos Trust for processing, liquidation, and payment, a thorough understanding of this expanded definition is essential for creditors to understand the potential dilutive effects of that change on the recoveries that asbestos personal injury victims may obtain from the Asbestos Trust. The Future Claimants' Representative also believes that this information is important to his ability to evaluate whether the Plan treats current and future asbestos claimants equitably and in substantially the same manner.

5

7.     The latest draft of the Disclosure Statement, however, fails to contain <u>any</u> disclosure about this change to the Plan. The Debtors should disclose the reasoning or rational behind this change, and how many additional Indirect Asbestos Claims will be channeled to the Asbestos Trust under this expanded definition. The Debtors should also disclose a list of all the present affiliates and divisions of the Debtors, as well as all former affiliates and divisions of the Debtors, that the Debtors believe have had any such Indirect Asbestos Claim(s) filed or asserted against them. If the Debtors do not wish to put this information in the Disclosure Statement, they should nevertheless be directed to provide the information promptly to the Asbestos Claimants Committee and the Future Claimants' Representative.

### *3.     There is no disclosure regarding the new language providing that the DIP Lenders' liens attach to the Cash transferred to the Asbestos Trust.*

8.     The version of the Disclosure Statement circulated by the Debtors on December 3 contains new language providing that "the DIP Lenders' liens on the DIP Lenders' Collateral remain fully perfected, nonavoidable, and enforceable with respect to the Cash the DIP Lenders fund into the Trusts as of and following the Effective Date." *See* draft Disclosure Statement, p. 109. No explanation is provided by the Debtors of the reasoning behind this change or the impact on the $2 million Cash funding that will be transferred to the Asbestos Trust for administrative funding.

6

9. The Debtors should disclose why this new language was added to the Disclosure Statement, and should also disclose or describe the impact of this new language on the Asbestos Trust's $2 million Cash funding and on the Asbestos Trust's ability to use the Cash for its intended purposes of trust administration.

### 4. *There is inadequate disclosure regarding the new language providing that Remy (as defined below) is a Protected Party.*

10. The December 3 draft of the Disclosure Statement contains new language providing, without sufficient explanation, that Delco Remy International, Inc. (f/k/a DR International, Inc., and n/k/a Remy International, Inc.), and Delco Remy America, Inc. (f/k/a DRA, Inc., and n/k/a Remy Inc.) (collectively, "**Remy**") are now, pursuant to a proposed settlement between the Debtors and Remy, included within the definition of "Protected Parties" and thus protected from future asbestos liability. *See* draft Disclosure Statement (blackline), p. 51-52.

11. The Disclosure Statement contains some general background information regarding the Claims asserted by Remy against the Debtors, but no information is provided regarding why the Debtors believe Remy is entitled to become a Protected Party under the Plan, particularly in light of the fact that Remy is not currently making any contribution to the Asbestos Trust. The Debtors should also disclose why 11 U.S.C. § 502(e)(1)(B) cannot be used to disallow Remy's contingent claims for contribution or

7

reimbursement. Finally, the Debtors should disclose that their proposed settlement with Remy has not yet been approved by the Court.

### 5. *There is inadequate disclosure regarding dissolution of Committees.*

12. According to the current draft of the disclosure statement, the Asbestos Claimants Committee dissolves on the Effective Date, with no caveats, while the Unsecured Creditors Committee continues to exist to, among other things, potentially litigate the asbestos estimation. *See* draft Disclosure Statement (blackline), p. 113. No disclosure is made of the fact that, to the extent that the asbestos estimation takes place after the Effective Date, the Asbestos Claimants Committee will no longer exist to litigate it, nor of the effect of such a dissolution on such an estimation, which is a significant risk factor to the asbestos constituency. Nor is any explanation given for the disparate treatment afforded the continued existence of the Asbestos Claimants Committee and the Unsecured Creditors Committee under this provision.

### III.   RESERVATION OF RIGHTS

13. The Future Claimants' Representative and the Asbestos Claimants Committee reserve all of their rights to amend and/or supplement this Objection.

### IV.   CONCLUSION

For all of the foregoing reasons, the Future Claimants' Representative respectfully requests the Court to enter an order denying approval of the

Disclosure Statement and granting him such other and further relief to which the Court finds he is justly entitled.

Dated: December 6, 2010
Dallas, Texas

        **STUTZMAN, BROMBERG ESSERMAN & PLIFKA,**
        **A Professional Corporation**

        */s/ Sander L. Esserman*
        Sander L. Esserman (Admitted *Pro Hac Vice*)
        Robert T. Brousseau (Admitted *Pro Hac Vice*)
        Peter C. D'Apice
        Jo E. Hartwick (Admitted *Pro Hac Vice*)
        Jacob L. Newton (Admitted *Pro Hac Vice*)

        2323 Bryan Street, Suite 2200
        Dallas, Texas 75201
        Telephone: 214-969-4900
        Facsimile: 214-969-4999

        **Counsel for Dean M. Trafelet in his Capacity as Legal Representative for Future Asbestos Personal Injury Claimants**

**CAPLIN & DRYSDALE, CHARTERED**

/s/ Trevor Swett III

Trevor W. Swett III
Kevin C. Maclay
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
E-mail: tws@capdale.com; kcm@capdale.com

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755
E-mail: ei@capdale.com; rct@capdale.com

**Attorneys for Official Committee of Unsecured Creditors Holding Asbestos-Related Claims**