Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*                      :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*                  :    (Jointly Administered)
                                                           :
                            Debtors.                       :    Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED
OBJECTION TO THE FOURTH INTERIM FEE APPLICATION OF
<u>JENNER & BLOCK LLP</u>**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* pursuant to the *Stipulation and Order With Respect to Appointment of a Fee Examiner* [Docket No. 4708] (the "**Fee Examiner Order**") in connection with the *Fourth Interim Fee Application of Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* [Docket No. 7751] (the "**Fourth Fee Application**"). The Court appointed the Fee Examiner to monitor the fees and expenses incurred by professionals in these chapter 11 cases and to provide periodic reports to the Court, separately or

in conjunction with applications submitted for approval by the professionals, with or without a filed objection.

With this *Report and Statement of Limited Objection*, the Fee Examiner identifies a stipulated amount of $8,179.40 in fees and expenses, from a total of $14,960.46 requested in the Fourth Fee Application, that are objectionable. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant and the Fee Examiner have reached agreement, resolving any concerns about the Fourth Fee Application. As adjusted, the amount sought can be approved by the Court.

In general, the Fourth Fee Application appears substantively sound. It requests a total of $14,960.46. On December 1, 2010, counsel for the Fee Examiner provided Jenner & Block LLP ("**Jenner**") with a draft of this *Report and Statement of Limited Objection*. On December 6, 2010, Jenner provided additional information, and the parties resolved all remaining issues.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a total stipulated disallowance of $8,179.40 in fees and expenses from a total request of $14,960.46 in compensation and expenses.

## BACKGROUND

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated in 2011.

3. On November 16, 2009, Jenner filed its first interim fee application [Docket No. 4451], seeking fees and expenses in the amount of $5,220,762.21. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Jenner & Block LLP*, identifying $58,613.10 in fees and expenses that were objectionable [Docket No. 5545]. That report and statement is incorporated by reference. On May 21, 2010, the Court entered an omnibus order approving a series of interim fee applications for the first interim fee period, including Jenner's. *See Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through* September *30, 2009* [Docket No. 5834]. Through that order, the Court approved Jenner's first interim fee application in the amount of $4,899,768.05 in fees and $262,381.06 in expenses, authorizing payment of $4,409,791.25 in fees and $262,381.06 in expenses, and requiring a continued holdback of 10 percent of Jenner's requested fees.

4. On March 15, 2010, Jenner filed its second fee application [Docket No. 5263], seeking fees and expenses in the amount of $51,871.47. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Jenner & Block LLP*, identifying $6,313.29 in fees and expenses that were objectionable [Docket No. 6086]. That report and statement is incorporated by reference. On July 22, 2010, the Court entered an omnibus order approving a series of interim fee applications for the second interim fee period, including Jenner's. *See Order Granting (I) Applications for*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

*Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred From June 1, 2009 Through September 30, 2009* [Docket No. 6402]. Through that order, the Court approved Jenner's second interim fee application in the amount of $40,043.50 in fees and $5,514.68 in expenses, authorizing payment of $36,039.15 in fees and $5,514.68 in expenses, and requiring a continued hold back of 10 percent of Jenner's requested fees.

5.      On August 4, 2010, Jenner filed its third fee application [Docket No. 6524], seeking fees and expenses in the amount of $41,333.98. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the Third Interim Fee Application of Jenner & Block LLP*, identifying a stipulated amount of $14,450 in fees and expenses that were objectionable [Docket No. 7414]. That report and statement is incorporated by reference. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications for the third interim fee period, including Jenner's. *See Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) The* Application *of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* [Docket No. 7910]. Through that order, the Court approved Jenner's third interim fee application in the amount of $24,493.30 in fees and $2,390.68 in expenses, authorizing payment of $22,043.97 in fees and $2,390.68 in expenses, and requiring a continued holdback of 10 percent of Jenner's requested fees.

4

6. On November 15, 2010, Jenner filed the Fourth Fee Application, seeking fees in the amount of $14,239.00 and expenses in the amount of $721.46 for total requested compensation of $14,960.46.

7. According to Jenner, it has received payments from the Debtors totaling $6,987.99, constituting 80 percent of the value of services rendered and 100 percent of expenses incurred between June 1, 2010 and July 31, 2010.  Fourth Fee Application, ¶ 10.  As of the date of the Fourth Fee Application, Jenner reports it had not yet received payment from the Debtor for amounts invoiced for August or September.  *Id*.  Jenner continues to hold a post-petition retainer for the Debtors in the amount of $2,043,908.99.  *Id*.; *Third Supplemental Declaration of Daniel R. Murray in Connection with Debtors' Application to Retain Jenner & Block LLP*, ¶ 9 [Docket No. 7744].

## APPLICABLE STANDARDS

8. The Fourth Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**"), as well as this Court's Compensation Order and Quarterly Reporting Order—including the extent, if any, that variation has been expressly permitted by order.  In addition, the Fee Examiner has provided Jenner with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

5

9.     On November 16, 2010, the Fee Examiner also provided all of the professionals with notice that, effective for the fourth interim fee period, commencing June 1, 2010, the Fee Examiner would discontinue the uniform practice, followed for earlier compensation periods, of raising questions and concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

10.     On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

11.     With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

12.     In applying this Court's ruling to the fee applications for the fourth interim period—and to the "carved-out" amounts in fee applications for the third interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

6

      A.      The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

      B.      For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

## COMMENTS

13.    The Fee Examiner identified $3,903.20 in fees related to substantive legal services. Those fees are generally supported by adequate time descriptions and are not objectionable.

*Suggested disallowance for substantive legal work: none.*

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729 (Bankr. S.D.N.Y. Nov. 18, 2010 ) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

14. **Fee Application Activities**. In August, Jenner informed the Fee Examiner that it would, as had been often suggested in the past, be converting to "ordinary course professional" status. Jenner has maintained, however, that it may not convert to ordinary course status without Court approval because its compensation to date has already exceeded the $2 million cap permitted under the ordinary course professional order. Letter from Daniel R. Murray, at 1 (Oct. 11, 2010); *see also Order Pursuant to 11 U.S.C. §§ 105(a), 327, 328, and 330 Authorizing Debtors to Employ Professionals Utilized in Ordinary Course of Business* ("**Ordinary Course Professional Order**") [Docket No. 2900], at 3-4. In October, Jenner forwarded to the Fee Examiner correspondence from the Debtors' counsel that Weil Gotshal intended to file a motion to allow Jenner to convert to ordinary course professional status, which it hoped to have heard on November 9, 2010. It was not. In addition, on December 6, 2010, Jenner informed counsel for the Fee Examiner that it is considering other options to clarify or amend the terms of its retention. In light of Jenner's status, it has agreed to a voluntary reduction for its services related to the fee application process, including attendance at the hearing on the Second Fee Application.

*Suggested disallowance for fee application services: $8,179.40.*

15. **Fee Examiner Issues**. Jenner's Fee Inquiry Time totals $1,570.50. This amount falls within the 20 percent safe harbor of $2,992.09 applicable to the Fourth Fee Application.

*Suggested disallowance for Fee Inquiry Time: none.*

**Total Fees Suggested for Disallowance: $8,179.40.**
**Total Expenses Suggested for Disallowance: none.**
**Total Fees and Expenses Suggested for Disallowance: $8,179.40.**

## CONCLUSION

This report is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Fourth Fee Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.  The conclusions and recommendations in this report are, therefore, subject to further refinement upon each professional's submission of its subsequent and final fee applications.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Fourth Fee Application.

Dated:  Madison, Wisconsin
        December 8, 2010.

GODFREY & KAHN, S.C.

By:     /s/ *Katherine Stadler*
        Katherine Stadler (KS 6831)
        Timothy F. Nixon (TN 2644)

        GODFREY & KAHN, S.C.
        780 North Water Street
        Milwaukee, Wisconsin 53202
        Telephone: (414) 273-3500
        Facsimile: (414) 273-5198
        E-mail: kstadler@gklaw.com
                tnixon@gklaw.com

*Attorneys for Fee Examiner*

5648805_2