Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.,*                   :   Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*               :   (Jointly Administered)
                                                        :
              Debtors.                                  :   Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF NO OBJECTION
TO THIRD INTERIM FEE APPLICATION OF
<u>PLANTE & MORAN, PLLC</u>**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of No Objection* in connection with the *Third Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2010 through September 30, 2010* [Docket No. 7733] (the "**Third Fee Application**").  With this *Report and Statement of No Objection*, the Fee Examiner states that he has no objection to the

award of $293,544.84 in fees and expenses, the total requested in the Third Fee Application. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

The applicant has addressed the Fee Examiner's initial observations, resolving any concerns about the Third Fee Application. In general, the application appears substantively sound, prepared with apparent care. It requests a total of $293,544.84. Nonetheless, after reviewing the Third Fee Application, counsel for the Fee Examiner raised some preliminary concerns with Plante & Moran, PLLC ("**P&M**") in a telephone communication on November 19, 2010. On November 23 and December 1, 2010, P&M provided supplemental detail in response to the concerns, resolving all issues. On December 1, 2010, the Fee Examiner sent P&M a draft of this final *Report and Statement of No Objection*.

This final *Report and Statement of No Objection* summarizes the Fee Examiner's initial analysis and the resolution of time entry issues.

## BACKGROUND

1.  Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.  On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated in 2011.

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3. On March 17, 2010, P&M filed its *First Application of Plante & Moran, PLLC, As Accountants for the Debtors, For Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 9, 2009 through January 31, 2010* (the "**First Fee Application**") [Docket No. 5294], seeking fees in the amount of $354,195.70 and expenses of $5,247.32 for total requested compensation of $359,443.02.

4. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Plante & Moran, PLLC* [Docket No. 6092] identifying $94.77 in expenses that were objectionable. That report and statement is incorporated by reference.

5. On July 6, 2010, this Court issued an oral ruling that granted P&M's First Fee Application in part but required a holdback of 10 percent of P&M's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by P&M. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to P&M of $354,195.70 for fees (which included the 10 percent holdback) and $5,152.55 for expenses.

6. On August 5, 2010, P&M filed its *Second Application of Plante & Moran, PLLC, as Accountants for the Debtors, for Interim Allowance of Compensation for Professional*

3

*Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2010 through May 31, 2010* (the "**Second Fee Application**") [Docket No. 6527] seeking fees in the amount of $332,405.34 and expenses of $5,870.07 for total requested compensation of $338,275.41.

7.      On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Plante & Moran, PLLC* identifying $1,920.83 in fees and expenses that were objectionable [Docket No. 6977]. That report and statement is incorporated by reference.

8.      On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by P&M. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through the Third Omnibus Order, the Court approved P&M's Second Fee Application in the amount of $330,556.84 in fees and $5,797.74 in expenses, authorizing payment of $297,501.16 in fees and $5,797.74 in expenses and requiring a continued holdback of 10 percent.

9.      On November 11, 2010, P&M filed its Third Fee Application, seeking fees in the amount of $289,673.05 and expenses in the amount of $3,871.79 for total requested compensation of $293,544.84. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), P&M reports that it has

previously submitted monthly statements and received payments from the Debtors totaling $201,851.08 in fees and expenses, subject to Court review and approval, leaving a combined request of unpaid fees and expenses in the amount of $91,693.76 as of the date of the Third Fee Application. *See* Third Fee Application, ¶ 12.

10. On November 19, 2010, counsel for the Fee Examiner telephonically provided P&M with his preliminary analysis of the fees requested in the Third Fee Application, inviting P&M to submit any additional information in support of the Third Fee Application. The preliminary analysis included information related to an explanation of certain services provided, block billing, clerical or administrative charges and budget disparities. The information provided by P&M in response to this inquiry, on November 23 and December 1, 2010, also was considered by the Fee Examiner.

11. On December 1, 2010, the Fee Examiner sent P&M a draft of this *Report and Statement of No Objection*.

**APPLICABLE STANDARDS**

12. The Third Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"); the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"); the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"); and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"); as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner provided all of the professionals in

5

this proceeding with a draft memorandum summarizing the Court's April 29, 2010 and July 6, 2010 rulings on fees and expenses.

13. On November 16, 2010, the Fee Examiner also provided all of the professionals with notice that, effective for the interim period commencing June 1, 2010 (the "**Compensation Period**"), the Fee Examiner would discontinue the uniform practice, followed in earlier periods, of outlining concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

14. On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

15. With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

16. In applying this Court's ruling to the fee applications for the Compensation Period—and to the "carved-out" amounts in fee applications for the prior interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

6

A. The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

B. For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

**COMMENTS**

17. **Project Staffing**. The services provided by P&M required an aggregate expenditure of 1,637.2 reported hours. The breakdown of those hours by job category is: Partners—288.5 hours; associates—338.4 hours; paraprofessionals—113.8 hours; staff—896.5 hours. The requested amount for fees yields an hourly billing rate of approximately

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729 (Bankr. S.D.N.Y. Nov. 18, 2010) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

$177.00 with a blended rate for partners alone of $348.00 an hour. Both blended rates are lower in the Compensation Period than they were in connection with the Second Fee Application.

*Suggested disallowance: None.*

18.  **Comparison to Budget**. P&M has provided monthly projected budgets to the Fee Examiner. A comparison of the projected budget to actual compensation requested reveals that P&M is within budget—with a notable degree of disparity in the total amounts budgeted and spent:

|  |  | Actual | Projected |
|---|---|---:|---:|
| June |  |  |  |
|  | Fees | 22,073.50 | 72,500.00 |
|  | Expenses | 30.00 | 2,500.00 |
| July |  |  |  |
|  | Fees | 86,678.85 | 190,000.00 |
|  | Expenses | 2,311.97 | 5,000.00 |
| August |  |  |  |
|  | Fees | 134,190.85 | 175,000.00 |
|  | Expenses | 977.75 | 5,000.00 |
| September |  |  |  |
|  | Fees | 46,729.85 | 105,000.00 |
|  | Expenses | 552.07 | 5,000.00 |
|  | **TOTAL** | 293,544.84 | 560,000.00 |

19.  **Hourly Rate Increases**. P&M seeks fees that are the direct result of hourly rate increases implemented during the Compensation Period. *See* Third Fee Application Summary Sheet.

20.  The hourly rate increases during the Compensation Period were as high as eight percent and, with one exception, were without explanation. However, these rate increases are consistent with the semi-annual adjustment identified in P&M's engagement letter and were

8

noticed to Debtors. *See* Third Fee Application, Exhibit 1, August 31, 2010 correspondence to Debtors from Michael Colella.

*Suggested disallowance: None.*

21. **Travel Time**. Non-working travel time will be compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The Advisories have requested that travel time be itemized separately. Travel time has been reduced accordingly in the Third Fee Application.

22. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. P&M reports 167.4 billable hours, representing $22,523.75 in fees (Work Codes RET, FEX, FAP, and FEE) billed for retention matters, the preparation of P&M's monthly fee statements and second interim fee application and its communications with the Fee Examiner regarding the firm's Second Fee Application. *See* Third Fee Application, Exhibit D, Compensation by Work Code.

23. P&M has reduced, by 50 percent, all hours billed to the FEE work code, identified as "review of detail time entries and preparation of monthly statements" and the FEX work code, "preparation of monthly budgets, review and responses relating to advisories, reports, inquiries and requests from Fee Examiner and/or his representatives." Third Fee Application, Project and Work Code Descriptions, Exhibit E, Second Fee Application, ¶ 55.

*Suggested disallowance for fee inquiry-related services: None.*

24. **Clerical and Administrative Charges**. The Fee Examiner has identified charges in the amount of $176.00 that appear to be administrative or clerical tasks that might more appropriately have been absorbed as overhead.

*P&M has provided additional detail of the questioned services, resolving this concern.*

9

*Suggested disallowance for clerical and administrative charges: None.*

25. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified 27 entries by P&M professionals that do not comply with this guideline.

*P&M has submitted revised time entries, resolving this concern.*

*Suggested disallowance for block billing: None.*

26. **Vague Tasks**. The Fee Examiner has identified three specific billing entries that contain an insufficient description of a task and are non-compensable.

*P&M has provided revised time entries that resolve this concern.*

*Suggested disallowance for vague tasks: None.*

27. **Expenses**. P&M's requested expense reimbursements are generally documented and appear to be unobjectionable. *See* Third Fee Application, Exhibit C.

*Total fees suggested for disallowance: None.*

*Total expenses suggested for disallowance: None.*

*Total fees and expenses recommended for disallowance: None.*

## CONCLUSION

This *Report and Statement of No Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the Fee Examiner's preliminary observations, subject to the supplemental detail provided by P&M. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on this or any subsequent interim fee applications or final fee applications. All

professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of No Objection* on the Third Fee Application.

Dated:  Green Bay, Wisconsin
December 8, 2010.

GODFREY & KAHN, S.C.

By:     */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5648520_2