Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :   Chapter 11 Case No.
                                                           :
MOTORS LIQUIDATION COMPANY *et al.*,                       :   09-50026 (REG)
            f/k/a General Motors Corp. *et al.*,           :   (Jointly Administered)
                                                           :
                                    Debtors.               :   Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION**
**TO SECOND INTERIM FEE APPLICATION OF DELOITTE TAX LLP**

**TO:   THE HONORABLE ROBERT E. GERBER**
**      UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Second Interim Fee Application of Deloitte Tax LLP As Tax Services Providers for the Period From June 1, 2010 Through September 30, 2010* [Docket No. 7780] (the "**Second Fee Application**").  With this *Report and Statement of Limited Objection*, the Fee Examiner identifies $11,848.35 in fees, from a total of $369,647.00 requested in the Second Fee Application, that are objectionable.  The Fee Examiner respectfully represents:

**SUMMARY STATEMENT**

In general, the Second Fee Application appears substantively sound, prepared with apparent care. It requests a total of $369,647.00. On December 1, 2010, the Fee Examiner sent Deloitte Tax LLP ("**Deloitte**") a draft of this *Report and Statement of Limited Objection*. On December 7, 2010, Deloitte provided additional information, and the parties expect to reach a consensual resolution on all of the remaining issues in advance of the hearing to present a stipulated agreement to the Court for its approval.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a suggested disallowance of $11,848.35 in fees.

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated in 2011.

3. On August 5, 2010, Deloitte filed the *Amended First Interim Fee Application of Deloitte Tax LLP As Tax Services Providers for the Period From January 1, 2010 Through May 31, 2010* [Docket No. 6535] (the "**Amended Fee Application**"), seeking fees in the amount

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

2

of $579,353.00 and expenses in the amount of $135.00 for total requested compensation in the amount of $579,488.00.

4.      On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Amended First Interim Fee Application of Deloitte Tax LLP* [Docket No. 7418] (the "**First Objection**"), identifying $592.53 in fees and expenses that were objectionable.  That report and statement is incorporated by reference.

5.      On November 15, 2010, Deloitte filed the Second Fee Application, seeking fees in the amount of $369,592.00 and expenses in the amount of $55.00 for total requested compensation in the amount of $369,647.00.

6.      On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Deloitte.  *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910].  Through the Third Omnibus Order, the Court approved Deloitte's Amended Fee Application in the amount of $578,775.47 in fees and $120.00 in expenses and authorized payment of $520,897.92 in fees and $120.00 in expenses, requiring a continued holdback of 10 percent.

7.      As of the filing of the Second Fee Application, Deloitte reports that it had not yet been paid any compensation pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**").

3

8. On December 1, 2010, the Fee Examiner sent Deloitte a draft of this *Report and Statement of Limited Objection*.

9. On December 7, 2010, by telephone, Deloitte addressed the Fee Examiner's concerns, resolving some, but not all, of the issues raised. All of the materials and comments provided by Deloitte were considered by the Fee Examiner.

## APPLICABLE STANDARDS

10. The Second Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner has provided Deloitte with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

11. On November 16, the Fee Examiner also provided all of the professionals with notice that, effective for the interim period commencing June 1, 2010 (the "**Compensation Period**"), the Fee Examiner would discontinue the uniform practice, followed in earlier periods, of outlining concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

12. On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to

4

provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

13. With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

14. In applying this Court's ruling to the fee applications for the Compensation Period—and to the "carved-out" amounts in fee applications for the prior interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

　　A. The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

　　B. For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

5

professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

## COMMENTS

15. **Billing Rates and Project Staffing**. Deloitte did not provide a blended rate for the Second Fee Application as required by the UST Guidelines. *See* UST Guidelines, § (b)(3)(v). This is a continuing concern from the First Objection. The Fee Examiner calculates that blended rate at $676.53 (the "Blended Rate").[4] This Blended Rate is higher than it was in connection with the Amended Fee Application and higher than the individual billing rate of eight individuals (five Senior Managers, two Managers, and a Senior Associate) who reported services on the Second Fee Application. Fully 79 percent of the firm's work has been performed by 10 "Partner/Director" and "Senior Manager" accountants. No work was performed at a rate lower than that of the Senior Associate.

The reasonableness of a compensation request is determined, in part, by analyzing whether the billing rate is appropriate to each task performed. *See* 11 U.S.C. §§ 330(a)(3)(B), (D) (2010). As a result, services should be performed by a person with the lowest billing rate able to address the matter. Deloitte has explained the specific, complex nature

---

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729, (Bankr. S.D.N.Y. Nov. 18, 2010) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

[4] This Blended Rate does not reflect the billing discrepancies discussed elsewhere in this letter, nor does it include time billed by paraprofessionals. *See* UST Guidelines at § (b)(3)(v).

of the IRS letter ruling with which it is tasked. However, work appears to be transitioning to higher billing rate professionals with no written explanation, and this remains a concern.

*Deloitte maintains that staffing is appropriate due to the complexity of the issues involved in the scope of work and that current staffing is more efficient on this project than it would be if the ratio of lower billing professionals was increased.*

*Suggested disallowance for Project Staffing: None.*

16. **Project Categories**. Deloitte did not utilize project categories at all, including those requested by UST Guidelines, for administrative matters, preparation of employment and fee applications, or responses to objections relating to fee applications. In addition, the Second Fee Application does not arrange all time and service entries by project category as required by § (b)(4)(i) and § (b)(4)(iii) of the UST Guidelines. This was also a concern raised by the Fee Examiner in connection with the First Objection.

*No disallowance suggested.*

17. **Fee Application Services**. Deloitte, as discussed above, has not segregated—by project—time spent on fee applications, objections to fee applications or interaction with the Fee Examiner. The Fee Examiner has identified total fees related to the fee application process and inquiries of $27,005.00. Of that amount, $8,438.00 appear to be related to responding to the Fee Examiner. The remaining $18,567.00 in requested compensation is not segregated. Because of this Court's ruling that fees for reviewing bills are compensable at only 50 percent, whereas fees for preparing the fee application itself are compensable at 100 percent, professionals are encouraged to segregate—in the fee application or time detail—the different types of fee application services into appropriate categories. The failure to self-segregate the fees renders the fee review process less efficient.

*Agreed disallowance for fee application services: $4,641.75 (25 percent).*

7

18. **Fee Inquiry Time**. The Fee Examiner identified $8,438.00 in fees related to responding to the Fee Examiner. That amount falls within the $10,000 safe harbor applicable to the Second Fee Application for Fee Inquiry Time.

*Suggested disallowance of Fee Inquiry Time: None.*

19. **Time Increments**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. However, one specific timekeeper billed fully 78 percent of all entries in full or half hours, suggesting that time was estimated in hindsight or not contemporaneously or precisely maintained. Total billings for this timekeeper are $72,066.00. This practice disregards the guideline requirement of billing in one-tenth of an hour increments and appears to reflect "rounding" of time, rather than an accurate billing based on contemporaneous records.

*The significant percentage of half hour increments suggests that billing is not being contemporaneously maintained in one tenth of an hour increments.*

*Suggested disallowance for time increment analysis: $7,206.60 (10 percent).*

20. **Scope of Work**. The focus of Deloitte's services was drafting a request for an IRS letter ruling.

*The Fee Examiner will defer any evaluation of the expenditure of time in connection with the IRS letter ruling until the results of the process are ascertainable.*

21. **Meal Expenses**. Meal expenses totaling $55.00 have been submitted for reimbursement and appear to be unobjectionable.

*Total fees suggested for disallowance: $11,848.35.*

*Total Expenses Suggested for Disallowance: None.*

*Total Fees and Expenses Suggested for Disallowance: $11,848.35.*

8

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the basis for objections to the Second Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to the Second Fee Application.

Dated: Green Bay, Wisconsin
December 8, 2010.

GODFREY & KAHN, S.C.

By:   */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
tnixon@gklaw.com

*Attorneys for Fee Examiner*

5684712_3