Hearing Date and Time: December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
MOTORS LIQUIDATION COMPANY, *et al.*,                   :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,               :    (Jointly Administered)
                                                        :
                                Debtors.                :    Honorable Robert E. Gerber
                                                        :
------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED
OBJECTION TO FOURTH INTERIM FEE APPLICATION OF
<u>BUTZEL LONG, A PROFESSIONAL CORPORATION</u>**

TO:    THE HONORABLE ROBERT E. GERBER
       UNITED STATES BANKRUPTCY JUDGE

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Fourth Application of Butzel Long, a Professional Corporation, as Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2010 Through September 30, 2010* [Docket No. 7754 ] (the "**Fourth Fee Application**"). With this *Report and Statement of Limited Objection*, the Fee

Examiner identifies an agreed disallowance of $159.00 in expenses from a total of $466,539.79 in fees and expenses requested in the Fourth Fee Application. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

In general, the Fourth Fee Application appears substantively sound, prepared with apparent care. It requests a total of $466,539.79. On December 1, 2010, the Fee Examiner sent Butzel Long ("**BL**") a draft of this *Report and Statement of Limited Objection*. On December 2, 2010, the parties reached a consensual resolution on all of the remaining issues and now present a stipulated agreement to the Court for its approval.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of the agreed disallowance of $159.00 in expenses.

## BACKGROUND

1.	Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2.	On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated in 2011.

3.	On November 16, 2009, BL filed its *Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

2

*Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 10, 2009 Through September 30, 2009* [Docket No. 4450] (the "**First Fee Application**"), seeking fees and expenses in the amount of $259,041.37.

4.      On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First Interim Fee Application of Butzel Long* [Docket No. 5548] (the "**First Objection**"), identifying $46,105.81 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

5.      On April 29, 2010, this Court issued an oral ruling that granted BL's first interim fee application in part but required a continued holdback of 10 percent of BL's requested fees. On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834] approving a series of interim fee applications, including the application submitted by BL. The Omnibus Order authorized payment to BL of $236,158.74 for fees (which included the 10 percent holdback) and $20,996.55 for expenses.

6.      On March 17, 2010, BL filed the *Second Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 1, 2009 Through January 31, 2010* [Docket No. 5293] (the

3

"**Second Fee Application**"), seeking fees in the amount of $258,825.50 and expenses in the amount of $12,188.98, for total requested compensation of $271,014.48.

7.   On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of Butzel Long* [Docket No. 6081] (the "**Second Objection**"), identifying $28,251.14 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

8.   On July 6, 2010, this Court issued an oral ruling that granted BL's Second Fee Application in part but required a continued holdback of 10 percent of BL's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by BL. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to BL of $253,659.37 for fees (which included the 10 percent holdback) and $11,109.70 for expenses.

9.   On August 5, 2010, BL filed the *Third Application of Butzel Long, a Professional Corporation, As Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company, f/k/a General Motors Corporation, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From February 1, 2010 Through May 31, 2010* [Docket No. 6542] (the

4

"**Third Fee Application**"), seeking fees in the amount of $429,844.75 and expenses in the amount of $20,791.35, for total requested compensation of $450,636.10.

10. On October 19, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Third Interim Fee Application of Butzel Long* [Docket No. 7417] (the "**Third Objection**"), identifying $17,864.78 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

11. On November 15, 2010, BL filed its Fourth Fee Application, seeking fees in the amount of $433,892.50 and expenses in the amount of $32,647.29, for total requested compensation of $466,539.79.

12. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), BL reports it has previously submitted monthly statements and received payments from the Debtors totaling $308,953.94 for the period covered by the Fourth Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for the months of June, July, and August, 2010. *See* Fourth Fee Application, ¶ 17.

13. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including BL's. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through that Order, the Court approved BL's Third Fee

5

Application in the amount of $412,109.20 in fees and $20,662.12 in expenses, authorizing payment of $370,898.28 in fees and $20,662.12 in expenses, and requiring a "carve-out" of $12,479.75 pending the resolution of a specific issue and a continued holdback of 10 percent of BL's requested fees.

14. On December 1, 2010, the Fee Examiner sent BL a draft of this *Report and Statement of Limited Objection* with a limited objection to BL's fees, offering an opportunity for discussion.

15. All of the information provided by BL has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

16. The Fourth Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner has provided BL with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

17. On November 16, 2010, the Fee Examiner also provided all of the professionals with notice that, effective for the interim period commencing June 1, 2010 (the "**Compensation Period**"), the Fee Examiner would discontinue the uniform practice, followed in earlier periods,

6

of outlining concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

18. On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

19. With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

20. In applying this Court's ruling to the fee applications for the Compensation Period—and to the "carved-out" amounts in fee applications for the prior interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

7

B.  For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

## COMMENTS

21.  **Scope of Work**. The Fee Examiner notes that project codes utilized by BL focused on the JPMorgan Avoidance Complaint and the Nova Scotia litigation—in addition to the fee applications addressed in this *Report and Statement of Limited Objection*.

*The Fee Examiner necessarily will defer any evaluation of the expenditure of time in connection with the JPMorgan adversary proceeding and the Nova Scotia litigation until the progress of the proceedings is more readily ascertainable.*

22.  **Block Billing**. Block billing is prohibited by the UST Guidelines at § (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id*. The Fourth Fee Application is exemplary in this regard.

*Suggested disallowance for block billing: None.*

---

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729, (Bankr. S.D.N.Y. Nov. 18, 2010) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

8

23. **Vague Time Entries**. In previous objections, the Fee Examiner has identified specific billing entries that contain an insufficient description of a task or failure to identify parties and subject matter of a communication. BL has made a clear effort to remedy this concern in the Fourth Fee Application.

*Suggested disallowance for vague tasks: None.*

24. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. BL has categorized fee issues into three project codes: 10 - Monthly Fee Statements; 5 – Fee Applications and Monthly Budgets; 8 – Defending Fee Applications. BL reports 19.8 billable hours, representing approximately $6,990.00, billed for the preparation of BL's monthly fee statements. BL has voluntarily reduced this billing by $3,495.00 (50 percent). Project Code 5, "Fee Applications and Monthly Budgets," has not been reduced, and the Fee Examiner agrees that reduction is not required. The final category, Project Code 8, "Defending Fee Applications," totals 11.7 hours for an aggregate billing of $5,028.55. This category has not been reduced and has been evaluated by the Fee Examiner. The $5,028.55 in fees falls within the $10,000 safe harbor applicable to the Fourth Fee Application.

*Suggested disallowance: None.*

25. **Expenses.** The Fourth Fee Application contains an Expense Summary. *See* Fourth Fee Application, Exhibit E. The expenses are generally unobjectionable, with the exception of three charges for ground transportation when individuals worked fewer than two hours on GM matters that day.

*Agreed disallowance: $159.00.*

9

> *Total fees suggested for disallowance:  None.*
>
> *Agreed disallowance for expenses:  $159.00.*
>
> *Total agreed disallowance for fees and expenses:  $159.00.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Fourth Fee Application.  It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications.  All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to BL's Fourth Fee Application.

Dated: Green Bay, Wisconsin
December 8, 2010.

                                            GODFREY & KAHN, S.C.

By:    */s/ Carla O. Andres*
      Carla O. Andres (CA 3129)
      Timothy F. Nixon (TN 2644)

      GODFREY & KAHN, S.C.
      780 North Water Street
      Milwaukee, Wisconsin 53202
      Telephone: (414) 273-3500
      Facsimile: (414) 273-5198
      E-mail: candres@gklaw.com
              tnixon@gklaw.com

      *Attorneys for Fee Examiner*

5649635_3

11