Hearing Date and Time:  December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*                      :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*                  :    (Jointly Administered)
                                                           :
                        Debtors.                           :    Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO
FOURTH INTERIM FEE APPLICATION OF THE CLARO GROUP, LLC**

**TO:    THE HONORABLE ROBERT E. GERBER
        UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company), appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Report and Statement of Limited Objection* in connection with the *Fourth Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2010 through September 30, 2010* [Docket No. 7706] (the "**Fourth Fee Application**").  With this *Report and Statement of Limited Objection*, the Fee Examiner identifies $2,303.37 in fees, from a total of $47,212.93 requested in the Fourth Fee Application, that are objectionable.  The Fee Examiner respectfully represents:

**SUMMARY STATEMENT**

In general, the Fourth Fee Application appears substantively sound, prepared with apparent care. It requests a total of $47,212.93. On December 1, 2010, the Fee Examiner sent The Claro Group, LLC ("**Claro**") a draft of this *Report and Statement of Limited Objection*. Claro has not provided additional information, but the Fee Examiner anticipates that the parties will reach a consensual resolution on all of the remaining issues in advance of the hearing to present a stipulated agreement to the Court for its approval.

This *Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of a disallowance of $2,303.37 in fees.

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated in 2011.

3. On November 20, 2009, Claro filed its *First Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through*

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

2

*September 30, 2009* (the "**First Fee Application**") [Docket No. 4506], seeking fees and expenses in the amount of $190,451.05.

4. On April 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to the First Interim Fee Application of The Claro Group, LLC* [Docket No. 5558] (the "**First Objection**"), identifying $41,336.47 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

5. On April 29, 2010, this Court issued an oral ruling that granted Claro's First Fee Application in part but required a continued holdback of 10 percent of Claro's requested fees. On May 21, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered its *Order Granting Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Omnibus Order**") [Docket No. 5834], approving a series of interim fee applications, including the application submitted by Claro. The Omnibus Order authorized payment to Claro of $172,013.59 for fees (which included the 10 percent holdback) and $437.46 for expenses.

6. On March 17, 2010, Claro filed its *Second Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2009 through January 31, 2010* [Docket No. 5290] (the "**Second Fee Application**"), seeking fees in the amount of $652,010.50 and expenses in the amount of $9,138.41, for total requested compensation of $661,148.91.

7. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Second Interim Fee Application of The Claro Group* [Docket

3

No. 6094] (the "**Second Objection**"), identifying $15,856.30 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

8. On July 6, 2010, this Court issued an oral ruling that granted Claro's Second Fee Application in part but required a continued holdback of 10 percent of Claro's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the application submitted by Claro. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to Claro of $645,889.20 for fees (which included the 10 percent holdback) and $9,138.41 for expenses.

9. On August 4, 2010, Claro filed its *Third Interim Application of The Claro Group, LLC as Environmental Management Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2010 through May 31, 2010* [Docket No. 6506] (the "**Third Fee Application**"), seeking fees in the amount of $527,315.50 and expenses in the amount of $7,886.51, for total requested compensation of $535,202.01.

10. On September 17, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to Third Interim Fee Application of The Claro Group* [Docket No. 6974] (the "**Third Objection**"), identifying $15,163.29 in fees and expenses that were objectionable. That report and statement is incorporated by reference.

4

11. On November 9, 2010, Claro filed its Fourth Fee Application, seeking fees in the amount of $46,810.50 and expenses in the amount of $402.43, for total requested compensation of $47,212.93.

12. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Claro reports it has previously submitted monthly statements and received payments from the Debtors totaling $11,736.13 for the period covered by the Fourth Fee Application, consisting of 80 percent of requested fees and 100 percent of requested expenses for June 2010. Claro reports that it has not yet received payment for July, August or September fees or expenses, *see* Fourth Fee Application, ¶¶ 8, 9, and has an outstanding request for $35,476.80 that, it states, remains unpaid in connection with the Fourth Fee Application. Id. at ¶ 8.

13. On November 24, 2010, the Court entered an omnibus order approving a series of interim fee applications, including Claro's. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from February 1, 2010 Through May 31, 2010 and (II) the Application of LFR, Inc. for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010* (the "**Third Omnibus Order**") [Docket No. 7910]. Through that Third Omnibus Order, the Court approved Claro's Third Fee Application in the amount of $526,809.63 in fees and $7,592.57 in expenses, authorizing payment of $474,128.67 in fees and $7,592.57 in expenses, and requiring a continued holdback of 10 percent of Claro's requested fees.

5

14.   On December 1, 2010, the Fee Examiner sent Claro a draft of this *Report and Statement of Limited Objection* with a limited objection to Claro's fees, offering an opportunity for discussion.

15.   All of the information provided by Claro has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

16.   The Fourth Fee Application has been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order.  In addition, the Fee Examiner provided all of the professionals in this proceeding with a draft memorandum summarizing the Court's April 29, 2010 and July 6, 2010 rulings on fees and expenses.

17.   On November 16, 2010, the Fee Examiner also provided all of the professionals with notice that, effective for the fourth interim fee period, commencing June 1, 2010, the Fee Examiner would discontinue the uniform practice, followed for earlier compensation periods, of raising questions and concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

18. On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

19. With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

20. In applying this Court's ruling to the fee applications for the fourth interim period—and to the "carved-out" amounts in fee applications for the third interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A. The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

    B. For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

7

inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

**COMMENTS**

21.    **Scope of Retention**. As discussed in the First Objection, the Second Objection, and the Third Objection, Claro's retention is governed by the *Order Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of The Claro Group, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* (the "**Retention Order**") [Docket No. 3632], which, in turn, is further defined by the Debtors' engagement letter, as amended, with Claro. The Retention Order authorizes Claro to perform a defined scope of work for an estimated $185,000.00. The retention application states that Claro will spend approximately 550 hours completing the work described in the engagement letter.

22.    However, to date, Claro has been compensated in excess of $170,000.00 in connection with its First Fee Application, $650,000.00 in connection with its Second Fee Application, and $480,000.00 in connection with its Third Fee Application. It now seeks in

---

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729, (Bankr. S.D.N.Y. Nov. 18, 2010) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

8

excess of $47,000.00 in its Fourth Fee Application. Collectively, the applications have sought a total of $1,434,014.90.

*The Retention Order provides guidance to the Fee Examiner regarding the services Claro is authorized to perform and a reasonable estimated cost of those services. That amount has been exceeded, significantly and repeatedly, without Court authorization. As such, the Fee Examiner reiterates his pointed suggestions that Claro seek an amendment to its Retention Order, including an increased fee estimate. The Fee Examiner will object to any subsequent applications for compensation in the absence of an amended Retention Order.*

23. **Comparison to Budget**. Claro has provided monthly projected budgets to the Fee Examiner. A comparison of budget to actual compensation requested reveals a reasonable degree of disparity.

|  |  | Actual | Projected |
|---|---|---:|---:|
| June |  |  |  |
|  | Fees | 14,535.00 | 20,000.00 |
|  | Expenses | 108.13 | 0.00 |
| July |  |  |  |
|  | Fees | 5,641.00 | 20,000.00 |
|  | Expenses | 201.06 | 0.00 |
| August |  |  |  |
|  | Fees | 23,226.50 | Unknown[4] |
|  | Expenses | 0.00 |  |
| September |  |  |  |
|  | Fees | 3,408.00 | 10,000.00 |
|  | Expenses | 93.24 | 0.00 |
|  | **TOTAL** | 47,212.93 | 50,000.00 |

24. **UST Guideline Requirements**. Claro did not arrange all time and service entries by project category as required by § (b)(4)(i) of the UST Guidelines.[5] This concern was previously raised by the Fee Examiner in the Third Objection.

---

[4] The Fee Examiner did not receive a budget from Claro for the month of August, 2010.

[5] The project categories utilized by Claro do not include categories for administrative matters, fee applications, or responses to objections relating to fee applications -- all as required by the UST Guidelines. *See* UST Guidelines at § (b)(4)(i), and Exhibit A.

9

*Suggested disallowance: None.*

25. **Time Increment Analysis**. The applicable guidelines require professionals to bill in increments of one-tenth of an hour. Claro's efforts to comply with the time increments guideline is evident.

*Suggested disallowance for time increment analysis: None.*

26. **Block Billing**. Block billing is prohibited by the UST Guidelines at (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id.* The Fee Examiner did not identify any entries by Claro professionals that do not comply with these guidelines and notes that Claro's time and record keeping has improved significantly.

*Suggested disallowance for block billing: None.*

27. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. Claro reports 62.60 billable hours, representing $22,689.00 in fees, for all fee matters including retention matters, the preparation of Claro's monthly fee statements and fee applications, its communications with the Fee Examiner, and "other job administration."

28. Claro has not voluntarily reduced the hours billed for these fee matters. The Fee Examiner has reviewed these fees and determined that $13,475.50 applies to the preparation of fee applications and monthly statements, which are fully compensable. However, the Fee Examiner notes that professionals are encouraged to separate in the various types of fee application fees into appropriate categories. This will assist in the efficiency of the fee review process.

*Suggested disallowance for fees related to bill review process: $2,303.37 (25 percent).*

10

29. **Fee Inquiry Time**. The Fee Examiner has identified $9,213.50 in fees related to inquiries and objections from the Fee Examiner. This amount falls within the 20 percent safe harbor of $9,442.59 for Fee Inquiry Time.

*Suggested disallowance for Fee Inquiry Time: None.*

30. **Expenses**. The Fourth Fee Application, Exhibit C, contains an expense summary. The expenses are unobjectionable.

*Total fees suggested for disallowance: $2,303.37.*

*Total expenses suggested for disallowance: None.*

*Total fees and expenses recommended for disallowance: $2,303.37.*

## CONCLUSION

This *Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Fourth Fee Application. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Report and Statement of Limited Objection* to The Claro Group's Fourth Fee Application.

Dated: Green Bay, Wisconsin
December 8, 2010.

            GODFREY & KAHN, S.C.

         By:  */s/ Carla O. Andres*
            Carla O. Andres (CA 3129)
            Timothy F. Nixon (TN 2644)

            GODFREY & KAHN, S.C.
            780 North Water Street
            Milwaukee, Wisconsin 53202
            Telephone: (414) 273-3500
            Facsimile: (414) 273-5198
            E-mail: candres@gklaw.com
               tnixon@gklaw.com

            *Attorneys for Fee Examiner*

5689422_2