**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
MOTORS LIQUIDATION COMPANY, et al.,      :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                         :
                  Debtors.               :        (Jointly Administered)
                                         :
-----------------------------------------------------------------x
```

ORDER (I) APPROVING NOTICE OF DISCLOSURE STATEMENT HEARING;
(II) APPROVING DISCLOSURE STATEMENT; (III) ESTABLISHING A
RECORD DATE; (IV) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE PLAN; (V) APPROVING
NOTICE PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF;
(VI) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING
PROCEDURES FOR VOTING ON THE PLAN; AND (VII) APPROVING
THE FORMS OF NOTICES TO NON-VOTING CLASSES UNDER THE PLAN

Upon the Motion, dated September 3, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors

(collectively, the "**Debtors**"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11,

United States Code (the "**Bankruptcy Code**"), Rules 2002, 3017, 3018, and 3020 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1, 3018-1, and

3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local

Rules**") for entry of an order (i) approving notice of the Disclosure Statement Hearing provided

by the Debtors, (ii) approving the Disclosure Statement under section 1125 of the Bankruptcy

Code, (iii) establishing a record date for notice of the Confirmation Hearing and for voting on the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

Plan, (iv) establishing notice and objection procedures with respect to the Confirmation Hearing

and the Plan, (v) approving the Notice Packages and procedures for the distribution thereof, (vi)

approving the forms of ballots and establishing procedures for voting on the Plan, and (vii)

approving the forms of notice to non-voting classes under the Plan, all as more fully described in

the Motion; and due and proper notice of the Motion having been provided, and it appearing that

no other or further notice need be provided; and hearings having been held on October 21, 2010,

November 9, 2010, November 22, 2010, December 2, 2010, and December 7, 2010 (the

"**Hearings**") to consider the relief requested in the Motion; and upon the record of the Hearings

and all of the proceedings had before the Court; and the Court having reviewed the Motion and

the objections thereto; and the Court having ruled on the objections to the Motion as reflected on

the record of the Hearings; and the Debtors having filed a revised Disclosure Statement for

Debtors' Amended Joint Chapter 11 Plan, dated December 8, 2010 (the "**Disclosure**

**Statement**"), which incorporates the rulings made by the Court at the Hearings; and the Debtors

having filed the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**");

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

FOUND AND DETERMINED THAT:[2]

A.      The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

B.      The forms of ballots and master ballots, substantially in the forms annexed

hereto as **Exhibit "A"** (the "**Ballots**" and, as applicable, the "**Ballots**," the "**Master Ballots**,"

and the "**Asbestos Master Ballots**"), are sufficiently consistent with Official Form 14,

adequately address the particular needs of these chapter 11 cases, and are appropriate for each

Class entitled to vote on the Plan.

C.      Ballots need not be provided to the holders of (a) Claims in (i) Class 1

(Secured Claims), (ii) Class 2 (Priority Non-Tax Claims), and (iii) Class 4 (Property

Environmental Claims) because they are unimpaired and, therefore, conclusively presumed to

accept the Plan, and (b) interests in Class 6 (Equity Interests in MLC) because they will neither

receive nor retain any property on account of such interests under the Plan and, therefore, are

deemed to reject the Plan.

D.      The period, set forth below, during which the Debtors may solicit

acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to

make an informed decision whether to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or

reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting

process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures for transmitting the documents and information required

by Bankruptcy Rule 3017(d) to the record holders and beneficial owners of debt securities with

respect to the Note Claims (as defined below), the Eurobond Claims (as defined below), and the

Nova Scotia Guarantee Claims (as defined below), and the holders of Equity Interests are

adequate and appropriate.

G.       Transmittal of Notice Packages to any holders of Eurobond Claims and/or

Nova Scotia Guarantee Claims held exclusively through Euroclear Bank ("**Euroclear**") and

Clearstream Bank ("**Clearstream**") shall be deemed good, adequate, and sufficient notice if they

are delivered by electronic transmission on or before the Solicitation Date (as hereinafter

defined) to Euroclear and Clearstream.

H.       The procedures set forth below regarding notice to all parties in interest of

the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation**

**Hearing**") and the filing of objections thereto, and the distribution and contents of the Notice

Packages, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all

interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

1.       The Motion is granted as provided herein.

2.       The Disclosure Statement is approved.

3.       The form and manner of notice of the time set for filing objections to, and

the hearing to consider approval of, the Disclosure Statement as described in the Motion and

reflected in the Affidavit of Service by Barbara Kelley Keane (ECF No. 7123) and the Notice of

Certification of Publication (ECF No. 7239), was proper, adequate, and sufficient notice thereof.

4.       The Ballots, the Master Ballots, and the Asbestos Master Ballots, as

appropriate, are to be distributed to the holders of Claims in Class 3 (General Unsecured Claims)

and Class 5 (Asbestos Personal Injury Claims) under the Plan, which Classes are entitled to vote

to accept or reject the Plan.

5.      December 7, 2010 shall be the Record Date for purposes of determining who is entitled to (i) vote on the Plan, (ii) receive a Notice of Non-Voting Status, and (iii) receive the Confirmation Hearing Notice.

6.      For the purpose of the Record Date, no transfer of Claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date and (ii) no timely objection with respect to such transfer was filed by the transferor.

7.      With respect to the Ballots to be distributed to holders of General Unsecured Claims arising under or in connection with (i) any Indenture (as defined in the Plan) and the respective notes, bonds, or debentures issued thereunder (the "**Note Claims**"), (ii) the respective notes, bonds, or debentures issued under (a) that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. and (b) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse (the "**Eurobond Claims**"), or (iii) the notes, bonds, or debentures issued under that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among General Motors Nova Scotia Finance Company, General Motors Corporation, Deutsche Bank Luxembourg S.A., and Banque Générale du Luxembourg S.A. (the "**Nova Scotia Guarantee Claims**"), the Debtors are authorized to send appropriate Ballots to record holders and beneficial owners of such Note Claims, Eurobond Claims, and Nova Scotia Guarantee Claims, including, without limitation, Euroclear, Clearstream, brokers, banks, dealers, or other agents or nominees (collectively, the "**Master Ballot Agents**"), and each Master Ballot Agent shall be entitled to receive reasonably sufficient copies of Ballots and Notice Packages to distribute to the record holders and/or the

beneficial owners of the Note Claims, the Eurobond Claims, and/or the Nova Scotia Guarantee

Claims, as applicable, for whom such Master Ballot Agent holds such Note Claims, Eurobond

Claims, and/or Nova Scotia Guarantee Claims; *provided, however*, that on account of the

Eurobond Claims and the Nova Scotia Guarantee Claims, service of the appropriate Ballots and

other solicitation materials on Euroclear and Clearstream via electronic transmission shall be

deemed proper and sufficient notice.  The Debtors shall be responsible for each Master Ballot

Agent's reasonable costs and expenses associated with the distribution of copies of Ballots and

appropriate Notice Packages to the record holders and/or the beneficial owners of such Note

Claims, Eurobond Claims, and/or Nova Scotia Guarantee Claims, as applicable, and the

tabulation of the Ballots.

8.      Each Master Ballot Agent shall either (i) forward the appropriate Notice

Package together with the Beneficial Owner Ballot to each record holder and/or beneficial owner

of the Note Claims, the Eurobond Claims, and/or the Nova Scotia Guarantee Claims, as

applicable, entitled to vote on the Plan for voting and include a return envelope provided by and

addressed to the Master Ballot Agent, so that the beneficial owner may return the completed

Beneficial Owner Ballot to the Master Ballot Agent by a date calculated by the Master Ballot

Agent to allow it to prepare and return the Master Ballot to Epiq Bankruptcy Solutions, LLC, the

Debtors' debt instruments voting agent (the "**DIVA**"), so that the Master Ballot is actually

received by the DIVA by the Voting Deadline, or (ii) "prevalidate" the Beneficial Owner Ballots

contained in the Notice Package by, inter alia, (a) indicating thereon the name and address of the

record holder of the Note Claim, the Eurobond Claim, or the Nova Scotia Guarantee Claim, as

applicable, to be voted, the amount of the Note Claim, the Eurobond Claim, or the Nova Scotia

Guarantee Claim, as applicable, held by the beneficial owner as of the Record Date, and the

appropriate account numbers through which the beneficial owner's holdings are derived and (b)

executing the beneficial owner's Beneficial Owner Ballot, and then forwarding the Notice

Package to the beneficial owner of the Note Claim, the Eurobond Claim, or the Nova Scotia

Guarantee Claim, as applicable, for voting within seven (7) business days after the receipt by

such Master Ballot Agent of the Notice Package, with the beneficial owner then returning the

Beneficial Owner Ballot directly to the DIVA in the return envelope to be provided in the Notice

Package by the Voting Deadline.

9.      The Master Ballot Agents shall complete the Master Ballots according to

the instructions set forth in the Master Ballots.

10.      With respect to a proof of claim filed by an attorney that asserts one or

more Asbestos Personal Injury Claims in Class 5, the following voting procedures shall apply:

(i)      the applicable Notice Package shall be sent to such attorney, and Notice Packages shall not be sent to the individual claimants set forth in such proof of claim;

(ii)      an attorney who receives a Notice Package as provided in the preceding clause shall have the authority to cast a Ballot for each holder of an Asbestos Personal Injury Claim set forth in the applicable proof of claim, subject to such attorney's certifying on the Master Ballot that he or she has the authority to do so. Any such attorney shall have the responsibility to furnish to his or her client(s) a copy of the Notice Package to the extent such attorney believes it is necessary or required, and the Debtors shall have no responsibility to do so;

(iii)      an attorney who has the authority to cast Ballots as provided in the preceding clause shall submit an Asbestos Master Ballot substantially in the form annexed hereto as Exhibit "A" by the Voting Deadline in accordance with the following procedures:

(a)      the Asbestos Master Ballot shall contain a certification to be completed by the attorney preparing and signing it pursuant to which the attorney will certify that he or she has the

authority to cast a Ballot on the Plan on behalf of the holders of Asbestos Personal Injury Claims listed on the Exhibit attached to the Asbestos Master Ballot.  If the attorney cannot make such certification on behalf of any claimant, neither the attorney nor the claimant may vote on the Plan unless the claimant receives a Ballot in connection with another proof of claim filed by or on behalf of such claimant;

(b)     each attorney shall prepare a summary sheet which shall be attached as an exhibit to the Asbestos Master Ballot and which shall list each individual holder of an Asbestos Personal Injury Claim set forth in the applicable proof of claim on behalf of whom the attorney has the authority to vote and is voting on the Plan and whether such claimant votes to accept or reject the Plan;

(c)     the completed Asbestos Master Ballot and the summary sheet attached as an exhibit thereto must be returned to the Voting Agent by the Voting Deadline.

11.     All Ballots, Master Ballots, and Asbestos Master Ballots must be properly executed, completed, and delivered to the Voting Agent or the DIVA, as applicable, at the following addresses, so as to be received no later than  February 11, 2011 at 5:00 p.m. (Eastern Time) (the "**Voting Deadline**"), unless such time is extended by the Debtors.

The Voting Agent's address is:

| If by overnight or hand delivery: | If by standard mailing: |
| --- | --- |
| The Garden City Group, Inc.<br>5151 Blazer Parkway, Suite A<br>Dublin, OH 43017<br>Attn:  Motors Liquidation Company<br>Balloting Center | The Garden City Group, Inc.<br>P.O. Box 9386<br>Dublin, OH 43017-4286<br>Attn:  Motors Liquidation Company<br>Balloting Center |

The DIVA's address is:

| If by overnight or hand delivery: | If by standard mailing: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Motors Liquidation Company Ballot Processing<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 | Epiq Bankruptcy Solutions, LLC<br>Attn: Motors Liquidation Company Ballot Processing<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 |

12.     On or before the Solicitation Date, the Debtors shall distribute (i) a Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed hereto as **Exhibit "B,"** and (ii) the Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit "C,"** to the holders of Claims in Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), and Class 4 (Property Environmental Claims) as of the close of business on the Record Date, which Classes are unimpaired and, therefore, deemed to accept the Plan.

13.     On or before the Solicitation Date, the Debtors shall distribute (i) a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as **Exhibit "D,"** and (ii) the Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit "C,"** to the holders of the Debtors' publicly-traded stock as reflected in the records maintained by the Debtors' transfer agent(s) as of the close of business on the Record Date, which include, without limitation the brokers, dealers, commercial banks, trust companies, or other nominees (collectively, the "**Nominee Stockholders**") through which the beneficial owners (collectively, the "**Beneficial Stockholders**") hold stock, and each Nominee Stockholder shall be entitled to receive reasonably sufficient copies of the Notice of Non-Voting Status – Impaired Class and the Confirmation Hearing Notice to distribute to the Beneficial Stockholders for whom such Nominee Stockholders hold stock, and the Debtors shall be responsible for each such Nominee Stockholders' reasonable costs and expenses associated with the distribution of such items.

14.     The Notice of Non-Voting Status – Unimpaired Classes and the Notice of Non-Voting Status – Impaired Class satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and, therefore, the Debtors are not required to distribute copies of the Plan and the Disclosure Statement to any holder of (i) a Claim in (a) Class 1 (Secured Claims), (b) Class 2 (Priority Non-Tax Claims), or (c) Class 4 (Property Environmental Claims); and (ii) an interest in Class 6 (Equity Interests  in MLC), unless such party otherwise makes a request in writing to the Debtors for copies of the Plan or the Disclosure Statement.

15.     The Nominee Stockholders shall distribute the Notice of Non-Voting Status – Impaired Class and the Confirmation Hearing Notice to the Beneficial Stockholders within seven (7) days of receipt of such notices from the Debtors.

16.     Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan (excluding a Note Claim, a Eurobond Claim, or a Nova Scotia Guarantee Claim) is to be temporarily allowed in an amount equal to the liquidated amount of such Claim (if any) as set forth in a timely filed proof of claim, unless such Claim is disputed in the manner set forth in subparagraph 16(f) below or, if no proof of claim was filed, the amount of such Claim as set forth in the Debtor's schedules of liabilities, dated September 15, 2009 and October 15, 2009, as applicable (collectively, and as amended, the "**Schedules**"); *provided, however*, that:

(a)     If a Claim is deemed Allowed (as defined in the Plan), pursuant to the Plan, such Claim shall be allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)    If a Claim for which a proof of claim has been timely filed was filed in an unliquidated amount, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed as set forth in subparagraph 16(f) below; *provided, however*, that if such Claim has been partially liquidated, such Claim shall be allowed, for voting purposes only, in an amount equal to the liquidated portion of such Claim;

(c)    Each Asbestos Personal Injury Claim in Class 5 shall be allowed at $1.00 for voting purposes only, and not for purposes of allowance or distribution, notwithstanding any contrary amount stated in the applicable proof of claim or the Schedules;

(d)    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution unless otherwise provided by order of the Court;

(e)    If a Claim is listed in the Schedules as contingent, unliquidated, or disputed, and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f)    If the Debtors or any other party in interest served an objection to, or request for estimation of, a Claim at least ten (10) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(g)    For purposes of voting, classification, and treatment under the Plan, each holder of a Claim that holds or has filed more than one (1) Claim (including more than one Note Claim, Eurobond Claim, or Nova Scotia Guarantee Claim) shall be treated as if such holder has only one (1) claim in each applicable Class; the Claims filed by such holder shall be aggregated in each applicable Class; and the total dollar amount of such holder's Claims in each applicable Class shall be the sum of the aggregated Claims of such holder in each applicable Class;

(h)    If a holder of a Claim entitled to vote has Claims against multiple Debtors (either scheduled, filed, or both) based on the same transaction (e.g., a Claim against Debtor "A" that was guaranteed by Debtor "B"),

the holder shall receive only one Ballot in the amount of the primary obligation;

(i)     A beneficial holder that has filed a proof of claim on account of its Note Claim, Eurobond Claim, or Nova Scotia Guarantee Claim shall not be entitled to vote on account of such filed proof of claim; *provided, however*, that such holder shall be entitled to receive a Notice Package and vote in accordance with the procedures set forth herein provided such holder is a holder as of the Record Date;

(j)     Notwithstanding anything contained herein to the contrary, the Voting Agent or the DIVA, as applicable, in their discretion, may contact voters to cure any defects in the Ballots, the Master Ballots, or the Asbestos Master Ballots and is authorized to cure such defects;

(k)     If a Claim is filed in the amount of $0.00, such Claim shall not be entitled to vote; and

(l)     If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain under to the Plan, such Claim shall be entitled to vote in the amount of $1.00.

17.     If a holder of a Claim seeks to challenge the allowance (or disallowance) of its Claim for voting purposes in accordance with the above procedures, such holder is directed to serve on the Debtors and file with the Court (with a copy to Chambers) on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan.

18.     If a holder of a Claim files a motion pursuant to Bankruptcy Rule 3018(a), such holder's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an order entered at least five (5) days prior to the Voting Deadline.

19.     Any Ballot that is properly completed, executed, and timely returned to the Voting Agent or the DIVA, as applicable, but does not indicate an acceptance or rejection of

the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted as either an acceptance or rejection of the Plan.

20.    If more than one timely, properly completed Ballot, Master Ballot, or Asbestos Master Ballot is received, only the Ballot, Master Ballot, or Asbestos Master Ballot that bears the earliest date shall be counted, unless the holder of the Claim receives Court approval to have the Ballot, the Master Ballot, or the Asbestos Master Ballot that bears the latest date counted.

21.    Holders of Claims must vote all of their Claims within a particular Class under the Plan, whether or not such Claims are asserted against the same or multiple Debtors, either to accept or reject the Plan and may not split their vote(s), and, therefore, a Ballot that partially accepts and partially rejects the Plan shall not be counted.

22.    The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected:  (i) any Ballot received after the Voting Deadline unless the Debtors, on notice to the Creditors' Committee, granted an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot that is cast for a Claim identified in the Schedules as contingent, unliquidated, or disputed for which no proof of claim was timely filed; (v) any Ballot that is unsigned or without an original signature; and (vi) any Ballot transmitted to the Voting Agent or the DIVA, as applicable, by facsimile, electronic transmission, or other electronic means.

23.    With respect to the tabulation of Ballots cast by beneficial owners of debt securities with respect to Note Claims, Eurobond Claims, and/or Nova Scotia Guarantee Claims

and Master Ballots cast by Master Ballot Agents, for purposes of voting, the amount that will be used to tabulate votes to accept or reject the Plan shall be the principal amount held as of the Record Date (the "**Record Amount**").  Additionally,

(a)      Votes cast by beneficial owners through a Master Ballot Agent shall be applied against the positions held by such entities in the applicable debt security as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, shall not be counted in excess of the Record Amount of such securities held by such Master Ballot Agent; *provided, however*, that the DIVA may adjust such Record Amount to reflect the Claim amount, including prepetition interest;

(b)      To the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or prevalidated Ballots, the DIVA shall attempt to reconcile discrepancies with the Master Ballot Agent;

(c)      To the extent that "overvotes" on a Master Ballot or prevalidated Ballots are not reconcilable prior to the preparation by the DIVA of the vote certification, the DIVA shall apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or prevalidated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable security;

(d)      Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the DIVA.  Votes reflected by Multiple Master Ballots shall be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the Master Ballot that bears the earliest date shall be counted unless the Master Ballot Agent receives Court approval to have the Master Ballot that bears the latest date counted; and

(e)      For the purpose of tabulating votes, each record holder or beneficial owner shall be deemed to have voted the principal amount of its Note Claim, Eurobond Claim, and/or Nova Scotia Guarantee Claim, as applicable, although the DIVA may be asked to adjust such principal amount to reflect the Claim amount, including prepetition interest.

24.    The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot, Master Ballot, or Asbestos Master Ballot at any time, either before or after the Voting Deadline; *provided, however,* that (i) any such waivers shall be documented in the vote certification filed by the Voting Agent or the DIVA, as applicable, and (ii) neither the Debtors, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the vote certification, nor will any of them incur any liability for failure to provide such notification.

25.    The Confirmation Hearing will be held on March 3, 2011 at 9:45 a.m. (Eastern Time); *provided, however*, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

26.    Any objections to confirmation of the Plan must:

(a)    be in writing,

(b)    state the name and address of the objecting party and the amount and nature of the Claim or interest of such party,

(c)    state with particularity the basis and nature of any objection,

(d)    conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Court,

(e)    be filed with the Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, to the extent applicable, and

(f)    be served in accordance with General Order M-399 no later than February 11, 2011 at 4:00 p.m. (Eastern Time), on the following parties:

(i)     Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
        Avenue, New York, New York 10153 (Attn: Harvey R. Miller,
        Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

(ii)    the Debtors, c/o Motors Liquidation Company, 401 South Old
        Woodward Avenue, Suite 370, Birmingham, Michigan  48009
        (Attn: Thomas Morrow);

(iii)   General Motors, LLC, 400 Renaissance Center, Detroit, Michigan
        48265 (Attn: Lawrence S. Buonomo, Esq.);

(iv)    Cadwalader, Wickersham & Taft LLP, attorneys for the United
        States Department of the Treasury, One World Financial Center,
        New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

(v)     the United States Department of the Treasury, 1500 Pennsylvania
        Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph
        Samarias, Esq.);

(vi)    Vedder Price, P.C., attorneys for Export Development Canada,
        1633 Broadway, 47th Floor, New York, New York 10019 (Attn:
        Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii)   Kramer Levin Naftalis & Frankel LLP, attorneys for Creditors'
        Committee, 1177 Avenue of the Americas, New York, New York
        10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq.,
        Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii)  the Office of the United States Trustee, 33 Whitehall Street, 21st
        Floor, New York, New York 10004 (Attn: Tracy Hope Davis,
        Esq.);

(ix)    the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third
        Floor, New York, New York 10007 (Attn: David S. Jones, Esq.
        and Natalie Kuehler, Esq.);

(x)     Caplin & Drysdale, Chartered, attorneys for the Asbestos
        Claimants' Committee, 375 Park Avenue, 35th Floor, New York,
        New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C.
        Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,
        Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and
        Kevin C. Maclay, Esq.); and

(xi)    Stutzman, Bromberg, Esserman & Plifka, A Professional
        Corporation, attorneys for Dean M. Trafelet in his capacity as the
        Future Claimants' Representative, 2323 Bryan Street, Suite 2200,

           Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.).

27.      Objections to confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

28.      The Debtors are authorized to file responsive pleadings to any objection to confirmation of the Plan by no later than February 22, 2011 at 4:00 p.m. (Eastern Time).

29.      The Confirmation Hearing Notice substantially in the form annexed hereto as **Exhibit "C,"** is approved.

30.      On or before December 28, 2010 (the "**Solicitation Date**"), the Debtors shall mail or caused to be mailed the Notice Packages as follows:

      (i)      With respect to holders of Claims in Class 3 (General Unsecured Claims) and Claims in Class 5 (Asbestos Personal Injury Claims):

            (i)      a copy of this Order (without any exhibits);

            (ii)      the Confirmation Hearing Notice;

            (iii)      the Disclosure Statement (with the Plan annexed thereto);

            (iv)      copies of any letter(s) recommending acceptance of the Plan; and

            (v)      an appropriate form of Ballot, Master Ballot, or Asbestos Master Ballot, and appropriate return envelope.[3]

      (ii)      With respect to holders of Claims or Equity Interests that are unimpaired or impaired and not entitled to vote on the Plan:

            (i)      the Confirmation Hearing Notice; and

---

[3] Consistent with securities industry practice in bankruptcy solicitations, Master Ballots will be distributed to Master Ballot Agents approximately seven (7) days after the initial distribution of Notice Packages to the Master Ballot Agents.

(ii)    a Notice of Non-Voting Status – Unimpaired Class or a Notice of Non-Voting Status – Impaired Class, as applicable.[4]

31.    On or before the Solicitation Date, the Debtors shall mail or cause to be mailed a copy of this Order (without exhibits), the Confirmation Hearing Notice, and the Disclosure Statement (with the Plan annexed thereto) to (a) the attorneys for the Creditors' Committee, (b) the attorneys for the Asbestos Claimants' Committee, (c) the attorneys for the Future Claimants' Representative, (d) the Office of the United States Trustee, (e) the Securities and Exchange Commission, (f) the Internal Revenue Service, (g) the United States Department of Justice, (h) the United States Department of the Treasury, and (i) the Pension Benefit Guaranty Corporation.

32.    On or before the Solicitation Date, the Debtors shall mail or cause to be mailed a copy of the Confirmation Hearing Notice (to the extent not already provided in a Notice Package) to:

(a)    all Notice Parties;[5]

---

[4] Copies of materials contained in the Notice Packages (excluding the Confirmation Hearing Notice and Ballots) may be provided on CD-ROM at the Debtors' discretion; *provided, however*, that any party may request to receive paper copies of such materials from the Voting Agent or the DIVA at no cost to such party.

[5] The Notice Parties for purposes hereof include:  (i) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor,

(b)      all holders of Claims that filed proofs of claim on or before the date of the initial Disclosure Statement Hearing (October 21, 2010), except to the extent their respective Claim was withdrawn, paid pursuant to, or expunged by, prior order of the Court;

(c)      all holders of Claims listed in the Debtors' Schedules as holding noncontingent, liquidated, and undisputed claims in an amount greater than $0.00;

(d)      the transfer agent(s) and the registered and record holders of the Debtors' debt and equity securities as of the Record Date;

(e)      all other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases prior to the Record Date; and

(f)      any other known holders of Claims against or Equity Interests in the Debtors.

33.      Pursuant to section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of Claims in Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), or Class 4 (Property Environmental Claims), which Classes are deemed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, shall not include a Ballot.

34.      Pursuant to section 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of interests in Class 6 (Equity Interests in MLC), which Class is conclusively deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, shall not include a Ballot.

---

New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (viii) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (ix) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (x) the Securities and Exchange Commission; (xi) all known holders of claims listed on the Debtors' schedules at the addresses stated therein (as amended or supplemented from time to time); and (xii) the Internal Revenue Service.

35.      The Debtors shall not be required to distribute copies of the Plan and the Disclosure Statement to (i) any holder of an unimpaired Claim or (ii) any party to an executory contract who holds a Claim that is not allowed, filed, or listed in the Schedules, or who holds a claim that is listed in the Schedules as contingent, unliquidated or disputed, unless such party makes a specific request in writing to the Debtors.

36.      The Debtors shall not be required to send Notice Packages or any other notice to holders of Claims that have already been paid in full; *provided, however*, that to the extent that any such holder would be entitled to receive a Notice Package or any other notice for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such holder shall be sent a notice in accordance with the procedures set forth herein.

37.      Creditors who have filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Class are required to receive only one Notice Package and the appropriate number of Ballots (if applicable) for voting their Claims with respect to that Class.

38.      The Debtors shall publish the Confirmation Hearing Notice on one occasion not less than twenty-eight (28) days before the time fixed for filing objections to confirmation of the Plan in each of:  *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe and Mail* (National), and *The National Post*.  Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by the Voting Agent www.motorsliquidationdocket.com.

39.      To the extent that any notices in these chapter 11 cases have been returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing

Notice Packages or other notice to those entities unless the Debtors are provided with accurate

addresses for such entities at least twenty (20) days before the Confirmation Hearing.  Failure to

mail Notice Packages to such entities will neither constitute inadequate notice of the

Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

40.     The Debtors are authorized to take or refrain from taking any action

necessary or appropriate to implement the terms of and the relief granted in this Order without

seeking further order of the Court.

41.     The Debtors are authorized to make nonsubstantive and nonmaterial

changes to the Disclosure Statement, the Plan, and related documents without further order of the

Court, including, without limitation, changes to correct typographical and grammatical errors and

to make conforming changes in the Disclosure Statement, the Plan, and any other materials in the

Notice Packages prior to their mailing, as applicable.

42.     The notice to be provided pursuant to the procedures set forth herein is

good and sufficient notice to all parties in interest and no other for further notice need be

provided.

43.     The Debtors may include in the Confirmation Hearing Notice to be

published as provided in paragraph 38 above, notice of a bar date for filing claims for costs and

expenses of administration as described at the Hearing on December 7, 2010.

44.    This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
         December *8*, 2010


                                          ***Robert E. Gerber***
                                          United States Bankruptcy Judge

## Exhibit A

**Ballots**

**<u>Exhibit B</u>**

**Notice of Non-Voting Status – Unimpaired Classes**

**<u>Exhibit C</u>**

**Confirmation Hearing Notice**

**<u>Exhibit D</u>**

**Notice of Non-Voting Status – Impaired Class**