Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                   :
In re                              :    Chapter 11 Case No.
                                   :
MOTORS LIQUIDATION COMPANY, et al.,:    09-50026 (REG)
     f/k/a General Motors Corp., et al.  :
                                   :
                    Debtors.       :    (Jointly Administered)
                                   :
------------------------------------------------------------x
```

DEBTORS' EX PARTE MOTION FOR A CONSENT ORDER
PURSUANT TO SECTION 503(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE
FOR FILING REQUESTS FOR PAYMENT OF CERTAIN
ADMINISTRATIVE EXPENSES AND PROCEDURES RELATING
THERETO AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

# TABLE OF CONTENTS

**Page**

Relief Requested .................................................................................................................... 1

Jurisdiction ............................................................................................................................ 2

Background ............................................................................................................................ 2

Fixing the Administrative Bar Date at this Time Is Justified ........................................................ 3

Fixing the Administrative Bar Date on an Ex Parte Basis Is Warranted ....................................... 4

The Proposed Procedures for Filing Administrative Proofs of Claim ........................................... 4

Consequences of Failure to File an Administrative Proof of Claim .............................................. 6

The Proposed Procedures for Serving Notice of the Administrative Bar Date ............................. 6

The Administrative Bar Date Notice ......................................................................................... 8

The Notice Procedures Are Reasonably Calculated to Provide Due and Proper Notice ............... 9

Objections to Claims and Reservation of Rights ...................................................................... 10

Notice ................................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL STATUTES

11 U.S.C. § 503(a) ............................................................................................1, 3

11 U.S.C. § 503(b) ............................................................................................2

11 U.S.C. § 503(b)(9) ......................................................................................3

11 U.S.C. § 507(a)(2) .......................................................................................2

11 U.S.C. § 1129(a)(9)(A) ...............................................................................3

28 U.S.C. § 157.................................................................................................2

28 U.S.C. § 157(b) ...........................................................................................2

28 U.S.C. § 1334...............................................................................................2

### FEDERAL RULES

Fed. R. Bankr. P. 2002(a)(7)............................................................................6, 9

Fed. R. Bankr. P. 2002(f).................................................................................6

Fed. R. Bankr. P. 2002(l).................................................................................6, 7

Fed. R. Bankr. P. 2002(p)(2)...........................................................................9

Fed. R. Bankr. P. 3003(c)(3)............................................................................1

Fed. R. Bankr. P. 3003(c) ................................................................................3

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

### **Relief Requested**

1.      By this ex parte Motion,[1] the Debtors request that, pursuant to section

503(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3003(c)(3) of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Court:

(a)     establish the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses (an "**Administrative Proof of Claim**") against the Debtors on or before (i) **February 14, 2011** at **5:00 p.m. (Eastern Time),** or such other date as this Court directs, with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) **the date that is thirty (30) days after the Effective Date** (as defined in the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (ECF No. 8015), as may be amended from time to time (the "**Plan**")) at **5:00 p.m. (Eastern Time)** with respect to administrative expenses arising between February 1, 2011 and the Effective Date (together, the "**Administrative Bar Date**");

(b)     approve the proposed model Administrative Proof of Claim form (the "**Administrative Proof of Claim Form**") attached as **Annex** "**I**" to the proposed order (the "**Proposed Order**") annexed hereto as **Exhibit** "**A**";

(c)     approve the proposed procedures for filing Administrative Proofs of Claim; and

(d)     approve the proposed procedures for notice of the Administrative Bar Date, including, among other things, the form of notice substantially in the form attached as **Annex** "**II**" to the Proposed Order (the "**Administrative Bar Date Notice**").

---

[1]      As this Court is aware, the Debtors have informed the Court that they would be filing this Motion and, although no notice is being provided to other parties in interest, the Debtors have consulted with the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") who fully support the Debtors' efforts in this respect and have consented to the entry of the proposed order annexed hereto.

**Jurisdiction**

2.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.        On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity, including

governmental units, to file a proof of claim against four of the Debtors[2] (the "**Initial Debtors'**

**Bar Date**").  On December 18, 2009, this Court entered an order (ECF No. 4681) establishing

February 10, 2010 as the deadline for entities residing adjacent to or in the proximity of certain

Initial Debtors' properties to file a proof of claim with respect to their person or real property

arising from being located adjacent to or in the proximity of such properties (the "**Property Bar**

**Date**").  On December 2, 2009 this Court entered an order (ECF No. 4586) establishing February

1, 2010 as the deadline for each person or entity to file a proof of claim against the two later filed

Debtors[3] (collectively, the "**REALM/ENCORE Debtors**") in these chapter 11 cases; and April

16, 2010 as the deadline for governmental units to file a proof of claim against the

REALM/ENCORE Debtors (the "**REALM/ENCORE Bar Date**," and the orders approving the

REALM/ENCORE Bar Date, Initial Debtors' Bar Date and Property Bar Date, collectively, the

"**Bar Date Orders**").

4.        The Bar Date Orders established deadlines with respect to only prepetition

claims.  The Bar Date Orders specifically provide that, among other things, "any holder of a

claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an

---

[2]        The four Debtors are (i) Motors Liquidation Company, (ii) MLCS, LLC (f/k/a Saturn, LLC), (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and (iv) MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**").

[3]        The two Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

administrative expense (other than a holder of a 503(b)(9) Claim)" is not required to file a proof

of claim by the deadlines specified therein.  Thus, no deadline currently exists for the assertion of

claims for administrative expenses other than those claims under section 503(b)(9) of the

Bankruptcy Code that are the subject of prior imposed deadlines under the Bar Date Orders and

other prior orders of this Court.

### Fixing the Administrative Bar Date at this Time Is Justified

5.    Section 503(a) of the Bankruptcy Code provides that "[a]n entity may

*timely* file a request for payment of an administrative expense, or may tardily file such request if

permitted by the court for cause."  11 U.S.C. § 503(a) (emphasis added).  An inference can be

drawn from section 503(a) that a deadline should be established for filing claims for

administrative expenses to enable a debtor and its creditors to know which persons or entities are

asserting  administrative priority and what amounts are required to satisfy such claims.

Significantly, the Bankruptcy Code requires payment of claims for administrative expenses in

full, in cash, on the effective date of a chapter 11 plan unless the holder of such claim agrees to a

different treatment.  11 U.S.C. § 1129(a)(9)(A).  Furthermore, Bankruptcy Rule 3003(c) provides

that the Court shall fix the time within which proofs of claim must be filed.

6.    The circumstances of the Debtors' chapter 11 cases justify the setting of

the Administrative Bar Date at this time.  The Debtors are now ready to commence solicitation

of acceptances of their Plan.  As the Plan is one of liquidation, it is critical to value the universe

of administrative expenses with finality before making distributions to holders of general

unsecured claims.  Since it is in the best interest of all creditors that distributions be made as

soon as possible after confirmation of the Plan, it is imperative that that the Debtors have a

precise and early understanding of the administrative expenses that must be satisfied.

Additionally, the Debtors believe they can achieve administrative cost savings if they are able to

wind down the claims for administrative expenses reconciliation process in as timely a fashion as possible.  If a deadline to file claims for administrative expenses is not established, these cases may be unnecessarily protracted and the Debtors may be required to expend a considerable amount of funds and resources resolving such claims when the Debtors' efforts would be better directed towards liquidating the Debtors' remaining assets and making distributions to holders of allowed claims.

### Fixing the Administrative Bar Date on an Ex Parte Basis Is Warranted

7.    Within days, the Debtors intend to begin mailing the confirmation hearing notice to over two million parties in interest.  As explained below, as part of the proposed procedures for providing notice of the Administrative Bar Date, the Debtors would include, as part of their mailings of the confirmation hearing notice the Notice of the Administrative Bar Date (without the corresponding proof of claim form).  Additionally, the proposed procedures would authorize the Debtors to combine the notice by publication of the Administrative Bar Date with notice by publication of the hearing to consider confirmation of the Plan.  The Debtors believe that by implementing these procedures for providing notice of the Administrative Bar Date, which would require prompt consideration and approval of the relief requested herein, the Debtors will ultimately be able to save several hundreds of thousands of dollars compared to separately noticing the Administrative Bar Date.

### The Proposed Procedures for Filing Administrative Proofs of Claim

8.    The Debtors propose the following procedures for filing Administrative Proofs of Claim:

(a)    Administrative Proofs of Claim against the Debtors must:  (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the Administrative Proof of Claim Form, which can be obtained from the following website: www.motorsliquidationdocket.com, or by calling +1 (703) 286-6401;

(iv) specify the Debtor against which the Administrative Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(b)     Administrative Proofs of Claim shall be deemed timely filed only if **actually received** by the Debtors' Court-approved claims agent, The Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the Administrative Bar Date, at the following address (whichever is applicable):

If by hand delivery or overnight courier:

>           The Garden City Group, Inc.
>           Attn: Motors Liquidation Company Claims Processing
>           5151 Blazer Parkway, Suite A
>           Dublin, Ohio 43017

If by first-class mail:

>           The Garden City Group, Inc.
>           Attn: Motors Liquidation Company
>           P.O. Box 9386
>           Dublin, Ohio 43017-4286

OR

If by hand delivery:

>           United States Bankruptcy Court, SDNY
>           One Bowling Green
>           Room 534
>           New York, New York 10004

(c)     Administrative Proofs of Claim sent by facsimile, telecopy, or electronic transmission **will not** be accepted.

(d)     The following persons or entities are **not** required to file an Administrative Proof of Claim on or before the Administrative Bar Date with respect to the claims described below:

1.      any person or entity that holds a claim for administrative expenses that has been allowed by an order of this Court entered on or before the Administrative Bar Date;

2.    any holder of a claim for administrative expenses for which a separate deadline is fixed by this Court;

3.    any person or entity whose claim for administrative expenses has been paid or otherwise satisfied in full by any of the Debtors;

4.    any Debtor, or affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor, having a claim for administrative expenses against another Debtor or any affiliate of another Debtor;

5.    any person or entity who is a professional retained by any of the Debtors, the Creditors' Committee, the official committee of unsecured creditors holding asbestos-related claims, and the legal representative for future asbestos personal injury claimants appointed in these chapter 11 cases;

6.    any holder of a claim for administrative expenses who has already properly filed an Administrative Proof of Claim with the Clerk of the Court or GCG against any of the Debtors; and

7.    any holder of a claim for administrative expenses that will be deemed allowed pursuant to the express terms of the Plan.

## Consequences of Failure to File an Administrative Proof of Claim

9.    The Debtors request that any holder of a claim for administrative expenses that is required to file an Administrative Proof of Claim in the form and manner specified herein, but fails to do so on or before the Administrative Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors and their property (or filing any proof of claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

## The Proposed Procedures for Serving Notice of the Administrative Bar Date

10.    Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtors propose to provide notice of the Administrative Bar Date in accordance with the following procedures:

(a)    By no later than December 28, 2010, the Debtors shall cause to be mailed an Administrative Bar Date Notice to all parties in interest that will

receive a confirmation hearing notice, as provided in the order approving the disclosure statement for the Plan;

(b)     By no later than December 28, 2010, to the extent such parties would not otherwise receive an Administrative Bar Date Notice under the preceding paragraph, the Debtors shall cause to be mailed an Administrative Bar Date Notice to the following parties (the "**Notice Parties**"):

     1.     the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

     2.     counsel to each official committee;

     3.     all parties known to the Debtors as having a claim for administrative expenses against any of the Debtors' estates;

     4.     all counterparties to any of the Debtors' executory contracts and unexpired leases that have not been assumed by the Debtors and assigned to General Motors LLC ("**New GM**") pursuant to the Master Sale and Purchase Agreement, dated June 26, 2009, as amended from time to time, by and among the Debtors and New GM;

     5.     the United States Department of Treasury, the United States Attorney's Office for the Southern District of New York, and all applicable governmental entities;

     6.     Export Development of Canada; and

     7.     all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(c)     Within ten (10) days of the Effective Date, the Debtors will transmit notice to all the Notice Parties stating that all claims for administrative expenses arising between February 1, 2011 and the Effective Date must be timely and properly filed in accordance with these proposed procedures for filing Administrative Proofs of Claim;

(d)     The Debtors shall post the Administrative Proof of Claim Form and Administrative Bar Date Notice on the website established by GCG for the Debtors' cases: www.motorsliquidationdocket.com.

11.     The Debtors believe that it is appropriate to supplement notice of the

Administrative Bar Date by providing notice by publication consistent with Bankruptcy Rule

2002(l) ("The court may order notice by publication if it finds that notice by mail is

impracticable or that it is desirable to supplement the notice.").  Such notice is appropriate for (i) those holders of a claim for administrative expenses to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known holders of a claim for administrative expenses with addresses unknown by the Debtors; and (iii) claimants with potential claims for administrative expenses unknown by the Debtors.  Accordingly, the Debtors propose to publish notice of the Administrative Bar Date once in each of:  *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe and Mail* (National), and *The National Post*.  In sum, the Debtors propose to publish notice of the Administrative Bar Date once in conjunction with a notice by publication of the hearing to consider confirmation of the Plan, and again in conjunction with a notice by publication of the occurrence of the Effective Date.  The Debtors also request authority, in their sole discretion, to publish the Administrative Bar Date Notice in other newspapers, trade journals, or similar publications.

### The Administrative Bar Date Notice

12.    The proposed Administrative Bar Date Notice substantially conforms to the form annexed to the Second Amended Procedural Guidelines for Filing Requests for Bar Orders, established by the Board of Judges for the Southern District of New York on November 24, 2009 (M-386) (the "**Procedural Guidelines**").[4]  The Administrative Bar Date Notice notifies parties of:

(a)    the Administrative Bar Date;

(b)    who must file an Administrative Proof of Claim;

(c)    the procedure for filing an Administrative Proof of Claim;

---

[4]    While the Procedural Guidelines, by its terms, need not be complied with in requesting a deadline for filing administrative claims, the Debtors have attempted to incorporate aspects of the Procedural Guidelines wherever sensible.

(d)     the direct website where an Administrative Proof of Claim Form may be obtained and instructions on how an Administrative Proof of Claim Form should be completed, as well as the telephone number to dial to obtain a hardcopy of the same;

(e)     the consequences for failing to timely file an Administrative Proof of Claim; and

(f)     where parties can find further information.

**The Notice Procedures Are Reasonably Calculated to Provide Due and Proper Notice**

13.     Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one (21) days notice of a deadline to file proofs of claim.  Bankruptcy Rule 2002(p)(2) requires thirty (30) days notice to creditors with a foreign address.  Additionally, the Procedural Guidelines provide that, in most cases, creditors should have at least thirty-five days notice of a deadline to file proofs of claim.

14.     Assuming the Proposed Order is entered on December 9, 2010, GCG will have twenty (20) days, or until December 28, 2011, to complete the mailing of the Administrative Bar Date Notices.  As such, GCG's mailing would be completed over forty-five (45) days prior to February 14, 2010, which provides a longer notice period than is required under the Bankruptcy Code, Bankruptcy Rules, or Procedural Guidelines.  Accordingly, the Debtors submit that the proposed Administrative Bar Date and notice procedures provide sufficient time for all parties in interest, including foreign holders of a claim for administrative expenses, to assert their claims for administrative expenses.  Further, because the proposed procedure will provide notice to (a) the large universe of parties in interest that are eligible to vote on the plan or will receive notice of their non-voting status regarding the same, (b) known parties in interest to the extent they would not otherwise receive notice, and (c) any unknown parties in interest by publication, the Debtors submit that the proposed notice procedures are

reasonably calculated to provide notice to all parties, or their counsel, that may wish to assert a claim for administrative expenses in these chapter 11 cases.

15. Accordingly, the Debtors submit that no further or other notice of the Administrative Bar Date is necessary and that the proposed notice procedures provide due and proper notice of the Administrative Bar Date.

## Objections to Claims and Reservation of Rights

16. The Debtors reserve all rights and defenses with respect to any Administrative Proof of Claim. Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Administrative Bar Date must file proofs of claim against the Debtors or be forever barred from doing so.

17. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

18. As explained herein, the Debtors seek the relief requested in this Motion on an ex parte basis for the reason that, if the Debtors are unable to immediately obtain the relief requested herein, the Debtors will be forced to expend a staggering amount of funds and resources, potentially amounting to hundreds of thousands of dollars, to the disadvantage of all parties in interest. The Debtors have consulted with the Creditors' Committee, which fully supports the Debtors' efforts in providing notice of the Administrative Bar Date in the manner requested herein and who have consented to the entry of the Proposed Order. This Motion does not seek any substantive relief, and, therefore, proceeding in this manner is appropriate.

*[The Remainder of This Page Is Intentionally Left Blank]*

19.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just and appropriate.

Dated:  December 9, 2010
        New York, New York

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

CONSENTED TO BY:

/s/ Robert T. Schmidt
Thomas Moers Mayer
Robert T. Schmidt

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 310-8007

Attorneys for the Official Committee of
Unsecured Creditors

**<u>Exhibit A</u>**

**Administrative Bar Date Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                             :

In re                                :          **Chapter 11 Case No.**
                             :

**MOTORS LIQUIDATION COMPANY,** *et al.*,   :      **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*   :
                             :

                  **Debtors.**     :      **(Jointly Administered)**
                             :
------------------------------------------------------------x

**CONSENT ORDER PURSUANT TO SECTION 503(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING REQUESTS FOR PAYMENT
OF CERTAIN ADMINISTRATIVE EXPENSES AND PROCEDURES RELATING
THERETO AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the ex parte motion, dated December 9, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 503(a) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) to (a) establish the deadline for each person

or entity (including, without limitation, individuals, partnerships, corporations, joint ventures,

governmental entities, and trusts) to file a proof of claim for certain administrative expenses (an

"**Administrative Proof of Claim**") against the Debtors on or before (i) **February 14, 2011** at

**5:00 p.m. (Eastern Time),** or such other date as this Court directs, with respect to administrative

expenses arising between June 1, 2009 and January 31, 2011, and (ii) **the date that is thirty (30)**

**days after the Effective Date** at **5:00 p.m. (Eastern Time)** as the deadline with respect to

administrative expenses arising between February 1, 2011 and the Effective Date (together, the

"**Administrative Bar Date**"), and (b) approve the (i) proposed model Administrative Proof of

Claim form (the "**Administrative Proof of Claim Form**"), (ii) proposed procedures for filing

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Administrative Proofs of Claim, and (iii) proposed procedures for and the form of notice of the

Administrative Bar Dates (the "**Notice Procedures**"), all as more fully described in the Motion;

and due and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following procedures for filing Administrative Proofs of

Claim are approved:

(a)     Administrative Proofs of Claim against the Debtors must:  (i) be written in
the English language; (ii) be denominated in lawful currency of the United
States; (iii) conform substantially to the Administrative Proof of Claim
Form, which can be obtained from the following website:
www.motorsliquidationdocket.com, or by calling +1 (703) 286-6401;
(iv) specify the Debtor against which the Administrative Proof of Claim is
filed; (v) set forth with specificity the legal and factual basis for the
alleged claim; (vi) include supporting documentation or an explanation as
to why such documentation is not available; and (vii) be signed by the
claimant or, if the claimant is not an individual, by an authorized agent of
the claimant;

(b)     Administrative Proofs of Claim shall be deemed timely filed only if
**actually received** by the Debtors' court approved claims agent, The
Garden City Group, Inc. ("**GCG**"), or by the Court, on or before the
Administrative Bar Date, at –

If by hand delivery or overnight courier:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail:

>The Garden City Group, Inc.
>Attn: Motors Liquidation Company
>P.O. Box 9386
>Dublin, Ohio 43017-4286

OR

If by hand delivery:

>United States Bankruptcy Court, SDNY
>One Bowling Green
>Room 534
>New York, New York 10004

(c)     Administrative Proofs of Claim sent by facsimile, telecopy, or electronic transmission **will** **not** be accepted;

(d)     The following persons or entities are **not** required to file an Administrative Proof of Claim on or before the Administrative Bar Date, with respect to the claims described below:

1.     any person or entity that holds a claim for administrative expenses that has been allowed by an order of this Court entered on or before the Administrative Bar Date;

2.     any holder of a claim for administrative expenses for which a separate deadline is fixed by this Court;

3.     any person or entity whose claim for administrative expenses has been paid or otherwise satisfied in full by any of the Debtors;

4.     any Debtor, or affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor, having a claim for administrative expenses against another Debtor or any affiliate of another Debtor;

5.     any person or entity who is a professional retained by any of the Debtors, the Creditors' Committee, the official committee of unsecured creditors holding asbestos-related claims, and the legal representative for future asbestos personal injury claimants appointed in these chapter 11 cases;

6.     any holder of an administrative claim who has already properly filed an Administrative Proof of Claim with the Clerk of the Court or GCG against any of the Debtors, utilizing a claim form which substantially conforms to the Administrative Proof of Claim Form; and

7.    any holder of a claim for administrative expenses that will be deemed allowed pursuant to the express terms of the Plan;

and it is further

ORDERED that any holder of a claim for administrative expenses against the Debtors that is required but fails to file an Administrative Proof of Claim in accordance with this Administrative Bar Date Order on or before the Administrative Bar Date shall be forever barred, estopped, and enjoined from asserting such claim for administrative expenses against each of the Debtors and their respective estates (or filing any proof of claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such claim for administrative expenses; and it is further

ORDERED that the Administrative Proof of Claim Form, substantially in the form annexed hereto as Annex I, and the proposed notice of the Administrative Bar Date, substantially in the form annexed hereto as Annex II (the "**Administrative Bar Date Notice**"), are hereby approved; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)    By no later than December 28, 2010, the Debtors shall cause to be mailed an Administrative Bar Date Notice to all parties in interest that will receive a confirmation hearing notice, as provided in the order approving the disclosure statement for the Plan;

(b)    By no later than December 28, 2010, to the extent such parties would not otherwise receive notice under the preceding paragraph, the Debtors shall cause to be mailed an Administrative Bar Date Notice to the following parties (the "**Notice Parties**"):

1.    the United States Trustee for the Southern District of New York (the "**U.S. Trustee**");

2.    counsel to each official committee;

3.      all parties known to the Debtors as having a claim for
administrative expenses against any of the Debtors' estates;

4.      all counterparties to any of the Debtors' executory contracts and
unexpired leases that have **not** been assumed by the Debtors and
assigned to General Motors LLC ("**New GM**") pursuant to the
Master Sale and Purchase Agreement, dated June 26, 2009, as
amended from time to time, by and among the Debtors and New
GM;

5.      the United States Department of Treasury, the United States
Attorney's Office for the Southern District of New York, and all
applicable governmental entities;

6.      Export Development of Canada; and

7.      all parties who have requested notice pursuant to Bankruptcy
Rule 2002;

(c)      Within ten (10) days of the Effective Date, the Debtors will transmit
notice to the Notice Parties stating that all claims for administrative
expenses arising between February 1, 2011 and the Effective Date, must
be timely and properly filed in accordance with these procedures for filing
an Administrative Proofs of Claim;

(d)      The Debtors shall post the Administrative Proof of Claim Form and
Administrative Bar Date Notice on the website established by GCG for the
Debtors' cases: www.motorsliquidationdocket.com;

and it is further

ORDERED that the Debtors shall publish notice of the Administrative Bar Date,

once in each of: *The Wall Street Journal* (Global Edition—North America, Europe, and Asia),

*The New York Times* (National), *USA Today* (Monday through Thursday, National), *The Globe

and Mail* (National), and *The National Post*.  Accordingly, the Debtors shall publish notice of the

Administrative Bar Date once in conjunction with the notice by publication of the hearing to

consider confirmation of the Plan (the "**Confirmation Notice Publication**") and again in

conjunction with the notice by publication of the occurrence of the Effective Date (the "**Effective

Date Notice Publication**"); and it is further

ORDERED that the language substantially in the form contained in the following

two paragraphs shall be included in the Confirmation Notice Publication and the Effective Date

Notice Publication, which language is hereby approved and shall be deemed good, adequate, and

sufficient publication notice of the Administrative Bar Date and the procedures for filing

Administrative Proofs of Claim in these cases.

To be inserted in the Confirmation Notice Publication:

On [___], 2010, the Court entered an order (the "**Administrative Bar Date Order**")
establishing the deadline for each person or entity (including without limitation,
individuals, partnerships, corporations, joint ventures, governmental entities, and
trusts) to file a proof of claim for certain administrative expenses (an "**Administrative
Proof of Claim**") against the Debtors on or before (i) **February 14, 2011 at 5:00 p.m.
(Eastern Time)** with respect to administrative expenses arising between June 1, 2009
and January 31, 2011, and (ii) **the date that is thirty (30) days after the Effective
Date** (as defined in Plan) at 5:00 p.m. (Eastern Time) as the deadline with respect to
administrative expenses arising between February 1, 2011 and the Effective Date (the
"**Administrative Bar Date**").  To obtain an Administrative Proof of Claim form and
for more information as to who needs to file and the procedures to fill out an
Administrative Proof of Claim, please visit www.motorsliquidationdocket.com.  If you
do not have internet access, an Administrative Proof of Claim form may be obtained
by calling +1 (703) 286-6401.

Any holder of a claim for an administrative expense who fails to file an Administrative
Proof of Claim on or before the Administrative Bar Date in the appropriate form in
accordance with the procedures described in this Notice for any claims for
administrative expenses such claimant holds or wishes to assert against each of the
Debtors will be forever barred, estopped and enjoined from asserting the claim for
administrative expenses against each of the Debtors and their respective estates (or
filing any proof of claim with respect thereto), and each of the Debtors and their
respective chapter 11 estates, successors, and property will be forever discharged from
any and all indebtedness or liability with respect to the claim for administrative
expenses.

To be inserted in the Effective Date Notice Publication:

On [___], 2010, the Court entered an order (the "**Administrative Bar Date Order**")
establishing the deadline for each person or entity (including without limitation,
individuals, partnerships, corporations, joint ventures, governmental entities, and
trusts) to file a proof of claim for certain administrative expenses (an "**Administrative
Proof of Claim**") against the Debtors on or before **[_____], 2011 at 5:00 p.m. (Eastern**

**Time)** with respect to administrative expenses arising between February 1, 2011 and the Effective Date (the "**Administrative Bar Date**").  To obtain an Administrative Proof of Claim form and for more information as to who needs to file and the procedures to fill out an Administrative Proof of Claim, please visit www.motorsliquidationdocket.com.  If you do not have internet access, an Administrative Proof of Claim form may be obtained by calling +1 (703) 286-6401.

Any holder of a claim for an administrative expense who fails to file an Administrative Proof of Claim on or before the Administrative Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claims for administrative expenses such claimant holds or wishes to assert against each of the Debtors will be forever barred, estopped, and enjoined from asserting the claim for administrative expenses against each of the Debtors and their respective estates (or filing any proof of claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim for administrative expenses;

and it is further

ORDERED that the Debtors may, in their sole discretion, publish the

Administrative Bar Date Notice in other newspapers, trade journals, or similar publications; and

it is further

ORDERED that the Debtors and GCG are authorized and empowered to take such

steps and perform such acts as may be necessary to implement and effectuate the terms of this

Administrative Bar Date Order; and it is further

ORDERED that notification of the relief granted by this Administrative Bar Date

Order as provided herein is fair and reasonable and will provide good, sufficient, and proper

notice to all creditors of their rights and obligations in connection with claims for administrative

expenses they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors

to seek a further order of this Court fixing the date by which holders of claims **not** subject to the

Administrative Bar Dates established herein must file such claims against the Debtors or be

forever barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

**Annex I**

**Administrative Proof of Claim Form**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

## ADMINISTRATIVE PROOF OF CLAIM

| | |
|---|---|
| Name of Debtor Against Which Administrative Claim is Held | Case Number |

**Name of Creditor (The person or other entity to whom the debtor owes money or property):**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and address where notices should be sent:**

☐ Check box if you have never received any notices from the bankruptcy court in this case.

**Telephone number:**

☐ Check box if the address differs from the address on the envelope sent to you by the court.

**THIS SPACE IS FOR COURT USE ONLY**

Account or other number by which creditor identifies debtor:

Check here

if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1.** **Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last four digits of SS#:_____
Unpaid compensation for services performed
from _____(date)_____to_____(date)_____

**2.** Date debt was incurred: _____

**3.** If court judgment, date obtained:

**4.** Total Amount of Administrative Expense Claim: $_____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.** Brief Description of Administrative Expense Claim (attach any additional information):

**6.** **Credits:** All payments made on this claim have been credited and deducted for the purpose of making this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

**7.** **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8.** **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting a fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR FILING ADMINISTRATIVE PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law.  In particular cases or circumstances, there may be exceptions to these general rules.*

## — DEFINITIONS —

### Administrative Bar Date
The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before February 14, 2011 at 5:00 p.m. (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5:00 p.m. (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date.

### Administrative Expense Claims
The claims described in section 503 and 507 of title 11 of the United States Code.  Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; and (v) compensation for services rendered by an indenture trustee.

### Administrative Proof of Claim
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the Debtor owes an Administrative Expense Creditor for Administrative Expense Claims.

### Debtors
The Debtors in these cases are (i) Motors Liquidation Company, (ii) MLCS, LLC (f/k/a Saturn, LLC), (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), (iv) MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.); (v) Remediation and Liability Management Company, Inc., and (vi) Environmental Corporate Remediation Company, Inc.

### Effective Date
The Effective Date is the business day on or after the confirmation date of the Debtors' Amended Joint Chapter 11 Plan, dated December 2010.  The Debtors shall file a notice of the Effective Date with the Bankruptcy Court and with the Securities and Exchange Commission.

## ITEMS TO BE COMPLETED ON ADMINISTRATIVE PROOF OF CLAIM FORM

**Name of Debtor and Case Number:**
Provide the name of the applicable Debtor and its corresponding case number.

**Information about Administrative Expense Creditor:**
Complete the section giving the name, address and telephone number of the Administrative Expense Creditor to whom the Debtor owes money or property, and the Debtor's account number, if any.  If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, or if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Administrative Expense Claim:**
Check the type of debt for which the proof of claim is being filed.  If the type of debt is not listed, check "Other" and briefly describe the type of debt.  If you were an employee of the Debtors, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the Debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Administrative Expense Claim:**
Fill in the amount of the entire claim.  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Brief Description of Administrative Expense Claim**

**6. Credits:**
By signing this Administrative Proof of Claim, you are stating under oath that in calculating the amount of your Administrative Expense Claim you have given the Debtor credit for all payments received from the Debtor.

**7. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents.  If documents are not available, you must attach an explanation of why they are not available.

All Administrative Proofs of Claim must be **received on or after the Administrative Bar Date**, at the following address (whichever is applicable):

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail, to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286

*Or* if by hand delivery to:

United States Bankruptcy Court, S.D.N.Y.
One Bowling Green
Room 534
New York, New York 10004

Please be advised that Administrative Proofs of Claim may *not* be delivered by facsimile, telecopy transmission, or electronic mail transmission.  Administrative Proofs of Claim shall be considered timely filed only if actually received by the Debtors' claims agent, The Garden City Group, Inc., or by the Court, on or before the Administrative Bar Date.

## **Annex II**

**Administrative Bar Date Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                            :

In re                              :        **Chapter 11 Case No.**

                                    :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :

                                    :

                    **Debtors.**      :        **(Jointly Administered)**

                                    :

-------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING ADMINISTRATIVE PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH A CLAIM FOR ADMINISTRATIVE EXPENSES
AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation)** | 09-50026 | 38-0572515 | General Motors Corporation GMC Truck Division NAO Fleet Operations GM Corporation GM Corporation-GM Auction Department National Car Rental National Car Sales Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC)** | 09-50027 | 38-2577506 | Saturn, LLC Saturn Corporation Saturn Motor Car Corporation GM Saturn Corporation Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.)** | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. (subsidiary of General Motors Corporation) | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. (subsidiary of General Motors Corporation) | 09-50030 | 41-1650789 | GM National Hawaii, Inc. NCRS Hawaii, Inc. |

    PLEASE TAKE NOTICE THAT, on [_____] __, 2011, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Administrative Bar Date Order**") establishing the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses (an "**Administrative Proof of Claim**") against the Debtors as (i) **February 14, 2011** at **5:00 p.m. (Eastern Time)** with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) **the date that is thirty (30) days after the Effective Date** (as defined in the Debtors' Amended Joint Chapter 11

Plan, dated December 7, 2010, as may be amended from time to time (the "**Plan**")) at **5:00 p.m. (Eastern Time)** as the deadline with respect to administrative expenses arising between February 1, 2011 and the Effective Date (the "**Administrative Bar Date**").

The Administrative Bar Date Order, the Administrative Bar Date, and the procedures set forth below for the filing of Administrative Proofs of Claim apply to all claims for administrative expenses against the Debtors other than those set forth below as being specifically excluded.  The Administrative Bar Date Order **does not establish a deadline for any claim that arose prior to June 1, 2009** (including claims that arose prior to the Debtors' bankruptcy cases).

**If you have any questions relating to this Notice, please feel free to contact the GCG at +1 (703) 286-6401.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM FOR ADMINISTRATIVE EXPENSES OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM FOR ADMINISTRATIVE EXPENSES.**

**YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM FOR ADMINISTRATIVE EXPENSES AGAINST THE DEBTORS.**

**DEFINITIONS OF WHO MUST FILE AN ADMINISTRATIVE PROOF OF CLAIM ARE PROVIDED BELOW, TOGETHER WITH DEFINITIONS OF THOSE WHO NEED <u>NOT</u> FILE AN ADMINISTRATIVE PROOF OF CLAIM.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM.**

**1.    WHO MUST FILE AN ADMINISTRATIVE PROOF OF CLAIM**

You **MUST** file an **Administrative Proof of Claim** to obtain payment on account of **a claim for administrative expenses** arising between **June 1, 2009 and January 31, 2011**, or **February 1, 2011 and the Effective Date**, and is not one of the types of claims described in Section 2 below.

Claims for administrative expenses are specifically described in section 503 and 507 of the Bankruptcy Code.  Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee.

**2.    WHO NEED <u>NOT</u> FILE AN ADMINISTRATIVE PROOF OF CLAIM**

You need not file an Administrative Proof of Claim if:

(a)    your claim for administrative expenses has been allowed by an order of this Court entered on or before the Administrative Bar Date;

(b)    you hold a claim for administrative expenses for which a separate deadline is fixed by this Court;

(c)    your claim for administrative expenses has been paid or otherwise satisfied in full by any of the Debtors;

(d)    you are a Debtor in these cases, or an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor, having a claim for administrative expenses against another Debtor or any affiliate of another Debtor;

(e)  you are a professional retained by any of the Debtors, the statutory committee of unsecured creditors, the official committee of unsecured creditors holding asbestos-related claims, and the legal representative for future asbestos personal injury claimants appointed in these chapter 11 cases;

(f)  you are a holder of a claim for administrative expenses who has already properly filed an Administrative Proof of Claim with the Clerk of the Court or GCG against any of the Debtors, utilizing a claim form which substantially conforms to the Administrative Proof of Claim Form (as defined below); or

(g)  you are a holder of a claim for administrative expenses that will be deemed allowed pursuant to the express terms of the Plan.

If your claim for administrative expenses falls within any of the above exceptions, you do <u>NOT</u> have to file an Administrative Proof of Claim.  Any other person or entity with a claim for administrative expenses must file an Administrative Proof of Claim as described herein.

## 3.  WHEN AND WHERE TO FILE ADMINISTRATIVE PROOF OF CLAIM FORMS

All Administrative Proofs of Claim must be filed so as to be **actually received** at the following address on or before the Administrative Bar Date:

If by overnight courier or hand delivery to:          If by first-class mail, to:

The Garden City Group, Inc.                          The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing   Attn: Motors Liquidation Company
5151 Blazer Parkway, Suite A                         P.O. Box 9386
Dublin, Ohio 43017                                   Dublin, Ohio 43017-4286

<u>Or</u> if by hand delivery to:

United States Bankruptcy Court, S.D.N.Y.
One Bowling Green
Room 534
New York, New York 10004

Administrative Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the Administrative Bar Date.  Administrative Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic transmission.

## 4.  WHAT TO FILE?

If you file an Administrative Proof of Claim, your filed Administrative Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form (the "**Administrative Proof of Claim Form**") located at the following website: www.motorsliquidationdocket.com, which can also be obtained by calling +1 (703) 286-6401; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim for administrative expenses; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

If you are asserting a claim for administrative expenses against more than one debtor, you must identify on your administrative proof of claim the specific debtor against which your claim for administrative expenses is asserted.  A list of the names of the debtors and their case numbers is set forth above.

You should attach to your completed administrative proof of claim form copies of any writings upon which your claim for administrative expenses is based.  If the documents are voluminous, you should attach a summary.

## 5.  CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE PROOF OF CLAIM BY THE ADMINISTRATIVE BAR DATE

***Except with respect to claims for administrative expenses of the type set forth in Section 2 above, any creditor who fails to file an Administrative Proof of Claim on or before the Administrative Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claims for administrative expenses such creditor holds***

*or wishes to assert against each of the Debtors will be forever barred, estopped, and enjoined from asserting the claim for administrative expenses against each of the Debtors and their respective estates (or filing any proof of claim with respect thereto), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to such claim for administrative expenses.*

To obtain an Administrative Proof of Claim Form, please visit www.motorsliquidationdocket.com.  If you do not have internet access, an Administrative Proof of Claim Form may be obtained by calling +1 (703) 286-6401.

**If you have any questions, such as whether you should file an Administrative Proof of Claim, you should contact your own attorney.  Neither the Debtors nor their attorneys can advise you in this matter**.

DATED:  [_____] ___, 2010                    BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION