KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

Attorneys for General Motors LLC
f/k/a General Motors Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                          :
**In re**                                                 :
                                                          :    **Chapter 11**
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                 :    **Case No.: 09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*              :
                                                          :
                    **Debtors.**                          :    **(Jointly Administered)**
------------------------------------------------------------x

**APPLICATION BY GENERAL MOTORS LLC FOR AN**
**ORDER PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY**
**CODE AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AN ORDER GRANTING LEAVE TO FILE AN**
**EXHIBIT TO A PROPOSED STIPULATION AND ORDER UNDER SEAL**

General Motors LLC f/k/a General Motors Company (**"New GM"**), by its undersigned counsel, respectfully submits this application ("**Application**") pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for leave to file an exhibit to a proposed stipulation and order ("**Stipulation**") between New GM and Leson Chevrolet Company, Inc. ("**Leson**") under seal pending further order of this Court. In support of this Application, New GM respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018 and General Order M-242 of the United States Bankruptcy Court for the Southern District of New York (January 19, 2001, Bernstein, C.J.).

**BACKGROUND**

2. On July 5, 2009, this Court entered an Order ("**363 Sale Order**") that, *inter alia*, authorized and approved the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (the "**MSPA**"), by and among General Motors Corporation, n/k/a Motors Liquidation Company, and certain of its affiliates (collectively, the "**Debtor**") and New GM. Pursuant to the MSPA and the 363 Sale Order, New GM, on July 10, 2009, purchased substantially all of the assets of the Debtor free and clear of the Debtor's liabilities, except as expressly assumed by New GM under the MSPA.

3. As part of the transactions approved by the 363 Sale Order, the Debtor entered into and assigned to New GM certain Deferred Termination Agreements or "Wind-Down Agreements" between the Debtor and certain of its authorized new motor vehicle dealers.

4. Before the Debtor filed for bankruptcy, Leson operated an authorized Chevrolet dealership pursuant to a General Motors Dealer Sales and Service Agreement (the "**Leson Dealer Agreement**"). In the Debtor's bankruptcy proceedings, the Debtor determined not to retain Leson as an authorized Chevrolet dealership. The Debtor, as an alternative to outright rejection of the Leson Dealer Agreements, offered Leson a Wind-Down Agreement

("**Leson Wind-Down Agreement**"), which Leson accepted, executed and returned to the Debtor in June, 2009.

5.  In December 2009, Congress passed the Consolidated Appropriations Act 2010, Pub. Law 111-117, 123 Stat. 3034 (2009) ("**Dealer Arbitration Act**"), which gave "wind-down" dealers the opportunity to seek reinstatement to the GM dealer network through binding arbitration. Leson filed a timely demand for arbitration in accordance with the Dealer Arbitration Act and an arbitration hearing was held in June, 2010. On June 18, 2010, the arbitrator issued an award finding that Leson had satisfied the factors set forth in the Dealer Arbitration Act. New GM and Leson subsequently entered into a letter of intent ("**Prior LOI**") that was signed by Leson on July 1, 2010. Leson maintains and New GM disputes that Leson's execution of the Prior LOI was signed by Leson under protest. Subsequent to the signing of the Prior LOI, a dispute arose between New GM and Leson regarding the effect of the Prior LOI and the enforceability of the Leson Wind-Down Agreement.

6.  In light of the disagreement surrounding the Prior LOI, on October 8, 2010, New GM filed a motion ("**Motion to Enforce**") in this Court seeking the entry of an order, *inter alia*, enforcing the terms of the 363 Sale Order and the terms of the Leson Wind-Down Agreement, and directing Leson to specifically perform all of its obligations thereunder. Leson filed an objection to the Motion to Enforce and New GM filed a reply thereto. Aside from Leson, no other party in interest filed an objection to the relief requested in the Motion to Enforce, as it related to Leson.[1] A hearing ("**Hearing**") was held on the Motion to Enforce on October 26, 2010, at which time the Court found that it had exclusive jurisdiction over all of the

---

[1] The Motion to Enforce also sought relief against other dealers not affiliated with Leson. That aspect of the Motion to Enforce is not the subject of this Application, the Stipulation or the Revised LOI (as defined below).

3

issues raised in the Motion to Enforce with respect to Leson. At the Hearing, the Court directed the parties to meet and discuss a possible resolution of the remaining issues raised in the Motion to Enforce. If a settlement could not be reached, an evidentiary hearing would be scheduled by the Court at a date and time to be determined.

7. In response to the Court's remarks at the Hearing, New GM and Leson engaged in settlement discussions over the last several weeks. In this regard, among other things, New GM and Leson participated in an all-day mediation session on November 17, 2010 that was conducted by an agreed-upon third party mediator. As a result of the mediation and subsequent negotiations, an agreement between the parties was reached that is set forth in a revised letter of intent ("**Revised LOI**"). The parties intend to submit the proposed Stipulation to the Court seeking approval of the terms of the Revised LOI, with the Revised LOI attached as an exhibit thereto. However, both New GM and Leson believe that the Revised LOI contains commercial and proprietary information and operational characteristics regarding Leson that are confidential and not appropriate for public disclosure.

## RELIEF REQUESTED

8. By this Application, New GM requests the entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file the Revised LOI under seal and ordering that its contents be made available only to (a) New GM, its employees and its counsel; (b) Leson, its employees and counsel; and (c) the Bankruptcy Court, and shall not be made available to the general public.

9. Section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of confidential information. Section 107(b) specifically provides that upon the "request of a party

4

in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under Section 107(b). In particular, Bankruptcy Rule 9018 states that the Bankruptcy Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Bankruptcy Rule 9018.

11. Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g., In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of Section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the Bankruptcy Court determines that filed documents are covered by Section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994).

12. Cause exists to file the Revised LOI under seal because it contains confidential and proprietary information and operational characteristics regarding Leson and, if publicly disclosed, may result in damage to New GM and/or Leson. In order to protect New GM's and Leson's rights, New GM seeks to file the Revised LOI under seal; the proposed Stipulation, if approved, will be publicly filed. New GM submits that the confidentiality concerns of New GM and Leson constitute good cause to file the Revised LOI under seal and, therefore, respectfully requests leave to do so.

## NOTICE

13. Except for notice of this Application being given to counsel for Leson, no other or further notice has been given of this Application.

## WAIVER OF MEMORANDUM OF LAW

14. New GM requests that the requirement for filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be waived as the Application does not raise any novel issues of law and is supported by citations to legal authority.

15. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, the form of which is attached hereto as **Exhibit "A,"** pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: New York, New York
December 13, 2010

Respectfully submitted,

/s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Attorneys for General Motors LLC
f/k/a General Motors Company

NYC_IMANAGE-1216870.8