<u>Hearing Date and Time</u>: December 15, 2010 at 2:00 p.m. (Prevailing Eastern Time)

DICONZA LAW, P.C.
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942
Gerard DiConza
Lance A. Schildkraut

*Bankruptcy Attorneys for LFR, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,                         :    09-50026 (REG)
f/k/a General Motors Corp., *et al.,*                         :
                                                              :
         Debtors.                                             :    (Jointly Administered)
                                                              :
-------------------------------------------------------------x

### RESPONSE OF LFR, INC. TO FEE EXAMINER'S REPORT AND STATEMENT OF LIMITED OBJECTION TO THIRD AND FOURTH INTERIM FEE APPLICATIONS OF LFR, INC.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       LFR, Inc. ("<u>LFR</u>"), an environmental consultant to Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "<u>Debtors</u>"), submits this Response to the Fee Examiner's Report and Statement of Limited Objection to Third and Fourth Interim Fee Applications of LFR, Inc., dated December 8, 2010 [Dkt. No. 8040] (the "<u>Fee Examiner Report</u>"), and respectfully represents as follows:

Preliminary Statement

1.     On August 5, 2010, LFR filed its Third Interim Fee Application [Dkt. No. 6539] requesting approval of fees of $1,010,871.20 and reimbursement of expenses in the amount of $387,715.62.  On November 15, 2010, LFR filed its Fourth Interim Fee Application [Dkt. No. 7756] requesting approval of fees of $217,990.50 and expenses of $33,226.15.  LFR's Third and Fourth Interim Fee Applications are scheduled to be heard by the Court on December 15, 2010.

2.     In the Fee Examiner Report, the Fee Examiner, *inter alia*, objects to LFR's requested reimbursement of expenditures made to TEA, Inc. ("TEA"), a subcontractor used by LFR in connection with environmental consulting services provided to the Debtors.[1]  Specifically, the Fee Examiner alleges that the sub-retention of TEA has not been approved by the Court and that TEA failed to provide invoices in compliance with Local and U.S. Trustee Guidelines.  The Fee Examiner objects to reimbursement of over $161,000 in TEA expenses incurred and paid by LFR (approximately 40% of all expenses incurred by LFR during the Third and Fourth Interim Fee Periods for which it seeks reimbursement).[2]  LFR submits that its expenditures incurred in retaining and using TEA are appropriate and reasonable in all respects. While TEA is not a "professional person" required to maintain time records in accordance with UST Guidelines, the invoices submitted by TEA contain detailed time entries that provide LFR

---

[1] In the Fee Examiner Report, the Fee Examiner objects to certain other fees and expenses requested by LFR in its Third and Fourth Interim Fee Applications.  This Response addresses only the Fee Examiner's objection to the reimbursement of LFR for TEA expenses and does not address the other issues raised by the Fee Examiner.  LFR continues its discussions with the Fee Examiner and hopes to resolve the other issues prior to the hearing on December 15, 2010.  By not addressing each of the Fee Examiner's statements and arguments in the Fee Examiner Report, LFR does not concede that it agrees with the Fee Examiner and reserves all rights.

[2] In its Third Interim Fee Application, LFR requests approval and reimbursement of $146,765.17 for TEA costs and the Fee Examiner requests disallowance of all these costs.  In its Fourth Interim Fee Application, LFR requests approval and reimbursement of $29,712 TEA costs; the Fee Examiner objects and requests disallowance of $14,856 (50%) of such costs.

2

and the Debtors' estates with sufficient information to comprehend the scope and amount of work performed by TEA and its reasonable fees.

3. Throughout this case, LFR has consistently made a good faith effort to work with the Fee Examiner and address all areas of concern, including his concerns with LFR's use of subcontractors, including TEA. On June 10, 2010, after weeks of discussions with the Fee Examiner, LFR's Chief Executive Officer submitted a supplemental affidavit and disclosure statement that fully disclosed LFR's use of TEA and other subcontractors. After submission of this supplemental affidavit, the Fee Examiner continued to raise concerns with the use of TEA. Thereafter, the Debtors and LFR agreed to amend the terms of LFR's retention and, on November 5, 2010, this Court approved a Stipulation and Order between the Debtors and LFR modifying the terms of LFR's retention to expressly authorize LFR's use of TEA and reimbursement of LFR's expenses incurred in connection TEA, subject to the Court's approval. Notwithstanding LFR's efforts to resolve the TEA concerns, the Fee Examiner continues his resistance to LFR's use of TEA and reimbursement of LFR's expenses incurred in connection therewith. For the reasons set forth below, the Fee Examiner's objection to LFR's requested reimbursement for TEA expenses should be denied.

## Response

*TEA Is Not A "Professional Person" Within The Meaning of Section 327 of the <u>Bankruptcy Code And Is Not Required To Comply With Local Guidelines Or UST Guidelines</u>*

4. The Fee Examiner objects to LFR's reimbursement of TEA costs on the basis that TEA is a "professional person" that has not been retained by the Court and has not submitted time detail in compliance with time records submitted by Court-retained professionals. In the Fee Examiner Report, the Fee Examiner notes the following:

    A. <u>Sub-Retention of TEA, Inc.</u>  The Fee Examiner remains concerned with the sub-retention of TEA, Inc., which has not been approved the Court.  In addition, properly documented time detail should be provided for these services, totaling $146,765.17.

    B. More than one professional in this case appears to have retained persons or firms that may be professionals with the meaning of section 327 without seeking Court approval, instead seeking reimbursement of that entity's fees as an expense.  This raises the possibility that a professional could, either knowingly or inadvertently, circumvent the requirements and protections afforded by section 327….

Fee Examiner Report at ¶ 38.

    5. According to the Fee Examiner, since TEA is a "professional person", LFR should not be reimbursed for TEA's cost unless TEA provides time entries and invoices that comply with the Local and UST Guidelines.

    6. The underlying premise of the Fee Examiner's position (that TEA is a "professional person" within the meaning of section 327) is wrong.  TEA is an environmental consulting firm specializing in alternative remedial technologies and has a number of licensed technologies that the Debtors requested LFR to consider in connection with services to be provided to the Debtors' estates.  TEA was hired by LFR as a niche service provider in the area of Green and Sustainable Remediation (GSR) to address the regulatory community concerns (including the United States Environmental Protection Agency) about the use of GSR within the Debtors' environmental remediation program.  The services provided by TEA have added significant value and were necessary to address specific scopes of work within the overall environmental program for the Debtors.

    7. TEA was not retained by the Debtors' estates, is not a "professional person" as such term is defined by the Bankruptcy Code and, accordingly, is not required to submit invoices in compliance with the Local and UST Guidelines.  Beginning with *In re*

4

*Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981), courts have consistently held that professionals who do not play a central role in the administration of a debtor's chapter 11 case are not "professional persons" within the meaning of section 327 of the Bankruptcy Code. *Id.* at 981. *Seatrain* held that maritime engineers are not "professional persons" under section 327(a) and that section 327 limits the term "professional person" to persons in those occupations which play a central role in the administration of a chapter 11 debtor's case. *Id.* According to *Seatrain*, court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of a debtor's estate. *Seatrain* and its progeny do not recognize as "professional persons" under section 327(a) those who are involved in the "mechanics" of the debtor's operations, no matter how important their role.

8.  Judge Lifland, in *Committee of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp., et al.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 620-21 (Bankr. S.D.N.Y. 1986), adopted *Seatrain* in concluding that non-attorney lobbyists who did not play an intimate role in the reorganization of the debtor's case were not "professional persons" whose employment was subject to court approval. *See also In re River Ranch, Inc.*, 176 B.R. 603 605 (Bankr. M.D. Fl. 1994) (Judge Paskay) (holding that environmental consultant was not a "professional person" subject to retention under section 327 of the Bankruptcy Code); *In re Sieling Assocs. Ltd. Partnership*, 128 B.R. 721 (Bankr. E.D. Va. 1991) (same).

9.  TEA has not played (nor will it play) a fundamental or essential role in the administration of the Debtors' cases and, accordingly, TEA is not a "professional person" within the meaning of section 327 of the Bankruptcy Code. Thus, TEA is not required to submit time

5

detail in accordance with the Local and UST Guidelines and the Fee Examiner's objection should be overruled.

*TEA's Time Records Are Sufficient As To Detail*

10.  Notwithstanding that TEA is not a "professional person", TEA has submitted extensive and comprehensive invoices to support the work that it has done. Copies of the TEA Invoices are annexed hereto as Exhibit A. These invoices were submitted by TEA to LFR and support the costs for which LFR is seeking reimbursement in connection with the Third and Fourth Interim Fee Applications. The invoices submitted by TEA are thorough and contain detailed time entries that provide the Debtors' estates and LFR with sufficient information to understand the scope and amount of work performed by TEA as well as the reasonableness of TEA's fees. No objections have been made to the work performed by TEA and LFR has paid TEA for the services performed. LFR now seeks reimbursement in full from the Debtors' estates for the payment of these reasonable expenses.

11.  Most frustrating to LFR about the Fee Examiner's continuous objection to the expenses incurred in connection with TEA is that LFR has worked diligently with the Fee Examiner on his TEA concerns (as well as other issues) and believed the TEA objection was resolved with the Court's entry on November 5, 2010 of the Stipulation and Order Modifying Terms of Retention and Employment of LFR, Inc. as Environmental Consultants to the Debtors [Dkt. No. 7661] (the "TEA Stipulation and Order"). A copy of the TEA Stipulation and Order is annexed hereto as Exhibit B. The TEA Stipulation and Order was entered into after months of discussions among LFR, the Fee Examiner and the Debtors over LFR's use of TEA.[3]

---

[3] Prior to entry of the TEA Stipulation and Order, LFR attempted to address the Fee Examiner's concerns to the TEA expenses in LFR's First and Second Interim Fee Applications. On June 28, 2010, Frank Lorincz, the Chief Executive Officer of LFR, submitted his Second Supplemental Affidavit and Disclosure Statement in support of the

6

12. The TEA Stipulation and Order modified the terms of LFR's retention to expressly authorize LFR's use of TEA and other subcontractors. Moreover, pursuant to the TEA Stipulation and Order, LFR shall be entitled to reimbursement of its TEA costs incurred, subject to Court approval of LFR's fees and expenses under sections 330 and 331 of the Bankruptcy Code. The TEA Stipulation and Order does not require TEA to submit invoices to LFR that are in compliance with Local and UST Guidelines.

13. In connection with seeking approval of the TEA Stipulation and Order, LFR worked closely with the Fee Examiner, keeping his counsel informed of its terms and progress and requesting the Fee Examiner to provide comments prior to its submission to the Court. On October 27, 2010, counsel for the Fee Examiner informed LFR's counsel that the proposed TEA Stipulation and Order addressed the Fee Examiner's concerns over the alleged unauthorized sub-retention of TEA. A copy of the email from the Fee Examiner's counsel is attached hereto as Exhibit C. Notwithstanding entry of the TEA Stipulation and Order and the Fee Examiner's prior communications regarding same, the Fee Examiner continues to object to reimbursement of LRR for TEA fees. LFR respectfully requests that the Court approve all of its costs associated with TEA and deny the Fee Examiner's requested disallowances to same.

Conclusion

14. For all the reasons set forth above, LFR respectfully requests that the compensation and reimbursement requested in LFR's Third and Fourth Interim Fee Applications be allowed, subject to the adjustments to which LFR has agreed, and that it be granted such other

---

Debtors' retention of LFR [Docket No. 6171] (the "Second Supplemental Affidavit"). In the Second Supplemental Affidavit, LFR disclosed that it had retained and was using the services of TEA as a subcontractor.]

and further relief as if just.

Dated: New York, New York
December 13, 2010

                              DICONZA LAW, P.C.

                    By: ___/s/ Gerard DiConza_____
                         Gerard DiConza
                         630 Third Avenue
                         New York, New York 10017
                         Telephone: (212) 682-4940
                         Facsimile: (212) 682-4942

                         *Bankruptcy Attorneys for LFR, Inc.*