```
UNITED STATES BANKRUPTCY COURT           HEARING:   December 15, 2010 (9:45 a.m.)
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
In re:                                            :
                                                  : Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,               :
f/k/a General Motors Corp., et al.,               : Case No. 09-50026 (REG)
                                                  :
                     Debtors.                     : (Jointly Administered)
                                                  :
----------------------------------------------------------- x
```

**RESPONSE OF THE UNITED STATES TRUSTEE REGARDING
(i) CONSOLIDATED APPLICATION OF FEE EXAMINER AND
COUNSEL FOR INTERIM ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES AND
(ii) SECOND INTERIM FEE APPLICATION OF STUART MAUE AS
CONSULTANT TO THE FEE EXAMINER**

**TO:    THE HONORABLE ROBERT E. GERBER,
         UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 (the **"United States Trustee"**), has reviewed (i) the second consolidated application of Brady C. Williamson, Fee Examiner, and Godfrey & Kahn, S.C., counsel to the Fee Examiner, for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses from June 1, 2010 through September 30, 2010 (the "Fee Examiner Application") and (ii) the second interim application of Stuart Maue for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses from March 25, 2010 through October 20, 2010 (the "Stuart Maue Application") (and together with the Fee Examiner Application, the "Applications"). The United States Trustee hereby files this response (the "Response") in support of the Fee Examiner's and Stuart Maue's requests for compensation incurred for the services rendered, and has no objection to the compensation requested or the reimbursement of out-of-pocket expenses in the amounts sought subject to an agreed upon 10%

holdback. The Fee Examiner and Stuart Maue have agreed to the United States Trustee's requested 10% holdback.

## I. SUMMARY STATEMENT

As set forth below, for services performed and expenses incurred during the period June 1, 2010 through September 30, 2010 (the "Fee Period"), the Fee Examiner and his counsel ("Counsel") seek interim allowances of fees totaling $439,410.75 and reimbursement of out-of-pocket expenses totaling $5,455.56 , for a total compensation of $444,866.31. Stuart Maue seeks allowances of fees totaling $280,210.00 and reimbursement of out-of-pocket expenses totaling $2,216.28, for a total compensation of $282,426.28. The total compensation (including fees and expenses) requested by the Fee Examiner, his counsel and Stuart Maue (together, the "Applicants") is $727,292.59.

| Applicant | Period | Fees | Expenses | Hours |
|---|---|---|---|---|
| Brady C. Williamson<br>Fee Examiner<br><br>Godfrey & Kahn, S.C.<br>Counsel to Fee Examiner | 6/1/10-<br>9/30/10 | $439,410.75[1] | $5,455.46 | 1,604.60 |
| Stuart Maue<br>Consultant to the Fee Examiner | 3/25/10-<br>10/20/10 | $280,210.00 | $2,216.28 | 870.40 |
| Total | | $719,620.75 | $7,671.74 | |

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Applicant has voluntarily reduced its fees by $6,290.25 for FTI-related time entries.

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief sought in the Applications are Sections 330 and 331 of title 11, United States Code (the **"Bankruptcy Code"**). This matter was initiated pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the **"Local Rules"**), Administrative Order M-389, Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the **"Amended Guidelines"**), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the **"UST Guidelines,"** together with the Amended Guidelines, are referred to herein collectively as the **"Guidelines"**).[2]

### III. FACTUAL BACKGROUND

3. A recitation of the pertinent facts underlying these cases is set forth in the Response of the United States Trustee Regarding Fourth Interim Applications for Compensation and Reimbursement of Expenses dated December 10, 2010 (the "Fourth Response"). (Docket No. 8060). The Court respectfully is referred to the Fourth Response for the factual background underlying this Response.

2. On August 31, 2010, the Debtors filed the Debtors' Joint Chapter 11 Plan (the "Plan") and the Disclosure Statement for Debtors' Joint Chapter 11 Plan (the "Disclosure Statement"), Docket Nos. 6829 and 6830, respectively. On December 8, 2010, the Court entered

---

[2] The Bankruptcy Court for this judicial district has adopted the UST Guidelines. *See* In re Brous, 370 B.R. 563, 569 at n.8. (Bankr. S.D.N.Y. 2007); and General Order M-389, at 1.

an order approving the Debtors' Disclosure Statement and scheduled the hearing on the confirmation of the Debtors' Plan for March 3, 2011. Docket No. 8043.

### IV.  LEGAL STANDARDS

3.     A discussion of the relevant legal standards underlying the requests for compensation and reimbursement of expenses is set forth in the Fourth Response. The Court respectfully is referred to the Fourth Response for the discussion of the applicable legal standards underlying this Response.

### V.  RESPONSE

**A.    Statement Regarding the Applications**

Based upon this Office's review of the Applications, the United States Trustee supports the requests of the Applicants for services rendered, and has no objection to the compensation requested or the reimbursement of out-of-pocket expenses in the amounts sought (subject to the agreed upon 10% holdback). The detailed review and analyses performed by the Applicants during the course of these cases has been exceptional. The analyses and conclusions provided by the Examiner and Counsel, both written and oral, were necessary for the Court and the United States Trustee to make determinations regarding the reasonableness and the appropriateness of the fees requested by the professionals retained in these cases. The exceptional work performed by the Fee Examiner evidences his expert understanding of the Guidelines, the Bankruptcy Code and Rules and the applicable case law, and most important, these cases. During the Fee Period, the Fee Examiner and Counsel's pleadings were filed timely; they were also professional in their responses to inquiries from the Court, the Professionals and the United States Trustee. Based upon the foregoing, the United States Trustee has determined that the fees and expenses

requested by the Applicants are reasonable under Bankruptcy Code Sections 330 and 331, and should be allowed subject to the agreed upon 10% holdback.

## VI.  CONCLUSION

**WHEREFORE,** the United States Trustee respectfully submits that the Court enter an Order granting such relief as is just.

Dated: New York, New York
　　　　December 14, 2010

                Respectfully submitted,

                TRACY HOPE DAVIS
                UNITED STATES TRUSTEE

*By:*　　*/s/ Linda A. Riffkin*
        Linda A. Riffkin
        Assistant United States Trustee
        Brian Masumoto
        Trial Attorney
        33 Whitehall Street, 21st Floor
        New York, New York 10004
        Tel. No. (212) 510-0500
        Fax No. (212) 668-2255