PRESENTMENT DATE AND TIME: December 22, 2010 at 12:00 noon (Eastern Time)
OBJECTION DEADLINE: December 22, 2010 at 11:30 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                  :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF PROPOSED SECOND SUPPLEMENTAL ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 ESTABLISHING SUPPLEMENTAL RULES AND AUTHORITY FOR FILING OMNIBUS OBJECTIONS TO CERTAIN FOREIGN DEBT CLAIMS

PLEASE TAKE NOTICE that upon the annexed Motion, dated December 14, 2010

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for a supplemental order,

pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007

of the Federal Rules of Bankruptcy Procedure establishing supplemental rules and authority for

filing omnibus objections to certain claims, all as more fully set forth in the Motion, the Debtors will

present the attached proposed order to the Honorable Robert E. Gerber, United States Bankruptcy

Judge, for signature on **December 22, 2010 at 12:00 noon ( (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion

must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a

CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy

delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court

and General Order M-399, to the extent applicable, and served in accordance with General Order M-

399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New

York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H.

Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite

1400, Detroit, Michigan 48243 (Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance

Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham

& Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220

(Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada,

1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and

Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory

committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036

(Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer

Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York

10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park

Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C.

Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W.

Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A

Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative

for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201

(Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than

**December 22, 2010 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served

with respect to the Motion, the Bankruptcy Court may enter an order substantially in the form of the

proposed order annexed to the Motion, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
      December 14, 2010

                            /s/ Joseph H. Smolinsky
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
**In re**                                      :          **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,       :          **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*    :
                                              :
                **Debtors.**                   :          **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY OF PROPOSED SECOND SUPPLEMENTAL**
**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007**
**ESTABLISHING SUPPLEMENTAL RULES AND AUTHORITY FOR**
**FILING OMNIBUS OBJECTIONS TO CERTAIN FOREIGN DEBT CLAIMS**

# TABLE OF CONTENTS

**Page**

Relief Requested ........................................................................................................................... 1

Jurisdiction ................................................................................................................................... 1

Background ................................................................................................................................... 1

The Eurobond Deutsche Debt Claims........................................................................................... 2

The Claim Objection Procedures .................................................................................................. 4

The Relief Requested Should Be Approved by the Court ............................................................. 7

Notice .......................................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440 (9th Cir. 1986) ................ 7

*Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d
1063 (2d Cir. 1983) ................................................................................................... 7

## FEDERAL STATUTES

11 U.S.C. § 105(a) ........................................................................................................ 7, 8

11 U.S.C. § 502(a) ............................................................................................................. 4

11 U.S.C. § 1111(a) ........................................................................................................... 4

28 U.S.C. § 157 ................................................................................................................. 1

28 U.S.C. § 157(b) ............................................................................................................ 1

FED. R. BANKR. P. 1015(c) ............................................................................................. 8

FED. R. BANKR. P. 3007 ............................................................................................. 2, 7

FED. R. BANKR. P. 3007(c) ......................................................................................... 4, 7

FED. R. BANKR. P. 3007(d) ..................................................................................... 4, 5, 7

FED. R. BANKR. P. 3007(e) ..................................................................................... 5, 7, 8

FED. R. BANKR. P. 9007 .................................................................................................. 8

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

## **Relief Requested**

1.      Due to the sheer volume and duplicative nature of many of the proofs of claim filed

against the Debtors, in order to avoid the financial burden of filing a daunting number of omnibus

objections and to reduce service costs, the Debtors request, pursuant to section 105(a) of title 11 of the

United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), to further supplement the Procedures Order (as defined below) so

that they be permitted to—

(a)      file a single objection to no more than 500 proofs of claim at once with respect to
Eurobond Deutsche Debt Claims (as defined below); and

(b)      serve a personalized <u>notice</u> of the Omnibus Claim Objection (as defined below), rather
than the entire Omnibus Claim Objection, on each affected claimant.

## **Jurisdiction**

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

3.      More than 70,000 proofs of claim in the aggregate amount of approximately $274

billion have been filed against the Debtors.  To date, the Debtors have filed 110 omnibus claim objection

motions, and, while these motions are being successfully prosecuted, the Debtors intend to object to

thousands of additional claims.

4.    On October 6, 2010, this Court entered an order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), which required the Debtors to (i) object to no more than 100 proofs of claim in each of its omnibus objections and (ii) serve a copy of such objections with the notice of the hearing on each affected claimant.

5.    In light of an opportunity to decrease financial and administrative burdens in these cases and simplify notice of objections for the benefit of affected claimants, on July 1, 2010, this Court entered an order (the "**Supplemental Procedures Order**") (ECF No. 6238) authorizing the Debtors to object to as many as 500 proofs of claim in each of its omnibus objections with respect to claims based on debt securities issued by the Debtors under the Wilmington Trust Company public indentures (the "**WTC Debt Claims**"), and to serve a streamlined and personalized notice of such objection, rather than the entire objection, to each affected claimant.

6.    The administration of these cases has been benefited substantially by the Supplemental Procedures Order, and, in order to further benefit the estates, the Debtors request substantially similar procedures to apply to the following category of proofs of claim:

claims arising under the notes and bonds issued under that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among MLC, Deutsche Bank AG London ("**Deutsche Bank**"), and Banque Générale du Luxembourg S.A. (the "**Fiscal and Paying Agency Agreement**," and the claims arising from the notes and bonds issued thereunder, the "**Eurobond Deutsche Debt Claims**").

**The Eurobond Deutsche Debt Claims**

7.    The Eurobond Deutsche Debt Claims, approximately 6,600 of which have been filed against the Debtors, are based on certain foreign notes and bonds issued by the Debtors under the Fiscal and Paying Agency Agreement, which Deutsche Bank serves as the fiscal and paying agent.  While there is no indenture trustee for the Eurobond Deutsche Debt Claims, Deutsche Bank is scheduled as the

fiscal and paying agent in the Debtors' Schedules of Assets and Liabilities, filed on September 15, 2009

(ECF No. 4061), to have a claim on behalf of all holders of Eurobond Deutsche Debt Claims (each, an

"**Individual Eurobondholder**"), in the approximate amount of $3.8 billion, which accounts for all

principal plus accrued and unpaid interest as of June 1, 2009 (the "**Commencement Date**"), and such

claim was not scheduled as either contingent or disputed.  On October 13, 2009, Deutsche Bank notified

the Individual Eurobondholders that it did not intend to file a proof of claim on their behalf, and, to date,

Deutsche Bank has not done so.

8.      Nevertheless, the Debtors' Amended Joint Chapter 11 Plan, dated December 7,

2010, as may be amended from time to time (the "**Plan**") (ECF No. 8015), provides that a claim based on

the Fiscal and Paying Agency Agreement, along with certain other claims arising from foreign debt

instruments, will be allowed in an amount (the "**Fixed Allowed Eurobond Claims**") that overrides and

supersedes any individual claims filed by record holders or beneficial owners of the affected debt

securities.  Under the Plan, the Fixed Allowed Eurobond Claims will be allowed in an amount that will

not be less than outstanding principal plus accrued and unpaid interest as of the Commencement Date. [1]

The Fixed Allowed Eurobond Claims are based on a currency conversion rate as of the Commencement

Date.  As the proofs of claim filed by Individual Eurobondholders are duplicative of and already reflected

in the claim scheduled for Deutsche Bank and expected to be allowed in a fixed amount under the Plan,

the Debtors will move to expunge the Eurobond Deutsche Debt Claims filed by each Individual

Eurobondholder as duplicative of the claim scheduled to Deutsche Bank.

9.      The Debtors anticipate that, after the Plan has been confirmed in these cases, on the

effective date of the Plan (the "**Effective Date**"), Individual Eurobondholders will directly receive their

---

[1]   Furthermore, disallowing and expunging the Eurobond Deutsche Debt Claims will also avoid a duplication of voting ballots
with respect to the Plan, as Deutsche Bank is already sending individual ballots to the Individual Eurobondholders, and such
votes will be reflected in a master ballot submitted by Deutsche Bank.

distributions from Euroclear Bank or another clearing agency after surrendering their securities to

Deutsche Bank, in its capacity as the fiscal and paying agent.  This method of distribution will reduce

administrative burdens in these cases and ensure that the proper claimants receive their distributions.

        10.     Accordingly, the Debtors request approval of the procedures for the filing of

omnibus objections to proofs of claim (the "**Claim Objection Procedures**") set forth below and the

Debtors will only use the proposed Claim Objection Procedures to object to the Eurobond Deutsche Debt

Claims.

<u>The Claim Objection Procedures</u>

        11.     All proofs of claim filed in these cases must be reviewed for possible objections as

part of the claims administration process.  *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is

filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *id.* §

1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that

appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or

unliquidated.").

        12.     Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple

claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)."  Fed. R. Bankr. P.

3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis for the

objection is that the claims subject to objection:

     (1)     duplicate other claims;

     (2)     have been filed in the wrong case;

     (3)     have been amended by subsequently filed proofs of claim;

     (4)     were not timely filed;

     (5)     have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6)     were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(7)     are interests, rather than claims; or

(8)     assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* 3007(d).  Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus objection on these grounds for up to 100 claims at a time.  *Id.* 3007(e).

13.     As stated above, the Debtors anticipate filing omnibus claim objections to approximately 6,600 Eurobond Deutsche Debt Claims.  As such, the Debtors believe that being permitted to file a single omnibus objection to no more than 500 proofs of claim, rather than 100, will ease the administrative burden on the Court and the administrative and financial burden on the Debtors' estates during the claims reconciliation process.  Accordingly, the Debtors request that they be permitted to file a single objection to no more than 500 proofs of claim at once on the grounds enumerated in Bankruptcy Rule 3007(d) and those enumerated in the Procedures Order (the "**Omnibus Claim Objections**").

14.     Bankruptcy Rule 3007 also requires that a copy of a claim objection, with notice of the hearing, must be served on the affected claimant.  In an effort to reduce service costs and enable claimants to more readily identify an objection to their Eurobond Deutsche Debt Claim, the Debtors propose to serve a personalized notice of the Omnibus Claim Objection, rather than the entire Omnibus Claim Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Claim Objection and, if known, their counsel.  This process worked extremely well under the Supplemental Procedures Order.

15.     The proposed notice to persons or entities that filed Eurobond Deutsche Debt Claims would be in a form substantially similar to the notice annexed hereto as **Exhibit "A"** (each, a "**Claim Objection Notice**").  The proposed Claim Objection Notice would be personalized for each

claimant and would include an explanation of the claim objection process, a description of the basis of the

Omnibus Claim Objection, and the treatment of Fixed Allowed Eurobond Claims under the Plan,

information regarding the response deadline and hearing date, and identification of the claim that is the

subject of the Omnibus Claim Objection.  In order to ensure the prompt revision of the Claim Objection

Notice, the Debtors also propose to affix a stamp on the transmittal envelope that reads: "**OFFICIAL**

**COURT DOCUMENT**."

16.    The proposed Claim Objection Notice annexed hereto is for illustrative purposes

only and will be personalized to include the specific claim information on an Omnibus Claim Objection.

In addition, the Claim Objection Notice will include information on how the claimant can obtain a copy

of the full Omnibus Claim Objection for free, including (i) on the Debtors' approved notice and claims

agent's website at http://www.motorsliquidationdocket.com by accessing a specialized link, or (ii) by

calling a designated toll-free telephone number to request a hard copy.

17.    Use of the Claim Objection Notice will substantially reduce the service costs

related to the claim objection process without depriving the claimants of any information they would

require to understand and respond to any claim objection.  In fact, the Claim Objection Notice would

provide greater clarity to each claimant as to the existence and basis of any objection and the procedures

for responding.  Accordingly, the Debtors request that the Court approve the Debtors' use of Claim

Objection Notices in a form substantially similar to Exhibit "A" with respect to Eurobond Deutsche Debt

Claims.

18.    The proposed procedures are not inconsistent with Bankruptcy Rule 3007 in all

other respects, including that each Omnibus Claim Objection will:

(1)    state in a conspicuous place that claimants receiving the objection should locate
       their names and claims in the objection;

(2)    list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(3)    state the grounds of the objection to each Claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(4)    state in the title the identity of the objector and the grounds for the objections; and

(5)    be numbered consecutively with other omnibus objections filed by the same objector.

Fed. R. Bankr. P. 3007(e).

### **The Relief Requested Should Be Approved by the Court**

19.    Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

20.    Here, authorizing the Debtors to file Omnibus Claim Objections to no more than 500 proofs of claim at a time on the grounds enumerated in Bankruptcy Rule 3007(d) and those enumerated in the Supplemental Procedures Order is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is

intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.

21.    Furthermore, the proposed Claim Objection Notice will provide each claimant with clearer notice of an objection to their claim, more guidance as to the basis of the objection and the procedures for responding than is actually required under Bankruptcy Rule 3007(e), and, in turn, will enhance the claimant's due process protections afforded under the Bankruptcy Rule.  Specifically, rather than receiving the actual Omnibus Claim Objection containing numerous pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007, the Debtors will serve a personalized notice on each claimant identifying the claim that is subject to the Omnibus Claim Objection, the basis of the objection, and the required response deadline and hearing date.

22.    Because of the comprehensive information contained in the personalized Claim Objection Notice, one could argue that each Claim Objection Notice constitutes a separate motion and, accordingly, the limitations contained in Bankruptcy Rule 3007 are satisfied by their express terms. However, even under the proposed Claim Objection Procedures, allowing the Debtors to file one objection in excess of 100 Eurobond Deutsche Debt Claims, as the case may be, is congruent with the rationale behind Bankruptcy Rule 3007(e) and will in fact enhance the rights of creditors by not only preserving the value of the Debtors' estates ultimately available for distribution but also expediting when creditors will be paid.  Accordingly, the Court should authorize the Debtors to file Omnibus Claim Objections with respect to the Eurobond Deutsche Debt Claims, as the case may be, as requested herein.

### Notice

23.    Notice of this Motion has been provided to parties in interest, including Deutsche Bank and Banque Générale du Luxembourg S.A., in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case

Management Procedures, dated August 24, 2010 (ECF No. 6750).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

24.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court other than in respect of the Procedures Order and the Supplemental Procedures Order.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       December 14, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

## Notice of Omnibus Objection to Eurobond Deutsche Debt Claims

**OFFICIAL COURT DOCUMENT**

---

**PLEASE CAREFULLY REVIEW THIS NOTICE AS IT WILL AFFECT YOUR CLAIM IN THE GENERAL MOTORS CORPORATION (NOW MOTORS LIQUIDATION COMPANY) BANKRUPTCY CASE**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :        Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY, *et al.*,**                    :        **09-50026 (REG)**
    **f/k/a General Motors Corp., *et al.***          :
                                                             :
           **Debtors.**                       :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

<u>**NOTICE OF OBJECTION TO INDIVIDUAL EUROBOND DEUTSCHE DEBT CLAIMS**</u>

**[Claimant Name]**

| Claim Information | | | | | Basis For Objection |
|---|---|---|---|---|---|
| **Date** | **Claim #** | **Debtor** | **Classification** | **Amount** | **Claim is duplicative of a claim scheduled by the Debtors for Deutsche Bank, as fiscal and paying agent, on behalf of beneficial bondholders.** |
|  |  |  |  |  |  |

      <u>**PLEASE TAKE NOTICE THAT**</u>, on _____, 2010, Motors Liquidation Company (formerly known as General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to your proof of claim identified above.  The name of the objection is the **[insert ordinal]** Omnibus Objection to Proofs of Claim of Holders of Eurobond Deutsche Debt Claims (the "**Objection**").

      **You have received this notice because the Debtors have objected to your proof of claim and your rights will be affected.**

**You should read this notice carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

**A copy of the full Objection can be viewed at http://www.motorsliquidationdocket.com/maincase.php3 by searching for docket number [\_\_\_].  Or, you may request a complete copy of the Objection at the Debtors' expense, by contacting the Debtors at 1-800-414-9607, or by sending an e-mail to claims@motorsliquidation.com.**

The reason for the Objection is that the Debtors believe your claim is duplicative of a claim that the Debtors have already scheduled to Deutsche Bank as fiscal and paying agent on your behalf and others similarly situated.  The Debtors believe that your claim arises solely from the bonds or notes under that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among MLC, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. (the "**Fiscal and Paying Agency Agreement**," and the claims arising from the notes or bonds issued thereunder, the "**Eurobond Deutsche Debt Claims**").  In a document filed with the Bankruptcy Court on September 15, 2009, called the Debtors' Schedules of Assets and Liabilities (ECF No. 4061), the Debtors provided that Deutsche Bank has a claim, on behalf of all holders of Eurobond Deutsche Debt Claims, in the aggregate amount of approximately $3.8 billion, which accounts for all principal plus accrued and unpaid interest as of June 1, 2009, the day the Debtors' chapter 11 cases were commenced.  Furthermore, the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010, as may be amended from time to time (the "**Plan**") (ECF No. 8015), provides that a claim based on the Fiscal and Paying Agency Agreement, along with certain other claims arising from other foreign debt instruments, will be allowed in an amount (the "**Fixed Allowed Eurobond Claims**") that overrides and supersedes any individual claims filed by record holders or beneficial owners of the affected debt securities.  Under the Plan, the Fixed Allowed Eurobond Claims will be allowed in an amount that will not be less than

outstanding principal plus accrued and unpaid interest as of June 1, 2009 (the "**Commencement Date**"), as converted to U.S. dollars as of the Commencement Date.  As the Debtors believe that your rights are already protected under the Plan and, furthermore, your proof of claim is duplicative of the claim allowed under the Plan, the Debtors are attempting to expunge your proof of claim.  The Debtors do not believe that your proof of claim asserts a claim in addition to seeking outstanding principal plus accrued and unpaid interest on notes or bonds issued under the Fiscal and Paying Agency Agreement.  To the extent your proof of claim asserts a claim other than for principal plus accrued and unpaid interest, such claim will be disallowed if the Bankruptcy Court grants this Objection.

The Debtors anticipate that, after a chapter 11 plan has been confirmed in these cases, on the effective date of such plan (the "**Effective Date**"), holders of Eurobond Deutsche Debt Claims will directly receive their distributions pursuant to disbursements from Euroclear Bank or other clearing agency.  The Debtors believe this method of distribution will reduce administrative burdens in these cases and ensure that the proper claimants receive their distributions.

<u>**YOU WILL NOTICE THAT**</u> the Objection requests that the Bankruptcy Court expunge and disallow your claim listed above, subject to the occurrence of the Effective Date, on the ground that your claim is duplicative of the claim scheduled by the Debtors to Deutsche Bank.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed, and you will not be entitled to any distribution from the Debtors' estates on account of that specific claim, although the entitlement to receive distributions through the fiscal and paying agent will not be affected.**

If you disagree with the Objection's treatment of your claim, you may call the

Debtors to try and resolve your concerns at **1-800-414-9607**.  If you are unable to resolve your

concerns with the Debtors before the deadline to respond, then you <u>must</u> file and serve a written

response (a "**Response**") to the Objection in accordance with this notice and you <u>must</u> appear at

the Hearing described below.

You may participate in the Hearing telephonically provided that you comply with

the Court's instructions, which can be found on the Court's website at <u>www.nysb.uscourts.gov</u>

(the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand

side, and then clicking on "Telephonic Appearance Provider."  You must also provide prior

written notice by mail or e-mail of your telephonic appearance to (i) Weil, Gotshal & Manges

LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward

Wu, Esq. (<u>edward.wu@weil.com</u>)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for

the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New

York 10036 (Attn:  Lauren Macksoud, Esq. (<u>lmacksoud@kramerlevin.com</u>)).

**If you do not oppose the disallowance and expungement of your claim, then**

**you do not need to file a Response or appear at the Hearing (as defined below).**

**<u>PLEASE TAKE FURTHER NOTICE THAT</u>** a hearing (the "**Hearing**") on the

Objection is scheduled to be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern

District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One

Bowling Green, New York, New York 10004-1408, on **[___], 2011 at [___] _.m. (Eastern**

**Time)**.  If you file a Response to the Objection, you should plan to appear at the Hearing either

in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on

the Objection with respect to your claim.  If the Debtors do continue the Hearing with respect to

your claim, then the Hearing will be held at a later date.  If the Debtors do not continue the

Hearing with respect to your claim, then a Hearing on the Objection will be conducted on the

above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a

Response is **[____], 2010 at 4:00 _.m. (Eastern Time)**.  Only those Responses that are timely

will be considered at the Hearing.  Your Response will be deemed timely only if it is:  (i) filed

with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (The

User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov)

before the deadline for Responses; **or** (ii) **actually** received on a 3.5 inch disk, in text-searchable

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format **and** in hard copy at each of the following addresses on or before the deadline for

response:

> A.     Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
> Court, One Bowling Green, Room 621, New York, New York 10004-
> 1408;
>
> B.     Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
> Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
> and
>
> C.     Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
> committee of unsecured creditors, 1177 Avenue of the Americas, New
> York, New York 10036 (Attn: Lauren Macksoud, Esq.).

Your response, if any, must contain at a minimum the following: (i) a caption

setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and

the number of the Objection to which the response is directed; (ii) the name of the claimant and

description of the basis for the amount of the claim; (iii) a concise statement setting forth the

reasons why the claim should not be disallowed and expunged for the reasons set forth in the

Objection, including, but not limited to, the specific factual and legal bases upon which you will

rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the

extent not included with the proof of claim previously filed with the Bankruptcy Court, upon

which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must

return any reply to your response, if different from that presented in the proof of claim; and (vi)

the name, address, and telephone number of the person that can be contacted in connection with

the Objection.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above,

then the Debtors have the right to object on other grounds to your claim (or to any other claims

you may have filed) at a later date.  You will receive a separate notice of any such objections.

If you have any questions about this notice or the Objection, please contact the

Debtors at **1-800-414-9607**.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE

BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief**

**requested in the Objection without further notice or a hearing if you fail to file a timely**

**Response or appear at the Hearing.**

Dated: New York, New York
      [_____], 2010

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                  :

In re                        :          Chapter 11 Case No.
                                  :

MOTORS LIQUIDATION COMPANY, *et al.*,   :          09-50026 (REG)
     f/k/a General Motors Corp., *et al.*    :

               Debtors.        :          (Jointly Administered)
                                  :
------------------------------------------------------------------x

SECOND SUPPLEMENTAL ORDER PURSUANT TO
11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 ESTABLISHING
SUPPLEMENTAL RULES AND AUTHORITY FOR FILING
OMNIBUS OBJECTIONS TO CERTAIN FOREIGN DEBT CLAIMS

Upon the Motion, dated December 14, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for an order, pursuant to section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 3007, for approval of certain Claim Objection

Procedures supplementing this Court's order approving procedures for the filing of omnibus

objections to proofs of claim (the "**Procedures Order**") (ECF No. 4180), and supplementing

this Court's Supplemental Order Establishing Supplemental Rules and Authority for Filing

Omnibus Objections to Certain Debt Claims (the "**Supplemental Procedures Order**") (ECF

No. 6238), all as more fully described in the Motion; and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Procedures Order and the Supplemental Procedures Order are

supplemented as provided herein; and it is further

ORDERED that the Debtors are authorized to file Omnibus Claim Objections to

no more than 500 proofs of claim at a time with respect to Eurobond Deutsche Debt Claims; and

it is further

ORDERED that, except as expressly provided herein and in the Supplemental

Procedures Order, the Debtors and other parties in interest shall comply with the requirements

for Omnibus Claim Objections set forth in Bankruptcy Rule 3007(e); and it is further

ORDERED that any order sustaining an Omnibus Claim Objection shall be a final

order with respect to each Eurobond Deutsche Debt Claim referenced in such Omnibus Claim

Objection as if an individual objection had been filed for each proof of claim; and it is further

ORDERED that the Debtors are authorized to serve a personalized Claim

Objection Notice, rather than the entire Omnibus Claim Objection, on each claimant whose

claim is the subject of the applicable Omnibus Claim Objection and, if known, its respective

counsel.  The Claim Objection Notice shall be in a form substantially similar to the notice

annexed to the Motion as Exhibit "A" with respect to Eurobond Deutsche Debt Claims, shall be

personalized for each claimant, and shall include an explanation of the claim objection process, a

description of the basis of the Omnibus Claim Objection, information regarding the response

deadline and hearing date, identification of the claim that is the subject of the Omnibus Claim

Objection, and information on how the claimant might obtain a complete copy of the Omnibus

2

Claim Objection.  The transmittal envelope containing the Claim Objection Notice shall include a stamp that reads: "**OFFICIAL COURT DOCUMENT**."  The Debtors reserve the right to serve Omnibus Claim Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all Omnibus Claim Objections with this Court to be made publicly available on the docket through PACER and for free on the website of the Debtors' approved notice and claims agent, The Garden City Group Inc., at **http://www.motorsliquidationdocket.com/maincase.php3**.  Service of a Claim Objection Notice shall be limited to the claimant whose claim is the subject of the applicable Omnibus Claim Objection and its counsel, if known; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      [_____], 2010


_____
United States Bankruptcy Judge