**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                  :          **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY, *et al.*,**   :          **09-50026 (REG)**
       **f/k/a General Motors Corp., *et al.***   :
:
                 **Debtors.**       :          **(Jointly Administered)**
:
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 502(c) AUTHORIZING ESTIMATION OF DEBTORS' AGGREGATE LIABILITY FOR ASBESTOS PERSONAL INJURY CLAIMS AND ESTABLISHING SCHEDULE FOR ESTIMATION PROCEEDING

Upon the Motion, dated November 15, 2010 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 502(c) of title 11, United States

Code (the "**Bankruptcy Code**"), authorizing the estimation of the Debtors' aggregate liability

with respect to Asbestos Personal Injury Claims and establishing a schedule for an estimation

proceeding before the Court, all as more fully described in the Motion; and due and proper notice

of the Motion having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

          ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Court will holding a hearing to estimate the Debtors'

aggregate liability for Asbestos Personal Injury Claims; and it is further

ORDERED that the following deadlines and procedures shall govern the

estimation proceeding:

(a)    The parties shall each be permitted one asbestos expert;

(b)    All fact discovery demands shall be served no later than December

8, 2010 at 4:00 p.m. (Eastern Time), all responses in connection with any such fact discovery

demands shall be served no later than December 23, 2010 at 4:00 p.m. (Eastern Time), and all

fact depositions shall be completed by January 7, 2011;

(c)    The parties shall file and serve opening expert reports (together

with all other materials referred to in Fed. R. Civ. P. 26(a)(2)(b)) regarding the estimated amount

of the Debtors' aggregate liability for Asbestos Personal Injury Claims by no later than January

14, 2011 at 4:00 p.m. (Eastern Time);

(d)    The parties shall file and serve rebuttal reports regarding the

estimated amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims by

February 4, 2011 at 4:00 p.m. (Eastern Time);

(e)    Any pre-trial briefs shall be filed and served by February 4, 2011

at 4:00 p.m. (Eastern Time);

(f)    Each party shall make its expert available to be deposed, with any

such depositions to be completed by February 18, 2011;

(g)    The parties shall exchange copies of all exhibits to be offered in

respect of their cases-in-chief at the hearing on the estimation of the Debtors' aggregate liability

for Asbestos Personal Injury Claims and provide copies of any such exhibits to the Court by

February 22, 2011 at 4:00 p.m. (Eastern Time), but exhibits to be used solely for impeachment or

rebuttal need not be exchanged by the parties or provided to the Court in advance;

      (h)      The Court will hold a hearing to estimate the Debtors' aggregate

liability for Asbestos Personal Injury Claims commencing on March 1, 2011 at 8:30 a.m.

(Eastern Time) and continuing on March 2, 2011 and March 3, 2011, as necessary;

and it is further

      ORDERED that the deadlines set forth above, except the date on which the

estimation hearing will commence, may be modified by agreement of the parties or by an order

of the Court upon showing of good cause; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      _**December 15**_, 2010

                            _**/s/ Robert E. Gerber**_          
                            United States Bankruptcy Judge