**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
     f/k/a General Motors Corp., *et al.* :
: 
                         Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

### NOTICE OF PROPOSED SALE OF *DE MINIMIS* ASSETS PURSUANT TO *DE MINIMIS* ASSET SALE PROCEDURES

PLEASE TAKE NOTICE that the above-captioned debtors (collectively, the "**Debtors**"), pursuant to the Order Pursuant to Sections 105 and 363 of the Bankruptcy Code (A) Establishing Procedures for the Disposition of *De Minimis* Assets and (B) (i) Authorizing the Debtors to Pay Related Fees, and (ii) Assume, Assume and Assign, or Reject Related Executory Contracts or Unexpired Leases entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") in the Debtors' chapter 11 cases on August 18, 2009 [Docket No. 3830] (the "**Sale Order**"), propose to sell (the "*De Minimis* **Sale**") certain assets (the "**Assets**") to Commercial Development Company, Inc. (the "**Purchaser**") pursuant to an agreement dated April 30, 2010 (as amended, the "**Purchase Agreement**"). This Notice is being provided in accordance with and sets forth the information required under the Sale Order.

Description of the Assets. The Assets consist of a 927,000 square foot metal stamping building situated on 72 acres of land located at 1451 Lebanon School Road, West Mifflin, Pennsylvania. The Debtors are aware of existing environmental contamination of the Assets.

Major Economic Terms and Conditions of the Proposed *De Minimis* Sale. The Purchaser has agreed to purchase the Assets for a total purchase price of $3,700,000.00, which shall be reduced by the amount that the Purchaser is obligated to fund for financial assurance of certain environmental obligations in accordance with the terms of the Purchase Agreement. Accordingly, the net cash portion of the purchase price to be paid by the Purchaser is $1,216,750.00. The Debtors propose to sell the Assets to Purchaser free and clear of all liens, claims or encumbrances therein, pursuant to section 363(f) of title 11 of the United States Code (the "**Bankruptcy Code**"). The Purchase Agreement sets forth the other major economic terms and conditions of the *De Minimis* Sale.

Relationship of Purchaser to the Debtors. The Purchaser has no relationship to the Debtors.

Executory Contracts and Unexpired Leases. The Debtors do not intend to reject any executory contracts or unexpired leases in connection with the sale. The Debtors no not intend to assume and assign any executory contracts or unexpired leases to the Purchaser. As such, there are no amounts required to cure any defaults in connection with the assumption of any executory contracts or leases pursuant to section 365(b) of the Bankruptcy Code.

Liens and Encumbrances on the Assets. The Debtors are aware of the following parties holding or asserting liens or other interests or potential interests in the Assets: (i) the Debtors' postpetition lenders, (ii) West Mifflin Borough in respect of a municipal lien in the amount of $2,184.22, and (iii) Gale Weisz in respect of a judgment in the amount of $22,942.83. To the extent that any other party has liens or encumbrances on the Assets, the Debtors believe that any such lien or encumbrance would either be subject to monetary satisfaction in accordance with section 363(f)(5) of the Bankruptcy Code or, if such interest is a lien, the price at which the

Assets are to be sold is greater than the aggregate value of all liens on the Assets in accordance with section 363(f)(3) of the Bankruptcy Code.  The holder of any such lien or interest will be adequately protected, as the lien or interest will attach to the proceeds of the sale .

Procedures to Object to the Proposed *De Minimis* Sale.  Any objection to the proposed *De Minimis* Sale (an "**Objection**") must:  (i) be in writing; (ii) state with specificity the nature of the objection; and (iii) be filed with the Bankruptcy Court and served on the parties identified on the exhibit attached hereto (the "**Interested Parties**") on or before December 30, 2010 at 4:00 p.m. (the "**Objection Deadline**").  If no Objections are filed with the Bankruptcy Court and served on the Interested Parties by the Objection Deadline in accordance with the terms of the Sale Order described above, then the Debtors may proceed with the *De Minimis* Sale in accordance with the terms of the Sale Order.  The Debtors may consummate a *De Minimis* Sale prior to expiration of the applicable Objection Deadline if the Debtors obtain each Interested Party's written consent to the *De Minimis* Sale.

Dated: December 15, 2010
         New York, New York

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

**Exhibit**

**Interested Parties**

1. Attorneys for the Debtors

   Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York  10153
   (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.)

2. The United States Trustee for the Southern District of New York
   33 Whitehall Street, 21st Floor,
   New York, New York  10004
   (Attn: Tracy Hope Davis, Esq.)

3. Counsel for the Statutory Committee of Unsecured Creditors

   Kramer Levin Naftalis & Frankel LLP
   1177 Avenue of the Americas
   New York, New York  10036
   (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.)

4. Counsel for the lenders under that certain Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement, dated as of July 10, 2009, among Motors Liquidation Company (f/k/a General Motors Corporation), as Borrower, the Guarantors party thereto, and the Lenders party thereto from time to time

   Cadwalader, Wickersham & Taft LLP
   One World Financial Center
   New York, New York  10281
   (Attn: John J. Rapisardi, Esq.)

5. The Office of the United States Attorney for the Southern District of New York
   86 Chambers Street, Third Floor
   New York, New York  10007
   (Attn: Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.)

6. Tom Corbett, Attorney General for the State of Pennsylvania
   Pennsylvania Office of Attorney General
   16th Floor, Strawberry Square
   Harrisburg, PA  17120

7. John K. Weinstein, Alleghany County Treasurer
   Courthouse
   436 Grant Street, Room 108
   Pittsburgh, Pennsylvania  15219-2497

8. Gale Weisz
   28 W. Miller Street
   New Castle, Pennsylvania  16102

9. Counsel for Gale Weisz

   Gina Banai
   510 Main Street, Suite E
   Bentleyville, Pennsylvania  15314

   Meredith Gordon
   1060 First Avenue, Suite 400
   King of Prussia, Pennsylvania  19406

10. West Mifflin Borough
    c/o Legal Tax Service, Inc.
    714 Lebanon Road
    West Mifflin, Pennsylvania  15122