# United States Bankruptcy Court
## Southern District of New York

In re:  Motors Liquidation Company            Case No. 09-50026 (REG)(Jointly Administered)
         (f/k/a General Motors Corporation)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Knighthead Master Fund, L.P.                          Citigroup Global Markets Inc.

Name of Transferee                                    Name of Transferor

Name and Address where notices to transferee should be sent:    Court Claim # (if known): 66218

Knighthead Capital Management                         Amount of Claim: $5,031,054.90, together with any and all interest and other amounts payable respect thereto, a portion of Claim #66218 filed in the principal amount of $102,691,204.67
623 Fifth Avenue, 29th Floor
New York, NY 10033
Attn: Laura Torrado

                                                      Date Claim Filed: 11/30/2009

Last Four Digits of Acct. #: _____

                                                      Phone:
                                                      Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Knighthead Master Fund, L.P.
By: Knighthead Capital Management, L.L.C., its
Investment Manager

By: _____          Date: 12/15/2010
    Transferee/Transferee's Agent
    Laura L. Torrado
    Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

463-130/COURT/2909196.1

# United States Bankruptcy Court
## Southern District of New York

In re: Motors Liquidation Company  
(f/k/a General Motors Corporation)

Case No. 09-50026 (REG)(Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 66218 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| Citigroup Global Markets Inc. | Knighthead Master Fund, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Citigroup Global Markets Inc.<br>390 Greenwich St.<br>New York, NY 10013<br>Attn: Chetan Bansal<br>Phone: (212) 723-6064<br><br>With a copy to:<br>Morrison & Foerster LLP<br>2000 Pennsylvannia Ave., NW<br>Suite 5500<br>Washington, DC 20006<br>Attn: Charles M. Cole<br>    Christropher S. Campbell<br>Phone: (202) 887-1500 | Knighthead Master Fund, L.P.<br>c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10033<br>Attn: Laura Torrado<br>Tel: 212-356-2914<br>Fax: 212-356-3933<br>Email: ltorrado@knighthead.com |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within_____ days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____  
CLERK OF THE COURT

463-130/COURT/2909196.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   This Agreement and Evidence of Transfer of Claim (this "Agreement") is dated as of December 15, 2010 (the "Effective Date").

2.   For value received, the adequacy, sufficiency and receipt of which are hereby acknowledged, **Citigroup Global Markets Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Knighthead Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, all of Seller's right, title and interest in and to **£2,859,000.00** principal amount (equivalent to $4,701,053.70 principal amount using the conversion rate of 1.6443, which is the conversion rate used in the Proof of Claim (as defined below)) of certain 8.375 percent notes due 2015, with ISIN XS0171922643 (the "Notes"), issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company, f/k/a General Motors Corporation (the "Debtor"), debtor in reorganization proceedings (the "Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 09-50026 (REG), and, to the extent relating to the Notes, an undivided interest in all of Seller's right, title, and interest in and to Proof of Claim Number **66218** filed by or on behalf of **Perry Partners International, Inc.**, against the Debtor in the Case (the "Proof of Claim"), which interest in the Proof of Claim transferred hereby is in the amount of **£3,059,694.03** (comprised of £2,859,000.00 principal amount of Notes and £200,694.03 accrued and unpaid interest as of the date of filing of the Case) (the equivalent of **$5,031,054.90** of the total amount of the Proof of Claim, comprised of $4,701,053.70 principal amount of Notes and $330,001.20 accrued and unpaid interest as of the date of filing of the Case (in each case using the conversion rate of 1.6443 used in the Proof of Claim)) (the "Purchased Claim"), including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) all exhibits, attachments and/or supporting documentation relating to the Purchased Claim (the "Claim Documents"), (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Notes (as defined herein), and (v) any and all proceeds of any of the foregoing (the Notes, the Purchased Claim, and the items referenced in (i) through (v) are collectively referred to as the "Transferred Claim").

3.   Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before the last date fixed by the Court pursuant to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§101 et. seq., as amended, and the Federal Rules of Bankruptcy Procedure and any corresponding or other local rules of the Court on which proofs of claim or

Schedule 2-1

dc-625146

interest may be filed in the Case with respect to the Transferred Claim; (b) the Proof of Claim relates to one or more securities expressly identified on Exhibit F-9 to the Debtor's Schedules of Assets and Liabilities, as filed with the Court on September 15, 2009; (c) Seller is the sole legal and beneficial owner and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement; (e) the Proof of Claim includes the Purchased Claim; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates (including the holding of any funds or property of or owing any amounts or property to the Debtor or its affiliates), that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment (including the timing of payments or distributions) than is received by other holders generally of claims arising in respect of the Guarantee (as defined in the Proof of Claim); and (g) to the best of its knowledge, all amounts due and owing in respect of the Notes have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any the Notes.

    4.    Purchaser represents and warrants that it has full power and authority to execute, deliver and perform its obligations under this Agreement. Purchaser hereby agrees to indemnify, defend and hold Seller, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Purchaser's breach of its representations and warranties made herein.

    5.    Knighthead Capital Management, LLC represents and warrants that it has full power and authority to execute and deliver this Agreement on behalf of Purchaser and to contractually bind Purchaser to the terms hereof. Other than the preceding sentence, notwithstanding anything contained in this Agreement to the contrary, Seller agrees that Knighthead Capital Management, LLC shall have no obligation or liability (except for a breach by Knighthead Capital Management, LLC of its representation and warranty in the preceding sentence) under this Agreement but is acting solely as agent for Purchaser and all obligations and liabilities of Purchaser under this Agreement are enforceable solely against Purchaser and Purchaser assets and not against any general partner, limited partner, shareholder or member of Purchaser or Knighthead Capital Management, LLC or against any assets of any general partner, limited partner, shareholder or member of Purchaser or Knighthead Capital Management, LLC. No manager, officer or agent of Purchaser or Knighthead Capital Management, LLC shall be personally liable for any obligation under this Agreement.

    6.    Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.

dc-625146

7.  Purchaser may file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

8.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights in the Transferred Claim hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

9.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.

10. Each of Seller and Purchaser agrees that it shall not disclose the purchase price or purchase rate to any person or entity, except (i) to the extent required by applicable law or regulatory authorities, (ii) to its affiliates, employees, professional advisors or auditors, and (iii) as necessary to enforce this Agreement.

11. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim, in each such case at the requesting party's sole expense.

12. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

dc-625146

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

**CITIGROUP GLOBAL MARKETS INC.**

By: /s/ *[signature]*
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013

**KNIGHTHEAD MASTER FUND, L.P.**

By: Knighthead Capital Management, L.L.C.,
    its Investment Manager

By:_____
Name:
Title:

Knighthead Master Fund, L.P.
c/o Knighthead Capital Management, LLC
623 5th Avenue, 29th Floor
New York, NY 10022
Attn:  Laura L. Torrado, Esq.
Tel:   (212) 356-2914
Fax:   (212) 356-3921
Email: ltorrado@knighthead.com

**KNIGHTHEAD CAPITAL MANAGEMENT, LLC**
solely with respect to Section 5 hereof

By:_____
Name:
Title:

dc-625146

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

**CITIGROUP GLOBAL MARKETS INC.**      **KNIGHTHEAD MASTER FUND, L.P.**

By: Knighthead Capital Management, L.L.C.,
    its Investment Manager

By:_____      By:_____
Name:                                  Name:
Title:                                 Title: Laura L. Torrado
                                              Authorized Signatory

Citigroup Global Markets Inc.          Knighthead Master Fund, L.P.
390 Greenwich St.                      c/o Knighthead Capital Management, LLC
New York, NY 10013                     623 5th Avenue, 29th Floor
                                       New York, NY 10022
                                       Attn:  Laura L. Torrado, Esq.
                                       Tel:   (212) 356-2914
                                       Fax:   (212) 356-3921
                                       Email: ltorrado@knighthead.com


**KNIGHTHEAD CAPITAL MANAGEMENT, LLC**
solely with respect to Section 5 hereof

By:_____
Name:
Title: Laura L. Torrado
       Authorized Signatory

dc-625146