**Presentment Date and Time: January 3, 2011 at 12:00 noon (Eastern Time)**
**Objection Deadline: January 3, 2011 at 11:30 a.m. (Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Robert T. Schmidt
Philip Bentley

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------ X | : | |
| In re: | : | Chapter 11 Case No.: |
| | : | |
| MOTORS LIQUIDATION COMPANY, et al. | : | 09-50026 (REG) |
|       f/k/a General Motors Corp., et al. | : | |
| | : | |
|    Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------ X | | |

### NOTICE OF PRESENTMENT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS THE COMMITTEE'S DELAWARE LOCAL COUNSEL *NUNC PRO TUNC* TO NOVEMBER 16, 2010

PLEASE TAKE NOTICE that upon the annexed Application, dated December 16, 2010

(the "**Application**"), of The Official Committee of Unsecured Creditors (the "**Committee**") of

Motors Liquidation Company and its affiliated debtors and debtors in possession (collectively,

the "**Debtors**"), for an order approving the employment and retention of Morris, Nichols, Arsht

& Tunnell LLP ("**Morris Nichols**") as Delaware local counsel to the Committee, the

undersigned will present the attached proposed order to the Honorable Robert E. Gerber, United

States Bankruptcy Judge, for signature on **January 3, 2010 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Application must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243

(Attn: Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan

48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys

for the United States Department of the Treasury, One World Financial Center, New York, New

York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury,

1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias,

Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th

Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein,

Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of

unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas

Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be

received no later than **January 3, 2010 at 11:30 a.m. (Eastern Time)** (the "**Objection**

**Deadline**").

Dated: New York, New York
          December 16, 2010

                                        By:      /s/    Robert T. Schmidt
                                               Robert T. Schmidt

                                               KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                               Thomas Moers Mayer
                                               Robert T. Schmidt
                                               1177 Avenue of the Americas
                                               New York, New York 10036
                                               Phone: (212) 715-9100
                                               Fax: (212) 715-8000

                                               Counsel for the Official Committee
                                               of Unsecured Creditors of Motors Liquidation
                                               Company, et al.

KL2 2679726.1

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3275
Facsimile: (212) 715-8000
Thomas Moers Mayer
Robert T. Schmidt
Philip Bentley

*Counsel for the Official Committee*
*of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :    Chapter 11 Case No.:
                                                                     :
MOTORS LIQUIDATION COMPANY, et al.                                   :    09-50026 (REG)
          f/k/a General Motors Corp., et al.                         :
                                                                     :
          Debtors.                                                   :    (Jointly Administered)
                                                                     :
-------------------------------------------------------------------- X

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS THE COMMITTEE'S
DELAWARE LOCAL COUNSEL *NUNC PRO TUNC* TO NOVEMBER 16, 2010**

The Official Committee of Unsecured Creditors (the "**Committee**") of Motors

Liquidation Company and its affiliated debtors and debtors in possession (collectively, the

"**Debtors**"), by and through its counsel, Kramer Levin Naftalis & Frankel LLP ("**Kramer**

**Levin**"), submits this application (the "**Application**"), pursuant to sections 105(a), 328, and

1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order (the

"**Order**"), attached hereto as **Exhibit A**, authorizing the Committee's employment and retention

of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") as Delaware local counsel (the

"**Delaware Local Counsel**") for the Committee in connection with the Debtors' chapter 11 cases *nunc pro tunc* to November 16, 2010.  In support of this Application, the Committee submits the Declaration of Gregory W. Werkheiser (the "**Werkheiser Declaration**"), which is annexed hereto as **Exhibit B**.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION

1.   This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief sought are 28 U.S.C. §§ 328 and 1103.

## BACKGROUND

3.   On June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.   On June 3, 2009 (the "**Formation Date**"), the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases.

5.   On June 3, 2009, the Committee selected Kramer Levin as its counsel.

6.   On July 20, 2010, the Committee filed a motion pursuant to Bankruptcy Rule 2004 seeking discovery of certain information from certain asbestos trust and claims processing facilities (the "**Trusts**") regarding approximately 7,400 individuals who, prepetition, had filed lawsuits against Old GM alleging that exposure to Old GM asbestos had caused them to develop

mesothelioma (the "**UCC 2004 Motion**").  After a contested hearing on August 9, 2010, this

Court entered an order dated August 24, 2010, granting the UCC 2004 Motion and authorizing

the Committee to issue subpoenas to the Trusts requesting the production of certain information

with respect to "all claimants specified by the Creditors' Committee who filed a pre-petition

lawsuit against one or more of the Debtors for mesothelioma (the "**UCC 2004 Order**").

7.   On October 27 and 28, 2010, certain asbestos trusts (including two of the trusts

who contested the Committee's Bankruptcy Rule 2004 relief) commenced a series of related

actions in the United States Bankruptcy Court for the District of Delaware (the "**Delaware**

**Bankruptcy Court**"), styled as *ACandS Asbestos Settlement Trust, et al., v. Hartford Accident

and Indemnity Co.*, in the following asbestos-related bankruptcy cases pending before the

Honorable Judith K. Fitzgerald, United States Bankruptcy Judge:

| Lead Debtor | Main Case No. | Adversary Case No. |
|---|---|---|
| ACandS, Inc. | Case No. 02-12687 (JKF) | Adv. No. 10-53721 (JKF) |
| Specialty Products Holding Corp. | Case No. 10-11780 (JKF) | Adv. No. 10-53702 (JKF) |
| Kaiser Aluminum Corp. | Case No. 02-10429 (JKF) | Adv. No. 10-53719 (JKF) |
| Owens Corning | Case No. 00-03837 (JKF) | Adv. No. 10-53720 (JKF) |
| USG Corporation | Case No. 01-02094 (JKF) | Adv. No. 10-53712 (JKF) |

In each of these adversary proceedings, the plaintiff-asbestos trusts filed a complaint and

motion for preliminary injunction (the "PI Motion") seeking to enjoin the defendants—and

others—from conducting discovery against the trusts (these proceedings are collectively

referred to as the "Delaware Proceedings").

8.   By the Delaware Proceedings, the trusts seek, among other things, a declaration

that they "need not and may not provide individual claimant information except pursuant to

subpoenas issued in connection with an asbestos personal injury lawsuit relating to a single

claimant."  In addition, they seek an injunction that would prevent one of the claims processing

facilities that has been subpoenaed by the Committee from "providing discovery sought from the Trusts except in conformance with the declaration" described above.

9. The Committee has not been formally named as a defendant or party in the Delaware Proceedings. Nonetheless, given the sweeping scope of the declaration and injunctive relief sought by the asbestos trusts, the Committee filed a motion to intervene in the Delaware Proceedings for the limited purpose of opposing the PI Motion, and, at the same time, filed an objection to the PI Motion.

10. The Committee has since been able to reach a resolution of its Bankruptcy Rule 2004 requests with the Trusts and has obtained clarification from the plaintiffs in the Delaware Proceedings that they do not seek relief against the Committee. Accordingly, the Committee withdrew its motion to intervene in the Delaware Proceedings.

11. In connection with responding to the PI Motion and intervening in the Delaware Proceedings, the Committee retained Morris Nichols as its Delaware co-counsel as required by Rule 9010-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. *See* Del. Bankr. L.R. 9010-1(c) ("Unless otherwise ordered, an attorney not admitted to practice by the District Court and the Supreme Court of the State of Delaware may not be admitted pro hac vice unless associated with an attorney who is a member of the Bar of the District Court and who maintains an office in the District of Delaware for the regular transaction of business.").

<u>**RELIEF REQUESTED**</u>

12. Based on its need for local counsel, the Committee has determined to employ Morris Nichols. Gregory W. Werkheiser will be the principal partner responsible for this project.

KL2 2679726.1

13. By this Application, the Committee seeks entry of an order authorizing the employment and retention of Morris Nichols as its Delaware Local Counsel. The Committee submits that the retention of Morris Nichols to assist the Committee was necessary to comply with the Local Rules and practices of the Delaware Bankruptcy Court and enabled the Committee's lead counsel, Kramer Levin, to serve the interest of general unsecured creditors, as prescribed in Bankruptcy Code section 1103(a).

## Scope of Service

14. The Committee believes that the Services of Morris Nichols were necessary to enable them to faithfully execute their statutory duties.[1] Morris Nichols rendered legal services to the Committee, including, but not limited to:

(a) Assisting the Committee in preparing filings as was necessary in furtherance of the Committee's interests and objectives;

(b) Representing the Committee at certain hearings and other proceedings in Delaware; and

(c) Performing such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

The Committee has selected Morris Nichols as Delaware Local Counsel based upon their extensive experience in debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and due to their substantial experience before courts in Delaware, including the Bankruptcy Court for the District of Delaware.

## Terms of Retention

15. Morris Nichols agreed to serve as Delaware Local Counsel for the Committee and to receive compensation and reimbursement in accordance with its standard billing practices and

---

[1] Please note that the Application is *nunc pro tunc* to November 16, 2010 and the services provided by Morris Nichols are largely complete. Total fees and expenses incurred by Morris Nichols were approximately $15,000.

KL2 2679726.1

the provisions of sections 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.

16. The Committee respectfully submits that the rates charged by Morris Nichols are fair and reasonable and have been negotiated with the Committee. Morris Nichols's current hourly rates for its personnel range between $270 per hour for the most junior associate to $750 per hour for the most senior partner. The following chart is representative of Morris Nichols' current hourly rates for work of this nature:

- *Partners*              $475 to $750
- *Associates*            $270 to $470
- *Paraprofessionals*     $195 to $250
- *Case Clerks*           $130

Morris Nichols's current hourly billing rates are subject to periodic adjustments to reflect economic and other conditions.

17. Morris Nichols's hourly billing rates are not intended to cover out-of-pocket expenses and certain elements of other expenses that are typically billed separately. Accordingly, Morris Nichols regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, *inter alia*, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services. Morris Nichols has agreed that it will only seek reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure and the guidelines established by the United States Trustee.

### Morris Nichols's Disinterestedness

18. Based upon the Werkheiser Declaration, sworn to on December 16, annexed hereto as Exhibit B and incorporated herein by reference, to the best of the Committee's

KL2 2679726.1

knowledge, except as stated in the Werkheiser Declaration: (i) Morris Nichols is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) Morris Nichols does

not have any connection with the Debtor or any other party in interest; and (iii) Morris Nichols

does not hold or represent any interest adverse to the Committee or the unsecured creditors,

which the Committee represents, in the matters for which it is to be retained.

19. To the extent that Morris Nichols discovers any new relevant facts or

relationships bearing on the matters described herein during the period of its retention, Morris

Nichols will supplement the Werkheiser Declaration.

## NO PRIOR REQUEST

20. No prior application for the relief requested herein has been made to this or any

other court.

WHEREFORE, the Committee requests the entry of an Order (a) granting the

Application; and (b) granting such other or further relief as the Court deems appropriate.

Dated: New York, New York
       December 16, 2010


By:     /s/    Robert T. Schmidt
        Robert T. Schmidt

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        Thomas Moers Mayer
        Robert T. Schmidt
        1177 Avenue of the Americas
        New York, New York 10036
        Phone: (212) 715-9100
        Fax: (212) 715-8000

        Counsel for the Official Committee
        of Unsecured Creditors of Motors Liquidation
        Company, et al.

KL2 2679726.1

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11 Case No.:
                                                                 :
MOTORS LIQUIDATION COMPANY, et al.                               :    09-50026 (REG)
        f/k/a General Motors Corp., et al.                       :
                                                                 :
        Debtors.                                                 :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- X    **Related Docket No. _____**

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS THE COMMITTEE'S DELAWARE LOCAL COUNSEL *NUNC PRO TUNC* TO NOVEMBER 16, 2010

Upon the Application of the Official Committee of Unsecured Creditors of Motors Liquidation Company for Entry of an Order Authorizing the Employment and Retention of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") as the Committee's Delaware Local Counsel *Nunc Pro Tunc* to November 16, 2010 (the "**Application**"); and upon the Declaration of Gregory W. Werkheiser (the "**Werkheiser Declaration**"), a member of Morris Nichols in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Werkheiser Declaration, that Morris Nichols neither represents nor holds any interest adverse to the Debtors and their estates with respect to the services described in the Application; that its employment is necessary and in the best interests of the Committee and the Debtors' estates; and sufficient cause appearing therefor, it is hereby

1.    ORDERED that the Application is granted; and it is further

2.    ORDERED that, in accordance with sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Committee is authorized to retain and employ Morris Nichols as its local counsel for the purpose of providing legal services with respect to the

matters described in the Application and in accordance with the terms specified in the

Application, *nunc pro tunc* to November 16, 2010; and it is further

3. ORDERED that Morris Nichols shall be compensated in such amounts as may be

allowed by the Court upon the filing of appropriate applications for allowance of interim or final

compensation in accordance with the procedures set forth in sections 330 and 331 of the

Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court,

and such other procedures has have been or may be established by order of this Court.

Dated: _____, 20__
       New York, New York

_____
The Honorable Robert E. Gerber
United States Bankruptcy Judge

KL2 2679726.1

**EXHIBIT B**

**Werkheiser Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                    :
In re:                               :     Chapter 11 Case No.:
                                      :
MOTORS LIQUIDATION COMPANY, et al.     :     09-50026 (REG)
        f/k/a General Motors Corp., et al.     :
                                      :
        Debtors.                     :     (Jointly Administered)
                                      :
------------------------------------------------------------------ X

**DECLARATION OF GREGORY W. WERKHEISER IN SUPPORT OF THE
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MOTORS LIQUIDATION COMPANY FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS THE COMMITTEE'S
LOCAL COUNSEL *NUNC PRO TUNC* TO NOVEMBER 16, 2010**

Pursuant to Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy

Procedures, GREGORY W. WERKHEISER, declares:

1.   I am a member of the firm Morris, Nichols, Arsht & Tunnell LLP ("**Morris

Nichols**"), which maintains an office at 1201 North Market Street, 18th Floor, Wilmington, DE

19801.

2.   This declaration (the "**Declaration**") is being submitted in support of the

Application of the Official Committee of Unsecured Creditors of Motors Liquidation Company

for Entry of an Order Authorizing the Employment and Retention of Morris, Nichols, Arsht &

Tunnell LLP as the Committee's Delaware Local Counsel *Nunc Pro Tunc* to November 16, 2010

(the "**Application**").

3.   Morris Nichols is a law firm providing, *inter alia*, legal services in the bankruptcy

and restructuring area.  Morris Nichols is well-qualified to serve as the Official Committee of

Unsecured Creditors' (the "**Committee**") Delaware counsel in that, among other things, its

members have extensive experience providing in debtors' and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code, in addition to substantial experience

before various courts in Delaware, including the United States Bankruptcy Court for the District

of Delaware.

## Scope of Service

4.    Morris Nichols rendered legal services to the Committee as needed, including, but

not limited to:

(a) Assisting the Committee in preparing filings as was necessary in furtherance
of the Committee's interests and objectives;

(b) Representing the Committee at certain hearings and other proceedings in
Delaware; and

(c) Performing such other legal services as may be required and are deemed to be
in the interests of the Committee in accordance with the Committee's powers
and duties as set forth in the Bankruptcy Code.

## Terms of Retention

5.    Morris Nichols agreed to serve as Delaware Local Counsel for the Committee and

to receive compensation and reimbursement in accordance with its standard billing practices and

the provisions of sections 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the

Court.  Morris Nichols's current hourly rates for its personnel are as follows:

- *Partners*                    $475 to $750
- *Associates*                  $270 to $470
- *Paraprofessionals*           $195 to $250
- *Case Clerks*                 $130

6.    In addition, also subject to allowance by this Court in accordance with all

applicable law, Morris Nichols shall submit for reimbursement all of its reasonable out-of-pocket

expenses incurred in connection with Morris Nichols's employment in this matter.

7.    No promises have been received by Morris Nichols as to compensation in

2

connection with these cases other than as outlined in this Declaration and the Application in accordance with the provisions of the Bankruptcy Code. Morris Nichols has no agreement with any other entity to share any compensation received.

8.  The terms of Morris Nichols's employment and compensation as described in this Declaration and the Application are consistent with employment and compensation arrangements typically entered into by Morris Nichols when providing such legal services and are competitive with those arrangements entered into by other law firms when rendering comparable services.

## Morris Nichols's Disinterestedness

9.  To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, except as set forth below, neither Morris Nichols nor I have any connections with and do not have or represent any interest materially adverse to the interests of the Committee, the Debtors, their creditors, or any other parties in interest.

10. Morris Nichols does not currently represent any entity in matters related to these chapter 11 cases. Morris Nichols may represent or may have represented certain parties with interests in the Debtors' cases, on matters unrelated to these chapter 11 cases.

11. Morris Nichols has conducted research into its relations with the Debtors, affiliates of the Debtors, managers, members, officers of the Debtors, employees of the Debtors and certain other persons and entities (the "Potential Parties in Interest"), relying on a list provided by Debtors' counsel. Morris Nichols entered the names of certain Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Morris Nichols. This inquiry revealed that certain of the Potential Parties in Interest were current or former Morris Nichols clients (the list of such clients is referred to herein as the "Client Match List"). Through the information generated from the above-mentioned

computer inquiry, and through follow-up inquiries with Morris Nichols attorneys responsible for certain clients listed on the Client Match List, Morris Nichols determined that the representation of the clients on the Client Match List concerned matters unrelated to these Cases.  In particular, to the best of my knowledge, information and belief, (a) Morris Nichols currently serves as counsel to the entities identified on the schedule annexed hereto as **Schedule 1** on matters unrelated to these cases; and (b) Morris Nichols formerly represented those entities identified on the schedule annexed hereto as **Schedule 2** on matters unrelated to these cases since January 1, 2007.  Although Morris Nichols values all of its clients, none of the entities listed on **Schedule 1** or **Schedule 2** represents significant financial revenues for Morris Nichols.  Morris Nichols's computer database covers a period of time prior to January 1, 2007; however, as a matter of practice, Morris Nichols has not listed on **Schedule 2** former clients for such prior period (consistent with the disinterested time frame of two years).  Morris Nichols's review of the Potential Parties in Interest is ongoing, and Morris Nichols will update the disclosures in this paragraph and the attached Schedules as appropriate.

12. Given the large number of unsecured creditors and other parties in interest in these chapter 11 cases, there may be other unsecured creditors and parties in interest that have been served by Morris Nichols.  While Morris Nichols may have provided, or may in the future provide, substantively unrelated legal services to parties in interest in these cases, none of those relationships or matters has or will have any connection with these chapter 11 cases.  Morris Nichols will file supplementary affidavits regarding this retention if additional relevant information is obtained.

13. Morris Nichols is not and never was a creditor, equity security holder, or an insider of any of the Debtors.

KL2 2679726.1

14. Morris Nichols is not and was not, within two years before the petition date, a director, officer, or employee of any of the Debtors, nor did it provide services to any of the Debtors.

15. In connection with the Delaware Proceedings, Morris Nichols has also been retained, subject to approval of the United States Bankruptcy Court for the Western District of North Carolina, by Garlock Sealing Technologies, LLC ("**Garlock**"), a debtor-in-possession in an unrelated bankruptcy case, which was named a defendant in those proceedings.  I believe that Garlock's interests are aligned with the Committee's in the Delaware Proceedings, and, therefore, this representation does not represent an interest adverse to the Committee.  Both Garlock and the Committee have informed Morris Nichols that they consent to the respective representations.

16. Accordingly, to the best of my knowledge, information and belief, Morris Nichols is a "disinterested person" as such term is defined by section 101(14) of the Bankruptcy Code.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Wilmington, DE
      December 16, 2010

                             _/s/ Gregory W. Werkheiser_____
                               Gregory W. Werkheiser (De. Bar. #3553)

## SCHEDULE 1

Current Client Match Entities

The Royal Bank of Scotland plc
ACE USA and certain affiliates
AIG and certain affiliates
Aon Corp. and certain affiliates
Bank of America / Merrill Lynch and certain affiliates
Bank of New York, Mellon and certain affiliates
Barclay's Bank (former Lehman Brothers) and certain affiliates
Citigroup and certain affiliates
First National Bank, Inc.
TIAA-CREF
Credit Suisse Securities (USA) LLC
Delphi Automotive
Deutsche Bank AG and certain affiliates
Fidelity and certain affiliates
General Electric and certain affiliates
Goldman Sachs & Co. and certain affiliates
Hartford Steam Boiler (HSB) and certain affiliates
Johnson Controls
Marsh & McLennan Companies and certain affiliates
The Northern Trust Company of Delaware
State Street Bank and Trust Company
Travelers Casualty and Surety Company of American and certain affiliates
USB NTMC Fund
Targa Resources (related to Warburg Pincus and UBS Securities)
The Vanguard Group, Inc. and certain affiliates
Wilmington Trust Company and certain affiliates

**Presentment Date and Time: January 3, 2011 at 12:00 noon (Eastern Time)**
**Objection Deadline: January 3, 2011 at 11:30 a.m. (Eastern Time)**

# SCHEDULE 2

Former Client Match Entities, since January 1, 2008

Allianz Global Investors Solutions LLC
ArcelorMittal and certain affiliates
Bridgestone Sports Co., Ltd. and Bridgestone Golf, Inc.
California Public Employees' Retirement System (CALPERS)
Federal Insurance Company (related to Chubb Group of Insurance Companies)
Great American Group
Dollar Thrifty Automotive Group, Inc.
Liberty Mutual Insurance Company and certain affiliates
Morgan Stanley & Co, Inc. and certain affiliates
Southeastern Asset Management Inc.
One William Street Capital Partners LP
Tiger OCCM Holdings I LLC
U.S. Bank N.A. and certain affiliates
Certain affiliates of UBS Securities LLC