UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                             :
                                                  :        Chapter 11
                                                  :
MOTORS LIQUIDATION COMPANY, *et al.*,             :        Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*          :
                                                  :
                    Debtors.                      :        (Jointly Administered)
-------------------------------------------------------------x

**STIPULATION AND ORDER APPROVING TERMS OF
LETTER OF INTENT ENTERED INTO BY GENERAL
MOTORS LLC AND LESON CHEVROLET COMPANY, INC.**

WHEREAS, on July 5, 2009, the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") entered an Order ("**363 Sale Order**") that, *inter alia*, authorized and approved the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (the "**MSPA**"), by and among General Motors Corporation, n/k/a Motors Liquidation Company, and certain of its affiliates (collectively, the "**Debtor**") and General Motors LLC f/k/a NGMCO, Inc. ("**New GM**"). Pursuant to the MSPA and the 363 Sale Order, New GM, on July 10, 2009, purchased substantially all of the assets of the Debtor free and clear of the Debtor's liabilities, except as expressly assumed by New GM under the MSPA;

WHEREAS, as part of the transactions approved by the 363 Sale Order, the Debtor entered into and assigned to New GM certain Deferred Termination Agreements or "Wind-Down Agreements" between the Debtor and certain of its authorized new motor vehicle dealers;

WHEREAS, prior to the Debtor filing for bankruptcy, Leson Chevrolet Company, Inc. ("**Leson**") operated an authorized Chevrolet Dealership pursuant to a General Motors Dealer Sales and Service Agreement (the "**Leson Dealer Agreement**"). In the Debtor's bankruptcy proceedings, the Debtor determined not to retain Leson as an authorized Chevrolet dealership.

NYC_IMANAGE-1216743.2

The Debtor, as an alternative to outright rejection of the Leson Dealer Agreements, offered Leson a Wind-Down Agreement ("**Leson Wind-Down Agreement**"), which Leson accepted, executed and returned to the Debtor in June, 2009;

WHEREAS, in December 2009, Congress passed the Consolidated Appropriations Act 2010, Pub. Law 111-117, 123 Stat. 3034 (2009) ("**Dealer Arbitration Act**"), which gave "wind-down" dealers the opportunity to seek reinstatement to the GM dealer network through binding arbitration.  Leson filed a timely demand for arbitration in accordance with the Dealer Arbitration Act and an arbitration hearing was held in June, 2010.  On June 18, 2010, the arbitrator issued an award finding that Leson had satisfied the factors set forth in the Dealer Arbitration Act.  New GM and Leson subsequently entered into a letter of intent ("**Prior LOI**") that was signed by Leson on July 1, 2010;

WHEREAS, Leson maintains and New GM disputes that Leson's execution of the Prior LOI was signed by Leson under protest;

WHEREAS, subsequent to the signing of the Prior LOI, a dispute arose between New GM and Leson regarding the effect of the Prior LOI and the enforceability of the Leson Wind-Down Agreement;

WHEREAS, on October 8, 2010, New GM filed a motion ("**Motion to Enforce**") in the Bankruptcy Court seeking the entry of an order, *inter alia*, enforcing the terms of the 363 Sale Order and the terms of the Leson Wind-Down Agreement, and directing Leson to specifically perform all of its obligations thereunder.  Leson filed an objection to the Motion to Enforce and New GM filed a reply thereto.  A hearing ("**Hearing**") was held on the Motion to Enforce on October 26, 2010, at which time the Bankruptcy Court found that it had exclusive jurisdiction over all of the issues raised in the Motion to Enforce with respect to Leson.  At the Hearing, the

Bankruptcy Court directed the parties to meet and discuss a possible resolution of the issues raised in the Motion to Enforce; and

WHEREAS, New GM and Leson have engaged in extensive arms' length negotiations and, in order to avoid the costs and risk of further litigation, have agreed on terms for the reinstatement of Leson as a Chevrolet dealer that are set forth in a revised letter of intent ("**Revised LOI**"). A copy of the Revised LOI is annexed hereto as Exhibit "A."

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between New GM and Leson (collectively, the "**Parties**"), which stipulation ("**Stipulation**"), when so-ordered by the Bankruptcy Court, shall constitute both an agreement between the Parties and an order of the Bankruptcy Court, as follows:

1. All of the terms and conditions set forth in the Revised LOI are hereby incorporated by reference herein and agreed to and approved in their entirety.

2. The Bankruptcy Court shall have full, complete and exclusive jurisdiction to interpret, enforce and adjudicate disputes relating to or arising out of or under the Wind-Down Agreement, this Stipulation and/or the Revised LOI, and any other matter related thereto.

3. In the event of a conflict between the Revised LOI and the Leson Dealer Agreement, as amended by the Wind-Down Agreement, the terms and conditions of the Revised LOI shall control.

4. This Stipulation and the Revised LOI shall be binding upon and inure to the benefit of the Parties, their successors and assigns.

5. The Parties acknowledge that they have each read and fully understand the terms of this Stipulation and the Revised LOI, and agree that they are entering into this Stipulation and Revised LOI knowingly and voluntarily and agree to all of its provisions.

6. The Parties each acknowledge that they have each been represented by counsel, have jointly negotiated and prepared this Stipulation and the Revised LOI, and are fully satisfied with all of their terms. In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation and/or the Revised LOI, this Stipulation and/or the Revised LOI shall be construed as if drafted by both Parties, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provision of this Stipulation and/or the Revised LOI.

7. Each Party agrees to execute all such further documents as shall be reasonably necessary, required or helpful to carry out the terms, provisions and conditions of this Stipulation and the Revised LOI.

8. This Stipulation is subject to (i) the approval of the Bankruptcy Court and shall be of no force and effect unless and until it is so-ordered by the Bankruptcy Court, and (ii) entry of an order ("Sealing Order") authorizing the filing of the Revised LOI under seal and, as such, the Revised LOI shall not be filed under seal unless and until the Bankruptcy Court approves this Stipulation and enters the Sealing Order.

*[Remainder of Page Left Intentionally Blank]*

9. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile.

| KING & SPALDING LLP<br>Attorneys for General Motors LLC<br><br><br>By:___*/s/ Scott I. Davidson*_____<br>    Arthur Steinberg<br>    Scott Davidson<br>1185 Avenue of the Americas<br>New York, New York 10036<br>(212) 556-2100 | CARELLA, BYRNE, CECCHI, OLSTEIN,<br>   BRODY & AGNELLO, P.C.<br>Attorneys for Leson Chevrolet Company, Inc.<br><br>By:___*Jeffrey A. Cooper*_____<br>    Jeffrey A. Cooper<br>    Marc D. Miceli<br>5 Becker Farm Road<br>Roseland, New Jersey 07068<br>(973) 994-1700 |
|---|---|

SO ORDERED this **17th** day of
**December**, 2010


**/s/ Robert E. Gerber**_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# THE REVISED LOI HAS BEEN FILED UNDER SEAL PURSUANT TO AN ORDER OF THE COURT DATED DECEMBER 14, 2010 [DOCKET NO. 8098]