**Exhibit C**
**Certificate of Title**

US_ACTIVE:\43425027\15\72240.0639



**Exhibit D**
**Supplemental Response to First Set of Special Interrogatories**

US_ACTIVE:\43425027\15\72240.0639

Adam Q. Voyles - (Admitted *Pro Hac Vice*)
HEARD, ROBINS, CLOUD & LUBEL LLP
3800 Buffalo Speedway, Fifth Floor
Houston, Texas 77098
Tel: (713) 650-1200, fax (713) 650-1400
avoyles@heardrobins.com

Ira Spiro - State Bar No. 67641
Dennis F. Moss - State Bar No. 77512
J. Mark Moore - State Bar No. 180473
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard., Fifth Floor
Los Angeles, CA 90064-1683
(310) 235-2468, fax (310) 235-2456
ira@spiromoss.com
dennisfmoss@yahoo.com
mark@spiromoss.com

Attorneys for Plaintiffs and all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | |
|---|---|
| La RONDA HUNTER, ROSANA N. PULGARIN and ROBIN GONZALES on behalf of themselves and on behalf of all others similarly situated and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS CORPORATION and DOES 1 through 100, <br><br> Defendants. | CASE No. BC 324622 <br><br> [Assigned to Hon. Anthony J. Mohr, Dept. 309] <br><br> LA RONDA HUNTER'S <u>SUPPLEMENTAL</u> RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES <br><br> [SET ONE] <br><br> Complaint Filed:   November 16, 2004 <br> Trial Date:   Not Set Yet |

PROPOUNDING PARTY:    GENERAL MOTORS CORPORATION

RESPONDING PARTY:    LA RONDA HUNTER

SET NO:    ONE (1)

-1-
La RHONDA HUNTER'S SUPPLEMENTAL RESPONSE
TO FIRST SET OF SPECIAL INTERROGATORIES

## PRELIMINARY STATEMENT

Plaintiff has not completed her investigation of the facts relating to this case or discovery in this action and has not completed preparation for trial on the merits of Plaintiff's claims. Plaintiff's responses are limited to such information that is presently and specifically known to Plaintiff. If additional information is subsequently discovered which would require a change in response, the responses will be amended as may be appropriate. It is also anticipated that further discovery, independent investigation, legal research and analysis may supply additional facts, add meaning to known facts as well as establish entirely new factual matters, conclusions and legal contentions. The following responses are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered information.

## GENERAL OBJECTIONS AND QUALIFICATIONS

Plaintiff objects to Defendant's First Set of Interrogatories and qualifies her responses thereto on each of the following grounds:

1. Plaintiff objects to these Interrogatories to the extent they attempt to impose obligations on Plaintiff other than those imposed or authorized by the California Code of Civil Procedure and/or any applicable order of this Court.

2. Plaintiff objects to these Interrogatories on the grounds that they are premature in that discovery is ongoing and incomplete and that Defendant has not produced documents or information in response to Plaintiff's discovery and that Plaintiff has not yet taken the depositions of Defendants employees and/or person(s) most qualified to testify concerning matters related to the merits of Plaintiff's claims.

3. Plaintiff further objects to these Interrogatories to the extent they seek information equally available to Defendant and/or the information sought is more readily available to Defendant than to Plaintiff.

4. Plaintiff objects to each interrogatory to the extent it seeks private information protected by rights of privacy under California or federal law.

5. Plaintiff objects to each interrogatory to the extent it seeks information that is not within

-2-
La RHONDA HUNTER'S SUPPLEMENTAL RESPONSE
TO FIRST SET OF SPECIAL INTERROGATORIES

Plaintiff's possession, custody, control or knowledge.

6. Plaintiff's objections and responses are made without waiving the right to object to the use of any response on the grounds of relevance, materiality, hearsay or any other appropriate ground.

7. Plaintiff reserves the right to revise, correct, clarify or supplement any of these responses at any time. Plaintiff and her counsel have not completed their investigation, analysis or discovery related to this case. The responses contained herein are based on Plaintiff's knowledge and the information and documents in her possession, custody and control. Plaintiff anticipates that further discovery, investigation, legal research and analysis could supply additional responsive information.

8. These General Objections are incorporated into each of the following Interrogatories, and the General Objections shall be deemed continuing as to each Interrogatory and are not waived, or in any way limited, by the following objections and responses.

Subject to the aforementioned objections, Plaintiff responds as follows:

**SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES:**

**INTERROGATORY NO. 1**: State whether you own or lease one or more Subject Vehicles. If you do own or lease one or more Subject Vehicles, state, with respect to each Subject Vehicle owned or leased, the circumstances under which you acquired the vehicle, including, but not limited to:

a. the model and model year of the vehicle, the Vehicle Identification Number ("VIN") of the vehicle, the current odometer reading on the vehicle and the name of the present registered owner and principal driver(s);

b. whether you acquired the vehicle by purchase, lease, gift, trade, or otherwise, whether the vehicle was purchased, leased, or otherwise acquired new or used, the date that you acquired the vehicle, the person in whose name the vehicle was purchased, leased, or otherwise acquired, and the odometer reading on the vehicle on the date that you acquired it;

c. the name and address of the individual or entity from whom you acquired the vehicle;

d. the price that you paid to acquire the vehicle, the financing terms, if any, of your purchase or lease, whether you traded in another vehicle with the seller at the time of your acquisition of the Subject

-3-

Vehicle, and if so, identify that vehicle by make, model and year, and the amount you were credited in trade for the vehicle.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Objection. Plaintiff objects that this interrogatory is improperly compound, conjunctive and disjunctive and contains subparts in violation of CCP § 2030.060(f), which forbids special interrogatories from containing subparts and compound, conjunctive or disjunctive questions. For these reasons the interrogatory also is unlawful, overbroad, unduly burdensome and intentionally harassing. Plaintiff objects to Defendant's purported "Definitions and Instructions" section on the ground that it is prohibited by CCP § 2030.060(d), which states that "[e]ach interrogatory shall be full and complete in and of itself. No preface or instruction shall be included with a set of interrogatories unless it has been approved under Chapter 17 (commencing with Section 2033.710)." Plaintiff regards Defendant's "Definitions and Instructions" as null and void and her responses, if any, will be based on a reasonable construction of the terms used and the questions posed based on common usage in the English language. Further objection is made that Defendant's effort to impose a continuing duty to supplement, contained in the "Definitions and Instructions" section, violates CCP § 2030.060(g), which states that "[a]n interrogatory may not be made a continuing one so as to impose on the party responding to it a duty to supplement an answer to it that was initially correct and complete with later acquired information." Plaintiff further objects that the term "Subject Vehicle" is vague and ambiguous and not defined in this interrogatory, rendering this interrogatory in violation of CCP § 2030.060(d) and (e), the latter of which states that "[a]ny term specially defined in a set of interrogatories shall be typed with all letters capitalized wherever that term appears." Objection is also made that certain of the information requested is not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence, and the interrogatory is thus overbroad. Plaintiff also objects to the extent that certain of the information requested is protected by rights of privacy under California or federal law. Objection is further made on the ground that certain of the information requested is equally available to Defendant or already in Defendant's possession.

Subject to and without in any way waiving the foregoing objections, Plaintiff responds as

-4-

follows: Assuming that the term "Subject Vehicle" has the same meaning that term has in Plaintiff's operative Complaint, Plaintiff does own a "Subject Vehicle." Specifically, Plaintiff owns a 2001 GMC Yukon with Vehicle Identification Number 1GKEC13T71J201855. The current odometer reading is 90,499. The registered owner is La Ronda Hunter. The principal driver is La Ronda Hunter.

Supplementing her response subject to the aforementioned objections, Plaintiff states: The Yukon was purchased "new" as a demonstration vehicle, with approximately 1,800 miles on the odometer. There was no trade-in. The purchase price, as stated elsewhere in Plaintiff's discovery responses, was approximately $33,000. Plaintiff believes she purchased it at Justice Auto in Carson, CA.

**INTERROGATORY NO. 3**: For each Subject Vehicle identified in response to Interrogatories No. 2 and No. 3 above, state the nature of any and all work performed on the vehicle(s) including, but not limited to, modifications, additions, repairs and maintenance, and identify any and all documents relating to said work performed.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

Objection. Plaintiff objects that this interrogatory is improperly compound, conjunctive and disjunctive, and contains subparts in violation of CCP § 2030.060(f), which forbids special interrogatories from containing subparts and compound, conjunctive or disjunctive questions. For these reasons the interrogatory also is unlawful, overbroad, unduly burdensome and intentionally harassing. Plaintiff objects to Defendant's purported "Definitions and Instructions" section on the ground that it is prohibited by CCP § 2030.060(d), which states that "[e]ach interrogatory shall be full and complete in and of itself. No preface or instruction shall be included with a set of interrogatories unless it has been approved under Chapter 17 (commencing with Section 2033.710)." Plaintiff regards Defendant's "Definitions and Instructions" as null and void and her responses, if any, will be based on a reasonable construction of the terms used and the questions posed based on common usage in the English language. Further objection is made that Defendant's effort to impose a continuing duty to supplement, contained in the "Definitions and Instructions" section, violates CCP § 2030.060(g), which states that "[a]n

-5-
La RHONDA HUNTER'S SUPPLEMENTAL RESPONSE
TO FIRST SET OF SPECIAL INTERROGATORIES

interrogatory may not be made a continuing one so as to impose on the party responding to it a duty to supplement an answer to it that was initially correct and complete with later acquired information." Plaintiff further objects that the term "Subject Vehicle" is vague and ambiguous and not defined in this interrogatory, rendering this interrogatory in violation of CCP § 2030.060(d) and (e), the latter of which states that "[a]ny term specially defined in a set of interrogatories shall be typed with all letters capitalized wherever that term appears." Objection is also made that certain of the information requested is not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence, since it unreasonably asks for information regarding all work performed on a vehicle(s) over a period of many years without any connection to the issues in this case and could thus encompass work, repairs and "maintenance" such as routine oil changes, tune-ups, car washes, headlamp exchanges, etc. The interrogatory is thus overbroad, unduly burdensome and harassing.

    Subject to and without in any way waiving the foregoing objections, Plaintiff states as follows: Her defective parking brake system was replaced in April 2005. See also Plaintiff's Response to Interrogatory No. 14 below, as well as her response to Form Interrogatory No. 7.3.

    Further responding pursuant to the parties' "meet and confer" agreements and limitations regarding the scope of this interrogatory, Plaintiff states that before the defective parking brake system was replaced in April 2005, Plaintiff took the Yukon to a GM dealer (Power Chevrolet) located at 14800 Hindry, in Hawthorne, CA in October 2004 because her ABS light was staying on. The problem was corrected at no charge to Plaintiff. As reflected in the repair records previously produced by Plaintiff with bates-numbers P3021-3022, it appears the dealer made repairs to a shorted module to correct the problem. Plaintiff does not recall having any repairs to, or noticeable problems with, her vehicle's transmission.

DATED: November 14, 2008     SPIRO MOSS BARNESS LLP

By: _____
J. Mark Moore
Attorneys for Plaintiffs La RONDA HUNTER,
ROSANA N. PULGARIN, ROBIN GONZALES
and all others Similarly Situated

-6-

La RHONDA HUNTER'S SUPPLEMENTAL RESPONSE
TO FIRST SET OF SPECIAL INTERROGATORIES

## VERIFICATION

I am a party to this action. I either have personal knowledge that the answers in the attached Plaintiff La Ronda Hunter's Supplemental Response to Defendant's First Set of Interrogatories are true, or, to the extent I lack such personal knowledge with respect to certain answers, I believe that those answers are true.

Dated: 11-14-2008          *La Ronda Hunter*

**PROOF OF SERVICE**
HUNTER v. GENERAL MOTORS CORPORATION
CASE NO. BC 324622

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., 5th Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss Barness LLP.

On the date set forth below I served the document(s) described as **PLAINTIFF LA RONDA HUNTER'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** on all the interested parties in this action, by placing: [] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness LLP:

| | |
|---|---|
| J. Andrew Langan<br>Brian P. Kavanaugh<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312.861.2000<br>Fax: 312.861.2200<br>alangan@kirkland.com<br>bkavanaugh@kirkland.com | Pantea Yashar<br>KIRKLAND & ELLIS LLP<br>777 S. Figueroa St., #3700<br>Los Angeles, CA 90017<br>Phone: 213.680.8400<br>Fax: 213.680.8500<br>pyashar@kirkland.com |

[ ] **BY MAIL (Pickup):** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Spiro Moss Barness LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss Barness LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY MAIL (Drop Off):** On the date set forth below I deposited such envelope(s), in a mailbox regularly maintained by the U.S. Postal Service in Los Angeles County, California. The envelope(s) was/were deposited with postage thereon fully prepaid.

[ ] **BY EXPRESS MAIL:** On the date set forth below I deposited such envelope(s) in an Express Mail mailbox, maintained by the U.S. Postal Service for receipt of Express Mail in Los Angeles County, California. The envelope(s) was/were deposited with Express Mail with postage thereon fully prepaid.

[ ] **BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY:** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

[ ] **BY PERSONAL SERVICE:** I personally caused said document(s) on the date set forth below, inside the envelope(s) clearly labeled to identify the attorney(s) to be served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

| | | |
|---|---|---|
| [ ] | **BY FACSIMILE** | On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report. |
| [X] | **BY ELECTRONIC TRANSMISSION:** | On the date set forth below I caused to be transmitted the document(s) listed above to the above email address(es) before 6:00 p.m. |
| [X] | **(STATE)** | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| [ ] | **(FEDERAL)** | I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed at Los Angeles County, California, on November 14, 2008.

_____
Cole Oliver