**<u>Exhibit E</u>**
**<u>Letter from I. Spiro to R. Lutz dated January 12, 2005</u>**

# SPIRO MOSS BARNESS HARRISON & BARGE LLP

### Attorneys at Law

11377 W. Olympic Boulevard • Fifth Floor • Los Angeles, California 90064-1683
Telephone (310) 235-2468 • Fax (310) 235-2456

January 12, 2005

Robert A. Lutz
Vice Chairman, Product Development
Chairman, GM North America
General Motors Corporation
300 Renaissance Center Drive
Detroit, MI 48265

General Motors Corporation
39465 Paseo Padre Parkway
Fremont, CA 94538-5350.

to both addresses by Certified Mail, return
receipt requested and by service on agent
for service

Dear Mr. Lutz and General Motors:

This office represents LaRonda Hunter of California, the owner of one of the following
vehicles: 2002-2003 Cadillac Escalade and Escalade EXIST, 1999-2003 Chevrolet Silverado
1500 Series Pickups, 2000-2003 Chevrolet Tahoe 1500 Series Models, 2002-2003 Chevrolet
Avalanche 1500 Series Models, 1999-2003 GMC Sierra 1500 Series Pickups, and 2000-2003
GMC Yukon 1500 Series Models.

The vehicle owned by Ms. Hunter, and all the other vehicles referred to above, have a defect
in their rear brake systems, and had the defect at the time of their initial retail sales, and at all
times thereafter. Among other things, there is no provision, or insufficient provision, for self-
centering the parking brake shoe within the brake drum, which causes the brake linings to
make prolonged contact with the drum while driving, causes the lining to wear out, and thus
causes the parking brake system and major portions of the rear service brake system to have
to be repaired and replaced, and causes the brakes to be unsafe.

In transactions intended to result in the sale and leasing of these vehicles to consumers, which
did result in the sales and leasing of them to consumers, General Motors did the following.
General Motors represented that these vehicles had characteristics that they did not have,
including that they were or would be free from defects when sold and that they were safe.
General Motors also represented that the vehicles were of standards, qualities, and grades that
they were not, including that they were or would be free from defects when sold and that they
were safe. General Motors also advertised the vehicles with the intent not to sell them as
advertised, including that they were or would be free from defects when sold and that they
were safe.

Spiro Moss Barness Harrison & Barge LLP to
Robert A. Lutz, General Motors Corporation
January 12, 2005
Page 2

Demand is hereby made that General Motors (a) repair, replace and correct the defect in the
parking brake systems of these vehicles, and (b) replace the portions of their rear service
brake systems that must be replaced when the parking brake systems are repaired or replaced.
It is demanded that General Motors do these things in such a way that the owners and lessees
of these vehicles bear no charges or expenses.

Sincerely,

Ira Spiro

SUM-100

# SUMMONS on Complaint
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENERAL MOTORS CORPORATION and DOES 1 through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LaRONDA HUNTER, on behalf of herself and on behalf of
all others similarly situated and the general public,

FOR COURT USE ONLY
*(SOLD PARA USO DE LA CORTE)*

JAN 1 4 2005

3·50
CA.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
*(Número del Caso):*
BC324622

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Los Angeles
111 North Hill Street
P.O. Box 958
Los Angeles, CA 90012
Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ira Spiro, SBN 67641                                    (310) 235-2468   (310) 235-2456
SPIRO MOSS BARNESS HARRISON & BARGE LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

DATE:          NOV 16 2004        *John A. Clarke*        Clerk, by          S. Gabb          , Deputy
*(Fecha)*                                       *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GENERAL MOTORS CORPORATION

   under:  ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Ira Spiro, SBN 67641
SPIRO MOSS BARNESS HARRISON & BARGE LLP
11377 W. Olympic Blvd.
5th Floor
Los Angeles, CA 90064
TELEPHONE NO: (310) 235-2468   FAX NO: (310) 235-2456
ATTORNEY FOR (Name): LaRonda Hunter

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

CASE NAME: HUNTER v. GENERAL MOTORS

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 16 2004

John A. Clarke, Executive Officer/Clerk

By_____ Deputy
SUE CASE

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
| | | BC324622 |

| CIVIL CASE COVER SHEET | Complex Case Designation |
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) |

JUDGE:
DEPT:

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f. [X] Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [X] is [ ] is not a class action suit.
Date: November 15, 2004

Ira Spiro, SBN 67641
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

Page 1 of 2

| SHORT TITLE: HUNTER V. GENERAL MOTORS | CASE NUMBER: BC 324622 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL _15_ ☐ HOURS/☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016   Intellectual Property | 2., 3. |

| CIV 109 03-04<br>LASC Approved | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
| --- | --- | --- |

| SHORT TITLE: HUNTER V. GENERAL MOTORS | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☒ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE:<br>HUNTER V. GENERAL MOTORS | | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| HUNTER V. GENERAL MOTORS | |

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS: |
|---|---|---|
| ☑1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | | 111 N. Hill Street |
| CITY: Los Angeles | STATE: CA  ZIP CODE: 90012 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: November 15, 2004

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 __03-04__ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## NOTICE OF CASE ASSIGNMENT
### LOS ANGELES SUPERIOR COURT

BC324622

CASE NUMBER _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William F. Fahey | 78 | 730 |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Richard C. Hubbell | 62 | 600 |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Jane Johnson | 56 | 514 |
| Hon. Soussan Bruguera | 71 | 729 | | Hon. Morris B. Jones | 48 | 506 |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Conrad Aragon | 49 | 509 |
| Hon. Alan Buckner | 14 | 300 | | Hon. Maureen Duffy-Lewis | 38 | 412 |
| Hon. James C. Chalfant | 13 | 630 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Judith C. Chirlin | 89 | 532 | | Hon. Jon M. Mayeda | 72 | 731 |
| Hon. Rolf M. Treu | 58 | 516 | | Hon. David L. Minning | 61 | 632 |
| Hon. J. Stephen Czuleger | 50 | 508 | | Hon. Charles W. McCoy | 323 | CCW-1707 |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Aurelio Munoz | 47 | 507 |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Lee Edmon | 68 | 617 | | Hon. Rodney E. Nelson | 46 | 500 |
| Hon. Emilie H. Elias | 3 | 224 | | Hon. Mary Thornton House | 17 | 313 |
| Hon. Irving Feffer | 51 | 511 | | Hon. Victor H. Person | 39 | 415 |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Mel Recana | 45 | 529 |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Andria K. Richey | 31 | 407 |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Frances Rothschild | 28 | 318 |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. John P. Shook | 53 | 513 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Rita Miller | 16 | 306 |
| Hon. Paul Gutman | 34 | 408 | | Hon. Thomas L. Willhite Jr. | 23 | 315 |
| Hon. Teresa Sanchez-Gordon | 74 | 735 | | Hon. Alexander Williams III | 35 | 411 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. David A. Workman | 40 | 414 |
| Hon. William Highberger | 32 | 406 | | Hon. George Wu | 33 | 409 |
| Hon. Ernest Hiroshige | 54 | 512 | | OTHER | | |

Given to Plaintiff of record on _____

John A. Clarke, Executive Officer/Clerk

_____, DEPUTY CLER

Revised 11/14/02
c:\My Documents\Judge Assignments.wpd

## Superior Court of California, County of Los Angeles, Central District
## NOTICE OF CASE ASSIGNMENT

The following critical provisions of the Chapter 7 Rules as applicable in the Central District are summarized for your assistance.

### APPLICATION

The Chapter 7 Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment fo purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 d of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party a their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed wi 60 days of the filing date.

A Status Conference will be scheduled by the assigned I/C Judge no later than 270 days after the filing of the compla Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, date and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days prior to the trial to have timely filed served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested j instructions and special jury instructions and special jury verdicts; so that such matters may be heard and resolved at conference. At least 5 days prior to this conference, counsel must also have exchanged lists of exhibits and witnesses have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter 7 Rules, orders made by Court, and time standards or deadlines established by the Court or by the Chapter 7 Rules. Such sanctions may be o party or if appropriate on counsel for such party.

This is not a complete delineation of the Chapter 7 Rules, and adherence only to the above provisions is theref not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading a compliance with the actual Chapter Rules is absolutely imperative.

### *Class Actions

All class actions are initially assigned to Judge Charles W. McCoy in Department 308 of the Central Civil West courtho (600 S. Commonwealth St., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assess whether or not the case is complex within the meaning of California Rules of Court 1800 et seq. Depending on the outco of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program reassigned randomly to a court in the Central District.

Revised 11/14/02
c:\My Documents\Judge Assignments.wpd

## LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS

CRC 201.9(c)  Information about Alternative Dispute Resolution

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

**MEDIATION**
A problem-solving approach during which a neutral facilitator assists the parties in reaching a mutually-satisfactory settlement agreement.  The mediator does not render decisions or awards.

The Court Mediation Program is governed by Code of Civil Procedure (CCP) 1775-1775.7, California Rules of Court (CRC) 1631-1639, Evidence Code 1115-1128, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**ARBITRATION**
An arbitrator hears evidence from all parties and witnesses, and renders a decision and award.  The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure (CCP) 1141.10-1141.31, California Rules of Court (CRC) 1600-1618, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**SETTLEMENT CONFERENCE**
Parties meet with a neutral to explore settlement options.

### JURISDICTIONAL LIMITATIONS

**MEDIATION & ARBITRATION**
If the case was not previously referred to the Court ADR Program, any case in which the amount in dispute will not exceed $50,000 per plaintiff can stipulate, elect or by order be ordered to mediation or arbitration.

Note: Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT CONFERENCE**
Any case, regardless of the amount in dispute, may be ordered to a settlement conference.  There is no monetary limit.

### REFERRAL  INFORMATION

Parties are referred to the ADR Office/Clerk of their court.  Upon completion of ADR forms, parties may select a Neutral (Mediator or Arbitrator) from the Court ADR Panel, or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer.

### QUALIFICATIONS

**MEDIATION**
Attorney or layperson with 25 or more hours of training in mediation.

**ARBITRATION**
Attorney for 5 or more years with a fair amount of trial experience.

**SETTLEMENT CONFERENCE**
Attorney with substantial experience in resolving multi-party and/or complex cases.

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

ADR 005 10-03
LASC Approved

# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### California Academy of Mediation Professionals (818) 377-7250

### Center for Conflict Resolution (818) 304-7242

### Inland Valleys Justice Center (909) 397-5780 *Español*

### Office of the Los Angeles City Attorney
### Dispute Resolution Program (213) 485-8324 *Español*

### Los Angeles County Bar Association Dispute Resolution Services
### (877) 473-7658 *Español* (323) 876-2747 (626) 449-3879

### The Loyola Law School Center for Conflict Resolution (213) 736-1145 *Español*

### Martin Luther King Legacy Association
### Martin Luther King Dispute Resolution Center (323) 290-4132 *Español*

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

### This is a two-sided document.

### What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

### Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

### How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

### A Mediator helps parties. . .

- ◆ Have productive discussions
- ◆ Avoid or break impasses
- ◆ Defuse controversy
- ◆ Generate options that have potential for mutual gain
- ◆ Better understand each other's concerns and goals
- ◆ Focus on their interests rather than their positions

### A Mediator does not...

- ◆ Provide advice or opinions
- ◆ Offer legal information
- ◆ Make decisions for parties
- ◆ Represent or advocate for either side
- ◆ Judge or evaluate anyone or anything
- ◆ Conduct research
- ◆ "Take Sides"

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

### Legal Advice/Information

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Contracts Administration Office**
**(213) 738-2621**

**This is a two-sided document.**

ADR 007 11-03
LASC Approved

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

**ATTORNEY FOR (Name):**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

**1.  ALTERNATIVE DISPUTE RESOLUTION PROCESS:**
☐ Mediation
☐ Non-Binding Arbitration
☐ Binding Arbitration
☐ Settlement Conference
☐ Other ADR Process (describe): _____

**2.  NEUTRAL:**
☐ Court Panel:  The parties request the appointment of the following neutrals from the Court's
   ☐ Pro Bono Panel (no charge to the parties for the first 3 hours of hearing time)
   ☐ Party Pay Panel ($150.00 per hour charge to the parties for the first 3 hours of hearing time)

First choice: _____   Alternate: _____
If neither choice of neutral is available, or if the parties otherwise request, the Court's ADR Office will select the neutral.

☐ The parties request that the ADR Clerk select the neutral.

☐ Private Provider:  The parties stipulate that the following provider shall be appointed as arbitrator or mediator.  (All of the neutral's fees shall be paid by the parties, and divided between them in a manner to which they have agreed.)

Name, address and telephone of Private Neutral:

_____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

ADR 001 07-04

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

ADR-001 07-04

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 201.9
Page 2 of 2

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 6 2004

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SUE CARR

1  Adam Voyles - (*pro hac vice* application to be submitted)
   Heard, Robins, Cloud, Lubel & Greenwood, LLP
2  (832) 214-4839, fax (713) 650-1400
   One Allen Center, 500 Dallas, Suite 3100,
3  Houston, Texas 77002

4  Spiro Moss Barness Harrison & Barge LLP
   Ira Spiro - State Bar No. 67641
5  Dennis F. Moss - State Bar No. 77512
   René L. Barge - State Bar No. 182317
6  11377 W. Olympic Believed., Fifth Floor
   Los Angeles, CA 90064-1683
7  (310) 235-2468, fax (310) 235-2456

8  Attorneys for Plaintiff LaRONDA HUNTER

9

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11         COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12 LaRONDA HUNTER, on behalf of herself        )
   and on behalf of all others similarly situated )   CASE NO.   BC324622
13 and the general public,                      )
                                                )   CLASS ACTION
14                          Plaintiff,           )
                                                )   COMPLAINT FOR DAMAGES,
15 vs.                                           )   RESTITUTION AND OTHER
                                                )   RELIEF;
16                                              )
   GENERAL MOTORS CORPORATION and              )   DEMAND FOR JURY TRIAL
17 DOES 1 through 100,                          )
                                                )
18                          Defendants.         )
                                                )
19 _____ )

20                         **INTRODUCTION**

21         1.    This lawsuit is filed as a class action against Defendant General Motors

22 Corporation ("GM") for developing, designing, manufacturing, distributing and selling trucks

23 (including SUVs, which are trucks) with a defective rear brake system.  The models of trucks

24 with a defective rear brake system include at least the following: 2002-2003 Cadillac Escalade

25 and Escalade EXT, 1999-2003 Chevrolet Silverado 1500 Series Pickups, 2000-2003 Chevrolet

26 Tahoe 1500 Series Models, 2002-2003 Chevrolet Avalanche 1500 Series Models, 1999-2003

27 GMC Sierra 1500 Series Pickups, and 2000-2003 GMC Yukon 1500 Series Models (the "Subject

28 Truck(s)").

                                     1
              COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

**PARTIES**

2.       Plaintiff La Ronda Hunter is a Los Angeles County, California resident. Plaintiff purchased and owns one of the Subject Trucks, a 2001 GMC Yukon 1500 Series Model, which contained a defective rear brake system.

3.       Plaintiff Ms. Hunter appears in this action on behalf of herself and on behalf of all others similarly situated and, pursuant to Business and Professions Code §§17200 *et. seq.*, on behalf of the general public.

4.       Defendant General Motors Corporation (hereinafter "GM") is a corporation.

5.       Plaintiff is informed and believes and thereon alleges that defendants Does 1 through 90 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

6.       Plaintiff is unaware of the true names of defendants Does 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court.

7.       Plaintiff is informed, believes, and thereon alleges that at all relevant times, each Defendant was a developer, designer, manufacturer, distributor and seller of trucks, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word

1    appears.

2        8.    Plaintiff makes the allegations in this complaint without any admission that, as

3    to any particular allegation, plaintiff bears the burden of pleading, proving, or persuading, and

4    plaintiff reserves all plaintiff's rights to plead in the alternative.

5                **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

6        9.    This action has been brought and may properly be maintained as a class action

7    pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.

8        10.    As presently formulated, plaintiff seeks to represent two classes in this proposed

9    class action.  Plaintiff reserves the right to amend this class designation and to propose

10    subclasses if it should become appropriate.  The members of the proposed classes are sometimes

11    referred to below as the "class members."  The two classes are defined as follows:

12        a.    California Class: Plaintiff LaRonda Hunter and all those who have

13    purchased or leased, or will purchase or lease, a Subject Truck in California.

14        b.    National Class: Plaintiff La Ronda Hunter and all those who have

15    purchased or leased, or will purchase or lease, a Subject Truck anywhere in the United States,

16    including California.

17        11.    There is a well defined community of interest in the litigation, and the proposed

18    class is ascertainable:

19        a.    Common Questions Predominate: Common questions of law and fact exist

20        as to all class members, and predominate over any questions that affect only individual

21        members of the class, if there are any individual questions.  The common questions of

22        law and fact include, but are not limited to:

23        (1)    whether the rear brake system in the Subject Trucks possess one or more

24            defects;

25        (2)    whether, because of the defective rear brake system, GM breached the

26            implied warranty of merchantability as to the Subject Trucks;

27        (3)    whether, defective rear brake system, GM breached the implied warranty

28            of fitness for a particular purpose as to the Subject Trucks;

COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

(4)  whether the defective rear brake system caused the amount paid for the purchase or lease of the Subject Trucks to be less than the fair market value of those vehicles;

(5)  what is the dollar amount of the difference between the fair market value of the Subject Trucks and the actual value of those vehicles given the defective rear brake system;

(6)  whether GM expressly warranted the rear brake system;

(7)  the extent of GM's implied warranty of merchantability of the rear brake system

(8)  the extent of GM's implied warranty of fitness for a particular purpose of the rear brake system

(9)  whether GM's warranty to repair defects in the Subject Trucks was part of the basis of the bargain as between GM and members of the Class;

(10)  whether GM failed to adequately repair the defect in the rear brake system of the Subject Trucks;

(11)  whether GM failed to adequately repair the defect in the rear brake system of the Subject Trucks without charge to the class members

(12)  whether and when GM had actual awareness of the defective rear brake system of the Subject Trucks;

(13)  whether the presence of the defective rear brake system in the Subject Trucks a violation of the Song-Beverly Consumer Warranty Act;

(14)  whether the presence of the defective rear brake system in the Subject Trucks is an unfair business practice within the meaning of the Business and Professions Code §§ 17200 et. seq.

b.  Typicality:  Plaintiffs claims are typical of the claims of the class members.  Plaintiff and the class members sustained the same types of damages and losses.

c.      Numerosity and Ascertainability: The classes are so numerous, thousands of persons, that individual joinder of all class members is impractical under the circumstances. The class members can be ascertained by, among other things, sales records and by responses to methods of class notice permitted by law.

d.      Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has no interest adverse or antagonistic to the interests of the other class members. The attorneys for plaintiffs are very experienced and highly regarded plaintiffs' class action attorneys, and have been appointed by the courts as class counsel in dozens of class actions.

e.      Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is extremely impractical.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. The damages suffered by each individual class member are relatively small, and the expenses and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. Important public interests will be served by addressing this matter as a class action. The cost to the court system of adjudication of thousands or tens of thousands of individual lawsuits would be very substantial. Individual lawsuits would also present the potential for inconsistent or contradictory judgments.  No unusual difficulties are likely to be encountered in the management of this class action.

## COMMON FACTUAL ALLEGATIONS

12.      GM develops, designs, manufactures, distributes, and sells the Subject Trucks.

13.      The rear brake system in the Subject Trucks for the corresponding model years, are and always have been defective, which, among other things, causes the brake shoes to move out of their proper place, causes the brakes to function improperly and to wear out

prematurely, creates serious dangers for drivers, passengers and pedestrians, and results in
the brakes having to be repaired and replaced. The model years are:

> 1999-2003 Chevrolet Silverado 1500 Series Pickups;

> 2000-2003 Chevrolet Tahoe 1500 Series Models;

> 2002-2003 Chevrolet Avalanche 1500 Series Models;

> 1999-2003 GMC Sierra 1500 Series Pickups; and

> 2000-2003 GMC Yukon 1500 Series Models.

> 2002-2003 Cadillac Escalade and Escalade EXT;

14.    GM has been aware of the brake defect for years. Numerous complaints about
the brake system in the Subject Trucks have been lodged with GM as well as with the
National Highway Traffic Safety Administration ("NHTSA"). NHTSA has even initiated a
defect investigation regarding the defects in the brake system of the Subject Trucks. GM,
however, has failed to notify owners of the Subject Trucks of the defects or the dangers
associated with their continued operation. For example, GM has failed to notify Subject
Truck owners that the defect is not isolated to the parking brake, but rather adversely affects
the functioning of the rear service brake – a component critical to safely stopping the Subject
Trucks. GM's failure to notify Subject Truck owners and adequately repair this known brake
defect is not only unlawful but extremely dangerous.

15.    The defective rear brake system on the Subject Trucks has resulted and will
continue to result in significant loss and damage to the class members, including but not
limited to reduced fair market value.

16.    This action seeks financial compensation for members of the Class in
connection with their purchase of the Subject Trucks. Plaintiffs do not seek: (I) incidental or
consequential damages arising from the defect; (ii) damages for personal, bodily, or
emotional injury or wrongful death; (iii) damages for becoming subject to liability or legal
proceedings by others. The damages and losses sustained by the class members are less than
$75,000 for each class member, but far more than $75,000 for all class members combined.

COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

## FIRST CAUSE OF ACTION

### (By Plaintiff on Behalf of Herself and the National Class, Against All Defendants, For Breach of Implied Warranty)

17.    Plaintiff incorporates paragraphs 1 through 16 above.

18.    The Subject Trucks are goods as defined by the Uniform Commercial Code (UCC).

19.    The transactions by which the members of the Nationwide Class purchased the Subject Trucks were transactions for the sale of goods and are governed by the UCC.

20.    The presence of the defect in the Subject Trucks purchased by the Nationwide Class substantially impairs the value of those goods. Moreover, the defects in the Subject Trucks render them non-conforming goods as contemplated by UCC § 2-608.

21.    The defective rear brake system makes the Subject Trucks unfit for the ordinary purposes for which the trucks are to be used. GM has failed and refused to repair the defects in the brake system of the Subject Trucks, and has failed and refused to do so at no charge to the class members.   As a direct and proximate result of the foregoing, Plaintiff and all the other class members sustained significant loss and damage, including but not limited to reduced fair market value and did not receive the benefit of their bargain.

## SECOND CAUSE OF ACTION

### (By Plaintiff on Behalf of Herself and the California Class, Against All Defendants, For Breach of Express Warranty and Contract)

22.    Plaintiff incorporates paragraphs 1 through 21 above.

23.    Defendants gave to plaintiff and all the class members an express, written warranty of the Subject Trucks.

24.    Because of the defective rear brake system the Subject Trucks described herein, Defendants breached the warranty as to plaintiff and the class members.

7

COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

1

### THIRD CAUSE OF ACTION

2    (By Plaintiff on Behalf of Herself and the California Class, Against All Defendants, For
     Breach of Warranty under the Song-Beverly Consumer Warranty Act)

3

4        25.    Plaintiff incorporates paragraphs 1 through 24 above.

5        26.    As to the Subject Trucks purchased by the California Class, Defendants breached

6    their warranty of merchantability implied under the Song-Beverly Consumer Warranty Act

7    (Song-Beverly Act). The Subject Trucks were and are not fit for the ordinary purposes for which

8    such goods are used.

9        27.    At all times, Defendants had reason to know at the time of the retail sale that the

10   Subject Trucks were required for a particular purpose, namely as means of transportation on the

11   roads and highways of California and throughout the United States with the necessity of stopping

12   and starting in the ordinary and regular course of operating a motor vehicle, and that the buyers

13   (the California Class members) were relying on the manufacturer's skill and judgment to

14   develop, design, manufacture, distribute, and sell a vehicle with a suitable brake system. As to

15   the Subject Trucks purchased by the California Class, Defendants breached their warranty of

16   fitness implied under the Song-Beverly Act.

17

18   ### FOURTH CAUSE OF ACTION
     (By Plaintiff on Behalf of Herself and the California Class, Against All Defendants for
19   Violation of the Unfair Business Practices Act, also known as the Unfair Competition
     Law, Business. & Prof. Code §§ 17200 *et. seq.* )

20

21       28.    Plaintiff incorporates all paragraphs above.

22       29.    The conduct of Defendants described above constitutes one or more unlawful,

23   unfair and fraudulent business acts and practices within the meaning of Business. & Prof.

24   Code 17200 *et. seq.*

25       30.    The conduct of Defendants is unlawful because, among other things, it

26   constitutes breaches of warranty and contract as alleged above.

27       31.    The conduct of Defendants is unfair because, among other things, it consists of

28   selling a defective product, which it either knew was defective when sold or which it

_____
8
_____

COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

1   subsequently discovered by defective and thereafter failed to notify the Subject Truck

2   owners. Defendants' conduct offends established public policy, is oppressive, and is

3   substantially injurious to consumers. Defendants' conduct is unfair also because it harms

4   competition in that, among other things, it gave Defendants a competitive advantage by

5   allowing Defendants to reap profits from defective products, as compared with competitors

6   who expended the money, time and effort to make non-defective competing products.

7       32.     The conduct of Defendants is fraudulent because, among other things, it was

8   likely to deceive consumers, and did deceive them, into buying defective products at the price

9   of a valuable, non-defective products.

10      33.     Pursuant to Business and Professions Code §§17200 *et seq.*, plaintiff and all

11  the California Class members are entitled to restitution, measured at least in part by the

12  amounts they paid for the defective Subject Trucks as compared with the value of the same or

13  similar truck without the defective rear brake system.

14                              **PRAYER**

15      WHEREFORE, Plaintiff prays judgment for herself and all others on whose behalf

16  this suit is brought, against Defendants, jointly and severally, for the following:

17      A.      That this action be certified as a class action.

18      B.      That plaintiff be appointed the representative of the class.

19      C.      That counsel for plaintiff be appointed class counsel.

20      D.      General damages and special damages as alleged above.

21      E.      Restitution as alleged above.

22      F.      Interest.

23      G.      Costs of suit.

24      H.      Attorneys' fees.

25      I.      Such other relief as the Court deems just and proper.

26  Dated: November 12, 2004          Spiro Moss Barness Harrison & Barge LLP

27

28                                      Ira Spiro
                                        Attorneys for Plaintiff

                                        9
                COMPLAINT FOR DAMAGES, RESTITUTION, ETC.

1

## DEMAND FOR JURY TRIAL

2    Plaintiff, oh behalf of for himself and all others on whose behalf this suit is brought,

3  demands trial by jury to the fullest extent permitted in this action.

4  DATED: November 12, 2004        Spiro Moss Barness Harrison & Barge LLP

5

6

7  Ira Spiro
   Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION, ETC.