1  Robert L. Starr (State Bar No. 183052)
2  e-mail: starresq@hotmail.com
   THE LAW OFFICE OF ROBERT L. STARR
3  23277 Ventura Boulevard
4  Woodland Hills, California, 91364-1002
   Telephone: (818) 225-9040
5  Facsimile: (818) 225-9042

6  Attorneys for Plaintiff Rodolfo F. Mendoza

BY
FILED
2010 APR 13 PM 3:17
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

10

11

12  RODOLFO FIDEL MENDOZA,              Case Number: CV10 2683 AHM VBKx
    individually, and on behalf of a class of
13  similarly situated individuals,

14                                      CLASS ACTION COMPLAINT
              Plaintiff,               FOR:
15

16        v.                            (1)  Violations of California
                                             Consumer Legal Remedies Act
17  GENERAL MOTORS, LLC,
                                        (2)  Violations of Unfair Business
18            Defendant.                     Practices Act – Secret
19                                           Warranty

20                                      (3)  Violations of Unfair Business
                                             Practices Act
21

22                                      (4)  Breach of Implied Warranty
23                                           pursuant to Song-Beverly
                                             Consumer Warranty Act

24                                      JURY TRIAL DEMANDED
25

26

27

28

Case No.:

CLASS ACTION COMPLAINT

# INTRODUCTION

1.     Plaintiff Rodolfo F. Mendoza ("Plaintiff") brings this action for himself and on behalf of all similarly situated persons ("Class Members") who purchased or leased certain defective sports utility vehicles manufactured by Defendant General Motors, LLC ("GM" or "Defendant").

2.     Defendant designed, manufactured, distributed, sold, and leased Chevrolet Equinox sport utility vehicles ("SUV") of model years 2005 to 2009 and Pontiac Torrent SUVs of model years 2006 to 2009 (collectively, the "Class Vehicles") to Plaintiff and Class Members.

3.     Beginning in 2005, if not before, Defendant knew or should have known that the Class Vehicles contain one or more design flaws and/or structural defects that causes them to be highly prone to water leaks and flooding (the "water leak defect"), including but not limited to water leaks that result in flooding of the trunk and spare tire well, water leaks that result in damage to the vehicles' front lights and taillights, as well as water leaks to the car's interior cabin, causing mold and electrical failure due to the water damaging the computer, electrical system, and interior components of the Class Vehicles.

4.     The water leak defect presents a safety hazard and is unreasonably dangerous to consumers for several reasons.

5.     The water leak defect is dangerous because of the danger of catastrophic engine and/or electrical system failure as a result of the water damaging the vehicle's interior components while the vehicle is in operation. Thus, the flooding can cause engine failure, suddenly and unexpectedly, at anytime and under any driving condition or speed, thereby contributing to traffic accidents, which can result in personal injury or death.

6.     The water leak defect is also known to cause tail lights to fail or malfunction. This creates an unreasonably dangerous situation for the driver and vehicles behind the driver that can potentially lead to rear-end accidents, or at the

1  very least, can result in traffic violations, tickets, and increased insurance

2  premiums for the Class Vehicles' drivers.

3      7.      Further, the water leak defect is particularly dangerous in a relatively

4  closed environment like that found inside an SUV such as the Class Vehicles

5  (even more so when the air is being recycled) because it can promote mold

6  growth.  For example, when it rains or when the vehicle is washed, the failure of

7  the Class Vehicles to prevent water from entering the vehicle causes the water to

8  accumulate in the trunk and/or passenger compartment, causing mold (as well as

9  bacteria and other contaminants) to infect the air of the car's interior cabin,

10  thereby exposing Class Members, their passengers, and individuals with whom

11  they come in contact to serious health risks.

12      8.      Mold reproduces by generating spores that are released into the air,

13  which then land on moist surfaces.  They thrive in dark, warm, and moist

14  locations, such as inside trunks and under tire wells, under wet carpets, within the

15  vehicles' interior cabins, and other such locations.  Mold can trigger numerous

16  health problems, including allergic reactions and asthma attacks.  For example,

17  exposure to these mold and other contaminants can cause difficulty breathing and

18  headaches, as well as asthma and allergies, in those who would not otherwise have

19  such health problems.  These dangers are exacerbated by the fact that the mold

20  and other contaminants can be transferred by touch to other surfaces separate from

21  the vehicle. So, for example, if a passenger places an object in the trunk of a

22  vehicle with mold, that mold can attach to the surface of that object and will be

23  taken wherever that object is taken, *e.g.*, the home, the workplace, school, etc.

24  Complaints from exposure to mold include, but are not limited to, flu-like

25  symptoms, chronic fatigue syndrome, memory impairment, migraine headaches,

26  sick-building syndrome, dizziness, and nosebleeds.[1]

27

28  _____
[1] These are the mild symptoms.  Many researchers claim that mold can
attack several main body systems, including the brain, the central nervous

CLASS ACTION COMPLAINT

9. The soaked interiors of Class Vehicles subject to the water leak defect are also extremely difficult to dry properly and are often prone to hazardous mold and odor, even after several detailed cleanings. Moreover, smaller, initial leaks, as well accumulation of water under the tire well—while still causing the same damage to the vehicles and their owners (*i.e.*, hazardous mold)—often go undetected for months or years.

10. In addition to safety hazards, the cost of the water leak defect to consumers can be exorbitant because consumers will be required to pay hundreds, if not thousands, of dollars both to repair the water leak defect and to repair the extensive damage that it causes to the vehicle's flooring, carpeting, and electrical systems.

11. Plaintiff is informed and believes and based thereon alleges that Defendant knows or should have known that the Class Vehicles are defective and not fit for their intended purpose of safe and reliable transportation. Nevertheless, Defendant has actively concealed and failed to disclose this defect from Plaintiff and the Class Members at the time of purchase or lease and thereafter.

12. Plaintiff is informed and believes and based thereon alleges that as the number of consumer complaints about the water leak defect increased, Defendant issued a secret technical service bulletin ("TSB") to its dealers in which it implemented cheaper, albeit temporary, fixes: mainly replacing and/or resealing (with a special "3M(TM) Ultrapro Autobody Sealant Clear or [its] equivalent") various structural components of the Class Vehicles that are defective, in part, because of insufficient, inadequate, or improperly applied body sealer. Although Defendant normally attributes water leaks to outside influences and does not cover

system, and the immune system. Mold has been the direct cause of some deaths. Asthmatics, infants, and individuals suffering immune system deficiencies are particularly susceptible to the deleterious effects of mold. People with asthma when exposed to strong concentrations of mold can literally die from such exposure.

CLASS ACTION COMPLAINT

1    them under warranty, it has nevertheless instructed its dealers to perform the

2    resealing and/or or replacement program at no cost to the consumer.

3        13.    However, Defendant's clandestine program to temporarily fix the

4    water leak defect, with a special sealer, was strictly limited to the most persistent

5    customers and only those who complained loudly enough.  For example, when

6    Plaintiff's daughter complained about the water leak defect, she was told by a GM

7    authorized dealer that "it happens here all the time" and to "just air it out."

8        14.    Plaintiff is informed and believes and based thereon alleges that if

9    Defendant's secret, temporary fixes, including resealing of the various structural

10   components of the Class Vehicles with the special sealer, are successful, the effect

11   of these fixes only last long enough to ensure that the manifestation of the water

12   leak defect occurs outside of warranty period, but they will not permanently

13   remedy the problem.  This ultimately leaves consumers with defective vehicles

14   that are substantially certain to again experience the water leak defect, the

15   consequent damage caused by water leaks, and the associated safety hazards.

16       15.    Plaintiff is also informed and believes and based thereon alleges that

17   Defendant is aware that replacing and/or resealing the various structural

18   components of the Class Vehicles does not fix the water leak defect.  However,

19   Defendant has implemented the replacing and/or resealing process simply to

20   prolong the amount of time that will elapse before the water leak problem again

21   manifests itself; thus, helping ensure that the water leak defect occurs outside of

22   the warranty period so that Defendant can easily and unfairly shift financial

23   responsibility for the water leak defect to Class Members.

24       16.    Plaintiff is also informed and believes and based thereon alleges that

25   to mollify those consumers who complain loudly enough, Defendant implemented

26   another clandestine program to secretly reimburse or pay for repair costs of those

27   Class Vehicles that suffer from the water leak defect and the related damage that it

28   causes, even when the water leak defect and the related damage that it causes

1  occurs outside the vehicle's 3-year/36,000-mile express warranty period.

2  However, as with its secret TSB program, Defendant's secret repair and/or

3  reimbursement program is also strictly limited to the most persistent customers

4  who complain loudly enough.  For example, Defendant refused to replace

5  Plaintiff's indoor carpeting damaged by the water leak defect while agreeing to

6  replace or reimburse the floor carpeting and other similar items which is similar to

7  the manner in which Defendant deals with the most persistent customers who

8  complain loudly enough.

9       17.    Plaintiff is informed and believes and based thereon alleges that

10  despite notice of the defect from numerous customer complaints, Defendant has

11  not recalled the Class Vehicles to repair the defect, has not offered its customers a

12  suitable repair or replacement free of charge, and has not offered to reimburse the

13  Class Vehicles' owners and leaseholders the costs they incurred relating to

14  repairing water leaks and the related damage that it causes, including but not

15  limited to repairing or replacing electrical components and floor carpeting,

16  detailed cleaning and drying, removal of foul odors, repairs from water damage,

17  increased insurance premiums, vehicle rental costs, etc.

18       18.    Defendant knew and concealed the defects that are contained in every

19  Class Vehicle, along with the attendant dangerous safety problems and associated

20  repair costs, from Plaintiff and Class Members both at the time of sale and repair

21  and thereafter.  Had Plaintiff and the Class Members known about these defects at

22  the time of sale or lease, Plaintiff and the Class Members would not have

23  purchased the Class Vehicles or would have paid less for them.  As a result of

24  their reliance on Defendant's omissions and/or misrepresentation, owners and/or

25  lessees of the Class Vehicles have suffered ascertainable loss of money, property,

26  and/or loss in value.

27       19.    Additionally, as a result of the water leak defect in the Class

28  Vehicles, Plaintiff and the Class Members have been harmed and have suffered

Case No.                              Page 5

CLASS ACTION COMPLAINT

1   actual damages in that the Class Vehicles are experiencing continuous,

2   progressive, and repeated water leak defect problems and/or are substantially

3   certain to experience water leak defect problems before their expected useful life

4   has run.

5                                    **PARTIES**

6   **Plaintiff**:

7          20.    Plaintiff Rodolfo Mendoza is a California citizen who lives in Los

8   Angeles County, California.  Mr. Mendoza purchased a used 2008 Chevrolet

9   Equinox LS from Wondries Chevrolet on January 18, 2009.  Mr. Mendoza

10  purchased this vehicle primarily for his personal, family, or household purposes.

11  This vehicle was manufactured, sold, distributed, advertised, marketed, and

12  warranted by Defendant, and bears the Vehicle Identification No.

13  2CNDL13F786001899.

14         21.    In December 2009, with approximately 35,000 miles on the vehicle's

15  odometer and after a week with a great deal of rainfall, Mr. Mendoza's daughter,

16  Ms. Janet Mendoza, noticed a pungent odor emanating from the vehicle that

17  caused her light headaches and breathing difficulties.  A few days later when

18  clearing out the back seat of the vehicle, Ms. Mendoza noticed that her file folders

19  had fallen out and were wet.  Upon further investigation, Ms. Mendoza noticed

20  that the rear passenger and driver side seat of the vehicle were all wet.

21         22.    On December 15, 2009, Ms. Mendoza brought the vehicle to an

22  authorized GM dealer, complaining that there was a foul odor and that water was

23  leaking inside the vehicle.  In response, the dealer instructed Ms. Mendoza to "just

24  air it out" and that "it happens here all the time."  Not satisfied with this response,

25  Ms. Mendoza visited another authorized GM dealer, who ultimately sent her to

26  O'Donnell Chevrolet-Buick, GM's authorized dealer in San Gabriel, CA.  The

27  sales manager there inspected the vehicle, opened up the trunk, and showed Ms.

28

Case No.                            Page 6

**CLASS ACTION COMPLAINT**

1  Mendoza that (in addition to the interior of the vehicle) the spare tire pit in the

2  trunk was also full of water.

3      23.    O'Donnell Chevrolet did not provide Plaintiff with the fixes that

4  Defendant had outlined in its clandestine TSB program to its dealers.

5      24.    The GM dealer also confirmed that there was mold and an associated

6  mildew odor in the vehicle but refused Plaintiff's request to replace the carpets.

7      25.    When the vehicle was finally returned to Plaintiff and her daughter,

8  the vehicle still smelled of mildew. In fact, Plaintiff's vehicle continues to

9  experience problems associated with the water leak defect.

10     26.    In addition to other damages, Plaintiff has incurred damages related

11 to clearing the interior carpets of the vehicle. Similarly, like other class members,

12 Plaintiff has not received the fixes outlined in Defendant's secret TSB.

13     27.    At all time, Plaintiff, like all Class Members, has driven his vehicle in

14 a foreseeable manner and in the manner in which it was intended to be used.

15 **Defendant**:

16     28.    Defendant GM is a Delaware Limited Liability Company with its

17 headquarters and principal place of business in the State of Michigan. Defendant

18 does business in the state of California. Defendant designs, tests, manufactures,

19 distributes, sells, and leases Class Vehicles and sports utility Class Vehicles under

20 several prominent brand names, including but not limited to Chevrolet, GMC, GM

21 and Pontiac throughout the United States.

22                              **JURISDICTION**

23     29.    This is a class action.

24     30.    Members of the proposed Plaintiff Class are citizen of California, a

25 state different from the home state of Defendant.

26     31.    On information and belief, the aggregate claims of individual Class

27 Members exceed $5,000,000, exclusive of interest and costs.

28     32.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

Case No.                          Page 7

CLASS ACTION COMPLAINT

1

## VENUE

2     33.   Defendant, through its business of distributing, selling, and leasing its

3  Class Vehicles, has established sufficient contacts in this district such that it is

4  subject to personal jurisdiction here.  Defendant is deemed to reside in this district

5  pursuant to 28 U.S.C. § 1391(a).  Plaintiff's counsel's Declaration, as required

6  under California Civil Code section 1780(c), which reflects that Defendant's

7  principal place of business in California is in Los Angeles County, California, is

8  attached as Exhibit 1.

9     34.   In addition, a substantial part of the events or omissions giving rise to

10  these claims and a substantial part of the property that is the subject of this action

11  are in this district.

12     35.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

13

## APPLICABLE LAW

14     36.   California State law applies to all claims in this action.

15

## FACTUAL ALLEGATIONS

16     37.   For years, Defendant has designed, manufactured, distributed, sold,

17  and leased the Class Vehicles.  Upon information and belief, it has sold, directly

18  or indirectly through dealers and other retail outlets, thousands, if not tens of

19  thousands, of Class Vehicles in California and nationwide.

20     38.   The Class Vehicles contain a water leak defect.  This defect is

21  substantially and unreasonably dangerous, as it can result in drivers of the Class

22  Vehicles being exposed to hazardous contaminants, such as mold.  Further, the

23  water leak defect can lead to irreparable damage to electrical and mechanical

24  components in the Class Vehicles, such as the front lights and tail lights, which

25  creates a serious operational and safety concern to both the Class Vehicles'

26  occupants and the public.

27     39.   The water leak defect is also dangerous because of the danger of

28  catastrophic engine and/or electrical system failure as a result of leaked water

Case No.                    Page 8

1  damaging the vehicle's interior components while the vehicle is in operation.

2  Thus, the flooding can cause engine failure, suddenly and unexpectedly, at any

3  time and under any driving condition or at any speed, thereby contributing to

4  traffic accidents, which can result in personal injury or death.

5      40.    Plaintiff is informed and believes and based thereon alleges that

6  Defendant acquired its knowledge of the water leak defect through sources not

7  available to Class Members, including but not limited to pre-release testing data,

8  early consumer complaints about the water leak defect to Defendant and its

9  dealers who are its agents for vehicle repairs, testing conducted in response to

10 those complaints, aggregate data from Defendant's dealers, and from other

11 internal sources.

12     41.    Hundreds, if not thousands, of purchasers and lessees of the Class

13 Vehicles have experienced problems with water leaks.  Complaints filed by

14 consumers with the NHTSA and posted on the Internet demonstrate that the defect

15 is widespread and dangerous, and that it manifests without warning.  The

16 complaints also indicate Defendant's awareness of the defect and how potentially

17 dangerous the defective condition is (note that spelling and grammar mistakes

18 remain as found in the original):

19     •    <u>NHTSA Complaint</u>: ON JAN. 11, 2010, I STARTED MY CAR TO

20          LET IT WARM UP BEFORE LEAVING FOR WORK. I LET THE

21          CAR RUN FOR ABOUT 10 MINUTES. DROVE THE 20 MINUTE

22          DRIVE TO WORK, AND WHEN I GOT DOWNTOWN, THE CAR

23          SHUT DOWN AND ALL OF THE WARNING LIGHTS ON THE

24          DASHBOARD CAME ON. WAS ABLE TO COAST TO SIDE OF

25          STREET AND STOP CAR. RESTARTED CAR AND PUT INTO

26          DRIVE. ALL WARNING LIGHTS STILL ON, AND DON'T HAVE

27          ANY POWER. WAS ABLE TO COAX CAR TO GO THREE

28          BLOCKS TO PARKING LOT, AND CALLED DEALER WHO

Case No.                              Page 9

CLASS ACTION COMPLAINT

CAME AND GOT THE CAR. AFTER CHECKING, I WAS TOLD THAT WATER HAD LEAKED DOWN THE RIGHT FRONT PASSENGER SIDE OF THE WINDOW, FREEZING, THAWING AND BACKING UP WHICH GOT TO THE WIRING AND BURNT IT OUT. REALLY GLAD THAT I WASN'T ON THE INTERSTATE THAT MORNING. *TR

- NHTSA Complaint: EQUINOX HAS HAD POWER FAILURE WHILE DRIVING 6+ TIMES...ALL WHEN DRIVING IN WET CONDITIONS (EITHER RAINING OR HAVING JUST RAINED). FIRST TIME WAS TOLD BY DEALERSHIP THAT I DROVE THRU A PUDDLE AND GOT EVERYTHING WET (I DIDN'T); HAD SOMETHING TO DO WITH THE ELECTRICAL SYSTEM REPLACED. HAVE TAKEN CAR BACK TO DEALER WITHIN THE LAST TWO MONTHS BECAUSE IT HAPPENED AGAIN, AND WAS TOLD ALL OF MY WEATHERSTRIPPING NEEDED REPLACING B/C THAT WAS ALLOWING WATER IN. HAD THIS DONE. HAPPENED AGAIN TONIGHT (WET WEATHER TODAY, BUT WAS NOT RAINING WHEN I WAS DRIVING). THE OTHER TIMES THIS HAS OCCURRED, I'VE LET MY EQUINOX SIT WHERE IT DIED FOR A FEW DAYS TO LET IT "DRY OUT" AND THAT HAS WORKED, BUT THIS NOT EXACTLY THE BEST SOLUTION AS I DON'T LIVE IN THE DESERT AND IT DOES RAIN HERE. CHEVY DEALER OF NO HELP; SAID HE AGREES THERE IS A MANUFACTURING DEFECT BUT THERE IS NOTHING HE CAN DO ABOUT IT. ADVISED ME TO CALL CHEVY CS. I HAVE DEALT WITH THEM BEFORE ON ANOTHER EQUINOX ISSUE AND THEY

WERE OF NO HELP. WISH I WOULD HAVE INVESTIGATED
MY STATE'S LEMON LAW IN TIME. SUDDEN AND TOTAL
LOSS OF POWER IS DANGEROUS!! *TR

- NHTSA Complaint: EVERYTIME THAT I TAKE MY CAR IN
  FOR A QUICK CAR WASH OR IF IT RAINS REALLY HARD (IN
  FLORIDA IT DOES)... WATER LEAKS THROUGH THE LIGHTS
  IN THE CEILING, THE BACK HATCH, AND THROUGH THE
  FLOOR BOARDS. MY CHECK ENGINE LIGHT COMES ON
  AND THE DEALER TELLS ME THAT IT IS WATER
  CORROSION FROM THE WATER LEAKING THROUGH THE
  ELECTRICAL WIRING HARNESS. THIS CAUSES MY CAR TO
  RUN, EVEN THOUGH I HAVE MY PEDAL TO THE FLOOR,
  VERY SLOW. I CAN'T GO PAST 10MPH. I AM AFRAID OF
  ELECTRICAL FIRE. I CAN HARDLY TURN A CORNER... I AM
  AFRAID OF A CAR ACCIDENT. MY CAR IS ONLY 2 YEARS
  OLD NOW... 4/2008 AND THIS HAS HAPPENED A 3RD TIME.
  MY BATTERY HAS ALREADY HAD TO BE REPLACED AND
  MY RADIO REPLACED TWICE BECAUSE OF THE "CD
  CHANGER ERROR". NOW I CAN ONLY IMAGINE, WITH ALL
  OF THE WATER THAT KEEPS COMING IN, WHAT
  CONDITION MY CAR WILL BE IN A FEW MONTHS FROM
  NOW. ELECTRICAL PROBLEMS, BAD SMELL, CORRODING
  FLOOR BOARDS AND WHO KNOWS WHAT ELSE. *TR
- NHTSA Complaint: THE CONTACT STATED THAT WHILE
  DRIVING IN THE RAIN VEHICLE LOST POWER. THIS HAS
  HAPPENED SEVERAL TIMES WITHIN THE LAST 6 MONTHS.
  THE CONTACT TOOK THE VEHICLE TO THE DEALERSHIP

1  TO BE SERVICED AND THEY HAVE NOT BEEN ABLE TO
2  DIAGNOSIS THE FAILURE. *AK
3  • NHTSA Complaint: 2007 PONTIAC TORRENT (CHEVROLET
4  EQUINOX) SHUTTERS AND ABS BRAKES MALFUNCTION
5  DURING HEAVY RAIN STORMS. SHUTTERING FEELING IS
6  VERY PRONOUNCED, ENTIRE DRIVE TRAIN SHAKES. THIS
7  COMPLAINT IS SIMILAR OR IDENTICAL TO OPI # 10230804
8  AND 10211398. IT HAS OCCURRED SINCE THE CAR WAS
9  NEW, ABOUT 20 TIMES, CAR NOW HAS 51,000 MILES.
10  MULTIPLE DEALER RETURNS COULD NOT DUPLICATE.
11  • NHTSA Complaint: THE BACK FLOORBOARD OF MY CAR
12  HAS BEEN NOTICABLY WET FOR A FEW MONTHS. MY CAR
13  IS OUT OF WARRANTY SO I BEGAN RESEARCHING ONLINE
14  TO SEE WHAT MIGHT BE THE PROBLEM. THE SEALS
15  AROUND THE DOORS WERE FINE. I DID FIND 3" OF WATER
16  LAYING IN MY SPARE TIRE COMPARTMENT. THERE IS NO
17  DRAIN HOLE FOR THE WATER TO BE REMOVED. THE
18  WATER IS COMING IN FROM THE TAIL LIGHTS. THE
19  DEALERSHIP I PURCHASED THE EQUINOX FROM SIMPLY
20  LAUGHED AT THE PROBLEM AND SAID IT WOULD COST
21  OVER $200 TO REPLACE JUST THE TAIL LIGHT. THE SMELL
22  INSIDE OF THE VEHICLE IS HORRIBLE. IT IS OBVIOUSLY
23  RUSTING THE BODY AND CAUSING MOLD AND MILDEW
24  INSIDE THE VEHICLE. *TR
25  • NHTSA Complaint: I AM EXPERIENCING AN EXTREMELY
26  STRONG MILDEW SMELL INSIDE MY EQUINOX. IT IS SO
27  STRONG PEOPLE COMMENT OUTSIDE THE CAR. THE
28  SMELL ALSO PENETRATES CLOTHING SO THAT OTHERS

1     NOTICE THE SMELL. PEOPLE WILL NOT RIDE IN MY CAR. I

2     HAVE HAD IT TO THE DEALER TWICE. BOTH TIMES THE

3     ODOR IMPROVES SLIGHTLY (THEY DEPDORIZE THE HVAC)

4     BUT STILL OTHERS COMMENT. I AM CONCERNED ABOUT

5     DRIVING MY 3 YEAR OLD B/C OF THE SMELL. WE HAVE

6     FOUND NO VISIBLE WETNESS OR MOLD. THE RUBBER

7     AROUND TWO WINDOWS WAS LOOSE BUT THE DEALER

8     DID NOT FIND WATER INSIDE THE DOOR. THE SMELL

9     DOES NOT SEEM TO BE COMING FROM THE VENTS BUT

10     MORES SO JUST FROM THE CAR. *NM

11 •     NHTSA Complaint: . . . WATER SOAKING FLOOR BOARDS

12     TWICE CAUSING MOLD & MILDEW . . . . *NM

13 •     NHTSA Complaint: . . . THE CONSUMER HAD DRIVEN

14     THROUGH A CAR WASH, THE DOME LIGHT HAD FILLED

15     WITH WATER, THE LOWER DASH WAS DRIPPING WATER . .

16     . . *SC *JB

17 •     NHTSA Complaint: SPARE TIRE WELL UNDER THE FLOOR IN

18     THE REAR OF MY EQUINOX FILLS WITH WATER. THIS

19     MORNING IT HAD MORE THAN TWO INCHES. I DID NOT

20     REALIZE THIS WAS HAPPENING AND I DO NOT KNOW

21     WHERE IT IS COMING FROM. MY NEIGHBOR HAS THE

22     SAME PROBLEM AS DOES HIS COWORKER (BOTH ARE

23     FLEET VEHICLES). HE JUST TOLD ME ABOUT IT AND I

24     LOOKED IN MINE. HE HAS GOTTEN A NEW COMPANY CAR

25     AS HE WAS GETTING SICK FROM MOLD FROM THE LEAK.

26 •     NHTSA Complaint: I HAD TO HAVE MY TRUNK

27     COMPARTMENT REPLACED AND SOME AREAS AROUND

28     THE FRAME OF THE BODY RE-SEALED DUE TO EXCESS

1  WATER ACCUMULATING IN THE SPARE TIME AREA. I WAS
2  FIRST TOLD BY THE DEALER REPAIR SHOP THAT IT WAS A
3  DEFECT BUT WHEN I REQUESTED REIMBURSEMENT GM
4  DENIED THAT THE DEALER EVER TOLD THEM THIS. I
5  BELIEVE GM IS DENYING THAT THERE ARE SOME
6  STRUCTURAL PROBLEMS WITH THIS YEAR AND MODEL
7  AND MY FEAR IS THAT ANOTHER YEAR DOWN THE ROAD
8  THERE WILL BE OTHER ISSUES WITH THE FRAME/BODY
9  OF THIS MODEL VEHICLE. ALSO, IT BOTHERS ME THAT
10 WE ARE ENCOURAGED TO "BUY AMERICAN" BUT THE
11 AMERICAN CAR MAKERS DO NOT WANT TO STAND UP TO
12 THEIR PROMISE OF GOOD MAKEMANSHIP. I AM
13 DISAPPOINTED AND ESPECIALLY WITH THE DISHONESTY
14 AT THE CORPORATE LEVEL OF THIS CORPORATION. *TR
15 • NHTSA Complaint: WE OWN A 2007 EQUINOX, OUR FRIEND
16 STATED THAT HIS EQUINOX HAD WATER IN THE SPARE
17 TIRE COMPARTMENT. WE HAVE BEEN GETTING SICK FOR
18 A WHILE AND DIDN'T KNOW WHY. WE LOOKED IN OUR
19 SPARE TIRE COMPARTMENT AND THERE WAS A FOOT OF
20 WATER. NOW WE CANNOT DRIVE THIS VEHICLE FOR
21 HEALTH REASONS. GM KNEW ABOUT THIS PROBLEM FOR
22 THERE ARE 3 SERVICE BULLETINS FOR THIS PROBLEM.
23 THEY WILL NOT HELP US WITH A TRADE ASSIST AND WE
24 CANNOT DRIVE IT DUE TO THE MOLD. WE HAVE
25 CONDENSATION IN THE INSIDE OF THE VEHICLE AND
26 HAVE TO WIPE IT OFF WITH A TOWEL BEFORE WE CAN
27 DRIVE IT. THE VEHICLE IS FULL OF MOLD! I'M SURE THIS
28 VEHICLE HAS BEEN LEAKING SINCE DAY ONE! *TR

1     •   <u>Internet Posting</u>: • 2007 Pontiac Torrent, water in the spare tire well,

2        been to dealer 4 times, still leaks, 1st & 2nd time replaced a tail light,

3        3rd time sealed seam in rear panel, 4th time sealed wire grommets at

4        the top of rear door & removed both taillights to seal some body

5        seams. Will not leak with a water hose, only when it rains.

6     •   <u>Internet Posting</u>: my 07 equinox is also getting water in the tire well

7        but they dont know where the leak is coming from

8     •   <u>Internet Posting</u>: My 2006 Equinox leaks from the driver side near

9        the Hood release I have to keep towels down when it rains. any

10        suggestions??????? In washington state where it rains all the time is

11        not good-.

12     •   <u>Internet Posting</u>: good luck, I have a 07 Equinox and after taking it to

13        the dealership and them sending it out for repair and fixing 9-10

14        leaks..... I still have water under the spare tire... Also major concern

15        for mold buildup in my carpet. . . . I'm soooooooooo tired of having

16        to deal with this. . . . that was one of the 9 or 10 leaks they have fixed

17        so far. thanks for sharing . . . . here's an update ... I now have a

18        lemon law atty. we are waiting for better business bureau to inspect

19        my vehicle. I have purchased a mold kit and will put it in the car

20        tomarrow. I have been back and forth to the doctor soooo many

21        times lately. They now think I have asthma due to being around

22        mold ... hmm wonder where I could have been around mold ..... my

23        doctor advised me not to drive my car anymore .. GM does not want

24        to do anything about this, I am so sick of this, Now my car is parked

25        under a car cover. Gatta love paying for a car note and insurance on

26        something I cannot drive, I have made it my goal to make sure every

27        equinox I see driving around knows to check for this issue .. ,

28        hopefully I can catch them before their warranty wears out.

1     •   Internet Posting: I CANT STOP CRYING!! i have about ten gallons

2          of standing water in my tire well and the dealer ship just sent me to a

3          "water work place" it will cost me 1,000 dollars ..insurance will not

4          cover it will take 4days to fix it. It will cost 180.00 to rent a car. I

5          have no radio the water damage blew my amp located under back

6          seats so i have to that fixed!! no one can just empty out the water till

7          i come up with this lump sum of money

8     •   Internet Posting: the dealership that we bought the car from is saying

9          that our warranty doesnt cover the leak. I told the service dude to

10         look online to see how many other equinoxes have this SAME

11         problem, but he didnt care, He said that since there isnt a Government

12         recall, they cant do anything. He thought that $1000,00 was a good

13         price to pay to seal the rubber part up. Are you freaking kidding me

14         .. , um no thanks, So if any of you got your warranty to cover this ... I

15         just want to know how.

16     42.    Customers have reported the water leak defect in the Class Vehicles

17 to Defendant directly and through its dealers. Defendant is fully aware of the

18 water leak defect in the Class Vehicles. Despite this, Defendant has actively

19 concealed the existence and nature of the defect from Plaintiff and the Class

20 Members at the time of purchase or lease and thereafter. Specifically, Defendant

21 has:

22       a.     failed to disclose, at and after the time of purchase or lease and

23            repair, any and all known material defects or material

24            nonconformity of the Class Vehicles, including the water leak

25            defect of the Class Vehicles and its associated repair costs;

26       b.     failed to disclose at the time of purchase or lease that the Class

27            Vehicles, including the water leak defect of the Class Vehicles,

28

1             were not in good working order, were defective, and were not

2             fit for their intended purpose; and

3       c.     failed to disclose or actively concealed the fact that the Class

4             Vehicles had a water leak defect, despite the fact that

5             Defendant learned of such defects through consumer

6             complaints, as well as other internal sources, as early as 2005,

7             if not before.

8      43.    Defendant has caused Plaintiff and Class Members to expend money

9 at its dealerships or other third-party facilities to clean, repair, replace parts and/or

10 take other remedial measures related to the water leak defect of the Class

11 Vehicles, as well as to repair or replace items damaged by water leaks and

12 flooding resulting from the water leak defect, despite Defendant's knowledge of

13 the water leak defect.

14     44.    Further, Defendant has caused Plaintiff and Class Members to expend

15 money professionally cleaning the Class Vehicles, as well as to find alternative

16 means of transportation due to loss of use of the Class Vehicles.

17     45.    Defendant has not recalled the Class Vehicles to repair the defect, has

18 not offered to its customers a suitable repair or replacement of parts free of charge

19 related to the water leak defect, has not offered to reimburse Class Vehicle owners

20 and leaseholders who incurred costs relating to repairs related to the water leak

21 defect, and has not offered to reimburse Class Members any other costs associated

22 with repairing or addressing problems caused by the water leak defect.

23     46.    The Class Members have not received the value for which they

24 bargained for when they purchased or leased the Class Vehicles.

25     47.    As a result of the defect, the value of the Class Vehicles has

26 diminished, including without limitation their resale values.

27

28

1    **VIOLATION OF CALIFORNIA SECRET WARRANTY LAW**

2    48.    Defendant has violated, and continues to violate, California Civil

3    Code section 1795.90 *et seq.* (the "California Secret Warranty Law").  The

4    California Secret Warranty Law was enacted to abolish "secret" warranties.  The

5    term "secret warranty" is used to describe the practice by which an automaker

6    establishes a policy to pay for repair of a defect without making the defect or the

7    policy known to the public at large.  A secret warranty is usually created when the

8    automaker realizes that a large number of its customers are experiencing a defect

9    not covered by a factory warranty, and decides to offer warranty coverage to

10    individual customers only if, for example, the customer complains about the

11    problem first.  The warranty is considered "secret" because all owners are not

12    notified of it.  Instead, the automaker usually issues a TSB to its regional offices

13    and/or dealers on how to deal with the defect, although a TSB or other formal

14    document is not necessary to create a secret warranty.   Because owners are kept

15    in the dark about the cost-free repair, the automaker only has to reimburse those

16    consumers who complain loudly enough; the quiet consumer either does not fix

17    the problem or pays to fix the defect by himself or herself.

18    49.    Defendant is a "manufacturer" as that term is defined by section

19    1795.50 of the California Secret Warranty Law.  Section 1795.2 of the California

20    Secret Warranty Law imposes several duties on auto manufacturers like

21    Defendant, each of which is designed to do away with secret warranties.

22    50.    Plaintiff and members of the proposed Class are consumers as that

23    term is defined by section 1795.90(a) of the California Secret Warranty Law.  The

24    California Secret Warranty law requires automakers to notify consumers, by first-

25    class mail, within 90 days of adoption, whenever they enact "any program or

26    policy that expands or extends the consumer's warranty beyond its stated limit or

27    under which [the] manufacturer offers to pay for all or any part of the cost of

28    repairing, or to reimburse consumers for all or any part of the cost of repairing,

Case No.                              Page 18

1  any condition that may substantially effect vehicle durability, reliability, or

2  performance . . . ."

3      51.    The California Secret Warranty Law also requires automakers to

4  provide the New Motor Vehicle Board with a copy of the notice described above,

5  so the public can view, inspect, or copy that notice.

6      52.    Additionally, the California Secret Warranty Law requires

7  automakers to advise their dealers, in writing, of the terms and conditions of any

8  warranty extension, adjustment, or reimbursement program.

9      53.    The California Secret Warranty Law also requires an automaker to

10  "implement procedures to assure reimbursement of each consumer eligible under

11  an adjustment program who incurs expenses for repair of a condition subject to the

12  program prior to acquiring knowledge of the program."

13      54.    In 2008, Defendant issued a TSB.  The TSB describes the numerous

14  water leak defects suffered by the Class Vehicles:

15            a.    Water may be entering from top of the strut tower into the

16                  driver side and or passenger side floor.

17            b.    Water may be entering through the seams in the floor pan on

18                  the driver side and/or passenger side.

19            c.    Water may be entering through the liftgate weatherstrip.

20            d.    Water may be entering between the liftgate and the

21                  weatherstrip.

22            e.    Water may be entering through a gap in the sealer at the rear

23                  D-pillar (roof to body).

24            f.    Water in spare tire.

25            g.    Water in the rear compartment.

26  The TSB also describes the numerous possible causes of those water leak defects:

27            a.    Water may be entering from top of the strut tower into the

28                  driver side and or passenger side floor.

1         b.     Water may be entering through the seams in the floor pan on

2                the driver side and/or passenger side.

3         c.     Water may be entering through the liftgate weatherstrip.

4         d.     Water may be entering between the liftgate and the

5                weatherstrip.

6         e.     Water may be entering through a gap in the sealer at the rear

7                D-pillar (roof to body).

8         f.     Water may be entering through a gap in the sealer behind the

9                rear fascia.

10        g.     Water may be entering through a gap in the sheet metal behind

11                the tail lamps.

12    Finally, the TSB describes the various temporary fixes for the water leak defects:

13         a.     Reseal the strut tower.  Use 3M(TM) Ultrapro Autobody

14                Sealant Clear or equivalent.

15         b.     Remove the carpet and reseal the sheet metal seam.

16         c.     Remove the weatherstrip and reseal the sheet metal.

17         d.     Adjust the liftgate.  Refer to Liftgate Adjustment in SI.

18         e.     Remove the roof rack and inspect for any voids in the sealant.

19                Refer to Luggage Carrier Replacement Equinox or Torrent in

20                SI.  Use 3M™ Ultrapro Autobody Sealant Clear or equivalent.

21         f.     Remove the rear fascia and reseal the sheet metal seam.  Refer

22                to Rear Bumper Fascia Replacement in SI.

23         g.     Remove the tail lamps.  Refer to Tail Lamp Replacement in SI

24                and reseal the sheet metal seam.

25      55.    The TSB further states: "Important: IF A MILDEW ODOR IS

26    PRESENT IN THE VEHICLE, REFER TO PIT4535."  (emphasis in original).

27

28

56.    Plaintiff is informed and believes and based thereon alleges that the free water leak defect repairs outlined in Defendant's secret TSB is applicable to all Class Vehicles.

57.    Defendant does not typically pay for repairing the water leak defect under its new car warranty (or any other warranty) because Defendant considers water leaks to be the result of outside influences and, therefore, not covered by Defendant's express warranty.  In fact, Defendant or Defendant's authorized dealers for vehicle repairs typically tell consumers that the water leak defect is as a result of an outside influence and not covered under warranty.[2]  Thus, by extending its warranties to cover repair of the water leak defect, Defendant has "expand[ed] or extend[ed] the consumer's warranty beyond its stated limit."

58.    Additionally, the vehicle performance problems that the TSB resealing and/or replacement procedures are intended to address  "substantially affect the vehicle durability, reliability, or performance."  These problems include, but are not limited to, engine failure, electrical system failure, as well as water damage to interior components of the vehicles and tail lights, and rust.  Therefore, the offers to provide free repair of the water leak defect are "adjustment programs" within the meaning of the California Secret Warranty Law.

59.    Plaintiff is informed and believes and based thereon alleges that Defendant has also extended its warranty in another way; namely, by employing a secret policy to pay for the water leak defect related damage of those consumers

---

[2] For example, a GM consumer explained GM's refusal to provide warranty coverage this way:

> The dealership that we bought the car from is saying that our warranty doesnt cover the leak.  I told the service dude to look online to see how many other equinoxes have this SAME problem, but he didnt care, He said that since there isnt a Government recall, they cant do anything.  He thought that $1000,00 was a good price to pay to seal the rubber part up.  Are you freaking kidding me .. , um no thanks, So if any of you got your warranty to cover this ... I just want to know how.

1    who complain loudly enough.  The decision to offer this free repair outside the

2    vehicle's New Car Warranty is not done on an *ad hoc* basis.  Rather, it is made

3    pursuant to a systematic policy—communicated to *inter alia*, regional offices,

4    dealers, and GM customer care personnel—to pacify the most vocal consumers so

5    as to preserve Defendant's reputation.  Upon information and belief, the code

6    names for these policies, include but are not limited to good will adjustments or

7    policy adjustments.[3]

8        60.    Again, water leaks are not normally included in the warranty

9    coverage.  Thus, by extending its warranties to cover the water leak defect and/or

10    related damage, Defendant has "expand[ed] or extend[ed] the consumer's

11    warranty beyond its stated limit."  Thus, Defendant's temporary repair and/or

12    repair of damage constitutes an adjustment program under the Secret Warranty

13    Law and constitutes an offer to pay for or to reimburse consumers for the cost of

14    repairing a condition that substantially affects vehicle durability, reliability, or

15    performance.

16        61.    As a result of the foregoing, Defendant is obligated to comply with

17    the provisions of the California Secret Warranty Law with respect to its resealing,

18    replacing, repairing, and reimbursement offers.  It has not done so.

19        62.    Specifically, Defendant did not notify Plaintiff, or any other owner or

20    lessee of a Class Vehicle, of their right to free repair of the water leak defect and

21    consequent damage, or to be reimbursed for the cost of repairing the water leak

22    defect and consequent damage (*e.g.*, replacement of interior carpets, as well as

23    other components within the vehicle damaged by the water leak defect).

24        63.    Defendant has also refused to provide the free water leak repair,

25    replacement or reimbursement to owners or lessees of affected vehicles who have

26

27    [3] For example, Defendant refused to replace Plaintiff's indoor carpets,
while at the same time it has reimbursed or replaced such items for other
consumers who complain loudly enough for the same and/or similar items.

28

1  specifically requested it. Moreover, even though Defendant is aware of fixes for

2  this problem, Defendant has refused to notify Plaintiff, or any other owner or

3  lessee of a Class Vehicle, of these available fixes and has refused to reimburse

4  owners or lessees of Class Vehicles for the consequent damages that the water

5  leak defect causes.

6      64.    Additionally, Defendant has refused to reimburse consumers who

7  have paid to repair the water leak defect and/or paid for damage resulting from the

8  water leak defect.

9      65.    Upon information and belief, Defendant did not comply with the

10  dealer-notification provisions of the California Secret Warranty Law.

11      66.    Upon information and belief, Defendant has also failed to comply

12  with the New Motor Vehicle Board notification procedures.

13              **TOLLING OF THE STATUTE OF LIMITATIONS**

14      67.    Since the defects in the design or manufacture of the Class Vehicles

15  resulting in water leaks cannot be detected until the defect manifests, Plaintiff and

16  Class Members were not reasonably able to discover the problem until long after

17  purchasing or leasing the Class Vehicles, despite their exercise of due diligence.

18      68.    Plaintiff and Class Members had no realistic ability to discern the

19  water leak defect until water leaks occurred, and in some instances, until long after

20  the water leaks occurred, and/or until a moldy smell resulted from the water leaks.

21  In addition, despite their due diligence, Plaintiff and Class Members could not

22  reasonably have been expected to learn or discover that they were deceived and

23  that material information concerning the water leak defect was concealed from

24  them, until manifestation of the defect. Therefore, the discovery rule is applicable

25  to the claims asserted by Plaintiff and the Class Members.

26      69.    Upon information and belief, Defendant has known of the structural

27  defects contained in the Class Vehicles since at least 2005, if not earlier, and has

28

Case No.                          Page 23

**CLASS ACTION COMPLAINT**

1  concealed from or failed to alert owners and lessees of the Class Vehicles of the

2  water leak defect.

3       70.   Any applicable statutes of limitation have therefore been tolled by

4  Defendant's concealment and denial of the facts alleged here. Defendant is

5  further estopped from relying on any statutes of limitation because of its

6  concealment of the defective nature of the Class Vehicles.

7  **CLASS ACTION ALLEGATIONS**

8       71.   Plaintiff brings this lawsuit as a class action on behalf of himself and

9  all other California residents similarly situated as members of a proposed Plaintiff

10  Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

11  This action satisfies the numerosity, commonality, typicality, adequacy,

12  predominance, and superiority requirements of those provisions.

13       72.   The Class and Sub-Class is defined as:

14  <u>Class</u>: All persons in the State of California who purchased or leased a

15      Chevrolet Equinox for the model years 2005-2009 or a Pontiac Torrent of

16      any type for the model years 2006-2009.

17  <u>Sub-Class</u>: All Members of the Class who are "consumers" within the

18      meaning of California Civil Code section 1761(d) ("the CLR Sub-Class").

19       Excluded from the Class are Defendant, any entity in which Defendant has

20  a controlling interest or which has a controlling interest of Defendant, and

21  Defendant's legal representatives, assigns, and successors. Also excluded is the

22  judge to whom this case is assigned, as well as any member of the judge's

23  immediate family.

24       73.   Claims for personal injury are specifically excluded from the Class.

25       74.   Plaintiff reserves the right to amend the Class and Sub-Class

26  definitions if discovery and further investigation reveal that the Class and Sub-

27  Class should be expanded or otherwise limited.

28

Case No.                   Page 24

CLASS ACTION COMPLAINT

75.   Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

76.   Typicality: The claims of the representative Plaintiff is typical of the claims of the Class in that the representative Plaintiff, like all Class Members, owns a Class Vehicle designed and manufactured by Defendant that has the water leak defect.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that he has incurred or will incur the cost of repairing the water leak defect or repairing damage caused by the defective water leak defect.  Furthermore, the factual basis of Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Members of the Class.

77.   Commonality: There are numerous questions of law and fact common to Plaintiff and the Class which predominate over any questions affecting only individual Class Members.  These common legal and factual issues include the following.

      a.    Whether the Class Vehicles are defectively designed or manufactured such that they are not suitable for their intended use;

      b.    Whether Defendant knew or should have known of the inherent design or manufacturing defect in its Class Vehicles;

      c.    Whether Defendant fraudulently concealed from or failed to disclose to Plaintiff and the Class the inherent problems with its Class Vehicles;

| | | |
|---|---|---|
| 1 | d. | Whether Defendant had a duty to Plaintiff and the Class to |
| 2 | | disclose the inherent problems with its Class Vehicles; |
| 3 | e. | Whether the facts concealed or not disclosed by Defendant to |
| 4 | | Plaintiff and the Class are material; |
| 5 | f. | Whether as a result of Defendant's concealment of or failure to |
| 6 | | disclose material facts, Plaintiff and the Class acted to their |
| 7 | | detriment by purchasing Class Vehicles manufactured by |
| 8 | | Defendant; |
| 9 | g. | Whether Defendant failed to adequately warn Plaintiff and the |
| 10 | | Class regarding the limitations of its Class Vehicle; |
| 11 | h. | Whether Defendant engaged in unfair competition or unfair |
| 12 | | deceptive acts or practices when it concealed the limitations |
| 13 | | and failed to warn Plaintiff and Class Members of the defects |
| 14 | | in its Class Vehicles; |
| 15 | i. | Whether Defendant's conduct in marketing, selling, and |
| 16 | | leasing its Class Vehicles constitutes a violation of the |
| 17 | | Consumers Legal Remedies Act, California Civil Code section |
| 18 | | 1750 *et seq.*; |
| 19 | j. | Whether Defendant's conduct in marketing, selling, and |
| 20 | | leasing its Class Vehicles constitutes a violation of the Unfair |
| 21 | | Business Practices Act, California Business & Professions |
| 22 | | Code section 17200 *et seq.*; |
| 23 | k. | Whether resealing the water leak defect under Defendant's |
| 24 | | clandestine TSB program is an "adjustment program" under |
| 25 | | the Secret Warranty Law; |
| 26 | l. | Whether Defendant breached its implied warranties in that the |
| 27 | | Class Vehicles were defectively designed and or manufactured; |

28

m.    Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with its Class Vehicles and for the costs and expenses of repair and replacement of the Class Vehicles;

n.    Whether Plaintiff and the Class are entitled to replacement of parts related to the water leak defect;

78.    <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions—specifically actions involving defective products.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the Class.

79.    <u>Predominance and Superiority</u>: Plaintiff and the Members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Member's claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

1
**FIRST CLAIM FOR RELIEF**

2
**(Violation of California's Consumers Legal Remedies Act,**

3
**California Civil Code section 1750 *et seq.*)**

4       80.    Plaintiff hereby incorporates by reference the allegations contained in

5   the preceding paragraphs of this Complaint.

6       81.    Plaintiff brings this cause of action against Defendant on behalf of

7   himself and on behalf of the Members of the CLRA Sub-Class.

8       82.    Defendant is a "person" as defined by Civil Code section 1761(c).

9       83.    Plaintiff and Class Members are consumers who purchased or leased

10  the Class Vehicles.

11      84.    By failing to disclose and concealing the water leak defect, Defendant

12  violated Civil Code section 1770(a), as it represented that its Class Vehicles had

13  characteristics and benefits that they do not have, and represented that its Class

14  Vehicles were of a particular standard, quality or grade when they were of

15  another.  (*See* Civ. Code §§ 1770(a)(5) & (7).)

16      85.    Defendant's unfair or deceptive acts or practices occurred repeatedly

17  in Defendant's trade or business, were capable of deceiving a substantial portion

18  of the purchasing public, and imposed a serious safety risk on the public.

19      86.    Defendant knew that its Class Vehicles were defectively designed or

20  manufactured, would fail prematurely, and were not suitable for their intended

21  use.

22      87.    Defendant was under a duty to Plaintiff and the Class to disclose the

23  defective nature of the Class Vehicles:

24              a.    Defendant was in a superior position to know the true state of

25                    facts about the safety defect and associated repair costs in the

26                    Class Vehicles;

27

28

1          b.     Plaintiff and the Class Members could not reasonably have

2                 been expected to learn or discover that the Class Vehicles had

3                 a dangerous safety defect until manifestation of the failure; and

4          c.     Defendant knew that Plaintiff and the Class Members could

5                 not reasonably have been expected to learn or discover the

6                 safety defect and the associated repair costs that it causes.

7      88.     In failing to disclose the water leak defect and the associated repair

8 costs that it causes, Defendant has knowingly and intentionally concealed material

9 facts and breached its duty not to do so.

10      89.     The facts concealed or not disclosed by Defendant to Plaintiff and the

11 Class are material in that a reasonable consumer would have considered them to

12 be important in deciding whether to purchase Defendant's Class Vehicles or pay a

13 lesser price.  Had Plaintiff and the Class known the defective nature of the Class

14 Vehicles, they would not have purchased the Class Vehicles or would have paid

15 less for them.

16      90.     Plaintiff and the Class reasonably expected the Class Vehicles to

17 function properly and not to experience water leaks inside the interior cabin for

18 the life of their vehicles.  That is the reasonable and objective consumer

19 expectation.

20      91.     As a direct and proximate result of Defendant's unfair or deceptive

21 acts or practices, Plaintiff and the Class have suffered and will continue to suffer

22 actual damages.

23      92.     Plaintiff and the Class are also entitled to equitable and injunctive

24 relief.

25      93.     Plaintiff has provided Defendant with notice of its alleged violations

26 of the CLRA pursuant to Civil Code section 1782(a).  If, within 30 days of the

27 date of the notification letter, Defendant fails to provide appropriate relief for its

28

1  violation of the CLRA, Plaintiff will amend this Complaint to seek monetary,

2  compensatory, and punitive damages, in addition to injunctive and equitable relief.

**SECOND CLAIM FOR RELIEF**

**(Violation of California's Unfair Business Practices Act, California Business**

**& Professions Code section 17200 *et seq.* – Violations of California's Secret**

**Warranty Law)**

7    94.    Plaintiff hereby incorporates by reference the allegations contained in

8  the preceding paragraphs of this Complaint.

9    95.    Plaintiff brings this cause of action on behalf of himself and on behalf

10 of the Members of the Class.

11    96.    By committing the acts and practices alleged herein, Defendant

12 violated the Secret Warranty Law, and by doing so, has engaged in deceptive,

13 unfair, and unlawful business practices in violation of the Unfair Competition Law

14 ("UCL"), California Business & Professions Code section 17200 *et seq.*

15    97.    Defendant's violation of the Secret Warranty Law (hence the UCL)

16 continues to this day. As a direct and proximate result of Defendant's violations

17 of the Secret Warranty Law, hence the UCL, Plaintiff and Class Members have

18 suffered damages related to the water leak defect.

19    98.    Pursuant to section 17203 of the UCL, Plaintiff and Class Members

20 seek an order of this Court requiring Defendant to comply with the terms of the

21 California Secret Warranty Law by: (a) notifying Class Members of the secret

22 program for repairing the water leak defect and reimbursing for damage caused by

23 the water leak defect as required by the California Secret Warranty Law; (b)

24 providing free repairs, modifications, corrections, and/or replacements to all Class

25 Members as required by the Secret Warranty Law; (c) identifying and reimbursing

26 all Class Members who have made payments related to the water leak defect as

27 required by the Secret Warranty Law; (d) notifying California dealers of the facts

28 underlying the water leak defect and the terms of the secret program for repairing

Case No.                    Page 30

1   the water leak defect and reimbursing for damage caused by the water leak defect

2   as required by the Secret Warranty Law; and (e) notifying the California New

3   Motor Vehicle Board of the secret program for repairing the water leak defect and

4   reimbursing for damage caused by the water leak defect as required by the Secret

5   Warranty Law.

6       99.    Plaintiff and Class Members also seek an order: (a) enjoining

7   Defendant from failing and refusing to make full restitution of all moneys

8   wrongfully obtained as a result of its violations of the California Secret Warranty

9   Law, and (b) disgorging to Plaintiff and Class Members all ill-gotten revenues

10  and/or profits earned as a result of Defendant's violation of the California Secret

11  Warranty Law, plus an award of attorneys' fees and costs.  This is because

12  Defendant profited from its sale of replacement parts to mechanics and dealers

13  because they ultimately replaced, repaired, corrected, or modified the defective

14  and/or replacement parts related to the water leak defect and damage caused by

15  the water leak defect.

16                      **THIRD CLAIM FOR RELIEF**

17      **(Violation of UCL other than Violation of the Secret Warranty Law,**

18  **California's Unfair Business Practices Act, California Business & Professions**

19                    **Code section 17200 *et seq.*)**

20      100.    Plaintiff hereby incorporates by reference the allegations contained in

21  the preceding paragraphs of this Complaint.

22      101.    Plaintiff brings this cause of action against Defendant on behalf of

23  himself and on behalf of the Members of the Class.

24      102.    California Business & Professions Code section 17200 prohibits acts

25  of "unfair competition," including any "unlawful, unfair or fraudulent business act

26  or practice" and "unfair, deceptive, untrue or misleading advertising."

27

28

1    103.  Defendant knew its Class Vehicles were defectively designed or

2    manufactured, would fail prematurely, and were not suitable for their intended

3    use.

4    104.  Defendant concealed and failed to disclose to Plaintiff and the Class

5    the defective nature of the Class Vehicles:

6          a.    Defendant was in a superior position to know the true state of

7              facts about the safety defects contained in the Class Vehicles;

8          b.    Defendant made partial disclosures about the quality of the

9              Class Vehicles without revealing that they were defective and

10             highly prone to water leakage and flooding; and

11         c.    Defendant actively concealed the defective nature of the Class

12             Vehicles from Plaintiff and the Class.

13   105.  In failing to disclose the water leak defect, Defendant has knowingly

14   and intentionally concealed material facts and breached its duty not to do so.

15   106.  The facts concealed or not disclosed by Defendant to Plaintiff and the

16   Class are material in that a reasonable person would have considered them to be

17   important in deciding whether to purchase the Class Vehicles or pay a lesser price

18   for them.  Had Plaintiff and the Class known about the defective nature of the

19   Class Vehicles, they would not have purchased the Class Vehicles or would have

20   paid less for them.

21   107.  Defendant continues to conceal the defective nature of the Class

22   Vehicles even after Class Members began to report problems.  Indeed, Defendant

23   continues to cover up and conceal the true nature of the problem until this date.

24   108.  By its conduct alleged herein, Defendant has engaged in unfair

25   competition and unlawful, unfair, and fraudulent business acts and practices.

26   109.  Defendant's unfair or deceptive acts or practices occurred repeatedly

27   in Defendant's trade or business, and were capable of deceiving a substantial

28   portion of the purchasing public.

1    110.   As a direct and proximate result of Defendant's unfair and deceptive

2    practices, Plaintiff and the Class have suffered and will continue to suffer actual

3    damages.

4    111.   Defendant has been unjustly enriched and should be required to make

5    restitution to Plaintiff and the Class pursuant to sections 17203 and 17204 of the

6    California Business & Professions Code.

7    **FOURTH CAUSE OF ACTION**

8    **(Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty**

9    **Act, California Civil Code sections 1792 and 1791.1 *et. seq.*)**

10    112.   Plaintiff hereby incorporates by reference the allegations contained in

11    the preceding paragraphs of this Complaint.

12    113.   Plaintiff brings this cause of action against Defendant on behalf of

13    himself and on behalf of the Members of the Class.

14    114.   Defendant was at all relevant times the manufacturer, distributor,

15    warrantor, and/or seller of the Class Vehicles.  Defendant knew or had reason to

16    know of the specific use for which the Class Vehicles were purchased.

17    115.   Defendant provided Plaintiff and Class Members with an implied

18    warranty that the Class Vehicles are merchantable and fit for the ordinary

19    purposes for which they were sold.  However, the Class Vehicles are not fit for

20    their ordinary purpose of providing reasonably reliable and safe transportation

21    because, *inter alia*, the Class Vehicles are defective due to the water leak defect

22    and the resulting safety-related and health hazards that it can cause.

23    116.   Plaintiff and other Class Members never contemplated that their

24    vehicles would be unable to withstand water (*e.g.*, from rain or a carwash),

25    eventually become flooded, and be subject to the series of associated problems.

26    Plaintiff relied on implied warranties of merchantability made by Defendant

27    concerning the Class Vehicles and sustained substantial damages resulting from

28    the breach of those warranties by the Defendant.  Plaintiff could not have

1    reasonably discovered the design defects of the Class Vehicles. Defendant's

2    breach of its implied warranties of merchantability was the direct and proximate

3    cause of Plaintiff's and the Class Members' damages.

4         117.   Plaintiff and Class Members purchased the Class Vehicles within the

5    State of California. Defendant impliedly warranted that the Class Vehicles were

6    of merchantable quality and fit for such use. This implied warranty included,

7    among other things: (a) a warranty that the Class Vehicles were manufactured,

8    supplied, distributed, and/or sold by Defendant were safe for providing safe and

9    reliable transportation; and (b) a warranty that the Class Vehicles would be fit for

10   their intended use and would not experience flooding as a result of the water leak

11   defect when they are driven within their range of operation and during foreseeable

12   and normal usage.

13        118.   Contrary to the applicable implied warranties, the Class Vehicles are

14   not fit for their ordinary and intended purpose of providing Plaintiff and the Class

15   Members durable and safe transportation during normal and/or foreseeable usage.

16   Instead, the Class Vehicles are defective, which defects include, but are not

17   limited to, the water leak defect.

18        119.   Defendant's actions, as complained of herein, breached the implied

19   warranty that the Class Vehicles were of merchantable quality and fit for such use

20   in violation of California Civil Code sections 1792 and 1791.1.

21                          **RELIEF REQUESTED**

22        120.   Plaintiff, on behalf of himself and all others similarly situated,

23   requests the Court enter judgment against Defendant, as follows

24              a.      An order certifying the proposed Plaintiff Class, designating

25                      Plaintiff as the named representative of the Class and

26                      designating the undersigned as Class Counsel;

27

28

1        b.    A declaration that Defendant is financially responsible for

2               notifying all Class Members of the problems with its Class

3               Vehicles and their water leak defect;

4        c.    An order requiring Defendant to comply with the Secret

5               Warranty Law by (i) notifying Class Members of the secret

6               repairing of the water leak defect, and the secret repair,

7               replacement, and reimbursement for water leak defect related

8               damage, as required by the California Secret Warranty Law;

9               (ii) providing free replacement, modification, and correction

10              related to the water leak defect to all Class Members as

11              required by the Secret Warranty Law; (iii) identifying and

12              reimbursing all Class Members who have paid for repairing the

13              water leak defect, replacement of parts related to the water leak

14              defect, and repair or replacement for damage caused as a result

15              of the water leak defect, as required by the Secret Warranty

16              Law; (iv) notifying California dealers of the facts underlying

17              the water leak defect problems and the terms of GM's secret

18              water leak defect repair program, and the repair, replacement,

19              and reimbursement for water leak defect related damage, as

20              required by the Secret Warranty Law; and (iv) notifying the

21              California New Motor Vehicle Board of GM's secret water

22              leak defect repair program, and the secret repair, replacement,

23              and reimbursement for water leak defect related damage, as

24              required by the Secret Warranty Law;

25        d.    An order enjoining Defendant from further deceptive

26              distribution, sales, and lease practices with respect to its Class

27              Vehicles, and to repair the water leak defect and any damage

28              caused by the water leak defect;

e.   An award to Plaintiff and the Class of compensatory, statutory
and punitive damages, including interest, in an amount to be
proven at trial, except that for now, Plaintiff seeks only
equitable and injunctive relief with respect to his claims under
California's Consumer's Legal Remedies Act, California Civil
Code section 1750 *et seq.*

f.   An award to Plaintiff and the Class of all incidental and
consequential damages, including interest, which have resulted
from Defendant's breach of their implied warranties;

g.   Any and all remedies provided pursuant to the Song-Bervely
Act, including California Civil Code section 1794;

h.   A declaration that Defendant must disgorge, for the benefit of
the Class, all or part of the ill-gotten profits it received from
the sale or lease of its Class Vehicles, or to make full
restitution to Plaintiff and the Class Members;

i.   An award of attorneys' fees and costs pursuant to California
Code of Civil Procedure section 1021.5, the common fund
theory, or any other applicable statute, theory, or contract;

j.   An award of pre-judgment and post-judgment interest, as
provided by law;

k.   Leave to amend the Complaint to conform to the evidence
produced at trial; and

l.   Such other or further relief as may be appropriate under the
circumstances.

**DEMAND FOR JURY TRIAL**

121.   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of
any and all issues in this action so triable of right.

1    Dated: April 12, 2010

2                                    THE LAW OFFICE OF ROBERT L. STARR

3

4                                    By: _____

5                                    Robert L. Starr
                                     Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                        Page 37

# EXHIBIT 1

1 | Robert L. Starr (State Bar No. 183052)
2 | e-mail: starresq@hotmail.com
   | THE LAW OFFICE OF ROBERT L. STARR
3 | 23277 Ventura Boulevard
   | Woodland Hills, California, 91364-1002
4 | Telephone: (818) 225-9040
5 | Facsimile: (310) 225-9042

6

7 | Attorneys for Plaintiff Rodolpho F. Mendoza

8 |                    UNITED STATES DISTRICT COURT
9
   |        CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
10

11

12 | RODOLPHO FIDEL MENDOZA,          Case Number:
    | individually, and on behalf of a class of
13 | similarly situated individuals,      **DECLARATION OF ROBERT L.**
                                         **STARR**
14 |              Plaintiff,
15
16 |      v.
17 | GENERAL MOTORS, LLC,
18 |              Defendant.
19

20

21

22

23

24

25

26

27

28

Case No.:

### DECLARATION OF ROBERT L. STARR

I, Robert L. Starr, declare as follows:

1.     I am an attorney at law duly licensed to practice before this Court.  I am a member of the law firm the Law Office of Robert L. Starr, counsel of record for Plaintiff in this action.  The following facts are within my personal knowledge, and if called as a witness, I could and would competently testify thereto.

2.     To the best of my knowledge, based on information and belief, Defendant General Motors, LLC is a Delaware Limited Liability Company with its principal place of business in Michigan.  Defendant conducts business in the State of California, County of Los Angeles, and is domiciled at 818 West Seventh St., Los Angeles, California, 90017.

Executed on this 9th day of April, 2010, at Woodland Hills, California.

I declare under penalty of perjury that the foregoing is true and correct.


Robert L. Starr

Case No.:                                    Page 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 2683 AHM (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Robert L. Starr (SBN 183052), The Law Office of
Robert L. Starr, 23277 Ventura Blvd., Woodland
Hills, CA 91364, (818) 225-9040

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Rodolfo Fidel Mendoza, individually, and on behalf of a class of similarly situated individuals, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10 2683** AHM *VBKx* |
| v. | |
| General Motors, LLC, | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): General Motors, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Robert L. Starr__, whose address is __23277 Ventura Blvd., Woodland Hills, CA 91364-1002__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

Dated: APR 1 3 2010

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                     SUMMONS

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Rodolfo Fidel Mendoza, individually, and on behalf of a class of similarly situated individuals | **DEFENDANTS**<br>General Motors, LLC |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>The Law Office of Robert L. Starr,<br>23277 Ventura Boulevard, Woodland hills, CA 91364-1002<br>(818) 225-9040 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ greater than $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332 (diversity): Class Action pursuant to CAFA with causes of action for violations of California consumer protection statutes

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL PROPERTY | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 2683

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| | | |
|---|---|---|
| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |

CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐A. Arise from the same or closely related transactions, happenings, or events; or
☐B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Rodolfo Fidel Mendoza - Los Angeles County | |

(b) List the County in this District; California County outside of this District, State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| General Motors, LLC - Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 4/9/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |