Payam Shahian (State Bar No. 228406)
STRATEGIC LEGAL PRACTICES, APC
e-mail: pshahian@slpattorney.com
1875 Century Park East., Suite 700
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

Robert L. Starr (State Bar No. 183052)
THE LAW OFFICE OF ROBERT L. STARR
e-mail: starresq@hotmail.com
23277 Ventura Boulevard
Woodland Hills, California, 91364-1002
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Dara Tabesh (State Bar No. 230434)
e-mail: DTabesh@hotmail.com
201 Spear St. Ste. 1100
San Francisco, CA 94105
Telephone: (415) 595-9208
Facsimile: (310) 693-9083

Attorneys for Plaintiff Rodolfo F. Mendoza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| RODOLFO FIDEL MENDOZA, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>Defendant. | CASE NO. CV 10-2683 AHM (VBK)<br><br>Hon. A. Howard Matz<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR TRANSFER**<br><br>Hearing Date: October 11, 2010<br>Time:          10:00 a.m.<br>Courtroom:   14 |

**Case No.**:  CV 10-2683 AHM (VBK)

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MPA  IN OPP. TO MOTION TO DISMISS OR TRANSFER**

Plaintiff Rodolfo F. Mindoza, by and through his undersigned counsel, hereby respectfully requests the Court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following exhibits attached to the Declaration of Dara Tabesh ("Tabesh Decl.") filed concurrently herewith:

| Exhibit | Document |
| --- | --- |
| 1 | June 26, 2009 Amended and Restated Master Sale and Purchase Agreement ("MPA") |
| 2 | Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement With NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale; and (III) Granting Related Relief ) ("Sale Approval Order") |
| 3 | *In re General Motors Corp., et al., Debtors*, 407 B.R. 463 (S.D.N.Y. Bkrpt. July 5, 2009) |
| 4 | *Ehrlich, et al. v. BMW of North America, LLC*, No. 10-1151-ABC-PJWx, Docket No. 28 (C.D. Cal. Aug. 11, 2010) |
| 5 | *Marsikian, et al. v. Mercedes Benz USA, LLC, et al.*, No. 2:08-cv-04876-AHM-JTL, Docket No. 46 (C.D. Cal. May 4, 2009) |
| 6 | Report of the Senate Committee on Judiciary regarding Senate Bill 486 for a hearing dated May 4, 1993 |
| 7 | *Winn, et al. v. Chrysler Group, LLC*, No. 2:09-cv-02805-MCE-GGH, 2009 WL 5206647 (E.D. Cal. 2009) |
| 8 | Chrysler LLC et al., Sale Approval Order: Old Carco LLC f/k/a Chrysler LLC, No. 09-5002 (Bankr. S.D.N.Y. May 20, |

| | |
|---|---|
| | 2009) (Docket No. 3232) |
| 9 | *Winn* v. *Chrysler Group*, LLC, No. 2:09-02805-MCE-GGH, 2010 WL 1416749 (E.D. Cal. 2010) |

## I.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLIC RECORDS

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The legislative history of California's "Secret Warranty Law," known as Senate Bill 486, easily is a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Fed. Depost Ins. Corp.* v. *Jackson-Shaw Partners No.* 46, *Ltd.,* 1994 WL 665262, at *8 n. 4 (N.D. Cal. Aug. 12, 1994) (under Rule 201, court may take judicial notice of the legislative history of a statute). Several courts both within and outside this district therefore have relied on section 201 in taking judicial notice of the legislative history of various rules or statutes. *See, e.g.*, *Hunt* v. *Check Recovery Sys., Inc.*, 478 F. Supp. 2d 1157, 1161 n.1 (N.D. Cal. 2007) (taking judicial notice of the legislative history of California Business and Professions Code § 25000.2); *Rojas* v. *Brinderson Constructors, Inc.,* 567 F. Supp. 2d 1205, 1208 (C.D. Cal. 2008) (taking judicial notice of legislative history of Cal. Labor Code Section 2010).

Similarly, publicly filed court orders reflect facts not subject to reasonable dispute. *Summerfield v. Strategic Lending Corp.*, 2010 U.S. Dist. LEXIS 69153, at *1 (N.D. Cal. June 17, 2010). Indeed, "A court may take judicial notice of pleadings, court orders, and judgments filed in another litigation." *Putam v. State Bar of California*, 2010 U.S. Dist. LEXIS 80283 (C.D. Cal. June 25, 2010).

Similarly, publicly filed bankruptcy filings reflec facts not subject to reasonable dispute and are judicially noticeable. *Cobb v. Aurora Loan Services, LLC*, 408 B.R. 351, 354 (E.D. Cal. 2009) (considering plaintiff's bankruptcy filings in deciding defendant's motion to dismiss).

Based on these, Plaintiff respectfully requests the Court to take judicial notice of Exhibits 1-9 to the Declaration of Dara Tabesh in Opposition to Motion to Dismiss or Transfer.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to grant Plaintiff's Request for Judicial Notice.

Dated: September 27, 2010              **THE LAW OFFICE OF ROBERT L. STARR**

By:    /s/
                            Robert L. Starr
                            Attorneys for Plaintiff

**Case No**. CV 10-2683 AHM (VBK)          Page 3

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MPA IN OPP. TO MOTION TO DISMISS OR TRANSFER**