Alison D. Bauer
Christopher M. Caparelli
William F. Gray, Jr.
TORYS LLP
237 Park Avenue
New York, New York 10017
Telephone: (212) 880-6000
Facsimile: (212) 682-0200

Counsel for New Flyer of America Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
*In re*                                                      :   Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY                                   :   Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION,                            :
*et al.*,                                                    :   Jointly Administered
                                                             :
                                           Debtors.          :
------------------------------------------------------------ x

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF NEW FLYER OF**
**AMERICA INC. TO THE DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS**

New Flyer of America Inc. ("New Flyer"), by and through its undersigned counsel, hereby submits this Limited Response and Reservation of Rights (the "Reservation of Rights") to the Debtors' 110th Omnibus Objection to Claims [D.I. 8000] (the "Objection") filed by Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and its affiliated debtors (collectively, the "Debtors") and respectfully states as follows:

**BACKGROUND**

1. On June 1, 2009 (the "Petition Date"), four of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), and on October 9, 2009, two additional Debtors commenced voluntary cases with this

Court under chapter 11 of the Bankruptcy Code. All of the Debtors' cases are jointly administered under Case Number 09-50026 (REG).

2. On September 16, 2009, this Court entered an order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the MLC bankruptcy case.

3. On November 30, 2009, New Flyer timely filed its proof of claim (claim no. 66317) (the "Proof of Claim") in the MLC bankruptcy case.

4. As noted in the Proof of Claim, New Flyer was served in the following actions on or about: (i) February 6, 2009, *Anselmo et al. v. General Motors Corporation et al.*; (ii) February 6, 2009, *Butnick et al. v. General Motors Corporation et al.;* (iii) August 21, 2008, *Casey et al. v. General Motors Corporation*; (iv) February 6, 2009, *Martinez et al. v. General Motors Corporation et al.*; (v) August 21, 2008, *Santoro et al. v. General Motors Corporation et al.*; (vi) August 21, 2008, *Jackson et al. v. General Motors Corporation et al.*, (each a "Complaint" and together the "Complaints"). In each Complaint, the plaintiffs claim damages for serious medical conditions alleged to have resulted from long term exposure to diesel fumes and particles during their employment with the New York City Transit Authority. MLC is a named defendant in each of those actions and plaintiffs' claims allege joint and several liability. Accordingly, New Flyer has a claim for contribution against MLC in each action. In addition, after the Petition Date, a complaint styled *Moran et al. v. Grumman Aerospace Corp. et al.* was filed on August 17, 2010 (the "Moran Action") in the United States District Court for the Southern District of New York, in which the plaintiffs allege claims substantially similar to those alleged in the Complaints against New Flyer and other bus and engine manufacturers. New Flyer also has a claim for contribution against MLC in connection with the Moran Action.

5. New Flyer's Proof of Claim asserted a pre-petition claim against MLC based on the allegations set forth in the Complaints in an unknown amount but not less than the amount of damages proved at trial (the "Claim").

6. The Debtors' Objection seeks to disallow the Claim as a contingent, co-liability, contribution claim pursuant to Section 502(e)(1)(b) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

7. If the Claim is disallowed by this Court, New Flyer expressly reserves its right to seek reconsideration of the disallowed Claim under Section 502(j) of the Bankruptcy Code.

8. In addition, New Flyer expressly reserves any all rights that it may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009 Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered (the "Sale Order") [Docket No. 2968], or any successor entity thereto (collectively "New GM"), based upon any theory of liability, including, without limitation, as successor to Debtors.

9. New Flyer respectfully requests that any order of this Court granting the relief requested in the Objection as to New Flyer include the foregoing reservations of rights.

\*   \*   \*

## CONCLUSION

WHEREFORE, New Flyer respectfully requests that (i) any disallowance of the Claim be subject to the reservations of rights contained in this Reservation of Rights and (ii) the Court grant such other and further relief as is just and appropriate.

Dated:   December 22, 2010
         New York, New York

**TORYS LLP**

/s/   Alison D. Bauer
Alison D. Bauer
Christopher M. Caparelli
William F. Gray, Jr.
237 Park Avenue
New York, New York 10017
Telephone: (212) 880-6000
Facsimile: (212) 682-0200

*Counsel for New Flyer of America Inc.*