# EXHIBIT 2



*Solidarity House*

8000 EAST JEFFERSON AVE.
DETROIT, MICHIGAN 48214
PHONE (313) 926-5000
FAX (313) 823-6016



**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA – UAW**

RON GETTELFINGER, PRESIDENT                    ELIZABETH BUNN, SECRETARY-TREASURER

VICE-PRESIDENTS: GENERAL HOLIEFIELD • BOB KING • CAL RAPSON • JIMMY SETTLES • TERRY THURMAN

October 29, 2009

Diana Tremblay, Vice President
GM Labor Relations
RenCen, Tower 300, 22nd Floor
MC 482-C22-152
Detroit, MI  48265-3000

    Re:    **Required VEBA Contribution**

Dear Diana:

As I mentioned to you last week, now that Delphi has emerged from bankruptcy, GM is obligated to make an additional contribution to the VEBA as set forth in our agreements from the summer of 2007. You asked me to provide additional background. Dan Sherrick also spoke with Frank Jaworski about this issue earlier today and confirmed that we would be sending a letter outlining some of the background on this issue.

General Motors, Delphi and the UAW are parties to a Memorandum of Understanding dated June 22, 2007 (the "MOU"). The MOU was approved in Delphi's bankruptcy proceeding, with the support of both GM and the UAW.

One critical component of that agreement is an obligation by GM to make an additional contribution, in the amount of $450 million, to the VEBA. You'll recall that the reason for that additional contribution was to partially reflect the incremental cost to the then-existing VEBA of "absorbing" the Delphi retirees in accordance with other provisions of the MOU.

The obligation to provide this additional contribution is set forth in Section J.2 of the MOU, which provides in full as follows:

> The UAW has asserted a claim against Delphi in the amount of $450 million as a result of the modifications encompassed by this Agreement and various other UAW agreements during the courts of Delphi's bankruptcy. Although Delphi has not acknowledged this claim, <u>GM has agreed to settle this claim by making a payment in the amount of $450 million, which the UAW has directed to be paid directly to the DC VEBA established pursuant to the settlement agreement approved by the court in the case of Int'l. Union, UAW et al v. General Motors Corp., Civil Action No. 05-73991</u>. [Emphasis supplied]

Section K.2 of the MOU provides an "effective date" provision for certain terms of the MOU, including Section J.2. That section provides as follows:

> The parties acknowledge that the following provisions of this Agreement will not become effective until all of the following events have occurred and as of the date when the last of such events shall have occurred: (a) execution by Delphi and GM of a comprehensive settlement agreement resolving the financial, commercial, and other matters between them and (b) the substantial consummation of a plan of reorganization proposed by Delphi in its Chapter 11 cases and confirmed by the Bankruptcy Court which incorporates, approves and is consistent with all of the terms of this Agreement and the comprehensive settlement agreement between Delphi and GM.

GM, the UAW and Delphi presented the MOU -- which included these provisions -- to the Bankruptcy Court in Delphi's bankruptcy proceedings, and the court entered an order approving the MOU in its entirety.

This agreement was not amended or modified in any way during Delphi's bankruptcy, during the 2007 class action settlement in the <u>Henry</u> class action suit, or during GM's bankruptcy. To the contrary, this agreement was a cornerstone of Delphi emergence from bankruptcy, however belated. And GM explicitly agreed to honor all its UAW labor agreements during its bankruptcy.

By order dated October 6, 2009, the Bankruptcy Court in the Delphi bankruptcy entered an order stating that "[o]n October 6, 2009, the Effective Date of the Modified Plan occurred" and that the "Modified Plan was substantially consummated" on that day.

2

The concessions embodied in this agreement have all been made, and now that Delphi has emerged from bankruptcy the payment obligation is due.

In fact, during our discussions with Treasury this past spring, the UAW urged GM and Treasury to resolve this $450 million obligation as part of the overall VEBA negotiations. GM and Treasury both declined to do so, in view of the fact that -- at that time -- it was impossible to tell whether Delphi would in fact emerge from bankruptcy. The position of both GM and Treasury officials was that this obligation would ripen, or not, depending on whether Delphi in fact emerged from bankruptcy. GM and Treasury chose to leave that contingent claim contingent. Now that the contingency has occurred, the obligation has ripened and must be paid.

Sincerely,

Cal Rapson
Vice President and Director
UAW General Motors Department

CR/ss
opeiu494/ss

cc:   Garry Bernath
      Ron Gettelfinger
      Dan Sherrick

3