Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                              :            **Chapter 11 Case No.**
                                                   :
**MOTORS LIQUIDATION COMPANY,** *et al.,*          :            **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                                                   :
                                **Debtors.**       :            **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

## NOTICE OF DEBTORS' 123RD OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

     **PLEASE TAKE NOTICE** that on December 22, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 123rd omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**February 3, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

     This Objection does not affect a Claimant's ability to receive distributions as a

beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015). If a

Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may

call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**.  If a Claimant is

unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then

the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in

accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the

Claimant complies with the Court's instructions, which can be found on the Court's website at

www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on

"Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."  A

Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic

appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue,

New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer

Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors,

1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq.

(lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the**

**Claimant's claim, then the Claimant does not need to file a Response or appear at the**

**Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing on the Objection is

scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in

Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York

(the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004-1408, on **February 3, 2011 at 9:45 a.m. (Eastern Time)**.  If a Claimant

files a Response to the Objection, the Claimant should plan to appear at the Hearing either in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claimant's claim.  If the Debtors do continue the Hearing with respect to the Claimant's claim, then the Hearing will be held at a later date.  If the Debtors do not continue the Hearing with respect to the Claimant's claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **January 27, 2011 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format <u>and</u> in hard copy at each of the following addresses on or before the deadline for response:

A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;

B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and

C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the number of the Objection to which the response is directed; (ii) the name of the

Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting

forth the reasons why the claim should not be disallowed and expunged for the reasons set forth

in the Objection, including, but not limited to, the specific factual and legal bases upon which the

Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the

claim, to the extent not included with the proof of claim previously filed with the Bankruptcy

Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which

the Debtors must return any reply to the Claimant's response, if different from that presented in

the proof of claim; and (vi) the name, address, and telephone number of the person that can be

contacted in connection with the Objection.

       If a Claimant has any questions about this notice or the Objection, <u>please contact</u>

the Debtors at **1-800-414-9607**.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF

THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
        December 22, 2010

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: January 27, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                  :     **Chapter 11 Case No.**
                                                       :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :     **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :
                                                       :
        **Debtors.**                  :     **(Jointly Administered)**
                                                       :
---------------------------------------------------------------x

## DEBTORS' 123RD OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS THAT ARE THE SUBJECT OF THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER THE EXHIBIT ATTACHED TO THIS OBJECTION OR ON THEIR PERSONALIZED
NOTICE.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.        The Debtors are now in the process of soliciting acceptances of the

Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015) (as may be amended, modified or

supplemented from time to time, the "**Plan**") and intend to make distributions to their creditor

upon confirmation of the Plan.[1]  To that end, the Debtors need to reconcile their claims register

which includes certain claims filed on behalf of individual holders of Debt Claims (as defined

hereafter) whose claims have already been accounted for in the Plan.  In other words, absent this

Objection, certain holders of Debt Claims would be accounted for multiple times – both for

solicitation of acceptances of the Plan and for receiving distributions under the Plan.

2.        Because the Debt Claims have been allowed under the Plan, individual

proofs of claim on account of the same obligation must be expunged from the Debtors' claims

register subject to confirmation of the Plan.  "In bankruptcy, multiple recoveries for an identical

injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley,*

*Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert

two dollars in claims for every one dollar of loss from the same debtor violates principles of

ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re*

*Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991).

3.        The Debtors file this 123rd omnibus objection to claims (the "**123rd**

**Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

---

[1] A hearing to consider confirmation of the Plan has been scheduled for March 3, 2011.

"**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the claims listed on

**Exhibit "A"** annexed hereto, subject to confirmation of the Plan.[2]

       4.     The Debtors have examined the proofs of claim identified on Exhibit "A"

and believe that although the type of Debt Claims cannot be specifically identified, the proofs of

claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the

"**Duplicate Debt Claims**") are duplicative of either (a) Wilmington Trust Bond Debt Claims (as

defined below), or (b) Eurobond Deutsche Debt Claims (as defined below), or (c) the IRB Debt

Claims (as defined below), as such are fixed and allowed under the Debtors' Plan.

       5.     This 123rd Omnibus Objection to Claims does not affect the ability of an

Individual Bondholder (as hereinafter defined) to receive distributions on account of the Plan.

Further, the Debtors reserve all their rights to object on any other basis to any Duplicate Debt

Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

       6.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

       7.     Prior to the commencement of these chapter 11 cases on June 1, 2009 (the

"**Commencement Date**"), the Debtors had issued, among other debt instruments, (i) 24 tranches

of debentures (the "**Wilmington Trust Bond Debt Claims**") of which approximately $22.86

billion in principal amount remained outstanding as of the Commencement Date, (ii) two series

---

[2] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

of notes under a fiscal and paying agency agreement (the "**Eurobond Deutsche Debt Claims**")

of which approximately $3.51 billion in principal amount remained outstanding as of the

Commencement Date, and (iii) seven series of industrial revenue bonds (the "**IRB Debt**

**Claims**," and together with the Wilmington Trust Bond Debt Claims and the Eurobond Deutsche

Debt Claims, the "**Debt Claims**," and the holders of the Debt Claims, the "**Individual**

**Bondholders**").

   8.  On the Commencement Date, four of the Debtors (the "**Initial Debtors**")[3]

commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on

October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[4] commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly

administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On

September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and

statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009,

the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of

financial affairs.

   9.  On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person

or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

---

[3] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established

June 1, 2010 as the deadline to file proofs of claim).

          10.     Among the tens of thousands of proofs of claim the Debtors received,

approximately 24,000 proofs of claim have been filed by claimants seeking the repayment of

principal, interest, and fees and expenses that relate to either (i) the Wilmington Trust Bond Debt

Claims, (ii) the Eurobond Deutsche Debt Claims, and/or the (iii) IRB Debt Claims.  The

Debtors believe that all of the Debt Claims filed by Individual Bondholders are duplicative of the

claims allowed by the Debtors pursuant to the Debtors' Plan even though the Debtors cannot

identify from the proofs of claim what type of Debt Claims are involved.  Nevertheless, the

Debtors request that the Duplicate Debt Claims be expunged from the Debtors' claims register

subject to the Debtors' Plan being confirmed.

**(a)**      ***The Wilmington Trust Bond Debt Claims***

          11.     As of the Commencement Date, the Debtors were a party to two

indentures (collectively, the "**WTC Indentures**"):

     (i)     the Indenture, dated as of November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1990 Indenture**"), pursuant to which (a) $299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22, 1991, (b) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March 12, 1991, (c) $500,000,000 of 7.40% Debentures due September 1, 2025 were issued on September 11, 1995, (d) $15,000,000 of 9.40% Medium Term Notes due July 15, 2021 were issued on July 22, 1991, and (e) $48,175,000 of 9.45% Medium Term Notes due November 1, 2011 were issued on December 21, 1990, and

     (ii)     the Indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1995 Indenture**"), pursuant to which (a) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued on March 20, 1996, (b) $500,000,000 of 7.70% Debentures due April 15, 2016 were issued on April 15, 1996, (c) $400,000,000 of 8.10% Debentures due June 15,

2024 were issued on June 10, 1996, (d) $600,000,000 of 6.75% Debentures due May 1, 2028 were issued on April 29, 1998, (e) $1,500,000,000 of 7.20% Notes due January 15, 2011 were issued on January 11, 2001, (f) $575,000,000 of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30, 2001, (g) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (h) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (i) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (j) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (k) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (l) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (m) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (n) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (o) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (p) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (q) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (r) $ 720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (s) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007

12.     Prior to the expiration of the Debtors' bar date, Wilmington Trust Company ("**WTC**") filed two global proofs of claim: (i) Proof of Claim No. 65793 ("**Claim 65793**"), in its capacity as successor indenture trustee of the 1990 Indenture; and (ii) Proof of Claim No. 65729 ("**Claim 65729**"), in its capacity as successor indenture trustee of the 1995 Indenture.

13.     The amounts asserted by WTC in Claim 65793 and Claim 65729 have been reconciled and allowed under a stipulation, approved and entered by the Court on August 9, 2010 (the "**WTC Stipulation**") (ECF No. 6595),[5] a copy of which is annexed hereto as **Exhibit "B."** The WTC Stipulation was signed by the Debtors, WTC, and Citibank, N.A., solely in its

---

[5] After the entry of the WTC Stipulation, WTC, Citibank (as defined below), and the Debtors have agreed to modify the amounts asserted by WTC in Claim 65793 and Claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

capacity as paying agent under the 1990 Indenture and 1995 Indenture (in such capacity,

"**Citibank**"), and allowed (i) Claim 65793 in the amount of $1,419,471,545.22 (subject to

appropriate reserve and/or reduction in connection with any Court-authorized setoff exercised by

Individual Bondholders) and (ii) Claim 65729 in the amount of $21,928,183,895.36 (subject to

appropriate reserve and/or reduction in connection with any Court-authorized setoff exercised by

Individual Bondholders).[6]  Prior to entry of the WTC Stipulation, WTC sent out a notice to all

affected Individual Bondholders notifying them of the pending approval by the Court of the

WTC Stipulation.

      14.      Moreover, Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of*

*Claims and Equity Interests*," provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the
> respective amounts listed next to each Indenture set forth in Exhibit
> "F" annexed hereto (the "**Fixed Allowed Note Claims**").[7]  The Fixed
> Allowed Note Claims shall override and supersede (i) any individual
> Claims filed by Registered Holders or beneficial owners of debt
> securities with respect to the Note Claims and (ii) solely with respect
> to the Allowed amount of the Note Claims, any stipulation or
> agreement between the Debtors and any Indenture Trustee, Registered
> Holder, or beneficial owner of the debt securities with respect to the
> Note Claims.  For the avoidance of doubt, the terms of any stipulation
> or agreement between the Debtors and any Indenture Trustee,
> Registered Holder, or beneficial owner of debt securities with respect
> to the Note Claims shall continue in full force and effect except with
> respect to the Allowed amount of the Note Claims contained therein.
> Distributions to holders of Note Claims shall be made in accordance
> with Section 5.3(b) hereof.

---

[6] As mentioned above, WTC, Citibank, and the Debtors have agreed to modify the amounts asserted by WTC in
Claim 65793 and Claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.
The total allowed amounts have been revised and reflected in the Debtors' Plan.

[7] A copy of the list with the Fixed Allowed Note Claims is annexed herein as **Exhibit "C."**

(b)    ***The Eurobond Deutsche Debt Claims***

15.    As of the Commencement Date, the Debtors were a party to a Fiscal and Paying Agency Agreement, dated as of July 3, 2003, by and between General Motors Corporation (now known as MLC), as issuer, Deutsche Bank AG London, as fiscal agent, and Bank Général du Luxembourg S.A., as paying agent (the "**Fiscal and Paying Agency Agreement**").  Under the Fiscal and Paying Agency Agreement, the Debtors issued €1,000,000,000 of 7.5% unsecured notes due 2013 and €1,500,000,000 of 8.375% unsecured notes due 2033.  As of the Commencement Date, the principal amount outstanding under the Fiscal and Paying Agency Agreement was, in U.S. dollars, approximately $3.51 billion.

16.    There is no indenture trustee for the Eurobond Deutsche Debt Claims. Nevertheless, the Debtors' Plan, provides that a claim based on the Fiscal and Paying Agency Agreement will be allowed in the amount of $3,772,694,419, which is equal to outstanding principal plus accrued and unpaid interest as of, and based on the currency conversation rate on, June 1, 2009 (the Commencement Date).  The Plan further provides that such amount will override and supersede any individual claims filed by record holders or beneficial owners of the affected debt securities.

17.    Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*," provides in pertinent part that:

> The Eurobond Claims under (i) that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. shall be Allowed in the amount of $3,772,694,419 and (ii) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse, shall be Allowed in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond Claims shall override and supersede any individual Claims filed by

Registered Holders or beneficial owners of debt securities with respect to the Eurobond Claims.

**(c)**    ***The IRB Debt Claims***

18.    As of the Commencement Date, MLC, as issuer, and Law Debenture Trust Company of New York ("**LDTC**"), as successor indenture trustee, were parties to the following seven indentures (collectively, the "**IRB Indentures**" and each, an "**IRB Indenture**"):

(i)     the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding;

(ii)    the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were issued and outstanding;

(iii)   the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 were issued and outstanding;

(iv)    the Trust Indenture, dated as of July 1, 1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund, Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 1995 were issued and outstanding;

(v)     the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding;

(vi)    the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds  (General Motors Corporation Project) Series 2002 were issued and outstanding; and

(vii)   the Trust Indenture, dated as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and outstanding.

19.     Prior to the expiration of the Debtors' bar date, LDTC filed seven global

proofs of claim --one for each applicable IRB Indenture-- on behalf of all holders of bonds issued

under the IRB Indentures.

20.     Here, again, not only are the applicable Individual Bondholders covered

under the proofs of claim filed by LDTC but also under the Debtors' Plan which in Section

4.3(e) of Article IV of the Plan, provides in pertinent part that:

> The [IRB Debt] Claims shall be Allowed in the respective amounts
> listed next to each Indenture set forth in Exhibit "F" annexed hereto
> (the "**Fixed Allowed Note Claims**").[8]  The Fixed Allowed Note
> Claims shall override and supersede (i) any individual Claims filed by
> Registered Holders or beneficial owners of debt securities with respect
> to the Note Claims and (ii) solely with respect to the Allowed amount
> of the Note Claims, any stipulation or agreement between the Debtors
> and any Indenture Trustee, Registered Holder, or beneficial owner of
> the debt securities with respect to the Note Claims.  For the avoidance
> of doubt, the terms of any stipulation or agreement between the
> Debtors and any Indenture Trustee, Registered Holder, or beneficial
> owner of debt securities with respect to the Note Claims shall continue
> in full force and effect except with respect to the Allowed amount of
> the Note Claims contained therein.  Distributions to holders of Note
> Claims shall be made in accordance with Section 5.3(b) hereof.

### The Relief Requested Should Be Approved by the Court

21.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),

2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No.

02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

---

[8] As mentioned above copy of the list with the Fixed Allowed Note Claims is annexed herein as Exhibit "C."

22.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley,* 160 B.R. at 894.  The Debtors have reviewed the proofs of claim identified on Exhibit "A" and, although the type of Debt Claim cannot be identified, the Debtors believe them to be duplicative of either (a) Wilmington Trust Bond Debt Claims, (b) Eurobond Deutsche Debt Claims, or (c) the IRB Debt Claims, as such are fixed and allowed under the Debtors' Plan.  Moreover, the Debtors have no way of confirming that any of the Individual Bondholders are, in fact, beneficial holders of a debt instrument on the relevant dates.

23.     To avoid the possibility of multiple recoveries by the Individual Bondholders, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Debt Claims subject to Confirmation of the Plan.  Individual Bondholders, to the extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive distributions either from (i) WTC in its capacity as indenture trustee, (ii) from Euroclear Bank or another clearing agency after surrendering their securities to Deutsche Bank AG London, in its capacity as the fiscal and paying agent under the Fiscal and Paying Agency Agreement, or (iii) LDTC in its capacity as indentures trustee under the IRB Indentures.

### Notice

24.     Notice of the 123rd Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" by virtue of the individualized notice transmitted in accordance with the Supplemental Procedures Order and parties in interest in accordance with the Fourth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated August 24, 2010 (ECF No.

6750).  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.

25.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  New York, New York
        December 22, 2010

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BONNIE L NOBBE REV TRUST DTD 02/10/07<br>C/O BONNIE NOBBE<br>217 THOMAS LN<br>WATERLOO, IL 62298 | 11736 | Motors Liquidation Company | $26,012.50 | Duplicate Debt Claim | Pgs. 1-5 |
| BONNIE ROBERTS<br>4530 RAYBURN ST<br>WEST LAKE VILLAGE, CA 91362 | 18454 | Motors Liquidation Company | $14,977.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BONNIE WALLS<br>2102 JULIE ANN<br>PARAGOULD, AR 72450 | 67743 | Motors Liquidation Company | $2,019.26 | Duplicate Debt Claim | Pgs. 1-5 |
| BRANDY LALOUCHE<br>2588 THATCHER AVE<br>HENDERSON, NV 89052 | 25358 | Motors Liquidation Company | $20,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BRENDA WESTBROOK<br>1220 BRANDYWINE LN SE<br>DECATUR, AL 35601 | 33045 | Motors Liquidation Company | $1,725.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BRIGITTE BEIPL<br>BILLROTHSTR 2A16164<br>1190 WIEN AUSTRIA<br>,<br>AUSTRIA | 68717 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| BRIGITTE LIPPKE<br>QUERSTR. 3<br>31008 ELZE GERMANY<br>,<br>GERMANY | 69390 | Motors Liquidation Company | $9,109.95 | Duplicate Debt Claim | Pgs. 1-5 |
| BRUCE R GILBERT<br>CGM IRA ROLLOVER CUSTODIAN<br>5645 SILVER POND DRIVE<br>WEST BLOOMFIELD, MI 48322 | 23483 | Motors Liquidation Company | $9,932.60 | Duplicate Debt Claim | Pgs. 1-5 |
| BRUCE SANDOR VOGEL<br>JACKIE R VOGEL JT TEN<br>22 1/2 DRY HILL RD<br>NORWALK, CT 06851 | 21470 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| BRUCE T PARKER<br>500 MORGAN LANE<br><br>WARSAW, VA 22572 | 13933 | Motors Liquidation Company | $13,475.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BRUCE TOMCZYK<br>6932W EAST NORTH DR<br><br>HURLEY, WI 64534 | 28183 | Motors Liquidation Company | $7,261.69 | Duplicate Debt Claim | Pgs. 1-5 |
| BUD JOHNSON, JOY JOHNSON & LARRY<br>JOHNSON TTEE BUD & JOY JOHNSON 1980<br>TR DTD 02/02/1980<br>150 SURFSOUND DR<br>SMITH RIVER, CA 95567 | 17928 | Motors Liquidation Company | $36,125.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BURTON FORMAN &<br>SONDRA FORMAN JT TEN<br>56 SHADYBROOK DR<br>LANGHORNE, PA 19047 | 29571 | Motors Liquidation Company | $74,906.00 | Duplicate Debt Claim | Pgs. 1-5 |
| BUSCHER FAMILY LIVING TRUST<br>U/A DTD 05/25/2007<br>RICHARD L BUSCHER & MARCIE A<br>BUSCHER TTEE<br>1328 WEST 214TH STREET<br>TORRANCE, CA 90501 | 4445 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| BUSH-HOWISON LP<br>ATTN MARY JANE SCHULTZ<br>23360 NORTH BLUFF ST<br>FULTON, MO 65251 | 23567 | Motors Liquidation Company | $5,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| C S CUTRELL BENEFICIARY IRA<br>JOHN M RODUIK (DECD)<br>FCC AS CUSTODIAN<br>642 SOUTH BEACH ST<br>ORMOND BEACH, FL 32174 | 3062 | Motors Liquidation Company | $5,006.42 | Duplicate Debt Claim | Pgs. 1-5 |
| CAMILLA V BARGE<br>C/O MICHAEL NERE<br>6861 SHEARWATERS DR<br>CARLSBAD, CA 92011 | 6477 | Motors Liquidation Company | $21,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CARL FAETCHE SR AND<br>LYNDA G FAETCHE JT TEN<br>21862 LOST MEADOW<br>NEW CANEY, TX 77357 | 4329 | Motors Liquidation Company | $39,899.45 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

123rd Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| CARL R BISHOP<br>5211 SW 88 TERRACE<br><br>COOPER CITY, FL 33328 | 7998 | Motors Liquidation Company | $15,500.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CARL W ZUGELTER TRUSTEE FBO EUGENE ZUGELTER<br>C/O CARL W ZUGELTER<br>1285 W OHIO PIKE<br>AMELIA, OH 45102 | 8003 | Motors Liquidation Company | $25,000.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| CARLIN H SHANK<br>10716 OLD ST RD 1<br><br>ECONOMY, IN 47339 | 63043 | Motors Liquidation Company | $19,905.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CARMEN HERR<br>1199 PACIFIC HWY  #2902<br><br>SAN DIEGO, CA 92101 | 67849 | Motors Liquidation Company | $17,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROL D MEGONEGAL<br>8036 SANDHILL CT<br><br>WEST PALM BEACH, FL 33412 | 21386 | Motors Liquidation Company | $25,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROL FISCHER<br>10125 MAPLE RD<br><br>BIRCH RUN, MI 48415 | 4016 | Motors Liquidation Company | $20,000.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| CAROL M NYMAN<br>STEVEN KAISER TTEE<br>U/A/D 09/08/89<br>FBO ROBERT E NYMAN DECL OF TR<br>1234 8TH AVE<br>SACRAMENTO, CA 95818 | 44652 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROL POWLEY &<br>WALTER POWLEY TTEES<br>CAROL POWLEY LIVING<br>TRUST U/A DTD 6-5-95<br>771 BONNIE BRAE COURT<br>BOLINGBROOK, IL 60440 | 2007 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROLYN A ACCURSO AND<br>CHARLES M SALADINO JTWROS<br>11900 MADISON<br>KANSAS CITY, MO 64145 | 4316 | Motors Liquidation Company | $25,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROLYN HINKLE<br>551 INDIAN CREEK<br><br>ANDERSON, MO 64831 | 7561 | Motors Liquidation Company | $18,494.89 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| CAROLYN LAMBERT<br>5238 GREAT LAKES DR N<br><br>EVANSVILLE, IN 47715 | 29574 | Motors Liquidation Company | $14,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CAROLYN M BECKER<br>100 ANSONBOROUGH LANE, APT 406<br><br>ATHENS, GA 30605 | 4353 | Motors Liquidation Company | $2,500.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CARTER E DORRELL<br>965 YALE RD<br><br>BOULDER, CO 80305 | 65525 | Motors Liquidation Company | $45,260.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CATHERINE M. HABERSTROH<br>708 CANYON CREEK LANE<br><br>BIRMINGHAM, AL 35216 | 18842 | Motors Liquidation Company | $30,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CATHY MORRIS RAWLS<br>3233 HURSTVIEW DR<br><br>HURST, TX 76054 | 64719 | Motors Liquidation Company | $12,500.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CECIL C GRAHAM M D IRA<br>FCC AS CUSTODIAN<br>4543 MENGE AVE<br>PASS CHRIS, MS 39571 | 4176 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| CECIL INEZ HENDREN<br>3255 WICKLIFF RD<br><br>BROOKNEAL, VA 24528 | 19765 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLENE L WALKER<br>7124 N VALLEY VISTA RD<br><br>PRESCOTT VLY, AZ 86315 | 12382 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLES D WHITSON &<br>BETTY H WHITSON JT TEN<br>1327 COUNTY ROAD 164<br>LAFAYETTE, AL 36862 | 15949 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLES E WRIGHT<br>10521 SANDRINGHAM<br><br>BATON ROUGE, LA 70815 | 3851 | Motors Liquidation Company | $40,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| CHARLES GLUNT<br>1604 HOPEWELL RD<br><br>FOUNTAIN CITY, IN 47341 | 18069 | Motors Liquidation Company | $3,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLES T HALL AND DORIS S HALL<br>DORIS S HALL JTWROS<br>855 N PARK ROAD P201<br>WYOMISSING, PA 19610 | 5319 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLES THEODORA<br>7 LILAC LANE<br><br>OCEAN, NJ 00771<br>UNITED STATES OF AMERICA | 29494 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CHARLES W MAXWELL<br>ELIZABETH H MAXWELL<br>878 JERI LN<br>BOULDER CITY, NV 89005 | 14962 | Motors Liquidation Company | $115,827.59 | Duplicate Debt Claim | Pgs. 1-5 |
| CHRISTIAN OEST<br>WURSTER STR 201<br>27580 BREMERHAVEN GERMANY<br>,<br>GERMANY | 17277 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Duplicate Debt Claim | Pgs. 1-5 |
| CHRISTINE LUPIENT<br>3712 DE ETTA AVE<br><br>BAKERSFIELD, CA 93313<br>UNITED STATES OF AMERICA | 67728 | Motors Liquidation Company | $5,133.60 | Duplicate Debt Claim | Pgs. 1-5 |
| CLARK A KAUFFMAN AND<br>LOIS M KAUFFMAN JT TEN<br>306 FREEMAN AVENUE<br>AUDUBON, IA 50025 | 8201 | Motors Liquidation Company | $5,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CLAUDE & BETTY FIELDER<br>2305 SEA ISLAND DR<br><br>JONESBORO, AR 72404 | 67710 | Motors Liquidation Company | $20,628.13 | Duplicate Debt Claim | Pgs. 1-5 |
| CLAUDE E YOUNG AND BERTA YOUNG TRUSTEES<br>THE YOUNG FAMILY TRUST<br>U/A/D 08/29/1995<br>3420 ROCKSPRING RD<br>HYDESVILLE, CA 95547 | 10092 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| CLAUDE P. FLOCK<br>CGM IRA ROLLOVER CUSTODIAN<br>7335 HIGHWAY 337 NW<br>DEPAUW, IN 47115 | 13055 | Motors Liquidation Company | $13,681.22 | Duplicate Debt Claim | Pgs. 1-5 |
| CLYDE P DAVIS JR &<br>LINDA W DAVIS<br>JT TEN<br>716 DARLENE DR<br>BIRMINGHAM, AL 35217 | 20530 | Motors Liquidation Company | $20,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CLYDE R ASHWORTH<br>#3 HOMEPLACE COURT<br>ARLINGTON, TX 76016 | 11242 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| COACH REAL ESTATE ASSOC INC<br>401K LAWRENCE FINN JR TTEE<br>U/A DTD 5/1/96<br>FBO MARY PRINZ<br>88 SCUDDER PLACE<br>NORTHPORT, NY 11768 | 7565 | Motors Liquidation Company | $12,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| COMPOSITE TEMPLE ASSOC<br>32333 KELLY RD<br>FRASER, MI 48026 | 21298 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| CONSTANCE HILBURN TTEE<br>HILBURN FAMILY TRUST U/A<br>DTD 02/14/1989<br>25442 SEABLUFFS DRIVE APT 307<br>DANA POINT, CA 92629 | 11505 | Motors Liquidation Company | $20,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CONTRIBUTORY IRA OF DOLORES L SHUGART<br>DOLORES L SHUGART<br>108 AUSTIN CT<br>DUNEDIN, FL 34698 | 62595 | Motors Liquidation Company | $5,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CORNELIS BYEMAN TTEE OF THE<br>ROSE MARIE EDWARDS TR U/W/O 4-30-92<br>2050 COWBOY WAY<br>PASO ROBLES, CA 93446 | 28008 | Motors Liquidation Company | $75,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| CRISTIAN ZEGERS<br>CRISTIAN ZEGERS & M DEL CARMEN ECHAVARRI<br>CANINO LAS VERTIENTES 1420<br>SAN CARLOS DE APOQUINDO<br>LAS CONDEI SANTIAGO  CHILE<br>,<br>CHILE | 36953 | Motors Liquidation Company | $30,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| CRYSTAL V WAGONER<br>C/O JOHN H POLK<br>1502 AUGUSTA STE 390<br>HOUSTON, TX 77057 | 18795 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| D & K SUPPLY INC.<br>8810 HILL CHURCH ST SE<br>EAST CANTON, OH 44730 | 8015 | Motors Liquidation Company | $75,111.00 | Duplicate Debt Claim | Pgs. 1-5 |
| D. KATERINOS<br>BOX 370064<br>MILWAUKEE, WI 53237<br>UNITED STATES OF AMERICA | 65307 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAIL W LONGAKER MD IRA<br>FCC AS CUSTODIAN<br>4614 PERRY CT<br>COLUMBIA, SC 29206 | 7245 | Motors Liquidation Company | $100,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DALE R WEBB<br>CGM IRA CUSTODIAN<br>4923 E 102 ST<br>TULSA, OK 74137 | 22087 | Motors Liquidation Company | $10,000.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DANIEL GREENBERG TRUST, RICHARD GREENBERG & EILEEN B GREENBERG TTEES<br>2151 ROCKCRESS WAY<br>GOLDEN, CO 80401 | 13677 | Motors Liquidation Company | $52,312.93 | Duplicate Debt Claim | Pgs. 1-5 |
| DANIEL R PETERSEN<br>18218 FOCH<br>LIVONIA, MI 48152 | 19146 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DANIEL R. DAVIS &<br>SHEILA CHILTON-DAVIS JT WROS<br>12400 VAN BUREN STREET<br>CROWN POINT, IN 46307 | 3827 | Motors Liquidation Company | $29,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DARNELL BLAXTON<br>STEPHENS INC. C/F<br>DARNELL BLAXTON IRA<br>2905 MEADOW CIRCLE<br>POCAHONTAS, AR 72455 | 67720 | Motors Liquidation Company | $41,256.40 | Duplicate Debt Claim | Pgs. 1-5 |
| DARREL R BURUM<br>& MARY L BURUM JTTEN<br>650 ELKINS LAKE<br>HUNTSVILLE, TX 77340 | 69754 | Motors Liquidation Company | $66,430.48 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| DAVID A WOOD<br>CGM IRA ROLLOVER CUSTODIAN<br>525 NW 40 ST<br>OKLAHOMA CITY, OK 73118 | 2018 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID A WOOD SUCC TTEE<br>FBO MARY E WOOD TRUST<br>U/A/D 03-15-1983<br>525 NW 40 ST<br>OKLAHOMA CITY, OK 73118 | 2017 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID E CARTER<br>165 BUFFLICK RD<br>CLENDENIN, WV 25045 | 29226 | Motors Liquidation Company | $9,848.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID KATZ (IRA)<br>FCC AS CUSTODIAN<br>9 BERRYDALE LN<br>BELLA VISTA, AR 72715 | 22210 | Motors Liquidation Company | $20,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID L. CHAPSKI (DECD)<br>3 DEWEY STREET<br>NATICK, MA 01760 | 10911 | Motors Liquidation Company | $23,940.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID LYNN RICHEY &<br>KYLE MARIE RICHEY JT TEN<br>2586 UNION ST<br>SAN FRANCISCO, CA 94123 | 10089 | Motors Liquidation Company | $150,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID M BURKE<br>39433 BOLINGTON RD<br>LOVETTSVILLE, VA 20180 | 16069 | Motors Liquidation Company | $5,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID M. BLAU OR HIS<br>SUCESSOR TR<br>DAVID BLAU TTEE<br>U/A DTD 07/19/2005<br>33016 HEARTHSTONE RD<br>FARMINGTN HLS, MI 48334 | 33512 | Motors Liquidation Company | $0.00<br>Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID MARINOFF &<br>JUNE MARINOFF JT TEN<br>3020 HOLYROOD DRIVE<br>OAKLAND, CA 94611 | 69097 | Motors Liquidation Company | $14,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID R EID<br>PO BOX 3115<br>AKRON, OH 44309 | 32862 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

123rd Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| DAVID S LIPTON & CATHY LIPTON JT TEN BY ENTR P O BOX 5147 LIGHTHOUSE PT, FL 33074 | 19474 | Motors Liquidation Company | $24,427.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID SEQUEIRA 5047 35TH ROAD NORTH ARLINGTON, VA 22207 UNITED STATES OF AMERICA | 22103 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID SUELLAU 3845 SPLENDID OAK CT ORANGE PARK, FL 32065 | 7068 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID TERSTEEG CHARLES SCHWAB & CO INC CUST SEP-IRA 11 WHITE CHAPEL CT ALGONQUIN, IL 60102 | 2011 | Motors Liquidation Company | $11,031.85 | Duplicate Debt Claim | Pgs. 1-5 |
| DAVID VICTOR GOLDEN 3333 S DURANGO AVE #6 LOS ANGELES, CA 90034 | 22588 | Motors Liquidation Company | $0.00 Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DEAN GOODMAN W242 HAWKS NEST LANE KAUKAUNA, WI 54130 | 10656 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DEBBIE DIMON TOD BENEFICIARIES ON FILE 6418 9TH ST EAST BRADENTON, FL 34203 | 61741 | Motors Liquidation Company | $3,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DELIA WEISS REVOCABLE TRUST DTD 11/01/1996 FBO GAIL YOUNGELSON S. SCHWARTZ & M. WEISS TTEE 7664 EAGLE POINT DRIVE DELRAY BEACH, FL 33446 | 12289 | Motors Liquidation Company | $0.00 Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DENISE VERRELST LOMBARDENVEST 29/10 2000 ANTWERPEN BELGIUM , BELGIUM | 21628 | Motors Liquidation Company | $22,600.00 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| DENWARD A. DAVIS<br>5529 10TH AVE SOUTH<br><br>BIRMINGHAM, AL 35222 | 18843 | Motors Liquidation Company | $19,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DIANE MACKLOSKY<br>47 MAXINE DR<br><br>BRISTOL, CT 06010 | 33011 | Motors Liquidation Company | $34,748.86 | Duplicate Debt Claim | Pgs. 1-5 |
| DIANE MORRIN<br>CGM IRA CUSTODIAN<br>2011 EAST 34 ST<br>BROOKLYN, NY 11234 | 12550 | Motors Liquidation Company | $500.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DIETZ LIVING TRUST<br>ARTHUR DIETZ TRUSTEE<br>2906 OAK POINT DR<br>GARLAND, TX 75044 | 9277 | Motors Liquidation Company | $25,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DOLORES S COYLE<br>CGM IRA CUSTODIAN<br>219 BURNEY ROAD<br>OSPREY, FL 34229 | 2699 | Motors Liquidation Company | $20,375.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DOMENICO RAGONE IRA<br>3321 FRIAR DR<br><br>PARMA, OH 44134 | 25454 | Motors Liquidation Company | $2,232.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DOMENICO TAVARONE<br>CLARA TAVARONE<br>1702 WALTER DR<br>WILMINGTON, DE 19810 | 8831 | Motors Liquidation Company | $24,823.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DOMENICO ZANGARI & CHIARA ZANGARI<br>JTTEN TOD MARIA ROSA PITTELLA<br>SUBJECT TO STA RULES<br>1923 SCHLEY STREET<br>PHILADELPHIA, PA 19145 | 28073 | Motors Liquidation Company | $13,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DOMINICK A ALFIERI<br>6 SUNBOW LANE<br><br>OKATIE, SC 29910<br>UNITED STATES OF AMERICA | 63031 | Motors Liquidation Company | $50,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DONALD & SUZANNE WHITE<br>DONALD M WHITE<br>SUZANNE M WHITE<br>151 SYLVAN DRIVE<br>POTTSTOWN, PA 19465 | 63133 | Motors Liquidation Company | $48,385.35 | Duplicate Debt Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| DONALD B DOWNER & VERA S DOWNER 96 SARAH DRIVE ELKTON, MD 21921 | 6561 | Motors Liquidation Company | $35,000.00 Unliquidated | Duplicate Debt Claim | Pgs. 1-5 |
| DONALD E MILLER 5202 HUNTSWELL CT KATY, TX 77494 | 68534 | Motors Liquidation Company | $11,026.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DONALD H RICHTER 208 SILVER LAKE DR #101 VENICE, FL 34292 | 7836 | Motors Liquidation Company | $15,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DONALD J LYONS 3032 FORT STANWIX RD HENDERSON, NV 89052 UNITED STATES OF AMERICA | 5328 | Motors Liquidation Company | $30,000.00 | Duplicate Debt Claim | Pgs. 1-5 |
| DONALD J SKAFF 2323 FORBES AVE CLAREMONT, CA 91711 | 12513 | Motors Liquidation Company | $10,000.00 | Duplicate Debt Claim | Pgs. 1-5 |

**100**

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.,** *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER**
**AMONG THE DEBTORS, WILMINGTON TRUST COMPANY,**
**AND CITIBANK, N.A., SOLELY IN ITS CAPACITY AS PAYING AGENT,**
**REGARDING PROOFS OF CLAIM NOS. 47871, 47872, 65729, 65793, AND 66723**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), Wilmington Trust Company as successor indenture trustee

("**WTC**"), and Citibank, N.A., solely in its capacity as paying agent under the 1990 Indenture

and 1995 Indenture (as defined below) (in such capacity, "**Citibank**"), together with the Debtors

and WTC, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into

this Stipulation and Agreed Order (this "**Stipulation**") and stipulate as follows:

**RECITALS**

A.       On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors

commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title

11, United States Code (the "**Bankruptcy Code**").

B.       On September 16, 2009, the Court entered an order (the "**Bar Date Order**")

establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the

deadline for each person or entity (including without limitation, each individual, partnership,

joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against

certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the

Bankruptcy Code) that arose prior to the Commencement Date.

C.      As of the Commencement Date, MLC, as issuer, WTC, as successor indenture

trustee, and Citibank, as paying agent, were parties to (i) a Senior Indenture, dated as of

December 7, 1995, as amended (the "**1995 Indenture**," and WTC's capacity under the 1995

Indenture, the "**1995 Trustee**"), and (ii) a Senior Indenture, dated as of November 15, 1990 (the

"**1990 Indenture**," and WTC's capacity under the 1990 Indenture, the "**1990 Trustee**") pursuant

to which MLC issued senior unsecured debt securities.

D.      Prior to the General Bar Date, WTC timely filed the following four Proofs of

Claims against MLC (each, a "**WTC Claim**" and collectively, the "**WTC Claims**"):

| Claim Number | Applicable Indenture | Principal Amount of Claim Plus Fees and Interest Accrued to Petition Date |
|---|---|---|
| 65793 | 1990 Indenture | $1,419,581,281.12 |
| 47871 | 1990 Indenture | $1,419,581,281.12 |
| 65729 | 1995 Indenture | $21,928,297,131.26 |
| 47872 | 1995 Indenture | $21,928,297,131.26 |

E.      Prior to the General Bar Date, Citibank timely filed a proof of claim against MLC

in the amount of $173,063.43 [Proof of Claim No. 66723] (the "**Citibank Claim**").

F.      WTC recognizes that it is not entitled to, and does not seek, a duplicate recovery

on account of the same WTC Claim and has agreed to withdraw two of the WTC Claims, subject

to the agreements set forth in this Stipulation.

## STIPULATION AND ORDER

NOW, THEREFORE, EACH OF THE PARTIES HEREBY STIPULATES AND

AGREES AS FOLLOWS:

1.       WTC Claims numbered 47871 (filed by WTC as 1990 Trustee) and 47872 (filed

by WTC as 1995 Trustee) are deemed withdrawn and WTC Claims numbered 65793 (filed by

WTC as 1990 Trustee) and 65729 (filed by WTC as 1995 Trustee) shall survive.

2.       With respect to principal plus interest due under the 1990 Indenture, WTC, in its

capacity as the 1990 Trustee will receive and is hereby granted, on behalf of itself and the record

and beneficial bondholders of debt securities issued under the 1990 Indenture an allowed general

unsecured, nonpriority claim in the amount of $1,419,471,545.22 (subject to appropriate reserve

and/or reduction in connection with any setoff exercised by beneficial bondholders that is

authorized by this Court) (the "**1990 Debt Claim**") against MLC to be satisfied in accordance

with any chapter 11 plan or plans confirmed in the Debtors' Chapter 11 Cases.

3.       With respect to principal plus interest due under the 1995 Indenture, WTC, in its

capacity as the 1995 Trustee, will receive and is hereby granted, on behalf of itself and the record

and beneficial bondholders of debt securities issued under the 1995 Indenture, an allowed

general unsecured nonpriority claim in the amount of $21,928,183,895.36 (subject to appropriate

reserve and/or reduction in connection with any setoff exercised by beneficial bondholders that is

authorized by this Court) (the "**1995 Debt Claim**," together with the 1990 Debt Claim, the

"**Debt Claims**").

4.       With respect to the prepetition fees and expenses incurred by WTC under the

1990 Indenture, WTC shall receive an allowed claim of $109,735.90 (the "**1990 WTC Fee

Claim**"), and with respect to the prepetition fees and expenses incurred by WTC under the 1995

Indenture, WTC shall receive an allowed claim of $113,235.90  (the "**1995 WTC Fee Claim**,"

together with the 1990 WTC Fee Claim, the "**WTC Fee Claims**").

5.     With respect to the prepetition paying agency fees and expenses incurred by

Citibank under the Indentures, the Citibank Claim shall be allowed in the amount of $162,333.71

(the "**Citibank Fees and Expenses Claim**," together with the WTC Fee Claims, the "**Fees and**

**Expenses Claims**").

6.     To the extent the Fees and Expenses Claims are not paid in full, in cash, pursuant

to a plan of reorganization and/or liquidation of MLC, (a) the amount of such fees and expenses

that remain unpaid shall constitute an allowed general unsecured, nonpriority claim against MLC

held by WTC and/or Citibank, as applicable, to be satisfied in accordance with any chapter 11

plan or plans confirmed in the Debtors' Chapter 11 Cases and (b) WTC and Citibank, pursuant to

section 7.06 of the 1990 Indenture and section 7.06 of the 1995 Indenture, shall retain a charging

lien with respect to its prepetition and post-petition fees and expenses on all assets or money held

or collected by WTC or Citibank on account of the Debt Claims or otherwise.

7.     WTC will issue a notice to the Depository Trust Company and post a notice on its

website (a) notifying beneficial bondholders of the notes issued under the Indentures of the entry

of the order allowing the WTC Claims and (b) notifying such bondholders that any subsequent

claims objection filed by the Debtors seeking to disallow claims filed by bondholders on the

grounds that such claims are duplicative of the Debt Claims being allowed under the stipulation

and order will not impair bondholder's entitlement to share in plan distributions on account of

the Debt Claims in accordance with the terms of the applicable Indenture.

8.     WTC agrees that it will not object to the Debtors' filing of objections to Proofs of

Claims filed by record and beneficial holders of debt securities arising out of or relating to the

1990 Indenture and/or the 1995 Indenture on the grounds that such Proofs of Claim are

duplicative of the Debt Claims allowed pursuant to this Stipulation.

9.    WTC waives its right to argue that the entire stated principal amount of

$377,377,000 with respect to the Discount Debentures is an allowable claim.

10.    To the extent that the fees and expenses of WTC incurred after the

Commencement Date are not satisfied by payment in full in cash in connection with a plan of

reorganization and/or liquidation of MLC, WTC reserves the right to argue that all such fees are

allowable general unsecured non-priority claims against the estate of MLC.

11.    This Stipulation contains the entire agreement between the Parties as to the

subject matter hereof and supersedes all prior agreements and undertakings between the Parties

relating thereto.

Dated:  New York, New York
        August 5, 2010


/s/ Joseph H. Smolinsky_____     /s/ Keith R. Martorana_____
Harvey R. Miller                         Matthew J. Williams
Stephen Karotkin                         Keith R. Martorana
Joseph H. Smolinsky

                                         GIBSON DUNN & CRUTCHER LLP
WEIL, GOTSHAL & MANGES LLP               200 Park Avenue, 47th Floor
767 Fifth Avenue                         New York, New York 10166
New York, New York 10153                 Telephone: (212) 351-4000
Telephone: (212) 310-8000                Facsimile: (212) 351-4035
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in*   *Attorneys for Wilmington Trust Company,*
*Possession*                             *as 1990 Trustee and 1995 Truestee*

/s/ Louis A. Curcio
Maria M. Livanos
Louis A. Curcio

SONNENSCHEIN NATH & ROSENTHAL
LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6744
Facsimile:  (212) 768-6800

*Attorneys for Citibank, N.A. as Paying
Agent under the 1990 and 1995 Indentures*

So Ordered this **9th** day of **August** 2010

**s/ Robert E. Gerber**
United States Bankruptcy Judge

**<u>Exhibit C</u>**

# FIXED ALLOWED NOTE CLAIMS

| _**Wilmington Trust 1990 Indenture**_ | _**Fixed Allowed Amount**_ |
|---|---|
| 9.40% Debentures due July 15, 2021 | $309,680,298 |
| 8.80% Notes due March 1, 2021 | $536,202,711 |
| 7.40% Debentures due September 1, 2025 | $507,066,072 |
| 9.4% Medium-Term Notes due July 15, 2021 | $15,010,245 |
| 9.45% Medium-Term Notes due November 1, 2011 | $48,808,100 |

| _**Wilmington Trust 1995 Indenture**_ | |
|---|---|
| 7.75% Discount Debentures due March 15, 2036 | $213,338,714 |
| 7.70% Debentures due April 15, 2016 | $504,711,704 |
| 8.10% Debentures due June 15, 2024 | $414,135,144 |
| 63/4% Debentures due May 1, 2028 | $599,250,820 |
| 7.20% Notes due January 15, 2011 | $1,540,836,389 |
| 7.25% Quarterly Interest Bonds due April 15, 2041 | $580,326,736 |
| 7.25% Senior Notes due July 15, 2041 | $725,408,420 |
| 7.375% Senior Notes due October 1, 2051 | $698,481,250 |
| 7.25% Senior Notes due February 15, 2052 | $877,819,444 |
| 4.50% Series A Convertible Senior Debentures due March 6, 2032 | $39,866,281 |
| 5.25% Series B Convertible Senior Debentures due March 6, 2032 | $2,634,125,000 |
| 7.375% Senior Notes due May 15, 2048 | $1,118,654,722 |
| 7.375% Senior Notes due May 23, 2048 | $425,696,528 |
| 8.375% Senior Debentures due July 15, 2033 | $3,061,758,700 |
| 6.25% Series C Convertible Senior Debentures due July 15, 2033 | $4,401,527,778 |
| 8.25% Senior Debentures due July 15, 2023 | $1,281,933,413 |
| 7.125% Senior Notes due July 15, 2013 | $1,024,152,876 |
| 7.5% Senior Notes due July 1, 2044 | $729,000,000 |
| 1.50% Series D Convertible Senior Debentures due June 1, 2009 | $1,009,112,882 |

| _**Law Debenture Trust Company of New York Indentures**_ | |
|---|---|
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AB0) | $10,282,500 |
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AA2) | $12,851,563 |
| Industrial Revenue Bond-City of Indianapolis, Indiana (455329AB8) | $1,413,125 |
| Industrial Revenue Bond-Michigan Strategic Fund (594693AQ6) | $59,711,400 |
| Industrial Revenue Bond-Ohio Water Development Authority (67759ABC2) | $47,449,000 |
| Industrial Revenue Bond-State of Ohio (677596AU2) | $20,321,813 |
| Industrial Revenue Bond-City of Fort Wayne (349272AT1) | $31,961,000 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                   :

In re                            :        **Chapter 11 Case No.**

                                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**

       **f/k/a General Motors Corp.,** *et al.*  :

                                                   :

                        **Debtors.**        :        **(Jointly Administered)**

                                                   :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' 123RD OMNIBUS OBJECTION TO CLAIMS
#### (Duplicate Debt Claims)

        Upon the 123rd omnibus objection to claims, dated December 22, 2010 (the

"**123rd Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General

Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy**

**Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and this Court's supplemental order establishing supplemental rules and authority for filing

omnibus objections to certain debt claims (the "**Supplemental Procedures Order**") (ECF No.

6238), seeking entry of an order disallowing and expunging the Duplicate Debt Claims on the

grounds that such claims are duplicative of either (a) Wilmington Trust Bond Debt Claims, (b)

Eurobond Deutsche Debt Claims, or (c) the IRB Debt Claims, as such are fixed and allowed

under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015) (as may be amended,

modified or supplemented from time to time, the "**Plan**"), all as more fully described in the

123rd Omnibus Objection to Claims; and due and proper notice of the 123rd Omnibus Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 123rd Omnibus Objection to Claims.

to Claims having been provided, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the 123rd

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the 123rd Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 123rd Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be

Disallowed and Expunged*" (collectively, the "**Duplicate Debt Claims**") are disallowed and

expunged subject to confirmation of the Debtors' Plan; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the 123rd Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed

on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2010

_____
United States Bankruptcy Judge