| | |
|---|---|
| Peter S. Partee, Sr. | Jason W. Harbour (VSB No. 68220) |
| Robert A. Rich | HUNTON & WILLIAMS LLP |
| HUNTON & WILLIAMS LLP | Riverfront Plaza, East Tower |
| 200 Park Avenue, 53rd Floor | 951 East Byrd Street |
| New York, New York 10166-0136 | Richmond, Virginia 23219-4074 |
| (212) 309-1000 | (804) 788-8200 |

Counsel for Northrop Grumman Ohio Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
: 
*In re* : Chapter 11
: 
MOTORS LIQUIDATION COMPANY : Case No. 09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION, :
*et al.*, : Jointly Administered
:
Debtors. :
------------------------------------------------------------ x

**RESPONSE OF NORTHROP GRUMMAN OHIO CORPORATION**
**TO THE DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS**

Northrop Grumman Ohio Corporation ("Claimant"), by and through its undersigned counsel, hereby submits this Response (the "Response") to the Debtors' 110th Omnibus Objection to Claims [D.I. 8000] (the "Objection") filed by Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and its affiliated debtors (collectively, the "Debtors") and respectfully states as follows:

**BACKGROUND**

1.    On June 1, 2009 (the "Petition Date"), four of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), and on October 9, 2009, two additional Debtors commenced voluntary cases with this

Court under chapter 11 of the Bankruptcy Code. All of the Debtors' cases are jointly administered under Case Number 09-50026 (REG).

2. On September 16, 2009, this Court entered an order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the MLC bankruptcy case.

3. On November 30, 2009, Claimant timely filed its proof of claim (claim no. 46183 (the "Proof of Claim") in the MLC bankruptcy case.

4. As noted in the Proof of Claim, Claimant may have claims against MLC related to or in connection with alleged claims for negligence, strict products liability, derivative loss of services and other alleged claims concerning diesel exhaust particles created by diesel engines asserted by, among others, retired employees of the New York City Transit Authority ("NYCTA") and their spouses (collectively, "Plaintiffs") against MLC, Claimant and other defendants. The claims asserted by Plaintiffs are currently pending in the United States District Court for the Southern District of New York under consolidated Case No. 1:08-cv-10879-PAC, Case No. 1:09-cv-09120-PAC and Case No. 1:09-cv-09119-PAC (collectively, the "Pending Cases").

5. In the Pending Cases, the Plaintiffs claim damages for medical conditions alleged to have resulted from long term exposure to diesel fumes and particles during their employment with the New York City Transit Authority. MLC is a named defendant in each of the Pending Cases and Plaintiffs' claims allege joint and several liability. Accordingly, Claimant may have a claim for contribution against MLC concerning the Pending Cases.

6. Claimant's Proof of Claim asserts a pre-petition claim against MLC in connection with the Pending Cases in an unliquidated amount (the "Claim").

2

7. The Debtors' Objection seeks to disallow the Claim as a contingent, co-liability, contribution claim pursuant to Section 502(e)(l)(b) of the Bankruptcy Code.

## RESPONSE

8. If the Claim is disallowed by this Court and the Claim or any part thereof later becomes fixed, a subsequently filed proof of claim concerning such fixed claim should be deemed timely filed pursuant to, *inter alia*, Bankruptcy Code section 501(d). *See* Collier on Bankruptcy ¶ 501.05 (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2009)("The purpose of section 501(d) is to indicate that the claims set forth in subsections 502(e)(2), (f), (g), (h) and (i) are to be treated differently, in the assessment of the timeliness of proof of claim filings and certain other determinations, from the normal type of prepetition claims.  In other words, a proof of claim filed for one of the types of claims allowable under subsections 502(e)(2), (f), (g), (h) and (i) is not necessarily governed by the claims bar date set for other prepetition claims under Federal Rule of Bankruptcy Procedure 3002 or 3003.").  Absent such a claim being deemed timely filed, Claimant would be inequitably prejudiced solely based on the happenstance of when such claim becomes fixed.

9. Further, if the Claim is disallowed by this Court, Claimant expressly reserves its right to seek reconsideration of the disallowed Claim under Bankruptcy Code section 502(j) of the Bankruptcy Code.

10. In addition, Claimant expressly reserves any and all rights that it may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered [Docket No. 2968], or any successor entity thereto (collectively "New GM"), based upon any theory of liability, including, without limitation, as successor to Debtors.

11. Claimant respectfully requests that any order of this Court granting the relief requested in the Objection as to Claimant (i) expressly provide that if the Claim or any part thereof becomes fixed, Claimant may file a proof of claim concerning such fixed amount and such proof of claim shall be deemed timely filed; and (ii) include the foregoing reservations of rights.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

WHEREFORE, Claimant respectfully requests that (i) any disallowance of the Claim be subject to the requested language concerning a subsequently filed proof of claim and the requested reservations of rights contained in this Response; and (ii) the Court grant such other and further relief as is just and appropriate.

Dated: December 30, 2010
New York, New York

**HUNTON & WILLIAMS LLP**

*/s/ Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
(212) 309-1000

-and-

Jason W. Harbour (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200

*Counsel for Claimant*

5