Hearing Date and Time: January 11, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 10, 2011 at 1:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
In re:                                                        :   Chapter 11
                                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,                         :   Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,                     :   (Jointly Administered)
                                                              :
                                Debtors.                      :   Honorable Robert E. Gerber
                                                              :
------------------------------------------------------------- x

# NOTICE OF HEARING ON FEE EXAMINER'S MOTION TO AMEND THE STIPULATION AND ORDER WITH RESPECT TO APPOINTMENT OF A FEE EXAMINER FOR THE FIFTH AND SUBSEQUENT INTERIM FEE PERIODS

**PLEASE TAKE NOTICE** that upon the December 30, 2010 *Motion to Amend the Stipulation and Order with Respect to Appointment of a Fee Examiner for the Fifth and Subsequent Interim Fee Periods* (the "**Motion**") of the Fee Examiner in the above-referenced chapter 11 cases, appointed on December 23, 2009, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **January 11, 2011 at 9:45 a.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which may be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on 3.5 inch disk, preferably in Portable Document Format (PDF), or any other Windows-based word processing format (with two hard copies delivered directly to Chambers) and shall be served upon: (i) the chambers of the Honorable Robert E. Gerber, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges, LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Stephen Karotkin, and Joseph H. Smolinsky); (iii) the Debtors, c/o Motors Liquidation Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Ted Stenger); (iv) General Motors Company, 300 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi); (vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias); (vii) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York, 10019 (Attn: Michael J. Edelman and Michael L. Schein); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors (the "**Committee**"),

1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Robert Schmidt, Lauren Macksound, and Jennifer Sharret); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Tracy Hope Davis); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York, 10007 (Attn: David S. Jones and Natalie Kuehler); (xi) Caplin & Drysdale, Chartered, attorneys for the Official Committee of Unsecured Creditors Holding Asbestos Related Claims (the **"Asbestos Claimants' Committee"**), 375 Park Avenue, 35th Floor, New York, New York 10152-3505 (Attn: Elihu Inselbuch and Rita C. Tobin); (xii) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet, the legal representative for holders of future asbestos personal injury claims (the **"Future Claimants' Representative"**), 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman and Robert T. Brousseau), and (xiii) Godfrey & Kahn, S.C., 780 North Water Street, Milwaukee, Wisconsin 53202 (Attn: Timothy F. Nixon), **so as to be filed and received no later than <u>January 10, 2011, at 1:00 p.m.</u> (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Fee Examiner may, on or after the Objection Deadline, submit to the Bankruptcy Court the proposed *Order Amending the Terms of Appointment of the Fee Examiner*, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  Madison, Wisconsin
December 30, 2010.

                              GODFREY & KAHN, S.C.


By:      /s/ *Katherine Stadler*
         Timothy F. Nixon (TN 2644)
         Katherine Stadler (KS 6831)

         GODFREY & KAHN, S.C.
         780 North Water Street
         Milwaukee, Wisconsin 53202
         Telephone: (414) 273-3500
         Facsimile: (414) 273-5198
         E-mail: tnixon@gklaw.com
                  kstadler@gklaw.com

         *Attorneys for the Fee Examiner*

5786773_2

Hearing Date and Time:  January 11, 2011 at 9:45 a.m. (Prevailing Eastern Time)
Objection Date and Time:  January 10, 2011 at 1:00 p.m. (Prevailing Eastern Time)

Timothy F. Nixon
Katherine Stadler (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.,*                        :    Case No. 09-50026
    f/k/a General Motors Corp., *et al.,*                    :    (Jointly Administered)
                                                             :
                            Debtors.                         :    Honorable Robert E. Gerber
                                                             :
------------------------------------------------------------ x

**FEE EXAMINER'S MOTION TO AMEND THE STIPULATION AND ORDER
WITH RESPECT TO APPOINTMENT OF A FEE EXAMINER FOR THE
<u>FIFTH AND SUBSEQUENT INTERIM FEE PERIODS</u>**

The Fee Examiner, by his counsel, Godfrey & Kahn, S.C., moves the Court to enter an order amending the *Stipulation and Order with Respect to Appointment of a Fee Examiner* (the "**Fee Examiner Order**") [Docket No. 4708], to permit him to limit his initial review of the applications filed during the fifth and subsequent interim fee periods and, if practical, to merge the full review process for these applications with all of the applications for compensation and expense reimbursements at the close of this case.  In support of the motion, which will be heard on January 11, 2011, the Fee Examiner notes that counsel for the Debtors does not object to the motion and further states that:

1. On December 23, 2009, the Court entered the *Stipulation and Order with Respect to Appointment of a Fee Examiner* (the "**Fee Examiner Order**") [Docket No. 4708]. That Order provided, among other things, that the "Fee Examiner shall review and assess all fee applications filed by Retained Professionals...for professional services performed subsequent to the Commencement Date...."

2. Pursuant to the Fee Examiner Order, the Fee Examiner and his counsel, Godfrey & Kahn, S.C., have reviewed four sets of interim applications for approval of compensation and the reimbursement of expenses from a total of 28 retained professionals. Those retained professionals (exclusive of Evercore and AP Services) have sought a total of $79,892,828.23 in interim compensation and expense reimbursement.

3. The Court has conducted at least four hearings on the interim applications: on April 29, June 29, October 26, and December 15, 2010, in addition to issuing separate oral rulings on April 29, July 6 and a published written decision on November 23, 2010. For each set of applications, for each individual application and for each hearing, the Fee Examiner has submitted a report summarizing his comments and objections for each application and the applications as a whole. With respect to the Bankruptcy Code, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (collectively, the "**Guidelines**"), the professionals' compliance in the successive applications generally has improved markedly, in attention to detail and substance. Accordingly, the amount of time spent by the Fee Examiner and his counsel on the process has gradually declined and, along with it, the cost to the estate.

2

4. At the hearing on December 15, 2010 (the "**December Fee Hearing**"), the Court heard 14 applications for which the Fee Examiner and the professionals had reached a consensual resolution of their differences, and it heard two applications with contested issues. The Court resolved them. Three applications, with limited issues that may well be resolved without the need for a hearing, were nonetheless deferred for hearing, now scheduled for January 11, 2011.

5. At the December Fee Hearing, the Court also expressed its concern about the inter-creditor disputes in the case, about the need to move promptly to a conclusion of the proceeding to effectuate a plan (scheduled for a confirmation hearing on March 3, 2011) and to distribute assets. The Court also expressed concern about the cost-benefit of the fee examination process.

6. The next quarterly fee period (the fifth) will encompass professional services for the period from October 2010 through January 2011. The applications for that period are due on or before March 17, 2011, with a hearing presumably to be conducted in April 2011. By then, plan confirmation may have taken place.

7. The subsequent quarterly fee period (the sixth) will encompass professional services for February through May 2011. The applications for that period are due on or before July 15, 2011, with a hearing presumably in August. At the same time, the Court may choose to schedule a final hearing to review all of the fees and costs in the proceeding.

8. In response to the Court's expressions of concern and in consultation with the Office of U.S. Trustee as part of a periodic assessment of the fee review process, and in consultation with counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, the Fee Examiner has reviewed the scope of his assignment, retrospectively and

3

prospectively. He has concluded that, with some modifications to the Fee Examiner Order, he can continue to bring measurable value to the estate and to assist the U.S. Trustee and the Court in fulfilling their statutory responsibilities with significantly less cost going forward through plan confirmation, implementation, and a final fee hearing.

9.  Accordingly, commencing with the fifth interim fee period (October 1, 2010 through January 31, 2011), and proceeding for all subsequent interim fee periods (the "**Subsequent Periods**") through the conclusion of the case and a final fee hearing, the Fee Examiner proposes that:

    A.    His review and assessment of fee applications be limited to an initial preliminary review for significant practices and omissions that may violate the Bankruptcy Code or the Guidelines;

    B.    His practice, to date, of filing a report for each individual application be suspended, in the Fee Examiner's discretion, unless there have been significant practices and omissions that may violate the Bankruptcy Code or the Guidelines;

    C.    In lieu of a written report for each application, the Fee Examiner and/or his counsel appear at the Court's scheduled hearings on fee applications;

    D.    He file a single report or statement with the Court for each of the Subsequent Periods, at least one week prior to any hearing, noting general trends or difficulties and calling to the Court's attention, if necessary, only those practices and omissions that may materially violate the Bankruptcy Code or the Guidelines;[1] and

---

[1] The Fee Examiner may request authority to re-engage Stuart Maue for the final fee hearing or, as an expense paid by Godfrey & Kahn, S.C., for specific interim applications.

4

    E. He combine a detailed assessment of the applications for the Subsequent Periods with a written report for each applicant submitting an application for final compensation pursuant to 11 U.S.C. §330(a).

    F. He continue to recommend a "holdback" of ten percent of each professional's fees, unless and until the previously-imposed holdback requirement is modified by court order.

  10. Should the Court grant this motion, nothing in this motion or in any subsequent order should be construed as waiving any substantive right, duty, or obligation of the Fee Examiner under the Fee Examiner Order, and nothing shall be construed as waiving any right of any professional to maintain or assert any response or defense to any objection or observation raised by the Fee Examiner or the U.S. Trustee.

  11. The Fee Examiner has concluded that entry of the accompanying *Order Amending the Terms of Appointment of the Fee Examiner* will contribute significantly to the efficiency of the proceeding, reduce the number of contested issues presented to the Court, and reflect the positive changes made by the professionals in their approach to the fee approval process—all without depriving the U.S. Trustee's Office and the Court of the support and analysis provided in the first year of the fee examination process.

**REQUEST FOR RELIEF**

  **WHEREFORE**, the Fee Examiner requests that the Court grant the motion and enter an Order Amending the Terms of Appointment of the Fee Examiner, in substantially the form attached as **Exhibit A**, that reflects the fee review process to date and the developments and recommendations embodied in this motion.

Dated: Madison, Wisconsin
       December 30, 2010.

                                             GODFREY & KAHN, S.C.

By:    /s/ *Katherine Stadler*
     Katherine Stadler (KS 6831)
     Timothy F. Nixon (TN 2644)

     GODFREY & KAHN, S.C.
     780 North Water Street
     Milwaukee, Wisconsin 53202
     E-mail: kstadler@gklaw.com
              tnixon@gklaw.com

     *Attorneys for Fee Examiner*

5768732_2

# **EXHIBIT A**

(Proposed Order)

Hearing Date and Time:  January 11, 2011 at 9:45 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
In re:                                              :     Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :     Case No. 09-50026
    f/k/a General Motors Corp., *et al.*,           :     (Jointly Administered)
                                                    :
                              Debtors.              :     Honorable Robert E. Gerber
                                                    :
------------------------------------------------------------ x

# ORDER AMENDING THE TERMS OF
# APPOINTMENT OF THE FEE EXAMINER

Upon the Motion of the Fee Examiner to *Amend the Stipulation and Order with Respect to Appointment of a Fee Examiner for the Fifth and Subsequent Interim Fee Periods*,

**IT IS ORDERED:**

1. Commencing with the fifth interim fee period (October 1, 2010 through January 31, 2011), and proceeding for all subsequent interim fee periods (the "**Subsequent Periods**") through the conclusion of the case and a final fee hearing:

    A. The Fee Examiner's review and assessment shall be limited to an initial preliminary review for significant practices and omissions that may violate the Bankruptcy Code or the Guidelines;

    B. The Fee Examiner's practice, to date, of filing a report for each individual application, in the Fee Examiner's discretion, will be suspended, unless there have been significant practices and omissions that may violate the Bankruptcy Code or the Guidelines;

    C. In lieu of a written report for each application, the Fee Examiner and/or his counsel will appear at the Court's scheduled hearings on fee applications;

    D. The Fee Examiner will file a single report or statement with the Court for each of the Subsequent Periods, at least one week prior to any hearing, noting general trends or difficulties and calling to the Court's attention, if necessary, only those practices and omissions that may violate the Bankruptcy Code or the Guidelines; and

    E. The Fee Examiner will combine a detailed assessment of the applications for the subsequent periods with a written report for each applicant submitting an application for final compensation pursuant to 11 U.S.C. §330(a).

    F. The Fee Examiner will continue to recommend a "holdback" of ten percent of each professional's fees, unless and until the previously-imposed holdback requirement is modified by court order.

  2. Nothing in this order or in any subsequent order should be construed as waiving any substantive right, duty, or obligation of the Fee Examiner under the Fee

3

Examiner Order, and nothing shall be construed as waiving any right of any professional to maintain or assert any response or defense to any objection or observation raised by the Fee Examiner or the U.S. Trustee.

    Dated: New York, New York
           January ___, 2011.

                                              Honorable Robert E. Gerber
                                              United States Bankruptcy Judge

5804531_2