27. As a proximate consequence of the defects alleged herein, decedent Rachel Wiesjahn was wrongfully killed.

28. As a result of the actions of each defendant as set forth above and herein, Rachel Weisjahn died.

### FIRST CAUSE OF ACTION

### (Wrongful Death – Against All Defendants)

29. PLAINTIFFS hereby reallege and incorporate each and ever allegation set forth in Paragraphs 1 through 28 herein.

30. In doing the acts described herein and as set forth above, defendants, and each of them acted negligently, recklessly, carelessly, intentionally, and/or in any other actionable manner, and wrongfully killed the decedent, without lawful excuse and justification.

31. Plaintiff alleges the acts of defendants were the legal (proximate) cause of injuries and damages to plaintiffs.

32. As a direct and proximate result of defendants' actions, plaintiffs suffered wrongful death damages in an amount to be proven at trial.

33. In doing the acts described herein, defendants, CHRISTOPHER ROBIN TINDALL, MARK CHRISTOPHER HUDSON, and ALLEN DUARTE acted intentionally and caused plaintiffs damages and committed felony homicide. As a result defendants are liable for punitive and exemplary damages due to the conscious disregard of the rights of plaintiffs and the decedent.

### SECOND CAUSE OF ACTION

### SURVIVAL ACTION

### (Against All Defendants)

34. Plaintiffs repeat and re-allege each and every paragraph set forth above as fully as if restated herein.

35. As a further proximate result of the negligence, reckless, careless, and/or intentional acts of the defendants, and each of them, as herein alleged, the decedent incurred expenses prior to her death in an amount according to proof.

36. As a further proximate result of the negligence of the defendants, and each of them, as herein alleged, Decedent incurred a loss of earnings prior to her death in an amount according to proof.

-5-

FIRST AMENDED COMPLAINT

WHEREFORE, Plaintiff prays for Judgment against Defendants, as follows:

1. For general and special damages in an amount as yet unascertained but within the jurisdiction of the Superior Court according to proof at time of trial, plus interest thereon at the maximum legal rate;
2. For pre-Judgment interest, as recoverable;
3. For punitive damages against the individual defendants;
4. For reasonable attorneys' fees incurred herein and as recoverable;
5. For statutory damages;
6. For costs of suit incurred herein; and
7. For such other and further relief as the Court deems appropriate.

Dated: April 15, 2009

Respectfully Submitted,

_____
MARTIN LOUIS STANLEY
JEFFREY ROBBIN LAMB
Attorney for PLAINTIFFS

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I, JASON GORN, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action. My business address is 137 Bay Street #2, Santa Monica, CA 90405.

On April 15, 2009, I served the foregoing document(s) described as: FIRST AMENDED COMPLAINT on the interested parties in this action by U.S. MAIL and FAX as follows:

LAWRENCE E. BIEGEL
VICKI SCHERMER-KLEINKOPF
THE BIEGEL LAW FIRM
2801 Monterey-Salinas Highway, Suite A
Monterey, CA 93940
FAX: (831)373-3780

I am readily familiar with our office's practice for the collection and processing of correspondence and other materials for mailing with the United States Postal Service. On this date, I sealed the envelope containing the above materials and placed the envelope for collection and mailing at the address stated above, following our office's ordinary business practices. The envelope will be deposited with the United States Postal Service on this date, in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2009, at Santa Monica, California.

_____
JASON GORN

-1-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Martin Stanley No. 102413<br>137 Bay Street #2<br>Santa Monica, CA 90405 | |
| TELEPHONE NO.: 310-399-2555    FAX NO.: 310-399-1190 | |
| ATTORNEY FOR (Name): JUDD WIESJAHN & ANNALISA SAND | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME: ~~Crowther v. Sanchez et al.~~ WIESJAHN v TINDALL et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: M95923 |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Two - (1) Wrongful Death (2) Survival Action
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 18, 2008
Martin Stanley
(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| Wiesjahn, Judd et al,<br>Plaintiff/Petitioner<br><br>vs.<br><br>Tindall, Christopher Robin et al,<br>Defendant/Respondent | |
| CASE MANAGEMENT NOTICE | Case No. M95923 |

**Case Management Conference Date: June 25, 2009 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than: 30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

    a. refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
    b. identify the case as one which may be protracted and in need of special attention;
    c. assign the case to a particular judge for all purposes:
    d. assign a mandatory settlement conference and trial date;
    e. make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
    f. make appropriate Trial Management Orders; and/or
    g. make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint. It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

Date: December 19, 2008     By: _____
                                 Deputy Clerk

# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

### There Are Alternatives to Going to Trial
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

### Advantages of ADR
Here are some potential advantages of using ADR:
- **Save Time**: A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money**: When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome**: In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships**: ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction**: In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships**: Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

### What Are the ADR Options?
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

### Mediation
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate**: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**: Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate**: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**: If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**: Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**: Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | |
|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY**<br>MAILING ADDRESS: 1200 Aguajito Road<br>CITY AND ZIP CODE: Monterey, CA 93940 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **Request to Vacate or Continue Initial Case Management Conference and Order** | Case Number: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:         Time:         Dept.:         Div.:         Room:

---

▸ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.

▸ PER LOCAL RULE 6.08(g), **IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.**

---

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check one]:

    ❑ Court-Directed mediation          ❑ Private mediation              THE
    ❑ Nonbinding judicial arbitration   ❑ Private arbitration
    ❑ Other:

    **PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:

_____

_____

_____

_____. Further Case Management Conference is

requested.

_____  _____
Counsel for Plaintiff (*print name*)            Counsel for Defendant (*print name*)

_____  _____
Signature                                   Signature

_____  _____
Counsel for Plaintiff (*print name*)            Counsel for Defendant (*print name*)

_____  _____
Signature                                   Signature

*For additional parties, attach additional signature pages as needed.*

---

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for

_____ is vacated.

☐ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

☐ Receipt of Dismissal is set for _____.

☐ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____   _____

*Judge of the Superior Court*

# EXHIBIT B

09-50026-mg    Doc 8371-1    Filed 01/03/11    Entered 01/03/11 19:50:35    Exhibit
Pg 11 of 15

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Martin Stanley, Esq.    SBN: 102413<br>Law Offices of Martin Stanley<br>137 Bay Street # 2<br>Santa Monica, CA, 90405<br>TELEPHONE NO: (310) 399-2555<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **Plaintiff(s)** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Monterey**
STREET ADDRESS: 1200 Aguajito Rd
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

PLAINTIFF/PETITIONER: **Judd Wiesjahn, et al**

DEFENDANT/RESPONDENT: **Christopher Robin Tindall, et al**

CASE NUMBER: **M95923**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: 17345    Dept.:

*(Seperate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents)*: **Addendum, Request to Vacate or Continue Initial Case Management Conference and Order**
3. a. Party served *(specify name of party as shown on documents served)*:
      **General Motors Corporation**

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **Wendy Mayorga (Agent)**
4. Address where the party was served:
   **818 West 7th Street #200, Los Angeles, CA, 90017**
5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 5/5/2009    (2) at *(time)*: **02:00 PM**
   b. [ ] by substitute service. On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the prescence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [ ] a declaration of mailing is attached.

   (5) [ ] I attached a **declaration of diligence** stating actions taken first to attempt person service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT C

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Vickie E. Turner (106431)<br>Christian S. Scott (200218)<br>WILSON PETTY KOSMO & TURNER LLP<br>550 West C Street, Ste. 1050<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 236-9600  FAX NO. (Optional): (619) 236-9669<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Defendant General Motors Corporation | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, CA 93940
BRANCH NAME:

PLAINTIFF/PETITIONER: JUDD WIESJAHN, et al.

DEFENDANT/RESPONDENT: CHRISTOPHER ROBIN TINDALL, et al.

**NOTICE OF STAY OF PROCEEDINGS**

CASE NUMBER: M95923
JUDGE:
DEPT.:

**To the court and to all parties:**

1. Declarant (name): Vickie E. Turner
   a. [X] is  [ ] the party  [X] the attorney for the party who requested or caused the stay.
   b. [ ] is  [ ] the plaintiff or petitioner  [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:
   a. [ ] With regard to all parties.
   b. [X] With regard to the following parties (specify by name and party designation): Defendant General Motors Corporation

3. Reason for the stay:
   a. [X] Automatic stay caused by a filing in another court. (Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)
   b. [ ] Order of a federal court or of a higher California court. (Attach a copy of the court order.)
   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. (Attach a copy of the order directing arbitration.)
   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. (Attach a copy of the client's request for arbitration showing filing and service.)
   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 9, 2009

Vickie E. Turner
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(signature)_
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Legal Solutions Plus

Cal. Rules of Court, rule 3.650

```
 1  WILSON PETTY KOSMO & TURNER LLP
    VICKIE E. TURNER (106431)
 2  CHRISTIAN S. SCOTT (200218)
    550 West C Street, Suite 1050
 3  San Diego, California 92101
    Telephone: (619) 236-9600
 4  Facsimile:  (619) 236-9669

 5  Attorneys for Defendants
    GENERAL MOTORS CORPORATION
 6

 7

 8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9                         COUNTY OF MONTEREY

10
```

| | |
|---|---|
| JUDD WIESJAHN, ANNALISA SAND, | Case No. M95923 |
| Plaintiffs, | **DECLARATION OF SERVICE** |
| v. | |
| CHRISTOPHER ROBIN TINDALL, WILLIAM F. SIMMONS, MARK CHRISTOPHER HUDSON, PAMELA CAROL HUDSON, ALLEN DUARTE, and DOES 1 through 100, inclusive, | |
| Defendants. | |

I, the undersigned, declare as follows:

I am employed with the law firm of WILSON PETTY KOSMO & TURNER LLP, whose address is 550 West C Street, Suite 1050, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

On June 9, 2009, I served the following documents, bearing the titles:

**NOTICE OF STAY OF PROCEEDINGS**

---

1

DECLARATION OF SERVICE