

Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
212-319-7125  212-644-6755 Fax
www.caplindrysdale.com

January 5, 2011

<u>**VIA ECF AND FIRST-CLASS MAIL**</u>

The Hon. Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green, Courtroom 621
New York, NY  10004-1408

   Re: *Motors Liquidation Company, et al.*, Case No. 09-50026

Dear Judge Gerber:

  We are writing to request a clarification of your ruling ("**December 15 Fee Ruling**") at the December 15, 2010 fee hearing ("**Fee Hearing**"), regarding the extent to which Caplin & Drysdale's fees ("**Fee Inquiry Fees**") for time spent responding to inquiries by the fee examiner ("**Fee Examiner**"; "**Fee Inquiry Time**") during the Second Interim fee application period ("**Second Interim Fee Period**")[1] should be disallowed.

  In his report filed on December 8, 2010 (*Fee Examiner's Report and Statement of Limited Objection to the Second Interim Fee Application of Caplin & Drysdale, Chartered* ("**Fee Examiner's Report**"), the Fee Examiner stated that he had established a "safe harbor" concerning the first $10,000 of fee inquiry fees, to be applied to all professionals, and would not object to either (i) the first $10,000 of Fee Inquiry Time, or (ii) Fee Inquiry Time calculated at 20 percent of the total compensation requested in the pending fee application, whichever is smaller. *See* Fee Examiner's Report at ¶ 11(A). After applying the $10,000 "safe harbor," the Fee Examiner went on to object to an additional $12,771.25 in fees requested by Caplin & Drysdale regarding Fee Inquiry Time, or 50 percent of Caplin & Drysdale's Fee Inquiry Time in excess of the "safe harbor." *See Fee Examiner's Report* at ¶ 19.

  At the Fee Hearing, the Court sustained the Fee Examiner's objection, stating that "the cost of Caplin & Drysdale's responding to fee examiner criticism will not be compensable." *See Tr., Fee Inquiry Hearing,* at 18:20-21. Caplin & Drysdale

---

[1] Although incurred during the Second Interim Fee Period, the Fee Inquiry Fees related to responses by Caplin & Drysdale to Fee Examiner queries regarding Caplin & Drysdale's First Interim Fee Application.

Caplin & Drysdale
CHARTERED

The Hon. Robert E. Gerber
January 5, 2011
Page 2

understood the December 15 Fee Ruling to mean that the Court had sustained the Fee Examiner's objection.

    In subsequent communications between Caplin & Drysdale and the Fee Examiner, however, the Fee Examiner stated that, in his view, the Court had expanded the Fee Examiner's objection to encompass all Fee Inquiry Fees, including the $10,000 safe harbor that the Fee Examiner had accorded to all other estate professionals; and had intended to disallow the full $35,542.50 in fees requested by Caplin & Drysdale regarding its Fee Inquiry Time. As noted above, despite our repeated requests, the Fee Examiner has been unwilling to confer with us regarding his position. Therefore, Caplin & Drysdale respectfully requests that the Court clarify the December 15 Fee Ruling with respect to the amounts of Caplin & Drysdale's Fee Inquiry Fees that the Court has disallowed.

Sincerely yours,

Rita C. Tobin

RCT/bh

cc:    Brady Williamson, Esq.
       Katherine Stadler, Esq.