FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Phone: (312) 832-4500
Fax: (312) 832-4700
Jill L. Nicholson *nee Murch* (JM2728)
Joanne Lee

*Attorneys for Cummins Inc.*

# UNITED STATES BANKRUPTCY COURT
# THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------X
In re:                                        :          Chapter 11
                                              :
Motors Liquidation Corp., et al., f/k/a General  :
Motors Corp., et al.,                         :          Case No. 09-50026 (REG)
                                              :
                       Debtors.               :          Jointly Administered
                                              :
-------------------------------------------------------X
```

## CUMMINS INC.'S RESPONSE TO DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIMS (CONTINGENT CO-LIABILITY CLAIMS)

Cummins Inc. ("Cummins"), by its attorneys, Foley & Lardner LLP, hereby submits its Response to the Debtors' 110th Omnibus Objection to Claims (Contingent Co-Liability Claims)  (the "Response").

In support of its Response, Cummins states as follows:

### PRELIMINARY STATEMENT

1.      On or about November 25, 2009, Cummins filed a general unsecured proof of claim number 64626 in this case, making a claim in an unknown amount (the "Proof of Claim").

2.      Cummins' Proof of Claim is based upon a lawsuit where Cummins and General Motors ("GM") are both named as defendants, styled as *In re Jackson, et. al vs. General Motors, et al.*, pending in the United States District Court for the Southern District of New York, case number 08-10879-CV (the "Lawsuit").

3.      In the Lawsuit, Plaintiffs seek compensatory and exemplary damages for alleged personal injuries and wrongful death arising from exposure to diesel fumes.  Cummins has a right of contribution, pursuant to Article 14 of the New York Civil Practice Law and Rules, for that portion of any judgment that may be attributable to GM's culpable conduct.  Cummins also asserts that it may have a right of indemnity.

4.      On December 3, 2010, the Debtors filed their 110th Omnibus Objection to Claims (Contingent Co-Liability Claims) (the "Omnibus Objection").  In its Omnibus Objection, the Debtors included an objection to Cummins' Proof of Claim, stating that Cummins' claim should be disallowed and expunged under 11 U.S.C. §502(e)(1)(B) because its claim is for reimbursement or contribution and is contingent at the time of disallowance.

5.      The Debtors further argue that, because it is contingent, the Proof of Claim may delay confirmation of the plan or distribution to creditors.

6.      On December 7, 2010, the Debtors filed their Amended Joint Chapter 11 Plan (the "Plan") which specifically calls for the formation of a GUC Trust to, among other things, resolve Disputed General Unsecured Claims, post-confirmation.  Plan, §6.2(b).

7.      Responses to the Objection were initially due December 30, 2010; however, Debtors' counsel granted Cummins an extension of time to file this response until January 6, 2011.

## ARGUMENT

### A.      Cummins Clearly has a "Claim" Under the Bankruptcy Code.

8.      As defined in the Bankruptcy Code, a "claim" includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

2

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

9.     Cummins clearly has a "claim" for the contingent amounts described in its Proof of Claim.

**B.     The Bankruptcy Code Does Not Set Forth a Time For When a Claim Must be Disallowed, So Cummins' Claim Should be Permitted to be Resolved by the GUC Trust, Post-Confirmation.**

10.     Section 502(e)(1)(B) states that a claim for reimbursement or contribution should be disallowed to the extent that it is *contingent at the time of disallowance*.

11.     This section does not address *when* a claim must be allowed or disallowed.

12.     Further, the Bankruptcy Code does not address the timing for when a claim must be allowed or disallowed.

13.     However, the Plan specifically calls for the formation of a GUC Trust to, among other things, resolve Disputed[1] General Unsecured Claims[2].  Plan, §6.2(b).

14.     The Proof of Claim clearly qualifies as a Disputed General Unsecured Claim and is permitted to be resolved by the GUC Trust.

15.     Resolution of the Proof of Claim in this manner will allow Cummins additional time to proceed with the Lawsuit to determine the dollar amount of its Proof of Claim so it will no longer be contingent and subject to disallowance.[3]

---

[1] "Disputed" is defined in the Plan as "any Claim. . .that has not been Allowed pursuant to the Plan or a Final Order. . . ."

[2] A "General Unsecured Claim" is defined in the Plan as "any Claim against any of the Debtors that is (i) not an Administrative Expense, Priority Tax Claim, Secured Claim, Priority Non-Tax Claim, Asbestos Personal Injury Claim, or Property Environmental Claim or (ii) otherwise determined by the Bankruptcy Court to be a General Unsecured Claim. . . ."

[3] It should be noted that Cummins has filed a motion to dismiss the lawsuit for improper service, and resolution of this motion may allow Cummins to withdraw its proof of claim.

DETR_1515423.1

16.    Allowing the Proof of Claim to be resolved by the GUC Trust would not delay distribution to creditors because the Debtors, having just filed the Plan, are clearly not in a position to make distributions to holders of claims at this time.

17.    Additionally, allowing the Proof of Claim to be resolved by the GUC Trust would not delay confirmation because the Proof of Claim would be resolved utilizing a mechanism set forth in the Plan.

**C.    Determination of Disallowance of Cummins' Proof of Claim is Not Ripe for Adjudication.**

18.    In its Proof of Claim, Cummins clearly reserved its rights to amend or supplement its Proof of Claim and to assert setoff and/or recoupment as appropriate.

19.    As the Lawsuit continues, it may become more clear to Cummins that it is entitled to a right of setoff or recoupment from the Debtors.

20.    Therefore, a determination of whether the Proof of Claim should be allowed is not ripe for determination at this time.

**D.    Section 501(d) Allows Cummins to File a Proof of Claim Once the Amount of the Claim Becomes Fixed.**

21.    Section 501(d) states that "[a] claim of a kind specified in section 502(e)(2). . .of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition." *See also* Alan N. Resnick, *Collier on Bankruptcy,* §501.05 (15th ed. Rev. 2009) (claims set forth in §502(e)(2) "are to be treated differently, in the assessment of the timeliness of proof of claim filings and certain other determinations, from the normal type of prepetition claims. In other words, a proof of claim filed for one of the types of claims allowable under subsections 502(e)(2). . .is not necessarily governed by the claims bar date set for other prepetition claims under Federal Rule of Bankruptcy Procedure 3002 or 3003.")

4

22.     Therefore, Cummins is entitled to file a proof of claim once the dollar amount of its claim becomes fixed.

**E.     Cummins Reserves Its Rights.**

23.     Because §501(d) allows Cummins to file a future claim when the dollar amount becomes fixed,  Cummins reserves its right to seek reconsideration should its Proof of Claim become disallowed under §502(j) of the Bankruptcy Code.

24.     In addition, Claimant expressly reserves any and all rights that it may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered [Docket No. 2968], or any successor entity thereto (collectively "New GM"), based upon any theory of liability, including, without limitation, as successor to Debtors.

25.     Cummins reserves the right to update or supplement its response from time to time.

<u>CONCLUSION</u>

WHEREFORE, Cummins requests that this Court (a) decline to disallow and expunge its Proof of Claim and allow the Proof of Claim to be resolved by the GUC Trust, (b) require that the order regarding the Objection expressly provide that if Cummins' claim or any part thereof becomes fixed, Cummins may file a proof of claim concerning such fixed amount

DETR_1515423.1

and such proof of claim shall be deemed timely filed, and (c) require that the order regarding the

Objection include the foregoing reservations of rights.

By: _/s/ Jill L. Nicholson_____
    Jill L. Nicholson, *nee Murch* (JM2728)
    Joanne Lee
    FOLEY & LARDNER LLP
    321 North Clark Street, Suite 2800
    Chicago, IL 60654
    Tel: (312) 832-4500
    Fax: (312) 832-4700

    *Attorneys for Cummins Inc.*

DETR_1515423.1

## CERTIFICATE OF SERVICE

I, Jill L. Nicholson, *nee Murch*, an attorney, certify that on January 6, 2011, a true

and correct copy of CUMMINS' RESPONSE TO DEBTORS' 110TH OBJECTION TO

CLAIMS (CONTINGENT CO-LIABILITY CLAMS) was served electronically through the

Court's ECF System on parties requesting electronic service and by first class mail to the

following persons at the following addresses:

Honorable Robert E. Gerber            The Office of the United States Trustee
United States Bankruptcy Court        33 Whitehall Street
Southern District of New York         21st Floor
One Bowling Green                     New York, New York 10004
New York, New York 10004-1408


Harvey R. Miller                      The Garden City Group, Inc.
Stephen Karotkin                      105 Maxess Road
Joseph H. Smolinsky                   Melville, NY 11747
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153


                              /s/ Jill L. Nicholson
                              Jill L. Nicholson, *nee Murch*
                              FOLEY & LARDNER LLP
                              321 North Clark Street, Suite 2800
                              Chicago, IL 60654-5313
                              Tel: (312) 832-4500
                              Fax: (312) 832-4700

7

DETR_1515423.1