**HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: January 27, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*                   :
                                                            :
                              Debtors.                      :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION PURSUANT
### TO 11 U.S.C § 365(a) TO REJECT UTILITY SERVICES AGREEMENT

PLEASE TAKE NOTICE that upon the annexed Motion, dated January 7, 2011 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order, pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**") authorizing the rejection of that certain Utility Services Agreement by and between DTE Pontiac North, LLC ("**DTE**") and MLC (through its former division General Motors Corporation World Wide Facilities Group), dated as of January 10, 2007 (the "**Utility Services Agreement**"), all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **February 3**, **2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **January 27, 2011, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       January 7, 2011

    /s/ Joseph H. Smolinsky
    Harvey R. Miller
    Stephen Karotkin
    Joseph H. Smolinsky

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Attorneys for Debtors
    and Debtors in Possession

**HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: January 27, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, et al.,           :    09-50026 (REG)
    f/k/a General Motors Corp., et al.        :
                                              :
                     Debtors.                 :    (Jointly Administered)
                                              :
------------------------------------------------------------x
```

# DEBTORS' MOTION PURSUANT
# TO 11 U.S.C § 365(a) TO REJECT UTILITY SERVICES AGREEMENT

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent:

## Relief Requested

1.  Pursuant to section 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request authorization to reject that certain Utility Services Agreement by and between DTE Pontiac North, LLC ("**DTE**") and MLC (through its

former division General Motors Corporation World Wide Facilities Group), dated as of January 10, 2007 (the "**Utility Services Agreement**").  A proposed form of order (the "**Order**") is annexed hereto as **Exhibit "A."**

2. The Debtors request that the rejection of the Utility Services Agreement be effective as of January 7, 2011, the date that this Motion was filed.  The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of the Utility Services Agreement be **5:00 p.m. (Eastern Time)** on the date that is **thirty (30) days** after service of the Order approving the relief requested herein.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On June 1, 2009, the Debtors filed a motion (the "**Sale Motion**") with the Court, requesting, inter alia, an order (the "**Sale Order**"), pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), and 365, authorizing and approving (i) the sale of substantially all of the Debtors' assets pursuant to a proposed Master Sale and Purchase Agreement and related agreements (the "**MSPA**") among the Debtors and NGMCO, Inc. (n/k/a General Motors, LLC) ("**New GM**"), a purchaser sponsored by the United States Department of the Treasury (the "**U.S. Treasury**"), free and clear of liens, claims, encumbrances, and other interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property, and (iii) the approval of the UAW Retiree Settlement Agreement, subject to higher or better offers (the "**363 Transaction**").

2

5. On July 5, 2009, the Court approved the 363 Transaction and entered the Sale Order, and on July 10, 2009, the 363 Transaction closed. Accordingly, the Debtors no longer operate as manufacturers of any GM branded motor vehicles, nor do they retain the rights to use GM trademarks in the wind-down of their business. All such manufacturing operations and trademark rights have been sold to New GM pursuant to the 363 Transaction.

6. On December 7, 2010, the Debtors filed their Amended Joint Chapter 11 Plan (ECF No. 8015) (the "**Plan**"), and on December 8, 2010, the Debtors filed their disclosure statement in respect of the Plan (the "**Disclosure Statement**") (ECF No. 8023). On December 8, 2010, this Court entered an order approving the Disclosure Statement (ECF. No. 8043). A hearing on confirmation of the Plan is currently scheduled for March 3, 2011.

### The Utility Services Agreement

7. The Debtors have undergone a comprehensive review of their executory contracts to determine which contracts to assume and which to reject. Because the Debtors have sold substantially all of their assets pursuant to the 363 Transaction and are now winding down their remaining operations and approaching confirmation, the Debtors no longer require certain executory contracts and will seek to reject those contracts that provide no meaningful value or benefit to the Debtors' estates. Certain contracts have been continued in force by the Debtors for a time in support of the transition of operations to New GM. The Debtors have reviewed the Utility Services Agreement and have determined, in the exercise of their sound business judgment, that maintaining the Utility Services Agreement would be burdensome and no longer provide corresponding benefit or utility to the Debtors or their estates going forward.

8. The Utility Services Agreement relates to maintenance and utility services provided by DTE to the Debtors' Pontiac North Facility in Pontiac, Michigan. Since the closing

of the 363 Transaction, New GM has been paying 100% of the costs associated with the Utility Services Agreement and has been receiving the benefits thereunder. As of the date of this Motion, New GM no longer requires the services provided by DTE pursuant to the Utility Services Agreement and has elected not to take assignment thereof.

9. The Debtors' primary business purpose at this stage in their chapter 11 cases is to liquidate the assets remaining following the close of the 363 Transaction in an efficient and cost-effective manner to maximize recoveries for their creditors. The Utility Services Agreement is not necessary for the Debtors' continuing business operations or the administration of the Debtors' estates, and maintaining the Utility Services Agreement will impose unnecessary costs and burdens on the Debtors' estates, including a minimum monthly fixed charge of approximately $300,000. Accordingly, the Debtors submit this Motion to reject the Utility Services Agreement.

### Rejection of the Utility Services Agreement Is Supported by the Debtors' Sound Business Judgment

10. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

11. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business

4

judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich* (*In re Klein Sleep Prods., Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

12. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *G Survivor*, 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summary affirmed unless it is the product of 'bad faith, or whim or caprice'" *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

5

13. In addition, many courts in this District (including this Court) and elsewhere have authorized rejection retroactively to a date prior to entry of the order authorizing such rejection. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos,* 482 F.3d 602 (2d Cir. 2007) (affirming this Court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 02 Civ. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions on the manner in which the court can approve rejection"); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief).

14. On January 6, 2011, the Debtors provided advanced notification to DTE that they would no longer require the services provided pursuant to the Utility Services Agreement and requested that DTE cease supplying such services immediately. The Debtors are current on payments under the Utility Services Agreement, and the Debtors expect that DTE will be paid for all fixed charges through the effective date of rejection of the Utility Services Agreement. Therefore, DTE is not prejudiced by a January 7, 2011 rejection date.

15. As noted above, the Debtors have reviewed the Utility Services Agreement and have determined that, in light of the sale of substantially all of the Debtors' assets and subsequent wind-down, the Utility Services Agreement is not necessary or beneficial to the Debtors' ongoing business and imposes unnecessary costs and burdens on the Debtors' estates, including a minimum monthly fixed charge of approximately $300,000. Accordingly,

6

the Debtors are exercising their sound business judgment in seeking rejection of the Utility Services Agreement.

## **Notice**

16.    Notice of this Motion has been provided to (i) DTE and (ii) parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
January 7, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

7

## Exhibit A

**Proposed Order**

US_ACTIVE:\43580006\02\72240.0639

**HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: January 27, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                             :    **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY,** *et al.*,             :    **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*   :
                                                      :
        Debtors.    :    **(Jointly Administered)**
                                                      :
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 365(a) OF THE**
**BANKRUPTCY CODE TO REJECT UTILITY SERVICES AGREEMENT**

Upon the motion, dated January 7, 2011 (the "**Motion**")[1], of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(a) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to reject that certain Utility Services Agreement by and between DTE Pontiac North, LLC ("**DTE**") and MLC (through its former division General Motors Corporation World Wide Facilities Group), dated as of January 10, 2007, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the rejection of the Utility Services Agreement is hereby authorized and approved and the Utility Services Agreement is rejected, effective as of January 7, 2011; and it is further

ORDERED that DTE shall have until **5:00 p.m. (Eastern Time)** on the date that is **thirty (30) days** after service of this Order to file a proof of claim with respect to any claim for damages arising from the rejection of the Utility Services Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2011
      New York, New York

 

UNITED STATES BANKRUPTCY JUDGE