Timothy F. Nixon
Carla O. Andres (*Pro Hac Vice*)
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Attorneys for Fee Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.,*                      :   Case No. 09-50026
   f/k/a General Motors Corp., *et al.,*                   :   (Jointly Administered)
                                                           :
                                      Debtors.             :
                                                           :   Honorable Robert E. Gerber
                                                           :
---------------------------------------------------------- x

**FEE EXAMINER'S AMENDED REPORT AND STATEMENT OF LIMITED**
**OBJECTION TO THIRD AND FOURTH INTERIM FEE APPLICATIONS OF**
**<u>BROWNFIELD PARTNERS, LLC</u>**

**TO:    THE HONORABLE ROBERT E. GERBER**
        **UNITED STATES BANKRUPTCY JUDGE**

The Fee Examiner of General Motors Corporation (n/k/a Motors Liquidation Company),

appointed on December 23, 2009 (the "**Fee Examiner**"), submits this *Amended Report and*

*Statement of Limited Objection* in connection with the *Third Interim Application of Brownfield*

*Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and*

*Reimbursement of Expenses for the Period from February 1, 2010 Through May 31, 2010*

[Docket No. 6541 ] (the "**Third Fee Application**") and the *Fourth Interim Application of*

*Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of*

*Compensation and Reimbursement of Expenses for the Period from June 1, 2010 Through*

*September 30, 2010* [Docket No. 7759] (the "**Fourth Fee Application**"). With this *Amended Report and Statement of Limited Objection*, the Fee Examiner identifies an agreed disallowance of $12,051.86 in fees and expenses, from a total of $431,329.27 requested in the Third Fee Application, and an agreed disallowance of $18,187.99 in fees and expenses, from a total of $78,541.67 requested in the Fourth Fee Application, that are objectionable. The Fee Examiner respectfully represents:

## SUMMARY STATEMENT

After reviewing the Third Fee Application, counsel for the Fee Examiner raised preliminary observations and concerns with Brownfield Partners, LLC ("**Brownfield**") by letter dated September 3, 2010. Thereafter, the parties continued productive discussions and agreed to adjourn the hearing on the Third Fee Application to allow Brownfield time to compile additional supporting documentation.

On December 1, 2010, the Fee Examiner sent Brownfield a draft *Report and Statement of Limited Objection*. The parties agreed to adjourn the hearing on the Fourth Fee Application to allow Brownfield to analyze the Fee Examiner's comments.

By letter dated January 5, 2011, Brownfield provided supplemental detail to the Fee Examiner. On January 10, 2011, the parties reached a consensual resolution on all of the remaining issues and now present a stipulated agreement to the Court for its approval.

This *Amended Report and Statement of Limited Objection* summarizes the Fee Examiner's analysis in support of the agreed disallowance of $12,051.86 in fees and expenses in connection with the Third Fee Application, and $18,187.99 in fees and expenses in connection with the Fourth Fee Application.

**BACKGROUND**

1. Commencing on June 1, 2009, General Motors Corp. and certain of its affiliates ("**Debtors**") filed in this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated procedurally and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108.

2. On August 31, 2010, the Debtors filed a Joint Chapter 11 Plan and Disclosure Statement [Docket Nos. 6829 and 6830].[1] Plan confirmation is anticipated later this year.

3. On November 16, 2009, Brownfield filed its *First Interim Application of Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2009 Through September 30, 2009* [Docket No. 4457] (the "**First Fee Application**"), seeking fees in the amount of $213,914.75 and expenses in the amount of $16,294.80 for total requested compensation of $230,209.55.

4. On March 17, 2010, Brownfield filed its *Second Interim Application of Brownfield Partners, LLC as Environmental Consultants to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2009 Through January 31, 2010* [Docket No. 5291] (the "**Second Fee Application**"), seeking fees in the amount of $381,757.40 and expenses in the amount of $27,480.81 for total requested compensation of $409,238.21.

---

[1] On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* and a *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan* [Docket Nos. 8014 and 8015].

3

5. On April 20, 2010, Brownfield and counsel for the Fee Examiner discussed the issues raised by the Second Fee Application, and Brownfield noted that it needed additional time to compile supporting materials before the scheduled April 29, 2010 hearing on the First Fee Application. As such, Brownfield and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of April 29, 2010 Hearing on First Interim Fee Application of Brownfield Partners, LLC* [Docket No. 5632] (the "**First Stipulated Adjournment**").

6. On April 22, 2010 the Fee Examiner filed the *Fee Examiner's Preliminary Report on the First Interim Fee Application of Brownfield Partners, LLC* [Docket No. 5565]. That report is incorporated by reference.

7. On March 19, 2010, the Court entered the *Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of Their Engagement With Brownfield Partners, LLC* [Docket No. 5313] (the "**Authorization to Amend**"), approving a fee cap increase from $200,000.00 to $1,100,000.00. On June 9, 2010, the Court entered a *Supplemental Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Amend the Terms of Their Engagement With Brownfield Partners, LLC* [Docket No. 5980], which authorized an increase in Brownfield's hourly rates.

8. On June 22, 2010, the Fee Examiner filed the *Fee Examiner's Report and Statement of Limited Objection to First and Second Interim Fee Applications of Brownfield Partners, LLC* [Docket No. 6084] (the "**First Objection**"), identifying $2,914.31 in fees and expenses that were objectionable in connection with the First Fee Application and identifying $12,421.06 in fees and expenses that were objectionable in connection with the Second Fee Application. That report and statement is incorporated by reference.

9.  On July 6, 2010, this Court issued an oral ruling that granted Brownfield's First and Second Fee Applications in part but required a continued holdback of 10 percent of Brownfield's requested fees. On July 22, 2010, in accordance with the specific findings made by the Court in its bench ruling, the Court entered an omnibus order approving a series of interim fee applications, including the applications submitted by Brownfield. *Order Granting (I) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from October 1, 2009 Through January 31, 2010 and (II) Applications for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred from June 1, 2009 Through September 30, 2009* (the "**Second Omnibus Order**") [Docket No. 6402]. The Second Omnibus Order authorized payment to Brownfield of $334,770.89 for fees (which included the 10 percent holdback) and $24,849.50 for expenses.

10. On August 5, 2010, Brownfield filed its Third Fee Application seeking fees in the amount of $416,398.80 and expenses in the amount of $14,930.47, for total requested compensation of $431,329.27.

11. By correspondence dated September 3, 2010, counsel for the Fee Examiner provided Brownfield with his preliminary analysis of the fees requested in the Third Fee Application, inviting Brownfield to submit any additional information in support of the application. The preliminary analysis included information related to:

　　　A.　Additional detail for vague time entries;

　　　B.　Explanations of administrative or clerical tasks;

　　　C.　Clarification of billing for non-working travel;

　　　D.　Breakdown of block billed time entries; and

5

    E. Input on compensation issues and expenses.

Brownfield did not provide any additional information in response to this preliminary analysis.

  12. On September 16, 2010, Brownfield and counsel for the Fee Examiner discussed the issues raised, and Brownfield noted that it needed additional time to compile supporting materials before the scheduled September 24, 2010 hearing on the Third Fee Application (later adjourned to October 26, 2010). As such, Brownfield and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of September 24, 2010 Hearing on Third Interim Fee Application of Brownfield Partners, LLC* [Docket No. 6951] (the "**Second Stipulated Adjournment**").

  13. On September 17, 2010 the Fee Examiner filed the *Fee Examiner's Preliminary Report on the Third Interim Fee Application of Brownfield Partners, LLC* [Docket No. 6973]. That report is incorporated by reference.

  14. On October 19, 2010, Brownfield and counsel for the Fee Examiner discussed the issues raised, and Brownfield noted that it needed additional time to compile supporting materials before the scheduled October 26, 2010 hearing on the Third Fee Application. As such, Brownfield and the Fee Examiner agreed to the *Stipulation and Order for Adjournment of October 26, 2010 Hearing on Third Interim Fee Application of Brownfield Partners, LLC to Hearing Date of Fourth Interim Fee Application* [Docket No. 7396] (the "**Third Stipulated Adjournment**").

  15. As a result of the Court's *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3711] (the "**Compensation Order**"), Brownfield reports it has previously submitted monthly statements and received payments from the Debtors totaling

6

$306,025.69 for the period covered by the Third Fee Application. *See* Third Fee Application, ¶ 14.

16. On November 15, 2010, Brownfield filed its Fourth Fee Application, seeking fees in the amount of $58,415.68 and expenses in the amount of $20,125.99 for total requested compensation of $78,541.67.

17. Brownfield reports that it has previously submitted monthly statements and received payments from the Debtors totaling $12,055.66 for the period covered by the Fourth Fee Application, consisting of $10,117.66 in requested fees and $1,938.00 in requested expenses. *See* Fourth Fee Application, ¶¶ 13, 14.

18. On December 1, 2010, the Debtors filed the *Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 327(a) and 330 Authorizing the Debtors to Enter into a Third Amendment of the Terms of Their Engagement with Brownfield Partners, LLC* [Docket No. 7964], seeking an increase in Brownfield's fee cap from $1,100,000 to $1,300,000.

19. On December 1, 2010, the Fee Examiner sent Brownfield a draft *Report and Statement of Limited Objection* with a limited objection to Brownfield's fees, offering yet another opportunity for discussion.

20. On December 14, 2010, Brownfield requested additional time to respond to the Fee Examiner. As such, the parties entered the *Stipulation and Order for Adjournment of December 15, 2010 Hearing on Third Interim Fee Application of Brownfield Partners, LLC and Fourth Interim Fee Application of Brownfield Partners, LLC to Hearing Date of January 6, 2011* [Docket No. 8156] (the "**Fourth Stipulated Adjournment**").

21. By letter dated January 5, 2011, Brownfield provided a supplemental response to the Fee Examiner in connection with the Third and Fourth Fee Applications.

22. All of the information provided by Brownfield has been considered by the Fee Examiner.

## APPLICABLE STANDARDS

23. The Third and Fourth Fee Applications have been evaluated for compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (the "**Local Guidelines**"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**UST Guidelines**"), the *Fee Examiner's First Status Report and Advisory* [Docket No. 5002] (the "**First Advisory**"), and the *Fee Examiner's Second Status Report and Advisory* [Docket No. 5463] (the "**Second Advisory**" and, together with the First Advisory, the "**Advisories**"), as well as this Court's Compensation Order—including the extent, if any, that variation has been expressly permitted by order. In addition, the Fee Examiner has provided Brownfield with a draft memorandum summarizing the Court's April 29 and July 6, 2010 rulings on fees and expenses.

24. On November 16, 2010, the Fee Examiner also provided all of the professionals with notice that, effective for the interim period commencing June 1, 2010 (the "**Compensation Period**"), the Fee Examiner would discontinue the uniform practice, followed in earlier periods, of outlining concerns about an applicant's fee application in a formal letter at least one week prior to providing a copy of the draft report to the applicant.

25. On November 23, 2010, the Court issued a bench decision on two open questions involving professional fees. It decided, prospectively, that "[r]etained professionals are to provide written notice of upcoming increases in their [hourly] billing rates..." to give interested parties an opportunity to object and be heard. *In re Motors Liquidation Company*, Bench

Decision on Pending Fee Issues, at 2, No. 09-50026 (Bankr. S.D.N.Y. Nov. 23, 2010) [Docket No. 7896]. It eliminated any requirement to more widely "post notice of upcoming increases on ECF." *Id.*

26. With respect to time spent responding to fee objections or inquiries, the Court held that it would "authorize payment of the costs of defending against the objection if the fee applicant substantially prevails." In contrast, the applicant "should indeed bear its own legal expenses for addressing the objection to its fees" in instances where "the outcome is a split decision, or the fee applicant otherwise fails to substantially prevail." *Id.*

27. In applying this Court's ruling to the fee applications for the Compensation Period—and to the "carved-out" amounts in fee applications for the prior interim period—the Fee Examiner now has established a recommended "safe harbor" for fees related to Fee Examiner and U.S. Trustee inquiries and objections ("**Fee Inquiry Time**").

    A.    The Fee Examiner will not object to the lesser of: either (i) the first $10,000 of Fee Inquiry Time or (ii) Fee Inquiry Time calculated as 20 percent of the total compensation requested in the pending fee application, whichever is smaller.[2]

    B.    For professionals whose fee applications contain requests for compensation for "fees on fees" beyond the amount of this safe harbor, the Fee Examiner has reviewed the time detail, all communications with the professional, the nature of the inquiry or deficiencies raised in the Fee Examiner's or U.S. Trustee's objection, the relative magnitude of the deficiencies in comparison to each other and to the professional's overall fee request (past and present), and whether the professional "substantially prevailed" on each inquiry or deficiency the Fee Examiner or U.S. Trustee

---

[2] In other words, the safe harbor for Fee Inquiry Time spent in connection with any application where total compensation exceeds $50,000 will be $10,000. For any application where that compensation is less than $50,000, the safe harbor will be 20 percent of the total compensation requested.

9

raised. On the basis of this review, the Fee Examiner has calculated or will calculate a suggested disallowance, ranging from zero percent to 50 percent for professionals requesting compensation for Fee Inquiry Time.[3]

## COMMENTS

### Third Fee Application

28. **Project Staffing**. Services provided by Brownfield have been provided by five job titles at five billing rates: Principal—$330.00; Partner—$300.00; Senior Associate—$264.00; Planner—$198.00; and, Administrative—$66.00. Approximately 73 percent of the hours billed on this project were at the two highest billing rates. In addition, nearly 43 percent of the hours billed were at the Principal rate. In the absence of extenuating circumstances brought to the attention of the Fee Examiner, the preferred practice is for tasks to be managed by senior personnel with work principally performed at the lowest appropriate billing rate.

*Brownfield, a boutique firm consisting of three partners, an associate, and minimal part-time non-professional support staff, has demonstrated that its staffing is limited to the personnel employed by the firm, and the services provided by Mr. McMurtry, a principal, that were specifically requested by the Debtors. Staffing appears appropriate based on the specialized services provided.*

*Suggested disallowance: None.*

29. **Vague Time Entries**. The Fee Examiner has identified specific billing entries, totaling $13,234.20 that inadequately describe the communications involved or vaguely describe the completed tasks.

*Brownfield has provided supplemental detail, resolving these concerns.*

*Suggested disallowance: None.*

---

[3] This protocol applies only to activities that do not "go beyond normal advocacy or negotiation." *See In re Adelphia Commc'ns Corp.*, Decision and Order on Estate's Payment of Non-Fiduciaries' Professional Fees at 5-6, No. 02-41729, (Bankr. S.D.N.Y. Nov. 18, 2010) [Adelphia Docket No. 14445]. If any applicant engages in abusive, destructive or "scorched earth" tactics, the Fee Examiner will recommend higher deductions than applicable under this protocol.

30. **Clerical and Administrative Tasks**. The Fee Examiner has identified charges in the amount of $12,472.20 that appear to be administrative or clerical tasks that might more appropriately have been absorbed as overhead.

*Agreed disallowance: $3,741.66 (30 percent).*

31. **Block Billing**. Block billing is prohibited by the UST Guidelines. Time entries for multiple tasks in excess of 0.5 hours in aggregate time must identify the amount of time spent on each discrete task. The Fee Examiner identified entries by Brownfield professionals that do not comply with this guideline totaling $28,512.60.

*Brownfield has amended most, but not all, of these entries. The remaining entries of concern total $4,435.20.*

*Suggested disallowance: $1,330.56 (30 percent).*

32. **Travel Time**. Non-working travel time will be compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The Advisories have requested that travel time be itemized separately. However, a few time entries in the Third Fee Application appear to reflect total travel time—without the 50 percent reduction noted on the other entries. These entries total $3,846.00.

*Agreed disallowance: $1,923.00.*

33. **Services Provided**. Continued services have been provided by Brownfield relating to insurance issues during the third interim fee period.

*The Fee Examiner will defer any evaluation of the expenditure of time in connection with environmental insurance issues until the results of the services are ascertainable.*

11

34. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. Brownfield reports 111.9 billable hours, representing $20,701.80 in fees, billed for all fee matters including retention matters, the preparation of Brownfield's monthly fee statements and fee applications, and its communications with the Fee Examiner. These fees have not been subject to voluntary reduction. Because of this Court's ruling that fees for reviewing bills are compensable at only 50 percent, whereas fees for preparing the fee application itself are compensable at 100 percent, professionals are encouraged to segregate in the fee application or time detail the different types of fee application services into appropriate categories. The failure to self-segregate the fees renders the fee review process less efficient. Brownfield has been invited to segregate time entries and has not done so.

*Based on the segregation provided by Brownfield, the Fee Examiner has determined that $7,161.00 has been expended in preparing fee applications. It appears that the remaining fees, $13,540.80, arise from communications with the Fee Examiner and time spent preparing responses to the Fee Examiner, which warrant some reduction.*

*Agreed disallowance: $4,739.00.*

35. **Expenses**. Brownfield's requested expense reimbursements are generally unobjectionable, subject to the following comments:

　　A. <u>Federal Express Charges</u>. The Fee Examiner has requested additional detail relating to nine entries for express courier services totaling $274.29.

　　*Brownfield has provided supplemental details, resolving this concern in part.*

　　*Agreed disallowance: $243.81.*

　　B. <u>Meals</u>. The Fee Examiner has identified certain meals exceeding the $20.00 meal allowance in the aggregate amount of $71.54.

　　*Agreed disallowance: $71.54.*

12

        C.        <u>Hotels</u>.  The Fee Examiner has requested further information in connection with (i) an apparent mathematical overcharge based upon amounts indicated on the receipts provided for hotel expenses, and (ii) one hotel stay that may be excessive.

*Brownfield has provided supplemental detail, resolving the majority of this concern.  One hotel bill, however, contained two meal charges, one of which exceeded the $20.00 meal limitation by $2.29.*

*Suggested disallowance: $2.29.*

**Third Fee Application Summary**

*Total fees suggested for disallowance: $11,734.22.*

*Total expenses suggested for disallowance: $317.64.*

*Total fees and expenses recommended for disallowance: $12,051.86.*

**Fourth Fee Application**

36.    **<u>Project Staffing</u>**.  Services provided by Brownfield continue to be provided by five job titles at five billing rates, consistent with the Third Fee Application.  Services were provided at a blended rate of $290.05 for the Compensation Period.

*Suggested disallowance:  None.*

37.    **<u>Project Categories</u>**.  The Fourth Fee Application does not arrange all time and services entries by project category as required by the UST Guidelines at § (b)(4)(i).[4]

38.    **<u>Comparison to Budget</u>**.  Brownfield has provided monthly projected budgets to the Fee Examiner.  A comparison of the projected budget to actual compensation requested reveals that Brownfield is within budget -- with a notable degree of disparity in the total amounts budgeted and spent:

---

[4] The project categories utilized by Brownfield do not include categories for administrative matters, fee applications, or responses to objections relating to fee applications as required by the UST Guidelines.  *See* UST Guidelines at § (b)(4)(i), and Exhibit A.

13

|  |  | Actual | Projected |
|---|---|---:|---:|
| June |  |  |  |
|  | Fees | 12,647.08 | 60,000.00 |
|  | Expenses | 1,938.00 | 2,500.00 |
| July |  |  |  |
|  | Fees | 6,912.00 | 39,550.00 |
|  | Expenses | 0.00 | 1,500.00 |
| August |  |  |  |
|  | Fees | 19,452.60 | 15,270.00 |
|  | Expenses | 18,187.99 | 1,500.00 |
| September |  |  |  |
|  | Fees | 19,404.00 | 7,500.00 |
|  | Expenses | 0.00 | 1,500.00 |
|  | **TOTAL** | **78,541.67** | **129,320.00** |

39. **Travel Time**. Non-working travel time will be compensable at 50 percent. *See In re Fibermark, Inc.*, 349 B.R. 385, 406 (Bankr. D. Vt. 2006) (travel time should be billed at one-half the professional's customary rate); *Wilder v. Bernstein*, 975 F. Supp. 276, 283-84 (S.D.N.Y. 1997) ("courts in this circuit customarily reimburse attorneys for travel time at fifty percent of their hourly rates") (citations omitted). The Advisories have requested that travel time be itemized separately. The Fourth Fee Application (unlike the Third Fee Application) reflects total travel time and indicates a 50 percent reduction.

*Suggested disallowance: None.*

40. **Block Billing**. Block billing is prohibited by the UST Guidelines at § (b)(4)(v). "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *Id.* The Fourth Fee Application is exemplary in this regard.

*Suggested disallowance for block billing: None.*

41. **Vague Time Entries**. In previous objections, the Fee Examiner has identified specific billing entries that contain an insufficient description of a task or failure to identify

14

parties and subject matter of a communication. Brownfield has made a clear effort to remedy this concern in the Fourth Fee Application.

*Suggested disallowance for vague tasks: None.*

42. **Fee Applications, Fee Examiner Issues, and Monthly Fee Statements**. As addressed in Paragraph 34, above, Brownfield does not segregate fees for fee applications or responding to the Fee Examiner into separate categories. It appears that the vast majority of recorded time in the fee category relates to responses to the Fee Examiner. The collective amount billed to fee matters in the Fourth Fee Application is $7,596.00, which falls within the safe harbor.

43. **Expenses**. The Fourth Fee Application, Exhibit C, contains a Summary of Expenses. The majority of these expenses were reasonable and compensable with the exception of local counsel fees.

The Fee Examiner has reviewed time details for tasks completed by Brownfield's local counsel and the complementary fee request totaling $18,187.99. On July 21, 2009, Debtors' counsel filed its *Application of the Debtors for Entry of Order Pursuant to 11 U.S.C. §§327(a) and 328(a) and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3280] (the "**Retention Application**"). Brownfield's retention was authorized by this Court on August 3, 2009. *Order Pursuant to 11 U.S.C. §§ 327(a) and 330 and Fed. R. Bankr. P. 2014 Authorizing the Retention and Employment of Brownfield Partners, LLC as Environmental Consultants to the Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 3638].

Brownfield is entitled to reasonable fees and expenses of its legal counsel, except for those related to Brownfield's fee applications. *See* Retention Application, p. 7, ¶ 15. The Fee

15

Examiner has identified these time details as expenses related to the preparation of Brownfield's fee applications and, therefore, not compensable.

*Agreed disallowance: $18,187.99.*

**Fourth Fee Application Summary**

*Total fees suggested for disallowance: None.*

*Total expenses suggested for disallowance: $18,187.99.*

*Total fees and expenses recommended for disallowance: $18,187.99.*

## CONCLUSION

This *Amended Report and Statement of Limited Objection* is intended to advise the Court, the professionals, and the U.S. Trustee of the limited basis for objections to the Third and Fourth Fee Applications. It is not intended to be an exhaustive or exclusive list of possible objections and does not preclude or limit the Fee Examiner's scope of review or objection on future interim fee applications or on final fee applications. All professionals subject to the Fee Examiner's review should be aware, as well, that while the Fee Examiner has made every effort to apply standards uniformly across the universe of professionals in this case, some degree of subjective judgment will always be required.

WHEREFORE, the Fee Examiner respectfully submits this *Amended Report and Statement of Limited Objection* to Brownfield's Third and Fourth Fee Applications.

Dated: Green Bay, Wisconsin
January 10, 2011.

                        GODFREY & KAHN, S.C.

By:    */s/ Carla O. Andres*
Carla O. Andres (CA 3129)
Timothy F. Nixon (TN 2644)

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198
E-mail: candres@gklaw.com
        tnixon@gklaw.com

*Attorneys for Fee Examiner*

5852218_1

17