**PRESENTMENT DATE AND TIME: January 25, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 25, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                                    :    Chapter 11 Case No.
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                    :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :
                                                             :
        **Debtors.** :    **(Jointly Administered)**
                                                             :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER
BETWEEN THE DEBTORS AND LAW DEBENTURE TRUST COMPANY OF
NEW YORK, AS SUCCESSOR INDENTURE TRUSTEE, REGARDING
PROOFS OF CLAIM NOS. 60006, 60007, 60008, 60009, 60010, 60011, and 60012**

      PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") will present the Stipulation and Agreed Order Between the Debtors and Law Debenture Trust Company of New York, as Successor Indenture Trustee, Regarding Proofs of Claim Nos. 60006, 60007, 60008, 60009, 60010, 60011, and 60012 (the "**Stipulation and Order**") annexed hereto to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 621 of the United States Bankruptcy Court for the Southern District of New York (the

US_ACTIVE:\43466039\09\72240.0639

"**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **January 25, 2011 at 12:00 noon (Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 500 Renaissance Center, Suite 1400, Detroit, Michigan 48243 (Attn:  Ted Stenger); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn:  Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin

Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), and (xii) Kelley Drye & Warren LLP, attorneys for Law Debenture Trust Company of New York, 101 Park Avenue, New York, New York 10178 (Attn: David E. Retter, Esq. and Stacia A. Neeley, Esq.), so as to be received no later than **January 25, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the Stipulation and Order, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
       January 12, 2011

           /s/ Joseph H. Smolinsky
           Harvey R. Miller
           Stephen Karotkin
           Joseph H. Smolinsky

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Debtors
           and Debtors in Possession

**PRESENTMENT DATE AND TIME: January 25, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 25, 2011 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS AND LAW DEBENTURE TRUST COMPANY OF**
**NEW YORK, AS SUCCESSOR INDENTURE TRUSTEE, REGARDING**
**PROOFS OF CLAIM NOS. 60006, 60007, 60008, 60009, 60010, 60011, and 60012**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Law Debenture Trust Company of New York, as successor Indenture Trustee (the "**Indenture Trustee**," and together with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

**RECITALS**

A.    On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**").

B.    On September 16, 2009, the Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar**

US_ACTIVE:\43466039\09\72240.0639

**Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim against certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Commencement Date.

C. As of the Commencement Date, MLC, as issuer, and the Indenture Trustee, as successor indenture trustee, were parties to (i) the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding (the "**1999 Morraine Indenture**"), (ii) the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were issued and outstanding (the "**1994 Morraine Indenture**"), (iii) the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 were issued and outstanding (the "**1984 Indianapolis Indenture**"), (iv) the Trust Indenture, dated as of July 1, 1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund, Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 1995 were issued and outstanding (the "**1995 Michigan Indenture**"), (v) the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding (the "**2002 Ohio Solid Waste**

**Indenture**"), (vi) the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 2002 were issued and outstanding (the "**2002 Ohio Pollution Indenture**"), and (vii) the Trust Indenture, dated as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and outstanding (the "**2002 Fort Wayne Indenture,**" and together with the 1999 Morraine Indenture, 1994 Morraine Indenture, 1984 Indianapolis Indenture, 1995 Michigan Indenture, 2002 Ohio Solid Waste Indenture, and 2002 Ohio Pollution Indenture, the "**Indentures**").

D.     Prior to the General Bar Date, the Indenture Trustee timely filed the following seven (7) proofs of claim against MLC (each, a "**Claim**" and collectively, the "**Claims**"):

| Claim Number | Applicable Indenture | Claim Amount[1] |
|---|---|---|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

---

[1]     The amounts set forth in the "Claim Amount" column include unpaid principal and interest amounts asserted to be due and owing on the seven series of bonds, respectively, as of the Commencement Date, but do not include the Fees and Expenses (as defined below) of the Indenture Trustee.

# AGREEMENT

NOW, THEREFORE, EACH OF THE PARTIES HEREBY STIPULATES AND AGREES AS FOLLOWS:

1.  After review of the Debt Claims (as defined below) and agreement with the calculations asserted by the Indenture Trustee therein, the Debtors agree that with respect to amounts of principal plus interest due under each of the Indentures, the Indenture Trustee shall receive, on behalf of itself and the holders of the bonds issued under each of the Indentures (the "**Bondholders**"), an allowed general unsecured, nonpriority claim against MLC in the amounts listed below (collectively, the "**Debt Claims**"), to be satisfied in accordance with the terms of any chapter 11 plan or plans to be confirmed in the these Chapter 11 Cases.

| Claim Number | Applicable Indenture | Claim Amount |
|---|---|---|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

2.  The Indenture Trustee shall issue a notice to The Depository Trust Company notifying the Bondholders (a) of the entry of this Stipulation and Order allowing the Debt Claims, and (b) that any subsequent claims objections filed by the Debtors seeking to disallow claims filed by the Bondholders (the "**Bondholder Claims**") solely on the grounds that the Bondholder Claims are duplicative of the Debt Claims allowed under this Stipulation and Order (the "**Claims Objections**") will not impair such

Bondholders' entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

3. The Indenture Trustee agrees that it will not object to the Debtors' filing of the Claims Objections solely on the grounds that the Bondholder Claims to which the Claims Objections have been filed are duplicative of the Debt Claims allowed pursuant to this Stipulation and Order.

4. The Debtors agree to pay the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) its fees and expenses (collectively, the "**Fees and Expenses**") as set forth in Section 2.5 of the Debtors' proposed amended joint chapter 11 plan, dated December 7, 2010 (as the same may be amended or modified from time to time, the "**Proposed Plan**") on the effective date of such Proposed Plan. With respect to the Fees and Expenses incurred by the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) under the Indentures prior to the Commencement Date, the Indenture Trustee shall receive an allowed claim in the amount of $851.

5. To the extent the Fees and Expenses are not paid in full, in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or plans to be confirmed in these Chapter 11 Cases, (a) the amount of such Fees and Expenses that remain unpaid shall, subject to the express reservation of rights set forth in paragraph 6 below, constitute an allowed general unsecured nonpriority claim against MLC held by the Indenture Trustee, to be satisfied in accordance with the terms of any chapter 11 plan or plans to be confirmed in these Chapter 11 Cases; and (b) pursuant to the applicable section of each of the Indentures, the Indenture Trustee shall retain a charging lien with

respect to the Fees and Expenses on all assets or money held or collected by the Indenture Trustee on account of the Debt Claims or as otherwise charged pursuant to the applicable Indenture.

6. Nothing herein shall preclude the Indenture Trustee from requesting (a) approval from the Court to treat any Fees and Expenses which have not been paid in full, in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or plans to be confirmed in these Chapter 11 Cases, as administrative expenses under section 503(b) of the Bankruptcy Code (and the Debtors reserve all rights should such a request be made); and (b) in the event the Debtors' estates are determined at the time of confirmation of such chapter 11 plan or plans to be solvent (or possibly able to pay interest thereafter), the payment of interest accrued on the bonds issued pursuant to the Indentures following the Commencement Date.

7. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

| Dated: New York, New York<br>January 12, 2011 | Dated: New York, New York<br>January 10, 2011 |
|---|---|
| /s/ Joseph H. Smolinsky<br>Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors and Debtors in Possession* | /s/ David E. Retter<br>David E. Retter<br>Stacia A. Neeley<br><br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br><br>*Attorneys for Law Debenture Trust Company of New York, as successor Indenture Trustee* |

**IT IS SO ORDERED**
Dated: New York, New York
         January ____, 2011

                                   _____
                                   HONORABLE ROBERT E. GERBER
                                   UNITED STATES BANKRUPTCY JUDGE