UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al*.           :
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss
COUNTY OF SUFFOLK    )

I, Patrick M. Leathem, being duly sworn, depose and state:

1. I am an Assistant Director with The Garden City Group, Inc. ("**GCG**"), the claims, noticing and solicitation agent for the debtors and debtors-in-possession (the "**Debtors**") in the above-captioned proceeding. Our business address is 105 Maxess Road, Melville, New York 11747.

2. On December 22 and 23, 2010, at the direction of Weil, Gotshal & Manges LLP ("**Weil**"), counsel for the Debtors, GCG caused a true and correct copy of the following documents to be served via first class mail on the holders of Class 1[1] Claims (Secured Claims), holders of Class 2 Claims (Priority Non-Tax Claims) and holders of Class 4 Claims (Property Environmental Claims), as set forth on the service list annexed hereto as Exhibit A:

- Notice of (I) Approval of Disclosure Statement; (II) Establishment of Record Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (IV) Procedures and Deadline for Voting on the Plan (the "**Confirmation Hearing Notice**");

---

[1] Capitalized terms that are not otherwise defined herein have the meanings ascribed to such terms in the Plan and Disclosure Statement and/or the Disclosure Statement Approval Order (as defined below).

- Notice of Non-Voting Status To Unimpaired Classes: Class 1 (Secured Claims), Class 2 (Priority Non-Tax Claims), and Class 4 (Property Environmental Claims); and

- Notice of Deadlines for Filing Administrative Proofs of Claim (the "**Administrative Claim Bar Date Notice**").

3.  Between December 23, 2010 and December 28, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on the holders of Class 3 Claims (General Unsecured Claims), as set forth on the service list annexed hereto as Exhibit B[2]:

- Confirmation Hearing Notice;

- Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan dated December 8, 2010, with all exhibits thereto, including, among other documents, the Debtors' Amended Joint Chapter 11 Plan, with all exhibits thereto (collectively, the "**Plan and Disclosure Statement**");

- Order (I) Approving Notice of Disclosure Statement Hearing; (II) Approving Disclosure Statement; (III) Establishing a Record Date; (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan; (V) Approving Notice Packages and Procedures for Distribution Thereof; (VI) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan; and (VII) Approving the Forms of Notices to Non-Voting Classes under the Plan (the "**Disclosure Statement Approval Order**");

- Letter from Official Committee of Unsecured Creditors dated December 10, 2010 (the "**Committee Letter**");

- Administrative Claim Bar Date Notice (collectively with the Confirmation Hearing Notice, Plan and Disclosure Statement, Disclosure Statement Approval Order and Committee Letter, the "**Solicitation Package**"); and

- a customized Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its

---

[2] Exhibit B includes 109 parties whose claims had initially been under consideration for objection, which would have rendered those parties ineligible to vote on the Debtors' Plan. As those claims were ultimately not objected to prior to the Solicitation Date, those parties were entitled to receive Solicitation Packages with Ballots. GCG sent the Confirmation Hearing Notice and the Administrative Claim Bar Date Notice via first class mail to those parties on or before December 28, 2010, and sent Solicitation Packages with Class 3 Ballots via overnight courier to those parties on December 30, 2010. Exhibit B also includes one party, Remy International, Inc., that was served a Solicitation Package with Class 3 Ballot via overnight courier on January 5, 2011 to replace a Solicitation Package with Class 5 Ballot that was served via overnight courier on December 30, 2010, as reflected on Exhibit C hereto.

2

> Affiliated Debtors for Class 3 (General Unsecured Claims), together with a postage prepaid return envelope (the "**Return Envelope**").

4. On December 28, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on the holders of individual Class 5 Claims (Asbestos Personal Injury Claims), as set forth on the service list annexed hereto as Exhibit C[3]:

- the Solicitation Package; and

- a customized Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims), together with a Return Envelope.

5. On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on the attorneys representing the holders of Class 5 Claims (Asbestos Personal Injury Claims), as set forth in the service list annexed hereto as Exhibit D:

- the Solicitation Package;

- a non-customized individual Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims); and

- a Master Ballot for Accepting or Rejecting Amended Joint Chapter 11 Plan of Motors Liquidation Company (f/k/a General Motors Corporation) and Its Affiliated Debtors for Class 5 (Asbestos Personal Injury Claims), together with a Return Envelope.

6. On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of true and correct copies of the following documents to be served via hand delivery to Broadridge Financial Solutions, Inc., Attn: BSG Special Processing, Job Nos. N38706 & N39053, 51 Mercedes Way, Edgewood, NY 11717 ("**Broadridge**"), together with an instructional letter

---

[3] See Fn. 2.

directing Broadridge to distribute the documents to all beneficial owners of interests in Class 6 (Equity Interests in MLC) (*i.e.*, the equity securities bearing CUSIP Numbers 62010A105 and 370442105 (the "**Class 6 Securities**") as of December 7, 2010 (the "**Voting Record Date**")), the nominees for which Broadridge services:

- Confirmation Hearing Notice;
- Administrative Claim Bar Date Notice; and
- Notice of Non-Voting Status to Impaired Class: Class 6 (Equity Interests in MLC) (collectively with the Confirmation Hearing Notice and Administrative Claim Bar Date Notice, the "**Equity Package**").

7. On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of true and correct copies of the Equity Package to be served via overnight courier to Mediant Communications LLC, Reorg Center, Attn: Stephanie Fitzhenry, 109 North Fifth Street, Saddle Brook, NJ 07663 ("**Mediant**"), together with an instructional letter directing Mediant to distribute the documents to all beneficial owners of the Class 6 Securities as of the Voting Record Date, the nominees for which Mediant services.

8. On December 28, 2010, also at the direction of Weil, GCG caused an appropriate number of true and correct copies of the Equity Package to be served via overnight courier on the known broker nominees for the beneficial owners of the Class 6 Securities as of the Voting Record Date that do not employ Broadridge or Mediant as their mailing agent (the "**Non-Broadridge/Mediant Nominees**"), with an instructional letter directing the Non-Broadridge/Mediant Nominees to distribute the documents to said beneficial owners, as set forth on the service list annexed hereto as Exhibit E.

9. On December 22, 2010, also at the direction of Weil, GCG caused an appropriate number of true and correct copies of the Equity Package to be served via first class mail on the GCG

4

database of United States and Canadian brokers (the "**U.S. and Canadian Brokers**"), with an instructional letter directing the U.S. and Canadian Brokers to distribute the documents to their customers, if any, who are beneficial owners of the Class 6 Securities as of the Voting Record Date, except where Broadridge or Mediant is employed as mailing agent by any of the aforementioned U.S. and Canadian Brokers, as set forth on the service list annexed hereto as Exhibit F.

10. On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of the Equity Package to be served via first class mail on the registered holders of the Class 6 Securities, as provided by the transfer agent therefor, and those parties that filed a proof of interest in these Chapter 11 Cases, as set forth on the service list annexed hereto as Exhibit G.

11. On December 23, 2010, also at the direction of Weil, GCG caused a true and correct copy of the Solicitation Package to be served via first class mail on (a) the attorneys for the Creditors' Committee; (b) the attorneys for the Asbestos Claimants' Committee; (c) the attorneys for the Future Claimants' Representative; (d) the Office of the United States Trustee; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) the United States Department of Justice; (h) the United States Department of the Treasury; and (i) the Pension Benefit Guaranty Corporation, as set forth on the service list annexed hereto as Exhibit H.

12. Between December 22, 2010 and December 28, 2010, also at the direction of Weil, GCG caused a true and correct copy of the following documents to be served via first class mail on (a) each of the parties who filed untimely claims on or before October 21, 2010; (b) the parties holding Administrative Expense and Priority Tax Claims; (c) the holders of Note Claims, Eurobond Claims and/or Nova Scotia Guarantee Claims who filed Claims; (d) all parties who

requested notice pursuant to Bankruptcy Rule 2002; and (e) all parties in GCG's creditor database for these cases that do not fall within any of the categories described in paragraphs "2" through "11" hereof, as set forth on the service list annexed hereto as Exhibit I:

- Confirmation Hearing Notice; and
- Administrative Claim Bar Date Notice.

/s/ Patrick M. Leathem
Patrick M. Leathem

Subscribed and sworn to before me this 14th day of
January, 2011

/s/ Debra Wolther
Debra Wolther
Notary Public – State of New York
No. 02WO4853469
Qualified in Nassau County
My Commission Expires 1/27/2014