Richard Alvin Ferraro
625 Wilton Pond Road
No. Monmouth ME 04265
933-6528



United States Bankruptcy Court
Southern District of New York
One Bowling Green, NYC, NY 10003-1408

January 5, 2011

Re Cases 4982369, 2800020, 4646979

Dear Madam Clerk:

Enclosed please find three Loss Mitigation Requests by Creditor Richard A Ferraro,
Personal Representative of the Estate of Joyce Bentley Keeler, heir of Donald Keeler,
heir of Wilbert and Alice Keeler, of Troy New York.

Exhibit A enclosed with Mitigation Requests applies to each Request.

Please do not hesitate to call me if you have any questions.

Yours truly,

Richard Ferraro

enc

**EXHIBIT A**

1.  Letter Richard Ferraro, P.R. (Executor) Estate of Joyce Keeler, Ancillary Probate New York, explaining the estate of Donald Keeler, from which the estate passed to Joyce Keeler on his date 3/4/05 in Maine.
2.  Letter to Richard Ferraro, Executor reference Joyce Keeler Estate, Bankruptcy documents enclosed and stamped
3.  Registration of Joyce Keeler Estate in Renssalaer County of still open estate of Alice C Keeler
4.  Letter Douglas Eldridge Esq to Ferraro 6-27-08 recommending pursuance of stocks and bonds held in estate1910-1947
5.  5 copies of stock held by Joyce B. Keeler and Donald J Keeler in GMC
    a.  Old registration nos 9878-14784 and CUSIP 370442 10 3
    b.  Old registration nos 9878-14784 and CUSIP 370442 10 5
6.  Maine Probate Records for Estate of Joyce Keeler, showing family relationship and ultimate ownership of the GMC stock and bonds from Wilbert and Alice Keeler, see # 3.

SDNY (Rev. 10/2006) Order for Admission Pro Hac Vice on Written Motion

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Richard A. Ferraro PR Estate of    Plaintiff,     ⌐x
Joyce Keeler probate 3rd district

Chapter _11_

- against -

GM                              Defendant.

Case No. _09_ _50026 REG._

x                          _4.982369_

RECEIVED JAN 1 0 2011

### LOSS-MITIGATION REQUEST – BY A CREDITOR

I am a creditor (including a holder, servicer or trustee of a mortgage or lien secured by property used by the Debtor as a principal residence) of the Debtor in this case. I hereby request loss mitigation with respect to *[Identify the property, loan and creditor(s) for which you are requesting loss mitigation]*: _PLEASE SEE ATTACHED_

_PROBATE 3RD DISTRICT_
_FILE # 2005-470_
_(FIDUCIARY)_

### SIGNATURE

I have reviewed the Loss Mitigation Procedures, and I understand that if the Court orders loss mitigation in this case, I will be bound by the Loss Mitigation Procedures. I agree to comply with the Loss Mitigation Procedures, and I will participate in loss mitigation in good faith. If loss mitigation is ordered, I agree to provide the Court with a written or verbal status report stating whether or not the parties participated in one or more loss mitigation sessions, whether or not a settlement was reached, and whether negotiations are ongoing. I agree that **I will not require the Debtor to request or cause dismissal of this case** as part of any resolution or settlement that is offered or agreed to during the loss mitigation period.

Sign: _Jerry A. Ferraro_                 Date: _12/22_, 20 _10_

Print Name: _Richard A. Ferraro_

Title: _Executor - Estate of Donald J. Keeler_

Firm or Company: _____

Telephone Number: _207 933-6528_

E-mail address (if any): _FREEFLIGHT2011@YAHOO.COM_

SDNY (Rev. 10/2006) Order for Admission Pro Hac Vice on Written Motion

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Richard A. Ferraro PR  Estate of    Plaintiff,
Joyce Keeler probate 3rd district

Chapter _11_

- against -

GM                         Defendant.

Case No. 09 _50026, REG_ .

Z800020

## LOSS-MITIGATION REQUEST – BY A CREDITOR

I am a creditor (including a holder, servicer or trustee of a mortgage or lien secured by property used by the Debtor as a principal residence) of the Debtor in this case. I hereby request loss mitigation with respect to *[Identify the property, loan and creditor(s) for which you are requesting loss mitigation]*: PLEASE SEE ATTACHED

## SIGNATURE

I have reviewed the Loss Mitigation Procedures, and I understand that if the Court orders loss mitigation in this case, I will be bound by the Loss Mitigation Procedures. I agree to comply with the Loss Mitigation Procedures, and I will participate in loss mitigation in good faith. If loss mitigation is ordered, I agree to provide the Court with a written or verbal status report stating whether or not the parties participated in one or more loss mitigation sessions, whether or not a settlement was reached, and whether negotiations are ongoing. I agree that **I will not require the Debtor to request or cause dismissal of this case** as part of any resolution or settlement that is offered or agreed to during the loss mitigation period.

Sign: _Richard A. Ferraro_        Date: _10/28_ 20 _10_

Print Name: _RICHARD A. FERRARO_

Title: _EXECUTOR - ESTATE OF JOYCE B. KEELER_
_RICHARD FERRARO - EXECUTOR_

Firm or Company: _____

Telephone Number: _207 933-6528_

E-mail address (if any): _FREEFLIGHT2011 @ YAHOO.COM_

SDNY (Rev. 10/2000) Order for Admission Pro Hac Vice on Written Motion

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

Richard A. Ferraro PR  Estate of     Plaintiff,
Joyce Keeler probate 3rd district

────────── – against – ──────────

GM                              Defendant.

Chapter _11_

Case No. 09  50026 REG.
JOINT ADMINISTERED
4646979

## LOSS-MITIGATION REQUEST – BY A CREDITOR

I am a creditor (including a holder, servicer or trustee of a mortgage or lien secured by property used by the Debtor as a principal residence) of the Debtor in this case. I hereby request loss mitigation with respect to *[Identify the property, loan and creditor(s) for which you are requesting loss mitigation]*:  PLEASE SEE ATTACHED

## SIGNATURE

I have reviewed the Loss Mitigation Procedures, and I understand that if the Court orders loss mitigation in this case, I will be bound by the Loss Mitigation Procedures. I agree to comply with the Loss Mitigation Procedures, and I will participate in loss mitigation in good faith. If loss mitigation is ordered, I agree to provide the Court with a written or verbal status report stating whether or not the parties participated in one or more loss mitigation sessions, whether or not a settlement was reached, and whether negotiations are ongoing. I agree that **I will not require the Debtor to request or cause dismissal of this case** as part of any resolution or settlement that is offered or agreed to during the loss mitigation period.

Sign: _Richard A. Ferraro_                    Date: _12/3/20 10_

Print Name: _RICHARD FERRARO_

Title: _EXECUTOR – DONALD J. KEELER, JOYCE B. KEELER JT_

Firm or Company: ____

Telephone Number: _207 933 6520_

E-mail address (if any): _FREEFLIGHT 2011 @ YAHOO.COM_

Honorable Justice
S. District Court
500 Pearl Street
New York, New York

A.T.&.T., Pendency suit Berdon Claims L.L.C.
Jerico, N.Y. claim # 301595

― VS ―

Executor

Estate(s) Joyce B. Keeler, Donald J. Keeler respectively

Son   P.R.   Richard A. Ferraro

*G.M.*
*CHAPTER 11 CASE NO.*
*09-50026(REG)*
*(JOINTLY ADMINISTERED)*

    I am writing you today in reference to my personal representative status
Executor status in the state of New York (enclosed raised seal copy) recently
received from the Honorable Justice Hummel of New York.   Enclosed in addition
court documents I am requesting that my blind father Donald J. Keeler son of Wilbert
R. Keeler a holder from 1910 to 1947 (information contained herein) was a manager in
The firm of J.S. Bache & Co. as well as his wife (grandmother deceased 1968)
Ms. Wilbert Richards Keeler aka Mrs. Alice Charlotte Keeler secretary to the
J.S. Bache Co. of Troy, NY, Chicago, London & New York, New York respectfully.
    I request that a pre-se suit to be performed in my family's name estate of
Joyce B.Keeler as I am the Son of Donald J. & Joyce B. Keeler as & I, Grandson
of Wilbert Richards Keeler my fathers, father a Broker of Troy, New York. Two World
wars.   It has been asked of me to go forward also in time with your understanding that my father
being blind and limited interest to perform and left as a possible unrecognised "foundation to the
industry" as a investor his brother failed to disclose Holman his fathers 1951 death the older broker
to the court. I was to be the next of kin to follow up the family relationships in business.
    Donald & Joyce only made requests of agent relations to exercise/splits small amounts of
dividends to retain & attain minor reflected stakeholder relationship for non-taxable dividends
recordable interests over decades. *DONALD HAS NOT ~~EITHER~~ REC'VD. HIS 1/3 STOCK ADJ*
    Donald and Joyce rec'vd a pendency suit from Jericho, NY rec'vd and filed without adequate
response to date. Two such claim numbers exist for Joyce one sent during the term between
Donald's death and her own in showing estate of Donald J Keeler 2006' with her appointment in
NY to do so. wrote twice to the Berdon Claims LLC in reference to this matter that not enough
common stock was unrecorded and she was in a "work in progress" to attain her deceased husbands
net worth with "holding in trust" family Administration due to his blindness.
    Holman's atty. Robert Van Vrankin 227 Kingsley Road Burnt Hills NY
States as recent communications relay that I am not a beneficiary I have been appointed late in the
death of my father the ability to achieve administrative authorization only in the past 6 months
To which full compliance of communications from Robert VanVrankin have been similar
In uninformed, disoriented and pompous as the POA in his mis-administration activities.

*BOND TRUST*

Donald expressed that at best his war service in WW-ll was adequate to live with.
I have been informed that microfiche and in the account of General Electric a
(document enclosed) reflects my father as Donald J Kuler, Keller in misspelled documents.
Father spoke that Wilbert at times in a shorthand method had been known to be spoken
as Wilhelm, Wm. in his fast signature method.

Donald John Keeler  SS #          -5229
Joyce Bentley Keeler  SS #          -0294
Wilbert Richards Keeler SS #         )-3465
Alice Charlotte Keeler SS #          -8775

I am forwarding raised seal documents from the courts as well as copy's of
the death certificates for both of my deceased parents are what I can immediately
provide. I being in receipt of executor testamentary documents in December
2008' are enclosed as represented to the probate court in New York ancillary to
the State of Maine principle residence.
I request if such a pro-se action before the court with adequate paper
Work submitted would further entertain the court.

GM STOCK + BONDS
TYPE H

Since communications with the court I have also been informed that my
Identification SS # as well as my mothers registration with IRS has been misspelled
And recently corrected to the IRS (a extension till 6/15/2009 was requested) copy
Enclosed.
I have spoken with the appellate court of the State of New York and
Have been instructed after discussion of my required clarity of the Keeler
Family estate after my Uncle Holman N. Keeler's death this month in Scotia,
New York. His estate currently in the Schenectady, New York probate is
In question he being my fathers joint owner of the family home at 206
Pinewoods ave. Troy, NY. The street address in the 30's – 1950's was Box 57
Troy New York as a street address. The J.S. Bache & Co. River Street, Troy,
New York.
I hope to facilitate the court civil pre-se action to further stock, financial
As well as broker license clearification held by my Uncle Holman for my blind
Father till his brothers death.   GE Stock retained and 10/16/07 stock of Donald's
Incomplete family house and financial aspect ft his mother's will had not been
Completed, personal possessions not gathered in his family home.
I appreciate your attention to addressing this timely matter before me and
a copy of your letter is also attached. I may be reached in writing in the State of Maine
at 625 Wilson Pond Road  N. Monmouth, Maine 04265-6117 tel 207 933-6528

or 207 933-9088 and look forward to your reply.

Best regards,

Richard Ferraro
625 Wilson Pond Road
N. Monmouth, Maine 04265

2
(1073)

The Garden City Group, Inc.
Attn: Motors Liquidation Company Balloting Center
P.O. Box 9386
Dublin, Ohio 43017-4286

IMPORTANT - TIME SENSITIVE
BANKRUPTCY COURT DOCUMENTS ENCLOSED

0442655*6117  R001

ESTATE OF JOYCE B KEELER
C/O RICHARD FERRARO, EXECUTOR
625 WILSON POND RD
N MONMOUTH ME 04265

APS187842t983

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LANCASTER, PA
PERMIT NO. 1793

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re                                                           :        Chapter 11 Case No.

GENERAL MOTORS CORP., *et al.*,                 :        09-50026 (REG)

                    Debtors.                              :        (Jointly Administered)

------------------------------------------------------------x

FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362
ESTABLISHING NOTIFICATION PROCEDURES
AND APPROVING RESTRICTIONS ON CERTAIN
TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon the Motion, dated June 1, 2009 (the "Motion"),[1] of General Motors

Corporation and certain of its subsidiaries, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 362 and 105(a) of

title 11, United States Code (the "Bankruptcy Code"), for entry of a final order (the "Final

Order") to (i) establish notification procedures and approve restrictions on certain transfers of

interests in the Debtors' estates, as more fully described in the Motion, and (ii) schedule a final

hearing; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy

Judges for the Southern District of New York of Any and All Proceedings Under Title 11, dated

July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided to (i) the Office of the United States Trustee for the Southern District of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

RECEIVED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK2010 OCT 21  AM 9:22

------------------------------------------------x

In re                                          :     Chapter 11 Case No.

GENERAL MOTORS CORP., *et al.*,                :     09-50026 (REG)
                                               :
                         Debtors.              :     (Jointly Administered)
                                               :
------------------------------------------------x

## NOTICE OF FINAL
## ORDER ESTABLISHING NOTIFICATION
## PROCEDURES AND APPROVING RESTRICTIONS ON
## CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS[1]:

PLEASE TAKE NOTICE that on June 1, 2009 (the "Commencement Date"), General Motors Corporation ("GM") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Section 362(a) of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on June 25, 2009 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over this chapter 11 case, upon motion of the Debtors (the "Motion"), entered a final order (docket number: 2539) (i) finding that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes, including their foreign tax credit and other excess credit carryforwards (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; (ii) finding that trading in GM common stock (the "GM Stock") could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"); and (iii) approving the procedures set forth below to preserve the Tax Attributes pursuant to sections 105(a) and 362(a) of the Bankruptcy Code *retroactively effective as of the Commencement Date* (the "Final Order"). **ANY ACQUISITION IN VIOLATION OF THE RESTRICTIONS SET FORTH BELOW SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE.**

---

[1] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

Certificate# 2825

# SURROGATE'S COURT OF THE STATE OF NEW YORK
## RENSSELAER COUNTY

File #:  2008-111

## CERTIFICATE OF APPOINTMENT OF EXECUTOR(S)

IT IS HEREBY CERTIFIED that Letters in the estate of the Decedent named below have been granted by this court, as follows:

Name of Decedent: **Joyce Bentley Keeler**
aka    Joyce B Keeler

Date of Death: **October 15, 2007**

Domicile of Decedent: **North Monmouth, County of Kennebec, State of Maine**

Fiduciary Appointed: **Richard Ferraro**
Mailing Address: 625 Wilson Pond Road
North Monmouth ME  04265

Type of Letters Issued: **ANCILLARY LETTERS TESTAMENTARY**

Letters Issued On: **August 19, 2008**

Limitations: **NONE**

and such Letters are unrevoked and in full force as of this date

**Dated:  October 03, 2008**

IN TESTIMONY WHEREOF,  I have hereunto set my hand and affixed the seal of the Rensselaer County Surrogate's Court at Troy, New York.

WITNESS, Hon. Christian F Hummel, Judge of the Rensselaer County Surrogate's Court.

*Paul V. Morgan Jr.*

Paul V Morgan Jr, Chief Clerk
Rensselaer County Surrogate's Court

*This Certificate is Not Valid Without the Raised Seal of the Rensselaer County Surrogate's Court*



**RENSSELAER COUNTY SURROGATE'S COURT**
Rensselaer County Courthouse
80 Second Street
Troy, NY 12180
(518)270-3724  Fax: (518)272-5452

Christian F Hummel                                          Paul V Morgan Jr
Surrogate                                                      Chief Clerk

Richard Ferraro                                             August 19, 2008
625 Wilson Pond Road
North Monmouth  ME   04265

**File#:  2008-111**
**Estate Of:  Joyce Bentley Keeler**

 The court has recently appointed you to act as a fiduciary for the estate of the decedent named above. This letter is not your "Letter of Appointment". It is sent to help you during this difficult time and to advise you of some of your obligations, some of which may have to be met within a limited period of time as prescribed by law.

 You are to collect all of the assets of the estate and keep an accurate record of them, including any income received. It will also be necessary to keep an accurate record of all expenditures. You need to determine whether any estate taxes will be due, and if so, pay them on time. You may wish to seek professional advice with regard to these duties.

 An inventory of assets must be filed with the court within six months of the date of your appointment, or nine months from the date of death where an estate tax return will be filed.

 The decedent's creditors have at least seven months to file claims for debts of the decedent. No distribution of assets should be made to beneficiaries until you have paid or set aside sufficient funds to pay administration expenses, taxes, and claims.

 It may be necessary to file a personal income tax return for the decedent for the year in which he or she died. It also may be necessary or advisable for you to file fiduciary income tax returns for the estate and you may need to seek professional help in the preparation of income tax returns.

 If limitations have been placed on your Letters, you must abide by those limitations or risk possible sanctions by the court.

 The purpose of this letter is to acquaint you with some of your responsibilities as a fiduciary. Please consult with your attorney to ensure that you fulfill your obligations.

Very truly yours,

*Paul V. Morgan Jr.*

Paul V Morgan Jr
Chief Clerk

(1 of 2)

# DOUGLAS A. ELDRIDGE

## ATTORNEY AT LAW

9 Pinedale Avenue

Delmar, New York 12054

518-475-0393

eldesq@nycap.rr.com

June 27, 2008

Richard Ferraro
197 Route 135
Monmouth, ME 04259

Re: Keeler estate matters

Dear Richard:

As we have discussed previously, it appears that the next step concerning the estate of your father, Donald Keeler, in New York State is to seek to have you appointed Executor for that estate in replacement of your deceased mother. The papers you have sent me indicate that Kevin Caslin, Esquire is working on that.

As you know, I cannot proceed on your behalf in Rensselaer County Surrogate's Court while Mr. Caslin is representing you there. Therefore you will have to either: 1) wait for Mr. Caslin to complete this task, or 2) send Mr. Caslin a letter discharging him from further activities on your behalf.

I continue to believe that the first alternative is the wiser, since Mr. Caslin seems to be near completion of this task. Further, the retainer you provided me last November has been exhausted. If I am to proceed on this task, you will need to replenish that retainer in the amount of $1000.00.

Additionally, I should remind you that the terms of our engagement do not include pursuit of stock that may have been held by Alice and Wilbert Keeler from 1910-1947. That is another set of issues entirely.

Please advise me on how you are planning to proceed.

Sincerely,

Douglas A Eldridge

Douglas A. Eldridge

(202)

Form 32 4-3-67-1M  Brown

# Surrogate's Court—Rensselaer County.

In the matter of the petition of THELMA M.
BOETTGER and HOLMAN N. KEELER

for  Probate of the Last Will and
Testament

of
ALICE C. KEELER
Deceased.

Notice is hereby given that the last will and testament of ALICE C. KEELER
late of the City of Troy , in the County of Rensselaer, has been admitted to
probate (or offered for probate) in the Surrogate's Court of the County of Rensselaer, at the City of
Troy, New York. That the names of the persons interested in any manner under said will who have
not appeared, waived citation or been cited in such proceedings are:

| Name | Post Office Address. |
| --- | --- |
| Angeline K. Keeler | 8 Wheeler Drive, Ballston Lake, N.Y. 12019 |
| Joyce B. Keeler | 5 South Court, Scotia, N.Y. 12302 |
| Fred G. Boettger | 206 Pinewoods Ave., Troy, N.Y. 12180 |
| Holly M. Keeler | 5 South Court, Scotia, N.Y. 12302 |
| Enid H. Keeler | 5 South Court, Scotia, N.Y. 12302 |
| Zane W. Keeler | 5 South Court, Scotia, N.Y. 12302 |
| Jay D. Keeler | 5 South Court, Scotia, N.Y. 12302 |

Date January 7, , 196 9

THELMA M. BOETTGER
HOLMAN N. KEELER
Executor and Proponent.
206 Pinewoods Ave., Troy, N.Y. 12180
8 Wheeler Drive, Ballston Lake, N.Y. 12091
Post Office Address.



PAR VALUE $1 2/3

NX549711

GENERAL MOTORS CORPORATION

INCORPORATED UNDER THE LAWS

OF THE STATE OF DELAWARE

CUSIP 370442 10 5

This is to Certify that

JOYCE B KEELER & DONALD J
KEELER JT TEN
WILSON POND RD
NORTH MONMOUTH MAINE 04265

9878-14784

*TEN*

FULLY PAID AND NON-ASSESSABLE SHARES OF THE COMMON STOCK

of General Motors Corporation transferable in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate and the shares it represents are issued and shall be held subject to all the terms, conditions and limitations of the Certificate of Incorporation and all amendments thereto and Supplements thereof. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness the signatures of its duly authorized officers

MAR 31 1989

Paul H. Felist
SECRETARY

Roger B. Smith
CHAIRMAN OF THE BOARD

THIS CERTIFICATE IS TRANSFERABLE IN NEW YORK, TORONTO OR MONTREAL

PAR VALUE $1 2/3

-10-

SEE REVERSE
FOR CERTAIN
DEFINITIONS

COUNTERSIGNED AND REGISTERED:
MORGAN SHAREHOLDER SERVICES TRUST COMPANY
TRANSFER AGENT
AND REGISTRAR

BY
Jane V. Vine
AUTHORIZED OFFICER

**The Garden City Group, Inc.**
Attn: Motors Liquidation Company Balloting Center
P.O. Box 9386
Dublin, Ohio 43017-4286

**IMPORTANT - TIME SENSITIVE**
**BANKRUPTCY COURT DOCUMENTS ENCLOSED**

JOYCE B KEELER & DONALD J KEELER JT TEN
625 WILSON POND RD
NORTH MONMOUTH ME 04265-6117

042656 86117 RC01

APS206971 2648

FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
LANCASTER, PA
PERMIT NO. 1793

#5(2092)



PR Certificate
(Rev. 2/27/04)

# STATE OF MAINE

Docket <u>2007-0661</u>

<u>KENNEBEC</u>, ss.                    REGISTRY OF PROBATE

I, Kathleen Grant Ayers, Register of the Probate Court for said County of Kennebec, hereby certify, that on the 27th day of November, 2007

Richard A. Ferraro    of North Monmouth was duly appointed Personal Representative of the estate of Joyce Bentley Keeler late of North Monmouth, without bond, according to law.

I also certify that it appears by the records and files of said Court that said appointment is still in full force and effect.



In Witness Whereof I have hereunto set my hand and affixed the Official Seal of said Court, this 21st day of September, 2010.

_____ Register

6.
(15 pages)

# STATE OF MAINE

Kennebec, SS.                                    REGISTRY OF PROBATE

    I, James E. Mitchell, Judge of the Court of Probate within and for said County of Kennebec, hereby certify that Kathleen G. Ayers, whose signature is affixed to the annexed Certificate and Attestation, is the Register and Proper Certifying Officer of said Court; that she has by law the custody of the Official Seal, and all the Records, Books, Documents, and Papers of, or appertaining to said Court, and that said Certificates and Attestation are in due form, and entitled to full faith and credit.



In Witness Whereof, I have hereunto set my hand and caused the Seal of said Court to be affixed this ___fourteenth___ day of ___January___ in the year of our Lord two thousand __ten__.

_____ Judge of Probate.

Kennebec, ss

    I Kathleen G. Ayers, Register of the Probate Court for said County, hereby certify that James E. Mitchell, Esquire, whose name is subscribed to the annexed certificate, is the Judge of said Court, for said County and State, duly commissioned and qualified agreeably to the law of said State, that his signature is genuine, that full faith and credit ought to be given to his official acts and attestations, and that the foregoing attestation is in due form of law.



In Witness Whereof, I have hereunto set my hand and affixed the Official Seal of said Court, this ___fourteenth___ day of ___January___ in the year of our Lord two thousand __ten__.

_____ Register.

# STATE OF MAINE

Kennebec, ss.                                             REGISTRY OF PROBATE

I, Kathleen G. Ayers. Register of the Probate Court for said County, having by law, the custody of the seal and all the records, books, documents, and papers of, or appertaining to said Court, hereby certify the paper hereto annexed to be a true copy of a paper appertaining to said Court, on file and of record in the Probate Office of said County, in the matter relating to the estate of Joyce Bentley Keeler late of No. Monmouth, deceased;

Viz:  Last Will and Testament

Application for Informal Probate of Will and Appointment of Personal Representative

Acceptance of Personal Representative

Findings and Acts of the Register



In Witness Whereof I have hereunto set my hand and affixed the Official Seal of said Court, this 14th day of January in the year of our Lord two thousand ten.

Kathleen G. Ayers, Register

PR Certificate
(Rev. 2 27 04)

# STATE OF MAINE

Docket 2007-0661

**KENNEBEC**, ss.                    REGISTRY OF PROBATE

I, Kathleen Grant Ayers, Register of the Probate Court for said County of Kennebec, hereby certify, that on the 27th day of November, 2007.

Richard A. Ferraro   of North Monmouth was duly appointed Personal Representative of the estate of Joyce Bentley Keeler late of North Monmouth, without bond, according to law.

I also certify, that it appears by the records and files of said Court that said appointment is still in full force and effect.

In Witness Whereof I have hereunto set my hand

and affixed the Official Seal of said Court, this

14th day of January, 2010.

_____ Register

## LAST WILL AND TESTAMENT
### OF
### JOYCE B. KEELER

**BE IT REMEMBERED THAT**, I, Joyce B. Keeler, of Monmouth, County of Kennebec, State of Maine, being of sound and disposing mind and memory do hereby make, publish and declare this to be my **LAST WILL AND TESTAMENT**, and I hereby revoke all former Wills and Codicils I have previously executed. I hereby intend to exercise all powers of appointment or otherwise that I might have either at law or in equity.

**FIRST:**    I direct that my funeral arrangements be determined by my son, Richard Ferraro f/k/a Zane Keeler, of North Monmouth, County of Kennebec, State of Maine.

**SECOND:**    I direct that all my debts, including without limitation, expenses of my last illness and all other medical expenses, funeral charges and expenses of administration be paid by my Personal Representative, hereinafter named, as soon after my death as may be practicable and then I dispose of my remaining estate as follows:

**THIRD:**    I direct all my estate, inheritance, succession, transfer, legacy, income and other similar taxes which shall become payable, levied, assessed or imposed with respect to any property passing under this Will or otherwise by reason of my death (including any interest or penalties thereon), shall be paid out of my estate as an administrative expense, without apportionment to or collection from any legatee or devisee under this Will or any person owning or receiving any property not passing under this Will.

**FOURTH:**    I give devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of every kind and nature and wheresoever situated, of which I may die, seized and possessed, or to which I may be entitled at the time of my death to my son, Richard Ferraro. In the event my son does not survive me, I give devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, of every kind and nature and wheresoever situated, of which I may die, seized and possessed, or to which I may be entitled at the time of my death in four equal parts to the Estate of the said Richard Ferraro, and to my issue or their respective estates, Holly Thompson of Scotia, New York, Enid Keeler Drew of Poestenkill, New York and Jay Keeler of Okalawa, Florida.

**(A)**    If any beneficiary who has an interest shall be under the age of twenty-five (25) years when, under this provision, any portion of the principal of the beneficiaries' share shall become payable, then to the Trustee below named who shall maintain the shares in trust for the benefit of each said beneficiary.

**(B)**    The Trustee may pay to or apply from each beneficiary's separate Trust so much of the principal and income, as the Trustee in his/her sole discretion may from time to time may deem

*JBK*
Initials

~~cessary or advisable for support, maintenance, education (including high school, post-graduate education) and medical attention.~~

**FIFTH:** ~~I hereby nominate, appoint~~ and constitute my son, Richard Ferraro, as ~~Personal Representative of this my LAST WILL~~ AND TESTAMENT. In the event my said ~~Personal Representative should die, resign,~~ fails to qualify or ceases to act as Personal Representative, I appoint my sister, Clara Elizabeth Bentley Cameron-Filuta, of Groveland, State of Florida, in his stead. The Personal Representative(s) shall not be required to file a bond or other security. I specifically reserve the sum of one thousand dollars from my estate to be paid to the said Clara Elizabeth Bentley Cameron-Filuta if and to the extent that she so serves.

**SIXTH:**    I hereby nominate, appoint and constitute my son, Richard Ferraro, as Trustee of any Trust established under this my LAST WILL AND TESTAMENT. I further direct that my said Trustee shall not be required to file a bond or other security for the faithful performance of his/her duties. In the event my said Trustee should die, resign, fails to qualify or ceases to act as Trustee, I appoint my sister, Clara Elizabeth Bentley Cameron-Filuta, of Groveland, State of Florida, in his stead. I specifically reserve the sum of one thousand dollars from my estate to be paid to the said Clara Elizabeth Bentley Cameron-Filuta if and to the extent that she so serves.

**SEVENTH:**    I authorize and empower my Personal Representative(s) to hold and retain as investments of my estate all investments, securities and other property, real and personal, which shall at the time of my death be included in my estate; to sell or dispose of, for the purpose of paying my debts or making distribution or for any other purpose whatsoever, any or all such property, either at public or private sale, with or without notice, for such prices and on such terms as my Personal Representative(s) shall deem proper, and to reinvest the proceeds thereof as my Personal Representative(s) shall see fit; to make, execute and deliver all assignments, transfers, and other legal instruments either necessary or convenient for passing title ownership thereof, freed and discharged of all encumbrances.

**EIGHTH:**    I may leave a written statement or list disposing of certain items of my tangible personal property not otherwise specifically disposed of herein. Any such statement or list in existence at the time of my death shall be determinative with respect to all devises or legacies or bequests made therein. If no written statements or list is found and properly identified by my Personal Representative within thirty (30) days after my Personal Representative's appointment, it shall be presumed that there is no such statement or list and any subsequently discovered statement or list shall be ignored.

**NINTH:**    My Personal Representative(s) and Trustee shall have, in addition to those powers conferred by law or otherwise, the following discretionary powers, whether or not personally interested in the exercise of such powers:

_/s/ RBF_
Initials

**(A)** [illegible]

**(B)** On any division or distribution of any estate property, to make the same in cash or in kind or partly in each, and to exercise the powers provided for in this Article after the termination of my estate until the same is fully distributed.

**(C)** To make any payment or distribution directly to any beneficiary whether or not competent, or to apply the same for her benefit and in the case of a minor, to deposit the same in a savings bank in her name or to invest the same in the name of the Trustee for the benefit of the child.

**(D)** To determine, in accordance with reasonable accounting practice, what shall belong and be chargeable to principal and what shall belong and be chargeable to income, and in making that determination, that may employ an accountant or attorney-at-law and rely upon his opinion; provided, however, that all capital gains distributions from investment companies shall be treated as principal. To amortize or to refrain from amortizing premiums on securities purchased at more than par.

**(E)** To retain such reserves out of income as my Personal Representative(s) and Trustee deem(s) proper for expenses, taxes, depreciation and other liabilities of the estate they are administering.

**(F)** To settle by compromise, arbitration or otherwise any and all claims and demands in favor of or against or in any way relating to the estate they are administering upon such terms as my Personal Representative(s) and Trustee deem(s) advisable, including inheritance taxes on present or future interest, and any controversy as to the interpretation of this Will or the administration of my estate.

**(G)** To pay any expenses involved in the delivery of any article of tangible personal property and to charge the same as an expense of administration.

**(H)** To maintain insurance on the property in my estate, whether or not specifically devised or bequeathed, against such perils and liabilities and for such periods and amounts as my Personal Representative(s) and/or Trustee may deem advisable; to transfer to the beneficiary to whom the property is devised or bequeathed such insurance on said property, whether purchased by me or by my Personal Representative(s) and Trustee and with or without receiving compensation therefor.

**(I)** I authorize and empower my Personal Representative(s) and Trustee to retain and operate any business, incorporated or otherwise, which I may own at the time of my death, even if such retention and operation involves business risks which the Personal Representative and Trustee

Initials

~~controlling~~ or minority interest. My ~~Personal Representative(s) and Trustee or any employee or agent~~ of my Personal Representative(s) ~~and Trustee may delegate the question of management~~ of any such business to others.

~~(J)~~    ~~My Personal Representative(s)~~ and Trustee are authorized and empowered to ~~employ, compensate and discharge agents,~~ attorneys, consultants, accountants and such other ~~representatives~~ as my Personal Representative(s) and/or Trustee may deem appropriate for the ~~proper management~~ of the estate they are administering.

(K)    No Personal Representative and Trustee administering an estate under this Will shall be liable for any error of judgment or law unless and only to the extent said error was the result of a willful default or an act of bad faith.

(L)    My Personal Representative(s) and Trustee are authorized and empowered to open and maintain accounts of any kind at banking institutions of their choice.

**TENTH:**    I have intentionally omitted all my heirs who are not specifically mentioned herein, and I hereby generally and specifically disinherit each, any and all persons whomsoever claim to be or be lawfully determined to be my heirs-at-law, except as otherwise mentioned in the Will.

**ELEVENTH:**    The Trustee and Personal Representative shall be entitled to receive a fair and just compensation for their services hereunder and shall also be reimbursed for all reasonable expenses incurred in the management and protection of the Trust Estate.

**TWELVETH:**    Protection against perpetuities: No Trust or Trust share herein created, or attempted to be created, shall fail, in whole or in part, by reasons of the rule against perpetuities. To that end, each and every power granted herein is severable from the other; each and every Trust or Trust share is severable from the other; and all powers granted to each Trust or Trust share are severable powers granted as to any other Trust. No valid Trust shall fail by reason of its relationship to an invalid contingency; and into each invalid provision, if any, there shall be read and construed the provision that in any event title to such Trust portion shall vest within twenty-one (21) years after the death of the last to die of the children living at my death and every other beneficiary named herein then living.

IN TESTIMONY WHEREOF I, Joyce B. Keeler, the Testatrix, on this 27th day of March, 2006, have signed my initials on each of the five (5) pages hereof and have hereto set my hand and seal and, being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my Last Will and Testament and that I sign it willingly as my free voluntarily act and that I am eighteen (18) years of age or older, of sound mind, and under no constraint or undue influence, and that I have read, understand and agree with the contents of this my LAST WILL AND TESTAMENT.

_____
Initials

DATED: *March 27th, 2006*                    *Joyce B. Keeler*
                                             Joyce B. Keeler
                                             Testatrix

STATE OF MAINE
ANDROSCOGGIN, ss.

     We, the undersigned witnesses, being first duly sworn, do hereby declare to the undersigned authority that the Testator has signed and executed this instrument as her Last Will and Testament and that she signed it willingly, and that each of us, in the presence and hearing of the Testator, signed this Will as witnesses to the Testator's signing and that to the best of our knowledge the Testatrix is eighteen (18) years of age or older, of sound mind and under no constraint or undue influence.

                                     *Geneva C. Varney*
                                       Geneva C. Varney, Witness

                                     *Heidi E. Libby*
                                       Heidi E. Libby, Witness

STATE OF MAINE
ANDROSCOGGIN, ss.

     Subscribed, sworn to and acknowledged before me by Joyce B. Keeler, the Testatrix and subscribed and sworn to me before me by Geneva C. Varney and Heidi E. Libby on this 27th day of March, 2006.

                                     *Kathleen P. Currie*
                                     Kathleen P. Currie, Notary Public
                                     My Commission Expires: 9/27/2012

                    Kathleen P. Currie, Notary Public
                          State of Maine
                    My Commission Expires 9/27/2012

*JBK*
Initials

# STATE OF MAINE

Kennebec _____ COUNTY PROBATE COURT

DOCKET NO. 2007-1do1

Estate of Joyce Bentley Keeler
_____
Deceased

APPLICATION FOR INFORMAL
PROBATE OF WILL OR
APPOINTMENT OF PERSONAL
REPRESENTATIVE UNDER
A WILL OR BOTH.

Attorney for Applicant, if any

CHECK ONE OR BOTH
INFORMAL PROBATE (✓)
INFORMAL APPOINTMENT (✓)

_____
Name

_____
Address

_____
Zip Code

Telephone No. _____

### (All applicants must complete items 1-16.)

1.  Name and telephone number of applicant:

    Richard A. Ferraro
    207 933 6528

2.  Address of applicant:

    625 Wilson Pond Rd.
    No. Monmouth, Me. 04265

3.  Legal interest of applicant in estate [1] (*e.g.*, personal representative named in will, surviving spouse, domestic partner, devisee, etc.):

    Personal representative named in will.

4.  Full legal name of decedent:

    Joyce Bentley Keeler

5.  Date of decedent's death:

    October 15, 2007.

6.  Date of decedent's birth:[2]

    April 18, 1926

7.  Domicile of decedent at date of death:

    No. Monmouth, Me.

RECEIVED

NOV 27 2007

KENNEBEC COUNTY
PROBATE COURT

8.  Names and address of spouse, registered domestic partner, children and other heirs:[3]

| Name | Address | Date of[4] Birth if Under 18 | Relationship to decedent: spouse, registered domestic partner, child, other (for other, explain heirship) |
|------|---------|------------------------------|-----------------------------------------------------------------------------------------------------------|
| Richard Ferraro | 625 Wilson Pond Rd. No. Monmouth, Me. | | child |
| Holly Thompson | Swaggertown Rd Scotia, NY 12302 | | child |
| Enid Keeler Drew | Plank Road Ave Averill Park NY 12018 | | child |
| Jay Keeler | ~~Okatane, Fla.~~ ~~last known address~~ c/o Holly Thompson Swaggertown Rd, PO Box 1844 Scotia, NY 12302 | | child R.A.F. |

9.  Names and addresses of devisees:[5]

Richard A. Ferraro
625 Wilson Pond Road
N. Monmouth, Maine 04265

10(a).  Does the probate estate contain real estate in Maine? YES ✓ NO ____. If yes, list each county and municipality in which such real estate is located. NOTE: Do not list jointly held property which passes by survivorship.

No. Monmouth + Winthrop    Kennebec County

10(b).  Does the residuary estate contain real estate? YES ____ NO ✓.

11.  Was decedent domiciled outside of Maine at date of death? YES ____ NO ✓. If yes, identify here decedent's property which was, at the time of decedent's death, or has since then been located in this county, and state whether probate proceedings have been commenced elsewhere with respect to this estate.[6]

12. Has a personal representative of the decedent been appointed by any court prior to this date whose appointment has not been terminated? YES ____ NO ✔. If yes, state that person's name and address.

13. Did decedent die more than three years before the date of this petition? YES ____ NO ✔. If yes, state here the circumstances which authorize commencing this proceeding.[7]

14. Has the applicant received a demand for notice or is the applicant aware of any demand for notice of any probate or appointment proceeding concerning the decedent that may have been filed in this state or elsewhere?[8]    YES ____ NO ✔. If yes, list name and address of person demanding notice.

15. I request the Court to give notice of this filing to the heirs and devisees listed in items 8 and 9 and if the decedent was 55 years of age or older, to the Department of Health and Human Services and to the following other persons:[9]
    *None*

16. Check if desired:

    ✔ _____ Pursuant to Rule 80B(a), I request the register to publish notice to creditors.[10]

    (Applicants for probate of will must complete item 17.)

17. The decedent's will dated *March 27, 2006* and codicils dated _*none*_____ are filed herewith or [11]

    To the best of my knowledge, I believe the will was validly executed, and, after the exercise of reasonable diligence, I am unaware of any instrument revoking the will, and I believe the instrument which is the subject of this petition is the decedent's last will.

    (Applicants for appointment must complete items 18-20.)

18. Name and address of the personal representative whose appointment is sought. (Designate mailing and legal addresses if they are different.):
    *Richard Ferraro    625 Wilson Pond Rd*
    *No. Monmouth, Me 04265*

19. Is the person described in item 18 a person named as personal representative in the will? YES ✔ NO _____. If no, state the basis of his priority.[12]

20. Check one:

    ✔ _____ No bond is required.[13]

    _____ A personal representative's bond is required and is attached.[13]

    _____ An estate tax bond is required and is attached.[14]

**RECEIVED**

NOV 27 2007

KENNEBEC COUNTY
PROBATE COURT

21.    REQUEST FOR ACTION BY REGISTER
       check (a) or (b) or both:

       ✓ (a)  I ask the register to allow probate of this will.

       ✓ (b)  I ask the register to appoint the personal representative listed in item 18.

22.    Verification
       Under penalty of perjury, I, the undersigned applicant, state as follows:
       (a)  All of the foregoing facts and statements are complete and accurate as far as I know or am
            informed.
       (b)  I understand that by executing this verification I submit personally to the jurisdiction of this
            court in any proceeding for relief from fraud relating to this application or for perjury that may
            be instituted against me.[15]

Dated 11/21/07                                          _____
                                                                Applicant

STATE OF ~~MAINE~~ New York

                                                        Dated  11/21/07

_____ COUNTY PROBATE COURT

       Before me, on this date personally appeared  Richard Ferraro
known to me to be the applicant in the foregoing application, who stated the foregoing facts under
penalty of perjury and acknowledged the genuineness of the signature affixed to the application and that
it was affixed as the free act and deed of the applicant.

                                             _____
                                             Notary Public/Register of Probate/Attorney at Law
                                             Douglas A. Eldridge
                                             Typed or printed name of officer taking oath

Fees due upon filing:                               DOUGLAS A. ELDRIDGE
                         250.                   Notary Public, State of New York Expires
Filing Fee $ 375.00                                 Qualified in Albany County
Abstracts $ 35.00                                       No. 34-6166918
                                             Commission Expires May 31, 19__ 2010
                    Mailing Notices $ 4.00
                    Other $ 10.00            Notice to Creditors $  50.00
                                             $474.00  349.-

[1] All statutory references are to Title 18-A MRSA.  See § 1-201 (20).
[2] If exact birth date is unknown, give age in years of decedent at date of death.
[3] See § 1-201 (17).  Relationship of all heirs to decedent should be stated and explained:  e.g., "spouse," or "nephew, son of (name) predeceased
   brother".
[4] Age is required by law if person listed is a minor.  If person listed is an adult (i.e. has attained 18 years of age) the letter "A" may be inserted in
   place of the person's age.  See § 3-301 (a) (1) (ii).
[5] "Devisees" include persons receiving real or personal property.  See § 1-201 (7), (8).
[6] See § 3-201.
[7] See § 3-108.
[8] See § 3-301 (a) (1) (v).
[9] The request in this item, accompanied by proper information and fees, fulfills the moving party's duty to give notice pursuant to §§ 3-306 and
   3-310.  Applicant should list all persons to whom notice must be sent, including persons who have filed a demand for notice pursuant to § 3-204.
   Include address for any person whose address does not appear elsewhere in this form.
[10] If this is not checked, the personal representative must publish his own notice.
[11] See § 3-301 (a) (2) (l) for alternate allegations.
[12] See § 3-203.
[13] See § 3-603.
[14] See 36 MRSA § 4070
[15] See §§ 1-310 and 3-301 (b).

                                                        kenprob

# STATE OF MAINE

_Kennebec_ _____ COUNTY PROBATE COURT  _Augusta, Maine_ _____
Location of Court

Estate of _Joyce Bentley Keeler_ _____    DOCKET _2007-661_ _____
Deceased

NOTICE TO PERSONAL
REPRESENTATIVE RE:
APPOINTMENT - ALSO
ACCEPTANCE OF
APPOINTMENT

A petition or application has been filed in this court requesting that you be appointed personal representative of this estate.

The Judge has made the findings required by law (18-A MRSA § 3-414) or the Register has made the findings required by law (18-A MRSA § 3-308) and you have been chosen to be appointed personal representative of this estate.

## THIS IS NOT AN APPOINTMENT
## NOR LETTERS OF ANY AUTHORITY[1]

Before letters making this appointment effective may issue to you, you must sign and return this notice. If you sign and return this notice, you will be accepting an official position of trust and PERSONAL LIABILITY for any violation of that trust and submitting to the personal jurisdiction of this court. Original letters of authority will be sent to you upon receipt of this acceptance. If you have any questions about whether you should accept this appointment, you should talk to your lawyer or read the law yourself. You may inquire at the Probate Court, but the staff there cannot give you legal advice.

Check (a) or (b)

_____ (a)  YOU ARE NOT REQUIRED TO FILE ANY BOND.

_____ (b)  YOU MUST FILE THE FOLLOWING BOND
    _____ (1) Personal Representative's Bond:[2] (Note: If item
        (b) (1) is checked, also check (i) or (ii)):
        _____ (i) A corporate surety bond is required
        _____ (ii) Personal sureties are acceptable
    Amount of the Personal Representative's Bond[3] $_____
    _____ (2) An estate tax bond:[4] Amount $_____

You may not exercise any authority as personal representative until you respond to this notice.

Date _____

_____
Register of Probate

**RECEIVED**

**NOV 27 2007**

KENNEBEC COUNTY
PROBATE COURT

Court address _____

_____

I have read this notice. I accept appointment and thereby submit to the personal jurisdiction of this court.

Date _11/26/07_ _____    _____
Signature Personal Representative

NOTE: This acceptance may be signed in advance and filed with the petition or application for appointment.

KPNPROR

STATE OF MAINE

KENNEBEC    COUNTY PROBATE COURT

Augusta
_____
Location of Court

DOCKET NO.    2007-0661
_____

Estate of    Joyce Bentley Keeler
_____
Deceased

INFORMAL PROBATE OR
INFORMAL APPOINTMENT OF A
PERSONAL REPRESENTATIVE
UNDER A WILL, OR BOTH:
FINDINGS AND ACTS OF
THE REGISTER

Acting under the requirements of 18-A MRSA §§ 3-303 and 3-308 and pursuant to an application by
Richard A. Ferraro
after notice in accordance with 18-A §§ 3-306 and 3-310 and noting no opposition to the requests set forth in the application, I find based exclusively on the information in the application, that:

1. The application is complete;

2. The applicant has affirmed that the statements contained in the application are true to the best of his knowledge and belief;

3. The applicant appears to be an interested person as defined in 18-A MRSA § 1-201 (20);

4. Venue is proper;

5. An original, duly executed and apparently unrevoked will is in my possession;

6. The application does not relate to one or more of a known series of testamentary instruments, other than a will and its codicil, the latest of which does not expressly revoke the earlier;

7. The application is timely;

8. No personal representative has been appointed in another county of this state and neither this nor any other will of the decedent has been the subject of a previous probate order not filed with this court.

9. Execution appears to have been proper or has been properly proved;

10. The will should be and hereby is informally admitted to probate.

Date    11/27/2007
_____

_Kathleen G. Ayers_
_____
Register of Probate

APPOINTMENT IS SOUGHT AND I MAKE THE FOLLOWING FINDINGS:

11. The will under which this appointment is sought was probated in court on    11/27/2007
, or (If the will is admitted to probate simultaneously with this appointment, enter the same date here and by the register's signature above. If the will was probated elsewhere, explain the special circumstances at this point.)

12. The applicant requests that _Richard A. Ferraro_ _____ be appointed
personal representative:

13. The person named in item 12 above has priority entitling him to appointment.

14. No personal representative has been appointed in this or another county of this state under the currently
authorize assumption concerning testacy except (if none, enter "None")
_none_
(c) on _____ , who filed a written statement of resignation as provided in 18-A MRSA § 3-610
_____

15. The decedent was domiciled in this state or, if domiciled elsewhere, the decedent had no domiciliary
personal representative whose appointment has not been terminated except (if none, enter "None")
_none_
_____ who, or whose nominee, is this applicant.

Wherefore, I make the appointment requested subject to the personal representative's acceptance and
filing of any required bond.

Date _11/27/2007_

*Kathleen G. Ayers*

Register of Probate

NOTE: For probate of will and simultaneous appointment, register should sign after item 10 and after item 15