Daniel G. Bruce, Esq.
Baxter Bruce & Sullivan P.C.
P. O. Box 32819
Juneau, Alaska  99803
(907) 789-3166 - phone
(907) 789-1913 - fax
Of Attorneys for Trustee Larry D. Compton

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: ) | |
| ) | |
| MOTORS LIQUIDATION COMPANY, ) | |
| et al., f/k/a General Motors Corp., et al. ) | |
| ) | |
| Debtor. ) Chapter 11 | |
| ) Case No. 09-50026 (REG) | |

OPPOSITION TO MOTION TO DISALLOW PROOF OF CLAIM FILED BY LARRY D. COMPTON, TRUSTEE FOR THE ESTATE OF CAPITAL CHEVROLET

Introduction

Larry D. Compton, Trustee in the Bankruptcy Estate of Capital Chevrolet, Inc. appears before this court by and through counsel for the purpose of opposing the Omnibus Motion to strike proof of claim #69532 in the amount of $92,188.93 filed on December 3, 2009. Mr. Compton acknowledges that the proof of claim was filed three days after the bar date of November 30, 2009, but respectfully requests that the court excuse the untimely filing on the basis of excusable neglect as set forth in Bankruptcy Rule 9006 (b) and *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380 (1993).

Factual Background

The Capital Chevrolet bankruptcy Case J07-00075 was filed in February 2007 in Juneau, Alaska. Larry Compton was appointed as the Chapter 7 Trustee. Mr.

Compton never received the Order setting the deadline for filing proofs of claims in the Motors Liquidation bankruptcy proceeding.[1] The Omnibus Motion Exhibit A does not establish that Mr. Compton was served with the Notice of the Bar date for filing claims. Mr. Compton does not know who if anyone was served with the Order setting the Bar date; however, he does know that he had filed a notice with United States Post Office to forward all mail addressed to Capital Chevrolet to his office.[2] In addition, Mr. Compton knows that employees of GM were aware of the Capital Chevrolet Bankruptcy Estate's claim.

The Estate's claim arose out of the sale/return of inventory parts of Capital Chevrolet to GM. The Bankruptcy Court for the District of Alaska entered an order approving the Sale/Return on August 2, 2007. Upon approval of the sale/return Mr. Compton shipped the inventory parts to Reno, Nevada. Mr. Compton then awaited payment from GM and became mired in a bureaucratic battle of forms with GM.[3] He was advised in November 2007 that payment had been approved; however, GM Dealer Liaison Jim Oliver insisted that certain forms be filled out and sent to him. Mr. Compton filled out all forms provided to him and returned them to Mr. Oliver, yet payment was not forthcoming and Mr. Compton continued to be told that the proper paperwork had not been submitted.

Mr. Compton did not use counsel during this period; however, by September 2009 he verbally instructed the bankruptcy paralegal working at Baxter Bruce & Sullivan to file a proof of claim on his behalf. Unfortunately, the paralegal thought she had been instructed to file a proof of claim in the Chrysler bankruptcy. Mr. Compton did not discover that the proof of claim had been filed in the wrong case until December 2, 2009. Upon discovery of the improper filing, Mr. Compton's counsel filed the proof of claim in the Motors Liquidation proceeding the following day, December 3, 2009.

---

[1] See, Affidavit of Larry D. Compton, para. 6.
[2] Id.
[3] See, Affidavit of Larry D. Compton, para. 4-8.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

Legal Argument

Bankruptcy Rule 9006 (b) allows for enlargement of time "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Prior to 1993 the various circuit courts had differing interpretations of what actions constituted excusable neglect allowing for the filing of an untimely proof of claim. The United States Supreme Court addressed the issue in ***Pioneer Investment Services v. Brunswick Associates***.[4] The court held that the analysis of what constituted excusable neglect required the reviewing court to consider the following factors:

1. The danger of prejudice to the debtor;
2. the length of delay and its potential impact on judicial proceedings;
3. the reason for the delay;
4. whether the movant acted in good faith; and
5. whether the neglect on the part of the creditor and counsel was excusable.[5]

In applying these factors to the instant facts, Mr. Compton respectfully submits that the December 3, 2009 proof of claim should be allowed and not time barred. Clearly, Mr. Compton was never provided notice of the bar date. Mr. Compton also submits that there is little danger of prejudice to the debtor given the small size of the Capital Chevrolet claim in comparison to the scheduled amount of claims against the Debtor's estate. The Amended Bankruptcy Schedules of the Debtor lists the total liabilities of the Estate at $27,370,152,482. The proof of claim submitted by Mr. Compton was for $92,188.93. Furthermore, the car parts returned to GM were subject to a security interest assigned to Mr. Compton.[6] Again, given the small size of the claim it is unlikely that any other party in interest would have objected to the Capital

---

[4] 507 U.S. 380 (1993).
[5] 507 U.S. at 385, 387.
[6] See, Affidavit of Larry Compton, para. 3.

Chevrolet claim. The payment of such a small claim is not going to result in a change which would jeopardize the success of the Chapter 11 plan. This is not a situation where the acceptance of a "substantial late filed claim" after the consummation of a vigorously negotiated claims settlement and Plan of Reorganization would disrupt the basic economic model on which all parties reached an agreement underlying the Plan.[7] The late filing of this claim should have no impact on the adequacy of the disclosure statement and the feasibility of the plan of reorganization.

It also does not appear that allowing the filing of a late claim wherein the creditor never received written notice of the bar date would establish a precedent opening the flood gates for other late filed claims. And to the extent that other late claims were filed late because the creditor did not receive written notice, those claims should be reviewed by the court, as reasonable notice and an adequate opportunity to participate are fundamental principles of due process underlying American jurisprudence in general and the United States Bankruptcy Code. Expediency should not stand alone as a basis for denying creditors the right to participate in the Motors Liquidation proceeding, especially when the creditor's claim was well known pre-petition by employees of the Debtor, yet inexplicably written notice was never provided to the creditor of the bankruptcy filing.

Furthermore, the length of the delay was minimal in that the proof of claim was filed only three days after the bar date of November 30, 2009, and would have had little to no impact on any judicial proceedings. The reason for the delay arises out of the failure of the debtor to provide proper written notice to Mr. Compton. Mr. Compton respectfully submits that had he received the proper written notice of the order setting the bar date, that pleading would have been given to counsel and the proof of claim would have been properly and timely filed in the Motors Liquidation proceeding and not in the Chrysler proceeding.

---

[7] In Re *Drexel Burnham Lambert Group, Inc.*, 148 B.R. 1002, 107 (S.D.N.Y. 1993)

In re Motors Liquidation, 09-50026 (REG)
Opposition to Motion to Disallow Proof of Claim                                Page 4 of 6

It should be noted that the critical factor influencing the Supreme Court in the *Pioneer Investment* case to find excusable neglect was "that the notice of the bar date provided by the Bankruptcy Court in this case was outside the ordinary course in bankruptcy cases."[8]  Although notice was given to counsel in *Pioneer Investments* it left a "dramatic ambiguity" about the bar date.[9]   In this case, proper notice was never served upon Mr. Compton.

One of the principal reasons for written notice is that it functions as a visible reminder of the need to act.  Another function is that it gives specific instructions of not only the need to act, but also what, when, how and where to act.  Without such a visible reminder, it is only human for actions to slip when a person is extremely busy.  Without such a visible reminder it also increases the opportunity for mistakes to be made or not caught as timely as it might have been had actual written notice been provided to a person with many matters demanding his attention.

Mr. Compton is one of three standing trustees for the District of Alaska.  As such, Mr. Compton rides the "circuit" as he is appointed in bankruptcy cases filed in Fairbanks, Anchorage, Juneau and Ketchikan.  While Alaska does not have a large population compared with New York, the geographic size of the state substantially complicates his tasks administering cases that are separated by more than a thousand air miles. Mr. Compton resides in Anchorage and flies monthly to conduct creditors meetings in Fairbanks, Juneau and Ketchikan.  It is 260 miles from Anchorage to Fairbanks, 848 miles between Anchorage and Ketchikan and 568 miles between Anchorage and Juneau.  Between September 2009 and December 2009, Mr. Compton had approximately 520 open Chapter 7 and Chapter 13 cases.  While a busy schedule or disruptions in a law practice are not considered excusable neglect in and of themselves, they are when combined with a lack of proper notice as set forth above.

In *Pioneer* the U.S. Supreme Court instructed that courts should take a broad view of excusable neglect and take into account equitable circumstances underlying the

---

[8] Id at 398.
[9] Id.

In re Motors Liquidation, 09-50026 (REG)
Opposition to Motion to Disallow Proof of Claim                                    Page 5 of 6

reasons for the failure to act timely. For the reasons set forth above, Mr. Compton respectfully requests that the court find that he has carried his burden of establishing excusable neglect in this instance and accept proof of claim # 69532 filed on December 3, 2009.

DATED this 20th day of January, 2011.

BAXTER BRUCE & SULLIVAN P.C.

By____/s/ Daniel G. Bruce_____
    Daniel G. Bruce, ABA 8306022
    Attorney for Trustee Larry D. Compton

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of January, 2011, a true and correct copy of the above was served on the following as set out below:

| | |
|---|---|
| Harvey R. Miller<br>Stephen Karotkin<br>Jsoeph H. Smolinsky<br>WEIL, GOTSHAL & MANGES LLP<br>Attorneys for Debtors and Debtors in Possession | by ECF |

By_/s/ Daniel G. Bruce_____
    Daniel G. Bruce

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913