# United States Bankruptcy Court
# Southern District of New York

In re:  Motors Liquidation Company
(f/k/a General Motors Corporation)

Case No. 09-50026 (REG) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("Transferee") hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of December 16, 2010, between the Transferor identified below ("Transferor") and Transferee and attached as Exhibit 1 hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as Exhibit 2).

| | |
|---|---|
| KIVU Investment Fund Limited | Citigroup Global Markets Inc. |
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

c/o CQS (UK) LLP
5th Floor
33 Grosvenor Place
London
SW1X 7HY
Attention: Product Control
e-mail: productcontrol@cqsm.com

Court Claim # (if known): 66218

Amount of Claim: $102,691,204.67
Date Claim Filed: November 30, 2009

**Transferred Amount: $5,279,176.18**
(corresponding to (i) $4,932,900.00 principal amount (which amount corresponds to GBP 3,000,000.00 principal amount) of 8.375% Guaranteed Notes due December 7, 2015 (the "Notes"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $346,276.18 amount of interest (which amount corresponds to GBP 210,591.85 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013
Attn:   Chetan Bansal
Phone:  (212) 723-6064

With a copy to:
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Suite 5500
Washington, DC 20006
Attn:   Charles M. Cole
        Christopher S. Campbell
Phone:  (202) 887-1500

Name and Address where Transferee payments should be sent (if different from above):

dc-622213

Citigroup Global Markets Inc.
Corp. Actions 4th Floor
111 Wall Street,
New York, NY 10005
Attn:   Ken Zingale
Phone:   (212) 657-0632

*(Signature on following page.)*

dc-622213

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

KIVU INVESTMENT FUND LIMITED

By _____    Date: ~~December 16, 2010~~ January 19, 2011
Name:   Martin Lancaster
Title    Director
         Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

dc-622213

## Exhibit 1

*(See attached Agreement and Evidence of Transfer of Claim.)*

uc-622713

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

1.  **Citigroup Global Markets Inc.** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **KIVU Investment Fund Limited**, its successors and assigns ("Purchaser"), as of the date upon which (i) the Notes (as defined below) are transferred via Euroclear or Clearstream (or similar transfer method) by Seller to Purchaser and (ii) Purchaser pays to Seller the applicable purchase price for the Notes (as defined below) (the "Effective Date"), all of Seller's right, title and interest in and to **£3,000,000.00** principal amount (equivalent to $4,932,900.00 principal amount using the conversion rate of 1.6443, which is the conversion rate (the "Rate")) used in the Proof of Claim (as defined below)) of certain 8.375 percent notes due 2015 (the "Notes") issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") and debtor-in-possession in Case No. 09-50026 (REG) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition, and to the extent relating thereto, a related portion of all of Seller's right, title, and interest in and to Proof of Claim Number **66218** (the "Transferred Claim Amount") filed by or on behalf of **Perry Partners International, Inc.** (the "Proof of Claim") which interest in the Proof of Claim transferred hereby is in the amount of £3,210,591.85 (comprised of £3,000,000.00 principal amount of Notes and £210,591.85 accrued and unpaid interest as of the date of filing of the Case) (the equivalent of **$5,279,176.18** of the total amount of the Proof of Claim, comprised of $4,932,900.00 principal amount of Notes and $346,276.18 accrued and unpaid interest as of the date of filing of the Case (in each case using the Rate), against the Debtor in the Case, including without limitation, (i) all of Seller's right, title and interest in all agreements (including the predecessor transfer agreement between Seller and Perry Partners International, Inc.), instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Sellers's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or otherwise (the Notes, the Transferred Claim Amount, and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.  Seller hereby represents and warrants to Purchaser that (i) Seller owns and has good title to the Transferred Claim, free and clear of any and all liens, security interests or participations as of the Effective Date, (ii) Seller has full power and authority to execute, deliver and perform its obligations under this Agreement and (iii) Seller has not engaged in any acts or conduct, or made any omissions, or had any relationship with the Debtor or its affiliates, that will result in the Buyer receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Transferred Claim than is received by other noteholders of the same notes of the Debtor. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable

dc-622093

attorney's fees and expenses, which result from Seller's breach of its representations and warranties made herein.

3. Purchaser represents and warrants that (a) Purchaser has full power and authority to execute, deliver and perform its obligations under this Agreement, and (b) Purchaser has become a party to the Lock-Up Agreement, dated September 23, 2009, among General Motors Nova Scotia Finance Company (the "Company"), General Motors Corporation, certain beneficial owners of the Company's 8.375 percent notes due 2015 and the Company's 8.875% notes due 2023, and other parties thereto, in accordance with the provisions contained therein on or prior to the date hereof. Purchaser hereby agrees to indemnify, defend and hold Seller, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including without limitation, reasonable attorney's fees and expenses, which result from Purchaser's breach of its representations and warranties made herein.

4. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. Seller shall transfer to Purchaser each of the Notes in connection with the Transferred Claim, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

6. Seller and Buyer agrees to (a) execute and deliver or cause to be delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purpose, and carry out the terms of the agreement and evidence of transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7 This Agreement and Evidence of Transfer (this "Agreement"), and any customary documentation, if any, generated by electronic delivery of the Notes by Seller to Purchaser on the Effective Date, constitute the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

8 Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the

dc-622093

County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

dc-622093

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ~~18th~~ 19th day of ~~December 2010~~ January 2011.

CITIGROUP GLOBAL MARKETS INC.     KIVU INVESTMENT FUND LIMITED

By: /s/                            By: /s/
Name: MARC HEIMOWITZ              Name: Martin Lancaster
Title: MANAGING DIRECTOR          Title: Director

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013

dc-622093

**Exhibit 2**

(See attached first page of Proof of Claim.)

dc-622213

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One) | Case No | Your Claim is Scheduled As Follows: |
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc) | 09-13558 (REG) | |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503 (b) (9) (see Item #5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) Perry Partners International, Inc

Name and address where notices should be sent
Perry Partners International, Inc
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn James Sorrentino
Fax (212) 583-4099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn Bruce R Zirinsky, Esq
Nancy A Mitchell, Esq
Tel (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number:
(If known)

Filed on   11/25/09

Name and address where payment should be sent (if different from above)
Perry Partners International, Inc
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn James Sorrentino
Fax (212) 583-4099
Telephone number

FILED - 66218
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1. Amount of Claim as of Date Case Filed, June 1, 2009  $   $102,691,204.67   Subject to Attachment

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2. Basis for Claim.   See Attachment
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side)

4. Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information
Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____
Basis for perfection _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING
If the documents are not available, please explain in an attachment

12-01-09A10:49 RCVD

5. Amount of Claim Entitled to Priority under 11 U S C § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority.
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date: 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

Michael C. Neus
General Counsel   Perry Corp, Investment Advisor

FOR COURT USE ONLY

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571 Modified B10 (GCG) (12/08)

ORIGINAL