**PRESENTMENT DATE AND TIME: February 10, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: February 10, 2011 at 11:30 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,     :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*  :
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER**
**FIXING ASBESTOS TRUST CLAIM**
**AND RESOLVING DEBTORS' ESTIMATION MOTION**

PLEASE TAKE NOTICE that the annexed Stipulation and Order (the "**Stipulation and Order**"), between Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), the official committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of unsecured creditors holding asbestos personal injury claims (the "**Asbestos Claimants' Committee**"), and Dean M. Trafalet, the Legal Representative for Future Claimants (the "**Future Claimants' Representative**," and together with the Debtors, the Creditors' Committee, and the Asbestos Claimants' Committee, the "**Parties**") will be presented to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for signature on **February 10, 2011 at 12:00 noon**

US_ACTIVE:\43604651\01\72240.0639                    1

**(Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Stipulation and Order must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Philip  Bentley, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 10, 2011 at 11:30 a.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Stipulation and Order, the Bankruptcy Court may enter the annexed Stipulation and Order, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       January 21, 2011

              /s/ Stephen Karotkin
              Harvey R. Miller
              Stephen Karotkin
              Joseph H. Smolinsky

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Debtors
              and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                         Debtors.         :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**STIPULATION AND ORDER FIXING ASBESTOS TRUST CLAIM**
**AND RESOLVING DEBTORS' ESTIMATION MOTION**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the statutory committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of unsecured creditors holding asbestos personal injury claims (the "**Asbestos Claimants' Committee**"), and Dean M. Trafalet, the Legal Representative for Future Claimants (the "**Future Claimants' Representative**," and together with the Debtors, the Creditors' Committee, and the Asbestos Claimants' Committee, the "**Parties**"), by and through their respective undersigned attorneys, hereby enter into this stipulation and order and stipulate and agree as follows (the "**Stipulation and Order**"):

**RECITALS**

A. On June 1, 2009, four of the Debtors, including MLC (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court, and on October 9, 2009, two additional Debtors, Remediation and Liability Management Company, Inc. ("**REALM**") and Environmental Corporate Remediation Company, Inc. ("**ENCORE**") commenced voluntary cases under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

B. On June 3, 2009, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee to represent the interests of all unsecured creditors in these chapter 11 cases. On March 2, 2010, the U.S. Trustee appointed the Asbestos Claimants' Committee to represent the interests of holders of present Asbestos Personal Injury Claims.[1] On April 8, 2010, at the request of the Debtors, the Bankruptcy Court entered an order appointing Dean M. Trafelet as the Future Claimants' Representative. The Future Claimants' Representative represents the interests of holders of future Asbestos Personal Injury Claims in connection with the administration of these chapter 11 cases.

C. On December 7, 2010, the Debtors filed the Plan. On December 8, 2010, the Debtors filed their Disclosure Statement for the Plan (the "**Disclosure Statement**") (ECF No. 8023), which was approved by the Bankruptcy Court on December 8, 2010 (ECF No. 8043). Thereafter, the Debtors commenced the process of soliciting votes to accept or reject the Plan.

D. The Plan defines "Asbestos Trust Claim" as:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**") (ECF No. 8015).

> the Claim (which shall be held by the Asbestos Trust) in the amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims that either will be in an amount (i) mutually agreed upon by the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative or (ii) ordered by the Bankruptcy Court, which, when fixed by Final Order or settlement, shall be treated as an Allowed General Unsecured Claim in Class 3 for purposes of distribution from the GUC Trust and the Avoidance Action Trust, as applicable. . . .

(Plan § 1.15.)

E. The Plan classifies Asbestos Personal Injury Claims in Class 5 and provides how such Claims will be treated under the Plan. Specifically, on the Effective Date, all Asbestos Personal Injury Claims shall be channeled to the Asbestos Trust and all Asbestos Personal Injury Claims shall be satisfied in accordance with the Asbestos Trust, the Asbestos Trust Distribution Procedures, and the Asbestos Trust Agreement; *provided, however*, that, once Allowed, the Asbestos Trust Claim shall be entitled to the same distributions from the GUC Trust and the Avoidance Action Trust, as applicable, as an Allowed General Unsecured Claim in Class 3 under the Plan.

F. At the time these chapter 11 cases were commenced, approximately 29,000 Asbestos Personal Injury Claims were pending against the Debtors. The Debtors' consolidated financial statements at that time reflected a reserve of approximately $650 million with respect to their probable liability for present and future Asbestos Personal Injury Claims over the next ten years, adjusted for inflation and including defense costs. The Disclosure Statement notes that (i) the Asbestos Claimants' Committee and the Future Claimants' Representative believe that the Debtors' estimate is materially less than the Debtors' actual aggregate liability for present and future Asbestos Personal Injury Claims and (ii) the Creditors' Committee believes that the Debtors' reserve materially exceeds the Debtors' aggregate liability for Asbestos Personal Injury Claims.

G.  In order to quantify the Debtors' potential liability for present and future Asbestos Personal Injury Claims for purposes of a chapter 11 plan and assist in interfacing and negotiating with other constituencies in these cases, the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative each retained their own asbestos estimation valuation experts.

H.  On November 15, 2010, the Debtors filed a motion for entry of an order pursuant to section 502(c) of the Bankruptcy Code authorizing estimation of their aggregate liability for Asbestos Personal Injury Claims for purposes of the Plan and establishing a schedule for an estimation proceeding (the "**Estimation Motion**") (ECF No. 7782).  On December 15, 2010, the Bankruptcy Court entered an order (the "**Estimation Scheduling Order**") (ECF No. 8121), establishing a schedule for the estimation proceeding, which, among other things, established a discovery schedule and set March 1, 2011 as the date on which it would commence a hearing to estimate the Debtors' aggregate liability for Asbestos Personal Injury Claims.

I.  Since the filing of the Estimation Motion, the Parties have been engaged in good-faith negotiations to resolve the amount of the Asbestos Trust Claim and the Estimation Motion.  Those negotiations have culminated in the agreement set forth herein.

**AGREEMENT**

1. The Debtors' aggregate liability for Asbestos Personal Injury Claims, i.e., the Asbestos Trust Claim under the Plan, shall be fixed in the amount of $625,000,000.00, which Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code), or subordination.

2. The Asbestos Trust Claim shall be the sole Claim that holders of Asbestos Personal Injury Claims in their capacities as such shall have in these chapter 11 cases.

3. Because the Disclosure Statement and the Plan expressly provide that the Asbestos Trust Claim may be in an amount mutually agreed upon by the Parties, as provided in this Stipulation and Order, no re-solicitation of votes to accept or reject the Plan is required.

4. The Plan shall be amended as set forth in **Exhibit "A"** annexed hereto. Such amendment shall be implemented at the Confirmation Hearing, shall not be deemed to adversely change the treatment of the Claim of any creditor or equity interest holder, and shall not require any re-solicitation of votes to accept or reject the Plan.

5. Notwithstanding anything contained in the Plan to the contrary, any amendment to or modification of the Plan that materially and adversely affects the constituencies whose interests are represented by the Asbestos Claimants' Committee and the Future Claimants' Representative in a manner that is discriminatory or inconsistent with this Stipulation and Order shall require the written consent of the Asbestos Claimants' Committee and the Future Claimants' Representative.

6. The Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures shall be substantially in the forms annexed to the Plan and, prior to the Effective

Date, shall not be amended or modified in any material way without the written consent of the Asbestos Claimants' Committee and the Future Claimants' Representative.  Subsequent to the Effective Date, the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures may be amended or modified in accordance with their respective terms.

7. Unless there is a material adverse consequence to the Debtors or their estates, and notwithstanding any provision in the Plan to the contrary, the initial distribution under the Plan with respect to the Asbestos Trust Claim shall be made directly to the Asbestos Trust rather than through the GUC Trust or the Avoidance Action Trust.  Any subsequent distributions under the Plan with respect to the Asbestos Trust Claim shall be made in accordance with the Plan.

8. Upon approval of this Stipulation and Order by the Bankruptcy Court, the Estimation Motion shall be marked off the Bankruptcy Court's calendar as "resolved."

9. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the terms hereof and may not be modified or amended except by a writing signed by the Parties and/or their attorneys.

10. The signatories to this Stipulation and Order represent and warrant that they have full power and authority to enter into this Stipulation and Order and to bind their respective clients identified as Parties herein.

11. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  This Stipulation and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail

12.   This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until it is so approved; *provided, however,* that, upon execution of this Stipulation and Order by all of the Parties, the deadlines set forth in paragraphs (c) through (g) of the Estimation Scheduling Order shall be tolled until such time as the Bankruptcy Court approves or disapproves of this Stipulation and Order.

13.   The Bankruptcy Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

Dated:  January 21, 2011

*[signature: Stephen Karotkin]*

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and Debtors in Possession*

Dated:  January __, 2011

_____

Thomas Moers Mayer
Philip Bentley
Robert Schmidt
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Official Committee of Unsecured Creditors*

12. This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until it is so approved; *provided, however,* that, upon execution of this Stipulation and Order by all of the Parties, the deadlines set forth in paragraphs (c) through (g) of the Estimation Scheduling Order shall be tolled until such time as the Bankruptcy Court approves or disapproves of this Stipulation and Order.

13. The Bankruptcy Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

Dated: January __, 2011                                        Dated: January 20, 2011

                                                               *Philip Bentley* (DEB)
_____                                    _____
Harvey R. Miller                                               Thomas Moers Mayer
Stephen Karotkin                                               Philip Bentley
Joseph H. Smolinsky                                            Robert Schmidt
WEIL, GOTSHAL & MANGES LLP                                     KRAMER LEVIN NAFTALIS & FRANKEL LLP
767 Fifth Avenue                                               1177 Avenue of the Americas
New York, New York 10153                                       New York, New York 10036
(212) 310-8000                                                 (212) 715-9100

*Attorneys for Debtors and Debtors in*                         *Attorneys for Official Committee of Unsecured*
*Possession*                                                   *Creditors*

Dated: January 20, 2011

*/s/ Trevor W. Swett*

Elihu Inselbuch
Peter Lockwood
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(212) 319-7125

Trevor W. Swett
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005
(202) 862-5000

*Attorneys for Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*

Dated: January 21, 2011

*/s/ Sander L. Esserman*

Sander L. Esserman
Robert T. Brousseau
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

*Attorneys for Dean M. Trafalet in His Capacity as Legal Representative for Future Asbestos Personal Injury Claimants*

SO ORDERED this ___ day of
_____, 2011

_____
United States Bankruptcy Judge

**EXHIBIT "A"**

# EXHIBIT "A"

**1.**     Section 1.4 of the Plan (the definition of "**Allowed**") shall be amended in its entirety to provide as follows:

> "**Allowed** means, with reference to any Claim (other than an Asbestos Personal Injury Claim), (a) any Claim against any Debtor that has been listed by such Debtor in the Schedules, as such Schedules may be amended by the Debtors from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed, (b) any (I) timely filed Claim that is no longer subject to the ADR Procedures in the case of Unliquidated Litigation Claims or (II) Claim listed on the Schedules or timely filed proof of Claim, as to which no objection to allowance has been interposed in accordance with Section 7.1 hereof or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder, or (c) any Claim expressly allowed by a Final Order, pursuant to the Claim Settlement Procedures, or under this Plan.  The Asbestos Trust Claim shall be deemed "Allowed" when fixed by Final Order or settlement."

**2.**     Section 1.12 of the Plan (the definition of "**Asbestos Trust Administrator(s)**") shall be amended by replacing the word "administrator(s)" with "the Asbestos PI Trustee(s) as such term is defined in the Asbestos Trust Agreement."

**3.**     Section 1.92 of the Plan (the definition of "**Indirect Asbestos Claim**") shall be amended  by adding the words "who are Protected Parties" after " former affiliates and divisions of the Debtors" in the first clause (iii) thereof.

**4.**     Section 1.115 of the Plan (the definition of "**Protected Party**") shall be amended in its entirety to provide as follows:

> "**Protected Party** means (i) the Debtors, (ii) any Entity that, pursuant to the Plan or after the Effective Date, becomes a direct or indirect transferee of, or successor to, any assets of the Debtors (including, without limitation, the GUC Trust, the Environmental Response Trust, the Avoidance Action Trust, the GUC Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, the GUC Trust Monitor, the Avoidance Action Trust Monitor, and their respective professionals) or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of its becoming such a transferee or successor), (iii) the holders of DIP Credit Agreement Claims, (iv) any Entity that, pursuant to the Plan or after the Effective Date, makes a loan to the Debtors, Post-Effective Date MLC, or the Asbestos Trust, or to a successor to, or transferee of, any assets of the Debtors or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of such Entity's becoming

such a lender or to the extent any pledge of assets made in connection with such a loan is sought to be upset or impaired), (v) an officer, director, or employee of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, but only to the extent that he or she is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims, (vi) any Entity to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims by reason of such Entity's provision of insurance to the Debtors, to any past or present affiliate of the Debtors, to any predecessor in interest of the Debtors, or to any Entity that owns or at any time has owned a financial interest in (I) the Debtors, (II) any past or present affiliate of the Debtors, or (III) any predecessor in interest of the Debtors, but only to the extent that the Debtors or the Asbestos Trust enters into a settlement with such Entity that is approved by the Bankruptcy Court and expressly provides that such Entity shall be a Protected Party under the Plan, or (vii) with the consent of the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator(s), as applicable, any other Entity that, pursuant to an agreement approved by Final Order, has been determined to be providing appropriate consideration to the Debtors' estates or the Trusts (including, by way of example, by waiving the Entity's claim(s) against the Debtors or any of the Trusts) in exchange for being included in the definition of a Protected Party herein (including, without limitation, Remy International, Inc. (f/k/a Delco Remy International, Inc. and DR International, Inc. and its wholly-owned subsidiary Remy Inc. (f/k/a Delco Remy America, Inc. and DRA Inc.)) ("**Remy**"), for whom no further consent from the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator(s), as applicable, is required), to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims by reason of one or more of the following: (a) without in any way limiting clause (v) above, such Entity's involvement in the management of the Debtors or of any predecessor in interest of the Debtors, (b) such Entity's ownership of a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (c) such Entity's involvement in a transaction changing the corporate structure, or in a loan or other financial transaction affecting the financial condition, of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (d) such Entity's current ownership of the assets of a former division of the Debtors or of a former division of the Debtors, or (e) such Entity's lease of real property owned or formerly owned by the Debtors. Notwithstanding the

foregoing, New GM shall neither be included in the definition of Protected Party herein nor shall Section 4.5 hereof govern or enjoin claims against New GM; *provided, however*, that nothing contained in the Plan shall in any way modify or limit any protections or rights afforded to New GM under or in connection with the Bankruptcy Court order approving the 363 Transaction."

**5.** Section 4.5 of the Plan (**Class 5 – Asbestos Personal Injury Claims**) shall be amended to conform to Paragraph 2 of the Stipulation and Order by adding the words "in their capacities as such" after "Asbestos Personal Injury Claims" in the second sentence thereof.

**6.** Section 5.2(c) of the Plan (**Payment of Cash or Certain Assets to Charitable Organizations**) shall be amended by deleting the word "Allowed" in the second sentence thereof.

**7.** Section 5.3 of the Plan (**Delivery of Distributions and Undeliverable Distributions**) shall be amended by deleting all references to "Asbestos Trust Administrator(s)" and "Asbestos Trust."

**8.** Section 5.5 of the Plan (**Time Bar to Cash Payments**) shall be amended by deleting the reference to "Asbestos Trust Administrator(s)" and "Asbestos Trust."

**9.** Section 6.3(g) of the Plan (**Role of Asbestos Trust Administrator(s)**) shall be amended by deleting the words "Allowed" in clauses (i) and (ii) thereof.

**10.** Section 6.3(k) of the Plan (**Allowance of Asbestos Personal Injury Claims**) shall be amended in its entirety to provide as follows:

"**Resolution of Asbestos Personal Injury Claims.** With respect to any Asbestos Personal Injury Claim that is resolved by the Asbestos Trust in accordance with the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures, such resolution shall establish the amount of legal liability against the Asbestos Trust in the amount of the liquidated value of such Asbestos Personal Injury Claim, as determined in accordance with the Asbestos Trust Distribution Procedures."

**11.** Section 9.2 of the Plan (**Conditions Precedent to Effective Date**) shall be amended by adding the following new clause (d): "The Asbestos Trust Assets shall have been transferred to the Asbestos Trust," and redesignating the existing clauses "(d)" and "(e)" as clauses "(e)" and "(f)," respectively.

**12.** Section 10.1 of the Plan (**Vesting of Assets**) shall be amended by replacing the words "Asbestos Trust Transfer Date" with "Avoidance Action Trust Transfer Date" in clause (iv) thereof.

**13.** Clause (i) of the final paragraph of Section 11.1 of the Plan (**Jurisdiction of Bankruptcy Court**) shall be amended in its entirety to provide as follows: "the resolution of Asbestos Personal Injury Claims and the forum in which such resolution will be determined shall be governed by and in accordance with the Asbestos Trust Distribution Procedures and the Asbestos Trust Agreement and"

**14.** Section 12.1 of the Plan (**Dissolution of Committees**) shall be amended by adding the following sentence at the end of that Section:

> "Likewise, the Asbestos Claimants' Committee and the Future Claimants' Representative shall each continue to have standing and a right to be heard with respect to any appeal to which it is a party, and which remains pending as of the Effective Date, with respect to the Confirmation Order and with respect to any order issued in connection with the determination of the Asbestos Trust Claim."

**15.** Section 12.9 of the Plan (**Modifications of the Plan**) shall be amended by adding the following sentence at the end of that Section:

> "Nothing contained in this Section 12.9 shall in any way override the provisions of paragraph 5 of the Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion (ECF No. __)."