NEDELMAN LEGAL GROUP, PLLC
By: Michael A. Nedelman
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Phone: (248) 855-8888
Facsimile: (248) 538-4556
mnedelman@nglegal.com

Counsel for Crown Enterprises, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* |  | : |
| Debtors. | : | (Jointly Administered) |

# RESPONSE TO DEBTORS' 111TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS
**(Late-Filed Claims)**

TO THE HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE

Crown Enterprises, Inc, through its attorneys, hereby submits its Response to Debtors' 111th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders:

1. Crown Enterprises, Inc. was the lessor to the Debtor of that commercial realty commonly known as 4637 Port Royal Road and Saturn Parkway, Spring Hill, Tennessee under a lease dated February 14, 2001, as amended (the "Lease").

2. Crown Enterprises, Inc. is the holder of claims (docketed by the Debtors as claim nos. 69961 and 69974[1]) arising from the Debtors' rejection of the Lease.

3. The Lease constituted an executory contract of the Debtor as of the filing of this case.

---

[1] It is unclear why the single claim filed by Crown Enterprises, Inc. has been assigned two claim numbers by the Debtors. Crown Enterprises, Inc. will address the claims as a single claim.

164212923.004                                1

 **A. The Claim of Crown Enterprises Has Been Timely Filed**

 4. Pursuant to this Court's Order dated September 14, 2009 (Docket no. 3922), the time within which the Debtor was pursuant to 11 U.S.C. §365(d)(4) permitted to assume or reject the Lease was extended through and including December 28, 2009.

 5. The Debtor did not timely seek to assume the Lease.

 6. The Lease was therefore deemed rejected by the Debtor; however, this Court has not entered an order approving such rejection (nor to the knowledge of Crown Enterprises, Inc. have the Debtors filed with this Court a Motion seeking approval of rejection).

 7. The Debtors' objections must be overruled and its Motion denied for the reason that the Debtors erroneously contend that the claim of Crown Enterprises, Inc. was not timely filed; the Debtors do not raise any objection other than timeliness to the claim.

 8. Previously, on September 16, 2009, this Court entered its Order (Docket no. 4079) establishing certain bar dates for the filing of claim against the Debtor (the "Bar Date Order").

 9. Paragraph 3 of the Bar Date Order provides as follows:

> **3. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
>
> If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

 10. Pursuant to the express terms of this Court's Bar Date Order, the bar date applicable to the claim of Crown Enterprises, Inc. was not, as the Debtors assert in their Objections, November 30, 2009, since the Lease had not as of November 30, 2009, been rejected nor had this Court entered its Order approving any such rejection.

164212923.004                 2

11. Pursuant to the express terms of this Court's Bar Date Order, the time period within which Crown Enterprises, Inc. may timely file a proof of claim for its rejection damages does not expire until "the date which is **thirty days** following the entry of the order approving such rejection."

12. This Court has not entered its Order approving rejection of the Lease.

13. Since this Court has not entered its Order approving rejection of the Lease, the time period within which Crown Enterprises, Inc. may timely file a proof of claim for its rejection damages has not yet expired, and certainly did not expire on November 30, 2009, as claimed by the Debtor in that portion of Exhibit A to its 111th Omnibus Objection to Claims applicable to Crown Enterprises, Inc.

14. In the Debtors' Objections and Motion, the Debtors improperly seek to establish (assuming that they have misstated the Bar Date that the Debtors deem applicable) that the time within which Crown Enterprises, Inc. could timely file its proof of claim expired thirty days after the Debtors' unilateral date of "deemed rejection," despite this Court's Bar Date Order establishing a bar date that is thirty days after the **entry of this Court's Order** approving rejection of the Lease – *not* thirty days after "deemed rejection" of the Lease.

15. Since this Court has not entered its **Order** approving rejection of the Lease, Crown Enterprises, Inc.'s claim cannot be late and was therefore timely filed; the Debtors' Objections to the claim should be overruled, and the Motion Requesting Enforcement of Bar Date Order (to the extent it seeks to disallow the claim of Crown Enterprises, Inc.) should be denied.

**B.  Even if "late," the Claim of Crown Enterprises Should be Allowed**

16. To the extent that this Court *now* amends or construes its Bar Date Order to permit the Debtors' announced "deemed rejection" to substitute for the entry of this Court's **Order** approving the Debtors' rejection of the Lease, which **Order** is required under the Bar Date Order to trigger the expiration of the time within which a proof of claim could timely be filed by Crown

Enterprises, Inc., Crown Enterprises, Inc.'s claim should be permitted as a late filed claim for the reason that excusable neglect certainly exists under these circumstances.

17. If this Court *now* amends its Bar Date Order to permit the Debtors' alleged date of "deemed rejection" to substitute for, as required by the Bar Date Order, the entry of this Court's Order approving the Debtors' rejection of the Lease, and permits the consequent *nunc pro tunc* establishment of a bar date, the applicable bar date would have been January 28, 2010.

18. Crown Enterprises, Inc. acknowledges that if its Proofs of Claim are determined to be untimely, then the standard established by the Supreme Court in *Pioneer Inv. Servs. Co. v Brunswick Assocs*, 507 U.S. 380 (1993), is the applicable standard by which the allowance of the late claim must be evaluated.

19. Crown Enterprises, Inc. satisfies the express factors set forth by the Supreme Court in allowing late claims (if the claims are determined to be late at all): (1) The Debtors are not prejudiced in any legal sense, since Crown Enterprises, Inc. certainly has a claim arising from rejection of the Lease, and the Debtors would not be prejudiced by being forced to make payment upon that claim; (2) any delay was only two business days, and could not have (and the Debtors do not allege that it had) any impact upon judicial proceedings; (3) the reason for the delay, if any, was that under the express terms of this Court's Bar Date Order, the time within which a claim must be filed had not even commenced, let alone run; (4) Crown Enterprises, Inc. certainly acted in good faith, relying upon the express terms of this Court's Bar Date Order; and (5) Crown Enterprises, Inc. had counsel at the time, and Crown Enterprises, Inc. certainly should not be penalized for reasonably relying upon the reasonable construction by its counsel of an unambiguous Bar Date Order.

20. Further, there would be no prejudice to the Debtors in allowance of the claim of Crown Enterprises, Inc. The Debtors filed their plan of liquidation on August 31, 2010. As of the time of filing of the Debtors' Plan, Crown Enterprises, Inc.'s proof of claim had been filed for seven

months. No objections to the Proof of Claim had been filed by the Debtors prior to the filing of the Debtors' Plan, despite ample time for the Debtors to assert any legitimate objections. This Court had not disallowed the claim of Crown Enterprises, and it is presumptuous of the Debtors to have assumed, in filing a Plan seven months after filing of the claim, that the claim would later be disallowed. The Debtors should not be rewarded for presuming that any later objections would be sustained, since the Debtors should necessarily have anticipated reserving distributions while any objections are resolved. While the Debtors seek to invoke "equity" as a basis for disallowing the claim, it is the Debtors who are acting inequitably by asserting that the claim of Crown Enterprises, Inc. can be "lumped in" with other allegedly late-filed claims, and should be summarily disallowed simply because this Court would be required – as it is statutorily required - to actually evaluate the equities of each individual situation.

21. Crown Enterprises, Inc. does not dispute that bar dates serve an important function, and that they should – subject to the Supreme Court's admonition in *Pioneer Inv. Servs. Co. v Brunswick Assocs*, 507 U.S. 380 (1993) - be enforced. That function cannot, however, be used to permit the Debtors to unilaterally re-write this Court's Bar Date Order and deny allowance of Crown Enterprises, Inc.'s claim. Crown Enterprises, Inc. had (and continues to have) the right to rely upon the Bar Date Order as written, not as the Debtors now wish it had been written.

22. Even if the Proof of Claim is determined to be untimely, the Proof of Claim should be allowed since the equities clearly favor Crown Enterprises, Inc., who has the right to rely upon the unambiguous provisions of this Court's Bar Date Order and not the Debtors' attempts to re-write the terms of that Order (to substitute the Debtors' conduct for an Order of this Court) concerning the establishment of the applicable bar date.

WHEREFORE, Crown Enterprises, Inc. prays that the Debtors' Objections to the claim be overruled, and the Motion Requesting Enforcement of Bar Date Order (to the extent it seeks to disallow the claim of Crown Enterprises, Inc.) be denied; and that at a minimum, if the Court determines that the claim of Crown Enterprises, Inc. was not timely filed, that the Court allow the claim notwithstanding any late filing.

Respectfully submitted,

NEDELMAN LEGAL GROUP, PLLC

/s/ Michael A. Nedelman
Michael A. Nedelman
Attorneys for Crown Enterprises, Inc.
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Telephone: (248) 855-8888

Dated: January 24, 2011                Facsimile: (248) 538-4556
Email: mnedelman@nglegal.com

NEDELMAN LEGAL GROUP, PLLC
By: Michael A. Nedelman
28580 Orchard Lake Road, Suite 140
Farmington Hills, Michigan 48334
Phone: (248) 855-8888
Facsimile: (248) 538-4556
mnedelman@nglegal.com

Counsel for Crown Enterprises, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* |  | : |
|     Debtors. | : | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

This is to certify that on January 24, 2011, I served a copy of the **Response to Debtors' 111th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders** and this **Certificate of Service**, upon all counsel of record receiving electronic filing through the Court's electronic filing system and Harvey R. Miller, esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 and Debtors c/o Motors Liquidation Company, Attn:  Ted Stenger, 401 South Old Woodward Avenue, Suite 370, Birmingham, MI 48009 via UPS overnight delivery.  I declare that the above statements are true to the best of my knowledge, information and belief.

/s/ Michael A. Nedelman
MICHAEL A. NEDELMAN

164212923.004                              7