To Whom It May Concern,
Dear sir, Lawyers have obviously made things so complicated that any normal
person with good judgement cannot possibly comprehend any of this jargon.
How is it possible to understand why so many lawyers need to be contacted when
one only needs to appeal to the judge making the decision after listening to all the
sides regarding how we retirees are being abused? Okay throw this into the
garbage with all the cd/s and all the other requests.
Thank you, nick houvras
dated 1-11-2011

Court Clerk

U.S. Bankruptcy Court S.D, N.Y

ONE BOWLING GREEN

N.Y. N. York 10004


RECEIVED
JAN 14 2011
U.S. BANKRUPTCY COURT, S.D.N.Y

Hearing Date and Time: February 3, 2011 at 9:45 a.m. EST

Your Name here *NICK HOUVRAS*

Your street address here *7355 CAMELOT DRIVE*

Your City, State & Zip here *W. Bloomfield, Mich. 48322*

Your telephone number here *248-661-0173*

Your email address here *Nick.Houvras@gmail.com*

Retired salaried employee of General Motors
with unsecured claim for health and life insurance benefits

Claim No. 43262. Page 5, Exhibit A, Debtor's 116th Omnibus Objection to Claims

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re                                                          :        **Chapter 11 Case No.**

                                                              :

**MOTORS LIQUIDATION COMPANY, et al.,** :        **09-50026**

         **f/k/a General Motors Corp., et al.**      :

                                                              :

              **Debtors.**                                :

---------------------------------------------------------x

Response to the **NOTICE OF DEBTORS' 116**[TH] **OMNIBUS OBJECTION TO CLAIMS**, dated December 20, 2010.

I object to this attempt by Motors Liquidation Co. and General Motors to avoid paying any money to retirees who had been promised health and life insurance benefits in retirement. Their request to deny all these claims is unjust and inequitable.

My wife and I will have to pay out over $130,000 cash during our expected lifetimes if we want to maintain the same level of benefits that we had been promised.

GM had several options to avoid bankruptcy. The simplest would have been to reduce salaries and benefits of all employees, executives, and retirees by 25% and allow attrition to reduce the number of employees in the company. This would have let the company stay in business while continuing to offer benefits to current employees and retirees at a reduced level.

Instead they chose to terminate retiree benefits, layoff thousands of employees, close multiple plant facilities, and declare bankruptcy. These steps basically left most GM

executives with their compensation and employment intact, and put the cost savings onto terminated employees and retirees.

I respectfully ask the Court to order that a reasonable percentage, to be determined by the Court, of my claim and others be honored by Motors Liquidation Co. and General Motors.

Dated: Your City & State here
    Current date here

Jan. 10, 2011
W. Bloomfield, Mi.
48322

Your Signature here
Your name here *Nick Houvras*

*1/10/2011*

HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: January 27, 2011 at 4:00 p.m. (Eastern Time)

<div style="border:1px solid black">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

</div>

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                   :

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.,** *et al.* : | |
| | |
| **Debtors.** : | **(Jointly Administered)** |

-------------------------------------------------------x

## NOTICE OF DEBTORS' 116ᵀᴴ OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

**PLEASE TAKE NOTICE** that on December 20, 2010, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 116th omnibus objection to expunge certain compensation and

welfare benefits claims of retired and former salaried and executive employees (the "**116th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 116th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **February 3, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 116TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

116th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on

(i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky,

Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue,

Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger); (iii) General Motors, LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt,

Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New

York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86

Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and

Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of

unsecured creditors holding asbestos-related claims. 375 Park Avenue, 35th Floor, New York,

New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas

Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C.

Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation,

attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos

personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **January 27,**

**2011 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").