Stephen J. Seaton                                    Friday, January 21, 2011
1051 Autumnview Court
Rochester, Michigan, 48307

United States Bankruptcy Court
Southern District of New York



———————————————————X
In re                                          :
Motors Liquidation Company, et al.,            :
   f/k/a General Motors Corp, et al.            :
        Debtors                           :
———————————————————X

CLAIMANT RESPONSE AND OBJECTION TO THE DEBTORS' 115th OMNIBUS OBJECTION TO CLAIMS(Welfare Benefits Claims of Claimant a Retired and Former Executive Employee)

---

THIS RESPONDS TO THE DEBTORS' OBJECTIONS TO CLAIMS NUMBERED BY DEBTORS AS 32795 AND 32796 BY STEPHEN J. SEATON, (CLAIMANT) AND SEEKS THE COURT'S REJECTION TO THE DEBTORS' REQUEST TO DENY AND EXPUNGE THE CLAIMS.

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      1.    Stephen J. Seaton, a Retired Salaried Executive, and Claimant of Claim numbered 32795 (for the purpose of providing to the Claimant at and after retirement, Life Insurance Coverage at a prescribed level as promised to Claimant while employed at General Motors Corp.) and 32796 (for the purpose of providing to the Claimant Medical and Dental Insurance Coverage as reviewed with Claimant at time of Claimant's retirement). This response to the Debtors' 115th Omnibus Objection to Claims in accordance with section 502 of Title 11, United States Code (the "Bankruptcy Code"), and this Court's Procedures Order, seeks denial of an order requested by Debtors to disallow and expunge these benefit claims.

      2.    Whereas the Claimant (Stephen J. Seaton) was a salaried employee of General Motors Corporation (now known as Motors Liquidation Corp.) for 41 years and 5 months and an Executive for 23 years and 5 months and whereas General Motors

Corp. included the benefits claimed above to be administered upon retirement to salaried and executive employees as part of their overall compensation and whereas, General Motors Corp. was negligent by failing to initiate a grantor trust or other provisions to protect these benefits for retired salaried and executive employees, the Debtor's bear a responsibility to honor these claims at least commensurate with the level of such benefits that are provided to salaried employees and executives who retired or retire subsequent to execution of the Master Purchase Agreement, dated June 26,2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM.

3.    Whereas the objective of the Court is to execute justice, it is fair and just that Salaried and Executive employees who retired prior to the execution of the Master Purchase Agreement, dated June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM would be provided with Welfare Benefits and Retirement Compensation, whether vested or unvested, equivalent to those Salaried and Executive employees who retired or retire after said Master Purchase Agreement. Essentially, the accumulation of such Welfare Benefits and Compensations were primarily accrued by both groups of Salaried and Executive employees sighted above while employed by General Motors Corporation now known as Motors Liquidation Corporation.   In as much as such Welfare Benefits and Retirement Compensations are paid from the same source of funds, it is therefore fair and just that there be no difference in the disbursement of Welfare Benefits or Retirement Compensation to either group of Salaried and Executive employees.

4.    Claimant met the requirements of Court Order (ECF No. 4079) entered by this Court on September 16, 2009, for filing proof of Claims numbered 32795 and 32796.

5.    Debtors contend the language of these Welfare Benefits provides the

2

right to "amend, modify, suspend or terminate the program benefit in whole or in part, at any time".   Such right was intended to be fairly applied uniformly to all affected Salaried Employees and Executive Employees with equivalent seniorities and not intended to arbitrarily discriminate against one group of retired Salaried and Executive employees with **unjust and unequal** denial of these Welfare Benefits while other retired Salaried and Executive employees of similar seniority are provided such Welfare Benefits.   This is exactly the circumstance of this Claimant and of those retired Salaried and Executive employees who retired prior to the Master Purchase agreement, dated June 26, 2009, cited above, relative to those retired Salaried and Executive employees of similar seniority who retired after the Master Purchase agreement.

### Notice

6.   Notice of this response and objection to the Debtors' 115th Omnibus Objection to Claims has been provided to all parties indicated in the Debtors' 115th Omnibus Objection to Claims. The list of such parties is provided in Exhibit B sent only with the Document provided to the US Bankruptcy Court of the Southern District of New York.

7.   Stephen J. Seaton, Claimant for Claims numbered 32795 and 32796 asserts that the Debtors and New GM mutually abdicating responsibility for the inequities discussed in this response to Debtors' 115th Omnibus Objection to these claims for the reasons provided by Debtors, is unjust and therefore Claimant requests that entry of an order granting Debtors the relief requested upon this Debtors' 115th Omnibus Objection to Claims **be denied** by this Bankruptcy Court.

Stephen J. Seaton
Claimant (Claims 32795 and 32796)
Chapter 11 Case No. 09-50026

3

# EXHIBIT B

## RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO CLAIMS

<u>List of Parties provided a copy of the response in conformance to Federal Rules of Bankruptcy Procedure</u>

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gothshal & Manges, LLP
787 Fifth Avenue
New York, NY 10153

Mr. Ted Stenger
Motors Liquidation Co.
401 S. Old Woodward Avenue
Ste 370
Birmingham, MI 48009

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale
375 Park Avenue
35th Floor
New York, NY 10152-3500

Michael L. Schein, Esq.
Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway
47th Floor
New York, NY 10019

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP.
One World Financial Center
New York, NY 10281

Tracy Hope Davis, Esq.
United States Trustee
Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004

Robert T. Brousseau, Esq.
Sander L. Esserman, Esq.
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street
Suite 2200
Dallas, TX 75201

Lawrence S. Buonomo, Esq.
General Motors, LLC.
400 Renaissance Center
Detroit, MI 48265

David S. Jones, Esq.
Natalie Kuehler, Esq.
U. S. Attorney's Office
S.D.N.Y.
86 Chambers Street
Third floor
New York, NY 10007

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
Kramer, Levin, Naftalis & Frankel LLP.
1177 Avenue of the Americas
New York, NY 10036

Joseph Samarias, Esq.
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, DC. 20220

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

1

Trevor W. Swett III, Esq.
Kevin C. Maclay, Esq.
One Thomas Circle, N.W.
Suite 1100
Washington, DC., 20006

(The remainder of this page is intentionally left blank)