UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

MOTORS LIQUIDATION COMPANY
f/k/a GENERAL MOTORS CORPORATION,
et al.,

                  Debtors.

**AFFIRMATION IN OPPOSITON**

CHAPTER 11 CASE NO.
09-50026 (REG)

(Jointly Administered)

---

STATE NEW YORK    )
                             ) ss:
COUNTY OF DUTCHESS  )

      STEVEN M. MELLEY, being duly sworn, deposes and says:

1.    I am a duly licensed attorney at law, licensed to practice law in the State of New York and admitted to practice in the United States District Court for the Southern District of New York, and I make this affirmation in opposition to Motors Liquidation Company's (f/k/a General Motors Corporation) [hereinafter "Debtors"] request/motion to bar the claim of Sandra O. Caccoma for the reasons set forth herein. I am a partner in the law firm of Melley Platania, PLLC.

2.    On or about July 26, 2008, then as a sole practitioner, I was retained by Sandra Caccoma, the creditor herein, and her husband, to investigate the cause of her motor vehicle accident on July 12, 2008 when, by her own account, her vehicle traveled off the west side of New York State Route 9G in Rhinebeck, New York, along a curve when her driver's air bag spontaneously deployed causing a loss of control. At the time, Mrs. Caccoma was operating a General Motors manufactured motor vehicle with an air bag mechanism of the type that General Motors had found to be defective. General Motors knew that this particular defect was prevalent in many of

1

its vehicles, particularly those identified in the notice of recall which was dated June 2008, a copy of which was annexed to Mrs. Caccoma's Proof of Claim form. The notice identifies the Caccoma's 1997 model year Pontiac Grand Am as one which may contain a defective air bag that would deploy spontaneously. However, the notice specifically notes that only those vehicles whose air bag lights remained "on" after the motor was turned on, were defective. Unfortunately, that advice was incorrect because, according to Mrs. Caccoma, her air bag light did not stay "on" and yet, the air bag deployed spontaneously and without warning as described by Mrs. Caccoma, who lost control of her vehicle and left the road, striking one or more trees. Prior to filing any civil products liability lawsuit, the Debtors filed a petition for bankruptcy in June 2009. No products liability lawsuit has been filed since the commencement of the bankruptcy proceeding.

3. Upon information and belief, prior to November 25, 2009, the creditor, Sandra Caccoma received by mail a copy of the "Notice of Deadlines for Filing Proofs of Claim" and made an appointment with me to sign the Proof of Claim form.

4. On November 25, 2009, Sandra Caccoma came to my office, signed and dated the Proof of Claim form and signed an affidavit that had been drafted on her behalf to accompany her Proof of Claim form, which was submitted *pro se*. Melley Platania, PLLC has since been retained for this proceeding and for all purposes relating to any and all claims the Creditor may have against the Debtors or any successor entity.

5. Subsequently, on November 25, 2009, Mrs. Caccoma's Proof of Claim form and accompanying documents were mailed by my employee by First-Class U.S. mail from the post office in Rhinebeck, New York to the Garden City Group, Inc. in Dublin, Ohio – five full days

before the last date and time for filing a proof of claim, which was Monday, November 30, 2009 at 5:00 p.m. It was my office staff's reasonable belief that the Proof of Claim form would be received by Garden City Group, Inc. by Monday, November 30, 2009 at 5:00 p.m. if mailed by First-Class U.S. mail on November 25, 2009, which it was. Notwithstanding timely mailing, Debtors now assert an untimely filing based upon the motion filed by Debtor to bar the claim as late received by one day!

6. After filing the Proof of Claim form, Sandra Caccoma continued to receive updates regarding bankruptcy proceedings including those regarding the Alternative Dispute Resolution Order and the Amended Dispute Resolution Orders in which Mrs. Caccoma intended to participate when approved.

7. Neither Mrs. Caccoma nor my office became aware that the Proof of Claim form was allegedly received a day late until Mrs. Caccoma received a copy of the "NOTICE OF DEBTORS' 111[TH] OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS (Late-Filed Claims) dated December 20, 2010 [hereinafter Objection Papers]. According to Exhibit A, therein, her Proof of Claim form had allegedly been received on December 1, 2009 rather than November 30, 2009. The entry for Mrs. Caccoma's claim in said Exhibit A confirms that Mrs. Caccoma's claim form was postmarked on November 25, 2009, but does not indicate the specific time the form was received. Notably, the application of Debtor which asserts the same or similar alleged "late" filings against nearly 100 claimants, does not include any affidavit or sworn statement by any person with knowledge of the procedures used at Garden City Group, Inc.'s office which received the claimants' verified claims. There is no person willing to state under penalty of

3

perjury that the verified claim of Mrs. Caccoma was not received on November 30, 2009 (Monday) or any prior day. It is significant and fatal to Debtors' application that no person on behalf of the Debtors has personal knowledge that the Claimant's Proof of Claim form was not actually received on November 30, 2009, but stamped along with several other claims received the following business day, *i.e.*, Tuesday, December 1, 2009. Whether with malice aforethought or by simple sloppy recording procedures, it is equally probable that the Proof of Claim was received on time, but processed a day late!

8.  The Objection Papers provided to Sandra Caccoma do not indicate the process used to determine when a Proof of Claim is determined to be received. Consequently, the possibility cannot be ruled out that Sandra Caccoma's Proof of Claim form arrived at Garden City Group, Inc.'s premises on November 30, 2009, but either due to a delay in processing, either purposeful or inadvertent, did not get date stamped as received until the next day. Obviously where the Garden City Group, Inc. was in receipt of countless Proof of Claims forms, each form cannot be stamped at the exact moment it arrived at the claims agent's premises. Thus, it is not clear whether Sandra Caccoma's Proof of Claim form arrived at Garden City Group, Inc.'s premises after November 30, 2009 at 5:00 p.m., or simply that her Proof of Claim form did not arrive at the specific room where the forms were stamped as received until after November 30, 2009 at 5:00 p.m.

9.  Section 9006(b)(1) of the Federal Rules of Bankruptcy Procedure "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." The United States Supreme Court in *Pioneer Inv. Servs Co., v. Brunswick Assocs.*, 507 U.S. 380 (1993) established a test which this Court will use to

4

determine if the fact that Mrs. Caccoma's Proof of Claim form was date stamped as received on December 1, 2009 was the result of excusable neglect. These factors include "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *See In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005).

10. Applying these factors, it is clear that all four factors weigh in Mrs. Caccoma's favor. There is no danger of prejudice to Debtors as the Debtors are still in the process of getting their plan approved, have still maintained Mrs. Caccoma on its mailing list, and only now are in the process of attempting to Object to Mrs. Caccoma's claim. The length of delay – a matter of hours, if there has been one at all – is clearly *de minimus*. No serious claim can be made that the receipt of Mrs. Caccoma's Proof of Claim form on December 1, 2009 rather than the day before has had any impact on the judicial proceedings. Also, the fact that the Proof of Claim was signed by Mrs. Caccoma and mailed a full five days before the November 30, 2009, 5:00 p.m. filing date demonstrates that both Mrs. Caccoma and this affirmant acted in good faith to file the Proof of Claim with the claims agent by November 30, 2010.

11. The most heavily weighted factor is the reason for the delay. *Id.* at 122-123. Here, the reason for the delay was that the U.S. Postal Service apparently took six days to deliver the Proof of Claim form instead of five days. The fact that November 30, 2009 was the Monday after the Thanksgiving Holiday – may have also delayed the U.S. Postal Service in making timely delivery of Mrs. Caccoma's Proof of Claim form, if it was not in fact delivered on November 30, 2009.

12. Based on the foregoing, this affirmant respectfully requests that this Court deny the Debtors' objection to Sandra Caccoma' claim, permit Sandra's Caccoma's claim to be accepted on the basis that her claim, if at all filed late, was filed late due to excusable neglect, and grant such other and further relief as is just.

Signed and affirmed this 24th day of January, 2011.

/s/ STEVEN M. MELLEY

STEVEN M. MELLEY, ESQ.
Attorney for Claimant
24 Closs Drive
Rhinebeck, New York 12572

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) SS.: |
| COUNTY OF DUTCHESS | ) |

KEVIN J. RUMSEY, being duly sworn, deposes and says:

1. I am over the age of 18 years and reside in East Greenbush, New York.

2. I am an attorney in the office of Steven M. Melley, Esq., attorney for the plaintiff(s) herein.

3. On January 24, 2011, I served a true copy of the annexed Affirmation in Opposition via Overnight UPS Delivery, addressed to the last known address of the parties as indicated below:

**NAMES AND ADDRESSES OF THE PARTIES:**

Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq.,
 and Joseph H. Smolinsky, Esq.
Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Attn: Ted Stenger
Motors Liquidation Company
401 South Old Woodward Avenue, Suite 370
Birmingham, Michigan 48009

Attn: Lawrence S. Buonomo, Esq.
General Motors, LLC
400 Renaissance Center
Detroit, Michigan 48265

Attn: John J. Rapisardi, Esq.
Cadwalader, Wickersham, & Taft LLP
One World Financial Center
New York, New York 10281

Attn: Joseph Samarias, Esq.
United States Department of Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220

Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq.,
Lauren Macksoud, Esq., and Jennifer Sharret, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

Attn: Tracy Hope Davis
Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, Third Floor
New York, New York 10007

Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, New York 10152-3500

Attn: Trever W. Swett III, Esq. and Kevin C. Maclay, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, D.C. 20005

Attn: Sander L. Esserman, Esq. and Robert T. Brousseau
Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201

/s/ KEVIN J. RUMSEY
_____
KEVIN J. RUMSEY

Sworn to before me this
24th day of January, 2011
/s/ DIANE McCAIG
_____
Notary Public