**PRESENTMENT DATE AND TIME: January 25, 2011 at 12:00 noon (Eastern Time)**
**OBJECTION DEADLINE: January 25, 2011 at 11:30 a.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.**, *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS AND LAW DEBENTURE TRUST COMPANY OF**
**NEW YORK, AS SUCCESSOR INDENTURE TRUSTEE, REGARDING**
**PROOFS OF CLAIM NOS. 60006, 60007, 60008, 60009, 60010, 60011, and 60012**

Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Law Debenture Trust

Company of New York, as successor Indenture Trustee (the "**Indenture Trustee**," and

together with the Debtors, the "**Parties**"), by and through their respective undersigned

counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and**

**Order**") and stipulate as follows:

### RECITALS

A.      On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors

commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11

of title 11, United States Code (the "**Bankruptcy Code**").

B.      On September 16, 2009, the Court entered an order (the "**Bar Date**

**Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar**

**Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim against certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Commencement Date.

C.       As of the Commencement Date, MLC, as issuer, and the Indenture Trustee, as successor indenture trustee, were parties to (i) the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding (the "**1999 Morraine Indenture**"), (ii) the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were issued and outstanding (the "**1994 Morraine Indenture**"), (iii) the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 were issued and outstanding (the "**1984 Indianapolis Indenture**"), (iv) the Trust Indenture, dated as of July 1, 1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund, Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 1995 were issued and outstanding (the "**1995 Michigan Indenture**"), (v) the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding (the "**2002 Ohio Solid Waste**

Indenture"), (vi) the Trust Indenture, dated as of March 1, 2002, pursuant to which

$20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding

Revenue Bonds  (General Motors Corporation Project) Series 2002 were issued and

outstanding (the "**2002 Ohio Pollution Indenture**"), and (vii) the Trust Indenture, dated

as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of

City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General

Motors Corporation Project), Series 2002 were issued and outstanding (the "**2002 Fort**

**Wayne Indenture,**" and together with the 1999 Morraine Indenture, 1994 Morraine

Indenture, 1984 Indianapolis Indenture, 1995 Michigan Indenture, 2002 Ohio Solid

Waste Indenture, and 2002 Ohio Pollution Indenture, the "**Indentures**").

        D.       Prior to the General Bar Date, the Indenture Trustee timely filed the

following seven (7) proofs of claim against MLC (each, a "**Claim**" and collectively, the

"**Claims**"):

| Claim Number | Applicable Indenture | Claim Amount[1] |
|---|---|---|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

---

[1]    The amounts set forth in the "Claim Amount" column include unpaid principal
and interest amounts asserted to be due and owing on the seven series of bonds,
respectively, as of the Commencement Date, but do not include the Fees and
Expenses (as defined below) of the Indenture Trustee.

## AGREEMENT

NOW, THEREFORE, EACH OF THE PARTIES HEREBY

STIPULATES AND AGREES AS FOLLOWS:

1.    After review of the Debt Claims (as defined below) and agreement with

the calculations asserted by the Indenture Trustee therein, the Debtors agree that with

respect to amounts of  principal plus interest due under each of the Indentures, the

Indenture Trustee shall receive, on behalf of itself and the holders of the bonds issued

under each of the Indentures (the "**Bondholders**"), an allowed general unsecured,

nonpriority claim against MLC in the amounts listed below (collectively, the "**Debt**

**Claims**"), to be satisfied in accordance with the terms of any chapter 11 plan or plans to

be confirmed in the these Chapter 11 Cases.

| Claim Number | Applicable Indenture | Claim Amount |
|---|---|---|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

2.    The Indenture Trustee shall issue a notice to The Depository Trust

Company notifying the Bondholders (a) of the entry of this Stipulation and Order

allowing the Debt Claims, and (b) that any subsequent claims objections filed by the

Debtors seeking to disallow claims filed by the Bondholders (the "**Bondholder Claims**")

solely on the grounds that the Bondholder Claims are duplicative of the Debt Claims

allowed under this Stipulation and Order (the "**Claims Objections**") will not impair such

Bondholders' entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

3.      The Indenture Trustee agrees that it will not object to the Debtors' filing of the Claims Objections solely on the grounds that the Bondholder Claims to which the Claims Objections have been filed are duplicative of the Debt Claims allowed pursuant to this Stipulation and Order.

4.      The Debtors agree to pay the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) its fees and expenses (collectively, the "**Fees and Expenses**") as set forth in Section 2.5 of the Debtors' proposed amended joint chapter 11 plan, dated December 7, 2010 (as the same may be amended or modified from time to time, the "**Proposed Plan**") on the effective date of such Proposed Plan. With respect to the Fees and Expenses incurred by the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) under the Indentures prior to the Commencement Date, the Indenture Trustee shall receive an allowed claim in the amount of $851.

5.      To the extent the Fees and Expenses are not paid in full, in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or plans to be confirmed in these Chapter 11 Cases, (a) the amount of such Fees and Expenses that remain unpaid shall, subject to the express reservation of rights set forth in paragraph 6 below, constitute an allowed general unsecured nonpriority claim against MLC held by the Indenture Trustee, to be satisfied in accordance with the terms of any chapter 11 plan or plans to be confirmed in these Chapter 11 Cases; and (b) pursuant to the applicable section of each of the Indentures, the Indenture Trustee shall retain a charging lien with

respect to the Fees and Expenses on all assets or money held or collected by the Indenture

Trustee on account of the Debt Claims or as otherwise charged pursuant to the applicable

Indenture.

6.      Nothing herein shall preclude the Indenture Trustee from requesting (a)

approval from the Court to treat any Fees and Expenses which have not been paid in full,

in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or

plans to be confirmed in these Chapter 11 Cases, as administrative expenses under

section 503(b) of the Bankruptcy Code (and the Debtors reserve all rights should such a

request be made); and (b) in the event the Debtors' estates are determined at the time of

confirmation of such chapter 11 plan or plans to be solvent (or possibly able to pay

interest thereafter), the payment of interest accrued on the bonds issued pursuant to the

Indentures following the Commencement Date.

7.        This Stipulation and Order contains the entire agreement between the

Parties as to the subject matter hereof and supersedes all prior agreements and

undertakings between the Parties relating thereto.

| Dated: New York, New York<br>January 12, 2011 | Dated: New York, New York<br>January 10, 2011 |
|---|---|
| /s/ Joseph H. Smolinsky<br>Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors and Debtors in Possession* | /s/ David E. Retter<br>David E. Retter<br>Stacia A. Neeley<br><br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br><br>*Attorneys for Law Debenture Trust Company of New York, as successor Indenture Trustee* |

**IT IS SO ORDERED**
Dated:  New York, New York
         January **26**, 2011


                                        */s/ Robert E. Gerber*
                                        HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE