HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### NOTICE OF DEBTORS' 159TH OMNIBUS OBJECTION TO CLAIMS
#### (Contingent Co-Liability Claims)

　　　　**PLEASE TAKE NOTICE** that on January 26, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 159th omnibus objection to expunge certain claims (the "**159th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 159th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

   **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 159TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

   **PLEASE TAKE FURTHER NOTICE** that any responses to the 159th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 159th Omnibus Objection to Claims or any claim set forth thereon, the

Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 159th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated:  New York, New York
        January 26, 2011

                                            /s/ Joseph H. Smolinsky
                                            Harvey R. Miller
                                            Stephen Karotkin
                                            Joseph H. Smolinsky

                                            WEIL, GOTSHAL & MANGES LLP
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone: (212) 310-8000
                                            Facsimile: (212) 310-8007

                                            Attorneys for Debtors
                                            and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                       :

**In re**                              :       **Chapter 11 Case No.**
                                         :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   :
                                         :

                    **Debtors.**        :       **(Jointly Administered)**
                                         :

------------------------------------------------------------x

### DEBTORS' 159TH OMNIBUS OBJECTION TO CLAIMS
**(Contingent Co-Liability Claims)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE
EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

        1.      The Debtors file this 159th omnibus objection to certain claims (the "**159th**

**Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No.

4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit** "**A**"

annexed hereto.[1]

2.      The Debtors have examined the proofs of claim identified on Exhibit "A" and

made efforts to ascertain the validity of such claims.  After review, the Debtors have determined

that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "**Contingent Co-Liability Claims**") assert claims that are subject to disallowance

under section 502(e)(1)(B) of the Bankruptcy Code.  Accordingly, pursuant to section 502(b) of the

Bankruptcy Code and Bankruptcy Rule 3007, the Debtors seek entry of an order disallowing and

expunging the Contingent Co-Liability Claims from the claims register.[2]

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009,

---

[1]   Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2]   The Debtors reserve all of their rights to object on any other basis to any Contingent Co-Liability Claims as to which the Court does not grant the relief requested herein.

[3]   The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

two additional Debtors (the "**REALM/ENCORE Debtors**")[4] commenced with this Court voluntary

cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of

the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial

Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were

amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their

schedules of assets and liabilities and statements of financial affairs.

     5.     On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in

the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered

an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to

file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as

defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010

as the deadline to file proofs of claim).

     6.     On October 6, 2009, this Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 100 claims

at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.  The Procedures Order specifically authorizes

the Debtors to file omnibus objections to claims that are "objectionable under section 502(e)(1) of

the Bankruptcy Code."  (Procedures Order at 2.)

     7.     As set forth below, the Contingent Co-Liability Claims seek contribution

and/or reimbursement from the Debtors in connection with various lawsuits that are currently

pending, or to be asserted in the future, where the Debtors are co-liable with the holder of the

---

[4]   The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental
Corporate Remediation Company, Inc.

Contingent Co-Liability Claim.  Specifically, the Contingent Co-Liability claims listed on Exhibit

"A" are as follows:

(1) a claim filed by Travelers Indemnity Company and its affiliates (collectively, "**Travelers**") for contribution and/or indemnification from the Debtors for pending and unliquidated workers' compensation claims where Travelers is co-liable with the Debtors to the employee plaintiffs.  (Proof of Claim No. 61626);

(2) a claim filed by Arrowood Indemnity Company ("**Arrowood**") for indemnification from the Debtors pursuant to a Confidential Settlement Agreement and a Collateral and Reimbursement Agreement, each dated July 16, 2008, by and among Arrowood, MLC, and other parties, for amounts that may be paid to third parties on account of certain claims against the Debtors (Proof of Claim No. 65758);

(3) a claim filed by Sentry Select Insurance Company ("**Sentry**") for contribution and/or reimbursement from the Debtors for pending products and unliquidated product liability claims where Sentry is co-liable with the Debtors to third-party plaintiffs who were injured in an accident involving a vehicle manufactured by the Debtors and purchased from a car dealership insured by Sentry (Proof of Claim No. 44884); and

(4) a claim filed by Rollys-Royce Corporation ("**Rollys-Royce**") for contribution and/or indemnification from the Debtors pursuant to an Asset Purchase Agreement, dated September 14, 1993, between Rollys-Royce and MLC, for pending and unliquidated environmental, products liability, and asbestos claims where Rollys-Royce is co-liable with the Debtors. (Proof of Claim No. 65807).

All of the Contingent Co-Liability Claims described above seek reimbursement and/or contribution,

were filed by holders of claims co-liable with the Debtors, and are contingent upon the outcome of

lawsuits that are pending or to be asserted in the future.  Therefore, pursuant to section 502(e)(1)(b),

the Contingent Co-Liability Claims should be disallowed in their entirety.

<u>**The Relief Requested Should Be Approved by the Court**</u>

**I.      The Contingent Co-Liability Claims Should be Disallowed Under Section 502(e)(1)(B)**

8.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In*

*re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B).

9.      There are two distinct policies behind section 502(e)(1)(B).  First, section 502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga. Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20, 1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case."  *In re GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (citation omitted); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit").

10.     As this Court recently held in *In re Chemtura Corp.,* for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for

reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on

the claim of a third party; and (3) the claim must be contingent at the time of its allowance or

disallowance." *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO*

*Serv.,* 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted).  As discussed

below, each of these three elements is satisfied with respect to the Contingent Co-Liability Claims.

**A.      The Contingent Co-Liability Claims Seek Reimbursement and/or Contribution**

11.      It is clear that the definition of contribution or reimbursement for the

purposes of section 502(e)(1)(B) is broad.  Courts have held that any claim for reimbursement or

contribution, whether arising through common law, contract, or statute, is subject to disallowance

under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr.

S.D.N.Y. 1992) (applying 502(e)(1)(B) to common law theories of contribution); *Alper Holdings*,

2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y. Trap Rock*

*Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under CERCLA

may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr.

E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or contributors

could be liable with the debtor within the scope of § 502(e)(1)(B).").  Significantly, for purposes of

section 502(e)(1)(B), a claim for indemnification constitutes a claim for reimbursement.  *Alper*

*Holdings*, 2008 WL 4186333, at *5 (citing *Wedtech*, 85 B.R. at 290; *GCO Serv.,* 324 B.R. at 465);

*see also In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 986 (Bankr. S.D.N.Y. 1992)

("*Drexel II*") ("courts have always recognized the application of § 502(e)(1)(B) to contractual

claims for reimbursement which remain contingent").

12.      As noted above, all of the Contingent Co-Liability Claims were filed by

claimants who are co-liable with the Debtors on claims of a third parties and are seeking contingent

and unliquidated contribution or reimbursement amounts from the Debtors with respect to those

third party claims. While certain of the Contingent Co-Liability Claims may be based upon
common law theories of contribution while others are premised upon a contractual right to
reimbursement or indemnification, the case law, as set forth above, clearly indicates that all such
claims fall within the purview of section 502(e)(1)(B). Accordingly, the first element of section
502(e)(1)(B) is readily established.

### B.      Holders of Contingent Co-Liability Claims Are Co-Liable with the Debtors

13.      As to the second element that the party asserting the claim must be co-liable
with a debtor on the claim of a third party, courts have stated that this requirement is to be
interpreted broadly and may be satisfied upon a finding that "the causes of action in the underlying
lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay."
*Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re
Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable
with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever
its basis."). A claimant may be co-liable with a debtor even where the underlying plaintiff fails to
file a proof of claim against the debtor, *Chemtura*, 436 B.R. at 294, and even after the bankruptcy
court disallows the underlying plaintiff's claim against the debtor, *Alper Holdings*, 2008 WL
4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where
its use would prevent "double recoveries" against the estate).

14.      Each of the Contingent Co-Liability Claims satisfies the requirement that its
holder is co-liable with the Debtors on the underlying claim of a third party. All of the Contingent
Co-Liability Claims are based upon the claim or potential claim of an underlying plaintiff, under
which both the holder of the Contingent Co-Liability Claim and the Debtors may be found liable.
As such, the second element is satisfied with respect to each of the Contingent Co-Liability Claims.

### C.    The Contingent Co-Liability Claims Are Contingent

15.    The third and final element is that the claim must be contingent at the time of its disallowance and may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *Alper Holdings*, 2008 WL 4186333, at *5.  The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay,* 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation); *Drexel II*, 148 B.R. at  987 (same).  In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim.  *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

16.    All of the Contingent Co-Liability Claims are contingent for the very reason that holders of such claims have not made payment on the underlying obligation for which they seek contribution or indemnification from the Debtors.  As such, no right to payment has arisen on these contingent claims to date, and it may later be revealed that holders of Contingent Co-Liability Claims may not even be liable themselves on the underlying obligation.

17.    As the Contingent Co-Liability Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

### <u>Notice</u>

18.    Notice of this 159th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order

Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and

Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that

such notice is sufficient and no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

## Conclusion

WHEREFORE the Debtors respectfully request entry of an order granting the relief

requested herein and such other and further relief as is just.

Dated:  New York, New York
      January 26, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

159th Omnibus Objection

**Motors Liquidation Company, et al.**

**Case No. 09-50026 (REG), Jointly Administered**

The descriptions of each claim as set forth herein shall not constitute an admission on the part of the Debtors as to any facts to be used against the Debtors in any legal proceeding. In most instances, the descriptions merely reiterate allegations made in proofs of claims filed against the Debtors.

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ARROWOOD INDEMNITY COMPANY, ARROWOOD CAPITAL CORP, ARROWOOD GROUP, INC. C/O SONNENSCHEIN NATH & ROSENTHAL LLP ATTN: RICHARD ZUCKERMAN ESQ 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 65758 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| ROLLS-ROYCE CORPORATION ATTN GREG S DUNN PO BOX 420 INDIANAPOLIS, IN 46206 | 65807 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $0.00   (P) $32,263,000.00   (U) $32,263,000.00   (T) | 502(e)(1)(B) | Pgs. 1-10 |
| SENTRY SELECT INSURANCE COMPANY SENTRY SELECT INSURANCE COMPANY ATTN KENNETH J ERLER ASSOCIATE COUNSEL 1800 NORTH POINT DRIVE STEVENS POINT, WI 54481 | 44884 | MLCS, LLC | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| THE TRAVELERS INDEMNITY COMPANY & ITS AFFILIATES TRAVELERS ATTN MICHAEL LYNCH ONE TOWER SQUARE 5MN HARTFORD, CT 06183 | 61626 | Motors Liquidation Company | Unliquidated | 502(e)(1)(B) | Pgs. 1-10 |
| | **4** | | **$0.00**   (S) **$0.00**   (A) **$0.00**   (P) **$32,263,000.00**   (U) **$32,263,000.00**   (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :          Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :          09-50026 (REG)
         f/k/a General Motors Corp., *et al.*                :
                                                             :
                         Debtors.                            :          (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' 159TH OMNIBUS OBJECTION TO CLAIMS
(Contingent Co-Liability Claims)

Upon the 159th omnibus objection to expunge certain claims, dated January 26,

2011 (the "**159th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in

these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order

disallowing and expunging the Contingent Co-Liability Claims on the ground that such claims

should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully

described in the 159th Omnibus Objection to Claims; and due and proper notice of the 159th

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 159th Omnibus Objection to Claims.

159th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 159th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 159th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011


_____
United States Bankruptcy Judge