Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                          :
                        Debtors.          :        (Jointly Administered)
                                          :
--------------------------------------------------------------x
```

<u>**NOTICE OF DEBTORS' 166th OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicate Debt Claims – Industrial Revenue Bonds)**

**PLEASE TAKE NOTICE THAT** on January 26, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 166th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES LISTED ON EXHIBIT "A" ANNEXED TO THE OBJECTION
(THE "<u>CLAIMANTS</u>") (AND THEIR COUNSEL, IF KNOWN) WILL RECEIVE A
PERSONALIZED NOTICE OF THE OBJECTION, RATHER THAN THE ENTIRE
OBJECTION.**

**PLEASE TAKE FURTHER NOTICE THAT** this Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the claims filed by the indenture trustee of the Debtors' public debentures. If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before **February 22, 2011, at 4:00 p.m. (Eastern Time)**, then the Claimant **must** file and serve a written response (a "**Response**") to the Objection in accordance with the procedures set forth in this Notice, and the Claimant **must** appear at the Hearing, all as more fully described below.

**PLEASE TAKE FURTHER NOTICE THAT** a Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Bankruptcy Court's official website at www.nysb.uscourts.gov, by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant also must provide prior written notice of the Claimant's telephonic appearance by mail or e-mail to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**PLEASE TAKE FURTHER NOTICE THAT if a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing on the Objection is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **March 1, 2011 at 9:45 a.m. (Eastern Time)**.  If a Claimant files a Response to the Objection, the Claimant should plan to appear at the Hearing either in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claimant's claim.  If the Debtors do continue the Hearing with respect to the Claimant's claim, then the Hearing will be held at a later date.  If the Debtors do not continue the Hearing with respect to the Claimant's claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at [www.nysb.uscourts.gov](www.nysb.uscourts.gov)) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format <u>and</u> in hard copy at each of the following addresses on or before the Response Deadline:

      A.      Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;

      B.      Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and

       C.       Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq.).

**PLEASE TAKE FURTHER NOTICE THAT** a Claimant's Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the number of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person that can be contacted in connection with the Objection.

**PLEASE TAKE FURTHER NOTICE THAT** if a Claimant has any questions about this Notice or the Objection, the Claimant may contact the Debtors at **1-800-414-9607**. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
         January 26, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                    :
In re                               :        **Chapter 11 Case No.**
                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.* :
                                    :
                **Debtors.**        :        **(Jointly Administered)**
                                    :
-------------------------------------------------------------x

## <u>DEBTORS' 166th OMNIBUS OBJECTION TO CLAIMS</u>
### (Duplicate Debt Claims – Industrial Revenue Bonds)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS THAT ARE THE SUBJECT OF THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER THE EXHIBIT ATTACHED TO THIS OBJECTION OR ON THEIR PERSONALIZED
NOTICE.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

<u>**Relief Requested**</u>

1.        The Debtors file this 166th omnibus objection to claims (the "**166th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2.        The Debtors have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Duplicate Debt Claims**") are duplicative of either (i) the global Proof of Claim No. 60006 ("**Claim 60006**") filed by Law Debenture Trust Company of New York (the "**Indenture Trustee**"), in its capacity as successor indenture trustee of the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding (the "**1999 Morraine Indenture**"); (ii) the global Proof of Claim No. 60007 ("**Claim 60007**") filed by the Indenture Trustee, in its capacity as successor indenture trustee of the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

issued and outstanding (the "**1994 Morraine Indenture**"), (iii) the global Proof of Claim No.

60008 ("**Claim 60008**") filed by the Indenture Trustee, in its capacity as successor indenture

trustee of the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate

principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General

Motors Corporation Project), Series 1984 were issued and outstanding (the "**1984 Indianapolis**

**Indenture**"), (iv) the global Proof of Claim No. 60009 ("**Claim 60009**") filed by the Indenture

Trustee, in its capacity as successor indenture trustee of the Trust Indenture, dated as of July 1,

1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund,

Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General

Motors Corporation Project) Series 1995 were issued and outstanding (the "**1995 Michigan**

**Indenture**"), (v) the global Proof of Claim No. 60010 ("**Claim 60010**") filed by the Indenture

Trustee, in its capacity as successor indenture trustee of the Indenture of Trust, dated as of

December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio,

Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and

outstanding (the "**2002 Ohio Solid Waste Indenture**"), (vi) the global Proof of Claim No.

60011 ("**Claim 60011**") filed by the Indenture Trustee, in its capacity as successor indenture

trustee of the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000

aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds

(General Motors Corporation Project) Series 2002 were issued and outstanding (the "**2002 Ohio**

**Pollution Indenture**"), and (vii) the global Proof of Claim No. 60012 ("**Claim 60012,**" and

together with Claim 60006, Claim 60007, Claim 60008, Claim 60009, Claim 60010, and Claim

60011, the "**Indenture Trustee Claims**") filed by the Indenture Trustee, in its capacity as

successor indenture trustee of the Trust Indenture, dated as of December 1, 2002, pursuant to

which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control

Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and

outstanding (the "**2002 Fort Wayne Indenture,**" and together with the 1999 Morraine

Indenture, 1994 Morraine Indenture, 1984 Indianapolis Indenture, 1995 Michigan Indenture,

2002 Ohio Solid Waste Indenture, and 2002 Ohio Pollution Indenture, the "**Indentures**").  The

amounts asserted by the Indenture Trustee in the Indenture Trustee Claims have been reconciled

and allowed under a stipulation, approved and entered by the Court on January 26, 2011 (the

"**IRB Stipulation**") (ECF No. 8559), a copy of which is annexed hereto as **Exhibit "B**."  The

Debtors, therefore, seek entry of an order disallowing and expunging from the claims register the

Duplicate Debt Claims.

   3.  This 166th Omnibus Objection to Claims does not affect the ability of an

Individual Bondholder (as hereinafter defined) to participate in recoveries from the Debtors

under their chapter 11 plan in accordance with the IRB Stipulation.

### Jurisdiction

   4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

   5.  On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6.        On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

7.        On January 26, 2011, the Court entered the IRB Stipulation signed by the Debtors and the Indenture Trustee, allowing, among other things, the Indenture Trustee Claims as follows:

| Claim Number | Applicable Indenture | Claim Amount |
| --- | --- | --- |
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

8.        Following the entry of the IRB Stipulation, the Indenture Trustee sent out a notice to all affected Individual Bondholders notifying them of the Court's approval of the IRB Stipulation.

9.      Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10.     The Debtors now move to expunge the Duplicate Debt Claims filed by each Individual Bondholder as duplicative of the Indenture Trustee Claims.

### The Relief Requested Should Be Approved by the Court

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  The Debtors cannot be required to make distributions for the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  The Debtors have reviewed the proofs of claim identified on Exhibit "A" and believe them to be duplicative of the Indenture Trustee Claims.  Moreover, the Debtors have no way of confirming that any of the Individual Bondholders are, in fact, beneficial holders of a debt instrument on the relevant dates.

13.    To avoid the possibility of multiple recoveries by the Individual Bondholders, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Debt Claims.  Individual Bondholders, to the extent they are beneficial bondholders as of the record date under its proposed plan of liquidation, will receive distributions under such plan from the applicable Indenture Trustee.  Further, the Debtors reserve all their rights to object on any other basis to any Duplicate Debt Claim as to which the Court does not grant the relief requested herein.

### Notice

14.    Notice of the 166th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*The Remainder of This Page Is Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 26, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ARTHUR H HEMBROOK & ELIZABETH V HEMBROOK JT TEN<br>189 SOUTH COLLIER BLVD APT C 203<br><br>MARCO ISLAND, FL 34145 | 15173 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$46,271.25<br>$46,271.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ARTHUR H HEMBROOK & ELIZABETH V HEMBROOK JT TEN<br>189 SOUTH COLLIER BLVD APT C-203<br><br>MARCO ISLAND, FL 34145 | 15175 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$15,506.25<br>$15,506.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ARTHUR H HEMBROOK & ELIZABETH V HEMBROOK JT TEN<br>189  SOUTH COLLIER BLVD APT C-203<br><br>MARCO ISLAND, FL 34145 | 15176 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$25,787.50<br>$25,787.50 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BERTRAM G NEITERMAN<br>1120 99 ST #502<br><br>BAY HARBOR ISLE, FL 33154 | 3380 | Motors Liquidation Company | $0.00<br>$0.00<br>$20,900.00<br>$0.00<br>$20,900.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BERTRAM G. NEITERMAN<br>1120 99TH ST. #502<br><br>BAY HARBOR ISLAND, FL 33154 | 4560 | Motors Liquidation Company | $0.00<br>$0.00<br>$10,000.00<br>$0.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BERTRAM NEITERMAN<br>1120 99TH ST<br>#502<br>BAY HARBOR ISLAND, FL 33154 | 5277 | Motors Liquidation Company | $0.00<br>$0.00<br>$10,000.00<br>$0.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BERTRAM NEITERMAN<br>1120 99 ST APT 502<br>BAY HARBOR IS, FL 33154 | 29674 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$20,000.00<br>$20,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BERTRAM NEITERMAN<br>1120 99 ST APT #502<br>BAY HARBOR IS, FL 33154 | 29676 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BONA K PATZKOUSKY<br>28766 LOGAN HORNS MILL<br>SUGAR GROVE, OH 43155 | 10905 | Motors Liquidation Company | $10,000.00<br>$0.00<br>$0.00<br>$0.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CRAWFORD FAMILY LIVING TRUST<br>DAVID AND VERA CRAWFORD<br>2170 VALLEY VISTA DRIVE<br>DAVISON, MI 48423 | 5994 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$20,020.50<br>$20,020.50 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| D & B MILLER INVESTMENTS<br>DONALD & BARBARA MILLER, PARTNERS<br>104 SUNSET COVE LN<br>PALM BEACH GARDEN, FL 33418 | 63115 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$10,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

166th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| DONALD L IGNASIK<br>306 SOUTHWOOD DR<br><br>ELYRIA, OH 44035 | 28087 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$15,000.00 (U)<br>$15,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DONALD R WILSON TTEE<br>U/A DTD 02-11-1999<br>DONALD R WILSON LIV TR<br>200 W HAMILTON CIR<br>BATTLE CREEK, MI 49015 | 27366 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$45,000.00 (U)<br>$45,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| DOUGLAS B FOSTER<br>1338 RT9<br><br>SPOFFORD, NH 03462<br>UNITED STATES OF AMERICA | 14685 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$25,000.00 (U)<br>$25,000.00 (T)<br><br>Unliquidated | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EDWARD G KLOPFER<br>6011 CLARK STATE RD<br><br>GAHANNA, OH 43230 | 28468 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$15,000.00 (U)<br>$15,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EVAN S WILLIAMS JR<br>& LINDA M WILLIAMS JTWROS<br>111 W MAIN ST<br>TROY, PA 16947 | 10931 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$20,000.00 (U)<br>$20,000.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| F/B/O JOHN A ARGENT REVOCABLE TR<br>UST U/A/D  UAD 11-13-91<br>JOHN A ARGENT TTEE<br>9800 MAR ANN COURT<br>ST LOUIS, MO 63128 | 9621 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,520.00 (U)<br>$2,520.00 (T) | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. The amounts listed are taken directly from the proofs of claim, which may replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ILENE BIRGE<br>2420 ADARE ST<br><br>ANN ARBOR, MI 48104 | 45178 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $40,002.80 | | | |
| | | | $40,002.80 | | | |
| JAMES E BOLIN & JAMES E BOLIN TRUST<br>JAMES E BOLIN TRUST<br>U/A DTD 10/6/81<br>JAMES E BOLIN TRUSTEE<br>15964 EASYGOER COURT<br>CLINTON TOWNSHIP, MI 48035 | 14227 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $15,000.00 | | | |
| | | | $15,000.00 | | | |
| JEAN RELJIN<br>7062 BIG CREEK PARKWAY<br><br>MIDDLEBURG HTS, OH 44130 | 14338 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $20,000.00 | | | |
| | | | $20,000.00 | | | |
| JILL JULIANO<br>P. O. BOX 1342<br><br>TROY, MI 48099<br>UNITED STATES OF AMERICA | 65327 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $20,000.00 | | | |
| | | | $20,000.00 | | | |
| JOAN PHYLLIS MONCRIEFF REV TRUST<br>JOAN PHYLLIS MONCRIEFF TTEE<br>UA  DTD 10-21-96<br>6230 SANDSHORES DR<br>TROY, MI 48085 | 14292 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $25,000.00 | | | |
| | | | $25,000.00 | | | |
| JOHN T AND BETTY B BONNER<br>4559 ARLINGATE<br><br>COLUMBUS, OH 43220 | 29013 | Motors Liquidation Company | $0.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | | | |
| | | | $0.00 | | | |
| | | | $20,000.00 | | | |
| | | | $20,000.00 | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and may replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JULIAN P KORNFELD<br>4100 PERIMETER CENTER DR STE 150<br>OKLAHOMA CITY, OK 73112 | 11518 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$105,000.00  (U)<br>$105,000.00  (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARILYN J WEISBACH<br>2915 HEDGE ROW PASS<br>FORT WAYNE, IN 46804 | 9599 | Motors Liquidation Company | $20,620.00  (S)<br>$20,620.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$41,240.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARY BETH FUNKE<br>28689 WALES<br>CHESTERFIELD, MI 48047<br>UNITED STATES OF AMERICA | 68878 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARY C BERKLEY TRUSTEE<br>DR MARY C BERKLEY<br>7508 N SAN MANUEL<br>SCOTTSDALE, AZ 85258 | 30732 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$25,000.00  (U)<br>$25,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| OWEN AND JOYCE JOHNSON TRUSTEES<br>OWEN AND JOYCE JOHNSON<br>4386 DUBLIN ROAD<br>COLUMBUS, OH 43221 | 44625 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$25,000.00  (U)<br>$25,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RENNER, INEZ G<br>5913 CAMPBELL ST<br>SANDUSKY, OH 44870 | 5627 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$21,779.30  (U)<br>$21,779.30  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ROBERT L GORMAN<br>5114 HARLEY RD<br><br>NEW ALBANY, OH 43054 | 31866 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $10,000.00 | (U) | | |
| | | | $10,000.00 | (T) | | |
| ROBERT LANDUCCI<br>5900 ARLINGTON AVE<br>#10R<br>RIVERDALE, NY 10471 | 9104 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $50,000.00 | (U) | | |
| | | | $50,000.00 | (T) | | |
| ROBERT LANDUCCI<br>5900 ARLINGTON AVE #10R<br><br>RIVERDALE, NY 10471 | 9107 | Motors Liquidation Company | | | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | Unliquidated | | | |
| ROBERT LAZARUS JR TRUSTEE<br>ROBERT LAZARUS JR<br>175 S THIRD ST SUITE 1010<br>COLUMBUS, OH 43215 | 28585 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $100,000.00 | (U) | | |
| | | | $100,000.00 | (T) | | |
| ROBERT LAZARUS TRUST DTD 6/21/62<br>ROBERT LAZARUS JR TRUSTEE<br>175 S THIRD ST SUITE 1010<br>COLUMBUS, OH 43215 | 28584 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $10,000.00 | (U) | | |
| | | | $10,000.00 | (T) | | |
| ROGER L CROSS<br>2240 BIRCH CIRCLE<br><br>CLARKSVILLE, IN 47129 | 4685 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,000.00 | (U) | | |
| | | | $5,000.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| SARSEP IRA FBO CHRISTINE TRAPP<br>CHRISTINA TRAPP<br>109 BAY DR<br>ITASCA, IL 60143 | 17544 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$30,000.00 (P)<br>$170,000.00 (U)<br>$200,000.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SKONY-STAMM MARILYN<br>1530 PALISADE AVE APT 10H<br>FORT LEE, NJ 07024 | 12132 | MLCS Distribution Corporation | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,550.00 (U)<br>$50,550.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SUSAN J BECKER<br>5029 KINGSWOOD DR<br>CARMEL, IN 46033 | 9598 | Motors Liquidation Company | $10,310.00 (S)<br>$10,310.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$20,620.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WM. LOOK & SONS, INC.<br>HOWARD LOOK<br>200 NEWMAN ST<br>EAST TAWAS, MI 48730 | 10305 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$22,189.00 (U)<br>$22,189.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | 39 | | $40,930.00 (S)<br>$30,930.00 (A)<br>$70,900.00 (P)<br>$1,004,626.60 (U)<br>$1,147,386.60 (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                       :

In re                            :        **Chapter 11 Case No.**
                                         :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :      **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*    :
                                       :

                    **Debtors.**      :        **(Jointly Administered)**
                                       :
-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN**
**THE DEBTORS AND LAW DEBENTURE TRUST COMPANY OF**
**NEW YORK, AS SUCCESSOR INDENTURE TRUSTEE, REGARDING**
**PROOFS OF CLAIM NOS. 60006, 60007, 60008, 60009, 60010, 60011, and 60012**

           Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Law Debenture Trust

Company of New York, as successor Indenture Trustee (the "**Indenture Trustee**," and

together with the Debtors, the "**Parties**"), by and through their respective undersigned

counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and**

**Order**") and stipulate as follows:

**RECITALS**

        A.     On June 1, 2009 (the "**Commencement Date**"), certain of the Debtors

commenced with this Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11

of title 11, United States Code (the "**Bankruptcy Code**").

        B.     On September 16, 2009, the Court entered an order (the "**Bar Date**

**Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar**

**Date**") as the deadline for each person or entity (including without limitation, each individual, partnership, joint venture, corporation, estate, or trust) to file a proof of claim against certain of the Debtors, including MLC, to assert any claim (as defined in section 101(5) of the Bankruptcy Code) that arose prior to the Commencement Date.

      C.      As of the Commencement Date, MLC, as issuer, and the Indenture Trustee, as successor indenture trustee, were parties to (i) the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding (the "**1999 Morraine Indenture**"), (ii) the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were issued and outstanding (the "**1994 Morraine Indenture**"), (iii) the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 were issued and outstanding (the "**1984 Indianapolis Indenture**"), (iv) the Trust Indenture, dated as of July 1, 1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund, Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 1995 were issued and outstanding (the "**1995 Michigan Indenture**"), (v) the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding (the "**2002 Ohio Solid Waste**

**Indenture**"), (vi) the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds  (General Motors Corporation Project) Series 2002 were issued and outstanding (the "**2002 Ohio Pollution Indenture**"), and (vii) the Trust Indenture, dated as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and outstanding (the "**2002 Fort Wayne Indenture,**" and together with the 1999 Morraine Indenture, 1994 Morraine Indenture, 1984 Indianapolis Indenture, 1995 Michigan Indenture, 2002 Ohio Solid Waste Indenture, and 2002 Ohio Pollution Indenture, the "**Indentures**").

D.      Prior to the General Bar Date, the Indenture Trustee timely filed the following seven (7) proofs of claim against MLC (each, a "**Claim**" and collectively, the "**Claims**"):

| Claim Number | Applicable Indenture | Claim Amount[1] |
|:---:|:---:|:---:|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

---

[1]      The amounts set forth in the "Claim Amount" column include unpaid principal and interest amounts asserted to be due and owing on the seven series of bonds, respectively, as of the Commencement Date, but do not include the Fees and Expenses (as defined below) of the Indenture Trustee.

## AGREEMENT

NOW, THEREFORE, EACH OF THE PARTIES HEREBY

STIPULATES AND AGREES AS FOLLOWS:

1.      After review of the Debt Claims (as defined below) and agreement with

the calculations asserted by the Indenture Trustee therein, the Debtors agree that with

respect to amounts of  principal plus interest due under each of the Indentures, the

Indenture Trustee shall receive, on behalf of itself and the holders of the bonds issued

under each of the Indentures (the "**Bondholders**"), an allowed general unsecured,

nonpriority claim against MLC in the amounts listed below (collectively, the "**Debt

Claims**"), to be satisfied in accordance with the terms of any chapter 11 plan or plans to

be confirmed in the these Chapter 11 Cases.

| Claim Number | Applicable Indenture | Claim Amount |
|---|---|---|
| 60006 | 1999 Morraine Indenture | $10,282,500.00 |
| 60007 | 1994 Morraine Indenture | $12,851,562.50 |
| 60008 | 1984 Indianapolis Indenture | $1,413,125.00 |
| 60009 | 1995 Michigan Indenture | $59,711,400.00 |
| 60010 | 2002 Ohio Solid Waste Indenture | $47,449,000.00 |
| 60011 | 2002 Ohio Pollution Indenture | $20,321,812.50 |
| 60012 | 2002 Fort Wayne Indenture | $31,961,00.00 |

2.      The Indenture Trustee shall issue a notice to The Depository Trust

Company notifying the Bondholders (a) of the entry of this Stipulation and Order

allowing the Debt Claims, and (b) that any subsequent claims objections filed by the

Debtors seeking to disallow claims filed by the Bondholders (the "**Bondholder Claims**")

solely on the grounds that the Bondholder Claims are duplicative of the Debt Claims

allowed under this Stipulation and Order (the "**Claims Objections**") will not impair such

Bondholders' entitlement to share in plan distributions on account of the Debt Claims in accordance with the terms of the applicable Indenture.

3.      The Indenture Trustee agrees that it will not object to the Debtors' filing of the Claims Objections solely on the grounds that the Bondholder Claims to which the Claims Objections have been filed are duplicative of the Debt Claims allowed pursuant to this Stipulation and Order.

4.      The Debtors agree to pay the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) its fees and expenses (collectively, the "**Fees and Expenses**") as set forth in Section 2.5 of the Debtors' proposed amended joint chapter 11 plan, dated December 7, 2010 (as the same may be amended or modified from time to time, the "**Proposed Plan**") on the effective date of such Proposed Plan. With respect to the Fees and Expenses incurred by the Indenture Trustee (including the Bank of New York Mellon, as predecessor Indenture Trustee) under the Indentures prior to the Commencement Date, the Indenture Trustee shall receive an allowed claim in the amount of $851.

5.      To the extent the Fees and Expenses are not paid in full, in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or plans to be confirmed in these Chapter 11 Cases, (a) the amount of such Fees and Expenses that remain unpaid shall, subject to the express reservation of rights set forth in paragraph 6 below, constitute an allowed general unsecured nonpriority claim against MLC held by the Indenture Trustee, to be satisfied in accordance with the terms of any chapter 11 plan or plans to be confirmed in these Chapter 11 Cases; and (b) pursuant to the applicable section of each of the Indentures, the Indenture Trustee shall retain a charging lien with

respect to the Fees and Expenses on all assets or money held or collected by the Indenture

Trustee on account of the Debt Claims or as otherwise charged pursuant to the applicable

Indenture.

       6.      Nothing herein shall preclude the Indenture Trustee from requesting (a)

approval from the Court to treat any Fees and Expenses which have not been paid in full,

in cash, in accordance with the terms of the Proposed Plan or any other chapter 11 plan or

plans to be confirmed in these Chapter 11 Cases, as administrative expenses under

section 503(b) of the Bankruptcy Code (and the Debtors reserve all rights should such a

request be made); and (b) in the event the Debtors' estates are determined at the time of

confirmation of such chapter 11 plan or plans to be solvent (or possibly able to pay

interest thereafter), the payment of interest accrued on the bonds issued pursuant to the

Indentures following the Commencement Date.

7.      This Stipulation and Order contains the entire agreement between the

Parties as to the subject matter hereof and supersedes all prior agreements and

undertakings between the Parties relating thereto.

| Dated: New York, New York<br>January 12, 2011 | Dated: New York, New York<br>January 10, 2011 |
|---|---|
| /s/ Joseph H. Smolinsky<br>Harvey R. Miller<br>Stephen Karotkin<br>Joseph H. Smolinsky<br><br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Debtors and Debtors in Possession* | /s/ David E. Retter<br>David E. Retter<br>Stacia A. Neeley<br><br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br><br>*Attorneys for Law Debenture Trust Company of New York, as successor Indenture Trustee* |

**IT IS SO ORDERED**
Dated:  New York, New York
            January **26**, 2011


*/s/ Robert E. Gerber*
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11 Case No.
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*            :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*     :
                                                    :
                            **Debtors.**             :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

<u>**ORDER GRANTING DEBTORS' 166th OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicate Debt Claims – Industrial Revenue Bonds)**

Upon the 166th omnibus objection to claims, dated January 26, 2011 (the "**166th**

**Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors

Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's supplemental order establishing supplemental rules and authority for filing omnibus

objections to certain debt claims (the "**Supplemental Procedures Order**") (ECF No. 6238),

seeking entry of an order disallowing and expunging the Duplicate Debt Claims on the grounds

that such claims are duplicative of the Indenture Trustee Claims, all as more fully described in

the 166th Omnibus Objection to Claims; and due and proper notice of the 166th Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the 166th

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 166th Omnibus Objection to Claims.

all parties in interest and that the legal and factual bases set forth in the 166th Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 166th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" (collectively, the "**Duplicate Debt Claims**") are disallowed and

expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the 166th Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed

on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
        _____, 2011

_____
United States Bankruptcy Judge