HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## NOTICE OF DEBTORS' 175th OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

**PLEASE TAKE NOTICE** that on January 26, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 175th omnibus objection to expunge certain compensation and

welfare benefits claims of retired and former salaried and executive employees (the "**175th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 175th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 175th
OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT
"A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to this

175th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on

(i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky,

Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue,

Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 175th Omnibus Objection to Claims or any claim set forth thereon, the

Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 175th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      January 26, 2011

                /s/ Joseph H. Smolinsky
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------------x

## <u>DEBTORS' 175th OMNIBUS OBJECTION TO CLAIMS</u>
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
> **EXHIBIT ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      The Debtors file this 175th omnibus objection (the "**175th Omnibus Objection to Claims**")[1] pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging certain welfare benefits claims listed on **Exhibit "A"** annexed hereto, filed by retired and former salaried and executive employees (the "**Salaried and Executive Employees**").

2.      The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by the Salaried and Executive Employees (the "**Salaried and Executive Employee Welfare Benefits Claims**") and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" assert claims that either (i) relate to liabilities that have been assumed by General Motors LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, or (ii) relate to alleged rights to benefits which were in reality unvested, and as described herein, are otherwise not the responsibility of the Debtors.  The Salaried and Executive Employee Welfare Benefits Claims include claims for medical, dental, vision, life insurance, short term disability, long term

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

disability, tuition assistance, and extended care coverage, or a combination thereof, offered under the following plans sponsored by the Debtors prior to the Commencement Date (as defined below):  the General Motors Salaried Health Care Program, the General Motors Life and Disability Benefits Program for Salaried Employees, and the Tuition Assistance Program for Salaried Employees in the United States (collectively, the "**Salaried Benefit Plans**").  Retired and former executive employees have also made claims with respect to supplemental life insurance and personal liability insurance under the following plans sponsored by Debtors prior to the Commencement Date:  the General Motors Supplemental Life Benefits Program for Executive Employees and the Personal Umbrella Liability Insurance Program (together with the Salaried Benefit Plans, the "**Benefit Plans,**" and the benefits provided under the Benefit Plans, the "**Welfare Benefits**").  As described further below, the Salaried and Executive Employee Welfare Benefits Claims have been assumed by New GM pursuant to the Master Purchase Agreement and, therefore, are not liabilities of MLC or the other Debtors, and should be disallowed and expunged.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE**

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

**Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code,

which cases are jointly administered with those of the Initial Debtors under Case Number 09-

50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and

liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and

statements of financial affairs.

   5.  On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or

entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April

16, 2010 as the deadline to file proofs of claim).

   6.  Furthermore, on October 6, 2009, this Court entered the Procedures Order,

which authorizes the Initial Debtors, among other things, to file omnibus objections to no more

than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule

3007(d) and those additional grounds set forth in the Procedures Order.  The claimants that are

listed in Exhibit "A" have all filed claims against the Initial Debtors.

### The Salaried and Executive Employee Welfare Benefits Claims

   7.  The Salaried and Executive Employee Welfare Benefits Claims assert

claims arising out of either the reduction or elimination of Welfare Benefits prior to the

Commencement Date (the "**Benefit Modification Claims**"), or the failure to provide certain

---

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

accrued Welfare Benefits required to be provided pursuant to the terms of the applicable Benefit

Plan as in effect at the time of the alleged failure (the "**Accrued Benefits Claims**"), or a

combination thereof.  In many cases, the amounts stated with respect to the Benefit Modification

Claims are based on a permanent reduction or elimination of certain Welfare Benefits following

the time that the applicable Benefits Plan had been assumed by New GM.

**Accrued Benefits Claims
<u>Have Been Assumed by New GM</u>**

8.      On July 10, 2009 (the "**Closing Date**"), New GM completed its purchase of

substantially all of the Debtors' assets in accordance with the Master Purchase Agreement.

Pursuant to Section 6.17(e) of the Master Purchase Agreement (*Assumption of Certain Parent*

*Employee Benefit Plans and Policies*), New GM assumed certain employee benefit plans specified

in a disclosure schedule, i.e., the "Assumed Plans," and the Benefit Plans were included on that

schedule.  The Master Purchase Agreement provides, at Section 6.17(e):

> As of  the Closing Date, *Purchaser or one of its Affiliates shall
> assume (i) the Parent Employee  Benefit Plans and Policies set forth
> on Section 6.17(e) of the Sellers' Disclosure Schedule* as modified
> thereon, and all assets, trusts, insurance policies and other Contracts
> relating  thereto, except for any that do not comply in all respects
> with TARP or as otherwise provided in Section 6.17(h) and (ii) all
> employee benefit plans, programs, policies,  agreements or
> arrangements (whether written or oral) in which Employees who are
> covered by the UAW Collective Bargaining Agreement participate
> and all assets, trusts, insurance and other Contracts relating thereto
> (the "**Assumed  Plans**"), for the benefit of  the Transferred
> Employees and Sellers and Purchaser shall cooperate with each
> other to take all actions and execute and deliver all documents and
> furnish all notices necessary to  establish Purchaser or one of its
> Affiliates as the sponsor of such Assumed Plans  including all
> assets, trusts, insurance policies and other Contracts relating thereto.
> Other than with respect to any Employee who was or is covered by
> the UAW Collective  Bargaining Agreement, Purchaser shall have
> no Liability with respect to any  modifications or changes to Benefit
> Plans contemplated by Section 6.17(e) of the Sellers' Disclosure
> Schedule, or changes made by Parent prior to the Closing Date, and
> Purchaser  shall not assume any Liability with respect to any such

decisions or actions related thereto, and *Purchaser shall only assume the Liabilities for benefits provided pursuant to the written terms and conditions of the Assumed Plan as of the Closing Date*. Notwithstanding the foregoing, the assumption of the Assumed Plans is subject to Purchaser taking all necessary action, including reduction of benefits, to ensure that the Assumed Plans comply in all respects with TARP. Notwithstanding the foregoing, but subject to the terms of any Collective Bargaining Agreement to which Purchaser or one of its Affiliates is a party, Purchaser and its Affiliates may, in its sole discretion, amend, suspend or terminate any such Assumed Plan at any time in accordance with its terms.

(emphasis added).  As a result, New GM assumed the Accrued Benefits Claims to the extent required to be provided under the terms of the applicable Benefit Plan as of the Closing Date, including responsibility for all claims incurred prior to the Closing Date and properly payable pursuant to the terms of the applicable Benefit Plan in effect when such claims were incurred. Therefore, the Debtors do not have any liability with respect to the Accrued Benefits Claims.

### Benefit Modification Claims Should Be Disallowed As Debtors Had Right to Amend or Terminate Each Benefit Plan

9.    New GM did not assume any liability for Welfare Benefits to be provided on an unmodified basis following any point in time prior to the Closing Date when the benefits were modified (i.e., any reduction or elimination of benefits under the Benefit Plans), which form the basis for the Benefit Modification Claims.  MLC's right to amend or terminate each Benefit Plan was specifically reserved in the applicable plan document such that benefits under each Benefit Plan were not vested and could be reduced or eliminated without continuing liability.

10.    The Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), comprehensively regulates employer-provided welfare benefit plans.  Most importantly, ERISA does not require any vesting of welfare benefits, and therefore, such benefits may be forfeited in accordance with the terms of the welfare benefit plan.  Welfare benefit plans of the type at issue in the Salaried and Executive Employee Welfare Benefits Claims are

specifically excluded from the vesting requirements of ERISA.  29 U.S.C. § 1051(1); *see Moore v. Metro. Life Ins. Co.*, 856 F.2d at 491; *Sprague v. Gen. Motors Corp.*, 133 F.3d 388 (1998) at 400.[4]

As to the consideration of vested benefits, the Sixth Circuit, in *Sprague*, stated:

> To vest benefits is to render them forever unalterable.  Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language.

133 F.3d at 400 (citing *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 937 (5th Cir.), *cert. denied*, 510 U.S. 870 (1993)).

11.      In dealing with claims similar to the Salaried and Executive Employee Welfare Benefits Claims, the Sixth Circuit has noted that welfare plans such as the Benefit Plans are specifically exempted from vesting requirements to which pension plans are subject under ERISA, and accordingly, employers such as MLC, "are generally free under ERISA, for any reason at any time, to adopt, modify or terminate welfare plans." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) (citing *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir.), *cert. denied*, 498 U.S. 984 (1990)).  The Sixth Circuit recognized that once benefits are vested, it renders them forever unalterable.  Therefore, it is stated:

---

[4] As the Second Circuit noted in *Moore*, Congress explicitly rejected the concept of automatic vesting for medical benefits for good policy reasons:

> With regard to an employer's right to change medical plans, Congress evidenced its recognition of the need for flexibility in rejecting the automatic vesting of welfare plans.  Automatic vesting was rejected because the costs of such plans are subject to fluctuating and unpredictable variables.  Actuarial decisions concerning fixed annuities are based on fairly stable data, and vesting is appropriate.  In contrast, medical insurance must take account of inflation, changes in medical practice and technology, and increases in the costs of treatment independent of inflation.  These unstable variables prevent accurate predictions of future needs and costs.  While these plaintiffs would be helped by a decision in their favor, such a ruling would not only fly in the face of ERISA's plain language but would also decrease protection for future employees and retirees.  856 F.2d at 492.

> Because vesting of welfare plan benefits is not required by law, an
> employer's commitment to vest such benefits is not to be inferred
> lightly; the intent to vest "must be found in the plan documents and
> must be stated in clear and express language.

*Sprague*, 133 F.3d at 400.  Thus, the Salaried and Executive Employees bear the burden of

showing that MLC intended to vest benefits provided by the Benefits Plans, and the Salaried and

Executive Employee Welfare Benefits Claims do not discharge this burden, as none of the

Salaried and Executive Employee Welfare Benefits Claims provide any support to the contention

that the Salaried and Executive Employees enjoy vested rights to benefits.

12.     ERISA does not require that welfare benefits be vested, and no contractual

right to vesting has been created under the terms of any Benefit Plan or any operative documents

related thereto.  The Debtors properly reserved their right to amend or terminate Welfare Benefits

under the terms of the Benefit Plan documents and related plan documents (including summary

plan descriptions), and therefore, the Benefit Plan documents do not create any contractual rights

to the Welfare Benefits.  In addition, the Debtors reserved their right to amend or terminate the

Welfare Benefits under various communications to employees, such as in retirement and

termination offer agreements.  Further, the Salaried and Executive Employee Welfare Benefits

Claims provide no support showing contractual rights contradicting the Debtors' common practice

of advising welfare plan participants of the Debtors' right to amend or terminate the Welfare

Benefits at any time.

13.     By way of example, the first section of the plan document summary of the

Health Care Program, dated January 1, 2001, states:

> The Corporation reserves the right to amend, modify, suspend or
> terminate the Program in whole or in part, at any time, by action of
> its Board of Directors or other committee expressly authorized by
> the Board to take such action.  No enrollee described in this
> Program may be deemed to have any vested right to continued
> coverage under any or all of the provisions of the Program.

The Summary Plan Description of the Health Care Program, as set forth in the benefits handbook

for salaried retirees states:

> General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet. The Plans and Programs can be amended only in writing by an appropriate committee or individual as expressly authorized by the Board of Directors. No other oral or written statements can change the terms of a benefit Plan or Program.

The plan document for the General Motors Supplemental Life Benefits Program for Executive

Employees, effective January 1, 2006, states at section 3.4(a):

> The Company, as the Program Administrator, shall be responsible for the administration of the Program. The Company reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time by action of its Board of Directors or other individual or committee expressly authorized by the Board to take such action. The benefits available to Employees are determined solely by the terms of the Program. Absent an express delegation of authority from the Board of Directors, no one has the authority to commit the Company to any benefit or benefit provisions not provided for under the terms of the Program.

The summary plan description of the Personal Liability Insurance Program, dated February 2008,

reads:

> The insurance described briefly herein is subject to the detailed terms and conditions of General Motors Personal Umbrella Liability Insurance (PULl) Program as now constituted or hereafter modified or supplemented and the contracts issued pursuant thereto, which shall govern with respect to all matters referred to in this brochure. General Motors reserves the right to modify, revoke, suspend, terminate, or change the Program, in whole or in part, at any time, except as may be limited by the provisions of the contract, or its supplements, and by the provisions of any applicable federal or state laws.

> 14.     On the basis of such language, the United States Court of Appeals for the

Sixth Circuit in *Sprague* reviewed the plan documents and summary plan descriptions of certain

of the Salaried Benefit Plans and found that the Salaried Benefit Plans explicitly permit GM to

unilaterally amend or terminate the Welfare Benefits provided under such plans.  133 F.3d at 400.[5]

15.    In fact, several of the Salaried and Executive Employee Welfare Benefits

Claims include supporting agreements that clearly reserve the Debtors' rights to amend or

terminate the Benefit Plans offered under such retirement offer agreements.  Indeed, under the

terms of retirement offer letters to employees, the language is as follows:

> This summary presents general information only.  Any reference to
> the payment of benefits is conditioned upon your eligibility to
> receive them.  Each of these programs has its own terms and
> conditions which in all respects control the benefits provided.
> General Motors Corporation reserves the right to amend, change or
> terminate programs described herein.[6]

16.    As described above, the Debtors have expressly reserved the contractual

right to terminate or otherwise modify the Welfare Benefits.  Section 1114 of the Bankruptcy

Code requires a debtor to continue to pay "retiree benefits" under certain circumstances after a

bankruptcy filing.  Courts outside this Circuit have determined that section 1114 of the

Bankruptcy Code does not apply to benefit plans under which the plan sponsor reserves a right to

amend or terminate such plans or benefits thereunder.  *See In re Doskicil Cos.*, 130 B.R 870

(Bankr. D. Kan. 1991).  While case law exists holding to the contrary outside of the Second

Circuit,[7] recently, in the chapter 11 case of *In re Delphi Corp.*, Ch. 11 Case No. 05-44481 (RDD)

---

[5] The Sixth Circuit found: "Most of the summary plan descriptions unambiguously reserved GM's right to amend or terminate the plan.  For example: 'General Motors Corporation reserves the right to amend, change or terminate the Plans and Programs described in this booklet.'  Your GM Benefits (1984) [and] 'The Corporation reserves the right to amend, modify, suspend or terminate the Program in whole or in part, at any time, by action of its Board of Directors.'  Your Benefits in Retirement (1985)." 133 F.3d at 400 at 401.

[6] Provided by William C. Campbell (Claim Number 60992), Summary Plan Description entitled, "Supplemental Life Benefits Program Coverage (Effective January 1, 1989 for Certain Executives Who, on January 1, 1984, Were Under Age 55 and Not Retired)," dated December 1988.

[7] *See IUE-CWA v. Visteon Corp. (In re Visteon Corp.)*, 612 F.3d 210 (3d Cir. 2010), where Section 1114 was found to apply even when the sponsor has reserved the right to amend or terminate the plan.

2009 Bankr. LEXIS 576 (Bankr. S.D.N.Y. Mar. 10, 2009), Bankruptcy Judge Drain reviewed and

agreed with the rationale of *Doskicil*.  Judge Drain found that "if, in fact, the debtors have the

unilateral right to modify a health or welfare plan, that modifiable plan is the plan that is to be

maintained . . . with the debtors' pre-bankruptcy rights not being abrogated by the requirements of

Section 1114". *Id.* at *19.[8]  Consequently, *Doskicil* is persuasive and should be followed, and

section 1114 of the Bankruptcy Code should not be construed to provide the Salaried and

Executive Employees with more rights than they would have in a non-bankruptcy context.

      17.     Because (i) ERISA recognizes that employers are free to amend or

terminate welfare benefits, (ii) no contrary contractual rights to vested welfare benefits has been

established by the Salaried and Executive Employees;[9] and (iii) section 1114 does not apply to the

Salaried and Executive Employee Welfare Benefits Claims in this context, the Debtors have no

liability for the Benefit Modification Claims.

**The Debtors Have No Liability**
**For the Salaried and Executive Employee Welfare Benefits Claims**

      18.     Because (i) New GM assumed the Benefit Plans, and/or (ii) the Debtors had

a right to amend or terminate the Welfare Benefits, the Debtors have no liability for the Salaried

and Executive Employee Welfare Benefits Claims.

**The Relief Requested Should Be Approved by the Court**

      19.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

---

[8] Although Judge Drain agreed with the rationale of *Doskicil* and its related progeny, for reasons not pertinent to the cases at bar, he approved the appointment of a retirees committee for the limited purpose of determining whether there were any retirees holding vested benefits and restricted the costs of the retirees committee to $200,000.

[9] Indeed, the Debtors note the rationale for the amount of the Salaried and Executive Employee Welfare Benefits Claims is either not supported in the applicable proof of claim, or based on an estimate of the lifetime loss due to the reduction or elimination of benefits or the value of the benefit that is alleged not to have been paid.

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

20.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  As described herein, the Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the Salaried and Executive Employee Welfare Benefits Claims are not the responsibility of MLC or the other Debtors, having been assumed by New GM as described above, or amended or terminated as permitted.  To avoid the possibility of multiple recoveries by the same creditor, or recoveries by a creditor where no recovery is due, the Debtors request that the Court disallow and expunge in their entirety the Salaried and Executive Employee Welfare Benefits Claims.

[*The Remainder of This Page Is Intentionally Left Blank*]

## Notice

21.     Notice of this 175th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

22.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
        January 26, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

175th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALAN DEMASEK<br>40318 PRITTS CT<br><br>CLINTON TOWNSHIP, MI 48038 | 31158 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$29,920.00<br>$29,920.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ALBERT E BILLIS<br>9670 FAIRWOOD COURT<br><br>PORT ST LUCIE, FL 34986<br>UNITED STATES OF AMERICA | 64261 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$83,066.00<br>$83,066.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ALBERT E BILLIS<br>9670 FAIRWOOD CT<br><br>PORT ST LUCIE, FL 34986 | 64262 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$611,298.00<br>$611,298.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ANNIE SAVAGE<br>6931 RABURN RD<br><br>PENSACOLA, FL 32526 | 64722 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$120,985.00<br>$120,985.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ARTHUR J KARAM<br>2825 WIENEKE RD<br>APT 34<br>SAGINAW, MI 48603 | 43938 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$153,693.00<br>$153,693.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| BARBARA J MAHONE<br>100 FOX HOLLOW DR UNIT 405<br><br>MAYFIELD HTS, OH 44124 | 23131 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$2,765,987.00<br>$2,765,987.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. The amounts listed may replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

175th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BARBARA ROSSI<br>5434 W WILLOW HWY<br><br>LANSING, MI 48917 | 60762 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $199,826.00 | (U) | | |
| | | | $199,826.00 | (T) | | |
| BATTE BONNIE W<br>1314 QUINCY DR<br><br>BOSSIER CITY, LA 71111 | 28814 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $43,516.00 | (U) | | |
| | | | $43,516.00 | (T) | | |
| BEYER, ROBERT F<br>5558 PALM BEACH BLVD LOT 410<br><br>FORT MYERS, FL 33905 | 61715 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $38,988.00 | (U) | | |
| | | | $38,988.00 | (T) | | |
| BILLINGS, MARY K<br>13269 LAKE POINT BLVD<br><br>BELLEVILLE, MI 48111 | 44025 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $40,970.00 | (U) | | |
| | | | $40,970.00 | (T) | | |
| BRENTRUP, ROBERT C<br>4423 W MAPLE ROAD #3<br><br>BLOOMFIELD HILLS, MI 48301 | 65359 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,816.00 | (U) | | |
| | | | $19,816.00 | (T) | | |
| BRUCE WHARRAM<br>8901 N PARK LAKE CIRCLE<br><br>SYLVANIA, OH 43560 | 30861 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $79,154.00 | (U) | | |
| | | | $79,154.00 | (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| BURKE, KENNETH J<br>10438 RUNYAN LAKE RD<br><br>FENTON, MI 48430 | 31259 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $155,044.00 | (U) | | |
| | | | $155,044.00 | (T) | | |
| CAMPBELL MARY<br>915 MILLER RD<br><br>ALLENTON, MI 48002 | 22800 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $53,456.00 | (U) | | |
| | | | $53,456.00 | (T) | | |
| CHAMBERS, GEORGE G<br>1308 KEYSTOVER TRL<br><br>CENTERVILLE, OH 45459 | 19723 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $44,000.00 | (U) | | |
| | | | $44,000.00 | (T) | | |
| DALE & BARBARA BRISTOL<br>1902 E CANYON WREN WAY<br><br>GREEN VALLEY, AZ 85614 | 28593 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $60,811.00 | (U) | | |
| | | | $60,811.00 | (T) | | |
| DANIEL D ALBEE<br>29555 CASTLE CREEK LN<br><br>ESCONDIDO, CA 92026 | 31482 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $37,963.00 | (U) | | |
| | | | $37,963.00 | (T) | | |
| DANIELS, JOHN H<br>3066 LAKEVIEW RD<br><br>SHREVEPORT, LA 71107 | 62504 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $37,963.00 | (U) | | |
| | | | $37,963.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus may replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| DAVID G RICKETT<br>1914 RIDGEWOOD DR<br><br>COLUMBIA, MS 39429 | 65732 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $31,787.00 | (U) | | |
| | | | $31,787.00 | (T) | | |
| DAVID RICKETT<br>1914 RIDGEWOOD DRIVE<br><br>COLUMBIA, MS 39429 | 65730 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $47,853.00 | (U) | | |
| | | | $47,853.00 | (T) | | |
| DEMASEK, ALAN G<br>40318 PRITTS CT<br><br>CLINTON TOWNSHIP, MI 48038 | 31157 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $70,055.00 | (U) | | |
| | | | $70,055.00 | (T) | | |
| DILLON JOSEPH L<br>129 WILDERNESS CAY<br><br>NAPLES, FL 34114 | 23445 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $25,270.00 | (U) | | |
| | | | $25,270.00 | (T) | | |
| DINATALE ALBERT D<br>12260 DOLLAR LAKE DR<br><br>FENTON, MI 48430 | 65287 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $114,891.00 | (U) | | |
| | | | $114,891.00 | (T) | | |
| DONAL J STEWARD<br>37 BEAR CREEK DR<br><br>WENTZVILLE, MO 63385 | 44152 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $24,054.00 | (U) | | |
| | | | $24,054.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and may replicate mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

175th Omnibus Objection
**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| DONALD KALFAYAN<br>PO BOX 78<br>14330 N BEAR RD<br>PARADISE, MI 49768 | 20984 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$30,438.00  (U)<br>$30,438.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EDWARD DEWES<br>4472 E COUNTRY ROAD 650 N<br>BAINBRIDGE, IN 46105 | 44455 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$81,130.00  (U)<br>$81,130.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EDWARD R ANIKEWICH<br>35570 JEFFERS CT<br>HARRISON TWP, MI 48045 | 26606 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$4,000.00  (U)<br>$4,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| EMORY JANICE M<br>7821 HAYMARKET LN<br>RALEIGH, NC 27615 | 38677 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$32,623.00  (U)<br>$32,623.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FEDELEM DOROTHY M<br>5404 CHANTILLY<br>SARASOTA, FL 34235 | 36563 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$38,670.00  (U)<br>$38,670.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FEDELEM, DOROTHY M<br>5404 CHANTILLY<br>SARASOTA, FL 34235 | 36562 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$31,198.00  (U)<br>$31,198.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| FOX KIM<br>9899 TROTTER LN<br><br>CLARKSTON, MI 48348 | 62884 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$132,978.00<br>$132,978.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FRANK J. CARPENTER<br>20025 NELSON RD<br><br>MERRILL, MI 48637 | 62298 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$144,351.00<br>$144,351.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GARY GOODENOUGH<br>1101 VAN VLEET RD<br><br>FLUSHING, MI 48433 | 44314 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$28,721.00<br>$28,721.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GARY PHELEY<br>3662 HONORS WAY<br><br>HOWELL, MI 48843 | 60932 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$221,556.00<br>$221,556.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GERAN JOHN J<br>5389 FOREST RIDGE DR<br><br>CLARKSTON, MI 48346 | 30926 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$123,607.00<br>$123,607.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| HALL JR, BEUFORD C<br>9123 CRAWFORDSVILLE RD<br><br>CLERMONT, IN 46234 | 45802 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$19,494.00<br>$19,494.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| HARDWICK, JOHN E<br>616 E MAIN ST<br><br>CRAWFORDSVILLE, IN 47933 | 23293 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $78,223.00 | (U) | | |
| | | | $78,223.00 | (T) | | |
| HENDRICKSON, RICHARD L<br>13728 SEA HAWK ST<br><br>JACKSONVILLE, FL 32224 | 28302 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $93,017.00 | (U) | | |
| | | | $93,017.00 | (T) | | |
| J.C. HICKS<br>151 FAIRWAY DRIVE<br><br>BLOUNTVILLE, TN 37617 | 20787 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $17,385.00 | (U) | | |
| | | | $17,385.00 | (T) | | |
| JEROLD P JOHNSON<br>11030 PRESBYTERIAN DR #1001<br><br>INDIANAPOLIS, IN 46236 | 45818 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $46,159.00 | (U) | | |
| | | | $46,159.00 | (T) | | |
| JOEL PIATT<br>1044 BELMONT PARK DRIVE<br><br>UNION, KY 41091 | 45428 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $343,782.68 | (U) | | |
| | | | $343,782.68 | (T) | | |
| JOHN CASPER<br>751 TROMBLEY DRIVE<br><br>TROY, MI 48083 | 62667 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $99,236.00 | (U) | | |
| | | | $99,236.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

175th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| JOHN F PLAGGEMIER<br>22279 BARCLAY DR<br>NOVI, MI 48374 | 26675 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$92,208.00  (U)<br>$92,208.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JOHN VESTY<br>250 MARMOOR CT<br>ROCHESTER HILLS, MI 48309 | 44405 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$107,020.00  (U)<br>$107,020.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KANGAS MARY C<br>161 NW PETREY LOOP<br>WHITE SPRINGS, FL 32096 | 65346 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$38,593.80  (U)<br>$38,593.80  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KENIK, EDWARD F<br>2136 GLENRIDGE RD<br>EUCLID, OH 44117 | 60778 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,022.16  (U)<br>$1,022.16  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KING, WILLIAM E<br>7235 NIEMAN RD<br>SHAWNEE, KS 66203 | 44465 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$64,524.00  (U)<br>$64,524.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| KOCOLOWSKI, ROBERT M<br>17557 RYAN LN<br>ORLAND PARK, IL 60467 | 43932 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$40,400.00  (U)<br>$40,400.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KOENIG DENISE E<br>2924 NANWICH DR<br><br>WATERFORD, MI 48329 | 23442 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $47,458.00 | (U) | | |
| | | | $47,458.00 | (T) | | |
| KRIEGER THOMAS R<br>21210 JAY CT<br><br>ST CLR SHORES, MI 48081 | 33386 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $139,337.00 | (U) | | |
| | | | $139,337.00 | (T) | | |
| L DAVID LEWIS<br>19230 WARWICK DR<br><br>BROOKFIELD, WI 53045 | 20230 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $100,777.00 | (U) | | |
| | | | $100,777.00 | (T) | | |
| LARRY L NETZLEY<br>52 LILY COURT<br><br>TIPP CITY, OH 45371<br>UNITED STATES OF AMERICA | 45419 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $99,915.00 | (U) | | |
| | | | $99,915.00 | (T) | | |
| LARRY L NETZLEY<br>52 LILY COURT<br><br>TIPP CITY, OH 45371<br>UNITED STATES OF AMERICA | 45420 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $17,385.00 | (U) | | |
| | | | $17,385.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

175th Omnibus Objection

**Exhibit A**

**Motors Liquidation Company, et al.**
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| LEON A MELLEN AKA LEON A MELLEN<br>LEON A MELLEN<br>4805 WALDON RD<br>CLARKSTON, MI 48348 | 65374 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$61,480.00<br>$61,480.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LINES, JOHN E<br>9590 RIDGE TOP TRL<br>CLARKSTON, MI 48348 | 61160 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$35,194.00<br>$35,194.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| LUNDGAARD, FRED H<br>69525 RIVERBEND LN<br>ARMADA, MI 48005 | 30657 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$102,000.00<br>$102,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARK CASMER<br>41905 HUNTINGTON CT<br>CLINTON TWP, MI 48038 | 61709 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$91,855.00<br>$91,855.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARY BILLINGS<br>13269 LAKE POINT BLVD<br>BELLEVILLE, MI 48111 | 44024 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$46,089.00<br>$46,089.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MC CULLEN, LAWRENCE R<br>3329 S WOODLAND DR<br>HIGHLAND, MI 48356 | 63055 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$59,033.00<br>$59,033.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| MEEKER RONALD J<br>1205 S MEAHME TRL<br><br>CRAWFORDSVILLE, IN 47933 | 64791 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$88,596.00<br>$88,596.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MILLER JR, DALE F<br>4333 LIVE OAK BLVD<br><br>FORT WAYNE, IN 46804 | 36555 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$99,024.00<br>$99,024.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MORRIS LIMING<br>3341 WILDWOOD ROAD<br><br>HOLLY, MI 48442<br>UNITED STATES OF AMERICA | 26882 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$118,888.00<br>$118,888.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| NOWAK, JAMES F<br>2359 BULLOCK RD<br><br>BAY CITY, MI 48708 | 30890 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$200,350.00<br>$200,350.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| O MALLEY, PATRICK W<br>2814 MILLBROOK RD<br><br>LITTLE ROCK, AR 72227 | 28423 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$76,873.00<br>$76,873.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| PAUL FRIIS<br>13201 PINEHURST LANE<br><br>GRAND BLANC, MI 48439 | 32735 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$76,506.00<br>$76,506.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| PHILLIP L BLUE<br>5185 WHEELOCK RD<br>TROY, OH 45373 | 61780 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $65,251.00 | (U) | | |
| | | | $65,251.00 | (T) | | |
| POLK WILLIAM G<br>6730 SW 112TH ST<br>OCALA, FL 34476 | 65247 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $47,465.00 | (U) | | |
| | | | $47,465.00 | (T) | | |
| RALEY, RONALD J<br>437 PINE VALLEY CT<br>OXFORD, MI 48371 | 63766 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $145,497.00 | (U) | | |
| | | | $145,497.00 | (T) | | |
| RANDY SANDULA<br>808 AUTUMN LN<br>MASON, OH 45040 | 28937 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $173,500.00 | (U) | | |
| | | | $173,500.00 | (T) | | |
| RICHARD MORROW<br>8470 W GULF BLVD APT 413<br>TREASURE ISLAND, FL 33706 | 49560 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $138,982.00 | (U) | | |
| | | | $138,982.00 | (T) | | |
| RICHARD SHIPMAN<br>2290 CHELMSFORD CT<br>DULUTH, GA 30096 | 26745 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $82,735.00 | (U) | | |
| | | | $82,735.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus may replicate mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| RICHARD SWAYZE<br>2017 S CUMMINGS RD<br><br>DAVISON, MI 48423 | 60754 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$177,887.00<br>$177,887.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBERT C WEINBAUM<br>823 GEORGIA ST<br><br>KEY WEST, FL 33040 | 61843 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$525,000.00<br>$525,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBERT FRUTIGER<br>719 DENHAM LN<br><br>ROCHESTER HILLS, MI 48307 | 23168 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$133,300.00<br>$133,300.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROBERT L CUTLIP<br>238 RICHARD ST<br><br>MARTINSBURG, WV 25404 | 27892 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$56,000.00<br>$56,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROSE MORRIS E<br>307 PARKRIDGE DR<br><br>CLAYTON, NC 27527 | 28404 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$70,376.00<br>$70,376.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SAMUEL A. LEONARD<br>4200 COASTAL PKWY<br><br>WHITE LAKE, MI 48386<br>UNITED STATES OF AMERICA | 21252 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$8,036.75<br>$8,036.75 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| SASSU, RICHARD J<br>208 LONG WHARF DR<br><br>MYSTIC, CT 06355 | 11860 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,500.00<br>$5,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SCHIRLE, HAROLD F<br>9650 KILLDEER CT<br><br>STANWOOD, MI 49346 | 4627 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$298,215.00<br>$298,215.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SHALABY, SAMIR B<br>2576 BRIGGS RD<br><br>CENTERVILLE, OH 45459 | 60780 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$408,000.00<br>$408,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SINGER, JOSEPH C<br>2166 SANDLEWOOD DR<br><br>SHELBY TWP, MI 48316 | 29993 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$7,617.54<br>$7,617.54 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SMITH, THOMAS G<br>2619 DUNBAR DR<br><br>LANSING, MI 48906 | 30049 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$13,566.00<br>$13,566.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SNYDER, BARRY L<br>6517 ENCLAVE DR<br><br>CLARKSTON, MI 48348 | 27309 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$79,460.00<br>$79,460.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STEFANKO, KENNETH R<br>14477 RAMBLEWOOD ST<br><br>LIVONIA, MI 48154 | 63761 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$292,335.00<br>$292,335.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| STEPHEN WHETSTONE<br>13501 NORMAN CIR<br><br>HUDSON, FL 34669<br>UNITED STATES OF AMERICA | 20733 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$29,108.00<br>$29,108.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| STRAYER, JOHN E<br>1212 REDCLIFFE ST<br><br>WOODRIDGE, IL 60517 | 61820 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$86,000.00<br>$86,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| SUSAN VAN COTT<br>12389 AVENIDA CONSENTIDO<br><br>SAN DIEGO, CA 92128 | 46256 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$49,381.00<br>$49,381.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| THEODORE LOETZ JR<br>8917 89TH STREET CT S<br><br>COTTAGE GROVE, MN 55016 | 62836 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$176,829.00<br>$176,829.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

175th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| THOMAS BRADLEY<br>962 ABBEY<br><br>BIRMINGHAM, MI 48009<br>UNITED STATES OF AMERICA | 20180 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $62,984.00 | (U) | | |
| | | | $62,984.00 | (T) | | |
| THOMAS GILMORE<br>1836 SE EL PINAR LN<br><br>STUART, FL 34996<br>UNITED STATES OF AMERICA | 23236 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $88,110.00 | (U) | | |
| | | | $88,110.00 | (T) | | |
| TIMOTHY KUECHENMEISTER<br>17550 SE 81ST PARNASSUS CT<br><br>THE VILLAGES, FL 32162 | 17941 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $77,063.00 | (U) | | |
| | | | $77,063.00 | (T) | | |
| TURK, GEORGE S<br>1822 CHARM CT<br><br>ROCHESTER HLS, MI 48306 | 44150 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $68,575.00 | (U) | | |
| | | | $68,575.00 | (T) | | |
| UNDERWOOD, HILDA K<br>4495 ROSEBUD RD<br><br>LOGANVILLE, GA 30052<br>UNITED STATES OF AMERICA | 23656 | Motors Liquidation Company | $0.00 | (S) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $32,958.00 | (U) | | |
| | | | $32,958.00 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| VICTORIA HUDSON<br>890 HIDDEN PINE RD<br><br>BLOOMFIELD HILLS, MI 48304 | 64129 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$39,518.00<br>$39,518.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| VINAL V TABOR III<br>5915 TANNON CT<br><br>ALTO, MI 49302 | 26927 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$57,722.00<br>$57,722.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WANDA HARTNUSS<br>7 CASTLE ROCK CV<br><br>LITTLE ROCK, AR 72212 | 36124 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$11,873.28<br>$11,873.28 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WATT, MARILYN D<br>1614 TURTLEWOOD DR<br><br>WAXHAW, NC 28173 | 45142 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$128,811.00<br>$128,811.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WAYNE KUNTZ<br>7355 CARMELLA CIRCLE<br><br>RANCHO MURIETA, CA 95683 | 32997 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$50,325.00<br>$50,325.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WILLOUGHBY, WILLIAM W<br>9332 OAKMONT DR<br><br>GRAND BLANC, MI 48439 | 64958 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$127,770.00<br>$127,770.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| WISNOWSKI, FREDERICK F<br>19434 CHALK DR<br><br>MACOMB, MI 48044 | 61710 | Motors Liquidation Company | $0.00  (S)<br><br>$0.00  (A)<br><br>$0.00  (P)<br><br>$65,000.00  (U)<br><br>$65,000.00  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | **100** | | **$0.00**  (S)<br><br>**$0.00**  (A)<br><br>**$0.00**  (P)<br><br>**$12,142,213.21**  (U)<br><br>**$12,142,213.21**  (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                    :

In re                               :             **Chapter 11 Case No.**
                                      :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :             **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*      :
                                      :

                    **Debtors.**            :             **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

### <u>ORDER GRANTING DEBTORS' 175th OMNIBUS OBJECTION TO CLAIMS</u>
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

                 Upon the 175th omnibus objection to expunge certain compensation and welfare

benefits claims of retired and former salaried and executive employees, dated January 26, 2011

(the "**175th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General

Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy**

**Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry

of an order disallowing and expunging the Salaried and Executive Employee Welfare Benefits

Claims on the grounds that each Salaried and Executive Employee Welfare Benefits Claim is for

an obligation for which the Debtors have no liability, all as more fully described in the 175th

Omnibus Objection to Claims; and due and proper notice of the 175th Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 175th Omnibus Objection to Claims.

and the Court having found and determined that the relief sought in the 175th Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the 175th Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the 175th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be*

*Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to any claim listed on Exhibit "A" annexed to the 175th Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed

on the Order Exhibit; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2011



_____
United States Bankruptcy Judge