Marc M. Isaac
THE LAW OFFICE OF MARC M. ISAAC, PLLC
210 Moore Avenue
Freeport, NY  11520
Telephone: (516) 750-1422
Facsimile:  (866) 342-2903
E-mail:  misaac@mmipllc.com

James L. Mitchell
PAYNE MITCHELL LAW GROUP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX  75219
Telephone: (214) 252-1888
Facsimile: (214) 252-1889
E-mail: Jmitchell@PayneMitchell.com

*Attorneys for Sandra Slaymaker, Personal Representative
of the Estate of Laurence Slaymaker, Deceased*

UNITED STATES  BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>MOTORS LIQUIDATION CO., *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11 Case No.<br><br>Case No.  09-50026 (REG)<br><br>(Jointly Administered)<br><br>Hearing: February 3, 2011 @ 9:45 a.m. (ET) |

### AFFIDAVIT OF LINDA A. MINER

| | |
|---|---|
| STATE OF WYOMING | § |
| | § |
| COUNTY OF NATRONA | § |

BEFORE ME, the undersigned authority, personally appeared **LINDA A. MINER**, who

being duly sworn, did depose and state as follows:

1.     My name is **LINDA A. MINER**.  I am over twenty-one (21) years of age, of

sound mind, and fully capable of making this Affidavit.  I have never been convicted of a crime

involving moral turpitude. All of the facts set forth herein are within my personal knowledge, and are true and correct.

2.      I am a legal assistant for the law firm of Jamieson & Robinson, LLC ("the Firm"), and have worked at the Firm for the past roughly 4.5 years. I work with Mr. Jamieson, and was at all times responsible for checking the mail for the Firm generally, and I was the sole person responsible for processing mail received by the Firm in connection with the bankruptcy case of General Motors Corp. in regards to the claims of Sandra Slaymaker.

3.      On October 20, 2007, Laurence Slaymaker was killed when, while working underneath his 2002 GMC Sierra 2500HD pickup truck to remove accumulated brush from the undercarriage of the vehicle, the transmission and parking brake - - both allegedly defective - - simultaneously failed, causing the vehicle to roll over his torso and inflicting mortal injuries.

4.      On January 30, 2009, the Firm filed a lawsuit on behalf of Sandra Slaymaker, acting on her own behalf, on behalf of Laurence Slaymaker, and on behalf of his heirs, for wrongful death and survival claims against General Motors and others in state court in Carbon County, Wyoming; the lawsuit was styled *Sandra Slaymaker, Personal Representative of the Estate of Laurence Slaymaker, Deceased v. General Motors Corporation and Big Wyoming Buick, Pontiac, Cadillac, GMC, Inc.*, Civil Action No. CV-09-28, pending in the Second Judicial District Court of Carbon County, Wyoming (hereafter, "the Lawsuit"). Mr. Jamieson of the Firm was named local attorney for Ms. Slaymaker, and James L. Mitchell of Dallas, Texas appeared in the Lawsuit as co-counsel. Neither Mr. Jamieson, nor Mr. Mitchell, are practicing bankruptcy lawyers or has a bankruptcy attorney in their firms. Through their defense counsel, General Motors had appeared and answered in the Lawsuit, and General Motors was fully aware of the Lawsuit in June, 2009.

5.    On or about June 1, 2009, General Motors initiated the bankruptcy case with the

filing of their voluntary petition under Chapter 11 of the United States Bankruptcy Code.

Subsequently, in early June, 2009, I received a Notice of Meeting of Creditors, which a true and

correct copy of which is attached to Ms. Slaymaker's response to the 111th Omnibus Proof of

Claim Objection as *Exhibit "B"*. This notice specifically states, as relates to deadlines for filing

proofs of claim, that "Notice of deadline will be sent at a later time." During this time period, the

Firm was receiving notices and pleadings from the bankruptcy case, and I was responsible for

forwarding them to Mr. Mitchell's offices and retaining them in our files regarding the Lawsuit. I

retain on my computer, and do not delete, all e-mail sent from my computer, and all e-mail

received by me, in regards to any pending lawsuits being handled by the Firm, including that

which was generated or received in connection with the Lawsuit.

6.    I have thoroughly reviewed our physical files in regards to the Lawsuit and/or the

General Motors bankruptcy; in addition, I have reviewed our electronically stored records in

regards to the Lawsuit and/or the General Motors bankruptcy. I can confidently say that between

September 16, 2009 and December 30, 2009, the Firm did not receive a copy of the "Notice of

Deadlines for Filing Proofs of Claim" ("the Notice"), which I have since learned established a bar

date of November 30, 2009.

7.    It appears now that the Debtors' claims agent, Garden City Group, claims it sent

the Notice to the Firm's address, addressed to Ms. Slaymaker, but that by its Affidavit of Service

it admits that if the Notice was sent to the Firm, it was not addressed to the Firm or to Mr.

Jamieson. In any case, if it had been received by the Firm, it likely would have been received and

processed by me, and I would have notified Mr. Mitchell's offices and Mr. Jamieson had I ever

seen it. For this reason, I am confident that it was not received by the Firm.

8.      While the Notice was not received by the Firm, the Firm was being sent and receiving various notices and pleadings from Garden City Group relating to the General Motors bankruptcy prior to and after the purported mailing of the Notice. Among other things, I received the following notices from the bankruptcy case:

> notice of the meeting of creditors and a notice of hearing on a motion to sell substantially all of the Debtors' assets to Vehicle Acquisition Holdings, LLC on or around June 10, 2009;

> notice of hearing regarding Debtors' disclosure statement on or around October 5, 2010 (at around the same time as the purported service of the Notice), and

> on or around December 27, 2010, notice of the approval of the disclosure statement and confirmation hearing (and separately, notice of the administrative claims bar date).

At no time prior to December 30, 2009 did I or Mr. Jamieson receive, or have actual knowledge of, the Notice or its contents, or the existence of the November 30, 2009 proof of claim bar date..

9.      The above notices that were received *were* sent to the Firm *and* to Ms. Slaymaker; however, it appears now that if the Notice was supposed to have been sent to the Firm's address and addressed to Ms. Slaymaker, there was no "duplicate mailing" of the Notice to directed to Mr. Jamieson or the Firm.

10.     Having discovered the bar date in late December, 2009, on December 30, 2009, Mr. Mitchell's law firm promptly sent for filing Ms. Slaymaker's Claim, which was apparently recorded by Garden City Group on the Claims Register has having been received on January 4, 2010. With it, Stan Boler sent a letter specifically addressing the lateness of the claim and the absence of notice of the bar date or the Notice in which it was otherwise announced. He said:

> The purpose of this letter is to advise you and the Court that said Notice of Claim was filed after the Bar Date because neither Ms.

Slaymaker nor this firm received notice of the Bar Date.
Accordingly, we would respectfully request that the Court grant an
exception and allow the filing of Ms. Slaymaker's Notice of Claim.

True and correct copies of the Claim filed by co-counsel, and of the accompanying letter
referenced above, are attached to the Response and incorporated therein as *Exhibits "H" and "I"*
respectively.

11.    Both the Firm, and Mr. Mitchell, acting through Mr. Boler, were diligent in
attempting to be and remain aware of the relevant dates and deadlines so as to get her claim
timely filed, and the moment they discovered that they had received no notice of the bar date,
they responded with diligence and speed to get the claim filed. Had I known of the Notice or the
proof of claim bar date, I would have notified Mr. Mitchell's offices, and Mr. Boler or someone
from the Firm would have timely filed Ms. Slaymaker's claims.

Further, Affiant sayeth not.

LINDA A. MINER

SUBSCRIBED AND SWORN TO BEFORE ME, on the 26th day of January, 2011, to
certify which witness my hand and official seal.

Notary Public

NOTARY PUBLIC
K. BACHERT
STATE OF WYOMING
COUNTY OF NATRONA
My Commission Expires Jun 21, 2013