Marc M. Isaac
THE LAW OFFICE OF MARC M. ISAAC, PLLC
210 Moore Avenue
Freeport, NY 11520
Telephone: (516) 750-1422
Facsinile: (866) 342-2903
E-mail: misaac@mmipllc.com

James L. Mitchell
PAYNE MITCHELL LAW GROUP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (214) 252-1888
Facsimile: (214) 252-1889
E-mail: Jmitchell@PayneMitchell.com

*Attorneys for Sandra Slaymaker, Personal Representative
of the Estate of Laurence Slaymaker, Deceased*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 Case No. |
| MOTORS LIQUIDATION CO., *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| | (Jointly Administered) |
| Debtors. | |
| | Hearing: February 3, 2011 @ 9:45 a.m. (ET) |

### AFFIDAVIT OF RICHARD R. JAMIESON

STATE OF WYOMING §
§
COUNTY OF NATRONA §

BEFORE ME, the undersigned authority, personally appeared **RICHARD R. JAMIESON**, who being duly sworn, did depose and state as follows:

1. My name is **RICHARD R. JAMIESON**. I am over twenty-one (21) years of age, of sound mind, and fully capable of making this Affidavit. I have never been convicted of a

crime involving moral turpitude. All of the facts set forth herein are within my personal knowledge, and are true and correct.

2. I am a shareholder in the law firm of Jamieson & Robinson, LLC ("the Firm").

3. On October 20, 2007, Laurence Slaymaker was killed when, while working underneath his 2002 GMC Sierra 2500HD pickup truck to remove accumulated brush from the undercarriage of the vehicle, the transmission and parking brake - - both allegedly defective - - simultaneously failed, causing the vehicle to roll over his torso and inflicting mortal injuries.

4. On January 30, 2009, the Firm filed a lawsuit on behalf of Sandra Slaymaker, acting on her own behalf, on behalf of Laurence Slaymaker, and on behalf of his heirs, for wrongful death and survival claims against General Motors and others in state court in Carbon County, Wyoming; the lawsuit was styled *Sandra Slaymaker, Personal Representative of the Estate of Laurence Slaymaker, Deceased v. General Motors Corporation and Big Wyoming Buick, Pontiac, Cadillac, GMC, Inc.*, Civil Action No. CV-09-28, pending in the Second Judicial District Court of Carbon County, Wyoming (hereafter, "the Lawsuit"). I was the named local attorney for Ms. Slaymaker, and James L. Mitchell of Dallas, Texas appeared in the Lawsuit as co-counsel. Neither I, nor Mr. Mitchell to my knowledge, are practicing bankruptcy lawyers, nor do we have a bankruptcy attorney in our firms. Through their defense counsel, General Motors had appeared and answered in the Lawsuit, and General Motors was fully aware of the Lawsuit in June, 2009.

5. On or about June 1, 2009, General Motors initiated the bankruptcy case with the filing of their voluntary petition under Chapter 11 of the United States Bankruptcy Code. Subsequently, in early June, 2009, through my legal assistant, Linda Miner, I received several copies of a Notice of Meeting of Creditors, which had been addressed to me, to the Firm, and to

Sandra and Laurence Slaymaker. A true and correct copy of this notice is attached to Ms. Slaymaker's response to the 111th Omnibus Proof of Claim Objection as ***Exhibit "B"***. This notice specifically states, as related to deadlines for filing proofs of claim, that "Notice of deadline will be sent at a later time." Since then, the Firm received other notices and pleadings from the bankruptcy case, and Ms. Miner was responsible for forwarding them to Mr. Mitchell's offices and retaining them in our files regarding the Lawsuit.

6. I, along with Ms. Miner, have thoroughly reviewed our physical files in regards to the Lawsuit and/or the General Motors bankruptcy; in addition, I have asked that Ms. Miner review the Firm's electronically stored records in regards to the Lawsuit and/or the General Motors bankruptcy. I can confidently say that between September 16, 2009 and December 30, 2009, the Firm did not receive a copy of the "Notice of Deadlines for Filing Proofs of Claim" ("the Notice"), which I have since learned established a bar date of November 30, 2009.

7. It appears now that the Debtors' claims agent, Garden City Group, alleges it sent the Notice to our Firm's address, addressed to Ms. Slaymaker. However, the Affidavit of Service of the claims agent admits that if the Notice was actually mailed to the Firm, it was not addressed to the Firm or to me. In any case, if it had been received by the Firm, it likely would have been received and processed by Ms. Miner, and she would have notified me and Mr. Mitchell's offices, as is our policy and procedure, as evidenced by our sending other documents actually received, even when mis-addressed. For this reason, I am confident that it was not received by the Firm.

8. While the Notice was not received by the Firm, the Firm was being sent and received various notices and pleadings from Garden City Group relating to the General Motors bankruptcy prior to, right around, and after the purported mailing of the Notice. Among other things, Ms. Miner received the following notices from the bankruptcy case:

notice of the meeting of creditors and a notice of hearing on a motion to sell substantially all of the Debtors' assets to Vehicle Acquisition Holdings, LLC on or around June 10, 2009;

notice of hearing regarding Debtors' disclosure statement on or around October 5, 2010 (at around the same time as the purported service of the Notice), and

on or around December 27, 2010, notice of the approval of the disclosure statement and confirmation hearing (and separately, notice of the administrative claims bar date).

At no time prior to December 30, 2009 did I or Ms. Miner receive, or have actual knowledge of, the Notice or its contents, or the existence of the November 30, 2009 proof of claim bar date..

9.  The above notices that were received *were* sent to the Firm *and* to Ms. Slaymaker; however, it appears now that if the Notice was supposed to have been sent to the Firm's address and addressed to Ms. Slaymaker, there was no "duplicate mailing" of the Notice to directed to me or to the Firm. And, if indeed there were duplicate mailings, we did not receive them.

10. Having discovered the bar date in late December, 2009, on December 30, 2009, Mr. Mitchell's law firm promptly sent for filing Ms. Slaymaker's Claim, which was apparently recorded by Garden City Group on the Claims Register has having been received on January 4, 2010. With it, Stan Boler sent a letter specifically addressing the lateness of the claim and the absence of notice of the bar date or the Notice in which it was otherwise announced. He said:

> The purpose of this letter is to advise you and the Court that said Notice of Claim was filed after the Bar Date because neither Ms. Slaymaker nor this firm received notice of the Bar Date. Accordingly, we would respectfully request that the Court grant an exception and allow the filing of Ms. Slaymaker's Notice of Claim.

True and correct copies of the Claim filed by co-counsel, and of the accompanying letter referenced above as received by the Firm from Mr. Boler, are attached to the Response and incorporated therein as *Exhibits "H" and "I"* respectively.

11.  Both the Firm, and Mr. Mitchell, acting through Mr. Boler, were diligent in attempting to be and remain aware of the relevant dates and deadlines so as to get her claim timely filed, and the moment they discovered that they had received no notice of the bar date, they responded with diligence and speed to get the claim filed. Had I known of the Notice or the proof of claim bar date, I would have notified Mr. Mitchell's offices or asked Ms. Miner to do so without delay, and either Messrs. Mitchell or Boler, or someone from the Firm, would have timely filed Ms. Slaymaker's claims.

Further, Affiant sayeth not.

_____
RICHARD R. JAMIESON

SUBSCRIBED AND SWORN TO BEFORE ME, on the 26th day of January, 2011, to certify which witness my hand and official seal.

_____
Notary Public



NOTARY PUBLIC
K. BACHERT
STATE OF WYOMING
COUNTY OF NATRONA
My Commission Expires Jun 21, 2013