Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
     f/k/a General Motors Corp., et al. :
                                      :
                       Debtors.       :    (Jointly Administered)
                                      :
----------------------------------------------------------x
```

## <u>NOTICE OF DEBTORS' OBJECTION TO CLAIM NOS. 67121 AND 67122</u>

**PLEASE TAKE NOTICE** that upon the annexed Objection, dated January 27, 2011, of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), to the allowance of Proof of Claim Nos. 67121 and 67122 (the "**Objection**"), as more fully set forth in the Objection, a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman &

Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xi)

Superior Industries International, Inc. and Superior Industries International – Arkansas, Inc., by

and through James M. Sullivan, Esq., Arent Fox LLP, 1675 Broadway, New York, New York

10019; and (xii) Superior Industries International, Inc. and Superior Industries International –

Arkansas, Inc., 7800 Woodley Avenue, Van Nuys, California 91406 (Attn: Robert A. Earnest,

Esq,), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the

"**Response Deadline**").

       **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit

to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Objection, which order may be entered with no further notice or opportunity to be heard offered

to any party.

Dated: New York, New York
         January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.,*     :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                                              :
                    **Debtors.**              :    **(Jointly Administered)**
                                              :
------------------------------------------------------------x

## <u>DEBTORS' OBJECTION TO CLAIM NOS. 67121 AND 67122</u>

## TABLE OF CONTENTS

**Page**

Relief Requested ........................................................................................................... 1

Jurisdiction ................................................................................................................... 2

Background .................................................................................................................... 2

The Relief Requested Should Be Approved by the Court ............................................ 4

I.    The Claims Should Be Disallowed Because MLC Has No Liability to the
      Superior Industries Parties for Indemnification or Contribution Related to a
      Dismissed Lawsuit .............................................................................................. 4

II.   The Claims Should Be Disallowed Under Section 502(e)(1)(B) Because They Are
      Impermissible Contingent Claims ...................................................................... 5

      A.    The Claims Seek Reimbursement and/or Contribution ........................... 6

      B.    The Superior Industries Parties Are Allegedly Co-Liable with the Debtors ......... 7

      C.    The Claims Are Contingent .................................................................... 8

Notice ........................................................................................................................... 9

Conclusion ................................................................................................................. 10

i

# TABLE OF AUTHORITIES

Page(s)

## CASES

*In re Adelphia Commc'ns Corp.,*
No. 02-41729, 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007)...............................4

*Aetna Cas. & Surety Co. v. Georgia Tubing Co. (In re Chateaugay Corp.),*
No. 93-3659, 1995 WL 429018 (S.D.N.Y. July 20, 1995),
*aff'd,* 93 F.3d 56 (2d Cir. 1996).......................................................................................5, 9

*In re Alper Holdings USA,*
No. 07-12148, 2008 WL 4186333 (Bankr. S.D.N.Y. Sept. 10, 2008)........................6, 7, 8, 9

*In re Amatex Corp.,*
110 B.R. 168 (Bankr. E.D. Pa. 1990) ...................................................................................7

*In re Baldwin-United Corp.,*
55 B.R. 885 (Bankr. S.D. Ohio 1985).....................................................................................7

*In re Chemtura Corp.,*
436 B.R. 286 (Bankr. S.D.N.Y. 2010)..................................................................................6, 7

*In re Drexel Burnham Lambert Group, Inc.,*
146 B.R. 98 (Bankr. S.D.N.Y. 1992).......................................................................................6

*In re Drexel Burnham Lambert Group, Inc.,*
148 B.R. 982 ("**Drexel II**") (Bankr. S.D.N.Y. 1992) ..........................................................7, 9

*In re Eagle-Pitcher Indus., Inc.,*
144 B.R. 765 (Bankr. S.D. Ohio 1992),
*aff'd,* 164 B.R. 265 (S.D. Ohio 1994)....................................................................................8

*In re GCO, LLC,*
324 B.R. 459 (Bankr. S.D.N.Y. 2005).............................................................................6, 7, 9

*Harleysville Worchester Mut. Ins. Co. v. Bank of Am., N.A.*
*(In re Suprema Specialties, Inc.),* 370 B.R. 517 (S.D.N.Y. 2007),
*aff'd,* 309 F. App'x 526 (2d Cir. 2009)...................................................................................8

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. First Nat'l Bank of Little Rock, Ark.,*
774 F.2d 909 (8th Cir. 1985) ..................................................................................................5

*In re N.Y. Trap Rock Corp.,*
153 B.R. 648 (Bankr. S.D.N.Y. 1993).....................................................................................7

*In re Oneida, Ltd.*,
 400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229,
 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ...................................................................4

*In re Rockefeller Ctr. Props.*,
 272 B.R. 524 (Bankr. S.D.N.Y. 2000) ...................................................................4

*Shelton v. Firestone Tire & Rubber Co.*,
 662 S.W.2d 473 (Ark. 1983) ...................................................................5

*In re Wedtech Corp.*,
 85 B.R. 285 (Bankr. S.D.N.Y. 1988) ...........................................................6, 7, 8

### STATUTES/RULES

11 U.S.C. § 105 ...................................................................9

11 U.S.C. § 502 ...................................................................4

28 U.S.C. § 157 ...................................................................2

28 U.S.C. § 1334 ...................................................................2

Ark. Stat. Ann. § 34-1002 ...................................................................4

Fed. R. Bankr. P. 1015 ...................................................................9

Fed. R. Bankr. P. 3007 ...................................................................1, 2

Fed. R. Bankr. P. 9007 ...................................................................9

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

### **Relief Requested**

1.      The Debtors file this objection (the **"Objection"**), pursuant to section

502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving the

procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079),

establishing November 30, 2009 as the bar date (the **"Bar Date"**).

2.      Through this Objection, the Debtors seek entry of an order disallowing

and expunging Proof of Claim Nos. 67121 and 67122 (collectively, the **"Claims"**) respectively

filed by Superior Industries, International, Inc. and Superior Industries International - Arkansas,

Inc. (together, the **"Superior Industries Parties"**), annexed hereto as **Exhibits** "**A**" and "**B**,"

because:  (i) the Debtors are not liable to the Superior Industries Parties for the Claims, and (ii)

even if they were, the Claims are contingent and should be expunged under section 502(e)(i)(B)

of the Bankruptcy Code.  Both Claims were brought against MLC and are substantively

identical.  (*Compare* Ex. A *with* Ex. B.)  Annexed to each Proof of Claim is a "Rider," which

includes a summary of the claim and a complaint (the "**Complaint**") in support of the Claims.

3.      The Complaint demonstrates that the Superior Industries Parties were co-

defendants with MLC in an action filed over five years ago in Circuit Court of Lonoke County,

Arkansas, styled *Moery, et al. v. General Motors Corporation, et al.* (the "**Moery Action**").  (*See*

Ex. A at attached Compl. at 1; Ex. B at attached Compl. at 1.)  No judgment was entered in the

Moery Action, and the Moery Action was dismissed without prejudice on November 14, 2008.

(*See* Rule 41 Order of Dismissal (Nov. 14, 2008), annexed hereto as **Exhibit** "**C**.")  Despite the

dismissal of the Moery Action over two years ago, and more than six months before the

commencement of these chapter 11 cases, the Superior Industries Parties' Claims seek

unliquidated sums for "contribution and/or indemnification" "*if* a judgment is entered against

Claimant in the Moery Action or *if* Claimant is otherwise required to accept responsibility for

any liability in connection with the Moery Action."  (*See* Ex. A at Rider ¶ 3 (emphasis added);

Ex. B at Rider ¶ 3 (emphasis added).)

        4.      The key word is "*if*."  As a preliminary matter, MLC should have no

liability for the Superior Industries Parties' Claims for indemnification or contribution related to

the Moery Action because the Moery Action has been dismissed and, to the best of the Debtors'

knowledge, has not been revived.  Moreover, the Claims are contingent claims and are subject to

disallowance under section 502(e)(1)(B) of the Bankruptcy Code.  Thus, pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Bar Date Order, the Debtors

seek entry of an order disallowing and expunging the Claims from the claims register.[1]

## Jurisdiction

        5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

**A.**    **The Bar Date Order**

        6.      On September 16, 2009, this Court entered the Bar Date Order which,

among other things, established November 30, 2009 as the Bar Date and set forth procedures for

---

[1]  The Debtors reserve their rights to object to the Claims on any other basis as to which the Court does not grant the relief requested herein.

2

filing proofs of claims.  The Bar Date Order requires, among other things, that a proof of claim

must *"set forth with specificity"* the legal and factual basis for the alleged claim and include

supporting documentation or an explanation as to why such documentation is not available.  (Bar

Date Order at 2.)

       **B.**     **The Superior Industries Parties' Claims**

       7.     On the Bar Date, the Superior Industries Parties filed their Claims.  (*See*

Ex. A at 1; Ex. B at 1.)  The Claims do not specify an amount and are unliquidated.  (*See id.*)

The purported basis for the Claims rests on the Moery Action, a putative class action against the

Superior Industries Parties and MLC brought on behalf of certain Arkansas residents who

alleged defects in certain model year General Motors Corporation ("**GM**") vehicles equipped

with 16 inch aluminum alloy rear wheels with rear disc brakes.   (*See* Ex. A at attached Compl.

¶¶ 1, 21; Ex. B at attached Compl. ¶¶ 1, 21.)

       8.     The Superior Industries Parties allege that they are entitled to

"contribution and/or indemnification" related to the Moery Action.  Specifically, they allege that

they are in the business of providing aluminum road wheels to vehicle manufacturers, including

former GM, and further that:

> if a judgment is entered against Claimant in the Moery Action or if
> Claimant is otherwise required to accept responsibility for any
> liability in connection with the Moery Action or any other action
> based on upon the same or similar facts described in the Moery
> Complaint and/or any other pleadings that may have been, or may
> in the future be, filed, then Claimant will be entitled to contribution
> and/or indemnification against the Debtor.

(*See* Ex. A at Rider ¶ 3; Ex. B at Rider ¶ 3.)

       9.     The Moery Action was dismissed without prejudice on November 14,

2008, over a year before the Superior Industries Parties filed their Claims in these chapter 11

cases. (*See* Ex. C.)[2] The Debtors are not aware of any actual or threatened re-filing of the

Moery Action or any other case based upon the facts alleged in the Complaint.

<u>**The Relief Requested Should Be Approved by the Court**</u>

I.    **THE CLAIMS SHOULD BE DISALLOWED BECAUSE
MLC HAS NO LIABILITY TO THE SUPERIOR INDUSTRIES
PARTIES FOR INDEMNIFICATION OR CONTRIBUTION
<u>RELATED TO A DISMISSED LAWSUIT</u>**

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

*In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL

234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr.

LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

539 (Bankr. S.D.N.Y. 2000).

11.    Section 502(b)(1) of the Bankruptcy Code provides that a claim may not

be allowed to the extent that "such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Here, as an initial

matter, MLC is not liable to the Superior Industries Parties on the basis of indemnification or

contribution, because no judgment was entered or satisfied in the Moery Action, and the case has

been dismissed. (*See* Ex. C.) *See* Ark. Stat. Ann. § 34-1002 ("A joint tortfeasor is not entitled to

a money judgment for contribution until he has by payment discharged the common liability or

---

[2]    At the time they filed their Claims, the Debtors believe that the Superior Industries Parties were unaware that the
Moery Action had been dismissed over a year before, as the Riders attached to the proof of claim forms incorrectly
describe the Moery Action as pending. (*See, e.g.*, Ex. A at Rider ¶ 3 ("The Debtor was, as of the commencement of
the above-referenced bankruptcy case, and still is, a defendant to [the Moery Action], pending in the Circuit Court of
Lonoke County, Arkansas."); Ex. B at Rider ¶ 3 (same).) Debtors' counsel informed counsel for the Superior
Industries Parties that the Moery Action had been dismissed, but nevertheless, thus far the Superior Industries
Parties have refused to withdraw their Claims.

has paid more than his pro rata share thereof."); *Shelton v. Firestone Tire & Rubber Co.*, 662

S.W.2d 473, 475 (Ark. 1983) (holding right to contribution exists only when one tortfeasor has

already paid judgment); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. First Nat'l Bank of Little*

*Rock, Ark.*, 774 F.2d 909, 917 (8th Cir. 1985) (party seeking indemnification must show that it

was previously compelled to pay money it seeks to recover).  Further, the Superior Industries

Parties have been unable to proffer any written agreement requiring MLC to indemnify them,

and MLC does not believe any such agreement exists.

> 12.    Accordingly, the Debtors have no obligation to the Superior Industries

Parties, and to avoid the possibility of improper recovery against the Debtors' estates and for the

benefit of the proper creditors of the Debtors, the Debtors request that the Court disallow the

Claims and expunge them in their entirety.

## II.    THE CLAIMS SHOULD BE DISALLOWED UNDER SECTION 502(E)(1)(B) BECAUSE THEY ARE CONTINGENT CLAIMS

> 13.    The Claims should also be disallowed because they are contingent co-

liability claims barred by section 502(e)(1)(B) of the Bankruptcy Code.  Section 502(e)(1)(B) of

the Bankruptcy Code provides, in relevant part, that the court shall disallow any claim for

reimbursement or contribution from an entity that is liable with the debtor to the extent that

"such claim for reimbursement or contribution is contingent as of the time of allowance or

disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B).

> 14.    There are two distinct policies behind section 502(e)(1)(B).  First, section

502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant

recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga.*

*Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20,

1995), *aff'd*, 93 F.3d 56 (2d Cir. 1996) (citations omitted).  Second, section 502(e)(1)(B) furthers

the administration of bankruptcy cases by preventing "contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case." *In re GCO, LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (citation omitted); *see also In re Alper Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B) enables "distribution to unsecured creditors without a reserve for these types of contingent claims when the contingency may not occur until after the several years it often takes to litigate the underlying lawsuit").

15.     As this Court recently held in *In re Chemtura Corp.,* for a claim to be disallowed under section 502(e)(1)(B), three elements must be satisfied:

(1)     the claim must be for reimbursement or contribution;

(2)     the party asserting the claim must be liable with the debtor on the claim of a third party; and

(3)     the claim must be contingent at the time of its allowance or disallowance.

436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also In re GCO,* 324 B.R. at 465 (citations omitted); *In re Wedtech*, 85 B.R. at 289 (citation omitted).  As discussed below, each of these three elements is satisfied with respect to the Claims.

A.     **The Claims Seek Reimbursement and/or Contribution**

16.     The definition of contribution or reimbursement for the purposes of section 502(e)(1)(B) is broad, as courts have held that any claim for reimbursement or contribution, whether arising through common law, contract, or statute, is subject to disallowance under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (applying 502(e)(1)(B) to common law theories of contribution); *In re Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for

indemnification); *In re N.Y. Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting

claim for contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re

Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all

situations where indemnitors or contributors could be liable with the debtor within the scope of

§ 502(e)(1)(B)."). Significantly, for purposes of section 502(e)(1)(B), a claim for

indemnification constitutes a claim for reimbursement. *In re Alper Holdings*, 2008 WL

4186333, at \*5 (citing *In re Wedtech*, 85 B.R. at 290; *In re GCO,* 324 B.R. at 465); *see also In re

Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 986 ("***Drexel II***") (Bankr. S.D.N.Y. 1992)

("courts have always recognized the application of § 502(e)(1)(B) to contractual claims for

reimbursement which remain contingent").

17.     As noted above, the Claims were filed by claimants who are allegedly co-

liable with the Debtors on claims of a third party and are seeking a contingent and unliquidated

contribution or reimbursement amount from MLC with respect to those third party claims.

Regardless of whether the Claims are based upon common law theories of contribution or a

contractual right to reimbursement or indemnification, the case law, as set forth above, clearly

indicates that the Claims fall within the purview of section 502(e)(1)(B). Accordingly, the first

element of section 502(e)(1)(B) is readily established.

**B.      The Superior Industries Parties Are Allegedly Co-Liable with the Debtors**

18.     As to the second element, that the party asserting the claim must be

allegedly co-liable with a debtor on the claim of a third party, courts have stated that this

requirement is to be interpreted broadly, and may be satisfied upon a finding that "the causes of

action in the underlying lawsuit assert claims upon which, if proven, the debtor *could be* liable

but for the automatic stay." *In re Chemtura*, 436 B.R. at 295 (quoting *In re Wedtech*, 85 B.R. at

290) (emphasis added); *see also In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio

1985) ("The phrase 'an entity that is liable with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever its basis."). A claimant may be co-liable with a debtor even where the underlying plaintiff fails to file a proof of claim against the debtor, *id.* at 294, and even after the bankruptcy court disallows the underlying plaintiff's claim against the debtor, *In re Alper Holdings*, 2008 WL 4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where its use would prevent "double recoveries" against the estate).

19.    The Claims satisfy the requirement that their holders are allegedly co-liable with the Debtors on the underlying claim of a third party. The Claims are based upon the claim or potential claim of the underlying plaintiff, pursuant to which both the holder of the Claim and the Debtors may be found liable. Clearly, the Superior Industries Parties are alleged to be co-liable with the Debtors on the products liability and tort claims asserted by plaintiffs in the Moery Action.[3] As such, the second element is satisfied with respect to each of the Claims.

### C.    The Claims Are Contingent

20.    The third and final element is that the claim must be contingent at the time of its disallowance, and may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen and will only exist "after it is triggered by the occurrence of a future event." *In re Alper Holdings*, 2008 WL 4186333, at *5. The law is "well-settled that the claim of a co-liable party under [section] 502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (Bankr. S.D. Ohio 1992), *aff'd*, 164 B.R. 265 (S.D.

---

[3]  It is well-settled that a party that is subrogated to the rights of another occupies the same position and has no greater rights than the person or entity whose shoes it steps into. *See Harleysville Worchester Mut. Ins. Co. v. Bank of Am., N.A. (In re Suprema Specialties, Inc.)*, 370 B.R. 517, 528 (S.D.N.Y. 2007) ("Subrogation to the rights of [an obligee], however, provides the [secondary obligor], by definition, no greater rights than those possessed by [the obligee] itself."), *aff'd*, 309 F. App'x 526 (2d Cir. 2009).

Ohio 1994) (citations omitted); *see In re Chateaugay,* 1995 WL 429018, at *3 (finding claim to

be contingent under section 502(e)(1)(B) because claimant did not pay underlying obligation);

*Drexel II,* 148 B.R. at 987 (same).  For a claim to be disallowed under section 502(e)(1)(B), the

claim need only be contingent as of the date of the court's ruling to disallow the claim.  *In re*

*GCO*, 324 B.R. at 466; *In re Alper Holdings*, 2008 WL 4186333, at *5.

21.     Here, the Claims are contingent since the Superior Industries Parties have

not made payment on the underlying obligation for which they seek contribution or

indemnification from MLC.  As such, no right to payment has yet arisen on these contingent

claims, and it may later be revealed that the Superior Industries Parties may not even be liable

themselves on the underlying obligations.

22.     As the Claims satisfy each of the three elements under section

502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

### Notice

23.     Notice of this Objection has been provided to the Superior Industries

Parties and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C.

§ 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management

Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is

sufficient and no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

## Conclusion

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      January 27, 2011

                /s/ Joseph H. Smolinsky
                Harvey R. Miller
                Stephen Karotkin
                Joseph H. Smolinsky

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

## EXHIBIT A

**Proof of Claim No. 67121**

7014111

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)
☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows.**

NOV 30 2009

US BANKRUPTCY COURT SDNY

Name of Creditor (the person or other entity to whom the debtor owes money or property) SUPERIOR INDUSTRIES INTERNATIONAL, INC

Name and address where notices should be sent
SUPERIOR INDUSTRIES INTERNATIONAL, INC
ATTN ROBERT A EARNEST, ESQ
7800 WOODLEY AVENUE
VAN NUYS CA 91406

Arent Fox LLP
Attn James Sullivan, Esq
1675 Broadway
New York, NY 10019
(212) 484-3900
sullivan james@arentfox com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Telephone number (212) 484-3900
Email Address sullivan james@arentfox com

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)
SUPERIOR INDUSTRIES INTERNATIONAL, INC
ATTN ROBERT A EARNEST, ESQ
7800 WOODLEY AVENUE
VAN NUYS, CA 91406

**FILED - 67121**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

Telephone number

1 Amount of Claim as of Date Case Filed, June 1, 2009    $ See attached
If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim    See attached
(See instruction #2 on reverse side )

3 Last four digits of any number by which creditor identifies debtor _____
3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4 Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____  Amount Unsecured $_____

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) & 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11/24/09

Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any
Arent Fox LLP
Attorneys for Superior Industries International, Inc

James Sullivan
Partner

FOR COURT USE ONLY

THE GARDEN CITY GROUP, INC
DEC 4 2009

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

2793788295

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017 4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELLIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**
**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M   (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor s name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below )  A claim may be partly priority and partly non priority 1 or example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below )  Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (RLG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (RFG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (RLG) |
| MLC of Harlem, LLC | |
| (f/k/a Chevrolet Saturn of Harlem, Inc ) | 09-13558 (RLG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor s right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor s business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social security, individual's

### INFORMATION

tax identification, or financial account number, all but the initials of a minor s name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

Arent Fox LLP / **New York, NY** / Washington, DC / Los Angeles, CA

# Arent Fox

**James M. Sullivan**
212 484 3945 DIRECT
212 484 3990 FAX
sullivan james@arentfox com

November 25, 2009

BY HAND DELIVERY

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

NOV  3 0 2009

Re    Motors Liquidation Company f/k/a General Motors Corporation
      Case No  09-50026 (REG)

Dear Sir or Madam

Attached please find 2 originals and 2 copies of Proof of Claims against the above referenced
Debtor in connection with the above-referenced matter

Kindly file the originals and return the time stamped copies to me in the enclosed self-addressed,
stamped envelope

Thank you

Sincerely,

James M  Sullivan

JMS/ba

Encls

NYC/453986 1

SMART IN YOUR WORLD*

1675 Broadway
New York  NY 10019 5820
**T** 212 484 3900  **F** 212 484 3990

1050 Connecticut Avenue, NW
Washington  DC 20036 5339
**T** 202 857 6000  **F** 202 857 6395

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013 1065
**T** 213 629 7400  **F** 213 629 7401

## RIDER

**In re Motors Liquidation Company (f/k/a General Motors Corporation)**
**Case No. 09-50026-REG**

Summary of Claim for Superior Industries International, Inc

1        Arent Fox LLP, located at 1675 Broadway, New York, New York 10019, is

authorized to make and hereby submits this proof of claim on behalf of Superior Industries

International, Inc (the "Claimant")

2        Claimant is in the business of providing cast and forged aluminum road wheels

for the automotive industry   Motors Liquidation Company (f/k/a General Motors Corporation)

(the "Debtor") and Claimant was a party to a number of transactions where Claimant provided

various goods to the Debtor

3        The Debtor was, as of the commencement of the above-referenced bankruptcy

case, and still is, a defendant to a lawsuit entitled *Moery v  General Motors Corporation et al* ,

Case No  CV 2005-70 (the "Moery Action"), pending in the Circuit Court of Lonoke County,

Arkansas   A copy of the complaint (the "Moery Complaint") filed in the Moery Action is

attached hereto as Exhibit A   Claimant is a codefendant with the Debtor in the Moery Action

As a result, if a judgment is entered against Claimant in the Moery Action or if Claimant is

otherwise required to accept responsibility for any liability in connection with the Moery Action

or any other action based upon the same or similar facts described in the Moery Complaint

and/or other pleadings that may have been, or may in the future be, filed, then Claimant will be

entitled to contribution and/or indemnification against the Debtor

4        Claimant reserves the right to (i) amend, modify, supplement or update this claim

at any time or in any respect, (ii) file a request for allowance and/or payment of administrative

expenses in accordance with 11 U S C §§ 503 and 507, and (iii) file additional proofs of claim in respect to any other claim, liability, or indebtedness of the Debtor to Claimant

5      This claim is submitted without prejudice to Claimant's rights in all respects Claimant does not waive any rights that it has or may have against the Debtor or its estate Nothing contained in this claim shall be construed as limiting any of Claimant's rights, remedies and interests

6      The filing of this claim is not  (i) a waiver or release of Claimant's rights against any person, entity or property, (ii) a consent by Claimant to the jurisdiction with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant, (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant, (iv) an election of remedy, or (v) a waiver of any past, present or future defaults or breaches  Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor, the Committee or by any trustee or representative for this estate or the Debtor

7      Claimant reserves all of its rights and claims that it may have, or which may arise in the future, in connection with the transactions and/or litigation that is subject of this claim, including without limitation, any claim that may arise as a consequence of any action, omission or conduct by or on behalf of the Debtor, the Committee or by any trustee or representative for

NYC/451750 2

this estate or the Debtor, or for any violation of any rights of Claimant with respect thereto, whether constituting a breach of contract, tort or creating a right to equitable relief

8       Claimant expressly reserves any and all rights to amend, modify, supplement, withdraw, or clarify this claim, or any portion thereof  Claimant hereby also reserves all of its other rights and claims, whether absolute, inchoate, contingent, liquidated or unliquidated and however arising, including on account of any act or position of the Debtor, the Committee, or by any trustee or representative for this estate or the Debtor that might deprive Claimant of any of its rights and/or cases thereunder, whether constituting a breach of contract or a tort or creating any right to equitable relief  Nothing herein should be deemed or construed as a waiver of any rights or remedies that Claimant may have and all such rights and remedies are hereby expressly reserved  Claimant reserves the right to amend or otherwise supplement this Rider

9       No judgment has been rendered on this claim

10      The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

11      All notices and communications concerning this proof of claim should be addressed as follows

> Superior Industries International, Inc
> Attn.  Robert A  Earnest, Esq
> 7800 Woodley Avenue
> Van Nuys, CA 91406

and to

> Arent Fox LLP
> Attn  James M  Sullivan, Esq
> 1675 Broadway
> New York, NY 10019
> Telephone  212-484-3900
> Facsimile 212-484-3990
> Email: sullivan james@arentfox com

NYC/451750 2

# EXHIBIT A



NYC/451750 2

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS

_____ DIVISION

2009 FEB 16 PM 4: 02

DEBOR HOGLESBY
LONOKE CO CIRCUIT CLERK

DEPUTY CLERK

Robert E. Moery and Kyle Moery,
individually and on behalf of all other
Arkansas residents similarly situated,

Plaintiffs,

v.

GENERAL MOTORS CORPORATION, a
Delaware corporation,
SUPERIOR INDUSTRIES, INC.,
SUPERIOR INDUSTRIES
INTERNATIONAL, INC., and
SUPERIOR INDUSTRIES
INTERNATIONAL, – ARKANSAS, INC.,

Defendants

Case No. CV 2009-70

**COMPLAINT**

**(Class Action)**

**JURY TRIAL DEMANDED**

Plaintiffs Robert E Moery and Kyle Moery, on behalf of themselves and other similarly-situated Arkansas residents, file this Complaint against the defendants, and for their causes of action would show unto the Court the following

## INTRODUCTION

1    This individual and proposed class action seeks monetary damages on behalf of all Arkansas residents who own or lease vehicles manufactured by GM, model year 1999 to the present, which vehicles (the "Subject Vehicles") are equipped with 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes

2    Commencing during or around the 1999 model year, GM began manufacturing, marketing, distributing, and selling the Subject Vehicles, using 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes

3.    Upon information and belief, Superior Industries, Inc., Superior Industries International, Inc and Superior Industries International, - Ark Inc (hereinafter referred to

394002 1

1   collectively as "Superior") supplied the aluminum/aluminum alloy wheel rims for these vehicles

2   to GM.

3          4      The Subject Vehicles are uniformly and inherently defective and

4   dangerous, and prematurely fail under ordinary driving conditions, far in advance of their

5   expected useful life

6          5.     The Subject Vehicles' 16 inch aluminum/aluminum alloy rear wheel disc

7   brake assemblies are defective in that they readily permit stones, rocks, pieces of asphalt and

8   other debris to lodge between the brake caliper and aluminum/aluminum alloy wheel  The debris

9   are lodged against the wheel and act like a lathe, cutting through the rim near the center –scoring

10   the wheel, gouging it, perforating it or cutting it in half  When lodged between the brake and

11   wheel, the debris also acts as a *de facto* brake – stopping that wheel from rotating during driving

12   and thereby causing sudden, extreme instability.

13          6      The defective rear wheel disc brake assemblies require replacement at a

14   cost of less than $100.00

15          7      Upon information and belief, the defendants learned of the propensity of

16   the Subject Vehicles' rear wheel disc brake assemblies to fail from consumers, technicians, their

17   own testing, and GM's records of excessive warranty replacements of the Subject Vehicles' rear

18   wheels.

19          8      The defendants have concealed and/or failed to disclose knowledge of the

20   defective nature of the rear wheel disc brake assemblies in the Subject Vehicles from the

21   representative Plaintiffs and the proposed Class.

22          9.     Due to the defective rear wheel disc brake assemblies in the Subject

23   Vehicles, the ongoing degradation and damage to the wheels of the Subject Vehicles arising there

24   from, and the inherent danger of wheel failure and instability when the Subject Vehicles are in

25   use, the Subject Vehicles are unreliable and do not perform in accordance with the reasonable

26   expectations of the representative Plaintiffs and Class.

27          10.    As a result of the defendants' conduct, the plaintiffs and the proposed class

28   members have been harmed and have suffered actual damages   The rear wheel disc brake

394002 1                   - 2 -

1  assemblies in the Subject Vehicles experience continuous and progressive premature degradation,

2  and the wheels on the Subject Vehicles fail long before their expected useful life has run

3      11.    The defendants have not successfully corrected the defective rear wheel

4  disc brake assemblies, but have instead continued to produce and sell the Subject Vehicles with

5  defective rear wheel disc brake assemblies, while concealing and/or failing to disclose their

6  failures.

### JURISDICTION AND VENUE

12    This Court has jurisdiction and venue over this action because

(a)    GM does business in and throughout Arkansas;

(b)    Superior Industries, Inc. and Superior Industries International, Inc do business in Fayetteville, Rogers and Heber Springs, Arkansas,

(c)    Superior Industries International, -Ark Inc is an Arkansas Corporation, and

(d)    The representative Plaintiffs are residents of Lonoke County, State of Arkansas and have sustained the damages alleged herein within Lonoke County in the State of Arkansas.

13    The amount in controversy as to each Plaintiff and Class member alleged herein is less than $75,000 00 exclusive of interest and costs, given the relatively modest individual value of the damages they have incurred and the proportionally limited amount of punitive damages allowable under controlling Supreme Court authority

### PARTIES

**Plaintiffs**

14    Robert E. Moery is a resident of Lonoke County, Arkansas

15    Kyle Moery is a resident of Lonoke County, Arkansas.

**Defendants**

16.    General Motors Corporation ("GM") is a corporation organized under the laws of Delaware with its principal place of business located in Michigan. GM is qualified to do business in Arkansas. Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201

17.    Superior Industries, Inc./Superior Industries International, Inc is a corporation with its principal place of business located in Van Nuys, California   Superior Industries, Inc./Superior Industries International, Inc. is qualified to do business in the State of Arkansas   Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

18    Superior Industries International, - Ark Inc is an Arkansas Corporation   Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201

19    At all times relevant to the allegations in this Complaint, the defendants manufactured, warranted, advertised, distributed and sold the Subject Vehicles in Arkansas

20    Through its own efforts and through its network of authorized dealerships and repair departments acting as its agents, GM manufactured, warranted, advertised, distributed and sold the Subject Vehicles throughout Arkansas

## CLASS ACTION ALLEGATIONS

21    Plaintiffs bring this action on behalf of themselves and all similarly-situated Arkansas residents pursuant to Rule 23 of Arkansas Rules of Civil Procedure. The Class consists of:

> All residents of the State of Arkansas who purchased and who continue to own a new General Motors vehicle, model year 1999 to the present, equipped with manufacturer-installed, 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes.

> Excluded from the Class are    (1) the defendants, any entity in which any defendant has a controlling interest, and its legal representatives, officers, directors, assigns and successors, or any entity which has or at any time had a controlling interest in any

394002 1                                    - 4 -

defendant, (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) personal injury claimants; and (4) all persons or entities that submit timely and otherwise proper requests for exclusion from the Class.

22.    The Class is comprised of many thousands of vehicle owners, statewide, making joinder impracticable. The disposition of the claims of the Class in a single class action proceeding will provide substantial benefits to all parties and to the Court.

23.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual members  The Plaintiffs and Class assert common legal claims, to which a single state's law applies  All Plaintiffs' and Class members' Subject Vehicles suffer from a uniform, inherent defect

24.    The defendants' misconduct is uniform and common to all Class members and gives rise to predominant questions of Arkansas law and of fact including

(a)    Whether the rear wheel disc brake assemblies are defective in that they cause continuous and ongoing damage to the rear wheels, and are substantially certain to fail under ordinary use conditions well in advance of their expected useful life,

(b)    Whether and when the defendants knew of the defective nature of the rear wheel disc brake assemblies;

(c)    Whether the defendants misrepresented, or knowingly concealed, suppressed or omitted information regarding the defective rear wheel disc brake assemblies in connection with the sale and advertising of the Subject Vehicles,

(d)    Whether the defendants were negligent;

(e)    Whether the defendants misrepresented or knowingly concealed, suppressed or omitted this information with intent that others rely upon such concealment, suppression or omission,

(f)    Whether the defendants were under a duty to inform Plaintiffs and the Class about the true defective nature of the rear wheel brake assemblies,

(g)    Whether GM breached its warranty on the Subject Vehicles in selling them with the defective rear wheel disc brake assemblies,

394002 1

- 5 -

COMPLAINT AND JURY TRIAL DEMAND

(h)        Whether the defendants have been unjustly enriched such that it would be inequitable for them to retain the benefits conferred upon them by Plaintiffs and the Class;

(i)        Whether compensatory, and punitive damages ought to be awarded to Plaintiffs and the Class;

25.    The representative Plaintiffs' claims are typical of the claims of the Class members in that the representative Plaintiffs, like all Class members, have purchased a new Subject Vehicle and suffered monetary losses.

26    The Plaintiffs and all Class members have been damaged by the defendants' uniform misconduct in that they have suffered ongoing, progressive damage to their rear wheels and have incurred or will incur the cost of replacing the rear wheel brake assemblies or wheels

27    The Plaintiffs and all Class members have been damaged by the defendants' uniform misconduct in that the defective design of the rear wheel brake assemblies has already manifested itself on their wheels in the form of gouging or scoring of the wheel rims

28    Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective automobiles and components  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so  Neither the named Plaintiffs nor their counsel have any interests adverse to those of the Class

29    A class action is superior to other available methods for fair and efficient adjudication of this controversy  In view of the complexity of the issues and the expense that individual Class members would incur in attempting to obtain relief from large corporations such as the defendants, the separate claims of individual Class members are monetarily insufficient to support separate actions  Also, because of the small size of the individual Class members' claims, few, if any, could afford to seek legal redress for the wrongs complained of in this Complaint

394002 1

- 6 -

1    30    The class treatment of common questions of law and fact is also superior to

2    multiple individual actions or piecemeal litigation in that it conserves the resources of the courts

3    and the litigants, and promotes consistency and efficiency of adjudication.

4    31.    The Class is readily definable, and prosecution as a class action will

5    eliminate the possibility of repetitious litigation.

6    32    Absent a class action, Class members will continue to suffer losses, the

7    defendants' violations of law will be allowed to proceed without remedy, and the defendants will

8    retain substantial ill-gotten gains received as a result of its wrongdoing  In addition, without a

9    class action, the Subject Vehicles will remain on the road in their dangerously defective condition

10    unbeknownst to the Class members, thereby threatening the lives of Class members, their

11    families, and anyone else who is traveling in or around the Subject Vehicles when one of the rear

12    wheels fail or debris lodges causing one of the rear wheels to stop rotating, causing sudden,

13    extreme instability.

14    33    A class action therefore provides a fair, efficient and superior method for

15    adjudicating this controversy.

### TOLLING OF THE STATUTE OF LIMITATIONS

18    34    The causes of action alleged herein accrued upon discovery of the latently

19    defective nature of the Subject Vehicles' rear wheel disc brake assemblies  Because the defect is

20    latent, and was actively, fraudulently concealed, and suppressed by the defendants, the

21    representative Plaintiffs and Class did not discover and could not have discovered through the

22    exercise of reasonable diligence the true nature of the rear wheel brake assemblies on the Subject

23    Vehicles

### STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION

**(Violation of Arkansas Deceptive Trade Practices Act, Ark. Code An. § 4-88-100 *et seq.*)**

27    35    Plaintiffs incorporate by reference all preceding paragraphs as if fully set

28    forth herein

1      36.    The Arkansas Deceptive Trade Practices Act prohibits knowingly making a

2  false representation as to the characteristics, uses or benefits, of goods  It furthermore prohibits

3  advertising goods or services with the intent not to sell them as advertised  The Act also prohibits

4  the use of any other unconscionable, false or deceptive act or practice in business, commerce or

5  trade

6      37    The defendants, acting in concert, engaged in unconscionable practices

7  including but not limited to through misrepresentation of the nature of the Subject Vehicles as

8  being safe and free of defect, and knowing concealment, suppression or omission of data

9  regarding the defective nature of the rear wheel disc brake assemblies to Plaintiffs and the Class

10  the fact that the rear wheel brake assemblies in the Subject Vehicles are defective, suffer on

11  going, progressive degradation, and prematurely fail

12      38    The fact that the rear wheel disc brake assemblies are defective, and prone

13  to premature failures is a material fact in that a reasonable person would have considered it

14  important in deciding whether or not to purchase (or to pay the same price for) the Subject

15  Vehicles, and whether or not to replace (or to pay the same price to replace) failed rear wheels

16  and brake assemblies with the same defective part

17      39    The defendants intended others to rely upon its misrepresentations, and its

18  knowing concealment, suppression and omission of this information.

19      40    To this day, the defendants continue to engage in unlawful practices in

20  violation of the Arkansas Deceptive Trade Practices Act , as the defendants continue to conceal

21  the true defective nature of the rear wheel disc brake assemblies in the Subject Vehicles

22      41    As a direct and proximate cause of the defendants' misconduct, all

23  Plaintiffs and Class members have suffered actual damages in that they have or have had

24  defective rear wheel brake assemblies that have caused already manifested and ongoing damage

25  to the rear wheels of their Subject Vehicles, and they have had or will have to pay to replace

26  them

27

28

394002 1                                      - 8 -

## SECOND CAUSE OF ACTION
### (Ark. Code. Ann. § 4-86-102 -- Strict Liability)

42.      All preceding allegations are incorporated by reference as if fully set forth herein.

43      The defendants manufactured, assembled, sold and/or distributed the Subject Vehicles and the defective rear wheel disc brake assemblies thereon.

44      For the reasons discussed above, the Subject Vehicles and specifically the rear wheel disc brake assemblies thereon were defective, and the defective nature rendered them unreasonably dangerous

45      As a direct and proximate result of the dangerous condition of the Subject Vehicles, the representative plaintiffs and the class members have suffered property damage for which they are entitled to compensatory damages.

## THIRD CAUSE OF ACTION
### (Negligence)

46      All preceding allegations are incorporated by reference as if fully set forth herein.

47      The defendants owed a duty to the representative Plaintiffs and the Class members, to use ordinary care in the design, manufacture, and assembly of the Subject Vehicles

48      The defendants knew or should have known of the dangerous and defective nature of the Subject Vehicles and their rear wheel disc brake assemblies

49      The defendants breached their duties to the representative Plaintiffs and the Class by negligently designing, manufacturing, and distributing inherently defective Subject Vehicles

50      The Subject Vehicles and their rear wheel disc brake assemblies were defective for normal and foreseeable use by the general public

51      As a direct and proximate result of the defective condition of the Subject Vehicles, the representative Plaintiffs and Class have suffered monetary, property damages in the form of scoring and gauging of the wheel rims, leaving them weakened and unsafe

## FOURTH CAUSE OF ACTION
### (Common Law Fraudulent Concealment and/or Nondisclosure)

52    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein

53.    The defendants made misrepresentations about the true nature of the Subject Vehicles by fraudulently concealing from and/or intentionally failing to disclose to Plaintiffs, the Class, and all others in the chain of distribution the true nature of the rear wheel disc brake assemblies

54    The defendants knew or believed that its representations regarding their Subject Vehicle were false,

55    The defendants made these representations with an intention that the representative Plaintiffs and the Class act in reliance on them.

56    The representative Plaintiffs and Class reasonably relied on the defendants' misrepresentations

57    The defendants were and are under a duty to Plaintiffs and the Class to disclose these facts based upon the relationship of the parties, the nature of the risk arising from this defect, and the public interest in full and fair disclosure from manufacturers of latent, hidden, deadly defects

58.    Good faith and common decency required the defendants to disclose the true nature of the rear wheel disc brake assemblies on the Subject Vehicles

59    Furthermore, the defendants owed a duty to disclose this material information because they are in a superior position to know the true character and quality of the vehicles, and the design defect is hidden, and because they make partial disclosures about the nature of the Subject Vehicles while not revealing their true character or quality

60.    As a direct and proximate cause of the defendants' misconduct, Plaintiffs and Class members have suffered actual damages in that they have or have had defective rear wheel brake assemblies, and have had or will have to pay to replace them

## FIFTH CAUSE OF ACTION AS TO DEFENDANT GM
### (Breach of Contract of Warranty)

61.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

62.     GM warranted through its advertising and marketing practices that the Subject Vehicles were reliable, and further warranted by its manufacturer's express warranty that the Subject Vehicles were free from defects in materials or workmanship for three years or thirty-six thousand miles.

63     Plaintiffs and Class members purchased the Subject Vehicles on the basis of GM's warranty(ies) that the Subject Vehicles were reliable and free from defects in materials or workmanship

64     GM manufactured the Subject Vehicles with uniformly and inherently defective rear wheel brake assemblies as original equipment.

65.     As such, the Subject Vehicles did not conform with GM's warranty from the moment the Subject Vehicles left GM's manufacturing facility.

66     GM has breached its warranty(ies) to the Plaintiffs and Class

67     As a direct and proximate result of GM's breach of warranty, Plaintiffs and Class members have suffered damages.

## SIXTH CAUSE OF ACTION AS TO DEFENDANT GM
### (Unjust Enrichment)

68     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein

69.     GM has been unjustly enriched by having received the benefits conferred on them by Plaintiffs and Class members in the form of funds paid for the Subject Vehicles, and has accepted and retained such benefits under circumstances that it would be inequitable and unjust for the defendants to retain them.

COMPLAINT AND JURY TRIAL DEMAND

## REQUEST FOR PUNITIVE DAMAGES

70    The harm suffered by the representative Plaintiffs and the Class was the result of the defendants' acts or omissions alleged herein

71.    The defendants' acts and omissions alleged herein were intentional, willful, wanton and/or undertaken with such a conscious indifference to the consequences that malice may be inferred.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray that the Court enter judgment against GM and in favor of Plaintiffs and the Class, and award additional relief as follows

A.    Certify the proposed Class and any appropriate subclasses, appoint the named Plaintiffs as Class Representatives, and Plaintiffs' counsel as Class Counsel;

B.    Declare GM financially responsible to the Plaintiffs and Class members for actual compensatory damages associated with the Subject Vehicles' defective rear wheel brake assemblies, the cost of replacement of the rear wheel brake assemblies, and any other consequential or incidental damages incurred by the Plaintiffs and Class members, including damages for loss of use and for damage to the rear wheels and other component parts of the Subject Vehicles,

C.    Award Plaintiffs and the Class punitive damages to the extent allowable by law for the acts complained of herein,

D.    Award the Plaintiffs and the Class equitable relief in the form of restitution and disgorgement for the acts complained of herein,

E.    Award Plaintiffs and the Class their attorneys' fees and costs, as allowed by law, and/or from the common fund created hereby, and

F.    Such other or further relief as may be appropriate under the circumstances

1
2                          **JURY TRIAL DEMAND**
3
                Plaintiffs hereby demand a jury trial for all individual and Class claims so triable
4
5   DATED this _16th_ day of _February_, 2005
6                                              RESPECTFULLY SUBMITTED,
7
8
9                                              JERRY KELLY
                                               KELLY LAW FIRM, PLLC
10                                             P O Box 500
11                                             LONOKE, AR  72086
                                               (501) 676-5770
12                                             AR Bar No  84085
                                               ATTORNEY FOR PLAINTIFFS
13
14                                             PAUL BYRD
                                               BYRD LAW FIRM
15                                               323 Center Street, Suite 1300
                                               Little Rock, AR  72201
16                                             (501) 374-2973
                                               AR Bar. No  85020
17                                             ATTORNEY FOR PLAINTIFFS
18
19
20
21
22
23
24
25
26
27
28

394002 1                        - 13 -

## EXHIBIT B

**Proof of Claim No. 67122**

7014114

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Your Claim is Scheduled As Follows.**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 USC § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 USC § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) SUPERIOR INDUSTRIES INTERNATIONAL - ARKANSAS, INC

Name and address where notices should be sent
SUPERIOR INDUSTRIES INTERNATIONAL - ARKANSAS, INC
ATTN ROBERT A EARNEST, ESQ
7800 WOODLEY AVENUE
VAN NUYS CA 91406

Arent Fox LLP
Attn James Sullivan, Esq
1675 Broadway
New York, NY 10019
Telephone number (212) 484-3900
Email Address sullivan james@arentfox com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)
SUPERIOR INDUSTRIES INTERNATIONAL - ARKANSAS, INC
ATTN ROBERT A EARNEST, ESQ       **FILED - 67122**
7800 WOODLEY AVENUE
VAN NUYS, CA 91406       **MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
Telephone number       **SDNY # 09-50026 (REG)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

| | | |
|---|---|---|
| **1** Amount of Claim as of Date Case Filed, June 1, 2009 | $ **See attached** | **5** Amount of Claim Entitled to Priority under 11 USC § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount |

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 USC § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim **See attached**
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor _____

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____ Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____ Amount Unsecured $_____

Specify the priority of the claim

☐ Domestic support obligations under 11 USC § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 USC § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 USC § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 USC § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 USC § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 USC § 503(b)(9)/§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 USC § 507(a)(__)

**Amount entitled to priority**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**FOR COURT USE ONLY**

Date 11/24/09

**Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any
Arent Fox LLP
Attorney for Superior Industries
International, Arkansas, Inc
James Sullivan
Partner

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 USC §§ 152 and 3571
Modified B10 (GCG) (12/08)

NOV 30 2009 BANKRUPTCY COURT, SDNY

DEC 1 2009

4275553860

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004  ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 P M  (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These Chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009  You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case  Please provide us with a valid email address  A separate space is provided for the payment address if it differs from the notice address  The creditor has a continuing obligation to keep the court informed of its current address  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing  Follow the instructions concerning whether to complete items 4 and 5  Check the box if interest or other charges are included in the claim

**2  Basis for Claim**
State the type of debt or how it was incurred  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card  If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information  You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor s account or other number used by the creditor to identify the debtor, if any

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured  Skip this section if the claim is entirely unsecured  (See DEFINITIONS, below )  State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5  Amount of Claim Entitled to Priority Under 11 U S C  § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority  (See DEFINITIONS, below )  A claim may be partly priority and partly non priority  For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C  § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009 the date of commencement of these cases (See DEFINITIONS, below)  Attach documentation supporting such claim

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt  You may also attach a summary  You must also attach copies of documents that evidence perfection of any security interest  You may also attach a summary  FRBP 3001(c) and (d)  If the claim is based on the delivery of health care goods or services, see instruction 2  Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it  FRBP 9011  If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature  Print the name and title, if any, of the creditor or other person authorized to file this claim  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices  Attach a complete copy of any power of attorney  Criminal penalties apply for making a false statement on a proof of claim

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company | |
| (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC | |
| (f/k/a Saturn, LLC) | 09-50027 (RFG) |
| MLCS Distribution Corporation | |
| (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc | |
| (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor s right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing  See 11 U S C  § 101(5)  A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing  The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C  § 506(a)**
A secured claim is one backed by a lien on property of the debtor  The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors  The amount of the secured claim cannot exceed the value of the property  Any amount owed to the creditor in excess of the value of the property is an unsecured claim  Examples of liens on property include a mortgage on real estate or a security interest in a car  A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding  In some states, a court judgment is a lien  A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim  A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C  § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information  A creditor should redact and use only the last four digits of any social-security, individual s

tax identification, or financial account number, all but the initials of a minor s name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc , please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims  One or more of these entities may contact the creditor and offer to purchase the claim  Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor  These entities do not represent the bankruptcy court or the debtor  The creditor has no obligation to sell its claim  However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C  § 101 et seq ), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e mail at claims@motorsliquidation com

Arent Fox LLP / **New York, NY** / Washington, DC / Los Angeles, CA

# Arent Fox

**James M. Sullivan**
212 484 3945 DIRECT
212 484 3990 FAX
sullivan james@arentfox com

November 25, 2009

BY HAND DELIVERY

United States Bankruptcy Court, SDNY
One Bowling Green                                    NOV  3 0  2009
Room 534
New York, New York 10004

Re     Motors Liquidation Company f/k/a General Motors Corporation
        Case No  09-50026 (REG)

Dear Sir or Madam

Attached please find 2 originals and 2 copies of Proof of Claims against the above referenced
Debtor in connection with the above-referenced matter

Kindly file the originals and return the time stamped copies to me in the enclosed self-addressed,
stamped envelope

Thank you

Sincerely,

James M  Sullivan

JMS/ba

Encls

NYC/453986 1

SMART IN YOUR WORLD·

1675 Broadway
New York, NY 10019 5820
**T** 212 484 3900  **F** 212 484 3990

1050 Connecticut Avenue, NW
Washington, DC 20036 5339
**T** 202 8576000  **F** 202 8576395

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013 1065
**T** 213 629 7400  **F** 213 629 7401

## . **RIDER**

### In re Motors Liquidation Company (f/k/a General Motors Corporation)
### Case No. 09-50026-REG

<u>Summary of Claim for Superior Industries International – Arkansas, Inc</u>

1   Arent Fox LLP, located at 1675 Broadway, New York, New York 10019, is authorized to make and hereby submits this proof of claim on behalf of Superior Industries International – Arkansas, Inc (the "Claimant")

2   Claimant is in the business of providing cast and forged aluminum road wheels for the automotive industry  Motors Liquidation Company (f/k/a General Motors Corporation) (the "Debtor") and Claimant was a party to a number of transactions where Claimant provided various goods to the Debtor

3   The Debtor was, as of the commencement of the above-referenced bankruptcy case, and still is, a defendant to a lawsuit entitled *Moery v  General Motors Corporation et al* , Case No  CV 2005-70 (the "Moery Action"), pending in the Circuit Court of Lonoke County, Arkansas  A copy of the complaint (the "Moery Complaint") filed in the Moery Action is attached hereto as Exhibit A  Claimant is a codefendant with the Debtor in the Moery Action  As a result, if a judgment is entered against Claimant in the Moery Action or if Claimant is otherwise required to accept responsibility for any liability in connection with the Moery Action or any other action based upon the same or similar facts described in the Moery Complaint and/or other pleadings that may have been, or may in the future be, filed, then Claimant will be entitled to contribution and/or indemnification against the Debtor

4   Claimant reserves the right to (i) amend, modify, supplement or update this claim at any time or in any respect, (ii) file a request for allowance and/or payment of administrative

expenses in accordance with 11 U S C §§ 503 and 507, and (iii) file additional proofs of claim in respect to any other claim, liability, or indebtedness of the Debtor to Claimant

5       This claim is submitted without prejudice to Claimant's rights in all respects Claimant does not waive any rights that it has or may have against the Debtor or its estate Nothing contained in this claim shall be construed as limiting any of Claimant's rights, remedies and interests

6       The filing of this claim is not  (i) a waiver or release of Claimant's rights against any person, entity or property, (ii) a consent by Claimant to the jurisdiction with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant, (iii) a waiver of the right to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant, (iv) an election of remedy, or (v) a waiver of any past, present or future defaults or breaches  Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor, the Committee or by any trustee or representative for this estate or the Debtor

7       Claimant reserves all of its rights and claims that it may have, or which may arise in the future, in connection with the transactions and/or litigation that is subject of this claim, including without limitation, any claim that may arise as a consequence of any action, omission or conduct by or on behalf of the Debtor, the Committee or by any trustee or representative for

NYC/451750 2

this estate or the Debtor, or for any violation of any rights of Claimant with respect thereto, whether constituting a breach of contract, tort or creating a right to equitable relief

8    Claimant expressly reserves any and all rights to amend, modify, supplement, withdraw, or clarify this claim, or any portion thereof   Claimant hereby also reserves all of its other rights and claims, whether absolute, inchoate, contingent, liquidated or unliquidated and however arising, including on account of any act or position of the Debtor, the Committee, or by any trustee or representative for this estate or the Debtor that might deprive Claimant of any of its rights and/or cases thereunder, whether constituting a breach of contract or a tort or creating any right to equitable relief   Nothing herein should be deemed or construed as a waiver of any rights or remedies that Claimant may have and all such rights and remedies are hereby expressly reserved   Claimant reserves the right to amend or otherwise supplement this Rider

9    No judgment has been rendered on this claim

10    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

11    All notices and communications concerning this proof of claim should be addressed as follows

> Superior Industries International – Arkansas, Inc
> Attn   Robert A  Earnest, Esq
> 7800 Woodley Avenue
> Van Nuys, CA 91406

and to

> Arent Fox LLP
> Attn   James M  Sullivan, Esq
> 1675 Broadway
> New York, NY 10019
> Telephone  212-484-3900
> Facsimile  212-484-3990
> Email  sullivan james@arentfox com

NYC/451750 2

# **<u>EXHIBIT A</u>**



IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
1st DIVISION

_____ DIVISION 2009 FEB 16 PM 4: 02

DE HORAH COLEGOY
LONOKE CO CIRCUIT CLERK

Robert E. Moery and Kyle Moery,
individually and on behalf of all other
Arkansas residents similarly situated,

Case No. CV 2005-20
DEPUTY CLERK

Plaintiffs,

**COMPLAINT**

v.

**(Class Action)**

GENERAL MOTORS CORPORATION, a
Delaware corporation,
SUPERIOR INDUSTRIES, INC.,
SUPERIOR INDUSTRIES
INTERNATIONAL, INC., and
SUPERIOR INDUSTRIES
INTERNATIONAL, – ARKANSAS, INC.,

**JURY TRIAL DEMANDED**

Defendants

Plaintiffs Robert E. Moery and Kyle Moery, on behalf of themselves and other similarly-situated Arkansas residents, file this Complaint against the defendants, and for their causes of action would show unto the Court the following

## INTRODUCTION

1    This individual and proposed class action seeks monetary damages on behalf of all Arkansas residents who own or lease vehicles manufactured by GM, model year 1999 to the present, which vehicles (the "Subject Vehicles") are equipped with 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes

2    Commencing during or around the 1999 model year, GM began manufacturing, marketing, distributing, and selling the Subject Vehicles, using 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes

3.    Upon information and belief, Superior Industries, Inc , Superior Industries International, Inc  and Superior Industries International, - Ark Inc  (hereinafter referred to

394002 1

1    collectively as "Superior") supplied the aluminum/aluminum alloy wheel rims for these vehicles

2    to GM

3        4    The Subject Vehicles are uniformly and inherently defective and

4    dangerous, and prematurely fail under ordinary driving conditions, far in advance of their

5    expected useful life

6        5    The Subject Vehicles' 16 inch aluminum/aluminum alloy rear wheel disc

7    brake assemblies are defective in that they readily permit stones, rocks, pieces of asphalt and

8    other debris to lodge between the brake caliper and aluminum/aluminum alloy wheel. The debris

9    are lodged against the wheel and act like a lathe, cutting through the rim near the center –scoring

10    the wheel, gouging it, perforating it or cutting it in half. When lodged between the brake and

11    wheel, the debris also acts as a *de facto* brake – stopping that wheel from rotating during driving

12    and thereby causing sudden, extreme instability

13        6    The defective rear wheel disc brake assemblies require replacement at a

14    cost of less than $100.00.

15        7.    Upon information and belief, the defendants learned of the propensity of

16    the Subject Vehicles' rear wheel disc brake assemblies to fail from consumers, technicians, their

17    own testing, and GM's records of excessive warranty replacements of the Subject Vehicles' rear

18    wheels.

19        8.    The defendants have concealed and/or failed to disclose knowledge of the

20    defective nature of the rear wheel disc brake assemblies in the Subject Vehicles from the

21    representative Plaintiffs and the proposed Class

22        9.    Due to the defective rear wheel disc brake assemblies in the Subject

23    Vehicles, the ongoing degradation and damage to the wheels of the Subject Vehicles arising there

24    from, and the inherent danger of wheel failure and instability when the Subject Vehicles are in

25    use, the Subject Vehicles are unreliable and do not perform in accordance with the reasonable

26    expectations of the representative Plaintiffs and Class.

27        10    As a result of the defendants' conduct, the plaintiffs and the proposed class

28    members have been harmed and have suffered actual damages    The rear wheel disc brake

394002 1                                              - 2 -

1   assemblies in the Subject Vehicles experience continuous and progressive premature degradation,

2   and the wheels on the Subject Vehicles fail long before their expected useful life has run.

3          11.   The defendants have not successfully corrected the defective rear wheel

4   disc brake assemblies, but have instead continued to produce and sell the Subject Vehicles with

5   defective rear wheel disc brake assemblies, while concealing and/or failing to disclose their

6   failures

7                          **JURISDICTION AND VENUE**

8          12   This Court has jurisdiction and venue over this action because.

9

10         (a)   GM does business in and throughout Arkansas;

11         (b)   Superior Industries, Inc. and Superior Industries International, Inc.

12   do business in Fayetteville, Rogers and Heber Springs, Arkansas,

13         (c)   Superior Industries International, -Ark Inc is an Arkansas

14   Corporation; and

15         (d)   The representative Plaintiffs are residents of Lonoke County, State

16   of Arkansas and have sustained the damages alleged herein within Lonoke County in the State of

17   Arkansas

18         13   The amount in controversy as to each Plaintiff and Class member alleged

19   herein is less than $75,000 00 exclusive of interest and costs, given the relatively modest

20   individual value of the damages they have incurred and the proportionally limited amount of

21   punitive damages allowable under controlling Supreme Court authority

22                                **PARTIES**

23   **Plaintiffs**

24         14   Robert E. Moery is a resident of Lonoke County, Arkansas

25         15   Kyle Moery is a resident of Lonoke County, Arkansas.

26

27

28

394002 1                          - 3 -

COMPLAINT AND JURY TRIAL DEMAND

**Defendants**

16.    General Motors Corporation ("GM") is a corporation organized under the laws of Delaware with its principal place of business located in Michigan. GM is qualified to do business in Arkansas. Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201

17.    Superior Industries, Inc./Superior Industries International, Inc. is a corporation with its principal place of business located in Van Nuys, California. Superior Industries, Inc./Superior Industries International, Inc is qualified to do business in the State of Arkansas. Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

18.    Superior Industries International, - Ark Inc is an Arkansas Corporation. Its registered agent for service of process in Arkansas is The Corporation Company, 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201

19    At all times relevant to the allegations in this Complaint, the defendants manufactured, warranted, advertised, distributed and sold the Subject Vehicles in Arkansas

20    Through its own efforts and through its network of authorized dealerships and repair departments acting as its agents, GM manufactured, warranted, advertised, distributed and sold the Subject Vehicles throughout Arkansas

## CLASS ACTION ALLEGATIONS

21    Plaintiffs bring this action on behalf of themselves and all similarly-situated Arkansas residents pursuant to Rule 23 of Arkansas Rules of Civil Procedure. The Class consists of

> All residents of the State of Arkansas who purchased and who continue to own a new General Motors vehicle, model year 1999 to the present, equipped with manufacturer-installed, 16 inch aluminum/aluminum alloy rear wheels with rear disc brakes.

> Excluded from the Class are: (1) the defendants, any entity in which any defendant has a controlling interest, and its legal representatives, officers, directors, assigns and successors, or any entity which has or at any time had a controlling interest in any

394002 1                                    - 4 -

defendant; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) personal injury claimants, and (4) all persons or entities that submit timely and otherwise proper requests for exclusion from the Class.

22.    The Class is comprised of many thousands of vehicle owners, statewide, making joinder impracticable  The disposition of the claims of the Class in a single class action proceeding will provide substantial benefits to all parties and to the Court.

23.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual members   The Plaintiffs and Class assert common legal claims, to which a single state's law applies.  All Plaintiffs' and Class members' Subject Vehicles suffer from a uniform, inherent defect

24.    The defendants' misconduct is uniform and common to all Class members and gives rise to predominant questions of Arkansas law and of fact including

(a)    Whether the rear wheel disc brake assemblies are defective in that they cause continuous and ongoing damage to the rear wheels, and are substantially certain to fail under ordinary use conditions well in advance of their expected useful life,

(b)    Whether and when the defendants knew of the defective nature of the rear wheel disc brake assemblies,

(c)    Whether the defendants misrepresented, or knowingly concealed, suppressed or omitted information regarding the defective rear wheel disc brake assemblies in connection with the sale and advertising of the Subject Vehicles;

(d)    Whether the defendants were negligent;

(e)    Whether the defendants misrepresented or knowingly concealed, suppressed or omitted this information with intent that others rely upon such concealment, suppression or omission;

(f)    Whether the defendants were under a duty to inform Plaintiffs and the Class about the true defective nature of the rear wheel brake assemblies,

(g)    Whether GM breached its warranty on the Subject Vehicles in selling them with the defective rear wheel disc brake assemblies,

(h)        Whether the defendants have been unjustly enriched such that it would be inequitable for them to retain the benefits conferred upon them by Plaintiffs and the Class;

(i)        Whether compensatory, and punitive damages ought to be awarded to Plaintiffs and the Class;

25.    The representative Plaintiffs' claims are typical of the claims of the Class members in that the representative Plaintiffs, like all Class members, have purchased a new Subject Vehicle and suffered monetary losses.

26.    The Plaintiffs and all Class members have been damaged by the defendants' uniform misconduct in that they have suffered ongoing, progressive damage to their rear wheels and have incurred or will incur the cost of replacing the rear wheel brake assemblies or wheels

27    The Plaintiffs and all Class members have been damaged by the defendants' uniform misconduct in that the defective design of the rear wheel brake assemblies has already manifested itself on their wheels in the form of gouging or scoring of the wheel rims.

28.    Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective automobiles and components  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so  Neither the named Plaintiffs nor their counsel have any interests adverse to those of the Class

29    A class action is superior to other available methods for fair and efficient adjudication of this controversy.  In view of the complexity of the issues and the expense that individual Class members would incur in attempting to obtain relief from large corporations such as the defendants, the separate claims of individual Class members are monetarily insufficient to support separate actions  Also, because of the small size of the individual Class members' claims, few, if any, could afford to seek legal redress for the wrongs complained of in this Complaint.

394002 1

- 6 -

1    30    The class treatment of common questions of law and fact is also superior to

2  multiple individual actions or piecemeal litigation in that it conserves the resources of the courts

3  and the litigants, and promotes consistency and efficiency of adjudication.

4    31    The Class is readily definable, and prosecution as a class action will

5  eliminate the possibility of repetitious litigation

6    32.    Absent a class action, Class members will continue to suffer losses, the

7  defendants' violations of law will be allowed to proceed without remedy, and the defendants will

8  retain substantial ill-gotten gains received as a result of its wrongdoing. In addition, without a

9  class action, the Subject Vehicles will remain on the road in their dangerously defective condition

10  unbeknownst to the Class members, thereby threatening the lives of Class members, their

11  families, and anyone else who is traveling in or around the Subject Vehicles when one of the rear

12  wheels fail or debris lodges causing one of the rear wheels to stop rotating, causing sudden,

13  extreme instability

14    33    A class action therefore provides a fair, efficient and superior method for

15  adjudicating this controversy.

### TOLLING OF THE STATUTE OF LIMITATIONS

18    34    The causes of action alleged herein accrued upon discovery of the latently

19  defective nature of the Subject Vehicles' rear wheel disc brake assemblies  Because the defect is

20  latent, and was actively, fraudulently concealed, and suppressed by the defendants, the

21  representative Plaintiffs and Class did not discover and could not have discovered through the

22  exercise of reasonable diligence the true nature of the rear wheel brake assemblies on the Subject

23  Vehicles

### STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
**(Violation of Arkansas Deceptive Trade Practices Act, Ark. Code An. § 4-88-100 *et seq.*)**

27    35    Plaintiffs incorporate by reference all preceding paragraphs as if fully set

28  forth herein

36      The Arkansas Deceptive Trade Practices Act prohibits knowingly making a false representation as to the characteristics, uses or benefits, of goods  It furthermore prohibits advertising goods or services with the intent not to sell them as advertised.  The Act also prohibits the use of any other unconscionable, false or deceptive act or practice in business, commerce or trade.

37      The defendants, acting in concert, engaged in unconscionable practices including but not limited to through misrepresentation of the nature of the Subject Vehicles as being safe and free of defect, and knowing concealment, suppression or omission of data regarding the defective nature of the rear wheel disc brake assemblies to Plaintiffs and the Class the fact that the rear wheel brake assemblies in the Subject Vehicles are defective, suffer on going, progressive degradation, and prematurely fail

38      The fact that the rear wheel disc brake assemblies are defective, and prone to premature failures is a material fact in that a reasonable person would have considered it important in deciding whether or not to purchase (or to pay the same price for) the Subject Vehicles, and whether or not to replace (or to pay the same price to replace) failed rear wheels and brake assemblies with the same defective part

39      The defendants intended others to rely upon its misrepresentations, and its knowing concealment, suppression and omission of this information.

40.      To this day, the defendants continue to engage in unlawful practices in violation of the Arkansas Deceptive Trade Practices Act., as the defendants continue to conceal the true defective nature of the rear wheel disc brake assemblies in the Subject Vehicles

41.      As a direct and proximate cause of the defendants' misconduct, all Plaintiffs and Class members have suffered actual damages in that they have or have had defective rear wheel brake assemblies that have caused already manifested and ongoing damage to the rear wheels of their Subject Vehicles, and they have had or will have to pay to replace them

394002 1

- 8 -

### SECOND CAUSE OF ACTION
#### (Ark. Code. Ann. § 4-86-102 -- Strict Liability)

42.    All preceding allegations are incorporated by reference as if fully set forth herein.

43    The defendants manufactured, assembled, sold and/or distributed the Subject Vehicles and the defective rear wheel disc brake assemblies thereon

44.    For the reasons discussed above, the Subject Vehicles and specifically the rear wheel disc brake assemblies thereon were defective, and the defective nature rendered them unreasonably dangerous

45    As a direct and proximate result of the dangerous condition of the Subject Vehicles, the representative plaintiffs and the class members have suffered property damage for which they are entitled to compensatory damages.

### THIRD CAUSE OF ACTION
#### (Negligence)

46    All preceding allegations are incorporated by reference as if fully set forth herein

47    The defendants owed a duty to the representative Plaintiffs and the Class members, to use ordinary care in the design, manufacture, and assembly of the Subject Vehicles

48    The defendants knew or should have known of the dangerous and defective nature of the Subject Vehicles and their rear wheel disc brake assemblies.

49    The defendants breached their duties to the representative Plaintiffs and the Class by negligently designing, manufacturing, and distributing inherently defective Subject Vehicles.

50    The Subject Vehicles and their rear wheel disc brake assemblies were defective for normal and foreseeable use by the general public

51    As a direct and proximate result of the defective condition of the Subject Vehicles, the representative Plaintiffs and Class have suffered monetary, property damages in the form of scoring and gauging of the wheel rims, leaving them weakened and unsafe

## FOURTH CAUSE OF ACTION
### (Common Law Fraudulent Concealment and/or Nondisclosure)

52    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

53    The defendants made misrepresentations about the true nature of the Subject Vehicles by fraudulently concealing from and/or intentionally failing to disclose to Plaintiffs, the Class, and all others in the chain of distribution the true nature of the rear wheel disc brake assemblies

54    The defendants knew or believed that its representations regarding their Subject Vehicle were false,

55    The defendants made these representations with an intention that the representative Plaintiffs and the Class act in reliance on them

56    The representative Plaintiffs and Class reasonably relied on the defendants' misrepresentations

57    The defendants were and are under a duty to Plaintiffs and the Class to disclose these facts based upon the relationship of the parties, the nature of the risk arising from this defect, and the public interest in full and fair disclosure from manufacturers of latent, hidden, deadly defects.

58    Good faith and common decency required the defendants to disclose the true nature of the rear wheel disc brake assemblies on the Subject Vehicles

59    Furthermore, the defendants owed a duty to disclose this material information because they are in a superior position to know the true character and quality of the vehicles, and the design defect is hidden, and because they make partial disclosures about the nature of the Subject Vehicles while not revealing their true character or quality.

60.    As a direct and proximate cause of the defendants' misconduct, Plaintiffs and Class members have suffered actual damages in that they have or have had defective rear wheel brake assemblies, and have had or will have to pay to replace them

394002 1

- 10 -

## FIFTH CAUSE OF ACTION AS TO DEFENDANT GM
### (Breach of Contract of Warranty)

61      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein

62.      GM warranted through its advertising and marketing practices that the Subject Vehicles were reliable, and further warranted by its manufacturer's express warranty that the Subject Vehicles were free from defects in materials or workmanship for three years or thirty-six thousand miles.

63      Plaintiffs and Class members purchased the Subject Vehicles on the basis of GM's warranty(ies) that the Subject Vehicles were reliable and free from defects in materials or workmanship

64.      GM manufactured the Subject Vehicles with uniformly and inherently defective rear wheel brake assemblies as original equipment

65.      As such, the Subject Vehicles did not conform with GM's warranty from the moment the Subject Vehicles left GM's manufacturing facility

66      GM has breached its warranty(ies) to the Plaintiffs and Class

67      As a direct and proximate result of GM's breach of warranty, Plaintiffs and Class members have suffered damages

## SIXTH CAUSE OF ACTION AS TO DEFENDANT GM
### (Unjust Enrichment)

68.      Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein

69.      GM has been unjustly enriched by having received the benefits conferred on them by Plaintiffs and Class members in the form of funds paid for the Subject Vehicles, and has accepted and retained such benefits under circumstances that it would be inequitable and unjust for the defendants to retain them

COMPLAINT AND JURY TRIAL DEMAND

## REQUEST FOR PUNITIVE DAMAGES

70    The harm suffered by the representative Plaintiffs and the Class was the result of the defendants' acts or omissions alleged herein

71    The defendants' acts and omissions alleged herein were intentional, willful, wanton and/or undertaken with such a conscious indifference to the consequences that malice may be inferred

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray that the Court enter judgment against GM and in favor of Plaintiffs and the Class, and award additional relief as follows·

A    Certify the proposed Class and any appropriate subclasses, appoint the named Plaintiffs as Class Representatives, and Plaintiffs' counsel as Class Counsel,

B    Declare GM financially responsible to the Plaintiffs and Class members for actual compensatory damages associated with the Subject Vehicles' defective rear wheel brake assemblies, the cost of replacement of the rear wheel brake assemblies, and any other consequential or incidental damages incurred by the Plaintiffs and Class members, including damages for loss of use and for damage to the rear wheels and other component parts of the Subject Vehicles,

C    Award Plaintiffs and the Class punitive damages to the extent allowable by law for the acts complained of herein;

D    Award the Plaintiffs and the Class equitable relief in the form of restitution and disgorgement for the acts complained of herein;

E.    Award Plaintiffs and the Class their attorneys' fees and costs, as allowed by law, and/or from the common fund created hereby, and

F    Such other or further relief as may be appropriate under the circumstances

394002 1

- 12 -

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all individual and Class claims so triable.

DATED this 16th day of ___February___, 2005

RESPECTFULLY SUBMITTED,

JERRY KELLY
KELLY LAW FIRM, PLLC
P. O. Box 500
LONOKE, AR  72086
(501) 676-5770
AR Bar  No  84085
ATTORNEY FOR PLAINTIFFS


PAUL BYRD
BYRD LAW FIRM
  323 Center Street, Suite 1300
Little Rock, AR  72201
(501) 374-2973
AR Bar  No. 85020
ATTORNEY FOR PLAINTIFFS

394002 1

- 13 -

COMPLAINT AND JURY TRIAL DEMAND

## <u>EXHIBIT C</u>

**Rule 41 Order of Dismissal**

JUN-18-2010 10:40 From:-                                      To:2147467777                  P.2/2

DOC# 200803090

ᶠILED

2008 NOV 14  AM 8: 42

DEBORAH OGLESBY
LONOKE CO. CIRCUIT CLERK
BY_____
    DEPUTY CLERK

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
DIVISION II

MOERY                                                PLAINTIFF

VS.                          CV-05-70

GENERAL MOTORS, CORP.                                DEFENDANTS

## RULE 41 ORDER OF DISMISSAL

There has been no action of record and any pending matter is
hereby dismissed without  prejudice.

IT IS SO ORDERED.

_____
HON. PHILLIP T. WHITEAKER

_11-13-08_____
DATE

Date                    Law
JURY TRIAL              ☐
BENCH TRIAL             ☐
NON-TRIAL               ☑
FINAL                   ☑

CERTIFICATE OF RECORD
DOC# CV200803090
11/14/2008        03:53:51 PM
Filed & Recorded in Official Records of
LONOKE COUNTY
DEBORAH OGLESBY CIRCUIT CLERK
Fees $0.00
BY_____ D.C.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                                     :          Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.,*   :          **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*       :
:
              **Debtors.**          :          **(Jointly Administered)**
:
-------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO
## PROOF OF CLAIM NOS. 67121 AND 67122

Upon the Objection dated January 27, 2011 (the "**Objection**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code

(the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and this Court's order Pursuant to Section 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim

(Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto

and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") (ECF No. 4079),

seeking entry of an order disallowing and expunging Proof of Claim Nos. 67121 and 67122 (the

"**Claims**") on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the

Bankruptcy Code, all as more fully described in the Objection; and due and proper notice of the

Objection having been provided, and it appearing that no other or further notice need be provided;

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

and the Court having found and determined that the relief sought in the Objection is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as provided herein;

and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims

are disallowed and expunged in their entirety; and it is further

ORDERED that the Debtors shall have no obligation to establish reserves for claim

numbers 67121 and 67122 for purposes of the confirmation of a chapter 11 plan or plans in these

chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge