HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**               :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*                :
                                                            :
                         Debtors.                           :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### NOTICE OF DEBTORS' OBJECTION
### TO PROOF OF CLAIM 70000 FILED BY AUDREY MAGEE

**PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to proof of claim number 70000 filed by Audrey Magee (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

US_ACTIVE:\43615279\01\72240.0639

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re                                              :    **Chapter 11 Case No.**
                                                   :
**MOTORS LIQUIDATION COMPANY**, *et al.*,          :    **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*       :
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
-----------------------------------------------------------x

# DEBTORS' OBJECTION
# TO PROOF OF CLAIM 70000 FILED BY AUDREY MAGEE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

        1.     Pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors object to proof of claim number 70000 filed by Audrey

Magee ("**Magee**") against MLC on the basis that the proof of claim contains insufficient

information and documentation to establish a prima facie claim against the Debtors. A copy of the proof of claim is annexed hereto as **Exhibit "A."**

### Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

4. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

**Proof of Claim 70000**

5. Magee alleges that she was a "happy, healthy, working woman" until she moved close to a MLC facility. Magee alleges that every night there was a smell from the MLC facility that caused Magee to be hard of breath and later suffer seizures, high-blood pressure, and headaches. MLC has since learned that Magee has passed away from apparent epileptic seizures.

6. Magee's proof of claim does not include any documentation supporting her allegations, including, among other things, any medical records or other documentation substantiating Magee's alleged medical condition or that the MLC facility caused the alleged medical conditions. Further, Magee does not include any documentation or information to establish the existence of the alleged "smells" from the MLC facility. Although Magee's proof of claim provides that she would provide further information upon request, the Debtors have made a request and have not received any such information from Magee or her estate.

7. The Debtors are certainly sympathetic with Ms. Magee's family over their loss. Yet as fiduciaries for the Debtors' creditors, the Debtors cannot allow claims without further evidence of liability.

**The Relief Requested Should Be Approved by the Court**

8. To be legally sufficient, a proof of claim must (a) be in writing; (b) make a demand on the debtor's estate; (c) express the intent to hold the debtor liable for the debt; (d) be properly filed; and (e) be based upon facts that would allow, as a matter of equity, the document to be accepted as a proof of claim. *First Nat'l Bank v. Circle J. Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1989). If a claim fails to comply with any of the foregoing requirements, it is not entitled to prima facie validity under Bankruptcy Rule 3001.

*Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  A proof of claim that is prima facie valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992).  Absent specific factual allegations and supporting documentation, a proof of claim is not prima facie valid.  *Id.*; *see also In re Pinnacle Brands, Inc.,* 259 B.R. 46, 50 (Bankr. D. Del. 2001) (upholding the debtor's objection to creditor's proof of claim because creditor could not establish facts necessary to support prima facie claim against debtor).

9.  Proof of claim 70000 fails to meet this standard.  While Magee alleges medical harm, she provides no supporting documentation or evidence of such harm or how MLC caused such harm.  Absent further information or documentation, proof of claim 70000 is facially defective and does not establish a prima facie claim.  Accordingly, unless Ms. Magee's estate provides such information or documentation as well as an accounting of actual damages suffered, the Debtors request that proof of claim 70000 be disallowed and expunged in its entirety.

## Notice

10.  Notice of this objection has been provided to the executor of Magee's estate and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

11.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

```
03813073                                                              01/27/11 12:32:38
09-50026-mg   Doc 8883   Filed 01/26/11   Entered 01/27/11 12:32:38
APS0735520543
```

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 4) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  MS AUDREY MAGEE

Name and address where notices should be sent

MS AUDREY MAGEE
563 LANCASTER LN
PONTIAC, MI 48342-1852

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (If known)

Filed on _____

Telephone number
Email Address

Name and address where payment should be sent (if different from above)

FILED - 70000
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim   Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

[Stamp: THE GARDEN CITY GROUP, INC   FEB 8 2010]

1. Amount of Claim as of Date Case Filed, June 1, 2009    $ _____

If all or part of your claim is secured, complete item 3 below, however, if all of your claim is unsecured, do not complete item 3  If all or part of your claim is entitled to priority, complete item 4

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2. Basis for Claim  *I started having seizures, high blood pressure, shortness of breath, forever*
(See instruction #2 on reverse side)

3. Secured Claim (See instruction #3 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

5  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

6  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 6 on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

4  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U S C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 2/1/04 2010

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any

*Audrey Magee*    AUDREY MAGEE - SELF

FOR COURT USE ONLY

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc, are not authorized and are not providing you with any legal advice*

## A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P O BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

### THE BAR DATE IS FEBRUARY 10, 2010 AT 5 00 P M (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address if available A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 3 and 4 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include environmental claims, property damage, goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**4 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

**5 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**6 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

Motors Liquidation Company
(f/k/a General Motors Corporation)    09-50026 (REG)
MLCS, LLC
(f/k/a Saturn, LLC)    09-50027 (REG)
MLCS Distribution Corporation
(f/k/a Saturn Distribution Corporation)    09-50028 (REG)

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc, please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtors These entities do not represent the bankruptcy court or the debtors The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact the Debtors at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

02/05/2010

TO: Whom it May Concern:

I was a happy, healthy, working woman until I moved close to General Motors. Every night that already terrible smell that use to come out of General Motors, use to have me hard to breath, (short wind) Then I started having seizures, high-blood pressure and all kind of headaches. My doctors, My heart specialist, no one can find out what happened to me. This started in 2003. I will be taking medication and unable to work for the rest of my life. My life was ruin from smelling these Horrible smells and fumes coming from those plants.

I had two daughters heading for collage, who had to go to work and try and help take care of me. I Don't Think this was fair at all.

Sincerely yours,
Audrey Magee

P.S. If you need medical records, ect. I can get them. I'm still under DR.'S care until I die

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :     09-50026 (REG)
    f/k/a General Motors Corp., et al.    :
                                          :
                    Debtors.              :     (Jointly Administered)
                                          :
------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' OBJECTION TO
### PROOF OF CLAIM 70000 FILED BY AUDREY MAGEE

Upon the objection to proof of claim number 70000 filed by Audrey Magee, dated January 27, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging proof of claim number 70000 on the ground that it fails to provide sufficient documentation to ascertain the validity of the claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\43615279\01\72240.0639

2

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 70000 is disallowed and expunged from the claims registry in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge