# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY R. KIDWELL,

    Plaintiff,

v.                                                      Case No. 2:09-cv-108-FtM-36DNF

G. RICHARD WAGONER, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff Billy R. Kidwell's Motion for Reconsideration and Objection (Doc. 202), filed on September 23, 2010. Defendant General Motors LLC filed a Memorandum in Opposition (Doc. 203) and a Supplemental Opposition Memorandum (Doc. 208). In his Motion for Reconsideration, Plaintiff argues that the Court's Order dismissing Defendant General Motors LLC with prejudice (Doc. 199) should be overturned because it contradicts the Bankruptcy Court for the Southern District of New York's Sale Approval Order. Specifically, Plaintiff argues that the Sale Approval Order expressly permits him to pursue his pre-bankruptcy claims for breach of warranty and violations of Florida's Lemon Laws against Defendant. Plaintiff's Motion, which presents arguments that Plaintiff failed to raise in response to the Motion to Dismiss, misapprehends the scope of the Sale Approval Order. Nonetheless, Plaintiff's arguments warrant a dismissal of his warranty-related claims without prejudice. Therefore, the Court will grant Plaintiff's Motion for Reconsideration, in part.

## BACKGROUND

The allegations of Plaintiff's Amended Complaint—which include fraud, obstruction of

justice, and even manslaughter—are summarized in the Court's September 10, 2010 Order (Doc. 199). In short, through his Amended Complaint, Plaintiff seeks a plethora of damages in compensation for an allegedly defective truck he purchased from Defendant General Motors LLC in 2003. The basis of Plaintiff's requested relief centers on Defendant General Motors LLC's allegedly fraudulent behavior and its violations of the civil RICO statute, as well as his truck's failure to conform to his expectations. To wit, Plaintiff requests $50 per day in damages, costs associated with pursuing his claims, damages for personal injuries allegedly related to Plaintiff's operation of the truck, and reasonable storage fees for "having to store the Lemon GM truck on his property." *See* Doc. 91 at ¶¶106–108, 133–34. He also requests $2,100,000,000 (two-billion-one-hundred-million dollars) in punitive damages. *See Id.* at ¶¶224–293.

On August 27, 2009, Plaintiff filed his Amended Complaint (Doc. 91). On January 15, 2010, Defendant General Motors LLC filed its Motion to Dismiss (Doc. 143). Plaintiff failed to file a response. On September 10, 2010, the Court issued an Order Granting Defendant General Motors LLC's Motion to Dismiss with prejudice (Doc. 199). In the Order, the Court noted that Plaintiff's twelve counts[1] are barred by the Bankruptcy Court for the Southern District of New York's Sale Approval Order[2]. On September 14, 2010, judgment was entered dismissing Defendant General

---

[1] Although Plaintiff's Amended Complaint actually lists sixteen counts, he only demands relief for twelve of them. These are: (I) fraudulent advertising; (II) wire and mail fraud; (III) breach of warranty; (IV) intentional fraud on Florida's Lemon Law process; (V) violations of Florida Statutes Chapter 681 (Florida's Lemon Law); (VI) fraud on the state courts; (VII) violations of the Magnuson-Moss Warranty Act; (VIII) violations of Plaintiff's state statutory rights; (IX) violations of Plaintiff's federal statutory rights; (X) violations of Plaintiff's Constitutional rights; (XI) violation of the federal RICO Act; (XII) conspiracy to violate the federal RICO Act.

[2] The Order, which was entered on July 5, 2009 and applies to all conduct prior to July 10, 2009, is available at http://docs.motorsliquidationdocket.com/pdflib/2968_order.pdf (last

2

Motors LLC with prejudice (Doc. 201). On September 23, 2010, Plaintiff filed a Motion for Reconsideration (Doc. 202). Although Plaintiff's Amended Complaint included claims for violations of the civil RICO statute, fraud, obstruction of justice, and violations of his state and federal constitutional rights, Plaintiff's Motion for Reconsideration is limited to arguments that the Sale Approval Order permits him to pursue his pre-bankruptcy claims for beach of warranty and for Defendant's allegedly fraudulent conduct during Plaintiff's state Lemon Law proceeding. *See* Doc. 202 at 7. Defendant General Motors LLC responds that New GM only assumed the obligation to fund and otherwise support the standard limited warranties of repair issued by Old GM. Further, Defendant contends that New GM did not assume other liability claims relating to warranties, including liability for personal injuries, economic loss or expenses.

## ANALYSIS

This Court has recognized three grounds justifying reconsideration: (1) when there is an intervening change in controlling law; (2) when new evidence, unavailable at the time of the Court's decision, has since become available; and (3) when failing to reconsider the decision would evidence clear error or do manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 1994 U.S. Dist. LEXIS 2323, **15 (M.D. Fla. February 28, 1994). Reconsideration is within "the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (applying the standard to a non-final judgment).

---

accessed December 21, 2010). Through the Order, the new General Motors entity acquired substantially all of the assets of the old entity on July 10, 2009 in a transaction executed under the jurisdiction of the Bankruptcy Court for the Southern District of New York. *See generally In Re General Motors Corp.*, 407 B.R. 463 (Bankr. S.D.N.Y. 2009).

"A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (internal citation omitted). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Painewebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993).

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has already determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). This is especially true in a situation where a party has failed to brief an issue, then tries to persuade the Court to reverse its decision when the outcome is unfavorable to that party. Unless the movant's arguments fall into one of the limited categories outlined in *Sussman*, a motion to reconsider is improper.

Here, Plaintiff's Motion for Reconsideration does not reference a change in intervening law. Rather, for the first time, it raises factual exceptions to the Sale Approval Order. The Court therefore exercises its sound discretion in granting Plaintiff leave to amend his complaint so he may provide the Court with the contractual basis upon which he bases his two breach of warranty-related claims. *See Alcock* 993 F.2d at 806 ("the decision to grant [reconsideration] is committed to the sound discretion of the district judge").

4

**Plaintiff's Breach of Warranty Claims**

In order to properly plead a cause of action for breach of warranty under the Florida Uniform Commercial Code, a plaintiff must allege: (1) facts in respect to the sale of the goods; (2) identification of the types of warranties created; (3) facts in respect to the creation of the particular warranty; (4) facts in respect to the breach of the warranty; (5) notice to seller of breach; and (6) the injuries sustained by the buyer as a result of the breach of warranty. *James v. Ashley Adams Antiques,* Inc., 2006 U.S. Dist. LEXIS 39690, at *16 (M.D. Fla. June 15, 2006) (quoting *Dunham-Bush, Inc. v. Thermo-Air Serv.*, 351 So. 2d 351 (Fla. 4th DCA 1977)); *see also* Fla. Stat. 672.607 (1975). Similarly, under the Magnuson-Moss Act, a consumer who is damaged by the failure of the supplier to comply with any obligation under a written warranty may bring suit for damages and other legal and equitable relief. 15 U.S.C. § 2310(d)(1).

The Court's Order dismissing Plaintiff's claims against Defendant General Motors LLC with prejudice did not contradict the Bankruptcy Court for the Southern District of New York's Sale Approval Order. While it is true that the reorganized General Motors entity did assume certain obligations of the old entity, those obligations are of limited scope and apply only to funding and supporting standard limited warranties *of repair* issued by the old entity. *See* Sale Approval Order at ¶56 ("The Purchaser is assuming the obligations of the Sellers subject to conditions and limitations contained in their express written warranties...[t]he purchaser is not assuming responsibility for Liabilities contended to arise by virtue of other alleged warranties, including implied warranties and statements in materials such as...advertisements, and other promotional materials..."). Whether Plaintiff's breach of warranty claims were barred by the Bankruptcy Court's Sale Approval Order and whether they state a claim for relief depend upon the language of the

express written warranty. Here, Plaintiff failed to attach a copy of the General Motors written warranty to his Amended Complaint.[3] *See* Doc. 91. On a Motion to Dismiss for failure to state a claim, the Court is required to limit its analysis to the four corners of the Amended Complaint and its attachments. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Thus, Plaintiff's failure to attach the written warranty upon which his claims are based does not warrant dismissal on the merits at this stage of the pleadings. The Court will, therefore, dismiss Plaintiff's two warranty-related claims without prejudice to allow Plaintiff an opportunity to apprise it and the Defendant of the contractual basis upon which he bases his breach of warranty-related claims[4]. *See United States Rubber Products, Inc. v. Clark*, 145 Fla. 631, 636 (Fla. 1941). *See also Sbarbaro v. Yacht Sales Int'l, Inc.*, 1995 U.S. Dist. LEXIS 22437, at *33 (S.D. Fla. Oct. 10, 1995).

**Plaintiff's Lemon Law-Related Claims**

In addition to those responsibilities covered under its express written warranties, the reorganized General Motors entity also assumed obligations pursuant to state Lemon Laws. The Sale Approval Order states that the reorganized General Motors entity has assumed the old entity's "obligations under state 'lemon law' statutes, which require a manufacturer to provide a consumer remedy when the manufacturer is unable to conform the vehicle to the warranty, as defined in the applicable statute, after a reasonable number of attempts as defined in the statute, and other related regulatory obligations under such statutes." *See* Sale Approval Order at ¶56. Plaintiff currently has

---

[3] Defendant General Motors LLC has attached a copy of the written warranty to its supplemental opposition memorandum (Doc. 208).

[4] Defendant's right to submit to the jurisdiction of the Southern District of New York in litigating these claims pursuant to section 9.13 of the Sale Approval Order is not foreclosed by this Order. The Court will consider, when appropriate, a motion to transfer this action.

6

state-law breach of warranty claims pending in the Circuit Court of Charlotte County. *See Kidwell v. General Motors Corp.*, No. 05-1747-CA. Plaintiff's allegation that Defendant "did intentionally commit a Fraud [sic] on Florida's Lemon Law Process" is not within the limited scope of the Sale Approval Order. *See* Doc. 91 ¶240; *see also* Sale Approval Order at ¶56. Specifically, Plaintiff's Lemon Law-related claims are really for fraud and obstruction of justice rather than an action under the substantive provisions of the statute. *See* Doc. 91 at ¶94 ("To further the scheme of the GM Defendants, to commit a fraud on Florida's Lemon Law Process, the GM Defendants suborned Perjury..."); *Ames v. Winnebago Indus.*, 2005 U.S. Dist. LEXIS 44752, at *12 (M.D. Fla. Jan. 19, 2005) ("Florida's 'Motor Vehicle Warranty Enforcement Act,' also know as Florida's 'Lemon Law,' provides consumers with the right to a refund or replacement vehicle if a manufacturer cannot conform the new motor vehicle purchased by the consumer to the warranty by repairing or correcting any nonconformity after a reasonable number of attempts"); Fla. Stat. §681 et seq. Thus, counts IV and V of Plaintiff's Amended Complaint were properly dismissed with prejudice.

Accordingly it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff's Motion for Reconsideration (Doc. 202) is granted, in part, and denied, in part.

2. Counts III and VII of Plaintiff's Amended Complaint as to Defendant General Motors LLC are dismissed **WITHOUT** prejudice. Plaintiff shall have twenty-one (21) days from the date of this order to file a Second Amended Complaint.

3. All remaining Counts of Plaintiff's Amended Complaint as to Defendant General Motors LLC are dismissed **WITH** prejudice.

7

4. The Clerk is directed to vacate the judgment entered on September 14, 2010, which dismissed this action as to General Motors LLC with prejudice.(Doc. 201), and enter judgment in accordance with this order.

**DONE AND ORDERED** at Ft. Myers, Florida, on December 28, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO:**
Counsel of Record and Unrepresented Party