**Hearing Date and Time: February 3, 2011 at 9:45 a.m. (prevailing Eastern time)**

BUTZEL LONG, a professional corporation
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 818-1110

*Special Counsel to the Official Committee of Unsecured
Creditors of Motors Liquidation Company f/k/a General
Motors Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                       :    Chapter 11
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    Case No.: 09-50026 (REG)
                                            :
Debtors.                                    :    (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------------x

**RESPONSE OF COMMITTEE WITH RESPECT TO BANKRUPTCY
RULE 3018(a) MOTIONS FILED BY CERTAIN NOTEHOLDERS AND
TRUSTEE OF GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation (the "**Committee**"), by its attorneys Butzel Long, a professional corporation, respectfully submits this response ("**Response**") with respect to the (a) *Motion of Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company, Pursuant to Bankruptcy Rule 3018(a) for Temporary Allowance of its Claim Solely for Purposes of Voting on Debtors' Proposed Plan of Reorganization* (Docket No. 8526) (the "**Trustee's Motion**"), (b) *Amended Motion of Certain Noteholders Pursuant to Rule 3018(a) of the Federal Rules of*

*Bankruptcy Procedure for Temporary Allowance of the Nova Scotia Guaranty Claims for the Purpose of Voting to Accept or Reject the Plan* (Docket No. 8535) (the "**Greenberg Motion**"), (c) *Joinder of Morgan Stanley & Co. International plc to Amended Motion of Certain Noteholders Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of the Nova Scotia Guaranty Claims for the Purpose of Voting to Accept or Reject the Plan* (Docket No. 8794) ("**MS Joinder**") and (d) *Joinder of Certain Noteholders of General Motors Nova Scotia Finance to Amended Motion of Certain Noteholders Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of the Nova Scotia Guaranty Claims for the Purpose of Voting to Accept or Reject the Plan* (Docket No. 8879) ("**BR Joinder**" and together with the MS Joinder and the Greenberg Motion, the "**Noteholders' Motion**").[1]

    1.    The Noteholders' Motion and the Trustee's Motion request the temporary allowance of the Nova Scotia Guarantee Claims[2] and the Nova Scotia Wind-Up Claim (collectively, the "**Claims**"), as applicable, for purposes of voting to accept or reject the Plan.

    2.    The Committee objected to the Claims pursuant to the (a) *Official Committee of Unsecured Creditors' Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief* (Docket No. 6248), filed on July 2, 2010 (the "**Initial Objection**") and (b) *Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief*

---

[1] The Noteholders' Motion and the Trustee's Motion are collectively referred to herein as the "**Motions**."

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the *Debtors' Amended Joint Chapter 11 Plan* (Docket No. 8015) (the "**Plan**").

(Docket No. 7859), filed on November 19, 2010 (the "**Amended Objection**" and together with the Initial Objection, the "**Objection**").

3. Pursuant to the terms of the Disclosure Statement Order[3] and Bankruptcy Rule 3018(a), the holder of a claim for which there is a pending objection may not vote on the Plan without first obtaining leave of this Court under Bankruptcy Rule 3018(a).

4. The Committee concurs that the standards for granting relief under Bankruptcy Rule 3018(a) are as stated in the Motions. One of the factors to be weighed in deciding to grant relief under Bankruptcy Rule 3018(a) is the merit of the underlying claim. Not surprisingly, the movants assert that the Nova Scotia Guarantee Claims and the Nova Scotia Wind-Up Claim, as applicable, are meritorious. Even less surprising, perhaps, is that the Committee disagrees with such assertions and believes, for all of the reasons set forth in the Objection, that the Claims lack merit.

5. Notwithstanding the Committee's belief that the Claims should be disallowed or, if allowed, in whole or in part, equitably subordinated, the Committee takes no position with respect to the Motions and submits this Response, out of an abundance of caution, to ensure that its failure to take a position with respect to the Motions is not construed as an admission that the Claims are meritorious.

6. The Committee believes that the Plan provides the best recovery for general unsecured creditors as a whole, that acceptance of the Plan will expedite distributions to general unsecured creditors and that general unsecured creditors should overwhelmingly vote in favor of

---

[3] *Order (I) Approving Notice of Disclosure Statement Hearing; (II) Approving Disclosure Statement; (III) Establishing a Record Date; (IV) Establishing Notice and Objection Procedures for Confirmation of the Plan; (V) Approving Notice Packages and Procedures for Distribution Thereof; (VI) Approving the Forms of Ballots and Establishing Procedures for Voting on the Plan; and (VII) Approving the Forms of Notices to Non-Voting Classes Under the Plan* (Docket No. 8043).

the Plan. The Committee anticipates that the movants, as general unsecured creditors, will vote to accept the Plan, to the extent that their respective Motions are granted and the Claims, as applicable, are temporarily allowed. In the event that the Claims are temporarily allowed, in whole or in part, and holders vote to reject the Plan, the Committee expressly reserves its right under 11 U.S.C. § 1126(e) to request designation of the applicable vote(s), if the Committee determines that such vote(s) were not cast in good faith.

Dated: New York, New York  
       January 27, 2011

Respectfully submitted,

BUTZEL LONG, a professional corporation

By: */s/ Barry N. Seidel*  
    Barry N. Seidel  
    Eric B. Fisher  
    Katie L. Cooperman  
    380 Madison Avenue, 22nd Floor  
    New York, New York 10017  
    Tel: (212) 818-1110  
    Fax: (212) 818-0494

*Special Counsel to the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation*