**HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: January 27, 2011 at 4:00 p.m (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                 :        Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :        **09-50026 (REG)**
      **f/k/a General Motors Corp.**, *et al.*   :
:
                                    Debtors.       :        (Jointly Administered)
:
----------------------------------------------------------------x

**DEBTORS' OPPOSITION TO MOTION OF JUDD WIESJAHN AND ANNALISA SAND
TO FILE LATE PROOF OF CLAIM, OR IN THE ALTERNATIVE, TO AMEND
<u>INFORMAL PROOF OF CLAIM</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

A.      The Bar Date Is An Integral Part Of Reorganization And Movants Cannot
        Establish Excusable Neglect For Failing To Comply With The Bar Date ........................ 4

        1.      Danger of Prejudice to the Debtor ......................................................... 6

        2.      Length of the Delay .............................................................................. 8

        3.      Reason for the Delay ............................................................................ 8

B.      Movants Cannot Meet The Standard For An Informal Proof Of Claim .......................... 10

CONCLUSION .................................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

### CASES

*In re Am. Classic Voyages Co.*,
    405 F.3d 127 (3d Cir. 2005)............................................................................8

*In re Best Prods. Co., Inc.*,
    140 B.R. 353 (Bankr. S.D.N.Y. 1992) ...........................................................5

*In re Dana Corp.*,
    No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241 (Bankr. S.D.N.Y. July 23, 2008)......6, 10

*In re Dove House, Inc.*,
    233 B.R. 230 (Bankr. D. Conn. 1999) ...........................................................11

*In re Enron Corp.*,
    370 B.R. 90 (Bankr. S.D.N.Y. 2007)............................................................11

*In re Enron Corp.*,
    419 F.3d 115 (2d Cir. 2005)....................................................................5, 6, 8

*In re Fink*,
    366 B.R. 870 (Bankr. N.D. Ind. 2007)..........................................................11

*First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*,
    937 F.2d 833 (2d Cir. 1991)......................................................................4, 5

*In re Glick*,
    136 B.R. 654 (Bankr. W.D. Va. 1991) ..........................................................11

*Hoos & Co. v. Dynamics Corp. of Am.*,
    570 F.2d 433 (2d Cir. 1978).........................................................................4

*In re Int'l Horizons, Inc.*,
    751 F.2d 1213 (11th Cir. 1985) ...................................................................11

*In re Keene Corp.*,
    188 B.R. 903 (Bankr. S.D.N.Y. 1995)............................................................7

*In re Kmart Corp.*,
    381 F.3d 709 ...................................................................................6, 8, 10

*In re L.F. Rothschild Holdings, Inc.*,
    143 B.R. 335 (S.D.N.Y. 1992).....................................................................11

*In re Lehman Bros. Holdings Inc.*, No. 08-13555,
  2010 Bankr. LEXIS 1411 (Bankr. S.D.N.Y. May 20, 2010)..........................................5, 6

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)...........................................................................................................8

*In re Musicland Holding Corp.*,
  356 B.R. 603 (Bankr. S.D.N.Y. 2006) ...........................................................................10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'ship.*,
  507 U.S. 380 (1993)...............................................................................................5, 6, 10

*In the Matter of Thomson McKinnon, Inc.*,
  130 B.R. 721 (Bankr. S.D.N.Y. 1991) ...........................................................................11

*Weigner v. City of New York*,
  852 F.2d 646 (2d Cir. 1988)..............................................................................................9

*In re Wigoda*,
  234 B.R. 413 (Bankr. N.D. Ill. 1999) ...............................................................................8

*Wilkens v. Simon Bros., Inc.*,
  731 F.2d 462 (7th Cir. 1984) .........................................................................................11

*In re XO Commc'n*,
  301 B.R. at 799 ................................................................................................................9

### STATUTE

Fed. R. Bankr. P. 9006(b)(1)..........................................................................................5

iii

TO THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation)

("**MLC**") and its affiliated debtors, as debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), hereby submit this opposition to the

Motion of Judd Wiesjahn and Annalisa Sand ("**Movants**") to File Late Proof of Claim or,

In the Alternative, to Amend Informal Proof of Claim (ECF No. 8371) (the "**Motion**").

In support hereof, the Debtors respectfully represent:

## PRELIMINARY STATEMENT

1.      The Motion seeks an order from this Court allowing Movants to file a

proof of claim more than a year after the bar date, or, in the alternative, to deem the

Debtors' schedules and a prepetition lawsuit an amendable, informal proof of claim.  As

discussed further below, both of these arguments must fail.  Movants had actual

knowledge of these chapter 11 cases, the Debtors mailed at least three copies of the bar

date notice to the current address for Movants' counsel, none of these mailings were

returned as undeliverable, and Movants' counsel has experience filing proofs of claim on

behalf of other clients.  Under such circumstances, courts have repeatedly held that the

conditions for "excusable neglect" are not met and a late proof of claim must be

disallowed.

2.      Likewise, Movants cannot satisfy established precedent for what

constitutes an informal proof of claim because Movants have not filed any documents in

these chapter 11 cases stating the nature, existence, or amount of their claim or explicitly

stating an intent to share in a distribution of the estates' assets through the bankruptcy

process.  Indeed, Movants had not filed *any* documents with the Bankruptcy Court prior

to filing the instant Motion.  Instead, Movants rely solely on documents filed in their

prepetition lawsuit against the Debtors and the Debtors' schedules as constituting the

purported informal proof of claim, notwithstanding clear caselaw indicating that such

documents do not constitute an informal proof of claim.  To allow a late claim or an

informal proof of claim at this late stage in these chapter 11 cases, after the Debtors have

filed an amended chapter 11 plan and the confirmation hearing is one month away, would

prejudice the tens of thousands of creditors that timely filed proofs of claim.  More

importantly, this would set a dangerous precedent by subjecting these estates to a

potential onslaught of similar motions thereby imposing significant additional

administrative costs as well as potentially substantially delaying the ability to

consummate a plan and begin making distributions to holders of allowed claims.

Accordingly, the Motion should be denied.

## **<u>BACKGROUND</u>**

3.    On May 5, 2009, General Motors Corporation was served with the

summons and complaint in case number M95923 (the **"California Action"**), filed by

Movants in the Superior Court of California for Monterey County.  (Mot. Ex. B)  The

California Action seeks recovery from, inter alia, General Motors Corporation for the

wrongful death of the Movants' daughter, Rachel Weisjahn, in an automobile accident.

(Mot. Ex. A)

4.    On June 1, 2009, the Debtors commenced with this Court voluntary cases

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  On

June 9, 2009, the Debtors' counsel in the California Action filed notice of these chapter

11 cases in the California Action and served such notice on counsel for the Movants.
(Mot. at 2, Ex. C).

5.      On September 16, 2009, this Court entered an order (the "**Bar Date Order**") establishing November 30, 2009 (the "**Bar Date**") as the deadline for each person or entity to file a proof of claim based on any prepetition claims against the Debtors (ECF No. 4079).  The Bar Date Order states that any party that fails to file a proof of claim on or before the Bar Date shall be forever barred, estopped, and enjoined from asserting such claims against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or liability with respect to such claim.

6.      Between September 24 and September 26, 2009, the Debtors' claims agent sent three copies of the Bar Date Order and a proof of claim form (collectively, the "**Bar Date Package**") to Annalisa Sand, Judd Wiesjahn, and Rachel Wiesjahn, respectively. **Exhibit "A"** attached hereto is the affidavit of service and relevant exhibits thereto indicating service of the Bar Date Package on Annalisa Sand, Judd Wiesjhan, and Rachel Wiesjahn.  As indicated on Exhibit A, all three mailings were sent to "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026."  The street address portions of this address are correct and current for the Movants' counsel, Martin Stanley.  None of these mailings were returned to the Debtors' claims agent as undeliverable.

7.      Additionally, on or before October 15, 2009, the Debtors published notice of the Bar Date in nine publications including, without limitation, *Financial Times*, *The Wall Street Journal* (Global Edition – North America, Europe, and Asia), *The New York Times* (National), and *USA Today* (Monday through Thursday, National).

8.      As of the Bar Date, more than 70,000 proofs of claim were timely filed against the Debtors.

9.      In the time period following the Bar Date, the Debtors have received more than 2,500 untimely proofs of claim totaling more than $2.2 billion.  The Debtors have already objected to more than 500 of these late claims on the ground of timeliness alone, and, of these, more than $58 million worth of late claims have already been expunged.

10.     As noted in the declaration of Movants' counsel ("**Stanley Declaration"**) filed contemporaneously with the Motion (ECF No. 8373), Movants' counsel has "substantial experience in dealing with claims filing over many many years of practice" (Stanley Decl. ¶ 1).  Nevertheless, and despite Movants' knowledge of these chapter 11 cases well before the Bar Date (Mot. at 2 and Ex. C), Movants failed to file a proof of claim.  Movants did not seek relief from this Court to file a late proof of claim until filing the Motion on January 3, 2011, more than thirteen months after the Bar Date.

## ARGUMENT

**A.      The Bar Date Is an Integral Part of Reorganization and Movants Cannot Establish Excusable Neglect for Failing to Comply With the Bar Date**

11.     A proof of claim bar date "does not 'function merely as a procedural gauntlet,' but as an integral part of the reorganization process."  *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991).  Requirements for timely filing proofs of claim are intended to promote finality in bankruptcy proceedings.  *Hoos & Co. v. Dynamics Corp. of Am.*, 570 F.2d 433, 439 (2d Cir. 1978).  The bar date is strictly enforced.  *Id.*  "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring

the sound administration of the bankruptcy estate would be undermined." *In re Hooker Invs. Inc.*, 937 F.2d at 840.  After passage of the bar date, a claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a timely proof of claim.  *In re Best Prods. Co.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992). As this Court recently held in *In re Lehman Bros. Holdings Inc.*, when dealing with "enormously complex cases, the Bar Date Order needs to be uniformly enforced except in truly unusual and compelling circumstances."  Ch. 11 Case No. 08-13555, 2010 Bankr. LEXIS 1411, at *30 (Bankr. S.D.N.Y. May 20, 2010).

12.    Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), a Bankruptcy Judge has discretion to allow a late-filed proof of claim "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).  The movant bears the burden of establishing excusable neglect.  *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).  The determination of whether or not to allow a late-filed claim includes considering the following four factors:

   1.  the danger of prejudice to the debtor;

   2.  the length of the delay and its potential impact on judicial proceedings;

   3.  the reason for the delay, including whether it was within the reasonable control of the movant; and

   4.  whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993).  The Second Circuit has endorsed a "hard line" approach in applying the *Pioneer* factors and has noted that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule . . . where the rule is entirely clear, we continue to expect that a

party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer*

test." *In re Enron*, 419 F.3d at 123.  Movants cannot satisfy at least three of the *Pioneer*

factors.[1]

          1.      <u>Danger of Prejudice to the Debtor</u>

      13.      The Supreme Court has held that "*any* evidence of prejudice" to a debtor

may be sufficient to overcome a finding of excusable neglect.  *Pioneer*, 507 U.S. at 398

(emphasis added).  In evaluating the danger of prejudice to the Debtor in allowing a late

claim, this Court has recognized that allowing late claims would expose the Debtors to a

flood of similar motions, with a delay, cost, and diversion of resources attendant thereto.

In *In re Lehman Bros. Holdings Inc*., this Court denied seven motions seeking leave to

file late claims, concluding that "permitting additional claims [would] lead to an opening

of the claims process with foreseeable prejudice to the Debtors."  2010 Bankr. LEXIS

1411, at *13.  In *Dana Corp.*, this Court denied a request to file a late proof of claim

noting that "[p]ermitting the Movant to pursue his claim at this late juncture would be

unfair to those claimants and the many thousands of claimants who respected the Bar

Date and would potentially open a floodgate of other late claimants seeking the same

relief."  No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241, at **16-17 (Bankr. S.D. N.Y.

July 23, 2008).  *See also  In re Enron Corp.*, 419 F.3d at 130 (noting the potential of a

"flood of similar claims" as a factor in analyzing prejudice to the debtor in excusable

neglect cases); *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004) (noting that

---

[1] The Debtors do not take a position at this time on whether or not the Movants acted in good faith.

allowing all late filed proofs of claims that resulted from "innocent mistake" could yield "a mountain of such claims" and the resulting prejudice to the debtors).

14.    Additionally, this Court has noted that the term "prejudice" goes beyond concern with harm to the debtor and also considers "the adverse impact that a late claim may have on the judicial administration of the case." *In re Keene Corp.*, 188 B.R. 903, 910 (Bankr. S.D.N.Y. 1995). Considerations such as "whether a disclosure statement or plan has been filed or confirmed with knowledge of the existence of the claim" and "the disruptive effect that the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated and negotiated" should be weighed. *Id.* Here, these considerations support a finding of prejudice to the Debtors as the Debtors have already filed, and amended, their chapter 11 plan of liquidation (the "**Plan**") without knowledge of Movants' claims and the hearing to consider confirmation of the Plan is scheduled for March 3, 2011. It would be severely prejudicial to other claimants and these judicial proceedings to now have to reserve distributions while the standards of excusable neglect and the allowance of Movants' claims and other late-filed claims are adjudicated.

15.    Movants erroneously assert that the Debtors will not suffer any prejudice if Movants are allowed to file late proofs of claim. (Mot. ¶ 18). Such an argument ignores the thousands of other claimants that would also like their untimely or yet-unfiled claims to be deemed timely. In these chapter 11 cases, the late-filed claims alone exceed $2.2 billion and hundreds of these claims have already been objected to and/or expunged. To now give Movants' claims special treatment without just cause would be unfair to the hundreds of claimants whose late claims have already been objected to on timeliness

grounds.  Likewise, to allow late claims such as the Movants' would significantly

prejudice the creditors who filed timely claims by diluting the resources available for

distribution.  *See In re Wigoda*, 234 B.R. 413, 416-17 (Bankr. N.D. Ill. 1999) ("Allowing

the Creditors to have three bites at the apple would be prejudicial to those creditors that

properly filed their proofs of claim and are waiting for their distribution from the

estate.").

2.    <u>Length of the Delay</u>

16.    Movants did not seek leave to file a late proof of claim for more than a

year after the Bar Date notwithstanding their knowledge of these chapter 11 cases.

Courts have held that much shorter delays in filing late proofs of claim have provided

sufficient grounds for disallowing a proof of claim.  *See, e.g.*, *Enron*, 419 F.3d at 129

(affirming denial of a late proof of claim where the claim was filed six months after the

bar date); *In re Am. Classic Voyages Co.*, 405 F.3d 127, 134 (3d Cir. 2005) (holding that

a five month delay was unreasonable).  Indeed, courts have held that even a one day

delay in filing a proof of claim after the bar date is sufficient to disallow a late proof of

claim.  *See, e.g.*, *In re Kmart Corp*., 381 F.3d at 714.  Accordingly, Movants' thirteen

month delay in seeking leave to file a late proof of claim provides more than sufficient

grounds to deny the Motion.

3.    <u>Reason for the Delay</u>

17.    Movants assert that they did not file timely proofs of claim because they

did not have notice of the Bar Date.  (Mot. ¶ 12).  However, the Debtors satisfied their

obligation of providing reasonable notice to the Movants by mailing to the current street

address for Movants' counsel at least three copies of the Bar Date Package, none of

which were returned as undeliverable. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) (noting that a requirement of due process is "notice … reasonably calculated," under all the circumstances, to apprise the interested parties of the pendency of the action). Because none of these mailings were returned as undeliverable, the Debtors can only assume that they reached Movants' counsel's office. Nevertheless, the Supreme Court has "repeatedly held that notice by first-class mail is sufficient, notwithstanding the Court's obvious awareness that every first-class letter is received by the addressee." *Weigner v. City of New York*, 852 F.2d 646, 651 (2d Cir. 1988). Indeed, the Second Circuit has noted that even "[t]hough the mails are not one hundred percent reliable," the Supreme Court does not require "actual receipt of notice that is properly mailed." *Id.* at 650. Further, due process "does not require that notice sent by first-class mail be proven to have been received." *Id.* at 651.

18.    Additionally, Movants had actual notice of these chapter 11 cases from at least June 9, 2009, the date on which the Debtors' trial counsel filed a notice of bankruptcy in Movants' California lawsuit (Mot. Ex. C). Movants' counsel has "substantial experience in dealing with claims filing over many many years of practice" (Stanley Decl. ¶ 1), and the Debtors published notice of the Bar Date in nine newspapers, including several with national circulation. Under similar circumstances, this Court has found that the reason for delay weighs in favor of the debtor notwithstanding the creditor's lack of actual knowledge of the bar date. *In re XO Commc'n*, 301 B.R. 782, 799 (Bankr. S.D.N.Y. 2003) (disallowing late claim where, *inter alia*, debtor's bankruptcy case was "enormous" and obtained "extensive media coverage;" the creditor's had sophisticated bankruptcy counsel who was likely aware of the debtor's

case, and the bar date notice was published in the national edition of the *Wall Street Journal*).

19.    To the extent notice of the Bar Date was delivered to the office of Movants' counsel, but somehow lost or ignored by staff within the office, caselaw is clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[2]  *Pioneer*, 507 U.S. at 392.  Likewise, office mix-ups, clerical mistakes, and failure to follow office procedures do not generally constitute excusable neglect.  *In re Musicland Holding Corp.*, 356 B.R. 603, 608 (Bankr. S.D.N.Y. 2006) (apparent miscommunication between attorney and staff did not constitute excusable neglect); *In re Kmart Corp.*, 381 F.3d at 713 (refusing to find excusable neglect where the creditor's attorney delegated mailing responsibility to office clerk and took no steps to follow up with clerk to ensure that proper procedures were used).  "Oversight on the part of Movant's state court attorney does not amount to excusable neglect."  *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at *14 (disallowing late proof of claim where Movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control).  Consistent with the foregoing established precedent, this Court should deny the Movants' request to file a late proof of claim

**B.    Movants Cannot Meet the Standard for an Informal Proof of Claim**

20.    Movants argue in the alternative that their prepetition filings in the California Action and their presence on the Debtors' schedules constitute an informal, amendable proof of claim (Mot. ¶ 31).  This argument fails because Movants cannot meet

---

[2] In *Pioneer*, the Court ultimately allowed the late claim because the debtors' notice of the bar date was insufficient.

the standard for an informal proof of claim.  For a filing to qualify as an amendable,

informal proof of claim, the filing must:

1. have been timely filed with the bankruptcy court and have become part of the judicial record;

2. state the existence and the nature of the debt;

3. state the amount of the claim against the estate; and

4. evidence the creditor's intent to hold the debtor liable for the debt.

*In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007).  "[M]ere

notice of a claim alone is not to be called an informal proof of claim and does not excuse

the absence of a proper, timely proof where the law requires."  *In re Int'l Horizons, Inc.*,

751 F.2d 1213, 1217 (11th Cir. 1985); *see also Wilkens v. Simon Bros., Inc.*, 731 F.2d

462, 465 (7th Cir. 1984) (a debtor's "[m]ere knowledge of the existence of the claim . . .

is insufficient.").  The purported informal proof of claim must assert "an intent to share in

a distribution of [the estate's] assets."  *In re Fink*, 366 B.R. 870, 878 (Bankr. N.D. Ind.

2007).  Courts have held that the listing of a contingent, disputed, unliquidated claim on

the debtor's schedules cannot qualify as an informal proof of claim.  *In re L.F. Rothschild

Holdings, Inc.*, 143 B.R. 335, 336-37 (S.D.N.Y. 1992); *In re Dove House, Inc.*, 233 B.R.

230, 232 (Bankr. D. Conn. 1999).  Likewise, the mere filing of a prepetition lawsuit,

without more, has been held insufficient to constitute an informal proof of claim.  *In re

Thomson McKinnon, Inc.*, 130 B.R. 721, 723 (Bankr. S.D.N.Y. 1991).  "[C]ourts which

have allowed the amendment of a previously filed informal proof of claim uniformly

require that the proof of claim *explicitly* demonstrate the creditor's demand and the

intention of the creditor to hold the bankruptcy estate liable for the scheduled debt." *In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991) (emphasis in original).

21.     Movants cannot satisfy any of the foregoing requirements to establish an amendable, informal proof of claim.  First, Movants have not filed a single document with the Bankruptcy Court prior to the instant Motion.  Instead, Movants rely solely on the Debtors' schedules and prepetition filings made in the California Action to constitute the informal proof of claim  (Mot. ¶ 31).  The mere presence of the prepetition California Action and the listing of the Movants on the Debtors' schedules does not *explicitly* demonstrate Movants' intent to hold the bankruptcy estate liable for the scheduled debt, nor state the amount of the claim against the estate.  To hold that a prepetition lawsuit or the mere presence of the creditors on schedules alone is sufficient to establish their intent to hold the estate liable for a debt is belied by the case law and would set a dangerous precedent.  Such a holding would eviscerate the importance of the bar date, charge a debtor with the obligation to search worldwide in every court for the possibility of a pending action, burden the Debtors and their estate with a flood of similar requests to amend a purported informal proof of claim, and prejudice the tens of thousands of creditors that filed timely proofs of claim.  Accordingly, the Motion must be denied.

## <u>CONCLUSION</u>

WHEREFORE the Debtors respectfully request that the Court deny the

Motion and the relief requested therein and grant the Debtors such other and further relief

as is just.

Dated:  January 27, 2010
        New York, New York

                                   _/s / Joseph H. Smolinsky_____
                                   Harvey R. Miller
                                   Stephen Karotkin
                                   Joseph H. Smolinsky

                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007

                                   Attorneys for Debtors and
                                   Debtors in Possession

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                          :
                                               :        Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, *et al.*,          :
          f/k/a General Motors Corp., *et al.* :        09-50026 (REG)
                                               :
                        Debtors.               :        (Jointly Administered)
                                               :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF SUFFOLK      )

I, Barbara Kelley Keane, being duly sworn, depose and state:

   1.    I am an Assistant Director with The Garden City Group, Inc., the claims and noticing agent for the debtors and debtors-in-possession (the "Debtors") in the above-captioned proceeding. Our business address is 105 Maxess Road, Melville, New York 11747.
   2.    Between September 24, 2009 and September 26, 2009, at the direction of Weil, Gotshal & Manges LLP, counsel for the Debtors in the above-captioned case, I caused to be served true and correct copies of the documents identified below addressed to each of the individuals and entities in the service lists attached hereto as Exhibit "A" (all parties listed in the Debtor's Schedules of Assets and Liabilities) and Exhibit "B" (including but not limited to all parties who filed a Notice of Appearance, the master service list, the creditor matrix and all other parties in interest) as follows:

   (i)   **Notice Of Bar Dates for Filing of Proofs of Claim (the "Notice")** and a customized **Proof of Claim** form addressed to each of the individuals and entities identified in the service list attached hereto as Exhibit "A"; and

   (ii)  **Notice** and a **Proof of Claim** form addressed to each of the individuals and entities identified in the service list attached hereto as Exhibit "B"

by depositing same in sealed, postage paid envelopes at a United States Post Office for delivery by the United States Postal Service via First Class Mail.

/s/  Barbara Kelley Keane

Sworn to before me this
14th day of October, 2009

/s/  Eamon Mason
Notary Public – State of New York
No 01MA6187254
My Commission Expires May 19, 2012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                         :

In re                     :     Chapter 11 Case No.
                          :

MOTORS LIQUIDATION COMPANY   :     09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION, :
*et al.*,                 :
                          :

            Debtors.     :     (Jointly Administered)
                          :

-------------------------------------------------------x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
## (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9)
OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW:

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (f/k/a **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc.<br>CKS of Harlem |

      PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern
District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a
General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an
order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time
for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts)
to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the
Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar
Date**"); and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit
(as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of
the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

      The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all
claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1,
2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the
"**Bankruptcy Code**").

**If you have any questions relating to this Notice, please feel free to contact AlixPartners at 1-800-414-9607 or by e-mail at claims@motorsliquidation.com. In addition, you may contact the Official Committee of Unsecured Creditors through its website at www.motorsliquidationcreditorscommittee.com or at 1-212-715-3275.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any of the Debtors' estates if you have a claim that arose prior to **June 1, 2009**, including a 503(b)(9) Claim, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtors that arose before **June 1, 2009** may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to **June 1, 2009.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, priority claims, and 503(b)(9) Claims (as defined in Section 2(d) below).

2.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(a)    Your claim is listed on the Schedules (as defined below) and (i) is **not** described in the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount or nature of the claim set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(b)    Your claim has been paid in full;

(c)    You hold an interest in any of the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided, however,** that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)    You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim; **provided, however, 503(b)(9) Claims are subject to the General Bar Date as provided above.** Section 503(b)(9) provides in part: "...there shall be allowed administrative expenses...including...(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." **Accordingly, if you have a 503(b)(9) Claim, you must file a Proof of Claim on or before the General Bar Date;**

(e)    You hold a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f)    You hold a claim against any of the Debtors for which a separate deadline is fixed by the Court (whereupon you will be required to file a Proof of Claim by that separate deadline);

(g)    You are a Debtor in these cases having a claim against another Debtor;

(h)    You are an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor as of the Bar Date;

(i)    You hold a claim for which you have already properly filed a Proof of Claim against any of the Debtors with the Clerk of the Court or The Garden City Group, Inc., the Debtors' claims agent, utilizing a claim form that substantially conforms to the Proof of Claim Form (as defined below) or Official Form 10; or

(j)    You hold a claim that is limited exclusively to the repayment of principal, interest and other fees and expenses on or under any agreements (a "**Debt Claim**") governing any debt security issued by any of the Debtors pursuant to an indenture (together, the "**Debt Instruments**") if the indenture trustee or similar fiduciary under the applicable indenture or fiscal and paying agency agreement files a Proof of Claim against the applicable Debtor, on or before the Bar Date, on account of all Debt Claims against such Debtor under the applicable Debt Instruments, **provided, however,** that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a Proof of Claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies. Debt Instruments include those agreements listed at the end of this Notice.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

3.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is **thirty days** following the entry of the order approving such rejection or you will be forever barred from doing so. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of June 1, 2009 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

4.    **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

If by overnight courier or hand delivery to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

If by first-class mail, to:

The Garden City Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

Or if by hand delivery to:

United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by The Garden City Group, Inc. or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

5.    **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the form provided with this Notice ("**Proof of Claim Form**") or Official Bankruptcy Form No. 10; (iv) state the Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

Additional Proof of Claim Forms may be obtained at www.uscourts.gov/bkforms/ or www.motorsliquidation.com.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date in the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against each of the Debtors, will be forever barred – that is, forbidden – from asserting the claim against each of the Debtors and their respective estates (or filing a Proof of Claim with respect to the claim), and each of the Debtors and their respective chapter 11 estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution in any of the Debtors' chapter 11 cases on account of the claim, or receive further notices with respect to any of the Debtors' chapter 11 cases.*

7.    **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**"). If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the classification and amount of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the specified Debtor, and if your claim is not described as "disputed", "contingent", or "unliquidated", you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at www.motorsliquidation.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004. Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address and telephone number set forth below:

The Garden City Group, Inc.
Attn: Motors Liquidation Company
P.O. Box 9386
Dublin, Ohio 43017-4286
1-703-286-6401

In the event that the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtors will notify you of the amendment. In such case, the deadline for you to file a Proof of Claim on account of any such claim is the later of (a) the applicable Bar Date and (b) the date that is **thirty days** after the Debtors provide notice of the amendment.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered in this Notice, such as whether the holder should file a Proof of Claim.**

DATED:  September 16, 2009                          BY ORDER OF THE COURT
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**Certain Debt Instruments**

| | Debt Instrument | CUSIP, ISIN, or Swiss Security Numbers |
|---|---|---|
| 1 | Indenture, dated as of Nov. 15, 1990, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AN5, 370442AJ4, 370442AR6, 37045EAG3, 37045EAS7 |
| 2 | Indenture, dated as of Dec. 7, 1995, between GM and Citibank as indenture trustee | CUSIP Nos. 370442AT2, 370442AU9, 370442AV7, 370442AZ8, 370442BB0, 370442816, 370442774, 370442766, 370442758, 370442741, 370442733, 370442725, 370442BQ7, 370442BT1, 370442717, 370442BW4, 370442BS3, 370442121, 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Dai-Ichi Kangyo Trust Company of New York ($58,800,000 Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds) | CUSIP No. 594693AQ6 |
| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($12,500,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AA2 |
| 5 | Indenture of Trust, dated as of July 1, 1999, between City of Moraine, Ohio and Dai-Ichi Kangyo Trust Company of New York ($10,000,000 Solid Waste Disposal Revenue Bonds) | CUSIP No. 616449AB0 |
| 6 | Trust Indenture, dated as of Dec. 1, 2002, among City of Fort Wayne, Indiana, JPMorgan Chase Bank and Bank One Trust Company, N.A., ($31,000,000 Pollution Control Revenue Refunding Bonds) | CUSIP No. 455329AB8 |
| 7 | Trust Indenture, dated as of Mar. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($20,040,000 State of Ohio Pollution Control Refunding Revenue Bonds) | CUSIP No. 667596AU2 |
| 8 | Indenture of Trust, dated as of Dec. 1, 2002, between Ohio Water Development Authority and JPMorgan Chase Bank ($46,000,000 State of Ohio Solid Waste Revenue Bonds) | CUSIP No. 67759ABC2 |
| 9 | Trust Indenture, dated as of Apr. 1, 1984, among City of Indianapolis, Indiana, Bankers Trust Company and The Indiana National Bank ($1,400,000 Pollution Control Revenue Bonds) | CUSIP No. 455329AB8 |

| 10 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, between GM, Deutsche Bank AG London, as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171942757, XS0171943649 |
| 11 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, between GM Nova Scotia Finance Company, GM, as guarantor, Deutsche Bank Luxembourg S.A., as fiscal agent and paying agent, and Banque Générale du Luxembourg S.A., as paying agent | ISIN Nos. XS0171922643, XS0171908063. |
| 12 | Bond Purchase and Paying Agency Agreement dated May 28, 1986 between GM and Credit Suisse | Swiss Security No. 876 926 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| SANCHEZ, ROY | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| SANCHEZ, SANDRA | | 4066 HIGH ST | | | ECORSE | MI | 48229-1628 |
| SANCHEZ, SANDRA | SICO WHITE & BRAUGHI LLP | 225 S LAKE AVE STE 300 | | | PASADENA | CA | 91101-3009 |
| SANCHEZ, SUSANNA | BICKEL LAW FIRM INC | 7825 FAY AVE STE 200 | | | LA JOLLA | CA | 92037-4270 |
| SANCHEZ, TIM R | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| SAND, ANNALISA | STANLEY MARTIN LAW OFFICE OF | 137 BAY ST UNIT 2 | | | SANTA MONICA | CA | 90405-1026 |
| SAND, JAMES | BRAYTON PURCELL | PO BOX 6169 | | | NOVATO | CA | 94948-6169 |
| SANDBECK, DALE | ANGELOS PETER G LAW OFFICES OF | 100 N CHARLES STREET, ONE CHARLES CENTER 22ND FLOOR | | | BALTIMORE | MD | 21202 |
| SANDELL, LEWIE FREDERICK | SHANNON LAW FIRM | 100 W GALLATIN ST | | | HAZLEHURST | MS | 39083-3007 |
| SANDELL, RUDOLPH A | SHANNON LAW FIRM | 100 W GALLATIN ST | | | HAZLEHURST | MS | 39083-3007 |
| SANDELL, DIANNE | 100 N CHERRY AVE | | | | POLO | IL | 61064-1402 |
| SANDEN CORP | 20 KOTOBUKI-CHO | | | ISESAKI GUNMA 372-0052 JAPAN | | | |
| SANDEN CORP | 20 KOTOBUKI-CHO | | | ISESAKI GUNMA 372-0052 JAPAN | | | |
| SANDEN CORP | 20 KOTOBUKI-CHO | | | ISESAKI, GU 372-0 JAPAN | | | |
| SANDEN CORP | 350 YATTAJIMAMACHI | | | ISESAKI GUNMA 372-8558 JAPAN | | | |
| SANDEN CORP | 350 YATTAJIMAMACHI | | | ISESAKI GUNMA JP 372-8558 JAPAN | | | |
| SANDEN CORP. | ERIC MCKEON | 350 YATTAJIMAMACHI | | | | | |
| SANDEN INTERNATIONAL (EUROPE) LTD | CROXFORD LN HAMPSHIRE INTERNATION | BUSINESS PK | | BASINGSTOKE HAMPSHIRE GB RG24 8WH GREAT BRITAIN | | | |
| | | | | | MINERVA | OH | 44657 |
| SANDEN INTERNATIONAL (USA) INC | MARK SWANSON | 601 S. SANDEN BLVD. | | | OSHKOSH | WI | 54901 |
| SANDEN INTERNATIONAL (USA) IND | 601 SANDEN BLVD | | | | WYLIE | TX | 75098-4999 |
| SANDEN INTERNATIONAL (USA) IND. | 47772 HALYARD DR | | | | PLYMOUTH | MI | 48170-2454 |
| SANDEN MANUFACTURING EUROPE | LE QUILLIOU | | | TINTENIAC 35190 FRANCE | | | |
| SANDEN MANUFACTURING EUROPE | LE QUILLIOU | | | TINTENIAC FR 35190 FRANCE | | | |
| SANDERFORD, JAMES K | TOLL LAW OFFICE OF ALAN E | 1411 COMMONWEALTH DR STE 205 | | | WILMINGTON | NC | 28403-0314 |
| SANDERLIN, JERRY L | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| SANDERS, AUSTIN CECIL | BEVAN & ASSOCIATES | 10360 NORTHFIELD ROAD, BEVAN PROFESSIONAL BLDG | | | NORTHFIELD | OH | 44067 |
| SANDERS, BOBBIE | BEVAN & ASSOCIATES | 10360 NORTHFIELD ROAD, BEVAN PROFESSIONAL BLDG | | | NORTHFIELD | OH | 44067 |
| SANDERS, BRENTON | BEVAN & ASSOCIATES | 10360 NORTHFIELD ROAD, BEVAN PROFESSIONAL BLDG | | | NORTHFIELD | OH | 44067 |
| SANDERS, CATHERINE MAE | MOODY EDWARD O | 801 W 4TH ST | | | LITTLE ROCK | AR | 72201-2107 |
| SANDERS, CLARENCE | WILENTZ GOLDMAN & SPITZER | PO BOX 10 | | | WOODBRIDGE | NJ | 07095-0958 |
| SANDERS, DAVID | PORTER & MALOUF PA | 4670 MCWILLIE DR | | | JACKSON | MS | 39206-5621 |
| SANDERS, EARLENE | MOODY EDWARD O | 801 W 4TH ST | | | LITTLE ROCK | AR | 72201-2107 |
| SANDERS, EDGAR C | ANGELOS PETER G LAW OFFICES OF | 100 N CHARLES STREET, ONE CHARLES CENTER 22ND FLOOR | | | BALTIMORE | MD | 21202 |
| SANDERS, GENEEVA | 1442 SOUTH CENTRAL AVE | | | | CICERO | IL | 60804 |
| SANDERS, GLEN C | WILLIAMS & BAILEY | 8441 GULF FWY STE 600 | | | HOUSTON | TX | 77017-5051 |
| SANDERS, JAMES | 100 N CHARLES STREET, ONE CHARLES CENTER 22ND FLOOR | | | | BALTIMORE | MD | 21202 |
| SANDERS, JAMES | ANGELOS PETER G LAW OFFICES OF | 100 N CHARLES STREET, ONE CHARLES CENTER 22ND FLOOR | | | BALTIMORE | MD | 21202 |
| SANDERS, JAMES | PORTER & MALOUF PA | 4670 MCWILLIE DR | | | JACKSON | MS | 39206-5621 |
| SANDERS, JAMES E | DUFFY & ASSOCS JOHN J | 23823 LORAIN RD | | | NORTH OLMSTED | OH | 44070 |
| SANDERS, JAMES E | SHANNON LAW FIRM | 100 W GALLATIN ST | | | HAZLEHURST | MS | 39083-3007 |
| SANDERS, JERRY | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| SANDERS, JEWEL | PORTER & MALOUF PA | 4670 MCWILLIE DR | | | JACKSON | MS | 39206-5621 |
| SANDERS, JOHN | BRAYTON PURCELL | PO BOX 6169 | | | NOVATO | CA | 94948-6169 |

| Name | Address | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| WIED, SHERRY | CHILDRESS & ZDEB | 515 N STATE ST STE 2200 | | | CHICAGO | IL | 60654-4574 |
| WIED, WILLIAM | CHILDRESS & ZDEB | 515 N STATE ST STE 2200 | | | CHICAGO | IL | 60654-4574 |
| WIED, WILLIAM | LEWIS & ROBERTS | 400 SOUTH TRYON STREET , SUITE 1500 | | | CHARLOTTE | NC | 28285 |
| WIEDBRAUK, MICHAEL J | GOLDBERG PERSKY JENNINGS & WHITE P.C. | 1030 FIFTH AVENUE, 3RD FLOOR | | | PITTSBURGH | PA | 15219 |
| WIEDEMAN, FRANCIS | KELLEY & FERRARO LLP | 1300 EAST NINTH STREET, 1901 BOND COURT BUILDING | | | CLEVELAND | OH | 44114 |
| WIEGAND, LINDA | KROHN & MOSS - IL | 120 WEST MADISON STREET, 10TH FLOOR | | | CHICAGO | IL | 60602 |
| WIEGAND, ROBERT L | SEGAL LAW FIRM | 810 KANAWHA BLVD CE | | | CHARLESTON | WV | 25301-2807 |
| WIEGAND, WARREN | KROHN & MOSS - IL | 120 WEST MADISON STREET, 10TH FLOOR | | | CHICAGO | IL | 60602 |
| WIEGLEB, HEINZ | WILENTZ GOLDMAN & SPITZER | 88 PINE STREET, WALL STREET PLAZA | | | NEW YORK | NY | 10005 |
| WIELENBECK, FREDERICK | SIMMONS FIRM | PO BOX 521 | | | EAST ALTON | IL | 62024-0519 |
| WIEMANN, JAMES | SIEBEN POLK LAVERDIERE & DUSICH | 999 WESTVIEW DR | | | HASTINGS | MN | 55033-2432 |
| WIENCKO, HENRY J | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIENS, LYLE D | ROSNER LAW & MANSFIELD | 10685 CARROLL CANYON ROAD | | | SAN DIEGO | CA | 92131 |
| WIENS, MARVIN | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIENS, TARA | 1031 RAINBOW CT | | | | BUHLER | KS | 67522-8076 |
| WIER, JEANNETTE | 610 MAPLE PARK DR | | | | MENDOTA HEIGHTS | MN | 55118-1839 |
| WIERS, JAMES D | KELLEY & FERRARO LLP | 1300 EAST NINTH STREET, 1901 BOND COURT BUILDING | | | CLEVELAND | OH | 44114 |
| WIERSEMA, DAVID R | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIERSEMA, WILBUR | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIERSMA, LEE | JACOBS & CRUMPLAR P.A. | PO BOX 1271 | 2 EAST 7TH ST, | | WILMINGTON | DE | 19899-1271 |
| WIERSTAD, DAVID C | SIEBEN POLK LAVERDIERE & DUSICH | 999 WESTVIEW DR | | | HASTINGS | MN | 55033-2432 |
| WIERZBICKI, CONNIE | PO BOX 259 | | | | TWENTYNINE PALMS | CA | 92277-0250 |
| WIESEMANN, JUDD | STANLEY-MARTIN LAW OFFICE OF | 137 BAY ST UNIT 2 | | | SANTA MONICA | CA | 90405-1026 |
| WIESMANN, RACHEL | STANLEY-MARTIN LAW OFFICE OF | 137 BAY ST UNIT 2 | | | SANTA MONICA | CA | 90405-1026 |
| WIESNER, SHERRY | BEVAN & ASSOCIATES | 10360 NORTHFIELD ROAD, BEVAN PROFESSIONAL BLDG | | | NORTHFIELD | OH | 44067 |
| WIESS, CAROLYN J | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIGER, MELISSA | 410 MOREN RD | | | | NORFOLK | KY | 40741-2703 |
| WIGFIELD, SHERMAN J | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | LONDON | VA | 23510-2217 |
| WIGG, BETTY A | WISE & JULIAN | PO BOX 1108 | | | ALTON | IL | 62002-1108 |
| WIGGINS, ERNEST F | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIGGINS, JACK | BILMS KEVIN P | 460 CRAWFORDS ST STE 202 | | | PORTSMOUTH | VA | 23704-3813 |
| WIGGINS, STANLEY T | ANGELOS PETER G LAW OFFICE | 1300 N MARKET ST STE 212 | | | WILMINGTON | DE | 19801-1813 |
| WIGGINS, ZENOBIA | PORTER & MALOUF PA | 4670 MCVILLIE DR | | | JACKSON | MS | 39206-5621 |
| WIGGINTON, OPIE M | AIG | 6675 CORPORATE CENTER PKWY STE 320 | | | JACKSONVILLE | FL | 32216-8092 |
| WIGGINTON, RACHEL | JEANSONNE & REMONDET | 20 W CONGRESS ST STE 1100 | | | LAFAYETTE | LA | 70501-6870 |
| WIGGS, SHERMAN HARDY | BOONE ALEXANDRA | 205 LINDA DR | | | DANGERFIELD | TX | 75638-2107 |
| WIGHT, HOWARD | EMBRY AND NEUSSNER | 118 POQUONNOCK RD | | | GROTON | CT | 06340-4408 |
| WIGHT, JAMES O | GLASSER AND GLASSER | CROWN CENTER, 580 EAST MAIN STREET, SUITE 600 | | | NORFOLK | VA | 23510-2212 |
| WIGLEY, FRANK H | GEORGE & SIPES | 156 E MARKET ST STE 600 | | | INDIANAPOLIS | IN | 46204-3247 |
| WIKERT, WILLIAM G | GOLDBERG PERSKY JENNINGS & WHITE P.C. | 1030 FIFTH AVENUE, 3RD FLOOR | | | PITTSBURGH | PA | 15219 |
| WILBANKS, EARL | GUY WILLIAMS S | PO BOX 509 | | | MCCOMB | MS | 39649-0509 |
| WILBANKS, JOSEPH BUIEL | COON & ASSOCS BRENT | 917 FRANKLIN ST STE 210 | | | HOUSTON | TX | 77002-1751 |
| WILBERT, LILLIA MAE | COON & ASSOCS BRENT | 917 FRANKLIN ST STE 210 | | | HOUSTON | TX | 77002-1751 |
| WILBUR, DAVID R | GOLDBERG PERSKY JENNINGS & WHITE P.C. | 4800 FASHION SQUARE BLVD STE 260 | | | SAGINAW | MI | 48604-2602 |
| WILCHER, SAMUEL | BARTON & WILLIAMS | 3007 MAGNOLIA ST | | | PASCAGOULA | MS | 39567-4126 |