# EXHIBIT J

To the

**DECLARATION OF MICHAEL A. SCHWARTZ IN SUPPORT OF THE SATURN PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITON TO DEBTORS' OBJECTION TO PROOFS OF CLAIM NOS. 16440 and 16441**

HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: January 27, 2011 at 4:00 pm (Eastern Time)

Paul O. Paradis
Michael A. Schwartz
Gina M. Tufaro
HORWITZ, HORWITZ & PARADIS
Attorneys at Law
570 Seventh Avenue, 20th Floor
New York, New York 10018
Telephone: 212.986.4500
Facsimile: 212.986.4501

James E. Miller
Patrick A. Klingman
SHEPHERD FINKELMAN
MILLER & SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: 860.526.1100
Facsimile: 860.526.1120

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                            :
                                                                 :   Chapter 11 Case No.:
        MOTORS LIQUIDATION COMPANY, et al.,                      :
              F/K/A General Motors Corp., et al.                 :   09-50026 (REG)
                                                                 :
                                Debtors.                         :   (Jointly Administered)
-----------------------------------------------------------------x

**DECLARATION OF CHARLES REID IN SUPPORT OF THE SATURN L-SERIES
TIMING CHAIN PRODUCTS LIABILITY LITIGATION CLASS CLAIM NOS. 16440
AND 16441 AND IN OPPOSITON TO DEBTORS' OBJECTION THERETO**

I, Plaintiff Charles Reid, under penalty of perjury, hereby declare that the following is true and correct to the best of my knowledge and belief:

1.      I am over the age of 18 and am fully familiar with the facts and circumstances set forth herein and could competently testify thereto if called upon to do so.

2. I respectfully submit this Declaration In Support of the claim submitted on behalf of the Class in *In re Saturn L-Series Timing Chain Products Liability Litigation*, MDL No. 1920 (D. Neb.) ("Saturn Timing Chain Class"), Claim Nos. 16440 and 16441, and in Opposition to Debtor's Objection Thereto.

3. I am a citizen and resident of the state of North Carolina.

4. I am one of the named plaintiffs in the Saturn Timing Chain Class, and I bring this class action on behalf of myself and similarly situated persons and entities who purchased or leased a (i) model year 2000-2003 Saturn L-Series; (ii) model year 2002-2003 Saturn Vue; or (iii) model year 2003 Saturn Ion, each equipped with a 2.2 Liter, 4-cylinder, 137-horsepower dual-overhead-cam, Ecotec L61 Engine and a GM production part number 90537338 steel timing chain (the "Timing Chain") and a GM production part number 90537476 timing chain oiling nozzle (the "Oiling Nozzle") (collectively, the "Class Vehicles") in the states of Alaska, Arkansas, California, Colorado, Delaware, Florida, Hawaii, Illinois, Iowa, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, North Carolina, North Dakota, Oklahoma, Pennsylvania, South Carolina, South Dakota, Texas, Virginia, West Virginia, and Wyoming, and whose Timing Chain has failed (the "Class").

5. The operative complaint in this action alleges that the Class Vehicles are defectively designed because they were equipped with Timing Chains and Oiling Nozzles that were not capable of withstanding normal operation.

6. In May 2001, I purchased from Saturn of Fayetteville, in Fayetteville, NC a Saturn L-Series Class Vehicle, model year 2001 L200, VIN 1G8JU52F61Y583548, equipped with a 2.2L Ecotec L61 Engine, Timing Chain and the Oiling Nozzle.

7. In October 2006, I was driving my vehicle when the Timing Chain broke, damaging the engine and causing the Vehicle to stop operating, necessitating repairs costing over $900.

8. I am willing to be a representative of the Class and do not have any antagonistic or conflicting claims with other members of the putative class. I am eager to see this litigation through to a successful conclusion for the Class.

9. I understand and agree that:

   a. As a class representative, I have a duty to ensure the vigorous advocacy of this litigation. I have, and will continue to fulfill this duty by continuing to monitor, supervise and direct my lawyers throughout this litigation and ensuring that they prosecute this case on behalf of the entire Class, not just myself;

   b. I may have to testify at a deposition, hearing and/or a trial. I have already provided documents and answers to interrogatories and am willing to continue to provide additional information if necessary;

   c. The case cannot be dropped or settled without protecting the Class members, even if doing so would require turning down a settlement offer that might be lucrative for me, personally; and

   d. The Court has to approve any settlement or disposition of the case.

10. I have arranged for my attorneys to advance all costs, including the cost of notification to the Class.

11. I understand that courts have sometimes awarded people money for serving as the class representative, but that I am not entitled to such money as a matter of right, and that I have not been promised or guaranteed money for being the class representative.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 21st day of January, 2011.

*/s/ Charles Reid*
Charles Reid