Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
    f/k/a General Motors Corp., et al.  :
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 69998 FILED BY THOMAS SMALLEY**

PLEASE TAKE NOTICE that upon the annexed Objection, dated January 27, 2011 (the "**Objection**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), to the allowance of Proof of Claim No. 69998 filed by Thomas Smalley all as more fully set forth in the Objection, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011, at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response**

**Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and

served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit

to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Objection, which order may be entered with no further notice or opportunity to be heard offered

to any party.

Dated: New York, New York
      January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**Response Deadline: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :    Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :    09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
------------------------------------------------------------x
```

## DEBTORS' OBJECTION TO PROOF OF
## CLAIM NO. 69998 FILED BY THOMAS SMALLEY

# TABLE OF CONTENTS

Relief Requested ........................................................................................................................1

Jurisdiction ...............................................................................................................................2

Background ...............................................................................................................................2

Argument ..................................................................................................................................4

A.    The Smalley Claim Should Be Disallowed Because it Is Time-Barred Under
        the Applicable Statute of Limitations ...........................................................................4

1.    The Court Has Subject Matter Jurisdiction to Disallow a Personal
        Injury Claim That Is Time-Barred Pursuant to the Applicable
        Statute of Limitations........................................................................................4

2.    The Applicable Statute of Limitations Is Determined Under New
        York Choice of Law Rules, which Applies the Shorter Limitations
        Period Under New York and Illinois Law ..................................................6

3.    The Smalley Claim Is Time-Barred Under New York Law ........................7

4.    The Smalley Claim Is Time-Barred Under Illinois Law ............................8

B.    The Smalley Claim Should Be Disallowed Because it Was Filed After the Bar
        Date to File Proofs of Claim Against MLC ....................................................................8

Reservation of Rights..............................................................................................................11

Notice .....................................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Adelphia Commc'ns Corp. v. Bank of Am. (In re Adelphia Commc'ns Corp.)*,
    365 B.R. 24 (Bankr. S.D.N.Y. 2007) ..........................................................................6

*Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*,
    262 B.R. 223 (S.D.N.Y. 2001) ............................................................................4, 5

*In re Chateaugay Corp.*,
    111 B.R. 67 (Bankr. S.D.N.Y. 1997) ......................................................................5

*In re DPH Holdings Corp.*,
    No. 05-44481, 2010 WL 3491186 (Bankr. S.D.N.Y. Aug. 31, 2010) ......................4

*In re Drexel Burnham Lambert Group Inc.*,
    151 B.R. 674 (Bankr. S.D.N.Y. 1993) ....................................................................9

*In re Enron Corp.*,
    419 F.3d 115 (2d Cir. 2005) ............................................................................9, 10

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc)*,
    398 B.R. 736 (S.D.N.Y. 2008) ...............................................................................5

*Golla v. Gen. Motors Corp.*,
    657 N.E.2d 894 (Ill. 1995) ......................................................................................8

*Heller v. U.S. Suzuki Motors Corp.*,
    477 N.E.2d 434 (N.Y. 1985) ...................................................................................7

*In re Keene Corp.*,
    188 B.R. 903 (Bankr. S.D.N.Y. 1995) ...................................................................10

*In re Kmart Corp.*,
    381 F.3d 709 (7th Cir. 2004) ...............................................................................10

*In re Lehman Bros. Holdings, Inc.*
    No. 08-13555, 2010 WL 2000326 (Bankr. S.D.N.Y. May 20, 2010) .....................10

*Martin v. Julius Diereck Equip. Co.*,
    374 N.E.2d 97 (N.Y. 1978) ................................................................................6, 7

*In re Musicland Holding Corp.*,
    356 B.R. 603 (Bankr. S.D.N.Y. 2006) ...................................................................10

# TABLE OF AUTHORITIES
## (continued)

*Official Comm. of Asbestos Claimants of G-I Holdings, Inc. v. Heyman,*
   277 B.R. 20 (S.D.N.Y. 2002) .................................................................................6

*In re Olympia & York Maiden Lane Co. LLC,*
   No. 98-46167, 1999 WL 58581 (Bankr. S.D.N.Y. Jan. 25, 1999) ...........................4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*
   507 U.S. 380 (1993) ............................................................................................9

*Victorson v. Bock Laundry Machine Co.,*
   335 N.E.2d 275 (N.Y. 1975).................................................................................7

*In re XO Commc'n, Inc.,*
   301 B.R. 782 (Bankr. S.D.N.Y. 2003) .................................................................8, 9

## STATUTES & RULES

11 U.S.C. § 105(a) ...............................................................................................11

11 U.S.C. § 502 .....................................................................................................1

11 U.S.C. § 502(b)(9) ..........................................................................................1, 8

28 U.S.C. § 157 ...................................................................................................2, 4

28 U.S.C. § 157(b) .................................................................................................2

28 U.S.C. § 157(b)(1) .............................................................................................4

28 U.S.C. § 157(b)(2)(B) ......................................................................................4, 5

28 U.S.C. § 1334 .................................................................................................2, 4

735 Ill. Comp. Stat. 5/13-202 .................................................................................6

Fed. R. Bankr. P. 1015(c) .....................................................................................11

Fed. R. Bankr. P. 3003(c)(3)..................................................................................1, 8

Fed. R. Bankr. P. 3007(d) .......................................................................................1

Fed. R. Bankr. P. 9006(b)(1) ..................................................................................9

## TABLE OF AUTHORITIES
### (continued)

Fed. R. Bankr. P. 9007 ...............................................................................................................9

N.Y. C.P.L.R. 202 ......................................................................................................................6

N.Y. C.P.L.R. 214(5) .................................................................................................................6

U.C.C. § 2-725 ...........................................................................................................................6

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") respectfully

represent:

### **Relief Requested**

1.      The Debtors file this objection pursuant to section 502 of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of

the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing

Proofs of Claim and Procedures Relating Thereto and Approving the Form and Manner of Notice

Thereof (the "**Bar Date Order**") (ECF No. 4079) seeking entry of an order disallowing and

expunging the claim asserted pursuant to Proof of Claim No. 69998 filed by Thomas Smalley

(the "**Proof of Claim**," and the claim asserted thereto, the "**Smalley Claim**"), a copy of which is

attached hereto as **Exhibit** "**A**."

2.      The Debtors have examined the Smalley Claim and have concluded that

(i) the Smalley Claim is time-barred under the applicable statute of limitations as more fully

described herein, and (ii) the Smalley Claim is also time-barred because it was also filed after the

Court-imposed deadline set forth in the Bar Date Order for filing proofs of claim against MLC.

Accordingly, the Debtors request the entry of an order disallowing and expunging the Smalley

Claim from the Debtors' claims register.

### Jurisdiction

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.        Thomas Smalley, a resident of the state of Iowa, asserts that he was

injured in a motor vehicle accident on September 27, 1997, in DuPage County, Illinois, while

driving a Buick Regal, a vehicle manufactured by the Debtors (the "**1997 Accident**").  (Proof of

Claim at 16.)  According to Thomas Smalley, the 1997 Accident occurred due to a "loss of

steering and control" of the Buick Regal that resulted in a "roll over accident."  (Proof of Claim

at 2.)  As more fully described below, Thomas Smalley did not pursue a cause of action against

any of the Debtors in any court until approximately twelve and a half years later when he filed a

proof of claim against MLC on February 8, 2010.

5.        On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Case Number 09-50026 (REG).

6.        On June 19, 2009, Thomas Smalley contacted the Debtors' Customer

Assistance Center and, for the purpose of attempting to obtain a recovery from the Debtors,

notified the Debtors of the 1997 Accident for the very first time.

---

[1]    The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2]    The Realm/Encore Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

7.      On September 16, 2009, this Court entered the Bar Date Order, which specifically provides that in order for proofs of claim to be timely-filed in the Initial Debtors' cases, proofs of claim must be "**actually received**" by the Debtors' claims agent or the Court, on or before November 30, 2009 (the "**Bar Date**").  (Bar Date Order at 3.)  The Bar Date Order also expressly provides that any holder of a claim against the Debtors who is required, but fails, to file a proof of such claim so as to be actually received on or before the Bar Date shall forever be barred, estopped, and enjoined from asserting such claim against any of the Debtors and their respective estates.  (Bar Date Order at 5.)

8.      As a result of Mr. Smalley's call to the Debtors' Customer Assistance Center and as indicated on the affidavit of service to the Bar Date Order (the "**Affidavit of Service**") (ECF No. 4238), Thomas Smalley received actual notice of the Bar Date Order by mail.  The Bar Date Order clearly and unambiguously stated that proofs of claim against the Debtors must be actually received on or before the Bar Date and prominently stated in bold-face type that any creditor who fails to comply with the Bar Date Order will be forever barred from asserting the claim or filing a proof of such claim.  (Affidavit of Service Ex. A, at 950.)  In addition to providing actual notice of the Bar Date Order, the Debtors also provided notice by publication.[3]

9.      On February 8, 2010, more than three months after the Bar Date and approximately twelve and a half years after the 1997 Accident, the Smalley Claim was filed against MLC.

---

[3]   Notice of the Bar Date Order was published in the *Financial Times*, *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *Detroit Free Press/Detroit News*, *Le Journal de Montreal* (French), *Montreal Gazette* (English), *The Globe and Mail* (National), and *The National Post*.  The Debtors also caused copies of the Bar Date Order to be made publicly available on the website created for these cases at www.motorsliquidationdocket.com.

## <u>Argument</u>

**A.    The Smalley Claim Should Be Disallowed Because it Is Time-Barred Under the Applicable Statute of Limitations.**

**1.    The Court Has Subject Matter Jurisdiction to Disallow a Personal Injury Claim That Is Time-Barred Pursuant to the Applicable Statute of Limitations.**

10.    As an initial matter, "[t]his district has recognized the authority of the Bankruptcy Court to apply statute of limitations and related dispositive legal defenses in the disallowance of claims, including personal injury claims." *Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 262 B.R. 223, 234 (S.D.N.Y. 2001) (citation omitted).  The jurisdictional basis of a bankruptcy court to adjudicate a proceeding is derived from the grant of jurisdiction to the district court pursuant to section 1334 of title 28 of the United States Code, and the procedures set out in section 157 of title 28 of the United States Code.  *In re Olympia & York Maiden Lane Co. LLC*, No. 98-46167, 1999 WL 58581, at *2 (Bankr. S.D.N.Y. Jan. 25, 1999).  Pursuant to section 1334, district courts have original jurisdiction of all proceedings "arising under title 11, or arising in or related to a case under title 11 [of the United States Code]."  28 U.S.C. § 1334.  A claim objection is a proceeding "arising in" a case under the Bankruptcy Code.  *See In re DPH Holdings Corp.*, No. 05-44481, 2010 WL 3491186, at *2 (Bankr. S.D.N.Y. Aug. 31, 2010).  Pursuant to section 157(b)(1), bankruptcy courts have jurisdiction to hear and enter orders and judgments with respect to, *inter alia*, any proceeding "arising in" a case under the Bankruptcy Code that is a "core proceeding."  28 U.S.C. § 157(b)(1).  Section 157(b)(2)(B) provides that "core proceedings" include:

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purpose of confirming a plan under chapter 11, 12 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

28 U.S.C. § 157(b)(2)(B).

11.     Notwithstanding the language in section 157(b)(2)(B) prohibiting the "liquidation or estimation of contingent or unliquidated personal injury" claims, it is well-settled within this jurisdiction that a bankruptcy court may disallow a personal injury claim that is not sustainable at law because of a legal defense such as an applicable statute of limitations.  *U.S. Lines*, 262 B.R. at 234 (citing *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1997)) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a matter of law, a claim exists which can be asserted against the debtor, even if the claim sounds in personal injury, tort or wrongful death."); *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc)*, 398 B.R. 736, 750 (S.D.N.Y. 2008) (noting "it is well settled" that a bankruptcy court can disallow personal injury claims).  Courts have reasoned that while section 157(b)(2)(B) restricts a bankruptcy court's power to liquidate or estimate personal injury claims for the purposes of distribution, section 157(b)(2)(B) imposes no corollary restriction upon a bankruptcy court to disallow a personal injury claim in the first instance, which is a separate and distinct function from liquidating or estimating a claim, and actually obviates the need for a claim to be estimated or liquidated.  *Chateaugay*, 111 B.R. at 74, 75 ("[i]f a claim is not allowed because it is barred by the statute of limitations, there is undeniably no need for it to be liquidated or estimated."); *Alper Holdings*, 398 B.R. at 749 (citation omitted).

12.     Both the district court and the bankruptcy court for the Southern District of New York have expressly stated that the expiration of an applicable statute of limitations is precisely the sort of legal defense that allows a bankruptcy court to disallow a personal injury claim notwithstanding the jurisdictional limitations set forth in section 157(b)(2)(B).  *U.S. Lines,* 262 B.R. at 234; *Chateaugay,* 111 B.R. at 75.  Consequently, this court has subject matter

jurisdiction to disallow and expunge the Smalley Claim in its entirety on the basis that the

applicable statute of limitations has run.

> **2.      The Applicable Statute of Limitations Is Determined Under New York Choice of Law Rules, which Applies the Shorter Limitations Period Under New York and Illinois Law.**

13.      Where, as here, a court is "exercising bankruptcy jurisdiction over state

law claims under section 1334(b), the court applies the choice of law rules of the forum state to

determine the applicable statute of limitations." *Adelphia Commc'ns Corp. v. Bank of Am. (In re*

*Adelphia Commc'ns Corp.),* 365 B.R. 24, 57 n.136 (Bankr. S.D.N.Y. 2007) (citing *Official*

*Comm. of Asbestos Claimants of G-I Holdings, Inc. v. Heyman*, 277 B.R. 20, 29-30 (S.D.N.Y.

2002)).  In this instance, the forum state is New York, which has enacted a statute of limitations

"borrowing statute" which provides that: "[a]n action based upon a cause of action accruing

without [New York State] cannot be commenced after the expiration of the time limited by the

laws of either [New York State] or the place without [New York State] where the cause of action

accrued, except that where the cause of action accrued in favor of a resident of [New York State]

the time limited by the laws of [New York State] shall apply." N.Y. C.P.L.R. 202.[4]

14.      Since Thomas Smalley is a non-resident of New York, the applicable

statute of limitations with respect to the Smalley Claim is the shorter limitations period under

either New York law or the law of the state where the cause of action accrued.  In order to

determine the state where the cause of action accrued, an inquiry must be made as to the specific

cause of action being asserted.  While Thomas Smalley does not articulate a specific cause of

action, it would appear that he is attempting to assert a claim for strict products liability and/or

---

[4]   Statute of limitations "borrowing statutes," which have been enacted by most states, have the purpose of denying non-residents the benefit of a forum state's longer limitations period if the place where the cause of action accrues ascribes a shorter limitations period.  *Martin v. Julius Dierck Equip. Co.*, 374 N.E.2d 97, 99 (N.Y. 1978).

negligence, each of which accrued in Illinois, the place of the accident giving rise to the injury.

*Martin v. Julius Dierck Equipment Co.*, 374 N.E.2d 97 (N.Y. 1978) (holding that a negligence

and strict products liability claim asserted in New York by a resident of the District of Columbia

accrued in Virginia, the state where the physical injury occurred).  Consequently, the Smalley

Claim is time-barred if the limitations period for asserting a strict products liability and

negligence claim had run under either New York or Illinois law.

### 3.    The Smalley Claim Is Time-Barred Under New York Law.

15.    Under New York law, the limitations period to assert a negligence claim is

governed under Rule 214(5) of the New York Civil Practice Law and Rules, which provides that

a negligence claim must be brought within three years.  N.Y. C.P.L.R. 214(5).  Additionally, the

limitations period under New York law to assert a strict products liability claim is also three

years.  *See Victorson v. Bock Laundry Machine Co.*, 335 N.E.2d 275, 279 (N.Y. 1975) (statute of

limitations "governing injuries to person or property are those properly applicable to a strict

products liabilities claims") (citations omitted).  The Illinois Motorist Report attached to Thomas

Smalley's proof of claim clearly indicates that the date of the car accident giving rise to his

injuries was September 27, 1997.  Proof of Claim, at 16.  As such, under New York law, Thomas

Smalley had until September 27, 2000 to timely file a strict products liability or negligence claim

against MLC.  Thomas Smalley failed to file a claim by that time, and waited until February 8,

2010 to finally assert a claim against MLC, which was approximately nine and a half years after

the limitations period under New York law, and twelve and a half years after the 1997 Accident.

As such, there can be no mistake that the Smalley Claim is time-barred.[5]

---

[5]    While Thomas Smalley did not appear to assert a cause of action for breach of warranty, such a cause of action
would likewise be time-barred under New York law, which provides a four year limitations period with respect to
warranty claims.  UCC § 2-725; *Heller v. U.S. Suzuki Motors Corp.*, 477 N.E.2d 434 (N.Y. 1985) (holding that the
four year limitations period begins to run on the date the defendant tenders delivery of the product).

### 4.    The Smalley Claim Is Time-Barred Under Illinois Law.

16.    Under Illinois law, the limitations period to assert a negligence claim is governed under section 13-202 of the Illinois Code of Civil Procedure, which provides that a negligence claim must be brought within two years.  735 Ill. Comp. Stat. 5/13-202. Additionally, the limitations period to assert a products liability claim under Illinois law is also two years.  *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 903 (Ill. 1995) (holding that the two year statute of limitations for product liability claims begins to run at the time of the accident). As such, the limitations period with respect to the Smalley Claim is shorter under Illinois law than that under New York law, and expired on September 27, 1999.  However, regardless which law applies, the Smalley Claim is clearly time-barred and should be expunged in its entirety.

**B.    The Smalley Claim Should Be Disallowed Because it Was Filed After the Bar Date to File Proofs of Claim Against MLC.**

17.    Section 502(b)(9) of the Bankruptcy Code provides that, upon the objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim is not timely filed."  11 U.S.C. § 502(b)(9).  Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is done so prior to the deadline fixed by a bankruptcy court. Fed. R. Bankr. P. 3003(c)(3).  A bar date is not to be disregarded by claimants as it is meant to "function as a statute of limitations and effectively [disallows] late claims in order to provide the Debtor and its creditors with finality to the claims process and permits the Debtor to make swift distributions under the Plan."  *In re XO Commc'n, Inc.*, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003).

18.    The Bar Date Order specifically required proofs of claim to be actually received on or before the Bar Date.  (Bar Date Order at 3)  Thomas Smalley received actual notice of the Bar Date Order, which clearly warned that the failure to comply with the deadlines

specified therein would result in his claim being barred. (*See* Bar Date Order at 5.)

Notwithstanding, the Smalley Claim was received on February 8, 2010, more than two months

after the Bar Date, and, accordingly, should be disallowed on that basis.

19.     A subsequent question may arise as to whether there were extraordinary

circumstances sufficient to constitute  "excusable neglect" to justify extending the time for the

Smalley Claim to be filed. *XO Commc'n,* 301 B.R. at 791.  However, pursuant to Bankruptcy

Rule 9006(b)(1), such relief can only be granted "on motion" by a claimant.  Fed. R. Bankr. P.

9006(b)(1).  Moreover, the burden would then be "on the claimant[] to prove that he or she did

not timely file the proofs of claim because of excusable neglect."  *XO Commc'n*, 301 B.R. at

795; *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993)

(when a party moves for an extension after the bar date, "that party must show" excusable

neglect).

20.     Thomas Smalley has not moved for an extension under Bankruptcy Rule

9006(b)(1); however, even if sought, it is unlikely that he can make a showing that rises to the

level of "excusable neglect."   As set forth by the United States Supreme Court in *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs.*, whether excusable neglect exists in any particular case hinges

on five factors:  (1) the degree of prejudice to the debtors; (2) the length of the delay and its

potential impact on judicial proceedings; (3) the reason for the delay, including whether it was

within the reasonable control of the claimant; (4) whether the claimant acted in good faith; and

(5) if a claimant had counsel, whether a claimant should be penalized for their counsel's mistake

or neglect.  507 U.S. 380, 385-87 (1993).  In other words, simple inadvertence is not sufficient

grounds.  In applying *Pioneer*, the Second Circuit has adopted what can be characterized as a

hard line test for determining whether a party's neglect is excusable.  *In re Enron Corp.*, 419

F.3d 115, 122-23 (2d Cir. 2005).  The Second Circuit cautions that rarely will the equities favor a

claimant who fails to follow a clear court rule.  *Id.* at 123.

21.    Here, certain of the *Pioneer* factors weigh heavily against a finding of

excusable neglect.  As to the first factor (degree of prejudice to a debtor), it must be noted that

the Debtors have already filed, and even amended, their chapter 11 plan of liquidation (the

"**Plan**") and the hearing to consider confirmation of the Plan is scheduled for March 3, 2011.  It

would be severely prejudicial to other claimants and these judicial proceedings to now have to

reserve distributions while the standards of excusable neglect and the allowance of the Smalley

Claim and other late-filed claims are adjudicated.  Moreover, due to the fact that the underlying

claim is time-barred, permitting the Smalley Claim would require the Debtors to expend limited

resources disallowing the claim on other grounds.  As to the second factor under *Pioneer* (the

length of delay), a court may consider not only when a claim was filed in relation to a bar date,

but also, how long a claimant waited after the bar date to finally request an extension for its late-

filed claim under Bankruptcy Rule 9006(b).  *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir.

2004).  Here, considering that Thomas Smalley has yet to request an extension and the Bar Date

was November 30, 2009, the delay attributable to the Smalley Claim at this point is

approximately thirteen months.

22.    Ultimately, "[b]ar dates are 'critically important to the administration of a

successful chapter 11 case.'"  *In re Lehman Bros. Holdings, Inc.*, No. 08-13555, 2010 WL

2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting *In re Musicland Holding Corp.*, 356

B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).  A bar date enables debtors to determine with reasonable

promptness, efficiency and finality what claims will be made against their estates so that

distributions to holders of allowed claims can be made as soon as possible. *See In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).

23.     Because the Smalley Claim fails to comply with the Bar Date Order and, moreover, is time-barred under the applicable statute of limitations, the Debtors request that the Court enter an order disallowing and expunging the Smalley Claim in its entirety.

## **Reservation of Rights**

24.     The Debtors reserve the right to object to the Smalley Claim on any other basis to the extent that the Smalley Claim is not disallowed and expunged in its entirety.

## **Notice**

25.     Notice of this Objection has been provided to Thomas Smalley and to the parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

26.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 27, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# **EXHIBIT "A"**

Proof of Claim No. 69998



**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| PROOF OF CLAIM |
| --- |

| Name of Debtor (Check Only One) | Case No |
| --- | --- |
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows:**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 3)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property)   *Thomas M Smalley*

☐ Check this box to indicate that this claim amends a previously filed claim

Name and address where notices should be sent
*Thomas M Smalley*
*POB 93*
*Lynnville Iowa 50153*

Court Claim Number _____
(If known)

Telephone number
Email Address

Filed on _____

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)
**FILED - 69998**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1** Amount of Claim as of Date Case Filed, June 1 2009·    $ _____

If all or part of your claim is secured, complete item 4 below, however if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2** Basis for Claim    *PERSONAL INJURY*
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor    *2343 or 5266*

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

**4** Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other

Value of Property $_____    Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☒ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☒ Up to $2,425* of deposits toward purchase, lease or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☒ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9)

☐ Other  Specify applicable paragraph of 11 U S C § 507 (a) (_)

Amount entitled to priority

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6** Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents  Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any  *Thomas M Smalley* | FOR COURT USE ONLY |
| --- | --- | --- |

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

to the Honorable Robert E. Gerber

I Thomas M Smalley feel I have a claim in this bankruptcy.

I have filled out a claim form to the best I could on boxes to check

and am enclosing this letter below as an amendment to said form.
I am a former owner of a 1991 Buick Regal and in the year 1997

due to a motors recall(see 1 of 11 thru 5 of 11) that started in early

of 97 was ordered such recall for retainer bolts that if not fixed

would result in a crash (loss of steering ,see recall cards) I suffered

a crash(see 6 of 11 page 1 , 2) before the notice card was sent(see 7

and 8 of 11) ,I believe the recall may still be open and to this date

it has not been repaired,replaced,or acted upon or refund.(see

exhibit #B page 2 , 2nd to last paragraph)

 My history with Chrysler Corp was somewhat favorable in 99 I

had to replace a $2200 transmission and over a year later had

called Chrysler on unrelated matter and low and behold I

mentioned this and had a reimbursement sent in 3 days . I have

gotten nowhere with GM .

Therefore a breach of performance has occurred creating a right of

payment and a right to an equitable remedy

The Crash has left me with broken Ribs ,a head injury due to the nature of a loss of steering and control resulting in a roll over accident that caused head to violently hit windshield and disabling pain that is very painful and at times is unbearable, that i have filed for SS in 2006 and still waiting for a favorable decision ,they know of this crash that shortly after this accident my symptoms started,Cauda Equina syndrome is hard to diagnose and evolve over time , in 2009 a Dr. confirmed that my Bladder ,Bowel Dysfunction ,Pain ,Numbness and weakness all turn to Cauda Equina syndrome that is mostly caused by a severe car crash.(see exhibit #C) (Page 9 of 11 shows medical costs and have spent twice that on pain medicine and all other related costs to somewhat maintain a quality of living . I will most likly end up spending at least 20 or 30 times that in my lifetime just to maintain life .cant imagine what Dr. may cost? It is very dificult to stand,sit,lay longer than an hour or two ,sleep is not really sleep having many times awakened by my Dysfunction. Something I never used to have to do,that doesnt include the pain sustained when rolling over on the left side where the damage has centered around thus waking as if the crash just happened the day before .

My thought was that SS is holding off on a decision until this motors deadline expires due to if they agree that i am disabled it would help out with this case I have with Motors Liquidation Company f/k/a General Motors Corporation .

I wish all the TV coverage about Toyota recall was standard back in 1997 and I may have found out about this before I was injured.

Now comes to the remedy of payment
I have sold my transportation and rely on rides due to the pain ,so not sure just a car would be equitable,I have severely harmed my ability to earn a living to afford a new car for myself,so to have one help me with my transportation would be helpful bi yearly or something like that ?
On my use of gloves for my dysfunction and lack of ability to do the simple everyday functions ,how can 1 put a price on that ,One told me this in telling of my story,is just remember the lady that burned herself with McDonald's coffee received $80 million. I wish I was just burned . I would not wish this on anyone what I go thru Nightly,Daily 24/7 365days year

Prayfully yours
Thomas M Smalley
pob 93
Lynnville,Iowa 50153

**THOMAS J. MILLER**
ATTORNEY GENERAL

CONSUMER PROTECTION DIVISION



Address Reply To
Hoover Bldg , 1305 E Walnut
Des Moines, Iowa 50319

Telephone 515-281-5926
Toll Free 888-777-4590 (in Iowa)
Fax 515-281-6771
www IowaAttorneyGeneral org

## Department of Justice

October 1, 2009

Tom Smalley
P O Box 93
Lynnville, IA 50153

      Re     General Motors Corporate - General
             File #2008-95162
             (Please refer to this file number when communicating with our office)

Dear Mr Smalley

      Thank you for writing to us about your complaint  Consumer complaints are generally the best way for us to learn about what Iowa consumers experience every day, and they help us decide which problems to pursue  For that reason, thank you very much for writing to us

      We do not give legal advice and representation to citizens the way a private attorney does, but we try to help each citizen who files a complaint  Sometimes we help by giving information to citizens to help them settle their complaints on their own or to avoid similar problems in the future  Sometimes we help a citizen by trying to get a refund  In addition, information from consumers may lead to legal action to correct the problem

      When we decide how to handle a consumer complaint, we look at many factors, including the alleged actions of the business, whether we have a prior settlement or order against that business which is being violated, whether it appears especially vulnerable consumers are being targeted for fraud, and other factors

      After reviewing your complaint we have decided to assist you by offering ideas that may help you settle the matter on your own  First, if you have not already done so, you should make every effort to settle your dispute directly with the business  If early efforts do not settle your complaint, consider contacting supervisors or owners of the business  Be sure to keep a record of all calls and letters by keeping notes and copies  This will help you with possible future action that you may take

      If the business does not satisfy your complaint, you may want to contact a private attorney for advice and assistance  To select an attorney, you may wish to ask friends for suggestions  In addition, the Iowa State Bar Association operates a Lawyer Referral Service  You may call that service at 800-532-1108 for more information  As another option, the yellow pages have listings for lawyers  Finally, consider filing a claim in Small Claims Court at your local courthouse  Small claims may be filed with or without an attorney's help  In Iowa, small claims suits may seek

Tom Smalley
Page 2

up to $5,000 from the other party   The county Clerk of Court can usually answer questions about
procedures

        In addition to filing a complaint with our office for possible assistance, you may be able to
use a new state law, effective July 1, 2009, that gives consumer fraud victims the right to file
lawsuits against the companies or individuals who allegedly defrauded them   This new law is
known as the Private Right of Action for Consumer Frauds Act   You may wish to consult a private
attorney about whether you have a right to pursue a lawsuit based on the facts in your case   One of
the key features of this new law is that the defendant will have to pay your attorney fees if you win
Please understand that you may contact a private attorney at anytime, even while your complaint is
pending with our office   If you do not know the names of any attorneys, you might wish to look in
your local Yellow Pages telephone directory under ""attorneys"" or contact the Lawyer Referral
Service of the Iowa State Bar Association at www iowabar org   For more information about the
new Iowa law, go to our website  www IowaAttorneyGeneral gov

        Although at this time we are not going to be looking further into your complaint, it is
helpful to receive and review complaints like yours, and we will keep it on file for future
reference   It may help other consumers avoid the problems you encountered   Thank you for
contacting this office

                              Sincerely,

                              Stephen Switzer

                              STEPHEN SWITZER
                              Investigator

## AG CONSUMER

| | |
|---|---|
| **From.** | ktmsmalley@yahoo com |
| **Sent·** | Wednesday, August 05, 2009 12 35 PM |
| **To.** | AG CONSUMER |
| **Subject.** | AG Office Consumer Complaint Form |

Below is the result of your feedback form  It was submitted by
(ktmsmalley@yahoo.com) on Wednesday, August 5, 2009 at 12 35 25
-------------------------------------------------------------------

name  tom smalley

address  po box 93

city. Lynnville                    .

state  Ia

zipcode  50153

homephone  641 527 2843

age  48

respname  old GM / motorsLiquidation com

respaddr  unknown

respcity  unknown

respstate  un

respzip  unkno

respphone  unknown

respfax  unknown

vin  204WB54T4M1805673

product  1991 buick regal,recall mnfr # 00061

newused. Used

contbus  Yes

contatty  No

resolvefair  state court / judge to adjudicate a claim for me in sofar as to allow me to
continue with a claim with the US Bankruptcy Court of the Southern District of NY
Motors liquidation thinks I may not be an unsercured creditor of old GM unless I have a
judgement from a stste? buick at '-800-521-7300 refered me to motors liquidation co

How are problems with recalled vehicles or equipment remedied?
Once a safety-defect determination is made, the law gives the manufacturer  options for
correcting the defect - repair, replacement

Once a recall is initiated, can I take independent legal action for injuries I may have
suffered?
Yes  The law specifically states that the recall remedies are in addition to other
available legal remedies

To determine specific State law remedies, you should consult your State attorney general

office

Under the law, if a vehicle recall has been initiated, consumers are entitled to the
remedy without charge and within a reasonable time  In most cases, there will be a time
lag between the date of the manufacturer's decision that a recall is warranted or the
agency's final decision, and the date the remedy is available to consumers

This time is provided to allow manufacturers to identify owners of vehicles or equipment
included in the recall, develop remedial procedures, instruct dealers on how to repair the
defect, distribute the parts necessary for repair or replacement to the dealerships, and
send letters to consumers informing them how the recall campaign will be conducted

They were informed @ 2000 that i suffered a loss and it could not be repaired and as of
today no replacement has been offered, in fact when calling buick and informing the vin #
they still show records that recall needs to be done on this car  no offer to replace has
been made

comments  NTSB has issued a recall campaign #RQ99002,RQ97017,the issue is that falure of
frame cradle bolt retainers that would result in loss of steering while in motion, owner
notification to begin in may 97 ,i recieved notice in nov 97 ,I had a loss in sept 97,both
that are still open investigations and have not been closed

The United States Code for Motor Vehicle Safety (Title 49, Chapter 301) defines motor
vehicle safety as "the performance of a motor vehicle or motor vehicle equipment in a way
that protects the public against unreasonable risk of accidents occurring because of the
design, construction, or performance of a motor vehicle, and against unreasonable risk of
death or injury in an accident, and includes nonoperational safety of a motor vehicle " A
defect includes "any defect in performance, construction, a component, or material of a
motor vehicle or motor vehicle equipment " Generally, a safety defect is defined as a
problem that exists in a motor vehicle or item of motor vehicle equipment that

poses an risk to motor vehicle safety, and may exist in a group of vehicles of the same
design or manufacture, or items of equipment of the same type and manufacture
Examples of defects considered safety-related #1 Steering components that break suddenly
causing partial or complete loss of vehicle control

How will I be notified if a recall is ordered or initiated?
Within a reasonable time after the determination of a safety defect or noncompliance,
manufacturers must notify, by first-class mail, (NEVER RECIEVED) all registered owners and
purchasers of the affected vehicles of the existence of the problem and give an evaluation
of its risk to motor vehicle safety  The manufacturer must explain to consumers the
potential safety hazards presented by the problem  Names of vehicle owners are obtained
from State motor vehicle offices  The letter must also instruct consumers on how to get
the problem corrected, remind them that corrections are to be made at no charge, inform
them when the remedy will be available, how long the remedy will take to perform, and whom
to contact if there is a problem in obtaining the free recall work  If you do not receive
a letter of notification from the vehicle manufacturer but think that your vehicle might
be involved in a recall campaign, call the Vehicle Safety Hotline at 888-327-4236 or
800-424-9393, visit'
  the NHTSA www safercar gov Web site, or contact the manufacturer or your dealer

When product or equipment recalls are initiated, the manufacturer uses these lists to
directly notify owners  Product and equipment manufacturers may also be required to notify
the public of recalls through a variety of additional methods   Vehicle Safety Hotline, or
log onto www safercar gov and click on "Check for Recalls "

How are problems with recalled vehicles or equipment remedied?
Once a safety-defect determination is made, the law gives the manufacturer three options
for correcting the defect — repair, replacement, or refund  In the case of a vehicle
recall, the manufacturer may choose to repair the vehicle at no charge, replace the
vehicle with an identical or similar vehicle

  Vehicle manufacturers are required to reimburse owners for costs incurred to remedy a
defect based on either (1) the date NHTSA opens its Engineering Analysis, or (2) one year
prior to the manufacturer's notification of a defect to NHTSA, whichever is earlier  For

2

replacement of equipment, the closing date is either the same as for motor vehicles or 30 days after the manufacturer's closing of its efforts to provide public notice of the existence of a defect, whichever is later This is still open
Are there any limitations on my right to have a recalled vehicle remedied at no charge?
Yes  1991 buick recalled in 1997 In order to be eligible for a free remedy, the vehicle cannot be more than 10 years old on the date the defect or noncompliance is determined


SEC  15  [15 U S C  § 2064]  SUBSTANTIAL PRODUCT HAZARDS4
(a) For purposes of this section, the term ''substantial product
4 (This section was titled  "Notification and Repair, Replacement, or Refund")
(d)(1) If the Commission determines (after affording interested parties, including consumers and consumer organizations, an opportunity for a hearing in accordance with subsection (f)) that a product distributed in commerce presents a substantial product hazard and that action under this subsection is in the public interest, it may order the manufacturer or any distributor or retailer of such product to provide the notice required by subsection (c) and to take any one or more of the following actions it determines to be in the public interest
(A) To bring such product into conformity with the requirements of the applicable rule, regulation, standard, or ban or to repair the defect in such product
(B) To replace such product with a like or equivalent product which complies with the applicable rule, regulation, standard, or ban or which does not contain the defect

to this date no replacement offer has been made
thanks ,tom

submit  Send in the complaint

--------------------------------------------------------------------------

HTTP_USER_AGENT  Mozilla/4 0 (compatible, MSIE 8 0, Windows NT 5 1, Trident/4 0,  NET CLR 2 0 50727)

3

Cauda Equina SyndromeCauses
Symptoms
Diagnosis
Treatment Although low back pain is common and usually goes away without surgery,
cauda equine syndrome, a rare disorder affecting the bundle of nerve roots (cauda
equina) at the lower (lumbar) end of the spinal cord, is a surgical emergency.

An extension of the brain, the nerve roots send and receive messages to and from the
pelvic organs and lower limbs. Cauda equina syndrome occurs when the nerve roots are
compressed and paralyzed, cutting off sensation and movement. Nerve roots that
control the function of the bladder and bowel are especially vulnerable to damage

If patients with cauda equina syndrome do not get fast treatment to relieve the
pressure, it can result in permanent paralysis, impaired bladder and/or bowel
control, loss of sexual sensation, and other problems. Even with immediate
treatment, some patient may not recover complete function.

Causes
Cauda equina syndrome may be caused by a ruptured disk, tumor, infection, fracture,
or narrowing of the spinal canal. It may also happen because of a violent impact,
such as a car crash, a fall from significant height, or a penetrating injury, such
as a gunshot or stabbing injury. Children may be born with abnormalities that cause
cauda equina syndrome.

Top of page
Symptoms
Although early treatment is required to prevent permanent problems, cauda equina
syndrome may be difficult to diagnose. Symptoms vary in intensity and may evolve
slowly over time.

See your doctor immediately if you have:

Bladder and/or bowel dysfunction, causing you to retain waste or be unable to hold
it.
Severe or progressive problems in the lower extremities, including loss of or
altered sensation between the legs, over the buttocks, the inner thighs and back of
the legs (saddle area), and feet/heels.
Pain, numbness, or weakness spreading to one or both legs that may cause you to
stumble or have difficulty getting up from a chair.
Top of page
Diagnosis
To diagnose cauda equina syndrome, the doctor will probably evaluate your medical
history, give you a physical examination, and order multiple diagnostic imaging
studies.

Medical History
Describe your overall health, when the symptoms of cauda equina syndrome began, and
how they impact your activities.

Physical Examination
The doctor assesses stability, sensation, strength, reflexes, alignment and motion.
He or she may ask you to stand, sit, walk on your heels and toes, bend forward,
backward and to the sides, and lift your legs while lying down. The doctor might
check the tone and numbness of anal muscles. You may need blood tests.

Diagnostic Imaging
Your doctor may obtain X-rays, MRI (magnetic resonance imaging) scans, and CT
(computed tomography scans to help assess the problem.

Top of page
Treatment
If you have cauda equina syndrome, you may need urgent surgery to remove the
material that is pressing on the nerves. The surgery may prevent pressure on the
nerves from reaching the point at which damage is irreversible

Page 1

Page 2

Living With Cauda Equina Syndrome
Surgery will not repair permanent nerve damage. If this occurs as a result of cauda
equina syndrome, you can learn how to improve your quality of life.

Some suggestions:

In addition to medical personnel, you may want to get help from an occupational
therapist, social worker, continence advisor, or sex therapist.
Involve your family in your care.
To learn all you can about managing the condition, you may want to join a cauda
equina syndrome support group.
Managing Bladder and Bowel Function
Some bladder and bowel function is automatic, but the parts under voluntary control
may be lost if you have cauda equina syndrome. This means you may not know when you
need to urinate or move your bowels, and/or you may not be able to eliminate waste
normally.

Some general recommendations for managing bladder and bowel dysfunction:

Empty the bladder completely with a catheter 3 to 4 times each day. Drink plenty of
fluids and practice regular personal hygiene to prevent urinary tract infection.
Check for the presence of waste regularly and clear the bowels with gloved hands.
You may want to use glycerin suppositories or enemas to help empty the bowels. Use
protective pads and pants to prevent leaks.



# ODI RESUME

U S Department
of Transportation

National Highway
Traffic Safety
Administration

INVESTIGATION: RQ99-002                    DATE OPENED  3/4/99
SUBJECT:  Engine Cradle Separation
PROMPTED BY·  97V-058, IE99-013
PRINCIPAL ENGINEER.  John Ridgley

MANUFACTURER:  General Motors Corporation
MODEL(S):  Chevrolet Lumina, Lumina APV & Monte Carlo, Buick Regal, Oldsmobile Cutlass &
            Silhouette, Pontiac Grand Prix & Trans Sport
MODEL YEAR(S): 1989-1991
VEHICLE POPULATION:  677,000

PROBLEM DESCRIPTION   The engine cradle front bolts and/or retainers may fail, allowing the front
of the engine cradle to fall, possibly separating the steering intermediate shaft from the steering gear,
with complete loss of steering control.

FAILURE REPORT SUMMARY

|                | ODI | MANUFACTURER | TOTAL |
|----------------|-----|--------------|-------|
| COMPLAINTS:    | 26  | Unknown      |       |
| CRASHES:       | 2   | "            |       |
| INJ CRASHES:   | 0   | "            |       |
| # INJURIES     | 0   | "            |       |
| FAT CRASHES:   | 0   | "            |       |
| # FATALS:      | 0   | "            |       |
| OTHER·         | 13  | "            |       |

DESCRIPTION OF OTHER:  Loss of steering control

ACTION:  An RQ has been opened.

ENGINEER.  _____    DIV CHF·  _____    OFC DIR.  _____

DATE                    DATE                    DATE

RQ99-002

SUMMARY.   On April 1, 1997, General Motors Corporation filed a Defect Information Report to recall the subject vehicles, registered in 14 high corrosion states, to replace the rear engine cradle bolts and retainers.  The rear engine cradle bolts would either fracture or pull through the retainers due to corrosion.  As of September 1998, the sixth quarter, 59 3% of the subject vehicles had been repaired

In addition to the complaints of front engine cradle bolt failures in the above Failure Report Summary, ODI has received six reports of possible front engine cradle bolt failures, including two crashes   An RQ is warranted to determine the extent of failures of the front engine cradle bolts and retainers on the subject vehicles.

*Place investigation and page numbers on subsequent pages*
*Use Times New Roman, 12, font*



# RECALLS SUMMARY

| Vehicle Make / Model | Model Year(s) |
|---|---|
| BUICK / REGAL | 1988-1991 |
| CHEVROLET / LUMINA | 1990-1991 |
| CHEVROLET / LUMINA APV | 1990-1991 |
| CHEVROLET / MONTE CARLO | 1990-1991 |
| OLDSMOBILE / CUTLASS | 1988-1991 |
| OLDSMOBILE / SILHOUETTE | 1990-1991 |
| PONTIAC / GRAND PRIX | 1988-1991 |
| PONTIAC / TRANS SPORT | 1990-1991 |

**NHTSA CAMPAIGN ID Number.**                          **97V058000**

**Summary·**

VEHICLE DESCRIPTION  PASSENGER VEHICLES AND MINI VANS ORIGINALLY SOLD OR CURRENTLY REGISTERED IN THE FOLLOWING STATES  CONNECTICUT, ILLINOIS, INDIANA, MAINE, MASSACHUSETTS, MICHIGAN, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, OHIO, PENNSYLVANIA, RHODE ISLAND, VERMONT AND WISCONSIN  THE REAR CRADLE BOLTS PULL THROUGH THE RETAINERS DUE TO CORROSION OF THE RETAINER  IF BOTH BOLTS PULL THROUGH, THE REAR CRADLE WOULD NOT LONGER BE SUPPORTED AT THESE MOUNTING LOCATIONS AND THE STEERING INTERMEDIATE SHAFT CAN SEPARATE FROM THE STEERING GEAR

**Consequence·**

IF THIS WERE TO OCCUR WHILE THE VEHICLE WAS IN MOTION, A VEHICLE CRASH COULD RESULT

**Remedy:**

DEALERS WILL REPLACE THE REAR CRADLE BOLTS AND RETAINERS

**Notes.**

OWNER NOTIFICATION IS EXPECTED TO BEGIN DURING MAY 1997  NOTE  OWNERS WHO TAKE THEIR VEHICLES TO AN AUTHORIZED DEALER ON AN AGREED UPON SERVICE DATE AND DO NOT RECEIVE THE FREE REMEDY WITHIN A REASONABLE TIME SHOULD CONTACT BUICK AT 1-800-521-7300, CHEVROLET AT 1-800-222-1020, OLDSMOBILE AT 1-800-442-6537, OR PONTIAC AT 1-800-762-2737  ALSO CONTACT THE NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION'S AUTO SAFETY HOTLINE AT 1-800-424-9393

Close Window

4 - OF 11

# OFFICE OF DEFECTS INVESTIGATION (ODI)

## Recall Campaign 97V058000 has 3 Related Investigation(s)

### NHTSA Action Number: PE96065

| Vehicle Make / Model: | Model Year(s): |
|---|---|
| CHEVROLET / LUMINA APV | 1990 |
| OLDSMOBILE / SILHOUETTE | 1990 |
| PONTIAC / TRANS SPORT | 1990 |

| Manufacturer: | Component: |
|---|---|
| GENERAL MOTORS CORP | ENGINE AND ENGINE COOLING |

| Date Investigation Opened: | Date Investigation Closed. |
|---|---|
| November 15, 1996 | April 8, 1997 |

**Summary**

ALLEGED FAILURES OF ENGINE FRAME INSULATORS/MOUNTS TO UNIBODY FRAME MAY ALLOW SEPARATION OF ENGINE SUBFRAME, RESULTING IN COMPROMISE OR LOSS OF STEERING CONTROL WITH THE VEHICLE IN MOTION

    Document Search

### NHTSA Action Number: RQ99002

| Vehicle Make / Model: | Model Year(s). |
|---|---|
| BUICK / REGAL | 1989 |
| CHEVROLET / LUMINA | 1990 |
| CHEVROLET / LUMINA APV | 1990 |
| CHEVROLET / MONTE CARLO | 1991 |
| OLDSMOBILE / CUTLASS | 1988 |
| OLDSMOBILE / SILHOUETTE | 1990 |
| PONTIAC / GRAND PRIX | 1988 |
| PONTIAC / TRANS SPORT | 1990 |

| Manufacturer | Component. |
|---|---|
| GENERAL MOTORS CORP | ENGINE AND ENGINE COOLING ENGINE |

| Date Investigation Opened | Date Investigation Closed |
|---|---|
| March 4, 1999 | Open |

**Summary·**

THE ENGINE CRADLE FRONT BOLTS AND/OR RETAINERS MAY FAIL, ALLOWING THE FRONT OF THE ENGINE CRADLE TO FALL, POSSIBLY SEPARATING THE STEERING INTERMEDIATE SHAFT FROM THE STEERING GEAR, WITH COMPLETE LOSS OF STEERING CONTROL

    Document Search

## NHTSA Action Number: RQ97017

| Vehicle Make / Model | Model Year(s) |
|---|---|
| BUICK / REGAL | 1988 |
| CHEVROLET / LUMINA | 1990 |
| CHEVROLET / LUMINA APV | 1990 |
| CHEVROLET / MONTE CARLO | 1990 |
| OLDSMOBILE / CUTLASS | 1988 |
| OLDSMOBILE / SILHOUETTE | 1990 |
| PONTIAC / GRAND PRIX | 1988 |
| PONTIAC / TRANS SPORT | 1990 |

**Manufacturer:**
GENERAL MOTORS CORP

**Component:**
STRUCTURE

**Date Investigation Opened.**
October 2, 1997

**Date Investigation Closed**
Open

**Summary**
There is no summary currently available

    Document Search

    Close Window

Tom Smalley
331 04 5266
Page 6 of 11

# ILLINOIS MOTORIST REPORT

Use black ink

COMPLETE BOTH SIDES OF THIS FORM

Wood Dale

**TYPE OF REPORT**
- ON SCENE
- NOT ON-SCENE
- SUPPLEMENTARY

Wood Dale Rd

Smalley, Thomas — M

705 East St

Lynnville    IA    50153

TELEPHONE    515-527-2873    DRIVER LICENSE NO    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

TAKEN TO    ARMC

Was driver (owner) of other vehicle insured?  YES ☐  NO ☐  NOT KNOWN ☐
Were you driving a vehicle owned by your employer, in the course of your employment?  YES ☐  NO ☐
DID POLICE OFFICER INVESTIGATE ACCIDENT?  YES ☐  NO ☐

DATE OF CRASH  9/27/97   TIME  10:30

Side 1
# 1

Pg 40 of 45

INDICATE NORTH BY ARROW

Side # 2

Woodvale Lane

Murray

Sidewalk

Rivers

**NARRATIVE (Refer to vehicle by Unit No)**

Unit 2 ran off of the road into the culvert, striking a sidewalk, the vehicle then overturned onto it + roof. Dr.

Tom Smalley

331 64 5266.

Page 6 of 11

LOCAL USE ONLY

U1 Color
U1 Towed by / to
U2 Color
U2 Towed by / to

---

COMMERCIAL VEHICLE     UNIT NO

CARRIER NAME

ADDRESS

CITY                    STATE          ZIP

SOURCE
□ Side of truck
□ Papers
□ Driver
□ Log book

ID NUMBER
US DOT
or State No.

GVWR

ICCMC
State Name

PLACARDED?    □ Yes  □ No
or Name       □ None        □ Unk

HAZARDOUS MATERIALS    1-Digit    4-Digits
If Yes

Hazardous cargo released from truck?
(do not count fuel from vehicle fuel tank)
Y   N   Unk

Violation of HAZMAT regs contribute to crash?
Y   N

Violation of MCS regs contribute to crash?
Y   N

Inspection form completed?
Y   N

HAZMAT   □ □ □   Out of Service?   Y   N
MCS      □ □ □   Out of Service?   Y   N

TRAILER WIDTH(S)

TRAILER LENGTH(S)   VEHICLE LENGTH
(TOTAL) - ft

Trailer 1   □ 0-96"  □ 97-102"  □ Over 102"    Trailer 1
Trailer 2   □        □          □              Trailer 2

IDOT PERMIT #

WIDE LOAD   □ □

□ IN CITY OF / □ NEAREST CITY.          Miles  N  E  S  W  of

INSERT APPLICABLE NUMBERS FROM CHOICES ON BACK OF TEMPLATE TWO
VEHICLE CONFIGURATION ____ CARGO BODY TYPE ____ LOAD TYPE

NO. OF AXLES   (Circle)

Form No.

---

COMMERCIAL VEHICLE     UNIT NO

CARRIER NAME

ADDRESS

CITY                    STATE          ZIP

SOURCE
□ Side of truck
□ Papers
□ Driver
□ Log book

ID NUMBER
US DOT
or State No.

GVWR

ICCMC
State Name

PLACARDED?    □ Yes  □ No
or Name       □ None        □ Unk

HAZARDOUS MATERIALS    1-Digit    4-Digits
If Yes

Hazardous cargo released from truck?
(do not count fuel from vehicle fuel tank)
Y   N   Unk

Violation of HAZMAT regs contribute to crash?
Y   N

Violation of MCS regs contribute to crash?
Y   N

Inspection form completed?
Y   N

HAZMAT   □ □ □   Out of Service?   Y   N
MCS      □ □ □   Out of Service?   Y   N

TRAILER WIDTH(S)

TRAILER LENGTH(S)   VEHICLE LENGTH
(TOTAL) - ft

Trailer 1   □ 0-96"  □ 97-102"  □ Over 102"    Trailer 1
Trailer 2   □        □          □              Trailer 2

IDOT PERMIT #

WIDE LOAD   □ □

□ IN CITY OF / □ NEAREST CITY.          Miles  N  E  S  W  of

INSERT APPLICABLE NUMBERS FROM CHOICES ON BACK OF TEMPLATE TWO
VEHICLE CONFIGURATION ____ CARGO BODY TYPE ____ LOAD TYPE

NO. OF AXLES   (Circle)

Form No.

*Thomas   Smalley*

*331  64  5266*

*Page  7 of 11*

**WES FINCH**
**AUTO PLAZA, INC.**

410 West St South
PO Box 537
Grinnell, IA  50112
(641) 236-2100



PRESORT
STANDARD
U S POSTAGE PAID
PERMIT #1
LIVONIA, MI 48150

**Service Hours**
Mon - Fri  7 00 a m - 5 30 p m
Sat  8 00 a m - 12 00 p m

**We Accept**
Most major credit cards

- **Lifetime service guarantee\***
- **Courtesy transportation**
- **Competitive up-front pricing**



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*3-DIGIT 501
THOMAS M SMALLEY
705 EAST ST
LYNNVILLE, IA  50153

# RECALL NOTICE

DEAR THOMAS M SMALLEY

Our records indicate that your 1991 BUICK is included in a recall campaign
Corrective action is required to assure its continued safe operation

| 204WB54T4M1805673 | 00061 |
|---|---|
| (vehicle identification number) | (campaign number) |

Please call our service department at, **(641) 236-2100** to schedule an
appointment for this "no charge" service  If you no longer own this vehicle
or have already had this recall done please notify us, either by phone or by
mailing this card back to the address listed below, so that we may update
our records

## Thank You!

## Wes Finch Auto Plaza, Inc.
## 410 West St. South • Grinnell, IA 50112

*See inside for valuable coupon offers*

Thomas Smalley
331 64 5266
Page 8 of 11



ROYAL OAK MI 48068-9864
BOX 8056
PROCESSING CENTER
RECALL INFORMATION
POSTAGE WILL BE PAID BY THE ADDRESSEE

FIRST-CLASS MAIL  PERMIT NO. 40  ROYAL OAK, MI

## BUSINESS REPLY MAIL

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUICK**

## BUICK

### RECALL NOTICE
**Recall service performed at no charge to owner.**

ATTENTION  Completion of the recall listed to the right is required  If these corrections have not been made, contact your dealer/retailer immediately for an appointment  If the corrections have been made  or you no longer own this vehicle for any of the reasons listed on the attached Owner Reply Card, please update the card and drop it into any mailbox

ACCORDING TO OUR RECORDS AS OF NOVEMBER 1, 2001, THE FOLLOWING RECALL(S) HAVE NOT BEEN COMPLETED ON YOUR BUICK
VEHICLE IDENTIFICATION NUMBER 2G4WB54T4M1805673
00061    ENG FRT & REAR CRDL BOLT RETNR CORROS



DEALER
WES FINCH AUTO PLAZA  INC
410 WEST STREET, SOUTH
GRINNELL IA 50112
(641) 236-2100

2G4WB54T4M1805673
THOMAS M  SMALLEY
705 EAST ST
LYNNVILLE IA 50153

# EXPLANATION OF BENEFITS

Pg 43 of 45                                                    UNKNOWN DISCLAIMER CODE

### THIS IS NOT A BILL

UNITED HEALTHCARE INSURANCE COMPANY
P.O  Box 1459

901

Page:   1 OF 1

Minneapolis MN 55440-1459

If you have any questions regarding this
notice, please write or call our Customer
Service Department at

CUSTOMER SERVICE
P.O. BOX 1459 ROUTE MN002-0154
MINNEAPOLIS MN 55440-1459

THOMAS M SMALLEY
PO BOX 93
LYNNVILLE IA  50153-0093

OR 1-800-526-2414

| Patient | THOMAS M SMALLEY | Date | 10/13/97 |
| Number | 24109-335681740-01 | Policy | PETCO |

**Explanation of Payments:**

| Claim Number | | Provider/ Type of Service | Date of Service From -Through | Billed Charges | Not Covered Amount | * | Deductible | Copay/ Co-Ins | Total Patient Cost |
|---|---|---|---|---|---|---|---|---|---|
| 029403063 | N | ALEXIAN BROTHERS MED CTR | | | | | | | |
| | | SUPPLIES | 9/27/97- 9/28/97 | 181.00 | 181.00 | 88 | 0.00 | 0.00 | 181.00 |
| | | LABORATORY | | 8.00 | 8.00 | 88 | 0.00 | 0.00 | 8.00 |
| | | LABORATORY | | 84.00 | 84.00 | 88 | 0.00 | 0.00 | 84.00 |
| | | X-RAY SVC | | 43.00 | 43.00 | 88 | 0.00 | 0.00 | 43.00 |
| | | X-RAY SVC | | 57.00 | 57.00 | 88 | 0.00 | 0.00 | 57.00 |
| | | CT SCAN | | 51.00 | 51.00 | 88 | 0.00 | 0.00 | 51.00 |
| | | CT SCAN | | 589.00 | 589.00 | 88 | 0.00 | 0.00 | 589.00 |
| | | EMERGENCY RM | | 703.00 | 703.00 | 88 | 0.00 | 0.00 | 703.00 |
| **TOTALS** | | | | 1,716.00 | 1,716.00 | | 0.00 | 0.00 | 1,716.00 |

| Payment has been made to | Amount | Deductible/Out-of-Pocket Accumulations for 1/01/97-12/31/97 |
|---|---|---|
| ALEXIAN BROTHERS MED CTR | 0.00 | 0.00 OF  250 INDIVIDUAL OUT-OF-NETWORK DEDUCTIBLE |
| | | 276.25 OF  750 FAMILY OUT-OF-NETWORK DEDUCTIBLE |
| | | 0.00 OF  1250 INDIVIDUAL COMBINED LIMIT |
| | | 860.75 OF  3750 FAMILY COMBINED LIMIT |

*Page 9 of 11*

**\* Message**

88  EMERGENCY ROOM REPORT REQUIRED

*Thomas Smalley*
*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*

See reverse side for further information

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                               :

In re                          :        **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY,** *et al.,* :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :

               **Debtors.**     :    **(Jointly Administered)**
                                 :
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' OBJECTION TO
PROOF OF CLAIM NO. 69998 FILED BY THOMAS SMALLEY**

Upon the objection dated January 27, 2011 (the "**Objection**") to Proof of Claim No. 69998 filed by Thomas Smalley (the "**Smalley Claim**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (ECF No. 4079), seeking entry of an order disallowing and expunging proof of claim number 69998 on the grounds that it is time-barred under the applicable statute of limitations and was received after the Bar Date, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as provided

herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
          _____, 2011


                                        _____
                                        United States Bankruptcy Judge