**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :    **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*            :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

# NOTICE OF DEBTORS' MOTION TO RECLASSIFY
## PROOF OF CLAIM 60528 FILED BY
## THE MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY

**PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed a motion to reclassify proof of claim number 60528 filed by the Michigan Department of Environmental Quality (the "**Motion**"), and that a hearing (the "**Hearing**") to consider the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion or any claim set forth thereon, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    09-50026 (REG)
    f/k/a **General Motors Corp.,** *et al.*                :
                                                            :
                    Debtors.                                :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### DEBTORS' MOTION TO RECLASSIFY
### PROOF OF CLAIM 60528 FILED BY
### THE MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

1.    By proof of claim number 60528 (the "**Claim**"), the Michigan Department of Environmental Quality (the "**Claimant**") asserts a secured claim for $401,160,312.00 for costs related to environmental contamination at numerous sites, including both sites owned by the Debtors and sites owned by unrelated third parties. In May 2009, the Claimant recorded liens

US_ACTIVE:\43616866\04\72240.0639

against ten sites owned by the Debtors to secure certain of these response activity costs. The Claim estimates the total past and future response costs related to contamination at such sites that are the subject of the filed liens are $166,488,155.47. The remainder of the claim seeks amounts for which no lien is asserted. A copy of the Claim is annexed hereto as **Exhibit "A."** [1]

2. Pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order reclassifying the Claim from a secured claim of $401,160,312.00 to a secured claim of $166,488,155.47 and an unsecured claim, subject to the Debtors' right to object, of $234,672,156.53 on the basis that the liens asserted by Claimant secure only the cleanup obligations at the ten sites on which the liens reside and do not secure any other obligations.

3. The Debtors note that their liability for current and future remediation obligations at property owned by the estates, including the $166,488,155.47 asserted liability at those ten sites against which the Claimant recorded liens, is addressed in the proposed Environmental Response Trust Consent Decree and Settlement Agreement Among Debtors, the Environmental Response Trust Administrative Trustee, the United States, the States of Delaware, Illinois, Indiana, Kansas, Michigan, Missouri, New Jersey, New York, Ohio, Wisconsin, Commonwealth of Virginia, the Louisiana Department of Environmental Quality, the Massachusetts Department of Environmental Protection, the Department of Environmental Protection of the Commonwealth of Pennsylvania and the Saint Regis Mohawk Tribe, lodged

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

with the Court on October 10, 2010 (the "**Environmental Settlement Agreement**") (ECF No. 7452).  As a result of the Environmental Settlement Agreement, which becomes effective upon the effective date of the Debtors' proposed chapter 11 plan (the "**Plan**"), the secured portion of the Claim, as reduced, will be deemed satisfied.  This Motion in no way seeks to alter the Debtors' obligations under the Environmental Settlement Agreement.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

## The Relief Requested Should Be Approved by the Court

7.  Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property . . . ." 11 U.S.C. § 506(a).

8.  Although the Claimant asserts in its proof of claim a secured claim of $401,160,312.00, the liens asserted by the Claimant only secure obligations related to the cleanup of the ten sites on which the liens reside. The Claim provides that the obligations related to the cleanup of those ten sites total $166,488,155.47.[4] Accordingly, the Claimant's secured claim should be reduced to such amount ($166,488,155.47) and the remaining obligations ($234,672,156.53) should be reclassified as an unsecured claim, subject to the Debtors' rights to object to such amounts, because liens do not secure such obligations and such obligations are not subject to setoff.

## Reservation of Rights

9.  The Debtors have filed their Plan, and a confirmation hearing on the Debtors' Plan is currently scheduled for March 3, 2011. It is critical prior to the Plan being confirmed that the Debtors understand the full extent of priority and secured claims so that

---

[4] For purposes of section 506(a) of the Bankruptcy Code, the Debtors do not concede that the value of the ten properties total more than $166,488,155.47. Nonetheless, such amounts will be satisfied under the Environmental Settlement Agreement.

sufficient cash reserves can be established. Therefore, the Debtors are seeking to reclassify the Claim at this juncture, prior to the assessment of the proper amount of any unsecured liability. Accordingly, the Debtors reserve all of their rights to object on any basis to the Claim.

### Notice

10. Notice of this Motion has been provided to Claimant and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

11. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
         f/k/a General Motors Corp., et al. :
                                            :
                  Debtors.                  :    (Jointly Administered)
                                            :
-----------------------------------------------------------x
```

**ORDER GRANTING DEBTORS' MOTION TO RECLASSIFY**
**PROOF OF CLAIM 60528 FILED BY**
**THE MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY**

Upon the motion to reclassify proof of claim number 60528 (the "**Claim**"), dated January 27, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11 of the United States Code and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order reclassifying the Claim, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that the Claim is hereby reclassified as a secured claim in the amount of $166,488,155.47 and an unsecured claim in the amount of $234,672,156.53; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to the unsecured portion of the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge