| PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S) |
|---|

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
       f/k/a General Motors Corp., et al.  :
                                      :
                          Debtors.    :    (Jointly Administered)
                                      :
-----------------------------------------------------------x
```

## NOTICE OF DEBTORS' 193RD OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims from Different Series of Debt)

**PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 193rd omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

This Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015). If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing on the Objection is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York

(the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004-1408, on **March 1, 2011 at 9:45 a.m. (Eastern Time)**.  If a Claimant

files a Response to the Objection, the Claimant should plan to appear at the Hearing either in

person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the

Objection with respect to the Claimant's claim.  If the Debtors do continue the Hearing with

respect to the Claimant's claim, then the Hearing will be held at a later date.  If the Debtors do

not continue the Hearing with respect to the Claimant's claim, then a Hearing on the Objection

will be conducted on the above date.

    **PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a

Response is **February 22, 2011 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are

timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if

it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing

system (the User's Manual for the Electronic Case Filing System can be found at

www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5

inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format <u>and</u> in hard copy at each of the following addresses on

or before the deadline for response:

  A.  Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
     Court, One Bowling Green, Room 621, New York, New York 10004-
     1408;

  B.  Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
     Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
     and

  C.  Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
     committee of unsecured creditors, 1177 Avenue of the Americas, New
     York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the number of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person that can be contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, please contact the Debtors at **1-800-414-9607**.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
      January 27, 2011

           /s/ Joseph H. Smolinsky
           Harvey R. Miller
           Stephen Karotkin
           Joseph H. Smolinsky

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Debtors
           and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :       **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                   :       **09-50026 (REG)**
          **f/k/a General Motors Corp.,** *et al.*          :
                                                            :
                          **Debtors.**                      :       **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

<u>**DEBTORS' 193RD OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicate Debt Claims from Different Series of Debt)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN
FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD
LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      Prior to the commencement of these chapter 11 cases, the Debtors issued several series of secured and unsecured debt securities.  This Objection addresses individual proofs of claim that assert multiple claims arising from different series of debt (collectively, the "**Subject Proofs of Claim**" and each a "**Subject Proof of Claim**").[1]  Certain of the Subject Proofs of Claim also include claims arising from debt securities issued by General Motors Acceptance Corporation ("**GMAC**"), an entity entirely separate from MLC and not a debtor in these chapter 11 cases.  A list of Subject Proofs of Claim is attached hereto as **Exhibit "A."**

2.      The Debtors proposed their chapter 11 plan (the "**Plan**"),[2] which allows aggregate claims for each series of debt.  Accordingly, an individual Subject Proof of Claim that asserts a claim arising from the Debtors' debt securities is duplicative because the Plan already allows claims arising from each series of the Debtors' debt securities.  If a Subject Proof of Claim asserts a claim arising from a GMAC debt security, the Debtors are not liable for such amounts.

3.      The Debtors file this 193rd Omnibus Objection (the "**193rd Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and object to the Subject Proofs of Claim on the basis that, to the extent a Subject Proof of Claim alleges a claim arising from the Debtors' debt securities, it is duplicative and, to the

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] *Debtors' Amended Joint Chapter 11 Plan*, dated December 7, 2010.

extent a Subject Proof of Claim alleges a claim arising from GMAC's debt securities, the

Debtors are not liable.  Accordingly, the Subject Proofs of Claim should be disallowed and

expunged in their entirety.

## Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.       On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE**

**Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are jointly administered with those of the Initial Debtors under Case

Number 09-50026.  On September 15, 2009, the Initial Debtors filed their schedules of assets

and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities

and statements of financial affairs.

6.       On October 6, 2010, this Court entered an order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[5] which

authorized the Debtors to file omnibus objections to claims on several grounds that are in

---

[3] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[5] *See Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims*, dated October 6, 2009 (ECF No. 4180).

addition to those grounds permitted under Bankruptcy Rule 3007(d) (the "**Procedures Order**").

On August 31, 2010, the Debtors proposed the Plan.

## The Debtors' Debt Securities

7.    Prior to the commencement of the Debtors' chapter 11 cases, the Debtors

issued certain debt securities:  (a) 24 tranches of debentures, of which approximately $22.86

billion in principal amount remained outstanding as of the Commencement Date (the

"**Wilmington Trust Bonds**"), (b) two series of notes under a fiscal and paying agency

agreement, of which approximately $3.51 billion in principal amount remained outstanding as of

the Commencement Date (the "**Deutsche Eurobonds**"), and (c) seven series of industrial

revenue bonds (the "**IRBs**" and together with the Wilmington Trust Bonds and Deutsche

Eurobonds, the "**Debt Securities**").

8.    The Debtors issued the Wilmington Trust Bonds pursuant to two

indentures:

(a)    the Indenture, dated as of November 15, 1990, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1990 Indenture**"), pursuant to which (i)
$299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22,
1991, (ii) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March
12, 1991, (iii) $500,000,000 of 7.40% Debentures due September 1, 2025 were
issued on September 11, 1995, (iv) $15,000,000 of 9.40% Medium Term Notes
due July 15, 2021 were issued on July 22, 1991, and (v) $48,175,000 of 9.45%
Medium Term Notes due November 1, 2011 were issued on December 21, 1990,
and

(b)    the Indenture, dated as of December 7, 1995, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1995 Indenture**"), pursuant to which
(i) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued
on March 20, 1996, (ii) $500,000,000 of 7.70% Debentures due April 15, 2016
were issued on April 15, 1996, (iii) $400,000,000 of 8.10% Debentures due June
15, 2024 were issued on June 10, 1996, (iv) $600,000,000 of 6.75% Debentures
due May 1, 2028 were issued on April 29, 1998, (v) $1,500,000,000 of 7.20%

Notes due January 15, 2011 were issued on January 11, 2001, (vi) $575,000,000 of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30, 2001, (vii) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (viii) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (ix) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (x) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xi) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xii) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (xiii) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (xiv) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (xv) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (xvi) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (xvii) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (xviii) $720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (xix) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007

9.      Wilmington Trust Company, as indenture trustee under the 1990 Indenture and the 1995 Indenture, filed proof of claim 65793 and proof of claim 65729 asserting claims arising under the 1990 Indenture and the 1995 Indenture, respectively, on behalf of all noteholders thereunder.  The Debtors have reconciled the amounts asserted in proofs of claim 65729 and 65793 and such amounts have been allowed pursuant to that certain stipulation, dated August 5, 2010.[6]  Proof of claim 65793 is allowed in the amount of $1,419,471,545.22 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.  Proof of claim 65729 is allowed in the amount of

---

[6] *Stipulation and Agreed Order Among the Debtors, Wilmington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723,* dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595).  After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

$21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any

Court-authorized setoff exercised by an individual bondholder.

10.     Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*" also acknowledges the validity of the claims arising from the Wilmington Trust

Bonds and provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[7]   The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

11.     Pursuant to that certain Fiscal and Paying Agency Agreement, dated

July 3, 2003,[8] the Debtors issued €1,000,000,000 of 7.5% unsecured notes due 2013 and

€1,500,000,000 of 8.375% unsecured notes due 2033 (i.e., the Deutsch Eurobonds).  As of the

Commencement Date, the principal amount outstanding under the Deutsch Eurobonds was

approximately $3.51 billion.

12.     While there is no indenture trustee for the Deutsch Eurobonds, the Plan

acknowledges claims arising under the Deutsch Eurobonds and provides that such claims be

---

[7] A copy of the list with the Fixed Allowed Note Claims is annexed herein as **Exhibit "B."**

[8] *Fiscal and Paying Agency Agreement*, dated as of July 3, 2003, by and between General Motors Corporation (now known as MLC), as issuer, Deutsche Bank AG London, as fiscal agent, and Bank Général du Luxembourg S.A., as paying agent.

allowed in the amount of $3,770,634,476, which is equal to the outstanding principal plus

accrued and unpaid interest as of June 1, 2009 (i.e., the Commencement Date) based on the

currency conversion rate on June 1, 2009.[9]  The Plan further provides that such amount will

supersede any individual proofs of claim filed by record holders or beneficial owners of

Deutsche Eurobonds.  Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment*

*of Claims and Equity Interests*," provides in pertinent part that:

> The Eurobond Claims under that certain Fiscal and Paying Agency
> Agreement, dated as of July 3, 2003, among General Motors Corporation,
> Deutsche Bank AG London, and Banque Générale du Luxembourg S.A.
> shall be Allowed in the amount of $3,770,634,476 and (ii) that certain
> Bond Purchase and Paying Agency Agreement, dated May 28, 1986,
> between General Motors Corporation and Credit Suisse, shall be Allowed
> in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond
> Claims**"). The Fixed Allowed Eurobond Claims shall override and
> supersede any individual Claims filed by Registered Holders or beneficial
> owners of debt securities with respect to the Eurobond Claims.

13.    Pursuant to the following seven indentures (collectively, the "**IRB

Indentures**"), MLC issued certain IRBs:

(a)    the Trust Indenture, dated as of April 1, 1984, pursuant to which
$1,400,000 aggregate principal amount of City of Indianapolis, Indiana,
Pollution Control Revenue Bonds (General Motors Corporation Project),
Series 1984 were issued and outstanding;

(b)    the Indenture of Trust, dated as of July 1, 1994, pursuant to which
$12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid
Waste Disposal Revenue Bonds (General Motors Corporation Project)
Series 1994 were issued and outstanding;

(c)    the Trust Indenture, dated as of July 1, 1995, pursuant to which
$58,800,000 aggregate principal amount of Michigan Strategic Fund,
Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue
Bonds (General Motors Corporation Project) Series 1995 were issued and
outstanding;

---

[9] *See 11 U.S.C. § 502(a).*

(d)    the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project), Series 1999 were issued and outstanding;

(e)    the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds  (General Motors Corporation Project) Series 2002 were issued and outstanding;

(f)    the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding; and

(g)    the Trust Indenture, dated as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and outstanding.

Law Debenture Trust Company of New York ("**Law Debenture**") is successor indenture trustee under each of the IRB Indentures and filed seven proofs of claim (one for each IRB Indenture) for all claims arising under each IRB Indenture on behalf of all holders of IRBs issued thereunder.  In addition, the Plan acknowledges and allows the claims arising under the IRBs. Specifically, Section 4.3(e) of Article IV of the Plan provides in pertinent part that:

The [IRB Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[10]  The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect

---

[10] As mentioned above copy of the list with the Fixed Allowed Note Claims is annexed herein as Exhibit "B."

except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

A.    **Subject Claims Arising from the Debtors' Debt Securities Are Duplicative and Should be Expunged**

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed."  *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

16.    The Debtors have reviewed the Subject Proofs of Claim and believe that, to the extent the Subject Proofs of Claim allege a claim arising from the Debtors' debt securities, the Subject Proofs of Claim are duplicative and unnecessary as claims arising from the Debtors' debt securities will be fixed and allowed under the Debtors' Plan.  If the filed claims were to be allowed, an individual bondholder may impermissibly recover twice – once pursuant to the

Subject Proof of Claim and again pursuant to the allowed amount provided under the Plan.

Moreover, the Debtors are unable to confirm any individual bondholders is a beneficial holders

of a debt instrument on the relevant dates.

        17.    Individual bondholders, to the extent they are beneficial bondholders as of

the record date under the Debtors' Plan, will receive distributions either from (i) Wilmington

Trust Company, in its capacity as indenture trustee, (ii) from Euroclear Bank or another clearing

agency after surrendering their securities to Deutsche Bank AG London, in its capacity as the

fiscal and paying agent under the Fiscal and Paying Agency Agreement, or (iii) Law Debenture,

in its capacity as indentures trustee under the IRB Indentures.  To avoid the possibility of

multiple recoveries, the Debtors request that, to the extent a Subject Proof of Claim alleges

claims arising from the Debtors' debt securities, the Court disallow and expunge the Subject

Proofs of Claim subject to the occurrence of the effective date of the Plan.

**B.**    **Subject Claims Arising from GMAC Debt
Securities Are Not Proper Claims Against the Debtors**

        18.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

the property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims

that "seek recovery of amounts for which the Debtors are not liable."  (Procedures Order at 2).

        19.    As set forth above, certain of the Subject Proofs of Claim allege claims

arising from amounts owing under debt securities issued by GMAC.  The Debtors did not issue

the GMAC debt securities and are not liable thereunder.  The Debtors believe that claimants

asserting claims arising under the GMAC bonds are confused by the similarity between the

names of GMAC and General Motors Corporation or GM.  Despite the similarity in names, the

Debtors are not liable under the GMAC debt securities and, accordingly, to the extent a Subject

Proof of Claim asserts an amount due under a GMAC debt security, the Subject Proof of Claim

should be disallowed and expunged in its entirety.

### Reservation of Rights

20.     The Debtors reserve the right to object to any of the claims that are not

disallowed in their entirety for any reason.

### Notice

21.     Notice of this 193rd Omnibus Objection has been provided in accordance

with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and

9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No.

8360).  The Debtors submit that such notice is sufficient and no other or further notice need be

provided.

22.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 27, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| ALEKSANDER & WALDEMAR MALINOWSKI, MDS SECHSHAUSERSTRASSE 88-82/2/12 1150 WIEN (VIENNA) AUSTRIA AUSTRIA | 68079 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $0.00   (P) $125,000.00   (U) $125,000.00   (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171942757 - 7.25% Notes due July 3, 2013 |
| ALEKSANDER AND WALDEMAR MALINOWSKI SECHSHAUSERSTRASSE 88-92/2/12 1150 WIEN VIENNA  AUSTRIA AUSTRIA | 68493 | Motors Liquidation Company | Unliquidated | Multiple Bondholder Foreign Currency | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171942757 - 7.25% Notes due July 3, 2013 |
| ANDORRA GRUP AGRICOL REIG, SA C/O LOWENSTEIN SANDLER PC 65 LIVINGSTON AVENUE ATTN: S JASON TEELE, ESQ ROSELAND, NJ 07068 | 66205 | Motors Liquidation Company | $0.00   (S) $0.00   (A) $0.00   (P) $5,770,189.58   (U) $5,770,189.58   (T) | Multiple Bondholder | Pgs. 1-5 | 370442766 - 7.375% Senior Notes due October 1, 2051 370442AN5 - 9.40% Debentures due July 15, 2021 370442AT2 - 7.75% Discount Debentures due March 15, 2036 370442AV7 - 8.10% Debentures due June 15, 2024 370442AZ8 - 6.75% Debentures due May 1, 2028 370442BB0 - 7.20% Notes due January 15, 2011 370442BQ7 - 7.375% Senior Notes due May 23, 2048 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| BANCA ADIGE PO CREDITO COOPERATIVO LUSIA SOCIETA COOPERATIVA VIALE EUROPA 95 ATTN OLIVO PERZOLLA 45020 LUSIA RO ITALIA ITALY | 66038 | Motors Liquidation Company | $0.00 $0.00 $0.00 $2,756,608.83 $2,756,608.83 Unliquidated | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA CASSA DI RISPARMTO DI SAVIGLIANO S P A ATTN SILVIA DARO PIAZZA DEL POPOLO 15 12038 SAVIGLIANO CN ITALIA ITALY | 66040 | Motors Liquidation Company | $0.00 $0.00 $0.00 $518,282.60 $518,282.60 Unliquidated | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442AZ8 - 6.75% Debentures due May 1, 2028 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DE CREDITO COOPERATIVO DELLE PREALPI SOCIETA COOPERATIVA VIA ROMA 87 ATTN STEFANO MORINI 31020 TARZO (TV) ITALY ITALY | 65981 | Motors Liquidation Company | $0.00 $0.00 $0.00 $292,556.86 $292,556.86 Unliquidated | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

193rd Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| BANCA DI CARNIA E GEMONESE CREDITO COOPERATIVO SOCIETA COOPERATIVA  ATTN PAOLO PERESSINI / ALBERTO BROLLO VIA CARNIA LIBERA 1944 25 33028 TOLMEZZO UD ITALIA ITALY | 66021 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $33,162.54  (U) $33,162.54  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171943649 - 8.375% Notes due July 5, 2033 |
| BANCA DI CREDITO COOPERATIVO DEL CARSO-ZADRUZNA KRASKA BANKA SOCIETA COOPERATIVA ATTN: RADIVOJ RACMAN VIA DEL RICREATORIO 2 34151 TRIESTE (TS) ITALIA ITALY | 66002 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $78,827.26  (U) $78,827.26  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI CALCIO E DI COVO - SOCIETA COOPERATIVA VIA PAPA GIOVANNI XXIII N 51 ATTN GIOVANNA PREVITALI 24054 CALCIO ITALY ITALY | 65993 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $407,440.71  (U) $407,440.71  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

193rd Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| BANCA DI CREDITO COOPERATIVO DI CIVITANOVA MARCHE E MONTECOSARO SOCIETA COOPERATIVA ATTN ANDREA PIERINI/LEOPOLDO RAPAGNANI VIALE MATTEOTTI N 8 62012 CIVITANOVA MARCHE (MC) ITALIA ITALY | 65927 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $1,813,988.14  (U) $1,813,988.14  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI DOBERDO E SAVOGNA SOCIETA COOPERATIVA ATTN KATIA PIRC/ CRISTINA KRAVOS VIA ROMA 23 34070 DOBERDO DEL LAGO (GORIZIA) ITALIA ITALY | 65988 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $142,083.06  (U) $142,083.06  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI DOVERA E POSTINO SOCIETA SOCIETA COOPERATIVA VIA EUROPA 6/1 ATTN ISABELLA BONIZZI/STEFANIA BARZIZZA 26010 DOVERA CR ITALY ITALY | 65983 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $101,930.80  (U) $101,930.80  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| BANCA DI CREDITO COOPERATIVO DI FIUGGI SOCIETA COOPERATIVA<br>ATTN PIETRO DUCA<br>VIA GARIBALDI 18<br>03014 FIUGGI ITALIA<br>ITALY | 66062 | Motors Liquidation Company | $0.00 | (S) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $101,407.46 | (U) | | | |
| | | | $101,407.46 | (T) | | | |
| | | | Unliquidated | | | | |
| BANCA DI CREDITO COOPERATIVO DI GRADARA SOCIETA COOPERATIVA<br>ATTN FABRIZIO REGGIANT/ CHRISTIAN FRANCHINI<br>VIA CATTOLICA 20<br>61012 GRADARA ITALIA<br>ITALY | 66063 | Motors Liquidation Company | $0.00 | (S) | Multiple Bondholder | Pgs. 1-5 | 370442BQ7 - 7.375% Senior Notes due May 23, 2048<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $395,707.91 | (U) | | | |
| | | | $395,707.91 | (T) | | | |
| | | | Unliquidated | | | | |
| BANCA DI CREDITO COOPERATIVO DI LESMO SOCIETA COOPERATIVA<br>ATTN CARLO BORSETTO<br>PIAZZA DANTE 21/22<br>20050 LESMO MI ITALY<br>ITALY | 66011 | Motors Liquidation Company | $0.00 | (S) | Multiple Bondholder | Pgs. 1-5 | 370442AZ8 - 6.75% Debentures due May 1, 2028<br>370442BQ7 - 7.375% Senior Notes due May 23, 2048<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $693,348.80 | (U) | | | |
| | | | $693,348.80 | (T) | | | |
| | | | Unliquidated | | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

193rd Omnibus Objection

Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| | | | | | | |
|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | |
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| BANCA DI CREDITO COOPERATIVO DI PERGOLA - SOCIETA COOPERATIVA<br>VIALE MARTIRI DELLA LIBERTA 46/B<br>ATTN GIOVANNI LONDER<br>61045 PERGOLA ITALY<br>ITALY | 66024 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$96,576.48   (U)<br>$96,576.48   (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI POMPIANO E DELLA FRANCIACORTA<br>POMPIANO SOCIETA COOPERATIVE<br>ATTN PIETRO BIGNETTI<br>PIAZZA S ANDREA 12<br>25030 POMPIANO ITALIA<br>ITALY | 65984 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$58,444.58   (U)<br>$58,444.58   (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI PRATOLA PELIGNA SOCIETA COOPERATIVA<br>ATTN CATIA DE STEPHANIS<br>VIA ANTONIO GRAMSCI 136<br>67035 PRATOLA PELIGNA ITALIA<br>ITALY | 66060 | Motors Liquidation Company | $0.00   (S)<br>$0.00   (A)<br>$0.00   (P)<br>$398,064.23   (U)<br>$398,064.23   (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| BANCA DI CREDITO COOPERATIVO DI S ELENA SOCIETA COOPERATIVA<br>ATTN LOREDANA MINGARDO<br>VIA ROMA 10<br>35040 S ELENA (PD) ITALIA<br>ITALY | 66005 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,381,151.23  (U)<br>$1,381,151.23  (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BQ7 - 7.375% Senior Notes due May 23, 2048<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO DI SAN GIOIGIO E MEDUNO SOCIETA COOPERATIVA<br>ATTN ANDREA TREVISOL<br>VIA RICHINVELDA 4<br>33095 SAN GIORGIO DELLA RICHINVELDA  PN ITALIA<br>ITALY | 66036 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$20,281.49  (U)<br>$20,281.49  (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA DI CREDITO COOPERATIVO PORDENONESE SOCIETA COOPERATIVA<br>ATTN PIERANTONIO REDIVO<br>VIA TRENTO 1 3<br>33082 AZZANO DECIMO PN ITALY<br>ITALY | 65995 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$5,694,137.63  (U)<br>$5,694,137.63  (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>370442BW4 - 8.25% Senior Debentures due July 15, 2023<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| BANCA DI CREDITO COOPERATIVO S VICENZO DE PAOLI DI CASAGIOVE - SOCIETA COOPERATIVA PER AZIONI VIA MADONNA DI POMPEI ATTN ANGELA SANTORO 4 - 81022 CASAGIOVE ITALIA ITALY | 65989 | Motors Liquidation Company | $0.00 $0.00 $0.00 $291,036.87 $291,036.87 | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | Unliquidated | | | | |
| BANCA DI FORLI CREDITO COOPERATIVO SOCIETA COOPERATIVA ATTN ANDREA GALLEGATI/ GABRIELE FABBRI CORSO DELLA REPUBBLICA 2/4 47100 FORLI (FC) ITALIA ITALY | 66018 | Motors Liquidation Company | $0.00 $0.00 $0.00 $628,367.41 $628,367.41 | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | Unliquidated | | | | |
| BANCA DI VERONA CREDITO COOPERATIVO CADIDAVID SOCIETA COOPERATIVA PER AZIONI VIA FORTE TOMBA 8 ATTN ANDREA CERADINI FRAZ CA DI DAVID 37135 VERONA ITALY ITALY | 66027 | Motors Liquidation Company | $0.00 $0.00 $0.00 $280,248.65 $280,248.65 | (S) (A) (P) (U) (T) | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |
| | | | Unliquidated | | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| BANCA MALATESTIANA CREDITO COOPERATIVO - SOCIETA COOPERATIVA<br>VIA XX SETTEMBRE 63<br>ATTN STEFANO CLEMENTI/ BARBARA COLOMBINI<br>47900 RIMINI ITALY<br>ITALY | 65990 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$472,043.32  (U)<br>$472,043.32  (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BANCA SAN GIORGIO E VALLE AGNO CREDITO COOPERATIVO DI FARA VICENTINO<br>SOCIETA COOPERATIVA<br>ATTN PASINI OTTORINO<br>VIA PERLENA 78<br>36030 SAN GIORGIO DI PERLENA VI ITALY<br>ITALY | 66068 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$287,079.85  (U)<br>$287,079.85  (T)<br><br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013<br>370442BW4 - 8.25% Senior Debentures due July 15, 2023<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| BILLY B BEST AND BARBARA H BEST<br>350 GRIGGS ACRES DRIVE<br>POINT HARBOR, NC 27964 | 67881 | Motors Liquidation Company | $50,000.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$0.00  (U)<br>$100,000.00  (T) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>370442BW4 - 8.25% Senior Debentures due July 15, 2023<br>UNKNOWN - Unknown Bond Holder |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| CAROUSEL HOLDINGS LLC 517 S HIGHLAND DR MUSTANG, OK 73064 | 68850 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $245,180.17  (U) $245,180.17  (T) | Multiple Bondholder | Pgs. 1-5 | 370442AU9 - 7.70% Debentures due April 15, 2016 370442BT1 - 8.375% Senior Debentures due July 15, 2033 XS0171943649 - 8.375% Notes due July 5, 2033 |
| CREDITO COOPERATIVO VALDINIEVOLE SOCIETA COOPERATIVA ATTN ANNA BALDECCHI UFFICIO FINANZA VIA UGO FOSCOLO 16/2 51016 MONTECATINI TERME (PT) ITALIA ITALY | 66008 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $310,039.32  (U) $310,039.32  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BQ7 - 7.375% Senior Notes due May 23, 2048 370442BS3 - 7.125% Senior Notes due July 15, 2013 XS0171942757 - 7.25% Notes due July 3, 2013 |
| CREDITO COOPERATIVO-CASSA RURALE ED ARTIGIANA DE LUCINICO FARRA E CAPRIVA-SOCIETA COOPERATIVA VIA VISINI 2 - ATTN SANDRO LORENZUT / MAURIZIO FRANCO 34170 GORIZIA (GO) ITALIA ITALY | 66039 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $141,298.87  (U) $141,298.87  (T) Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BQ7 - 7.375% Senior Notes due May 23, 2048 XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| DIMITRA KOUROU<br>8 BIZANIOU STR<br>FILOTHEI 15237 GREECE<br><br>GREECE | 68775 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,984,080.00<br>$1,984,080.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br><br>XS0171943649 - 8.375% Notes due July 5, 2033 |
| EMILBANCA CREDITO COOPERATIVO SOCIETA COOPERATIVA<br>ATTN LUIGI TACCHI<br>VIA MAZZINI 15<br>BOLOGNA 40138 ITALIA<br>ITALY | 66045 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$1,577,963.16<br>$1,577,963.16<br><br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Multiple Bondholder | Pgs. 1-5 | 370442BQ7 - 7.375% Senior Notes due May 23, 2048<br>370442BS3 - 7.125% Senior Notes due July 15, 2013<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| ERSEL SIM FOR ITSELF & ON BEHALF OF ACCOUNTHOLDER & BENEFICIAL OWNER<br>VITTORIO MANNA<br>ERSEL SIM S P A<br>11 PIAZZA SOLFENNO<br>10121 TORINO ITALY<br>ITALY | 66318 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$212,790.00<br>$212,790.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011<br>370442BS3 - 7.125% Senior Notes due July 15, 2013<br>XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
| ERSEL SIM FOR ITSELF & ON BEHALF ON ITS ACCOUNTHOLDER & BENEFICIAL OWNER - VITTORIO MANNA C/O JOHN E JURELLER JR KLESTADT & WINTERS LLP 292 MADISON AVE, 17TH FL NEW YORK, NY 10017 | 67454 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$212,790.00  (U)<br>$212,790.00  (T) | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011<br>370442BS3 - 7.125% Senior Notes due July 15, 2013<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| ERSEL SIM FOR ITSELF AND ON BEHALF OF ITS ACCOUNTHOLDER AND BENEFICIAL OWNER VITTORIO MANNA 11 PIAZZA SOLFERINO 10121 TORINO ITALY ITALY | 66682 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$425,580.00  (U)<br>$425,580.00  (T) | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011<br>370442BS3 - 7.125% Senior Notes due July 15, 2013<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| ERSEL SIM FOR USE OF AND ON BEHALF OF ITS ACCOUNTHOLDER AND BENEFICIAL OWNER VITTORIO MANNA ERSEL SIM SPA 11 PIAZZA SOLFERINO 10121 TORINO ITALY ITALY | 67455 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$212,790.00  (U)<br>$212,790.00  (T) | Multiple Bondholder | Pgs. 1-5 | 370442BB0 - 7.20% Notes due January 15, 2011<br>370442BS3 - 7.125% Senior Notes due July 15, 2013<br>XS0171942757 - 7.25% Notes due July 3, 2013 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

193rd Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | |
|---|---|---|---|---|---|---|
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** | **CUSIP - Description of Security** |
| HANS NIEDERMEYER<br>PINDAROU 11<br>106 73 ATHENS<br>GREECE | 67422 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$407,682.00  (U)<br>$407,682.00  (T) | Multiple Bondholder | Pgs. 1-5 | XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| ROVIGOBANCA CREDITO COOPERATIVO SOC COOP<br>VIA CASALINI 10<br>ATTN BARBARA COSTA<br>45100 ROVIGO ITALY<br>ITALY | 65980 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$9,050,161.79  (U)<br>$9,050,161.79  (T)<br>Unliquidated | Multiple Bondholder | Pgs. 1-5 | 370442BS3 - 7.125% Senior Notes due July 15, 2013<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| SWISS LIFE (LIECHTENSTEIN) AG<br>IN DER SPECKI 3<br>FL-9494 SCHAAN LIECHTENSTEIN<br>LIECHTENSTEIN | 69184 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$401,859.00  (U)<br>$401,859.00  (T) | Multiple Bondholder | Pgs. 1-5 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013 |
| **Claims to be Disallowed and Expunged Totals**    39 | | | $50,000.00  (S)<br>$0.00  (A)<br>$50,000.00  (P)<br>$38,145,180.60  (U)<br>$38,245,180.60  (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## Exhibit B

# FIXED ALLOWED NOTE CLAIMS

| _Wilmington Trust 1990 Indenture_ | _Fixed Allowed Amount_ |
|---|---|
| 9.40% Debentures due July 15, 2021 | $309,680,298 |
| 8.80% Notes due March 1, 2021 | $536,202,711 |
| 7.40% Debentures due September 1, 2025 | $507,066,072 |
| 9.4% Medium-Term Notes due July 15, 2021 | $15,010,245 |
| 9.45% Medium-Term Notes due November 1, 2011 | $48,808,100 |

| _Wilmington Trust 1995 Indenture_ | |
|---|---|
| 7.75% Discount Debentures due March 15, 2036 | $213,338,714 |
| 7.70% Debentures due April 15, 2016 | $504,711,704 |
| 8.10% Debentures due June 15, 2024 | $414,135,144 |
| 63/4% Debentures due May 1, 2028 | $599,250,820 |
| 7.20% Notes due January 15, 2011 | $1,540,836,389 |
| 7.25% Quarterly Interest Bonds due April 15, 2041 | $580,326,736 |
| 7.25% Senior Notes due July 15, 2041 | $725,408,420 |
| 7.375% Senior Notes due October 1, 2051 | $698,481,250 |
| 7.25% Senior Notes due February 15, 2052 | $877,819,444 |
| 4.50% Series A Convertible Senior Debentures due March 6, 2032 | $39,866,281 |
| 5.25% Series B Convertible Senior Debentures due March 6, 2032 | $2,634,125,000 |
| 7.375% Senior Notes due May 15, 2048 | $1,118,654,722 |
| 7.375% Senior Notes due May 23, 2048 | $425,696,528 |
| 8.375% Senior Debentures due July 15, 2033 | $3,061,758,700 |
| 6.25% Series C Convertible Senior Debentures due July 15, 2033 | $4,401,527,778 |
| 8.25% Senior Debentures due July 15, 2023 | $1,281,933,413 |
| 7.125% Senior Notes due July 15, 2013 | $1,024,152,876 |
| 7.5% Senior Notes due July 1, 2044 | $729,000,000 |
| 1.50% Series D Convertible Senior Debentures due June 1, 2009 | $1,009,112,882 |

| _Law Debenture Trust Company of New York Indentures_ | |
|---|---|
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AB0) | $10,282,500 |
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AA2) | $12,851,563 |
| Industrial Revenue Bond-City of Indianapolis, Indiana (455329AB8) | $1,413,125 |
| Industrial Revenue Bond-Michigan Strategic Fund (594693AQ6) | $59,711,400 |
| Industrial Revenue Bond-Ohio Water Development Authority (67759ABC2) | $47,449,000 |
| Industrial Revenue Bond-State of Ohio (677596AU2) | $20,321,813 |
| Industrial Revenue Bond-City of Fort Wayne (349272AT1) | $31,961,000 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                       :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
|     **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
|                 **Debtors.** | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

<u>**ORDER GRANTING DEBTORS' 193RD OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicative Debt Claims from Different Series of Debt)**

       Upon the 193rd omnibus objection, dated January 27, 2011 (the "**193rd Omnibus**

**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to

section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, seeking entry of an order that disallowing and expunging

certain proofs of claim as duplicative, all as more fully described in the 193rd Omnibus Objection;

and due and proper notice of the 193rd Omnibus Objection having been provided, and it appearing

that no other or further notice need be provided ; and the Court having found and determined that

the relief sought in the 193rd Omnibus Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

193rd Omnibus Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 193rd Omnibus Objection to Claims.

ORDERED that the relief requested in the 193rd Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" (the "**Order Exhibit**") annexed hereto are disallowed and expunged in their entirety subject to the occurrence of the effective date of the Plan; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 193rd Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE