HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
              :
In re                :    Chapter 11 Case No.
              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*  :
              :
        **Debtors.**     :    **(Jointly Administered)**
              :
-------------------------------------------------------------x

**NOTICE OF DEBTORS' 196TH OMNIBUS OBJECTION TO CLAIMS**
**(Claims for Equity Interests and Duplicate Debt Claims)**

     **PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 196th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

This Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015). If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing on the Objection is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York

(the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **March 1, 2011 at 9:45 a.m. (Eastern Time)**.  If a Claimant files a Response to the Objection, the Claimant should plan to appear at the Hearing either in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claimant's claim.  If the Debtors do continue the Hearing with respect to the Claimant's claim, then the Hearing will be held at a later date.  If the Debtors do not continue the Hearing with respect to the Claimant's claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **February 22, 2011 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format and in hard copy at each of the following addresses on or before the deadline for response:

> A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;
>
> B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and
>
> C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the number of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person that can be contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, <u>please contact</u> the Debtors at **1-800-414-9607**.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
      January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  | : |  |
| --- | --- | --- |
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : |  |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

----------------------------------------------------------------x

## DEBTORS' 196TH OMNIBUS OBJECTION TO CLAIMS
### (Claims for Equity Interests and Duplicate Debt Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN
> FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD
> LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## **<u>Relief Requested</u>**

1.      Prior to the commencement of these chapter 11 cases, the Debtors issued hundreds of millions of shares of common equity as well as several series of secured and unsecured debt securities.  This Objection addresses individual proofs of claim that each assert both equity interests and debt security claims (collectively, the "**Subject Proofs of Claim**" and each a "**Subject Proof of Claim**").[1]  A list of Subject Proofs of Claim is attached hereto as **Exhibit "A"**.

2.      A proof of claim that asserts an equity interest as a "claim" is improper because equity interests are not claims and, in turn, equity interests holders are not creditors on account of such interests.  To extent that a proof of claim asserts an equity interest as a "claim," such "claim" should be disallowed and reclassified as an equity interest.  Reclassification will preserve the equity holder's rights on account of its the equity interest, but remove the "claim" from the Debtors' claims register.

3.      The Debtors have proposed their chapter 11 plan (the "**Plan**"),[2] which allows aggregate claims for each series of debt.[3]  Accordingly, to the extent a Subject Proof of Claim asserts a debt security claim, it is duplicative because the Plan already allows claims arising from each series of the Debtors' debt securities.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] *Debtors' Amended Joint Chapter 11 Plan*, dated December 7, 2010.

[3] A hearing on confirmation of the Plan is currently scheduled for March 3, 2011.

4.      The Debtors file this 196th Omnibus Objection (the "**196th Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and object to the Subject Proofs of Claim on the basis that (a) to the extent a Subject Proof of Claim asserts an equity interest, the Debtors request the Court disallow and reclassify the Subject Proof of Claim as an equity interest, and (b) to the extent a Subject Proof of Claim asserts a claim for debt securities, the Debtors request the Court disallow and expunge the Subject Proof of Claim as duplicative effective as of the effective date of the Plan.

### Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

6.      On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[5] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026.  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

---

[4] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[5] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities

and statements of financial affairs.

7.    On October 6, 2010, this Court entered an order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[6] which

authorized the Debtors to file omnibus objections to claims on several grounds that are in

addition to those grounds permitted under Bankruptcy Rule 3007(d).

**Equity Interests Should be Disallowed and Reclassified as Equity Interests**

8.    To the extent a Subject Proof of Claim asserts a claim on account of an

equity interest, it should be disallowed and reclassified as an equity interest.

9.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.    Bankruptcy Rule 3007(d)(7) allows a debtor to file an omnibus objection

to claims that are "are interests, rather than claims."  The rationale behind such objections is that

the Bankruptcy Code differentiates between a "claim" and an "equity security."  *See* 11 U.S.C.

§§ 101(5), 101(16).  Under the Bankruptcy Code, those who have "claims" against the Debtors

are called "creditors" while those who hold "equity securities" are called "equity security

holders."  *See id.* §§ 101(10), 101(17).  While creditors may need to file proofs of claim to

---

[6] *See Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims*, dated October 6, 2009 (ECF No. 4180).

preserve their rights to receive distributions on account of their claims,[7] the Court has yet to require equity security holders to file proofs of interests to preserve the rights, if any, based solely on the ownership of equity interests.  The filing of a proof of claim by an equity security holder to assert an equity interest is neither necessary nor sufficient.  *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

11.    Based on the foregoing, to the extent a Subject Proof of Claim asserts an equity interest, the Debtors request the Subject Proof of Claim be disallowed and reclassified as an equity interest.  The reclassification of the Subject Proofs of Claim to equity interests will preserve any entitlement the holders of such proofs of claim have to a distribution solely on account of the ownership of the Debtors' equity interests.

### Debt Claims Should be Disallowed and Expunged as Duplicative

12.    Prior to the Debtors' chapter 11 cases, the Debtors issued certain debt securities:  (a) 24 tranches of debentures, of which approximately $22.86 billion in principal amount remained outstanding as of the Commencement Date (the "**Wilmington Trust Bonds**"), (b) two series of notes under a fiscal and paying agency agreement, of which approximately $3.51 billion in principal amount remained outstanding as of the Commencement Date (the "**Deutsche Eurobonds**"), and (c) seven series of industrial revenue bonds (the "**IRBs**" and together with the Wilmington Trust Bonds and Deutsche Eurobonds, the "**Debt Securities**").

---

[7] *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof*, dated September 16, 2009 (ECF No. 4079).

13.     The Debtors issued the Wilmington Trust Bonds pursuant to two

indentures:

(a)     the Indenture, dated as of November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1990 Indenture**"), pursuant to which (i) $299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22, 1991, (ii) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March 12, 1991, (iii) $500,000,000 of 7.40% Debentures due September 1, 2025 were issued on September 11, 1995, (iv) $15,000,000 of 9.40% Medium Term Notes due July 15, 2021 were issued on July 22, 1991, and (v) $48,175,000 of 9.45% Medium Term Notes due November 1, 2011 were issued on December 21, 1990, and

(b)     the Indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., as such Indenture may have been amended, supplemented, or modified (the "**1995 Indenture**"), pursuant to which (i) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued on March 20, 1996, (ii) $500,000,000 of 7.70% Debentures due April 15, 2016 were issued on April 15, 1996, (iii) $400,000,000 of 8.10% Debentures due June 15, 2024 were issued on June 10, 1996, (iv) $600,000,000 of 6.75% Debentures due May 1, 2028 were issued on April 29, 1998, (v) $1,500,000,000 of 7.20% Notes due January 15, 2011 were issued on January 11, 2001, (vi) $575,000,000 of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30, 2001, (vii) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (viii) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (ix) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (x) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xi) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xii) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (xiii) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (xiv) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (xv) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (xvi) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (xvii) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (xviii) $720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (xix) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007

14.    Wilmington Trust Company, as indenture trustee under the 1990 Indenture and the 1995 Indenture, filed proof of claim 65793 and proof of claim 65729 asserting claims arising under the 1990 Indenture and the 1995 Indenture, respectively, on behalf of all noteholders thereunder.  The Debtors have reconciled the amounts asserted in proofs of claim 65729 and 65793 and such amounts have been allowed pursuant to that certain stipulation, dated August 5, 2010.[8]  Proof of claim 65793 is allowed in the amount of $1,419,471,545.22 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.  Proof of claim 65729 is allowed in the amount of $21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.

15.    Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*" also acknowledges the validity of the claims arising from the Wilmington Trust Bonds and provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[9]  The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt

---

[8] *Stipulation and Agreed Order Among the Debtors, Wilimington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723*, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595).  After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

[9] A copy of the list with the Fixed Allowed Note Claims is annexed herein as **Exhibit "B"**.

securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

16.    Pursuant to that certain Fiscal and Paying Agency Agreement, dated July 3, 2003,[10] the Debtors issued €1,000,000,000 of 7.5% unsecured notes due 2013 and €1,500,000,000 of 8.375% unsecured notes due 2033 (i.e., the Deutsch Eurobonds).  As of the Commencement Date, the principal amount outstanding under the Deutsch Eurobonds was approximately $3.51 billion.

17.    While there is no indenture trustee for the Deutsch Eurobonds, the Plan acknowledges claims arising under the Deutsch Eurobonds and provides that such claims be allowed in the amount of $3,770,634,476, which is equal to the outstanding principal plus accrued and unpaid interest as of June 1, 2009 (i.e., the Commencement Date) based on the currency conversion rate on June 1, 2009.[11]  The Plan further provides that such amount will supersede any individual proofs of claim filed by record holders or beneficial owners of Deutsche Eurobonds.  Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests,*" provides in pertinent part that:

> The Eurobond Claims under that certain Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. shall be Allowed in the amount of $3,770,634,476 and (ii) that certain Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse, shall be Allowed in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond Claims shall override and supersede any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Eurobond Claims.

---

[10] *Fiscal and Paying Agency Agreement*, dated as of July 3, 2003, by and between General Motors Corporation (now known as MLC), as issuer, Deutsche Bank AG London, as fiscal agent, and Bank Général du Luxembourg S.A., as paying agent.

[11] *See 11 U.S.C. § 502(a).*

18.     Pursuant to the following seven indentures (collectively, the "**IRB**

**Indentures**"), MLC issued certain IRBs:

(a)     the Trust Indenture, dated as of April 1, 1984, pursuant to which
$1,400,000 aggregate principal amount of City of Indianapolis, Indiana,
Pollution Control Revenue Bonds (General Motors Corporation Project),
Series 1984 were issued and outstanding;

(b)     the Indenture of Trust, dated as of July 1, 1994, pursuant to which
$12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid
Waste Disposal Revenue Bonds (General Motors Corporation Project)
Series 1994 were issued and outstanding;

(c)     the Trust Indenture, dated as of July 1, 1995, pursuant to which
$58,800,000 aggregate principal amount of Michigan Strategic Fund,
Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue
Bonds (General Motors Corporation Project) Series 1995 were issued and
outstanding;

(d)     the Indenture of Trust, dated as of July 1, 1999, pursuant to which
$10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid
Waste Disposal Revenue Bonds (General Motors Corporation Project),
Series 1999 were issued and outstanding;

(e)     the Trust Indenture, dated as of March 1, 2002, pursuant to which
$20,040,000 aggregate principal amount of State of Ohio, Pollution
Control Refunding Revenue Bonds  (General Motors Corporation Project)
Series 2002 were issued and outstanding;

(f)     the Indenture of Trust, dated as of December 1, 2002, pursuant to which
$46,000,000 aggregate principal amount of State of Ohio, Solid Waste
Revenue Bonds, Series 2002 (General Motors Corporation Project) were
issued and outstanding; and

(g)     the Trust Indenture, dated as of December 1, 2002, pursuant to which
$31,000,000 aggregate principal amount of City of Fort Wayne, Indiana,
Pollution Control Revenue Refunding Bonds (General Motors Corporation
Project), Series 2002 were issued and outstanding.

Law Debenture Trust Company of New York ("**Law Debenture**") is successor indenture trustee

under each of the IRB Indentures and filed seven proofs of claim (one for each IRB Indenture)

for all claims arising under each IRB Indenture on behalf of all holders of IRBs issued

thereunder.  In addition, the Plan acknowledges and allows the claims arising under the IRBs.

Specifically, Section 4.3(e) of Article IV of the Plan provides in pertinent part that:

> The [IRB Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[12]   The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

19.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed."  *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

20.    The Debtors have reviewed the Subject Proofs of Claim and believe that, to the extent the Subject Proofs of Claim assert a claim arising from a Debt Security, the Subject Proof of Claim is duplicative and unnecessary as all such claims have been fixed and allowed

---

[12] As mentioned above copy of the list with the Fixed Allowed Note Claims is annexed herein as Exhibit "B".

under the Debtors' Plan.  If the filed claims were to be allowed, an individual bondholder may impermissibly recover twice – once pursuant to the Subject Proof of Claim and again pursuant to the allowed amount provided under the Plan.  Moreover, the Debtors are unable to confirm any individual bondholders is a beneficial holders of a debt instrument on the relevant dates.

21.    Individual bondholders, to the extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive distributions either from (i) Wilmington Trust Company, in its capacity as indenture trustee, (ii) from Euroclear Bank or another clearing agency after surrendering their securities to Deutsche Bank AG London, in its capacity as the fiscal and paying agent under the Fiscal and Paying Agency Agreement, or (iii) Law Debenture, in its capacity as indentures trustee under the IRB Indentures.  To avoid the possibility of multiple recoveries, the Debtors request that the Court disallow and expunge the Subject Proofs of Claim to extent they assert a Debt Claim, subject to the occurrence of the effective date of the Plan.

## Reservation of Rights

22.    The Debtors reserve the right to object to any of the claims that is not disallowed in their entirety for any reason and to object on any basis to any claim for an equity interest that is reclassified as equity interests.

## Notice

23.    Notice of this 196th Omnibus Objection has been provided in accordance with the Court's case management order.[13]  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

---

[13] *Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated January 3, 2011 (ECF No. 8360).

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
          January 27, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

196th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| ANANT KORADIA 6315 MIDDLEBELT RD W BLOOMFIELD, MI 48322 | 3215 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041 Common Stock |
| ANDREAS LABORIUS EHLERBERGSTR 16 38162 CREMLINGEN GERMANY GERMANY | 16209 | Motors Liquidation Company | Foreign Currency Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 Common Stock |
| ANNE P TABB TOD JOHN TABB SUBJECT TO STA RULES 12215 MONTEGO PLAZA DALLAS, TX 75230 | 18731 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $23,223.01  (U) $23,223.01  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052 Common Stock |
| ASHOK K MEHRA 132 N MONROE ST RIDGEWOOD, NJ 07450 | 9966 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1 Common Stock |

**CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED**

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

Exhibit A

### CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| ASHOK MEHRA<br>C/7 VIJAY<br>132 N MONROE ST<br>RIDGEWOOD, NJ 07450 | 9962 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1<br><br>Common Stock |
| | | | Unliquidated | | | |
| ASHOK MEHRA C/F RYAN<br>132 N MONROE ST<br>RIDGEWOOD, NJ 07450 | 9963 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1<br><br>Common Stock |
| | | | Unliquidated | | | |
| BERNADETTE D BARTON<br>71 HOMER LN, APT E<br>AMHERST, NY 14221 | 15786 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$9,019.86  (U)<br>$9,019.86  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br><br>Common Stock |
| CEDE & CO<br>ATTN GENERAL COUNSEL<br>55 WATER STREET<br>NEW YORK, NY 10041 | 30801 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$10,803.36  (U)<br>$10,803.36  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171942757 - 7.25% Notes due July 3, 2013<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| ERWIN & KARIN  KOCH<br>TAIVIVEVWEG 37<br>50374 ERFTSTADT DE GERMANY<br>GERMANY | 43989 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$23,722.88  (U)<br>$23,722.88  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171942757 - 7.25% Notes due July 3, 2013<br><br>Common Stock |
| ERWIN SEGERER<br>STOCKERHOLZ STR 10<br>88048 FRIEDRICHSHAFEN GERMANY<br>GERMANY | 22956 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$13,745.95  (U)<br>$13,745.95  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033<br><br>Common Stock |
| FATHY S MESSIHA<br>815-40TH AVE S<br>K-141<br>GRAND FORKS, ND 58201 | 8543 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$63,463.57  (U)<br>$63,463.57  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442725 - 7.375% Senior Notes due May 15, 2048<br><br>370442774 - 7.25% Senior Notes due July 15, 2041<br><br>Common Stock |
| GEORGE H HESTER<br>115 ELM DR<br>HAMMOND, LA 70401 | 9777 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$20,000.00  (U)<br>$20,000.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442766 - 7.375% Senior Notes due October 1, 2051<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

196th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| | | | | | | |
|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED** | | | | | | |
| **Name and Address of Claimant** | **Claim #** | **Debtor** | **Claim Amount and Priority (1)** | **Grounds For Objection** | **Objection Page Reference** | **CUSIP - Description of Security** |
| GERRY L MENDELSOHN TTEE FBO GERRY MENDELSOHN REV TR U/A/D 08-15-2005 1512 PALISADE AVE, APT 14 N FORT LEE, NJ 07024 | 8085 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $54,339.64 (U) $54,339.64 (T) Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442121 - 7.50% Senior Notes due July 1, 2044 370442725 - 7.375% Senior Notes due May 15, 2048 Common Stock |
| GUSTAFSON, LORRAINE L 12808 SAGAMORE RD LEAWOOD, KS 66209 | 11600 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $5,000.00 (U) $5,000.00 (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1 Common Stock |
| HARRIET C BRYANT 8 CANTERBURY DR NEWNAN, GA 30263 | 794 | Motors Liquidation Company | $0.00 (S) $0.00 (A) $0.00 (P) $25,000.00 (U) $25,000.00 (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | UNKNOWN - Unknown Bond Holder Common Stock |
| HENRY & METZ WORMSER 5420 HAMMERSMITH W BLOOMFIELD, MI 98322 | 29589 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052 Common Stock |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| HENRY AND METZ WORMSER<br>5420 HAMMERSMITH<br>W BLOOMFIELD, MI 98322 | 29586 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052<br><br>Common Stock |
| | | | Unliquidated | | | |
| HENRY AND METZ WORMSER<br>5420 HAMMERSMITH DR<br>W BLOOMFIELD, MI 98322 | 29587 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052<br><br>Common Stock |
| | | | Unliquidated | | | |
| HERMAN, DOROTHY B<br>5168 CORNERS DR<br>W BLOOMFIELD, MI 48322 | 44092 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$8,779.08  (U)<br>$8,779.08  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442766 - 7.375% Senior Notes due October 1, 2051<br><br>Common Stock |
| | | | Unliquidated | | | |
| HERTA HILLERS<br>KIRCHBUEHL 4<br>6314 UNRERAEGERI, SWITZERLAND<br>SWITZERLAND | 16603 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013<br>Common Stock |
| | | | | Foreign Currency | | |
| | | | Unliquidated | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| JAMES F TRILONE<br>114 SO 17TH AVE<br>MANVILLE, NJ 08835 | 30174 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $2,063.90 | (U) | | | |
| | | | $2,063.90 | (T) | | | |
| JAMES M BRYANT<br>8 CANTERBURY DR<br>NEWNAN, GA 30263 | 797 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | UNKNOWN - Unknown Bond Holder<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $75,000.00 | (U) | | | |
| | | | $75,000.00 | (T) | | | |
| JEAN JOHNSTON<br>5793 N CRESTWOOD BLVD<br>MILWAUKEE, WI 53209 | 12881 | Motors Liquidation Company | | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442121 - 7.50% Senior Notes due July 1, 2044<br><br>Common Stock |
| | | | Unliquidated | | | | |
| JOHN J LEONARDO & MARY E LEONARDO<br>JT TEN<br>815 MULLEN AVE<br>GIBBSTOWN, NJ 08027 | 16258 | Motors Liquidation Company | $8,000.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BB0 - 7.20% Notes due January 15, 2011<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $2,507.00 | (U) | | | |
| | | | $10,507.00 | (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| JOHNNY O. JORDAN<br>CGM IRA CUSTODIAN<br>601 PALM<br>PECOS, TX 79772 | 11101 | Motors Liquidation Company | $134,307.97<br>$0.00<br>$0.00<br>$0.00<br>$134,307.97 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052<br><br>Common Stock |
| JOHNSTON, JEAN E<br>5793 N CRESTWOOD BLVD<br>MILWAUKEE, WI 53209 | 12880 | Motors Liquidation Company | Unliquidated | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442121 - 7.50% Senior Notes due July 1, 2044<br><br>Common Stock |
| JOSEF AND LORE PRANTL<br>UHLANDSTR 50<br>D73770 DENKENDORF GERMANY<br>GERMANY | 16563 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$90,910.00<br>$90,910.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033<br>XS0171942757 - 7.25% Notes due July 3, 2013<br><br>Common Stock |
| KENNETH A CHETRICK<br>104-40 QUEENS BLVD APT 21B<br>FOREST HILLS, NY 11375 | 5623 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$61,794.68<br>$61,794.68 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BB0 - 7.20% Notes due January 15, 2011<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| KIMBERLY P BAIR<br>5534 WHITEHALL RD<br>CAMBRIDGE, MD 21613 | 30923 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$42,759.84  (U)<br>$42,759.84  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442AN5 - 9.40% Debentures due July 15, 2021<br><br>Common Stock |
| KORADIA, ANANT T<br>6315 MIDDLEBELT RD<br>W BLOOMFIELD, MI 48322 | 3214 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041<br><br>Common Stock |
| KRISTALYN A VAN ASTEN &<br>ERIC M VAN ASTEN JT WROS<br>1046 EASTMAN LN<br>FOND DU LAC, WI 54935 | 12879 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$14,635.44  (U)<br>$14,635.44  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | VARIOUS - Wilmington Trust - 1995 Indenture<br><br>Common Stock |
| LEROY C VAUGHT<br>5535 GLENHILL NE<br>N CANTON, OH 44721 | 11327 | Motors Liquidation Company | $133,012.25  (S)<br>$0.00  (A)<br>$133,012.25  (P)<br>$0.00  (U)<br>$266,024.50  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442AR6 - 7.40% Debentures due September 1, 2025<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

196th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

### CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| LINDSEY W WILLIAMS & CONA V WILLIAMS JT TEN 1318 SAN MATEO DRIVE PUNTA GORDA, FL 33950 | 18171 | Motors Liquidation Company | $0.00 $0.00 $0.00 $10,399.50 $10,399.50 | (S) (A) (P) (U) (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041 Common Stock |
| LOIS J WHITE 1402 MCLEAN AVE TOMAH, WI 54660 | 31457 | Motors Liquidation Company | $0.00 $0.00 $0.00 $5,025.98 $5,025.98 | (S) (A) (P) (U) (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442766 - 7.375% Senior Notes due October 1, 2051 Common Stock |
| LYNN WILLIAM HALE CHARLES SCHWAB & CO INC CUST IRA ROLLOVER 4015 HOLLAND AVE APT 102 DALLAS, TX 75219 | 14637 | Motors Liquidation Company | $0.00 $0.00 $0.00 $5,562.05 $5,562.05 | (S) (A) (P) (U) (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442774 - 7.25% Senior Notes due July 15, 2041 Common Stock |
| MARCO LABORIUS EHLERBERGSTR 16 38162 CREMLINGEN, GERMANY GERMANY | 16207 | Motors Liquidation Company | Foreign Currency Unliquidated | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033 XS0171942757 - 7.25% Notes due July 3, 2013 Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| MARJORIE E AND WILLIAM R MORGAN 312 ARDON LANE CINCINNATI, OH 45215 | 5707 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $13,903.25  (P) $0.00  (U) $13,903.25  (T) Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052 Common Stock |
| MARY JONES CHILCOTE 1 BRATENAHL PLACE #1410 CLEVELAND, OH 44108 | 2227 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $155,308.00  (U) $155,308.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1 Common Stock |
| MCBAINE JR JOHN W 14221 JOEL CT LARGO, FL 33774 | 65884 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $1,700,000.00  (U) $1,700,000.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442121 - 7.50% Senior Notes due July 1, 2044 370442758 - 7.25% Senior Notes due February 15, 2052 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041 Common Stock |
| MICHAEL ZIMMERMANN TRESCKOWSTRASSE 50 20259 HAMBURG GERMANY GERMANY | 30955 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $6,000.00  (U) $6,000.00  (T) Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | XS0171942757 - 7.25% Notes due July 3, 2013 Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim.  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim.  Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| MIELKE, LEONARD<br>343 MADRID BLVD<br>PUNTA GORDA, FL 33950 | 5528 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442774 - 7.25% Senior Notes due July 15, 2041<br><br>Common Stock |
| MISS NANCY ELIZABETH SMITH<br>3939 E NEWLAND DR<br>WEST BLOOMFIELD, MI 48323 | 64284 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$14,004.00  (U)<br>$14,004.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1<br><br>Common Stock |
| MR LARRY J SCHULTZ<br>1440 ROOSEVELT AVE<br>LANSING, MI 48915 | 21150 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$43,588.37  (U)<br>$43,588.37  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442725 - 7.375% Senior Notes due May 15, 2048<br>370442AR6 - 7.40% Debentures due September 1, 2025<br>370442AZ8 - 6.75% Debentures due May 1, 2028<br>370442BT1 - 8.375% Senior Debentures due July 15, 2033<br>370442BW4 - 8.25% Senior Debentures due July 15, 2023<br>VARIOUS - Wilmington Trust - Unknown<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| MR. JOSEPH PALMIERI<br>17 POLLY DRIVE<br>HUNTINGTON, NY 11743 | 62763 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442725 - 7.375% Senior Notes due May 15, 2048<br><br>370442758 - 7.25% Senior Notes due February 15, 2052<br><br>370442766 - 7.375% Senior Notes due October 1, 2051<br><br>370442774 - 7.25% Senior Notes due July 15, 2041<br><br>Common Stock |
| | | | Unliquidated | | | |
| NIVES DRAGOZETIC &<br>ROBERT DRAGOZETIC JT TEN<br>6610 W 87TH PL<br>OAK LAWN, IL 60453 | 61341 | Motors Liquidation Company | $0.00   (S)<br><br>$0.00   (A)<br><br>$0.00   (P)<br><br>$32,881.95   (U)<br><br>$32,881.95   (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442774 - 7.25% Senior Notes due July 15, 2041<br><br>Common Stock |
| NORTH, JEROME T<br>305 SASSAFRAS RD<br>BALTIMORE, MD 21221 | 14164 | Motors Liquidation Company | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442758 - 7.25% Senior Notes due February 15, 2052<br><br>370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041<br><br>Common Stock |
| | | | Unliquidated | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| PATRICK J HOLDRIETH<br>PO DRAWER 50025<br>DALLAS, TX 75250 | 64950 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442AU9 - 7.70% Debentures due April 15, 2016<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $19,300.60 | (U) | | | |
| | | | $19,300.60 | (T) | | | |
| PATRICK SULLIVAN (IRA)<br>FCC AS CUSTODIAN<br>7729 DRAKE COURT<br>DES MOINES, IA 50325 | 15152 | Motors Liquidation Company | $28,667.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442121 - 7.50% Senior Notes due July 1, 2044<br>370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $0.00 | (U) | | | |
| | | | $28,667.00 | (T) | | | |
| RAYMON LEE COOPER<br>2000 S OCEAN BLVD APT 101<br>DELRAY BEACH, FL 33483 | 15647 | Motors Liquidation Company | Unliquidated | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442725 - 7.375% Senior Notes due May 15, 2048<br><br>Common Stock |
| RENEE MONK-RUFF (ROTH IRA)<br>FCC AS CUSTODIAN<br>5428 EMERSON RD<br>BROOKSFIELD, FL 34601 | 62640 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442766 - 7.375% Senior Notes due October 1, 2051<br><br>Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $3,474.40 | (U) | | | |
| | | | $3,474.40 | (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| ROBERT C EISSMAN PO BOX 3 LAKELAND, FL 33802 | 17357 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041 Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $10,250.00 | (U) | | | |
| | | | $10,250.00 | (T) | | | |
| ROBERT H KIMMEL & JANELL M KIMMEL 624 HILL RD HEGINS, PA 17938 | 62128 | Motors Liquidation Company | $43,135.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442774 - 7.25% Senior Notes due July 15, 2041 Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $2,000.00 | (U) | | | |
| | | | $45,135.00 | (T) | | | |
| ROBERT H MORTON 99 S ARDMORE RD COLUMBUS, OH 43209 | 13100 | Motors Liquidation Company | | | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BB0 - 7.20% Notes due January 15, 2011 Common Stock |
| | | | Unliquidated | | | | |
| ROBERT M & JENNIFER J WHITE 2328 SALT WIND WAY MT PLEASANT, SC 29466 | 20845 | Motors Liquidation Company | $0.00 | (S) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442717 - 6.25% Series C Convertible Senior Debentures due July 1 Common Stock |
| | | | $0.00 | (A) | | | |
| | | | $0.00 | (P) | | | |
| | | | $43,305.23 | (U) | | | |
| | | | $43,305.23 | (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|---|
| RODGER B LEWIS<br>545 MCGINNIS RD<br>ACME, PA 15610 | 10540 | Motors Liquidation Company | $66,734.23<br>$0.00<br>$0.00<br>$0.00<br>$66,734.23 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442BW4 - 8.25% Senior Debentures due July 15, 2023<br><br>Common Stock |
| SANTO J DUGHETTI<br>DESIGNATED BENE PLAN/TOD<br>1358 PINE COURT UNIT 1<br>SCHERERVILLE, IN 46375 | 2775 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$23,944.00<br>$23,944.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442774 - 7.25% Senior Notes due July 15, 2041<br><br>Common Stock |
| SCOTTRADE INC CUST FBO<br>LEONARD W TARPLEY IRA<br>3325 PEACHTREE ST<br>CORPUS CHRISTI, TX 78410 | 4198 | Motors Liquidation Company | $3,964.00<br>$0.00<br>$0.00<br>$0.00<br>$3,964.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442691 - 1.50% Series D Convertible Senior Debentures due June<br><br>UNKNOWN - Unknown Bond Holder<br><br>Common Stock |
| SCOTTRADE INC CUST FBO<br>TONI P TARPLEY IRA<br>3325 PEACHTREE ST<br>CORPUS CHRISTI, TX 78410 | 4199 | Motors Liquidation Company | $3,964.00<br>$0.00<br>$0.00<br>$0.00<br>$3,964.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442691 - 1.50% Series D Convertible Senior Debentures due June<br><br>UNKNOWN - Unknown Bond Holder<br><br>Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED/RECLASSIFIED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| SCOTTRADE INC CUST FBO LEONARD W TARPLEY & TONI P TARPLEY JT TEN 3325 PEACHTREE ST CORPUS CHRISTI, TX 78410 | 4197 | Motors Liquidation Company | $3,964.00  (S)  $0.00  (A)  $0.00  (P)  $0.00  (U)  $3,964.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442691 - 1.50% Series D Convertible Senior Debentures due June  UNKNOWN - Unknown Bond Holder  Common Stock |
| SOPHIA LABORIUS EHLERBERGSTR 16 38162 CREMLINGEN, GERMANY GERMANY | 16208 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest  Foreign Currency | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033  XS0171942757 - 7.25% Notes due July 3, 2013  Common Stock |
| WERNER KRAMPF WALDSTR.50 D - 64658 FUERTH GERMANY GERMANY | 69418 | Motors Liquidation Company | Unliquidated | Beneficial Bondholder and Equity Interest  Foreign Currency | Pgs. 1-10 | XS0171943649 - 8.375% Notes due July 5, 2033  XS0171942757 - 7.25% Notes due July 3, 2013  Common Stock |
| WILLIAM E BAIR 5534 WHITEHALL RD CAMBRIDGE, MD 21613 | 30924 | Motors Liquidation Company | $0.00  (S)  $0.00  (A)  $0.00  (P)  $47,752.56  (U)  $47,752.56  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442AZ8 - 6.75% Debentures due May 1, 2028  UNKNOWN - Unknown Bond Holder  Common Stock |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

196th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference | CUSIP - Description of Security |
|---|---|---|---|---|---|---|
| ZEKI ILGIN & GERALDINE M ILGIN TEN COM 2926 BURGE DRIVE CROWN POINT, IN 46307 | 17062 | Motors Liquidation Company | $0.00  (S) $0.00  (A) $0.00  (P) $7,623.00  (U) $7,623.00  (T) | Beneficial Bondholder and Equity Interest | Pgs. 1-10 | 370442816 - 7.25% Quarterly Interest Bonds due April 15, 2041 Common Stock |
| **Claims to be Disallowed and Expunged Totals** | **63** | | **$425,748.45**  (S) **$0.00**  (A) **$146,915.50**  (P) **$2,707,187.85**  (U) **$3,279,851.80**  (T) | | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit B**

# FIXED ALLOWED NOTE CLAIMS

| *Wilmington Trust 1990 Indenture* | *Fixed Allowed Amount* |
|---|---|
| 9.40% Debentures due July 15, 2021 | $309,680,298 |
| 8.80% Notes due March 1, 2021 | $536,202,711 |
| 7.40% Debentures due September 1, 2025 | $507,066,072 |
| 9.4% Medium-Term Notes due July 15, 2021 | $15,010,245 |
| 9.45% Medium-Term Notes due November 1, 2011 | $48,808,100 |

| *Wilmington Trust 1995 Indenture* | |
|---|---|
| 7.75% Discount Debentures due March 15, 2036 | $213,338,714 |
| 7.70% Debentures due April 15, 2016 | $504,711,704 |
| 8.10% Debentures due June 15, 2024 | $414,135,144 |
| 63/4% Debentures due May 1, 2028 | $599,250,820 |
| 7.20% Notes due January 15, 2011 | $1,540,836,389 |
| 7.25% Quarterly Interest Bonds due April 15, 2041 | $580,326,736 |
| 7.25% Senior Notes due July 15, 2041 | $725,408,420 |
| 7.375% Senior Notes due October 1, 2051 | $698,481,250 |
| 7.25% Senior Notes due February 15, 2052 | $877,819,444 |
| 4.50% Series A Convertible Senior Debentures due March 6, 2032 | $39,866,281 |
| 5.25% Series B Convertible Senior Debentures due March 6, 2032 | $2,634,125,000 |
| 7.375% Senior Notes due May 15, 2048 | $1,118,654,722 |
| 7.375% Senior Notes due May 23, 2048 | $425,696,528 |
| 8.375% Senior Debentures due July 15, 2033 | $3,061,758,700 |
| 6.25% Series C Convertible Senior Debentures due July 15, 2033 | $4,401,527,778 |
| 8.25% Senior Debentures due July 15, 2023 | $1,281,933,413 |
| 7.125% Senior Notes due July 15, 2013 | $1,024,152,876 |
| 7.5% Senior Notes due July 1, 2044 | $729,000,000 |
| 1.50% Series D Convertible Senior Debentures due June 1, 2009 | $1,009,112,882 |

| *Law Debenture Trust Company of New York Indentures* | |
|---|---|
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AB0) | $10,282,500 |
| Industrial Revenue Bond-City Of Moraine, Ohio (616449AA2) | $12,851,563 |
| Industrial Revenue Bond-City of Indianapolis, Indiana (455329AB8) | $1,413,125 |
| Industrial Revenue Bond-Michigan Strategic Fund (594693AQ6) | $59,711,400 |
| Industrial Revenue Bond-Ohio Water Development Authority (67759ABC2) | $47,449,000 |
| Industrial Revenue Bond-State of Ohio (677596AU2) | $20,321,813 |
| Industrial Revenue Bond-City of Fort Wayne (349272AT1) | $31,961,000 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                          :
In re                                                     :          **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.,*                 :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                                                          :
        **Debtors.**    :          **(Jointly Administered)**
                                                          :
------------------------------------------------------------------x

## <u>ORDER GRANTING DEBTORS' 196TH OMNIBUS OBJECTION TO CLAIMS</u>
### (Claims for Equity Interests and Duplicative Debt Claims)

Upon the 196th omnibus objection, dated January 27, 2011 (the "**196th Omnibus**

**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to

section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, seeking entry of an order that (a) to the extent a proof of

claim asserts an equity interest, disallowing and reclassifying the proof of claim as an equity

interest and (b) to the extent a proof of claim asserts a claim arising from a debt security,

disallowing and expunging the proof of claim as duplicative, all as more fully described in the

196th Omnibus Objection; and due and proper notice of the 196th Omnibus Objection having

been provided, and it appearing that no other or further notice need be provided ; and the Court

having found and determined that the relief sought in the 196th Omnibus Objection is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 196th Omnibus Objection to Claims.

factual bases set forth in the 196th Omnibus Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 196th Omnibus Objection is granted to

the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, to the extent a

Subject Proof of Claim listed on Exhibit "A" (the "**Order Exhibit**") assets claims for equity

interests, it shall be disallowed and reclassified as an equity interest; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code and subject to

the occurrence of the effective date of the Plan, to the extent a Subject Proof of Claim asserts a

claim arising under a Debt Security, it shall be disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved

with respect to, any claims listed on Exhibit "A" annexed to the 196th Omnibus Objection that are

not disallowed pursuant to this Order, and any of the claims for equity interests that are

reclassified as equity interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE