HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
> HERETO TO DETERMINE WHETHER THIS OBJECTION
> AFFECTS YOUR CLAIM(S)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**MOTORS LIQUIDATION COMPANY,** *et al.***,**   :    **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.* :
                                                :
            **Debtors.**                        :    **(Jointly Administered)**
                                                :
------------------------------------------------------------x

### NOTICE OF DEBTORS' 200TH OMNIBUS OBJECTION TO CLAIMS
### (Claims for Preferred Stock)

**PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 200th omnibus objection to disallow certain claims[1] (the "**200th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 200th

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings
ascribed to such terms in the 200th Omnibus Objection to Claims.

US_ACTIVE:\43618158\01\72240.0639

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 200TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 200th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 200th Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 200th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                               :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,            :    09-50026 (REG)
    f/k/a **General Motors Corp.**, *et al.*          :
:
                                    Debtors.        :    (Jointly Administered)
:
------------------------------------------------------------x

# DEBTORS' 200TH OMNIBUS OBJECTION TO CLAIMS
### (Claims for Preferred Stock)

---

**THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
**EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1. The Debtors file this 200th omnibus objection (the "**200th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the claims listed on **Exhibit "A,"** annexed hereto, under the heading "*Claims to be Disallowed*" (collectively, the "**Claims for Preferred Stock**"), and reclassifying the Claims for Preferred Stock as equity interests.[1]

2. The Claims for Preferred Stock assert claims on account of "preferred stock" issued by the Debtors. However, the Debtors have not issued any preferred stock, and after careful review, the Debtors have determined that none of the Claims for Preferred Stock provide any detail or support for the issuance of preferred stock by the Debtors, or provide any other detail that would allow the Debtors to conclude that the holders of Claims for Preferred Stock intended to assert a claim on account of a debt security issued by the Debtors.

3. In other instances not represented by the Claims for Preferred Stock on Exhibit "A," where a claim was submitted on account of preferred stock, the Debtors were able to determine through an examination of the proofs of claim that the claimants intended to assert a claim on account of those certain bonds issued by the Debtors under one of two senior indentures, dated November 15, 1990 and December 7, 1995, respectively, with respect to which

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

US_ACTIVE:\43618158\01\72240.0639                              2

Wilmington Trust Company currently serves as indenture trustee (collectively, the "**WTC Debt Claims**").[2]

4. Here, however, the Debtors are unable to link the Claims for Preferred Stock with any debt security issued by the Debtors, and as such, are left to conclude that the holders of Claims for Preferred Stock are asserting claims for equity interest that were issued by the Debtors. Accordingly, the Claims for Preferred Stock should be disallowed as claims and reclassified as equity interests, which will preserve for the holders of such claims any entitlement to a distribution solely on account of the ownership of equity interests. To the extent the Claims for Preferred Stock represent current holders of public debt securities, disallowance of such claims will not impair the rights of such claimant to receive distributions under the Debtors' proposed chapter 11 plan.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

---

[2] The Debtors have objected to the WTC Debt Claims, but only on the basis that such claims, which were submitted by individual bondholders, are duplicative of the global proofs of claim nos. 65793 and 65729 filed by Wilmington Trust Company, which have been allowed under a stipulation approved and entered by the Court on August 9, 2010 (ECF No. 6595). The Debtors' objection to the WTC Debt Claims will not affect the right of a holder of a WTC Debt Claim from receiving distributions as a beneficial bondholder under the claims filed by the indenture trustee of the Debtors' public debentures.

[3] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026. On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

7.  On October 6, 2010, this Court entered an order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), which authorized the Debtors to file omnibus objections to claims on several grounds that are in addition to those grounds permitted under Bankruptcy Rule 3007(d).

**The Relief Requested Should Be Approved by the Court**

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.  Bankruptcy Rule 3007(d)(7) allows a debtor to file an omnibus objection to claims that are "are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7). The rationale behind allowing a debtor to object to such claims is obvious. The Bankruptcy Code differentiates between a "claim" and an "equity security." *See* 11 U.S.C. §§ 101(5), 101(16).

---

[4] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

Under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders."  *See id.* §§ 101(10), 101(17).  While creditors were entitled to file proofs of claim to preserve their rights to distributions on account of their claims, equity security holders were not entitled to file proofs of claim to preserve their rights, if any, based solely on their ownership of equity interests.  The filing of a proof of claim by an equity security holder for that purpose was neither necessary nor sufficient.  *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").  While equity security holders in these chapter 11 cases were entitled, to the extent they held "claims" against the Debtors, to file a proof of claim to preserve such "claims," which are distinct from rights arising solely from the ownership of equity interests, each of the Claims for Preferred Stock assert only equity interests.  As such, the Claims for Preferred Stock should be disallowed and reclassified as equity interests.  The reclassification of the Claims for Preferred Stock to equity interests will preserve any entitlement the holders of Claims for Preferred Stock have to a distribution, if any, solely on account of the ownership of equity interests.

## Reservation of Rights

10. The Debtors reserve the right to object to any of the Claims for Preferred Stock that are not disallowed in their entirety for any reason and to object on any basis to any of the Claims for Preferred Stock that are reclassified as equity interests.

## Notice

11. Notice of this 200th Omnibus Objection to Claims has been provided in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011

(ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

| | | | | |
|---|---|---|---|---|
| 200th Omnibus Objection | | **Exhibit A** | | Motors Liquidation Company, et al. |
| | | | | Case No. 09-50026 (REG), Jointly Administered |

**CLAIMS TO BE DISALLOWED AND EXPUNGED**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| MR WARREN D JENSEN<br>4281 NW 41ST ST<br>APT 319<br>LAUDERDALE LAKES, FL 33319 | 67876 | Motors Liquidation Company | $15,000.00 | Preferred Stock Claim | Pgs. 1-5 |
| PATRICIA C BURNAM<br>7273 DELWOOD DRIVE<br>BOISE, ID 83709 | 68020 | Motors Liquidation Company | $5,011.50 | Preferred Stock Claim | Pgs. 1-5 |
| RICHARD CHORNE<br>PO BOX 872<br>ALTO, NM 88312 | 69677 | Motors Liquidation Company | $31,704.00 | Preferred Stock Claim | Pgs. 1-5 |
| RICHARD S SCHAFFER JR<br>8 HEWLINGS DRIVE<br>MARLTON, NJ 08053<br>UNITED STATES OF AMERICA | 68195 | Motors Liquidation Company | $12,055.00 | Preferred Stock Claim | Pgs. 1-5 |
| ROBERT & GLENNIS GREEN<br>4000 MEADOW WOOD DR<br>CARSON CITY, NV 89703 | 69076 | Motors Liquidation Company | $0.00<br>Unliquidated | Preferred Stock Claim | Pgs. 1-5 |
| ROBERT L ROWLAND<br>SANDRA S ROWLAND<br>2281 BALDWIN DR<br>DAYTON, OH 45459 | 68099 | Motors Liquidation Company | $9,750.00 | Preferred Stock Claim | Pgs. 1-5 |

**6**

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                   :

In re                                           :         Chapter 11 Case No.
                                                 :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :         **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*      :
                                                 :
                           Debtors.       :         (Jointly Administered)
                                                 :
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' 200TH OMNIBUS OBJECTION TO CLAIMS
**(Claims for Preferred Stock)**

Upon the 200th omnibus objection, dated January 27, 2011 (the "**200th Omnibus Objection to Claims**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeking entry of an order disallowing the Claims for Preferred Stock,[1] and reclassifying those Claims for Preferred Stock as equity interests, all as more fully described in the 200th Omnibus Objection to Claims; and due and proper notice of the 200th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 200th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 200th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 200th Omnibus Objection to Claims.

US_ACTIVE:\43618158\01\72240.0639

ORDERED that the relief requested in the 200th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed*" are disallowed and reclassified as equity interests; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 200th Omnibus Objection to Claims under the heading "*Claims to be Disallowed*" that are not disallowed pursuant to this Order, and any of the Claims for Preferred Stock that are reclassified as equity interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
 _____, 2011

------------------------------------

United States Bankruptcy Judge