HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :     Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :     09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                      :
                    Debtors.          :     (Jointly Administered)
                                      :
-------------------------------------------------------------x
```

## NOTICE OF DEBTORS' 204TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

**PLEASE TAKE NOTICE THAT** on January 27, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 204th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 1, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE THAT** this Objection does not affect a

Claimant's ability to receive distributions as a beneficial bondholder under the Debtors'

Amended Joint Chapter 11 Plan (ECF No. 8015). If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

      **PLEASE TAKE FURTHER NOTICE THAT** this Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the claims filed by the indenture trustee of the Debtors' public debentures. If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before **February 22, 2011, at 4:00 p.m. (Eastern Time)**, then the Claimant **must** file and serve a written response (a "**Response**") to the Objection in accordance with the procedures set forth in this Notice, and the Claimant **must** appear at the Hearing, all as more fully described below.

      **PLEASE TAKE FURTHER NOTICE THAT** a Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Bankruptcy Court's official website at www.nysb.uscourts.gov, by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant also must provide prior written notice of the Claimant's telephonic appearance by mail or e-mail to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors,

1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq.

(lmacksoud@kramerlevin.com)).

**PLEASE TAKE FURTHER NOTICE THAT if a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing on the Objection is scheduled to be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Courtroom No. 621 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on **March 1, 2011 at 9:45 a.m. (Eastern Time)**.  If a Claimant files a Response to the Objection, the Claimant should plan to appear at the Hearing either in person or telephonically.  The Debtors, however, reserve the right to continue the Hearing on the Objection with respect to the Claimant's claim.  If the Debtors do continue the Hearing with respect to the Claimant's claim, then the Hearing will be held at a later date.  If the Debtors do not continue the Hearing with respect to the Claimant's claim, then a Hearing on the Objection will be conducted on the above date.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect,

or any other Windows-based word processing format <u>and</u> in hard copy at each of the following

addresses on or before the Response Deadline:

A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
Court, One Bowling Green, Room 621, New York, New York 10004-
1408;

B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
and

C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
committee of unsecured creditors, 1177 Avenue of the Americas, New
York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

**PLEASE TAKE FURTHER NOTICE THAT** a Claimant's Response, if any,

must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy

Court, the names of the Debtors, the case number, and the number of the Objection to which the

Response is directed; (ii) the name of the Claimant and description of the basis for the amount of

the claim; (iii) a concise statement setting forth the reasons why the claim should not be

disallowed and expunged for the reasons set forth in the Objection, including, but not limited to,

the specific factual and legal bases upon which the Claimant will rely in opposing the Objection;

(iv) all documentation or other evidence of the claim, to the extent not included with the proof of

claim previously filed with the Bankruptcy Court, upon which the Claimant will rely in opposing

the Objection; (v) the address(es) to which the Debtors must return any reply to the Claimant's

Response, if different from that presented in the proof of claim; and (vi) the name, address, and

telephone number of the person that can be contacted in connection with the Objection.

**PLEASE TAKE FURTHER NOTICE THAT** if a Claimant has any questions

about this Notice or the Objection, the Claimant may contact the Debtors at **1-800-414-9607**.

CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT

TO DISCUSS THE MERITS OF THEIR CLAIM.

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
      January 27, 2011

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*, :        **09-50026 (REG)**
   **f/k/a General Motors Corp.,** *et al.* :
                                          :
                      **Debtors.**        :        **(Jointly Administered)**
                                          :
------------------------------------------------------------x

## DEBTORS' 204TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS THAT ARE THE SUBJECT OF THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EITHER THE EXHIBIT ATTACHED TO THIS OBJECTION OR ON THEIR PERSONALIZED NOTICE.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

## **Relief Requested**

1.      The Debtors are now in the process of soliciting acceptances of the

Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015) (as may be amended, modified or

supplemented from time to time, the "**Plan**") and intend to make distributions to holders of

allowed claims upon confirmation of the Plan.[1]  To that end, the Debtors need to reconcile their

claims register which includes certain claims filed on behalf of individual holders of Debt Claims

(as defined below) whose claims will be allowed automatically under the Plan.

2.      Because the Debt Claims will be allowed under the Plan, individual proofs

of claim on account of the same obligation must be expunged from the Debtors' claims register

subject to confirmation of the Plan.  "In bankruptcy, multiple recoveries for an identical injury

are generally disallowed."  *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two

dollars in claims for every one dollar of loss from the same debtor violates principles of ratable

distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay*

*Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991).

3.      The Debtors file this 204th omnibus objection to claims (the "**204th**

**Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), seeking entry of an order disallowing and expunging the claims listed on

**Exhibit "A"** annexed hereto, subject to confirmation of the Plan.[2]

---

[1] A hearing to consider confirmation of the Plan has been scheduled for March 3, 2011.

[2] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors

4.      The Debtors have examined the proofs of claim identified on Exhibit "A"

and believe that although the type of Debt Claims cannot be specifically identified, the proofs of

claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the

"**Duplicate Debt Claims**") are duplicative of either (a) Wilmington Trust Bond Debt Claims (as

defined below), or (b) Eurobond Deutsche Debt Claims (as defined below), or (c) the IRB Debt

Claims (as defined below), as such are fixed and allowed under the Debtors' Plan.

5.      This 204th Omnibus Objection to Claims does not affect the ability of an

Individual Bondholder (as hereinafter defined) to receive distributions on account of the Plan.

Further, the Debtors reserve all their rights to object on any other basis to any Duplicate Debt

Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

7.      Prior to the commencement of these chapter 11 cases on June 1, 2009 (the

"**Commencement Date**"), the Debtors had issued, among other debt instruments, (i) 24 tranches

of debentures (the "**Wilmington Trust Bond Debt Claims**") of which approximately $22.86

billion in principal amount remained outstanding as of the Commencement Date, (ii) two series

of notes under a fiscal and paying agency agreement (the "**Eurobond Deutsche Debt Claims**")

of which approximately $3.51 billion in principal amount remained outstanding as of the

Commencement Date, and (iii) seven series of industrial revenue bonds (the "**IRB Debt**

**Claims**," and together with the Wilmington Trust Bond Debt Claims and the Eurobond Deutsche

---

Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City
Group, Inc. at 1-703-286-6401.

Debt Claims, the "**Debt Claims**," and the holders of the Debt Claims, the "**Individual Bondholders**").

8.      On the Commencement Date, four of the Debtors (the "**Initial Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

9.      On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

10.     Among the tens of thousands of proofs of claim the Debtors received, approximately 24,000 proofs of claim have been filed by claimants seeking the repayment of

---

[3] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[4] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

principal, interest, and fees and expenses that relate to either (i) the Wilmington Trust Bond Debt

Claims, (ii) the Eurobond Deutsche Debt Claims, and/or the (iii) the IRB Debt Claims.  The

Debtors believe that all of the Debt Claims filed by Individual Bondholders are duplicative of the

claims allowed by the Debtors pursuant to the Debtors' Plan even though the Debtors cannot

identify from the proofs of claim what type of Debt Claims are involved.  Nevertheless, the

Debtors request that the Duplicate Debt Claims be expunged from the Debtors' claims register

subject to the Debtors' Plan being confirmed.

**(a)**      ***The Wilmington Trust Bond Debt Claims***

11.    As of the Commencement Date, the Debtors were a party to two

indentures (collectively, the "**WTC Indentures**"):

(i)      the Indenture, dated as of November 15, 1990, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1990 Indenture**"), pursuant to which (a)
$299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22,
1991, (b) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March
12, 1991, (c) $500,000,000 of 7.40% Debentures due September 1, 2025 were
issued on September 11, 1995, (d) $15,000,000 of 9.40% Medium Term Notes
due July 15, 2021 were issued on July 22, 1991, and (e) $48,175,000 of 9.45%
Medium Term Notes due November 1, 2011 were issued on December 21, 1990,
and

(ii)     the Indenture, dated as of December 7, 1995, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1995 Indenture**"), pursuant to which (a)
$377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued on
March 20, 1996, (b) $500,000,000 of 7.70% Debentures due April 15, 2016 were
issued on April 15, 1996, (c) $400,000,000 of 8.10% Debentures due June 15,
2024 were issued on June 10, 1996, (d) $600,000,000 of 6.75% Debentures due
May 1, 2028 were issued on April 29, 1998, (e) $1,500,000,000 of 7.20% Notes
due January 15, 2011 were issued on January 11, 2001, (f) $575,000,000 of
7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30,
2001, (g) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on
July 9, 2001, (h) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were
issued on October 3, 2001, (i) $875,000,000 of 7.25% Senior Notes due February
15, 2052 were issued on February 14, 2002, (j) $1,150,000,000 of 4.50% Series A

Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (k) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (l) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (m) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (n) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (o) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (p) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (q) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (r) $ 720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (s) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007.

12.    Prior to the expiration of the Debtors' bar date, Wilmington Trust Company ("**WTC**") filed two global proofs of claim: (i) Proof of Claim No. 65793 ("**Claim 65793**"), in its capacity as successor indenture trustee of the 1990 Indenture; and (ii) Proof of Claim No. 65729 ("**Claim 65729**"), in its capacity as successor indenture trustee of the 1995 Indenture.

13.    The amounts asserted by WTC in Claim 65793 and Claim 65729 have been reconciled and allowed under a stipulation, approved and entered by the Court on August 9, 2010 (the "**WTC Stipulation**") (ECF No. 6595).[5] The WTC Stipulation was signed by the Debtors, WTC, and Citibank, N.A., solely in its capacity as paying agent under the 1990 Indenture and 1995 Indenture (in such capacity, "**Citibank**"), and allowed (i) Claim 65793 in the amount of $1,419,471,545.22 (subject to appropriate reserve and/or reduction in connection with any Court-authorized setoff exercised by Individual Bondholders) and (ii) Claim 65729 in the amount of $21,928,183,895.36 (subject to appropriate reserve and/or reduction in connection

---

[5] After the entry of the WTC Stipulation, WTC, Citibank (as defined below), and the Debtors have agreed to modify the amounts asserted by WTC in Claim 65793 and Claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

with any Court-authorized setoff exercised by Individual Bondholders).[6]  Prior to entry of the

WTC Stipulation, WTC sent out a notice to all affected Individual Bondholders notifying them

of the pending approval by the Court of the WTC Stipulation.

14.    Moreover, Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of*

*Claims and Equity Interests*," provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the
> respective amounts listed next to each Indenture set forth in Exhibit
> "F" annexed hereto (the "**Fixed Allowed Note Claims**").  The Fixed
> Allowed Note Claims shall override and supersede (i) any individual
> Claims filed by Registered Holders or beneficial owners of debt
> securities with respect to the Note Claims and (ii) solely with respect
> to the Allowed amount of the Note Claims, any stipulation or
> agreement between the Debtors and any Indenture Trustee, Registered
> Holder, or beneficial owner of the debt securities with respect to the
> Note Claims.  For the avoidance of doubt, the terms of any stipulation
> or agreement between the Debtors and any Indenture Trustee,
> Registered Holder, or beneficial owner of debt securities with respect
> to the Note Claims shall continue in full force and effect except with
> respect to the Allowed amount of the Note Claims contained therein.
> Distributions to holders of Note Claims shall be made in accordance
> with Section 5.3(b) hereof.

**(b)**    ***The Eurobond Deutsche Debt Claims***

15.    As of the Commencement Date, the Debtors were a party to a Fiscal and

Paying Agency Agreement, dated as of July 3, 2003, by and between General Motors

Corporation (now known as MLC), as issuer, Deutsche Bank AG London, as fiscal agent, and

Bank Général du Luxembourg S.A., as paying agent (the "**Fiscal and Paying Agency**

**Agreement**").  Under the Fiscal and Paying Agency Agreement, the Debtors issued

€1,000,000,000 of 7.5% unsecured notes due 2013 and €1,500,000,000 of 8.375% unsecured

---

[6] As mentioned above, WTC, Citibank, and the Debtors have agreed to modify the amounts asserted by WTC in
Claim 65793 and Claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.
The total allowed amounts have been revised and reflected in the Debtors' Plan.

notes due 2033. As of the Commencement Date, the principal amount outstanding under the

Fiscal and Paying Agency Agreement was, in U.S. dollars, approximately $3.51 billion.

16.       There is no indenture trustee for the Eurobond Deutsche Debt Claims.

Nevertheless, the Debtors' Plan, provides that a claim based on the Fiscal and Paying Agency

Agreement will be allowed in the amount of $3,770,634,476, which is equal to outstanding

principal plus accrued and unpaid interest as of, and based on the currency conversation rate on,

June 1, 2009 (the Commencement Date). The Plan further provides that such amount will

override and supersede any individual claims filed by record holders or beneficial owners of the

affected debt securities.

17.       Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment

of Claims and Equity Interests*," provides in pertinent part that:

> The Eurobond Claims under (i) that certain Fiscal and Paying Agency
> Agreement, dated as of July 3, 2003, among General Motors
> Corporation, Deutsche Bank AG London, and Banque Générale du
> Luxembourg S.A. shall be Allowed in the amount of $3,770,634,476
> and (ii) that certain Bond Purchase and Paying Agency Agreement,
> dated May 28, 1986, between General Motors Corporation and Credit
> Suisse, shall be Allowed in the amount of $15,745,690 (together, the
> "**Fixed Allowed Eurobond Claims**"). The Fixed Allowed Eurobond
> Claims shall override and supersede any individual Claims filed by
> Registered Holders or beneficial owners of debt securities with respect
> to the Eurobond Claims.

**(c)**      ***The IRB Debt Claims***

18.       As of the Commencement Date, MLC, as issuer, and Law Debenture Trust

Company of New York ("**LDTC**"), as successor indenture trustee, were parties to the following

seven indentures (collectively, the "**IRB Indentures**" and each, an "**IRB Indenture**"):

(i)      the Indenture of Trust, dated as of July 1, 1999, pursuant to which $10,000,000
aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal
Revenue Bonds (General Motors Corporation Project), Series 1999 were issued
and outstanding;

(ii)    the Indenture of Trust, dated as of July 1, 1994, pursuant to which $12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 were issued and outstanding;

(iii)    the Trust Indenture, dated as of April 1, 1984, pursuant to which $1,400,000 aggregate principal amount of City of Indianapolis, Indiana, Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 were issued and outstanding;

(iv)    the Trust Indenture, dated as of July 1, 1995, pursuant to which $58,800,000 aggregate principal amount of Michigan Strategic Fund, Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds (General Motors Corporation Project) Series 1995 were issued and outstanding;

(v)    the Indenture of Trust, dated as of December 1, 2002, pursuant to which $46,000,000 aggregate principal amount of State of Ohio, Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) were issued and outstanding;

(vi)    the Trust Indenture, dated as of March 1, 2002, pursuant to which $20,040,000 aggregate principal amount of State of Ohio, Pollution Control Refunding Revenue Bonds  (General Motors Corporation Project) Series 2002 were issued and outstanding; and

(vii)    the Trust Indenture, dated as of December 1, 2002, pursuant to which $31,000,000 aggregate principal amount of City of Fort Wayne, Indiana, Pollution Control Revenue Refunding Bonds (General Motors Corporation Project), Series 2002 were issued and outstanding.

19.    Prior to the expiration of the Debtors' bar date, LDTC filed seven global proofs of claim --one for each applicable IRB Indenture-- on behalf of all holders of bonds issued under the IRB Indentures.

20.    Here, again, not only are the applicable Individual Bondholders covered under the proofs of claim filed by LDTC but also under the Debtors' Plan which in Section 4.3(e) of Article IV of the Plan, provides in pertinent part that:

> The [IRB Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").  The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount

of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

## The Relief Requested Should Be Approved by the Court

21.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

22.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley,* 160 B.R. at 894.  The Debtors have reviewed the proofs of claim identified on Exhibit "A" and, although the type of Debt Claim cannot be identified, the Debtors believe them to be duplicative of either (a) Wilmington Trust Bond Debt Claims, (b) Eurobond Deutsche Debt Claims, or (c) the IRB Debt Claims, as such are fixed and allowed under the Debtors' Plan.  Moreover, the Debtors have no way of confirming that any of the Individual Bondholders are, in fact, beneficial holders of a debt instrument on the relevant dates.

23.     To avoid the possibility of multiple recoveries by the Individual

Bondholders, the Debtors request that the Court disallow and expunge in their entirety the

Duplicate Debt Claims subject to Confirmation of the Plan.  Individual Bondholders, to the

extent they are beneficial bondholders as of the record date under the Debtors' Plan, will receive

distributions either from (i) WTC in its capacity as indenture trustee, (ii) from Euroclear Bank or

another clearing agency after surrendering their securities to Deutsche Bank AG London, in its

capacity as the fiscal and paying agent under the Fiscal and Paying Agency Agreement, or (iii)

LDTC in its capacity as indentures trustee under the IRB Indentures.

### Notice

24.     Notice of the 204th Omnibus Objection to Claims has been provided to

each claimant listed on Exhibit "A" by virtue of the individualized notice transmitted in

accordance with the Supplemental Procedures Order and parties in interest in accordance with

the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007

Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

The Debtors submit that such notice is sufficient and no other or further notice need be provided.

25.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.


Dated: New York, New York
       January 27, 2011

                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | |
|---|---|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CHARLES R RIGDON SRREV LIV TRUST CHARLES R RIGDON SR DVM TTEE ROSE W RIGDON TTEE 410 DARROW DRIVE DULUTH, GA 30097 | 70495 | Motors Liquidation Company | $39,006.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| DAVID & RITA ROSEMAN 1424 ACADEMY LANE ELKINS PARK, PA 19027 | 70549 | Motors Liquidation Company | $29,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| ERWIN BREMERMANN IRA FCC AS CUSTODIAN 1519 WAKEFIELD AVE THOUSAND OAKS, CA 91360 | 70398 | Motors Liquidation Company | $0.00 Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| EUGENE KOWALSKY & CHERNEY KOWALSKY JTWROS 28105 SHENANDOAH SOUTHFIELD, MI 48076 | 70367 | Motors Liquidation Company | $27,055.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| LAWRENCE SCHAN 507 FISCHERS ROAD BRYN MAWR, PA 19010 | 70548 | Motors Liquidation Company | $100,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| LAWRENCE SCHON 507 FISCHERS ROAD BRYN MAWR, PA 19010 | 70547 | Motors Liquidation Company | $100,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| MS & CO C/F EDWARD FINN IRA ROLLOVER DATED 02/03/03 3 LYON COURT MANCHESTER, NJ 08759 | 69833 | Motors Liquidation Company | $9,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| MS & CO C/F ROBERT AMADIO IRA STANDARD DATED 11/10/03 434 RAMSEY RD YARDLEY, PA 19067 | 69834 | Motors Liquidation Company | $100,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| ROBERTINE HIGGINSON<br>2205 S CYPRESS BEND DR APT 505<br><br>POMPANO BEACH, FL 33069 | 70319 | Motors Liquidation Company | $10,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

9

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                              :
In re                                         :          Chapter 11 Case No.
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.,*     :          **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*  :
                                              :
                      **Debtors.**            :          **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 204TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims)

Upon the 204th omnibus objection to claims, dated January 27, 2011 (the "**204th**

**Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors

Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"),

pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's supplemental order establishing supplemental rules and authority for filing omnibus

objections to certain debt claims (the "**Supplemental Procedures Order**") (ECF No. 6238),

seeking entry of an order disallowing and expunging the Duplicate Debt Claims on the grounds

that such claims are duplicative of either (a) Wilmington Trust Bond Debt Claims, (b) Eurobond

Deutsche Debt Claims, or (c) the IRB Debt Claims, as such are fixed and allowed under the

Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015) (as may be amended, modified or

supplemented from time to time, the "**Plan**"), all as more fully described in the 204th Omnibus

Objection to Claims; and due and proper notice of the 204th Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 204th Omnibus Objection to Claims.

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the 204th Omnibus Objection to

Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the 204th Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the 204th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be

Disallowed and Expunged*" (collectively, the "**Duplicate Debt Claims**") are disallowed and

expunged subject to confirmation of the Debtors' Plan; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object on any basis are expressly

reserved with respect to, (i) any claim listed on Exhibit "A" annexed to the 204th Omnibus

Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed

on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
          _____, 2011

                                                    _____
                                                    United States Bankruptcy Judge