UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**STIPULATION OF SETTLEMENT AMONG DEBTOR MOTORS
LIQUIDATION COMPANY, GENERAL MOTORS LLC, WILMINGTON
TRUST COMPANY AND DEUTSCHE BANK AG RESOLVING MOTION
TO LIFT STAY AND CROSS-MOTION FOR IMMEDIATE PAYMENT
AND AGREED ORDER APPROVING THE SETTLEMENT**

Debtor Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession in the above-referenced chapter 11 cases (the "**Debtors**"), General Motors LLC ("**GM**"), Deutsche Bank AG ("**DB**") and Wilmington Trust Company, as Indenture Trustee of certain bonds issued by General Motors Corporation ("**Wilmington,**" and together with the Debtors, GM and DB, the "**Parties**") hereby stipulate and agree as follows:

WHEREAS, on June 1, 2009 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

WHEREAS, on November 24, 2009, DB filed a motion (the "**Motion**") for entry of an order relieving it from the automatic stay so that it could effect a setoff of approximately $24 million it claimed to be owed on bonds issued by the Debtors (the

"**Bonds**") against an equivalent amount that DB owed the Debtors as a result of DB's termination of two interest rate swap transactions (the "**Swaps**"), one of which had been entered into on April 23, 2004 (maturing July 3, 2013), and the other of which had been entered into on March 9, 2005 (maturing April 15, 2016);

**WHEREAS**, on June 18, 2010, the Debtors filed their objection to the Motion as well as a cross-motion seeking immediate payment of sums due under the Swaps (the "**Cross-Motion**");

**WHEREAS**, on June 18, 2010, GM filed a limited response to the Motion;

**WHEREAS**, on June 25, 2010, Wilmington, in its capacity as Indenture Trustee of certain of the Bonds, filed its limited joinder to the Cross-Motion (the "**Joinder**");

**WHEREAS,** on July 12, 2010, DB filed its reply memorandum in further support of the Motion;

**WHEREAS**, on September 24, 2010, the Court entered an Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Resolving Disputes, Mutual Mistakes, and Ambiguities Arising Under Master Sale and Purchase Agreement which authorized the Debtors to enter into a Stipulation of Settlement with GM (the "**Debtors/GM Stipulation**") that, among other things, allocated the potential proceeds of the Swaps between the Debtors and GM;

**WHEREAS,** on December 28, 2010, the Debtors filed their reply memorandum in further opposition to the Motion, and in further support of the Cross-Motion;

**WHEREAS**, DB has represented that it is the owner of the Bonds and has

2

been their owner since the Debtors' Petition Date;

**WHEREAS**, DB has agreed that reliance on its representation that it is the owner of the Bonds, and has been since the Petition Date, will not foreclose any Party from pursuing any appropriate remedy if the representation is inaccurate;

**WHEREAS**, the Parties were scheduled to appear at a hearing before the Court on January 11, 2011 (the "**Hearing**") to present oral argument concerning the Motion and Cross-Motion;

**WHEREAS**, in lieu of presenting oral argument, the Parties informed the Court at the Hearing of the basic terms of their proposed settlement as set forth herein (the "**Settlement**") and sought approval of those terms;

**WHEREAS,** for reasons stated on the record, the Court approved the basic terms of the Settlement at the Hearing;

**WHEREAS**, to prevent potential prejudice to DB with respect to a material term of the Settlement, the Court authorized DB to sell or transfer the Bonds at any time on or after January 11, 2011;

**WHEREAS,** the Court ruled at the Hearing that providing notice of the terms of the Parties' Settlement to the U.S. Government, the U.S. Trustee, the Official Committee of Unsecured Creditors and certain other parties on seven days presentment would constitute adequate notice of the Parties' Settlement, and that no other or further notice would be required;

**WHEREAS,** the Motion and Cross-Motion raise novel and complex issues of fact and law;  and

3

**WHEREAS,** the Parties seek to resolve their disputes concerning the Motion and Cross-Motion promptly, without incurring additional costs or the risks of litigation, by entering into this Stipulation and Order (the "**Stipulation**");

**NOW, THEREFORE**, in consideration of the foregoing and the covenants stated herein, the Parties hereby stipulate and agree as follows:

1. DB shall make a payment to the Debtors of $11.5 million in cash and a payment to GM of $2.5 million in cash (together, the **"Payments"**), which is in accordance with the Debtors/GM Stipulation. These Payments shall be made by wire transfer in accordance with instructions to be provided by the Debtors and GM or by such other reasonable means as the Debtors and GM shall specify in writing.

2. The Payments shall fully satisfy DB's debts to GM and the Debtors with respect to the Swaps. In addition, neither the Debtors nor GM shall owe any payments or obligations to DB in connection with the Swaps, which the Parties agree have been terminated. Within fourteen days after the Payments have been received in full, the Parties will execute mutual releases with respect to the Swaps.

3. The Payments will be made within three business days after this Stipulation and Order, having been entered by the Court, becomes final and not subject to appeal.

4. The Settlement and this Stipulation will not affect DB's rights with respect to the Bonds except as expressly stated herein. If this Stipulation is not approved by the Court, or its approval is invalidated, all Parties' rights with respect to the issues raised in the Motion and Cross-Motion will be preserved, and will be asserted

4

and adjudicated as if DB owns the Bonds, irrespective of whether DB transferred any of the Bonds on or after the Hearing.  In addition, if this Stipulation is not approved by the Court, or its approval is invalidated, and DB is later permitted to effectuate a setoff with respect to some or all of the Bonds, DB shall not effectuate the setoff, or claim to have reduced its debt under the Swaps by reason of a setoff, unless and until DB has provided the Debtors or their designee with bonds that are materially equivalent to the Bonds that the Motion seeks permission to use to effectuate that setoff.  Bonds are "materially equivalent" if they are in the same face amount, were issued in the same series, bear the same interest rate, and have the same due date.

      5.      Wilmington's Joinder is hereby withdrawn without prejudice.

      6.      This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

      7.      This Stipulation constitutes the entire agreement among the Parties with respect to the Swaps, the Motion and the Cross-Motion, and it may not be amended or modified in any manner except by a writing signed by each of the Parties or their counsel and approved by the Bankruptcy Court.

      8.      Each of the Parties signatory to this Stipulation represents and warrants to each other Party hereto that it has full power, authority and legal right – and has obtained all approvals and consents necessary – to execute, deliver and perform all actions required by this Stipulation.

9. The Bankruptcy Court shall retain exclusive jurisdiction to hear any issues or disputes arising from or relating to this Stipulation.

Dated: New York, New York
       January 18, 2011

| | |
|---|---|
| MOTORS LIQUIDATION COMPANY, *et al.* | DEUTSCHE BANK AG |
| By /s/ Thomas A. Morrow | By /s/ Steven Kessler |
| Its Vice President | Its Director |
| GENERAL MOTORS LLC | WILMINGTON TRUST COMPANY, As Indenture Trustee |
| By /s/ Daniel Ammann | By /s/ Matthew J. Williams |
| Its VP Finance & Treasurer | Its Counsel |

**SO ORDERED**

This **28th** day of **January**, 2011
in New York, New York

*s/ Robert E. Gerber*
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE