HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,     :    **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*   :
                                              :
                   Debtors.                   :    **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

### NOTICE OF DEBTORS' 206TH OMNIBUS OBJECTION TO CLAIMS
(Claims Against GMAC)

**PLEASE TAKE NOTICE** that on January 27, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 206th omnibus objection to expunge certain claims (the "**206th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 206th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45**

US_ACTIVE:\43618189\01\72240.0639

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 206TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 206th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 206th Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 206th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, et al.,         :    09-50026 (REG)
    f/k/a General Motors Corp., et al.      :
                                            :
                       Debtors.             :    (Jointly Administered)
                                            :
------------------------------------------------------------x
```

### DEBTORS' 206TH OMNIBUS OBJECTION TO CLAIMS
(Claims Against GMAC)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. The Debtors file this 206th omnibus objection to certain claims (the "**206th Omnibus Objection to Claims**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2. The Debtors have examined the proofs of claim identified on Exhibit "A", and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Claims Against GMAC**") seek recovery for the liabilities of General Motors Acceptance Corporation ("**GMAC**"), an entirely separate company from General Motors Corporation ("**GM**") that is not a debtor in these chapter 11 cases. Holders of Claims Against GMAC likely filed such claims out of confusion due to the similarity in name between GM and GMAC. Pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Procedures Order, the Debtors seek entry of an order disallowing and expunging from the claims register the Claims Against GMAC. Further, the Debtors reserve all of their rights to object on any other basis to any Claims Against GMAC as to which the Court does not grant the relief requested herein.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

US_ACTIVE:\43618189\01\72240.0639                           2

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.      On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[2]     The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]     The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

6. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Relief Requested Should Be Approved by the Court

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Moreover, the Procedures Order provides that the Debtors may file omnibus objections to claims that "seek recovery of amounts for which the Debtors are not liable." (Procedures Order at 2.)

9. As set forth above, the Claims Against GMAC are all claims that are not properly asserted against the Debtors. Moreover, none of the Claims Against GMAC provide any suggestion or supporting documentation for the proposition that any of the Debtors are co-liable for the Claims Against GMAC. Put simply, the Debtors are not liable for claims against unrelated, non-Debtor third parties.

10. The Debtors believe that holders asserting Claims Against GMAC were confused by the similarity of names between GM and GMAC. GMAC, now known as Ally Financial Inc., used to be majority owned by MLC but that is no longer the case.

US_ACTIVE:\43618189\01\72240.0639                                                                                                       4

11. As such, the Debtors are not liable for the Claims Against GMAC. To avoid the possibility of improper recovery against the Debtors' estates and for the benefit of the proper creditors of the Debtors, the Debtors request that the Court disallow and expunge in their entirety the Claims Against GMAC.

**Notice**

12. Notice of this 206th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
January 27, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

206th Omnibus Objection                    **Exhibit A**                    Motors Liquidation Company, et al.
                                                                            Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ARTHUR POWELL<br>16647 GAINSVILLE RD<br>RALPH, AL 35480 | 22840 | Motors Liquidation Company | $35,519.44 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$35,519.44 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GREGORY JOHNSON<br>3186 KING RD<br>SAGINAW, MI 48601 | 7581 | Motors Liquidation Company | $84,600.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$39,600.00 (U)<br>$124,200.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| ROSEMARY TERRY<br>PO BOX 442090<br>DETROIT, MI 48244 | 18756 | Motors Liquidation Company | $717.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$717.00 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **3** | | **$120,836.44 (S)**<br>**$0.00 (A)**<br>**$0.00 (P)**<br>**$39,600.00 (U)**<br>**$160,436.44 (T)** | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                     :

In re                            :         Chapter 11 Case No.
                                     :

**MOTORS LIQUIDATION COMPANY**, *et al.*,   :         09-50026 (REG)
     f/k/a General Motors Corp., *et al.*   :
                                   :
                     Debtors.         :         (Jointly Administered)
                                     :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 206TH OMNIBUS OBJECTION TO CLAIMS
### (Claims Against GMAC)

Upon the 206th omnibus objection to expunge certain claims, dated January 27, 2011 (the "**206th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), and this Court's order approving the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the Claims Against GMAC on the grounds that such claims seek recovery of amounts for liabilities of an entity that is not a Debtor in these chapter 11 cases, all as more fully described in the 206th Omnibus Objection to Claims; and due and proper notice of the 206th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 206th Omnibus Objection to Claims.

found and determined that the relief sought in the 206th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 206th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 206th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 206th Omnibus Objection to claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge