W. Cone Owen, Jr.
SMITH & ALSPAUGH, P.C.
1100 Financial Center
505 20th Street North
Birmingham, AL 35203
205-324-8910
205-324-8929 (f)
cowen@smithalspaugh.com
Attorneys for Creditors Brittany Flack and Rhonda Rainey

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re MOTORS LIQUIDATION CO.,** ) | |
| **et al., f/k/a General Motors Corp, et al.**, ) | |
| ) | **Chapter 11 Case No:** |
| **Debtors** ) | **09-50026 (REG)** |

**OBJECTION OF CREDITORS BRITTANY FLACK AND RHONDA RAINEY TO DEBTORS 111TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**

COME NOW Brittany Flack, by and through her natural mother, Tina Kirkwood, and Wesley Frye, duly appointed Administrator of the Estate of Rhonda Rainey, deceased,[1] and file this OBJECTION to the Debtors' 111th Omnibus Objection to Claims and Motion Requesting Enforcement of Bar Date Orders. Creditors further move this Court, pursuant to FED. R. BANKR. P. 9006(b)(2), to extend the Claims Bar Date one day to allow Creditors' late filed proofs of claim. As grounds for this objection and motion, Creditors would show as follows:

1. Undersigned counsel represents Tina Kirkwood and Wesley Frye, who are respectively the representatives of Brittany Flack, a minor child, and Rhonda Rainey, deceased. Both parties were listed as potential creditors on Debtors' initial and amended schedules.

2. Counsel received Debtors' "Notice of Deadlines for Filing Proofs of Claim" on or

---

[1]Hereinafter to be referred to jointly as "Creditors" unless otherwise noted.

1

about September 30, 2009. On November 30 2009, proofs of claim for both Flack and Rainey were sent by overnight mail to the Garden City Group, in accordance with the Notice of Deadlines. Both proofs of claim were received on December 1st. Flack was assigned claim number 67970 and Rainey 67972.

3.      The Notice of Deadlines established November 30, 2009 as the claims bar date, further delineating that all claims must be **received** by the bar date. Therefore, Creditors' proofs of claim were admittedly untimely.

4.      Undersigned counsel however, was not aware that said claims were untimely, and proceeded with the assumption that said claims were timely filed.

5.      In November of 2010, counsel attempted to resolve Creditors' claims through the procedures set out in the Court's General Order Authorizing Implementation of ADR Procedures. In December of 2010, immediately before Debtors' 111th Omnibus Objection was filed, undersigned counsel learned from local trial counsel for Debtors that Debtors would be objecting to Creditors' proofs of claim, due to the fact that they were untimely filed. This is the first time that undersigned counsel learned that there was a problem with Creditors' bankruptcy claims.

6.      Under 11 U.S.C. § 502(a), a filed proof of claim is "deemed allowed, unless a party in interest....objects.." Thus, Creditors' claims were properly before this Court and due to be allowed until Debtors' objection was filed, more than a year after Debtors became aware that Creditors' proofs of claim were received after the bar date. Once an objection is filed, the burden shifts to the Creditors to prove that their claim is proper. Id.

7.      As stated above, Creditors' proofs of claim were received one day after the bar date. Therefore, they are due to be barred, unless this Court determines Creditors have shown excusable

neglect, in accordance with FED. R. BANKR. P. 9006(b)(2) and the factors set forth in <u>Pioneer Inv. Services Co. v. Brunswick Assocs.</u>, 507 U.S. 380 (1993). The <u>Pioneer</u> court used the following four factors as imperative in analyzing when excusable neglect will lie: 1) the degree of prejudice to the debtors; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay; and 4) whether the claimant acted in good faith. Creditors will take these four factors in turn.

## THE DEGREE OF PREJUDICE TO THE DEBTORS

8. Debtors contend that they will be severely prejudiced if Creditors' late filed claims are allowed because "...the Debtors have already filed their chapter 11 plan of liquidation and none of the claimants have sought leave of the Court to allow their late filed claim." This is disingenuous. Under 11 U.S.C. § 502, a proof of claim is deemed allowed when filed, and no further action need be taken by a creditor until a debtor objects. A timely objection filed by Debtors may have led to some prejudice if such objection was not resolved before a plan of liquidation was made. However, to claim prejudice after simply sitting on Creditors' claims, taking no action to object for over a year, is wrong, when any such prejudice is of Debtors' own making.

9. Further, Creditors' claims are unsecured product liability tort claims. Given the structure of Debtors' bankruptcy, Creditors' claims, if allowed at all, are at the complete mercy of the Debtors. Since the amounts at issue are relatively small, absolutely no prejudice would accrue if Creditors' claims were allowed to the extent they pursue an ADR remedy as set out in this Court's prior Order.[2]

---

[2] Flack originally claimed $750,000. Rainey claimed $1,500,000. In an effort to resolve these claims through ADR, both Creditors reduced their claims to $200,000.

3

## THE LENGTH OF THE DELAY AND ITS POTENTIAL
## IMPACT ON JUDICIAL PROCEEDINGS

10.     The length of the delay is one day. While a bar date serves an "essential function" in helping to finally determine what claims will be presented before reorganization or liquidation, there is no bright line rule governing when a delay becomes "substantial" enough to warrant a finding of prejudice. In re Enron Corp., 419 F.3d 115, 127-28 (2nd Cir. 2005). Rather, the delay should be considered in the context of the proceedings as a whole. Id.

11.     Here, the delay was the shortest possible. The proofs of claim were filed well before any liquidation plan was established, and, absent objection, were valid when the liquidation plan was filed. Considering the one day delay in the context of these proceedings, equity favors the Creditors.

## THE REASON FOR THE DELAY

12.     The delay was the result of undersigned counsel's failure to read and properly follow an Order of this Court. Page One of the Notice of Deadlines indicated that this Court established "November 30, 2009 at 5:00 p. m. (Eastern Time) as the last date and time to file a proof of claim..." Thus, the November 30 date was calendered, and the claims were prepared. However, undersigned counsel either did not read, or did not properly take notice of the information on page three of the Order, stating that "All proofs of claim must be filed so as to be actually received on or before the applicable Bar Date..." Thus, on November 30, 2009, the proofs of claim were overnighted to the proper recipient, and undersigned counsel believed then, as he did until a few weeks ago, that said claims were timely.

13.     As noted by Debtors, the Second Circuit takes a "hard line" when applying Pioneer in cases of excusable neglect. Enron, 419 F.3d at 122-23. An attorney's failure to read, understand and comply with a court order has been found insufficient to excuse his neglect in allowing a bar

date to pass without perfecting a claim. However, the decision of whether to allow a claim filed late due to excusable neglect "is an equitable one that requires a court to consider all relevant circumstances." In re Painewebber Ltd. Partnerships Litigation, 147 F.3d 132, 135 (2nd Cir. 1998) citing Pioneer, 507 U.S. at 395. "For that reason, the notion is an 'elastic concept.' Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes or carelessness." In re Painewebber at 135 (citations omitted).

14. Here, counsel's inadvertent neglect should not be viewed in a vacuum, but in the context of the unique and compelling circumstances surrounding these proceedings. General Motors' bankruptcy was one of the largest, if not the largest in history. It was accompanied by an unprecedented government infusion of cash and credit necessary to allow "New G.M." to rise from the bankruptcy fairly unscathed. Creditors, as taxpayers, are now nominally part owners of the new G.M., whether they individually chose to be so or not. Virtually every act in these proceedings has favored the protection of Debtors and New G.M. at the expense of Creditors.

15. The public interest involved in this bankruptcy is not present in other cases strictly enforcing the claims bar date. This public interest has been recognized in the context of union jobs, where unsecured creditor union workers were able to use political pressure to cut a pre-bankruptcy deal that allowed them to retain a large ownership stake in new G.M., while unsecured creditor debt holders were given a much smaller ownership interest, despite their holding much more of the company's debt. Such naked political dealing shows that there are exceptions to every rule, and while mere inadvertence has been insufficient to rise to excusable neglect in the 2nd Circuit, equity demands that Creditors' proofs of claim, filed merely one day late, be allowed.

## WHETHER THE CLAIMANT ACTED IN GOOD FAITH

16. There is nothing in the record before this Court that indicates the absence of good faith on behalf of any party.

WHEREFORE, premises considered, Creditors Tina Kirkwood and Wesley Frye request this Court DENY Debtors' objection to their proofs of claim, and to exercise its powers under FED. R. BANKR. P. 9006(b)(2) to allow Creditors' claims.

Respectfully submitted,

_____
W. Cone Owen, Jr.
Attorney for Wesley Frye and Tina Kirkwood

**OF COUNSEL:**
SMITH & ALSPAUGH, P.C.
1100 Financial Center
505 20th Street North
Birmingham, AL 35203
205-324-8910
205-324-8929 (f)
cowen@smithalspaugh.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing was sent to the following counsel of record via overnight mail, this the_____day of_____, 2010:

Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York, 10153

Ted Stenger
Motors Liquidation Company
401 South Old Woodward Avenue, Suite 370
Birmingham, MI 48009

General Motors, LLC
Lawrence S. Buonomo
400 Renaissance Center
Detroit, MI 48265

CALDWATER, WICKERSHAM & TAFT, LLP
John J. Rapisardi
One World Financial Center
new York, New York 10281

Joseph Samarias
U.S. Department of the Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, D.C. 20220

Michael J. Edelman
Michael L. Schein
VEDDER PRICE, P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Thomas Moers Mayer
Robert Schmidt
Lauren Macksoud
Jennifer Sharret
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas, New York, New York 10036

Tracy Hope Davis
Office of the United States Trustee for the
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

David N. Jones
Natalie Kuehler
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, Third Floor
New York, New York 10007

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152

Trevor W. Swett, III
Kevin C. Maclay
One Thomas Circle, N.W., Suite 1100
Washington, D.C. 20005

Sander D. Esserman
Robert T. Brousseau
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
2323 Bryan Street, Suite 2200
Dallas, TX 75201

_____
OF COUNSEL