HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*, : 09-50026 (REG)
  **f/k/a General Motors Corp.**, *et al.* :
: 
            Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' OBJECTION
## TO PROOF OF CLAIM NO. 02307 FILED BY BOBBIE JEAN FORD PIERCE

PLEASE TAKE NOTICE that upon the annexed Objection, dated January 28, 2011 (the "**Objection**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), to the allowance of Proof of Claim No. 02307 filed by Bobbie Jean Ford Pierce, all as more fully set forth in the Objection, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 1**, **2011 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of

US_ACTIVE:\43617793\01\72240.0639

the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xii) Bobbie Jean Ford Pierce, 22078 Arbor Avenue Apt. 103, Hayward, California 94541-4809, so as to be received no later than **February 22, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no response is timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
January 28, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   09-50026 (REG)
   f/k/a General Motors Corp., *et al.*                     :
                                                            :
                            Debtors.                        :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**DEBTORS' OBJECTION TO**
**PROOF OF CLAIM NO. 02307 FILED BY BOBBIE JEAN FORD PIERCE**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.  The Debtors file this Objection (the "**Objection**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing proofs of claim against MLC and certain other Debtors (the

US_ACTIVE:\43617793\01\72240.0639

"**Bar Date**") and the procedures relating to the filing of proofs of claim against MLC and certain other Debtors (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging Proof of Claim No. 02307 (the "**Pierce PoC**") filed by Bobbie Jean Ford Pierce ("**Claimant**"), a copy of which is annexed herein as **Exhibit "A."**

## Jurisdiction

2.　　This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relevant Facts to the Pierce PoC

3.　　On September 16, 2009, this Court entered the Bar Date Order which, among other things, established November 30, 2009 as the Bar Date and set forth procedures for filing proofs of claim.  The Bar Date Order requires, among other things, that a proof of claim must "set forth with specificity the legal and factual basis for the alleged [c]laim [and] include supporting documentation or an explanation as to why such documentation is not available." (Bar Date Order at 2.)[1]

4.　　On October 1, 2009, Claimant filed the Pierce PoC against MLC seeking an unliquidated amount, plus interest, without providing any information as to the nature or basis of her claim other than stating she has an account with MetroPCS.

## Claimant Has Failed to Allege Sufficient Facts In Support of the Pierce PoC

5.　　A review of the Pierce PoC indicates that Claimant has failed to set forth a cognizable legal and factual basis and has failed to provide supporting evidence of a claim.  A proof of claim which is "so lacking in supporting evidence and logical linkage to the Debtors' cases [is] not entitled to any presumption that [it is] *prima facie* valid, and the burden of proof . .

---

[1] Notices of the Bar Date Order contained express references to this requirement.

2

. shift[s] to [the claimant]." *See Lehman Bros. Holdings Inc. v. Kuntz (In re Lehman Bros. Holdings Inc.)*, Ch. 11 Case No. 08-13555 (JMP), 2010 WL 4848173, at *2 (Bankr. S.D.N.Y. Nov. 10, 2010); *see also Helliwell v. George R. Burrows, Inc. (In re George R. Burrows, Inc.)*, 156 F.2d 640, 641 (2d Cir. 1946) ("as soon as the trustee introduced any substantial evidence in opposition the claimants needed to establish by a preponderance of all the evidence that the claims as filed were based on facts which entitled the claimants to their allowance under the law. The burden of over-all proof was then on the claimants."); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

6.   Here, the Pierce PoC is completely unintelligible and fails to provide any legal or factual support for a claim, much less one against the Debtors. *See Lehman Bros. Holdings*, at *4 (explaining that "[c]laimants, at a minimum, need to be able to give an understandable offer of proof indicating that some evidence actually exists (not simply may exist) to establish a claim's validity" and that the burden is a particularly heavy one when the claim is not based on any clearly identifiable relationship with the debtor). Accordingly, the Pierce PoC cannot be afforded *prima facie* validity under the Bankruptcy Code and should be disallowed and expunged from the Debtors' claim register.

**<u>Notice</u>**

7.   Notice of this Objection has been provided to Claimant and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated

January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

8. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 28, 2011

                              /s/ Joseph H. Smolinsky
                              Harvey R. Miller
                              Stephen Karotkin
                              Joseph H. Smolinsky

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

**Exhibit "A"**

US_ACTIVE:\43617793\01\72240.0639

02079073 09-50026-mg   Doc 8941   Filed 01/28/11   Entered 01/28/11 16:41:45   Main Document
APS0620384841                              Pg 10 of 16



# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Your Claim Is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising **after** the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) **BOBBIE PIERCE**

Name and address where notices should be sent
BOBBIE PIERCE
22078 ARBOR AVE APT 103
HAYWARD, CA 94541-4809

*Bobbie Jean Ford Pierce*

Telephone number
Email Address

☐ Check this box to indicate that this claim amends a previously filed claim  09-50026

Court Claim Number 5355
(If known)

Filed on _____

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

Name and address where payment should be sent (if different from above)

*None*

FILED - 02307
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☒ Check this box if you are the debtor or trustee in this case

1  Amount of Claim as of Date Case Filed, June 1, 2009    $ 09500626 Reg

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U.S.C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2  **Basis for Claim** _____
(See instruction #2 on reverse side )

3  Last four digits of any number by which creditor identifies debtor _____
    3a Debtor may have scheduled account as **5355**
    (See instruction #3a on reverse side )

4  **Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe

Value of Property $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed Included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

6  **Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  **Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of 'redacted' on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  **Amount of Claim Entitled to Priority under 11 U.S.C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U.S.C § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C § 507(a)(__)

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date 10/30/ | **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any  *Bobbie Jean Ford Pierce* | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

[Stamp: THE GARDEN CITY GROUP, INC. OCT 1 2009]

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc, are not authorized and are not providing you with any legal advice*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS IF BY MAIL THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 IF BY HAND OR OVERNIGHT COURIER THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5 00 PM (PREVAILING EASTERN TIME)

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4 Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 USC § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 USC § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

---

## __DEFINITIONS__

**Debtor**
A debtor is the person corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 USC § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 USC § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 USC § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc, please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 USC § 101 et seq), and any applicable orders of the bankruptcy court

## __INFORMATION__

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

22078 ARBOR Ave
Apt 103 only
8/3/09

Dear Sir:

My name is Bobbie Jean Pierce
I have account with Metro in
Oakland Calif.

I got the account on 5/6/09
and there some one my line that
take over my phone. She using
the same Name. She live in the same
building and she is on the second floor
about me. She cuts the phone
off and all kinds of dirty things.

My account 200-3878. I went
to the main office is St. Leandro on
E.14 street and report it. They did't help.

200-3878 Account summary

I would love to send her or them to jail. If there is anything I can do please let me know. It would be greated to get the "F.B.I." in on this. I would love that. It is so many in on this project. Ha Ha. It not funny but we need to do something. They also have the same number 239 6191. I paid 45.00 or more a month and she pay nothing but get the benfits.

Thank you
Bobbie Jean Purcel

Bobbie Jean Pierce Bobbie Jean Ford Pierce
22078 Arbor Ave., Apt 103 only
Hayward Calif 94645

To National Arbitration
P.O. Box 50191
and please
Arbitration,
Jean
94541480809

To National Arbitration

04 SEP 2009 PM 2 L

NIXIE    945    4C 1    06  09/24/09
    RETURN TO SENDER
    INSUFFICIENT ADDRESS
    UNABLE TO FORWARD
BC:  94541480928    *1805-03703-04-39*

USA FIRST-CLASS FOREVER

**HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 22, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :   09-50026 (REG)
     f/k/a General Motors Corp., et al.   :
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
-----------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' OBJECTION TO
### PROOF OF CLAIM NO. 02307 FILED BY BOBBIE JEAN FORD PIERCE

Upon the Objection, dated January 28, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing of proofs of claim of certain Debtors and procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging the Pierce PoC on the grounds that such claim does not include sufficient documentation to ascertain the validity of the claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Objection is granted as provided herein; and it is further

        ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Pierce PoC (Proof of Claim No. 02307) is disallowed and expunged in its entirety; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       _____, 2011

                                            _____
                                            United States Bankruptcy Judge