<div style="border:1px solid black">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

</div>

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                           :
In re                                      :        Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                           :
                        Debtors.           :        (Jointly Administered)
                                           :
---------------------------------------------------------------x
```

<u>**NOTICE OF DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIMS**</u>
**(Contingent Co-Liability Claims)**

      **PLEASE TAKE NOTICE** that on January 28, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 209th omnibus objection to expunge certain claims (the "**209th**

**Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 209th

Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 1, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 209TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 209th Omnibus

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham,

Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman,

Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 209th Omnibus Objection to Claims or any claim set forth thereon, the

Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 209th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
       January 28, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
MOTORS LIQUIDATION COMPANY, et al.,    :    09-50026 (REG)
     f/k/a General Motors Corp., et al.:
                                       :
                         Debtors.      :    (Jointly Administered)
                                       :
------------------------------------------------------------x
```

## DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIMS

(Contingent Co-Liability Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

JURISDICTION ................................................................................................................... 3

ARGUMENT ....................................................................................................................... 5

    A.    The Contribution Claims Are Claims for Reimbursement or Contribution .......... 7

        (1)    Claims Under Sections 107 or 113 of CERCLA are for Reimbursement or Contribution ................................................................ 7

        (2)    Section 502(e)(1)(B) Applies to Claims Seeking Reimbursement or Contribution Pursuant to State Environmental Laws............................... 10

        (3)    Actions for Contractual Indemnification of Contingent Liabilities Are  Claims Seeking Reimbursement or Contribution ........................... 11

    B.    Claimants That Filed the Contribution Claims Share Liability With the Debtor .................................................................................................................. 11

    C.    The Contribution Claims Are Contingent ......................................................... 14

CONCLUSION.................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*In re APCO Liquidating Trust*,
  370 B.R. 625 (Bankr. D. Del. 2007) ...........................................................8, 13

*In re Alper Holdings*, 2008 WL 4186333
  (Bankr. S.D.N.Y. Sept. 10, 2008) ...........................................................11, 14

*In re: Chemtura Corp. et al.,* No. 09-11233, 2011 WL 109081
  (Bankr. S.D.N.Y. Jan. 13, 2011) ...................................................2, 7, 9, 11, 14

*Cooper Indus., Inc. v. Avial Servs. Inc.*,
  543 U.S. 157 (2004) ..........................................................................................8

*In re Cottonwood Canyon Land Co.*,
  146 B.R. 992 (Bankr. D. Colo. 1992) ..............................................................8, 9

*In re Drexel Burnham Lambert Group Inc.*,
  148 B.R. 982 (Bankr. S.D.N.Y. 1992) ..........................................5, 6, 11, 13, 14

*In re Eagle-Picher Indus.*,
  164 B.R. 265 (S.D. Ohio 1994) .......................................................................6, 7

*In re Eagle-Picher Indus., Inc.*,
  197 B.R. 260 (Bankr. S.D. Ohio 1996)...............................................................7

*Fine Organics Corp. v. Hexcel Corp. (In re Hexcel Corp.)*,
  174 B.R. 807 (Bankr. N.D. Cal. 1994) .............................................................10

*In re GCO Servs., LLC*,
  324 B.R. 459 (Bankr. S.D.N.Y. 2005) ..........................................5, 6, 11, 13, 14

*In re Hemingway Transport, Inc.*,
  993 F.2d 915 (1st Cir. 1993)..........................................................................6, 12

*In re: Lyondell Chemical Company and Millennium Holdings, LLC*, 09-10023,
  2011 WL 11412 (Bankr. S.D.N.Y. Jan. 4, 2011) ........................................2, 7, 9

*Norpak v. Eagle-Picher Ind., Inc. (In re Eagle-Picher Indus., Inc.)*,
  131 F.3d 1185 (6th Cir. 1997) ...............................................................10, 12, 13

i

**Page(s)**

*In re Pacor, Inc.*,
110 B.R. 686 (E.D. Pa. 1990) ...............................................................................13

*Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*,
266 B.R. 575 (S.D.N.Y. 2001)...............................................................................14

*In re Pettibone Corp.*,
162 B.R. 791 (Bankr. N.D. Ill. 1994) ....................................................................13

*In re Provincetown-Boston Airlines, Inc.*,
72 B.R. 307 (Bankr. M.D. Fla. 1987) ......................................................................6

*United States v. Atlantic Research*,
551 U.S. 128 (2007).................................................................................................8

*In re Wedtech Corp.*,
85 B.R. 285 (Bankr. S.D.N.Y. 1988) ....................................................................5, 7

*In re Wedtech Corp.*,
87 B.R. 279 (S.D.N.Y. 1988)...................................................................................6

*W.R. Grace & Co.-Conn. v. Zotos Int'l, Inc.*,
559 F.3d 85 (2d Cir. 2009).......................................................................................8

*In re WorldCom Inc. Sec. Litig.*,
293 B.R. 308 (S.D.N.Y. 2003)..................................................................................5

**FEDERAL STATUTES**

11 U.S.C. § 502(e)(1)(B) ....................................................................................4, 5

42 U.S.C. § 9604 ......................................................................................................3

42 U.S.C. § 9606 ......................................................................................................3

42 U.S.C. § 9607 ...............................................................................................3, 7, 8

42 U.S.C. §9613(f)..........................................................................................4, 7, 8

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

<u>**INTRODUCTION**</u>

1. Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), file this Omnibus

Objection to Claims filed by numerous private parties asserting contingent unsecured claims for

contribution or reimbursement for future environmental remediation costs and expenses listed on

**Exhibit "A"** annexed hereto (collectively, the "**Contribution Claims**"), which costs and

expenses are also asserted in the proofs of claim filed by the United States of America at the

request of the Environmental Protection Agency (the "**EPA**"), the United States Department of

the Interior, the United States Department of Commerce, and/or state or local environmental

regulatory governmental entities (the "**Environmental Agencies**") in these chapter 11 cases.

The Contribution Claims were filed by private parties who are co-liable with the Debtors for

environmental liabilities at properties that are not owned or managed by the Debtors, where an

Environmental Agency has also filed a claim for environmental liabilities.  Moreover, the

Contribution Claims seek reimbursement, contribution, or contractual indemnification for costs

that were contingent or unliquidated at the time of the claim and should be disallowed pursuant

to section 502(e)(1)(B) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

1

**Code**").  Certain of these claims may also be duplicative or otherwise may be disallowed on grounds not stated in this Omnibus Objection to Claims.[1]

This Court recently issued a pair of bench decisions in the Lyondell Chemical and Chemtura Corporation chapter 11 cases applying section 502(e)(1)(B) of the Bankruptcy Code to disallow environmental contribution claims asserted against Lyondell and Chemtura by co-liable parties.  *In re Chemtura Corp.,* No. 09-11233, 2011 WL 109081 (Bankr. S.D.N.Y. Jan. 13, 2011); *In re Lyondell Chem. Co.*, 09-10023, 2011 WL 11412 (Bankr. S.D.N.Y. Jan. 4, 2011) (together, referred to as the **"Bench Decisions"**).  After analyzing the Contribution Claims that are detailed on Exhibit A, the Debtors assert that the Bench Decisions are directly on point and controlling in most respects because the Contribution Claims at issue in this Objection generally are the same type of private party claims disallowed by this Court in the Bench Decisions. Accordingly, a similar conclusion with respect to disallowing the Contribution Claims that are the subject of this Omnibus objection is mandated here.  In support of this Omnibus Objection to Claims, the Debtors state as follows:

## JURISDICTION

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      For more than 100 years, the Debtors engaged in the design, manufacturing, sale, and distribution of automobiles.  Waste generated from these activities

---

[1] By filing this Omnibus Objections to the Contingent Claims, the Debtors do not waive, and hereby expressly preserve, their rights to supplement or amend the objections set forth herein, or to file further objections, to assert other grounds for objecting to the Contingent Claims that are the subject of the objections set forth herein, including but not limited to the ground that the Contingent Claim was filed against a Debtor entity that is not liable to the claimant.  Further, the Debtors do not waive the right to file objections to other claims on any grounds.

2

frequently were sent to third-party owned and operated disposal facilities, which disposed of wastes not only from the Debtors, but often also from hundreds of other waste generators, transporters, and arrangers.  Numerous claims have been filed against the Debtors by governmental and private creditors alleging that the Debtors are liable for costs associated with the investigation and/or remediation of contamination at certain of third-party disposal facilities pursuant to the federal Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), codified at 42 U.S.C. §§ 9601 *et seq.*, or similar state laws.

4.     CERCLA imposes liability for environmental cleanup costs, natural resource damages, and certain other recoveries on four types of potentially responsible parties ("**PRPs**"): (a) the current "owner or operator" of a property contaminated with hazardous substances; (b) any person who previously owned or operated a property contaminated with hazardous substances; (c) any person who arranged for disposal of any hazardous substances at a contaminated site; and (d) any person who transported any hazardous substances to a contaminated site.  *See* CERCLA § 107(a); 42 U.S.C. § 9607(a).  PRPs can be liable to federal or state governmental entities, as well as to private parties for cost recovery and contribution.  42 U.S.C. §§ 9607(a), 9613(f).

5.     Under CERCLA, the federal government is granted authority to seek both monetary remedies (e.g., cleanup cost reimbursement and natural resource damages) under CERCLA section 107, and injunctive relief remedies under CERCLA section 106. CERCLA §§ 106, 107; 42 U.S.C. §§ 9606, 9607.  To exercise its authority, CERCLA provides the EPA with three options:  (a) the EPA can issue an administrative order directing a PRP or group of PRPs to take appropriate actions; (b) the EPA can request that the Department of Justice institute a civil action against PRPs; and (c) the EPA can undertake cleanup actions itself and sue PRPs for

3

reimbursement of the cleanup costs.  CERCLA §§ 104, 106, 107; 42 U.S.C. §§ 9604, 9606, 9607.

6.      CERCLA and its implementing regulations provide PRPs with means to settle their liabilities through judicial consent decrees, administrative settlements, and similar mechanisms.  For example, CERCLA section 113(f) provides that PRPs that have settled their liability to the government may sue other PRPs for contribution and that the settling parties are protected from contribution suits filed by other PRPs.  CERCLA § 113(f), 42 U.S.C. 9613(f).  PRPs that fund response actions can seek CERCLA section 113(f) contribution from other PRPs "during or following any civil action" that had been filed under CERCLA Sections 106 or 107, as well as PRPs that settle their liability to the EPA or a state in an administrative or judicially approved settlement. 42 U.S.C. §§ 9613(f)(1), 9613(f)(3)(B).

7.      When the EPA identifies multiple PRPs, the practical effect is often that most, but not necessarily all, of the PRPs form "PRP Groups" to negotiate with the EPA for the form and cost of a remedial action and to enter an administrative settlement.  PRP Groups may assess their members over time for costs incurred and paid out either to private contractors that are performing the remediation or to the EPA.  The Debtors are members of a number of PRP Groups; however, as a result of these chapter 11 cases, the Debtors have ceased paying into and otherwise participating in PRP Groups for sites that they do not own.  As a consequence, PRPs and PRP Groups have filed CERCLA cost reimbursement and contribution claims against the Debtors for the same cleanup liability for which Environmental Agencies have filed claims.

4

# ARGUMENT

8.    The Contribution Claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, which provides, in relevant part:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that…such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution . . . .

11 U.S.C. § 502(e)(1)(B).  Congress enacted this provision for two principal reasons.  First, Congress sought to prevent competition between a primary and a secondary creditor for the "limited proceeds in the estate." *In re Wedtech Corp.*, 85 B.R. 285, 289 n.4 (Bankr. S.D.N.Y. 1988) (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 354 (1977)).  Second, Congress sought to "prevent contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution in a liquidating case." *In re GCO Servs., LLC*, 324 B.R. 459, 466-67 (Bankr. S.D.N.Y. 2005); *accord In re Drexel Burnham Lambert Group Inc.*, 148 B.R. 982, 987 (Bankr. S.D.N.Y. 1992) (quoting *Syntex Corp. v. Charter Co. et al.* (*In re Charter Co.*), 862 F.2d 1500, 1502 (11th Cir. 1989)) ("An important consideration is the need for finality in a bankruptcy proceeding.  The bankruptcy estate must not be burdened 'by estimated claims contingent in nature.'").  In short, section 502(e)(1)(B) was enacted to protect debtors from having to make duplicative distributions of estate assets on the basis of contingent claims.  *See In re WorldCom Inc. Sec. Litig.*, 293 B.R. 308, 323 (S.D.N.Y. 2003) (citing *Aetna Cas. & Sur. Co. v. Ga. Tubing Corp.*, 93 F.3d 56, 57 (2d Cir. 1996)); *see also Drexel*, 148 B.R. at 987 ("The equities inherent in § 502(e)(1)(B) . . . are meant to benefit the debtor's direct creditors, not secondarily liable creditors with contingent claims.").

9.     Moreover, this Court has held in its Bench Decisions in the Chemtura and Lyondell matters that disallowing contingent private party claims that overlap with Governmental Agency claims under section 502(e)(1)(B) of the Bankruptcy Code furthers the objectives of CERCLA – namely, environmental protection – by encouraging private parties first to perform prompt remedial activities at contaminated sites and then seek reimbursement for their expenses.  By doing so, private parties fix their claims and avoid disallowance under section 502 of the Bankruptcy Code for future response costs in bankruptcy proceedings.  *See, e.g., In re Hemingway Transp., Inc.*, 993 F.2d 915, 924-25 (1st Cir. 1993).  Thus, section 502(e)(1)(B) of the Bankruptcy Code benefits both the general public by encouraging prompt cleanups and creditors by allowing debtors to expeditiously reorganize or liquidate.

10.     Section 502(e)(1)(B) of the Bankruptcy Code requires a debtor to establish three elements before a court must disallow a claim.  The debtor must show that: (i) the claim is for reimbursement or contribution; (ii) the claimant shares liability with the debtor on the claim; and (iii) the claim is contingent.  *In re Provincetown-Boston Airlines, Inc.,* 72 B.R. 307, 309 (Bankr. M.D. Fla. 1987); *accord In re Eagle Picher Indus.,* 164 B.R. 265, 268 (S.D. Ohio 1994); *In re GCO Servs., LLC,* 324 B.R. at 465; *In re Drexel Burnham Lambert Group,* 148 B.R. at 985. A claim that satisfies all three of these elements must be disallowed.

11.     Like the claims disallowed by the Bench Decisions, the Contribution Claims seek payment for future cleanup costs and generally fall into the following categories:

(1)  PRP Claims related to environmental liabilities under CERCLA orders;

(2)  claims from PRP groups that are co-liable to Environmental Agencies;

(3)  claims from individual PRP claimants co-liable to PRP groups; and

(4)  claims based on contractual indemnification rights against the Debtors for environmental liabilities.

Each of the Contribution Claims must be disallowed because each meets the three criteria for disallowance set forth under section 502(e)(1)(B) of the Bankruptcy Code.

### A.    The Contribution Claims Are Claims for Reimbursement or Contribution

12.    The concepts of reimbursement and contribution embodied in section 502(e)(1)(B) of the Bankruptcy Code have been interpreted by courts to encompass nearly any contingent and duplicative claim against a debtor for money.  *See, e.g., In re Wedtech Corp.*, 87 B.R. 279, 287 (S.D.N.Y. 1988) (Reimbursement "encompasses whatever claims a co-debtor has which entitle him to be made whole for monies he has expended on account of a debt for which he and the debtor are both liable."); *In re Wedtech Corp.*, 85 B.R. at 289 ("Assuredly, contribution refers to the ability of one joint tortfeasor against whom a judgment is rendered to recover a proportional share of the judgment from another tortfeasor also liable to the plaintiff . . . .").  There can be little doubt, then, that CERLCA's  reimbursement and contribution provisions meet this standard.

### (1)    Claims Under Sections 107 or 113 of CERCLA Are for Reimbursement or Contribution

13.    CERCLA claims for statutory cost reimbursement or contribution brought by other PRPs that are or were themselves subject to CERCLA civil actions for remediation cost recovery, or that have entered into judicial or administrative settlements that provide either for cost recovery or the performance of response actions, satisfy the reimbursement and contribution prong of section 502(e)(1)(B) of the Bankruptcy Code.  This is true irrespective of whether those claims are brought as "cost recovery" claims under CERCLA section 107(a) or "contribution" claims under CERCLA section 113(f).  42 U.S.C. §§ 9607(a), 9613(f). *In re Chemtura Corp.,*

2011 WL 109081, at *19; *In re Lyondell Chem. Co.*, 2011 WL 11412, at *15; *In re Eagle-Picher Indus., Inc.,* 164 B.R. 265 (S.D. Ohio 1994) (holding that CERCLA section 113 contribution claims satisfied the reimbursement or contribution element of section 502(e)(1)(B)); *In re Eagle-Picher Indus., Inc.*, 197 B.R. 260, 274-75 (Bankr. S.D. Ohio 1996) (holding that contingent private party claims under section 107 of CERCLA are in essence contribution claims and disallowed).

14.     Section 113(f)(1) of CERCLA could not be more clear, as it provides that a potentially responsible party may seek "contribution" from any other potentially responsible party during or following a civil action pursuant to section 106 or 107 of CERCLA.  42 U.S.C. § 9613(f)(1).  *See In re APCO Liquidating Trust*, 370 B.R. 625, 632 (Bankr. D. Del. 2007) (contribution claims pursuant to section 113(f)(1) of CERCLA are for reimbursement or contribution because "as a matter of law, section 113(f)(1) provides only for an express right of contribution.").

15.     Cost recovery claims under section 107 of CERCLA also clearly meet the reimbursement or contribution standard set forth in section 502(e)(1)(B) of the Bankruptcy Code. Pursuant to section 107(a)(4) of CERCLA, a PRP may clean up a site and seek to recover the costs it expended from another PRP, regardless of whether such PRP cleaned up the site voluntarily or pursuant to a cleanup order.  *See* 42 U.S.C. § 9607(a); *see also W.R. Grace & Co.-Conn. v. Zotos Int'l, Inc.*, 559 F.3d 85, 91 (2d Cir. 2009) (holding that, pursuant to section 107(a) of CERCLA, W.R. Grace could seek to recover response costs it expended, even though its expenditures were made in compliance with a consent order).  In *In re Cottonwood Canyon Land Co.*, 146 B.R. 992, 996 (Bankr. D. Colo. 1992), the court held that a claim bought under CERLCA section 107(a) satisfied the section 502(e)(1)(B) "reimbursement or contribution"

prong because the claim was, "by definition, a claim to recover costs incurred by reason of [the claimant's] liability for cleanup as the 'owner' of the site, which is the same liability [the debtor] has for cleanup as the party which deposited the hazardous substances . . . ."

16.     Although not directly implicated in this Omnibus Objection to Claims the Debtors note that there have been developments at the Supreme Court level concerning differences between CERCLA section 107 actions for cost recovery and CERCLA section 113(f)(1) contribution actions for cost recovery. *See United States v. Atlantic Research*, 551 U.S. at 132; *Cooper Indus., Inc. v. Avial Servs. Inc.*, 543 U.S. 157, 161 (2004). Combined, these rulings provide that a PRP that has remediated a site and has not itself been subject to a civil action for CERCLA cost recovery (i.e., a "voluntary" cleanup by a PRP to avoid anticipated government or private civil action) cannot bring a CERCLA section 113(f)(1) contribution action against another PRP, but can bring a CERCLA section 107 action against another PRP for cost recovery. This distinction is important outside of the context of section 502(e)(1)(B) of the Bankruptcy Code because, *inter alia*, different statutes of limitations apply to actions under the two different sections; however, the distinctions between section 107 and section 113 CERCLA claims should be meaningless in the context of section 502(e)(1)(B) of the Bankruptcy Code, where duplicate claims by the EPA or state agencies and a PRP exist for remediating the same site. *See In re Cottonwood Canyon Land Co.*, 146 B.R. at 996. The claim at issue for section 502(e)(1)(B) of the Bankruptcy Code in *Cottonwood* was asserted as a CERCLA section 107 direct claim, and the claimant argued that it was not a claim for contribution. Nevertheless, the court ruled that the claim met the "reimbursement or contribution" element because the claim essentially was "to recover costs incurred by reason of [the claimant's] liability for cleanup as the 'owner' of the site, which is the same liability [the debtor] has for cleanup as the party which

deposited the hazardous substances . . . ." *Id.* The reasoning in *Cottonwood* comports with the

purposes of section 502(e)(1)(B) of the Bankruptcy Code since, regardless of whether

contribution is involved, even a voluntary cleanup is performed only because the PRP believes it

is liable and seeks reimbursement from the debtor.  And, this Court has recently clarified in its

Bench Decisions that claims such as the Contribution Claims in this matter, "even if premised in

section 107(a), are in substance still claims for 'reimbursement' for the purposes of 502(e)(1)(B).

*In re Chemtura Corp.,* 2011 WL 109081, at *19, *In re  Lyondell Chem. Co.*, 2011 WL 11412, at

*15.

> **(2)    Section 502(e)(1)(B) Applies to Claims Seeking Reimbursement or Contribution Pursuant to State Environmental Laws**

17.     The first element required to satisfy section 502(e)(1)(B) of the

Bankruptcy Code is met not just in the CERCLA context as discussed above, but also in any

situation in which contingent liabilities under any federal or state environmental laws expose a

debtor's estate to duplicative claims.  *See Fine Organics Corp. v. Hexcel Corp. (In re Hexcel

Corp.)*, 174 B.R. 807 (Bankr. N.D. Cal. 1994) (applying section 502(e)(1)(B) to environmental

claims arising under New Jersey law); *see also Norpak v. Eagle-Picher Indus., Inc. (In re Eagle-

Picher Indus., Inc.)*, 131 F.3d 1185, 1190 (6th Cir. 1997) (holding that claimant's environmental

claims under CERCLA and New Jersey law satisfied the reimbursement or contribution prong of

502(e)(1)(B)).  In *Hexcel*, the claimant purchased contaminated property in New Jersey from the

future debtor, Hexcel.  New Jersey law requires that before contaminated property is transferred,

the seller must either remediate it or enter into a binding agreement with the state to ensure that it

will be remediated.  Hexcel, therefore, entered into an Administrative Consent Order ("**ACO**")

with the State of New Jersey acknowledging its obligation to fund remediation of the property.

During Hexcel's bankruptcy proceedings, claimant filed a proof of claim alleging that Hexcel

had failed to perform its remediation obligations and sought damages.  Hexcel objected under

section 502(e)(1)(B) of the Bankruptcy Code, and the court held that the claimant's claim was

for reimbursement because the claimant might, at some future time, be required to fund the

remediation under New Jersey law as the current property owner re-selling to yet another buyer,

and disallowed the contingent part of the claim pursuant to section 502(e)(1)(B) of the

Bankruptcy Code.

> **(3)    Actions for Contractual Indemnification of Contingent Liabilities Are
> Claims Seeking Reimbursement or Contribution**

18.    A number of the private Contribution Claims assert that they are based on

contractual indemnification rights against the Debtors for environmental liabilities such as

CERCLA response costs.  Indemnification claims arising from agreements in contracts constitute

claims for reimbursement or contribution within the meaning of section 502(e)(1)(B).  *See In re*

*Alper Holdings*, 2008 WL 4186333, at *5 (Bankr. S.D.N.Y. Sept. 10, 2008) (disallowing

contractual indemnification claims pursuant to 502(e)(1)(B)); *see also In re GCO Servs., LLC*,

324 B.R. at 465 ("Because 'the concept of reimbursement includes indemnity,' any claims for

indemnification also fall within the scope of the first prong of 502(e)(1)(B)"); *Drexel*, 148 B.R.

at 985 (section 502(e)(1)(B) "clearly applies to contractual claims for indemnification").

> **B.    Claimants That Filed the Contribution Claims Share Liability with the
> Debtor**

19.    The concept of shared liability or "co-liability" in section 502(e)(1)(B) of

the Bankruptcy Code encompasses "any type of liability shared with the debtor, whatever its

basis." *Drexel*, 148 B.R. at 987.  Thus, for purposes of section 502(e)(1)(B) of the Bankruptcy

Code, co-liability exists between a debtor and a claimant when a claimant has a claim against the

debtor for payment of a contingent liability that is jointly owed by the parties to a primary

creditor.  The Contribution Claims are expressly or impliedly premised on this theory that if any

of the Debtors pay less than their share of the alleged environmental liability, the claimant will have to pay more.  As explained by this Court, that "is the essence of co-liability."  *In re Chemtura Corp.,* 2011 WL 109081, at *16.

20.    The co-liability requirement does not require that the debtor and claimant be subject to a common civil proceeding or agency action.  In fact, co-liability can be based on two entirely different grounds for liability, so long as the underlying liability is the same.  *See, e.g., In re Eagle-Picher Indus., Inc.*, 131 F.3d at 1190 ("Whether under CERCLA or the [New Jersey] Spill [Compensation Control] Act or some other law, [the claimant's] claims are for environmental cleanup costs associated with [a single] property, the very same costs for which [the debtor] may turn out to be co-liable," which is "precisely the kind of contingent co-liability envisioned by section 502(e)(1)(B).").  Nor is co-liability premised on the actual filing of multiple proofs of claim.  In *In re Hemingway Transport, Inc.,* the claimant had been issued an EPA administrative order to perform a CERCLA removal action, while the debtor had only received a prepetition PRP notice letter notifying it of its potential liability.  The EPA did not file a claim for CERCLA liability in the bankruptcy proceedings, opting to first proceed against the claimant.  Nevertheless, the Court of Appeals ruled that the debtor and claimant would be co-liable on a debt to the EPA if a surrogate claim were to be filed on behalf of the EPA in order to ensure a single — but not double — payment from the debtor's estate.  *See* 993 F.2d at 925-28.

21.    In the 1997 *Eagle-Picher* case, the court succinctly summarized co-liability in an environmental context:

> Whether under CERCLA or the Spill Act or some other law, Norpak's claims are for environmental cleanup costs associated with the Blanchard Street property, the very same costs for which Eagle-Picher may turn out to be co-liable.  This is precisely the kind of contingent co-liability envisioned by § 502(e)(1)(B).  If Norpak and Eagle-Picher are co-liable, then it is irrelevant that

Norpak can also concoct an alternative theory on which to premise its claim against Eagle-Picher such as diminution of value of the property due to Eagle-Picher's contamination of that property.

Even assuming, for the sake of argument, that Eagle-Picher and Norpak will not be co-liable under CERCLA or the Spill Act, Norpak's ECRA [New Jersey's Environmental Cleanup Responsibility Act] claim amounts to nothing more than a thinly disguised claim for reimbursement and contribution. Section 502(e)(1)(B) applies only to an entity that is liable with the debtor on . . . the claim of a creditor. Courts have held that the phrase "an entity that is liable with the debtor" is broad enough to encompass any type of liability shared with the debtor, whatever its basis. Thus, so long as Norpak and Eagle-Picher are both potentially responsible for environmental cleanup costs of the Blanchard Street property, the legal theory underpinning that shared responsibility is irrelevant.

131 F.3d at 1190. In most, if not every instance, the Contribution Claims that are the subject of this Omnibus Objection to Claims have been filed by another potentially responsible party for cleanup costs at a site where the claimant and the Debtors are alleged to have caused the contamination. In fact, many of the Contribution Claims clearly state the obvious: that the claimant and the Debtors share liability for cleanup costs under law.

22.    Co-liability is not just a product of statutory law. Contractual indemnification or reimbursement claims under purchase agreements for environmental response costs from the owner of a contaminated site to a buyer also meet the co-liability element of section 502(e)(1)(B) of the Bankruptcy Code because indemnification, by its very nature, "presupposes co-liability." *In re GCO Servs., LLC*, 324 B.R. at 466 (disallowing contingent claims by ERISA trustees). "Analytically, indemnity is the same as reimbursement. One contractually provides for the reimbursement of loss incurred by another by indemnifying [the claimant]." *In re Pacor, Inc.*, 110 B.R. 686, 690 (E.D. Pa. 1990) (disallowing contingent asbestos tort claims where Debtor might be jointly and severally liable with claimants); *see also In re Pettibone Corp.*, 162 B.R. 791, 809 (Bankr. N.D. Ill. 1994) ("A claim for indemnification,

13

as well as contribution, has been considered to be for 'reimbursement' within the meaning of §
502(e)(1)(B).").

### C.    The Contribution Claims Are Contingent

23.    "The contingency contemplated by § 502(e)(1)(B) relates to both payment
and liability." *Drexel*, 148 B.R. at 986 (citing *In re Pacor, Inc.*, 110 B.R. 686, 689 (E.D. Pa.
1990)); *accord In re APCO Liquidating Trust*, 370 B.R. at 636.  Accordingly, a claim is
contingent until the claimant's liability has been established and the claimant has paid the
principal creditor.  *See Drexel*, 148 B.R. at 987; *see also Pearl-Phil GMT (Far East) Ltd. v.
Caldor Corp.*, 266 B.R. 575, 580 (S.D.N.Y. 2001) (a claim is contingent "if the debtor's legal
duty to pay does not come into existence until triggered by the occurrence of a future event")
(citing *Mazzeo v. United States* (*In re Mazzeo*), 131 F.3d 295, 303 (2d Cir. 1997)).  In the
environmental context, claims for *future* remediation costs, not already paid for, are contingent,
and satisfy the "contingency" element of section 502(e)(1)(B).  *In re: Chemtura Corp.*, 2011 WL
109081, at *11.

24.    The determination as to whether a claim is contingent is made "at the time
of the allowance or disallowance of the claim, which courts have established is the date of the
ruling." *Drexel*, 148 B.R. at 985 (disallowing indemnification of future payments, based on a
judgment or settlement, that may be made in pending litigation); *accord In re GCO Servs.*, 324
B.R. at 466 (disallowing claimant's claims because they would not mature until a future event).
A claim is contingent if "the amounts and ultimate liability are presently unknown." *Alper*, 2008
WL 4186333, at *6 (citing *Drexel*, 148 B.R. at 986-87, 991) (holding that an indemnity claim for
future defense costs was contingent and disallowed to the extent the defense costs "[were] not
determined and remain[ed] unpaid" at the time of the court's ruling).  The Debtors are objecting

to Contribution Claims for future cleanup costs that may or may not actually be incurred, and then may or may not actually be paid by any of the claimants.

## CONCLUSION

25.     The Debtors have carefully analyzed the Contribution Claims and submit that they satisfy each prong of section 502(e)(1)(B) of the Bankruptcy Code.  A summary of the facts of each Contribution Claim can be found on Exhibit "A" hereto.  Accordingly, the Debtors respectfully submit that the Contribution Claims should be disallowed and expunged.  Disallowing and expunging these claims will prevent the Debtors from paying twice on the same liability, thereby preserving the limited assets of the estates for creditors with allowable claims, and will foster the expeditious consummation of a chapter 11 plan.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       January 28, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| ALCOA INC | 49512 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN GENERAL COUNSEL | | | | | | | | |
| 390 PARK AVENUE | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| NEW YORK, NY 10022 | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| Official Claim Date:  11/25/2009 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Note:   Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50831)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| ASHLAND INC | 66746 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O DAVID L RIESER | | | | | | | | |
| 77 WEST WACKER DRIVE | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| SUITE 4100 | | | | | | | | |
| CHICAGO, IL 60601 | | | $2,570,001.05 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| Official Claim Date:  11/30/2009 | | | $2,570,001.05 | (Total Claim) | $0.00 | (Total Claim) | | |

Note:   Surviving Claim Creditor: CITY OF JANESVILLE, WISCONSIN BY WILLIAM MULLIGAN ESQ, (Claim # 27028)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

209th Omnibus Objection

**Exhibit A**

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG),  Jointly Administered**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| BKK JOINT DEFENSE GROUP | 36709 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O JAMES J. DRAGNA | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| BINGHAM MCCUTCHEN LLP | | | | | | | | |
| 355 SOUTH GRAND AVENUE, SUITE 4400 | | | $35,000,000.00 | (Unsecured Claim) | $35,000,000.00 | (Unsecured Claim) | | |
| LOS ANGELES, CA 90071 | | | | | | | | |
| | | | $35,000,000.00 | (Total Claim) | $35,000,000.00 | (Total Claim) | | |
| Official Claim Date:  11/23/2009 | | | | | | | | |

Note:   Surviving Claim Creditor: CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL (Claim # 50606)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| BORG WARNER INC | 16557 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN THOMAS D LUPO | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| WILLIAMS MONTGOMERY & JOHN LTD | | | | | | | | |
| 233 S WACKER DR SUITE 6100 | | | $1,200,000.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| CHICAGO, IL 60606 | | | | | | | | |
| | | | $1,200,000.00 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  10/26/2009 | | | | | | | | |

Note:   Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50823)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| DTE ENERGY COMPANY | 45632 | Motors Liquidation Company | $0.00 (Secured Claim) | | $0.00 (Secured Claim) | | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 (Administrative Expense Claim) | | $0.00 (Administrative Expense Claim) | | | |
| PEPPER HAMILTON LLP | | | $0.00 (Priority Claim) | | $0.00 (Priority Claim) | | | |
| C/O THOMAS P WILCZAK | | | | | | | | |
| 100 RENAISSANCE CENTER | | | $0.00 (Unsecured Claim) | | $0.00 (Unsecured Claim) | | | |
| SUITE 3600 | | | | | | | | |
| DETROIT, MI 48243 | | | $0.00 (Total Claim) | | $0.00 (Total Claim) | | | |

Official Claim Date:  11/25/2009

Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| GENERAL ELECTRIC COMPANY | 44837 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O EHS COUNSEL APPLIANCE PARK, AP2-225 | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| LOUISVILLE, KY 40225 UNITED STATES OF AMERICA | | | $1,017,000.00 | (Unsecured Claim) | $215,000.00 | (Unsecured Claim) | | |
| | | | $1,017,000.00 | (Total Claim) | $215,000.00 | (Total Claim) | | |
| Official Claim Date:  11/24/2009 | | | | | | | | |
| Note:   Surviving Claim Creditor: OHIO ENVIRONMENTAL PROTECTION AGENCY (Claim # 50678) | | | | | | | | |
| GENERAL ELECTRIC COMPANY | 45635 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| PEPPER HAMILTON LLP C/O THOMAS P WILCZAK | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 100 RENAISSANCE CENTER SUITE 3600 | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| DETROIT, MI 48243 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  11/25/2009 | | | | | | | | |
| Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528) | | | | | | | | |

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| GERDAU MACSTEEL | 45633 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| PEPPER HAMILTON LLP | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| C/O THOMAS P WILCZAK | | | | | | | | |
| 100 RENAISSANCE CENTER | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| SUITE 3600 | | | | | | | | |
| DETROIT, MI 48243 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/25/2009

Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| HONEYWELL INTERNATIONAL INC | 46499 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN THOMAS BYRNE CHIEF ENVIRONMENTAL COUNSEL | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 101 COLUMBIA ROAD | | | $1,454,688.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| MORRISTOWN, NJ 07962 | | | | | | | | |
| | | | $1,454,688.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/25/2009

Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| JIS PERFORMING PARTY GROUP | 1273 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| BASF CORP BRISTOL MYERS SQUIBB CO ET AL C/O MARY W KOKS, MUNSCH HARDT KOPF HARR PC | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 700 LOUISIANA #4600 | | | $7,053,636.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| HOUSTON, TX 77002 | | | $7,053,636.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  9/8/2009

Note:  Surviving Claim Creditor: NEW JERSEY DEPT OF ENVIRONMENTAL PROTECTION (Claim # 44869)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| MANPOWER INC | 66747 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O DAVID L RIESER 77 WEST WACKER DRIVE SUITE 4100 | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| CHICAGO, IL 60601 | | | $2,570,001.05 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| | | | $2,570,001.05 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/30/2009

Note:  Surviving Claim Creditor: CITY OF JANESVILLE, WISCONSIN BY WILLIAM MULLIGAN ESQ, (Claim # 27028)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

209th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG), Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| MARION BRAGG GROUP | 50145 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O JOHN HANSON BEVERIDGE & DIAMOND PC 1350 I STREET NW SUITE 700 WASHINGTON, DC 20005 | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| | | | $131,871.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| Official Claim Date: 11/25/2009 | | | $131,871.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Note: Surviving Claim Creditor: INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT (Claim # 59181)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| MEMBERS OF THE BEMS GENERATOR GROUP | 63378 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| JOHN R EMBICK ESQ C/O JOHN R EMBICK PLLC PO BOX 5234 WEST CHESTER, PA 19380 | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| | | | $1,500.00 | (Unsecured Claim) | $1,500.00 | (Unsecured Claim) | | |
| Official Claim Date: 11/30/2009 | | | $1,500.00 | (Total Claim) | $1,500.00 | (Total Claim) | | |

Note: Surviving Claim Creditor: NEW JERSEY DEPT OF ENVIRONMENTAL PROTECTION (Claim # 44869)

(1) The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

209th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| MEMBERS OF THE FRONTIER CHEMICAL SITE PRP GROUP AN UNINCORPORATED | 43904 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ASSOCIATION BY ITS CHAIRMAN A TIMOTHY WEBSTER | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| C/O WEBSTER SZANYI LLP 1400 LIBERTY BLDG 424 MAIN STREET | | | $1,398,000.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| BUFFALO, NY 14202 | | | $1,398,000.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/24/2009

Note:  Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50819)

| MICHELIN NA INC | 45636 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
|---|---|---|---|---|---|---|---|---|
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| PEPPER HAMILTON LLP C/O THOMAS P WILCZAK | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 100 RENAISSANCE CENTER SUITE 3600 | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| DETROIT, MI 48243 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/25/2009

Note:  Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 8

209th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| NIAGARA MOHAWK POWER CORPORATION | 50660 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| D/B/A NATIONAL GRID C/O HISCOCK & BARCLAY, LLP | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| ATTN: SUSAN R KATZOFF, ESQ ONE PARK PLACE, 300 SOUTH STATE STREET | | | $10,833,333.34 | (Unsecured Claim) | $23,333.34 | (Unsecured Claim) | | |
| SYRACUSE, NY 13202 UNITED STATES OF AMERICA | | | $10,833,333.34 | (Total Claim) | $23,333.34 | (Total Claim) | | |

Official Claim Date:  11/25/2009

Note:   Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50831)

| OWENS-ILLINIOS INC | 45637 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
|---|---|---|---|---|---|---|---|---|
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| PEPPER HAMILTON LLP C/O THOMAS P WILCZAK | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 100 RENAISSANCE CENTER SUITE 3600 | | | $7,164,444.00 | (Unsecured Claim) | $84,300.00 | (Unsecured Claim) | | |
| DETROIT, MI 48243 UNITED STATES OF AMERICA | | | $7,164,444.00 | (Total Claim) | $84,300.00 | (Total Claim) | | |

Official Claim Date:  11/25/2009

Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| REYNOLDS METALS COMPANY | 49511 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN GENERAL COUNSEL 390 PARK AVENUE | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| NEW YORK, NY 10022 | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| Official Claim Date:  11/25/2009 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Note:  Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50831)

| ROBERT A GLADSTONE, ON BEHALF OF THE | 1225 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
|---|---|---|---|---|---|---|---|---|
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| CLAIMANTS ON EXHIBIT "A" ON ATTACHED STMT OF CLM | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| ROBERT A GLADSTONE, ESQ SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, PC | | | $10,100,554.50 | (Unsecured Claim) | $554.50 | (Unsecured Claim) | | |
| 101 GROVERS MILL ROAD, SUITE 200 LAWRENCEVILLE, NJ 08648 | | | $10,100,554.50 | (Total Claim) | $554.50 | (Total Claim) | | |

Official Claim Date:  8/24/2009

Note:  Surviving Claim Creditor: NEW JERSEY DEPT OF ENVIRONMENTAL PROTECTION (Claim # 44869)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| SCP CARLSTADT PRP GROUP | 43878 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| C/O WILLIAM L. WARREN DRINKER BIDDLE & REATH LLP | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 105 COLLEGE ROAD EAST P.O. BOX 627 | | | $81,869.00 | (Unsecured Claim) | $81,869.00 | (Unsecured Claim) | | |
| PRINCETON, NJ 08542 UNITED STATES OF AMERICA | | | $81,869.00 | (Total Claim) | $81,869.00 | (Total Claim) | | |

Official Claim Date:  11/24/2009

Note:   Surviving Claim Creditor: NEW JERSEY DEPT OF ENVIRONMENTAL PROTECTION (Claim # 44869)

| STEPAN COMPANY | 1458 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
|---|---|---|---|---|---|---|---|---|
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN TIMOTHY W GARVEY ESQ LATSHA DAVIS YOHE & MCKENNA P C | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 350 EAGLEVIEW BLVD SUITE 100 EXTON, PA 19341 | | | $10,100,000.00 | (Unsecured Claim) | $554.50 | (Unsecured Claim) | | |
| | | | $10,100,000.00 | (Total Claim) | $554.50 | (Total Claim) | | |

Official Claim Date:  9/21/2009

Note:   Surviving Claim Creditor: NEW JERSEY DEPT OF ENVIRONMENTAL PROTECTION (Claim # 44869)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

209th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| TECUMSEH PRODUCTS CO (JANESVILLE OLD LANDFILL) | 60558 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| DEAN FULKERSON PC C/O JAMES K OBRIEN | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 801 W BIG BEAVER RD STE 500 TROY, MI 48084 | | | $2,570,000.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| | | | $2,570,000.00 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  11/27/2009 | | | | | | | | |

Note:   Surviving Claim Creditor: United States Environmental Protection Agency (Claim # 64064)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| TECUMSEH PRODUCTS COMPANY | 45634 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| PEPPER HAMILTON LLP C/O THOMAS P WILCZAK | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 100 RENAISSANCE CENTER SUITE 3600 | | | $0.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| DETROIT, MI 48243 | | | $0.00 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  11/25/2009 | | | | | | | | |

Note:   Surviving Claim Creditor: MICHIGAN DEPARTMENT OF ENVIRONMENT QUALITY (Claim # 60528)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| THE QUAKER OATS COMPANY | 66214 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN LARS S JOHNSON ESQ VP - QTG/PCNA | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| PATENT & ENVIRONMENTAL LAW PEPSICO CHICAGO | | | | | | | | |
| 555 W MONROE ST MAIL CODE 11-12 | | | $2,570,001.05 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| CHICAGO, IL 60661 | | | $2,570,001.05 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  11/30/2009 | | | | | | | | |

Note:  Surviving Claim Creditor: CITY OF JANESVILLE, WISCONSIN BY WILLIAM MULLIGAN ESQ, (Claim # 27028)

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| UNITED TECHNOLOGIES CORPORATION ET AL | 59873 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| WILLIAM F LEIKIN ESQ, ASST GENERAL COUNSEL | | | | | | | | |
| UNITED TECHNOLOGIES CORP | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| ONE FINANCIAL PLAZA MS 524 | | | $107,996.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| HARTFORD, CT 06103 | | | | | | | | |
| | | | $107,996.00 | (Total Claim) | $0.00 | (Total Claim) | | |
| Official Claim Date:  11/27/2009 | | | | | | | | |

Note:  Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50819)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| UNITED TECHNOLOGIES CORPORATION, ON BEHALF OF ITS | 59872 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| FORMER SUBSIDIARY ESSEX GROUP INC ATTN: WILLIAM F LEIKIN ESQ ASSISTANT GENERAL COUNSEL | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| UNITED TECHNOLOGIES CORP ONE FINANCIAL PLAZA MS 524 | | | $42,519.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| HARTOFRD, CT 06103 | | | $42,519.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/27/2009

Note:   Surviving Claim Creditor: INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT (Claim # 59181)

| WASTE-STREAM, INC | 66754 | Motors Liquidation Company | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | 502(e)(1)(b) | Pgs. 1-15 |
|---|---|---|---|---|---|---|---|---|
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| ATTN: GENERAL COUNSEL (RE: POTSDAM SITE) C/O CASELLA WAST SYSTEMS, INC | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| 25 GREENS HILL LN RUTLAND, VT 05701 | | | $30,920,000.00 | (Unsecured Claim) | $0.00 | (Unsecured Claim) | | |
| UNITED STATES OF AMERICA | | | $30,920,000.00 | (Total Claim) | $0.00 | (Total Claim) | | |

Official Claim Date:  11/30/2009

Note:   Surviving Claim Creditor: NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION (Claim # 50831)

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Modified Priority Status/Reduced Amount | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|---|---|
| | 27 | | $0.00 | (Secured Claim) | $0.00 | (Secured Claim) | | |
| | | | $0.00 | (Administrative Expense Claim) | $0.00 | (Administrative Expense Claim) | | |
| | | | $0.00 | (Priority Claim) | $0.00 | (Priority Claim) | | |
| | | | $126,887,413.99 | (Unsecured Claim) | $35,407,111.34 | (Unsecured Claim) | | |
| | | | $126,887,413.99 | (Total Claim) | $35,407,111.34 | (Total Claim) | | |

(1)  The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                               :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

            Upon the 209th omnibus objection to expunge certain claims, dated January 28, 2011 (the "**209th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 209th Omnibus Objection to Claims; and due and proper notice of the 209th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 209th Omnibus Objection to Claims is in the best interests of the Debtors, their

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 209th Omnibus Objection to Claims.

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

209th Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 209th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be

Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
       _____, 2011


_____
United States Bankruptcy Judge

2