Hearing Date: February 3, 2011 at 9:45 a.m.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Daniel H. Golden
Philip C. Dublin
Natalie E. Levine

*Counsel for Green Hunt Wedlake, Inc.,*
*Trustee of General Motors Nova Scotia Finance Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,                              :   Case No. 09-50026 (REG)
f/k/a General Motors Corp., *et al.*,                              :
                                                                   :   (Jointly Administered)
                                       Debtors.                    :
                                                                   :
                                                                   :
------------------------------------------------------------------ x

**REPLY OF GREEN HUNT WEDLAKE, INC., TRUSTEE OF
GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY, TO
OMNIBUS OBJECTION OF DEBTORS TO MOTIONS OF (I) GREEN HUNT
WEDLAKE, INC., TRUSTEE OF GENERAL MOTORS NOVA SCOTIA
FINANCE COMPANY, (II) CERTAIN NOTEHOLDERS, AND
(III) MORGAN STANLEY & CO. INTERNATIONAL PLC PURSUANT TO
RULE 3018(a) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE FOR TEMPORARY ALLOWANCE OF CLAIMS FOR
PURPOSES OF VOTING TO ACCEPT OR REJECT DEBTORS' PLAN**

Green Hunt Wedlake, Inc., in its capacity as trustee (the "**Nova Scotia Trustee**") of General Motors Nova Scotia Finance Company ("**GM Nova Scotia**"), by and through its undersigned counsel, hereby files this reply (the "**Reply**") to the *Omnibus Objection of Debtors to Motions of (i) Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company, (ii) Certain Noteholders, and (iii) Morgan Stanley & Co. International PLC Pursuant*

*to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purpose of Voting to Accept or Reject the Plan*, ECF. No. 8885 (the "**3018 Objection**").  In support of this Reply, the Nova Scotia Trustee respectfully states as follows:

## **REPLY**[1]

1.  By the 3018 Objection, the Debtors misapply the standards relevant to Bankruptcy Rule 3018 to arrive at the conclusion that, while the Nova Scotia Noteholders should be entitled to vote on the Plan, the Nova Scotia Trustee should be disenfranchised from the Plan process.  This conclusion is based on nothing more than (i) the pending objection of the official committee of unsecured creditors in these chapter 11 cases (the "**Committee**") to the Section 135 Claim, on which the Debtors have previously stated that they take no position and (ii) the Debtors' unsubstantiated fear that the Nova Scotia Trustee's vote, representing at most 4.44% of the class of general unsecured creditors ("**Class 3**"), will somehow dominate and control the voting for Class 3 under the Plan – a class with at least $34.4 billion in claims.  The Committee, the party objecting to the Nova Scotia Trustee's claim, has not opposed the Motion.  For the reasons set forth in the Motion and below, this Court should overrule the 3018 Objection and allow the Nova Scotia Trustee's claim solely for purposes of voting on the Plan.

2.  At the December 15, 2010 preliminary status conference on the Claim Objection, the Debtors advised this Court that their only position with respect to the Claim Objection was a

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company, Pursuant to Bankruptcy Rule 3018(a) for Temporary Allowance of its Claim Solely for Purposes of Voting on Debtors' Proposed Plan of Reorganization*, ECF No. 8526 (the "**Motion**").

2

desire for an efficient resolution.[2] As discussed in the Motion, courts evaluating motions for temporary allowance under Bankruptcy Rule 3018 examine, among other things (i) the timeliness of the claim objection, (ii) the potential delay to the administration of the case if a full hearing were required and (iii) the merits of the claim objection. *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003), *aff'd*, 97 F. App'x 285 (10th Cir. 2004), *citing 9 Collier on Bankr.*, § 3018.01[5] (Lawrence P. King ed.; 15th ed. 2003); *see also In re Harmony Holdings, LLC*, 395 B.R. 350, 354 (Bankr. D.S.C. 2008) (listing relevant factors examined by various courts). In addition, courts, including this Court, look to whether allowance of the claim for voting purposes will overshadow the votes of the other creditors in the class. *See*, *e.g.*, *In re DBSD N. Am. Inc.*, No. 09-13061, ECF No. 394, slip op. app. at 5 (Bankr. S.D.N.Y. Sept. 11, 2009); *see also Pension Benefit Guaranty Corp. v. Enron Corp.*, No 04-5499, 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). Here, where the Committee has not opposed the Motion, the Debtors have shed their neutrality and allege that the Nova Scotia Trustee's claim is so unlikely to be allowed that it should be disenfranchised from the voting process. The Debtors have offered no analysis (new or otherwise) to further support the merits of the Claim Objection but, rather, ask this Court to presume that the Claim Objection is meritorious simply because litigable issues remain. *See* 3018 Objection at 6.

3. In an effort to manufacture an argument that permitting the Nova Scotia Trustee to vote on the Plan will result in Class 3 rejecting the Plan,[3] the Debtors combine the Nova Scotia

---

[2] *See* Hr'g Tr. 51, ECF No. 8626 (THE COURT: All right. Mr. Fisher, would you like to reply? Well, before you do, Mr. Fisher, Mr. Karotkin, I assume you have no dog in this fight right now? MR. KAROTKIN: That's correct, Your Honor. We view this as an intercreditor dispute. And consistent with what you said earlier, our interest is in getting this resolved expeditiously and economically).

[3] It is implicit in the Debtors' pleading that the Debtors expect the Nova Scotia Trustee to reject the Plan and, thus, increase the likelihood that the Plan will be rejected. As of the date hereof, the Nova Scotia Trustee has not yet determined how it will vote if its claim is allowed for voting purposes.

3

Trustee's Section 135 Claim with the Guarantee Claim of the Nova Scotia Noteholders for purposes of the Bankruptcy Rule 3018 analysis.  Indeed, the Debtors allege that the combined disputed claims of just under $3 billion would overshadow Class 3 and would therefore be unfair to other creditors.  The Debtors' concerns, however, are unfounded as even if the two claims were combined, they would account for less than 7.80% of the claims in Class 3 as estimated by the *Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan*, ECF No. 8023.  Thus, there is little risk that the Nova Scotia Trustee's claim alone will dominate and control a voting class.

4.     Lastly, the 3018 Objection is perplexing in that the Debtors, as the original counterparty to the Lock Up Agreement, "stipulated and agreed" that the Nova Scotia Trustee would have an unsecured claim in the bankruptcy of Motors Liquidation Company ("**MLC**") and that MLC would not take any position inconsistent with the assertion of that claim. *See* Lock Up Agreement at section 6.  In connection with the sale of substantially all of the Debtors' assets to New GM,[4] the Debtors assumed and assigned the Lock Up Agreement to New GM, representing that such assumption was in the best interests of the estate. *See* 363 Motion at 38 (citing case law holding that assumption is appropriate when in the best interests of the estate, and asking for assumption of certain executory contracts); 363 Order at 15-16 (granting the relief requested, and finding that assumption of the contracts was in the best interests of the estate).  Now, having

---

[4]"New GM" means General Motors Company (formerly known as General Motors Holding Company).  To effect the sale of substantially all of the Debtors' assets to New GM, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. 105, 363(b), (f), (k) and (m), and 365 and Fed. R. Bankr. P. 2002, 6004, and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief; and (II) Schedule Sale Approval Hearing*, ECF No. 92 (the "**363 Motion**").  On July 5, 2009, the Court entered the *Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connections with the Sale; and (III) Granted Related Relief,* ECF No. 2968 (the "**363 Order**").

4

received the benefits of the Lock Up Agreement, the Debtors reverse course and are challenging the Nova Scotia Trustee's entitlement to a general unsecured claim.[5] As a trustee (and thus a fiduciary) for the estate of GM Nova Scotia, it is especially disappointing to see the inconsistent actions taken by the Debtors, as the fiduciary for the MLC estate.

WHEREFORE, for all of the foregoing reasons, the Nova Scotia Trustee respectfully requests that the Court (i) overrule the 3018 Objection; (ii) temporarily allow the Section 135 Claim in the amount of **$1,607,647,592.49** solely for purposes of voting on the Plan; and (iii) grant the Nova Scotia Trustee such other relief as this Court deems just, proper, and equitable.

| | |
|---|---|
| New York, New York<br>Dated:  January 31, 2011 | Respectfully Submitted,<br><br>*/s/ Philip C. Dublin*<br>Daniel H. Golden<br>Philip C. Dublin<br>Natalie E. Levine<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile:  (212) 872-1002<br><br>*Counsel to Green Hunt Wedlake, Inc. as Trustee of General Motors Nova Scotia Finance Company* |

---

[5] The Nova Scotia Trustee has not asserted and does not assert here that the assumption of the Lock Up Agreement amounted to a finding by this Court that the Section 135 Claim is automatically an allowed claim.  The Nova Scotia Trustee will prove in connection with the hearing on the Claim Objection that such objection is unfounded and that (i) the Section 135 Claim is not duplicative of the Guarantee Claim as a matter of law and (ii) no bases in law or fact exist to disallow such claim.