BARNES & THORNBURG LLP
Attorneys for M-Heat Investors, LLC
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | Chapter 11 Case No. |
| In re | : |  |
|  | : | 09-50026 (REG) |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : |  |
| f/k/a General Motors Corp., *et al*. | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |

------------------------------------------------------------x

### JOINT OBJECTION OF M-HEAT INVESTORS, LLC AND CHAPTER 7 TRUSTEE OF MICRO-HEAT, INC. TO CONFIRMATION OF DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

M-Heat Investors, LLC ("Investors"), a creditor of Motors Liquidation Company, f/k/a

General Motors Corporation ("Motors"), and Basil Simon, the Chapter 7 trustee of Micro-Heat,

Inc., a Chapter 7 debtor by and through their respective undersigned counsel, for their Joint

Objection to Confirmation of the Debtors' Amended Joint Chapter 11 Plan (the "Plan"), state as

follows:

1.      On June 1, 2009, Motors and the other Chapter 11 debtors herein (collectively, the

"Debtors") commenced these Chapter 11 cases by filing separate voluntary petitions with this

Court.    Thereafter, the Debtors acted as debtors-in-possession and continued to operate their respective businesses within the ambit of these administratively consolidated bankruptcy cases.

2.    Prior to the commencement of these Chapter 11 cases, Micro-Heat, Inc. ("Micro-Heat"), a Delaware business corporation with operations in Michigan, developed and fabricated a device for installation in motor vehicles that would de-ice and clean windshields through the spraying of heated fluid directly on the exterior of the windshields.    Micro-Heat marketed this product under the name, "Hotshot," to various OEMs for installation on vehicles manufactured in North America, Australia and Germany.

3.    Also prior to the commencement of these Chapter 11 cases, Motors agreed to purchase Hotshot devices from Micro-Heat for installation, at the option of vehicle purchasers, on 22 of its models in North America, Australia and Germany including sedans, full-size trucks, SUVs and cross-overs.    As of August 31, 2008, Micro-Heat had delivered approximately 1.7 million Hotshot units to Motors on credit terms, which sales represented 98% of Micro-Heat's revenues.

4.    The intellectual property owned by Micro-Heat related to the Hotshot product constituted its most valuable asset represented by seven (7) United States patents and other patent applications.

5.    On August 29, 2008, Motors issued a recall of several GM car, SUV and light truck models containing the Hotshot product on the stated basis that "the printed circuit board for the washer fluid heater may overheat the control circuit ground wire," allegedly causing odor, smoke and/or the increased risk of fire.    Motors also asserted that the Hotshot product was the cause of the potential fire hazard that caused the recall and that, as a result, Micro-Heat should bear the financial losses suffered by Motors from the recall, which Motors at that time estimated

to be $19,201,060 (the "Motors Claim").  At or about that same time, Motors ceased making payments to Micro-Heat for Hotshots previously delivered and asserted that it was entitled to setoff accounts receivable due to Micro-Heat, estimated at approximately $3 million, against the alleged damages caused by the recall.  On September 16, 2008, Motors advised Micro-Heat that it would no longer offer the Hotshot product on any of its vehicles.

6.     On October 13, 2008, Micro-Heat commenced a voluntary Chapter 11 case in the United States Bankruptcy Court for the Eastern District of Michigan (the "Michigan Bankruptcy Court"), which assigned case number 08-65060 to the proceeding.  At the time of this filing, the creditor of Micro-Heat holding the largest claim was Investors' in the total amount of $42,724,854.00, the largest portion of which was unsecured.  The collateral for the secured portion of this claim consisted of a perfected security interest in Micro-Heat's accounts receivable (including Micro-Heat's contract claims against Motors) and inventory.  This claim arose from a $30 million Note Purchase Agreement between Micro-Heat and Investors dated November 13, 2006.

7.     On October 24, 2008, Micro-Heat commenced a civil action against Motors in Oakland County Circuit Court, State of Michigan, which action was entitled *Micro-Heat, Inc. v. General Motors Corporation* and bears case number 08-094667-CK (the "State Court Litigation"), in which Micro-Heat asserted contract and tort claims against Motors in an amount not less than $25,000.00 (the "Claimed Damages").  A copy of the First Amended Complaint filed by Micro-Heat in the State Court Litigation is attached hereto as <u>Exhibit A</u>.  This action was ultimately stayed by the commencement of these Chapter 11 cases by Motors and its affiliates.

8.     On November 13, 2008, the United States Bankruptcy Court for the Eastern District of Michigan entered an order converting Micro-Heat's Chapter 11 case to one under

Chapter 7 and a bankruptcy trustee, Basil Simon, was thereafter appointed (the "Trustee"). On

or about January 9, 2009, the Trustee and Investors entered into a certain Asset Purchase

Agreement dated such date (the "APA") pursuant to which Investors agreed to act as the

"stalking horse bidder" and purchase essentially all of the assets of Micro-Heat including its

accounts receivable, claims against Motors, e.g., the Claimed Damages, inventory, equipment,

contracts and intellectual property. The bankruptcy court authorized the auction sale pursuant to

its order entered on February 4, 2009, which order specifically did not "affect [Motors'] right to

assert a defense of recoupment with respect to the G.M. Claims" purchased by Investors (the

"Sale Authorization Order"). Thereafter, Investors was the winning bidder at the Trustee's

auction and the sale of these assets to Investors was confirmed by an order entered by the

bankruptcy court on February 19, 2009 (the "Sale Confirmation Order").

    9.    Pursuant to the APA, the Trustee, acting on behalf of Micro-Heat's bankruptcy

estate, retained a 5% interest in any proceeds of the State Court Litigation subject only to

Investors' "right to receive a distribution from the Debtors' estate in accordance with the priority

scheme set forth in the Bankruptcy Code." APA § 1.3(g). True and complete copies of the

APA, the Sale Authorization Order and the Sale Confirmation Order are attached hereto as

Exhibit B.

    10.    On March 31, 2009, prior to the commencement of its own Chapter 11 case,

Motors filed a proof of unsecured claim in Micro-Heat's Chapter 7 case in the amount of

$21,109,539.90 (the "Motors Proof of Claim"). On June 1, 2009, Motors and a number of its

affiliates commenced these Chapter 11 cases by filing voluntary petitions with this Court. On

September 2, 2009, the Trustee filed in the Michigan Bankruptcy Court an objection to the

allowance of the Motors Proof of Claim, a copy of which is attached hereto as Exhibit C. The

4

proceedings on the Trustee's claim objection have been stayed pursuant to an order entered by the Michigan Bankruptcy Court on November 19, 2009 (the "Stay Order"). The Stay Order provides, *inter alia*, that no further proceedings on this claim objection may be held unless and until the automatic stay provisions are modified in Motors' Chapter 11 case "or until the automatic stay arising from the filing of that case is otherwise terminated or modified, so as to permit litigation of the Trustee's objection to the GM claim." A copy of the Stay Order is attached hereto as Exhibit D.

11.    On or about September 30, 2009, Investors filed its proof of unsecured claim in Motors' Chapter 11 case in the amount of $11,404,043.00 (the "Investors' Claim"). To date, no objection has been filed by any of the Debtors or other parties in interest to this proof of claim.

12.    On December 8, 2010, the Michigan Bankruptcy Court entered an Agreed Order, consented to by Motors, Investors and the Trustee (the "Agreed Order"), wherein those parties agreed to non-binding mediation under this Court's order entered in these Chapter 11 cases Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation [Docket $5037] (the "ADR Procedures Order"). A copy of the Agreed Order is attached hereto as Exhibit E.

13.    The Plan contains the following language that could conceivably be relied upon by the Debtors to bar any claim for recoupment that might be asserted by Investors and/or the Trustee in response to the GM Claims:

> 10.4    Term of Injunctions or Stays. Unless otherwise expressly provided herein, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.

> 10.6    Injunction. On or after the Confirmation Date, all persons are permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or

5

otherwise) on account of or respecting any claim, debt, right, or cause of action of the Debtors for which the Debtors, the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan.

10.7    Injunction Against Interference with Plan.    Upon the entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

14.    For the reasons discussed below, Investors and the Trustee object to confirmation of the Plan because of the potential, negative impact that the aforesaid Plan language may have on the recoupment rights of Investors and the Trustee against the claims asserted by Motors in the Motors Proof of Claim.  Investors and the Trustee, however, are amenable to withdrawing this Objection and Investors would change its vote in order to accept the Plan in the event that the Plan is amended in accordance with this Objection to the complete satisfaction of Investors and the Trustee.

## LEGAL ARGUMENT

15.    In this situation, the Trustee, as representative of Micro-Heat's bankruptcy estate, holds a substantial claim against Motors as described in the First Amended Complaint filed in the State Court Litigation.  In addition, Investors holds an allowed claim in excess of $11 million against Motors as evidenced by its proof of claim filed in the Motors Chapter 11 case. Conversely, Motors has filed a proof of claim in the Micro-Heat Chapter 7 case in excess of $21 million.  These claims held by GM and Investors are subject to mediation as described in the Agreed Order, which will take place in the immediate future in Detroit, Michigan.

16.    The mediation and other procedures for claims resolution specified in the Agreed Order and the recoupment and offset rights of the Trustee and Investors should not be affected by confirmation of the Plan.  Rather, those rights should remain unaffected *vis-à-vis* the Motors

claim in the mediation and, if mediation fails to result in a settlement, in any ensuing claims allowance or other litigation. The language of Sections 10.4, 10.6 and 10.7, broadly construed, could conceivably be interpreted to bar or otherwise affect these rights, which would in the last analysis unfairly prejudice the allowed claims of creditors in Micro-Heat's Chapter 7 case. At present, the cash assets of the Micro-Heat Chapter 7 estate total $4,992,268.00, which is a significant sum for payment of priority and other allowed claims in that case.

WHEREFORE, M-Heat Investors, LLC and Basil Simon, as trustee of the bankruptcy estate of Micro-Heat, Inc., respectfully request that this Court deny confirmation of the Plan unless the Plan is amended in accordance with this Objection so as not to affect the setoff and recoupment rights of Investors and the Trustee and grant such other and further relief as may be just and proper under the circumstances.

Dated:  February 1, 2011

BARNES & THORNBURG LLP
Attorneys for M-Heat Investors, LLC


By:  /s/Patrick E. Mears
        Patrick E. Mears (PM-6473)
Business Address:
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503
(616) 742-3936


Dated:  February 1, 2011

NEIGER LLP
Attorneys for Basil Simon, Trustee of
Micro-Heat, Inc.


By:/s/Edward E. Neiger (per his consent)
        Edward E. Neiger (EN-1002)
Business Address:
317 Madison Avenue, 21st Floor
New York, NY  10017
(212) 267-7342

# **EXHIBIT A**

(First Amended Complaint)

# **EXHIBIT B**

(APA and Sale Orders)

# **EXHIBIT C**

(Trustee's Objection to Claim)

**<u>EXHIBIT D</u>**

(Stay Order)

## **EXHIBIT E**

(Agreed Order)