UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

                        Chapter 11  Case No. 89-50026 (REG)
                        (Jointly Administered)

In re

MOTORS LIQUIDATION COMPANY,  et.al.
    f/k/a General Motors Corp., et al


## MOTION OF MATHEW DESALVO, A MINOR, PURSUANT TO RULE 3002(C)(2) AND RULE 9006(B)(3) TO FILE ATTACHED PROOF OF CLAIM LATE AFTER DATE

      Mathew DeSalvo, date of birth February 2, 1997, was injured on November 28, 2008 when he was injured as a pedestrian struck by a motor vehicle manufactured and/or sold by General Motors Corp . The injuries were significant and Mathew DeSalvo's father reasonably promptly hired a law firm to represent Mathew DeSalvo based on Internet representations. This so-called law firm assigned a non-lawyer who was identified in correspondence and referred to as a lawyer to handle Mathew DeSalvo's injury claim. This so-called law firm and so-called lawyer did absolutely nothing to investigate the claim, interviewed no witnesses, did not even interview Mathew, took no pictures, did not visit the accident scene and so-forth. Mathew's father provided the police report. The liability carrier of the driver promptly and apparently without demand offered the $50,000.00 coverage, which was less than the medical bills, and charging 36% fee settled and closed the file.

      The possibility of other claims such as a product claim against old General Motors now Motors Liquidation Company was never even investigated or apparently considered. The time to file proof of claims as to Motors Liquidation Company elapsed during the time this so-called law firm was handling the case. It appears that during this time the vehicle involved the 1997 GMC Jimmy SUV 4D was sold by the driver. Nevertheless a valid product liability claim may be very possible given the nature of the injuries and the pedestrian unfriendly design of the vehicle.

RECEIVED JAN 31 2011 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

Rule 9006(b)(3) prohibits enlargement of the bar date other than as permitted by Rule 3002(c), and one of the exceptions of Rule 3002(c) applies here, specifically the exception that allows for extension for minors. That exception is as follows:

"(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either."

The interests of justice so require or permit here. Mathew DeSalvo has sustained permanent injuries that could affect his future earning capacity and ability to enjoy life. This claim will not unduly delay the administration of the case, and once a late filing is allowed, will probably be finalized and resolved quickly. The amounts of money involved may be significant for Mathew DeSalvo, but will not be of any consequence to the bankrupt estate.

Mathew DeSalvo by his attorney,

Marc S. Alpert, BBO # 016420
Marc S. Alpert, P.C.
15 Court Square, #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 617 367-0329
e-mail: trepla2380@juno.com


Certificate of service:

I certify that on January 27, 2012 I mailed postage prepaid a copy of this to the following:

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153

And to

The GardenCity Group, Inc.
Attn: Motors Liquidation Company Claims Processing
P.O. Box 9386
Dublin, Ohio 43017-4286

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Mathew B. DeSalvo**

Name and address where notices should be sent:
Marc S. Alpert
Marc S. Alpert, P.C.
15 Court Square, #940
Boston, MA 02108-2524
Telephone number: 617 227-2380
Email Address: trepla2380@juno.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)
Filed on: _____

Your Claim is Scheduled As Follows:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed, June 1, 2009: $ **300,000.00**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **personal injury**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:
Value of Property: $_____  Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority: $_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Date: 1-27-2011
Marc S. Alpert, attorney

FOR COURT USE ONLY
JAN 31 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)