**HEARING DATE AND TIME: February 3, 2011 at 9:45a.m. (Eastern Time)**

LAW OFFICE OF MARTIN STANLEY
Martin Louis Stanley [State Bar No. 102413]
Candace Brianne Lee [State Bar No. 266540]
137 Bay Street #2
Santa Monica, CA 90405
Telephone: (310) 399-2555
Facsimile: (310) 399-1190

Attorney for JUDD WIESJAHN & ANNALISA SAND

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: ) | |
| ) | CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, et al., ) | |
| f/k/a GENERAL MOTORS CORP., et al., ) | |
| ) | Case No.: 09-50026 |
| Debtors. ) | |
| ) | |
| ) | |
| ) | |

## REPLY TO DEBTOR'S OPPOSITION TO JUDD WIESJAHN AND ANNALISA SAND'S MOTION TO FILELATE PROOF OF CLAIM, OR IN THE ALTERNATIVE, TO AMEND INFORMAL PROOF OF CLAIM

General Motors Corporation and/or any of its affiliates ("Initial Debtors") never provided any notice to Wiesjahn/Sand that they were required to submit a Proof of Claim form by a certain date, nor were they provided with any initial notice from GM under the ADR procedures with respect to their claim (collectively "Notices"). These notices were never sent to Anna Lisa Sand at her address, Judd Wiesjahn, at his address, or even Martin Louis Stanley at the above address. And Plaintiffs' counsel has no idea to whom these were sent or to whom notice of GM's requirements was sent as nothing to either effect was ever received.

-1-

## I. INTRODUCTION

1) On August 8, 2008, Decedent lost her life as a result of injuries she suffered in an accident while riding as a passenger in a 2006 Chevrolet HHR vehicle designed, manufactured, sold, or otherwise placed into the stream of commerce by Motors Liquidation Company, f/k/a General Motors Corporation ("GM"). On December 19, 2008, Wiesjahn/Sand field an action in the Superior Court of California, County of Monterey, Case Number M95923 and on May 5, 2009, General Motors Corporation was served with a true and correct copy of Wiesjahn/Sand's complaint. Following service of the summons and complaint, GM mailed a Notice of Stay of Proceedings, addressed to:

> "Martin Louis Stanley, Esq.
> Law Office of Martin Stanley
> 137 Bay Street #2
> Santa Monica, CA 90405
> (310) 399-2555
> Fax (310) 399-1190
> (Attorneys for Plaintiffs)"

As such, GM knew that the plaintiffs' names were Annalisa Sand and Judd Wiesjahn, and in fact listed Wiesjahn/Sand as product liability claimants in the bankruptcy schedules.

2) Yet, Motors Liquidation Company, f/k/a General Motors Corporation ("GM")' s failed to provide Wiesjahn/Sand's counsel and Wiesjahn/Sand, as the creditors, *any Proof of Claim form* and/or any notice that their forms had to be filed by a certain date; 2) failed provide separate notice to Annalisa Sand and Judd Wiesjahn's personal address; 3) failed to provide any notice or proof of claim form to the Law Office of Martin Stanley care of Annalisa Sand and Judd Wiesjahn; and 4) failed to use the proper business name of Wiesjahn/Sand's counsel if it even mailed any notice or proof of claim form to the Law Office of Martin Stanley. *See e.g. Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir. 1985) ("[t]estimony of non-receipt,

-2-

standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt."); 11 U.S.C. § 342(g)(1) (notice is not effective where debtor fails to use the address supplied by the creditor; notice is not effective until it is "brought to the attention" of the creditor). Notice was not brought to Plaintiff's attention until Plaintiff's counsel recently received "Notice of Hearing to Consider Approval of Debtors' Proposed Disclosure Statement With Respect to Debtors' Joint Chapter 11 Plan."

3) Essentially, debtors oppose Judd Wiesjahn and Annalisa Sand's ("Wiesjahn/Sand") Motion to file a late proof of service claim on in the alternative to amend their informal proof of claim on the grounds Wiesjahn/Sand's counsel received actual notice.

4) Debtors failed to submit any sworn declarations to the effect that the proof of service claims, which debtors claim were mailed to "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026." Furthermore, the only evidence Debtors have submitted with regard to the proof of service claims form was Exhibit A, which in fact shows Debtors failed to give Wiesjahn/Sand proper notice of the proof of claim deadline since the envelope as supposedly addressed was incorrect as "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026." As stated in Wiesjahn/Sand's motion, not only did Wiesjahn/Sand's counsel never receive said proof of claims before the deadline, but also, "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026" is not the proper identification and address for Wiesjahn/Sand's counsel. Annalisa Sand and Judd Wiesjahn are not known recipients of mail at "137 Bay Street Unit 2, Santa Monica, CA 90405," and there is no such thing as a "Stanley Martin Law Office" at that address.

5) Respectfully, the court cannot presume delivery by the post office of an item placed in the mail under the name of an unfamiliar address, no association to that address, and no care of language

provided. Accordingly, based upon these ambiguities, along with the fact there was no actual notice, Wiesjahn/Sand cannot be charged with notice or actual knowledge of their proof of claim filing deadline. *See In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001) (there is a general presumption among the courts "that an addressee receives a properly mailed item *when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail*."

## II. ARGUMENT

### A. Judd Wiesjahn and Annalisa Sand Should be Permitted To File A Late Claim Pursuant to Bankruptcy Rule 9006(b)(1)

6) Pursuant to Fed. R. Bankr. Proc. 9006(b)(1), the Court may permit a claim to be filed, where as here, the claimant's failure to comply with the deadline was the result of lack of actual notice by the debtor. *See In re Ginther*, 2008 Bankr. LEXIS 1728 at 7 (Bankr. S.D. Tex. 2008) (a late claim was allowed where claim was listed on debtor's schedules as contingent, unliquidated and disputed); *Bonner v. Adams (In re Adams)*, 734 F.2d 1094, 1103 (5th Cir. 1984) (holding "it is clear that one of the primary purposes of the list of creditors in the schedule is to provide the court information as to persons entitled to notice," and as such an incorrectly listed address not satisfy due process); *In re Schepps Food Stores, Inc.*, 152 B.R. 136 (Bankr. S.D. Tex. 1993) (evidence that notice was never sent or that no one in the case received notice does rebut presumption that proper notice was given in bankruptcy case.); *In re Bruno Machinery Corp.*, 2007 U.S. Dist. LEXIS 51201 at *10 (N.D. N.Y. 2007) (late claim permitted because "Debtor had advance knowledge of the claim as they included it in Schedule F and [the creditor] had filed suit against it or this claim.") *See In re Any Mountain, Inc.*, 2007 Bankr. LEXIS 712 at *2 (Bankr. N.D. Cal. 2007) (finding excusable neglect where claimant's counsel misread

bankruptcy court notice); *In re Hicks*, 184 BR. 954, 957 (Bankr. C.D. Cal. 1995) ("this obligation to list all creditors' names and address is part of the debtor's duty of *full disclosure that is the quid pro quo for fresh start* provided by the discharge).

7) As product liability claimants against GM, Wiesjahn/Sand had the right to assume that they would receive actual notice of relevant dates before their claims would be barred. *In re Dartmore Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill 1994) (finding Chapter 11 debtor, even creditors have right to assume they will receive notice of relevant dates before their claims are barred.)

8) Furthermore, the law is clear that an incorrectly listed address not satisfy due process. It was Debtor's burden and duty to provide the court information as to persons entitled to notice, and GM clearly failed to do so. It is well settled that if a debtor lists incorrectly the name or address of a creditor in the required schedules, so as to cause the creditor not to receive notice, that creditor's debt has not been 'duly scheduled[.]'" *Adams*, 734 F.2d at 1098. "While the Bankruptcy Code provides no guidance as to what is the proper address of a creditor, the law is clear that such an address must be one at which notice or service would be reasonably calculated to comply with constitutional notions of due process." *In re Kleather*, 208 B.R. 406, 410 (Bankr. S.D. Ohio 1997). Likewise, when a court has promulgated a local rule requiring a mailing matrix to accompany the statements and schedules, an incorrectly listed address therein does not satisfy due process. *Adams*, 734 F.2d at 1103.

9) Not only do Wiesjahn/Sand's claims represent only a very tiny fraction of the billions of dollars of unsecured claims asserted against the Debtors in these cases, but also they should not be prejudiced for GM's failure to provide notice to Wiesjahn/Sand of their proof of claim deadline. "If a creditor is not given reasonable notice of the bankruptcy case and the relevant bar dates, its claim cannot be constitutionally discharged." *See In re O'Shaugnessy*, 252 B.R. 722, 729 (Bankr.

N.D. Ill. 2000) (quoting *In re Glenwood Med. Group, Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. =Ill. 1997)). Constitutional due process requires proper notice. *Mullane v. Cent. Hanover Bank & Trust* Co., 70 S. Ct. 652, 657 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). "The burden of establishing that a creditor has received adequate notice rests with the debtor." *Massa v. Addona (In re Massa)*, 187 F.3d 292, 296 (2d Cir. 1999). Therefore, in order to satisfy the elements of due process, a debtor's schedules must **contain accurate information** concerning a creditor's address. *SouthTrust Bankcard Ctr. v. Curenton (In re Curenton)*, 205 B.R. 967, 970 (Bankr. M.D. Ala. 1995); *see also Bonner v. Adams (In re Adams),* 734 F.2d 1094, 1103 (5th Cir. 1984). Thus, where as here "a debtor does not afford a creditor due process, either by failing to timely schedule a creditor or by scheduling it incorrectly, the creditor's right to object to the dischargeability of a debt cannot be time barred under *Fed. R. Bankr. P*. 4007(c)." *Chanute Prod. Credit Ass'n v. Schicke (In re Schicke)*, 290 B.R. 792, 800 (B.A.P. 10th Cir. 2003). For these reasons, Wiesjahn/Sand should be permitted to file their claims late pursuant to Rule 9006(b)(1).

**B. Wiesjahn/Sand Should Be Permitted To Amend Their Informal Proof of Claim**

10) As stated in GM's Opposition to Wiesjahn/Sand's Motion, GM points out that to qualify as an amendable informal proof of claim, the filing must be 1) timely filed with the bankruptcy court and have become part of the judicial record; 2) state the existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4) evidence the creditor's intent to hold the debtor liable for the debt. *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y 2007).

11) Wiesjahn/Sand's Motion makes clear that Wiesjahn and Sand have satisfied all of the foregoing elements. GM itself filed a List Product Liability Creditors with the Bankruptcy Court, which stated the existence and nature of the debt by GM to Wiesjahn and Sand, it stated the amount was undetermined, and it evidenced Wiesjahn and Sand's intent to hold GM liable for the debt.

12) Given that Wiesjahn and Sand have satisfied the elements to amend their informal claim against GM, that "courts in the Second Circuit have long recognized the validity of informal proofs of claim," and that informal proof of claim is subject to amendment **subsequent to the bar date,** Wiesjahn/Sand should be permitted to amend their informal claims against GM. *See In re The Float, Inc*., 163 B.R. 18, 20 (Bankr. N.D. N.Y. 1993); *In re Southhold Development Corp*., 173 B.R. 63, 71 (E.D. N.Y. 1994)

### III. CONCLUSION

13) Wherefore Wiesjah/Sand respectfully request that the Court grant the Motion and the relief requested therein.

Dated:  February 1, 2011                                                    */s/ Candace Lee*

MARTIN LOUIS STANLEY
CANDACE BRIANNE LEE
Attorney for PLAINTIFF