**HEARING DATE AND TIME: February 3, 2011 at 9:45 a.m. (Eastern Time)**

**LAW OFFICE OF MARTIN STANLEY**
Martin Louis Stanley [State Bar No. 102413]
Candace Brianne Lee [State Bar No. 266540]
137 Bay Street #2
Santa Monica, CA 90405
Telephone: (310) 399-2555
Facsimile: (310) 399-1190

Attorney for JUDD WIESJAHN & ANNALISA SAND

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | ) |
| | ) DECLARATION OF MARTIN STANLEY IN |
| MOTORS LIQUIDATION COMPANY, et al., | ) SUPPORT OF REPLY TO DEBTOR'S |
| f/k/a GENERAL MOTORS CORP., et al., | ) OPPOSITION TO JUDD WIESJAHN AND |
| | ) ANNALISA SAND'S MOTION TO FILE LATE |
| Debtors. | ) PROOF OF CLAIM, OR IN THE |
| | ) ALTERNATIVE, TO AMEND INFORMAL |
| | ) PROOF OF CLAIM |
| | ) |
| | ) |
| | ) |
| | ) Case No.: 09-50026 |
| | ) |
| | ) |

---

**DECLARATION OF MARTIN STANLEY**

I, **MARTIN STANLEY**, hereby declare the following:

1. I am an attorney at law licensed to practice in the State of California. I have personal and firsthand

knowledge of the facts herein and, if called as a witness, could and would competently testify

thereto. I am lead counsel for Plaintiffs Judd Wiesjahn and Annalisa Sand. I have substantial

litigation and trial experience, including teaching dozens of CLE seminars in ethics. I have been

nominated for trial lawyer of the year two out of the last four years, I have been a attorney probation

monitor for the state of California, in the past I have been appointed as a public member of the California Dental Board Committee, and I have substantial experience speaking at various conventions, etc. I say these things because credibility is an important issue of the court to decide in determining whether actual notice was received before the deadline date.

2. When I said, I had "substantial expereicen in dealing with claims filing over many many years of practice" I was referring to civil actions, not bankruptcy actions. I have only filed one proof of service bankruptcy claim in my career, and that claim was timely filed

3. I do not subscribe to *Financial Times, The Wall Street Journal* (Global Edition- North America, Europe, and Asia), *The New York Times* (National), and *USA Today* (Monday through Thursday, National), and was never put on notice of any bar dates in any of the aforementioned publications.

4. Debtors failed to submit any sworn declarations to the effect that the proof of service claims, which debtors claim were mailed to "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026." Furthermore, the only evidence Debtors have submitted with regard to the proof of service claims form was Exhibit A, which in fact shows Debtors failed to give Wiesjahn/Sand proper notice of the proof of claim deadline since the address where any such documents was supposedly sent is incorrect as "Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026." As stated in Wiesjahn/Sand's Motion numerous times, this is not the proper mailing information for Wiesjahn/Sand's counsel, notice was not received by Wiesjahn/Sand's counsel, notice was not mailed care of Wiesjahn/Sand's counsel, and the proof of claim notice was not send to Wiesjahn/Sand individually.

5. On August 8, 2008, Decedent lost her life as a result of injuries she suffered in an accident while riding as a passenger in a 2006 Chevrolet HHR vehicle designed, manufactured, sold, or otherwise placed into the stream of commerce by Motors Liquidation Company, f/k/a General Motors

1

2   Corporation ("GM"). On December 19, 2008, Wiesjahn/Sand field an action in the Superior Court of

3   California, County of Monterey, Case Number M95923 and on May 5, 2009, General Motors

4   Corporation was served with a true and correct copy of Wiesjahn/Sand's complaint. Following

5   service of the summons and complaint, GM mailed a Notice of Stay of Proceedings, addressed to:

6           "Martin Louis Stanley, Esq.
             Law Office of Martin Stanley
7            137 Bay Street #2
             Santa Monica, CA 90405
8            (310) 399-2555
9            Fax (310) 399-1190
             (Attorneys for Plaintiffs)"
10

11      As such, GM knew that the plaintiffs' names were Annalisa Sand and Judd Wiesjahn, and in fact

12      listed Wiesjahn/Sand as product liability claimants in the bankruptcy schedules.

13  6.  Yet, Motors Liquidation Company, f/k/a General Motors Corporation ("GM")' s failed to provide

14      Wiesjahn/Sand's counsel and Wiesjahn/Sand, as the creditors, *any Proof of Claim form* and/or any

15      notice that their forms had to be filed by a certain date; 2) failed provide separate notice to Annalisa

16      Sand and Judd Wiesjahn's personal address; 3) failed to provide any notice or proof of claim form to

17      Annalisa Sand and Judd Wiesjahn care of the Law Office of Martin Stanley; and 4) failed to use the

18      proper business name of  Wiesjahn/Sand's counsel if it even mailed any notice or proof of claim

19      form to the Law Office of Martin Stanley. *See e.g. Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d

20      1114, 1118 (6th Cir. 1985) ("[t]estimony of non-receipt, standing alone, would be sufficient to

21      support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of

22      receipt."); 11 U.S.C. § 342(g)(1) (notice is not effective where debtor fails to use the address

23

24

25      supplied by the creditor; notice is not effective until it is "brought to the attention" of the creditor).

26      Notice was not brought to Plaintiff's attention until Plaintiff's counsel recently received "Notice of

27

28

Hearing to Consider Approval of Debtors' Proposed Disclosure Statement With Respect to Debtors'

Joint Chapter 11 Plan."

7.  Essentially, debtors oppose Judd Wiesjahn and Annalisa Sand's ("Wiesjahn/Sand") Motion to file a

late proof of service claim on in the alternative to amend their informal proof of claim on the

grounds Wiesjahn/Sand's counsel received actual notice, but Debtors have no proof of action notice.

8.  Debtors claim the proof of claim forms were mailed to "Stanley Martin Law Office Of, 137 Bay

Street Unit 2, Santa Monica, CA 90405-1026." However, as stated in Wiesjahn/Sand's motion, not

only did Wiesjahn/Sand's counsel never receive said proof of claims before the deadline, but also,

"Stanley Martin Law Office Of, 137 Bay Street Unit 2, Santa Monica, CA 90405-1026" is not the

proper identification and address for Wiesjahn/Sand's counsel. Annalisa Sand and Judd Wiesjahn

are not known recipients of mail at "137 Bay Street Unit 2, Santa Monica, CA 90405," and there is

no such thing as a "Stanley Martin Law Office" at that address.

9.  Respectfully, the court cannot presume delivery by the post office of an item placed in the mail

under the name of an unfamiliar address, no association to that address, and no care of language

provided.  Accordingly, based upon these ambiguities, along with the fact there was no actual notice,

Wiesjahn/Sand cannot be charged with notice or actual knowledge of their proof of claim filing

deadline.  *See In re Chess*, 268 B.R. 150, 156 (Bankr. W.D. Tenn. 2001) (there is a general

presumption among the courts "that an addressee receives a properly mailed item *when the sender*

*presents proof that the item was properly addressed, stamped, and sent through the United States*

*mail*."

10. As product liability claimants against GM, Wiesjahn/Sand had the right to assume that they would

receive actual notice of relevant dates before their claims would be barred. *In re Dartmore Homes,*

*Inc.*, 175 B.R. 659 (Bankr. N.D. Ill 1994) (finding Chapter 11 debtor, even creditors have right to assume they will receive notice of relevant dates before their claims are barred.)

11. Furthermore, the law is clear that an incorrectly listed address does not satisfy due process. It was and is Debtor's burden and duty to provide the court information as to persons entitled to notice, and GM clearly failed to do so. It is well settled that if a debtor lists incorrectly the name or address of a creditor in the required schedules, so as to cause the creditor not to receive notice, that creditor's debt has not been 'duly scheduled[.]'" *Adams*, 734 F.2d at 1098. "While the Bankruptcy Code provides no guidance as to what is the proper address of a creditor, the law is clear that such an address must be one at which notice or service would be reasonably calculated to comply with constitutional notions of due process." *In re Kleather*, 208 B.R. 406, 410 (Bankr. S.D. Ohio 1997). Likewise, when a court has promulgated a local rule requiring a mailing matrix to accompany the statements and schedules, an incorrectly listed address therein does not satisfy due process. *Adams*, 734 F.2d at 1103.

12. Not only do Wiesjahn/Sand's claims represent only a very tiny fraction of the billions of dollars of unsecured claims asserted against the Debtors in these cases, but also they should not be prejudiced for GM's failure to provide notice to Wiesjahn/Sand of their proof of claim deadline. "If a creditor is not given reasonable notice of the bankruptcy case and the relevant bar dates, its claim cannot be constitutionally discharged." *See In re O'Shaugnessy*, 252 B.R. 722, 729 (Bankr. N.D. Ill. 2000) (quoting *In re Glenwood Med. Group, Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. =Ill. 1997)). Constitutional due process requires proper notice. *Mullane v. Cent. Hanover Bank & Trust* Co., 70 S. Ct. 652, 657 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

opportunity to present their objections."). "The burden of establishing that a creditor has received

adequate notice rests with the debtor." *Massa v. Addona (In re Massa)*, 187 F.3d 292, 296 (2d Cir.

1999). Therefore, in order to satisfy the elements of due process, a debtor's schedules must **contain**

**accurate information** concerning a creditor's address. *SouthTrust Bankcard Ctr. v. Curenton (In re*

*Curenton)*, 205 B.R. 967, 970 (Bankr. M.D. Ala. 1995); *see also Bonner v. Adams (In re Adams)*,

734 F.2d 1094, 1103 (5th Cir. 1984). Thus, where as here "a debtor does not afford a creditor due

process, either by failing to timely schedule a creditor or by scheduling it incorrectly, the creditor's

right to object to the dischargeability of a debt cannot be time barred under *Fed. R. Bankr. P.*

4007(c)." *Chanute Prod. Credit Ass'n v. Schicke (In re Schicke)*, 290 B.R. 792, 800 (B.A.P. 10th

Cir. 2003). For these reasons, Wiesjahn/Sand should be permitted to file their claims late pursuant

to Rule 9006(b)(1) or amend their informal claim.[1]

I declare under penalty of perjury that the foregoing is true and correct. Executed this    1st    day of

February 2011, at Los Angeles, California.



_____/s/ Martin Stanley_____
MARTIN STANLEY

---

[1] As stated in GM's Opposition to Wiesjahn/Sand's Motion, GM points out that to qualify as an amendable informal proof of claim, the filing must be 1) timely filed with the bankruptcy court and have become part of the judicial record; 2) state the existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4) evidence the creditor's intent to hold the debtor liable for the debt. *In re Enron Creditors Recovery Corp*., 370 B.R. 90, 99 (Bankr. S.D.N.Y 2007). Wiesjahn/Sand's Motion makes clear that Wiesjahn and Sand have satisfied all of the foregoing elements. GM itself filed a List Product Liability Creditors with the Bankruptcy Court, which stated the existence and nature of the debt by GM to Wiesjahn and Sand, it stated the amount was undetermined, and it evidenced Wiesjahn and Sand's intent to hold GM liable for the debt. Given that Wiesjahn and Sand have satisfied the elements to amend their informal claim against GM, that "courts in the Second Circuit have long recognized the validity of informal proofs of claim," and that informal proof of claim is subject to amendment **subsequent to the bar date,** Wiesjahn/Sand should be permitted to amend their informal claims against GM. *See In re The Float, Inc*., 163 B.R. 18, 20 (Bankr. N.D. N.Y. 1993); *In re Southhold Development Corp*., 173 B.R. 63, 71 (E.D. N.Y. 1994)