IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:    MOTORS LIQUIDATION COMPANY, ET AL

CHAPTER 11 CASE NO.
09-50026(REG)

## CLAIM NO. #67832 - WILLIAM BRADFORD JONES

## OPPOSITION AND CROSS-MOTION IN RESPONSE TO DEBTORS' 111TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS

William Bradford Jones (Claim #67832) objects to the Debtors' 111th Omnibus Objection to Claims and Debtor's Motion Requesting Enforcement of Bar Date Orders and cross-moves this Court to allow his Proof of Claim.

1. William Bradford Jones filed a case in Hinds County Circuit Court of Mississippi on the grounds of strict products liability, gross negligence and recklessness against General Motors Corporation, being case no. 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 CIV in said Mississippi Court.

2. William Bradford Jones sustained horrific bodily injuries and other losses as a result of the defective design and uncrashworthy manufacture of a 1995 Corsica in which he was riding as a passenger. General Motors was making the same vehicle overseas with protections for passengers which were not provided to American customers.

3. The case against General Motors was stayed in deference to the instant bankruptcy. William Bradford Jones, Claim No. #67832 is listed as a scheduled unliquidated claim in this bankruptcy and has been so listed since inception of this bankruptcy.

4. The due date for filing proof of claims was November 30, 2009. The place of

filing was the Clerk's office at One Bowling Green, New York, New York or the office of The Garden City Group, 5151 Blazer Parkway, Suite A, Dublin, OH 43017.

5. On November 30, 2009, counsel for William Bradford Jones attempted to file a proof of claim via the ECF system but was thwarted.[1]

6. After being thwarted in the ECF system on November 30, 2009, counsel for William Bradford Jones electronically transmitted the proof of claim to Breakaway Courier System, 335 West 35th Street, 10th Floor, New York, NY 10001 with a request that the Proof of Claim be hand delivered to the Office of the Clerk of this Court on that same day. See affidavit of counsel for William Bradford Jones attached hereto as Exhibit "A."

7. The transmission was completed at 15:27 p.m. on the 30th day of November, 2009. See Exhibit "A."

8. Breakaway Courier System is 4.28 miles from the office of the Clerk of this Court, according to information found on MapQuest.

8. A copy of the proof of claim was also federal expressed to the Garden City Group in Dublin, Ohio on November 30, 2009.

9. At the end of the day of November 30, 2009, counsel for William Bradford Jones was confident that the proof of claim had been timely filed with the Clerk of this Bankruptcy Court.

10. On the morning of December 1, 2009, counsel for William Bradford Jones received a telephone call from Breakaway Courier System who informed counsel for William

---

[1] Despite the worldwide nature of this bankruptcy, ECF filing of proof of claims was not allowed.

2

Bradford Jones that the Clerk's office did not accept the Proof of Claim for filing on November 30, 2009 because of the time of day that the Proof of Claim was delivered. See Exhibit "A."

11. Counsel for William Bradford Jones asked Breakaway Courier System to return to make sure that the Clerk of Court eventually accepted the Proof of Claim.

12. The Proof of Claim was file stamped **December 1, 2009** even though the Proof of Claim was attempted to be filed twice on November 30, 2009 - once on ECF system and once in person.

13. Through later conversation with claims people on behalf of Debtor the claim was amended and supplemented and chosen for ADR procedure but never has any objection on the basis of timeliness of the claim been raised until this 111th Omnibus Objection.

14. According to *USCS Bankruptcy R* 9006(a)(4), the "last day for filing" ends"

   (A) for electronic filing, at midnight in the court's time zone; and

   (B) for filing by other means, when the clerk's office is scheduled to close.

15. The Office of the Clerk of this Court is opened 8:30 to 5:00 p.m. Monday through Friday, however, in this particular bankruptcy this Clerk would not accept the filing even though it was delivered prior to the 5:00 p.m. closing time on November 30, 2009.

16. According to *USCS Bankruptcy R* 9006(b)(2), this Court may extend the period of time for filing the Proof of Claim and accept it as timely *if* the fling on December 1, 2009 one day late is "the result of excusable neglect."

17. In *Pioneer Investment Services Company v. Brunswick Associated Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the United States Supreme Court found that excusable neglect under the provision of *USCS Bankruptcy R* 9006(b)(2)

3

existed where a claim was filed twenty days after the claims bar date because of confusion that existed in the claimant's counsel office due to his withdrawal from his law firm. The Sixth Circuit Court of Appeals found that this constituted excusable neglect under *USCS Bankruptcy R 9006(b)(2)* and that it would be inappropriate to penalize the creditor for this error on counsel's part. The United States Supreme Court affirmed. The Court noted that under Bankruptcy Rule 3003c a creditor *may* file a proof of claim and that creditors who are not scheduled *must* file. The Court also noted the provision of Bankruptcy rule 9006(b) which provides for the enlargement of time upon motion for excusable neglect.

18. The *Pioneer* Court noted:

> Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control.

*Id.* at 389.

19. Finding no prejudice by the 20 day late filing in *Pioneer*, the Court found excusable neglect.

20. The instant claim was file stamped one day after the claim date, even though it was delivered to the Clerk's office on the claim date. Despite electronic attempts galore, the doors were shut against the instant claim until December 1, 2009. This clearly qualifies as excusable neglect or even more so, as intervening circumstances beyond the claimant's control, distance between the parties, lack of control over transition time for facsimile transmission and traffic in Manhattan. No prejudice has resulted to Debtors who have been well aware of this claim all along.

PREMISES CONSIDERED, Claimant William Bradford Jones, Claim #67832, moves this Court to deny the 111th Omnibus Objection to the Claim of William Bradford Jones, Claim #67832 and to accept the claim as timely.

WILLIAM BRADFORD JONES,
CLAIM #67832

BY: _____
VICKI R. SLATER,
FOR CLAIMANT

OF COUNSEL:

VICKI R. SLATER, #9759
VICKI R. SLATER, ATTORNEY AT LAW, P.A.
1554 LAKESIDE DRIVE
POST OFFICE BOX 23981
JACKSON, MISSISSIPPI 39225-3981
TELEPHONE: (601)987-8184
FACSIMILE: (601)987-8188

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that I have this day forwarded a true and correct copy of the foregoing document to attorneys for Debtors and Debtors-in-Possession, Harvey R. Miller, Stephen Karotkin, Joseph Smolinsky, Weil, Gotshal & Manges, LLP, 776 Fifth Avenue, New York, NY 10153 by depositing said document with federal express, expenses prepaid.

So certified, this the ___ day of January, 2011.

_____
Vicki R. Slater

5

EXHIBIT "A"

AFFIDAVIT OF COUNSEL FOR WILLIAM BRADFORD JONES
CLAIM NO. #67832

STATE OF MISSISSIPPI
COUNTY OF HINDS

PERSONALLY APPEARED BEFORE ME THE UNDERSIGNED AUTHORITY in and for the jurisdiction aforesaid, Vicki R. Slater, who being first duly sworn by me states:

1. My name is Vicki R. Slater I am an adult resident citizen of Mississippi and have personal knowledge of the matters contained in this affidavit.

2. I am an attorney licensed to practice law.

3. I represent William Bradford Jones, Claim No. 67832.

4. Claim No. 67832, William Bradford Jones, is a scheduled claim in this bankruptcy.

5. On November 30, 2009 I attempted to file the proof of claim through the ECF system and or facsimile to the Court and/or to the Claims Processing Center in Dublin, OH but was not allowed to do so due to processes in those offices.

6. On November 30, 2009, I attempted to file the claim of William Bradford Jones via the ECF system but was thwarted.[1]

7. After being thwarted in the ECF system on November 30, 2009 and unable to reach anyone on the creditor's committee or in the Dublin Ohio office via facsimile, I

---

[1]Despite the worldwide nature of this bankruptcy, ECF filing of proof of claims was not allowed.

1



electronically transmitted the proof of claim to Breakaway Courier System, 335 West 35th Street, 10th Floor, New York, NY 10001 with a request that the Proof of Claim be hand delivered to the Office of the Clerk of this Court as soon as possible. See Exhibit "1" to this affidavit.

8. The facsimile transmission was completed at 15:27 p.m. on the 30th day of November, 2009. See Exhibit "1."

9. Breakaway Courier System is 4.28 miles from the office of the Clerk of this Court, according to information found on MapQuest.

10. A copy of the proof of claim was also federal expressed to the Garden City Group in Dublin, Ohio on November 30, 2009. See Exhibit "2."

11. At the end of the day of November 30, 2009, I felt confident that the proof of claim had been timely filed with the Clerk of this Bankruptcy Court.

12. On the morning of December 1, 2009, I received a telephone call from Breakaway Courier System who informed me that the Clerk's office did not accept the Proof of Claim for filing on November 30, 2009 because of the time of day that the Proof of Claim was delivered.

13. I asked Breakaway Courier System to return to make sure that the Clerk of Court eventually accepted the Proof of Claim. The Proof of Claim was file stamped **December 1, 2009** even though the Proof of Claim was attempted to be filed twice on November 30, 2009 - once on ECF system and once in person *via* courier.

14. Through later conversation with counsel and people on behalf of Debtor the claim

was by agreement amended and supplemented and chosen for ADR procedure but never has any objection on the basis of timeliness of the claim been raised until this 111th Omnibus Objection.

_____
Vicki R. Slater

SWORN TO AND SUBSCRIBED BEFORE ME, this the 26 day of January, 2011.

_____
NOTARY PUBLIC

My Commission Expires:

_____



STATE OF MISSISSIPPI
VICKIE RUSSUM
NOTARY PUBLIC
ID No 73321
Comm Expires
March 30, 2012
HINDS COUNTY

MEMORY TRANSMISSION REPORT

```
                                        TIME      : 11-30-'09 15:27
                                        FAX NO.1  : +6019878188
                                        NAME      : VICKKI SLATER LAW
```

```
FILE NO.         :   364
DATE             :   11.30 15:25
TO               :  ☏12129473335
DOCUMENT PAGES   :   4
START TIME       :   11.30 15:26
END TIME         :   11.30 15:27
PAGES SENT       :   4
STATUS           :   OK
```

***   SUCCESSFUL TX NOTICE   ***

**VRS**

Vicki R. Slater
Attorney at Law
1554 Lakeside Drive ■ Jackson, Mississippi 39216
Post Office Box 23981 ■ Jackson, Mississippi 39225-3981
Phone (601) 987-8184 ■ Fax: (601) 987-8188

---

12129473335

Breakaway Courier
535 West 35th Street
10th Floor
New York, NY 10001

Re: General Motors Corp.
U S Bankruptcy Court

Dear Sir or Madam:

Please deliver the attached proofs of claims to U.S. Bankruptcy Court SDNY, One Bowling Green, Room 534, New York, NY immediately & charge my card for all necessary expeditious means.

Thank you
Vicki R. Slater



EXHIBIT "1"



**Vicki R. Slater**
Attorney at Law

1554 Lakeside Drive ■ Jackson, Mississippi 39216
Post Office Box 23981 ■ Jackson, Mississippi 39225-3981
Phone (601) 987-8184 ■ Fax: (601) 987-8188

1212 947 3335

Breakaway Courier
335 West 35th Street
10th Floor
New York, NY 10001

Re: General Motors Corp.
U S Bankruptcy Court

Dear Sir or Madam:

Please deliver the attached proofs of claims to U.S. Bankruptcy Court SDNY, One Bowling Green, Room 534, New York, NY immediately & charge my card for all necessary expeditious means.

Thank you
Vicki R. Slater



**Vicki R. Slater**
Attorney at Law

1554 Lakeside Drive ■ Jackson, Mississippi 39216
Post Office Box 23981 ■ Jackson, Mississippi 39225-3981
Phone (601) 987-8184 ■ Fax: (601) 987-8188

November 30, 2009

**VIA FEDERAL EXPRESS**
The Garden City Group, Inc.
ATTN: Motors Liquidation Company
       Claims Process
5151 Blazer Parkway, Suite A
Dublin, OH 43017

Re:   In Re: Motors Liquidation Company f/k/a General Motors Corporation, et al.,
      USBC Case No. 09-50026 (REG)

Dear Sir/Madam:

Enclosed for filing in the above referenced matter, please find the Proof of Claims Forms for William Bradford Jones and Mary Bates.

Thank you for your assistance in this matter. If you have any questions, please call.

Very Truly Yours,

Vicki R. Slater

VRS/sh

Enclosure

EXHIBIT "2"