HEARING DATE AND TIME: February 9, 2011 at 9:45 a.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                               :    **Chapter 11 Case No.**
                                                    :
**MOTORS LIQUIDATION COMPANY, et al.,**    :    **09-50026 (REG)**
    f/k/a General Motors Corp., et al.     :
                                                    :
        Debtors.                                    :    **(Jointly Administered)**
                                                    :
---------------------------------------------------------------x

**DEBTORS' RESPONSE TO MOTION OF TPC LENDERS FOR**
**ENTRY OF ORDER (I) INITIATING VALUATION PROCEEDINGS**
**IN ACCORDANCE WITH THE SALE ORDER, AND (II) ESTABLISHING**
**A SCHEDULE WITH RESPECT TO THE VALUATION PROCEEDINGS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**The Debtors' Response**

1.  The Debtors submit this response to the *Motion of The TPC Lenders for an Entry of an Order (I) Initiating Valuation Proceedings in Accordance with the Sale Order, and (II) Establishing a Schedule with Respect to the Valuation Proceedings*, dated January 14,

US_ACTIVE:\43622357\05\72240.0639

2011 (ECF No. 8616) (the "**Motion**"),[1] to initiate a proceeding to value the TPC Property that previously secured the TPC Lenders' Secured Claim in accordance with that certain Sale Order.

2. While the Debtors understand the requirements of the Sale Order, the Debtors are concerned about the timing of the TPC Lenders' request for a valuation hearing at this time. It is not appropriate for the Debtors to be required to engage in discovery, briefing, and a contested valuation hearing while simultaneously prosecuting their confirmation of their chapter 11 plan (as may be subsequently amended, the "**Plan**").[2] The Debtors do not criticize the TPC Lenders and New GM for attempting to consensually resolve their dispute before seeking relief from the Court. However, since the TPC Lenders filed the Motion over one year after entry of the Sale Order, it is hard to imagine that valuation now is a particularly pressing matter.

3. Further, on the effective date of the Plan, there will be a change of control wherein responsibility for this matter will be transferred to the GUC Trust (as defined in the Plan). Upon such transfer, the GUC Trust Administrator (as defined in the Plan), who has no current knowledge of this matter, will become responsible for directing the estates' response and participation in any valuation proceeding. The Debtors currently intend to effectuate their Plan in March 2011. The TPC Lenders propose to complete discovery and briefing in late March/early April with an evidentiary hearing shortly thereafter. It would be highly prejudicial to the GUC Trust Administrator to be required to direct and participate in a valuation proceeding immediately after assumption of its responsibilities without a sufficient opportunity to familiarize itself with this matter.

---

[1] Capitalized terms not defined herein shall have the meaning attributed to them in the Motion.

[2] *Debtors' Amended Joint Chapter 11 Plan*, dated December 7, 2010.

4.    It should be noted that the Debtors' participation in this dispute is not entirely necessary. While the Debtors' estates continue to be responsible for an unsecured deficiency claim of up to $45 million, satisfaction of the TPC Lenders' Secured Claim would initially come from the Escrow Account established by New GM in the amount of $90.7 million. The Debtors are only responsible for satisfaction of the Secured Claim out of New GM stock in amounts in excess of $90.7 million. While the Debtors have not been involved in the discussions related to valuation of the TPC Property, it would not surprise the Debtors to learn that both New GM and the TPC Lenders agree that the value of the TPC Property is less than $90.7 million. The Debtors urge the TPC Lenders to concede this fact, in which case it would not be necessary for the Debtors to participate in the valuation trial and the timing concerns referenced herein would no longer be an issue.

5.    To the extent the TPC Lenders do not make this concession, the Debtors support the proposal of New GM to bifurcate this matter by first determining the threshold legal issue of which valuation methodology to employ and delaying any scheduling of a valuation hearing until after the effective date of the Plan.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 4, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession