# EXHIBIT A

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property)<br>Stanley R. Stasko | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent<br>Stanley R. Stasko<br>27653 Lexington Pkwy<br>Southfield, Michigan 48076<br>Telephone number<br>(313) 670-6917 | Court Claim Number:_____<br>*(if known)*<br><br>Filed on _____ |
| Name and address where payment should be sent (if different from above)<br>Stanley R. Stasko<br>27653 Lexington Pkwy<br>Southfield, Michigan 48076<br>Telephone number<br>(313) 670-6917 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| | ☐ Check this box if you are the debtor or trustee in this case. |

**FILED #20285**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

(Stamp: THE GARDEN CITY GROUP, INC. MAY 12 2010)

| 1. Amount of Claim as of Date Case Filed:    $    2,775,268.00<br>**Final amount by U.S. District Court - E.D. Michigan**<br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
|---|---|
| 2. Basis for Claim:    **Civil Law Suit ; Case #2:09-CV-14827;E.D. Michigan**<br>(See instruction #2 on reverse side ) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| 3. Last four digits of any number by which creditor identifies debtor: **4827**<br>**Last four digits from Case #2:09-CV-14827**<br>(See instruction #3a on reverse side.)<br>3a. Debtor may have scheduled account as:_____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4) |
| 4. Secured Claim (See instruction #4 on reverse side )<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate_____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7)<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8) |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side )<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. **Copy of Complaint and Exhibits from Civil Suit Case #2:09-CV-14827 U.S. District Court - E.D. Michigan**<br>If the documents are not available, please explain **filed with Motion for Relief from Automatic Stay** | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__)<br><br>Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>04/25/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Stanley R. Stasko 27653 Lexington Pkwy Southfield, Michigan 48076 ; #313-670-6917<br>**Pro Se Litigant** | FOR COURT USE ONLY<br><br>APR 30 2010 |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x
In re                                                              :
**Bankruptcy of Motors Liquidation Company**     :          **Chapter 11**
**(f/k/a General Motors Corporation) ("MLC")**   :
                                                                   :          **Case No. 09 - 50026 (REG)**
                    Debtor.                                  :
————————————————————————x

## NOTICE: UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF MICHIGAN ADMINISTRATIVELY CLOSED STASKO V. GENERAL MOTORS CORPORATION

Stanley R Stasko respectfully states                              APR 3 0 2010

1) that I am the Plaintiff (Pro Se Litigant) in the civil action Stasko vs General

   Motors Corporation United States District Court – Eastern District of

   Michigan; Case # 2.09-CV-14827, Honorable Judge Julian Abele Cook

2) that on April 8, 2010, Stanley R Stasko Motion for Relief from Automatic

   Stay (Bankruptcy Court Docket #5151) was heard by the Honorable Robert E

   Gerber of the United States Bankruptcy Court of the Southern District of New

   York

3) that the Bankruptcy Court ordered the Motion for Relief from Automatic Stay

   is Denied (See Exhibit 1)

4) the Bankruptcy Court ordered "Mr Stasko shall give notice of this ruling to

   the Michigan Court" (See Exhibit 1)

5) the Bankruptcy Court ordered "Mr Stasko shall withdraw the Michigan Case"

   (See Exhibit 1)

6) that on April 12, 2010, Stanley R Stasko appeared before Honorable Julian Abele Cook Jr of the United States District Court of the Eastern District of Michigan for "a hearing regarding, inter alia, (1) the effect, if any, of a "stay of litigation" order that had been imposed upon the parties in a lawsuit (including the Defendant, General Motors Corporation, now known as Motors Liquidation Company), by the Bankruptcy Court for the Southern District , of New York" (See Exhibit 2)

7) Stanley R Stasko informed the United States District Court of the Eastern District of Michigan that the Bankruptcy Court Denied the Motion for Relief from Automatic Stay

8) Stanley R Stasko informed the United States District Court of the Eastern District of Michigan that the Bankruptcy Court ordered Mr Stasko to withdraw his case against General Motors Corporation

9) the United States District Court of the Eastern District of Michigan **did not** order Stanley R Stasko to withdraw civil action Stasko vs General Motors Corporation United States District Court – Eastern District of Michigan, Case # 2 09-CV-14827

10) the United States District Court of the Eastern District of Michigan "administratively close this case during the duration of the bankruptcy proceedings involving the Defendant in the Southern District of New York" (See Exhibit 2)

11) the United States District Court of the Eastern District of Michigan ordered

"upon the termination of these bankruptcy proceedings in New York, either

party may file a motion, which would seek to reopen this case, within a period

of sixty (60) days from the date of final resolution of the above-listed

bankruptcy case " (See Exhibit 2)

Dated  April 27, 2010

Stanley R  Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant



Exhibit - 1



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————x
                                            :
**In re**                                   :        **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.* :
                                            :
                **Debtors.**                :        **(Jointly Administered)**
                                            :
————————————————————x

## ORDER DENYING MOTION OF STANLEY R. STASKO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated February 19, 2010 of Stanley R. Stasko [Docket

No. 5151] (the "**Motion**"), requesting relief from the automatic stay to proceed with case

number 09-14827 (the "**Michigan Case**"), currently pending in the United States District

Court for the Eastern District of Michigan (the "**Michigan Court**"), all as more fully

described in the Motion, and the Court having jurisdiction to consider the Motion and the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C J ); and consideration

of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors

Liquidation Company and its affiliated debtors having filed their opposition to the

Motion [Docket No. 5390] (the "**Opposition**"); and the Court having held a hearing to

consider the requested relief on April 8, 2010 (the "**Hearing**"), and based upon the

Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that Mr. Stasko shall give notice of this ruling to the Michigan Court, and it is further

ORDERED that Mr. Stasko shall withdraw the Michigan Case, and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       April 21, 2010

                                   *s/ Robert E. Gerber*
                                   THE HONORABLE ROBERT E. GERBER
                                   UNITED STATES BANKRUPTCY JUDGE



Exhibit - 2



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED

APR 19 2010

CLERK'S OFFICE
U S DISTRICT COURT
EASTERN MICHIGAN

STANLEY R STASKO

Plaintiff,

v

GENERAL MOTORS CORPORATION,

Defendant

Case No 09-14827
Honorable Julian Abele Cook, Jr

## ORDER

On April 12, 2010, the Court conducted a hearing regarding, *inter alia*, (1) the effect, if any, of a "stay of litigation" order that had been imposed upon the parties in a lawsuit (including the Defendant, General Motors Corporation, now known as Motors Liquidation Company), by the Bankruptcy Court for the Southern District, of New York, and (2) an application for the appointment of counsel that had been proffered by the *pro se* Plaintiff, Stanley R Stasko, in the case that is currently pending before this Court

For the reasons that were set forth on the record at the conclusion of the April 12th hearing, the Court will, and must, administratively close this case during the duration of the bankruptcy proceedings involving the Defendant in the Southern District of New York  Upon the termination of these bankruptcy proceedings in New York, either party may file a motion, which would seek to reopen this case, within a period of sixty (60) days from the date of final resolution of the above-listed bankruptcy case.

1

Turning to the second issue (i e , the appointment of counsel) and despite the initial willingness of the Court to process the Plaintiff's application, it now notes that upon a reevaluation of this matter (including an examination of an affidavit which sets forth his financial resources),[1] the appointment of a *pro bono* attorney under these circumstances is neither justified nor warranted The underlying purpose of selecting a *pro bono* attorney is designed to, among other things, assist those persons who are indigent and are in need to legal advice and assistance  The selection of a *pro bono* attorney is, in essence, restricted to those persons who are unable to represent themselves for reasons that are presumptively economic

The Court concludes that the granting of the Plaintiff's request for the appointment of a *pro bono* attorney would violate the spirit as well as the overall policy of this Court to restrict its selection to those persons whose current economic status would deny them an opportunity to receive equal justice under the law  Thus and under the circumstances that are presently known to the Court, the request of the Plaintiff for the appointment of a *pro bono* counsel does not satisfy this standard and  therefore must be denied


IT IS SO ORDERED

Dated   April 19, 2010                           S/Julian Abele Cook, Jr
        Detroit, Michigan                        JULIAN ABELE COOK, JR
                                                 United States District Court Judge

---

[1] Although the Plaintiff is currently unemployed, he states in his application that he has approximately $115,110 in a bank account

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U S mail to the non-ECF participant Stanley Stasko, 27653 Lexington Parkway, Southfield, MI 48076 on April 19, 2010

s/ Kay Doaks
Case Manager



3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

In re                                         :

**Bankruptcy of Motors Liquidation Company**   :       Chapter 11

(f/k/a General Motors Corporation) ("MLC")    :

                                              :       Case No. 09 - 50026 (REG)

              Debtor.                          :

------------------------------------------------x

## AFFIRMATION OF SERVICE

A copy of the (1) Notice  United States District Court – Eastern District of Michigan

Administratively Closed Stasko v  General Motors Corporation, (2) United States

Bankruptcy Court – Southern District of New York Proof of Claim has been served upon

the Debtor in the manner indicated below

Name of Debtor Served          Motors Liquidation Company

                               (f/k/a General Motors Corporation)        APR 3 '  '

                               Weil, Gotshal & Manges LLP

                               767 Fifth Avenue New York, New York 10153

Date of Service  April 28, 2010

Method of Service and Declaration  I, Stanley R  Stasko, served Debtor by U S  Priority

mail a copy of the above specified items  I declare the information contained in this

Affirmation of Service is true and correct

Signature of Server.  _____          Date: April 28, 2010

Server's Address  27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917