# EXHIBIT C

```
                                                                          1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3   STANLEY R. STASKO,

 4              Plaintiff,
                                    HON. JULIAN ABELE COOK, JR.
 5   v.                             No. 09-14827

 6   GENERAL MOTORS CORPORATION
     GENERAL MOTORS-GLOBAL
 7   HEADQUARTERS,

 8              Defendant.
                                   /
 9

10
                          STATUS CONFERENCE
11
                       Monday, April 12, 2010
12
                              2:24 p.m.
13

14   APPEARANCES:

15      For the Plaintiff:         STANLEY R. STASKO, Pro Se

16

17

18

19

20

21

22

23

24          To Obtain Certified Transcript, Contact:
             Leann S. Lizza, CSR-3746, RPR, CRR, RMR
25                        (313) 965-7510
```

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Status conference | 3 |

| Exhibits: | Received |
|---|---|
| (None offered.) | |

STATUS CONFERENCE                                3

```
 1                                  April 12, 2010
 2                                  Detroit, Michigan
 3                          -  -  -
 4      (Call to order of the court, 2:24 p.m.)
 5          THE COURT CLERK:  The Court calls case number
 6   09-14827, Stasko versus General Motors Corporation.
 7          THE COURT:  Good afternoon.
 8          MR. STASKO:  Good afternoon, Your Honor.  My name is
 9   Stanley Stasko.
10          THE COURT:  I'll ask you two things at issue.  Speak
11   up and, also, could you stand.
12          MR. STASKO:  Sure.
13          THE COURT:  And it is a practice in our court that
14   when addressing the Court, the speaker stands.
15          MR. STASKO:  Okay.
16          THE COURT:  And -- you may use the lectern if you
17   desire.
18          This is a case -- first of all, are you an attorney?
19          MR. STASKO:  No, I'm not.
20          THE COURT:  Do you have any trained, legal experience?
21          MR. STASKO:  No.
22          THE COURT:  You're alone today in the courtroom.  Do I
23   assume that you are without counsel?
24          MR. STASKO:  That is correct.
25          THE COURT:  This is a case in which you filed a
```

1   lawsuit against General Motors Corporation; is that correct?
2           MR. STASKO: Correct.
3           THE COURT: My record indicates that you filed this
4   lawsuit without benefit of counsel on December the 11th of
5   2009; is that correct?
6           MR. STASKO: Correct.
7           THE COURT: Furthermore, that on the 11th of March of
8   this year, I issued an order which denied your request for the
9   entry of a default judgment against the Defendant General
10  Motors. Is that correct?
11          MR. STASKO: I think I requested a hearing and the
12  hearing was denied. I followed up by putting in a -- I put in
13  a request for clerk's entry of default and I put in a default
14  request and judgment. The hearing that I requested was denied.
15          THE COURT: In the -- that on the 16th of March of
16  2010, the Defendant's counsel filed a document which was, in
17  effect, a suggestion of bankruptcy. In this notice the
18  Defendant's counsel asserted that on June 1st of last year that
19  General Motors Corporation, as we know it, or knew it, filed a
20  petition in bankruptcy court, in the United States Bankruptcy
21  Court in the Southern District of New York. Are you aware of
22  that, sir?
23          MR. STASKO: Recently, yes.
24          THE COURT: You say recently. What do you mean?
25          MR. STASKO: I don't keep an active track of the

1  current events on the radio and the television. When I filed
2  my Complaint, I was informed approximately, say, three or four
3  weeks after that, in early January, and received a letter from
4  the Defendant, General Motors, asking me to withdraw my suit
5  against General Motors because it's in bankruptcy.
6       THE COURT: On April 9 of this year I received a
7  letter in the form of facsimile transmission from the
8  Defendant's bankruptcy counsel. In his letter to the Court he
9  indicated that as much as his client is currently in bankruptcy
10 that the automatic stay is in effect. Did you see such a
11 letter?
12      MR. STASKO: No, I did not. There was -- on April --
13 on Thursday, April the 8th, I was -- I attended the New York
14 Bankruptcy Court via court call. I called in. And so the
15 letter from April the 9th I have not seen at all.
16      THE COURT: All right. Accept my representation that
17 it contains what I just told you.
18      MR. STASKO: Okay.
19      THE COURT: This letter, in many ways, confirmed what
20 you just said because the Defendant's bankruptcy counsel
21 indicated that on February 19th of this year that you had filed
22 a motion for relief from the automatic stay, and then on the
23 8th of April the bankruptcy court conducted a hearing regarding
24 your request in which you were permitted to participate by
25 telephone.

1    MR. STASKO: Yes. I did participate in the bankruptcy
2  hearing on the 8th.
3    THE COURT: You just may not be certain about the
4  dates?
5    MR. STASKO: Oh, I'm certain about the April the 8th.
6  I am certain about it.
7    THE COURT: All right. On the 8th of April, the
8  bankruptcy judge made the -- strike that.
9    Section 362 of the bankruptcy code provided that --
10  the following with regard to the filing of the bankruptcy
11  petition: That it, quote, operates as a stay applicable to all
12  entities of the commencement or continuation including the
13  issuance or employment process of a judicial administrative or
14  other action or proceeding against the debtor and was or could
15  have been commenced before the commencement of the case under
16  this title or to recover a claim against the debtor that arose
17  before the commencement of the case under this title and any
18  act to attain possession or property of the estate or property
19  from the estate or to exercise control over proper of the
20  estate, end quote.
21    That quote comes from Title 11, United States Code
22  Section 362 (a)(1) and (a)(1)(3).
23    It is my understanding that the bankruptcy court
24  directed you to, quote, withdraw your lawsuit entirely and did
25  not allow it to be merely stayed -- strike that.

STATUS CONFERENCE

7

1     Based on my information I am apprised that the
2  bankruptcy court advised you to, quote, withdraw your lawsuit
3  entirely and not -- and to not allow it to be merely stayed,
4  end of quote. Do you recall such language, Mr. Stasko?
5     MR. STASKO: Yes. I was given two instructions by the
6  judge. First instruction was that my motion for relief from
7  automatic stay was denied. Second instruction I was given by
8  the judge, that I was to inform the U.S. District in the
9  Eastern District of Michigan that I was instructed to withdraw
10 my case against General Motors.
11    THE COURT: Have you withdrawn your case?
12    MR. STASKO: No, I have not, Your Honor.
13    THE COURT: What is your view with regard to the stay
14 of the proceedings?
15    MR. STASKO: It is my intention, based on several
16 reasons, to appeal the bank -- I'm sorry, the bankruptcy
17 court's decision.
18    THE COURT: All right. I believe that the bankruptcy
19 court judge did make an appropriate decision when he ordered
20 the stay, and I will enforce that. I will not enforce his
21 directive that you withdraw your lawsuit entirely. That will
22 be -- however, I will, for administrative purposes, dismiss the
23 lawsuit. Let me explain what I'm saying.
24    MR. STASKO: Okay.
25    THE COURT: I've used the word "administrative" which

STATUS CONFERENCE                                        8

1    means we're just putting this to the side to await the
2    conclusion in the bankruptcy proceeding involving what is now
3    the former General Motors.
4         MR. STASKO:  Okay.
5         THE COURT:  At the conclusion of the bankruptcy
6    proceeding, you, as a petitioner, would have the right to file
7    a petition with our Court asking that the -- this case be
8    returned to its docket.
9         MR. STASKO:  Okay.
10        THE COURT:  And I -- without the word
11   "administratively," by my dismissing the case, it would mean
12   that you could not bring the case back into the court.  But
13   "administratively," it simply means I want to get it off the
14   accounting.  Basically we are asked in this court to account
15   every case that's been heard in this case.
16        MR. STASKO:  Okay.
17        THE COURT:  By doing it administratively, we are
18   putting it to the side so we won't have to count it, we won't
19   have to keep referring to it month and month, year after year.
20        MR. STASKO:  Understood.  I think if I may try, from a
21   layperson's standpoint.
22        THE COURT:  Go right ahead.
23        MR. STASKO:  If I'm successful in my appeal of the
24   judge's -- bankruptcy judge's, court's decision and I do get
25   relief of the automatic stay, then the claim against General

STASKO v. GENERAL MOTORS, 09-14827

STATUS CONFERENCE                                              9

1  Motors in this court can be reinstated?
2       THE COURT: Yes. Now, let me explain to you. I have
3  very serious doubts about the viability of an appeal because
4  the Court of Appeals in the Sixth Circuit may say two things.
5  One, this case is not a final case because Judge Cook has
6  dismissed this administratively. The second is, I believe, the
7  statute which allows the bankruptcy court to issue a stay is
8  rather firm and I believe is not truly contestable. But you
9  have a right to appeal it if you desire. My guess, it's going
10 to be an unsuccessful effort, but I believe that you should
11 take whatever course of action you should take. I do also
12 recommend, though not direct you, to seek counsel. Is there a
13 reason why you haven't gotten a counsel?
14      MR. STASKO: On three occasions I've tried. On at
15 least three occasions I tried to seek counsel. The first time
16 I tried to seek counsel, Your Honor, approximately in 1990 I
17 had a loss of memory because of the fall. When I finally
18 realized that I -- if I may use -- this is my nonlegal term.
19 General Motors discriminated against me, and my memory was just
20 beginning to recover. I tried seek counsel. When I talked to
21 counsel and they found out that I had been -- left General
22 Motors and ten years had elapsed, they had showed no interest
23 in the case itself. I also tried to seek counsel relatively
24 recently prior to the -- probably in like the October 1st time
25 frame when I described all the details of the case. The

STASKO v. GENERAL MOTORS, 09-14827

1   attorney almost started to laugh a little bit, and then he did
2   show a little interest, but that didn't work out. And recently
3   I've been trying to seek counsel and I don't get calls back and
4   no interest in the case. So I've been trying to get help, and
5   from my perspective this case should have started back in 2005,
6   but no one's been willing to give me any help.
7           THE COURT: Thank you for your comments. I can
8   only -- I cannot give you advice. I cannot -- but other than
9   to continue to try to get counsel to help you with your case.
10  But for now let me just at least tell you that your claim
11  against what is General Motors, which is now known as Motors
12  Liquidation Company, will be dismissed administratively. And,
13  once again, that once the bankruptcy stay has -- strike that.
14  Once the bankruptcy stay has been lifted, you'll be entitled to
15  reinstate your case.
16          MR. STASKO: Thank you.
17          Your Honor, I made a request for -- from this Federal
18  District Court to have a lawyer appointed to my case on a pro
19  bono basis. Did you see that request?
20          THE COURT: I have not seen it. Let's see.
21          I do have it now. Document entitled Application For
22  Payment Of Counsel, Financial Statement. I will process it,
23  but I do not offer any real hope for its success, but I will
24  process the application. And at the conclusion of this
25  hearing, I will give to my case manager this document and ask

1   that she process this as quickly as can be done.
2           MR. STASKO: Thank you very much.
3           THE COURT: Do you have any other questions, sir?
4           MR. STASKO: One thing I'm just not clear of -- this
5   is probably because I'm not a lawyer -- I don't understand how
6   a judge in New York bankruptcy court can order a withdraw --
7   because I'm applying for the appeal. I just don't understand
8   how -- seems like to me there's like two different
9   jurisdictions itself. I don't understand how a judge in one
10  court can order a withdrawal in a totally different district.
11          THE COURT: Well, I don't understand it either, and
12  that's why I did not make a ruling on that. I had serious
13  doubts in my mind in the absence of any showing of case
14  authority or statutory authority that a judge can order a
15  person to withdraw the allegation. The judge, I believe, has
16  the right to enforce -- or not enforce the statute, but I don't
17  know that there's any law -- and there may be. Maybe it
18  exists, but I'm not aware of any law that permits such a
19  person, such a judge, to order a litigant to withdraw the
20  allegations.
21          MR. STASKO: Thank you very much for the
22  clarification.
23          THE COURT: All right. So do you understand where we
24  are at this point?
25          MR. STASKO: Yes, I do.

STATUS CONFERENCE                                          12

```
 1          THE COURT:  Any questions?
 2          MR. STASKO:  Is there anything that I need to file
 3   with this -- with the Court?
 4          THE COURT:  No.  But excuse me.
 5          My case manager, Miss Kay Doaks, D-o-a-k-s, is here.
 6   I'm going to at this moment take this to her office and ask her
 7   to process this.  If you want to go to her office now, you can
 8   talk with her.  Go straight out this door, turn left, first
 9   door to the left.  That's where you'll find her.
10          MR. STASKO:  Thank you very much, Your Honor.
11          THE COURT:  All right.  Thank you.
12          THE LAW CLERK:  Court is adjourned.
13       (Proceedings concluded, 2:44 p.m.)
14                          -   -   -
```

STASKO v. GENERAL MOTORS, 09-14827

13

```
 1                   CERTIFICATION OF REPORTER
 2
 3
 4     I, Leann S. Lizza, do hereby certify that the
 5   above-entitled matter was taken before me at the time and
 6   place hereinbefore set forth; that the proceedings were duly
 7   recorded by me stenographically and reduced to computer
 8   transcription; that this is a true, full and correct
 9   transcript of my stenographic notes so taken; and that I am
10   not related to, nor of counsel to either party, nor interested
11   in the event of this cause.
12
13
14   S/Leann S. Lizza                              12-22-10
15   Leann S. Lizza, CSR-3746, RPR, CRR, RMR       Date
16
17
18
19
20
21
22
23
24
25
```