**HEARING DATE AND TIME: March 9, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 2, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                 :

In re                           :        **Chapter 11 Case No.**
                                 :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :

                                 :
                     **Debtors.**     :        **(Jointly Administered)**
                                 :

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO**

PLEASE TAKE NOTICE that upon the annexed Objection, dated February 4,

2011 (the "**Objection**") of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), to the allowance of

Proof of Claim No. 70285 filed by Stanley R. Stasko, all as more fully set forth in the Objection,

a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge,

in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004, on **March 9**, **2011 at 9:45 a.m. (Eastern Time)**,

or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Objection must be

in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of

the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xii) Stanley R. Stasko, 27653 Lexington Pkwy, Southfield, MI 48076, so as to be received no later than **March 2, 2011, at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no response is timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       February 4, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                     :
In re                                :    Chapter 11 Case No.
                                     :
MOTORS LIQUIDATION COMPANY, et al.,  :    09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                     :
                      Debtors.       :    (Jointly Administered)
                                     :
-------------------------------------------------------------x
```

## DEBTORS' OBJECTION TO
## <u>PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO</u>

# TABLE OF CONTENTS

**Page(s)**

RELIEF REQUESTED..................................................................................................1

JURISDICTION ........................................................................................................1

BACKGROUND ........................................................................................................2

THE STASKO POC FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE
    GRANTED ...........................................................................................................5

THE STASKO POC IS TIME-BARRED BY THE APPLICABLE STATUTE OF
    LIMITATIONS.....................................................................................................7

THE STASKO POC WAS FILED AFTER THE BAR DATE......................................8

NOTICE...................................................................................................................11

CONCLUSION...………………………………………………………………...........12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.),*
  262 B.R. 223 (S.D.N.Y. 2001) .................................................................................... 7

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) .......................................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................. 5

*Bey v. Stapleton,*
  558 F. Supp. 2d 767 (E.D. Mich. 2007) .................................................................... 7

*District of Columbia v. Carter,*
  409 U.S. 418 (1973) .................................................................................................. 6

*Fields v. Merrill Lynch,*
  301 F.Supp.2d 259 (S.D.N.Y. 2004) ......................................................................... 7

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),*
  398 B.R. 736 (S.D.N.Y. 2008) .................................................................................. 5

*Hayden v. Paterson,*
  594 F.3d 150 (2d Cir. 2010) ...................................................................................... 5

*In re Agway, Inc.,*
  313 B.R. 31 (Bankr. N.D.N.Y. 2004) ........................................................................ 9

*In Re Drexel Burham Lambert Group Inc.,*
  151 B.R. 674 (Bankr. S.D.N.Y. 1993) .................................................................... 10

*In re Enron Corp.,*
  419 F.3d 115 (2d Cir. 2005) .................................................................................... 10

*In re Keene Corp.,*
  188 B.R. 903 (Bankr. S.D.N.Y. 1995) .................................................................... 11

*In re Kmart Corp.,*
  381 F.3d 709 (7th Cir. 2004) ................................................................................... 11

*In re Lehman Bros. Holdings, Inc.,*
  No. 08-13555, 2010 WL 2000326 (Bankr. S.D.N.Y. May 20, 2010) ...................... 11

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*In re M. Fabrikant & Sons, Inc.*,
  2009 WL 3806683 (Bankr. S.D.N.Y. Nov. 10, 2009) ............................................. 6

*In re Musicland Holding Corp.*,
  356 B.R. 603 (Bankr. S.D.N.Y. 2006)........................................................... 11

*In re XO Commc'n Inc.*,
  301 B.R. 782 (Bankr. S.D.N.Y. 2003)........................................................... 9

*Koeppel v. Wachtler*,
  141 A.D.2d 613 (N.Y. App. 1988) ............................................................... 7

*Magee v. DaimlerChrysler Corp.*,
  693 N.W. 2d 166 (Mich. 2005)................................................................. 7

*McCune v. City of Grand Rapids*,
  842 F.2d 903 (6th Cir. 1988) .................................................................. 7

*Michigan Paytel Joint Venture v. City of Detroit*,
  287 F.3d 527 (6th Cir. 2002) .................................................................. 6

*Patane v. Clark*,
  508 F.3d 106 (2d Cir. 2007) ................................................................... 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*,
  507 U.S. 380 (1993)........................................................................... 10

*Spampinato v. M. Breger & Co.*,
  270 F.2d 46 (2d Cir. 1959) .................................................................... 6

*Stanely R. Stasko v. General Motors Corporation* ....................................... 2

*Tulsa Professional Collection Services, Inc. v. Pope*,
  485 U.S. 478 (1982)........................................................................... 9

*Wilson v. Garcia*,
  471 U.S. 261 (1985)........................................................................... 7

**Statutes**

11 U.S.C. § 105(a) ............................................................................ 11

11 U.S.C. § 502(c) ............................................................................ 5

28 U.S.C. § 1334.............................................................................. 1

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

28 U.S.C. § 157 ................................................................................................................... 1

42 U.S.C. § 1983 ........................................................................................................ 2, 6, 7

42 U.S.C. § 2000e-5(e)(1) .................................................................................................. 7

Executive Law §296(1)(a) ................................................................................................. 7

Fed. R. Bankr. P. 1015(c) ................................................................................................ 11

Fed. R. Bankr. P. 3003(c)(3) ............................................................................................. 8

Fed. R. Bankr. P. 3007(d)(4) ............................................................................................. 8

Fed. R. Bankr. P. 9006(b)(1) .................................................................................. 9, 10, 11

Fed. R. Bankr. P. 9007 ..................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 5

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.      The Debtors file this Objection (the "**Objection**"), pursuant to section 502(b) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the

deadline (the "**Bar Date**") for filing proofs of claim against MLC and certain other Debtors and

the procedures relating to the filing of proofs of claim against MLC and certain other Debtors

(the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging

Proof of Claim No. 70285 (the "**Stasko PoC**," a copy of which is attached hereto as **Exhibit**

**"A"**) filed by Stanley R. Stasko ("**Claimant**").  The Debtors have examined the Stasko PoC and

the hundreds of pages of related documents Claimant has filed in these chapter 11 cases and

related proceedings.  Because the Stasko PoC fails to state a claim on which relief can be

granted, is time-barred by the applicable statute of limitations, and was filed after the Court-

imposed Bar Date for filing proofs of claim in these chapter 11 cases, the Debtors request the

entry of an order disallowing and expunging the Stasko PoC from the Debtors' claims register.

**Jurisdiction**

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.       On September 16, 2009, this Court entered the Bar Date Order which, among

other things, established November 30, 2009 as the Bar Date and set forth procedures for filing

proofs of claim.  The Bar Date Order states that any party that fails to file a proof of claim on or

before the Bar Date shall be forever barred, estopped, and enjoined from asserting such claims

against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or

liability with respect to such claim.  (Bar Date Order at 5)  On or before October 15, 2009, the

Debtors published notice of the Bar Date in nine publications including, without limitation,

*Financial Times*, *The Wall Street Journal* (Global Edition – North America, Europe, and Asia),

*The New York Times* (National), *USA Today* (Monday through Thursday, National), and *Detroit

Free Press/Detroit News*.

4.       Claimant did not file a proof of claim on or before the Bar Date.  Rather, on

December 11, 2009, Claimant commenced a lawsuit in the United States District Court for the

Eastern District of Michigan (the "**Michigan Court**") styled *Stanely R. Stasko v. General Motors

Corporation*, case number 2:09-cv-14827 (the "**Michigan Action**").  The complaint (the

"**Complaint**") in the Michigan Action, attached hereto as **Exhibit "B,"** alleges a cause of action

under 42 U.S.C. § 1983 for "deprivation of rights" and seeks monetary compensation "for the

estimated loss by the plaintiff for actual work performed at General Motors Corporation from

approximately July 1983 to August 1995" (Ex. B at 13) and "punitive damages for a hostile work

environment." (Ex. B at 14)  The Complaint does not contain any facts describing how

Claimant's rights were allegedly deprived or in what ways Claimant's work environment was

hostile; however, the voluminous exhibits attached to the Complaint include an essay authored

by Claimant in which he alleges various instances in which he incurred religious discrimination

and race baiting while employed at General Motors Corporation ("**GM**"). (Ex. B at Ex. 7, pp. 13 – 25) Prior to commencement of the Michigan Action, the Debtors were not aware that Claimant was a potential creditor of the Debtors.

5.      Claimant did not seek or obtain relief from the automatic stay prior to commencing the Michigan Action.  Accordingly, on January 7, 2010, counsel for the Debtors sent a letter to Claimant advising him of these chapter 11 cases and asking that he withdraw the Michigan Action for violating the automatic stay.  Claimant did not withdraw the Michigan Action, and on February 19, 2010, Claimant filed a motion (the "**Lift Stay Motion**") seeking to vacate the automatic stay to proceed with the Michigan Action (ECF No. 5151). Notwithstanding his knowledge of these chapter 11 cases and the automatic stay, on March 19, 2010, Claimant filed a Request for Clerk's Entry of Default (the "**Request for Default**") in the Michigan Action seeking $2,775,266 in damages against the Debtors.

6.      The Debtors filed an opposition to the Lift Stay Motion, and on April 8, 2010, this Court heard oral argument on the Lift Stay Motion.  During the course of the hearing regarding the Lift Stay Motion, this Court observed "it's an important fact, that no proof of claim was filed"  and that, "[t]here are circumstances . . . where there are some good arguments that, having put the debtor on notice of things that took place and/or by reason of surrounding circumstances, might make the failure to file a proof of claim, and a later request to file a late one, subject to legitimate debate, but this is not one of them."  (Apr. 8, 2010 Hr'g Tr. at 41:12-18)  This Court denied the Lift Stay Motion and ordered that Claimant "withdraw his lawsuit entirely and [] not allow it to merely be stayed." (*Id.* at 39:16-18)

7.      On April 12, 2010, Claimant appeared at a hearing (the "**Michigan Hearing**") before the Michigan Court regarding his Request for Default.  Due to the automatic stay, the

Debtors did not attend the Michigan Hearing; however, they sent the Michigan Court a letter

regarding these chapter 11 cases and a copy of the transcript from this Court's hearing at which

the Court denied the Lift Stay Motion.  A transcript of the Michigan Hearing is attached hereto

as **Exhibit "C."**  In discussing the Debtors' chapter 11 cases and this Court's denial of the Lift

Stay Motion, the Michigan Court explained to Claimant: "I will not enforce [the Bankruptcy

Court's] directive that you withdraw your lawsuit entirely . . . however, I will, for administrative

purposes, dismiss the lawsuit."  (Ex. C at 7:20-23)  The Michigan Court further stated to

Claimant "[o]nce the bankruptcy stay has been lifted, you'll be entitled to reinstate your case."

(*Id.* at 10:14-15).

8.     On April 19, 2010, the Michigan Court issued an order, (the "**Michigan Court**

**Order**") consistent with its oral ruling, finding that it:

> will, and must, administratively close this case during the duration
> of the bankruptcy proceeding involving the Defendant in the
> Southern District of New York.  Upon the termination of these
> bankruptcy proceedings in New York, either party may file a
> motion, which would seek to reopen this case, within a period of
> sixty (60) days from the date of final resolution of the above-listed
> bankruptcy case.

The Michigan Court Order is attached as Exhibit 2 to the Stasko PoC.  The Michigan Action

remains administratively closed.

9.     On May 3, 2010, Claimant commenced an appeal (the "**Appeal**") of this Court's

ruling denying the Lift Stay Motion.  The Appeal has been fully briefed and the parties are

awaiting a ruling on the Appeal.

10.     On May 12, 2010, in contravention of the Bar Date Order and without leave of

this Court, Claimant filed the Stasko PoC (Proof of Claim No. 70285) seeking $2,775,266.  The

Stasko PoC references the Michigan Action as the basis for the claim, although the Complaint

from the Michigan Action is not attached to the Stasko PoC. Nevertheless, in reviewing the Complaint from the Michigan Action and the exhibits thereto, the Debtors maintain that the Michigan Action does not provide a valid basis for the Stasko PoC and Claimant is time barred from pursuing the Stasko PoC both due to the applicable statute of limitations and the Bar Date Order.

### The Stasko PoC Fails to State a Claim on Which Relief Can Be Granted

11.     The Court should expunge the Stasko PoC because it fails to state any plausible claims on which relief may be granted. Dismissal of a proof of claim under 11 U.S.C. § 502(c) is equivalent to dismissing a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. *See Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.*), 398 B.R. 736, 748 (S.D.N.Y. 2008) (affirming bankruptcy court's dismissal of proof of claim for failure to state a plausible claim on which relief may be granted).

12.     A plaintiff must plead more than the possibility of relief to survive a motion to dismiss. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (applying New York law) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). As the Supreme Court has recently made clear: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "[i]n order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

13.    In ruling on a motion to dismiss, the Southern District of New York applies a two-part analysis.  "First, the court should begin by 'identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of the truth.'"  *In re M. Fabrikant & Sons, Inc*., 2009 WL 3806683, at *11 (Bankr. S.D.N.Y. Nov. 10, 2009) (citing *Iqbal*, 129 S. Ct. at 1950).  Second, the court should "give all 'well-pleaded factual allegations' an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief."  *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).  The Stasko PoC fails to meet this standard, and this Court should disallow it in its entirety.

14.    As noted above, the Stasko PoC asserts the Michigan Action as its basis.  The Complaint in the Michigan Action states that it is a "civil action for deprivation of rights" (Ex. B at 2) and relies solely upon 42 U.S.C. § 1983 as its legal basis (*Id.* ¶¶ 7-8).  "To state a valid claim under § 1983, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a definite liberty or property interest."  *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002).  The statute addresses only those deprivations of rights that are accomplished by persons who act under federal or state authority; it does not reach the conduct of purely private citizens who commit wrongful acts.  *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973); *see also Spampinato v. M. Breger & Co.*, 270 F.2d 46, 49 (2d Cir. 1959) (affirming dismissal of section 1983 action brought against private landlords).  At all times while Claimant was employed by GM, GM was not a government actor, and the Michigan Action does not contain any facts or allegations suggesting that GM ever acted under federal or state authority.  At all times relevant to the Complaint, GM was a purely private entity and, therefore, 42 U.S.C. § 1983 does not provide Claimant with a plausible basis for relief.  Accordingly, the Stasko PoC should be disallowed and expunged.

### The Stasko PoC Is Time-Barred by the Applicable Statute of Limitations

15.    Even if the Stasko PoC stated a plausible basis for relief, it should still be

disallowed and expunged on the grounds that the applicable statute of limitations has run.  This

District has recognized the authority of the Bankruptcy Court to apply the statute of limitations

and related dispositive legal defenses in the disallowance of claims.  *Asbestos Claimants v. U.S.*

*Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 262 B.R. 223, 234 (S.D.N.Y. 2001).  Because

42 U.S.C. § 1983 does not contain its own limitations period, the Supreme Court has directed the

federal courts to look to the law of the state where the alleged civil rights violation occurred and

apply that state's most analogous personal injury limitation period.  *Wilson v. Garcia*, 471 U.S.

261, 276-80 (1985).  The events alleged in the Complaint and the exhibits thereto occurred

within Michigan.  The statute of limitations for claims filed in Michigan based on 42 U.S.C.

§1983 is three years.  *Bey v. Stapleton*, 558 F. Supp. 2d 767, 770 (E.D. Mich. 2007) (citing

*McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)).[1]  To comply with that

limitation, a plaintiff must file his lawsuit within three years of when his claim accrues.  *Bey*, 558

F. Supp. 2d at 770.  It is the standard rule that accrual occurs when the plaintiff has a complete

and present cause of action, that is, when the plaintiff can file suit and obtain relief.  *Id.*

---

[1]  Although Claimant only alleges a cause of action under 42 U.S.C. §1983, his claim would similarly be barred by
the statue of limitations for the Michigan, New York, and federal employment discrimination statutes.  Both the
Michigan and New York state laws prohibiting employment discrimination are subject to a three-year limitations
period.  *See, e.g.*, *Magee v. DaimlerChrysler Corp.*, 693 N.W.2d 166, 167 (Mich. 2005) (dismissing employment
discrimination and harassment lawsuit brought under Michigan Civil Rights Act, MCL 37.2101, for violating the
three-year period of limitations); *Koeppel v. Wachtler*, 141 A.D.2d 613, 615 (N.Y. App. 1988) (noting that action
alleging violation of New York's employment discrimination statute, Executive Law §296(1)(a), was governed by
the three-year statute of limitations set forth in CPLR 214(2).)  To sustain a claim under the federal employment
discrimination statute, Title VII of the Civil Rights Act of 1964, a party must file a charge of Discrimination with
the Equal Employment Opportunity Commission within 300 days of the last act of unlawful discrimination.
42 U.S.C. § 2000e-5(e)(1).  "If that charge is not timely filed, a Title VII claim must be dismissed."  *Fields v.
Merrill Lynch*, 301 F. Supp. 2d 259, 262 (S.D.N.Y. 2004).  As noted above, Claimant has not met any of these
deadlines and, accordingly, the Stasko PoC would be time-barred by the statue of limitations even if based upon an
employment discrimination statute.

16.     Claimant resigned from GM on August 25, 1995.  (Ex. B, ¶6)  Assuming *arguendo* that Claimant's claim did not accrue until his last day of employment at GM, he had until August 25, 1998, to commence a lawsuit based on his alleged deprivation of rights by GM.  Thus, the limitations period expired more than a decade before Claimant commenced the Michigan Action, upon which the Stasko PoC is based.

17.     Acknowledging this weakness, the majority of the Complaint is devoted to explaining why the limitations period should be tolled.  In sum, Claimant alleges that he did not discover the injury and loss he incurred until September 1, 2005, due to his loss of memory (Ex. B ¶27) and GM's delay in providing him employment records he had requested during the summer of 2005 (Ex. B. ¶¶17 - 24; 42 - 49).  In the Complaint, Claimant offers the date of September 1, 2005, as the date on which his memory returned and the date from which the limitations period should be calculated. (Ex. B ¶ 24).  Even assuming *arguendo* that the statute of limitations should be tolled until September 1, 2005, the applicable three-year limitations period would have expired on September 1, 2008.  As noted above, Claimant did not commence the Michigan Action until December 12, 2009.  Accordingly, the Michigan Action is time barred and the Stasko PoC should be disallowed and expunged in its entirety.

### The Stasko PoC Was Filed After the Bar Date

18.     Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is done so prior to the deadline fixed by a bankruptcy court.  Fed. R. Bankr. P. 3003(c)(3).[2]  A bar date is not to be disregarded by claimants as it is meant to "function as a statute of limitations and effectively [disallows] late claims in order to provide the Debtor and its

---

[2]    Moreover, Bankruptcy Rule 3007(d)(4) provides that an omnibus objection may be made with respect to claims that were "not timely filed[.]"  Fed. R. Bankr. P. 3007(d)(4).

creditors with finality to the claims process and permits the Debtor to make swift distributions under the Plan." *In re XO Commc'n Inc.*, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003).

19.    Here, the Bar Date Order specifically required proofs of claim to be actually received on or before the Bar Date (Bar Date Order at 3) and Stasko was put on constructive notice of the Bar Date through publication of the Bar Date in major national newspapers and in the *Detroit Free Press/Detroit News*, which circulates in the region within which Stasko resides. Because Stasko was an unknown creditor to the Debtors at all times prior to the Bar Date, publication notice of the Bar Date was sufficient. *See, e.g.*, *Tulsa Prof. Collection Serv's. Inc. v. Pope*, 485 U.S. 478, 490 (1982) ("For creditors who are not reasonably ascertainable, publication notice can suffice.") (internal quotation and citation omitted); *XO Commc'n*, 301 B.R. at 792-93 (because debtor was unaware of the existence of creditor's preference claim, debtor's publication notice of the bar date in the *Wall Street Journal* constituted sufficient notice for unknown creditors); *In re Agway, Inc.*, 313 B.R. 31, 38 (Bankr. N.D.N.Y. 2004) (where creditor is unknown, publication notice satisfies debtor's burden of notification of bar date).  Nevertheless, the Stasko PoC was received on May 12, 2010, more than five months after the Bar Date, and, accordingly, should be disallowed on that basis.

20.    A subsequent question may arise as to whether there were extraordinary circumstances sufficient to constitute  "excusable neglect" to justify extending the time for the Statsko PoC to be filed. *XO Commc'n,* 301 B.R. at 791.  However, pursuant to Bankruptcy Rule 9006(b)(1), such relief can only be granted "on motion."  Fed. R. Bankr. P. 9006(b)(1). Moreover, the burden is "on the claimant[] to prove that he or she did not timely file the proofs of claim because of excusable neglect."  *XO Commc'n*, 301 B.R. at 795; *In re Drexel Burham*

*Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993) (when a party moves for an extension after the bar date, "that party must show" excusable neglect).

21.     Claimant has not moved for an extension under Bankruptcy Rule 9006(b)(1); however, even if sought, it is unlikely that he can make a showing that rises to the level of "excusable neglect." As set forth by the United States Supreme Court in *Pioneer Investor Services Co. v. Brunswick Assocs.*, 507 U.S. 380, 385-87 (1993), whether excusable neglect exists in any particular case hinges on five factors: (i) the degree of prejudice to the debtors; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the claimant; (iv) whether the claimant acted in good faith; and (v) if a claimant had counsel, whether a claimant should be penalized for his counsel's mistake or neglect. In other words, simple inadvertence is not sufficient grounds. In applying *Pioneer*, the Second Circuit has adopted what can be characterized as a hard line test for determining whether a party's neglect is excusable. *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005). The Second Circuit cautions that rarely will the equities favor a claimant who fails to follow a clear court rule. *Id.* at 123.

22.     Here, certain of the *Pioneer* factors weigh heavily against a finding of excusable neglect. As to the first factor (degree of prejudice to a debtor), it must be noted that the Debtors have already filed, and even amended, their joint chapter 11 plan (the "**Plan**") and the hearing to consider confirmation of the Plan is scheduled for March 3, 2011. It would be severely prejudicial to other claimants and these chapter 11 cases to now have to reserve distributions while the standards of excusable neglect and the allowance of the Stasko PoC and other late-filed claims are adjudicated. As to the second factor under *Pioneer* (the length of delay), a court may consider not only when a claim was filed in relation to a bar date, but also how long a claimant

10

waited after the bar date to finally request an extension for its late-filed claim under Bankruptcy Rule 9006(b).  *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004).  Here, considering that Claimant has yet to request an extension and the Bar Date was November 30, 2009, the delay attributable to the Stasko PoC is approximately fourteen months.

23.     Ultimately, "[b]ar dates are 'critically important to the administration of a successful chapter 11 case.'"  *In re Lehman Bros. Holdings, Inc.*, Ch. 11 Case No. 08-13555, 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).  A bar date enables debtors to determine with reasonable promptness, efficiency, and finality what claims will be made against their estates so that distributions to holders of allowed claims can be made as soon as possible.  *See In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Because the Stasko PoC fails to comply with the Bar Date Order and, moreover, fails to state a cognizable factual and legal basis and is time-barred under the applicable statute of limitations, the Debtors request that the Court disallow and expunge the Stasko PoC in its entirety.

### Notice

24.     Notice of this Objection has been provided to Claimant and to the parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

25.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

11

## Conclusion

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.


Dated: New York, New York
    February 4, 2011


                                    /s/ Joseph H. Smolinsky
                                    Harvey R. Miller
                                    Stephen Karotkin
                                    Joseph H. Smolinsky

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                               :

In re                              :          **Chapter 11 Case No.**
                               :

**MOTORS LIQUIDATION COMPANY**, *et al.*,  :       **09-50026 (REG)**
      f/k/a General Motors Corp., *et al.*  :
                               :

                  **Debtors.**      :          **(Jointly Administered)**
                               :
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO
## PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO

Upon the Objection, dated February 4, 2011 (the "**Objection**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as

debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the

deadline for filing proofs of claim of certain Debtors and procedures relating to the filing

of proofs of claim (the "**Bar Date Order**"), ECF No. 4079, seeking entry of an order

disallowing and expunging the Stasko PoC on the grounds that such claim fails to state a

legally cognizably cause of action, is time-barred by the applicable statute of limitations,

and is time-barred under the Bar Date Order, all as more fully described in the Objection;

and due and proper notice of the Objection having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the Objection is in the best interests of the Debtors, their estates,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted as

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

Stasko PoC (Proof of Claim No. 70285) is disallowed and expunged in its entirety; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated:  New York, New York
        _____, 2011

                                            _____
                                            United States Bankruptcy Judge