# EXHIBIT A

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Motors Liquidation Company (f/k/a General Motors Corporation) | Case Number: 09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Stanley R. Stasko

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

*[Stamp: THE GARDEN CITY GROUP, INC. MAY 12 2010]*

Court Claim Number: _____
*(If known)*

Telephone number: (313) 670-6917

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

FILED - 70285
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number: (313) 670-6917

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ __2,775,266.00__
Final amount by U.S. District Court - E.D. Michigan

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Civil Law Suit ; Case #2:09-CV-14827;E.D. Michigan
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 4827
Last four digits from Case #2:09-CV-14827

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
Copy of Complaint and Exhibits from Civil Suit
Case #2:09-CV-14827 U.S. District Court - E.D. Michigan
If the documents are not available, please explain: filed with Motion for Relief
from Automatic Stay

Date: 04/25/2010

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature]*

Stanley R. Stasko 27653 Lexington Pkwy Southfield, Michigan 48076 ; #313-670-6917
Pro Se Litigant

FOR COURT USE ONLY

APR 30 2010

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                     :
Bankruptcy of Motors Liquidation Company                  :     Chapter 11
(f/k/a General Motors Corporation) ("MLC")                :
                                                          :     Case No. 09 - 50026 (REG)
          Debtor.                                         :
-------------------------------------------------------------x

### NOTICE: UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF MICHIGAN ADMINISTRATIVELY CLOSED STASKO V. GENERAL MOTORS CORPORATION

Stanley R Stasko respectfully states                                    APR 3 0 2010

1) that I am the Plaintiff (Pro Se Litigant) in the civil action Stasko vs General Motors Corporation United States District Court – Eastern District of Michigan; Case # 2.09-CV-14827, Honorable Judge Julian Abele Cook

2) that on April 8, 2010, Stanley R Stasko Motion for Relief from Automatic Stay (Bankruptcy Court Docket #5151) was heard by the Honorable Robert E Gerber of the United States Bankruptcy Court of the Southern District of New York

3) that the Bankruptcy Court ordered the Motion for Relief from Automatic Stay is Denied (See Exhibit 1)

4) the Bankruptcy Court ordered "Mr Stasko shall give notice of this ruling to the Michigan Court" (See Exhibit 1)

5) the Bankruptcy Court ordered "Mr Stasko shall withdraw the Michigan Case" (See Exhibit 1)

6) that on April 12, 2010, Stanley R Stasko appeared before Honorable Julian Abele Cook Jr of the United States District Court of the Eastern District of Michigan for "a hearing regarding, inter alia, (1) the effect, if any, of a "stay of litigation" order that had been imposed upon the parties in a lawsuit (including the Defendant, General Motors Corporation, now known as Motors Liquidation Company), by the Bankruptcy Court for the Southern District, of New York" (See Exhibit 2)

7) Stanley R Stasko informed the United States District Court of the Eastern District of Michigan that the Bankruptcy Court Denied the Motion for Relief from Automatic Stay

8) Stanley R Stasko informed the United States District Court of the Eastern District of Michigan that the Bankruptcy Court ordered Mr Stasko to withdraw his case against General Motors Corporation

9) the United States District Court of the Eastern District of Michigan **did not** order Stanley R Stasko to withdraw civil action Stasko vs General Motors Corporation United States District Court – Eastern District of Michigan, Case # 2 09-CV-14827

10) the United States District Court of the Eastern District of Michigan "administratively close this case during the duration of the bankruptcy proceedings involving the Defendant in the Southern District of New York" (See Exhibit 2)

11) the United States District Court of the Eastern District of Michigan ordered "upon the termination of these bankruptcy proceedings in New York, either party may file a motion, which would seek to reopen this case, within a period of sixty (60) days from the date of final resolution of the above-listed bankruptcy case " (See Exhibit 2)

Dated  April 27, 2010

_____
Stanley R Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant



Exhibit - 1



09-50026-mg    Doc 9094-1    Filed 02/04/11    Entered 02/04/11 17:51:40    Exhibit A
Pg 7 of 13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                                       : Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         : 09-50026 (REG)
   f/k/a General Motors Corp., et al.                       :
                                                            :
                        Debtors.                            : (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER DENYING MOTION OF STANLEY R. STASKO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated February 19, 2010 of Stanley R Stasko [Docket No 5151] (the "**Motion**"), requesting relief from the automatic stay to proceed with case number 09-14827 (the "**Michigan Case**"), currently pending in the United States District Court for the Eastern District of Michigan (the "**Michigan Court**"), all as more fully described in the Motion, and the Court having jurisdiction to consider the Motion and the requested relief in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C J ); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors Liquidation Company and its affiliated debtors having filed their opposition to the Motion [Docket No 5390] (the "**Opposition**"); and the Court having held a hearing to consider the requested relief on April 8, 2010 (the "**Hearing**"), and based upon the

Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that Mr. Stasko shall give notice of this ruling to the Michigan Court, and it is further

ORDERED that Mr. Stasko shall withdraw the Michigan Case, and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
April 21, 2010

*s/ Robert E. Gerber*
THE HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE



Exhibit - 2



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
APR 19 2010
CLERK'S OFFICE
U S DISTRICT COURT
EASTERN MICHIGAN

STANLEY R STASKO

Plaintiff,

v

GENERAL MOTORS CORPORATION,

Defendant

Case No 09-14827
Honorable Julian Abele Cook, Jr

### ORDER

On April 12, 2010, the Court conducted a hearing regarding, *inter alia*, (1) the effect, if any, of a "stay of litigation" order that had been imposed upon the parties in a lawsuit (including the Defendant, General Motors Corporation, now known as Motors Liquidation Company), by the Bankruptcy Court for the Southern District of New York, and (2) an application for the appointment of counsel that had been proffered by the *pro se* Plaintiff, Stanley R Stasko, in the case that is currently pending before this Court

For the reasons that were set forth on the record at the conclusion of the April 12th hearing, the Court will, and must, administratively close this case during the duration of the bankruptcy proceedings involving the Defendant in the Southern District of New York  Upon the termination of these bankruptcy proceedings in New York, either party may file a motion, which would seek to reopen this case, within a period of sixty (60) days from the date of final resolution of the above-listed bankruptcy case.

1

Turning to the second issue (i.e., the appointment of counsel) and despite the initial willingness of the Court to process the Plaintiff's application, it now notes that upon a reevaluation of this matter (including an examination of an affidavit which sets forth his financial resources),[1] the appointment of a *pro bono* attorney under these circumstances is neither justified nor warranted. The underlying purpose of selecting a *pro bono* attorney is designed to, among other things, assist those persons who are indigent and are in need to legal advice and assistance. The selection of a *pro bono* attorney is, in essence, restricted to those persons who are unable to represent themselves for reasons that are presumptively economic.

The Court concludes that the granting of the Plaintiff's request for the appointment of a *pro bono* attorney would violate the spirit as well as the overall policy of this Court to restrict its selection to those persons whose current economic status would deny them an opportunity to receive equal justice under the law. Thus and under the circumstances that are presently known to the Court, the request of the Plaintiff for the appointment of a *pro bono* counsel does not satisfy this standard and therefore must be denied.

IT IS SO ORDERED

Dated  April 19, 2010    S/Julian Abele Cook, Jr
       Detroit, Michigan    JULIAN ABELE COOK, JR
                            United States District Court Judge

---

[1] Although the Plaintiff is currently unemployed, he states in his application that he has approximately $115,110 in a bank account.

2

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U S mail to the non-ECF participant Stanley Slasko, 27653 Lexington Parkway, Southfield, MI 48076 on April 19, 2010

s/ Kay Doaks
Case Manager



3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                        :
**Bankruptcy of Motors Liquidation Company**  :    Chapter 11
**(f/k/a General Motors Corporation) ("MLC")** :
                                                             :    Case No. 09 - 50026 (REG)
            Debtor.                                   :
-------------------------------------------------------x

## AFFIRMATION OF SERVICE

A copy of the (1) Notice United States District Court – Eastern District of Michigan Administratively Closed Stasko v General Motors Corporation, (2) United States Bankruptcy Court – Southern District of New York Proof of Claim has been served upon the Debtor in the manner indicated below

Name of Debtor Served    Motors Liquidation Company

(f/k/a General Motors Corporation)    APR 3 ' .  ?

Weil, Gotshal & Manges LLP

767 Fifth Avenue New York, New York 10153

Date of Service April 28, 2010

Method of Service and Declaration I, Stanley R Stasko, served Debtor by U S Priority mail a copy of the above specified items I declare the information contained in this Affirmation of Service is true and correct

Signature of Server. _/s/_    Date: April 28, 2010

Server's Address 27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917