**Nicholas J. Persich, M.D.**
**219 Aris Avenue**
**Metairie, Louisiana   70005**
**(504)456-6701**
**charlene008@aol.com**

February 4, 2011

United States Bankruptcy Court
Southern District of New York
Honorable Robert E. Gerber
One Bowling Green
New York, New York   10004

Re:   Motors Liquidation Company, et al.
      Chapter 11 Case No.  09-50026 (REG)

**<u>Response to Debtor's 152nd and 155th Omnibus Objections to Claims for Equity Interests.</u>**

1.   Attorneys for Debtors assert that Debtors had issued hundreds of millions of shares of common equity that were held by a wide range of investors. The Debtors further assert that approximately 1,000 proofs of claim were filed against the Debtors that assert nothing more than the mere ownership of equity interests in the Debtors (the "Claims for Equity Interests"). The Debtors also assert that the vast majority of the Claims for Equity Interests apparently were filed by holders of equity interests who erroneously believed that filing a proof of claim was necessary to preserve an entitlement to a potential distribution on account of their equity interests or erroneously

believed that they could assert a claim for the purchase price of their equity interests.

2.  The Debtors assert that the Claims for Equity Interests are objectionable because only a creditor may file a proof of claim, and an equity interest holder is not a creditor. The Debtors assert that under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders".

## The Relief Requested by Debtors Should Not Be Allowed by the Court

3.  Several months prior to General Motors' declaration of bankruptcy, then CEO, Rick Wagoner, sent a letter to stockholders. This letter addressed many issues and concerns, but stressed without any ambiguity that GM was poised for the future and had every intention of being successful. This was a fallacious lie.

4.  At no time was bankruptcy mentioned. This information was in fact withheld from shareholders. In doing so, General Motors misled its shareholders thereby preventing shareholders from exercising their right to sell their shares of stock. These shares of stock obviously became worthless once the bankruptcy announcement was made.

5. Furthermore, General Motors' failure to notify stockholders of its obvious intent to declare bankruptcy is tantamount to insider information which violates SEC rules and policy. In so doing, General Motors effectively made stockholders "claimants". GM committed fraud and withheld insider information which would have obviously caused stockholders to act otherwise.

6. Shareholders put their trust and their money into General Motors and now have no recourse but to pursue claims against this once great company. This shareholder respectfully requests that the Court deny the relief requested by the Debtors due to their negligence and misleading information to shareholders, and allow the claims filed against the Debtors to remain intact.

Submitted: <u>February 5</u>, 2011
Metairie, Louisiana
Jefferson Parish

_____
Nicholas J. Persich, M.D., F.A.C.P.