Hearing Date and Time: March 3, 2011 at 9:45 a.m. (Eastern Time)
Objection Deadline: February 11, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | |
| Debtors. | (Jointly Administered) |

### CENTERPOINT ASSOCIATES, LLC'S LIMITED OBJECTION TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

CENTERPOINT ASSOCIATES, LLC, f/k/a Centerpoint Associates Limited Partnership ("Centerpoint"), by and through its undersigned attorneys, for its Limited Objection to Confirmation of the Debtors' Amended Joint Chapter 11 Plan [Docket No. 8015] (the "Plan") states as follows:

1. Centerpoint is an interested party in the above-styled Chapter 11 proceeding by virtue of a Ground Lease, dated August 22, 1994, and subsequent amendments thereto, (the "Ground Lease")[1] wherein General Motors Corp., n/k/a Motors Liquidation Company, (the "Debtor") is the Landlord and Centerpoint is the Tenant in relation to the development of certain real estate.

---

[1] The Ground Lease and amendments thereto are voluminous and are not attached to this Objection. However, a copy of such will be provided upon request made to undersigned counsel. Upon information and belief, the Debtor is in possession of a copy of the Ground Lease.

2. In the Ground Lease, the Debtor leases to Centerpoint certain real property in the City of Pontiac, Michigan, known as the Centerpoint Business Campus (the "Leased Premises"), for the purpose, *inter alia*, of constructing improvements thereon. Since the inception of the Ground Lease in 1994, nearly all of the individual parcels of land which comprise the Leased Premises have been developed by Centerpoint. Rent has been and continues to be paid to the Debtor based on Net Proceeds from the development (as defined in the Ground Lease). A few parcels of land within the Centerpoint Business Campus have not yet been improved; nevertheless, all of the Leased Premises remain subject to the provisions of the Ground Lease.

3. The Plan proposed by the Debtor provides for a quit-claim deed transfer of the Leased Premises, as well as an assumption of the Ground Lease, to the Environmental Response Trust ("ERT"), as defined by the *Environmental Response Trust Consent Decree and Settlement Agreement* (the "ERT Agreement"), attached to the Plan as Exhibit C. The subject real property, including the Ground Lease and any other encumbrances, is identified on Attachment "A" of the ERT Agreement as "MLC Site ID #1311 – Centerpoint Land (Etkin ground lease)."[2]

4. As referenced in its title, the Environmental Response Trust is being established by the Debtor, *inter alia,* as a means of addressing the environmental remediation of various real properties owned by the Debtor and the eventual sale or transfer of such properties post-confirmation. Although the Leased Premises do not have any known remediation issues, it has been earmarked for transfer to the ERT. It is anticipated that the Leased Premises will be eventually sold by the ERT in accordance with the terms of the ERT Agreement.

---

[2] Attachment "A" lists other Centerpoint properties, including MCL Site ID #s 1305, 1307 and 1309. Since no legal descriptions have been provided, it is not possible to tell whether these Sites include any of the real property that may be subject to the Ground Lease. Thus, this objection is intended to, and shall apply, to any other Site designated for transfer to the ERT and which may be subject to the Ground Lease.

5.  The ERT Agreement includes certain guidelines for any sale of real property by the ERT. These are described in Paragraphs 64 through 66 of the ERT Agreement and they include, *inter alia,* "the potential for the reuse to create jobs in the State, and the affected community" and "the reputation and credibility of the prospective purchaser." These guidelines for sale may make sense with regard to many of the properties which are being transferred to the ERT, most of which apparently require environmental remediation of some sort (unlike the Leased Premises which are the subject of Centerpoint's Ground Lease with the Debtor). However, the Ground Lease already addresses the circumstance of a sale of the Leased Premises by the Debtor.

6.  Centerpoint objects to any terms in the proposed ERT Agreement which might be construed as a modification of the Ground Lease, particularly with regard to Centerpoint's rights with regard to the future sale, transfer or development of the subject real property. Pursuant to the terms of the Ground Lease, Centerpoint is entitled to a "right of first refusal" with regard to the sale of any of the Leased Premises to another party. According to Section 25.08 of the Ground Lease, Centerpoint has thirty (30) days from written notice thereof in which to decide whether to match any bona fide offer to purchase the Leased Premises from the Debtor.

7.  In order to effectuate this provision of the Ground Lease, Centerpoint must receive no less than thirty (30) days' written notice of any offer which has been made to, or has been solicited by, the Debtor in connection with the Leased Premises. More importantly, Centerpoint has an unfettered right to match any offer <u>and</u> to purchase the property, regardless of the criteria for sale which have been identified in the ERT Agreement. Centerpoint objects to any transfer of the Debtor's interest in the Ground Lease or to any transfer of any of the Leased

Premises without proper notice being provided to Centerpoint and without Centerpoint having an appropriate opportunity to evaluate the proposed sale and to object to such, if warranted.

8. It also must be emphasized that any sale, transfer or development of the Leased Premises remains subject to the Ground Lease and the terms of the Ground Lease cannot be modified by a transfer to a third party.

9. Further, the Leased Premises, or any parcel thereof, can only be sold or transferred consistent with the terms of the Ground Lease and the planned development of the area as a mixed-use park for office, research and development, applied technology, light industrial, retail sales and service businesses. The Centerpoint Business Campus is a "Michigan Certified Business Park" and it is subject to a "Declaration of Covenants, Conditions and Restrictions" (the "Declaration")[3] which mandates development of the real property consistent with a Master Plan approved by the City of Pontiac.

10. Centerpoint does not object to the quit-claim transfer from the Debtor to the ERT <u>so long as</u> such transfer is not deemed a sale within the terms of the Ground Lease and <u>so long as</u> the transfer to the ERT includes an assumption of the Ground Lease in its entirety, and that the terms of the ERT Agreement do not modify or nullify any of Centerpoint's rights and remedies under the Ground Lease.

11. Therefore, Centerpoint objects to confirmation of the Debtor's Plan unless it is amended to explicitly state as follows: (a) that the transfer of the Leased Premises to the ERT includes the assumption of the Ground Lease in its entirety and that contractual provisions of the Ground Lease are not being modified or nullified thereby, except that such transfer shall not be deemed a sale within the meaning of the Ground Lease; (b) that the "sale criteria" and other provisions of the ERT Agreement which may be construed as contrary to the terms of the

---

[3] Upon information and belief, the Debtor is in possession of such Declaration.

Ground Lease are inapplicable to the eventual sale or transfer of the Leased Premises by the ERT; and (c) that the terms of the Plan and Confirmation Order will control as to such exemption, notwithstanding language in the ERT Agreement to the contrary.

WHEREFORE, Centerpoint Associates, LLC respectfully requests that the Debtor's proposed Chapter 11 Plan be confirmed only to the extent that it is modified consistent with Centerpoint's objection, and that the Court grant such other and further relief as it deems just and proper.

          Respectfully submitted,

          ERMAN, TEICHER, MILLER,
          ZUCKER & FREEDMAN, P.C.

          */s/ Dianne S. Ruhlandt*
          Dianne S. Ruhlandt (P60483-MI)
          Attorneys for Centerpoint Associates, LLC
          400 Galleria Officentre, Suite 444
          Southfield, MI 48034
          Phone: (248) 827-4100
          Fax:   (248) 827-4106
          druhlandt@ermanteicher.com

Dated: February 11, 2011

F:\CHAP11\GENERAL MOTORS\centerpoint associates\obj confirmation.doc

Hearing Date and Time: March 3, 2011 at 9:45 a.m. (Eastern Time)
Objection Deadline: February 11, 2011 @ 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al.*, | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE RE:**
**CENTERPOINT ASSOCIATES, LLC'S LIMITED OBJECTION**
**TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

I hereby certify that on February 11, 2011, a copy of Centerpoint Associates, LLC's Limited Objection to Debtors' Amended Joint Chapter 11 Plan was duly served to all registered parties through the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York and to the following parties by first class mail and by e-mail, facsimile transmission or hand delivery, as indicated:

Attn: Thomas Morrow
Motors Liquidation Company
401 South Old Woodward Avenue, Ste. 307
Birmingham, MI 48009
By Hand Delivery

Attn: Lawrence S. Buonomo, Esq.
General Motors LLC
400 Renaissance Center
Detroit, MI 48265
By Hand Delivery

Attn: John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
john.rapisardi@cwt.com

Attn: Joseph Samarias, Esq.
U.S. Dept of Treasury
1500 Pennsylvania Avenue NW
Room 2312
Washington, D.C. 20220
Fax: 202-622-6415

Attn: Michael J. Edelman, Esq.
   Michael L. Schein, Esq.
Vedder Price, P.C.
1633 Broadway
47th Floor
New York, NY 10019
mjedelman@vedderprice.com
mlschein@vedderprice.com

Attn: Robert Schmidt, Esq.
   Thomas Moers Mayer, Esq.
   Lauren Macksoud, Esq.
   Jennifer Sharret, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
tmayer@kramerlevin.com
rschmidt@kramerlevin.com
lmacksound@kramerlevin.com
jsharret@kramerlevin.com

Attn: Tracy Hope Davis, Esq.
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
tracy.davis@usdoj.gov

Attn: Elihu Inselbuch, Esq.
   Rita C. Tobin, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Fl
New York, NY 10152-3500
ei@capdale.com
rct@capdale.com

Attn: Sander L. Esserman, Esq.
   Robert T. Brousseau, Esq.
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan St., Ste. 2200
Dallas, Texas 75201
esserman@sbep-law.com
brousseau@sbep-law.com

Attn: David S. Jones, Esq.
   Natalie Kuehler, Esq.
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, Third Floor
New York, NY 10007
david.jones6@usdoj.gov
natalie.kuehler@usdoj.gov

Attn: Trevor W. Swett III, Esq.
   Kevin C. Maclay, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Ste. 1100
Washington, DC 20005
tws@capdale.com
kcm@capdale.com

/s/ Dianne S. Ruhlandt
Dianne S. Ruhlandt (P60483- MI)
Attorneys for Centerpoint Associates, LLC
Erman, Teicher, Miller, Zucker & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
(248) 827-4100
druhlandt@ermanteicher.com

DATED:  February 11, 2011

F:\CHAP11\GENERAL MOTORS\centerpoint associates\cert of service re ltd obj to amended joint chapter 11 plan.doc