Exhibit G

Noteholders' Proofs of Claim and Guarantee Claim (in pertinent parts)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)  09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Appaloosa Investment Limited Partnership I

**Name and address where notices should be sent:**
Appaloosa Investment Limited Partnership I
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: __11/25/09__

*U.S. BANKRUPTCY COURT*
*S.D.N.Y.*
*FILED*
*2009 NOV 30 P 3: 2*

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount. If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**Name and address where payment should be sent (if different from above):**
Appaloosa Investment Limited Partnership I
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000; Fax: (973) 701-7055
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** __$74,182,199.51__ Subject to Attachment
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** __See Attachment__
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:
Value of Property: $_____  Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____
Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case — 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☐ Other — Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 11/30/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| | *James Bolin*  James Bolin, Partner | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08).

**Attachment to Amended Proof of Claim of
Appaloosa Investment Limited Partnership I Against Motors
Liquidation Company f/k/a General Motors Corp, Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.      Appaloosa Investment Limited Partnership I ("Claimant") is the beneficial holder

of (a) £17,727,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the

"2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance

Company ("Finance") in the principal amount of £350,000,000, and (b) £23,534,000 principal

amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and

together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the

principal amount of £250,000,000.  The Notes were issued pursuant to that certain Fiscal and

Paying Agency Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation

Company f/k/a General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A.,

as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency

Agreement").  A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit

A.  Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting

of the holders of each series of the Notes held on June 25, 2009.  Annexed as Exhibit B are: the

Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution

containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record

of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25,

2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the

holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for

the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing

the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of

Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $74,182,199.51 under the Guarantee, representing $67,845,462.30 of principal and $6,336,737.21 of interest due under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.      Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.      the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.      any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.      damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

Appaloosa Investment Limited Partnership I
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

3

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in

4

this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.     The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.     The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.     This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,903,568v9*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**   Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)   09-13558 (REG)

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

U.S. BANKRUPTCY COURT
S.D.N.Y.
FILED
2009 NOV 30 P 3:24

**Name of Creditor (the person or other entity to whom the debtor owes money or property): Aurelius Investment, LLC**

☒ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

Aurelius Investment, LLC          Greenberg Traurig, LLP
535 Madison Avenue, 22nd Floor    200 Park Avenue
New York, New York 10022          New York, NY 10166
Attn: Dan Gropper                 Attn: Bruce R. Zirinsky, Esq.
Fax: (212) 786-5870                      Nancy A. Mitchell, Esq.
                                  Tel: (212) 801-9200

**Court Claim Number:**
*(If known)*

**Filed on:**
___11/25/09___

**Name and address where payment should be sent (if different from above):**

Aurelius Investment, LLC
535 Madison Avenue, 22nd Floor
New York, New York 10022
Attn: Dan Gropper
Fax: (212) 786-5870

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

*If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.*

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ _138,250,962.36_ Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __See Attachment__
   (See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:**
11/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Aurelius Investment, LLC, By: Aurelius Capital Management, LP, solely as investment manager and not in its individual capacity

By: _[signature]_
Name: Dan Gropper, Title: Managing Director

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. Modified B10 (GCG) (12/08).

**Attachment to Amended Proof of Claim of**
**Aurelius Investment, LLC Against Motors**
**Liquidation Company f/k/a General Motors Corp., Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.      Aurelius Investment, LLC ("Claimant") is the beneficial holder of (a) £246,000

principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which

2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the

principal amount of £350,000,000, and (b) £75,450,000 principal amount of Finance's 8.875%

Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the

"Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.

The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation

(the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du

Luxembourg S.A., as paying agent (the "Fiscal and Paying Agency Agreement"). A copy of the

Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A. Certain provisions of the

Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of

the Notes held on June 25, 2009. Annexed as Exhibit B are: the Notice of Meetings of the

holders of each series of the Notes; the Extraordinary Resolution containing certain amendments

to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of

the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of

the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes,

Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes

and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25,

2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,

the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $138,250,962.36 under the Guarantee, representing $124,466,932.80 of principal and $13,784,029.56 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.    damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

Aurelius Investment, LLC
535 Madison Avenue, 22nd Floor
New York, New York 10022
Fax: (212) 786-5870
Email: dgropper@aurelius-capital.com
Attn: Dan Gropper

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

3

10.     This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.     Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.     The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court,

4

with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,889,725v17 11-28-09

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**    Case No.

Your Claim is Scheduled As Follows:

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)    09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Drawbridge DSO Securities LLC

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Drawbridge DSO Securities LLC          Greenberg Traurig, LLP
1345 Avenue of the Americas, 46th Floor    200 Park Avenue
New York, NY 10105                          New York, NY 10166
Attn: Constantine M. Dakolias              Attn: Bruce R. Zirinsky, Esq.
Fax: (212) 798-6099                        Nancy A. Mitchell, Esq.
                                            Tel: (212) 801-9200

**Court Claim Number:**
*(If known)*

Filed on:     11/25/09

2009 NOV 30 P 3 21
U.S. BANKRUPTCY COURT
S.D.N.Y.
FILED

Name and address where payment should be sent (if different from above):

Drawbridge DSO Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: (212) 798-6099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**    $ 27,466,464.50    Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection:

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

| Date: 11/30/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> CONSTANTINE M. DAKOLIAS <br> PRESIDENT | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Modified B10 (GCG) (12/08)**

**Attachment to Amended Proof of Claim of
Drawbridge DSO Securities LLC Against Motors
Liquidation Company f/k/a General Motors Corp., Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.　　Drawbridge DSO Securities LLC ("Claimant") is the beneficial holder of (a) £13,739,961.00 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £1,800,000.00 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.　The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, the Debtor, Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").　A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.　Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.　Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.    Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $27,466,464.50 under the Guarantee, representing $25,552,357.87 of principal and $1,914,106.63 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.    damages for breach of any covenant, representation, warranty or other

---

[1]  Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada.  The Notes are denominated in British pounds.  However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

> Drawbridge DSO Securities LLC
> 1345 Avenue of the Americas, 46th Floor
> New York, NY 10105
> Attn: Constantine M. Dakolias
> Fax: (212) 798-6099

> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> Tel: (212) 801-9200
> Fax: (212) 801-6400
> Email: zirinskyb@gtlaw.com
> Attn: Bruce R. Zirinsky, Esq.
> Email: mitchelln@gtlaw.com
> Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

3

10. This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11. Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12. The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver

4

of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,898,138v9*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**     Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)    09-13558 (REG)

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property): Drawbridge OSO Securities LLC**

Name and address where notices should be sent:
Drawbridge OSO Securities LLC          Greenberg Traurig, LLP
1345 Avenue of the Americas, 46th Floor   200 Park Avenue
New York, NY 10105                       New York, NY 10166
Attn: Constantine M. Dakolias            Attn: Bruce R. Zirinsky, Esq.
Fax: (212) 798-6099                             Nancy A. Mitchell, Esq.
                                         Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: __11/25/09__

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

Drawbridge OSO Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: (212) 798-6099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  __$4,443,560.05__    Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __See Attachment__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U. S. C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date: 11/30/09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**CONSTANTINE M. DAKOLIAS**
**PRESIDENT**

**FOR COURT USE ONLY**

$

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*
**Modified B10 (GCG) (12/08)**

**Attachment to Amended Proof of Claim of**
**Drawbridge OSO Securities LLC Against Motors**
**Liquidation Company f/k/a General Motors Corp., Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.    Drawbridge OSO Securities LLC ("Claimant") is the beneficial holder of (a) £2,058,039.00 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £450,000.00 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.    The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, the Debtor, Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").    A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.    Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.    Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.     Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.     The Debtor owes Claimant the liquidated sum of not less than $4,443,560.05 under the Guarantee, representing $4,123,968.53 of principal and $319,591.52 of interest due under the Notes.[1]

4.     This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.     In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.     Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.     the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.     any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.     damages for breach of any covenant, representation, warranty or other

---

[1]  Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada.  The Notes are denominated in British pounds.  However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

> Drawbridge OSO Securities LLC
> 1345 Avenue of the Americas, 46[th] Floor
> New York, NY 10105
> Attn: Constantine M. Dakolias
> Fax: (212) 798-6099

> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> Tel: (212) 801-9200
> Fax: (212) 801-6400
> Email: zirinskyb@gtlaw.com
> Attn: Bruce R. Zirinsky, Esq.
> Email: mitchelln@gtlaw.com
> Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

3

10.     This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.     Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.     The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver

of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,898,056v9*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting an expense under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property): Elliott International, L.P.**

Your Claim is Scheduled As Follows:

**Name and address where notices should be sent:**

Elliott International, L.P.
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019
Tel: (212) 974-6000
Fax (212) 478-2311
Attn: Elliot Greenberg

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on:  11/25/09

**Name and address where payment should be sent (if different from above):**

Elliott International, L.P.
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019
Tel: (212) 974-6000; Fax (212) 478-2311
Attn: Elliot Greenberg
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $85,698,820.86  Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of your claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**FOR COURT USE ONLY**

**Date:** 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Elliott International, L.P., By: Elliott International Capital Advisors, Inc., as Attorney-in-Fact

By: *[signature]*  Joshua Nadell, Vice President

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**Modified B10 (GCG) (12/08).**

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2009 NOV 30 P 3:22

**Attachment to Amended Proof of Claim of
Elliott International, L.P. Against Motors
Liquidation Company f/k/a General Motors Corp, Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.      Elliott International, L.P. ("Claimant") is the beneficial holder of (a) £46,200,000

principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which

2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the

principal amount of £350,000,000, and (b) £2,400,000 principal amount of Finance's 8.875%

Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the

"Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.

The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation

(the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du

Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").   A copy of the Fiscal and

Paying Agency Agreement is annexed hereto as Exhibit A. Certain provisions of the Fiscal and

Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes

held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each

series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal

and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders

of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023

Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card

2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting

Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009

meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,

the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $85,698,820.86
under the Guarantee, representing $79,927,560.00 of principal and $5,771,260.86 of interest due
under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the
Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing
after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now
indebted and liable to the Claimant for the following unliquidated amounts:

    A.      Claimant's fees, costs, expenses, disbursements, and advances (including
without limitation, compensation, fees, expenses and disbursements of Claimant's agents and
counsel);

    B.      the amount of interest, default interest or defaulted interest, and interest
payable on overdue installments of interest at the rates provided in the Notes and Fiscal and
Paying Agency Agreement;

    C.      any additional Notes that may be acquired subsequent to date hereof, and
Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently
acquired; and

    D.      damages for breach of any covenant representation, warranty or other
provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency
proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the
amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of
1.6443.

2

Elliott International, L.P.
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019
Tel: (212) 974-6000
Fax (212) 478-2311
Attn: Elliot Greenberg

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim or any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,910,722v8

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)

**Case No.**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows:**

FILED
U.S. BANKRUPTCY COURT
2009 NOV 30 P 3:24
S.D.N.Y.

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): FCOF UB Securities LLC

☒ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

FCOF UB Securities LLC       Greenberg Traurig, LLP
1345 Avenue of the Americas, 46th Floor    200 Park Avenue
New York, NY 10105       New York, NY 10166
Attn: Constantine M. Dakolias    Attn: Bruce R. Zirinsky, Esq.
Fax: (212) 798-6099       Nancy A. Mitchell, Esq.
              Tel: (212) 801-9200

**Court Claim Number:**
*(If known)*

Filed on:   11/25/09

**Name and address where payment should be sent (if different from above):**

FCOF UB Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: (212) 798-6099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**   $4,562,092.98    Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
    3a. Debtor may have scheduled account as: _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

CONSTANTINE M. DAKOLIAS
PRESIDENT

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

**Attachment to Amended Proof of Claim of
FCOF UB Securities LLC Against Motors
Liquidation Company f/k/a General Motors Corp., Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.      FCOF UB Securities LLC ("Claimant") is the beneficial holder of (a) £2,333,000.00 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £250,000.00 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.  The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, the Debtor, Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").  A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.  Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $4,562,092.98 under the Guarantee, representing $4,247,226.90 of principal and $314,866.08 of interest due under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.      Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.      the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.      any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.      damages for breach of any covenant, representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the

2

FCOF UB Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: 212-798-6099


Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.


7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in

4

this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,898,161v8

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**   Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

*Your Claim is Scheduled As Follows:*

**U.S. BANKRUPTCY COURT**
**FILED NOV 30 P 4 11**
**S.D.N.Y.**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #3). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property): Onex Debt Opportunity Fund, Ltd.**

**Name and address where notices should be sent:**

Onex Debt Opportunity Fund, Ltd.
c/o Onex Credit Partners, LLC
910 Sylvan Avenue, Suite 100
Englewood Cliffs, NJ 07632
Attn: Michael J. Gelblat
Tel: (201) 541-2121
Email: mgelblat@onexcredit.com

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on:   11/25/09

**Name and address where payment should be sent (if different from above):**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Telephone number:**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:   $12,212,592.33   Subject to Attachment**

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:   See Attachment**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date: 11/30/09**

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

ONEX DEBT OPPORTUNITY FUND, LTD. by Onex Credit Partners, LLC, its Investment Manager
By Michael J. Gelblat, Managing Member

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**Modified B10 (GCG) (12/08)**

**Attachment to Amended Proof of Claim of**
**Onex Debt Opportunity Fund, Ltd. Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.     Onex Debt Opportunity Fund, Ltd. ("Claimant") is the beneficial holder of (a) £1,750,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £5,000,000 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.    The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").  A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.  Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $12,212,592.33 under the Guarantee, representing $11,099,025.00 of principal and $1,113,567.33 of interest due under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.      Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.      the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.      any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.      damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1]  Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

Onex Debt Opportunity Fund, Ltd.
c/o Onex Credit Partners, LLC
910 Sylvan Avenue, Suite 100
Englewood Cliffs, NJ 07632
Attn: Michael J. Gelblat
Tel: (201) 541-2121
Email: mgelblat @onexcredit.com

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect,

3

and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.     The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.     The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,934,837v6*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One):   Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)   09-13558 (REG)

**Your Claim Is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Palomino Fund Ltd.

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Palomino Fund Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

Court Claim Number: _____
(If known)

Filed on: 11/25/09

2009 NOV 30 P
U.S. BANKRUPTCY FILED
S.D.N.Y.

Name and address where payment should be sent (if different from above):
Palomino Fund Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000; Fax: (973) 701-7055
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009:   $108,415,614.15   Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: See Attachment
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted". on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units—11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case—11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority:
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*James Bolin*   James Bolin, Partner

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

**Attachment to Amended Proof of Claim of**
**Palomino Fund Ltd. Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.      Palomino Fund Ltd. ("Claimant") is the beneficial holder of (a) £25,907,000

principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which

2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the

principal amount of £350,000,000, and (b) £34,395,000 principal amount of Finance's 8.875%

Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the

"Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.

The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation

(the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du

Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").    A copy of the Fiscal and

Paying Agency Agreement is annexed hereto as Exhibit A.    Certain provisions of the Fiscal and

Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes

held on June 25, 2009.    Annexed as Exhibit B are: the Notice of Meetings of the holders of each

series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal

and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders

of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023

Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card

2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting

Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009

meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,

the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $108,415,614.15 under the Guarantee, representing $99,154,578.60 of principal and $9,261,035.55 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.    damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

Palomino Fund Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn:  Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.   This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11. Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12. The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.     The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.     The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.     This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,903,571v9*

5

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor (Check Only One):                                        Case No.

☑ Motors Liquidation Company (f/k/a General Motors Corporation)      09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                       09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)       09-13558 (REG)

Your Claim is Scheduled As Follows:

FILED
2009 NOV 30  P 3: 23
U.S. BANKRUPTCY COURT
S.D.N.Y.

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item 8.5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Perry Partners International, Inc.

Name and address where notices should be sent:

Perry Partners International, Inc.          Greenberg Traurig, LLP
c/o Perry Capital                           200 Park Avenue
767 Fifth Avenue                            New York, NY 10166
New York, NY 10153                          Attn: Bruce R. Zirinsky, Esq.
Attn: James Sorrentino                      Nancy A. Mitchell, Esq.
Fax: (212) 583-4099                         Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
*(If known)*

Filed on: __11/25/09__

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed, June 1, 2009:   $ __$102,691,204.67__  Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:   See Attachment
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____        Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

FOR COURT USE ONLY

Date: 11/30/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Michael C. Neus
General Counsel Perry Corp. Investate Advisor

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. Modified B10 (GCG) (12/08).*

**Attachment to Amended Proof of Claim of
Perry Partners International, Inc. Against Motors
Liquidation Company f/k/a General Motors Corp., Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.      Perry Partners International, Inc. ("Claimant") is the beneficial holder of (a)
£53,649,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015
Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company
("Finance") in the principal amount of £350,000,000, and (b) £4,535,000 principal amount of
Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the
2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of
£250,000,000.    The Notes were issued pursuant to that certain Fiscal and Paying Agency
Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation Company f/k/a
General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent,
and Banque Général du Luxembourg S.A., as paying agent (the "Fiscal and Paying Agency
Agreement").    A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit
A.    Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting
of the holders of each series of the Notes held on June 25, 2009.    Annexed as Exhibit B are: the
Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution
containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record
of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25,
2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the
holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for
the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing
the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of
Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,
the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $102,691,204.67 under the Guarantee, representing $95,671,951.20 of principal and $7,019,253.47 of interest due under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.      Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.      the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.      any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.      damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

Perry Partners International, Inc.
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Fax: (212) 583-4099
Email: jsorrentino@perrycap.com
Attn: James Sorrentino

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,930,633v7

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One):       Case No.

Your Claim is Scheduled As Follows:

☒ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)   09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item 15). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Perry Partners LP

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Perry Partners LP
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

**Court Claim Number:**
*(If known)*

Filed on: ___11/25/09___

Name and address where payment should be sent (if different from above):

Perry Partners LP
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Attn: James Sorrentino
Fax: (212) 583-4099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

*If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.*

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2009 NOV 30  P 4:22

**1.** Amount of Claim as of Date Case Filed, June 1, 2009:   $ ___33,208,985.63___   Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2.** Basis for Claim: ___See Attachment___
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____
    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

**4.** Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6.** Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7.** Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Michael C. Neus
General Counsel PERRY CORP
PERRY PARTNER

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.* Modified B10 (GCG) (12/08).

**Attachment to Amended Proof of Claim of
Perry Partners LP Against Motors
Liquidation Company f/k/a General Motors Corp., Debtor,
Chapter 11 Case No. 09-50026 (REG)**

1.      Perry Partners LP ("Claimant") is the beneficial holder of (a) £17,351,000

principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which

2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the

principal amount of £350,000,000, and (b) £1,465,000 principal amount of Finance's 8.875%

Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the

"Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.

The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation

(the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du

Luxembourg S.A., as paying agent (the "Fiscal and Paying Agency Agreement").  A copy of the

Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.  Certain provisions of the

Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of

the Notes held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the

holders of each series of the Notes; the Extraordinary Resolution containing certain amendments

to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of

the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of

the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes,

Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes

and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25,

2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,

the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $33,208,985.63 under the Guarantee, representing $30,939,148.80 of principal and $2,269,836.83 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.    damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.


Perry Partners LP
c/o Perry Capital
767 Fifth Avenue
New York, NY 10153
Fax: (212) 583-4099
Email: jsorrentino@perrycap.com
Attn: James Sorrentino

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

3

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court,

4

with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,930,628v7

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**                          Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)     09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                                      09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)       09-13558 (REG)

**Your Claim is Scheduled As Follows:**

FILED
2009 NOV 30 P 3: 11
U.S. BANKRUPTCY COURT
S.D.N.Y.

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property): Redwood Master Fund, Ltd.

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Redwood Capital Management LLC
910 Sylvan Avenue
Englewood, NJ 07632
Attn: Jonathan Kolatch
Tel: (201) 227-5040
Fax: (201) 568-1340
Email: jkolatch@redwoodcap.com

**Court Claim Number:**
*(If known)*

Filed on: 11/25/09

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $14,056,804.16  Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is secured pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____     Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection:
Amount of Secured Claim: $_____       Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11/30/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*[signature]* Jon Kolo – JONATHAN KOLATCH – Director Redwood Master Fund, Ltd.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

**Attachment to Amended Proof of Claim of**
**Redwood Master Fund, Ltd. Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.     Redwood Master Fund, Ltd. ("Claimant") is the beneficial holder of (a)
£1,760,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015
Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company
("Finance") in the principal amount of £350,000,000, and (b) £6,000,000 principal amount of
Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the
2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of
£250,000,000.   The Notes were issued pursuant to that certain Fiscal and Paying Agency
Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation Company f/k/a
General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent,
and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").   A copy
of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.   Certain provisions
of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each
series of the Notes held on June 25, 2009.   Annexed as Exhibit B are: the Notice of Meetings of
the holders of each series of the Notes; the Extraordinary Resolution containing certain
amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25,
2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting
of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the
2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of
the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken
at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary
Resolution.

2.    Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $14,056,804.16 under the Guarantee, representing $12,759,768.00 of principal and $1,297,036.16 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.    damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

Redwood Capital Management LLC
901 Sylvan Avenue
Englewood, NJ 07632
(201) 227-5040
(201) 568-1340
Email: jkolatch@redwoodcap.com

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect,

3

and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.     The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.     The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

4

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,934,824v7*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**          Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)                   09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)    09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2009 NOV 30 P 3:29

**Name of Creditor (the person or other entity to whom the debtor owes money or property):** The Liverpool Limited Partnership

☒ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

The Liverpool Limited Partnership          Greenberg Traurig, LLP
c/o Elliott Management Corporation          200 Park Avenue
712 Fifth Avenue, 35th Floor                New York, NY 10166
New York, NY 10019                          Attn: Bruce R. Zirinsky, Esq.
Tel: (212) 974-6000                               Nancy A. Mitchell, Esq.
Fax (212) 478-2311                          Tel: (212) 801-9200
Attn: Elliot Greenberg

**Court Claim Number:**
*(If known)*

Filed on:  11/25/09

**Name and address where payment should be sent (if different from above):**

The Liverpool Limited Partnership
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019
Tel: (212) 974-6000; Fax (212) 478-2311
Attn: Elliot Greenberg
Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $ 39,532,082.73  Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _See Attachment_
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   *(See instruction #3a on reverse side.)*

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed Included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

| **FOR COURT USE ONLY** |
|---|

**Date:** 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

The Liverpool Limited Partnership, By: Liverpool Associates, Ltd., as General Partner

By: _[signature]_ Joshua Nadell    Joshua Nadell, Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Modified B10 (GCG) (12/08).**

**Attachment to Amended Proof of Claim of**
**The Liverpool Limited Partnership Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

    1.    The Liverpool Limited Partnership ("Claimant") is the beneficial holder of (a) £20,800,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £1,600,0000 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.  The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").  A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.  Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.      Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.      The Debtor owes Claimant the liquidated sum of not less than $39,532,082.73 under the Guarantee, representing $36,839,040.00 of principal and $2,693,042.73 of interest due under the Notes.[1]

4.      This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.      In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.      Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.      the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.      any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.      damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.      Notices regarding this Proof of Claim should be sent to:

---

[1]  Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

2

The Liverpool Limited Partnership
c/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, NY 10019
Tel: (212) 974-6000
Fax (212) 478-2311
Attn: Elliot Greenberg

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinksyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.     Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.     To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.     Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.     This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim or any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,910,693v8

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No.
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)

09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Thoroughbred Fund LP

Name and address where notices should be sent:

Thoroughbred Fund LP              Greenberg Traurig, LLP
c/o Appaloosa Management L.P.     200 Park Avenue
51 John F. Kennedy Parkway        New York, NY 10166
Short Hills, NJ 07078            Attn:  Bruce R. Zirinsky, Esq.
Attn: Kenneth Maiman                    Nancy A. Mitchell, Esq.
Tel: (973) 701-7000              Tel: (212) 801-9200
Fax: (973) 701-7055

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
(If known)

Filed on:  11/25/09

Name and address where payment should be sent (if different from above):

Thoroughbred Fund LP
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000; Fax: (973) 701-7055
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

FILED
2009 NOV 30 P 3 23
U.S. BANKRUPTCY COURT

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009:    $55,662,599.76    Subject to Attachment

*If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.*

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:   See Attachment
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date: 11/30/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

_James Bolin_   James Bolin, Partner | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

**Attachment to Amended Proof of Claim of**
**Thoroughbred Fund LP Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.        Thoroughbred Fund LP ("Claimant") is the beneficial holder of (a) £12,654,000

principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which

2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the

principal amount of £350,000,000, and (b) £18,277,000 principal amount of Finance's 8.875%

Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the

"Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.

The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of

July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation

(the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du

Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").    A copy of the Fiscal and

Paying Agency Agreement is annexed hereto as Exhibit A.   Certain provisions of the Fiscal and

Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes

held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each

series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal

and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders

of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023

Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card

2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting

Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009

meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.        Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement,

the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.    The Debtor owes Claimant the liquidated sum of not less than $55,652,599.76 under the Guarantee, representing $50,859,843.30 of principal and $4,792,756.46 of interest due under the Notes.[1]

4.    This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

    A.    Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

    B.    the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

    C.    any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

    D.    damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

Thoroughbred Fund LP
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.     Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.     To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.     Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.    The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.    This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

*NY 239,903,570v9*

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation)
☐ MLCS, LLC (f/k/a Saturn, LLC)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)

**Case No.**

09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows:**

FILED
U.S. BANKRUPTCY COURT
2009 NOV 30  P 3: 23
S.D.N.Y.

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor (the person or other entity to whom the debtor owes money or property):** Thoroughbred Master Ltd.

☒ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**

Thoroughbred Master Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

**Court Claim Number:**
(If known)

Filed on: 11/25/09

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**Name and address where payment should be sent (if different from above):**

Thoroughbred Master Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000; Fax: (973) 701-7055
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $53,112,123.95    Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection:

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**Date:** 11/30/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*James Bolin*   James Bolin, Partner

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08).

**Attachment to Amended Proof of Claim of**
**Thoroughbred Master Ltd. Against Motors**
**Liquidation Company f/k/a General Motors Corp, Debtor,**
**Chapter 11 Case No. 09-50026 (REG)**

1.     Thoroughbred Master Ltd. ("Claimant") is the beneficial holder of (a) £13,214,000 principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), which 2015 Notes were issued by General Motors Nova Scotia Finance Company ("Finance") in the principal amount of £350,000,000, and (b) £19,084,000 principal amount of Finance's 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which 2023 Notes were issued by Finance in the principal amount of £250,000,000.    The Notes were issued pursuant to that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A. (the "Fiscal and Paying Agency Agreement").  A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit A.   Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009.  Annexed as Exhibit B are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.     Pursuant to Section 5 of Schedule 1 to the Fiscal and Paying Agency Agreement, the Debtor fully and unconditionally guaranteed each series of the Notes (the "Guarantee").

3.     The Debtor owes Claimant the liquidated sum of not less than $58,112,123.95 under the Guarantee, representing $53,107,601.40 of principal and $5,004,522.55 of interest due under the Notes.[1]

4.     This Proof of Claim also makes claim to all amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.     In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to the Claimant for the following unliquidated amounts:

A.     Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

B.     the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement;

C.     any additional Notes that may be acquired subsequent to date hereof, and Claimant reserves the right to amend this Proof of Claim to include all such Notes subsequently acquired; and

D.     damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.     Notices regarding this Proof of Claim should be sent to:

---

[1] Interest on the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

Thoroughbred Master Ltd.
c/o Appaloosa Management L.P.
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Attn: Kenneth Maiman
Tel: (973) 701-7000
Fax: (973) 701-7055

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: zirinskyb@gtlaw.com
Attn: Bruce R. Zirinsky, Esq.
Email: mitchelln@gtlaw.com
Attn: Nancy A. Mitchell, Esq.

7.    Claimant reserves the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

8.    To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

9.    Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.    This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

3

11.    Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other

4

proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

13.     The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

14.     The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

15.     This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.

NY 239,903,569v9

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**          Case No.

☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.)    09-13558 (REG)

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

2009 DEC 10 P 2: 55    FILED    U.S. BKPTCY COURT    S.D. OF N.Y.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): Holders of 8.375% and 8.875% Guaranteed Notes Described in the Annexed Attachment.

**Name and address where notices should be sent:**

Fiscal Agent     Greenberg Traurig, LLP
Deutsche Bank Luxembourg S.A.    200 Park Avenue
2, Bld Konrad Adenauer    New York, NY 10166
L-1115 Luxembourg    Attn: Bruce R. Zirinsky, Esq.
Attn: Coupon Paying Department    Nancy A. Mitchell, Esq.
Facsimile: 352 47 3136    Telephone: (212) 801-9200
     44 20 7547 0372    Facsimile: (212) 801-6400

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
(*if known*)

Filed on: _____

**Name and address where payment should be sent** (if different from above):

Fiscal Agent
Deutsche Bank Luxembourg S.A.
2, Bld Konrad Adenauer
L-1115 Luxembourg
Attn: Coupon Paying Department
Facsimile: 352 47 3136
     44 20 7547 0372
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If the amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**    $1,072,557,531.72    Subject to the Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
     **3a. Debtor may have scheduled account as:** _____
     (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
**Describe:**

**Value of Property:** $_____    **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____      **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| **Date:** 12/10/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

Greenberg Traurig, LLP *(signature)*

Greenberg Traurig, LLP, as authorized by the Bankruptcy Court in its Order on the record at the hearing on November 20, 2009

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*
**Modified B10 (GCG) (12/08).**

**Attachment to Global Proof of Claim of**
**Holders of the 8.375% Guaranteed Notes due**
**December 7, 2015 and the 8.875% Guaranteed Notes due**
**July 10, 2023 Against Motors Liquidation Company f/k/a General**
**Motors Corp., Debtor, Chapter 11 Case No. 09-50026 (REG)**

1.        This "Global Proof of Claim" is filed, pursuant to the Order of this Court made at

the hearing on November 20, 2009 (the "Order"), and is filed on behalf of the holders

("Claimants") of (a) £350,000,000 principal amount of 8.375% Guaranteed Notes due December

7, 2015 (the "2015 Notes") and (b) £250,000,000 principal amount of 8.875% Guaranteed Notes

due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"), which were

issued by General Motors Nova Scotia Finance Company ("Finance"), pursuant to the terms and

conditions of that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003,

among General Motors Nova Scotia Finance Company, Motors Liquidation Company f/k/a

General Motors Corporation (the "Debtor"), Deutsche Bank Luxembourg S.A., as fiscal agent,

and Banque Général du Luxembourg S.A., as paying agent (the "Fiscal and Paying Agency

Agreement"), and guaranteed by the Debtor pursuant to Section 5 of Schedule 1 to the Fiscal and

Paying Agency Agreement (the "Guarantee").    A copy of the Fiscal and Paying Agency

Agreement is annexed hereto as Exhibit A.   Certain provisions of the Fiscal and Paying Agency

Agreement were amended at a meeting of the holders of each series of the Notes held on June

25, 2009.  Annexed hereto as Exhibit B are: the Notice of Meetings of the holders of the Notes;

the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency

Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes;

the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the

voting cards (Voting Card 1 and Voting Card 2 for the holders of the 2015 Notes and Voting

Card 1 and Voting Card 2 of the holders of the 2023 Notes) evidencing the votes taken at the

June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

2.    This Global Proof of Claim asserts claims under the Guarantee (the "Guarantee Claims") of all holders of the Notes other than the Guarantee Claims asserted by the holders of the Notes in the proofs of claim listed and described in Exhibit C annexed hereto (the "Individual Proofs of Claim"). The claims asserted in this Global Proof of Claim together with the claims asserted in the Individual Proofs of Claim represent the entire amount of the Guarantee Claims. In accordance with Bankruptcy Rule 3001, any transferee of a Note is entitled to the benefits of this Global Proof of Claim or one of the Individual Proofs of Claim.

3.    The Debtor owes Claimants the liquidated sum of $1,072,557,531.72 under the Guarantee (representing $986,580,000.00 in principal and $85,977,531.72 in accrued interest due under the Notes[1]) less the amount of the Guarantee Claims listed on Exhibit C.

4.    This Global Proof of Claim also makes claim to all other amounts due under or relating to the Guarantee and the Notes, including, but not limited to, principal, premiums, and interest accruing after June 1, 2009 (the "Petition Date"), to the extent applicable.

5.    In addition to the foregoing, the Debtor was, at the Petition Date, and is now indebted and liable to Claimants for the following unliquidated amounts:

A.    Fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimants and any professionals retained by Claimants;

B.    All fees and expenses owed to the Fiscal Agent and Paying Agent as such terms are defined in the Fiscal and Paying Agency Agreement;

---

[1] Interest on the claim related to the Notes is calculated as of October 9, 2009, which is the date Finance commenced its insolvency proceeding in Canada. The Notes are denominated in British pounds. However, for purposes of calculating the amount of the claim related to the Notes, the amount has been converted to U.S. dollars using the exchange rate of 1.6443.

    C.    The amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the Notes and Fiscal and Paying Agency Agreement; and

    D.    Damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement.

6.    Notices regarding this Global Proof of Claim should be sent to:

> Fiscal Agent
> Deutsche Bank Luxembourg S.A.
> 2, Bld Konrad Adenauer
> L-1115 Luxembourg
> Attn: Coupon Paying Department
> Facsimile: 352 47 3136
>
> Deutsche Bank AG London
> Winchester House
> 1 Great Winchester Street
> London EC2N 2DB
> Attn: Carol Morris
> Facsimile: 44 20 7547 0372
>
> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166
> Attn: Bruce R. Zirinsky, Esq.
>     zirinskyb@gtlaw.com
>     Nancy A. Mitchell, Esq.
>     mitchelln@gtlaw.com
> Telephone: (212) 801-9200
> Facsimile: (212) 801-6400

7.    Claimants reserve the right to attach or bring forth additional documents supporting the claims and additional documents that may become available after further investigation and discovery.

3

8.  To the extent that Claimants have or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, that right is expressly preserved.

9.  Any and all other claims arising in, in connection with and/or related to any and all transactions and/or transfers concerning or related to the Notes and/or the fiscal agent or paying agent (collectively, the "Agent") between or involving the Agent and/or the holders of the Notes and the Debtor, including, but not limited to, any and all written or oral contract, pledge, security interest, lease, guaranty, indemnity, contribution, fiduciary obligation, trust, quasi-contract, property, replevin, conversion, misrepresentation, setoff or fraud, are expressly preserved.

10.  This Global Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Global Proof of Claim is a general unsecured claim.

11.  Claimants expressly reserve the right to (a) amend, clarify, modify, update and/or supplement this Global Proof of Claim at any time and in any respect, including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Global Proof of Claim to include any claim at law or in equity.  The filing of this Global Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimants may have against the Debtor, its affiliates, or General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims,

4

claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

12.    The filing of this Global Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimants to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimants; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimants' right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimants' right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this Court, with respect to the subject matter of this Global Proof of Claim, any objection or other proceeding commenced in this case against or otherwise involving Claimants; or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this Global Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimants.

13.    Claimants specifically reserve all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimants.

14.    The holders of the Notes may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Global Proof of Claim, and nothing contained herein shall prejudice such claims.

5

15.    This Global Proof of Claim does not encompass claims that Claimants may have that arise after the Petition Date and are entitled to administrative priority, and Claimants expressly reserve their right to file such claim or any similar claim at the appropriate time.

NY 239,961,674v4