# Exhibit H

Wind-Up Claim

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor (Check Only One):

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) — 09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): Green Hunt Wedlake Inc., Trustee

Name and address where notices should be sent:

Green Hunt Wedlake Inc., Trustee
Suite 315, Tower 1
7001 Mumford Road
Halifax, Nova Scotia B3L 4N9
Attn: Peter Wedlake, FCIRP
Tel: (902) 453-6600

Cox & Palmer
Purdy's Wharf Tower I
1100-1959 Upper Water Street
Halifax, Nova Scotia B3J 3N2
Attn: Robert G. MacKeigan, Q.C.
Tel: (902) 491-4121

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: 11/25/09

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. Amount of Claim as of Date Case Filed, June 1, 2009: US$ 1,607,647,592.49 Subject to the attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: See Attachment
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See Instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 11/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Peter Wedlake   PETER WEDLAKE, PRESIDENT

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

*28913/0001/1109073v6

Attachment to Amended Proof of Claim of Green Hunt Wedlake Inc., Trustee of
General Motors Nova Scotia Finance Company, in bankruptcy
Against Motors Liquidation Company f/k/a General Motors Corp., Debtor,
Chapter 11 Case No. 09-50026 (REG)

1. Green Hunt Wedlake Inc. ("Claimant") holds a trustee's license under the *Bankruptcy and Insolvency Act* (Canada) ("BIA"). On October 9, 2009 the Supreme Court of Nova Scotia adjudged General Motors Nova Scotia Finance Company ("Finance") bankrupt and issued a Bankruptcy Order on that date pursuant to the BIA appointing the Claimant as trustee of the estate of Finance. A copy of the order issued by the Supreme Court of Nova Scotia on October 9, 2009 is annexed hereto as Exhibit A.

2. As trustee of Finance, the Claimant is an officer of the Supreme Court of Nova Scotia and the legal representative of Finance. It has certain duties pursuant to the BIA including the duty to realize on the assets of Finance as much as possible for the benefit of its creditors. Prior to any distribution, a trustee under the BIA reviews proofs of claim filed in the bankruptcy, obtains further information and evidence where required with a view to allowing or disallowing such claims.

3. Finance, incorporated on September 28, 2001 under the *Companies Act* of Nova Scotia, Canada as an unlimited company, is a direct, wholly-owned subsidiary of Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor"). As an "unlimited company" under Nova Scotia corporate law the Debtor, as the sole member of Finance, is liable to contribute to the assets of Finance an amount sufficient for the payment of Finance's debts and liabilities and the costs, charges and expenses of the bankruptcy. See s. 135 of the *Companies Act* (Nova

*28913/0001/1109073v11

Scotia), being Chapter 81 of the Revised Statutes of Nova Scotia, 1989, as amended (the "Nova Scotia Companies Act"). Pursuant to the provisions of section 77 of the BIA, the amount which the Debtor is liable to contribute is deemed to be an asset of Finance and a debt payable to the Claimant as Trustee forthwith on the bankruptcy of Finance.

4. As required by the BIA, a representative of Finance has filed with the Claimant a sworn Statement of Affairs showing the particulars of the assets and liabilities of Finance and certain other information required. A copy of the said Statement of Affairs is attached as Exhibit B. Exhibit B shows the total liabilities of Finance as at October 9, 2009 as CDN $1,678,270,910.68. Exhibit B also shows the total assets estimated by Finance to produce CDN $175,887.35 but the Claimant has not as yet determined what amount, if any, net of costs will be realized from these assets.

5. Exhibit B refers to Noteholders having an unsecured claim of CDN $1,088,542,512.01 as at October 9, 2009. These constitute holders of Series 8.375% and 8.875% Notes due 2015 and 2023. According to the records of Finance, these notes were issued pursuant to the terms and conditions of that certain Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among Finance, the Debtor, Deutsche Bank Luxembourg S.A., as fiscal agent, and Banque Général du Luxembourg S.A., as paying agent, (the "Fiscal and Paying Agency Agreement"), pursuant to which Finance issued £350,000,000 in principal amount of 8.375% Guaranteed Notes due December 7, 2015 (the "2015 Notes"), and £250,000,000 in principal amount of 8.875% Guaranteed Notes due July 10, 2023 (the "2023 Notes" and together with the 2015 Notes, the "Notes"). As at October 9,

2009, there is outstanding a total of £374,649,137.75 on the 2015 Notes and £277,750,900.61 on the 2023 Notes. The total outstanding on these notes, when converted at the exchange rate on October 9, 2009 of 1.66852 results in there being outstanding CDN $1,088,542,512.01 as shown on Exhibit B. A copy of the Fiscal and Paying Agency Agreement is annexed hereto as Exhibit C. Certain provisions of the Fiscal and Paying Agency Agreement were amended at a meeting of the holders of each series of the Notes held on June 25, 2009. Annexed as Exhibit D are: the Notice of Meetings of the holders of each series of the Notes; the Extraordinary Resolution containing certain amendments to the Fiscal and Paying Agency Agreement; the Voting Record of the June 25, 2009 meeting of the holders of the 2015 Notes; the Voting Record of the June 25, 2009 meeting of the holders of the 2023 Notes; copies of the voting cards (Voting Card 1 for the holders of the 2015 Notes, Voting Card 2 for the holders of the 2015 Notes, Voting Card 1 for the holders of the 2023 Notes and Voting Card 2 for the holders of the 2023 Notes) evidencing the votes taken at the June 25, 2009 meeting; and the Scrutineer's Report of Passing of Extraordinary Resolution.

6.   Finance and the Debtor entered into certain currency swap arrangements which give rise to certain liabilities of Finance (the "Swap Liability"). General Motors LLC, as successor to the Debtor, has filed a claim in the bankruptcy of Finance claiming a Swap Liability of US $564,493,957.00 or CDN $589,292,176.53, which is the amount shown in Exhibit B, converted at the exchange rate of 1.04393. Copies of the swap agreements received by the Claimant from General Motors LLC are attached as Exhibit E.

3

7. As a result of the foregoing, the Claimant claims payment from the Debtor the full amount of the liabilities of Finance disclosed in Exhibit B, namely CDN $1,678,270,910.68 which, when converted to US Dollars at the date of the bankruptcy of Finance at the exchange rate of 0.957919, amounts to US $1,607,647,592.49.

8. This Proof of Claim also makes claim to all other amounts due under or relating to any other liabilities of Finance for which the Debtor is liable under the Nova Scotia Companies Act and BIA including, without limitation, any additional or increased amounts under or in connection with the 2015 Notes and the 2023 Notes and/or the Swap Liability (such other amounts together with the claims related to the 2015 Notes and the 2023 Notes and the Swap Liability are collectively referred to as the "Claims").

9. In addition to the foregoing, the Debtor was and is now indebted and liable to the Claimant for the following unliquidated amounts:

   a. All other amounts due or relating to the Claims, including, but not limited to principal, premiums, interest, and interest accruing after June 1, 2009 (the "Petition Date");

   b. Claimant's fees, costs, expenses, disbursements, and advances (including without limitation, compensation, fees, expenses and disbursements of Claimant's agents and counsel);

   c. the amount of interest, default interest or defaulted interest, and interest payable on overdue installments of interest at the rates provided in the governing documents; and

4

  d. damages for breach of any covenant representation, warranty or other provision of the Fiscal and Paying Agent Agreement or other contract evidencing the applicable liability of Finance.

10. Notices regarding this Proof of Claim should be sent to:

> Green Hunt Wedlake Inc., Trustee
> Suite 315, Tower 1
> 7001 Mumford Road
> Halifax, Nova Scotia B3L 4N9
> Attn: Peter Wedlake
>
> Cox & Palmer
> Purdy's Warf Tower I
> 1100-1959 Upper Water Street
> Halifax, Nova Scotia B3J 3N2
> Attn: Robert G. MacKeigan, Q.C.
>
> Greenberg Traurig, LLP
> 200 Park Avenue
> New York, NY 10166 USA
> Attn: Bruce Zirinsky, Esq.
>    Nancy A. Mitchell, Esq.

11. Claimant reserves the right to attach or bring forth additional documents supporting this Proof of Claim and additional documents that may become available after further investigation and discovery.

12. To the extent that Claimant has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against the Debtor, Claimant expressly preserves such right.

13. This Proof of Claim is secured to the extent of any right of setoff, recoupment or other entitlement to security, and except to the extent entitled to administrative priority, this Proof of Claim is a general unsecured claim.

14. Claimant expressly reserves its right to (a) amend, clarify, modify, update and/or supplement this Proof of Claim at any time and in any respect,

including, without limitation, to assert additional claims at law or in equity or additional grounds for its claim and/or to specify the amount of any contingent, unmatured or unliquidated claim as they become non-contingent, matured and/or liquidated, and (b) file additional proofs of claim at any time and in any respect, and replace, amend or supplement this Proof of Claim to include any claim at law or in equity. The filing of this Proof of Claim shall not be deemed a waiver of any other claim in law or in equity that Claimant may have against the Debtor, its affiliates, General Motors of Canada Limited or General Motors Nova Scotia Investments Ltd., including, but not limited to, administrative or other priority claims, constructive trust claims, claims for reimbursement of attorneys' fees and expenses or the right to assert claims that are otherwise warranted in any related action.

15. The filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) withdraw the reference, or otherwise challenge the jurisdiction of this court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant; or (ii) assert that the reference has already been withdrawn with respect to

the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

16. The Claimant specifically reserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant.

17. The creditors of Finance may have separate direct and indirect claims against the Debtor, its affiliates or others which are not included in this Proof of Claim, and nothing contained herein shall prejudice such claims.

18. This Proof of Claim does not encompass claims that the Claimant may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time.