# Exhibit I

**Hearing Transcript December 14, 2010 (in pertinent part)**

```
                                                      Page 1
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    Case No. 09-50026(REG)
 5    - - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    MOTORS LIQUIDATION COMPANY, et al.
 9             f/k/a General Motors Corporation, et al.,
10
11             Debtors.
12
13    - - - - - - - - - - - - - - - - - - - -x
14
15             United States Bankruptcy Court
16             One Bowling Green
17             New York, New York
18
19             December 15, 2010
20             2:10 PM
21
22
23    B E F O R E:
24    HON. ROBERT E. GERBER
25    U.S. BANKRUPTCY JUDGE
```

09-50026-mg    Doc 9202-9    Filed 02/11/11    Entered 02/11/11 14:10:32    Exhibit I
Pg 3 of 3
MOTORS LIQUIDATION COMPANY, et al.

Page 47

1   based on the lockup agreement, it was based on the sale order.
2   And therefore, the ability to get a disgorgement of the consent
3   fee, which has ramifications on GM Canada, is something that we
4   made sure would not happen by virtue of the terms of the sale
5   agreement.
6           And so the third point is that they are looking to
7   build a case based on assets which are not part of this estate.
8   Voiding power claims were sold. Accounts receivable -- so the
9   intercompany claim between GM and GM Canada -- were sold to New
10  GM. In fact, cash above 950 million dollars was all swept by
11  New GM. So if there was more cash in this estate, that would
12  have been swept to New GM as well too. They are trying to, in
13  effect, to pick a provision of the sale order -- forget the
14  lockup agreement -- that they say, you know what, that's a
15  benefit that was there that I'd like to have back.
16          The fourth element, Your Honor --
17          THE COURT: Well, is the creditors' committee's
18  position -- and maybe Mr. Fisher is the better guy to ask than
19  you -- but is the creditors' committee's position that they
20  want to recover 360,000 dollars worth of -- 360 million dollars
21  worth of cash, or rather simply that they want to get -- have
22  the estate get credit for the 360 million dollars that was laid
23  out as part of that consent fee?
24          MR. FISHER: It's the latter, Your Honor.
25          THE COURT: Yeah.