Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**  :  **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*,  :  **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*  : 
: 
                Debtors.  :  (Jointly Administered)
: 
------------------------------------------------------------x

## STIPULATION AND ORDER FIXING ASBESTOS TRUST CLAIM AND RESOLVING DEBTORS' ESTIMATION MOTION

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the statutory committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of unsecured creditors holding asbestos personal injury claims (the "**Asbestos Claimants' Committee**"), and Dean M. Trafalet, the Legal Representative for Future Claimants (the "**Future Claimants' Representative**," and together with the Debtors, the Creditors' Committee, and the Asbestos Claimants' Committee, the "**Parties**"), by and through their respective undersigned attorneys, hereby enter into this stipulation and order and stipulate and agree as follows (the "**Stipulation and Order**"):

## RECITALS

A. On June 1, 2009, four of the Debtors, including MLC (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court, and on October 9, 2009, two additional Debtors, Remediation and Liability Management Company, Inc. ("**REALM**") and Environmental Corporate Remediation Company, Inc. ("**ENCORE**") commenced voluntary cases under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

B. On June 3, 2009, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Creditors' Committee to represent the interests of all unsecured creditors in these chapter 11 cases. On March 2, 2010, the U.S. Trustee appointed the Asbestos Claimants' Committee to represent the interests of holders of present Asbestos Personal Injury Claims.[1] On April 8, 2010, at the request of the Debtors, the Bankruptcy Court entered an order appointing Dean M. Trafelet as the Future Claimants' Representative. The Future Claimants' Representative represents the interests of holders of future Asbestos Personal Injury Claims in connection with the administration of these chapter 11 cases.

C. On December 7, 2010, the Debtors filed the Plan. On December 8, 2010, the Debtors filed their Disclosure Statement for the Plan (the "**Disclosure Statement**") (ECF No. 8023), which was approved by the Bankruptcy Court on December 8, 2010 (ECF No. 8043). Thereafter, the Debtors commenced the process of soliciting votes to accept or reject the Plan.

D. The Plan defines "Asbestos Trust Claim" as:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**") (ECF No. 8015).

>   the Claim (which shall be held by the Asbestos Trust) in the amount of the Debtors' aggregate liability for Asbestos Personal Injury Claims that either will be in an amount (i) mutually agreed upon by the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative or (ii) ordered by the Bankruptcy Court, which, when fixed by Final Order or settlement, shall be treated as an Allowed General Unsecured Claim in Class 3 for purposes of distribution from the GUC Trust and the Avoidance Action Trust, as applicable. . . .

(Plan § 1.15.)

    E. The Plan classifies Asbestos Personal Injury Claims in Class 5 and provides how such Claims will be treated under the Plan. Specifically, on the Effective Date, all Asbestos Personal Injury Claims shall be channeled to the Asbestos Trust and all Asbestos Personal Injury Claims shall be satisfied in accordance with the Asbestos Trust, the Asbestos Trust Distribution Procedures, and the Asbestos Trust Agreement; *provided, however*, that, once Allowed, the Asbestos Trust Claim shall be entitled to the same distributions from the GUC Trust and the Avoidance Action Trust, as applicable, as an Allowed General Unsecured Claim in Class 3 under the Plan.

    F. At the time these chapter 11 cases were commenced, approximately 29,000 Asbestos Personal Injury Claims were pending against the Debtors. The Debtors' consolidated financial statements at that time reflected a reserve of approximately $650 million with respect to their probable liability for present and future Asbestos Personal Injury Claims over the next ten years, adjusted for inflation and including defense costs. The Disclosure Statement notes that (i) the Asbestos Claimants' Committee and the Future Claimants' Representative believe that the Debtors' estimate is materially less than the Debtors' actual aggregate liability for present and future Asbestos Personal Injury Claims and (ii) the Creditors' Committee believes that the Debtors' reserve materially exceeds the Debtors' aggregate liability for Asbestos Personal Injury Claims.

G. In order to quantify the Debtors' potential liability for present and future Asbestos Personal Injury Claims for purposes of a chapter 11 plan and assist in interfacing and negotiating with other constituencies in these cases, the Debtors, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative each retained their own asbestos estimation valuation experts.

H. On November 15, 2010, the Debtors filed a motion for entry of an order pursuant to section 502(c) of the Bankruptcy Code authorizing estimation of their aggregate liability for Asbestos Personal Injury Claims for purposes of the Plan and establishing a schedule for an estimation proceeding (the "**Estimation Motion**") (ECF No. 7782). On December 15, 2010, the Bankruptcy Court entered an order (the "**Estimation Scheduling Order**") (ECF No. 8121), establishing a schedule for the estimation proceeding, which, among other things, established a discovery schedule and set March 1, 2011 as the date on which it would commence a hearing to estimate the Debtors' aggregate liability for Asbestos Personal Injury Claims.

I. Since the filing of the Estimation Motion, the Parties have been engaged in good-faith negotiations to resolve the amount of the Asbestos Trust Claim and the Estimation Motion. Those negotiations have culminated in the agreement set forth herein.

**AGREEMENT**

1.  The Debtors' aggregate liability for Asbestos Personal Injury Claims, i.e., the Asbestos Trust Claim under the Plan, shall be fixed in the amount of $625,000,000.00, which Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under section 502(d) of the Bankruptcy Code), or subordination.

2.  The Asbestos Trust Claim shall be the sole Claim that holders of Asbestos Personal Injury Claims in their capacities as such shall have in these chapter 11 cases.

3.  Because the Disclosure Statement and the Plan expressly provide that the Asbestos Trust Claim may be in an amount mutually agreed upon by the Parties, as provided in this Stipulation and Order, no re-solicitation of votes to accept or reject the Plan is required.

4.  The Plan shall be amended as set forth in **Exhibit "A"** annexed hereto. Such amendment shall be implemented at the Confirmation Hearing, shall not be deemed to adversely change the treatment of the Claim of any creditor or equity interest holder, and shall not require any re-solicitation of votes to accept or reject the Plan.

5.  Notwithstanding anything contained in the Plan to the contrary, any amendment to or modification of the Plan that materially and adversely affects the constituencies whose interests are represented by the Asbestos Claimants' Committee and the Future Claimants' Representative in a manner that is discriminatory or inconsistent with this Stipulation and Order shall require the written consent of the Asbestos Claimants' Committee and the Future Claimants' Representative.

6.  The Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures shall be substantially in the forms annexed to the Plan and, prior to the Effective

Date, shall not be amended or modified in any material way without the written consent of the Asbestos Claimants' Committee and the Future Claimants' Representative. Subsequent to the Effective Date, the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures may be amended or modified in accordance with their respective terms.

7. Unless there is a material adverse consequence to the Debtors or their estates, and notwithstanding any provision in the Plan to the contrary, the initial distribution under the Plan with respect to the Asbestos Trust Claim shall be made directly to the Asbestos Trust rather than through the GUC Trust or the Avoidance Action Trust. Any subsequent distributions under the Plan with respect to the Asbestos Trust Claim shall be made in accordance with the Plan.

8. Upon approval of this Stipulation and Order by the Bankruptcy Court, the Estimation Motion shall be marked off the Bankruptcy Court's calendar as "resolved."

9. This Stipulation and Order sets forth the entire understanding of the Parties with respect to the terms hereof and may not be modified or amended except by a writing signed by the Parties and/or their attorneys.

10. The signatories to this Stipulation and Order represent and warrant that they have full power and authority to enter into this Stipulation and Order and to bind their respective clients identified as Parties herein.

11. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail

12. This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until it is so approved; *provided, however*, that, upon execution of this Stipulation and Order by all of the Parties, the deadlines set forth in paragraphs (c) through (g) of the Estimation Scheduling Order shall be tolled until such time as the Bankruptcy Court approves or disapproves of this Stipulation and Order.

13. The Bankruptcy Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

Dated: January 21, 2011

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and Debtors in Possession*

Dated: January 20, 2011

/s/ Philip Bentley
Thomas Moers Mayer
Philip Bentley
Robert Schmidt
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Official Committee of Unsecured Creditors*

| | |
|---|---|
| Dated: January 20, 2011 | Dated: January 21, 2011 |
| /s/ Trevor W. Swett | /s/ Sander L. Esserman |
| Elihu Inselbuch | Sander L. Esserman |
| Peter Lockwood | Robert T. Brousseau |
| CAPLIN & DRYSDALE, CHARTERED | STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, |
| 375 Park Avenue, 35th Floor | A PROFESSIONAL CORPORATION |
| New York, NY 10152-3500 | 2323 Bryan Street, Suite 2200 |
| (212) 319-7125 | Dallas, Texas 75201 |
| | (214) 969-4900 |
| Trevor W. Swett | |
| Kevin C. Maclay | *Attorneys for Dean M. Trafalet in His Capacity* |
| CAPLIN & DRYSDALE, CHARTERED | *as Legal Representative for Future Asbestos* |
| One Thomas Circle, N.W., Suite 1100 | *Personal Injury Claimants* |
| Washington, DC 20005 | |
| (202) 862-5000 | |

*Attorneys for Official Committee of Unsecured
Creditors Holding Asbestos-Related Claims*

SO ORDERED this **_14th_** day of
**_February_**, 2011

**_s/ Robert E. Gerber_**
United States Bankruptcy Judge