**<u>EXHIBIT "A"</u>**

## EXHIBIT "A"

**1.**      Section 1.4 of the Plan (the definition of "**Allowed**") shall be amended in its entirety to provide as follows:

> "**Allowed** means, with reference to any Claim (other than an Asbestos Personal Injury Claim), (a) any Claim against any Debtor that has been listed by such Debtor in the Schedules, as such Schedules may be amended by the Debtors from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of Claim has been filed, (b) any (I) timely filed Claim that is no longer subject to the ADR Procedures in the case of Unliquidated Litigation Claims or (II) Claim listed on the Schedules or timely filed proof of Claim, as to which no objection to allowance has been interposed in accordance with Section 7.1 hereof or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder, or (c) any Claim expressly allowed by a Final Order, pursuant to the Claim Settlement Procedures, or under this Plan.  The Asbestos Trust Claim shall be deemed "Allowed" when fixed by Final Order or settlement."

**2.**      Section 1.12 of the Plan (the definition of "**Asbestos Trust Administrator(s)**") shall be amended by replacing the word "administrator(s)" with "the Asbestos PI Trustee(s) as such term is defined in the Asbestos Trust Agreement."

**3.**      Section 1.92 of the Plan (the definition of "**Indirect Asbestos Claim**") shall be amended  by adding the words "who are Protected Parties" after " former affiliates and divisions of the Debtors" in the first clause (iii) thereof.

**4.**      Section 1.115 of the Plan (the definition of "**Protected Party**") shall be amended in its entirety to provide as follows:

> "**Protected Party** means (i) the Debtors, (ii) any Entity that, pursuant to the Plan or after the Effective Date, becomes a direct or indirect transferee of, or successor to, any assets of the Debtors (including, without limitation, the GUC Trust, the Environmental Response Trust, the Avoidance Action Trust, the GUC Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, the GUC Trust Monitor, the Avoidance Action Trust Monitor, and their respective professionals) or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of its becoming such a transferee or successor), (iii) the holders of DIP Credit Agreement Claims, (iv) any Entity that, pursuant to the Plan or after the Effective Date, makes a loan to the Debtors, Post-Effective Date MLC, or the Asbestos Trust, or to a successor to, or transferee of, any assets of the Debtors or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of such Entity's becoming

such a lender or to the extent any pledge of assets made in connection with such a loan is sought to be upset or impaired), (v) an officer, director, or employee of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, but only to the extent that he or she is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims, (vi) any Entity to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims by reason of such Entity's  provision of insurance to the Debtors, to any past or present affiliate of the Debtors, to any predecessor in interest of the Debtors, or to any Entity that owns or at any time has owned a financial interest in (I) the Debtors, (II) any past or present affiliate of the Debtors, or (III) any predecessor in interest of the Debtors, but only to the extent that the Debtors or the Asbestos Trust enters into a settlement with such Entity that is approved by the Bankruptcy Court and expressly provides that such Entity shall be a Protected Party under the Plan, or (vii) with the consent of the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator(s), as applicable, any other Entity that, pursuant to an agreement approved by Final Order, has been determined to be providing appropriate consideration to the Debtors' estates or the Trusts (including, by way of example, by waiving the Entity's claim(s) against the Debtors or any of the Trusts) in exchange for being included in the definition of a Protected Party herein (including, without limitation, Remy International, Inc. (f/k/a Delco Remy International, Inc. and DR International, Inc. and its wholly-owned subsidiary Remy Inc. (f/k/a Delco Remy America, Inc. and DRA Inc.)) ("**Remy**"), for whom no further consent from the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator(s), as applicable, is required), to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal Injury Claims by reason of one or more of the following:  (a) without in any way limiting clause (v) above, such Entity's involvement in the management of the Debtors or of any predecessor in interest of the Debtors, (b) such Entity's ownership of a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (c) such Entity's involvement in a transaction changing the corporate structure, or in a loan or other financial transaction affecting the financial condition, of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (d) such Entity's current ownership of the assets of a former division of the Debtors or of a former division of the Debtors, or (e) such Entity's lease of real property owned or formerly owned by the Debtors.  Notwithstanding the

foregoing, New GM shall neither be included in the definition of Protected Party herein nor shall Section 4.5 hereof govern or enjoin claims against New GM; *provided, however*, that nothing contained in the Plan shall in any way modify or limit any protections or rights afforded to New GM under or in connection with the Bankruptcy Court order approving the 363 Transaction."

**5.**      Section 4.5 of the Plan (**Class 5 – Asbestos Personal Injury Claims**) shall be amended to conform to Paragraph 2 of the Stipulation and Order by adding the words "in their capacities as such" after "Asbestos Personal Injury Claims" in the second sentence thereof.

**6.**      Section 5.2(c) of the Plan (**Payment of Cash or Certain Assets to Charitable Organizations**) shall be amended by deleting the word "Allowed" in the second sentence thereof.

**7.**      Section 5.3 of the Plan (**Delivery of Distributions and Undeliverable Distributions**) shall be amended by deleting all references to "Asbestos Trust Administrator(s)" and "Asbestos Trust."

**8.**      Section 5.5 of the Plan (**Time Bar to Cash Payments**) shall be amended by deleting the reference to "Asbestos Trust Administrator(s)" and "Asbestos Trust."

**9.**      Section 6.3(g) of the Plan (**Role of Asbestos Trust Administrator(s)**) shall be amended by deleting the words "Allowed" in clauses (i) and (ii) thereof.

**10.**      Section 6.3(k) of the Plan (**Allowance of Asbestos Personal Injury Claims**) shall be amended in its entirety to provide as follows:

> "**Resolution of Asbestos Personal Injury Claims.**  With respect to any Asbestos Personal Injury Claim that is resolved by the Asbestos Trust in accordance with the Asbestos Trust Agreement and the Asbestos Trust Distribution Procedures, such resolution shall establish the amount of legal liability against the Asbestos Trust in the amount of the liquidated value of such Asbestos Personal Injury Claim, as determined in accordance with the Asbestos Trust Distribution Procedures."

**11.**      Section 9.2 of the Plan (**Conditions Precedent to Effective Date**) shall be amended by adding the following new clause (d):  "The Asbestos Trust Assets shall have been transferred to the Asbestos Trust," and redesignating the existing clauses "(d)" and "(e)" as clauses "(e)" and "(f)," respectively.

**12.**      Section 10.1 of the Plan (**Vesting of Assets**) shall be amended by replacing the words "Asbestos Trust Transfer Date" with "Avoidance Action Trust Transfer Date" in clause (iv) thereof.

**13.**     Clause (i) of the final paragraph of Section 11.1 of the Plan (**Jurisdiction of Bankruptcy Court**) shall be amended in its entirety to provide as follows: "the resolution of Asbestos Personal Injury Claims and the forum in which such resolution will be determined shall be governed by and in accordance with the Asbestos Trust Distribution Procedures and the Asbestos Trust Agreement and"

**14.**     Section 12.1 of the Plan (**Dissolution of Committees**) shall be amended by adding the following sentence at the end of that Section:

> "Likewise, the Asbestos Claimants' Committee and the Future Claimants' Representative shall each continue to have standing and a right to be heard with respect to any appeal to which it is a party, and which remains pending as of the Effective Date, with respect to the Confirmation Order and with respect to any order issued in connection with the determination of the Asbestos Trust Claim."

**15.**     Section 12.9 of the Plan (**Modifications of the Plan**) shall be amended by adding the following sentence at the end of that Section:

> "Nothing contained in this Section 12.9 shall in any way override the provisions of paragraph 5 of the Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion (ECF No. ___)."