UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :

In re                                          :            Chapter 11 Case No.
                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,    :            09-50026 (REG)
      f/k/a General Motors Corp., *et al.*    :
                                             :
                      Debtors.           :           (Jointly Administered)
                                              :
------------------------------------------------------------------x

**ORDER WITH RESPECT TO (I) MOTIONS OF (A) GREEN HUNT WEDLAKE, INC.,
TRUSTEE OF GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY,
AND (B) CERTAIN NOTEHOLDERS, AND (II) JOINDERS
OF (A) MORGAN STANLEY & CO. INTERNATIONAL PLC,
(B) CERTAIN NOTEHOLDERS, AND (C) GOLDMAN SACHS & CO.,
PURSUANT TO FED. R. BANKR. P. 3018(A) FOR TEMPORARY ALLOWANCE
<u>OF CLAIMS FOR PURPOSE OF VOTING TO ACCEPT OR REJECT PLAN</u>**

Upon the (i) Motion of Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company (the "**Nova Scotia Trustee**") (ECF No. 8526) (the "**Nova Scotia Trustee Motion**"), (ii) the Amended Motion of Appaloosa Management L.P. ("**Appaloosa**"), Aurelius Capital Management, LP ("**Aurelius**"), Elliott Management Corporation ("**Elliott"**), and Fortress Investment Group LLC ("**Fortress**," and together with Appaloosa, Aurelius, and Elliott, the "**Greenberg Traurig Parties**" ) (ECF No. 8535) (the "**Nova Scotia Noteholders Motion**"), and (iii) the Joinders to the Nova Scotia Noteholders Motion filed by (a) Morgan Stanley & Co., International plc ("**Morgan Stanley**") (ECF No. 8794), (b) Certain Noteholders represented by Brown Rudnick LLP (the "**Brown Rudnick Noteholders**") (ECF No. 8879), and (c) Goldman Sachs & Co. ("**Goldman**," and together with the Greenberg Traurig Parties, Morgan Stanley, and the Brown Rudnick Noteholders, the "**Nova Scotia Noteholders**") (ECF No. 9020) (collectively, the "**Joinders**," and together with the Nova Scotia Trustee Motion and

the Nova Scotia Noteholders Motion, the "**Motions**"), which Motions seek the temporary allowance of claims for purposes of voting on the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**"); and upon the Debtors' Omnibus Objection to Motions of (i) Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company, (ii) Certain Noteholders, and (iii) Morgan Stanley & Co. International plc Pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure for Temporary Allowance of Claims for Purpose of Voting to Accept or Reject the Plan (ECF No. 8885) (the "**Debtors' Objection**"),[1] the Response of the Creditors' Committee with Respect to Bankruptcy Rule 3018(a) Motions Filed by Certain Noteholders and Trustee of General Motors Nova Scotia Finance Company (ECF No. 8887), and the Nova Scotia Trustee's Reply to the Debtors' Objection (ECF No. 8974); and a hearing (the "**Hearing**") having been held with respect to the Motions on February 3, 2011; and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motions are granted as provided herein; and it is further

ORDERED that the Nova Scotia Guarantee Claims shall be temporarily allowed solely for purposes of voting on the Plan (in Class 3 (General Unsecured Claims)) in an aggregate amount not to exceed $1.072 billion as further provided herein; and it is further

ORDERED that, solely for purposes of voting on the Plan (in Class 3 (General Unsecured Claims)), the Nova Scotia Noteholders shall be permitted to vote their respective Nova Scotia Guarantee Claims as follows: (i) the Greenberg Traurig Parties, their affiliates, and the entities that they manage shall be entitled to no more than fifteen (15) votes in the aggregate, (ii) the Brown Rudnick Noteholders shall be entitled to no more than twelve (12) votes in the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Debtors' Objection.

aggregate, (iii) Morgan shall be entitled to no more than one (1) vote, and (iv) Goldman shall be entitled to no more than one (1) vote; and it is further

ORDERED that, solely for purposes of voting on the Plan (in Class 3 (General Unsecured Claims)), the Nova Scotia Trustee shall be permitted to provisionally vote its Nova Scotia Wind-Up Claim in the amount of $1,607,647,592.49 as one (1) vote; *provided, however*, that all rights of the Debtors and the Creditors' Committee are expressly reserved and retained at or prior to the hearing on confirmation of the Plan to renew the opposition to the Nova Scotia Trustee Motion on no less than five (5) calendar days notice to Akin Gump Strauss Hauer & Feld LLP, attorneys for the Nova Scotia Trustee, and to argue that the vote of the Nova Scotia Trustee should not be counted under Bankruptcy Rule 3018 in the event (i) the Nova Scotia Trustee does not vote to accept the Plan and (ii) Class 3 (General Unsecured Claims) rejects the Plan; and it is further

ORDERED that upon delivery by the Nova Scotia Trustee to the Debtors of their objections to confirmation of the Plan in writing, the Debtors shall confer with the Nova Scotia Trustee in an effort to resolve such objections; and it is further

ORDERED that the foregoing is solely for purposes of voting on the Plan and the rights of all parties are expressly reserved as to all other matters, including, without limitation, with respect to the objections that have been filed to the allowance of the Nova Scotia Guarantee Claims and the Nova Scotia Wind-Up Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_February 14, 2011_**

                                        **_s/ Robert E. Gerber_**
                                        United States Bankruptcy Judge