**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<u>**Presentment Date and Time**</u>
**March 9, 2011**

----------------------------------------------------------------x
**at 9:45 A.M.**

In re                                                             :

**Bankruptcy of Motors Liquidation Company**    :        **Chapter 11**

**(f/k/a General Motors Corporation) ("MLC")**    :

                                                                 :        **Case No. 09 - 50026 (REG)**

                         Debtor.                     :

----------------------------------------------------------------x

**RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 70285**
**FILED BY STANLEY R. STASKO**

Stanley R. Stasko respectfully states:

1)  that Stanley R. Stasko received Debtor's Objection to Proof of Claim No. 70285 –
    (See Exhibit #1)

2)  that a copy of Proof of Claim No. 70285 by Stanley R. Stasko is in Exhibit #2

3)  on April 8, 2010, the U.S. Bankruptcy Court – S.D. of New York (Bankruptcy Court)
    considered Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See
    Court Transcript of April 8, 2010; Docket #5509)

4)  also on April 21, 2010, the U. S. Bankruptcy Court – S.D. of New York Denied the
    Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Exhibit #3)

5)  further General Motors Corporation has been notified that Stanley R. Stasko is
    Appealing the Entire Order Denying Motion of Stanley R. Stasko for Relief from the
    Automatic Stay – (See Exhibit #3)

6)  still further U. S. District Court – S.D. of New York has decided to Hear the Appeal
    by Stanley R. Stasko and has assigned the Appeal with Case # 1:10-CV-04322-JGK
    (Honorable John G. Koeltl)

7)  still further Stanley R. Stasko (Appellant) has already filed the Appellant's Legal
    Brief (See Exhibit #4) and served a copy to General Motors Corporation (Appellee)

8) still further Appellant has already filed the Appellant's Response to Appellee's Legal

Brief (See Exhibit #5) and served a copy to General Motors Corporation


**PROOF of CLAIM by STANLEY R. STASKO ALREADY DISCUSSED in**

**<u>BANKRUPTCY COURT on APRIL 8, 2010</u>**

9) the Proof of Claim issue was discussed by Judge Robert E Gerber of the U.S.

Bankruptcy Court – S. D. of New York (the Bankruptcy Judge) when he stated "Mr.

Stasko, I'm going to have to deny your motion for relief from the stay, both by reason

of your failure to show that you're entitled to that relief under the Second Circuit

Sonnax factors and because you didn't file a proof of claim" (Court Transcript of

April 8, 2010; Page 31, Lines 18 - 22; Docket # 5509)

10) also Stanley R. Stasko Claim Filed after Bar Date was implied on page 40, lines 2 – 8,

and 18 - 24 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8,

2010, when Bankruptcy Judge Gerber purposefully publicly harasses the Stanley R.

Stasko by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and

forty years as a lawyer, this is the first time that I've had a fellow or an entity who

actually filed litigation after the bankruptcy case was filed and then asked for relief

from the stay to continue in the filing of – or prosecution of a litigation that should

never have been filed in the first place … now, I'll assume for the sake of discussion

that you didn't know about the bankruptcy when you filed the action in the Eastern

District of Michigan, but once you heard about it, proceeding to try to get a default

against the debtor was just dead wrong. And because you're not a lawyer, I'm not

going to use one of the stronger words that I would use, but that's real bad, okay?"

(See Docket #5509)

2

## CIVIL SUIT HAS ITS GENESIS IN CY2005

11) also discussed in Appellant's Legal Brief – (See Exhibit #4; Section "Civil Suit has its Genesis in CY2005"; Paragraphs 23 – 34) is that on April 8, 2010, legal counsel for General Motors Corporation **purposefully** makes a disingenuous statement on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, when he states "this motion is based on a post-petition action that was filed in the District Court for the Eastern District of Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition on June 1st, 2009." (See Docket #5509)

12) the details of the genesis of civil suit Stasko v General Motors Corporation in the U. S. District Court – E.D. of Michigan in CY2005 was repeated in Appellant's Legal Brief – See Exhibit #4; Section "Civil Suit has its Genesis in CY2005"; Paragraphs 23 – 34

13) also the delay between the genesis of civil suit Stasko v General Motors Corporation in CY 2005 and the filing of the Complaint of civil suit Stasko v General Motors Corporation on December 11, 2009, was also repeated in the Appellant's Legal Brief:

    a.  Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

    b.  Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

    c.  Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

    d.  Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

14) further Stanley R. Stasko's Proof of Claim being filed in the U. S. Bankruptcy Court – S. D. of New York via U. S. Mail on April 28, 2010, seems insignificant when considering Stanley R. Stasko is a Pro Se Litigant

a.   See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard;

Paragraphs 83 - 88

15) therefore Proof of Claim #70285 by Stanley R. Stasko against General Motors

Corporation should be accepted since it has already been discussed in the Bankruptcy

Court on April 8, 2010, and the Appeal is actively being heard in the U.S. District

Court – S.D. of New York

## ISSUES FROM DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 70285

## ACTUAL NOTICE OF BAR DATES

16) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "the Debtors

published notice of the Bar Date in nine publications including, without limitation,

*Financial Times, The Wall Street Journal…, The New York Times* (National)*, USA

Today…,* and *Detroit Free Press / Detroit News*" – (See Exhibit #1; Page #2)

17) the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley R.

Stasko does not subscribe to publications like *Financial Times, The Wall Street

Journal…, The New York Times* (National)*, USA Today…,* and *Detroit Free Press /

Detroit News*

18) also the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley

R. Stasko does not even own what is commonly known as a television (nor has he for

years)

19) therefore the publications listed would not be a typical avenue for Stanley R. Stasko

to be informed regarding Bar Dates associated with General Motors Corporation

Bankruptcy

## MICHIGAN ACTION ADMINISTRATIVELY CLOSED

20) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "the

Michigan Court explained to Claimant: I will not enforce [the Bankruptcy Court's]

directive that you withdraw your lawsuit entirely … however, I will, for

administrative purposes, dismiss the lawsuit."(See Exhibit #1; Page #4)

21) this is a misleading statement by General Motors Corporation

22) a better understanding is Stanley R. Stasko specifically asked the Honorable Judge

Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status

Conference on April 12, 2010, "how a judge in one court can order a withdrawal in a

totally different district." Judge Cook replied by stating "Well, I don't understand it

either, and that's why I did not make a ruling on that. I had serious doubts in my mind

in the absence of any showing of case authority or statutory authority that a judge can

order a person to withdraw the allegation. The judge, I believe, has the right to

enforce – or not enforce the statute, but I don't know that there's any law – and there

may be. Maybe it exists, but I'm not aware of any law that permits such a person,

such a judge, to order a litigant to withdraw the allegations." (See Exhibit 6, Page 11,

Lines 9 – 20)

23) also Judge Cook stated "… I will, for administrative purposes, dismiss the lawsuit.

Let me explain what I'm saying. … I've used the word administrative which means

we're **just putting this to the side** (emphasis added) to await the conclusion in the

bankruptcy proceeding involving what is now former General Motors. … without the

word administratively, by my dismissing the case, it would mean that you could not

bring the case back into the court. But administratively, it simply means I want to get

it off the accounting. Basically we are asked in this court to account every case that's been heard in this case. … By doing it administratively, we are putting it to the side so we won't have to count it, we won't have to keep referring to it month and month, year after year." (See Exhibit 6, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

## PROOF OF CLAIM NO. 70285 IS TIME-BARRED BY THE APPLICABLE STATUE OF LIMITATIONS

24) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "In sum, Claimant alleges that he did not discover the injury and loss he incurred until September 1, 2005, due to his loss of memory … and GM's delay in providing him employment records he had requested during the summer of 2005 … In the Complaint, Claimant offers the date of September 1, 2005, as the date on which his memory returned and the date from which the limitations period should be calculated … Even assuming *arguendo* that the statue of limitations should be tolled until September 1, 2005, the applicable three-year limitations period would have expired on September 1, 2008." (See Exhibit #1; Page #8)

25) in the above quotation General Motors Corporation makes two misleading statements

    a. Claimant offers the date of September 1, 2005, as the date on which his memory returned

    b. the applicable three-year limitations period would have expired on September 1, 2008

26) the tolling of the applicable statue of limitations and discovery delays is better described by Stanley R. Stasko when he motioned the U.S. Bankruptcy Court – S.D.

of New York for Relief from the Automatic Stay and submitted to the Bankruptcy

Court a copy on CD of the (500) plus pages of the original complaint in Stasko v

General Motors Corporation in U.S. District Court – E.D. of Michigan explaining in

detail the situation of the civil suit (including his Mental Disability, the Discovery

Delays, and the Fraudulent Concealment by General Motors Corporation)

   a. Duplicated below for convenience

   b. See Original Complaint filed in U. S. District Court – E.D. of Michigan for
      legal reference details

   c. Exhibit Numbers in Paragraphs # 27 to 74 are in reference to Original
      Complaint filed in U. S. District Court – E.D. of Michigan

   d. The term plaintiff refers to Stanley R. Stasko and the term defendant refers to
      General Motors Corporation in Paragraphs #27 to 74

27) Title 42 USC Section 1983 does not specify a statute of limitations for recovery of

   damages by an employee from an employer. M.C.L.A. 600.5807 (8) states that "the

   period of limitations is 6 years for all other actions to recover damages or sums due

   for breach of contract."

28) Defendant may argue that the statute of limitations has expired for the plaintiff to

   recover damages from an employer since the plaintiff resigned from General Motors

   Corporation on August 25, 1995. August 25, 1995 plus six years equals August 25,

   2001.

## **TOLLING OF LIMITATIONS – METHOD #1 – DISCOVERY DELAYS**

29) According to Campau v Orchard Hills Psychiatric Center 946 F.Supp. 507, 19A.D.D.

   1056, E.D. Mich., November 19, 1996 (No. Civ. A.96-40310) the discovery rule

7

postpones beginnings of limitations period from date when **plaintiff is wronged to date when he discovers he has been injured** (emphasis added)

30) Other State of Michigan court rulings include Stephens v. Dixon, 536 N.W.2d 755 Mich.,1995 "in deciding whether to strictly enforce period of limitation or impose discovery rule, court must carefully balance when plaintiff learned of her injuries, whether she was given fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling statute of limitations. M.C.L.A. § 600.5827."

31) Also Moll v. Abbott Laboratories, 506 N.W.2d 816 Mich.,1993 "…once plaintiff is aware of injury and its possible cause, plaintiff is aware of possible cause of action for purposes of commencement of statute of limitations."

32) Further, City of Huntington Woods v. Wines, 332 N.W.2d 557 Mich.App.,1983 "…limitation period commences when the person knows of the act which caused his injury and has good reason to believe that the act was improper or was done in an improper manner."

33) Still further, Jackson County Hog Producers v. Consumers Power Co., 592 N.W.2d 112 Mich.App.,1999 "…if the discovery rule applies, a claim does not accrue for the purpose of the running of the limitation period until a plaintiff discovers, or through the exercise of reasonable diligence should have discovered (1) an injury and (2) the causal connection between the injury and a defendant's breach of duty."

34) Rose v Saginaw County, 232 F.R.D. 267, E.D. Mich., November 21, 2005 (No. 01-10337-BC). "…if the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circumstances surrounding his belated discovery and the delay"

35) The plaintiff submits an essay fully describing the facts and circumstances surrounding the belated discovery and the delay.

36) The plaintiff first began to discover the injury and loss he incurred by the defendant when the plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005.

37) The defendant did not respond to the letter dated July 20, 2005.

38) The plaintiff made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005.

39) The defendant did not respond to the second request letter dated August 8, 2005.

40) The plaintiff made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005.

41) The defendant responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310. The plaintiff includes the evaluation and salary compensation information in Exhibit 13.

42) The plaintiff's employment record from General Motors Corporation is the first and only time the plaintiff received employment records from the defendant.

43) The discovery rule postpones beginnings of limitations period from date when plaintiff is wronged to date when he discovers he has been injured; therefore, since the plaintiff first began to discover the injury and loss he incurred by the defendant on September 1, 2005; therefore, the statue of limitations does not expire until September 1, 2011. (September 1, 2005 plus six years equals September 1, 2011.)

## **TOLLING OF LIMITATIONS – METHOD #2 – MENTAL DISABILITY**

44) M.C.L.A. 600.5851 (1) states ... "if the person first entitled to make an entry or bring
an action under this act is under 18 years of age or insane at the time the claim
accrues, the person or those claiming under the person shall have 1 year after the
disability is removed through death or otherwise, to make the entry or bring the action
although the period of limitations has run."

45) Also M.C.L.A. 600.5851 (2) states "the term insane as employed in this chapter
means a condition of mental derangement such as to prevent the sufferer from
comprehending rights he or she is otherwise bound to know and is not dependent on
whether or not the person has been judicially declared to be insane."

46) The plaintiff submits an essay fully describing the facts and circumstances
surrounding his **loss of memory**. See Essay, Exhibit 7, p. 33-37.

47) The plaintiff's loss of memory continued for years including other people trying to
convince the plaintiff he needs to be on medication.

    a. See Essay, Exhibit 7, p. 48-63

    b. See North Oakland Medical Center report in Exhibit 8.

    c. See Essay, Exhibit 7, p. 64-65

48) Further M.C.L.A. 600.5851 (3) states "to be considered a disability, the infancy or
insanity must exist at the time the claim accrues. If the disability comes into existence
after the claim has accrued, a court shall not recognize the disability under this
section for the purpose of modifying the period of limitations."

49) Still further M.C.L.A. 600.5851 (5) states "… a court shall count the year of grace
provided in this section from the termination of the last disability to the person to
whom the claim originally accrued that has continued from the time the claim

accrued, whether this disability terminates because of the death of the person disabled
or for some other reason."

50) The plaintiff's memory only starts to clear up in July 2005. (See Essay, Exhibit 7, p.
65-67) In order for the court to understand how much the plaintiff's memory will
clear up several years later, Exhibit 15 represents the plaintiff's resume for General
Motors accomplishments in CY2005 and Exhibit 16 represents the plaintiff's resume
for General Motors accomplishments written approximately October CY2009.

51) If the defendant argues that the plaintiff resigned from General Motors Corporation
on August 25, 1995; therefore, the plaintiff's mental disability (loss of memory) is
over fourteen years old. The court should note that Calladine v Dana Corp. 679
F.Supp. 700, E.D. Mich., February 29, 1988 (No. Civ. A. 87-CV-1739DT) states
"…that an individual mentally incompetent at the time a cause of action accrues may
file the claim before the applicable limitations period runs *after* the disability is
removed. Since William remains mentally incompetent, the statute has not begun to
run even though the injury occurred almost nine years prior to the filing of this suit"
(See Exhibit 18 for Calladine v Dana Corp.)

52) Also *Paavola v. St. Joseph Hosp. Corp.,* 119 Mich.App. 10, 14-15, 325 N.W.2d 609
(1982) states that the "…statute permits tolling for a "period potentially many
decades long."

53) Further if the defendant argues that the plaintiff should have appointed a guardian or
obtained an attorney to capably handle the plaintiff's rights when the plaintiff first
began to discovery the injury or loss approximately September 2005 similar to the
argument made in Calladine v Dana Corp. ( "… In other words, asserts Dana,
William has been in a far better position legally than the average individual who must

attend to his or her legal rights without such assistance."; The plaintiff states that he is a single man with no spouse. The plaintiff has no legal children. The plaintiff did try to obtain an attorney when he first began to discover the injury or loss approximately September 2005 but the attorney showed no interest in the case, nor did the attorney return the plaintiff's phone calls, once the attorney learned that the plaintiff resigned from General Motors Corporation on August 25, 1995.

54) Still further, Calladine v Dana Corp. states that "…Michigan courts have consistently held otherwise. In a string of decisions, the Michigan Court of Appeals has found that the statute does not begin to run even with the appointment of a guardian, *see, e.g.,* *Wallisch v. Fosnaugh,* 126 Mich.App. 418, 426, 336 N.W.2d 923 *leave to appeal denied,* 418 Mich. 871 (1983); *Paavola,* 119 Mich.App. at 14, 325 N.W.2d 609, or next friend, *Rittenhouse v. Erhart,* 126 Mich.App. 674, 679, 337 N.W.2d 626 (1983), *modified on other grounds,* 424 Mich. 166, 380 N.W.2d 440 (1986), on behalf of a mentally incompetent person.

55) If the defendant argues that the plaintiff's did not have a mental disability because he was able to work for DSP Technology in Ann Arbor, Michigan and MSX International in Auburn Hills, Michigan covering a period a time from approximately January 1997 to February 2001. The court should note that Asher v. Exxon Co., U.S.A., 504 N.W.2d 728 Mich.App.,1993 states "… the circuit court erred in finding that plaintiff was not mentally deranged because he was able to work, see *Davidson v. Baker-Vander Veen Construction Co.,* 35 Mich.App. 293, 302-303, 192 N.W.2d 312 (1971)."

56) M.C.L.A. 600.5851 (5)  shall count the year of grace from the termination of the last disability and since the plaintiff's loss of memory will clear up enough for the

plaintiff to represent himself in court approximately October CY2009; therefore, the

statue of limitations does not expire until October 2010. (October 2009 plus one year

equals October 2010.)

## TOLLING OF LIMITATIONS – METHOD #3 – FRAUDULENT CONCEALMENT

57) <u>M.C.L.A. 600.5855</u> "… if a person who is or may be liable for any claim fraudulently

conceals the existence of the claim or the identity of any person who is liable for the

claim from the knowledge of the person entitled to sue on the claim, the action may

be commenced at any time within 2 years after the person who is entitled to bring the

action discovers, or should have discovered, the existence of the claim or the identity

of the person who is liable for the claim, although the action would otherwise be

barred by the period of limitation."

58) <u>McCray v Moore (Not reported in F.Supp. 2d, 2008 WL 4225762), U.S. District

Court, E.D. Mich., No. 07-13297, September 9, 2008</u> states "… Michigan law

provides that the statute of limitations may be tolled where a defendant has concealed

the facts giving rise to the cause of action:"

59) Further McCray v Moore states "… *Mich. Comp. Laws § 600.5855*. The acts

constituting fraudulent concealment are "(1) wrongful concealment of their actions by

the defendants; (2) failure of the plaintiff to discover the operative facts that are the

basis of his cause of action within the limitations period; and (3) plaintiff's due

diligence until discovery of the facts." *Evans v. Pearson Enterprises, Inc., 434 F.3d

839, 851 (6th Cir.2006)*, quoting, *Dayco Corp. v. Goodyear Tire & Rubber Co., 523

F.2d 389, 394 (6th Cir.1975)*."

60) <u>Lumber Village v Siegler, 355 N.W.2d 654</u> states "…as a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. <u>Draws v. Levin, 332 Mich. 447, 452, 52 N.W.2d 180 (1952)</u>"

61) The plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005.

62) The defendant did not respond to the letter dated July 20, 2005.

63) The plaintiff made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005.

64) The defendant did not respond to the second request letter dated August 8, 2005.

65) The plaintiff made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005.

66) The court should note that in the third request the plaintiff states "Stanley R. Stasko requests this information to: … (3) look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)."

67) The court should also note that in the third request the plaintiff states "…please note that a copy of this letter is being sent to: Dan Galnat, Attorney, General Motors – Global Headquarters…"

68) Now that the plaintiff has implied a possible lawsuit, the defendant responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310. (See Exhibit 13) The plaintiff includes the evaluation and salary compensation information in Exhibit 13.

69) Since the plaintiff was hired by General Motors on July 18, 1983 and resigned on
August 25, 1995, it is reasonable to expect performance evaluation forms for
CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990,
CY1991, CY1992, CY1993, CY1994, and CY1995

70) The information from the defendant (FedEx Trk # 8464-9619-6310) contained only
three Advanced Engineering Staff Performance planning and Development Process
information forms.

    a.   One Advanced Engineering Staff Performance Planning Development Process
information dated December 22, 1989, by Stanley R. Stasko

    b.   One Advanced Engineering Staff Performance Planning Development Process
information dated December 19, 1990, by Stanley R. Stasko

    c.   One Advanced Engineering Staff Performance Planning Development Process
information dated January 22, 1992 by Stanley R. Stasko

71) The plaintiff did try to obtain an attorney when he discovered so little of his
accomplishments from CY1983, CY1984, CY1985, CY1986, CY1987, CY1988,
CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and CY1995 were
documented by the defendant.

72) The attorney showed no interest in the case, nor did the attorney return the plaintiff's
phone calls, once the attorney learned that the plaintiff resigned from General Motors
Corporation on August 25, 1995

73) The plaintiff's memory only starts to clear up in July 2005. (See Essay, Exhibit 7, p.
65-67) In order for the court to understand how much the plaintiff's memory will
clear up several years later, Exhibit 15 represents the plaintiff's resume for General

Motors accomplishments in CY2005 and Exhibit 16 represents the plaintiff's resume for General Motors accomplishments written approximately October CY2009.

74) <u>M.C.L.A. 600.5855</u> states "… if a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitation."; therefore, since the plaintiff was able to first represent himself in court approximately October CY2009; therefore, the statue of limitations does not expire until October 2011. (October 2009 plus two years equals October 2011.)

75) The Tolling of the Applicable Statue of Limitations can be summarized:

a. for Discovery Delays => The discovery rule postpones beginnings of limitations period from date when plaintiff is wronged to date when he discovers he has been injured; therefore, since the plaintiff first began to discover the injury and loss he incurred by the defendant on September 1, 2005; therefore, the statue of limitations does not expire until September 1, 2011. (September 1, 2005 plus six years equals September 1, 2011.)

b. for Mental Disability => M.C.L.A. 600.5851 (5)  shall count the year of grace from the termination of the last disability and since the plaintiff's loss of memory will clear up enough for the plaintiff to represent himself in court approximately October CY2009; therefore, the statue of limitations does not expire until October 2010. (October 2009 plus one year equals October 2010.)

c.  for Fraudulent Concealment => M.C.L.A. 600.5855  states "… if a person

who is or may be liable for any claim fraudulently conceals the existence of

the claim or the identity of any person who is liable for the claim from the

knowledge of the person entitled to sue on the claim, the action may be

commenced at any time within 2 years after the person who is entitled to bring

the action discovers, or should have discovered, the existence of the claim or

the identity of the person who is liable for the claim, although the action

would otherwise be barred by the period of limitation."; therefore, since the

plaintiff was able to first represent himself in court approximately October

CY2009; therefore, the statue of limitations does not expire until October

2011. (October 2009 plus two years equals October 2011.)

**EXCUSABLE NEGLECT**

76) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "whether

excusable neglect exists in any particular case hinges on five factors: (1) the degree of

prejudice to the debtors; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the

reasonable control of the claimant; (4) whether the claimant acted in good faith; and

(5) if a claimant had counsel, whether a claimant should be penalized for their

counsel's mistake or neglect - (See Exhibit #1; Page #10)

**THE DEGREE OF PREJUDICE TO THE DEBTORS**

77) this factor is similar to the argument made by General Motors Corporation in the

Appellee's Legal Brief filed in U. S. District Court – S.D. of New York

78) the Appellee stated "… the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend against the Michigan Action far outweighs any potential gain to Appellant in proceeding with the Michigan Action against the Debtors given that Appellant did not file a timely proof of claim against the Debtors and is therefore barred from seeking any recovery from the Debtors."(See Exhibit 5; Paragraph #21)

79) the U. S. Bankruptcy Court – S.D. of New York can find Stanley R. Stasko Response to the Appellee's statement in Exhibit #5; Section "Fraudulent Concealment"; Paragraphs #22-36

80) therefore the time, financial resources, and attention necessary to defend against the Michigan Action was self inflicted by General Motors Corporation when General Motors Corporation Fraudulently Concealed Stanley R. Stasko's accomplishments

**THE LENGTH OF THE DELAY**

81) Stanley R. Stasko filed Proof of Claim in the U. S. Bankruptcy Court – S. D. of New York via U. S. Mail on April 28, 2010, (5) months after the Bar Date of November 30, 2009 (this also seems insignificant when considering Stanley R. Stasko is a Pro Se Litigant; See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard"; Paragraphs 83-88)

82) also the U.S. District Court – S.D. of New York may ask the question - why the delay between the genesis of civil suit Stasko v General Motors Corporation in CY2005 and the filing of the complaint of civil suit Stasko v General Motors Corporation on December 11, 2009?

83) when Stanley R. Stasko motioned the U.S. Bankruptcy Court – S.D. of New York for Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD of the (500) plus pages of the original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan explaining in detail the situation of the civil suit (including his Mental Disability, the Discovery Delays, and the Fraudulent Concealment by General Motors Corporation)

84) therefore the U. S. Bankruptcy Court – S.D. of New York was informed of the reasons for the length of the delay


## REASON FOR DELAY

85) the delay between the genesis of civil suit Stasko v General Motors Corporation in CY 2005 and the filing of the Complaint of civil suit Stasko v General Motors Corporation on December 11, 2009, is repeated in the Appellant's Legal Brief:

    a.  See Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

    b.  See Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

    c.  See Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

    d.  See Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

86) also when Stanley R. Stasko motioned the U.S. Bankruptcy Court – S.D. of New York for Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD of the (500) plus pages of the original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan explaining in detail the unique situation of the civil suit (including his Mental Disability, the Discovery Delays, and the Fraudulent Concealment by General Motors Corporation)

## WHETHER A CLAIMENT ACTED IN GOOD FAITH

87) Stanley R. Stasko fully plead the facts and circumstances surrounding his belated

discovery and the delay in the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan; and, Stanley R. Stasko

submitted the (70) plus page explanation of the facts and circumstances from Exhibit

#7 from Case #2:09-CV-14827 to the U.S. Bankruptcy Court – S. D. of New York

88) also Stanley R. Stasko submitted to the U.S. Bankruptcy Court – S.D. of New York

the approximate (89) page resume of Exhibit 16 in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan when the Appellant motioned

for Relief from the Automatic Stay in order to help the Bankruptcy Court understand

the magnitude of the Fraudulent Concealment by General Motors Corporation

89) further the U. S. Bankruptcy Court – S. D. of New York needs to understand when

the Stanley R. Stasko motioned for Relief from the Automatic Stay the majority of

the (500) plus pages of the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan was written and / or compiled

in CY2009 when Stanley R. Stasko memory cleared enough to defend his himself in

the civil suit against General Motors Corporation

**90)** therefore Stanley R. Stasko acted in Good Faith by filing civil suit Stasko v General

Motors Corporation on December 11, 2009, since his memory **just cleared enough**

**to defend himself in CY2009** (emphasis added)


## IF CLAIMENT HAD COUNSEL

91) Stanley R. Stasko is a Pro Se Litigant in civil suit Stasko v General Motors

Corporation Case #2:09-CV-14827

92) also Stanley R. Stasko is a Pro Se Litigant in U. S. Bankruptcy Court – S.D. of New

York Case #09-50026 (REG)

93) further Stanley R. Stasko is a Pro Se Litigant in U. S. District Court – S.D. of New

York Case #1:10-CV-04322-JGK


**<u>CONCLUSION</u>**

94) Stanley R. Stasko respectfully requests that Proof of Claim #70285 by Stanley R.

Stasko against General Motors Corporation be accepted for the reasons given above

95) also if the U. S. Bankruptcy Court – S.D. of New York decision is against Stanley R.

Stasko, then Stanley R. Stasko automatically Appeals the decision to U. S. District

Court – S.D. of New York Case #1:10-CV-04322-JGK

96) further Stanley R. Stasko requests another Bankruptcy Judge hear the Motion and

Stanley R. Stasko Response because Judge Robert E. Gerber purposefully publicly

harasses Stanley R. Stasko by stating "uniquely in my ten years as a judge, as a

bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a

fellow or an entity who actually filed litigation after the bankruptcy case was filed

and then asked for relief from the stay to continue in the filing of – or prosecution of a

litigation that should never have been filed in the first place … now, I'll assume for

the sake of discussion that you didn't know about the bankruptcy when you filed the

action in the Eastern District of Michigan, but once you heard about it, proceeding to

try to get a default against the debtor was just dead wrong. And because you're not a

lawyer, I'm not going to use one of the stronger words that I would use, but that's real

bad, okay?" (Bankruptcy Court Transcript of April 8, 2010; Page 40, Lines 2-8 and

18-24; Docket # 5509)

Dated: February 10, 2011

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

Exhibit - 1

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
------------------------------------------------------------x
```

## DEBTORS' OBJECTION TO
## PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO

# TABLE OF CONTENTS

**Page(s)**

RELIEF REQUESTED.................................................................................................................1

JURISDICTION ........................................................................................................................1

BACKGROUND .......................................................................................................................2

THE STASKO POC FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE
      GRANTED .........................................................................................................................5

THE STASKO POC IS TIME-BARRED BY THE APPLICABLE STATUTE OF
      LIMITATIONS..................................................................................................................7

THE STASKO POC WAS FILED AFTER THE BAR DATE......................................................8

NOTICE ..................................................................................................................................11

CONCLUSION....……………………………………………………………………….............12

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Asbestos Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.),*
  262 B.R. 223 (S.D.N.Y. 2001) ........................................................................................... 7

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ................................................................................................... 5, 6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................................... 5

*Bey v. Stapleton,*
  558 F. Supp. 2d 767 (E.D. Mich. 2007) ........................................................................... 7

*District of Columbia v. Carter,*
  409 U.S. 418 (1973) ......................................................................................................... 6

*Fields v. Merrill Lynch,*
  301 F.Supp.2d 259 (S.D.N.Y. 2004) ................................................................................ 7

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),*
  398 B.R. 736 (S.D.N.Y. 2008) .......................................................................................... 5

*Hayden v. Paterson,*
  594 F.3d 150 (2d Cir. 2010) ............................................................................................. 5

*In re Agway, Inc.,*
  313 B.R. 31 (Bankr. N.D.N.Y. 2004) ................................................................................ 9

*In Re Drexel Burham Lambert Group Inc.,*
  151 B.R. 674 (Bankr. S.D.N.Y. 1993) ............................................................................ 10

*In re Enron Corp.,*
  419 F.3d 115 (2d Cir. 2005) ........................................................................................... 10

*In re Keene Corp.,*
  188 B.R. 903 (Bankr. S.D.N.Y. 1995) ............................................................................ 11

*In re Kmart Corp.,*
  381 F.3d 709 (7th Cir. 2004) .......................................................................................... 11

*In re Lehman Bros. Holdings, Inc.,*
  No. 08-13555, 2010 WL 2000326 (Bankr. S.D.N.Y. May 20, 2010) .............................. 11

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*In re M. Fabrikant & Sons, Inc.,*
   2009 WL 3806683 (Bankr. S.D.N.Y. Nov. 10, 2009) ................................................. 6

*In re Musicland Holding Corp.,*
   356 B.R. 603 (Bankr. S.D.N.Y. 2006) ...................................................................... 11

*In re XO Commc'n Inc.,*
   301 B.R. 782 (Bankr. S.D.N.Y. 2003) ........................................................................ 9

*Koeppel v. Wachtler,*
   141 A.D.2d 613 (N.Y. App. 1988) .............................................................................. 7

*Magee v. DaimlerChrysler Corp.,*
   693 N.W. 2d 166 (Mich. 2005) .................................................................................... 7

*McCune v. City of Grand Rapids,*
   842 F.2d 903 (6th Cir. 1988) ....................................................................................... 7

*Michigan Paytel Joint Venture v. City of Detroit,*
   287 F.3d 527 (6th Cir. 2002) ....................................................................................... 6

*Patane v. Clark,*
   508 F.3d 106 (2d Cir. 2007) ........................................................................................ 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.,*
   507 U.S. 380 (1993) ................................................................................................... 10

*Spampinato v. M. Breger & Co.,*
   270 F.2d 46 (2d Cir. 1959) .......................................................................................... 6

*Stanely R. Stasko v. General Motors Corporation* ....................................................... 2

*Tulsa Professional Collection Services, Inc. v. Pope,*
   485 U.S. 478 (1982) ..................................................................................................... 9

*Wilson v. Garcia,*
   471 U.S. 261 (1985) ..................................................................................................... 7

**Statutes**

11 U.S.C. § 105(a) ....................................................................................................... 11

11 U.S.C. § 502(c) ......................................................................................................... 5

28 U.S.C. § 1334 ............................................................................................................ 1

iii

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

28 U.S.C. § 157 .................................................................................................................. 1

42 U.S.C. § 1983 ......................................................................................................... 2, 6, 7

42 U.S.C. § 2000e-5(e)(1) .................................................................................................. 7

Executive Law §296(1)(a) ................................................................................................. 7

Fed. R. Bankr. P. 1015(c) ............................................................................................... 11

Fed. R. Bankr. P. 3003(c)(3) ............................................................................................. 8

Fed. R. Bankr. P. 3007(d)(4) ............................................................................................. 8

Fed. R. Bankr. P. 9006(b)(1) ................................................................................... 9, 10, 11

Fed. R. Bankr. P. 9007 .................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 5

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      The Debtors file this Objection (the "**Objection**"), pursuant to section 502(b) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the

deadline (the "**Bar Date**") for filing proofs of claim against MLC and certain other Debtors and

the procedures relating to the filing of proofs of claim against MLC and certain other Debtors

(the "**Bar Date Order**") (ECF No. 4079), seeking entry of an order disallowing and expunging

Proof of Claim No. 70285 (the "**Stasko PoC**," a copy of which is attached hereto as **Exhibit**

"**A**") filed by Stanley R. Stasko ("**Claimant**").  The Debtors have examined the Stasko PoC and

the hundreds of pages of related documents Claimant has filed in these chapter 11 cases and

related proceedings.  Because the Stasko PoC fails to state a claim on which relief can be

granted, is time-barred by the applicable statute of limitations, and was filed after the Court-

imposed Bar Date for filing proofs of claim in these chapter 11 cases, the Debtors request the

entry of an order disallowing and expunging the Stasko PoC from the Debtors' claims register.

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.    On September 16, 2009, this Court entered the Bar Date Order which, among

other things, established November 30, 2009 as the Bar Date and set forth procedures for filing

proofs of claim.  The Bar Date Order states that any party that fails to file a proof of claim on or

before the Bar Date shall be forever barred, estopped, and enjoined from asserting such claims

against the Debtors and the Debtors shall be forever discharged from any and all indebtedness or

liability with respect to such claim.  (Bar Date Order at 5)  On or before October 15, 2009, the

Debtors published notice of the Bar Date in nine publications including, without limitation,

*Financial Times*, *The Wall Street Journal* (Global Edition – North America, Europe, and Asia),

*The New York Times* (National), *USA Today* (Monday through Thursday, National), and *Detroit

Free Press/Detroit News*.

4.    Claimant did not file a proof of claim on or before the Bar Date.  Rather, on

December 11, 2009, Claimant commenced a lawsuit in the United States District Court for the

Eastern District of Michigan (the "**Michigan Court**") styled *Stanely R. Stasko v. General Motors

Corporation*, case number 2:09-cv-14827 (the "**Michigan Action**").  The complaint (the

"**Complaint**") in the Michigan Action, attached hereto as **Exhibit "B**," alleges a cause of action

under 42 U.S.C. § 1983 for "deprivation of rights" and seeks monetary compensation "for the

estimated loss by the plaintiff for actual work performed at General Motors Corporation from

approximately July 1983 to August 1995" (Ex. B at 13) and "punitive damages for a hostile work

environment." (Ex. B at 14)  The Complaint does not contain any facts describing how

Claimant's rights were allegedly deprived or in what ways Claimant's work environment was

hostile; however, the voluminous exhibits attached to the Complaint include an essay authored

by Claimant in which he alleges various instances in which he incurred religious discrimination

2

and race baiting while employed at General Motors Corporation ("**GM**"). (Ex. B at Ex. 7, pp. 13 – 25) Prior to commencement of the Michigan Action, the Debtors were not aware that Claimant was a potential creditor of the Debtors.

5.    Claimant did not seek or obtain relief from the automatic stay prior to commencing the Michigan Action. Accordingly, on January 7, 2010, counsel for the Debtors sent a letter to Claimant advising him of these chapter 11 cases and asking that he withdraw the Michigan Action for violating the automatic stay. Claimant did not withdraw the Michigan Action, and on February 19, 2010, Claimant filed a motion (the "**Lift Stay Motion**") seeking to vacate the automatic stay to proceed with the Michigan Action (ECF No. 5151). Notwithstanding his knowledge of these chapter 11 cases and the automatic stay, on March 19, 2010, Claimant filed a Request for Clerk's Entry of Default (the "**Request for Default**") in the Michigan Action seeking $2,775,266 in damages against the Debtors.

6.    The Debtors filed an opposition to the Lift Stay Motion, and on April 8, 2010, this Court heard oral argument on the Lift Stay Motion. During the course of the hearing regarding the Lift Stay Motion, this Court observed "it's an important fact, that no proof of claim was filed" and that, "[t]here are circumstances . . . where there are some good arguments that, having put the debtor on notice of things that took place and/or by reason of surrounding circumstances, might make the failure to file a proof of claim, and a later request to file a late one, subject to legitimate debate, but this is not one of them." (Apr. 8, 2010 Hr'g Tr. at 41:12-18) This Court denied the Lift Stay Motion and ordered that Claimant "withdraw his lawsuit entirely and [] not allow it to merely be stayed." (*Id.* at 39:16-18)

7.    On April 12, 2010, Claimant appeared at a hearing (the "**Michigan Hearing**") before the Michigan Court regarding his Request for Default. Due to the automatic stay, the

3

Debtors did not attend the Michigan Hearing; however, they sent the Michigan Court a letter

regarding these chapter 11 cases and a copy of the transcript from this Court's hearing at which

the Court denied the Lift Stay Motion. A transcript of the Michigan Hearing is attached hereto

as **Exhibit "C."** In discussing the Debtors' chapter 11 cases and this Court's denial of the Lift

Stay Motion, the Michigan Court explained to Claimant: "I will not enforce [the Bankruptcy

Court's] directive that you withdraw your lawsuit entirely . . . however, I will, for administrative

purposes, dismiss the lawsuit." (Ex. C at 7:20-23)  The Michigan Court further stated to

Claimant "[o]nce the bankruptcy stay has been lifted, you'll be entitled to reinstate your case."

(*Id.* at 10:14-15).

8.      On April 19, 2010, the Michigan Court issued an order, (the "**Michigan Court**

**Order**") consistent with its oral ruling, finding that it:

> will, and must, administratively close this case during the duration
> of the bankruptcy proceeding involving the Defendant in the
> Southern District of New York.  Upon the termination of these
> bankruptcy proceedings in New York, either party may file a
> motion, which would seek to reopen this case, within a period of
> sixty (60) days from the date of final resolution of the above-listed
> bankruptcy case.

The Michigan Court Order is attached as Exhibit 2 to the Stasko PoC.  The Michigan Action

remains administratively closed.

9.      On May 3, 2010, Claimant commenced an appeal (the "**Appeal**") of this Court's

ruling denying the Lift Stay Motion.  The Appeal has been fully briefed and the parties are

awaiting a ruling on the Appeal.

10.     On May 12, 2010, in contravention of the Bar Date Order and without leave of

this Court, Claimant filed the Stasko PoC (Proof of Claim No. 70285) seeking $2,775,266.  The

Stasko PoC references the Michigan Action as the basis for the claim, although the Complaint

4

from the Michigan Action is not attached to the Stasko PoC. Nevertheless, in reviewing the

Complaint from the Michigan Action and the exhibits thereto, the Debtors maintain that the

Michigan Action does not provide a valid basis for the Stasko PoC and Claimant is time barred

from pursuing the Stasko PoC both due to the applicable statute of limitations and the Bar Date

Order.

### The Stasko PoC Fails to State a Claim on Which Relief Can Be Granted

11.    The Court should expunge the Stasko PoC because it fails to state any plausible

claims on which relief may be granted. Dismissal of a proof of claim under 11 U.S.C. § 502(c)

is equivalent to dismissing a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on

which relief can be granted. *See Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA,*

*Inc.*), 398 B.R. 736, 748 (S.D.N.Y. 2008) (affirming bankruptcy court's dismissal of proof of

claim for failure to state a plausible claim on which relief may be granted).

12.    A plaintiff must plead more than the possibility of relief to survive a motion to

dismiss. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (applying New York law) (citing

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). As the Supreme Court has recently made clear:

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). Rather, "[i]n order to withstand a motion to dismiss, a complaint must plead

'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d

106, 111-12 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129

S. Ct. at 1949.

13.    In ruling on a motion to dismiss, the Southern District of New York applies a two-part analysis. "First, the court should begin by 'identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of the truth.'" *In re M. Fabrikant & Sons, Inc.*, 2009 WL 3806683, at *11 (Bankr. S.D.N.Y. Nov. 10, 2009) (citing *Iqbal*, 129 S. Ct. at 1950). Second, the court should "give all 'well-pleaded factual allegations' an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950). The Stasko PoC fails to meet this standard, and this Court should disallow it in its entirety.

14.    As noted above, the Stasko PoC asserts the Michigan Action as its basis. The Complaint in the Michigan Action states that it is a "civil action for deprivation of rights" (Ex. B at 2) and relies solely upon 42 U.S.C. § 1983 as its legal basis (*Id.* ¶¶ 7-8). "To state a valid claim under § 1983, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a definite liberty or property interest." *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002). The statute addresses only those deprivations of rights that are accomplished by persons who act under federal or state authority; it does not reach the conduct of purely private citizens who commit wrongful acts. *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973); *see also Spampinato v. M. Breger & Co.*, 270 F.2d 46, 49 (2d Cir. 1959) (affirming dismissal of section 1983 action brought against private landlords). At all times while Claimant was employed by GM, GM was not a government actor, and the Michigan Action does not contain any facts or allegations suggesting that GM ever acted under federal or state authority. At all times relevant to the Complaint, GM was a purely private entity and, therefore, 42 U.S.C. § 1983 does not provide Claimant with a plausible basis for relief. Accordingly, the Stasko PoC should be disallowed and expunged.

6

## The Stasko PoC Is Time-Barred by the Applicable Statute of Limitations

15.    Even if the Stasko PoC stated a plausible basis for relief, it should still be

disallowed and expunged on the grounds that the applicable statute of limitations has run.  This

District has recognized the authority of the Bankruptcy Court to apply the statute of limitations

and related dispositive legal defenses in the disallowance of claims. *Asbestos Claimants v. U.S.*

*Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 262 B.R. 223, 234 (S.D.N.Y. 2001).  Because

42 U.S.C. § 1983 does not contain its own limitations period, the Supreme Court has directed the

federal courts to look to the law of the state where the alleged civil rights violation occurred and

apply that state's most analogous personal injury limitation period. *Wilson v. Garcia*, 471 U.S.

261, 276-80 (1985).  The events alleged in the Complaint and the exhibits thereto occurred

within Michigan.  The statute of limitations for claims filed in Michigan based on 42 U.S.C.

§1983 is three years. *Bey v. Stapleton*, 558 F. Supp. 2d 767, 770 (E.D. Mich. 2007) (citing

*McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)).[1]  To comply with that

limitation, a plaintiff must file his lawsuit within three years of when his claim accrues. *Bey*, 558

F. Supp. 2d at 770.  It is the standard rule that accrual occurs when the plaintiff has a complete

and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Id.*

---

[1] Although Claimant only alleges a cause of action under 42 U.S.C. §1983, his claim would similarly be barred by the statue of limitations for the Michigan, New York, and federal employment discrimination statutes.  Both the Michigan and New York state laws prohibiting employment discrimination are subject to a three-year limitations period. *See, e.g., Magee v. DaimlerChrysler Corp.*, 693 N.W.2d 166, 167 (Mich. 2005) (dismissing employment discrimination and harassment lawsuit brought under Michigan Civil Rights Act, MCL 37.2101, for violating the three-year period of limitations); *Koeppel v. Wachtler*, 141 A.D.2d 613, 615 (N.Y. App. 1988) (noting that action alleging violation of New York's employment discrimination statute, Executive Law §296(1)(a), was governed by the three-year statute of limitations set forth in CPLR 214(2).)  To sustain a claim under the federal employment discrimination statute, Title VII of the Civil Rights Act of 1964, a party must file a charge of Discrimination with the Equal Employment Opportunity Commission within 300 days of the last act of unlawful discrimination. 42 U.S.C. § 2000e-5(e)(1).  "If that charge is not timely filed, a Title VII claim must be dismissed." *Fields v. Merrill Lynch*, 301 F. Supp. 2d 259, 262 (S.D.N.Y. 2004).  As noted above, Claimant has not met any of these deadlines and, accordingly, the Stasko PoC would be time-barred by the statue of limitations even if based upon an employment discrimination statute.

16.     Claimant resigned from GM on August 25, 1995. (Ex. B, ¶6) Assuming *arguendo* that Claimant's claim did not accrue until his last day of employment at GM, he had until August 25, 1998, to commence a lawsuit based on his alleged deprivation of rights by GM. Thus, the limitations period expired more than a decade before Claimant commenced the Michigan Action, upon which the Stasko PoC is based.

17.     Acknowledging this weakness, the majority of the Complaint is devoted to explaining why the limitations period should be tolled. In sum, Claimant alleges that he did not discover the injury and loss he incurred until September 1, 2005, due to his loss of memory (Ex. B ¶27) and GM's delay in providing him employment records he had requested during the summer of 2005 (Ex. B. ¶¶17 - 24; 42 - 49). In the Complaint, Claimant offers the date of September 1, 2005, as the date on which his memory returned and the date from which the limitations period should be calculated. (Ex. B ¶ 24). Even assuming *arguendo* that the statute of limitations should be tolled until September 1, 2005, the applicable three-year limitations period would have expired on September 1, 2008. As noted above, Claimant did not commence the Michigan Action until December 12, 2009. Accordingly, the Michigan Action is time barred and the Stasko PoC should be disallowed and expunged in its entirety.

### The Stasko PoC Was Filed After the Bar Date

18.     Pursuant to Bankruptcy Rule 3003(c)(3), a proof of claim is not timely filed unless it is done so prior to the deadline fixed by a bankruptcy court. Fed. R. Bankr. P. 3003(c)(3).[2] A bar date is not to be disregarded by claimants as it is meant to "function as a statute of limitations and effectively [disallows] late claims in order to provide the Debtor and its

---

[2]   Moreover, Bankruptcy Rule 3007(d)(4) provides that an omnibus objection may be made with respect to claims that were "not timely filed[.]" Fed. R. Bankr. P. 3007(d)(4).

creditors with finality to the claims process and permits the Debtor to make swift distributions

under the Plan." *In re XO Commc'n Inc.*, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003).

19.    Here, the Bar Date Order specifically required proofs of claim to be actually

received on or before the Bar Date (Bar Date Order at 3) and Stasko was put on constructive

notice of the Bar Date through publication of the Bar Date in major national newspapers and in

the *Detroit Free Press/Detroit News*, which circulates in the region within which Stasko resides.

Because Stasko was an unknown creditor to the Debtors at all times prior to the Bar Date,

publication notice of the Bar Date was sufficient. *See, e.g., Tulsa Prof. Collection Serv's. Inc. v.

Pope*, 485 U.S. 478, 490 (1982) ("For creditors who are not reasonably ascertainable, publication

notice can suffice.") (internal quotation and citation omitted); *XO Commc'n*, 301 B.R. at 792-93

(because debtor was unaware of the existence of creditor's preference claim, debtor's publication

notice of the bar date in the *Wall Street Journal* constituted sufficient notice for unknown

creditors); *In re Agway, Inc.*, 313 B.R. 31, 38 (Bankr. N.D.N.Y. 2004) (where creditor is

unknown, publication notice satisfies debtor's burden of notification of bar date). Nevertheless,

the Stasko PoC was received on May 12, 2010, more than five months after the Bar Date, and,

accordingly, should be disallowed on that basis.

20.    A subsequent question may arise as to whether there were extraordinary

circumstances sufficient to constitute "excusable neglect" to justify extending the time for the

Statsko PoC to be filed. *XO Commc'n*, 301 B.R. at 791. However, pursuant to Bankruptcy Rule

9006(b)(1), such relief can only be granted "on motion." Fed. R. Bankr. P. 9006(b)(1).

Moreover, the burden is "on the claimant[] to prove that he or she did not timely file the proofs

of claim because of excusable neglect." *XO Commc'n*, 301 B.R. at 795; *In re Drexel Burham*

9

*Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993) (when a party moves for an extension after the bar date, "that party must show" excusable neglect).

21.    Claimant has not moved for an extension under Bankruptcy Rule 9006(b)(1); however, even if sought, it is unlikely that he can make a showing that rises to the level of "excusable neglect."  As set forth by the United States Supreme Court in *Pioneer Investor Services Co. v. Brunswick Assocs.*, 507 U.S. 380, 385-87 (1993), whether excusable neglect exists in any particular case hinges on five factors:  (i) the degree of prejudice to the debtors; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the claimant; (iv) whether the claimant acted in good faith; and (v) if a claimant had counsel, whether a claimant should be penalized for his counsel's mistake or neglect.  In other words, simple inadvertence is not sufficient grounds.  In applying *Pioneer*, the Second Circuit has adopted what can be characterized as a hard line test for determining whether a party's neglect is excusable.  *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005).  The Second Circuit cautions that rarely will the equities favor a claimant who fails to follow a clear court rule.  *Id.* at 123.

22.    Here, certain of the *Pioneer* factors weigh heavily against a finding of excusable neglect.  As to the first factor (degree of prejudice to a debtor), it must be noted that the Debtors have already filed, and even amended, their joint chapter 11 plan (the "**Plan**") and the hearing to consider confirmation of the Plan is scheduled for March 3, 2011.  It would be severely prejudicial to other claimants and these chapter 11 cases to now have to reserve distributions while the standards of excusable neglect and the allowance of the Stasko PoC and other late-filed claims are adjudicated.  As to the second factor under *Pioneer* (the length of delay), a court may consider not only when a claim was filed in relation to a bar date, but also how long a claimant

10

waited after the bar date to finally request an extension for its late-filed claim under Bankruptcy

Rule 9006(b). *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004). Here, considering that

Claimant has yet to request an extension and the Bar Date was November 30, 2009, the delay

attributable to the Stasko PoC is approximately fourteen months.

23.    Ultimately, "[b]ar dates are 'critically important to the administration of a

successful chapter 11 case.'" *In re Lehman Bros. Holdings, Inc.*, Ch. 11 Case No. 08-13555,

2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting *In re Musicland Holding*

*Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)). A bar date enables debtors to determine with

reasonable promptness, efficiency, and finality what claims will be made against their estates so

that distributions to holders of allowed claims can be made as soon as possible. *See In re Keene*

*Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Because the Stasko PoC fails to comply with

the Bar Date Order and, moreover, fails to state a cognizable factual and legal basis and is time-

barred under the applicable statute of limitations, the Debtors request that the Court disallow and

expunge the Stasko PoC in its entirety.

### Notice

24.    Notice of this Objection has been provided to Claimant and to the parties in

interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated

January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other

or further notice need be provided.

25.    No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.

## Conclusion

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.


Dated: New York, New York
       February 4, 2011


/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Exhibit - 2

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT | Southern District of New York | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Motors Liquidation Company (f/k/a General Motors Corporation) | Case Number:<br>09-50026 (REG) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)
Stanley R. Stasko

**Name and address where notices should be sent:**
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

Telephone number:
(313) 670-6917

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

THE GARDEN CITY GROUP, INC.
MAY 12 2010

**Name and address where payment should be sent** (if different from above)
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076

Telephone number:
(313) 670-6917

FILED - 70285
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 2,775,286.00
Final amount by U.S. District Court - E.D. Michigan
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Civil Law Suit ; Case #2:09-CV-14827;E.D. Michigan
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 4827
Last four digits from Case #2:09-CV-14827
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☒ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** _____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. Copy of Complaint and Exhibits from Civil Suit Case #2:09-CV-14827 U.S. District Court - E.D. Michigan
If the documents are not available, please explain filed with Motion for Relief from Automatic Stay

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>04/25/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|
| | Stanley R. Stasko 27653 Lexington Pkwy Southfield, Michigan 48076 ; #313-670-6917<br>Pro Se Litigant | APR 30 2010 |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Exhibit - 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                                    Case No. _____

                                         Honorable_____

**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue**
**New York, New York 10153**
**#212-310-8000**
**Appellee**
**Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

**Attorney for Debtors**
**And Debtors in Possession**

## NOTICE OF APPEAL

Stanley R. Stasko, the Appellant and Creditor, appeals the entire Order

Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay signed by

Honorable Robert E. Gerber, United States Bankruptcy Judge of the Southern District of

New York on April 21, 2010 (Docket #5532).

The names, addresses, and telephone numbers of the parties to be served

are listed below.

Dated: April 30, 2010          _____

                               Stanley R. Stasko
                               27653 Lexington Pkwy Southfield, Michigan 48076
                               #313-670-6917
                               Appellant - Pro Se Litigant

List of parties to be served:

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone: (313) 670-6917
Appellant and Creditor
Pro Se Litigant

Motors Liquidation Company
(f/k/a General Motors Corporation)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Appellee and Debtor

Attorney for Debtors
and Debtors in Possession

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
**In re**                                     :         **Chapter 11 Case No.**
                                              :
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :         **09-50026 (REG)**
        f/k/a **General Motors Corp.**, *et al.*  :
                                              :
                      **Debtors.**            :         **(Jointly Administered)**
                                              :
-------------------------------------------------------------x

## ORDER DENYING MOTION OF STANLEY R. STASKO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated February 19, 2010 of Stanley R. Stasko [Docket

No. 5151] (the "**Motion**"), requesting relief from the automatic stay to proceed with case

number 09-14827 (the "**Michigan Case**"), currently pending in the United States District

Court for the Eastern District of Michigan (the "**Michigan Court**"), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors

Liquidation Company and its affiliated debtors having filed their opposition to the

Motion [Docket No. 5390] (the "**Opposition**"); and the Court having held a hearing to

consider the requested relief on April 8, 2010 (the "**Hearing**"); and based upon the

Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that Mr. Stasko shall give notice of this ruling to the Michigan Court; and it is further

ORDERED  that Mr. Stasko shall withdraw the Michigan Case; and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
     April _21_, 2010

                    _s/ Robert E. Gerber_
                    THE HONORABLE ROBERT E. GERBER
                    UNITED STATES BANKRUPTCY JUDGE

Exhibit - 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11-23-10_

PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                                    **Case No. 1:10-CV-04322-JGK**
                                         **Honorable John G. Koeltl**

**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue New York, New York 10153-0119**
**#212-310-8000**
**Appellee / Attorney for Debtors and Debtors in Possession**
**Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

1

## TABLE OF CONTENTS

|  |  |  |
|---|---|---|
|  | Legal Brief …………………………………………………… p.3 | |
| Exhibit 1: | Copy of Proof of Claim filed in U.S. Bankruptcy………………… p.28 | |
|  | Court – S. D. of New York | |
| Exhibit 2: | Evidence that the civil suit Stasko v General Motors ……………… p.30 | |
|  | Corporation has its Genesis in CY2005 | |
| Exhibit 3: | Brief Description of the Facts and Circumstances Surrounding ……p. 40 | |
|  | Appellant's Loss of Memory | |
| Exhibit 4: | Copy of E-mail from Attorney Paul R. Jones dated ………………. p. 46 | |
|  | October 2009 | |

## APPELLANT'S LEGAL BRIEF

Stanley R. Stasko (Appellant) respectfully states:

## BURDEN OF PROOF

1)      in the Debtor's Opposition to Stasko's Automatic Stay Motion Section II,

Paragraph #15 the Debtor states "Movant (Stanley R. Stasko) should also be denied relief

from the stay because he has failed to demonstrate cause to lift the stay." (Docket # 5390)

2)      the Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York

(the Bankruptcy Judge) stated "Mr. Stasko, I'm going to have to deny your motion for

relief from the stay, both by reason of your failure to show that you're entitled to that

relief under the Second Circuit Sonnax factors" (Court Transcript of April 8, 2010; Page

31, Lines 18 - 21; Docket # 5509)

3)      first, the United States Bankruptcy Code 11 U.S.C.A. Section 362 (g) (1) and (g)

(2) states "in any hearing under subsection (d) or (e) of this section concerning relief

from the stay of any act under subsection (a) of this section--

        (1) the party requesting such relief has the burden of proof on the issue of the

debtor's equity in property; and

        (2) the party opposing such relief has the burden of proof on all other issues."

4)      also the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S. D.

of New York in Re ENRON Corp. 306 B.R. 465 stated "on a motion to modify the

automatic stay is a shifting one. Sonnax, 907 F.2d at 1285. The initial burden rests on the

movant to show cause to modify the stay. Bogdanovich, 292 F.3d at 110; Mazzeo, 167

F.3d at 142; Sonnax, 907 F.2d at 1285. Only if the movant makes an initial showing of

3

cause does the burden then shift to the party opposing the relief. Mazzeo, 167 F.3d at

142."

## SHALL GRANT RELIEF FROM STAY FOR CAUSE

5)      the term for "cause" can be found in the U.S. Bankruptcy Code 11 U.S.C.A.

Section 362 (d)(1) which states "on request of a party in interest and after notice and a

hearing, the court **shall grant relief** (emphasis added) from the stay provided under

subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay--

        (1) for cause, including the lack of adequate protection of an interest in property

of such party in interest"

6)      also the Bankruptcy Judge also failed to realize that the U.S. Bankruptcy Court –

S. D. of New York in Re ENRON Corp. 306 B.R. 465 stated "once a legally sufficient

basis, or cause, is demonstrated by the movant, the party opposing the relief **must prove**

**that it is entitled** (emphasis added) to the continuing protections of the automatic stay. In

re M.J. & K. Co., Inc., 161 B.R. 586, 590 (Bankr.S.D.N.Y.1993)"

7)      further the Bankruptcy Judge failed to realize that the U.S. Court of Appeals –

Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d

1280 (2d Cir. 1990) also recognized that the United States Bankruptcy Code "places

burden of proof on the debtor for all issues other than debtor's equity in property"

8)      still further the Bankruptcy Judge failed to realize that the U.S. Court of Appeals

– Sixth Circuit in In re Newpower, 233 F.3d 922 stated "the automatic stay imposed by

the filing of a bankruptcy petition **shall be lifted** (emphasis added) upon motion by a

party in interest in cases where (1) the party can show cause …"

9)      since the Appellant filed a Proof of Claim with the U.S. Bankruptcy Court – S. D.

of New York via U.S. Mail on April 28, 2010. (See Exhibit # 1),

and since the United States Bankruptcy Code places the **Burden of Proof**

(emphasis added) for all issues on the debtor,

and since the legal counsel for General Motors Corporation did not prove why

Appellant should be denied Relief from the Automatic Stay;

10)     therefore, the Order by the Bankruptcy Judge Denying Motion of Stanley R.

Stasko for Relief from the Automatic Stay (Docket #5532) should be reversed.

## JURISDICTION OF DISTRICT COURT HIGHER THAN BANKRUPTCY COURT

11)     in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for Relief

from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being

a core proceeding pursuant to 28 U.S.C. Section 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. Sections 1408 and 1409"

12)     the phrase **venue being proper** is the Bankruptcy Judge's opinion that he has

jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket

#5532) (the Michigan Case being civil suit Stasko v General Motors Corporation in U.S.

District Court – E. D. of Michigan; Case #2:09-CV-14827.)

13)     this is the second error by the Bankruptcy Judge in ordering Mr. Stasko to

withdraw civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of

Michigan. The U.S. District Court – E.D. of Louisiana in Eubanks v Esenjay Petroleum

Corp. (152 B.R. 459) states that **"if inquiry is whether federal district court's**

**bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related**

**to cases under Title 11, it is irrelevant whether particular proceeding is "core" or**

"noncore"; district courts have original and concurrent jurisdiction over all civil
proceedings that arise under, arise in, or are related to case under Title 11. 28
U.S.C.A. § 1334(a, b)."

14)       also Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) also states that
"proceedings that are outside scope of statute which gives federal district court
bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising
in or related to cases under Title 11 cannot be referred to bankruptcy court by
federal district court. 28 U.S.C.A. § 157."

15)       further the U.S. District Court – E. D. of Louisiana based its interpretation of
Section 157 on the legislative progeny of the **United States Supreme Court's** decision
in _Northern Pipeline v. Marathon_, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

16)       still further civil suit Stasko v General Motors Corporation is based on Title 42
U.S.C. Section 1983 which states "every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the United States or other
person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress, except that in any
action brought against a judicial officer for an act or omission taken in such officer's
judicial capacity, injunctive relief shall not be granted unless a declaratory degree was
violated or declaratory relief was unavailable."

17)       since Title 42 U.S.C. Section 1983 is not base on U.S. Bankruptcy Code the
Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko to withdraw civil

suit Stasko v General Motors Corporation from the U.S. District Court – E. D. of

Michigan; therefore, the Bankruptcy Judge's Order should be voided.

## CORE and NON-CORE PROCEEDINGS

18)     in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for Relief

from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being

*core proceeding pursuant to 28 U.S.C. Section 157(b); and venue being proper before this*

Court pursuant to 28 U.S.C. Sections 1408 and 1409"

19)     the phrase the proceeding is a **core proceeding** is the Bankruptcy Judge's opinion

that he has the jurisdiction whereby he can Order Mr. Stasko to withdraw civil suit Stasko

v General Motors Corporation in U.S. District Court – E. D. of Michigan

20)     this is the third error by the Bankruptcy Judge. The U.S. Court of Appeals – Fifth

Circuit in the Matter of James P. Wood M.D. (825 F.2d 90, 91; 5th Cir. 1987) states "if

proceeding involves right created by federal bankruptcy law, or is one which **would only**

**arise in bankruptcy**, (emphasis added) it is core proceeding, **but if proceeding does not**

**invoke substantive right created by federal bankruptcy law and is one that could**

**exist outside of bankruptcy, it is noncore proceeding, though it may be related to**

**bankruptcy because of its potential effect on debtor's estate. 28 U.S.C.A. § 157.**

21)     since civil suit Stasko v General Motors Corporation in U.S. District Court – E. D.

of Michigan is based on Title 42 USC Section 1983 and is not a right created by federal

bankruptcy law; therefore, civil suit Stasko v General Motors Corporation is non-core

bankruptcy court proceeding

22)     and the Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko to

withdraw civil suit Stasko v General Motors Corporation from the U.S. District Court –

E. D. of Michigan; therefore, the Bankruptcy Judge's Order should be voided.

7

## CIVIL SUIT HAS ITS GENESIS IN CY2005

23) on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, the legal counsel for General Motors Corporation stated "this motion is based on a post-petition action that was filed in the District Court for the Eastern District of Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition on June 1st, 2009." (See Docket #5509)

24) this statement by General Motors Corporation's legal counsel is disingenuous since the civil suit against General Motors Corporation has its genesis in CY2005

25) the Appellant first began to discover the injury and loss he incurred by General Motors Corporation when the Appellant **for the first time** (emphasis added) requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005. (See Original Civil Suit Complaint Exhibit 10, 11, and 12 of Stasko v General Motors Corporation; duplicated in Exhibit #2 for convenience)

26) General Motors Corporation did not respond to the letter dated July 20, 2005.

27) the Appellant made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005. (See Exhibit #2)

28) General Motors Corporation did not respond to the second request letter dated August 8, 2005.

29) the Appellant made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005. (See Exhibit #2)

30) the U.S. District Court – S.D. of New York should note that in the third request the Appellant states "Stanley R. Stasko requests this information to: ... look for possible

discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko

opinion that he can compile a reasonable argument that he should have been one or more

levels higher than he was at the time of his departure)." (See Exhibit #2)

31) further note that Stanley R. Stasko informed General Motors Legal Staff in

CY2005 of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney,

General Motors – Global Headquarters..." (See Exhibit #2)

32) still further "**now that the plaintiff (Stanley R. Stasko) has implied a possible**

**lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by

mailing a package of information to the Appellant FedEx Trk # 8464-9619-6310."

33) since civil suit Stasko v General Motors Corporation in U.S. District Court – E.D.

of Michigan has its genesis when the Appellant first requested a complete copy of all

employment records pertaining to his work for General Motors Corporation on July 20,

2005. This is years before June 1, 2009, the date General Motors Corporation

commenced a voluntary case under Chapter 11 of Title 11 of the United States Code.

This is years before the Bankruptcy Court established November 30, 2009, as (the "Bar

Date Order") on September 16, 2009. This is years before the Appellant filed civil suit

against General Motors Corporation in Stasko v General Motors Corporation on

December 11, 2009.

34) therefore the Order by the Bankruptcy Judge should be reversed and the

Appellant's Motion for Relief from the Automatic Stay should be granted because the

civil suit Stasko v General Motors Corporation in the U.S. District Court – E. D. of

Michigan has its genesis in CY2005 when General Motors Corporation was first

informed of a possible lawsuit.

## MENTAL DISABILITY

35)     the U.S. District Court – S.D. of New York may ask the question - why the delay between the genesis of civil suit Stasko v General Motors Corporation in CY2005 and the filing of the complaint of civil suit Stasko v General Motors Corporation on December 11, 2009?

36)     when the Appellant motioned the U.S. Bankruptcy Court – S.D. of New York for Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD of the (500) plus pages of the original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan explaining in detail the unique situation of the civil suit (including the Appellant's Mental Disability, the Discovery Delays, and the Fraudulent Concealment by General Motors Corporation).

37)     a brief portion of the facts and circumstances surrounding Appellant's **loss of memory** can be found in civil suit Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7, p. 33-37 (duplicated in *Exhibit #3 for convenience*)

38)     also the Appellant states his **loss of memory** continued for years including other people trying to convince the Appellant needed to be on medication.

> a.) See original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7, p. 48-63
>
> b.) See North Oakland Medical Center report (See original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 8)

10

c.) See original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7, p. 64-65

39)     further the Appellant states his **memory only starts to clear up in July 2005**. In order for the U. S. District Court – S. D. of New York to understand how much the Appellant's memory will clear up civil suit Exhibit 15 in Stasko v General Motors Corporation in U.S. District Court – E. D. of Michigan represents the Appellant's resume for General Motors accomplishments in CY2005, and Exhibit 16 represents the Appellant's resume for General Motors accomplishments written approximately October CY2009.

40)     since civil suit Stasko v General Motors Corporation was filed in U.S. District Court – E.D. of Michigan the Appellant researched why the Tolling of Limitations for Mental Disability applied to his civil suit

41)     first the Appellant explained that M.C.L.A. 600.5851 (3) states "to be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations."

42)     also the Appellant explained that M.C.L.A. 600.5851 (5) states "... a court shall count the year of grace provided in this section from the termination of the last disability to the person to whom the claim originally accrued that has continued from the time the claim accrued, whether this disability terminates because of the death of the person disabled or for some other reason."

43)     if the Appellee argues that the Appellant resigned from General Motors Corporation on August 25, 1995; therefore, the Appellant's mental disability (loss of

memory) is over fourteen years old. The court should note that Calladine v Dana Corp.

679 F.Supp. 700, E.D. Mich., February 29, 1988 (No. Civ. A. 87-CV-1739DT) states

"…that an individual mentally incompetent at the time a cause of action accrues may file

the claim before the applicable limitations period runs *after* the disability is removed.

Since William remains mentally incompetent, the statute has not begun to run even

*though the injury occurred almost nine years prior to the filing of this suit*" (See

Calladine v Dana Corp.)

44)     also *Paavola v. St. Joseph Hosp. Corp.,* 119 Mich.App. 10, 14-15, 325 N.W.2d

609 (1982) states that the "…statute permits tolling for a "period potentially many

decades long."

45)     further if the Appellee argues that the Appellant should have appointed a guardian

or obtained an attorney to capably handle the Appellant's rights when the Appellant first

began to discovery the injury or loss approximately September 2005 similar to the

argument made in Calladine v Dana Corp. ( "… In other words, asserts Dana, William

*has been in a far better position legally than the average individual who must attend to his*

*or her legal rights without such assistance.*";) The Appellant states that he is a single man

with no spouse. The Appellant has no legal children. The Appellant did try to obtain an

attorney when he first began to discover the injury or loss approximately September 2005

but the attorney showed no interest in the case, nor did the attorney return the Appellant's

phone calls, once the attorney learned that the Appellant resigned from General Motors

Corporation ten years ago in August 1995

46)     still further Calladine v Dana Corp. states that "…Michigan courts have

consistently held otherwise. In a string of decisions, the Michigan Court of Appeals has

found that **the statute does not begin to run even with the appointment of a guardian**,

(emphasis added) *see, e.g., Wallisch v. Fosnaugh,* 126 Mich.App. 418, 426, 336 N.W.2d

923 *leave to appeal denied,* 418 Mich. 871 (1983); *Paavola,* 119 Mich.App. at 14, 325

N.W.2d 609, or next friend, *Rittenhouse v. Erhart,* 126 Mich.App. 674, 679, 337 N.W.2d

626 (1983), *modified on other grounds,* 424 Mich. 166, 380 N.W.2d 440 (1986), on

behalf of a mentally incompetent person.

47)    still further if the Appellee argues that the Appellant did not have a mental

disability because he was able to work for DSP Technology in Ann Arbor, Michigan and

MSX International in Auburn Hills, Michigan covering a period a time from

approximately January 1997 to February 2001. The court should note that Asher v.

Exxon Co., U.S.A., 504 N.W.2d 728 Mich.App.,1993 states "... the circuit court erred in

finding that plaintiff was not mentally deranged because he was able to work, see

*Davidson v. Baker-Vander Veen Construction Co.,* 35 Mich.App. 293, 302-303, 192

N.W.2d 312 (1971)."

48)    therefore since M.C.L.A. 600.5851 (5) states "shall count the year of grace from

*the termination of the last disability"* and since the plaintiff's loss of memory will clear

up enough for the plaintiff to represent himself in court approximately October CY2009

*the statue of limitations does not expire until October 2010.* (October 2009 plus one year

equals October 2010.)

## **GENESIS OF CIVIL ACTION: PRE-CIVIL SUIT MEETING**

49)    the U.S. District Court – S.D. of New York may ask the question - after an

attorney showed no interest in the case when the Appellant first began to discover the

injury or loss approximately September 2005 did the Appellant seek future legal counsel

prior to filing civil suit Stasko v General Motors Corporation in U.S. District Court – E.

D. of Michigan on December 11, 2009?        13

50)    when the Appellant's could better describe his accomplishments at General

Motors Corporation the Appellant again tried to receive legal counsel approximately

October 2009 (See Exhibit 4).

51)    attorney Paul R. Jones was skeptical but eventually he did arrange a meeting in

October 2009

52)    attorney Paul R. Jones, David Chesnick, and the Appellant meet at 18551 W.

Warren Avenue, Detroit, Michigan in October 2009

53)    going into the meeting the Appellant was under the impression attorney David

Chesnick specialized in labor law and might represent the Appellant in civil suit Stasko v

General Motors Corporation

54)    during the meeting attorney David Chesnick acted more like an attorney for

General Motors Corporation than an attorney for the Appellant

55)    therefore, the Appellant began the process of preparing a civil suit against General

Motors Corporation as a **Pro Se Litigant** in October 2009

## DISCOVERY DELAYS

56)    since civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

Limitations for Discovery Delays applicable Title 42 U.S.C. Section 1983

57)    the Appellant learned that according to Campau v Orchard Hills Psychiatric

Center 946 F.Supp. 507, 19A.D.D. 1056, E.D. Mich., November 19, 1996 (No. Civ.

A.96-40310) the discovery rule postpones beginnings of limitations period from date

when plaintiff is wronged to date when he discovers he has been injured

58)    also other State of Michigan court rulings include Stephens v. Dixon, 536 N.W.2d

755 Mich.,1995 "in deciding whether to strictly enforce period of limitation or impose

discovery rule, court must carefully balance when plaintiff learned of her injuries, whether she was given fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling statute of limitations. M.C.L.A. § 600.5827."

59)     further, according to Moll v. Abbott Laboratories, 506 N.W.2d 816 Mich.,1993 "...once plaintiff is aware of injury and its possible cause, plaintiff is aware of possible cause of action for purposes of commencement of statute of limitations."

60)     still further, City of Huntington Woods v. Wines, 332 N.W.2d 557 Mich.App.,1983 "...limitation period commences when the person knows of the act which caused his injury and has good reason to believe that the act was improper or was done in an improper manner."

61)     still further, Jackson County Hog Producers v. Consumers Power Co., 592 N.W.2d 112 Mich.App.,1999 "...if the discovery rule applies, a claim does not accrue for the purpose of the running of the limitation period until a plaintiff discovers, or through the exercise of reasonable diligence should have discovered (1) an injury and (2) the causal connection between the injury and a defendant's breach of duty."

62)     still further, Rose v Saginaw County, 232 F.R.D. 267, E.D. Mich., November 21, 2005 (No. 01-10337-BC). "...if the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circumstances surrounding his belated discovery and the delay"

63)     since the Appellant fully plead the facts and circumstances surrounding his belated discovery and the delay in the original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan; therefore, the Appellant submitted

15

the (70) plus page Exhibit #7 from Case #2:09-CV-14827 to the U.S. Bankruptcy Court –
S. D. of New York

64)    further the U. S. District Court – S. D. of New York needs to understand when the

Appellant motioned the U.S. Bankruptcy Court – S.D. of New York for Relief from the

Automatic Stay the majority of the (500) plus pages of the original complaint in Stasko v

*General Motors Corporation in U.S. District Court – E.D. of Michigan* was written and /

or compiled by the Appellant after the meeting with attorneys Paul R. Jones and David

Chesnick in October 2009 but before filing the civil suit complaint on December 11,

2009.

## FRAUDULENT CONCEALMENT

65)    since civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

Limitations for Fraudulent Concealment as the Appellant uncovered the depth of General

Motors Corporation Fraudulently Concealing the Appellant's accomplishments

66)    <u>M.C.L.A. 600.5855</u> "… *if a person who is or may be liable for any claim*

*fraudulently conceals the existence of the claim or the identity of any person who is liable*

*for the claim from the knowledge of the person entitled to sue on the claim, the action*

*may be commenced at any time within 2 years after the person who is entitled to bring*

*the action discovers, or should have discovered, the existence of the claim or the identity*

*of the person who is liable for the claim, although the action would otherwise be barred*

*by the period of limitation.*"

67)    also <u>McCray v Moore (Not reported in F.Supp. 2d, 2008 WL 4225762), U.S.</u>

<u>District Court, E.D. Mich., No. 07-13297, September 9, 2008</u> states "… Michigan law

16

provides that the statute of limitations may be tolled where a defendant has concealed the facts giving rise to the cause of action.'"

68)    further McCray v Moore states "... _Mich. Comp. Laws § 600.5855_. The acts constituting fraudulent concealment are "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." _Evans v. Pearson Enterprises, Inc., 434 F.3d 839, 851 (6th Cir.2006)_, quoting, _Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)._"

69)    still further Lumber Village v Siegler, 355 N.W.2d 654 states "...as a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. Draws v. Levin, 332 Mich. 447, 452, 52 N.W.2d 180 (1952)"

70)    affirmative acts by General Motors Corporation can be seen when Appellant **for the first time** (emphasis added) requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005. (See Original Civil Suit Complaint Exhibit 10, 11, and 12 of Stasko v General Motors Corporation; duplicated in Exhibit #2 for convenience)

71)    General Motors Corporation did not respond to the letter dated July 20, 2005.

72)    the Appellant made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005. (See Exhibit #2)

73)    General Motors Corporation did not respond to the second request letter dated August 8, 2005.                                    17

74)    the Appellant made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005. (See Exhibit #2)

75)    the U.S. District Court – S.D. of New York should note that in the third request the Appellant states "Stanley R. Stasko requests this information to: ...look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)." (See Exhibit #2)

76)    also note that Stanley R. Stasko informed General Motors Legal Staff in CY2005 of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney, General Motors – Global Headquarters..." (See Exhibit #2)

77)    further note that "**now that the plaintiff (Stanley R. Stasko) has implied a possible lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by mailing a package of information to the Appellant FedEx Trk # 8464-9619-6310."

78)    additional affirmative acts by General Motors Corporation can be seen when one considers that the Appellant was hired by General Motors on July 18, 1983 and resigned on August 25, 1995; therefore, it is reasonable to expect performance evaluation forms for CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and CY1995

79)    the information from General Motors Corporation (FedEx Trk # 8464-9619-6310) contained only three Advanced Engineering Staff Performance planning and Development Process information forms. (See original complaint Exhibit 13 in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan)

a. One Advanced Engineering Staff Performance Planning Development
Process information dated December 22, 1989, by Stanley R. Stasko

b. One Advanced Engineering Staff Performance Planning Development
Process information dated December 19, 1990, by Stanley R. Stasko

c. One Advanced Engineering Staff Performance Planning Development
Process information dated January 22, 1992 by Stanley R. Stasko

80) also in order for the U. S. District Court – S. D. of New York to understand how
much General Motors Corporation tried to Fraudulently Conceal the Appellant's
accomplishments Exhibit 16 of civil suit Stasko v General Motors Corporation in U.S.
District Court – E. D. of Michigan represents the Appellant's resume written
approximately October CY2009.

81) further the U. S. District Court – S. D. of New York needs to understand the
Appellant submitted on CD to the U.S. Bankruptcy Court – S.D. of New York the
approximate (89) page resume of Exhibit 16 in Stasko v General Motors Corporation in
U.S. District Court – E.D. of Michigan when the Appellant motioned for Relief from the
Automatic Stay

82) still further the U.S. District Court – S.D. of New York needs to understand that
the majority of the Fraudulent Concealment research by the Appellant in the civil suit
complaint was written and / or compiled by the Appellant after the meeting with
attorneys Paul R. Jones and David Chesnick in October 2009 but before filing the civil
suit complaint on December 11, 2009.

19

## PRO SE LITIGANT – LESS STRINGENT STANDARD

83)     the statement by General Motors Corporation legal counsel "this motion is based

on a post-petition action that was filed in the District Court for the Eastern District of

Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition

on June 1st, 2009." (See Docket #5509) seems insignificant when considering the

Appellant is a Pro Se Litigant

84)     Title 28 U.S.C.A. Section 1654 states "implicit in right to self-representation is

obligation on part of court to make reasonable allowances to protect pro se litigants from

inadvertent forfeiture of important rights because of their lack of legal training."

85)     also the U.S. Court of Appeals – Second Circuit made a similar statement in

Triestman v. Federal Bureau of Prisons, 470 F.3d 471 by stating "this policy of liberally

construing pro se submissions is driven by the understanding that implicit in the right of

self-representation is an obligation on the part of the court to make reasonable allowances

to protect pro se litigants from inadvertent forfeiture of important rights because of their

lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983); see also Ruotolo

v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994) (recognizing that pro se litigants must be accorded

"special solicitude"). See generally Jonathan D. Rosenbloom, Exploring Methods to

Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the

Southern District of New York, 30 FORDHAM URB. L.J. 305, 380 (2002)

86)     further the U.S. Court of Appeals – Second Circuit also stated in  Traguth v.

Zuck, 710 F.2d 90, 95 (2d Cir.1983) that "while the right does not exempt a party from

compliance with relevant rules of procedural and substantive law, Birl v. Estelle, 660

F.2d 592, 593 (5th Cir.1981), it should not be impaired by harsh application of technical

rules"

20

## SOME EVIDENCE FOR MODIFICATION OF FINAL INJUNCTION AFTER AN
## EXTENDED PERIOD OF TIME

87)    since there is some evidence that the U.S. Court of Appeals – Second Circuit is

open to modifications of final injunctions after an extended period of time. Grand Union

Equipment Co. v. Lippner, 167 F.2d 958 states "the expiration of an extended period of

*time will not prevent a reopening for justifiable reasons*"

88)    therefore the Appellant filing civil suit against General Motors Corporation in

Stasko v  General Motors Corporation on December 11, 2009, approximately eleven days

after the Bankruptcy Court established November 30, 2009, as (the "Bar Date Order") is

not significant

## SONNAX FACTORS: BURDEN OF PROOF

89)    in Debtor's Opposition to Stasko's Automatic Stay Motion (Docket # 5390)

Section II is entitled "**Movant Cannot Meet His Burden of Establishing Cause to**

**Modify the Automatic Stay**", (emphasis added) General Motors Corporation in

*Paragraphs 15, 16, 17, 18, 19, and 20 makes various arguments why Appellant should be*

denied relief from the Automatic Stay

90)    first, the Bankruptcy Judge should have known that U.S. Bankruptcy Code 11

U.S.C.A. Section 362 (g) (1) and (g) (2) states "in any hearing under subsection (d) or (e)

of this section concerning relief from the stay of any act under subsection (a) of this

section--

       (1) the party requesting such relief has the burden of proof on the issue of the

debtor's equity in property; and

       (2) the party opposing such relief has the burden of proof on all other issues."

91)   also the Bankruptcy Judge should have known that U.S. Court of Appeals –

Second Circuit in <u>Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d</u>

<u>1280 (2d Cir. 1990)</u> recognized that the U.S. Bankruptcy Code "places burden of proof

on Debtor for all issues other than debtor's equity in property"

92)   further the U.S. Bankruptcy Court – S. D. of New York in ENRON Corp. stated

"*on motion to modify automatic stay, movant bears initial burden of showing that*

"cause" exists to modify stay, and only if movant makes initial showing of "cause" does

burden then shift to party opposing relief from stay".

93)   Sonnax Factors (2), (9), and (11) are worth mentioning:

### SONNAX FACTOR (2)

94)   the U.S. Court of Appeals – Second Circuit in <u>Sonnax Industries, Inc. v. Tri</u>

<u>Component Products Corp., 907 F.2d 1280 (2d Cir. 1990)</u> states in Sonnax Factor (2)

"lack of any connection with or interference with the bankruptcy case"

95)   the phrase "lack of any connection with … the bankruptcy case" is consistent with

*United States Code:* **proceedings that are outside scope of statute which gives federal**

**district court bankruptcy jurisdiction over all civil proceedings arising under Title**

**11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy**

**court by federal district court. (emphasis added)** <u>28 U.S.C.A. § 157</u>

96)   since civil suit Stasko v General Motors Corporation is based on Title 42 USC

Section 1983 and is not a right created by federal bankruptcy law; therefore, the proper

venue for civil suit Stasko v General Motors Corporation is the U.S. District Court – E.

D. of Michigan; therefore, the Order by the Bankruptcy Judge Denying Motion of

Stanley R. Stasko for Relief from the Automatic Stay should be reversed by Sonnax

Factor (2).                                           22

## SONNAX FACTOR (11)

97) the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) in Sonnax Factor (11) used the phrase "whether the parties are ready for trial in the other proceeding"

98) this is consistent with United States Code: **if inquiry is whether federal district court's bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related to cases under Title 11, it is irrelevant whether particular proceeding is "core" or "noncore"; district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b).**

99) since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not created by federal bankruptcy law it is a non-core bankruptcy court proceeding; therefore, district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11

100) further, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (11).

## SONNAX FACTOR (9)

101) the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (9) "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor"

102) the phrase "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor" is consistent with United States Code: if

proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, **though it may be related to bankruptcy because of its potential effect on debtor's estate** (emphasis added) 28 U.S.C.A. § 157.

103)    since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not a right created by federal bankruptcy law the civil suit is a non-core bankruptcy court proceeding

104)    also General Motors Corporation (the Debtor) could possibly incur a judicial lien of approximately $2.7 million dollars for the estimated loss by the Appellant

and possible judicial liens of an unspecified amount for unique solutions accomplished by the Appellant while working for General Motors Corporation

and possible judicial liens of an unspecified amount in punitive damages for hostile work environment by General Motors Corporation against Stanley R. Stasko

105)    therefore, the Order by the Bankruptcy Judge should be reversed and Appellant's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (9).

## BIAS, HARASSMENT, AND HORSEPLAY

106)    there is evidence from the Bankruptcy Court proceedings and in the Appeal process of bias against the Appellant (non-legal term), harassment of the Appellant (non-legal term), and horseplay against the Appellant (non-legal term)

107)    Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York should have known that U.S. Bankruptcy Code places the burden of proof on the debtor and he should have known the Appellant had cause for relief from the Automatic Stay by Second Circuit Sonnax Factors (2), (9), and (11)

108)   Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

109)   Judge Gerber should have known that civil suit Stasko v General Motors Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

110)   on page 40, lines 2 – 8, and 18 - 24 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, the Bankruptcy Judge Gerber purposefully publicly harasses the Appellant by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow or an entity who actually filed litigation after the bankruptcy case was filed and then asked for relief from the stay to continue in the filing of – or prosecution of a litigation that should never have been filed in the first place ... now, I'll assume for the sake of discussion that you didn't know about the bankruptcy when you filed the action in the Eastern District of Michigan, but once you heard about it, proceeding to try to get a default against the debtor was just dead wrong. And because you're not a lawyer, I'm not going to use one of the stronger words that I would use, but that's real bad, okay?" (See Docket #5509)

111)   further the legal counsel for General Motors Corporation **purposefully** makes a disingenuous statement on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, when he states "this motion is based on a post-petition action that was filed in the District Court for the Eastern District of

Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition

on June 1st, 2009." (See Docket #5509) when General Motors Corporation knows the

civil lawsuit has its genesis in CY2005

112)    still further the legal counsel for General Motors Corporation publicly tries to

harass the Appellant by stating on page 37, lines 3-6 of the U.S. Bankruptcy Court – S.D.

of New York Transcript of April 8, 2010, "and in terms of the race-baiting, my

conclusion is that the – based on his – the history of his earlier life, which I won't get into

here, but it seems like that's the basis for his allegations against General Motors." (See

Docket #5509)

113)    still further the Appellant's copy of the Order by U.S. District Court – S. D. of

New York to serve and file a brief regarding the appeal was "never mailed", "taken" or

"not delivered". (See Order signed August 22, 2010 – Document 4)

## CONCLUSION

114)    the Appellant above has stated fourteen reasons:

     a.   Burden of Proof on Debtor

     b.   Shall Grant Relief from Stay for Cause

     c.   District Court Higher than Bankruptcy Court

     d.   Civil Suit is a Non-Core Bankruptcy Proceeding

     e.   Civil Suit has its Genesis in CY2005

     f.   Mental Disability

     g.   Genesis of Civil Action: Pre-Civil Suit Meeting

     h.   Discovery Delays

     i.   Fraudulent Concealment by General Motors

     j.   Pro Se Litigant – Less Stringent Standard

    k.  Some Evidence for Modification of Final Injunction after an Extended

        Period of Time

    l.  Sonnax Factor (2)

    m.  Sonnax Factor (11)

    n.  Sonnax Factor (9)

115)    therefore the Bankruptcy Judge Order to withdraw civil suit Stasko v General

Motors Corporation from the U.S. District Court – E. D. of Michigan should be voided.

116)    further the Appellant asks the U.S. District Court – S. D. of New York to reverse

the Order by the Bankruptcy Judge Denying Motion of Stanley R. Stasko for Relief from

the Automatic Stay

117)    and grant the Appellant's Motion for Relief from the Automatic Stay.

Dated: November 21, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

Exhibit - 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                                  **Case No. 1:10-CV-04322-JGK**
                                       **Honorable John G. Koeltl**


**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue New York, New York 10153-0119**
**#212-310-8000**
**Appellee / Attorney for Debtors and Debtors in Possession**
**Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

## TABLE OF CONTENTS

Response to General Motors Legal Brief …………………………..  p.3

Exhibit 1:    Copy of U.S. District Court – E. D. of Michigan Court .................. p.22

Transcript of Status Conference on April 12, 2010

Exhibit 2:    Copy of Request for Hearing filed in U.S. District Court ………... p.36

- E. D. of Michigan on January 5, 2010

Exhibit 3:    Copy of Order from U.S. District Court – E. D. of Michigan ……... p.39

signed March 11, 2010

Exhibit 4:    Copy of Request for Clerk's Entry of Default and  ………………... p.43

Default Request, Affidavit, Entry, and Judgment (Sum Certain)

filed in U.S. District Court – E. D. of Michigan on March 19, 2010

## RESPONSE TO GENERAL MOTOR'S LEGAL BRIEF

Stanley R. Stasko (Appellant) respectfully states:

## BURDEN OF PROOF

1)      in the Appellee's Legal Brief the Appellee states "… in denying the Motion, the

Bankruptcy Court concluded that Appellant could not and did not satisfy his considerable

burden of establishing cause sufficient to truncate the statutorily imposed breathing spell

to which the Debtors are entitled." (Appeals Court Document 11, Page 5 of 29)

2)      this is in reference to Judge Gerber of the U.S. Bankruptcy Court – S. D. of New

York (the Bankruptcy Judge) statement "Mr. Stasko, I'm going to have to deny your

motion for relief from the stay, both by reason of your failure to show that you're entitled

to that relief under the Second Circuit Sonnax factors" (Bankruptcy Court Transcript of

April 8, 2010; Page 31, Lines 18 - 21; Docket # 5509)

3)      Judge Gerber failed to realize that the United States Bankruptcy Code places the

burden of proof on the Debtor and the United States Bankruptcy Code 11 U.S.C.A.

Section 362 (g) (1) and (g) (2) states "in any hearing under subsection (d) or (e) of this

section concerning relief from the stay of any act under subsection (a) of this section--

        (1) the party requesting such relief has the burden of proof on the issue of the

debtor's equity in property; and

        (2) the party opposing such relief has the burden of proof on all other issues."

4)      also Judge Gerber failed to realize that the U.S. Court of Appeals – Second

Circuit in Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d

Cir. 1990) also recognized that the United States Bankruptcy Code "places burden of

proof on the debtor for all issues other than debtor's equity in property"

5)      further the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S.

D. of New York in Re ENRON Corp. 306 B.R. 465 stated "on a motion to modify the

automatic stay is a shifting one. Sonnax, 907 F.2d at 1285. The initial burden rests on the

movant to show cause to modify the stay. Bogdanovich, 292 F.3d at 110; Mazzeo, 167

F.3d at 142; Sonnax, 907 F.2d at 1285. Only if the movant makes an initial showing of

cause does the burden then shift to the party opposing the relief. Mazzeo, 167 F.3d at

142."

## **SHALL GRANT RELIEF FROM STAY FOR CAUSE**

6)      the term for "cause" can be found in the U.S. Bankruptcy Code 11 U.S.C.A.

Section 362 (d)(1) which states "on request of a party in interest and after notice and a

hearing, the court **shall grant relief** (emphasis added) from the stay provided under

subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay--

(1) for cause, including the lack of adequate protection of an interest in property

of such party in interest"

7)      the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S. D. of

New York in Re ENRON Corp. 306 B.R. 465 stated "once a legally sufficient basis, or

cause, is demonstrated by the movant, the party opposing the relief **must prove that it is**

**entitled** (emphasis added) to the continuing protections of the automatic stay. In re M.J.

& K. Co., Inc., 161 B.R. 586, 590 (Bankr.S.D.N.Y.1993)"

8)      also the Bankruptcy Judge failed to realize that the U.S. Court of Appeals – Sixth

Circuit in In re Newpower, 233 F.3d 922 stated "the automatic stay imposed by the filing

of a bankruptcy petition **shall be lifted** (emphasis added) upon motion by a party in

interest in cases where (1) the party can show cause …"

9)    further the Appellant has shown cause in:

    a.    Sonnax Factor (2),

    b.    Sonnax Factor (9),

    c.    and Sonnax Factor (11)

10)    still further the Appellant has shown additional cause in non-Sonnax Factors:

    a.    including civil suit Stasko v General Motors Corporation having its Genesis in CY2005,

    b.    the Appellant's Mental Disability prior to CY2009,

    c.    the Fraudulent Concealment by General Motors Corporation of Stanley R. Stasko's work accomplishments,

    d.    and General Motors Corporation Hostile Work Environment against Stanley R. Stasko

## <u>WITHDRAW THE MICHIGAN CASE</u>

11)    in the Appellee's Legal Brief the Appellee states "… the Bankruptcy Court properly exercised its discretion and denied the Motion and ordered Appellant to withdraw the Michigan Action for violating the automatic stay." (Appeals Court Document 11, Page 5 of 29)

12)    this is in reference to Judge Gerber's Order for Mr. Stasko to "withdraw the Michigan Case" (Docket #5532) (the Michigan Case being civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of Michigan; Case #2:09-CV-14827.)

13)    Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case"

14)      the Appellant pointed out this error by Judge Gerber by directing the U.S. District

Court – S. D. of New York to U.S. District Court – E.D. of Louisiana in Eubanks v

Esenjay Petroleum Corp. (152 B.R. 459) which states that **"if inquiry is whether federal**

**district court's bankruptcy jurisdiction over a civil proceeding arises under, arises**

**in, or is related to cases under Title 11, it is irrelevant whether particular**

**proceeding is "core" or "noncore"; district courts have original and concurrent**

**jurisdiction over all civil proceedings that arise under, arise in, or are related to case**

**under Title 11. 28 U.S.C.A. § 1334(a, b)."** (Appeals Court Document 9, Page 5 and 6 of

25)

15)      also Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) also states that

**"proceedings that are outside scope of statute which gives federal district court**

**bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising**

**in or related to cases under Title 11 cannot be referred to bankruptcy court by**

**federal district court. 28 U.S.C.A. § 157."** (Appeals Court Document 9, Page 6 of 25)

16)      further the U.S. District Court – E. D. of Louisiana based its interpretation of

Section 157 on the legislative progeny of the **United States Supreme Court's** decision

in *Northern Pipeline v. Marathon,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

(Appeals Court Document 9, Page 6 of 25)

17)      still further civil suit Stasko v General Motors Corporation is based on Title 42

U.S.C. Section 1983 Judge Gerber should have also known that he did not have

jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case"

## <u>CORE and NON-CORE PROCEEDINGS</u>

18)      Judge Gerber should have known that civil suit Stasko v General Motors

Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have

also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

19)      the Appellant pointed out this error by Judge Gerber by directing the U.S. District Court – S. D. of New York to U.S. Court of Appeals – Fifth Circuit in the Matter of James P. Wood M.D. (825 F.2d 90, 91; 5th Cir. 1987) states "if proceeding involves right created by federal bankruptcy law, or is one which **would only arise in bankruptcy**, (emphasis added) it is core proceeding, **but if proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, though it may be related to bankruptcy because of its potential effect on debtor's estate. 28 U.S.C.A. § 157.** (Appeals Court Document 9, Page 7 of 25)

20)      still further Stanley R. Stasko specifically asked the Honorable Judge Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010, "how a judge in one court can order a withdrawal in a totally different district." Judge Cook replied by stating "Well, I don't understand it either, and that's why I did not make a ruling on that. I had serious doubts in my mind in the absence of any showing of case authority or statutory authority that a judge can order a person to withdraw the allegation. The judge, I believe, has the right to enforce – or not enforce the statute, but I don't know that there's any law – and there may be. Maybe it exists, but I'm not aware of any law that permits such a person, such a judge, to order a litigant to withdraw the allegations." (See Exhibit 1, Page 11, Lines 9 – 20)

## DEBTOR'S TIME, FINANCIAL RESOURCES, AND ATTENTION NECESSARY

## TO DEFEND THEMSELVES

21)    in the Appellee's Legal Brief the Appellee states "… the burden imposed on the

Debtors in terms of the time, financial resources, and attention necessary to defend

against the Michigan Action far outweighs any potential gain to Appellant in proceeding

with the Michigan Action against the Debtors given that Appellant did not file a timely

proof of claim against the Debtors and is therefore barred from seeking any recovery

from the Debtors."(Appeals Court Document 11, Page 6 of 29)

## FRAUDULENT CONCEALMENT

22)    the first part of this statement is the time, financial resources, and attention

necessary to defend against the Michigan Action.

23)    when civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

Limitations for Fraudulent Concealment as the Appellant uncovered the depth of General

Motors Corporation Fraudulently Concealing the Appellant's accomplishments

24)    <u>M.C.L.A. 600.5855</u> "… if a person who is or may be liable for any claim

fraudulently conceals the existence of the claim or the identity of any person who is liable

for the claim from the knowledge of the person entitled to sue on the claim, the action

may be commenced at any time within 2 years after the person who is entitled to bring

the action discovers, or should have discovered, the existence of the claim or the identity

of the person who is liable for the claim, although the action would otherwise be barred

by the period of limitation."

25)    affirmative acts by General Motors Corporation Fraudulently Concealing the

Appellant's accomplishments can be seen when Appellant **for the first time** (emphasis

added) requested a complete copy of all employment records pertaining to his work for

General Motors Corporation on July 20, 2005. (Appeals Court Document 9-1, Page 6 of

24)

26)    General Motors Corporation did not respond to the letter dated July 20, 2005.

27)    the Appellant made a second request for a complete copy of all employment

records pertaining to his work for General Motors Corporation on August 8, 2005.

(Appeals Court Document 9-1, Page 8 of 24)

28)    General Motors Corporation did not respond to the second request letter dated

August 8, 2005.

29)    the Appellant made a third request for a complete copy of all employment records

pertaining to his work for General Motors Corporation on August 24, 2005. (Appeals

Court Document 9-1, Page 10 and 11 of 24)

30)    the U.S. District Court – S.D. of New York should note that in the third request

the Appellant states "Stanley R. Stasko requests this information to: …look for possible

discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko

opinion that he can compile a reasonable argument that he should have been one or more

levels higher than he was at the time of his departure)." (Appeals Court Document 9-1,

Page 10 and 11 of 24)

31)    also note that Stanley R. Stasko informed General Motors Legal Staff in CY2005

of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney, General

Motors – Global Headquarters…" (Appeals Court Document 9-1, Page 10 and 11 of 24)

32)    further note that "**now that the plaintiff (Stanley R. Stasko) has implied a

possible lawsuit,** (emphasis added) the defendant (General Motors Corporation)

responded by mailing a package of information to the Appellant FedEx Trk # 8464-9619-6310."

33)    additional affirmative acts by General Motors Corporation can be seen when one considers that the Appellant was hired by General Motors on July 18, 1983 and resigned on August 25, 1995; therefore, it is reasonable to expect performance evaluation forms for CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and CY1995

34)    the information from General Motors Corporation (FedEx Trk # 8464-9619-6310) contained only three Advanced Engineering Staff Performance planning and Development Process information forms.

35)    also in order for the U. S. District Court – S. D. of New York to understand how much General Motors Corporation tried to Fraudulently Conceal the Appellant's accomplishments Exhibit 16 of civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of Michigan represents the Appellant's resume written approximately October CY2009. (Appeals Court Document 9, Page 19 of 25)

36)    therefore the time, financial resources, and attention necessary to defend against the Michigan Action was self inflicted by General Motors Corporation when General Motors Corporation Fraudulently Concealed Stanley R. Stasko's accomplishments

## PRO SE LITIGANT – LESS STRINGENT STANDARD

37)    the second part of the Appellee statement "… given that Appellant did not file a timely proof of claim against the Debtors and is therefore barred from seeking any recovery from the Debtors."(Appeals Court Document 11, Page 6 of 29)

38)    the Appellant filed a Proof of Claim with the U.S. Bankruptcy Court – S. D. of New York via U.S. Mail on April 28, 2010. (Appeals Court Document 9-1, Page 4 of 24)

39)    also civil suit Stasko v General Motors Corporation in U.S. District Court – E.D.

of Michigan has its genesis in CY2005 when the Appellant first requested a complete

copy of all employment records pertaining to his work for General Motors Corporation

on July 20, 2005

40)    further Stanley R. Stasko is a Pro Se Litigant and Title 28 U.S.C.A. Section 1654

states "implicit in right to self-representation is obligation on part of court to make

reasonable allowances to protect pro se litigants from inadvertent forfeiture of important

rights because of their lack of legal training."

41)    still further the U.S. Court of Appeals – Second Circuit made a similar statement

in Triestman v. Federal Bureau of Prisons, 470 F.3d 471 by stating "this policy of

liberally construing pro se submissions is driven by the understanding that implicit in the

right of self-representation is an obligation on the part of the court to make reasonable

allowances to protect pro se litigants from inadvertent forfeiture of important rights

because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983);

see also Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994) (recognizing that pro se litigants

must be accorded "special solicitude"). See generally Jonathan D. Rosenbloom,

Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of

the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305,

380 (2002)

42)    still further the U.S. Court of Appeals – Second Circuit also stated in  Traguth v.

Zuck, 710 F.2d 90, 95 (2d Cir.1983) that "while the right does not exempt a party from

compliance with relevant rules of procedural and substantive law, Birl v. Estelle, 660

F.2d 592, 593 (5th Cir.1981), it should not be impaired by harsh application of technical

rules"

43)    still further since there is some evidence that the U.S. Court of Appeals – Second

Circuit is open to modifications of final injunctions after an extended period of time.

Grand Union Equipment Co. v. Lippner, 167 F.2d 958 states "the expiration of an

extended period of time will not prevent a reopening for justifiable reasons"

44)    therefore the Appellant filing a Proof of Claim with the U.S. Bankruptcy Court –

S. D. of New York via U.S. Mail on April 28, 2010, seems insignificant when

considering the Appellant is a Pro Se Litigant

45)    also civil suit Stasko v General Motors Corporation being filed in the District

Court for the Eastern District of Michigan on December 11, 2009, also seems

insignificant when considering the Appellant is a Pro Se Litigant

## SONNAX FACTOR (2)

46)    the Appellee's Legal Brief does not discuss Sonnax Factor (2) probably because

the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component

Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (2) "lack of any

connection with or interference with the bankruptcy case"

47)    the U.S. Court of Appeals – Second Circuit is being consistent with United States

Code: **proceedings that are outside scope of statute which gives federal district court**

**bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising**

**in or related to cases under Title 11 cannot be referred to bankruptcy court by**

**federal district court. (emphasis added) 28 U.S.C.A. § 157**

48)    since civil suit Stasko v General Motors Corporation is based on Title 42 USC

Section 1983 and is not a right created by federal bankruptcy law; therefore, the proper

venue for civil suit Stasko v General Motors Corporation is the U.S. District Court – E.

D. of Michigan

## <u>SONNAX FACTOR (11)</u>

49)    in the Appellee's Legal Brief the Appellee states "On January 29, 2010, it being

evident that Appellant would not withdraw the action voluntarily, the Debtors filed a

Suggestion of Bankruptcy in the Michigan Action." (Appeals Court Document 11, Page 9

of 29)

50)    also in the Appellee's Legal Brief the Appellee states "Because the Michigan

Action is in its nascent stages, litigating the case would require the Debtors to engage in

factual investigation, motion practice, and potentially formal discovery and trial. This

process could take years and would require significant attention and resources from the

Debtors." (Appeals Court Document 11, Page 16 of 29)

51)    these two statements seem to be referencing the U.S. Court of Appeals – Second

Circuit in  <u>Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d</u>

<u>Cir. 1990)</u> Sonnax Factor (11) which states "whether the parties are ready for trial in the

other proceeding"

52)    this statement by General Motors Corporation is misleading

53)    while the U.S. Court of Appeals – Second Circuit in  <u>Sonnax Industries, Inc. v.</u>

<u>Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990)</u> in Sonnax Factor (11) did

state "whether the parties are ready for trial in the other proceeding"

54)    the U.S. Court of Appeals – Second Circuit was being consistent with United

States Code: **if inquiry is whether federal district court's bankruptcy jurisdiction**

**over a civil proceeding arises under, arises in, or is related to cases under Title 11, it**

**is irrelevant whether particular proceeding is "core" or "noncore"; district courts**

**have original and concurrent jurisdiction over all civil proceedings that arise under,**

**arise in, or are related to case under Title 11. <u>28 U.S.C.A. § 1334(a, b)</u>.**

55)    also the Appellant did file a Complaint and Summons with the U.S. District Court

– E. D. of Michigan on December 11, 2009, against General Motors Corporation based

on Title 42 USC Section 1983

56)    since Title 42 USC Section 1983 is not created by federal bankruptcy law civil

suit Stasko v General Motors Corporation is a non-core bankruptcy court proceeding;

therefore, U.S. District Court – E. D. of Michigan has original and concurrent jurisdiction

over all civil proceedings that arise under, arise in, or are related to civil suit Stasko v

General Motors Corporation

57)    also since General Motors Corporation did not respond in a timely manner to the

Complaint and Summons (December 11, 2009 plus twenty days equals December 31,

2009) the Appellant did request a hearing in civil action Stasko v General Motors

Corporation on January 5, 2010, and requested the court to find in favor of the plaintiff

(Stanley R. Stasko). (See Exhibit #2)

58)    further the U.S. District Court – E. D. of Michigan responded to Request for

Hearing by stating "a review of the official record in this action reveals that Stasko has

failed to seek and obtain an entry of default from the Clerk of the Court." (See Exhibit

#3)

59)    since the Appellant is a Pro Se Litigant he did not know he had to file a Request

for Clerk's Entry of Default with the Clerk of the Court

60)    therefore, the Appellant responded to U.S. District Court – E. D. of Michigan by

filing a Request for Clerk's Entry of Default and filing a Default Request, Affidavit,

Entry, and Judgment (Sum Certain) with the U.S. District Court – E. D. of Michigan (See

Exhibit #4)

61)      still further the Appellee's statement is further weakened since the civil suit

Stasko v General Motors Corporation has its genesis in CY2005 when Stanley R. Stasko

informed General Motors Legal Staff of a possible lawsuit by sending a copy of this letter

to: Dan Galnat, Attorney, General Motors – Global Headquarters…" (See Appeals Court

Document 9-1, Page 10 and 11 of 24)

62)      still further the Appellee's statement would be further weakened if General

Motors Corporation knew about the meeting between attorneys Paul R. Jones, David

Chesnick, and the Appellant at 18551 W. Warren Avenue, Detroit, Michigan in October

2009 (Appeals Court Document 9, Page 14 of 25)

63)      still further the Appellee's statement seems insignificant when one considers that

the Appellant filed a detail (500 plus page) Complaint and Summons with the U.S.

District Court – E. D. of Michigan on December 11, 2009, and General Motors

Corporation has had over one year to review the Complaint and Summons

## **<u>SONNAX FACTOR (9)</u>**

64)      the Appellee's Legal Brief does not discuss Sonnax Factor (9) probably because

the U.S. Court of Appeals – Second Circuit in  <u>Sonnax Industries, Inc. v. Tri Component</u>

<u>Products Corp., 907 F.2d 1280 (2d Cir. 1990)</u> states in Sonnax Factor (9) "whether

movant's success in the other proceeding would result in a judicial lien avoidable by the

debtor"

65)      the U.S. Court of Appeals – Second Circuit is being consistent with United States

Code: **if proceeding does not invoke substantive right created by federal bankruptcy**

**law and is one that could exist outside of bankruptcy, it is noncore proceeding,**

**<u>though it may be related to bankruptcy because of its potential effect on debtor's</u>**

**<u>estate</u> (emphasis added) <u>28 U.S.C.A. § 157</u>.**

66)      since civil suit Stasko v General Motors Corporation is based on Title 42 USC

Section 1983 and is not a right created by federal bankruptcy law the civil suit is a non-

core bankruptcy court proceeding and the Appellant's success in the other proceeding

would result in a judicial lien avoidable by the debtor (1) of approximately $2.7 million

dollars for the estimated loss by the Appellant, (2) and possible judicial liens of an

unspecified amount for unique solutions accomplished by the Appellant while working

for General Motors Corporation, and (3) and possible judicial liens of an unspecified

amount in punitive damages for hostile work environment by General Motors

Corporation against Stanley R. Stasko

### **STATUS OF CIVIL SUIT**

67)      in the Appellee's Legal Brief the Appellee states "The Michigan Action remains

administratively closed."(Appeals Court Document 11, Page 12 of 29)

68)      this statement by General Motors Corporation is misleading

69)      Stanley R. Stasko specifically asked the Honorable Judge Julian Abele Cook, Jr.

of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010,

"how a judge in one court can order a withdrawal in a totally different district." Judge

Cook replied by stating "Well, I don't understand it either, and that's why I did not make

a ruling on that. I had serious doubts in my mind in the absence of any showing of case

authority or statutory authority that a judge can order a person to withdraw the allegation.

The judge, I believe, has the right to enforce – or not enforce the statute, but I don't know

that there's any law – and there may be. Maybe it exists, but I'm not aware of any law

that permits such a person, such a judge, to order a litigant to withdraw the allegations."

(See Exhibit 1, Page 11, Lines 9 – 20)

70)    also Judge Cook stated "… I will, for administrative purposes, dismiss the lawsuit. Let me explain what I'm saying. … I've used the word administrative which means we're **just putting this to the side** (emphasis added) to await the conclusion in the bankruptcy proceeding involving what is now former General Motors. … without the word administratively, by my dismissing the case, it would mean that you could not bring the case back into the court. But administratively, it simply means I want to get it off the accounting. Basically we are asked in this court to account every case that's been heard in this case. … By doing it administratively, we are putting it to the side so we won't have to count it, we won't have to keep referring to it month and month, year after year." (See Exhibit 1, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

## **JUDGE GERBER'S BIAS AGAINST STANLEY R. STASKO**

71)    in the Appellee's Legal Brief the Appellee states "After hearing arguments from both Appellant and the Debtors, the Bankruptcy Court delivered a comprehensive oral decision denying the Motion and ordering the Appellant withdraw his lawsuit entirely and [] not allow it to merely be stayed." (Appeals Court Document 11, Page 10 of 29)

72)    what the Appellee fails to mention is Judge Gerber statement "My tentative, California style, is that, Mr. Stasko, I'm going to have to deny your motion for relief from the stay, both by reason of your **failure to show that you're entitled to that relief** (emphasis added) under the Second Circuit Sonnax factors and because you didn't file a proof of claim" (Bankruptcy Court Transcript of April 8, 2010; Page 31, Lines 17 - 22; Docket # 5509)

73)    the statement seems to indicate that Judge Gerber decided this motion prior to hearing oral arguments

74)    Judge Gerber should have known that the United States Bankruptcy Code places the burden of proof on the Debtor, the United States Bankruptcy Code 11 U.S.C.A. Section 362 (g) (1) and (g) (2) states "in any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

75)    also Judge Gerber should have known that U.S. Court of Appeals – Second Circuit in Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) recognized that the U.S. Bankruptcy Code "places burden of proof on Debtor for all issues other than debtor's equity in property"

76)    further Judge Gerber should have known that the Appellant had cause for relief from the Automatic Stay by Second Circuit Sonnax Factors (2), (9), and (11)

77)    still further the Appellee also fails to mention is that Judge Gerber statement "The motion is denied. And consistent with the debtors' request under the unusual facts of this case, I am also ordering that Mr. Stasko do two things: one, to tell the district court that I denied relief from the stay, and, two, **that I have directed Mr. Stasko to withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed." (Bankruptcy Court Transcript of April 8, 2010; Page 39, Lines 12 - 18; Docket # 5509)

78)    Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he **directed Mr. Stasko to withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed.

79)    also Judge Gerber should have known that civil suit Stasko v General Motors

Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have

also known that he did not have jurisdiction whereby he **directed Mr. Stasko to**

**withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed.

80)    further Stanley R. Stasko specifically asked the Honorable Judge Julian Abele

Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April

12, 2010, "how a judge in one court can order a withdrawal in a totally different district."

Judge Cook replied by stating "Well, I don't understand it either, and that's why I did not

make a ruling on that. I had serious doubts in my mind in the absence of any showing of

case authority or statutory authority that a judge can order a person to withdraw the

allegation. The judge, I believe, has the right to enforce – or not enforce the statute, but I

don't know that there's any law – and there may be. Maybe it exists, but I'm not aware of

any law that permits such a person, such a judge, to order a litigant to withdraw the

allegations." (See Exhibit 1, Page 11, Lines 9 – 20)

81)    still further the Appellee also fails to mention is that Judge Gerber purposefully

publicly harasses the Appellant by stating "uniquely in my ten years as a judge, as a

bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow

or an entity who actually filed litigation after the bankruptcy case was filed and then

asked for relief from the stay to continue in the filing of – or prosecution of a litigation

that should never have been filed in the first place … now, I'll assume for the sake of

discussion that you didn't know about the bankruptcy when you filed the action in the

Eastern District of Michigan, but once you heard about it, proceeding to try to get a

default against the debtor was just dead wrong. And because you're not a lawyer, I'm not

going to use one of the stronger words that I would use, but that's real bad, okay?"

(Bankruptcy Court Transcript of April 8, 2010; Page 40, Lines 2-8 and 18-24; Docket #

5509)

82)    Judge Gerber should have known that the Appellant filing a Proof of Claim with

the U.S. Bankruptcy Court – S. D. of New York via U.S. Mail on April 28, 2010, is

insignificant when considering the Appellant is a Pro Se Litigant

## **CONCLUSION**

83)    the Appellant's Original Legal Brief summarized fourteen reasons why Judge

Gerber's Order should be voided

    a.  Burden of Proof on Debtor

    b.  Shall Grant Relief from Stay for Cause

    c.  District Court Higher than Bankruptcy Court

    d.  Civil Suit is a Non-Core Bankruptcy Proceeding

    e.  Civil Suit has its Genesis in CY2005

    f.  Mental Disability

    g.  Genesis of Civil Action: Pre-Civil Suit Meeting

    h.  Discovery Delays

    i.  Fraudulent Concealment by General Motors

    j.  Pro Se Litigant – Less Stringent Standard

    k.  Some Evidence for Modification of Final Injunction after an Extended

       Period of Time

    l.  Sonnax Factor (2)

    m.  Sonnax Factor (11)

    n.  Sonnax Factor (9)

84)    therefore the Bankruptcy Judge Order to withdraw civil suit Stasko v General

Motors Corporation from the U.S. District Court – E. D. of Michigan should be voided.

85)    further the Appellant asks the U.S. District Court – S. D. of New York to reverse

the Order by the Bankruptcy Judge Denying Motion of Stanley R. Stasko for Relief from

the Automatic Stay

86)    and grant the Appellant's Motion for Relief from the Automatic Stay.

Dated: December 28, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

This legal document was prepared by Stanley R. Stasko (Pro Se Litigant).

Exhibit - 6

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                          SOUTHERN DIVISION

 3      STANLEY R. STASKO,

 4                Plaintiff,
                                        HON. JULIAN ABELE COOK, JR.
 5      v.                              No. 09-14827

 6      GENERAL MOTORS CORPORATION
        GENERAL MOTORS-GLOBAL
 7      HEADQUARTERS,

 8                Defendant.
        _____/
 9

10

                            STATUS CONFERENCE
11
                        Monday, April 12, 2010
12
                             2:24 p.m.
13

14      APPEARANCES:

15         For the Plaintiff:          STANLEY R. STASKO, Pro Se

16

17

18

19

20

21

22

23

24              To Obtain Certified Transcript, Contact:
                Leann S. Lizza, CSR-3746, RPR, CRR, RMR
25                           (313) 965-7510
```

# TABLE OF CONTENTS

                                                          Page

  Status conference                                        3


Exhibits:                                              Received

  (None offered.)

**STATUS CONFERENCE**

1                                          April 12, 2010

2                                          Detroit, Michigan

3                              -    -    -

4      (Call to order of the court, 2:24 p.m.)

5            THE COURT CLERK:  The Court calls case number

6   09-14827, *Stasko versus General Motors Corporation*.

7            THE COURT:  Good afternoon.

8            MR. STASKO:  Good afternoon, Your Honor.  My name is

9   Stanley Stasko.

10           THE COURT:  I'll ask you two things at issue.  Speak

11  up and, also, could you stand.

12           MR. STASKO:  Sure.

13           THE COURT:  And it is a practice in our court that

14  when addressing the Court, the speaker stands.

15           MR. STASKO:  Okay.

16           THE COURT:  And -- you may use the lectern if you

17  desire.

18           This is a case -- first of all, are you an attorney?

19           MR. STASKO:  No, I'm not.

20           THE COURT:  Do you have any trained, legal experience?

21           MR. STASKO:  No.

22           THE COURT:  You're alone today in the courtroom.  Do I

23  assume that you are without counsel?

24           MR. STASKO:  That is correct.

25           THE COURT:  This is a case in which you filed a

**STATUS CONFERENCE**

1    lawsuit against General Motors Corporation; is that correct?

2           MR. STASKO:  Correct.

3           THE COURT:  My record indicates that you filed this

4    lawsuit without benefit of counsel on December the 11th of

5    2009; is that correct?

6           MR. STASKO:  Correct.

7           THE COURT:  Furthermore, that on the 11th of March of

8    this year, I issued an order which denied your request for the

9    entry of a default judgment against the Defendant General

10   Motors.  Is that correct?

11          MR. STASKO:  I think I requested a hearing and the

12   hearing was denied.  I followed up by putting in a -- I put in

13   a request for clerk's entry of default and I put in a default

14   request and judgment.  The hearing that I requested was denied.

15          THE COURT:  In the -- that on the 16th of March of

16   2010, the Defendant's counsel filed a document which was, in

17   effect, a suggestion of bankruptcy.  In this notice the

18   Defendant's counsel asserted that on June 1st of last year that

19   General Motors Corporation, as we know it, or knew it, filed a

20   petition in bankruptcy court, in the United States Bankruptcy

21   Court in the Southern District of New York.  Are you aware of

22   that, sir?

23          MR. STASKO:  Recently, yes.

24          THE COURT:  You say recently.  What do you mean?

25          MR. STASKO:  I don't keep an active track of the

**STATUS CONFERENCE**

1   current events on the radio and the television.  When I filed

2   my Complaint, I was informed approximately, say, three or four

3   weeks after that, in early January, and received a letter from

4   the Defendant, General Motors, asking me to withdraw my suit

5   against General Motors because it's in bankruptcy.

6           THE COURT:  On April 9 of this year I received a

7   letter in the form of facsimile transmission from the

8   Defendant's bankruptcy counsel.  In his letter to the Court he

9   indicated that as much as his client is currently in bankruptcy

10  that the automatic stay is in effect.  Did you see such a

11  letter?

12          MR. STASKO:  No, I did not.  There was -- on April --

13  on Thursday, April the 8th, I was -- I attended the New York

14  Bankruptcy Court via court call.  I called in.  And so the

15  letter from April the 9th I have not seen at all.

16          THE COURT:  All right.  Accept my representation that

17  it contains what I just told you.

18          MR. STASKO:  Okay.

19          THE COURT:  This letter, in many ways, confirmed what

20  you just said because the Defendant's bankruptcy counsel

21  indicated that on February 19th of this year that you had filed

22  a motion for relief from the automatic stay, and then on the

23  8th of April the bankruptcy court conducted a hearing regarding

24  your request in which you were permitted to participate by

25  telephone.

**STASKO v. GENERAL MOTORS, 09-14827**

STATUS CONFERENCE

 1              MR. STASKO:  Yes.  I did participate in the bankruptcy

 2     hearing on the 8th.

 3              THE COURT:  You just may not be certain about the

 4     dates?

 5              MR. STASKO:  Oh, I'm certain about the April the 8th.

 6     I am certain about it.

 7              THE COURT:  All right.  On the 8th of April, the

 8     bankruptcy judge made the -- strike that.

 9              Section 362 of the bankruptcy code provided that --

10     the following with regard to the filing of the bankruptcy

11     petition:  That it, quote, operates as a stay applicable to all

12     entities of the commencement or continuation including the

13     issuance or employment process of a judicial administrative or

14     other action or proceeding against the debtor and was or could

15     have been commenced before the commencement of the case under

16     this title or to recover a claim against the debtor that arose

17     before the commencement of the case under this title and any

18     act to attain possession or property of the estate or property

19     from the estate or to exercise control over proper of the

20     estate, end quote.

21              That quote comes from Title 11, United States Code

22     Section 362 (a)(1) and (a)(1)(3).

23              It is my understanding that the bankruptcy court

24     directed you to, quote, withdraw your lawsuit entirely and did

25     not allow it to be merely stayed -- strike that.

**STATUS CONFERENCE**

```
 1              Based on my information I am apprised that the
 2   bankruptcy court advised you to, quote, withdraw your lawsuit
 3   entirely and not -- and to not allow it to be merely stayed,
 4   end of quote.  Do you recall such language, Mr. Stasko?
 5              MR. STASKO:  Yes.  I was given two instructions by the
 6   judge.  First instruction was that my motion for relief from
 7   automatic stay was denied.  Second instruction I was given by
 8   the judge, that I was to inform the U.S. District in the
 9   Eastern District of Michigan that I was instructed to withdraw
10   my case against General Motors.
11              THE COURT:  Have you withdrawn your case?
12              MR. STASKO:  No, I have not, Your Honor.
13              THE COURT:  What is your view with regard to the stay
14   of the proceedings?
15              MR. STASKO:  It is my intention, based on several
16   reasons, to appeal the bank -- I'm sorry, the bankruptcy
17   court's decision.
18              THE COURT:  All right.  I believe that the bankruptcy
19   court judge did make an appropriate decision when he ordered
20   the stay, and I will enforce that.  I will not enforce his
21   directive that you withdraw your lawsuit entirely.  That will
22   be -- however, I will, for administrative purposes, dismiss the
23   lawsuit.  Let me explain what I'm saying.
24              MR. STASKO:  Okay.
25              THE COURT:  I've used the word "administrative" which
```

STATUS CONFERENCE

```
 1  means we're just putting this to the side to await the

 2  conclusion in the bankruptcy proceeding involving what is now

 3  the former General Motors.

 4       MR. STASKO:  Okay.

 5       THE COURT:  At the conclusion of the bankruptcy

 6  proceeding, you, as a petitioner, would have the right to file

 7  a petition with our Court asking that the -- this case be

 8  returned to its docket.

 9       MR. STASKO:  Okay.

10       THE COURT:  And I -- without the word

11  "administratively," by my dismissing the case, it would mean

12  that you could not bring the case back into the court.  But

13  "administratively," it simply means I want to get it off the

14  accounting.  Basically we are asked in this court to account

15  every case that's been heard in this case.

16       MR. STASKO:  Okay.

17       THE COURT:  By doing it administratively, we are

18  putting it to the side so we won't have to count it, we won't

19  have to keep referring to it month and month, year after year.

20       MR. STASKO:  Understood.  I think if I may try, from a

21  layperson's standpoint.

22       THE COURT:  Go right ahead.

23       MR. STASKO:  If I'm successful in my appeal of the

24  judge's -- bankruptcy judge's, court's decision and I do get

25  relief of the automatic stay, then the claim against General
```

STASKO v. GENERAL MOTORS, 09-14827

**STATUS CONFERENCE**                                    9

1    Motors in this court can be reinstated?

2          THE COURT:  Yes.  Now, let me explain to you.  I have

3    very serious doubts about the viability of an appeal because

4    the Court of Appeals in the Sixth Circuit may say two things.

5    One, this case is not a final case because Judge Cook has

6    dismissed this administratively.  The second is, I believe, the

7    statute which allows the bankruptcy court to issue a stay is

8    rather firm and I believe is not truly contestable.  But you

9    have a right to appeal it if you desire.  My guess, it's going

10   to be an unsuccessful effort, but I believe that you should

11   take whatever course of action you should take.  I do also

12   recommend, though not direct you, to seek counsel.  Is there a

13   reason why you haven't gotten a counsel?

14         MR. STASKO:  On three occasions I've tried.  On at

15   least three occasions I tried to seek counsel.  The first time

16   I tried to seek counsel, Your Honor, approximately in 1990 I

17   had a loss of memory because of the fall.  When I finally

18   realized that I -- if I may use -- this is my nonlegal term.

19   General Motors discriminated against me, and my memory was just

20   beginning to recover.  I tried seek counsel.  When I talked to

21   counsel and they found out that I had been -- left General

22   Motors and ten years had elapsed, they had showed no interest

23   in the case itself.  I also tried to seek counsel relatively

24   recently prior to the -- probably in like the October 1st time

25   frame when I described all the details of the case.  The

**STATUS CONFERENCE**

```
 1   attorney almost started to laugh a little bit, and then he did
 2   show a little interest, but that didn't work out.  And recently
 3   I've been trying to seek counsel and I don't get calls back and
 4   no interest in the case.  So I've been trying to get help, and
 5   from my perspective this case should have started back in 2005,
 6   but no one's been willing to give me any help.
 7           THE COURT:  Thank you for your comments.  I can
 8   only -- I cannot give you advice.  I cannot -- but other than
 9   to continue to try to get counsel to help you with your case.
10   But for now let me just at least tell you that your claim
11   against what is General Motors, which is now known as Motors
12   Liquidation Company, will be dismissed administratively.  And,
13   once again, that once the bankruptcy stay has -- strike that.
14   Once the bankruptcy stay has been lifted, you'll be entitled to
15   reinstate your case.
16           MR. STASKO:  Thank you.
17           Your Honor, I made a request for -- from this Federal
18   District Court to have a lawyer appointed to my case on a pro
19   bono basis.  Did you see that request?
20           THE COURT:  I have not seen it.  Let's see.
21           I do have it now.  Document entitled Application For
22   Payment Of Counsel, Financial Statement.  I will process it,
23   but I do not offer any real hope for its success, but I will
24   process the application.  And at the conclusion of this
25   hearing, I will give to my case manager this document and ask
```

**STASKO v. GENERAL MOTORS, 09-14827**

**STATUS CONFERENCE**

```
 1    that she process this as quickly as can be done.

 2               MR. STASKO:  Thank you very much.

 3               THE COURT:  Do you have any other questions, sir?

 4               MR. STASKO:  One thing I'm just not clear of -- this

 5    is probably because I'm not a lawyer -- I don't understand how

 6    a judge in New York bankruptcy court can order a withdraw --

 7    because I'm applying for the appeal.  I just don't understand

 8    how -- seems like to me there's like two different

 9    jurisdictions itself.  I don't understand how a judge in one

10    court can order a withdrawal in a totally different district.

11               THE COURT:  Well, I don't understand it either, and

12    that's why I did not make a ruling on that.  I had serious

13    doubts in my mind in the absence of any showing of case

14    authority or statutory authority that a judge can order a

15    person to withdraw the allegation.  The judge, I believe, has

16    the right to enforce -- or not enforce the statute, but I don't

17    know that there's any law -- and there may be.  Maybe it

18    exists, but I'm not aware of any law that permits such a

19    person, such a judge, to order a litigant to withdraw the

20    allegations.

21               MR. STASKO:  Thank you very much for the

22    clarification.

23               THE COURT:  All right.  So do you understand where we

24    are at this point?

25               MR. STASKO:  Yes, I do.
```

**STASKO v. GENERAL MOTORS, 09-14827**

**STATUS CONFERENCE**

1              THE COURT:  Any questions?

2              MR. STASKO:  Is there anything that I need to file

3    with this -- with the Court?

4              THE COURT:  No.  But excuse me.

5              My case manager, Miss Kay Doaks, D-o-a-k-s, is here.

6    I'm going to at this moment take this to her office and ask her

7    to process this.  If you want to go to her office now, you can

8    talk with her.  Go straight out this door, turn left, first

9    door to the left.  That's where you'll find her.

10             MR. STASKO:  Thank you very much, Your Honor.

11             THE COURT:  All right.  Thank you.

12             THE LAW CLERK:  Court is adjourned.

13         (Proceedings concluded, 2:44 p.m.)

14                              -   -   -

15

16

17

18

19

20

21

22

23

24

25

```
1                         CERTIFICATION OF REPORTER

2

3

4       I, Leann S. Lizza, do hereby certify that the

5    above-entitled matter was taken before me at the time and

6    place hereinbefore set forth; that the proceedings were duly

7    recorded by me stenographically and reduced to computer

8    transcription; that this is a true, full and correct

9    transcript of my stenographic notes so taken; and that I am

10   not related to, nor of counsel to either party, nor interested

11   in the event of this cause.

12

13

14   S/Leann S. Lizza                            12-22-10

15   Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date

16

17

18

19

20

21

22

23

24

25
```