| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **Presentment Date and Time**<br>**March 1, 2011** |

-------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| **Bankruptcy of Motors Liquidation Company** | : | **Chapter 11** |
| **(f/k/a General Motors Corporation) ("MLC")** | : | |
| | : | **Case No. 09 - 50026 (REG)** |
| **Debtor.** | : | |

at 9:45 A.M.

-------------------------------------------------------x

## RESPONSE TO DEBTOR'S 165th OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS

Stanley R. Stasko respectfully states:

1) that Stanley R. Stasko received Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders -- (See Exhibit #1)

2) the Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement included Claim #70285 by Stanley R. Stasko (Creditor) against General Motors Corporation (Debtor) – (See Exhibit #2)

3) Claim #70285 by Stanley R. Stasko against General Motors Corporation should be removed from the Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders because:

4) on April 8, 2010, the U.S. Bankruptcy Court – S.D. of New York (Bankruptcy Court) considered Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Court Transcript of April 8, 2010; Docket #5509)

5) also on April 21, 2010, the U. S. Bankruptcy Court – S.D. of New York Denied the Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Exhibit #3)

6) further General Motors Corporation has been notified that Stanley R. Stasko is Appealing the Entire Order Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Exhibit #3)

1

7) still further U. S. District Court – S.D. of New York has decided to Hear the Appeal by Stanley R. Stasko and has assigned the Appeal with Case # 1:10-CV-04322-JGK (Honorable John G. Koeltl)

8) still further Stanley R. Stasko (Appellant) has already filed the Appellant's Legal Brief (See Exhibit #4) and served a copy to General Motors Corporation (Appellee)

9) still further Appellant has already filed the Appellant's Response to Appellee's Legal Brief (See Exhibit #5) and served a copy to General Motors Corporation

10) therefore Claim #70285 by Stanley R. Stasko against General Motors Corporation should be removed from the Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders because the U.S. District Court – S.D. of New York is Hearing the Appeal by Stanley R. Stasko

## PROOF of CLAIM and STANLEY R. STASKO CLAIM FILED AFTER BAR DATE ALREADY DISCUSSED in BANKRUPTCY COURT on APRIL 8, 2010

11) the Proof of Claim issue was discussed by Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York (the Bankruptcy Judge) when he stated "Mr. Stasko, I'm going to have to deny your motion for relief from the stay, both by reason of your failure to show that you're entitled to that relief under the Second Circuit Sonnax factors and because you didn't file a proof of claim" (Court Transcript of April 8, 2010; Page 31, Lines 18 - 22; Docket # 5509)

12) also Stanley R. Stasko Claim Filed after Bar Date was implied on page 40, lines 2 – 8, and 18 - 24 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, when Bankruptcy Judge Gerber purposefully publicly harasses the Stanley R. Stasko by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and

forty years as a lawyer, this is the first time that I've had a fellow or an entity who

actually filed litigation after the bankruptcy case was filed and then asked for relief

from the stay to continue in the filing of – or prosecution of a litigation that should

never have been filed in the first place ... now, I'll assume for the sake of discussion

that you didn't know about the bankruptcy when you filed the action in the Eastern

District of Michigan, but once you heard about it, proceeding to try to get a default

against the debtor was just dead wrong. And because you're not a lawyer, I'm not

going to use one of the stronger words that I would use, but that's real bad, okay?"

(See Docket #5509)

13) further even though General Motors Corporation knows the civil suit has its genesis

in CY2005 the legal counsel for General Motors Corporation **purposefully** makes a

disingenuous statement on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy

Court – S.D. of New York Transcript of April 8, 2010, when he states "this motion is

based on a post-petition action that was filed in the District Court for the Eastern

District of Michigan on December 11, 2009, significantly after the filing of our

bankruptcy petition on June 1st, 2009." (See Docket #5509)

14) still further the details of the genesis of civil suit Stasko v General Motors

Corporation in the U. S. District Court – E.D. of Michigan in CY2005 was repeated

in Appellant's Legal Brief – See Exhibit #4; Section "Civil Suit has its Genesis in

CY2005"; Paragraphs 23 – 34

15) still further the delay between the genesis of civil suit Stasko v General Motors

Corporation in CY 2005 and the filing of the Complaint of civil suit Stasko v General

Motors Corporation on December 11, 2009, was also repeated in the Appellant's

Legal Brief:

3

    a.  Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

    b.  Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

    c.  Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

    d.  Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

16) still further civil suit Stasko v General Motors Corporation being filed in the U. S. District Court – E. D. of Michigan on December 11, 2009, seems insignificant when considering Stanley R. Stasko is a Pro Se Litigant

    a.  See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard; Paragraphs 83 - 88

17) still further Stanley R. Stasko's Proof of Claim being filed in the U. S. Bankruptcy Court – S. D. of New York via U. S. Mail on April 28, 2010, seems insignificant when considering Stanley R. Stasko is a Pro Se Litigant

    a.  See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard; Paragraphs 83 - 88

18) therefore Claim #70285 by Stanley R. Stasko against General Motors Corporation should be removed from the Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders since the Proof of Claim and Stanley R. Stasko's Claim filed after the Bar Date have already been discussed in the Bankruptcy Court on April 8, 2010, and the Appeal is actively being heard in the U.S. District Court – S.D. of New York

4

## ISSUES FROM DEBTOR'S OBJECTION TO CLAIMS AND MOTION

## ACTUAL NOTICE OF BAR DATES

19) in the Debtor's Objection to Claims and Motion the Debtor state "the Debtors timely

published notice of the Bar Dates in each of the newspapers specified in the Bar Date

Order." – (See Exhibit #1; Page #5)

20) a partial list from Debtors' Footnote #4 list publications like *"The Financial Times,*

*The Wall Street Journal, The New York Times, USA Today, Detroit Free Press, ..."* –

(See Exhibit #1; Page #5; Footnote #4)

21) the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley R.

Stasko does not subscribe to publications like *"The Financial Times, The Wall Street*

*Journal, The New York Times, USA Today, Detroit Free Press*

22) also the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley

R. Stasko does not even own what is commonly known as a television nor has he for

years

23) therefore the publications listed would not be a typical avenue for Stanley R. Stasko

to be informed regarding Bar Dates associated with General Motors Corporation

Bankruptcy

## EXCUSABLE NEGLECT

24) in the Debtor's Objection to Claims and Motion the Debtor state "whether excusable

neglect exists in any particular case hinges on five factors: (1) the degree of prejudice

to the debtors; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the

reasonable control of the claimant; (4) whether the claimant acted in good faith; and

(5) if a claimant had counsel, whether a claimant should be penalized for their counsel's mistake or neglect - (See Exhibit #1; Page #8)

## THE DEGREE OF PREJUDICE TO THE DEBTORS

25) this factor is similar to the argument made by General Motors Corporation in the Appellee's Legal Brief filed in U. S. District Court – S.D. of New York

26) the Appellee stated "... the burden imposed on the Debtors in terms of the time, financial resources, and attention necessary to defend against the Michigan Action far outweighs any potential gain to Appellant in proceeding with the Michigan Action against the Debtors given that Appellant did not file a timely proof of claim against the Debtors and is therefore barred from seeking any recovery from the Debtors."(See Exhibit 5; Paragraph #21)

27) the U. S. Bankruptcy Court – S.D. of New York can find Stanley R. Stasko Response to the Appellee's statement in Exhibit #5; Section "Fraudulent Concealment"; Paragraphs #22-36

28) therefore the time, financial resources, and attention necessary to defend against the Michigan Action was self inflicted by General Motors Corporation when General Motors Corporation Fraudulently Concealed Stanley R. Stasko's accomplishments

## THE LENGTH OF THE DELAY

29) civil suit Stasko v General Motors Corporation was filed in the U. S. District Court – E.D. of Michigan on December 11, 2009, approximately (11) days after the Bar Date of November 30, 2009 (this seems insignifant when considering Stanley R. Stasko is

6

a Pro Se Litigant; See Exhibit #4; Section "Pro Se Litigant – Less Stringent

Standard"; Paragraphs 83-88)

30) also Stanley R. Stasko's Proof of Claim filed in the U. S. Bankruptcy Court – S. D. of

New York via U. S. Mail on April 28, 2010, (5) months after the Bar Date of

November 30, 2009 (this also seems insignificant when considering Stanley R. Stasko

is a Pro Se Litigant; See Exhibit #4; Section "Pro Se Litigant – Less Stringent

Standard"; Paragraphs 83-88)

31) further the U.S. District Court – S.D. of New York may ask the question - why the

delay between the genesis of civil suit Stasko v General Motors Corporation in

CY2005 and the filing of the complaint of civil suit Stasko v General Motors

Corporation on December 11, 2009?

32) when Stanley R. Stasko motioned the U.S. Bankruptcy Court – S.D. of New York for

Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD

of the (500) plus pages of the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan explaining in detail the unique

situation of the civil suit (including his Mental Disability, the Discovery Delays, and

the Fraudulent Concealment by General Motors Corporation)

33) therefore the U. S. Bankruptcy Court – S.D. of New York was informed of the

reasons for the length of the delay

### REASON FOR DELAY

34) the delay between the genesis of civil suit Stasko v General Motors Corporation in

CY 2005 and the filing of the Complaint of civil suit Stasko v General Motors

Corporation on December 11, 2009, is repeated in the Appellant's Legal Brief:

a. See Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

b. See Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

c. See Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

d. See Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

35) also as mentioned above when Stanley R. Stasko motioned the U.S. Bankruptcy

Court – S.D. of New York for Relief from the Automatic Stay he submitted to the

Bankruptcy Court a copy on CD of the (500) plus pages of the original complaint in

Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan

explaining in detail the unique situation of the civil suit (including his Mental

Disability, the Discovery Delays, and the Fraudulent Concealment by General Motors

Corporation)

## WHETHER A CLAIMENT ACTED IN GOOD FAITH

36) Stanley R. Stasko fully plead the facts and circumstances surrounding his belated

discovery and the delay in the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan; and, Stanley R. Stasko

submitted the (70) plus page explanation of the facts and circumstances from Exhibit

#7 from Case #2:09-CV-14827 to the U.S. Bankruptcy Court – S. D. of New York

37) also Stanley R. Stasko submitted to the U.S. Bankruptcy Court – S.D. of New York

the approximate (89) page resume of Exhibit 16 in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan when the Appellant motioned

for Relief from the Automatic Stay in order to help the Bankruptcy Court understand

the magnitude of the Fraudulent Concealment by General Motors Corporation)

8

38) further the U. S. Bankruptcy Court – S. D. of New York needs to understand when the Stanley R. Stasko motioned for Relief from the Automatic Stay the majority of the (500) plus pages of the original complaint in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan was written and / or compiled in CY2009 when Stanley R. Stasko memory cleared enough to defend his himself in the civil suit against General Motors Corporation

**39)** therefore Stanley R. Stasko acted in Good Faith by filing civil suit Stasko v General Motors Corporation on December 11, 2009, since his memory **just cleared enough to defend himself in CY2009** (emphasis added)

### IF A CLAIMENT HAD COUNSEL

40) Stanley R. Stasko is a Pro Se Litigant in civil suit Stasko v General Motors Corporation Case #2:09-CV-14827

41) also Stanley R. Stasko is a Pro Se Litigant in U. S. Bankruptcy Court – S.D. of New York Case #09-50026 (REG)

42) further Stanley R. Stasko is a Pro Se Litigant in U. S. District Court – S.D. of New York Case #1:10-CV-04322-JGK

### CONCLUSION

43) Stanley R. Stasko respectfully requests that Claim #70285 by Stanley R. Stasko against General Motors Corporation be removed from the Debtor's 165th Omnibus Objection to Claims and Motion requesting enforcement of Bar Date Orders for the reasons given above

44) also if the U. S. Bankruptcy Court – S.D. of New York decision is against Stanley R. Stasko, then Stanley R. Stasko automatically Appeals the decision to U. S. District Court – S.D. of New York Case #1:10-CV-04322-JGK

45) further Stanley R. Stasko requests another Bankruptcy Judge hear the Motion and Stanley R. Stasko Response because Judge Robert E. Gerber purposefully publicly harasses Stanley R. Stasko by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow or an entity who actually filed litigation after the bankruptcy case was filed and then asked for relief from the stay to continue in the filing of – or prosecution of a litigation that should never have been filed in the first place … now, I'll assume for the sake of discussion that you didn't know about the bankruptcy when you filed the action in the Eastern District of Michigan, but once you heard about it, proceeding to try to get a default against the debtor was just dead wrong. And because you're not a lawyer, I'm not going to use one of the stronger words that I would use, but that's real bad, okay?" (Bankruptcy Court Transcript of April 8, 2010; Page 40, Lines 2-8 and 18-24; Docket # 5509)

Dated: February 9, 2011

_____
Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

10

Exhibit - 1

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

**In re**                          :        **Chapter 11 Case No.**
                              :

**MOTORS LIQUIDATION COMPANY,** *et al.,* :        **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*   :
                              :

                **Debtors.**     :        **(Jointly Administered)**
                              :

------------------------------------------------------------x

**DEBTORS' 165TH OMNIBUS OBJECTION TO CLAIMS**
**AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS**
**(Late-Filed Claims)**

---

    **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**
    **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE**
    **EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.      The Debtors file this 165th omnibus objection to certain claims and

motion requesting enforcement of the Bar Date Orders (as defined below) (the "**165th Omnibus**

**Objection to Claims**") pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed against the Initial Debtors (as defined below) (the

"**Procedures Order**") (ECF No. 4180), this Court's order deeming the Procedures Order

applicable to the REALM/ENCORE Debtors (as defined below) (the "**REALM/ENCORE**

**Order**") (ECF No. 4841), this Court's order approving the procedures relating to the filing of

proofs of claim against the Initial Debtors (the "**Initial Debtors Bar Date Order**") (ECF No.

4079), this Court's order approving the procedures relating to the filing of proofs of claim

against the REALM/ENCORE Debtors (the "**REALM/ENCORE Bar Date Order**") (ECF No.

4586), and this Court's supplemental order to the Initial Debtors Bar Date Order approving the

procedures relating to the filing of proofs of claim with respect to certain properties of the

Debtors (ECF No. 4681) (the "**Property Bar Date Order**," and collectively with the Initial

Debtors Bar Date Order and the REALM/ENCORE Bar Date Order, the "**Bar Date Orders**")

seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed

hereto.[1]

---

[1]   Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates
on the Debtors' claims register on the website maintained by the Debtors' claims agent,
www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors
without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden
City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by
calling The Garden City Group, Inc. at 1-703-286-6401.

2.      The Debtors have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading *"Claims to be Disallowed and Expunged"* (collectively, the "**Late-Filed Claims**") were received after the Bar Date (as defined below) from claimants who, despite not having received actual notice of the Bar Date Orders, received adequate and sufficient notice of the Bar Date Orders by publication (collectively, the "**Unknown Creditors**"). As the Late-Filed Claims fail to comply with the Bar Date Orders, the Debtors request that, consistent with the express terms of the Bar Date Orders, the Late-Filed Claims be disallowed and expunged in their entirety. Furthermore, the Debtors reserve all of their rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026. On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs,

---

[2]   The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3]   The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors

filed their schedules of assets and liabilities and statements of financial affairs.

5.      On September 16, 2009, this Court entered the Initial Debtors Bar Date

Order establishing November 30, 2009 as the deadline for each person or entity to file a proof of

claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors Bar**

**Date**"). On December 2, 2009, this Court entered the REALM/ENCORE Bar Date Order

establishing February 1, 2010 (the "**REALM/ENCORE Bar Date**") as the deadline for each

person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except

governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court

established April 16, 2010, the "**REALM/ENCORE Governmental Bar Date**"). On December

18, 2009, this Court entered the Property Bar Date Order establishing February 10, 2010 as the

deadline for entities residing adjacent to or in the proximity of certain material manufacturing

properties of the Debtors (the "**Properties**") to file a proof of claim with respect to the Properties

(the "**Property Bar Date**," and collectively with the Initial Debtors Bar Date, the

REALM/ENCORE Bar Date, and the REALM/ENCORE Governmental Bar Date, the "**Bar**

**Dates**").

6.      Each of the Bar Date Orders specifically provides that, in order to be

timely-filed, proofs of claim must be "**actually received**" by the Debtors' claims agent or the

Court, on or before the applicable Bar Date. (Initial Debtors Bar Date Order at 3 (emphasis in

original); REALM/ENCORE Bar Date Order at 3 (emphasis in original); Property Bar Date

Order at 2 (emphasis in original).) The Bar Date Orders also expressly provide that any holder

of a claim against the Debtors who is required, but fails, to file a proof of such claim on or before

the applicable Bar Date shall forever be barred, estopped, and enjoined from asserting such claim

against any of the Debtors and their respective estates. (Initial Debtors Bar Date Order at 5;

REALM/ENCORE Bar Date Order at 5; Property Bar Date Order at 4.)

       7.    In addition to requiring the Debtors to provide actual notice of the Bar

Date to all parties known to have claims against the Debtors, each of the Bar Date Orders

authorized the Debtors to provide notice of the Bar Date by publication, which, as provided for

in the Bar Date Orders, "shall be deemed good, adequate and sufficient publication notice of [the

Bar Date] and the procedures for filing Proofs of Claim in these cases[.]" (Initial Debtors Bar

Date Order at 7; REALM/ENCORE Bar Date Order at 7; Property Bar Date Order at 5.) The

Debtors timely published notice of the Bar Dates in each of the newspapers specified in the Bar

Date Orders.[4] (*See* Affidavits of Publication, ECF Nos. 3522, 4290, 4724 and 4877.)

       8.    After the applicable Bar Date, the Late-Filed Claims were periodically

received from the Unknown Creditors who did not receive actual notice of the Bar Date Orders

because they were unknown to the Debtors as having potential claims and, furthermore, the

Debtors could not have known of the potential claims of the Unknown Creditors, and/or their

identity, through an inspection of their books and records or other reasonable investigation.

### The Relief Requested Should Be Approved by the Court

       9.    Section 502(b)(9) of the Bankruptcy Code provides that, upon the

objection of a party in interest, a claim shall be disallowed to the extent that "proof of such claim

---

[4] The Initial Debtors Bar Date Order authorized the Debtors to provide notice by publication in the *Financial Times*, *The Wall Street Journal* (Global Edition—North America, Europe, and Asia), *The New York Times* (National), *USA Today* (Monday through Thursday, National), *Detroit Free Press/Detroit News*, *Le Journal de Montreal* (French), *Montreal Gazette* (English), *The Globe and Mail* (National), and *The National Post*. The REALM/ENCORE Bar Date Order authorized the Debtors to provide notice by publication in *USA Today* (National Edition) *The New York Times* (National Edition), *Detroit Free Pres*, *Bay City Times*, *Commercial News*, *Flint Journal*, *Saginaw News*, *The Chronicle-Telegram*, *Observer & Eccentric*, *The Toledo Blade*, *Kansas City Business Journal*, *Syracuse New Times*, *Dayton Daily News*, *Ypsilanti Courier*, *Tonawanda News*, and *The News-Herald*. The Property Bar Date Order authorized the Debtors to provide notice by publication in *Flint Journal*, *The Oakland Press*, *Free Lance Star*, *Observer & Eccentric*, *Parma Sun Post*, *Ypsilanti Courier*, *Dayton Daily News*, *Delaware Business Ledger*, *Saginaw News*, *Shreveport Times*, *The Grand Rapids Press*, *The Indianapolis Star*, *Mansfield News Journal*, and *Pittsburgh Post Gazette*.

is not timely filed." 11 U.S.C. § 502(b)(9). Pursuant to Bankruptcy Rule 3003(c)(3), a proof of

claim is not timely filed unless it is done so "prior to a bar date established by order of a

bankruptcy court." *In re XO Commc'n, Inc.*, 301 B.R. 782, 791 (Bankr. S.D.N.Y. 2003); Fed. R.

Bankr. P. 3003(c)(3).[5] Such a bar date is meant to "function as a statute of limitations and

effectively [disallows] late claims in order to provide the Debtor and its creditors with finality to

the claims process and permits the Debtor to make swift distributions under the Plan." *XO*

*Commc'n,* 301 B.R. at 797.

          10.    One of the very few occasions when a late-filed claim will not be

disallowed is where a claimant can establish that notice afforded to the claimant of a bar date

order failed to comply with constitutional principles of due process. Such principles, however,

do not require that a claimant receive actual notice in all instances. Rather, the standard

applicable in bankruptcy and nonbankruptcy proceedings alike is whether there was notice

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action." *Id.* at 792 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

314 (1950)). In applying that standard, the Supreme Court has stated:

> This Court has not hesitated to approve of resort to publication as a
> customary substitute in another class of cases where it is not
> reasonably possible or practicable to give more adequate warning.
> Thus, it has been recognized that, in the case of persons missing or
> unknown, employment of an indirect, and even a probably futile,
> means of notification is all that the situation permits, and creates
> no constitutional bar to a final decree foreclosing their rights.

*Mullane,* 339 U.S. at 317 (citations omitted). As applied to bar date orders in the bankruptcy

context, the Supreme Court's interpretation regarding the sufficiency of notice compels the result

that, while actual notice of a bar date must be provided to "a creditor 'known' to a debtor," *XO*

---

[5]   Moreover, Bankruptcy Rule 3007(d)(4) provides that an omnibus objection may be made with respect to claims that were "not timely filed[.]" Fed. R. Bankr. P. 3007(d)(4).

*Commc'n*, 301 B.R. at 792, "[f]or obvious reasons debtors need not provide actual notice to unknown creditors . . . [who are] entitled to no more than constructive notice (i.e., notice by publication) of the bar date." *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 681 (Bankr. S.D.N.Y. 1993) (parenthetical in original).

11.    In differentiating between a "known" creditor and an "unknown" creditor, the guiding principle is that the latter is one whose identity and/or claim is not "reasonably ascertainable" or is merely conceivable, conjectural or speculative." *XO Commc'n*, 301 B.R. at 793 (citation omitted). In turn, a creditor's identity or claim is not "reasonably ascertainable" if it cannot be uncovered by a debtor through "reasonably diligent efforts." *Id.* (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)). However, a debtor need not engage in extended searches where the effectiveness of such a search is outweighed by its practical difficulties or high cost. *Mullane*, 339 U.S. at 317 (notice not required to those who could be discovered upon investigation but do not, in "due course of business[,] come to knowledge"). Rather, the requisite search "focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required." *XO Commc'n*, 301 B.R. at 793 (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 347 (3d Cir. 1995)).

12.    A review of the Late-Filed Claims reveals that each of the Unknown Creditors was "unknown" to the Debtors. Whether based on the Debtors' books and records or otherwise, the Debtors did not know of the identity of the Unknown Creditors and/or that such Unknown Creditors had a potential claim. As such, with respect to the Unknown Creditors, actual notice was neither required nor practicable, and notice by publication was sufficient.

13.    A subsequent question may arise as to whether there were extraordinary circumstances sufficient to constitute "excusable neglect" to justify extending the time for the

Late-Filed Claims to be filed. *XO Commc'n, Inc.*, 301 B.R. at 791. However, pursuant to

Bankruptcy Rule 9006(b)(1), such relief can only be granted "on motion" by the Unknown

Creditors. Fed. R. Bankr. P. 9006(b)(1). Moreover, the burden would then be "on the claimants

to prove that he or she did not timely file the proofs of claim because of excusable neglect." *XO*

*Commc'n.*, 301 B.R. at 795; *Drexel*, 151 B.R. at 680 (when a party moves for an extension after

the bar date, "that party must show" excusable neglect).

14.    None of the Unknown Creditors have moved for an extension under

Bankruptcy Rule 9006(b)(1). Even if they did, it is unlikely that any of the Unknown Creditors

could make a showing that rises to the level of "excusable neglect." As set forth by the United

States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, whether excusable neglect

exists in any particular case hinges on five factors: (1) the degree of prejudice to the debtors; (2)

the length of the delay and its potential impact on judicial proceedings; (3) the reason for the

delay, including whether it was within the reasonable control of the claimant; (4) whether the

claimant acted in good faith; and (5) if a claimant had counsel, whether a claimant should be

penalized for their counsel's mistake or neglect. 507 U.S. 380, 385-87 (1993). In other words,

simple inadvertence is not sufficient grounds. In applying *Pioneer*, the Second Circuit has

adopted what can be characterized as a hard line test for determining whether a party's neglect is

excusable. *In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005). The Second Circuit

cautions that rarely will the equities favor a claimant who fails to follow a clear court rule. *Id.* at

123.

15.    Here, certain of the *Pioneer* factors weigh heavily against a finding of

excusable neglect. As to the first factor (degree of prejudice to a debtor), it must be noted that

the Debtors have already filed, and even amended, their joint chapter 11 plan (the "**Plan**") and

the hearing to consider confirmation of the Plan is scheduled for March 3, 2011. It would be

severely prejudicial to other claimants and these judicial proceedings to now have to reserve

distributions while the standards of excusable neglect and the allowance of the Late-Filed Claims

are adjudicated. As to the second factor under *Pioneer* (the length of delay), a court may

consider not only when a claim was filed in relation to a bar date, but also how long a claimant

waited after the bar date to finally request an extension for its late-filed claim under Bankruptcy

Rule 9006(b). *In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004). Here, considering that

none of the Unknown Creditors have requested an extension, the delay attributable to each of

them at this point ranges from 11 to 13 months.[6]

      16.     Ultimately, "[b]ar dates are 'critically important to the administration of a

successful chapter 11 case.'" *In re Lehman Bros. Holdings, Inc.*, No. 08-13555, 2010 WL

2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting *In re Musicland Holding Corp.*, 356

B.R. 603, 607 (Bankr. S.D.N.Y. 2006)). A bar date enables debtors to determine with reasonable

promptness, efficiency, and finality what claims will be made against their estates so that

distributions to holders of allowed claims can be made as soon as possible. *See In re Keene*

*Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Because the Late-Filed Claims fail to comply

with the Bar Date Orders and are thus untimely, the Debtors request that the Court enforce its

prior Bar Date Orders and disallow and expunge in their entirety the Late-Filed Claims listed on

Exhibit "A."

### Notice

      17.     Notice of this 165th Omnibus Objection to Claims has been provided to

each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended

---

[6]  The Bar Dates range from November 30, 2009 (Initial Debtors Bar Date) to February 10, 2010 (Property Bar Date).

Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing

Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors

submit that such notice is sufficient and no other or further notice need be provided.

       18.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

      WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      January 26, 2011

                  /s/ Joseph H. Smolinsky
                  Harvey R. Miller
                  Stephen Karotkin
                  Joseph H. Smolinsky

                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York 10153
                  Telephone: (212) 310-8000
                  Facsimile: (212) 310-8007

                  Attorneys for Debtors
                  and Debtors in Possession

Exhibit - 2

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STANLEY R STASKO<br>27653 LEXINGTON PKWY<br><br>SOUTHFIELD, MI 48076 | 70285 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$2,775,266.00  (U)<br>$2,775,266.00  (T) | | Late-Filed Claim | Pgs. 1-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date. | N/A |
| Official Claim Date: | 5/12/2010 |

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STATE AUTO INSURANCE<br>CLAIM# SMIT-0290621<br>1300 WOODLAND AVE<br><br>WEST DES MOINES, IA 50265 | 70112 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$26,271.52  (U)<br>$26,271.52  (T) | | Late-Filed Claim | Pgs. 1-5 |

**Additional Claim Information**

| | |
|---|---|
| Applicable Bar Date: | 11/30/2009 |
| Postmark Date: | N/A |
| Official Claim Date: | 3/11/2010 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Exhibit - 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                                    Case No. _____
                                         Honorable_____

**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue**
**New York, New York 10153**
**#212-310-8000**
**Appellee**
**Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

**Attorney for Debtors**
**And Debtors in Possession**

### NOTICE OF APPEAL

Stanley R. Stasko, the Appellant and Creditor, appeals the entire Order

Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay signed by

Honorable Robert E. Gerber, United States Bankruptcy Judge of the Southern District of

New York on April 21, 2010 (Docket #5532).

The names, addresses, and telephone numbers of the parties to be served

are listed below.

Dated: April 30, 2010           _____
                                Stanley R. Stasko
                                27653 Lexington Pkwy Southfield, Michigan 48076
                                #313-670-6917
                                Appellant - Pro Se Litigant

List of parties to be served:

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone: (313) 670-6917
Appellant and Creditor
Pro Se Litigant

Motors Liquidation Company
(f/k/a General Motors Corporation)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Appellee and Debtor

Attorney for Debtors
and Debtors in Possession

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                            :
In re                                       :            **Chapter 11 Case No.**
                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :            **09-50026 (REG)**
        f/k/a **General Motors Corp.**, *et al.*   :
                                            :
                        **Debtors.**        :            **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

## ORDER DENYING MOTION OF STANLEY R. STASKO FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated February 19, 2010 of Stanley R. Stasko [Docket

No. 5151] (the "**Motion**"), requesting relief from the automatic stay to proceed with case

number 09-14827 (the "**Michigan Case**"), currently pending in the United States District

Court for the Eastern District of Michigan (the "**Michigan Court**"), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the

requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Motors

Liquidation Company and its affiliated debtors having filed their opposition to the

Motion [Docket No. 5390] (the "**Opposition**"); and the Court having held a hearing to

consider the requested relief on April 8, 2010 (the "**Hearing**"); and based upon the

Motion, the Opposition, and the record of the Hearing, and all of the proceedings before the Court, it is

ORDERED that for the reasons set forth on the record of the Hearing, the Motion is DENIED; and it is further

ORDERED that Mr. Stasko shall give notice of this ruling to the Michigan Court; and it is further

ORDERED that Mr. Stasko shall withdraw the Michigan Case; and it is further

ORDERED this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
April **21**, 2010

> *s/ Robert E. Gerber*
> THE HONORABLE ROBERT E. GERBER
> UNITED STATES BANKRUPTCY JUDGE

Exhibit - 4

PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11-23-10_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                                   **Case No. 1:10-CV-04322-JGK**
                                        **Honorable John G. Koeltl**

**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue New York, New York 10153-0119**
**#212-310-8000**
**Appellee / Attorney for Debtors and Debtors in Possession**
*Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)*
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

## TABLE OF CONTENTS

Legal Brief …………………………………………………………… p.3

Exhibit 1:   Copy of Proof of Claim filed in U.S. Bankruptcy…………………… p.28
Court – S. D. of New York

Exhibit 2:   Evidence that the civil suit Stasko v General Motors ……………... p.30
Corporation has its Genesis in CY2005

Exhibit 3:   Brief Description of the Facts and Circumstances Surrounding ……p. 40
Appellant's Loss of Memory

Exhibit 4:   Copy of E-mail from Attorney Paul R. Jones dated ……………...… p. 46
October 2009

## APPELLANT'S LEGAL BRIEF

Stanley R. Stasko (Appellant) respectfully states:

## BURDEN OF PROOF

1)    in the Debtor's Opposition to Stasko's Automatic Stay Motion Section II,

Paragraph #15 the Debtor states "Movant (Stanley R. Stasko) should also be denied relief

from the stay because he has failed to demonstrate cause to lift the stay." (Docket # 5390)

2)    the Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York

(the Bankruptcy Judge) stated "Mr. Stasko, I'm going to have to deny your motion for

relief from the stay, both by reason of your failure to show that you're entitled to that

relief under the Second Circuit Sonnax factors" (Court Transcript of April 8, 2010; Page

31, Lines 18 - 21; Docket # 5509)

3)    first, the United States Bankruptcy Code 11 U.S.C.A. Section 362 (g) (1) and (g)

(2) states "in any hearing under subsection (d) or (e) of this section concerning relief

from the stay of any act under subsection (a) of this section--

       (1) the party requesting such relief has the burden of proof on the issue of the

debtor's equity in property; and

       (2) the party opposing such relief has the burden of proof on all other issues."

4)    also the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S. D.

of New York in Re ENRON Corp. 306 B.R. 465 stated "on a motion to modify the

automatic stay is a shifting one. Sonnax, 907 F.2d at 1285. The initial burden rests on the

movant to show cause to modify the stay. Bogdanovich, 292 F.3d at 110; Mazzeo, 167

F.3d at 142; Sonnax, 907 F.2d at 1285. Only if the movant makes an initial showing of

3

cause does the burden then shift to the party opposing the relief. Mazzeo, 167 F.3d at
142."

## SHALL GRANT RELIEF FROM STAY FOR CAUSE

5)      the term for "cause" can be found in the U.S. Bankruptcy Code 11 U.S.C.A.
Section 362 (d)(1) which states "on request of a party in interest and after notice and a
hearing, the court **shall grant relief** (emphasis added) from the stay provided under
subsection (a) of this section, such as by terminating, annulling, modifying, or
conditioning such stay--

(1) for cause, including the lack of adequate protection of an interest in property
of such party in interest"

6)      also the Bankruptcy Judge also failed to realize that the U.S. Bankruptcy Court –
S. D. of New York in Re ENRON Corp. 306 B.R. 465 stated "once a legally sufficient
basis, or cause, is demonstrated by the movant, the party opposing the relief **must prove
that it is entitled** (emphasis added) to the continuing protections of the automatic stay. In
re M.J. & K. Co., Inc., 161 B.R. 586, 590 (Bankr.S.D.N.Y.1993)"

7)      further the Bankruptcy Judge failed to realize that the U.S. Court of Appeals –
Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d
1280 (2d Cir. 1990) also recognized that the United States Bankruptcy Code "places
burden of proof on the debtor for all issues other than debtor's equity in property"

8)      still further the Bankruptcy Judge failed to realize that the U.S. Court of Appeals
– Sixth Circuit in In re Newpower, 233 F.3d 922 stated "the automatic stay imposed by
the filing of a bankruptcy petition **shall be lifted** (emphasis added) upon motion by a
party in interest in cases where (1) the party can show cause ..."

4

9)      since the Appellant filed a Proof of Claim with the U.S. Bankruptcy Court – S. D.

of New York via U.S. Mail on April 28, 2010. (See Exhibit # 1),

and since the United States Bankruptcy Code places the **Burden of Proof**

(emphasis added) for all issues on the debtor,

and since the legal counsel for General Motors Corporation did not prove why

Appellant should be denied Relief from the Automatic Stay;

10)      therefore, the Order by the Bankruptcy Judge Denying Motion of Stanley R.

Stasko for Relief from the Automatic Stay (Docket #5532) should be reversed.

## JURISDICTION OF DISTRICT COURT HIGHER THAN BANKRUPTCY COURT

11)      in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for Relief

from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being

a core proceeding pursuant to 28 U.S.C. Section 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. Sections 1408 and 1409"

12)      the phrase **venue being proper** is the Bankruptcy Judge's opinion that he has

jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket

#5532) (the Michigan Case being civil suit Stasko v General Motors Corporation in U.S.

District Court – E. D. of Michigan; Case #2:09-CV-14827.)

13)      this is the second error by the Bankruptcy Judge in ordering Mr. Stasko to

withdraw civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of

Michigan. The U.S. District Court – E.D. of Louisiana in Eubanks v Esenjay Petroleum

Corp. (152 B.R. 459) states that **"if inquiry is whether federal district court's**

**bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related**

**to cases under Title 11, it is irrelevant whether particular proceeding is "core" or**

5

"noncore"; district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b)."

14)    also Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) also states that "proceedings that are outside scope of statute which gives federal district court bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy court by federal district court. 28 U.S.C.A. § 157."

15)    further the U.S. District Court – E. D. of Louisiana based its interpretation of Section 157 on the legislative progeny of the **United States Supreme Court's** decision in _Northern Pipeline v. Marathon,_ 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

16)    still further civil suit Stasko v General Motors Corporation is based on Title 42 U.S.C. Section 1983 which states "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory degree was violated or declaratory relief was unavailable."

17)    since Title 42 U.S.C. Section 1983 is not base on U.S. Bankruptcy Code the Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko to withdraw civil

6

suit Stasko v General Motors Corporation from the U.S. District Court – E. D. of
Michigan; therefore, the Bankruptcy Judge's Order should be voided.

## CORE and NON-CORE PROCEEDINGS

18)     in the Bankruptcy Judge's Order Denying Motion of Stanley R. Stasko for Relief
from the Automatic Stay (Docket # 5532) the Bankruptcy Judge stated "the Motion being
*core proceeding pursuant to 28 U.S.C. Section 157(b)*; and venue being proper before this
Court pursuant to 28 U.S.C. Sections 1408 and 1409"

19)     the phrase the proceeding is a **core proceeding** is the Bankruptcy Judge's opinion
that he has the jurisdiction whereby he can Order Mr. Stasko to withdraw civil suit Stasko
v General Motors Corporation in U.S. District Court – E. D. of Michigan

20)     this is the third error by the Bankruptcy Judge. The U.S. Court of Appeals – Fifth
Circuit in the Matter of James P. Wood M.D. (825 F.2d 90, 91; 5th Cir. 1987) states "if
proceeding involves right created by federal bankruptcy law, or is one which **would only
arise in bankruptcy**, (emphasis added) it is core proceeding, **but if proceeding does not
invoke substantive right created by federal bankruptcy law and is one that could
exist outside of bankruptcy, it is noncore proceeding, though it may be related to
bankruptcy because of its potential effect on debtor's estate. 28 U.S.C.A. § 157.**

21)     since civil suit Stasko v General Motors Corporation in U.S. District Court – E. D.
of Michigan is based on Title 42 USC Section 1983 and is not a right created by federal
bankruptcy law; therefore, civil suit Stasko v General Motors Corporation is non-core
bankruptcy court proceeding

22)     and the Bankruptcy Judge does not have the jurisdiction to Order Mr. Stasko to
withdraw civil suit Stasko v General Motors Corporation from the U.S. District Court –
E. D. of Michigan; therefore, the Bankruptcy Judge's Order should be voided.

7

## CIVIL SUIT HAS ITS GENESIS IN CY2005

23)     on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New

York Transcript of April 8, 2010, the legal counsel for General Motors Corporation stated

"this motion is based on a post-petition action that was filed in the District Court for the

Eastern District of Michigan on December 11, 2009, significantly after the filing of our

bankruptcy petition on June 1st, 2009." (See Docket #5509)

24)     this statement by General Motors Corporation's legal counsel is disingenuous

since the civil suit against General Motors Corporation has its genesis in CY2005

25)     the Appellant first began to discover the injury and loss he incurred by General

Motors Corporation when the Appellant **for the first time** (emphasis added) requested a

complete copy of all employment records pertaining to his work for General Motors

Corporation on July 20, 2005. (See Original Civil Suit Complaint Exhibit 10, 11, and 12

of Stasko v General Motors Corporation; duplicated in Exhibit #2 for convenience)

26)     General Motors Corporation did not respond to the letter dated July 20, 2005.

27)     the Appellant made a second request for a complete copy of all employment

records pertaining to his work for General Motors Corporation on August 8, 2005. (See

Exhibit #2)

28)     General Motors Corporation did not respond to the second request letter dated

August 8, 2005.

29)     the Appellant made a third request for a complete copy of all employment records

pertaining to his work for General Motors Corporation on August 24, 2005. (See Exhibit

#2)

30)     the U.S. District Court – S.D. of New York should note that in the third request

the Appellant states "Stanley R. Stasko requests this information to: ... look for possible

8

discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko

opinion that he can compile a reasonable argument that he should have been one or more

levels higher than he was at the time of his departure)." (See Exhibit #2)

31)    further note that Stanley R. Stasko informed General Motors Legal Staff in

CY2005 of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney,

General Motors – Global Headquarters..." (See Exhibit #2)

32)    still further **"now that the plaintiff (Stanley R. Stasko) has implied a possible**

**lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by

mailing a package of information to the Appellant FedEx Trk # 8464-9619-6310."

33)    since civil suit Stasko v General Motors Corporation in U.S. District Court – E.D.

of Michigan has its genesis when the Appellant first requested a complete copy of all

employment records pertaining to his work for General Motors Corporation on July 20,

2005. This is years before June 1, 2009, the date General Motors Corporation

commenced a voluntary case under Chapter 11 of Title 11 of the United States Code.

This is years before the Bankruptcy Court established November 30, 2009, as (the "Bar

Date Order") on September 16, 2009. This is years before the Appellant filed civil suit

against General Motors Corporation in Stasko v General Motors Corporation on

December 11, 2009.

34)    therefore the Order by the Bankruptcy Judge should be reversed and the

Appellant's Motion for Relief from the Automatic Stay should be granted because the

civil suit Stasko v General Motors Corporation in the U.S. District Court – E. D. of

Michigan has its genesis in CY2005 when General Motors Corporation was first

informed of a possible lawsuit.

## MENTAL DISABILITY

35)    the U.S. District Court – S.D. of New York may ask the question - why the delay

between the genesis of civil suit Stasko v General Motors Corporation in CY2005 and the

filing of the complaint of civil suit Stasko v General Motors Corporation on December

11, 2009?

36)    when the Appellant motioned the U.S. Bankruptcy Court – S.D. of New York for

Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD of

the (500) plus pages of the original complaint in Stasko v General Motors Corporation in

U.S. District Court – E.D. of Michigan explaining in detail the unique situation of the

civil suit (including the Appellant's Mental Disability, the Discovery Delays, and the

Fraudulent Concealment by General Motors Corporation).

37)    a brief portion of the facts and circumstances surrounding Appellant's **loss of**

**memory** can be found in civil suit Stasko v General Motors Corporation in U.S. District

Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7, p. 33-37 (duplicated in

Exhibit #3 for convenience)

38)    also the Appellant states his **loss of memory** continued for years including other

people trying to convince the Appellant needed to be on medication.

> a.) See original complaint in Stasko v General Motors Corporation in U.S.
>     District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7,
>     p. 48-63
>
> b.) See North Oakland Medical Center report (See original complaint in
>     Stasko v General Motors Corporation in U.S. District Court – E.D. of
>     Michigan; Case #2:09-CV-14827, Exhibit 8)

10

c.) See original complaint in Stasko v General Motors Corporation in U.S.

District Court – E.D. of Michigan; Case #2:09-CV-14827, Exhibit 7,

p. 64-65

39)    further the Appellant states his **memory only starts to clear up in July 2005**. In

order for the U. S. District Court – S. D. of New York to understand how much the

Appellant's memory will clear up civil suit Exhibit 15 in Stasko v General Motors

Corporation in U.S. District Court – E. D. of Michigan represents the Appellant's resume

for General Motors accomplishments in CY2005, and Exhibit 16 represents the

Appellant's resume for General Motors accomplishments written approximately October

CY2009.

40)    since civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E.D. of Michigan the Appellant researched why the Tolling of Limitations for

Mental Disability applied to his civil suit

41)    first the Appellant explained that M.C.L.A. 600.5851 (3) states "to be considered

a disability, the infancy or insanity must exist at the time the claim accrues. If the

disability comes into existence after the claim has accrued, a court shall not recognize the

disability under this section for the purpose of modifying the period of limitations."

42)    also the Appellant explained that M.C.L.A. 600.5851 (5) states "… a court shall

count the year of grace provided in this section from the termination of the last disability

to the person to whom the claim originally accrued that has continued from the time the

claim accrued, whether this disability terminates because of the death of the person

disabled or for some other reason."

43)    if the Appellee argues that the Appellant resigned from General Motors

Corporation on August 25, 1995; therefore, the Appellant's mental disability (loss of

memory) is over fourteen years old. The court should note that Calladine v Dana Corp.
679 F.Supp. 700, E.D. Mich., February 29, 1988 (No. Civ. A. 87-CV-1739DT) states
"…that an individual mentally incompetent at the time a cause of action accrues may file
the claim before the applicable limitations period runs *after* the disability is removed.
Since William remains mentally incompetent, the statute has not begun to run even
*though the injury occurred almost nine years prior to the filing of this suit*" (See
Calladine v Dana Corp.)

44)     also *Paavola v. St. Joseph Hosp. Corp.*, 119 Mich.App. 10, 14-15, 325 N.W.2d
609 (1982) states that the "…statute permits tolling for a "period potentially many
decades long."

45)     further if the Appellee argues that the Appellant should have appointed a guardian
or obtained an attorney to capably handle the Appellant's rights when the Appellant first
began to discovery the injury or loss approximately September 2005 similar to the
argument made in Calladine v Dana Corp. ( "… In other words, asserts Dana, William
*has been in a far better position legally than the average individual who must attend to his
or her legal rights without such assistance.*";) The Appellant states that he is a single man
with no spouse. The Appellant has no legal children. The Appellant did try to obtain an
attorney when he first began to discover the injury or loss approximately September 2005
but the attorney showed no interest in the case, nor did the attorney return the Appellant's
phone calls, once the attorney learned that the Appellant resigned from General Motors
Corporation ten years ago in August 1995

46)     still further Calladine v Dana Corp. states that "…Michigan courts have
consistently held otherwise. In a string of decisions, the Michigan Court of Appeals has
found that **the statute does not begin to run even with the appointment of a guardian,**

(emphasis added) *see, e.g., Wallisch v. Fosnaugh*, 126 Mich.App. 418, 426, 336 N.W.2d

923 *leave to appeal denied*, 418 Mich. 871 (1983); *Paavola*, 119 Mich.App. at 14, 325

N.W.2d 609, or next friend, *Rittenhouse v. Erhart*, 126 Mich.App. 674, 679, 337 N.W.2d

626 (1983), *modified on other grounds*, 424 Mich. 166, 380 N.W.2d 440 (1986), on

behalf of a mentally incompetent person.

47)     *still further if the Appellee argues that the Appellant did not have a mental

disability because he was able to work for DSP Technology in Ann Arbor, Michigan and

MSX International in Auburn Hills, Michigan covering a period a time from

approximately January 1997 to February 2001. The court should note that* Asher v.

Exxon Co., U.S.A., 504 N.W.2d 728 Mich.App.,1993 *states "... the circuit court erred in

finding that plaintiff was not mentally deranged because he was able to work, see*

*Davidson v. Baker-Vander Veen Construction Co., 35 Mich.App. 293, 302-303, 192*

*N.W.2d 312 (1971)."*

48)     *therefore since* M.C.L.A. 600.5851 (5) *states "shall count the year of grace from

the termination of the last disability" and since the plaintiff's loss of memory will clear

up enough for the plaintiff to represent himself in court approximately October CY2009

the statue of limitations does not expire until October 2010. (October 2009 plus one year

equals October 2010.)*

## **GENESIS OF CIVIL ACTION: PRE-CIVIL SUIT MEETING**

49)     *the U.S. District Court – S.D. of New York may ask the question - after an

attorney showed no interest in the case when the Appellant first began to discover the

injury or loss approximately September 2005 did the Appellant seek future legal counsel

prior to filing civil suit Stasko v General Motors Corporation in U.S. District Court – E.

D. of Michigan on December 11, 2009?*     13

50)     when the Appellant's could better describe his accomplishments at General

Motors Corporation the Appellant again tried to receive legal counsel approximately

October 2009 (See Exhibit 4).

51)     attorney Paul R. Jones was skeptical but eventually he did arrange a meeting in

October 2009

52)     *attorney Paul R. Jones, David Chesnick, and the Appellant meet at 18551 W.*

Warren Avenue, Detroit, Michigan in October 2009

53)     going into the meeting the Appellant was under the impression attorney David

Chesnick specialized in labor law and might represent the Appellant in civil suit Stasko v

General Motors Corporation

54)     during the meeting attorney David Chesnick acted more like an attorney for

General Motors Corporation than an attorney for the Appellant

55)     therefore, the Appellant began the process of preparing a civil suit against General

Motors Corporation as a **Pro Se Litigant** in October 2009

### DISCOVERY DELAYS

56)     since civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

Limitations for Discovery Delays applicable Title 42 U.S.C. Section 1983

57)     the Appellant learned that according to Campau v Orchard Hills Psychiatric

Center 946 F.Supp. 507, 19A.D.D. 1056, E.D. Mich., November 19, 1996 (No. Civ.

A.96-40310) the discovery rule postpones beginnings of limitations period from date

when plaintiff is wronged to date when he discovers he has been injured

58)     also other State of Michigan court rulings include Stephens v. Dixon, 536 N.W.2d

755 Mich.,1995 "in deciding whether to strictly enforce period of limitation or impose

14

discovery rule, court must carefully balance when plaintiff learned of her injuries,

whether she was given fair opportunity to bring her suit, and whether defendant's

equitable interests would be unfairly prejudiced by tolling statute of limitations.

M.C.L.A. § 600.5827."

59)    further, according to Moll v. Abbott Laboratories, 506 N.W.2d 816 Mich.,1993

"...once plaintiff is aware of injury and its possible cause, plaintiff is aware of possible

cause of action for purposes of commencement of statute of limitations."

60)    still further, City of Huntington Woods v. Wines, 332 N.W.2d 557

Mich.App.,1983 "...limitation period commences when the person knows of the act

which caused his injury and has good reason to believe that the act was improper or was

done in an improper manner."

61)    still further, Jackson County Hog Producers v. Consumers Power Co., 592

N.W.2d 112 Mich.App.,1999 "...if the discovery rule applies, a claim does not accrue for

the purpose of the running of the limitation period until a plaintiff discovers, or through

the exercise of reasonable diligence should have discovered (1) an injury and (2) the

causal connection between the injury and a defendant's breach of duty."

62)    still further, Rose v Saginaw County, 232 F.R.D. 267, E.D. Mich., November 21,

2005 (No. 01-10337-BC). "...if the plaintiff has delayed beyond the limitations period,

he must fully plead the facts and circumstances surrounding his belated discovery and the

delay"

63)    since the Appellant fully plead the facts and circumstances surrounding his

belated discovery and the delay in the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan; therefore, the Appellant submitted

15

the (70) plus page Exhibit #7 from Case #2:09-CV-14827 to the U.S. Bankruptcy Court –

S. D. of New York

64)      further the U. S. District Court – S. D. of New York needs to understand when the

Appellant motioned the U.S. Bankruptcy Court – S.D. of New York for Relief from the

Automatic Stay the majority of the (500) plus pages of the original complaint in *Stasko v*

*General Motors Corporation in U.S. District Court – E.D. of Michigan* was written and /

or compiled by the Appellant after the meeting with attorneys Paul R. Jones and David

Chesnick in October 2009 but before filing the civil suit complaint on December 11,

2009.

### FRAUDULENT CONCEALMENT

65)      since civil suit *Stasko v General Motors Corporation* was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

*Limitations for Fraudulent Concealment* as the Appellant uncovered the depth of General

Motors Corporation Fraudulently Concealing the Appellant's accomplishments

66)      <u>M.C.L.A. 600.5855</u> "… *if a person who is or may be liable for any claim*

fraudulently conceals the existence of the claim or the identity of any person who is liable

for the claim from the knowledge of the person entitled to sue on the claim, the action

may be commenced at any time within 2 years after the person who is entitled to bring

the action discovers, or should have discovered, the existence of the claim or the identity

of the person who is liable for the claim, although the action would otherwise be barred

by the period of limitation."

67)      also <u>McCray v Moore (Not reported in F.Supp. 2d, 2008 WL 4225762), U.S.</u>

<u>District Court, E.D. Mich., No. 07-13297, September 9, 2008</u> states "… Michigan law

16

provides that the statute of limitations may be tolled where a defendant has concealed the facts giving rise to the cause of action:"

68)     further McCray v Moore states "… _Mich. Comp. Laws § 600.5855._ The acts constituting fraudulent concealment are "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." _Evans v. Pearson Enterprises, Inc., 434 F.3d 839, 851 (6th Cir.2006),_ quoting, _Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)._"

69)     still further Lumber Village v Siegler, 355 N.W.2d 654 states "…as a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. Draws v. Levin, 332 Mich. 447, 452, 52 N.W.2d 180 (1952)"

70)     affirmative acts by General Motors Corporation can be seen when Appellant **for the first time** (emphasis added) requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005. (See Original Civil Suit Complaint Exhibit 10, 11, and 12 of Stasko v General Motors Corporation; duplicated in Exhibit #2 for convenience)

71)     General Motors Corporation did not respond to the letter dated July 20, 2005.

72)     the Appellant made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005. (See Exhibit #2)

73)     General Motors Corporation did not respond to the second request letter dated August 8, 2005.

17

74) the Appellant made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005. (See Exhibit #2)

75) the U.S. District Court – S.D. of New York should note that in the third request the Appellant states "Stanley R. Stasko requests this information to: ...look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)." (See Exhibit #2)

76) also note that Stanley R. Stasko informed General Motors Legal Staff in CY2005 of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney, General Motors – Global Headquarters..." (See Exhibit #2)

77) further note that "**now that the plaintiff (Stanley R. Stasko) has implied a possible lawsuit,** (emphasis added) the defendant (General Motors Corporation) responded by mailing a package of information to the Appellant FedEx Trk # 8464-9619-6310."

78) additional affirmative acts by General Motors Corporation can be seen when one considers that the Appellant was hired by General Motors on July 18, 1983 and resigned on August 25, 1995; therefore, it is reasonable to expect performance evaluation forms for CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and CY1995

79) the information from General Motors Corporation (FedEx Trk # 8464-9619-6310) contained only three Advanced Engineering Staff Performance planning and Development Process information forms. (See original complaint Exhibit 13 in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan)

    a.  One Advanced Engineering Staff Performance Planning Development Process information dated December 22, 1989, by Stanley R. Stasko

    b.  One Advanced Engineering Staff Performance Planning Development Process information dated December 19, 1990, by Stanley R. Stasko

    c.  One Advanced Engineering Staff Performance Planning Development Process information dated January 22, 1992 by Stanley R. Stasko

80)    also in order for the U. S. District Court – S. D. of New York to understand how much General Motors Corporation tried to Fraudulently Conceal the Appellant's accomplishments Exhibit 16 of civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of Michigan represents the Appellant's resume written approximately October CY2009.

81)    further the U. S. District Court – S. D. of New York needs to understand the Appellant submitted on CD to the U.S. Bankruptcy Court – S.D. of New York the approximate (89) page resume of Exhibit 16 in Stasko v General Motors Corporation in U.S. District Court – E.D. of Michigan when the Appellant motioned for Relief from the Automatic Stay

82)    still further the U.S. District Court – S.D. of New York needs to understand that the majority of the Fraudulent Concealment research by the Appellant in the civil suit complaint was written and / or compiled by the Appellant after the meeting with attorneys Paul R. Jones and David Chesnick in October 2009 but before filing the civil suit complaint on December 11, 2009.

19

## PRO SE LITIGANT – LESS STRINGENT STANDARD

83)      the statement by General Motors Corporation legal counsel "this motion is based

on a post-petition action that was filed in the District Court for the Eastern District of

Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition

on June 1st, 2009." (See Docket #5509) seems insignificant when considering the

Appellant is a Pro Se Litigant

84)      Title 28 U.S.C.A. Section 1654 states "implicit in right to self-representation is

obligation on part of court to make reasonable allowances to protect pro se litigants from

inadvertent forfeiture of important rights because of their lack of legal training."

85)      also the U.S. Court of Appeals – Second Circuit made a similar statement in

Triestman v. Federal Bureau of Prisons, 470 F.3d 471 by stating "this policy of liberally

construing pro se submissions is driven by the understanding that implicit in the right of

self-representation is an obligation on the part of the court to make reasonable allowances

to protect pro se litigants from inadvertent forfeiture of important rights because of their

lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983); see also Ruotolo

v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994) (recognizing that pro se litigants must be accorded

"special solicitude"). See generally Jonathan D. Rosenbloom, Exploring Methods to

Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the

Southern District of New York, 30 FORDHAM URB. L.J. 305, 380 (2002)

86)      further the U.S. Court of Appeals – Second Circuit also stated in  Traguth v.

Zuck, 710 F.2d 90, 95 (2d Cir.1983) that "while the right does not exempt a party from

compliance with relevant rules of procedural and substantive law, Birl v. Estelle, 660

F.2d 592, 593 (5th Cir.1981), it should not be impaired by harsh application of technical

rules"                                                                                20

## SOME EVIDENCE FOR MODIFICATION OF FINAL INJUNCTION AFTER AN EXTENDED PERIOD OF TIME

87)    since there is some evidence that the U.S. Court of Appeals – Second Circuit is open to modifications of final injunctions after an extended period of time. Grand Union Equipment Co. v. Lippner, 167 F.2d 958 states "the expiration of an extended period of time will not prevent a reopening for justifiable reasons"

88)    therefore the Appellant filing civil suit against General Motors Corporation in Stasko v General Motors Corporation on December 11, 2009, approximately eleven days after the Bankruptcy Court established November 30, 2009, as (the "Bar Date Order") is not significant

### SONNAX FACTORS: BURDEN OF PROOF

89)    in Debtor's Opposition to Stasko's Automatic Stay Motion (Docket # 5390) Section II is entitled "**Movant Cannot Meet His Burden of Establishing Cause to Modify the Automatic Stay**", (emphasis added) General Motors Corporation in Paragraphs 15, 16, 17, 18, 19, and 20 makes various arguments why Appellant should be denied relief from the Automatic Stay

90)    first, the Bankruptcy Judge should have known that U.S. Bankruptcy Code 11 U.S.C.A. Section 362 (g) (1) and (g) (2) states "in any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

21

91) also the Bankruptcy Judge should have known that U.S. Court of Appeals –
Second Circuit in Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d
1280 (2d Cir. 1990) recognized that the U.S. Bankruptcy Code "places burden of proof
on Debtor for all issues other than debtor's equity in property"

92) further the U.S. Bankruptcy Court – S. D. of New York in ENRON Corp. stated
"on motion to modify automatic stay, movant bears initial burden of showing that
"cause" exists to modify stay, and only if movant makes initial showing of "cause" does
burden then shift to party opposing relief from stay".

93) Sonnax Factors (2), (9), and (11) are worth mentioning:

## SONNAX FACTOR (2)

94) the U.S. Court of Appeals – Second Circuit in Sonnax Industries, Inc. v. Tri
Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (2)
"lack of any connection with or interference with the bankruptcy case"

95) the phrase "lack of any connection with ... the bankruptcy case" is consistent with
United States Code: **proceedings that are outside scope of statute which gives federal
district court bankruptcy jurisdiction over all civil proceedings arising under Title
11 or arising in or related to cases under Title 11 cannot be referred to bankruptcy
court by federal district court. (emphasis added) 28 U.S.C.A. § 157**

96) since civil suit Stasko v General Motors Corporation is based on Title 42 USC
Section 1983 and is not a right created by federal bankruptcy law; therefore, the proper
venue for civil suit Stasko v General Motors Corporation is the U.S. District Court – E.
D. of Michigan; therefore, the Order by the Bankruptcy Judge Denying Motion of
Stanley R. Stasko for Relief from the Automatic Stay should be reversed by Sonnax
Factor (2).

22

## SONNAX FACTOR (11)

97)  the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) in Sonnax Factor (11) used the phrase "whether the parties are ready for trial in the other proceeding"

98)  this is consistent with United States Code: **if inquiry is whether federal district court's bankruptcy jurisdiction over a civil proceeding arises under, arises in, or is related to cases under Title 11, it is irrelevant whether particular proceeding is "core" or "noncore"; district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b).**

99)  since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not created by federal bankruptcy law it is a non-core bankruptcy court proceeding; therefore, district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11

100)  further, the Order by the Bankruptcy Judge should be reversed and Stanley R. Stasko's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (11).

## SONNAX FACTOR (9)

101)  the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (9) "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor"

102)  the phrase "whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor" is consistent with United States Code: if

proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, **though it may be related to bankruptcy because of its potential effect on debtor's estate** (emphasis added) **28 U.S.C.A. § 157.**

103)    since civil suit Stasko v General Motors Corporation is based on Title 42 USC Section 1983 and is not a right created by federal bankruptcy law the civil suit is a non-core bankruptcy court proceeding

104)    also General Motors Corporation (the Debtor) could possibly incur a judicial lien of approximately $2.7 million dollars for the estimated loss by the Appellant

and possible judicial liens of an unspecified amount for unique solutions accomplished by the Appellant while working for General Motors Corporation

and possible judicial liens of an unspecified amount in punitive damages for hostile work environment by General Motors Corporation against Stanley R. Stasko

105)    therefore, the Order by the Bankruptcy Judge should be reversed and Appellant's Motion for Relief from the Automatic Stay should be granted by Sonnax Factor (9).

## BIAS, HARASSMENT, AND HORSEPLAY

106)    there is evidence from the Bankruptcy Court proceedings and in the Appeal process of bias against the Appellant (non-legal term), harassment of the Appellant (non-legal term), and horseplay against the Appellant (non-legal term)

107)    Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York should have known that U.S. Bankruptcy Code places the burden of proof on the debtor and he should have known the Appellant had cause for relief from the Automatic Stay by Second Circuit Sonnax Factors (2), (9), and (11)

24

108)    Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

109)    Judge Gerber should have known that civil suit Stasko v General Motors Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

110)    on page 40, lines 2 – 8, and 18 - 24 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, the Bankruptcy Judge Gerber purposefully publicly harasses the Appellant by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow or an entity who actually filed litigation after the bankruptcy case was filed and then asked for relief from the stay to continue in the filing of – or prosecution of a litigation that should never have been filed in the first place … now, I'll assume for the sake of discussion that you didn't know about the bankruptcy when you filed the action in the Eastern District of Michigan, but once you heard about it, proceeding to try to get a default against the debtor was just dead wrong. And because you're not a lawyer, I'm not going to use one of the stronger words that I would use, but that's real bad, okay?" (See Docket #5509)

111)    further the legal counsel for General Motors Corporation **purposefully** makes a disingenuous statement on page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, when he states "this motion is based on a post-petition action that was filed in the District Court for the Eastern District of

Michigan on December 11, 2009, significantly after the filing of our bankruptcy petition

on June 1st, 2009." (See Docket #5509) when General Motors Corporation knows the

civil lawsuit has its genesis in CY2005

112)    still further the legal counsel for General Motors Corporation publicly tries to

harass the Appellant by stating on page 37, lines 3-6 of the U.S. Bankruptcy Court – S.D.

of New York Transcript of April 8, 2010, "and in terms of the race-baiting, my

conclusion is that the – based on his – the history of his earlier life, which I won't get into

here, but it seems like that's the basis for his allegations against General Motors." (See

Docket #5509)

113)    still further the Appellant's copy of the Order by U.S. District Court – S. D. of

New York to serve and file a brief regarding the appeal was "never mailed", "taken" or

"not delivered". (See Order signed August 22, 2010 – Document 4)

## CONCLUSION

114)    the Appellant above has stated fourteen reasons:

    a.   Burden of Proof on Debtor

    b.   Shall Grant Relief from Stay for Cause

    c.   District Court Higher than Bankruptcy Court

    d.   Civil Suit is a Non-Core Bankruptcy Proceeding

    e.   Civil Suit has its Genesis in CY2005

    f.   Mental Disability

    g.   Genesis of Civil Action: Pre-Civil Suit Meeting

    h.   Discovery Delays

    i.   Fraudulent Concealment by General Motors

    j.   Pro Se Litigant – Less Stringent Standard

k. Some Evidence for Modification of Final Injunction after an Extended
Period of Time

l. Sonnax Factor (2)

m. Sonnax Factor (11)

n. Sonnax Factor (9)

115) therefore the Bankruptcy Judge Order to withdraw civil suit Stasko v General

Motors Corporation from the U.S. District Court – E. D. of Michigan should be voided.

116) further the Appellant asks the U.S. District Court – S. D. of New York to reverse

the Order by the Bankruptcy Judge Denying Motion of Stanley R. Stasko for Relief from

the Automatic Stay

117) and grant the Appellant's Motion for Relief from the Automatic Stay.

Dated: November 21, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

Exhibit - 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**STANLEY R. STASKO**
**27653 Lexington Pkwy Southfield, Michigan 48076**
**#313-670-6917**
**Appellant**
**Creditor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Plaintiff – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**
**Pro Se Litigant**

**V**                          **Case No. 1:10-CV-04322-JGK**
                          **Honorable John G. Koeltl**


**MOTORS LIQUIDATION COMPANY**
**(f/k/a GENERAL MOTORS CORPORATION)**
**Weil, Gotshal & Manges LLP**
**767 Fifth Avenue New York, New York 10153-0119**
**#212-310-8000**
**Appellee / Attorney for Debtors and Debtors in Possession**
**Debtor – U.S. Bankruptcy Court – S.D. of N.Y.; Case # 09-50026 (REG)**
**Defendant – U.S. District Court – E.D. of Mich.; Case # 2:09-CV-14827**

## <u>TABLE OF CONTENTS</u>

Response to General Motors Legal Brief …………………………..  p.3

Exhibit 1:     Copy of U.S. District Court – E. D. of Michigan Court .................  p.22

Transcript of Status Conference on April 12, 2010

Exhibit 2:     Copy of Request for Hearing filed in U.S. District Court ………... p.36

- E. D. of Michigan on January 5, 2010

Exhibit 3:     Copy of Order from U.S. District Court – E. D. of Michigan ……... p.39

signed March 11, 2010

Exhibit 4:     Copy of Request for Clerk's Entry of Default and  ………………... p.43

Default Request, Affidavit, Entry, and Judgment (Sum Certain)

filed in U.S. District Court – E. D. of Michigan on March 19, 2010

## **RESPONSE TO GENERAL MOTOR'S LEGAL BRIEF**

Stanley R. Stasko (Appellant) respectfully states:

## **BURDEN OF PROOF**

1)      in the Appellee's Legal Brief the Appellee states "… in denying the Motion, the Bankruptcy Court concluded that Appellant could not and did not satisfy his considerable burden of establishing cause sufficient to truncate the statutorily imposed breathing spell to which the Debtors are entitled." (Appeals Court Document 11, Page 5 of 29)

2)      this is in reference to Judge Gerber of the U.S. Bankruptcy Court – S. D. of New York (the Bankruptcy Judge) statement "Mr. Stasko, I'm going to have to deny your motion for relief from the stay, both by reason of your failure to show that you're entitled to that relief under the Second Circuit Sonnax factors" (Bankruptcy Court Transcript of April 8, 2010; Page 31, Lines 18 - 21; Docket # 5509)

3)      Judge Gerber failed to realize that the United States Bankruptcy Code places the burden of proof on the Debtor and the United States Bankruptcy Code <u>11 U.S.C.A. Section 362 (g) (1) and (g) (2)</u> states "in any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

4)      also Judge Gerber failed to realize that the U.S. Court of Appeals – Second Circuit in <u>Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990)</u> also recognized that the United States Bankruptcy Code "places burden of proof on the debtor for all issues other than debtor's equity in property"

5)      further the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S.

D. of New York in Re ENRON Corp. 306 B.R. 465 stated "on a motion to modify the

automatic stay is a shifting one. Sonnax, 907 F.2d at 1285. The initial burden rests on the

movant to show cause to modify the stay. Bogdanovich, 292 F.3d at 110; Mazzeo, 167

F.3d at 142; Sonnax, 907 F.2d at 1285. Only if the movant makes an initial showing of

cause does the burden then shift to the party opposing the relief. Mazzeo, 167 F.3d at

142."

### SHALL GRANT RELIEF FROM STAY FOR CAUSE

6)      the term for "cause" can be found in the U.S. Bankruptcy Code 11 U.S.C.A.

Section 362 (d)(1) which states "on request of a party in interest and after notice and a

hearing, the court **shall grant relief** (emphasis added) from the stay provided under

subsection (a) of this section, such as by terminating, annulling, modifying, or

conditioning such stay--

        (1) for cause, including the lack of adequate protection of an interest in property

of such party in interest"

7)      the Bankruptcy Judge failed to realize that the U.S. Bankruptcy Court – S. D. of

New York in Re ENRON Corp. 306 B.R. 465 stated "once a legally sufficient basis, or

cause, is demonstrated by the movant, the party opposing the relief **must prove that it is**

**entitled** (emphasis added) to the continuing protections of the automatic stay. In re M.J.

& K. Co., Inc., 161 B.R. 586, 590 (Bankr.S.D.N.Y.1993)"

8)      also the Bankruptcy Judge failed to realize that the U.S. Court of Appeals – Sixth

Circuit in In re Newpower, 233 F.3d 922 stated "the automatic stay imposed by the filing

of a bankruptcy petition **shall be lifted** (emphasis added) upon motion by a party in

interest in cases where (1) the party can show cause …"

9)      further the Appellant has shown cause in:

      a.   Sonnax Factor (2),

      b.   Sonnax Factor (9),

      c.   and Sonnax Factor (11)

10)     still further the Appellant has shown additional cause in non-Sonnax Factors:

      a.   including civil suit Stasko v General Motors Corporation having its Genesis in CY2005,

      b.   the Appellant's Mental Disability prior to CY2009,

      c.   the Fraudulent Concealment by General Motors Corporation of Stanley R. Stasko's work accomplishments,

      d.   and General Motors Corporation Hostile Work Environment against Stanley R. Stasko

## WITHDRAW THE MICHIGAN CASE

11)     in the Appellee's Legal Brief the Appellee states "… the Bankruptcy Court properly exercised its discretion and denied the Motion and ordered Appellant to withdraw the Michigan Action for violating the automatic stay." (Appeals Court Document 11, Page 5 of 29)

12)     this is in reference to Judge Gerber's Order for Mr. Stasko to "withdraw the Michigan Case" (Docket #5532) (the Michigan Case being civil suit Stasko v General Motors Corporation in U.S. District Court – E. D. of Michigan; Case #2:09-CV-14827.)

13)     Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case"

14)    the Appellant pointed out this error by Judge Gerber by directing the U.S. District

Court – S. D. of New York to U.S. District Court – E.D. of Louisiana in Eubanks v

Esenjay Petroleum Corp. (152 B.R. 459) which states that **"if inquiry is whether federal**

**district court's bankruptcy jurisdiction over a civil proceeding arises under, arises**

**in, or is related to cases under Title 11, it is irrelevant whether particular**

**proceeding is "core" or "noncore"; district courts have original and concurrent**

**jurisdiction over all civil proceedings that arise under, arise in, or are related to case**

**under Title 11. 28 U.S.C.A. § 1334(a, b)."** (Appeals Court Document 9, Page 5 and 6 of

25)

15)    also Eubanks v Esenjay Petroleum Corp. (152 B.R. 459) also states that

**"proceedings that are outside scope of statute which gives federal district court**

**bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising**

**in or related to cases under Title 11 cannot be referred to bankruptcy court by**

**federal district court. 28 U.S.C.A. § 157."** (Appeals Court Document 9, Page 6 of 25)

16)    further the U.S. District Court – E. D. of Louisiana based its interpretation of

Section 157 on the legislative progeny of the **United States Supreme Court's** decision

in *Northern Pipeline v. Marathon,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

(Appeals Court Document 9, Page 6 of 25)

17)    still further civil suit Stasko v General Motors Corporation is based on Title 42

U.S.C. Section 1983 Judge Gerber should have also known that he did not have

jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case"

## CORE and NON-CORE PROCEEDINGS

18)    Judge Gerber should have known that civil suit Stasko v General Motors

Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have

also known that he did not have jurisdiction whereby he can Order Mr. Stasko to "withdraw the Michigan Case" (Docket #5532)

19)    the Appellant pointed out this error by Judge Gerber by directing the U.S. District Court – S. D. of New York to U.S. Court of Appeals – Fifth Circuit in the Matter of James P. Wood M.D. (825 F.2d 90, 91; 5th Cir. 1987) states "if proceeding involves right created by federal bankruptcy law, or is one which **would only arise in bankruptcy**, (emphasis added) it is core proceeding, **but if proceeding does not invoke substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is noncore proceeding, though it may be related to bankruptcy because of its potential effect on debtor's estate. 28 U.S.C.A. § 157.** (Appeals Court Document 9, Page 7 of 25)

20)    still further Stanley R. Stasko specifically asked the Honorable Judge Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010, "how a judge in one court can order a withdrawal in a totally different district." Judge Cook replied by stating "Well, I don't understand it either, and that's why I did not make a ruling on that. I had serious doubts in my mind in the absence of any showing of case authority or statutory authority that a judge can order a person to withdraw the allegation. The judge, I believe, has the right to enforce – or not enforce the statute, but I don't know that there's any law – and there may be. Maybe it exists, but I'm not aware of any law that permits such a person, such a judge, to order a litigant to withdraw the allegations." (See Exhibit 1, Page 11, Lines 9 – 20)

## <u>DEBTOR'S TIME, FINANCIAL RESOURCES, AND ATTENTION NECESSARY</u>

## <u>TO DEFEND THEMSELVES</u>

21)    in the Appellee's Legal Brief the Appellee states "… the burden imposed on the

Debtors in terms of the time, financial resources, and attention necessary to defend

against the Michigan Action far outweighs any potential gain to Appellant in proceeding

with the Michigan Action against the Debtors given that Appellant did not file a timely

proof of claim against the Debtors and is therefore barred from seeking any recovery

from the Debtors."(Appeals Court Document 11, Page 6 of 29)

## <u>FRAUDULENT CONCEALMENT</u>

22)    the first part of this statement is the time, financial resources, and attention

necessary to defend against the Michigan Action.

23)    when civil suit Stasko v General Motors Corporation was filed in U.S. District

Court – E. D. of Michigan the Appellant (as a **Pro Se** Litigant) researched Tolling of

Limitations for Fraudulent Concealment as the Appellant uncovered the depth of General

Motors Corporation Fraudulently Concealing the Appellant's accomplishments

24)    <u>M.C.L.A. 600.5855</u> "… if a person who is or may be liable for any claim

fraudulently conceals the existence of the claim or the identity of any person who is liable

for the claim from the knowledge of the person entitled to sue on the claim, the action

may be commenced at any time within 2 years after the person who is entitled to bring

the action discovers, or should have discovered, the existence of the claim or the identity

of the person who is liable for the claim, although the action would otherwise be barred

by the period of limitation."

25)    affirmative acts by General Motors Corporation Fraudulently Concealing the

Appellant's accomplishments can be seen when Appellant **for the first time** (emphasis

added) requested a complete copy of all employment records pertaining to his work for

General Motors Corporation on July 20, 2005. (Appeals Court Document 9-1, Page 6 of

24)

26)    General Motors Corporation did not respond to the letter dated July 20, 2005.

27)    the Appellant made a second request for a complete copy of all employment

records pertaining to his work for General Motors Corporation on August 8, 2005.

(Appeals Court Document 9-1, Page 8 of 24)

28)    General Motors Corporation did not respond to the second request letter dated

August 8, 2005.

29)    the Appellant made a third request for a complete copy of all employment records

pertaining to his work for General Motors Corporation on August 24, 2005. (Appeals

Court Document 9-1, Page 10 and 11 of 24)

30)    the U.S. District Court – S.D. of New York should note that in the third request

the Appellant states "Stanley R. Stasko requests this information to: …look for possible

discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko

opinion that he can compile a reasonable argument that he should have been one or more

levels higher than he was at the time of his departure)." (Appeals Court Document 9-1,

Page 10 and 11 of 24)

31)    also note that Stanley R. Stasko informed General Motors Legal Staff in CY2005

of a possible lawsuit by sending a copy of this letter to: Dan Galnat, Attorney, General

Motors – Global Headquarters…" (Appeals Court Document 9-1, Page 10 and 11 of 24)

32)    further note that "**now that the plaintiff (Stanley R. Stasko) has implied a

possible lawsuit,** (emphasis added) the defendant (General Motors Corporation)

responded by mailing a package of information to the Appellant FedEx Trk # 8464-9619-

6310."

33)      additional affirmative acts by General Motors Corporation can be seen when one

considers that the Appellant was hired by General Motors on July 18, 1983 and resigned

on August 25, 1995; therefore, it is reasonable to expect performance evaluation forms

for CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990,

CY1991, CY1992, CY1993, CY1994, and CY1995

34)      the information from General Motors Corporation (FedEx Trk # 8464-9619-6310)

contained only three Advanced Engineering Staff Performance planning and

Development Process information forms.

35)      also in order for the U. S. District Court – S. D. of New York to understand how

much General Motors Corporation tried to Fraudulently Conceal the Appellant's

accomplishments Exhibit 16 of civil suit Stasko v General Motors Corporation in U.S.

District Court – E. D. of Michigan represents the Appellant's resume written

approximately October CY2009. (Appeals Court Document 9, Page 19 of 25)

36)      therefore the time, financial resources, and attention necessary to defend against

the Michigan Action was self inflicted by General Motors Corporation when General

Motors Corporation Fraudulently Concealed Stanley R. Stasko's accomplishments

### **PRO SE LITIGANT – LESS STRINGENT STANDARD**

37)      the second part of the Appellee statement "… given that Appellant did not file a

timely proof of claim against the Debtors and is therefore barred from seeking any

recovery from the Debtors."(Appeals Court Document 11, Page 6 of 29)

38)      the Appellant filed a Proof of Claim with the U.S. Bankruptcy Court – S. D. of

New York via U.S. Mail on April 28, 2010. (Appeals Court Document 9-1, Page 4 of 24)

39)     also civil suit Stasko v General Motors Corporation in U.S. District Court – E.D.

of Michigan has its genesis in CY2005 when the Appellant first requested a complete

copy of all employment records pertaining to his work for General Motors Corporation

on July 20, 2005

40)     further Stanley R. Stasko is a Pro Se Litigant and Title 28 U.S.C.A. Section 1654

states "implicit in right to self-representation is obligation on part of court to make

reasonable allowances to protect pro se litigants from inadvertent forfeiture of important

rights because of their lack of legal training."

41)     still further the U.S. Court of Appeals – Second Circuit made a similar statement

in Triestman v. Federal Bureau of Prisons, 470 F.3d 471 by stating "this policy of

liberally construing pro se submissions is driven by the understanding that implicit in the

right of self-representation is an obligation on the part of the court to make reasonable

allowances to protect pro se litigants from inadvertent forfeiture of important rights

because of their lack of legal training." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983);

see also Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994) (recognizing that pro se litigants

must be accorded "special solicitude"). See generally Jonathan D. Rosenbloom,

Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of

the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305,

380 (2002)

42)     still further the U.S. Court of Appeals – Second Circuit also stated in  Traguth v.

Zuck, 710 F.2d 90, 95 (2d Cir.1983) that "while the right does not exempt a party from

compliance with relevant rules of procedural and substantive law, Birl v. Estelle, 660

F.2d 592, 593 (5th Cir.1981), it should not be impaired by harsh application of technical

rules"

43)    still further since there is some evidence that the U.S. Court of Appeals – Second

Circuit is open to modifications of final injunctions after an extended period of time.

Grand Union Equipment Co. v. Lippner, 167 F.2d 958 states "the expiration of an

extended period of time will not prevent a reopening for justifiable reasons"

44)    therefore the Appellant filing a Proof of Claim with the U.S. Bankruptcy Court –

S. D. of New York via U.S. Mail on April 28, 2010, seems insignificant when

considering the Appellant is a Pro Se Litigant

45)    also civil suit Stasko v General Motors Corporation being filed in the District

Court for the Eastern District of Michigan on December 11, 2009, also seems

insignificant when considering the Appellant is a Pro Se Litigant

### SONNAX FACTOR (2)

46)    the Appellee's Legal Brief does not discuss Sonnax Factor (2) probably because

the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component

Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (2) "lack of any

connection with or interference with the bankruptcy case"

47)    the U.S. Court of Appeals – Second Circuit is being consistent with United States

Code: **proceedings that are outside scope of statute which gives federal district court**

**bankruptcy jurisdiction over all civil proceedings arising under Title 11 or arising**

**in or related to cases under Title 11 cannot be referred to bankruptcy court by**

**federal district court. (emphasis added) 28 U.S.C.A. § 157**

48)    since civil suit Stasko v General Motors Corporation is based on Title 42 USC

Section 1983 and is not a right created by federal bankruptcy law; therefore, the proper

venue for civil suit Stasko v General Motors Corporation is the U.S. District Court – E.

D. of Michigan

## **SONNAX FACTOR (11)**

49)     in the Appellee's Legal Brief the Appellee states "On January 29, 2010, it being

evident that Appellant would not withdraw the action voluntarily, the Debtors filed a

Suggestion of Bankruptcy in the Michigan Action." (Appeals Court Document 11, Page 9

of 29)

50)     also in the Appellee's Legal Brief the Appellee states "Because the Michigan

Action is in its nascent stages, litigating the case would require the Debtors to engage in

factual investigation, motion practice, and potentially formal discovery and trial. This

process could take years and would require significant attention and resources from the

Debtors." (Appeals Court Document 11, Page 16 of 29)

51)     these two statements seem to be referencing the U.S. Court of Appeals – Second

Circuit in  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d

Cir. 1990) Sonnax Factor (11) which states "whether the parties are ready for trial in the

other proceeding"

52)     this statement by General Motors Corporation is misleading

53)     while the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v.

Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990) in Sonnax Factor (11) did

state "whether the parties are ready for trial in the other proceeding"

54)     the U.S. Court of Appeals – Second Circuit was being consistent with United

States Code: **if inquiry is whether federal district court's bankruptcy jurisdiction**

**over a civil proceeding arises under, arises in, or is related to cases under Title 11, it**

**is irrelevant whether particular proceeding is "core" or "noncore"; district courts**

**have original and concurrent jurisdiction over all civil proceedings that arise under,**

**arise in, or are related to case under Title 11. 28 U.S.C.A. § 1334(a, b).**

55)    also the Appellant did file a Complaint and Summons with the U.S. District Court
– E. D. of Michigan on December 11, 2009, against General Motors Corporation based
on Title 42 USC Section 1983

56)    since Title 42 USC Section 1983 is not created by federal bankruptcy law civil
suit Stasko v General Motors Corporation is a non-core bankruptcy court proceeding;
therefore, U.S. District Court – E. D. of Michigan has original and concurrent jurisdiction
over all civil proceedings that arise under, arise in, or are related to civil suit Stasko v
General Motors Corporation

57)    also since General Motors Corporation did not respond in a timely manner to the
Complaint and Summons (December 11, 2009 plus twenty days equals December 31,
2009) the Appellant did request a hearing in civil action Stasko v General Motors
Corporation on January 5, 2010, and requested the court to find in favor of the plaintiff
(Stanley R. Stasko). (See Exhibit #2)

58)    further the U.S. District Court – E. D. of Michigan responded to Request for
Hearing by stating "a review of the official record in this action reveals that Stasko has
failed to seek and obtain an entry of default from the Clerk of the Court." (See Exhibit
#3)

59)    since the Appellant is a Pro Se Litigant he did not know he had to file a Request
for Clerk's Entry of Default with the Clerk of the Court

60)    therefore, the Appellant responded to U.S. District Court – E. D. of Michigan by
filing a Request for Clerk's Entry of Default and filing a Default Request, Affidavit,
Entry, and Judgment (Sum Certain) with the U.S. District Court – E. D. of Michigan (See
Exhibit #4)

61)      still further the Appellee's statement is further weakened since the civil suit

Stasko v General Motors Corporation has its genesis in CY2005 when Stanley R. Stasko

informed General Motors Legal Staff of a possible lawsuit by sending a copy of this letter

to: Dan Galnat, Attorney, General Motors – Global Headquarters…" (See Appeals Court

Document 9-1, Page 10 and 11 of 24)

62)      still further the Appellee's statement would be further weakened if General

Motors Corporation knew about the meeting between attorneys Paul R. Jones, David

Chesnick, and the Appellant at 18551 W. Warren Avenue, Detroit, Michigan in October

2009 (Appeals Court Document 9, Page 14 of 25)

63)      still further the Appellee's statement seems insignificant when one considers that

the Appellant filed a detail (500 plus page) Complaint and Summons with the U.S.

District Court – E. D. of Michigan on December 11, 2009, and General Motors

Corporation has had over one year to review the Complaint and Summons

## SONNAX FACTOR (9)

64)      the Appellee's Legal Brief does not discuss Sonnax Factor (9) probably because

the U.S. Court of Appeals – Second Circuit in  Sonnax Industries, Inc. v. Tri Component

Products Corp., 907 F.2d 1280 (2d Cir. 1990) states in Sonnax Factor (9) "whether

movant's success in the other proceeding would result in a judicial lien avoidable by the

debtor"

65)      the U.S. Court of Appeals – Second Circuit is being consistent with United States

Code: **if proceeding does not invoke substantive right created by federal bankruptcy**

**law and is one that could exist outside of bankruptcy, it is noncore proceeding,**

**though it may be related to bankruptcy because of its potential effect on debtor's**

**estate (emphasis added) 28 U.S.C.A. § 157.**

66)    since civil suit Stasko v General Motors Corporation is based on Title 42 USC

Section 1983 and is not a right created by federal bankruptcy law the civil suit is a non-

core bankruptcy court proceeding and the Appellant's success in the other proceeding

would result in a judicial lien avoidable by the debtor (1) of approximately $2.7 million

dollars for the estimated loss by the Appellant, (2) and possible judicial liens of an

unspecified amount for unique solutions accomplished by the Appellant while working

for General Motors Corporation, and (3) and possible judicial liens of an unspecified

amount in punitive damages for hostile work environment by General Motors

Corporation against Stanley R. Stasko

## STATUS OF CIVIL SUIT

67)    in the Appellee's Legal Brief the Appellee states "The Michigan Action remains

administratively closed."(Appeals Court Document 11, Page 12 of 29)

68)    this statement by General Motors Corporation is misleading

69)    Stanley R. Stasko specifically asked the Honorable Judge Julian Abele Cook, Jr.

of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010,

"how a judge in one court can order a withdrawal in a totally different district." Judge

Cook replied by stating "Well, I don't understand it either, and that's why I did not make

a ruling on that. I had serious doubts in my mind in the absence of any showing of case

authority or statutory authority that a judge can order a person to withdraw the allegation.

The judge, I believe, has the right to enforce – or not enforce the statute, but I don't know

that there's any law – and there may be. Maybe it exists, but I'm not aware of any law

that permits such a person, such a judge, to order a litigant to withdraw the allegations."

(See Exhibit 1, Page 11, Lines 9 – 20)

70)    also Judge Cook stated "… I will, for administrative purposes, dismiss the lawsuit. Let me explain what I'm saying. … I've used the word administrative which means we're **just putting this to the side** (emphasis added) to await the conclusion in the bankruptcy proceeding involving what is now former General Motors. … without the word administratively, by my dismissing the case, it would mean that you could not bring the case back into the court. But administratively, it simply means I want to get it off the accounting. Basically we are asked in this court to account every case that's been heard in this case. … By doing it administratively, we are putting it to the side so we won't have to count it, we won't have to keep referring to it month and month, year after year." (See Exhibit 1, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

## JUDGE GERBER'S BIAS AGAINST STANLEY R. STASKO

71)    in the Appellee's Legal Brief the Appellee states "After hearing arguments from both Appellant and the Debtors, the Bankruptcy Court delivered a comprehensive oral decision denying the Motion and ordering the Appellant withdraw his lawsuit entirely and [] not allow it to merely be stayed." (Appeals Court Document 11, Page 10 of 29)

72)    what the Appellee fails to mention is Judge Gerber statement "My tentative, California style, is that, Mr. Stasko, I'm going to have to deny your motion for relief from the stay, both by reason of your **failure to show that you're entitled to that relief** (emphasis added) under the Second Circuit Sonnax factors and because you didn't file a proof of claim" (Bankruptcy Court Transcript of April 8, 2010; Page 31, Lines 17 - 22; Docket # 5509)

73)    the statement seems to indicate that Judge Gerber decided this motion prior to hearing oral arguments

74)    Judge Gerber should have known that the United States Bankruptcy Code places the burden of proof on the Debtor, the United States Bankruptcy Code <u>11 U.S.C.A. Section 362 (g) (1) and (g) (2)</u> states "in any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

75)    also Judge Gerber should have known that U.S. Court of Appeals – Second Circuit in <u>Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280 (2d Cir. 1990)</u> recognized that the U.S. Bankruptcy Code "places burden of proof on Debtor for all issues other than debtor's equity in property"

76)    further Judge Gerber should have known that the Appellant had cause for relief from the Automatic Stay by Second Circuit Sonnax Factors (2), (9), and (11)

77)    still further the Appellee also fails to mention is that Judge Gerber statement "The motion is denied. And consistent with the debtors' request under the unusual facts of this case, I am also ordering that Mr. Stasko do two things: one, to tell the district court that I denied relief from the stay, and, two, **that I have directed Mr. Stasko to withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed." (Bankruptcy Court Transcript of April 8, 2010; Page 39, Lines 12 - 18; Docket # 5509)

78)    Judge Gerber should have known that district courts have original and concurrent jurisdiction over all civil proceedings that arise under, arise in, or are related to case under Title 11; therefore, Judge Gerber should have also known that he did not have jurisdiction whereby he **directed Mr. Stasko to withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed.

79)    also Judge Gerber should have known that civil suit Stasko v General Motors

Corporation is a non-core bankruptcy proceeding; therefore, Judge Gerber should have

also known that he did not have jurisdiction whereby he **directed Mr. Stasko to**

**withdraw his lawsuit entirely** (emphasis added) and to not allow it to merely be stayed.

80)    further Stanley R. Stasko specifically asked the Honorable Judge Julian Abele

Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April

12, 2010, "how a judge in one court can order a withdrawal in a totally different district."

Judge Cook replied by stating "Well, I don't understand it either, and that's why I did not

make a ruling on that. I had serious doubts in my mind in the absence of any showing of

case authority or statutory authority that a judge can order a person to withdraw the

allegation. The judge, I believe, has the right to enforce – or not enforce the statute, but I

don't know that there's any law – and there may be. Maybe it exists, but I'm not aware of

any law that permits such a person, such a judge, to order a litigant to withdraw the

allegations." (See Exhibit 1, Page 11, Lines 9 – 20)

81)    still further the Appellee also fails to mention is that Judge Gerber purposefully

publicly harasses the Appellant by stating "uniquely in my ten years as a judge, as a

bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow

or an entity who actually filed litigation after the bankruptcy case was filed and then

asked for relief from the stay to continue in the filing of – or prosecution of a litigation

that should never have been filed in the first place … now, I'll assume for the sake of

discussion that you didn't know about the bankruptcy when you filed the action in the

Eastern District of Michigan, but once you heard about it, proceeding to try to get a

default against the debtor was just dead wrong. And because you're not a lawyer, I'm not

going to use one of the stronger words that I would use, but that's real bad, okay?"

(Bankruptcy Court Transcript of April 8, 2010; Page 40, Lines 2-8 and 18-24; Docket #

5509)

82)    Judge Gerber should have known that the Appellant filing a Proof of Claim with

the U.S. Bankruptcy Court – S. D. of New York via U.S. Mail on April 28, 2010, is

insignificant when considering the Appellant is a Pro Se Litigant

## **CONCLUSION**

83)    the Appellant's Original Legal Brief summarized fourteen reasons why Judge

Gerber's Order should be voided

     a.  Burden of Proof on Debtor

     b.  Shall Grant Relief from Stay for Cause

     c.  District Court Higher than Bankruptcy Court

     d.  Civil Suit is a Non-Core Bankruptcy Proceeding

     e.  Civil Suit has its Genesis in CY2005

     f.  Mental Disability

     g.  Genesis of Civil Action: Pre-Civil Suit Meeting

     h.  Discovery Delays

     i.  Fraudulent Concealment by General Motors

     j.  Pro Se Litigant – Less Stringent Standard

     k.  Some Evidence for Modification of Final Injunction after an Extended

         Period of Time

     l.  Sonnax Factor (2)

     m.  Sonnax Factor (11)

     n.  Sonnax Factor (9)

84)     therefore the Bankruptcy Judge Order to withdraw civil suit Stasko v General

Motors Corporation from the U.S. District Court – E. D. of Michigan should be voided.

85)     further the Appellant asks the U.S. District Court – S. D. of New York to reverse

the Order by the Bankruptcy Judge Denying Motion of Stanley R. Stasko for Relief from

the Automatic Stay

86)     and grant the Appellant's Motion for Relief from the Automatic Stay.

Dated: December 28, 2010

Stanley R. Stasko
27653 Lexington Pkwy Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant


This legal document was prepared by Stanley R. Stasko (Pro Se Litigant).

Exhibit - 6

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**Motors Liquidation Company (f/k/a General Motors Corporation)** | Case Number:<br>**09-50026 (REG)** |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property)<br>**Stanley R. Stasko** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>**Stanley R. Stasko**<br>**27653 Lexington Pkwy**<br>**Southfield, Michigan 48076**<br><br>Telephone number:<br>**(313) 670-6917** | Court Claim Number: _____<br>*(If known)*<br><br>Filed on _____ |
| Name and address where payment should be sent (if different from above)<br>**Stanley R. Stasko**<br>**27653 Lexington Pkwy**<br>**Southfield, Michigan 48076**<br><br>Telephone number:<br>**(313) 670-6917**<br><br>FILED - 70285<br>MOTORS LIQUIDATION COMPANY<br>F/K/A GENERAL MOTORS CORP<br>SDNY # 09-50026 (REG) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

THE GARDEN CITY GROUP, INC. MAY 12 2010

1. Amount of Claim as of Date Case Filed: $ **2,776,286.00**
**Final amount by U.S. District Court - E.D. Michigan**
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Civil Law Suit; Case #2:09-CV-14827;E.D. Michigan.**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **4827**
**Last four digits from Case #2:09-CV-14827**
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property: $_____   Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. **Copy of Complaint and Exhibits from Civil Suit**
**Case #2:09-CV-14827 U.S. District Court - E.D. Michigan**
If the documents are not available, please explain **filed with Motion for Relief**
**from Automatic Stay**

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>**04/25/2010** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>**Stanley R. Stasko 27653 Lexington Pkwy Southfield, Michigan 48076 ; #313-670-6917**<br>**Pro Se Litigant** | FOR COURT USE ONLY<br><br>APR 3 0 2010 |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*