Larry P. Schramm, pro se
3298 Summit Ridge Dr.
Rochester Hills, MI 48306
248-373-3883 (O)
Creditor Claimant
Claim # 63452



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                            :
                                                 :     Chapter 11 Case No.
MOTORS LIQUIDATION COMPANY, et al,               :
    f/k/a General Motors Corp., et al.     :     09-50026 (REG)
                                                 :
                  Debtors.   :     (Jointly Administered)
---------------------------------------------------------x

## OBJECTION TO DEBTORS' 179th OMNIBUS OBJECTION TO CLAIMS
(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

TO THE HONORABLE ROBERT E. GERBER,

UNITED STATES BANKRUPTCY JUDGE:

Comes now Larry Schramm (a/k/a Larry P. Schramm), creditor and claimant against Motors Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and a retired salaried engineer from Old GM, who respectfully files this OBJECTION TO DEBTORS' 179TH OMNIBUS OBJECTION TO CLAIMS.

### Relief Requested

Debtors' 179th Omnibus Objection to Claims seeks entry of an order disallowing and expunging certain welfare benefits claims listed on that filing's original Exhibit "A", claims as filed by retired and former salaried and executive employees. Included on that list is Claim # 63452 in the amount of $299,679.00 filed by Larry Schramm, Proof of Claim copy attached for reference. Creditor Claimant Schramm requests the Debtors'

proposed order not be allowed, thereby preserving Creditor Claimant's right to financial consideration for the value of diminished and cancelled welfare and healthcare benefits in retirement.

## Background

Creditor Claimant Schramm spent his entire adult working career at Old GM from age 19 through 56, holding many managerial and non managerial positions in manufacturing, finance, marketing, HR, technical and engineering areas . An early retirement package was tendered by the Old GM and he accepted an early retirement offer in September, 2008, then transitioning to retirement pension and benefits starting October, 2008. He retired as a Lead Engineer responsible for Hybrid Vehicles - High Voltage cables and connectors for all GM Hybrid vehicles worldwide from the Product Engineering group.

It has been further determined by the U.S. Department of Labor that the tendered early retirement offer by the Old GM has been certified and is considered a separation because of lack of work. The separation is covered under the Trade Act of 1974 and was certified on April 30, 2010. The petition number is TAW72121 with an impact date of August 14, 2008 which is before the Creditor Claimant Schramm accepted the early retirement offer. Had the Creditor Claimant Schramm know of the changes for this separation, the early retirement decision would have been different. A copy of the petition is attached to this document.

## Debtors argue "Accrued Benefits Have Been Assumed by New GM"

Healthcare benefits provided by New GM in 2010 are significantly different and diminished as compared to those provided in 2009 and earlier and at time of retirement. Medical insurance premiums paid by Creditor Claimant Schramm were $1920 more in 2010 than 2009. The health insurance option was changed from a menu of health care options that included a Health Maintenance Organization (HMO) to a high deductible healthcare option only. The new "Consumer Driven Healthcare" policy has deductibles

2

of $2,500 per person / $5,000 per family initially and then the claimant continues to be responsible for 20% of the next $10,000 of expenses. This increase in health care costs represents an increase for basic medical coverage from about 8% of retirement pension to over 30%, an approximate 400% increase, just for basic health care.

When factoring in the elimination of Dental, Vision and Extended Care Hospitalization which have been completely eliminated in 2010, the total out of pocket expenses increase even further decreasing the retirement benefit that is now consumed for all health care expenses.

GM published documents indicate healthcare costs to GM were reduced by $1360 per covered person from 2009 to 2010 (see the attached Claim for more detail). This significant increase in liability to Creditor Claimant Schramm should not be categorized and concluded as "Accrued Benefits Have Been Assumed by New GM" based on these facts, especially if one is on the "paying end".

### Debtors argue "Benefit Modification Claims Should Be Disallowed As Debtors Had Right to Amend Or Terminate Each Benefit Plan"

There is little doubt that many GM documents stated, "GM reserves the right to amend or terminate benefit plans......", or similar language. However, the voluntary retirement by Creditor Claimant Schramm in 2008 should not be subject to changing the terms of the retirement contract "ex post facto". Changing benefits or any provision of an employment and/or retirement contract is on firm legal ground for future agreements when both parties agree but Old GM being allowed to change the provisions unilaterally after the fact undermines the entire contractual process that American business is founded on. Part of the standard retirement negotiations was the provision that Creditor Claimant Schramm could never be re-employed as an employee by GM. In the referenced *Sprague v. General Motors Corp.* case, the court stated:

3

To vest benefits is to render them forever unalterable. Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language".

In the case of Creditor Claimant Schramm, the special early retirement was accepted with the understanding that pension and retirement benefits, and the inability of Schramm to ever be rehired by GM, were contractual obligations of both parties. Why should Old GM not be bound to their contractual obligations? Because they patently state they have the right to terminate or amend at will? If provisions of any contract are allowed to be changed unilaterally, then what value does the contractual process have? Had Creditor Claimant Schramm known that GM was to be allowed (in the future) to unilaterally change the provisions without any negotiations, then the decision to retire would have been very different.

## Discussion

The Court is being asked to consider the employment and retirement agreement between Schramm and Old GM, one where professional manufacturing, financial, marketing, HR, and engineering services were tendered by Schramm for many years in return for a mix of present and future salary compensation and benefits. These benefits were accrued during active employment as part of a "total compensation package" for the benefit and use in retirement. At any time either Schramm or Old GM had the ability to end the employment agreement if the value and/or compensation for the services were not agreeable to either party. Retirement benefits are an integral part of one's compensation package. If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation? The very foundation of American business is predicated on this fact. Had Creditor Claimant Schramm known GM had the ability to walk away from these contractual obligations and would terminate

4

these benefits, he would not have accepted an early retirement package, especially one that prevents him from ever accepting re-employment with GM in the future.

## Summary

In summary, Creditor Claimant Schramm respectfully asks the Court to deny <u>DEBTORS' 179th OMNIBUS OBJECTION TO CLAIMS</u> and preserve his claim to allow entitlement to the retirement welfare benefits he worked so hard to earn.

Creditor Claimant reserves the right to modify, revise, or supplement the above referenced figures and calculations.

Attach: (1)

Dated: February 14, 2011                                  Respectfully Submitted,

*[signature]*

Larry P. Schramm, pro se
3298 Summit Ridge Dr.
Rochester Hills, MI 48306
248-373-3883(O)
lschramm@oakland.edu

(GM Bankruptcy – Benefits Claim – Objection 20110124.doc)
**OBJECTION TO DEBTORS' 179th OMNIBUS OBJECTION TO CLAIMS**

### CERTIFICATE OF SERVICE

I hereby certify that hard copy versions of the above and foregoing have been delivered or served upon the following via U.S. Postal Service with adequate first-class postage affixed, mailed February 14, 2011. Two originals were sent to the Court via Priority Mail on the same date.

Two originals sent via Priority Mail:
Clerk of the Court
Honorable Judge R.E. Gerber
U.S. Bankruptcy Court for the
   Southern District of New York
One Bowling Green
New York, NY 10004

Copies via USPS:

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);
2) Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger);
3) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);
4) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);
5) United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);
6) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);
7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);
8) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);
9) U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);
10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.)
11) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);
12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);

*[signature]*
Larry P. Schramm

02014974 09-50026-mg    Doc 9288    Filed 02/16/11    Entered 02/17/11 16:11:04    Main Document
APS0615184380                                         Pg 7 of 11



# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| Name of Debtor (Check Only One): | Case No: | PROOF OF CLAIM |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | Your Claim is Scheduled As Follows: |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) | |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): SCHRAMM, LARRY P

**Name and address where notices should be sent:**
SCHRAMM, LARRY P
3298 SUMMIT RIDGE DR
ROCHESTER HILLS, MI 48306-2956

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 248-373-3883
Email Address: LSCHRAMM@OAKLAND.EDU

**Name and address where payment should be sent (if different from above):**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ 299,679.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** VALUE OF Diminished & CANCELLED Health Care Benefits
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 2857

  3a. Debtor may have scheduled account as: _____
  (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**FOR COURT USE ONLY**

**Date:** 11/21/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

LARRY P. SCHRAMM  /s/ Larry P Schramm

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

## Retiree Health Care Insurance Calculations

SSA Actuarial Table Data:
http://www.ssa.gov/OACT/STATS/table4c6.html

| Exact Age as of Jan 1, 2009 | Male Life Expectancy | Total | Female Life Expectancy | Total |
|---|---|---|---|---|
| 45 | 32.81 | $51,539 | 36.79 | $59,101 |
| 46 | 31.93 | $50,407 | 35.87 | $57,893 |
| 47 | 31.06 | $49,294 | 34.96 | $56,704 |
| 48 | 30.2 | $48,200 | 34.05 | $55,515 |
| 49 | 29.34 | $47,106 | 33.14 | $54,326 |
| 50 | 28.49 | $46,031 | 32.24 | $53,156 |
| 51 | 27.65 | $44,975 | 31.35 | $52,005 |
| 52 | 26.83 | $43,957 | 30.46 | $50,854 |
| 53 | 26 | $42,920 | 29.57 | $49,703 |
| 54 | 25.19 | $41,921 | 28.69 | $48,571 |
| 55 | 24.37 | $40,903 | 27.82 | $47,458 |
| 56 | 23.57 | $39,923 | 26.94 | $46,326 |
| 57 | 22.77 | $38,943 | 26.08 | $45,232 |
| 58 | 21.97 | $37,963 | 25.22 | $44,138 |
| 59 | 21.19 | $37,021 | 24.37 | $43,063 |
| 60 | 20.42 | $36,098 | 23.53 | $42,007 |
| 61 | 19.66 | $35,194 | 22.7 | $40,970 |
| 62 | 18.91 | $34,309 | 21.88 | $39,952 |
| 63 | 18.17 | $33,443 | 21.08 | $38,972 |
| 64 | 17.44 | $32,596 | 20.28 | $37,992 |
| 65 | 16.73 | $31,787 | 19.49 | $37,031 |
| 66 | 16.02 | $30,438 | 18.7 | $35,530 |
| 67 | 15.32 | $29,108 | 17.93 | $34,067 |
| 68 | 14.63 | $27,797 | 17.17 | $32,623 |
| 69 | 13.96 | $26,524 | 16.42 | $31,198 |
| 70 | 13.3 | $25,270 | 15.69 | $29,811 |
| 71 | 12.66 | $24,054 | 14.97 | $28,443 |
| 72 | 12.04 | $22,876 | 14.27 | $27,113 |
| 73 | 11.43 | $21,717 | 13.58 | $25,802 |
| 74 | 10.84 | $20,596 | 12.9 | $24,510 |
| 75 | 10.26 | $19,494 | 12.24 | $23,256 |
| 76 | 9.7 | $18,430 | 11.59 | $22,021 |
| 77 | 9.15 | $17,385 | 10.96 | $20,824 |
| 78 | 8.63 | $16,397 | 10.34 | $19,646 |
| 79 | 8.11 | $15,409 | 9.74 | $18,506 |
| 80 | 7.62 | $14,478 | 9.16 | $17,404 |
| 81 | 7.14 | $13,566 | 8.59 | $16,321 |
| 82 | 6.68 | $12,692 | 8.04 | $15,276 |

*Handwritten annotation next to row 56: "—LARRY & JOYCE"*

Present Value of Male Benefits — Larry Schramm — Age 56-65
$  57,338
Present Value of Female Benefits — Joyce Schramm Age 56-65
$  57,534

+ Plus Age 65 to Expected Life on Pages
$86,249 = "Retiree" Health Care Insurance Ca 1cu..

RELATIVE PER-CAPITA HEALTH SPENDING BY AGE, 1999

AGE GROUP 35-44 SET EQUAL TO 1

0.52  0.55  0.59  1.03  1  1.39  2.01  3.08  5.65

0-5  6-14  15-24  25-34  34-44  45-54  55-64  65-74  75+
AGE COHORTS OF AMERICANS

SPENDING RELATIVE TO AGE

SOURCE: Meara, White and Cutler, "Trends in Health Spending by Age, 1963-1999," March, 2003.

| Age 55 Relative Cost Factor | Age on 1-1-2009 | 2009 Medical Cost | | Medical Inflation Factor | Medical Cost of Surviving Life | Male Probability of Survival | Female Probability of Survival | Discount Factor | Discount Rate 5.50% |
|---|---|---|---|---|---|---|---|---|---|
| 1.72 | 56 | $ 7,000 | 2009 | 1.00 | $ 7,000 | 0.9945 | 0.9973 | 0.9736 | |
| 1.785 | 57 | | 2010 | 1.06 | $ 7,265 | 0.9941 | 0.9971 | 0.9228 | |
| 1.85 | 58 | | 2011 | 1.12 | $ 7,529 | 0.9937 | 0.9968 | 0.8747 | |
| 1.93 | 59 | | 2012 | 1.19 | $ 7,855 | 0.9933 | 0.9965 | 0.8291 | |
| 2.01 | 60 | | 2013 | 1.26 | $ 8,180 | 0.9928 | 0.9961 | 0.7859 | |
| 2.09 | 61 | | 2014 | 1.34 | $ 8,506 | 0.9923 | 0.9958 | 0.7449 | |
| 2.17 | 62 | | 2015 | 1.42 | $ 8,831 | 0.9917 | 0.9953 | 0.7061 | |
| 2.25 | 63 | | 2016 | 1.50 | $ 9,157 | 0.9909 | 0.9949 | 0.6693 | |
| 2.33 | 64 | | 2017 | 1.59 | $ 9,483 | 0.9900 | 0.9943 | 0.6344 | |
| 2.425 | 65 | | 2018 | 1.69 | $ 9,869 | 0.9890 | 0.9938 | 0.6013 | |
| 2.52 | 66 | | 2019 | 1.79 | $ 10,256 | 0.9878 | 0.9931 | 0.5700 | |
| 2.64 | 67 | | 2020 | 1.90 | $ 10,744 | 0.9864 | 0.9924 | 0.5403 | |
| 2.76 | 68 | | 2021 | 2.01 | $ 11,233 | 0.9848 | 0.9917 | 0.5121 | |
| 2.92 | 69 | | 2022 | 2.13 | $ 11,884 | 0.9831 | 0.9909 | 0.4854 | |
| 3.08 | 70 | | 2023 | 2.26 | $ 12,535 | 0.9811 | 0.9900 | 0.4601 | |
| 3.295 | 71 | | 2024 | 2.40 | $ 13,410 | 0.9789 | 0.9889 | 0.4361 | |
| 3.51 | 72 | | 2025 | 2.54 | $ 14,285 | 0.9766 | 0.9876 | 0.4134 | |
| 3.775 | 73 | | 2026 | 2.69 | $ 15,363 | 0.9741 | 0.9861 | 0.3918 | |
| 4.04 | 74 | | 2027 | 2.85 | $ 16,442 | 0.9714 | 0.9844 | 0.3714 | |
| 4.325 | 75 | | 2028 | 3.03 | $ 17,602 | 0.9685 | 0.9824 | 0.3520 | |
| 4.61 | 76 | | 2029 | 3.21 | $ 18,762 | 0.9653 | 0.9802 | 0.3337 | |
| 4.89 | 77 | | 2030 | 3.40 | $ 19,901 | 0.9618 | 0.9777 | 0.3163 | |
| 5.17 | 78 | | 2031 | 3.60 | $ 21,041 | 0.9579 | 0.9748 | 0.2998 | |
| 5.41 | 79 | | 2032 | 3.82 | $ 22,017 | 0.9536 | 0.9717 | 0.2842 | |
| 5.65 | 80 | | 2033 | 4.05 | $ 22,994 | 0.9489 | 0.9681 | 0.2693 | |
| 5.955 | 81 | | 2034 | 4.29 | $ 23,828 | 0.9438 | 0.9640 | 0.2553 | |
| 6.06 | 82 | | 2035 | 4.55 | $ 24,663 | 0.9382 | 0.9594 | 0.2420 | |
| 6.25 | 83 | | 2036 | 4.82 | $ 25,436 | 0.9322 | 0.9543 | 0.2294 | |
| 6.44 | 84 | | 2037 | 5.11 | $ 26,209 | 0.9257 | 0.9485 | 0.2174 | |
| 6.615 | 85 | | 2038 | 5.42 | $ 26,922 | 0.9187 | 0.9421 | 0.2061 | |
| 6.79 | 86 | | 2039 | 5.74 | $ 27,634 | 0.9111 | 0.9349 | 0.1953 | |

| Age on 1-1-2009 | Relative Cost Factor | 2009 Medical Cost | | Medical Inflation Factor | Medical Cost of Surviving Life | Male Probability of Survival | Female Probability of Survival | Discount Factor |
|---|---|---|---|---|---|---|---|---|
| **20** | 0.59 | **$ 7,000** | 2009 | 1.00 | $ 7,000 | 0.9995 | 0.9998 | 0.9736 |
| 21 | 0.634 | | 2010 | 1.06 | $ 7,522 | 0.9994 | 0.9997 | 0.9228 |
| 22 | 0.678 | | 2011 | 1.12 | $ 8,044 | 0.9994 | 0.9997 | 0.8747 |
| 23 | 0.722 | | 2012 | 1.19 | $ 8,566 | 0.9994 | 0.9997 | 0.8291 |
| 24 | 0.756 | | 2013 | 1.26 | $ 9,088 | 0.9993 | 0.9997 | 0.7859 |
| 25 | 0.81 | | 2014 | 1.34 | $ 9,610 | 0.9993 | 0.9997 | 0.7449 |
| 26 | 0.854 | | 2015 | 1.42 | $ 10,132 | 0.9993 | 0.9997 | 0.7061 |
| 27 | 0.898 | | 2016 | 1.50 | $ 10,654 | 0.9993 | 0.9996 | 0.6693 |
| 28 | 0.942 | | 2017 | 1.59 | $ 11,176 | 0.9992 | 0.9996 | 0.6344 |
| 29 | 0.986 | | 2018 | 1.69 | $ 11,698 | 0.9992 | 0.9996 | 0.6013 |
| 30 | 1.03 | | 2019 | 1.79 | $ 12,220 | 0.9992 | 0.9996 | 0.5700 |
| 31 | 1.04 | | 2020 | 1.90 | $ 12,339 | 0.9992 | 0.9996 | 0.5403 |
| 32 | 1.04 | | 2021 | 2.01 | $ 12,458 | 0.9992 | 0.9996 | 0.5121 |
| 33 | 1.05 | | 2022 | 2.13 | $ 12,339 | 0.9992 | 0.9996 | 0.4854 |
| 34 | 1.04 | | 2023 | 2.26 | $ 12,220 | 0.9992 | 0.9996 | 0.4601 |
| 35 | 1.015 | | 2024 | 2.40 | $ 12,042 | 0.9992 | 0.9995 | 0.4361 |
| 36 | 1 | | 2025 | 2.54 | $ 11,864 | 0.9992 | 0.9995 | 0.4134 |
| 37 | 0.995 | | 2026 | 2.69 | $ 11,805 | 0.9991 | 0.9995 | 0.3918 |
| 38 | 0.99 | | 2027 | 2.85 | $ 11,805 | 0.9991 | 0.9995 | 0.3714 |
| 39 | 0.995 | | 2028 | 3.03 | $ 11,746 | 0.9990 | 0.9994 | 0.3520 |
| 40 | 1 | | 2029 | 3.21 | $ 11,805 | 0.9990 | 0.9994 | 0.3337 |
| 41 | 1.025 | | 2030 | 3.40 | $ 11,864 | 0.9988 | 0.9993 | 0.3163 |
| 42 | 1.05 | | 2031 | 3.60 | $ 12,161 | 0.9987 | 0.9993 | 0.2998 |
| 43 | 1.08 | | 2032 | 3.82 | $ 12,458 | 0.9985 | 0.9992 | 0.2842 |
| 44 | 1.11 | | 2033 | 4.05 | $ 12,814 | 0.9983 | 0.9991 | 0.2693 |
| 45 | 1.135 | | 2034 | 4.29 | $ 13,169 | 0.9981 | 0.9991 | 0.2553 |
| 46 | 1.2 | | 2035 | 4.55 | $ 13,703 | 0.9978 | 0.9990 | 0.2420 |
| 47 | 1.245 | | 2036 | 4.82 | $ 14,237 | 0.9975 | 0.9989 | 0.2294 |
| 48 | 1.29 | | 2037 | 5.11 | $ 14,771 | 0.9973 | 0.9987 | 0.2174 |
| 49 | 1.34 | | 2038 | 5.42 | $ 15,305 | 0.9970 | 0.9986 | 0.2061 |
| 50 | 1.33 | | 2039 | 5.74 | $ 15,898 | 0.9967 | 0.9985 | 0.1953 |
| | | | | | $ 16,492 | | | |

Discount Rate **5.50%**

Present Value of Male Benefits — SON - Jeff Schramm — AGE 16 - 25
$ 63,530

Present Value of Female Benefits — Daughter Rebecca Schramm AGE
$ 35,028



RELATIVE PER-CAPITA HEALTH SPENDING BY AGE, 1999
SPENDING RELATIVE TO AGE GROUP 35-44 SET EQUAL TO 1
AGE COHORTS OF AMERICANS
0-5: 0.52
6-14: 0.55
15-24: 0.59
25-34: 1.03
35-44: 1
45-54: 1.39
55-64: 2.01
65-74: 3.08
75+: 5.65
SOURCE: Meara, White and Cutler, "Trends in Health Spending by Age, 1963-97," March 2003


**MICHIGAN WORKS!**

The U.S. Department of Labor has issued a certification of eligibility for workers to apply for adjustment assistance under the Trade Act of 1974, as amended, as specified below:

| | |
|---|---|
| **Petition Number:** TAW 72121 | **Impact Date:** August 14, 2008 |
| **Employer:** General Motors Company formerly known as General Motors Corporation Technical Center including on-site leased workers of Aerotek, Bartech Group, CDI Professional Services, EDS/HP Enterprise Services, Engineering Labs Inc., Global Technology Associates Limited, G-Tech Profesional Staffing Inc., Jefferson Wells, Kelly Services Inc., Optimal Inc., Populus Group RCO Engineering Inc., and TEK Systems excluding workers of The Global Purchasing and Supply Chain | **Certification Date:** April 30, 2010 |
| **Location:** Warren, Michigan | **Expiration Date:** April 30, 2012 |

"All workers of General Motors Company, formerly known as General Motors Corporation, Technical Center, including on-site leased workers of Aerotek, the Bartech Group, CDR Professional Services, EDS/HP Enterprise Services, Engineering Labs Inc., Global Technology Associates Limited, G-Tech Professional Staffing Inc., Jefferson Wells, Kelly Services Inc., Optimal Inc., Populus Group, RCO Engineering Inc., and TEK Systems, and excluding workers of the Global Purchasing and Supply Chain Division, Warren, Michigan, who became totally or partially separated from employment on or after August 14, 2008, through two years from the date of certification, and all workers in the group threatened with total or partial separation from employment on the date of certification through two years from the date of certification, are eligible to apply for adjustment assistance under Chapter 2 of Title II of the Trade Act of 1974, as amended."

The Trade Adjustment Assistance (TAA) program assists individuals who become unemployed as a result of international trade return to suitable employment. Benefits and reemployment services available through TAA include:

- OCCUPATIONAL SKILLS TRAINING
- JOB SEARCH ALLOWANCES
- RELOCATION ALLOWANCES
- HEALTH COVERAGE TAX CREDIT

TAA and Trade Adjustment Allowances (TRA) are provided to workers who have been separated from employment due to lack of work on or after the impact date and on or before the expiration date as shown above. You have been identified as potentially eligible for such benefits.

Michigan Works!, the administrative entity for the TAA program is hosting an informational meeting which includes procedures on how to apply for benefits on: Thursday, July 8, 2010 at 9:00 am at Macomb Community College South Campus, 14500 E 12 Mile Road, Warren, MI 48088, in the John Lewis Center located in building K, room K301 (2nd floor). See map on reverse side.

If you are unable to attend this meeting, please contact the Macomb/St. Clair Michigan Works! Agency at 586-307-8282

**Failure to file for benefits within required time limits, the latter of 26 weeks from the certification date, or 26 weeks from your last qualifying separation will result in loss of entitlement to some benefits.**

Date Mailed 6/21/10