**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Presentment Date and Time**
March 9, 2011
at 9:45 A.M.

------------------------------------------------------x

In re                                                   :

**Bankruptcy of Motors Liquidation Company**           :

**(f/k/a General Motors Corporation) ("MLC")**          :

                                                        :

                                    Debtor.             :

------------------------------------------------------x

Chapter 11

Case No. 09 - 50026 (REG)

## DUPLICATE COPY OF RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO - PAGES # 1 to 22

Stanley R. Stasko respectfully states:

1) that Stanley R. Stasko responded to Debtor's Objection to Proof of Claim No. 70285 and served the Response to the appropriate parties by U. S. First Class Mail on February 11, 2011.

2) that on February 12, 2011, Stanley R. Stasko found one extra sheet of paper while cleaning up after serving the appropriate parties Stanley R. Stasko Response to Debtor's Objection to Proof of Claim No. 70285

3) that Stanley R. Stasko is serving a Duplicate Copy of Stanley R. Stasko Response to Debtor's Objection to Proof of Claim No. 70285 Pages # 1 to 22 to the appropriate parties

4) no revisions have been made - this is only a Duplicate Copy of Pages # 1 to 22.

Dated: February 12, 2011

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant



1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re                                               :
Bankruptcy of Motors Liquidation Company            :
(f/k/a General Motors Corporation) ("MLC")          :
                                                    :
            Debtor.                                 :

----------------------------------------------------------x

**Presentment Date and Time**
March 9, 2011
at 9:45 A.M.

Chapter 11

Case No. 09 - 50026 (REG)

## RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 70285 FILED BY STANLEY R. STASKO

Stanley R. Stasko respectfully states:

1) that Stanley R. Stasko received Debtor's Objection to Proof of Claim No. 70285 – (See Exhibit #1)

2) that a copy of Proof of Claim No. 70285 by Stanley R. Stasko is in Exhibit #2

3) on April 8, 2010, the U.S. Bankruptcy Court – S.D. of New York (Bankruptcy Court) considered Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Court Transcript of April 8, 2010; Docket #5509)

4) also on April 21, 2010, the U. S. Bankruptcy Court – S.D. of New York Denied the Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Exhibit #3)

5) further General Motors Corporation has been notified that Stanley R. Stasko is Appealing the Entire Order Denying Motion of Stanley R. Stasko for Relief from the Automatic Stay – (See Exhibit #3)

6) still further U. S. District Court – S.D. of New York has decided to Hear the Appeal by Stanley R. Stasko and has assigned the Appeal with Case # 1:10-CV-04322-JGK (Honorable John G. Koeltl)

7) still further Stanley R. Stasko (Appellant) has already filed the Appellant's Legal Brief (See Exhibit #4) and served a copy to General Motors Corporation (Appellee)

1

8) still further Appellant has already filed the Appellant's Response to Appellee's Legal Brief (See Exhibit #5) and served a copy to General Motors Corporation

## PROOF of CLAIM by STANLEY R. STASKO ALREADY DISCUSSED in BANKRUPTCY COURT on APRIL 8, 2010

9) the Proof of Claim issue was discussed by Judge Robert E Gerber of the U.S. Bankruptcy Court – S. D. of New York (the Bankruptcy Judge) when he stated "Mr. Stasko, I'm going to have to deny your motion for relief from the stay, both by reason of your failure to show that you're entitled to that relief under the Second Circuit Sonnax factors and because you didn't file a proof of claim" (Court Transcript of April 8, 2010; Page 31, Lines 18 - 22; Docket # 5509)

10) also Stanley R. Stasko Claim Filed after Bar Date was implied on page 40, lines 2 – 8, and 18 - 24 of the U.S. Bankruptcy Court – S.D. of New York Transcript of April 8, 2010, when Bankruptcy Judge Gerber purposefully publicly harasses the Stanley R. Stasko by stating "uniquely in my ten years as a judge, as a bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a fellow or an entity who actually filed litigation after the bankruptcy case was filed and then asked for relief from the stay to continue in the filing of – or prosecution of a litigation that should never have been filed in the first place ... now, I'll assume for the sake of discussion that you didn't know about the bankruptcy when you filed the action in the Eastern District of Michigan, but once you heard about it, proceeding to try to get a default against the debtor was just dead wrong. And because you're not a lawyer, I'm not going to use one of the stronger words that I would use, but that's real bad, okay?" (See Docket #5509)

2

## CIVIL SUIT HAS ITS GENESIS IN CY2005

11) also discussed in Appellant's Legal Brief – (See Exhibit #4; Section "Civil Suit has

its Genesis in CY2005"; Paragraphs 23 – 34) is that on April 8, 2010, legal counsel

for General Motors Corporation **purposefully** makes a disingenuous statement on

page 35, lines 19, 20, 21, and 22 of the U.S. Bankruptcy Court – S.D. of New York

Transcript of April 8, 2010, when he states "this motion is based on a post-petition

action that was filed in the District Court for the Eastern District of Michigan on

December 11, 2009, significantly after the filing of our bankruptcy petition on June

1st, 2009." (See Docket #5509)

12) the details of the genesis of civil suit Stasko v General Motors Corporation in the U.

S. District Court – E.D. of Michigan in CY2005 was repeated in Appellant's Legal

Brief – See Exhibit #4; Section "Civil Suit has its Genesis in CY2005"; Paragraphs

23 – 34

13) also the delay between the genesis of civil suit Stasko v General Motors Corporation

in CY 2005 and the filing of the Complaint of civil suit Stasko v General Motors

Corporation on December 11, 2009, was also repeated in the Appellant's Legal Brief:

   a. Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

   b. Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

   c. Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

   d. Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

14) further Stanley R. Stasko's Proof of Claim being filed in the U. S. Bankruptcy Court

– S. D. of New York via U. S. Mail on April 28, 2010, seems insignificant when

considering Stanley R. Stasko is a Pro Se Litigant

3

a. See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard;

Paragraphs 83 - 88

15) therefore Proof of Claim #70285 by Stanley R. Stasko against General Motors

Corporation should be accepted since it has already been discussed in the Bankruptcy

Court on April 8, 2010, and the Appeal is actively being heard in the U.S. District

Court – S.D. of New York

## ISSUES FROM DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 70285

## ACTUAL NOTICE OF BAR DATES

16) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "the Debtors

published notice of the Bar Date in nine publications including, without limitation,

*Financial Times, The Wall Street Journal…, The New York Times* (National), *USA

Today…,* and *Detroit Free Press / Detroit News*" – (See Exhibit #1; Page #2)

17) the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley R.

Stasko does not subscribe to publications like *Financial Times, The Wall Street

Journal…, The New York Times* (National), *USA Today…,* and *Detroit Free Press /

Detroit News*

18) also the U. S. Bankruptcy Court – S.D. of New York should be informed that Stanley

R. Stasko does not even own what is commonly known as a television (nor has he for

years)

19) therefore the publications listed would not be a typical avenue for Stanley R. Stasko

to be informed regarding Bar Dates associated with General Motors Corporation

Bankruptcy

4

## MICHIGAN ACTION ADMINISTRATIVELY CLOSED

20) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "the Michigan Court explained to Claimant: I will not enforce [the Bankruptcy Court's] directive that you withdraw your lawsuit entirely … however, I will, for administrative purposes, dismiss the lawsuit."(See Exhibit #1; Page #4)

21) this is a misleading statement by General Motors Corporation

22) a better understanding is Stanley R. Stasko specifically asked the Honorable Judge Julian Abele Cook, Jr. of the U.S. District Court – E. D. of Michigan at the Status Conference on April 12, 2010, "how a judge in one court can order a withdrawal in a totally different district." Judge Cook replied by stating "Well, I don't understand it either, and that's why I did not make a ruling on that. I had serious doubts in my mind in the absence of any showing of case authority or statutory authority that a judge can order a person to withdraw the allegation. The judge, I believe, has the right to enforce -- or not enforce the statute, but I don't know that there's any law – and there may be. Maybe it exists, but I'm not aware of any law that permits such a person, such a judge, to order a litigant to withdraw the allegations." (See Exhibit 6, Page 11, Lines 9 – 20)

23) also Judge Cook stated "… I will, for administrative purposes, dismiss the lawsuit. Let me explain what I'm saying. … I've used the word administrative which means we're **just putting this to the side** (emphasis added) to await the conclusion in the bankruptcy proceeding involving what is now former General Motors. … without the word administratively, by my dismissing the case, it would mean that you could not bring the case back into the court. But administratively, it simply means I want to get

5

it off the accounting. Basically we are asked in this court to account every case that's been heard in this case. ... By doing it administratively, we are putting it to the side so we won't have to count it, we won't have to keep referring to it month and month, year after year." (See Exhibit 6, Page 7, Lines 22, 23, and 25; and Page 8, Lines 1-3, 10-15, and 17-19)

## PROOF OF CLAIM NO. 70285 IS TIME-BARRED BY THE APPLICABLE STATUE OF LIMITATIONS

24) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "In sum, Claimant alleges that he did not discover the injury and loss he incurred until September 1, 2005, due to his loss of memory ... and GM's delay in providing him employment records he had requested during the summer of 2005 ... In the Complaint, Claimant offers the date of September 1, 2005, as the date on which his memory returned and the date from which the limitations period should be calculated ... Even assuming *arguendo* that the statue of limitations should be tolled until September 1, 2005, the applicable three-year limitations period would have expired on September 1, 2008." (See Exhibit #1; Page #8)

25) in the above quotation General Motors Corporation makes two misleading statements

    a. Claimant offers the date of September 1, 2005, as the date on which his memory returned

    b. the applicable three-year limitations period would have expired on September 1, 2008

26) the tolling of the applicable statue of limitations and discovery delays is better described by Stanley R. Stasko when he motioned the U.S. Bankruptcy Court – S.D.

6

of New York for Relief from the Automatic Stay and submitted to the Bankruptcy

Court a copy on CD of the (500) plus pages of the original complaint in Stasko v

General Motors Corporation in U.S. District Court – E.D. of Michigan explaining in

detail the situation of the civil suit (including his Mental Disability, the Discovery

Delays, and the Fraudulent Concealment by General Motors Corporation)

   a.  Duplicated below for convenience

   b.  See Original Complaint filed in U. S. District Court – E.D. of Michigan for
       legal reference details

   c.  Exhibit Numbers in Paragraphs # 27 to 74 are in reference to Original
       Complaint filed in U. S. District Court – E.D. of Michigan

   d.  The term plaintiff refers to Stanley R. Stasko and the term defendant refers to
       General Motors Corporation in Paragraphs #27 to 74

27) Title 42 USC Section 1983 does not specify a statute of limitations for recovery of

damages by an employee from an employer. M.C.L.A. 600.5807 (8) states that "the

period of limitations is 6 years for all other actions to recover damages or sums due

for breach of contract."

28) Defendant may argue that the statute of limitations has expired for the plaintiff to

recover damages from an employer since the plaintiff resigned from General Motors

Corporation on August 25, 1995. August 25, 1995 plus six years equals August 25,

2001.

## TOLLING OF LIMITATIONS – METHOD #1 – DISCOVERY DELAYS

29) According to Campau v Orchard Hills Psychiatric Center 946 F.Supp. 507, 19A.D.D.

1056, E.D. Mich., November 19, 1996 (No. Civ. A.96-40310) the discovery rule

postpones beginnings of limitations period from date when **plaintiff is wronged to date when he discovers he has been injured** (emphasis added)

30) Other State of Michigan court rulings include Stephens v. Dixon, 536 N.W.2d 755 Mich.,1995 "in deciding whether to strictly enforce period of limitation or impose discovery rule, court must carefully balance when plaintiff learned of her injuries, whether she was given fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling statute of limitations. M.C.L.A. § 600.5827."

31) Also Moll v. Abbott Laboratories, 506 N.W.2d 816 Mich.,1993 "…once plaintiff is aware of injury and its possible cause, plaintiff is aware of possible cause of action for purposes of commencement of statute of limitations."

32) Further, City of Huntington Woods v. Wines, 332 N.W.2d 557 Mich.App.,1983 "…limitation period commences when the person knows of the act which caused his injury and has good reason to believe that the act was improper or was done in an improper manner."

33) Still further, Jackson County Hog Producers v. Consumers Power Co., 592 N.W.2d 112 Mich.App.,1999 "…if the discovery rule applies, a claim does not accrue for the purpose of the running of the limitation period until a plaintiff discovers, or through the exercise of reasonable diligence should have discovered (1) an injury and (2) the causal connection between the injury and a defendant's breach of duty."

34) Rose v Saginaw County, 232 F.R.D. 267, E.D. Mich., November 21, 2005 (No. 01-10337-BC). "…if the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circumstances surrounding his belated discovery and the delay"

8

35) The plaintiff submits an essay fully describing the facts and circumstances surrounding the belated discovery and the delay.

36) The plaintiff first began to discover the injury and loss he incurred by the defendant when the plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005.

37) The defendant did not respond to the letter dated July 20, 2005.

38) The plaintiff made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005.

39) The defendant did not respond to the second request letter dated August 8, 2005.

40) The plaintiff made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005.

41) The defendant responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310. The plaintiff includes the evaluation and salary compensation information in Exhibit 13.

42) The plaintiff's employment record from General Motors Corporation is the first and only time the plaintiff received employment records from the defendant.

43) The discovery rule postpones beginnings of limitations period from date when plaintiff is wronged to date when he discovers he has been injured; therefore, since the plaintiff first began to discover the injury and loss he incurred by the defendant on September 1, 2005; therefore, the statue of limitations does not expire until September 1, 2011. (September 1, 2005 plus six years equals September 1, 2011.)


## TOLLING OF LIMITATIONS – METHOD #2 – MENTAL DISABILITY

44) M.C.L.A. 600.5851 (1) states ... "if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run."

45) Also M.C.L.A. 600.5851 (2) states "the term insane as employed in this chapter means a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane."

46) The plaintiff submits an essay fully describing the facts and circumstances surrounding his **loss of memory**. See Essay, Exhibit 7, p. 33-37.

47) The plaintiff's loss of memory continued for years including other people trying to convince the plaintiff he needs to be on medication.

   a.  See Essay, Exhibit 7, p. 48-63

   b.  See North Oakland Medical Center report in Exhibit 8.

   c.  See Essay, Exhibit 7, p. 64-65

48) Further M.C.L.A. 600.5851 (3) states "to be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations."

49) Still further M.C.L.A. 600.5851 (5) states "... a court shall count the year of grace provided in this section from the termination of the last disability to the person to whom the claim originally accrued that has continued from the time the claim

accrued, whether this disability terminates because of the death of the person disabled or for some other reason."

50) The plaintiff's memory only starts to clear up in July 2005. (See Essay, Exhibit 7, p. 65-67) In order for the court to understand how much the plaintiff's memory will clear up several years later, Exhibit 15 represents the plaintiff's resume for General Motors accomplishments in CY2005 and Exhibit 16 represents the plaintiff's resume for General Motors accomplishments written approximately October CY2009.

51) If the defendant argues that the plaintiff resigned from General Motors Corporation on August 25, 1995; therefore, the plaintiff's mental disability (loss of memory) is over fourteen years old. The court should note that Calladine v Dana Corp. 679 F.Supp. 700, E.D. Mich., February 29, 1988 (No. Civ. A. 87-CV-1739DT) states "...that an individual mentally incompetent at the time a cause of action accrues may file the claim before the applicable limitations period runs *after* the disability is removed. Since William remains mentally incompetent, the statute has not begun to run even though the injury occurred almost nine years prior to the filing of this suit" (See Exhibit 18 for Calladine v Dana Corp.)

52) Also _Paavola v. St. Joseph Hosp. Corp., 119 Mich.App. 10, 14-15, 325 N.W.2d 609 (1982)_ states that the "...statute permits tolling for a "period potentially many decades long."

53) Further if the defendant argues that the plaintiff should have appointed a guardian or obtained an attorney to capably handle the plaintiff's rights when the plaintiff first began to discovery the injury or loss approximately September 2005 similar to the argument made in Calladine v Dana Corp. ( "... In other words, asserts Dana, William has been in a far better position legally than the average individual who must

11

attend to his or her legal rights without such assistance."; The plaintiff states that he is a single man with no spouse. The plaintiff has no legal children. The plaintiff did try to obtain an attorney when he first began to discover the injury or loss approximately September 2005 but the attorney showed no interest in the case, nor did the attorney return the plaintiff's phone calls, once the attorney learned that the plaintiff resigned from General Motors Corporation on August 25, 1995.

54) Still further, Calladine v Dana Corp. states that "...Michigan courts have consistently held otherwise. In a string of decisions, the Michigan Court of Appeals has found that the statute does not begin to run even with the appointment of a guardian, *see, e.g., Wallisch v. Fosnaugh,* 126 Mich.App. 418, 426, 336 N.W.2d 923 *leave to appeal denied,* 418 Mich. 871 (1983); *Paavola,* 119 Mich.App. at 14, 325 N.W.2d 609, or next friend, *Rittenhouse v. Erhart,* 126 Mich.App. 674, 679, 337 N.W.2d 626 (1983), *modified on other grounds,* 424 Mich. 166, 380 N.W.2d 440 (1986), on behalf of a mentally incompetent person.

55) If the defendant argues that the plaintiff's did not have a mental disability because he was able to work for DSP Technology in Ann Arbor, Michigan and MSX International in Auburn Hills, Michigan covering a period a time from approximately January 1997 to February 2001. The court should note that Asher v. Exxon Co., U.S.A., 504 N.W.2d 728 Mich.App.,1993 states "... the circuit court erred in finding that plaintiff was not mentally deranged because he was able to work, see *Davidson v. Baker-Vander Veen Construction Co.,* 35 Mich.App. 293, 302-303, 192 N.W.2d 312 (1971)."

56) M.C.L.A. 600.5851 (5)  shall count the year of grace from the termination of the last disability and since the plaintiff's loss of memory will clear up enough for the

12

plaintiff to represent himself in court approximately October CY2009; therefore, the

statue of limitations does not expire until October 2010. (October 2009 plus one year

equals October 2010.)

## TOLLING OF LIMITATIONS – METHOD #3 – FRAUDULENT CONCEALMENT

57) M.C.L.A. 600.5855 "… if a person who is or may be liable for any claim fraudulently

conceals the existence of the claim or the identity of any person who is liable for the

claim from the knowledge of the person entitled to sue on the claim, the action may

be commenced at any time within 2 years after the person who is entitled to bring the

action discovers, or should have discovered, the existence of the claim or the identity

of the person who is liable for the claim, although the action would otherwise be

barred by the period of limitation."

58) McCray v Moore (Not reported in F.Supp. 2d, 2008 WL 4225762), U.S. District

Court, E.D. Mich., No. 07-13297, September 9, 2008 states "… Michigan law

provides that the statute of limitations may be tolled where a defendant has concealed

the facts giving rise to the cause of action:"

59) Further McCray v Moore states "… *Mich. Comp. Laws § 600.5855*. The acts

constituting fraudulent concealment are "(1) wrongful concealment of their actions by

the defendants; (2) failure of the plaintiff to discover the operative facts that are the

basis of his cause of action within the limitations period; and (3) plaintiff's due

diligence until discovery of the facts." *Evans v. Pearson Enterprises, Inc., 434 F.3d

839, 851 (6th Cir.2006)*, quoting, *Dayco Corp. v. Goodyear Tire & Rubber Co., 523

F.2d 389, 394 (6th Cir.1975)*."

13

60) <u>Lumber Village v Siegler, 355 N.W.2d 654</u> states "…as a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. <u>Draws v. Levin, 332 Mich. 447, 452, 52 N.W.2d 180 (1952)</u>"

61) The plaintiff for the first time requested a complete copy of all employment records pertaining to his work for General Motors Corporation on July 20, 2005.

62) The defendant did not respond to the letter dated July 20, 2005.

63) The plaintiff made a second request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 8, 2005.

64) The defendant did not respond to the second request letter dated August 8, 2005.

65) The plaintiff made a third request for a complete copy of all employment records pertaining to his work for General Motors Corporation on August 24, 2005.

66) The court should note that in the third request the plaintiff states "Stanley R. Stasko requests this information to: … (3) look for possible discrimination by General Motors against Stanley R. Stasko (it is Stanley R. Stasko opinion that he can compile a reasonable argument that he should have been one or more levels higher than he was at the time of his departure)."

67) The court should also note that in the third request the plaintiff states "…please note that a copy of this letter is being sent to: Dan Galnat, Attorney, General Motors – Global Headquarters…"

68) Now that the plaintiff has implied a possible lawsuit, the defendant responded by mailing a package of information to the plaintiff FedEx Trk # 8464-9619-6310. (See Exhibit 13) The plaintiff includes the evaluation and salary compensation information in Exhibit 13.

69) Since the plaintiff was hired by General Motors on July 18, 1983 and resigned on

August 25, 1995, it is reasonable to expect performance evaluation forms for

CY1983, CY1984, CY1985, CY1986, CY1987, CY1988, CY1989, CY1990,

CY1991, CY1992, CY1993, CY1994, and CY1995

70) The information from the defendant (FedEx Trk # 8464-9619-6310) contained only

three Advanced Engineering Staff Performance planning and Development Process

information forms.

    a.   One Advanced Engineering Staff Performance Planning Development Process

        information dated December 22, 1989, by Stanley R. Stasko

    b.   One Advanced Engineering Staff Performance Planning Development Process

        information dated December 19, 1990, by Stanley R. Stasko

    c.   One Advanced Engineering Staff Performance Planning Development Process

        information dated January 22, 1992 by Stanley R. Stasko

71) The plaintiff did try to obtain an attorney when he discovered so little of his

accomplishments from CY1983, CY1984, CY1985, CY1986, CY1987, CY1988,

CY1989, CY1990, CY1991, CY1992, CY1993, CY1994, and CY1995 were

documented by the defendant.

72) The attorney showed no interest in the case, nor did the attorney return the plaintiff's

phone calls, once the attorney learned that the plaintiff resigned from General Motors

Corporation on August 25, 1995

73) The plaintiff's memory only starts to clear up in July 2005. (See Essay, Exhibit 7, p.

65-67) In order for the court to understand how much the plaintiff's memory will

clear up several years later, Exhibit 15 represents the plaintiff's resume for General

Motors accomplishments in CY2005 and Exhibit 16 represents the plaintiff's resume for General Motors accomplishments written approximately October CY2009.

74) M.C.L.A. 600.5855 states "… if a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitation."; therefore, since the plaintiff was able to first represent himself in court approximately October CY2009; therefore, the statue of limitations does not expire until October 2011. (October 2009 plus two years equals October 2011.)

75) The Tolling of the Applicable Statue of Limitations can be summarized:

a. for Discovery Delays => The discovery rule postpones beginnings of limitations period from date when plaintiff is wronged to date when he discovers he has been injured; therefore, since the plaintiff first began to discover the injury and loss he incurred by the defendant on September 1, 2005; therefore, the statue of limitations does not expire until September 1, 2011. (September 1, 2005 plus six years equals September 1, 2011.)

b. for Mental Disability => M.C.L.A. 600.5851 (5) shall count the year of grace from the termination of the last disability and since the plaintiff's loss of memory will clear up enough for the plaintiff to represent himself in court approximately October CY2009; therefore, the statue of limitations does not expire until October 2010. (October 2009 plus one year equals October 2010.)

16

c.  for Fraudulent Concealment => M.C.L.A. 600.5855 states "… if a person

who is or may be liable for any claim fraudulently conceals the existence of

the claim or the identity of any person who is liable for the claim from the

knowledge of the person entitled to sue on the claim, the action may be

commenced at any time within 2 years after the person who is entitled to bring

the action discovers, or should have discovered, the existence of the claim or

the identity of the person who is liable for the claim, although the action

would otherwise be barred by the period of limitation."; therefore, since the

plaintiff was able to first represent himself in court approximately October

CY2009; therefore, the statue of limitations does not expire until October

2011. (October 2009 plus two years equals October 2011.)


## EXCUSABLE NEGLECT

76) in the Debtor's Objection to Proof of Claim No. 70285 the Debtor states "whether

excusable neglect exists in any particular case hinges on five factors: (1) the degree of

prejudice to the debtors; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the

reasonable control of the claimant; (4) whether the claimant acted in good faith; and

(5) if a claimant had counsel, whether a claimant should be penalized for their

counsel's mistake or neglect - (See Exhibit #1; Page #10)


## THE DEGREE OF PREJUDICE TO THE DEBTORS

77) this factor is similar to the argument made by General Motors Corporation in the

Appellee's Legal Brief filed in U. S. District Court – S.D. of New York

78) the Appellee stated "… the burden imposed on the Debtors in terms of the time,

financial resources, and attention necessary to defend against the Michigan Action far

outweighs any potential gain to Appellant in proceeding with the Michigan Action

against the Debtors given that Appellant did not file a timely proof of claim against

the Debtors and is therefore barred from seeking any recovery from the Debtors."(See

Exhibit 5; Paragraph #21)

79) the U. S. Bankruptcy Court – S.D. of New York can find Stanley R. Stasko Response

to the Appellee's statement in Exhibit #5; Section "Fraudulent Concealment";

Paragraphs #22-36

80) therefore the time, financial resources, and attention necessary to defend against the

Michigan Action was self inflicted by General Motors Corporation when General

Motors Corporation Fraudulently Concealed Stanley R. Stasko's accomplishments


## THE LENGTH OF THE DELAY

81) Stanley R. Stasko filed Proof of Claim in the U. S. Bankruptcy Court – S. D. of New

York via U. S. Mail on April 28, 2010, (5) months after the Bar Date of November

30, 2009 (this also seems insignificant when considering Stanley R. Stasko is a Pro Se

Litigant; See Exhibit #4; Section "Pro Se Litigant – Less Stringent Standard";

Paragraphs 83-88)

82) also the U.S. District Court – S.D. of New York may ask the question - why the delay

between the genesis of civil suit Stasko v General Motors Corporation in CY2005 and

the filing of the complaint of civil suit Stasko v General Motors Corporation on

December 11, 2009?


18

83) when Stanley R. Stasko motioned the U.S. Bankruptcy Court – S.D. of New York for

Relief from the Automatic Stay he submitted to the Bankruptcy Court a copy on CD

of the (500) plus pages of the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan explaining in detail the

situation of the civil suit (including his Mental Disability, the Discovery Delays, and

the Fraudulent Concealment by General Motors Corporation)

84) therefore the U. S. Bankruptcy Court – S.D. of New York was informed of the

reasons for the length of the delay

## **REASON FOR DELAY**

85) the delay between the genesis of civil suit Stasko v General Motors Corporation in

CY 2005 and the filing of the Complaint of civil suit Stasko v General Motors

Corporation on December 11, 2009, is repeated in the Appellant's Legal Brief:

   a.   See Exhibit #4; Section "Mental Disability"; Paragraphs 35 -48

   b.   See Exhibit #4; Section "Pre-Civil Suit Meeting"; Paragraphs 49 – 55

   c.   See Exhibit #4; Section "Discovery Delays"; Paragraphs 56 – 64

   d.   See Exhibit #4; Section "Fraudulent Concealment"; Paragraphs 65 - 82

86) also when Stanley R. Stasko motioned the U.S. Bankruptcy Court – S.D. of New

York for Relief from the Automatic Stay he submitted to the Bankruptcy Court a

copy on CD of the (500) plus pages of the original complaint in Stasko v General

Motors Corporation in U.S. District Court – E.D. of Michigan explaining in detail the

unique situation of the civil suit (including his Mental Disability, the Discovery

Delays, and the Fraudulent Concealment by General Motors Corporation)

## WHETHER A CLAIMENT ACTED IN GOOD FAITH

87) Stanley R. Stasko fully plead the facts and circumstances surrounding his belated

discovery and the delay in the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan; and, Stanley R. Stasko

submitted the (70) plus page explanation of the facts and circumstances from Exhibit

#7 from Case #2:09-CV-14827 to the U.S. Bankruptcy Court – S. D. of New York

88) also Stanley R. Stasko submitted to the U.S. Bankruptcy Court – S.D. of New York

the approximate (89) page resume of Exhibit 16 in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan when the Appellant motioned

for Relief from the Automatic Stay in order to help the Bankruptcy Court understand

the magnitude of the Fraudulent Concealment by General Motors Corporation

89) further the U. S. Bankruptcy Court – S. D. of New York needs to understand when

the Stanley R. Stasko motioned for Relief from the Automatic Stay the majority of

the (500) plus pages of the original complaint in Stasko v General Motors

Corporation in U.S. District Court – E.D. of Michigan was written and / or compiled

in CY2009 when Stanley R. Stasko memory cleared enough to defend his himself in

the civil suit against General Motors Corporation

90) therefore Stanley R. Stasko acted in Good Faith by filing civil suit Stasko v General

Motors Corporation on December 11, 2009, since his memory **just cleared enough

to defend himself in CY2009** (emphasis added)


## IF CLAIMENT HAD COUNSEL

91) Stanley R. Stasko is a Pro Se Litigant in civil suit Stasko v General Motors

Corporation Case #2:09-CV-14827

20

92) also Stanley R. Stasko is a Pro Se Litigant in U. S. Bankruptcy Court – S.D. of New

York Case #09-50026 (REG)

93) further Stanley R. Stasko is a Pro Se Litigant in U. S. District Court – S.D. of New

York Case #1:10-CV-04322-JGK

## CONCLUSION

94) Stanley R. Stasko respectfully requests that Proof of Claim #70285 by Stanley R.

Stasko against General Motors Corporation be accepted for the reasons given above

95) also if the U. S. Bankruptcy Court – S.D. of New York decision is against Stanley R.

Stasko, then Stanley R. Stasko automatically Appeals the decision to U. S. District

Court – S.D. of New York Case #1:10-CV-04322-JGK

96) further Stanley R. Stasko requests another Bankruptcy Judge hear the Motion and

Stanley R. Stasko Response because Judge Robert E. Gerber purposefully publicly

harasses Stanley R. Stasko by stating "uniquely in my ten years as a judge, as a

bankruptcy judge, and forty years as a lawyer, this is the first time that I've had a

fellow or an entity who actually filed litigation after the bankruptcy case was filed

and then asked for relief from the stay to continue in the filing of -- or prosecution of a

litigation that should never have been filed in the first place ... now, I'll assume for

the sake of discussion that you didn't know about the bankruptcy when you filed the

action in the Eastern District of Michigan, but once you heard about it, proceeding to

try to get a default against the debtor was just dead wrong. And because you're not a

lawyer, I'm not going to use one of the stronger words that I would use, but that's real

bad, okay?" (Bankruptcy Court Transcript of April 8, 2010; Page 40, Lines 2-8 and

18-24; Docket # 5509)

Dated: February 10, 2011

Stanley R. Stasko
27653 Lexington Pkwy
Southfield, Michigan 48076
Telephone # 313-670-6917
Pro Se Litigant

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**Honorable Robert E. Gerber**

------------------------------------------------------------x

In re                                                     :

**Bankruptcy of Motors Liquidation Company**     :     Chapter 11

**(f/k/a General Motors Corporation) ("MLC")**   :

                                                          :     Case No. 09 - 50026 (REG)

                        Debtor.                  :

------------------------------------------------------------x

## AFFIRMATION OF SERVICE

A **duplicate copy** of Stanley R. Stasko Response to Debtor's Objection to Proof of Claim

No. 70285 (Pages # 1 to 22) has been served upon the Parties in the manner indicated

below:

Name of Parties Served:

Weil, Gotshal & Manges LLP

Attorneys for the Debtors

767 Fifth Avenue, New York, New York 10153

Attn.: Harvey R. Miller, Esq.


Debtors, c/o Motors Liquidation Company

401 South Old Woodward Avenue, Suite 370

Birmingham, Michigan 48009

Attn.: Thomas Morrow


General Motors LLC

400 Renaissance Center

Detroit, Michigan 48265

Attn.: Lawrence S. Buonomo, Esq.

Cadwalader, Wickersham & Taft LLP

Attorneys for the U. S. Dept. of the Treasury

One World Financial Center

New York, New York 10281

Attn.: John J. Rapisardi, Esq.


The U. S. Dept. of the Treasury

1500 Pennsylvania Avenue NW, Room 2312

Washington, D.C. 20220

Attn.: Joseph Samarias, Esq.


Vedder Price, P.C.

Attorneys for export Development Canada

1633 Broadway, 47th Floor

New York, New York 10019

Attn.: Michael J. Edelman, Esq.


Kramer Levin Naftalis & Frankel LLP

Attorneys for the Statutory Comm. Of Unsecured Creditors

1177 Avenue of the Americas

New York, New York 10036

Attn.: Thomas Moers Mayer, Esq.

The Office of the U. S. Trustee for the S.D.N.Y.

33 Whitehall Street, 21st Floor

New York, New York 10004

Attn.: Tracy Hope Davis, Esq.


The U. S. Attorney's Office S.D.N.Y.

86 Chambers Street, Third Floor

New York, New York 10007

Attn.: David S. Jones, Esq.


Caplin & Drysdale, Chartered

Attorneys for the Official Committee of

Unsecured Creditors holding Asbestos-Related Claims

375 Park Avenue, 35th Floor

New York, New York 10152-3500

Attn.: Elihu Inselbuch, Esq.


Caplin & Drysdale, Chartered

Attorneys for the Official Committee of

Unsecured Creditors holding Asbestos-Related Claims

One Thomas Circle, N.W., Suite 1100

Washington, DC 20005

Attn.: Trevor W. Sweett III

Stutzman, Bromberg, Esserman & Plifka

A Professional Corporation

Attorneys for Dean M. Trafelet

2323 Bryan Street, Suite 2200

Dallas Texas 75201

Attn.: Sander L. Esserman, Esq.


Date of Service: February 13, 2011

Method of Service and Declaration: Stanley R. Stasko served Parties by U.S. First Class

mail a copy of the above specified items. I declare the information contained in this

Affirmation of Service is true and correct.

Signature of Server: _____

Server's Address: 27653 Lexington Pkwy Southfield, Michigan 48076 #313-670-6917

4