David R. Volpe, pro se
240 Berry Glen Ct.
Alpharetta, GA 30022
770-998-7758  (O)
Creditor Claimant
Claim # 62391

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :
                                                   :         **Chapter 11 Case No.**
MOTORS LIQUIDATION COMPANY, et al,                 :
    f/k/a General Motors Corp., et al.            :         **09-50026 (REG)**
                                                   :
                      Debtors.   :         **(Jointly Administered)**
-------------------------------------------------------------x


## OBJECTION TO DEBTORS' 183rd OMNIBUS OBJECTION TO CLAIMS
(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)


TO THE HONORABLE ROBERT E. GERBER,

UNITED STATES BANKRUPTCY JUDGE:


Comes now David Volpe (a/k/a David R. Volpe), creditor and claimant against Motors Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and a retired salaried manager from Old GM, who respectfully files this OBJECTION TO DEBTORS' 183rd OMNIBUS OBJECTION TO CLAIMS.


### Relief Requested

Debtors' 183rd Omnibus Objection to Claims seeks entry of an order disallowing and expunging certain welfare benefits claims listed on that filing's original Exhibit "A", claims as filed by retired and former salaried and executive employees. Included on that list is Claim # 62391 in the amount of $70,945.00 filed by David Volpe, Proof of Claim copy attached for reference.

Creditor Claimant Volpe requests the Debtors' proposed order not be allowed, thereby preserving Creditor Claimant's right to financial consideration for the value of diminished and cancelled welfare and basic life insurance benefits in retirement.

## Background

Creditor Claimant Volpe spent his entire adult working career at Old GM from age 18 through 50, holding many managerial positions in technical and engineering areas. He <u>initiated, negotiated and accepted an early retirement offer</u> in 2001 that involved leaving Old GM but receiving full salary compensation and benefits from July 2001 through October 2002, then transitioning to retirement pension and benefits starting November 2002. He retired as a Zone Manager from the Service Operations group.

## Debtors argue "Accrued Benefits Have Been Assumed by New GM"

Life Insurance benefits provided by New GM in 2010 are significantly different and diminished as compared to those provided in 2009 and earlier. Life Insurance benefits negotiated at retirement by Creditor Claimant Volpe in 2001 were stated and agreed upon by both parties at two times the annual salary to be provided entirely by Old GM. Anything beyond that, up to five times the annual salary, was to be paid by the retiree at a price set by Old GM (in conjunction with MetLife). Creditor Claimant Volpe was entitled for life, per the negotiated retirement package, to more than $182,000 Life Insurance death benefit at retirement and that amount was in place until a unilateral reduction by Old GM was noted on Creditor Claimant Volpe's 2008 Annual Enrollment benefits package. It was then determined Old GM had unilaterally, and without notification or justification, decreased the Life Insurance death benefit to $80,945. A further reduction in the death benefit was made unilaterally to a flat $10,000 effective August 1, 2009. This significant decrease in Life Insurance death benefit to Creditor Claimant Volpe should not be categorized and concluded as "<u>Accrued Benefits Have Been Assumed by New GM</u>" based on these facts.

2

### Debtors argue "Benefit Modification Claims Should Be Disallowed As Debtors Had Right to Amend Or Terminate Each Benefit Plan"

There is little doubt that many GM documents stated, "GM reserves the right to amend or terminate benefit plans…..", or similar language. However, the voluntary early retirement <u>initiated and negotiated</u> by Creditor Claimant Volpe in 2001 should not be subject to changing the terms of the retirement contract "ex post facto". Changing benefits or any provision of an employment and/or retirement contract is on firm legal ground <u>for future agreements</u> when both parties agree but Old GM being allowed to change the provisions unilaterally after the fact undermines the entire contractual process that American business is founded upon. Part of the standard retirement negotiations was the provision that Creditor Claimant Volpe could never be re-employed by GM. In the referenced *Sprague v. General Motors Corp.* case, the court stated:

> To vest benefits is to render them forever unalterable. Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language".

In the case of Creditor Claimant Volpe, the special early retirement was negotiated with the understanding that pension and retirement benefits, and the inability of Volpe to ever be rehired by GM, were contractual obligations of both parties. Why should Old GM not be bound to their contractual obligations? Because they patently state they have the right to terminate or amend at will? If provisions of any contract are allowed to be changed unilaterally, then what value does the contractual process have? Had Volpe known that GM was to be allowed (in the future) to unilaterally change the provisions without any negotiations, then the voluntary decision to retire may have been very different.

### Discussion

The Court is being asked to consider the employment and retirement agreement between Volpe and Old GM, one where professional engineering services were tendered by Volpe for many years in return for a mix of salary compensation and benefits, both in the present during employment and in retirement. At any time either Volpe or Old GM had the ability to end the

3

employment agreement if the value and/or compensation for the services were not agreeable to either party. Retirement benefits are an integral part of one's compensation package. If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation? The very foundation of American business is predicated upon this fact. Had Creditor Claimant Volpe known GM had the ability to walk away from these contractual obligations, he would not have initiated, negotiated and accepted an early retirement package, especially one that prevents him from ever accepting re-employment with GM in the future.

### Summary

In summary, Creditor Claimant Volpe respectfully asks the Court to deny <u>DEBTORS' 183rd OMNIBUS OBJECTION TO CLAIMS</u> and preserve his claim to allow entitlement to the retirement life insurance and welfare benefits he worked so hard to earn.

Creditor Claimant reserves the right to modify, revise, or supplement the above referenced figures and calculations.

Attach: (1)

Dated: February 14, 2011              Respectfully Submitted,

*[signature: David R. Volpe]*

David R. Volpe, pro se
240 Berry Glen Ct.
Alpharetta, GA  30022
770-998-7758   (O)
dvolpe@netzero.net

(GM Bankruptcy – Life Insur Claim – Objection 20110214.doc

4

## OBJECTION TO DEBTORS' 116th OMNIBUS OBJECTION TO CLAIMS

### CERTIFICATE OF SERVICE

I hereby certify that hard copy versions of the above and foregoing have been delivered or served upon the following via U.S. Postal Service with adequate first-class postage affixed, mailed February 14, 2011. Two originals were sent to the Court with Delivery Receipt Requested on the same date.

Clerk of the Court
Honorable Judge R.E. Gerber
U.S. Bankruptcy Court for the
   Southern District of New York
One Bowling Green
New York, NY 10004

1) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);
2) Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Ted Stenger);
3) General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);
4) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);
5) United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);
6) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);
7) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);
8) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);
9) U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);
10) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.)
11) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);
12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);

*[signature]*
_____
David R. Volpe

7008209

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

Your Claim is Scheduled As Follows.

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property) DAVID VOLPE

Name and address where notices should be sent
DAVID VOLPE
240 BERRY GLEN CT
Alpharetta GA 30022

Telephone number 770-998-7758
Email Address DVOLPE@NETZERO.NET

Name and address where payment should be sent (if different from above):
FILED - 62391
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)
Telephone number

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number _____
(If known)

Filed on _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

THE GARDEN CITY GROUP, INC.
NOV 28 2009

1. Amount of Claim as of Date Case Filed, June 1, 2009  $ 70,945.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: VALUE OF CANCELLED BASIC LIFE INSURANCE - AS A SALARIED RETIREE
(See instruction #2 on reverse side)

3. Last four digits of any number by which creditor identifies debtor ___0704___

3a. Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4. Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of redacted on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

2 ATTACHED DOC'S.

If the documents are not available, please explain in an attachment.

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date: 11-20-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

DAVID R. VOLPE    David R. Volpe    11-20-2009

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)


9392080833

My Coverages

**Life Insurance**
- My Life Insurance
- Beneficiary Management
- Inquiry
- Learn about Life Insurance
- Calculate your needs
- Contact a Life Benefits Specialist

**COVERAGES**

Coverages – DAVID R. VOLPE, 11/20/2009  GM BANKRUPTCY CLAIM ATTACHMENT #1

**Messages**

**Basic Life Insurance (Basic Life)**
- Approved Amount: $80,945.00
- Monthly Cost to You: $0.00
- Paid by: Employer

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

To designate your beneficiary, you will need the following information for your beneficiary.
- Date of Birth
- Address

Click on the Learn about Life Insurance link to determine how much life insurance you need

**Optional Life Insurance (Optional Life)**
- Approved Amount: $177,900.00
- Monthly Cost to You: $55.15
- Paid by: You

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

Printer-friendly version of your coverages

**Did you know?**

**Personal Accident Insurance (Optional AD&D)**
- Approved Amount: $500,000.00
- Monthly Cost to You: $7.50
- Paid by: You

| Beneficiary | % Share | Role | Relation |
|---|---|---|---|
| MARY JEAN VOLPE | 100.0 | Primary | Spouse |
| JENNIFER VOLPE | 50.0 | Contingent | Self |
| MICHAEL VOLPE | 50.0 | Contingent | Self |

Most employees keep the same level of coverage year after year despite changes in their lifestyle. Has your life insurance kept pace with your changing needs? (Source: 6th Annual MetLife Study of Benefits Trends, 2008)

**Dependent Life Insurance (Dependent Life) - Spouse**
- Approved Amount: $100,000.00
- Monthly Cost to You: $28.00
- Paid by: You

CALCULATION

GM PROVIDED BASIC LIFE INSUR. PRIOR TO 8-1-2009 = $80,945

**Dependent Personal Accident Insurance (Dependent AD&D) - Spouse**
- Approved Amount: $500,000.00
- Monthly Cost to You: $7.50
- Paid by: You

GM PROVIDED BASIC LIFE INSUR REDUCED ON 8-1-2009 & FORWARD = $10,000

VALUE OF LOST LIFE INSURANCE = $70,945

---

Per Cynthia – All rates & coverage remain the same for 2009 unless you change or cancel. You cannot ↑ your coverages – just ↓ or cancel. You can call them to get prem. charges – Nothing avail to us in writing – They'll calc. on their computer add---

https://termlifeenroll.metlife.com/TermLifeWeb/indv/inquiry/coverage.do    (11/3/2008)

*11/20/2009 GM BANKRUPTCY CLAIM ATTACHMENT #2*



# YOUR PERSONAL FACT SHEET

## 2008 ANNUAL ENROLLMENT

- Review your benefit elections and dependent information in this PERSONAL FACT SHEET carefully.
- To make changes to your benefit elections for 2008, follow the ENROLLMENT INSTRUCTIONS on the next page.
- If you do not make changes during the enrollment period, this PERSONAL FACT SHEET will serve as your confirmation statement.

Enrollment Period: October 30–November 16, 2007

4.GM-H-501B ENV# GM10108805001000216

DAVID R. VOLPE
240 BERRY GLEN COURT
ALPHARETTA, GA 30022

Dear DAVID R. VOLPE:

This **PERSONAL FACT SHEET** shows your 2008 benefit elections and the contribution amounts for each option. Remember, if you do not make any changes during the enrollment period, this **PERSONAL FACT SHEET** will serve as your confirmation statement.

Each year you have the opportunity to review and change certain benefit elections based on your current needs. At the close of this enrollment period, you cannot change your 2008 benefit elections, except in the case of a qualified life event change.

In addition to your **PERSONAL FACT SHEET**, the enclosed newsletter highlights changes for 2008. Please review these materials carefully when making your benefit enrollment decisions. Additionally, a detailed Health Care Resource Guide is available for review online in the **Reference Library** by clicking the Enroll Now icon on gmbenefits.com, or by calling the GM Benefits & Services Center at 1-800-489-4646. The number for the TTY Service for the Hearing or Speech Impaired is 1-877-347-5225.

Your current medical option will no longer be available to you. Unless you elect to enroll in a new medical plan during this enrollment period, you will be defaulted into Enhanced PPO (BCBS-US-RS) as shown below.

**YOUR CURRENT ELECTIONS WITH 2008 CONTRIBUTION AMOUNTS**
*This statement reflects your personal information as of October 1, 2007.*

| Plan | Option | Family Status/Coverage Volume | Your 2008 Monthly Contribution After-Tax |
|---|---|---|---|
| Medical | Enhanced PPO (BCBS-US-RS) | Self + Spouse/Domestic Partner | $121.00 |
| Health Savings Account | No Health Savings Account with Bank of America | No Coverage | $0.00 |
| Extended Care Coverage (ECC) | Extended Care Coverage | Self + Spouse/Domestic Partner | $14.00 |
| Dental | Traditional Delta Dental (RS) | Self + Spouse/Domestic Partner | $15.00 |
| Vision | Cole Managed Vision (S) | Self + Spouse/Domestic Partner | $2.00 |
| Basic Life Insurance | 2 X Annual Base Salary | $80,945 | $0.00 |
| Optional Life Insurance | 2 X Annual Base Salary | $177,900 | $76.50 |
| Dependent Life Insurance — Spouse | | $100,000 | $34.00 |
| Personal Accident Insurance — Employee | | $500,000 | $7.50 |
| Personal Accident Insurance — Spouse | | $500,000 | $7.50 |
| **TOTAL MONTHLY CONTRIBUTIONS** | | | **$277.50** |

Note: The (S) or (RS) after a benefit option is used for administrative purposes only.
Note: If applicable, you may decrease or cancel your contributory life insurance coverages; however, you may not increase your coverage or enroll in new coverage.

gmbenefits.com

4.GM-H-501B
3.GM-H-405A/ 319991.001

Page 3

FESCOHO8_GM10108805_11_PFS_ANNUAL
GM10108805001000216