**HEARING DATE AND TIME: March 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 24, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, f/k/a General Motors Corp., *et al.* | : | **09-50026 (REG)** |
| Debtors. | : | **(Jointly Administered)** |

# NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULES 9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

PLEASE TAKE NOTICE that upon the annexed Motion, dated February 17, 2011 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), for an order, pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure, enlarging the time within which to file notices of removal of related proceedings, all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 3, 2011 at 9:45 a.m. (Eastern Time),**

US_ACTIVE:\43633187\01\72240.0635

or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **February 24, 2011, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       February 17, 2011

                                                */s/ Joseph H. Smolinsky*
                                                Harvey R. Miller
                                                Stephen Karotkin
                                                Joseph H. Smolinsky

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                Attorneys for Debtors
                                                and Debtors in Possession

**HEARING DATE AND TIME: March 3, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: February 24, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                               :    **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                        :
                   **Debtors.**         :    **(Jointly Administered)**
                                        :
------------------------------------------------------------x

# MOTION OF DEBTORS FOR
# ENTRY OF AN ORDER PURSUANT TO
# BANKRUPTCY RULES 9006(b) AND 9027
# ENLARGING THE TIME WITHIN WHICH TO FILE
# <u>NOTICES OF REMOVAL OF RELATED PROCEEDINGS</u>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1. Under the Debtors' proposed Amended Joint Chapter 11 Plan (as may be amended, modified, supplemented, or restated from time to time, the "**Plan**"),[1] the Debtors, through the newly formed GUC Trust, will continue to resolve claims, including using the ADR Procedures to resolve Unliquidated Litigation Claims. As discussed more fully below, due to the nature of these claims and the mechanics of the ADR Procedures, the Debtors are currently unable to make determinations as to whether pending litigations that are the subject of unresolved claims should be removed. By this Motion, the Debtors request issuance of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), extending the Debtors' time, under Bankruptcy Rule 9027(a), to file notices of removal (the "**Removal Period**") of the civil actions and proceedings in state and federal courts to which the Debtors are parties (the "**Civil Actions**") until the date that is one year after the date on which the Debtors confirm a chapter 11 plan, subject to the right to seek further extensions.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**The Relief Requested Should Be Approved by the Court**

3. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

---

[1] A copy of the Plan can be found at ECF No. 8015. Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

4. Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

5. Bankruptcy Rule 9006 permits the Court to enlarge the Removal Period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

6. Pursuant to Bankruptcy Rules 9027 and 9006(b), on August 29, 2009, this Court entered an Order (ECF No. 3860) enlarging the time within which the Debtors may file notices of removal of Civil Actions until the date an order is entered confirming a chapter 11 plan in the Debtors' chapter 11 cases.

7. The hearing to confirm the Plan is presently set to begin on March 3, 2011. Accordingly, the time within which the Debtors must file motions to remove any pending prepetition Civil Actions has not yet expired, but may expire in the near future.

8. The Debtors are party to thousands of prepetition Civil Actions pending in courts across the country. Given the number and variety of Civil Actions, and the significant amount of time and effort the Debtors have had to devote to other aspects of these chapter 11 cases, the Debtors have not been able to analyze and make a determination regarding the removal of each of the Civil Actions.

9. Additionally, the Debtors have been addressing many of the proofs of claim filed in these chapter 11 cases arising from the Civil Actions via the ADR Procedures, approved by Orders of this Court dated February 23, 2010 (ECF No. 5037) and October 25, 2010 (ECF No. 7558). The ADR Procedures expressly provide that at the conclusion of the ADR Procedures, certain Unliquidated Litigation Claims shall proceed to litigation in the courts in which they are pending, "subject to the Debtors' right to seek removal." (ECF No. 7558, Ex. A at 24.) Because the ADR Procedures are ongoing as to a large number of proofs of claim arising from the Civil Actions, the Debtors require further time to determine whether removal will be necessary or prudent for the Civil Actions underlying unresolved claims, including any Unliquidated Litigation

Claims. The Debtors' adversaries will not be prejudiced by the requested extension because removal is contemplated in the ADR Procedures and, as such, all claimants subject to the ADR Procedures are on notice that their claims may be removed.

10. As the Court is aware, most of the Civil Actions involve personal injury and wrongful death claims. Because the liquidation of such claims is not subject to the jurisdiction of this Court, removal of actions from state to federal court is a critical right that the Debtors and the GUC Trust Administrator cannot lose.

11. As demonstrated by this Court's August 29, 2009 Order enlarging the time within which to file notices of removal, it is well established that this Court is authorized to enlarge the Removal Period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See also In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that a bankruptcy court's power to grant extension of removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (expansion of time to file notices of removal is authorized under Bankruptcy Rules); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that Supreme Court intended to give bankruptcy judges power to enlarge filing periods set forth in Bankruptcy Rule 9027(a)). Likewise, this Court has previously allowed debtors to remove prepetition actions after confirmation of a chapter 11 plan. *See, e.g.*, *In re Bally Total Fitness*, 2007 Bankr. LEXIS 4729, at *64 (Bankr.

S.D.N.Y. Sept. 17, 2007) (extending removal deadline to ninety (90) days after plan effective date).

12. The Debtors have not yet been able to make a determination regarding removal of each of the Civil Actions. This is in part because it would not be efficient and would be extremely costly to evaluate the benefits of removal before it is known whether the ADR Procedures have been successful, and whether settlements could be reached, as to Unliquidated Litigation Claims. Accordingly, the Debtors request that the Removal Period be extended until the date that is one year after the date on which the Debtors confirm a chapter 11 plan. The proposed time extension will provide additional time to allow them to continue the ADR Procedures and, if necessary, to consider, and make decisions concerning, the removal of the Civil Actions. The Debtors anticipate that the GUC Trust Administrator will seek further extensions of the removal period unless it has concluded the ADR Procedures as to all remaining Unliquidated Litigation Claims prior to the expiration of the requested extension.

## Notice

13. Notice of this Motion has been provided to parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 17, 2011

                                            */s/ Joseph H. Smolinsky*
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
**In re**                                           :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :     **09-50026 (REG)**
    f/k/a **General Motors Corp.,** *et al.*  :
:
                            Debtors.        :     **(Jointly Administered)**
:
-----------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY RULES**
**9006(b) AND 9027 ENLARGING THE TIME WITHIN WHICH**
**TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Upon the Motion, dated February 17, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure, for entry of an order enlarging the time within which to file notices of removal of related proceedings, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, or the Plan, as applicable.

ORDERED that the time provided by Bankruptcy Rule 9027 within which the Debtors, or the GUC Trust Administrator, as appropriate, may file notices of removal of Civil Actions is extended until the date that is one year after the date on which the Debtors confirm a chapter 11 plan subject to the rights of the Debtors, or the GUC Trust Administrator to seek further extensions; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      [_____], 2011

_____
United States Bankruptcy Judge