Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF THE DEBTORS FOR ENTRY OF**
**AN ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE DEBTORS**
**TO ASSUME AND ASSIGN CERTAIN CONTRACTS TO THE ENVIRONMENTAL**
**RESPONSE TRUST CONDITIONED ON AND AS OF THE EFFECTIVE DATE**

PLEASE TAKE NOTICE that upon the annexed Motion, dated February 17,

2011 (the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), for an order

authorizing the Debtors to assume and assign certain contracts to the Environmental Response

Trust, on and as of the effective date of the Debtors' proposed Amended Joint Chapter 11 Plan,

pursuant to section 365 of title 11, United States Code (the "**Bankruptcy Code**"), and Rule 6004

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), all as more fully set

forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 3**, **2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York

10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and

Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of

New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New

York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin &

Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding

asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:

Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100,

Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi)

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.

Trafelet in his capacity as the legal representative for future asbestos personal injury claimants,

2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert

T. Brousseau, Esq.), so as to be received no later than **February 24, 2011, at 4:00 p.m. (Eastern

Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated: New York, New York
      February 17, 2011


/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
      f/k/a General Motors Corp., et al.:
                                        :
                      Debtors.          :    (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN CONTRACTS TO THE ENVIRONMENTAL RESPONSE TRUST CONDITIONED ON AND AS OF THE EFFECTIVE DATE

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

### Relief Requested

1.      Pursuant to the Debtors' proposed Amended Joint Chapter 11 Plan, dated

December 7, 2010 (ECF No. 8015) (as such may be amended, supplemented, modified, and

restated from time to time, the "**Plan**"), the Debtors will be creating an Environmental Response

Trust (the "**ERT**") to hold, manage, and dispose of the properties (the "**Properties**") set forth on

**Attachment A** to that certain Environmental Response Trust Consent Decree and Settlement

Agreement (as defined below), entered into between the Debtors and various governmental units,

and pending approval under the Plan.  In order to facilitate a smooth transition upon the effective

date of the Plan, the trustees of the ERT must have the benefits of certain of the Debtors'

contracts relating to the Properties.  As the Debtors will no longer have a use for these contracts,

the Debtors wish to assign them to the ERT.

2.      By this Motion, the Debtors hereby request authorization, pursuant to

section 365 of title 11, of the United States Code (the "**Bankruptcy Code**"), and Rule 6004 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to assume those certain

lease, brokerage, maintenance, partnership, operating, easement, access, and license agreements

(collectively, the "**Contracts**") identified on **Exhibit A** annexed hereto, and assign those

Contracts to the ERT on the effective date of the Plan.  A proposed form of order is annexed

hereto as **Exhibit B**.

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

A.      *The Environmental Response Trust*[1]

4.      Since the date on which the Debtors filed their petitions for relief in the

above captioned chapter 11 cases (the "**Commencement Date**") the Debtors have been assessing

---

[1] The following is a summary of certain terms of the Plan with respect to the Environmental Response Trust and should not be construed to modify or amend either the Plan or the Environmental Trust Consent Decree and Settlement Agreement.

the costs to remediate environmental contamination at the Debtors' various Properties that were

no longer integral to the Debtors' operations and that would not be sold as part of the sale of

substantially all of their assets.  This assessment was done in concert with federal and state

government authorities (collectively, the "**Governmental Units**") to ensure that the Debtors

would have sufficient funds throughout the duration of the chapter 11 cases, and after

confirmation of the Plan, to conduct appropriate remediation at the Properties.  Subsequently, the

Debtors and the Governmental Units came to an agreement regarding the scope of the Debtors'

environmental remedial obligations with respect to the Properties and settled the Debtors'

administrative expense liability for cleanup of the Properties.

5.      On October 20, 2010, the United States lodged with the Court the

Environmental Response Trust Consent Decree and Settlement Agreement (ECF No. 7452) (the

"**Settlement Agreement**") (a copy of which is annexed to the Plan as **Exhibit C**), which

provides for the formation of the ERT and further provides that the Debtors will fund the ERT

with over $500 million to cover remedial and Governmental Unit oversight costs for the

Properties, and $262 million to fund various administrative activities of the ERT.  The

Settlement Agreement will be approved as part of the confirmation hearing on the Plan.

B.      *The Executory Contracts*

6.      The Debtors have undergone a comprehensive review of their executory

contracts to determine which contracts to assume and which to reject.  Because the Properties to

which the Contracts pertain will be transferred to the ERT upon confirmation of the Plan, the

Debtors will no longer benefit from or require these Contracts.  Furthermore, because the

Contracts are essential to the administration, maintenance, and management of the Properties, the

Debtors have determined, in consultation with the proposed trustees of the ERT and in the

exercise of their sound business judgment, that the Contracts that are the subject of this Motion

should be assumed and assigned to the ERT, on and as of the effective date of the Plan.

## The Relief Requested Should Be Approved by the Court

A.    *Assumption and Assignment Of the Contracts*
      *Is a Sound Exercise of the Debtors' Business Judgment*

7.    The Contracts identified on **Exhibit A** are executory contracts.  Section

365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to

the court's approval, may assume or reject any executory contract or unexpired lease of the

debtor."  11 U.S.C. § 365(a).  *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984);

*In re Levigne*, 114 F.3d 379, 386 (2d Cir. 1997).  In determining whether an executory contract

or unexpired lease should be assumed, courts apply the "business judgment" test.  *Orion Pictures*

*Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir.

1993); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir.

1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase

its cost, interfere with the Bankruptcy Code's provision for private control of administration of

the estate, and threaten the court's ability to control a case impartially"); *In re Helm*, 335 B.R.

528, 538 (Bankr. S.D.N.Y. 2006) ("The decision to assume or reject an executory contract is

within the sound business judgment of the debtor-in-possession . . . .").

8.    Courts defer to a debtor's business judgment in assuming and assigning an

executory contract, and upon finding that a debtor has exercised its sound business judgment,

approve the assumption and assignment under section 365(a) of the Bankruptcy Code.  *See*

*Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion*

*Pictures*, 4 F.3d at 1099, *In re Child World, Inc.*, 142 B.R. 87, 89-90 (Bankr. S.D.N.Y. 1992).

9.      The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract will benefit the debtor's estate.  *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)) *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993); *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986) (where the debtor articulates a reasonable basis for its business decisions, courts will generally not entertain objections to the debtor's conduct).

10.     In this case, assumption and assignment of the Contracts to the ERT is in the best interests of the Debtors' estates, and a reasonable exercise of the Debtors' business judgment.  Once the Properties are transferred to the ERT, the Debtors will have no further interest in the Properties or use for the Contracts.  The ERT, however, will have a continuing need for the various administrative and maintenance Contracts that pertain to the Properties so that the Properties can be appropriately remediated and ultimately sold and put to beneficial use in the future.  The assumption and assignment of the Contracts to the ERT will also benefit the Debtors' estates by relieving them of any potential rejection damages claims.  Simply put, because the Contracts have no further value to the Debtors, they should be permitted to assume and assign the Contracts to the ERT.

B.      *The Debtors Will Cure Any*
        *Monetary Defaults Upon Assumption*

11.     Section 365(b) of the Bankruptcy Code establishes certain conditions that must be satisfied prior to the assumption of an executory contract if the contract contains a default:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12.     Certain defaults, however, need not be cured and do not require the debtor to provide adequate assurance of future performance.  Specifically, section 365(b)(2) provides an exception to the requirements of section 365(b)(1) for certain defaults:

(2) Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title; [or]

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement . . .

11 U.S.C. § 365(b)(2).  The purpose of section 365(b)(2) is to ensure that "the requirements of section 365(b)(1) do not apply to defaults triggered by provisions relating to the insolvency or financial condition of the debtor, the commencement of a Chapter 11 case, or the appointment of a trustee in the case or a custodian before the case."  *L.R.S.C. Co. v. Rickel Home Cents., Inc. (In re Rickel Home Cents.)*, 209 F.3d 291, 298 (3d Cir. 2000).

13.     The only events of default that could need be cured by the Debtors to satisfy section 365(b) of the Bankruptcy Code are payment defaults.  However, the Debtors have

verified that there are currently no outstanding amounts owed to the Contract counterparties and, therefore, that they need to make no cure payments. If no objection is asserted with respect to the proposed cure amounts set forth on **Exhibit A**, the counterparty should be forever barred from asserting claims arising from defaults prior to the effective date of assumption; *provided*, *however*, that the Debtors shall continue to make payments under the Contracts in the ordinary course of business.

14.     Another event of default that may be asserted by the Contract counterparties is the commencement of the above captioned chapter 11 cases by the Debtors. Pursuant to section 365(b)(2), however, the Debtors do not need to cure such defaults because they are unenforceable *ipso facto* provisions that are based upon the commencement of a case under the Bankruptcy Code. *See Summit Inv. and Dev. Corp. v. LeRoux (In re LeRoux)*, 69 F.3d 608, 610 (1st Cir. 1995); *In re Texaco Inc.*, 73 B.R. 960, 965 (Bankr. S.D.N.Y. 1987) (holding that counterparty could not accelerate notes because such right was only triggered upon a bankruptcy default clause, which was void pursuant to section 365(e)(1)); s*ee also In re Ernie Haire Ford, Inc.*, 403 B.R. 750, 759 (Bankr. M.D. Fla. 2009) (holding that counterparty's enforcement of right to terminate contract at will was unenforceable under section 365(e)(1) where the sole basis for termination was the debtor's bankruptcy filing).

C.     *Adequate Assurance of Future
        Performance by the Assignee Has Been Provided*

15.     Pursuant to 365(f)(2) of the Bankruptcy Code, the trustee may only assign an executory contract if "adequate assurance of future performance by the assignee of such contract or lease is provided." 11 U.S.C. § 365(f)(2). Under section 365(f)(2), the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *Carlisle Homes, Inc. v. Arrari (In re*

*Carlisle Homes, Inc.*), 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (internal citations omitted); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (explaining that adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent).  Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned.  *See In re Bygraph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (holding that adequate assurance of future performance is present when prospective assignee of lease has financial resources and expressed willingness to devote sufficient funding to business to give it strong likelihood of succeeding; chief determinant of adequate assurance is whether rent will be paid).

16.     As stated above, pursuant to the Plan, the Debtors have committed to fund the ERT with approximately $262 million to finance the various administrative needs and activities of the ERT, including satisfying all projected obligations under the Contracts.  These funds are in addition to the funds available for remediation activities.  Because the ERT will be more than adequately funded, each Contract counterparty has adequate assurance of future performance by the assignee.

### Waiver of Bankruptcy Rules 6004(a) and (h)

17.     To implement the foregoing immediately, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

18.     Notice of this Motion has been provided to the parties to the Contracts in the attached **Exhibit A**, and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and

Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that

such notice is sufficient and no other or further notice need be provided.

          19.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

          WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       February 17, 2011

          /s/ Joseph H. Smolinsky
          Harvey R. Miller
          Stephen Karotkin
          Joseph H. Smolinsky

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

**<u>Exhibit A</u>**
**(Contracts)**

**Exhibit 3V**

**Executory Contracts**

|   | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 1. | American Workplace Trucking Centers, Inc. | Easement/ Access/ License Agreement | Hamilton & Industrial SE Vacant Flint, Michigan | 12/15/2006 | Attn: William Morrow, President 5910 Kings Pointe Dr. Rochester, MI 48306-2246 | $0.00 |
| 2. | AYSO Region 766 | Easement/ Access/ License Agreement | 28 Acres - Linden Road Flint, Michigan | 1/1/2000 | Attn: Legal Officer/Bankruptcy Department 5270 Wyndemere Common Square Swartz Creek, MI 48473 | $0.00 |
| 3. | Bitzer Scroll, Inc. | Landlord Lease | One General Motors Circle Syracuse, New York | 2/1/2008 | Attn: Corporate Officer/ Authorized Agent 6731 Collamer Road East Syracuse, NY 13057 | $0.00 |
| 4. | Bogus Swamp Drainage District | Easement/ Access/ License Agreement | 2800 West Saginaw Street Lansing, Michigan | 5/11/1979 | Attn: Legal Officer/Bankruptcy Department 407 North Cedar Street Mason, MI 48854-1012 | $0.00 |
| 5. | Camp Dresser & McKee Inc. | Brokerage | Syracuse, New York | 3/5/2002 | Salina Industrial Power Park Attn: Legal Officer/Bankruptcy Department One General Motors Drive, Suite 2 Syracuse, NY 13206 | $0.00 |
| 6. | Capital Area Transportation Authority | Easement/ Access/ License Agreement | 2800 West Saginaw Street Lansing, Michigan | 7/25/2007 | St. Vincent Catholic Charities Attn: Legal Officer/Bankruptcy Department 2800 W. Willow St. Lansing, MI 48917-1833 | $0.00 |
| 7. | Carrier Creek Drain Drainage District #326 | Easement/ Access/ License Agreement | Central Circle Drive (a/k/a 2901 S. Canal Rd.) Eaton, Michigan | | Carrier Creek Drain Drainage District #326 1045 Independence Blvd. Attn: Brady Harrington Charlotte, MI 48813 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 8. | Carrier Creek Drain Drainage District #326 | Easement/ Access/ License Agreement | Central Circle Drive (a/k/a 2901 S. Canal Rd.) Eaton, Michigan | | Carrier Creek Drain Drainage District #326 1045 Independence Blvd. Attn: Brady Harrington Charlotte, MI 48813 | $0.00 |
| 9. | Centerpoint Associates Limited Partnership | Landlord Lease | Parts of Centerpoint Area Pontiac, Michigan | 6/18/1996 | Attn:  Corporate Officer/ Authorized Agent 29100 Northwestern Highway Suite 200 Southfield, MI 48034 | $0.00 |
| 10. | Charter Township of Lansing, West Side Water Supply | Easement/ Access/ License and Amendment/ Continuation | 2801 West Saginaw Street Lansing, Michigan | 6/19/1986 | Charter Township Of Lansing West Side Water Supply Attn:  Legal Officer/Bankruptcy Department 3209 W Michigan Ave. Lansing, MI 48917-2921 | $0.00 |
| 11. | City of Flint | Easement/ Access/ License and Amendment/ Continuation | 902 East Hamilton Avenue Flint, Michigan | 12/4/1967 | City Of Flint Attn:  Legal Officer/Bankruptcy Department 902 E. Hamilton Ave. Flint, MI 48550-0001 | $0.00 |
| 12. | City of Flint | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 4/20/1960 | City Of Flint Attn:  Legal Officer/Bankruptcy Department 902 E. Hamilton Ave Flint, MI 48550-0001 | $0.00 |
| 13. | City of Pontiac | Easement/ Access/ License and Amendment/ Continuation | Parts of Centerpoint Area Pontiac, Michigan | 6/1/1995 | City Of Pontiac Department Of Public Services Attn: Roderyck B. Blake 47450 Woodward Ave. Pontiac, MI 48342-5009 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 14. | City of Pontiac | Easement/ Access/ License Agreement | Parts of Centerpoint Area Pontiac, Michigan | 6/1/1995 | City Of Pontiac Department Of Public Services Attn: Roderyck B. Blake 47450 Woodward Ave. Pontiac, MI 48342-5009 | $0.00 |
| 15. | City of Pontiac | Easement/ Access/ License and Amendment/ Continuation | Parts of Centerpoint Area Pontiac, Michigan | 6/1/1995 | City Of Pontiac Attn: Thomas E. Hunter, Deputy City Attorney 47450 Woodward Ave Pontiac, MI 48342-5009 | $0.00 |
| 16. | City of Pontiac | Easement/ Access/ License and Amendment/ Continuation | 2100 South Opdyke Road Pontiac, Michigan | 9/14/1995 | City of Pontiac Attn:  Legal Officer/Bankruptcy Department 450 Wide Track Drive, East Pontiac, MI 48058 | $0.00 |
| 17. | City of Pontiac | Easement/ Access/ License Agreement | Roadways@ Centerpoint Business Pontiac, Michigan | 1/19/1994 | City of Pontiac Attn:  Legal Officer/Bankruptcy Department 55 Wessen Street Pontiac, MI 48341 | $0.00 |
| 18. | Clark Street Redevelopment Five, LLC | Partnership Agreement | Former Cadillac Site Detroit, Michigan | 6/1/1998 | Smith Group Development, Inc. Attn:  Corporate Officer/Authorized Agent 150 W Jefferson Ave., Ste. 100 Detroit, MI 48226-4452 | $0.00 |
| 19. | Clark Street Redevelopment Four, LLC | Partnership Agreement | Former Cadillac Site Detroit, Michigan | 8/1/1998 | Smith Group Development, Inc. Attn:  Corporate Officer/Authorized Agent 150 W Jefferson Ave., Ste. 100 Detroit, MI 48226-4452 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 20. | Clark Street Redevelopment One, LLC | Partnership Agreement | Former Cadillac Site Detroit, Michigan | 6/1/1998 | Smith Group Development, Inc. Attn: Corporate Officer/Authorized Agent 150 W Jefferson Ave., Ste. 100 Detroit, MI 48226-4452 | $0.00 |
| 21. | Clark Street Redevelopment Three, LLC | Partnership Agreement | Former Cadillac Site Detroit, Michigan | 10/1/1998 | Smith Group Development, Inc. Attn: Corporate Officer/Authorized Agent 150 W Jefferson Ave., Ste. 100 Detroit, MI 48226-4452 | $0.00 |
| 22. | Clark Street Redevelopment, LLC | Partnership Agreement | Former Cadillac Site Detroit, Michigan | 1/1/1998 | Smith Group Development, Inc. Attn: Corporate Officer/Authorized Agent 150 W Jefferson Ave., Ste. 100 Detroit, MI 48226-4452 | $0.00 |
| 23. | Consolidated Rail Corporation | Easement/ Access/ License Agreement | 2800 West Saginaw Street Lansing, Michigan | 11/1/1951 | Consolidated Rail Corporation Attn: Corporate Officer/Authorized Agent 2801 West Saginaw Street Lansing, MI 48912 | $0.00 |
| 24. | Consolidated Rail Corporation | Easement/ Access/ License Agreement | 2801 West Saginaw Street Lansing, Michigan | 8/1/1953 | Consolidated Rail Corporation Attn: Corporate Officer/Authorized Agent 2801 West Saginaw Street Lansing, MI 48912 | $0.00 |
| 25. | Consumers Power Company | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 5/12/1952 | Consumers Power Company Attn: Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 26. | Consumers Power Company | Easement/ Access/ License and Amendment/ Continuation | 902 East Hamilton Avenue Flint, Michigan | 5/9/1957 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 27. | Consumers Power Company | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 5/9/1957 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 28. | Consumers Power Company | Easement/ Access/ License and Amendment/ Continuation | 902 East Hamilton Avenue Flint, Michigan | 7/1/1966 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 29. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 11/20/1987 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 30. | Consumers Power Company | Easement/ Access/ License Agreement | 200 South Boulevard West Pontiac, Michigan | 2/3/1977 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 31. | Consumers Power Company | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 8/8/1980 | General Motors Corporation Attn: Director Of Retail Real Estate 3044 W Grand Blvd. Detroit, MI 48202-3009 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 32. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 10/26/1970 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 33. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 9/22/1972 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 34. | Consumers Power Company | Easement/ Access/ License and Amendment/ Continuation | 902 East Hamilton Avenue Flint, Michigan | 11/1/1967 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 35. | Consumers Power Company | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 11/1/1967 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 36. | Consumers Power Company | Maintenance Agreement | 902 East Hamilton Avenue Flint, Michigan | 11/1/1967 | Consumers Power Company Attn:  Corporate Officer/Authorized Agent 212 W Michigan Ave. Jackson, MI 49201-2236 | $0.00 |
| 37. | Consumers Power Company | Easement/ Access/ License Agreement | 200 South Boulevard West Pontiac, Michigan | 2/3/1977 | General Motors Corporation Attn:  Corporate Officer/Authorized Agent 3044 W Grand Blvd. Detroit, MI 48202-3009 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 38. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 8/31/1978 | General Motors Corporation Attn:  Corporate Officer/Authorized Agent 485 W. Milwaukee St. 9th Floor, Argonaut "A" Building Detroit, MI 48202-3220 | $0.00 |
| 39. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 8/31/1987 | Harold W. Nestle 300 36th St. SW MC 495-300-00 Grand Rapids, MI 49548-2107 | $0.00 |
| 40. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 10/1/1987 | Harold W. Nestle 300 36th St. SW MC 495-300-00 Grand Rapids, MI 49548-2107 | $0.00 |
| 41. | Consumers Power Company | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 9/1/1988 | Harold W. Nestle 300 36th St. SW MC 495-300-00 Grand Rapids, MI 49548-2107 | $0.00 |
| 42. | County of Genesee, Michigan | Easement/ Access/ License Agreement | 1245 Coldwater Road Flint, Michigan | 10/3/2005 | County Of Genesee, Michigan Attn:  Legal Officer/Bankruptcy Department G-4610 Beecher Road Flint, MI 48532 | $0.00 |
| 43. | County of Genesee, Michigan | Easement/ Access/ License Agreement | 1245 Coldwater Road Flint, Michigan | 10/3/2005 | County Of Genesee, Michigan Attn:  Legal Officer/Bankruptcy Department G-4610 Beecher Road Flint, MI 48532 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 44. | CSX Transportation, Inc. | Easement/ Access/ License Agreement | Route 37 East Massena, New York | 2/15/2002 | CSX Transportation, Inc. Karen E. Mohler 500 Water Street Jacksonville, FL 32202 | $0.00 |
| 45. | CSX Transportation, Inc. | Easement/ Access/ License Agreement | One General Motors Circle Syracuse, New York | 1/21/2004 | CSX Transportation, Inc. Attn: Karen E. Mohler 500 Water St Jacksonville, FL 32202-4423 | $0.00 |
| 46. | CSX Transportation, Inc. | Easement/ Access/ License Agreement | One General Motors Circle Syracuse, New York | 1/21/2004 | Roth Global Plastics, Inc. John C. Pezzi 1 General Motors Drive Syracuse, NY 13206 | $0.00 |
| 47. | Detroit Edison Company | Easement/ Access/ License Agreement | Former Cadillac Site Detroit, Michigan | 11/18/2004 | Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Detroit, MI 48226 | $0.00 |
| 48. | Detroit Edison Company | Easement/ Access/ License Agreement | Parts of Centerpoint Area Pontiac, Michigan | 3/4/1986 | Michigan Bell Telephone Company Attn: Corporate Officer/Authorized Agent 1565 Cass Avenue Detroit, MI 48226 | $0.00 |
| 49. | Erie-Lackawanna Railroad Company | Easement/ Access/ License and Amendment/ Continuation | 2525 W. Fourth Street Mansfield, Ohio | 12/31/1956 | Erie-Lackawanna Railroad Company Attn: Corporate Officer/Authorized Agent 5088 Tallow Point Road Tallahassee, FL 32309 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 50. | Erie-Lackawanna Railroad Company | Easement/ Access/ License Agreement | 2525 W. Fourth Street Mansfield, Ohio | 12/31/1956 | Erie-Lackawanna Railroad Company Attn: Corporate Officer/Authorized Agent 5088 Tallow Point Road Tallahassee, FL 32309 | $0.00 |
| 51. | Etkin Equities, Inc. | Easement/ Access/ License Agreement | Roadways@ Centerpoint Business Pontiac, Michigan | 1/19/1994 | Attn: Corporate Officer/Authorized Agent 450 Wide Track Drive, East Pontiac, MI 48058 -and- Attn: Corporate Officer/Authorized Agent 55 Wessen Street Pontiac, MI 48341 | $0.00 |
| 52. | Fralo Plastech Manufacturing, LLC | Landlord Lease and Amendment/ Continuation | One General Motors Circle Syracuse, New York | 12/9/2002 | Attn: Corporate Officer/Authorized Agent One General Motors Drive, Syracuse, NY 13206 | $0.00 |
| 53. | Grand Trunk Railroad | Easement/ Access/ License Agreement | 200 South Boulevard West Pontiac, Michigan | 7/20/1977 | General Motors Corporation Attn: Corporate Officer/Authorized Agent 3044 W Grand Blvd. Detroit, MI 48202-3009 | $0.00 |
| 54. | Grand Trunk Western Railway Company | Easement/ Access/ License Agreement | 200 South Boulevard West Pontiac, Michigan | 7/20/1977 | Grand Trunk Western Railway Company Attn: Corporate Officer/Authorized Agent 131 W Lafayette Blvd. Detroit, MI 48226-2600 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 55. | Grand Trunk Western Railroad Company | Landlord Lease | 200 South Boulevard West Pontiac, Michigan | 8/20/1970 | Grand Trunk Western Railroad Company Attn:  Corporate Officer/Authorized Agent 131 W Lafayette Blvd. Detroit, MI 48226-2600 | $0.00 |
| 56. | Grand Trunk Western Railroad Company | Easement/ Access/ License and Amendment/Continuation | 2100 South Opdyke Road Pontiac, Michigan | 10/23/1972 | Grand Trunk Western Railroad Company Attn:  Corporate Officer/Authorized Agent 131 W Lafayette Blvd. Detroit, MI 48226-2600 | $0.00 |
| 57. | Grand Trunk Western Railroad Company | Easement/ Access/ License and Amendment/Continuation | 200 South Boulevard West Pontiac, Michigan | 8/20/1970 | Grand Trunk Western Railroad Company Attn:  Corporate Officer/Authorized Agent 131 W Lafayette Blvd. Detroit, MI 48226-2600 | $0.00 |
| 58. | Hyatt Hills Golf Course Commission | Operating Agreement | 1300 Raritan Road Clark, New Jersey | 8/20/2002 | 1300 Raritan Road Attn:  Corporate Officer/Authorized Agent P.O. Box 5663 Clark, NJ 07066 -and- Rogut Mccarthy PC Attn:  Legal Officer/Bankruptcy Department 37 Alden Street Cranford, NJ 07016 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 59. | Kansas City Power & light Company | Easement/ Access/ License and Amendment/Continuation | 6817 Stadium Drive Kansas City, Missouri | 6/7/1963 | Kansas City Power & Light Company Attn: Corporate Officer/Authorized Agent P.O. Box 418679 Kansas City, MO 64141 | $0.00 |
| 60. | Klein Steel Service Inc. | Landlord Lease | One General Motors Circle Syracuse, New York | 1/2/2009 | Salina Industrial Powerpark Attn: Corporate Officer/Authorized Agent 1 General Motors Drive Syracuse, NY 13206 | $0.00 |
| 61. | Lansing Board of Water and Light | Easement/ Access/ License Agreement | 2800 West Saginaw Street Lansing, Michigan | 11/4/1996 | Lansing Board Of Water And Light Attn: Legal Officer/Bankruptcy Department 123 West Ottawa Street P.O. Box 13007 Lansing, MI 48901-3007 | $0.00 |
| 62. | Lear K. Simpson and Constance Eileen Simpson | Easement/ Access/ License Agreement | 1451 Lebanon School Road W. Mifflin, Pennsylvania | 7/5/1955 | Lear K. Simpson and Constance Eileen Simpson 578 Euclid Ave. Dravosburg, PA 15034 | $0.00 |
| 63. | Leeds Industrial Park, Inc. | Landlord Lease | 6817 Stadium Drive Kansas City, Missouri | 11/13/2006 | Attn: Corporate Officer/Authorized Agent 6817 Stadium Drive, #2 Kansas City, MO 64129 | $0.00 |
| 64. | New Castle County, State of Delaware | Easement/ Access/ License Agreement | 801 Boxwood Road Wilmington, Delaware | 8/3/1970 | NCC Government Center Attn: Corporate Officer/Authorized Agent 87 Read's Way New Castle, DE 19720 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 65. | New Castle County, State of Delaware | Easement/ Access/ License Agreement | 801 Boxwood Road Wilmington, Delaware | 8/3/1970 | NCC Government Center Attn:  Corporate Officer/Authorized Agent 87 Read's Way New Castle, DE 19720 | $0.00 |
| 66. | New Par d/b/a Verizon Wireless | Easement/ Access/ License Agreement | 660 East South Boulevard Pontiac, Michigan | 2/23/2005 | Attn:  Corporate Officer/Authorized Agent 180 Washington Valley Road Bedminster, NJ 07921 | $0.00 |
| 67. | New York Power Authority | Maintenance Agreement | Massena, New York | 11/30/1992 | New York Power Authority Attn:  Legal Officer/Bankruptcy Department PO Box 2245 Syracuse, NY 13220-2245 | $0.00 |
| 68. | New York Power Authority | Operating Agreement | Massena, New York | 6/23/1992 | New York Power Authority Attn:  Legal Officer/Bankruptcy Department PO Box 2245 Syracuse, NY 13220-2245 | $0.00 |
| 69. | Niagara Mohawk Power Corporation | Easement/ Access/ License Agreement | Townline Road Syracuse, New York | 1/7/1997 | Niagara Mohawk Power Corporation 300 Erie Blvd W. Attn: Supervisor Syracuse, NY 13202-4201 | $0.00 |
| 70. | Niagara Mohawk Power Corporation | Easement/ Access/ License Agreement | Route 37 East Massena, New York | 8/27/2007 | Niagara Mohawk Power Corporation 300 Erie Blvd W. Attn: Supervisor Syracuse, NY 13202-4201 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 71. | Niagara Mohawk Power Corporation | Easement/ Access/ License Agreement | Route 37 East Massena, New York | 1/8/2007 | Niagara Mohawk Power Corporation 300 Erie Blvd W. Attn: Supervisor Syracuse, NY 13202-4201 | $0.00 |
| 72. | Niagara Mohawk Power Corporation | Easement/ Access/ License Agreement | Townline Road Syracuse, New York | 1/7/1997 | Niagara Mohawk Power Corporation 300 Erie Blvd W. Attn: Ron Kuhn Syracuse, NY 13202-4201 | $0.00 |
| 73. | Norfolk Southern Corporation c/o Met Fab Division | Easement/ Access/ License Agreement | 300 36th Street Southwest Grand Rapids, Michigan | 5/8/1973 | Norfolk Southern Corporation c/o Met Fab Division Attn:  Corporate Officer/Authorized Agent 300 36th St. SW Grand Rapids, MI 49548-2107 | $0.00 |
| 74. | Ohio Edison Company | Easement/ Access/ License and Amendment/ Continuation | 2525 W. Fourth Street Mansfield, Ohio | 11/15/1956 | Ohio Edison Company 47 N Main St. Attn:  Corporate Officer/Authorized Agent Akron, OH 44308-1925 | $0.00 |
| 75. | Ohio Edison Company | Easement/ Access/ License and Amendment/ Continuation | 2525 W. Fourth Street Mansfield, Ohio | 9/17/1957 | Ohio Edison Company 47 N Main St. Attn:  Corporate Officer/Authorized Agent Akron, OH 44308-1925 | $0.00 |
| 76. | Onondaga County Water Authority | Easement/ Access/ License and Amendment /Continuation | One General Motors Drive Syracuse, New York | 4/23/1958 | Onondaga County Water Authority 1240 Wolf Street Attn:  Legal Officer/Bankruptcy Department Salina, NY 13208 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 77. | Pyramid Brokerage, Inc. | Operating Agreement | One General Motors Drive Syracuse, New York | 1/1/2000 | Pyramid Brokerage, Inc. Attn: John Clark 5786 Widewaters Pkwy P.O. Box 3 Syracuse, NY 13214 | $0.00 |
| 78. | Red Oak Holdings, Inc. | Easement/ Access/ License Agreement | a/k/a 199 NE 12th Street Miami, Florida | 3/27/1997 | Red Oak Holdings, Inc. President 6101 SW 76th St South Miami, FL 33143-5021 | $0.00 |
| 79. | Remediation and Liability Management Company, Inc. | Easement/ Access/ License Agreement | 12950 Eckles Road Livonia, Michigan | 8/21/2002 | The Detroit Edison Company Director 2000 2nd Ave Detroit, MI 48226-1203 | $0.00 |
| 80. | Remediation and Liability Management Company, Inc. | Easement/ Access/ License Agreement | 28 Acres - Linden Road Flint, Michigan | 12/8/2005 | Attn:  Corporate Officer/Authorized Agent 6249 Covered Wagon Trail Flint, MI 48532 | $0.00 |
| 81. | Remediation and Liability Management Company, Inc. c/o Worldwide Real Estate | Easement/ Access/ License Agreement | 12950 Eckles Road Livonia, Michigan | 8/21/2002 | The Detroit Edison Company Attn: Director 2000 2nd Ave Detroit, MI 48226-1203 | $0.00 |
| 82. | Sinclair Pipe Line Company | Easement/ Access/ License and Amendment/ Continuation | 2525 W. Fourth Street Mansfield, Ohio | 11/20/1957 | Sinclair Pipe Line Company Attn:  Corporate Officer/Authorized Agent P.O. Box 30825 Salt Lake City, UT 84130 | $0.00 |
| 83. | SRCTec, Inc. | Landlord Lease | One General Motors Circle Syracuse, New York | 11/15/2008 | Attn:  Corporate Officer/Authorized Agent 5801 East Taft Road, North Syracuse, NY 13212 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 84. | St. Lawrence Gas Company, Inc. | Easement/ Access/ License and Amendment/ Continuation | Route 37 East Massena, New York | 3/13/1973 | St. Lawrence Gas Company, Inc. Attn:  Corporate Officer/Authorized Agent 42 Main St Massena, NY 13662-1920 | $0.00 |
| 85. | Syracuse Glass Company, Inc. | Landlord Lease and Amendment/ Continuation | One General Motors Circle Syracuse, New York | 5/1/2009 | One General Motors Drive Suite 617 Attn:  Corporate Officer/Authorized Agent P.O. Box 381, Syracuse NY 13206 -and- Shulman Curtin Grunder & Regan P.C. Attn:  Legal Officer/Bankruptcy Department 250 South Clinton Street Suite 502 Syracuse, NY 13202-1262 | $0.00 |
| 86. | The Chesapeake and Ohio Railway Company | Easement/ Access/ License and Amendment/ Continuation | 902 East Hamilton Avenue Flint, Michigan | 2/27/1951 | The Chesapeake And Ohio Railway Company Attn:  Corporate Officer/Authorized Agent 1 Lewis Street Whitesville, WV 25209 | $0.00 |
| 87. | The City of Anderson, Indiana | Easement/ Access/ License Agreement | 2915 Pendleton Avenue Anderson, Indiana | | The City Of Anderson, Indiana Attn:  Legal Officer/Bankruptcy Department 120 E 8th St Anderson, IN 46016-1505 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 88. | The City of Flint, Michigan | Easement/ Access/ License Agreement | 902 East Hamilton Avenue Flint, Michigan | 1/25/2007 | The City Of Flint, Michigan Attn: Legal Officer/Bankruptcy Department 1101 S. Saginaw Street Flint, MI 48502 | $0.00 |
| 89. | The City of Lansing | Easement/ Access/ License Agreement | 2800 West Saginaw Street Lansing, Michigan | 9/16/1968 | City of Lansing Attn: Legal Officer/Bankruptcy Department 123 W Ottawa Street Lansing, MI 48933-1601 | $0.00 |
| 90. | The City of Pontiac | Easement/ Access/ License and Amendment/ Continuation | 2100 South Opdyke Road Pontiac, Michigan | 11/25/1969 | The City Of Pontiac Attn: Legal Officer/Bankruptcy Department 47450 Woodward Ave Pontiac, MI 48342-5009 | $0.00 |
| 91. | The City of Pontiac | Easement/ Access/ License Agreement | 2000 Centerpoint Parkway Pontiac, Michigan | 8/22/1977 | The City Of Pontiac Attn: Legal Officer/Bankruptcy Department 450 Wide Track Drive, East Pontiac, MI 48058 | $0.00 |
| 92. | The City of Pontiac | Easement/ Access/ License Agreement | 200 South Boulevard West Pontiac, Michigan | 2/3/1978 | The City Of Pontiac Attn: Legal Officer/Bankruptcy Department 450 Wide Track Drive, East Pontiac, MI 48058 | $0.00 |
| 93. | The City of Syracuse, New York | Easement/ Access/ License Agreement | One General Motors Circle Syracuse, New York | | The City Of Syracuse Attn: Legal Officer/Bankruptcy Department 233 East Washington Street Syracuse, NY 13202 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 94. | The City of Syracuse, New York | Easement/ Access/ License and Amendment/ Continuation | One General Motors Circle Syracuse, New York | | The City Of Syracuse Attn: Legal Officer/Bankruptcy Department 233 East Washington Street Syracuse, NY 13202 | $0.00 |
| 95. | The Detroit Edison Company | Easement/ Access/ License Agreement | Clark Street & Michigan Avenue Detroit, Michigan | 4/27/1998 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 96. | The Detroit Edison Company | Easement/ Access/ License Agreement | Clark Street & Michigan Avenue Detroit, Michigan | 4/27/1998 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 97. | The Detroit Edison Company | Easement/ Access/ License Agreement | 2100 South Opdyke Road Pontiac, Michigan | 5/10/1996 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 98. | The Detroit Edison Company | Easement/ Access/ License Agreement | 2000 Centerpoint Parkway Pontiac, Michigan | 9/13/1961 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 99. | The Detroit Edison Company | Landlord Lease | 620 South East Boulevard Pontiac, Michigan | 3/15/1955 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 100. | The Detroit Edison Company | Easement/ Access/ License and Amendment/ Continuation | 2000 Centerpoint Parkway Pontiac, Michigan | 7/1/1988 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 101. | The Detroit Edison Company | Easement/ Access/ License and Amendment/ Continuation | 660 East South Boulevard Pontiac, Michigan | 11/28/1950 | The Detroit Edison Company Attn: Corporate Officer/Authorized Agent 2000 Second Avenue Room 2310 Wcb Detroit, MI 48226 | $0.00 |
| 102. | The Kansas City Southern Railway Company | Easement/ Access/ License Agreement | 6817 Stadium Drive Kansas City, Missouri | 6/1/1962 | The Kansas City Southern Railway Company Attn: Corporate Officer/Authorized Agent 427 West 12th Street Kansas City, MO 64105-1403 | $0.00 |
| 103. | The New York Central Railroad Company | Easement/ Access/ License Agreement | One General Motors Circle Syracuse, New York | 3/18/1953 | The New York Central Railroad Company Attn: Corporate Officer/Authorized Agent 230 Park Avenue New York, NY 10169-0005 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 104. | The New York Central Railroad Company | Easement/ Access/ License Agreement | Route 37 East Massena, New York | 1/19/1962 | The New York Central Railroad Company Attn: Corporate Officer/Authorized Agent 230 Park Avenue New York, NY 10169-0005 | $0.00 |
| 105. | The New York Railroad Company | Easement/ Access/ License Agreement | One General Motors Circle Syracuse, New York | 1/21/2004 | The New York Central Railroad Company Attn: Corporate Officer/Authorized Agent 230 Park Avenue New York, NY 10169-0005 | $0.00 |
| 106. | The Village of Tilton, Illinois | Easement/ Access/ License Agreement | 1-74 G Street Daniville, Illinois | | The Village Of Tilton, Illinois Attn: Legal Officer/Bankruptcy Department 201 W 5th St. Tilton, IL 61833-7429 | $0.00 |
| 107. | The Village of Tilton, Illinois | Easement/ Access/ License Agreement | 1-74 G Street Daniville, Illinois | | The Village Of Tilton, Illinois Attn: Legal Officer/Bankruptcy Department 201 W 5th St. Tilton, IL 61833-7429 | $0.00 |
| 108. | The Village of Tilton, Illinois | Easement/ Access/ License Agreement | 1-74 G Street Daniville, Illinois | | The Village Of Tilton, Illinois Attn: Legal Officer/Bankruptcy Department 201 W 5th St. Tilton, IL 61833-7429 | $0.00 |

| | Counterparty Name | Contract Type | Property Address | Start Date | Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 109. | Village of Tilton | Easement/ Access/ License Agreement | 1-74 G Street Daniville, Illinois | | T The Village Of Tilton, Illinois Attn: Legal Officer/Bankruptcy Department 201 W 5th St. Tilton, IL 61833-7429 | $0.00 |
| 110. | Village of Tilton | Easement/ Access/ License Agreement | 1-74 G Street Daniville, Illinois | | The Village Of Tilton, Illinois Attn: Legal Officer/Bankruptcy Department 201 W 5th St. Tilton, IL 61833-7429 | $0.00 |
| 111. | Xstraata Magnesium Corporation | Easement/ Access/ License Agreement | 1820 East 32nd St Anderson, Indiana | 1/16/2001 | Attn: Corporate Officer/Authorized Agent 1820 East 32nd Street Anderson, IN 46013 -and- Brunson & Kahn 300 West Washington, 14th Floor Chicago, IL, 60606 | $0.00 |
| 112. | Xstraata Magnesium Corporation | Easement/ Access/ License Agreement | 1820 East 32nd St Anderson, Indiana | 1/16/2001 | Attn: Corporate Officer/Authorized Agent 1820 East 32nd Street Anderson, IN 46013 -and- Brunson & Kahn 300 West Washington, 14th Floor Chicago, IL, 60606 | $0.00 |

**<u>Exhibit B</u>**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11 Case No.
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.,*           :        **09-50026 (REG)**
       **f/k/a General Motors Corp.,** *et al.*     :
                                                    :
                          **Debtors.**              :        **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN CONTRACTS TO THE ENVIRONMENTAL RESPONSE TRUST CONDITIONED ON AND AS OF THE EFFECTIVE DATE

Upon the Motion, dated February 17, 2011 (the "**Motion**"),[1] of Motors

Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), for an order authorizing the Debtors to assume and

assign certain contracts to the Environmental Response Trust, on and as of the effective date of

the Plan, pursuant to section 365 of title 11, United States Code (the "**Bankruptcy Code**"), and

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), all as more

fully described in the Motion; and due and proper notice of the Motion having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that pursuant to sections 365(a), (b) and (f) of the Bankruptcy Code, the Debtors are hereby authorized to assume the Contracts listed on **Exhibit A** to the Motion, and assign them to the ERT, on and as of the effective date of the Plan; and it is further

ORDERED that in the absence of an objection to the cure amounts set forth on **Exhibit A**, each counterparty to a Contract shall be barred from asserting a claim for any defaults arising prior to the effective date of assumption; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
  _____, 2011


  _____
  United States Bankruptcy Judge