UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et: : | |
| al., f/k/a General Motors Corp., et al. : | Case No. 0950026 REG) |
| : | |
| Debtors : | |

## RESPONSE IN OPPOSITION OF POMPEY DODGE TO DEBTORS' 165TH OMNIBUS OBJECTION TO CLAIMS AND MOTION REQUESTING ENFORCEMENT OF BAR DATE ORDERS

Pompey Dodge, Inc. ("Pompey Dodge"), by its undersigned attorney, hereby files this Response in Opposition to Debtors' 165th Omnibus Objection to Claims and Motion requesting enforcement of bar orders (Document No. 8847) including Respondent's Proof of Claim, Claim No. 70149 (hereinafter the Claim) and in support of allowance of the Claim as timely, states as follows:

### I.    Jurisdiction

1.    This Court has jurisdiction over this matter in accordance with 11 U.S.C. Section 101 and 28 U.S.C. Sections 1157, 1334 and 2075. Determination of whether or not this proof of claim is timely is a "core" proceeding as defined under 28 U.S.C. Section 157(b)(2)(B), without waiver of the rights of respondent under 28 U.S.C. Sections 157(b)(2)(B) and (o), (b)(5) and 1411.

### II.    Background Facts Relative to the Claim

2.    The underlying claim of Sarajuan Gilvary  was filed in the Court of Common Pleas of Philadelphia County Pennsylvania wherein the Plaintiff, Sarajuan Gilvary filed a products liability suit against General Motors and Pompey Dodge on March 29, 2007 alleging she suffered injuries as a result of a design defect in the General

Motors vehicle in which she rode as a passenger that was involved in an accident on April 16, 2005.

3.      At the time that General Motors filed its bankruptcy petition on June 1, 2009, the underlying lawsuit had not proceeded to trial.

4.      Plaintiff Sarajuan Gilvary filed a Motion for Relief from Stay with this Court (Document No. 4541).

5.      At the hearing held on March 2, 2010 on the said Motion, this Honorable Court ruled from the bench granting the Motion for Relief from the Stay filed by Sarajuan Gilvary (Document No. 4541). Counsel for Motors Liquidation Company was present during the hearing.

6.      At the time of the hearing on March 2, 2010, the Court requested counsel for Ms. Gilvary to submit a proposed Order for signature by the Court based on the Court's ruling.

7.      By Order dated and docketed May 20, 2010, this Court (Judge Robert Gerber) granted the Motion for Relief from Stay filed by Sarajuan Gilvary (Document No. 5819). A copy of the Order is attached hereto as Exhibit A.

8.      The  Order of May 20, 2010, Judge Gerber specifically stated at paragraph 5:
"The dealership has 15 business days from the date of entry of this Order to file a protective proof of claim for indemnification if it so chooses."

9.      This paragraph of the Court May 20, 2010 Order incorporated the Court's Order issued orally from the bench on March 2, 2010.

10.      At the hearing before the Court on March 2, 2010, counsel for Motors Liquidation Company was present and objected to the extension to permit Pompey Dodge

to file its protective claim but the Court specifically ordered that the extension would be granted over that objection.

      11.     Pursuant to the Order issued from the bench on March 2, 2010, Pompey Dodge filed a protective proof of claim for indemnification on March 22, 2010.

      12.     The Claim as filed by Pompey Dodge is timely pursuant to the order of Judge Gerber announced from the bench on March 2, 2010.

      13.     The Claim as filed by Pompey Dodge is timely pursuant to the order of Judge Gerber dated May 20, 2010.

      14.     Respondent hereby seeks allowance of its claim in accordance with the specific Order of May 20, 2010 of this Court.

**III.  Argument**

      15.     The Claim as filed by Pompey Dodge is timely pursuant to the order of Judge Gerber announced from the bench on March 2, 2010.

      16.     The Claim as filed by Pompey Dodge is timely pursuant to the order of Judge Gerber dated May 20, 2010.

      **WHEREFORE,** Pompey Dodge requests this Honorable Court uphold its Order of May 20, 2010 finding that its Claim (Claim No. 70149) is timely.

Respectfully Submitted,
**KENNEDY, CAMPBELL, LIPSKI
& DOCHNEY**

NANCY E. CAMPBELL, ESQUIRE
Attorney for Defendant
Pompey Dodge, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Nancy E. Campbell, Esq., do hereby certify that a true and correct copy of the

Foregoing Objection to Stipulation and Agreed Order Resolving Motion of Sarajuan

Gilvary for Relief from the Automatic Stay to Continue a Separate Litigation was served

via first-class mail postage prepaid and/or electronic mail, to counsel listed below:


Harvey R. Miller, Esquire
Stephen Karotkin, Esquire
Joseph H. Smolinsky, Esquire
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY  10153

Thomas Morrow
c/o Motors Liquidation Company
401 South Old Woodward Avenue, Suite 370
Birmingham, MI  48009

Lawrence S. Buonomo, Esquire
General Motors, LLC
400 Renaissance Center
Detroit, MI  48265

John J. Rapisardi, Esquire
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY  10281

Joseph Samarias, Esquire
United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, DC  20220

Michael J. Edelman, Esquire
Michael L. Schein, Esquire
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Thomas Moers Mayer, Esquire
Robert Schmidt, Esquire
Lauren Macksoud, Esquire
Jennifer Sharret, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Tracy Hope Davis, Esquire
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

David S. Jones, Esquire
Natalie Kuehler, Esquire
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY  10007

Elihu Inselbuch, Esquire
Rita C. Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue
35th Floor
New York, NY 10152-3500

Trevor W. Swett III, Esquire
Kevin C. Maclay, Esquire
One Thomas Circle, N.W. Suite 1100
Washington, DC 20005

Sander L. Esserman, Esquire
Robert T. Brousseau, Esquire
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201

                                    **KENNEDY, CAMPBELL, LIPSKI**
                                    **& DOCHNEY**


                                    _Nancy E Campbell_
                                    _____
                                    **NANCY E. CAMPBELL, ESQ.**
Dated:  February 18, 2011           Attorney for Pompey Dodge

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,  :    Case No. 09-50026
         f/k/a General Motors Corp., *et al.*,  :
                         Debtors       :
---------------------------------------------------------x

## ORDER

    FOR THE REASONS SET FORTH ON THE RECORD during a hearing conducted on March 2, 2010:

1. The Motion for Relief from Stay filed by Sarajuan Gilvary (Document No: 4541) is GRANTED;

2. To the extent that 11 U.S.C. § 362 and/or other provisions of the Bankruptcy Code were viewed as an impediment to Movant proceeding against the dealership, Pompey Dodge, Inc., in the case captioned *Sara Gilvary v. Pompey Dodge, Inc. et al.*, Philadelphia County, Pennsylvania, Court of Common Pleas, March Term, 2007 No. 03736, any stay viewed by any Court to exist is hereby LIFTED.

3. For the avoidance of doubt, for the reasons stated in more detail on the record, to the extent that any stays imposed under federal law have been an impediment to pursuit of the state law claims against the dealership, they no longer are.

4. To the extent that any Party or interested person seeks further relief or clarification from the Bankruptcy Court with respect to any matter of federal law, this Court shall retain jurisdiction without prejudice to any party taking or opposing any position before this Court.

5. The dealership has 15 business days from the date of entry of this Order to file a protective proof of claim for indemnification if it so chooses.

Dated: New York, New York
March 2, 2010

Nancy E. Campbell, Esquire                     Eric G. Zajac, Esquire
Kennedy, Lipski & McDade                       ZAJAC & ARIAS, L.L.C.
1818 Market Street, 25th Floor       1818 Market St., 30th Flr.
Philadelphia, Pennsylvania 19103               Philadelphia, PA 19103
Telephone: (215) 430-6350                      Telephone: (215) 575-7615
Fax: (215) 430-6351                            Fax: (215) 575-7640
*Attorneys for Respondent Pompey Dodge, Inc.*   *Attorneys for Movants*
                                                *(Document No. 4541)*

Joseph H. Smolinsky, Esquire
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212 310 8000
Fax: 212 310 8007
*Attorneys for Debtors and Debtors in Possession*

David Jones, Esquire
Asst. U.S. Attorney
Southern District of New York
86 Chambers St., 3rd floor
New York, New York 10007
Telephone: (212) 637 2739
Fax: (212) 637-2686
*Attorneys for the United States Treasury*

So Ordered this _20th_ day of May, 2010.

*s/ Robert E. Gerber*
United States Bankruptcy Judge