*Hearing Date and Time: March 1, 2011 at 9:45 a.m.*
*Response Deadline: February 22, 2011 at 4:00 p.m.*

CARSON FISCHER, P.L.C
Counsel for Lapeer Metal Stamping Companies, Inc.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
David E. Schlackman (P58894)
Patrick J. Kukla (P60465)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :    Chapter 11
                                                            :    Case No.: 09-50026 (REG)
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    (Jointly Administered)
f/k/a General Motors Corporation, et al.                    :
                                                            :
            Debtors.                                        :
------------------------------------------------------------x

## LAPEER METAL STAMPING COMPANIES, INC.'S RESPONSE IN OPPOSITION TO DEBTORS' 161ST OMNIBUS OBJECTION TO CLAIMS

**Lapeer Metal Stamping Companies, Inc.** ("**Lapeer**"), by and through its attorneys, Carson Fischer, P.L.C., hereby states its response in opposition to the Debtors' 161st Omnibus Objection to Claims (the "**Claims Objection**").

### RELIEF REQUESTED

1.  Lapeer requests that the Claims Objection be overruled with respect to Lapeer's general unsecured claim against Motors Liquidation Company (f/k/a General Motors Corporation) ("**Motors**") in the amount of $128,700. The contract giving rise to Lapeer's claim was not assumed and assigned to General Motors LLC ("**New GM**") and, therefore, the claim remains

an obligation of Motors. Accordingly, the Claims Objection should be overruled as to Lapeer.

## BACKGROUND

2. On June 1, 2009 (the **"Petition Date"**), Motors and 3 of its affiliates[1] (collectively, the **"Initial Debtors"**) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc. (the **"Realm/Encore Debtors,"** collectively, with the Initial Debtors, the **"Debtors"**) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. Prior to the Petition Date, Lapeer supplied automotive component parts to Motors.

4. On June 2, 2009, the Court entered an order approving the Initial Debtors' proposed bidding procedures and establishing procedures for the assumption and assignment of executory contracts and unexpired leases [Docket No. 274] (the **"Sale Procedures Order"**).

5. With respect to the assumption and assignment of executory contracts and unexpired leases, the Sale Procedures Order provided that the Initial Debtors were to serve each non-debtor party to an executory contract or unexpired lease that the Initial Debtors intended to assume and assign to New

---

[1] MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

GM, a notice of assumption and assignment of executory contracts and unexpired leases (the **"Assignment Notice"**).

6. Each Assignment Notice was to set forth instructions for accessing information from a contract website (the **"Contract Website"**) containing the contracts to be assumed and assigned as well as the proposed cure amounts.

7. On or around June 12, 2009, Lapeer received the *Notice of (i) Debtors Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure amounts Related Thereto* (the **"Lapeer Assignment Notice"**), which indicated that the Initial Debtors intended to assume and assign 143 alleged agreements of the Initial Debtors with Lapeer (the **"Lapeer Contracts"**) and proposed an aggregate cure amount of $134,611.64 (the **"Proposed Cure Amount"**).

8. On June 12, 2009, Lapeer timely filed an objection (**"Objection to Assumption"**) [Docket No. 890] to the Lapeer Assignment Notice. On June 17, 2009, Lapeer filed an amended objection to the Lapeer Assignment Notice (the **"Amended Objection to Assumption"**) [Docket No. 1664]. The Amended Objection to Assumption included the Affidavit of Peter J. Martz (the **"Martz Affidavit"**), the President of Lapeer.

9. The bases for the Objection to Assumption and Amended Objection to Assumption were that prior to the Petition Date, Lapeer had ceased all business operations, had sold substantially all of its operating assets and, as of

the Petition Date, there were no executory contracts in effect between Lapeer and the Initial Debtors.

10. As set forth in Lapeer's Amended Objection to Assumption and the Martz Affidavit, in connection with the sale of substantially all of its operating assets, Lapeer entered into a certain Asset Purchase Closing Agreement with L&W, Inc. d/b/a L&W Engineering Co., Inc. ("**L&W**") (the "**Asset Purchase Closing Agreement**"), pursuant to which Lapeer sold and conveyed to L&W certain of Lapeer's assets which were used in the manufacture of component parts for Debtors.

11. In connection with the Asset Purchase Closing Agreement, Lapeer, Initial Debtors and L&W executed a certain Agreement Regarding Sale Transaction, dated August 27, 2008, which stated, in pertinent part, "[Initial Debtors]...hereby agree that upon L&W's request for possession of specific "Bailment Assets" (as defined in the Bailment Agreement which is part of the L&W Sale Documents) and Lapeer making such asset(s) available to L&W for removal, Lapeer will have no further obligation to supply [Initial Debtors] the applicable component parts manufactured using such equipment."

12. By December 23, 2008, all of Lapeer's assets utilized in production for the Initial Debtors were made available and/or removed by L&W, and Lapeer had no further obligations to supply Initial Debtors with any component parts or to otherwise perform under *any* contracts or agreements with the Initial Debtors.

13. As a result of the foregoing, there were not any executory contracts, unexpired leases of personal property, or unexpired leases of nonresidential real property in effect between the Initial Debtors and Lapeer as of the Petition Date and, therefore, no such contracts existed which were capable of being assumed and assigned by the Initial Debtors to New GM.

14. Following the filing of the Amended Objection to Assumption, counsel for Lapeer and counsel for the Initial Debtors conferred regarding the Lapeer Assignment Notice and the Amended Objection to Assignment. Ultimately, counsel for the Initial Debtors confirmed that the Lapeer Contracts had been designated for assumption by mistake and that the Contract Website would be corrected to reflect that no Lapeer contracts were being assumed and assigned to New GM. Specifically, on July 1, 2009, counsel for the Initial Debtors sent Lapeer's counsel an email stating that "this afternoon, I confirmed that the contracts listed for Lapeer were erroneously included on the list of contracts to be assumed and assigned to NewCo. I have informed AlixPartners to remove the contracts from the website." See **Exhibit A**, email from Daniel Adams to Patrick Kukla. Additionally, on July 16, 2009, Debtors' counsel sent a further email stating that "GM has corrected its database and removed Lapeer's contracts from the list of contracts to be assumed and assigned." See **Exhibit B**, email from Daniel Adams to Patrick Kukla.

15. On November 25, 2009, Lapeer timely filed a general unsecured claim against Motors in the amount of $128,700.00 and such claim was assigned

claim number 51349 (the "**Lapeer Claim**"). The Lapeer Claim relates to an amount owed by Motors pursuant to a tooling purchase order issued by Motors to Lapeer. Specifically, prior to the Petition Date, Motors issued Purchase Order # GJN000R6 to Lapeer (the "**Purchase Order**") for an item of tooling (the "**Tooling**"). Lapeer caused the Tooling to be fabricated and invoiced Motors for the contract price of the Tooling prior to the Petition Date. Motors failed to make payment for the Tooling. The balance owed for the Tooling is $128,700.00.

## ARGUMENT

16.   Lapeer incorporates by reference the Lapeer Claim, the Objection to Assumption, the Amended Objection to Assumption and the respective attachments thereto in support of this response.

17.   In the Claims Objection, Debtors seek to disallow and expunge the Lapeer Claim in its entirety. The Debtors' sole basis for seeking to disallow and expunge the Lapeer Claim is the erroneous assertion that the Lapeer Claim relates to an executory contract that was assumed and assigned to New GM pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 by and among the Initial Debtors and New GM, and, therefore, the Lapeer Claim is not the liability of Motors. The Debtors have not asserted any other bases upon which the Lapeer Claim should be disallowed.

18.   The Claims Objection should be overruled as to the Lapeer Claim because, as indicated above, the contract giving rise to the Lapeer Claim was *not*

assumed and assigned to New GM and, therefore, remains the obligation of Motors. First, as evidenced by the Amended Objection to Assumption, and the Martz Affidavit, as of the Petition Date, no executory contracts existed between the Initial Debtors and Lapeer which were in fact capable of being assumed and assigned by the Initial Debtors to New GM. Second, as confirmed by Initial Debtors' counsel on several occasions, no Lapeer contracts were assumed. See **Exhibits A** and **B**. Lastly, a review of the Contract Website, as it relates to Lapeer, evidences that no Lapeer Contracts were assumed. Specifically, as of February 21, 2011, the Contract Website for Lapeer states that the number of Lapeer contracts assumed is "0," and for each of the Lapeer Contracts listed on the Contract Website (184 contracts are presently listed) the contract status is "removed" not assumed, which is consistent with Initial Debtors' counsel's prior representations that the Lapeer Contracts had been removed from the Contract Website.[2]

19. The evidence unequivocally establishes that no agreement or contracts between the Debtors and Lapeer (including the Purchase Order), were assumed and assigned to New GM. Accordingly, the Claims Objection, as it relates to the Lapeer Claim, is improper and should be overruled.

---

[2] Because the Contract Website is a secure password protected website, the information contained on the Contract Website has not been reprinted and attached hereto. The Contract website is maintained by Motors or its agents and Motors has access to all of the information contained on the Contract Website. To the extent necessary, Lapeer can provide the Court with a printout of the information on the Contract Website.

WHEREFORE, Lapeer Metal Stamping Companies, Inc. respectfully requests that the Court (i) overrule the Claims Objection as to the Lapeer Claim and dismiss such Claims Objection with prejudice, (ii) enter an order allowing the Lapeer Claim in an amount not less than $128,700.00, and (iii) grant Lapeer such other and further relief as the Court deems just and proper.

CARSON FISCHER, P.L.C.
*Attorneys for Lapeer Metal Stamping Companies, Inc.*

By: /s/ *David E. Schlackman*
David E. Schlackman (P58894)
Patrick J. Kukla (P60465)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI 48302
Tele: (248) 644-4840

Dated: February 21, 2011

# EXHIBIT A

## Email from Daniel Adams to Patrick Kukla
## Dated July 1, 2009

## Kukla, Patrick

**From:** Adams, Daniel N. [DAdams@honigman.com]
**Sent:** Wednesday, July 01, 2009 4:50 PM
**To:** Kukla, Patrick
**Cc:** Fischer, Joseph; Lichtman, Lawrence; Baty Jr., Donald F.; Sherick, Tricia A.
**Subject:** RE: GM - Lapeer

Pat:

This afternoon, I confirmed that the contracts listed for Lapeer were erroneously included on the list of contracts to be assumed and assigned to NewCo.

I have informed AlixPartners to remove the contracts from the website.

**Daniel N. Adams - Associate**
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Office: (313) 465-7684
Fax: (313) 465-7685
dadams@honigman.com

---

**From:** Lawrence Lichtman [mailto:llichtman@carsonfischer.com]
**Sent:** Friday, June 26, 2009 6:01 PM
**To:** Baty Jr., Donald F.; Lawrence Lichtman
**Cc:** Adams, Daniel N.; Joseph M. Fischer; Patrick Kukla
**Subject:** Re: GM - Lapeer

Thanks Don. As always, I appreciate your help and the quick response.


Lawrence A. Lichtman

Carson Fischer, PLC
Privileged and Confidential

---

**From:** "Baty Jr., Donald F."
**Date:** Fri, 26 Jun 2009 17:34:22 -0400
**To:** Lichtman, Lawrence<LLichtman@carsonfischer.com>
**Subject:** RE: GM - Lapeer

**The notice will be corrected - There should be no executory contracts re: the supply of parts between GM and Lapeer -**

**HONIGMAN**

2/21/2011

# EXHIBIT B

**Email from Daniel Adams to Patrick Kukla**
**Dated July 16, 2009**

## Kukla, Patrick

**From:** Adams, Daniel N. [DAdams@honigman.com]
**Sent:** Thursday, July 16, 2009 11:04 AM
**To:** Kukla, Patrick
**Cc:** Schlackman, David E.; Adams, Daniel N.; Lichtman, Lawrence; Sherick, Tricia A.
**Subject:** RE: GM - Lapeer

Pat:

GM has corrected its database and removed Lapeer's contracts from the list of contracts to be assumed and assigned.

Can we get confirmation that Lapeer will withdraw its objection?


**Daniel N. Adams - Associate**
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Office: (313) 465-7684
Fax: (313) 465-7685
dadams@honigman.com

---

**From:** Adams, Daniel N.
**Sent:** Sunday, June 28, 2009 7:43 PM
**To:** llichtman@carsonfischer.com; Patrick Kukla
**Cc:** David Schlackman; Baty Jr., Donald F.
**Subject:** RE: GM - Lapeer

Mr. Lichtman:

I've spoken with Don. The notice was probably sent in error. We should be able to correct this on Monday without the need to go forward with a hearing. Erring on the side of caution, however, I'd like a couple hours tomorrow morning to try to confirm with the client before I commit to withdrawing the notice.

Dan

---

**From:** Lawrence Lichtman [mailto:llichtman@carsonfischer.com]
**Sent:** Sunday, June 28, 2009 6:47 PM
**To:** Adams, Daniel N.; Patrick Kukla
**Cc:** Lawrence Lichtman; David Schlackman; Baty Jr., Donald F.
**Subject:** Re: GM - Lapeer

Dan-
I assume, based on Don Baty's Friday email, that it will be unnecessary for us to be concerned with Tuesday's hearing and that GM's assumption notice as to Lapeer will be withdrawn.

2/21/2011