**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                         :

In re                        :        **Chapter 11 Case No.**
                         :

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :       **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :

                        :        **(Jointly Administered)**
                  **Debtors.**  :

                        :
----------------------------------------------------------------x

### AFFIDAVIT OF SERVICE OF TRANSLATED DOCUMENTS
### ON CERTAIN HOLDERS OF DEBT SECURITIES

STATE OF NEW YORK    )
                      )    ss.:
COUNTY OF NEW YORK  )

Jane Sullivan, being duly sworn, deposes and says, under the penalty of perjury:

1.      I am an Executive Vice President of Epiq Bankruptcy Solutions LLC ("Epiq"), located at 757 Third Avenue, New York, New York 10017.  Epiq was retained by Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively, the "Debtors") as the voting and solicitation agent for the Debtors' publicly traded debt securities (the "Debt Securities") listed on Exhibit 1 attached hereto.  I am authorized to submit this declaration on behalf of Epiq, I am over the age of eighteen years and am not a party to the above-captioned action.  Unless otherwise stated, I have personal knowledge of the facts set forth herein.          .

2.      I completed service of the following materials:

    a.  Italian translation of the Letter dated December 10, 2010 from The Official Committee of Unsecured Creditors of Motors Liquidation Company, et al. to All Holders of General Unsecured Claims Against

Motors Liquidation Company Entitled to Vote, (the "Translated Committee Letter"), a copy of which is annexed hereto as Exhibit 2;

b.  Italian translation of the Notice of (I) Approval of Disclosure Statement; (II) Establishment of Record Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (IV) Procedures and Deadline for Voting on the Plan, dated December 8, 2010 (the "Translated Confirmation Hearing Notice"), a copy of which is annexed hereto Exhibit 3;

3.  On January 31, 2010, I caused Electronic copies of the Translated Committee Letter and the Translated Confirmation Hearing Notice to be served via electronic mail on the parties listed on Exhibit 4 annexed hereto, for further transmission to holders of Debt Securities residing in Italy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Jane Sullivan_
Jane Sullivan

SUBSCRIBED AND SWORN TO BEFORE ME
this ____ day of February 2011.

_____
Notary Public

**James Dalola**
**Notary Public, State of New York**
**No. 02DA6171472**
**Qualified in Suffolk County**
**Commission Expires July 23, 2011**

2

**Exhibit 1**

**Debt Instruments for Note Claims**

| | Debt Instrument | CUSIP Nos. |
|---|---|---|
| 1 | Indenture, dated as of November 15, 1990, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., pursuant to which the following debt securities were issued: | |
| | (a) 9.40% Debentures due July 15, 2021 | 370442AN5 |
| | (b) 8.80% Notes due March 1, 2021 | 370442AJ4 |
| | (c) 7.40% Debentures due September 1, 2025 | 370442AR6 |
| | (d) 9.40% Medium Term Notes due July 15, 2021 | 37045EAG3 |
| | (e) 9.45% Medium Term Notes due November 1, 2011 | 37045EAS7 |
| 2 | Indenture, dated as of December 7, 1995, between General Motors Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., pursuant to which the following debt securities were issued: | |
| | (a) 7.75% Discount Debentures due March 15, 2036 | 370442AT2 |
| | (b) 7.70% Debentures due April 15, 2016 | 370442AU9 |
| | (c) 8.10% Debentures due June 15, 2024 | 370442AV7 |
| | (d) 6.75% Debentures due May 1, 2028 | 370442AZ8 |
| | (e) 7.20% Notes due January 15, 2011 | 370442BB0 |
| | (f) 7.25% Quarterly Interest Bonds due April 15, 2041 | 370442816 |
| | (g) 7.25% Senior Notes due July 15, 2041 | 370442774 |
| | (h) 7.375% Senior Notes due October 1, 2051 | 370442766 |
| | (i) 7.25% Senior Notes due February 15, 2052 | 370442758 |
| | (j) 4.50% Series A Convertible Senior Debentures due March 6, 2032 | 370442741 |
| | (k) 5.25% Series B Convertible Senior Debentures due March 6, 2032 | 370442733 |
| | (l) 7.375% Senior Notes due May 15, 2048 | 370442725 |
| | (m) 7.375% Senior Notes due May 23, 2048 | 370442BQ7 |
| | (n) 8.375% Senior Debentures due July 15, 2033 | 370442BT1 |
| | (o) 6.25% Series C Convertible Senior Debentures due July 15, 2033 | 370442717 |
| | (p) 8.250% Senior Debentures due July 15, 2023 | 370442BW4 |
| | (q) 7.125% Senior Notes due July 15, 2013 | 370442BS3 |
| | (r) 7.50% Senior Notes due July 1, 2044 | 370442121 |
| | (s) 1.50% Series D Convertible Senior Debentures due June 1, 2009 | 370442691 |
| 3 | Trust Indenture, dated as of July 1, 1995, between Michigan Strategic Fund and Law Debenture, as successor-in-interest Trustee to Dai-Ichi Kangyo Trust Company of New York, related to: | |
| | • Michigan Strategic Fund Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue Bonds Series 1995 | 594693AQ6 |

| 4 | Indenture of Trust, dated as of July 1, 1994, between City of Moraine, Ohio and Law Debenture, as successor-in-interest Trustee to Dai-Ichi Kangyo Trust Company of New York, related to: | |
| | • Solid Waste Disposal Revenue Bonds (General Motors Corporation Project) Series 1994 | 616449AA2 |
| 5 | Indenture, dated as of July 1, 1999, between City of Moraine, Ohio and Law Debenture, as successor-in-interest Trustee to Dai Ichi Kangyo Trust Company of New York, related to: | |
| | • Solid Waste Disposal Revenue Bonds (General Motors Project), Series 1999 | 616449AB0 |
| 6 | Trust Indenture, dated as of December 1, 2002, between City of Fort Wayne, Indiana and Law Debenture, as successor-in-interest Trustee to JPMorgan Chase Bank, and Bank One Trust Company, N.A., as Co-Trustee, related to: | |
| | • City of Fort Wayne, Indiana Pollution Control Revenue Bonds (General Motors Corporation Project), Series 2002 | 349272AT1 |
| 7 | Trust Indenture, dated as of March 1, 2002, between Ohio Water Development Authority and Law Debenture, as successor-in-interest Trustee to JPMorgan Chase Bank, related to: | |
| | • State of Ohio Pollution Control Refunding Revenue Bonds (General Motors Corporation Project), Series 2002 | 677596AU2 |
| 8 | Indenture of Trust, dated as of December 1, 2002, between Ohio Water Development Authority and Law Debenture, as successor-in-interest Trustee to JPMorgan Chase Bank, related to: | |
| | • State of Ohio Solid Waste Revenue Bonds, Series 2002 (General Motors Corporation Project) | 67759ABC2 |
| 9 | Trust Indenture, dated as of April 1, 1984, among City of Indianapolis, Indiana and Law Debenture, as successor-in-interest Trustee to Bankers Trust Company, and the Indiana National Bank, as Co-Trustee, related to: | |
| | • City of Indianapolis, Indiana Pollution Control Revenue Bonds (General Motors Corporation Project), Series 1984 | 455329AB8 |

**Debt Instruments for Eurobond Claims**

| | Debt Instrument | ISIN or Swiss Security Numbers |
|---|---|---|
| 1 | Fiscal and Paying Agency Agreement, dated as of July 3, 2003, among General Motors Corporation, Deutsche Bank AG London, and Banque Générale du Luxembourg S.A. | *ISIN Nos.:*<br>XS0171942757, XS0171943649 |
| 2 | Bond Purchase and Paying Agency Agreement, dated May 28, 1986, between General Motors Corporation and Credit Suisse | *Swiss Security No.:*<br>876 926 |

**Debt Instrument for Nova Scotia Guarantee Claims**

| | Debt Instrument | ISIN or Swiss Security Numbers |
|---|---|---|
| 1 | Fiscal and Paying Agency Agreement, dated as of July 10, 2003, among General Motors Nova Scotia Finance Company, MLC, Deutsche Bank Luxembourg S.A., and Banque Générale du Luxembourg S.A. | *ISIN Nos.:*<br>XS0171922643, XS0171908063 |

2

**Exhibit 2**

**TRADUZIONE IN ITALIANO: LA PRESENTE TRADUZIONE È STATA PREDISPOSTA A SOLI FINI INFORMATIVI; A FAR FEDE È UNICAMENTE L'ORIGINALE IN INGLESE**

NOTA BENE: IL TERMINE ENTRO IL QUALE DEVONO PERVENIRE LE ADESIONI O LE ISTRUZIONI DI RIGETTO AL PIANO DA PARTE DI INVESTITORI IN ITALIA, AI SENSI DELLE DISPOSIZIONI DI CUI A PAGINA 5 DELLA PRESENTE COMUNICAZIONE, È STATO POSTICIPATO DALL'11 FEBBRAIO AL **21 FEBBRAIO 2011**, FERMI RESTANDO GLI ORARI ULTIMI DI RICEZIONE IVI INDICATI

**IL COMITATO UFFICIALE DEI CREDITORI CHIROGRAFARI DI MOTORS
LIQUIDATION COMPANY ED ALTRI
PROCEDURA N.09-50026 (BANKR.S.D.N.Y.)**

10 Dicembre 2010

A:              TUTTI I CREDITORI CHIROGRAFARI DI MOTORS LIQUIDATION
                COMPANY ED ALTRI ("*Debitori*") aventi diritto di voto  (Titolari di
                crediti generali non garantiti in classe 3)

DA:             IL COMITATO UFFICIALE DEI CREDITORI CHIROGRAFARI  DI
                MOTORS LIQUIDATION COMPANY ED ALTRI (IL "*Comitato dei
                Creditori*")[1]

         Il Comitato dei Creditori, che rappresenta gli interessi di tutti i creditori
chirografari nelle procedure di insolvenza di Chapter 11 relative ai Debitori, raccomanda di
votare **A FAVORE** del Piano Congiunto dei Debitori del Chapter 11 modificato (il "*Piano*")[2]
selezionando l'apposita casella sulla vostra Scheda di Voto ufficiale là dove si indica:

**ACCETTA il Piano (ACCEPT the Plan)**

e rispedendo la vostra Scheda di Voto secondo le istruzioni riportate nella Scheda di Voto
e nelle procedure di votazione che accompagnano il documento informativo modificato
relativo al Piano dei Debitori (il "**Disclosure Statement**") e al Piano.

         Il 1° Giugno 2009 i Debitori hanno presentato istanza di ammissione a
procedura concorsuale. Il 3 Giugno 2009 il Curatore Fallimentare degli Stati Uniti per il
Distretto Sud di New York ha nominato il Comitato dei Creditori per rappresentare gli
interessi dei creditori chirografari nella procedura di Chapter 11 relativa ai Debitori.

         Il 10 Luglio 2009, i Debitori hanno concluso la vendita della quasi totalità dei
propri beni a NGMCO, Inc.("*Nuova GM*") ai sensi della sezione 363 del Codice
Fallimentare americano ("*Bankruptcy Code*") (l' "**Operazione 363**"). Ai sensi dell'Accordo
Quadro di Compravendita, Nuova GM ha emesso a favore dei Debitori un ammontare di
azioni di Nuova GM pari (approssimativamente) al 10% del capitale di Nuova GM, e due
serie di warrant su ulteriori azioni Nuova GM che rappresentano, collettivamente, un
ulteriore 15% del capitale Nuova GM. I Debitori sono attualmente ridenominati Motors
Liquidation Company.

---

[1] I nove membri attuali del Comitato dei Creditori sono: Wilmington Trust Company, in qualità di Indenture
Trustee, (2) Law Debenture Trust Company of New York, in qualità di Indenture Trustee, (3) The Industrial
Division of Communications Workers of America, AFL-CIO, (4) International Union, United Automobile
Aerospace and Agricultural Implement Workers of America, (5) United Steel, Paper and Forestry, Rubber,
Manufacturing, Energy, Allied Industrial and Service Workers International Union, (6) Inteva Products, LLC,
(7) Serra Chevrolet of Birmingham, Inc, (8) Genoveva Bermudez, e (9) Kevin Schoenl.
Come risultato della conclusione dell'Operazione 363, cinque membri del Comitato – Pension Benefit
Guaranty Corporation, Interpublic Group, Paddock Chevrolet, Saturn of Hempstead, Inc. e DENSO
International America, Inc. – hanno rassegnato le loro dimissioni dal Comitato dei Creditori. Come
conseguenza dell'essere stato nominato nel comitato ufficiale dei creditori chirografari come titolare di Crediti
per Danni Personali da Amianto, Mark Butita ha rassegnato le sue dimissioni dal Comitato dei Creditori.

[2] I termini in maiuscola non definiti qui in altro modo avranno il significato agli stessi attribuito nel Piano.

2

Se l'ammontare complessivo dei crediti chirografari ammessi nei confronti della massa fallimentare dei Debitori dovesse essere compreso tra i 35 e i 42 miliardi di dollari USA, Nuova GM emetterà ulteriori azioni a favore dei Debitori fino a un 2% del capitale Nuova GM. Le suddette azioni Nuova GM e i warrant sono di seguito definiti "**Titoli Nuova GM**".

Il Comitato dei Creditori ha svolto un ruolo attivo al fine di ottenere il miglior risultato possibile rispetto alle richieste avanzate dai creditori chirografari. Il Piano allegato è il prodotto di intense negoziazioni tra il Comitato dei Creditori, i Debitori, il Tesoro americano, e altre parti.

Considerati i fatti e le circostanze del caso di specie, il Comitato dei Creditori ritiene che il Piano integri il migliore risultato possibile per i creditori chirografari nel loro complesso e che l'accettazione del Piano renderà più spedite le distribuzioni alla generalità dei creditori chirografari[3].

Il 31 agosto  2010 i Debitori hanno depositato il Piano ed il Disclosure Statement relativo al Piano. I Debitori hanno depositato un Piano e un Disclosure Statement modificati il 7 dicembre 2010. L'8 dicembre 2010 il Tribunale Fallimentare ha approvato il Disclosure Statement, previa verifica dell'adeguatezza informativa. I Debitori ora cercano di ottenere l'approvazione del Piano da parte dei loro creditori.

Ai sensi del Piano, i creditori chirografari riconosciuti dalla procedura riceverebbero[4]:

- Una iniziale distribuzione di Titoli Nuova GM, *pro rata* a ciascun creditore rispetto al totale dei crediti chirografari rimanenti, fatti valere sulla massa fallimentare. La quota *pro rata* di ciascun avente diritto sarà calcolata partendo dall'ammontare del credito e dividendo tale ammontare per la somma fra (x) il totale dei crediti chirografari ammessi in quel dato momento *più* (y) l'ammontare massimo dei crediti chirografari ancora soggetti a verifica; nonché

- Quote di un Trust costituito a beneficio dei creditori chirografari (denominato "**GUC Trust**"), che conferiscono il diritto al creditore di ricevere l'ulteriore parte dei Titoli Nuova GM laddove i crediti chirografari soggetti a verifica non siano stati (in tutto o in parte) riconosciuti.

Per esempio, se alla data iniziale di distribuzione, la pretesa di un creditore chirografario fosse pari all'1% del totale dei crediti chirografari (considerando sia quelli già ammessi che quelli ancora soggetti a verifica), quel creditore riceverebbe alla data iniziale di distribuzione l'1% dei Titoli Nuova GM custoditi da GUC Trust. Se a chiusura dello stato passivo, a seguito del rigetto di alcune istanze di ammissione o della riduzione delle relative pretese, il credito in questione ammontasse all'1,5% dell'ammontare finale della

---

[3] Alla data di questa lettera, residuano tuttora talune questioni aperte riguardo al Piano, incluso se i creditori chirografari abbiano diritto a ricevere le distribuzioni derivanti dai procedimenti dell'Azione Revocatoria del Prestito a Termine. Sebbene il Comitato dei Creditori auspichi che queste questioni possano essere risolte prima dell'omologazione del Piano, il Comitato dei Creditori si riserva tutti i diritti di obiezione al Piano per questi o altri motivi.

[4] Quanto riportato è una sintesi delle distribuzioni ai creditori chirografari da considerarsi alla luce del Piano, del Disclosure Statement e dell'Accordo del Trust GUC da leggersi nella loro interezza.

massa ammessa al chirografo, tale creditore riceverà dal GUC Trust una successiva distribuzione pari a ulteriori 0,5% di Titoli Nuova GM.

Infine, il Comitato dei Creditori ritiene che i creditori chirografari potrebbero beneficiare di quanto eventualmente recuperato ai sensi dell'Azione Revocatoria del Prestito a Termine (Term Loan Avoidance Action), qualora tale azione abbia successo (è questa un'azione avviata dal Comitato dei Creditori e avente ad oggetto alcuni crediti garantiti antecedenti l'avvio della procedura, con l'intento di recuperare fino a 1 miliardo e mezzo di dollari americani). In ogni caso, non esiste garanzia che l'Azione Revocatoria del Prestito a Termine abbia successo, per cui l'ammontare recuperato potrebbe essere pari a zero. Anche qualora l'Azione Revocatoria del Prestito a Termine andasse a buon fine, il Tesoro degli Stati Uniti e Export Development Canada (i "**Finanziatori DIP**") hanno recentemente rivendicato un interesse nell'ammontare eventualmente recuperato attraverso tale azione. Permane tuttora come punto aperto del Piano la questione se i creditori chirografari o i Finanziatori DIP otterranno proventi dall'Azione Revocatoria del Prestito a Termine. Per ulteriori informazioni, siete invitati a consultare la sezione II C del Disclosure Statement intitolato *"Summary Table of Classification and Treatment of Claims and Equity Interests Under the Plan"* (Tavola Riassuntiva di Classificazione e Trattamento dei Creditori e degli Azionisti ai sensi del Piano) che descrive dettagliatamente certi fattori di rischio associati all'Azione Revocatoria del Prestito a Termine.

Come sottolineato nel Disclosure Statement, il Comitato dei Debitori e dei Creditori continua a valutare quale sia il modo più efficiente ed equo di effettuare la distribuzione ai creditori chirografari ed è possibile che il meccanismo di distribuzione (che si occupa specificamente di frazioni di azioni e l'uso di Quote di Trust GUC) contenuto nel Piano e nel Disclosure Statement possa essere modificato prima dell'Udienza di Omologazione. Il Comitato dei Creditori sottolinea poi che, diversamente da altri piani di Chapter 11, non c'è liquidità disponibile per pagare crediti al di sotto di un certo valore. È possibile che i detentori di crediti chirografari ammessi che abbiano un importo esiguo non ricevano alcuna distribuzione a causa dell'arrotondamento.  In ogni caso, i creditori chirografari hanno la possibilità di vendere i loro crediti in cambio di denaro ad acquirenti *al di fuori* del procedimento relativo al Piano. È possibile trovare ulteriori informazioni sulla vendita di crediti, nonché una lista di potenziali acquirenti, sia in quanto comparsi in questa Procedura di Chapter 11 ovvero in quanto abbiano espresso un interesse ad acquistare o vendere crediti chirografari sul sito web del Comitato dei Creditori: www.motorsliquidationcreditorscommittee.com **SI PREGA DI NOTARE che il Comitato dei Creditori non fornisce alcuna raccomandazione sull'opportunità di cedere il vostro credito ad un acquirente.** Se state considerando di vendere il vostro credito, il Comitato dei Creditori vi raccomanda, prima di qualunque decisione di vendita, di contattare più di un acquirente nonché di controllare la pubblicazione dei prezzi di mercato delle più grandi emissioni di obbligazioni non garantite di Motors Liquidation Company.

Il totale dei crediti riconosciuti influirà materialmente sulla distribuzione che ciascun creditore chirografario riceverà rispetto al proprio credito. Durante l'udienza per l'approvazione del Disclosure Statement, il Tribunale Fallimentare ha autorizzato il Comitato dei Creditori a rendere note informazioni aggiuntive sulle stime del totale dei crediti chirografari. Si allega come Documento A un grafico preparato da FTI Consulting, Inc., consulente finanziario del Comitato dei Creditori (con commenti del consulente del Comitato dei Creditori e dei Debitori), che mostra la misura attesa della generalità dei Crediti Chirografari Ammessi in talune categorie all'11 novembre 2010. **SI PREGA DI NOTARE CHE QUESTA INFORMAZIONE E' SUSCETTIBILE DI VARIAZIONE E NON**

**VI SI PUO' FARE AFFIDAMENTO AI FINI DELL'EFFETTIVO AMMONTARE FINALE DELLA GENERALITA' DEI CREDITI CHIROGRAFARI CHE SARANNO AMMESSI O CON O SENZA RISERVA**.

Il Comitato dei Creditori pubblicherà questa lettera sul sito web www.motorsliquidationcreditorscommittee.com e, se lo riterrà opportuno, potrebbe (a sua totale discrezione e senza alcun obbligo) aggiornare le informazioni sui crediti contenute nell'Allegato A. **SI PREGA INOLTRE DI NOTARE CHE QUESTE INFORMAZIONI RAPPRESENTANO UNA PREVISIONE DEL COMITATO DEI CREDITORI SULLA GENERALITA' DEI CREDITI CHIROGRAFARI IN BASE A UN'ANALISI ALLA DATA DELLA PRESENTE. IL COMITATO DEI CREDITORI NON ASSUME ALCUN OBBLIGO DI AGGIORNARE LA PROPRIA ANALISI E IN OGNI CASO LO STESSO CESSERA' DI ESISTERE ALLA CONCLUSIONE DEL PIANO. QUESTE INFORMAZIONI NON SONO AVALLATE DAI DEBITORI O QUALUNQUE ALTRO SOGGETTO.**

Il Disclosure Statement contiene inoltre importanti *record dates* **(date di riferimento) e termini**, inclusi (tra gli altri) i seguenti:

**7 dicembre  2010** è la *record date* (data di riferimento) per votare. Potrete votare solo rispetto ai crediti di cui eravate titolari alla data del 7 Dicembre 2010. Inoltre, il 7 Dicembre 2010 è la *record date* per la ricezione dell'Avviso dell'Udienza di Omologazione e di un Avviso di Status di Non-Votante, se applicabile. Riceverete tali comunicazioni solo in caso siate titolari dei crediti alla data del 7 Dicembre 2010.

**11 Febbraio 2011 [21 Febbraio per gli obbligazionisti in Italia] alle 4:00 p.m. (ora di New York)** è la **Data Ultima** entro la quale l'agente di voto (*voting agent*) dei Debitori deve aver ricevuto le Schede di Voto e la **data di scadenza per le obiezioni** all'approvazione del Piano.

**3 Marzo 2011,** è la data fissata dell'**udienza di omologazione** del Piano (si prega di notare che l'udienza di omologazione potrebbe essere aggiornata a data successiva).

Si prega di leggere il Disclosure Statement per ulteriori date e termini che potrebbero essere per Voi importanti.

**Il Comitato dei Creditori raccomanda alla generalità dei creditori chirografari di Classe 3 di votare a favore del Piano restituendo in tempo utile la Scheda di Voto debitamente completata secondo le istruzioni di voto descritte nel Disclosure Statement nella Scheda di Voto. Nonostante la nostra raccomandazione, ogni creditore (così come singolarmente ciascun membro del Comitato dei Creditori) deve compiere la propria independente valutazione in merito alla convenienza del Piano, avvalendosi dei propri consulenti legali e/o finanziari.**

Per eventuali domande, potete contattarci attraverso il sito web del Comitato dei Creditori, www.motorsliquidationcreditorscommittee.com o al numero telefonico (212)715-3275.

5

Se avete qualche domanda specifica sull'Allegato A (la tabella che spiega l'importo stimato di Crediti Chirografari Ammessi) si prega di contattare FTI Consulting, Inc., al numero (404)460-6200

Con i migliori saluti,

Il comitato Ufficiale
dei Creditori Chirografari
di Motors Liquidation Company,
ed altri

**<u>Allegato A</u>**

## Motors Liquidation Company, ed altri.

**SI PREGA DI NOTARE CHE QUESTA INFORMAZIONE E' SUSCETTIBILE DI VARIAZIONE E NON VI SI PUO' FARE AFFIDAMENTO AI FINI DELL'EFFETTIVO AMMONTARE FINALE DELLA GENERALITA' DEI CREDITI CHIROGRAFARI CHE SARANNO AMMESSI O CON O SENZA RISERVA.**
**SI PREGA INOLTRE DI NOTARE CHE QUESTE INFORMAZIONI RAPPRESENTANO IL PARERE DEL COMITATO DEI CREDITORI SULLA GENERALITA' DEI CREDITI CHIROGRAFARI IN BASE A UN'ANALISI ALLA DATA DELLA PRESENTE. IL COMITATO DEI CREDITORI NON ASSUME ALCUN OBBLIGO DI AGGIORNARE LA PROPRIA ANALISI E IN OGNI CASO LO STESSO CESSERA' DI ESISTERE ALLA CONCLUSIONE DEL PIANO. QUESTE INFORMAZIONI NON SONO AVALLATE DAI DEBITORI O QUALUNQUE ALTRO SOGGETTO.**

| Crediti Chirografari al 1° Dicembre 2010 | | | | |
|---|---|---|---|---|
| | Crediti residui[1] | | Entità Stimata[2] | |
| In milioni di $ americani | Totali | *Calcolo* | Minima | Max |
| **Categoria** | | | | |
| **Debito** | *$30,0* | *34* | *$28,3* | *$29,9* |
| **Ambientali** | *4,8* | *275* | *1,0* | *2,0* |
| **Amianto** | *2,9* | *28.563* | *0,1* | *2,0* |
| **Contenzioso** | *3,3* | *2.505* | *1,5* | *2,5* |
| **Impiegati** | *1,0* | *4* | *1,0* | *1,3* |
| **Accordi da Eseguire** | *1,6* | *221* | *0,8* | *1,6* |
| **Conti Correnti da Estinguere** | *0,1* | *749* | *0,0* | *0,1* |
| **Compensazione Lavoratori** | *0,0* | *19* | *0,0* | *0,0* |
| **Altro[3]** | *0,1* | *120* | *0,0* | *0,0* |
| **Totale** | *$43,7* | *32.490* | *32,7* | *$39,4* |

---

**Note:**
[1] Crediti rimanenti a seguito di obiezioni pendenti e attese in futuro.
[2] C'è la possibilità che il valore dei crediti non garantiti aumenti di ulteriori 1.5 milioni di dollari americani se l'Azione Revocatoria del Prestito a Termine proposta dal Comitato dei Creditori abbia successo.
[3] Include Tasse, Possessori di Azioni, Clienti e Altri.

**Exhibit 3**

**TRADUZIONE IN ITALIANO: LA PRESENTE TRADUZIONE È STATA PREDISPOSTA A SOLI FINI INFORMATIVI; A FAR FEDE È UNICAMENTE L'ORIGINALE IN INGLESE**

NOTA BENE: IL TERMINE ENTRO IL QUALE DEVONO PERVENIRE LE ADESIONI O LE ISTRUZIONI DI RIGETTO AL PIANO DA PARTE DI INVESTITORI IN ITALIA, AI SENSI DEI PARAGRAFI 4 E 6, PUNTI E) ED F) DELLA PRESENTE COMUNICAZIONE, È STATO POSTICIPATO DALL'11 FEBBRAIO AL **21 FEBBRAIO 2011**, FERMI RESTANDO GLI ORARI ULTIMI DI RICEZIONE IVI INDICATI

**TRIBUNALE FALLIMENTARE DEGLI STATI UNITI
DISTRETTO SUD DI NEW YORK**

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| **Oggetto** | : | **Chapter 11 Caso N.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *e altri*, | : | |
| f/k/a General Motors Corp., *e atri*. | : | **09-50026 (REG)** |
| | : | |
| **Debitori.** | : | **(Amministrato Congiuntamente)** |
| | : | |

-----------------------------------------------------------------x

### COMUNICAZIONE DI (I) APPROVAZIONE DEL DISCLOSURE STATEMENT (DOCUMENTO INFORMATIVO); (II) FISSAZIONE DELLA DATA DI RIFERIMENTO (RECORD DATE); (III) UDIENZA SULLA OMOLOGAZIONE DEL PIANO E PROCEDURE PER OPPORSI ALLA OMOLOGAZIONE DEL PIANO; E (IV) PROCEDURE E TERMINE ULTIMO PER VOTARE SUL PIANO

A: TUTTI I CREDITORI E PORTATORI DI UN INTERESSE NEI CONFRONTI DEI
DEBITORI SOTTO INDICATI:

| Nome del Debitore | Caso N. | Numero di Identificazione Fiscale | Altri Nomi Utilizzati dai Debitori negli Ultimi 8 Anni |
|---|---|---|---|
| Motors Liquidation Company (precedentemente nota come **General Motors Corporation**) | 09-50026 | 38-0572515 | General Motors Corporation GMC Truck Division NAO Fleet Operations GM Corporation GM Corporation-GM Auction Department National Car Rental National Car Sales Automotive Market Research |
| MLCS, LLC (precedentemente nota come **Saturn, LLC**) | 09-50027 | 38-2577506 | Saturn, LLC Saturn Corporation Saturn Motor Car Corporation GM Saturn Corporation Saturn Corporation of Delaware |
| MLCS Distribution Corporation (precedentemente nota come **Saturn Distribution Corporation**) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc. (precedentemente nota come **Chevrolet-Saturn of Harlem, Inc.**) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc. |
| Remediation and Liability Management Company, Inc. | 09-50029 | 38-2529430 | Uptown Land Development Corporation |
| Environmental Corporate Remediation Company, Inc. | 09-50030 | 41-1650789 | GM National Hawaii, Inc. NCRS Hawaii, Inc. |

SI PREGA DI NOTARE che:

1.    ***Approvazione del Disclosure Statement (Documento Informativo).*** Con ordinanza dell'8 dicembre 2010 (l' "**Ordinanza**") il Tribunale Fallimentare per il Distretto Sud di New York (il **"Tribunale Fallimentare"**) ha approvato il *Disclosure Statement* (Documento Informativo) per il Piano Congiunto Modificato Chapter 11 dei Debitori (Debtors' Amended Joint Chapter 11 Plan), datato 8 dicembre 2010 (come di volta in volta modificato, il "**Disclosure Statement**") depositato da Motors Liquidation Company (precedentemente denominata General Motors Corporation) e dalle sue società collegate, in qualità di "debitori in possesso" (congiuntamente, i "**Debitori**") ciascuno dei quali è identificato sopra, e ha ordinato ai Debitori di sollecitare voti in relazione all'accettazione o al rigetto del Piano Congiunto Modificato Chapter 11 dei Debitori, datato 7 dicembre 2010 (come si volta in volta modificato, il "**Piano**"), allegato sub **Allegato "A"** al Disclosure Statement. Qualsiasi termine con lettera maiuscola utilizzato nel presente documento e qui non altrimenti definito avrà il significato ad esso attribuito nel Piano.

2.    ***Udienza di Omologazione.*** Un'udienza (la "**Udienza di Omologazione**") per discutere dell'omologazione del Piano verrà tenuta il 3 marzo 2011 alle 9:45 antimeridiane (Ora di New York) davanti all'Onorevole Robert E. Gerber, Giudice Fallimentare degli Stati Uniti, nella Stanza 621 del Tribunale Fallimentare degli Stati Uniti per il Distretto Sud di New York, One Bowling Green, New York, New York 10004-1408. **L'Udienza di Omologazione potrà essere aggiornata di volta in volta senza che venga fornita una comunicazione ulteriore rispetto all'annuncio della(e) data(e) di aggiornamento che verrà dato dai Debitori all'Udienza di Omologazione o in una qualsiasi udienza aggiornata o come indicato in un qualsiasi avviso di ordine del giorno per l'udienza depositato dai Debitori presso il Tribunale Fallimentare, e il Piano potrà essere modificato, se necessario, prima della, durante, o come risultato dell'Udienza di Omologazione, senza ulteriore avviso alle parti interessate.**

3.    ***Data Di Riferimento (Record Date) ai Fini della Votazione.*** Solo i titolari di crediti al 7 dicembre 2010 hanno diritto di votare in relazione al Piano.

4.    ***Termine Ultimo per la Votazione.*** Tutti i voti per accettare o rigettare il Piano devono essere effettivamente ricevuti dall'appropriato agente per il voto dei Debitori, The Garden City Group, Inc. (**"GCG"**) o Epiq Bankruptcy Solutions, LLC, entro e non oltre l'11 febbraio 2011 alle 5:00 postmeridiane (Ora di New York) (il "**Termine Ultimo per la Votazione**"). Qualsiasi errore nel rispettare le istruzioni di voto incluse nella Sua Scheda di Votazione potrebbe rendere nulla la Sua Scheda di Votazione e il Suo voto.

5.    ***Parti aventi Interesse Non Legittimate a Votare.*** I seguenti creditori e azionisti non sono legittimati a votare in relazione al Piano: (i) i titolari di crediti non compromessi; (ii) titolari di crediti o interessi che non riceveranno alcuna distribuzione ai sensi del Piano; e (iii) titolari di crediti che sono stati oggetto di obiezioni o richieste di valutazione. Se Lei ha tempestivamente depositato un *proof of claim* e non è d'accordo con la classificazione del Suo credito operata dai Debitori, ovvero con l'obiezione, o richiesta di valutazione, in relazione al Suo credito, e ritiene di avere diritto di votare sul Piano, è invitato a darne comunicazione all'indirizzo dei Debitori sotto indicato e depositare presso il Tribunale Fallimentare (in copia cartacea consegnata direttamente nelle Stanze del Giudice) una mozione (una "**Mozione Rule 3018(a)**") per un ordine ai sensi della Rule 3018(a) del Codice Fallimentare (Bankruptcy Code) che riconosca temporaneamente tale credito in un importo differente o in una classe diversa ai fini della votazione per l'accettazione o il rigetto del Piano. Tutte le Mozioni Rule 3018(a) devono essere depositate entro e non oltre il decimo (10°) giorno successivo alla (a) notificazione di questo Avviso dell'Udienza di Omologazione e (b) notificazione di qualsiasi obiezione o richiesta di valutazione, ove esistente, in relazione a tale credito. Conformemente alla Rule Fallimentare 3018, la scheda di Votazione di qualsiasi creditore che depositi una Mozione 3018(a), non verrà considerata salvo che non sia diversamente ordinato dal Tribunale Fallimentare almeno cinque (5) giorni prima del Termine Ultimo per la Votazione. I creditori possono contattare GCG al 703-286-6401 per ricevere una Scheda di Votazione appropriata per qualsiasi credito in relazione a cui un *proof of claim* sia stato tempestivamente depositato e una Mozione Rule 3018(a) sia stata concessa. Le Mozioni Rule 3018(a) che non siano state depositate tempestivamente e notificate nella maniera sopra stabilita non saranno considerate.

> **6.** **_Obiezioni alla Omologazione._** Le risposte e le eventuali obiezioni all'omologazione del Piano devono:

(a) essere in forma scritta;

(b) indicare il nome e l'indirizzo della parte che propone l'obiezione e l'importo e la natura del credito o interesse di tale parte;

(c) essere in conformità con le Norme Federali sulla Procedura Fallimentare e le Norme Locali del Tribunale Fallimentare;

(d) attestare nel dettaglio la base e la natura di qualsiasi obiezione all'omologazione del Piano;

(e) essere depositate presso il Tribunale Fallimentare **entro e non oltre l'11 febbraio 2011 alle 4:00 postmeridiane (Ora di New York)** (i) elettronicamente in conformità all'Ordine Generale M-399 (che può essere reperito su www.nysb.uscourts.gov) per gli utenti registrati al sistema di deposito del Tribunale Fallimentare, e (ii) per tutte le altre parti aventi interesse, su un CD-ROM o dischetto da 3,5 pollici, in formato PDF con la possibilità di effettuare una ricerca nel testo (con una copia cartacea consegnata direttamente nelle Stanze del Giudice), in conformità alla prassi del Tribunale Fallimentare e all'Ordine Generale M-399, per quanto applicabile;

(f) essere notificate in conformità all'Ordine Generale M-399 alle seguenti parti in modo che siano ricevute **non più tardi dell'11 febbraio 2011 alle 4:00 postmeridiane (Ora di New York) a:**

  (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors[1], 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

  (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow);

  (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.);

  (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury[2], One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.);

  (v) the United States Department of the Treasury[3], 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.);

  (vi) Vedder Price, P.C., attorneys for[4] Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

  (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the Creditors' Committee[5], 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers

---

[1] "_attorneys for the Debtors_": consulenti legali dei Debitori.
[2] "_attorneys for the United States Department of the Treasury_": consulenti legali del Dipartimento del Tesoro degli Stati Uniti.
[3] "_the United States Department of the Treasury_": Dipartimento del Tesoro degli Stati Uniti.
[4] "_attorneys for_": consulenti legali di.
[5] "_attorneys for the Creditors' Committee_": consulenti legali del Comitato dei Creditori.

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii)   the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

(ix)   the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

(x)   Caplin & Drysdale, Chartered, attorneys for the Asbestos Claimants' Committee[6], 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); e

(xi)   Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for[7] Dean M. Trafelet in his capacity as the Future Claimants' Representative[8], 2323

**SE UNA QUALSIASI OBIEZIONE ALL'OMOLOGAZIONE DEL PIANO NON E' DEPOSITATA E NOTIFICATA ESATTAMENTE COME SOPRA INDICATO, ALLA PARTE OBIETTANTE POTRA' ESSERE PROIBITO DI OBIETTARE ALL'OMOLOGAZIONE DEL PIANO E TALE PARTE POTRA' NON ESSERE ASCOLTATA ALL'UDIENZA.** I Debitori possono notificare repliche a tali risposte o obiezioni non oltre il 22 febbraio 2011 alle 4:00 post meridiane (Ora di New York).

       **7.**    *Parti Che Non Saranno Trattate come Creditori.* Qualsiasi detentore di un credito che (i) sia elencato nelle tabelle dell'attivo e passivo dei Debitori, nei bilanci finanziari, e tabelle dei contratti di durata e contratti di leasing non scaduti, a zero, o in un importo sconosciuto, o come contestato, sottoposto a condizione e a termine, o non liquidato, e che non sia stato oggetto di un *proof of claim* tempestivamente depositato o di un *proof of claim* ritenuto tempestivamente depositato presso il Tribunale Fallimentare, ai sensi del Codice Fallimentare o di qualsiasi altro ordine del Tribunale Fallimentare, o altrimenti considerato tempestivamente depositato ai sensi della legge applicabile, o (ii) non sia incluso e non sia stato oggetto di un *proof of claim* tempestivamente depositato o di un *proof of claim* ritenuto tempestivamente depositato ai sensi della legge applicabile, non verrà trattato come creditore in relazione a tale credito ai fini (a) della ricezione di avvisi riguardanti il, o distribuzioni ai sensi del, Piano, o (b) della votazione sul Piano.

       **8.**    *Ulteriori Informazioni.* Qualsiasi parte interessata che desideri ottenere informazioni in relazione alle procedure di sollecitazione o copie del Disclosure Statement o del Piano dovrebbe chiamare GCG allo (001) 703-286-6401, o può visionare tali documenti accedendo a www.motorsliquidationdocket.com o al sito del Tribunale Fallimentare: www.nysb.uscourts.gov. Si tenga conto che una password PACER (http://www.pacer.psc.uscourts.gov) e un login sono necessari per accedere ai documenti sul sito del Tribunale Fallimentare.

Datato: New York, New York
      8 dicembre 2010

                WEIL, GOTSHAL & MANGES LLP

---

[6] "*attorneys for the Asbestos Claimants' Committee*": consulenti legali del Comitato dei Creditori per l'Amianto.

[7] "*attorneys for*": consulenti legali di.

[8] "*in his capacity as the Future Claimants' Representative*": in qualità di Rappresentante dei Creditori Futuri (*Future Claimants' Representative*)

767 Fifth Avenue
New York, New York 10153
Telefono: (212) 310-8000
Fax: (212) 310-8007

Consulenti Legali dei Debitori
e Debitori in Possesso

**Exhibit 4**

Clearstream Banking Luxembourg
42 Boulevard John F. Kennedy
1855 Luxembourg
Luxembourg
CA_BOND@clearstream.com

Euroclear Bank S.A./N.V.
1, Boulevard Roi Albert II
1210 Brussels
Belgium
drit@euroclear.com