FOLEY & LARDNER LLP
Victor A. Vilaplana (*admitted pro hac vice*)
Matthew J. Riopelle (*admitted pro hac vice*)
402 West Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 234-6655
Facsimile: (619) 234-3510

FOLEY & LARDNER LLP
Jeffrey A. Soble (*admitted pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                    :    (Jointly Administered)
                                         Debtors    :
                                                    :
------------------------------------------------------------X

**TOYOTA MOTOR CORPORATION'S RESERVATION OF RIGHTS AND OPPOSITION
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTIMATING MAXIMUM
AMOUNT OF CERTAIN CLAIMS FOR PURPOSES OF ESTABLISHING CLAIMS
RESERVES UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Toyota Motor Corporation ("TMC"), by its attorneys Foley & Lardner LLP, hereby submits this Reservation of Rights and Opposition ("Opposition") to the Motion of Debtors for Entry of an Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan ("Motion").

**BACKGROUND FACTS**

1.    TMC and Motors Liquidation Corporation ("MLC") are each fifty percent (50%) shareholders of New United Motor Manufacturing, Inc. ("NUMMI"). NUMMI manufactured

1

vehicles for MLC from 1984 through 2009 and TMC from 1986 through 2010.  Over the course of the twenty-five year joint venture, TMC, MLC and NUMMI entered into numerous contracts governing the parties' rights and obligations.

2. On March 31, 1986, TMC, MLC, NUMMI and Toyota Motor Sales, U.S.A., Inc., entered into that certain Product Responsibility Agreement for Toyota-Specific Vehicles ("Toyota PRA").  The purpose of the Toyota PRA was to allocate responsibility among the parties for alleged defects in, and incidental matters relating to, Toyota brand vehicles manufactured by NUMMI.  The Toyota PRA provides a comprehensive structure for the allocation of costs relating to alleged defects, warranties, recalls and notification campaigns.

3. On or about November 30, 2009, this Court entered an order approving MLC's Ninth Omnibus Motion to Reject Executory Contracts and Unexpired Leases ("Rejection Order").  Pursuant to the Rejection Order, the Toyota PRA was rejected effective November 30, 2009.

4. TMC timely filed Proof of Claim Number 69721 (the "Toyota PRA Claim") in the amount of $3,200,000 for damages as a result of MLC's rejection of the Toyota PRA.[1]  As set forth in the Toyota PRA Claim, the amount asserted by TMC for rejection damages was an estimate based on (i) MLC's portion of expected costs and expenses for so-called Off Warranty claims in the amount of two million two hundred thousand dollars ($2,200,000.00); and (ii) MLC's portion of expected costs and expenses for recalls and related claims in the amount of one million dollars ($1,000,000.00).

5. TMC arrived at its estimate of the rejection damages based on the anticipated timing of NUMMI's dissolution and the rate and frequency of claims covered by the Toyota PRA.  However, based on the facts now known to TMC, the estimate of the rejection damages contained in the Toyota PRA is likely less than the actual damages suffered by TMC.  TMC is currently

---

[1] The Toyota PRA Claim is not subject to the pending Adversary Proceedings, Nos. 10-05015 & 10-05016, between TMC, NUMMI and MLC to resolve certain claims of TMC and NUMMI.

recalculating its estimate of the appropriate amount of rejection damages associated with the Toyota PRA. Upon completion of its calculation, TMC will file a supplement to this Opposition and an amendment to the Toyota PRA Claim.

6. On or about February 11, 2011, MLC filed the Motion seeking to estimate the maximum amount of TMC's rejection damages claim at $3,200,000 for the purposes of setting reserves for plan distributions. As set forth above, $3,200,000 is not a sufficient reserve for TMC's Toyota PRA Claim. To date, MLC has not objected to the Toyota PRA Claim.

## **ARGUMENT**

7. In the Motion, MLC seeks to estimate the Toyota PRA Claim at $3,200,000. However, MLC presents no evidence regarding MLC's estimate or evaluation of the Toyota PRA Claim. Instead, it appears that MLC's estimate of the Toyota PRA Claim is based solely on the initial estimate provided in the Toyota PRA Claim. Despite frequent communication between counsel for TMC and MLC, MLC's counsel did not request an updated estimate of the Toyota PRA Claim from TMC's counsel.

8. If granted, the Motion will cap TMC's Toyota PRA Claim at $3,200,000 even if TMC's actual rejection damages are far higher than $3,200,000. The purpose of estimation under Section 502(c) of the Bankruptcy Code is to "promote a fair distribution to creditors through a realistic assessment of uncertain claims." *O'Neill v. Continental Airlines, Inc. (In re Continental Airlines),* 981 F.2d 1450, 1461 (5th Cir. 1993). The Motion seeks to distort TMC's recovery vis-à-vis other general unsecured creditors by capping TMC's Toyota PRA Claim at less than the actual amount of the claim. Thus, MLC's Motion violates the very purpose of Section 502(c) of the Bankruptcy Code.

9. Nonetheless, TMC understands MLC's desire to quickly and efficiently make distributions to the holders of allowed claims upon confirmation of MLC's Plan. However, to ensure

3

an accurate and up to date estimate of TMC's actual rejection damages encompassed by the Toyota PRA Claim and to prevent MLC from unilaterally preventing TMC from recovering the entire amount of its rejection damages claim, TMC is currently undertaking an analysis of the amount of the Toyota PRA Claim.  As soon as practicable, TMC shall provide MLC and this Court with an updated estimate of the Toyota PRA Claim for the purposes of establishing a reserve amount ("<u>TMC's Proposed Reserve Amount</u>").

10. If MLC accepts TMC's Proposed Reserve Amount and amends the Motion and Proposed Order accordingly, TMC will withdraw its Opposition to the Motion.  If, however, MLC does not accept TMC's Proposed Reserve Amount, TMC will request that the Court set an evidentiary hearing (or another type of hearing as determined by this Court) to estimate the Toyota PRA Claim.[2]  *See In re Adelphia Bus. Solutions, Inc.,* 341 B.R. 415, 422-23 (Bankr. S.D.N.Y. 2003) (explaining that courts have employed a variety of methods to estimate claims including summary trial, evidentiary hearings, or a review of pleadings and oral argument).

## **CONCLUSION**

11. Although TMC understands MLC's desire to quickly and efficiently begin distributions to MLC's general unsecured creditors upon confirmation of MLC's Plan, the procedures proposed by MLC to accomplish this goal cannot come at the expense of its creditors.  Accordingly, TMC opposes the Motion because it seeks to estimate TMC's Toyota PRA Claim at less than the estimated amount of the Toyota PRA Claim.  As soon as practicable, TMC shall submit an updated estimate of the Toyota PRA Claim to be used for the purposes of establishing an appropriate reserve for the Toyota PRA Claim.  If MLC does not oppose TMC's Proposed Reserve Amount, TMC will withdraw this Opposition.  However, if MLC disputes TMC's Proposed Reserve Amount, TMC shall

---

[2] If MLC does not accept TMC's Proposed Reserve Amount, TMC reserves the right to object to the Motion on other grounds, including that estimation of the Toyota PRA Claim is inappropriate because the Toyota PRA Claim does not require extensive legal proceedings that may delay or hinder the administration of the estate.

request that this Court require MLC to submit evidence regarding its estimate of the Toyota PRA Claim.

Dated:  February 22, 2011						FOLEY & LARDNER LLP

*/s/* Matthew J. Riopelle
Victor A. Vilaplana (*admitted pro hac vice*)
Matthew J. Riopelle (*admitted pro hac vice*)
402 West Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 234-6655
Facsimile: (619) 234-3510

Jeffery A. Soble (*admitted pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

*Attorneys for Toyota Motor Corporation*