FOLEY & LARDNER LLP
Victor A. Vilaplana (*admitted pro hac vice*)
Matthew J. Riopelle (*admitted pro hac vice*)
402 West Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 234-6655
Facsimile: (619) 234-3510

FOLEY & LARDNER LLP
Jeffrey A. Soble (*admitted pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| | : | |
------------------------------------------------------------X

**TOYOTA MOTOR CORPORATION'S RESERVATION OF RIGHTS AND OPPOSITION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING CLAIMS RESERVES IN CONNECTION WITH DISTRIBUTIONS TO BE MADE UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN WITH RESPECT TO, AMONG OTHER THINGS, CERTAIN UNLIQUIDATED CLAIMS**

Toyota Motor Corporation ("TMC"), by its attorneys Foley & Lardner LLP, hereby submits this Reservation of Rights and Opposition ("Opposition") to the Motion of Debtors for Entry of an Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims ("Motion").

**BACKGROUND FACTS**

1.  TMC and Motors Liquidation Corporation ("MLC") are each fifty percent (50%)

1

shareholders of New United Motor Manufacturing, Inc. ("NUMMI"). NUMMI manufactured vehicles for MLC from 1984 through 2009 and TMC from 1986 through 2010.

2. TMC timely filed various proofs of claim against MLC for claims arising out of the parties' relationship as joint venturers at NUMMI. Among the Proofs of Claim filed by TMC is Proof of Claim Number 66243, an unliquidated claim for environmental and workers' compensation claims arising at NUMMI for which MLC is responsible ("TMC's NUMMI Claim").

3. On November 24, 2010, at the request of this Court, TMC filed a Complaint ("Complaint") against MLC to resolve TMC's NUMMI Claim and another Proof of Claim filed by TMC (Number 70735). Pursuant to that certain scheduling stipulation approved on November 30, 2010, MLC filed a Motion to Dismiss TMC's Complaint on December 23, 2010, TMC filed an Opposition to MLC's Motion to Dismiss on January 18, 2011, and MLC filed a Reply in support of its Motion to Dismiss on February 1, 2011. On February 9, 2011, this Court held a hearing on MLC's Motion to Dismiss and requested further briefing on TMC's NUMMI Claim. To date, the parties have not yet completed the supplemental briefing nor has the Court issued any ruling regarding MLC's Motion to Dismiss.

4. Despite active litigation over TMC's NUMMI Claim, in Adversary Proceeding Number 10-05015, MLC did not include TMC's NUMMI Claim in the list of unliquidated claims subject to the Motion. To ensure that that TMC's NUMMI Claim is not estimated at zero or otherwise subject to the reserve estimated by MLC as set forth in the Motion, TMC hereby objects to the Motion to the extent that it attempts to estimate and/or establish a reserve for TMC's NUMMI Claim.

**ARGUMENT**

5. In the Motion, MLC seeks to set a reserve for distribution purposes for certain unliquidated claims. MLC has unilaterally decided that all unliquidated general unsecured claims

2

should be subject to a $420 million cap.  However, MLC presents no evidence regarding how MLC arrived at this estimate or that it is truly a "high-end" estimate.

6. If granted, the Motion will cap all unliquidated claims at $420 million, regardless of the actual amount of such claims.  However, it is unclear whether MLC intends for the Motion to apply to unliquidated claims not listed in the Exhibits to the Motion.  The purpose of estimation under Section 502(c) of the Bankruptcy Code is to "promote a fair distribution to creditors through a realistic assessment of uncertain claims."  *O'Neill v. Continental Airlines, Inc. (In re Continental Airlines),* 981 F.2d 1450, 1461 (5th Cir. 1993).  The estimation process has the ability to affect a creditor's due process rights to fully prosecute their claims.  Therefore, the courts must be sensitive to the due process concerns when estimating claims.  *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 423 (Bankr. S.D.N.Y. 2003).

7. To the extent that the Motion encompasses TMC's NUMMI Claim, it seeks to distort TMC's recovery vis-à-vis other general unsecured creditors by capping TMC's NUMMI Claim at less than the actual amount of the claim.  In fact, depending on the timing of the allowance of other unliquidated claims, the cap set forth in the Motion may prevent any recovery by holders of other unliquidated claims, in violation of the absolute priority rule.  Thus, MLC's Motion violates the very purpose of Section 502(c) of the Bankruptcy Code and the bankruptcy priority scheme.

8. Nonetheless, TMC understands MLC's desire to quickly and efficiently make distributions to the holders of allowed claims upon confirmation of MLC's Plan.  Accordingly, if MLC amends the Motion to include TMC's NUMMI Claim, TMC will provide MLC with an estimate of TMC's NUMMI Claim which can be used as a cap for the purposes of the Motion, provided, however, that any cap allocated to TMC's NUMMI Claim shall be reserved exclusively for TMC's NUMMI Claim and shall not be available to the holders of other unliquidated claims prior to final determination of the amount of TMC's NUMMI Claim.

# CONCLUSION

9.      Although TMC understands MLC's desire to quickly and efficiently begin distributions to MLC's general unsecured creditors upon confirmation of MLC's Plan, the procedures proposed by MLC to accomplish this goal cannot come at the expense of its creditors' due process rights or general bankruptcy policies.  Accordingly, TMC opposes the Motion because: (1) it is unclear if TMC's NUMMI Claim is subject to the reserve set forth in the in Motion; and (2) if TMC's NUMMI Claim is subject to the reserve, MLC has not adequately provided for TMC's NUMMI Claim.  TMC respectfully requests that any order on the Motion specifically indicate that TMC's NUMMI Claim is not subject to the proposed reserve cap.  Alternatively, if MLC seeks to amend the Motion to include TMC's NUMMI Claim, TMC requests that the reserve amount be increased to include an amount sufficient to account for TMC's NUMMI Claim (to be provided by TMC upon request by MLC) and that such amount be specifically reserved for TMC's NUMMI Claim and not other unliquidated claims.[1]

Dated:  February 22, 2011                FOLEY & LARDNER LLP

/s/ Matthew J. Riopelle
Victor A. Vilaplana (*admitted pro hac vice*)
Matthew J. Riopelle (*admitted pro hac vice*)
402 West Broadway, Suite 2100
San Diego, CA 92101
Telephone: (619) 234-6655
Facsimile: (619) 234-3510

Jeffery A. Soble (*admitted pro hac vice*)
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

*Attorneys for Toyota Motor Corporation*

---

[1] To the extent that MLC disagrees with TMC's estimate, TMC requests that the Court set an evidentiary hearing to determine the appropriate estimate of TMC's NUMMI Claim.

4