# EXHIBIT A

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**

☒ Motors Liquidation Company (f/k/a General Motors Corporation) — Case No. 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

Your Claim is Scheduled As Follows:

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): NCR Corporation

**Name and address where notices should be sent:**
Matthew A. Hamermesh, Esquire
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
215-568-6200
Telephone number:
Email Address: mhamermesh@hangley.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**
Edward Gallagher, Law Vice President
NCR Corporation, WHQ-2E
1700 South Patterson Blvd.
Dayton, OH 45479
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ See attached.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Valleycrest - Contract/Judgment/Environmental Laws
(See instruction #2 on reverse side.)     (See attached)

**3. Last four digits of any number by which creditor identifies debtor:** _____
(See instruction #3a on reverse side.)

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 11/25/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

HANGLEY ARONCHICK SEGAL & PUDLIN
By:    Matthew A. Hamermesh (ID No. 82313)
          Joseph A. Dworetzky (ID No. 26968)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200                                         *Attorneys for NCR Corporation*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **GENERAL MOTORS CORPORATION., et al.** | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | **Case No. 09-50026 (REG)** |

## SUPPLEMENT TO VALLEYCREST PROOF OF CLAIM

This proof of claim is filed on behalf of NCR Corporation ("NCR"), a creditor and party-in-interest in the above-captioned cases. In support thereof, NCR states as follows:

1.       NCR and the Debtor have each previously been identified as potentially responsible parties ("PRPs"), along with numerous other parties, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and similar federal and state laws at several sites in, *inter alia*, Ohio and Kentucky. At each of these sites, to the extent the Debtor has failed or in the future fails to comply with its obligations to undertake or contribute financially to cleanup efforts, government cost reimbursement or to pay natural resource damages, the Debtor is or will become liable to NCR for cost recovery and contribution under statutory and/or common law.

2.       In particular, both NCR and the Debtor are alleged to have shipped wastes, including hazardous substances, to a National Priorities List site named the North Sanitary Landfill and also known as the "Valleycrest" landfill in Dayton, Ohio (the "Site"). At least fifteen years ago, federal and/or state environmental authorities asserted that NCR and the Debtor, along with others, are PRPs for the cleanup of the Site. Since that time, both NCR and the Debtor have participated in and contributed financially to the investigation, removal and remediation of hazardous substances at the Site.

3.      The members of the Valleycrest Landfill Site Group ("VLSG") are among the PRPs at the Site.  The members of VLSG at the time, including Debtor, executed and/or agreed to the terms of the Director's Final Findings and Orders ("FFOs") with Ohio Environmental Protection Agency ("OEPA") to perform a Remedial Investigation/Feasibility Study ("RI/FS") at the Site.  Certain members of the VLSG, also including Debtor, also entered into an Administrative Order on Consent ("AOC") with U.S. EPA pursuant to which VLSG has incurred costs.  The costs associated with these agreements include, but are not limited to, investigative costs, removal costs, administrative costs, U.S. EPA past and future costs, and OEPA past and future costs.

4.      NCR is asserting its individual claims under Sections 107 and 113 of CERCLA against the Debtor, which was formerly a member of VLSG.  NCR's claims include contribution claims and cost recovery against the Debtor.

5.      NCR asserts claims against the Debtor for Debtor's share of no less than $ 29,738,036.25 related to investigation, removal, remediation (including but not limited to remedial design and remedial action), response, OEPA, U.S. EPA and other governmental administrative and oversight costs, and any other costs relating to Site.  Debtor's share of no less than $ 29,738,036.25 is based on the formula set forth in the "Judgment, Order and Decree" entered November 21, 2007 in Cargill, Inc., et al. v. ABCO Construction, et al., Case No. 3:98-cv-3601 (S.D. Ohio) (the "Judgment"), and a related settlement agreement.

6.      Additionally and separately, NCR asserts claims against Debtor for Debtor's obligations under the Judgment and related settlement agreement to repay to NCR certain amounts designated in the Judgment as "overage" that NCR paid in excess of specified percentages of costs relating to the Site. Debtor's overage obligation of no less than $1,942,642.26, which is owed in its entirety exclusively to NCR, is based on the formula set forth in the Judgment and the related settlement agreement, plus accrued interest and net of previous payments from the Debtor.

7.    NCR also asserts contract claims against Debtor for Debtor's remaining obligations under the agreement establishing the VLSG and its various amendments (the "PRP Agreement"). As amended, the PRP Agreement obligates Debtor to pay 21.9375% of costs the VLSG incurs to fulfill its obligations under a Director's Final Findings and Orders with OEPA ("FFOs"). NCR asserts claims against the Debtor for Debtor's share of no less than $ 422,008.35 related to Debtor's remaining obligations under the PRP Agreement. This amount is based on currently outstanding assessments and estimated future assessments to complete work currently required under the FFOs.

8.    NCR also asserts claims against Debtor for Debtor's obligations under the Judgment and related settlement agreement with respect to work required under an Administrative Order on Consent with U.S. EPA ("AOC"). NCR asserts claims against the Debtor for Debtor's share of no less than $ 102,804.57 related to Debtor's remaining obligations under the AOC. This amount is based on estimated future assessments to complete work currently required under the AOC.

9.    These claims are made by the NCR, based on actual and estimated costs that Debtor is or may be responsible for as to the Site. The actual amount of claims of the NCR shall be amended once the actual and future costs have been fully determined.

10.    The Debtor's proportionate share of all claims is no less than $ 32,204,771.43 related to investigation, removal, remediation (including but not limited to remedial design and remedial action), response, OEPA, U.S. EPA and other governmental administrative and oversight costs, fulfillment of the VLSG's obligations under the FFOs, and any other costs relating to the Site.

11.    The documents supporting this Proof of Claim are too voluminous to attach and file herewith and are subject to various confidentiality obligations. Copies may be made available as necessary. These documents can, however, be summarized as including at least the following:

- OEPA's Director's FFOs and U.S. EPA's AOC;

- 1999 and 2003 U.S. EPA Fact Sheet, North Sanitary Landfill Superfund Site;

- Cost summaries supporting costs incurred and to be incurred by VLSG and its Members and other Respondents under the FFOs and AOC and to perform the remedy at the Site;

- The Judgment; and

- The PRP Agreement.

## RESERVATION OF RIGHTS

1.    This Proof of Claim is filed with full reservation of rights, including, without limitation, the right to assert that NCR has an ownership interest in the Total Overage and that the Debtor holds the Total Overage not in its own right but rather as an express trustee, a constructive trustee, or a bailee.

2.    NCR also reserves the right to assert additional, supplementary and/or amended proofs of claim and requests for administrative expense reimbursements based on subsequent events or information and documents obtained from the debtors or other parties through discovery or otherwise.

3.    NCR further fully reserves: (a) all rights arising out of or relating to any executory contract between NCR and the Debtors, including, without limitation, as a result of the assumption, assignment or rejection thereof, including any cure amounts and rejection damages; (b) all setoff and recoupment rights; and (c) any other rights, claims, actions, or defenses, including the right of subrogation or exoneration, to which NCR is or may be entitled under agreements, at law, in equity or otherwise.

4.    By filing this Proof of Claim, NCR does not consent to the jurisdiction of the Bankruptcy Court. Neither this Proof of Claim nor any other claim or request filed by or on behalf of NCR shall waive: (1) the right of NCR to have final orders in non-core matters entered only after de novo review by a United States District Court (the "District Court"); (2) the right of NCR to trial by jury in any proceeding so triable in this case or any other case, controversy or proceeding related to this case; (3) the right of NCR to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (4) the right to assert that the amounts owed to NCR are entitled to

administrative expense treatment pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code, 11

U.S.C. § 503(b) & 507(a)(2).

## Correspondence Concerning Claim

All correspondence concerning claim
should be directed to:

Matthew A. Hamermesh, Esquire
Hangley Aronchick Segal & Pudlin, P.C.
One Logan Square, 27th Floor
Philadelphia, PA  19103

With a copy to:

Edward Gallagher, Esquire
Law Vice President
NCR Corporation, WHQ-2E
1700 South Patterson Blvd.
Dayton OH 45479