# EXHIBIT B

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One):<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | Case No.<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows: |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **NCR Corporation**

Name and address where notices should be sent:
Matthew A. Hamermesh, Esquire
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone number: 215-568-6200
Email Address: mhamermesh@hangley.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):
Edward Gallagher, Law Vice President
NCR Corporation, WHQ-2E
1700 South Patterson Blvd.
Dayton, OH 45479
Telephone number: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $ **See attached.**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Cardington Road - Contract/Environmental Laws
(See instruction #2 on reverse side.)                (See attached)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11/25/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *[signature]* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

HANGLEY ARONCHICK SEGAL & PUDLIN
By:   Matthew A. Hamermesh (ID No. 82313)
      Joseph A. Dworetzky (ID No. 26968)
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200                                              *Attorneys for NCR Corporation*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | : Chapter 11 |
|---|---|
| GENERAL MOTORS CORPORATION., <u>et al</u>. | : (Jointly Administered) |
| Debtors. | : Case No. 09-50026 (REG) |

### SUPPLEMENT TO CARDINGTON ROAD PROOF OF CLAIM

This proof of claim is filed on behalf of NCR Corporation ("NCR"), a creditor and party-in-interest in the above-captioned cases. In support thereof, NCR states as follows:

1. NCR and the Debtor have each previously been identified as potentially responsible parties ("PRPs"), along with numerous other parties, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") and similar federal and state laws at several sites. At each of these sites, to the extent the Debtor has failed or in the future fails to comply with its obligations to undertake or contribute financially to cleanup efforts, government cost reimbursement or to pay natural resource damages, the Debtor is or will become liable to NCR for cost recovery and contribution under statutory and/or common law.

2. In particular, both NCR and the Debtor are alleged to have shipped wastes, including hazardous substances, to a National Priorities List site named the Sanitary Landfill Company (IWD) Superfund Site, also known as the Cardington Road Landfill, in Moraine, Ohio (the "Site"). Federal and/or state environmental authorities asserted that NCR and the Debtor, along with others, are PRPs for the cleanup of the Site. Since that time, both NCR and the

1

Debtor have participated in and contributed financially to the investigation, removal and remediation of hazardous substances at the Site.

3. The members of the Cardington Road Site Group ("CRSG") are among the PRPs at the Site. The members of CRSG at the time, including Debtor, entered into a consent decree ("Consent Decree") with the United States for performance of Remedial Action and payment of response costs with respect to the Site.

4. The CRSG completed the Remedial Action at the Site in approximately 1999 and has been performing long term operation and maintenance (O&M) since then.

5. NCR is asserting its claims under Sections 107 and 113 of CERCLA against the Debtor, which is a member of CRSG. NCR's claims include contribution claims and cost recovery against the Debtor.

6. NCR is also asserting its claims under the "Site Participation Agreement" entered into by the members of CRSG in 1996, including NCR and Debtor. The Site Participation Agreement obligates Debtor to perform the remedy and pay its share of response costs at the Site, including O&M costs.

7. The Debtor's proportionate share of all claims is no less than $ 1,506,403.92, related to O&M, U.S. EPA and other governmental administrative and oversight costs, fulfillment of the CRSG's obligations under the Consent Decree, and any other costs relating to the Site.

8. In addition, because NCR paid costs at the Site in excess of its share at the beginning of the remediation, NCR is due an additional $127,965.00 that the Debtor is obligated to pay on NCR's behalf. This calculation is based on an agreement that the Debtor would pay NCR's share until Site costs reached $13.9 million. Site costs so far are approximately $12.4

2

million, so the Debtor's obligation to pay NCR's share on the remaining $1.5 million is $127,965.00.

9. The Site Participation Agreement obligates Debtor to pay 37.6601 % of costs the CRSG incurs to fulfill its obligations under the Consent Decree. A member of the CRSG that became insolvent and no longer pays its share was obligated under the Site Participation Agreement to pay 40% of those costs. Disregarding the insolvent member's 40 % share, Debtor's share is 62.766833 %. NCR asserts claims against the Debtor for Debtor's share of no less than $ 1,506,403.92 related to Debtor's remaining obligations under the Site Participation Agreement. This amount is based on Debtor's 62.766833 % share of currently estimated future assessments of $ 2.4 million to complete work currently required under the Consent Decree.

10. These claims are made by the NCR, based on actual and estimated costs that Debtor is or may be responsible for as to the Site. The actual amount of claims of NCR shall be amended once the actual and future costs have been fully determined.

11. The documents supporting this Proof of Claim are too voluminous to attach and file herewith. Copies may be made available as necessary. These documents can, however, be summarized as including at least the following:

- The Consent Decree;

- The Site Participation Agreement;

- Cost summaries supporting costs incurred and to be incurred by CRSG and its Members to perform the O&M and pay other costs at the Site; and

- Letter Agreement between NCR and GM dated October 7, 1996.

### RESERVATION OF RIGHTS

1. This Proof of Claim is filed with full reservation of rights, including, without limitation, the right to assert additional, supplementary and/or amended proofs of claim and

3

requests for administrative expense reimbursements based on subsequent events or information and documents obtained from the debtors or other parties through discovery or otherwise.

2. NCR further fully reserves: (a) all rights arising out of or relating to any executory contract between NCR and the Debtors, including, without limitation, as a result of the assumption, assignment or rejection thereof, including any cure amounts and rejection damages; (b) all setoff and recoupment rights; and (c) any other rights, claims, actions, or defenses, including the right of subrogation or exoneration, to which NCR is or may be entitled under agreements, at law, in equity or otherwise.

3. By filing this Proof of Claim, NCR does not consent to the jurisdiction of the Bankruptcy Court. Neither this Proof of Claim nor any other claim or request filed by or on behalf of NCR shall waive: (1) the right of NCR to have final orders in non-core matters entered only after de novo review by a United States District Court (the "District Court"); (2) the right of NCR to trial by jury in any proceeding so triable in this case or any other case, controversy or proceeding related to this case; (3) the right of NCR to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (4) the right to assert that the amounts owed to NCR are entitled to administrative expense treatment pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code, 11 U.S.C. § 503(b) & 507(a)(2).

### Correspondence Concerning Claim

| | |
|---|---|
| All correspondence concerning claim should be directed to: | With a copy to: |
| Matthew A. Hamermesh, Esquire<br>Hangley Aronchick Segal & Pudlin, P.C.<br>One Logan Square, 27th Floor<br>Philadelphia, PA  19103 | Edward Gallagher, Esquire<br>Law Vice President<br>NCR Corporation, WHQ-2E<br>1700 South Patterson Blvd.<br>Dayton OH 45479 |