# EXHIBIT C



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor (Check Only One): | Case No. |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | 09-13558 (REG) |

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **NCR Corporation**

Name and address where notices should be sent:
**Matthew A. Hamermesh, Esquire**
**Hangley Aronchick Segal & Pudlin**
**One Logan Square, 27th Floor**
**Philadelphia, PA   19103**
**215-568-6200**
Telephone number:
Email Address:   **mhamermesh@hangley.com**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):
**Edward Gallagher, Law Vice President**
**NCR Corporation, WHQ-2E**
**1700 South Patterson Blvd.**
**Dayton, OH   45479**
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS:** If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**   $ __See attached.__

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** South Dayton Dump - Contract/Environmental Laws
(See instruction #2 on reverse side.)                    (See attached)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

**Value of Property:** $_____  **Annual Interest Rate____%**

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date: 11/25/0?

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
**Modified B10 (GCG) (12/08)**

**RIDER**

Debtor is a potentially responsible party ("PRP") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), the federal statute giving statutory contribution and cost recovery to parties that incur costs to remediate contaminated sites, at the South Dayton Dump and Landfill, located at 1975 Dryden Road (a/k/a Springboro Pike), Moraine, Montgomery County, Ohio ("Site"). Creditor has incurred and will continue to incur costs associated with the investigation and remediation of alleged environmental contamination at the Site.

Creditor and Debtor are among a group of PRPs which are potentially responsible under CERCLA for costs associated with the investigation and remediation of the Site. The United States Environmental Protection Agency ("U.S. EPA") has alleged that the Debtor is responsible for the disposal of an unknown quantity of waste including wastes containing hazardous substances. According to U.S. EPA, these wastes contributed to the alleged environmental contamination at the Site. As a result, Debtor is liable for response and other remedial costs at the Site pursuant to CERCLA. Under CERCLA, Debtor's liability may be joint and several.

The Creditor, Debtor and certain other PRPs have entered into an Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study (the "ASAOC for RI/FS"), with an effective date of August 15, 2006, Docket No. V-W-06-C-852 with the EPA to perform an RI/FS at the Site. The costs for the RI/FS are estimated to range from approximately $2,000,000 to over $3,300,000 and, depending on Site conditions, may actually be higher. In addition, U.S. EPA and Ohio EPA ("OEPA") have demanded reimbursement pursuant to CERCLA for all past and future Site costs, including oversight costs

related to the performance of the RI/FS. If the participating PRPs are unable to complete the

RI/FS per U.S. EPA requirements, U.S. EPA may complete the RI/FS, such performance may be

mandated pursuant to a unilateral administrative order or, in the alternative, U.S. EPA may

perform the remedy and demand reimbursement for all its site costs. Regardless of the

mechanism under which U.S. EPA seeks to have work performed or to seek reimbursement for

its costs in performing the work, the identified PRPs, including the Debtor, will be responsible

for all related Site costs.

Such costs relating to Site investigation and remediation will include investigative costs,

administrative costs, U.S. EPA past costs, and OEPA past costs. The costs for future remedial

activities at the Site, including the costs to implement the remedial activities, associated

administrative costs, and reimbursements to U.S. EPA and OEPA for oversight costs, are

unknown at this time but may consist of millions of dollars, and possibly tens of millions of

dollars, for which Creditor reserves the right to amend this proof of claim to include future

response costs and other costs for oversight and administrative costs.

The documents supporting this claim are too voluminous to be attached but can be

summarized to include at least the following:

a.      December 22, 2005 General Notice Letter ("GNL") addressed to Creditor,
        identifying Debtor-related party (GM) as a recipient of the GNL (GNL is included
        as an attachment to this Rider);

b.      ASAOC with cover letters (included as an attachment to this Rider);

c.      Other Site records from the U.S. EPA Administrative Record, OEPA files, and
        Montgomery County Combined Health District records;

d.      Invoices and cost summaries supporting costs incurred and to be incurred by
        Respondents, U.S. EPA, and OEPA under the Administrative Settlement
        Agreement and Order on Consent for RI/FS; and

2

e.   Affidavits from person(s) familiar with operations at the Site.

Creditor reserves the right to amend this Proof of Claim to reflect adjustments to Debtor's share based upon the actual investigation, administrative, and remediation costs incurred and to be incurred and upon any new evidence concerning Debtor's waste volume and characteristics.

Creditor, while filing this proof of claim (a) does not submit to the jurisdiction of this Court except with respect to this proof of claim, (b) reserves any and all rights and remedies against any other person or entity, (c) reserves any and all rights with respect to any and all collateral which it may have, whether such collateral is owned by the Debtor or by any other person or entity, (d) does not waive its right to a trial by jury, and (e) reserves the right to amend this proof of claim in any and all respects.