Hearing Date: March 1, 2011 at 9:45 a.m. (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re                                                       :    Chapter 11
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    Case No. 09-50026 (REG)
            f/k/a General Motors Corp., *et al.*            :
                                                            :    (Jointly Administered)
                                            Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OBJECTION OF ENTERPRISE HOLDINGS INC. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTIMATING MAXIMUM AMOUNT OF CERTAIN CLAIMS FOR PURPOSES OF ESTABLISHING CLAIMS RESERVES UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

Alan W. Kornberg
Jonathan T. Koevary
Abigail W. Clark
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
*Attorneys for Enterprise Holdings Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ........................................................................................................2

ADDITIONAL LIQUIDATED AMOUNTS ....................................................3

IMMINENT LIQUIDATED AMOUNTS ........................................................4

ARGUMENT ............................................................................................................4

CONCLUSION ..........................................................................................................6

## TABLE OF AUTHORITIES

*Bittner* v. *Borne Chem. Co.*, 691 F.2d 134 (3d Cir. 1982) .......................................................... 4-5

*O'Neill* v. *Cont'l. Airlines, Inc. (In re Cont'l. Airlines, Inc.)*, 981 F.2d 1450 (5th Cir.
    1983) ..................................................................................................................................... 5

*In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771 (Bankr. S.D.N.Y. 1996) ........................... 5

*In re Windsor Plumbing Supply Co.*, 170 B.R. 503 (Bankr. E.D.N.Y. 1994) ................................ 5

Enterprise Holdings Inc. f/k/a Enterprise Rent A Car Company (collectively with the subsidiaries on whose behalf it filed a claim, **"Enterprise"**), by and through its undersigned counsel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby submits this Objection (the **"Objection"**) to the Debtors' Motion for Entry of an Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan (the **"Motion"**),[1] as such Motion relates to Enterprise's claim, Claim No. 65719 (as amended, the **"Claim"**). In support of the Objection, Enterprise respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      The Debtors improperly seek estimation of the Claim for plan reserve purposes at an unreasonably low amount. By seeking to estimate only the portion of the Claim that was liquidated as of the time of its original filing,[2] the Debtors fail to take into account: (i) previously unliquidated amounts arising from environmental clean-up expenses that have become liquidated since the initial filing of the Claim; and (ii) amounts certain to soon become liquidated on account of expenses for environmental clean-up currently underway. While Enterprise does not seek at this time inclusion of amounts for which Enterprise faces uncertain exposure, Enterprise seeks estimation of its Claim for reserve purposes in the amount of $1,659,915.74, which is the lowest reasonable estimate of its Claim for costs either incurred or certain to be incurred in the near future.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Debtors' figure of $761,015.75 reflects an apparent misread of the Claim as originally filed. The liquidated amount as of the initial filing of the Claim was $766,534.31.

## BACKGROUND

2.    On September 16, 2009, this Court entered the Bar Date Order which, *inter alia*, established November 30, 2009 as the last date and time for each person or entity to file a proof of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code).

3.    On November 23, 2009, Enterprise filed a proof of claim (the **"Original Claim"**) for various amounts owing to Enterprise by the Debtors. The Original Claim includes known claims for contribution and breach of warranty in liquidated and unliquidated amounts. The Original Claim was subsequently disallowed as duplicative of the Claim.[3]

4.    On November 25, 2009, prior to the Bar Date, Enterprise filed the Claim (attached hereto as Exhibit A) which superseded the Original Claim for various amounts owing to Enterprise by the Debtors. The Claim asserts known claims for contribution and breach of warranty in the amount of $766,534.31 as well as claims in unliquidated amounts. In addition, the Claim as filed prior to the Bar Date includes unliquidated environmental claims including those that arose or will arise in connection with any real property formerly owned, operated or leased by the Debtors and subsequently owned, operated or leased by Enterprise.

5.    On February 11, 2011, the Debtors filed the Motion, in which the Debtors, among other things, seek to estimate the Claim in the amount of $761,015.75, constituting all but $5,518.56 of the liquidated portion of the Claim, as filed prior to the Bar Date.[4]

---

[3]    Order Granting Debtors' Sixth Omnibus Objection to Claims, *In re Motors Liquidation Co., et al.*, Ch. 11 Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Feb. 23, 2010) [Docket No. 5045].

[4]    The notice period and objection deadline, while perhaps not technically prohibited, are patently unfair and left Enterprise with an unreasonably short time to respond to the Motion. While the Motion may not be identical to a claim objection, it seeks what could be tantamount to the same relief.

6.      On February 22, 2011, Enterprise filed a second amended and restated proof of claim (attached hereto as Exhibit B), amending the Claim to account for $193,381.43 (the **"Additional Liquidated Amount"**) in previously unliquidated claims that have since become liquidated, bringing the total liquidated amount of the Claim to $959,915.74.

ADDITIONAL LIQUIDATED AMOUNTS

7.      Specifically, since the filing of the Amended Proof of Claim, Enterprise has incurred $193,381.43 in environmental clean-up expenses for which the Debtors are liable to Enterprise as of February 18, 2011. This amount includes $157,381.43 for clean-up of the National car rental site at Philadelphia International Airport, 1 Arrivals Road, in Philadelphia, Pennsylvania (the **"Philadelphia Site"**), previously the site of the Debtors' operations when they owned and operated National Car Rental (**"National"**), and $36,000 for clean-up of the rental car facility site at 9225 NE Airport Way, Portland Oregon (the **"Portland Site"**), currently operated as an Enterprise Rent A Car storage lot.

8.      Costs incurred at the Philadelphia Site include groundwater well-monitoring, consulting services, soil and water disposal, clean-up or repair work, emergency response activities and testing to locate a line and vapor leak.

9.      Remediation of the Portland Site is a response to environmental spills that occurred while the Debtors owned National. After the Debtors transferred the Portland Site, but prior to the Petition Date, as of the result of the demands of the Portland Airport Authority, the Debtors initiated land studies and sampling and implemented monitoring wells to determine the extent of the land contamination. The Debtors' prepetition environmental work was performed in response to oil and gas leakage caused by the Debtors when they operated at the site. The Debtors, who took all responsibility for the site's environmental clean-up prepetition, however, ceased all work post-petition. Following cessation of the Debtors' clean-up effort, the Portland

3

Airport Authority charged Enterprise with the task of cleaning up the Debtors' environmental spills and developing a plan for remediation.

10.     Costs incurred to date by Enterprise in connection with the Portland Site include the replacement or removal of certain groundwater monitoring wells, the installation of new groundwater monitoring wells and the development of a Remedial Action Plan ("**RAP**"). Costs incurred also include two semi-annual groundwater monitoring events, ongoing communication with the Airport Authority, and professional fees. The Debtors' abandonment of its earlier remediation activities increased total costs incurred by Enterprise because some of the groundwater monitoring wells drilled by the Debtors were no longer functioning effectively upon Enterprise's assumption of the remediation.

IMMINENT LIQUIDATED AMOUNTS

11.     During 2011, Enterprise anticipates incurring additional costs of $150,000 associated with remediation of the Portland Site, including additional land sampling and testing and further development of the RAP.  In addition, Enterprise expects that the remediation will require a soil vapor extraction system.  Enterprise anticipates that such activities, subject to Airport Authority approval, will ultimately cost at least $700,000.  In the event that testing reveals free standing hydrocarbon contamination, the anticipated clean-up costs will likely increase.

12.     Potential liability and clean-up with respect to additional sites covered by the Claim remain unknown.

### ARGUMENT

13.     The Debtors note that "estimation requires only 'sufficient evidence on which to base a reasonable estimate of the claim" (Motion ¶ 27 (quoting *Bittner* v. *Borne Chem.*

4

*Co.*, 691 F.2d 134, 135 (3d Cir. 1982)) and that a "realistic assessment of certain claims" is "*the principal consideration when estimating the value of the claim.*" *Id.* (citing *O'Neill* v. *Cont'l. Airlines, Inc. (In re Cont'l. Airlines, Inc.)*, 981 F.2d 1450, 1461 (5th Cir. 1983) (emphasis added)).

14.    The Debtors' estimate of the Claim at only amounts liquidated at the time of initial filing of the Claim is not a realistic assessment of the Claim and is hardly the "maximum possible amount" of Enterprise's claim as the Debtors assert.  Motion ¶ 30.

15.    As described above, since the filing of the Claim, Enterprise incurred additional liquidated costs stemming from environmental clean-up of the Portland and Philadelphia Sites.  These amounts are reflected in the Second Amended Proof of Claim.  The Debtors themselves have acknowledged that they must take into account liquidated amounts; accordingly, the Additional Liquidated Amount must be included for estimation purposes.[5]

16.    In addition, the unliquidated portion of Enterprise's Claim cannot in this case be estimated at zero.  In estimating claims, it is appropriate to look to the probability of the claim coming to fruition.  *See In re Windsor Plumbing Supply Co.*, 170 B.R. 503, 521-22 (Bankr. E.D.N.Y. 1994) (estimating unliquidated claim at discounted rate derived from likelihood of success and rejecting a binary all or nothing approach); *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 776 (Bankr. S.D.N.Y. 1996) (adopting Windsor's probability approach).

17.    Here, with respect to the Portland Site, the probability is certain:  the environmental clean-up of the Portland Site is an ongoing process and Enterprise's contractors

---

[5]    The Debtors themselves contemplate this by acknowledging preparedness "to address timely responses to this Motion in the event a Claimant can assert a reasonable, additional fixed increment to their Liquidated Amount." Motion ¶ 20.

5

are performing work on a daily basis. The work on the Portland Site is anything but "speculative and protective in nature." Motion ¶ 19. Rather, expenses are incurred daily. Enterprise fully expects to expend a minimum of $700,000 of additional clean-up costs for which the Debtors are responsible. Enterprise is prepared to demonstrate that of this amount, at least $150,000 of additional costs will be expended by year-end. Accordingly, these costs for cleaning up the Portland Site should be included as part of this Court's estimation of the Claim.

18.    Enterprise requests that the relief sought by the Debtors be denied in its entirety or at least to the extent that the Motion seeks to estimate Enterprise's claim for an amount less than $1,659,915.74.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Enterprise respectfully submits that the Court should (i) deny the Motion as it relates to the Claim in its entirety; (ii) allow the Motion to the extent that the Court estimates Enterprise's Claim in an amount not less than $1,659,915.74 and (iii) grant such other relief as is just and proper.

Dated: New York, New York          PAUL, WEISS, RIFKIND, WHARTON &
      February 22, 2011                 GARRISON LLP

                     By:   /s/ ALAN W. KORNBERG
                            Alan W. Kornberg
                            (A Member of the Firm)
                            Jonathan T. Koevary
                            Abigail W. Clark
                            1285 Avenue of the Americas
                            New York, New York  10019-6064
                            Telephone:  (212) 373-3000
                            Facsimile:  (212) 757-3990

                     *Attorneys for Enterprise Holdings Inc.*

# Exhibit A

# ORIGINAL



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**  ·  Case No

☒ Motors Liquidation Company (f/k/a General Motors Corporation)  ·  09-50026 (REG)
☐ MLCS LLC (f/k/a Saturn LLC)  ·  09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  ·  09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  ·  09-1355X (REG)

**Your Claim is Scheduled As Follows.**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. But may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor (the person or other entity to whom the debtor owes money or property)** Enterprise Holdings Inc (f/k/a Enterprise Rent A Car Company)

**Name and address where notices should be sent**

Enterprise Holdings Inc
600 Corporate Park Drive
St Louis MO 63105
Attention Thomas P Laffey
with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas, New York NY 10019-6064,
Attention Alan W Kornberg and Jonathan T Koevary

Telephone number  (314) 512-5000 and (212) 373-3000
E-Mail Address  Thomas P Laffey@erac com akornberg@paulweiss com

☒ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on  11/23/2009

**Name and address where payment should be sent (if different from above)**

Enterprise Holdings Inc
600 Corporate Park Drive
St Louis MO 63105
Attention Thomas P Laffey

Telephone number  (314) 512-5000

FILED - 65719
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (this scheduled amount of your claim may be in accordance to precisamente scheduled amount. If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions you need not file again

**1** Amount of Claim as of Date Case Filed  June 1 2009 ☐ See attachment

If all or part of your claim is secured complete item 4 below however, if all of your claim is unsecured do not complete item 4 If all or part of your claim is entitled to priority complete item 5 If all or part of your claim is unsecured asserted pursuant to 11 U S C § 503(b)(9) complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2** Basis for Claim  See attachment
(See instruction #2 on reverse side )

**3** Last four digits of any number by which creditor identifies debtor _____

**3a** Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

**4** Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property  $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim if any  $_____

Basis for perfection  _____

Amount of Secured Claim  $_____  Amount Unsecured  $_____

**5** Amount of Claim Entitled to Priority under 11 U S C § 507(a) If any portion of your claim falls in one of the following categories check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10 950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6** Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7** Documents Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices itemized statements of running accounts contracts judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

**Signature** The person filing this claim must sign it Sign and print name and title if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

Date  11/31/01

Vice President and General Counsel  Enterprise Holdings, Inc

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

NOV 30 2009

2009 NOV 25  P 1  FILED  U.S. BANKRUPTCY COURT  S.D.N.Y.

**ATTACHMENT TO AMENDED PROOF OF CLAIM OF ENTERPRISE HOLDINGS,
INC. (f/k/a ENTERPRISE RENT-A-CAR COMPANY) AGAINST MOTORS
LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION)**

1       Commencing on June 1, 2009 (the "Petition Date") and periodically thereafter,

Motors Liquidation Company (f/k/a General Motors Corporation) ("Old GM") and certain of its

subsidiaries and affiliates (Old GM together with such subsidiaries and affiliates, the "Debtors"),

filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the

United States Code, 11 U S C  §§ 101 *et seq* (the "Bankruptcy Code")  The Chapter 11 Cases

are being jointly administered under Chapter 11 Case No  09-50026 (REG) (Bankr  S D N Y

2009)

2       On September 16, 2009, the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") entered that certain *Order Pursuant to Section*

*502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for*

*Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and*

*Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* [Docket

No  4079] (the "Bar Date Order") which, *inter alia*, establishes November 30, 2009 at 5 00 pm

(Eastern Time) as the last date and time (the "Bar Date") for each person or entity (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a

proof of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy

Code), including a claim under section 503(b)(9) of the Bankruptcy Code, against any of the

Debtors

3       On July 5, 2009, the Bankruptcy Court entered that certain *Order (I)*

*Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase*

*Agreement With NGMCO, Inc , a U S Treasury-Sponsored Purchaser, (II) Authorizing*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale, and (III) Granting Related Relief* [Docket No 2968] which, among other things, approved that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc , and NGMCO, Inc (the "Master Purchase Agreement")

4       On November 23, 2009, Enterprise Holdings, Inc (f/k/a Enterprise Rent-A-Car Company), on behalf of itself and its subsidiaries listed in Schedule A hereto (collectively, the "Claimant"), filed a proof of claim (the "Original Claim") for various amounts owing to Claimant by Old GM  Claimant hereby files this amended and restated proof of claim (the "Amended Proof of Claim") which supersedes the Original Claim for various amounts owing to Claimant by Old GM, including the following

I.      **Contribution Claims**

A       Known Claims

5       As of the filing of this Amended Proof of Claim, Old GM is liable to Claimant by way of contribution in respect of any claim, action, suit, arbitration, inquiry or proceeding, pending, threatened, or asserted against Claimant by any third party, or otherwise known to Claimant, on account of liability for death, personal injury, or other injury to persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by the Debtors ("GM Automobiles"), or any "Product Liabilities" (as such term is defined in the Master Purchase Agreement), which arises in whole or in part from any accident, incident or other distinct or discreet occurrence that happened prior to the "Closing Date" (as such term is defined in the Master Purchase Agreement, the "Closing Date"), to the extent not assumed and assigned

2

to General Motors Company (f/k/a NGMCO, Inc ) ("New GM") or another entity (collectively, the "Known Claims")

6    As of the filing of this Amended Proof of Claim, Old GM is liable to Claimant by way of contribution in respect of Known Claims in an aggregate amount of at least $761,015 75 (the "Known Claim Amount"), which amount continues to accrue, a summary of which is set forth on Schedule B hereto and is subject to amendment   As of the filing of this Amended Proof of Claim, Claimant has not received the Known Claim Amount or any portion thereof from Old GM   Accordingly, Old GM continues to owe Claimant the full Known Claim Amount

B    Unknown Claims

7    As of the filing of this Amended Proof of Claim, Old GM is liable to Claimant by way of contribution in respect of any unknown or unasserted claim, action, suit, arbitration, inquiry or proceeding against Claimant by any third party on account of liability for death, personal injury, or other injury to persons or damage to property caused by GM Automobiles, or any "Product Liability Claim" (as such term is defined in the Master Purchase Agreement), which arises in whole or in part from any accidents, incidents or other distinct or discreet occurrences that happened prior to, on or after the Closing Date, and which (i) has not been assumed and assigned to New GM or another entity or (ii) is a claim for punitive damages or any other category of damages for an otherwise assumed underlying claim, where such category of damages has not been assumed or assigned (collectively, the "Unknown Claims")

II.    Breach of Warranty

8    As of the filing of this Amended Proof of Claim, Old GM is liable to Claimant on account of breach of warranty by the Debtors for the amount of all Known Claims and Unknown Claims as well as for the claims set forth on Schedule C hereto (collectively, the

3

"Breach of Warranty Claims") to the extent such liability was not assumed by Old GM and assigned to New GM or another entity   Such liability includes, but is not limited to, claims for compensatory and consequential damages as allowed by law as well as attorneys fees and costs as applicable under state and/or federal law   As of the filing of this Amended Proof of Claim, Claimant has not received payment in respect of the Breach of Warranty Claims or any portion thereof from Old GM   Accordingly, Old GM continues to owe Claimant the full amount of the Breach of Warranty Claims

## III.    Environmental Liability

9      As of the filing of this Amended Proof of Claim, Old GM is liable to Claimant on account of all claims, known or unknown, (i) associated with noncompliance with environmental laws (including for fines, penalties, damages and remedies) with respect to any real property formerly owned, operated or leased by the Debtors and subsequently owned, operated or leased by Claimant ("Former GM Real Property"), (ii) arising out of, relating to, in respect of or in connection with the transportation, off-site storage or off-site disposal of any hazardous materials generated or located at any Former GM Real Property, (iii) arising out of, relating to, in respect of or in connection with third-party claims related to hazardous materials that were or are located at or that migrated or may migrate from any Former GM Real Property, or (iv) associated with failure to satisfy any lease and/or other contractual obligations with respect to Former GM Real Property, in each case, which arise prior to, at or after the Closing Date (collectively, the "Environmental Claims") to the extent such claims were not both assumed by Old GM and assigned to New GM or another entity   Such liability includes, but is not limited to, any Environmental Claims with respect to the rental car facility site at 9225 NE

---

[1]  The contracts underlying the Breach of Warranty Claims which provide for Claimant's purchases of GM Automobiles are proprietary and voluminous in nature   Such contracts can be made available to appropriate parties upon request, subject to entry into an appropriate confidentiality agreement

Airport Way, Portland, OR, currently leased to Vanguard Car Rental USA, LLC  The filing of this Amended Proof of Claim is not and shall not be deemed or construed as an admission or acknowledgment of any liability Claimant may have to any third party or governmental entity with respect to any Environmental Claims  As of the filing of this Amended Proof of Claim, Claimant has not received payment in respect of the Environmental Claims or any portion thereof from Old GM  Accordingly, Old GM continues to owe Claimant the full amount of the Environmental Claims

**IV.    Reservation of Rights**

10    Claimant has filed this Amended Proof of Claim under compulsion of the Bar Date Order and to protect Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Bar Date  Claimant reserves the right to amend and/or supplement this Amended Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability

11    Claimant expressly reserves the right to amend and/or supplement this Amended Proof of Claim at any time and in any manner, including, without limitation to assert  (a) claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Petition Date, and (b) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein  Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code

5

12    In executing and filing this Amended Proof of Claim, Claimant does not waive
(a) any obligation owed to Claimant under any contract, or (b) any past, present or future
breaches of such contract by the Debtors  Claimant further does not waive, and this Amended
Proof of Claim shall not be deemed or construed to waive, any claims or right to assert any
claims, or preserve any remedies Claimant has against any of the Debtors, whether arising from
or related to transactions described herein or otherwise

13    The filing of this Amended Proof of Claim is not and shall not be deemed or
construed as  (a) a waiver or release of Claimant's rights against any person, entity, or property,
or a waiver of the right to compel the Debtors to return property of Claimant currently in the
possession of the Debtors, (b) a consent by Claimant to the jurisdiction of this Court or any other
court with respect to proceedings, if any, commenced in any case against or otherwise involving
Claimant, (c) a waiver or release of Claimant's right to trial by jury in this Court or any other
court in any proceeding as to any and all matters so triable herein, whether or not the same be
designated legal or private rights or in any case, controversy, or proceeding related hereto,
notwithstanding the designation or not of such matters as "core proceedings" pursuant to
28 U S C  § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States
Constitution, (d) a consent by Claimant to a jury trial in this Court or any other court in any
proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding
related hereto, pursuant to 28 U S C  § 157(e) or otherwise, (e) a waiver or release of Claimant's
right to have any and all final orders in any and all non-core matters or proceedings entered only
after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit
Court of Appeals,  (f) a waiver of the right to move to withdraw the reference with respect to the
subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which

6

may be commenced in this case against or otherwise involving Claimant, (g) a waiver or release
of Claimant's right to pursue any claims against New GM, or (j) an election of remedies

14      All notices regarding this Amended Proof of Claim should be sent to
Enterprise Holdings, Inc , 600 Corporate Park Drive, St Louis, MO 63105, Telephone number
(314) 512-5000, Attention   Thomas P Laffey,  with copies to Paul, Weiss, Rifkind, Wharton &
Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone
number  (212) 373-3000, Attention   Alan W  Kornberg and Jonathan T  Koevary



# SCHEDULE A

## Schedule A

Enterprise Leasing Company of STL, LLC

Enterprise Leasing Company of Georgia, LLC

Enterprise Leasing Company of Florida, LLC

Enterprise Leasing Company of KS LLC

EAN Holdings, LLC

Enterprise Leasing Company of Orlando, LLC

Enterprise Leasing Company of Indianapolis, LLC

Enterprise Rent-A-Car Company of Boston, LLC

Enterprise Leasing Company of Denver, LLC

Enterprise Leasing Company of Chicago, LLC

Enterprise RAC Company of Maryland, LLC

Enterprise Leasing Company of Philadelphia, LLC

Enterprise RAC Company of Baltimore, LLC

Enterprise Leasing Company of Minnesota, LLC

Enterprise Leasing Company of Detroit, LLC

Enterprise Leasing Co of Norfolk/ Richmond, LLC

Enterprise Rent-A-Car Co of San Francisco, LLC

ELRAC, LLC

SNORAC, LLC

Enterprise Rent-A-Car Company of Sacramento, LLC

Enterprise Rent-A-Car Company of Los Angeles, LLC

Enterprise RAC Company of Cincinnati, LLC

CLERAC, LLC

Enterprise Rent-A-Car Company of Pittsburgh, LLC

Enterprise Rent-A-Car Company of Wisconsin, LLC

Enterprise Rent-A-Car Company of UT, LLC

CAMRAC, LLC

Enterprise Rent-A-Car Company of Rhode Island, LLC

Enterprise Leasing Company of Phoenix, LLC

Enterprise Leasing Company- Southeast, LLC

Enterprise Leasing Company- West, LLC

Enterprise Leasing Company- South Central, LLC

Enterprise Rent-A-Car Company of Tennessee, LLC

PENRAC, LLC

Enterprise Rent-A-Car Company of KY, LLC

Enterprise Rent-A-Car Company - Midwest, LLC

Enterprise RAC Company of Montana/Wyoming, LLC

Vanguard Car Rental USA, LLC

# SCHEDULE B

| Date of Incident | Name of Renter | Amount Paid[1] | Nature of Allegations | Suit Y or N | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 4/30/00 | Ophelia Washington | $216,780 55 | Defective seatbelt | Y | General Motors Corp Ryan Hawkins, as personal | District Court, Northern District Madison, FL | CA01-09734 |
| 8/12/01 | David Szymanak | $ 56,428 66 | Crashworthness | Y | David Szymanak vs General Motors Corp, National Car Rental System, Inc and Lassaad Benali, as the Rep of the Estate of Melissa Hughes Benali | Supreme Court, County of Broome, NY | 001582/04 |
| 4/20/03 | John Brobbey | $ 53,277 33 | Rollover | Y | "Esther Brobbey v Enterprise Leasing Company of Chicago" | Cook County, IL | 05-L-004282 |
| 6/1/03 | Hong Jeon | $120,182 59 | Fatality-No ABS Brakes | Y | Jin ah Lee, by her estate rep Jungil Lee, Sand Chul Lee, Father and Dukson Lee, Mother vs ANC Car Rental Corp, et al | United States District Court, P Kayenta, AZ | CV2005-0307 |
| 10/13/05 | Thomas Xander | $ 13,877 12 | Suspension | Y | Thomas Xander, USAA v General Motors, Enterprise Rent a Car Company of Los Angeles | Superior Court of the State of California Southeast District, Norwalk | VC051727 |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009

2 of 5

| Date of Incident | Name of Renter | Amount Paid[1] | Nature of Allegations | Suit Y or N | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 4/4/06 | Joel Sharp | $ 53,343 07 | Defective air bags | Y | Crystal Sharp Matte, Stephanie Lynn Spain, and Amanda Sharp Halley, in their individual capacity and on behalf of Joel B Sharp vs General Motors Corporation, Enterprise Rent A Car, Enterprise Leasing Company, Inc., Enterprise Leasing Company of New Orleans, (proper entity) and Enterprise Leasing Company of LA | 31st Judicial Dist court, Parish of Jefferson Davis, LA | C-240-07 |
| 4/10/06 | Constance Brown | $ 3,528 04 | Defective tires | Y | Auberto Rosa V Elrac Et Al | Bergen Superior (N.J.) | Ber L 2766/08 |
| 5/13/06 | Alfred Kelly | $ 18,510 99 | Defective tires | Y | Kelly & Fleming Vs Elrac Inc | Bronx County, Civil | 300169 2009 |
| 9/21/06 | Klaus Greger | $ 30,731 00 | Fatality-Vehicle rollover | Y | Horst and Stefan Muttschellar, Petra Sturm and Andrea Grosskopf vs Klaus Greger, Alamo Rent a Car, LLC, Alamo Financing LP, Vanguard Car Rental USA, Inc., Enterprise Rent A Car Co and Enterprise Leasing & Rent a Car, Inc | 5th Judicial District Blaine County ID | CV 08 731 |

1  Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009

3 of 5

| Date of Incident | Name of Renter | Amount Paid[1] | Nature of Allegations | Suit Y or N | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 12/24/06 | Angela Richardson | $ 1,498.26 | Crashworthiness | Y | Belle Gillmore, Fantasia Sterling, Amos Gilmore, Angela Richardson, Wayne Porter, Damon Cane Lionel Porter, Amanda Porter vs James Wilson, Progressive, State of LA, GM, FG Sullivan, | 19th Civil District Court, East Baton Rouge Parish | 562050 |
| 12/26/06 | Ramon Wright | $ 2,357.50 | Personal injury-Air vent design caused heat to be applied to body | Y | Joel Kleinman As Administrator for Ramon Wright v Elrac Inc, Mobility works, Middletown Park factility, Dor Hirsch, Orange Regional med center | Ny County Supreme | 112187/09 |
| 12/29/06 | Arlene Varnau | $ 97,581.16 | Products Liability | Y | Keith VARNAU v Enterprise Leasing Co (WA) et al | King County Superior Court, WA | 09-2-12239-3 SEA |
| 3/25/07 | Manna Gomez-Burgoin | $ 5,146.30 | Defective brakes, seatbelt | Y | Manna Gomez-Burgoin, Estate of Mana De Jesus Barbosas, Teresa Castillo v General Motors, Enterprise rent a car company of los angeles | Superior Court of the State of California Central District | BC410360 |
| 4/6/07 | Cornell | $ - | Failure to maintain | Y | Cornell v GM, Clerac | Cuyahoga | CV09689360 |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009

4 of 5

| Date of Incident | Name of Renter | Amount Paid(1) | Nature of Allegations | Suit Y or N | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 4/7/07 | AVERBUKH | $ 10,052.35 | Fatality-Vehicle fire | N | N/A | | |
| 5/3/07 | Judy Dzeizk | $ 3,592.98 | Defective air bags | Y | Terri Ann Everett vs James Wheat Kegan, Benjamin Wheat, Alamo Rent A Car and Vanguard Car Rental USA, Inc. | Superior Court San Diego, CA | 3720080006373 2 CUPAEC |
| 6/7/07 | Jessica Kramer | $ 7,244.00 | Defective brakes, tires | Y | Kramer v Eirac Inc& Empire State Auto | Ny County Supreme | 105273/09 |
| 6/28/07 | Arthur Ranson | $ 525.00 | Defective tires | N | | | |
| 9/20/07 | Leon Wittmer | $ 42,622.50 | Defective air bags | Y | Leon and Mary Wittmer vs General Motors Corp and Vaguard Car Rental USA, Inc., DBA National | United States District Court Western Tennessee | 2009 CV 02211 EGB |
| 11/16/07 | GRAHAM | $ 11,090.34 | Fatality-Vehicle fire | N | N/A | | |
| 11/22/07 | Richard Orwig Jr | $ 612.58 | Fire | N | n/a | n/a | n/a |
| 12/30/07 | Curt Sumner | $ - | Defective air bags | N | | | |
| 2/19/08 | Shane Smith | $ 1,409.00 | Crashworthiness | Y | Terri Smith and Sherry Smith, Rep of estate of Shane Smith v General Motor Corporation and PENDOT | Philadelphia, PA | 90500660 |
| 3/13/08 | Jamell Holloway | $ - | Defective air bags | N | | | |
| 9/19/08 | Robert Douglas | | Products Liability | Y | Norene JOYCE v ERAC Co  SF, General Motors Corp | Alameda County Superior Court, Oakland, CA | RG09453765 |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009

| Date of Incident | Name of Renter | Amount Paid[1] | Nature of Allegations | Suit Y or N | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 12/27/08 | Cheryl Tolbert | $ - | Fire | N | | | |
| 2/28/09 | Maria Lopez | $ 2,181.50 | Defective tires | N | | | |
| 3/22/09 | Clayton Matthews | $ - | Defective air bags | N | | | |
| 4/4/09 | Gerry Balder | $ - | Defective brake caliper / wheel bearing | N | n/a | n/a | n/a |
| 4/7/09 | Lee Privoznik | $ 2,531.25 | Defective brakes | N | | | |
| 4/22/09 | Elizabeth Perrone | $ - | Defective air bags | N | | | |
| 4/30/09 | Franklin | $ - | Defective air bags | N | | | |
| 5/11/09 | Derwin Reynolds | $ - | Defective air bags | N | | | |
| 5/12/09 | Marcus Conway | $ 911.68 | Defective tires | N | | | |
| 5/18/09 | Scheryl Williams | $ - | Defective tires, seatbelt, steering | N | | | |
| 6/14/09 | Steve Jones | $ - | Defective axle | N | | | |
| 6/20/09 | Mike Talmarkes | $ - | Fire | N | | | |
| 7/10/09 | King | $ 5,000.00 | Fatality-Other | N | | | |
| | Total: | $761,015.75 | | | | | |

1  Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009

# SCHEDULE C

| Date of Incident | Name of Renter | Amount Paid[1] | Nature of Allegations |
|---|---|---|---|
| 11/22/07 | Richard Orwing Jr | $ 662.68 | Defective electrical wiring/engine |
| 5/22/09 | Marcel Laguerre | $ 170.00 | Defective door wire harness |
| 3/19/09 | Gregory Ouellette | $ 4,685.88 | Defective wiring harness/exhaust manifold |
| Total: | | $ 5,518.56 | |

# Exhibit B



COPY

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor** (Check Only One):
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.)

**Case No.**
- 09-50026 (REG)
- 09-50027 (REG)
- 09-50028 (REG)
- 09-13558 (REG)

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purpose of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) ENTERPRISE HOLDINGS INC. (f/k/a Enterprise Rent A Car Company)

**Name and address where notices should be sent:**
ENTERPRISE HOLDINGS INC.
600 CORPORATE PARK DRIVE
ST. LOUIS, MO  63105
Attention:  Thomas P. Laffey
with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas, New York, NY 10019-6064.
Attention  Alan W. Kornberg and Jonathan Koevary
Telephone number  (314) 512-5000 and (212) 373-3000
Email Address  Thomas.P.Laffey@ehi.com and akornberg@paulweiss.com

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 65719
*(If Known)*

Filed on 11/25/09

**Name and address where payment should be sent** (if different from above):
Enterprise Holdings Inc.
600 Corporate Park Drive
St. Louis, MO 63105
Attention  Thomas P. Laffey

Telephone number  (314) 512-5000

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

*If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount. If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS. If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file it again.*

**1. Amount of Claim as of Date Case Filed, June 1, 2009:**  $ See attachment

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**  See attachment
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
*(See instruction #3a on reverse side.)*

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9)(§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 2/22/11

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.



**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*
Modified B10 (GCG) (12/08)

**ATTACHMENT TO SECOND AMENDED PROOF OF CLAIM OF ENTERPRISE
HOLDINGS, INC. (f/k/a ENTERPRISE RENT-A-CAR COMPANY) AGAINST
MOTORS LIQUIDATION COMPANY (f/k/a GENERAL MOTORS CORPORATION)**

1.       Commencing on June 1, 2009 (the "Petition Date") and periodically thereafter,

Motors Liquidation Company (f/k/a General Motors Corporation) ("Old GM") and certain of its

subsidiaries and affiliates (Old GM together with such subsidiaries and affiliates, the "Debtors"),

filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases

are being jointly administered under Chapter 11 Case No. 09-50026 (REG) (Bankr. S.D.N.Y.

2009).

2.       On September 16, 2009, the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") entered that certain *Order Pursuant to Section*

*502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for*

*Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and*

*Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* [Docket

No. 4079] (the "Bar Date Order") which, *inter alia*, establishes November 30, 2009 at 5:00 pm

(Eastern Time) as the last date and time (the "Bar Date") for each person or entity (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a

proof of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy

Code), including a claim under section 503(b)(9) of the Bankruptcy Code, against any of the

Debtors.

3.       On July 5, 2009, the Bankruptcy Court entered that certain *Order (I)*

*Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase*

*Agreement With NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With the Sale; and (III) Granting Related Relief* [Docket No. 2968] which, among other things, approved that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and NGMCO, Inc. (the "Master Purchase Agreement").

4.      On November 23, 2009, Enterprise Holdings, Inc. (f/k/a Enterprise Rent-A-Car Company), on behalf of itself and its subsidiaries listed in Schedule A hereto (collectively, the "Claimant"), filed a proof of claim (the "Original Claim") for various amounts owing to Claimant by Old GM.

5.      On November 25, 2009, Claimant filed an amended and restated proof of claim (the "Amended Proof of Claim") which superseded the Original Claim for various amounts owing to Claimant by Old GM. The Amended Proof of Claim asserts claims for liquidated and unliquidated amounts.

6.      Since the filing of the Amended Proof of Claim, a portion of the previously unliquidated amounts have become liquidated. Claimant hereby files this second amended proof of claim (the "Second Amended Proof of Claim") to reflect the amounts, arising from environmental liability, which have become liquidated since the filing of the Amended Proof of Claim. As further set forth below, the total liquidated amount, as of February 18, 2011, is at least $959,915.74.

I.      **Contribution Claims**

   A.      Known Claims

7.      As of the filing of this Second Amended Proof of Claim, Old GM is liable to Claimant by way of contribution in respect of any claim, action, suit, arbitration, inquiry or

2

proceeding, pending, threatened, or asserted against Claimant by any third party, or otherwise

known to Claimant, on account of liability for death, personal injury, or other injury to persons

or damage to property caused by motor vehicles designed for operation on public roadways or by

the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by

the Debtors ("GM Automobiles"), or any "Product Liabilities" (as such term is defined in the

Master Purchase Agreement), which arises in whole or in part from any accident, incident or

other distinct or discreet occurrence that happened prior to the "Closing Date" (as such term is

defined in the Master Purchase Agreement, the "Closing Date") (collectively, the "Known

Claims").

       8.       As of the filing of this Second Amended Proof of Claim, Old GM is liable to

Claimant by way of contribution in respect of Known Claims in an aggregate amount of at least

$761,015.75 (the "Known Products Liability Claim Amount"), which amount continues to

accrue, a summary of which is set forth on Schedule B hereto and is subject to amendment. As

of the filing of this Second Amended Proof of Claim, Claimant has not received the Known

Products Liability Claim Amount or any portion thereof from Old GM. Accordingly, Old GM

continues to owe Claimant the full Known Products Liability Claim Amount.

       B.       Unknown Claims

       9.       As of the filing of this Second Amended Proof of Claim, Old GM is liable to

Claimant by way of contribution in respect of any unknown or unasserted claim, action, suit,

arbitration, inquiry or proceeding against Claimant by any third party on account of liability for

death, personal injury, or other injury to persons or damage to property caused by GM

Automobiles, or any "Product Liability Claim" (as such term is defined in the Master Purchase

Agreement), which arises in whole or in part from any accidents, incidents or other distinct or

discreet occurrences that happened prior to, on or after the Closing Date, and which is a claim for

punitive damages or any other category of damages for an otherwise assumed underlying claim, where such category of damages has not been assumed or assigned (collectively, the "Unknown Claims").

## II.     Breach of Warranty

10.     As of the filing of this Second Amended Proof of Claim, Old GM is liable to Claimant on account of breach of warranty by the Debtors for the amount of all Known Claims and Unknown Claims as well as for the claims set forth on Schedule C hereto (collectively, the "Breach of Warranty Claims"). Such liability includes, but is not limited to, claims for compensatory and consequential damages as allowed by law as well as attorneys fees and costs as applicable under state and/or federal law.[1] As of the filing of this Second Amended Proof of Claim, Claimant has not received payment in respect of the Breach of Warranty Claims or any portion thereof from Old GM. Accordingly, Old GM continues to owe Claimant the full amount of the Breach of Warranty Claims, the liquidated amount (the "Known Auto Claim Amount") totaling $766,534.31

## III.     Environmental Liability

11.     As of the filing of this Second Amended Proof of Claim, Old GM is liable to Claimant on account of all claims, known or unknown, (i) associated with noncompliance with environmental laws (including for fines, penalties, damages and remedies) with respect to any real property formerly owned, operated or leased by the Debtors and subsequently owned, operated or leased by Claimant ("Former GM Real Property"); (ii) arising out of, relating to, in respect of or in connection with the transportation, off-site storage or off-site disposal of any hazardous materials generated or located at any Former GM Real Property; (iii) arising out of,

---

[1] The contracts underlying the Breach of Warranty Claims which provide for Claimant's purchases of GM Automobiles are proprietary and voluminous in nature. Such contracts can be made available to appropriate parties upon request, subject to entry into an appropriate confidentiality agreement.

4

relating to, in respect of or in connection with third-party claims related to hazardous materials that were or are located at or that migrated or may migrate from any Former GM Real Property; or (iv) associated with failure to satisfy any lease and/or other contractual obligations with respect to Former GM Real Property; in each case, which arise prior to, at or after the Closing Date (collectively, the "Environmental Claims"). Such liability includes, but is not limited to, any Environmental Claims with respect to the rental car facility site at 9225 NE Airport Way, Portland, Oregon (the "Portland Site"), currently leased to Vanguard Car Rental USA, LLC. The filing of this Second Amended Proof of Claim is not and shall not be deemed or construed as an admission or acknowledgment of any liability Claimant may have to any third party or governmental entity with respect to any Environmental Claims. As of the filing of this Second Amended Proof of Claim, Claimant has not received payment in respect of the Environmental Claims or any portion thereof from Old GM. Accordingly, Old GM continues to owe Claimant the full amount of the Environmental Claims.

12.    Since the filing of the Amended Proof of Claim, Claimant has incurred $193,381.43 in environmental clean-up expenses for which Old GM is liable to Claimant as of February 18, 2011. This amount includes $157,381.43 toward clean-up at the National car rental site at Philadelphia International Airport, 1 Arrivals Road, in Philadelphia, Pennsylvania (the "Philadelphia Site"), previously the site of the Debtors' operations when they owned and operated National Car Rental ("National") and $36,000 toward clean-up at the Portland Site, currently operated as an Enterprise Rent A Car storage lot. Thus, a portion of the previously unliquidated Environmental Claims have become liquidated in the amount of $193,381.43 (the "Known Environmental Claim Amount").

13.    Costs incurred at the Philadelphia Site include groundwater well-monitoring, consulting services, soil and water disposal, clean-up or repair work, emergency response activities, and testing to locate a line and vapor leak.

14.    Remediation of the Portland Site is a response to environmental spills that occurred while the Debtors owned National. After the Debtors transferred the Portland Site, but prior to the Petition Date, as of the result of the demands of the Portland Airport Authority, the Debtors initiated land studies and sampling and implemented monitoring wells to determine the extent of the land contamination. The Debtors' prepetition environmental work was performed in response to oil and gas leakage caused by the Debtors when they operated at the site. The Debtors, who took all responsibility for the site's environmental clean-up prepetition, however, ceased all work post-petition. Following cessation of the Debtors' clean-up work, the Portland Airport Authority charged Enterprise with the task of cleaning up the Debtors' environmental spills and developing a plan for remediation.

15.    Costs incurred by Claimant in connection with the Portland Site include the replacement or removal of certain groundwater monitoring wells, the installment of new groundwater monitoring wells and the development of a Remedial Action Plan. Costs further expended also included two semi-annual groundwater monitoring events, ongoing communication with the Airport Authority, and consulting services fees. The Debtors' abandonment of its earlier remediation activities increased total costs incurred by Claimant because some of the groundwater monitoring wells drilled by the Debtors were no longer functioning effectively upon Claimant's assumption of the remediation.

16.    Additional clean-up costs at these sites and others, constituting Environmental Claims, for which Old GM is ultimately liable to Claimant, remain unliquidated.

6

**IV.    Claim Summary**

17.    In short, Old GM is liable to Claimant for liquidated and unliquidated amounts on the grounds set forth above. The total liquidated amount, as of February 2011, is at least **$959,915.74**, constituting the Known Auto Claim Amount of $766,534.31 and the Known Environmental Claim Amount of $193,381.43.

**V.    Reservation of Rights**

18.    Claimant has filed this Second Amended Proof of Claim under compulsion of the Bar Date Order and to protect Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Bar Date. Claimant reserves the right to amend and/or supplement this Second Amended Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

19.    Claimant expressly reserves the right to amend and/or supplement this Second Amended Proof of Claim at any time and in any manner, including, without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys fees and expenses accrued before or after the Petition Date; and (b) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

20.    In executing and filing this Second Amended Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under any contract, or (b) any past, present or future

7

breaches of such contract by the Debtors. Claimant further does not waive, and this Second

Amended Proof of Claim shall not be deemed or construed to waive, any claims or right to assert

any claims, or preserve any remedies Claimant has against any of the Debtors, whether arising

from or related to transactions described herein or otherwise.

21.    The filing of this Second Amended Proof of Claim is not and shall not be

deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or

property, or a waiver of the right to compel the Debtors to return property of Claimant currently

in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any

other court with respect to proceedings, if any, commenced in any case against or otherwise

involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or

any other court in any proceeding as to any and all matters so triable herein, whether or not the

same be designated legal or private rights or in any case, controversy, or proceeding related

hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to

28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States

Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any

proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding

related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's

right to have any and all final orders in any and all non-core matters or proceedings entered only

after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit

Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the

subject matter of this Second Amended Proof of Claim, any objection thereto or other

proceeding which may be commenced in this case against or otherwise involving Claimant; (g) a

waiver or release of Claimant's right to pursue any claims against New GM, or (j) an election of

remedies.

22.    All notices regarding this Second Amended Proof of Claim should be sent to: Enterprise Holdings, Inc., 600 Corporate Park Drive, St. Louis, MO 63105, Telephone number: (314) 512-5000, Attention: Thomas P. Laffey, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, Attention: Alan W. Kornberg and Jonathan T. Koevary.

# SCHEDULE A

## Schedule A

Enterprise Leasing Company of STL, LLC

Enterprise Leasing Company of Georgia, LLC

Enterprise Leasing Company of Florida, LLC

Enterprise Leasing Company of KS LLC

EAN Holdings, LLC

Enterprise Leasing Company of Orlando, LLC

Enterprise Leasing Company of Indianapolis, LLC

Enterprise Rent-A-Car Company of Boston, LLC

Enterprise Leasing Company of Denver, LLC

Enterprise Leasing Company of Chicago, LLC

Enterprise RAC Company of Maryland, LLC

Enterprise Leasing Company of Philadelphia, LLC

Enterprise RAC Company of Baltimore, LLC

Enterprise Leasing Company of Minnesota, LLC

Enterprise Leasing Company of Detroit, LLC

Enterprise Leasing Co of Norfolk/ Richmond, LLC

Enterprise Rent-A-Car Co of San Francisco, LLC

ELRAC, LLC

SNORAC, LLC

Enterprise Rent-A-Car Company of Sacramento, LLC

Enterprise Rent-A-Car Company of Los Angeles, LLC

Enterprise RAC Company of Cincinnati, LLC

CLERAC, LLC

Enterprise Rent-A-Car Company of Pittsburgh, LLC

Enterprise Rent-A-Car Company of Wisconsin, LLC

Enterprise Rent-A-Car Company of UT, LLC

CAMRAC, LLC

Enterprise Rent-A-Car Company of Rhode Island, LLC

Enterprise Leasing Company of Phoenix, LLC

Enterprise Leasing Company- Southeast, LLC

Enterprise Leasing Company- West, LLC

Enterprise Leasing Company- South Central, LLC

Enterprise Rent-A-Car Company of Tennessee, LLC

PENRAC, LLC

Enterprise Rent-A-Car Company of KY, LLC

Enterprise Rent-A-Car Company - Midwest, LLC

Enterprise RAC Company of Montana/Wyoming, LLC

Vanguard Car Rental USA, LLC

# SCHEDULE B

| Date Filed | Claimant | Amount | Description | | Case | Venue | Claim # |
|---|---|---|---|---|---|---|---|
| 4/30/00 | Ophelia Washington | $216,780.55 | Defective seatbelt | Y | General Motors Corp. Ryan Hawkins, as personal | District Court, Northern District Madison, FL | CA01-09734 |
| 8/12/01 | David Szymanak | $ 56,428.66 | Crashworthiness | Y | David Szymanak vs General Motors Corp, National Car Rental System, Inc. and Lassaad Benali, as the Rep of the Estate of Melissa Hughes Benali | Supreme Court, County of Broome, NY | 001582/04 |
| 4/20/03 | John Brobbey | $ 53,277.33 | Rollover | Y | "Esther Brobbey v. Enterprise Leasing Company of Chicago" | Cook County, IL | 05-L-004282 |
| 6/1/03 | Hong Jeon | $120,182.59 | Fatality-No ABS Brakes | Y | Jin ah Lee, by her estate rep. Jungil Lee, Sand Chul Lee, Father and Dukson Lee, Mother vs ANC Car Rental Corp, et al | United States District Court, P Kayenta, AZ | CV2005-0307 |
| 10/13/05 | Thomas Xander | $ 13,877.12 | Suspension | Y | Thomas Xander, USAA v. General Motors, Enterprise Rent a Car Company of Los Angeles | Superior Court of the State of California Southeast District, Norwalk | VC051727 |

1    Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009.

| Date | Name | Amount | Description | | Court | Case |
|---|---|---|---|---|---|---|
| 4/4/06 | Joel Sharp | $ 53,343.07 | Defective air bags | Y | Crystal Sharp Matte, Stephanie Lynn Spain, and Amanda Sharp Halley, in their individual capacity and on behalf of Joel B Sharp vs. General Motors Corporation, Enterprise Rent A Car, Enterprise Leasing Company,Inc., Enterprise Leasing Company of New Orleans, (proper entity) and Enterprise Leasing Company of LA. | 31st Judicial Dist court,Parish of Jefferson Davis,LA | C-240-07 |
| 4/10/06 | Constance Brown | $ 3,528.04 | Defective tires | Y | Auberto Rosa V Elrac Et Al | Bergen Superior (NJ) | Ber L 2766/08 |
| 5/13/06 | Alfred Kelly | $ 18,510.99 | Defective tires | Y | Kelly & Fleming Vs Elrac Inc | Bronx County, Civil | 300169 2009 |
| 9/21/06 | Klaus Greger | $ 30,731.00 | Fatality-Vehicle rollover. | Y | Horst and Stefan Muttscheller, Petra Sturm and Andrea Grosskopf vs. Klaus Greger, Alamo Rent a Car, LLC, Alamo Financing LP, Vanguard Car Rental USA, Inc... Enterprise Rent A Car Co. and Enterprise Leasing & Rent a Car., Inc. | 5th Judicial District Blaine County ID | CV 08 731 |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009.

| Date | Name | Amount paid | Description | | Case name | Court | Case number |
|---|---|---|---|---|---|---|---|
| 12/24/06 | Angela Richardson | $ 1,498.26 | Crashworthiness | Y | Belle Gillmore, Fantasia Sterling, Amos Gilmore, Angela Richardson, Wayne Porter, Damon Cane Lionel Porter, Amanda Porter vs. James Wilson, Progressive, State of LA, GM, FG Sullivan, | 19th Civil District Court, East Baton Rouge Parish | 562050 |
| 12/26/06 | Ramon Wright | $ 2,357.50 | Personal injury-Air vent design caused heat to be applied to body | Y | Joel Kleinman As Administrator for Ramon Wright v Elrac Inc, Mobility works, Middletown Park facility, Dor Hirsch, Orange Regional med center | Ny County Supreme | 112187/09 |
| 12/29/06 | Arlene Varnau | $ 97,581.16 | Products Liability | Y | Keith VARNAU v. Enterprise Leasing Co.(WA) et al | King County Superior Court, WA | 09-2-12239-3 SEA |
| 3/25/07 | Marina Gomez-Burgoin | $ 5,146.30 | Defective brakes, seatbelt | Y | Marina Gomez-Burgoin, Estate of Maria De Jesus Barbosas, Teresa Castillo v General Motors, Enterprise rent a car company of los angeles | Superior Court of the State of California Central District | BC410360 |
| 4/6/07 | Cornell | $ - | Failure to maintain | Y | Cornell v. GM, Clerac | Cuyahoga | CV09689360 |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009.

| Date | Claimant Name | Amount Paid | Nature of Claim | Litigation | Case Caption | Venue | Case # |
|---|---|---|---|---|---|---|---|
| 4/7/07 | AVERBUKH | $ 10,052.35 | Fatality-Vehicle fire | N | N/A | | |
| 5/3/07 | Judy Dziezk | $ 3,592.98 | Defective air bags | Y | Tere Ann Everett vs James Wheat Kegan, Benjamin Wheat, Alamo Rent A Car and Vanguard Car Rental USA, Inc. | Superior Court San Diego, CA | 372008000637312 CUPAEC |
| 6/7/07 | Jessica Kramer | $ 7,244.00 | Defective brakes, tires | Y | Kramer v Elrac Inc& Empire State Auto | Ny County Supreme | 105273/09 |
| 6/28/07 | Arthur Ranson | $ 525.00 | Defective tires | N | | | |
| 9/20/07 | Leon Wittmer | $ 42,622.50 | Defective air bags | Y | Leon and Mary Wittmer vs General Motors Corp and Vaguard Car Rental USA, Inc., DBA National | United States District Court Western Tennessee | 2009 CV 02211 EGB |
| 11/16/07 | GRAHAM | $ 11,090.34 | Fatality-Vehicle fire | N | N/A | | |
| 11/22/07 | Richard Orwig Jr. | $ 612.58 | Fire | N | n/a | n/a | n/a |
| 12/30/07 | Curt Sumner | $ - | Defective air bags | N | | | |
| 2/19/08 | Shane Smith | $ 1,409.00 | Crashworthiness | Y | Terri Smith and Sherry Smith, Rep of estate of Shane Smith v General Motor Corporation and PENDOT | Philadelphia, PA | 90500660 |
| 3/13/08 | Jamell Holloway | $ - | Defective air bags | N | | | |
| 9/19/08 | Robert Douglas | | Products Liability | | Norene JOYCE v. ERAC Co. SF, General Motors Corp. | Alameda County Superior Court, Oakland, CA | RG09453765 |

1    Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009.

5 of 5

| Date | Name | Amount | Description | | | |
|---|---|---|---|---|---|---|
| 12/27/08 | Cheryl Tolbert | $ - | Fire | N | | |
| 2/28/09 | Maria Lopez | $ 2,181.50 | Defective tires | N | | |
| 3/22/09 | Clayton Matthews | $ - | Defective air bags | N | | |
| 4/4/09 | Gerry Balder | $ - | Defective brake caliper / wheel bearing | N | n/a | n/a |
| 4/7/09 | Lee Privoznik | $ 2,531.25 | Defective brakes | N | | |
| 4/22/09 | Elizabeth Perrone | $ - | Defective air bags | N | | |
| 4/30/09 | Franklin | $ - | Defective air bags | N | | |
| 5/11/09 | Derwin Reynolds | $ - | Defective air bags | N | | |
| 5/12/09 | Marcus Conway | $ 911.68 | Defective tires | N | | |
| 5/18/09 | Scheryl Williams | $ - | Defective tires, seatbelt, steering | N | | |
| 6/14/09 | Steve Jones | $ - | Defective axle | N | | |
| 6/20/09 | Mike Talmarkes | $ - | Fire | N | | |
| 7/10/09 | King | $ 5,000.00 | Fatality-Other | N | | |
| | Total: | $761,015.75 | | | | |

1   Amount paid denotes fees, damages, settlement payments and/or expenses paid by Claimant as of September 30, 2009.

# SCHEDULE C

| Date | Customer Name | | Amount | Issue |
|------|---------------|---|--------|-------|
| 11/22/07 | Richard Orwing Jr. | $ | 662.68 | Defective electrical wiring/engine |
| 5/22/09 | Marcel Laguerre | $ | 170.00 | Defective door wire harness |
| 3/19/09 | Gregory Ouellette | $ | 4,685.88 | Defectie wiring harness/exhaust manifold |
| | Total: | $ | 5,518.56 | |