HEARING DATE AND TIME: MARCH 1, 2011 @ 9:45 A.M.
OBJECTION DEADLINE: FEBRUARY 22, 2011 @ 4:00 P.M.

**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
Richard M. Meth, Esq. (RM7791)
rmeth@foxrothschild.com
*Attorneys for GE Consumer & Industrial*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY., *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG) |

**RESPONSE OF GE CONSUMER & INDUSTRIAL f/k/a GE**
**SECURITY TO DEBTORS' 161ST OMNIBUS OBJECTION TO CLAIMS**
**(Claims Assumed By General Motors LLC)**

GE Consumer & Industrial f/k/a GE Security ("GE"), by and through its undersigned attorneys, hereby files this response to the Debtors' 161st Omnibus Objection to Claims (Claims Assumed by General Motors LLC) (the "Objection"), and states as follows:

**INTRODUCTION**

1. On June 1, 2009, four of the Debtors (the "Initial Debtors")[1] commenced voluntary cases under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). Thereafter, on October 9, 2009, two additional Debtors (the "REALM/ENCORE

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

RL1 873726v1 02/22/11

Debtors")² filed voluntary cases under chapter 11 of the Bankruptcy Code, which cases are being jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

2. Upon information and belief, on September 15, 2009, the Initial Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs, which were thereafter amended on October 4, 2009. Upon further information and belief, on October 15, 2009, the REALM/ENCORE Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs.

3. On September 16, 2009, this Court entered an Order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity (including governmental units) to file a proof of claim in the Initial Debtors' cases. Thereafter, on December 2, 2009, this Court entered an Order in the REALM/ENCORE Debtors' cases (ECF No. 4586), establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established June 1, 2010 as the deadline to file proofs of claim).

4. On or about July 7, 2009, GE timely filed the following unsecured Proofs of Claim for goods sold and delivered to GM Corporation (collectively, the "GE Claims"):

| Claim No. | Amount |
|---|---|
| 767 | $ 6,100.80 |
| 768 | $14,326.05 |
| 833 | $ 6,659.39 |

Claim No. 767 pertains to transactions in April and May, 2007; Claim No. 768 includes transactions from 2003, 2004, 2005 and 2006; and Claim No. 833 encompasses transactions from 2003 and 2006.

---

² The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

5. The GE Claims arise from, and are based upon, the sale and delivery to, and acceptance of goods by GM Corporation during the period of February, 2003 through May 2008, for which, upon information and belief, GE has still not been paid.[3]

6. In the Objection, the Debtors assert that the GE Claims should be expunged because, based upon a review of the Debtors' records, the Debtors have determined that the GE Claims constitute "Assumed Claims" that are not the responsibility of MLC or the Debtors. Rather, the Debtors assert that the GE Claims were assumed by New GM pursuant to the Master Purchase Agreement.

7. Notwithstanding this assertion, and despite GE's best efforts, it has so far been unable to determine if either (a) the GE Claims or (b) any underlying contracts were, in fact, assumed by New GM. Therefore, GE is filing this Response as a protective measure. If GE subsequently determines that the GE Claims have, indeed, been assumed by New GM, GE will withdraw this Response.[4]

[Balance of page intentionally left blank.]

---

[3] As a result of a subsequent review and reconciliation with respect to Acct. # 9733 (see Claim No. 768), the GE Claim with respect to this account has been reduced. It is now in the amount of $10,674.70.

[4] GE has, through counsel, requested Debtors' counsel to provide it with evidence as to the alleged assumption of either its claims and/or any executory contracts related thereto. None has been provided to date.

## AS TO THE DEBTORS' OBJECTION TO THE GE CLAIMS

8. A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *Fullmer v. U.S. (In re Fullmer)*, 962 F. 2d 1463 (10th Cir. 1992); *see also* Fed. R. Bankr.P. 3001(f).

9. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. *See In re Wells*, 51 B.R. 563, 566 (D. Colo. 1985); *Collier on Bankruptcy*, ¶502.02 (15th ed rev. 2004) ("Should objection be taken, the objector must procure evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

10. "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Domme*, 163 B.R. 363 (D. Kan. 1994); *see also In re Allegheny International, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *In re Resyn Corp. v. United States*, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. *See In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

11. Here, the Objection contains no evidence to disprove GE's properly filed Proofs of Claim or, alternatively, to prove that the GE Claims are Assumed Liabilities. Moreover, no evidence has been provided that the agreements underlying the GE Claims were indeed assumed by New GM.

12. Thus, the Debtors' request for expungement of the GE Claims fails to overcome the *prima facie* validity of GE's timely filed Proofs of Claim as required by Bankruptcy Rule 3001.

13. Therefore, and for the reasons stated above, it is respectfully requested that the Debtors' Objection to the GE Claims be denied at this time.

Dated: February 22, 2011
      Roseland, New Jersey

    By: /s/ Richard M. Meth
    RICHARD M. METH (RM 7791)
    **FOX ROTHSCHILD LLP**
    75 Eisenhower Parkway, Suite 200
    Roseland, New Jersey 07068
    973-992-4800
    rmeth@foxrothschild.com

    Attorneys for GE Consumer & Industrial