Hearing Date & Time:  March 1, 2011 at 9:45 a.m. (Eastern Time)
Response Deadline:  February 22, 2011 at 4:00 p.m. (Eastern Time)

Susan M. Franzetti
Nijman Franzetti LLP
10 S. LaSalle Street, Ste. 3600
Chicago, IL  60603
(312) 251-5590
sf@nijmanfranzetti.com

For Lammers Barrel Factory
PRP Group

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                            :
**In re**                                                   :  **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                   :  **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*,                :
                                                            :
                   Debtors.                                 :  **(Jointly Administered)**
                                                            :
-------------------------------------------------------------x

### RESPONSE OF LAMMERS BARREL FACTORY PRP GROUP
### TO DEBTORS' 208TH OMNIBUS OBJECTION TO CLAIMS

Respondent Lammers Barrel Factory PRP Group, in response to Debtors' 208th Omnibus Objection to Claims, states as follows:

1.    Respondent is an association of private parties known as the Lammers Barrel Factory PRP Group that submitted an unsecured claim on November 23, 2009 which was designated as Claim #36699.

2.    The Respondent consists of the following entities:

    Akzo Nobel Coatings, Inc.
    Alcoa Inc. and Alcoa Home Exteriors, Inc.
    Arkema, Inc.
    ArvinMeritor, Inc.
    Ashland, Inc.

     BP Products North America Inc.
     Clopay Corporation
     Copeland Corporation
     C.P. Inc.
     Cummins Inc.
     Eli Lilly and Company
     Ford Motor Company
     GATX Corporation
     General Electric Company
     Georgia-Pacific Corporation
     The Goodyear Tire & Rubber Company
     Hexion Specialty Chemicals, Inc.
     Honeywell
     Illinois Tool Works Inc.
     International Paper Co.
     I.V.C. Industrial Coatings, Inc.
     Anthony Kohnen
     Lamson & Sessions Co.
     Lear Corporation Automotive Systems
     Minnesota Mining & Manufacturing (3M)
     Morton International, Inc.
     Navistar, Inc.
     NL Industries
     OXY USA, Inc.
     Pharmacia Corporation
     PPG Industries, Inc.
     Premium Finishes, Inc.
     Shell Oil Company
     The Sherwin Williams Company
     Sunoco, Inc.
     United States Steel Corporation
     Univar USA
     The Valspar Corporation
     Whittaker Corporation

  3.  In Debtors' 208th Omnibus Objection to Claims (the "Debtors' Objection"), the Debtors list Respondent's claim as among the claims they are seeking to have this Court disallow.  (*See* Debtors' Objection at Exhibit A, page 20)  The Debtors' Objection should be denied for several reasons, as more fully described below.

  4.  Along with the members of Respondent, Debtor General Motors Corporation ("Debtor") is a party to an Administrative Order on Consent for Remedial Investigation/

Feasibility Study, dated April 1, 2002, entered into with the United States Environmental Protection Agency Region 5 ("U.S. EPA"), and as amended by written amendment dated December 18, 2008 ("Administrative Order on Consent"), regarding the Lammers Barrel Superfund Site (the "Site"). (*See* Summary of the Administrative Order on Consent attached as Exhibit C to Respondent's Claim #36699). Pursuant to the terms of the Administrative Order on Consent, as amended, since 2002, Respondent has caused to be conducted and paid the costs of a remedial investigation and feasibility study ("RI/FS") and continues to do so to the present. Since 2002, Respondent also has reimbursed certain of the U.S. EPA's oversight costs at the Site and will continue to do so consistent with its obligations under the Administrative Order on Consent. Respondent's claim against the Debtor includes past costs in the amount of $300,000.

     5.     The Debtor also entered into a contractual agreement with Respondent, referred to as the Respondent's Participation Agreement, whereby Debtor agreed to pay its allotted share of the costs incurred by Respondent in connection with performing its obligations under the Administrative Order on Consent. As the Debtors admit, "Debtors have ceased paying into and otherwise participating in PRP Groups for sites that they do not own." (Debtors' Objection at p. 4, para. 7) Debtor has breached its obligations under the Respondent's Participation Agreement by failing to timely pay its share of the costs incurred by Respondent.

     6.     Debtors' Omnibus Objection wrongly characterizes Respondent's Claim as a "contingent" unsecured claim seeking only "future environmental remediation costs and expenses." (Debtors' Objection at p. 1) Debtors' Omnibus improperly fails to acknowledge that Respondent's Claim includes past costs in the amount of $300,000 that are neither unliquidated nor contingent and are not duplicative of any claim asserted by the U.S. EPA. Respondent's Claim for such past costs should not be disallowed pursuant to section 502(e)(1)(B) of chapter 11

3

of title 11 of the United States Code (the "Bankruptcy Code").  This Court's bench decisions in the Lyondell Chemical and Chemtura Corporation chapter 11 cases applying section 502(e)(1)(B) of the Bankruptcy Code, on which the Debtors' rely in support of their objections, clearly do not hold that such claims for liquidated past costs for which the debtor is liable under both CERCLA and by contract should be disallowed.  *See In re Chemtura Corp.,* No. 09-11233, 2011 WL 109081 (Bankr. S.D.N.Y. Jan. 13, 2011); *In re Lyondell Chem. Co.,* 09-10023, 2011 WL 11412 (Bankr. S.D.N.Y. Jan. 4, 2011) (together, referred to as the "Bench Decisions").  The Debtors do not contend otherwise.  Yet, in seeking to disallow Respondent's Claim, the Debtors seek to do so without any exception for the amount of the liquidated past costs that are not contingent.  Therefore, Respondent requests that this Court deny Debtors' Objection with respect to that portion of Respondent's Claim which seeks recovery for liquidated, past costs relating to the RI/FS work the Respondent has performed at the Site.

7. With respect to the future costs relating to the Site for which Respondent seeks an allowed claim, Respondent submits that the future costs fall into two general categories: (1) the future costs incurred by Respondent to complete the RI/FS work pursuant to the terms of the Administrative Order on Consent and for which the Debtor is obligated to pay its share, both by the terms of the Order and by its private contractual agreement with Respondent; and (2) the future costs to be incurred by Respondent relating to the remediation of the site pursuant to CERCLA and any other claims brought by the United States regarding the Site, such as for natural resource damages.

8. With respect to the future RI/FS costs, the Respondent's claim is not duplicative of any claim by the U.S. EPA in this bankruptcy.  Respondent's claim for future RI/FS costs does not "overlap" with any "Government Agency claims," as the Debtors' wrongly contend.

(*See* Debtors' Objection at p. 6, para. 9)  Respondent is the only party that has been and is performing the RI/FS from 2002 to the present, as required by the terms of its Administrative Order on Consent with the U.S. EPA.  Debtors have not provided this Court with any evidence that the claim filed on behalf of the U.S. EPA in this bankruptcy proceeding includes any claim for the future costs to be incurred by Respondent (not the U.S. EPA) to complete the RI/FS work at the Site.  Accordingly, this Court should not grant Debtors' Objection with respect to Respondent's claim for future RI/FS costs at the Site because there is no "overlap" with any Government Agency claim for such costs.  If this Court were to disallow Respondent's claim for future RI/FS costs, for which Respondent is legally obligated to perform pursuant to the Administrative Order on Consent with the U.S. EPA, then the Debtors will be able to walk away from this liability without any allowed claim having been granted to any party.  Such a result is not authorized by, nor intended, under section 502(e)(1)(B) of the Bankruptcy Code.

9.    The Debtors state that they "are objecting to Contribution Claims for future cleanup costs that may or may not actually be incurred, and then may or may not actually be paid by any of the claimants."  Respondent submits that with respect to its future RI/FS costs for work performed pursuant to the Administrative Order on Consent, the Debtors' bald contention that these costs may not be incurred or paid lacks any merit.  The Debtors do not dispute that Respondent is obligated under the Administrative Order on Consent with the U.S. EPA to perform this work and thus to incur and pay these costs.  The Debtors also do not dispute that Respondent has been incurring and paying the costs of performing the RI/FS for the past several years since entering into the Administrative Order in 2002.  The Debtors also fail to acknowledge that the Administrative Order on Consent contains penalties and other provisions that allow the U.S. EPA to enforce its terms against Respondent should it fail to perform the

5

work and incur the costs of doing so.  In addition, CERCLA section 106 provides the federal government with injunctive relief remedies should Respondent suddenly, after eight years of consistent, proven performance under the Administrative Order on Consent, stop performing the RI/FS work, as the Debtors so speculate.  CERCLA §106; 42 U.S.C. § 9606.

      10.    Further, with respect to the portion of Respondent's claim relating to future RI/FS costs, the Debtor General Motors Corporation entered into an agreement with Respondent's members to pay these costs under the terms of the Respondent's Participation Agreement. Therefore, Respondent's claim is a pre-petition contract claim that is not properly characterized as a contingent claim which is subject to the provisions of section 502(e)(1)(B) of the Bankruptcy Code.

      11.    With respect to the second category of future costs included in Respondent's claim, namely the future costs to be incurred by Respondent relating to the remediation of the site pursuant to CERCLA and any other claims brought by the United States regarding the Site, such as for natural resource damages, Respondent acknowledges that the federal government has filed a claim in this proceeding that includes the future remediation costs for the Lammers Site. Respondent submits that the Debtors' Objection is premature because there is not yet an allowed claim for these future site remediation costs by any government agency.  Therefore, Respondent submits that the Debtors' Objection should be denied.  Alternatively, Respondent requests that this Court defer its ruling on the Debtors' Objection with respect to any such future costs until the Debtors present the terms of any proposed settlement of the federal government's claim for the site and the settlement is approved.  This will allow both the Court and the parties to determine whether or not there is any overlap between the scope of the claim by the federal government and Respondent.  If Respondent's claim for future costs is disallowed without a

6

prior determination that these costs are the subject of a government agency claim that has been allowed or approved by this Court, the Debtors may avoid any and all liability for such costs. Further, holding the Debtors' Objection in abeyance until such time as there is an allowed government agency claim for the same future site remediation costs will provide Respondent with due process rights of notice and opportunity to be heard regarding the settlement of the government's claim for which Respondent is clearly an interested party.

In summary, Respondent Lammers Barrel Factory PRP Group requests that the Debtors' 208th Omnibus Objection to Claims be overruled as to Claim #36699 with respect to the past costs amount of $300,000 and the future RI/FS costs for which only Respondent and not any government agency has asserted a claim. Respondent further requests that the remainder of Debtors' Objection regarding Respondent's claim for future site remediation costs and natural resource damages either be denied pending the allowance of a claim by a government agency for such costs or, alternatively, be held in abeyance until such time as the federal government's proof of claim for such costs is allowed or a settlement of that claim approved by this Court.

Dated:  February 22, 2011

          Respectfully submitted,

          /s/ Susan M. Franzetti
          Susan M. Franzetti

          NIJMAN FRANZETTI LLP
          Counsel for the Lammers Barrel Factory PRP Group
          10 S. LaSalle Street, Ste. 3600
          Chicago, IL  60603
          (312) 251-5590
          sf@nijmanfranzetti.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Response of Lammers Barrel Factory PRP Group to Debtors' 208th Omnibus Objection to Claims was served via first class mail, postage prepaid, on February 22, 2011 to counsel listed below:

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY  10153

Thomas Morrow
c/o Motors Liquidation Company
401 South Old Woodward Avenue, Suite 370
Birmingham, MI  48009

Lawrence S. Buonomo
General Motors, LLC
400 Renaissance Center
Detroit, MI  48265

John J. Rapisardi
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY  10281

Joseph Samarias
United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, DC  20220

Michael J. Edelman
Michael L. Schein
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY  10019

Thomas Moers Mayer
Robert Schmidt
Lauren Macksoud
Jennifer Sharret
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Tracy Hope Davis
Office of the United States Trustee
  for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY  10004

David S. Jones
Natalie Kuehler
U.S. Attorney's Office, S.D.N.Y.
86 Chambers Street, 3rd Floor
New York, NY  10007

Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152-3500

Trevor W. Swett III
Kevin C. Maclay
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC  20005

Sander L. Esserman
Robert T. Brousseau
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan Street, Suite 2200
Dallas, TX  75201

/s/ Susan M. Franzetti
Susan M. Franzetti
Counsel for the Lammers Barrel Factory PRP Group