HEARING DATE AND TIME: March 1, 2011 at 9:45 am (Eastern Time)
OBJECTION DEADLINE: February 22, 2011 at 4:00 pm (Eastern Time)

Celeste R. Gill
Assistant Attorney General
Environment, Natural Resources and Agriculture Division
525 W. Ottawa, 6th Floor, G. Mennen Williams Bldg.
P.O. Box 30755
Lansing, MI 48909
Telephone: 517-373-7540
Facsimile: 517-373-1610
E-mail: gillc1@michigan.gov

Attorney for the Michigan Department of Environmental Quality[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
IN RE:                                                     :
                                                           :     Chapter 11
    MOTORS LIQUIDATION COMPANY, et al,                     :     Case No. 09-50026 (REG)
    f/k/a General Motors Corp., et al.                     :
                                                           :     (Jointly Administered)
                         Debtors.                          :
-----------------------------------------------------------x

## MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S RESPONSE TO DEBTOR'S MOTION TO RECLASSIFY PROOF OF CLAIM 60528

1.  A number of Motors Liquidation Company's (Debtor) Michigan facilities are either sites of environmental contamination and Debtors have ongoing obligations as the owner of operator, or have other obligations under legal agreements, licenses and permits, or under state or federal environmental laws and regulations, including, but not limited to Part 201,

---

[1] By Executive Reorganization Order 2009-31 effective January 17, 2010, the functions and responsibilities of the Michigan Department of Environmental Quality (MDEQ) were transferred to the Michigan Department of Natural Resources and Environment (MDNRE). By Executive Reorganization Order 2011-01, dated January 4, 2011, the functions and responsibilities for the statutory and regulatory programs applicable to the sites covered by MDNRE's claim will be reassigned to the MDEQ effective March 13, 2011. To avoid any confusion, this response will continue to refer to the MDEQ.

Environmental Remediation, of the Michigan's Natural Resources and Environmental Protections Act (NREPA), 1994 PA 451, as amended; Part 211, Underground Storage Tank Regulations, of the NREPA; Part 213, Leaking Underground Storage Tank, of the NREPA; Part 111, Hazardous Waste, of the NREPA; and Resource Conservation and Recovery Act (RCRA).[2]

2. On November 27, 2009, the Attorney General of Michigan, on behalf of the Michigan Department of Environmental Quality (MDEQ), filed proof of claim in this case asserting a total claim of $401,160,312 covering secured, unsecured, and/or administrative priority for the various parts of the claim. The Addendum attached to the proof of claim form also included a protective filing, asserting, among other things, Debtors' injunctive obligations at numerous sites for environmental contamination. The proof of claim was assigned claim number 60528 by the claims' agent and the total amount was classified as a secured claim.

3. The proof of claim form indicated that the claim covered environmental response and compliance and directed anyone reviewing the claim to see the attached Addendum and exhibits for an explanation of the basis of the claim. The form also indicated the existence of liens with regard to the claim, but included no secured claim amount, and instead directed the reviewer to see the attached Addendum. Finally the proof of claim form directed the reviewer to see the Addendum with regard to the amount of claim entitled to priority.

4. The first sentence of the Addendum provides that "[t]his summary of environmental claims with the exhibits attached hereto explains and supports the Proof of Claim filed by the MDEQ in the Motors Liquidation Company (f/k/a General Motors Corporation) case (Case No. 09-50026)." A copy of the Addendum is attached as Exhibit 1 to this Response.

---

[2] MCL 324.20101 *et seq.*, MCL 324.21101 *et seq.*, MCL 234.21301 *et seq.*, MCL 324.11101 *et seq.*, and 42 USC 6901 *et seq.*, respectively.

2

5.     Paragraph 17 (page 11) of the Addendum provides in part: "Under Subsection 20138(1) of the NREPA, all unpaid costs and damages for which a person is liable under section 20126 constitutes a lien in favor of the state upon a facility that has been the subject of response activity by the state and is owned by that person. A lien under this section arises when the state first incurs costs for response activity at a facility for which the person is liable and takes priority over all other later recorded liens and encumbrances.[3] *MDEQ has recorded liens against certain of Debtors' facilities to secure the response activity costs it incurs at those facilities. Please see Exhibit 15 for a list of the Debtor's properties against which MDEQ has a recorded lien.* ... MDEQ's total claims for these properties (pre-petition, post-petition, and estimated future costs) is approximately $158,924,626.80. However, until properties are liquidated it is impossible to know their actual value and thus the value of MDEQ's liens. In any event, most, if not all, of the properties listed on Exhibit 15 are properties of the bankruptcy estate and MDEQ asserts that the future costs related to those sites are entitled to administrative expense priority." (Emphasis added.) The list of Debtors' properties with MDEQ recorded liens is attached as Exhibit 2 to this Response.

6.     In October 2010, the State of Michigan, along with other parties, executed the proposed Environmental Response Trust Consent Decree and Settlement Agreement Among Debtors, the Environmental Response Administrative Trustee, the United States, the States of Delaware, Illinois, Indiana, Kansas, Michigan, Missouri, New Jersey, New York, Ohio, Wisconsin, Commonwealth of Virginia, Louisiana Department of Environmental Quality, the Massachusetts Department of Environmental Protection, the Department of Environmental Protection of the Commonwealth of Pennsylvania and the Saint Regis Mohawk Tribe ("ERT") to

---

[3] MCL 324.20138(1).

3

among other things, address environmental response at the MDEQ's lien sites, and other Michigan sites entitled to administrative priority. Approval of the ERT is pending before the Court.

7. On January 27, 2011, Debtors filed a motion to reclassify proof of claim 60528 to a secured claim of $166,488,155.47 and an unsecured claim, subject to Debtors' right to object, of $234,672,156.53.

8. MDEQ does not object to the Court authorizing the claims' agent to adjust its records and correct its classification of proof of claim 60528 to more closely reflect the secured claim amount that MDEQ had intended, with the balance of the claim being unsecured. However, MDEQ maintains and does not waive its protective filing regarding Debtors' injunctive obligations with regard to certain sites nor its right to assert that the claim with regard to certain Michigan sites is entitled to administrative priority treatment as provided in the Addendum.[4]

9. As part of its protective filing, MDEQ also reserved its rights to assert further claims with regard to possible natural resources damages, any liabilities at sites transferred to

---

[4] As noted in the Addendum, pursuant to 28 USC 959(b), Debtors are required to manage and operate the estate property in accordance with non-bankruptcy law, including applicable environmental statutes and regulations. If the Debtors fail or are unable to perform those response activities, or the Bankruptcy Court determines that the Debtor are not required to perform such response activities, MDEQ may be forced, as the protector of public health, safety, welfare and the environment, to incur costs performing Debtor's obligations. While MDEQ is not required to file a proof of claim relating to property of the estate other than for (a) response costs incurred before the petition date; and (b) civil penalties for days of violation occurring before the petition date, MDEQ included post-petition costs incurred at Debtor's sites as of the date of its proof of claim and estimated future costs of completing response actions at certain of Debtor's facilities with its proof of claim out of an abundance of caution, and maintains that any costs it incurs related to response activities at the Debtor's properties post-petition to comply with state and federal environmental laws are administrative expenses entitled to priority as, among other things, being necessary to preserve the estate of the Debtor. MDEQ also reserved the right to file an application for administrative expense and take other appropriate actions in the future with respect to the property of the estate including, but not limited to enforcement actions. The inclusion of these costs with its proof of claim is protective and does not constitute a waiver of MDEQ's assertion that the Debtor is obligated to complete those response activities.

4

General Motors, LLC for which General Motors, LLC does not assume liability, and unknown conditions at any MLC owned sites.

10. MDEQ and the Debtors are discussing a possible resolution of the Motion, including possible adjustments to the amount of the MDEQ's claim classified as a secured claim and hope to reach a final resolution before the scheduled hearing on this matter.

11. MDEQ files this response to reserve its rights, and requests that any order approving the reclassification of proof of claim 60528 acknowledge MDEQ's and preserve MDEQ's protective filing.

12. MDEQ reserves the right to amend and/or supplement this response including up to and at the scheduled hearing for this matter.

Respectfully submitted,

Bill Schuette
Attorney General

/s/   Celeste R. Gill
Celeste R. Gill (P52484)
Assistant Attorney General
Environment, Natural Resources
and Agriculture Division
6th Floor, Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI  48909
(517) 373-7540
E-mail:  gillc1@michigan.gov

Dated:  February 22, 2011

LF:GMotors Liquidation/Response to Motion to Reclassify Claim

# EXHIBIT 1

Celeste R. Gill
Assistant Attorney General
Environment, Natural Resources and Agriculture Division
525 W. Ottawa, 6th Floor, G. Mennen Williams Bldg.
P.O. Box 30755
Lansing, MI 48909
Telephone: 517-373-7540
Facsimile: 517-373-1610
E-mail: gillc1@michigan.gov

Attorney for the Michigan Department of Environmental Quality

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
IN RE:                                                      :
                                                            :     Chapter 11
    MOTORS LIQUIDATION COMPANY, et al,                      :     Case No. 09-50026 (REG)
    f/k/a General Motors Corp., et al.                      :
                                                            :     (Jointly Administered)
        Debtors.                                            :
------------------------------------------------------------x

## ADDENDUM TO THE MICHIGAN DEPARTMENT
## OF ENVIRONMENTAL QUALITY'S PROOF OF CLAIM

1.  This summary of environmental claims with the exhibits attached hereto explains and supports the Proof of Claim filed by the Michigan Department of Environmental Quality (MDEQ) in the Motors Liquidation Company (f/k/a General Motors Corporation) case (Case No. 09-50026). The Attorney General of the State of Michigan is authorized to make this Proof of Claim on behalf of the MDEQ. By filing this claim MDEQ and the State of Michigan do not waive: (1) any 11th Amendment immunity, (2) any argument that the environmental response activities required under state and federal law to be performed by the jointly administered debtors at any facilities they own or operate for releases of hazardous substances or other materials do not fall under the Bankruptcy Court's jurisdiction, are not subject to the automatic

1

stay of the Bankruptcy Court, can be affected or discharged in Bankruptcy in any manner, and (3) other defenses, causes, or claims necessary to protect the environment and the public health, welfare, and safety of the citizens of Michigan, including fiscal resources.

2. A number of Motors Liquidation Company's (Debtor) Michigan facilities are either sites of environmental contamination and Debtors have ongoing obligations as the owner of operator, or have other obligations under legal agreements, licenses and permits, or under state or federal environmental laws and regulations, including, but not limited to Part 201, Environmental Remediation, of the Michigan's Natural Resources and Environmental Protections Act (NREPA), 1994 PA 451, as amended; Part 211, Underground Storage Tank Regulations, of the NREPA; Part 213, Leaking Underground Storage Tank, of the NREPA; Part 111, Hazardous Waste, of the NREPA; and Resource Conservation and Recovery Act (RCRA).[1]

3. The MDEQ's Proof of Claim in this case relates to the recovery of liquidated costs paid or incurred by MDEQ under state and federal environmental laws.

4. Under Part 201 and Part 213 of the NREPA, the owner and/or operator of a facility that caused a release is responsible for cleaning up the facility and is liable for any response activity costs incurred by the MDEQ at the facility. Further, any person that arranges for disposal of hazardous substances at a non-owned facility is jointly and severally liable for the cost of cleaning up that facility and any costs incurred by MDEQ at such facility.

5. MDEQ has incurred unreimbursed pre-petition response costs of $1,290,488.43 under Parts 201 and 213 of the NREPA for sites identified on Attachment A to the Affidavit of Renee Denison, attached as Exhibit 1.

---

[1] MCL 324.20101 *et seq.*, MCL 324.21101 *et seq.*, MCL 234.21301 *et seq.*, MCL 324.11101 *et seq.*, and 42 USC 6901 *et seq.*, respectively.

2

6. Under Part 111 of the NREPA, certain of Debtor's facilities are subject to user charges based on reported hazardous waste activity (manifest user charges) at the facilities. Debtor has incurred pre-petition, but not paid, manifest user charges of $1,776. See Exhibit 2, Affidavit of Jack Schinderle for details.

7. Because of its status as the operator of a treatment, storage, and disposal facility at certain properties, Debtor has incurred handler charges under Part 111 of the NREPA, for 2009 of $18,400. See Exhibit 2, Affidavit of Jack Schinderle for details. Such fees cover Debtor's pre and post-petition activities at certain facilities.

## PROTECTIVE FILING

8. The Debtor has or may in the future have environmental liabilities for properties that are part of its bankruptcy estate and/or for the migration of hazardous substances from property of its bankruptcy estate. Pursuant to 28 USC 959(b), Debtors are required to manage and operate the estate property in accordance with non-bankruptcy law, including applicable environmental statutes and regulations. Further any reorganized debtor will be subject to liability under environmental law with respect to any property it owns or operates. Should Debtor fail or be unable to perform those response activities, or the Bankruptcy Court determines that the Debtor are not required to perform such response activities, MDEQ may be forced, as the protector of public health, safety, welfare and the environment, to incur costs performing Debtor's obligations. MDEQ is not required to file a proof of claim relating to property of the estate other than for (a) response costs incurred before the petition date; and (b) civil penalties for days of violation occurring before the petition date.

9. MDEQ is including post-petition costs incurred at Debtor's sites to date, and estimated future costs of completing response actions at certain of Debtor's facilities with its

3

Proof of Claim out of an abundance of caution, and maintains that any costs it incurs related to response activities at the Debtor's properties post-petition to comply with state and federal environmental laws are administrative expenses entitled to priority as, among other things, being necessary to preserve the estate of the Debtor.[2] MDEQ maintains that these costs are otherwise nondischargeable in bankruptcy.[3] MDEQ also reserves the right to file an application for administrative expense and take other appropriate actions in the future with respect to the property of the estate including, but not limited to enforcement actions. The inclusion of these costs with its proof of claim is protective and does not constitute a waiver of MDEQ's assertion that the Debtor is obligated to complete those response activities. Further, MDEQ's decision not to include future cost estimates for some sites for which Debtor may have liability does not constitute a waiver of its right to assert specific claim amounts later for those sites.

10.    MDEQ has estimated total future response activity costs of approximately $165,013,902 at certain MLC owned facilities[4] under Parts 201 and 213 of the NREPA as follows:

---

[2] See, 28 USC 959(b).

[3] See, 11 USC 101(5)(B); *In re Chateaugay Corp.*, 944 F2d 997, 1007 (2d Cir 1991); *In re Torwico Electronics, Inc.*, 8 F3d 146, 151 (3d Cir 1993); and *United States v Apex Oil Co.*, Inc., -- F3d --, 2009 WL 2591545, at *1-2 (7th Cir Aug. 25, 2009).

[4] It appears that ownership of the real property for several of these facilities (marked by an *) may have been transferred to the Remediation and Liability Management Company (REALM) a co-debtor in this jointly administered case. Debtor remains causationally liable under Michigan law for the contamination and cleanup at those sites. REALM filed its petition on October 9, 2009 (case No. 09-50029). Under the Bankruptcy code the deadline for governmental units to file proofs of claim in that case is on or about April 9, 2010, and MDEQ reserves its right to file claims with regard to those facilities against REALM as well.

4

    a.    $7,219,255 for the GM Saginaw Malleable Iron site located at 77 W. Center Street in Saginaw, Michigan.[5] See Exhibit 3, the Affidavit of Susan Kaelber-Matlock (Attachment A) for details.

    b.    $3,765,750 for the GM/Metal Fabricating Div—Stamping Grand Rapids (a/k/a General Motors, CPC) located at 300-36th Street in Wyoming, Michigan (MERA#41000115). See Exhibit 4, Affidavit of Darlene Stringer for details.

    c.    $625,135 for the GMC BOC Flint Body Assembly (a/k/a Great Lakes Tech Center West Court Area) located at 4300 South Saginaw, Flint, Michigan. See Exhibit 5, Affidavit of Dwight Cummings for more detail.

    d.    $800,646 for the GMC BOC Flint Body Assembly (a/k/a Great Lakes Tech Center North Courtyard Area) located at 4300 South Saginaw, Flint, Michigan. See Exhibit 6, Affidavit of James Innes for details.

    e.    $2,292,616 for the Greenpoint Landfill located at 3300 Salt Street in Saginaw, Michigan. MLC is jointly and severally liable for this site with REALM, a co-debtor. See Exhibit 3, Affidavit of Susan Kaelber-Matlock for more details.

    f.    $57,007 for the GM Die Storage Lot located at South Saginaw and Atherton Streets in Flint Michigan. See Exhibit 6, Affidavit of James Innes for more details.

    g.    $1,763,333 for the GM Hemphill Landfill located at Hemphill and Saginaw Streets in Burton, Michigan. See Exhibit 6, Affidavit of James Innes for details.

    h.    $189,919 for the Linden Road Landfill located at 1200 S. Linden Road, Flint, Michigan. See Exhibit 6, Affidavit of James Innes for details.

---

[5] MLC has initiated actions to demolish the building at the site. MDEQ estimates that such demolition would cost approximately $96 million, this amount is not included in MDEQ's estimate of the cost of response activities for the site.

  i. $659,269 for the Davison Road Land facility located at Davison Road and Donegal Street in Burton, Michigan. See Exhibit 6, Affidavit of James Innes for more details.

  j. $33,405 for the GMNA-New Center Complex located at 6560 Cass Avenue in Detroit, Michigan. See Exhibit 7, Affidavit of Karen Williams for more details.

  k. $80,318 for the Cass Avenue Amsterdam Lot located at 6241 Cass Avenue in Detroit, Michigan. See Exhibit 8, Affidavit of Karen Williams for more details.

  l. $94,753 for the GMC Truck Center (ACC Penske Site) located at 675 Cesar Chavez in Pontiac, Michigan. See Exhibit 9, Affidavit of Christy D. Clark for more details.

  m. $515,552 for the GM Truck and Bus facility (a/k/a Employee Development Center) located at 65 E. University Drive in Pontiac, Michigan. See Exhibit 9, Affidavit of Christy D. Clark for more details.

  n. $165,000 for the Textile Road Dump site located at the southeast corner of Textile Road and Bunton Road in Ypsilanti Township, Michigan (MERA#81000038). See Exhibit 10, Affidavit of Kevin D. Lund for more details.

  o. $125,000,000 for the GM Hydramatic[6] (a/k/a GMPT Willow Run) located at 2930 Ecorse Road in Ypsilanti, Michigan (MERA#81000019; Facility ID 0-0003522; and Waste and Hazardous Materials Files number MID980587893 (General Motors Hydra Matic). See Exhibit 10, Affidavit of Kevin D. Lund for more details.

  p. $7,936,500 for the GM Willow Run Assembly and Company Vehicle Operations[7] (a/k/a Midsize and Luxury – Willow Run and CVO) located at 2625 and 2901 Tyler

---

[6] This facility is also regulated under RCRA/Part 111 as a treatment, storage, and disposal facility (TSDF).
[7] This facility is also regulated under RCRA/Part 111 as a TSDF.

6

Road in Ypsilanti, Michigan (MERA#81000496 and WHMD File MID005356795). See Exhibit 10, Affidavit of Kevin D. Lund for more details.

    q.    $5,984,946 for the GMPT Bay City site, located at 1001 Woodside Avenue, Bay City, Michigan. This site is subject to a Consent Judgment for which Motors Liquidation Company is a party. See Exhibit 3, Affidavit of Susan Kaelber-Matlock for details.

    r.    $7,453,618 for the Delphi Landfill (peninsula) located at 79 W. Center Street in Saginaw, Michigan. See Exhibit 3, Affidavit of Susan Kaelber-Matlock for details.

    s.    $240,240 for the Howard Warehouse (a/k/a Owen Road Warehouse) located at 700 Garey Street in Saginaw, Michigan. See Exhibit 3, Affidavit of Susan Kaelber-Matlock for details.

    t.    $136,640 for Windiate Park/Pengally Apartment Apartment Property (a/k/a Dixie Landfill) site located near Milton and Pengelly Streets in Flint, Michigan. See Exhibit 11, Affidavit of Eric L. Van Riper for more details.

11. MDEQ is also including estimated future response costs for certain off-site facilities where Debtor disposed of its waste and for certain former Debtor owned sites for which Debtor remains liable under Parts 201 and 213 of the NREPA. MDEQ has estimated future costs of $49,314,234 for those sites as follows:

    a.    $5,686,040 for the GM BOC located at 5200 East Cork St., in Kalamazoo, Michigan. See Exhibit 12, the Affidavit of Mark D. Ducharme for more details.

    b.    $25,817,134 for the Delphi Plant 2 Site located at 1400 Holmes in Saginaw, Michigan. See Exhibit 3, the Affidavit of Susan Kaelber-Matlock for more details.

    c.    $1,555,639 for the Delphi Chasis facility located at 2328 Genessee, in Saginaw, Michigan. See Exhibit 3, the Affidavit of Susan Kaelber-Matlock for more details.

7

  d. $11,725,303 for the Saterlee Sumpter Landfill site located at 40195 Judd Road in Sumpter Township, Michigan (MERA#82000048). See Exhibit 13, the Affidavit of Beth M. Vens for more details.

  e. $3,416,147 for the Bay City Middlegrounds Landfill located on Evergreen Road in Bay City, Michigan. See Exhibit 3, the Affidavit of Susan Kaelber-Matlock for more details.

  f. $1,113,971 for the Golson Wetland located adjacent to the GMPT Bay City site from which groundwater contaminated has migrated to impact this property. This site is subject to a Consent Judgment for which MLC is a party. See Exhibit 3, the Affidavit of Susan-Kaelber-Matlock for more details.

  12. Debtor has liability under Part 111 of the NREPA and RCRA at certain facilities because of its ownership and operation of hazardous waste management facilities. MDEQ has estimated the total future costs of $185,501,216 to meet the requirements of Part 111, including, but not limited to closure and post-closure care at certain facilities as follows:

  a. $34,751,924 for the Delphi Flint West Facility located at 300 North Chevrolet Avenue in Flint, Michigan (Site Identification Number MID005356654). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  b. $17,985,941 for the General Motors Corporation, Great Lakes Technology Center located at 4300 South Saginaw Street in Flint, Michigan (Site Identification Number MID005356738). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  c. $27,161,249 for the Remediation and Liability Management Co., or REALM Peregrine facility located at 1245 East Coldwater Road in Flint, Michigan (Site

Identification Number MIR000020743). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  d. $66,722,952 for the Delphi Automotive Systems LLC Averill Avenue Facility, located at 1101 North Center Road in Flint, Michigan (Site Identification Number MID980568745). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  e. $18,485,555 for the General Motors Corporation Lansing Plants 2 and 3 facilities located at 2800-2801 West Saginaw Street in Lansing, Michigan (Site Identification Number MID980700827). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  f. $494,970 for the General Motors Corporation facility located at 36880 Ecorse Road in Romulus, Michigan (Site Identification Number MID000809905). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  g. $14,566,401 for the General Motors Corporation facility located at 401 North Verlinden Avenue in Lansing, Michigan (Site Identification Number MID005356928). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  h. $5,332,224 for the General Motors Corporation facility located at 1245 East Coldwater Road in Flint, Michigan (Site Identification Number MID005356860). See Exhibit 14, Affidavit of Daniel P. Dailey for more details.

  13. The following sites are facilities requiring response activities under Part 201 or Part 213 of the NREPA or corrective action, closure or post-closure care under Part 111 of NREPA, for which future cost still need to be determined:

  a. Van Buren Township Landfill located at Ecorse Road and US-12 in Belleville, Michigan.

b.   Delphi facility located at 999 West Randall Street, Coopersville, Michigan (Site Identification Number MID000721738).

c.   GMC Chevrolet Detroit located at 601 Piquette Street in Detroit, Michigan (Site Identification Number MID076380583).

d.   General Motors Corporation 1500 East Ferry Street, Detroit, Michigan (Site Identification Number MID005356746).

e.   Delphi Automotive Systems, LLC 2328 East Genesee, Saginaw, Michigan (Site Identification Number MID005356845). An estimate has been provided for response activities under Part 201 for this facility, however other parts of the site may be subject to the requirements of Part 111, for which no estimate has been prepared.

f.   Delphi Automotive Systems LLC located at 1601 North Averill Avenue, Flint, Michigan (Site Identification Number MID980568620).

14.   MDEQ has also incurred unreimbursed post-petition response activity costs under Parts 201 and 213 of the NREPA in the amount of $19,511.59 through September 19, 2009. See Attachment B, Post Petition Cost Summary, of the Affidavit of Renee Denison attached as Exhibit 1.

15.   Since filing its petition for bankruptcy, Debtor has incurred manifest user charges under Part 111 of the NREPA of $784 that remain unpaid. See Exhibit 2, Affidavit of Jack Schinderle for details.

16.   A number of Debtor's facilities were transferred to NGMCO Inc. (n/k/a General Motors Company) as part of an asset sale consummated on or about July 10, 2009, including facilities for which Debtor still has environmental liabilities. According to the terms of the Order approving the sale and the Court's Decision on Debtors' Motion for Approval of (1) Sale of

10

Assets to Vehicle Acquisition Holding LLC; (2) Assumption and Assignment of Related Executory Contracts; and (3) Entry into UAW Retiree Settlement Agreement both dated July 5, 2009, General Motors Company will be responsible for and will comply with environmental laws with respect to the facilities it acquired from Debtor. Such liability extends not only to response activities or corrective actions under Parts 201, 213 and 111 and corresponding federal law, but also to other regulatory requirements such as registrations, fees and other charges. To the extent there are any ongoing obligations for which Debtor is liable and General Motors Company has or does not assume responsibility for, MDEQ reserves the right to assert additional claims against the Debtor for those obligations.

17.    Under Subsection 20138(1) of the NREPA, all unpaid costs and damages for which a person is liable under section 20126 constitutes a lien in favor of the state upon a facility that has been the subject of response activity by the state and is owned by that person. A lien under this section arises when the state first incurs costs for response activity at a facility for which the person is liable and takes priority over all other later recorded liens and encumbrances.[8] MDEQ has recorded liens against certain of Debtors' facilities to secure the response activity costs it incurs at those facilities. Please see Exhibit 15 for a list of the Debtor's properties against which MDEQ has a recorded lien. The total value of MDEQ's liens are not known at this time. Based on Debtors' schedule, the total net book value that the Debtor has assigned to the properties listed on Exhibit 15 is approximately$70,294,144. MDEQ's total claims for these properties (pre-petition, post-petition, and estimated future costs) is approximately $158,924,626.80. However, until properties are liquidated it is impossible to know their actual value and thus the value of MDEQ's liens. In any event, most, if not all, of the

---

[8] MCL 324.20138(1).

11

properties listed on Exhibit 15 are properties of the bankruptcy estate and MDEQ asserts that the future costs related to those sites are entitled to administrative expense priority.

18. To date, MDEQ has been unable to estimate possible natural resources damages that may have resulted from releases of hazardous substances for which Debtors are liable because of a lack of information.

19. The MDEQ's claims are based on information known to date, MDEQ reserves the right to amend and/or supplement its claims and to add whatever additional claims it might have against the Debtors.

20. Additional supporting documentation is available but was not attached to this statement because it is voluminous. MDEQ can make the additional supporting documentation available upon request.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/ Celeste R. Gill
Celeste R. Gill (P52484)
Assistant Attorney General
Environment, Natural Resources
and Agriculture Division
6th Floor, Williams Building
525 West Ottawa Street
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540
E-mail: gillc1@michigan.gov

Dated: November 25, 2009

LF:Motors Liquidation/Statement of Claim

12

# EXHIBIT 2

Michigan Department of Environmental Quality
Remediation and Redevelopment Division
Motors Liquidation Company (MLC) Sites with Part 201[1] Liens

| Lien No. | Site Name | Owner | County | District | Site ID No. or Facility ID | Project No. | File Date | Liber | Page | Pre-Petition Costs | Post-Petition Costs | Estimated Future Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05-09-41000115-144 | GM Fabricating Div (300 36th) | MLC | Kent | Grand Rapids | 41000115 | 451588 | 2009-5/20 | 20090520-004764 | 1 | $ 35,585.19 | $3,433.52 | $3,700,000.00 |
| 05-09-81000019-148 | GM Hydramatic (GM-PT Willow Run, 2930 Ecorse Rd) | MLC | Washtenaw | Jackson | 81000019 | 455821 | 2009-5/18 | 4733 | 905 | $ 8,418.84 | $0.00 | $125,000,000.00 |
| 05-09-25000686-152 | GM Hemphill LF | MLC | Genesee | Lansing | 25000686 | 454533 | 2009-5/27 | 2009052700 42792 | 1 | $ 9,201.56 | $0.00 | $1,763,333.00 |
| 05-09-25000003-147 | GM Die Storage (Atherton Rd) | MLC | Genesee | Lansing | 250000683 | 455907 | 2009-5/21 | 2009052100 42130 | 1 | $ 11,593.80 | $74.23 | $57,007.20 |
| 05-09-00013821-S074 | GMC Lansing #6 Car Assembly | MLC | Ingham | Lansing | 00013821 | 445542 | 2009-5/18 | 3345 | 793 | $ 720.35 | $0.00 | $14,566,401.00 |
| 05-09-09000014-146 | CPC Group (GMPT-Bay City (REALM parcel) 100 Fitzgerald aka 901 Woodside) | REALM[2] | Bay | Saginaw-Bay | 09000014 | 450064 | 2009-5/18 | 2676 | 889 | $ 2,922.15 | $305.98 | $5,984,946.41 |
| 05-09-73000014-150 | GM Malleable Iron[3] | MLC | Saginaw | Saginaw | 73000014 | 451631 | 2009-5/22 | 2537 | 704 | $ 41,880.80 | $2,392.30 | $7,219,255.45 |
| 05-09-73000014-151 | GM Malleable Iron[3] | REALM[2] | Saginaw | Saginaw | 73000014 | 451631 | 2009-5/22 | 2537 | 703 | $ 41,880.80 | $2,392.30 | $7,219,255.45 |
| 05-09-00015260-S077 | GMC Employee Development Center | MLC | Oakland | SE Michigan | 00015260 | | 2009-5/26 | 41183 | 748 | $ 507.58 | $0.00 | $516,000.00 |
| 05-09-00018277-S078 | GM Pontiac Centerpoint Campus -- West Engineering | MLC | Oakland | SE Michigan | 00018277 | 446562 | 2009-5/28 | 41195 | 88 | $ 647.56 | $0.00 | RCRA-Fed. Lead |

[1] Part 201, Environmental Remediation, of the Natural Resources and Environmental Protection Act, 1994 PA 451, as amended.
[2] Remediation and Liability Management Company, Inc. (REALM)
[3] Two parcels have Part 201 liens placed upon them. The dollar amounts reflect costs associated with both parcels and are not intended to be additive.

November 23, 2009