HEARING DATE AND TIME: March 1, 2011 at 9:45 a.m. (Eastern Time)

Steven M. Bierman
Nicholas K. Lagemann
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Kenneth P. Kansa (admitted *pro hac vice*)
Courtney A. Rosen (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Counsel for Wells Fargo Bank
Northwest, N.A., as Agent to the TPC Lenders

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
In re:                                           :    Chapter 11
                                                 :
MOTORS LIQUIDATION COMPANY., *et al.*,           :    Case No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*
                                                 :
          Debtors.                 :    (Jointly Administered)
------------------------------------------------------------- X

**LIMITED RESPONSE OF WELLS FARGO BANK NORTHWEST, N.A., AS AGENT
FOR THE TPC LENDERS, TO (I) MOTION OF DEBTORS FOR ENTRY OF AN
ORDER ESTABLISHING CLAIMS RESERVES IN CONNECTION WITH
DISTRIBUTIONS TO BE MADE UNDER THE DEBTORS' AMENDED JOINT
CHAPTER 11 PLAN WITH RESPECT TO, AMONG OTHER THINGS, CERTAIN
UNLIQUIDATED CLAIMS [D.I. 9212]; AND (II) MOTION OF DEBTORS FOR ENTRY
OF AN ORDER ESTIMATING MAXIMUM AMOUNT OF CERTAIN CLAIMS FOR
PURPOSES OF ESTABLISHING CLAIMS RESERVES UNDER THE DEBTORS'
<u>AMENDED JOINT CHAPTER 11 PLAN [D.I. 9213]</u>**

      Wells Fargo Bank Northwest, N.A. ("<u>Wells Fargo</u>"), as Agent (the "<u>Agent</u>"), on behalf of

Norddeutsche Landesbank Girozentrale (New York Branch), as Administrator (the

"<u>Administrator</u>"), and Deutsche Bank, AG, New York Branch, HSBC Bank USA, National

Association, ABN AMRO Bank N.V. n/k/a The Royal Bank of Scotland NV, Royal Bank of Canada, Bank of America, N.A., Citicorp USA, Inc., Merrill Lynch Bank USA, Morgan Stanley Bank, as purchasers, (collectively with the Administrator, the "TPC Lenders"), hereby files this limited response (the "Response") to the (i) Motion of Debtors for Entry of an Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims (the "Unliquidated Claims Motion") [Docket No. 9212] and (ii) Motion of Debtors for Entry of an Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan [Docket No. 9213] (the "Partially Unliquidated Claims Motion" and together with the Unliquidated Claims Motion, the "Motions"). In support of this Response, the Agent respectfully states as follows:

    1.    The Agent files this Response on behalf of the TPC Lenders for the limited purpose of ensuring that any claims of the Agent on behalf of the TPC Lenders that may be allowed in the Debtors' chapter 11 cases are properly reserved for in the GUC Trust (as defined in the Plan) to the extent necessary to ensure that any allowed claims of the TPC Lenders are in fact paid.[1] The basis for the Agent's/TPC Lenders' potential claims is not in dispute. On July 5, 2009, the Court entered an order [Docket No. 2968] (the "Sale Order"), which provided for the sale of substantially all of the assets of General Motors Corporation to NGMCO, Inc., n/k/a General Motors, LLC ("New GM"). The assets covered by the Sale Order included two facilities as to which the TPC Lenders had a security interest in real estate, improvements, fixtures, equipment, and various additional property. In relevant part, the Sale Order provides for the establishment of an escrow account in the amount of $90.7 million to provide for the satisfaction of the TPC Lenders' secured claims relating to the two facilities. (See Sale Order at

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motions.

2

¶ 37). The Sale Order further provides that if the value of the TPC Lenders' Secured Claim (as defined in the Sale Order) is less than $90.7 million, the TPC Lenders shall have, in addition to the Secured Claim, an allowed unsecured claim against General Motors Corporation equal to the lesser of (i) $45 million and (ii) the difference between $90.7 million and the value of the Secured Claim. (See Sale Order at ¶ 38). Furthermore, the Sale Order provides that if the value of the Secured Claim exceeds $90.7 million, then the TPC Lenders shall be entitled to assert a secured claim against the Debtors' estates to the extent that the TPC Lenders would have an allowed claim for such amount under section 506 of the Bankruptcy Code. (See Sale Order at ¶ 39).[2]

        2.       The Agent has reviewed the Motions, and is unable to determine whether or not it is the Debtors' intention to establish reserves for the TPC Lenders' potential unsecured claims and/or any secured claim in excess of $90.7 million that the TPC Lenders may be entitled to under the Sale Order and applicable bankruptcy law. None of the exhibits to either of the Motions make reference to any claims of the TPC Lenders. The Unliquidated Claims Motion appears to apply to environmental, litigation, trade debt, employee, equity security and executory contact claims, which are dissimilar in substance to the TPC Lenders' claim. The Partially Unliquidated Claims Motion applies to claims that are "largely liquidated . . . but also include additional potential claim amounts that are unliquidated (such as fees, costs, or interest)." (Partially Unliquidated Claims Motion at ¶ 19). While the Agent suspects that the Debtors do not consider the TPC Lenders' claims to be of the type affected by the Motions, the Motions leave unclear whether the Debtors intend for the TPC Lenders' claims, both secured and unsecured, to be reserved for at all beyond the escrow account established under the Sale Order.

---

[2] The Agent has filed a proof of claim on account of its claims in these chapter 11 cases, which proof of claim was assigned number 39030 by the Court-appointed claims agent. The proof of claim filed by the Agent has not been the subject of any objections.

3

3. It is self-evident that the claims to which the TPC Lenders are entitled under the Sale Order and applicable bankruptcy law must be properly provided for by the Debtors and any trust or trusts making distributions on account of claims against the Debtors, including the establishment of appropriate reserves to ensure that the Debtors' obligations under the Sale Order are performed. This is particularly true given that the Debtors and General Motors, LLC have recently sought and obtained this Court's approval to defer a valuation hearing relating to the TPC Lenders' claims until after the scheduled confirmation hearing on the Debtors' Plan and, presumably, after the date that the Plan is intended by the Debtors to become effective. (See Docket Nos. 9116 and 9281).

4. As a result, the Agent requests that any order approving the relevant Motion or Motions should provide that the GUC Trust Administrator will reserve (i) for the TPC Lenders' general unsecured claims up to the full $45 million amount that may be allowed consistent with the Sale Order, and (ii) for any secured claims of the TPC Lenders that may be allowed above the $90.7 million amount of the escrow account established under the Sale Order. In the absence of such relief, the Agent respectfully requests that the Motions be denied.

WHEREFORE, the Agent, on behalf of the TPC Lenders, respectfully requests that this Court (i) modify the relief sought in the Motions to require the GUC Trust Administrator to reserve fully for the TPC Lenders' potential secured and unsecured claims above the amount of the escrow account established under the Sale Order, (ii) in the absence of such relief, deny the Motions in their entirety, and (iii) grant such other and further relief as is just and proper.

Dated: New York, New York
February 22, 2011

        /s/ Steven M. Bierman      
SIDLEY AUSTIN LLP
Steven M. Bierman
Nicholas K. Lagemann
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:    sbierman@sidley.com
            nlagemann@sidley.com

-     and    -

SIDLEY AUSTIN LLP
Kenneth P. Kansa (admitted *pro hac vice*)
Courtney A. Rosen (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email:    kkansa@sidley.com
            crosen@sidley.com

*Counsel for Wells Fargo Bank Northwest, N.A., as Agent to the TPC Lenders*