UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                      :
In re                                                 :          Chapter 11 Case No.
                                                      :
**MOTORS LIQUIDATION COMPANY**, *et al.*,             :          09-50026 (REG)
       f/k/a General Motors Corp., *et al.*           :
                                                      :
                       Debtors.                       :          (Jointly Administered)
                                                      :
-------------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b)(9) DISALLOWING AND EXPUNGING CERTAIN 503(b)(9) CLAIMS

**WHEREAS** on June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company and its affiliated Debtors (collectively, the "**Debtors**") filed the Motion of Debtors for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9) (ECF No. 51) requesting that this Court establish procedures (the "**503(b)(9) Procedures**") to govern the resolution of certain claims (the "**503(b)(9) Claims**") asserted against the Debtors pursuant to section 503(b)(9) of title 11, United States Code (the "**Bankruptcy Code**");

**WHEREAS** on the Commencement Date, this Court entered that certain Order Pursuant to 11 U.S.C. Sections 105(a) and 503(b)(9) Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C Section 503(b)(9) (ECF No. 166) (the "**503(b)(9) Order**") approving the 503(b)(9) Procedures;

**WHEREAS** in accordance with the 503(b)(9) Procedures and the 503(b)(9) Order, on October 9, 2009, the Debtors filed the *Debtors' Objection to Certain 503(b)(9) Claims Under the Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedures for the*

*Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9)*

(ECF No. 4312) (the "**503(b)(9) Objection**"), objecting to and seeking to invalidate certain 503(b)(9) Claims, as more fully described in the 503(b)(9) Objection;

**WHEREAS** in accordance with the 503(b)(9) Procedures and the 503(b)(9) Order, any claimant who filed a 503(b)(9) Claim against the Debtors whose claim was objected to by the Debtors pursuant to the 503(b)(9) Objection was required to file a response to the 503(b)(9) Objection by no later than twenty (20) days following October 29, 2009 (the "**Objection Deadline**") in order to preserve such claim;

**WHEREAS** the claimants listed on **Exhibit "A"** annexed hereto did not file a response to the 503(b)(9) Objection in respect of their 503(b)(9) Claims by the Objection Deadline;

**WHEREAS** pursuant to the 503(b)(9) Procedures and as contemplated by the 503(b)(9) Order, the Debtors are entitled to disallow and expunge the 503(b)(9) Claims listed on **Exhibit "A"** hereto and the Debtors seek entry of this Order to allow their claims agent to adjust the claims register accordingly;

**WHEREAS** due and proper notice of the presentment of this Order has been provided, and it appearing that no other or further notice need be provided;

**NOW**, after due deliberation and sufficient cause appearing therfor, it is

**ORDERED** that, pursuant to sections 105(a) and 503(b)(9) of the Bankruptcy Code and the 503(b)(9) Order, the claims listed on **Exhibit "A"** hereto are hereby disallowed and expunged; and it is further

**ORDERED** that the official claims agent appointed in these cases is hereby authorized to strike the claims listed on **Exhibit "A"** hereto from the claims register; and it is further

**ORDERED** that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim that is not disallowed or expunged pursuant to this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       *February 22, 2011*

       *s/ Robert E. Gerber*
       United States Bankruptcy Judge