Richard M. Cieri, P.C.
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

   - and -

Mark E. McKane (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, California  94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Counsel to New United Motor Manufacturing, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., (f/k/a General Motors Corporation, et al.) | Case No. 09-50026 (REG) |
| Debtors. | Jointly Administered |

**NEW UNITED MOTOR MANUFACTURING, INC'S OBJECTION TO THE**
**DEBTORS' CLAIMS ESTIMATION AND RESERVE MOTIONS**

New United Motor Manufacturing, Inc. ("**NUMMI**") files this objection to the *Motion of Debtors for Entry of an Order Establishing Claims Reserve in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with Respect to, Among Other Things, Certain Unliquidated Claims* [Docket No. 9212] (the "**Claims Reserve Motion**") and *Motion of the Debtors for Entry of an Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan* [Docket No. 9213] (the "**Estimation Motion**," and collectively with the Claims Reserve Motion,

the "**Motions**")[1] filed by the above-captioned debtors (collectively, the "**Debtors**") in these chapter 11 cases. In support of this objection, NUMMI respectfully states as follows.

## PRELIMINARY STATEMENT

The Debtors' two Motions have the same, joint effect of ignoring creditor protections and improperly limiting NUMMI's (and other creditors') recoveries. Unless these infringements of NUMMI's (and other creditors') rights are remedied, the Motions should be denied.

*First*, through the guise of establishing a capped general unsecured claims reserve, the Debtors unjustifiably seek to reclassify NUMMI's administrative claims as general unsecured claims in the Claims Reserve Motion. The Debtors offer no explanation why or even state this purpose directly in the Claims Reserve Motion. Instead, the Debtors simply list NUMMI's administrative claim as one of the over several hundred of other general unsecured claims it seeks to include as part of its general unsecured claims reserve. Absent NUMMI's review of the over 200 pages of exhibits to the Claims Reserve Motion to find its claim, it would have received *no notice* that the Debtors were seeking to reclassify NUMMI's administrative claims. This is unacceptable. The Debtors simply cannot reclassify NUMMI's administrative claim (and deny it the full cash recovery to which these claims, once allowed, are entitled) through a motion requesting establishment of a capped general unsecured claims reserve.

*Second*, the Debtors further impair NUMMI's rights to receive a claim distribution in the Estimation Motion by attempting to impose a ceiling on NUMMI's recovery in its pending adversary proceeding well before any final judgment or resolution is reached. NUMMI reserves its rights to assert the full amount of any judgment upon liquidation of its claim and objects to the Estimation Motion to the extent it will deny NUMMI the full recovery to which it is entitled.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motions.

K&E 18449563.4

## BACKGROUND

### *The NUMMI and MLC Dispute*

On November 24, 2009, NUMMI,[2] a manufacturing joint venture between Motors Liquidation Company ("**MLC**") and Toyota Motor Corporation, filed Proof of Claim No. 67357 in the amount of $500 million (the "**NUMMI Claim**").  The NUMMI Claim seeks compensatory damages for substantial losses suffered by NUMMI due to MLC's decision to stop order the 2008-2012 Vibe, withdraw from and discontinue the NUMMI joint venture and its refusal to satisfy its contractual share of the costs of NUMMI's wind-down, in violation of MLC's obligations.

On November 9, 2010, the Court held a hearing regarding the NUMMI Claim and related briefing and proposed that the Debtors and NUMMI treat the claims raised in the NUMMI Claim as plenary litigation subject to Bankruptcy Rule 9014 and Rules 8 and 12 of the Federal Rules of Civil Procedure.  The parties subsequently entered into a stipulation which the Court approved on November 30, 2010 [Docket No. 7941] (the "**Scheduling Stipulation**").  Pursuant to the Scheduling Stipulation, NUMMI filed a complaint (the "**Complaint**") commencing an adversary proceeding against MLC that has been docketed as Adversary Case No. 10-05016.  See New United Motors Manufacturing, Inc. v. Motors Liquidation Co., Case No. 09-50026, Adv. Case No. 10-05016 (REG) (Bankr. S.D.N.Y. Nov. 24, 2010) [Docket No. 1].

A hearing on MLC's motion to dismiss the Complaint was held on February 8, 2011. Additionally, prior to the February 14, 2011 bar date, NUMMI filed an administrative expense proof of claim to preserve the claims asserted against the Debtors by NUMMI in the Complaint

---

[2] For a more detailed description of NUMMI's formation and corporate history, see the *Declaration of Mitsunori Tsuzuki in Support of Initial Response to the Debtors' Objection to Proof of Claim 67357 Filed by New United Motor Manufacturing, Inc.* [Docket No. 5856] (the "**Tsuzuki Declaration**").

3

that may relate to or arise from events occurringafter the Debtors' commencing these chapter 11 cases and, therefore, may be entitled to administrative claim treatment.

### *NUMMI's Objection to the MLC Plan and the Motions*

On December 7, 2010, the Debtors filed *Debtors' Amended Joint Chapter 11 Plan* [Docket No. 8015] (the "**Plan**"). The Plan provides for creation of a trust (the "**GUC Trust**") for administration of distributions of certain stock and warrants to holders of general unsecured claims (the "**GUC Claims**").[3] NUMMI objected to the Plan, in part, because it fails to ensure payment of all of NUMMI's GUC Claims and administrative claims as they became allowed [Docket No. 9259] (the "**NUMMI Plan Objection**").

On February 11, 2011, the Debtors filed the Estimation Motion and the Claims Reserve Motion. In the Estimation Motion, the Debtors seek to establish a maximum amount to reserve for certain claims that contain both liquidated and unliquidated amounts. In particular, the Estimation Motion seeks to inappropriately cap the NUMMI Claim at $500 million (regardless of the ultimate outcome of any pending litigation regarding NUMMI's claims).

In the Claims Reserve Motion, the Debtors are seeking to establish a reserve for fully unliquidated GUC claims based on an aggregate estimated claim amount of $420 million. The Claims Reserve Motion improperly lists NUMMI's administrative proof of claim as a claim that would be included in this proposed reserve. See *Claims Reserve Motion*, Exh. G, at 4.

These Motions fail to remedy key deficiencies in the Plan and seek to improperly reclassify NUMMI's administrative claim as a GUC Claim. Accordingly, for the foregoing reasons, unless these deficiencies are remedied, NUMMI respectfully requests that the Court deny entry of the Motions.

---

[3]  NUMMI believes that, to the extent the NUMMI Claim is determined to be an Allowed Claim (as defined in the Plan), many of the claims set forth in the NUMMI Claim may constitute GUC Claims.

**ARGUMENT**

**I.    The Claims Reserve Motion Inappropriately Attempts to Classify NUMMI's Administrative Claim as Subject to the GUC Claims Reserve.**

Inexplicably, the Debtors included NUMMI's administrative claim in a proposed reserve to be used to satisfy existing fully unliquidated GUC Claims. See *Claims Reserve Motion*, Ex. G, at 4.[4]  To the extent allowed, the NUMMI administrative claim is entitled to payment in full in cash under the Bankruptcy Code, not an impaired recovery, consisting of a *pro rata* distribution of stock and warrants from a reserve established for general unsecured claims. See 11 U.S.C. § 1129(a)(9) (providing that to confirm chapter 11 plan, a debtor must provide for payment in full in cash of its administrative claims).

Rather than prove they have sufficient cash to fully pay NUMMI's administrative claims (once allowed), the Debtors have sought to reclassify NUMMI's administrative claims without citing any support for their request and without providing effective notice to NUMMI.  The Debtors' disguised reclassification request should not be allowed.

First, the Debtors do not adhere to any procedural protections in place for claims reclassification in the Claims Reserve Motion.  Reclassification of claims must be on proper notice in accordance with the Bankruptcy Code, Bankruptcy Rules and the Court's order approving procedures for the filing of omnibus objections to proofs of claim.  See *Order Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establish Procedures for Settling Certain Claims* [Docket No. 4180].  The Court should not countenance the Debtors' attempt to "end run" these creditor protections.

---

[4]   NUMMI has granted the Debtors until five business days before the Plan confirmation hearing to object to NUMMI's filed administrative expense proof of claim.  To the extent the Debtors object to NUMMI's administrative claims, NUMMI intends to respond to such objection and assert the ultimate validity of its claims.

5

Second, the Debtors do not offer any rationale for or discussion of the proposed reclassification of NUMMI's administrative claims in the Claims Reserve Motion. Simply put, the Claims Reserve Motion provides no legitimate basis upon which to reclassify NUMMI's administrative claims and should be denied with respect to NUMMI's claims.

## II.     The Estimation Motion Seeks to Improperly Cap NUMMI's Claim.

The Debtors' Estimation Motion improperly places an artificial limit of $500 million on NUMMI's ultimate recovery in its pending adversary proceeding against the Debtors. The NUMMI Claim still is in dispute between the parties and once finally adjudicated or resolved could result in a judgment higher than the $500 million originally set forth in NUMMI's first-filed proof of claim.

If the Estimation Motion is granted, to the extent any judgment in favor of NUMMI were to exceed $500 million, NUMMI would be subject to receiving less than the full recovery to which it is entitled. While NUMMI believes that, once the NUMMI Claim has been adjudicated or resolved, the Debtors' proposed $500 million reserve for NUMMI's claim ultimately may turn out to be sufficient to cover any judgment in the adversary proceeding, NUMMI reserves its rights to assert and enforce any judgment that exceeds this amount. To the extent the Estimation Motion seeks to limit the judgment NUMMI is eligible to obtain in the pending adversary proceeding, NUMMI respectfully requests that the Court deny the Estimation Motion.

## CONCLUSION

Wherefore, for the foregoing reasons, NUMMI respectfully requests that the Court deny the Motions to the extent they impair NUMMI's right to receive the full recovery on its claims to which it is entitled and grant such other relief as is just and proper.

*[Remainder of page intentionally left blank.]*

New York, New York
Dated: February 22, 2011

/s/ Ray C. Schrock
Richard M. Cieri, P.C.
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Mark E. McKane (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Counsel to NUMMI

K&E 18449563.4