

*GM Powertrain*

General Motors Corporation
John J. Quattrone, Vice President
Global Human Resources

March 15, 2007

Mr. Robert Sheipe
PMB 311
484 East Carmel Drive
Carmel, IN  46032

Dear Bob,

Enclosed is a signed copy of the agreement for your records.  We will execute the appropriate paperwork on our end to facilitate payments.

In response to your question regarding RSU's, your payout for 2006 vested RSU's should be in your March 15 payroll check.  2006 AIP payout will be included in the March 31 payroll check per the agreed upon par amount based on the automotive payout percentage.

Regarding your vacation time during March, we will approve, but remind you per your discussions with Joe DaMour, you have an obligation to complete the audit interviews as well as any subsequent interviews until that issue is closed.

Jim Mitchell, Lee Hecht Harrison, will coordinate your outplacement services.  He has been notified, and can be reached at (586) 596-7859.  Please call if you have any questions.

Regards,

*[signature]*

enclosure

777 Joslyn Road    Pontiac, MI 48340-2925    MC 483-720-560

## AGREEMENT

Robert J. Sheipe and General Motors Corporation have reached the following Agreement. This Agreement is intended to memorialize the understandings of the parties concerning Mr. Sheipe's separation from General Motors Corporation, its subsidiaries, affiliates, and divisions (hereinafter GM), effective as of April 1, 2007.

As a material inducement to each other to enter into this Agreement and in consideration of the promises and covenants contained herein, it is agreed as follows:

1. Mr. Sheipe will separate from GM as a Voluntary retirement effective April 1, 2007.

2. Mr. Sheipe agrees that he is voluntarily separating from employment and retiring and will not be eligible for unemployment compensation or severance pay. If Mr. Sheipe should receive any unemployment compensation, the payments referenced in paragraph 3 will be reduced by the amount of any such unemployment compensation. Mr. Sheipe will not be entitled to any vacation or vacation pay or disability benefits or disability pay after March 31, 2007.

3. Following Mr. Sheipe's separation on April 1, 2007, he will receive five annual payments in the amount of $29,980, less all applicable withholdings and any amounts owed to GM. The first payment will be made no later than April 15, 2007. In the event of Mr. Sheipe's death prior to completion of the five annual payments, his Basic Life Insurance beneficiary will receive any remaining annual payments.

4. <u>Outstanding Option Grants</u> - Subject to the terms of the plan, Mr. Sheipe will retain any of his option grants that become vested prior to retirement. Specifically, Mr. Sheipe will retain all 2006 and prior grants for their full remaining term. Mr. Sheipe will not be eligible to receive or retain any 2007 stock options.

The option grants noted above are subject to the conditions precedent described in paragraph 8 below.

March 10, 2007

Peggy L. Stone

[Notary Seal: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY SEAL, HAMILTON COUNTY, NOTARY PUBLIC, STATE OF INDIANA]

Robert J. Sheipe
March 10, 2007

CONFIDENTIAL: 01/30/2007

Annual Incentives – Mr. Sheipe will be eligible to receive the 2006 Annual Incentive, subject to all plan terms, providing such incentive is determined to be payable, and adjusted for Corporate, Sector and Individual performance. Such payment will be made under the normal processing schedule. Mr. Sheipe will not be eligible to receive any 2007 Annual Incentive.

Restricted Stock Unit (RSU) – Mr. Sheipe will be eligible to retain the 2006 RSU grant. Mr. Sheipe will not be eligible to receive or retain any 2007 RSU grant.

5. Subject to the Corporation's discretionary right to amend, modify or terminate the program, Mr. Sheipe will be provided Supplemental Life Benefits (SLB) during retirement. In addition, in accordance with current plan terms, Mr. Sheipe will be provided Personal Umbrella Liability Insurance (PULI) coverage through December 31, 2011.

6. Mr. Sheipe agrees to assist GM as necessary, based on his factual knowledge as a former employee, in any pending or future litigation, arbitrations and/or investigations.

7. Mr. Sheipe agrees that the payments referred to in Paragraph 3 of this agreement are more than GM is required to provide under its normal plans, policies, and procedures.

8. Mr. Sheipe fully understands and acknowledges that the exercise of stock options is contingent upon the conditions precedent that Mr. Sheipe: (1) refrain from engaging at any time in activity which, in the opinion of the Executive Compensation Committee of the GM Board of Directors (Committee), is competitive with any activity of GM and from otherwise acting in any manner inimical or in any way contrary to the best interests of GM; and (2) furnish GM such information with respect to the satisfaction of the foregoing condition precedent as the Committee shall reasonably request.

9. Mr. Sheipe will be provided outplacement services through Lee Hecht Harrison for a period of up to six months. Outplacement services must be concluded by year-end 2007.

March 10, 2007

Peggy L. Stone

[Notary Seal: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY SEAL, NOTARY PUBLIC, STATE OF INDIANA, HAMILTON COUNTY]

Robert J. Sheipe

March 10, 2007

CONFIDENTIAL: 01/30/2007

10. Mr. Sheipe agrees and acknowledges that during the course of his employment with GM he had access and was privy to information, documents, and/or materials relating to GM that are of a confidential and/or proprietary nature or which constitute or contain trade secrets, privileged information, or matters subject to attorney-client privilege or which are related work product; the disclosure of which will cause irreparable harm to GM. As part of this Agreement, Mr. Sheipe agrees to return such information at the time of his retirement which is in his possession or which has been given to others and that he will not discuss or disclose to any person or entity any trade secret, confidential and/or proprietary information or matters subject to an attorney-client privilege or which are related work product.

11. Mr. Sheipe agrees that for a period of one year from the time of retirement he will not, without the written consent of the Chief Executive Officer of General Motors or his designate, engage in or perform any services for any business anywhere in the world which designs, manufactures, or sells any automobiles or trucks, in competition with General Motors Corporation or any of its subsidiaries or any joint ventures to which General Motors Corporation or any of its subsidiaries is a party. Mr. Sheipe also agrees that any direct or indirect employment with a purchaser of Allison Transmission Division or any position that consults with or offers advice to an entity seeking to purchase Allison Transmission Division is prohibited without the written consent of the GM Executive Director of Global Compensation. No such consent will be considered prior to the completion of all post-closing reconciliations. In addition, Mr. Sheipe understands that for a period of two (2) years following separation he will not be received by General Motors as the representative of any General Motors supplier in a position to influence GM purchasing decisions. Mr. Sheipe may otherwise work for a supplier, so long as his assignment does not require regular or routine presence on GM premises or require him to serve as the representative to the GM account. Further, Mr. Sheipe agrees that for a period of two (2) years following retirement, he will not, directly or indirectly, induce any of the

March 10, 2007

Peggy L. Stone

[Notary Seal: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY PUBLIC, STATE OF INDIANA, HAMILTON COUNTY]

- 3 -

Robert J. Sheipe
March 10, 2007

CONFIDENTIAL: 01/30/2007

employees of GM to leave the employ of GM for participation, directly or indirectly, with any existing or future business venture associated with Mr. Sheipe. In the event that any of the above provisions of this paragraph should be deemed by a court of proper jurisdiction to exceed the time, product, or geographic limitations permitted by applicable laws and thus cause this paragraph to be unenforceable as written, then such court shall be authorized by the parties to interpret and enforce this paragraph with such modification or modifications and scope as shall enable such court to determine that the paragraph as so modified is enforceable.

12. Mr. Sheipe for himself, his family, heirs, and representatives hereby irrevocably, unconditionally and forever fully releases GM, its employee benefit plans, any subsidiaries or affiliated companies, its or their successors or assigns and the employees, retirees, administrators, agents, officers, directors, and representatives of any of them from all claims, demands, or relief of any nature, whether in law or equity, known or unknown, arising out of any matter, cause, or event occurring on or prior to the date hereof, including, without limitation, claims arising out of Mr. Sheipe's employment and/or the cessation of that employment with GM on March 31, 2007. This includes without limitation a release of any claims Mr. Sheipe may have under the Age Discrimination in Employment Act, which prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex; the Employee Retirement Income Security Act; the Equal Pay Act; or any and all claims under federal, state or local laws or regulations, torts, or common law actions relating to employment, employee benefits or employment discrimination. This also includes without limitation a release by Mr. Sheipe of any claims for breach of contract, either express or implied, slander, libel, defamation and wrongful discharge. This release covers both claims that Mr. Sheipe knows about and those Mr. Sheipe may not know about.

March 10, 2007

Peggy L. Stone

[Notary Seal: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY SEAL, HAMILTON COUNTY, NOTARY PUBLIC, STATE OF INDIANA]

Robert J. Sheipe

March 10, 2007

- 4 -

CONFIDENTIAL: 01/30/2007

13. Mr. Sheipe understands and agrees that the existence and terms of this Agreement, together with the negotiations, discussions, and proceedings leading up to this Agreement, are confidential, and that neither Mr. Sheipe nor any person or entity acting on his behalf shall disclose such matters without permission of GM, except as expressly required by law or order of a court of proper jurisdiction. Breach of this provision may be considered conduct inimical to the best interests of GM.

14. Mr. Sheipe understands that he has been given a period of twenty-one (21) days to review and consider this Agreement before signing it and has been advised to consult an attorney. Mr. Sheipe further understands that he may use as much of this twenty-one (21) day period as he wishes to consult with an attorney before executing this Agreement. Mr. Sheipe may revoke this Agreement within seven (7) days of signing it. Revocation can be made by delivering a written notice of revocation to John J. Quattrone, Vice President, Powertrain Human Resources. If revoked, this Agreement shall not be effective or enforceable.

15. Mr. Sheipe understands that in the future GM may amend its salaried policy and benefit programs and make available different retirement or severance benefits for which he will not be eligible. Nothing in this Agreement limits GM's right to amend, modify, or terminate any of its employee benefit programs or policies.

16. Mr. Sheipe acknowledges that GM has made decisions regarding operations, staffing, redeployment, job assignment, or employee placement in reliance upon this Agreement. Once this Agreement is effective, Mr. Sheipe will not be allowed to rescind his decision regarding this offer and GM may terminate his employment effective March 31, 2007. Mr. Sheipe agrees that he will not be eligible for reemployment by GM and will not be eligible to perform work on a GM account in any consulting, contract, or similar capacity, at any time in the future. This Agreement does not alter the month-to-month nature of Mr. Sheipe's employment.

March 10, 2007
*Peggy L. Stone* [signature]

[Notary Seal: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY SEAL, HAMILTON COUNTY, NOTARY PUBLIC STATE OF INDIANA]

*Robert J. Sheipe* [signature]
March 10, 2007

CONFIDENTIAL: 01/30/2007

17.    Consistent with GM Corporate policy, any membership on a for-profit Board of Directors either before or after retirement will require approval by GM.

18.    Neither GM nor its agents have made promises other than those in this Agreement. This Agreement shall be construed in accordance with the laws of the State of Michigan.

_____    _____
Robert J. Sheipe                                    General Motors Corporation

Dated: *March 10, 2007*            Dated: *3-15-07*


March 10, 2007

_____
Peggy L. Stone
Notary Public

[NOTARY SEAL: PEGGY L. STONE, MY COMMISSION EXPIRES March 16, 2008, NOTARY PUBLIC, STATE OF INDIANA, HAMILTON COUNTY]

- 6 -                                    CONFIDENTIAL: 01/30/2007