**Hearing Date & Time: March 1, 2011 at 9:45 a.m. (Eastern Time)**
**Response Deadline: February 22, 2011 at 4:00 p.m. (Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:

MOTOR LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*

                                                  CHAPTER 11
                                                  Case No.   09-50026 (REG)

                     Debtor.

---

## RESPONSE OF THE MEMBERS OF THE FRONTIER CHEMICAL SITE PRP GROUP IN OPPOSITION TO DEBTOR'S 209TH OMNIBUS OBJECTION TO CLAIMS

The Members of the Frontier Chemical Site PRP Group ("Frontier Chemical") through undersigned counsel hereby file their Response in Opposition to Debtor's 209th Omnibus Objections to Claims (Contingent Co-Liability Claims).

The Objection is addressed to the Proof of Claim filed by the Members of the Frontier Chemical Site PRP Group – Claim No. 43904.

### I.  Past costs should not be subject to the Objection

Debtor's Objection improperly characterizes Frontier Chemical's claim as a "contingent" unsecured claim seeking only "future environmental remediation costs and expenses." (Debtor's Objection at page 1). The Objection fails to acknowledge that

Frontier Chemical's claim includes past costs that are neither unliquidated nor contingent. Further, these past costs are not duplicative of any other asserted claims.

As such, Frontier Chemical's claim for such past costs should not be disallowed pursuant to section 502(e)(1)(B) of Chapter 11 of the Bankruptcy Code.

Neither the decisions in *Lyondell Chemical* nor *Chemtura Corporation* cases applying section 502(e)(1)(B) of Chapter 11 of the Bankruptcy Code provide support for the proposition that claims for liquidated past costs for which the debtor is liable under either CERCLA or by contract should be disallowed. See *In re Chemtura Corp.*, No. 09-11233, 2011 WL 109081 (Bankr. S.D.N.Y. 2011); *In re Lyondell Chem. Co.*, 09-10023, 2001 WL 11412 (Bankr. S.D.N.Y. 2011).

## II. The Objection is premature

Frontier Chemical further contends that the Objection filed herein is premature and should not be adjudicated upon by the Court at this time. Frontier Chemical requests that the Court defer its ruling on Debtor's Objection until such time as any claims by State or Federal agencies in relation to costs incurred for remediation are determined either by way of settlement or final resolution. This will allow both the Court and the parties involved in such remediation the opportunity to determine if there is any overlap between the claims of the agencies and those parties which would impact the rights of non-governmental entities such as Frontier Chemical.

2

### III. Reservation of rights

Frontier Chemical reserves the right to raise additional grounds in response to the objection prior to or at the hearing scheduled for March 1, 2011.

Frontier Chemical further reserves the right to adopt the substance of the responses filed by other Claimants who are subject to the 209th Omnibus Objection to Claims.

Dated:   February 22, 2011
         Buffalo, New York

>                                    WEBSTER SZANYI LLP
>                                    Attorneys for Members of the Frontier
>                                    Chemical Site PRP Group
>
>                                    /s/ Kevin T. O'Brien
>                                    Kevin T. O'Brien
>                                    1400 Liberty Building
>                                    Buffalo, New York 14202
>                                    Telephone: (716) 842-2800
>                                    ko'brien@websterszanyi.com