UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| GENERAL MOTORS CORPORATION, ) | Chapter 11 |
| ) | Case No. 09-50026-reg |
| Debtor. ) | Hon. Robert E. Gerber |

**DANIELS MOTORS, INC. AND RIVAL, LLC'S JOINT RESPONSE TO DEBTORS'
164TH OMNIBUS OBJECTION TO CLAIMS**

Daniels Motors, Inc. ("Daniels") and Rival, LLC ("Rival"), by and through their attorneys, Appel & Lucas, P.C., hereby object to the 164th Omnibus Objection to Claims (Claims with Insufficient Documentation) filed by the Debtors, Motors Liquidation Company, *et al*, and in support thereof, state as follows:

## BACKGROUND

1. The Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on October 9, 2009.

2. On January 26, 2011, the Debtors filed their 164th Omnibus Objection to Claims (the "Omnibus Objection") as to claims they assert lack sufficient documentation. The Omnibus Objection requested that the claims listed in Exhibit A to that Objection be disallowed and expunged.

3. Included among the claims in Exhibit A to the Omnibus Objection are the proofs of claim of Daniels (Claim # 50160) and Rival (Claim #50161). Daniels' Proof of Claim asserted a claim for beach of a Dealer Sales and Service Agreement between it and the Debtors in the amount of $2,500,000. The Proof of Claim of Rival is a claim for interference with a Dealership Lease in the amount of $3,500,000.

4. On February 14, 2011, Daniels and Rival filed Amended Proofs of Claim, attaching additional documentation in support of their claims. Copies of the Amended Proofs of Claim for Daniels and Rival and the additional attached documentation, are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

## RESPONSE TO OBJECTION

5. Daniels and Rival request that the Court deny the Debtors' Objection to their claims because their Proofs of Claim have been amended to provide sufficient documentary support. Moreover, both of their claims have legitimate factual and legal bases.

### Basis for Claim of Daniels Motors, Inc. (Claim #50161)

6. Daniels was an authorized Chevrolet dealership for approximately eighty years until the Debtors terminated its dealership status in May of 2009. The termination of Daniels' dealership status constituted a breach of a Dealer Sales and Service Agreement between the parties, dated November 1, 2005 (the "S&S Agreement").

7. The expiration date of the S&S Agreement was not until October 31, 2010, approximately a year and a half after the Debtors terminated Daniels' dealership status. Further, the S&S Agreement provided Daniels assurance that the Debtors would provide it with an opportunity to enter into a new sales and service agreement at the expiration of the S&S Agreement if Daniels had fulfilled its obligations under that Agreement.

8. The Debtors' breach of the S&S Agreement prohibited Daniels from continuing to sell Chevrolet products, causing severe operating losses to Daniels over the subsequent thirteen months. As a result, Daniels' operating capital was entirely consumed and its going concern and good will value was destroyed, thereby forcing Daniels to sell its remaining assets in July of 2010 for only book value.

9. The foregoing losses caused by the Debtors' breach of the S&S Agreement constitute direct and foreseeable damages to Daniels in the amount of not less than $2,500,000.

### Basis for Claim of Rival, LLC (Claim #50161)

10. Rival, LLC is a Colorado limited liability company, whose sole member is Elizabeth Winston Daniels, the sole shareholder of Daniels. Rival owns the land and improvements (collectively, the "Rival Property") that had been rented by Daniels in order to operate its Chevrolet dealership.

11. Under the lease between Rival and Daniels (the Daniels Lease"), Daniels rented the Rival Property on a triple net basis and had been paying rent in an amount sufficient to cover the mortgage payments owning by Rival to its mortgage lender, GMAC, allowing Rival to realize an attractive rate of return.

12. As discussed above, in May of 2009, the Debtors breached the Daniels S&S Agreement by terminating Daniels' dealership status. By terminating Daniels' dealership status, the Debtors interfered with the contractual relations between Rival and Daniels. Specifically, such actions significantly impaired Daniels' ability to pay rent to Rival under the Daniels Lease, which Rival depended on to pay its mortgage to GMAC. This, in turn, resulted in a material decline in the creditworthiness of Rival, causing it to incur higher interest rates, short term loan renewal fees, and placing the Rival Property at risk of foreclosure.

13. Rival ultimately avoided foreclosure, but only by a forced sale of the assets of Daniels at book value and an attendant short term refinance of the mortgage. Rival leased the Property to the purchaser of the Daniels' assets.

14. Because Rival no longer has long term financing in place on the Rival Property and no longer has a long term lease with a stable and proven tenant, the value of the Rival Property has significantly declined. This decline, as well as the higher interest, rates, loan renewal fees, and loss of creditworthiness, were the known and foreseeable consequence of Debtors' breach of the S&S Agreement with Daniels. By interfering with the Daniels Lease, the Debtors caused Rival damages in the amount of not less than $3,500,000.

WHEREFORE, Daniels Motors, Inc. and Rival, LLC respectfully request that the Court overrule the Debtors' 164th Omnibus Objection as to their claims (Claim # 50160 and Claim # 50161), and grant such further relief as it deems just and proper.

Dated this 22[th] day of February, 2011.

*(signature)*

James P. Eckels
Peter J. Lucas
APPEL & LUCAS, P.C.
1660 17th St., Ste 200
Denver, Colorado 80202
(303) 297-9800 telephone
EckelsJ@appellucas.com
Lucasp@appellucas.com
*Attorneys for Daniels Motors, Inc. and Rival, LLC*

## CERTIFICATE OF SERVICE

I, James P. Eckels, do hereby certify that on February 22, 2011, a true and correct copy of the foregoing Joint Response to Debtors' 164th Omnibus Objection to Claims by Daniels Motors, Inc. and Rival, LLC was served via first class U.S. Mail on the following:

Tracy Hope Davis, Esquire
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

David S. Jones, Esquire
Natalie Kuehler, Esquire
United States Attorney's Office
for the Southern District of NY
86 Chambers Street, 3'd Floor
New York, NY 10007

Harvey R. Miller, Esquire
Stephen Karotkin, Esquire
Joseph H. Smolinsky, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Thomas Morrow
Motors Liquidation Company
401 South Old Woodward Avenue
Suite 370
Birmingham, MI 48009

Lawrence S. Buonomo, Esquire
General Motors LLC
400 Renaissance Center
Detroit, MI 48265

John J. Rapisardi, Esquire
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Joseph Samarias, Esquire
United States Department of the Treasury
1500 Pennsylvania Avenue NW, Room 2312
Washington, DC 20220

Michael J. Edelman, Esquire
Michael 1. Schein, Esquire
Vedder Price, P.C.
1633 Broadway, 47th Floor
New York, NY 10019

Thomas Moers Mayer, Esquire
Robert Schmidt, Esquire
Lauren Macksoud, Esquire
Jennifer Sharret, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Elihu Inselbuch, Esquire
Rita C. Tobin, Esquire
Caplin & Drysdale
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Trevor W. Swett, III, Esquire
Kevin C. Maclay, Esquire
Caplin & Drysdale
One Thomas Circle, N.W.
Suite 1100
Washington, DC 20005

Sandra L. Esserman, Esquire
Robert T. Brousseau, Esquire
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201

_____
James P. Eckels
APPEL & LUCAS, P.C.
1660 17th St., Ste 200
Denver, Colorado 80202
(303) 297-9800 telephone
EckelsJ@appellucas.com