Hearing Date and Time: March 1, 2011 at 9:45 a.m. (prevailing Eastern time)
Response Deadline: February 22, 2011 at 4:00 p.m. (prevailing Eastern time)

DAY PITNEY LLP
One International Place
Boston, MA 02110
(617) 345-4600
DANIEL J. CARRAGHER, ESQ. (DC-0328)
ATTORNEYS FOR UNITED TECHNOLOGIES CORPORATION

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | Case No.: 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

### RESPONSE OF UNITED TECHNOLOGIES CORPORATION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER ESTIMATING MAXIMUM AMOUNT OF CERTAIN CLAIMS FOR PURPOSES OF ESTABLISHING CLAIMS RESERVES UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

United Technologies Corporation ("UTC"), by and through its undersigned attorneys, hereby responds to the Debtors' Motion For Entry of an Order Estimating Maximum Amount of Certain Claims for Purposes of Establishing Claims Reserves Under the Debtors' Amended Joint Chapter 11 Plan (the "Estimation Motion"). In support thereof, UTC respectfully states as follows:

1. UTC filed a proof of claim against Debtor Motors Liquidation Company (the "Debtor") on November 27, 2009, designated as Claim 59874 (the "UTC Claim"). The UTC Claim was filed in an unliquidated amount, but included a liquidated demand against it as a

potentially responsible party for past costs incurred by the United States in the amount of $12,498,818.63.

2.      As with all other claims addressed by the Estimation Motion, the Debtors have proposed to estimate the maximum amount of the unliquidated amounts of UTC's claim at $0 and have used the liquidated amount for reserve purposes under the Plan.  See Estimation Motion ¶20.

3.      While the Debtors purport to limit the scope of the Estimation Motion to the establishment of disputed claim reserves under their plan, the relief actually sought goes much further.  For example, the proposed order provides that:

> ORDERED that the estimated amounts set forth for each Estimated Claim listed on Exhibit 1 are the maximum amounts for which the Estimated Claims can be allowed in the bankruptcy proceeding regardless of the outcome of any pending objection or defense to the claim, state or federal court litigation, or other proceeding;

4.      The proposed estimation of all unliquidated environmental claims at $0 is simply an arbitrary determination by the Debtors that lacks any rational basis in fact or law.

5.      The Debtors claim that they arrived at their $0 estimate for all unliquidated environmental claims against them "in good faith, conservatively, and based upon appropriate review and analysis."  Estimation Motion at ¶ 30.  Yet they have provided no analysis to the Court to supporting such a categorical statement.

6.      A simple review of the claims of UTC and the parties whose underlying environmental claims against the Debtors form the basis for UTC's claim reveals the absence of any rational basis for the Debtors' methodology and exposes it, instead, as an improper and unfounded attempt to shield the debtors from extensive environmental damage claims that, by their very nature, are not susceptible to ready liquidation.

7.      UTC's Claim 59874 seeks payment from the Debtor of an amount on behalf of its

subsidiary, Carrier Corporation, for certain environmental liabilities of the Debtor related to the Onondaga Lake Superfund Site. The claim attached certain demand letters addressed to UTC and the Debtor by Onondaga County, the United States of America Honeywell International, Inc. ("Honeywell") and the Town of Salina, NY.

8.     Each of the foregoing parties that made a demand on UTC (and on the Debtor) has filed claims in these proceedings that have not been finally allowed or disallowed. All of those underlying claims appear to be included in the Estimation Motion. In particular, the Estimation Motion addresses claims filed by the United States of America (claim 64064), Onondaga County (Claim 51099), the Town of Salina (claim 47952)[1] and Honeywell (claim 46498). As to each of those claims, the Debtor's have proposed to cap the claims at the liquidated portion of the claims as of their filing dates and to exclude any claims for unliquidated amounts.

9.     Certain of these claims, including Onondaga County Claim 51099, include the same liquidated amount of $12,498,818.63 included in the UTC claim. That amount is based on the demand by the United States for past costs incurred by it in connection with Onondaga Lake. However, all such claims also seek unliquidated amounts for future costs.

10.     The unliquidated amounts for which the Debtor (and UTC) may have liability for future costs far exceed the $12.5 million past cost demand by the United States. The United States has not yet selected a remedy for the clean-up of Ley Creek below the Route 11 bridge and, accordingly, has yet to place a value on its future costs. See United States' Statement In Support of Environmental Provisions of Debtors' Plan of Liquidation (Doc. no. 9311) at p. 37 ("The terms, and cost, of the remedy selected for the Lower Ley Creek area of the Onondaga Site

---

[1]     Claim 47951 by the Town of Salina appears not to be included in the Estimation Motion, but UTC believes that such claim also may include unliquidated amounts in addition to the $12,498,818 amount shown on the claims register for such claim.

… will be … determined by the U.S. EPA or the States pursuant to an administrative process independent of the ERT Settlement Agreement.").

11.    The Estimation Motion seeks to cap Onondaga County's claim at $12,498,818, but Onondaga County has filed papers estimating the potential costs related to Lower Ley Creek at approximately $50 million.  See, e.g., Objection of Onondaga County, New York to the Estimation Motion (Doc. no. 9354), at ¶33  ("Given the nature of the Lower Ley Creek Site, experts retained by the County have estimated the potential cost at potentially $50 million plus or minus.")

12.    The Estimation Motion seeks to cap Honeywell's claim 46498 at $20 million, but Honeywell has claimed that the Ley Creek responsible parties should be jointly and severally liable to Honeywell for $58-75 million that Honeywell has incurred and expects to incur in connection with Sediment Management Unit 6 in Onondaga Lake.

13.    The Estimation Motion seeks to cap the Town of Salina's claim at $10 million, but the Town of Salina has claimed that its future costs related to the Town of Salina landfill could be $30-35 million.

14.    The unliquidated components of the foregoing environmental claims against the Debtor arising from its activities at the Inland Fisher Guide facility adjacent to Ley Creek are thus likely to be in excess of $150 million.  These claims are in addition to the claims subject to the pending settlement in connection with the Environmental Remediation Trust under which the Debtors have agreed to pay more than $33 million. Yet the Debtors have made no attempt to address such asserted, but presently unliquidated, claims and instead have asked the Court to estimate all such unliquidated components of the claim at $0.  Such a categorical attempt to disallow such significant environmental claims against the estate lacks factual or legal support

4

and should be rejected by this Court.

WHEREFORE, UTC respectfully requests that this Court: (i) deny the Estimation Motion; and (ii) grant such other or further relief as the Court deems just and proper.

Dated: February 22, 2011
      Boston, MA

                DAY PITNEY LLP
                Attorneys for United Technologies Corporation

                By:_____/s/ Daniel J. Carragher_____
                 DANIEL J. CARRAGHER (DC-0328)
                One International Place
                Boston, MA 02110
                (617) 345-4600
                - and -
                7 Times Square
                New York, NY 10036-7311
                (212) 297-5800