Richard A. Knoth, pro se
2559 Browning Dr.
Lake Orion, Mi 48360
248-391-4326 Hm
Creditor Claimant
Claim # 65254

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11 Case No.**
**MOTORS LIQUIDATION COMPANY, et al,**                      :
     f/k/a General Motors Corp., et al.    :    **09-50026 (REG)**
                                                            :
                Debtors.    :    **(Jointly Administered)**
-----------------------------------------------------------x

## OBJECTION TO DEBTORS' 176th OMNIBUS OBJECTION TO CLAIMS
### (Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Comes now Richard Knoth (a/k/a Richard A. Knoth), creditor and claimant against Motors Liquidation Company ("MLC") (f/k/a General Motors Corporation, "Old GM"), and a retired salaried engineer from Old GM, who respectfully files this OBJECTION TO DEBTORS' 176th OMNIBUS OBJECTION TO CLAIMS.

### Relief Requested

Debtors' 176th Omnibus Objection to Claims seeks entry of an order disallowing and expunging certain welfare benefits claims listed on that filing's original Exhibit "A", claims as filed by retired and former salaried and executive employees. Included on that list is Claim # 65254 in the amount of $152,878.00 filed by Richard Knoth, Proof of Claim copy attached for reference. Creditor Claimant Knoth requests the Debtors'

proposed order not be allowed, thereby preserving Creditor Claimant's right to financial consideration for the value of diminished and cancelled welfare and healthcare benefits in retirement.

## Background

Creditor Claimant Knoth spent his entire adult working career at Old GM from age 18 through 56, holding many managerial and non managerial positions in manufacturing, and engineering areas . An early retirement package was tendered by the Old GM and he accepted an early retirement offer in September, 2008, then transitioning to retirement pension and benefits starting November, 2008. He retired as a Systems Engineer responsible for Hybrid Vehicle Manufacturing Engineering for all GM hybrid vehicles (including the VOLT) worldwide from the Manufacturing Engineering group.

It has been further determined by the U.S. Department of Labor that the tendered early retirement offer by the Old GM has been certified as and is considered a separation because of lack of work. The separation is covered under the Trade Act of 1974 and was certified on April 30, 2010. The petition number is TAW72121 with an impact date of August 14, 2008 which is before the Creditor Claimant Knoth accepted the early retirement offer. Had the Creditor Claimant Knoth known of the changes for this separation, the early retirement decision would have been different. A copy of the petition is attached to this document.

## Debtors argue "Accrued Benefits Have Been Assumed by New GM"

Healthcare benefits provided by New GM in 2010 are significantly different and diminished as compared to those provided in 2009 and earlier and at time of retirement. Medical insurance premiums paid by Creditor Claimant Knoth were $1920 more in 2010 than 2009. The health insurance option was changed from a menu of health care options that included a Health Maintenance Organization (HMO) to a high deductible healthcare option only. The new "Consumer Driven Healthcare" policy has deductibles of $2,500

2

per person / $5,000 per family initially and then the claimant continues to be responsible for 20% of the next $10,000 of expenses. This increase in health care costs represents an increase for basic medical coverage from about 8% of retirement pension to over 30%, an approximate 400% increase, just for health care.

When factoring in the elimination of Dental, Vision and Extended Care Hospitalization which have been completely eliminated in 2010, the total out of pocket expenses increase even further decreasing the retirement benefit that is now consumed for all health care expenses.

GM published documents indicate healthcare costs to GM were reduced by $1360 per covered person from 2009 to 2010 (see the attached Claim for more detail). This significant increase in liability to Creditor Claimant Knoth should not be categorized and concluded as "<u>Accrued Benefits Have Been Assumed by New GM</u>" based on these facts, especially if one is on the "paying end".

<u>Debtors argue "Benefit Modification Claims Should Be Disallowed As Debtors Had Right to Amend Or Terminate Each Benefit Plan"</u>

There is little doubt that many GM documents stated, "GM reserves the right to amend or terminate benefit plans.....", or similar language. However, the voluntary retirement by Creditor Claimant Knoth in 2008 should not be subject to changing the terms of the retirement contract "ex post facto". Changing benefits or any provision of an employment and/or retirement contract is on firm legal ground <u>for future agreements</u> when both parties agree but Old GM being allowed to change the provisions unilaterally after the fact undermines the entire contractual process that American business is founded on. Part of the standard retirement negotiations was the provision that Creditor Claimant Knoth could never be re-employed as an employee by GM. In the referenced *Sprague v. General Motors Corp.* case, the court stated:

3

To vest benefits is to render them forever unalterable. Because vesting of welfare plan benefits is not required by law, an employer's commitment to vest such benefits is not to be inferred lightly; the intent to vest "must be found in the plan documents and must be stated in clear and express language".

In the case of Creditor Claimant Knoth, the special early retirement was accepted with the understanding that pension and retirement benefits, and the inability of Knoth to ever be rehired by GM, were contractual obligations of both parties. Why should Old GM not be bound to their contractual obligations? Because they patently state they have the right to terminate or amend at will? If provisions of any contract are allowed to be changed unilaterally, then what value does the contractual process have? Had Creditor Claimant Knoth known that GM was to be allowed (in the future) to unilaterally change the provisions without any negotiations, then the decision to retire would have been very different.

## Discussion

The Court is being asked to consider the employment and retirement agreement between Knoth and Old GM, one where professional manufacturing and engineering services were tendered by Knoth for many years in return for a mix of present and future salary compensation and benefits. These benefits were accrued both in the present during employment and in retirement. At any time either Knoth or Old GM had the ability to end the employment agreement if the value and/or compensation for the services were not agreeable to either party. Retirement benefits are an integral part of one's compensation package and Knoth is reliant on them for his future living expenses. If the legal system does not uphold the ability to negotiate a contractual agreement regarding benefits in the future (retirement), then why should anyone have faith in the legal system to uphold any contractual obligation? The very foundation of American business is predicated on this fact. Had Creditor Claimant Knoth known GM had the ability to walk away from these contractual obligations, he would not have accepted an early retirement

4

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM

**Name of Debtor** (Check Only One)
- ☐ Motors Liquidation Company (f/k/a General Motors Corporation)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc)

**Case No**
09-50026 (REG)
09-50027 (REG)
09-50028 (REG)
09-13558 (REG)

**Your Claim is Scheduled As Follows.**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): KNOTH RICHARD A

**Name and address where notices should be sent:**
KNOTH RICHARD A
2559 BROWNING DR
LAKE ORION MI 48360-1815

**Telephone number:** 248-391-4326
**Email Address:** RICHARD.KNOTH@SBCGLOBAL.NET

**Name and address where payment should be sent (if different from above):**

FILED - 65254
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

**Telephone number**

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

**Filed on:** _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Stamp: THE GARDEN CITY GROUP, INC. NOV 30 2009

If an amount is identified above you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount). If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS. If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009** $ 152,878

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim** VALUE OF HEALTH INSURANCE BEFORE REDUCED BENEFITS
(See instruction #2 on reverse side)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side)

**4. Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Equipment ☐ Other
Describe: _____

Value of Property $ _____ Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection: _____

Amount of Secured Claim $ _____ Amount Unsecured $ _____

**6. Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**Date:** 11-28-09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Richard A Knoth

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___)

**Amount entitled to priority** $ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**FOR COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

**MICHIGAN WORKS!**

The U.S. Department of Labor has issued a certification of eligibility for workers to apply for adjustment assistance under the Trade Act of 1974, as amended, as specified below:

| | |
|---|---|
| **Petition Number:** TAW 72121 | **Impact Date:** August 14, 2008 |
| **Employer:** General Motors Company formerly known as General Motors Corporation Technical Center including on-site leased workers of Aerotek, Bartech Group, CDI Professional Services, EDS/HP Enterprise Services, Engineering Labs Inc., Global Technology Associates Limited, G-Tech Professional Staffing Inc., Jefferson Wells, Kelly Services Inc., Optimal Inc., Populus Group RCO Engineering Inc., and TEK Systems excluding workers of The Global Purchasing and Supply Chain | **Certification Date:** April 30, 2010 |
| **Location:** Warren, Michigan | **Expiration Date:** April 30, 2012 |

"All workers of General Motors Company, formerly known as General Motors Corporation, Technical Center, including on-site leased workers of Aerotek, the Bartech Group, CDR Professional Services, EDS/HP Enterprise Services, Engineering Labs Inc., Global Technology Associates Limited, G-Tech Professional Staffing Inc., Jefferson Wells, Kelly Services Inc., Optimal Inc., Populus Group, RCO Engineering Inc., and TEK Systems, and excluding workers of the Global Purchasing and Supply Chain Division, Warren, Michigan, who became totally or partially separated from employment on or after August 14, 2008, through two years from the date of certification, and all workers in the group threatened with total or partial separation from employment on the date of certification through two years from the date of certification, are eligible to apply for adjustment assistance under Chapter 2 of Title II of the Trade Act of 1974, as amended."

The Trade Adjustment Assistance (TAA) program assists individuals who become unemployed as a result of international trade return to suitable employment. Benefits and reemployment services available through TAA include:

- OCCUPATIONAL SKILLS TRAINING
- JOB SEARCH ALLOWANCES
- RELOCATION ALLOWANCES
- HEALTH COVERAGE TAX CREDIT

TAA and Trade Adjustment Allowances (TRA) are provided to workers who have been separated from employment due to lack of work on or after the impact date and on or before the expiration date as shown above. You have been identified as potentially eligible for such benefits.

Michigan Works!, the administrative entity for the TAA program is hosting an informational meeting which includes procedures on how to apply for benefits on: Thursday, July 8, 2010 at 9:00 am at Macomb Community College South Campus, 14500 E 12 Mile Road, Warren, MI 48088, in the John Lewis Center located in building K, room K301 (2nd floor). See map on reverse side.

If you are unable to attend this meeting, please contact the Macomb/St. Clair Michigan Works! Agency at 586-307-8282

> **Failure to file for benefits within required time limits, the latter of 26 weeks from the certification date, or 26 weeks from your last qualifying separation will result in loss of entitlement to some benefits.**

Date Mailed 6/21/10