Date: February 17, 2011

To: The Honorable Robert E. Gerber, United States Bankruptcy Judge,
    United States Bankruptcy Court for the Southern District of New York
    One Bowling Green
    New York, New York 10004-1408

From: David W. Turner
    2210 Kerri Lynn Lane
    Kokomo, Indiana  46902
    Telephone: (765) 453-2810     E-mail:  dwtkokoman@aol.com

**Subject: Claimant's Response and Objection to Debtors' 168th Omnibus Objection to Claims, filed January 26, 2011**

Reference:   1) Chapter 11 Case No. 09-50026 (REG) Motors Liquidation Company, et al.,
                f/k/a General Motors Corp., et al.
             2) David Turner Proof of Claim # 27063 and Attachments, dated 11/10/09
             3) Debtors' 168th Omnibus Objection to Claims

**Background Statement:**

The notice of filing of Debtors' 168th Omnibus Objection to Claims notes that a hearing will be held before you on March 1, 2011, in which the Debtors will seek an order to expunge certain supplemental executive retirement benefits claims of former executive employees of General Motors Corp.  Exhibit A of the Debtor's 168th Omnibus Objection to Claims list my Proof of Claim # 27063 (Reference #2) as a claim the Debtors desire to have expunged.  The Debtors' 168th Omnibus Objection to Claims concerns reductions of the General Motors payments made under the SERP/ERP Retired Executive Program.  This Program's provisions provided eligible executive retirees with supplemental, deferred compensation in recognition of the extra services performed by diligent executives during their working years.

The Debtors' 168th Omnibus Objection to Claims offers two arguments to support their petition: 1) that in certain cases SERP/ERP obligations have been assumed by New GM, where they comply with TARP, or involve UAW Collective Bargaining Agreements, and consequently are no longer an obligation of the Debtors, and 2) the Debtors reserved the right to amend, or, terminate the SERP/ERP Plan and therefore have no liability for the Proof of Claims entered by retired, executive employees.  Since my Claim # 27063 concerning deferred compensation reductions was not assumed by the New GM, my argument below delineates why my Claim should not be expunged based on the **Lack of Procedural Documentation** that Debtors properly exercised their "right to amend, or terminate" the provisions of the General Motors SERP/ERP Program via the Executive Compensation Committee of the Board of Directors, or its delegate.

1

**Supporting Argument:**

**Lack of Procedural Documentation:** On page 6 of Debtors' 168th Omnibus Objection to Claims, Paragraph #11, the following statement is listed concerning the SERP/ERP Program:

> Article IV, Section I of the ERP documents provides that "the Corporation reserves the right, by and through **the Executive Compensation Committee of the Board of Directors or its delegate,** to amend, modify, suspend, or terminate this Plan in whole or in part, at any time." (Bolded text added for emphasis. DWT)

A thorough review and search of Debtors' 168th Omnibus Objection to Claims provides no documentation, or proof, i.e., such as the date and language from minutes of a meeting of the Executive Compensation Committee of the Board of Directors', or date and minutes of a meeting by its delegate, at which the Committee or its delegate **expressly authorized** the modification of the General Motors SERP/ERP deferred compensation Plan for retired executive employees. Without such proof and evidence of express authorization by the Committee or its delegate, the Debtors' 168th Omnibus Objection to Claims is mute and lacks validity.

Additionally, the letters of notification of proposed amendments to the SERP/ERP Plan, dated February 12, 2009 and August 10, 2009 (Attachments #1 and #2 respectively) that I received initially indicated the reduction to deferred compensation would be temporary, but then subsequently made the reduction permanent. Neither letter makes any mention of these evolving modifications being implemented as a result of properly followed procedures by the Executive Compensation Committee, or makes mention, or reference, of authorization of a delegate to act on their behalf. The latter is pertinent as it appears the progressive modifications were influenced by TARP restrictions versus Committee preferences.

Finally, the large number of Proof of Claims that have been submitted and contested concerning modifications to the SERP/ERP deferred compensation plan is further evidence that many former GM executive employees feel the modifications have been inequitable. A judgment for the Debtors to expunge claims will validate Debtors' procedures and void the claimant's opportunity to obtain a more equitable settlement, even if financially modest. .

**Requested Ruling:**

Based on the arguments enumerated above, I respectfully ask that the Debtors' request to expunge my claim, and those of similar bearing, be denied at the pending hearing before you. Thank you for your consideration of this response and objection to Debtors' 168th Omnibus Objection to Claims.

Signature: …………………………………    Date: ………………

Printed: …………………………………..

2

Attachments:  1) General Motors Corp. letter, dated February 12, 2009
              2) General Motors Corp. letter, dated August 10, 2009


cc. Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn: H.R. Miller, S. Karotkin, & J.H. Smolinski

    Kramer Levin Naftalis & Frankel LLP
    1177 Avenue of the Americas
    New York, New York 10036
    Attn: T.M. Mayer, R. Schmidt, L. Macksoud, & J. Sharret

    Debtors, c/o Motors Liquidation Company
    401 S. Old Woodward Ave., Suite 370
    Birmingham, MI 48009
    Attn: T. Stenger

    General Motors LLP
    400 Renaissance Center
    Detroit, MI  48265
    Attn: L.S. Buonomo

    Cadwalader, Wickersham, & Taft LLP
    Attorneys for U.S. Dept. of the Treasury
    One World Financial Center
    New Yorl, New York  10281
    Attn: J.J. Rapisardi