Date: February 17, 2011

To: The Honorable Robert E. Gerber, United States Bankruptcy Judge,
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

From: David W. Turner
2210 Kerri Lynn Lane
Kokomo, Indiana  46902
Telephone: (765) 453-2810     E-mail: dwtkokoman@aol.com

**Subject: Claimant's Response and Objection to Debtors' 182nd Omnibus Objection to Claims, filed January 26, 2011**

Reference:  1) Chapter 11 Case No. 09-50026 (REG) Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.
2) David Turner Proof of Claim # 27065 and Attachments, dated 11/10/09
3) David Turner Proof of Claim # 27066 and Attachments, dated 11/10/09
4) Debtors' 182nd Omnibus Objection to Claims

**Background Statement:**

The notice of filing of Debtors' 182nd Omnibus Objection to Claims notes that a hearing will be held before you on March 1, 2011, in which the Debtors will seek an order to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees of General Motors Corp.  My Proof of  Claim # 27065 and # 27066 (Reference #2 and #3 respectively) are listed in Exhibit A of the Reference #4 document as claims the Debtors desire to have expunged.  The Debtors' 182nd Omnibus Objection to Claims concern among other issues the General Motors Supplemental Life Benefits Program Coverage.  This Program's provisions provided retired executives with both: 1) Continuing Basic Life Insurance in an amount equal to the retiree's insurance coverage at the time of retirement, and 2) Supplemental Life Benefits in an amount equal to three times the executive's annual base salary at the time of retirement.

The Debtors' 182nd Omnibus Objection to Claims offers two arguments to support their petition: 1) that in certain cases accrued benefits have been assumed by New GM and consequently are no longer an obligation of the Debtors, and 2) the Debtors had the right to amend, modify, suspend, or terminate Welfare Benefits and therefore have no liability for the salaried and executive Employee Welfare Benefits Claims.  Since my Claims # 27065 and # 27066 were not assumed by the New GM, my arguments below, delineate why my Claims should not be expunged based on **1) Lack of Procedural Documentation** by which the Debtors exercised their "right to amend, modify, suspend, or terminate" the provisions of the General Motors Supplemental Life Benefits Program Coverage of Welfare Benefits, **2) Language Implying Continuing Basic Life Insurance Coverage** in GM/employee communications, and **3) Inconsistent Treatment of Employee Benefit Reductions** due to flawed bankruptcy driven decisions and actions.

1

**Supporting Arguments:**

**1) Lack of Procedural Documentation:** On page 9 of Debtors' 182nd Omnibus Objection to Claims, the following statement is quoted, in part, from the General Motors Supplemental Life Benefits Program for Executive Employees:

> "……The Company reserves the right to amend, modify, suspend, or terminate the Program in whole or in part, at any time by action of its Board of Directors or other individual or committee **expressly authorized by the Board to take such action**." (Bolded text added for emphasis. DWT)

A thorough review and search of Debtors' 182nd Omnibus Objection to Claims provides no documentation, or proof, such as the date and language from minutes of a Board of Directors' Meeting at which the Board **expressly authorized** the amendment, modification, suspension, or termination of the General Motors Supplemental Life Benefits Program for Executive Employees. Without such proof and evidence of express authorization by the Board, the Debtors' 182nd Omnibus Objection to Claims is mute and lacks validity. This lack of validity applies equally to the Continuing Basic Life Insurance, Claim # 27065, and Supplemental Life Benefits Claim # 27066.

**2) Implied Continuing Basic Life Insurance Coverage:** Following my retirement on November 30, 1995, after 44 years of credited service, I received a letter (Attachment #1) dated December 4, 1995, from the GM National Retiree Servicing Center. It reads in part:

> "As a retiree of General Motors with 10 or more years of participation in the Life and Disability Benefits Program, you are eligible for Continuing Life insurance.
>
> Our insurance records, as of the date of this letter, show the Continuing Life insurance has now fully reduced to the ultimate amount of $150,480.00. This **ultimate amount will remain in effect for the rest of your life and is provided by General Motors at no cost to you.**" (Bolded text added for emphasis. DWT)

The referenced letter (Attachment #1) **contains no contingency or qualifying statement of any kind** that the stated ultimate amount of Continuing Life insurance is subject to amendment, modification, suspension, or termination. Having retired at the age of 62 years, with the above implied assurance of Continuing Basic Life Insurance coverage, I was not inclined to even consider the purchase of independent personal Term Life Insurance. In June 2009, over thirteen years later, I was informed that my Continuing Basic Life insurance coverage was reduced to $10,000.00 from $150,480.00. By June 2009, my age had reached 75 ½ years. Although GM made provisions with MetLife for affected individuals to procure Term Life Insurance, it had become cost prohibitive to pursue replacement insurance coverage. Approval of the Debtors' request to expunge my properly filed Proof of Claim exposes my wife and heirs to potential undeserved hardship.

**3) Inconsistent Treatment of Employee Benefit Reductions:** A reading of Debtors' 182nd Omnibus Objection to Claims reveals that as the subtitle on the cover page reads, "(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)" the Debtors seek relief from claims filed by a mix of retired, former salaried and executive employees. Further,

2

these claims deal with terminated and/or reduced Health Care, Supplemental Life Benefits and Personal Liability Insurance Program Benefits.  Being personally impacted by changes to each of these programs, I can testify that there is no uniformity or consistency in the reductions being implemented.  For example, the Salaried Health Care program was eliminated but retirees received a supplemental adjustment to their monthly pension payment as an offset.  Coverage of Basic Life Insurance was significantly reduced, but a nominal amount of $ 10,000.00 retained.  Supplemental Executive Life Benefit and Personal Liability Insurance Programs, by contrast, were totally eliminated.  In addition to these cited treatment variations it is public knowledge that significant differences also exist between benefit treatments of salaried versus hourly employees.

Despite the diversity of these employee types, all labored for the same employer, the same company stock holders and had management oversight by the same Board of Directors.  There is no denying that GM was in dire straights financially, but this, in and of itself, does not justify bankruptcy procedures and decisions that result in unequal benefits treatments and provisions.

There appears to have been no effort to establish an overall level of employee benefit cost reduction needed, in concert with other expense reductions to remain a viable company, and then to determine a percentage by which all benefit programs for all employees would be uniformly adjusted to achieve the needed employee benefit cost reduction.  The large number and variety of Proof of Claims that have been submitted and contested, is further evidence that many past GM employees feel the bankruptcy benefits reduction treatments have been inequitable. A judgment for the Debtors to expunge claims will validate this unfair treatment and void the claimant's opportunity to obtain a more equitable settlement, even if financially modest.
.

**Requested Ruling:**

Based on the arguments enumerated above, I respectfully ask that the Debtors' request to expunge my claims, and those of similar bearing, be denied at the pending hearing before you.  Thank you for your consideration of this response and objection to Debtors' 182nd Omnibus Objection to Claims.


Signature: …………………………….         Date: ………………

Printed: …………………………………..


Attachment:    1) GM National Retiree Servicing Center, letter dated 12/4/95



cc. Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, New York 10153
    Attn: H.R. Miller, S. Karotkin, & J.H. Smolinski


3

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Attn: T.M. Mayer, R. Schmidt, L. Macksoud, & J. Sharret

Debtors, c/o Motors Liquidation Company
401 S. Old Woodward Ave., Suite 370
Birmingham, MI 48009
Attn: T. Stenger

General Motors LLP
400 Renaissance Center
Detroit, MI  48265
Attn: L.S. Buonomo

Cadwalader, Wickersham, & Taft LLP
Attorneys for U.S. Dept. of the Treasury
One World Financial Center
New Yorl, New York  10281
Attn: J.J. Rapisardi