Date: February 17, 2011

To: The Honorable Robert E. Gerber, United States Bankruptcy Judge,
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

From: David W. Turner
2210 Kerri Lynn Lane
Kokomo, Indiana  46902
Telephone: (765) 453-2810
E-mail:  dwtkokoman@aol.com

---

**Subject: Claimant's Response and Objection to Debtors' 184th Omnibus Objection to Claims, filed January 26, 2011**

---

Reference:   1) Chapter 11 Case No. 09-50026 (REG) Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.
2) David Turner Proof of Claim # 27064 and Attachments, dated 11/10/09
3) Debtors' 184th Omnibus Objection to Claims

**Background Statement:**

The notice of filing of Debtors' 184th Omnibus Objection to Claims notes that a hearing will be held before you on March 1, 2011, in which the Debtors will seek an order to expunge certain compensation and welfare benefits claims of retired and former salaried and executive employees of General Motors Corp.  Exhibit A of the Debtor's 184th Omnibus Objection to Claims list my Proof of Claim # 27064 (Reference #2) as a claim the Debtors desire to have expunged.  The Debtors' 184th Omnibus Objection to Claims concerns among other issues termination of the General Motors Salaried Health Care Program.  This Program's provisions provided co-funded Medical, Prescription, Dental, and Vision benefits for salaried employees and their dependents.

The Debtors' 184th Omnibus Objection to Claims offers two arguments to support their petition: 1) that in certain cases accrued benefits have been assumed by New GM and consequently are no longer an obligation of the Debtors, and 2) the Debtors had the right to amend, change or, terminate Welfare Benefits and therefore have no liability for the Proof of Claims entered by retired, former salaried, and executive employees.  Since my Claim # 27064 was not assumed by the New GM, my arguments below delineate why my Claim should not be expunged based on:
**1) Lack of Procedural Documentation** that Debtors properly exercised their "right to amend, modify, suspend, or terminate" the provisions of the General Motors Salaried Health Care Program, and **2) Inconsistent Treatment of Employee Benefit Reductions** due to flawed bankruptcy driven decisions and actions.

1

**Supporting Arguments:**

**1) Lack of Procedural Documentation:** On page 9 of Debtors' 184th Omnibus Objection to Claims, the following statement is quoted from the Handbook for Salaried Retirees, regarding the General Motors Salaried Health Care Program:

> "General Motors Corporation reserves the right to amend, change, or terminate the Plans and Programs described in this booklet. The Plans and Programs **can be amended only** in writing by an appropriate committee or individual **as expressly authorized by the Board of Directors.** No other oral or written statements can change the terms of a benefit Plan or Program." (Bolded text added for emphasis. DWT)

A thorough review and search of Debtors' 184th Omnibus Objection to Claims provides no documentation, or proof, such as the date and language from minutes of a Board of Directors' Meeting at which the Board **expressly authorized** the amendment of the General Motors Health Care Program for salaried employees. Without such proof and evidence of express authorization by the Board, the Debtors' 184th Omnibus Objection to Claims is mute and lacks validity. Additionally, the letter of notification of amendments to the Health Care Program, dated July 2008 (Attachment #1) that I received makes no mention, or reference, to authorization of the amendments by a directive of the Board of Directors. Neither document provides supporting evidence of the Program's amended benefits being duly and **expressly authorized** as required.

**2) Inconsistent Treatment of Employee Benefit Reductions:** A reading of Debtors' 184th Omnibus Objection to Claims reveals that as the subtitle on the cover page reads, "(Welfare Benefits Claims of Retired and Former Salaried and Executive Employees)" the Debtors seek relief only from claims filed by a mix of retired, former salaried, and executive employees. It is note worthy that no relief from claims is sought from any hourly employees. The reason for this disparity is easily assessed from public records. Hourly employees did not suffer a similar loss due to amended, modified, or terminated Health Insurance coverage.

Despite the diversity in work roles of these various employee types, all labored for the same employer, the same company stock holders and had management oversight by the same Board of Directors. There is no denying that GM was in dire straights financially as it approached insolvency, but this, in and of itself, does not justify bankruptcy procedures and decisions that result in unequal benefit treatments and provisions between employee types.

There appears to have been no effort to establish an overall level of employee benefit cost reduction needed, in concert with other expense reductions to remain a viable company, and then to determine a percentage by which all benefit programs for all employees would be uniformly adjusted to achieve the needed employee benefit cost reduction. The large number and variety of Proof of Claims that have been submitted and contested, is further evidence that many past GM employees feel the bankruptcy benefits reduction treatments have been inequitable. A judgment for the Debtors to expunge claims will validate this unfair treatment and void the claimant's opportunity to obtain a more equitable settlement, even if financially modest.
.

**Requested Ruling:**

Based on the arguments enumerated above, I respectfully ask that the Debtors' request to expunge my claims, and those of similar bearing, be denied at the pending hearing before you. Thank you for your consideration of this response and objection to Debtors' 184th Omnibus Objection to Claims.


Signature: …………………………………    Date: ………………

Printed: …………………………………..


Attachments:   1) GM Salaried Health Care letter, dated July 2008


cc. Weil, Gotshal & Manges LLP
   767 Fifth Avenue
   New York, New York 10153
   Attn: H.R. Miller, S. Karotkin, & J.H. Smolinski

   Kramer Levin Naftalis & Frankel LLP
   1177 Avenue of the Americas
   New York, New York 10036
   Attn: T.M. Mayer, R. Schmidt, L. Macksoud, & J. Sharret

   Debtors, c/o Motors Liquidation Company
   401 S. Old Woodward Ave., Suite 370
   Birmingham, MI 48009
   Attn: T. Stenger

   General Motors LLP
   400 Renaissance Center
   Detroit, MI  48265
   Attn: L.S. Buonomo

   Cadwalader, Wickersham, & Taft LLP
   Attorneys for U.S. Dept. of the Treasury
   One World Financial Center
   New Yorl, New York  10281
   Attn: J.J. Rapisardi