Richard P. McManama  
1033 Devonshire Road  
Grosse Pointe Park, MI, 48230

February, 16 2011

United States Bankruptcy Court  
Southern District of New York

------------------------------------x  
In re                               :  
Motors Liquidation Company, et al., :  
   f/k/a General Motors Corp, et al.:  
         Debtors                    :  
------------------------------------x



CLAIMANT RESPONSE TO OBJECT TO DEBTORS' 168th OMNIBUS OBJECTION TO CLAIMS (Supplemental Executive Retirement Compensation Claim of Claimant a Retired and Former Executive Employee)

> THIS RESPONDS TO THE DEBTORS' OBJECTION TO CLAIM NUMBERED BY DEBTORS' AS 38359 BY Richard P. McManama, (CLAIMANT) AND SEEKS THE COURT'S REJECTION TO THE DEBTORS' REQUEST TO DENY AND EXPUNGE SAID CLAIM.

TO THE HONORABLE ROBERT E. GERBER,  
UNITED STATES BANKRUPTCY JUDGE:

    1.   Richard P. McManama, a Retired Salaried Executive, and Claimant of claim numbered 38359 by Debtors (for the purpose of providing to the Claimant upon retirement, Supplemental Executive Retirement Program **(ERP)** Compensation at a prescribed level as earned by Claimant and promised to Claimant while employed at General Motors Corp.). This response to the Debtors' 168th Omnibus Objection to Claims in accordance with section 502 of Title 11, United States Code (the "Bankruptcy Code"), and this Court's Procedures Order, seeks denial of an order requested by Debtors to disallow and expunge this claim.

    2.   Whereas the Claimant (Richard P. McManama) was a Salaried Executive Employee of General Motors Corp. for over 35 years and an Executive for over 20 years, and whereas General Motors Corp. included this ERP Compensation as claimed above to be administered upon retirement to executive employees as part of their overall compensation plan, and whereas General Motors Corp. was negligent by

1

failing to implement a grantor trust or other provision to protect this compensation for retired Salaried Executive Employees, the Debtors bear a responsibility to honor this claim at least commensurate with the level that such ERP Compensation is provided to Salaried Executive Employees who retired or retire subsequent to execution of the Master Purchase Agreement, dated June 26,2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM.

        3.    Whereas the objective of the Court is to execute justice, it is fair and just that Salaried Executive Employees who retired prior to the execution of the Master Purchase Agreement, dated June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, be provided with Welfare Benefits and ERP Compensation, whether vested or unvested, equivalent to those Salaried Executive employees who retired or retire after said Master Purchase Agreement. Essentially, the retirement Welfare Benefits and ERP Compensations were primarily accrued by both groups of Salaried Executive employees sighted above while employed by General Motors Corporation now known as Motors Liquidation Corporation. If under the Master Purchase Agreement, New GM assumed responsibility for such plans but is honoring that responsibility for some Executives only at a reduced level, then Debtors should be liable for the remainder of this ERP Compensation benefit commensurate with that level provided to those Executive Employees who retired or will retire subsequent to said Master Purchase Agreement. In as much as such Welfare Benefits and ERP Compensations are paid from the same source of funds, it is therefore fair and just that there be no difference in the disbursement of Welfare Benefits or ERP Compensation to either group of Salaried and Executive employees. In other words, it is contended by debtors that new GM assumed such liabilities. If, however, new GM only fully honors such liabilities for those Executive Employees who retired after the Master Purchase Agreement then in essence it has not fully assumed such liabilities for those Executive Employees who retired prior to the Master Purchase Agreement and as such, the Debtors are responsible to fulfill that portion "left behind" by new GM.

4. Claimant met the requirements of Court Order (ECF No. 4079) entered by this Court on September 16, 2009, for filing proof of Claim numbered 38359 by Debtors.

5. Debtors contend the language of this Supplemental Executive Retirement Compensation Plan (ERP) provides the right to "amend, modify, suspend or terminate this Plan in whole or in part, at any time". Such right was not intended to arbitrarily isolate one group of retired Salaried Executive employees for unjust and unequal denial of this ERP Compensation Benefit while other retired Salaried and Executive employees who earned such ERP Compensation primarily under the same employment circumstances are provided such Compensation. This is exactly the circumstance of this Claimant and those retired Salaried Executive employees who retired prior to the Master Purchase agreement, dated June 26, 2009, cited above, relative to retired Salaried Executive employees who retired after said Master Purchase agreement.

### Notice

6. Notice of this response and objection to the Debtors' 168th Omnibus Objection to Claims has been provided to all parties shown on Exhibit A annexed hereto to the Court's copy of this response.

7. Richard P. McManama, Claimant for Claim numbered 38359 asserts that the Debtors and New GM mutually abdicating responsibility for the inequity discussed in this response to Debtors' 168th Omnibus Objection to this claim for the reasons provided by Debtors, is unjust and therefore Claimant requests that entry of an order granting Debtors the relief requested upon this Debtors' 168th Omnibus Objection to Claims **be denied** by this Bankruptcy Court.

*Richard P. McManama*
Richard P. McManama
Claimant (Claim 38359)
Chapter 11 Case No. 09-50026

3

# EXHIBIT A

RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO CLAIMS

<u>List of Parties provided a copy of the response in conformance to Federal Rules of Bankruptcy Procedure</u>

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gothshal & Manges, LLP
787 Fifth Avenue
New York, NY 10153

Mr. Ted Stenger
Motors Liquidation Co.
401 S. Old Woodward Avenue
Ste 370
Birmingham, MI 48009

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale
375 Park Avenue
35th Floor
New York, NY 10152-3500

Michael L. Schein, Esq.
Michael J. Edelman, Esq.
Vedder Price, P.C.
1633 Broadway
47th Floor
New York, NY 10019

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft, LLP.
One World Financial Center
New York, NY 10281

Tracy Hope Davis, Esq.
United States Trustee
Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004

Robert T. Brousseau, Esq.
Sander L. Esserman, Esq.
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street
Suite 2200
Dallas, TX 75201

Lawrence S. Buonomo, Esq.
General Motors, LLC.
400 Renaissance Center
Detroit, MI 48265

David S. Jones, Esq.
Natalie Kuehler, Esq.
U. S. Attorney's Office
S.D.N.Y.
86 Chambers Street
Third floor
New York, NY 10007

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
Kramer, Levin, Naftalis & Frankel LLP.
1177 Avenue of the Americas
New York, NY 10036

Joseph Samarias, Esq.
United States Department of Treasury
1500 Pennsylvania Avenue, NW
Room 2312
Washington, DC. 20220

Honorable Robert E. Gerber
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

1

Trevor W. Swett III, Esq.
Kevin C. Maclay, Esq.
One Thomas Circle, N.W.
Suite 1100
Washington, DC., 20005

(The remainder of this page is intentionally left blank)