February 13, 2011

Motors Liquidation Proof of Claim

Kenneth Thomas Jr.
2215 Sandgate Circle
College Park, GA. 30349

Facts/Occurrences

On September 9, 2008, I was terminated for misappropriation of funds to non core
employees (temporary).

Filed wrongful termination/discrimination lawsuit

File for unemployment benefits

Outside consulting agency validated GM's decision with statement "long standing policy
contained in the Lansing Grand River local agreement prohibits paying a temporary
employee at team leader pay".

GM appealed unemployment benefits

Unemployment office rejects GM appeal process determination

GM withdraw appeal

Inner email stating the code to use to pay non core employees (temporary)

Promotion to Planning Administrator/Business Manager

2008 evaluation

Exhibit A--An explanation of why I was terminated and proof of wrongful termination

Exhibit G—Proof of discrimination suit filed against GM

Exhibit B—GM appeals unemployment benefits

Exhibit H—Unemployment benefits reject's GM's appeal

Exhibit C—GM withdraw appeal

Exhibit F—Inner office distribution with proof of how to pay non core employees

Exhibit—D—Unemployment withdraw by GM approved by unemployment review panel

Exhibit E—Open Door appeals process determination in favor of GM

Exhibit I—2008 Evaluation, promotion and proof of work ethic

Statement:

In March 2008, two racial complaints were made in regards to statements made directly to me by my superiors (Sandy Ranke, and James Metevier). I was given an evaluation and an 18.9% raise increase for the work and performance. My promotion came with authorization to pay employees and modify payroll. GM removed me from service with no warning or blemish to my record. When an internal investigation was submitted the results was stated to be a long term policy that was never seen or enforced. The unemployment benefits investigation found my claim to be legitimate and GM intern pulled there appeal. Many of the workers were insubordinate and managers did not support corrective action methods. Once a civil suit and discrimination suit was filed, GM filed Bankruptcy.

Please review the attached exhibits and make GM be responsible for the wrong they have committed.

Sincerely,

UIA 1302
(Rev. 04/07)

STATE OF MICHIGAN
DEPARTMENT OR LABOR & ECONOMIC GROWTH
UNEMPLOYMENT INSURANCE AGENCY
www.michigan.gov/uia

BO 098    PO BOX 169                    GRAND RAPIDS    MI  495010169
FAX NUMBER:  1-517-636-0427

NOTICE OF DETERMINATION

THOMAS JR        KENNETH                    INVOLVED EMPLOYER:  0999000 105
11276 AUTUMN MEADOWS DR                     GENERAL MOTORS CORPORATION
DEWITT MI  48820-7604                       GM BENEFITS & SERVICES CENTER
                                            PO BOX 5078
                                            SOUTHFIELD MI  48086-5078

        FOR CLAIM OF:  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
        FILED:  09/11/2008    BYB:  09/07/2008    SEQ:  000

    YOU WERE DISCHARGED FROM GENERAL MOTORS CORPORATION ON 9/8/08 FOR ALLEGED
    MISAPPROPRIATION OF FUNDS. THE EMPLOYER INDICATES YOU INTENTIONALLY FALSIFIED
    PAYROLL RECORDS AND PAID TEMPORARY EMPLOYEES AT A HIGHER RATE THAN THEIR
    CLASSIFICATION. YOU INDICATE YOU HAVE ALWAYS PAID EMPLOYEES AT A SUPERVISORY
    RATE IF THEY PERFORMED WORK IN THAT CAPACITY.



    IT IS FOUND THAT YOU WERE NOT FIRED FOR A DELIBERATE DISREGARD OF YOUR EMPLOYERS
    INTEREST. YOU ARE NOT DISQUALIFIED FOR BENEFITS UNDER MES ACT, SEC. 29(1)(B).

exhibit A

exh. H

IF YOU DISAGREE WITH THIS (RE)DETERMINATION, REFER TO "PROTEST/APPEAL RIGHTS" ON THE REVERSE SIDE OF THIS FORM.
        CLAIMS EXAMINER:        ADJUD TASK FORCE A        T
        DATE NOTICE WAS MAILED OR PERSONALLY SERVED:              11/12/2008
    1302        098        11/11/2008        11/11/2008        001473

STATE OF MICHIGAN
OFFICE OF ADMINISTRATIVE HEARINGS AND RULES
**DIVISION OF UNEMPLOYMENT APPEALS**

Authorized by
MCL 421.1, et seq.

611 W. OTTAWA          SECOND FLOOR          LANSING          MI 48913
Mailed or Personally Served On: 04/23/2009          (517) 335-2484

# NOTICE OF HEARING

Appeal No:   B   2009-05888

THOMAS JR      KENNETH                    CLAIMANT
11276 AUTUMN MEADOWS DR
DEWITT                    MI 488207604      S.S.NO. :      -6204

INVOLVED EMPLOYER:

ACCT. NO.  0999000 000

GENERAL MOTORS CORP                                        *Exhibit B*
PO BOX 5078
SOUTHFIELD          MI 480865078

B.O. No:  056          Date Filed:  03/19/2009      Appellant:   EMPLOYER

## NOTICE OF HEARING

Hearing Date: TUE MAY 12, 2009                    Time:  9:30 AM
                                                  (EASTERN DAYLIGHT TIME)

Place:
        SOAHR
        611 W. OTTAWA  (IDENTIFICATION REQUIRED)
        OTTAWA BLDG, SECOND FLOOR
        LANSING                    MI 489131070

        ADJOURNMENT REQUESTS MUST BE IN WRITING. IF YOU HAVE
        ANY QUESTIONS, CALL 517-335-2484 OR FAX 517-241-8541

Issue(s) Involved In                                  Dated
                      REDETERMINATION                    03/03/2009

                SECTION 29(1)(B) MISCONDUCT
        SECTION 29(1)(A) VOLUNTARY LEAVING MAY ALSO APPLY

                PARTIES ARE TO BRING ANY DOCUMENTS RECEIVED BY OR
        SUBMITTED TO THE AGENCY TO THE HEARING.

                SECTION 20(A) CREDIT TO EMPLOYER MAY APPLY
        SECTION 62(A) RESTITUTION/IMPROPER PAYMENTS MAY APPLY

        * MAY 6TH HEARING ADJOURNED - ALJ IS NOT AVAILABLE

## IMPORTANT

Please be on time for this hearing. You must be prepared to present your case. Postponements
will only be granted at the discretion of the Judge, and if your request is timely.

R. SMITH
Administrative Law Judge
OTHER IMPORTANT INFORMATION ON REVERSE SIDE OF THIS NOTICE. AUTHORITY AND JURISDICTION MCL 421.33

0000295

Rev 6-05

**STATE OF MICHIGAN**                              Form 1850

**STATE OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

### DECISION

IN THE MATTER OF THE CLAIM OF:          **EMPLOYER INVOLVED:**          *Exhibit C*

**KENNETH  THOMAS JR**                          **GENERAL MOTORS CORP**
**11276 AUTUMN MEADOWS DR**               **PO BOX 5078**
**DEWITT, MI 48820-7604**                      **SOUTHFIELD, MI 48086-5078**

**ADMINISTRATIVE LAW JUDGE:  RICHARD C SMITH**

**S.S. NO.  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**                    **APPEAL NO.  B2009-05888**

## ORDER ALLOWING WITHDRAWAL OF APPEAL

On March 19, 2009 the employer appealed a redetermination issued by the Unemployment Insurance Agency (Agency) on March 3, 2009.  The redetermination held claimant is not disqualified as a result of a discharge for misconduct connected with his work pursuant to Section 29(1)(b) of the Michigan Employment Security Act (Act).

A hearing was scheduled to be held in Lansing, Michigan on May 12, 2009.  On April 27, 2009, the employer-appellant submitted a written request to withdraw the appeal.

Under Section 33 of the MES Act, and pursuant to Rule 106 of the Rules of Practice before Referees and MES Board of Review, an appellant may withdraw or discontinue an appeal by filing a written request, and obtaining approval of the Administrative Law Judge before whom the appeal is pending.  After an examination of the file, and in consideration of the request, the Administrative Law Judge is of the opinion that the request should be granted.

1                                              B2009-05888

## ORDER

exhibit D

The appellant's request to withdraw the appeal is hereby granted.

**The hearing scheduled on May 12, 2009, is hereby cancelled and will not be held.**

RICHARD C. SMITH
ADMINISTRATIVE LAW JUDGE

Mailed at Lansing, MI __APRIL 27, 2009__

### IMPORTANT:  TO PROTECT YOUR RIGHTS, YOU MUST BE ON TIME

This order will become final unless an interested party takes ONE of the following actions:  (1) files a written request for rehearing/reopening to the Administrative Law Judge OR (2) files a written appeal to the Board of Review, OR (3) files a direct appeal to circuit court on or before

### MAY 27, 2009

I hereby certify that I personally mailed envelopes, properly addressed to each of the parties at their respective addresses as listed on the face of this document.  In each envelope a true copy of the Administrative Law Judge Decision or Order was enclosed.

| | |
|---|---|
| Sally Duncan | APRIL 27, 2009 |
| Name | Date Mailed |

(SEE ATTACHED SHEET)

2                                                                 B2009-05888

EX. G

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kenneth R. Thomas, Jr.

## DEFENDANTS
General Motors Corporation, Sandy Ranke and James Metevier

**(b)** County of Residence of First Listed Plaintiff   Clinton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bohnhoff & Mahoney, PLC, 912 Centennial Way, Ste. 320, Lansing, MI
48917 and (517) 323-4410

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
|  |  |  | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☒ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE

DOCKET NUMBER

DATE
04/24/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## SUMMONS IN A CIVIL ACTION

| 1.   UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
|---|

Kenneth R. Thomas, Jr.

v.

General Motors Corporation, Sandy Ranke and James Metevier

DOCKET NO.

TO:  General Motors Corporation
300 Renaissance Center
Detroit, MI 48265

**YOU ARE HEREBY SUMMONED** and required to file
with the Clerk of this Court and serve upon:
PLAINTIFF'S ATTORNEY

BOHNHOFF & MAHONEY, PLC
912 Centennial Way, Ste. 320
Lansing, MI 48917
(517) 323-4410

an answer to the complaint which is herewith served upon you,
within ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the complaint.

TRACEY CORDES, CLERK

BY: *Paula J. Wittle*
   (Deputy Clerk)

(SEAL)

DATED: _____APR 2 7 2009_____

☑ 399 Federal Building
110 Michigan St., N.W.
Grand Rapids, MI 49503

☐ 229 Federal Building
202 W. Washington St.
Marquette, MI 49855

☐ B-35 Federal Building
410 W. Michigan Ave.
Kalamazoo, MI 49007

☐ 113 Federal Building
315 W. Allegan
Lansing, MI 48933

| 2.   RETURN OF SERVICE |
|---|

Service of the Summons and Complaint was made by me.***

DATE: _____

Name of Server (print): _____   Title: _____

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐   Served personally upon the defendant. Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then

residing therein. Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☐   Other (specify): _____

| 3.   STATEMENT OF SERVICE FEES |
|---|

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the
Return of Service and Statement of Service Fees is true and correct.

Executed on _____         _____
        Date                              Signature of Server

        _____
        Address of Server

*** See Rule 4 of the Federal Rules of Civil Procedure re who may serve a summons

4/2005

## SUMMONS IN A CIVIL ACT'

**1:09-cv-391**

### 1. UNITED STATES DISTRICT COURT FOR THE WESTE

**Janet T. Neff**
**US District Judge**

Kenneth R. Thomas, Jr.

DOCKET NC

v.

TO:  Sandy Ranke

General Motors Corporation, Sandy Ranke and James Metevier

**YOU ARE HEREBY SUMMONED** and required to file
with the Clerk of this Court and serve upon:

PLAINTIFF'S ATTORNEY

BOHNHOFF & MAHONEY, PLC
912 Centennial Way, Ste. 320
Lansing, MI 48917
(517) 323-4410

an answer to the complaint which is herewith served upon you,
within __20__ days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the complaint.

TRACEY CORDES, CLERK

BY:   _Paula G. Wood_

(Deputy Clerk)

(SEAL)

DATED: ___APR 2 7 2009___

☑ 399 Federal Building
110 Michigan St., N.W.
Grand Rapids, MI 49503

☐ 229 Federal Building
202 W. Washington St.
Marquette, MI 49855

☐ B-35 Federal Building
410 W. Michigan Ave.
Kalamazoo, MI 49007

☐ 113 Federal Building
315 W. Allegan
Lansing, MI 48933

### 2. RETURN OF SERVICE

Service of the Summons and Complaint was made by me.***

DATE: _____

Name of Server (print): _____    Title: _____

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐   Served personally upon the defendant.  Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then

residing therein.  Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☐   Other (specify): _____

### 3. STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the
Return of Service and Statement of Service Fees is true and correct.

Executed on _____

Date

Signature of Server

Address of Server

*** See Rule 4 of the Federal Rules of Civil Procedure re who may serve a summons

4/2005

SUMMONS IN A CIVIL ACTION

**1. UNITED STATES DISTRICT COURT FOR THE WESTERN**

**1:09-cv-391**

**Janet T. Neff**
**US District Judge**

Kenneth R. Thomas, Jr.

DOCKET NO.

v.

TO:   James Metevier

General Motors Corporation, Sandy Ranke and James Metevier

---

**YOU ARE HEREBY SUMMONED** and required to file
with the Clerk of this Court and serve upon:
PLAINTIFF'S ATTORNEY

BOHNHOFF & MAHONEY, PLC
912 Centennial Way, Ste. 320
Lansing, MI 48917
(517) 323-4410

an answer to the complaint which is herewith served upon you,
within ___20___ days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in
the complaint.

TRACEY CORDES, CLERK

BY: _Paula J. Wade_
     (Deputy Clerk)
(SEAL)

DATED: _APR 2 7 2009_____

☑ 399 Federal Building
   110 Michigan St., N.W.
   Grand Rapids, MI 49503

☐ 229 Federal Building
   202 W. Washington St.
   Marquette, MI 49855

☐ B-35 Federal Building
   410 W. Michigan Ave.
   Kalamazoo, MI 49007

☐ 113 Federal Building
   315 W. Allegan
   Lansing, MI 48933

---

**2. RETURN OF SERVICE**

Service of the Summons and Complaint was made by me.***

DATE: _____

Name of Server (print): _____   Title: _____

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐   Served personally upon the defendant. Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then

     residing therein. Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☐   Other (specify): _____

---

**3. STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the
Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
             Date                              Signature of Server

                                             _____
                                             Address of Server

*** See Rule 4 of the Federal Rules of Civil Procedure re who may serve a summons

4/2005

FILED (COPY) - LN

April 27. 2009 3:30 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH R. THOMAS, JR.,            )
                                   )
            Plaintiff,             )          **1:09-cv-391**
                                   )          **Janet T. Neff**
    -vs-                            )          **US District Judge**
                                   )
GENERAL MOTORS CORPORATION,        )
SANDY RANKE and JAMES METEVIER     )          COMPLAINT
                                   )
            Defendants.            )
                                   )
                                   )

---

Michael S. Mahoney (P71428)
Karl A. H. Bohnhoff (P10957)
BOHNHOFF & MAHONEY, PLC
Attorneys for Plaintiff
912 Centennial Way, Ste. 320
Lansing, MI 48917
Tel:   (517) 323-4410
Fax:   (517) 323-4503
Email: mmahoney@bohnhofflawoffice.com

---

**NOW COMES** the Plaintiff Kenneth R. Thomas, Jr., by and through his attorneys
Michael S. Mahoney and Karl A. H. Bohnhoff and for his Complaint does herein-below
depose and says as follows:

## - I -
## PARTIES

1.     Plaintiff above-named is an adult resident of the State of Michigan, County of
Clinton and City of DeWitt having as his residential and mailing address: 11276 Autumn
Meadows Drive, DeWitt, Michigan 48820. The Plaintiff is African-American.

2.    Defendant General Motors Corporation (hereinafter "GM") is a domestic for-profit corporation formed under the laws of the state of Michigan and have their principal place of business located at: 300 Renaissance Center, Detroit, Michigan 48265.

3.    Defendants Sandy Ranke and James Metevier were at all times relevant herein employees of Defendant GM being immediate supervisors of the Plaintiff.

## - II -
## JURISDICTION AND VENUE

4.    Plaintiff restates those allegations of fact and or statement(s) of law set forth herein, supra, at paragraphs one (1) through three (3).

4.    Jurisdiction and venue are proper with the Court above-captioned pursuant to Section 706 of the Civil Rights Act of 1964 (Pub. L. 88-352), as amended as being 42 U.S.C. § 2000e-5(f)(3).    Moreover, this Court maintains supplemental subject matter jurisdiction as to each and every of the Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).  Venue is proper in the Court above-captioned as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Michigan.  See 28 U.S.C. § 1391(a)(2).

## - III -
## BACKGROUND AND FACTUAL ALLEGATIONS

5.    Plaintiff restates those allegations of fact and or statement(s) of law set forth herein, supra, at paragraphs one (1) through four (4).

6.    On or about November 1, 2000 the Plaintiff was employed, by application previously made, with Defendant GM as a manufacturing planning administrator operating out of the Defendant's Lansing Michigan Grand River Assembly Plant, earning an annual

salary at the time of his termination of $79,500 and benefits that included comprehensive health insurance coverage and a GM Salaried Pension.

7.    As part of his employment duties, the Plaintiff was charged with the supervision and oversight of a number temporary GM contract workers.

8.    Incidental to his duties the Plaintiff records hours worked and the type of tasks performed of those individuals assigned to his supervision for the purpose of, inter alia, the Defendant's calcuation of compensation of those persons under the Plaintiff's supervision.

9.    For all times relevant hereto, Defendant GM maintained in its employment Caucasian individuals charged with the same duties as the Plaintiff; that is, the supervision of and recordation of hours worked and type of tasks performed by temporary GM contract workers for the purpose of, inter alia, the Defendant GM's calculation of compensation for the subject temporary contract workers.

10.    During the Plaintiff's employment with Defendant GM the Plaintiff was accused of misappropriating funds by allegedly miscalculating the rate, number of hours and or type of work performed by those individuals under his supervision or oversight.

11.    Additionally, other of Defendant GM's employees charged with the same supervisory or oversight duties as the Plaintiff were accused of misappropriation of funds by way of their allegedly artificially inflating their own compensation levels.

12.    On or about April 1, 2008 and as a result of the alleged misappropriation of funds, the Plaintiff and the other Caucasian supervisory employees of Defendant GM were terminated in their employment with Defendant GM.

13.    On or after May 2008 the Caucasian employees previously terminated in their employment on allegations of misappropriation of funds were restored in their employment.

- 3 -

14.    During the course of his employment with Defendant GM the Plaintiff was promoted to a position placing him in a supervisory position of GM employees that were prior to his promotion the Plaintiff's peers of.

15.    During the course of his employment with GM and after being promoted those GM employees subject to the Plaintiff's supervision would often disregard the directives given by the Plaintiff and the Plaintiff expressed concerns regarding this insubordination with his immediate supervisors, Defendants Sandy Ranke and James Metevier.

16.    In response to the concerns of insubordination expressed by the Plaintiff to his immediate supervisors Defendants Sandy Ranke and James Metevier, each said immediate supervisor stated expressively and directly to the Plaintiff personally, "being black, you will have to earn the respect of the white workers."

17.    Being aggrieved with the circumstances surrounding the termination of his employment, on September 22, 2008 the Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Michigan Department of Civil Rights (MDCR), a state agency with jurisdiction over the charge or complaint as is contemplated under 29 C.F.R. 1601.13(a) and 42 U.S.C. § 2000e-5(e)(1).

18.    EEOC on January 27, 2009 issued a Notice of Right to Sue (Issued on Request) terminating its processing of the charges made.

19.    Since the time of Defendant GM's termination of the Plaintiff, the Plaintiff has been unsuccessful in acquiring gainful employment and remains unemployed at this time.

## - IV -
## COUNT - I
## CIVIL RIGHTS ACT OF 1964

20.    Plaintiff restates those allegations of fact and or statement(s) of law set forth herein, supra, at paragraphs one (1) through nineteen (19).

21.    Plaintiff is a "person" as is set forth by definition in Section 701 of the Civil Rights Act of 1964 (Pub. L. 88-352), as amended and as being 42 U.S.C. § 2000e(a) and was at all times herein relevant an "employee" with respect to the Defendant as is set forth by definition in Section 701 of the Civil Rights Act of 1964, as amended and as being 42 U.S.C. § 2000e(f).

22.    Defendant GM is an industry affecting "commerce" who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and by virtue of the same was an "employer" as is set forth by definition in Section 701 of the Civil Rights Act of 1964, as amended and as being 42 U.S.C. §§ 2000e(b) and 2000e(g).

23.    Section 703 of the Civil Rights Act of 1964 provides in relevant part:

"It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex . . ."

42 U.S.C. § 2000e-2(a)(1).

24.    Defendants Sandy Ranke and James Metevier as employees and or agents of Defendant GM are "employers" as is set as is set forth by definition in Section 701 of the Civil Rights Act of 1964, as amended and as being 42 U.S.C. §§ 2000e(b).

- 5 -

25.    Defendant GM intentionally, with malice or with reckless indifference to the federally protected rights of the Plaintiff, unlawfully discriminated against the Plaintiff on the basis of his color and or race in terminating his employment while other white employees having allegedly committed the same employment conduct violations were returned to their employment.

26.    Defendants Sandy Ranke and James Metevier did intentionally, with malice or with reckless indifference to the federally protected rights of the Plaintiff, unlawfully discriminate against the Plaintiff on the basis of his color and or race with regard to the conditions and or privileges of his employment in directing that the Plaintiff as a black supervisor (unlike white supervisors) would have to earn the respect of white workers under his supervision in order for said workers to adhere to the supervisory instruction of the Plaintiff.

### - V -
### COUNT - II
### ELLIOT-LARSON CIVIL RIGHTS ACT

27.    Plaintiff restates those allegations of fact and or statement(s) of law set forth herein, <u>supra</u>, at paragraphs one (1) through twenty-six (26).

28.    Plaintiff is a "person" as is set forth by definition pursuant to Michigan's Elliot-Larson Civil Rights Act of 1976 (ELCRA), as being M.C.L. § 37.2201, <u>et seq</u>.

29.    Defendant GM is an "employer" as is set forth by definition pursuant to Section 201 of ELCRA, as being M.C.L. § 37.2201(a).

30.    Section 202 of ELCRA provides in relevant part:

"An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term,

condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

(b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status.

(c) Segregate, classify, or otherwise discriminate against a person on the basis of sex with respect to a term, condition, or privilege of employment, including, but not limited to, a benefit plan or system."

M.C.L. § 37.2202(1), et seq.

31.    Defendant GM unlawfully discriminated against the Plaintiff on the basis of color and or race in terminating his employment while at the same time retaining the employment of other white employees alleged to have committed the same employment misconduct through misappropriation as did the Plaintiff.

- VI -
**PRAYER FOR RELIEF**

32.    Plaintiff restates those allegations of fact and or statement(s) of law set forth herein, supra, at paragraphs one (1) through thirty-one (31).

33.    **WHEREFORE**, the Plaintiff hereby respectfully prays of the above-captioned Court that he be granted the following relief:

**As to Count One (I) plead herein:**

A.    All lost wage compensation (prior to and following the Plaintiff's termination), inclusive of any raises and or bonuses and fringe benefits inclusive of lost comprehensive health, vision and or dental care the Plaintiff may have realized at any time relevant hereto or beyond, from the date of Defendant GM's termination of the Plaintiff from its employ, together with interest thereupon as is provided by law.

- 7 -

B.     Punitive damages as are provided under 42 U.S.C. § 1981(b).

C.     Plaintiff's reasonable attorney fees and costs pursuant to Section 706(k) of the Civil Rights Act of 1964 (Pub. L. 88-352), as amended as being 42 U.S.C. § 2000e-5(k).

**As to Count Two (II) pleas herein:**

D.     All lost wage compensation (prior to and following the Plaintiff's termination), inclusive of any raises and or bonuses and fringe benefits inclusive of lost comprehensive health, vision and or dental care the Plaintiff may have realized at any time relevant hereto or beyond, from the date of Defendant GM's termination of the Plaintiff from its employ, together with interest thereupon as is provided by law.

E.     Compensation for emotional distress, humiliation, embarrassment, outrage and or disappointment.

F.     Punitive damages as are provided to the extent the Plaintiff is not otherwise compensated for in emotional distress, humiliation, embarrassment, outrage and or disappointment.

G.     Plaintiff's reasonable attorney fees and costs pursuant to Elliot-Larson Civil Rights Act of 1976, as being M.C.L. § 37.2802.

H.     Any other and or further relief, equitable or otherwise, for which this Court deems as just and or proper.

- 8 -

## – VII –
## JURY DEMAND

Plaintiff requests that this matter be tried as to each and every issue so trial by jury.

Respectfully submitted,

BOHNHOFF & MAHONEY, PLC

Dated: April 22, 2009

Michael S. Mahoney (P71428)
Karl A. H. Bohnhoff (P10957)
912 Centennial Way, Ste. 320
Lansing, MI 48917
Tel:    (517) 323-4410
Fax:    (517) 323-4503



## North America Headquarters

November 11, 2008

Mr. Kenneth R. Thomas Jr.
11276 Autumn Meadows Drive
DeWitt, Michigan 48820

**Re:    Open Door Appeal**

Dear Mr. Thomas:

As you know, General Motors retained Bashen Corporation ("Bashen") to investigate and respond to your Open Door Appeal. You base your appeal on the contention that General Motors wrongfully terminated your employment. The purpose of this letter is to impart General Motors final determination.

The available evidence indicates that in July and August 2008 you paid four Temporary Employees at the Team Leader rate even though the Temporary Employees did not perform Team Leader work. Regardless, long-standing policy contained in the Lansing Grand River Local Agreement prohibits paying a Temporary Employee at the Team Leader rate. Accordingly, on September 8, 2008, General Motors discharged you after a thorough investigation for misappropriation of company funds.

Based on Bashen's investigation, I have concluded that management acted properly in terminating your employment. Understanding that my response is not what you had hoped to receive, nonetheless, I believe it is the appropriate one under the circumstances.

Sincerely,

*Beverly J. Shaw*

Beverly J. Shaw
Director
GMNA Policy Development
& Employment Relations CoE

*EX. E*

General Motors Corporation 300 Renaissance Center MC: 482-C31-B84 Detroit, Michigan 48265





Susan Gouthro/US/GM/GMC
09/29/2008 06:44 PM

To    LDT Salaried Distribution List
cc
bcc
Subject    TL Pay Code - Non Core Employee's in GMTKS

## Please read the attached.



James B
Gensel/US/GM/GMC
09/29/2008 10:13 AM

To
cc
Subject    TKS Bulletin for Cisco 19300 Lansing Delta Township

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Attention
Lansing Delta Township Group Leaders
Teamleader Pay Code - Non Core Employee's in GMTKS

When there is a need to temporary day rate a NON-CORE employee as a TEAMLEADER you must use
the following Occupation Code M050.

DO NOT use the traditional (other than skilled) Occupation Code associated with CORE employees 9051
as it will cause a critical jump in their rate of pay.

*Regards,*

*James Gensel*

Lansing Grand River Assy
Employment/Payroll
☎₀tel:  517-885-7888
📠₀fax:  517-885-7889
✉₀mail:  james.gensel@gm.com
🏠₀Mailcode: 489-066-048

## 2008 GM PERFORMANCE MANAGEMENT AND FEEDBACK

| Name: | Ken Thomas | | Date: | Aug 08 |
|---|---|---|---|---|
| Title: | Business Manager | | | |

### Focus Areas (Key Operating Objectives, Product/Technology Initiatives)

| % Grade | Objective | Plan | Timing | Actual/Forecast |
|---|---|---|---|---|
| 20% | **Safety**<br>Lost Workday Cases<br>Recordables<br>Audit areas for safe work practices weekly.<br>Audit Safety Concern Process and Follow-up | <br>0<br>0<br>1/wk<br>1/wk | <br>Daily<br>Daily<br>Monthly<br>Monthly | <br>Red<br>Green<br>Green<br>Green |
| 20% | **People**<br>Controllable Absenteeism – Utilize attendance procedure<br>Suggestions Over 90 days<br>Suggestion Participation | <br>1.2%<br>0<br>100% Dec | <br>Daily<br>Weekly<br>Weekly | <br>Green<br>Red<br>Green |
| 20% | **Quality**<br>Chassis Direct Run Rate<br>Chassis ST80 FTQ<br>24 HR CDP<br>GCA Chassis WDPV<br>Full Implementation of TL Layered Audits | <br>87%<br>92%<br>0<br>10<br>3Q08 | <br>Daily<br>Daily<br>Daily<br>Daily<br>Weekly | <br>Red<br>Red<br>Red<br>Red |
| 20% | **Responsiveness**<br>Schedule Build to Plan<br>Vehicles in float | <br>100%<br><130 | <br>Daily<br>Daily | <br>Green<br>Red |
| 20% | **Cost**<br>Minimize Overtime<br>Manage department checkbook & communicate weekly<br>Develop Scrap Reduction Process & Implement | <br><3.2%<br>Per BPD<br>3Q08 | <br>Daily<br>Weekly<br>Weekly | <br>Red<br>3Q08<br>3Q08 |

### People Development/Organizational Capability/Leadership/Culture

| % Grade | Objective | Plan | Timing | Actual/Forecast |
|---|---|---|---|---|
| 40% | **Lead Major Manpower Movement**<br>Plan, organize, and drive transition in May/June to be able to run the business efficiently after the SAP wave of retirements | July '08 | Daily | Green |
| 30% | **Coach GL's on Empowering Team Leaders to take ownership in the business:**<br>TLs updating BPD<br>Pilot Area to run w/o GL when during GL vacation time | <br>August '08<br>Nov'08 | <br>Weekly<br>As Req | <br>3Q08<br>4Q08 |
| 30% | **Team Member Proficiency**<br>Coach GLs and TLs on the process of certification of new TM after the major manpower moves. Have all teams w/ limited rotation in July w/ plan to get fully rotational without hurting throughput. Create high level tracking system to monitor performance. | August '08 | Weekly | 3Q08 |



PMP-e03

## 2008 GM PERFORMANCE MANAGEMENT AND FEEDBACK

### Other: Influence & Improve Plant Operations

| % Grade | Objective | Plan | Timing | Actual / Forecast |
|---|---|---|---|---|
| 30% | Manage shift manpower in conjunction with the department coordinator to insure all moves occur per the required timing | Per Plan | Weekly | Green |
| 20% | Support prototype / pilot product programs / model changes and model mix activities. | Per Plan | Weekly | Green |
| 20% | Analyze and Improve Repair Process on Flattop w/ new E-Check arrangement | July | Daily | Green |
| 30% | Drive GMS in the business – attain 90% Green on internal GMS audit in Standardized Work and Work Place Organization | Dec. 08 | Monthly | Red DEC. 20 |

## Mid Year Performance Feedback (Results and Behaviors)

**Interpersonal Effectiveness Domain**

Building Relationships and Partnerships

Ken has good working relationships with hourly employees and has the ability to get the most out of people on the floor. Where Ken can improve is in the salary ranks. Ken, at times, appears to take things personally. There was a specific situation where a letter was written by nights that Ken took exception to. Instead of addressing the people that wrote it personally, Ken talked to his direct supervisor who said he would handle it and then Ken went above his head to the AM. This behavior can damage relationships with peers. Ken needs to step up to the people who he has an issue with first and attempt to solve the issue. If this does not work, then escalate, but give each level a shot.

Communication Skills

Ken has good communication skills, as shown by timely communication of events on the floor and also communication of people moves to GL/UAW/etc. But at times, Ken may over communicate. Ken was shooting off emails to higher level managers that were not necessary. Ken may be trying too hard to prove himself, his actions will show through. These items were discussed with Ken when they occurred and Ken has made strides towards communicating the right level of info to the right people.

Customer Focus

Ken is concerned for the customer and for quality. Ken makes good quality decisions when covering flattop very and gets the right people involved quickly.

**Leadership/Supervision Domain**

Coaching

Ken spends significant time coaching GLs on the floor on processes. Ken has jumped in on difficult PPS and on group board updates. Ken, at times, has been very critical of peers and GLs who are not living up to the standards. Ken is very passionate about people working up to expectations. Ken has escalated this criticism to higher levels. Some of his peers and GL may view this as being thrown under the bus. Ken needs to change his approach and be viewed as someone who is going to help the team succeed and not the one who is going to burn someone down.

**Personal Qualities and Traits Domain**

Motivational Pattern

Ken is very motivated and high energy. Ken is not afraid to tackle the most difficult issues and take responsibility for the outcome. Ken's sense of urgency is very, very high. Ken tackles problems with enthusiasm and will push very hard for results.

Maturity

Ken is new to the business manager position this year. Ken has shown maturity in his ability to deal with difficult hourly employees on the floor. He stands strong and the employees know what is expected. There is room for improvement when it comes to his peers and other salaried employees. Ken needs to work on issues with his peers and jump through

# 2008 GM PERFORMANCE MANAGEMENT AND FEEDBACK

every hoop to resolve the issue in their work group (ie. Issues w/ CH2 on nights, OT w/ support staff, etc.)

### Results Orientation

Ken is strong in results orientation. For example, Marriage was having serious issues w/ throughput. Existing GL was having trouble identifying and killing the issue. Ken was put on the job in late July when GL was on vacation. Ken had the problems identified and counter-measured that week, which led to a momentum swing in AGV. Ken has also covered final line and CH3 when big problems arise and each time Ken showed quick results.

### Technical Knowledge and Management Domain

### Decision Making

Ken has the ability to look at the data, work with the team, and make decisions based on the info. Ken is also very strong in the execution of the decisions made and instills confidence in the people around him. Ken showed success in managing the people moves and launch quality plan on night shift after the SAP. He also showed his ability time and time again in stepping into a GL role and tackling the toughest issues, final line FTQ in July, AGV marriage in July, CH2 in Aug, etc.

### Managing the Job

Ken manages the job efficiently. Ken had weekly plans for manpower and executed the plans on night shift. Ken works the hours necessary to get the job done and has been willing to come in and work when necessary. Ken must abide by the rules for a business manager and pay. There were 2 occasions where Ken was reminded. More time is needed for Ken to fully understand the job of SL and execute the job as expected.

### Functional Expertise

Ken has a good understanding of the entire GA process. Ken can quickly pinpoint the cause of an issue and cut through the smokescreen to get results.

## Annual Performance Feedback (Results and Behaviors)

## Individual Development Plan

Strengths: Decision Making, Results Orientation
Development Opportunities: Building Relationships and Partnerships
Development Plan/Training Plan:

| Employee Signature: | | Date: | |
| Managers Signature: | | Date: | |

BASE SALARY CHANGE / RECOGNITION AWARD NOTICE - COMPENSATION STATEMENT

| | | | |
|---|---|---|---|
| NAME : | THOMAS JR,KENNETH R | EMP ID : | 05901900 |
| TITLE : | Manufacturing Planning Adminis | JOB CODE : | US2336 |
| UNIT : | GM MFG Lansing Gr River Assy | FLSA : | EXEMPT |
| DEPT : | GEN L ASM COMMON 1ST | | |

| | | |
|---|---|---|
| EFFECTIVE DATE : 6/1/08 | SALARY ADJUST TYPE : | JRC / RCL |

| | | | |
|---|---|---|---|
| PREVIOUS ANNUAL BASE : | $66,900.00 | PERCENT SALARY CHANGE : | 18.8% |
| AMOUNT OF INCREASE : | $12,600.00 | ANNUAL RANGE MARKET RATE : | $81,600.00 |
| NEW ANNUAL BASE : | $79,500.00 | ANNUAL RANGE MAXIMUM : | $103,200.00 |

| | | | |
|---|---|---|---|
| AWARD AMOUNT : | $.00 | AWARD TYPE : | |