**HEARING DATE AND TIME:  March 1, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                          :
In re                                                     :   Chapter 11 Case No.
                                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                 :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                  :
                                                          :
                        Debtors.                          :   (Jointly Administered)
                                                          :
------------------------------------------------------------x

### DEBTORS' REPLY TO THE OHIO DEPARTMENT OF TAXATION'S RESPONSE TO THE DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (TAX CLAIMS ASSUMED BY GENERAL MOTORS, LLC)

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation, hereafter "**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), file this reply (the "**Reply**") to the response (the "**Response**") filed by the Ohio Department of Taxation (the "**Responding Party**") in connection with the Debtors' Seventeenth Omnibus Objection to Claims (ECF No. 6107, the "**Objection**") and respectfully represent:

**Preliminary Statement**

        1.      On May 27, 2010, the Debtors filed their Objection seeking to expunge proofs of claim filed by taxing authorities related to tax liabilities that have been assumed by

General Motors, LLC ("**New GM**") pursuant to the terms of a Master Purchase Agreement[1] between, among others, MLC and New GM.

2. Prior to the scheduled June 29, 2010 hearing on the Objection, the Debtors received the Response from the Responding Party to the Objection, and agreed with the Responding Party to adjourn the Objection to the Responding Party's proof of claims (the "**Claims**") in order to attempt to resolve the Response consensually. Accordingly, the Debtors did not file their Reply at that time. The Debtors and the Responding Party have attempted to resolve the Response, however to date such efforts have not proven successful. The State of Ohio has filed priority tax claims totaling over $50 million. Reserving unnecessarily for the liability would create a substantial hardship for the Debtors when they emerge from chapter 11 in the very near future. A hearing to address the Objection is now scheduled for March 1, 2011 at 9:45 a.m. and it is imperative that this matter gets addressed at this time.

3. With respect to the Response, the Debtors stand by their papers and reiterate their position:

### The Claims Asserted by the Responding Party Were Assumed by New GM

4. As set out in the Objection (paragraph 6), the obligations asserted in the Claims were assumed by New GM pursuant to Article II (*Purchase and Sale*), Section 2.1 (*Purchase and Sale of Assets; Assumption of Liabilities*), and Section 2.3(a) (*Assumed and Retained Liabilities*) of the Master Purchase Agreement and are therefore no longer the responsibility of the Debtors.

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Objection.

5. The Responding Party admits in its Reply (paragraph 2) that the obligations asserted in the Claims were assumed by New GM pursuant to the terms of the Master Purchase Agreement. In fact, it is our understanding that the State of Ohio has been engaging with New GM in an effort to resolve the obligations underlying the Claims.

**The Responding Party is Enjoined From
Asserting the Claims Against the Debtors by the Sale Order**

6. The Responding Party asserts in its Reply (paragraph 5) that the Claims have been properly filed against the Debtors and should stand, given that the Master Purchase Agreement does not affect whether a claim is owed by the Debtors, but only affects New GM's obligation to pay such claim. As explained below, this position ignores the express order of this Court that provides that liabilities assumed by New GM pursuant to the Master Purchase Agreement may no longer be asserted against the Debtors.

7. On July 5, 2009, this Court entered the sale order authorizing the sale of substantially all of the Debtors assets to New GM[2] (the "**Sale Order**"). The Sale Order provides, at paragraph 26, that following the Closing (as defined in the Master Purchase Agreement), the Debtors have no further liability with respect to Assumed Liabilities (as defined in the Master Purchase Agreement):

> Except as expressly provided in the MPA or this Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities other than certain Cure Amounts as provided in the MPA, and all holders of such claims are forever barred and estopped from

---

[2] Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief, dated July 5, 2009 (ECF No. 2968).

> asserting such claims against the Debtors, their successors or assigns, and their estates.

See Sale Order at paragraph 26.

8. The parties are in agreement that obligations asserted in the Claims are Assumed Liabilities, and that New GM has assumed responsibility for such obligations. The Sale Order prohibits claimants such as the Responding Party from asserting Assumed Liabilities against the Debtors. Accordingly, the Responding Party is in clear violation of this Court's order by continuing to assert its Claims against the Debtors, and the Claims should be expunged by this Court.

## **Conclusion**

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court expunge the Claims of the Responding Party, and grant such other and further relief as is just.

Dated: New York, New York
February 23, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession