Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :   09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                        :
                   Debtors.             :   (Jointly Administered)
                                        :
------------------------------------------------------------x
```

**NOTICE OF DEBTORS' OBJECTION TO ADMINISTRATIVE PROOF OF**
**CLAIM NO. 70842 FILED BY NEW UNITED MOTOR MANUFACTURING, INC.**

**PLEASE TAKE NOTICE** that on February 23, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed an objection to administrative proof of claim number 70842 filed by New

United Motor Manufacturing, Inc. (the "**Objection**"), and that a hearing (the "**Hearing**") to

consider the Objection will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **March 3, 2011 at 9:45**

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii)

Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **March 2, 2011 at 12:00 p.m. (noon) (Eastern Time)** (the "**Response**

**Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after

the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Objection, which order may be entered with no further notice or

opportunity to be heard offered to any party.


Dated: New York, New York
     February 23, 2011

                        /s/ Joseph H. Smolinsky
                        Harvey R. Miller
                        Stephen Karotkin
                        Joseph H. Smolinsky
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-----------------------------------------------------------x
```

### DEBTORS' OBJECTION TO ADMINISTRATIVE PROOF OF
### CLAIM NO. 70842 FILED BY NEW UNITED MOTOR MANUFACTURING, INC.

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

#### Relief Requested

1.     Pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors object to administrative proof of claim number 70842 filed

by New United Motor Manufacturing, Inc. ("**NUMMI**") against MLC on the basis that it fails to

establish a valid claim to an administrative expense.  A copy of the NUMMI administrative proof of claim is annexed hereto as **Exhibit "A."**

### Jurisdiction

2.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.        On June 1, 2009 (the "**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).

4.        On September 16, 2009, the Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units (the "**Initial Debtors' Bar Date**").  On December 2, 2009, the Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

---

[1]   The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2]   The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

5.      On December 14, 2010, the Court entered the *Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3303(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof* (ECF No. 8099) (the "**Administrative Claims Bar Date Order**"), pursuant to which February 14, 2011 at 5:00 pm (Eastern Time) was set as the date by which claims for administrative expenses arising between the Commencement Date and January 31, 2011 must be filed (the "**Administrative Bar Date**").

### The NUMMI Claim and NUMMI Administrative Claim

6.      On November 24, 2009, prior to the Initial Debtors' Bar Date, NUMMI asserted a claim against MLC, as reflected in proof of claim number 67357, alleging (1) breach of contract; (2) implied breach of contract and similar principles, including "detrimental reliance on express/implied representations," "implied contractual indemnity," and "equitable indemnity;" and (3) breach of fiduciary duty (the "**NUMMI Claim**").  On the basis of these allegations, NUMMI asserts that it holds a general unsecured claim in the amount of $500 million.

7.      On February 12, 2010, the Debtors filed their *Eleventh Omnibus Motion Pursuant to 11 U.S.C. 365 to Reject Certain Executory Contracts* (ECF No. 4988) (the "**Contract Rejection Motion**"), in which they sought authority to reject a number of contracts between NUMMI and MLC.[3]  The Court approved the Contract Rejection Motion by order dated March 2, 2010 (ECF No. 5084), and on April 1, 2010, NUMMI asserted a claim for any damages

---

[3]    Although NUMMI has argued that the Debtors have admitted the executory nature of the contracts rejected pursuant to the Contract Rejection Motion, footnote 1 of that motion clearly states that "[t]he Debtors acknowledge that certain contracts listed on Exhibit A may not be executory in nature, but out of the abundance of caution, the Debtors seek to reject such contracts pursuant to this Motion."

arising from the rejection of its contracts pursuant to such order, as reflected in proof of claim number 70191.

8.      On April 1, 2010, MLC filed an objection to the NUMMI Claim (ECF No. 5404) (the "**NUMMI Claim Objection**") arguing that the plain language of the relevant agreements governing the relationship between MLC and NUMMI establish that there is no supportable legal or factual basis for the NUMMI Claim.  NUMMI filed a response to MLC's objection on May 24, 2010 (ECF No. 5854), and MLC filed a reply to NUMMI's response on November 4, 2010 (ECF No. 7655).  At the November 9, 2010 hearing on MLC's objection to the NUMMI Claim, the Court asked that the parties treat the claims as a plenary litigation and directed NUMMI to re-plead its claim in the style of a complaint.

9.      On November 24, 2010, NUMMI filed a complaint asserting claims for breach of contract and promissory estoppel (the "**Complaint**") and thereby commenced Adversary Proceeding Case No. 10-05016 against MLC (the "**Adversary Proceeding**").  MLC filed a motion to dismiss the Adversary Proceeding on December 23, 2010 (the "**Motion to Dismiss**"), NUMMI filed an opposition brief on January 18, 2011, and the Debtors submitted a reply on February 1, 2011.  Following oral argument on February 9, 2011, the Court took the matter under submission pending additional briefing on certain issues, as requested by the Court.

10.      On February 9, 2011, NUMMI asserted an administrative claim against MLC, as reflected in administrative proof of claim number 70842, for "all liabilities of the Debtors to NUMMI relating to or arising from events occurring subsequent to the [Commencement] Date, whether asserted by NUMMI in the Complaint, arising or related to the Adversary Proceeding, or otherwise . . . ." (the "**NUMMI Administrative Claim**").  *See*

NUMMI Administrative Claim at ¶ 6.  NUMMI alleges that its administrative expense claim is

in a contingent and unliquidated amount.

### The Relief Requested Should Be Approved by the Court

11.     Section 503 of the Bankruptcy Code grants priority in payment to certain

expenses incurred during a chapter 11 case that assist in the rehabilitation of the debtor's

business and increase the value of assets available for distribution for the benefit of all

stakeholders.  *See* 11 U.S.C. § 503.  Accordingly, to receive administrative expense priority*,* an

expense must arise out of a transaction between the creditor and the debtor after commencement

of the debtor's bankruptcy case, and must provide a benefit to the debtor's operation of its

business in bankruptcy.  *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98,

102 (2d Cir. 1986).  Bankruptcy courts in New York as well as in other jurisdictions have made

clear that priority under section 503(b) of the Bankruptcy Code "is reserved for those rare and

extraordinary circumstances when the creditor's involvement truly enhances the administration

of the estate."  *In re Dana Corp.,* 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008).  Efforts undertaken

by a creditor to benefit its own interests are not compensable under section 503(b).  *Id.*  The

benefit conferred must be a "direct benefit" on the debtor's estate – an indirect benefit is not

sufficient.  *Id.*; *see also In re Granite Partners, L.P.,* 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997)

(noting that services that primarily benefit a creditor do not justify a substantial contribution

award even if they also indirectly benefit the estate).

12.     Following the commencement of these chapter 11 cases, MLC promptly

took certain actions to cease postpetition business with NUMMI.  NUMMI concedes this fact in

its Complaint, where it asserts that MLC announced its withdrawal from NUMMI on June 26,

2009, and that "MLC has not participated in NUMMI's operations, purchased any NUMMI

vehicles or provided it with funding since August 2009."  Complaint at ¶¶ 60, 61.  MLC also

rejected all contracts with NUMMI that it believed may be characterized as executory. Thus, it is clearly apparent that MLC had no postpetition obligations to NUMMI and that the NUMMI Administrative Claim cannot arise from consideration provided in a postpetition transaction between the NUMMI and MLC.[4] To the extent the NUMMI Administrative Claim attempts to recover administrative expenses arising from obligations incurred prior to the Commencement Date, it must be disallowed.

13.    NUMMI's postpetition efforts to wind down its affairs have been undertaken solely for its own interests and have provided no direct benefit to any of the Debtors' estates. Indeed, NUMMI does not even attempt an explanation in its administrative proof of claim as to the benefit conferred on the Debtors by its postpetition actions. Thus, even if NUMMI could point to a postpetition transaction between the NUMMI and MLC, the NUMMI Administrative Claim still must be disallowed because NUMMI conferred no direct benefit on any of the Debtors' estates and, therefore, is not entitled to administrative priority.

14.    Moreover, the NUMMI Administrative Claim fails to provide sufficient specificity to establish a claim for administrative expenses. A proof of claim is prima facie valid if it "alleges facts sufficient to support a legal liability [of the debtor] to the claimant." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992). Absent specific factual allegations and supporting documentation, a proof of claim is not prima facie valid. *Id.*; *see also In re Pinnacle Brands, Inc.,* 259 B.R. 46, 50 (Bankr. D. Del. 2001) (upholding debtor's objection to creditor's proof of claim because creditor could not establish facts necessary to support prima

---

[4]   Pursuant to section 2.3(a) of that certain Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009, by and among General Motors Corporation, Saturn, LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and General Motors, LLC ("**New GM**"), New GM assumed the Debtors' obligations for postpetition operating expenses "to the extent such Liabilities are administrative expenses of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code."

facie claim against debtor).  Not only does NUMMI fail to identify the subsection, or

subsections, of section 503(b) under which it believes its claim is entitled to administrative

priority, NUMMI also makes no attempt to identify any specific facts supporting its claim for

administrative expenses.  As noted above, NUMMI also remains silent as to the direct benefit

provided to any of the Debtors' estates by its postpetition actions.  Instead, NUMMI simply

asserts an open-ended claim for "all liabilities of the Debtors to NUMMI relating to or arising

from events occurring subsequent to the [Commencement] Date, whether asserted by NUMMI in

the Complaint, arising or related to the Adversary Proceeding, or otherwise . . . ."  NUMMI

Administrative Claim at ¶ 6.  Thus, on its face the NUMMI Administrative Claim fails to

establish a prima facie claim because NUMMI does not provide sufficient information to support

its alleged administrative expenses.

15.    The Debtors also object to the NUMMI Administrative Claim insofar as it

relies on the same legal theories advanced in support of the NUMMI Claim.  For the reasons set

forth in the NUMMI Claim Objection and the Motion to Dismiss, the Debtors have objected to

allowance of the NUMMI Claim and, thus, also object to the allowance of any administrative

expense asserted under the same legal theories.

16.    NUMMI's inability to articulate the nature of its administrative expense is

telling and highlights the true intent of the NUMMI Administrative Claim, *i.e.*, asserting

leverage against the Debtors on the eve of confirmation of the Debtors' chapter 11 plan of

reorganization in an effort to extract a favorable settlement on its prepetition claim.  For these

reasons, the Debtors request that the NUMMI Administrative Claim be disallowed and expunged

in its entirety.

**<u>Notice</u>**

17.    Notice of this Objection has been provided to counsel for NUMMI and

parties in interest in accordance with the *Fifth Amended Order Pursuant to 11 U.S.C. § 105(a)*

*and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*,

dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no

other or further notice need be provided.

WHEREFORE the Debtors respectfully request entry of an order, in substantially

the same form as the proposed order attached hereto as **Exhibit "B,"** granting the relief

requested herein and such other and further relief as is just.


Dated: New York, New York
         February 23, 2011

> /s/ Joseph H. Smolinsky
> Harvey R. Miller
> Stephen Karotkin
> Joseph H. Smolinsky
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone: (212) 310-8000
> Facsimile: (212) 310-8007
>
> Attorneys for Debtors
> and Debtors in Possession

**Exhibit A**

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | | **ADMINISTRATIVE PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor Against Which Administrative Claim is Held | Case Number | |
|---|---|---|
| Motors Liquidation Company | 09-50023 (REG) | |

Name of Creditor (The person or other entity to whom the debtor owes money or property)

New United Motor Manufacturing, Inc

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

Name and address where notices should be sent

☐ Check box if you have never received any notices from the bankruptcy court in this case

See Exhibit A

Telephone number

☐ Check box if the address differs from the address on the envelope sent to you by the court

**THIS SPACE IS FOR COURT USE ONLY**

*(stamp: THE GARDEN CITY GROUP, INC. FEB 9 2011)*

| Account or other number by which creditor identifies debtor | Check here | |
|---|---|---|
| See Exhibit A | if this claim ☐ replaces ☐ amends | a previously filed claim, dated |

| 1 | Basis for Claim | ☐ Retiree benefits as defined in 11 U S C § 1114(a) |
|---|---|---|
| | ☐ Goods sold | ☐ Wages, salaries, and compensation (fill out below) |
| | ☐ Services performed | |
| | ☐ Money loaned | Last four digits of SS# See Exhibit A |
| | ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| | ☐ Taxes | from See Exhibit A to See Exhibit A |
| | ☑ Other  See Exhibit A | (date)            (date) |

| 2 | Date debt was incurred  See Exhibit A | 3 | If court judgment, date obtained |
|---|---|---|---|

4    Total Amount of Administrative Expense Claim   $ See Exhibit A

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim   Attach itemized statement of all interest or additional charges

5    Brief Description of Administrative Expense Claim (attach any additional information)

See Exhibit A

**FILED - 70842**
**MOTORS LIQUIDATION COMPANY**
**F/K/A GENERAL MOTORS CORP**
**SDNY # 09-50026 (REG)**

| 6 | **Credits**  All payments made on this claim have been credited and deducted for the purpose of making this proof of claim | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|---|
| 7 | **Supporting Documents**  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary | |
| 8 | **Date-Stamped Copy**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | |

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 2/8/2011 | *(signature)*, PRESIDENT & CRO |

*Penalty for presenting a fraudulent claim*  Fine of up to $500,000 or imprisonment for up to 5 years or both  18 U S C §§ 152 and 3571

## INSTRUCTIONS FOR FILING ADMINISTRATIVE PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law  In particular cases or circumstances  there may be exceptions to these general rules*

### — DEFINITIONS —

**Administrative Bar Date**
The deadline for each person or entity (including, without limitation, individuals  partnerships  corporations  joint ventures  governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before February 14  2011 at 5 00 p m  (Eastern Time)  with respect to administrative expenses arising between June 1  2009 and January 31  2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p.m. (Eastern Time), with respect to administrative expenses arising between February 1  2011 and the Effective Date

**Administrative Expense Claims**
The claims described in section 503 and 507 of title 11 of the United States Code   Among other things, these sections provide that certain types of claims are entitled to administrative expense priority  including, without limitation  (i) the actual  necessary costs and expenses of preserving the estate, including wages  salaries, or commissions for services rendered after the commencement of the bankruptcy case  (ii) certain taxes and penalties related thereto  (iii) compensation and reimbursement of certain officers  (iv) the actual  necessary expenses incurred by (a) certain creditors, (b) a creditor  an indenture trustee  an equity security holder or a committee representing any such entities  in making a substantial contribution to a debtor s chapter 11 case  (c) a custodian  (d) members of certain committees if incurred in the performance of the duties of such committees  and (v) compensation for services rendered by an indenture trustee

**Administrative Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed to tell the bankruptcy court how much the Debtor owes an Administrative Expense Creditor for Administrative Expense Claims

**Debtors**
The Debtors in these cases are (i) Motors Liquidation Company  (ii) MLCS  LLC (f/k/a Saturn  LLC), (iii) MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), (iv) MLC of Harlem, Inc  (f/k/a Chevrolet-Saturn of Harlem, Inc )  (v) Remediation and Liability Management Company  Inc  and (vi) Environmental Corporate Remediation Company  Inc

**Effective Date**
The Effective Date is the business day on or after the confirmation date of the Debtors  Amended Joint Chapter 11 Plan  dated December 2010  The Debtors shall file a notice of the Effective Date with the Bankruptcy Court and with the Securities and Exchange Commission

### ITEMS TO BE COMPLETED ON ADMINISTRATIVE PROOF OF CLAIM FORM

**Name of Debtor and Case Number**
Provide the name of the applicable Debtor and its corresponding case number

**Information about Administrative Expense Creditor**
Complete the section giving the name, address and telephone number of the Administrative Expense Creditor to whom the Debtor owes money or property, and the Debtor's account number, if any  If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form

**1  Basis for Administrative Expense Claim**
Check the type of debt for which the proof of claim is being filed  If the type of debt is not listed, check "Other" and briefly describe the type of debt  If you were an employee of the Debtors, fill in the last four digits of your social security number and the dates of work for which you were not paid

**2  Date Debt Incurred**
Fill in the date when the debt first was owed by the Debtor

**3  Court Judgments**
If you have a court judgment for this debt, state the date the court entered the judgment

**4  Total Amount of Administrative Expense Claim**
Fill in the amount of the entire claim  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges

**5  Brief Description of Administrative Expense Claim**

**6  Credits**
By signing this Administrative Proof of Claim, you are stating under oath that in calculating the amount of your Administrative Expense Claim you have given the Debtor credit for all payments received from the Debtor

**7  Supporting Documents**
You must attach to this proof of claim form copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents  If documents are not available, you must attach an explanation of why they are not available

All Administrative Proofs of Claim must be **received on or after the Administrative Bar Date**, at the following address (whichever is applicable)

If by overnight courier or hand delivery to

The Garden City Group, Inc
Attn  Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

Or if by hand delivery to

United States Bankruptcy Court, S D N Y
One Bowling Green
Room 534
New York, New York 10004

If by first-class mail, to

The Garden City Group, Inc
Attn  Motors Liquidation Company
P O  Box 9386
Dublin, Ohio 43017-4286

Please be advised that Administrative Proofs of Claim may **not** be delivered by facsimile, telecopy transmission, or electronic mail transmission  Administrative Proofs of Claim shall be considered timely filed only if actually received by the Debtors' claims agent, The Garden City Group, Inc , or by the Court, on or before the Administrative Bar Date

US_ACTIVE \43580712\01\72240 0639

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, et al., | ) | Case No. 09-50023 (REG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

## ADDENDUM TO PROOF OF CLAIM
## OF NEW UNITED MOTOR MANUFACTURING, INC.

1      On June 1, 2009 (the "Petition Date"), Motors Liquidation Company (f/k/a
General Motors Corporation) and its affiliated debtors and debtors in possession (collectively,
the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States
Code (the "Bankruptcy Code"), which are jointly administered under the above-captioned case
number.  Pursuant to the *Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and
Bankruptcy Rule 3303(c)(3) Establishing the Deadline For Filing Requests for Payment of
Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and
Manner of Notice Thereof,* dated December 14, 2010, [Docket No 8099] (the "Administrative
Claims Bar Date Order"), the Debtors have set February 14, 2011 at 5:00 p.m (Eastern Time) as
the date by which claims for administrative expenses arising between the Petition Date and
January 31, 2011 must be filed against the Debtors (the "Administrative Bar Date")

2.      New United Motor Manufacturing, Inc. ("NUMMI"),[1] a creditor in the
above-captioned proceedings pending in the United States Bankruptcy Court for the Southern
District of New York (the "Bankruptcy Court") and jointly administered under Case No. 09-

---

[1]    The last four digits of NUMMI's federal tax identification number are  0678  The location of NUMMI's
corporate headquarters and NUMMI's service address is  47001 Benicia Street, Fremont, California 94538

50023 (REG), hereby files this proof of claim (this "Proof of Claim") against each of the Debtors in these jointly administered chapter 11 cases    In accordance with the terms of the Administrative Claims Bar Date Order, this Proof of Claim is an original proof of claim asserted by NUMMI

## Claims

3    Each of the Debtors is (or may be determined to be) indebted and obligated to NUMMI in a contingent and unliquidated amount with respect to any and all rights and entitlements as set forth in the complaint (the "Complaint") filed by NUMMI against the Debtors in the adversary proceeding related to these chapter 11 cases (the "Adversary Proceeding")    *See* Complaint, *New United Motor Manufacturing, Inc v Motors Liquidation Company*, No 10-AP-05016 (Bankr S D N Y Nov 24, 2010) [Docket No 1] [2]    The Complaint asserts NUMMI's claims against the Debtors for breach of contract and promissory estoppel for the Debtors' violation of its contractual commitments and promises to NUMMI

4    Certain claims asserted against the Debtors by NUMMI in the Complaint or otherwise arising in or related to the Adversary Proceeding may relate to or arise from events occurring subsequent to the Petition Date and therefore are entitled to priority as "administrative expenses" pursuant to section 503 and section 507 of the Bankruptcy Code

5    In addition, NUMMI preserves its rights to seek additional claims against the Debtors for any and all other claims, whether or not arising from the same transaction or occurrence or series of transactions or occurrences as the claims set forth herein, including any

---

[2]    The Complaint was entered on the docket of these chapter 11 cases [Docket No 7928]

2

interest, fees, costs, and expenses, including attorneys' fees that NUMMI may be entitled to, whether arising from the claims asserted in this Proof of Claim or otherwise

6       Based on the foregoing, NUMMI asserts an administrative claim pursuant to section 503 of the Bankruptcy Code against the Debtors in a contingent and unliquidated amount for all liabilities of the Debtors to NUMMI relating to or arising from events occurring subsequent to the Petition Date, whether asserted by NUMMI in the Complaint, arising or related to the Adversary Proceeding, or otherwise, which administrative claim shall be entitled to priority pursuant to section 507 of the Bankruptcy Code in the full amount of such claim

## Reservation of Rights

7       NUMMI has provided supporting documentation regarding its claims, and may provide additional support in connection with the Adversary Proceeding or otherwise, as appropriate

8       NUMMI has filed this Proof of Claim to comply with the requirements set forth in the Administrative Claims Bar Date Order and to protect NUMMI's rights to recovery on account of its administrative claims against the Debtors   NUMMI expressly reserves its rights to amend, modify and/or supplement this Proof of Claim at any time (including after the Administrative Bar Date) for whatever reason, in any manner, without limitation, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or indebtedness or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503, 507 or any other provision of the Bankruptcy Code

9       The filing of this Proof of Claim is not and shall not be deemed or construed as (a) a waiver of NUMMI's rights to pursue claims or causes of action, including but not limited to, the claims or causes of action set forth herein against the Debtors, based upon alternative

3

legal theories, (b) a waiver or release of any of NUMMI's claims or rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property that may secure the claims of NUMMI currently in the possession of the Debtors, (c) a consent by NUMMI to the jurisdiction of the Bankruptcy Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving NUMMI, (d) a waiver or release of NUMMI's right to trial by jury in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S C § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by NUMMI to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U S C § 157(e) or otherwise; (f) a waiver or release of NUMMI's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a judge of the United States District Court, (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto, or any other proceeding that may be commenced in this case against or otherwise involving NUMMI, or (h) an election of remedies or waiver of any past, present, or future defaults or events of default

10   The Debtors were, as of the Petition Date, and still are, indebted and liable to NUMMI as described herein

**Miscellaneous**

11.   To the extent the Debtors assert claims against NUMMI of any kind, NUMMI reserves its rights to assert that such claims by the Debtors are subject to the right of setoff and/or

4

recoupment (the "Setoff Rights"), which rights are treated as secured claims under section 553 of the Bankruptcy Code

12    Solely to the extent that the value, within the meaning of section 506(a) of the Bankruptcy Code, of any property securing the claims and/or the Setoff Rights, if any, is less than the allowed amount of the claims, the claims may be treated, in part, as general unsecured claims under the Bankruptcy Code, and in such event, and solely to such extent, the claims asserted herein, or the relevant part thereof, as the case may be, shall constitute unsecured claims and this Proof of Claim shall constitute a Proof of Claim for both the secured portion of NUMMI's claims and for any such unsecured portion of the NUMMI's claims   The foregoing shall not be deemed an admission regarding the amount of the claims nor regarding the value of any property securing the claims or the Setoff Rights

13    All notices regarding this Proof of Claim should be sent to NUMMI, 47001 Benicia Street, Fremont, California 94538, with a copy to Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn. Ray C  Schrock and Mark McKane

*[Remainder of Page Intentionally Left Blank]*

5



**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11 Case No.
                                                    :
**MOTORS LIQUIDATION COMPANY,** *et al.*,           :          **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*    :
                                                    :
                        **Debtors.**                :          **(Jointly Administered)**
                                                    :
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 70842 FILED BY NEW UNITED MOTOR MANUFACTURING, INC.

Upon the objection to proof of claim number 70842 filed by New United Motor

Manufacturing, Inc., dated February 23, 2011 (the "**Objection**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the

"**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking

entry of an order disallowing and expunging administrative proof of claim number 70842 on the

grounds that it fails to establish a valid claim to administrative expenses, all as more fully

described in the Objection; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, administrative proof of claim number 70842 is disallowed and expunged from the claims registry in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE