UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :  Chapter 11 Case
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :  No. 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                :
                                                            :  (Jointly Administered)
               Debtors.                  :
                                                            :
------------------------------------------------------------x

## ADMINISTRATIVE ORDER RE CONDUCT OF CONFIRMATION HEARING

The Court being of the mind that procedures must be established to conduct an orderly and efficient Confirmation Hearing;

And it appearing that many of the objections the Court has received make similar arguments;

And the Court already having the benefit of the parties' written briefs and other written submissions, and needing to avoid unnecessary duplication and expense;

It is ORDERED:

1. No party having requested an evidentiary hearing, the Confirmation Hearing will be a non-evidentiary hearing. The Court will consider confirmation and objections to confirmation on the briefs, oral argument (to the extent set forth below) and on any declarations or other papers previously submitted.

2. Objectors who have made similar arguments with respect to contentions:

    (a) as to the role or treatment of Wilmington Trust, and other GUC issues (Town of Salina, States of New York and California, NUMMI);

-1-

       (b) that presently disputed claims may receive less in distributions than presently allowed claims (Town of Salina, States of New York and California, NUMMI);

       (c) that the Plan discriminates unfairly between general unsecured claims and environmental claims (Town of Salina, Onondaga County);

       (d) that the proposed postconfirmation jurisdiction of the Bankruptcy Court is inappropriate (Town of Salina, States of New York and California, Onondaga County);

       (e) that releases in the Plan are inappropriate (Town of Salina, States of New York and California); or

       (f) that certain parties should not be subject to ADR procedures (Town of Salina, Onondaga County)

are to confer with one another and designate a single speaker to argue with respect to each category of issues. Other objectors will be heard orally to the extent—but only the extent—that any of them has unique issues that are not common to the others, or that the designated speaker's presentation was materially deficient.

    2. The Nova Scotia Noteholders and Green Hunt Wedlake will be heard separately, if desired, but are to avoid duplication. Northbrook will be heard orally to the extent it wishes to reply to the Debtors' response.

    3. Objections by other parties, or on other issues, will be decided on the papers, absent a ruling by the Court to the contrary, sought by motion filed in advance of the Confirmation Hearing, and for good cause shown.

4. The Debtors and other Plan supporters will make introductory remarks, if they choose to, and deal with any necessary preliminary matters, first.  The Court will then hear objections, grouped by subject matter and not by objector.  After each category of objections has been argued, the Court will hear any responsive comments by the Debtors or other Plan supporters.  The Court will then hear brief reply (limited to new matter raised in responsive comments) and surreply (limited to new matter raised in reply).  There will be no fixed time limits for any oral argument or remarks, but the Court will direct counsel to conclude as soon as counsel becomes repetitious.

4. Nothing in this order shall impair the rights of the Unsecured Creditors' Committee, the Asbestos Claimants' Committee, the governments of the United States, Canada or Ontario, Export Development Canada, any indenture trustee, the UAW or the United States Trustee to be heard on any issue.

5. The procedures set forth in this order may be modified, but only for good cause shown.

Dated: New York, New York       _s/Robert E. Gerber_  
       February 24, 2011        United States Bankruptcy Judge