UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MOTORS LIQUIDATION COMPANY, et al.,          Chapter 11 Case No.
    f/k/a General Motors Corp., et al.          09-50026 (REG)
          Debtors.          (Jointly Administered)

Objection to Debtor's For Entry of an Order Establishing Claims Reserves in Connection
with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan with
Respect to, Among Other Things, Certain Unliquidated Claims

1.  As the claimant, Tracy Woody, was granted an allowable claim by this

Bankruptcy Court in which my claim was initially filed 10/25/10 claim number

#70481 and amended claim of total damages and losses with attached

documentation of such damages filed by 2/8/11 against General Motors

Corporation ("GM"), I object that my claim and amended claim was not listed in

the established and allowable claims of the Debtor, "GM."

2.  The claim arised from a lawsuit attached to the claim filed against GM for

manufactured defects and product liability, fraud, et. al. from the time of purchase

of their manufactured Chevrolet Suburban SUV. Claims in the case also included

Magnuson-Moss Warranty Act, Uniform Commercial Code Summary entitling a

Revocation of contract, exist several legitimate claims in this case that I have

stated with specificity including evidence supplied partly by GM themselves and

as a result of a lawsuit filed previously against GM the manufactured defects in

the SUV where the instrument cluster, speedometer or stepper motor and a panel

cluster problem were defective noted by a mechanic that provided a repair of the

SUV purchased and the over 2 year time period that I was not aware of those manufactured defects and non performance cause me to experience financial hardship and downtime that impacted my having a reliable vehicle for work and expense helped plunge me into bankruptcy and repeatedly did not perform and conform was not included in the list of established claims. My claim stated the full loss shared by all 6 defendants including GM $39,376.02 with the attached claim and related initial Complaint and related damages and expenses of documents was served on the Defendants mentioned in the Proof of Claim form themselves that I downloaded and indicated that it was an amended claim from #70481 filed 10/25/10. Under the Proof of claim section of the form to the far right under the heading **Your Claim is Scheduled As Follows:** last line in the paragraph states that "If you have already filed a proof of claim in accordance with the attached instructions, you need not file again." With a conversation of an Attorney at Weil, Gotshal & Manges LLP I could actually amend my claim because I initially filed a claim previously.

3. I object that an individual claim reserve if no estimation objection is timely filed is only 10 days and should be adjusted to within 14 days to file an objection to the proposed individual claim reserve objection for holder of such Disputed General Unsecured claims after the date of service of the Estimation Notice (the "Estimation Objection Deadline) page 12 of Motion for Debtors for Entry of an Order Establishing Claims et. al. for hearing on March 1, 2011 because GM due to the timeframe I received GM's Notice of Hearing of their said Motion and due

2

to the voluminous information provided in the Motion, I did not have reasonable

time to provide a thorough objection.

I pray that this Honorable Court grant the following:

1.    Grant that due to General Motors Corporation ("GM") being sued by

by interested party, Tracy Woody, initially in the District Court of Wake

County of Raleigh, NC and presented in the U. S. Bankruptcy

Court for the Southern District of New York, on the same complaint of

product liability and manufactured defects at the time of purchasing a

Chevrolet Suburban SUV manufactured by GM, fraud, et. al, named in the

Complaint and lawsuit including 5 other defendants and a claim for

damages and losses was allowed to be filed by Tracy Woody against

General Motors Coporation in the Bankruptcy court that my initial claim

filed on 10/25/10 became allowable (court claim number 70481) and, thus

could be amended to an actual dollar figure of 6 defendants to $39,376.02

as it was received by 2/8/11 and that it be listed as an allowed and

established claim against Motors Liquidation Company f/k/a

General Motors Corporation.

2.    Adjustment be made from 10 days to within 14 days to file an objection of

a proposed individual claim reserve objection for holder of such Disputed

General unsecured claims after the date of service of the Estimation

Notice (the "Estimation Objection Deadline") mentioned on page 12 of the

Motion for Debtors for Entry of an order establishing claims et. al. due to

the voluminous documents received by the Debtor, General Motors

Corporation that has to be reviewed and responsed to in a reasonably time
by the estimated objection deadline.

This <u>21st</u> day of February, 2011.

Tracy Woody
4908 Vallery Place
Raleigh, NC 27604
(919) 349-3418

4

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing
Objection by depositing a copy of the same in the United States Mail, postage paid or by
UPS, in an envelope addressed as noted below by Mail to all parties:

Honorable Robert E. Gerber
United States Bankruptcy Judge
Room 621 of the US Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

Clerk of Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Attorneys for Debtors
Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, NY 10153 (Attn: Harvey R.
Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.),the Debtors, c/o
Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370,
Birmingham, Michigan 48009 (Attn: Thomas Morrow); General Motors, LLC, 400
Renaissance Center, Detroit, MI 48265 (Attn: Lawrence S. Buonomo, Esq.), Cadwalader,
Wickersham & Taft LLP, attorneys for the U. S. Dept of the Treasury, One World
Financial Center, NY, NY 10281 (Attn: John J. Rapisardi, Esq.), the U.S. Department of
the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220
(Attn: Joseph Samarias, Esq.), Vedder Price, P.C., attorneys for Export Development
Canada, 1633 Broadway, 47th Floor, New York, NY 10019 (Attn: Michael J. Edelman,
Esq. and Michael L. Schein, Esq.), Kramer Levin Naftalis & Frankel LLP, attorneys for
the statutory committee of unsecured creditors, 1177 Avenue of the Americas, NY, NY
10036(Attn: Thomas Moers Mayer, Esq, Robert Schmidt, Esq., Lauren Macksound, Esq.,
and Jennifer Sharret, Esq.) The office of the U.S. Trustee for the Southern District of
New Your, 33 Whitehall Street, 21st Floor, NY, NY 100004 (Attn: Tracy Hope Davis,
Esq.), The U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New Yor,
NY 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.), Caplin & Drysdale,
Chartered, attorneys for the official committee of unsecured creditors holding asbestos-
related claims, 375 Park Ave., 35th Floor, NY, NY 10152-3500 (Attn: Elihu Inselbuch,
Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington,
DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.), and Stutzman,
Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M.
Trafelet in his capacity as the legal representative for future asbestos personal injury
claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.
Esserman, Esq. and Robert T. Brousseau, Esq.).

This 21st day of February, 2011.          _____
                                          Tracy Woody, Pro Se

5

7015857

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One):**
☑ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) — 09-13558 (REG)

Case No.

**Your Claim is Scheduled As Follows:**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): TRACY WOODY

**Name and address where notices should be sent:**
TRACY WOODY
4908 VALLERY PLACE
RALEIGH NC 27604

Telephone number: 919-349-3418
Email Address:

FEB 2 2

U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 70481
*(If known)*

**Filed on:** 10/25/10

**Name and address where payment should be sent** (if different from above):
Tracy Woody
4908 Vallery Pl
Raleigh, NC 27604
Telephone number: 919-349-3418

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed, June 1, 2009:** $ 39,376.02 *See attached worksheet*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Car loan (See Complaint Attached and contract)
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** 0323

**3a. Debtor may have scheduled account as:** 0323
*(See instruction #3a on reverse side.)*

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☑ Motor Vehicle ☐ Equipment ☐ Other
**Describe:**

**Value of Property:** $ 24,714.85 *See purchase price on contract* **Annual Interest Rate** 10.09 %

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $

**Basis for perfection:**

**Amount of Secured Claim:** $          **Amount Unsecured:** $ 39,376.02 *See attached worksheet*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2)).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**FOR COURT USE ONLY**

**Date:** 2/4/11

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Tracy Woody, 4908 Vallery Place, Raleigh, NC 27604

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
Modified B10 (GCG) (12/08)

5533063631

From:      Tracy Woody
           Tel. 919-349-3418


This worksheet is a summation of expenses incurred in the case of the Defective SUV:

Deficiency Surplus Calculated Aggregate Amount Owed and Loss of SUV vehicle          $21,748.35

Amount I paid on SUV ((467.88 *19) + 351.90)                                          $9,241.62

Car Repairs and loss of items expenses                                                 $773.05

Legal expenses (including copies, court costs, summons, etc.)                         $1,057.00

Rented vehicle since Loss of SUV April 19, 2009 up until 2/4/11((21 mos. +16 days)*300 pr mo)   $6,556.00
                                   *Total Loss and Expenses:  ITEM #1  &  #4:         $39,376.02
                                                              of Proof of Claim

Notes:
From April 19, 2009 - June 1, 2009 GM filed bankruptcy
Rented vehicle expense amount include in above calculations:          $416.13

*Please see all defendants including General Motors listed in Complaint for $39,376.02 reflects my total losses
and expenses with total sum of $39,376.02 to date 2/4/11 against all parties

| | | |
|---|---|---|
| NORTH CAROLINA | ) | IN THE GENERAL COURT OF JUSTICE |
| | ) | DISTRICT COURT DIVISION |
| WAKE COUNTY | ) | |
| | ) | |
| | ) | File No. |
| TRACY WOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | COMPLAINT: |
| ONYX ACCEPTANCE | ) | NON MATERIAL DISCLOSURE |
| CORPORATION, CAPITAL | ) | VIOLATIONS, TRUTH AND LENDING |
| ONE AUTO FINANCE, INC., | ) | ACT, PREDATORY LENDING, FRAUD |
| GENERAL MOTORS COMPANY/ | ) | MAGNUSON-MOSS WARRANTY ACT, |
| CHEVROLET DIVISION OF GM/ | ) | UNIFORM COMMERCIAL CODE |
| GENERAL MOTOR CORP., | ) | SUMMARY, FAIR DEBT COLLECTION |
| FARM AND RANCH AUTO | ) | PRACTICES ACT, REVOCATION OF |
| SALES, INC. | ) | CONTRACT, UNFAIR AND DECEPTIVE |
| | ) | TRADE PRACTICES, LARCENY OF A |
| | ) | MOTOR VEHICLE, FAIR CREDIT |
| | ) | BILLING ACT, FRAUD, PREDATORY |
| | ) | PRACTICES, TRUTH AND |
| | ) | LENDING ACT, NEGLIGENCE, FAIR |
| | ) | CREDIT REPORTING ACT, BREACH OF |
| | ) | CONTRACT, PUNITIVE DAMAGES, & |
| | ) | FAIR CREDIT BILLING ACT |

I am requesting that this Honorable Court grant relief from the defendants who made the following violations of the Magnuson-Moss Warranty Act, Uniform Commercial Code Summary entitling a Revocation of contract, Fair Credit Billing Act, Fraud, Fair Debt Collection Practices Act, Unfair and Deceptive Trade Practices Act, Negligence, Non material disclosure violations, Truth and Lending Act ("TILA"), and Predatory Lending Practices based on the following facts:

1. I have a fraud alert on my credit report in which Capital One Auto Finance never called me directly regarding the SUV loan as to whether I applied for the vehicle which is a requirement of the fraud consumer alert protection against all creditors and Fair Credit Reporting Act.

2. Farm and Ranch Auto Sales assured me that the 2003 chevrolet Suburban SUV was in good condition and serviced which is part of the express warranty. Farm and Ranch Auto Sales refused to address the series of defects as they indicated in my response to the Attorney General's Office, Consumer of Protection. It is Negligence on both Capital One Auto Finance subsidiary of Onyx Acceptance Corporation of refusing to address the defects. The Lender is guilty of predatory lending practices since they did not verify if I could pay for the loan and the sales representative at Farm and Ranch Auto Sales was so quick with the transaction I was not asked for any bank statements being self-employed their was not much of any criteria on creditworthiness on whether I could actually pay for the loan and I was rushed out with keys in my hand and that was it. In the UCC code, I did not receive any kind of rescinding form from Farm and Ranch Auto Sales in which is violation of not providing proper material disclosures. General Motors Company as manufacturer is liable for delivery of a vehicle that is defective and non conforming and non performing. The implied warranty is that the SUV was suppose to work for a particular purpose which is conformity and consistency; however, the SUV was nonconforming and inconsistent. Furthermore, immediately after being driven off the lot, the oil had to be changed which indicated that the SUV had not been serviced as stated by the Sales Representative indicated. Farm and Ranch Auto Sales and Onyx Acceptance Corp. is guilty of fraud in that I was defrauded on the good condition of the 2003 SUV was consistently nonconforming and had existing defective problems which included manufactured defects. The SUV turned out to be a heap of expensive

2

and costly junk. The SUV stranded me and my very young children from infants to younger children since the dealer delivered the defective SUV to me on no less than 6 occasions in various locations such as Clayton, NC, Raleigh, NC, and Salisbury, NC witnessed by Mr. John Tysor, and at a grocery store and along the road witnessed by a family member and senior citizen, Ms. Lillian Woody. I had to get a jump on many occasions, take the battery back to the store, and exchange the battery not having knowledge that the SUV failed to conform due to defects that culminated into the defect of the fuel pump draining the battery and the manufacturers repair defect problem of the fuel tank reading false readings which also contributed to the vehicle cutting off while driving and having to struggle dangerously with the wheel to drift the car on the side of the road. I had to call a wrecker due to the SUV stranding me and my young children and senior citizen family member. Furthermore, the location the SUV was again inoperable was between a visible hill which made the car at high risk of being hit since it was hard to see the vehicle while approaching a hill and very sharp curve. With very little children in the car and a senior citizen as other times being stranded by the SUV while waiting on a wrecker I feared for our safety. With a $33,687.36 total sale price this SUV should have not had the constant expensive costly problems that have accumulated during the time I had the vehicle. I have had at least 7 used cars with 70,000 miles or more mileage then the SUV for over 4 years each in some 25 year period and I never had a fuel pump go bad in the duration of any of my car purchases which were less than $12,000 in value; however, the nonconforming SUV with almost 3 times the expense has had a number of

3

cumulative defective problems which severely impacted its performance. If the
vehicle is valued at $9,000, the $33,687.36 sale purchase has a misrepresented
value on the worth of the SUV when first purchased.

3.  On Sunday, April 19, 2009, a towing vehicle hauled the SUV off. It was
repossessed as the CAD plus Police Department printout states for 4/19/09 and it
was not surrendered. Due to the Bankruptcy Court having jurisdiction on April
22, 2009 case #09-3184 had been properly served on Capital One Auto Finance
all action stops from creditors until it has been decided by the Bankruptcy court
on the lift of stay and Capital One Auto Finance is guilty of Grand Larceny of a
motor vehicle and violation of the Fair Debt Collection Practices Act. The ones
towing the vehicle did not identify themselves and they had my personal
belongings in the vehicle such as a child required car seat of $100 value and a
locked gas cap paid $18 while the car was being serviced in January 2009.
Through a violation of the Fair Debt Collection Practices Act my account for 6
months activity was told to Mr. John Tysor, who is not an account holder, by the
female who was with the group that hauled off the SUV. Mr. John Tysor was told
details of my account and he is not an account holder. However, due to the
constant cost of nonconformance of the SUV, the cost of expensive repairs added
to my severe financial ruin, inability to obtain financing due to receiving higher
fees, and bankruptcy. The problems with the SUV has also handicapped my
inability to perform work in which travel is a requirement in maintaining homes
and meeting consulting customers which has a direct impact on my income; in
turn, causes financial ruin and harm not only on my credit but the negative

4

income and expense in the ability to pay bills. I have reasonable cause to be
awarded a revocation of the contract and full refund of all payments and cost of
this loan transaction and all cost and expenses of the vehicle according to the
Magnuson-Moss Warranty Act and the Uniform Commercial Code Summary of
revocation of contract due to the vehicle non performance and defective activity,
along with all other relief sought in my Complaint. Due to Capital One Auto
Finance and Farm and Ranch Auto Sales selling me a lemon vehicle with an
expensive cost of almost $34,000. The cost of this SUV is a major expense like
the value of a home today. The constant stranded, stalled, series of manufactured
defects and conditions substantially impaired the value of the SUV to me the
consumer at such a high price. The SUV still needs the fuel gauge replaced by
the manufacturer, Chevrolet is a division of General Motors Company and engine
light came on a few weeks ago and it was attributed to an exhaust check and test
to fully repair that problem which would attribute to more of a cost. With the
SUV not conforming to its value Farm and Ranch Auto Sales and Capital One
Auto Finance violated the Magnuson-Moss Warranty Act and Uniform
Commercial Code Summary and thereby a revocation of contract is warranted and
necessary. I am also seeking the cost of the battery of $87.47 and the repair cost
of $538.58 and $9 towing cost which is an additional $636.05. Capital One Auto
Finance still has possession of the SUV.

4. Capital One Auto Finance never provided proper disclosures that a reduction of
$351.90 was applied to my account and in violation of the Fair Credit Billing Act.
This amount was stated by the Bankruptcy Trustee was paid to Capital on my

5

account. Capital One Auto Finance violated the Fair Credit Billing Act by not

providing proper payment disclosures and proper recording to my account in

appropriate statement handling and delivery to consumer before the SUV was

hauled off.  I have not been provided consistent monthly statements since Feb. of

2009 from Capital One Auto Finance.  Capital One Auto Finance claimed the

contract states a 10.09% APR; however, they claimed to the Bankruptcy Trustee

the amount to pay monthly is at a 7% interest rate.  I never received any reduced

adjustment in payments from Capital One Auto Finance nor any statement of

activity regarding this interest rate.  The principal amount is disputed.  My credit

report showed inconsistencies regarding how long the loan should be paid not the

72 month disclosure of the sales contract but a 73 month payment is inaccurate

and inconsistent. Article 15 North Carolina Finance Act 1961, c:1053s 53-183;

1957 c1429 s.3; 1961, c:1053 s.1.;  15-164 12 CFR Part 226 Regulation Z) a

finance company can not make false statements deceive on representation of rates,

terms or conditions of loans and the payments of months of the contract is this

fraudulent misrepresentation along with the condition of the SUV which was in

fact defective.  Fraudulency of the loan from Onyx and Capital One Auto Finance

on my credit reports.  This unfair and deceptive trade practices overcharge

consumers and are not properly disclosed to the consumer from the date of sale

onward and during the account activity which is in violation of the Unfair and

Deceptive Trade Practices Act and Fair Credit Billing Act and Fair Credit

Reporting Act and Truth and Lending Act violations ("TILA").

6

5.  Onyx Acceptance Corp was properly served that I was in Bankruptcy and they did not return the SUV nor my materials in the vehicle they repossessed on April 19, 2009 for it in fact was not surrendered.  Onyx Acceptance Corp and Capital One are guilty of larceny of a motor vehicle.  They violated the Bankruptcy Stay since as of April 24, 2009 from receiving the Bankruptcy notice, they have held the SUV and still have it.

I petition that this Honorable Court:

1.  Acknowledges the revocation of the contract, my full refund paid to Capital One Auto Finance of $8,889.72, reimbursement for the stolen child seat of $100, locked gas cap of 18, gas I just put in the SUV $10 in the tank when it was hauled off, 2007 battery and repair purchases mentioned in January 2009 repair bill of $636.05 which totals 9,653.77 plus cost of using another vehicle while I did not have the SUV in my possession since April 19, 2009 with a cost of renting the car for 5 months at $300 a month or $1,500 and counting.   Due to the violation of the Fair Debt Collection Practices Act, predatory lending practices, larceny of motor vehicle, Truth and Lending Act, other state and federal statues, and along with punitive damages.

2.  All Onyx Acceptance Corp.'s attorney fees and be charged to Defendants due to their state and federal violations.

3.  Punitive, breach of contract, treble damages in fraudulency of loan and defective performance of the SUV and the negative affect it has had on my credit reports in violation of the Fair Credit Reporting Act.

7

4.    Onyx Acceptance Corp contract is revoked according to the UCC and Magnuson Warranty Act and due to the manufactured defects of the 2003 Chevrolet Suburban SUV manufactured by Chevrolet which is a division of General Motors Company.

This the 18th day of August, 2009.

_____

Tracy Woody, Pro Se

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing Affidavit by depositing a copy of the same in the United States Mail, postage prepaid, in an envelope addressed as noted below where service is indicated BY MAIL:

George R. Bell Sr.
Farm and Ranch Auto Sales, Inc.
4328 Louisburg Rd.
Raleigh, NC 27604

Capital One Auto Finance, Inc.
Capital One Auto Finance Subsidiary Onyx Acceptance Corporation
Registered Agent
327 Hillsborough Street
Raleigh, NC 27603

Onyx Acceptance Corporation
c/o Attorney John C. Bircher III
White & Allen, PA
1319 Commerce Drive
P. O. Drawer U
New Bern, NC 28562

General Motors Company
General Motor Corporation
Registered Agent: 30600 Telegraph Rd., Ste 2345
Bingham Farms, MI 48025

Chevrolet
Division of GM
P. O. B. 33170
Detroit, MI 48232-5170

This <u>18th</u> day of August, 2009.

_____
Tracy Woody, Pro Se

# Capital One® | auto finance™

Capital One Auto Finance, Inc.
P. O. Box 93016
Long Beach, CA 90809-3016

08/29/06

IlIlIlIlIlIlIlIlIIIIIlIlIlIlIllIlIlIlIIlIlIlIlIlI

9543

TRACY WOODY
.1322 HOLMAN STREET
RALEIGH, NC 27601

Dear TRACY WOODY,

Congratulations on your recent vehicle purchase. We sincerely hope that your new CHEVROLE will provide you with many years of reliable service.

Your dealer has assigned your account to Capital One Auto Finance, Inc. (COAF) or COAF's subsidiary, Onyx Acceptance Corporation, and COAF is servicing your account. You will be receiving a monthly billing statement 7 - 10 days prior to your due date, which will make it convenient to mail your payments each month. However, if you have not received the statement by your first payment date of 10/03/06, please mail the payment directly to us so that it arrives by the scheduled due date.

The address for your payment is:    Capital One Auto Finance, Inc.
                                    P. O. Box 93016
                                    Long Beach, CA 90809-3016

The following disclosures apply to your loan:
Loan Account Number: 2280323
Loan Type Number:  1001
Maturity date:  09/03/12
Payment Amount:  $467.88
Annual Percentage Rate:  10.09%

73 mos.

As a condition of your finance contract, please remember to keep us informed of any address or telephone number changes. You must also keep your vehicle insured for physical damage during the term of the finance contract with a minimum policy term of six months. All renewals of your physical damage insurance should have a minimum policy term of six months.

Please include your loan account number on any payment or correspondence you send us. To protect your credit, plan on making your payments on time. If you have any questions concerning your account, you may call us toll free at 1-800-946-0332. We may monitor and record all contacts with you to assure quality service.

Very truly yours,

Capital One Auto Finance, Inc.

1/30/09

WE REMOVED A BATTERY
FOR MRS WOODY THAT HAD
A MFG DATE of ~~Heff~~ DEC/06
A SHIP DATE of 01/07
THE LABEL STATED 3 YEAR

FREE REPLACEMENT

# FARM & RANCH AUTO SALES, INC.

4328 Louisburg Rd.
Raleigh, NC 27604
(919) 876-7286

08   9/2006

| | | |
|---|---|---|
| Date | | |

TRACY MICHELLE REID
1322 HOLMAN ST
RALEIGH    WAKE          NC. 27601-
919-828-1568        919-349-3418

Purchaser's Name
Street Address
City    County    State    Zip
Res. Phone        Bus. Phone

## PLEASE ENTER MY ORDER FOR THE FOLLOWING

☐ NEW or ☒ USED    ☐ CAR or ☐ TRUCK

| YEAR | MAKE | MODEL | DOORS | COLOR |
|---|---|---|---|---|
| 2003 | Chevrol | | | Subur |

| SERIAL NUMBER | 3GNEC16ZX3G268568 |
|---|---|

| STOCK NO. | SALESMAN STEVE | DEAL NO. |
|---|---|---|

### INSURANCE COVERAGE

NAME OF INSURANCE CO. ERIE INSURANCE

NAME OF AGENCY

ADDRESS OF AGENCY

PHONE NO. OF AGENCY    919-8

NAME OF PERSON TO CONTACT (AGENT)

POLICY NUMBER    Q080120967

### DESCRIPTION OF TRADE IN

| YEAR | MAKE | MODEL | DOORS | COLOR | MILEAGE |
|---|---|---|---|---|---|

| SERIAL NUMBER | |
|---|---|

### DESCRIPTION OF SECOND TRADE IN

| YEAR | MAKE | MODEL | DOORS | COLOR | MILEAGE |
|---|---|---|---|---|---|

| SERIAL NUMBER | |
|---|---|

### PAY OFF INFORMATION

LENDER

ADDRESS

PERSON TO CONTACT    PHONE NUMBER (    )

AMOUNT    GOOD N/A UNTIL    VERIFIED BY

* The customer services represent costs and profits to the seller/dealer for items such as inspecting, cleaning maintaining and adjusting new and used vehicles.

## FOR USED CARS ONLY

**USED CAR BUYERS GUIDE.** THE INFORMATION YOU SEE. ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

| | | |
|---|---|---|
| CASH PRICE OF CAR | | 23995.00 |
| MILEAGE 52106 | | |

| | | |
|---|---|---|
| CASH PRICE | | 23995.00 |
| * CUSTOMER SERVICES | | 299.50 |
| TAX | | 719.85 |
| REGISTRATION/TITLE LICENSE PROCUREMENT FEE | | 74.00 |
| 1. TOTAL CASH PRICE DELIVERED | | 25088.35 |
| 2. CASH DOWN PAYMENT | DEPOSIT ON ORDER | N/A |
| | CASH ON DELIVERY | N/A |
| 3. TRADE IN | | N/A |
| | LESS BALANCE OWING TO | N/A |
| 4. TOTAL DOWN PAYMENT (2+3) | | N/A |
| 5. UNPAID BALANCE OF CASH PRICE (1-4) | | 25088.35 |
| 6. OTHER CHARGES | INSURANCE | N/A |
| | | N/A |
| 7. UNPAID BALANCE (AMOUNT FINANCED) (5+6) | | 25088.35 |

### MOST LENDERS REQUIRE 25% DOWN

Purchaser agrees that this Order includes all of the terms and conditions on both the face and reverse side hereof, that this Order cancels and supercedes any prior agreement and as of the date hereof comprises and exclusive statement of the terms of the agreement relating to the subject matters covered by, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE AND IN THE EVENT OF A TIME SALE, DEALER NOT BE OBLIGATED TO SELL UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALLMENT CONTRACT EN THE PARTIES HERETO BASED ON SUCH TERMS. Purchaser by his exclusion of this Order certifies that he is 18 years of age or older and acknowledges that he has read its terms and c  nd has received a true copy of this Order.

_____    _____
PURCHASER'S SIGNATURE    DATE

ED BY _____
DEALER OR HIS AUTHORIZED REPRESENTATIVE

Capital One Auto Finance, Inc.
3905 North Dallas Parkway
Plano, TX 75093
1-800-946-0332

**Account #:** 4080323
**Vehicle:** 03 CHEVROLE SUBURBAN
**VIN:** 3GCEC13C43G268568

TRACY WOODY
4908 VALLERY PL
RALEIGH, NC 27604-6518                3635

### Explanation of Calculation of Surplus or Deficiency

Dear TRACY WOODY

Capital One Auto Finance, Inc. is the owner and holder of the above referenced account. Under the terms of the Retail Installment Contract and Security Agreement for the account, and pursuant to applicable law, Capital One Auto Finance sold the collateral (vehicle) pledged to secure the indebtedness for the sum of $9,300.00. After applying the net proceeds from the sale, along with any applicable refunds, as required by the terms and conditions of the loan contract, a Deficiency Balance remains, in the amount of $13,946.48, for which you remain liable under your Agreement.

The Deficiency/Surplus Balance was calculated as follows:

| | | |
|---|---|---|
| Aggregate Amount Owed........................................................ | | $21,748.35 |
| Proceeds from sale of Collateral............................................. | (-) | $9,300.00 |
| Subtotal.................................................................................. | = | $12,448.35 |
| Expenses for the retaking, holding, preparing for disposition, processing and disposing of the collateral, including attorney fees and interest............ | (+) | $1,498.13 |
| Credits for refunds of insurance premiums, service contracts, GAP............... | (-) | $0.00 |
| Rebates of unearned interest or credit service charge | (-) | $0.00 |
| The amount of the deficiency as of 02/24/10............................ | = | $13,946.48 |

Future expenses, charges, additional interest, credits and refunds may affect the amount of the deficiency/surplus. The above referenced deficiency balance is due in full. Your immediate attention is requested. Please remit payment of the full deficiency balance to

Capital One Auto Finance
P.O Box 261930
Plano, TX 75026-1930

You may contact Capital One Auto Finance at the above address or by the telephone number provided below if you wish to have additional information about the transaction. You are entitled without charge to one explanation of calculation of surplus or deficiency during any 6 month period in which you did not receive an explanation.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

All of Capital One Auto Finance's claims, demands and accruals regarding the above described indebtedness, whenever made and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable laws, and are accordingly limited so that applicable laws are not violated.

Sincerely,
Capital One Auto Finance
1-800-227-3863, ext.1302

Capital One Auto Finance, Inc. is a subsidiary of Capital One, National Association, and services the following Capital One affiliated companies: Onyx Acceptance Corporation and Capital One, National Association.

Deficiency_Balance_Gen_600

CLR0485A 6056 2000 1227R  07 100224 PAGE 00001 OF 00001 COAFCOR 00003635

**RETAIL INSTALLMENT SALE CONTRACT**
**SIMPLE FINANCE CHARGE**
**THIS IS A CONSUMER CREDIT DOCUMENT**

| Dealer Number | | Contract Number |
|---|---|---|

| Buyer (and Co-Buyer) Name and Address (including County and Zip Code) | Creditor - Seller (Name and Address) |
|---|---|
| TRACY-MICHELLE WOODY | FARM & RANCH AUTO SALES INC |
| 1322 HOLHAM ST | 4328 LOUISBURG ROAD |
| RALEIGH NC 27501- WAKE | RALEIGH NC 27604- "SELLER" |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| | 2003 | Chevrolet | 2G1CB2G68568 | ☐ personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ .00 |
|---|---|---|---|---|
| 10.09 % | $ 8599.01 | $ 25088.35 | $ 33687.36 | $ 33687.36 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 467.88 | Monthly beginning 10/03/2006 |

Or As Follows:

Insurance. You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.
If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign again.
**Optional Credit Insurance**

☐ Credit Life   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| Premium: | |
|---|---|
| Credit Life $ | N/A |
| Credit Disability $ | N/A |

Insurance Company Name _____

Home Office Address _____

**Late Charge.** If payment is not received in full within ___ 10___ days after it is due, you will pay a late charge of ___5___% of the part of the payment that is late, if the vehicle is primarily for personal, family, household, or agricultural use, the maximum charge for each late payment will be $ ___6.00___.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| 1 Cash Price (including $ ___719.85___ sales tax) | $ 24714.85 (1) |
| 2 Total Downpayment = | |

| | (Year) | (Make) | (Model) | |
|---|---|---|---|---|
| Trade-in | | | | |
| Gross Trade-in Allowance | | | $ | N/A |
| Less Pay Off Made By Seller | | | $ | N/A |
| Equals Net Trade-in | | | $ | .00 |
| + Cash | | | $ | N/A |
| + Other | | | $ | N/A |
| (If total downpayment is negative, enter "0" and see 4H below) | | | $ | .00 (2) |
| 3 Unpaid Balance of Cash Price (1 minus 2) | | | $ | 24714.85 (3) |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf | | | | |
| (Seller may keep part of these amounts): | | | | |
| A Cost of Optional Credit Insurance Paid to Insurance | | | | |
| Company or Companies | | | | |
| Life | | | $ | N/A |
| Disability | | | $ | N/A |
| B Vendor's Single Interest Insurance Paid to Insurance Company | | | $ | N/A |
| C Other Insurance Paid to the Insurance Company | | | $ | N/A |
| D Official Fees Paid to Government Agencies | | | $ | N/A |
| E Government Taxes Not Included In Cash Price | | | $ | |
| F Government License and/or Registration Fees | | | | |
| LIC: 34.00 | | | $ | 34.00 |
| G Government Certificate of Title Fees | | | $ | 40.00 |
| H Other Charges (Seller must identify who is paid and | | | | |
| describe purpose) | | | | |
| to _____ for Prior Credit or Lease Balance | | | $ | N/A |
| to FARM & RANCH for DOC FEE | | | $ | 299.50 |
| to _____ for _____ | | | $ | N/A |
| to _____ for _____ | | | | |
| to _____ for _____ | | | | |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | | $ | 373.50 (4) |
| 5 Amount Financed (3 + 4) | | | $ | 25088.35 (5) |

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in item 4A of the itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Insurance**

☐ _____ Type of Insurance _____ N/A _____ Term
Premium $ _____ N/A
Insurance Company Name _____
Home Office Address _____ N/A

I want the insurance checked above.

X _____
Buyer Signature     Date

X _____
Co-Buyer Signature     Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.

**Returned Check Charge.** You agree to pay a charge of $ ___25.00___ if any check you give us is dishonored.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI Insurance for the initial term of this contract to protect the Creditor from loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI Insurance is obtained. If you elect to purchase VSI Insurance through the Creditor, the cost of this insurance is $ ___N/A___ and is also shown in item 4B of the ITEMIZATION OF AMOUNT FINANCED. The coverage is for the initial term of the contract.

**OPTION:** ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before ___N/A___ Year ___ SELLER'S INITIALS ___

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot contact this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. ___ Buyer Signs X ___ Co-Buyer Signs X ___
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _Tracy Woody_ Date 08/19/06 Co-Buyer Signs X _____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ 4328 LOUISBURG RDA RALEIGH NC 27604-
Seller signs FARM & RANCH AUTO SALES INC Date 08/19/06 By X _____ Title _____

Seller assigns its interest in this contract to ONYX ACCEPTANCE CORP (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse
FARM & RANCH AUTO SALES INC _____ By _____ Title _____

LAW FORM NO. 553-NC ___

ORIGINAL LIENHOLDER

OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security interest.
You give us a security interest in:
• The vehicle and all parts or goods installed in it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle.
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the cost of the insurance and a finance charge at the Annual Percentage Rate shown on the front of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
• You do not pay any payment on time;
• You start a proceeding in bankruptcy or one is started against you or your property; or
• You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. You may have to pay collection costs. If we hire an attorney to collect what you owe, you will pay reasonable attorney's fees and court costs as permitted by law.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for those items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay the amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. Applicable Law.** Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" or "agricultural" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-MO 10/04


Auto Finance

## Transaction History Report

Date: 8/21/2008
Time: 2:32:28PM

| Process Date | Seq | Interest | Principal | Misc1 | Balance | Effective Date | Tr.Code | Action/Field | Change Data | Misc3 N | Total | Int Adj | Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/02/2008 | 002 | .00 | .00 | 5.00 | 20,131.18 | 08/02/2008 | 46 | L | | .00 | .00 | .00000 | **** |
| 07/03/2008 | 005 | .00 | .00 | 5.00 | 20,131.18 | 07/03/2008 | 46 | L | | .00 | .00 | .00000 | **** |
| 06/02/2008 | 007 | .00 | .00 | 5.00 | 20,131.18 | 06/02/2008 | 46 | L | | .00 | .00 | .00000 | **** |
| 05/03/2008 | 008 | 16.74 | .00 | .00 | 20,430.10 | 05/03/2008 | 30 | S | | .00 | .00 | .00000 | **** |
| 05/03/2008 | 009 | 168.96 | 298.92 | .00 | 20,131.18 | 05/03/2008 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 04/03/2008 | 009 | 17.55 | .00 | .00 | 20,720.89 | 04/03/2008 | 30 | S | | .00 | .00 | .00000 | **** |
| 04/03/2008 | 001 | 177.09 | 290.79 | .00 | 20,430.10 | 04/03/2008 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 04/02/2008 | 009 | .00 | .00 | 5.00 | 20,720.89 | 04/02/2008 | 46 | L | | .00 | .00 | .00000 | **** |
| 03/03/2008 | 009 | 17.22 | .00 | .00 | 21,014.97 | 03/03/2008 | 30 | S | | .00 | .00 | .00000 | **** |
| 03/03/2008 | 001 | 173.80 | 294.08 | .00 | 20,720.89 | 03/03/2008 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 02/02/2008 | 001 | 26.68 | .00 | .00 | 21,213.61 | 02/02/2008 | 30 | S | | .00 | .00 | .00000 | **** |
| 02/02/2008 | 002 | 269.24 | 198.64 | .00 | 21,014.97 | 02/02/2008 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 12/18/2007 | 007 | 18.25 | .00 | .00 | 21,497.26 | 12/18/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 12/18/2007 | 008 | 184.23 | 283.65 | .00 | 21,213.61 | 12/18/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 11/17/2007 | 001 | 17.90 | .00 | .00 | 21,784.48 | 11/17/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 11/17/2007 | 002 | 180.66 | 287.22 | .00 | 21,497.26 | 11/17/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 10/18/2007 | 005 | 183.02 | 284.86 | .00 | 21,784.48 | 10/18/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 09/18/2007 | 009 | 197.62 | 270.26 | .00 | 22,069.34 | 09/18/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 08/17/2007 | 003 | .62 | .00 | .00 | 22,613.69 | 08/17/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 08/17/2007 | 004 | 193.79 | 274.09 | .00 | 22,339.60 | 08/17/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 07/17/2007 | 006 | 18.19 | .00 | .00 | 22,898.00 | 07/17/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 07/17/2007 | 007 | 183.57 | 284.31 | .00 | 22,613.69 | 07/17/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 06/18/2007 | 008 | 25.95 | .00 | .00 | 23,104.02 | 06/18/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 06/18/2007 | 009 | 261.86 | 206.02 | .00 | 22,898.00 | 06/18/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 05/08/2007 | 002 | 21.75 | .00 | .00 | 23,352.42 | 05/08/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 05/08/2007 | 003 | 219.48 | 248.40 | .00 | 23,104.02 | 05/08/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 04/04/2007 | 005 | 21.98 | .00 | .00 | 23,598.50 | 04/04/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 04/04/2007 | 006 | 221.80 | 246.08 | .00 | 23,352.42 | 04/04/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 03/01/2007 | 008 | 17.02 | .00 | .00 | 23,894.64 | 03/01/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 03/01/2007 | 009 | 171.74 | 296.14 | .00 | 23,598.50 | 03/01/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 02/03/2007 | 008 | 24.44 | .00 | .00 | 24,115.85 | 02/03/2007 | 30 | S | | .00 | .00 | .00000 | **** |
| 02/03/2007 | 009 | 246.67 | 221.21 | .00 | 23,894.64 | 02/03/2007 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 12/28/2006 | 002 | 16.05 | .00 | .00 | 24,421.71 | 12/28/2006 | 30 | S | | .00 | .00 | .00000 | **** |

### Transaction History Report

Date: 8/21/2008
Time: 2:32:28PM

Account # 0000321109 | Borrower: TRACY WOODY | Transaction Type: ALL | Transaction Level: ALL | From: 08/20/2008 | To: 08/21/2008

| Process Date | Seq | Interest | Principal | Misc1 | Balance | Effective Date | Tr.Code | Action/Field | Change Data | Misc3 N | Total | Int Adj | Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/28/2006 | 003 | 162.02 | 305.86 | .00 | 24,115.85 | 12/28/2006 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 12/04/2006 | 001 | 21.63 | .00 | .00 | 24,671.34 | 12/04/2006 | 30 | S | | .00 | .00 | .00000 | **** |
| 12/04/2006 | 002 | 218.25 | 249.63 | .00 | 24,421.71 | 12/04/2006 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 11/02/2006 | 005 | 21.16 | .00 | .00 | 24,925.62 | 11/02/2006 | 30 | S | | .00 | .00 | .00000 | **** |
| 11/02/2006 | 006 | 213.60 | 254.28 | .00 | 24,671.34 | 11/02/2006 | 30 | A | | .00 | 467.88 | .00000 | ACHP |
| 10/02/2006 | 009 | 30.24 | .00 | .00 | 25,088.35 | 10/02/2006 | 30 | S | | .00 | .00 | .00000 | **** |
| 10/02/2006 | 001 | 305.15 | 162.73 | .00 | 24,925.62 | 10/02/2006 | 30 | A | | .00 | 467.88 | .00000 | ACHP |

```
421367341988
FIVE POINTS SERVICE
1847 GLENWOOD DR
RALEIGH, NC 27608
919-834-8539

MERCHANT 8208 808800037299 001
DATE : 01/13/09  05:57 AM

INVOICE #:  175788
ACCOUNT #:  XXXXXXXXXXX3396
TYPE:       VISA

REF  #   13
BATCH #:  434
AUTH #:   617354

SALE       $   548.58


I AGREE TO PAY THE ABOVE
TOTAL AMOUNT ACCORDING
TO CARD ISSUER AGREEMENT

X_____
        SIGNATURE


TOP COPY - MERCHANT BOTTOM - CARD HOLDER
```

PD
1/28/09

FIVE POINTS SERVICE CENTER
1847 GLENWOOD AVE.
RALEIGH, NC 27608

(919) 834-8539

| NAME | TRACY WOOD | | DELIVERY | TIME |
| ADDRESS | | | YES ☐ | AM |
| CITY | | | NO ☐ | AM |
| BILL TO | | | YEAR 63 | MAKE |
| ADDRESS | | | LICENSE 80 | |
| | | | SPEEDOMETER | |
| PHONE WHEN READY | RES. PHONE | BUS. PHONE 349-3418 | MOTOR NO. | |
| YES ☐ NO ☐ | | | | |

OPER. NO.          REPAIR ORDER - LABOR INSTRUCTIONS

285
1845

30335

LABOR + REMOVE FUEL TANK
MODEL & REINSTALL TANK / REMOVE
THAT WAS DATED SHIP DATE OF 1/07
WAS A 3 YEAR FREE REPLACEMENT /

NOTE: FUEL WHICH A LITTLE OFF
ABOVE & WIRED TIGHT.

TOTAL FOR LABOR PERFORM

"Any warrantee on the products sold hereby are those made by the manufacturer. The se
hereby expressly disclaims all warranties, either express or implied, including any impli
or fitness for a particular purpose, and neither assumes nor authorizes any other perso
in connection with the sale of said products."

| QTY. | GAS, OIL AND ATF | PRICE | BILLING INFO. | INTERNAL |
|---|---|---|---|---|
| | GALS. GAS @ | | ☐ CASH | ACCT. CO |
| | QTS. OIL @ | | ☐ CHARGE | |
| | QTS. ATF @ | | ☐ INTERNAL | |
| | TOTAL - GAS, OIL AND ATF | | OK'D BY | |

Replaced parts will be returned if you request them when the repairs
are ordered. (You may inspect those parts which must be returned to
the manufacturer).
Replaced Parts Requested By Customer (Please Check) ☐ Yes ☐ No

I hereby authorize the above repair work to be done along with necessary
materials. You and your employees may operate above vehicle for pur-
pose of testing, inspection or delivery at my risk. An express mechanic's
lien is acknowledged on above vehicle to secure the amount of repairs
thereto. It is understood that this company assumes no responsibility
for loss or damage by theft or fire to vehicles placed with them for stor-
age, safe, repair or while road testing.

AUTHORIZED BY

_____ DATE ___/___/___

WHITE - C
YELLOW

FIVE POINTS SERVICE CENTER
501 GLENWOOD AVE
RALEIGH, NC 27603
(919) 834-8539

DATE 1/27/03

REPAIR ORDER No.

29005

**PART NO. OR DESCRIPTION — N- NEW · U- USED · R- REBUILT**

| | PART NO. OR DESCRIPTION | AMOUNT |
|---|---|---|
| 1 | FUEL PUMP MODULE | 285 — |
| 1 | FUEL FILTER | 18 95 |

TOTAL PARTS ▶ 303 95

ESTIMATE OF LABOR AT THIS ADDRESS ▶

SUBLET REPAIRS:

TOTAL SUBLET REPAIRS ▶

TOTAL ESTIMATE AMOUNT
(INCLUDES PARTS, ACCESSORIES, LABOR AND SUBLET REPAIRS)

ADDITIONAL PARTS FROM REVERSE SIDE OF SHOP COPY

TOTAL ESTIMATE ▼

TOTAL ESTIMATE ▼

PO 1/28/03

NAME: Thel Wood

REPAIR ORDER / LABOR INSTRUCTIONS

63 Chevy Suburban
MOTOR No. WB-3·195
SPEEDOMETER  80600

| | YEAR | MAKE | MODEL |
|---|---|---|---|
| LICENSE: | 63 | Chev | Suburban |

| | GAS, OIL AND AT | | PRICE |
|---|---|---|---|
| QTY. | | | |
| | GAS, GAS | @ | |
| | QTS. OIL | @ | |
| | QTS. ATF | @ | |

TOTAL · GAS, OIL AND ATF

| | | ESTIMATE CHARGE | LABOR CHARGE |
|---|---|---|---|
| SUBLET REPAIRS | | | |
| TOTAL PARTS | | 303 95 | |
| GAS, OIL, ATF | | | |
| PAINT | | | |
| ACCESSORIES | | | |
| TIRES AND TUBES | | | |
| SALES TAX | | 21 63 | |
| **TOTAL AMOUNT** ▼ | | 530 58 | |

WHITE - Office Copy    PINK - Estimate
YELLOW - Customer's Invoice    TAG - Shop Copy

# EAST COAST TOWING

1528 Mechanical Blvd.
Garner, NC  27529
(919) 835-0705
Fax: (919) 662-0826
www.eastcoasttowing.net

TOWING SERVICE

313046

BILL TO: *Woody*

CASH
CHARGE
ON ACCOUNT

| DATE | TIME | REQUESTED BY |
|------|------|--------------|
| 2/2/09 | 2:00 | Tri-A |

OWNER: *Woody*

| YEAR | MAKE/MODEL/COLOR | TAG # |
|------|------------------|-------|
| 02 | Sub 1500 Blk | |

VIN

MILEAGE BEFORE TOWING

| LOCATION OF VEHICLE | TOWED TO |
|---------------------|----------|
| Buffalo | Glenwood |

| MILEAGE | SERVICE TIME | EXTRA TIME |
|---------|--------------|------------|
| FINISH | FINISH | FINISH |
| START | START | START |
| TOTAL  6 | TOTAL | TOTAL |

**VEHICLE WILL NOT BE RELEASED UNTIL WRECKER SERVICE IS PAID**

REMARKS:

CK #1050

| | | |
|---|---|---|
| MILEAGE CHG. | | |
| TOWING CHG. | 9 | 00 |
| LABOR CHG. | | |
| STORAGE CHG. | | |
| 2nd TOW | | |

| SIGNATURE OF CAR OWNER OR AGENT | DATE | | | |
|---|---|---|---|---|
| SIGNATURE OF TOW OPERATOR | DATE | **TOTAL** | 9 | 00 |



SUPERCENTER
WE SELL FOR LESS
MANAGER STACEY TREADWAY
1725 NEW HOPE CHURCH ROAD
RALEIGH, NC
ST# 2058 OP# 00002848 TE# 95 TR# 08654

**** EXCHANGE SLIP ****
MAXX-75N   068113107881 D    72.94 X
BATT CORE FE 068113107867     9.00 T
MAXX-75N   068113107881      72.94 X
BATT CORE FE 068113107867     9.00 T
            SUBTOTAL          0.00
            TOTAL             0.00

CASH TEND          0.00
CHANGE DUE         0.00


        NET REFUND ITEMS     81.94-
SUMMARY
        NET EXCH/SALE ITEMS  81.94
        TOTAL TAX             5.53
        MDSE TOTAL           87.47

# # ITEMS SOLD 2

TC# 8006 3694 3010 1268 6923



**********SAVE RECEIPT**********
* RETURN OLD BATTERY FOR PROPER *
*RECYCLING AND REFUND OF BATTERY*
*    DEPOSIT WITH THIS RECEIPT  *
********************************

Get real-world money-saving tips and
ideas at walmart.com/connectandshare
        01/28/09    16:04:16