**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                      :       **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :       **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*  :
:
            Debtors.                       :       **(Jointly Administered)**
:
-------------------------------------------------------------x

### NOTICE OF DEBTORS' OBJECTION TO
### ADMINISTRATIVE PROOF OF CLAIM NO. 70696 FILED BY JOHN S. GRAY

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to proof of claim number 70696 filed by Mr. John S. Gray (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

US_ACTIVE:\43631143\02\72240.0639

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, a professional corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                  :
                                                            :
                         Debtors.                           :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

### DEBTORS' OBJECTION TO
### ADMINISTRATIVE PROOF OF CLAIM NO. 70696 FILED BY JOHN S. GRAY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

1.      Pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors object to proof of claim number 70696 filed by Mr. John S. Gray ("**Gray**") that asserts a $353,808 administrative expense claim against MLC arising from

US_ACTIVE:\43631143\02\72240.0639

wages, salaries, and compensation on the basis that Mr. Gray fails to provide sufficient information and documentation to establish a prima facie claim against the Debtors. In the alternative, the Debtors object to Mr. Gray's claim on the basis that any outstanding obligations due to Mr. Gray were assumed by, and are the responsibility of, General Motors, LLC ("**New GM**") rather than the Debtors. A copy of the proof of claim is annexed hereto as **Exhibit "A."**

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). By order dated December 14, 2010,[3] the Court established February 14, 2011 as the deadline to file proofs of claim for administrative expenses arising between June 1, 2009 and January 31, 2011.

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[3] Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated December 14, 2010 (ECF No. 8099).

**Proof of Claim No. 70696**

4. Mr. Gray alleges an administrative expense claim in the amount of $353,808 for "wages; pension owed were to be paid as a unit" from 1995 to the present. Mr. Gray, however, fails to provide any specific details or supporting documentation to establish his claim such as delineating between unpaid wages or benefits incurred before June 1, 2009 and unpaid wages or benefits incurred after June 1, 2009. The Debtors' records indicate Mr. Gray is a current employee of General Motors LLC (a/k/a "**New GM**") and is a member of the United Auto Workers. The Debtors do not believe that any wages or benefits are due and owing by the Debtors to Mr. Gray.

5. Pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM, New GM assumed substantially all employee-related obligations, including, among other things, all obligations arising under employee benefit plans for United Auto Workers employees such as Mr. Gray. (Sections 2.3(a)(xiii) and 6.17(e) and (f) of the Master Purchase Agreement).

**The Relief Requested Should Be Approved by the Court**

6. To be legally sufficient, a proof of claim must (a) be in writing; (b) make a demand on the debtor's estate; (c) express the intent to hold the debtor liable for the debt; (d) be properly filed; and (e) be based upon facts that would allow, as a matter of equity, the document to be accepted as a proof of claim. *First Nat'l Bank v. Circle J. Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1989). If a claim fails to comply with any of the foregoing requirements, it is not entitled to prima facie validity under Bankruptcy Rule 3001. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir.

B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  A proof of claim that is prima facie valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992).  Absent specific factual allegations and supporting documentation, a proof of claim is not prima facie valid.  *Id.*; *see also In re Pinnacle Brands, Inc.,* 259 B.R. 46, 50 (Bankr. D. Del. 2001) (upholding debtor's objection to creditor's proof of claim because creditor could not establish facts necessary to support prima facie claim against debtor).

7. To establish a prima facie claim for administrative expense priority, a creditor must also allege sufficient facts with supporting documentation to establish that (a) an expense arises out of a transaction between the creditor and the debtor after the debtor commences its bankruptcy case and (b) the consideration supporting the claimant's right to payment was both supplied and beneficial to the postpetition debtor in the operation of its business in bankruptcy.  *Trustee of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986).  Bankruptcy courts in New York as well as in other jurisdictions have made clear that priority under section 503(b) of the Bankruptcy Code "is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate." *In re Dana Corp.,* 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008).  Efforts undertaken by a creditor to benefit its own interests are not compensable under section 503(b).  *Id.*  The benefit conferred must be a "direct benefit" on the debtor's estate – an indirect benefit is not sufficient.  *Id.*; *see also In re Granite Partners, L.P.,* 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997) (noting that services that primarily benefit a creditor do not justify a substantial contribution award even if they also indirectly benefit the estate).

8.      Proof of claim number 70696 fails to meet this standard. Mr. Gray alleges a claim for unpaid wages, salary, and compensation, but fails to provide any accounting or documentation about the specifics of his claims other than his claim arise from services performed between 1995 and present. As noted above, to assert an administrative expense claim, the claim must arise from services rendered to a debtor and for the benefit of the debtor's estate. To that end, Mr. Gray must delineate between the portions of his claim that arise before the Commencement Date (i.e., June 1, 2009) and those portions of his claim that arise after. Absent further details and supporting documentation, proof of claim number 70696 is facially defective and does not establish a prima facie claim. Unless Mr. Gray provides such information or documentation as well as an accounting of actual unpaid wages, salary, and compensation, the Debtors request that proof of claim number 70696 be disallowed and expunged in its entirety.

9.      In the alternative, proof of claim number 70696 still should be disallowed in its entirety because responsibility for Mr. Gray's claims, irrespective of what such claims are, has been assumed by New GM pursuant to the Master Purchase Agreement and, in turn, the Debtors have no liability with respect to such claims. To avoid the possibility of a double recovery (once from the Debtors and again from New GM), the Debtors request that Court disallow and expunge proof of claim number 70696 in its entirety.

10.     There is no basis to reclassify this claim to a general unsecured claim as the claim was filed on January 29, 2011, more than 13 months after the November 30, 2009 deadline for filing claims against the Initial Debtors.

**Notice**

11.     Notice of this Objection has been provided to Mr. Gray and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated

January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

*[Handwritten margin notes: "STILL WORKING", "80 YRS OLD"]*

7016176

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | ADMINISTRATIVE PROOF OF CLAIM |
|---|---|
| **Name of Debtor** *(Check only one)*<br>☑ Motors Liquidation Company (f/k/a General Motors Corporation)  09-50026 (REG)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50027 (REG)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50028 (REG)<br>☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc.)  09-13558 (REG)<br>☐ Remediation and Liability Management Company, Inc  09-50029 (REG)<br>(subsidary of General Motors Corporation)<br>☐ Environmental Corporate Remediation Company Inc  09-50030 (REG)<br>(subsidary of General Motors Corporation) | **FILED - 70696**<br>**MOTORS LIQUIDATION COMPANY**<br>**F/K/A GENERAL MOTORS CORP**<br>**SDNY # 09-50026 (REG)** |

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts), to file a proof of claim for certain administrative expenses against the Debtors is (i) on or before February 14, 2011 at 5:00 p.m. (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011 and (ii) the date that is thirty (30) days after the Effective Date at 5:00 p.m. (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

**ADMINISTRATIVE CLAIM**

**Name of Creditor** (The person or other entity to whom the debtor owes money or property) **JOHN S GRAY**

Name and address where notices should be sent
**JOHN S GRAY**
**2425 DEXTER RD**
**AUBURN HILLS MI 48326**

Telephone Number

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars
☐ Check box if you have never received any notices from the bankruptcy court in this case
☐ Check box if the address differs from the address on the envelope sent to you by the court

Last four digits of account or other number by which creditor identifies debtor **GM4404 OR S.S.#**

Check here ☐ replaces   ☐ amends   a previously filed claim dated _____
if this claim

*[Stamp: THE GARDEN CITY GROUP INC  JAN 28 2011]*

**1 Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U S C § 1114(a)
☑ Wages, salaries and compensation (fill out below)
   Last four digits of SS# _____
   Unpaid compensation for services performed
   from _____ to _____
         (date)        (date)

**2 Date debt was incurred** (must be on or after June 1, 2009)
**FROM 1995 TO PRESENT**

**3 If court judgment, date obtained**

**4 Total Amount of Administrative Claim $ 353,808.00**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5 Brief Description of Administrative Expense Claim** (attach any additional information)  **WAGES - PENSION OWED WERE TO BE PAID AS A UNIT**

**6 Credits** All payments made on this claim have been credited and deducted for the purpose of making this proof of claim
**NO PAYMENTS MADE ON THIS CLAIM**

**7 Supporting Documents**
Attach copies of supporting documents, such as promissory notes contracts, security agreements, and evidence of perfection of liens
DO NOT SEND ORIGINAL DOCUMENTS
**NEVER PAID - NO RECEIPTS**

**8 This Administrative Proof of Claim**
☑ is the first filed proof of claim evidencing the claim asserted herein
☐ supplements a proof of claim filed on or about _____
☐ replaces/supersedes a proof of claim filed on _____

**9 Date-Stamped Copy** To receive an acknowledgement of the filing to your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date<br>**1-23-11 S** | Sign and print the name and title if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney if any)<br>*/s/ John S. Gray*<br>**JOHN S. GRAY** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

9940435211



THE GARDEN CITY GROUP
ATTN: MOTORS LiQUiDATION Co. Claims Processing
P.O. BOX 9386
DUBLIN, OHIO
43017-4286

Mr. John S. Gray
2425 Dexter Rd
Auburn Hills, MI 48326-2311



**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
     F/k/a General Motors Corp., *et al.* :
: 
     Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

**ORDER GRANTING DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 70696 FILED BY JOHN S. GRAY**

Upon the objection to proof of claim number 70696 filed by John S. Gray, dated February 24, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging proof of claim number 70696 on the ground that it fails to provide sufficient documentation to ascertain the validity of the claim and, in the alternative, New GM has assumed responsibility for any obligations related to the claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\43631143\02\72240.0639

2

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 70696 is disallowed and expunged from the claims registry in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE