HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

**In re**                               :        **Chapter 11 Case No.**
                               :

**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*   :
                               :

                 **Debtors.**        :        **(Jointly Administered)**
                               :

------------------------------------------------------------x

**NOTICE OF DEBTORS' OBJECTION TO**
**ADMINISTRATIVE PROOF OF CLAIM NO. 70917 FILED BY DEVAKI GANESAN**

      **PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed an objection to administrative proof of claim number 70917 filed by

Devaki Ganesan (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection

will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room

621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, a professional corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response

Deadline**").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after

the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Objection, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
   February 24, 2011

          /s/ Joseph H. Smolinsky      
          Harvey R. Miller
          Stephen Karotkin
          Joseph H. Smolinsky

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
        f/k/a General Motors Corp., et al.,  :
                                          :
                Debtors.                  :        (Jointly Administered)
                                          :
------------------------------------------------------------x
```

**DEBTORS' OBJECTION TO**
**ADMINISTRATIVE PROOF OF CLAIM NO. 70917 FILED BY DEVAKI GANESAN**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

   Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

   1.  Pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors object to proof of claim number 70679 filed by Devaki

Ganesan ("**Ganesan**") that asserts a $307,640 administrative expense claim against MLC for

"amounts lost due to closing plant in Oklahoma City" on the basis that Ganesan did not render

any services or otherwise provide a benefit to the Debtors' estates that would entitle his claim to

an administrative expense priority.  A copy of the proof of claim is annexed hereto as

**Exhibit "A."**

### Jurisdiction

2.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.       On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Case Number 09-50026 (REG).  By order dated

December 14, 2010,[3] the Court established February 14, 2011 as the deadline to file proofs of

claim for administrative expenses arising between June 1, 2009 and January 31, 2011.

### Proof of Claim No. 70917

4.       Ganesan alleges an administrative expense claim in the amount of

$307,640 for "amounts lost due to closing plan in Oklahoma City."  Ganesan also includes an

---

[1]   The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2]   The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[3] Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated December 14, 2010 (ECF No. 8099).

accounting of related retiree benefits although the amounts set forth in the attachment do not add

up to $307,640.  According to proof of claim 70917 and the Debtors' books and records,

Ganesan retired from the Debtors on April 30, 2006.

### The Relief Requested Should Be Approved by the Court

5.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law."

6.      To establish a claim for administrative expense priority, a creditor must

also allege sufficient facts with supporting documentation to establish that (a) an expense arises

out of a transaction between the creditor and the debtor after the debtor commences its

bankruptcy case and (b) the consideration supporting the claimant's right to payment was both

supplied and beneficial to the postpetition debtor in the operation of its business in bankruptcy.

*Trustee of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986).

Bankruptcy courts in New York as well as in other jurisdictions have made clear that priority

under section 503(b) of the Bankruptcy Code "is reserved for those rare and extraordinary

circumstances when the creditor's involvement truly enhances the administration of the estate."

*In re Dana Corp.,* 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008).  Efforts undertaken by a creditor

to benefit its own interests are not compensable under section 503(b).  *Id.*  The benefit conferred

must be a "direct benefit" on the debtor's estate – an indirect benefit is not sufficient. *Id.*; *see also In re Granite Partners, L.P.,* 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997) (noting that services that primarily benefit a creditor do not justify a substantial contribution award even if they also indirectly benefit the estate).

7.      Proof of claim number 70917 fails to meet this standard.  Ganesan retired from the Debtors on April 30, 2006 – more than three years prior to the Commencement Date (i.e., June 1, 2009).  Accordingly, Ganesan's asserted benefit claims also arise from services predating the Debtors' chapter 11 cases.  Because Ganesan rendered such services prior to the Debtors' chapter 11 cases, Ganesan could not have provided a benefit of the Debtors' estates and, in turn, Ganesan's claims are not entitled to administrative expense priority.  There is no basis to reclassify the claim as it was filed on February 11, 2011, more than 14 months after November 30, 2009, the deadline for filing general unsecured claim against the Initial Debtors.  Based upon the foregoing, the Debtors request that proof of claim number 70917 be disallowed and expunged in its entirety.

## Notice

8.      Notice of this Objection has been provided to Ganesan and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

9.      No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
       February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | ADMINISTRATIVE PROOF OF CLAIM |
|---|---|

Name of Debtor  (Check only one)
- ☒ Motors Liquidation Company (f/k/a General Motors Corporation)        09-50026 (REG)
- ☐ MLCS, LLC (f/k/a Saturn, LLC)        09-50027 (REG)
- ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)        09-50028 (REG)
- ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )        09-13558 (REG)
- ☐ Remediation and Liability Management Company, Inc        09-50029 (REG)
      (subsidiary of **General Motors Corporation**)
- ☐ Environmental Corporate Remediation Company, Inc        09-50030 (REG)
      (subsidiary of **General Motors Corporation**)

THE GARDEN CITY GROUP, INC
FEB 1 4 2011

**ADMINISTRATIVE CLAIM**

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtors is (i) on or before February 14, 2011 at 5 00 p m (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

Name of Creditor (The person or other entity to whom the debtor owes money or property)  DEVAKI GANESAN

Name and address where notices should be sent
**DEVAKI GANESAN**
**13908 PLANTATION WAY**
**EDMOND, OK  73013**

Telephone Number  405-478-8923

- ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars
- ☐ Check box if you have never received any notices from the bankruptcy court in this case
- ☐ Check box if the address differs from the address on the envelope sent to you by the court

**FILED - 70917**
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

FILED - 70917

| Last four digits of account or other number by which creditor identifies debtor | Check here if this claim | ☐ replaces | a previously filed claim, dated _____ |
|---|---|---|---|
| | | ☐ amends | |

**1  Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☒ Retiree benefits as defined in 11 U S C § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
      Last four digits of SS#  5941
      Unpaid compensation for services performed
      from 9/30/2006 to age ___
         (date)            (date)

**2  Date debt was incurred (must be on or after June 1, 2009).**

**3  If court judgment, date obtained:**

**4  Total Amount of Administrative Claim**  $ 307,640 00

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

**5  Brief Description of Administrative Expense Claim (attach any additional information):**

Amounts lost due to closing plant in Oklahoma

**6  Credits.**  All payments made on this claim have been credited and deducted for the purpose of making this proof of claim.

**7  Supporting Documents**
Attach copies of supporting document, such as promissory notes, contracts, security agreements, and evidence of perfection of liens
DO NOT SEND ORIGINAL DOCUMENTS

**8  This Administrative Proof of Claim:**
- ☐ is the first filed proof of claim evidencing the claim asserted herein
- ☒ supplements a proof of claim filed on or about 12 | 2009
- ☐ replaces/supersedes a proof of claim filed on _____

**9  Date-Stamped Copy:** To receive an acknowledgement of the filing to your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date 2/11/11 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)   *Devaki Ganesan*   DEVAKI GANESAN | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim*  Fine up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

1760358694

*DEVAKI GANESAN, MD*

*13908 PLANTATION WAY*

*EDMOND, OK 73013*

*405-478-8923 [H]*

*405-478-8925[F]*

*devakig@aol.com*

Dear Mr. Olson:

I got the information given below from GM benefits center. I have attached the printed sheets from internet source outlining payment history beginning this year. It also lists breakdown for amounts deducted for various benefits I receive.

LIFE INSURANCE DETAILS ARE AS FOLLOWS:

1. LIFE BASIC [DEVAKI]                10,000.00   BY GM

2. PERSONAL ACCIDENTAL       500,000.00  -0-

3. OPTIONAL INSURANCE        143,820.00  178.00/ MONTH

4. PERS.ACC.INS-SPOUSE        150,000.00  3.00/month

5. LIFE INS [SPOUSE]             100,000.00  80.00/MONTH

6. VOLUNTARY ADDITIONAL

LIFE INS [DG]                        25,000.00   56.60/MONTH

Thank you very much for your help in this regard.

Enclosures: 1. Summary retirement payments-2009, 2. Breakdown of retirement payment.

Date of retirement: 4/30/2006

Health benefits discontinued 1/1/2009

Yours sincerely,



Devaki Ganesan

## Payment History - Details

Print this Page

| Payment | GM SALARIED RETIREMENT PROGRAM (DB038404-002) |
|---|---|
| Advice Number | 00027351855 |
| Payment Date | 11/01/2009 |
| Gross Amount | $4,612.27 |
| Net Amount | $3,781.51 |
| Payment Status | Deposited |

Go to Payment History to review all your payments

### Payment Breakdown

| Description | Current | Year-to-Date |
|---|---|---|
| **Gross Amount** | | |
| Taxable Income | $4,509.95 | $49,609.45 |
| Non-Taxable Income | $102.32 | $1,125.52 |
| Total Gross Amount | $4,612.27 | $50,734.97 |
| | | |
| **Deductions** | | |
| DEPENDENT LIFE | $0.00 | $480.00 |
| FED WITHHOLDING | $418.82 | $4,273.40 |
| OPTIONAL LIFE-OLIC | $178.34 | $1,961.74 |
| PER ACCIDENT-PAI | $13.00 | $171.00 |
| STATE TAX | $184.00 | $1,813.00 |
| VOLUNTARY LIFE INS | $56.60 | $169.80 |
| Total Deductions | $830.76 | $8,868.94 |
| Net Amount | $3,781.51 | $41,866.03 |

Payment Advice mailed to:

13908 PLANTATION WAY
EDMOND, OK 73013

Payment deposited:

BANK OF OKLAHOMA NATL. ASN.
Checking Account
Account Number: xxxxx0588
Routing Number: 103900036

### Funding Details

| Fund Name | Amount |
|---|---|
| CONTRIBUTIONS | $1,718.87 |
| SALARIED RET PROGRAM | $2,593.40 |
| THE LEVEL BENEFIT | $300.00 |
| Total Gross Amount | $4,612.27 |

NetBenefits® provided by
Fidelity

© 1996-2009 FMR LLC
All rights reserved.

Legal Disclaimer  Terms of Use  Privacy  Security

IA=1 HG=2 AT=2 DX=1 MZ=2

Wali Ganesan
3908 Plantation Way
Edmond, OK 73013

The Garden City Group, Inc
Attn: Motors Liquidation
Company Claims Processing
5151. Blazer Parkway
Suite A.
Dublin, Ohio 43017



**fedex com** 1 800 GoFedEx 1 800 463 3339

FedEx Express

**US Airbill**

8739 5278 2650

8739 5278 2650

Form ID No    0200

**FedEx Retrieval Copy**

# Terms And Conditions

**Definitions** On this Airbill "we" "our" "us" and "FedEx" refer to Federal Express Corporation its employees and agents You and your refer to the sender its employees, and agents

**Agreement To Terms** By giving us your package to deliver you agree to all the terms on this Airbill and in the current FedEx Service Guide which is available upon request You also agree to those terms on behalf of any third party with an interest in the package If there is a conflict between the current FedEx Service Guide and this Airbill the current FedEx Service Guide will control No one is authorized to change the terms of our Agreement

**Responsibility For Packaging And Completing Airbill** You are responsible for adequately packaging your goods and properly filling out this Airbill If you omit the number of packages and/or weight per package our billing will be based on our best estimate of the number of packages we received and/or an estimated "default" weight per package as determined by us

**Responsibility For Payment** Even if you give us different payment instructions we will always be primarily responsible for all delivery costs, as well as any cost we incur in either returning your package to you or warehousing it pending disposition

**Limitations On Our Liability And Liabilities Not Assumed**

- Our liability in connection with this shipment is limited to the lesser of your actual damages or $100 unless you declare a higher value-pay an additional charge and document your actual loss in a timely manner You may pay an additional charge for each additional $100 of declared value The declared value does not constitute nor do we provide cargo liability insurance

- In any event we will not be liable for any damage whether direct incidental special or consequential in excess of the declared value of a shipment whether or not FedEx had knowledge that such damages might be incurred including but not limited to loss of income or profits

- We won't be liable

— for your acts or omissions including but not limited to improper or insufficient packing securing marking or addressing or those of the recipient or anyone else with an interest in the package

— if you or the recipient violates any of the terms of our Agreement

— for loss of or damage to shipments of prohibited items

— for loss damage or delay caused by events we cannot control including but not limited to acts of God perils of the air, weather conditions civil commotions or acts of public authorities with actual or apparent authority

**Declared Value Limits**

- The highest declared value allowed for a FedEx Envelope or FedEx Pak shipment is $500

- For other shipments, the highest declared value allowed is $50 000 unless your package contains items of extraordinary value in which case the highest declared value allowed is $1 000

- Items of extraordinary value include shipments containing such items as artwork jewelry furs precious metals nego tiable instruments and other items listed in the current FedEx Service Guide

- You may send more than one package on this Airbill and fill in the total declared value for all packages not to exceed the $500 $1 000, or $50 000 per package limit described above (Example 5 packages can have a total declared value of up to $250,000 ) In that case our liability is limited to the actual value of the package(s) lost or damaged but may not exceed the maximum allowable declared value(s) or the total declared value whichever is less You are responsible for proving the actual loss or damage

**Filing A Claim** YOU MUST MAKE ALL CLAIMS IN WRITING and notify us of your claim within strict time limits set out in the current FedEx Service Guide

You may call our Customer Service department at 1 800 GoFedEx 1 800 463 3339 to report a claim however you must still file a timely written claim We aren't obligated to act on any claim until you have paid all transportation charges and you may not deduct the amount of your claim from those charges

If the recipient accepts your package without noting any damage on the delivery record we will assume the package was delivered in good condition For us to process your claim you must make the original shipping cartons and packing available for inspection

**Right To Inspect** We may at our option open and inspect your packages before or after you give them to us to deliver

**Right Of Rejection** We reserve the right to reject a shipment when such shipment would be likely to cause delay or damage to other shipments equipment or personnel or if the shipment is prohibited by law or if the shipment would violate any terms of our Airbill or the current FedEx Service Guide

**C O D Services** C O D SERVICE IS NOT AVAILABLE WITH THIS AIRBILL If C O D Service is required please use a FedEx C O D Airbill

**Air Transportation Tax Included** A federal excise tax when required by the Internal Revenue Code on the air transportation portion of this service if any is paid by us

**Money-Back Guarantee** In the event of untimely delivery FedEx will at your request and with some limitations refund or credit all transportation charges See the current FedEx Service Guide for more information

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                           :        **Chapter 11 Case No.**

MOTORS LIQUIDATION COMPANY, *et al.*,  :       **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*  :

         Debtors.        :      **(Jointly Administered)**

-------------------------------------------------------------x

**ORDER GRANTING DEBTORS' OBJECTION TO
ADMINISTRATIVE PROOF OF CLAIM NO. 70917 FILED BY DEVAKI GANESAN**

Upon the objection to proof of claim number 70917 filed by Devaki Ganesan, dated February 24, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging proof of claim number 70917 on the ground that it is not entitled to administrative expense priority, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of

claim number 70917 is disallowed and expunged from the claims registry in its entirety; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE