HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                : Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
                Debtors.             : (Jointly Administered)
:
------------------------------------------------------------x

# NOTICE OF DEBTORS' 211TH OMNIBUS OBJECTION TO CLAIMS
(Tax Claims Assumed by General Motors LLC)

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed their 211th omnibus objection to expunge certain tax claims (the "**211th Omnibus Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 211th Omnibus Objection to Claims will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 29, 2011 at 9:45**

US_ACTIVE:\43638953\01\72240.0639

**a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 211TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 211th Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the

statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 211th Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 211th Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
        February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
**In re**                                         :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,         :    **09-50026 (REG)**
  **f/k/a General Motors Corp.,** *et al.*        :
:
            Debtors.                              :    (Jointly Administered)
:
----------------------------------------------------------------x

### DEBTORS' 211TH OMNIBUS OBJECTION TO CLAIMS
(Tax Claims Assumed by General Motors LLC)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

US_ACTIVE:\43638953\01\72240.0639

**Relief Requested**

1.  The Debtors file this 211th omnibus objection to expunge certain tax claims (the "**211th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit "A"** annexed hereto.[1]

2.  The Debtors have examined the proofs of claim identified on Exhibit "A" hereto filed by certain taxing authorities (collectively, the "**Taxing Authorities**") and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Tax Claims**") are claims related to tax liabilities that have been assumed by General Motors LLC ("**New GM**") pursuant to the terms of that certain Amended and Restated Master Sale and Purchase Agreement (the "**Master Purchase Agreement**"), dated as of June 26, 2009, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation, Chevrolet-Saturn of Harlem, Inc., and New GM. As described further below, as a result of the assumption by New GM, the Tax Claims are no longer liabilities of MLC or the Debtors and should therefore be disallowed and expunged. Contact information for a New GM representative is set out in paragraph 14 below to further assist the Taxing Authorities whose Tax Claims are the subject of this 211th Omnibus Objection to Claims.

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com. A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

**The Master Purchase Agreement**

3. Article II (*Purchase and Sale*), Section 2.1 (*Purchase and Sale of Assets; Assumption of Liabilities*) of the Master Purchase Agreement provides:

> On the terms and subject to the conditions set forth in this Agreement, other than as set forth in Section 6.30, Section 6.34 and Section 6.35, at the Closing, Purchaser shall (a) purchase, accept and acquire from Sellers, and Sellers shall sell, transfer, assign, convey and deliver to Purchaser, free and clear of all Encumbrances (other than Permitted Encumbrances), Claims and other interests, the Purchased Assets and (b) assume and thereafter pay or perform as and when due, or otherwise discharge, all of the Assumed Liabilities.

4. Section 2.3(a) of the Master Purchase Agreement (*Assumed and Retained Liabilities*) provides in pertinent part:

> (a) The "Assumed Liabilities" shall consist only of the following Liabilities of Sellers:
>
> (v) all Liabilities of Sellers (A) arising in the Ordinary Course of Business during the Bankruptcy Case through and including the Closing Date, to the extent such Liabilities are administrative expenses of Sellers' estates pursuant to Section 503(b) of the Bankruptcy Code and (B) arising prior to the commencement of the Bankruptcy Cases to the extent approved by the Bankruptcy Court for payment by Sellers pursuant to a Final Order (and for the avoidance of doubt, Sellers' Liabilities in clauses (A) and (B) above include Sellers' Liabilities for personal property Taxes, real estate and/or other ad valorem Taxes, use Taxes, sales Taxes, franchise Taxes, income Taxes, gross receipt Taxes, excise Taxes, Michigan Business Taxes and Michigan Single Business Taxes), in each case, other than (1) Liabilities of the type described in Section 2.3(b)(iv), Section 2.3(b)(vi) and Section 2.3(b)(ix), (2) Liabilities arising under any dealer sales and service Contract and any Contract related thereto, to the extent such Contract has been designated as a Rejectable Executory Contract, and (3) Liabilities otherwise assumed in this Section 2.3(a);

5. The term "Liabilities" is defined in the recitals to the Master Purchase Agreement as follows:

> "Liabilities" means any and all liabilities and obligations of every kind and description whatsoever, whether such liabilities or obligations are known or unknown, disclosed or undisclosed, matured or unmatured, accrued, fixed, absolute, contingent, determined or undeterminable, on or off-balance sheet or otherwise, or due or to become due, including Indebtedness and those arising under any Law, Claim, Order, Contract or otherwise.

6. Pursuant to the Master Purchase Agreement, New GM has assumed all taxes described above, which include the Tax Claims. The Debtors therefore seek entry of an order disallowing and expunging from the claims register the Tax Claims.

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

8. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs,

---

[2] The Initial Debtors are Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

9. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

10. Furthermore, on October 6, 2009, this Court entered the Procedures Order, which authorizes the Initial Debtors, among other things, to file omnibus objections to no more than 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. The claimants that are listed in Exhibit "A" have all filed claims against the Initial Debtors.

## The Relief Requested Should Be Approved by the Court

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Debtors have compared their books and records with the proofs of claim identified on Exhibit "A" and have determined that the Tax Claims are not the responsibility of MLC or the Debtors, having been assumed by New GM as described herein. Paragraph 26 of the Order approving the Master Purchase Agreement (ECF No. 2968) provides that:

> Except as provided in the [Master Purchase Agreement] or this Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities other than certain Cure Amounts as provided in the [Master Purchase Agreement], and all holders of such claims are forever barred and estopped from asserting such claims against the Debtors, their successors or assigns, and their estates.

13. To avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Tax Claims.

### Contact Details for New GM Representative

14. Taxing Authorities may contact the following New GM representative to discuss the Tax Claims and confirm their assumption by New GM:

Angela R. Winiarski (Senior Tax Counsel)

Telephone:   313-665-4025
Fax:         313-665-4125
Email:       angela.winiarski@gm.com

Address:     General Motors Company
             300 GM Renaissance Center
             MC# 482-C16-B16
             Detroit, MI 48265

### Notice

15. Notice of this 211th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended

US_ACTIVE:\43638953\01\72240.0639         6

Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

09-50026-mg    Doc 9445    Filed 02/24/11    Entered 02/24/11 21:51:11    Main Document
Pg 12 of 18

| 211th Omnibus Objection | | Exhibit A | | | Motors Liquidation Company, et al. |
| --- | --- | --- | --- | --- | --- |
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
| --- | --- | --- | --- | --- | --- |
| BLOUNT COUNTY TRUSTEE<br>347 COURT STREET<br>MARYVILLE, TN 37804 | 70880 | Motors Liquidation Company | $318.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$318.00  (T)<br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CITY OF CHATTANOOGA<br>101 EAST 11TH ST, STE 100<br>CHATTANOOGA, TN 37402 | 70904 | Motors Liquidation Company | $830.32  (S)<br>$0.00  (A)<br>$373.30  (P)<br>$0.00  (U)<br>$1,203.62  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CITY OF GREENVILLE<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70702 | Motors Liquidation Company | $0.00  (S)<br>$387.94  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$387.94  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CITY OF RICHMOND VIRGINIA<br>ATTN: D PADGETT, CITY HALL ROOM 100<br>900 EAST BROAD STREET<br>RICHMOND, VA 23219 | 70973 | Motors Liquidation Company | $2,864.52  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$0.00  (U)<br>$2,864.52  (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| CITY OF RICHMOND VIRGINIA<br>ATTN: D PADGETT, CITY HALL, ROOM 100<br>900 EAST BROAD STREET<br>RICHMOND, VA 23219 | 70974 | Motors Liquidation Company | Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

**211th Omnibus Objection**  **Exhibit A**  **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| CITY OF RICHMOND, VIRGINIA<br>ATTN D PADGETT<br>CITY HALL, ROOM 100<br>900 EAST BROAD STREET<br>RICHMOND, VA 23219 | 70861 | Motors Liquidation Company | $2,813.52 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$51.00 (U)<br>$2,864.52 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| COMMERCE ISD<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70701 | Motors Liquidation Company | $0.00 (S)<br>$29.35 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$29.35 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| FRANKLIN COUNTY & FRANKLIN COUNTY WATER DISTRICT<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70703 | Motors Liquidation Company | $0.00 (S)<br>$4.21 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$4.21 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| GREENVILLE ISD<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70704 | Motors Liquidation Company | $0.00 (S)<br>$663.11 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$663.11 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| JEFFERSON ISD<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70705 | Motors Liquidation Company | $0.00 (S)<br>$23.61 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$23.61 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

| | | | | | |
|---|---|---|---|---|---|
| 211th Omnibus Objection | | | Exhibit A | | Motors Liquidation Company, et al.<br>Case No. 09-50026 (REG), Jointly Administered |

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR<br>PO BOX 54110<br><br>LOS ANGELES, CA 90054 | 70617 | Motors Liquidation Company | $0.00 (S)<br>$2,117.73 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$2,117.73 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MARION COUNTY TREASURER<br>200 E WASHINGTON ST STE 1041<br><br>INDIANAPOLIS, IN 46204<br>UNITED STATES OF AMERICA | 70668 | Motors Liquidation Company | $0.00 (S)<br>$1,215,869.58 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$1,215,869.58 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| MINEOLA ISD TAX OFFICE<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70706 | Motors Liquidation Company | $0.00 (S)<br>$22.51 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$22.51 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RICHLAND COUNTY TREASURER<br>BART HAMILTON<br>RICHLAND TREASURER<br>50 PARK AVE EAST<br>MANSFIELD, OH 44902<br>UNITED STATES OF AMERICA | 70662 | Motors Liquidation Company | $368,463.44 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$368,463.44 (T)<br><br>Unliquidated | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| RIVERSIDE COUNTY TREASURER - TAX COLLECTOR<br>ATTN DON KENT - TAX COLLECTOR<br>PO BOX 12005<br>RIVERSIDE, CA 92502 | 70800 | Motors Liquidation Company | $777.55 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$777.55 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 3

09-50026-mg    Doc 9445    Filed 02/24/11    Entered 02/24/11 21:51:11    Main Document
Pg 16 of 18

211th Omnibus Objection                    **Exhibit A**                      Motors Liquidation Company, et al.
                                                                              Case No. 09-50026 (REG), Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| TRAVIS COUNTY<br>C/O KARON Y. WRIGHT<br>P.O. 1748<br>AUSTIN, TX 78767 | 70947 | Motors Liquidation Company | $0.00 (S)<br>$23,629.34 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$23,629.34 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| TYLER ISD<br>C/O PERDUE BRANDON FIELDER COLLINS & MOTT LLP<br>ATTN: DAVID HUDSON<br>PO BOX 2007<br>TYLER, TX 75710 | 70707 | Motors Liquidation Company | $0.00 (S)<br>$673.08 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$673.08 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| WEBER COUNTY CORPORATION<br>C/O WEBER COUNTY TREASURER<br>2380 WASHINGTON BLVD<br>OGDEN, UT 84401 | 70810 | Motors Liquidation Company | $497.95 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$497.95 (U)<br>$995.90 (T) | No Liability; Claims seek recovery of amounts for which the Debtors are not liable | Pgs. 1-5 |
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | **18** | | **$376,565.30** (S)<br>**$1,243,420.46** (A)<br>**$373.30** (P)<br>**$548.95** (U)<br>**$1,620,908.01** (T) | | |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".

(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 4

HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :      Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :      09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                                    Debtors.                :      (Jointly Administered)
                                                            :
------------------------------------------------------------x

# ORDER GRANTING DEBTORS' 211TH OMNIBUS OBJECTION TO CLAIMS
## (Tax Claims Assumed by General Motors LLC)

Upon the 211th omnibus objection to expunge certain tax claims, dated February 24, 2011 (the "**211th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Tax Claims on the grounds that each Tax Claim is for a tax obligation for which the Debtors have no liability, all as more fully described in the 211th Omnibus Objection to Claims; and due and proper notice of the 211th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 211th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 211th Omnibus Objection to Claims.

US_ACTIVE:\43638953\01\72240.0639

in interest and that the legal and factual bases set forth in the 211th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 211th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the 211th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*"; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
　　　　_____, 2011

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge