HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                        :
In re                                   :      Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      09-50026 (REG)
         f/k/a General Motors Corp., et al.,   :
                                        :
                        Debtors.        :      (Jointly Administered)
                                        :
------------------------------------------------------------x
```

### NOTICE OF DEBTORS' MOTION TO RECLASSIFY
### PROOF OF CLAIM NO. 29628 FILED BY TIESHA MCNEAL

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed a motion to reclassify proof of claim number 29628 filed by Ms. Tiesha

McNeal (the "**Motion**"), and that a hearing (the "**Hearing**") to consider the Motion will be held

before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance

with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors,

767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin,

Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401

South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas

Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn:

Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the

United States Department of the Treasury, One World Financial Center, New York, New York

10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

(vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor,

New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

(vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured

creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers

Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

(viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S.

Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered,

attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375

Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and

Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:

Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman

& Plifka, a professional corporation, attorneys for Dean M. Trafelet in his capacity as the legal

representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to

be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Objection

Deadline**").

   **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and

served with respect to the Motion or any claim set forth thereon, the Debtors may, on or after the

Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Motion, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: New York, New York
   February 24, 2011

       /s/ Joseph H. Smolinsky
       Harvey R. Miller
       Stephen Karotkin
       Joseph H. Smolinsky

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtors
       and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                    :
                        Debtors.    :        (Jointly Administered)
                                    :
------------------------------------------------------------x
```

**DEBTORS' MOTION TO RECLASSIFY**
**PROOF OF CLAIM NO. 29628 FILED BY TIESHA MCNEAL**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.      Pursuant to sections 502(b) and 507(a)(5) of title 11 of the United States

Code (the "**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), the Debtors request proof of claim number 29628 filed by

Ms. Tiesha McNeal ("**McNeal**") against MLC be reclassified in its entirety from a secured and

priority claim to a general unsecured claim. This objection does not address the merits of Ms.

McNeal's claim and the Debtors reserve all rights and defenses with respect to the same,

including, without limitation, the right to object and dispute proof of claim number 29628 on the

merits. A copy of the proof of claim is annexed hereto as **Exhibit "A."**

### Jurisdiction

2.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.        On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Case Number 09-50026 (REG). On September 15, 2009,

the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs,

which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors

filed their schedules of assets and liabilities and statements of financial affairs.

4.        On September 16, 2009, this Court entered an order (ECF No. 4079)

establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim

in the Initial Debtors' cases, including governmental units. On December 2, 2009, this Court

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental

units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established

April 16, 2010 as the deadline to file proofs of claim).

### Proof of Claim No. 29628

5.      Ms. McNeal alleges a secured and priority claim of $1 million for race and

gender discrimination, sexual harassment, and retaliatory termination while she worked at the

Debtors' Shreveport, Louisiana facility.  Although the Debtors continue to investigate Ms.

McNeal's serious factual allegations and whether this claim would be one assumed by General

Motors LLC pursuant to that certain Master Sale and Purchase Agreement, dated June 26, 2009,

Ms. McNeal provides no basis to entitle her claim to secured or priority status.  Ms. McNeal

provides no information as to any collateral or security interest.  Further, Ms. McNeal cites no

specific provision of the Bankruptcy Code that would elevate her claim to priority status.  The

Debtors have also reviewed their books and records and find no basis to entitle Ms. McNeal's

claims to secured or priority status.

### The Relief Requested Should Be Approved by the Court

6.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law."

7.      The Debtors object to the secured and priority status of Ms. McNeal's claim and request the Court reclassify the claim in its entirety as a general unsecured claim. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the estate has an interest. 11 U.S.C. § 506(a); *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003). In the present case, Ms. McNeal specifies no liens nor any underlying collateral that secures her claims. The Debtors have also reviewed their books and records and are unaware of any setoff rights that would elevate Ms. McNeal's claim to secured status.

8.      For a claim to receive priority status, it be one of the types of claim specified by section 507(a) of the Bankruptcy Code to receive priority status. *See U.S. v. Noland*, 517 U.S. 535 (1996) (finding Congress intended to establish a priority scheme in section 507(a) of the Bankruptcy Code and holding a bankruptcy court cannot categorically derogate the scheme). For example, section 507(a)(4) grants claims for wages, salaries, or commission earned within the 180 days prior to the commencement of a debtor's chapter 11 case priority status up to $11,750. Section 507(a) of the Bankruptcy Code, however, does not provide priority status to claims such as those alleged by Ms. McNeal. Although Ms. McNeal checks the box for priority status, Ms. McNeal fails to specify any particular provision of section 507(a) of the Bankruptcy Code that would entitle her claim to priority status.

9.      Based upon the foregoing, the Debtors request that proof of claim number 29628 be reclassified in its entirety from a secured and priority claim to a general unsecured claim. The Debtors have not yet reviewed the substance of Ms. McNeal's claim but in view of the imminent hearing on confirmation of the Debtors' plan of liquidation, it is important

that the claim be immediately reclassified as a general unsecured claim, subject to the Debtors'

right to object on other grounds.

## **Reservation of Rights**

10.     The Debtors reserve the right to object to proof of claim number 29628 in

its entirety for any reason.

## **Notice**

11.     Notice of this Motion has been provided to Ms. McNeal and parties in

interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R.

Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated

January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other

or further notice need be provided.

12.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
        February 24, 2011

                            /s/ Joseph H. Smolinsky
                            Harvey R. Miller
                            Stephen Karotkin
                            Joseph H. Smolinsky

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

**Exhibit "A"**



| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)                                    Case No

■ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
□ MLCS, LLC (f/k/a Saturn, LLC)                                    09-50027 (REG)
□ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
□ MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc )      09-13558 (REG)

Your Claim is Scheduled As Follows.

NOTE. *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

Name of Creditor (the person or other entity to whom the debtor owes money or property)  Tiesha McNeal

Name and address where notices should be sent

Tiesha McNeal
6700 Jefferson Paige Rd #308
Shreveport, La 71119

Telephone number  318-834-4165
Email Address  tdagirl@gmail.com

□ Check this box to indicate that this claim amends a previously filed claim.

EEOC No. 461-2009-00708
Court Claim Number_____
(If known)

Filed on 02-23-2009

Name and address where payment should be sent (if different from above)

FILED - 29628
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

□ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

□ Check this box if you are the debtor or trustee in this case

NOV 18 2009  THE GARDEN CITY GROUP, INC.

If an amount is identified above  you ha e a claim scheduled by one of the Debtors as shown  (This scheduled amount of your claim may be an amendment to a previously scheduled amount )  If you agree with the amount and priority of your claim as scheduled by the Debtor and you ha e no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT  a proof of claim MUST be filed in accordance with the attached instructions  you need not file again

1  Amount of Claim as of Date Case Filed, June 1, 2009  $ 1 million

If all or part of your claim is secured, complete item 4 below  however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

□ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

2  Basis for Claim  Race, employment discrimination and Retaliation Claim
(See instruction #2 on reverse side )  See - attached

3  Last four digits of any number by which creditor identifies debtor _____

3a  Debtor may have scheduled account as _____
(See instruction #3a on reverse side )

4  Secured Claim (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  □ Real Estate  □ Motor Vehicle  □ Equipment  ■ Other
Describe  Discrimination, Race, Sex, Retaliation Fired

Value of Property $_____  Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any  $_____

Basis for perfection_____

Amount of Secured Claim  $ 1 million   Amount Unsecured  $_____

6  Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7  Documents  Attach redacted copies of any documents that support the claim, such as promissory notes  purchase orders, invoices, itemized statements or running accounts  contracts  judgments  mortgages and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary (see instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any  portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

□ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

□ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

□ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

□ Up to $2,425* of deposits toward purchase, lease  or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

□ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

□ Up to the value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

■ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$ 1 Million

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Date 11-11-2009

Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any

Tiesha McNeal

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*
Modified B10 (GCG) (12/08)



## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, P.O. BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY SUITE A, DUBLIN OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS NOVEMBER 30, 2009 AT 5:00 PM  (PREVAILING EASTERN TIME)

**Court, Name of the Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS below.) State the type and value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases. (See DEFINITIONS, below.) Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature.**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem, Inc ) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted certain information. A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com



## U.S. Equal Employment Opportunity Commission
### New Orleans Field Office

1555 Poydras Street
Suite 1900
New Orleans, LA 70112
(504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884

Respondent  GENERAL MOTORS
EEOC Charge No  461-2009-00708
FEPA Charge No

May 14, 2009

Tiesha S  McNeal
6700 Jefferson Paige Road, #328
Shreveport, LA 71119

Dear Ms  McNeal

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent  The information provided indicates that the matter complained of is subject to the statute(s) checked off below

[ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]    The Age Discrimination in Employment Act (ADEA)

[ ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided  Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge  Before we investigate your charge, however, you must sign and return the enclosed Form

To enable proper handling of this action by the Commission you should

(1)  Review the enclosed charge form and make corrections

(2)  Sign and date the charge in the bottom left hand block where I have made an "X"  For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date

(3)  Return the signed charge to this office

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5)  Please sign and return the charge within thirty (30) days from the date of this letter  Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court

[ X ]    Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to the agency listed below as required by our procedures  If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official  The agency will then investigate and resolve the charge under their statute

Louisiana Commission On Human Rights
P O  Box 94094
Baton Rouge, LA 70804

Please use the "EEOC Charge No" listed at the top of this letter whenever you call us about this charge  Please also notify this office of any change in address or of any prolonged absence from home  Failure to cooperate in this matter may lead to dismissal of the charge

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process   If you have any questions, please call me at the number listed below  If you have to call long distance, please call collect

Sincerely,

Madoline Bealer
Investigator
(504) 595-2864

Office Hours  Monday – Friday, 8 00 a m  - 4 30 p m
www eeoc gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC "

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974  See enclosed Privacy Act
Statement and other information before completing this form

| Charge Presented To | Agency(ies) Charge No(s) |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 461-2009-00708 |

**Louisiana Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name (indicate Mr , Ms , Mrs ) | Home Phone (Incl  Area Code) | Date of Birth |
|---|---|---|
| **Ms. Tiesha S. McNeal** | | **04-28-1974** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6700 Jefferson Paige Road, #328, Shreveport, LA 71119** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others   (If more than two, list under PARTICULARS below )

| Name | No  Employees Members | Phone No  (Include Area Code) |
|---|---|---|
| **GENERAL MOTORS** | **500 or More** | **(318) 603-3589** |

| Street Address | City, State and ZIP Code |
|---|---|
| **7600 General Motors Blvd.,  Shreveport, LA 71129** | |

| Name | No  Employees Members | Phone No  (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es) )

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below )

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-01-2006 | 02-23-2009 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed  attach extra sheet(s))

I was hired by David Zerkel in June 2006 to be Manager of David Zerkel Sales Ltd  d/b/a DMR Clothing Store at General Motors (GM) Shreveport, Louisiana Assembly Plant  DMR Store provides uniforms for GM employees  Brandy Riggs was hired as a Sales Associate and I was hired as DMR Store Manager

Morgan Johnson, UAW Local 2166 Union President, Alex Santana, UAW Local 2166 Union Representative, Mike Kenalt, Assistant to Alex Santana, Stephen Leherman, DMR District Manager, and Benny Riggs (Brandy Riggs father) are friends  These five people are friends and told me that they wanted Brandy Riggs (White) to be the DMR Manager  Mr  Leherman and Mr  Zerkel wouldn't allow me to discipline Ms. Riggs although she had attendance, work performance and disciplinary problems  Ms  Riggs referred to the Black customers as niggers  Merlene Zerkel, wife of Davie Zerkel, told me the Union was angry when Brandy was fired in December 2006

(Continue on page 2)

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief
SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month  day, year) |
| _____  _____
Date                Charging Party Signature | |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA<br>☒ EEOC | **461-2009-00708** |

| **Louisiana Commission On Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

Around the time I was hired, Stephen Leherman, and Alex Santana, flirted with me, asked if I liked dancing on tables and dancing topless  Marvin Sales and Mitchell Grimes, GM employees and Union Members sexually harassed me. Mr Sales and I had a brief affair which ended in February 2008  When the affair ended, he continued sexually harassing me and requested dates.  Marvin talked about my body, how big his body parts were and wanted me to visit him at his home  Mr Grimes showed me sexually offensive pictures and requested dates  James Bush, a GM employee rubbed my arm and requested dates  Mr Leherman made sexually offensive statements until the time of my termination

I filed sexual harassment complaints against Mr Sales and Mr Grimes with Mr Todd Hill, GM Security Department Supervisor  I was told that all complaints against GM must be filed with Securateas Security USA who provided security for GM  Mr Hill failed to take corrective action and said I shouldn't be so beautiful.  I complained to Mr Gaylor Tice and Mark Johnson, GM Labor Relations Representatives, about the GM employees sexually harassing me.  No corrective action was taken

Mr Lerherman told me I was fired on February 23, 2009 because they decided to move in a different direction

I believe I was discriminated against because of my race, Black, sex, female and in retaliation for complaining about discriminatory practices made illegal under Title VII of the Civil Rights Act of 1964, as amended

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |
| _____        _____<br>Date                          Charging Party Signature | |

CP Enclosure with EEOC Form 5 (5/01)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01)

2.  **AUTHORITY.** 42 U S C 2000e-5(b), 29 U S C  211, 29 U S C  626, 42 U S C  12117

3.  **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings

4.  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws)   Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions   A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of   Without a written charge, EEOC will ordinarily not act on the complaint   Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury), charges under the ADEA should ordinarily be signed   Charges may be clarified or amplified later by amendment   It is not mandatory that this form be used to make a charge

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA   Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements   You will be told which agency will handle your charge   When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter   Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings   Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge   Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws  The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act



### U.S. Equal Employment Opportunity Commission
### New Orleans Field Office

1555 Poydras Street
Suite 1900
New Orleans, LA 70112
(504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2855

February 9, 2009

### AGREEMENT TO MEDIATE

EEOC NUMBER  461-2009-00708

Charging Party  Tiesha S  McNeal
Respondent  UA W AT GENERAL MOTORS

This is an agreement by the parties to participate in a mediation involving Tiesha S  McNeal and UA W AT GENERAL MOTORS in the above referenced charge  The parties understand that mediation is a voluntary process, which may be terminated at any time

The parties and, if they desire, their representatives and/or attorneys, are invited to attend a mediation session  No one else may attend without the permission of the parties and the consent of the mediator(s)

The mediator(s) will not function as the representative of either party  However, the mediator(s) may assist the parties in crafting a settlement agreement   Each party acknowledges being advised to seek independent legal review prior to signing any settlement agreement

The Parties acknowledge that they have received a copy of the Mediation Fact Sheet

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or either party or the mediator deems the case inappropriate for mediation

The parties recognize that mediation is a confidential process and agree to abide by the terms of the attached Confidentiality Agreement

The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator(s) is required to report to EEOC any benefits received  This information is reported only for purposes of providing aggregate data to the EEOC for Mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public

X _____  11/11/09      _____
Charging Party            Date            Respondent            Date


_____              _____
Charging Party          Date                Respondent            Date
Representative                              Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                             :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION TO
## RECLASSIFY PROOF OF CLAIM NO. 29628 FILED BY TIESHA MCNEAL

Upon the motion, dated February 24, 2011 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 502(b) and 507(a)(5) of title 11, United States

Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

seeking entry of an order reclassifying proof of claim number 29628 filed by Tiesha McNeal from

a secured and priority claim to a general unsecured claim, all as more fully described in the

Motion; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual basis set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Motion is granted to the extent provided

herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 29628 is reclassified from a secured and/or priority claim to a general unsecured claim in its entirety; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, proof of claim 29628 other than as to proof of claim 29628's reclassification from a secured or priority claim to a general unsecured claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE