HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                      :
In re                                 :    Chapter 11 Case No.
                                      :
MOTORS LIQUIDATION COMPANY, et al.,   :    09-50026 (REG)
      f/k/a General Motors Corp., et al.  :
                                      :
              Debtors.                :    (Jointly Administered)
                                      :
-----------------------------------------------------------x
```

**<u>NOTICE OF DEBTORS' 212TH OMNIBUS OBJECTION TO CLAIMS</u>**
**(Duplicate Debt Claims from Different Series of Debt)**

　　　　**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 212th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

This Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015).  If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**.  If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."  A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **March 22, 2011 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if

it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing

system (the User's Manual for the Electronic Case Filing System can be found at

www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5

inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format and in hard copy at each of the following addresses on

or before the deadline for response:

> A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
>       Court, One Bowling Green, Room 621, New York, New York 10004-
>       1408;
>
> B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
>       Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
>       and
>
> C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
>       committee of unsecured creditors, 1177 Avenue of the Americas, New
>       York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a

caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case

number, and the number of the Objection to which the Response is directed; (ii) the name of the

Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting

forth the reasons why the claim should not be disallowed and expunged for the reasons set forth

in the Objection, including, but not limited to, the specific factual and legal bases upon which the

Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the

claim, to the extent not included with the proof of claim previously filed with the Bankruptcy

Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which

the Debtors must return any reply to the Claimant's Response, if different from that presented in

the proof of claim; and (vi) the name, address, and telephone number of the person that can be

contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, <u>please contact</u> the Debtors at **1-800-414-9607**.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.**

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated:  New York, New York
      February 24, 2011

                    /s/ Joseph H. Smolinsky
                    Harvey R. Miller
                    Stephen Karotkin
                    Joseph H. Smolinsky

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                    :       **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,      :       **09-50026 (REG)**
     **f/k/a General Motors Corp.,** *et al.*    :
:
                    **Debtors.**                         :       **(Jointly Administered)**
:
------------------------------------------------------------x

### DEBTORS' 212TH OMNIBUS OBJECTION TO CLAIMS
#### (Duplicate Debt Claims from Different Series of Debt)

<div style="border:1px solid black">

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN
FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD
LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

</div>

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      Prior to the commencement of these chapter 11 cases, the Debtors issued several series of secured and unsecured debt securities.  This Objection addresses individual proofs of claim that assert claims arising from multiple series of debt or where the Debtors are unable to identify specific series of debt (collectively, the "**Duplicative Debt Proofs of Claim**," and each a "**Duplicative Debt Proof of Claim**").[1]  A list of Duplicative Debt Proofs of Claim is annexed hereto as **Exhibit "A."**

2.      The Debtors' proposed chapter 11 plan (the "**Plan**")[2] allows aggregate claims for each series of debt.  Accordingly, an individual Duplicative Debt Proof of Claim that asserts a claim arising from the Debtors' debt securities is duplicative because the Plan already allows claims arising from each series of the Debtors' debt securities.[3]

3.      The Debtors submit this 212th Omnibus Objection (the "**212th Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and object to the Duplicative Debt Proofs of Claim because the Duplicative Debt Proofs

---

[1] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2] Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010.

[3] The Debtors also submit that certain of the Duplicative Debt Proofs of Claim were filed after the deadline to file a proof of claim (i.e., November 30, 2009) as an additional basis for disallowance.  *See* Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated September 16, 2009 (ECF No. 4079).

of Claim are duplicative of the claims allowed pursuant to the Plan.  Accordingly, the

Duplicative Debt Proofs of Claim should be disallowed and expunged in their entirety.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE**

**Debtors**")[5] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are jointly administered with those of the Initial Debtors under Case

Number 09-50026.  On September 15, 2009, the Initial Debtors filed their schedules of assets

and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities

and statements of financial affairs.

6.      On October 6, 2010, this Court entered an order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[6] which

authorized the Debtors to file omnibus objections to claims on several grounds that are in

addition to those grounds permitted under Bankruptcy Rule 3007(d) (the "**Procedures Order**").

---

[4] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[5] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[6] Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims, dated October 6, 2009 (ECF No. 4180).

## The Debtors' Debt Securities

7.      Prior to the commencement of the Debtors' chapter 11 cases, the Debtors

issued certain debt securities:  (a) 24 tranches of debentures, of which approximately $22.86

billion in principal amount remained outstanding as of the Commencement Date (the

"**Wilmington Trust Bonds**"), (b) two series of notes under a fiscal and paying agency

agreement, of which approximately $3.51 billion in principal amount remained outstanding as of

the Commencement Date (the "**Deutsche Eurobonds**"), and (c) seven series of industrial

revenue bonds (the "**IRBs**," and together with the Wilmington Trust Bonds and Deutsche

Eurobonds, the "**Debt Securities**").

### *The Wilmington Trust Bonds*

8.      The Debtors issued the Wilmington Trust Bonds pursuant to two

indentures:

(a)      the Indenture, dated as of November 15, 1990, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1990 Indenture**"), pursuant to which (i)
$299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22,
1991, (ii) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March
12, 1991, (iii) $500,000,000 of 7.40% Debentures due September 1, 2025 were
issued on September 11, 1995, (iv) $15,000,000 of 9.40% Medium Term Notes
due July 15, 2021 were issued on July 22, 1991, and (v) $48,175,000 of 9.45%
Medium Term Notes due November 1, 2011 were issued on December 21, 1990,
and

(b)      the Indenture, dated as of December 7, 1995, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1995 Indenture**"), pursuant to which
(i) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued
on March 20, 1996, (ii) $500,000,000 of 7.70% Debentures due April 15, 2016
were issued on April 15, 1996, (iii) $400,000,000 of 8.10% Debentures due June
15, 2024 were issued on June 10, 1996, (iv) $600,000,000 of 6.75% Debentures
due May 1, 2028 were issued on April 29, 1998, (v) $1,500,000,000 of 7.20%
Notes due January 15, 2011 were issued on January 11, 2001, (vi) $575,000,000
of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30,

2001, (vii) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on July 9, 2001, (viii) $690,000,000 of 7.375% Senior Notes due October 1, 2051 were issued on October 3, 2001, (ix) $875,000,000 of 7.25% Senior Notes due February 15, 2052 were issued on February 14, 2002, (x) $1,150,000,000 of 4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xi) $2,600,000,000 of 5.25% Series B Convertible Senior Debentures due March 6, 2032 were issued on March 6, 2002, (xii) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on May 19, 2003, (xiii) $425,000,000 of 7.375% Senior Notes due May 23, 2048 were issued on May 23, 2003, (xiv) $3,000,000,000 of 8.375% Senior Debentures due July 15, 2033 were issued on July 3, 2003, (xv) $4,300,000,000 of 6.25% Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2, 2003, (xvi) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were issued on July 3, 2003, (xvii) $1,000,000,000 of 7.125% Senior Notes due July 15, 2013 were issued on July 3, 2003, (xviii) $720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (xix) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007.

9.    Wilmington Trust Company, as indenture trustee under the 1990 Indenture

and the 1995 Indenture, filed proof of claim 65793 and proof of claim 65729 asserting claims

arising under the 1990 Indenture and the 1995 Indenture, respectively, on behalf of all

noteholders thereunder.  The Debtors have reconciled the amounts asserted in proofs of

claim 65729 and 65793 and such amounts have been allowed pursuant to that certain stipulation,

dated August 5, 2010.[7]  Proof of claim 65793 is allowed in the amount of $1,419,471,545.22

subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff

exercised by an individual bondholder.  Proof of claim 65729 is allowed in the amount of

$21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any

Court-authorized setoff exercised by an individual bondholder.

---

[7] Stipulation and Agreed Order Among the Debtors, Wilmington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595).  After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

10.    Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*" also acknowledges the validity of the claims arising from the Wilmington Trust Bonds and provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[8]   The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed amount of the Note Claims, any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of the debt securities with respect to the Note Claims.  For the avoidance of doubt, the terms of any stipulation or agreement between the Debtors and any Indenture Trustee, Registered Holder, or beneficial owner of debt securities with respect to the Note Claims shall continue in full force and effect except with respect to the Allowed amount of the Note Claims contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

### The Deutsche Eurobonds

11.    Pursuant to that certain Fiscal and Paying Agency Agreement, dated July 3, 2003,[9] the Debtors issued €1,000,000,000 of 7.5% unsecured notes due 2013 and €1,500,000,000 of 8.375% unsecured notes due 2033 (i.e., the Deutsch Eurobonds).  As of the Commencement Date, the principal amount outstanding under the Deutsch Eurobonds was approximately $3.51 billion.

12.    While there is no indenture trustee for the Deutsch Eurobonds, the Plan acknowledges claims arising under the Deutsch Eurobonds and provides that such claims be allowed in the amount of $3,770,634,476, which is equal to the outstanding principal plus

---

[8] A copy of the list with the Fixed Allowed Note Claims is annexed herein as **Exhibit "B."**

[9] Fiscal and Paying Agency Agreement, dated as of July 3, 2003, by and between General Motors Corporation (now known as MLC), as issuer, Deutsche Bank AG London, as fiscal agent, and Bank Général du Luxembourg S.A., as paying agent.

accrued and unpaid interest as of June 1, 2009 (i.e., the Commencement Date) based on the

currency conversion rate on June 1, 2009.[10]  The Plan further provides that such amount will

supersede any individual proofs of claim filed by record holders or beneficial owners of

Deutsche Eurobonds.  Specifically, Section 4.3(f) of Article IV of the Plan, entitled "*Treatment*

*of Claims and Equity Interests*," provides in pertinent part that:

> The Eurobond Claims under (i) that certain Fiscal and Paying Agency
> Agreement, dated as of July 3, 2003, among General Motors Corporation,
> Deutsche Bank AG London, and Banque Générale du Luxembourg S.A.
> shall be Allowed in the amount of $3,770,634,476 and (ii) that certain
> Bond Purchase and Paying Agency Agreement, dated May 28, 1986,
> between General Motors Corporation and Credit Suisse, shall be Allowed
> in the amount of $15,745,690 (together, the "**Fixed Allowed Eurobond
> Claims**"). The Fixed Allowed Eurobond Claims shall override and
> supersede any individual Claims filed by Registered Holders or beneficial
> owners of debt securities with respect to the Eurobond Claims.

### *Industrial Revenue Bonds (IRBs)*

13.    Pursuant to the following seven indentures (collectively, the "**IRB

Indentures**"), MLC issued certain IRBs:

(a)    the Trust Indenture, dated as of April 1, 1984, pursuant to which
$1,400,000 aggregate principal amount of City of Indianapolis, Indiana,
Pollution Control Revenue Bonds (General Motors Corporation Project),
Series 1984 were issued and outstanding;

(b)    the Indenture of Trust, dated as of July 1, 1994, pursuant to which
$12,500,000 aggregate principal amount of City of Morraine, Ohio, Solid
Waste Disposal Revenue Bonds (General Motors Corporation Project)
Series 1994 were issued and outstanding;

(c)    the Trust Indenture, dated as of July 1, 1995, pursuant to which
$58,800,000 aggregate principal amount of Michigan Strategic Fund,
Multi-Modal Interchangeable Rate Pollution Control Refunding Revenue
Bonds (General Motors Corporation Project) Series 1995 were issued and
outstanding;

---

[10] See 11 U.S.C. § 502(a).

(d)      the Indenture of Trust, dated as of July 1, 1999, pursuant to which
$10,000,000 aggregate principal amount of City of Morraine, Ohio, Solid
Waste Disposal Revenue Bonds (General Motors Corporation Project),
Series 1999 were issued and outstanding;

(e)      the Trust Indenture, dated as of March 1, 2002, pursuant to which
$20,040,000 aggregate principal amount of State of Ohio, Pollution
Control Refunding Revenue Bonds  (General Motors Corporation Project)
Series 2002 were issued and outstanding;

(f)      the Indenture of Trust, dated as of December 1, 2002, pursuant to which
$46,000,000 aggregate principal amount of State of Ohio, Solid Waste
Revenue Bonds, Series 2002 (General Motors Corporation Project) were
issued and outstanding; and

(g)      the Trust Indenture, dated as of December 1, 2002, pursuant to which
$31,000,000 aggregate principal amount of City of Fort Wayne, Indiana,
Pollution Control Revenue Refunding Bonds (General Motors Corporation
Project), Series 2002 were issued and outstanding.

Law Debenture Trust Company of New York ("**Law Debenture**") is successor indenture trustee

under each of the IRB Indentures and filed seven proofs of claim (one for each IRB Indenture)

for all claims arising under each IRB Indenture on behalf of all holders of IRBs issued

thereunder.  In addition, the Plan acknowledges and allows the claims arising under the IRBs.

Specifically, Section 4.3(e) of Article IV of the Plan provides in pertinent part that:

> The [IRB Debt] Claims shall be Allowed in the respective amounts
> listed next to each Indenture set forth in Exhibit "F" annexed
> hereto (the "**Fixed Allowed Note Claims**").[11]   The Fixed Allowed
> Note Claims shall override and supersede (i) any individual Claims
> filed by Registered Holders or beneficial owners of debt securities
> with respect to the Note Claims and (ii) solely with respect to the
> Allowed amount of the Note Claims, any stipulation or agreement
> between the Debtors and any Indenture Trustee, Registered Holder,
> or beneficial owner of the debt securities with respect to the Note
> Claims.  For the avoidance of doubt, the terms of any stipulation or
> agreement between the Debtors and any Indenture Trustee,
> Registered Holder, or beneficial owner of debt securities with
> respect to the Note Claims shall continue in full force and effect
> except with respect to the Allowed amount of the Note Claims

---

[11] As stated above, a list setting forth the Fixed Allowed Note Claims is annexed herein as Exhibit "B."

contained therein.  Distributions to holders of Note Claims shall be made in accordance with Section 5.3(b) hereof.

## Duplicative Debt Proofs of Claims Arising from the Debtors' Debt Securities Are Duplicative and Should be Expunged

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  Applicable law provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed."  *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

16.    The Debtors have reviewed the Duplicative Debt Proofs of Claim and believe that the Duplicative Debt Proofs of Claim are duplicative and unnecessary, because claims arising from the Debtors' Debt Securities will be fixed and allowed under the Debtors' Plan.  If the Duplicative Debt Proofs of Claim were to be allowed, an individual bondholder could impermissibly recover twice – once pursuant to the Duplicative Debt Proof of Claim and again pursuant to the allowed amount provided under the Plan.  Moreover, the Debtors are

unable to confirm that any individual bondholder is a beneficial holder of one or more of the Debt Securities on the relevant dates.

17.     Individual bondholders, to the extent they are beneficial holders of Debt Securities as of the record date under the Debtors' Plan, will receive distributions either from (i) Wilmington Trust Company, in its capacity as indenture trustee, (ii) Euroclear Bank or another clearing agency after surrendering their securities to Deutsche Bank AG London, in its capacity as the fiscal and paying agent under the Fiscal and Paying Agency Agreement, or (iii) Law Debenture, in its capacity as indentures trustee under the IRB Indentures.  To avoid the possibility of multiple recoveries, the Debtors request that the Court disallow and expunge the Duplicative Debt Proofs of Claim subject to the occurrence of the effective date of the Plan.

### Reservation of Rights

18.     The Debtors reserve the right to object to any of the Subject Proofs of Claim that are not disallowed in their entirety for any reason.

### Notice

19.     Notice of this 212th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

212th Omnibus Objection

Exhibit A

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| BARBARA F WRIGHT TRUSTEE<br>14732 W CARBINE CT<br>SUN CITY WEST, AZ 85375 | 1830 | Motors Liquidation Company | $20,548.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/1/2009 | | | | | |
| BEEKMAN, WILLIAM<br>101 GRAND PLAZA DR APT N1<br>ORANGE CITY, FL 32763 | 11779 | Motors Liquidation Company | $26,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/16/2009 | | | | | |
| BELOCH, COZETT<br>5836 S ARTESIAN AVE<br>CHICAGO, IL 60629 | 12811 | Motors Liquidation Company | $25.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/19/2009 | | | | | |
| BEVERLY A TICKENOFF, TRUSTEE<br>9995 EAST AVE<br>BALLICO, CA 95303 | 63330 | Motors Liquidation Company | $15,061.48 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    11/30/2009 | | | | | |
| BILL WALLS<br>2102 JULIE ANN<br>PARAGOULD, AR 72450 | 67744 | Motors Liquidation Company | $2,019.26 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    12/1/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| BRADFORD C JONES<br>804 WESTRIDGE DR<br><br>HOCKESSIN, DE 19707 | 50120 | Motors Liquidation Company | $436,875.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 11/25/2009 | | | | | |
| BROWN-JACKSON, ANITA<br>PO BOX 82893<br><br>CONYERS, GA 30013 | 62596 | Motors Liquidation Company | $79,995.00<br>Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 11/28/2009 | | | | | |
| CHRISTOPHE U SUMRELL<br>18 ASHRIDGE WAY<br><br>SIMPSONVILLE, SC 29681 | 4856 | Motors Liquidation Company | $2,100.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 10/5/2009 | | | | | |
| DCG & T<br>FBO WANDA R SUPPLE/IRA<br>WANDA R SUPPLE<br>2424 SOUTHERN OAK ST<br>THE VILLAGES, FL 32162 | 16154 | Motors Liquidation Company | $1,237.75 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 10/26/2009 | | | | | |
| DONALD S KYKENDALL<br>809 MARSHALL ROAD<br><br>ROCHESTER, NY 14624 | 70159 | Motors Liquidation Company | $30,380.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 3/26/2010 | | | | | |
| ELIZABETH O'CONNELL<br>151 OLD FARM RD<br>BASKING RIDGE, NJ 07920 | 13259 | MLCS, LLC | $5,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date: 10/20/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

212th Omnibus Objection

Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| GEORGE A & MARIE A KOHRMANN<br>10 JFK DRIVE<br>BLAUVELT, NY 10913 | 70636 | Motors Liquidation Company | $20,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    1/22/2011 | | | | | |
| HOGAN, BETTY A<br>1010 GOTT ST<br>ANN ARBOR, MI 48103 | 23559 | Motors Liquidation Company | $20,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    11/12/2009 | | | | | |
| JOAN B EVENSKI<br>441 CORBETT DRIVE<br>THE VILLAGES, FL 32162 | 14434 | Motors Liquidation Company | $40,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/22/2009 | | | | | |
| KELLEY, PHILLIP H<br>717 BENDERLOCK WAY<br>FORT WAYNE, IN 46804 | 17191 | Motors Liquidation Company | $631.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/28/2009 | | | | | |
| M KAVANAUGH<br>444 KINDLEBERGER RD<br>KANSAS CITY, KS 66115 | 69761 | Motors Liquidation Company | $18,500.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    1/11/2010 | | | | | |
| NATIXIS LIFE<br>51 AVENUE JF KENNEDY<br>L 1855 LUXEMBURG<br>LUXEMBOURG | 65544 | Motors Liquidation Company | $26,881.20 | Beneficial Bondholder Claim | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    11/30/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

212th Omnibus Objection

## Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| | | | | | |
|---|---|---|---|---|---|
| NORMA K JACOBSON<br>3323 BAYFIELD BLVD<br>OCEANSIDE, NY 11572 | 28955 | Motors Liquidation Company | $10,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     11/17/2009

| | | | | | |
|---|---|---|---|---|---|
| PATRICIA A MARKELEWICZ<br>1617 SHARPHILL ROAD<br>PITTSBURGH, PA 15215 | 19251 | Motors Liquidation Company | $5,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     11/3/2009

| | | | | | |
|---|---|---|---|---|---|
| PHILLIP KELLEY<br>717 BENDERLOCK WAY<br>FORT WAYNE, IN 46804 | 17192 | Motors Liquidation Company | $311.85 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     10/28/2009

| | | | | | |
|---|---|---|---|---|---|
| RAYMOND R COLUCCI AND<br>MARIANNA F COLUCCI JTWROS<br>195 EAST DR<br>NORTH MASSAPEQUA, NY 11758 | 14742 | Motors Liquidation Company | $15,159.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     10/22/2009

| | | | | | |
|---|---|---|---|---|---|
| STEVEN LEGUM<br>170 OLD COUNTRY RD<br>MINEOLA, NY 11501 | 29584 | Motors Liquidation Company | $750,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     11/13/2009

| | | | | | |
|---|---|---|---|---|---|
| THEODORE E VANAK AND<br>JACQUELINE M VANAK JTWROS<br>JONATHAN VANAK AND<br>MICHAEL VANAK AS TOD<br>25 VAN BREEMAN DR<br>CLIFTON, NJ 07013 | 3876 | Motors Liquidation Company | $3,350.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:     10/5/2009

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

212th Omnibus Objection

**Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG),  Jointly Administered**

---

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| | | | | | |
|---|---|---|---|---|---|
| WASHINGTON, RICHARD K<br>1253 W 39TH ST APT 7<br><br>LOS ANGELES, CA 90037 | 4596 | Motors<br>Liquidation<br>Company | $100.00 | Beneficial Bondholder<br>Claim | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:        10/5/2009

---

*CLAIMS TO BE DISALLOWED AND EXPUNGED*                         **24**

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                        :
In re                                                   :          Chapter 11 Case No.
                                                        :
**MOTORS LIQUIDATION COMPANY**, *et al.*,              :          **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*           :
                                                        :
                        Debtors.                        :          **(Jointly Administered)**
                                                        :
------------------------------------------------------------------x

<u>**ORDER GRANTING DEBTORS' 212TH OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicative Debt Claims from Different Series of Debt)**

        Upon the 212th omnibus objection, dated February 24, 2011 (the "**212th Omnibus**

**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to

section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, seeking entry of an order that disallowing and expunging

certain proofs of claim as duplicative, all as more fully described in the 212th Omnibus Objection;

and due and proper notice of the 212th Omnibus Objection having been provided, and it appearing

that no other or further notice need be provided ; and the Court having found and determined that

the relief sought in the 212th Omnibus Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

212th Omnibus Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 212th Omnibus Objection.

ORDERED that the relief requested in the 212th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" annexed hereto (the "**Order Exhibit**") annexed hereto are disallowed and expunged in their entirety subject to the occurrence of the effective date of the Plan; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 212th Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
 _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE