HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND
> THE ATTACHMENTS HERETO TO DETERMINE WHETHER
> THIS OBJECTION AFFECTS YOUR CLAIM(S)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                    :
In re                               :       Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :       09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                    :
                    Debtors.        :       (Jointly Administered)
                                    :
--------------------------------------------------------------x
```

## <u>NOTICE OF DEBTORS' 213TH OMNIBUS OBJECTION TO CLAIMS</u>
### (Duplicate Debt Claims – Wilmington Trust Bonds)

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 213th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, on

**March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

This Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015).  If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**.  If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider."  A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **March 22, 2011 at 4:00 p.m. (Eastern Time)**.  Only those Responses that are timely will be considered at the Hearing.  A Claimant's Response will be deemed timely only if

it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing

system (the User's Manual for the Electronic Case Filing System can be found at

www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5

inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format and in hard copy at each of the following addresses on

or before the deadline for response:

> A.    Chambers of the Honorable Robert E. Gerber, United States Bankruptcy
> Court, One Bowling Green, Room 621, New York, New York 10004-
> 1408;
>
> B.    Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth
> Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.);
> and
>
> C.    Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory
> committee of unsecured creditors, 1177 Avenue of the Americas, New
> York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a

caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case

number, and the number of the Objection to which the Response is directed; (ii) the name of the

Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting

forth the reasons why the claim should not be disallowed and expunged for the reasons set forth

in the Objection, including, but not limited to, the specific factual and legal bases upon which the

Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the

claim, to the extent not included with the proof of claim previously filed with the Bankruptcy

Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which

the Debtors must return any reply to the Claimant's Response, if different from that presented in

the proof of claim; and (vi) the name, address, and telephone number of the person that can be

contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, <u>please contact</u> the Debtors at **1-800-414-9607**.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.**

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
      February 24, 2011

           /s/ Joseph H. Smolinsky
           Harvey R. Miller
           Stephen Karotkin
           Joseph H. Smolinsky

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Debtors
           and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                          :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.**, *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

## DEBTORS' 213TH OMNIBUS OBJECTION TO CLAIMS
### (Duplicate Debt Claims – Wilmington Trust Bonds)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.       Prior to the commencement of these chapter 11 cases, the Debtors issued

24 series of unsecured debt notes ("**Wilmington Trust Bonds**") pursuant to certain indentures,

dated November 15, 1990 and December 7, 1995 between General Motors Corporation, as

issuer, and Wilmington Trust Company, as successor-in-interest indenture trustee, to Citibank,

N.A.  The Debtors' proposed chapter 11 plan (the "**Plan**")[1] allows aggregate claims for each

series of Wilmington Trust Bonds.  This Objection addresses individual proofs of claim that

assert claims duplicative of the amounts allowed pursuant to the Plan (collectively, the

"**Duplicative Debt Proofs of Claim**," and each a "**Duplicative Debt Proof of Claim**").[2]  A list

of Duplicative Debt Proofs of Claim is annexed hereto as **Exhibit "A."**

2.       The Debtors submit this 213th Omnibus Objection (the "**213th Omnibus**

**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy**

**Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and object to the Duplicative Debt Proofs of Claim.[3]

---

[1] Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010.

[2] Creditors can obtain copies of the cover page of any proof of claim filed against the Debtors' bankruptcy estates on the Debtors' claims register on the website maintained by the Debtors' claims agent, www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab. Creditors without access to the Internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[3] The Debtors also submit that certain of the Duplicative Debt Proofs of Claim were filed after the deadline to file a proof of claim (i.e., November 30, 2009) as an additional basis for disallowance. *See* Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated September 16, 2009 (ECF No. 4079).

**Jurisdiction**

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.       On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the

"**Initial Debtors**")[4] commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE**

**Debtors**")[5] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy

Code, which cases are jointly administered with those of the Initial Debtors under Case

Number 09-50026.  On September 15, 2009, the Initial Debtors filed their schedules of assets

and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On

October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities

and statements of financial affairs.

5.       On October 6, 2010, this Court entered an order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[6] which

authorized the Debtors to file omnibus objections to claims on several grounds that are in

addition to those grounds permitted under Bankruptcy Rule 3007(d) (the "**Procedures Order**").

---

[4] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[5] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[6] Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims, dated October 6, 2009 (ECF No. 4180).

## The Wilmington Trust Bonds

6.      Prior to the commencement of the Debtors' chapter 11 cases, the Debtors

issued 24 series of Wilmington Trust Bonds, of which approximately $22.86 billion in principal

amount remained outstanding as of the Commencement Date.  The Debtors issued the

Wilmington Trust Bonds pursuant to two indentures:

(a)      the Indenture, dated as of November 15, 1990, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1990 Indenture**"), pursuant to which (i)
$299,795,000 of 9.40% Debentures due July 15, 2021 were issued on July 22,
1991, (ii) $600,000,000 of 8.80% Notes due March 1, 2021 were issued on March
12, 1991, (iii) $500,000,000 of 7.40% Debentures due September 1, 2025 were
issued on September 11, 1995, (iv) $15,000,000 of 9.40% Medium Term Notes
due July 15, 2021 were issued on July 22, 1991, and (v) $48,175,000 of 9.45%
Medium Term Notes due November 1, 2011 were issued on December 21, 1990,
and

(b)      the Indenture, dated as of December 7, 1995, between General Motors
Corporation, as issuer, and Wilmington Trust Company, as successor-in-interest
Indenture Trustee to Citibank, N.A., as such Indenture may have been amended,
supplemented, or modified (the "**1995 Indenture**"), pursuant to which
(i) $377,377,000 of 7.75% Discount Debentures due March 15, 2036 were issued
on March 20, 1996, (ii) $500,000,000 of 7.70% Debentures due April 15, 2016
were issued on April 15, 1996, (iii) $400,000,000 of 8.10% Debentures due June
15, 2024 were issued on June 10, 1996, (iv) $600,000,000 of 6.75% Debentures
due May 1, 2028 were issued on April 29, 1998, (v) $1,500,000,000 of 7.20%
Notes due January 15, 2011 were issued on January 11, 2001, (vi) $575,000,000
of 7.25% Quarterly Interest Bonds due April 15, 2041 were issued on April 30,
2001, (vii) $718,750,000 of 7.25% Senior Notes due July 15, 2041 were issued on
July 9, 2001, (viii) $690,000,000 of 7.375% Senior Notes due October 1, 2051
were issued on October 3, 2001, (ix) $875,000,000 of 7.25% Senior Notes due
February 15, 2052 were issued on February 14, 2002, (x) $1,150,000,000 of
4.50% Series A Convertible Senior Debentures due March 6, 2032 were issued on
March 6, 2002, (xi) $2,600,000,000 of 5.25% Series B Convertible Senior
Debentures due March 6, 2032 were issued on March 6, 2002,
(xii) $1,115,000,000 of 7.375% Senior Notes due May 15, 2048 were issued on
May 19, 2003, (xiii) $425,000,000 of 7.375% Senior Notes due May 23, 2048
were issued on May 23, 2003, (xiv) $3,000,000,000 of 8.375% Senior Debentures
due July 15, 2033 were issued on July 3, 2003, (xv) $4,300,000,000 of 6.25%
Series C Convertible Senior Debentures due July 15, 2033 were issued on July 2,
2003, (xvi) $1,250,000,000 of 8.250% Senior Debentures due July 15, 2023 were
issued on July 3, 2003, (xvii) $1,000,000,000 of 7.125% Senior Notes due July

15, 2013 were issued on July 3, 2003, (xviii) $720,000,000 of 7.50% Senior Notes due July 1, 2044 were issued on June 30, 2004, and (xix) $1,500,000,000 of 1.50% Series D Convertible Senior Debentures due June 1, 2009 were issued on May 31, 2007.

7.      Wilmington Trust Company, as indenture trustee under the 1990 Indenture and the 1995 Indenture, filed proof of claim 65793 and proof of claim 65729 asserting claims arising under the 1990 Indenture and the 1995 Indenture, respectively, on behalf of all noteholders thereunder.  The Debtors have reconciled the amounts asserted in proofs of claim 65729 and 65793 and such amounts have been allowed pursuant to that certain stipulation, dated August 5, 2010.[7]  Proof of claim 65793 is allowed in the amount of $1,419,471,545.22 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.  Proof of claim 65729 is allowed in the amount of $21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder.

8.      Section 4.3(e) of Article IV of the Plan, entitled "*Treatment of Claims and Equity Interests*" also acknowledges the validity of the claims arising from the Wilmington Trust Bonds and provides in pertinent part that:

> The [Wilmington Trust Bond Debt] Claims shall be Allowed in the respective amounts listed next to each Indenture set forth in Exhibit "F" annexed hereto (the "**Fixed Allowed Note Claims**").[8]  The Fixed Allowed Note Claims shall override and supersede (i) any individual Claims filed by Registered Holders or beneficial owners of debt securities with respect to the Note Claims and (ii) solely with respect to the Allowed

---

[7] Stipulation and Agreed Order Among the Debtors, Wilmington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595).  After the entry of the stipulation, the parties to the stipulation agreed to modify the amounts asserted in proof of claim 65793 and proof of claim 65729 to exclude the applicable original initial discount attributable to each debt instrument.  The total allowed amounts have been revised and reflected in the Debtors' Plan.

[8] A copy of the list with the Fixed Allowed Note Claims is annexed herein as **Exhibit "B."**

amount of the Note Claims, any stipulation or agreement between the
Debtors and any Indenture Trustee, Registered Holder, or beneficial owner
of the debt securities with respect to the Note Claims.  For the avoidance
of doubt, the terms of any stipulation or agreement between the Debtors
and any Indenture Trustee, Registered Holder, or beneficial owner of debt
securities with respect to the Note Claims shall continue in full force and
effect except with respect to the Allowed amount of the Note Claims
contained therein.  Distributions to holders of Note Claims shall be made
in accordance with Section 5.3(b) hereof.

### Duplicative Debt Proofs of Claims Arising from the
### Wilmington Trust Bonds Are Duplicative and Should be Expunged

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  Applicable law provides that "in

bankruptcy, multiple recoveries for an identical injury are generally disallowed."  *In re Finley,*

*Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr.

S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of

loss from the same debtor violates principles of ratable distribution and offends notions of

uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698

(S.D.N.Y. 1991)).

11.      The Debtors have reviewed the Duplicative Debt Proofs of Claim and

believe that the Duplicative Debt Proofs of Claim are duplicative and unnecessary, because

claims arising from the Wilmington Trust Bonds will be fixed and allowed under the Debtors'

Plan.  If the Duplicative Debt Proofs of Claim were to be allowed, an individual bondholder

could impermissibly recover twice – once pursuant to the Duplicative Debt Proof of Claim and

again pursuant to the allowed amount provided under the Plan.  Moreover, the Debtors are

unable to confirm that any individual bondholder is a beneficial holder of one or more of the

Wilmington Trust Bonds on the relevant dates.

12.     Individual bondholders, to the extent they are beneficial holders of

Wilmington Trust Bonds as of the record date under the Debtors' Plan, will receive distributions

from Wilmington Trust Company, in its capacity as indenture trustee.  To avoid the possibility of

multiple recoveries, the Debtors request that the Court disallow and expunge the Duplicative

Debt Proofs of Claim subject to the occurrence of the effective date of the Plan.

### Reservation of Rights

13.     The Debtors reserve the right to object to any of the Duplicative Debt

Proofs of Claim that are not disallowed in their entirety for any reason.

### Notice

14.     Notice of this 213th Omnibus Objection to Claims has been provided to

each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended

Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing

Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).

15.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

213th Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| A S JOHNSTON DRILLING CP<br>ATTENTION: BETH KIMME SHEVIN SEC/TSY<br>FRED NORD PRES<br>500 LAVER WAY<br>NEWPORT BEACH, CA 92660 | 69745 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    1/11/2010 | | | | | |
| AB LIVING TRUST<br>JAMES A KONING TTEE<br>ADRIANA KONING TTEE<br>U/A DTD 08/17/2001<br>11411 N 40TH WAY<br>PHOENIX, AZ 85028 | 6640 | Motors Liquidation Company | $12,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/8/2009 | | | | | |
| ALEXANDER, BOBBIE L<br>16819 ASPEN WAY<br>SOUTHGATE, MI 48195 | 65282 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    11/30/2009 | | | | | |
| ALTON GARDNER FRANCES GARDNER JT TEN<br>ALTON GARDNER<br>793 HILLCREST DR<br>SMITHLAND, KY 42081 | 6579 | Motors Liquidation Company | $10,418.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/8/2009 | | | | | |
| BARBARA J DOMBROWSKI<br>1706 FRANKLIN ST<br>VALPARAISO, IN 46383 | 10548 | Motors Liquidation Company | $5,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/15/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

213th Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| BOBBIE ALEXANDER<br>16819 ASPEN WAY<br><br>SOUTHGATE, MI 48195 | 65285 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     11/30/2009 | | | | | |
| CARLOS CORRALES<br>IRA DCG & T TTEE<br>21331 NE 23RD AVE<br>MIAMI, FL 33180 | 13175 | Motors Liquidation Company | $74,768.50 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/20/2009 | | | | | |
| CAROL ANDERSON SELIG<br>2893 HAMPTON CIRCLE WEST<br><br>DELRAY BEACH, FL 33445 | 2720 | Motors Liquidation Company | $15,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/2/2009 | | | | | |
| CAROL I MASON & JAMES J MASON<br>2151 ARLINGTON RD<br><br>COLUMBUS TWP, MI 48063 | 70966 | Motors Liquidation Company | $1,701.76 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     2/17/2011 | | | | | |
| CECIL A BENJAMIN<br>347 MT HOPE BLVD<br><br>HASTINGS ON HUDSON, NY 10706 | 70938 | Motors Liquidation Company | $50,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     2/14/2011 | | | | | |
| CHARLENE A RASKOSKI<br>6347 LITTLE DECE LANE<br><br>COLUMBUS, OH 43213 | 12019 | Motors Liquidation Company | $58,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/19/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

213th Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | |
|---|---|---|---|---|---|
| DIANA L BURRUS<br>251 S 500 E<br><br>VALPARAISO, IN 46383 | 10549 | Motors Liquidation Company | $3,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/15/2009 | | | | | |
| ELIZABETH O BARBOUR (IRA)<br>FCC AS CUSTODIAN<br>58 WHITE BIRCH COURT<br>LUMBERTON, NJ 08048 | 14594 | Motors Liquidation Company | $19,600.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/22/2009 | | | | | |
| EVELYN GREENE TTEE<br>FBO EVELYN GREENE LIVING TRUST<br>U/A/D 08/19/97<br>9692 SILLS DRIVE E. #104<br>BOYNTON BEACH, FL 33437 | 12887 | Motors Liquidation Company | $10,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/19/2009 | | | | | |
| FREDERIC & BARBARA NORD<br>TTEES 999019<br>500 LAVER WAY<br>NEWPORT BEACH, CA 92660 | 69744 | Motors Liquidation Company | $0.00<br>Unliquidated | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     1/11/2010 | | | | | |
| GOTTSACKER, RONALD J<br>PO BOX 226<br><br>HARBOR SPRINGS, MI 49740 | 8276 | Motors Liquidation Company | $8,160.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:     10/12/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

213th Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
| --- |

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| IRVING KRAMER<br>15217 LAKE OF DELRAY BLVD<br>APT 119<br>DELRAY BEACH, FL 33484<br>UNITED STATES OF AMERICA | 70531 | Motors Liquidation Company | $10,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    1/6/2011 | | | | | |
| JACK HARDING BADY<br>14 RUE DU CASTELET<br>06740 CHATEAUNEUF DE GRASSE FRANCE<br>FRANCE | 60956 | Motors Liquidation Company | $54,335.10 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    11/27/2009 | | | | | |
| JERRY LAMPLEY<br>555 TURNER DR<br>LOUISVILLE, IL 62858 | 6327 | Motors Liquidation Company | $500.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/8/2009 | | | | | |
| JOHN D CECH IRA<br>1275 S PALISADE DR<br>COTTONWOOD, AZ 86326 | 9224 | Motors Liquidation Company | $5,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    10/13/2009 | | | | | |
| JUDITH L NISSEN, TRUSTEE<br>OF THE JUDITH L NISSEN TRUST DTD 10/16/90<br>PO BOX 87<br>BEECHER, IL 60401 | 70568 | Motors Liquidation Company | $34,379.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    1/11/2011 | | | | | |
| LEO PERKS<br>5 TURNBRIDGE ROW<br>MANCHESTER, NJ 08759<br>UNITED STATES OF AMERICA | 70606 | Motors Liquidation Company | $6,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information**<br>Official Claim Date:    1/18/2011 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

213th Omnibus Objection

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

LLOYD J WIEBOLD
INDIVIDUAL RETIREMENT ACCOUNT
RBD CAPITAL MARKETS CORP CUST
2433 H AVE
WILLIAMSBURG, IA 52361

4827 — Motors Liquidation Company — $17,000.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    10/5/2009

---

MANOJ PUNAMIA
3047 BADGER DRIVE
PLEASANTON, CA 94566

7445 — Motors Liquidation Company — $5,000.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    10/9/2009

---

MARRINER R & BETTY I BAILEY TRUST
8 HORTON HILL
CHITTENDEN, VT 05737

6732 — Motors Liquidation Company — $500.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    10/8/2009

---

MARSHA ILG, IRA ACCOUNT
1213 VIA VISALIA
SAN CLEMENTE, CA 92672

70611 — Motors Liquidation Company — $6,747.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    1/18/2011

---

MAYNARD MCMAHON & PATRICIA MCMAHON TTEES
210 SHERMAN DR
RED BLUFF, CA 96080

4684 — Motors Liquidation Company — $20,000.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    10/5/2009

---

MS & CO C/F
FRED FINK - IRA DATED 8/1/94
17333 CITRONIA ST
NORTHRIDGE, CA 91325

70689 — Motors Liquidation Company — $20,000.00 — Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company — Pgs. 1-5

**Additional Claim Information**

Official Claim Date:    1/28/2011

---

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**213th Omnibus Objection**

**Motors Liquidation Company, et al.**

**Case No. 09-50026 (REG),  Jointly Administered**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
| --- |

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| MS&CO C/F<br>FRED FINK<br>IRA STANDARD DATED 08/01/94<br>17333 CITRONIA AVENUE<br>NORTHRIDGE, CA 91325 | 70690 | Motors Liquidation Company | $20,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    1/28/2011 | | | | | |
| NELLIE VANDYKE<br>715 EAGLE RD<br>LOUISVILLE, IL 62858 | 6328 | Motors Liquidation Company | $1,500.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/8/2009 | | | | | |
| RAYMOND H MATSCHAT<br>CGM IRA ROLLOVER CUSTODIAN<br>5121 LYNNGATE ROAD<br>COLUMBIA, MD 21044 | 4949 | Motors Liquidation Company | $7,500.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/5/2009 | | | | | |
| ROBERT D FORTH<br>5105 JEFFERSON CIR<br>GUNTERSVILLE, AL 35976 | 6333 | Motors Liquidation Company | $500.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/8/2009 | | | | | |
| RUTH BLEECKER TRUST<br>PO BOX 690425<br>ORLANDO, FL 32869 | 8702 | Motors Liquidation Company | $26,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/13/2009 | | | | | |
| SYLVIA AUERBACH<br>3890 NOBEL DRIVE #506<br>SAN DIEGO, CA 92122 | 12042 | Motors Liquidation Company | $90,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |
| **Additional Claim Information** | | | | | |
| Official Claim Date:    10/19/2009 | | | | | |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.

(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

213th Omnibus Objection

**Exhibit A**

Motors Liquidation Company, et al.

Case No. 09-50026 (REG),  Jointly Administered

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| | | | | | |
|---|---|---|---|---|---|
| WALT AND SHARON NEISER<br>211 REGENCY COURT<br><br>BENTONVILLE, AR 72712 | 70982 | Motors Liquidation Company | $1,571.40 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:    2/19/2011

| | | | | | |
|---|---|---|---|---|---|
| WILLIAM D & VIOLA BURD<br>WILLIAM D BURD<br>7350 PINEVILLE DR<br>JACKSONVILLE, FL 32244<br>UNITED STATES OF AMERICA | 62579 | Motors Liquidation Company | $5,000.00 | Claim is Duplicative of Debt Claim Filed by Wilmington Trust Company | Pgs. 1-5 |

**Additional Claim Information**

Official Claim Date:    11/28/2009

36

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proof of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | **09-50026 (REG)** |
|     f/k/a **General Motors Corp.**, *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

<u>**ORDER GRANTING DEBTORS' 213TH OMNIBUS OBJECTION TO CLAIMS**</u>
**(Duplicate Debt Claims – Wilmington Trust Bonds)**

        Upon the 213th omnibus objection, dated February 24, 2011 (the "**213th Omnibus**

**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to

section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, seeking entry of an order that disallowing and expunging

certain proofs of claim as duplicative, all as more fully described in the 213th Omnibus Objection;

and due and proper notice of the 213th Omnibus Objection having been provided, and it appearing

that no other or further notice need be provided ; and the Court having found and determined that

the relief sought in the 213th Omnibus Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

213th Omnibus Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 213th Omnibus Objection.

ORDERED that the relief requested in the 213th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit "A" annexed hereto (the "**Order Exhibit**") annexed hereto are disallowed and expunged in their entirety subject to the occurrence of the effective date of the Plan; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 213th Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE