**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

---

PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
**In re**                                       :   Chapter 11 Case No.
:
**Motors Liquidation Company**, *et al.*,       :   **09-50026 (REG)**
    f/k/a **General Motors Corp.**, *et al.*  :
:
        Debtors.                       :   (Jointly Administered)
:
-----------------------------------------------------------x

**NOTICE OF DEBTORS' 215TH OMNIBUS OBJECTION TO CLAIMS**
**(Administrative Proofs of Claim for Equity Interests)**

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 215th omnibus objection to claims (the "**Objection**"), and that a

hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E.

Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for

the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York,

New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

US_ACTIVE:\43639422\01\72240.0639

To the extent a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant <u>must</u> file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant <u>must</u> appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **March 22, 2011 at 4:00 p.m. (Eastern Time)**. Only those Responses that are timely will be considered at the Hearing. A Claimant's Response will be deemed timely only if it is: (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing

system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format <u>and</u> in hard copy at each of the following addresses on or before the deadline for response:

> A. Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;
>
> B. Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and
>
> C. Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the number of the Objection to which the Response is directed; (ii) the name of the Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person that can be contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, please contact the Debtors at **1-800-414-9607**. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.**

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief requested in the Objection without further notice or a hearing if a Claimant fails to file a timely Response or appear at the Hearing.**

Dated: New York, New York
      February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :    **09-50026 (REG)**
        f/k/a General Motors Corp., *et al.*                :
                                                            :
                Debtors.                                    :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

### DEBTORS' 215TH OMNIBUS OBJECTION TO CLAIMS
**(Administrative Proofs of Claim for Equity Interests)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

## Relief Requested

1.  Prior to the commencement of these chapter 11 cases, the Debtors issued hundreds of millions of shares of common equity. By order dated December 14, 2010,[1] the Court established February 14, 2011 as the deadline to file proofs of claim for administrative expenses (the "**Administrative Proofs of Claim**") arising between June 1, 2009 and January 31, 2011. Since providing notice of the deadline to file Administrative Proofs of Claim, the Debtors have received numerous Administrative Proofs of Claim asserting equity interests as the basis of the claim (the "**Equity Administrative Proofs of Claim**"). A schedule of Equity Administrative Proofs of Claim subject to this Objection is annexed hereto as **Exhibit "A."**

2.  A proof of claim that asserts an equity interest as an "administrative expense claim" is improper because equity interests are not administrative expenses and holders of equity interests are not creditors on account of such interests. To the extent that a proof of claim asserts an equity interest as an "administrative expense claim," such "claim" should be disallowed and reclassified as an equity interest. Reclassification will preserve the equity holder's rights on account of its equity interest, but remove the "claim" from the Debtors' claims register.

3.  The Debtors submit this 215th Omnibus Objection (the "**215th Omnibus Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1] Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated December 14, 2010 (ECF No. 8099).

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  On June 1, 2009 ("**Commencement Date**"), four of the Debtors (the "**Initial Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026. On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009. On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

6.  On October 6, 2010, this Court entered an order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[4] which authorized the Debtors to file omnibus objections to claims on several grounds that are in addition to those grounds permitted under Bankruptcy Rule 3007(d).

---

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[4] Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims, dated October 6, 2009 (ECF No. 4180).

**Equity Administrative Proofs of Claim Should
Be Disallowed and Reclassified as Equity Interests**

7.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.     Bankruptcy Rule 3007(d)(7) allows a debtor to file an omnibus objection to claims that are "are interests, rather than claims."  The rationale behind such objections is that the Bankruptcy Code differentiates between a "claim" and an "equity security" that is entitled to a lower priority of distribution than a claim.  *See* 11 U.S.C. §§ 101(5), 101(16), 1129(b)(2). While creditors may need to file proofs of claim to preserve their rights to receive distributions on account of their claims,[5] the Court has yet to require equity security holders to file proofs of interests to preserve their rights, if any, based solely on the ownership of equity interests.  The filing of a proof of claim by an equity security holder to assert an equity interest is neither necessary nor sufficient.  *See McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

9.     An administrative expense is a special type of claim that is generally entitled to priority in payment before certain other claims.  11 U.S.C. §§ 503, 507.

---

[5] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim (Including Claims under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated September 16, 2009 (ECF No. 4079).

Administrative expenses are reserved solely to those entities that provide a benefit to the Debtors subsequent to the Commencement Date. These claims, therefore, do not represent appropriate administrative expenses.

10. Based on the foregoing, the Debtors request the Equity Administrative Proofs of Claim be disallowed and reclassified as an equity interest. The reclassification of the Equity Administrative Proofs of Claim to equity interests will preserve any entitlement to distributions solely on account of the ownership of the Debtors' equity interests.

**Reservation of Rights**

11. The Debtors reserve the right to object to any of the Equity Administrative Proofs of Claim that are not disallowed in their entirety for any reason and to object on any basis to any Equity Administrative Proof of Claim that is reclassified as equity interests.

**Notice**

12. Notice of this 215th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

| | | |
|---|---|---|
| 215th Omnibus Objection | **Exhibit A** | Motors Liquidation Company, et al. |
| | | Case No. 09-50026 (REG), Jointly Administered |

**CLAIMS TO RECLASSIFY**

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ANTWAN HASKOOR<br>69-43 CENTRAL AVE<br>GLENDALE, NY 11385 | 70676 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| ARMAND S ANDRLE<br>141 HATCASE POND RD<br>EDDINGTON, ME 04428 | 70732 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| AUSTIN AND REBECCA VIALL<br>710 KELLER LANE<br>TUSCUMBIA, AL 35674 | 70909 | Motors Liquidation Company | $437,736.00 | Equity Interest Claim | Pgs. 1-5 |
| BETTY J CHOLTCO<br>948 NORMANDY DRIVE<br>NEW KENSINGTON, PA 15068 | 70924 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| BILLY E DILLARD<br>17281 LAKE VIEW CIRCLE<br>NORTHVILLE, MI 48168 | 70840 | Motors Liquidation Company | $200,000.00 | Equity Interest Claim | Pgs. 1-5 |
| BUSHENG WANG<br>71-11 162ND ST APT #2B<br>FRESH MEADOWS, NY 11365 | 70906 | Motors Liquidation Company | $2,227.85 | Equity Interest Claim | Pgs. 1-5 |
| C JAYNE ROONEY<br>487 VERANDA WAY APT C203<br>NAPLES, FL 34104 | 70933 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| CONSTANTINOS GENATOS<br>192 TOSCANINI<br>CHATEAUGUAY QUEBEC  J6K 4B9  CANADA<br>CANADA | 70837 | Motors Liquidation Company | Unliquidated<br><br>Foreign Currency | Equity Interest Claim | Pgs. 1-5 |
| DEBRA D. NELSON<br>330 CURACAO WAY<br>NICEVILLE, FL 32578 | 70847 | Motors Liquidation Company | $518.15 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 1

09-50026-mg    Doc 9452    Filed 02/24/11    Entered 02/24/11 23:19:02    Main Document
Pg 13 of 19

215th Omnibus Objection | Exhibit A | Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

**CLAIMS TO RECLASSIFY**

| Creditor | Claim # | Debtor | Claim Amount | Classification | Pages |
|---|---|---|---|---|---|
| DENNIS DEAN<br>701 CENTER AVE #1<br>BAY CITY, MI 48708 | 70954 | Motors Liquidation Company | $2,000.00 | Equity Interest Claim | Pgs. 1-5 |
| DIANA GALENIC<br>953 BEST CIRCLE<br>NEWMARKET, ON<br>L3X 2K9 CANADA<br>CANADA | 70900 | Motors Liquidation Company | $4,107.10<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| DONALD PETERSON<br>160 CAYMUS COURT<br>SUNNYVALE, CA 94086<br>UNITED STATES OF AMERICA | 70603 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| DONALD S & MARGARET M SAUNDERS JT TEN<br>8258 SAINT FRANCIS CT<br>CENTERVILLE, OH 45458 | 70838 | Motors Liquidation Company | $27,441.60 | Equity Interest Claim | Pgs. 1-5 |
| DORIS PLEASANT<br>8810 LOCUST GROVE DRIVE<br>PORT TOBACCO, MD 20677<br>UNITED STATES OF AMERICA | 70853 | Motors Liquidation Company | $36,530.00 | Equity Interest Claim | Pgs. 1-5 |
| EDWARD F WALL<br>624 ANDERSON HILL RD<br>PURCHASE, NY 10577 | 70849 | Motors Liquidation Company | $192.00 | Equity Interest Claim | Pgs. 1-5 |
| HAROLD GREENE<br>3025 WWHITE FEATHER LN<br>PHOENIX, AZ 85083<br>UNITED STATES OF AMERICA | 70886 | Motors Liquidation Company | $500.00 | Equity Interest Claim | Pgs. 1-5 |
| IGOR KUMOK<br>10372 FOREST BROOK LANE, UNIT-H<br>SAINT LOUIS, MO 63146 | 70862 | Motors Liquidation Company | $2,308.29 | Equity Interest Claim | Pgs. 1-5 |
| JAMES D. TOWNSEND<br>5429 ATLAS RD.<br>P.O.BOX 128<br>ATLAS, MI 48411 | 70937 | Motors Liquidation Company | $139,288.00 | Equity Interest Claim | Pgs. 1-5 |
| JAMES S M NG & YUEN WAH LO NG<br>17 MILLWARD CRESCENT<br>AJAX, ONTARIO L1T 4M6 CANADA<br>CANADA | 70972 | Motors Liquidation Company | $63.39 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## CLAIMS TO RECLASSIFY

| Creditor | Claim # | Debtor | Claim Amount | Classification | Pgs. |
|---|---|---|---|---|---|
| JOHN C EHLERS<br>8485 MISSION HILLS LANE<br>CHANHASSEN, MN 55317 | 70593 | Motors Liquidation Company | $0.00 Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| JOHN MCGUIRE & MARION MCGUIRE<br>308 OAK LANE<br>MANCHESTER, NJ 07859 | 70935 | Motors Liquidation Company | $619.60 | Equity Interest Claim | Pgs. 1-5 |
| JULIAN GEVARGIS<br>1574 RT 9G<br>HYDE PARK, NY 12538 | 70936 | Motors Liquidation Company | $0.00 Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| KATHLEEN R CONNLEY<br>2621 MACGREGOR CT<br>MODESTO, CA 95350 | 70839 | Motors Liquidation Company | $95.77 | Equity Interest Claim | Pgs. 1-5 |
| LISA CORBETT<br>67 LOGGERHEAD DR<br>COLUMBIA, SC 29229 | 70741 | Motors Liquidation Company | $0.00 Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| LOC BUI<br>30 WESTGATE ROAD<br>FRAMINGHAM, MA 01701 | 70899 | Motors Liquidation Company | $94,117.00 | Equity Interest Claim | Pgs. 1-5 |
| LOUIS PECK PERKINS<br>2357 LEONARDO LN N<br>JACKSONVILLE, FL 32218 | 70945 | Motors Liquidation Company | $2,625.00 | Equity Interest Claim | Pgs. 1-5 |
| LOVENIA BROCK<br>301 BROCK LANE<br>LONDON, KY 40744 | 70888 | Motors Liquidation Company | $0.00 Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| MABLE SCOTT<br>106 NURSERY RIDGE LANE<br>COLUMBIA, SC 29212 | 70961 | Motors Liquidation Company | $1,400.00 | Equity Interest Claim | Pgs. 1-5 |
| MARILYN BRANNEN<br>648 GOLDENVILLE RD<br>GETTYSBURG, PA 17325<br>UNITED STATES OF AMERICA | 70891 | Motors Liquidation Company | $5,209.10 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

| 215th Omnibus Objection | | | Exhibit A | | Motors Liquidation Company, et al. |
|---|---|---|---|---|---|
| | | | | | Case No. 09-50026 (REG), Jointly Administered |

| | | | | |
|---|---|---|---|---|
| **CLAIMS TO RECLASSIFY** | | | | |
| MARSHALL ABRAM<br>1714 E. HINES ST.<br>MUNCIE, IN 47303 | 70907 | Motors Liquidation Company | $1,500.00 | Equity Interest Claim | Pgs. 1-5 |
| MARTIN D HARSH AND BETTY J HARSH<br>7721 RIVER ROCK CT<br>WILLIAMSPORT, MD 21795 | 70834 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| MARY MCFERRON<br>1322 DALLWOOD DRIVE<br>ST LOUIS, MO 63126<br>UNITED STATES OF AMERICA | 70716 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| MICHAEL KNAUSS<br>58-37 206 STREET<br>OAKLAND GARDENS, NY 11364 | 70903 | Motors Liquidation Company | $2,956.50 | Equity Interest Claim | Pgs. 1-5 |
| MOHAMMAD Z KHAN<br>11120 E 29 ST<br>TULSA, OK 74129 | 70926 | Motors Liquidation Company | $3,050.05 | Equity Interest Claim | Pgs. 1-5 |
| NICHOLAS F. STARACE<br>9 FIELDING ROAD<br>SHORT HILLS, NJ 07078<br>UNITED STATES OF AMERICA | 70627 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| NIKA GOJCAJ<br>73350 MCKAY<br>ROMEO, MI 48065 | 70897 | Motors Liquidation Company | $9,970.02 | Equity Interest Claim | Pgs. 1-5 |
| PATRICIA A NARDIELLO<br>82 BRANCHPORT AVENUE<br>LONG BRANCH, NJ 07740 | 70946 | Motors Liquidation Company | $10,638.00 | Equity Interest Claim | Pgs. 1-5 |
| PATRICIA NEWBY<br>3810 RIDGEWOOD AVE<br>BALTIMORE, MD 21215 | 70929 | Motors Liquidation Company | $500.00 | Equity Interest Claim | Pgs. 1-5 |
| PETER GELYON<br>3405 EMERLING DR<br>BLASDELL, NY 14219 | 70850 | Motors Liquidation Company | $608.46 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**215th Omnibus Objection** **Exhibit A** **Motors Liquidation Company, et al.**
**Case No. 09-50026 (REG), Jointly Administered**

| | | | | | |
|---|---|---|---|---|---|
| **CLAIMS TO RECLASSIFY** | | | | | |
| PRABIR SAHA & RINKU SAHA<br>905 SAVOY WAY<br>APEX, NC 27502 | 70962 | Motors Liquidation Company | $20.00 | Equity Interest Claim | Pgs. 1-5 |
| PRAFUL SHAH<br>4649 MAPLE CREEK COURT<br>WEST BLOOMFIELD, MI 48322 | 70885 | Motors Liquidation Company | $597.29 | Equity Interest Claim | Pgs. 1-5 |
| REBECCA G HARRISON<br>1065 VIEWPOINTE BLVD<br>RODEO, CA 94572 | 70992 | Motors Liquidation Company | $173.72 | Equity Interest Claim | Pgs. 1-5 |
| RICHARD D BROWN<br>139 WEST END AVE<br>BINGHAMTON, NY 13905 | 70887 | Motors Liquidation Company | $1,657.54 | Equity Interest Claim | Pgs. 1-5 |
| ROBERT ERICKSON<br>165 BUFF CAP RD<br>TOLLAND, CT 06084 | 70890 | Motors Liquidation Company | $1,487.50 | Equity Interest Claim | Pgs. 1-5 |
| ROBERT TALLMAN<br>136 EUCLID AVENUE<br>BARNESVILLE, OH 43713<br>UNITED STATES OF AMERICA | 70892 | Motors Liquidation Company | $72,000.00 | Equity Interest Claim | Pgs. 1-5 |
| ROBERT VOSS<br>6412 N UPLAND TERR<br>PEORIA, IL 61615 | 70960 | Motors Liquidation Company | $992.25 | Equity Interest Claim | Pgs. 1-5 |
| ROBERTA S BRAND (TRUST)<br>36045 LARCH WY<br>FREMONT, CA 94536 | 70667 | Motors Liquidation Company | $0.00<br>Unliquidated | Equity Interest Claim | Pgs. 1-5 |
| STEPHAN G TOTH<br>3281 SHAWNEE LANE COURT<br>WATERFORD, MI 48329 | 70821 | Motors Liquidation Company | $5,841.98 | Equity Interest Claim | Pgs. 1-5 |
| VERNON DIAZ<br>15903-101 STREET<br>EDMONTON T5X 4E6 ALBERTA CANADA<br>CANADA | 70878 | Motors Liquidation Company | $39,690.12 | Equity Interest Claim | Pgs. 1-5 |

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**215th Omnibus Objection**  **Exhibit A**  Motors Liquidation Company, et al.
Case No. 09-50026 (REG), Jointly Administered

| | | | | |
|---|---|---|---|---|
| **CLAIMS TO RECLASSIFY** | | | | |
| WILLIE DAVID BRANHAM<br>22987 29 1/2 MILE RD<br>PO BOX 152<br>SPRINGPORT, MI 49284 | 70967 | Motors Liquidation Company | $1,608.10 | Equity Interest Claim    Pgs. 1-5 |
| WILLIE MELVIN<br>616 WEAVER STREET<br>SPRING LAKE, NC 28390<br>UNITED STATES OF AMERICA | 70991 | Motors Liquidation Company | $12,214.60 | Equity Interest Claim    Pgs. 1-5 |
| YUEN WAH LO NG<br>17 MILLWARD CRESCENT<br>AJAX, ONTARIO L1T 4M6  CANADA<br>CANADA | 70971 | Motors Liquidation Company | $44,250.40 | Equity Interest Claim    Pgs. 1-5 |

52

(1) In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 6

**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------x
                                                            :
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                   :   **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.* :
                                                            :
         **Debtors.** :   **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

## ORDER GRANTING DEBTORS' 215TH OMNIBUS OBJECTION TO CLAIMS
### (Administrative Proofs of Claim for Equity Interests)

Upon the 215th omnibus objection, dated February 24, 2011 (the "**215th Omnibus Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and reclassifying Equity Administrative Proofs of Claim as equity interests, all as more fully described in the 215th Omnibus Objection; and due and proper notice of the 215th Omnibus Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 215th Omnibus Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 215th Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 215th Omnibus Objection.

ORDERED that the relief requested in the 215th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Equity Administrative Expense Proofs of Claim listed on Exhibit "A" annexed to hereto (the "**Order Exhibit**") are disallowed and reclassified as equity interests; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claims listed on Exhibit "A" annexed to the 215th Omnibus Objection that are not disallowed pursuant to this Order, and any of the claims for equity interests that are reclassified as equity interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
　　　　 _____, 2011

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE