**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**MOTORS LIQUIDATION COMPANY,** *et al.*,                :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*                  :
                                                         :
                           Debtors.                      :    **(Jointly Administered)**
                                                         :
------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION TO RECLASSIFY AND
### OBJECTION TO PROOF OF CLAIM NO. 5611 FILED BY CALVIN DEAN

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed a motion to reclassify and objection to proof of claim number 5611 filed by Mr. Calvin Dean (the "**Motion**"), and that a hearing (the "**Hearing**") to consider the Motion will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

US_ACTIVE:\43625107\03\72240.0639

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, a professional corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :    09-50026 (REG)
    f/k/a General Motors Corp., et al.     :
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
------------------------------------------------------------x
```

### DEBTORS' MOTION TO RECLASSIFY AND OBJECTION TO PROOF OF CLAIM NO. 5611 FILED BY CALVIN DEAN

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully represent:

### Relief Requested

1. Pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request the Court reclassify proof of claim number 5611 filed by Mr. Calvin Dean ("**Dean**") against MLC from a secured and priority claim to a general

US_ACTIVE:\43625107\03\72240.0639

unsecured claim.  Upon reclassification, the Debtors also object to proof of claim 5611 on the basis that the reclassified proof of claim is duplicative of claims to be allowed pursuant to the Debtors' *Amended Joint Chapter 11 Plan*, dated December 7, 2010 (as may be amended, modified, supplemented, or restated from time to time, the "**Plan**").  A copy of the proof of claim is annexed hereto as **Exhibit "A."**

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

4. On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

### Proof of Claim No. 5611

5. Mr. Dean alleges a $12.5 million claim against MLC arising from certain notes issued pursuant to that certain Indenture, dated December 7, 1995, between MLC, as issuer, and Wilmington Trust Company, as successor-in-interest Indenture Trustee to Citibank, N.A., (as such amended, supplemented, or modified, the "**Indenture**"). Pursuant to the Indenture, MLC issued 19 series of general unsecured notes, but Mr. Dean does not indicate which series of notes he holds. Mr. Dean, however, does allege the notes are secured and entitled to priority, but does not indicate the basis for any such secured or priority status. For example, Mr. Dean does not allege any specific security interests or rights of setoff.

6. Wilmington Trust Company filed a proof of claim number 65729 asserting all claims arising under the Indenture on behalf of all noteholders thereunder. The Debtors and Wilmington Trust Company have reconciled proof of claim number 65729 and, pursuant to that certain stipulation, dated August 5, 2010,[3] proof of claim number 65729 was allowed as a general unsecured claim against MLC in the amount of $21,928,183,895.36 subject to appropriate reserves and/or reductions in connection with any Court-authorized setoff exercised by an individual bondholder. After the entry of the stipulation, MLC and Wilmington Trust Company agreed to modify the amounts asserted to exclude the applicable original initial

---

[3] Stipulation and Agreed Order Among the Debtors, Wilmington Trust Company, Citibank, N.A., Solely in its Capacity as Paying Agent, Regarding Proofs of Claim Nos. 47871, 47872, 65729, 65793, and 66723, dated August 5, 2010 and ordered on August 9, 2010 (ECF No. 6595).

discount attributable to each debt instrument. Accordingly, the total allowed amount subsequently has been revised slightly as reflected in Section 4.3(e) of the Plan.

### The Relief Requested Should Be Approved by the Court

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

9. The Debtors object to the secured and priority status of proof of claim 5611 and request the Court reclassify the claim as a general unsecured claim. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the estate has an interest. 11 U.S.C. § 506(a); *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003). Mr. Dean specifies no liens or underlying collateral that secures his claims. By their very terms, all notes issued pursuant to the Indenture are unsecured. The Debtors have also reviewed their books and records and are unaware of any setoff rights that would otherwise elevate Mr. Dean's notes to secured status.

10. For a claim to receive priority status, it must be one of the types of claim specified by section 507(a) of the Bankruptcy Code to receive priority status. *See U.S. v. Noland*, 517 U.S. 535 (1996) (finding Congress intended to establish a priority scheme in section 507(a) of the Bankruptcy Code and holding that a bankruptcy court cannot categorically

derogate the scheme). For example, section 507(a)(4) grants claims for wages, salaries, or commission earned within the 180 days prior to the commencement of a debtor's chapter 11 case priority status up to $11,725. Section 507(a) of the Bankruptcy Code, however, does not provide priority status to claims such as those alleged by Mr. Dean. Based upon the foregoing, the Debtors request the Court reclassify proof of claim 5611 as a general unsecured claim in its entirety.

11. Applicable law also provides that "in bankruptcy, multiple recoveries for an identical injury are generally disallowed." *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("'to allow one creditor to assert two dollars in claims for every one dollar of loss from the same debtor violates principles of ratable distribution and offends notions of uniform treatment for creditors'") (quoting *In re Chateaugay Corp.*, 130 B.R. 690, 698 (S.D.N.Y. 1991)).

12. The Debtors object to proof of claim number 5611, as reclassified to a general unsecured claim, as duplicative and unnecessary as claims arising from bonds issued pursuant to the Indenture will be fixed and allowed under the Debtors' Plan. If proof of claim number 5611 was allowed, Mr. Dean may impermissibly recover twice – once pursuant to proof of claim number 5611 and again pursuant to the allowed amount provided under the Plan. Moreover, the Debtors are unable to confirm Mr. Dean is a beneficial holder of a debt instrument. To the extent he is a beneficial bondholder as of the record date under the Debtors' Plan, Mr. Dean will receive a distribution from Wilmington Trust Company. To avoid the possibility of multiple recoveries, the Debtors request that proof of claim number 5611, upon reclassification, be also disallowed and expunged in its entirety.

**Notice**

13.    Notice of this Objection has been provided to Mr. Dean and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360). The Debtors submit that such notice is sufficient and no other or further notice need be provided.

14.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**


| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One) <br> ☒ Motors Liquidation Company (f/k/a General Motors Corporation) <br> ☐ MLCS, LLC (f/k/a Saturn, LLC) <br> ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) <br> ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | Case No <br> 09-50026 (REG) <br> 09-50027 (REG) <br> 09-50028 (REG) <br> 09-13558 (REG) | Your Claim is Scheduled As Follows. |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) DEAN, CALVIN

**Name and address where notices should be sent**
DEAN CALVIN
7054 JACKSON AVE
WARREN MI 48091-2911

[Stamp: THE GARDEN CITY GROUP, INC. OCT 7 2009]

☑ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number 09-50026
(If known)

Filed on 9-28-09

**FILED - 05611
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)**

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive a distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Telephone number
Email Address

**Name and address where payment should be sent** (if different from above)
Calvin Dean 7054 Jackson ST
Warren Mi 48091

Telephone number 586-619-7309

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☑ Check this box if you are the debtor or trustee in this case

1 **Amount of Claim as of Date Case Filed, June 1, 2009**   $ 12,500,000

If all or part of your claim is secured, complete item 4 below, however, if all or part of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 **Basis for Claim** CITIbank as Indenture Trustee 12-7-95
(See instruction #2 on reverse side)

3 **Last four digits of any number by which creditor identifies debtor** 2515

3a Debtor may have scheduled account as Strategic Fund and Dai-ichi Kangyo 7-1-95
(See instruction #3a on reverse side)

4 **Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

**Nature of property or right of setoff**  ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☑ Other
Describe

Value of Property $ 12,500,000  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ 12,500,000

Basis for perfection Indenture

Amount of Secured Claim $ 12,500,000   Amount Unsecured $ NONE

6 **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 **Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☑ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__)

**Amount entitled to priority**

$ 12,500,000

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

| Date <br> 9-28-09 | **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any  NONE <br><br> Calvin Dean | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 and 3571
**Modified B10 (GCG) (12/08)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor there may be exceptions to these general rules The attorneys for the Debtors and their court-appointed claims agent The Garden City Group Inc are not authorized and are not providing you with any legal advice*

**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS **IF BY MAIL** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286 **IF BY HAND OR OVERNIGHT COURIER** THE GARDEN CITY GROUP, INC, ATTN MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017 PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004 **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED**

**THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5.00 P.M (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009 You should select the debtor against which you are asserting your claim
**A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR**

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case Please provide us with a valid email address A separate space is provided for the payment address if it differs from the notice address The creditor has a continuing obligation to keep the court informed of its current address See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1 Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing Follow the instructions concerning whether to complete items 4 and 5 Check the box if interest or other charges are included in the claim

**2 Basis for Claim**
State the type of debt or how it was incurred Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim

**3 Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any

**3a. Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor

**4. Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured Skip this section if the claim is entirely unsecured (See DEFINITIONS, below) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing

**5 Amount of Claim Entitled to Priority Under 11 U S C § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority (See DEFINITIONS, below) A claim may be partly priority and partly non-priority For example, in some of the categories, the law limits the amount entitled to priority

For claims pursuant to 11 U S C § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1 2009, the date of commencement of these cases (See DEFINITIONS, below) Attach documentation supporting such claim

**6 Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt

**7 Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest You may also attach a summary FRBP 3001(c) and (d) If the claim is based on the delivery of health care goods or services, see instruction 2 Do not send original documents, as attachments may be destroyed after scanning

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011 If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature Print the name and title, if any, of the creditor or other person authorized to file this claim State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices Attach a complete copy of any power of attorney Criminal penalties apply for making a false statement on a proof of claim

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing See 11 U S C § 101(5) A claim may be secured or unsecured

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing The creditor must file the form with The Garden City Group, Inc as described in the instructions above and in the Bar Date Notice

**Secured Claim Under 11 U S C § 506(a)**
A secured claim is one backed by a lien on property of the debtor The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors The amount of the secured claim cannot exceed the value of the property Any amount owed to the creditor in excess of the value of the property is an unsecured claim Examples of liens on property include a mortgage on real estate or a security interest in a car A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding In some states, a court judgment is a lien A claim also may be secured if the creditor owes the debtor money (has a right to setoff)

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien

**Claim Entitled to Priority Under 11 U S C § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc, please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims One or more of these entities may contact the creditor and offer to purchase the claim Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor These entities do not represent the bankruptcy court or the debtor The creditor has no obligation to sell its claim However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq), and any applicable orders of the bankruptcy court

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                            :    Chapter 11 Case No.
                                                 :
GENERAL MOTORS CORP., et al.,                    :    09-50026 (REG)
                                                 :
                     Debtors.                    :    (Jointly Administered)
                                                 :
------------------------------------------------------------x

# NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER

PLEASE TAKE NOTICE THAT upon the motion (the "Motion"), of General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated June 1, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June 2, 2009 (the "Sale Procedures Order"), among other things, (i) scheduling a hearing (the "Sale Hearing") to approve (a) the Master Sale and Purchase Agreement, dated as of June 1, 2009 (the "MPA"), by and among GM and its Debtor subsidiaries (collectively, the "Sellers") and Vehicle Acquisition Holdings LLC. (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U S Treasury"), with respect to the sale of substantially all the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "363 Transaction"), (b) the assumption, assignment, and sale to the Purchaser pursuant to the MPA of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assumable Executory Contracts"), and (c) the settlement agreement (the "UAW Retiree Settlement Agreement"), between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), (ii) approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"), (iii) approving a procedure for the assumption, assignment, and sale to the Purchaser pursuant to the MPA of the Assumable Executory Contracts, (iv) approving the form and manner of notice of the Motion and the relief requested therein and of the Sale Hearing, and (v) setting a deadline for the filing of objections, if any, to the relief requested in the Motion

A.    THE MASTER SALE AND PURCHASE AGREEMENT

The total consideration under the MPA for the sale of the Purchased Assets is equal to the sum of (i) a credit bid in the amount of the outstanding indebtedness owed to the Purchaser as of the closing pursuant to certain secured loans extended by the U S Treasury and Export Development Canada, less approximately $8 billion (estimated to be approximately $48 3 billion at July 31, 2009), (ii) the surrender of a warrant to purchase GM shares previously issued to the U S Treasury in connection with the secured loans extended by the U S Treasury, (iii) the

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
    :
In re   :   Chapter 11 Case No.
    :
MOTORS LIQUIDATION COMPANY   :   09-50026 (REG)
f/k/a GENERAL MOTORS CORPORATION,   :
et al.,   :
    :
             Debtors.   :   (Jointly Administered)
    :
-----------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM
### (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE)

TO ALL PERSONS AND ENTITIES WITH CLAIMS (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE) AGAINST A DEBTOR SET FORTH BELOW

| Name of Debtor | Case Number | Tax Identification Number | Other Names Used by Debtors in the Past 8 Years |
|---|---|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 | 38-0572515 | General Motors Corporation<br>GMC Truck Division<br>NAO Fleet Operations<br>GM Corporation<br>GM Corporation-GM Auction Department<br>National Car Rental<br>National Car Sales<br>Automotive Market Research |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 | 38-2577506 | Saturn, LLC<br>Saturn Corporation<br>Saturn Motor Car Corporation<br>GM Saturn Corporation<br>Saturn Corporation of Delaware |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 | 38-2755764 | Saturn Distribution Corporation |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 | 20-1426707 | Chevrolet-Saturn of Harlem, Inc<br>CKS of Harlem |

PLEASE TAKE NOTICE THAT, on September 16, 2009, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing (i) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including a claim under section 503(b)(9) of the Bankruptcy Code, as described more fully below (a "**503(b)(9) Claim**"), against any of the Debtors (the "**General Bar Date**"), and (ii) **November 30, 2009, at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**")

The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **June 1, 2009**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**")

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
GENERAL MOTORS CORP., et al.,                                    :    09-50026 (REG)
                                                                 :
                                Debtors.                         :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER

PLEASE TAKE NOTICE THAT upon the motion (the "Motion"), of General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated June 1, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June 2, 2009 (the "Sale Procedures Order"), among other things, (i) scheduling a hearing (the "Sale Hearing") to approve (a) the Master Sale and Purchase Agreement, dated as of June 1, 2009 (the "MPA"), by and among GM and its Debtor subsidiaries (collectively, the "Sellers") and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury"), with respect to the sale of substantially all the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "363 Transaction"), (b) the assumption, assignment, and sale to the Purchaser pursuant to the MPA of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assumable Executory Contracts"), and (c) the settlement agreement (the "UAW Retiree Settlement Agreement"), between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), (ii) approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"), (iii) approving a procedure for the assumption, assignment, and sale to the Purchaser pursuant to the MPA of the Assumable Executory Contracts, (iv) approving the form and manner of notice of the Motion and the relief requested therein and of the Sale Hearing, and (v) setting a deadline for the filing of objections, if any, to the relief requested in the Motion.

A.   THE MASTER SALE AND PURCHASE AGREEMENT

The total consideration under the MPA for the sale of the Purchased Assets is equal to the sum of (i) a credit bid in the amount of the outstanding indebtedness owed to the Purchaser as of the closing pursuant to certain secured loans extended by the U.S. Treasury and Export Development Canada, less approximately $8 billion (estimated to be approximately $48.3 billion at July 31, 2009), (ii) the surrender of a warrant to purchase GM shares previously issued to the U.S. Treasury in connection with the secured loans extended by the U.S. Treasury, (iii) the

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
GENERAL MOTORS CORP., *et al.*,               :    09-50026 (REG)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
-----------------------------------------------------------x

### NOTICE TO DEBTORS' RETIREES REPRESENTED BY THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA OF SALE OF DEBTORS' ASSETS AND APPROVAL OF UAW RETIREE SETTLEMENT AGREEMENT

PLEASE TAKE NOTICE THAT

1.      By motion dated June 1, 2009 (the "Motion"), General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"),[1] have sought, among other things, authorization and approval of (a) the sale of substantially all the Debtors' assets pursuant to that certain Master Sale and Purchase Agreement and related agreements (the "MPA") among the Debtors (the "Sellers") and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U.S. Treasury") (the "363 Transaction"), free and clear of liens, claims, encumbrances, and other interests, (b) certain proposed procedures to govern the sale process and provide for the submission of any competing bids for substantially all the Debtors' assets (the "Sale Procedures"), (c) the assumption and assignment of certain executory contracts and unexpired leases of personal property and of nonresidential real property (collectively, the "Leases") in connection with the 363 Transaction, (d) that certain settlement agreement between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") consented to by representatives of members of the "Class" of the Debtors' retirees and surviving spouses represented by the UAW such representatives, the "Class Representatives") to be executed at the closing of the 363 Transaction (the "UAW Retiree Settlement Agreement"), and (e) scheduling a hearing for approval of the 363 Transaction and the UAW Retiree Settlement Agreement (the "Sale Hearing").[2]

---

[1] The Debtors and their respective Tax ID numbers are as follows: General Motors Corporation, Tax ID No 38-0572515, Saturn, LLC, Tax ID No 38-2577506, Saturn Distribution Corporation, Tax ID No 38-2755764, and Chevrolet-Saturn of Harlem, Inc., Tax ID No 20-1426707

[2] Copies of the Motion and the MPA (without certain commercially sensitive attachments) may be obtained by accessing the website established by the Debtors' claims and noticing agent, The Garden City Group, Inc., at http //www.gmcourtdocs.com

NY2 \1997764\11\16THG11!DOC\72240 0635

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
:
In re                                         :    Chapter 11 Case No.
                                              :
**GENERAL MOTORS CORP.,** *et al.,*           :    09-50026 (REG)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------x

## NOTICE OF SALE HEARING TO SELL SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER

PLEASE TAKE NOTICE THAT upon the motion (the "Motion"), of General Motors Corporation ("GM") and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors" or the "Company"), dated June 1, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has issued an order dated June 2, 2009 (the "Sale Procedures Order"), among other things, (i) scheduling a hearing (the "Sale Hearing") to approve (a) the Master Sale and Purchase Agreement, dated as of June 1, 2009 (the "MPA"), by and among GM and its Debtor subsidiaries (collectively, the "Sellers") and Vehicle Acquisition Holdings LLC (the "Purchaser"), a purchaser sponsored by the United States Department of the Treasury (the "U S Treasury"), with respect to the sale of substantially all the Debtors' assets (the "Purchased Assets") free and clear of all liens, claims, encumbrances, and other interests, and subject to higher or better offers (the "363 Transaction"), (b) the assumption, assignment, and sale to the Purchaser pursuant to the MPA of certain executory contracts and unexpired leases of personal property and nonresidential real property (the "Assumable Executory Contracts"), and (c) the settlement agreement (the "UAW Retiree Settlement Agreement"), between the Purchaser and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), (ii) approving certain procedures for the submission and acceptance of any competing bids (the "Sale Procedures"), (iii) approving a procedure for the assumption, assignment, and sale to the Purchaser pursuant to the MPA of the Assumable Executory Contracts, (iv) approving the form and manner of notice of the Motion and the relief requested therein and of the Sale Hearing, and (v) setting a deadline for the filing of objections, if any, to the relief requested in the Motion

### A    THE MASTER SALE AND PURCHASE AGREEMENT

The total consideration under the MPA for the sale of the Purchased Assets is equal to the sum of (i) a credit bid in the amount of the outstanding indebtedness owed to the Purchaser as of the closing pursuant to certain secured loans extended by the U S Treasury and Export Development Canada, less approximately $8 billion (estimated to be approximately $48 3 billion at July 31, 2009), (ii) the surrender of a warrant to purchase GM shares previously issued to the U S Treasury in connection with the secured loans extended by the U S Treasury, (iii) the

HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
    f/k/a General Motors Corp., *et al.* :
:
                  Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION TO RECLASSIFY AND OBJECTION TO PROOF OF CLAIM 5611 NO. FILED BY CALVIN DEAN

Upon the motion to reclassify and objection to proof of claim number 5611 filed by Calvin Dean, dated February 24, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging proof of claim number 5611 on the ground that it is duplicative, all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43625107\03\72240.0639

2

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 5611 is disallowed and expunged from the claims registry in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       _____, 2011

                                        UNITED STATES BANKRUPTCY JUDGE