HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**MOTORS LIQUIDATION COMPANY**, *et al.*, : **09-50026 (REG)**
  f/k/a **General Motors Corp.**, *et al.* :
: 
          Debtors. : (Jointly Administered)
: 
-----------------------------------------------------------x

## NOTICE OF DEBTORS' OBJECTION
## TO PROOF OF CLAIM NO. 70679 FILED BY RICHARD G. TITHOR

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (the "**Debtors**"), filed an objection to proof of claim number 70679 filed by Mr. Richard G. Tithor (the "**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 29, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007

(Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, a professional corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), so as to be received no later than **March 22, 2011 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                         :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*    :
:
            Debtors.                             :    **(Jointly Administered)**
:
------------------------------------------------------------x

**DEBTORS' OBJECTION**
**TO PROOF OF CLAIM NO. 70679 FILED BY RICHARD G. TITHOR**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

    Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

    1.  Pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), the Debtors object to proof of claim number 70679 filed by Mr. Richard

G. Tithor ("**Tithor**") against MLC on the basis that the proof of claim contains insufficient

US_ACTIVE:\43631138\03\72240.0639

information and documentation to establish a prima facie claim against the Debtors, including, among other things, the claim's asserted administrative expense status.  A copy of the proof of claim is annexed hereto as **Exhibit "A."**

## Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[1] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[2] commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors under Case Number 09-50026 (REG).  By order dated December 14, 2010,[3] the Court established February 14, 2011 as the deadline to file proofs of claim for administrative expenses arising between June 1, 2009 and January 31, 2011.

## Proof of Claim No. 70679

4.      Mr. Tithor alleges an administrative expense claim in the amount of $1,500,000 for "services performed," "hardship and suffering," and "retiree benefits."  Mr. Tithor, however, fails to provide any specific details or supporting documentation to establish a

---

[1] The Initial Debtors are MLC (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[2] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[3] Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated December 14, 2010 (ECF No. 8099).

claim, let alone a basis for an administrative expense priority. The Debtors have reviewed their books and records and find no basis for Mr. Tithor's claim and cannot identify Mr. Tithor as a current or former employee of the Debtors.

### The Relief Requested Should Be Approved by the Court

5. To be legally sufficient, a proof of claim must (a) be in writing; (b) make a demand on the debtor's estate; (c) express the intent to hold the debtor liable for the debt; (d) be properly filed; and (e) be based upon facts that would allow, as a matter of equity, the document to be accepted as a proof of claim. *First Nat'l Bank v. Circle J. Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1989). If a claim fails to comply with any of the foregoing requirements, it is not entitled to prima facie validity under Bankruptcy Rule 3001. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). Absent specific factual allegations and supporting documentation, a proof of claim is not prima facie valid. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (holding a proof of claim that is prima facie valid "alleges facts sufficient to support a legal liability [of the debtor] to the claimant"); *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) (upholding debtor's objection to creditor's proof of claim because creditor could not establish facts necessary to support prima facie claim against debtor).

6. To establish a prima facie claim for administrative expense priority, a creditor must also allege sufficient facts with supporting documentation to establish that (a) an expense arises out of a transaction between the creditor and the debtor after the debtor commences its bankruptcy case and (b) the consideration supporting the claimant's right to payment was both supplied and beneficial to the postpetition debtor in the operation of its business in bankruptcy. *Trustee of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101

(2d Cir. 1986). Bankruptcy courts in New York as well as in other jurisdictions have made clear that priority under section 503(b) of the Bankruptcy Code "is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate." *In re Dana Corp.,* 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008). Efforts undertaken by a creditor to benefit its own interests are not compensable under section 503(b). *Id.* The benefit conferred must be a "direct benefit" on the debtor's estate – an indirect benefit is not sufficient. *Id.*; *see also In re Granite Partners, L.P.,* 213 B.R. 440, 446 (Bankr. S.D.N.Y. 1997) (noting that services that primarily benefit a creditor do not justify a substantial contribution award even if they also indirectly benefit the estate).

7. Proof of claim number 70679 fails to meet this standard. There is insufficient information to support the amounts alleged by Mr. Tithor or the claim's alleged administrative expense status. For example, Mr. Tithor fails to provide any information about the alleged services rendered (e.g., invoices or even a basic description of the services) or an accounting of such services as to demonstrate that Mr. Tithor rendered the services postpetition and for the benefit of the Debtors. Absent further details and supporting documentation, proof of claim number 70679 is facially defective and does not establish a prima facie claim. Accordingly, unless Mr. Tithor provides such information or documentation as well as an accounting of actual damages suffered, the Debtors request that proof of claim number 70679 be disallowed and expunged in its entirety.

### Notice

8. Notice of this Objection has been provided to Mr. Tithor and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated

January 3, 2011 (ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

9. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit "A"**

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | ADMINISTRATIVE PROOF OF CLAIM |
|---|---|
| Name of Debtor *(Check only one)*<br>☑ Motors Liquidation Company (f/k/a General Motors Corporation)   09-50026 (REG)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)   09-50027 (REG)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)   09-50028 (REG)<br>☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )   09-13558 (REG)<br>☐ Remediation and Liability Management Company, Inc   09-50029 (REG)<br>(subsidary of **General Motors Corporation**)<br>☐ Environmental Corporate Remediation Company, Inc   09-50030 (REG)<br>(subsidary of **General Motors Corporation**) | FILED - 70679<br>MOTORS LIQUIDATION COMPANY<br>F/K/A GENERAL MOTORS CORP<br>SDNY # 09-50026 (REG)<br><br>ADMINISTRATIVE CLAIM |

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before February 14, 2011 at 5 00 p m (Eastern Time), with respect to administrative expenses arising between June 1, 2009 and January 31, 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m (Eastern Time), with respect to administrative expenses arising between February 1, 2011 and the Effective Date

| Name of Creditor (The person or other entity to whom the debtor owes money or property) **RICHARD G. TITHOF**<br>Name and address where notices should be sent<br>**RICHARD G. TITHOF<br>14200 SO. OAKLEY RD<br>CHESANING MI. 48616**<br>Telephone Number | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court |
|---|---|
| Last four digits of account or other number by which creditor identifies debtor   **1334** | Check here ☐ replaces a previously filed claim, dated _____<br>if this claim ☐ amends |

**1 Basis for Claim**
☐ Goods sold
☑ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other **HARDSHIP & SUFFERING**

☑ Retiree benefits as defined in 11 U S C § 1114(a)
☐ ~~Wages, salaries, and compensation (fill out below)~~
Last four digits of SS# **1334**
Unpaid compensation for services performed
from **6/1/2009** to **1/21/2011**
(date)                    (date)

**2 Date debt was incurred (must be on or after June 1, 2009)**
**6-1/2009**

**3 If court judgement, date obtained**

**4 Total Amount of Administrative Claim $ 1,500,000**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

| 5 Brief Description of Administrative Expense Claim (attach any additional information) | 6 Credits All payments made on this claim have been credited and deducted for the purpose of making this proof of claim |
|---|---|
| 7 Supporting Documents<br>Attach copies of supporting document, such as promissory notes, contracts, security agreements, and evidence of perfection of liens<br>DO NOT SEND ORIGINAL DOCUMENTS | 8 This Administrative Proof of Claim<br>☐ is the first filed proof of claim evidencing the claim asserted herein<br>☐ supplements a proof of claim filed on or about _____<br>☐ replaces/supersedes a proof of claim filed on _____ |

**9 Date-Stamped Copy** To receive an acknowledgement of the filing to your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date<br>**1/21/2011** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>*Richard A. Tithof* | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim* Fine up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

(Stamp: THE GARDEN CITY GROUP INC JAN 27 2011)

# INSTRUCTIONS FOR FILING ADMINISTRATIVE PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law. In particular cases or circumstances there may be exceptions to these general rules*

## — DEFINITIONS —

### *Administrative Bar Date*
The deadline for each person or entity (including, without limitation individuals partnerships corporations joint ventures governmental entities and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before February 14 2011 at 5 00 p m (Eastern Time) with respect to administrative expenses arising between June 1 2009 and January 31 2011, and (ii) the date that is thirty (30) days after the Effective Date at 5 00 p m (Eastern Time) with respect to administrative expenses arising between February 1 2011 and the Effective Date

### *Administrative Expense Claims*
The claims described in section 503 and 507 of title 11 of the United States Code Among other things these sections provide that certain types of claims are entitled to administrative expense priority including, without limitation (i) the actual necessary costs and expenses of preserving the estate, including wages salaries or commissions for services rendered after the commencement of the bankruptcy case (ii) certain taxes and penalties related thereto (iii) compensation and reimbursement of certain officers (iv) the actual necessary expenses incurred by (a) certain creditors (b) a creditor an indenture trustee an equity security holder, or a committee representing any such entities in making a substantial contribution to a debtor's chapter 11 case (c) a custodian (d) members of certain committees if incurred in the performance of the duties of such committees and (v) compensation for services rendered by an indenture trustee

### *Administrative Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed to tell the bankruptcy court how much the Debtor owes an Administrative Expense Creditor for Administrative Expense Claims

### *Debtors*
The Debtors in these cases are (i) Motors Liquidation Company, (ii) MI CS LLC (f/k/a Saturn LLC), (iii) MI CS Distribution Corporation (f/k/a Saturn Distribution Corporation) (iv) MLC of Harlem, Inc (f/k/a Chevrolet Saturn of Harlem Inc) (v) Remediation and Liability Management Company Inc and (vi) Environmental Corporate Remediation Company Inc

### *Effective Date*
The Effective Date is the business day on or after the confirmation date of the Debtors Amended Joint Chapter 11 Plan dated December 2010 The Debtors shall file a notice of the Effective Date with the Bankruptcy Court and with the Securities and Exchange Commission

## ITEMS TO BE COMPLETED ON ADMINISTRATIVE PROOF OF CLAIM FORM

**Name of Debtor and Case Number**
Provide the name of the applicable Debtor and its corresponding case number

**Information about Administrative Expense Creditor**
Complete the section giving the name, address and telephone number of the Administrative Expense Creditor to whom the Debtor owes money or property, and the Debtor's account number, if any If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form

**1 Basis for Administrative Expense Claim**
Check the type of debt for which the proof of claim is being filed If the type of debt is not listed, check "Other" and briefly describe the type of debt If you were an employee of the Debtors, fill in the last four digits of your social security number and the dates of work for which you were not paid

**2 Date Debt Incurred**
Fill in the date when the debt first was owed by the Debtor

**3 Court Judgments**
If you have a court judgment for this debt, state the date the court entered the judgment

**4 Total Amount of Administrative Expense Claim**
Fill in the amount of the entire claim If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges

**5 Brief Description of Administrative Expense Claim**

**6 Credits**
By signing this Administrative Proof of Claim, you are stating under oath that in calculating the amount of your Administrative Expense Claim you have given the Debtor credit for all payments received from the Debtor

**7 Supporting Documents**
You must attach to this proof of claim form copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents If documents are not available, you must attach an explanation of why they are not available

All Administrative Proofs of Claim must be **received on or after the Administrative Bar Date**, at the following address (whichever is applicable)

If by overnight courier or hand delivery to

The Garden City Group, Inc
Attn Motors Liquidation Company Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

Or if by hand delivery to

United States Bankruptcy Court, S D N Y
One Bowling Green
Room 534
New York, New York 10004

If by first-class mail, to

The Garden City Group, Inc
Attn Motors Liquidation Company
P O Box 9386
Dublin, Ohio 43017-4286

Please be advised that Administrative Proofs of Claim may **not** be delivered by facsimile, telecopy transmission, or electronic mail transmission Administrative Proofs of Claim shall be considered timely filed only if actually received by the Debtors' claims agent, The Garden City Group, Inc, or by the Court, on or before the Administrative Bar Date



14200 So OAKLEY
CHESANING M;
48616

MCALLEN TX 785
24 JAN 2011 PM 1 T

The Garden City Group Inc.
ATTN: Motors Liquidation Company
P.O. Box 9386
Dublin Ohio
43017-4286

HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :    09-50026 (REG)
    F/k/a General Motors Corp., *et al.*            :
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION
### TO PROOF OF CLAIM NO. 70679 FILED BY RICHARD G. TITHOR

Upon the objection to proof of claim number 70679 filed by Richard G. Tithor, dated February 24, 2011 (the "**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging proof of claim number 70679 on the ground that it fails to provide sufficient documentation to ascertain the validity of the claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\43631138\03\72240.0639

2

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 70679 is disallowed and expunged from the claims registry in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE