HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND
THE ATTACHMENTS HERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :    09-50026 (REG)
         f/k/a General Motors Corp., et al.  :
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## NOTICE OF DEBTORS' 216TH OMNIBUS OBJECTION TO CLAIMS
### (Administrative Proofs of Claim for Prepetition Debt Claims)

**PLEASE TAKE NOTICE** that on February 24, 2011, Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(the "**Debtors**"), filed their 216th omnibus objection to administrative expenses (the

"**Objection**"), and that a hearing (the "**Hearing**") to consider the Objection will be held before

the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United

States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One

Bowling Green, New York, New York 10004, on March 29, 2011 at 9:45 a.m. (Eastern Time), or

as soon thereafter as counsel may be heard.

This Objection does not affect a Claimant's ability to receive distributions as a beneficial bondholder under the Debtors' Amended Joint Chapter 11 Plan (ECF No. 8015). If a Claimant disagrees with the Objection's treatment of the Claimant's claim, the Claimant may call the Debtors to try and resolve the Claimant's concerns at **1-800-414-9607**. If a Claimant is unable to resolve the Claimant's concerns with the Debtors before the deadline to respond, then the Claimant must file and serve a written response (a "**Response**") to the Objection in accordance with this notice, and the Claimant must appear at the Hearing described below.

A Claimant may participate in the Hearing telephonically provided that the Claimant complies with the Court's instructions, which can be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then clicking on "Telephonic Appearance Provider." A Claimant must also provide prior written notice by mail or e-mail of the Claimant's telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

**If a Claimant does not oppose the disallowance and expungement of the Claimant's claim, then the Claimant does not need to file a Response or appear at the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline to submit a Response is **March 22, 2011 at 4:00 p.m. (Eastern Time)**. Only those Responses that are timely will be considered at the Hearing. A Claimant's Response will be deemed timely only if

it is:  (a) filed with the Bankruptcy Court electronically using the Bankruptcy Court's case filing

system (the User's Manual for the Electronic Case Filing System can be found at

www.nysb.uscourts.gov) before the deadline for Responses **or** (b) **actually** received on a 3.5

inch disk, in text-searchable Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format and in hard copy at each of the following addresses on

or before the deadline for response:

      A.      Chambers of the Honorable Robert E. Gerber, United States Bankruptcy Court, One Bowling Green, Room 621, New York, New York 10004-1408;

      B.      Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Joseph H. Smolinsky, Esq.); and

      C.      Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Lauren Macksoud, Esq.).

A Claimant's Response, if any, must contain at a minimum the following: (i) a

caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case

number, and the number of the Objection to which the Response is directed; (ii) the name of the

Claimant and description of the basis for the amount of the claim; (iii) a concise statement setting

forth the reasons why the claim should not be disallowed and expunged for the reasons set forth

in the Objection, including, but not limited to, the specific factual and legal basis upon which the

Claimant will rely in opposing the Objection; (iv) all documentation or other evidence of the

claim, to the extent not included with the proof of claim previously filed with the Bankruptcy

Court, upon which the Claimant will rely in opposing the Objection; (v) the address(es) to which

the Debtors must return any reply to the Claimant's Response, if different from that presented in

the proof of claim; and (vi) the name, address, and telephone number of the person that can be

contacted in connection with the Objection.

If a Claimant has any questions about this notice or the Objection, <u>please contact</u>

the Debtors at **1-800-414-9607**.  **CLAIMANTS SHOULD NOT CONTACT THE CLERK**

**OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIM.**

**PLEASE TAKE FURTHER NOTICE THAT the Court may grant the relief**

**requested in the Objection without further notice or a hearing if a Claimant fails to file a**

**timely Response or appear at the Hearing.**

Dated: New York, New York
        February 24, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                    :
In re                               :        Chapter 11 Case No.
                                    :
MOTORS LIQUIDATION COMPANY, et al., :        09-50026 (REG)
      f/k/a General Motors Corp., et al. :
                                    :
            Debtors.                :        (Jointly Administered)
                                    :
-------------------------------------------------------------x
```

## DEBTORS' 216TH OMNIBUS OBJECTION TO CLAIMS
### (Administrative Proofs of Claim for Prepetition Debt Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1.      By order dated December 14, 2010,[1] the Court established February 14, 2011 as the deadline to file proofs of claim for administrative expenses (the "**Administrative Proofs of Claim**") arising between June 1, 2009 and January 31, 2011.  Since providing notice of the deadline to file Administrative Proofs of Claim, the Debtors have received numerous Administrative Proofs of Claim asserting prepetition claims arising prior to the commencement of the Debtors' chapter 11 cases on June 1, 2009 (the "**Commencement Date**").  These claims are not administrative expenses arising between June 1, 2009 and July 31, 2011 (the "**Prepetition Administrative Proofs of Claim**") and must be disallowed.  A schedule of Prepetition Administrative Proofs of Claim subject to this Objection is annexed hereto as **Exhibit "A."**  The Prepetition Administrative Proofs of Claim listed on Exhibit "A" arise from the various series of debt securities issued by the Debtors prior to the Commencement Date.

2.      The Debtors submit this 216th omnibus objection (the "**216th Omnibus Objection**") pursuant to section 503(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and object to the Prepetition Administrative Proofs of Claim on the basis that they assert a prepetition claim, rather than a postpetition administrative expense.  Accordingly, the Prepetition Administrative Proofs of Claim should be disallowed and expunged in their entirety.

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] Consent Order Pursuant to Section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Requests for Payment of Certain Administrative Expenses and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof, dated December 14, 2010 (ECF No. 8099).

## Background

4. On June 1, 2009, four of the Debtors (the "**Initial Debtors**")[2] commenced

with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9,

2009, two additional Debtors (the "**REALM/ENCORE Debtors**")[3] commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered

with those of the Initial Debtors under Case Number 09-50026.  On September 15, 2009, the

Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs,

which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors

filed their schedules of assets and liabilities and statements of financial affairs.

5. On October 6, 2010, this Court entered an order approving procedures for

the filing of omnibus objections to proofs of claim filed in these chapter 11 cases,[4] which

authorized the Debtors to file omnibus objections to claims on several grounds that are in

addition to those grounds permitted under Bankruptcy Rule 3007(d) (the "**Procedures Order**").

### Prepetition Administrative Proofs of Claim Assert Prepetition
### Claims (Not Postpetition Administrative Expenses) and Should Be Expunged

6. An entity may timely file a request for payment of an administrative

expense.  11 U.S.C. § 503(a).  The Bankruptcy Code, however, distinguishes between claims for

expenses incurred **after** the commencement of a chapter 11 case (i.e., postpetition administrative

expenses) and claims incurred **before** the commencement of a chapter 11 case (i.e., prepetition

---

[2] The Initial Debtors are MLC, MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.).

[3] The REALM/ENCORE Debtors are Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

[4] Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 and 9019(b) Authorizing the Debtors to (I) File Omnibus Claims Objections and (II) Establishing Procedures for Settling Certain Claims, dated October 6, 2009 (ECF No. 4180).

claims).  *Trustee of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986).

The distinction exists because most postpetition administrative expenses receive priority in

payment before prepetition general unsecured claims.  *Id.*; 11 U.S.C. § 507(a).  The reason for

such priority in payment is that postpetition administrative expenses are incurred during the

chapter 11 case for the benefit of all creditors to help rehabilitate the debtor's business and such

priority encourages creditors to continue to do business with a debtor after it files for bankruptcy.

*McFarlin's*, 789 F.2d at 102.  Accordingly, in order to receive administrative expense priority*,*

an expense must arise out of a transaction between the creditor and the debtor after the debtor

commences its bankruptcy case (i.e., the postpetition debtor) and only to the extent that the

consideration supporting the claimant's right to payment was both supplied and beneficial to the

postpetition debtor in the operation of its business in bankruptcy.  *Id.*

 7. The Prepetition Administrative Proofs of Claim are not entitled to

administrative expense priority because they assert claims arising from obligations incurred prior

to the commencement of the Debtors' chapter 11 cases (i.e., prepetition claims).  Disallowance

of the Prepetition Administrative Proofs of Claim will not bar beneficial holders of the Debtors'

prepetition debt securities from recovering distributions on account of such holdings under the

terms of the Debtors' chapter 11 plan.

 8. Based upon the foregoing, the Prepetition Administrative Proofs of Claim

should be disallowed and expunged in their entirety.

### **Reservation of Rights**

 9. The Debtors reserve the right to object to any of the claims that are not

disallowed in their entirety for any reason.

**Notice**

10.     Notice of this 216th Omnibus Objection has been provided in accordance

with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c)

and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF

No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice need

be provided.

11.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
      February 24, 2011

                        /s/ Joseph H. Smolinsky
                        Harvey R. Miller
                        Stephen Karotkin
                        Joseph H. Smolinsky

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

**Exhibit "A"**

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED |
|---|

| Name and Address of Claimant | Claim # | Debtor | Claim Amount | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| ALAN L WILLIAMS<br>8463 POINTE ROAD NORTH<br><br>BLAINE, WA 98230 | 70914 | Motors Liquidation Company | $25,513.83 | Beneficial Bondholder Claim | Pgs. 1-5 |
| ARLENE H DELP<br>215 TWIN HOLLOW LANE<br><br>WILLIAMSBURG, PA 16693 | 70730 | Motors Liquidation Company | $12,427.50 | Beneficial Bondholder Claim | Pgs. 1-5 |
| COLETTA FAY AUSTIN<br>4228 W 64TH ST<br><br>INGLEWOOD, CA 90302 | 70801 | Motors Liquidation Company | $3,932.86 | Beneficial Bondholder Claim | Pgs. 1-5 |
| DONG WANG<br>30037 TOWNSHIP ROAD 262<br>CALGARY AB T3R 1C4 CANADA<br><br>CANADA | 70921 | Motors Liquidation Company | $42,337.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| EUGENE L PETRINI<br>14802 N BOLIVAR DR<br><br>SUN CITY, AZ 85351 | 70574 | Motors Liquidation Company | $26,017.50<br>Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| GORDON BENNETT<br>533 MIDWAY DR # B<br><br>OCALA, FL 34472 | 70558 | Motors Liquidation Company | $1,381.36 | Beneficial Bondholder Claim | Pgs. 1-5 |
| HAIRONG GUI<br>937 NW GLISAN STREET<br>#834<br>PORTLAND, OR 97209 | 70975 | Motors Liquidation Company | $1,350.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| HARRISON S MILLER<br>2065 RIDGEVIEW DRIVE<br><br>SEVEN HILLS, OH 44131 | 70902 | Motors Liquidation Company | $4,640.62 | Beneficial Bondholder Claim | Pgs. 1-5 |
| JO ANN HITMAN<br>328 HARMONY CHURCH RD<br><br>GILLSVILLE, GA 30543 | 70922 | Motors Liquidation Company | $5,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

# Exhibit A

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| JUNE B LEE<br>900 ROCKY FOUNTAIN TERRACE<br><br>MYERSVILLE, MD 21773 | 70911 | Motors Liquidation Company | $0.00<br>Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| KARL PHILIPP MULLER<br>LEBEREN STRASSE 27<br>CH 8472 SEUZACH SWITZERLAND<br>SWITZERLAND | 70884 | Motors Liquidation Company | $794.70 | Beneficial Bondholder Claim | Pgs. 1-5 |
| MARGARITA BLOCK<br>54 WESTMINISTER DRIVE<br><br>PALM COAST, FL 32164 | 70769 | Motors Liquidation Company | $25,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| MARY ANN GABLEHOUSE<br>3120 58 AVE CT<br><br>GREELEY, CO 80634 | 70912 | Motors Liquidation Company | $16,078.71 | Beneficial Bondholder Claim | Pgs. 1-5 |
| MICHAEL KISCHNER<br>LORENZ-DIEHL STRASSE 16<br>MAINZ 55131 GERMANY<br>GERMANY | 70995 | Motors Liquidation Company | $0.00<br>Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| MISS JOANN HITMAN<br>328 HARMONY CHURCH RD<br><br>GILLSVILLE, GA 30543 | 70923 | Motors Liquidation Company | $5,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| OSCAR BERLAND<br>3005 CARLSON BLVD<br><br>EL CERRITO, CA 94530 | 70934 | Motors Liquidation Company | $9,062.50 | Beneficial Bondholder Claim | Pgs. 1-5 |
| PETER HIOS<br>50-35 210 ST.<br><br>BAYSIDE, NY 11364 | 70766 | Motors Liquidation Company | $35,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| ROGER W SCHNELLE<br>11277 HWY B<br><br>UNIONVILLE, MO 63565 | 70841 | Motors Liquidation Company | $5,977.46<br>Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |
| RONALD & BARBARA KOPP<br>10998 HARDCASTLE RD.<br><br>BROOKLYN, MI 49230 | 70655 | Motors Liquidation Company | $20,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".  For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

Page 2

**Exhibit A**

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | |
|---|---|---|---|---|
| SAMUEL COHN<br>7189 GRANVILLE AVE<br><br>BOYNTON BEACH, FL 33437 | 70803 | Motors Liquidation Company | $5,000.00 | Beneficial Bondholder Claim | Pgs. 1-5 |
| VICTORIA H FOX<br>78 FERRY ROAD<br><br>HANCOCK, ME 04640 | 70944 | Motors Liquidation Company | $0.00 Unliquidated | Beneficial Bondholder Claim | Pgs. 1-5 |

21

(1)  In the "Claim Amount" column, the amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00". For claims filed in a foreign currency, "Foreign Currency" is displayed in the "Claim Amount" column.
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :          Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :          09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                          :
                    Debtors.              :          (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

<u>ORDER GRANTING DEBTORS' 216TH OMNIBUS OBJECTION TO CLAIMS</u>
**(Administrative Proofs of Claim for Prepetition Debt Claims)**

Upon the 216th omnibus objection, dated February 24, 2011 (the "**216th Omnibus**

**Objection**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to

section 503(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, seeking entry of an order disallowing and expunging

certain proofs of claim for administrative expenses which are prepetition claims rather than

administrative expenses, all as more fully described in the 216th Omnibus Objection; and due and

proper notice of the 216th Omnibus Objection having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the relief

sought in the 216th Omnibus Objection is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual basis set forth in the 216th

Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the 216th Omnibus Objection.

ORDERED that the relief requested in the 216th Omnibus Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 503(b) of the Bankruptcy Code, the Prepetition Administrative Proofs of Claim listed on Exhibit "A" (the "**Order Exhibit**") annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any Prepetition Administrative Proofs of Claim listed on Exhibit "A" annexed to the 216th Omnibus Objection that are not disallowed pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
        _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE