Hearing Date: March 3, 2011 at 9:45 am
Objection Deadline: February 16, 2011 at 5:00 p.m. (by agreement)

GREENBERG TRAURIG, LLP
Bruce R. Zirinsky, Esq.
Nancy A. Mitchell, Esq.
John H. Bae, Esq.
Gary D. Ticoll, Esq.
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: zirinskyb@gtlaw.com
    mitchelln@gtlaw.com
    baej@gtlaw.com
    ticollg@gtlaw.com

*Counsel for Appaloosa Management L.P., Aurelius Capital Management, LP, Elliott Management Corporation, and Fortress Investment Group LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                :
In re                           : Chapter 11
                                :
MOTORS LIQUIDATION COMPANY, et al., : Case No. 09-50026 (REG)
f/k/a General Motors Corp., et al., :
                                :
                                :
Debtors.                        : (Jointly Administered)
                                :
------------------------------------------------------------x

**SUPPLEMENT TO OBJECTION OF APPALOOSA MANAGEMENT L.P, AURELIUS CAPITAL MANAGEMENT, LP, ELLIOT MANAGEMENT CORPORATION, AND FORTRESS INVESTMENT GROUP LLC TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Appaloosa Management L.P., Aurelius Capital Management, LP, Elliot Management Corporation, and Fortress Investment Group LLC (collectively, the "**Objecting Parties**"), each on behalf of their managed entities which hold certain notes issued by General Motors Nova Scotia Company ("**GM Nova Scotia**"), submit this supplement (the "**Supplement**") to the

NY240,958,084v5

*Objection of Appaloosa Management L.P., Aurelius Capital Management, LP, Elliot Management Corporation, and Fortress Investment Group LLC to Debtors' Amended Joint Chapter 11 Plan* [ECF No. 9202] (the "**Objection**"). In Support of the Supplement, the Objecting Parties respectfully submit as follows:

Under Case Management Order #2 (the "**Case Management Order**") (ECF No. 9427), dated as of February 24, 2011, the Court will only consider as precedent "orders that have been entered in other cases (whether or not in this district) . . . [if] a copy of the order relied on is included with the submission . . . [and] [a]ny references to an order entered in another case . . . include[s] "a discussion of the procedural context in which [they were] entered, and, in particular, whether [they were] entered on notice; the extent to which [they were] opposed; whether [they were] entered on a preliminary or final hearing, where applicable; the extent to which the provision[s] relied on [were] focused on by the judge; and the extent to which the judge made findings of fact or conclusions of law in connection with the provision[s] relied on." Case Management Order at ¶ 32.

The Objection cites the provisions of a number of unpublished confirmation orders and confirmed chapter 11 plans and states that the cited provisions were undisputed. Below is a more detailed description and further explanation with respect to the plans and orders cited in the Objection. In addition, a copy of each of the following unpublished plans or orders referenced in the Objection is attached hereto as Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E, respectively.

- *In re Dana Corp.*, No. 06-10354 (BRL) (Bankr. S.D.N.Y. Oct. 23, 2007), ECF No. 6671 (providing that "to the extent that . . . any portion of any Disputed General Unsecured Claim is identified in the Debtors' Schedules in a liquidated, non-contingent, non-disputed amount . . . then such portion of the Disputed General Unsecured Claim will be deemed an Allowed Claim"). The plan in *Dana Corp.*, was filed on notice, opposed, and

the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

- *In re Silicon Graphics, Inc.*, No. 06-10977 (BRL) (Bankr. S.D.N.Y. Sept. 15, 2006), ECF No. 409 (providing for distributions on account of non-disputed portions of general unsecured claims). The plan in *Silicon Graphics*, was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

- *In re Loral Space & Commc'ns*, No. 03-41710 (RDD) (Bankr. S.D.N.Y. June 3, 2005), ECF No. 2075 (specifying that "[a] Claim that is disputed by the Debtors as to its amount only[] shall be deemed Allowed in the amount the Debtors admit owing, if any, and disputed as to the excess," and only withholding distribution on account of disputed *portions* of claims: "Notwithstanding any other provision in the Plan of Reorganization, if any portion of a Claim is disputed, then no payment or distribution provided hereunder shall be made on account of the portion of such Claim that is disputed unless and until such Disputed Claim becomes an Allowed Claim") (emphasis added). The plan in *Loral Space*, was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

- *In re Smurfit-Stone Container Corp.*, Case No. 09-10235 (BLS) (Bankr. D. Del. June 21, 2010), ECF No. 8107 (where an objection alleged that a claim arising under the same statute as the Nova Scotia Wind-Up Claim was duplicative of a related guarantee claim, providing for a distribution on account of one of the two claims alleged duplicative). The plan in *Smurfit*, was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

- *In re AbitibiBowater Inc.*, Case No. 09-11296 (Bankr. D. Del. Nov. 23, 2010), ECF No. 3940 (where an objection alleged that a claim arising under the same statute as the Nova Scotia Wind-Up Claim was duplicative of a related guarantee claim, in connection with the settlement of a plan objection, the plan provided for a distribution on account of one claim and reserved for the other claim). The plan in *AbitibiBowater*, was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was undisputed. The confirmation order states that the referenced plan provision was the subject of negotiations between the parties.

## **CONCLUSION**

WHEREFORE, for all of the reasons set forth in the Objection, as amended by this Supplement, the Objecting Parties respectfully requests that the Court deny confirmation of the Plan unless amended as requested in the Objection, and grant the Objecting Parties such further relief as is just and proper.

Dated: New York, New York
February 25, 2011

        GREENBERG TRAURIG, LLP

        By: /s/ Gary D. Ticoll
            Bruce R. Zirinsky, Esq.
            Nancy A. Mitchell, Esq.
            John H. Bae, Esq.
            Gary D. Ticoll, Esq.
            200 Park Avenue
            New York, New York 10166
            Telephone: (212) 801-9200
            Facsimile: (212) 801-6400
            Email:    zirinskyb@gtlaw.com
                          mitchelln@gtlaw.com
                          baej@gtlaw.com
                          ticollg@gtlaw.com

        Counsel for Appaloosa Management L.P., Aurelius Capital Management, LP, Elliott Management Corporation, and Fortress Investment Group LLC

NY240,958,084v5

# EXHIBITS A – E

Due to the voluminous nature of the Exhibits, they are only being provided to the Chambers of the Honorable Robert E. Gerber. Copies of the Exhibits are available upon request by e-mail to cusumanod@gtlaw.com.

NY240,958,084v5