**Hearing Date: March 3, 2011 at 9:45 am**
**Objection Deadline: February 16, 2011 at 5:00 p.m. (by agreement)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Daniel H. Golden
Philip C. Dublin
Natalie E. Levine

*Counsel to Green Hunt Wedlake, Inc.,*
*Trustee of General Motors Nova Scotia Finance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENT TO OBJECTION OF GREEN HUNT WEDLAKE, INC., TRUSTEE OF GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY, TO CONFIRMATION OF THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Green Hunt Wedlake, Inc., in its capacity as trustee (the "**Nova Scotia Trustee**") of

General Motors Nova Scotia Finance Company ("**GM Nova Scotia**"), by and through its

undersigned counsel, hereby submits this supplement (the "**Supplement**") to the *Objection of*

*Green Hunt Wedlake, Inc., Trustee of General Motions Nova Scotia Finance Company, to*

*Confirmation of the Debtors' Amended Joint Chapter 11 Plan*, ECF No. 9272 (the "**Objection**").

In support of the Supplement, the Nova Scotia Trustee respectfully submits as follows:

In the *Debtors' Memorandum of Law in Support of Confirmation of Amended Joint Chapter 11 Plan and Response to Objections to Plan*, ECF No. 9389, the Debtors indicated that certain filed objections to confirmation of the *Debtors' Amended Joint Chapter 11 Plan*, ECF No. 8015 (the "**Plan**"),[1] are not in strict compliance with ¶ 32 of the *Case Management Order #1,* ECF No. 157 (the "**Case Management Order**").  The Case Management Order provides that the Court will not consider as precedent any orders entered in another case unless a copy of the order is included in the submission and the pleading includes a discussion of, among other things, the procedural context in which the order was entered. Case Management Order at ¶ 32.

In the Objection, the Nova Scotia Trustee cites a bench decision in *In re Chemtura Corp*, No. 09-11233 (Bankr. S.D.N.Y. Nov. 5, 2010), ECF No. 4427 (the "**Chemtura Decision**") and six plans of reorganization.  In an abundance of caution, the Nova Scotia Trustee files this supplement to provide further detail regarding the Chemtura Decision and the plans of reorganization cited in Nova Scotia Trustee's Objection.  Copies of these documents, and an additional order referenced in the Chemtura Plan, are attached hereto as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G and Exhibit H.

*Segregated Reserves*

- *In re Chemtura Corp*, No. 09-11233 (Bankr. S.D.N.Y. Oct. 29, 2010), ECF No. 4387 (the "**Chemtura Plan**").  Prior to confirmation, in connection with a contested matter, the Court entered an order modifying the debtors' claims reserve procedures to establish segregated reserves for certain disputed claims. *See In re Chemtura Corp.*, No. 09-11233 (Bankr. S.D.N.Y. Oct. 29, 2010), ECF No. 4383 (the "**Chemtura Claims Reserve Order**").  Consistent with the Chemtura Claims Reserve Order, the confirmed plan of reorganization provided for segregated claims reserves for the applicable disputed claims. *See* Chemtura Plan at 42.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

2

*Exculpation Provisions*

- *Chemtura Decision.* In connection with confirmation, certain equity holders challenged the releases and exculpation provisions in the Chemtura Plan. The Court held that the releases and exculpations in the Chemtura Plan were unenforceable under applicable law. *See* Chemtura Decision at 71-75.

*Partial Distributions on Account of Disputed Claims*

- *In re AbitibiBowater Inc.*, No. 09-11296 (Bankr. D. Del. Oct. 6, 2010), ECF No. 3539 (the "**AbitibiBowater Plan**"). In *AbitibiBowater,* a claim objection was filed alleging that a claim arising under the same statute as the Nova Scotia Wind-Up Claim was duplicative of a guarantee claim. Certain noteholders objected to the plan for, among other reasons, the treatment of the guarantee claims and the wind-up claim. In settlement of this plan objection, the plan was amended to provide for a distribution on account of one claim and a reserve for the other claim. *See* AbitibiBowater Plan at 35.

- *In re Smurfit-Stone Container Corp.*, No. 09-10235 (Bankr. D. Del. May 12, 2010), ECF No. 7599 (the "**Smurfit Plan**"). In *Smurfit,* the debtors filed a claims objection alleging that a claim arising under the same statute as the Nova Scotia Wind-Up Claim was duplicative of a guarantee claim. The Smurfit Plan provided for distributions on account of the guarantee claim. *See* Smurfit Plan at 44.

- *In re Dana Corp.*, No. 06-10354 (Bankr. S.D.N.Y. Oct. 23, 2007), ECF No. 6671 (the "**Dana Plan**"). The Dana Plan provided that "to the extent that … any portion of any Disputed General Unsecured Claim is identified in the Debtors' Schedules in a liquidated, non-contingent, non-disputed amount… then such portion of the Disputed General Unsecured Claim will be deemed an Allowed Claim." *See* Dana Plan at 3.

- *In re Loral Space & Commc'ns.*, No. 03-41710 (Bankr. S.D.N.Y. June 3, 2005), ECF No. 2075 (the "**Loral Plan**"). The Loral Plan provided that "[a] Claim that is disputed by the Debtors as to its amount only[] shall be deemed Allowed in the amount the Debtors admit owing, if any, and disputed as to the excess." *See* Loral Plan at 4.

- *In re Silicon Graphics, Inc.*, No. 06-10977 (Bankr. S.D.N.Y. July 26, 2006), ECF No. 409 (the "**Silicon Graphics Plan**"). The Silicon Graphics Plan provided for distributions on account of non-disputed portions of certain general unsecured claims. *See* Silicon Graphics Plan at 41.

WHEREFORE, for all reasons set forth in the Objection as supplemented herein, the Nova Scotia Trustee respectfully requests that the Court (i) deny confirmation of the Plan or, in the alternative, require the modifications detailed in the Objection, and (ii) grant the Nova Scotia Trustee such other and further relief as this Court deems just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated: February 25, 2011 | */s/ Daniel H. Golden*<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>(212) 872-1000 (Telephone)<br>(212) 872-1002 (Facsimile)<br>Daniel H. Golden<br>Philip C. Dublin<br>Natalie E. Levine<br><br>*Counsel to Green Hunt Wedlake, Inc., Trustee of General Motors Nova Scotia Finance Company* |

**EXHIBITS A-H**

Due to the volume of the documents, Exhibits A-H have not been filed. Copies of the documents will be delivered to chambers and the parties listed on the confirmation notice. Copies of the documents may be obtained by emailing afoley@akingump.com.