Hearing date and time:  None Scheduled

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
(212) 309-6000
Richard S. Toder
Andrew D. Gottfried
Annie C. Wells

*Attorneys for JPMorgan Chase Bank, N.A., as Agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*                           :
    f/k/a General Motors Corp., *et al.,*   :    Case No. 09-50026 (REG)
                                                               :
    Debtors.                                :    (Jointly Administered)
---------------------------------------------------------------x

MOTION OF JPMORGAN CHASE BANK, N.A., AS AGENT, FOR AUTHORIZATION
TO PRESENT ORAL ARGUMENT AT HEARING ON CONFIRMATION

    1.    JPMorgan Chase Bank, N.A. ("JPMC" or "Agent") respectfully moves for permission to be heard at the hearing on confirmation of the Debtors' Amended Plan of Reorganization (the "Plan"), presently scheduled for March 3, 2011.  Pursuant to Administrative Order Re Conduct of Confirmation Hearing, dated February 24, 2011, this Court directed that only certain enumerated parties would be heard by the Court at the hearing on confirmation.  The Order further provided:

> Objections by other parties, or on other issues, will be decided on
> the papers, absent a ruling by the Court to the contrary, sought by
> motion filed in advance of the Confirmation Hearing, and for good
> cause shown.

    2.    JPMC respectfully requests that it be permitted to present brief (not to exceed five minutes) oral argument at the Confirmation Hearing for the purpose of addressing the response made by Debtors in Exhibit A to the Memorandum of Law in Support of Confirmation of the

Plan, with respect to issues unique to JPMC, such that they are not covered by any other objections in the case.  Specifically, as briefly discussed below, the two issues relate to (i) Section 10.5 of the Plan entitled "Term Loan Avoidance Action; Offsets" which, by its very terms, is applicable only to the Term Loan Lenders and (ii) the Agent's Administrative Claim, which arises by virtue of the Final DIP Order, and similarly only impacts the Agent.

3. Debtors' Memorandum of Law, received after JPMC's Objection to the Plan was filed, states (pp. 1-2) in response to the JPMC Objection concerning §10.5 that "Debtors and the GUC Trust do not intend" to effectuate set-offs beyond the scope of Bankruptcy Code §502(d).  However, the scope of Section 10.5 of the Plan permits the Debtors and the GUC Trust to set-off against unrelated claims of the Term Loan Lenders or against the Agent's Administrative Claim on account of the Term Loan Avoidance Claim, if either Debtors or the GUC Trust should adopt a different position in the future.  Respectfully, the second sentence of §10.5 should be deleted in its entirety as being overreaching and completely unnecessary, in view of the Debtors' expressed intent.  Alternatively, the Debtors should affirmatively state that neither the Debtors nor the GUC Trust will seek to impose a set-off beyond the scope of Bankruptcy Code Section 502(d), notwithstanding §10.5.

4. With respect to JPMC's Administrative Claim, Exhibit A to the Plan Memorandum (p. 1) states that "a total of $1.5 million . . . has been allocated [in the GUC Trust budget] for reimbursement of potential legal fees incurred by the defendants in the Term Loan Avoidance Action."  Debtors' counsel has stated in discussions with JPMC's counsel that (i) prior to the establishment of the GUC Trust, Debtors will continue to make payments of JPMC's Administrative Claim, as required by the Final DIP Order, and that after establishment of the GUC Trust, it will be responsible for such payments and  (ii) that the budgeted amount of $1.5

million is not a limit on the amount of "reasonable fees, costs and charges," as set forth in the Final DIP Order. The problem, however, is that in spite of the intent expressed in Exhibit A, Section 6.1(a)(ii) of the GUC Trust Agreement provides that the Trust shall:

> satisfy other obligations or other liabilities <u>incurred or assumed by the GUC Trust</u> (or to which the GUC Trust assets are otherwise subject) in accordance with the Plan, the Confirmation Order, or this Trust Agreement…. (Emphasis supplied.)

As discussed with Debtors' counsel, we are unaware of any document by which JPMC's Administrative Claim has been assumed by the GUC Trust. A simple written acknowledgement by the Debtors that the aforementioned obligations are assumed would remedy this issue.

WHEREFORE, it is respectfully requested that JPMC be permitted to be heard at the Confirmation Hearing.

Dated: New York, New York
February 25, 2011

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By:     /s/ Richard S. Toder
Richard S. Toder
Andrew D. Gottfried
Annie C. Wells
101 Park Avenue
New York, New York  10178
(212) 309-6000

*Attorneys for JPMorgan Chase Bank, N.A., as Agent*