**HEARING DATE AND TIME:  March 1, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re                                                 :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :     **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*     :
:
                        Debtors.     :     **(Jointly Administered)**
:
----------------------------------------------------------------x

**DEBTORS' OMNIBUS REPLY TO OBJECTIONS RECEIVED IN CONNECTION
WITH MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING
CLAIMS RESERVES IN CONNECTION WITH DISTRIBUTIONS TO BE MADE
UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN WITH RESPECT
<u>TO, AMONG OTHER THINGS, CERTAIN UNLIQUIDATED CLAIMS</u>**

## TABLE OF CONTENTS

**Page**

Preliminary Statement .................................................................................................................. 1

The Unresolved Objections Lack Merit ....................................................................................... 2

    A. Toyota Nummi Claim ................................................................................................. 2

    B. Nummi Administrative Claim .................................................................................... 3

    C. State Of New York Claims ......................................................................................... 4

    D. JPMorgan Chase Claims ............................................................................................ 5

    E. Individual Pro Se Claimant Claims ............................................................................ 6

        a. Edmund J. Sterniak ............................................................................................. 6

        b. Tracy Woody ...................................................................................................... 6

        c. Sharyl Y. Carter ................................................................................................. 7

The Debtors And Wells Fargo Have Resolved The Wells Fargo Limited Response .................... 8

This Court Can And Should Approve The Fully Unliquidated Claims Reserve .......................... 9

Conclusion .................................................................................................................................. 10

## TABLE OF AUTHORITIES

### CASES

*In re Adelphia Bus. Solutions, Inc.*,
    341 B.R. 415 (Bankr. S.D.N.Y. 2003) ................................................................................9

*In re Adelphia Commc'n Corp.*,
    368 B.R. 140 (Bankr. S.D.N.Y. 2007) ..........................................................................9, 10

*Bittner v. Borne Chem. Co.*,
    691 F.2d 134 (3d Cir. 1982) ..............................................................................................10

*Matter of Fed. Press Co.*,
    116 B.R. 650 (Bankr. N.D. Ind. 1989) ..............................................................................10

*In re N.Y. Med. Group, P.C.*,
    265 B.R. 408 (Bankr. S.D.N.Y. 2001) ................................................................................9

*O'Neill v. Cont'l Airlines, Inc. (In re Cont'l Airlines)*,
    981 F.2d 1450 (5th Cir. 1993) .....................................................................................9, 10

### STATUTES

11 U.S.C. 502 (c) ........................................................................................................................9

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), file this omnibus reply (the "**Reply**") to the Objections (as hereinafter defined) interposed to the Motion of Debtors for Entry of an Order Establishing Claims Reserves in Connection with Distributions to be Made Under the Debtors' Amended Joint Chapter 11 Plan With Respect to, Among Other Things, Certain Unliquidated Claims dated February 11, 2011 (ECF No. 9212) (the "**Fully Unliquidated Reserve Motion**"), and respectfully represent:

## Preliminary Statement

1. On February 11, 2011, the Debtors filed the Fully Unliquidated Reserve Motion requesting that the Court approve the establishment of (a) distribution reserve amounts to be used by the GUC Trust pursuant to Article VII of the Debtors' proposed Amended Joint Chapter 11 Plan (as may be supplemented, modified, or revised, the "**Plan**") to set aside distributions on account of certain unliquidated and disputed Claims, or potential Claims; and (b) certain procedures for the establishment and administration of such disputed claims reserves.

2. The Debtors received only eight objections (the "**Objections**," and the parties filing responses, the "**Objecting Parties**") in response to the Fully Unliquidated Reserve Motion and have consensually resolved one of the Objections, leaving seven remaining Objections to the Fully Unliquidated Reserve Motion. The seven unresolved Objections are described in detail below. As set forth below, the Wells Fargo Objection has been resolved.

3. While the Debtors have achieved significant success in causing claimants holding unliquidated claims to amend their claims to assert liquidated amounts or caps in order to facilitate distributions under the Plan, a number of fully unliquidated claims still remain. At

1

this stage of these chapter 11 cases, in order to establish appropriate reserves and be able to move forward with distributions under their proposed plan of liquidation, the Debtors must address any remaining unliquidated amounts.

4.    Accordingly, the Debtors file this Reply and respectfully submit that the Objections should be denied and request that the Court establish the Fully Unliquidated Claim Reserve and approve the Claims Reserve Procedures as set forth in the Fully Unliquidated Reserve Motion.[1]

### The Unresolved Objections Lack Merit

5.    As referenced above, only seven Objections remain unresolved at this time. Of the seven Objections that were received, three were filed by certain *pro se* individual claimants.[2] The four remaining Responses were filed by Toyota Motor Corporation ("**Toyota**") (ECF No. 9335), Wells Fargo Bank Northwest, N.A., as Agent for the TPC Lenders ("**Wells Fargo**") (ECF No. 9362), New United Motor Manufacturing, Inc. ("**NUMMI**") (ECF No. 9365), the State of New York (ECF No. 9387), and JPMorgan Chase Bank, N.A., as Term Loan Agent ("**JPMorgan**") (ECF No. 9409). The Debtors address each of the unresolved Objections below.

**A.    *Toyota NUMMI Claim***

6.    On November 30, 2009, Toyota asserted an unliquidated, general unsecured claim against MLC for environmental and workers' compensation claims arising at NUMMI for which MLC may be responsible due to the parties' relationship as joint venturers in

---

[1] The Debtors will present a revised proposed order and exhibits of the fully unliquidated claims at the Hearing.

[2] *See* ECF No. 9356 filed by Edmund J. Sterniak (the "**Sterniak Objection**"), ECF No. 9436 filed by Tracy Woody (the "**Woody Objection**"), and ECF No. 9437 filed by Sharyl Y. Carter (the "**Carter Objection**").

2

NUMMI, as reflected in proof of claim number 66243 (the "**Toyota NUMMI Claim**").  The Toyota NUMMI Claim is not the subject of the Fully Unliquidated Reserve Motion.

7. Toyota filed a reservation of rights and opposition to the Fully Unliquidated Reserve Motion, "[t]o ensure that [Toyota's NUMMI Claim] is not estimated at zero or otherwise subject to the reserve estimated by MLC as set forth in the motion" and objected to the Partially Unliquidated Reserve Motion to the extent it seeks to estimate or establish a reserve for the Toyota NUMMI Claim.  (ECF No. 9335 at 2.)

8. The Debtors believe that the claims asserted in Toyota NUMMI Claim are encompassed by the liquidated claim filed by Toyota on July 30, 2010 in the amount of $73,798,976.28 for which the Debtors are reserving in its fully liquidated stated amount, and the Debtors submit that no additional reserve amounts are necessary on account of the Toyota NUMMI Claim.

9. The Debtors understand that Toyota intends to propose an estimated maximum amount for the Toyota NUMMI Claim for reserve purposes.  Once received, the Debtors will review the proposed estimate to determine if a consensual resolution of the Toyota Objection is possible.

B. *NUMMI Administrative Claim*

10. On February 9, 2011, NUMMI asserted an administrative claim against MLC, as reflected in administrative proof of claim number 70842, for "all liabilities of the Debtors to NUMMI relating to or arising from events occurring subsequent to the [Commencement] Date, whether asserted by NUMMI in the [Adversary] Complaint, arising or related to the Adversary Proceeding, or otherwise . . . " (the "**NUMMI Administrative Claim**").

3

(*See* NUMMI Administrative Claim at ¶ 6.)  NUMMI alleges that its administrative expense claim is in a contingent and unliquidated amount.

11. In its Objection to the Fully Unliquidated Reserve Motion, NUMMI argues that the Fully Unliquidated Reserve Motion improperly lists the NUMMI Administrative Claim and in doing so seeks to improperly reclassify the NUMMI Administrative Claim as a general unsecured claim subject to the Fully Unliquidated Claims Reserve.  (*See* NUMMI Objection at 4.)

12. In creating the exhibits to the Fully Unliquidated Claims Reserve Motion, the Debtors intentionally included certain administrative claims in the Fully Unliquidated Claims Reserve not to improperly seek to reclassify them as general unsecured claims, but rather to provide for a distribution in the event an administrative claim is later reclassified as a general unsecured claim.  After further review of the NUMMI Adminstrative Claim, the Debtors filed an objection to the NUMMI Administrative Claim on February 22, 2011 (ECF No. 9423) seeking to disallow the administrative claim.  In light of the objection, the Debtors agree that the NUMMI Administrative Claim need not be reserved for as a general unsecured claim and may be removed from the Fully Unliquidated Claims Reserve.

C. *State of New York Claims*

13. None of the claims filed by the State of New York are the subject of this Motion, nevertheless, the State of New York filed a limited objection to both the Fully Unliquidated Reserve Motion and the Partially Unliquidated Reserve Motion.  Because two of the claims filed by the State of New York (Claim Nos. 50588 and 69444) are the subject of the Partially Unliquidated Reserve Motions, the Debtors have addressed each of the State's

arguments in the Debtors' omnibus reply to the Objections received in connection with the Partially Unliquidated Reserve Motion.  (*See* ECF No. 9463, ¶¶ 15-26.)

D. *JPMorgan Chase Claims*

14. In its Objection (ECF. No. 9409) (the "**JPMorgan Objection**"), JPMorgan asserts that the Fully Unliquidated Reserve Motion fails to provide sufficient reserves for the Term Loan Lenders' potential $1.6 billion general unsecured claim in connection with the ongoing Term Loan Avoidance Action (as defined in the Plan).  The JPMorgan Objection further asserts that the Fully Unliquidated Reserve Motion improperly treats JPMorgan's administrative claims (Claim Nos. 70708 and 70709) (the "**JPMorgan Administrative Claims**") as general unsecured claims.  (*See* ECF No. 9409, ¶¶ 9-13.)

15. The Debtors have explained to JPMorgan that the Term Loan Lenders' potential $1.6 billion general unsecured claim in connection with the Term Loan Avoidance Action is being reserved as a liquidated claim and is therefore not included in the Fully Unliquidated Reserve Motion.

16. As set forth in paragraph 12 above, in creating the exhibits to the Fully Unliquidated Claims Reserve Motion, the Debtors intentionally included certain administrative claims in the Fully Unliquidated Claims Reserve not to improperly seek to reclassify them as general unsecured claims, but rather to provide for a distribution in the event an administrative claim is later reclassified as a general unsecured claim.  After further review of the JPMorgan Adminstrative Claims, the Debtors have agreed with JPMC that the JPMC Administrative Claims need not be reserved for as general unsecured claims and will be removed from the Fully Unliquidated Claims Reserve.  The Debtors respectfully submit that the issues raised in the JPMorgan Objection have been addressed and that no additional relief is warranted.

5

E.  *Individual Pro Se Claimant Claims*

17. As noted above, three of the seven unresolved Objections relate to claims filed by individual *pro se* claimants. To the extent that the Individual Pro Se Claimant Objections assert objections based on the treatment of their claims under the Plan, the Debtors believe that these Objections are related to confirmation of the Plan and should be not be considred as specific objections to the Fully Unliquidated Reserve Motion.

   a.  Edmund J. Sterniak

18. On December 2, 2009, Edmund J. Sterniak filed an unliquidated claim against MLC based upon contribution to an employee pension plan in which he held 126 shares of stock.

19. Mr. Sterniak's Objection asserts that "it is not fair to let General Motors (GM) not make good on the shares that [he] and others own" and argues that "(GM) should make good on its stock before giving [themselves] bonuses again." (*See* Sterniak Objection, ECF No. 9356.) The Debtors understand Mr. Sterniak's objection to relate to the treatment of Equity Security Holders under the Plan, and believe that his Objection relates to confirmation and should be not be considered a specific objection to the Debtors' proposed Fully Unliquidated Claims Reserve.

   b.  Tracy Woody

20. Tracy Woody previously filed two contingent unliquidated claims against MLC, on October 21, 2010 (proof of claim number 70490) and October 25, 2010 (proof of claim number 70481) arising out of a state court litigation. Ms. Woody filed two amended claims on February 9, 2011 (proof of claim number 70869) and February 10, 2011 (proof of claim number 70860), which amended and superseded proof of claim number 70481, and appear to assert a

6

liquidated, general unsecured claim in the amount of $39,376.02 (together, the "**Woody Claims**"). The Fully Unliquidated Reserve Motion included the previously filed claim, proof of claim number 70481, in the Fully Unliquidated Claims Reserve.

21. The Woody Objection states "I object that my claim and amended claim was not listed in the established and allowable claims of the Debtor." (*See* Woody Objection, ECF No. 9436 at 1.)

22. In an effort to seek a consensual resolution of the Woody Objection, the Debtors attempted to reach Ms. Woody by telephone on February 24, 2011 after the Objection appeared on the docket and left a message offering to estimate the amended claim at the full liquidated, general unsecured amount of $39,376.02 for reserve purposes only and to remove the Woody Claims from this Motion. The Debtors remain open to a consensual resolution of the Woody Objection.

    c.    <u>Sharyl Y. Carter</u>

23. Claimant Sharyl Y. Carter filed four unliquidated proofs of claim against MLC on June 18, 2009 (proof of claim number 136), June 19, 2009 (proof of claim number 552), November 3, 2009 (proof of claim number 19246), and November 3, 2009 (proof of claim number 19247), (together, the "**Carter Claims**"). The Carter Claims are the subject of this Motion.

24. In her Objection, Ms. Carter requests that the Court "allow all my claims against the Debtors and their affiliated Debtors, also allowing <u>cash only</u>, no stock within the Debtors Company or any other company." (*See* Carter Objection, ECF No. 9437 at 3.) The Debtors understand Ms. Carter's objection to relate to the treatment of holders of Allowed General Unsecured Claims under the Plan, and believe that her Objection relates to confirmation

7

and should be not be considered a specific objection to the Debtors' proposed Fully Unliquidated Claims Reserve.

### The Debtors and Wells Fargo Have Resolved the Wells Fargo Limited Response

25.  Wells Fargo filed a limited response to the Fully Unliquidated Claims Reserve Motion as agent for so-called TPC Lenders[3] (ECF No. 9362.) On July 5, 2009, the Court entered the order (ECF No. 2968) (the "**Sale Order**") providing for the sale of substantially all of the assets of General Motors Corporation to NGMCO, Inc. n/k/a General Motors Company LLC. The assets covered by the Sale Order included two facilities as to which the TPC Lenders had a security interest. The Sale Order provides that if the value of the TPC Lenders' Secured Claim (as defined in the Sale Order) is less than $90.7 million, the TPC Lenders shall have, in addition to the Secured Claim, an allowed unsecured claim against General Motors Corporation equal to the lesser of (i) $45 million and (ii) the difference between $90.7 million and the value of the Secured Claim. (*See* Sale Order ¶ 38.) Wells Fargo filed the limited response in order to ensure that any claims that Wells Fargo holds, as agent on behalf of the TPC Lenders, that may be allowed in these chapter 11 cases are properly reserved for in the GUC Trust.

26.  The Debtors and Wells Fargo have resolved the limited objection based upon the Debtors' representation that they are in compliance with the Sale Order and reserving for a General Unsecured Claim in the amount of $45 million for the TPC Lenders' potential future Allowed General Unsecured Claim. The TPC Lenders' claim is being treated as fully

---

[3] The Limited Objection defines the "TPC Lenders" as "Norddeutsche Landesbank Girozentrale (New York Branch), as Administrator, and Detusche Bank, AG, New York Branch, HSBC Bank USA, National Association, ABN AMRO Bank N.V. n/k/a The Royal Bank of Scotland NV, Royal Bank of Canada, Bank of America, N.A., Citicorp USA, Inc., Merrill Lynch Bank USA, Morgan Stanley Bank, as purchasers.

liquidated for reserve purposes under the Plan and was therefore not included in either the Fully Unliquidated Reserve Motion or the Partially Unliquidated Reserve Motion.

### **This Court Can and Should Approve the Fully Unliquidated Claims Reserve**

27. This Court has authority to establish the Fully Unliquidated Claims Reserve. Nothing prohibits the Court from relying in part on the informed analysis of the Debtors and their professionals, in consultation with the Creditors' Committee and its professionals, in formulating an appropriate estimate of the Fully Unliquidated Claims Reserve. Section 502(c) of the Bankruptcy Code provides "a means for a bankruptcy court to achieve reorganization, and/or distribution on claims, without awaiting the results of legal proceedings that could take a very long time to determine." *See In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003) (*citing O'Neill v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines*), 981 F.2d 1450, 1461 (5th Cir. 1993)); *see also In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 415 (Bankr. S.D.N.Y. 2001) (estimation of a claim under 502(c)(1) is appropriate if liquidation of a claim "will take too long and unduly delay the distribution of the estate's assets.")

28. Although section 502(c) references estimation of contingent or unliquidated claims for purposes of allowance, courts, including this Court, have recognized the ability to estimate claims in order to establish a reserve. *See*, *e.g.*, *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422-23 (Bankr. S.D.N.Y. 2003) (estimating the disputed unliquidated amount of an administrative claim under section 502(c)); *In re Adelphia Commc'n Corp.*, 368 B.R. 140, 279 (Bankr. S.D.N.Y. 2007) (estimating a claim for reserve purposes).

29. The Bankruptcy Court has the discretion to choose "whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy of Chapter 11 that a reorganization must be accomplished quickly and

9

efficiently." *Id.* at 278 (internal quotation omitted); *see also Matter of Fed. Press Co.*, 116 B.R. 650, 653 (Bankr. N.D. Ind. 1989) (finding that bankruptcy courts estimating claims may utilize whatever method is best suited to the case, including "accepting claimant's claim at face value, estimating claim at zero and waiving discharge of the claim, [or] arriving at [the Court's] independent estimation of the claim . . .") Estimation requires only "sufficient evidence on which to base a *reasonable estimate* of the claim." *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135 (3d Cir. 1982) (emphasis added). The principal consideration when estimating the value of a claim is "to promote a fair distribution to creditors through a realistic assessment of uncertain claims." *Cont'l Airlines*, 981 F.2d at 1461 (internal citation omitted).

## **Conclusion**

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court deny the Objections, and enter of an order granting the relief requested in the Fully Unliquidated Reserve Motion, and grant such other and further relief as is just.

Dated: New York, New York
       February 25, 2011

                                                  */s/ Joseph H. Smolinsky*
                                                  Harvey R. Miller
                                                  Stephen Karotkin
                                                  Joseph H. Smolinsky

                                                  WEIL, GOTSHAL & MANGES LLP
                                                  767 Fifth Avenue
                                                  New York, New York 10153
                                                  Telephone: (212) 310-8000
                                                  Facsimile: (212) 310-8007

                                                  Attorneys for Debtors
                                                  and Debtors in Possession