# EXHIBIT D

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor<br>General Motors Corporation | Case Number<br>09-50026(REG) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (the person or other entity to whom the debtor owes money or property)<br>Wells Fargo Bank Northwest, N.A., as Agent on behalf of the Lenders | ☐ Check this box to indicate that this claim amends a previously filed claim |
|---|---|
| Name and address where notices should be sent:<br><br>Sidley Austin LLP            Wells Fargo Bank of Northwest, N.A.<br>Attn: Ken Kansa           Attn: Corporate Trust Services<br>One South Dearborn     Brad Martin<br>Chicago, IL 60603          DeAnn Madsen<br>Tel (312) 853-7000        299 South Main Street<br>kkansa@sidley.com      12th Floor<br>                                      Salt Lake City, Utah 84111<br>                                      Tel (801) 246-5630<br><br>[STAMP: THE GARDEN CITY GROUP, INC. NOV 2 3 2009] | Court Claim Number _____<br>(If known)<br><br><br>Filed on _____ |
| Name and address where payment should be sent (if different from above):<br><br>Wells Fargo Bank Northwest, N.A.<br>Attn: Corporate Trust Services<br>Brad Martin<br>DeAnn Madsen<br>299 South Main Street<br>12th Floor<br>Salt Lake City, Utah 8411<br><br>FILED - 39030<br>MOTORS LIQUIDATION COMPANY<br>F/K/A GENERAL MOTORS CORP<br>SDNY # 09-50026 (REG) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br>☐ Check this box if you are the debtor or trustee in this case |

| 1. Amount of Claim as of Date Case Filed    $90,700,000.00 (approximately)<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount<br><br>Specify the priority of the claim: |
|---|---|
| 2. Basis for Claim: Money loaned (See Addendum)<br>(See instruction #2 on reverse side) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| 3. Last four digits of any number by which creditor indentifies debtor: _____<br><br>3a. Debtor may have scheduled account as _____<br>(See instruction #3a on reverse side) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4) |
| 4. Secured Claim (See instruction #4 on reverse side)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information<br><br>Nature of property or right of setoff:   x Real Estate   ☐ Motor Vehicle   x Other<br>Describe: See Addendum<br><br>Value of Property $See Addendum    Annual Interest Rate See Addendum<br><br>Amount of arrearage and other charges as of time case filed included in secured claim, if any $See Addendum    Basis for perfection See Addendum<br><br>Amount of Secured Claim $See Addendum    Amount Unsecured $See Addendum | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7)<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8) |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim<br><br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING<br><br>If the documents are not available, please explain | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___)<br><br>Amount entitled to priority<br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
| Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any<br><br>Wells Fargo Bank Northwest, N.A., as Agent on behalf of the Lenders<br><br>By _[signature]_           DATE November 19, 2009<br>Name  G. Brad Martin<br>Title   Asst. Vice President | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING    LOS ANGELES<br>BRUSSELS   NEW YORK<br>CHICAGO    SAN FRANCISCO<br>DALLAS     SHANGHAI<br>FRANKFURT  SINGAPORE<br>GENEVA     SYDNEY<br>HONG KONG  TOKYO<br>LONDON     WASHINGTON, D C |
| wharp@sidley com<br>(312) 853 7422 | FOUNDED 1866 |

November 20, 2009

**BY FEDERAL EXPRESS**

The Garden City Group
Attn Motors Liquidation Company Claims
Processing
5151 Blazer Parkway
Suite A
Dublin, Ohio 43017

      Re    Motors Liquidation Company
            Case No  09-50026(REG)

Gentlemen

    Enclosed are two signed original proofs of claim and addenda in support thereof for our client, Wells Fargo Bank Northwest, N A , in its capacity as Agent for the Lenders. Please confirm receipt of the proofs of claim by signing a copy of this letter and by returning a stamped original proof of claim and addendum in support thereof and attached thereto, in the enclosed self-addressed pre-paid FedEx envelope

    Thank you in advance

                                Very truly yours,

                                Wendell M  Harp

WMH

Enclosures

CONFIRMED

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

## ADDENDUM TO MASTER PROOF OF CLAIM OF WELLS FARGO BANK NORTHWEST, N.A., AS AGENT FOR THE LENDERS

1.   This Addendum shall be deemed a part of and incorporated by reference in the attached proof of claim (together with this Addendum, the "Master Proof of Claim") filed by Wells Fargo Bank Northwest, N.A , in its capacity as Agent (in such capacity, "Agent") for the Lenders (as hereinafter defined) The Agent files this Master Proof of Claim against General Motors Corporation ("GM") on behalf of the Lenders on account of their prepetition claims arising under the Financing Agreements (as hereinafter defined)

2.   On June 1, 2009 (the "Petition Date"), GM, together with certain of its affiliates, (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") Also on June 1, 2009, the Bankruptcy Court entered an order jointly administering the Debtors' chapter 11 cases for procedural purposes only

3.   On June 30, 2004, Wilmington Trust Company, in its capacity as Owner Trustee under GM Facilities Trust No 1999-1 (in such capacity, the "Lessor"), Hannover Funding Company ("Hannover"), in its capacity as commercial paper lender ("CP Lender"), certain purchasers (each a "Purchaser" and, collectively with the CP Lender, the "Lenders") of commercial paper pursuant to that certain liquidity asset purchase agreement dated as of June 30, 2004, Norddeutsche Landesbank Girozentrale, in its capacity as Liquidity Agent for the Purchasers under the Hannover liquidity asset purchase agreement (the "Administrator"), and the Agent entered into that certain Second Amended and Restated Participation Agreement and Amendment of Other Operative Documents (the "Participation Agreement" and, collectively with the Lease Agreements, as defined herein, the "Financing Agreements") with General Motors.

4.   In accordance with the terms and conditions of the Participation Agreement, Lessor, the CP Lender, the Agent, and the Administrator entered into that certain Amended and Restated Loan Agreement dated as of June 30, 2004 (the "Loan Agreement") Pursuant to the terms and conditions of the Loan Agreement, the CP Lender provided financing to the Lessee for the purchase of the Property (as defined below) and construction of improvements thereon

5.   On November 18, 1999, GM, the Agent and Joseph B Pitt, Jr , in his capacity as deed of trust trustee, entered into that certain Tennessee Master Lease and Open End Leasehold Deeds of Trust (as amended and supplemented from time to time, the "Tennessee Lease") Pursuant to Section 16 5 of the Tennessee Lease, GM granted a security interest (the "Tennessee Liens") to the Agent in any and all real estate fixtures purchased with funds advanced by the Agent located at the property described in the Tennessee Lease (the "Tennessee Property") to secure GM's obligations under the Participation Agreement and the Loan Agreement The Tennessee Property secured approximately $26 8 million of the unpaid balance of the Loan Agreement (the "Tennessee Balance")

6.   On September 8, 1999, GM and the Agent entered into that certain Maryland Master Lease and Mortgages agreement (the "Maryland Lease" and, collectively with the

Tennessee Lease, the "Lease Agreements") Pursuant to Section 16 4 of the Maryland Lease, GM granted a security interest (collectively with the Tennessee Liens, the "Liens") to the Agent in property described in Exhibit A to the Maryland Lease and any improvements thereon (the "Maryland Property" and, collectively with the Tennessee Property, the "Leased Property") to secure GM's obligations under the Participation Agreement and the Loan Agreement The Maryland Property secured approximately $63 9 million of the unpaid balance of the Loan Agreement (collectively with the Tennessee Balance, the "Loan Balance")

7      Pursuant to the terms and conditions of the Lease Agreements, GM was obligated to make quarterly rent payments ("Basic Rent") to the Agent on the 18th of each January, April, July and October See Addendum A to the Participation Agreement The Basic Rent consists of, among other things, interest payments on the financing issued pursuant to the Loan Agreement See id In the absence of an extension of the Lease Agreements, GM's final Basic Rent payment became due and owing on April 19, 2009 Further, GM was required to pay the Loan Balance on or before June 30, 2009, to continue in possession of the Leased Property.

8      As of the Petition Date, the aggregate amount of the Loan Balance owing by GM under the Lease Agreements and the other Financing Agreements was not less than $90 7 million in principal obligations, plus all unpaid interest, fees, and expenses (including, but not limited to, the Agent's professional fees) that are chargeable and reimbursable under the Financing Agreements, and any other obligations arising under the Financing Agreements that were contingent or unmatured as of the Petition Date (collectively, the "Lender Claims") The consideration for the Lender Claims is monies loaned or otherwise made available and other financial accommodations extended to or for the Debtors' benefit under the Financing Agreements

9      On July 5, 2009, the Court entered the Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc , a US Treasury-Sponsored Purchaser, (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale, and (III) Granting Related Relief (the "Sale Order") [Docket No 2968] The Sale Order, inter alia, contains certain provisions respecting the treatment of the Lender Claims See Sale Order at ¶¶ 35-45 Pursuant to the terms of the Sale Order, the Lender Claims shall be secured by and consist of, in pertinent part, the following

   a   the Lenders have an allowed secured claim equal to the fair market value of the Leased Property (the "Leased Property Value"), as determined at a valuation hearing before the Court or by mutual agreement of the Debtors, the Purchaser and the Lenders (such claim, the "Secured Claim") (See Sale Order at ¶ 36);

   b.  as adequate protection for the Secured Claim, $90 7 million (the "Escrow Amount") in cash has been placed into an interest-bearing escrow account (the "Escrow Account") Pursuant to the terms of the Sale Order, interest earned on the Escrow Amount shall follow the principal Further, promptly after the determination of the Leased Property Value, an amount of cash equal to the Secured Claim plus the pro rata share of interest that has accrued on the Secured

Claim shall be released from the Escrow Account and paid to the Lenders (see id at ¶ 37),

c. if the value of the Secured Claim is less than $90.7 million, the Lenders shall have, in addition to the Secured Claim, an allowed unsecured claim against GM's estate equal to the lesser of (i) $45 million and (ii) the difference between $90.7 million and the value of the Secured Claim. If, however, the value of the Secured Claim exceeds $90.7 million, then the Lenders shall be entitled to assert a secured claim against GM's estate to the extent that the Lenders would have an allowed claim for such amount under section 506 of the Bankruptcy Code (the "Excess Secured Claim") (see id at ¶¶ 38-39),

d. the rights and arguments of all parties in interest concerning the determination of the Secured Claim are reserved, provided, however, that in consideration for settlement between GM and the Lenders, as set forth in the Sale Order, the Lenders have agreed to waive any legal argument that they are entitled to a secured claim equal to the face amount of their claim under section 363 or any other provision of the Bankruptcy Code on the grounds that the Debtors are required to pay the full face amount of the Lenders' secured claim in order to transfer the Leased Property to the Purchaser (see id at ¶ 39).

10. In addition to the Lender Claims, pursuant to the terms of the Financing Agreements, the Debtors have agreed to indemnify the Lenders for general liability claims, environmental claims, and tax claims as more specifically set forth in the Lease Agreements and Article XIII of the Participation Agreement (the "Indemnification Rights"). The Indemnification Rights are specifically included as part of the claims asserted by the Agent on behalf of the Lenders as part of this Proof of Claim.

11. To the Lenders' knowledge, the Lender Claims and Indemnification Rights are not subject to any setoff or counterclaim by the Debtors. The Lenders reserve any and all rights to which they are entitled under 11 U.S.C. § 553 or otherwise.

12. The Lender Claims and the Indemnification Rights are filed as secured claims in accordance with the terms and conditions of the Sale Order. Nothing contained in this Master Proof of Claim shall be construed as limiting any of the Agent's, Administrator's, or the Lenders' rights, remedies, and interests under the Sale Order.

13. The Agent reserves the right to (i) amend, update and/or supplement this Master Proof of Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims that may be based on the same or additional documents, or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 or the allowance of post-petition interest and fees in accordance with 11 U.S.C. § 506(b) in accordance with the Sale Order.

14. The filing of this Master Proof of Claim shall not constitute: (i) a waiver or release of the Agent's, the Administrator's, or the Lenders' rights against any person, entity, or property, (ii) a waiver of the right to move to withdraw the reference, or otherwise to challenge

the jurisdiction of the Bankruptcy Court, with respect thereto, or any other proceeding commenced in these cases against or otherwise involving the Agent, the Administrator, or the Lenders, either collectively or individually or to assert that the reference has already been withdrawn with respect to the subject matter of this Master Proof of Claim, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in these cases against or otherwise involving the Agent, the Administrator, or the Lenders either collectively or individually, (iii) an election of remedies, (iv) a waiver of any past, present, or future Defaults or Events of Default (as defined in the Financing Agreements); or (v) a waiver of any of the Agent's, the Administrator's, or the Lenders' rights under the Sale Order  The Agent and the Lenders expressly reserve all of their procedural and substantive defenses and rights with respect to any claim that may be asserted against the Agent, the Administrator, and the Lenders by the Debtors or any trustee in bankruptcy

## SUPPORTING DOCUMENTS

15    Copies of the Lease Agreements and other supporting documents referenced herein are voluminous and, accordingly, have not been filed with this Master Proof of Claim  Such documents are available upon reasonable request to counsel for the Agent