# EXHIBIT C

# Bierman Decl.

HEARING DATE AND TIME: June 30, 2009 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE:  June 19, 2009 at 5:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                     :    Chapter 11 Case No.
:
**GENERAL MOTORS CORP.,** *et al.*,       :    09-50026 (REG)
:
Debtors.                    :    (Jointly Administered)
:
------------------------------------------------------------x

**OMNIBUS REPLY OF THE DEBTORS TO OBJECTIONS TO DEBTORS' MOTION
PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m),
AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, TO APPROVE
(A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT
WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED
PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF</u>**

misreading of section 363(f)(3) – but in any event, it provides no basis to frustrate the 363 Transaction. The Court can hold a post-sale hearing to determine the value of the objectors' lien and the assets of the Debtors' estates to which that lien should attach.

88.  The White Marsh/Memphis Lenders argue that the two facilities cannot be sold "free and clear" of the existing liens unless the lenders receive a replacement lien equal to the face amount of such liens. That is not the case. On its face, section 363(f)(3) refers to "the aggregate *value* of all liens," 11 U.S.C. § 363(f)(3)(emphasis added), – not the "aggregate *amount* of all liens." If Congress had intended the latter, it would have used such term. It did not.

89.  Consistent with this reading, this Court has repeatedly held that the "aggregate value of all liens" contained in section 363(f)(3) does not refer to the *face amount* of the liens, but rather to the *actual value* of the related collateral.[19] *See, e.g.*, *In re Beker Indus. Corp.*, 63 B.R. 474, 475-76 (Bankr. S.D.N.Y. 1986) (holding that the Bankruptcy Code "plainly indicate[s] that the term 'value' [as used in sections 506(a) and 363(f)(3)] means its actual value as determined by the Court, as distinguished from the amount of the lien");[20] *In re Bygaph, Inc.*, 56 B.R. 596, 606 (Bankr. S.D.N.Y. 1986) (authorizing sale of property subject to a lien after reviewing the "sharply disputed" value of the collateral); *cf. In re Chrysler LLC*, 405 B.R. at 98 (authorizing section 363 sale because, among other reasons, the *liquidation value* of the

---

[19] This reading of section 363(f)(3) is consistent with the Supreme Court's holdings that: (i) the "value" of a "creditor's interest" under section 506(a) means "the value of the collateral" (*United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 372 (1988); *see also LNC Invs., Inc. v. First Fidelity Bank*, 247 B.R. 38, 44 (S.D.N.Y. 2000)); and (ii) "the 'proposed disposition or use' of the collateral is of paramount importance to the valuation question" (*Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 962 (1997) (internal citations omitted)).

[20] Ironically, the White Marsh/Memphis Lenders rely on *Beker* for their section 363(f)(5) arguments (WM/M Obj. ¶ 17), but utterly ignore *Beker*'s primary holding that section 363(f)(3) "is to be interpreted to mean what it says: the price must be equal to or greater than the aggregate *value* of the liens asserted against it, *not their amount*." 63 B.R. at 476 (emphasis added).

collateral was lower than the sale price and "[t]he full *value* of the collateral will be distributed to the [secured lenders]") (emphasis added).

90. Numerous other courts have followed *Beker*, recognizing that the objectors' proposed "face amount of the lien" interpretation of § 363(f)(3) "ignores the [Bankruptcy] Code's focus on protecting the *value* of collateral" and impermissibly allows an "undersecured creditor to obstinately block an otherwise sensible sale." *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 712 (Bankr. W.D. Tex. 1989); *see also In re Oneida Lake Dev., Inc.*, 114 B.R. 352, 356-57 (Bankr. N.D.N.Y. 1990) (holding that section 363(f)(3) requires "that the secured creditor receives only the value of its secured claim in debtor's property, *even though that may be significantly less than the face amount of the claim*") (emphasis added); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319, 320 n.14 (D.P.R. 1991) (the "face amount" approach has been "highly criticized" and is "unduly strict," and citing *Beker* as the "better reasoned view"), *vacated on other grounds*, 165 B.R. 1 (D.P.R. 1992), *aff'd in part, rev'd in part on other grounds*, 983 F.2d 336 (1st Cir. 1993).[21]

91. Moreover, the White Marsh/Memphis Lenders' interpretation of section 363(f)(3) would enable vastly undersecured creditors to hold up asset sales that provide enormous value to a debtor's estate unless they are paid in full – even on the *unsecured* portion

---

[21] Although there are cases – which the White Marsh/Memphis Lenders cite – that support the "face amount of the lien" interpretation, the weight of authority, particularly of courts that have analyzed the issue in detail, supports the Debtors' "actual value" interpretation. For example, the court in *In re Collins*, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995), undertook an in-depth analysis of the two viewpoints and concluded that the Debtors' interpretation "provides a better reasoned solution to this dilemma." In contrast, the sole case in this district to which the White Marsh/Memphis Lenders cite, *In re General Bearing Corp.*, is not persuasive. 136 B.R. 361 (Bankr. S.D.N.Y. 1992). The parties there did not even raise the issue of section 363(f)(3). *Id.* at 366. Thus, the Court there, lacking proper briefing on this issue, did not acknowledge that other courts had interpreted section 363(f)(3) in a contrary manner. Indeed, the Debtors respectfully note that the *General Bearing* Court inexplicably cited *Beker* and *Oneida* – cases that explicitly *reject* the "face amount" interpretation – as *supporting* such interpretation (*id.*), thus confirming that *General Bearing* should not be followed.