# EXHIBIT H

# Bierman Decl.

SIDLEY AUSTIN LLP  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036  
Kenneth P. Kansa (admitted *pro hac vice)*  
Wendell M. Harp  

SIDLEY AUSTIN LLP  
787 Seventh Avenue  
New York, New York 10019  
Telephone: (212) 839-5300  
Facsimile: (212) 839-5599  
Teresa H. Chan  

Counsel for the White Marsh/Memphis Secured Lenders

Hearing Date and Time: June 30, 2009 at 9:45 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X  
In re:                                               :    Chapter 11  
                                                     :  
GENERAL MOTORS CORP., *et al.*,                      :    Case No. 09-50026 (REG)  
                                                     :  
                                         Debtors.    :    (Jointly Administered)  
------------------------------------------------------ X

**LIMITED OBJECTION OF WHITE MARSH/MEMPHIS SECURED LENDER GROUP TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 363(b), (f), (k), AND (m) AND 365 AND FED. R. BANKR. P. 2002, 6004, AND 6006, (I) TO APPROVE (A) THE SALE PURSUANT TO THE MASTER SALE AND PURCHASE AGREEMENT WITH VEHICLE ACQUISITION HOLDINGS LLC, A U.S. TREASURY-SPONSORED PURCHASER, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) OTHER RELIEF, AND (II) SCHEDULING SALE APPROVAL HEARING AND, IN THE ALTERNATIVE, REQUEST FOR ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 363(e)**

Norddeutsche Landesbank Girozentrale ("Nord LB"), together with the other lenders that are members of the Lender Group (as defined below), hereby submits this Limited Objection (the "Limited Objection") to the Debtors' Motion Pursuant to 11 U.S.C. §§ 105,

363(b), (f), (k) and (m) and 365 and Fed. R. Bankr. P. 2002, 6004 and 6006, to (I) Approve (A) the Sale Pursuant to the Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S. Treasury-Sponsored Purchaser, Free and Clear of Liens, Claims, Encumbrances and Other Interests; (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Other Relief, and (II) Schedule [sic] Sale Approval Hearing (the "Sale Motion").  This Limited Objection should also be construed as a protective request by the Lender Group for adequate protection of the Lender Group's interests pursuant to section 363(e) of title 11 of the United States Code (the "Bankruptcy Code") in the event the primary relief sought by this Limited Objection is not granted.  In support of this Limited Objection, the Lender Group respectfully states as follows:

## INTRODUCTION

1.    The Lender Group does not object in principle to the sale of the Debtors' assets to the Purchaser pursuant to section 363 of the Bankruptcy Code, including the sale of the two facilities - a transmission manufacturing plant in White Marsh, Maryland (the "Maryland Facility") and a distribution center in Memphis, Tennessee (the "Tennessee Facility" and, collectively with the Maryland Facility, the "Facilities") - on which the Lender Group has uncontested first-priority mortgage liens and security interests.  This Limited Objection is submitted for the discrete purpose of preserving the rights and interests of the Lender Group as holders of first-priority secured claims against the Facilities.  As set forth herein, GM should comply with the requirements of the Bankruptcy Code and applicable case law by satisfying the Lender Group's claims in full or, alternatively, leaving the Lender Group's existing rights in the Facilities unaffected, while providing true adequate protection for the Lender Group's interests.

2

Group's mortgage liens and security interests will continue in the Facilities notwithstanding their transfer. See, e.g., 3 Collier on Bankruptcy ¶ 363.06[6][a] (15th ed. rev. 2009) ("...because a lien on real estate continues into the hands of a buyer, it appears that a trustee should not be able to sell real estate free of a lien unless the trustee can assert a basis for finding that one of the grounds of section 363(f) is satisfied").

        11.     The Sale Motion and related materials do not demonstrate that any of the section 363(f) factors are satisfied. Subsections (2) and (4) are facially inapplicable, because the Lender Group has not consented to the proposed sale free and clear of its security interests and mortgages, and there is no dispute concerning the validity and priority of those security interests and mortgages. Likewise, no nonbankruptcy law authorizes the sale of the Facilities free and clear of the security interests and mortgages, so subsection (1) is inapplicable.[6] Indeed, the Debtors do not contend that any of subsections (1), (2), and (4) of section 363(f) is applicable.

        12.     This leaves only sections 363(f)(3) and (f)(5) as potential bases for the free and clear sale of the Facilities. The Debtors have not demonstrated that section 363(f)(3) is satisfied. No purchase price for the Facilities has been specified. The Agent holds, for the benefit of the Lender Group, first-priority mortgage liens on the Facilities in the approximate aggregate amount of $90.7 million. Accordingly, in the event that the purchase price expressly allocated by the Debtors to the Facilities is sufficient to pay the amount of the Lender Group's mortgage liens and security interests, then the Lender Group does not dispute that section

---

[6] See Martin v. Golden Key Homes, Inc., 244 Md. 367, 374 (Md. 1966) ("[T]he first mortgagee can not be forced to allow a sale of the property free of his lien . . . ."); Bolerjack v. Fidelity Sav. & Loan Ass'n, 1988 WL 126839, *8 (Tenn. App. 1988) (noting that a senior lien may not be extinguished by sale absent the lien holder's consent); see also Compton v. Jessup, 68 F. 263, 298 ("The ordinary equitable rule is that the junior mortgagee cannot compel the sale of the premises free from the lien of the senior mortgage, against the consent of the senior mortgagee, but that his only remedy is to redeem the senior mortgage."); cf. Dewsnup v. Timm, 502 U.S. 410, 417 (1992) (creditor's lien stays with real property until foreclosure).

9

363(f)(3) is satisfied. Because there is no such allocation, however, it is impossible for the Debtors to carry their burden to show that section 363(f)(3) permits the free-and-clear sale of the Facilities.

13. This case is no different on this point than the situation faced by this Court in In re General Bearing Corp., 136 B.R. 361, 366-67 (Bankr. S.D.N.Y. 1992). In General Bearing, this Court denied approval for a proposed sale of assets under section 363(f)(3) where "the debtor has produced no evidence that the sale price is greater than the aggregate value of all liens on the property to be sold….," nor had the debtor established the aggregate value of all liens on the property to be sold. Here, the Debtors have likewise not made any such showings. Absent such an allocation, this Court should rule as it has previously and deny approval for the proposed sale of the Facilities free and clear of the Lender Group's interests.

14. Courts will also not find section 363(f)(3) to be applicable where the literal language of the statute is not met, even if the proposed purchase price is the best offer available (as the Debtors have asserted here). See id. at 367; In re K&C Machine & Tool Co., 816 F.2d 238, 240-41 (6th Cir. 1987) (denying sale of property under section 363(f)(3) for undisputed best offer of $640,000 when aggregate liens on property totaled $1.1 million). Here, the Lender Group does not dispute that proposed offer the Purchased Assets as a whole may be the best offer available. Unless the Debtors demonstrate that the Lender Group's first-priority secured claims will be satisfied in full out of the purchase price, however, section 363(f)(3) is not applicable.

15. Section 363(f)(5) likewise provides no basis for the Debtors to sell free and clear of the Lender Group's mortgages and security interests. In the Sale Motion and the accompanying Memorandum of Law, the Debtors state that "each of the parties holding liens on