Hearing Date and Time: March 3, 2011 at 9:45 a.m.
Response Deadline: February 23, 2011 at 4:00 p.m. (by permission of Court)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*<br>      **(f/k/a General Motors Corp.,** *et al.***)**<br><br>                                **Debtors.** | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**SUPPLEMENT TO LIMITED RESPONSE OF WILMINGTON TRUST COMPANY AS
INDENTURE TRUSTEE TO THE OBJECTIONS OF (I) THE CALIFORNIA
DEPARTMENT OF TOXIC SUBSTANCES CONTROL, (II) THE
STATE OF NEW YORK, AND (III) THE TOWN OF SALINA
<u>TO THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN</u>**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York  10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
Matthew J. Williams (MW-4081)
Keith R. Martorana (KM-2878)

ATTORNEYS FOR WILMINGTON TRUST COMPANY AS
INDENTURE TRUSTEE

March 1, 2011

Wilmington Trust Company as Indenture Trustee ("**WTC**"), by and through its undersigned counsel hereby submits this supplement (the "**Supplement**") to the *Limited Response Of Wilmington Trust Company As Indenture Trustee To The Objections Of (I) The California Department Of Toxic Substances Control, (ii) The State Of New York, and (iii) The Town Of Salina* (the "**Limited Response**") [Docket No. 9390]. In support of the Supplement, WTC respectfully submits as follows:

Under Case Management Order #2 (the "**Case Management Order**") (ECF No. 9427), dated as of February 24, 2011, the Bankruptcy Court will only consider as precedent "orders that have been entered in other cases (whether or not in this district) . . . [if] a copy of the order relied on is included with the submission . . . [and] [a]ny references to an order entered in another case . . . include[s] a discussion of the procedural context in which [they were] entered, and, in particular, whether [they were] entered on notice; the extent to which [they were] opposed; whether [they were] entered on a preliminary or final hearing, where applicable; the extent to which the provision[s] relied on [were] focused on by the judge; and the extent to which the judge made findings of fact or conclusions of law in connection with the provision[s] relied on." Case Management Order at ¶ 32.

The Limited Response cites the provisions of a number of unpublished confirmation orders and confirmed chapter 11 plans and states that the cited provisions were undisputed. Below is a more detailed description and further explanation with respect to the plans and orders cited in the Limited Response. In addition, a copy of each of the following unpublished plans or orders referenced in the Objection is attached hereto as Exhibits A through D, respectively.

- *In re Lyondell Chemical Company*, Case No. 09-10023 (Bankr. S.D.N.Y.) (No. 3990) (providing for the payment of reasonable indenture trustee fees and expenses, including legal fees, as administrative expenses upon the submission of documented invoices to the debtors). The plan in *Lyondell Chemical Company* provided for treatment as an allowed

administrative expense, the reasonable, actual, and documented costs and legal fees of both the 2015 Notes Trustee and the Millennium Notes Trustee (each as defined in the plan in *Lyondell Chemical Company*). The plan in *Lyondell Chemical Company* was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced provision was not disputed.

- *In re Loehmann's Holdings, Inc.*, Case No. 10-16077 (Bankr. S.D.N.Y.) (No. 396) (providing for the payment of reasonable and documented indenture trustee fees and expenses, including legal fees, in cash in full on the effective date following a review performed by the debtors and the creditors' committee). The plan in *Loehmann's Holdings* provided for the payment in full of the reasonable and documented fees, disbursements, advances and expenses (including professional fees and expenses) of Wells Fargo Bank, N.A. in its capacity as indenture trustee in cash on the later of the effective date or 10 business days after delivery of a summary invoice describing such fees and expenses. The plan in *Loehmann's Holdings* was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced provision was not disputed.

- *In re Delta Air Lines, Inc.*, Case No. 05-17923 (Bankr. S.D.N.Y.) (No. 5998) (providing for the payment of the reasonable fees and expenses, including counsel fees, of the indenture trustees). The plan in *Delta Air Lines* provided for the payment of reasonable fees and expenses and legal fees incurred by both The Bank of New York and Wilmington Trust Company in their capacity as indenture trustees. The plan in *Delta Air Lines* was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

- *In re General Growth Properties, Inc.*, Case No. 09-11977 (Bankr. S.D.N.Y.) (No. 6240) (providing for the payment of the reasonable fees and expenses, including counsel fees, of the indenture trustees without application to the court). The plan in *General Growth Properties* provided for the payment in cash of all reasonable accrued and unpaid fees and expenses, including reasonable attorneys' fees, of the indenture trustees. The plan in *General Growth Properties* was filed on notice, opposed, and the order approving the plan was entered upon a final hearing. The referenced plan provision was not disputed.

## **CONCLUSION**

WHEREFORE, for all the reasons set forth in the Limited Response, as amended by this Supplement, the WTC respectfully requests that the Bankruptcy Court overrule the Objections with respect to the issues raised therein, and grant such other and further relief as is just.

Dated: New York, New York
March 1, 2011

                                              Respectfully submitted,

                                              GIBSON, DUNN & CRUTCHER LLP

                                              /s/ Matthew J. Williams
                                              Matthew J. Williams (MW-4081)
                                              Keith Martorana (KM-2878)
                                              200 Park Avenue, 47th Floor
                                              New York, New York 10166
                                              Telephone: (212) 351-4000
                                              Facsimile: (212) 351-4035

                                              ATTORNEYS FOR WILMINGTON TRUST COMPANY
                                              AS INDENTURE TRUSTEE

# EXHIBITS A – D

Due to the voluminous nature of the Exhibits, they are only being provided to the Chambers of the Honorable Robert E. Gerber. Copies of the Exhibits are available upon request by e-mail to [KMartorana@gibsondunn.com](mailto:KMartorana@gibsondunn.com).