**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
           :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|     **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF JEFFREY S. STEIN**
**OF THE GARDEN CITY GROUP, INC. CERTIFYING THE**
**METHODOLOGY FOR THE TABULATION OF VOTES ON AND**
**RESULTS OF VOTING WITH RESPECT TO THE DEBTORS'**
**AMENDED JOINT CHAPTER 11 PLAN (Re Docket No. 9439)**

**INTRODUCTION**

1.    I am a Vice President with The Garden City Group, Inc. ("**GCG**") and have personal knowledge of the facts set forth herein. GCG is a bankruptcy and class action settlement administration firm headquartered in Lake Success, New York.

2.    In accordance with the Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Employment of The Garden City Group, Inc. as Notice and Claims Agent *Nunc Pro Tunc* to the Commencement Date,[1] entered June 25, 2009 (Docket No. 2549), the above-captioned debtors and debtors in possession (together, the "**Debtors**") retained GCG to, among other things, assist with the solicitation and tabulation of votes to accept or reject the Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (the "**Plan**") (Docket No. 8015).

3.    On February 24, 2011, the Declaration of Jeffrey S. Stein of The Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes on and Results of Voting

---

[1] Capitalized terms that are not otherwise defined herein have the meanings ascribed thereto in the Original Declaration (as defined below).

with Respect to the Debtors' Amended Joint Chapter 11 Plan (the "**Original Declaration**")
(Docket No. 9439) was filed with the Bankruptcy Court.

4.    Exhibits "C" and "D" to the Original Declaration set forth a detailed accounting
of all invalid Ballots on the Consolidated Tabulation and Per Debtor Tabulation, respectively.
Three invalid Ballots appear incorrectly on Exhibits "C" and/or "D", but do not affect the
Consolidated Tabulation or Per Debtor Tabulation, because invalid Ballots were not counted as
votes to accept or reject the Plan.[2]

5.    Specifically, Exhibits "C" and "D" to the Original Declaration are revised as
follows: (a) the ballot value of Ballot No. 988 (William A. Heidorn) should be $72,415.00 on
page 39 of Exhibit "D"; (b) Ballot No. 1545 (Robert Dinnigan as Father and Natural Guardian),
which appears on Page 31 of Exhibit "C", should also appear on Exhibit "D" under Debtor
Motors Liquidation Company; and (c) the ballot value of Ballot No. 5374  (Hain Capital Holdings
LLC) should be $260,000 on page 15 of Exhibit "C" and page 15 of Exhibit "D".

6.    Except as set forth above, the tabulation results set forth in the Original
Declaration are unchanged.

7.    In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the
foregoing is true and correct to the best of my knowledge and belief.

/s/ Jeffrey S. Stein_____
Jeffrey S. Stein

Dated: March 1, 2011

---

[2]  Moreover, the same Claims voted on the three invalid Ballots to accept the Plan were validly voted on other
Ballots to accept the Plan, which were submitted either by the same claimant or a Claim transferor that was
entitled to vote said Claim.