# United States Bankruptcy Court

## Southern District of New York

In re **Motors Liquidation Company,**    Case No. **09-50026 (REG)**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("Transferee") hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of February 10, 2011 (the "Agreement"), between the Transferor identified below ("Transferor") and Transferee and attached as Exhibit 1 hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as Exhibit 2).

| | |
|---|---|
| ONE EAST CAPITAL | BARCLAYS BANK PLC |
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

One East Capital
551 Madison Ave, 10th Floor
New York, NY 10022
Attn: Alan Gomez / Michelle Laryea Godfrey
Tel: 212-230-4545 / 4538
Email: middleoffice@oneeastcap.com

Court Claim # (if known): 69341 (originally held by Arrowgrass Master Fund Ltd)

Amount of Proof of Claim:  $17,432,330.16

**Transferred Amount:** $3,653,415.33 (corresponding to (i) $3,288,391.98 principal amount (which amount corresponds to GBP 2,000,000.00 principal amount) of 8.875% Guaranteed Notes due December 7, 2023 (the "Notes"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $365,023.35 amount of interest (which amount corresponds to GBP 222,007.20 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.

Date Proof of Claim Filed:  December 9, 2009

Debtor:  Motors Liquidation Company (f/k/a General Motors Corporation)

*[Signature on following page]*

KL2 2688263.2

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

ONE EAST CAPITAL

By: _____        Date: March 2, 2011 _____
             Sina Toussi
Name:      Partner
Title:

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

Exhibit 1

*[See attached Agreement and Evidence of Transfer of Claim]*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION AND GENERAL
MOTORS NOVA SCOTIA FINANCE COMPANY

TO:    MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION, THE UNITED
STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, GREEN HUNT
WEDLAKE INC. IN ITS CAPACITY AS TRUSTEE IN BANKRUPTCY OF GENERAL MOTORS
NOVA SCOTIA FINANCE COMPANY (the "Canadian Trustee")

1.     **Barclays Bank PLC** ("Seller"), for good and valuable consideration, the sufficiency of which is
acknowledged, absolutely and unconditionally sold, transferred and assigned to One East Capital, its successors
and assigns ("Purchaser"), as of the date upon which (i) the Notes (as defined below) were transferred via Euroclear
or Clearstream (or similar transfer method) by Seller to Purchaser and (ii) Purchaser paid to Seller the applicable
purchase price for the Notes (as defined below) (the "Note Transfer Effective Date"), all of Seller's right, title and
interest in and to £2,000,000.00 principal amount ("equivalent to $3,288,391.98 principal amount using the
conversion rate of 1.644195988, which is the conversion rate (the "Rate") used in the Proof of Claim (as defined
below)) of certain 8.875 percent notes due 2023 (the "Notes"), issued by General Motors Nova Scotia Finance
Company and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") and
debtor-in-possession in Case No. 09-50026 (REG) (the "Case") under Chapter 11 of the Bankruptcy Code (11
U.S.C. §§ 101 et seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of
New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition. To the extent of
the Notes transferred by Seller to Purchaser on the Note Transfer Effective Date, for good and valuable
consideration, the sufficiency of which is acknowledged, Seller hereby transfers (a) (i) a related portion of Seller's
right, title and interest in and to Proof of Claim Number 69341 filed by or on behalf of Arrowgrass Master Fund Ltd
(the "US Proof of Claim") which interest in the Proof of Claim transferred hereby is in the amount of £2,222,007.20
(comprised of £2,000,000.00 principal amount of Notes and £222,007.20 accrued and unpaid interest as of the date
of filing of the Case) (the equivalent of $3,653,415.33 of the total amount of the Proof of Claim, comprised of
$3,288,391.98 principal amount of Notes and $365,023.35 accrued and unpaid interest as of the date of filing of the
Case (in each case using the Rate) against Debtor administered under the Case, and (ii) a related portion of Seller's
right, title and interest in and to all claims that may be asserted by or on behalf of Seller in the bankruptcy
proceedings of General Motors Nova Scotia Finance Company (the "Canadian Debtor") under the *Bankruptcy and
Insolvency Act* (Canada) (the "Canadian Act") administered under Estate No. 51-125147 in the District of Nova
Scotia, Canada (the "Canadian Proceedings") by the filing of a Proof of Claim (a "Canadian Proof of Claim") in the
Canadian Proceedings, (b) all rights and benefits of Seller relating to the Notes, including without limitation (i) any
right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid
or distributed with respect to the Notes or with respect to any of the documents, agreements, bills and/or other
documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any
material way the Notes, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or
otherwise, (ii) any actions, causes of action, claims (including, without limitation, "claims" as defined in Section
101(5) of the Bankruptcy Code, rights or lawsuits of any nature whatsoever, whether against the Debtor, the
Canadian Debtor or any other party, arising out of or in connection with the Notes and any guarantee, indemnity or
reimbursement obligations related thereto, (iii) any rights and benefits arising out of or in connection with any
exhibit, attachment and/or supporting documentation relating to the Notes, and (iv) any and all of Seller's right, title
and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights
and obligations to the Notes, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses
(a), (b), and (c), the "Transferred Claims").

2.     Seller hereby represents and warrants to Purchaser that: (a) the US Proof of Claim (i) was duly
and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on December 7, 2009 in accordance with the
Bankruptcy Court's order setting the deadline for filing proofs of claim in the Case, and (ii) has not been disallowed
in whole or in part, expunged or reduced, and Seller has not received a notice from the Debtor that an objection to
the US Proof of Claim was filed; (b) a Canadian Proof of Claim has not been filed in the Canadian Proceedings by
or on behalf of Seller or any predecessor in interest in respect of the Transferred Claims; (c) Seller owns and has
good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, security interests,
participations, or encumbrances created or incurred by Seller or against Seller, provided, however, that Seller makes

no representations or warranties with respect to any avoidance action under US law or Canadian law that may be commenced by the Debtor, the Debtor's estate, the Canadian Trustee or any other person or entity in or in relation to the Case or the Canadian Proceedings; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the US Proof of Claim includes the Notes; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor, the Canadian Debtor or their respective affiliates, that will (i) prohibit or in any way restrain the exercise by the Purchaser of the right to file a Canadian Proof of Claim in the Canadian Proceedings in respect of the Transferred Claims, or (ii) result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has not assigned the Transferred Claims, in whole or in part, to any third party; (h) Seller hereby represents and warrants to Purchaser that Seller has not purchased from, and is not affiliated with, the Moving Parties, as such term is defined in the Order Granting In Part And Denying In Part The Motion Of Certain Noteholders For An Order Modifying The Bar Date Order entered by the Bankruptcy Court on December 23, 2009, and (i) Seller hereby represents and warrants to Purchaser that Seller is one of the Other Noteholders, as such term is defined in the Order Granting In Part And Denying In Part The Motion Of Certain Noteholders For An Order Modifying The Bar Date Order entered by the Bankruptcy Court on December 23, 2009.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor, the Bankruptcy Court, the Canadian Debtor and the Canadian Trustee and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, the Canadian Act, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller agrees that it shall not file or cause to be filed a Canadian Proof of Claim in the Canadian Proceedings in respect of the Transferred Claims. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court or the relevant Canadian court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, dividends, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser the Notes to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Notes.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of (i) any amendment to the US Proof of Claim, and (ii) a Canadian Proof of Claim in respect of the Transferred Claims.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision

that would require the application of the law of any other jurisdiction), save for those matters that relate to a Canadian Proof of Claim and the Canadian Proceedings which shall be interpreted and determined in accordance with the laws of Canada. Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 10 day of ~~December 2010~~.

February 2011.

BARCLAYS BANK PLC

By: _____

Name: Daniel Crowley
Title: Managing Director

745 7th Avenue
New York, NY 10019

ONE EAST CAPITAL

By: _____

Name:
Title:     **Sina Toussi
Partner**

[PURCHASER]
[PURCHASER'S ADDRESS]

Exhibit 2

*[See attached Proof of Claim]*



THE GARDEN CITY GROUP, INC.
DEC 9 2009

7015245

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Your Claim is Scheduled As Follows.**

Name of Debtor (Check Only One)
☒ Motors Liquidation Company (f/k/a General Motors Corporation)  Case No
☐ MLCS, LLC (f/k/a Saturn, LLC)  09-50026 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)  09-50027 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )  09-50028 (REG)
09-13558 (REG)

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property) ARROWGRASS MASTER FUND LTD

Name and address where notices should be sent
ARROWGRASS MASTER FUND LTD

C/O ARROWGRASS CAPITAL PARTNERS LLP
TOWER 42
25 OLD BROAD STREET
LONDON EC2N 1HQ
GREAT BRITAIN   ATTN: SWATI PATEL
Telephone number: +44 208 100 1000 / 1090
Email Address  SP@ARROWGLASS.COM

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)
AS ABOVE

FILED - 69341
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

U.S. BANKRUPTCY COURT
S.D.N.Y.
2009 DEC -1  A 4:01
FILED

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim EXCEPT AS FOLLOWS. If the amount shown is listed as DISPUTED, UNLIQUIDATED or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

1 Amount of Claim as of Date Case Filed June 1, 2009    $ 19,432,330.16

If all or part of your claim is secured, complete item 4 below however if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is secured pursuant to 11 U S C § 503(b)(9), complete item 5

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim  GUARANTEE PROVIDED IN RESPECT OF GM NOVA SCOTIA FINANCE
(See instruction #2 on reverse side)  COMPANY BONDS (XS0171922643) (XS0171908063)

3 Last four digits of any number by which creditor identifies debtor _____

3a Debtor may have scheduled account as _____
(See instruction #3a on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $ _____  Annual Interest Rate ____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any $ _____

Basis for perfection _____

Amount of Secured Claim $ _____   Amount Unsecured $ _____

6 Credits  The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents  Attach redacted copies of any documents that support the claim such as promissory notes purchase orders invoices, itemized statement or running accounts contracts, judgments mortgages and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available please explain in an attachment

5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)  If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of your claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2 425* of deposits toward purchase lease or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)( )

Amount entitled to priority

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

FOR COURT USE ONLY

Date 12/2/09

Signature  The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any
SIMON HENRY KENNER
DIRECTOR

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (CCC) (12/08)

6013636505