**From the Territory of the
Onkwehonwe Signatory Tribe**
VIA: P.O. Box 147
"Rooseveltown, N.Y. 13683"

February 28, 2011

**In re: MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al., Debtors**

**Case No. 09-50026 (REG) Chapter11 (Jointly Administered)**

This legal writ is being served to you by way of command from the Supreme Authority of our Tribe and must be honored by all officials of The United States of America be they President, Governors, Senator, Supreme Court Justice or any other officers, agents or assigns who give their allegiance to the State of New York or The United States of America.

To address this matter for our Signatory Tribe, we find it once again necessary to enlighten all those amongst you who are legal Representatives for the various states, and autonomous Native American tribes.

First of all there is the matter of jurisdiction that must be addressed and acknowledged by all legal representatives involved with this bankruptcy issue that is before the United States Bankruptcy Courts, Southern District of New York.

The United States of America is ruled by Corpus Juris Secundum or second Law of the Land. The "Saint Regis Mohawk Tribe" are a corporate charter created by the State of New York and therefore have no legal decision making power.

Authority rights to sovereignty is the law who are the Clanmothers recognized by all (International Law). A law is law until it is removed.

Signatory Indian Tribes are ruled by the women of the clans thereby constituting the First Law of the Land as acknowledged by all international law of which the United States of America is legally bound.

The Onkwehonwe Signatory Tribe is not to be associated with the Five, Six, or Seven Nations of Canada, which were Indian Tribes created by George Washington (*State of New York v. Boots; Co, Ct. N.Y. 1981*).

1

To acknowledge any group of expatriated Indians as a legal body would undermine the true legal authority and title holder of our Territory, and would constitute the crime of Treason. That crime to be exacting is the Conspiracy to overthrow Indian Tribes or Nations.

There is no court in your jurisdiction that can legally render any decision involving the Onkwehonwe Signatory Tribe or the lands they live upon within their Territory. (Judge Warren Urbom, *United States v. Consolidated Wounded Knee* cases 1975 Supra. "*This court cannot supply Causus Omississ in a Treaty any more than in a law.*")

Find enclosed all legal matters showing beyond question that Signatory Indians are not subject to the jurisdiction of any White Civilized Nation who are legally bound to protect, Tribal Custom and Usage or the Law that governs Signatory Indian Tribes.

This command is sent to you from the Women of our Clans and the Head Clan Mother whose mark appears here-in.

Enclosed is a copy of a command sent to Barack Obama, President of the United States of America, to begin the total clean up above and below the earth at the site of the Motors Liquidation Company F/K/A General Motors Corporation. The "site description is General Motors Central Foundry Division Superfund Site, Rooseveltown, Hwy., St. Lawrence County, Massena, N.Y."

In addition to the issue of jurisdiction, there are other legal matters that must be addressed to the letter of the law. See attached: *08-CV-0711* in the District Court for the Northern District of New York.

This Conspiracy of the past has, through time, contributed to the demise of a totally independent Tribal people, and as we are addressing today, the contamination of Lands within the Territory of the Onkwehonwe Signatory Tribe.

You are hereby commanded to do a Total Cleanup of the contaminated lands and make restitution for the suffering and loss of which the Onkwehonwe Signatory Tribal members experienced. Although the United States of America helped to draft the *Genocide Convention Act,* they did not sign it until November 25th, 1988, the date of effect being February 23rd 1989 and therefore their crime must be legally spelled out as Genocide.

**Acts Classified as Treason**

> Rebellion or Insurrection against Signatory Indian Tribes;
> Seditious conspiracy against Indian Tribes;
> Advocating the overthrow of Indian Tribes;
> Registration of certain organizations;

2

Activities affecting Police forces generally;
Activities affecting armed or Police forces during war;
Recruiting for services against Indian Tribes;
Enlistment of services against Indian Tribes;
Giving aid and comfort to Indians or non-Indians committing these crimes.

Cc:
- President of U.S.A

_Kanietakeron_
**Headman**                                                                 **Clan**

_Nikawennia B..._
**Clanmother**                                                              **Clan**



Territory of the
## Onkwehonwe Signatory Tribe
Via P.O. Box 147
"Rooseveltown, NY 13683"
518-651-9091



Americus Empire
(A.K.A.) Turtle Island

January 27, 2010

**Office of the President of the United States**
The White House
1600 Pennsylvania Ave NW
Washington, DC 20500

**Attention: Barack Obama**

In the legal process of exercising our Signatory Tribal jurisdiction we once again command you and your appropriate bureaucracy to immediately address the matter of Industrial poisoning to earth, people and animals.

We are referring to your General Motors, Massena Plant situated on land within the territory of the Onkwehonwe Tribe in what is known to you as Massena, New York. Whatever the agreements of the past were between your Federal, State and autonomy Indian government, you are hereby given legal notice that our Tribal Law supercedes all said agreements. As you are holding General Motors in receivership, your government is commanded by the authority of our Tribe to remove all contaminated land above and below the ground, and all structures that constitute a threat to the health of our Tribal people, and our children's future.

Many of our peoples' health have been seriously affected due to contaminants in the water, the air, and the earth itself so there is no need to issue monies to do studies that result in meaningless talks.

Your government is hereby commanded to begin the total clean-up immediately, and you are reminded that we are a Signatory Tribe of the ancient Onkwehonwe Confederacy ruled by First Law of the Land and not an autonomy native government or corporate charter under your State or Federal jurisdiction.

Respecting Law,

Kanetakeron                    Bear
Headman                        Clan

Cc:    Al Koch
       Office of the United States Trustee

IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

KAKWERIAS, KANIETAKERON, and TSIOKAWE,

        Defendants,

-v-

COUNTY OF FRANKLIN and BRIAN VARIN,
TREASURER OF FRANKLIN COUNTY,

        Plaintiff.

---

08 -CV- 0711

NPM/RFT



NOTICE OF REMOVAL

Respondents Kakwerias (aka Dana Leigh Thompson), and her spouse Kanietakeron (aka Larry V. Thompson) as well as Tsiokawe (aka Lyle David Pierce, III) hereby give notice that the above captioned action, which was commenced in New York Supreme Court, Franklin County, is hereby removed to the United States District Court for the Northern District of New York, based on the following:

1.     Respondents Kakwerias, Kanietakeron and Tsiokawe are former members of the Saint Regis Mohawk Tribe. Kakwerias renounced and abjured her membership with the Saint Regis Mohawk Tribe on June 27, 1997. Her spouse, Kanietakeron, renounced and abjured his membership with the Saint Regis Mohawk Tribe on June 30, 1997. Tsiokawe renounced his membership with the St. Regis Mohawk Tribe on June 26, 1996. See, e.g., *United States ex rel. Standing Bear v. Crook*, 5 Dill. 453, 25 Fed.Cas. No. 14,891 (1879); *Smith v. Bonifer*, 154 F. 883 (1907). For greater certainty, Respondents Kakwerias, Kanietakeron and Tsiokawe are neither Mohawks nor members of the St. Regis Mohawk Tribes, the St. Regis Tribe of Mohawks, the St. Regis Tribe, the Mohawk Tribe and any derivative thereof.

2.  Although "Indians", Respondents Kakwerias, Kanietakeron and Tsiokawe are neither Citizens of a State nor Citizens or Subjects of any Foreign State.

3.  The Respondents Kakwerias, Kanietakeron and Tsiokawe not being members of the Saint Regis Mohawk Tribe are therefore not impacted by, *among other things*, the 1988 Tax Foreclosure Agreement worked out between the Saint Regis Mohawk Tribe's former attorney Richard Sobol and Franklin County's land claim attorney, Jan Farr.

4.  Respondent Kakwerias (aka Dana Leigh Thompson) is "the record title owner of a certain parcel of real property" purportedly "located within the Lands Claims Area of the Saint Regis Mohawk Tribal Reservation commonly known as the Bombay Triangle located on Route 37, within the Town of Bombay, County of Franklin, State of New York having a Tax ID number of 18.2-3-4." Respondents Kakwerias, Kanietakeron and Tsiokawe adamantly dispute, withhold their consent and deny that the area in general and this parcel in particular are in fact located within New York State and/or its subdivisions. For greater certainty, Respondents Kanietakeron, Tsiokawe and, in particular, Respondent Kakwerais, do not base their defence and answer to the foreclosure proceedings in relation to this particular parcel on a deed issued by the state of New York and/or its subdivisions, rather Respondents Kanietakeron, Tsiokawe and, in particular, Respondent Kakwerais, ground their defence and answer on the basis of the fact that the Original Indian Title has not yet been validly extinguished.

5.  Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that the 68 acre parcel of land which was the subject of the litigation in *Dana Leigh Thompson v. County of Franklin and William A. Hughes. Treasurer of Franklin County* (92-CV-1258) is beyond the limits (legislative or otherwise) of the state of New York and, accordingly, not subject to, *inter alia*, the taxing authority of the state of New York and/or its subdivisions. For greater certainty, Respondents Kanietakeron, Tsiokawe and, in particular, Respondent Kakwerais, do not base their defence and answer to the looming foreclosure and proceedings in relation to this particular parcel (or otherwise) on a deed issued by the state of New York and/or its subdivisions, rather, Respondents

2

Kanietakeron, Tsiokawe and, in particular, Respondent Kakwerais, ground their defence and answer on the basis of, *among other things*, the fact that the Original Indian Title has not yet been validly extinguished.

6. Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that the "Contract between the state of New York, and the Seven Nations (of Indians) of Canada…", sometimes referred to as the "Treaty with the Seven Nations of Canada, 1796", *held in the City of New York*, and Proclaimed by then United States President George Washington, is repugnant to, *inter alia*, Article II of the United States Constitution and is illegal, void and done in bad faith. See, Bioren, John and W. John Duane, *Laws of the United States*, Vol. 1, 1815, at pp. 375-6; see also, Kappler, Charles J., *Indian Affairs Laws and Treaties*, Vol. II, 1904, at pp. 45-6. It is noteworthy that Jeremiah Wadsworth, the United States Commissioner in fact appointed to hold this treaty was not in attendance. See, *American State Papers*, Vol. 1, 1832, at p. 585 ("No. 70"); see also, Greenleaf, Thomas, *Laws of New York*, Vol. 3, at pp. 335-41 and, in particular, p. 340 ("*An ACT for the Payment of certain Officers of Government and other contigent Expences*, Passed 11th April, 1796.").

7. Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that the "A contract, executed at a treaty held at fort Schuyler, (formerly fort Stanwix,) by the Oneida tribe or nation of Indians, on the 22d of September, 1788, with George Clinton, William Floyd, Ezra L'Hommedieu, Richard Varick, Samuel Jones, Egbert Benson, and Peter Gansevoort, junior, commissioners on behalf of the state of New York, by which the Oneidas…d[id] cede and grant all their lands to the state of New York, forever…." violated Articles 2, 6 and 9 (*cf.* Article 13) of the Articles of Confederation and is illegal, void and done in bad faith. See, Bioren, John and W. John Duane, *Laws of the United States*, 1815, Vol. 1, at pp. 317-21; see also, *Laws of the United States*, at pp. 10-28. Moreover, the respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that the "Treaty of Fort Schuyler, 1788" violates the Proclamation of September 22, 1783. See, *Laws of the United States*, at pp. 607-8. In any event, did not affect lands that were

in fact located outside the limits of the state of New York and New York State and/or those lands which were not of the Oneida Indian Nation of New York.

8.  Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that the May 2, 1791, proposal of Alexander Macomb (See, *Calendar of N.Y. Colonial Manuscripts indorsed Land Papers in the Office of the Secretary of State of New York 1643-1803*: Albany, Weed, Parsons & Co., 1864, at pp. 842-3) and the subsequent purported sale of the lands identified therein by the state of New York to Alexander Macomb derived from the lands purportedly ceded and granted by the Oneida tribe or nation of Indians to the state of New York through the "Treaty of Fort Schuyler, 1788" or otherwise is illegal, void and done in bad faith.

9.  Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that, *inter alia*, the bad faith of the state of New York is evidenced as follows:

> Mr. James Duane, who had been a Delegate from this State in Congress, communicated to the Governor the following Views in regard to this Treaty: Great Difficulty arises from the Interferance of the proposed Treaty with the Authority and the Views of Congress.
>
> Five of the six Tribes of Indians were at open War with the United States. The general Treaty of Peace doth not mention nor extend to them. Congress therefore, on the 9th Art. of the Confederation, claims the exclusive Right to make this Peace, and if the Tribes are to be considered as *independent Nations*, detached from the State, and absolutely unconnected with it, the Claim of Congress would be uncontrovertible.
>
> There is then an indispensible Necessity that these Tribes should be treated as *antient Dependants on this State*, placed under its Protection, with all their territorial Rights, by their own Consent publicly manifested in solemn and repeated Treaties (of this there is sufficient Evidence), and particularly by the Deeds of 1701 and 1726, which tho' in the name of the King, were obtained at the Expense of the People of the State and for their Benefit. On this ground the Tribes in question may fall under the Character of *Members of the State* with the management of whom Congress have no concern (Confed. 9th Art., 4th Clause).
>
> But the Spirit of the Message from the Indians renders it questionable whether they will submit to be treated as *Dependants*....

See, Munsell, Joel, and Franklin B. Hough: *Proceedings of the Commissioners of Indian Affairs Appointed by Law for the Extinguishment of Indian Titles....* Albany: 1861

10.     The attempt to, *inter alia*, tax and foreclose upon the lands herein mentioned and, in particular, the parcels herein identified, is illegal, void and done in bad faith.

11.     Any foreclosures of the lands, *inter alia*, identified herein interferes with the Respondents' rights and freedoms to the free and unmolested use and occupancy of said lands.

12.     Respondents Kakwerias, Kanietakeron and Tsiokawe allege and assert that in light of the live issues and controversies raised and/or identified herein, or otherwise, that in view of 28 U.S.C. § 1331 which mandates that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" this Notice of Removal pursuant to 28 U.S.C. § 1446 is timely and the issues are properly before this Honourable Court (Federal Question Jurisdiction). This defence therefore is properly removed by Respondents/defendants pursuant to Article III of the United States Constitution as well as 28 U.S.C. § 1331 and 28 U.S.C. 1441(a).

13.     Respondents Kakwerias, Kanietakeron and Tsiokawe have no formal legal training whatsoever and respectfully inform this Honourable Court that they have used their best efforts to draft an initial complaint in the limited amount of time available given the circumstances and, in fact, need further time to perfect the complaint/defence.

14.     Such further or other grounds as the Respondents Kakwerias, Kanietakeron and Tsiokawe may advise and this Honourable Court may permit.

<u>RELIEF SOUGHT</u>

15.     A declaration that "A contract, executed at a treaty held at fort Schuyler, (formerly fort Stanwix,) by the Oneida tribe or nation of Indians, on the 22d of September, 1788, with George Clinton, William Floyd, Ezra L'Hommedieu, Richard

Varick, Samuel Jones, Egbert Benson, and Peter Gansevoort, junior, commissioners on behalf of the state of New York, by which the Oneidas…d[id] cede and grant all their lands to the state of New York, forever….." violated Articles 2, 6 and 9 (*cf.* Article 13) of the Articles of Confederation and is illegal, void and done in bad faith.

16.  A declaration that the May 2, 1791, proposal of Alexander Macomb (See, *Calendar of N.Y. Colonial Manuscripts indorsed Land Papers in the Office of the Secretary of State of New York 1643-1803*: Albany, Weed, Parsons & Co., 1864, at pp. 842-3) and the subsequent purported sale of the lands identified therein by the state of New York to Alexander Macomb derived from the lands purportedly ceded and granted by the Oneida tribe or nation of Indians to the state of New York through the "Treaty of Fort Schuyler, 1788" is not supportable in fact and/or law and is, accordingly, illegal, void and done in bad faith.

17.  A declaration that the Contract sometimes referred to as the "Seven Nations of Canada, 1796" is repugnant to, *inter alia*, Article II of the United States Constitution and is illegal, void and done in bad faith.

18.  Such further relief as this Honorable Court considers reasonable and just in the circumstances.

Dated:    July 2, 2008
         Elsewhere, South of the middle of the River Cataraquay

_Kakwerais "Dana Leigh Thompson"_
Kakwerais (aka Dana Leigh Thompson)

_Kanietakeron "Larry V. Thompson"_
Kanietakeron (aka Larry V. Thompson)

_Tsiokawe_
Tsiokawe (aka Lyle David Pierce, III)

## ADDRESS FOR SERVICE

The Respondents Kakwerias, Kanietakeron and Tsiokawe may be served with documents relating to this matter at the following address:

> Dana Leigh Thompson
> P.O. Box 147
> "Rooseveltown, New York  13683"

FRANKLIN COUNTY COUNTY COURT
FRANKLIN COUNTY COURTHOUSE
355 WEST MAIN ST., PO BOX 70     Index No. 2007-1498
MALONE, NY 12953
(518)481-1748 or (518)481-1749

JUDICIAL ASSIGNMENT NOTICE

June 2, 2008

MILLER, JONATHAN J.
436 EAST MAIN STREET
MALONE, NY 12953
(518)483-8400

Re: RJI No.: 16-0-2008-0247
    RJI DATE: 06-02-2008       NOTE OF ISSUE FILED:
    TYPE OF ACTION:  OTHER REAL PROPERTY
    MOTION: S-
FRANKLIN COUNTY                    ..vs..
VARIN, BRYON A.
IN THE MATTER OF THE FORECLOSURE
OF 2003 TAX LIENS AND 2004 TAX
LIENS BY PROCEEDING IN REM
PURSUANT TO ARTCILE 11 OF REALTAX
LAW BY FRANKLIN COUNTY

   In accordance with directives of the Chief Administrative Judge,
this case has been assigned to:

   HON. ROBERT G. MAIN, JR.
   FRANKLIN COUNTY COURTHOUSE
   MALONE, NY 12953
   (518)483-6767

   Judges have issued memorandums regarding motion terms, scheduled
dates and submission requirements, copies of which have been sent to
members of the Franklin County Bar.  Motion terms are held at the
Franklin County Courthouse, 355 West Main Street, Malone, New York
12953.  Supreme Court Judges may elect to hear motions at their
chambers.  In those instances, counsel or pro se parties will be advised
of changes to the location where motions will be heard.

   **All subsequent inquiries, correspondence, copies of motions,
copies of other documents, etc. should be directed to the assigned judge
at their chambers.  (original motion papers and orginal documents should
be forwarded to the Chief Clerk's office for filing).**

   You are required to notify all opposing counsel, or any party who
appears pro se, of the assignment of this judge and submit proof of
service by mail of such notice.

Case 8:08-cv-00711-ENP-RFT    Document 1    Filed 07/02/08    Page 9 of 9

Kimberly A. Crow
Chief Clerk

Case 8:08-cv-00711-NPM-RFT    Document 1-2    Filed 07/02/08    Page 1 of 1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KAKWERAIS
KANIETAKERON
TIORAWE

**DEFENDANTS**
FRANKLIN COUNTY TREASURER
BRIAN VARNY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

KAKWERAIS ("DANA LEIGH THOMPSON")
"P.O. BOX 147
ROOSEVELTOWN, NY 13683"

(c) Attorney's (Firm Name, Address, and Telephone Number)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331

Brief description of cause: ORIGINAL JURISDICTION OF ALL CIVIL ACTIONS ARISING UNDER CONSTITUTION    THOMPKINS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD
Kakwerais "Dana Leigh Thompson"

FOR OFFICE USE ONLY
RECEIPT # SYR 16443    AMOUNT 350.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 02 2008
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

KAKWERIAS, KANIETAKERON, and TSIOKAWE,

                        Defendants.

-against-

COUNTY OF FRANKLIN and BRIAN VARIN,
TREASURER OF FRANKLIN COUNTY

                        Plaintiff.

-----------------------------------------------------------------x

08-CV-0711

ADMISSION OF SERVICE

NPM RFT

STATE OF NEW YORK  )
                            SS:
COUNTY OF FRANKLIN  )

I, Victoria Brown, am the Paralegal Specialist for the office of Jonathan Wool, Assistant County Attorney.

I hereby admit due and legal personal service of the NOTICE OF REMOVAL dated July 2, 2008 in the above entitled action on this 2nd day of July, 2008.

                                                     _____
                                                (PRINTED NAME: VICTORIA BROWN)