**HEARING DATE AND TIME: March 3, 2011 at 9:45 A.M. (Eastern Time)**

Elihu Inselbuch
Rita C. Tobin
CAPLIN & DRYSDALE, CHARTERED
375 Park Avenue, 35th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Trevor W. Swett III
Kevin C. Maclay
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005-5802
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

*Attorneys for Official Committee*
*of Unsecured Creditors Holding Asbestos-Related Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, : | Chapter 11 Case No. |
| f/k/a General Motors Corp., *et al.* : | |
| : | 09-50026 (REG) |
| : | |
| : | (Jointly Administered) |
| : | |
| : | |

---------------------------------------------------------------x

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS HOLDING ASBESTOS-RELATED CLAIMS IN SUPPORT OF THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

The Official Committee of Unsecured Creditors Holding Asbestos-Related Claims (the

"**Asbestos Claimants Committee**" or "**ACC**"), by and through the undersigned, hereby files this

Statement in Support of the Debtors' Amended Joint Chapter 11 Plan (the "**Plan**"), and states as

follows:

- 1 -

1.      The ACC supports the Plan, believes that it meets the standards for confirmation set forth in the Bankruptcy Code and relevant caselaw, and believes that it should be confirmed. The ACC notes that under the unique circumstances of this case, the Court's use of Section 105(a) of the Bankruptcy Code to channel Asbestos Personal Injury Claims to the Asbestos Trust is appropriate.

2.      The use of Section 105(a) is appropriate here for several reasons. First, Section 524(g) of the Bankruptcy Code — a provision enacted specifically to address asbestos liabilities — is not available here in the context of a liquidating plan. Accordingly, absent the use of a Section 105 injunction attempting to emulate the protections of Section 524(g) as in this case, there would be no assurance of fair treatment between present and future asbestos claimants.

3.      Second, the ACC notes that the Plan is supported by (1) the official representative of future Asbestos Personal Injury Claimants (the "**Future Claimants Representative**" or "**FCR**"), (2) the ACC, which represents the interests of present Asbestos Personal Injury Claimants, and (3) the ACC's constituency of present Asbestos Personal Injury Claimants, as revealed by the overwhelming vote in favor of the Plan by the members of Class 5.

4.      In the context of a liquidating plan, these factors represent the type of unique factors that support the use of a Section 105(a) channeling injunction as set forth in the Plan.

Dated: New York, New York  
      March 2, 2011

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

/s/ Trevor W. Swett III  
Trevor W. Swett III  
Kevin C. Maclay  
Caplin & Drysdale, Chartered  
One Thomas Circle, N.W.  
Suite 1100  
Washington, D.C. 20005  
Telephone: (202) 862-5000  
Facsimile: (202) 429-3301  
E-mail: tws@capdale.com; kcm@capdale.com

Elihu Inselbuch  
Rita C. Tobin  
Caplin & Drysdale, Chartered  
375 Park Avenue, 35th Floor  
New York, NY 10152-3500  
Telephone: (212) 319-7125  
Facsimile: (212) 644-6755  
E-mail: ei@capdale.com; rct@capdale.com

*Attorneys for Official Committee of Unsecured Creditors Holding Asbestos-Related Claims*