HEARING DATE AND TIME: MARCH 29, 2011 @9:45 A.M.
OBJECTION DEADLINE: MARCH 4, 2011 @ 4:00 PM.

**DEAN & FULKERSON**
801 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
248-362-1300
John W. Bryant, Esq. (P11331)
Jbryant@dflaw.com
*Attorneys for Sundram International, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| _____x | |
| : | |
| : | **Chapter 11 Case No.** |
| **In re** : | |
| : | **09-50026 (REG)** |
| **MOTORS LIQUIDATION COMPANY, et al.,** : | |
| **f/k/a General Motors Corp., et al.** : | |
| : | **(Jointly Administered)** |
| **Debtors.** : | |
| : | |
| _____x | |

### RESPONSE OF SUNDRAM INTERNATIONAL, INC.
### TO DEBTORS' 160TH OMNIBUS OBJECTION TO CLAIMS

Sundram International, Inc. ("SII") by its attorneys, DEAN & FULKERSON, submits its Response to Debtors' 160th Omnibus Objection to Claims to the extent that this objection pertains to SII:

1.    SII is a Michigan corporation which is part of the TVS Group, a conglomerate or related entity based in Chennai, India, conducting various business operations worldwide.

2.    SII filed a timely Proof of Claim in this matter pertaining to invoices owed to SII by General Motors Corporation (now known as Motors Liquidation Company, referred to hereafter as "Old GM"). The original amount of this Proof of Claim was $135,493.03. As indicated by the attached affidavit, SII has since identified certain payments made upon the underlying invoices, thus

reducing the claim amount to $109,678.65.

3.       In pursuing this Proof of Claim, representatives of Old GM advised representatives of

SII that Old GM was not liable for the payments of the claim amounts because the underlying

invoices had been assumed by General Motors, LLC (hereafter "New GM"). SII, however, has not

been able to obtain payment of these invoices by New GM because New GM has not listed the

invoices in question as having been assumed from Old GM (See attached Affidavit of Sundram

International, Inc., ¶¶4, 5).

4.       SII has repeatedly requested copies of any documentation in the possession of Old

GM which would indicate that the invoices in question had been assumed by New GM but no such

information ever has been provided. (Affidavit, ¶5)

5.       A properly filed proof of claim is *prima facie* evidence of the validity and amount of

the claim. *Fullmer v U.S. (In re Fullmer)*, 962 F.2d 1463 (10th Cir. 1992); see also Fed. R. Bankr. P.

3001(f).

6.       To overcome this *prima facie* evidence, the objecting party must bring forward

evidence equal in probative force to that underlying the proof of claim. See *In re Wells*, 51 B.R. 563,

566 (D. Colo. 1985); *Collier on Bankruptcy*, ¶502.02 (15th ed rev. 2004) ("Should objection be

taken, the objector must procure evidence and show facts tending to defeat the claim by probative

force equal to that of the allegations in the proof of claim.").

7.       "Once a claim is filed, the trustee, or the debtor in possession carries the burden of

going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Domme*, 163

B.R. 363 (D. Kan. 1994); see also *In re Allegheny International, Inc.* 954 F.2d 167, 173-74 (3d Cir.

1992); *In re Resyn Corp. v United States*, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector

2

must offer actual evidence sufficient to rebut the claim's presumed validity.  See *In re White*, 168

B.R. 825, 829 (Bankr. D. Conn. 1994).

8.    The Objection contains no evidence to disprove SII's properly filed Proofs of Claim.

Moreover, no evidence has been provided that the agreements underlying the SII Claims were indeed

assumed by New GM.

9.    Thus, the Debtors' request for expungement of the SII Claims fails to overcome the

*prima facie* validity of SII's timely filed Proofs of Claim as required by Bankruptcy Rule 3001.

10.    Should SII be provided with confirmation from New GM that the underlying claims

in this matter have, in fact, been assumed by New GM, SII will withdraw this response upon receipt

of adequate assurance of payment by New GM.

## CONCLUSION

For the reasons set forth, it is respectfully requested that the Debtors' Objections to the

Claims of SII be denied at this time.

Dated: March 3, 2011

By:   /s/ John W. Bryant
        JOHN W. BRYANT (P11331)
        **DEAN & FULKERSON**
        801 W. Big Beaver Road, Suite 500
        Troy, Michigan 48084
        (248) 362-1300
        Jbryant@dflaw.com

Attorneys for Sundram International, Inc.

3

**ATTACHMENT**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————— x
                                                :
                                                :      Chapter 11 Case No.
                                                :
In re                                           :
                                                :      09-50026 (REG)
                                                :
MOTORS LIQUIDATION COMPANY, et al.,     :
        f/k/a General Motors Corp., et al.    :
                                                :      (Jointly Administered)
               Debtors.                         :
                                                :
——————————————————————————— x

## AFFIDAVIT ON BEHALF OF SUNDRAM INTERNATIONAL, INC. IN RESPONSE TO DEBTORS' 160TH OMNIBUS OBJECTION TO CLAIMS

Sundram International, Inc. ("SII") submits the following affidavit:

1.      SII is an Michigan corporation which is part of the TVS Group, a conglomerate of related entities based in Chennai, India, conducting various business operations worldwide. The signer of this affidavit has responsibility for accounting and financial management matters related to the subject matter of this affidavit and is authorized to submit this affidavit on behalf of SII.

2.      Attached to this affidavit as Appendix A is the Proof of Claim filed by SII in this matter. I have reviewed this document and it accurately reflects the total of outstanding invoices owed to SII by General Motors Corporation ("Old GM") as of May 31, 2009.

3.      Also attached to this affidavit as Appendix B is the listing of the specific invoices involved in the Proof of Claim, totaling $478,841.43. We initially applied available credits of $343,348.40 against these invoices, resulting in a net claim of $135,493.03. Subsequently, we have identified additional credits of $25,814.38, which reduces the claim amount to $109,678.65.

4.      SII has attempted to obtain payment of these invoices from General Motors, LLC ("New GM") but cannot obtain payment of these invoices from New GM because the invoices are



not listed by New GM as being assumed by New GM.

5.      Through our representatives in the United States, we have requested information from Old GM (now Motors Liquidation Company) indicating that our outstanding invoices were among those being assumed by New GM but no such information has been provided.

6.      The invoices relate to goods and services which were provided to Old GM and represent invoices for which Old GM should be responsible absent proof that the invoices have been assigned to or assumed by New GM.

7.      Absent seeing proof from Old GM that the claims in question have been assigned to or assumed by New GM, SII requests that its claims listed in the Proof of Claim be allowed and that Debtors' Objections be rejected.

### VERIFICATION

I hereby state under penalty of perjury of the laws of the United States, that I have read the foregoing affidavit and that the information contained in that affidavit is true and correct to the best of my knowledge.

SUNDRAM INTERNATIONAL, INC.

By: _____
V.G. Jaganathan

Title:  DIRECTOR _____

Dated: MARCH 02, 2011 _____

2