HEARING DATE AND TIME: MARCH 29, 2011 @9:45 A.M.
OBJECTION DEADLINE: MARCH 4, 2011 @ 4:00 PM.

**DEAN & FULKERSON**
801 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
248-362-1300
John W. Bryant, Esq. (P11331)
Jbryant@dflaw.com
*Attorneys for Sundram Fasteners Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re<br><br>**MOTORS LIQUIDATION COMPANY, et al.,**<br>    **f/k/a General Motors Corp., et al.**<br><br>        **Debtors.** | **Chapter 11 Case No.**<br><br>**09-50026 (REG)**<br><br>**(Jointly Administered)** |

**RESPONSE OF SUNDRAM FASTENERS LIMITED**
**TO DEBTORS' 161ST OMNIBUS OBJECTION TO CLAIMS**

Sundram Fasteners Limited ("SFL") by its attorneys, DEAN & FULKERSON, submits its Response to Debtors' 161st Omnibus Objection to Claims to the extent that this objection pertains to SFL:

1.    SFL is a Michigan corporation which is part of the TVS Group, a conglomerate or related entity based in Chennai, India, conducting various business operations worldwide.

2.    SFL filed a timely Proof of Claim in this matter pertaining to invoices owed to SFL by General Motors Corporation (now known as Motors Liquidation Company, referred to hereafter as "Old GM"). The original amount of this Proof of Claim was $20,310.41. As indicated by the attached affidavit, SFL has since identified certain payments made upon the underlying invoices,

thus reducing the claim amount to $20,041.34.

3.  In pursuing this Proof of Claim, representatives of Old GM advised representatives of SFL that Old GM was not liable for the payments of the claim amounts because the underlying invoices had been assumed by General Motors, LLC (hereafter "New GM"). SFL, however, has not been able to obtain payment of these invoices by New GM because New GM has not listed the invoices in question as having been assumed from Old GM (See attached Affidavit of Sundram International, Inc., ¶¶3, 4).

4.  SFL has repeatedly requested copies of any documentation in the possession of Old GM which would indicate that the invoices in question had been assumed by New GM but no such information ever has been provided. (Affidavit ¶4)

5.  A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. *Fullmer v U.S. (In re Fullmer)*, 962 F.2d 1463 (10th Cir. 1992); see also Fed. R. Bankr. P. 3001(f).

6.  To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. See *In re Wells*, 51 B.R. 563, 566 (D. Colo. 1985); *Collier on Bankruptcy*, ¶502.02 (15th ed rev. 2004) ("Should objection be taken, the objector must procure evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

7.  "Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." *In re Domme*, 163 B.R. 363 (D. Kan. 1994); see also *In re Allegheny International, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992); *In re Resyn Corp. v United States*, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector

2

must offer actual evidence sufficient to rebut the claim's presumed validity. See *In re White*, 168 B.R. 825, 829 (Bankr. D. Conn. 1994).

8. The Objection contains no evidence to disprove SFL's properly filed Proofs of Claim. Moreover, no evidence has been provided that the agreements underlying the SFL Claims were indeed assumed by New GM.

9. Thus, the Debtors' request for expungement of the SFL Claims fails to overcome the *prima facie* validity of SFL's timely filed Proofs of Claim as required by Bankruptcy Rule 3001.

10. Should SFL be provided with confirmation from New GM that the underlying claims in this matter have, in fact, been assumed by New GM, SFL will withdraw this response upon receipt of adequate assurance of payment by New GM.

## **CONCLUSION**

For the reasons set forth, it is respectfully requested that the Debtors' Objections to the Claims of SFL be denied at this time.

Dated: March 3, 2011

                                             By:  /s/ John W. Bryant
                                                   JOHN W. BRYANT (P11331)
                                                   **DEAN & FULKERSON**
                                                   801 W. Big Beaver Road, Suite 500
                                                   Troy, Michigan 48084
                                                   (248) 362-1300
                                                   Jbryant@dflaw.com

                                                   Attorneys for Sundram Fasteners Limited

**ATTACHMENT**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                              :
                                              :      Chapter 11 Case No.
In re                                         :
                                              :      09-50026 (REG)
MOTORS LIQUIDATION COMPANY, et al.,           :
    f/k/a General Motors Corp., et al.        :
                                              :      (Jointly Administered)
                        Debtors.              :
                                              :
--------------------------------------------------------x

### AFFIDAVIT ON BEHALF OF SUNDRAM FASTENERS LIMITED IN RESPONSE TO DEBTORS' 161ST OMNIBUS OBJECTION TO CLAIMS

Sundram Fasteners Limited ("SFL") submits the following affidavit:

1. SFL is an Indian corporation which is part of the TVS Group, a conglomerate of related entities based in Chennai, India, conducting various business operations worldwide. The signer of this affidavit has responsibility for accounting and financial management matters related to the subject matter of this affidavit and is authorized to submit this affidavit on behalf of SFL.

2. Attached to this affidavit as Appendix A is the Proof of Claim filed by SFL in this matter. I have reviewed this document and it lists and accurately reflects the total of outstanding invoices owed to SFL by General Motors Corporation ("Old GM") as of May 31, 2009. SFL subsequently received payment of $ 269.07 against Invoice No 9947752 but the balance amount of $ 20,041.34 remains unpaid.

3. SFL has attempted to obtain payment of these invoices from General Motors, LLC ("New GM") but cannot obtain payment of these invoices from New GM because the invoices are not listed by New GM as being assumed by New GM.

4. Through our representatives in the United States, we have requested information from

Old GM (now Motors Liquidation Company) indicating that our outstanding invoices were among those being assumed by New GM but no such information has been provided.

5. The invoices relate to goods and services which were provided to Old GM and represent invoices for which Old GM should be responsible absent proof that the invoices have been assigned to or assumed by New GM.

6. Absent seeing proof from Old GM that the claims in question have been assigned to or assumed by New GM, SFL requests that its claims listed in the Proof of Claim be allowed and that Debtors' Objections be rejected.

## VERIFICATION

I hereby state under penalty of perjury of the laws of the United States, that I have read the foregoing affidavit and that the information contained in that affidavit is true and correct to the best of my knowledge.

SUNDRAM FASTENERS LIMITED

By: _____
V.G. Jaganathan

Title: EXECUTIVE DIRECTOR & SECRETARY

Dated: MARCH 02, 2011

2

**APPENDIX A**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor (Check Only One):<br>☒ Motors Liquidation Company (f/k/a General Motors Corporation)<br>☐ MLCS, LLC (f/k/a Saturn, LLC)<br>☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)<br>☐ MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) | Case No.<br>09-50026 (REG)<br>09-50027 (REG)<br>09-50028 (REG)<br>09-13558 (REG) | Your Claim is Scheduled As Follows: |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Sundram Fasteners Limited**

Name and address where notices should be sent:
**801 W. Big Beaver Road, 5th Floor**
**Troy, MI 48084-4767**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*if known*)

Filed on: _____

Telephone number: **(248) 362-1300**
Email Address: **Karetha@dflaw.com**

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Telephone number: _____

1. Amount of Claim as of Date Case Filed, June 1, 2009: **$ 20,310.41**

   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **Goods sold**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **6143**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
   Describe:
   Value of Property: $_____ Annual Interest Rate ___%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
   Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim.
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
   ☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   Amount entitled to priority:
   $_____
   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

Date: **11/30/09**
Signature: *[signed]* Keith M. Aretha, Attorney for Creditor

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Modified B10 (GCG) (12/08)

| ASN No | Inv No | Inv Date | Amount in US$ |
|---|---|---|---|
| 4317 | 9905052 | 08/14/2004 | 180.00 |
| 43982 | 9906542 | 09/30/2004 | 101.84 |
| 44272 | 9907063 | 10/26/2004 | 180.00 |
| 44663 | 9907771 | 11/23/2004 | 900.00 |
| 50793 | 9909780 | 02/22/2005 | 83.00 |
| 52981 | 9913393 | 07/23/2005 | 266.20 |
| 53195 | 9913755 | 08/06/2005 | 88.74 |
| 53265 | 9913961 | 08/13/2005 | 266.20 |
| 54152 | 9915651 | 10/15/2005 | 913.00 |
| 60698 | 9918691 | 02/17/2006 | 209.41 |
| 73171 | 9933003 | 08/01/2007 | 162.68 |
| 73536 | 9933837 | 08/31/2007 | 86.05 |
| 82189 | 9940192 | 05/24/2008 | 780.87 |
| 605180 | 9918510 | 02/07/2006 | 1,032.62 |
| 632269 | 9923343 | 08/16/2006 | 1,626.80 |
| 643271 | 9925602 | 10/30/2006 | 569.38 |
| 644232 | 9925944 | 11/06/2006 | 162.68 |
| 713240 | 9929713 | 03/31/2007 | 13.05 |
| 715203 | 9929940 | 04/18/2007 | 569.38 |
| 724137 | 9931831 | 06/16/2007 | 195.22 |
| 825160 | 9940962 | 06/21/2008 | 195.22 |
| 43101SPO | 9905522 | 08/31/2004 | 882.48 |
| 43101SPO | 9905523 | 08/31/2004 | 662.40 |
| 50101SPO | 9908814 | 01/12/2005 | 1,628.78 |
| 50302SPO | 9909141 | 01/27/2005 | 31.35 |
| 50902SPO | 9910145 | 03/08/2005 | 633.32 |
| 519104A | 9911928 | 05/17/2005 | 913.00 |
| 53195A | 9913756 | 08/06/2005 | 254.25 |
| 53235A | 9913902 | 08/13/2005 | 180.00 |
| 534119A | 9914312 | 08/27/2005 | 233.36 |
| 54802SPO | 9917036 | 12/01/2005 | 261.37 |
| 603175A | 9918020 | 01/28/2006 | 176.40 |
| 604124A | 9918228 | 01/30/2006 | 81.34 |
| 61220NP | 9919832 | 03/29/2006 | 81.34 |
| 618218A | 9920855 | 05/09/2006 | 488.04 |
| 61989A | 9921037 | 05/15/2006 | 81.34 |
| 643241A | 9925642 | 10/30/2006 | 650.82 |
| 70620A | 9928339 | 02/16/2007 | 176.40 |
| 72122NP | 9931123 | 05/30/2007 | 7.05 |
| 72705A | 9932267 | 06/30/2007 | 390.43 |
| 73519NP | 9933878 | 08/31/2007 | 17.64 |
| 73519NPA | 9933879 | 08/31/2007 | 1.44 |
| 74605NP | 9935901 | 11/12/2007 | 162.68 |
| 917SPO242 | 9947203 | 04/24/2009 | 2,129.76 |
| 921SPO399 | 9947752 | 05/22/2009 | 269.07 |
| ARSFR0199A | 9946364 | 03/21/2009 | 176.40 |
| BJSFR0307A | 9946526 | 03/27/2009 | 176.40 |
| DHSFR0226A | 9946424 | 03/21/2009 | 83.05 |
| DHSFR0236 | 9946494 | 03/27/2009 | 83.05 |
| DHSFR0243A | 9946426 | 03/21/2009 | 83.05 |
| FWSFR0016 | 9946035 | 02/28/2009 | 732.06 |

20,310.41

## CERTIFICATE OF SERVICE

John W. Bryant hereby certifies that on March 4, 2011, he caused a true and correct copy of the foregoing document to be served by the Court's ECF system upon all parties in interest.

Dated: March 4, 2011

>/s/ *John W. Bryant*
> John W. Bryant (P-11331)
> **DEAN & FULKERSON**
> 801 W. Big Beaver Road, Suite 500
> Troy, MI 48084-4724
> (248) 362-1300