UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re                                                    :      Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*,   :      09-50026 (REG)
   f/k/a General Motors Corp., *et al.*           :
:
                                           Debtors.    :      (Jointly Administered)
:
------------------------------------------------------------x

ORDER ESTABLISHING CLAIMS RESERVES
IN CONNECTION WITH DISTRIBUTIONS TO BE MADE UNDER
THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN WITH RESPECT TO,
AMONG OTHER THINGS, CERTAIN UNLIQUIDATED CLAIMS

Upon the Motion, dated February 11, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 502(c) and 1142(b) of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order approving (a) the establishment of distribution reserve amounts to be used by the GUC Trust pursuant to Article VII of the Debtors' proposed Amended Joint Chapter 11 Plan (as may be supplemented, modified or revised, the "**Plan**") to set aside distributions on account of certain unliquidated and disputed Claims, or potential Claims, filed in these cases which are not yet Allowed (the "**Fully Unliquidated Claims Reserve**"); and (b) certain procedures, consistent with the procedures established under the Plan, for the establishment and administration of such disputed claims reserves (collectively, the "**Claims Reserve Procedures**"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and the Plan.

other or further notice need be provided; and a hearing having been held on the Motion (the "**Hearing**") on March 1, 2011; and upon the full record of the Hearing, the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Fully Unliquidated Claims Reserve be established for use by the GUC Trust pursuant to Article VII of the Plan to set aside distributions on account of certain fully unliquidated and Disputed General Unsecured Claims, or potential Claims, as set forth on **Exhibits A, B, C, D, E, F and G**, filed in these case which are not yet Allowed (together, the "**Fully Unliquidated General Unsecured Claims**"); and it is further

ORDERED that the initial distribution Fully Unliquidated Claims Reserve shall be calculated based on a claim amount of $420 million; and it is further

ORDERED that the amended claim filed by Tracy Woody (Claim No. 70869) be liquidated in the amount of $41,0000 for reserve purposes only, subject to the Debtors' right to object to such claim; and it is further

ORDERED that assets represented by in the Fully Unliquidated Claims Reserve shall be distributed pursuant to Section 7.4 of the Plan on account of Disputed General Unsecured Claims to the extent they become Allowed Claims; and it is further

ORDERED that excess amounts, if any, in the Fully Unliquidated Claims Reserve shall be distributed pursuant to section 5.4 of the GUC Trust Agreement; and it is further

ORDERED that the following Claims Reserve Procedures are hereby approved in

all respects:

    (1)    <u>Estimation of Individual Claims</u>

        (a) In the event that the Debtors or GUC Trust Administrator determine that it is necessary or appropriate to establish a maximum specific reserve on account of any unliquidated, Disputed General Unsecured Claim (each an "**Individual Claim Reserve**"), the Debtors may file a Notice of Estimation of Disputed Claim for Reserve Purposes (an "**Estimation Notice**") with respect thereto, setting forth the asserted amount to be reserved for such Disputed General Unsecured Claim(s) and a summary of the grounds supporting the asserted amount. The Debtors or the GUC Trust Administrator, as applicable, shall serve the Estimation Notice on the holder of the underlying Disputed General Unsecured Claim(s) (and, if prior to the Effective Date, the Creditors' Committee). An Estimation Notice also may be incorporated into an objection to a Disputed General Unsecured Claim.

        (b) The holder of such Disputed General Unsecured Claim(s) will have ten (10) days after service of the Estimation Notice (the "**Estimation Objection Deadline**") to object to the proposed Individual Claim Reserve by filing an objection, in writing, setting forth with specificity all objections to the proposed Individual Claim Reserve, together with any documentation supporting such objection (collectively, "**Estimation Objection**"), and serve such Estimation Objection upon the Debtors or the GUC Trust Administrator, as applicable, (and, if prior to the Effective Date, the Creditors' Committee) so that the Estimation Objection is received no later than 4:00 p.m. (Eastern time), on the Estimation Objection Deadline.

        (c) If an Estimation Objection is timely filed and served by the Estimation Objection Deadline, the Debtors or the GUC Trust Administrator, as applicable, will confer with the objecting party to attempt to resolve the Estimation Objection and determine the appropriate Individual Claim Reserve for the Disputed General Unsecured Claim. In the absence of such agreement, either party may schedule a hearing on the Estimation Notice and the related Estimation Objection on not less than fourteen (14) days' notice. The Debtors or the GUC Trust Administrator, as applicable, shall be entitled to file a reply no later than three (3) business days prior to the hearing.

        (d) If no Estimation Objection is timely filed, the holder of the underlying Disputed General Unsecured Claim(s) at issue will be

deemed to have consented to the Individual Claim Reserve and will be forever enjoined and barred from objecting to such Individual Claim Reserve.  In such event, the Estimation Notice will be deemed to constitute a final and nonappealable order of the Bankruptcy Court establishing the Individual Claim Reserve, and the Debtors or the GUC Trust Administrator, as applicable, shall not be required to reserve an amount in the GUC Trust that is greater than the Individual Claim Reserve on account of the Disputed General Unsecured Claim(s) at issue.

(2)   Disallowed Claims

(a) *No Reserves for Disallowed Claims*.  Neither the Debtors nor the GUC Trust Administrator shall be required to maintain any reserves in the Fully Unliquidated Claims Reserve on account of any Claim, or portion thereof, that has been disallowed or denied by an Order of the Bankruptcy Court (each a "**Disallowance Order**"), notwithstanding any appeal or motion for reconsideration that may be filed by the holder of the Claim.  A party seeking to appeal or obtain reconsideration of a Disallowance Order may request that the Court establish a reserve pending such appeal or reconsideration; provided the reserve for such Claim may not exceed any reserve in place prior to the entry of the Disallowance Order.

(b) *Inadvertently Disallowed Claims*.  Notwithstanding subparagraph (a) above, the Debtors reserve the right, following the Effective Date, to include certain Disallowed Claim(s) in the Fully Unliquidated Claims Reserve should such Disallowed Claims be determined to have been inadvertently disallowed in the course of the claims resolution process (the "**Inadvertently Disallowed Claims**").

(c) To the extent the Debtors wish to include Inadvertently Disallowed Claim(s) in the Fully Unliquidated Claims Reserve following the Effective Date, the GUC Trust Administrator shall file with the Bankruptcy Court a declaration (the "**Inadvertently Disallowed Claim Declaration**") (i) setting forth the reason for the addition of the Improperly Disallowed Claim(s), and (ii) establishing that the amount of the Fully Unliquidated Claims Reserve is still reasonable in light of the addition of the Improperly Disallowed Claim(s).  The GUC Trust Administrator shall serve the Inadvertently Disallowed Claim Declaration on the holders of the remaining fully unliquidated Disputed General Unsecured Claim(s) subject to the Fully Unliquidated Claims Reserve (and, if prior to the Effective Date, the Creditors' Committee).

(d) A holder of a Disputed General Unsecured Claim(s) will have ten (10) days after service of the Inadvertently Disallowed Claim Declaration (the "**Inadvertently Disallowed Claim Objection Deadline**") to object to the proposed inclusion of the Inadvertently Disallowed Claim(s) in the Fully Unliquidated Claims Reserve by filing an objection, in writing, setting forth with specificity all objections to the proposed addition of the Inadvertently Disallowed Claim(s) (the "**Inadvertently Disallowed Claim Objection**"), and serve such objection upon the Debtors or the GUC Trust Administrator, as applicable, (and, if prior to the Effective Date, the Creditors' Committee) so that the Inadvertently Disallowed Claim Objection is received no later than 4:00 p.m. (Eastern time), on the Inadvertently Disallowed Claim Objection Deadline.

(e) If an Inadvertently Disallowed Claim Objection is timely filed and served by the Inadvertently Disallowed Claim Objection Deadline, the Debtors or the GUC Trust Administrator, as applicable, will confer with the objecting party to attempt to resolve the Inadvertently Disallowed Claim Objection. In the absence of such agreement, either party may schedule a hearing on the inclusion of the Inadvertently Disallowed Claim(s) in the Fully Unliquidated Claims Reserve on not less than fourteen (14) days' notice. The Debtors or the GUC Trust Administrator, as applicable, shall be entitled to file a reply no later than three (3) business days prior to the hearing.

(f) If no Inadvertently Disallowed Claim Objection is timely filed, the Fully Unliquidated Claims Reserve will be deemed to include the Inadvertently Disallowed Claims at issue and all parties in interest will be forever enjoined and barred from objecting to the inclusion of such Claims in the Fully Unliquidated Claims Reserve.

ORDERED that neither the Debtors nor the GUC Trust Administrator shall be required to reserve any amounts on account of Fully Unliquidated General Unsecured Claims in excess of the Fully Unliquidated Claims Reserve amount established herein; and it is further

ORDERED that following the Effective Date, as established in the GUC Trust Agreement, and as Disputed General Unsecured Claims are resolved, the GUC Trust Administrator (in consultation with the GUC Trust Monitor) shall have the discretion to reduce the amount of the Fully Unliquidated Claims Reserve without seeking additional Court authority; and it is further

ORDERED that the Debtors and the GUC Trust Administrator retain the right to seek additional relief relating to the Fully Unliquidated Claims Reserve, as they deem necessary or appropriate, including to implement additional or different procedures not inconsistent with the terms of the Plan or the Claims Reserves Procedures with respect to certain Claims or groups of Claims; and it is further

ORDERED that by this Order, no reserves are being established with respect to Asbestos Personal Injury Claims, including Indirect Asbestos Claims as defined in Section 1.92 of the Plan; and it is further

ORDERED that the inclusion of a secured, administrative, or priority claim in the Fully Unliquidated Claims Reserve shall not serve to reclassify such claim as a general unsecured claim in the absence of further order of this Court; and it is further

ORDERED that the Debtors and the GUC Trust Administrator are authorized to take any and all actions that are necessary or appropriate to establish and administer the Fully Unliquidated Claims Reserve consistent with the terms of the Plan and this Order and to implement the Claims Reserve Procedures and the terms of this Order; and it is further

ORDERED that the relief sought in the Motion and granted in the Order, and the actions taken in connection with the creation of, and the determination of value of, the reserves established hereunder are acts taken in connection with the consummation of the Plan and as such are entitled to the protections provided by the Plan and the order confirming the Plan; and it is further

ORDERED that this Order shall have no effect on the allowance or disallowance of any of the Disputed General Unsecured Claims, and all rights, to dispute the validity, nature, amount or priority of any such Disputed General Unsecured Claims are hereby preserved; and it

is further

ORDERED that the establishment of the Fully Unliquidated Claims Reserve and Claims Reserve Procedures is subject to confirmation of the Plan, and in the event the Plan is not confirmed any relief granted in this Order shall be deemed void; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       **_March 4, 2011_**

                                            **_s/ Robert E. Gerber_**
                                            The Honorable Robert E. Gerber
                                            United States Bankruptcy Judge