**HEARING DATE AND TIME: March 9, 2011, at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :    09-50026 (REG)
    f/k/a General Motors Corp., et al.                      :
                                                            :
                        Debtors.                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**DEBTORS' REPLY TO STANLEY STASKO'S RESPONSE TO THE DEBTORS'
<u>OBJECTION TO PROOF OF CLAIM NO. 70285</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), file this reply (the "**Reply**") to the response (the "**Response**") filed by Stanley R. Stasko ("**Claimant**") in connection with the Debtors' Objection to Proof of Claim No. 70285 Filed by Stanley R. Stasko (ECF No. 9095, the "**Objection**") and respectfully represent:

**Background**

1. On February 4, 2011, the Debtors filed the Objection seeking to expunge proof of claim number 70285 filed by Stanley R. Stasko (the "**Stasko PoC**") on the ground that the Stasko PoC fails to state a claim on which relief can be granted, is time-barred by the applicable statute of limitations, and was filed after the Court-imposed Bar Date for filing proofs of claim in these chapter 11 cases.

2. On February 14, 2011, Claimant filed the Response to the Objection. With respect to the Response, the Debtors stand by their papers and reiterate their position:

**The Stasko PoC Fails to State a Claim on Which Relief Can be Granted**

3. As set forth in the Objection (paragraph 14), the Stasko PoC arises from the Michigan Action[1], which asserts a single cause of action against the Debtors based on 42 U.S.C. §1983, however, §1983 only applies to persons who act under federal or state authority or color of law. *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). Because General Motors Corporation was a private actor at all times relevant to the Complaint in the Michigan Action, 42 U.S.C. §1983 does not provide a plausible basis for relief. Claimant's Response fails to address this argument at all and, accordingly, the Stasko PoC should be disallowed for failure to state a claim on which relief can be granted.

---

[1] Terms not defined herein have the meaning given to them in the Objection.

**The Stasko PoC is Time-Barred by the Applicable Statute of Limitations**

4. As set forth in the Objection (paragraph 16), the Michigan Action, upon which the Stasko PoC is based, was filed more than a decade after the alleged events giving rise to the Michigan Action took place. Accordingly, the Stasko PoC is time barred under the applicable three-year statute of limitations for actions based on §1983 and relevant federal and state employment discrimination laws. In addressing this portion of the Debtors' Objection, Claimant's Response merely reiterates the arguments set forth in the Complaint and the Lift Stay Motion as to why the statute of limitations should be tolled. As the Debtors explained in the Objection (paragraph 17), even if the limitations period was tolled for the period Claimant asserts in his papers, the limitations period still would have expired more than a year before the Michigan Action was commenced. As this Court recently noted in ruling on a similar claim objection in these chapter 11 cases, a claim must be disallowed where it is barred under the statute of limitations. (Mar. 1, 2011 Hr'g Tr. 76: 24 -25.) Accordingly, the Stasko PoC must be disallowed.

**The Stasko PoC was Filed After the Bar Date**

5. As noted in the Objection (paragraph 19), the Stasko PoC was filed more than five months after the Bar Date and Claimant did not seek leave of this Court to file an untimely proof of claim. The Response notes that Claimant does not subscribe to the publications in which notice of the Bar Date was published, nor does he own a television, however, as noted in the Objection, because Claimant was an unknown creditor, publication constitutes sufficient notice. *Tulsa Prof. Collection Serv's Inc. v. Pope*, 485 U.S. 478, 490 (1982).

6. The Response also seeks to establish excusable neglect for failure to comply with the Bar Date, however, Claimant's arguments in this regard are difficult to decipher and fail to satisfy Claimant's burden of establishing excusable neglect. Claimant's arguments primarily address the reasons for the fourteen year delay in commencing the Michigan Action, not the reasons for the five month delay in filing a proof of claim. (Resp. ¶¶ 80, 83, 85, 86.) Accordingly, the Stasko PoC should be disallowed and expunged.

## Conclusion

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court disallow and expunge the Stasko PoC, and grant such other and further relief as is just.

Dated: New York, New York
       March 4, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession