Michael S. Davis
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Hearing Date: March 9, 2011
at 9:45 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>MOTORS LIQUIDATION COMPANY F/K/A GENERAL MOTORS CORPORATION ET AL,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br>Jointly Administered |

## RESPONSE OF GRANITE STATE INSURANCE COMPANY, ET AL TO THE DEBTORS' 110th OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO CLAIM NOS 59680, 59681, 59682, 59697.

Granite State Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., American International Specialty Lines Insurance Company, The Insurance Company of the State of Pennsylvania, Lexington Insurance Company, American Home Assurance Company, American Home Assurance Company of Canada, AIG Life Insurance Company, AIG Excess Liability Insurance Company, Ltd., Illinois National Insurance Company, New Hampshire Insurance Company-United Kingdom, and certain other entities related to Chartis, Inc. (collectively, "Claimant"), by and through its undersigned counsel, hereby submits this Response (the "Response") to the Debtors' 110th Omnibus Objection to Claims [D.I. 8000] (the "Objection") filed

by Motors Liquidation Company (f/k/a General Motors Corporation) ("MLC") and its affiliated debtors (collectively, the "Debtors") and respectfully states as follows:

## BACKGROUND

1. On June 1, 2009 (the "Petition Date"), four of the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), and on October 9, 2009, two additional Debtors commenced voluntary cases with this Court under Chapter 11 of the Bankruptcy Code. All of the Debtors' cases are jointly administered under Case Number 09-50026 (REG).

2. On September 16, 2009, this Court entered an order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the MLC bankruptcy case.

3. On November 27, 2009, Claimant timely filed its proofs of claim including nos. 59680, 59681, 59682, 59697 (the "GS POCs") in these cases.

4. Debtors filed the 110th Omnibus Objection to Claims (the 110th OBJ") on December 3, 2010, which objected specifically to the GS POCs solely on the ground that "Contingent Co-Liability Claims" should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code. There is no other stated basis for the 110th OBJ.

## NON-CONTINGENT CO-LIABILITY CLAIMS ARE NOT OBJECTED TO

5.  The GS POCs include both co-liability claims and other claims. Inasmuch as the 110th OBJ is limited to co-liability claims, there is no objection, and certainly no basis to object asserted.

6.  Included among the other claims that are not co-liability claims are:

    (a)  A claim in an amount not to exceed $1 million in connection with a insured claim submitted by Bristol Industrial Partners LLC ("Bristol") against a certain Chartis policy arising from alleged environmental damages relating to Bristol Business Center located at 780 James Casey Road, Bristol, Connecticut, owned by Bristol. To the extent that Chartis has already made payment in connection with this insured claim, that part of the payment is not unliquidated or contingent and that part of the claim should not be disallowed (the "Liquidated Bristol Claim").

    (b)  A liquidated and non-contingent claim of $41,956 for unpaid premium (the "Premium Claims") in connection with the following policies:

- 7528896-01208128: $1,001.00
- 8338839-24600308: $25,000.00
- 5069202-24602322: $1,907.70
- 148080253-24602322: $6,839.65
- BM328579-01206237: $7,208.00

Further, as a matter of discovery, Debtor should be required to inform Chartis whether it has any other or further unpaid premium claims on its books and records.

(c) A liquidated and non-contingent claim of $1 million in connection with a settlement reached in the case of *Deutsch v. Renick Cadillac, Inc., et al.*, No. BC389150, Superior Court, Los Angeles County, California, to which Chartis is subrogated (the "Renick Claim"). (A copy of this settlement agreement has been provided to the Debtor.) Further, as a matter of discovery, Debtor should be required to inform Chartis whether it knows of any other potential claims arising from Chartis' insurance of automobile dealers that it has not reported to Chartis.

7. A party objecting to the claim carries the burden of going forward with the evidence concerning the objection to the claim. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). To satisfy this burden, the objecting party must present "a substantial factual basis to overcome the prima facie validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's

4

proof of claim." In re Hinkley, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986); In re Reilly, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("[t]o overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982) (objecting party must produce "probative evidence to call a claim into question"). Here nothing is offered.

8. Accordingly, the 110th OBJ should be overruled to the extent the GS POCs include claims that are not Contingent Co-Liability Claims.

## OBJECTION TO CONTINGENT CO-LIABILITY CLAIMS IS PREJUDICIALLY PREMATURE

9. As noted in the GS POCs, Claimant may still have unliquidated claims for contribution or indemnity against the Debtors, which claims, pursuant to 11 U.S.C. § 502(e)(2), can be allowed as such claims become liquidated. Those claims should not be disallowed at this time. Rather Claimant should be allowed to amend its Proof of Claim at any time until 15 days before the last date fixed for the Debtors to object to unsecured claim in these cases. Allowing Claimant to do so will not prejudice the Debtors.

10. One example is that the Liquidated Bristol Claim is increasing in amount day-by-day. As Claimant expends funds to pay for the Alleged Bristol Damage, the claim ceases to be a Contingent Co-Liability Claim.

## **RESERVATION OF RIGHTS**

11. If the Claim is disallowed by this Court, Claimant expressly reserves its right to seek reconsideration of the disallowed Claim under Section 502(j) of the Bankruptcy Code.

12. In addition, Claimant expressly reserves any and all rights that it may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009 Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. treasury-Sponsored Purchaser' (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief was entered [Docket No. 2968], or any successor entity thereto, based upon any theory of liability, including, without limitation, as successor to Debtors.

13. Claimant respectfully requests that any order of this Court granting the relief requested in the Objection as to Claimant include the foregoing reservations of rights.

## CONCLUSION

WHEREFORE, Claimant respectfully requests that (i) the Premium Claims, the Renick Claims and the Liquidated Bristol Claims not be disallowed; (ii) any disallowance of the Claim be subject to the reservation of rights contained in the above Reservation of Rights; (iii) the Court permit the discovery referred to herein above and (ii) the Court grant such other further relief as is just and appropriate.

Dated:   March 4, 2011
         New York, New York

ZEICHNER ELLMAN & KRAUSE LLP

By: ___/s/ Michael S. Davis___
    Michael S. Davis
    575 Lexington Avenue
    New York, New York 10022
    Telephone: (212) 223-0400
    Facsimile: (212) 753-0396

Attorneys for Claimant

#609775v3/MSD/11037.003