**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11 Case No.**
                                          :
**MOTORS LIQUIDATION COMPANY,** *et al.*, :          **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*   :
                                          :
        **Debtors.**              :          **(Jointly Administered)**
                                          :
-----------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING DEBTORS'
## 110TH OMNIBUS OBJECTION TO CLAIM NO. 64699
### (Contingent Co-Liability Claims)

Upon the 110th omnibus objection to expunge certain claims, dated December 3,

2010 (the "**110th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a

General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the

"**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in

these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order

disallowing and expunging the Contingent Co-Liability Claims on the grounds that such claims

should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully

described in the 110th Omnibus Objection to Claims; and due and proper notice of the 110th

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and a response to the 110th Omnibus Objection to Claims having been

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 110th Omnibus Objection to Claims.

filed by Northrop Grumman Ohio Corporation (ECF No. 8346) with respect to Proof of Claim No.

64699 (the "**Claim**," and the holder of the Claim, the "**Claimant**"); and the Court having entered

the Order Granting Debtors' 110th Omnibus Objection to Claims (ECF No. 8609) (the "**Initial**

**Order**"), disallowing and expunging all claims listed on Exhibit "A" annexed to the Initial Order

under the heading "*Claims to be Disallowed and Expunged*" and adjourning the hearing on the

claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Objection Adjourned*

*to 2/9/2011 at 9:45 a.m.*"; and the 110th Omnibus Objection to Claims with respect to the Claim

having been adjourned to March 1, 2011 at 9:45 a.m.; and the Debtors having now resolved the

objections of the Claimant pursuant to the terms of this Supplemental Order; and the Court having

found and determined that the relief provided herein with respect to the 110th Omnibus Objection

to Claims and the Claim is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the 110th Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the 110th Omnibus Objection to Claims is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

disallowed and expunged from the claims registry; and it is further

ORDERED that the Debtors shall have no obligation to establish reserves for the

Claim for purposes of the confirmation of a chapter 11 plan in these cases; and it is further

ORDERED that the Claimant reserves and retains the right to seek reconsideration

of the Claim under section 502(j) of the Bankruptcy Code and the Debtors reserve and retain all

defenses thereto; and it is further

ORDERED that if any liability related to a Claim becomes fixed, the Claimant reserves and retains the right to seek an order pursuant to, *inter alia*, section 501(d) of the Bankruptcy Code, deeming a subsequently filed claim concerning such fixed claim timely filed, and the Debtors reserve and retain all defenses thereto, including any defenses and objections with respect to the timeliness of any such claim; and it is further

ORDERED that the Claimant reserves and retains any and all rights, if any, that the Claimant may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement (as may be amended from time to time, the "**MSPA**") with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered (ECF No. 2968), or any successor entity thereto (collectively "**New GM**"), based upon any theory of liability, including, without limitation, as successor to the Debtors; provided, however, that any such claims are fully subject to the MSPA; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, the Claims listed on Exhibit A annexed to the 110th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that are not disallowed or expunged or that are subject to reconsideration under section 502(j) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       <u>**March 7**</u>,<u>**2011**</u>

<u>**s/ Robert E. Gerber**</u>
United States Bankruptcy Judge
