**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **09-50026 (REG)** |
|     **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------x


<u>**ORDER GRANTING DEBTORS' 160TH OMNIBUS OBJECTION TO CLAIMS**</u>
**(Claims Assumed by General Motors LLC)**

        Upon the 160th omnibus objection to expunge certain claims, dated

January 26, 2011 (the "**160th Omnibus Objection to Claims**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in

possession (collectively, the "**Debtors**"), filed pursuant to section 502(b) of title 11,

United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order

disallowing and expunging the Assumed Claims on the ground that each Assumed Claim

is for an obligation for which the Debtors have no liability, all as more fully described in

the 160th Omnibus Objection to Claims; and due and proper notice of the 160th Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 160th Omnibus Objection to Claims.

need be provided; and the Court having found and determined that the relief sought in the

160th Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

160th Omnibus Objection to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the 160th Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on **Exhibit "A"** annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" are disallowed and expunged; and it is further

ORDERED that, if applicable, the 160th Omnibus Objection to Claims is

adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Adjourned*" to the date indicated on the Order Exhibit, subject to

further adjournments (such actual hearing date, the "**Adjourned Hearing Date**") (the

"**Adjourned Claims**"), and the Debtors' response deadline with respect to the Adjourned

Claims shall be 12:00 noon (prevailing Eastern Time) on the date that is three (3)

business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the 160th Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the 160th Omnibus Objection to Claims is

withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the

heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding

claimant; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object on any basis are

expressly reserved with respect to any claim listed on Exhibit "A" annexed to the 160th

Omnibus Objection to claims under the heading "*Claims to be Disallowed and*

*Expunged*" that is not listed on the Order Exhibit annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.


Dated:  New York, New York
        _**March 7, 2011**_


                                        _**s/ Robert E. Gerber**_
                                        United States Bankruptcy Judge