UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                      :

In re                                                    :        Chapter 11 Case No.
                                                      :
MOTORS LIQUIDATION COMPANY, *et al.*,    :        09-50026 (REG)
      f/k/a **General Motors Corp.**, *et al.*    :
                                                        :
                        Debtors.                :        (Jointly Administered)
                                                          :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE
BANKRUPTCY CODE (I) AUTHORIZING THE PROVIDING
OF CERTAIN RETIREE BENEFITS CONSISTENT WITH UNION
SETTLEMENT AGREEMENT BY GENERAL MOTORS LLC AND
(II) GRANTING PARTICIPATION IN GENERAL UNSECURED CLAIM**

Upon the Motion, dated February 8, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing (i) the providing of certain retiree benefits by General Motors LLC ("**New GM**") and (ii) granting a participation in a pre-petition general unsecured claim to certain retirees formerly members of the International Brotherhood of Boilermakers, all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Retirees shall be entitled to receive the health care and life insurance benefits (collectively, the "**Benefits**"), provided for in paragraphs 5 (other than subparagraph 5(f)) and 6 of the Union Settlement Agreement, provided that amounts paid to the Retirees for retiree health care benefits for the period July 10, 2009 through and including December 31, 2009 shall be applied against the Aggregate Net Present Value as specified in subparagraph 5(b) of the Union Settlement Agreement on a dollar-for-dollar basis and shall not be subject to the discount set forth in such subparagraph; and it is further

ORDERED that, as a condition to receiving the Benefits and the Percentage Share of the Allowed Claim (i) the Retirees shall be deemed to be bound by Paragraphs 5 (other than subparagraph 5(f)), 6, 9, 15, 17, 18, and 20 of the Union Settlement Agreement, and (ii) except as to claims arising from an alleged breach of the provisions of the Union Settlement Agreement applicable to the Retirees, the Retirees and all persons claiming entitlement to health care or life insurance on their behalf or as a dependent or surviving spouse of a Retiree, shall be deemed to release and forever discharge New GM, its predecessors, and its current or former officers, directors, employees, agents, subsidiaries, parents, affiliates, and any and all of its welfare and pension benefit plans and their fiduciaries, with respect to any and all rights, claims, or causes of action that any of them have or hereafter may have, whether known or unknown, suspected or unsuspected, concealed or hidden, arising out of, based upon or

otherwise related to any claim arising out of their employment with MLC, including, without limitation, alleged breaches of a collective bargaining agreement, concerning any alleged entitlement to health care in retirement, any alleged entitlement to life insurance in retirement, and any claim the basis for which is predicated upon an allegation that New GM is a successor to MLC. The term "collective bargaining agreement" as used herein is intended to have the broadest possible interpretation, inclusive of any and all national agreements or memorandums of understanding entered between MLC and the IBB, whether individually or collectively, written or oral or as a matter of custom and practice; and it is further

ORDERED that, as applicable to the Retirees, paragraph 7 of the Union Settlement Agreement shall apply in principle, but the term "Covered Group" as used therein shall mean: all MLC employees who were represented with respect to the terms and conditions of their employment with MLC by the IBB (or an IBB union predecessor) and who retired from MLC under circumstances such that they were eligible for MLC contributions to their health care in retirement according to the terms of a MLC-IBB Union collective bargaining agreement in effect at the time of their retirement, and their spouses, surviving spouses, and dependents; and it is further

ORDERED that, as applicable to the Retirees, for purposes of Paragraph 7 of the Union Settlement Agreement, the term "surviving spouses" shall include: surviving spouses of a Covered Group retiree who died prior to retirement under circumstances such that at the time of death the employee would have been eligible to retire under circumstances meeting the Covered Group classification set forth in the preceding paragraph; and it is further

E:\ORDER TO ADD IBB TO SPLINTER UNION SETTLEMENT\MLC PROPOSED ORDER TO ADD IBB TO SPLINTER UNION SETTLEMENT 43643002.DOC

3

ORDERED that the Retirees are collectively granted an allowed, prepetition, general unsecured claim in MLC's chapter 11 case in an aggregate amount equal to the "**Percentage Share**" of the IBB of the aggregate amount of $1 billion (the "**Allowed Claim**"). For purposes hereof, the "**Percentage Share**" allocable to the Retirees is set forth on Exhibit "A" to the Union Settlement Order and to this Order. The manner in which any distributions will be made to the individual Retirees with respect to the foregoing will be subject to further order of the Court; and it is further

ORDERED that until such time as these chapter 11 cases are closed, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order and thereafter any litigation with respect thereto shall be brought solely in the United States District Court for the Eastern District of Michigan.

Dated: New York, New York
　　　　***March 9, 2011***

　　　　　　　　　　　　　　　　　　　　　　　　　***s/ Robert E. Gerber***
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge