## NOTICE OF CLAIMS PURCHASE AGREEMENT

### (Proof of Claim Number 43452)

A-1 Disposal Landfill (Otsego) Group, a PRP Group established in Illinois, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto CORRE OPPORTUNITIES FUND, LP, a Delaware limited partnership, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $375,000.00 (Allowed claim amount pursuant to the Stipulation and Settlement Resolving Claim no 43452, defined as the "Claim") against **Motors Liquidation Company, et.al., f/k/a General Motors Corp., et. al.** (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court, Southern District of New York, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at **Case Number 09-50026** (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the _9th_ day of _March_, 2011.

WITNESS _(signature)_ 
(Signature)
_Linda B. Backe_
(Print Name and Title of Witness)

A-1 Disposal Landfill (Otsego) Site PRP Group
(Entity Name)
_(signature)_
(Signature of Representative)
_Jennifer Nijman_
(Print Name and Title of Representative)

CORRE OPPORTUNITIES FUND, LP

WITNESS _(signature)_
(Signature)
_Kevin Barrett_

_(signature)_
(Signature of Fund Representative)

_Eric Soderlund_
(Print Name, Corre Opportunities Fund, LP)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                          :
**In re**                                                 :    **Chapter 11 Case No.**
                                                          :
**MOTORS LIQUIDATION COMPANY, _et al._,**                 :    **09-50026 (REG)**
   f/k/a General Motors Corp., _et al._                   :
                                                          :
                        **Debtors.**                      :    **(Jointly Administered)**
                                                          :
-----------------------------------------------------------x

### STIPULATION AND SETTLEMENT RESOLVING CLAIM NO. 43452

This Stipulation and Settlement (the "**Stipulation and Settlement**") is entered into as of October [13], 2010 (the "**Effective Date**") by and among Motors Liquidation Company ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and the A1 Disposal Landfill (Otsego) Site PRP Group (the "**Claimant**", and together with the Debtors, the "**Parties**"), on the other hand.

### RECITALS:

WHEREAS, on June 1, 2009 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS pursuant to the Settlement Procedures Order, the Debtors are authorized, with certain exceptions, to settle any and all claims asserted against the Debtors without prior approval of the Court or other party in interest whenever (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $1 million or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "*De Minimis* **Settlement Amount**");

WHEREAS on November 24, 2009, Claimant filed a proof of claim, assigned claim number 43452, asserting an unsecured prepetition claim in the principal amount of $9,900,000.00 (the "**Claim**");

WHEREAS after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Claim;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be treated as an allowed general unsecured claim against MLC in the amount of $375,000.00 (the "**Allowed Claim**"), which Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

2. The Claimant shall receive distributions on account of the Allowed Claim in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan, which may be similar to the Debtors' proposed chapter 11 plan filed (docket number 6829), or such other plan as confirmed by the Court in these chapter 11 cases (the "**Plan**").

3. Upon receipt of such distributions on account of the Allowed Claim as set forth in the Plan, the Claim shall be deemed satisfied in full.

4. With respect to the Claim, other than the right to receive distributions on account of the Allowed Claim under the Plan, the Claimant and its affiliates, successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Claimant Parties**"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "**Debtor Parties**"). With respect to the Claim, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and

Settlement by the Parties concerning the Claim.

5. Debtor Parties release, waive and forever discharge Claimant Parties from any and all claims, liability, or causes of actions, for contribution or otherwise, concerning the Claim or the A1 (Otsego) Landfill that forms the basis of the Claim and are hereby barred from asserting any and all such claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties.

6. It is understood and agreed to by the Parties that this settlement is not to be considered as an admission of liability by any of the Parties.

7. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reduce and allow Proof of Claim No. 43452 to reflect the Allowed Claim.

8. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto. This Stipulation and Settlement is subject in all respects to Creditor Committee Consent, and if such consent is not obtained by the Debtors, then the Debtors may determine in their sole discretion whether to proceed forward with seeking Court approval of the Stipulation and Settlement in accordance with the Settlement Procedures Order or abandon the Stipulation and Settlement.

9. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

10. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

11. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

12. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

| MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS | A1 DISPOSAL LANDFILL (OTSEGO) SITE PRP GROUP |
|---|---|
| By: _____ | By: _____ |
| Print Name: DAVID HEAD | Print Name: Jennifer Nijman |
| Title: VICE - PRESIDENT | Title: On behalf of A1 Disposal Otsego Group |
| Dated: 10/18, 2010 | Dated: 10/13, 2010 |