**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br><br>f/k/a GENERAL MOTORS CORP. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER BETWEEN**
**DEBTORS AND THE UNITED STATES OF AMERICA**

It is hereby stipulated and agreed by Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, including Remediation and Liability Management Company ("**REALM**"), and Environmental Corporate Remediation Company, Inc. ("**ENCORE**"), as debtors in possession (collectively, "**Debtors**"), by their attorneys, Weil, Gotshal & Manges LLP, and the United States of America (the "**United States**" or "**Government**" and together with the Debtors, the "**Parties**"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, as follows:

WHEREAS, on June 1, 2009, four of the Debtors, including MLC, (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, REALM and ENCORE, commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as Case No. 09-50026 (REG);

WHEREAS, on November 28, 2009, the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency ("**EPA**"), the United States Department of the Interior ("**DOI**"), and the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration ("**NOAA**"), timely filed duplicate copies of a proof of claim against MLC both in the Bankruptcy Court and directly with MLC's claims agent, for the recovery of: (i) civil penalties pursuant to the Resource Conservation and Recovery Act ("**RCRA**"), 42 U.S.C. §§ 6901-6992k; (ii) response costs incurred and to be incurred by the Government under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675; (iii) natural resource damages, including past assessment costs, under Section 107 of CERCLA; and (iv) civil penalties under the Clean Air Act ("**CAA**"), 42 U.S.C. §§ 7401-7671q;

WHEREAS, the duplicate proofs of claim were assigned Nos. 64064 and 67362 in the Claims Register for the Bankruptcy Cases.

WHEREAS, on April 16, 2010, the United States, on behalf of EPA, DOI, and NOAA, also timely filed a proof of claim that was assigned No. 70254 against REALM asserting the same claims previously asserted against MLC in claim Nos. 64064 and 67362;

WHEREAS, on April 16, 2010, the United States, on behalf of EPA, DOI, and NOAA, also timely filed a proof of claim that was assigned No. 70255 against ENCORE asserting the same claims previously asserted against MLC in claim Nos. 64064 and 67362;

WHEREAS, on February 5, 2010, Debtors filed their Eleventh Omnibus Objection to Claims (the "**Eleventh Omnibus Objection**"), in which they seek, *inter alia*, an order disallowing and expunging proof of claim No. 67362 on the basis that it was a duplicate of Claim No. 64064 [Docket No. 4958];

WHEREAS, on December 21, 2010, Debtors filed their 120th Omnibus Objection to Claims, in which they seek, *inter alia*, an order disallowing and expunging proofs of claim No. 70254 filed against REALM and Proofs of Claim No. 70255 filed against ENCORE (the "**120th Omnibus Objection**");

WHEREAS, Debtors and the United States agree that Claim No. 67362 and Claim No. 64064 are duplicative;

WHEREAS, MLC withdrew, without prejudice, their objection to Claim No. 67362 on March 10, 2010 [Docket No. 4958];

WHEREAS, Debtors' Amended Joint Chapter 11 Plan, dated December 7, 2010 (as amended from time to time, the "**Plan**"), expressly provides that, upon confirmation of the Plan, joint obligations of two or more of the Debtors, and identical claims against multiple Debtors, are to be merged based on the doctrine of substantive consolidation; and

WHEREAS the United States seeks to withdraw proofs of claim Nos. 67362, 70254, and 70255 and assert only Claim No. 64064 (the "**Proof of Claim**");

WHEREAS, the United States seeks to amend its Proof of Claim to include certain assertions as to the Valleycrest Landfill Site in Dayton, Ohio (the "**Valleycrest Site**");

WHEREAS, the United States did not include the Valleycrest Site in its Proof of Claim because the Ohio Environmental Protection Agency ("**Ohio EPA**") served as the lead enforcement agency for the Valleycrest Site, and all future remedial work at the Valleycrest Site was to be conducted by potentially responsible parties ("**PRPs**") under Ohio enforcement authorities;

WHEREAS, the State of Ohio timely filed a proof of claim against MLC that included the Valleycrest Site;

WHEREAS, after the United States filed Claim Nos. 67362 and 64064, Ohio EPA notified EPA that it intended to relinquish the lead enforcement role at the Valleycrest Site following completion of the Valleycrest Site Feasibility Study;

WHEREAS, EPA expects to incur significant costs in the remedy selection and implementation process at the Valleycrest Site;

NOW, THEREFORE, upon the consent and agreement of the parties to this Stipulation by their attorneys and authorized officials, it is hereby agreed as follows:

1. The United States hereby withdraws proof of claim No. 67362.

2. Debtors hereby withdraw their objections in the 120th Omnibus Objection to proof of claim No. 70254 filed against REALM and proof of claim No. 70255 filed against ENCORE.

3. The United States hereby withdraws proof of claim No. 70254 filed against REALM and proof of claim No. 70255 filed against ENCORE.

4. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reflect the withdrawal of proofs of claim Nos. 67362, 70254, and 70255.

5. The Proof of Claim (Claim No. 64064) is hereby amended to include the following paragraphs concerning the Valleycrest Site, set forth below in subparagraphs a-j:

    a. The Valleycrest Landfill Site (the "Valleycrest Site") is a 102-acre landfill located at 200 Valleycrest Drive in Dayton, Montgomery County, Ohio. The Valleycrest Site sits atop and within a federally designated sole-source aquifer composed of highly transmissive sands and gravel and is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

  b. The Valleycrest Site is owned by Keystone Gravel Company of Dayton, Ohio ("Keystone"), which operated a sand and gravel mining site from the 1940's until the 1970's. Approximately 50 acres of the Site consist of unlined former gravel pits that were used for disposal of industrial and municipal wastes.

  c. GM contracted for the disposal of its industrial solid waste at the Valleycrest Site between 1969 and 1970. During that period, more than 500 tons of GM's industrial solid waste were transported per day to the Valleycrest Site, including asbestos, rubber, fly ash, resin, sludges, adhesives, oils and coolants, and various solvents. During this bankruptcy, GM was renamed MLC and therefore MLC is liable to the Government pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a).

  d. Hazardous substances within the meaning of CERCLA Sections 101(14) and 102(a), 42 U.S.C. §§ 9601(14) and 9602(a) have been detected at the Valleycrest Site and include the following: vinyl chloride, benzene, dicholorethene, 1, 1-dicholoethene, trichloroethene, carbon disulfide, ethyl benzene, chlorobenzene, chloroethane, 1, 1, 1,- trichloroethane , tetrachloroethene, toluene, xylenes, endrin, lindane, barium, lead, mercury, phenol, and chromium.

  e. The site is situated between the City of Dayton's two major municipal well fields, which together supply over 487,000 people in the greater Dayton metropolitan area with drinking water.

  f. EPA began investigating the site in 1986, installed 21 monitoring wells in the sand and gravel aquifer beneath the site, and found elevated levels of VOCs, heavy metals, and polychlorinated biphenyls ("PCBs"). In response to these findings, EPA placed the Valleycrest Site on the National Priorities List in May of 1993.

g.      In September of 1998, EPA entered into an Administrative Order by Consent ("AOC") with GM and other Potentially Responsible Parties ("PRPs") to undertake a time-critical removal action at the site. The removal action required large scale removal of contaminated soil and drums, the installation of a landfill gas abatement system and soil vapor extraction of residuals. The PRPs installed the landfill gas abatement system in September 1998 and continue to operate it today. The PRPs also began drum removal in November 1998 and removed over 26,000 drums by the summer of 2001. In 2002, the PRPs removed approximately 100 drums as well as contaminated soil.

h.      EPA oversees the time-critical removal pursuant to the AOC and estimates that its oversight costs are approximately $50,000 per year. The work pertaining to the 1998 AOC will continue until EPA selects a remedy, which will likely be within the next two years. Accordingly, EPA estimates its future oversight costs pertaining to the AOC to be $100,000.

i.      EPA also anticipates selecting a capping remedy for the Valleycrest Site, whose estimated cost ranges from $22,224,237 to $33,127,507. The remedy that the EPA selects may also include a groundwater contingency that EPA estimates will cost $2,000,000. EPA estimates its oversight and indirect costs associated with the implementation of any of the four remedies will range from $750,000 to $1,250,000. Accordingly, the EPA estimates that its future response and oversight costs pertaining to the capping remedy will be at least $24,974,237.

j.      As set forth above, MLC is liable to the Government for future response actions and response costs incurred and to be incurred under CERCLA, plus interest. Other potentially responsible parties, if any, may be jointly and severally liable along

with MLC.

6. Apart from the additions to the Proof of Claim (Claim No. 64064) set forth in the preceding paragraph, the Proof of Claim remains unchanged.

7. This Stipulation in no way affects or impairs Debtors' rights to object to the Proof of Claim as amended, except that the Proof of Claim, as amended, shall be considered timely filed.

8. This Stipulation is expressly subject to and contingent upon its approval by the Bankruptcy Court and the occurrence of the Effective Date (as defined in the Plan) of the Plan. If the Court does not approve this Stipulation or the Effective Date does not occur, this Stipulation shall be null and void and proof of claim No. 70254 filed against REALM and proof of claim No. 70255 filed against ENCORE shall be reinstated.

[REMAINDER OF THE PAGE LEFT BLANK]

**THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT:**

**FOR THE UNITED STATES:**

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources
   Division
U.S. Department of Justice

PREET BHARARA
United States Attorney for the
Southern District of New York

/s/ David S. Jones
David S. Jones
Natalie N. Kuehler
Jaimie L. Nawaday
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date:   March 2, 2011

/s/ Alan S. Tenenbaum
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date:    March 1, 2011

**FOR MLC, REALM, AND ENCORE:**

Date:  March 3, 2011 /s/ Ted Stenger
Ted Stenger
Executive Vice President
Motors Liquidation Company, as agent for
    each of the foregoing entities
401 S. Old Woodward Avenue
Suite 370
Birmingham, MI 48009
Tel.:  (313) 486-4044
Fax:  (313) 486-4259
Email:  tstenger@alixpartners.com

Date:  March 3, 2011 /s/ James M. Redwine
James M. Redwine
Vice President of Environmental Affairs
Motors Liquidation Company, as agent for
    each of the foregoing entities

Date:  March 3, 2011 /s/ David R. Berz
David R. Berz
Weil, Gotshal & Manges LLP
Attorneys for Debtors and Debtors in Possession
1300 Eye Street, NW, Suite 900
Washington, D.C.  20005
Tel.:  (202) 682-7000
Fax:  (202) 857-0939
Email:  david.berz@weil.com

**SO ORDERED**

Dated: New York, New York
    March **10**, 2011           *s/ Robert E. Gerber*
                                 UNITED STATES BANKRUPTCY JUDGE