UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN (i) KEVIN JUNSO
*ET AL.*, AND (ii) OFFICIAL COMMITTEE OF UNSECURED CREDITORS
AUTHORIZING JUNSOS TO SUBMIT LATE FILED CAPPED CLAIM
SUBJECT TO ADR PROCEDURES AND MANDATORY ARBITRATION**

Kevin Junso, the estate of Tyler Junso, Cole Junso, Matt Junso, and Niki Junso (collectively the "**Junsos**") and the Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession in these chapter 11 cases, by and through their respective undersigned counsel, hereby enter into this Stipulation (the "**Stipulation**") and stipulate as follows:

**RECITALS**

A. On June 1, 2009 (the "**Commencement Date**"), General Motors Corporation ("**GM**") and certain of its affiliates each commenced a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. Prior to the Commencement Date, the Junsos initiated litigation against GM in the Montana Thirteenth Judicial District Court, Yellowstone County, captioned *Estate of Tyler Junso, et al., v. General Motors Corporation*, Case No. DV 08-810 (the "**State Court Action**"), alleging injury on account of an accident that occurred on April 25, 2006, in which Kevin Junso and his son Tyler were involved a single car rollover accident while driving a 2003 GMC Envoy.

Tyler Junso was killed in the accident and Kevin Junso suffered serious injuries requiring amputation of his right leg below the knee.

C.  On July 5, 2009, the Bankruptcy Court entered an Order [Docket No. 2968] (the "**Sale Order**") approving the sale of substantially all of the Debtors' assets to NGMCO, Inc. (n/k/a General Motors, LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement.

D.  Junso was one of five individual products liability claimants represented by the undersigned counsel for Junso who filed extensive objections to the entry of the Sale Order. [Dkt. Nos. 2176 and 2177]. In that objection the Junsos described with specificity the nature of the injuries they suffered. Additionally, counsel for the Junsos in the State Court Action sent a demand letter to GM on December 11, 2008 outlining with specificity the claims of and damages sought by each of the Junsos against GM in the State Court Action. The Junsos demanded damages from GM in the aggregate amount of $10,988,656.98.

E.  On July 6, 2009, the Individual Accident Litigants filed a Notice of Appeal of the Sale Order [Docket No. 2970] (the "**District Court Appeal**"). The District Court Appeal, docketed as case number 09-CV-6818 (NRB), was before the United States District Court for the Southern District of New York (the "**District Court**").

F.  On September 16, 2009, the Bankruptcy Court entered an order [Docket No. 4079] establishing November 30, 2009 (the "**Bar Date**") as the deadline for each person or entity to file a proof of claim against the Debtors. Junso did not file a proof of claim on or before the Bar Date.

G.      On April 12, 2010, the District Court issued its opinion and order (the "**District Court Order**") affirming the Sale Order and denying the District Court Appeal for the reasons stated therein.

H.      On May 17, 2010, the Individual Accident Litigants filed a Notice of Appeal from the District Court Order, docketed as case number 10-1979, which appeal is pending before the Court (the "**Second Circuit Appeal**").

I.      On September 13, 2010, the Junsos and the Debtors jointly stipulated to the voluntary dismissal of the Second Circuit Appeal under Rule 42(b) of the Federal Rules of Appellate Procedure, and the Second Circuit "so ordered" the appeal dismissed by order entered on September 23, 2010.

J.      Concurrent with the agreement to dismiss their appeal, the Debtors and the Junsos entered into a stipulation with the Debtors [Docket No. 6905] in which the Debtors agreed to neither object to nor oppose the motion of the Junsos for leave to submit a late filed claim.  In the Stipulation, the Debtors agreed they will not object to or oppose the relief requested in that motion (without prejudice to any and all rights to object to the allowance of any proof of claim the Court grants leave to file).  The Stipulation also provided that it is without prejudice to any rights of any party in interest other than the Debtors to oppose or object to the relief requested in the Motion (and without prejudice to any and all rights of any interested party to object to the allowance of any proof of claim the Court grants leave to file).

K.      On October 12, 2010, the Junsos filed their motion (the "**Junso Claim Motion**", Docket No. 7294) under Bankruptcy Code sections 105(a) and 501(a), and Bankruptcy Rules 3002 and 9006(b), to be deemed to have filed an informal proof of claim or, alternatively, for leave to late file a proof of claim.

3

L.   The Committee filed an objection to the Junso Claim Motion on November 11, 2010 [Docket No. 7737].

M.   Counsel for the Committee and the Junsos agreed to adjourn the scheduled hearings on the Junso Claim Motion to give the Committee an opportunity to undertake an investigation into the allegations set forth in the Junso Claim Motion and other matters relevant thereto.

N.   The Committee and the Junsos desire to avoid litigating the disputes between them and have reached an agreement to resolve and settle their disputes in accordance with the terms and conditions hereinafter set forth.

NOW, THEREFORE, it is agreed:

## STIPULATION

1.   Upon entry of an order of the Court approving this Stipulation (the "**Effective Date**"), the Junsos shall have 30 days within which to file a proof of claim as general unsecured creditors of the Debtors in an amount not to exceed $5,000,000.00 in the aggregate (the "**Junsos' Proof of Claim**").

2.   The claims underlying the Junsos' Proof of Claim have not been allowed and remain disputed and shall (A) be subject to the procedures established in this Court's order authorizing the implementation of ADR procedures (the "**ADR Procedures**"), including mandatory arbitration, and (B) be capped at $5,000,000.00 in the aggregate.

3.   This Stipulation sets forth the entire understanding of the Parties with respect to the terms of this Stipulation and may not be modified or amended except by a writing signed by the Parties and/or their attorneys.

4. The signatories to this Stipulation represent and warrant to each other that they have been authorized to enter into this Stipulation and to bind their respective clients identified as Parties herein.

5. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or mail.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 8, 2011

| | |
|---|---|
| ____/s/ Steve Jakubowski_____<br>Steve Jakubowski<br>THE COLEMAN LAW FIRM<br>77 West Wacker Drive, Suite 4800<br>Chicago, Illinois 60601<br>(312) 606-8641<br>*Attorney for Kevin Junso, et al.,* | ____/s/ Robert T. Schmidt_____<br>Robert T. Schmidt<br>Lauren M. Macksoud<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100<br>*Attorneys for the Official Committee of Unsecured Creditors of Motors Liquidation Company, et al.* |

/s/ Joseph H. Smolinsky
Joseph H. Smolinsky
Irwin H. Warren
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
*Attorneys for Debtors and Debtors in Possession*

The above Stipulation is hereby approved and so ordered.

Dated: New York, New York
      March **10**, 2011          *s/ **Robert E. Gerber***
                                                   UNITED STATES BANKRUPTCY JUDGE

6