Pg 1 of 8

# United States Bankruptcy Court
## Southern District of New York

In re:   Motors Liquidation Company    Case No. <u>09-50026</u> (REG) (Jointly Administered)
         (f/k/a General Motors Corporation)

**PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). The Transferee identified below ("<u>Transferee</u>") hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Pursuant to the Agreement and Evidence of Transfer of Claim, dated as of March 10, 2011, between the Transferor identified below ("<u>Transferor</u>") and Transferee and attached as <u>Exhibit 1</u> hereto, Transferor, for good and valuable consideration, has unconditionally and irrevocably sold, transferred and assigned to Transferee all of its right, title and interest in and to the claims of Transferor against Motors Liquidation Company (f/k/a General Motors Corporation) to the extent of the Transferred Amount set forth below of the Proof of Claim set forth below (the first page of which proof of claim is attached hereto as <u>Exhibit 2</u>).

| Citigroup Global Markets Inc. | Drawbridge OSO Securities |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013
Attn:   Chetan Bansal
Phone:   (212) 723-6064

With a copy to:
Morrison & Foerster LLP
2000 Pennsylvania Ave., NW
Suite 5500
Washington, DC 20006
Attn:   Charles M. Cole
        Christopher S. Campbell
Phone:   (202) 887-1500

Name and Address where Transferee payments should be sent (if different from above):

Citigroup Global Markets Inc.
Corp. Actions 4th Floor
111 Wall Street,
New York, NY 10005
Attn:   Ken Zingale
Phone:   (212) 657-0632

Court Claim # (if known):  **67500** (amending court claim # 65819)

Amount of Claim: $4,443,560.05
Date Claim Filed:  November 30, 2009

**Transferred Amount: $191,176.57** (corresponding to (i) $178,636.75 principal amount (which amount corresponds to GBP 108,640.00 principal amount) of 8.875% Guaranteed Notes due 2023 (the "<u>Notes</u>"), issued by General Motors Nova Scotia Finance Company, and fully and unconditionally guaranteed by Motors Liquidation Company (f/k/a General Motors Corporation), and (ii) $12,539.82 amount of interest (which amount corresponds to GBP 7,626.23 amount of interest) relating to the Notes), together with any and all further interest and other amounts payable in respect thereto.

Name and Address where notices to Transferor should be sent:

Drawbridge OSO Securities
1435 Avenue of the Americas, 46th Floor
New York, NY 10105
Attention:  Constantine M. Dakolias
Phone: (212) 798-6099

(*Signature on following page.*)

dc-633761

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

CITIGROUP GLOBAL MARKETS INC.

By: _____    Date: March 12, 2011
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

dc-633761

# Exhibit 1

(*See attached Agreement and Evidence of Transfer of Claim.*)

dc-633761

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

This Agreement and Evidence of Transfer of Claim (this "Agreement") is dated as of March 10, 2011 (the "Effective Date").

1.      **Drawbridge OSO Securities** ("Seller"), for good and valuable consideration, the sufficiency of which is acknowledged, hereby absolutely and unconditionally sold, transferred and assigned to **Citigroup Global Markets Inc.**, its successors and assigns ("Purchaser"), as of the date upon which (i) the Notes (as defined below) were transferred via Euroclear or Clearstream (or other similar transfer method) by Seller to Purchaser, and (ii) Purchaser paid to Seller the applicable purchase price for the Notes (such date, the "Note Transfer Effective Date"), all of Seller's right, title and interest in and to £108,640.00 principal amount (the "Notes") of certain **8.875 percent notes due 2023** issued by General Motors Nova Scotia Finance Company and guaranteed by Motors Liquidation Company f/k/a General Motors Corporation (the "Debtor") and debtor-in-possession in Case No. 09-50026 (REG) (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition.  To the extent relating to the Notes transferred by Seller to Purchaser on the Note Transfer Effective Date, for good and valuable consideration, the sufficiency of which is acknowledged, Seller hereby transfers a related portion (which portion, for the avoidance of doubt, corresponds to **$191,176.57** of the face amount of the Proof of Claim, comprised of (i) $178,636.75 principal amount of Notes, and (ii) $12,539.82 accrued and unpaid interest (in each case using the conversion ratio of 1.6443 used in the Proof of Claim (as defined below))) (the "Transferred Claim Amount") of all of Seller's right, title, and interest in and to Proof of Claim Number 67500 (amending Proof of Claim Number 65819, which was filed on November 25, 2009) filed by or on behalf of Drawbridge OSO Securities (the "Proof of Claim"), against the Debtor in the Case, including without limitation, (i) all of Seller's right, title and interest in all agreements, instruments, invoices and other documents evidencing, or relating to the Notes and to the Transferred Claim Amount (the "Supporting Documents"); (ii) all of Sellers's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iii) voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Seller's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing under the Bankruptcy Code or otherwise (the Transferred Claim Amount and the items referenced in (i) through (iii) are collectively referred to as the, the "Transferred Claim").

2.      Seller and Purchaser represent and warrant to the other party that it has full power and authority to execute, deliver and perform its obligations under this Agreement.

3.      Seller hereby represents and warrants to Purchaser that Seller owns and has good title to the Transferred Claim, free and clear of any and all liens, security interests or participations.

4.      Seller shall promptly (but in any event no later than three (3) business days) remit any actual receipt of cash payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.

dc-633592

       5.      Except for customary documentation, if any, relating to the transfer of the Notes by Seller to Purchaser, this Agreement constitutes the entire agreement of the Parties with respect to the transaction contemplated herein, and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Agreement.

       6.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature pages follow.]

IN WITNESS WHEREOF, the parties hereto have caused this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM to be executed by their respective duly authorized officers, as of the Effective Date.

**CITIGROUP GLOBAL MARKETS INC.**

By: _____
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR

Citigroup Global Markets Inc.
390 Greenwich St.
New York, NY 10013
Attention: Chetan Bansal
Phone: (212) 723-6064

**DRAWBRIDGE OSO SECURITIES**

By: _____
Name: Glenn P. Cummins
Title: Chief Financial Officer

Drawbridge OSO Securities
1435 Avenue of the Americas
New York, NY 10105
Phone: (212) 798-6100

dc-633592

**Exhibit 2**

*(See attached first page of Proof of Claim.)*

dc-633761

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK     PROOF OF CLAIM

| Name of Debtor (Check Only One): | Case No. | Your Claim is Scheduled As Follows: |
|---|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) | |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) | |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) | |
| ☐ MLC of Harlem, Inc. (f/k/a Chevrolet Saturn of Harlem, Inc.) | 09-13558 (REG) | |

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503 (b) (9) (see Item #5). All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Drawbridge OSO Securities LLC**

Name and address where notices should be sent:
Drawbridge OSO Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: (212) 798-6099

Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
Attn: Bruce R. Zirinsky, Esq.
       Nancy A. Mitchell, Esq.
Tel: (212) 801-9200

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on: 11/25/09

FILED U.S. BANKRUPTCY COURT S.D.N.Y. 2009 NOV 30 P 3:24

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

Name and address where payment should be sent (if different from above):

Drawbridge OSO Securities LLC
1345 Avenue of the Americas, 46th Floor
New York, NY 10105
Attn: Constantine M. Dakolias
Fax: (212) 798-6099
Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed, June 1, 2009:** $4,443,560.05     Subject to Attachment

If all or part of your claim is secured, complete item 4 below; however if all of your claim is unsecured, do not complete item 4. If all or part of your claim is entitled to priority, complete item 5. If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** See Attachment
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
   Describe:
   Value of Property: $_____    Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____
   Basis for perfection: _____
   Amount of Secured Claim: $_____     Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case - 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 11/30/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>**CONSTANTINE M. DAKOLIAS**<br>**PRESIDENT** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
**Modified B10 (GCG) (12/08)**