HEARING DATE AND TIME: March 29, 2011 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: March 22, 2011 at 4:00 p.m. (Eastern Time)

Thomas M. Kennedy, Esq.
Susan M. Jennik, Esq.
Serge Ambroise, Esq.
KENNEDY, JENNIK & MURRAY, P.C.
113 University Place, 7th floor
Telephone: (212) 358-1500
Facsimile: (212) 358-0207
Attorneys for the IUE-CWA GM Bankruptcy Claim Trust

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re:                                                          :    Chapter 11 Case No.
                                                                :
MOTORS LIQUIDATION CORP., *et al.*,                             :    09-50026 (REG)
                                                                :
*f/k/a* GENERAL MOTORS CORP., *et al.*,                         :    (Jointly Administered)
                                                                :
                    Debtors.                                    :
                                                                :
----------------------------------------------------------------x

**IUE-CWA VEBA TRUST'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363(b),
TO APPROVE THE ASSIGNMENT OF IBEW AND IUOE'S PERCENTAGE SHARES
IN THE ALLOWED CLAIM TO THE IUE-CWA VEBA TRUST**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

### PRELIMINARY STATEMENT

1.  By this Motion, the IUE-CWA GM Bankruptcy Claim Trust (the "VEBA[1] Trust") seeks entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363(b), approving the assignment of the claims of the International Brotherhood of Electrical Workers ("IBEW") and the International Union of Operating Engineers ("IUOE") to the VEBA Trust. A proposed order is attached as Exhibit A.

---

[1] Voluntary Employee Beneficiary Association

2.      On or about September 3, 2009, the IUE-CWA and several other unions entered into an agreement with General Motors Company and Motors Liquidation Company, formerly known as General Motors Corporation (collectively the "Debtors"), titled "Settlement Agreement Between and Among GMCo/MLC-IUE-CWA and USW Regarding Retiree Health Care, Life Insurance, Pension Top-up, and Modification and GMCO Assumption of MCL-IUE-CWA CBA" ("Settlement Agreement"). The Settlement Agreement provides, in pertinent part:

> The IUE-CWA, USW and all Splinter Unions (as hereafter defined) that agree to applicable terms in this Settlement Agreement shall be granted an allowed prepetition unsecured claim in MLC's Chapter 11 Case in the amount of one billion dollars with respect to retiree health and life insurance benefits for the post-age-65 retirees, post-age-65 surviving spouses and under-age-65 retirees or surviving spouses disqualified for Retiree Health Care Benefits due to Medicare eligibility who are represented by IUE-CWA, USW and the Splinter Unions (the "Allowed Claim"). Age for purposes of the preceding sentence shall be determined as of December 31, 2009. The Allowed Claim shall be in full settlement, satisfaction and discharge of all claims against MLC and its affiliates and their present and former officers and directors by the IUE-CWA, USW and the Splinter Unions or any employees, retirees or other persons or beneficiaries represented by or subject to agreements entered by such unions with MLC (the "Splinter Claims") against MLC and its affiliates and their respective officers, directors. Upon approval of this Settlement Agreement by the Bankruptcy Court, any and all Splinter Claims shall be withdrawn, released and dismissed with prejudice and the IUE-CWA, USW and the Splinter Unions shall promptly take all such action necessary or required to effectuate the foregoing, including providing releases to MLC. Any funds resulting from the Allowed Claim shall be distributed in a manner as authorized by the Bankruptcy Court. <u>To the extent approved by the Bankruptcy Court, MLC agrees that the IUE-CWA, USW, and the Splinter Unions have a right to sell, assign or transfer their respective Allowed Claim as they deem appropriate at any time</u>.

(See Docket No. 4241, Ex. A, at 5-6, ¶ 3 (emphasis added).)

3.      This Court approved the Settlement Agreement on November 12, 2009. ("Approval Order," Docket No. 4433.) According to the Settlement Agreement, the IUE-CWA's percentage share of the entire Allowed Claim of one billion dollars is 79.39%. The percentage share of the Allowed Claim allocated to IBEW is 0.42%, and IUOE's share of the Allowed Claim is 0.18%. (See Docket No. 4241, Ex. B.)

2

4.  On January 4, 2011, this Court approved an Order Pursuant to 11 U.S.C. §§ 105 and 363(b) to Approve Assignment of Claim of IUE-CWA to a VEBA Trust. (Docket No. 8374, "Assignment Order.") IBEW and IUOE now seek this Court's approval of the assignment of their percentage shares of the Allowed Claim to the VEBA Trust approved by the Assignment Order.

5.  The International President of the IBEW and the General President of the IUOE have resolved to transfer the unions' percentage shares of the Allowed Claim in this case to the VEBA Trust. Copies of the VEBA Trust, as well as IBEW and IUOE's Transfer of Claim Agreements—effectuating these unions' decision to assign their portions of the Allowed Claim to the VEBA Trust—are attached as Exhibits B, C and D, respectively. IBEW and IUOE's Transfer of Claim Agreements are subject to approval of this Court pursuant to the Settlement Agreement. (See Docket No. 4241, Ex. A at 5-6, ¶ 3.)

6.  The VEBA Trust constitutes a "voluntary employees' beneficiary association" under § 501(c)(9) of the Internal Revenue Code, 26 U.S.C. § 501(c)(9). The pertinent provisions of the VEBA Trust remain in effect, specifically that:

> At no time shall any part of the corpus or income of the Trust Fund be used for or diverted to purposes other than for the exclusive benefit of the Participants, including payment of reasonable costs of establishment, amendment and administration of the Trust and the Plan, and at no time shall any part of the net earnings improperly inure to the benefit of any private individual as provided in Section 501(c)(9) of the Code and Section 1.501(c)(9)-4 of the Treasury Regulations promulgated thereunder.

(Ex. B at 5.)

7.  In addition, the composition of the Trustees remains as follows:

The Trustees shall be comprised of seven (7) individual persons, consisting of (a) five (5) Trustees appointed by the President of the IUE-CWA and (b) two (2) Independent Trustees.[2] The initial Trustees of the Trustees [sic] appointed by the IUE-CWA are

---

[2] The five Trustees appointed by the President of the IUE-CWA are: James Clark, Lauren Asplen, Leslie Cash, Edward Fire, and Mark Profitt. The two Independent Trustees are Maureen T. Patterson and Nan Whaley.

3

listed in Exhibit 1 of this Trust Agreement. No Independent Trustee, or any family of a Trustee, employer, or partner of an Independent Trustee, shall have any financial or institutional relationship with IUE-CWA; provided however, that receipt of a pension or other mandatory contractual payment from IUE-CWA which was earned in full prior to the appointment shall not be deemed a financial or other institutional relationship.

(*Id.* at 10.)

    8. IBEW's Transfer of Claim Agreement sets forth as follows:

International Brotherhood of Electrical Workers ("IBEW") ... ("Assignor") ... does hereby sell, convey, transfer and assign to IUE-CWA GM Bankruptcy Claim Trust ("Assignee") all of Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") subject only to court approval as set forth below, the general unsecured claim arising in the course of the Chapter 11 bankruptcy case entitled, *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al.*, Case No. 09-50026 (REG) in which IBEW was granted an allowed pre-petition unsecured claim pursuant to Section 1114 of the Bankruptcy Code, 11 U.S.C. § 1114 in the amount of its proportionate share (i.e., .42%) of one billion dollars ($1,000,000,000) against the Debtor.

(IBEW Transfer of Claim Agreement (in Ex. C), ¶ 1.)

    9. IBEW's Transfer of Claim Agreement further provides that:

Assignee agrees in consideration for the assignment of this claim by the Assignor to include as participants in the IUE-CWA GM Bankruptcy Claim Trust IBEW represented retirees of General Motors Corporation ("GM") or Delphi Corporation ("Delphi") that are eligible to be included within the retiree group set forth in paragraph 3 ... of the Settlement Agreement Between And Among GMCO/MLC-IUE-CWA And USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, And Modification And GMCO Assumption Of MLC-IUE-CWA CBA ("the Settlement Agreement") entered into on September 3, 2009. ...

(*Id.* at ¶ 5.)

    10. IUOE's Transfer of Claim Agreement employs identical language in its assignment of the union's percentage share of the Allowed Claim to the VEBA Trust, setting forth its share as 0.18%. (See IUOE Transfer of Claim Agreement (in Ex. D), ¶¶ 1 and 5.)

    11. Independent Fiduciary Services, Inc. ("IFS") remains the named fiduciary and investment manager of the VEBA Trust. (See Docket No. 7990, Ex. F.) IFS is an investment advisory firm with over 20 years of experience, serving institutional investors, including taking

4

responsibility as an "independent fiduciary" for specific investment transactions. (See "IFS: Independent Fiduciary Services: About Us" at http://www.fidserv.com/about.) Some of the senior staff of IFS have served at high levels of the U.S. Department of Labor, and others are former top executives of multi-billion dollar corporate, public and jointly-trusteed pension plans. IFS was chosen through a process which included requests for proposals and interviews of firms that provide similar services.

### THE MOTION TO APPROVE THE ASSIGNMENT OF THE IBEW AND IUOE CLAIMS TO THE IUE-CWA VEBA TRUST SHOULD BE GRANTED UNDER §§ 363(b) AND 105(a) OF THE BANKRUPTCY CODE

12. Well-settled authority exists for approval of the instant Motion under §§ 363(b) and 105(a) of the Bankruptcy Code. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Settlement Agreement contemplates approval of the bankruptcy court for the distribution of any funds resulting from the Allowed Claim and clearly reserves the right of each union to sell, assign or transfer their respective Allowed Claim. (See Docket No. 4241, Ex. A at 5-6, ¶ 3.) The IUE-CWA established the VEBA Trust to implement the provision of health benefits to eligible retirees pursuant to the Settlement Agreement. IBEW and IUOE, by the instant Motion, seek to transfer their interests in their respective percentage shares of the Allowed Claim to the Trust in exchange for participation in the Trust. Consequently, the VEBA Trust will have the assets to provide the retiree health benefits to eligible retirees of the IUE-CWA, IBEW, and IUOE.

13. The VEBA Trust was established to be compliant with the Internal Revenue Code and with the provisions of ERISA. The Trustees bear the responsibility of using the assets of the

5

Trust for the benefit of all the eligible participants. The Trustees will establish a plan of benefits for the eligible retirees with the assistance of actuarial and legal professionals. The two Independent Trustees will have the responsibility to review and approve all appropriate transactions between the IUE-CWA and the VEBA Trust to ensure that there are no prohibited transactions or breaches of fiduciary duty.

14. The Allowed Claim is for the loss of retiree health benefits for the eligible retirees identified in the Settlement Agreement. The VEBA Trust is a voluntary employee beneficiary association created for the purpose of accepting IUE-CWA's percentage share of the Allowed Claim so that it may provide benefits to eligible retirees. By the Transfer of Claim Agreements initiated by IBEW and IUOE, the VEBA Trust will also accept the percentage shares of those two unions as well. The assignment to the VEBA Trust of IBEW and IUOE's percentage shares of the Allowed Claim is pursuant to the Trust's mandate to provide retiree benefits. By providing such benefits, the VEBA Trust is carrying out the purpose of the Settlement Agreement using the funds set forth in the Allowed Claim.

15. This Court and others have recognized that a VEBA Trust is an appropriate vehicle for providing retirees with benefits to compensate for the loss of retiree health benefits in a bankruptcy case. On January 4, 2011, this Court approved the VEBA Trust which is the subject of the instant Motion. (See Docket No. 8374.) Moreover, in this case, this Court found that a settlement with the UAW which provided that General Motors would make contributions to a New VEBA which would have the obligation to fund retiree medical benefits was fair and equitable. *In re General Motors Corp.*, 407 B.R. 463, 484-86, 519-20 (Bankr. S.D.N.Y. 2009). *See also, In re Chrysler LLC,* No. 09-50002 (AJG), 2009 WL 1360869, *18-19 (Bankr. S.D.N.Y. May 7, 2009) (approval of agreement to fund a VEBA providing retiree health benefits with

equity and a note); *In re Delphi Corp.*, No. 05-44481 (RDD), 2009 WL 973130 (Bankr. S.D.N.Y. April 2, 2009) (approving payment to a salaried retirees committee to set up a VEBA in settlement of claims for lost retiree health benefits); *In re Tower Automotive, Inc.*, 342 B.R. 158 (Bankr. S.D.N.Y. 2006) (approving settlement with unions providing for establishment of VEBA trusts to provide future retiree benefits). The proposed assignment of IBEW and IUOE's respective shares of the Allowed Claim to the VEBA Trust is in furtherance of the Trust's obligation to fund retiree benefits. Therefore, it is appropriate for this Court to approve the assignment of the percentage shares of IBEW and IUOE in the Allowed Claim to the IUE-CWA VEBA Trust.

## JURISDICTION

16.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE

17.     Notice of this Motion has been provided to (i) Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the Debtors; (iii) the attorneys for statutory committee of unsecured creditors appointed in these chapter 11 cases, (iv) the attorneys for the United Steelworkers, (v) the attorneys for the International Association of Machinists and Aerospace Workers, (vi) the attorneys for the International Brotherhood of Electrical Workers, and (vii) the attorneys for the International Union of Operating Engineers. The VEBA Trust submits that such notice is sufficient and no other or further notice need be provided.

18.　No previous request for the relief sought herein has been made by the VEBA Trust to this or any other Court.

WHEREFORE the VEBA Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
　　　　March 11, 2011

Respectfully submitted,
KENNEDY, JENNIK & MURRAY, P.C.
Attorneys for the IUE-CWA GM Bankruptcy Claim Trust

*Susan M. Jennik*

By:　Thomas M. Kennedy
　　　tkennedy@kjmlabor.com
　　　Susan M. Jennik
　　　sjennik@kjmlabor.com
　　　Serge Ambroise
　　　sambroise@kjmlabor.com
113 University Place, 7th floor
New York, NY 10003
Tel.: (212) 358-1500
Fax: (212) 358-0207