# EXHIBIT C

## EVIDENCE OF TRANSFER OF CLAIM

The International Brotherhood of Electrical Workers ("IBEW"), an unincorporated labor association, and its successors and assigns (collectively "Assignor"), pursuant to the Transfer of Claim Agreement dated March 8, 2011, has hereby absolutely and unconditionally sold, transferred and assigned to IUE-CWA GM Bankruptcy Claim Trust, its successors and assigns (collectively "Assignee"), subject only to court approval as set forth below, the general unsecured claim arising in the course of the Chapter 11 bankruptcy case entitled, *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al.,* Case No. 09-50026 (REG) in which IBEW was granted an allowed pre-petition unsecured claim pursuant to Section 1114 of the Bankruptcy Code, 11 U.S.C. § 1114 in the amount of its proportionate share (*i.e.*, .42%) of one billion dollars ($1,000,000,000) against the Debtor.

Assignor hereby waives any notice or hearings requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

Assignor and Assignee acknowledge that the assignment of claim is subject to approval of the Court in *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al.,* Case No. 09-50026 (REG).

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this 8th day of March, 2011.

| (Assignor) | (Assignee) |
|---|---|
| IBEW | IUE-CWA GM Bankruptcy Claim Trust |
| By: _____ | By: _____ |
| Name: Edwin D Hill | Name: James D Clark |
| Title: President | Title: Chairman |

Witness:

By: _____

Name: _____

Title: _____

## TRANSFER OF CLAIM AGREEMENT

International Brotherhood of Electrical Workers ("IBEW"), having a mailing address at 900 Seventh Street, N.W. Washington, DC 20001 ("Assignor"), in consideration of the promises made herein, does hereby sell, convey, transfer and assign to IUE-CWA GM Bankruptcy Claim Trust ("Assignee") all of Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") subject only to court approval as set forth below, the general unsecured claim arising in the course of the Chapter 11 bankruptcy case entitled, *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al.*, Case No. 09-50026 (REG) in which IBEW was granted an allowed pre-petition unsecured claim pursuant to Section 1114 of the Bankruptcy Code, 11 U.S.C. § 1114 in the amount of its proportionate share (*i.e.*, .42%) of one billion dollars ($1,000,000,000) against the Debtor.

This sale, conveyance, transfer and assignment includes all rights and benefits of Assignor relating to the Claim, including without limitation the Claim identified above and Assignor's rights to receive any principal, interest, penalties and fees which may be paid with respect to the Claim and all cash, securities, instruments and other property which may be paid or issued by the Debtor in satisfaction of the Claim. This Assignment shall be deemed an absolute and unconditional assignment of the Claim for purposes of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that: (i) the Claim is valid; (ii) the Claim has been allowed; and (iii) no objection to the Claim exists. Assignor further represents and warrants that: (i) no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim; (ii) Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; (iii) Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever; and (iv) there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignee is a trust intended to qualify as a voluntary employees beneficiary association ("VEBA") under Section 501(c)(9) of the Internal Revenue Code. Assignor acknowledges that it has been provided a copy of the Assignee's trust agreement and has no objection to its terms.

Assignee agrees in consideration for the assignment of this claim by the Assignor to include as participants in the IUE-CWA GM Bankruptcy Claim Trust IBEW represented retirees of General Motors Corporation ("GM") or Delphi Corporation ("Delphi") that are eligible to be included within the retiree group set forth in paragraph 3 (entitled "Claims in MLC's Chapter 11 Case") of the Settlement Agreement Between And Among GMCO/MLC-IUE-CWA And USW Regarding Retiree Health Care, Life Insurance, Pension Top-Up, And Modification And GMCO Assumption Of MLC-IUE-CWA CBA ("the Settlement Agreement") entered into on September 3, 2009, that is, post-age-65 retirees, post-age-65 surviving spouses and under-age-65 retirees or surviving spouses disqualified for Retiree Health Care Benefits (as defined under the Settlement Agreement) due to Medicare eligibility who were represented by IBEW during their employment at GM or Delphi. Age for purposes of the preceding sentence shall be determined as of December 31, 2009 ("the included IBEW retirees").

Assignee further agrees that the included IBEW retirees will be provided benefits and otherwise treated on the same basis as other participants in the Assignee and will not be subject to any requirements or obligations that are not equally imposed on other similarly situated IUE-CWA represented participants in the Assignee.

Assignee further agrees that it will provide the IBEW with such information concerning the Trust and its benefit programs as IBEW may reasonably require to assist its retired members.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable for or on account of the Claim assigned herein. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action or to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and the payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, court resolutions and consents.

Assignor agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such reassignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim shall be brought in any state or federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction and venue over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

Assignor and Assignee acknowledge that the assignment of this claim is subject to approval of the Court in *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp, et al.*, Case

No. 09-50026 (REG). Assignee shall promptly seek permission of the Court for this transfer upon the execution of this Assignment.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, Assignor has duly executed this Transfer of Claim Agreement by its duly authorized representative this 8th day of March, 2011.

(Assignor)
IBEW
By: *[signature]*
Name: Edwin D Hill
Title: President

(Assignee)
IUE-CWA GM Bankruptcy Claim Trust
By: *[signature]*
Name: James D Clark
Title: Chairman

(Assignor)
Witness:

By: *[signature]*
Name: Laurence J. Cohen
Title: General Counsel