KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
H. Slayton Dabney
Scott Davidson

*Attorneys for General Motors LLC*
*f/k/a General Motors Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :
                                        :      Chapter 11
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :      Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                        :
              Debtors.                  :      (Jointly Administered)
-------------------------------------------------------------x
```

**APPLICATION BY GENERAL MOTORS LLC FOR**
**AN ORDER PURSUANT TO SECTION 107(b) OF THE**
**BANKRUPTCY CODE AND RULE 9018 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER GRANTING**
**LEAVE TO FILE APPRAISALS OF TPC PROPERTY UNDER SEAL**

General Motors LLC, f/k/a General Motors Company (**"New GM"**), by its undersigned counsel, respectfully submits this application ("**Application**") pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for leave to file appraisals regarding a transmission manufacturing plant in White Marsh, Maryland ("**Maryland Facility**") and a distribution center in Memphis, Tennessee ("**Tennessee Facility**," and, together with the Maryland Facility, the "**Facilities**" or the "**TPC Property**") under seal in connection

with briefing the Valuation Standard Issue, as defined herein.  In support of this Application,

New GM respectfully represents as follows:

## JURISDICTION

1.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief sought herein is Section

107 of the Bankruptcy Code, Bankruptcy Rule 9018 and General Order M-242 of the United

States Bankruptcy Court for the Southern District of New York (January 19, 2001, Bernstein,

C.J.).

## BACKGROUND

2.        On July 5, 2009, this Court entered an Order ("**Sale Order**") that, *inter

alia*, authorized and approved the Amended and Restated Master Sale and Purchase Agreement,

dated as of June 26, 2009 (the "**MSPA**"), by and among General Motors Corporation, n/k/a

Motors Liquidation Company ("**Old GM**"), and certain of its affiliates (collectively, the

"**Debtors**") and New GM.  Pursuant to the MSPA and the Sale Order, New GM, on July 10,

2009, purchased substantially all of the assets of the Debtors free and clear of the Debtors'

liabilities, except as expressly assumed by New GM under the MSPA.

3.        Pursuant to the Sale Order, the TPC Property was transferred from the

Debtors to New GM free and clear of all liens, claims, interests and encumbrances, including the

secured liens and claims of a syndicate of lenders ("**TPC Lenders**"), the agent of which is Wells

Fargo Bank Northwest, N.A. ("**Agent**")  *See* Sale Order, ¶ 36.

4.        The Sale Order further provides that

[a]s a result of Debtors' interest in the TPC Property being
transferred to the Purchaser free and clear of all liens, claims,
interests and encumbrances (other than Permitted Encumbrances),

2

> including, without limitation, the TPC Lenders' Liens and Claims,
> pursuant to section 363(e) of the Bankruptcy Code, the TPC
> Lenders shall have an allowed secured claim in a total amount
> equal to the fair market value of the TPC Property on the
> Commencement Date under section 506 of the Bankruptcy Code   .
> . ., as determined at a valuation hearing conducted by this Court or
> by mutual agreement of the Debtors, the Purchaser and the TPC
> Lenders . . . .

Sale Order, ¶ 36.

5.     After entry of the Sale Order, New GM and the TPC Lenders engaged in negotiations regarding the fair market value under section 506 of the Bankruptcy Code of the TPC Property as of the Commencement Date, seeking to reach a consensual arrangement for the disbursement of the TPC Escrow Account, which would also fix the secured and, if applicable, unsecured claims of the TPC Lenders in accordance with the parameters of the Sale Order.  As part of these negotiations, both New GM and the TPC Lenders obtained appraisals for the TPC Property (collectively, the "**Appraisals**").

6.     New GM and the TPC Lenders have been unable to agree on the fair market value under section 506 of Bankruptcy Code of the TPC Property.  On January 14, 2011, the Agent filed a motion ("**TPC Lenders' Motion**") with the Court to institute proceedings ("**Valuation Proceedings**") to value the TPC Property.  On February 3, 2011, New GM filed its response ("**New GM Response**") to the TPC Lenders' Motion, requesting that prior to the Court establishing a schedule for the Valuation Proceedings, the Court establish a schedule to resolve  a dispute regarding the appropriate valuation standard for the TPC Property (the "**Valuation Standard Issue**").  On February 8, 2011, the Agent filed a reply to the New GM Response, opposing the relief requested by New GM.

7.    On February 9, 2011, a hearing was held before this Court regarding the TPC Lenders' Motion, at which time the Court directed the parties to establish a briefing schedule for the Valuation Standard Issue, and deferred consideration for setting any other schedule for the Valuation Proceedings.  A Stipulation and Agreed Order was entered by the Court on February 17, 2011, establishing a briefing schedule for the Valuation Standard Issue.

8.    In briefing the Valuation Standard Issue, New GM has referred to the Appraisals and certain information contained therein, but has not attached such Appraisals as exhibits to its pleadings because New GM believes that the Appraisals contain commercial and proprietary information, and operational characteristics regarding the Facilities that are confidential and not appropriate for public disclosure.

## RELIEF REQUESTED

9.    By this Application, New GM requests the entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file the Appraisals in connection with briefing the Valuation Standard Issue under seal and ordering that their contents be made available only to (a) New GM, its employees and its counsel; (b) the TPC Lenders, their employees and counsel; and (c) the Bankruptcy Court, and shall not be made available to the general public for purposes of determination of the Valuation Standard Issue.

10.    Section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of confidential information.  Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

11.     Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under Section 107(b).  In particular, Bankruptcy Rule 9018 states that the Bankruptcy Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Bankruptcy Rule 9018.

12.     Based upon these provisions, bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause.  *See, e.g., In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985).  Whether a document falls within the scope of Section 107(b) is ultimately a decision for the Bankruptcy Court.  *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).  If the Bankruptcy Court determines that filed documents are covered by Section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application."  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994).

13.     Cause exists to file the Appraisals under seal because they contain confidential and proprietary information, and operational characteristics regarding the Facilities that, if publicly disclosed, may result in damage to New GM.  In order to protect New GM's rights, New GM seeks to file the Appraisals under seal.  New GM submits that the confidentiality concerns of New GM constitute good cause to file the Appraisals under seal and, therefore, respectfully requests leave to do so.

14.     As an accommodation and reserving all rights, counsel for the TPC Lenders has consented to permitting the Appraisals to be filed under seal in connection with briefing the Valuation Standard Issue, *provided, however*, such consent is without waiver to the TPC Lenders' position that cause does not exist to file the Appraisals under seal and that the

Appraisals are not relevant to consideration of the Valuation Standard Issue. The TPC Lenders reserve their right to seek to have the Appraisals unsealed, either in whole or in part, or to object to their being sealed in connection with subsequent proceedings, including, but not limited to, an eventual valuation hearing to determine the TPC Value, as that term is defined in the Sale Order.

15.    Counsel for the Debtors (the only other party to the Stipulation and Agreed Order establishing the briefing schedule for the Valuation Standard Issue) has consented to the relief requested in this Application.

## **NOTICE**

16.    Except for notice of this Application being given to counsel for the TPC Lenders and counsel for the Debtors, no other or further notice has been given of this Application.

## **WAIVER OF MEMORANDUM OF LAW**

17.    New GM requests that the requirement for filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be waived as the Application does not raise any novel issues of law and is supported by citations to legal authority.

18.    No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, the form of which is attached hereto as **Exhibit "A,"** pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: New York, New York
      March 14, 2011

Respectfully submitted,

/s/Arthur Steinberg
Arthur Steinberg
H. Slayton Dabney
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:   (212) 556-2222

*Attorneys for General Motors LLC*
*f/k/a General Motors Company*