Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                        :
**In re**                               :    **Chapter 11 Case No.**
                                        :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                        :
                  Debtors.              :    **(Jointly Administered)**
                                        :
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER REGARDING
### CONFIDENTIALITY IN MEDIATION

This Stipulation and Agreed Order (the "**Stipulated Order**") is entered into by and among (i) Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively, the "**Debtors**"); (ii) the Chapter 7 Trustee of Micro-Heat, Inc. ("**Micro-Heat**"); (iii) M-Heat Investors, LLC ("**M-Heat**"); and (iv) Jon R. Muth. The Debtors, Micro-Heat, and M-Heat, are hereinafter collectively referred to as the "**Parties**."

### RECITALS

WHEREAS, M-Heat filed a proof of claim ("**M-Heat's Claim**") against the Debtors in these chapter 11 cases and the Debtors filed a proof of claim (together with M-Heat's Claim, the "**Claims**") against Micro-Heat in its chapter 7 case, case number 08-65060, pending in the

United States Bankruptcy Court for the Eastern District of Michigan (the "**Michigan Bankruptcy Court**");

WHEREAS, on October 25, 2010, this Court entered the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF 7558);

WHEREAS, pursuant to the Agreed Order Between (i) Micro-Heat, (ii) M-Heat, and (iii) Motors Liquidation Company approved by the Michigan Bankruptcy Court on December 8, 2010, the Parties have agreed to submit the Claims to non-binding mediation for joint resolution under the ADR Procedures in place in these chapter 11 cases;

WHEREAS, a mediation (the "**Mediation**") of the Claims is scheduled for March 1, 2011, in Detroit, Michigan, with Jon R. Muth to serve as the mediator (the "**Mediator**");

WHEREAS, the Parties desire to engage in an exchange of information in order to effectively mediate the Claims, including but not limited to exchanging Mediation Statements, as that term is defined in the ADR Procedures.

NOW, THEREFORE, to promote full and frank communications among the Parties and to encourage the candor necessary for full freedom of discussion regarding the Claims and the options for resolution, the Parties and the Mediator agree as follows:

1. Rule 408 of the Federal Rule of Evidence ("**Rule 408**") shall apply to the Mediation Statements, and all discussions and documents shared between the Parties at or in connection with the Mediation.

2. Except as provided in Paragraphs 3 and 4 of this Stipulated Order, all information (including, without limitation, documents, data, statements, or other information) shared, disclosed, or communicated in any manner by the Parties or the Mediator either in scheduling,

discussing, or preparing for the Mediation or during the Mediation ("**Mediation Information**") shall not be referred to or relied upon by any Party or the Mediator outside of the Mediation or disclosed to any person, including, without limitation, (a) views expressed or suggestions made by a Party or the Mediator with respect to a possible settlement of a dispute; (b) admissions made in the course of the Mediation; (c) proposals made or views expressed by the Mediator; and (d) Mediation Statements and the exhibits thereto.

3. Notwithstanding Paragraph 2, Mediation Information may be shared with:

  (a) Counsel of record for the Parties (including the counsel's paralegals and clerical assistants);

  (b) Officers, directors, and employees of the Parties to whom disclosure of the Mediation Information is necessary in the course of preparing for, or carrying out, the Mediation;

  (c) Joe Trubak, Vyachislav Ivanov, and Uri Arkashevsky;

  (d) Any person employed by a Party or its outside counsel of record as an independent consulting or testifying expert (who is not a shareholder, officer, director or employee of a Party, any of its affiliates, or of any of its competitors) for purposes of resolving the Claims;

  (e) General Motors LLC;

  (f) Clerical or ministerial service providers, such as outside copying or litigation support personnel, retained by the Mediator, the Parties, or the Parties' counsel;

        (g)      Counsel to the statutory committee of unsecured creditors in these chapter 11 cases subject to the terms of part II(B)(3)(c) of the ADR Procedures; or

        (h)      Any other person to whom the Parties agree in writing.

4.      By March 25, 2011, or as otherwise agreed by the Parties in writing, all originals and any copies of Mediation Information received from another Party shall be returned to the Party from whom it originated or destroyed; <u>provided</u>, <u>however</u>, that counsel for the Parties shall be entitled to retain for archival purposes one copy of the Mediation Information received from the other Parties, subject to Rule 408. Notwithstanding anything to the contrary herein, nothing in this Paragraph 4 shall require the disclosure or destruction of protected attorney work product.

5.      Because the Parties are disclosing sensitive information in reliance upon this Stipulated Order, any breach of this Stipulated Order would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this Stipulated Order may obtain an injunction to prevent disclosure of any information in violation of this Stipulated Order without bond.

6.      Nothing in this Stipulated Order shall restrict the Parties from using or disclosing material originating with or owned by that Party. Nothing in this Stipulated Order shall restrict the Parties or the Mediator from using or disclosing any information or materials received independently of, and not in connection with, the Mediation.

7.      This Stipulated Order shall be binding upon the Parties and the Mediator immediately upon execution, notwithstanding that approval of the Bankruptcy Court has not yet occurred. The Parties and the Mediator agree that this Stipulated Order and the terms hereof

shall be binding upon the Parties and the Mediator even if it is not so ordered by the Bankruptcy Court.

8. Insofar as the provisions of this Stipulated Order restrict the communication and use of the documents produced hereunder, this Stipulated Order shall continue to be binding after the conclusion of these chapter 11 cases.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Stipulated Order, including, without limitation, the enforcement of this Stipulated Order.

10. Each of the undersigned counsel represent and warrant that they are authorized to execute this Stipulated Order on behalf of their respective clients.

Dated: February 25, 2011

| | |
|---|---|
| /s/ Ronald L Cornell, Jr. | /s/ Joseph H. Smolinksy |
| Ronald L. Cornell, Jr. | Harvey R. Miller |
| Seyburn, Kahn, Ginn, Bess & Serlin, P.C. | Stephen Karotkin |
| 2000 Town Center, Suite 1500 | Joseph H. Smolinksy |
| Southfield, Michigan 48075-1195 | Weil, Gotshal & Manges LLP |
| Telephone: (248) 353-7620 | 767 Fifth Avenue |
| | New York, New York 10153 |
| Special Counsel for Micro-Heat Chapter 7 | Telephone: (212) 310-8000 |
| Trustee and M-Heat Investors, LLC | |
| | Attorneys for Debtors |
| | and Debtors In Possession |

/

s/ Jon R. Muth
Jon R. Muth
250 Monroe Avenue NW, Suite 800
P.O. Box 306
Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1736

Mediator

IT IS SO ORDERED.

Dated: New York, New York
      ***March 14, 2011***

                              ***s/ Robert E. Gerber***
                              United States Bankruptcy Judge