# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :        09-50026 (REG)
       f/k/a General Motors Corp., et al. :
                                        :
                     Debtors.           :        (Jointly Administered)
                                        :
---------------------------------------------------------------x
```

### ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND FED. R. CIV. P. RULE 23 APPROVING AGREEMENT RESOLVING PROOF OF CLAIM NO. 51093 AND IMPLEMENTING MODIFIED CLASS SETTLEMENT

Upon the Motion, dated March 14, 2011 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession

(collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure and Federal Rule of Civil Procedure 23, for entry of an order approving the

Agreement Resolving Proof of Claim No. 51093 and Implementing Modified Class Settlement

(the "**Agreement**"), attached to the Motion as **Exhibit "A,"** implementing a settlement between

the Debtors, and plaintiff Jason Anderson ("**Anderson**"), on behalf of himself and all others

similarly situated (the "**Anderson Class**") as more fully set forth in the Motion; and due and

proper notice of the Motion having been provided, and it appearing that no other or further notice

need be provided to any party; and the Court having found and determined that (i) the relief

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties

in interest; (ii) the Agreement is fair, reasonable, adequate, and in the best interest of the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Anderson Class considering the complexity, expense, and likely duration of the Anderson Class

Action litigation; the reaction of the Anderson Class to the proposed settlement; the stage of the

proceedings and the amount of discovery completed; the risk of establishing liability and

damages and maintaining the class through trial; the ability of the Debtors to withstand a greater

judgment; and the range of reasonableness of the settlement in light of the best possible recovery

and all the attendant risks of litigation; (iii) the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; (iv) the settlements and compromise embodied

in the Agreement are within the range of reasonableness; (v) the Agreement was not the product

of collusion between the parties and their respective counsel, but was the result of bona fide,

good faith, arms-length negotiations between experienced counsel after sufficient discovery was

obtained; (vi) and the Notice of Settlement provided to the Anderson Class was adequate and

satisfied the Federal Rules of Civil Procedure and no additional notice of the Agreement is

required; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors' entry into the Agreement is in the best interests of

the Debtors and their estates; and it is further

ORDERED that the Debtors' entry into the Agreement is authorized, ratified, and

directed; and it is further

ORDERED that the Court will apply Rule 7023 of the Federal Rules of

Bankruptcy Procedure solely for the purposes of settlement in granting the Motion; and it is

further

ORDERED that the Court adopts the California Court's certification of the

Anderson Class solely for the purposes of settlement; and it is further

ORDERED that the Participating Anderson Class Members shall be awarded an allowed general unsecured claim in the amount of $8,853.300.000 and it is hereby determined that such amount is fair and reasonable; and it is further

ORDERED that Class Counsel is specifically authorized and directed to administer proceeds resulting from the Total Allowed Unsecured Claim and otherwise make *pro rata* distributions of the cash proceeds to the Participating Anderson Class Members in accordance with the Agreement and as follows:

(i)      Class Counsel is authorized to (i) sell, transfer, assign, and/or otherwise monetize the Total Allowed Unsecured Claim, either individually or through a broker, and/or (ii) monetize any shares, warrants, options, or other property received from Debtors as part of any chapter 11 plan in any commercially reasonable manner;

(ii)      Cash distributions to Participating Anderson Class Members will be made on a *pro rata* basis from cash proceeds resulting from the Total Allowed Unsecured Claim and will be allocated in accordance with the Plan of Allocation, attached as **Exhibit "H"** to the Agreement; and it is further

ORDERED that no further notice of (i) the Agreement, (ii) the Debtors' entry into the Agreement, or (iii) Class Counsel's and Anderson's entry into the Agreement on behalf of the Anderson Class is required; and it is further

ORDERED that upon entry of this Order, all terms and conditions of the Agreement shall become effective; and it is further

ORDERED that to the extent any conflict exists between the terms and conditions of the Agreement and this Order, this Order shall control; and it is further

ORDERED that no member of the Anderson Class shall have any claim against the Debtors or Debtors' Counsel based on implementation of the Agreement or distributions made from cash proceeds resulting from the Total Allowed Unsecured Claim; and it is further

ORDERED that Class Counsel shall be solely responsible for costs associated with administration and implementation of the Agreement and distribution of the cash proceeds resulting from the Total Allowed Unsecured Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
       [_____], 2011

_____
United States Bankruptcy Judge

# EXHIBIT C

1  ERIC H. GIBBS (S B  #178658)
   ELIZABETH C. PRITZKER (S B #146267)
2  GIRARD GIBBS LLP
   601 California St , 14th Floor
3  San Francisco, California 94108
   Tel, (415) 981-4800, Fax: (415) 981-4846
4
   Attorneys for Plaintiff
5  Jason Anderson and the Class

6  GREGORY R. OXFORD (S B  #62333)
   ISAACS CLOUSE CROSE & OXFORD LLP
7  21515 Hawthorne Boulevard, Suite 950
   Torrance, California 90503
8  Tel: (310) 316-1990; Fax. (310) 316-1330

9  Attorneys for Defendant
   General Motors Corporation
10
   Of Counsel
11 L. JOSEPH LINES, III
   GENERAL MOTORS CORPORATION
12 Mail Code 482-026-601
   400 Renaissance Center
13 P.O. Box 400
   Detroit, Michigan 48265-4000
14 Tel (313) 665-7386, Fax  (313) 665-7376

15
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
16
                         COUNTY OF LOS ANGELES
17

18 Coordination Proceeding Special Title     )    Case No  JCCP4396
19 (Rule 1550(c))                            )
                                             )    CERTIFIED CLASS ACTION
20      GENERAL MOTORS CASES                 )
                                             )
21 _____     )
                                             )    STIPULATION OF SETTLEMENT
22 This Document Relates to                  )
                                             )
23 JASON ANDERSON, on behalf of himself      )
   and all others similarly situated,        )
24                                           )
                Plaintiff,                   )
25                                           )
              v.                             )
26 GENERAL MOTORS CORPORATION                )
                                             )
27              Defendant.                   )
                                             )
28 _____

                          *Stipulation of Settlement*
                                    i

1    This Stipulation of Settlement (the "Agreement") between Plaintiff Jason

2  Anderson and the Class (as defined below) and defendant General Motors Corporation

3  ("GM") is intended to fully, finally and forever resolve, discharge and settle the lawsuit

4  styled *Jason Anderson v General Motors Corporation*, pending in this Court under

5  JCCP 4396 (the "Action") and all matters raised therein, subject to the terms and

6  conditions hereof and approval by the Court.

## I. RECITALS.

8    1.1.    Plaintiff Anderson filed this Action individually and on behalf of a

9  proposed Class (further defined below) which includes California owners and lessees of

10  Model Year 1999-2003 Chevrolet Silverados equipped with 4 8 liter (LR4), 5.3 liter

11  (LM7), 6 0 liter (LQ4, LQ9), and 8.1 liter (L18) engines ("Class Vehicles").  Plaintiff

12  contends that GM violated the Unfair Competition Law ("UCL"), by creating an

13  "adjustment program" under the Motor Vehicle Warranty Adjustment Programs statute

14  ("MVWAP"), Civ. Code § 1795.90 *et seq.*, without providing Class Members with

15  notices and/or repair reimbursements under Civ Code § 1795 92  Specifically, plaintiff

16  contends that GM created an "adjustment program" by offering certain owners and

17  lessees of Class Vehicles General Motors Protection Plans ("GMPPs") or other benefits

18  when they complained that their vehicles have or have had piston or piston pin noise at

19  initial start up that goes away shortly after the engine warms up ("Start Noise")   GM

20  denies that it has created an "adjustment program" under MVWAP, denies that it was

21  required to provide Class Members with notices and/or repair reimbursements and

22  denies that it has violated the UCL

23    1 2    MVWAP defines the term "adjustment program" as follows·

24    "Adjustment program" means a program or policy that expands or extends the
      consumer's warranty beyond its stated limit or under which a manufacturer
25    offers to pay for all or any part of the cost of repairing, or to reimburse
      consumers for all or any part of the cost of repairing, any condition that may
26    substantially affect vehicle durability, reliability, or performance, other than
      service provided under a safety or emission-related recall campaign.

27

28

1    "Adjustment program" does not include ad hoc adjustments made by a
2    manufacturer on a case-by-case basis.  [Civ. Code § 1795 90(d)]

3    1.3.    Plaintiff claims that the GMPP offers constituted an "adjustment
4    program" because the GMPPs "extend" or "enlarge" the GM limited new vehicle
5    warranty and, alternatively, because the GMPPs pay or reimburse repair expenses for
6    "any condition that may substantially affect vehicle durability, reliability or
7    performance."

8    1.4    GM denies all allegations of wrongdoing asserted in the Action and denies
9    liability under any cause of action asserted therein.  Specifically, GM contends that it
10   offered the GMPPs to a small number of customers on a case-by-case basis for purposes
11   of customer satisfaction, and that it did not create an "adjustment program" because the
12   GMPPs are not warranties, but instead are service contracts that do not extend or
13   enlarge the GM limited new vehicle warranty and do not pay or reimburse repair
14   expenses for the Start Noise which they were intended to address   GM further contends
15   that Start Noise has no adverse effect on the durability, reliability or performance of the
16   vehicle engine

17   1 5    The Parties recognize that the outcome of the Action is uncertain, in that
18   the ultimate resolution of this Action would depend upon judicial construction of the
19   reach and applicability of provisions of the MVWAP that have not been interpreted by
20   any state appellate court, and that pursuing the Action to a litigated judgment and a
21   possible appeal under the circumstances would entail substantial cost, risk and delay

22   1 6.    Representative Plaintiff and Class Counsel have conducted an
23   investigation and evaluation of the factual and legal issues raised by the claims asserted
24   in the Action and believe that, in light of the cost, risk and delay of continued litigation
25   balanced against the benefits of the settlement set forth in this Agreement, that such
26   settlement is in the best interests of the, and is fair, reasonable and adequate, for the
27   Class as a whole

28

1    1.7    GM expressly denies any wrongdoing and does not admit or concede any

2 actual or potential fault, wrongdoing or liability in connection with any facts or claims

3 that have been or could have been alleged against it in the Action. GM denies that

4 Plaintiff or any Class Members have suffered damage or were harmed by the conduct

5 alleged. GM has concluded, however, that it is desirable to settle the Action upon the

6 terms and conditions set forth herein because it will (i) fully resolve all claims raised in

7 the Action; (ii) avoid the expense, burdens and uncertainties of continued litigation, and

8 (iii) promote customer satisfaction with GM and Chevrolet vehicles.

9    1.8    Plaintiff and GM therefore stipulate, after good faith, arms-length

10 negotiations in a settlement conference before the Honorable Carl J. West, and subject

11 to the approval of the Court, that the Action shall be compromised, settled, released, and

12 dismissed with prejudice upon and subject to the following terms and conditions:

13             **II. DEFINITIONS.**

14 As used in this Agreement and the exhibits hereto the following terms have the

15 meanings specified below:

16    2.1    "Action" means the lawsuit styled *Jason Anderson v. General Motors*

17 *Corporation*, pending in this Court under JCCP 4396.

18    2.2.    "Applicable Warranty Period" means the Limited New Vehicle Warranty

19 Period (3 years or 36,000 miles, whichever comes first), EXCEPT THAT only for

20 purposes of this Agreement for those Class Members who purchased a General Motors

21 Protection Plan ("GMPP"), the Applicable Warranty Period means the time and mileage

22 limitations in the Class Member's GMPP (for example, 4 years or 50,000 miles,

23 whichever comes first, as specified in the Class Member's GMPP).

24    2.3.    "Attorneys' Fees" means the amount awarded by the Court to Class

25 Counsel to compensate them, and any other attorneys for Plaintiff or the Class in the

26 Action, and is inclusive of all attorneys' fees of any kind in connection with the Action.

27 GM agrees not to oppose Class Counsel's application for an award of Attorneys' Fees

28

1    up to the maximum of $1,950,000.00 and agrees to pay the sum awarded by the Court

2    as provided in this Agreement as long as it does not exceed that sum.

3       2.4    "Authorized GM Dealer," unless otherwise specified, means any GM

4    dealer in California that is (or at the relevant time was) a signatory to an existing and

5    effective General Motors Corporation Dealer Sales and Service Agreement.

6       2.5.    "Claim" means a claim to receive a cash payment or other settlement

7    benefit under paragraphs 3.1 through 3.6 of this Agreement. A Claim consists of a

8    Claim Form signed under penalty of perjury and any documentation required by

9    paragraphs 3.3, 3.4, 3.5 or 3.6 of this Agreement.

10       2.6    "Claim Deadline" means 45 days after the date that the Final Notice and

11    Claim Forms (defined below) are mailed to Class Members.

12       2.7.    "Claim Form" means the forms attached hereto as Exhibits E-1, E-2 and

13    E-3, only one of which will be sent to each potential Class Member along with the Final

14    Notice as follows:

15       Exhibit E-1.       Class Members who, according to GM or GMAC Insurance

16                         records, *purchased* GMPPs within 90 days of retail delivery

17                         of their Class Vehicle,

18       Exhibit E-2:       Class Members who, according to GM or GMAC Insurance

19                         records, *purchased* GMPPs more than 90 days after retail

20                         delivery of their Class Vehicle,

21       Exhibit E-3:       All other Class Members

22       2.8.    "Class" or "Class Members" are as described in the November 8, 2006

23    order certifying this Class Action, as follows  "All California owners and lessees of

24    1999 through 2003 model year Chevrolet Silverados equipped with a  4.8 liter (LR4),

25    5.3 liter (LM7), 6.0 liter (LQ4, LQ9), and 8.1 liter (L18) engines  who: (1) have an

26    engine "knock, ping or slap noise" in their vehicles; (2) were not given notice of the

27    condition giving rise to or the terms and conditions of GM's Engine Knock Noise

28

1  Adjustment Program." For purposes of this Agreement, "knock, ping or slap noise" has

2  the same meaning as "Start Noise" or "Constant Noise" (defined below). Excluded

3  from the Class are those California owners and lessees of 1999 through 2003 model

4  year Chevrolet Silverados who timely requested to be excluded from the Class on or

5  prior to August 15, 2007. Subrogees, assignees and other third parties are not Class

6  Members, are not eligible to receive any benefits under this Agreement and are not

7  subject to any releases executed by or on behalf of the Representative Plaintiff or Class

8  Members.

9      2.9.   "Class Action Settlement Notice" means the notice, substantially in the

10  form attached hereto as Exhibit C, provided to potential Class Members after issuance

11  of the Preliminary Approval Order.

12     2.10.  "Class Counsel" means Girard Gibbs LLP, 601 California Street, 14th

13  Floor, San Francisco, California 94108.

14     2.11   "Class Vehicles" mean 1999 through 2003 model year Chevrolet

15  Silverados equipped with 4.8 liter (LR4), 5 3 liter (LM7), 6 0 liter (LQ4, LQ9) or 8 1

16  liter (L18) engines.

17     2.12   "Constant Noise" means piston or piston pin noise that is not "Start

18  Noise" (defined below), for example noise that continues after the engine warms up or

19  that begins after the engine has warmed up.

20     2.13   "Court," unless specifically stated otherwise, means the Superior Court of

21  the State of California for the County of Los Angeles.

22     2.14.  "Defendant's Counsel" means Isaacs Clouse Crose & Oxford LLP, 21515

23  Hawthorne Boulevard, Suite 950, Torrance, California 90503.

24     2.15.  "Documented Costs and Expenses" means the amount of reasonable and

25  documented out-of-pocket costs and expenses incurred by Plaintiff or Class Counsel,

26  shown by their application for reimbursement filed prior to the Fairness Hearing and

27  awarded by the Court, inclusive of past notice costs due to the Garden City Group of

28

1   approximately $93,000.00. Documented Costs and Expenses will not exceed the total

2   sum of $215,000.00 in the aggregate without GM's approval

3       2.16   "Effective Date" means the later of (a) the date upon which the time for

4   seeking appellate review of the Final Judgment (by appeal or otherwise) shall have

5   expired, or (b) the date upon which the time for seeking appellate review of any

6   appellate decision affirming the Final Judgment (by appeal or otherwise) shall have

7   expired and all appellate challenges to the Final Judgment shall have been dismissed

8   with prejudice without any person having any further right to seek appellate review

9   thereof (by appeal or otherwise).

10      2.17.   "Fairness Hearing" means the hearing scheduled for a date approximately

11  75 days after the mailing of the Class Action Settlement Notice at which the Court will

12  consider whether to approve the Agreement as fair, reasonable, and adequate; will

13  consider the proposed Incentive Award to the Representative Plaintiff, the proposed

14  award of Attorneys' Fees to Class Counsel, and the proposed reimbursement of any

15  Documented Costs and Expenses to Class Counsel, will consider whether to enter the

16  Final Judgment; and will make such other rulings as are contemplated by this

17  Stipulation

18      2.18   "Final Judgment" means the judgment, substantially in the form attached

19  hereto as Exhibit A, to be entered by the Court in the Action finally approving this

20  Agreement and dismissing the Action with prejudice

21      2.19   "Final Notice" means the notice mailed to Class Members in substantially

22  the form annexed as Exhibit D within twenty-one (21) days of entry of Final Judgment

23  along with appropriate Claim Forms

24      2.20   "GM" means Defendant General Motors Corporation.

25      2.21   "Incentive Award" means such incentive payment to the Representative

26  Plaintiff as may be awarded by the Court upon Class Counsel's request, in an amount

27  not to exceed $7,500.00

28

1  2.22. "Limited Warranty Period" means the warranty period specified in the

2 Chevrolet New Vehicle Warranty (3 years or 36,000 miles, whichever comes first)

3   2.23 "Parties" or "Party" means the Representative Plaintiff and/or Defendant

4 GM

5   2.24 "Preliminary Approval Order" means the Court's order preliminarily

6 approving the terms of this Agreement as fair, adequate, and reasonable, including the

7 Court's approval of the form and manner of giving notice to potential Class Members,

8 substantially in the form attached hereto as Exhibit B

9   2.25. "Released Claims" means any and all claims, demands, causes of actions

10 or liabilities, including but not limited to those for alleged violations of any state or

11 federal statutes, rules or regulations, and all common law claims, including Unknown

12 Claims as defined herein, based on or related in any way to (a) Start Noise or Constant

13 Noise in Class Vehicles; or (b) the factual allegations and legal claims that were made

14 in the Action, including any claim that any repair arguably covered by a GMPP should

15 have been paid for, reimbursed or provided to Class Members pursuant to MVWAP.

16 Released Claims do not include claims for personal injury, or claims based on or related

17 to engine noise conditions in Class Vehicles <u>other</u> than Start Noise or Constant Noise

18 Consistent with the express terms of this Agreement, subrogation claims are not being

19 released as part of this settlement

20   2.26. "Representative Plaintiff" means Jason Anderson, the named plaintiff in

21 the Action.

22   2.27. "Start Noise" means piston or piston pin noise that occurs at initial engine

23 start-up and disappears shortly after the engine warms up

24   2.28. "Unknown Claims" means any Released Claim that Plaintiff or Class

25 Members do not know or suspect to exist at the time of the release provided for herein,

26 including without limitation those that, if known, might have affected the Class

27

28

1  Member's settlement and release pursuant to the terms of this Agreement or the Class

2  Member's decision not to object to the settlement terms memorialized herein.

3    2.29.  "Unreimbursed Repair Expenses" means the amount of any repair expense

4  or partial repair expense paid by the Class Member which is not and was not (a) paid for

5  or reimbursed under the terms of the Class Member's extended warranty, service

6  contract or GMPP, (b) payable or reimbursable under the terms thereof, and (c) paid for

7  or reimbursed by GM or any Authorized GM dealer

8    2.30.  "Valid Claim" means and refers to a Claim that has been deemed eligible

9  for payment or other relief in accordance with the terms of this Agreement

10  **III.  CLASS RELIEF, CLASS NOTICE AND CLAIMS ADMINISTRATION,**

11  **ATTORNEYS' FEES AND COSTS**

12    3.1.  The following relief is available to Class Members who submit Valid

13  Claims

14    3.2.  Class Members can make Claims for multiple settlement benefits and

15  receive all benefits for which they are eligible, conditioned upon submission of a signed

16  and valid Claim Form and any required documents as further provided below  This

17  includes benefits for multiple Unreimbursed Repair Expenses, again conditioned on

18  eligibility and submission of a signed and valid Claim Form and any required

19  documents

20    3.3  **Reimbursement of Purchase Price of GMPPs.**

21    By using available GM or GMAC Insurance records, GM will identify Class

22  Members who purchased General Motors Protection Plans ("GMPPs") for Class

23  Vehicles and determine which of them purchased their GMPPs (a) within 90 days of

24  retail delivery of their Class Vehicle and (b) more than 90 days thereafter.  These Class

25  Members will be eligible for reimbursement of the purchase price of their GMPPs

26  subject to the provisions of Paragraphs A or B below if they (1) complete and return a

27  timely and valid Claim Form (in the form of Exhibits E-1 or E-2 hereto), and (2) in the

28

case of Exhibit E-1 Claim Forms **only**, submit the required documentation described below.

    A.    **GMPP Purchasers Within 90 Days of Retail Delivery.** GM will reimburse each Class Member in this group for the purchase price of the GMPP paid by the Class Member if the Class Member completes, signs under penalty of perjury and returns an Exhibit E-1 Claim Form and supplies appropriate documentation showing that his or her Silverado has or had Start Noise by the Claim Deadline.

    B.    **GMPP Purchasers More Than 90 Days After Retail Delivery** GM will reimburse each Class Member in this group for the purchase price of the GMPP paid for by the Class Member if the Class Member completes, signs under penalty of perjury and returns a signed Exhibit E-2 Claim Form by the Claim Deadline.

    **3.4.**    **Reimbursement of Customer-Paid Start Noise Repair Expense.** For each Class Member who during the Applicable Warranty Period incurred Unreimbursed Repair Expenses for a repair to address concerns about Start Noise, upon timely receipt of (i) the Class Member's completed, signed and valid Claim Form (E-1, E-2 or E-3) attesting under penalty of perjury that he or she paid for an engine repair to address a concern about Start Noise and (ii) appropriate documentation of the repair and repair expense (such as a dealer or third-party repair order), GM will fully reimburse the Class Member for the repair expense.

    **3.5.**    **Constant Noise Evaluation and Appropriate Repairs.**

    (a)    For each Class Member who completes, signs and returns a timely and valid Claim Form, attesting under penalty of perjury that prior to the expiration of the Limited Warranty Period the Class Member made inquiry or expressed concerns to an authorized GM dealer or GM about Constant Noise and did not receive a repair, GM

1  will, within twenty-one (21) days of the Effective Date mail the Class Member

2  instructions explaining how the Class Member may obtain an engine noise evaluation

3  from any authorized Chevrolet dealer in California. GM will, upon presentation of the

4  Class Vehicle to an authorized Chevrolet dealer, cause the dealer to provide a current

5  noise evaluation of the Class Vehicle at no cost to the Class Member

6       (b)    If the current noise evaluation confirms that the Class Vehicle has

7  Constant Noise, GM will offer (at the Class Member's option) repairs to address,

8  remedy or eliminate Constant Noise ("Constant Noise Repairs"), including where

9  needed replacement of appropriate components. Any Constant Noise Repair that is

10  accepted by the Class Member pursuant to this paragraph will be performed at no cost

11  to the Class Member.

12       3.6.    Reimbursement for Listed Engine Repairs. For each Class Member

13  who completes, signs and returns a timely and valid Claim Form (E-1, E-2 or E-3)

14  attesting under penalty of perjury that (a) the Class Member made inquiry of or

15  expressed concerns to an authorized GM dealer or GM about Start Noise prior to

16  expiration of the Limited Warranty Period, and (b) the Class Member incurred

17  Unreimbursed Repair Expenses for any of the engine repairs listed below within 6 years

18  or 100,000 miles of retail delivery (whichever came first), GM will reimburse the Class

19  Member for 75 percent (75 %) of the repair expense shown on appropriate written

20  documentation of the repair such as a repair order. The engine repairs eligible for this

21  reimbursement shall include **only** Unreimbursed Repair Expenses for the following

22  engine components:

23      •  cylinder block, heads, crankshaft and bearings

24      •  crankshaft seals – front and rear

25      •  camshaft and bearings

26      •  connecting rods and pistons

27      •  valve train (including valve seals, valve covers and internal parts)

28

1    • timing gears

2    • timing chain/belt and cover

3    • oil pump, oil pump housing, oil pan

4    • engine seals and gaskets

5    • lubricated internal engine parts

6    • water pump

7    • intake and exhaust manifolds

8    • flywheel

9    • harmonic balancer

10   • engine mounts

11       **3.7.    GM's Right To Offset Prior Payments and Enforce Prior Settlements**

12   **and Releases.**  GM shall have the right to reduce any amount to be reimbursed by any

13   amount previously paid by GM or any affiliate of GM for the same expense or that is or

14   was payable or reimbursable under the Class Member's extended warranty, service

15   contract, or GMPP.  GM also shall have the right to enforce fully the terms of any

16   release, judgment, arbitration award or other adjudication obtained in connection with

17   any Class Member's prior claim concerning a Class Vehicle

18       **3.8.    Mailing of Class Action Settlement Notice.**  Subject to the terms of the

19   Preliminary Approval Order, GM or its designee shall, within thirty (30) days of entry

20   of the Preliminary Approval Order cause the Class Action Settlement Notice to be sent

21   by first-class mail to all Class Members whose names and mailing addresses appear on

22   the vehicle registration data obtained from The Polk Company on or about May 30,

23   2007, which data shall be updated prior to mailing using the U S. Postal Service's

24   NCOA (National Change of Address) database

25       **3.9.    Mailing of Final Notice and Claim Forms; Submission of Claims.**  No

26   later than twenty-one (21) days after entry of Final Judgment,  GM shall cause the Final

27   Notice, substantially in the form attached as Exhibit D, and the appropriate Claim

28

1    Forms (substantially in the forms attached as Exhibits E-1 through E-3) to be sent by

2    first-class mail to all Class Members shown on the Class Action Settlement Notice

3    mailing list compiled for the mailing pursuant to paragraph 3 8 above, which data shall

4    be updated again prior to mailing using the U.S Postal Service's NCOA (National

5    Change of Address) database. Any Class Member may submit a Claim Form to GM at

6    any time after receiving Final Notice and prior to the Claims Deadline

7         **3.10. Claims Evaluation, Resolution and Payment.** GM agrees to process all

8    Claims submitted pursuant to this Agreement in good faith consistent with the terms of

9    this Agreement, and to disburse settlement payments to Class Members who submit

10    timely Valid Claims  GM will carry out these duties in accordance with the procedures

11    and guidelines set forth below. Consistent with the terms of this Agreement, Class

12    Counsel reserves the right to respond to Class Member inquiries, to use reasonable

13    efforts to resolve disputes, if any, in good faith with GM and, failing consensual

14    resolution, to move the Court for an order compelling compliance with the terms and

15    provisions of this Agreement

16         **3.11. Claims Reporting, Processing and Resolution**

17       (a)     Within twenty-one (21) days of the Effective Date, GM shall do each of

18    the following

19           (i)     send Class Counsel a list of Valid Claims (i e , Class Member's

20    name, address and VIN) (the "Valid Claims List") including the value of settlement

21    benefits under paragraphs 3.3 through 3 6 of this Agreement,

22           (ii)     send Class Counsel a list of Claims that either have been denied or

23    reduced (pursuant to paragraph 3 7, above, or otherwise), and for each denied or

24    reduced Claim a clear description of the basis for the denial or reduction,

25           (iii)     send each Class Member whose Claim has been denied or reduced a

26    written communication explaining the basis for the denial or reduction and informing

27    the Class Member of his/her/its option to challenge the denial or reduction (as set forth

28

1  below), and furnish a copy of each such written communication and the Class Member's

2  Claim Form to Class Counsel; and

3        (iv)  send all Class Members whose Claims are determined to be

4  deficient in one or more respects (e.g., because the Class Member forgot to sign the

5  Claim Form), a deficiency notice informing the Class Member that he/she/it has 21 days

6  after the receipt of that notice to cure the deficiency. If a Class Member fails to cure the

7  deficiency within 21 days after receipt of the notice to cure, GM may deny the Claim

8  and send the Class Member the written communication described in paragraph (ii)

9  above (with a copy to Class Counsel).

10     (b)   A Class Member may challenge a Claim denial or reduction by notifying

11  GM and Class Counsel, by first-class mail or email, within 21 days after GM has mailed

12  the notification of claim denial or reduction to the Class Member, and providing GM

13  and Class Counsel a statement of the reason(s) the Class Member is disputing the Claim

14  denial or reduction. GM and Class Counsel shall meet and confer in a good faith effort

15  to resolve the Class Member's challenge

16     (c)   If, after good faith attempts at resolution, the Class Member, Class

17  Counsel and GM are not able to agree on a disposition of the Class Member's Claim,

18  the Class Member may instruct Class Counsel to submit the disputed Claim to Judge

19  West, or if Judge West is unavailable, to Judge Lichtman or another judicial officer of

20  the Los Angeles Superior Court to be agreed upon by the parties or assigned by the

21  Court, for final resolution   As a convenience to the Class Member, GM, Class Counsel

22  and the Court, the parties may combine all disputed Claims so they may be adjudicated

23  together in a single proceeding   Subject to the calendar conditions of the Court, GM

24  and Class Counsel agree to use their best efforts to submit any unresolved disputes to

25  the Court within seventy-five (75) days of the Effective Date.

26

27

28

1    **3.12.  Payment of Valid Claims.**

2    (a)    As soon as reasonably practicable, and in no event later than twenty-one

3    (21) days after the Effective Date, GM shall send, by first-class mail, to each Class

4    Member with a Valid Claim a settlement payment check in the amount of the Class

5    Member's Valid Claim.

6    (b)    Class Members eligible for settlement payments who receive a deficiency

7    notice and who timely cure the deficiency will be sent a settlement check within fifteen

8    (15) days after the deficiency has been cured and GM has determined the Claim to be a

9    Valid Claim.

10    (c)    Class Members eligible for settlement payments and who receive a notice

11    that their Claim has been reduced will be entitled to receive a settlement check, as

12    follows   (1) if the Class Member does not timely challenge the reduction, the Class

13    Member will be sent a settlement check in the amount of the reduced Claim within

14    thirty (30) days of the date the communication specified in paragraph 3.11(a)(ii) was

15    mailed to the Class Member; ALTERNATIVELY, (2) if the Class Member challenges

16    the reduction, the Class Member will be sent a settlement check within fifteen (15) days

17    after the date the Class Member's challenge is finally resolved and the amount of the

18    settlement payment to which the Class Member is entitled is finally determined either

19    through the meet and confer efforts of the Class Member, Class Counsel and GM, or by

20    order of the Court, as specified in paragraph 3 11 above.

21    **3.13.  Costs of Class Notice and Claims Administration.**  GM stipulates and

22    agrees that it will pay all notice and claims administration costs.

23    **3.14.  Notice to Authorized Chevrolet Dealers in California.**  GM shall

24    prepare an advisory, which GM will share with Class Counsel, informing authorized

25    Chevrolet dealers in California of the pertinent Settlement terms and procedures   GM

26    shall send the advisory to Chevrolet dealers in California within twenty-one (21) days of

27    the Effective Date.

28

1      **3.15.   Spanish Language Notices.**  Class Counsel shall, by no later than the

2  date the Class Action Settlement Notice is mailed to Class Members, post  English-

3  language and Spanish-language versions of the Class Action Settlement Notice (which

4  Spanish-language translation shall be paid for by GM as a claims administration

5  expense under paragraph 3 13 above) on Class Counsel's website, at:

6  www.GirardGibbs/SilveradoSettlement.com.

7      **3.16.   Attorneys' Fees and Documented Costs and Expenses, and Incentive**

8  **Payment to Representative Plaintiff.**  After an agreement was reached as to the

9  principal terms and conditions of this Agreement, and with the assistance of Judge

10  West, the Parties entered into discussions regarding an Incentive Award to the

11  Representative Plaintiff, Attorneys' Fees for Class Counsel, and reimbursement of

12  Class Counsel's Documented Costs and Expenses, as described herein.  Pursuant to

13  those discussions, the Parties agree that, prior to the Fairness Hearing and entry of the

14  Final Judgment, Class Counsel may apply to the Court for an Incentive Award to

15  Representative Plaintiff and for an award of Attorneys' Fees.  GM agrees not to oppose

16  either application provided that Class Counsel does not request an Incentive Award for

17  Representative Plaintiff in excess of $7,500.00, and does not request a total and all-

18  inclusive Attorneys' Fees award in excess of $1,950,000  GM also agrees not to oppose

19  an application for reimbursement of Class Counsel's Documented Costs and Expenses,

20  subject to reasonable documentation being provided to the Court, and provided that said

21  application does not request reimbursement of Document Costs and Expenses in excess

22  of $215,000.

23      **3.17.   GM's Payment Agreement**   Subject to the other terms of this

24  Agreement, GM agrees to pay the Incentive Award and the Attorneys' Fees awarded by

25  the Court provided that the Incentive Award does not exceed $7,500.00, and the

26  Attorneys' Fees award does not exceed $1,950,000 00.   GM also agrees to reimburse

27  Class Counsel's Documented Costs and Expenses in the amount applied for and

28

1  awarded by the Court, subject to the limitations set forth in paragraph 3.16, above.

2  Such payments will not reduce benefits available to Class Members nor will Class

3  Members be required to pay any portion of the Incentive Award, Attorneys' Fees or

4  Documented Costs and Expenses.  The Class Notice will advise the Class Members of

5  Class Counsel's intent to seek an award of Attorneys' Fees and an Incentive Award the

6  Representative Plaintiff, including the amounts thereof.  The amounts actually awarded

7  by the Court shall not affect the other terms of the settlement which shall remain in full

8  force and effect.

9        3.18.  Deposit of Funds.  Within five (5) business days of the Court granting

10  final approval of the Settlement, GM in full satisfaction of its monetary obligations to

11  Class Counsel will deposit all sums awarded as an Incentive Award for the

12  Representative Plaintiff, all sums awarded as Attorneys' Fees for Class Counsel, and all

13  sums awarded as reimbursement for Class Counsel's Documented Costs and Expenses,

14  into an interest-bearing bank account established at Union Bank of California, 44

15  Montgomery Street, San Francisco, California, or such other bank to be agreed upon by

16  the Parties  Within ten (10) days of the Settlement's Effective Date, and absent any

17  appeal by an objector from an order awarding an Incentive Award to the named plaintiff

18  or awarding Attorneys' Fees to Class Counsel, GM will transfer the sums deposited in

19  the Union Bank of California (or other agreed-upon) account, together with any accrued

20  interest, from the Union Bank of California (or other agreed-upon) account to an

21  Attorney-Client Trust Account established by Class Counsel as directed by Class

22  Counsel  In the event that the Settlement does not become effective, GM retains all

23  right to the amounts deposited in the Union Bank of California (or other agreed-upon)

24  account and may withdraw and retain the full amounts deposited, including any interest

25  earned  Notwithstanding the foregoing, in the event that a trial court ruling or appeal

26  results in the reduction of the Incentive Award, Documented Costs and Expenses or

27  Attorney's Fee Award, then GM on the later of ten days following the Effective Date or

28

1   ten days following the final disposition of any appeal shall transfer the reduced

2   amount(s) awarded to Plaintiff and/or Class Counsel to Class Counsel's trust account,

3   together with a pro rata share of the interest earned, and GM shall receive the remaining

4   balance of the account, including a pro rata share of the interest earned.

5        **3.19.   Limitation on GM's Liability.**  GM shall have no liability or obligation

6   to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of,

7   any person, either directly or indirectly, in connection with this Action, the Agreement,

8   or the proposed settlement, other than the amounts expressly provided for in the

9   Agreement.

10       **IV.  SETTLEMENT APPROVAL, RELEASE AND DEFAULT**

11       4.1.   Promptly after execution of this Agreement, Plaintiff and GM will apply

12   to the Court for entry of the proposed Preliminary Approval Order, attached hereto as

13   Exhibit B, and setting of a hearing for the Court to consider (a) whether to make final its

14   certification of the Class for purposes of the Settlement but not for trial purposes, (b)

15   whether to grant final approval of the Settlement as fair, reasonable and adequate for the

16   Class as a whole, (c) whether to grant Class Counsel's application for Attorneys' Fees,

17   Documented Costs and Expenses and the Representative Plaintiff's Incentive Award

18   and, if so, in what amounts; and (d) any related matters as appropriate ("Fairness

19   Hearing")

20       4.2    GM shall cause the Class Action Settlement Notice to be printed and

21   mailed to Class Members in accordance with the terms of the Preliminary Approval

22   Order and paragraph 3.8 of this Agreement  No later than the day the motion for final

23   approval of the Settlement is to be filed under the Preliminary Approval Order, GM or

24   its designee will file an affidavit or declaration attesting it has mailed the Class Action

25   Settlement Notice to Class Members in accordance with the Preliminary Approval

26   Order.

27

28

1    4.3.    In accordance with the Preliminary Approval Order or such other or

2    further order of the Court, Class Counsel will file a motion for final approval of the

3    Settlement and an application for Attorneys' Fees, Documented Costs and Expenses,

4    and an Incentive Award for the Representative Plaintiff, and the Parties will brief the

5    motion and application.  GM may, but is not obligated to, join in the motion for final

6    approval of the Settlement

7    4 4    The Parties will appear at the Fairness Hearing and present their

8    arguments in support of final approval of the Settlement and entry of the proposed Final

9    Judgment, and Class Counsel will present its arguments in support of an award of

10   Attorneys' Fees, Documented Costs and Expenses, and an Incentive Award for the

11   Representative Plaintiff  GM will not object to or oppose an award of Attorneys' Fees,

12   Documented Costs and Expenses and an Incentive Award for the Representative

13   Plaintiff if the amounts sought do not exceed the limits set forth in paragraphs 2.15, 3 16

14   and 3 17

15   4 5    Representative Plaintiff and each Class Member stipulates and agrees that,

16   upon the Effective Date, he, she, or it shall be deemed to have, and for the consideration

17   provided for herein and by operation of the Final Judgment shall have, released, waived

18   and discharged his, her or its Released Claims as defined herein and shall have

19   expressly waived and relinquished, to the fullest extent permitted by law, the provisions,

20   rights, and benefits of section 1542 of the California Civil Code, and of any similar law

21   of any other state, which provides  "a general release does not extend to claims which

22   the creditor does not know or suspect to exist in his or her favor at the time of executing

23   the release, which if known by him or her must have materially affected his or her

24   settlement with the debtor " Representative Plaintiff and Class Members may hereafter

25   discover facts in addition to or different from those which he or she now knows or

26   believes to be true with respect to the subject matter of the Released Claims, but

27   Representative Plaintiff and Class Members, upon the Effective Date, shall be deemed

28

1  to have, and by operation of law shall have, fully, finally and forever settled, released

2  and discharged any and all Released Claims, known or unknown, suspected or

3  unsuspected, contingent or non-contingent, whether or not concealed or hidden, that

4  now exist or heretofore may have existed upon any theory of law or equity now existing

5  or coming into existence in the future, including but not limited to, conduct that is

6  negligent, reckless, intentional, with or without malice, or a breach of any duty, law or

7  rule, without regard to the subsequent discovery or existence of such different or

8  additional facts.

9      4.6    GM agrees that, upon the Effective Date, it shall be deemed to have

10  released, waived and discharged any and all claims or causes of action, known or

11  unknown, against Representative Plaintiff Jason Anderson or Class Counsel based on or

12  in any way related to any of the allegations, acts, omissions, transactions, events or

13  other matters alleged, claimed or at issue in the Action, provided that this release shall

14  not extend to any claim for breach of this Agreement or violation of the Final Judgment

15  entered pursuant to the terms hereof.

16  **V.  PRELIMINARY INJUNCTION PENDING FAIRNESS HEARING.**

17      5.1    Pending Court approval of this Agreement at the Fairness Hearing, all

18  potential Class Members who have not previously excluded themselves from the Class

19  shall be preliminarily enjoined and barred (i) from filing or commencing any lawsuit in

20  any jurisdiction based on or relating to the claims and causes of action, or the facts and

21  circumstances relating thereto, in this Action and/or the Released Claims, and (ii) from

22  filing or commencing any other lawsuit as a class action on behalf of Class Members

23  (including by seeking to amend a pending complaint to include class allegations or

24  seeking class certification in a pending action) based on or relating to the claims and

25  causes of action, or the facts and circumstances relating thereto, in this Action and/or

26  the Released Claims.

27  //

28

## VI. OBJECTIONS TO SETTLEMENT

6 1    Any Class Member who wishes to object to the Agreement, the proposed settlement, the Incentive Award or the request for Attorneys' Fees and Expenses, must serve a written objection that must be postmarked no later than forty-five (45) days after the date of mailing of the Class Action Settlement Notice.  The written objection must be filed and served as follows

| Clerk of the Court | Class Counsel | GM's counsel |
|---|---|---|
| Clerk of the Court | Elizabeth Pritzker | Gregory R. Oxford |
| Superior Court of the State of California | Girard Gibbs LLP | Isaacs Clouse Crose & Oxford LLP |
| County of Los Angeles | 601 California St., 14th Floor | 21515 Hawthorne Blvd , Suite 950 |
| Central Civil West Courthouse | San Francisco, CA 94108 | Torrance, CA 90503 |
| 600 S. Commonwealth Avenue | | |
| Los Angeles, CA 90005 | | |

The written objection must include: *(i)* the objector's name, address and telephone number, *(ii)* the Vehicle Identification Number of the vehicle that establishes that the objector is a member of the Class, *(iii)* the name of this case and the case number, *(iv)* the specific reason and basis for the objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence in support of each objection

6.2    If the objector intends to appear at the Fairness Hearing through counsel, the comment must also state the following   *(i)* the identity of all attorneys representing the objector who will appear at the fairness hearing, *(ii)* the identity and number of Class Members represented by objector's counsel, *(iii)* the number of such represented Class Members who have opted out of the Class and the Settlement, *(iv)* the number of such represented Class Members who have remained in the Settlement and have not objected; *(v)* the date the objector's counsel assumed representation for the objector, and *(vi)* a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years.  Objecting Class Members must also make themselves available for deposition by Class Counsel and/or GM's counsel in their

1    county of residence, between the time the objection is filed and seven (7) days before

2    the date of the Fairness Hearing  To appeal from any provision of the order approving

3    the Settlement as fair, reasonable and adequate, the award of incentive payments, or to

4    the award of reasonable attorneys' fees and documented costs and expenses paid by

5    Defendant and awarded to Class Counsel, the objector must appear in person, or

6    through counsel, or seek leave of Court excusing such appearance prior to the fairness

7    hearing, or as otherwise may be permitted by the Court at the fairness hearing.  In

8    addition, the objector must demonstrate compliance with paragraph 6 1 to show that he

9    or she is a member of the Class.

10        6 3     Class Members, or their attorneys, intending to make an appearance at the

11    Fairness Hearing, must deliver a Notice of Intention to Appear to Class Counsel and

12    Defendant's Counsel identified above, and have this Notice file-stamped by the Court,

13    no later than thirty (30) days before the Fairness Hearing.  The Notice of Intention to

14    Appear must. (i) state how much time the Class Member and/or their attorney

15    anticipates needing to present the objection, (ii) identify, by name, address, telephone

16    number and detailed summary of testimony, any witnesses the Class Member and/or

17    their attorney intends to present any testimony from; and (iii) identify all exhibits the

18    Class Member and/or their attorney intends to offer in support of the objection and

19    attach complete copies of all such exhibits

20        6.4.     Any Class Member and/or their attorney who fails to comply with the

21    provisions of the foregoing paragraphs 6 1 through 6.3 shall be deemed to have waived

22    and forfeited any and all rights he or she may have to appear separately and/or object,

23    and shall be bound by all the terms of the Agreement.

24                **VII. GENERAL PROVISIONS.**

25        7.1.     All Parties agree that this Agreement was drafted jointly by counsel for

26    the Parties at arm's length and that the Agreement including its Exhibits constitutes the

27    sole agreement between the Parties concerning the subject matter hereof.  Further, the

28

1  Parties intend and agree that this Agreement, including its Exhibits, is a fully integrated

2  and enforceable Agreement, and further stipulate and agree that: *(i)* there are no other

3  agreements, written or oral, between the Parties concerning this subject matter; *(ii)* no

4  representations, warranties or inducements have been made to any Party concerning the

5  Settlement or this Agreement other than are contained in the Agreement; and *(iii)* this

6  Agreement shall not be modified or amended except by a signed writing executed by or

7  on behalf of all Parties and approved by the Court.

8      7 2.    The Parties expressly agree that the terms and provisions of this

9  Agreement are contractual and not a mere recital and shall survive the execution of this

10  Agreement and entry of the Final Judgment and shall continue in full force and effect

11  thereunder

12      7 3    The Agreement will terminate at the sole option and discretion of GM or

13  Class Counsel if  (i) the Court, or any appellate court(s), rejects, modifies or denies

14  approval of any material portion of the Agreement or the proposed settlement (except

15  for the Incentive Award, Reimbursement of Designated Costs and Expenses and the

16  Award of Attorneys' Fees and Expenses as to which the provisions of paragraph 3 17

17  shall control), including, without limitation, the terms of relief, the findings of the

18  Court, the provisions relating to notice, the definition of the Class and/or the scope or

19  terms of the Released Claims, or (ii) the Court, or any appellate court(s), does not enter

20  or affirm, or alters or expands, any material portion of the Final Judgment  In such

21  event, this Agreement and all negotiations shall be without prejudice to the Parties and

22  shall not be admissible into evidence, and shall not be deemed or construed to be an

23  admission or confession by any of the Parties or any fact, matter or proposition of law.

24      7.4.    If this Stipulation is not approved by the Court or the Settlement is

25  terminated or there is a failure to reach the Effective Date in accordance with the terms

26  of this Stipulation, the Parties and all Class Members will be restored to their respective

27  positions as of the date immediately preceding the commencement of settlement

28

1  discussions in the Action, including their respective positions on class certification  In

2  such event, the terms and provisions of this Stipulation, will have no further force and

3  effect with respect to the Parties, neither the fact nor the terms of the Settlement will be

4  used in this Action or in any other proceeding for any purpose; and any Judgment or

5  order entered by the Court in accordance with the terms of this Stipulation will be

6  treated as vacated, nunc pro tunc  No order of the Court or modification or reversal on

7  appeal of any order of the Court concerning any Incentive or Attorneys' Fee Award or

8  Reimbursement of Documented Costs and Expenses will constitute grounds for

9  cancellation or termination of this Stipulation.

10      7.5    The Agreement shall be governed by and interpreted according to the laws

11  of the State of California without regard to its conflicts of law provisions

12      7.6    If any disputes arise regarding the implementation or interpretation of this

13  Agreement, the Parties agree to use reasonable efforts to resolve the dispute, including

14  consultation or mediation with Judge West, failing which the parties agree to present the

15  dispute Judge Lichtman or another judicial officer of the Los Angeles Superior Court to

16  be agreed upon by the parties or assigned by the Court for final resolution

17      7 7    Whenever the Agreement requires or contemplates that one Party shall or

18  may give notice to the other, notice shall be provided by facsimile and/or next-day

19  (excluding weekends and holidays) express delivery service as follows·

20          a      If to Defendant, then to

21  L. Joseph Lines, III                     Gregory R  Oxford
    General Motors Corporation               Isaacs Clouse Crose & Oxford LLP
22  Mail Code 482-026-601                    21515 Hawthorne Boulevard, Suite 950
    400 Renaissance Center                   Torrance, California 90503
23  P.O. Box 400                             (310) 316-1990
    Detroit, Michigan 48265-4000             (310) 316-1330 (FAX)

24

25  //

26  //

27  //

28

*Stipulation of Settlement*
24

1         b.     If to Plaintiff, then to Class Counsel

2 Elizabeth C. Pritzker
   Girard Gibbs LLP
3 601 California St., 14th Floor
   San Francisco, California 94108
4 (415) 981-4800
   (415) 981-4846 (FAX)

5

6       7.8    The Parties reserve the right, subject to the Court's approval, to agree

7 upon any reasonable extensions of time that might be necessary to carry out any of the

8 provisions of the Agreement.

9       7.9    In no event shall the Agreement, any of its provisions or any negotiations,

10 statements, or court proceedings relating hereto in any way be construed as, offered as,

11 received as, or used as an admission of liability in any judicial, administrative,

12 regulatory, arbitration or other proceeding. Further, this Agreement shall not be offered

13 or admitted into evidence in any proceeding, except the proceeding to seek court

14 approval of this settlement or in a proceeding to enforce the terms of the settlement.

15       7.10.    The Parties, their successors and assigns, and their attorneys undertake to

16 implement the terms of the Agreement in good faith, and to use good faith in resolving

17 any disputes that may arise in the implementation of the terms of the Agreement

18       7.11    The Parties, their successors and assigns, and their attorneys agree to

19 cooperate fully with one another in seeking Court approval of the Agreement and to use

20 their best efforts to effect the prompt consummation of the Agreement and the proposed

21 settlement

22       7.12    The Court will retain jurisdiction to the extent allowed by law with respect

23 to implementation and enforcement of the terms of this Stipulation, and the Parties

24 submit to the jurisdiction of the Court for purposes of implementing and enforcing the

25 Settlement    All applications with respect to any aspect of the Settlement shall be

26 presented to and determined by the Court

27 //

28

1        7 13.   Each person executing this Agreement warrants that he or she has the

2    authority to do so

3        7.14.   The Agreement may be signed in counterparts, each of which shall

4    constitute a duplicate original.

5

6    **APPROVED AND AGREED TO BY AND ON BEHALF OF
PLAINTIFF JASON ANDERSON AND THE CLASS**

7    Date,  November *13*, 2008

8    GIRARD GIBBS LLP

9

10   By:  _____
        Elizabeth C  Pritzker

11   Attorney for Plaintiff
Jason Anderson and the Class

12

13   **APPROVED AND AGREED TO BY AND ON BEHALF OF
DEFENDANT GENERAL MOTORS CORPORATION**

14

15   Date·  November *15*, 2008

16   ISAACS CLOUSE CROSE & OXFORD LLP

17

18   By  _____
        Gregory R. Oxford

19   Attorney for Defendant
General Motors Corporation

20

21

22

23

24

25

26

27

28

# EXHIBIT D

COPY

1  ERIC H. GIBBS (S.B. #178658)
   ELIZABETH C. PRITZKER (S.B. #146267)
2  GIRARD GIBBS LLP
   601 California St., 14th Floor
3  San Francisco, California 94108
   Tel: (415) 981-4800; Fax: (415) 981-4846
4
   Attorneys for Plaintiff
5  Jason Anderson and the Class

6  GREGORY R. OXFORD (S.B. #62333)
   ISAACS CLOUSE CROSE & OXFORD LLP
7  21515 Hawthorne Boulevard, Suite 950
   Torrance, California 90503
8  Tel: (310) 316-1990; Fax: (310) 316-1330

9  Attorneys for Defendant
   General Motors Corporation
10
   Of Counsel
11 L. JOSEPH LINES, III
   GENERAL MOTORS CORPORATION
12 Mail Code 482-026-601
   400 Renaissance Center
13 P.O. Box 400
   Detroit, Michigan 48265-4000
14 Tel: (313) 665-7386; Fax: (313) 665-7376

RECEIVED

NOV 13 2008

Dept. 322

ORIGINAL FILED

NOV 18 2008

LOS ANGELES
SUPERIOR COURT

15

16        SUPERIOR COURT OF THE STATE OF CALIFORNIA

17               COUNTY OF LOS ANGELES

18

19 Coordination Proceeding Special Title        Case No. JCCP4396
   (Rule 1550(c))
20                                               CERTIFIED CLASS ACTION
        GENERAL MOTORS CASES
21                                               [PROPOSED] ORDER
22 This Document Relates to:                     PRELIMINARILY APPROVING
                                                 STIPULATION OF SETTLEMENT
23 JASON ANDERSON, on behalf of himself
   and all others similarly situated,
24                                               Hearing Date:  November 18, 2008
                     Plaintiff,                  Time:          9:30 a.m.
25                                               Department:    CCW 322
            v.
26                                               Hon. Peter D. Lichtman
   GENERAL MOTORS CORPORATION,
27
                     Defendant.
28                                               BY FAX

                              1

1   WHEREAS, Representative Plaintiff Jason Anderson, individually and as certified

2 representative of the Class ("Plaintiff") and defendant General Motors Corporation

3 ("GM") have entered into a Stipulation of Settlement (the "Agreement") subject to the

4 approval and determination of the Court as to fairness, reasonableness, and adequacy of

5 the settlement which, if approved, will result in dismissal of the Action with prejudice;

6 and

7   WHEREAS, terms defined in the Agreement filed by the parties herein will have

8 the same meaning in this Order,

9   IT IS HEREBY STIPULATED, by and between Representative Plaintiff and GM,

10 by and through their undersigned counsel, that the Court following its review of the

11 Stipulation of Settlement and related documents submitted by the parties, may enter its

12 order as follows:

13   The Court based on its independent review of and due deliberation concerning the

14 Stipulation of Settlement and related documents hereby orders:

15   **1.**  **Preliminary Approval**. Based on the facts and legal authorities presented

16 to the Court throughout the pendency of this Action, the terms of the Agreement and the

17 Court's independent review, the proposed Agreement appears to be fair, reasonable and

18 adequate with respect to Class Members as that term is defined in the Stipulation of

19 Settlement.

20   **2.**  **Fairness Hearing**.

21   (a)  A hearing will be held on [March 5, 2009 at 1 : 45 p.m.] in Department

22 CCW 322 of the Los Angeles Superior Court, Central Civil West Courthouse, 600 S.

23 Commonwealth Avenue, Los Angeles, California, to decide, among other things: (a)

24 whether the Agreement should be finally approved as fair, reasonable and adequate; (b)

25 whether the Action should be dismissed with prejudice pursuant to the terms of the

26 Agreement; (c) whether Class Members should be bound by the release set forth in the

27 Agreement; (d) whether Class Members should be subject to a permanent injunction that,

28 among other things, will enjoin and bar Class Members from filing, commencing,

1   prosecuting, intervening in, or participating in (as class members or otherwise), any

2   lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the

3   facts and circumstances relating thereto, in this Action and/or the Released Claims (as

4   defined in the Agreement); and (e) whether the application of Class Counsel for an award

5   of Attorneys' Fees and reimbursement of Class Counsel's Documented Costs and

6   Expenses, and the application of Representative Plaintiff Jason Anderson for an Incentive

7   Award should be approved.

8       3.     **Pre-Hearing Notices.**

9           (a)     **Class Notice.** Notice of the proposed class action settlement, in the

10  form filed with this Court as Exhibit C to the Agreement (the "Class Action Settlement

11  Notice"), shall be sent by first-class mail to Class Members by GM within thirty (30) days

12  after the entry of this Preliminary Approval Order, subject to any reasonable extension of

13  this deadline that is agreeable to the Parties or ordered by the Court. Additionally, Class

14  Counsel shall, by no later than the date the Class Action Settlement Notice is mailed to

15  Class Members, post a Spanish-language version of the Class Action Settlement Notice on

16  Class Counsel's website, at the following URL:

17  www.GirardGibbs/SilveradoSettlement.com.

18          (b)     **Proof of Mailing Class Notices.** At the time the motion for final

19  approval of the Settlement is to be filed, the Claims Administrator or other such

20  appropriate person or entity, among others, shall file an affidavit or declaration attesting

21  that notice to the Class was disseminated in accordance with this Preliminary Approval

22  Order.

23      4.     **Findings Concerning Notice.** Having considered, among other factors, *(i)*

24  the cost of giving notice by various methods, *(ii)* the interests of each Class Member; *(iii)*

25  the likelihood that Class Members' current address can be obtained, and *(iv)* the likelihood

26  that each Class Member will receive actual notice, the Court expressly finds that notice

27  given in the form and manner provided in Paragraph 3(a) of this Order and as described in

28  the Agreement will provide the best notice practicable under the circumstances. The

*Order Preliminarily Approving Stipulation of Settlement*

1    Court finds that the content and manner of the Class Notice: *(i)* is the best practicable

2    notice; *(ii)* is reasonably calculated, under the circumstances, to apprise Class Members of

3    the pendency of the Action and of their right to object to the proposed settlement; *(iii)* is

4    reasonable and constitutes due, adequate and sufficient notice to all persons entitled to

5    receive notice; and *(iv)* meets all applicable requirements of any law, the Due Process

6    Clauses of the United States and California Constitutions, and the California Code of Civil

7    Procedure and Rules of Court.  The Court further finds that the proposed manner and form

8    of the Class Notice reasonably advises potential members of the Class of the following:

9    (a) the nature of the Action and settlement relief, and that the relief is limited to that

10   provided by the Agreement and is contingent on the Court's final approval thereof; and

11   (b) that any Class Member may, if he or she desires, object and enter an appearance

12   through his or her counsel.  In sum, the Court finds that the Class Notice and method of

13   mailing to Class Members provided in the Agreement is readily understandable,

14   reasonable, constitutes due, adequate and sufficient notice to all persons entitled to receive

15   notice and meets all the requirements of due process.

16        5.    **Objections and Appearances.**

17             (a)    **Written Objections.**  Any Class Member who wishes to object to the

18   fairness, reasonableness or adequacy of the Agreement or the proposed settlement, award

19   of Attorneys' Fees or Incentive Award, may make a written objection, in compliance with

20   Section V of the Agreement, which must be received by Class Counsel and GM's Counsel

21   and have been file-stamped by the Court no later than [February 2, 2009][45 days from

22   the date of mailing of the Class Notice]    Written objections must be verified by sworn

23   affidavit and must include: *(i)* the objector's name, address and telephone number; *(ii)* the

24   name of the Action and the case number, *(iii)* a statement of each objection; and *(iv)* a

25   written brief detailing the specific reasons, if any, for each objection, including any legal

26   and factual support the objector wishes to bring to the Court's attention and any evidence

27   the objector wishes to introduce in support of the objection(s).  If the objection is

28   presented through an attorney, the written objection must also include: *(i)* the identity and

4

1   number of Class Members represented by objector's counsel; *(ii)* the number of such

2   represented Class Members who have opted out of the settlement; *(iii)* the number of such

3   represented Class Members who have remained in the settlement and have not objected;

4   *(iv)* the date the objector's counsel assumed representation for the objector, and *(v)* a list

5   of the names of all cases where the objector's counsel has objected to a class action

6   settlement in the last three years.  Objecting Class Members who intend to testify in

7   support of their objection either in person or by affidavit must also make themselves

8   available for deposition by Plaintiffs' counsel and/or GM's counsel in their county of

9   residence, between the time the objection is filed and seven (7) days before the date of the

10  Fairness Hearing.  To appeal from any provision of the final order approving the

11  Settlement as fair, reasonable and adequate, the award of an Incentive Payment to the

12  Representative Plaintiff, or to the award of Attorneys' Fees or Documented Costs and

13  Expenses paid by GM and awarded to Class Counsel, the objector must appear at the

14  Fairness Hearing in person, or through counsel, or seek leave of Court excusing such

15  appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at

16  the Fairness Hearing.

17          (b)     **Appearance at Fairness Hearing**.  Any Class Member who files

18  and serves a written objection, as described in the preceding subsection, may appear at the

19  Fairness Hearing, either in person or through personal counsel hired at the Class

20  Member's expense, to object to the fairness, reasonableness, or adequacy of the Agreement

21  or the proposed settlement, or to the award of Attorneys' Fees and Expenses.  Class

22  Members, or their attorneys, intending to make an appearance at the Fairness Hearing,

23  must deliver to Class Counsel and GM's Counsel, and have file-marked by the Court, no

24  later than [**February 2, 2009**], a Notice of Intention to Appear.  The Notice of Intention

25  to Appear must: *(i)* state how much time the Class Member and/or their attorney

26  anticipates needing to present the objection; *(ii)* identify, by name, address, telephone

27  number and detailed summary of testimony any witnesses the Class Member and/or their

28  attorney intends to present any testimony from; and *(iii)* identify all exhibits the Class

5

1    Member and/or their attorney intends to offer in support of the objection and attach

2    complete copies of all such exhibits.

3            (c)    Any Class Member and/or their attorney who fails to comply with the

4    provisions of the preceding subsections shall waive and forfeit any and all rights he or she

5    may have to appear separately and/or object, and shall be bound by all the terms of the

6    Agreement and any orders entered by the Court.

7            (d)    Written objections and Notices of Intention to Appear (along with the

8    supporting brief, any evidence, and any other required materials) must be filed with the

9    Clerk of the Court _and_ delivered to Plaintiffs' counsel and GM's counsel no later than

10   [February 2, 2009] at the following addresses:

11

12

| Clerk of the Court: | GM's Counsel: |
|---|---|
| Superior Court of California | Gregory R. Oxford |
| County of Los Angeles | Isaacs Clouse Crose & Oxford LLP |
| Central Civil West Courthouse | 21515 Hawthorne Boulevard |
| 600 S. Commonwealth Avenue | Suite 950 |
| Los Angeles, California 90005 | Torrance, California 90503 |
| Class Counsel: | |
| Elizabeth C. Pritzker | |
| Girard Gibbs LLP | |
| 601 California St., 14th Floor | |
| San Francisco, California 94108 | |

13

14

15

16

17

18

19           6.    **Final Approval Pleadings, Incentive Awards and Fee Application**.

20           (a)    Class Counsel shall file a motion for final approval of the Settlement and an

21   application for Attorneys' Fees, Documented Costs and Expenses, and an Incentive

22   Award for the Representative Plaintiff on or before [February 2, 2009]. GM has the right,

23   but not the obligation, to join in the motion for final approval of the Settlement.

24           (b)    Five (5) court days prior to the date set for hearing, Class Counsel and/or

25   GM may file a reply memorandum in support of the motion for final approval of the

26   Settlement. Class Counsel and/or GM shall be permitted to respond to Class Member

27   comments on or objections to the Settlement, if any, as part of its reply memorandum.

28

_Order Preliminarily Approving Stipulation of Settlement_

7. **Preliminary Injunction.** All Class Members are preliminarily enjoined and barred (*i*) from filing or commencing any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or included within the Released Claims; and *(ii)* from filing or commencing any lawsuit based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or included within the Released Claims.

8. **Service of Papers.** GM's counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by a Class Member. GM's counsel and Class Counsel shall promptly furnish each other with any and all objections or written exclusion requests that may come into their possession before the Fairness Hearing.

9. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (b) the proposed settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In such event, the proposed settlement and Agreement shall become null and void and be of no further force and effect, shall be inadmissible into evidence for any purposes, and neither the Agreement nor this Preliminary Approval Order shall be used or referred to for any purpose whatsoever.

10. **Use of Order.** This Preliminary Approval Order shall be of no force and effect if the settlement is not approved or does not become final and shall not be construed or used as an admission, concession or declaration by or against GM of any fault, wrongdoing, breach or liability, or by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in the Action is inappropriate, improper or

1   unavailable, or as a waiver by any party of any defenses it may have, including defenses

2   or arguments opposing class certification.

3       11.    **Defined Terms.**  Capitalized terms used in this Preliminary Approval Order

4   shall have the same meaning as set forth in Part II of the Stipulation of Settlement.

5       Good cause appearing therefor, **IT IS SO ORDERED.**

6   DATED: November 10, 2008

7                                                   PETER D. LICHTMAN
                                                    _____

8                                                   Judge of the Superior Court

9

10  **APPROVED AS TO FORM:**

11  GIRARD GIBBS LLP

12      By: _____

13          Elizabeth C. Pritzker
            Attorneys for Plaintiff
14          Jason Anderson and the Class

15  ISAACS CLOUSE CROSE & OXFORD LLP

16

17      By: _____

18          Gregory R. Oxford
            Attorneys for Defendant
19          General Motors Corporation

20

21

22

23

24

25

26

27

28

8

*Order Preliminarily Approving Stipulation of Settlement*

# EXHIBIT E

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*In Re General Motors Cases (Anderson v. General Motors Corp.), JCCP No. 4396*

## FOR CALIFORNIA RESIDENTS WHO OWN OR LEASE 1999-2003 CHEVROLET SILVERADO TRUCKS WITH 4.8, 5.3, 6.0 OR 8.1 LITER ENGINES

### You May Be Able To Obtain Cash Reimbursements If Your Vehicle Has Piston Or Piston Pin Noise Under A Proposed Class Action Settlement.

**The Settlement.** There is a proposed Class Action Settlement involving California owners and lessees of certain 1999-2003 Chevrolet Silverado trucks who have piston or piston pin noise in their vehicles. This noise is sometimes referred to as cold engine knock, rough idle, piston slap, cold tick or cold start noise.

**Persons Entitled to Benefits.** You are a Class Member and entitled to benefits under the Settlement if 1) you live in or purchased or leased one of these Silverado vehicles in California, 2) you owned or leased the vehicle as of June 15, 2007, and 3) the vehicle makes or has made piston or piston pin noise.

**Available Settlement Benefits.** The Settlement must be approved by the Superior Court of California, County of Los Angeles. If approved, available benefits will include:

For those people with piston or pin noise only at startup:

* Full cash reimbursement of the purchase price of any General Motors Protection Plan ("GMPP"),

* Full cash reimbursement of expenses paid for piston or piston pin noise repairs during the Limited Warranty period or, if applicable, during the GMPP period.

* Cash reimbursement of 75% for certain engine repair expenses within 6 years or 100,000 miles of retail delivery of the vehicle, and

For those people with constant piston or pin noise:

* A free noise evaluation by an authorized GM dealer and, if needed, a free engine repair.

See pages 2-3 of this Notice for additional information about these benefits and required documentation.

**Settlement Approval and Claims Process.** If the Court approves the Settlement, a Claim Form will be mailed to you. You may use the Claim Form to make a claim for settlement payments or other benefits.

**Summary of Class Members' Rights and Options Under the Settlement.** The purpose of this Notice is to inform you, as a potential Class Member, of the terms of the proposed Settlement, and your rights and options under the Settlement. You may:

| | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you agree with the Settlement, you need not do anything until after the Court decides whether to approve the Settlement. If the Settlement is approved, you will be sent a Claim Form, and instructions about how to claim your settlement benefits. |
| **OBJECT OR COMMENT ON THE SETTLEMENT** | Write the Court about why you do, or do not, like the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |
| **DO NOTHING** | Receive no payment or other benefit. Become barred from bringing or being part of any other lawsuit concerning these issues. |

*This Notice May Affect Your Rights. Please Read It Carefully.*
For more information or a copy of this Notice in Spanish, call 1-866-981-4800 or visit www.girardgibbs.com/silverado

*Este Aviso Le Informa Sobre un Acuerdo Legal Propuesto Que Puede Afectar Sus Derechos. Por Favor Lea Este Aviso Con Cuidado. Para mas información o una copia de este aviso en español, llama 1-866-981-4800 o lo visita www.girardgibbs.com/silverado*

## PLAINTIFFS' STATEMENT ABOUT THE CASE

This lawsuit is brought by Plaintiff Jason Anderson against General Motors Corporation ("GM"). The lawsuit alleges that GM has an Engine Knock Noise "Adjustment Program" under which it provides certain owners and lessees of Silverado trucks with extended warranties, General Motors Protection Plans ("GMPPs") or other benefits when they complain that their vehicles have or have had piston or piston pin noise at initial start up that goes away shortly after the engine warms up ("Start Noise"). Plaintiff claims GM violated California's "Secret Warranty" Law, Cal Civil Code §§ 1795 90 et seq., and Unfair Competition Law, Cal Bus & Prof Code § 17200 et seq., because GM failed to notify all 1999-2003 Silverado owners and lessees about its Adjustment Program, or inform them that they may be eligible for a free GMPP or other benefits offered under that Program

### GM'S STATEMENT ABOUT THE CASE:

GM denies Plaintiff's claims, and contends that it lawfully assisted a small percentage of Silverado owners and lessees whose trucks may make a particular type of engine knock noise at cold start-up that goes away within a few seconds. GM contends this type of noise has no adverse effect on the durability, reliability or performance of the engine. GM contends it has given assistance in the form of free GMPPs or other goodwill measures to promote customer satisfaction, and that its goodwill measures do not constitute a "secret warranty" or "Adjustment Program" under California law

### CERTIFIED CLASS ACTION

The case was certified as a class action by a Los Angeles Court on behalf of the following Class

All California owners and lessees of 1999-2003 Chevrolet Silverados equipped with 4 8 liter, 5 3 liter, 6 0 liter or 8 1 liter engines ("Class Vehicles") who (1) Have an engine "knock, ping or slap" noise in their vehicles, and (2) Were not given notice of the condition giving rise to or the terms of GM's Engine Knock Noise Adjustment Program

For purpose of this Notice and the Settlement, "knock, ping or slap noise" has the same meaning as "Start Noise" (piston or piston pin noise at initial engine start up that disappears shortly after the engine warms up), or "Constant Noise" (piston or piston pin noise that is not "Start Noise," for example, noise that continues or begins after the engine warms up)

*This is not a solicitation from a lawyer*

## AGREEMENT TO SETTLE:

Plaintiff and Class Counsel believe the proposed Settlement is in the best interests of the Class, that is desirable to settle this lawsuit to avoid the uncertainties of continued litigation, and that the terms and benefits of the Settlement described in this Notice provide fair, reasonable relief to the Class

GM expressly denies any wrongdoing and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any fact or any claim asserted in the lawsuit. GM has concluded, however, that it is desirable to settle this lawsuit upon the terms and conditions described in this Notice because it will (1) fully resolve all claims raised in the lawsuit, (2) avoid the expense, burden and uncertainties of continued litigation, trial or appeal, and (3) promote customer satisfaction with GM and Chevrolet vehicles

### BENEFITS AVAILABLE TO CLASS MEMBERS

If the Court approves the Settlement, Class Members will be able to make claims for multiple settlement benefits as described in paragraphs 1, 2, 3 and 4, below, and will receive all benefits for which they are eligible. This includes benefits for multiple unreimbursed repair expenses. Unreimbursed repair expenses do not include expenses covered, paid for or reimbursed under any extended warranty, GMPP or other service contract. GM may reduce the amount to be reimbursed to a Class Member by the amount, if any, previously paid by GM or any affiliate of GM for the same expense

If the Court Approves the Settlement, you will be mailed a Claim Form and instructions that explain (1) how to make a claim for settlement benefits, and (2) the deadline for submitting a timely claim

The settlement benefits available to Class Members include

1. **Reimbursement of Purchase Price of GMPPs Purchased by Certain Class Members:**

   Class Members who purchased GMPPs for Class Vehicles will be eligible for reimbursement subject to the provisions of paragraphs (a) or (b) below, if they timely return a signed and completed Claim Form and required documentation, if any, as further described below

   **[continued on next page]**

*Please do not contact the Court regarding this Notice.*

2

(a) <u>Class Members Who Purchased a GMPP Within 90 Days of Retail Delivery</u>   GM will reimburse each Class Member in this group for the full purchase price of the GMPP paid by the Class Member if the Class Member supplies appropriate documentation showing that his or her Silverado has or had Start Noise

(b) <u>Class Members Who Purchased a GMPP After 90 Days of Retail Delivery</u>   GM will reimburse each Class Member in this group for the purchase price of the GMPP paid by the Class Member if the Class Member states under penalty of perjury that his or her Silverado has or had Start Noise

## 2.  Customer-Paid Start Noise Repair Expense Reimbursement

For each Class Member who during the Applicable Warranty Period (defined below) paid for a repair to address concerns about Start Noise for which the Class Member was not fully reimbursed, GM upon receipt of (i) a signed and completed Claim Form stating under penalty of perjury that he or she sought the repair to address a concern about Start Noise and (ii) appropriate documentation of the repair and repair expense (such as a dealer or third-party repair order) will reimburse the Class Member for the repair expense

Only for purposes of eligibility for this settlement benefit, "Applicable Warranty Period" shall mean the GM Limited New Vehicle Warranty (3 years or 36,000 miles, whichever comes first) except that for those Class Members who purchased a GMPP, the time and mileage limitations for reimbursement of repair expenses under this paragraph shall be those set forth in the Class Member's GMPP (for example, 4 years or 50,000 miles, whichever comes first)

## 3.  Constant Noise Evaluation

For each Class Member who completes and returns a Claim Form which includes the Class Member's sworn statement that prior to the expiration of his or her GM New Vehicle Limited Warranty he or she made inquiry of or expressed concerns to an authorized GM dealer or GM about Constant Noise (i e , piston or piston pin noise that is *not* Start Noise), GM

will, upon presentation of the Class Vehicle to an authorized Chevrolet dealer, provide a current noise evaluation of the Class Vehicle If the current noise evaluation confirms that the Class Vehicle has Constant Noise, GM will offer at the Class Member's option repairs to address, remedy or eliminate Constant Noise ("Constant Noise Repairs"), including where appropriate replacement of piston assemblies or other appropriate components   Any Constant Noise Repair offer that is accepted by the Class Member pursuant to this paragraph will be performed at no cost to the Class Member

## 4.  Partial Reimbursement for Certain Other Repairs

For each Class Member who completes and returns a Claim Form which includes the Class Member's statement under penalty of perjury that he or she made inquiry of or expressed concerns to an authorized GM dealer or GM about Start Noise prior to expiration of the GM Limited New Vehicle Warranty (3 years or 36,000 miles after retail sale or lease, whichever came first) and that he or she incurred expenses for any of the engine repairs described below within 6 years or 100,000 miles of retail delivery, whichever came first, GM will reimburse the Class Member for 75 percent (75 %) of the repair expense shown on appropriate written documentation such as a repair order

The engine repairs eligible for this reimbursement <u>are limited to</u> repairs of the following engine components   Cylinder block, heads, crankshaft and bearings, crankshaft seals – front and rear, camshaft and bearings, connecting rods and pistons, valve train (including valve seals, valve covers and internal parts), timing gears, timing chain/belt and cover, oil pump, oil pump housing, oil pan, all engine seals and gaskets, lubricated internal engine parts, water pump, intake and exhaust manifolds, flywheel, harmonic balancer, and engine mounts

[continued on next page]

## CLAIMS PROCEDURES UPON SETTLEMENT APPROVAL

If the Court Approves the Settlement, you will be mailed a Claim Form and instructions that explain (1) how to make a claim for settlement benefits, and (2) the deadline for submitting a timely claim

Additional details about the claims resolution process appear in the Stipulation for Settlement filed in this action

To review an electronic copy of the Stipulation for Settlement, go to www.girardgibbs.com/silverado

## ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD TO PLAINTIFF

In November 2006, the Los Angeles Superior Court appointed the following lawyers as Class Counsel to represent the Class in this litigation

### GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
www.girardgibbs.com

As part of the Settlement, and subject to Court approval, GM will pay up to $7,500 in an incentive award to Plaintiff Jason Anderson in recognition of his initiative and effort pursuing the matter on behalf of other California owners and lessees of Class Vehicles In addition, subject to Court approval, GM will pay a separate sum not to exceed $1,950,000 in attorneys' fees of Class Counsel  GM will also reimburse Class Counsel for documented case costs and litigation expenses not to exceed $215,000  These amounts do not reduce the relief available to Class Members and are in addition to and separate from the other benefits available to Class Members under the Settlement

## COSTS OF SETTLEMENT ADMINISTRATION

GM will pay the cost of notice and of the claims administration associated with the Settlement

## DISMISSAL AND RELEASE OF CLAIMS

If the proposed Settlement is approved by the Court, then all legal claims that were asserted on behalf of Class Members in this Action will be dismissed with prejudice as to all Class Members, and all legal claims that may have been asserted in the litigation will be released  This means that Class Members will be forever barred from bringing, continuing, or being part of any other lawsuit against GM for these claims

If the Court does not approve the proposed Settlement, the Settlement Agreement between GM and Plaintiff Jason Anderson on behalf of the certified class in the *Anderson v. General Motors Corp* litigation will terminate and shall be null and void, and this lawsuit will remain before the Court for trial or ultimate disposition

## FAIRNESS HEARING, DATE AND LOCATION:

The Court will hold a Fairness Hearing to consider and then decide whether to approve the proposed Settlement, and determine whether to approve the proposed award of Attorneys' Fees and Expenses to Class Counsel and the proposed Incentive Award to Plaintiff  The hearing is scheduled for March 5, 2009, at 1:45 p.m., in Dept 322 of the Los Angeles County Superior Court, Central Civil West Courthouse, 600 S Commonwealth Avenue, Los Angeles, California before the Hon. Peter D Lichtman

## PRELIMINARY INJUNCTION PENDING FAIRNESS HEARING

Pending the Fairness Hearing, all Class Members are preliminarily enjoined and barred (i) from filing or commencing any lawsuit based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, alleged in this Action and/or the Released Claims, and (ii) from filing or commencing any other lawsuit as a class action on behalf of Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, alleged in this Action and/or the Released Claims

[continued on next page]

*This is not a solicitation from a lawyer*

4

*Please do not contact the Court regarding this Notice*

## YOUR RIGHTS AND OPTIONS:

If you fall within the Class definition, you have the following options

1  **PARTICIPATE IN THE SETTLEMENT.** If you agree with the proposed Settlement, you need not do anything until after the Court decides whether to approve the Settlement  Thereafter, you will receive a Claim Form and instructions for submitting a claim for settlement benefits

2  **COMMENT ON THE SETTLEMENT.** You may write to the Court or Class Counsel to express your support for or opposition to the Settlement  In order to object to the Settlement, however, you must follow the procedures in paragraph 3 immediately below

3  **OBJECT TO THE SETTLEMENT**  If you wish to object to the Settlement or Class Counsel's request for attorneys' fees, expenses and an incentive award for Plaintiff Jason Anderson, you must submit your objection in writing  On the first page of your written objection, you must include a prominent reference to *In Re GM Cases (Anderson v General Motors Corp ), JCCP No 4396*  Your objections must include  (a) your full name, address and telephone number, (b) the year, model and vehicle identification number of your 1999-2003 Chevrolet Silverado, (c) a statement of each objection, if any, (d) a written brief detailing the specific reasons for each objection including the legal or factual support you wish to bring to the Court's attention and any evidence you wish to submit to the Court in support of your objection(s), and (e) your signature  If you wish to speak at the Fairness Hearing (described above), you also must state in your objections or comments that you intend to appear and speak at the hearing  If you do not include this statement, you will not be entitled to speak at the hearing

Objecting Class Members who intend to testify in support of the objection either in person or by affidavit or declaration must also make themselves available for deposition by Class Counsel or by GM's counsel in their county of residence, between the time the objection is filed and at least seven (7) days before the date of the Fairness Hearing

If you intend to appear at the Fairness Hearing through counsel, your written objection(s) must also state the following  (i) the identify of all attorneys representing the objector who will appear at the Fairness Hearing, (ix) the identity and number of Class Members represented by the objector's counsel, (iii) the number of such represented Class Members who have opted out of the Class and the Settlement, (iv) the number of such represented Class Members who have remained in the Settlement and have not objected, (v) the date the objector's counsel assumed representation for the objector, and (vi) a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years  To appeal from any provision of the Court's order approving the Settlement as fair, reasonable and adequate, the award of an incentive payment to Jason Anderson, or the attorneys' fees or documented expenses awarded to Class Counsel, the objector must appear at the Fairness Hearing in person, or through counsel, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing  In addition, the objector must demonstrate compliance with this paragraph to show that he or she is a member of the Class

Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and GM's counsel, and have file-stamped by the Court, no later than February 2, 2009, a Notice of Intent to Appear  The Notice of Intent to Appear must (i) state how much time the Class Member and/or their attorney anticipates needing to present the objection, (ii) identify, by name, address and telephone number and detailed summary of testimony, any witnesses the Class Member intends to present any testimony from, and (iii) identify all exhibits the Class Member and/or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits

If you do not raise your objections according to this procedure, you will waive all objections and have no right to appeal if the Settlement is approved  You may, but need not, enter an appearance in the lawsuit and object through your own legal counsel  If you do, you will be responsible for your own attorneys' fees and costs

[continued on next page]

## OBJECTION/COMMENT DEADLINE:

You must mail or deliver your comments or objections, and your Notice of Intent to Appear if you wish to attend the Fairness Hearing, to the Clerk of the Court, with copies to Plaintiffs' Class Counsel and GM's counsel, for receipt no later than **February 2, 2009,** at the following addresses

### Clerk of the Court

Superior Court, County of Los Angeles
Central Civil West Courthouse
Department 322
600 S Commonwealth Avenue
Los Angeles, California 90005

### Class Counsel

Elizabeth C Pritzker
Girard Gibbs LLP
601 California Street, 4th Floor
San Francisco, California 94108

### Counsel for General Motors Corporation

Gregory R Oxford
Isaacs Clouse Crose & Oxford LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503

## ADDITIONAL INFORMATION

You may wish to keep this Notice for future reference If the Settlement is approved, this Notice may be helpful in filling out your Claim Form for settlement payments or other benefits

For more information about the Settlement, or a copy of this Notice in Spanish, call 1-866-981-4800, or visit www.girardgibbs.com/silverado  You also can direct any inquires to Class Counsel at the address listed above or by sending an email to silveradosettlement @girardgibbs.com

## INFORMACIÓN ADICIONAL.

Usted puede desear guardar este aviso para la referencia futura  Si el establecimiento es aprobado, este aviso puede ser provechoso en rellenar su impreso de demanda para los pagos del establecimiento u otras ventajas

Para mas información o una copia de este aviso en español, llama 1-866-981-4800 o lo visita www.girardgibbs.com/silverado  Usted puede también dirigir cualesquiera investiga para clasificar consejo en la dirección enumerada sobre o enviando un email a silveradosettlement @girardgibbs.com

DATED.  DECEMBER 18, 2008

BY ORDER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES

# EXHIBIT F

1  ERIC H. GIBBS (S.B. #178658)
  ELIZABETH C. PRITZKER (S.B. #146267)
2  GIRARD GIBBS LLP
  601 California St., 14th Floor
3  San Francisco, California 94108
  Tel; (415) 981-4800, Fax: (415) 981-4846
4
5  Attorneys for Plaintiff Jason Anderson and the Class
6  GREGORY R. OXFORD (S.B. #62333)
  ISAACS CLOUSE CROSE & OXFORD LLP
7  21515 Hawthorne Boulevard, Suite 950
  Torrance, California 90503
8  Tel: (310) 316-1990, Fax: (310) 316-1330
9  Attorneys for Defendant General Motors Corporation
10  Of Counsel
11  L. JOSEPH LINES, III
  GENERAL MOTORS CORPORATION
12  Mail Code 482-026-601
  400 Renaissance Center
13  P.O. Box 400
  Detroit, Michigan 48265-4000
14  Tel: (313) 665-7386; Fax: (313) 665-7376.
15

ORIGINAL FILED

FEB 27 2009

LOS ANGELES
SUPERIOR COURT

RECEIVED

FEB 27 2009

Dept. 322

ORIGINAL FILED

MAR 05 2009

LOS ANGELES
SUPERIOR COURT

16          SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                 COUNTY OF LOS ANGELES

18           CENTRAL CIVIL WEST COURTHOUSE

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(c)) | Judicial Council Proceeding No 4396 |
| GENERAL MOTORS CASES | Orange County Superior Court No 04CC00554. |
| This Document Relates to. | CERTIFIED CLASS ACTION |
| JASON ANDERSON, on behalf of himself and all others similarly situated, | The Honorable Peter D. Lichtman |
| Plaintiff, | FINAL JUDGMENT |
| v. | |
| GENERAL MOTORS CORPORATION, | |
| Defendant | |

1       This matter having come before the Court on the application of Representative Plaintiff Jason

2  Anderson, individually and as a representative of a class of similarly situated persons (collectively,

3  "Plaintiffs"), and General Motors Corporation ("GM") for approval of the Settlement set forth in the

4  Stipulation of Settlement and the exhibits thereto (collectively the "Agreement"), and the Court having

5  considered all papers filed, all evidence submitted and proceedings had herein and otherwise being

6  fully informed;

7       IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

8       1.    The Court has jurisdiction over the subject matter of this litigation, and over all parties

9  to the litigation, including all members of the following Class defined in the Court's previous order

10  granting class certification:  "All California owners and lessees of 1999-2003 model year Chevrolet

11  Silverados equipped with a 4.8 liter (LR4, 5.3 liter (LM7), 6.0 liter (LQ4, L59) or 8.1 liter (L18)

12  engines who (1) Have an engine "knock, ping or slap" noise in their vehicles; and (2) Were not given

13  notice of the condition giving rise to or the terms and conditions of GM's Engine Knock Noise

14  Adjustment Program."  For purposes of this Settlement and the Final Judgment, "engine knock, ping or

15  slap noise" has the same meaning as "Start Noise" (i.e., piston or piston pin noise that occurs at initial

16  start up and disappears shortly after the engine warms up) or "Constant Noise" (i.e., piston or piston

17  pin noise that is not Start Noise), as those terms are defined in the Agreement.  Excluded from the

18  Class are those California owners and lessees of 1999-2003 model year Chevrolet Silverados who

19  timely requested to be excluded from the Class on or prior to August 15, 2007.  Subrogees, assignees

20  and other third parties are not Class Members, are not eligible to receive any benefits under this

21  Settlement and are not subject to any releases executed by or on behalf of the Representative Plaintiff

22  or Class Members.

23       2.    Pursuant to Section 382 of the Code of Civil Procedure, the Court hereby finds that the

24  members of the proposed Class are so numerous that joinder of all members is impracticable, that there

25  are questions of law and fact common to the Class, that the claims of the named plaintiff are typical of

26  the claims of Class and that Representative Plaintiff, Jason Anderson, and the law firm of Girard Gibbs

27  LLP, as Class Counsel, have fairly and adequately represented the Class and will continue to do so

28  The Court further finds that questions of fact common to the Class predominate over factual questions

1    affecting only individual members and that a class action is superior to other available methods for the

2    fair and efficient adjudication of the controversy. Accordingly, the Court reaffirms its prior

3    certification of the Class as defined in paragraph 1 above and hereby finds that, for settlement

4    purposes, and for purposes of the Agreement and the Settlement, the Action and the above-defined

5    Class meet the requirements for the bringing and maintenance of a class action set forth in section 382

6    of the Code of Civil Procedure.

7          3    The Court hereby finds that: (a) the Settlement memorialized in the Agreement has been

8    entered into in good faith and was concluded shortly before trial after Class Counsel and GM had

9    conducted extensive discovery, investigation and legal research concerning the issues raised by

10    Plaintiff's claims; (b) the Settlement evidenced by the Agreement is fair, reasonable and adequate as to,

11    and in the best interests of, the Class Members; (c) the Settlement delivers benefits to the Class in a

12    reasonably timely manner while resolving complex issues that would require expensive and long-

13    lasting litigation; (d) the Agreement was the result of extensive arms' length negotiations among highly

14    experienced counsel, with full knowledge of the risks inherent in this litigation and under the

15    supervision of Los Angeles Superior Court Judge Carl J West, an experienced settlement judge, (e)

16    there is no evidence of collusion or fraud in connection with the Settlement; (f) the investigation and

17    discovery conducted to date suffices to enable the parties and the Court to make an informed decision

18    as to the fairness and adequacy of the Settlement; (g) the case raised complex and vigorously contested

19    issues of law and fact that would result in complex, expensive, and lengthy litigation; (h) Plaintiff faced

20    significant risks in establishing liability and damages; and (i) the release is tailored to address the

21    allegations in the case.

22          4.    The Court hereby finds that the Agreement and Settlement are, in all respects, fair,

23    reasonable, and adequate, and in the best interests of the Class. The Court grants final approval of the

24    Agreement and Settlement, and directs the Parties to perform the terms of the Agreement.

25          5    Upon the Effective Date set forth in the Agreement, the Representative Plaintiff and the

26    Class Members, by operation of this Judgment, shall have hereby released, waived and discharged any

27    and all claims, demands, causes of action or liabilities, including but not limited to those for alleged

28    violations of any state or federal statutes, rules or regulations, and all common law claims, including

1  Unknown Claims as defined in the Agreement, based on or in any way related to the factual allegations

2  and legal claims that were made in the Action, including any claim that any repair should have been

3  paid for, reimbursed or provided to Class Members pursuant to the Motor Vehicle Warranty

4  Adjustment Programs law, Civ. Code § 1795.90 *et seq.* Upon the Effective Date set forth in the

5  Agreement, the Representative Plaintiff and Class Members, by operation of this Judgment, also shall

6  have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights

7  and benefits of Section 1542 of the California Civil Code, and of any similar law of any other state,

8  which provides: "a general release does not extend to claims which the creditor does not know or

9  suspect to exist in his or her favor at the time of executing the release, which if known by him or her

10  must have materially affected his or her settlement with the debtor." Claims for personal injury or

11  claims based on or related to engine noise conditions in Class Vehicles other than Start Noise or

12  Constant Noise are not released, waived or discharged by this Judgment. Consistent with the express

13  terms of the Agreement, subrogation claims are not being released as part of this Judgment

14          6.      Upon the Effective Date, GM shall be deemed to have released, waived and discharged

15  any and all claims or causes of action, known or unknown, against the Representative Plaintiff or Class

16  Counsel based on or in any way related to any of the allegations, acts, omissions, transactions, events

17  or other matters alleged, claimed or at issue in the Action, provided that this release shall not extend to

18  any claim for breach of the Agreement or violation of this Final Judgment.

19          7.      The Court hereby orders and declares (a) the Agreement is approved by the Court and

20  shall be binding on all Class Members, and (b) the Agreement as approved by this final judgment is

21  and shall be binding and preclusive in all pending and future lawsuits or other proceedings whether in

22  state or federal court. Each and every term and condition of the Agreement as a whole (including its

23  attached exhibits) is approved as proposed and is to be effective, implemented, and enforced as

24  provided in the Agreement.

25          8.      The Court finds that the Class Action Settlement Notice and methodology implemented

26  pursuant to this Court's Preliminary Approval Order provided the best notice practicable under the

27  circumstances. The Court further finds that the Class Action Settlement Notice advised each member

28  of the Class, in plain easily understood language (a) the nature of the suit; (b) the definition of the

1  Class certified, (c) the class claims, issues, and defenses; (d) the nature of the settlement benefits

2  available to Class Members under the Settlement, (e) the procedures available to Class Members to

3  claim settlement benefits and for adjudicating disputes relating to eligibility or disbursement of

4  settlement benefits; (f) that a Class Member could enter an appearance through counsel if desired, and

5  (g) that the judgment incorporating the Settlement will fully release GM, dismiss this lawsuit with

6  prejudice, and include and bind all members of the Class who did not timely request exclusion. The

7  Court finds that the Class Action Settlement Notice and methodology fully complied with all

8  applicable legal requirements, including the Due Process Clauses of the Constitutions of the United

9  States and the State of California and the California Code of Civil Procedure and Rules of Court.

10      9.      The Court finds that Class Counsel and the Representative Plaintiff adequately

11  represented the Class for purposes of entering into and implementing the Agreement.

12      10      All Class Members are, from this day forward, hereby permanently barred and enjoined

13  from:

14      (a)      filing or commencing any lawsuit in any jurisdiction based on or relating to: (i) the

15  claims and causes of action asserted in this Action; (ii) the facts and circumstances relating to this

16  Action; or (iii) the Released Claims, or

17      (b)      organizing Class Members, or soliciting the participation of Class Members, in a

18  separate class for purposes of pursuing as a purported class action any other lawsuit (including by

19  seeking to amend a pending complaint to include class allegations, or seeking class certification in a

20  pending action in any jurisdiction) based on or relating to: (i) the claims and causes of action asserted

21  in this Action, (ii) the facts and circumstances relating to this Action, or (iii) the Released Claims.

22      11.      Representative Plaintiff is awarded an Incentive Award in the total sum of  $ 7,500.

23  Class Counsel are hereby awarded the total sum of $ 1,950,000 in Attorneys' Fees, and the total sum of

24  $ 212,500 in Documented Costs and Expenses  Defendant shall pay the Incentive Award, Attorneys'

25  Fees and Documented Costs and Expenses in accordance with the Agreement.  GM shall have no

26  responsibility for and no liability with respect to the allocation of Attorneys' Fees to Class Counsel or

27  any other person who may assert some claim thereto.

28      12      The terms of the Agreement as approved by this final judgment shall be forever binding

1   on, and shall have *res judicata* effect and preclusive effect in, all pending and future lawsuits or other

2   proceedings that may be maintained by or on behalf of the Representative Plaintiff or any Class

3   Members, as well as their collective heirs, executors, administrators, successors and assigns, relating to

4   the Action and/or the Released Claims (as defined in the Agreement).

5       13.    Neither this Final Judgment nor the Agreement (nor any document referred to herein or

6   any action taken to carry out this Final Judgment) is, may be construed as, or may be used as an

7   admission by GM of the validity of any claim, of actual or potential fault, wrongdoing or liability

8   whatsoever. Entering into or carrying out the Agreement and any negotiations or proceedings relating

9   to the Settlement shall not in any event be construed as, or deemed to be evidence of, an admission or

10  concession of GM and shall not be offered or received into evidence in any action or proceeding

11  against any party hereto in any court, judicial, administrative, regulatory hearing, arbitration, or other

12  tribunal or proceeding for any purpose whatsoever, except in a proceeding to enforce the Agreement.

13  This Final Judgment and the Agreement it approves (including exhibits thereto) may, however, be filed

14  in any action against or by GM to support its defense of *res judicata*, collateral estoppel, release, good

15  faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

16  similar defense or counterclaim, as set forth in paragraph 12 of this Final Judgment.

17      14     Representative Plaintiff's First Amended Complaint and this entire Action, including all

18  individual claims and Class claims asserted or that could have been asserted herein, is hereby

19  DISMISSED WITH PREJUDICE, without fees, costs, or expenses to any party except as otherwise

20  provided herein.

21      15.    Without affecting the finality of this Final Judgment in any way, this Court hereby

22  retains continuing jurisdiction over (a) implementation of the Settlement; (b) payment of Class

23  Members' claims under the Settlement; (c) further proceedings, if necessary, on Plaintiff's and Class

24  Counsel's applications for Attorneys' Fees, Documented Costs and Expenses, or Incentive Awards

25  previously filed herein; and (d) the Parties for purposes of construing, enforcing, or administering the

26  Agreement. If any Party fails to fulfill its obligations completely, the Court retains the power to issue

27  such orders to enforce this Judgment and the Settlement as it deems appropriate after noticed hearing.

28      16.    If the Settlement does not become effective in accordance with the terms of the

1  Agreement, then this Final Judgment shall be rendered null and void to the extent provided by and in

2  accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases

3  delivered in connection herewith shall be null and void to the extent provided by and in accordance

4  with the Agreement.

5

6  **IT IS SO ORDERED.**

7

8  Dated _____ 3/5/09 _____

9                    THE HONORABLE PETER D. LICHTMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                              :         Chapter 11 Case No.
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :         09-50026 (REG)
      f/k/a General Motors Corp., *et al.*         :
                                                   :
                      Debtors.                     :         (Jointly Administered)
                                                   :

-------------------------------------------------------------x

## STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE HOLDERS OF UNLIQUIDATED DEX-COOL AND ANDERSON CLAIMS TO ALLOW CLASS PROOFS OF CLAIM FOR DEX-COOL AND ANDERSON CLASS CLAIMANTS

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and

certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**" or "**MLC**"), and the holders of Unliquidated Dex-Cool Claims

(as defined below), and the holders of Unliquidated Anderson Claims (as defined below), by and

through their respective undersigned counsel, hereby enter into this Stipulation and Agreed

Order (this "**Stipulation**") and stipulate as follows:

### RECITALS

A.        On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced with this

Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States

Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On or about June 3,

2009, an Official Committee of Unsecured Creditors (the "**Committee**") was appointed in the

Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to Rule

US_ACTIVE:\43228357\05\72240.0639

1015(b) of the Bankruptcy Rules.

B.        On September 16, 2009, the Court entered an order (the "**Bar Date Order**")

establishing November 30, 2009 at 5:00 p.m. (Eastern Time) (the "**General Bar Date**") as the

deadline for each person or entity (including without limitation, each individual, partnership,

joint venture, corporation, estate, or trust) to file a proof of claim (a "**Proof of Claim**") against

any Debtor to assert any claim (as defined in section 101(5) of the Bankruptcy Code) (a

"**Claim**") that arose prior to the Commencement Date.

C.        On April 29, 2003 certain consumers filed class actions against MLC in the 16th

Judicial Circuit Court (Jackson County) of the State of Missouri (the "**Gutzler Class Action**")

and in the Superior Court of the State of California for the County of Alameda (the "**Sadowski**

**Class Action**" and together with the Gutzler Class Action, the "**Dex-Cool Class Actions**").  In

both the Gutzler Class Action and the Sadowski Class Action, the parties entered into a

settlement agreement approved by each court (collectively, the "**Dex-Cool Settlement**

**Agreement**").  Prior to the Commencement Date, the administration of the Dex-Cool Settlement

Agreement had been substantially completed.  However, certain claims in connection with the

Dex-Cool Class Actions had not yet been liquidated pursuant to the terms of the Dex-Cool

Settlement Agreement (the "**Unliquidated Dex-Cool Claims**").

D.        On May 18, 2004 certain consumers filed a class action against MLC in the

Superior Court of the State of California for the County of Los Angeles, Central Civil West

Courthouse (the "**Anderson Class Action**").  In the Anderson Class Action, the parties entered

into a settlement agreement approved by the court (the "**Anderson Settlement Agreement**").

Prior to the Commencement Date, the administration of the Anderson Settlement Agreement had

been initiated.  However, certain claims in connection with the Anderson Class Action had not

yet been liquidated pursuant to the terms of the Anderson Settlement Agreement (the

"**Unliquidated Anderson Claims**").

NOW, **THEREFORE,** in consideration of the mutual covenants and agreements

set forth in this Stipulation, it is agreed as follows:

<u>**AGREEMENT**</u>

1.      On behalf of the holders of Unliquidated Dex-Cool Claims, undersigned class

counsel may file a Class Proof of Claim aggregating the holders' respective claims against

Debtors, and the Debtors agree that the undersigned class counsel has authority under Fed. R.

Bankr. P. 3001 and the Bankruptcy Code to execute and file such claim on behalf of the holders

of the Unliquidated Dex-Cool Claims.

2.      On behalf of the holders of Unliquidated Anderson Claims, undersigned class

counsel may file a Class Proof of Claim aggregating the holders' respective claims against

Debtors and the Debtors agrees that undersigned class counsel has authority under Fed. R.

Bankr. P. 3001 and the Bankruptcy Code to execute and file such claim on behalf of the holders

of the Unliquidated Anderson Claims.

3.      The undersigned class counsel, by filing the Class Proofs of Claim in respect of

the Unliquidated Dex-Cool Claims and the Unliquidated Anderson Claims, consents to and

hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if

any, except as otherwise provided in a confirmation order related to a chapter 11 plan filed in

the Chapter 11 Cases, and may (but shall not be required to) respond to any objections

interposed as to any claims asserted in each applicable Class Proof of Claim.  Notice to the

undersigned class counsel shall be, and shall be deemed to be, sufficient notice to all class

members in the Dex-Cool Class Action and the Anderson Class Action.

4.    The Debtors' agreement herein to permit the filing by the undersigned class counsel of each Class Proof of Claim is intended solely for the purpose of administrative convenience and neither this Stipulation and Order nor the filing of any Class Proof of Claim shall in any way prejudice the right of any Debtor or any other party in interest to object to the allowance of any Class Proof of Claim.

5.    This Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation and Order and to the filing of the Class Proofs of Claim pursuant to this Stipulation.

6.    This Stipulation is subject to the approval of this Court and shall become effective upon the entry of an order by the Court approving this Stipulation. If this Stipulation is not approved by the Court, then this Stipulation shall be deemed null and void, and shall not be referred to or used for any purpose by any of the parties hereto (the "**Parties**") in either the Chapter 11 Cases or in any other forum.

7.    This Stipulation sets forth the entire understanding of the Parties with respect to the matters addressed herein and is intended to be the complete and exclusive statement of the terms thereof and may not be modified or amended except by a writing signed by the Parties and/or their counsel, which shall be so-ordered by the Court. Accordingly, the Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or condition of facts.

8.    The Parties represent and warrant to each other that the signatories to this Stipulation have full power and authority to enter into this Stipulation.

9.    This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Delivery of signed counterparts of this Stipulation by facsimile transmission or as PDF attachment to an email message shall have the same effect as the manual delivery of an original signed counterpart of this Stipulation, and all signatures on such counterpart will be deemed to be as valid as an original signature whether or not a Party delivers manually an original signed counterpart of this Stipulation, although it is the Parties' intention to deliver an original signed counterpart after any facsimile or email delivery.


DATED: November __, 2009                      Respectfully submitted,


**GIRARD GIBBS LLP**                          **POLSINELLI SHUGHART P.C.**


By: /s/ A. J. de Bartolomeo_____            By: P. John Brady_____
A. J. De Bartolomeo                           P. John Brady

Eric H. Gibbs                                 Twelve Wyandotte Plaza
Dylan Hughes                                  120 West 12th Street
Geoffrey A. Munroe                            Kansas City, Missouri 64105
601 California Street, 14th Floor             Telephone: (816) 421-3355
San Francisco, California  94108              Facsimile: (816) 374-0509
Telephone: (415) 981-4800
Facsimile: (415) 981-4846                     *Court-Appointed Class Counsel in Dex-Cool*

*Court-Appointed Class Counsel in Dex-Cool*
*Class Action and Anderson*

**WEIL, GOTSHAL & MANGES LLP**

By: <u>Joseph H. Smolinsky</u>
Joseph H. Smolinsky

767 Fifth Avenue
New York, New York 10153
Attention: Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
Phone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in
Possession*

## ORDER APPROVING STIPULATION

Based on the foregoing stipulation of the parties, the Court finding that good

cause exists to approve the Stipulation as an order of the Court, that adequate notice of the

Stipulation has been provided, and that no further notice is required,

IT IS HEREBY ORDERED that the foregoing stipulation is approved and

incorporated by reference and made a part of this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction to

adjudicate any disputes arising in connection with this Order.

Date: **_December 1, 2009_**
      New York, New York

                              **_s/ Robert E. Gerber_**
                              UNITED STATES BANKRUPTCY JUDGE