Hearing Date and Time: March 29, 2011 (9:30 a.m.)
Objection Deadline: Unknown

Samuel J. Behringer, Jr.
Attorney at Law
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone: (313) 885-1948
Facsimile: (313) 886-6443
March 16, 2011

Attorney for Richard Zmierski
83rd Omnibus Objection Respondent #23974
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――x
                                         :
In Re                                    :    Chapter 11 Case
                                         :
**MOTORS LIQUIDATION COMPANY**, et al.,  :    09-50026 (REG)
   f/k/a General Motors Corp., et al.    :
                                         :
         Debtors.                        :    (Jointly Administered)
                                         :
―――――――――――――――――――――x

FIRST RESTATED
RICHARD ZMIERSKI RESPONSE AND OBJECTIONS
TO DEBTORS' 182nd OMNIBUS OBJECTION TO CLAIMS

Richard Zmierski, through his undersigned attorney, states the following response and

objections to the Debtors' 182nd Omnibus Objection to Claims.

SUMMARY

Mr. Zmierski began working at **OLD GM** on November 16, 1981 as a salaried engineering

employee. He has filed a $74,386.61 Proof of Claim solely for the replacement cost of the

cancelled lifetime GM paid salary-rate life insurance.

Mr. Zmierski retired from the **Old GM** on November 1, 2008 contracting for retirement benefits and lifetime salary-rate GM paid life insurance. The record of this bankruptcy case includes **Old GM** correspondence which states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you.**[1]**"** Exhibit 1. No repudiation clause exists in the retirement offer agreement which negates this specific lifetime promise. The Debtors' nevertheless contend irregularly published modification and termination clauses in 2006-2010 documents render such lifetime representations void. Exhibits 2(A)-(E). Mr. Zmierski argues the **Old GM** failed to reserve the right to modify or terminate in its later "Your GM Benefits" brochures in effect from 1974 to 1985:

> "In addition, when General Motors did reserve its rights, this reservation was less than clear... The issue of the reasonableness of the general retirees' reliance should have been remanded to the district court. The reliance of those who retired from 1974 to 1985 appears eminently justified." Sprague v. GM, 133 F3d 388, 414 (6th Cir 1998).

Mr. Zmierski also asserts vested rights, estoppel, improper class certification and breach of fiduciary duties. Here, Mr. Zmierski seeks to restore his lifetime GM paid salary-rate life insurance benefit.

First Affirmative Defense
**NO NEW GM ASSUMPTION**

Contrary to the Debtors' assertions in Section (i) of Paragraph 2 and other places in their

---

[1]    See the David W. Turner Response and Objection to the Debtor's 182nd Omnibus Objection to Claims as filed with this Court on January 26, 2011, Claim No. 27065, and its attached copy of a GM National Retiree Servicing Center letter dated December 4, 1995. Exhibit 1. And, see also, the Joseph C. Singer response and objection to the same 182nd Omnibus Objection, Claim No. 29999, and its letter attachments.

motion, the **New GM** does <u>not</u> recognize or pay all or any portion of the past, present or future lifetime health and life insurance retirement benefits of Richard Zmierski and his wife.

<u>Second Affirmative Defense</u>
**PARAGRAPH AVERMENTS**

Mr. Zmierski states the following responses and objections to the individual paragraph averments stated in the Debtors' 182nd Omnibus Objection to Claims.

### <u>Relief Requested</u>[2]

1.  Because Mr. Zmierski cannot be defined as a person with "liabilities that have been assumed by General Motors, LLC ('**New GM**')" pursuant to the **Master Purchase Agreement** as asserted by the Debtor in Section (i) of Paragraph 2 and because he also cannot be defined as a person with "alleged rights which were in realty unvested (or) are otherwise not the responsibility of the Debtors as asserted by the Debtors in Section (ii) of Paragraph 2, the purportedly "determined" two alternating basis for the 182nd Omnibus Objection to Claims do not apply to him.

2.  Mr. Zmierski denies accuracy of the Debtors' alleged "determination" that his claim should be disallowed and expunged for reason:

A.  He cannot be defined as a person with "liabilities that have been assumed by General Motors, LLC ('**New GM**')" pursuant to the **Master Purchase Agreement** as

---

[2] The Debtors' subtitles are inserted solely to facilitate reference and are not admissions of fact or conclusions of law.

asserted by the Debtor in Section (i) of Paragraph 2 because the **New GM** has not provided any lifetime GM paid salary-rate life insurance since his November 1, 2008 retirement date.

B.    As to the second alternative "determination", it is denied the Mr. Zmierski's right to a lifetime GM paid salary-rate life insurance benefit was not established before his November 1, 2008 retirement date.

### Jurisdiction

3.    The allegations in Paragraph 3 are admitted.

### Background

4.    On November 16, 1981 Mr. Zmierski began his employment at Old GM as a salaried engineering employee. Old GM eventually credited him with 25.1667 years of service (27 eligibility service years).

In 2008 the original General Motors ("**Old GM**"), in one of a series of **Old GM** initiated group retirement programs targeted to the upper end of the pay scale and persons over 60-62 years of age, solicited Mr. Zmierski to give up his job in exchange for the promise of negotiated lifetime health and insurance retirement benefits, to wit; lifetime health insurance for himself and his wife (plus retirement payments and salary-rate life insurance).

At the age of 63, Mr. Zmierski accepted the offer and went through the retirement procedure steps. Exhibit 3. A retirement offer agreement was prepared by the

**Old GM** and it was executed. Exhibit 4. Mr. Zmierski was not involuntarily terminated and the salaried plan was neither amended nor terminated to provide him this lifetime benefit. The **New GM** did not exist at this point in time. Mr. Zmierski retired from the **Old GM** on November 1, 2008.

The record of this bankruptcy case includes **Old GM** correspondence which states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you.[3]"** Exhibit 1. It cannot be stressed enough; no express repudiation of this written representation appears in either Mr. Zmierski's retirement offer agreement or the annual written "*Confirmation of Benefit Elections*" published by the Old GM. Instead, the Debtors rely on irregularly written reservations of a general right to modify or terminate the plan or program:

> -In 2006, the modification/termination clause the Debtors rely upon appears in <u>normal</u> type on page 6 in the 4 sentence 6th paragraph of the 2006 "*Confirmation of Benefit Elections*" published by the Old GM. See Exhibit 2(A)(emphasis added);
>
>> "The information presented in this application[4] briefly describes certain General Motors Salaried Health Care Program features, as well as other programs and benefits. <u>It does not cover all the details about the Programs</u> - which are found in plan documents that have the final word over any other oral or written statement. General Motors reserves the right to amend, modify, suspend, or terminate any of its benefit plans or programs at any time by the action of its Board of Directors[5], or individual or committee expressly authorized by the Board to take such action. This application - and the benefits described within - do not imply any guarantees."

---

[3] See the David W. Turner Response and Objection to the Debtor's 182nd Omnibus Objection to Claims as filed with this Court on January 26, 2011, Claim No. 27065, and its attached copy of a GM National Retiree Servicing Center letter dated December 4, 1995. Exhibit 1. And, see also, the Joseph C. Singer response and objection to the same 182nd Omnibus Objection, Claim No. 29999, and its letter attachments.

[4] This document is entitled "*Confirmation of Benefit Elections*", not "application".

[5] The David W. Turner objection, supra (Exhibit 1), challenges the lack of an express Board of Directors authorization which specifically sets aside all prior written lifetime life insurance representations.

-In 2007, the modification/termination language appears in **bold face** type in a separate paragraph on page 4 of the "*Confirmation of Benefit Elections*" e-published by the Old GM and a second time at the top of page 6 in normal language. See Exhibit 2(B)(i). However, in another "*Confirmation of Benefit Elections*" mailed by the Old GM to its employees stating the 2007 benefits, no modification/termination clause exists. See Exhibit 2(B)(ii).

-In 2008, when the insurance benefit at issue here entirely disappears from both the e-published document and the mailed document, the same modification/termination language is only stated on page 4 in a 4 sentence paragraph, in normal type. No modification/termination clause appears in the mailed "*Confirmation of Benefit Elections*". This is the year Mr. Zmierski retired. See Exhibit 2(C)(i)&(ii) .

-In 2009, the language appears twice without any insurance benefit information. First, in a single **bold face** paragraph on page 3. Second, as part of the page 5 "Client Information" paragraph in normal type. See, Exhibit 2(D).

-In 2010, the language appears in normal type near the end of the document. See Exhibit 2(E).

Eight months after he retired, on June 1, 2009 (the "**Commencement Date**"), the **Old GM** filed this Chapter 11 proceeding. His health insurance benefit ended. His lifetime GM paid salary-rate life insurance was gone, reduced to $10,000. The Debtors' allegations in this regard in Paragraph 4 are admitted save for the fact that the **Old GM, MLC** and the **New GM** all have refused since June 1, 2009 to recognize or pay the lifetime GM paid salary-rate life insurance benefits which were negotiated to induce Mr. Zmierski to voluntarily retire on November 1, 2008.

    5.  The allegations in Paragraph 5 are admitted.

    6.  The allegations in Paragraph 6 are admitted.

**The Salaried and Executive Employee Welfare Benefits Claims.**

7.   The allegation in Paragraph 7 that the Salaried and Executive Employee Welfare Benefits Claimants such as Mr. Zmierski assert claims arising out of either the reduction or elimination of Welfare Benefits prior to the Commencement is denied as being false and misleading because the Welfare Benefits at issue here include the promises made by the **Old GM** in the retirement offer agreement to provide Mr. Zmierski and his wife lifetime GM paid salary-rate life insurance.

### Accrued Benefits Claims
### Have Been Assumed By New GM

8.   Contrary to the Debtor's multiple assertions in Section (i) of Paragraph 2, here in Paragraph 8 and here also in the title to this paragraph, and other places in this motion, the **New GM** has not recognized or paid any portion of the past, present or future salary-rate life insurance benefits of Zmierski and his wife. The allegations in Paragraph 8 are therefore denied for reason they are incorrect conclusions of fact and law.

### Benefit Modification Claims Should Be Disallowed
### As Debtors Had Right to Amend or Terminate Each Benefit Plan

9.   No vesting issue was noticed in the Old GM prepared retirement offer agreement. Exhibit 4. By the plain language of bankruptcy statute, the Debtors do not have the right to unilaterally modify Mr. Zmierski's retirement benefits. The allegations in Paragraph 9 are therefore denied for reason they are incorrect conclusions of fact and law.

10.   Mr. Zmierski was, at all pertinent times, fully vested. Vesting occurred prior to November 1, 2008 when Mr. Zmierski attained an 85, to wit; a combined age (63) and

years worked at GM (27 years). Exhibit 5. The contention that "to vest benefits is to render then unalterable" is admitted. There are ambiguities between Mr. Zmierski 's vested retirement rights [e.g. promised lifetime GM paid salary-rate life insurance (Exhibit 1) v. no specific repudiation clause/notice v. irregular and general modification/termination "reservations"] which work against the Debtors because the Debtors prepared it.

11. It is admitted that the Sixth Circuit and courts in other Circuits have recognized that once benefits are vested, it renders them unalterable. In this case, the Debtors, not Mr. Zmierski, prepared the retirement offer agreement which does not contain a repudiation clause/notice.

12. The allegations in Paragraph 12 are denied for reason they are incorrect conclusions of fact and law. Mr. Zmierski's retirement offer agreement does not contain a single sentence, clause or notice which repudiates the lifetime letter representation stated in Exhibit 1. Mr. Zmierski is in possession of a 2007 "*Confirmation of Benefits Elections*", Exhibit 2(B)(ii), specifically mailed to him, which does not contain a general modification or termination sentence, clause or notice. The three judge dissent in Sprague v. General Motors, 133 F.3d 388, 414 (6th Cir. 1998) pointed out specifically that Old GM failed to reserve modification-termination rights in its "Your GM Benefits" brochures in effect from 1974 to 1985 and went on to state:

> "In addition, when General Motors did reserve its rights, this reservation was less than clear... The issue of the reasonableness of the general retirees' reliance should have been remanded to the district court. The

> reliance of those who retired from 1974 to 1985 appears eminently
> justified."

13.    The record of this bankruptcy case includes **Old GM** correspondence which states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you."** Exhibit 1.  No express repudiation of these specific letter representations appear in either Mr. Zmierski 's retirement offer agreement or in the annual written "*Confirmation of Benefit Elections*" published by the Old GM.  Instead, the Debtors rely on irregularly written reservations of a general right to modify or terminate the plan or program while at the same time also stating it's documents do "<u>not</u> cover all the details about the Programs - which are found in plan documents that have the final word over any other oral or written statement."  <u>See</u>, Exhibits  2(A)-(E).  Mr. Zmierski negotiated <u>individual benefits</u>, the Debtors reserved the right to modify or terminate the <u>entire program</u>, two different objects.  The three judge dissent in <u>Sprague</u> v. <u>General Motors</u>, supra, pointed out specifically that Old GM failed to reserve modification/termination rights in its "Your GM Benefits" brochures in effect from 1974 to 1985 and went on to state:

> "In addition, when General Motors did reserve its rights, this reservation
> was less than clear...   The issue of the reasonableness of the general
> retirees' reliance should have been remanded to the district court. The
> reliance of those who retired from 1974 to 1985 appears eminently
> justified."

133 F.3d 388, 414.  The Debtors insistence that the modification/termination clauses were sufficiently disclosed is belied by the fact that retirees could sign the GM prepared form and give up their jobs only to have GM turn around on the next day and unilaterally terminate the

benefits thereby relieving the Debtors of at least two, if not more, lifetime health and life insurance liabilities. Mr. Zmierski thought wrongfully he had negotiated lifetime health and life insurance retirement benefits, while, in fact, he was lucky to get eight years. For the reasons of fact and law stated here and in Paragraph 12 above, the allegations in Paragraph 13 are denied as being incorrect conclusions of fact and law.

      14.    The allegations in Paragraph 14 are denied for reason that the <u>Sprague</u> decision, supra, is not unanimous and because Mr. Zmierski joins with the dissent which, in their collective opinions, found vested rights[6], estoppel[7], improper class certification and breach of fiduciary duties. The retirees, then and now, are owed the right of vested employees in promised future lifetime health and life insurance benefits and cannot and should not be summarily written off as people with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the responsibility of the Debtors" as is done now in Paragraph 2 of the omnibus objection. If there was any truth in GM's documents, GM should have previously described every retiree as a person with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the responsibility of the Debtors" so Mr. Zmierski would have had notice of how he would be treated/classified now and in the future.

---

[6]     Exhibit 5.
[7]     Again, **Old GM** correspondence states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you"** and no express repudiation of this letter (and others like it) has been provided.

15. The allegations in Paragraph 15 are denied for reason that the retirement offer agreements do <u>not</u> "clearly" reserve or describe the Debtors modification/termination claims as specifically alleged in Paragraph 15 above. The record of this bankruptcy case includes **Old GM** correspondence which states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you."** Exhibit 1. No express repudiation of this written representation appears in either Mr. Zmierski's retirement offer agreement or the annual written "*Confirmation of Benefit Elections*" published by the Old GM. Instead, the Debtors rely on irregularly written general reservations of a general right to modify or terminate the plan or program.

The three judge dissent in <u>Sprague</u> v. <u>General Motors</u>, stated:

> "In addition, when General Motors did reserve its rights, this reservation was less than clear... The issue of the reasonableness of the general retirees' reliance should have been remanded to the district court. The reliance of those who retired from 1974 to 1985 appears eminently justified."

133 F.3d 388, 414. If this claim was so clearly reserved why didn't the Debtor's describe the retirees (such as Mr. Zmierski) as persons with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the responsibility of the Debtors" in the retirement offer agreements as GM now does in its omnibus objections?

16. The allegations in this paragraph are denied. <u>In Re Visteon Corp.</u>, No. 10-1944, 2010 WL 2735715 (3rd Cir. July 13, 2010), along with the dissent in <u>Sprague</u>, supra, are persuasive and should be followed.

17. The allegations in Paragraph 17 are denied for reason they are incorrect conclusions of fact and law.

## The Debtors Have No Liability for the
## Salaried and Executive Employee Welfare Benefits Claims

18. The allegations in Paragraph 18 are denied for reason they are incorrect conclusions of fact and law.

## The Relief Requested Should be Approved by the Court

19. The allegations in Paragraph 19 are denied for reason they are incorrect conclusions of fact and law.

20. The allegations in Paragraph 20 are denied for reason they are incorrect conclusions of fact and law.

## Notice

21. The allegations in Paragraph 21 are admitted.

22. The allegations in Paragraph 22 are admitted.

## MR. ZMIERSKI'S CONCLUSION

Mr. Zmierski and his wife's lifetime health and life insurance retirement benefits fully vested before he retired. The record of this bankruptcy case also includes **Old GM**

correspondence which states the post-retirement salary-rate life insurance:

> **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you."** Exhibit 1.

No express repudiation of this written representation appears in either Mr. Zmierski's retirement offer agreement or the annual written "*Confirmation of Benefit Elections*" published by the Old GM. Instead, the Debtors rely on irregularly written reservations of a general right to modify or terminate program benefits.

The July 1, 2001 retirement offer agreement, entirely written by the **Old GM**, induced Mr. Zmierski to give up his job in exchange for lifetime health insurance benefits and lifetime GM paid salary-rate life insurance for Mr. Zmierski and his wife. It is an anomaly to have one document both promise lifetime health and insurance benefits while simultaneously also purportedly reserving a indirectly worded right to destroy those promises. The **Debtors** now refuse to provide salary rate life insurance as required by the retirement offer agreement and seek to avoid same by this 11 USC 502 motion.

In Paragraph 2, the **Debtors** write they have "determined" that the Proofs of Claim which this 182nd Omnibus Objection addresses "assert claims that ...**(i)** relate to liabilities that have been assumed by the ... **New GM** pursuant to the terms of ... the **Master Purchase Agreement**..." The last sentence of Paragraph 2 repeats this definition (i) "determination". However, nothing could be further from the truth. The **New GM** has <u>not</u> assumed and does not and will not pay the lifetime health insurance and life insurance benefits called for in the

Debtors' prepared retirement offer agreement. Mr. Zmierski is therefore not within this element of the Debtors' definition (i) "determination".

In Paragraph 2, the **Debtors** also write they have "determined" that the Proofs of Claim which this 182nd Omnibus Objection addresses "assert claims that ...(ii) relate to alleged rights to benefits <u>which were in reality unvested</u>, and as described herein, are otherwise not the responsibility of the Debtors (emphasis added)." Well, as pointed out above, it is irrefutable that Mr. Zmierski's retirement and benefit rights <u>fully vested</u> years before the Commencement Date of this Chapter 11 bankruptcy. Mr. Zmierski is therefore not within this element of the Debtors' defination (ii) "determination".

The plain and simple truth is that the Debtors have failed to establish that Mr. Zmierski 's claim is within the defination (i) and (ii) "determination" the Debtors' have set up to seek to strike the claim of Mr. Zmierski and the other creditors involved in the 182nd Omnibus Objection. Since the Debtors' (i) and (ii) premises for Mr. Zmierski 's inclusion in the 182nd Omnibus Objection are not factually true, the Debtors' motion brought pursuant to 11 USC 502 must fail. The New GM does <u>not</u> recognize the retirement offer agreement. Mr. Zmierski 's became fully vested years before the Commencement Date.

**WHEREFORE,** Respondent Richard Zmierski demands the following relief in consequence of his response and objections to the Debtors' 182nd Omnibus Objection to Claims:

  A. The 182nd Omnibus Objection be denied as to him with prejudice against the Debtors.

  B. An order be entered immediately which reinstates all lifetime GM paid salary-rate life insurance benefits which were terminated.

  C. The Debtors pay all attorney fees paid or incurred on his behalf to correct the unlawful termination of his benefits and for any and all related costs, fees and expenses.

  D. For such other and further relief as is just or appropriate.

/s/ Samuel J. Behringer, Jr.

**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**Telephone: (313) 885-1948**
**Facsimile: (313) 886-6443**
**March 16, 2011**

**Attorney for Richard Zmierski**
**182nd Omnibus Objection Respondent #23974**

## **EXHIBIT LIST**

1. David W. Turner Response and Objection to Debtor's 182nd Omnibus Objection to Claims.

2. (A) 2006 Confirmation of Benefits Elections.
   (B) 2007 Confirmation of Benefits Elections.
   (C) 2008 Confirmation of Benefits Elections.
   (D) 2009 Confirmation of Benefits Elections.
   (E) 2010 Confirmation of Benefits Elections.

3. Retirement procedure steps.

4. Zmierski retirement offer agreement.