CONFORMED COPY OF ORIGINAL

AUG 10 2010

NAVAJO COUNTY SUPERIOR COURT
VALERIE WYANT, CLERK

John Lewis Mealer, Pro Per (Pro Se)
6333 Gardenia Lane
Show Low, Arizona 85901
jlmealer@mealercompanies.com
jlmealer@yahoo.com

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF NAVAJO

JOHN LEWIS MEALER )
)   CASE_NUMBER_CV201000316
PLAINTIFF )
vs )
)   CIVIL COMPLAINT FOR TORT, CRIMES
GMAC MORTGAGE LLC and CEO DAVID )
APPLEGATE, GMAC FINANCIAL )   JURY TRIAL DEMANDED
SERVICES, GMAC LLC and CEO )
MICHAEL CARPENTER, GENERAL )   FIRST AMENDED COMPLAINT
MOTORS CORPORATION, GENERAL )
MOTORS COMPANY and CEO EDWARD )   *AFFIDAVITS I, II, III*
WHITACRE JR, MOTORS LIQUIDATION )
COMPANY, RESIDENTIAL CAPITAL LLC )
and CEO THOMAS MARANO, UNITED )
STATES TREASURY DEPARTMENT, GM )
ENGINEER KRIS J KORDELLA, JANE )
DOE, JOHN DOE, et al. )

DEFENDANTS

### VERIFIED COMPLAINT

1. Plaintiff, John Lewis Mealer Pro Se, states, pleads with specificity per legal requirements and case law noted on Pages 98, 99 herein, commences and prosecutes as follows:

### JURISDICTION AND VENUE

2. This detailed case, filed, June 8th, 2010 involves intentional and ongoing tort violations including injuries for malicious libel by the defendants against this plaintiff, which have created a claim in excess of $50,000 and also affects title to real property within Navajo County, Arizona

-1-

## AFFIDAVIT OF JOHN LEWIS MEALER

**143.** I, John Lewis Mealer, do hereby swear that the testimony and content of this complaint are true and factual to the best of my knowledge and that I am personally responsible to the full extent of the law as a Pro Se litigant for the content herein. I do not lie and I will not deceive this court nor any other court nor human being regarding this case nor for any reasonable context regarding this case or the references and quotes and evidence used within these documents or other documents regarding this matter. So help me God.    Dated _10 August 2010_

_____
John Lewis Mealer, In Propria Persona, Pro Se


## POINTS AND AUTHORITES

### VERIFIED COMPLAINT specificity:

CASE LAW RELATING TO (¶ #1)

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* 129 S.Gt. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler V. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* At 211; *see also Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 570.
In other words, the complaint must do more than allege plaintiffs entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. At 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

1   Arizona does not consider good faith belief or intention is not a defense to a
2   conversion action under Arizona Law. (50See Focal Point, 155. Ariz. At 320, 746 P.2d
    at 490; see also Patton v First Federal Sav & Loan Ass'n of Phoenix, 118 Ariz, 473, 479,
3   578 P.2d 152, 158, (Ariz. 1976); Jabczenski v S. Pacific Memorial Hosp., 119 Ariz. 15,
    20, 579 P.2d 53, 58 (Ariz. Ct. App. 1978).

4   To bring an action for conversion, the plaintiff must have "a right to immediate
5   possession of the chattel at the time of the alleged conversion," Miller, 209 Ariz. At
    472, A conversion claim may only be brought to recover tangible personal property
6   or "intangible property that is merged in, or identified with, some document."
    Miller, 209 Ariz. At 472, ¶ 35, 104 P.3d at 203, quoting 18 Am.Jur. 2D, Conversion § 7
7   (2004)

8   When a mortgage is procured by fraud, the instruments can be canceled and
9   foreclosure denied. Meyerson v. Boyce, 97 So.2d 488 (Fla. 3d DCA 1957). Fraud only
    invalidates contracts of debtor. In the absence of fraud, every contract of a debtor is
10  valid against all his creditors, existing or subsequent, who have not acquired a lien on the
    property affected by such contract. R.L. 1910, § 2894. Unless displaced by the
11  provisions of the Uniform Fraudulent Transfer Act, the principles of law and
    equity, including the law merchant and the law relating to principal and agent,
12  estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or
    other validating or invalidating cause, supplement the provisions of the Uniform
13  Fraudulent Transfer Act. Added by Laws 1986, c. 100, § 11, eff. Nov. 1, 1986.

14  In addition to Arizona's strong constitutional protections of the right to bring
15  common-law tort claims and to receive full compensation for any damages, see
    Cronin v. Sheldon, 195 Ariz. 531, 538-41 ¶¶33-51, 991 P.2d 231, 238-41 (1999)

16

17  I, John Lewis Mealer, hereby assign my signature and affirmation that these additional
18  pages of pertinent case law and code were added by myself to the best of my Pro Se ability and
19  do represent my views on the legal issues detailed herein this complaint.

20

21  Dated Aug 10th 2010                              _____

22

23

24

25

John Lewis Mealer, Pro Per (Pro Se)
6333 Gardenia Lane
Show Low, Arizona 85901
jlmealer@mealercompanies.com
jlmealer@yahoo.com

CONFORMED COPY OF ORIGINAL

AUG 10 2010

NAVAJO COUNTY SUPERIOR COURT
VALERIE WYANT, CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF NAVAJO

JOHN LEWIS MEALER )
)
PLAINTIFF )
vs )
)
GMAC MORTGAGE LLC and CEO DAVID )
APPLEGATE, GMAC FINANCIAL )
SERVICES. GMAC LLC and CEO )
MICHAEL CARPENTER. GENERAL )
MOTORS CORPORATION.. GENERAL )
MOTORS COMPANY and CEO EDWARD )
WHITACRE JR. MOTORS LIQUIDATION )
COMPANY. RESIDENTIAL CAPITAL LLC )
and CEO THOMAS MARANO. UNITED )
STATES TREASURY DEPARTMENT. GM )
ENGINEER KRIS J KORDELLA. JANE )
DOE. JOHN DOE. et al. )

CASE NUMBER CV201000316

REQUEST FOR JURY TRIAL

DEFENDANTS

REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: ~~July~~ Aug 10th, 2010

_____
John Lewis Mealer