Exhibit #4a

FILED    LODGED
RECEIVED    COPY

MAR 0 3 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
P DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LEWIS MEALER | Case No: 3:10-cv-08172-JWS |
| **Plaintiff** | **ORDER OF ENTRY OF DEFAULT for** |
| vs | **FINAL JUDGMENT** |
| GMAC MORTGAGE LLC *and CEO DAVID APPLEGATE*, GMAC FINANCIAL SERVICES, *GMAC LLC and CEO MICHAEL CARPENTER, GENERAL MOTORS CORPORATION., GENERAL MOTORS COMPANY and CEO EDWARD WHITACRE JR, MOTORS LIQUIDATION COMPANY,* RESIDENTIAL CAPITAL LLC *and CEO THOMAS MARANO, GM ENGINEER KRIS J KORDELLA, JANE DOE, JOHN DOE,  et al.* | |
| **Defendant(s)** | |

WHEREAS, Plaintiff, MEALER, filed his Amended Complaint on August 10th, 2010, alleging that Defendants collectively and individually through negligence caused Intentional Interference With Mealer's Prospective Advantage, did create and adopt policies and did create and maintain injurious falsehoods, trade libel and defamation of character of Mealer that defeat and restrain competition from Mealer's growth funding of his alternative fuel powered automotive manufacturing business [Mealer Companies LLC] in violation of Section 1&2 of the Sherman Act, 15 U.S.C. §§ 1, 2., Defendants have failed to plead pursuant Fed. R. Civ. P. 8(b) or otherwise defend this action through denial, general or otherwise, and the plaintiff, MEALER is entitled to judgment by default against defendants.

Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil procedure, this Court is empowered to enter a default judgment against the defendants for relief sought by plaintiff in his Amended Complaint

1

1    WHEREAS, Defendants have not responded to and has thus admitted to and does not

2    deny the allegations set forth in the Amended Complaint and have not denied any liability or

3    wrongdoing;

4    WHEREAS, the plaintiff MEALER pursuant to United States and the state of Arizona

5    Law requires Defendants to agree to certain procedures and prohibitions for the purpose of

6    preventing the loss of competition alleged in the Complaint;

7    NOW THEREFORE, before any further testimony is taken, without trial or adjudication

8    of any issue of fact as such allegations have been admitted and not denied by Defendants, by and

9    through Default Judgment, it is ORDERED, ADJUDGED AND DECREED:

10                    I. JURISDICTION

11   This Court has jurisdiction over the Parties and subject matter of this action. The Complaint

12   states a series of claim(s) upon which relief may be granted against Defendants unlawful activity

13   against plaintiff and the public, both collectively and individually through negligence, which

14   caused Intentional Interference With Mealer's Prospective Advantage, did create and adopt

15   policies and did create and maintain injurious falsehoods, trade libel and defamation of character

16   of Mealer that defeat and restrain competition from Mealer's growth funding of his alternative

17   fuel powered automotive manufacturing business [Mealer Companies LLC] in violation of

18   Section 1&2 of the Sherman Act, 15 U.S.C. §§ 1, 2.

19

20                    II. APPLICABILITY

21   This Final Judgment applies to Defendants 1). Motor's Liquidation Company, f/k/a General

22   Motors Corporation and 2). General Motors Company (a/k/a General Motors LLC who has been

23   dismissed *pending plaintiff's appeal* in accordance to Doc. 38 Order), and, 3). CEO Edward

24   Whitacre Jr., for negligence in his personal capacity and all other Persons in active concert or

25   participation with Defendants noted herein who have received actual notice of this Final

1    Judgment, unless they have actively met Federal Rules of Civil Procedure, Rule 8(b) Compliance

2    and those who may be pending appeal.  A Member Board shall not be deemed to be in active

3    concert with Defendants solely as a consequence of the Member Board's receipt of actual notice

4    of this Final Judgment and its affiliation with Defendants through its involvement in regular

5    activities associated with its affiliation, unless through future discovery, such organization or

6    individual is found to have actively participated in the unlawful issues of this instant case.

7               **III. PROHIBITED CONDUCT**

8

9         Subject to the provisions of Sections III and IV of this Final Judgment, the court hereby

10   orders the defendants individually and collectively to issue a public apology for the unlawful

11   activity which has been noted in MEALER's Complaint; and the Defendant's shall not adopt,

12   maintain, or enforce any Rule, or enter into or enforce any unlawful agreement or unlawful

13   practice, that directly or indirectly;

14        A.     prohibits Mealer from gathering growth funding, maintaining developmental and

15   manufacturing personel or offering sales of Mealer Companies LLC products through   or

16   prohibits, restricts, or impedes Mealer Companies LLC or any such company Mealer may create

17   from providing Customers access to Mealer associated products which would be lawfully

18   permitted for domestic and global retail and wholesale distribution;

19

20        B.     unreasonably disadvantages or unreasonably discriminates against a dealership or

21   private owner of Mealer associated products;

22        C.     through anti-competitive behavior prohibits, restricts, or impedes the referral of

23   Customers whose identities are obtained from any means to any other Person, or establishes a

24   bonus or reward for any such referral;

25

1    D.    imposes fees or costs upon any Dealership who owns or operates an existing

2    dealership or individually owned Mealer related franchise or upon any Person who operates or

3    owns a Mealer product that exceed the reasonably estimated actual costs incurred by a General

4    Motors LLC business outlet in providing comparison information to the individual or dealership

5    or Person selling, leasing, owning or operating A Mealer related product or in performing any

6    other activities relating to the sales, distribution, usage, or discriminates in such Mealer product-

7    related fees or costs between those imposed upon an average customer, distributor, dealer, or

8    private entity who purchases, intends to purchase or operates a Mealer related product and those

9    imposed upon a Person who operates a Mealer related product for a distributor, dealer, or private

10    entity, unless the fees and costs are wholly related to fair business; or

11
12    E.    is inconsistent with the any other fair business practices or techniques.

13    ## IV. <u>REQUIRED CONDUCT</u>

14
15    A.    Within thirty business days after entry of this Final Judgment, Defendants shall

16    commit to and serve upon MEALER, a public corporate and individual apology (according to

17    Defendant's status), a public corporate and individual retraction (according to Defendant's status)

18    and a public Corporate and individual (according to Defendant's status)request to repeal and

19    remove the injurious falsehoods and trade libel which defendants contributed to and caused to be

20    posted on plaintiff's website, which remain on the website for the sole purpose of Mealer's

21    honesty to prospective investors and clients and to the general public.

22    B.    Within thirty business days after entry of this Final Judgment, Defendants shall

23    direct Member Boards to adopt Rules implementing the ISP and IP Policy and to enforce such

24    Rules to prevent future criminal and tortious activity by their employees and loaned employees,

25    against plaintiff or businesses associated with plaintiff at the next meeting of the Member

1    Board's decision making body that occurs more than ten days after receipt of the directive, but no

2    later than ninety days after entry of this Final Judgment.

3

4        C.    Within thirty business days after entry of this Final Judgment, Defendants shall

     adopt the Rules set forth to protect Mealer related businesses from unlawful activity resulting

5    from within the defendant's property. Defendants shall not change the adopted Rules into Policy

6    without either obtaining advance written approval by the United States Department of Justice,

7    Antitrust Division ("DOJ") or an order of the Court pursuant to Section VI of this Final

8    Judgment authorizing the proposed modification.

9

10       D.    Within thirty business days after entry of this Final Judgment, Corproate

11   Defendants shall direct each Inner-corporate and Intra-corporate covered Entity to adopt the

12   Rules into Policy within ninety days after entry of this Final Judgment, and to thereafter

13   maintain, act consistently with, and enforce Rules implementing the Rules as Policy. Defendants

14   shall simultaneously direct each Inner-corporate and Intra-corporate covered Entities, beginning

15   upon receipt of the directive, not to adopt, maintain, or enforce any Rule or practice that

16   Defendants would be prohibited from adopting, maintaining, or enforcing pursuant to Section III

17   of this Final Judgment (including Rules or practices that unreasonably discriminate against

18   clients, employees and customers in their operation of Mealer-related products).

19

20       E.    If MEALER determines that an Inner-corporate or Intra-corporate covered Entity

21   has not timely adopted or maintained, acted consistently with, or enforced Rules implementing

22   the Rules as Policy, it shall, within thirty days of such determination, direct in writing that the

23   Inner-corporate and Intra-corporate covered Entity to do so. Mealer shall enforce and/or cause to

24   have enforced financial and criminal restitution for any new violations of unlawful activity

25   relating to violation of the new Rules as Policy to any Inner-corporate and Intra-corporate

1   covered Entity for as long as that Inner-corporate and Intra-corporate covered Entity refuses to

2   adopt, maintain, act consistently with, and enforce rules implementing the Rules into Policy.

3   Mealer shall also notify the DOJ of the identity of that Inner-corporate and Intra-corporate

4   covered Entity and the new Rules into Policy provisions it refused to adopt, maintain, act

5   consistently with, or enforce. For purposes of this provision, a failure of a Inner-corporate and

6   Intra-corporate covered Entity to adopt, maintain, act consistently with, or enforce Rules

7   implementing the new Rules into Policy within ninety days of a written directive to that Inner-

8   corporate and Intra-corporate covered Entity from Mealer shall constitute a refusal by the Inner-

9   corporate and Intra-corporate covered Entity to do so.

10

11      F.    Within thirty days of entry of this Final Judgment, NAR shall designate an

Intentional Interference With Prospective Advantage and Antitrust Compliance Officer with

12   responsibility for educating Member Boards about the antitrust laws and for achieving full

13   compliance with this Final Judgment. The Antitrust Compliance Officer shall be responsible for

14   the following:

15

16      1.    supervising Defendant's review of Rules of Defendant's Member Boards

17   for compliance with this Final Judgment and the Rules into Policy;

18

19      2.    maintaining copies of any communications with any Person containing

allegations of any Member Board's (i) noncompliance with any provision of the new Rules into

20   Policy or with this Final Judgment or (ii) failure to enforce any Rules implementing the Rules

21   into Policy;

22

23      3.    reporting to the United States 180 days after entry of this Final Judgment

24   and again on the first anniversary of the entry of this Final Judgment, the identity of each Inner-

25

6

1  corporate and Intra-corporate covered Entity that has not adopted Rules implementing the Rules

2  into Policy;

3          4.      ensuring that each of Defendant's Member Boards that owns or operates a

4  dealership are provided briefing materials, within ninety days of the entry of this Final Judgment,

5  on the meaning and requirements of the Rules into Policy and this Final Judgment; and

6

7          5.      holding an annual program for Defendant's Member Boards and their

8  counsel that includes a discussion of the antitrust laws (as applied to such Member Boards) and

9  this Final Judgment.

10

11      G.      Defendants shall maintain and shall furnish to the DOJ on a quarterly basis

12  (beginning ninety days after entry of this Final Judgment) copies of any communications with

13  any Person containing allegations of any Member's Board's (1) noncompliance with any

14  provision of the Rules into Policy or with this Final Judgment or (2) failure to enforce any Rules

15  implementing the new Rules into Policy.

16      H.      Within thirty business days after entry of this Final Judgment, Defendants shall

17  provide, in a prominent size and location on its website(s) (www.gm.com and

18  www.motorsliquidation.com) a hyperlink to a webpage on which Defendants have published

19  copies of

20          1.      this Final Judgment;

21

22          2.      a copy of the Rules into Policy.

23          3.      A copy of the aforementioned public corporate and individual apology

24  (according to Defendant's status), a public corporate and individual retraction (according to

25  Defendant's status) and a public Corporate and individual (according to Defendant's status)

request to repeal and remove the injurious falsehoods and trade libel which defendants contributed to and caused to be posted on plaintiff's website.

## V. PERMITTED CONDUCT

A.    Subject to Section VII of this Final Judgment, nothing in this Final Judgment shall prohibit Defendants from public comparative analysis, warranty related or from other fair business practices regarding Mealer related products.

B.    Notwithstanding any of the above provisions, and subject to Section VII of this Final Judgment, nothing in this Final Judgment shall prohibit Defendants from adopting, maintaining, or enforcing Rules that are generally applicable on their face and that do not, in their application, unreasonably restrict any method of delivery of comparative information to prospective Mealer products investors or customers.

## VI. COMPLIANCE INSPECTION

A.    For the purposes of determining or securing compliance with this Final Judgment, or of determining whether this Final Judgment should be modified or vacated, and subject to any legally recognized privilege, from time to time authorized representatives of the DOJ, including consultants and other Persons retained by the United States, shall, upon written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

1.    access during Defendant's office hours to inspect and copy, or at the option of the United States, to require Defendants to provide hard copy or electronic copies of, all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

2.    to interview, either informally or on the record, Defendant's officers, employees, or agents, who may have their individual counsel and counsel for NAR present, regarding such matters. The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants. Defendants may, however,

1   prevent the interviewee from divulging matters protected by the attorney-client privilege, work

2   product doctrine, or other applicable privilege.

3

4        B. Upon the written request of an authorized representative of the Assistant Attorney

5   General in charge of the Antitrust Division, Defendants shall submit written reports or response

6   to written interrogatories, under oath if requested, relating to its compliance with any of the

7   matters contained in this Final Judgment as may be requested.

8        C.    No information or documents obtained by the means provided in this section shall

9   be divulged by the United States to any Person other than an authorized representative of the

10   executive branch of the United States, except in the course of legal proceedings to which the

11   United States is a party (including grand jury proceedings), or for the purpose of securing

12   compliance with this Final Judgment, or as otherwise required by law.

13

14        D.    If at the time information or documents are furnished by Defendants to the United

15   States, Defendants marks as confidential any pertinent page of such material on the grounds that

16   such page contains information as to which a claim of protection may be asserted under Rule

17   26(c)(1)(G) of the Federal Rules of Civil Procedure, then the United States shall give Defendants

18   ten calendar days notice prior to divulging such material in any legal proceeding (other than a

19   grand jury proceeding).

20               **VII. RETENTION OF JURISDICTION**

21

22        This Court retains jurisdiction to enable any party to this Final Judgment to apply to this

23   Court at any time for further orders and directions as may be necessary or appropriate to carry

24   out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and

25   to punish violations of its provisions.

## VIII. NO LIMITATION ON GOVERNMENT RIGHTS

Nothing in this Final Judgment shall limit the right of the United States to investigate and bring actions to prevent or restrain violations of the antitrust laws concerning any Rule or practice adopted or enforced by Defendants or any of its Member Boards.

## IX. EXPIRATION OF FINAL JUDGMENT

This Final Judgment shall expire ten years from the date of its entry.

## X. PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States's responses to comments. Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Dated:                          Court approval subject to procedures of Antitrust
                                Procedures and Penalties Act, 15 U.S.C. § 16.




_____

                                The Honorable John W. Sedwick,

                                United States District Judge

John Lewis Mealer, (Pro Se)
6333 Gardenia Lane
Show Low, Arizona 85901
928-532-8191
jlmealer@yahoo.com

10