**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                          :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*        :
:
                          Debtors.           :    **(Jointly Administered)**
:
------------------------------------------------------------x

## STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, MACKIE HAMILTON, AND PEGGY BRINKLEY PROVIDING FOR LIMITED MODIFICATION OF THE AUTOMATIC STAY

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), and certain of its subsidiaries, as debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), on the one hand, and Mackie Hamilton and Peggy Brinkley, on the other hand (together, the "**Plaintiffs,**" and collectively with the Debtors, the "**Parties**"), by and through their respective undersigned counsel, hereby enter into this Stipulation and Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

## RECITALS

A. On June 1, 2009 (the "**Commencement Date**"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "**Automatic Stay**").

C. A lawsuit styled *Amy K. Ponder Cummins Graham Individually and on Behalf of Her Minor Children, Savannah Kay Ponder, William Christopher Ponder and Kaitlyn Ann Cummins v. Mackie Hamilton, Mackie Hamilton In His Capacity As The Natural Tutor of Joshua Slade Hamilton and Colton Crafts, Marlan Crafts, In His Capacity As The Legal Tutrix of Brittany Baker, America First Insurance Company, Robert Dale Scherber, Kelworth Trucking Company, Inc., Carolina Insurance Company, General Motors Corporation and Southern United Fire Insurance Company*, Cause No. 20073979 (the "**Action**"), is currently pending in the Fourth Judicial District of the Parish of Ouachita, Louisiana (the "**Louisiana State Court**"), and has been stayed pursuant the Automatic Stay.

D. On November 3, 2009, Plaintiffs filed proofs of claim numbers 19502, 19503, 19504, 19505, 19506, and 19507 (collectively, the "**Proofs of Claim**") relating to the Action asserting unsecured claims in the following amounts:

| Claim Number | Filed Amount |
| --- | --- |
| 19502 | $500,000.00 |
| 19503 | $1,500,000.00 |
| 19504 | $500,000.00 |

| | |
|---|---|
| 19505 | $5,000,000.00 |
| 19506 | $2,000,000.00 |
| 19507 | $1,750,000.00 |

E. On February 23, 2010, this Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "**ADR Order**") Authorizing Implication of Alternative Dispute Procedures, Including Mandatory Mediation (the "**ADR Procedures**") (ECF No. 5037), as amended by the Court on October 25, 2010 (ECF No. 7558).  The ADR Order and the ADR Procedures permitted the Plaintiffs to request the Debtors to initiate the ADR Procedures by sending a letter to the Debtors indicating a willingness to cap the Proofs of Claim at reduced amounts.

F. Plaintiffs provided the following cap amounts for the Proofs of Claim pursuant to the ADR Procedures, which were accepted by the Debtors pursuant to the ADR Order and the ADR Procedures in the following amounts:

| Claim Number | Claim Amount Cap |
|---|---|
| 19502 | $500,000.00 |
| 19503 | $1,250,000.00 |
| 19504 | $500,000.00 |
| 19505 | $1,000,000.00 |
| 19506 | $500,000.00 |
| 19507 | $1,500,000.00 |

G. Pursuant to the ADR Order and the ADR Procedures, Plaintiffs and the Debtors participated in mediation of the Proofs of Claim, but were unable to resolve the Proofs of Claim at that mediation, thus making the Proofs of Claim "Unresolved Designated Claims" pursuant to the ADR Order and the ADR Procedures.

H.      The ADR Order and the ADR Procedures provide that if an Unresolved Designated Claim cannot be adjudicated in the Court as a result of abstention or because of lack of or limitations upon subject matter jurisdiction, litigation of such Unresolved Designated Claim shall proceed in the nonbankruptcy forum where the Unresolved Designated Claim was pending on the date the Debtors commenced their respective voluntary chapter 11 cases, subject to the Debtors' right to seek removal or transfer of venue or in such other forum. (*See* ADR Procedures § II.E.3; ADR Order at 6.)

I.      Pursuant to the ADR Order and the ADR Procedures, Plaintiffs and the Debtors wish to modify the Automatic Stay imposed under section 362 of the Bankruptcy Code solely to the extent necessary to permit the liquidation of the amount of the Proofs of Claim through litigation of the Action in the Louisiana State Court, subject to the Debtors' rights to seek removal or transfer of venue.

J.      The Court indicated that it would confirm the Debtors' Amended Joint Chapter 11 Plan, as may be subsequently amended or modified (the "**Plan**") at a hearing held on March 3, 2011.

NOW, THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

## STIPULATION AND ORDER

1.      Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay imposed under section 362 of the Bankruptcy Code shall be modified solely to the extent necessary to enable the Action to proceed to final judgment or settlement. Pursuant to the ADR Order and the ADR Procedures, the Action shall proceed in the Louisiana State Court, subject to the Debtors' rights to seek removal or transfer of venue or in such other forum as

determined by the Court on request of the Debtors.  Pursuant to the ADR Order and the ADR Procedures, any final judgment of the Action and, thus, distribution of the amount of the Proofs of Claim shall be subject to treatment under the Plan and shall be treated as general unsecured nonpriority claims against the Debtors identified in any judgment, unless otherwise determined and ordered by the Court.

     2.     Except as provided in Paragraph 1 above, the provisions of the Automatic Stay or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

     3.     Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors with respect to the Action, and the defendants in the Action reserve the right to assert any and all defenses in the Action.

     4.     This Court shall retain jurisdiction and shall be the exclusive forum to resolve any disputes or controversies arising from or relating to this Stipulation and Order.

     5.     This Stipulation and Order is subject to the approval of the Court.  If this Stipulation and Order is not approved by the Court, this Stipulation and Order shall by deemed null and void, and shall not be referred to or used for any purpose by any party including in either these chapter 11 cases or the Action.

     6.     This Stipulation and Order sets forth the entire understanding of the Parties with respect to the matters set forth herein and may not be modified or amended except by a writing signed by the Parties and/or their counsel, and approved by the Court.  The Parties have

independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Parties represent and warrant to each other that the signatories to this Stipulation and Order have full power and authority to enter into this Stipulation and Order and to bind the Parties.

Dated: March 15, 2011

| | |
|---|---|
| /s/ Michael J. Mestayer | /s/ Joseph H. Smolinsky |
| Michael J. Mestayer | Harvey R. Miller |
| Michael J. Mestayer, a PLC | Stephen Karotkin |
| 1100 Poydras Street | Joseph H. Smolinsky |
| Suite 2785 | Weil, Gotshal & Manges LLP |
| New Orleans, Louisiana 70163 | 767 Fifth Avenue |
| Telephone: (504) 522-7360 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorney for Plaintiffs | |
| | Attorneys for Debtors |
| | and Debtors In Possession |

So ordered this **_18th_** day of March, 2011.

**_s/ Robert E. Gerber_**
HON. ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE