Hearing Date and Time: March 29, 2011 at 9:45 a.m. (ET)
Response Date and Time: March 22, 2011 at 4:00 p.m. (ET)

PEPPER HAMILTON LLP
Kay Standridge Kress, Esq.
100 Renaissance Center, Ste. 3600
Detroit, MI 48243
Telephone: (313) 393-7365
Facsimile: (313) 259-7926
kressk@pepperlaw.com

*Counsel for the Satterlee Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.* | Case No. 09-50026 (REG) |
| Debtors. | Jointly Administered |

**RESPONSE OF THE SATTERLEE GROUP TO THE**
**DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIMS**

DTE Energy Company holding Claim No. 45632, Gerdau MacSteel holding Claim No. 45633, Michelin North America, Inc. holding Claim No. 45636, Owens-Illinois, Inc. holding Claim No. 45637 and Tecumseh Products Company holding Claim No. 45634 (collectively the "**Satterlee Group**"),[1] by and through its undersigned counsel, submit this Response to the Debtors' 209th Objection to Claims (the "**Objection**"), and in support thereof states as follows:

1. Each member of the Satterlee Group timely filed its respective proof of claim (the "**Satterlee Claims**") based upon a Formal Notification for the Performance of Response Activities and Reimbursement of State Costs (the "**Notification**") issued to, among

---

[1] There are other entities that are part of the Satterlee Group that are not referenced herein (e.g. Ford Motor Company) which either did not file a claim in this case or a claim was filed on behalf of such entity by other counsel. This Response relates only to the entities and claims referenced herein.

others, the Satterlee Group on June 3, 2004 by the Michigan Department of Environmental Quality ("**MDEQ**").

    2.  The Notification alleged that each of the Satterlee Group is a potentially liable party pursuant to Part 201, Environmental Remediation, of the Natural Resources and Environmental Protection Act, 1994 PA 451 ("**NREPA**") and Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act 42 U.S.C. §9607 (a) *et seq*. ("**CERCLA**") for the Satterlee Sumpter Township Landfill, Wayne County, Michigan Site ID No. 82000048 (the "**Site**"). In addition to the Satterlee Group, the Notification alleged that General Motors Corporation ("**GM**") is also a potentially liable party at the Site pursuant to Part 201 of NREPA and Section 107 of CERCLA.

    3.  The Notification further asserts that, among others, the Satterlee Group and GM are jointly and severally liable for all past and future costs to remediate the Site. The Satterlee Group has denied and continues to deny that it has liability for the Site, and this response is without prejudice for the Satterlee Group to continue to deny its liabilities and nothing contained herein may be construed against the Satterlee Group as to its liability for the Site.

    4.  On or about January 28, 2011, the Debtors filed the Objection asserting that the Satterlee Group is not entitled to any future costs relating to the Site based upon 11 U.S.C. §502(e)(1)(B), and asking the Court to disallow and expunge the Satterlee Claims.

    5.  The time in which to respond to the Objection was originally February 22, 2011 at 4:00 p.m. (eastern time), which was extended by the Debtors until March 22, 2011 at 4:00 p.m. (eastern time) (the "**Response Date**"). The Debtors reflected on the Notice of Agenda for March 1, 2011 hearings that the Satterlee Group has responded informally to the Objection.

#13884198 v2 (137828.2)

6. Based upon this Court's bench decisions in the Lyondell Chemical and Chemtura Corporation chapter 11 cases disallowing environmental contribution claims by co-liable parties, the Satterlee Group acknowledges that it will not be entitled to future costs.

7. The Satterlee Group, however, is entitled to the actual amounts spent or expended with respect to the Site.

8. The Objection does not mention or discuss past costs, and the Objection is unclear as to the relief sought by the Debtors in the Objection.

9. The Satterlee Group has no objection to the Satterlee Claims being disallowed for future costs only, but objects to the disallowance and expungement of each of the Satterlee Claims in full.

10. On March 17, 2011, the Satterlee Group sent to Debtors' counsel documentation to support the amounts actually spent or expended by each of the Satterlee Group on behalf of the Site. The Satterlee Group is awaiting a response from the Debtors as to the settlement of the Satterlee Claims.

WHEREFORE, for the reasons stated herein, the Satterlee Group requests that the Court deny the Objection.

RESPECTFULLY SUBMITTED,

/s/ Kay Standridge Kress
Kay Standridge Kress, Esq.
PEPPER HAMILTON LLP
100 Renaissance Center, Ste. 3600
Detroit, MI 48243
Telephone: (313) 393-7365
Facsimile: (313) 259-7926
kressk@pepperlaw.com

Dated: March 22, 2011                    *Counsel for the Satterlee Group*

#13884198 v2 (137828.2)