Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                              :          **Chapter 11 Case No.**
                                                             :
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :          **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*   :
                                                             :
                  **Debtors.**         :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**MOTION OF DEBTORS FOR AN ORDER APPROVING
THE CONSENT DECREE AND SETTLEMENT AGREEMENT BETWEEN
THE UNITED STATES OF AMERICA AND THE DEBTORS**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company (f/k/a General Motors Corporation, hereafter,

"**MLC**"), and its affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully

represent:

**Relief Requested**

1.      The Debtors move pursuant to section 105(a) of title 11, United States

Code (the "**Bankruptcy Code**") for approval of that certain consent decree and settlement

agreement (the "**Settlement Agreement**") by and between the United States of America (the

"**United States**"), on behalf of the United States Environmental Protection Agency (the "**EPA**")

US_ACTIVE:\43661016\07\72240.0639

and the Debtors which partially resolves Proof of Claim No. 64064 timely filed by the United

States (the "**US Claim**").  The US Claim alleges that the Debtors are liable to the United States

for costs in excess of $2 billion relating to liabilities at numerous third-party sites and for

violations of certain federal environmental statutes.  The Settlement Agreement reached by the

parties provides the United States with, among other things, an allowed general unsecured claim

in the total amount of $36,290,270 and a disputed general unsecured claim in the face amount of

$250 million for all remaining non-settled claims set forth in the US Claim.[1]  If approved, the

Settlement Agreement permits the Debtors to free up reserves of approximately $1.75 billion that

were previously reserved on account of the US Claim, thus increasing the initial distribution to

the Debtors' creditors.

2.      As explained below, the Debtors' Settlement Procedures Order (as

hereinafter defined) does not require Court approval for settlements less than or equal to $50

million.  However, the United States' agreement under the Settlement Agreement is subject to a

public comment period that will conclude on March 25, 2011, after which the United States is

expected to promptly respond to all public comments received and move for approval of the

Settlement Agreement under applicable environmental laws.  The United States is not in a

position to move this Court for approval of the Settlement Agreement until after the comment

period.  The United States has indicated that, if it determines that the Settlement Agreement is in

the public interest after the public comment period has expired, it will file supporting documents

prior to the hearing establishing that the Settlement Agreement is fair, reasonable, and consistent

with applicable environmental laws.

---

[1] The remaining disputed claim is also consistent with the representations made in the record of the hearing
regarding confirmation of the Debtors' Plan (as defined herein) with respect to the Onondaga site.

3.       Absent the relief requested on an expedited basis, approval of the

Settlement Agreement would most likely not take place before the Effective Date (as defined in

the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836) (the "**Plan**").  Not only

would this be to the extreme prejudice of other creditors by decreasing distributions, but would

also prevent the United States from participating in initial distributions, the basis upon which it

agreed to the Settlement Agreement.

### Jurisdiction

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

5.       As mentioned above, the US Claim alleges that the Debtors are liable for a

partially liquidated amount in excess of $2,000,000,000.00 to the United States under various

federal environmental statutes, including the Comprehensive Environmental Response,

Compensation and Liability Act ("**CERCLA**"), 42 U.S.C. §§9601-9675, and the Resource

Conservation and Recovery Act ("**RCRA**"), 42 U.S.C. §§ 6901, *et seq*.  In many cases, the

liabilities relate to costs associated with the past and future cleanup of contamination at disposal

sites to which Debtors allegedly sent waste during the course of their century-long operational

history, including costs incurred by the United States in the oversight of such activities.  The US

Claim also alleges that, from time to time, the Debtors' prepetition operations violated certain

federal environmental statutes, including RCRA and the Clean Air Act ("**CAA**"), 42 U.S.C. §§

7401-7671q.

6.      On March 4, 2011, the United States lodged the Settlement Agreement

with this Court (ECF No. 9604), a copy of which is annexed hereto as **Exhibit "A,"** and it is

currently subject to public comment following the publication of notice of the Settlement

Agreement in the *Federal Register*.  The public comment period will conclude on March 25,

2011, and the Debtors expect the United States to file with the Court any comments received, as

well as the United States' response to such comments and its request for approval of the

Settlement Agreement.

## The Settlement Agreement

7.      The Settlement Agreement resolves a large portion of the US Claim.

Specifically, the Settlement Agreement resolves the Debtors' liabilities for (i) contamination at

34 disposal facilities to which Debtors allegedly sent waste, (ii) contamination at one site

formerly owned by the Debtors, and (iii) alleged violations of RCRA and the CAA.  In

satisfaction of these liabilities, the Debtors have agreed to provide the United States with an

allowed general unsecured claim in the total amount of $36,290,270.  In addition to the allowed

general unsecured claim, the United States will also have the ability to draw upon (a) cash

totaling $4,613,322 from fully-collateralized bonds obtained prepetition by the Debtors to secure

environmental obligations to the United States at certain of the 34 disposal facilities, and (b)

performance by a surety of remediation work in an amount up to $10,500,000 subject to the

terms of the bonds.  In addition, certain private parties with claims relating to three of the 34

disposal facilities will receive allowed general unsecured claims totaling $3,020,539.

8.      The Settlement Agreement provides that the United States may file a new

proof of claim related to those sites in the US Claim that were not settled under the Settlement

Agreement and that the Debtors must reserve for a disputed claim in an amount of $250,000,000
for such sites.

### The Relief Requested Should Be Approved by the Court

9.      Although the Debtors have authority to enter into settlements where, as in
here, the total settlement amount is less than or equal to $50 million (*see* Order Pursuant to
Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the
Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain
Claims (ECF No. 4180) (the "**Settlement Procedures Order**")), a consent decree and settlement
agreement negotiated by the United States to protect the public interest is subject independently
to judicial review.

10.      The Debtors respectfully submit that entry of an order approving the entry
into and performance under the Settlement Agreement is appropriate to implement the Debtors'
Plan and will greatly benefit the Debtors' other creditors by reducing the Debtors' reserve for the
US Claim by approximately $1.75 billion, thereby allowing such sums to be included in the
distributions to unsecured creditors, including the United States. *See Adelphia Commc'ns Corp.*,
368 B.R. 140, 273 n.203 (Bankr. S.D.N.Y. 2007) (noting that "[b]ankruptcy judges focus on the
*maximization of recoveries* for the creditors in the cases under their watch"). In addition, the
Court's approval of the Settlement Agreement will render the parties' agreement a "judicially-
approved settlement" within the meaning of section 113(f)(2) of CERCLA, thereby entitling the
Debtors to protection from contribution actions and claims for "matters addressed" therein. *See*
42 U.S.C. § 9613(f)(2).  For the foregoing reasons, the Settlement Agreement should be
approved by the Court.

## Notice

11.     Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time

without notice.  Accordingly, a separate ex parte motion requesting to shorten the notice period

to hear this Motion is being filed contemporaneously herewith.

## No Prior Request

12.     No prior request for the relief sough in this Motion has been made to this

or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  New York, New York
          March 22, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                      :
**In re**                                             :      **Chapter 11 Case No.**
                                                      :
**MOTORS LIQUIDATION COMPANY,** *et al.,*             :      **09-50026 (REG)**
        **f/k/a General Motors Corp.,** *et al.*      :
                                                      :
                            **Debtors.**              :      **(Jointly Administered)**
                                                      :
-------------------------------------------------------------x

## ORDER APPROVING CONSENT DECREE AND SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE UNITED STATES OF AMERICA

Upon the Motion, dated March 22, 2011 (the "**Motion**"), of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively,

the "**Debtors**"), pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy**

**Code**"), for entry of an order approving that certain consent decree and settlement agreement

(the "**Settlement Agreement**") by and between the United States of America (the "**United**

**States**"), on behalf of the United States Environmental Protection Agency (the "**EPA**"), and the

Debtors partially resolving Proof of Claim No. 64064 timely filed by the United States (the "**US**

**Claim**"), all as more fully described in the Motion; and due and proper notice of the Motion

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized to take all actions necessary or

appropriate to implement the terms of this Order and the Settlement Agreement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
_____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE