Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
: 
In re                                                       :     **Chapter 11 Case No.**
                                                            :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :     **09-50026 (REG)**
    f/k/a General Motors Corp., *et al.*    :
                                                            :
        Debtors.        :     **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**EX PARTE MOTION OF DEBTORS PURSUANT TO
FED. R. BANKR. 2002(a)(3) AND 9006(c), AND LOCAL R. BANKR. P. 9006-1(b)
TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING
WITH RESPECT TO DEBTORS' MOTION FOR ORDER
APPROVING CONSENT DECREE AND SETTLEMENT AGREEMENT
<u>BETWEEN THE UNITED STATES OF AMERICA AND THE DEBTORS</u>**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as debtors (collectively, the "**Debtors**"), respectfully represent:

**Relief Requested**

        1.     By this motion (the "**Motion to Shorten Time**"), the Debtors request,

pursuant to Rules 2002(a)(3) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 9006-1(b) of the Local Rules of the Bankruptcy Court for the

US_ACTIVE:\43661515\04\72240.0639

Southern District of New York (the "**Local Rules**"), that the Court shorten the notice period and fix the date and time for an expedited hearing on their *Motion for an Order Approving the Consent Decree and Settlement Agreement Between the United States of America and the Debtors*, dated March 22, 2011 (the "**Settlement Motion**") so that the Settlement Motion may be heard on March 29, 2011 at 9:45 a.m. (Eastern Time) (the "**Settlement Hearing**"), or as soon thereafter as counsel may be heard.  In support of this Motion to Shorten Time, the Debtors submit the Declaration of Joseph H. Smolinsky, annexed hereto as **Exhibit "A."**  A proposed order is annexed hereto as **Exhibit "B."**

2. Pursuant to the Settlement Motion, the Debtors request entry of an order, pursuant to section 105 of title 11, United States Code (the "**Bankruptcy Code**"), approving that certain Consent Decree and Settlement Agreement Between the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency ("**EPA**") and the Debtors, a copy of which is annexed to the Settlement Motion as Exhibit A (the "**Settlement Agreement**"), and authorizing the Debtors to perform all of their obligations thereunder, all as more fully set forth in the Settlement Motion.

3. On March 4, 2011, the United States lodged with this Court a certain Consent Decree and Settlement Agreement Between the Debtors and the United States of America (ECF No. 9604), which partially resolves the Debtors' alleged liabilities asserted in the US Claim[1] for environmental contamination at certain third-party owned properties and for certain violations of environmental laws.

4. The US Claim alleges that the Debtors are liable to the United States for costs in excess of $2,000,000,000 relating to liabilities at numerous third-party owned properties

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Motion.

and for violations of certain federal environmental statutes.  The Settlement Agreement resolves the Debtors' liabilities for (i) contamination at 34 disposal facilities to which Debtors allegedly sent waste, (ii) contamination at one site formerly owned by the Debtors, and (iii) alleged violations of RCRA and the CAA.  In satisfaction of these liabilities, the Debtors have agreed to provide the United States with an allowed general unsecured claim in the total amount of $36,290,270.  In addition to the allowed general unsecured claim, the United States will also have the ability to draw upon (a) cash totaling $4,613,322 from fully-collateralized bonds obtained prepetition by the Debtors to secure environmental obligations to the United States at certain of the 34 disposal facilities, and (b) performance by a surety of remediation work in an amount up to $10,500,000 subject to the terms of the bonds.  In addition, certain private parties with claims relating to three of the 34 disposal facilities will receive allowed general unsecured claims totaling $3,020,539.

5. The Settlement Agreement further provides that the United States may file a new proof of claim related to those sites in the US Claim that were not settled under the Settlement Agreement and that the Debtors must reserve for a disputed claim in the amount of $250,000,000 for such sites.  The Settlement Agreement also provides that with the exception of the disputed portion, the US Claim shall be deemed allowed in the respective amounts set forth therein for purposes of distribution under the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836) (the "**Plan**"), and shall be entitled to received payment in the initial distribution under the Plan.  By allowing the US Claim in the initial distribution, the Settlement Agreement frees up reserves of approximately $1.75 billion, for which the Debtors would otherwise be required to reserve, thereby increasing initial distribution to all other unsecured claimants.

6. The United States' consent under the Settlement Agreement is subject to a public comment period that will conclude on March 25, 2011, after which the United States is expected to promptly respond to all public comments received and request for approval of the Settlement Agreement under applicable environmental laws. Absent the relief requested on an expedited basis, approval of the Settlement Agreement would most likely not take place before the Effective Date (as defined in the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836) (the "**Plan**"). Not only would this be to the extreme prejudice of other creditors but would also prevent the United States from participating in initial distributions, the basis upon which it agreed to the Settlement Agreement.

7. Because the United States cannot move this Court for approval of the Settlement Agreement until after the comment period, the Debtors are bringing this Motion to establish March 29, 2011 as the hearing date to approve the Settlement Agreement. The United States has indicated that it will file supporting documents prior to the hearing establishing that the Settlement Agreement is fair, reasonable, and consistent with applicable environmental laws. Accordingly, the Debtors request this Court set a hearing to consider the approval of the Settlement Agreement on March 29, 2011 at 9:45 a.m. (Eastern Time) so that, to the extent it is approved, the Debtors can implement the Settlement Agreement prior to the Effective Date.

8. In order for the Debtors to meet the terms of the Settlement Agreement to have the US Claim allowed in the initial distribution under the Plan currently scheduled for as soon as practicable after March 31, 2011 (which is currently targeted as the Effective Date), and for other unsecured claimants to derive the benefit therefrom, it is necessary to shorten the notice period required so that the Settlement Hearing can go forward on March 29, 2011. Under prior orders of this Court, this Court's approval is not required except for the United States' need to

get Court approval independent of the standards under Bankruptcy Rule 9019. Unfortunately, the Debtors were only recently apprised of this need to obtain Court approval prior to the Effective Date.

9. Based on the forgoing, the Debtors submit that cause exists to shorten the notice period with respect to the Motion.

## Basis for Relief Requested

10. Bankruptcy Rule 2002(a)(3) provides that parties in interest must be provided with at least twenty days' notice by mail of "the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent." Fed. R. Bankr. P. 2002(a)(3). In addition, Local Bankruptcy Rule 9006-1(b) provides that "[u]nless the court orders otherwise, all other motion papers shall be served at least 10 days before the return date."

11. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the required notice period. The Debtors submit that ample cause exists to shorten the notice period, as requested herein.

12. By allowing the US Claim in the Initial Distribution under the Plan, the Debtors will partially resolve a claim that is partially liquidated at more than $2 billion for allowed claims totaling $39,310,909 and a requirement that Debtors reserve at least $250 million for sites included in the US Claim that were not resolved in the Settlement Agreement. The Settlement Agreement thereby frees up approximately $1.75 billion, for which the Debtors would otherwise be required to reserve, for distribution in the initial distribution to unsecured claimants, creating substantial value for other unsecured creditors.

13. The Debtors submit that shortening the notice period still will permit interested parties adequate time to review and, if they desire, respond to the Settlement Motion

and more than adequately protects their rights as parties have been on notice since the publication in the *Federal Register* which took place on March 10, 2011.

14. Based on the forgoing, the Debtors submit that cause exists to shorten the notice period with respect to the Settlement Motion.

## Jurisdiction

15. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

16. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court approve the shortened notice periods requested herein, and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 22, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43661515\04\72240.0639

6

# Exhibit A

## Smolinsky Declaration

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                              :           **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,  :           **09-50026 (REG)**
     f/k/a General Motors Corp., *et al.*          :
:
                                   Debtors.        :           **(Jointly Administered)**
:
------------------------------------------------------------x

### DECLARATION OF JOSEPH H. SMOLINSKY IN SUPPORT OF
### EX PARTE MOTION OF DEBTORS PURSUANT TO FED. R. BANKR. 2002(a)(3)
### AND 9006(c), AND LOCAL R. BANKR. P. 9006-1(b) TO SHORTEN NOTICE
### PERIOD AND SCHEDULE HEARING WITH RESPECT TO DEBTORS' MOTION FOR
### ORDER APPROVING CONSENT DECREE AND SETTLEMENT AGREEMENT
### BETWEEN THE UNITED STATES OF AMERICA AND THE DEBTORS

I, Joseph H. Smolinsky, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am an attorney admitted to practice before the Bankruptcy Court and a member of Weil, Gotshal & Manges LLP, attorneys for Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (collectively, the "**Debtors**").

2.  I submit this Declaration in support of the Debtors' ex parte motion (the "**Motion to Shorten Time**") to shorten the notice period and fix the date and time for an expedited hearing on their *Motion for an Order Approving the Consent Decree and Settlement Agreement Between the United States of American and the Debtors*, dated March 22, 2011 (the

US_ACTIVE:\43661515\04\72240.0639

"**Settlement Motion**") so that the Settlement Motion may be heard on March 29, 2011 at 9:45 a.m. (Eastern Time) (the "**Settlement Hearing**"), or as soon thereafter as counsel may be heard.

3. Pursuant to the Settlement Motion, the Debtors request entry of an order, pursuant to section 105 of title 11, United States Code (the "**Bankruptcy Code**"), approving that certain Consent Decree and Settlement Agreement Between the Debtors and the United States of America, a copy of which is annexed to the Settlement Motion as Exhibit A (the "**Settlement Agreement**"), and authorizing the Debtors to perform all of their obligations thereunder, all as more fully set forth in the Settlement Motion.

4. All statements contained herein are based on personal knowledge or made upon information and belief.

**The Need for Shortened Notice with Respect to the Motion**

5. As more fully explained in the Motion to Shorten Time, the Debtors have entered into the Settlement Agreement with the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency (the "**EPA**") and the Debtors which partially resolves a large portion of the US Claim.[1] Specifically, the Settlement Agreement resolves the Debtors' liabilities for (i) contamination at 34 disposal facilities to which the Debtors allegedly sent waste, (ii) contamination at one site formerly owned by the Debtors, and (iii) alleged violations of RCRA and the CAA. In satisfaction of these liabilities, the Debtors have agreed to provide the United States with an allowed general unsecured claim in the total amount of $36,290,270, and, in exchange, the United States will also have the ability to draw upon (a) cash totaling $4,613,322 from fully-collateralized bonds obtained prepetition by the Debtors to secure environmental obligations to the United States at certain of the 34 disposal

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Motion.

facilities, and (b) performance by a surety of remediation work in an amount up to $10,500,000 subject to the terms of the bonds.  In addition, certain private parties with claims relating to three of the 34 disposal facilities will receive allowed general unsecured claims totaling $3,020,539.

6. The Settlement Agreement further provides that the United States may file a new proof of claim related to those sites in the US Claim that were not settled under the Settlement Agreement and that the Debtors must reserve for a disputed claim in the amount of $250,000,000 for such sites.

7. The net result of the Settlement Agreement is that it permits the Debtors to free up reserves of approximately $1.75 billion that were previously reserved on account of the US Claim, thus increasing significantly the initial distribution to all of the Debtors' creditors.  It is also important to note that the United States agreed to enter into the Settlement Agreement provided that it would be allowed to participate in the initial distribution.  Absent the relief requested on an expedited basis, approval of the Settlement Agreement would most likely not take place before the Effective Date (as defined in the Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9836) (the "**Plan**") and the settlement could be at jeopardy.

[*The Remainder of This Page Is Intentionally Left Blank*]

8. Under standing orders of this Court permitting the Debtors to resolve claims up to $50 million without Court approval, the Debtors believed that no Court approval would be necessary. The Debtors recently apprised that Court approval was independently necessary for policy reasons of the United States. Accordingly, with a date scheduled to consummate the Debtors' Plan at the end of this month, an expedited hearing became necessary.

9. In light of the foregoing, the Debtors submit that cause exists to shorten the notice period with respect to the Settlement Motion.

Dated: New York, New York
March 22, 2011

/s/ Joseph H. Smolinsky
Joseph H. Smolinsky

**Exhibit "B"**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    09-50026 (REG)
　　f/k/a General Motors Corp., *et al.*    :
                                            :
                               Debtors.     :    (Jointly Administered)
                                            :
-------------------------------------------------------------x

### ORDER PURSUANT TO FED. R. BANKR. P. 2002(a)(3) AND 9006(c), AND LOCAL R. BANKRUPTCY P. 9006-1(b) SHORTENING NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION FOR ORDER APPROVING CONSENT DECREE AND SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND THE DEBTORS

Upon the motion, dated March 22, 2011 (the "**Motion to Shorten Time**") of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors (collectively, the "**Debtors**"), pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(b) of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), for entry of an order shortening the notice period with respect to the Debtors' *Motion For an Order Approving the Consent Decree and Settlement Agreement Between the United States of America and Debtors* (the "**Settlement Motion**"), all as more fully described in the Motion to Shorten Time, and the Court having found and determined that the relief sought in the Motion to Shorten Time is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion to Shorten Time establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion to Shorten Time is granted as provided herein; and it is further

ORDERED that the Debtors shall serve via e-mail by no later than March 22, 2011, notice of the Settlement Hearing by sending a copy of this Order and the Settlement Motion to: (i) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (iii) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (iv) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (v) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (vii) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (viii) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (ix) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200,

Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and it is further

ORDERED that the objection deadline for parties to respond or object to the relief requested in the Settlement Motion is **March 28, 2011 at 4:00 p.m. (Eastern Time)**; and it is further

ORDERED that any responses or objections to the Settlement Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); and (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      _____, 2011

                                                UNITED STATES BANKRUPTCY JUDGE