09-50026-mg    Doc 9873    Filed 03/22/11    Entered 03/22/11 17:53:58    Main Document
                                          Pg 1 of 5

BINGHAM MCCUTCHEN LLP
Milissa A. Murray, Esq. (Admitted PHV)
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6511
Facsimile: (202) 373-6001
m.murray@bingham.com

*Counsel for the BKK Joint Defense Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MOTORS LIQUIDATION COMPANY, *et al.*<br><br>                Debtors. | Chapter 11<br><br>Case No. 09-50026 (REG)<br><br>**<u>JOINTLY ADMINISTERED</u>** |

**RESPONSE OF THE BKK JOINT DEFENSE GROUP TO THE
DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIMS
<u>PURSUANT TO SECTION 502(e)(1)(B) (Proof of Claim Number: 36709)</u>**

      The BKK Joint Defense Group holding Claim No. 36709 (the "**BKK Group**"), by and through its undersigned counsel, submits this Response to the Debtors' 209th Omnibus Objection to Claims (the "**Objection**"), and in support thereof states as follows:

      1.      The Debtors filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009.

      2.      The BKK Group filed a timely proof of claim that in all respects met the standard required for setting forth its prima facie claim.  On or about January 28, 2011, Debtors objected to, among others,' the BKK Group's proof of claim, Claim Number 36709, in Debtors' 209th

Omnibus Objection alleging that the BKK Group's claim is contingent and barred by 11 U.S.C. §502(e)(1)(B).

3.  The BKK Group's Proof of Claim asserts, among others, claims against Debtors for damages resulting from the breach by General Motors Corporation ("GM") of the pre-petition Joint Defense Agreement among it and the other members of the BKK Group as well as a pre-petition Consent Decree among GM, other members of the BKK Group and the California Department of Toxic Substance and Control. Pursuant to these contracts GM agreed to undertake certain cleanup activities in connection with the BKK Facility (defined below) and make periodic payments on assessments by the BKK Group toward the costs of cleanup. The BKK Group also asserted direct claims under CERCLA 107(a) and contribution claims under CERCLA 113. The BKK Facility is a 583-acre landfill facility located at 2210 South Azusa Avenue, West Covina, California (the "BKK Facility" or "Facility"). Liabilities related to the BKK Facility are collectively referred to herein as the "BKK Group Liabilities[1]."

4.  The Facility consists of a hazardous waste landfill, a municipal waste landfill, and associated treatment and control facilities and includes any and all surrounding areas where hazardous substances have come to be located including any area above contaminated groundwater or soil vapor. The overseeing state agency, the California Department of Toxic Substances Control ("DTSC") has estimated total response costs at the BKK Landfill to be in excess of $700,000,000.

5.  On December 3, 2004, the DTSC issued an Imminent and Substantial Endangerment Determination and Order and Remedial Action Order No. 1/SE-D 04/05-004 (the

---

[1] Excluded from BKK Group Liabilities is Debtors' liability for injunctive relief under RCRA. Such liability does not give rise to a "claim" within the definition of "claim" under the Bankruptcy Code and thus, is non-dischargeable and not subject to disallowance. All rights of the BKK Group to pursue relief against the Debtors (and their successors) under RCRA and other statutes providing injunctive relief, are herein preserved.

"ISE Order") with respect to the Facility to fifty-one (51) separate entities (collectively, "ISE Respondents"), including the BKK Corporation, the current owner and operator of the Facility; Washington Mutual Bank, the former owner and operator of the Facility, GM and certain other members of the BKK Group. The ISE Order required the Respondents to perform certain response actions and to reimburse DTSC for certain response costs incurred at the BKK Facility.

6. Prior to the Petition Date, the BKK Group members, including Debtors, reached an agreement with DTSC in the case of *California Department of Toxic Substances Control, et al. v. American Honda Motor Co., et al.*, United States District Court, Central District of California, Case No. CV05-7746 CAS (JWJx) (the "BKK Litigation"), which was memorialized in a consent decree, approved and entered by the District Court on March 9, 2006, as amended (the "Consent Decree"). The Consent Decree did not resolve all of the liabilities of the Settling Defendants for the Facility.

7. The BKK Group continues to perform cleanup activities in connection with the Facility. GM ceased participation in all activities and the payment of assessments upon the filing of its bankruptcy petition. The BKK Group has spent in excess of $54 million to date in connection with the BKK Site.

8. On or about January 28, 2011, the Debtors filed the Objection asserting that the BKK Group is not entitled to the recovery of any future cleanup costs relating to the Site based upon 11 U.S.C. §502(e)(1)(B), and asking the Court to disallow and expunge the BKK Group's Claim.

9. The time in which to respond to the Objection was originally February 22, 2011, which was extended by the Debtors until March 22, 2011. The Debtors reflected on the Notice

3

of Agenda for March 1, 2011 hearings that the BKK Group has responded informally to the Objection.

11. Based upon this Court's bench decisions in the Lyondell Chemical and Chemtura Corporation chapter 11 cases disallowing CERCLA environmental contribution claims by co-liable parties, the BKK Group acknowledges that this Court will not allow recovery of its future costs as "contingent."

11. The BKK Group, however, is not barred from recovering the actual amounts it has spent or expended with respect to the Site. 11 U.S.C. §502(e)(1)(B) does not bar non-contingent claims and costs and this Court has ruled in other cases that costs expended are not contingent and fall outside the statutory bar.

12. The Objection does not mention or discuss past costs, and the Objection is unclear as to the relief sought by the Debtors in the Objection.

13. The BKK Group objects to the disallowance and expungement of the BKK Group's Claims in full. Subject to entering into an appropriate confidentiality agreement, the BKK Group has or will shortly provided Debtors' counsel with additional documentation to support the amounts actually spent or expended by the BKK Group at or related to the Site with the hope of settling the BKK Claim.

4

**WHEREFORE**, for the reasons stated herein, the BKK Group requests that the Court deny the Objection.

RESPECTFULLY SUBMITTED,

/s/ Milissa A. Murray
Milissa Murray, Esq.
2020 K Street, NW
Washington, DC  20006
Telephone: (202) 373-6511
Facsimile: (202) 373-6001
m.murray@bingham.com

Dated: March 22, 2011                         Counsel for the BKK Group

5