**HEARING DATE AND TIME: April 26, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, et al.,        :    09-50026 (REG)
    f/k/a General Motors Corp., et al.     :
                                           :
                            Debtors.       :    (Jointly Administered)
                                           :
------------------------------------------------------------x
```

**DEBTORS' REPLY TO RESPONSE OF SHERIF R. KODSY OPPOSING
<u>OMNIBUS OBJECTION TO INCORRECTLY CLASSIFIED CLAIMS</u>**
**(Omnibus Objection No. 98)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"),[1] file this reply (the "**Reply**") to the Responses (defined below) interposed to the 98th Omnibus Objection to Incorrectly Classified Claims (the "**98th Omnibus Objection**"), and respectfully represent:

---

[1] The Debtors are MLC (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc. ("**REALM**"), and Environmental Corporate Remediation Company, Inc.

**Preliminary Statement**

1.  On September 21, 2010, the Debtors filed the 98th Omnibus Objection (ECF No. 7050), which initially was scheduled to be heard on October 26, 2010 at 9:45 a.m. Prior to that hearing, the Debtors received two responses (collectively, the "**Responses**," and the parties filing Responses, the "**Responding Parties**") to the 98th Omnibus Objection. As the Debtors worked to resolve these Responses consensually, the hearing was repeatedly adjourned and claimants were informed that unresolved Responses would be set for hearing at a later date. Under the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, as amended (ECF No. 8360), replies are to be filed no later than three business days prior to the hearing on the objection. Accordingly, the Debtors did not file a reply, but continued to speak with the Responding Parties in an attempt to consensually resolve the issues raised in their Responses.

2.  Although the Debtors are continuing to work toward a consensual resolution with one of the Responding Parties, the other, Sherif R. Kodsy, was not receptive to the Debtors' explanation regarding the basis for the relief requested in the 98th Omnibus Objection. A hearing to address Mr. Kodsy's Response has been scheduled for April 26, 2011 at 9:45 a.m. (Eastern Time).

3.  With respect to the Response of Mr. Kodsy (ECF No. 7309), the Debtors reiterate their position that the claim asserted by Mr. Kodsy, as reflected in proof of claim number 69683 (the "**Kodsy Claim**"), is not entitled to its alleged secured status and should be reclassified as a general unsecured claim.

**The Kodsy Claim Should Be Reclassified as an Unsecured Claim**

4.  Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate

has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a).

5. On January 4, 2010, Mr. Kodsy asserted in a proof of claim, a copy of which is annexed hereto as **Exhibit "A,"** a secured claim against REALM in the amount of $15 million for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages." The proof of claim form alleges that the Kodsy Claim is secured by a lien on a "Motor Vehicle" and "Other" property, but provides no further information on the alleged security interests. On September 21, 2010, the Debtors sought to reclassify the Kodsy Claim as a general unsecured claim pursuant to the 98th Omnibus Objection to Claims because such claim is not secured by property of the Debtors' estates.

6. On September 30, 2010, the claimant, acting *pro se*, filed a Response that contained numerous factual allegations and legal conclusions regarding the underlying claim, including new, and baseless, accusations of discrimination, perjury, and bribery. The claimant also asserted that the Debtors recognized the Kodsy Claim as secured and, therefore, the 98th Omnibus Objection was made in bad faith. Specifically, the claimant argued that the Kodsy Claim "was previously not objected to, by Motors Liquidation Company or the General Motors Company, as it was a recognized secured claim, 'claim #69683', until now, and the Debtor's [sic] do not now allege a reason why [they] should not pay [their] claimant as it is their obligation to do so for [their] product defect and for the injuries [they] caused. This claim was previously secured correctly without an objection." (Kodsy Response at 4–5.) The Response further asserts that the Debtors "are without a viable objection as they do not outline causes of action or a basis for an objection, besides their bad faith motion of an omnibus objection and it should not be granted in the instant claim. All material data to prove the claim herein was

previously approved and was secured by debtors." (Id. at 5.) The claimant's Response includes a proposed order whereby the Court would grant summary judgment on the Kodsy Claim.

7. The Debtors' counsel worked with the claimant in an attempt to submit the Kodsy Claim to the Court-approved alternative dispute resolution procedures. In December 2010, after considerable negotiation, the Debtors sent a letter to the claimant accepting his proposal that the Kodsy Claim would be capped at $9.5 million and would be deemed an unsecured claim. Shortly thereafter, however, the claimant stated that he did not receive the acceptance letter and would no longer agree to cap the Kodsy Claim.

8. The Debtors continue to stand by the position, as articulated in the 98th Omnibus Objection to Claims, that the Kodsy Claim is not entitled to secured status because it is not secured by property of the Debtors' estates. Although the claimant checked boxes on the proof of claim form indicating that the claim was secured by liens on a "Motor Vehicle" and "Other" property, no support for, or evidence of, security interests in any of the Debtors' property was provided in either the proof of claim or the claimant's Response. The claimant completely fails to identify any lien securing the Kodsy Claim, and, indeed, the Debtors are aware of no such lien.

9. Moreover, the claimant's assertions that the Debtors recognized the Kodsy Claim as secured are misguided or blatantly false. The claimant states that the Kodsy Claim was recognized as proof of claim number 69683 without an objection and, therefore, was secured. In making this argument, the claimant clearly mistakes the "recognition" necessary for the administrative tasks of assigning a claim number and compiling a claims register for allowance of a claim or its alleged secured status. Such administrative actions have no bearing on whether

the Kodsy Claim is properly considered a secured claim under section 506 of the Bankruptcy Code, and the claimant's conclusion is entirely without basis.

10. The claimant is also misguided in his assertion that the Debtors "are without a viable objection as they do not outline causes of action or a basis for an objection, besides their bad faith motion of an omnibus objection . . . ." (Kodsy Response at 5.) To begin, the claimant's accusation of bad faith on the part of the Debtors is completely unsubstantiated. The Response identifies no specific bad faith conduct by the Debtors except for requesting relief that the claimant now opposes. Moreover, the Debtors determined the Kodsy Claim was not entitled to secured status in the course of their ongoing claim review process and included the Kodsy Claim among the claims to be reclassified pursuant to the 98th Omnibus Objection to Claims. Thus, the Debtors' good faith in objecting to the Kodsy Claim is manifest, and the claimant's unsupported accusation to the contrary is insufficient to establish bad faith or preclude the Debtors' request to reclassify the claim as unsecured, subject to further objection on substantive grounds.

11. Moreover, an objection refuting at least one of a claim's essential allegations, such as entitlement to secured status, shifts the burden to demonstrate the validity of the claim onto the claimant. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007). Here, the claimant's Response completely fails to satisfy the claimant's burden because it provides no support for the position that the Kodsy Claim is secured by liens on property in which the Debtors have an interest. Accordingly, the Court should grant the order reclassifying

the Kodsy Claim as a general unsecured claim in its entirety, subject to the Debtors' continuing right to object to the Kodsy Claim on substantive grounds.

## Conclusion

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court reclassify the Kodsy Claim as requested in the 98th Omnibus Objection and grant such other and further relief as is just.

Dated: New York, New York
       March 22, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession