**HEARING DATE AND TIME:  April 26, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                   :    **Chapter 11 Case No.**
                                                        :
**MOTORS LIQUIDATION COMPANY**, *et al.*,               :    **09-50026 (REG)**
       f/k/a General Motors Corp., *et al.*             :
                                                        :
                       Debtors.                         :    **(Jointly Administered)**
                                                        :
------------------------------------------------------------x

**DEBTORS' REPLY TO RESPONSE OF NOREEN K. GLASPIE OPPOSING**
**OMNIBUS OBJECTION TO INCORRECTLY CLASSIFIED CLAIMS**
**(Omnibus Objection No. 191)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"),[1] file this reply (the "**Reply**") to the Response (defined below) interposed to the 191st Omnibus Objection to Incorrectly Classified Claims (the "**191st Omnibus Objection**"), and respectfully represent:

---

[1] The Debtors are MLC (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc.

**Preliminary Statement**

1. On January 27, 2011, the Debtors filed the 191st Omnibus Objection (ECF No. 8897), which was scheduled to be heard on March 1, 2011 at 9:45 a.m. Prior to that hearing, the Debtors received two responses (collectively, the "**Responses**," and the parties filing Responses, the "**Responding Parties**") to the 191st Omnibus Objection. As the Debtors worked to resolve these Responses consensually, the hearing was adjourned and claimants were informed that unresolved Responses would be set for hearing at a later date. Under the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, as amended (ECF No. 8360), replies are to be filed no later than three business days prior to the hearing on the objection. Accordingly, the Debtors did not file a reply, but continued to speak with the Responding Parties in an attempt to consensually resolve the issues raised in their Responses.

2. Although the Debtors are continuing to work toward a consensual resolution with one of the Responding Parties, the other was not receptive to the Debtors' explanation of the basis for the relief requested in the 191st Omnibus Objection. A hearing to address Ms. Glaspie's Response has been scheduled for April 26, 2011 at 9:45 a.m. (Eastern Time).

3. With respect to the Response of Noreen K. Glaspie, the Debtors reiterate their position that the claim asserted by Ms. Glaspie, as reflected in proof of claim number 16805 (the "**Glaspie Claim**"), is not entitled to its alleged secured status and should be reclassified as a general unsecured claim.

**The Glaspie Claim Should Be Reclassified as an Unsecured Claim**

4. Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate

has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a).

5.  On October 14, 2009, the claimant asserted in a proof of claim, a copy of which is annexed hereto as **Exhibit "A,"** a secured claim against MLC in the amount of $128,000. The Glaspie Claim is allegedly secured by real estate and motor vehicles valued at $116,000 and $12,000, respectively. Attached to the proof of claim are two pages of an insurance report identifying the claimant as the insured under an owner's policy in the amount of $116,000 and Quicken Loans, Inc. as the insured under a mortgage policy in the amount of $114,999. The insurance report further identifies the "Ordering Firm" as "Garrow-Loftis Realtors, GMAC Real Estate." Also attached to the proof of claim is a handwritten note reading: "I'm sorry but they took the information on my 2 cars, a Chevy Prizm and a Buick, 1 Nissan truck. When they took my house it was worth $165,900.00."

6.  The Debtors sought to reclassify the Glaspie Claim as a general unsecured claim pursuant to the 191st Omnibus Objection to Claims because the Glaspie Claim is not secured by property of the Debtors' estates. Prior to the hearing on the 191st Omnibus Objection, the Debtors adjourned the objection with respect to the Glaspie Claim. During a subsequent conversation with the Debtors' counsel, the claimant alleged that she had been injured as a General Motors employee, was placed on sick leave, and was unable to make payments on her mortgage after certain payments from General Motors were not received. In that conversation, the claimant further asserted that her house was ultimately foreclosed against despite her sale of the three cars referenced in the proof of claim to make mortgage payments.

7.  Although the Glaspie Claim alleges summarily that the claim is secured, it fails to establish the claimant's entitlement to secured status. An objection refuting at least one

of a claim's essential allegations, such as entitlement to secured status, shifts the burden to demonstrate the validity of the claim onto the claimant.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007).  The claimant, however, provided no support for her mistaken position that the Glaspie Claim is secured by liens on property in which the Debtors have an interest.  Indeed, it is apparent from the supporting documents and discussion with the claimant that no such lien exists.  Accordingly, the Court should grant the order reclassifying the Glaspie Claim as a general unsecured claim in its entirety, subject to the Debtors' continuing right to object to the Glaspie Claim on any other grounds.

## **Conclusion**

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court reclassify the Glaspie Claim as requested in the 191st Omnibus Objection and grant such other and further relief as is just.

Dated: New York, New York
       March 22, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession