

**BEVERIDGE
& DIAMOND**PC

Jia Yn Chen
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Direct: (415) 262-4011
Fax: (415) 262-4040
jchen@bdlaw.com

March 21, 2011



**VIA FEDEX**

Clerk of the Court
United Stated Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  *In Re Motors Liquidation Company, et al.*; Case # 09-50026 (REG)

Dear Clerk:

Enclosed for filing please find the following documents. Kindly return an endorsed-filed stamped copy of each of these documents in the enclosed self-addressed stamped envelope.

1. MLC-Bay Area Drum Group Fully Executed Settlement Stipulation (Claim Nos 59974, 64812, 67654, and 47946);

2. MLC-Yosemite Creek PRP Group Fully Executed Settlement Stipulation (Claim Nos. 59918, 64813, 67653, and 47947);

3. NL Withdrawal of Claim (Claim Nos. 47946 and 47947; and

4. Univar Withdrawal of GM Bankruptcy Claims (Claim Nos. 64812, 64813 and 67654)

Sincerely,

Jia Yn Chen

Enclosures

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007



Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                           :     Chapter 11 Case No.
                                                :
MOTORS LIQUIDATION COMPANY, et al.,             :     09-50026 (REG)
    f/k/a General Motors Corp., et al.          :
                                                :
                         Debtors.               :     (Jointly Administered)
                                                :
------------------------------------------------------------x

## STIPULATION AND SETTLEMENT RESOLVING CLAIM NOS. 59918, 64813, 67653, and 47947

MARCH This Stipulation and Settlement (the "Stipulation and Settlement") is entered into as of February [16], 2011 (the "Effective Date") by and among Motors Liquidation Company ("MLC") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), on the one hand, and, on the other hand, the Yosemite Creek PRP Group (the "Claimant"), NL Industries Inc. ("NL Industries") and Univar USA Inc. ("Univar") (collectively, the "Parties").

### RECITALS:

WHEREAS, on June 1, 2009 (the "Commencement Date"), certain of the Debtors (the "Initial Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 09-50026 (REG);

WHEREAS, on September 16, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code Section 503(b)(9)) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof (the "**Bar Date Order**") establishing November 30, 2009 at 5:00 p.m. (Eastern Time) as the deadline to file proofs of claim against the Initial Debtors based on prepetition claims;

WHEREAS on October 6, 2009, the Court entered that certain Order pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Authorizing the Debtors to (i) File Omnibus Claims Objections and (ii) Establish Procedures for Settling Certain Claims (the "**Settlement Procedures Order**");

WHEREAS pursuant to the Settlement Procedures Order, the Debtors are authorized, with certain exceptions, to settle any and all claims asserted against the Debtors without prior approval of the Court or other party in interest whenever (i) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $1 million, or (ii) the Settlement Amount is within 10 percent of the noncontingent, liquidated amount listed on the Debtors' schedules of assets and liabilities so long as the difference in amount does not exceed $1 million (any settlement amount within (i) or (ii) being a "*De Minimis* **Settlement Amount**");

WHEREAS on November 27, 2009, Claimant filed a proof of claim, assigned claim number 59918, asserting an unsecured prepetition claim relating to the Yosemite Creek Superfund Site, located in the City and County of San Francisco, California (the "**Site**"), in the principal amount of $30,000,000.00 (the "**Claim**");

WHEREAS on November 25, 2009, NL Industries filed a proof of claim, assigned claim number 47947, asserting an unsecured prepetition claim relating to the Site in the principal amount of $30,000,000.00 (the "**NL Industries Claim**");

WHEREAS on November 30, 2009, Univar filed a proof of claim relating to the Site, assigned claim number 64813, and on and December 1, 2009, inadvertently filed a duplicate proof of claim relating to the Site, assigned claim number 67653, each asserting an unsecured prepetition claim in the principal amount of $30,000,000.00 (the "**Univar Claims**");

WHEREAS after good-faith, arms'-length negotiations, the Parties have reached an agreement (the "**Settlement**") to resolve the Claim, as well as the NL Industries Claim and the Univar Claims;

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Claim shall be treated as an allowed general unsecured claim against Motors Liquidation Company in the amount of $975,000.00 (the "Allowed Claim"), which Allowed Claim shall not be subject to any defense, counterclaim, right of setoff, reduction, avoidance, disallowance (including under Section 502(d) of the Bankruptcy Code) or subordination.

2. The Claimant is free to assign its interests in the Allowed Claim to a third party. In the event the Claimant does so, the assignee shall have all rights to the Allowed Claim as that of the Claimant prior to the assignment.

3. The Claimant or its assignee in the event of an assignment shall receive distributions on account of the Allowed Claim in the form set forth in and pursuant to the terms of a confirmed chapter 11 plan or plans in these chapter 11 cases (the "Plan").

4. Upon receipt of such distributions on account of the Allowed Claim as set forth in the Plan, the Claim shall be deemed satisfied in full.

5. With respect to the Claim, other than the right to receive distributions on account of the Allowed Claim under the Plan, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "Debtor Parties"). With respect to the Claim, except as set forth in this Stipulation and Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties. In addition, the Debtor Parties hereby irrevocably release, remise and discharge the Claimant Parties from any and all damages, losses, expenses, costs, liabilities, claims, demands, suits, causes of action and complaints of any kind, character or description, in law or in equity, whether known or unknown, that relate to the costs of response incurred or to be incurred at the Site, as well as any past or future natural resource damages at the Site, and any litigation costs relating to the Site.

6. NL Industries shall file with the Court a notice of withdrawal of the NL Industries Claim within five (5) business days from the Effective Date or from the date on which the last of the Parties signs this Stipulation and Settlement, whichever is later. Said withdrawal is subject to NL Industries' ability to ask the Court to reconsider this Stipulation and Settlement, prior to the closing of this case, under 502(j) of the Bankruptcy Code, in the event that the Claim (i.e., Claim No. 59918 filed by the Yosemite Creek PRP Group) is for any reason not allowed as set forth in this Stipulation and Settlement. Provided that NL Industries withdraws the NL Industries Claim in accordance with this Paragraph 6, the Debtor Parties shall irrevocably release, remise and discharge NL Industries and its affiliates, predecessors, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys from any and all damages, losses, expenses, costs, liabilities, claims, demands, suits, causes of

action and complaints of any kind, character or description, in law or in equity, whether known or unknown, that relate to the costs of response incurred or to be incurred at the Site, as well as any past or future natural resource damages at the Site, and any litigation costs relating to the Site. This release by the Debtor Parties in this paragraph 6 shall be null and void in the event that NL Industries asks the Court to reconsider this Stipulation and Settlement under 502(j) of the Bankruptcy Code and this Paragraph 6.

7. Univar shall file with the Court a notice of withdrawal of the Univar Claims within five (5) business days from the Effective Date or from the date on which the last of the Parties signs this Stipulation and Settlement, whichever is later. Said withdrawal is subject to Univar's ability to ask the Court to reconsider this Stipulation and Settlement, prior to the closing of this case, under Section 502(j) of the Bankruptcy Code, in the event that the Claim (*i.e.*, Claim No. 59918 filed by the Yosemite Creek PRP Group) is for any reason not allowed as set forth in this Stipulation and Settlement. Provided that Univar withdraws the Univar Claims in accordance with this Paragraph 7, the Debtor Parties shall irrevocably release, remise and discharge Univar and its affiliates, predecessors, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys from any and all damages, losses, expenses, costs, liabilities, claims, demands, suits, causes of action and complaints of any kind, character or description, in law or in equity, whether known or unknown, that relate to the costs of response incurred or to be incurred at the Site, as well as any past or future natural resource damages at the Site, and any litigation costs relating to the Site. This release by the Debtor Parties in this paragraph 7 shall be null and void in the event that Univar asks the Court to reconsider this Stipulation and Settlement under 502(j) of the Bankruptcy Code and this Paragraph 7.

8. The Debtors' claims agent shall be authorized and empowered to adjust the claims register to reduce and allow Proof of Claim No. 59918 to reflect the Allowed Claim.

9. This Stipulation and Settlement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

10. This Stipulation and Settlement may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

11. Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Settlement.

12. This Stipulation and Settlement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Settlement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

13. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.

| MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS | THE YOSEMITE CREEK PRP GROUP |
|---|---|
| By: [signature] | By: [signature] Roberta S. Lewis |
| Print Name: DAVID HEAD | Print Name: ROBERTA S. LEWIS CHAIRPERSON for THE YOSEMITE CREEK PRP GROUP |
| Title: VICE-PRESIDENT | Title: |
| Dated: MARCH 16, 2011 | Dated: MARCH 15, 2011 |

| NL INDUSTRIES INCORPORATED | UNIVAR USA INCORPORATED |
|---|---|
| By: | By: |
| Print Name: | Print Name: |
| Title: | Title: |
| Dated: _____, 2011 | Dated: _____, 2011 |

13. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.**

| MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS | THE YOSEMITE CREEK PRP GROUP |
|---|---|
| By: _____ | By: _____ |
| Print Name: _____ | Print Name: _____ |
| Title: _____ | Title: _____ |
| Dated: _____, 2011 | Dated: _____, 2011 |

| NL INDUSTRIES INCORPORATED | UNIVAR USA INCORPORATED |
|---|---|
| By: *[signature]* | By: _____ |
| Print Name: Courtney J. Riley | Print Name: _____ |
| Title: Executive Director Environmental Management | Title: _____ |
| Dated: *March [illegible], 2011* | Dated: _____, 2011 |

13. This Stipulation and Settlement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof. The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Settlement.

THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.

MOTORS LIQUIDATION COMPANY AND AFFILIATED DEBTORS

By: _____
Print Name: _____
Title: _____
Dated: _____, 2011

THE YOSEMITE CREEK PRP GROUP

By: _____
Print Name: _____
Title: _____
Dated: _____, 2011

NL INDUSTRIES INCORPORATED

By: _____
Print Name: _____
Title: _____
Dated: _____, 2011

UNIVAR USA INCORPORATED

By: /s/ _____
Print Name: MICHELLE ULICK ROSENTHAL
Title: COUNSEL FOR UNIVAR USA INC.
Dated: MARCH 11, 2011

Stipulation Resolving Claim Nos.
59918, 64813, 67653, and 47947

5