John Lewis Mealer, pro per (pro se)
6333 Gardenia Lane
Show Low, Arizona 85901
jlmealer@mealercompanies.com,
928-532-8191

CREDITOR/CLAIMANT



**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

MOTORS LIQUIDATION COMPANY, et al., )
f/k/a General Motors Corp., et al.          )
                Debtor                                    )

**Chapter 11 Case No.**

**09-50026 (REG)**

Jointly Administered

**EMERGENCY ADDITION TO:
(Creditor's Principal Brief)**

**TO THE HONORABLE ROBERT E GERBER,
UNITED STATES BANKRUPTCY JUDGE:**

Creditor/Claimant/Plaintiff [MEALER], hereby provides this court with an original of this plaintiff's response to Debtor "MLC" March 17, 2011 NOTICE OF BANKRUPTCY as entered into this plaintiff's concurrent [N.Y.S.D. "ordered"] claims in Arizona District Court case no. 3:10-cv-08172-JWS as a rebuttal and argument in opposition to debtor's opinion and five day deadline for plaintiff's complaint withdrawal re: automatic stay of postpetition claims for injurious torts and criminal activity viz §§§362(a)(1), (b)(1), (3). Including plaintiff's response/objection to defendant's objection for default judgment on GM LLC and Mr. Whitacre. **Both Responses are critical** for this court's proper adjudication of bankruptcy subject matter and Plaintiff-Creditor's claims. (Ex #27, #28.)

This Honorable Court is mentioned therein and plaintiff feels that a copy of said "response" should be supplied to both legal forums which involve like subject matter. Plaintiff suggests: "The

1.

Honorable Robert E. Gerber <u>ordered</u> plaintiff to provide "prima facie entitlement to relief", and "only the bankruptcy court itself has authority to finally determine whether the stay applies" and as noted; §362(b)(1) excepts all criminal proceedings from the stay, regardless of their purpose. *In re Gruntz, 202 F.3d 1074 (9th Cir. 2000) (en banc).* "However, in certain circumstances, the nonbankruptcy forum may defer to the bankruptcy court to determine the scope of the Automatic Stay in a particular lawsuit." See *Erti v. Paine Webber Jackson & Curtis Inc.* (In re Baldwin-United Corp. Litig. 765 F.2d 343 (2d Cir. 1985).

## CONCLUSION

For the foregoing reasons and those presented within the attached Arizona District response to Debtor's Notice, Advice and Deadline, plaintiff respectfully provides a copy of said documents for this honorable court's records and further consideration of plaintiff's valid claims against debtors.

## AFFIDAVIT

I, John Lewis Mealer under penalties of perjury to the full extent of the law, affirm the preceding documentation, affidavits, evidence and representations to be true and correct to the best of my knowledge and perception of this ongoing incident, with my signature below.

19 March, 2011         JLM         [signature]         E-Signed.

## CERTIFICATE OF SERVICE

I, John Lewis Mealer do hereby declare that: On 21 March 2011, I deposited the original and copies of the following documents and otherwise served via the US Postal Service, First Class Mail to be delivered to the following persons and addresses:

<u>EMERGENCY ADDITION TO: (Creditor's Principal Brief) to the NYSD Bankruptcy Court re: 09-50026(REG)..., Ex#27- PLAINTIFF'S RESPONSE AND OBJECTION TO THE INTENDED MISUSE of DEFENDANT'S NOTICE OF BANKRUPTCY, CLARIFICATION OF ISSUES AND ORDERS, ORAL ARGUMENT REQUESTED and Ex#28- PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S GM LLC AND EDWARD WHITACRE'S RESPONSE TO PLAINTIFF'S DEFAULT JUDGMENT</u>

I declare under penalty of perjury that the foregoing is true and correct and that this declaration on 19 March, 2011 at Show Low, Arizona.

JLM         [signature]         E-Signed.

2.

## SERVICE LIST

**ORIGINAL 3 page COVER and COPIES of ORIGINAL DOCUMENT as Ex. #27, Ex. #28**

**New York Southern District Bankruptcy Court**
One Bowling Green New York, New York, 10004-1408

**Second original:**

**US District Court, District of Arizona,**
*US District Judge Honorable John W. Sedwick*
130 Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Ste 130, SPC Phoenix, Arizona 85003-2146

**COPIES:**

"MLC" - WEIL, GOTSHAL & MANGES LLP 1300 Eye St, NW Ste 900 Wash., DC 20005

**Reformed General Motors LLC**, 400 Renaissance Center, Detroit, Michigan 48265
(Attn: Lawrence S. Buonomo, Esq.)

"GM LLC" - Bowman & Brookes LLP 2901 N Central Ave #1600, Phx, AZ. 85012-2786

**Office of the United States Trustee for the Southern District of New York,**
33 Whitehall Street, 21st Floor, New York, N.Y. 10004 (Attn: Tracy Hope Davis, Esq.)

**U.S. Attorney's Office**, S.D.N.Y., Chambers Street, Third Floor, New York, N.Y. 10007
(Attn: David S. Jones, Esq. And Natalie Kuehler, Esq.)

**Courtesy Copies electronically mailed to:**
Wolfe & Wyman LLP- [via email upon verification] cbdodrill@wolfewyman.com
Susan Payne Woodrow [via email upon verification] suzywoodrow@hotmail.com



John Lewis Mealer, pro per (pro se)
6333 Gardenia Lane
Show Low, Arizona 85901
jlmealer@mealercompanies.com,
928-532-8191

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LEWIS MEALER | ) Case No: 3:10-cv-08172-JWS |
| Plaintiff | ) PLAINTIFF'S RESPONSE AND |
| vs | ) OBJECTION TO THE INTENDED MISUSE |
| | ) of DEFENDANT'S NOTICE OF |
| GMAC MORTGAGE LLC *and CEO DAVID APPLEGATE*, GMAC FINANCIAL SERVICES, *GMAC LLC and CEO MICHAEL CARPENTER*, GENERAL MOTORS COMPANY., GENERAL MOTORS CORPORATION *and CEO EDWARD WHITACRE JR*, **MOTORS LIQUIDATION COMPANY**, RESIDENTIAL CAPITAL LLC *and CEO THOMAS MARANO, GM ENGINEER KRIS J KORDELLA, JANE DOE, JOHN DOE, et al.* | ) BANKRUPTCY |
| | ) CLARIFICATION OF ISSUES AND |
| | ) ORDERS |
| | ) |
| | ) ORAL ARGUMENT REQUESTED |
| Defendant(s) | ) |

Plaintiff's Response, and Objection herein, is based on the attached Memorandum of Points and Authorities filed and timely served concurrently all pleadings and papers on file herein and such pleadings as on file.

<u>PLAINTIFF'S RESPONSE AND OBJECTION TO
DEFENDANT'S NOTICE OF BANKRUPTCY</u>

PLEASE TAKE NOTICE that on June 9th, 2009, after the commencement of Motors Liquidation Company (f/n/a General Motors Corporation) ("MLC") June 1st, 2009 filing to seek

-1-

voluntary bankruptcy protection under 11 U.S.C. et seq., assigned bankruptcy case no. 09-50026 (REG)., that defendants did create unlawful injury to plaintiff.

MEMORANDUM POINTS AND AUTHORITIES
CLARIFICATION OF ISSUES AND ORDERS

I.    PLEASE BE ADVISED that, Defendant's bankruptcy Automatic Stay protection pursuant to section 362 is improper and cannot be applied to plaintiff *Viz* 11 U.S.C. § 362(a)(1), specifically for the Automatic Stay which would [normally] be in effect for matters "…. that was or could have been commenced before the commencement of the case under [the bankruptcy code]…." "… or to recover a claim against the debtor that arose before the commencement of the case…." As this court, the defendants and this injured plaintiff are well aware, the key words defining the Automatic Stay §§ 362(a)(1) & 362(a)(3) are "commenced before". These **pre**petition rules do not apply to plaintiff in this instant **post**petition case and nullifies any rules compelling an Automatic Stay. To be clear, plaintiff is not attempting to exercise control of the bankrupt estate's property, but instead to control and make right damages caused by the torts and criminal activity of the debtor which has caused harm and is harming this plaintiff to date.

A.    Plaintiff alleges in his Complaint that through a series of GM/MLC/GM unlawful activities beginning June 9th, 2009, which is obviously after the "MLC" June 1st, 2009 filing date whereby defendants did, in fact, commit a series of post-petition published injurious falsehood blog[] on plaintiff's growth funding website, followed by direct emails to plaintiff's prospective contacts in what amounts to criminal and tortious acts against plaintiff and his registered automobile manufacturing company involving malicious defamation, trade libel, intentional interference WPA, anti-competition, [evolving to date] and have created clearly a criminal antitrust, anticompetitive issue., et al

B. New York Southern District bankruptcy court through the Honorable Robert E. Gerber <u>ordered</u> plaintiff to provide "prima facie entitlement to relief", and "only the bankruptcy court itself has authority to finally determine whether the stay applies" and as noted; §362(b)(1) excepts all criminal proceedings from the stay, regardless of their purpose. *In re <u>Gruntz</u>, 202 F.3d 1074 (9th Cir. 2000) (en banc).* "However, in certain circumstances, the nonbankruptcy forum may defer to the bankruptcy court to determine the scope of the Automatic Stay in a particular lawsuit." See <u>Erti v. Paine Webber Jackson & Curtis Inc.</u> (In re <u>Baldwin-United Corp. Litig.</u> 765 F.2d 343 (2d Cir. 1985).

1. The Second Circuit found that the equities of the situation favored that the bankruptcy court should determine the scope of the Automatic Stay rather the district court in which certain contribution and indemnity claims against the debtor were pending. The appeals court noted that the reorganization proceedings involved multiple contribution and indemnity claims in various districts throughout the country (id at 348-49) to maintain a "necessary uniformity". Id at 349.

2. "In addition, even if a nonbankruptcy forum determines that the Automatic Stay does not apply to a particular action, the bankruptcy court may nonetheless stay the proceeding using its equitable powers pursuant to section 105 of the bankruptcy code." 11 USC § 105(a) states that [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy Code]." See <u>Wedgwood Inv. Fund. Ltd. v. Wedgewood Realty Group, Ltd</u> (In re <u>Wedgewood Realty Group. Ltd.</u>), 878 F.ed. 693, 701 (3d. Cir. 1989) (Congress clearly envisioned that §105(a) would be available to issue an injunction on a case-by-case basis in situations expressly excepted from the automatic stay under §362(a)."); In re <u>Baldwin-United Corp. Litig.</u>, 765 F.2d. At 348 ("[T]he bankruptcy Court has authority under §105 broader than the automatic stay provisions of §362 and may use equitable powers to assure the orderly conduct of the reorganization proceedings."); 2 Collier supra note 38. ¶ 105.03 at 105-22.1 (The most notorious use of §105 has been to enjoin actions which for one reason or another, are not stayed by it, §105 does not "authorize the

bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity." <u>Untied States v. Sutton</u>, 786 F.2d 1305, 308 (5th Cir. 1986).

a). Plaintiff makes clear to this court that any discussion of an injunction refers to pending motions and current preventive injunction requests [for debtors to 'have removed' and corporately and publicly apologize for their defamatory posting and blogging and emailing injurious falsehood on plaintiff's growth-funding website and to his prospective advantageous parties] which is necessary to this plaintiff's right to privacy and to not be further humiliated, harassed and irreparably injured. Such injunction references are for plaintiff's intention to restrain the ongoing wrongs committed and continued by debtor/defendant which causes further irreparable injury through actionable causes per se re: debtor's torts, defamation, trade libel (all tortious interference) resulting in criminal activity continues and this plaintiff's good name and business products are further blackened.

b). Any future or currently pending writ or motion for injunction to have the debtors/plaintiffs "MLC" issue a corporate public retraction and apology would not harm the bankrupted reforming company, yet is further irreparably oppressing this plaintiff's right to property and privacy and to conduct an unhindered lawful business as provided the status quo. Plaintiff is likely to succeed on the merits of this obviously destructive tort case, the issues of this case are in the public's interest and the balance of irreparable damages weigh heavily against plaintiff and in favor of the debtor/defendant. See <u>Blackwelder Furniture Co. of Statesville v. Selig Manufacturing Co., 550 F.2d 189, 194-197 (4th Cir. 1977).</u>, See also <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353, 359 (4th Cir. 1991) Id. (quoting <u>Hamilton Watch Co. v Benrus Watch Co.</u>, 206 F.2d 738, 743 (2nd Cir. 1953)) The court noted that "the importance of the probability of success [would] increase[] as the probability of irreparable injury diminishes." Id. At 195. See <u>Rum Creek Coal Sales</u>, 926 F.2d at 360. The Fourth Circuit's opinion in <u>Blackwelder</u> as providing that the fourth factor is "preservation of the status quo"). <u>Brown v Spivak</u>, 38 Va. Cir. 617 (Fairfax County, 1992) (holding "maintenance of the status quo" as factor to be considered). See also, <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 573 n.7,8 (1992).

"Preserving the status quo is less harmful." Walker v. Cronin 107 Ill. App. 3d 1053 (1982). As such, a court must be armed with the power to grant an injunction in those situations necessitating "extraordinary relief." Id. At 919.

        c).    Further in discussing likelihood of the success on the merits of this case, plaintiff points out the letter of admission by GM for the blog postings which have yet to be judged by a jury re: defamatory per quod to per se, but clearly present injurious falsehoods as detailed within plaintiff's Aug 10, 2010 Complaint. See *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365. **In addition,** to pending or future injunctive matters; plaintiff's continuance to seek injunctive relief in the form of a §337 ITC exclusion order outside of this forum. Status quo means any person is allowed to own and operate a business free of anti-competitive assaults through tortfeasors.

        3.    Clearly, due to the nature of these extraordinary circumstances, plaintiff is not under automatic stay of the bankruptcy code for debtor's postpetition injurious tort(s) and criminal activities pursuant §§362(b)(1) & (3) and the reference to § 105(a) is presented to this honorable court to further provide a showing of rules for relief from automatic stay which may be granted this plaintiff under the bankruptcy code. Plaintiff's authority for his personal injury, criminal, tortfeasor basis of claim is based in part, on 11 USC §§503(a)(1)(A),(3)(A)(3) ...*tardily file[d] claims*... (b) *after notice and a hearing*... (1)(A)...*actual necessary costs and expenses to preserve the estate*...(3)...*expenses other than compensation and reimbursement*... WHEREBY, (A) *a creditor who files a petition under section 303*....(B)....*a creditor recovers after court's approval*...(C)....*in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor. Viz § 348(d)*...*for a claim against the debtor that arises after the order for relief but before the conversion in a case*... Plaintiff reasons viz § 523(a)(6) .... *for the willful and malicious injury by the debtor to another entity*.... §§ 362(b)(1) & (3) *(See Gruntz)* and 15 U.S.C. §§ 15(a), 45 et seq. allowing plaintiff to sue under capacity as a person injured under unlawful anticompetitive acts.

-5-

(a).   "Control" of MLC is not plaintiff's goal, but rather the satisfaction of the N.Y.S.D. and Arizona District BK Court's, <u>ordered</u> complaint made to "control the commission of torts" against his person [plaintiff] and property [Mealer products] and to "retain[ed] possession of [claims] in order to continue perfection of [his] statutory [based claims]" In re <u>Boggan</u>, 251 B.R. 95 (9th Cir. B.A.P. 2000) and See, <u>Amplifier Research Corp. v Hart</u>, 114 B.R. 693, 697 (E.D. Pa 1992) and <u>Dayton Inc. v Mantia</u> Id at 6. "injunctive relief regarding the use of the property in the commission of a tort" is neither prevented, nor protected by § 362(a)(3).

b).   "Courts must not stretch or distort the bankruptcy stay to impede post-petition tort claims" citing in re <u>Continental Air Lines, Inc.</u>, 61 B.R. At 778); In re <u>Bock Laundry Mach. Co.</u>, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984) (Stating that Automatic Stay was not intended to preclude tort liability). Plaintiff's claims involve post-petition incidents of tort liability and such rulings apply in this instant case.

C.   Clearly, plaintiff does not make his Complaint of the post-petition occurring incident against the "bankrupt" General Motors Corporation ("GMC") n/k/a Motors Liquidation Company ("MLC") [*being reformed* pursuant to the NYSD 363 Order as General Motors Company ("GMC")] to "control" the bankrupt, but instead as the court's have recognized that if section 362 were "read to prevent the injunctive relief sought here, bankrupt businesses which operated post-petition could violate ... with impunity." *Id at 60*. Accordingly, the court held that section 362 does not bar the plaintiff's suit for postpetition damages, nor would it bar the court from issuing an injunction which prevented the debtor..." from tortious activity against the plaintiff which occurred post-petition and continues to date. *See Id at 58;* see also <u>Martino v. First Nat'l Bank of Harvey</u> (In re <u>Garafalo's Finest Foods, Inc.</u>) 186 B.R 414, 436 n.17 (N.D. Ill. 1995) (asserting that Automatic Stay does not preclude... postpetition claim for damages); <u>Continental Air Lines, Inc. v. Hillblom</u> (In re <u>Continental Ait Lines, Inc.</u>) (61 B.R. 758 (S.D. Tex.

-6-

damages from injurious tort and criminal acts committed by debtors who acted maliciously to this plaintiff. Whereby, clearly, this plaintiff is not bound to the automatic stay pursuant to the Bankruptcy Code as noted herein and may through "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection" 362(b)(3), and to maintain an interest in the torts and criminal activity used against him causing severe injury, which were committed postpetition. Plaintiff prays this court refute and clarify defendant's [erroneous reasoning] that plaintiff is somehow bound under the automatic stay and enters an order to deny said stay, and/or confers with the N.Y.S.D. Bankruptcy court on such matters, and denies defendant's improper reasoning.

## AFFIDAVIT

I, plaintiff John Lewis Mealer, do hereby certify and testify through penalties of perjury to the fullest extent of the law, that the statements and allegations set forth in the foregoing motion and the accompanying Memorandum and Judicial Notice are true and accurate to the best of my knowledge and belief.  Dated this 18th day of March, 2011.

.JLM _____ E-signed

## NOTICE AND CERTIFICATE OF SERVICE

I, John Lewis Mealer do hereby declare that: On March 21 2011, I deposited the original and copies of the following documents and otherwise served via the US Postal Service, First Class Mail to be delivered to the following persons and addresses:

PLAINTIFF'S RESPONSE AND OBJECTION TO THE INTENDED MISUSE of DEFENDANT'S NOTICE OF BANKRUPTCY, CLARIFICATION OF ISSUES AND ORDERS, ORAL ARGUMENT REQUESTED and EMERGENCY ADDITION TO: (Creditor's Principal Brief) to the NYSD Bankruptcy Court re: 09-50026(REG)., PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S GM LLC AND EDWARD WHITACRE'S RESPONSE TO PLAINTIFF'S DEFAULT JUDGMENT

DATED March 18th, 2011        .JLM _____ E-signed

## SERVICE LIST

**ORIGINAL:**

**US District Court, District of Arizona,**
*US District Judge Honorable John W. Sedwick*
130 Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Ste 130, SPC Phoenix, Arizona 85003-2146

ORIGINAL 3 page COVER and COPY of AFOREMENTIONED ORIGINAL DOCUMENT

**New York Southern District Bankruptcy Court**
One Bowling Green New York, New York, 10004-1408

**COPIES:**

"MLC" - **WEIL, GOTSHAL & MANGES LLP** 1300 Eye St, NW Ste 900 Wash., DC 20005

**Reformed General Motors LLC**, 400 Renaissance Center, Detroit, Michigan 48265
(Attn: Lawrence S. Buonomo, Esq.)

"GM LLC" - **Bowman & Brookes LLP** 2901 N Central Ave #1600, Phx, AZ. 85012-2786

**Office of the United States Trustee for the Southern District of New York,**
33 Whitehall Street, 21st Floor, New York, N.Y. 10004 (Attn: Tracy Hope Davis, Esq.)

**U.S. Attorney's Office**, S.D.N.Y., Chambers Street, Third Floor, New York, N.Y. 10007
(Attn: David S. Jones, Esq. And Natalie Kuehler, Esq.)

**Courtesy Copies electronically mailed to:**
Wolfe & Wyman LLP- *[via email upon verification]* cbdodrill@wolfewyman.com
*Susan Payne Woodrow [via email upon verification]* suzywoodrow@hotmail.com

John Lewis Mealer, pro per (pro se)
6333 Gardenia Lane
Show Low, Arizona 85901
jlmealer@mealercompanies.com,
928-532-8191

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LEWIS MEALER<br><br>**Plaintiff**<br><br>vs<br><br>GMAC MORTGAGE LLC *and CEO DAVID APPLEGATE*, GMAC FINANCIAL SERVICES, *GMAC LLC and CEO MICHAEL CARPENTER*, **GENERAL MOTORS COMPANY (GM LLC).**, GENERAL MOTORS COMPANY *and CEO EDWARD WHITACRE JR*, MOTORS LIQUIDATION COMPANY, RESIDENTIAL CAPITAL LLC *and CEO THOMAS MARANO*, GM ENGINEER KRIS J KORDELLA, JANE DOE, JOHN DOE, *et al.*<br>**Defendant(s)** | Case No: 3:10-cv-08172-JWS<br><br><u>PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S GM LLC AND EDWARD WHITACRE'S RESPONSE TO PLAINTIFF'S DEFAULT JUDGMENT</u> |

Plaintiff, having no reason to believe that Mr. Whitacre was appearing by or through GM LLC's legal council felt it necessary to propose the Default Judgment noted herein as plaintiff is awaiting court's authority to Appeal the previous GM LLC dismissal ordered at Docket 38. This pro se plaintiff was maintaining what he believes is proper procedure pursuant Fed. R. Civ. P. Rule 81. The motion default was lodged as a precaution.

<u>MEMORANDUM POINTS AND AUTHORITIES</u>

I.   GM LLC was dismissed pending appeal while plaintiff is awaiting this court's authorization (Doc. 38) to appeal rather than by piecemeal, so a Default Judgment is proper

-1-

pursuant Rule 55 et seq. because GM LLC and Mr. Whitacre have both failed to respond or otherwise plead viz Rule 8(b) FRCP.

A.    Further, the evidence and this Honorable Court's rulings have proven that Mr. Whitacre was sued in both his "personal and professional capacity" for negligence, (See Certificate of and Notice of Proof of Service, Service list, P.2:14 and P.2:25, respectively). Simply for refusing to respond to several phone calls and letters requesting he have removed the injurious falsehoods and to apologize both corporately and publicly to plaintiff. This case may not exist to this extreme extent if not for Mr. Whitacre's negligence and failure to maintain his duty as CEO of GM LLC and it's employees.

This court's acceptance that Mr. Whitacre was in fact represented as the chairman July 10, 2009 and CEO on December 1, 2009 of "GM" after June 9th, 2009, when he could have exercised his authority and influence and acted reasonably to "proceed with such reasonable caution as a prudent man would have excercised under such circumstances." Vaughn v Menlove (1873), whereby, with one phone call to his subordinates Mr. Whitacre could easily have remedied the ongoing tortious behavior through command of his fellow employees and those who answer to him. This failure coveys all credibility to plaintiff's claim of [gross] negligence

Because Mr. Whitacre failed to act [per se] in a manner required by law as a responsible party for his corporate governance of GM LLC (bound by the NYSD bankruptcy 363 Order) to not allow tortious and/or criminal behavior to exist which could be prevented through his actions, the aiding and abetting makes this issue at the very least, negligence per se. Mr. Whitacre's conduct violated several statutes and federal law by aiding and abetting all counts including USC Title 15 anticompetition laws. Plaintiff wished to again make it very clear to this court, that Mr. Whitacre had received numerous letters (while refusing phone calls) requesting he

have removed the anticompetitive injurious falsehoods placed upon this plaintiff's growth funding website by GM engineers and GMAC employees and agents. Mr. Whitacre incidentally ignored said requests. Mr. Kordella's violation caused further injury which would not have occurred if he would have properly responded. The statutes violated were designed specifically to prevent the type of injury that occurred and clearly a competitive automaker and the founding member was of the group of persons protected by the laws stated within the Complaint.

> See *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1 (1979); *Nat's Collegiate Athletic Assn v. Board of Regents*, 468 U.S. 85, 98 (1984); *Northwest Wholesale Stationers, Inc. v. Pacific Stationery & Printing Co.*, 472 U.S. 284, 289 (1985); and *FTC v. Indiana Federation of Dentists*, 476 U.S. 447 (1986).

The Arizona District U.S. Court has jurisdiction to hear the improper actions of the Chairman, employee or CEO of any U.S. or foreign company which operates through interstate commerce and which has injured or oppressed and shall be held criminally liable for interstate torts and crimes against this plaintiff; Specifically in Article Three, Section One of the U.S. Constitution, and through acts of Congress re; Title 15 U.S.C., and 28 U.S.C. §§ 1331, 1367. Which is the method by which this case was removed from state court to federal court, by the now 'suddenly oblivious' defendants.

B.  This pro se plaintiff is confused by defendant's council's erratic behavior and refusal to respond to the proper complaint. Plaintiff finds it highly irregular and wholly improper for the defendants council to intentionally misquote and fail to properly entitle their documents in response to the actual filed and Served August 10, 2010 Complaint. For this reason, the Judicial Notice was sent to the court and all parties to have the court make clear that defendants can no longer rely on paperwork they were never served and ignore the actual August 10, 2010 Complaint which they received and which has been supplied multiple times as an Exhibit. This action by defendant's council is purely Abuse of Procedure.

II. Plaintiff has in fact both attempted to and has served Mr. Whitacre as provided and prescribed according to Arizona laws of service and summons in the same capacity as this court has ruled proper service on Mr. Kordella [who, if needed, is pending appeal after court's response to plaintiff's response of Mr. Kordella's request for dismissal], and as GM LLC and GMAC were properly served.

Moreover, plaintiff never had any reason to believe that GM LLC's attorneys were acting on behalf of Mr. Whitacre, or that he was not somehow or someway planning to respond to the properly served Aug. 10, 2010 complaint. Plaintiff has continued and repeatedly extended the benefit of the doubt and has graciously given all served persons of this lawsuit the opportunities to respond. (See Certificate of and Notice of Proof of Service and Service List) and please see the August 10, 2010 complaint which was properly served and referred to (proving that it was, in fact, received).

III. Plaintiff is entitled to have this court entertain the Default Judgement because GM LLC's claims have not been appealed due to order of this court and Mr. Whitacre's liability is not directly connected with GM LLC when he was sued in his personal capacity as a negligent and contributory party to the plaintiff's injury which would not have occurred 'but for' the Mr. Whitacre's negligence. *Markowitz v Arizona Parks Bd.*, 146 Ariz 352, 354-59, 706 P.2d 364, 366-71 (1985), See *Drystone Pipe & Steel Co. v. U. S.*, 175 U.S. 211 (1899).

Complaint clearly defines Mr. Whitacre's role in the criminal and tortious actions of defendants. See Aug. 10, 2010 Complaint P.8:¶13, P.12:¶19c, P.55:¶100, Count IV (Aiding and Abetting) P.56:¶101 et seq (Aiding and Abetting), P.67: Count V (Aiding and Abetting); P.67:¶112a, P.90:130c. Defendant's council has received multiple hard copies and a searchable PDF version of the Aug. 10, 2010 complaint with access to these facts.

The claims against Mr. Whitacre are for his actions of negligence and negligence per se for criminal and injurious tort matters noted herein and within the Complaint which were not allowed to be excluded from the GM to MLC to GM restructure. This is also a matter that will be detailed on appeal for the GM LLC dismissal (once granted by this court) as it is partially detailed in the MLC response attached hereto. Following the July 10, 2009 appointment of Mr. Whitacre (whom plaintiff respects and admires) a series of letters requesting he use his authority to prevent the criminal, tortious, anticompetitve behaviour and he refused to comply and became an accomplice. (Please See attached Plaintiff's Response and Objection to the Intended Misuse of Defendant's Notice of Bankruptcy, et seq, specifically on P.7 Sec. II, P.8 Subsec. "B" & "C".

IV.  CONCLUSION

For the foregoing reasons and those attached hereto as true and correct representation of the laws in effect regarding this most extraordinary matter, plaintiff, John Lewis Mealer respectfully request that this court accept the default judgment on Mr. Whitacre or at the very least order him to respond to the Aug. 10, 2010 properly served complaint as GM LLC should be prepared to respond to upon plaintiff's appeal of the Docket 30 order, pursuant to Docket 38. Plaintiff is making every attempt to follow F.R.C.P. Rule 1 which has been wholly controlled by Rule 81 due to subject matter, in order to have this case progress as quickly as possible while allowing due process and to maintain only non-frivolous motions.

Finally, Plaintiff, John Lewis Mealer respectfully requests that this court advise GM LLC council that and such motion(s) are not frivolous when the defendant's council continues to attempt to deceive this honorable court by misquoting and referencing documents they have never been served, and as such are without substantial justification, acting improperly and making groundless bad-faith, defense claims to harass plaintiff and to drag out these legal

proceedings through clear abuse of process. GM LLC has constantly refuted their involvement with GM under the guise of MLC bankruptcy when they have, in fact, been provided the NYSD 363 Order by court order, which clearly states their responsibility for antitrust or other postpetition matters, whereby IF they had responded properly *viz* FRCP Rule 8(b), this case would not continue as a Summary Judgment would have been reached in favor of this plaintiff.

### AFFIDAVIT

I, plaintiff John Lewis Mealer, do hereby certify and testify through penalties of perjury to the fullest extent of the law, that the statements and allegations set forth in the foregoing motion and the accompanying Memorandum and Judicial Notice are true and accurate to the best of my knowledge and belief. Dated this 18th day of March, 2011

.JLM    [signature]    E-signed

### NOTICE AND CERTIFICATE OF SERVICE

I, John Lewis Mealer do hereby declare that: On March 21 2011, I deposited the original and copies of the following documents and otherwise served via the US Postal Service, First Class Mail to be delivered to the following persons and addresses:

PLAINTIFF'S RESPONSE AND OBJECTION TO THE INTENDED MISUSE of DEFENDANT'S NOTICE OF BANKRUPTCY, CLARIFICATION OF ISSUES AND ORDERS, ORAL ARGUMENT REQUESTED and EMERGENCY ADDITION TO: (Creditor's Principal Brief) to the NYSD Bankruptcy Court re: 09-50026(REG)., PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S GM LLC AND EDWARD WHITACRE'S RESPONSE TO PLAINTIFF'S DEFAULT JUDGMENT

DATED March 18th, 2011    .JLM    [signature]    E-signed

## SERVICE LIST

**ORIGINAL:**

**US District Court, District of Arizona,**
*US District Judge Honorable John W. Sedwick*
130 Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Ste 130, SPC Phoenix, Arizona 85003-2146

**ORIGINAL 3 page COVER** and COPY of AFOREMENTIONED ORIGINAL DOCUMENTs

**New York Southern District Bankruptcy Court**
One Bowling Green New York, New York, 10004-1408

**COPIES:**

"MLC" - **WEIL, GOTSHAL & MANGES LLP** 1300 Eye St, NW Ste 900 Wash., DC 20005

**Reformed General Motors LLC**, 400 Renaissance Center, Detroit, Michigan 48265
(Attn: Lawrence S. Buonomo, Esq.)

"GM LLC" - **Bowman & Brookes LLP** 2901 N Central Ave #1600, Phx, AZ. 85012-2786

<u>**Office of the United States Trustee for the Southern District of New York**</u>,
33 Whitehall Street, 21st Floor, New York, N.Y. 10004 (Attn: Tracy Hope Davis, Esq.)

<u>**U.S. Attorney's Office**</u>, S.D.N.Y., Chambers Street, Third Floor, New York, N.Y. 10007
(Attn: David S. Jones, Esq. And Natalie Kuehler, Esq.)

**Courtesy Copies electronically mailed to:**
Wolfe & Wyman LLP- *[via email upon verification]* cbdodrill@wolfewyman.com
Susan Payne Woodrow *[via email upon verification]* suzywoodrow@hotmail.com