767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

March 28, 2011

BY ELECTRONIC MAIL

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: *In re Motors Liquidation Co., et al. (f/k/a General Motors Corp. et al.),*
    Ch. 11 Case No. 09-50026 (REG)

Dear Judge Gerber,

This letter is submitted in response to the letters dated March 22, 2011 (ECF No. 9865) (the "**First Letter**") and March 28, 2011 (ECF No. 9928) (the "**Second Letter**"), from Maureen Leary, Assistant Attorney General for the State of New York ("**New York**"), objecting to the proposed order (the "**Confirmation Order**") confirming the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"). Although, as demonstrated below, the Debtors believe that the proposed Confirmation Order clearly incorporates the Court's ruling on the issue of exculpation, the Debtors nevertheless attempted to resolve New York's objection with Ms. Leary subsequent to receipt of the First Letter. This effort was unsuccessful, and, as instructed by Chambers, the Debtors scheduled a hearing on March 29, 2011 for the Court to address New York's objection. The Debtors are submitting this brief response in support of entry of the proposed Confirmation Order.

The exculpation provision in the Plan and in the proposed Confirmation Order is entirely consistent with the Court's ruling at the hearing on confirmation of the Plan (the "**Confirmation Hearing**") and with the Court's Bench Decision on Objections to Confirmation, dated March 7, 2011 (the "**Decision**"), reported at *In re Motors Liquidation Co.*, Ch. 11 Case No. 09-50026 (REG), 2011 WL 830728 (Bankr. S.D.N.Y. Mar. 7, 2011). Moreover, New York (and Salina and California) expressly agreed on the record of the Confirmation Hearing to the terms of the exculpation provision as set forth in the proposed Confirmation Order (with New York specifically noting that it did not "want to make a big deal out of this one at all").

March 28, 2011  **Weil, Gotshal & Manges LLP**
Page 2

Indeed, the transcript of the Confirmation Hearing with respect to the exculpation provision could not be clearer:

> THE COURT: -- it's a fairly limited exculpation, or at least it protects people unless they do stuff that's really bad. And my question is, are you asking me to strictly implement my rulings in Chemtura and its predecessor cases, or as long as it had that kind of really bad type of conduct provision in it like 73 seemingly has, that you'd be okay with it?
>
> And if you're acting as a surrogate for others, I understand you can only speak for yourself.
>
> MS. LEARY: That's right, Your Honor, and cognizant of the fact, and **I want to reiterate our objective to have the [P]lan confirmed, your proposal is fine to set forth, subject to California and Salina being okay with that, so.**
>
> THE COURT: All right. Can you pause for a second? Do I still have counsel for California on the line?
>
> MS. KARLIN: Yes, you do. This is Olivia Karlin.
>
> THE COURT: Do you want to weigh in on this, Ms. Karlin?
>
> MS. KARLIN: **We would agree with New York**.
>
> THE COURT: Okay. Salina I see out there in left field.
>
> MR. LINDENMAN: **Yes, we would agree**.
>
> THE COURT: Okay.
>
> MS. LEARY: **Your Honor, is that assuming <u>that you would add the language to the extent permitted by law, applicable law</u>?** As you did in –
>
> THE COURT: My tentative would be that way, but I haven't heard from your opponents yet.
>
> MS. LEARY: **Well, I would agree with your proposal if that language is added, <u>to the extent permitted by applicable law</u>, so that it's clear that parties can rely on this Court's

> analysis in this and other cases with respect to the releases
> and exculpations. I don't want to make a big deal out of this
> one at all, so.

(Hr'g Tr. 128-129 (emphasis added).)

Immediately thereafter, the Court at the Confirmation Hearing reiterated New York's agreement to the addition of such language and the Court went on to suggest that the Debtors add language similar to that used in the chapter 11 case of *Chemtura Corporation*, Ch. 11 Case No. 09-11233 (REG), that before an action may be brought by a third party against the protected parties, such third party must satisfy the Court that the claim belongs to it rather than the estate. Notably, once again, New York (and Salina and California) expressly agreed to this as well:

> **THE COURT: Well, I think what [Ms. Leary] was saying is, <u>to
> the maximum extent permitted by law or words to that effect</u>,
> and I've got to tell you that although I'm inclined to put in
> all the safeguards people want, as I did in Chemtura, and I'd
> hear creative suggestions for more protection, I've said a
> zillion times, I believe in predictability. I don't think I
> should be retreating from three published decisions I have in
> the area.**
>
>                   \* \* \* \*
>
> MR. KAROTKIN: Okay. But I still have and maybe I'm
> being thick. I just don't understand the suggested fix to [Section]
> 12.6 [of the Plan].
>
> THE COURT: Well, I think the suggested fix by
> Ms. Leary, in practical effect, means you don't get those third
> party releases as part of the exculpation under my rulings in
> Adelphia, DBSD and Chemtura.
>
> **MR. KAROTKIN: Okay. <u>So is the fix just to add to
> the extent permitted by applicable law</u>?**
>
> **THE COURT: <u>You can -- that's probably the easiest
> thing</u>. Although I don't tell lawyers how to practice law, but
> I would suggest that you put in one or more provisions that
> say – which I would be willing to approve, subject to others'
> rights to be heard, that before anybody wants to sue any of the
> protected parties on that, they've got to come to me to satisfy
> me that it belongs to them, and it doesn't already belong to
> the estate.**

> MR. KAROTKIN: The same language.
>
> THE COURT: Because I think most of the kinds of things that would bug somebody in this situation would belong to the estate and not to an individual creditor.
>
> MR. KAROTKIN: That same language you had in the Chemtura plan.
>
> THE COURT: You may remember it better than I, but I think I did something like that there, yes.
>
> MR. KAROTKIN: Okay. I understand.
>
> THE COURT: Okay.
>
> MS. LEARY: And we would find this Court's directive on coming here for clarification on the last thing that you said, whether the claim belongs to the third party or the estate, we are fine with that as well, Your Honor.
>
> THE COURT: Okay. Salina, are you okay with that as well?
>
> MR. LINDENMAN: I'm sorry, Your Honor?
>
> THE COURT: Are you okay with what Ms. Leary just said?
>
> MR. LINDENMAN: Yes.
>
> THE COURT: Okay. California?
>
> MS. KARLIN: California did not object to paragraph 12.6.

(*Id.* 131-134 (emphasis added).)

Consistent with the Court's ruling at the Confirmation Hearing, in its Decision the Court noted the hard work of the Debtors and the other "Chapter 11 Fiduciaries," but nevertheless stated that it was "constrained by existing law to place some limits" on the protection of professionals and, therefore, the "exculpation provisions of Article 12.6 must be fixed, consistent with *Chemtura*, *DBSD*, and the *Adelphia* decisions." *Motors Liquidation*, 2011 WL 830728, at *14. The Court concluded:

March 28, 2011    **Weil, Gotshal & Manges LLP**
Page 5

> With that said, I recognize the legitimate concerns that prompted the exculpation provisions that I'm trimming. And as in my earlier decisions [citing *Chemtura*], I'll approve language that addresses those concerns, so long as it falls short of an impermissible third-party release. Article 12.6 may include language, if Plan supporters wish, requiring third-party claims of the type now covered to be first brought before me, for a threshold inquiry to confirm that they actually belong to the third party, and don't belong, instead, to the Estate. And it may further provide, if Plan supporters wish, that, subject to any applicable subject matter jurisdiction limitations, I'll at least initially have exclusive jurisdiction to be the forum for any covered litigation brought by any creditor or equity security holder, so long as I'm free to abstain and consider whether that litigation would be better conducted elsewhere.

*Id.* at *15.

The Plan and the proposed Confirmation Order have been modified completely in accordance with the Court's ruling at the Confirmation Hearing and in the Decision. Further, the Plan and the proposed Confirmation Order are entirely consistent with what New York expressly agreed to on the record of the Confirmation Hearing. New York's attempt to engage in revisionist history is inappropriate, and the Debtors request that New York's objection be overruled and that the Confirmation Order be entered promptly.

Respectfully submitted,

*/s/ Stephen Karotkin*

Stephen Karotkin

cc: Parties on Attached List

Maureen F. Leary, Esq., Assistant Attorneys General
New York State Department Of Law
Environmental Protection Bureau

Natalie E. Levine, Esq.
Akin Gump Strauss Hauer & Feld LLP
Attorneys for Green Hunt Wedlake Inc., Trustee

Patrick E. Mears, Esq. and John T. Gregg, Esq.
Barnes & Thornburg LLP
Attorneys for M-Heat Investors, LLC

Robert Sidorsky, Esq. and Eric B. Fisher, Esq.
Butzel Long, PC
Attorneys for TK Holdings, Irvin Automotive Prod., Takata Petri

John J. Rapisardi, Esq., Peter M. Friedman, Esq., and Timothy Brown, Esq.
Cadwalader, Wickersham & Taft LLP
Attorneys for United States Of America

Elihu Inselbuch, Esq. Rita C. Tobin, Esq., Kevin C. Maclay, Esq.,
and Trevor W. Swett III, Esq.
Caplin & Drysdale, Chartered
Attorneys for the Asbestos Claimants' Committee

Dianne Ruhlandt, Esq.
Erman, Teicher, Miller, Zucker & Freedman, P.C.
Attorneys for Centerpoint Associates, L.L.C.

Lawrence S Buonomo, Esq.
General Motors, LLC

Matthew J. Williams, Esq.
Gibson, Dunn & Crutcher LLP
Attorneys for Wilmington Trust Company

B. Zirinsky, , Esq., N. Mitchell, , Esq., A. Kadish, , Esq.
Greenberg Traurig, LLP
Attorneys For Appaloosa Management L.P.

Susan R Katzoff, Esq. and Lee Woodward, Esq.
Hiscock & Barclay LLP
Attorneys for The Schaefer Group Inc

James S. Carr, , Esq. and Jordan A. Bergman, Esq.

Kelley Drye & Warren, LLP
Attorneys for BP Canada Energy Marketing Corp. and BP Energy Co.

Richard M. Cieri, , Esq., Mark E. Mckane, , Esq., Ray C. Schrock, , Esq.
Kirkland & Ellis LLP
Attorneys for New United Motor Manufacturing Inc.

Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq.,
and Jen Sharret, Esq.
Kramer Levin Naftalis & Frankel LLP
Attorneys for the Official Unsecured Creditors Committee

Andrew D. Gottfried, Esq. and Annie C. Wells, Esq.
Morgan, Lewis & Bockius LLP
Attorneyss For JPMorgan Chase Bank

Thomas Morrow
Motors Liquidation Company

Susan L. Taylor, Esq., Assistant Attorneys General
New York State Department Of Law
Environmental Protection Bureau

Margarita Padilla, Esq., Deputy Attorneys General
Office Of The California Attorneys General
Attorneys for State Of California

O. Karlin, Esq., Deputy Attorney General
California Department of Toxic Substances Control

Joseph Samarias, Esq.
Mark Dowd
U.S. Department of Treasury

Michael Edelman, Esq. and Michael Schein, Esq.
Vedder Price P.C.
Attorneys For Export Development Canada

Stefano V. Calogero, Esq.
Windels, Marx, Lane & Mittendorf, LLP
Attorneys For Allstate Insurance Company

Tracy Hope Davis
Office Of The United States Trustee

Kevin C Murphy, Esq.
The Wladis Law Firm PC
Attorneys for Onondaga County, New York

Luis Mendez Sr., Esq., Deputy County Attorney
Onondaga County, New York

Alan S. Tenenbaum, Esq. and Patrick Casey, Esq.
U.S. Department Of Justice
Natural Resources Division
Attorneys for the United States

Natalie Kuehler, Esq. and David S. Jones, Esq.
United States Attorney's Office
Attorneys for the United States

Lee Woodard, Esq.
Harris Beach PLLC
Attorneys for Town Of Salina

Matthew A. Hamermesh, Esq. and Jacqueline R. Dungee, Esq.
Hangley Aronchick Segal & Pudlin
Attorneys for NCR Corporation

Michael O. Hill, Esq.
Hill & Kehne, LLC
Attorneys for the Environmental Response Trust Administrative Trustee

Eliott P. Laws, Esq.
Crowell & Morning, LLP
Attorneys for the Environmental Response Trust Administrative Trustee

Sander L. Esserman, Esq.
Robert T. Brousseau, Esq.
Stutzman, Bromberg, Esserman & Plifka
Attorneys for Future Claimants

John J. Privitera, Esq. and Jacob F. Lamme, Esq.
McNamee, Lochner, Titus & Williams, P.C.
Attorneys for the Saint Regis Mohawk Tribe