HEARING DATE AND TIME: April 26, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2011 at 4:00 p.m. (Eastern Time)

David A. Golin
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone: (312) 876-7800
Facsimile:  (312) 876-0288

Attorneys for Sentry Select Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, | : | 09-50026 (REG) |
| *et al.*, f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**NOTICE OF HEARING ON MOTION OF SENTRY SELECT INSURANCE COMPANY**
**FOR RECONSIDERATION OF CLAIM NO. 44306**

PLEASE TAKE NOTICE that upon the annexed Motion, dated March 25, 2011 (the "Motion"), of Sentry Select Insurance Company ("Sentry Select"), pursuant to 11 U.S.C. § 502(j), for reconsideration of its proof of claim filed against Motors Liquidation Company, f/k/a General Motors Corporation, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2011 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure and the Local Rules of

the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in test-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Arnstein & Lehr LLP, attorneys for Sentry Select Insurance Company, 120 South Riverside Plaza, Suite 1200, Chicago, Illinois 60606 (Attn: David A. Golin, Esq.); (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, new York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (iii) the Debtor, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iv) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (v) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (vi) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vii) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (viii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, new York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (ix) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, new

York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (x) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (xi) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xii) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); and (xiii) Girard Gibbs LLP, attorneys for class action plaintiff Jason Anderson and all others similarly situated, 601 California Street, Suite 1400, San Francisco, California 94108 (Attn: Eric H. Gibbs, Esq. and A.J. De Bartolomeo, Esq.), so as to be received no later than **April 19, 2011 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, Sentry Select may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 28, 2011                    /s/ David A. Golin

                                                David A. Golin
                                               ARNSTEIN & LEHR LLP
                                               120 S. Riverside Plaza, Suite 1200
                                               Chicago, IL 60606
                                               Phone: (312) 876-7100
                                               Fax: (312) 876-0288

9499683.1

HEARING DATE AND TIME: April 26, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: April 19, 2011 at 4:00 p.m. (Eastern Time)

David A. Golin
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone: (312) 876-7800
Facsimile: (312) 876-0288

Attorneys for Sentry Select Insurance Company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** | : | **09-50026 (REG)** |
| *et al.*, f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| **Debtors.** | : | |
| | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | : | |

**MOTION OF SENTRY SELECT INSURANCE COMPANY
FOR RECONSIDERATION OF CLAIM NO. 44306**

Sentry Select Insurance Company ("Sentry Select"), by its attorneys, pursuant to 11 U.S.C. § 502(j), files this motion (the "Motion") for reconsideration of its proof of claim filed against Motors Liquidation Company, f/k/a General Motors Corporation ("GM"), and states as follows:

**Sentry Select Insurance Policies**

1.     Prior to the commencement of GM's chapter 11 case, Sentry Select issued product liability insurance policies (the "Policies") to certain GM dealers (the "Dealers").

2.     Under the Policies, Sentry Select generally agreed to insure (subject to the terms of the insuring agreements) the Dealers against product liability, injury and damage claims that arose against the Dealers with regard to vehicles manufactured by GM and sold by the Dealers.

Under a Dealers' Franchise Agreement with GM, GM agreed to assume the defense of the Dealers and indemnify the Dealers on product liability, injury and damage claims of third parties for defective manufacturing and design of GM vehicles sold by the Dealers.

3. Pursuant to Section 509(a) of title 11, United States Code (the "Bankruptcy Code"), a Dealer is subrogated to the rights of such third party creditors to the extent it pays such claim. Under each of the Policies, Sentry holds a contractual right of subrogation of the Dealers' claims against GM to the extent of any payment made by Sentry under the Policies. GM rejected or terminated certain Dealers' Franchise Agreements.

### Sentry Select Claim No. 44306

4. On November 24, 2009, Sentry Select filed a proof of claim against GM which was designated as claim no. 44306 ("Claim No. 44306"). A copy of Claim No. 44306 is attached hereto as Exhibit A. In Claim No. 44306, Sentry Select asserted:

> Sentry, pursuant to its contractual right of subrogation under the Policies and its statutory right of subrogation under 11 U.S.C. § 509, asserts a claim for damages against the Debtor for any and all past, present, and future subrogation or other claims the Dealerships hold against the Debtor based upon payments that Sentry has made or may make on behalf of Dealerships under the Policies for any and all past, present, and future products liability and injury claims and for any other damages arising from the Debtor's rejection of the Franchise Agreements to which Sentry is entitled by subrogation.

5. As of the commencement of GM's chapter 11 case, and as of the time that Claim No. 44306 was filed, the claim was entirely contingent and unliquidated.

6. Subsequent to the filing of Claim No. 44306, the claim became fixed and liquidated, in part.

7. One of the Dealers to whom Sentry Select issued a Policy was C Thompson Automotive, Inc. ("Thompson"). A copy of the declarations for the Policy issued by Sentry Select to Thompson (the "Thompson Policy") is attached hereto as Exhibit B.

2

8. On July 14, 2009, a lawsuit was filed by Northern Insurance Company of New York ("Northern") against Thompson in the State Court of South Carolina. The complaint alleged that Northern's insured, Dwight E. Funderburk d/b/a DEF Properties ("DEF"): (a) purchased a vehicle from Thompson, (b) parked the vehicle in a warehouse owned by DEF, and (c) incurred damages from a fire in the warehouse caused by defective parts in the vehicle and improper service. A copy of the complaint is attached hereto as Exhibit C. Sentry Select settled the litigation by making a payment on behalf of Thompson to Northern in the amount of $340,000. The settlement check cleared on December 13, 2010. A copy of the settlement check is attached hereto as Exhibit D. Sentry Select also incurred attorneys' fees and expenses of $10,540.97 in connection with this matter.

9. Additionally, at this time there are five other lawsuits pending that were filed against former GM Dealers insured by Sentry Select alleging defective manufacturing and/or design. As of January 26, 2011, Sentry Select has paid $231,151.86 in attorneys' fees and costs related to these matters, as follows:

| Dealer | Plaintiff | Payments |
| --- | --- | --- |
| Brunson Automobile Sales, Inc. | Jamie Risher<br>Stacy Risher<br>Jamie Risher, Jr. | $43,933.07 |
| Boles Chevrolet, Inc. | Scott Hardin | $5,891.58 |
| Tony March Buick | Danny Mangru | $4,206.45 |
| Agresta Pontiac Buick GMC, Inc. | Homer Pratt | $156,832.12 |
| Crown Chevrolet | Lamonte Johnson | $20,288.64 |

### Debtors' 110th Omnibus Objection

10. On December 3, 2010, GM and its affiliated debtors (the "Debtors") filed the Debtors' 110th Omnibus Objection to Claims seeking the entry of an order disallowing and expunging certain claims referred to as "Contingent Co-Liability Claims" under section 502 (e)(1)(B) of the Bankruptcy Code. Section 502(e)(1)(B) provides, in part:

3

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on … the claim of a creditor, to the extent that …
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; ….

11 U.S.C. § 502(e)(1)(B). Included among the Contingent Co-Liability Claims was Claim No. 44306.

11. On January 14, 2011, this Court entered an order granting the Debtors' 110th Omnibus Objection to Claims. Claim No. 44306 was included among the claims disallowed by the order.

12. Sentry Select, however, was not served with a copy of the Debtors 110th Omnibus Objection to Claims.

13. The Affidavit of Service filed by Danielle Zahaba, the project supervisor with The Garden City Group, Inc. (the claims and noticing agent for the Debtors), states that a copy of the Debtors' 110th Omnibus Objection to Claims was served by first class mail on "Sentry Insurance a Mutual Company, Attn: Kenneth J. Erler, Associate Counsel, 1800 North Point Drive, Stevens Point, Wisconsin 54481." Sentry Insurance a Mutual Company ("Sentry Insurance") is an affiliate of Sentry Select, but is a separate insurance company that also issued policies to GM auto dealerships.

14. Neither Sentry Insurance nor Sentry Select, however, actually received a copy of the Debtors' 110th Omnibus Objection to Claims.

### Debtors' 120th Omnibus Objection

15. Moreover, on December 21, 2010, the Debtors filed their 120th Omnibus Objection to Claims seeking to disallow certain claims on the basis that they are identical to and duplicative of one or more claims filed by the same claimant against another Debtor. Included

4

among the claims on Exhibit A to the objection to be disallowed was the claim filed by Sentry Insurance against MLCS, LLC, f/k/a Saturn LLC (claim no. 44304). The corresponding claim listed on Exhibit A to the objection as the surviving claim is Claim No. 44306. On January 26, 2011, Sentry Insurance and Sentry Select filed a response to the Debtors' 120th Omnibus Objection. The hearing with respect to these claims was adjourned to April 26, 2011.

### Reconsideration of Claim No. 44306

16. Pursuant to section 502(j) of the Bankruptcy Code, claim No. 44306 may be reconsidered for cause:

> (j) A claim that has been … disallowed may be reconsidered for cause. A reconsidered claim may be allowed … according to the equities of the case ….

11 U.S.C. § 502(j)

17. Pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure, Sentry Select may move for reconsideration of Claim No. 44306:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after hearing on notice shall enter an appropriate order.

Fed. R. Bank. P. 3008

18. Claim No. 44306 was disallowed by this Court pursuant to section 502(e)(1)(B) of the Bankruptcy Code as a contingent claim for contribution.

19. Section 502(e)(2) of the Bankruptcy Code, however, provides:

> A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed … the same as if such claim had become fixed before the date of the filing of the petition.

11 U.S.C. § 502(e)(2)

5

20. A claim that was disallowed under section 502(e)(1)(B) may be reconsidered pursuant to section 502(j) if the claim has become fixed and liquidated. See *In re Agway, Inc.*, 2008 WL 2827489 (Bankr. N.D. N.Y. 2008).

21. Cause exists for this Court to reconsider Claim No. 44306 and to allow it in the amount of $581,629.83:

    a. Claim No. 44306 is now fixed and liquidated, in part, in the amount of $581,629.83;

    b. Sentry Select did not receive notice of the Debtors' 110th Omnibus Objection to Claims or the hearing thereon;

    c. Sentry Select received notice of the Debtors' 120th Omnibus Objection to Claims which stated that Claim No. 44306 would be a surviving claim.

WHEREFORE, Sentry Select prays that the Court reconsider Claim No. 44306 and allow it in the amount of $581,629.83.

SENTRY SELECT INSURANCE COMPANY

Dated: March 28, 2011

/s/ David A. Golin
David A. Golin

ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

9489273.1