# Exhibit C

07/31/2009 FRI 9:24 FAX                                                                                                    ☒007/036

| STATE OF SOUTH CAROLINA | IN THE CIRCUIT COURT |
|---|---|
| COUNTY OF GREENWOOD | IN THE EIGHTH JUDICIAL CIRCUIT |

NORTHERN INSURANCE COMPANY )
OF NEW YORK,                )    09-CP-24-01017
                            )
            Plaintiff,      )
                            )
v.                          )
                            )    COMPLAINT
C. THOMPSON AUTOMOTIVE, INC. )   (JURY TRIAL DEMANDED)
                            )
            Defendant       )
_____)

Plaintiff, Northern Insurance Company of New York, by and through undersigned counsel, complains of Defendant, C. Thompson Automotive, Inc., and alleges:

## THE PARTIES

1.  Plaintiff, Northern Insurance Company of New York (hereinafter referred to as "Plaintiff"), is and has been at all materials times a foreign corporation that writes policies of insurance throughout the United States, to include the State of South Carolina, specifically writing a policy of property insurance for the warehouse located at 1633 Rivers Street in Greenwood, South Carolina.

2.  Defendant, C. Thompson Automotive, Inc. (hereinafter referred to as "Thompson") is and has been at all material times an active South Carolina corporation authorized to do business and sell GM manufactured products in Greenwood County, South Carolina with a principal place of business located at 1706 Montague Avenue, Greenwood, SC 29649, that maintains the following registered agent in South Carolina: A. Claude Thompson, 1706 Montague Avenue, Greenwood, SC 29649.

EXHIBIT C

## JURISDICTION AND VENUE

3. Jurisdiction and venue are properly before this Court in that the events leading to the cause of action occurred in Greenwood County, the property that is the subject matter of this action is situated in Greenwood County, and the defendant has at all material times conducted business in Greenwood County, South Carolina.

## FACTUAL BACKGROUND

4. On April 24, 2007, a 2000 GMC truck, VIN 1GDHC33RXYF457103 ("the vehicle") owned by Plaintiff's insured was parked in the 25,000 square foot warehouse owned by Plaintiff's insured located at 1633 Rivers St., Greenwood, SC 29649 (hereinafter referred to as the "warehouse") with the vehicle not running.

5. The Plaintiff's insured purchased the vehicle new from Thompson.

6. On April 24, 2007, the warehouse was the subject of a fire (hereinafter referred to as "the fire").

7. The fire originated from the engine compartment of the vehicle.

8. After providing notice and coordinating attendance of all parties and their representatives, on June 21, 2007, the vehicle was examined by automotive engineers at a storage facility in Hoschton, GA.

9. During the June 21, 2007 examination, the cause of the fire was determined to be a degraded, rubberized, GM-installed valve cover gasket.

10. The degraded valve cover gasket allowed engine oil to leak onto the exhaust manifold, and the heat of the exhaust manifold was sufficient to ignite the oil and cause the fire.

11. The fire spread from the vehicle to the structure of the warehouse.

12. From the time that the vehicle was first purchased by the Plaintiff's insured to the time of the fire, no one had performed any work or modifications on the valve cover, valve cover gasket, or exhaust manifold.

13. From the time that the subject vehicle was first purchased to the time of the fire, no warning or instruction was provided to the Plaintiff's insured regarding the unreasonably dangerous condition created by the tendency of the rubberized, GM-installed valve cover gasket to degrade in seven years.

14. As a direct result of the degraded, rubberized, GM-installed valve cover gasket, the vehicle caught fire, and the fire spread to the warehouse and its contents.

15. On a date prior to April 24, 2007, Plaintiff issued a policy of insurance that was in effect on April 24, 2007 to Plaintiff's insured, providing property insurance coverage for the warehouse located at 1633 Rivers Street in Greenwood, South Carolina.

16. A copy of the insurance contract is not attached hereto because the terms of the policy are not in issue and the only question concerning the policy is its issuance and the payment under the policy to Plaintiff's insured.

17. As a result of the fire, Plaintiff's insured made a property insurance claim with Plaintiff pursuant to the policy of insurance issued by Plaintiff to Plaintiff's insured which Plaintiff fully paid in full discharge of its obligations under the policies in an amount in excess of $10,000.

18. Documents evidencing the payments by Plaintiff to and/or on behalf of its insured are not attached hereto because there is no dispute between Plaintiff and Plaintiff's insured that such payments were made.

19. Plaintiff made the payments under its insurance policy with Plaintiff's insured in order to protect Plaintiff's interest as subrogee/insurer.

3

07/31/2009 FRI 9:25 FAX                                                                 ☒010/036

20.  Plaintiff did not make the payments as a volunteer but did so after a valid claim was presented by Plaintiff's insured.

21.  Plaintiff is not primarily liable for the damages incurred by Plaintiff's insured, but GM is primarily liable for the damages incurred by Plaintiff's insured.

22.  Plaintiff paid to its insured the entire amount owed to its insured under the policy of insurance.

23.  Subrogation will not work any injustice to the rights of any person or entities.

24.  Having paid its insured for the above damages pursuant to the policies of insurance issued to its insured, Plaintiff is subrogated to its insured's right to bring this action against those responsible for the damage incurred.

25.  As a result of the fire, the Plaintiff incurred damages to the warehouse and its contents and additional expenses for loss of use for a total loss in excess of $10,000.

26.  This action is brought against Thompson following the bankruptcy proceeding instituted by General Motors Corporation, which Plaintiff sued in this Court in the matter of *Northern Insurance Company of New York v. General Motors Corporation*, Greenwood County Court of Common Pleas, Civil Action No. 2008-CP-24-312, a lawsuit that is now stayed as a result of the bankruptcy proceeding.

## COUNT I

### NEGLIGENCE AGAINST THOMPSON

27.  Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations contained in all preceding paragraphs.

28.  GM designed, manufactured, and distributed the vehicle and originally placed it into the stream of commerce.

4

07/31/2009 FRI 9:25 FAX                                                            ☒011/036

07/22/2009 WED 11:41 [JOB NO. 6141]                                                ☒005

29. GM had a duty to design, manufacture, and distribute vehicles which were safe and free of defects.

30. GM had a duty to warn persons who might reasonably use GM vehicles latent dangerous defects in the vehicles.

31. It was foreseeable by GM that if GM designed, manufactured, and distributed a vehicle with a latent defect and/or if GM failed to warn of such defect, persons or entities, such as Plaintiff, in using the vehicle or in proximity to the vehicle could incur personal or property damage.

32. As the seller of the vehicle, the above duties also existed as to Thompson and extended to Plaintiff's insured.

33. The fire was the result of a malfunction of the vehicle in the course of its ordinary use.

34. The malfunction of the vehicle was due to a defective condition in the vehicle, to wit: a rubberized, GM-installed valve cover gasket which had a tendency to and did degrade, thus allowing oil to leak onto the exhaust manifold, and the heat of the exhaust manifold was sufficient to ignite the oil and cause the fire.

35. The vehicle contained the above defect when it left GM's possession and control and when it left Thompson's control.

36. Thompson breached the above duties by designing, manufacturing, and distributing the vehicle in a defective condition and/or by failing to provide adequate warning and/or instruction regarding a component part which was known, or in the exercise of ordinary care should have been known, to degrade and create an unsafe condition and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the

07/22/2009 12:49 FAX 8602220043             CTHOMPSONAUTOMOTIVE                            ☒005/012

valve cover gasket that could then have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the vehicle.

37. As a direct and proximate result of the aforesaid negligence and/or negligent acts and/or negligent omissions, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Thompson for an amount in excess of $10,000 together with pre-verdict interest, post-verdict interest, the costs of this action as allowed by law, and such other relief as this Court deems just and proper.

## COUNT II

### STRICT LIABILITY AGAINST THOMPSON

38. Plaintiff incorporates and re-alleges, as if fully set forth herein, the allegations preceding Count I.

39. GM and Thompson manufactured, sold, and distributed the vehicle and originally placed it into the stream of commerce.

40. The vehicle is the type of product that GM and Thompson are in the business of manufacturing, selling, and distributing.

41. The vehicle was defective and unreasonably dangerous in that it contained a valve cover gasket that had a tendency to degrade in the ordinary course of its use allowing oil to leak onto the exhaust manifold, and the heat of the exhaust manifold was sufficient to ignite the oil and cause the fire.

42. The vehicle was in the defective condition at the time that it left the possession or control of GM and at the time that it left the possession or control of Thompson.

6

43. The vehicle was expected to and did reach the owner of the vehicle alleged herein without substantial change in its condition.

44. The vehicle was used for its intended purpose and/or for a purpose that was reasonably foreseeable by GM and by Thompson.

45. As a direct and proximate result of the aforesaid defective and unreasonably dangerous condition, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff respectfully requests judgment against Thompson for an amount in excess of $10,000 together with pre-verdict interest, post-verdict interest, the costs of this action as allowed by law, and such other relief as this Court deems just and proper.

### A TRIAL BY JURY IS DEMANDED ON ALL ISSUES

Respectfully submitted, this 13th day of July, 2009.

COZEN O'CONNOR

By: _____
F. Douglas Banks, Esquire
S.C. Bar # 66554
One Wachovia Center
301 S. College Street
Suite 2100
Charlotte, North Carolina 28202
Phone: (704) 376-3400
Fax: (704) 334-3351
Email: DBanks@cozen.com
Website: www.cozen.com
Attorney for Plaintiff

CHARLOTTE\222160\1 203858.000