**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
**In re**                                                                        :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,        :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*                    :
:
            **Debtors.**                                               :    **(Jointly Administered)**
:
-----------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING DEBTORS' 110TH OMNIBUS OBJECTION TO CLAIM NO. 64626, (Contingent Co-Liability Claims)

Upon the 110th omnibus objection to expunge certain claims, dated December 3, 2010 (the "**110th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 110th Omnibus Objection to Claims; and due and proper notice of the 110th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and a response to the 110th Omnibus Objection to Claims having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 110th Omnibus Objection to Claims.

Cummins Inc. (ECF No. 8393) with respect to Proof of Claim No. 64626 (the "**Claim**," and the holder of the Claim, the "**Claimant**"); and the Court having entered the Order Granting Debtors' 110th Omnibus Objection to Claims (ECF No. 8609) (the "**Initial Order**"), disallowing and expunging all claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Claims to be Disallowed and Expunged*" and adjourning the hearing on the claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Objection Adjourned to 2/9/2011 at 9:45 a.m.*"; and the 110th Omnibus Objection to Claims with respect to the Claim having been adjourned to March 29, 2011 at 9:45 a.m.; and the Debtors having now resolved the objections of the Claimant pursuant to the terms of this Supplemental Order; and the Court having found and determined that the relief provided herein with respect to the 110th Omnibus Objection to Claims and the Claim is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 110th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 110th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged from the claims registry; and it is further

ORDERED that the Claimant reserves and retains the right to seek reconsideration of the Claim under section 502(j) of the Bankruptcy Code and the Debtors reserve and retain all defenses thereto; and it is further

ORDERED that, although the Debtors contend it would be improper under the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, by and among the Debtors and NGMCO, Inc. (together with any successor entity thereto, "**New GM**"), as

successor in interest to Vehicle Acquisition Holdings LLC (a purchaser sponsored by the United States Department of the Treasury) (as may be amended from time to time, the "**MSPA**"), to hold New GM liable, the Claimant reserves and retains any and all rights, if any, that it may have against New GM, as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury Sponsored Purchaser, (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered (ECF No. 2968), based upon any theory of liability, including, without limitation, as successor to the Debtors; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, the Claims listed on Exhibit A annexed to the 110th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not disallowed or expunged or that is subject to reconsideration under section 502(j) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  New York, New York
　　　　**_March 31, 2011_**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_s/ Robert E. Gerber_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge