**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :

In re                                      :        Chapter 11 Case No.
                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,  :        09-50026 (REG)
    f/k/a General Motors Corp., *et al.*     :
                                           :
                        Debtors.          :        (Jointly Administered)
                                           :
------------------------------------------------------------x

### STIPULATION AND AGREED ORDER BETWEEN
### DEBTORS AND THE UNITED STATES OF AMERICA

It is hereby stipulated and agreed by Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its affiliated debtors, including Remediation and Liability Management Company ("**REALM**"), and Environmental Corporate Remediation Company, Inc. ("**ENCORE**"), as debtors in possession (collectively, "**Debtors**"), by their attorneys, Weil, Gotshal & Manges LLP, and the United States of America (the "**United States**" or "**Government**" and together with the Debtors, the "**Parties**"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, as follows:

WHEREAS, on June 1, 2009, four of the Debtors, including MLC, (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

WHEREAS, on October 9, 2009, two additional Debtors, REALM and ENCORE, commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, the chapter 11 cases filed by the Initial Debtors, REALM and ENCORE have been consolidated for procedural purposes and are being administered jointly as

Case No. 09-50026 (REG) and have been deemed substantively consolidated for purposes of the Plan of Liquidation (as defined below);

WHEREAS, on November 28, 2009, the United States of America (the "**United States**"), on behalf of the United States Environmental Protection Agency ("**EPA**"), the United States Department of the Interior ("**DOI**"), and the United States Department of Commerce, acting through the National Oceanic and Atmospheric Administration ("**NOAA**"), timely filed a proof of claim (the "**Proof of Claim**") against MLC for the recovery of: (i) civil penalties pursuant to the Resource Conservation and Recovery Act ("**RCRA**"), 42 U.S.C. §§ 6901-6992k; (ii) response costs incurred and to be incurred by the Government under the Comprehensive Environmental Response, Compensation, and Liability Act ("**CERCLA**"), 42 U.S.C. §§ 9601-9675; (iii) natural resource damages, including past assessment costs, under Section 107 of CERCLA; and (iv) civil penalties under the Clean Air Act ("**CAA**"), 42 U.S.C. §§ 7401-7671q;

WHEREAS, two of the properties for which the Proof of Claim asserted environmental obligations by the Debtors to EPA are the Flint West a/k/a Chevy in the Hole Site at 300 North Chevrolet Avenue, Flint, Michigan (the "**Chevy in the Hole Site**") and the Tremont City Barrel Fill Site in Clark County, Ohio (the "**Tremont Site**");

WHEREAS, the United States and Debtors entered into a Consent Decree and Settlement Agreement with respect to certain environmental liabilities asserted against Debtors in the Proof of Claim, and lodged that Consent Decree and Settlement Agreement with the Bankruptcy Court on March 4, 2011;

WHEREAS, the Consent Decree and Settlement Agreement was approved by Order of this Court, dated March 29, 2011;

2

WHEREAS, the March 4, 2011 Consent Decree and Settlement Agreement resolves Debtors' liabilities to EPA at the Chevy in the Hole Site for an allowed general unsecured claim in the amount of $4,200,000, classified in Class 3 under the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as revised, amended, and supplemented from time to time) (the "**Plan of Liquidation**"), and resolves Debtors' liabilities to EPA at the Tremont Site for an allowed general unsecured claim in the amount of $7,500,000, classified in Class 3 under Debtors' Plan of Liquidation;

WHEREAS, allowed general unsecured claims classified in Class 3 under Debtors' Plan of Liquidation will be satisfied through the General Unsecured Creditors Trust (the "**GUC Trust**") established pursuant to Debtors' Plan of Liquidation, including through the GUC Trust's distribution of New GM securities and GUC Trust Units, as defined in Debtors' Plan of Liquidation;

WHEREAS, Debtors' Plan of Liquidation provides for the distribution of New GM securities and GUC Trust Units in satisfaction of allowed general unsecured claims classified in Class 3 as soon as is reasonably practicable after the Effective Date of Debtors' Plan of Liquidation (the "**First Distribution Date**");

WHEREAS, Section 5.7 of Debtors' Plan of Liquidation provides that "[n]othing in the Plan shall limit or affect any right of the United States to offset (subject to obtaining Bankruptcy Court approval to the extent required) any obligation owed by the United States to the Debtors against any obligation owed by the Debtors to the United States";

WHEREAS, the United States has reason to believe that certain of the Debtors' disputed prepetition claims will be resolved in a manner that will give rise to a right to offset those claims in partial satisfaction of prepetition obligations owed by the Debtors to the United States;

3

WHEREAS, the United States seeks to preserve the right to offset certain obligations owed by the Debtors to EPA under the March 4, 2011 Consent Decree and Settlement Agreement in connection with the Chevy in the Hole Site and Tremont Site, rendering those obligations subject to offset at the Chevy in the Hole and Tremont Site;

WHEREAS, such offset would result in a reduction of EPA's allowed general unsecured claim at the Chevy in the Hole Site by $1,564,000 (leaving a Class 3 General Unsecured Claim in the amount of $2,636,000) and a reduction of EPA's allowed general unsecured claim at the Tremont Site by $2,806,000 (leaving a Class 3 General Unsecured Claim in the amount of $4,694,000);

NOW, THEREFORE, upon the consent and agreement of the parties to this Stipulation by their attorneys and authorized officials, it is hereby agreed as follows:

1. Upon approval by the Bankruptcy Court of the March 4, 2011 Consent Decree and Settlement Agreement and this Stipulated Order, the GUC Trust shall, in accordance with Debtors' Plan of Liquidation, distribute to EPA New GM securities and GUC Trust Units on account of (i) an allowed general unsecured claim in Class 3 at the Chevy in the Hole Site in the amount of $2,636,000; and (ii) an allowed general unsecured claim in Class 3 at the Tremont Site in the amount of $4,694,000.

2. The GUC Trust Administrator (as defined in the Plan of Liquidation), shall reserve for additional Class 3 general unsecured claims in the amounts of $1,564,000 for EPA's claims at the Chevy in the Hole Site and $2,806,000 for EPA's claims at the Tremont Site (together, the "**Potential Offset Reserve**") in the event that the right of offset anticipated by the United States does not materialize.

3. In the event that the right of offset anticipated by the United States does not

materialize, the United States shall advise the GUC Trust in writing no later than thirty (30) days prior to the last GUC Trust distribution date that EPA no longer asserts a right of setoff in connection with the Chevy in the Hole and Tremont Sites. In such event, the GUC Trust Administrator shall make distributions to EPA on account of the full amount of the Potential Offset Reserve on the next succeeding GUC Trust distribution date.

4. In the event the right of offset anticipated by the United States is exercised, the United States shall promptly, but in no event later than thirty (30) days prior to the last GUC Trust distribution date, advise the GUC Trust that such exercise has been made after either obtaining (i) the consent of New GM (as defined in the Plan of Liquidation) for the offset or, (ii) an order of this Court determining that the offset is appropriate under the terms of the MSPA (as defined in the Plan of Liquidation) or under applicable law. The GUC Trust Administrator shall thereafter be authorized to release the Potential Offset Reserve.

5. Nothing in this Stipulation shall prejudice the rights of the United States to assert any additional right of offset available to the United States pursuant to Section 5.7 of Debtors' Plan of Liquidation.

6. This Stipulation is expressly subject to and contingent upon the occurrence of the Effective Date (as defined in the Plan of Liquidation). If the Effective Date does not occur, this Stipulation shall be null and void.

**THE UNITED STATES:**

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

PREET BHARARA
United States Attorney for the
Southern District of New York

/s/ Alan S. Tenenbaum
Alan S. Tenenbaum
National Bankruptcy Coordinator
Patrick Casey
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

/s/ Natalie N. Kuehler
David S. Jones
Natalie N. Kuehler
Jaimie L. Nawaday
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Date: March 30, 2011

Date: March 30, 2011

**MOTORS LIQUIDATION COMPANY AND ITS AFFILIATED DEBTORS**

/s/ Joseph H. Smolinsky

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Date: March 30, 2011

**SO ORDERED** this *1st* day of *April*, 2011

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE