UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
MOTORS LIQUIDATION COMPANY, *et al.*,                            :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                                 :
                          Debtors.                    :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

## STIPULATION AND AGREED ORDER
## REGARDING PROOF OF CLAIM NO. 66305

      This Stipulation and Order (the "**Stipulation and Order**") is entered into as of March 29, 2011 by and among Motors Liquidation Company ("**MLC**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), on the one hand, and Detroit Diesel Corporation ("**Detroit Diesel**," and, collectively with the Debtors, the "**Parties**"), on the other hand.

## RECITALS

      **WHEREAS**, on June 1, 2009 (the "**Commencement Date**"), certain of the Debtors (the "**Initial Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 09-50026 (REG);

      **WHEREAS**, on November 30, 2009, Detroit Diesel filed Proof of Claim No. 66305 against MLC (the "**Claim**") seeking, pursuant to certain agreements entered into between MLC and Detroit Diesel in connection with the 1988 purchase of certain assets of the Detroit Diesel Allison Division of General Motors (collectively, the "**Agreements**"), payment from the Debtors for amounts incurred or to be incurred with (i) pending product liability cases asserted against

Stipulation with Detroit Diesel 43634049_6.DOC

Detroit Diesel by plaintiffs who allegedly suffered injury after inhaling diesel fumes generated from engines (the "**Diesel Fume Cases**"), and (ii) pending tort cases asserted against Detroit Diesel by plaintiffs who allegedly suffered injury through exposure to asbestos (the "**Asbestos Cases**").

**WHEREAS**, on December 3, 2010, the Debtors filed their 110th Omnibus Objection to Claims seeking entry of an order disallowing and expunging certain claims, including the portion of the Claim seeking payments relating to the Diesel Fume Cases, on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code (the "**Objection**"), and thereafter, Detroit Diesel made an informal response to the 110th Omnibus Objection to Claims;

**WHEREAS**, on January 14, 2010, the Court entered the Order Granting Debtors' 110th Omnibus Objection to Claims (ECF No. 8609) (the "**Initial Order**"), disallowing and expunging all claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Claims to be Disallowed and Expunged*" and adjourning the hearing with respect to certain other claims, including the Claim, which is currently scheduled to be heard on March 29, 2011;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties, subject to approval of this Stipulation and Order by the Bankruptcy Court, that:

## STIPULATION

1. The Claim is amended to only seek an unsecured amount of $2,000,000 for amounts, including attorneys' fees and costs, that have been incurred for the defense of the Diesel Fume Cases, to the extent permitted under the Agreements (or otherwise recoverable as rejection damages based on the rejection of the Agreements by Debtors).

2. To the extent that the Claim seeks any other relief other than as provided above in Paragraph 1, it is disallowed, provided that, Detroit Diesel reserves its rights, if any, to seek reconsideration of such disallowance pursuant to section 502(j) of the Bankruptcy Code, and provided further that, the Debtors reserve all defenses thereto, if any, including any defenses and objections with respect to the timeliness of asserting a claim under section 502(j).

3. The 110th Omnibus Objection is withdrawn with respect to the Claim, provided that, the Debtors reserve the right to object to the Claim on any basis, provided further that, the Debtors will not object to the Claim pursuant to section 502(e)(1)(B) to the extent the Claim seeks amounts that have been incurred for the defense of the Diesel Fume Cases.

4. The Debtors shall, for the purposes of confirmation of a chapter 11 plan, establish reserves sufficient for that portion of the Claim which is not hereby disallowed in the amount of $2,000,000, but shall have no further obligation to establish additional reserves on account of the Claim.

5. Within 10 days, Detroit Diesel may file another proof of claim against the Debtors (the "**New Asbestos Claim**") based on the same facts and circumstances provided in the Claim on account of the Asbestos Cases, and the New Asbestos Claim shall be deemed timely filed as of the date of the filing of the Claim, provided that, the Debtors reserve their right, if any, to later object to the New Asbestos Claim on any basis or to treat the New Asbestos Claim as a Class 5 claim under the Debtors' Second Amended Joint Chapter 11 Plan (as may be amended from time to time).

6. Although the Debtors contend it would be improper under the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009, by and among the Debtors and NGMCO, Inc. (together with any successor entity thereto, "**New GM**"), as successor in

interest to Vehicle Acquisition Holdings LLC (a purchaser sponsored by the United States Department of the Treasury) (as may be amended from time to time, the "**MSPA**"), to hold New GM liable, Detroit Diesel reserves and retains any and all rights, if any, that it may have against New GM, as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury Sponsored Purchaser, (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered (ECF No. 2968), based upon any theory of liability, including, without limitation, as successor to the Debtors; and it is further

7. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8. This Stipulation and Order may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Order.

**Stipulated and Agreed:**

| **MOTORS LIQUIDATION COMPANY** | **DETROIT DIESEL CORPORATION** |
|---|---|
| By: /s/ Kyle Braden | By: /s/ Shawn K. Jacque |
| Kyle Braden | Shawn K. Jacque |
| Vice President | Corporate Counsel |

**SO ORDERED** this *1st* day of *April*, 2011

*s/ Robert E. Gerber*
UNITED STATES BANKRUPTCY JUDGE