UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                            :
                 Debtors.                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------------x

### SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' 209TH OMNIBUS OBJECTION TO CLAIM NOS. 49511 AND 49512
(Contingent Co-Liability Claims)

Upon the 209th omnibus objection to expunge certain claims, dated January 28, 2011 (the "**209th Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), filed pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the Contingent Co-Liability Claims on the grounds that such claims should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the 209th Omnibus Objection to Claims; and due and proper notice of the 209th Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and informal responses to the 209th Omnibus Objection to Claims

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the 209th Omnibus Objection to Claims.

having been communicated to the Debtors by Reynolds Metals Company with respect to Proof of Claim No. 49511 (the "**Reynolds Claim**") and by Alcoa Inc. with respect to Proof of Claim No. 49512 (the "**Alcoa Claim**"; together with the Reynolds Claim, the "**Claims**," and the holders of the Claims, the "**Claimants**"); and the Court having entered the Order Granting Debtors' 209th Omnibus Objection to Claims (ECF No. 9712) (the "**Initial Order**"), disallowing and expunging all claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Claims to be Disallowed and Expunged*" and adjourning the hearing on the claims listed on Exhibit "A" annexed to the Initial Order under the heading "*Objection Adjourned to 3/29/2011 at 9:45 a.m.*"; and the 209th Omnibus Objection to Claims with respect to the Claims having been adjourned to March 29, 2011 at 9:45 a.m.; and the Debtors having now resolved the responses of the Claimants pursuant to the terms of this Supplemental Order; and the Court having found and determined that the relief provided herein with respect to the 209th Omnibus Objection to Claims and the Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 209th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 209th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are disallowed and expunged from the claims registry; and it is further

ORDERED that the Debtors shall have no obligation to establish reserves for the Claims for purposes of the confirmation of a chapter 11 plan in these cases; and it is further

ORDERED that each of the Claimants reserves and retains the right to seek reconsideration of the Claims under section 502(j) of the Bankruptcy Code and the Debtors reserve and retain all defenses thereto; and it is further

ORDERED that if any liability related to a Claim becomes fixed, the applicable Claimant reserves and retains the right to seek an order pursuant to, *inter alia*, section 501(d) of the Bankruptcy Code, deeming a subsequently filed claim concerning such fixed claim timely filed, and the Debtors reserve and retain all defenses thereto, including any defenses and objections with respect to the timeliness of any such claim; and it is further

ORDERED that each of the Claimants reserves and retains any and all rights, if any, that each Claimant may have against NGMCO, Inc., as successor-in-interest to Vehicle Acquisition Holdings LLC and as acquirer of substantially all of the assets of the Debtors pursuant to the Court's July 5, 2009, Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement (as may be amended from time to time, the "**MSPA**") with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief as entered (ECF No. 2968), or any successor entity thereto (collectively "**New GM**"), based upon any theory of liability, including, without limitation, as successor to the Debtors; provided, however, that any such claims are fully subject to the MSPA; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, the Claims listed on Exhibit A annexed to the 209th Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that are not disallowed or expunged

or that are subject to reconsideration under section 502(j) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
 *April 1, 2011*

 *s/ Robert E. Gerber*
 United States Bankruptcy Judge