UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X   CHAPTER 11 CASE NO.:
DAVE SHOSTACK           PLAINTIFF,

VS.                                                                                    09-50026 (REG)

MOTORS LIQUIDATION COMPANY, ET AL,           AFFIDAVIT IN
                                                                                        OPPOSITION TO
f/k/a                                                                                 DEFENDANT DEBTORS
GENERAL MOTORS CORP ET AL.              SUR-REPLY

                              DEFENDANTS.
-------------------------------------------------------X
DAVE SHOSTACK sworn and deposes and says:

1. Plaintiff fees he has a meritorious cause of action.

2. Plaintiff submits this Affidavit in order to oppose Defendants Sur-Reply.

3. That the reason why Plaintiff opposes Defendant Sur-Reply is because in Plaintiff opinion Defendant has not stated anything different than in their previous Affidavit in Opposition to Plaintiff Motion to Lift Defendant bankruptcy Stay.

4. That it is irrelevant whether Plaintiff complained about "over heating, defective brake caliper and rotors, defective brake hoses, defective proportioning valve, defective anti-lock brake system, defective stabilizer bar bushings, defective lower control arms, defective seat recliner, water leak in the trunk, bell odor coming through a/c vents, defective catalytic converter," prior to the bankruptcy because Plaintiff is not making a claim for those items.

5. That the court should further note that Plaintiff does not recall stating to GM customer service in May 2009 that there was a "bell odor coming from the a/c events," Plaintiff stated there was an odor coming from the a/c vents that Plaintiff thought could be the catalytic converter.

6. That the court should further note it is irrelevant for Defendant to mention the above items since Plaintiff is not making a claim for those items.

7. Plaintiff is only making a claim for the transmission which occurred several months after the bankruptcy.

8. There was no claim or complaint for the transmission prior to the bankruptcy because the problems with transmission did not occur until (Oct 2010) which is several months after the bankruptcy filing.

9. That therefore Plaintiff claim for the transmission is a post petition claim and therefore Plaintiff should be entitled to 100% of his claim.

10. Just because Plaintiff complained about other things prior to the bankruptcy filing has nothing to do with the claim for the transmission.

11. Plaintiff is not making a claim for anything other than the transmission.

12. The service bulletin from GM is irrelevant because the claim for the transmission never occurred until after the bankruptcy.

13. The reason why it never occurred is because prior to the bankruptcy there was nothing wrong with the transmission.

14. That Plaintiff case in the State was never properly served upon Defendant and the case in the State court was subsequently dismissed therefore Plaintiff is not in contempt of the bankruptcy order.

15. That Plaintiff is layman but was advised by Neil Flaum ESQ bankruptcy attorney that there was nothing wrong with what he did.

16. That furthermore Plaintiff was further advised that he could have commenced another action against Defendant in the State Court without seeking to Move the bankruptcy court to lift the automatic stay because of the fact that Plaintiff case is a post petition claim.

17. That the exhibit known as "Exhibit A" is also missing from Defendant's Sur-Reply

18. That the Defendant's Sur-Reply is untimely and should even be considered, especially given the fact that Defendant would have to take leave of the court in order for the court to even consider his Sur-Reply as per an attorney that Plaintiff spoke with.

Wherefore Plaintiff seeks an order lifting the bankruptcy stay against Defendant together with any other relief that this court feels is just and proper.

Sworn to:

On this 26th day of March 2011

*JEANETTE CASTELLANO*
*Notary Public, State of New York*
*No. 01CA6205385*
*Qualified in Suffolk County*
*Commission Expires May 4, 2014*

DAVE SHOSTACK
4 SUTTONWOOD DR.
COMMACK, NY 11725
(631) 864-2656

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| DAVE SHOSTACK,          PLAINTIFF, | CHAPTER 11 CASE NO.:<br>09-50026 (REG) |
| -AGAINST- | AFFFIDAVIT OF<br>SERVICE |
| MOTORS LIQUIDATION COMPANY, ET AL,<br>f/k/a<br>GENERAL MOTORS CORP ET AL. | |
| DEFENDANTS. | |

------------------------------------------------------------------------X

DAVE SHOSTACK sworn and deposes and says:

That I reside at 4 Suttonwood Dr. Commack, NY and am over 18 years of age.

That on the 26th day of MARCH 2011 I mailed a copy of an AFFIDAVIT IN OPPOSITION TO DEFENDANT DEBTORS' SUR-REPLY TO JOSEPH H. SMOLINSKY ESQ at the law firm of WEIL, GOTSHAL & MANGES ESQS located at 767 FIFTH AV., NEW YORK, NY by certified mail

Sworn to:                                                                                         _____
                                                                                                          DAVE SHOSTACK

On this 26TH day of MARCH 2011

JEANETTE CASTELLANO
Notary Public, State of New York
No. 01CA6205385
Qualified in Suffolk County
Commission Expires May 4, 2014

