Dr. Terrie Sizemore RN DVM
PO Box 23
Sullivan, Ohio 44880
440-241-3126

Pro se

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x
                                                        :
**In re**                                          :         **Chapter 11 Case no.**
                                                        :
**MOTORS LIQUIDATION COMPANY, et al** :    **09-50026(REG)**
    **F/k/a General Motors Corp., et al.**    :
                                                        :
            **Debtors,**                      :         **(Jointly administered)**
                                                        :
                                                        :
                                                        :
                                                        :
—————————————————————      :



**MOTION FOR COURT TO VACATE ORDER TO WITHDRAW GM COMPANY
FROM LITIGANT'S ACTION FOR DISCOVERY CASE O9CIV2471 IN OHIO**


        Now comes this litigant, Dr. Terrie Sizemore RN DVM, and respectfully requests

the Court consider this motion to vacate the Order for her to withdraw the "New" GM

from her Action for Discovery, case no. 09CIV2471, in Medina County Common Pleas

Court, Medina, Ohio for the reasons below:

        First and foremost, Dr. Sizemore thanks the Court for its gracious extension of

patience and kindness. This Court has clearly demonstrated that it considers all argument

presented and takes the time to address serious issues. She also thanks the Court for not

punishing her for unintentional mistakes.

The Court is aware a Notice for Hearing to Enforce the 363 Sale Order was issued on May 17, 2010 by attorneys for Motors Liquidation. Dr. Sizemore received this notice on May 19, 2010. She was required to appear at a hearing on June 1, 2010-giving her essentially five days to prepare for this hearing since she worked Mondays, Tuesdays, Thursdays, and Fridays at that time. As the Court is aware, she did attend the hearing in person because she felt the issues warranted her presence. This hearing notice, however, only contained notice for her product liability action in Medina County Court of Common Pleas, case no. 10CIV0102. She was completely unprepared to address issues pertaining to her Action for Discovery, case no. 09CIV2471. As the Court is already aware, an Order was issued for her to remove General Motors Company from both actions. There was also a 'stay' issued pending the '*Campbell*' appeal. All opposing counsel is aware the "*Campbell*" appeal was withdraw and the journal entry dates September 23, 2010 as the official withdrawal. Not only since September 23, 2010 have the New York attorneys not drafted a motion for the Court to order Dr. Sizemore to take GM off her cases, they have not drafted this motion since the phone conference between all parties on February 3, 2011. Dr. Sizemore intended to include all discussion here in her response to their drafted motion. She contends that they appear to be forcing a stale mate in this situation because technically she may not proceed on anything until they draft this motion and there is no clear order regarding the time they must draft it in. This delay would be considered a violation of Civil Rule 11 in Ohio because it is causing Dr. Sizemore unnecessary and unjustified delay and expense. This is one of the reasons she decided to approach the Court with this motion for consideration at this time. The Court

does not appear opposed to its Order being reversed on appeal and she feels much time and money can be saved if she can present convincing legal position for her request.

Dr. Sizemore wishes to plead with the Court to reconsider this Order and vacate the Order to remove General Motors Company from the Action for Discovery, 09CIV2471. In truth, she wishes she could persuade the Court to reconsider the entire Bankruptcy of General Motors, but realizes this would be considerably idealistic of her. Dr. Sizemore would like to avoid further appeals for financial reasons as well as she is disturbed by the presence of these actions on the Internet. She feels her due process rights were in question when this particular case did not appear in the Notice for Hearing, but was addressed just prior to her leaving the Court on June 1, 2010. She would have had sufficient legal references to support her position in these matters had she known she needed to address this issue.

Dr. Sizemore would like to explain the circumstances around these lawsuits to clarify her position. She approached General Motors-both Corporation and Company to resolve these issues amicably. General Motors refused to co-operate with her. This forced her to make a decision to file a lawsuit to obtain the justice she felt she deserved. This has caused her enormous stress and anxiety for obvious reasons. The attorneys in New York threatened her with financial punishment and the attorney in Ohio is also presently attempting to persuade the Court in Ohio to punish her financially. As well as this case taking her away from her music, art, veterinary work, friends, etc and requiring many hours of research at the law library, she has experienced the embarrassment of these issues being able to be viewed by prospective employers who may arrive at an improper conclusion about her. She finds it odd that she cannot retrieve many documents in the US

Bankruptcy Court SDNY due to failing to have a 'pacer' account, but the general public can view these activities on the Internet and may consider her a 'sue happy' individual when she contends that if General Motors had complied with her requests and been cooperative with her issues, she would not have had to not only file any lawsuits, but would never have had to come to New York or appeal to the US District Court SDNY, or been on "Kimbler's blog" in Medina, Ohio, etc. These areas of concern are considered ongoing 'damages' by Dr. Sizemore and she contends this is part of the relief she is entitled to obtain through open Courts because she is truly not a 'sue happy' individual.

Dr. Sizemore had included the Action for Discovery for the Court to view for itself. Please note that she lists herself as a 'Petitioner,' not a 'Plaintiff.' Also, General Motors Company is listed as an 'Adverse Party,' not a 'Defendant.' Since General Motors Company is not being 'sued for money' in this action, it is reasonable to conclude this is not truly a 'claim' by definition and they are a party with information. This Action for Discovery is well founded in law in Ohio as a prefiling tool for the necessary information to perfect an actual claim. Dr. Sizemore is including the Ohio Supreme Court cases that support this statement- *Bartok v. Merill Lynch, Pierce, Fenner, & Smith, Inc, and Blough*, 1990 Ohio App. LEXIS 3455, *Baker v. Cooper Farms Cooked Meats*, 2009 Ohio 3320; 2009 Ohio App. LEXIS 2853, *White v. Equity Inc*. 178 Ohio App. 3d 604; 2008 Ohio 5226; 899 N.E.2d 205; 2008 Ohio App. LEXIS 4381, and many more- asserting an action for discovery pursuant to RC 2317.48 and Civ. R. 34(D) is to allow a party who might have a cause of action to discover the grounds thereof before commencing an action.

Furthermore, the 363 Transaction Order itself supports Dr. Sizemore in these issues. Specific areas-to cite a few- that relate are:

1. **M**. The MPA was not entered into and none of the Debtors, the Purchaser, or the Purchasers' present or contemplated owners have entered into the MPA or propose to consummate the 363 Transaction for the purpose of hindering, delaying, or defrauding the Debtors' present or future creditors. None of the Debtors, the Purchaser, nor the Purchaser's present or contemplated owners is entering into the MPA or proposing to consummate the 363 Transaction fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims whether under the Bankruptcy Code or under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to any of the foregoing.

2. *Section 5.1 Organization and Good Standing.* Purchaser is a legal entity duly organized, validly existing and in good standing under the Laws of its jurisdiction of incorporation. Purchaser has the requisite corporate power and authority to own, lease and operate its assets and to carry on its business as now being conducted.

3. **ARTICLE VI COVENANTS** Section 6.1 Access to Information
*Section 6.2 Conduct of Business.* , (C) use reasonable best efforts to preserve in the Ordinary Course of Business and in all material respects the present relationships of Sellers and each of their Subsidiaries with their respective customers, suppliers and others having significant business dealings with them, (D) not take any action to cause any of Sellers' representations and warranties set forth in **ARTICLE IV** to be untrue in any material respect as of any such date when such representation or warranty is made or deemed to be made...
6.23 of the MPA states: 'Preservation of Records, reasonable access to records...specifically 'parties shall take all reasonable best efforts to permit such disclosure...'
*Section 6.10 Litigation and Other Assistance.* In the event and for so long as any Party is actively contesting or defending against any action, investigation, charge, Claim or demand by a third party in connection with any transaction contemplated by this Agreement, the other Parties shall reasonably cooperate with the contesting or defending Party and its counsel in such contest or defense, make available its personnel and provide such testimony and access to its books, records and other materials as shall be reasonably necessary in connection with the contest or defense, all at the sole cost and expense of the contesting or defending Party; provided,

4. In addition to the above specific quotes from the 363 Transaction Order, it lists requirements for the Purchaser to 'disclose' requested information.

Dr. Sizemore contends that not only has she complied with the statutory and filing requirements to file her Action for Discovery, she contends it is General Motors Company's agreement to co-operate fully with her and they have not.

Dr. Sizemore contends this failure to comply with her simple interrogatories led to her mistake of placing General Motors Company on the product liability claim 10CIV0102. She contends that GM has a legal duty to her to do so, not only based on the 363 Sale Order, but Ohio Consumer Protection laws as well as the required compliance with all laws in the State of Ohio as they conduct business as a foreign corporation. She cites the following to support: the "New" GM is a 'corporation incorporated under the law of another State' and therefore is a foreign corporation in Ohio, citing *State, ex rel. Bri-Den Co. Inc. v. Board of Educ. Union Scioto Schools*, 1990 WL 34363 (Ohio Ct. App. 4th Dist. Ross County (1990) and that General Motors Company is such a 'foreign' corporation in Ohio pursuant to ORC 1701.01 and, being such, is required to comply with all statutes and Ohio Civil Rules of Procedure.

Actions for Discovery are statutory in nature and Consumer laws indicate: : "It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to: (A) make any representations, claims, or assertions of fact, whether orally or in writing which would cause a reasonable consumer to believer such statement are true......and (B) states, "FAIL UPON THE WRITTEN REQUEST OF THE ATTORNEY GENERAL...TO PRODUCE WITHIN A REASONABLE TIME PERIOD SPECIFIED, **WRITTEN SUBSTANTIATING DOCUMENTATION, TESTS, STUDIES, REPORTS, OR OTHER DATA** IN THE POSSESSION OF THE SUPPLIER AT OR PRIOR TO THE TIME THAT REPRESENTATIONS, CLAIMS,

OR ASSERTIONS ARE MADE ABOUT THE SUPPIER OR THE SUPPLIER'S GOODS..."

Since the "New" GM is apparently required to conduct 'business as usual,' 'disclose information,' 'assist in litigation,' and 'abide by all laws in the jurisdiction they do business in,' it would seem to be reasonable to conclude Dr. Sizemore's Action for Discovery is legitimate and lawful. Dr. Sizemore does not see a conflict with either Federal or Bankruptcy laws that prohibit her Action for Discovery and to be truthful, no attorney has presented argument to support that it violates any Federal or Bankruptcy laws/rules/orders either.

In addition to the Action for Discovery itself, Dr. Sizemore has included copy of a recently submitted affidavit to the Common Pleas Court in Medina, Ohio. In this affidavit, she lists the time and partial financial damages she has incurred to date. She contends that her loss of enjoyment in life, anxiety, and stress, etc. are also damages she contends her Constitutional rights allow her open access to the Courts to recover on. She understands 42 USCA sect. 1983 to state: "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for the redress...." She understands the legal definition of civil rights as the rights as the law will enforce, or as all those rights which the law gives a person, citing *Sowers v. Ohio Civil Rights Commission*, 20 Ohio Misc. 115, 49 Ohio Op. 2d 203, 252 N.E.2d 463 (C.P. 1969)."

She also understands: the Ohio Constitution has ratified the entire US Constitution. The 14th Amendment to the US Constitution states, 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; not shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

Dr. Sizemore also understands it is her Constitutional right to access to the Courts. The U.S. Supreme Court has made it clear that this is truthful- *Christopher v. Harbury*, 536 U.S. 403; 122 S. Ct. 2179; 153 L.Ed. 2d 413; 2002 U.S. LEXIS 4647. Also, in *Chambers v. Baltimore and Ohio Railroad Company*, 207 U.S. 142; 28 S. Ct. 34; 52 L.Ed. 143; 1907 U.S. LEXIS 1210; 6 Ohio L. Rep. 498, this older law states: 'the right to sue and defend in the courts is…one of the highest and most essential privilege of citizenship and must be allowed by every state to the citizens..'

The Bill of Rights guarantees the Courts shall be open to all parties for injuries done to them. Dr. Sizemore contends denial of these protected rights would be a violation of Federal laws.

Dr. Sizemore wishes to disclose to this Court that GM/ESIS's Ohio attorney has signed an affidavit that admits he had an ex-parte communication with the Court in Medina, Ohio to discuss sanctions being imposed upon her. Not only has this outraged her, it has increased her stress and anxiety-therefore increasing the damages she contends have resulted from GM's failure to their legal duty to her.

Dr. Sizemore heard well Judge Gerber's statement that she was not permitted to attempt to recover money damages from the "New" GM. She wishes to state she has the

deepest respect for Judge Gerber as well as for the Federal Court, however, she must assert that it appears impossible to exclude GM from liability at this point given all the allegations and information provided here. Negligence is a valid cause of action and if Dr. Sizemore contends ESIS Inc. is a party to fraud and negligence, she is required to list all potential defendants on an action or the failure to do so may result in the action being defeated. She contends the "New" GM is potentially liable for this negligence and fraud and she contends it is her right to pursue this in Court, however, she is aware of Judge Gerber's statement made on February 3, 2011 regarding these issues. She contends she was unable to convey all this information on June 1, 2010 and in doing so now, hopes to convince the Court to reconsider their position. Dr. Sizemore is unsure, but contends she is attempting to establish if ESIS Inc. has a fiduciary relationship with GM.

In addition to all this, General Motors Company, the "New" GM, was listed on her product liability lawsuit because they failed to answer her Action for Discovery. As the Court can plainly see, her Action for Discovery clearly asks the terms of the bankruptcy and for other parties she was intending to list-such as the airbag supplier. GM is never cited as a potential defendant. Since these questions were not answered, she was desperate, and that is how her mistake of listing GM was made. In the course of litigation, this Court needs to be advised, the Ohio attorney adamantly claimed the "New" GM was a properly identified party in 10CIV0102 (her product liability claim) and her action 10CIV0102 was properly filed. Counsel for the "New" GM stated they were willing to answer interrogatories served via Civil Rules 33 and 34. This attorney conduct is viewed as questionable at best by Dr. Sizemore and contends this should disturb the Court as well.

In addition to this, in both cases-09CIV2471 and 10CIV0102, the "New" GM

failed to comply with the Ohio Civil Rules of Procedure-specifically 12(A)(1) and 6(b)

requiring a responsive pleading in 28 days or a request for an extension prior to the 28

days. Dr. Sizemore contends if GM was an improperly identified party in 10CIV0102

(her product liability claim), the opposing attorney should have drafted and filed a motion

to dismiss. This would have made her Action for Discovery (09CIV2471) very valid and

necessary. Dr. Sizemore contends this conflicting argument and law presented by counsel

in Ohio should not go unnoticed. Even though Dr. Sizemore is aware of the Supremacy

Act that Federal Courts have overriding jurisdiction in matters, it does not seem to be in

conflict with Federal Rules or Bankruptcy rules that a party is liable if they fail to comply

with the rules and laws of States they are doing business in as a foreign corporation. Dr.

Sizemore contends this failure to comply with Civil Rules allows her recovery based on

this failure even in light of the action being for product liability. Dr. Sizemore is aware

this argument may not be valid, but she wishes to assert it at this time.

Dr. Sizemore has personal issue with the bankruptcy because it appears the same

parties are doing the same business and manufacturing the same automobiles and the only

things they walked out on were the injured parties. Dr. Sizemore is aware the Court

received argument regarding successorship issues by attorneys for other parties,

particularly Callan Campbell and Shane Robley stating: "The general rule of successor

liability is that when two or more entities enter into an asset purchase agreement, the

purchasing entity is not liable for the debts of the selling entity **unless**.....( c) the facts

indicate that the successor company purchasing the assets is a mere continuation of the

selling company, or (d) the transaction was entered into fraudulently for the purpose of

defeating creditors' claims, see, *Schumacher v. Richards Shear* Co., 451 N.E.2d 195, 198, (N.Y. 1983)" and also cites *Brabham v. Southern Express Co.*, 117 S.E. 368 (S.C. 1922) to support his position regarding parties 'dodging the damages.'

Dr. Sizemore is so outraged by GM's conduct, she contends she struggles with the notion they have been fraudulent. She contends the Court is aware 'fraud' is not limited to misrepresentations and misleading omissions, embraces *all* of the multifarious means that human ingenuity can devise and that are resorted to by one individual to gain advantage over another by false suggestions or by suppression of the truth. In fact, the fertility of people's invention in devising new schemes of fraud is so great that courts have always declined to define the term, reserving to themselves the liberty to deal with fraud in whatever form it may present itself, citing *New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 292 S.W.2d 749, 59 A.L.R.2d 1086 (1956). This case also asserts: 'fraud in its general sense, is deemed to comprise **anything** calculated to deceive, including all acts, omissions, and concealments involving a breach of legal duty, trust, or confidence justly reposed, resulting in damage to another' and 'the hallmarks of fraud are misrepresentation or deceit, citing *Ed Peters Jewelry Co. Inc., v. C & J Jewelry Co. Inc.*, 215 F.3d 182 (1st Cir. 2000.) or by which an undue an unconscientious advantage is taken of another.'

She also contends fraud vitiates every transaction and all contracts, see *Libhart v. Copeland*, 949 S.W.2d 783 (Tex. App. Waco 1997). Fraud destroys the validity of everything into which it enters, and that it vitiates the most solemn contracts, documents, and even judgments, see *99 Pratt St. Corp. v. Stand Realty Corp.*, 27 Conn. Supp. 101, 230 A.2d 613 Super. Ct. 1966).

In furtherance of her argument for fraud, Dr. Sizemore contends that constructive fraud, defined as an act done or omitted that amounts to positive fraud, or is construed as fraud by the court because of its detrimental effect upon public interests and public or private confidence, even though the act is not done or omitted with an actual design to perpetrate positive fraud or injury upon other persons, see *Vela v. Marywood*, 17 S.W.3d 750 (Tex. App. Austin 2000).

Otherwise stated, "constructive fraud" arises by operation of law from a course of conduct which, if sanctioned by law, would secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud, citing *Estates of Kalwitz v. Kalwitz*, 717 N.E.2d 904 (Ind. Ct. App. 1999).

Constructive fraud, sometimes called legal fraud, is nevertheless fraud, although it rests upon presumption and rests less upon furtive intent than does moral or actual fraud. It is presumed from the relation of the parties to a transaction or from the circumstances under which it takes place, citing *Vela v. Marywood*-above. Constructive fraud arises from on a breach of duty by one in a confidential or fiduciary relationship to another that induces justifiable reliance by the other to his or her prejudice, citing *Assilzadeh v. California Federal Bank*, 82 Cal. App. 4th 399, 98 Cal. Rptr. 2d 176 (2d Dist. 2000). ..... the law declares fraudulent because of its tendency to **deceive others**, to **injure public interests**, or to **violate public or private confidence**, citing *Harris v. Key Bank Nat. Ass'n*, 89 F. Supp. 2d 408, 41 U.C.C. Rep. Serv. 2d 1266 (W.D.N.Y. 2000) (applying NY law).

Dr. Sizemore asserts: 'Since the variety of legal issues encountered in bankruptcy proceedings is almost endless... the bankruptcy courts are called on to apply not only

bankruptcy law, but also state and general federal law in such areas as … torts.. and

constitutional law. H.R. Rep. No. 95-595, pg. 10.'

Dr. Sizemore understands the goals have sometimes been expressed as making the

**equitable** distribution of the debtor's assets among his or her creditors, citing *Kuehner v.*

*Irving Trust Co.* 299 U.S. 445, 57 S. Ct. 298, 81, L. Ed. 340 (1937); *In re Maddigan,* 312

F.3d 589 (2d Cir. 2002*); In re Baskowitz,* 194 B.R. 839 (Bankr. E.D. Mo. 1996); *In re*

*Mirant Corp.,* 316 B.R. 234 (Bankr. N.D. Tex. 2004) and relieving the **HONEST** debtor

from the weight of oppressive indebtedness to permit the debtor to start afresh, citing

*Williams v. U.S. Fidelity & Guaranty Co.* 236 U.S. 549, 35 S. Ct. 289, 59 L. Ed. 713

(1915); *In re Hodge,* 220 B.R. 386 (D. Idaho 1998); *In re Slater,* 318 B.R. 881 (Bankr.

M.D. Fla. 2004). GM appears to be excluding accident victims and only paying certain

creditors.

Dr. Sizemore also understands protection in bankruptcy court is not a fundamental

right, citing *In re Wazeter,* 209, B.R. 222 (W.D. Mich. 1997). There is no constitutional

right to obtain a discharge of one's debt in bankruptcy, citing *U.S. v. Kras,* 409, U.S. 434,

93 S. Ct. 631, 34 L. Ed. 2d 626 (1973).


## CONCLUSION

Dr. Sizemore realizes she has gone on and on in this brief, however, she is at a

loss as to how to proceed at this time and pleads with this Court to consider all argument

above. She has incurred more than just a permanent blemish to her forehead at this time.

It appears the more GM/ESIS/ and their attorneys do at this time, the bigger the hole

appears to be getting. Dr. Sizemore is in need of resolution of these matters and they have

turned from product liability to issues of negligence and possibly fraud at this time. Dr.

Sizemore is attempting to utilize the Courts to assist her in these Constitutionally

protected matters and thanks the Court in advance for their assistance and consideration

in all matters.

Dr. Sizemore respectfully requests the Court vacate its Order of June 1, 2010,

journal entry July 1, 2010, ordering her to remove the "New" GM, GM Company from

her Action for Discovery, case no 09CIV2471.

Also, if Dr. Sizemore has provided any credible legal justification for issues

relating to her product liability claim, 10CIV0102, she appreciates any extension of legal

allowance permitted in this action as well.


## NOTICE


1.  Notice of this Motion has been provided to all parties listed:

Clerk of the Bankruptcy Court and a Chambers copy to Judge Gerber
United States Bankruptcy Court SDNY
One Bowling Green
New York, New York 10004-1408

Stephen Karotkin Esq. and Pablo Falabella Esq. WEIL, GOTSHAL, & MANGES LLP
767 Fifth Ave.
New York, New York 10153 Attorneys for General Motors


Dated March 28, 2011

Respectfully submitted,

Dr. Terrie Sizemore RN DVM

## IN THE COURT OF COMMON PLEAS
## MEDINA COUNTY

Dr. Terrie Sizemore RN DVM       :
PO Box 23                      :         Case no. 09CIV2471
Sullivan, Ohio 44880          :
                               :
          Plaintiff         :
            v.                :
General Motors Company     :
PO Box 33170                 :
Detroit, Michigan 48232-5170  :
                               :
       Adverse Party     :

## ACTION FOR DISCOVERY

Now comes the Plaintiff, Dr. Terrie Sizemore RN DVM, and respectfully requests the Court to honor this statutory Action for Discovery.

Pursuant to ORC 2317.48, Action for Discovery: "When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery setting forth his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civ. R. 12, the complaint shall be fully and directly answered under oath by the defendant."

RC 2317.48 provides permission for Plaintiff, Dr. Terrie Sizemore RN DVM, to bring this action because she will demonstrate she has a legitimate cause of action regarding product liability and personal injury. Plaintiff alleges she has the legal right to

discover all potential grounds upon which to base the cause of action and more

importantly through this action identify proper Defendant/s. Since no previous claim has

been made against General Motors Company, this is a new and original complaint/action

for discovery and is formally listed against GM Company as the 'Adverse Party.' See

Slabinski v. Servisteel Corp. 22 Ohio App. 3d 74, 488 N.E. 2d 941 (9th Dist. Lorain

County 1985.) The statute governing actions for discovery codifies the bill of discovery

(see Poulos v. Parker Sweeper Co. 44 Ohio St. 3d 124, 541 N.E.2d 1031 (1989) and

Colegate v. Lohbeck, 78 Ohio App. 3d 727, 605 N.E.2d 1301 (1st Dist. Hamilton County

1992.) ) and confers a substantive cause of action on eligible individuals. (See Sorg

Paper Co. v. Murphy, 111 F.R.D. 363 (S.D. Ohio 1986). )

Plaintiff is aware of the 1993 amendment of the civil procedure rule permitting

the prefiling use of various discovery methods see Ohio R. Civ. P. 34(D), and the

potential conflict the statute may have with the Civil Rules of discovery, but since an

actual case has not been commenced at this time, no conflict is apparent, see Wheeler v.

Girvin, 1999 WL 193431 (Ohio App. 1st Dist. Hamilton County 1999 supports that since

there is no conflict with Civil Rule-which would render the Civil Rule to prevail, the

action for discovery is viable.

Also, Plaintiff is aware many courts have entertained actions for discovery

brought under the statute since the amendment to the rule became effective, without

discussing the statute's continued viability. See Kroger v. Kroger, 123 Ohio App. 3d.

561, 704 N.E.2d 643 (5th Dist. Richland County 1997); Bridgestone/Firestone, Inc. v.

Hankook Tire Mfg. Co. Inc., 116 Ohio App. 3d 228, 687 N.E.2d 502 (9th Dist. Summit

County 1996); Vasquez v. DeLair, 115 Ohio App. 3d 49, 684 N.E. 2d 374 (7th Dist.

Mahoning County 1996.)

Plaintiff is aware the complaint in an action for discovery must show that the

plaintiff has an underlying cause of action. This action is NOT to determine if Plaintiff

has a cause of action. Plaintiff will clarify further.

Also, Plaintiff is aware discovery may be obtained from a corporate party through

interrogatories to an officer of the corporation as indicated in this Action for Discovery.

Since this complaint/action for discovery must set forth in the complaint the

necessity and grounds for the action, Plaintiff states the necessity is to identify the proper

Defendants and the location of documents pertinent to an action for product liability.

Since the person bringing the action for discovery must set forth sufficient facts to reveal

a potential cause of action to be asserted in the underlying case and to make clear to the

court what the underlying claim is about, Plaintiff states she experienced a crash on

January 22, 2008. During this crash, Plaintiff met the criteria for an airbag to deploy. The

airbag failed to deploy during this serious crash resulting in personal injury, unnecessary

suffering and embarrassment. These direct and proximate results of the airbag failure

allow Plaintiff to seek relief.

Plaintiff is aware this Action for Discovery should allege that the facts sought to

be obtained are not within the complainant's knowledge, or otherwise discoverable.  See

Placke v. Washburn, 69 Ohio L. Abs. 565, 126 N.E.2d 610 (C.P. 1953). The Court is

already aware of the exhaustive attempts Plaintiff has made to seek all information to

lead to proper filing of her legally allowable complaint for product liability and personal

injury. Prior litigation in Medina Common Pleas Court as well as written requests to GM

and ESIS for documents, verification of compliance with safety standards, etc. confirms

this as well as documentation the Ohio Attorney General's office and the office of

Federal Representative Latte have all attempted to obtain information regarding matters

related to the Plaintiff's vehicle, VIN 1GCEC14T44Z232769 purchased from Norris

Chevrolet Buick on or about February 14, 2004.

Pursuant to Civil Rule 34 (D) Prior to filing an action: It states the following:

(1) Subject to the scope of discovery provisions of Civ. R. 26 (B) and 45(F), a person
who claims to have a potential cause of action may file a petition to obtain
discovery as provided in this rule. Prior to filing a petition for discovery, the
person seeking discovery shall make reasonable efforts to obtain voluntarily the
information from the person from whom the discovery is sought. The petition
shall be captioned in the name of the person seeking discovery and shall be filed
in the court of common pleas in the county …where the potential action may be
filed. The petition shall include all the following:

(a) A statement of the subject matter of the petitioner's potential cause of

action and the petitioner's interest in the potential cause of action-Plaintiff

states she intends to pursue a complaint for product liability and this is her

interest in the Action for Discovery and she wishes to identify the proper

Defendant/s and the location of all pertinent documents to support her

claim.

(b) A statement of the efforts made by the petitioner to obtain voluntarily the

information from the person from whom the discovery is sought-Plaintiff

states same as listed above, she, the Ohio Attorney General, and Federal

Representative Latte has all made attempts to obtain information.

(c) A statement or description of the information sought to be discovered with

reasonable particularity. –See attached interrogatories for same.

(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action. Plaintiff is unsure of the particulars in this section except she expects GM Company to disclose to the Court and her the proper parties involved at this time taking responsibility for product liability in vehicles manufactured prior to their Bankruptcy date on or about July 9, 2009.

(e) A request that the Court  issue and order authorizing the petitioner to obtain the discovery-Plaintiff respectfully requests this Action for Discovery be honored and the Court issue this Order.


(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, by one of the methods provided in these rules for service of summons.

(3) The Court shall issue an order authorizing the petitioner to obtain the requested discovery if the Court finds all the following:

(a) The discovery is necessary to ascertain the identity of a potential adverse party;

(b) The petitioner is otherwise unable to bring the contemplated action;

(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.

It is Plaintiff's belief the Court cannot ignore the sincere attempts to obtain all

necessary information from this Adverse Party without success.


Also, Plaintiff is aware one section of prefiling for discovery only permits

the use of interrogatories to obtain information, however, Civil Rule 34 (A) lends one to

interpret the request for documents is also available to a petitioner filing an Action for

Discovery. Plaintiff has included a few document requests, if they are not allowed, please

disregard and honor the interrogatories please.


Respectfully submitted,



Dr. Terrie Sizemore RN DVM
Pro Se
PO Box 23
Sullivan, Ohio 44880
440-241-3126
sizemore3630@aol.com



Attachments:

Plaintiff has attached internet information regarding GM Search and the results of
this search that verify the confusion to the average consumer and the inability for a
consumer/plaintiff to reasonably obtain necessary information regarding the matters in
this action.

THE FOLLOWING ARE THE DISCOVERIES PLAINTIFF REQUESTS THE

COURT TO COMPEL THE ADVERSE PARTY TO ANSWER TRUTHFULLY:

Plaintiff is aware a request for production of documents/information may seek

only the documents in the possession, custody, or control of the party upon whom the

request is served, however, a party may obtain discovery from a subsidiary of a party

from whom the discovery is sought  if the party from whom discovery is sought has

control of the subsidiary. Plaintiff specifically included ESIS Inc., in this awareness.

1. Please provide the details of the Bankruptcy terms filed in June, 2009

   pertaining to the party/parties assuming responsibility for product

   manufactured prior to the filing of Bankruptcy-specifically the party

   responsible for compliance with RC laws for manufacturers,

   compliance with the Uniform Commercial Code and the National

   Highway Safety Standards. Please include any and all journal entries

   regarding the rights or prohibitions of vehicle owners to file complaint

   against General Motors Corporation or General Motors Company for

   product manufactured prior to the filing date of Bankruptcy.

2. Please provide all details of General Motors Company's relationship

   with ESIS, Inc.

3. Please provide truthful statements regarding if the truck owned by the

   Plaintiff, VIN 1GCEC14T44Z232769, was in compliance with all

   National Highway Safety Standards, the Uniform Commercial Code,

   and all manufacturer requirements per RC 2307.71-.80.

4.      Please provide the names of the engineers who viewed the retrieved data from Plaintiff's vehicle VIN 1GCEC14T44Z232769 by field investigator Jon Ball on or about February 24, 2008 and all determinations resulting from this data.

5.      Please provide the name and contact information of the airbag supplier.

6.      Please provide any and all information relating to the responsible party/parties for assurance/liability that all vehicles manufactured prior to the filing of Bankruptcy regarding their compliance with Ohio law for product liability and for compliance with Federal Safety Standards and requirements as well as compliance with the Uniform Commercial Code.

7.      Please provide the conclusion as to why the airbag did not deploy in the truck purchased and owned by the Plaintiff/petitioner VIN 1GCEC14T44Z232769 during the serious crash involving this vehicle January 22, 2008.

8.      Please provide all criteria a vehicle must meet to deploy an airbag and please provide all data obtained from VIN 1GCEC14T44Z232769 to evaluate the non-deployment event on January 22, 2008 and the comparisons/discrepancies between the two.

9.      Please provide the specific SDM deceleration rate necessary to deploy an airbag and Plaintiff's SDM deceleration rate in the Plaintiff's truck, VIN 1GCEC14T44Z232769, during the crash on January 22, 2008.

10.    Please provide the types of documents and their location of all information regarding Plaintiff's truck, VIN 1GCEC14T44Z232769. This request specifically refers to any and all reports, data evaluations, etc. that relate to the inspection of Plaintiff's truck, VIN 1GCEC14T44Z232769, by field investigator Jon Ball on or about February 24, 2008. This request also refers to any and all information regarding the evaluation of the data collected by field investigator Jon Ball on or about February 24, 2008 for the vehicle, VIN 1GCEC14T44Z232769.

11.    Please provide the name of the party/parties that hired/contracted/sent field investigator Jon Ball to inspect Plaintiff's vehicle, VIN 1GCEC14T44Z232769 on or about February 24, 2008.

12.    Please provide the name of the party/parties that hired/contracted/sent/etc, Mr. Popson to represent ESIS Inc., regarding the product liability claim filed in Medina County by Plaintiff-Case No. 09-CIV-1748.

13.    Please provide the name/names of the individuals/corporations/ companies, etc that receive monies as consumers pay loans on vehicles manufactured and purchased prior to June 2009. Specifically Plaintiff is requesting the name and relationship to GM Company of the party accepting payment checks for product purchased prior to June 2009.

IF PLAINTIFF/PETITIONER, DR. TERRIE SIZEMORE RN DVM IS PERMITTED

TO REQUEST DOCUMENTS, SHE REQUESTS THE FOLLOWING:

(1) Please provide any and all documents in any form regarding the data
collected by field investigator, Jon Ball, on or about February 24, 2008
when he inspected Plaintiff's truck, VIN 1GCEC14T44Z232769.
Please include all details of the evaluation of this data by GM
engineers and all conclusions about this vehicle and the airbag system.

## IN THE COURT OF COMMON PLEAS
## MEDINA COUNTY

| | |
|---|---|
| Dr. Terrie Sizemore RN DVM | : |
|     Petitioner/Plaintiff | : |
|       v. | : |
| | :    Case no. 10CIV1622 |
| ESIS Inc. | : |
| | :    Judge: James Kimbler |
|     Adverse Party | : |

## AFFIDAVIT OF DR. TERRIE SIZEMORE RN DVM

I, Dr. Terrie Sizemore RN DVM, being first duly sworn, depose and state that I have personal knowledge of the matters set forth herein as follows:

1. I am greater than 18-years of age and have personal knowledge of the facts set forth herein.

2. I am a pro se litigant in the matter captioned, *Dr. Terrie Sizemore RN DVM v. ESIS Inc.* pending in the Court of Common Pleas, Medina County, case no. 10CIV1622.

3. The attached statement of damages incurred by Dr. Sizemore accurately reflects the time I have worked on the above referenced matter on my own behalf as well as the expenses incurred to research and litigate this issue and prior issues as a direct and proximate result of what Dr. Sizemore alleges was fraudulent and negligent behavior on the part of ESIS Inc. and other potential Defendants.

4. The attached statement of damages accurately reflects the hourly rate Dr.

   Sizemore contends is her justifiable reimbursement for activities she has been

   forced to engage in due to alleged fraudulent and negligent acts by ESIS Inc.

   and potentially other Defendants in cases, 09CIV1478, 09CIV2741,

   10CIV0102, and 10CIV1622.

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of

March, 2011.

_____
                                        Dr. Terrie Sizemore RN DVM

Sworn to and subscribed before me this _____ day of March, 2011.


_____
                                        Notary Public

# Terrie Sizemore RN DVM
## PO Box 23
## Sullivan, Ohio 44880
## 440-241-3126

Statement of damages incurred

Re: Dr. Terrie Sizemore v. ESIS, Inc.

| Date | Description | Hours/Miles | Amount |
|------|-------------|-------------|--------|
| August, 2009 | Research to file Action for Product Liability Medina County | 27 hrs. | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| September 9, 2009 | Drafting Complaint for Product Liability Medina County | 11.5 hrs | |
| September 11, 2009 | Filing Product Liability Claim 09-CIV-1748 | | 225.00 |
| | Travel Time to Medina to file | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| October 16, 2009 | Reading and analyzing 3 filings by ESIS attny | 3.5 hrs | |
| October 17,18, 2009 | Research to Contra 3 filings | 7.25 hrs | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| October 19, 2009 | Drafting 3 filing for Medina | 8.75 hrs | |
| October 20, 2009 | Travel Time to file briefs | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| November 1,2009 | Reading and analyzing filing by ESIS attny | .5 hrs | |
| November 8,11, 2009 | Research to file contra to MTD | 6.5 hrs | |
| | Travel time to law library | 2.5 hrs | |
| | Truck usage to travel | 120 miles | 60.00 |
| December 1, 2009 | Hearing before Judge Kimbler | .5 hrs | |

| | | | |
|---|---|---|---|
| | Travel Time to hearing | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| December 2009 | Paid court costs | | ?54.00 |
| December 9,12, 2009 | Research to file Action for Discovery09CIV2471 | 9 hrs | |
| | Travel time to law library | 2.5 hrs | |
| | Truck usage to travel | 120 miles | 60.00 |
| December 14, 2009 | Drafting Action for Discovery | 10 hrs | |
| December 16, 2009 | Filing Action for Discovery 09-CIV-2471 | | 225.00 |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| January 18, 2010 | Drafting Motion to Compel Answer by GM for 09CIV2471 and Product Liability Claim, 10CIV0102 | 1.5 hrs | |
| January 20, 2010 | Filing Product Liability Claim 10CIV0102 | | 225.00 |
| January 20, 2010 | Filing Product Liability Claim and Motion to Compel | | |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| January 30, 2010 | Reading and analyzing Motion to Dismiss by GM attny 09CIV 2471 | 1 hr | |
| February 1, 2010 | Drafting Contra to MTD by GM 09CIV2471 | 4 hrs | |
| February 2, 2010 | Filing Contra to MTD by GM 09CIV2471 | | |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| February 21, 2010 | Research at law library | 3 hrs | |
| | Travel time to law library | 2.5 hrs | |
| | Truck usage to travel | 120 miles | 60.00 |
| February 24, 2010 | Reading and analyzing GM's Answer for 10CIV0102 | .75 hrs | |

| | | | |
|---|---|---|---|
| February 27, 2010 | Drafting Request for leave and<br>Supplemental brief in opposition to GM's MTD 09CIV2471 | 6 hrs | |
| February 28, 2010 | Drafting Motion to Strike Answer<br>And motion for default judgment<br>For 10CIV0102 | | |
| March 1, 2010 | Filing Request for leave to file supplemental brief with<br>supplemental Brief to Medina Court 09CIV2471 and filing Motion<br>to strike and grant default judgment for 10CIV0102 | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| March 4, 2010 | Reading and analyzing GM's<br>Motion for leave to File Answer<br>Instanter and GM's response to Plts<br>Motions 10CIV0102 | .25 hrs | |
| March 6, 2010 | Reading and analyzing GM's<br>Response to Plts Motion to Compel/motion to strike 09CIV2471 | .75 hrs | |
| March 7, 2010 | Drafting 4 briefs to file in court | 10 hrs | |
| March 8, 2010 | Filing Reply to Deft. Response and Motion to strike 09CIV2471<br>And Plts reply to GM's briefs for 10CIV0102 | | |
| | Drafted and filed Appeal of 10CIV0102 | | 125.00 |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| March 26, 2010 | Drafting Notice of Appeal and<br>Completing Docketing forms for appeal | 1 hr | |
| March 29, 2010 | Appeal filed in the Ninth District Court of Appeals<br>10CA0035-M | 125.00 | |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| April 7, 2010 | Filed Notice of Appeal and docketing statement for case<br>10CA0040-M | | |
| | Travel Time to Medina | 1.25 | |
| | Truck usage | 56 miles | 23.00 |
| April, 11 2010 | Drafting Brief of Appellant for<br>Appeal 10CA0035-M | 11.5 hrs | |
| April 14, 2010 | Filing Brief of Appeal for 10CA0035-M | | |

|  |  |  |  |
|---|---|---|---|
|  | Travel Time to Medina | 1.25 |  |
|  | Truck usage | 56 miles | 23.00 |
| April 18, 2010 | Received and analyzed notice | 2 hrs |  |
|  | Of need to revise Brief of Appeal to be in compliance |  |  |
|  | Research to file compliant Brief | .5 hrs |  |
|  | Of Appellant   10CA0035-M |  |  |
| April 25, 2010 | Drafting of Brief of Appellant | 10 hrs |  |
|  | For 10CA0035-M |  |  |
| April 28, 2010 | Filing Brief of Appellant for |  |  |
|  | Appeal 10CA0035-M |  |  |
|  | Travel Time to Medina | 1.25 |  |
|  | Truck usage | 56 miles | 23.00 |
| May 2, 2010 | Drafted Brief of Appellant | 8 hrs |  |
|  | 10CA0040-M |  |  |
| May 5, 2010 | Filed Brief of Appellant 10CA0040-M |  |  |
|  | Travel Time to Medina | 1.25 |  |
|  | Truck usage | 56 miles | 23.00 |
| May 11, 2010 | Reading and analyzing Deft. MTD | .5 hrs |  |
|  | For 10CA0040-M |  |  |
| May 9, 2010 | Drafted Contra to MTD | 1hr |  |
|  | 10CA0040-M |  |  |
| May 12, 2010 | Filed Contra to MTD 10CA0040-M |  |  |
|  | Travel Time to Medina | 1.25 |  |
|  | Truck usage | 56 miles | 23.00 |
| May 12, 2010 | Drafted and filed contra to | 1 hr |  |
|  | Defts Motion for ext. of time10CA0035-M |  |  |
|  | Travel Time to Medina | 1.25 |  |
|  | Truck usage | 56 miles | 23.00 |
| May 19, 2010 | Reading and analyzing GM's Notice | 3hrs |  |
|  | For Plt to attend a hearing in NY for |  |  |
|  | Bankruptcy issues with phone consultations |  |  |
|  | With private attorneys for direction in matters |  |  |
| May 20, 2010 | Drafted Objections to Motors Liquidations | 5 hrs |  |
|  | Notice for Hearing Chpt 11 09-50026 (REG) |  |  |
|  | Copying and mailing to all parties |  |  |

| Date | Description | Time | | |
|---|---|---|---|---|
| May 26, 2010 | Drafted and submitted corrected | .25hrs | | |
| | Docketing statement with order attached | 10CA0035-M | | |
| | Travel Time to Medina | 1.25 hrs | | |
| | Truck usage | 56 miles | 23.00 | |
| May 31, 2010 | Travel 500 miles to Jersey City | 16 hrs | | |
| | Hotel stay overnight | | | |
| June 1, 2010 | Attended hearing in the US Bankruptcy | 5 hrs | | |
| | Ct SDNY, NY, NY | | | |
| | Travel 500 miles home | | | |
| June 5, 2010 | Drafted Notice of Appeal | .25 hrs | | |
| | Of Chpt 11 09-50026 (REG) | | | |
| June 6, 2010 | Filed Appeal in New York from | | 235.00 | |
| | Bankruptcy Ct to US District Ct. SDNY | | | |
| June 8, 2010 | Reading and analyzing Brief | 1 hr | | |
| | Of appellee 10CA0035-M | | | |
| June 12, 2010 | Drafted and sent Brief of Appellant | 6.5 hrs | | |
| | NY-US District Ct. SDNY 10-CV-5397(VM) | | | |
| June 13, 2010 | Drafted Reply Brief 10CA0035-M | 10 hrs | | |
| June 14, 2010 | Filed Reply Brief 10CA0035-M | | | |
| | Travel Time to Medina | 1.25 hrs | | |
| | Truck usage | 56 miles | 23.00 | |
| June 18, 2010 | Filed request for oral hearing | | | |
| | Travel Time to Medina | 1.25 hrs | | |
| | Truck usage | 56 miles | 23.00 | |
| July 14, 2010 | Reading and analyzing Defts | .5 hrs | | |
| | Motion to Dismiss 10CA0035-M | | | |
| July 18, 2010 | Drafting Contra to Defts MTD and | 4 hrs | | |
| | Drafting Motion for Stay 10CA0035-M | | | |
| July 21, 2010 | Filed Contra to Defts MTD and | | | |
| | Motion for Stay in Medina 10CA0035-M | | | |
| | Travel Time to Medina | 1.25 hrs | | |
| | Truck usage | 56 miles | 23.00 | |
| July 26, 2010 | Drafted Appellant brief to US | | | |

District Ct. NY 10CV5397

| | | | |
|---|---|---|---|
| July 27, 2010 | Cost of copying and mailing brief | | |
| | Drafted July 26, 2010 NY 10CV5397 | | |
| August 7, 2010 | Research at law library for substitution | 2 hrs | |
| | Of parties in an appeal | | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| August 8, 2010 | Drafted Motion for substitution | | |
| | Of parties 10CA0035-M | | |
| August 11, 2010 | Filed Motion to substitute | | |
| | Parties 10CA0035-M | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| August 18, 2010 | Reading and analyzing | | |
| | Appellee brief NY 10CV5397 | | |
| August 20, 2010 | Filed Motion for Decision | | |
| | Instanter 10CA0035-M | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| August 21, 2010 | Drafted and sent Appellant's | | |
| | Reply Brief NY 10CV5397 | | |
| | Cost of copies and postage | | |
| August 30, 2010 | Drafted Action for Discovery | 1 hr | |
| | ESIS 10CIV1622 | | |
| August 31, 2010 | Filed Action for Discovery ESIS 10CIV1622 | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| October 7, 2010 | Reading and analyzing ESIS's | .5 hrs | |
| | Motion to Dismiss 10CIV1622 | | |
| October 8, 2010 | Drafted Objections to Motors | | |
| | Liquidations Disclosure Statement Chpt 11 09-50026 (REG) | | |
| October 9, 2010 | Sent Objections of October 8, 2010 | | |

| | | |
|---|---|---|
| October 18, 2010 | Drafted Contra to MTD Action for Discovery-ESIS 10CIV1622 | 6 hrs |
| October 19, 2010 | Filed Contra for MTD Action for Discovery ESIS 10CIV1622 | |
| | Travel Time to Medina | 1.25 hrs |
| | Truck usage | 56 miles     23.00 |
| October 22, 2010 | Reading and analyzing ESIS's Motion for sanctions 10CIV1622 | .5 hrs |
| October 22, 2010 | Drafted Contra to Sanctions 10CIV1622 | 3 hrs |
| | Filed Contra to Sanctions 10CIV1622 | |
| | Travel Time to Medina | 1.25 hrs |
| | Truck usage | 56 miles     23.00 |
| November 1, 2010 | Drafted and sent request for Extension of time to file next Appeal-NY10CV5397 and request To US Bankruptcy Ct for cont. stay | |
| December 14, 2010 | Attended hearing for 10CIV0102 | 1 hr |
| | Travel Time to Medina | 1.25 hrs |
| | Truck usage | 56 miles     23.00 |
| December 16, 2010 | Drafted brief in response to Requested information10CA0035-M | 1 hr |
| December 17, 2010 | Filed Brief for additional information 10CA0035-M | |
| | Travel Time to Medina | 1.25 hrs |
| | Truck usage | 56 miles     23.00 |
| | Read and analyzed brief filed by Opposing counsel 10CA0035-M | |
| January 7, 2011 | Reading and analyzing ESIS's Motion for leave to file additional info 10CIV1622 | .5 hrs |
| January 26, 2011 | Drafting Reply for ESIS's Motion for leave to file additional info 10CIV1622 | 2 hrs |
| January 27, 2011 | Filing Reply to ESIS's additional info. | |
| | Travel Time to Medina | 1.25 hrs |
| | Truck usage | 56 miles     23.00 |
| February 3, 2010 | Phone conference with US Bankruptcy Ct | |

SDNY-Judge Gerber and NY attnys regarding
Issues of order journalized July 1, 2010 Chpt 11 09-50026 (REG)

| | | | |
|---|---|---|---|
| February 17, 2011 | Drafted briefs to supply additional Information 10CIV0102, 10CA0035-M | 1.5 hrs | |
| February 18, 2011 | Filed briefs to supply additional information, 10CIV0102, 10CA0035-M | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |
| March 9, 2010 | Attended hearing for 10CIV1622 | | |
| | Travel Time to Medina | 1.25hrs | |
| | Truck usage | 56 miles | 23.00 |
| March 15, 2011 | Research at law library | 1 hr | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| March 19, 2011 | Research at law library | 3 hrs | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| March 20, 2011 | Research at law library | 3.5 hrs | |
| | Travel Time to law library | 2.5 hrs | |
| | Truck usage | 120 miles | 60.00 |
| | Drafting briefs for Medina ct. Case 10CIV1622 | 2 hrs | |
| March 20, 21, 2011 | Drafting 3 briefs for case 10CIV1622 | 10 hrs | |
| March 21, 2011 | Filing briefs in Medina Ct. 10CIV1622 | | |
| | Travel Time to Medina | 1.25 hrs | |
| | Truck usage | 56 miles | 23.00 |

Potential Defendants preventing filing of a properly executed product            500,000.00
liability claim

inconvenience and emotional distress of all activities                    amt to be determined
                                                                          by a jury

it should be apparent to the Court the amount of time and energy that has gone into these
litigations. The money damages for this time and difficulty is to be determined by a jury.
If one prices it out at legal fees of $225.00/hr, it is obvious to see the extent of the injury
Dr. Sizemore contends has occurred due to alleged fraud and negligence.