# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,

GENERAL MOTORS CORP., ET AL.,

DEBTORS.



CLAIM #69683

CASE# 09-50026

## OBJECTION TO THE DEBTOR'S RESPONSE TO THE NINTY-EIGHT OMNI BUS OBJECTION OF CLAIMANT

COMES NOW, PLAINTIFF SHERIF RAFIK KODSY, AS PRO'SE, ACCORDING TO Rule 9014, STATES THAT THE CLAIM BEING RESPONDED TO, BY DEBTORS IN THE NINTY-EIGHTH OMNIBUS OBJECTION, IS IMPROPER AND UNTIMELY WHICH ONLY GOES TO PROVE THE CLAIM HEREIN IS VALD AND PAST DUE, AS DEBTORS ARE ATTEMPTING TO DOUBLE DIP ON THE DISCOUNTED CASH SETTLEMENT OFFER.

THE DEBTORS' DEMONSTRATED, AN INDUCEMENT UPON THE COURT TO DEFRAUD, CONSPIRE AGAINST ITS CREDITOR HEREIN WITH CARELESS DISREGARD'S TO THE CLAIMANT'S SPECIFIC CLAIMS AND THE FINANCIAL HARDSHIPS IT IMPOSED UPON THE CLAIMANT, WHICH CLAIMANT SUFFERED HEALTH

Page 1 of 6

DISABLING INJURIES AS A RESULT OF A PRODUCT DEFECT THAT THE GENERAL MOTORS REFUSED TO CORRECT ACCORDING TO STANDARDS ESTABLISHED BY THE EPA AND THE DEPARTMENT OF MOTOR VEHICLES, WHICH BIOMECHANICAL TESTING AND EMMISSIONS TESTING WAS NOT PERFORMED FOR RELIEF FROM AN ELEVATED WHOLE BODY VIBRATION PRODUCED BY THEIR OCCUPANCY PRODUCT DISTRIBUTED BY THE DEBTORS OF THE ESTATE OF THE MANUFACTURER OF THE G.M. MOTOR VEHICLES.

1- ONLY EXTENDED MALICE BY THE DEBTOR(S) WAS EXTENDED TO AVOID A RELIEF OBLIGATION FOR A DEFECT NOT WARNED, WHICH CONSEQUENTIAL LIABILITY WAS WITH CARELESS DISREGARD TO HEALTH AND SAFETY OF IT'S PRODUCT FOR ITS CONSUMER'S OCCUPANCY'S SAFETY.

2- CLAIMANT WAS NEAR DEATH FROM THE DISABLING PROLONGED EXPOSURES OF OCCUPANCY OF THE SUBJECT 2008 HUMMER H2, VIN#5GRGN23878H107653, WHICH CAUSED MIGRAINE HEADACHES, HIGH BLOOD PRESSURE, HEART ACHES, A BRAIN INJURY, NUMBNESS OF HANDS, KNEE INJURY, TISSUE CELLS DISRUPTION, COMPROMISED VISION AND EXTREME FATIGUE, THAT REQUIRED BEDSIDE REST FOR WEEKS UNTILL

SUBLINE RECOVERY WAS POSSIBLE, WHICH THE UMBILICAL HERNIA REQUIRE'S SURGERY, WHICH NEUROLOGICAL AND MUSCOSKELETAL INJURIES ARE CONTINUING, PERMANENT AND NON RECOVERABLE.

3- THE DEBTORS RESPONSE TO THE OBJECTION FURTHER ADMITTED THAT A SETTLEMENT OFFER ACCORDING TO THE ADR PROCEEDINGS WAS ACCEPTED AND WAS NOT PAID, WHICH DEBTORS ALLEGED THAT IT HAD ACCEPTED SUCH SETTLEMENT OFFER OF $9.5 MILLION AS AN UNSECURED CLAIM WITHOUT ALLEGING WHY IT SHOULD REMAIN AS UNSECURED AFTER A SETTLEMENT ACCEPTANCE AMOUNT WAS REACHED BY BOTH PARTIES FOR PAYOUT.

4- CLAIMANT REQUEST FROM THE COURT TO MAKE THEM PAY THE CLAIM WITHOUT FURTHER DELAY AS THE CLAIM IS FURTHER SUBJECTIVE TO ACCUMILATING INTEREST FROM THE TIME OF THEIR ACCEPTANCE OF THE SETTLED CLAIM.

5- MOVANT WANTS TO CLARIFY TO THE COURT THAT THE OFFER FOR SETTLEMENT WAS TO EXPEDIATE A SETTLEMENT WITHIN THIRTY DAYS AND TO ELIMINATE TRAVEL TO A MEDIATION FACILITY WHICH WAS NOT AVAILABLE IN THE STATE OF FLORIDA, WHICH PLAINTIFF'S INJURIES PREVENTED

THE ABILITY TO CONVENIENTLY TRAVEL.

6- FURTHER THE SECURED AND UNSECURED STATUS WAS ILLUSTRATED IN THE EXIHIBIT ATTACHED, WHICH THERE WERE NO SPECIFIC AMOUNTS LISTED PER COUNT, INSTEAD ITS RECEIVER PREVIOUSLY ACKNOWLEDGED THAT THE CLAIM WAS SECURED AND FILED SUCH AS A SECURED CLAIM FOR AN INJURY OF A PRODUCT DEFECT.

7- CLAIMANT SIMPLY FILED A TIMELY FORM FOR RELIEF AND ATTEMPTED TO SETTLE WITH THE DEBTORS ACCORDING TO THE ADR ORDERS OF THE BANKRUPTCY COURT.

8- THE DEBTORS RESPONSE WAS FURTHER PROOF OF THEIR BAD FAITH AS THEY HAD ACKNOWLEDGED THAT, IT AGREED, TO PAY, A DISCOUNTED CASH PAYMENT BUT DID NOT DO SO, WHICH CONSTITUTES YET ANOTHER BREACH OF AN IMPLIED CONTRACT.

9- THE DEBTOR'S INDUCEMENT TO SETTLE AS AN UNSECURED CLAIM WAS WITH MALICE TO CONSPIRE AGAINST CLAIMANT THAT SIMPLY REQUESTED RELIEF FROM THE RESPONSIBLE PARTIES IN THIS BANKRUPTCY PROCEEDING.

10- CLAIMANT REQUEST'S FROM THE BANKRUPTCY COURT TO ORDER THE DEBTOR(S) TO PAY AS A SECURED CLAIM, THE

AMOUNT IT AGREED UPON ACCEPTANCE, SINCE THERE WAS NO ARGUMENT TO DISAPPROVE THE SECURED STATUS ONLY AN OBJECTION WAS FILED WITHOUT A CAUSE OF ACTION LISTED AS TO WHY THE CLAIM WAS UNSECURED.

11- THE DEBTOR(S) HAD PREVIOUSLY LISTED THE CLAIMANT'S SHERIF KODSY' CLAIM, HEREIN, AS A SECURED CLAIMANT, WHICH WAS WITH FULL UNDERSTANDING OF THE NUMEROUS CAUSES OF ACTION LISTED AGAINST THE ESTATE, WHICH WAS SIMILAR TO PLACING A LEIN ON THE ESTATE FOR AN ASBESTOS RELATED INJURY CLAIM, WHICH WAS SUBCATEGORIZED HEREIN AS A LEIN FOR; **1- PERSONAL INJURY, 2- CONSPIRACY, 3- FRAUD, 4- GROSS NEGLIGENCE, 5- STRICT LIABILITY, AND 6- PUNITIVE DAMAGES.**

12- THIS HEARING BEFORE THE BANKRUPTCY COURT HAD BEEN RESCHEDULED FOR THE FOURTH TIME AND IS NOW CURRENTLY RESCHEDULED FOR HEARING ON APRIL 26TH, 2011.

13- PLAINTIFF/CLAIMANT IS BLESSED TO BE ALIVE FROM THE EXTREME ELEVATED EXPOSURES DUE TO HIS MASCULENE LARGE STRUCTURE, WHICH WAS MORE PRONE TO WITHSTAND PROLONGED EXPOSURES, NOT WARNED, COMPARED TO A LESSER SIZE OR GENDER FROM THE ELEVATED WHOLE BODY

VIBRATION, PROLONGED EXPOSURE, AS IT WOULD HAVE CAUSED AND MAY CAUSE A DEFINITE RELATED VIBRATION OVER-EXPOSURE DEATH, WHICH IS NOT COMMONLY DETECTED WITHOUT A BEFORE AND AFTER EXPOSURES ANALYSIS, WHICH THE DEBTORS WERE NOT WILLING TO PERFORM ANY BIOMECHANICAL TESTING AND INSTEAD PURSUED TO INTENTIONALLY MISDIAGNOSE THE OBVIOUS UNEXPECTED DEFECTS THROUGH ITS PAID REPRESENTATIVES AND SUPPORTING AGENTS BY CONCEALMENT OF THE INHERENT DEFECT OF ELEVATED ENGINE VIBRATION FELT THROUGHOUT ITS CHASIS TO AVOID A LIABILITY FROM A DEFECT, WHICH THE SUBJECT VEHICLE RECEIVED SEVERAL RELATED UNSUCCESSFUL ATTEMPTS TO REPAIR.

## CERTIFICATE OF SERVICE

ALL ASSERTIONS MADE IN THE FOREGOING REQUEST, ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT A COPY WAS FILED AND SENT TO THE DEBTORS ATTORNEY OF RECORD, BY EMAIL AND U.S. MAIL ON MARCH 28TH, 2010.

SHERIF RAFIK KODSY
CLAIMANT/Individual/pro'se
15968 LAUREL OAK CIRCLE
**DELRAY BEACH FLORIDA 33484**
561-666-0237

COPY(S) TO: WEIL, GOTSHAL & MANGES LLP. 767 FIFTH AVENUE, NEW YORK, NEW YORK 10153

**Exhibit "A"**

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor (Check Only One)  Case No
☒ Remediation and Liability Management Company, Inc (subsidiary of General Motors Corporation) 09-50029 (REG)
☐ Environmental Corporate Remediation Company, Inc (subsidiary of General Motors Corporation) 09-50030 (REG)

Your Claim is Scheduled As Follows.

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U.S.C. § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)

Name and address where notices should be sent
**Sherif Rafik Kodsy**
**15968 Laurel Oak Circle**
**Delray Bch. Fl 33484**

Telephone number / Email Address  **561-666-0237**

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____ (if known)

Filed on _____

[Stamp: THE GARDEN CITY GROUP, INC.  JAN 4 2010]

Name and address where payment should be sent (if different from above)
FILED - 69683
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, **EXCEPT AS FOLLOWS** If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

1 Amount of Claim as of Date Case Filed, October 9, 2009   $ **15,000,000.00**

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U.S.C. § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 Basis for Claim  **Personal Injury - Conspiracy - Fraud - Gross Negligence, Strict Liability**
(See instruction #2 on reverse side)    **Punitive Damages**

3 Last four digits of any number by which creditor identifies debtor _____
  3a Debtor may have scheduled account as _____
  (See instruction #3 on reverse side)

4 Secured Claim (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff   ☐ Real Estate  ☒ Motor Vehicle  ☐ Equipment  ☒ Other
Describe

Value of Property $_____  Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____   Amount Unsecured $_____

6 Credits The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 Documents Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a) If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8)
☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U.S.C. § 503(b)(9) (§ 507(a)(2))
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___)

Amount entitled to priority
$_____
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

| Date | Signature The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any   *Sherif R. Kodsy* | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 and 3571
Modified B10 (GCG) (12/08)