**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------- x
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
MOTORS LIQUIDATION COMPANY, et al.,                              :   Case No. 09-50026 (REG)
f/k/a General Motors Corp., et al.,                              :
                                                                 :   (Jointly Administered)
                                Debtors.                         :
                                                                 :
                                                                 :
---------------------------------------------------------------- x
```

**AGREED PROTECTIVE ORDER RELATING TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' FIRST AMENDED OBJECTION TO CLAIMS FILED BY
GREEN HUNT WEDLAKE, INC. AND NOTEHOLDERS OF GENERAL MOTORS
NOVA SCOTIA FINANCE COMPANY AND MOTION FOR OTHER RELIEF**

IT IS HEREBY AGREED, by and among (i) Green Hunt Wedlake Inc., in its capacity as trustee (the "**Nova Scotia Trustee**") for General Motors Nova Scotia Finance Company, (ii) Appaloosa Management L.P., Aurelius Capital Management, LP, Elliott Management Corporation and Fortress Investment Group LLC, (each a "**Noteholder**" and collectively the "**Noteholders**"), and (iii) the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation (the "**Creditors' Committee**") (collectively the "**Parties**" or individually a "**Party**") that this Confidentiality Agreement (the "**Agreement**") shall protect the confidential status of certain documents and information disclosed by the Parties in the contested matter of the Creditors' Committee's First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief [Docket No. 7859] and any related litigation in these bankruptcy proceedings involving the Parties (the "**Objection**").

**Scope of Agreement**

1. This Agreement shall govern any documents and information produced by the Nova Scotia Trustee, the Noteholders and the Creditors' Committee in connection with the Objection and designated in accordance with this Agreement ("**Discovery Material**").

2. Nothing in this Agreement shall limit the right of any Party to object to the production or disclosure of any Discovery Material on any ground (other than confidentiality) including, without limitation, that the Discovery Material is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other immunity from discovery.

**Inadvertent Production of Discovery Material**

3. Pursuant to Federal Rule of Evidence 502, the inadvertent production of any Discovery Material that is privileged or otherwise immune from discovery shall not be deemed a waiver of, or restriction on a Party's ability to assert, any claim of privilege or other protection from disclosure afforded to such Discovery Material, including but not limited to the attorney-client privilege, the attorney work product doctrine, any other immunity from disclosure, or, in the absence of an appropriate confidentiality agreement, confidentiality. If a Party determines that Discovery Material has been inadvertently produced, the Party to whom the Discovery Material was inadvertently produced shall, immediately upon the producing Party's assertion of privilege or immunity from disclosure, return the Discovery Material. In the event that the Party to whom the Discovery Material was produced disputes the claim of privilege, it may file a motion requesting that the Court compel the production of the Discovery Material.

**Confidential Information**

        4.      All Discovery Material disclosed in this matter by a Party shall be designated as confidential information ("**Confidential Information**"). Confidential Information obtained may not be used by a Party for any purpose except in connection with this litigation. Confidential Information shall not be disclosed by a Party to anyone except those parties named below, each of whom shall exercise reasonable care to ensure that Confidential Information is (a) used only for the purposes specified herein and (b) disclosed only to authorized persons:

- the Parties;

- the Parties' outside counsel, and the partners, associates, and employees of such outside counsel to the extent reasonably necessary and only for the purpose of conducting or assisting in this litigation;

- counsel of record in this action to General Motors LLC;

- counsel for Motors Liquidation Company;

- the Parties' financial advisors;

- the Court and all employees thereof;

- court reporters and videographers;

- employees of outside copying, printing, binding, or other litigation support companies;

- persons who have been retained by the Parties for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this litigation;

- witnesses in preparation for deposition or hearing when, in good faith, counsel for a Party believes that the witnesses will be exposed to the designated information at the deposition or hearing.

The term "Confidential Information" shall not include and will not apply to any information that: (i) is or becomes generally available to the public other than through disclosure in violation of this Order; (ii) was available to any party on a non-confidential basis before the

3

producing party disclosed the information in discovery; (iii) is filed in any pending or prior litigation, unless such document is duly filed under seal; (iv) is intentionally made public by the producing party; (v) is information developed by a party independently of any disclosures made by a producing party of such information; (vi) is determined by a court of competent jurisdiction to be non-confidential; or (vii) any internal data or analysis generated or obtained from such sources without reference to Confidential Information.

Before filing or seeking to introduce into evidence any paper containing Confidential Information, a party shall first identify such Confidential Information to the producing party's counsel in sufficient time to allow that counsel to determine the propriety of the disclosure. If the producing party's counsel does not consent to public filing or disclosure in open court of the Confidential Information, then the party shall file any paper containing Confidential Information under seal or shall submit such Confidential Information to the Court for *in camera* review.

5. Any party receiving Confidential Information may seek relief from the requirements of this Order by notifying all counsel of record and, after making good faith efforts to resolve any such issue with opposing counsel, requesting a discovery conference with the Court.

**Highly Confidential Information**

6. Any Discovery Material that a Party reasonably and in good faith believes to constitute a trade secret or other proprietary information with a high degree of commercial sensitivity may be designated as highly confidential information ("**Highly Confidential Information**"). Information may be designated Highly Confidential by including a stamp on the document reading, "Highly Confidential." Highly Confidential Information shall be produced for review by attorneys' and experts' eyes only and subject to filing under seal. If a

Party determines that Discovery Material has been inadvertently produced without being designated Highly Confidential Information, the Party to whom the Discovery Material has produced shall immediately treat the Discovery Material as Highly Confidential Information upon the producing Party's assertion of the Discovery Material being Highly Confidential Information.

7. If a Party at any time objects to the designation or continued treatment of certain information as Highly Confidential Information, it shall so notify counsel for the Party that produced the disputed Discovery Material in writing. Within three business days of the receipt of such notice by counsel, the Parties shall meet and confer in a good faith attempt to resolve the dispute. If counsel are unable to agree, it shall be the responsibility of the disputing Party to seek a Court order to remove such information from the restrictions of this Agreement. On a request to the Court to be relieved from the restrictions of this Agreement, the burden of proving that the information is Highly Confidential Information is on the producing Party, but the original designation by the producing Party shall stand until the Court rules otherwise.

**Non-Parties May Become Additional Signatories**

8. To the extent that the parties engage in third party discovery with entities not signatories to this Order, additional parties may agree to the terms of this Order by executing the addendum attached hereto as Exhibit A. By signing the addendum, such third parties agree to be bound by the terms of this Order with respect to all parties who are and subsequently become signatories to this Order.

**Waiver, Modification, Dissolution or Termination of Agreement**

9. No part of the restrictions imposed by this Agreement may be waived, modified, dissolved or terminated, except by written agreement executed by counsel of record

for the Parties, or by an order of the Court. The restrictions provided for herein shall not terminate upon the conclusion of the litigation of the Objection.

10. Unless the parties agree in writing to the contrary, at the conclusion of the litigation regarding the Objection, any originals or reproductions of any documents produced in connections with this Order shall be returned to the producing party or destroyed. However, the attorneys for any of the parties to this agreement shall be entitled to retain for archival purposes, and on a confidential basis, one copy of all materials which contain or refer to Confidential Information or Highly Confidential Information.

**Modification of Agreement**

11. This Agreement may be modified only by written agreement of the Parties, or by an order of the Court for good cause shown.

**Violation of Agreement**

12. The Parties hereby acknowledge that a breach of this agreement will give rise to irreparable harm for which damages will not be an adequate remedy. The Parties hereby consent to the exclusive jurisdiction of the state and federal courts of or in the State of New York, County of New York for the purpose of resolving all such disputes.

13. If a Party learns that Discovery Material designated as Highly Confidential Information has been disclosed in a manner not authorized by this Agreement, that Party shall immediately upon learning of such disclosure give written notice to the other Parties and shall make every effort to prevent further disclosure of the designated Discovery Material.

**Headings**

14. The headings in this Agreement are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Agreement.

**Jurisdiction**

15.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

SO AGREED TO BY AND AMONG THE FOLLOWING:

Dated: March 29, 2011

By:    */s/ Sean E. O'Donnell*
       Daniel H. Golden
       Philip C. Dublin
       Sean E. O'Donnell
       AKIN GUMP STRAUSS HAUER & FELD LLP
       One Bryant Park
       New York, New York 10036

       *Attorneys for the Nova Scotia Trustee*

Dated: March 29, 2011

By:    */s/ Eric B. Fisher*
       Barry N. Seidel
       Eric B. Fisher
       Katie L. Cooperman
       BUTZEL LONG, P.C.
       380 Madison Avenue, 22nd Floor
       New York, New York 10017

       *Attorneys for the Creditors' Committee*

Dated: April 4, 2011

By: */s/ Gary D. Ticoll*
Bruce R. Zirinsky
Nancy A. Mitchell
John H. Bae
Kevin D. Finger
Gary D. Ticoll
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166

*Attorneys for the Appaloosa Management L.P., Aurelius Capital Management, L.P., Elliott Management Corporation and Fortress Investment Group LLC*

SO ORDERED this **_7th_** day of **_April_**, 2011

*s/ Robert E. Gerber*
Hon. Robert E. Gerber

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
In re: : Chapter 11
:
MOTORS LIQUIDATION COMPANY, *et al.*, : Case No. 09-50026 (REG)
f/k/a General Motors Corp., *et al.*, :
: (Jointly Administered)
Debtors. :
:
:
-------------------------------------------------------------- x

# ADDENDUM TO AGREED PROTECTIVE ORDER RELATING TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST AMENDED OBJECTION TO CLAIMS FILED BY GREEN HUNT WEDLAKE, INC. AND NOTEHOLDERS OF GENERAL MOTORS NOVA SCOTIA FINANCE COMPANY AND MOTION FOR OTHER RELIEF

_____, agrees as follows:

1. _____ has read and understands the Agreed Protective Order Relating to the Official Committee of Unsecured Creditors' First Amended Objection to Claims Filed by Green Hunt Wedlake, Inc. and Noteholders of General Motors Nova Scotia Finance Company and Motion for Other Relief dated _____, 2011, hereinafter referred to as the Protective Order.

2. _____ hereby agrees to be bound by all of the terms of the Protective Order, both with respect to documents that it produces and designates as Confidential Information or Highly Confidential Information and with respect to any documents that it is shown or receives that have been designated by other parties as Confidential Information or Highly Confidential Information as if it had been an original signatory to the Protective Order..

SO AGREED:

Dated: _____

By:    _____

10