# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,

**GENERAL MOTORS CORP., ET AL.,**

**DEBTORS.**



**CASE# 09-50026**

## AMENDMENT OF LETTERS OF CORESPONDANCE WITH DEBTORS'

COMES NOW CLAIMANT SHERIF R. KODSY, AS PRO'SE IN THE PROCEEDING, AMENDS THE RECORD WITH CORRESPONDANCES WITH THE DEBTORS' ESTATE ATTORNEY, RE; THE 98TH OMNIBUS OBJECTION. According to subsection 506 CLAIMANT HAD FILED A TIMELY CLAIM ACCORDING TO TITLE 11, CHAPTER 5, SUBSECTION 501, HEREIN AS CLAIM # 69683.

**THANK YOU.**

1

## CERTIFICATE OF SERVICE

ALL ASSERTIONS MADE IN THE FOREGOING REQUEST,

ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

AND BELIEF AND THAT A COPY WAS FILED AND  SENT TO

THE DEFENDANTS ATTORNEY OF RECORD, BY EMAIL AND

U.S. MAIL ON APRIL 6TH, 2011.


**SHERIF RAFIK KODSY**
**Individual/pro'se**
**15968 LAUREL OAK CIRCLE**
**DELRAY BEACH FLORIDA 33484**
**561-666-0237**


COPY(S) TO:
WEIL, GOTSHAL & MANGES LLP.
767 FIFTH AVENUE
NEW YORK, NEW YORK 10153

Sheriff R. Kodsy
15968 LAUREL OAK CIRCLE
DELRAY BEACH, FLORIDA 33484
561-666-0237

April 5th , 2011                          **Secured Claim #69683**



Mr. Gabriel A. Morgan
767 FIFTH AVENUE
NEW YORK, N.Y. 10153-0119
1-212-310-8000

 **In re: Motors Liquidation Company, et al.( f/k/a General Motors
Corp., et al.) claimant's objection to the Omnibus motions and
responses of debtors alleging error for a secured classified claim.**

Dear mr. Gabriel,

 I am writing you in response to your letter dated March 31, 2011,
regarding the debtors' objections and improper responses.

Please forgive me, but I am not an attorney, however I am representing
myself in this  proceeding as a pro'se litigant, which my profession
normally is as a Mold and Asbestos Remediation specialty Contractor.

As I mentioned to you on the phone my claim was timely filed according to
Title 11, Chapter 5, Section 501.

Your argument alleging , "Motors Liquidation Company, et al.( f/k/a
General Motors Corp., et al.) and its affiliated debtors **(the "Debtors"),**
maintain their position that your claim as reflected in proof of claim number
69683 **("the Claim"),** is not entitled to the secured states it alleges because
it is not secured by property of the debtors' estates." Then you quoted me by
phone your supporting law reference of Chapter 5, Subsection 506, to
support your allegations.

For your knowledge, subsection 506 only refers to **property** liens, which
may be allowed secured claims, there is nothing in that subsection that
states, other claims for **liability** from a property cannot be a secured claim,

1

hence your basis for an argument is unsupported by your quoted legal reference, which the property of the debtors' was defectively sold to its consumer without warnings, which caused injury to the claimant, in which the Debtors' agents further exercised bad faith, fraudulent inducement, conspiracy and gross negligence in their post-remedial process, which resulted in bringing forth this secured claim, due to the inherent defect in the previously owned property of the Debtors' Estate, which caused permanent injury(ies).

Hence, you further allege that "the Debtors' dispute the Unsubstantial allegations you make in your response and subsequent emails", that is clearly due to the debtors' inducements to further defraud their claimant from a secured claim, for liability(ies), which occurred from a previously owned property of the debtors' estate.

Additionally you state, "the Debtors never made an offer to settle the claim", however the debtors' did accept a cap amount of $9.5 million,  sic, unsecured, evident by the published proof of claim, attached herein, which was a fraudulent  inducement, evident by the Debtors' acceptance, to unsecure a secured claim, without a court order, you are correct, that was not an acceptable cap offer to the claimant, as an unsecured claim.

Accordingly, I am still willing to negotiate a secured sum amount to expedite this proceeding according to the ADR process within 30 days.

I further disagree with your statement that "the Debtors' find it unproductive to continue discussing the merits of the claim", as this matter will be heard before the court during the April 26th hearing, or as soon thereafter.

Very truly yours,

Sherif R. Kodsy

2



## MLC

v1.0a

Home

Claims Information

Schedules & Statements

Media

Real Estate & Asset Sales

Investor Information

MLC Corporate Information

FAQ

Contact Us

Secure Login

### Creditor Summary

Claims Information -> Claim Register -> **Creditor Summary**

| | Count | Secured | Administrative | Priority | Unsec |
|---|---|---|---|---|---|
| As Filed | 1 | $0.00 | $0.00 | $0.00 | $9 |
| Current Status | 1 | $0.00 | $0.00 | $0.00 | $9 |

### Filed Claim Lists

| Claim# | Creditor | Filed Date | Filed Amount | Current Total | Debtor |
|---|---|---|---|---|---|
| 69683 | SHERIF RAFIK KODSY | 1/4/2010 12:00:00 AM | 9500000.0000 | 9500000.0000 | |
| 69683 | | 01/04/2010 | $9,500,000.00 | $9,500,000.00 | Remediation And Liabilit |

Records per page: 25

Records: 1 ·

| Schedule# | Creditor | Filed Date | Scheduled Amount | Det |
|---|---|---|---|---|
| | | There are no records available. | | |

Records per page: 25

Records: 0 ·

**Disclaimer:** The material and historical information disclosed on this site is for informational purposes only and is not intended to be legal advice or indicative of future performance. Please consult an attorney for advice specifically relating to responsible for and makes no representations about the content, completeness, or accuracy of any other web sites that are accessible through this site.

Home                         Notes              April 04, 2011 @ 04:54:58 PM

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

Gabriel A. Morgan
+1 212 310 8863
gabriel.morgan@weil.com

March 31, 2011

BY FIRST CLASS MAIL

Mr. Sherif R. Kodsy
15968 Laurel Oak Circle
Del Ray Beach, FL  33484

Re: *In re Motors Liquidation Company, et al. (f/k/a General Motors Corp., et al.)*, **Debtors' Reply to Response of Sherif R. Kodsy Opposing Omnibus Objection to Incorrectly Classified Claims**

Dear Mr. Kodsy,

I am writing regarding your emails, dated March 29, 2011, objecting to the *Debtors' Reply to Response of Sherif R. Kodsy Opposing Omnibus Objection to Incorrectly Classified Claims* (ECF No. 9874).

Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors (the "**Debtors**") maintain their position that your claim, as reflected in proof of claim number 69683 (the "**Claim**"), is not entitled to the secured status it alleges because it is not secured by property of the Debtors' estates.  This is the basis of the Debtors' current objection to the Claim, and will be the *only* issue before the Court at the hearing that is currently set for April 26, 2011 at 9:45 a.m. (Eastern Time).

The Debtors dispute the unsubstantiated allegations you make in your response and subsequent emails. To be perfectly clear:  the Debtors never made an offer to settle the Claim.  Moreover, your e-mail to the Debtors' counsel, dated December 16, 2010, effectively repudiated your request to *cap* the Claim and, therefore, the Claim is not yet subject to the Court-approved alternative dispute resolution procedures.

At this time, the Debtors find it unproductive to continue discussing the merits of the Claim or the allegations made in your responses.  The issue of whether or not the Claim is entitled to the secured status it alleges will be heard before the Court during the April 26 hearing or, subject to further continuation, as soon thereafter as possible.

Yours truly,

Gabriel A. Morgan

Mr. Sherif R. Kodsy
March 31, 2011
Page 2

**Weil, Gotshal & Manges LLP**

cc:    Pablo Falabella, Esq.