1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 09-50026-reg

5    - - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    GENERAL MOTORS CORPORATION,

9

10            Debtors.

11   - - - - - - - - - - - - - - - - - - - - -x

12

13                U.S. Bankruptcy Court

14                One Bowling Green

15                New York, New York

16

17                March 29, 2011

18                9:33 a.m.

19

20

21   B E F O R E:

22   HON. ROBERT E. GERBER

23   U.S. BANKRUPTCY JUDGE

24

25

Page 2

1

2    DEBTORS' 110th Omnibus Objection to  Claims (Contingent Co-

3    Liability Claims)

4

5    DEBTORS' 138th Omnibus Objection to Claims (Eurobond Deutsche

6    Debt Claims)

7

8    DEBTORS' 141st Omnibus Objection to Claims (Eurobond Deutsche

9    Debt Claims)

10

11   DEBTORS' 145th Omnibus Objection to Claims (Eurobond Deutsche

12   Debt Claims)

13

14   DEBTORS' 159th Omnibus Objection to Claims (Contingent Co-

15   Liability Claims)

16

17   DEBTORS' 192nd Omnibus Objection to Claims (Duplicate Debt

18   Claims From Different Series of Debt)

19

20   DEBTORS' 197th Omnibus Objection to Claims (Claims for

21   Preferred Stock)

22

23   DEBTORS' 209th Omnibus Objection to Claims (Contingent Co-

24   Liability Claims)

25

1

2    DEBTORS' 210th Omnibus Objection to Claims (Claims for Equity

3    Interests)

4

5    DEBTORS' 211th Omnibus Objection to Claims (Tax Claims Assumed

6    by General Motors LLC)

7

8    DEBTORS' 212th Omnibus Objection to Claims (Duplicate Debt

9    Claims From Different Series of Debt)

10

11   DEBTORS' 213th Omnibus Objection to Claims (Duplicate Debt

12   Claims - Wilmington Trust Bonds)

13

14   DEBTORS' 214th Omnibus Objection to Claims (Administrative

15   Proofs of Claim for Equity Interests)

16

17   DEBTORS' 215th Omnibus Objection to Claims (Administrative

18   Proofs of Claim for Equity Interests)

19

20   DEBTORS' 216th Omnibus Objection to Claims (Administrative

21   Proofs of Claim for Pre-Petition Debt Claims)

22

23   DEBTORS' Motion to Reclassify Proof of Claim No. 29628 Filed By

24   Tiesha McNeal

25

Page 4

1

2    DEBTORS' Objection to Proofs of Claim No. 12903 and 12904 Filed

3    by Ohio National Life Insurance Company

4

5    DEBTORS' Objection to Proof of Claim No. 23554 Filed by Vera

6    Smith

7

8    DEBTORS' Objection to Administrative Proof of Claim No. 70917

9    Filed By Devaki Ganesan

10

11    DEBTORS' Objection to Administrative Proof of Claim No. 70696

12    Filed by John S. Gray

13

14    DEBTORS' Motion to Reclassify to Proof of Claim No. 5722 Filed

15    by Esta Perdue

16

17    IUE-CWA VEBA Trust's Motion Pursuant to 11 U.S.C. Sections 105

18    and 363(b) to Approve the Assignment of IBEW and IUOE's

19    Percentage Shares in the Allowed Claim to the IUE-CWA VEBA

20    Trust

21

22    HEARING on Objection to Confirmation Order Filed by New York

23    State Department of Environmental Conservation

24

25

1

2    MOTION of Debtors for an Order Approving the Consent Decree and

3    Settlement Agreement Between the United States of America and

4    the Debtors

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Transcribed by:  Esther Accardi

25

Page 6

1

2   A P P E A R A N C E S :

3   WEIL GOTSHAL & MANGES LLP

4        Attorneys for Debtors

5        767 Fifth Avenue

6        New York, New York 10153

7

8   BY:   JOSEPH H. SMOLINSKY, ESQ.

9        STEPHEN KAROTKIN, ESQ.

10

11

12   WEIL GOTSHAL & MANGES LLP

13        Attorneys for Debtors

14        1300 Eye Street NW, Suite 900

15        Washington, DC 20006

16

17   BY:   DAVID R. BERZ, ESQ.

18

19

20   U.S. DEPARTMENT OF JUSTICE

21   U.S. ATTORNEY'S OFFICE

22        86 Chambers Street

23        New York, New York 10007

24

25   BY:   NATALIE N. KUEHLER, ESQ.

Page 7

1

2    A P P E A R A N C E S : (continued)

3    KRAMER LEVIN NAFTALIS & FRANKEL LLP

4         Attorneys for Creditors' Committee

5         1177 Avenue of the Americas

6         New York, New York 10036

7

8    BY:   ROBERT T. SCHMIDT, ESQ.

9

10

11   APPEARING TELEPHONICALLY:

12   JOSE BARTOLOMEI, ESQ., MILLER CANFIELD PADDOCK & STONE

13   TIMOTHY T. BROWN, ESQ., CADAWALADER WICKERSHAM & TAFT

14   ROBERT CHAMBERS, AKANTHOS CAPITAL MANAGEMENT

15   TIMOTHY CHEN, PUMA CAPITAL

16   EPHRAIM DIAMOND, DK PARTNERS

17   SANDER L. ESSERMAN, ESQ., STUTZMAN BROMBERG ESSERMAN

18   JUSTIN GARD, CRT CAPITAL GROUP LLC

19   MANISH GARG, HALCYON ASSET MANAGEMENT

20   BRUCE HOOVER, ESQ., GOLDBERG SEGALLA LLP

21   OLIVIA W. KARLIN, CA DEPARTMENT OF JUSTICE

22   KAY KRESS, ESQ., PEPPER HAMILTON, LLP

23   MILLISA A. MURRAY, ESQ., BINGHAM MCCUTCHEN, LLP

24   JACOB L. NEWTON, ESQ., STUTZMAN BROMBERG ESSERMAN

25   ANNA PHILLIPS, FTI CONSULTING, INC.

1

2    A P P E A R A N C E S : (continued)

3    OSCAR N. PINKAS, ESQ., SNR DENTON US LLP

4    DAVID A. RADKE, PRO SE

5    RONALD REINSEL, ESQ., CAPLIN & DRYSDALE

6    SARAH THOMPSON, BARCLAYS CAPITAL, INC.

7    SHAUN WONG, CREDIT SUISSE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          P R O C E E D I N G S

2              THE COURT:  GM, Motors Liquidation.

3          (Pause)

4              Mr. Karotkin, obviously we're starting ten minutes

5      early.  Do you have the folks you need to deal with at least

6      some of the things, such as the U.S. Government settlement?

7              Mr. Smolinsky, good morning.

8          (Pause)

9              THE COURT:  Good morning.

10             MR. SMOLINSKY:  Good morning, Your Honor.  Joseph

11     Smolinsky from Weil Gotshal & Manges for the debtors.

12             We only have one contested matter on the calendar

13     today, and I'm not sure it should be characterized as

14     contested.  But there was a comment period put out by the

15     United States Government, so we wanted to highlight that for

16     the Court.

17             This is a motion to approve a settlement between the

18     U.S. Government; specifically the EPA, and the debtors with

19     respect to a claim filed by the U.S. Government in an amount in

20     excess of two billion dollars.

21             This is a claim that was meant to assert liability

22     under various federal environmental laws for a number of non-

23     owned sites.  These are sites that would give rise to general

24     unsecured claims as opposed to administrative or priority

25     claims.

1          We have been working with the government for over a

2     year now on resolving environmental claims and we're thrilled

3     that we have a settlement with respect to most of the sites

4     that are part of this two billion dollar claim.

5          Under the settlement we are resolving the majority of

6     the sites for a general unsecured allowed claim in the amount

7     of a little bit over thirty-six million dollars.  And then, in

8     addition, there are agreements to allow surety fund to be used

9     to clean up and to provide work with respect to certain of the

10    sites.

11         Part and parcel of the settlement was that the

12    government wanted to get paid -- wanted to get their

13    distributions on the effective date.  And the initial

14    distribution with respect to those claims that were being

15    allowed.

16         There was a little miscommunication because under

17    prior orders of the Court we are authorized to enter into a

18    settlement of this magnitude without coming back to this Court,

19    as long as we provide a quarterly report.

20         THE COURT:  From the estate perspective.

21         MR. SMOLINSKY:  From the estate perspective.

22         THE COURT:  But you have the additional need to get

23    the public interest perspective approved, I gather.

24         MR. SMOLINSKY:  That's correct, Your Honor.  And the

25    federal government did lodge this settlement with the

GENERAL MOTORS CORPORATION

Page 11

1    bankruptcy court back in early March, and a motion was not

2    filed to approve that settlement under the standards of the

3    federal government and the environmental laws.

4           So last week while Your Honor was out of chambers we

5    submitted a motion shortening notice and setting this today, as

6    the hearing date on that motion.  Judge Gonzalez was kind

7    enough to sign that order scheduling the hearing for today.

8           There was a comment period, and there were several

9    comments which Ms. Kuehler, from the United States Attorney's

10   office, with address specifically.

11          I just want to note for the Court that there is a

12   companion stipulation which is being finalized with respect to

13   the U.S. Government's reservation of setoff rights with respect

14   to two of the claims that are being settled as part of the

15   thirty-six million dollars.  And that stipulation should be

16   finalized in the next day or so.  And if Your Honor would

17   consider us just submitting that stipulation with the Court,

18   that would be appreciated.

19          THE COURT:  That kind of stip would be well within the

20   estate's settlement authority and would not require me to make

21   a public interest finding.

22          MR. SMOLINSKY:  That's correct, Your Honor.

23          It would simply allow five million dollars --

24   approximately five million dollars of claims, that are part of

25   the thirty-six million dollars, to be paid in full pursuant to

GENERAL MOTORS CORPORATION

Page 12

1    setoffs of certain monies that the U.S. Government owns MLC.

2    And in the order confirming the plan, which hopefully will be

3    entered today, there's a reservation of rights for the

4    government with respect to their setoff rights.  So their

5    setoff rights are not being affected by the plan, and this

6    would preserve their rights to setoff in the future, if those

7    amounts that are owed to MLC come to fruition.  So they'll get

8    a distribution for all amounts other than that five million

9    dollars of setoff claims.  And then if the setoff doesn't come

10   to fruition they would get the remainder of their

11   distributions.

12          The only other thing that I guess I would note is that

13   under the settlement we're not resolving all of the sites.  And

14   there will be additional claims that will be considered

15   disputed that will be subject to ongoing negotiations.

16          Your Honor may recall at the confirmation hearing, we

17   had several objections by Onondaga and Selenis relating to the

18   Onondaga remediation site.  And those claims that are still

19   being disputed are subject to those ongoing disputes.  And the

20   amounts that we're retaining in the claim are the amounts that

21   were represented to this Court as being still reserved for that

22   site.  So this stipulation does not negatively impact the

23   representations that were made to this Court in connection with

24   the confirmation hearing.

25          At this time I would turn it over to Ms. Kuehler.

GENERAL MOTORS CORPORATION

Page 13

1              THE COURT:  Ms. Kuehler, good morning.

2              MS. KUEHLER:  Good morning, Your Honor.  Natalie

3     Kuehler from the U.S. Attorney's office for the Southern

4     District of New York on behalf of the United States.

5              As Your Honor knows and Mr. Smolinsky just explained,

6     we have already filed a series of environmental settlement

7     agreements with this Court, which this Court has approved.  And

8     on March 4 we lodged an additional settlement agreement with

9     the Court, which addresses the debtors' environmental

10    liabilities at thirty-four sites in ten states, as well as the

11    debtors' environmental liabilities under the Clean Air Act.

12             The United States has taken public comment on this

13    settlement.  And after reviewing the public comments received,

14    the United States has determined that the settlement is fair,

15    reasonable and consistent with environmental law.

16             THE COURT:  You had six comments from -- substantially

17    all of which -- or all of which were from PRPs?

18             MR. KUEHLER:  That's correct, Your Honor.  All six

19    comments are from PRP groups at sites that are settled under

20    the settlement agreement.

21             And the United States is now joining the debtors in

22    seeking entry of the settlement agreement.

23             In ruling on the government's motion to approve the

24    settlement agreements under environmental law, the Court

25    conducts his own review of the proposed settlement agreement

GENERAL MOTORS CORPORATION

Page 14

1    for fairness and adequacy.  But it should be deferential to the

2    United States' determination that the settlement agreements

3    are -- that the settlement agreement is in the public interest.

4         As Mr. Smolinsky mentioned, the United States and the

5    debtors have been engaged in extensive negotiations with

6    respect to the debtors' environmental liabilities.  And the

7    parties were represented in those negotiations not only by

8    experienced counsel, but also by independent experts and

9    specific EPA personnel, with knowledge of the various sites at

10   issue.

11        The settlement agreement that is now before the Court

12   and we're seeking to have the Court approve, is a result of

13   those extensive arm's length negotiations.  The essential terms

14   of the settlement agreement have already been summarized by Mr.

15   Smolinsky so I will not go into that in any further detail.

16        I would note that -- and I believe this is an

17   important provision for the estate as part of the settlement

18   agreement as Mr. Smolinsky has outlined, the United States has

19   agreed to reduce -- to allow the debtors to reduce the reserve

20   remaining for its unsettled environmental claims to 250

21   million, which we believe is fully adequate to cover those

22   remaining unsettled environmental claims.

23        As part of the process of determining that the

24   settlement agreement is in the public interest, the United

25   States solicited public comments by publishing the settlement

GENERAL MOTORS CORPORATION

Page 15

1    agreement in the federal register.  And as just noted, we

2    received six public comments all from PRP groups at specific

3    sites at issue.

4         The public comments were provided to the Court in our

5    papers filed yesterday.  And they're addressed in detail in

6    those papers, so I'm not going to dwell on them at length.

7    I'll just briefly summarize them.

8         There was one comment from the Tremont PRPs, which

9    essentially sought further explanation of the terms of the

10   settlement agreement.  And, specifically, how distributions to

11   the PRP group would work in the future.  And those explanations

12   have been provided in the statement in support that the United

13   States filed yesterday.

14        The remaining five public comments received

15   essentially argue that the United States settlement amount with

16   the debtors is insufficient.  And that the settlement amount

17   should be greater at the specific sites.

18        None of the comments object to the idea of a

19   settlement in and of itself.  Rather, they simply -- the PRP's

20   simply believe that there should be more money allocated to

21   their specific sites.

22        At none of the sites, however, have the PRPs provided

23   any information or any facts and circumstances that the United

24   States did not already consider in reaching the settlement with

25   the debtors, and those consideration included an evaluation of

GENERAL MOTORS CORPORATION

Page 16

1    the expected future cleanup costs.  And in two of the sites

2    that we commented on, those future cleanup costs are expected

3    to be significantly less than they were expected to be at the

4    outset of this case.

5        It also included an evaluation of the debtors'

6    equitable share of cleanup costs at the site, and then the

7    information that was available to support these estimates.

8        The United States also took into account litigation

9    risk and the costs that any delays in settling these sites

10   would incur.

11       Based on its review of the public comments the United

12   States has determined that the settlement agreement is just,

13   that it is fair and reasonable, and in the public interest, and

14   that it supports the goals of CERCLA, RICLA (ph.) and the Clean

15   Air Act.  And for these reasons the United States is requesting

16   approval of the settlement agreement under the environmental

17   laws.

18       THE COURT:  All right, fair enough.  Now, I'm aware of

19   no objections in the bankruptcy court, am I correct?

20       MS. KUEHLER:  That's correct, Your Honor.

21       THE COURT:  How detailed findings do you need in light

22   of the fact there are no objections?

23       MS. KUEHLER:  Your Honor, we have submitted a proposed

24   order to the Court, and we will not need great detail in this

25   language.

GENERAL MOTORS CORPORATION

Page 17

1           THE COURT:  All right.  I see no need for further oral

2       argument in light of there being no objections.  Does anybody

3       have a contrary view?

4           All right, Ms. Kuehler, Mr. Smolinsky, thinking I

5       wasn't going to be addressing this until later in the morning,

6       I didn't bring out my notes on this.  But I think based upon my

7       memory of what I read and my understanding of the field, I can

8       give you a ruling right now without taking a recess.

9           Ms. Kuehler, if you want to sit down you can, you

10      don't need to stand up there.

11          MS. KUEHLER:  Thank you, Your Honor.

12          THE COURT:  Your pleasure on that.

13          In connection with this motion in the jointly

14      administered cases of Motors Liquidation Company and it's

15      affiliates, I'm asked to approve a settlement with the United

16      States Government for a number of sites, which I believe to be

17      twenty-six sites from my memory, but which may be off slightly.

18      Under which the United States Government would get an unsecured

19      claim, plus have access to various bonds that were provided for

20      environmental cleanup.  And, in addition, certain further

21      remedial activity.  There are no objections.

22          A motion of this character requires me to rule on the

23      motion from the dual perspective; that of the estate, on the

24      one hand, and, also, vis-a-vis fairness to the United States

25      public on the other, to satisfy my self that he settlement is

1    fair from a public perspective and is consistent with

2    environmental policy.

3            This is the third of a series of motions that I've

4    received of this character.  This one being subject to similar

5    principles of law that I articulated in earlier rulings.

6            As Ms. Kuehler noted appropriately in her oral

7    argument, the case law in this area while it does require

8    scrutiny from a judge like me, also provides for me to be

9    differential to the government view.

10           This motion is plainly in the interest of the debtors,

11   but it is also one of those cases which are the majority of

12   them, when settlements have been negotiated at arm's length by

13   competent counsel.  Where it's in that sweet spot where it is

14   also in the public interest.

15           Here, I find that the settlement was negotiated at

16   arm's length by competent counsel.  The government

17   appropriately considered the comments.  Most of which were

18   merely for clarification.  It is natural for any PRP to want to

19   maximize the value that's allocated to any site or sites for

20   which that PRP has responsibility.  But while the motivation to

21   seek clarification of that sort is understandable, that is not

22   an objection that is legally cognizable from a judge like me.

23           I find that the agreement is consistent with the

24   public interest, especially since the government by this

25   settlement will have the ability to recognize the value on

GENERAL MOTORS CORPORATION

Page 19

1    these claims promptly without delay, so they could put its

2    settlement to good public uses.

3            Having been negotiated at arm's length by competent

4    counsel and with people who know what they're doing in the

5    environmental field, it is also fully consistent with U.S.

6    environmental policy.

7            I will sign the proposed order without further notice

8    and hearing if, in fact, a copy of the order and disk have

9    already been provided to my chambers.

10           Mr. Jones, you're nodding.  I gather that they already

11   have been?

12           MR. JONES:  Yes, Your Honor.

13           THE COURT:  Very well.  Okay, other Motors Liquidation

14   matters.

15           MR. KAROTKIN:  Good morning, Your Honor.  Stephen

16   Karotkin, Weil Gotshal & Manges for the debtors.

17           One of the other items on the calendar is the proposed

18   confirmation order.  And I'm pleased to report as we notified

19   your chambers last night, the State of New York and the debtors

20   have come to an agreement on language for the proposed order

21   which was submitted to your chambers last night.  And with

22   that, I believe there are no other objections.

23           THE COURT:  All right.  Ms. Leary, in the courtroom,

24   you want to be heard?

25           MS. LEARY:  Yes, Your Honor.  I apologize I was here a

1   little bit late, Your Honor.

2           THE COURT:  Well, actually, we started early, so we're

3   even.

4           MS. LEARY:  Well, there was someone on the number 1

5   train that they weren't sure he was breathing so we -- I had to

6   switch over.

7           I just have a very quick think to say, but it's my

8   understanding by 6:30 last night, apparently, in the

9   confirmation order there was no reference to this Court's

10  issuance of its March 7th decision in which it made, I believe,

11  certain findings and reached conclusions with respect to the

12  objections.  And that's essentially the agreement that we've

13  reached with the debtors.  And I'm happy to report that there

14  is now a reference in the confirmation order to this Court's

15  thirty-five page ruling.

16          Why is this important, because this Court ruled on

17  certain things.  And -- including New York and California's

18  objection on exculpation, which is now in paragraph 52 of the

19  order.

20          And when I walked into the courtroom Mr. Karotkin came

21  back to greet me, and basically threatened me if I raised

22  paragraph 52 the deal was off.  I don't -- I'm not going to be

23  intimidated, Mr. Karotkin.  I'm happy to report to the Court

24  that I think that's what you would want.  And so that is the

25  deal we've reached.  I believe that the confirmation order

1    speaks for itself on, not just exculpation but on several other

2    issues that the Court toiled to rule on.  And hopefully the

3    deal isn't off, Mr. Karotkin.  Thank you, Your Honor.

4            THE COURT:  Mr. Karotkin.

5            MR. KAROTKIN:  I beg to differ, there was no threat.

6    It was just, Your Honor, an understanding that we had reached a

7    deal last night.  We believed there was a deal that had been

8    reached in the courthouse at the confirmation hearing.

9    Unfortunately, apparently that had to be revisited.

10            The understanding we reached last night is reflected

11    in the proposed order.  And that's what we agreed to, and

12    that's what we would ask Your Honor to sign.

13            THE COURT:  All right, ladies and gentlemen, I have

14    thousands of creditors whose distributions would have the

15    potential of being delayed as a consequence of this.  Including

16    many environmental agencies who have unsecured claims apart

17    from the -- more valuable claims they have under other

18    settlements.  And it's in the public interest to get this done.

19            I made my views as to the validity of the exculpation

20    provisions very clear in my opinion.  It is, of course,

21    appropriate to specifically reference the published decision

22    that issued a couple of days after the confirmation hearing.

23    And we have here a dispute over the language which says, in

24    substance, to the extent permitted by law they will then be the

25    following exculpation.

GENERAL MOTORS CORPORATION

Page 22

1        Anybody who is in this solar system knows from reading

2   the published decision that the extent to which it's authorized

3   by law is zero.

4        By the same token as the debtors noted in their reply,

5   there was quite a bit colloquy in the back and forth which made

6   clear (A) that the state of New York does not want to block the

7   plan or the distribution to the thousands of creditors, and

8   that as long as the underlying principle is clear, it wasn't

9   pressing the point.  I don't know if it rises to the level of a

10  waiver with quotes around it, although, obviously, as the reply

11  makes clear, an argument could be made to that effect.

12       I'm going to sign the confirmation order as modified

13  to reflect the agreement that was made last night.

14       We all know the extent to which those exculpation

15  provisions have substantive effect.  I made it clear in

16  Adelphia, I made it clear in Chemtura, and now I've made it

17  clear in this case.  But we have to move on.

18       The settlement order will be -- excuse me,

19  confirmation order, will be entered in its most recently

20  revised form.  The thousands of creditors of GM will be able to

21  get their distributions.  And, in the event, which I suspect is

22  unlikely that there is ever a dispute on it, the issue's going

23  to come before me, and I have a long memory.  And to the extent

24  I don't have such a great memory, I can read and understand one

25  of my own decisions.  So that's where we are, folks.

GENERAL MOTORS CORPORATION

Page 23

1          Do I have a floppy or an e-mail with the most recent

2    form of the confirmation order?

3          MR. KAROTKIN:  Yes, sir.

4          THE COURT:  Okay.  That's how we're going to deal with

5    it, folks.

6          Mr. Karotkin, to what extent do you or Mr. Smolinsky

7    have other business?

8          MR. KAROTKIN:  I do not.  If I may be excused?

9          THE COURT:  Yes, sir.

10         MR. KAROTKIN:  Thank you.

11         MR. SMOLINSKY:  Thank you, Your Honor.  Joe Smolinsky

12   for the debtors.

13         We have a number of claims matters on.  Unless Your

14   Honor has questions, I'm going to run through them very

15   quickly.

16         THE COURT:  Sure.

17         MR. SMOLINSKY:  Looking at the agenda -- the amended

18   agenda that was filed yesterday evening, number 2 is debtors'

19   objection to proof of claim 23554 filed by Vera Smith.  We've

20   received no objections to that object -- no responses to that

21   objection.

22         The next debtors' objection to administrative proof of

23   claim filed by John S. Gray, it's item number 3.  Again, we

24   received no responses.  And we'd like to move for the

25   expungement of that claim.

GENERAL MOTORS CORPORATION

Page 24

1          Item number 4, debtors' objection to administrative

2   proof of claim filed by Devaki Ganesan.  We received no

3   responses.

4          Number 5 on the agenda, debtors' motion to reclassify

5   proof of claim filed by Esta Perdue.  We received no

6   objections.

7          Item number 6, debtors' objection to proof of claim

8   filed by Ohio National Life Insurance Company.  We received no

9   objection to that objection as well.

10          Item number 7, debtors' motion to reclassify proof of

11   claim filed by Tiesha McNeal.  No response.

12          Number 8, debtors' motion to reclassify claim filed by

13   Calvin Dean.  No responses.

14          Item number 9, debtors' objection to claim filed by

15   Richard Tithor.  No responses.

16          And maybe I'll stop there in case anyone has anything

17   to say on those objections.

18          THE COURT:  All right, pause, Mr. Smolinsky.  Anybody

19   want to be heard on what we've gone through so far?

20          No response.

21          Continue, Mr. Smolinsky.

22          MR. SMOLINSKY:  The next matter on the agenda is

23   actually a motion filed by the IUE-CWA VEBA Trust.  It's a

24   motion to seek authorization to assign its shares that it will

25   receive under the plan to the IUE-CWA VEBA Trust.  This is not

GENERAL MOTORS CORPORATION

Page 25

1      our motion, but the debtors' have no objection.

2              THE COURT:  Anybody here on behalf of the union?

3              UNIDENTIFIED SPEAKER:  Here, Your Honor, counsel for

4      VEBA trust.

5              THE COURT:  I'll allow you to be heard if you want,

6      but I see no reason for anything other than simply granting it.

7      I put a scare into you for a second, I'm sorry.  That's what

8      double negatives will do to you.

9              My tentative is to grant the motion.  If you want to

10     be heard I'll allow you to.

11             UNIDENTIFIED SPEAKER:  Thank you, Your Honor, that's

12     not necessary.

13             THE COURT:  Okay.  Granted.

14             MR. SMOLINSKY:  Thank you, Your Honor.  Item number 11

15     on the calendar is the debtors' 110th omnibus objection to

16     claims, contingent co-liability claims.  I'm happy to report

17     that we have agreed with two of the three parties on

18     stipulations.  That's Cummings Inc. and Detroit Diesel.  We'll

19     be able to submit those stipulations today.  And the matter

20     will be adjourned with respect to Granite State Insurance

21     Company, which will be the last remaining objection on that

22     motion.

23             Next, Your Honor, we have item number 12, the debtors'

24     138th omnibus objection to claims.  We can now go forward on an

25     uncontested basis with Schaeffer.  And the matter will be

1    adjourned solely with respect to the Herzeel (ph.) response

2    till April 26th.

3           Item number 13, the debtors' 141st omnibus objection

4    to claims.  Those are Eurobond claims.  We can now go forward

5    on an uncontested basis with respect to the Gray response; Mark

6    Edward Gray.  And we'll be adjourning the matter only with

7    respect to the Bader (ph.) Schneider response to April 26th.

8           Item number 14, the debtor's 145th omnibus objection

9    to claims.  This matter can now go forward on an uncontested

10   basis with respect to Walter Plapp (ph.).  And the 145th

11   omnibus objection will then be completely resolved, as there

12   are no remaining objections to that motion -- that objection.

13          Item number 15, the debtors' 159th omnibus objection

14   to claims.  That's contingent co-liability claims.  We have now

15   finalized the stipulation with Arrowwood Indemnity Company.

16   And we could submit a stipulation to Your Honor for

17   consideration.  Which would leave only the Traveler's claim,

18   which will be adjourned to April 26th.

19          Item number 16, the debtors' 161st omnibus objection

20   to claims.  Those are liabilities that have been assumed by New

21   GM.  We have resolved with respect to Jill Hanhay (ph.) and we

22   have a stipulation which we will submit to the Court for

23   approval.  And we will adjourn with respect to the remaining

24   responses till April 26th.

25          Item number 17, the debtors' 192nd omnibus objection

GENERAL MOTORS CORPORATION

Page 27

```
 1    to claims.  With respect to that motion we can now move forward
 2    with all of the remaining responses on an uncontested basis.
 3    And that will completely resolve the 192nd omnibus objection.
 4          Item number 18, the debtors' 197th omnibus objection
 5    to claim.  We can now go forward with the final response by
 6    Barbara Enuck (ph.).  And that will completely resolve the
 7    197th omnibus objection.
 8          THE COURT:  What do you mean by we can go forward
 9    with?
10          MR. SMOLINSKY:  We've been spending tremendous energy
11    contacting and discussing a lot of these informal objections
12    with various parties.  With respect to the Eurobond, we have
13    German speakers and Italian speakers, attorneys who have
14    reached out.  And after discussing the premise of our
15    objections they now understand what it is to have a duplicate
16    bond objection, what it is to have a stock claim that they
17    filed a claim for.  And so we've been resolving these claims
18    along the way on a one-on-one basis.  So that means --
19          THE COURT:  Okay.  The Eurobond issue would simply
20    that those obligations had already been scheduled and/or
21    covered by the indentured trustee, so there was no need for
22    people to file them separately.
23          MR. SMOLINSKY:  That's correct, Your Honor.  In the
24    case of Barbara Enuck, that was a preferred stock -- preferred
25    stock claim, but, in fact, it was simply a common stock claim
```

GENERAL MOTORS CORPORATION

Page 28

1    and we know what's happening to common stock.  So she has

2    agreed to allow the matter to go forward on an uncontested

3    basis.

4            Item number 19 is the debtors' 199th omnibus objection

5    to claims.  That's also a preferred stock motion.  We can go

6    forward on an uncontested basis with respect to the Oris

7    response.  And we will have one remaining objection that will

8    be adjourned to April 26th, and that is the Nann response, N-A-

9    N-N.

10           Item number 20 is the debtors' 208th omnibus objection

11   to claim.  I'll handle the 208th and 209th together because

12   those are both objections to contingent co-liability claims.

13           We've been speaking to all of those parties.  Many of

14   which simply filed informal objections asking for more time.

15   We have one or two stipulations specifically with respect to

16   Reynolds Corporation that we could submit to Your Honor which

17   resolves that objection.

18           And with respect to the others, a number of them have

19   indicated that they no longer wish to go forward.  They

20   understand the 502, the issues.  And we would propose here

21   there are a large number, we're going to either get their

22   agreement to submit an order expunging the claim, or we'll kick

23   it over to April 26th.

24           THE COURT:  I think I have three published decisions

25   in that area now, don't I?

Page 29

1          MR. SMOLINSKY:  Yes, Your Honor.  But everyone wants

2     to discuss it.

3          MR. SMOLINSKY:  Item number 21 -- I'm sorry, that's

4     209th.

5          That resolves the ones -- the objections that have

6     been ongoing from time-to-time.

7          Now moving to the first time on omnibus objection.  We

8     have the debtors' 210th omnibus objection to claim.  We

9     received two responses; Gallagher and McKinney, and will

10    adjourn with respect to them.  That is a claim for equity

11    interests.  And we'll seek default with respect to the

12    remaining claims.

13         Item number 23, debtors' 211th omnibus objection to

14    claim.  Those are tax claims assumed by General Motors LLC.

15         We are adjourning the Marion County response and we

16    will be withdrawing our motion with respect to Richland County

17    Treasurer.  And we'll reflect that in an order.  I'll submit it

18    to Your Honor.

19         With respect to the remaining claims, we received no

20    responses.

21         Item number 24 is the debtors' 212th omnibus objection

22    to claims.  That's duplicate debt claims from different series

23    of debt.  Those are -- they held a variety of different debt

24    instruments.  Again, as Your Honor noted, all duplicative of

25    indentured trustee and fiscal paying agent claims that are

Page 30

```
 1    being allowed into the plan.  We received no responses so we'll

 2    be moving forward with the default on them -- on that motion.

 3           Item number 25, debtors' 213th omnibus objection to

 4    claims.  Same thing, duplicate debt claims.  We have one

 5    objection from Cecil Benjamin.  We'll adjourn with respect to

 6    that claim and seek entry of an order with respect to the

 7    remainder.

 8           Item number 26th, the debtors' 214th omnibus objection

 9    to claims.  Those are administrative proofs of claim filed by

10    holders of equity interests.  We received four objections which

11    we will adjourn and continue to speak with them.  And we'll go

12    forward with respect to the remainder of the parties.

13           Item number 27, that's the debtors' 215th omnibus

14    objection to claims.  These are, again, administrative proofs

15    of claim for holders of -- filed by holders of equity

16    interests.  We received one response by Austin and Rebecca

17    Viall, V-I-A-L-L.  There's an incomplete entry on the agenda.

18    The matter is going forward with respect to all of the

19    objections other than Viall.  And we will adjourn to April 26th

20    with respect to the Viall response.

21           The last matter, Your Honor, number 28, debtors' 216th

22    omnibus objections to claim.  There's one response.  This is

23    administrative proofs of claim filed by pre-petition debt claim

24    holders.  We received one response by Mueller (ph.), Carl

25    Phillip Mueller.  And we will adjourn with respect to his
```

GENERAL MOTORS CORPORATION

Page 31

1    claim, while we continue to reach out.  And we will seek entry

2    of an order with respect to the remainder.

3            That's it, Your Honor.

4            THE COURT:  Okay.  Does anybody whose claim was

5    mentioned by Mr. Smolinsky in the last five or ten minutes,

6    want to be heard with respect to what Mr. Smolinsky said?

7            No response.

8            Okay.  Then, Mr. Smolinsky, all of your objections to

9    the extent they were not responded to are sustained.  All of

10   your consensual resolutions are likewise ratified.  And the

11   remainder that you proposed to kick, will be kicked,

12   principally to April 26th, did you say?

13           MR. SMOLINSKY:  That's correct, Your Honor.

14           THE COURT:  That's fine.  And have one of your

15   associates get me orders to implement all of that.

16           MR. SMOLINSKY:  We have a large number of matters on

17   for the 26th, obviously.  And we'll work with chambers to try

18   to make sure that we don't overwhelm the Court.

19           THE COURT:  Yeah, you got to do that.  If it's just a

20   question of dealing with me ratifying deals or granting

21   defaults, that's not a problem.  But you got to triage my time

22   for anything that requires a ruling that day.

23           MR. SMOLINSKY:  We will, Your Honor.

24           THE COURT:  Okay.  All right, anything else on Motors

25   Liquidation?  No.

GENERAL MOTORS CORPORATION

Page 32

1          Then everybody who was here only on Motors Liquidation

2     is free to leave.  Thanks very much.

3          IN UNISON:  Thank you.

4          THE COURT:  Try to do it as quickly as you can,

5     though, folks, because I got a lot of people here on further

6     matters today.

7        (Whereupon these proceedings were concluded at 10:09 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 33

1

2                          I N D E X

3

4                        R U L I N G S

5      DESCRIPTION                               PAGE  LINE

6      Motion to approve settlement between debtor      19    7

7      and U.S. Government granted

8      Motion to approve confirmation order approved    22    19

9      Motion of VEBA Trust granted                     25    13

10     All unresponded objections sustained, All        31    8

11     consensual resolutions ratified

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 34

CERTIFICATION

I, Esther Accardi, certify that the foregoing transcript is a true and accurate record of the proceedings.

**Esther Accardi**

Digitally signed by Esther Accardi
DN: cn=Esther Accardi, c=US
Reason: I am the author of this document
Date: 2011.03.30 16:32:21 -04'00'

ESTHER ACCARDI (CET**D-485)

AAERT Certified Electronic Transcriber

Veritext

200 Old Country Road

Suite 580

Mineola, New York 11501

Date:  March 30, 2011