HEARING DATE AND TIME: May 17, 2011 at 9:45 a.m. (Eastern Time)
RESPONSE DEADLINE: May 10, 2011 at 4:00 p.m. (Eastern Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S)**

---

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11 Case No.
                                          :
MOTORS LIQUIDATION COMPANY, et al.,       :        09-50026 (REG)
        f/k/a General Motors Corp., et al. :
                                          :
                     Debtors.             :        (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

## NOTICE OF 219TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

**PLEASE TAKE NOTICE** that on April 14, 2011, the Motors Liquidation

Company GUC Trust (the "**GUC Trust**"), formed by the above captioned debtors (collectively,

the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated

March 18, 2011, filed an omnibus objection to expunge certain claims (the "**219th Omnibus**

**Objection to Claims**"), and that a hearing (the "**Hearing**") to consider the 219th Omnibus

Objection to Claims will be held before the Honorable Robert E. Gerber, United States

Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District

of New York, One Bowling Green, New York, New York 10004, on **May 17, 2011 at 9:45 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

**PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE 219TH OMNIBUS OBJECTION TO CLAIMS TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN EXHIBIT "A" ANNEXED THERETO.**

**PLEASE TAKE FURTHER NOTICE** that any responses to the 219th Omnibus

Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy

Court (a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R.

Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o

Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham,

Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center,

Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham &

Taft LLP, attorneys for the United States Department of the Treasury, One World Financial

Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States

Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C.

20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development

Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith Martorana, Esq.); and (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna Phillips), so as to be received no later than **May 10**, **2011, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the 219th Omnibus Objection to Claims or any claim set forth thereon, the

GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order

substantially in the form of the proposed order annexed to the 219th Omnibus Objection to

Claims, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated:  New York, New York
          April 14, 2011

                                        /s/ Joseph H. Smolinsky
                                        Harvey R. Miller
                                        Stephen Karotkin
                                        Joseph H. Smolinsky

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for the Motors Liquidation
                                           Company GUC Trust

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
   Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                        :

**In re**                      :        **Chapter 11 Case No.**
                        :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :    **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*   :

                      :

              **Debtors.**    :    **(Jointly Administered)**
                      :

------------------------------------------------------------x

## 219TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT "A" ANNEXED TO THIS OBJECTION.**

---

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

        The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented or

modified from time to time, the "**Plan**"), respectfully represents:

## Relief Requested

1.      The GUC Trust files this omnibus objection to certain claims (the "**219th Omnibus Objection to Claims**") pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**") Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and expunging the claims listed on **Exhibit** "**A**" annexed hereto.[1]

2.      Representatives of the GUC Trust have examined the proofs of claim identified on Exhibit "A" and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "**Contingent Co-Liability Claims**") assert claims that are subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the GUC Trust seeks entry of an order disallowing and expunging the Contingent Co-Liability Claims from the claims register.[2]

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]   Creditors can obtain copies of the cover page of any proof of claim filed in these chapter 11 cases at www.motorsliquidation.com.  A link to the claims register is located under the "Claims Information" tab.  Creditors without access to the internet may request a copy of the cover page of any proof of claim by mail to The Garden City Group, Inc., Motors Liquidation Company Claims Agent, P.O. Box 9386, Dublin, Ohio 43017-4286 or by calling The Garden City Group, Inc. at 1-703-286-6401.

[2]   The GUC Trust reserves all of its rights to object on any other basis to any Contingent Co-Liability Claims as to which the Court does not grant the relief requested herein.

## Background

4.       On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), and MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.) (collectively, the "**Initial Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, and on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, (the "**REALM/ENCORE Debtors**") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).  On September 15, 2009, the Initial Debtors filed their schedules of assets and liabilities and statements of financial affairs, which were amended on October 4, 2009.  On October 15, 2009, the REALM/ENCORE Debtors filed their schedules of assets and liabilities and statements of financial affairs.

5.       On September 16, 2009, this Court entered an order (ECF No. 4079) establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units.  On December 2, 2009, this Court entered an order (ECF No. 4586) establishing February 1, 2010 as the deadline for each person or entity to file a proof of claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section 101(27) of the Bankruptcy Code, for which the Court established April 16, 2010 as the deadline to file proofs of claim).

6.       On October 6, 2009, this Court entered the Procedures Order, which, *inter alia*, authorizes "the Debtors, and other parties in interest" to file omnibus objections to 100 claims at a time, under various grounds, including those set forth in Bankruptcy Rule 3007(d) and certain additional grounds set forth in the Procedures Order.  The Procedures Order specifically authorizes

parties in interest to file omnibus objections to claims that are "objectionable under section 502(e)(1) of the Bankruptcy Code."  (Procedures Order at 2.)

7.      On March 29, 2011, this Court entered an order confirming the Plan (ECF No. 9941).  Section 6.2 of the Plan provides for the creation of the GUC Trust to administer certain responsibilities after the Effective Date (as defined in the Plan), including, resolving outstanding Disputed General Unsecured Claims (as defined in the Plan).  All conditions to the occurrence of the Effective Date were met or waived on March 31, 2011, thereby making the Plan effective as of that date.

8.      All of the Contingent Co-Liability Claims seek reimbursement and/or contribution from the Debtors, were filed by holders of claims that are co-liable with the Debtors to a third party, and are contingent upon the resolution of lawsuits that are pending or to be asserted in the future.  Therefore, pursuant to section 502(e)(1)(b), the Contingent Co-Liability Claims should be disallowed in their entirety.

## The Relief Requested Should Be Approved by the Court

## I.      The Contingent Co-Liability Claims Should be Disallowed Under Section 502(e)(1)(B)

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(e)(1)(B) of the Bankruptcy Code provides, in relevant part, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor to the extent that "such claim for reimbursement or contribution is contingent as of

the time of allowance or disallowance of such claim for reimbursement or contribution."  11 U.S.C.

§ 502(e)(1)(B).

10.     There are two distinct policies behind section 502(e)(1)(B).  First, section

502(e)(1)(B) prevents competition for the limited proceeds of the estate by precluding redundant

recoveries by multiple parties on the same underlying claim.  *Aetna Cas. & Surety Co. v. Ga.*

*Tubing Co. (In re Chateaugay Corp.)*, No. 93-3659, 1995 WL 429018, at *3 (S.D.N.Y. July 20,

1995) (citations omitted).  Second, section 502(e)(1)(B) furthers the administration of bankruptcy

cases by preventing "contingent, unresolved indemnification or contribution claims from delaying

the consummation of a plan of reorganization or *a final distribution in a liquidating case*."  *In re*

*GCO Serv. LLC*, 324 B.R. 459, 466 (Bankr. S.D.N.Y. 2005) (emphasis added); *see also In re Alper*

*Holdings USA*, No. 07-12148, 2008 WL 4186333, at *7 (Bankr. S.D.N.Y. Sept. 10, 2008) (citations

omitted); *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988) (section 502(e)(1)(B)

enables "distribution to unsecured creditors without a reserve for these types of contingent claims

when the contingency may not occur until after the several years it often takes to litigate the

underlying lawsuit").

11.     As this Court recently held in *In re Chemtura Corp.,* for a claim to be

disallowed under section 502(e)(1)(B), three elements must be satisfied: "(1) the claim must be for

reimbursement or contribution; (2) the party asserting the claim must be liable with the debtor on

the claim of a third party; and (3) the claim must be contingent at the time of its allowance or

disallowance."  *In re Chemtura Corp.*, 436 B.R. 286, 294 (Bankr. S.D.N.Y. 2010); *see also GCO*

*Serv.,* 324 B.R. at 465 (citations omitted); *Wedtech*, 85 B.R. at 289 (citation omitted).  As discussed

below, each of these three elements is satisfied with respect to the Contingent Co-Liability Claims.

A.    **The Contingent Co-Liability Claims Seek Reimbursement and/or Contribution**

12.    It is clear that the definition of contribution or reimbursement for the purposes of section 502(e)(1)(B) is broad.  Courts have held that any claim for reimbursement or contribution, whether arising through common law, contract, or statute, is subject to disallowance under section 502(e)(1)(B).  *In re Drexel Burnham Lambert Group, Inc.*, 146 B.R. 98, 101 (Bankr. S.D.N.Y. 1992) (applying section 502(e)(1)(B) to common law theories of contribution); *Alper Holdings*, 2008 WL 4186333, at *5 (applying to contractual claim for indemnification); *In re N.Y. Trap Rock Corp.*, 153 B.R. 648, 651 (Bankr. S.D.N.Y. 1993) (noting a claim for contribution under CERCLA may be disallowed under section 502(e)(1)(B)); *In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("Congress clearly meant to include all situations where indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B)."). Significantly, for purposes of section 502(e)(1)(B), a claim for indemnification constitutes a claim for reimbursement. *Alper Holdings*, 2008 WL 4186333, at *5 (citing *Wedtech*, 85 B.R. at 290; *GCO Serv.,* 324 B.R. at 465); *see also In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 986 (Bankr. S.D.N.Y. 1992) ("*Drexel II*") ("courts have always recognized the application of § 502(e)(1)(B) to contractual claims for reimbursement which remain contingent").

13.    As noted above, all of the Contingent Co-Liability Claims were filed by claimants who are co-liable with the Debtors on claims of a third parties and are seeking contingent and unliquidated contribution or reimbursement amounts from the Debtors with respect to those third party claims.  While certain of the Contingent Co-Liability Claims may be based upon common law theories of contribution while others are premised upon a contractual right to reimbursement or indemnification, the case law, as set forth above, clearly indicates that all such claims fall within the purview of section 502(e)(1)(B).  Accordingly, the first element of section 502(e)(1)(B) is readily established.

**B.**     **Holders of Contingent Co-Liability Claims Are Co-Liable with the Debtors**

14.     As to the second element that the party asserting the claim must be co-liable

with a debtor on the claim of a third party, courts have stated that this requirement is to be

interpreted broadly and may be satisfied upon a finding that "the causes of action in the underlying

lawsuit assert claims upon which, if proven, the debtor *could be* liable but for the automatic stay."

*Chemtura*, 436 B.R. at 295 (quoting *Wedtech*, 85 B.R. at 290) (emphasis added); *see also In re*

*Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) ("The phrase 'an entity that is liable

with the debtor' is broad enough to encompass any type of liability shared with the debtor, whatever

its basis.").  A claimant may be co-liable with a debtor even where the underlying plaintiff fails to

file a proof of claim against the debtor, *Chemtura*, 436 B.R. at 294, and even after the bankruptcy

court disallows the underlying plaintiff's claim against the debtor, *Alper Holdings*, 2008 WL

4186333, at *6-7 (noting disallowance under section 502(e)(1)(B) is not limited to instances where

its use would prevent "double recoveries" against the estate).

15.     Each of the Contingent Co-Liability Claims satisfies the requirement that its

holder is co-liable with the Debtors on the underlying claim of a third party.  All of the Contingent

Co-Liability Claims are based upon the claim or potential claim of an underlying plaintiff, under

which both the holder of the Contingent Co-Liability Claim and the Debtors may be found liable.

As such, the second element is satisfied with respect to each of the Contingent Co-Liability Claims.

**C.**     **The Contingent Co-Liability Claims Are Contingent**

16.     The third and final element is that the claim must be contingent at the time of

its disallowance and may be satisfied by a finding that a debtor's legal duty to pay has not yet arisen

and will only exist "after it is triggered by the occurrence of a future event."  *Alper Holdings*, 2008

WL 4186333, at *5.  The law is "well-settled that the claim of a co-liable party under [section]

502(e)(1)(B) is contingent until the claimant has made payment on its underlying claim to the

principal creditor and thereby fixes his own right to payment from the debtor." *In re Eagle-Pitcher Indus., Inc.*, 144 B.R. 765, 769 (S.D. Ohio 1992) (citations omitted); *see Chateaugay,* 1995 WL 429018, at *3 (finding a claim to be contingent under section 502(e)(1)(B) because the claimant did not pay the underlying obligation); *Drexel II*, 148 B.R. at 987 (same).  In order for a claim to be disallowed under section 502(e)(1)(B), the claim need only be contingent as of the date of the court's ruling to disallow the claim.  *GCO Serv.*, 324 B.R. at 466; *Alper Holdings*, 2008 WL 4186333, at *5.

17.    All of the Contingent Co-Liability Claims are contingent for the very reason that holders of such claims have not made payment on the underlying obligation for which they seek contribution or indemnification from the Debtors.  As such, no right to payment has arisen on these contingent claims to date, and it may later be revealed that holders of Contingent Co-Liability Claims may not even be liable themselves on the underlying obligation.

18.    As the Contingent Co-Liability Claims satisfy each of the three elements under section 502(e)(1)(B), they must be disallowed in their entirety and expunged from the claim register.

## Notice

19.    Notice of this 219th Omnibus Objection to Claims has been provided to each claimant listed on Exhibit "A" and parties in interest in accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011 (ECF No. 8360).  The GUC Trust submits that such notice is sufficient and no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the GUC Trust to this or any other Court.

## **Conclusion**

WHEREFORE the GUC Trust respectfully requests entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: New York, New York
        April 14, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Motors Liquidation
    Company GUC Trust

**219th Omnibus Objection**

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| 1ST AUTO & CASUALTY INS<br>2810 CITY VIEW DR<br><br>MADISON, WI 53718 | 21342 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$6,000.00  (U)<br>$6,000.00  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| AFNI INSURANCE SERVICES<br>AFNI FILE #433084<br>PO BOX 3068<br>BLOOMINGTON, IL 61702 | 22252 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$16,376.16  (U)<br>$16,376.16  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| AFNI INSURANCE SERVICES<br>AFNI FILE # 638978<br>PO BOX 3068<br>BLOOMINGTON, IL 61702 | 22253 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$5,403.13  (U)<br>$5,403.13  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| AFNI INSURANCE SERVICES<br>ATTN: ELLEN SCHROEDER<br>404 BROCK DR<br><br>BLOOMINGTON, IL 61701<br>UNITED STATES OF AMERICA | 26995 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,806.00  (U)<br>$1,806.00  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| ALCARAZ-HICKERSON, ERIN<br>C/O MERCURY INSURANCE GROUP<br>ATTN CHAD MANN<br>PO BOX 10730<br><br>SANTA ANA, CA 92711-0730 | 22610 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$9,410.55  (U)<br>$9,410.55  (T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALLSTATE INSURANCE COMPANY<br>CLAIM 0130648850 MCCARTHY<br>ATTN:  DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 756 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $18,386.15 | (U) | | |
| | | | $18,386.15 | (T) | | |
| ALLSTATE INSURANCE COMPANY<br>CLAIM 012 7203040 LAUER<br>ATTN DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 757 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,225.00 | (U) | | |
| | | | $19,225.00 | (T) | | |
| ALLSTATE INSURANCE COMPANY<br>CLAIM 5560130428 KRNICH<br>ATTN:  DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 759 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,549.57 | (U) | | |
| | | | $5,549.57 | (T) | | |
| ALLSTATE INSURANCE COMPANY<br>GRAY & PROUTY C/O THOMAS W PALECEK, ESQ<br>3170 FOURTH AVENUE, THIRD FLOOR<br>SAN DIEGO, CA 92103 | 781 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $10,721.94 | (U) | | |
| | | | $10,721.94 | (T) | | |
| ALLSTATE INSURANCE COMPANY<br>GRAY & PROUTY C/O THOMAS W PALECEK, ESQ<br>3170 FOURTH AVENUE, THIRD FLOOR<br>SAN DIEGO, CA 92103 | 782 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $4,078.21 | (U) | | |
| | | | $4,078.21 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALLSTATE INSURANCE COMPANY<br>GRAY & PROUTY C/O THOMAS W PALECEK, ESQ<br>3170 FOURTH AVENUE, THIRD FLOOR<br>SAN DIEGO, CA 92103 | 783 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,290.64 (U)<br>$7,290.64 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| ALLSTATE INSURANCE COMPANY  CLAIM #0139504731 ROBERT MAURER<br>ALLSTATE INSURANCE COMPANY<br>ATTN  DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 11022 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$16,165.62 (U)<br>$16,165.62 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| ALLSTATE INSURANCE COMPANY 0121387112 SYLVESTER<br>ATTN DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 745 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$12,304.75 (U)<br>$12,304.75 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| ALLSTATE INSURANCE COMPANY 1468104151 LETRICK<br>VICKIE SHOWALTER<br>PO BOX 29500<br>ROANOKE, VA 24018 | 741 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,866.12 (U)<br>$1,866.12 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| ALLSTATE INSURANCE COMPANY CLAIM #0127953081 MILLER<br>ATTN SANDRA LOVERN<br>PO BOX 21169<br>ROANOKE, VA 24018 | 968 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$2,942.86 (U)<br>$2,942.86 (T) | | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

219th Omnibus Objection

**Exhibit A**

*CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ALLSTATE INSURANCE COMPANY CLAIM 0112148713 BROST ATTN DAVID LAUGHLIN PO BOX 29500 ROANOKE, VA 24018 | 747 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $57,984.90 | (U) | | |
| | | | $57,984.90 | (T) | | |
| ALLSTATE INSURANCE COMPANY CLAIM 1974713130 SPAULDING ATTN DAVID LAUGHLIN PO BOX 29500 ROANOKE, VA 24018 | 749 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $27,553.58 | (U) | | |
| | | | $27,553.58 | (T) | | |
| ALLSTATE INSURANCE COMPANY CLAIM# 2785714292 RODRIQUEZ ATTN DAVID LAUGHLIN PO BOX 29500 ROANOKE, VA 24018 | 751 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $43,960.86 | (U) | | |
| | | | $43,960.86 | (T) | | |
| ALLSTATE INSURANCE COMPANY CLAIM# 3978845355 QUICENO ATTN DAVID LAUGHLIN PO BOX 29500 ROANOKE, VA 24018 | 752 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $32,127.56 | (U) | | |
| | | | $32,127.56 | (T) | | |
| ALLSTATE NEW JERSEY INSURANCE COMPANY AS SUBROGEE OF DOOR QUEST LAW OFFICES OF STEVEN G KRAUS 122 MOUNT BETHEL ROAD WARREN, NJ 07059 | 889 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $19,126.25 | (U) | | |
| | | | $19,126.25 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| AUTO CLUB INSURANCE ASSOCIATION C/O GIBSON & SHARPS<br>CHRIS BARNES (737522)<br>GIBSON & SHARPS<br>4390 BUNSEN PKWY<br>LOUISVILLE, KY 40220 | 22558 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $107,242.22 | (U) | | |
| | | | $107,242.22 | (T) | | |
| BAUMGART LANDSCAPING<br>BAUMGART LANDSCAPING,<br>PEKIN INSURANCE COMPANY<br>P.O. BOX 7695<br>APPLETON, WI 54912 | 20925 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $49,578.29 | (U) | | |
| | | | $49,578.29 | (T) | | |
| BRYAN W. CANNON AND ASSOCIATES<br>ATTORNEY FOR MID-CENTURY INSURANCE<br>8619 SOUTH SANDY PARKWAY<br>SUITE 111<br>SANDY, UT 84070<br>UNITED STATES OF AMERICA | 27172 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $2,316.52 | (U) | | |
| | | | $2,316.52 | (T) | | |
| CASTRO, ANNA<br>3015 BRIGHT ST<br>FORT WORTH, TX 76105-4807 | 15316 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $9,585.24 | (U) | | |
| | | | $9,585.24 | (T) | | |
| CHAD ERWIN & STATE FARM MUTUAL AUTO INSURANCE COMPANY<br>C/O ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 E BROAD ST STE 1200<br>COLUMBUS, OH 43215 | 50973 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,937.05 | (U) | | |
| | | | $5,937.05 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| CIVIL SERVICE EMPLOYEES SAFEGUARD INS. COMPANY | 11749 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| RPM LAW GROUP, P.C. | | | $0.00 | (A) | | |
| DEVERA L. PETAK | | | | | | |
| 244 CALIFORNIA STREET STE300 | | | $0.00 | (P) | | |
| SAN FRANCISCO, CA 94111-4311 | | | $544,022.40 | (U) | | |
| | | | $544,022.40 | (T) | | |
| CODYS TRANSPORTATION SYSTEMS LLC | 21621 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| DEGAN BLANCHARD & NASH | | | $0.00 | (A) | | |
| 6421 PERKINS RD BLDG B | | | | | | |
| BATON ROUGE, LA 70808-6200 | | | $0.00 | (P) | | |
| | | | $34,500.00 | (U) | | |
| | | | $34,500.00 | (T) | | |
| COMMERCE INSURANCE | 21441 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| 11 GORE RD | | | $0.00 | (A) | | |
| WEBSTER, MA 01570 | | | $0.00 | (P) | | |
| | | | $22,718.75 | (U) | | |
| | | | $22,718.75 | (T) | | |
| COMMERCE INSURANCE | 22136 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| 11 GORE ROAD | | | $0.00 | (A) | | |
| WEBSTER, MA 01570 | | | $0.00 | (P) | | |
| | | | $2,731.07 | (U) | | |
| | | | $2,731.07 | (T) | | |
| COUNTRY FINANCIAL | 19851 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| PO BOX 2100 | | | $0.00 | (A) | | |
| BLOOMINGTON, IL 61702 | | | | | | |
| UNITED STATES OF AMERICA | | | $0.00 | (P) | | |
| | | | $7,855.95 | (U) | | |
| | | | $7,855.95 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

### Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY AS SUBROGEE OF LESTER FORD<br>C/O LAW OFFICES OF MICHAEL A POWELL, LLC<br>207 W JEFFERSON ST, STE 602<br>BLOOMINGTON, IL 61701 | 23158 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$12,459.97<br>$12,459.97 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| COUNTRY MUTUAL INSURANCE COMPANY GSO RICHARD SIMMONS<br>C/O SCHNACK LAW OFFICES<br>510 VERMONT ST<br>QUINCY, IL 62301-2902 | 22178 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$118,113.00<br>$118,113.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| COUNTRY PREFERRED INSURANCE COMPANY AS SUBROGEE OF KENDALL SMITH<br>C/O LAW OFFICES OF MICHAEL A POWELL, LLC<br>207 W JEFFERSON ST, STE 602<br>BLOOMINGTON, IL 61701 | 23159 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$3,556.08<br>$3,556.08 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| DAWN M SACCO AND MOTORISTS MUTUAL INSURANCE COMPANY<br>ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 EAST BROAD STREET STE 1200<br>COLUMBUS, OH 43215 | 50960 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$44,600.00<br>$44,600.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| DENISE HIPPLER & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>C/O ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215 | 50972 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$8,255.25<br>$8,255.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| DEVON MAESTRI<br>CLAIM #APV000778825<br>GRANGE INSURANCE<br>PO BOX 1218<br>COLUMBUS, OH 43216<br>UNITED STATES OF AMERICA | 23193 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$7,176.37<br>$7,176.37 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| DOOR QUEST<br>KRAUS STEVEN G LAW OFFICES OF<br>122 MOUNT BETHEL RD<br>WARREN, NJ 07059-5127 | 16553 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$19,126.25<br>$19,126.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| ENCOMPASS INSURANCE COMPANY<br>CLAIM #Z4034154 ELLIOT<br>ATTN: DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 754 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$15,654.15<br>$15,654.15 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| ENCOMPASS INSURANCE COMPANY CLAIM #Z4028089 RICK SHELTON<br>ENCOMPASS INSURANCE COMPANY<br>ATTN DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 22282 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$7,129.50<br>$7,129.50 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| ENCOMPASS INSURANCE COMPANY CLAIM 24034379<br>#NAME?<br>ATTN DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 984 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$17,712.40<br>$17,712.40 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ENCOMPASS INSURANCE COMPANY CLAIM#Z 4043442 JOHN GIBBONS<br>ENCOMPASS INSURANCE COMPANY<br>ATTN  DAVID LAUGHLIN<br>PO BOX 29500<br>ROANOKE, VA 24018 | 11023 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $4,629.24 | (U) | | |
| | | | $4,629.24 | (T) | | |
| ERIE INSURANCE<br>LOIS A BURTON<br>PO BOX 598<br>PARKERSBURG, WV 26102 | 12598 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $11,961.84 | (U) | | |
| | | | $11,961.84 | (T) | | |
| ERIE INSURANCE CO<br>LOIS A BURTON<br>PO BOX 598<br>PARKERSBURG, WV 26102 | 12597 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $5,662.63 | (U) | | |
| | | | $5,662.63 | (T) | | |
| ERIE INSURANCE CO<br>LOIS A BURTON<br>PO BOX 598<br>PARKERSBURG, WV 26102 | 12599 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $20,388.89 | (U) | | |
| | | | $20,388.89 | (T) | | |
| ERIE INSURANCE EXCHANGE AS SUBROGEE OF MAXINE ROSEN INSURED<br>C/O ELIZABETH D SNOVER ESQ<br>JOHNSON DUFFLE STEWART & WELDNER<br>301 MARKET STREET<br>PO BOX 109<br>LEMOYNE, PA 17043-0109 | 3468 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $13,669.91 | (U) | | |
| | | | $13,669.91 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**219th Omnibus Objection**

**Exhibit A**

Motors Liquidation Company, et al.
Case No. 09-50026 (REG),  Jointly Administered

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| ESURANCE<br>PO BOX 2890<br><br>ROCKLIN, CA 95677 | 29776 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,589.13<br>$5,589.13<br>Unliquidated | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| FOREMOST INSURANCE COMPANY<br>19634 VENTURA BLVD. SUITE 218<br><br>TARZANA, CA 91356<br>UNITED STATES OF AMERICA | 22290 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$10,395.90<br>$10,395.90 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| FRANKENMUTH MUTUAL INSURANCE CO AS SUBROGEE OF GLEN & VIRGINIA WEIDNER<br>ATTN RALPH M REISINGER<br>REISINGER LAW FIRM PLLC<br>5300 CORPORATE GROVE SE STE 350<br><br>GRAND RAPIDS, MI 49512 | 19153 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$343,655.28<br>$343,655.28 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| FRANKENMUTH MUTUAL INSURANCE COMPANY<br>AS SUBROGEE OF MAPLE HILL MIDLAND INC<br>RALPH M REISINGER, REISINGER LAW FIRM PLLC<br>5300 COPRORATE GROVE SE STE 350<br><br>GRAND RAPIDS, MI 49512<br>UNITED STATES OF AMERICA | 7301 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$31,500.00<br>$31,500.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| GAMBLE, ARNOLD<br>GEICO SBIK<br>1 GEICO BLVD<br><br>FREDERICKSBURG, VA 22412-0001 | 47935 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$17,956.12<br>$17,956.12 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|
| GARCIA, JEFFERY<br>ANGIE DEBOER FARM BUREAU<br>PO BOX 80299<br>LINCOLN, NE 68501-0299 | 4396 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$1,110.00  (U)<br>$1,110.00  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| GEICO INSURANCE<br>ATTN: CLAIM # 0165656160101036<br>ONE GEICO CENTER<br>MACON, GA 31296<br>UNITED STATES OF AMERICA | 16442 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$18,513.47  (U)<br>$18,513.47  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| GELINAS, HEATHER<br>GEICO INS<br>1 GEICO BLVD<br>FREDERICKSBURG, VA 22412-9000 | 14995 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$7,810.56  (U)<br>$7,810.56  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| GRANGE INSURANCE<br>DAVON MAESTRIL, SUBROGATION EXAMINER<br>PO BOX 1218<br>COLUMBUS, OH 43216-1218 | 45779 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$7,326.37  (U)<br>$7,326.37  (T) | 502(e)(1)(B) | Pgs. 1-10 |
| GREAT LAKES REINSURANCE UK PLC<br>DEGAN BLANCHARD & NASH<br>6421 PERKINS RD BLDG B<br>BATON ROUGE, LA 70808-6200 | 21620 | Motors Liquidation Company | $0.00  (S)<br>$0.00  (A)<br>$0.00  (P)<br>$34,500.00  (U)<br>$34,500.00  (T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

### Exhibit A

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| GREG VITTARDI AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>ZEEHANDELAR SABATINO & ASSOCIATES, LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215 | 50955 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$50,199.06 (U)<br>$50,199.06 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| HIGHPOINT SAFETY & INSURANCE CO<br>A/S/O FORTUNATO MAGNIOLA<br>LAW OFFICE OF DEBRA HART<br>303 FELLOWSHIP ROAD SUITE 300<br>MOUNT LAUREL, NJ 08054 | 45788 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$16,071.13 (U)<br>$16,071.13 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| JANET SCHNIPKE & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>C/O ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215 | 50969 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,776.75 (U)<br>$3,776.75 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| KATHY RICE<br>INFINITY INSURANCE COMPANY<br>PO BOX 830807<br>BIRMINGHAM, AL 35283 | 46618 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$5,940.87 (U)<br>$5,940.87 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| KIMBERLY L HILDEBRAND AND STATE FARM MUTUAL AUTOMOBILE INSURANCE CO<br>ZEEHANDELAR, SABATINO & ASSOCIATES, LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215<br>UNITED STATES OF AMERICA | 50963 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$6,554.75 (U)<br>$6,554.75 (T) | | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| KRISTINA GADEK<br>PO BOX 14272<br><br>LEXINGTON, KY 40512 | 38330 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $3,899.50 | (U) | | |
| | | | $3,899.50 | (T) | | |
| LAMBERT, GREGORY<br>C/O FARM BUREAU INSURANCE COMPANY<br>2150 INTELLIPLEX DR STE 134<br>SHELBYVILLE, IN 46176-8550 | 45975 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $69,427.97 | (U) | | |
| | | | $69,427.97 | (T) | | |
| LIBERTY MUTUAL<br>5050 W TILGHMAN ST SUITE 200<br><br>ALLENTOWN, PA 18104 | 21236 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $34,518.20 | (U) | | |
| | | | $34,518.20 | (T) | | |
| LLOYD E & PHYLLIS HERRINGTON AND STATE FARM FIRE & CASUALTY COMPANY<br>ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215 | 50954 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $42,595.38 | (U) | | |
| | | | $42,595.38 | (T) | | |
| METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE COMPANY<br>GOLDMAN & GRANT<br>205 W RANDOLPH ST STE 1100<br>CHICAGO, IL 60606-1813 | 19287 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $10,265.56 | (U) | | |
| | | | $10,265.56 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| METROPOLITAN P&C INSURANCE CO<br>ATTN RICHARD J PLOUFFE ESQ<br>40 GROVE ST STE 220<br>WELLESLEY, MA 02482 | 1377 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$34,732.95 (U)<br>$34,732.95 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |
| MICHAEL OYSTER AND STATE FARM MUTUAL AUTOMOBILE INSURANCE CO<br>ZEEHANDELAR, SABATINO & ASSOCIATES, LLC<br>471 EAST BROAD STREET SUITE 1200<br>COLUMBUS, OH 43215<br>UNITED STATES OF AMERICA | 50966 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$5,475.02 (U)<br>$5,475.02 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| MILDRED WATKINS<br>C/O SHANNON SCHLESMAN ZETROUER<br>BUTLER PAPPAS<br>HARBOUR ISLAND BLVD STE 500<br>TAMPA, FL 33602 | 50633 | MLCS, LLC | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$316,397.13 (U)<br>$316,397.13 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| NAHSHON GRAUMANN / GEICO<br>C/O GEICO GENERAL INSURANCE<br>PO BOX 509119<br>SAN DIEGO, CA 92150<br>UNITED STATES OF AMERICA | 15080 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$6,739.22 (U)<br>$6,739.22 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| PAGLIA, VINCE T AS SUBROGOR TO STATE FARM MUTUAL AUTOMOBILE INS. CO.<br>STATE FARM MUTUAL AUTO INS CO<br>C/O PILLEMER & PILLEMER<br>14724 VENTURA BLVD STE 401<br>SHERMAN OAKS, CA 91403-3504 | 27195 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$47,395.57 (U)<br>$47,395.57 (T) | | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

219th Omnibus Objection

**Exhibit A**

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| PAUL RIPPLINGER<br>AMERICAN FAMILY INSURANCE<br>CLAIM 181-495315<br>PO BOX 3328<br>ENGLEWOOD, CO 80155 | 15750 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$22,256.81<br>$22,256.81 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| PRAXIS CONSULTING ASO DIRECT GENERAL<br>SHANE COPLEY<br>PO BOX 5<br>MUNCIE, IL 47308 | 5993 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$25,373.12<br>$25,373.12 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| REGINA PRUETTE<br>GMAC INSURANCE<br>PO BOX 1429<br>WINSTON SALEM, NC 27102-1429 | 18099 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$25,024.64<br>$25,024.64 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| RICE, LYNETTE / EMC INSURANCE COMPANIES<br>ROWDY EVANS<br>PO BOX 169<br>MONDAMIN, IA 51557-0169 | 16389 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,000.00<br>$5,000.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| RODNEY D. YOUNG ON BEHALF OF<br>RONALD COTTON INSURANCE<br>PO BOX 222043<br>DALLAS, TX 75222<br>UNITED STATES OF AMERICA | 20704 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$12,093.55<br>$12,093.55 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

## Exhibit A

### CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| RONALD S SHAPIRO & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>ZEEHANDELAR SABATINO & ASSOCIATES LLC<br>471 EAST BROAD STREET STE 1200<br>COLUMBUS, OH 43215 | 50962 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$5,138.25<br>$5,138.25 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| ST PAUL FIRE & CASUALTY INS CO FZU9855<br>TRAVELERS INSURANCE<br>ATTN DENISE M JENKS<br>100 BAYLIS RD<br>MELVILLE, NY 11747 | 50684 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$20,305.00<br>$20,305.00 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| STATE AUTO INSURANCE<br>AS SUBROGEE OF CHERYL WOJTOWICZ<br>1300 WOODLAND AVE<br>WDM, IA 50265-2306 | 9570 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$8,801.02<br>$8,801.02 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| STATE AUTO INSURANCE<br>WILBER & ASSOCIATES, PC<br>RE: BENJAMIN DUNCAN<br>PO BOX 2159<br>BLOOMINGTON, IL 61702-2159 | 22309 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$6,143.07<br>$6,143.07 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| STATE FARM FIRE & CASUALTY COMPANY<br>MUELLER GOSS & POSSI<br>744 NORTH FOURTH STREET COMMERCE CENTER SUITE 600<br>MILWAUKEE, WI 53203 | 20814 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$163,618.12<br>$163,618.12 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

219th Omnibus Objection

## Exhibit A

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY<br>DILBECK MYERS & HARRIS PLLC<br>239 S 5TH ST STE 1100<br>LOUISVILLE, KY 40202-3254 | 49503 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $23,052.50 | (U) | | |
| | | | $23,052.50 | (T) | | |
| STATE FARM MUTUAL AUTOMBLE INSURANCE COMPAY<br>C/O THE LAW OFFICES OF JEFFREY W PARKS<br>717 COLLEGE AVENUE 2ND FLOOR<br>SANTA ROSA, CA 95404 | 6948 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $11,426.08 | (U) | | |
| | | | $11,426.08 | (T) | | |
| STATE FARM MUTUAL AUTOMOBILE INS CO<br>ATTN: JEFFREY R BECKER ESQUIRE<br>PO BOX 550858<br>JACKSONVILLE, FL 32255 | 17769 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $15,411.43 | (U) | | |
| | | | $15,411.43 | (T) | | |
| STATE FARM MUTUAL AUTOMOBILE INS CO<br>C/O JEFFREY R BECKER, ESQUIRE<br>PO BOX 550858<br>JACKSONVILLE, FL 32255 | 17774 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $24,857.68 | (U) | | |
| | | | $24,857.68 | (T) | | |
| STATE FARM MUTUAL AUTOMOBILE INS CO<br>PILLEMER & PILLEMER<br>14724 VENTURA BLVD #401<br>SHERMAN OAKS, CA 91403 | 27194 | Motors Liquidation Company | $0.00 | (S) | 502(e)(1)(B) | Pgs. 1-10 |
| | | | $0.00 | (A) | | |
| | | | $0.00 | (P) | | |
| | | | $7,098.50 | (U) | | |
| | | | $7,098.50 | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| STOTTS CONSTRUCTION/ AMERISURE INS. CO<br>STOTTS CONSTRUCTION<br>LAW OFFICES OF LEWSLEY & FERRO<br>26777 HALSTED RD 3RD FLOOR<br>FARMINGTON, MI 48333-3577 | 23441 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$37,180.90 (U)<br>$37,180.90 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| THE CHARTER OAK FIRE INS CO K6W8803<br>TRAVELERS INSURANCE<br>ATTN DENISE M JENKS<br>100 BAYLIS RD<br>MELVILLE, NY 11747 | 50685 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$13,590.77 (U)<br>$13,590.77 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| THE CHARTER OAK FIRE INS CO K6W8811<br>TRAVELERS INSURANCE<br>ATTN DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747 | 50686 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,021.95 (U)<br>$3,021.95 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| THE HARTFORD<br>C/O WILBER & ASSOCIATES PC<br>PO BOX 2159<br>BLOOMINGTON, IL 61702-2159 | 15209 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,459.75 (U)<br>$4,459.75 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| THE HORACE MANN COMPANIES A/S/O MARK KABOBEL<br>THE AUDIT GROUP INC<br>PO BOX 10539<br>BRADENTON, FL 34282 | 23222 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$7,661.20 (U)<br>$7,661.20 (T) | | 502(e)(1)(B) | Pgs. 1-10 |

(1) In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2) Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| TRAVELERS ADEMNITY CO. OF AMERICA BVU0805<br>TRAVELERS INSURANCE<br>ATT: DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747<br>UNITED STATES OF AMERICA | 50681 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$17,897.07<br>$17,897.07 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| TRAVELERS HOME & MARINE INS CO L355688<br>TRAVELERS INSURANCE<br>ATTN DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747<br>UNITED STATES OF AMERICA | 50683 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$31,357.82<br>$31,357.82 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| TRAVELERS HOME AND MARINE INSURANCE COMPANY UFS3259<br>TRAVELERS INSURANCE<br>ATT DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747<br>UNITED STATES OF AMERICA | 50682 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$33,835.20<br>$33,835.20 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| TRAVELERS INDEMNITY CO. OF AMERICA BVU0806<br>TRAVELERS INSURANCE<br>ATT: DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747<br>UNITED STATES OF AMERICA | 50680 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$106,333.39<br>$106,333.39 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |
| TRAVELERS PROPERTY CASUALTY CO OF AMERICA A7V3689<br>TRAVELERS INSURANCE<br>ATTN DENISE M JENKS<br>100 BAYLIS ROAD<br>MELVILLE, NY 11747 | 50689 | Motors Liquidation Company | $0.00<br>$0.00<br>$0.00<br>$22,048.20<br>$22,048.20 | (S)<br>(A)<br>(P)<br>(U)<br>(T) | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim. The amounts listed are taken directly from the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**Exhibit A**

## CLAIMS TO BE DISALLOWED AND EXPUNGED

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| UTICA NATIONAL INS CO<br>A/S/O THOMAS & MARY KELLY<br>PO BOX 6589<br>UTICA, NY 13504 | 33315 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$4,062.01 (U)<br>$4,062.01 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| VASIS, ANDREW<br>6065 LUCERNE LN<br><br>LAKE IN THE HILLS, IL 60156-6747 | 11788 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$42,380.70 (U)<br>$42,380.70 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| WATKINS, MILDRED<br>BUTLER, PAPPAS<br>C/O SHANNON SCHLESMAN ZETROUER<br>S HABOUR ISLAND BLVD STE 500<br>TAMPA, FL 33602 | 48329 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$316,397.13 (U)<br>$316,397.13 (T) | | 502(e)(1)(B) | Pgs. 1-10 |
| WESTERN RESERVE MUTUAL CASUALTY CO.<br>ROBERTS, MATEJCZYK AND ITA CO LPA<br>5045 PARK AVE. W<br>SUITE 2B<br>SEVILLE, OH 44273 | 46158 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$12,201.10 (U)<br>$12,201.10 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |
| WESTERN RESERVE MUTUAL CASUALTY COMPANY<br>ROBERTS, MATEJCZYK AND ITA CO LPA<br>5045 PARK AVE. W<br>SUITE 2B<br>SEVILLE, OH 44273 | 46157 | Motors Liquidation Company | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$5,579.01 (U)<br>$5,579.01 (T)<br><br>Unliquidated | | 502(e)(1)(B) | Pgs. 1-10 |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**219th Omnibus Objection**

**Exhibit A**

## *CLAIMS TO BE DISALLOWED AND EXPUNGED*

| Name and Address of Claimant | Claim # | Debtor | Claim Amount and Priority (1) | | Grounds For Objection | Objection Page Reference |
|---|---|---|---|---|---|---|
| *CLAIMS TO BE DISALLOWED AND EXPUNGED* | **100** | | **$0.00** | (S) | | |
| | | | **$0.00** | (A) | | |
| | | | **$0.00** | (P) | | |
| | | | **$3,580,814.68** | (U) | | |
| | | | **$3,580,814.68** | (T) | | |

(1)  In the "Claim Amount and Priority" column, (S) = secured claim, (A) = administrative expense claim, (P) = priority claim, (U) = unsecured claim and (T) = total claim. The amounts listed are taken directly from the proofs of claim, and thus replicate any mathematical errors on the proofs of claim. Where the claim amount is zero, unliquidated, unidentified, or otherwise cannot be determined, the amount listed is "0.00".
(2)  Claims on the exhibit are sorted in alphabetical order based on the creditor name as listed on proof of claim form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :          Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :          09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                                        Debtors.             :          (Jointly Administered)
                                                             :
-------------------------------------------------------------x

## ORDER GRANTING 219TH OMNIBUS OBJECTION TO CLAIMS
### (Contingent Co-Liability Claims)

Upon the omnibus objection to expunge certain claims, dated April 14, 2011 (the

"**219th Omnibus Objection to Claims**"),[1] of the Motors Liquidation Company GUC Trust (the

"**GUC Trust**"), formed by the above captioned debtors (collectively, the "**Debtors**") in

connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as

may be amended, supplemented or modified from time to time, the "**Plan**"), pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order disallowing and

expunging the Contingent Co-Liability Claims on the ground that such claims should be

disallowed under section 502(e)(1)(B) of the Bankruptcy Code, all as more fully described in the

219th Omnibus Objection to Claims; and due and proper notice of the 219th Omnibus Objection

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the 219th Omnibus Objection to Claims.

to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 219th Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the 219th Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 219th Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit** "**A**" (the "**Order Exhibit**") annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged from the claims registry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

_____
United States Bankruptcy Judge