**HEARING DATE AND TIME: May 17, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: May 10, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Post-Effective Date Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
MOTORS LIQUIDATION COMPANY, et al.,     :    09-50026 (REG)
    f/k/a General Motors Corp., et al.  :
                                        :
                     Debtors.           :    (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

## NOTICE OF HEARING ON MOTION OF POST-EFFECTIVE DATE DEBTORS FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING DEBTORS TO ASSUME AND ASSIGN CERTAIN DEALER-RELATED AGREEMENTS TO GENERAL MOTORS LLC

PLEASE TAKE NOTICE that upon the annexed Motion, dated April 20, 2011

(the "**Motion**"), of Motors Liquidation Company (f/k/a General Motors Corporation) and its

affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**"), for an order

authorizing the Debtors to assume and assign certain agreements to General Motors LLC

pursuant to section 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), all as more fully set forth in the Motion, a hearing will be held before the Honorable

Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004,

on **May 17, 2011 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to this

Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the

Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP,

attorneys for the Debtors and Post-Effective Date Debtors, 767 Fifth Avenue, New York, New

York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky,

Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue,

Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400

Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv)

Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the

Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi,

Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room

2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys

for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis &

Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the

Americas, New York, New York 10036 (Attn:  Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn:  Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn:  Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn:  Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.), (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn:  Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn:  Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn:  Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, so as to be received no later than **May 10, 2011, at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and

served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered with no further notice or opportunity to be heard offered to

any party.

Dated:  New York, New York
      April 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Post-Effective Date Debtors

**HEARING DATE AND TIME: May 17, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: May 10, 2011 at 4:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Post-Effective Date Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | : | **09-50026 (REG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**MOTION OF POST-EFFECTIVE DATE DEBTORS FOR ENTRY**
**OF ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING**
**POST-EFFECTIVE DATE DEBTORS TO ASSUME AND ASSIGN**
**CERTAIN DEALER-RELATED AGREEMENTS TO GENERAL MOTORS LLC**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

Motors Liquidation Company ("**MLC**") (f/k/a General Motors Corporation) and

its affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**"), respectfully

represent:

## Relief Requested

1. By this Motion, the Debtors request authorization, pursuant to section 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to assume certain agreements identified on **Exhibit "A"** annexed hereto, and assign such agreements to General Motors LLC ("**New GM**") effective upon entry of an order, substantially in the form annexed hereto as **Exhibit "B,"** approving the relief requested herein.

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. On March 29, 2011, this Court entered an order confirming the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (the "**Plan**") (ECF No. 9836), and on March 31, 2011 (the "**Effective Date**"), the Plan was substantially consummated.

4. Section 8.1 of the Plan provides that all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed rejected as of the Effective Date subject to certain exceptions. One such exception is for "an executory contract or unexpired lease that . . . is the subject of a separate motion to assume or reject filed under section 365 of the Bankruptcy Code by the Debtors no later than thirty (30) days after the Effective Date" For the reasons described herein, the Debtors are filing this Motion in compliance with Section 8.1 of the Plan, within thirty days of the Effective Date.

## Basis for Assumption and Assignment of Contracts

5.      Pursuant to (a) the Order Pursuant to 11 U.S.C. §§ 105, 363, and 365 and

Fed. R. Bankr. P. 2002, 6004, and 6006 (I) Approving Procedures for Sale of Debtors' Assets

Pursuant to Master Sale and Purchase Agreement with Vehicle Acquisition Holdings LLC, a U.S.

Treasury-Sponsored Purchaser; (II) Scheduling Bid Deadline and Sale Hearing Date; (III)

Establishing Assumption and Assignment Procedures; and (IV) Fixing Notice Procedures and

Approving Form of Notice (the "**Sale Procedures Order**") (ECF No. 274), (b) the Amended and

Restated Master Sale and Purchase Agreement by and among the Debtors, as Sellers, and New

GM, as Purchaser, dated June 26, 2009 (the "**MSPA**"), and (c) the Order (I) Authorizing Sale of

Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement; (II) Authorizing

Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in

Connection with the Sale; and (III) Granting Related Relief (ECF No. 2968) (the "**Sale Order**"),

procedures were established for the Debtors to assume and assign executory contracts to New

GM.  In accordance therewith, the Debtors assumed and assigned numerous contracts to New

GM at the closing of the sale and subject thereto.

6.      The Sale Procedures Order, the MSPA, and the Sale Order specifically

authorized the Debtors to assume and assign to New GM certain agreements related to the

Debtors' dealership network (as defined in the MSPA, the "**Continuing Brand Dealer**

**Agreements**").   Although the core dealership agreements were assigned at closing, it was

recently discovered that certain related agreements between the dealerships, their operators, and

MLC (collectively, the "**Dealer-Related Agreements**") have not yet been assumed and assigned.

A schedule of the Dealer-Related Agreements is annexed hereto as **Exhibit "A."**  Nevertheless,

the Dealer-Related Agreements are assumable executory contracts under the MSPA or are

integrally intertwined with agreements related to the dealership network that have already been

assumed and assigned to New GM pursuant to the MSPA.

7.      Due to oversight, New GM failed to designate the Dealer-Related

Agreements for assumption and assignment in accordance with the requisite procedures prior to

the expiration of the deadline provided for in the MSPA (as defined in the MSPA, the

"**Executory Contract Designation Deadline**") by which all executory contracts desired by New

GM must have been designated for assumption and assignment.  New GM has determined that

the Dealer-Related Agreements are critical to New GM's ability to operates its businesses and has

requested that they now be assumed and assigned.  The Dealer-Related Agreements are not

believed to have any value to the Debtors.

8.      Section 6.6(h) of the MSPA provides a mechanism for MLC, upon request

from New GM, to assume and assign executory contracts to New GM after the expiration of the

Executory Contract Designation Deadline.  Specifically, Section 6.6(h) of the MSPA provides in

relevant part:

> If, following the Executory Contract Designation Deadline, [MLC]
> or [New GM] identify an Executory Contract that has not
> previously been identified as a Contract for assumption and
> assignment, and such Contract is important to [New GM's] ability
> to use or hold the Purchased Assets or operate its businesses in
> connection therewith, [MLC] will assume and assign such Contract
> and assign it to [New GM] without any adjustment to the Purchase
> Price; <u>provided</u> that [New GM] consents and agrees at such time to
> (i) assume such executory Contract and (ii) and discharge all Cure
> Amounts in respect thereof.

9.      As described above, the Dealer-Related Agreements are related to

Continuing Brand Dealer Agreements and are necessary to operate New GM's business.  The

Debtors receive no independent benefit from these agreements.  Therefore, New GM has properly

and appropriately requested that the Debtors assume and assign the Dealer-Related Agreements

to New GM pursuant to Section 6.6(h) of the MSPA, and by this Motion, the Debtors request

authorization to do so.

### The Relief Requested Should Be Approved by the Court

A.    Assumption and Assignment of the Dealer-Related Agreements
      Is a Sound Exercise of the Debtors' Business Judgment

10.    The Dealer-Related Agreements identified on **Exhibit "A"** are executory

contracts or are integrally intertwined with executory contracts that have already been assumed

and assigned to New GM pursuant to the MSPA.  Section 365(a) of the Bankruptcy Code

provides, in relevant part, that a debtor in possession, "subject to the court's approval, may

assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

*See also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Levigne*, 114 F.3d 379,

386 (2d Cir. 1997).  In determining whether an executory contract or unexpired lease should be

assumed, courts apply the "business judgment" test.  *Orion Pictures Corp. v. Showtime Networks,*

*Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *see also Richmond Leasing*

*Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would

slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy

Code's provision for private control of administration of the estate, and threaten the court's

ability to control a case impartially"); *In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006)

("The decision to assume or reject an executory contract is within the sound business judgment of

the debtor-in-possession . . . .").

11.    Courts defer to a debtor's business judgment in assuming and assigning an

executory contract and, upon finding that a debtor has exercised its sound business judgment,

approve the assumption and assignment under section 365(a) of the Bankruptcy Code.  *See*

*Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures*, 4 F.3d at 1099; *In re Child World, Inc.*, 142 B.R. 87, 89-90 (Bankr. S.D.N.Y. 1992).

12.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract will benefit the debtor's estate. *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612 (Bankr. S.D.N.Y. 1986) (where the debtor articulates a reasonable basis for its business decisions, courts will generally not entertain objections to the debtor's conduct).

13.     In this case, assumption and assignment of the Dealer-Related Agreements to New GM is in the best interests of the Debtors' estates and a reasonable exercise of the Debtors' business judgment as it will relieve the Debtors' estates of any potential rejection damage claims related to the Dealer-Related Agreements.  Moreover, Section 6.6(h) of the MSPA requires that MLC assume and assign the Dealer-Related Agreements to New GM.  Simply put, because the Dealer-Related Agreements have no further value to the Debtors and may cause ongoing liability, this Court should authorize the Debtors to assume and assign the Dealer-Related Agreements to New GM.

B.     New GM Will Cure Any
       Monetary Defaults Upon Assumption

14.     Section 365(b) of the Bankruptcy Code establishes certain conditions that must be satisfied prior to the assumption of an executory contract if there has been a default:

>    (b)(1) If there has been a default in an executory contract or
>    unexpired lease of the debtor, the trustee may not assume

such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

15.    In order to satisfy section 365(b) of the Bankruptcy Code, the Debtors must cure any payment defaults under the Dealer-Related Agreements.[1]  The Debtors believe that there are currently no outstanding amounts due and owing to the Dealer-Related Agreement counterparties and, therefore, no cure payments are necessary in respect of the Dealer-Related Agreements.  However, to the extent that there are cure amounts owing, Section 6.6(h) of the MSPA provides that New GM will be solely responsible for satisfying any such amounts.  As such, the Debtors request that the counterparties to the Dealer-Related Agreements have until **May 10, 2011** (the "**Objection Deadline**") to object to the cure amount of $0.00 for each Dealer-Related Agreement, as set forth on **Exhibit "A."**  Should any counterparty fail to object by such date, the respective counterparty shall be forever barred from asserting claims arising from defaults under the Dealer-Related Agreements prior to the effective date of assumption.

---

[1] The Debtors are not required to cure any defaults under the contract arising solely as a result of the commencement of these chapter 11 cases.  Pursuant to section 365(b)(2), these defaults are unenforceable ipso facto provisions.  *See Summit Inv. & Dev. Corp. v. LeRoux (In re LeRoux)*, 69 F.3d 608, 610 (1st Cir. 1995); *In re Texaco Inc.*, 73 B.R. 960, 965 (Bankr. S.D.N.Y. 1987) (holding that counterparty could not accelerate notes because such right was only triggered upon a bankruptcy default clause, which was void pursuant to section 365(e)(1)); *see also In re Ernie Haire Ford, Inc.*, 403 B.R. 750, 759 (Bankr. M.D. Fla. 2009) (holding that counterparty's enforcement of right to terminate contract at will was unenforceable under section 365(e)(1) where the sole basis for termination was the debtor's bankruptcy filing).

C.    Adequate Assurance of Future
      Performance by the Assignee Has Been Provided

16.    Pursuant to section 365(f)(2) of the Bankruptcy Code, the trustee may only

assign an executory contract if "adequate assurance of future performance by the assignee of such

contract or lease is provided."  11 U.S.C. § 365(f)(2).  Under section 365(f)(2), the meaning of

"adequate assurance of future performance" depends on the facts and circumstances of each case,

but should be given "practical, pragmatic construction."  *Carlisle Homes, Inc. v. Arrari (In re*

*Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989) (internal citations omitted); *see*

*also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (explaining that adequate

assurance of future performance does not mean absolute assurance that debtor will thrive and pay

rent).  Among other things, adequate assurance may be given by demonstrating the assignee's

financial health and experience in managing the type of enterprise or property assigned.  *See In re*

*Bygraph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (holding that adequate assurance of

future performance is present when prospective assignee of lease has financial resources and

expressed willingness to devote sufficient funding to business to give it strong likelihood of

succeeding; chief determinant of adequate assurance is whether rent will be paid).

17.    Pursuant to paragraph GG of the Sale Order, this Court found that

counterparties to those contracts assumed and assigned to New GM have been provided with

adequate assurance by New GM.  Subsequent performance by New GM since the sale transaction

was consummated confirms New GM's ability to fully perform under the Dealer-Related

Agreements.  Therefore, adequate assurance of future performance has been demonstrated and

this Court should authorize the Debtors to assume and assign the Dealer-Related Agreements to

New GM.

**Waiver of Bankruptcy Rules 6004(a) and (h)**

18.       To implement the foregoing immediately, the Debtors seek a waiver of the

notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order

authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

19.       Notice of this Motion has been provided to the parties to the Dealer-

Related Agreements set forth on **Exhibit "A"** annexed hereto and parties in interest in

accordance with the Fifth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P.

1015(c) and 9007 Establishing Notice and Case Management Procedures, dated January 3, 2011

(ECF No. 8360).  The Debtors submit that such notice is sufficient and no other or further notice

need be provided.

20.       No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

21.       WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:  New York, New York
         April 20, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Post-Effective Date Debtors

## **Exhibit A**

The Dealer-Related Agreements

## Exhibit A
### Executory Contracts

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 1. | Dealer: Advantage Chevrolet of Bolingbrook, Inc.<br>Operator: Desmond A. Roberts | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 11/3/06 | 115 W. Frontage Road South Bolingbrook, IL 60440 | 6555 Shabbona Road Indian Head Park, IL 60525 | $0.00 |
| 2. | Dealer: Athens Chevrolet, Inc.<br>Operator: Warren G. Cole | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 4/12/05 | 4110 Atlanta Highway Bogart, GA 30622 | 1071 Colorado Bend Bogart, GA 30622 | $0.00 |
| 3. | Dealer: Britain Chevrolet, Inc.<br>Operator: Byron Britain | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 9/28/06 | 4715 Wesley Greenville, TX 75401 | 5267 Horseshoe Lane Royse City, TX 75189 | $0.00 |
| 4. | Dealer: Buick Pontiac GMC of Moosic, Inc.<br>Operator: Lori A. Guitson | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 1/15/04 | 4230 Birney Avenue Moosic, PA 18507 | 3030 Forest Street Lehighton, PA 18235 | $0.00 |
| 5. | Dealer: Champion Chevrolet-Pontiac-Buick, Inc.<br>Operator: Fred C. Tolsdorf | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 7/28/04 | 502 S. 1st Street La Grange, KY 40031 | P. O. Box 68 La Grange, KY 40031 | $0.00 |
| 6. | Dealer: Chevrolet of Novato, Inc.<br>Operator: Leonard T. Nomura | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 2/24/04 | 7123 Redwood Boulevard Novato, CA 94945 | 3907 Glacier Court Vallejo, CA 94591 | $0.00 |
| 7. | Dealer: Desert Sun Roswell, Inc.<br>Operator: Robert A. Martinez | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 8/17/06 | 2601 W. 2nd Street Roswell, NM 88201 | 46 Marble Canyon Drive Alamogordo, NM 88310 | $0.00 |
| 8. | Dealer: Dinuba Auto Center, Inc.<br>Operator: Edward M. Dena | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer | 11/4/03 | 1500 W. El Monte Way Dinuba, CA 93618 | 2175 Stevenson Court Tulare, CA 93274 | $0.00 |

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| | | Operator | | | | |
| 9. | Dealer: Fredericktown Chevrolet Company, Inc.<br>Operator: John J. Walsh Jr. | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 7/27/04 | 95 S. Main Street Fredericktown, OH 43019 | 15550 Lucerne Road Fredericktown, OH 43019 | $0.00 |
| 10. | Dealer: GEMA Automotive, Inc.<br>Operator: Marianne Ballas | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 6/30/04 | 5715 W. Central Avenue Toledo, OH 43615 | 5715 W. Central Avenue Toledo, OH 43615 | $0.00 |
| 11. | Dealer: General Sales Company of West Chester, Inc.<br>Operator: Estate of George F. Ruggeri<br>Operator: Mark W. Ruggeri<br>Operator: Gerard B. Byrnes | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 5/21/02 | 1265 Wilmington Pike West Chester, PA 19382 | All Operators/Investors: 1265 Wilmington Pike West Chester, PA 19382 | $0.00 |
| 12. | Dealer: JS Folsom Automotive, Inc.<br>Operator: Clifton Joe Smith<br>Operator: Steven J. Jackson | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 12/6/07 | 12640 Auto Mall Center Folsom, CA 95630 | All Operators: 12640 Auto Mall Circle Folsom, CA 95630 | $0.00 |
| 13. | Dealer: Las Cruces Automotive Group, Inc.<br>Operator: Raymond Palacios | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 5/7/04 | 1601 S. Main Street Las Cruces, NM 88005 | 637 Willow Glen Drive El Paso, TX 79922 | $0.00 |
| 14. | Dealer: Mangino Chevrolet, Inc.<br>Operator: Tina Mangino-Coffey | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 9/28/04 | 4447 State Highway 30 Amsterdam, NY 12010 | 4447 State Highway 30 Amsterdam, NY 12010 | $0.00 |
| 15. | Dealer: Milton Chevrolet, Inc.<br>Operator: M. Lou Sobh | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 2/19/02 | 5925 Highway 90 W Milton, FL 32583 | 5925 Highway 90 W Milton, FL 32583 | $0.00 |

US_ACTIVE:\43681879\01\72240.0639

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 16. | Dealer:  Moran Cadillac – GMC, Inc.<br>Operator:  Patrick J. Moran<br>Operator:  PHMC Holdings LLC | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 7/25/03 | 4511 24th Avenue<br>Fort Gratiot, MI 48059 | All Operators:<br>4511 24th Avenue<br>Fort Gratiot, MI 48059 | $0.00 |
| 17. | Dealer:  Joe Morgan Chevrolet-Cadillac, Inc.<br>Operator:  Joe Morgan<br>Operator:  Morgan Automotive LLC | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 5/24/04 | 1901 South Main Street<br>Stuttgart, AR 72160 | All Operators:<br>26 Duclair Court<br>Little Rock, AR  72223 | $0.00 |
| 18. | Dealer:  Renton Cadillac Pontiac GMC, Inc.<br>Operator:  Brad Brotherton | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 6/29/05 | 215 SW 12th Street<br>Renton, WA 98057 | 215 SW 12th Street<br>Renton, WA 98057 | $0.00 |
| 19. | Dealer:  Slaughter Motor Company, Inc.<br>Operator:  Sam Slaughter | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 11/9/06 | 38000 Grand River<br>Farmington Hills, MI 48335 | 38000 Grand River<br>Farmington Hills, MI 48335 | $0.00 |
| 20. | Dealer:  Smokey Point Buick Pontiac GMC, Inc.<br>Operator:  Anderson B. Bryant, Jr.<br>Operator:  Henry Taylor | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 11/11/02 | 16632 Smokey Point Blvd.<br>Arlington, WA 98223 | Anderson B. Bryant, Jr.<br>16632 Smokey Point Blvd.<br>P. O. Box 3008<br>Arlington, WA  98223<br><br>Henry Taylor<br>2001 Palm Canyon Ct.<br>Las Vegas, NV  89117 | $0.00 |
| 21. | Dealer:  Superior Chevrolet, Inc.<br>Operator:   Glen W. West | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 12/17/08 | 200 Renaissance Blvd.<br>Lawrenceville, NJ 08648 | 10 Rosewood Terrace<br>Hamilton, NJ  08620 | $0.00 |
| 22. | Dealer:  Trimarco Pontiac-Buick-GMC, Inc.<br>Operator:  Gary D. Trimarco | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 6/6/00 | 14061 Northland Drive<br>Big Rapids, MI 49307 | 14061 Northland Drive<br>Big Rapids, MI 49307 | $0.00 |

3

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 23. | Dealer: Todd Wenzel Chevrolet, Inc. <br> Operator: Todd R. Wenzel | Arbitration Agreement for Motors Holding Dealer Company, GM and Dealer Operator | 6/28/04 | 3156 Highland Drive Hudsonville, MI 49426 | 3156 Highland Drive Hudsonville, MI 49426 | $0.00 |
| 24. | Operator: Desmond A. Roberts | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 11/6/06 | N/A | 6555 Shabbona Road Indian Head Park, IL 60525 | $0.00 |
| 25. | Operator: Warren G. Cole | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 4/12/05 | N/A | 1071 Colorado Bend Bogart, GA 30622 | $0.00 |
| 26. | Operator: Byron Britain | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 9/28/06 | N/A | 5267 Horseshoe Lane Royse City, TX 75189 | $0.00 |
| 27. | Operator: Lori A. Guitson | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 1/19/04 | N/A | 3030 Forest Street Lehighton, PA 18235 | $0.00 |
| 28. | Operator: Fred C. Tolsdorf | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 7/28/04 | N/A | P. O. Box 68 La Grange, KY 40031 | $0.00 |
| 29. | Operator: Leonard T. Nomura | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 2/23/04 | N/A | 3907 Glacier Court Vallejo, CA 94591 | $0.00 |
| 30. | Operator: Robert A. Martinez | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 8/17/06 | N/A | 46 Marble Canyon Drive Alamogordo, NM 88310 | $0.00 |

4

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 31. | Operator:  Edward M. Dena | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 11/4/03 | N/A | 2175 Stevenson Court Tulare, CA  93274 | $0.00 |
| 32. | Operator:  John J. Walsh Jr. | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 7/27/04 | N/A | 15550 Lucerne Road Fredericktown, OH 43019 | $0.00 |
| 33. | Operator:  Marianne Ballas | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 6/30/04 | N/A | 5715 W. Central Avenue Toledo, OH 43615 | $0.00 |
| 34. | Operator:    Estate of George F. Ruggeri<br>Operator:    Mark W. Ruggeri<br>Operator:     Gerard B. Byrnes | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 5/21/02 | N/A | All Operators/Investors: 1265 Wilmington Pike West Chester, PA 19382 | $0.00 |
| 35. | Operator:  Clifton Joe Smith<br>Operator:  Steven J. Jackson | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 12/6/07 | N/A | All Operators: 12640 Auto Mall Circle Folsom, CA 95630 | $0.00 |
| 36. | Operator:  Raymond Palacios | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 5/7/04 | N/A | 637 Willow Glen Drive El Paso, TX  79922 | $0.00 |
| 37. | Operator:  Tina Mangino-Coffey | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 9/28/04 | N/A | 4447 State Highway 30 Amsterdam, NY 12010 | $0.00 |
| 38. | Operator:  M. Lou Sobh | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 2/19/02 | N/A | 5925 Highway 90 W Milton, FL 32583 | $0.00 |

US_ACTIVE:\43681879\01\72240.0639

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 39. | Operator:  Patrick J. Moran<br>Operator:  PHMC Holdings LLC | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 7/25/03 | N/A | All Operators:<br>4511 24th Avenue<br>Fort Gratiot, MI 48059 | $0.00 |
| 40. | Operator:  Joe Morgan<br>Operator:  Morgan Automotive LLC | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 5/24/04 | N/A | All Operators:<br>26 Duclair Court<br>Little Rock, AR  72223 | $0.00 |
| 41. | Operator:  Brad Brotherton | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 6/29/05 | N/A | 215 SW 12th Street<br>Renton, WA 98057 | $0.00 |
| 42. | Operator:  Sam Slaughter | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 11/10/06 | N/A | 38000 Grand River<br>Farmington Hills, MI 48335 | $0.00 |
| 43. | Operator:  Anderson B. Bryant, Jr.<br>Operator:  Henry Taylor | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 11/11/02 | N/A | Anderson B. Bryant, Jr.<br>16632 Smokey Point Blvd.<br>P. O. Box 3008<br>Arlington, WA  98223<br><br>Henry Taylor<br>2001 Palm Canyon Court<br>Las Vegas, NV  89117 | $0.00 |
| 44. | Operator:     Glen W. West | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 12/17/08 | N/A | 10 Rosewood Terrace<br>Hamilton, NJ  08620 | $0.00 |
| 45. | Operator:  Gary D. Trimarco | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 6/6/00 | N/A | 14061 Northland Drive<br>Big Rapids, MI 49307 | $0.00 |

6

| | Counterparty Names | Contract Type | Contract Date | Dealer Notice Address | Operator Notice Address | Cure Amount |
|---|---|---|---|---|---|---|
| 46. | Operator:   Todd R. Wenzel | Agreement Regarding Documents and Other Related Motors Holding Dealer Company Investment Issues | 6/28/04 | N/A | 3156 Highland Drive Hudsonville, MI 49426 | $0.00 |

7

## **Exhibit B**

Proposed Order

**HEARING DATE AND TIME: May 17, 2011 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: May 10, 2011 at 4:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                   :

**In re**                               :         **Chapter 11 Case No.**
                                   :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :     **09-50026 (REG)**
    **f/k/a General Motors Corp.,** *et al.*  :
                                   :

                    **Debtors.**       :     **(Jointly Administered)**
                                   :
------------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING**
**POST-EFFECTIVE DATE DEBTORS TO ASSUME AND ASSIGN**
**<u>CERTAIN DEALER-RELATED AGREEMENTS TO GENERAL MOTORS LLC</u>**

Upon the Motion, dated April 20, 2011 (the "**Motion**"),[1] of Motors Liquidation

Company (f/k/a General Motors Corporation) and its affiliated debtors, as post-effective date

debtors (collectively, the "**Debtors**"), for an order authorizing the Debtors to assume and assign

certain Dealer-Related Agreements to General Motors LLC ("**New GM**"), on and as of the date

of the entry of this order, pursuant to section 365 of title 11 of the United States Code (the

"**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), all as more fully described in the Motion; and due and proper notice of the

Motion having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion has been timely

requested and is in the best interests of the Debtors, their estates, creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Motion.

ORDERED that pursuant to sections 365(a), (b), and (f) of the Bankruptcy Code, the Debtors are authorized to assume the Dealer-Related Agreements listed on **Exhibit "A"** to the Motion, and assign them to New GM, on and as of the date of entry of this Order; and it is further

ORDERED that in the absence of any objection by any counterparty to the cure amount of $0.00 for each Dealer-Related Agreement set forth on **Exhibit "A"** to the Motion by the Objection Deadline, such counterparty shall be barred from asserting a claim for any defaults arising prior to the effective date of assumption for its respective Dealer-Related Agreement; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that pursuant to Bankruptcy Rule 6004(h), the terms and provisions of the Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
_____, 2011

                                           **_____**
                                           United States Bankruptcy Judge