Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
In re                                                          :       **Chapter 11 Case No.**
                                                               :
**MOTORS LIQUIDATION COMPANY,** *et al.,*    :       **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*     :
                                                               :
                               **Debtors.**           :       **(Jointly Administered)**
                                                               :
-------------------------------------------------------------x

**MOTORS LIQUIDATION COMPANY GUC TRUST'S**
**REPLY TO THERESA M. MCHUGH'S AND JOAN M. WALDROP'S**
**RESPONSES TO OMNIBUS OBJECTIONS TO DUPLICATE**
**CLAIMS FILED BY INDIVIDUAL MEMBERS OF THE DEX-COOL CLASS**
**(Omnibus Objection Nos. 217 and 218)**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the

above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second

Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or

modified from time to time), file this reply (the "**Reply**") to the Responses (defined below)

---

[1]        The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC
(f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc.
(f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc., and Environmental
Corporate Remediation Company, Inc.

interposed to the 217th and 218th Omnibus Objections to Claims (Duplicate Claims Filed by Individual Members of the Dex-Cool Class) (ECF Nos. 9907 and 9908) (the "**Omnibus Objections**"), and respectfully represent:

### Preliminary Statement

1.       On March 24, 2011, the Debtors filed the Omnibus Objections, and a hearing on the Omnibus Objections is scheduled for April 26, 2011 at 9:45 a.m.  The Omnibus Objections seek the disallowance and expungement of certain proofs of claim filed by individual members of the Dex-Cool Class (defined below) on the basis that the claims are duplicative of Proof of Claim No. 51095 filed by counsel for the Dex-Cool Class (the "**Dex-Cool Class Action Claim**") and are inconsistent with a complete and general release previously provided by members of the Dex-Cool Class to the Debtors as part of a class action settlement (the "**Dex-Cool Class Action Settlement**").[2]

2.       Responses to the Omnibus Objections were due by April 19, 2011 at 4:00 p.m. (the "**Response Deadline**").  Prior to the Response Deadline, the GUC Trust received two responses (collectively, the "**Responses**").  Specifically, the Responses include letters from Joan M. Waldrop and Theresa M. McHugh (collectively, the "**Responding Parties**").  Court records indicate that both the Responding Parties are members of the Dex-Cool Class.

---

[2]       As set forth in the Omnibus Objections, the Dex-Cool Class Action Claim was filed by class action plaintiffs (the "**Dex-Cool Plaintiffs**") on behalf of themselves and a class of all others similarly situated (collectively, the "**Dex-Cool Class**" and, together with the Dex-Cool Plaintiffs, the "**Dex-Cool Parties**").  (*See* Dex-Cool Class Action Claim, attached to the Omnibus Objections as Ex. C (ECF Nos. 9907 and 9908).)  The Dex-Cool Class Action Claim asserts a claim in the amount of $3,000,000 for class consideration based on the Dex-Cool Class Action Settlement, which settled claims against General Motors Corporation ("**GM**") relating to "Dex-Cool" extended life engine coolants (the "**Dex-Cool Class Actions**").  The Dex-Cool Class Action Settlement was entered into and approved by a California and Missouri court prior to GM's bankruptcy filing, but, due to the Debtors' chapter 11 filings, consideration under the settlement could not be provided to all members of the Dex-Cool Class.  Thus, the Dex-Cool Class Action Claim seeks consideration purportedly due to certain remaining members of the Dex-Cool Class.

3.        On March 29, 2011, Ms. Waldrop wrote to The Garden City Group, Inc. ("**Garden City**"), stating that she opposes the relief sought in the Omnibus Objections with respect to her claim nos. 4810 and 70028.[3] (*See* Mar. 29, 2011 Ltr. from J. Waldrop, attached hereto as Ex. 3.)  In her letter, Ms. Waldrop opposes the disallowance and expungement of her claim nos. 4810 and 70028 on the basis that "an error was committed by Garden City Group" in the processing of her claims.  (*See id.*)  Specifically, Ms. Waldrop appears to believe that the Omnibus Objections are based on a duplicate claim that she alleges Garden City filed without her authorization.  (*See id.*)[4]

4.        After receiving Ms. Waldrop's letter, counsel for the GUC Trust attempted to contact her to address her concerns.  (*See* Apr. 15, 2011 Ltr. from S. Decker, attached hereto as Ex. 4.)  Ms. Waldrop responded to counsel for the GUC Trust's letter and stated that her concerns had been addressed by counsel for the Dex-Cool Class.[5]  (*See* Apr. 15, 2011 Email from J. Waldrop, attached hereto as Ex. 5.)  Accordingly, counsel for the Dex-Cool Class attempted to contact Ms. Waldrop to determine whether she continues to oppose the relief sought in the Omnibus Objections, but was unable to reach her.  Counsel for the Dex-Cool Class then wrote to Ms. Waldrop, explaining the relief requested in the Omnibus Objections and confirming that her claims were covered by the Dex-Cool Class Action Settlement.  (*See* Apr. 19, 2011 Ltr.

---

[3]        Ms. Waldrop's claim no. 4810 is subject to the 217th Omnibus Objection, and her claim no. 70028 is subject to the 218th Omnibus Objection.  (*See* Proof of Claim No. 4810, attached hereto as Ex. 1; Proof of Claim No. 70028, attached hereto as Ex. 2.)

[4]        As an informal response in the form of a letter to Garden City, Ms. Waldrop's Response was never filed on the Court's docket, in contravention of this Court's order establishing certain notice and case management procedures (ECF No. 8360) (the "**Case Management Order**").  Accordingly, Ms. Waldrop's failure to comply with the Case Management Order is an additional basis upon which the Court should grant the relief requested in the Omnibus Objections.

[5]        The GUC Trust's counsel has learned that Ms. Waldrop has spoken with a representative of Girard Gibbs, LLP, counsel for the Dex-Cool Class, on at least three separate occasions concerning the Dex-Cool Class Action Settlement.

from A.J. De Bartolomeo (without attachments), attached hereto as Ex. 6.)  Ms. Waldrop has not

responded to indicate whether she continues to oppose the Omnibus Objections.

5.      Also on March 29, 2011, Ms. McHugh sent a letter to the Court regarding

her claim no. 70305 (ECF No. 10066).[6]  In her letter, Ms. McHugh states that she opposes the

disallowance and expungement of her claim no. 70305 because she has not yet received any

consideration under the Dex-Cool Class Action Settlement.  (*See id.*)  Since receiving her letter,

counsel for the GUC Trust and the Dex-Cool Class have spoken to Ms. McHugh and have

attempted to explain the relief sought in the Omnibus Objections.  In addition, at Ms. McHugh's

request, counsel for the Dex-Cool Class wrote to Ms. McHugh to explain the nature of the

Omnibus Objections and to confirm that her claim is covered by the Dex-Cool Class Action

Settlement.  (*See* Apr. 12, 2011 Ltr. from A.J. De Bartolomeo (without attachments), attached

hereto as Ex. 8.)  However, Ms. McHugh has indicated that she continues to oppose the Omnibus

Objections.  (*See* Apr. 19, 2011 Email from T. McHugh, attached hereto as Ex. 9.)

6.      Despite the aforementioned attempts to resolve the issues raised in the

Responses, the Responding Parties appear to continue to oppose the relief requested in the

Omnibus Objections.

7.      Notwithstanding the Responding Parties' opposition, the Responses

should both be disregarded because claim nos. 4810, 70028, and 70305 (collectively, the

"**Individual Dex-Cool Claims**") are duplicative of the Dex-Cool Class Action Claim filed by

counsel for the Dex-Cool Class.  The Responding Parties previously decided not to opt out of the

Dex-Cool Class and, in fact, have affirmatively submitted claims for relief in the Dex-Cool Class

Action Settlement process.  Thus, to the extent the Responding Parties have a right to any relief

---

[6]      Ms. McHugh's claim no. 70305 is subject to the 217th Omnibus Objection.  (*See* Proof of Claim No.
70305, attached hereto as Ex. 7.)

against MLC based on the Dex-Cool Class Actions, their recovery is limited to the relief

available under the Dex-Cool Class Action Settlement.  Accordingly, the GUC Trust files this

Reply in support of the Omnibus Objections and respectfully requests that the Individual Dex-

Cool Claims be disallowed and expunged because they are duplicative of the Dex-Cool Class

Action Claim.

### The Individual Dex-Cool Claims Should Be Disallowed and Expunged

8.      The Responding Parties have failed to demonstrate the validity of their

claims and, thus, the Individual Dex-Cool Claims should be disallowed and expunged.  *See, e.g.*,

*In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC),

2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (claimant has burden to demonstrate validity of claim

when objection is asserted refuting claim's essential allegations); *In re Finley, Kumble, Wagner,*

*Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In

bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

**A.**      **The Individual Dex-Cool Claims Are Duplicative of the Dex-Cool Class Action**
**Claim.**

9.      The Responding Parties are members of the Dex-Cool Class who did not

exercise their right to opt out of the settlement.  Further, the Individual Dex-Cool Claims are

plainly based on the Dex-Cool Class Action Settlement.  On October 5, 2009, Ms. Waldrop filed

her claim seeking reimbursement in the amount of $859.23 for "damage to vehicle from use of

Dex-Cool by GM."  (*See* Proof of Claim No. 4810 (Ex. 1).)  In support of her claim, Ms.

Waldrop submitted a Notice of Deficiency received in connection with her claim for

reimbursement under the Dex-Cool Class Action Settlement, certain repair receipts, and a

Complaint Form from the Office of the Attorney General, Bureau of Consumer Frauds and

Protection, filed against Garden City in connection with the payment of settlement consideration

under the Dex-Cool Class Action Settlement.  (*See id.*)  Further, on February 22, 2010, Ms.

Waldrop submitted additional documentation, including a receipt for repairs purportedly relating

to the use of Dex-Cool.  (*See* Proof of Claim No. 70028 (Ex. 2).)  Accordingly, claim nos. 4810

and 70028 seek consideration based on the Dex-Cool Class Action Settlement.

10.     Similarly, Ms. McHugh's claim is clearly based on the Dex-Cool Class

Action Settlement.  On June 1, 2010, Ms. McHugh filed her claim seeking reimbursement in the

amount of $610.93 for "services performed to repair deficient materials."  (*See* Proof of Claim

No. 70305 (Ex. 7).)  In support of her claim, Ms. McHugh attached correspondence concerning

the Dex-Cool Class Action Settlement as well as the Claim Statement she submitted in

connection with the Dex-Cool Class Action Settlement.  (*See id.*)  Thus, claim no. 70305 also

seeks consideration relating to the Dex-Cool Class Action Settlement.[7]

11.     The Dex-Cool Class Action Claim was filed on behalf of all members of

the Dex-Cool Class, including the Responding Parties, for consideration due to certain members

of the Dex-Cool Class who had not received consideration under the Dex-Cool Class Action

Settlement because of the Debtors' bankruptcy proceeding.  (*See* Dex-Cool Class Action Claim,

attached to the Omnibus Objections as Ex. C (ECF Nos. 9907 and 9908).)  On December 1,

2009, this Court entered an order (the "**Stipulated Order**"), which permitted class counsel for

the Dex-Cool Class to file, *on behalf of all members of the Dex-Cool Class*, the Dex-Cool Class

Action Claim against the Debtors.[8]  (*See* Stipulated Order, attached to the Omnibus Objections

---

[7]      Notably, Ms. McHugh's claim was submitted in violation of the Bar Date Order (ECF No. 4079), which, among other things, established November 30, 2009 as the deadline for filing proofs of claim against the Debtors (the "**Bar Date**").  Because Ms. McHugh's claim is subject to disallowance and expungement on the basis that it was filed after the Bar Date, she will only be entitled to consideration under the Dex-Cool Class Action Settlement by virtue of the Dex-Cool Class Action Claim.

[8]      Girard Gibbs had previously been appointed as counsel for the Dex-Cool Class by the Superior Court of the State of California, County of Alameda and the Circuit Court of Jackson County, Missouri at Independence.

as. Ex. D (ECF Nos. 9907 and 9908).)  Through the Stipulated Order, counsel for the Dex-Cool

Class "consents to" and "is deemed to be the claimant" for purposes of receiving notices and

distributions on behalf of the members of the Dex-Cool Class.  (*See id.*)  Accordingly, the

Individual Dex-Cool Claims are duplicative of the Dex-Cool Class Action Claim and should be

disallowed and expunged.  *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley,*

*Myerson, & Casey*, 160 B.R. at 894.

**B.     The Responding Parties Released Their Individual Claims in the Dex-Cool Class
         Action Settlement.**

12.     Moreover, to the extent the Responding Parties filed the Individual Dex-

Cool Claims to obtain consideration over and above what is due under the terms of the Dex-Cool

Class Action Settlement, their claims are without merit.  Except for "opt outs," all members of

the Dex-Cool Class, including the Responding Parties, released any and all claims relating to the

Dex-Cool Class Actions in the Dex-Cool Class Action Settlement.

13.     Recently, the Debtors and the Dex-Cool Parties reached an agreement to

resolve the Dex-Cool Class Action Claim (the "**Agreement**") and have asked this Court to

approve the Agreement such that the Dex-Cool Class Action Settlement can be implemented, as

modified.  (*See* Motion for Entry of Order Pursuant to Fed. R. Bankr. P. 9019 and Fed. R. Civ. P.

23 Approving Agreement Resolving Proof of Claim No. 51095 and Implementing Modified

Dex-Cool Class Settlement (ECF No. 9905) (the "**Dex-Cool Modification Motion**").)  As set

forth in the Dex-Cool Modification Motion, members of the Dex-Cool Class who are entitled to

relief under the terms of the Dex-Cool Class Action Settlement, as modified, will largely obtain a

general unsecured claim in the amount they would have received pre-bankruptcy under the Dex-

Cool Class Action Settlement.  Consequently, if the Agreement is approved, the Responding

Parties will obtain a *pro rata* distribution based on the Dex-Cool Class Action Claim that is

substantially similar to what they would have received under the terms of the original Dex-Cool Class Action Settlement.

14.    Because the Responding Parties are members of the Dex-Cool Class who did not exercise their right to opt out of the settlement, they previously released their individual claims under the Dex-Cool Class Action Settlement.  Accordingly, the only right to consideration the Responding Parties have is for class consideration under the Dex-Cool Class Action Settlement.  Another proof of claim has already been filed for the Dex-Cool Class, and, as such, the Individual Dex-Cool Claims are duplicative and should be disallowed and expunged.

### <u>Conclusion</u>

WHEREFORE, for the reasons set forth above and in the Omnibus Objections, the GUC Trust respectfully requests that the Court grant the relief requested in the Omnibus Objections and such other and further relief as is just.

Dated: New York, New York
April 21, 2011

/s/ Joseph H. Smolinsky
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

# EXHIBIT 1

**PROOF OF CLAIM**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| Name of Debtor (Check Only One) | Case No |
|---|---|
| ☒ Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| ☐ MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| ☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| ☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) | 09-13558 (REG) |

NOTE  This form should not be used to make a claim for an administrative expense arising after the commencement of the case  but may be used for purpose of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5)  All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

Name of Creditor (the person or other entity to whom the debtor owes money or property)  Joan M Waldrop

Name and address where notices should be sent

MRS. JOAN M. WALDROP
169 CEDARVIEW DR
Watervliet, NY 12189

Telephone number 518-783-6131
Email Address JWaldro2@NYCAP.RR.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Your Claim is Scheduled As Follows:

[Garden City Group stamp: THE GARDEN CITY GROUP INC. OCT 5 2009]

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount ) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS  If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

Name and address where payment should be sent (if different from above)

FILED - 04810
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

**1  Amount of Claim as of Date Case Filed, June 1, 2009**     $ 8.50.23
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4  If all or part of your claim is entitled to priority, complete item 5  If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim  Attach itemized statement of interest or charges

**2  Basis for Claim** Damage to Vehicle FROM USE of DEXCOOL by GM
(See instruction #2 on reverse side )

**3  Last four digits of any number by which creditor identifies debtor** _____

**3a  Debtor may have scheduled account as** _____
(See instruction #3a on reverse side )

**4  Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff  ☐ Real Estate  ☐ Motor Vehicle  ☐ Equipment  ☐ Other
Describe

Value of Property $_____  Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____  Amount Unsecured $_____

**5  Amount of Claim Entitled to Priority under 11 U S C § 507(a)**
If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6  Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7  Documents** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

| Date 9/29/09 | Signature  The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any   Joan M. Waldrop | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

DX2-DF1



JOAN M WALDROP
169 CEDARVIEW DR
WATERVLIET NY 12189-2955

Date  January 30, 2009

Response Due Date  **March 16, 2009**

Claim N0  00028344

## NOTICE OF DEFICIENCY

Dear JOAN M WALDROP

The Claim Statement you submitted in the Dex Cool Litigation Settlement was processed and found to be deficient

### Reason for Deficiency:

**Mileage.** The repair documentation submitted with your Claim Statement did not establish there were 150,000 miles or less on the vehicle at the time of the Covered Repair.

### How to Resolve Your Claim's Deficiency.

**Mileage.** Please provide documentation that establishes there were 150,000 miles or less on the vehicle at the time of the Covered Repair.  Acceptable documentation includes a repair invoice or a receipt showing mileage of the vehicle at the time of the Covered Repair; or a written statement of the vehicle's mileage at the time of the Covered Repair.

Please **sign** and print your name below

**Please return the requested documentation _and_ a copy of this letter to the following address:**
**Dex Cool Litigation, c/o The Garden City Group, Inc., PO Box 9239, Dublin, OH 43017-4639.**

Depending upon your circumstances, you may be able to cure the Deficiency Reason stated above  If your response to this Deficiency Notice does not <u>cure</u> the Deficiency Reason stated above, on or before March 16, 2009, your Claim will be deemed invalid and you will not receive a Settlement reimbursement check  No further correspondence will be sent to you regarding your Claim.

I certify that the following is true and correct to the best of my knowledge and belief

(a)  I own or lease, or previously owned or leased, a Covered Vehicle on which a Covered Repair was completed within the earlier of seven years or 150,000 miles of the Date of Initial Vehicle Delivery, and
(b)  the information I have provided on the Claim Statement previously submitted and in response to this Notice of Deficiency is true and correct

_Joan M Waldrop_
**Signature**

_JOAN M WALDROP_
**Print Name**

**You must submit your response to the Claims Administrator NO LATER THAN March 16, 2009.**

**Questions?  Please call toll-free 866-245-4291 or visit www.dexcoolsettlement.com**

*A* Vasburgh Auto
315 RD Loman
N.Y. 12110

# AUTO REPAIR ORDER

**NAME** Joan M Waldrop
**ADDRESS** 169 Cedarview Lan
**CITY, STATE** Water Vlnjy 12189

709 6194   7855555

| QUAN. | PART NO. | NAME OF PART | PRICE | | CUSTOMER'S INFORMATION | | |
|---|---|---|---|---|---|---|---|
| 1 | | Upper + lower Intake | 90 50 | | | | |
| 1 | | Thermos Gasget | 10 25 | | | | |
| | | Coolent | 10 00 | | | | |
| | | PCV Valve | 8 08 | | | | |
| | | Valve Cover Gasgets | 21 80 | | | | |

DATE 2/1/08   CUSTOMER'S ORDER NO   WHEN PROMISED   PHONE 7836131
YEAR • MAKE • MODEL 03 Chev Impalla   SERIAL NO.
LICENSE NO   ODOMETER   MOTOR NO 3.4   WRITTEN BY

☐ LUBE   ☑ OIL CHANGE   ☐ FLUSH TRANS   ☐ FLUSH DIFF   ☐ WASH   ☐ POLISH

Paid
859.23
2/5/08

Upper + lower Intake    600 00
Lot    23 55

| GAS, OIL & GREASE | | ACCESSORIES | | | |
|---|---|---|---|---|---|
| GALS GAS | | | LABOR ONLY | 600 00 |
| QTS OIL | | | PARTS | 171 63 |
| LBS GREASE | | | ACCESSORIES | |
| TOTAL GAS OIL & GREASE | | | GAS, OIL, & GREASE | 23 95 |
| ☐ RETAIN PARTS | | | MISC MERCHANDISE | |
| ☐ DESTROY PARTS | | TOTAL ACCESSORIES | SUBLET REPAIRS | |
| AUTHORIZED BY | | | TOTAL | 795 58 |
| | | | TAX | 63 65 |
| | | | TOTAL | 859 23 |

TOTAL PARTS
MECHANICS RECOMMENDATIONS

ESTIMATE AMOUNT • PARTS & LABOR ▶

I HEREBY AUTHORIZE THE ABOVE REPAIR WORK TO BE DONE ALONG WITH THE NECESSARY MATERIAL, AND HEREBY GRANT YOU AND/OR YOUR EMPLOYEES PERMISSION TO OPERATE THE CAR, TRUCK OR VEHICLE HEREIN DESCRIBED ON STREETS, HIGHWAYS OR ELSEWHERE FOR THE PURPOSE OF TESTING AND/OR INSPECTION  AN EXPRESS MECHANIC'S LIEN IS HEREBY ACKNOWLEDGED ON ABOVE CAR, TRUCK OR VEHICLE TO SECURE THE AMOUNT OF REPAIRS THERETO

YOU ARE ENTITLED TO A PRICE ESTIMATE FOR THE REPAIRS YOU HAVE AUTHORIZED.  THE REPAIR PRICE MAY BE LESS THAN THE ESTIMATE, BUT WILL NOT EXCEED THE ESTIMATE WITHOUT YOUR PERMISSION.  YOUR SIGNATURE WILL INDICATE YOUR ESTIMATE SELECTION

TEARDOWN ESTIMATE  I UNDERSTAND THAT MY CAR WILL BE REASSEMBLED WITHIN _____ OF THE DATE SHOWN IF I CHOOSE NOT TO AUTHORIZE THE SERVICES RECOMMENDED _____ DAYS

1 I request an estimate in writing before you begin repairs

2 Please proceed with repairs but call me before continuing if the price will exceed $

3 I do not want an estimate

adams GT3870

**AUTO REPAIR ORDER**



# ANDY VOSBURGH

315 TROY - SCHENECTADY RD    LATHAM, NY 12110
(518) 785-5555

I Andy Vosburgh owner OF
Andy. Vosburgh AUTO Repair
STATE THAT The miliage was APP
ABOUT 77,000 Miles of Time of Repair


ThANk you
Andy Vosburgh



ATTORNEY GENERAL ANDREW M CUOMO
STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL
BUREAU OF CONSUMER FRAUDS AND PROTECTION
120 Broadway, 3rd Floor
New York, NY 10271-0332
Tel (212) 416-8345    Fax (212) 416-8787

# COMPLAINT FORM

Consumer Hotline    For Hearing Impaired
1 (800) 771-7755    TDD (800) 788-9898
http //www oag state ny us

1  PLEASE BE SURE TO COMPLAIN TO THE COMPANY OR INDIVIDUAL **BEFORE** FILING
2  PLEASE **TYPE** OR PRINT CLEARLY IN DARK INK.
3  YOU MUST COMPLETE THE **ENTIRE** FORM  INCOMPLETE OR UNCLEAR FORMS WILL BE RETURNED TO YOU
4  MAKE SURE YOU ENCLOSE **COPIES** OF IMPORTANT PAPERS CONCERNING YOUR TRANSACTION.

## CONSUMER

| YOUR NAME<br>joan m waldrop | HOME TELEPHONE NUMBER<br>518-783-6131 |
|---|---|
| STREET ADDRESS<br>169 cedarview drive | BUSINESS TELEPHONE NUMBER |

| CITY/TOWN<br>watervliet | COUNTY<br>albany | STATE<br>ny | ZIP<br>12189 |
|---|---|---|---|

## COMPLAINT

| NAME OF SELLER OR PROVIDER OF SERVICES<br>The Garden City Group | NAME OF OTHER SELLER OR PROVIDER OF SERVICES<br>re Dex Cool Litigation |
|---|---|
| STREET ADDRESS<br>PO box 9239 | STREET ADDRESS |

| CITY/TOWN<br>Dublin, Ohio 43017-4639 | STATE | ZIP | CITY/TOWN | STATE | ZIP |
|---|---|---|---|---|---|

| TELEPHONE NUMBER<br>1(866)245-4291 | TELEPHONE NUMBER |
|---|---|

| DATE OF TRANSACTION | COST OF PRODUCT OR SERVICE<br>$ | HOW PAID (Check those which apply)<br>☐ Cash  ☐ Check  ☐ Credit Card  ☐ Other _____ |
|---|---|---|

| DID YOU SIGN A CONTRACT?<br>☐ Yes  ☐ No | WHERE DID YOU SIGN THE CONTRACT? | DATE SIGNED |
|---|---|---|

| WAS PRODUCT OR SERVICE ADVERTISED?<br>☐ Yes  ☐ No | WHERE WAS IT ADVERTISED? | DATE ADVERTISED |
|---|---|---|

TYPE OF COMPLAINT (e g  car, mail order, etc  Use the reverse side of this form to provide details)
class action suit

| DATE YOU COMPLAINED TO THE COMPANY OR INDIVIDUAL<br>October 2008    ☑ By Mail  ☐ By Telephone  ☐ In Person | PERSON CONTACTED<br>claims administrator | JOB TITLE |
|---|---|---|

| NATURE OF RESPONSE<br>class action suit was settled by court action in January | DATE OF RESPONSE |
|---|---|

HAS MATTER BEEN SUBMITTED TO ANOTHER AGENCY OR ATTORNEY?  (If "Yes," give name and address)
☐ Yes  ☑ No

IS COURT ACTION PENDING?    (Please describe as necessary)
☐ Yes  ☑ No

## ADDITIONAL INFORMATION

| MANUFACTURER OF PRODUCT<br>Dex Cool for General Motors Vehicles | PRODUCT MODEL OR SERIAL NUMBER |
|---|---|
| ADDRESS | WARRANTY EXPIRATION DATE |

DID BUSINESS ARRANGE FINANCING? (If "Yes," give name and address of bank or finance company)
☐ Yes  ☐ No _____

**PLEASE DESCRIBE COMPLAINT ON REVERSE SIDE**

CNS 001NY (1/07)

BRIEFLY DESCRIBE YOUR COMPLAINT

I participated in the class action suit and was to be included in the settlement. In January they notified me that some information was missing from my submission and that I had until March 16, 2009 to submit it. I submitted it in January and have a return receipt notification that they received it in January 2009. I have spoken with the company several times and communicated by email with them. I have not received my funds which were promised and the company spokesman keeps telling me they are busy processing claims. In March, he told me they would be completed by the end of April. At the end of April, he told me they would be completed by the end of May. It is now the end of May, 2009 and I have yet to see the funds.

My car was damaged by this coolant as were many others. It cost me $800 to repair the damage. I am due at least $400 from the litigation.

I do not trust these people administering this litigation. The lawyers are making a fortune from this and those of us damaged by this company are "cooling" our heals waiting for our just settlement. Someone is making a great deal of money from the interest income. (However, if the economy was better, they would be making even more. Maybe that's why it's taking so long. Takes longer to make money these days.)

I am just a senior citizen trying hard to live by the rules and survive in this economy. The settlement would be mighty helpful to me as the $800 repair bill really hurt.

Is there any way you can find out if this company is legitimate. Are they "doing the best they can" or not?

WHAT FORM OF RELIEF ARE YOU SEEKING? (e.g., exchange, repair or money back, etc.) ___settlement funds___

WHO REFERRED YOU TO THIS OFFICE? ___my own knowledge of state government___

## READ THE FOLLOWING BEFORE SIGNING BELOW

**PLEASE ATTACH TO THIS FORM PHOTOCOPIES** of any papers involved (contracts, warranties, bills received, canceled checks, correspondence, etc.) **DO NOT SEND ORIGINALS.**

**NOTE: In order to resolve your complaint, we may send a copy of this form to the person or firm about whom you are complaining.**

In filing this complaint, I understand that the Attorney General is not my private attorney, but represents the public in enforcing laws designed to protect the public from misleading or unlawful business practices. I also understand that if I have any questions concerning my legal rights or responsibilities, I should contact a private attorney. I have no objection to the contents of this complaint being forwarded to the business or person the complaint is directed against. The above complaint is true and accurate to the best of my knowledge.

I also understand that any false statements made in this complaint are punishable as a Class A Misdemeanor under Section 175.30 and/or Section 210.45 of the Penal Law.

Signature _____    Date ___5.25.2009___

### HAVE YOU ENCLOSED COPIES OF IMPORTANT PAPERS?

Return to.    Office of the Attorney General
Bureau of Consumer Frauds and Protection
120 Broadway, 3rd Floor
New York, NY 10271-0332

# EXHIBIT 2

7015472

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor** (Check Only One)    **Case No**
☒ Motors Liquidation Company (f/k/a General Motors Corporation)    09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC)    09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation)    09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc )    09-13558 (REG)

*Your Claim is Scheduled As Follows.*

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property) JOAN WALDROP



Name and address where notices should be sent
JOAN WALDROP

169 CEDARVIEW LANE
WATERVLIET NY 12189

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number:_____
*(if known)*

Filed on _____

Telephone number 518-783-6131
Email Address JWALDRO2@NYCAP.RR.COM

Name and address where payment should be sent (if different from above)
FILED - 70028
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount). If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1 Amount of Claim as of Date Case Filed, June 1, 2009.** $ 859.23

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** Damage to 2003 Chevy Impala due to defrost placed in vehicle, by GM
(See instruction #2 on reverse side.)

**3 Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as** _____
    (See instruction #3a on reverse side )

**4. Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff. ☐ Real Estate    ☐ Motor Vehicle    ☐ Equipment    ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____

Basis for perfection _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (*See instruction 7 and definition of "redacted" on reverse side*)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment.

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim.

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(___)
Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 2/7/10

**Signature.** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any

*Joan M Waldrop*

| | FOR COURT USE ONLY |
|---|---|

*Penalty for presenting fraudulent claim* Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

Modified B10 (GCG) (12/08)

7581046293

DX2-DF1





IOAN M WALDROP
169 CEDARVIEW DR
WATERVLIET NY 12189-2955

Date  January 30, 2009

Response Due Date  March 16, 2009

Claim NO  0002834-4

## NOTICE OF DEFICIENCY

Dear IOAN M WALDROP

The Claim Statement you submitted in the Dex Cool Litigation Settlement was processed and found to be deficient.

### Reason for Deficiency.
**Mileage.** The repair documentation submitted with your Claim Statement did not establish there were 150,000 miles or less on the vehicle at the time of the Covered Repair.

### How to Resolve Your Claim's Deficiency.
**Mileage.** Please provide documentation that establishes there were 150,000 miles or less on the vehicle at the time of the Covered Repair. Acceptable documentation includes a repair invoice or a receipt showing mileage of the vehicle at the time of the Covered Repair; or a written statement of the vehicle's mileage at the time of the Covered Repair.

Please sign and print your name below

**Please return the requested documentation <u>and</u> a copy of this letter to the following address:**
**Dex Cool Litigation, c/o The Garden City Group, Inc., PO Box 9239, Dublin, OH 43017-4639.**

Depending upon your circumstances, you may be able to cure the Deficiency Reason stated above  If your response to this Deficiency Notice does not **cure** the Deficiency Reason stated above, on or before March 16, 2009, your Claim will be deemed invalid and you will not receive a Settlement reimbursement check  No further correspondence will be sent to you regarding your Claim

I certify that the following is true and correct to the best of my knowledge and belief

(a) I own or lease, or previously owned or leased  a Covered Vehicle on which a Covered Repair was completed within the earlier of seven years or 150,000 miles of the Date of Initial Vehicle Delivery, and
(b) the information I have provided on the Claim Statement previously submitted and in response to this Notice of Deficiency is true and correct

Signature: _Joan M Weldrop_

Print Name: _JOAN M WALDROP_

**You must submit your response to the Claims Administrator NO LATER THAN March 16, 2009.**

**Questions?  Please call toll-free 866-245-4291 or visit <u>www.dexcoolsettlement.com</u>**

**AUTO REPAIR ORDER**

NAME JOAN M WALDROP
ADDRESS 169 Cedarview Lan
CITY STATE Water VLiet NY 12189

709 6194    7855555

| QUAN. | PART NO. | NAME OF PART | PRICE |
|---|---|---|---|
| 1 | | upper + lower intake | 90 50 |
| 1 | | Thermos gasket | 10 25 |
| | | Coolant | 40 00 |
| | | PCV Valve | 8 08 |
| | | Valve cover gaskets | 21 80 |

**CUSTOMER'S INFORMATION**

DATE 2/4/08    CUSTOMER'S ORDER NO    WHEN PROMISED    PHONE 7836131
YEAR • MAKE • MODEL 05 Chev Impala    SERIAL NO. 3.4
LICENSE NO    ODOMETER    WRITTEN BY

☐ LUBE  ☐ OIL CHANGE  ☐ FLUSH TRANS  ☐ FLUSH DIFF  ☐ WASH  ☐ POLISH

upper + lower intake    600 00
LOF    23 95

Paid
859.23
2/5/08

| | GAS, OIL & GREASE | ACCESSORIES | LABOR ONLY | 600 00 |
|---|---|---|---|---|
| TOTAL PARTS | GALS GAS | | PARTS | 171 63 |
| | QTS OIL | | ACCESSORIES | |
| | LBS GREASE | | GAS OIL & GREASE | 23 95 |
| **MECHANICS RECOMMENDATIONS** | TOTAL GAS OIL & GREASE | | MISC MERCHANDISE | |
| | | | SUBLET REPAIRS | |
| | ☐ RETAIN PARTS | | TOTAL | 795 58 |
| | ☐ DESTROY PARTS | TOTAL ACCESSORIES | TAX | 63 65 |
| ESTIMATE AMOUNT • PARTS & LABOR ▶ | AUTHORIZED BY | | **TOTAL** | 859 23 |

I HEREBY AUTHORIZE THE ABOVE REPAIR WORK TO BE DONE ALONG WITH THE NECESSARY MATERIAL, AND HEREBY GRANT YOU AND OR YOUR EMPLOYEES PERMISSION TO OPERATE THE CAR, TRUCK OR VEHICLE HEREIN DESCRIBED ON STREETS, HIGHWAYS OR ELSEWHERE FOR THE PURPOSE OF TESTING AND/OR INSPECTION. AN EXPRESS MECHANICS LIEN IS HEREBY ACKNOWLEDGED ON ABOVE CAR, TRUCK OR VEHICLE TO SECURE THE AMOUNT OF REPAIRS THERETO.

YOU ARE ENTITLED TO A PRICE ESTIMATE FOR THE REPAIRS YOU HAVE AUTHORIZED. THE REPAIR PRICE MAY BE LESS THAN THE ESTIMATE BUT WILL NOT EXCEED THE ESTIMATE WITHOUT YOUR PERMISSION. YOUR SIGNATURE WILL INDICATE YOUR ESTIMATE SELECTION.

☐ TEARDOWN ESTIMATE. I UNDERSTAND THAT MY CAR WILL BE REASSEMBLED WITHIN _____ DAYS OF THE DATE SHOWN IF I CHOOSE NOT TO AUTHORIZE THE SERVICES RECOMMENDED.

**AUTO REPAIR ORDER**



# ANDY VOSBURGH

315 TROY - SCHENECTADY RD    LATHAM, NY 12110
(518) 785-5555

I Andy Vosburgh owner of
Andy Vosburgh Auto Repair
State That The millage was Apr
About 77,000 Miles of Time of Repair

Thank you
Andy Vosburgh

# EXHIBIT 3

March 29, 2011

Motors Liquidation Company

Garden City Group

PO Box 9386

Dublin, Ohio 43017



Attention· MLC Representatives

Yesterday, March 28, 2011, I received two large documents from the law firm of Weil, Gotshal & Manges, LLP 767 Fifth Avenue, NY, NY 10153 who are listed as Attorneys for Debtors and Debtors in Possession with United States Bankruptcy Court, Southern District of New York In re Motors Liquidation Company, et al, f/k/a General Motors Corp., et al. Debtors.

**In these documents I am listed as a person whose claim is to be expunged from payment due to duplicate filing of claim.**

**Be it known from this day forward, I have only filed one claim for payment in amount of $859.23 with original claim # of 6334 at the Garden City Group.**

After filing the claim, the lawyers from the Garden City Group, who were processing the claims, sent me a notice that the claim I had filed lacked information required. It required that my mechanic list on bill for repairs, the mileage at the time of repairs. He submitted that information on letterhead from the mechanics company. That is the only information I supplied to anyone after the initial claim.

It is my understanding that the lawyer for Garden City Group then filed a new claim with the information which was to be added to my original claim. That lawyer filed a duplicate Garden City Group claim #28344  That lawyer did not represent me, was not hired by me, was not asked by me to file a new claim. **I have never had a lawyer involved in this laborious exercise with whom I have contracted or paid to represent me.**

**This error was committed by Garden City Group and needs to be rectified with the Court by them.**

Respectfully,

*Joan M Waldrop*

Joan M. Waldrop 169 Cedarview Drive, Watervliet, NY 12189  Phone 518-783-6131
jwaldro2@nycap.rr com

CC: WEIL, GOTSHAL, MANGES, LLP

# EXHIBIT 4

200 Crescent Court, Suite 300
Dallas, TX 75201-6950
+1 214 746 7700 tel
+1 214 746 7777 fax

**Weil, Gotshal & Manges LLP**

Sarah Decker
214-746-8141
sarah.decker@weil.com

Via Email and Federal Express

April 15, 2011

Joan M. Waldrop
169 Cedarview Drive
Watervliet, New York 12189

Ms. Waldrop:

I am an attorney for Motors Liquidation Company GUC Trust, successor to Motors Liquidation Company (f/k/a General Motors Corporation), and its affiliated debtors (collectively, the "Debtors"). I received a copy of your letter to Garden City Group dated March 29, 2011, regarding the Debtors' 217th and 218th Omnibus Objections to Claims (Duplicate Claims Filed by Individual Members of the Dex-Cool Class) (collectively, the "Objections") and your claim nos. 6334 and 28344, which are subject to the Objections.

I have tried to reach you to provide a further explanation of the Debtors' Objections as I believe that I may be able to resolve the concerns expressed in your letter. I would greatly appreciate it if you would call me at (214) 746-8141 so that we can discuss your letter and the Debtors' Objections.

Sincerely,

Sarah Decker

cc:  Angela C. Zambrano, Esq.
     A.J. De Bartolomeo, Esq.

# EXHIBIT 5

| From: | jwaldro2@nycap.rr.com |
|---|---|
| Sent: | Friday, April 15, 2011 7:26 PM |
| To: | Decker, Sarah |
| Subject: | Re: In re Motors Liquidation Co. (f/k/a General Motors Corp.) |

thank you but I feel my questions have been answered by Gerard Gibbs Attys---- "Decker wrote:
> Ms. Waldrop,
>
> Please see the attached letter regarding the Debtors' 217th and 218th Omnibus Objections to Claims.
>
> Sincerely,
> Sarah M. Decker
>
> [cid:image001.jpg@01CBFB59.F72BE020]
>
> Sarah Moore Decker
>
> Weil, Gotshal & Manges LLP
> 200 Crescent Court, Suite 300
> Dallas, TX 75201-6950
> sarah.decker@weil.com<mailto:sarah.decker@weil.com>
> +1 214 746 8141 Direct
> +1 214 746 7700 Office
> +1 214 746 7777 Fax
>
>
> _____
> The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you.

# EXHIBIT 6

# GIRARD GIBBS LLP

Attorneys at Law

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1721
Fax: 212.867.1767

April 19, 2011

**VIA FEDERAL EXPRESS**

Joan M. Waldrop
169 Cedarview Drive
Watervliet, New York 12189

Re:    *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.*
Chapter 11 Case No. 09-50026 (REG) (Bankr. S.D.N.Y.)
DEX Claim No. 00028344; GM-BK POC No. 4810 and 70028

Dear Ms. Waldrop:

This letter follows up my telephone message for you of today. As I mentioned in the voicemail, I was one of the attorneys for the consumer class in the DEX-Cool case, and I am still acting for the class members in the bankruptcy proceeding. As you have discussed with my office recently, your bankruptcy proof of claim is duplicative of the class proof of claim that was filed on behalf of the DEX-Cool claimants who submitted valid claims in the DEX-Cool class action and have not yet been paid (like you).

On April 26, 2011, we will appear before the bankruptcy Judge to ask him to approve the DEX-Cool settlement in the bankruptcy court so that the claimants who submitted valid claims in the DEX-Cool class action and have not yet been paid (like you) will be able to receive settlement payments in the bankruptcy court.

Your DEX-Cool Class Settlement Claim. You submitted your DEX-Cool class action settlement claim timely and with supporting documentation. Because the Settlement terms required that the claimant identify the mileage for the vehicle, on January 30, 2009, the Claims Administrator sent you a deficiency letter and requested that you provide documentation to establish that there were 150,000 miles or less on the vehicle at the time of the repair. You responded to the deficiency notice and confirmed the mileage on the vehicle.

Your Bankruptcy Proof of Claim (Individual). You also filed an individual Proof of Claim in the Bankruptcy Court.

DEX-Cool Class Proof of Claim. As I mentioned in my voicemail, Plaintiffs' Class Counsel filed a Class Proof of Claim on behalf of all DEX-Cool class members who had submitted valid claims under the Settlement but had not yet been paid in accordance with the Settlement terms when General

To:      Joan M. Waldrop
Re:      *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.*
April 19, 2011
Page 2

Motors filed for bankruptcy protection in June 2009.  The Class POC does not reflect any of the names of the underlying class members.  I enclose a copy of the DEX-Cool Class POC herewith for your files.  We have reviewed the database of claims provided to us by the Claims Administrator and your claim for repairs to your 2003 Chevrolet Impala in year five of ownership in the amount of $859.23 is included in the Class Proof of Claim we filed.

GM filed papers asking the Bankruptcy Court to "expunge" your individual proof of claim filed in the Bankruptcy Court because your claim under the DEX-Cool settlement is already included in the Class Proof of Claim.  As such, your individual POC is duplicative of the DEX-Cool Class POC.

Since your DEX-Cool claim is included within the Class POC that is now before the Bankruptcy Court for approval as an "allowed" claim, we ask that you please withdraw your objection to the motion to expunge your individual POC.  In accordance with that effort, please find enclosed a form for your signature that will serve to withdraw your response to the Debtors' 218th Omnibus Objection to Claims (Duplicate Claims Filed by Individual Members of the Dex-Cool Class) (the "Objection").  By signing the enclosed form, you will tell the Bankruptcy Court that you no longer disagree with GM's Objection with respect to your Bankruptcy proof of claim.  Your legal rights are still protected because your claim is included in the Class Proof of Claim.

If you have any questions about this correspondence, or wish to discuss this further, please do not hesitate to contact me at our toll-free number, 866-981-4800.

Please sign and return the enclosed form to the GM counsel listed on the label using the enclosed prepaid FedEx envelope by Thursday, **April 21, 2011.**  We are enclosing a list of FedEx offices in your area.  Please do not hesitate to contact me at our toll-free number 866-981-4800, or GM's counsel, Sarah Decker at (214) 746-7700 if you have any questions.

Very truly yours,

GIRARD GIBBS LLP

A. J. De Bartolomeo

# EXHIBIT 7

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**

☑ Motors Liquidation Company (f/k/a General Motors Corporation) — 09-50026 (REG)
☐ MLCS, LLC (f/k/a Saturn, LLC) — 09-50027 (REG)
☐ MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) — 09-50028 (REG)
☐ MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc ) — 09-13558 (REG)

**Case No**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purpose of asserting a claim under 11 U S C § 503(b)(9) (see item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Your Claim is Scheduled As Follows:**

THE GARDEN CITY GROUP, INC.
JUN - 1 2010

Name of Creditor (the person or other entity to whom the debtor owes money or property) *THERESA M. MCHUGH*

Name and address where notices should be sent

*THERESA M. MCHUGH*
*215 LATHROP ROAD*
*SYRACUSE, N.Y 13219*   (315)
Telephone number *W (315) 498-7210 # 468-2951*
Email Address *MCHUGHT at SUNYOCC.edu*

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number _____
(If known)

Filed on _____

Name and address where payment should be sent (if different from above)

FILED - 70305
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)
Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form. EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED, UNLIQUIDATED, or CONTINGENT a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**1 Amount of Claim as of Date Case Filed, June 1, 2009**   $ *610.93*

If all or part of your claim is secured, complete item 4 below however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

**2 Basis for Claim** *SERVICES PERFORMED TO REPAIR DIFFICIENT MATERIALS*
(See instruction #2 on reverse side )

**3 Last four digits of any number by which creditor identifies debtor** _____

3a Debtor may have scheduled account as* _____
(See instruction #3a on reverse side )

**4 Secured Claim** (See instruction #4 on reverse side )
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff    ☐ Real Estate   ☐ Motor Vehicle   ☐ Equipment   ☐ Other
Describe

Value of Property $_____   Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____    Amount Unsecured $_____

**5 Amount of Claim Entitled to Priority under 11 U S C § 507(a)**

If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal family or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9), § 507(a)(2)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**6 Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7 Documents** Attach redacted copies of any documents that support the claim such as promissory notes purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of "redacted" on reverse side )

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

**FOR COURT USE ONLY**

Date *5/29/10*

Signature The person filing this claim must sign it Sign and print name and title, if any of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney if any

*Theresa M McHugh*

Penalty for presenting fraudulent claim Fine of up to $500 000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtors and their court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.

### A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: IF BY MAIL: THE GARDEN CITY GROUP, INC., ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, PO BOX 9386, DUBLIN, OH 43017-4286. IF BY HAND OR OVERNIGHT COURIER: THE GARDEN CITY GROUP, INC. ATTN: MOTORS LIQUIDATION COMPANY CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. PROOFS OF CLAIM MAY ALSO BE HAND DELIVERED TO THE UNITED STATES BANKRUPTCY COURT, SDNY, ONE BOWLING GREEN, ROOM 534, NEW YORK, NEW YORK 10004. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

### THE GENERAL AND GOVERNMENTAL BAR DATE IS NOVEMBER 30, 2009 AT 5:00 P.M. (PREVAILING EASTERN TIME).

**Court, Name of Debtor, and Case Number**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York on June 1, 2009. You should select the debtor against which you are asserting your claim.
A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**1  Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2  Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, see the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3  Last Four Digits of Any Number by Which Creditor Identifies Debtor**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor, if any.

**3a  Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4  Secured Claim**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5  Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories the law limits the amount entitled to priority.

For claims pursuant to 11 U.S.C. § 503(b)(9), indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before June 1, 2009, the date of commencement of these cases (See DEFINITIONS, below). Attach documentation supporting such claim.

**6  Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**7  Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.
The Debtors in these Chapter 11 cases are

| | |
|---|---|
| Motors Liquidation Company (f/k/a General Motors Corporation) | 09-50026 (REG) |
| MLCS, LLC (f/k/a Saturn, LLC) | 09-50027 (REG) |
| MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation) | 09-50028 (REG) |
| MLC of Harlem, Inc (f/k/a Chevrolet-Saturn of Harlem, Inc) | 09-13558 (REG) |

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be

paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim for the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's

tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

### INFORMATION

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement or other document showing that the lien has been filed or recorded

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing from The Garden City Group, Inc., please provide a self-addressed, stamped envelope and a copy of this proof of claim when you submit the original claim to The Garden City Group, Inc.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and any applicable orders of the bankruptcy court.

**Additional Information**
If you have any questions with respect to this claim form, please contact Alix Partners at 1 (800) 414-9607 or by e-mail at claims@motorsliquidation.com

Theresa M McHugh
215 Lathrop Road
Syracuse, NY 13219
Home: (315) 468-2951
Work   (315) 498-7210

May 25, 2010

The Garden City Group, Inc.
Attn:  Motors Liquidation Company Claims Processing
P O Box 9386
Dublin, OH 43017-4286

RE   2002 Buick LeSabre

I was not notified that I had to submit another Proof of Claim in the General Motors
bankruptcy proceeding as of November 30, 2009 as the entire claims process changed
and became subject to the bankruptcy proceeding

I previously submitted a Proof of Claim to Dex Cool Liquidation c/o your group *twice*:
once 6/1/08 and again 4/27/09 with a cover letter   Please see all attached.

Having received no further correspondence since 4/27/09, I checked the DEX Cool
Liquidation web site information and found I was not listed as one of the creditors.

I am asking you to add me as a late addition to the proceedings   Please find enclosed all
Proof of Claims with receipts sent on above dates.

Thank you

Sincerely,

Theresa M  McHugh

Enclosures

215 Lathrop Road
Syracuse, New York 13219
H  (315) 468-2951
W  (315) 498-7210

April 28, 2009

Dex Cool Litigation
C/o The Garden City Group, Inc
P.O  Box 9239
Dublin, OH  43017-4639

Re  2002 Buick LeSabre

Please find enclosed original claim form and new claim form filled out
In addition, find enclosed the Notice of Deficiency

I am seeking damage resolution only to the circled item on the invoice

**Upper and Lower Intake Leaking**
**Replaced Plastic Upper Intake and Lower Gaskets**
**Refilled with Coolant**
**Changed Oil and Filter**
**Pressure Tested System**

**Labor:  $301.00**
**Parts:  $309.93**

**Total:  $610.93**

The repair was part of a larger repair invoice and included on that invoice

I hope this clears up the deficiency

Thank you

Sincerely,


Theresa M  McHugh



DX2-MUL

Dex Cool Litigation
c/o The Garden City Group, Inc
P O Box 9239
Dublin, OH 43017-4639

Date April 22, 2009
Response Due Date **May 13, 2009**

## NOTICE OF DEFICIENCY

Dear Claimant

The Claim Statement you submitted in the Dex Cool Litigation Settlement was processed and found to be deficient

### Reason for Deficiency

**Multiple repair expenditure documents** You indicated more than one repair expenditure but did not submit a separate set of documents (Claim Statement form, proof of repair payment, and proof of ownership or lease) for each reimbursement Claim

### How to Resolve Your Claim's Deficiency

**Multiple repair expenditure documents.** For each eligible repair expenditure for which you were intending to file a reimbursement Claim, please provide a separate Claim Statement form and proof of repair payment You are only required to submit one proof of ownership or lease per Covered Vehicle A Claim Statement form is enclosed with this Notice If you need more forms, you can photocopy this one

Please sign and print your name below.

**Please return the requested documentation <u>and</u> a copy of this letter to the following address**
**Dex Cool Litigation, c/o The Garden City Group, Inc., PO Box 9239, Dublin, OH 43017-4639**

Depending upon your circumstances, you may be able to cure the Deficiency Reason stated above  If your response to this Deficiency Notice does not <u>cure</u> the Deficiency Reason stated above, on or before May 13, 2009, your Claim will be deemed invalid and you will <u>not</u> receive a Settlement reimbursement check  No further correspondence will be sent to you regarding your Claim

I certify that the following is true and correct to the best of my knowledge and belief

    (a)  I own or lease, or previously owned or leased, a Covered Vehicle on which a Covered Repair was completed within the earlier of seven years or 150,000 miles of the Date of Initial Vehicle Delivery, and

    (b)  the information I have provided on the Claim Statement previously submitted and in response to this Notice of Deficiency is true and correct

_Theresa M. McHugh_
Signature

_THERESA M. McHUGH_
Print Name

**You must submit your response to the Claims Administrator NO LATER THAN MAY 13, 2009.**

Questions?  Please call toll-free 866-245-4291 or visit www.dexcoolsettlement.com



**MUST BE
RETURNED NO
LATER THAN
MAY 13, 2009**

**Dex Cool Litigation
c/o The Garden City Group, Inc.
P.O. Box 9239
Dublin, OH  43017-4639
Toll-Free:  1 (866) 245-4291**

Claim Number                    Control Number

THERESA MCHUGH
215 LATHROP ROAD
SYRACUSE, NY  13219

| REQUIRED ADDRESS INFORMATION OR CORRECTIONS |
|---|
| If the pre-printed address to the left is incorrect or out of date, OR if there is no preprinted data to the left, YOU MUST provide your current name and address here |
| Name |
| Address |
| City/State/Zip |

*Sadowski v. General Motors Corp.,* Case No. HG03093843
**(Superior Court of the State of California for the County of Alameda)**

<u>CLAIM STATEMENT</u>

To make a claim in the class action settlement in the above case, please complete and return this form, no later than May 13, 2009, to:

**Dex Cool Litigation
c/o The Garden City Group, Inc.
P.O. Box 9239
Dublin, OH  43017-4639**

| A. | PERSONAL INFORMATION |
|---|---|

Telephone number.  *(315) 468 - 2951*

| B. | INFORMATION ABOUT VEHICLE FOR WHICH YOU ARE MAKING THIS CLAIM |
|---|---|

*Please note that your claim must be based on one of the vehicles listed below. If you own one of the models listed below but with a different engine size than what is listed, or if the vehicle was manufactured using a lower intake manifold gasket other than a nylon/silicone gasket, then you are not covered by the settlement and are not eligible to file a claim.*

1

**C.    INFORMATION ABOUT REPAIR FOR WHICH YOU ARE MAKING THIS CLAIM**

Please check **ONE** box only. The repair must have been performed within seven years or 150,000 miles (whichever is earlier) after the date the original owner or lessee took delivery of the vehicle.

(a)    ☐    My claim is based on a Group A vehicle and a Group A repair, meaning replacement of a failed lower intake manifold gasket.

(b)    ☒    My claim is based on a Group B vehicle and a Group B repair, meaning an engine sealability repair, including but not limited to replacement of a throttle body gasket, upper intake manifold gasket, lower intake manifold gasket, or intake manifold

(c)    ☐    My claim is based on a Group C vehicle and a Group C repair, meaning a repair necessitated by formation of sludge in the cooling system, such as a cooling-system flush, heater core repair, water pump repair, or radiator cap replacement.

**D.    REQUESTED REIMBURSEMENT**

Please check **ONE** box only and supply the requested dollar figure.

(a)    ☒    The repair was performed within five years after the original owner or lessee took delivery of the vehicle. After any rebates or reimbursements, I incurred a cost of $ _610.93_ for the repair.

(b)    ☐    The repair was performed within five years after the original owner or lessee took delivery of the vehicle. The repair included a procedure necessary to remedy a diagnosed internal engine coolant leak   I paid over $1,500 for the repair. After any rebates or reimbursements, I incurred a cost of $_____ for the repair.

(c)    ☐    The repair was performed in the sixth year after the original owner or lessee took delivery of the vehicle. After any rebates or reimbursements, I incurred a cost of $_____ for the repair.

(d)    ☐    The repair was performed in the seventh year after the original owner or lessee took delivery of the vehicle. After any rebates or reimbursements, I incurred a cost of $_____ for the repair

**E.    REQUIRED DOCUMENTATION**

**You must attach or enclose both of the following two types of documentation. Provide copies only. Do not submit original documents.**

(a)    **Proof of ownership or lease at the time of repair.** For this requirement, you must provide documentation that you owned or leased the vehicle identified above at the time the indicated repair was performed. Acceptable documentation includes a copy of a vehicle registration card, proof of insurance coverage, title certificate, bill of sale, or lease agreement.

(b)    **Proof of repair expenditure.** For this requirement, you must provide documentation that the repair was performed and that you paid the repair cost you specified above. Acceptable documentation includes a repair invoice or a receipt showing payment for the repair. If a repair invoice or repair receipt is not available, you may submit (i) a written statement from the person or business who made the repair stating that the repair invoice or other contemporaneous documentation of the repair is unavailable and that the repair qualified as the type of repair you indicated above (i.e., Group A, Group B, or Group C repair); and (ii) proof that you paid the amount you specified above, such as a credit card statement or cancelled check. If you are unable to provide any of the above documentation, you may submit the best available written statement or other documentation that you believe demonstrates proof of the repair expenditure. In that case, the Claims Administrator and the parties will review all claims with such documentation and jointly decide whether to approve your claim.

**F.    CERTIFICATION**

**(Please read, sign, and date the following statement.)**

I certify that all statements I have made on this form are true and correct to the best of my knowledge and belief.

_Theresa M. McHugh_                    _04,27,09_
Signature                                          Date

**B.** **INFORMATION ABOUT VEHICLE FOR WHICH YOU ARE MAKING THIS CLAIM**

### GROUP A VEHICLES

Model years 1995-2003

Equipped with 3.1-liter or 3.4-liter V6 engine and manufactured before April 10, 2003

| | |
|---|---|
| Buick | Century, Rendezvous, Regal, Skylark |
| Chevrolet | Impala, Lumina, Malibu, Monte Carlo, Venture, Corsica, Beretta, Lumina APV |
| Oldsmobile | Alero, Cutlass (Supreme and Ciera), Silhouette |
| Pontiac | Aztek, Grand Am, Grand Prix, Montana, Trans Sport |

### GROUP B VEHICLES

Model years 1995-2004

Equipped with 3.8-liter V6 engine (internal GM engine designation RPO L36)

| | |
|---|---|
| Buick | LeSabre, Park Avenue, Regal, Riviera |
| Chevrolet | Camaro, Impala, Lumina, Monte Carlo |
| Oldsmobile | Eighty-Eight, Intrigue, LSS, Ninety-Eight |
| Pontiac | Bonneville, Firebird, Grand Prix |

### GROUP C VEHICLES

Model years 1995-2000

Equipped with 4 3-liter V6 engine

| | |
|---|---|
| Chevrolet | Blazer, Chevrolet S-10 |
| GMC | Envoy, Jimmy, S-15 |
| Oldsmobile | Bravada |

Year/make/model of your vehicle: _2002 BUICK LE SABRE_

Vehicle identification number: _1G4 HP 54K 724104581_

I (circle one) OWNED / LEASED this vehicle

from _12/03_ (month/year)

to _5/09_ (month/year) _STILL OWN VEHICLE_

2



| MUST BE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN OCTOBER 27, 2008 |
|---|

**Dex Cool Litigation**
c/o The Garden City Group, Inc.
P.O. Box 9239
Dublin, OH 43017-4639
Toll-Free: 1 (866) 245-4291

DX2

Claim Number 7030906

Control Number 7652662368

THERESA MCHUGH
215 LATHROP ROAD
SYRACUSE, NY 13219

**REQUIRED ADDRESS INFORMATION OR CORRECTIONS**

If the pre-printed address to the left is incorrect or out of date, OR if there is no preprinted data to the left, *YOU MUST* provide your current name and address here

Name _____

Address _____

_____

City/State/Zip _____

*Sadowski v. General Motors Corp.*, Case No. HG03093843
(Superior Court of the State of California for the County of Alameda)

## CLAIM STATEMENT

To make a claim in the class action settlement in the above case, please complete and mail this form, postmarked no later than October 27, 2008, to:

**Dex Cool Litigation**
c/o The Garden City Group, Inc.
P.O. Box 9239
Dublin, OH 43017-4639

Alternatively, you may submit your claim online at www.DexCoolSettlement.com no later than midnight on October 27, 2008.

| A. | **PERSONAL INFORMATION** |
|---|---|

Telephone number.    (315) 468 - 2951

| B. | **INFORMATION ABOUT VEHICLE FOR WHICH YOU ARE MAKING THIS CLAIM** |
|---|---|

Please note that your claim must be based on one of the vehicles listed below. If you own one of the models listed below but with a different engine size than what is listed, or if the vehicle was manufactured using a lower intake manifold gasket other than a nylon/silicone gasket, then you are not covered by the settlement and are not eligible to file a claim.

1



**B.    INFORMATION ABOUT VEHICLE FOR WHICH YOU ARE MAKING THIS CLAIM**

### GROUP A VEHICLES

Model years 1995-2003

Equipped with 3.1-liter or 3.4-liter V6 engine and manufactured before April 10, 2003

| Buick | Century, Rendezvous, Regal, Skylark |
|---|---|
| Chevrolet | Impala, Lumina, Malibu, Monte Carlo, Venture, Corsica, Beretta, Lumina APV |
| Oldsmobile | Alero, Cutlass (Supreme and Ciera), Silhouette |
| Pontiac | Aztek, Grand Am, Grand Prix, Montana, Trans Sport |

### GROUP B VEHICLES

Model years 1995-2004

Equipped with 3.8-liter V6 engine (internal GM engine designation RPO L36)

| Buick | LeSabre, Park Avenue, Regal, Riviera |
|---|---|
| Chevrolet | Camaro, Impala, Lumina, Monte Carlo |
| Oldsmobile | Eighty-Eight, Intrigue, LSS, Ninety-Eight |
| Pontiac | Bonneville, Firebird, Grand Prix |

### GROUP C VEHICLES

Model years 1995-2000

Equipped with 4.3-liter V6 engine

| Chevrolet | Blazer, Chevrolet S-10 |
|---|---|
| GMC | Envoy, Jimmy, S-15 |
| Oldsmobile | Bravada |

Year/make/model of your vehicle    *2002  BUICK LE SABRE*

Vehicle identification number    *1G4HP54K724104581*

I (circle one) OWNED / LEASED this vehicle

from    *12/03*    (month/year)

to    *6/08*    (month/year)  *STILL OWN*

2



---

**C.    INFORMATION ABOUT REPAIR FOR WHICH YOU ARE MAKING THIS CLAIM**

Please check **ONE** box only.  The repair must have been performed within seven years or 150,000 miles (whichever is earlier) after the date the original owner or lessee took delivery of the vehicle.

(a)    ☐    My claim is based on a *Group A vehicle* and a *Group A repair, meaning* replacement of a failed lower intake manifold gasket

(b)    ☒    My claim is based on a *Group B vehicle* and a *Group B repair, meaning an* engine sealability repair, including but not limited to replacement of a throttle body gasket, upper intake manifold gasket, lower intake manifold gasket, or intake manifold

(c)    ☐    My claim is based on a *Group C vehicle* and a *Group C repair, meaning a repair* necessitated by formation of sludge in the cooling system, such as a cooling-system flush, heater core repair, water pump repair, or radiator cap replacement.

---

**D.    REQUESTED REIMBURSEMENT**

Please check **ONE** box only and supply the requested dollar figure.

(a)    ☒    The repair was performed within five years after the original owner or lessee took delivery of the vehicle.  After any rebates or reimbursements, I incurred a cost of $ *610.93* for the repair.

(b)    ☐    The repair was performed within five years after the original owner or lessee took delivery of the vehicle. The repair included a procedure necessary to remedy a diagnosed internal engine coolant leak    I paid over $1,500 for the repair  After any rebates or reimbursements, I incurred a cost of $_____ for the repair.

(c)    ☐    The repair was performed in the sixth year after the original owner or lessee took delivery of the vehicle.  After any rebates or reimbursements, I incurred a cost of $_____ for the repair.

(d)    ☐    The repair was performed in the seventh year after the original owner or lessee took delivery of the vehicle.  After any rebates or reimbursements, I incurred a cost of $_____ for the repair

QUESTIONS?  VISIT WWW.DEXCOOLSETTLEMENT.COM OR CALL 1 (866) 245-4291



---

**E.    REQUIRED DOCUMENTATION**

You must attach or enclose both of the following two types of documentation. Provide copies only. Do not submit original documents.

(a)    **Proof of ownership or lease at the time of repair.** For this requirement, you must provide documentation that you owned or leased the vehicle identified above at the time the indicated repair was performed Acceptable documentation includes a copy of a vehicle registration card, proof of insurance coverage, title certificate, bill of sale, or lease agreement.

(b)    **Proof of repair expenditure.** For this requirement, you must provide documentation that the repair was performed and that you paid the repair cost you specified above Acceptable documentation includes a repair invoice or a receipt showing payment for the repair. If a repair invoice or repair receipt is not available, you may submit (i) a written statement from the person or business who made the repair stating that the repair invoice or other contemporaneous documentation of the repair is unavailable and that the repair qualified as the type of repair you indicated above (i.e., Group A, Group B, or Group C repair); and (ii) proof that you paid the amount you specified above, such as a credit card statement or cancelled check. If you are unable to provide any of the above documentation, you may submit the best available written statement or other documentation that you believe demonstrates proof of the repair expenditure. In that case, the Claims Administrator and the parties will review all claims with such documentation and jointly decide whether to approve your claim.

---

**F.    CERTIFICATION**

---

**(Please read, sign, and date the following statement.)**

I certify that all statements I have made on this form are true and correct to the best of my knowledge and belief

| _Theresa M. McYfe_ | 06 , 01 , 08 |
|---|---|
| Signature | Date |





NEW YORK STATE REGISTRATION DOCUMENT

PAS
BX27676
2002 BUICK NONTRANSFERABLE
4DSD BL 1G4HP54KX24104581
3500 G 6 MCAH0433 AUG 22 2006
CAH UTD749

Expires 08/24/08

MCHUGH ,THERESA, M
21B LATHROP RD
SYRACUSE, NY 13219

22,50
ANNUAL CHG

45.00
AMT PAID (INCL ADD CHG)

1191 3BR

   

| CUSTOMER NO. 112221 | | ADVISOR RON | | 70 | TAG NO | | INVOICE DATE 10/02/07 | INVOICE NO. BUCS12839 |
|---|---|---|---|---|---|---|---|---|
| THERESA M MCHUGH 215 LATHROP RD SYRACUSE, NY 13219 | | LABOR RATE | LICENSE NO | | MILEAGE 49,757 | | COLOR BL/ | STOCK NO |
| | | YEAR / MAKE / MODEL 02/BUICK/LESABRE/4 DOOR SEDAN | | | | | DELIVERY DATE | DELIVERY MILES |
| | | VEHICLE ID NO 1 G 4 H P 5 4 K 7 2 4 1 0 4 5 8 1 | | | | | SELLING DEALER NO | PRODUCTION DATE |
| | | F T E NO | | | P O NO | | R O DATE 10/02/07 | |
| RESIDENCE PHONE 315-468-2951 | BUSINESS PHONE 315-498-6046 | COMMENTS | | | | | | MO. 49757 |

JOB# 1 CHARGES

LABOR
J# 1 41BUZ05       ABS LIGHT ON       HOURS       TECH(S) 94       142 00
CUSTOMER STATES ABS LIGHT ON
FOUND THE RH HUB ABS SENSOR BAD REPLACED HUB AND BEARING
AND CLEARED CODES

| PARTS | QTY | FP NUMBER | --DESCRIPTION - | --UNIT PRICE- | |
|---|---|---|---|---|---|
| | 1 | 88964168 | *HUB 6 307 | 283 17 | 283.17 |
| | | | TOTAL - PARTS | 283 17 | 283.17 |

JOB# 1 TOTALS
                                                      LABOR      142 00
                                                      PARTS      283 17

                        JOB# 1 JOURNAL PREFIX  BUCS  JOB# 1 TOTAL   425 17

JOB# 2 CHARGES

LABOR
J# 2 03BUZ01       SAFETY & EMISSIONS       HOURS       TECH(S) 94       21 00
N Y S I  SAFETY AND EMISSIONS
# 6542191

| PARTS | QTY | FP NUMBER | -DESCRIPTION-- | ---UNIT PRICE-- | |
|---|---|---|---|---|---|
| | 2 | 9421330 | BULB 8 991 | 1 99 | 3 98 |
| | | | TOTAL   PARTS | | 3 98 |

JOB# 2 TOTALS
                                                      LABOR      21 00
                                                      PARTS       3 98

                        JOB# 2 JOURNAL PREFIX  BUCS  JOB# 2 TOTAL    24 98

JOB# 3 CHARGES

LABOR
J# 3 46BUZ       WHEELS/TIRES       HOURS       TECH(S) 94       19 95
MOUNT CUSTOMER SUPPLIED 4 TIRES ON RIMS FOR WINTER
PUT CUSTOMERS 4 SNOW TIRES

MISC   CODE   DESCRIPTION                  ----CONTROL NO -       2 50
             TT TIRE TAX                                         2 50
                                          TOTAL   MISC            2 50

JOB# 3 TOTALS
                                                      LABOR      19 95
                                                      MISC        2 50

                        JOB# 3 JOURNAL PREFIX  BUCS  JOB# 3 TOTAL    22 45

JOB# 4 CHARGES

LABOR
J# 4 11BUZ04       FLUID LEAK ENGINE       HOURS       TECH(S) 094 94       301 00
FOUND UPPER AND LOWER INTAKE LEAKING

PAGE 1 OF            CUSTOMER COPY            [CONTINUED ON NEXT PAGE] 04 17pm

---

DISCLAIMER OF WARRANTIES
The seller hereby expressly disclaims all warranties either expressed or implied including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any person to assume for it any liability in connection with the sale of said products

ALL PARTS ARE NEW OR FACTORY REBUILT UNLESS OTHERWISE SPECIFIED
REPLACED PARTS WILL BE DISCARDED UNLESS SPECIFIED

ASE CERTIFIED
TECHNICIANS

Thank You!
For bringing your
vehicle to us for service

   

| CUSTOMER NO | | ADVISOR | | TAG NO | INVOICE DATE | INVOICE NO |
|---|---|---|---|---|---|---|
| 112221 | | RON | 70 | | 10/02/07 | BUCS 12839 |

| | LABOR RATE | LICENSE NO | MILEAGE 49,757 | COLOR BL/ | STOCK NO |
|---|---|---|---|---|---|

THERESA M MCHUGH
215 LATHROP RD
SYRACUSE, NY 13219

| YEAR / MAKE / MODEL | DELIVERY DATE | DELIVERY MILES |
|---|---|---|
| 02/BUICK/LESABRE/4 DOOR SEDAN | | |

| VEHICLE I D NO | SELLING DEALER NO | PRODUCTION DATE |
|---|---|---|
| 1 G 4 H P 5 4 K 7 2 4 1 0 4 5 8 1 | | |

| F T E NO | P O NO | R O DATE 10/02/07 |
|---|---|---|

| RESIDENCE PHONE 315-468-2951 | BUSINESS PHONE 315-498-6046 | COMMENTS | MO 49757 |
|---|---|---|---|

REPLACED PLASTIC UPPER INTAKE AND LOWER GASKETS
REFILLED WITH COOLANT AND CHANGED OIL AND FILTER
PRESSURE TESTED SYSTEM

| PARTS | QTY | FP NUMBER | DESCRIPTION | UNIT PRICE | |
|---|---|---|---|---|---|
| | 1 | 89017272 | MANIFOLD 3 265 | 158 00 | 158 00 |
| | 1 | 89017554 | GASKET KI 3 270 | 37 00 | 37 00 |
| | 1 | 89017816 | GASKET KI 3 270 | 63 29 | 63 29 |
| | 1 | 12346290M | ANTI FREEZ | 11 99 | 11 99 |
| | 1 | PK47 | OIL AND FILTER | 14 95 | 14 95 |
| | | 12490147 | FILTER 1 836 | **** | **** |
| | 5 | OIL | 5W30 | **** | **** |
| | 1 | 24505924 | THERMOSTA 1 246 | 14 83 | 14 83 |
| | 1 | 24503423 | PIPE ASM 8 846 | 9 87 | 9 87 |
| | | | TOTAL PARTS | | 309 93 |

JOB# 4 TOTALS

| | | LABOR | 301 00 |
|---|---|---|---|
| | | PARTS | 309 93 |

JOB# 4 JOURNAL PREFIX BUCS   JOB# 4 TOTAL   610 93

JOB# 5 CHARGES

LABOR
J# 5+51BUZ        BODY ELECTRICAL        HOURS        TECH(S) 94                9.95
REPLACED A LR AND RR MARKER BULBS FOR INSPECTION

JOB# 5 TOTALS

| | LABOR | 9 95 |
|---|---|---|

JOB# 5 JOURNAL PREFIX BUCS   JOB# 5 TOTAL   9 95

COMMENTS
LONER 7 30

TECHNICIAN CERTIFICATION-
94                LANNY J COLEMAN                EE25

DISCLAIMER OF WARRANTIES
The seller hereby expressly disclaims all warran
ties either expressed or implied including any
implied warranty of merchantability or fitness for
a particular purpose and neither assumes nor
authorizes any person to assume for it any liability
in connection with the sale of said products

ALL PARTS ARE NEW OR FACTORY REBUILT
UNLESS OTHERWISE SPECIFIED
REPLACED PARTS WILL BE DISCARDED
UNLESS SPECIFIED

TECHNICIANS

Thank You!
For bringing your
vehicle to us for service

IMPORTANT

   

| CUSTOMER NO 112221 | ADVISOR RON | 70 | TAG NO | INVOICE DATE 10/02/07 | INVOICE NO BUCS12839 |
|---|---|---|---|---|---|

THERESA M MCHUGH
215 LATHROP RD
SYRACUSE, NY 13219

| LABOR RATE | LICENSE NO | MILEAGE 49,757 | COLOR BL/ | STOCK NO |
|---|---|---|---|---|

YEAR / MAKE / MODEL
02/BUICK/LESABRE/4 DOOR SEDAN

VEHICLE I D NO
1 G 4 H P 5 4 K 7 2 4 1 0 4 5 8 1

| DELIVERY DATE | DELIVERY MILES |
|---|---|
| SELLING DEALER NO | PRODUCTION DATE |

F T E NO          P O NO          R O DATE 10/02/07

RESIDENCE PHONE 315-468-2951    BUSINESS PHONE 315-498-6046

COMMENTS          MO· 49757

TOTALS

```
********************************************
*                                          *
* [ ] CASH   [ ] CHECK   CK NO [      ]   *
*                                          *
* [ ] VISA   [ ] MASTERCARD   [ ] DISCOVER *
*                                          *
* [ ] AMER XPRESS   [ ] OTHER   [ ] CHARGE *
*                                          *
********************************************
```

THANK YOU FOR YOUR BUSINESS!!

CUSTOMER SIGNATURE

| TOTAL LABOR | 493 90 |
|---|---|
| TOTAL PARTS | 597 08 |
| TOTAL SUBLET | 0 00 |
| TOTAL G O G | 0 00 |
| TOTAL MISC CHG | 2 50 |
| TOTAL MISC DISC | 0 00 |
| TOTAL TAX | 85 28 |
| **TOTAL INVOICE $** | **1178.76** |

**DISCLAIMER OF WARRANTIES**

The seller hereby expressly disclaims all warranties either expressed or implied including any implied warranty of merchantability or fitness for a particular purpose and neither assumes nor authorizes any person to assume for it any liability in connection with the sale of said products

ALL PARTS ARE NEW OR FACTORY REBUILT
UNLESS OTHERWISE SPECIFIED
REPLACED PARTS WILL BE DISCARDED
UNLESS SPECIFIED

TECHNICIANS

*Thank You!*
For bringing your
vehicle to us for service

IMPORTANT



SUMMIT BUICK PONTIAC
160 W MAIN ST
ELBRIDGE, NY 13060
315-689-3511
27020005933101A

Sale

ID: 27020005933101
12-03-07
Batch # 0035

VISA
XXXXX
Appr Code: 040117
Total:

Exp: 05/08
Inv.Icc#: 001002
$ 1178.76

Customer Copy
THANK YOU
COME AGAIN

Dex Cool Litigation
c/o The Garden City Group, Inc.
P.O Box 9239
Dublin, OH 43017-4639

**Return Service Requested**





# EXHIBIT 8

# GIRARD GIBBS LLP

Attorneys at Law

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 I Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1721
Fax: 212.867.1767

April 12, 2011

**VIA FEDERAL EXPRESS**

Theresa M. McHugh
215 Lathrop Road
Syracuse, New York 13219

> Re:    ***In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.***
> ***Chapter 11 Case No. 09-50026 (REG) (Bankr. S.D.N.Y.)***
> ***DEX Claim No. 51095; GM-BK POC No. 70305***
> ***2002 Buick LeSabre with Original Purchase Date 6/26/2001***

Dear Theresa:

This letter confirms our telephone conversation of this afternoon regarding your DEX-Cool class action claim and your General Motors Bankruptcy Proof of Claim.

Your DEX-Cool Class Settlement Claim; Claim No. 51095. You submitted your DEX-Cool class action settlement claim timely and with supporting documentation reflected multiple repairs. Because the Settlement terms required that claims for multiple repairs be submitted on separate claim forms, the Claims Administrator sent you a deficiency letter asking you to submit separate claim forms for each of the separate repairs that you wanted to include in your claim. You responded to the deficiency notice and confirmed that the only repair you wanted to include in the DEX-Cool settlement was the fluid leak in the upper and lower intake manifold gaskets that was performed on October 2, 2007.

Your Bankruptcy Proof of Claim (Individual); POC No. 70305. You filed an individual Proof of Claim in the Bankruptcy Court.

DEX-Cool Class Proof of Claim. As we discussed, Class Counsel filed a Class Proof of Claim on behalf of all DEX-Cool class members who had submitted valid claims under the Settlement but had not yet been paid in accordance with the Settlement terms when General Motors filed for bankruptcy protection in June 2009. The Class POC does not reflect any of the names of the underlying class members. I enclose a copy of the DEX-Cool Class POC herewith for your files. We

To:     Theresa McHugh
Re:     GM-BK; DEX-Cool Class Proof of Claim
April 12, 2011
Page 2.

have reviewed the database of claims provided to us by the Claims Administrator and your claim for the 2007 gasket repairs on the 2002 Buick LeSabre are included in the Class Proof of Claim we filed.

The Debtor moved to expunge your individual proof of claim filed in the Bankruptcy Court because your claim under the DEX-Cool settlement is already included in the Class Proof of Claim. As such, your individual POC is duplicative of the DEX-Cool Class POC.

Since your DEX-Cool claim is included within the Class POC that is now before the Bankruptcy Court for approval as an "allowed" claim, we ask that you please withdraw your objection to the motion to expunge your individual POC.   If you have any questions about this correspondence, or wish to discuss this further, please do not hesitate to contact me at our toll-free number, 866-981-4800.

Very truly yours,

GIRARD GIBBS LLP

A. J. De Bartolomeo

Enclosure

# EXHIBIT 9

**From:** McHugh, Theresa [mailto:mchught@sunyocc.edu]
**Sent:** Tuesday, April 19, 2011 4:50 AM
**To:** A.J. De Bartolomeo
**Subject:** Information and Help on the Dex Litigation
**Importance:** High

Good Morning,

Thank you for the phone calls and the package of information regarding my claims against General Motors and Dex-Cool.
Since I do not see evidence of my claim # 51095 on the class action aspect, I cannot withdraw my complaint against General Motors.
If a check was sent to me in the amount of $610.93, I would request both claims be withdrawn.  I am sorry that I cannot withdraw my claim # 70305.


Theresa M. McHugh, Office Manager
OCC Student Association
4585 West Seneca Turnpike
Syracuse, New York  13215-4585
T:  315-498-7210    F:  315-498-7263