## UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,                                        CASE# 09-50026

GENERAL MOTORS CORP., ET AL.,

DEBTOR(S)

--------------------------------------------/

## SUPPORTING RULES AND CASE LAW

## SUBCHAPTER III--POSTCONFIRMATION MATTERS

### § 1141. Effect of confirmation

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor,

(d)

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

(3) The confirmation of a plan does not discharge a debtor if-

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

1

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

## § 363. Use, sale, or lease of property

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(o) In any hearing under this section--

(1) the trustee has the burden of proof on the issue of adequate protection; and

(2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Successor liability analysis involves consideration of "three principal factors": (1) continuity in operations and work force; (2) notice to the successor of its predecessor's legal obligation; and (3) inability of the**

2

predecessor to provide adequate relief directly. *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir.), cert. denied, 489 U.S. 1066 (1989); *see also EEOC v. G-K-G, Inc.*, 39 F.3d 740, 747-48 (7th Cir. 1994). These factors are all present in the case at bar, suggesting that successor liability will exist in the new company.

Here, the language of Section 363(f), read in conjunction with other provisions of the Bankruptcy Code, is clear. It establishes that "interests in property" which can be foreclosed under Section 363(f) are liens, mortgages, money judgments, writs of garnishment and attachment, and the like, and cannot encompass unliquidated successor liability claims. *See Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 258, 259-60 (3d Cir. 2000) (stating that "[u]nder the rule of ejusdem generis, the term 'other interest' would ordinarily be limited to interests of the same kind as those enumerated, i.e., 'liens, mortgages, security interests, encumbrances, liabilities, [and] claims'"; that "[m]ortgages, security interests, encumbrances and liabilities possess characteristics similar to a lien"; and that "[a] lien is distinct from the obligation it secures ...").

Supporting this conclusion, the Code's definitions suggest that "liens" and "interests in property" are interchangeable, as a "lien" is defined to mean a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37) (emphasis added). *See also, In re Schwinn Bicycle Co.*, 210 B.R. 747, 761 (Bankr. N.D. Ill. 1997), *aff'd*, 217 B.R. 790 (N.D. Ill. 1997); *In re Fairchild Aircraft Corp.*, 184 B.R. 910, 917-19 (Bankr. W.D. Tex. 1995), vacated on other grounds, 220 B.R. 909 (Bankr. W.D. Tex. 1998).

3

*******************************************************************

## § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing--

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT

COPY OF THE FOREGOING HAD BEEN FILED AND

FORWARDED TO OPPOSING COUNSEL IN THE CHAPTER

11 BANKRUPTCY PROCEEDING, ON OR BEFORE APRIL

26TH, 2011.

**SHERIF RAFIK KODSY**
**15968 LAUREL OAK CIRCLE**
**DELRAY BEACH, FLORIDA 33484**
**561-666-0237**