April 22, 2011



United States Bankruptcy Court
Southern District of New York

In re

Motors Liquidation Company, et al.,
f/k/a General Motors Corp, et al.

Chapter 11 Case No.
09-50026 (REG)

(Jointly Administered)

Motors Liquidation Company GUC Trust for Responding by Sharyl Y. Carter Allowing All Claims to Proof of Claim Nos 00136, 00552, 07020, 09072, 14901, 19246 and 19247.

To The Honorable Robert E. Gerber, United States Bankruptcy Judge:

I Sharyl Y. Carter at 1541 LaSalle

Sharyl Y. Carter
Case No 09-50026

Apt #1, Niagara Falls, New York 14301
my numbers are (716) 282-1639 and
(716) 930-4495

I Sharyl Y. Carter respectfully ask the Court, Judge Robert E. Gerber to allow all my claims against the Debtors Motors Liquidation Company f/k/a General Motors Corp and all their affiliated Debtors.

Preliminary Statement

1. The Debtors stated that (Ms. Carter) my claims Sharyl Y. Carter failed to provide any legal or factual support for my claims and my claims should be disallowed and expunged, also duplicate claims 00552, 07020, 09072, 14901, 19246 and 19247, and stating by the Debtors it is duplicative of Proof of Claim No 00136.

Sharyl Y. Carter
09-50026-Case No. 3 of 11

the original Claim.
I Sharyl Y. Carter continue to disagree with the Debtors and their affiliated Debtors. As for the original Claim NO 00136 or any other claim and within the Debtors Records, books, evidence, all documents, information I provided to their and my previous attorney and attorneys, they were given all original Courts, documents, information, evidence. So my question where is all that information and documents, evidences, also who has it now. I am doing the best that I can in handling these cases and claims by my self Prose. How did we get this far without evidence as stated by the Debtors and their affiliated Debtors. Why I continue to go through all this discrimination,

hostile, Retailation, torture continually if their is no problems.

Again I Sharyl Y Carter ask the Judge to allow all my claims against the Debtors and their affilated debtors.

Allow me this time to a telephonic call also on April 26, 2011 at 9:45 Am, as I just, or grieving over my fathers death on April 2, 2011 and a very bad cold. Thank You

Background

2. The Debtors stated they filed an Objection on February 4, 2011, and a order disallowing and expunging Proof of Claim Nos 00136, 00552, 07020, 09072, 14901, 19246 and 19247. (The Carter Claims). I disagree and ask the Court / Judge Robert E. Gerber to allow all my claims.

3. As stated by the Debtors I filed two Responses on February 17, 2011. I have always filed all my Responses to all my

Sharyl Y. Carter

5 of 11

Claims against the Debtors and their affiliated Debtors in a timely manner when I am given enough notice in time. I Sharyl Y. Carter would Respectfully ask the Court/Judge to allow me more time, and accept my objections, allow all my claims, as the Debtors and their affiliated Debtors continue to do so. The Debtors states neither of the responses set forth any legal or factual basis upon which the Carter Claims might be based. I Sharyl Y. Carter continue to do the best that I can.

The Carter Claims Should not Be Disallowed for failure to Allege Sufficient facts to Support a Claim.

4. As I Sharyl Y. Carter continue to stated, my claims did end up in this Court, and any other Court against the Debtors with all the evidence, information, document original that I

had and presented for all my claims. As the Debtors stated (Ms. Carter) I appears to suggest that the mere fact that the Carter Claims ended up in this Court provides sufficient and "adequate information to substantiate a claim, also that I Sharyl Y. Carter failed to assert any factual allegations or legal argument that could support the Carter claim. Again all the information, evidence documents original was provided to the previously Court Attorneys of the Debtors and their affiliated Debtors, also my previously attorneys, which should have been passed down to this Court right allong with the case No. Have the Debtors forwarded this information to the courts, and any or all information from their books, records and attorney is. The Debtors stated that I - Ms. Carter's argument, however, puts the proverbial cart before the horse.

Sharyl Y. Carter
Case No 09-50026

why dont we, the Courts | 7 of 11
Judge let the horse Ride to the top level, and allow all my - the Carter Claims be allow respectfully.

As stated by the Debtor the fact that the Carter Claims exist in these Chapter 11 cases evidences only that Ms. Carter filed proof of claim forms underlying each of the Carter Claims. I am sure all my claims were not suppose to make it this far, or exist as stated by the Debtors and their affiliated Debtors, but my - Sharyl Y. Carter Claims did make it this far.

5. As stated by the Debtors, To be clear, neither the Debtors nor the GUC Trust have ever offered to settle the Carter claims and any assertion to the contrary is mistaken. All that information proof was mailed to the Courts | Judge and the

Sharyl Y Carter Claim 21-52804 8 of 11

Debtors attorney through all these responses. That mean that recently through my union representative or employee Delphi Corporation which I was with Gm first, even though the Company plant name was Delphi Corp. then I was spend off, or the company spend off to Delphi, then close the plant and the employees were told we were Back with General motors, and now my subenefits were kicked back to Delphi from General Motors. which I am being deny all my full benefits continually, Why is it that the Debtors attorney ask about my claims, they question the Delphi Corporation claims, then go talk to somebody about them. Rather it was Delphi or not who gave to small settlements into my stock, or the paperwork I Sharyl Y Carter filled out on amounts I'll settle for, or these so call duplicates claims as stated by the Debtors, Why

Sharyl Carter
case No. 09-50026 Pg 9 of 11

deny the truth of all ~~treatment~~ by the Debtors and their affiliated Debtors I respectfully ask the Court/Judge to allow all my claims against the Debtors and their affiliated Debtors (the Carter Claims

6. I Sharyl Y Carter have provided even the most basic information regarding the Carter Claims. The Debtors stated my responses fail to shed any light on the Carters factual or legal basis for the Carter Claims.

I Sharyl Y Carter disagree with the Debtors and their affiliated Debtors and Debtors and their affiliated Debtors, and respectfully ask the Court/Judge to allow all my claims (the Carter claims against the Debtors and their affiliated Debtors.

In the Alternative the Duplicate Claims Should be Allowed

7. I Sharyl Y. Carter disagree with the Debtors on disallowing and expunging my claims, that the Debtors think

are duplicate claims. I Sheryl Carter Respectfully ask the Court/Judge to Review the claims and if they are duplicate then they the Courts/Judge will make the decisions not the Debtors or I. How would the Debtors know or be trusted to withdraw any claims that I have against their company. The Debtors first stated I did not timely file my claims, to having the Carter's claim disallowed and expunged which I disagree, to not a factual, or legal basic, to having duplicate claims.

8. the GUC Trust reiterates the alternative position taken in the Objection and assured that the Duplicate Claims should be disallowed and expunged in order to avoid the possibility of multiple recoveries by Ms Carter, myself.

Why should the GUC Trust, the Debtors

and their affiliated Debtors worry about any possibility of multiple recoveries by me (Ms Carter) if the Debtors strongly object to my claims.

I Sharyl Y. Carter respectfully ask the Judge | Court to allow all my claims (the Carters claims) against the Debtors and their affiliated Debtors.

As I received this ~~fed~~ | & on the 23rd of April 2011, I respectfully ask the Court | Judge to allow this Response. the [illegible] enough time to response, but this was not I called that number to I tried, also I called the hearing telephonically participate in the hearing (366) 582-6878 but I was as provided to some guy who ~~stated~~ I had contacted the wrong number I called several times left message Enclosed is what I pull off the computer through, ~~but~~

Thank you.

Sincerely,
Sharyl Y. Carter

TRANSMISSION VERIFICATION REPORT

TIME : 04/23/2011 12:07
NAME : OFFICEMAX0328
FAX : 7162830328
TEL : 7162830180
SER.# : 000K0N597096

| | |
|---|---|
| DATE,TIME | 04/23 12:06 |
| FAX NO./NAME | 18665332946 |
| DURATION | 00:01:12 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# FAX Transmission

Number of pages including cover sheet 3

Attention: Court Conference Contacts

Company: United States Bankruptcy Court Southern District of New York

Phone: (866) 582-6878

Fax: (866) 533-2946

Date: April 23, 2011

From: Sharyl Y Carter

Company:

Phone: (716) 282-1639

Comments: I made several attempt for the Conference call that I was on April 26, 2011 at 9:45am.



8329 Niagara Falls Boulevard
Niagara Falls, New York, 14304
Phone: 716-283-0180
Fax: 716-283-0328
Email: impress0328@officemax.com

April 22, 2011

To Whom It may concern:
Court Conferences Courts.

Enclosed is a copy of the information that I Sharyl Y. Carter received, gathered from the computer - website at www.nysb.uscourts.gov as instructed but I could not click or enter any information to get in on the Court Conferences call telephonic appearances. So I'll try to fax this ASAP. I Sharyl Y. Carter want to included in on the Hearing telephonic conference call on April 26, 2011 at 9:45am. I also feel & my responses for my claims. My number is (716) 282-1639 at 1511 LaSalle Ave #1 Niagara Falls, New York 14301.

Thank you.

Sincerely
Sharyl Y Carter

P.S. I try calling but couldn't get through wrong no; according to my phone, etc.



Telephonic Court Appearance Provider

Court Call, LLC
6383 Arizona Circle
Los Angeles, CA 90045

Cou
638
Los

Court Conferencing Contacts

Telephone Number (866) 582-6878
Tel
Fax Number (866) 533-2946
Fax

General Assistance
Tel
Telephone No (310) 342-0888
Fax
(888) 882-6878

Fax No: (310) 743-1850
(888) 883-2946




The World On Time.

Envelo

Align bottom of Peel and Stick A



Insert airbill here

Page 1 of 2

PS|Ship - FedEx Label

From: Origin ID: JRBA (212)310-8000
Sarah Roberts
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

SHIP TO: (716)282-1639 BILL SENDER
Sharyl Y. Carter
1541 La Salle Ave # 1
Niagara Falls, NY 143011227

Ship Date: 19APR11
ActWgt: 1 LB
CAD: 1419234/WBUS0200

Delivery Address Bar Code

Ref # 72240.0639.7036
Invoice #
PO #
Dept #

WED - 20APR A4
PRIORITY OVERNIGHT

TRK# 0201 7902 4333 2054

14301
NY-US
BUF

XX DKKA

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

**Edward Wu**
+1 212 310 8322
edward.wu@weil.com

April 19, 2011

BY FEDEX

Sharyl Y. Carter
1541 Lasalle Avenue #1
Niagara Falls, New York 14301

Re: *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG), United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") – Hearing on Objection to Claim Nos. 00136, 00552, 07020, 09072, 14901, 19246, and 19247

Dear Ms. Carter,

This letter is to advise you that the hearing on the Debtors' objection to your claims, Claim Nos. 00136, 00552, 07020, 09072, 14901, 19246, and 19247, is going forward on April 26, 2011 at 9:45 a.m. at the request of the Bankruptcy Court. The hearing will be held at the following address:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Courtroom 621
New York, NY 10004-1408

You may participate in the hearing telephonically by contacting the Court's telephonic appearance provider, CourtCall, LLC at (366) 582-6878 in advance of the hearing. Additional information on CourtCall may be found on the Court's website at www.nysb.uscourts.gov (the official website for the Bankruptcy Court), by clicking on "Directories" on the left hand side, and then click on "Telephonic Appearance Provider." You must also provide prior written notice by mail or email of your telephonic appearance to (i) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, NY 10153 (Attn: Edward Wu, Esq. (edward.wu@weil.com)) and (ii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Lauren Macksoud, Esq. (lmacksoud@kramerlevin.com)).

Sincerely,

Edward Wu


Align top of FedEx Express® Shipping Label here.
Page 1 of 1
From: (631) 470-5000
Motors Liquidation Company
The Garden City Group, Inc.
1985 Marcus Ave
New Hyde Park, NY 11042
Origin ID: TKLA
FedEx Express
E
SHIP TO: (631) 470-5000
BILL SENDER
SHARYL Y CARTER
1541 LASALLE AVE, #1
NIAGRA FALLS, NY 14301
Ship Date: 21APR11
ActWgt: 1.0 LB
CAD: 100098347/INET3130
Delivery Address Bar Code
Ref # APS
Invoice #
PO #
Dept #
FRI - 22 APR A4
PRIORITY OVERNIGHT
TRK# 7946 7815 6734
0201
XX DKKA
14301
NY-US
BUF
50DG3/26A8/7EFB
356 1 D
6734
04.22
After printing this label
Press here to seal.
Press here to seal.
Press here to seal.

923




Extremely Urgent

**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed securely. For shipping terms and conditions and our limits of liability, refer to the applicable FedEx Express shipping document or conditions of carriage.

For more information on FedEx Express services, solutions and shipping locations, go to **fedex.com**, or contact your local FedEx office.

© 2009 FedEx 155477 REV 6/09

Respect the environment. Recycle this FedEx packaging.
This envelope is recyclable and has 100% recycled content.
To learn about FedEx and the environment, go to csr.fedex.com.

**HEARING DATE AND TIME: April 26, 2011 at 9:45 a.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*** | **09-50026 (REG)** |
| **Debtors.** | **(Jointly Administered)** |

**MOTORS LIQUIDATION COMPANY GUC TRUST'S REPLY TO RESPONSE OF SHARYL Y. CARTER OPPOSING DEBTORS' OBJECTION TO PROOF OF CLAIM NOS. 00136, 00552, 07020, 09072, 14901, 19246, AND 19247**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**")[1] in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (as may be amended, supplemented, or modified from time to time, the "**Plan**"), respectfully represents:

[1] The Debtors are Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**"), MLCS, LLC (f/k/a Saturn, LLC), MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation), MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.), Remediation and Liability Management Company, Inc. ("**REALM**"), and Environmental Corporate Remediation Company, Inc. ("**ENCORE**").

## Preliminary Statement

1. After reviewing the Responses (as hereinafter defined) filed by Sharyl L. Carter ("**Ms. Carter**"), the GUC Trust reiterates the Debtors' position in the Objection (as hereinafter defined)[2] that Ms. Carter has failed to provide any legal or factual support for the Carter Claims (as hereinafter defined) and the Carter Claims should be disallowed and expunged. The GUC Trust also reiterates the Debtors' alternative position in the Objection that, at a minimum, Proof of Claim Nos. 00552, 07020, 09072, 14901, 19246, and 19247 (collectively, the "**Duplicate Claims**") should be disallowed and expunged because each was filed subsequent to, and is duplicative of, Proof of Claim No. 00136 (the "**Original Claim**").

## Background

2. On February 4, 2011, the Debtors filed an objection (the "**Objection**") (ECF No. 9096) pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order establishing the deadline for filing proofs of claim against MLC and certain other Debtors and the procedures relating to the filing of proofs of claim (the "**Bar Date Order**") (ECF No. 4079) seeking entry of an order disallowing and expunging Proof of Claim Nos. 00136, 00552, 07020, 09072, 14901, 19246, and 19247 (collectively, the "**Carter Claims**") filed by Ms. Carter.

3. On February 17, 2011, Ms. Carter filed two responses to the Objection (the "**Responses**") an initial response (the "**First Response**") (ECF No. 9435) and a second response (the "**Second Response**") (ECF No. 9437); asserting that her claims should not be

---

[2] While the Objection was filed by the Debtors, this Reply is being filed by the GUC Trust because, pursuant to the Plan, the GUC Trust now has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan).

disallowed and expunged. Neither of the Responses set forth any legal or factual basis upon which the Carter Claims might be based. A hearing to address Ms. Carter's Responses has been scheduled for April 26, 2011 at 9:45 a.m. (Eastern Time).

**The Carter Claims Should Be Disallowed for**
**Failure to Allege Sufficient Facts to Support a Claim**

4. Despite Ms. Carter's representation that she "set forth the legal and factual basis [of the Carter Claims] to the best of her ability," (First Response at 5), she has failed to assert any factual allegations or legal argument that could support the Carter Claims. Ms. Carter appears to suggest that the mere fact that the Carter Claims "end[ed] up in this Courts [sic]" provides sufficient and "adequate information to substantiate a claim." (*Id.* at 7.) Ms. Carter's argument, however, puts the proverbial cart before the horse. The fact that the Carter Claims exist in these chapter 11 cases evidences only that Ms. Carter filed the proof of claim forms underlying each of the Carter Claims. In no way can the mere filing of the Carter Claims (which fail to even assert the most simple factual allegations that would be required for the GUC Trust to ascertain the nature and validity of the Carter Claims) serve as "adequate information to substantiate a claim," as Ms. Carter argues.

5. In support of her assertion that she has valid claims against the Debtors' estates, Ms. Carter rhetorically asks, "why did the Debtors attorneys contacted [sic] me, by phone, and mailing all documents asking what prices I wanted to settle with, if the Debtors do not think I have any claims against them." (*Id.* at 6.) Moreover, she asserts that she "was given 2 small settlements" by the Debtors. (*Id.* at 7–8.) To be clear, neither the Debtors nor the GUC Trust have ever offered to settle the Carter Claims, and any assertion to the contrary is mistaken. Rather, the settlement referred to by Ms. Carter was likely with the debtors in the unrelated chapter 11 cases of Delphi Corporation. Here, at no time have the Debtors or the GUC Trust

settled any of the Carter Claims, and the GUC Trust is currently seeking the disallowance and expungment of all of the Carter Claims.

6. The Responses fail to shed any light on Ms. Carter's factual or legal basis for the Carter Claims. The GUC Trust reiterates that Ms. Carter has not provided any legal or factual support for the Carter Claims and cannot be afforded prima facie validity under the Bankruptcy Code. Moreover, Ms. Carter has not complied with the Bar Date Order because she has failed to meet the threshold requirement of providing even the most basic information regarding the basis of the Carter Claims. Accordingly, the Carter Claims should be disallowed and expunged in their entirety.

**In the Alternative, the Duplicate**
**Claims Should Be Disallowed and Expunged**

7. Ms. Carter argues that the Duplicate Claims should not be disallowed and expunged because any "duplicate claims . . . was not [her] fault" but instead the fault of "the Debtors and their affiliated Debtors and their attorneys, employees who handled the Proof of Claims." (First Response at 5.) Respectfully, Ms. Carter's argument is unfounded. Whether or not the Duplicate Claims are the result of multiple filings on the part of Ms. Carter, or rather, the inadvertent duplication of such claims by the Debtors' claims agent, Ms. Carter has steadfastly refused to withdraw any of the Duplicate Claims after having been contacted by Debtors' counsel.

8. The GUC Trust reiterates the alternative position taken in the Objection and asserts that the Duplicate Claims should be disallowed and expunged in order to avoid the possibility of multiple recoveries by Ms. Carter.

## Conclusion

WHEREFORE, for the reasons set forth above, the GUC Trust respectfully requests that the Court disallow and expunge the Carter Claims and grant such other and further relief as is just.

Dated: New York, New York
April 21, 2011

/s/ Joseph H. Smolinsky

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation Company GUC Trust