**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**(313) 885-1948**
**Fax (313) 886-6443**

April 27, 2011

Hon. Robert E. Gerber
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Motors Liquidation Company, et al.
        f/k/a General Motors Corp., et al
        USBC SD New York Chapter 11 Case 09-50026 (REG)

        David W. Turner
        168th *Omnibus Objection to Claims - Respondent 27063*
        182nd *Omnibus Objection to Claims - Respondent 27065 & 27066*
        184th *Omnibus Objection to Claims - Respondent 27064*

Dear Judge Gerber:

        Pursuant to the service terms specified in the *Notice of Debtors' 182nd Omnibus Objection to Claims*, I am hereby serving upon your chambers and the parties the David W. Turner *Response and Objections to Debtors' 168th, 182nd and 184th Omnibus Objections to Claims* and a related *Certificate of Service.*
        This document was also e-filed on this date.  I understand this claim will be heard on May 17, 2011 at 9:45 o'clock a.m.

                                        Very truly yours,

                                        Samuel J. Behringer, Jr.

cc:   Weil, Gotshal and Manges
New York, NY

Motors Liquidation Co
Detroit, MI

General Motors, LLC
Detroit, MI

Cadwalader, Wickersham & Taft LLP
New York, NY

US Dept of Treasury
Washington, DC

Vedder Price PC
New York, NY

Kramer Lewis Naftalis & Frankel LLP
New York, NY

Office of the US Trustee
New York, NY

US Attorney's Office SDNY
New York, NY

Caplin & Drysdale, Chartered
New York, NY
Washington, DC

Stutzman, Bromberg, Esserman & Plifka
Dallas, TX

David W. Turner
Kokomo, IN

**Hearing Date and Time:  May 17, 2011 (9:30 a.m.)**
**Objection Deadline: Unknown**

**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**Telephone: (313) 885-1948**
**Facsimile: (313) 886-6443**
**April 26, 2011**

**Attorney for David W. Turner**
**168th Omnibus Objection Respondent #27063**
**182nd Omnibus Objection Respondent #27065 & 27066**
**184th Omnibus Objection Respondent #27064**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————x
                                          :
In Re                                     :          Chapter 11 Case
                                          :
**MOTORS LIQUIDATION COMPANY**, et al.,    :          09-50026 (REG)
        f/k/a General Motors Corp., et al.  :
                                          :
        Debtors.                          :          (Jointly Administered)
                                          :
———————————————————x

## FIRST RESTATED
## DAVID W. TURNER RESPONSE AND OBJECTIONS
## TO DEBTORS' 168th, 182nd & 184th OMNIBUS OBJECTION TO CLAIMS

David W. Turner, through his undersigned attorney, states the following response and

objections to the Debtors' 168th, 182nd & 184th Omnibus Objection to Claims.

## SUMMARY

David W. Turner began working at **OLD GM** at age 17 in 1951 and eventually became a

salaried employee at OLD GM's Kokomo, Indiana facilities known as Delco Electronics Division of General Motors Corporation.

David W. Turner retired from the **Old GM** in 1995 contracting for multiple kinds of GM paid retirement benefits and life insurance.   He has filed four Proofs of Claim  seeking compensation for promised, but now severely modified or discontinued GM paid basic group salary rate life insurance[1], supplemental life benefits[2], salaried health care[3] and supplemental executive retirement  program payments (formerly SERP, now ERP)[4].

OLD GM published memoranda which describes  the retirement process in  detail.   See, Exhibit 1.   On November 6, 1995, in his only face-to-face meeting with a person employed by the OLD GM's Human Resources Department, during his pre-retirement conference, it was represented to Mr. Turner in specific writings originated by the GM National Retiree Servicing Center (Exhibits 2 and 3) that he had certain definable benefits coming to him if he took the retirement:

| | | |
|---|---|---|
| 1. | Basic Group Life Insurance, Policy No. 14000-G | $150,480 |
| 2. | Supplemental Life Benefits Program | 342,000 |
| 3. | Salaried Health Care Program  (Group v. Individual) | 29,811 |
| 4. | Supplemental Executive Retirement (fka SERP, now ERP) | 14,223 |

---

[1]      $150,480 Proof of Claim No. 27065 and promised in Exhibit 2 and 4; the subject of the Debtor's 182nd Omnibus Objection.

[2]      $342,000 Proof of Claim No. 27066 and promised in Exhibit 2, a  subject of the Debtor's 182nd Omnibus Objection.

[3]      $29,811 Proof of Claim No. 27064, a  subject of the Debtor's 184th Omnibus Objection, not shown on Exhibit 2, 3 or 4 but nevertheless promised.

[4]      $14,223 Proof of Claim No. 27063 and promised in Exhibit 3, a subject of the Debtor's 168th Omnibus Objection.

The inclusion of these items, especially stated in high number future values, no doubt, made immediate retirement in 1995 very attractive to Mr. Turner.   Exhibits 2 and 3, notably, do <u>not</u> contain any clause which reserves in the **OLD GM** any right or ability to amend, change, modify or terminate these defined benefits subsequent to his retirement.   Mr. Turner believed these representations to be true and relied upon them when he signed his retirement papers in 1995. Mr. Turner can and will testify that, during his sole face-to-face pre-retirement meeting, there was no discussion of any purported GM reservation of a right to modify or terminate these benefits at any later date.

Mr. Turner retired on December 1, 1995.   He was then sent a letter by the GM National Retiree Servicing Center, dated December 4, 1995, which specifically states that the salary-rate, post-retirement life insurance **"will remain in effect for the rest of your life and is provided by General Motors  at no cost to you. "** Exhibit 2.   This December 4, 1995 letter similarly does not  contain any clause which reserves in the <u>OLD GM</u> any right or ability to amend, change, modify or terminate this December 4, 1995 representation or any of the other bargained for retirement benefits.

Years after his retirement, these benefit s have now been severely modified and/or terminated.   Mr. Turner has not been able to find any written proof that the GM Board of Directors or any expressly authorized and any delegated entity has formally or legally rescinded his rights to these benefits.

Ignoring the December 4, 2011 letter, the Debtors' nevertheless contend in their

Omnibus Objection that irregularly published modification and termination clauses in 2006-2010 documents render such lifetime representations void. Mr. Turner counters by arguing that the **OLD GM** both never disclosed the termination clauses during the pre-retirement face to face meeting during the retirement process (showing high valued benefits instead) and also failed to consistently and unambiguously reserve the right to modify or terminate its employment and retirement promises. Mr. Turner contends, additionally:

> "In addition, when General Motors did reserve its rights, this reservation was less than clear... The issue of the reasonableness of the general retirees' reliance should have been remanded to the district court. The reliance of those who retired from 1974 to 1985 appears eminently justified." <u>Sprague</u> v. <u>GM</u>, 133 F3d 388, 414 (6th Cir 1998).

He also distinguishes between "employee" and "retiree" in that almost every termination clause espoused by the Debtors deceptively refers to "employee" rights without using the specific words "retiree" or "rights of retiree". Mr. Turner also asserts vested rights, estoppel, improper class certification and breach of fiduciary duties. Here, Mr. Turner seeks to restore his lifetime GM paid salary-rate life insurance benefit and the other three retirement and insurance benefits he has documented by his Proofs of Claim and this pleading.


<u>First Affirmative Defense</u>
**NO NEW GM ASSUMPTION**

Contrary to the Debtors' assertions in Section <u>(i)</u> of Paragraph 2 and other places in their motion, the **New GM** does <u>not</u> recognize or pay all or any portion of the past, present or future loss due to modification or termination of the cited lifetime health care, basic life insurance, supplemental life benefits, and/or SERP payments due David Turner and his wife.

<u>Second Affirmative Defense</u>
**PARAGRAPH AVERMENTS**

Mr. Turner states the following responses and objections to the individual paragraph averments stated in the Debtors' Omnibus Objections to Claims.

## <u>Relief Requested</u>[5]

1.      Because Mr. Turner cannot be defined as a person with "liabilities that have been assumed by General Motors, LLC ('**New GM**')" pursuant to the **Master Purchase Agreement** as asserted by the Debtor in Section <u>(i)</u> of Paragraph 2 and because he also cannot be defined as a person with "alleged rights which were in realty unvested (or) are otherwise not the responsibility of the Debtors as asserted by the Debtors in Section <u>(ii)</u> of Paragraph 2, the purportedly "determined" two alternating basis for the 168th, 182nd and 184th Omnibus Objection to Claims do not apply to him.

2.      Mr. Turner denies accuracy of the Debtors' alleged "determination" that his claim should be disallowed and expunged for reason:

A.      He cannot be defined as a person with "liabilities that have been assumed by General Motors, LLC ('**New GM**')" pursuant to the **Master Purchase Agreement** as asserted by the Debtor in Section <u>(i)</u> of Paragraph 2 because the **New GM** has not assumed liability for the full bargained for amount  of  the lifetime GM paid salary-rate life insurance or fully other promised retiree benefits.

---

[5]      The Debtors' subtitles are inserted solely to facilitate reference and are neither  admissions of fact nor conclusions of law.

B.      As to the second alternative "determination", it is denied that Mr. Turner's right to an ultimate amount of lifetime GM paid salary-rate life insurance benefit, supplemental life benefits and SERP monthly payments were not established before his retirement date.   See, Exhibits 2, 3 and 4.

## Jurisdiction

3.      The allegations in Paragraph 3 are admitted.

## Background

4.      In 1951 Mr. Turner began his employment at Old GM and eventually studied and worked himself into a salaried engineering employee position.    Old GM has credited him with 44 years of service.

In 1995 the original General Motors (**"Old GM"**), offered Mr. Turner the opportunity to give up his job in exchange for the promise of  negotiated lifetime health and insurance retirement benefits, to wit; lifetime health insurance for himself and his wife plus retirement pension payments, salary-rate life insurance, supplemental life insurance and SERP (now ERP) payments.

On November 6, 1995, in his only face-to-face meeting with a person employed by the OLD GM's Human Resources Department during his pre-retirement  conference, it was represented to Mr. Turner in specific writings originated by the GM National Retiree Servicing

Center (Exhibits 2 and 3) that he had certain definable benefits coming to him if he took the retirement:

| | | |
|---|---|---|
| 1. | Basic Group Life Insurance, Policy No. 14000-G | $150,480 |
| 2. | Supplemental Life Benefits Program | $342,000 |
| 3. | Lifetime and Surviving Beneficiary SERP payments | $1,180/month |

The inclusion of these items and high valued future benefits, no doubt, made immediate retirement in 1995 very attractive to Mr. Turner.

Exhibits 2 and 3, notably, do <u>not</u> contain any clause which reserves in the **OLD GM** any right or ability to amend, change, modify or terminate these defined benefits of this retiree. Mr. Turner believed these representations to be true and relied upon them when he signed his retirement papers in 1995. Mr. Turner can testify that, during his sole face-to-face meeting, there was no discussion of any purported GM reservation of a right to modify or terminate these benefits at any later date.

Mr. Turner retired on December 1, 1995. He was then sent a letter by the GM National Retiree Servicing Center, dated December 4, 1995, which specifically stated that this salary-rate, post-retirement life insurance:

> "**has now fully reduced to the ultimate amount of $150,480.00.
> This *ultimate amount* will remain in effect for the rest of your life
> and is provided by General Motors at no cost to you.**" Exhibit 4
> (Emphasis added).

This December 4, 1995 letter similarly does not contain any clause which reserves in the <u>OLD</u>

GM any right to amend, change, modify or terminate this representation.

It cannot be stressed enough; no express repudiation of this written December 4, 1995 representation, or the November 6, 1995 representations appears in either Mr. Turner's retirement offer agreement or the annual written "*Your Benefits in Retirement*" booklet published and distributed by the Debtors.   Instead, the Debtors rely on irregularly written reservations to employees, not retirees, of a general right to modify or terminate the plan or program while simultaneously citing language that confirms as an example continuing basic life insurance coverage.   The following is the wording on page 82 (Exhibit 6) of the last copy of "Your Benefits in Retirement" received under the listed heading:

### Notification of Continuing Life Insurance

Depending on your service date and last date worked, the amount of your basic life insurance will reduce monthly or immediately upon retirement, depending on your service date, to an *ultimate amount*.  In either case, you will receive notification when your basic life insurance reduces to its *ultimate amount*.[6]

5.    The allegations in Paragraph 5 are admitted.

6.    The allegations in Paragraph 6 are admitted.

### The Salaried and Executive Employee Welfare Benefits Claims.

7.    The allegation in Paragraph 7 that the Salaried and Executive Employee Welfare Benefits Claimants such as Mr. Turner assert claims arising out of either the reduction

---

[6]    Note the common language "*ultimate amount*" used here and in Exhibits 2 and 4.

or elimination of Welfare Benefits prior to the Commencement is denied as being false and

misleading because the Welfare Benefits at issue here include the promises made by the **Old**

**GM** in a specific December 4, 1995 letter (Exhibit 4) to provide Mr. Turner and his wife lifetime

GM  paid salary-rate life insurance as well as written documented Supplemented Life Benefits

(Exhibit 2).    As far as Mr. Turner knows, there also is no Board of Directors authorization which

specifically sets aside all prior written lifetime life insurance (E.g. Exhibit 4) representations.


### Accrued Benefits Claims
### Have Been Assumed By New GM

8.        Contrary to the Debtor's multiple assertions in Section (i) of Paragraph 2,

here in Paragraph 8,  and here also in the title to this paragraph, and other places in this

motion, the **New GM** has <u>not</u> recognized or paid any portion of the past, present or future loss

due to modification or termination of the cited salary-rate life insurance benefits of Turner and

his wife, Supplemental Life Benefits, or SERP payments .   The allegations in Paragraph 8 are

therefore denied for reason they are incorrect conclusions of fact and law.


### Benefit Modification Claims Should Be Disallowed
### As Debtors Had Right to Amend or Terminate Each Benefit Plan

9.        No vesting issue was noticed in the Old GM prepared retirement offer

agreement.  By the plain language of bankruptcy statute, the Debtors do not have the right to

unilaterally modify Mr. Turner 's retirement benefits.    Exhibit 2, 3 and 4.  The allegations in

Paragraph 9 are therefore denied for reason they are incorrect conclusions of fact and law.

10.     Mr. Turner was, at all pertinent times, fully vested.   Exhibit 2, 3 and 4. The contention that "to vest benefits is to render then unalterable" is admitted.   There are ambiguities between Mr. Turner 's vested retirement rights [e.g. promised lifetime GM paid salary-rate life insurance, Supplemental Life Benefits, and lifetime monthly SERP payments <u>v.</u> no specific repudiation clause/notice <u>v.</u> irregular and general modification/termination "reservations"] which work against the Debtors because the Debtors prepared it.

11.     It is admitted that the Sixth Circuit and courts in other Circuits have recognized that once benefits are vested, it renders them unalterable.   In this case, the Debtors, not Mr. Turner, prepared December 4, 1995 letter (Exhibit 4) and the retirement offer agreement which does not contain a repudiation clause/notice.

12.     The allegations in Paragraph 12 are denied for reason they are incorrect conclusions of fact and law.   Mr. Turner's retirement offer agreement does not contain a single sentence, clause or notice which repudiates the December 4, 1995 lifetime insurance letter representation stated in Exhibit 4 or the retirement offer agreement (Exhibit 2 and 3) which does not contain a single modification or termination sentence, clause or notice.

The three judge dissent in <u>Sprague</u> v. <u>General Motors</u>, 133 F.3d 388, 414 (6th Cir. 1998) pointed out specifically that Old GM failed to reserve modification-termination rights in its "Your GM Benefits" brochures in effect from 1974 to 1985 and went on to state:

"In addition, when General Motors did reserve its rights, this reservation

was less than clear...    The issue of the reasonableness of the general
retirees' reliance should have been remanded to the district court. The
reliance of those who retired from 1974 to 1985 appears eminently
justified."

13.    The record of this bankruptcy case includes **Old GM** correspondence

which states the post-retirement salary-rate life insurance **"will remain in effect for the rest**

**of your life and is provided by General Motors at no cost to you."** Exhibit 4.   No express

repudiation of these specific letter representations appear in either Mr.  Turner 's retirement

offer agreement or in the annual written *"Your Benefits in Retirement"* booklet published and

distributed by the Debtors.   Instead, the Debtors rely on irregularly written reservations,

often published and distributed to employees (not  retirees), of a general right  to modify or

terminate the plan or program while at the same time also stating it's documents do "not cover

all the details about the Programs - which are found in plan  documents that have the final

word over any other oral or written statement."  Mr. Turner negotiated individual retiree

benefits, the Debtors purportedly reserved the right to modify or terminate the entire

employee program, two different  objects.   The three judge dissent in Sprague v. General

Motors, supra, pointed out specifically that Old GM failed to reserve modification or

termination rights in its "Your GM Benefits" brochures in effect from 1974 to 1985 and

went on to state:

> "In addition, when General Motors did reserve its rights, this reservation
> was less than clear...   The issue of the reasonableness of the general
> retirees' reliance should have been remanded to the district court. The
> reliance of those who retired from 1974 to 1985 appears eminently
> justified."

133 F.3d 388, 414.   The Debtors insistence that the modification/termination clauses were

sufficiently disclosed is belied by the fact that retirees could sign the GM prepared form and give up their jobs only to have GM turn around on the next day and unilaterally terminate the benefits thereby relieving the Debtors of at least two, if not more, lifetime health and life insurance liabilities.  Mr. Turner thought wrongfully he had negotiated lifetime health and life insurance retirement benefits.  There was no "in pay status" clause included in the letter.  See, In Re New Valley Corp., 89 F.3d 143, 151 (1996).  For the reasons of fact and law stated here and in Paragraph 12 above, the allegations in Paragraph 13 are denied as being incorrect conclusions of fact and law.


14.    The allegations in Paragraph 14 are denied for reason that the Sprague decision, supra, is not unanimous and because Mr. Turner  joins with the dissent which, in their collective opinions, found vested rights, estoppel[7], improper class certification and breach of fiduciary duties.   The retirees, then and now, are owed the right of vested employees in promised future lifetime health and life insurance benefits and cannot and should not be summarily written off as people with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the responsibility of the Debtors" as is done now in Paragraph 2 of the omnibus objection.  If there was any truth in GM's documents, GM should have previously described every retiree as a person with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the

---

[7]    Again, Exhibit 4 states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you"** and no express repudiation of this letter (and others like it) has been produced.

responsibility of the Debtors" so Mr. Turner would have had notice of how he would be treated/classified then, now and in the future.

15.    The allegations in Paragraph 15 are denied for reason that the retirement offer agreements do <u>not</u> "clearly" reserve or describe the Debtors modification/termination claims as specifically alleged in the Paragraphs above.    The record of this bankruptcy case includes **Old GM** correspondence which states the post-retirement salary-rate life insurance **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you."**  Exhibit 4.   No express repudiation of this written representation appears in either Mr. Turner 's retirement offer agreement or the annual written *"Your Benefits in Retirement"* booklet published and distributed by the Debtors.   Instead, the Debtors rely on irregularly written general reservations of a general right to modify or terminate the employee plan or program.

The three judge dissent in <u>Sprague</u> v. <u>General Motors</u>, stated:

> "In addition, when General Motors did reserve its rights, this reservation was less than clear...   The issue of the reasonableness of the general retirees' reliance should have been remanded to the district court.  The reliance of those who retired from 1974 to 1985 appears eminently justified."

133 F.3d 388, 414.  If this claim was so clearly reserved why didn't the Debtor's describe the retirees (such as Mr. Turner) as persons with "...*alleged* rights to benefits *which were in reality unvested*, and as described herein, are otherwise not the responsibility of the Debtors" in the retirement offer agreements as GM now does in its omnibus objections?

16.    The allegations in this paragraph are denied.  In Re Visteon Corp., No. 10-1944, 2010 WL 2735715 (3rd Cir. July 13, 2010) and the dissent in Sprague, supra, are persuasive and should be followed.

17.    The allegations in Paragraph 17 are denied for reason they are incorrect conclusions of fact and law.

## The Debtors Have No Liability for the
## Salaried and Executive Employee Welfare Benefits Claims

18.    The allegations in Paragraph 18 are denied for reason they are incorrect conclusions of fact and law.

## The Relief Requested Should be Approved by the Court

19.    The allegations in Paragraph 19 are denied for reason they are incorrect conclusions of fact and law.

20.    The allegations in Paragraph 20 are denied for reason they are incorrect conclusions of fact and law.

## Notice

21.    The allegations in Paragraph 21 are admitted.

22.      The allegations in Paragraph 22 are admitted.


### MR. TURNER'S CONCLUSION

Mr. Turner and his wife's lifetime health and life insurance retirement benefits fully vested before he retired after 44 years of service.   Mr. Turner has produced December 4, 1995 correspondence which states the post-retirement salary-rate life insurance:

> **"will remain in effect for the rest of your life and is provided by General Motors at no cost to you."** Exhibit 4.

Mr. Turner has further produced retirement agreement documents, both dated November 6, 1995 (Exhibits 2 and 3), which promised Supplemental Life Benefits and SERP monthly Supplemental Retirement payments.   These documents, like the above, express no contingencies to not being consummated during Mr. Turner's life and upon his death.

No express repudiation of this written representation appears in either  Mr. Turner 's retirement  offer agreement or the annual written *"Your Benefits in Retirement"* published by the Debtors.   Instead, the Debtors rely on irregularly written reservations of a general right to modify or terminate employee program benefits.

The retirement offer agreement, entirely written  by the **Old GM**, induced Mr. Turner to give up his job in exchange for lifetime health insurance benefits and lifetime GM paid salary-rate life insurance for Mr. Turner and his wife and Supplemental Benefits.   It is an anomaly to have one document both promise lifetime health and insurance benefits while simultaneously also purportedly reserving a indirectly worded right to destroy those promises.   The **Debtors**

now refuse to provide salary rate life insurance as required by the retirement offer agreement

and seek to avoid same by this 11 USC 502 motion.


In Paragraph 2, the **Debtors** write they have "determined" that the Proofs of Claim

which this Omnibus Objection addresses "assert claims that ...**(i)** relate to liabilities that have

been assumed by the ... **New GM** pursuant to the terms of ... the **Master Purchase**

**Agreement**..."   The last sentence of Paragraph 2 repeats this definition (i) "determination".

However, nothing could be further from the truth.   The **New GM** has <u>not</u> assumed and does

not and will not pay the lifetime health insurance, life insurance benefits and supplemental

benefits called for in the Debtors' prepared retirement offer agreement.    Mr. Turner is

therefore not  within this element of the Debtors' definition (i) "determination".


In Paragraph 2, the **Debtors** also write they have "determined" that the Proofs of Claim

which this Omnibus Objection addresses "assert claims that ...**(ii)** relate to alleged rights to

benefits <u>which were in reality unvested</u>, and as described herein, are otherwise not the

responsibility of the Debtors (emphasis added)."   Well, as pointed out above, it is irrefutable

that Mr. Turner's retirement and benefit rights <u>fully vested</u> years before the Commencement

Date of this Chapter 11 bankruptcy.  Mr. Turner is therefore not  within this element of the

Debtors' definition (ii) "determination".


The plain and simple truth is that the Debtors have failed to establish that Mr.

Turner 's claim is within the definition (i) and (ii) "determination" the Debtors' have set up to

seek to strike the claim of Mr. Turner  and the other creditors involved in the Omnibus

Objections.  Since the Debtors' (i) and (ii) premises for Mr. Turner 's inclusion in the Omnibus

Objections are not factually true, the Debtors' motion brought pursuant to 11 USC 502 must

fail.  The New GM does <u>not</u> recognize the retirement offer agreement.   Mr. Turner 's became

fully vested years before the Commencement Date.


**WHEREFORE,** Respondent David W. Turner demands the following relief in

consequence of his response and objections to the  Debtors' 168th, 182nd and 184th Omnibus

Objections to Claims:


A.    The 168th, 182nd and 184th Omnibus Objections, and any and all other

objections to his four Proofs of Claim, be denied as to him with prejudice against the Debtors.


B.    An order be entered immediately which reinstates all lifetime GM paid health,

salary-rate life insurance benefits, supplemental life insurance benefits, and SERP which were

reduced or terminated.


C.    The Debtors pay all attorney fees paid or incurred on his behalf to correct the

unlawful termination or reduction of his benefits and for any and all related costs, fees and

expenses.

D.    For such other and further relief as is just or appropriate.


/s/ Samuel J. Behringer, Jr.

**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**Telephone: (313) 885-1948**
**Facsimile: (313) 886-6443**
**April 26, 2011**


**Attorney for David W. Turner**
**168th Omnibus Objection Respondent #27063**
**182nd Omnibus Objection Respondent #27065 & 27066**
**184th Omnibus Objection Respondent #27064**


## EXHIBIT LIST

1.    GM Retirement Process.


2.    GM National Retiree Servicing Center - Life Insurance Coverage Summary,
       Dated November 6, 1995.


3.    Supplemental Executive Retirement Program (SERP) Authorization of SERP
       Benefit with Surviving Spouse Coverage, Dated November 6, 1995.


4.    GM National Retiree Servicing Center letter, Dated December 4, 1995.



# Road Map to Retirement

| STEP | ESTIMATED TIME | WHAT YOU NEED TO DO |
|---|---|---|
| 1. You may want to consider calling Social Security for information on applying for Social Security and Medicare benefits when eligible. | ▸ Prior to your retirement date | ▸ Call 1-800-772-1213 or visit the Web site at **www.ssa.gov.** |
| 2. Start the Retirement Process. | ▸ 60 to 90 calendar days prior to your retirement date | ▸ Call the GM Benefits & Services Center at 1-800-489-4646 to confirm eligibility and to initiate the retirement process. |
| 3. If eligible, advise the Customer Service Associate at the GM Benefits & Services Center that you would like to start receiving your benefit payments. | ▸ Preferably 45 calendar days prior to your effective retirement date | ▸ If you are ready to make your elections, the Customer Service Associate at the GM Benefits & Services Center will take your elections during your initial phone call.<br>▸ Your initial elections are not final until you receive your Benefit Modeling Statement and re-affirm your elections by signing and returning the Pension Election Confirmation Statement. |
| 4. A Benefit Modeling Statement that includes your personal benefit estimate and a Pension Election Confirmation Statement that reflects your initial pension elections will be mailed. These statements will detail the amount of your benefit payments, as well as any deductions you may have elected. | ▸ Within 3-5 business days* of your initial call<br>*Assuming the GM Benefits & Services Center has all necessary participant data | ▸ Review the Benefit Modeling Statement carefully.<br>▸ Review and re-affirm your elections on the Pension Election Confirmation Statement.<br>▸ Return all forms and supporting documentation to the GM Benefits & Services Center.<br>▸ *BE SURE THAT YOU SIGN AND DATE ALL FORMS.*<br>▸ Receipt of incomplete forms may delay your first pension check. |
| 5. If you are eligible for GM health care and insurance in retirement, a Personal Fact Sheet that shows your health care and insurance options will be mailed to you. | ▸ Within the next 10 business days of your initial call | ▸ Review the health care and insurance coverage(s) available in retirement.<br>▸ If you do not want to make any changes, no action is necessary.<br>▸ If you want or need to make a change, call the GM Benefits & Services Center. |
| 6. The GM Benefits & Services Center processes your Pension Election Confirmation Statement. | ▸ 30 calendar days prior to retirement | ▸ Call the GM Benefits & Services Center if you have questions. |
| 7. The GM Benefits & Services Center sends your final statement, called your Retirement Confirmation Statement. This statement details the amount of your benefit payments, as well as any deductions you may have elected. | | |
| 8. You will receive your first check on or around your retirement effective date. | ▸ Retirement commencement date | ▸ Relax and ENJOY! |
| 9. A Retiree Health Care and life insurance kit will be mailed to you. | | |

EXHIBIT

3.GM-I-602C.100

| | | |
|---|---|---|
| ...you need to make a change to your ...not already done so, you must elect your new plans. | ► Within 31 ... days after your retirement | ► If you enroll before or within 31 days of your retirement, your health care coverage will be effective on the date of your retirement ensuring that you will have continuous coverage.<br>► If you defer your enrollment to a later date, your effective date of coverage will be the day you enroll with the GM Benefits & Services Center.<br>► At this time, you may want to review your beneficiary designations. Visit gmbenefits.com to ensure that your beneficiaries are up to date.<br>*Health Care Enrollment Deadline: No later than 31 days after your retirement.* |
| 11. You will receive a confirmation of your health care and life insurance elections.<br><br>12. If you elect new health care plans, new member ID cards will be issued by your carriers. | ► Within 3 to 5 business days of your call | ► Review your confirmation statement.<br>► Call the GM Benefits & Services Center if you have questions. |
| 13. You may change your health care benefits if you experience life event changes. Life event changes may include:<br><br>• Marriage<br>• Divorce or legal separation<br>• Birth, adoption or placement for adoption<br>• Dropping a dependent child who is no longer an eligible dependent<br>• Death of a dependent<br>• A significant change in your spouse's health care coverage that is attributable to your spouse's employment<br><br>You may change your life insurance coverage at any time.<br>14. You may change the Direct Deposit information regarding your Retirement/Pension payments.<br>15. You may change tax withholding elections regarding your benefit payments.<br>16. A change in your marital status may affect the payment option you elected at retirement. The Notice Relating to Survivor Coverage included in this package describes in detail the effect a marital status change could have on your pension benefit. | ► Any time after retirement | ► Call the GM Benefits & Services Center.<br><br>**GM BENEFITS & SERVICES CENTER:**<br>www.gmbenefits.com  1-800-489-4646<br>Monday through Friday between<br>7:30 a.m. and 6:00 p.m., Eastern Time zone<br><br>**For Overseas Calls:**<br>Dial AT&T Direct® access number, then enter 877-833-9900<br><br>**TTY Service for Hearing or Speech Impaired:**<br>1-877-347-5225 |

**IMPORTANT NOTICE to GMAC, MIC, GMAC Automotive Bank and Semperian employees:** When the sale of a majority interest in GMAC LLC was completed, you automatically became a participant in GMAC LLC sponsored benefit plans and no longer participate in GM sponsored benefit plans. Due to administrative complexities, during a transition period currently anticipated to end by January 1, 2008, you may receive benefits information which contains references to post-employment health care and life insurance coverages. Effective December 1, 2006, GMAC LLC does not provide any post-employment health care or life insurance coverages for retirees or for the surviving spouses of retirees. These coverages are only applicable to those GMAC, MIC, GMAC Automotive Bank and Semperian employees who, as of the sale date, were eligible for GM company contributions towards health care and life insurance in retirement. These benefits will be provided by GM upon such employee's retirement subject to the plan terms in effect at that time. As such, although certain portions of your benefits information may continue to reference GM sponsored benefit plans and/or will contain a GM logo, notwithstanding such references or logos, as a participant in GMAC LLC sponsored benefit plans, all GMAC LLC terms and conditions apply. In addition, no such reference gives any GMAC LLC employee rights to any GM-sponsored benefits after the sale, unless otherwise specified, nor does it establish an employment relationship with GM.

3.GM-I-602C.100

04/27/2011 08:39 864647B        LCOR        PAGE 02
09-50026-mg    Doc 10148    Filed 05/02/11    Entered 05/02/11 16:45:03    Main Document
Pg 23 of 28

## GM NATIONAL RETIREE SERVICING CENTER
## LIFE INSURANCE COVERAGES

November 6, 1995

**NAME:** David W. Turner
**SOCIAL SECURITY NUMBER:** 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
**CISCO:** 66001
**ESTIMATED RETIREMENT:** December 1, 1995
**YEARS OF PARTICIPATION:** 43 years 11 months
**YEARS OF CREDITED SERVICE:** 44 years
**CURRENT BASE INSURANCE RATE:** 9499.98

| | | |
|---|---|---|
| BASIC GROUP LIFE INSURANCE | | $228,000.00 |
| ULTIMATE AMOUNT | | |
| POLICY #14000-G | | $150,480.00 |
| | | |
| OPTIONAL LIFE INSURANCE | | $ na |
| POLICY NUMBER #23600-G | | |
| | | |
| DEPENDENT LIFE INSURANCE | SPOUSE | $ 25,000.00 |
| POLICY #23950-G | CHILD | $ na |
| | | |
| SUPPLEMENTAL GROUP LIFE INSURANCE | | $ na |
| POLICY #24390-G | | |
| | | |
| SUPPLEMENTAL LIFE BENEFITS PROGRAM | | $342,000.00 |
| | | |
| PERSONAL UMBRELLA LIABILITY INSURANCE | | $5 million |
| | | |
| PERSONAL ACCIDENT INSURANCE | EMPLOYEE | $200,000.00 |
| | SPOUSE | $100,000.00 |
| | CHILD | $ na |

*Policy # 30750 -G*  *DWT 11/10/09*

THE AMOUNTS SHOWN ABOVE ARE ESTIMATES BASED ON YEARS OF PARTICIPATION, CREDITED SERVICE AND BASE INSURANCE RATE AS OF THE DATE OF THIS DOCUMENT. THESE AMOUNTS MAY CHANGE BECAUSE YOU ACCUMULATE ADDITIONAL YEARS OF PARTICIPATION OR CREDITED SERVICE AND/OR MAY HAVE A BASE INSURANCE RATE CHANGE.

ALL INFORMATION PROVIDED IN THIS LETTER IS SUBJECT TO THE TERMS AND CONDITIONS OF THE APPLICABLE GROUP POLICIES OR PROGRAM. THESE POLICIES ARE TERM INSURANCE AND HAVE NO CASH VALUE.

kwg
L17PRE-S



EXHIBIT

Z

### SUPPLEMENTAL EXECUTIVE RETIREMENT PROGRAM (SERP)
### AUTHORIZATION OF SERP BENEFIT WITH SURVIVING SPOUSE COVERAGE

| | | | | |
|---|---|---|---|---|
| Retiree Name: | DAVID W TURNER | Average Monthly Base Salary | | $ 8,649.98 |
| Retirement Number: | R398220861 | Average Monthly Incentive Compensation* | | $ 4,316.67 |
| Retiree SS Number: | 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 | | | |
| CISCO Code: | 66001 | Part A Credited Service | | |
| | | (Age 65 Social Security Benefit) | | 44 |
| Retirement Date: | 12-01-1995 | Part B Credited Service | | 1055.12 |
| Last Day Worked: | 11-30-1995 | Part B Credited Service Used for Alternative Formula | | 44 |
| Retirement Type Code: | 63 | | | 35 |
| | | | | |
| Retiree Date of Birth: | 11-17-1933 | Part A Basic Benefit (At Age 62) | | $ 1,461.61 |
| Age At Retirement: | 62 | Part B Supplementary Benefit (At Age 62) | | $ 2,133.88 |
| | | Part B Primary Benefit (At Age 62) | | $ 1,433.15 |
| Spouse Name: | DIANE TURNER | SRP Surviving Spouse Reduction Factor | | 95.00% |
| Social Security Number: | 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 | SRP Age 62 Benefits Without Surviving Spouse Reduction | | $ 5,314.57 |
| Date of Birth: | 08-31-1938 | | | |
| | | SRP Age Factor | | 100.00% |
| | | SERP  Age Factor | | 100.00% |
| | | Reduction Factor for Surviving Spouse Coverage | | 95.00% |
| | | Additional Part B Medicare Reimbursement Benefit | | 46.10 |
| | | Unreduced Temporary Benefit | | 0.00 |
| | | Other GM-Provided Benefits | | 0.00 |
| | | Unreduced SRP Benefit At Commencement Date | | $5,048.84 |

*Included only those cases where executive retires after having attained the required eligibility age for ARernative SERP formula.

| REGULAR FORMULA | | ALTERNATIVE FORMULA | |
|---|---|---|---|
| Average Monthly Base Salary | $ 8,649.98 | Average Monthly Base Salary | $ 8,649.98 |
| | | +Average Monthly Incentive Compensation | $ 4,316.67 |
| X 2% | 2% | Average Monthly Total Compensation | $ 12,966.65 |
| | | X 1.5% | 1.50% |
| X Credited Service Used to Determine | 172.9998 | | |
| Part B Supplementary Benefit | | X Credited Service Used To Determine Part B | 194.4998 |
| | 44 | Supplementary Benefit (35 year maximum) | |
| | | | 35 |
| Target Regular SERP Benefit | $ 7,611.98 | Target Alternative SERP Benefit | $ 6,807.49 |
| -Age 65 Social Security Benefit | 1055.12 | | |
| (Age 65 SS Benefit X 2% X Part A Credited Service) | | -100% of Age 65 Social Security Benefit | $ 1,199.00 |
| Target SERP Less Social Security | $ 6,556.86 | Target Alternative SERP Benefit Less Social Security | $ 5,608.49 |
| -Total SRP Benefits | $ 5,314.57 | -Total SRP Benefits | $ 5,314.57 |
| Unreduced Regular SERP Benefit | $1,242.29 | Unreduced Alternative SERP Benefit | $293.92 |
| X Retiree's Age Factor (if Any) | 100.00% | X Retiree's Age Factor (if Any) | 100.00% |
| Regular SERP Benefit Reduced for Age | $1,242.29 | Alternative SERP Benefit Reduced for Age | $ 293.92 |
| X Retiree Reduction Factor for | | X Retiree Reduction Factor for | |
| Surviving Spouse Coverage | 95.00% | Surviving Spouse Coverage | 95.00% |
| Regular SERP Payable at Age 62 and One Month (Age 65 if EDB Payable) | $1,180.18 | Alternative SERP Payable at Age 62 and One Month (Age 65 if EDB Payable) | $ 279.22 |
| -Unreduced Temporary Benefit (If Applicable) | 0.00 | -Unreduced Temporary Benefit (If Applicable) | 0.00 |
| - All Other GM-Provided Benefits (If Applicable; e.g., EDB) | 0.00 | - All Other GM-Provided Benefits (If Applicable; e.g., EDB) | 0.00 |
| Regular SERP Payable Prior to Age 62 and One Month (Age 65 if EDB Payable) | $ 1,180.18 | Alternative SERP Payable at Age 62 and One Month (Age 65 if EDB Payable) | $ 279.22 |
| Monthly Cost of Surviving Spouse Coverage | $ 62.11 | Monthly Cost of Surviving Spouse Coverage | 14.70 |

| SURVIVOR INFORMATION: | | SURVIVOR INFORMATION: | |
|---|---|---|---|
| Regular SERP Payable to Age 60 and One Month | $ 1,180.18 | Alternative SERP Benefit Payable at Age 62 and One Month | $ 279.22 |
| X Survivor Coverage Factor | 60% | X Survivor Coverage Factor | 60% |
| Surviving Spouse Regular SERP Payable | $ 708.11 | Surviving Spouse Alternative SERP Payable | $ 167.53 |

MEMOS:
(1) AGE 65 SS FOR 1995 IS $1199.00
(2) THE SERP BENEFIT PAYABLE AT AGE 62 AND ONE MONTH EQUALS THE LARGER OF THE TWO SERP BENEFITS AS CALCULATED UNDER THE REGULAR
    FORMULA OR THE ALTERNATIVE FORMULA (IF APPLICABLE).

11/8/95

EXHIBIT

3

**GM NATIONAL RETIREE SERVICING CENTER**
NAO PERSONNEL Administration
P.O. Box 5113
Southfield, Michigan 48086-5113
1-800-828-9236
TDD 1-800-872-8682

December 04, 1995

David W Turner
2210 Kerri Lynn Lane
Kokomo, IN 46902-7410

Dear David W Turner,

As a retiree of General Motors with 10 or more years of participation in the Life and Disability Benefits Program, you are eligible for Continuing Life insurance.

Our insurance records, as of the date of this letter, show the Continuing Life insurance has now fully reduced to the ultimate amount of $150,480.00. This ultimate amount will remain in effect for the rest of your life and is provided by General Motors at no cost to you.

**IMPORTANT:   YOU   SHOULD   KEEP   THIS   NOTICE   WITH   YOUR   OTHER   VALUABLE   PAPERS.**

If you have any questions regarding this letter, you may call toll-free, 1-800-828-9236 (Telephone Device for the Deaf 1-800-872-8682), during normal business hours, or write to the address above.

Always include this Social Security number, 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, in all your correspondence.

**Retiree Servicing Center**

UA01

EXHIBIT

4

**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**Telephone: (313) 885-1948**
**Facsimile: (313) 886-6443**
**April 27, 2011**


**Attorney for David W. Turner**
**168th Omnibus Objection Respondent #27063**
**182nd Omnibus Objection Respondent #27065 & 27066**
**184th Omnibus Objection Respondent #27064**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                    :

In Re                             :        Chapter 11 Case
                                      :

**MOTORS LIQUIDATION COMPANY**, et al., :        09-50026 (REG)
     f/k/a General Motors Corp., et al.    :
                                      :

            Debtors.          :        (Jointly Administered)
                                      :
---------------------------------------------------------------x


### CERTIFICATE OF SERVICE RE:
### DAVID W. TURNER'S FIRST RESTATED RESPONSE AND OBJECTIONS
### TO DEBTORS' 168th, 182nd & 184th OMNIBUS OBJECTION TO CLAIMS

On behalf of David W. Turner, 168th Omnibus Objection Respondent #27063,

182nd Omnibus Objection Respondent #27065 & 27066, and 184th Omnibus Objection

Respondent #27064, his undersigned attorney hereby states that copies of the *David W.*

*Turner's First Restated Response and Objection to Debtors' 168th, 182nd, and 184th*

*Omnibus Objection to Claims* were mailed via First Class USPS mail on Wednesday,

April 27, 2011 to:

Hon. Robert E. Gerber
U.S. Bankruptcy Court
One Bowling Green
New York, NY 10004-1408


Harvey R. Miller, Esq.
Stephan Karotkin, Esq.
Joseph H. Smolinsky, Esq.
Weil, Gotshal and Manges LLP
767 Fifth Avenue
New York, NY 10153

Ted Stinger, Esq.
Motors Liquidation Co
500 Renaissance Center, Suite 1400
Detroit, MI 48243

Lawrence S. Buonomo, Esq.
General Motors, LLC
400 Renaissance Center
Detroit, MI 48265

John J. Rapisardi, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Jospeh Samarias
U.S. Department of Treasury
1500 Pennsylvania Avenue N.W., Room 2312
Washington, DC 20220

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
Vedder Price PC
1633 Broadway, 47 Floor
New York, NY 10019

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
Kramer Lewis Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

Tracy Hope Davis, Esq.
Office of the U.S. Trustee
33 Whitehall Street, 21stFloor
New York, NY 10004

David S. Jones, Esq.
Natalie Kuehler, Esq.
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Trevor W. Sweet, Esq.
Kevin C. Maclay, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, DC 20005

Sander L. Esserman, Esq.
Robert T. Brousseau, Esq.
Stutzman, Bromberg, Esserman & Plifka
2323 Bryant Street, Suite 2200
Dallas, TX 75201

/s/ Samuel J. Behringer, Jr.

**Samuel J. Behringer, Jr.**
**Attorney at Law**
**333 McKinley Avenue**
**Grosse Pointe Farms, MI 48236-3420**
**April 27, 2011**
**Telephone: (313) 885-1948**
**Facsimile: (313) 886-6443**