Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Post-Effective Date Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                           :   **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.***,**    :   **09-50026 (REG)**
  **f/k/a General Motors Corp.,** *et al.*      :
:
                              Debtors.          :   **(Jointly Administered)**
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER BETWEEN THE POST-EFFECTIVE DATE
DEBTORS AND DAVID IRWIN PROVIDING FOR LIMITED
<u>MODIFICATION OF THE AUTOMATIC STAY</u>**

Motors Liquidation Company (f/k/a General Motors Corporation) ("**MLC**") and its

affiliated debtors, as post-effective date debtors (collectively, the "**Debtors**") on the one hand,

and David Irwin, on the other hand ("**Irwin**" and collectively with the Debtors, the "**Parties**"),

by and through their respective undersigned counsel, hereby enter into this Stipulation and

Agreed Order (this "**Stipulation and Order**") and stipulate as follows:

## RECITALS

A. On June 1, 2009 (the "**Commencement Date**"), MLC, and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

B. Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate (the "**Automatic Stay**").

C. On March 11, 2011, Irwin filed the *Motion of David Irwin for Relief From the Automatic Stay To Conduct Limited Intrusive Testing of Debtors' Property* (the "**Motion**") (ECF No. 9770), seeking relief from the automatic stay to conduct certain testing on a Saab automobile bearing Vehicle Identification Number YS3FB49YX81115773 (the "**Vehicle**") believed to be owned by the Debtors, which requested relief is more fully set forth in the Motion;

D. On March 28, 2011, the Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941) (the "**Confirmation Order**").  Among other things, the Confirmation Order confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**") and enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust Administrator[1], or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan (the "**Plan Injunction**").  (Confirmation Order ¶ 54.)

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Plan.

E.  The Parties seek to resolve the Motion by entering into this Stipulation and Order.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

**STIPULATION AND ORDER**

1.  Upon entry of an order of the Court approving this Stipulation and Order, the Automatic Stay and the Plan Injunction shall be modified solely to the extent necessary to permit the Debtors, Irwin, M&M Auto, their respective insurers, and any of their designated agents (collectively, the "**Testing Parties**") access to the Vehicle to conduct testing pursuant to a protocol that sets forth the parameters and scope of the testing and has been agreed to by Irwin and the Debtors (the "**Agreed Testing**").  Subject to paragraph 7 hereof, to the extent that the Vehicle is still located at Front Range Automotive and owned by the Debtors and/or ESIS, the Debtors agree to instruct Front Range Automotive and/or ESIS, as necessary, to make the vehicle available to the Testing Parties to perform the Agreed Testing.

2.  Irwin or his representatives will work with the Debtors, through their counsel, to arrange a mutually convenient date, time, and location for the Agreed Testing.

3.  Upon the Parties' execution of this Stipulation and Order, the Motion is deemed resolved.

4.  Except as provided in Paragraph 1 above, the provisions of the Automatic Stay, the Plan Injunction, or any provision or injunction created in connection with confirmation of the Plan and the order confirming the Plan, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors, the GUC Trust, and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

5. Nothing contained herein shall be deemed or construed as an admission of liability by the Debtors or the GUC Trust with respect to any claims filed by Irwin against the Debtors, and the Debtors and the GUC Trust reserve their rights to assert any and all defenses to any such claims.

6. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Order, and they have not relied upon any representations, written or oral, express or implied, of any other person in verifying and satisfying themselves as to such facts and/or conditions of facts.

7. The Debtors make no representation or warranty as to the location, ownership, or control of the Vehicle.

8. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, if any ambiguity exists herein, no inferences shall be drawn against or in favor of any of the Parties on the basis of the authorship of this Stipulation.

9. The Parties each hereby expressly represent and warrant that they have the requisite power, authority (including having obtained all approvals and consents necessary), and legal capacity to enter into and execute this Stipulation.

10. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall be effective or bind any of the Parties unless such modification, amendment, or waiver is (i) in writing, (ii) executed by a duly authorized representative of the party against whom it is sought to be enforced, and (iii) approved by the Court.

11. The Court shall retain exclusive jurisdiction over any disputes arising from or related to this Stipulation.

12. This Stipulation shall be binding on the Parties from the date of its execution, but

is expressly contingent upon its approval by the Court. If the Court does not approve this Stipulation, this Stipulation shall be null and void in its entirety.

Dated: May 3, 2011
       New York, New York

| **LOWENSTEIN SANDLER PC** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| By: */s/ Sharon L. Levine* | By: */s/ Joseph H. Smolinsky* |
|     Sharon L. Levine, Esq. |     Harvey R. Miller |
|     S. Jason Teele, Esq. |     Stephen Karotkin |
|     Andrew David Behlmann, Esq. |     Joseph H. Smolinsky |
|     1251 Avenue of the Americas |     Weil, Gotshal & Manges LLP |
|     New York, New York 10020 |     767 Fifth Avenue |
| |     New York, New York 10153 |
|     Tel: 212-262-6700 |     Telephone: (212) 310-8000 |
|     Fax: 973-597-2333 | |
| *Counsel to David Irwin* | *Attorneys for Debtors and Post-Effective Date Debtors* |

**SO ORDERED** this 3rd day of May, 2011

                                             */s/ Robert E. Gerber*
                                          UNITED STATES BANKRUPTCY JUDE