UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
MOTORS LIQUIDATION COMPANY, *et al.*,                       :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                    :
                                                            :
                              Debtors.                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND FED. R. CIV. P. RULE 23
APPROVING AGREEMENT RESOLVING PROOF OF CLAIM NO. 51095 AND
IMPLEMENTING MODIFIED DEX-COOL CLASS SETTLEMENT**

Upon the Motion, dated March 24, 2011 (the "**Motion**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 23, for entry of an order approving the Agreement Resolving Proof of Claim No. 51095 and Implementing Modified Dex-Cool Class Settlement (the **"Agreement"**), attached to the Motion as **Exhibit "A,"** implementing a settlement between the Debtors and class action plaintiffs (the "**Dex-Cool Plaintiffs**"), on behalf of themselves and all others similarly situated (collectively, the "**Dex-Cool Class**") as more fully set forth in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided to any party; and the Court having found and determined that (i) the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; (ii) the Agreement is fair, reasonable, adequate, and in the best interest of the Dex-Cool Class considering the complexity, expense,

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and likely duration of the Dex-Cool Class Action litigation; the reaction of the Dex-Cool Class to the proposed settlement; the stage of the proceedings and the amount of discovery completed; the risk of establishing liability and damages and maintaining the class through trial; the ability of the Debtors to withstand a greater judgment; and the range of reasonableness of the settlement in light of the best possible recovery and all the attendant risks of litigation; (iii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; (iv) the settlement and compromise embodied in the Agreement is within the range of reasonableness; (v) the Agreement was not the product of collusion between the parties and their respective counsel, but was the result of bona fide, good faith, arms-length negotiations between experienced counsel after sufficient discovery was obtained; (vi) and the Notice of Settlement previously provided to the Dex-Cool Class was adequate and satisfied the Federal Rules of Civil Procedure and no additional notice of the Agreement is required; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors' entry into the Agreement is in the best interests of the Debtors and their estates; and it is further

ORDERED that the Debtors' entry into the Agreement is authorized, ratified, and directed; and it is further

ORDERED that the Court will apply Rule 7023 of the Federal Rules of Bankruptcy Procedure solely for the purposes of settlement in granting the Motion; and it is further

ORDERED that the Court adopts the California and Missouri Courts' certification of the Dex-Cool Class solely for the purposes of settlement; and it is further

E:\ORDER RE POC 51095 AND IMPLEMENTING MODIFIED DEX-COOL CLASS SETTLEMENT\ORDER ON CLAIM 51095 AND DEX-COOL 9019 43666262.DOC

2

ORDERED that the Resubmitting Participating Class Members shall be awarded an allowed general unsecured claim in the amount of $2,205,570.00 (the "**Total Allowed Unsecured Claim**") and it is hereby determined that such amount is fair and reasonable; and it is further

ORDERED that the Claim and the Dex-Cool Proof of Claim shall be superseded and replaced by the Total Allowed Unsecured Claim; and it is further

ORDERED that Co-Lead Class Counsel is specifically authorized and directed to administer the proceeds resulting from the Total Allowed Unsecured Claim and otherwise make *pro rata* distributions of the cash proceeds to the Resubmitting Participating Class Members in accordance with the Agreement and as follows:

(i) Co-Lead Class Counsel is authorized to (i) sell, transfer, assign, and/or otherwise monetize the Total Allowed Unsecured Claim, either individually or through a broker, and/or (ii) monetize any shares, warrants, options, or other property received from Debtors as part of any chapter 11 plan in any commercially reasonable manner;

(ii) Cash distributions to Resubmitting Participating Class Members will be made on a *pro rata* basis from cash proceeds resulting from the Total Allowed Unsecured Claim and will be allocated in accordance with the Agreement and the Plan of Allocation contained therein; and it is further

ORDERED that no further notice of (i) the Agreement, (ii) Co-Lead Class Counsels' and the Debtors' entry into the Agreement, or (iii) the representative plaintiffs' entry into the Agreement on behalf of the Dex-Cool Class is required; and it is further

ORDERED that upon entry of this Order, all terms and conditions of the Agreement shall become effective; and it is further

E:\ORDER RE POC 51095 AND IMPLEMENTING MODIFIED DEX-COOL CLASS SETTLEMENT\ORDER ON CLAIM 51095 AND DEX-COOL 9019 43666262.DOC

3

ORDERED that to the extent any conflict exists between the terms and conditions of the Agreement and this Order, this Order shall control; and it is further

ORDERED that no member of the Dex-Cool Class shall have any claim against the Debtors or Debtors' Counsel based on implementation of the Agreement or distributions made from cash proceeds resulting from the Total Allowed Unsecured Claim; and it is further

ORDERED that Co-Lead Class Counsel shall be solely responsible for costs associated with administration and implementation of the Agreement and distribution of the cash proceeds resulting from the Total Allowed Unsecured Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  New York, New York
        May 3, 2011

                                              */s/ Robert E. Gerber*
                                              United States Bankruptcy Judge

E:\ORDER RE POC 51095 AND IMPLENTING MODIFIED DEX-COOL CLASS SETTLEMENT\ORDER ON CLAIM 51095 AND DEX-COOL 9019 43666262.DOC

4