04-30-11

United States Bankruptcy Court

Southern District Of New York

In re: Motors Liquidation Company aka General Motors Corp.

Chapter 11 Case No. 09-50026 ( REG)

Honorable Robert E. Gerber, United States Bankruptcy Judge

Room 621 One Bowling Green

New York, New York 10004-1408

Dear Honorable Judge Robert E. Gerber,

I write to you to object to the proposed " confirmation agreement " and ask that you address the issue of Delphi Salaried Retirees who should be considered General Motors Retirees in view of 30 years of employment with GM before being called Delphi employees in an attempt to relieve GM of obligations accrued during said years of employment.

I hired in at General Motors Corporation on May 28, 1969 at the Delco Remy Division in Anderson Indiana. I worked continuously as a General Motors employee until May 28, 1999 when I was then called a Delphi employee. I did not quit General Motors but continued to work in the same General Motors owned facilities in Anderson Indiana under the Delphi name until January 1, 2008 when I was forced to retire. It really did not matter to me that I was called a Delphi Salaried Retiree rather than a General Motors Salaried Retiree ( which I consider myself to be ) until April 1 2009 when I began being treated remarkably different. Specifically, I am now being charged substantially more for my Health Care just because someone wants to call me a Delphi Salaried Retiree instead of a General Motors Retiree. This treatment is not right. I worked loyally for nearly 39 years for General Motors and Delphi with 30 of those years as a GM employee and 9 years as a Delphi employee. I worked 30 years for GM and I expect to receive the "vested" benefits for the years I worked for GM. I only ask for fair treatment for a person who loyally and faithfully worked for the company. In view of the recent testimony at the SEC vs JT Battenburg trial there can be no doubt that the Delphi "spinoff" was just a charade created by General Motors.

There can be no doubt that I should be treated exactly like any other General Motors Salaried Retiree.

I ask that you review this situation and use your wisdom as an Honorable Judge to impel General Motors to submit a plan that addresses the Delphi Salaried Retirees. If you do not believe a great injustice has occurred then you will ignore my request. I believe you will use your wisdom to right a terrible wrong. There can be no "final settlement" until the Delphi Salaried Retiree situation has been fairly administered.

Claim amount is currently $35969 but continues to grow each month until rectified.

Respectfully submitted

Stanley D Smith

608 N 13th Street

Middletown IN 47356

Cc: Weil Gotshal&Manges LLP    767 Fifth Ave New York, New York 10153

OBJECTION

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
In re                                              :     **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,          :     **09-50026 (REG)**
f/k/a General Motors Corp., *et al.*               :
:
Debtors.                           :     (Jointly Administered)
:
----------------------------------------------------------x

### NOTICE OF (I) ENTRY OF ORDER CONFIRMING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN AND (II) OCCURRENCE OF EFFECTIVE DATE

**TO ALL CREDITORS, EQUITY INTEREST HOLDERS,**
**AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that an order (the "**Confirmation Order**") (ECF No. 9941) confirming the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011 (ECF No. 9836) (the "**Plan**"), of Motors Liquidation Company and its affiliated debtors (collectively, the "**Debtors**"), was signed by the Honorable Robert E. Gerber, United States Bankruptcy Judge, and entered by the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on March 29, 2011.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order is available for inspection during regular business hours in the office of the Clerk of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004. The Confirmation Order is also available for registered users of the Bankruptcy Court's filing system by accessing the Bankruptcy Court's website (www.nysb.uscourts.gov) and for all parties at www.motorsliquidationdocket.com.

PLEASE TAKE FURTHER NOTICE that the Plan and its provisions are binding on the Debtors, Post-Effective Date Motors Liquidation Company, the GUC Trust Administrator,[1] the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against or equity interest in the Debtors, including all governmental entities, whether or not the claim or equity interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan (as defined in the Plan) occurred on March 31, 2011 and, as a result, the Plan has been substantially consummated.

PLEASE TAKE FURTHER NOTICE that all proofs of claim arising from the rejection of executory contracts or unexpired leases pursuant to the Plan must be filed with the Bankruptcy Court and served upon the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, at the addresses set forth in the Confirmation Order, on or before May 30, 2011. Any claims arising from the rejection of an executory contract or unexpired lease for which a proof of claim has not been filed by such date shall be forever barred and shall not be enforceable against the Debtors, the GUC Trust Administrator, the Asbestos Trust Administrator, the Environmental Response Trust Administrative Trustee, and the Avoidance Action Trust Administrator, or any property to be distributed under the Plan, the GUC Trust, the Asbestos Trust, the Environmental Response Trust, and the Avoidance Action Trust, unless otherwise ordered by the Bankruptcy Court or provided in the Plan.

Dated: New York, New York
April 11, 2011

WEIL, GOTSHAL & MANGES LLP
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Plan.